## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 6:12-CV-499** |
| | § | |
| **TEXAS INSTRUMENTS INCORPORATED, ET AL.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **Defendant.** | § | |

---

### DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S
### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
### TO PLAINTIFF BLUE SPIKE, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

---

Defendant Texas Instruments Incorporated ("TI") hereby files this Answer, Affirmative Defenses and Counterclaims to Plaintiff Blue Spike, LLC's ("Blue Spike" or "Plaintiff") Original Complaint for Patent Infringement as follows:

### NATURE OF THE ACTION

1.      TI admits that the Complaint includes a claim of patent infringement that arises under the patent laws of Title 35 of the United States Code.

### THE PARTIES

2.      TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies them.

3.      TI admits to the allegations contained within paragraph 3.

---

**JURISDICTION AND VENUE**

4.     TI admits that the Complaint includes a claim of patent infringement that arises under the laws of the United States, 35 U.S.C. § 101 *et seq*  and that this Court has subject matter jurisdiction over this action.

5.     TI admits that this Court has personal jurisdiction over TI, but denies that TI committed acts of patent infringement and contributed to and induced acts of patent infringement by others.  TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies them.

6.     TI admits that venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), but denies that TI has committed acts of infringement.  TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies them.

**FACTUAL BACKGROUND**

**A.  Moskowitz's History**

7.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies them.

8.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies them.

9.      TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

10.      TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies them.

11.      TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies them.

12.      TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies them.

13.      TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies them.

14.      TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies them.

15.      TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies them.

16.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies them.

17.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies them.

18.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies them.

19.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies them.

20.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies them.

**B.  Patents-In-Suit**

21.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies them.

22.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies them.

23.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies them.

24.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies them.

25.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies them.

26.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies them.

## C.  Accused Products And Services

27.     TI admits that it makes, uses, offers for sale, and/or imports TMS320C5515 Fingerprint Development Kits, but TI denies that it has committed acts of infringement.  TI denies the remaining allegations contained in paragraph 27.

28.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies them.

29.     TI denies the allegations contained within paragraph 29.

30.     TI denies the allegations contained within paragraph 30.

**COUNT 1:**
**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

31.     TI repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 30 above.

32.     TI admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals."   TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and therefore denies them.

33.     TI admits that, on its face, Exhibit A appears to be United States Patent No. 8,214,175 ("the '175 Patent"), issued on July 3, 2012.   TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies them.

34.     TI denies the allegations contained in paragraph 34 and denies that it has infringed and continues to infringe one or more claims of the '175 Patent, directly, contributorily, and/or by inducement.

35.     TI denies the allegations contained in paragraph 35 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '175 Patent.

36.     TI denies the allegations contained in paragraph 36 and denies that Blue Spike has been damaged by any acts of TI.  TI further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining TI from committing infringing acts.

37.     TI denies the allegations contained in paragraph 37 and denies that it infringes any claims of the '175 Patent, directly, contributorily, and/or by inducement.

38.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies them.

**COUNT 2:**
**INFRINGEMENT OF U.S. PATENT NO. 7,949,494**

39.     TI repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 39 above.

40.     TI admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals."   TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore denies them.

41.     TI admits that, on its face, Exhibit B appears to be United States Patent No. 7,949,494 ("the '494 patent"), issued on March 24, 2011.  TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42.     TI denies the allegations contained in paragraph 42 and denies that it has infringed and continues to infringe one or more claims of the '494 Patent, directly, contributorily, and/or by inducement.

43.     TI denies the allegations contained in paragraph 43 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '494 Patent.

44.     TI denies the allegations contained in paragraph 44 and denies that Blue Spike has been damaged by any acts of TI.  TI further denies that it has committed or will

commit any infringing acts and denies the necessity of the Court's restraining TI from committing infringing acts.

45.     TI denies the allegations contained in paragraph 45 and denies that it infringes any of the claims of the '494 Patent, directly, contributorily, and/or by inducement.

46.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies them.

**COUNT 3:**
**INFRINGEMENT OF U.S. PATENT NO. 7,660,700**

47.     TI repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 46 above.

48.     TI admits that, on its face, United States Patent No. 7,660,700 ("the '700 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals."  TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore denies them.

49.     TI admits that, on its face, Exhibit C appears to be United States Patent No. 7,660,700 ("the '700 patent"), issued on February 9, 2010.  TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49, and therefore denies them.

50.     TI denies the allegations contained in paragraph 50 and denies that it has infringed and continues to infringe one or more claims of the '700 Patent, directly, contributorily, and/or by inducement.

51.     TI denies the allegations contained in paragraph 51 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '700 Patent.

52.     TI denies the allegations contained in paragraph 52 and denies that Blue Spike has been damaged by any acts of TI.  TI further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining TI from committing infringing acts.

53.     TI denies the allegations contained in paragraph 53 and denies that it infringes any claims of the '700 Patent, directly, contributorily, and/or by inducement.

54.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies them.

## COUNT FOUR
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55.     TI repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 54 above.

56.     TI admits that, on its face, United States Patent No. 7,346,472 ("the '472 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals."   TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and therefore denies them.

57.     TI admits that, on its face, Exhibit D appears to be United States Patent No. 7,346,472 ("the '472 patent"), issued on March 18, 2008.  TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57, and therefore denies them.

58.     TI denies the allegations contained in paragraph 58 and denies that it has infringed and continues to infringe one or more claims of the '472 Patent, directly, contributorily, and/or by inducement.

59.     TI denies the allegations contained in paragraph 59 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '472 Patent.

60.     TI denies the allegations contained in paragraph 60 and denies that Blue Spike has been damaged by any acts of TI.  TI further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining TI from committing infringing acts.

61.     TI denies the allegations contained in paragraph 61 and denies that it infringes any claims of the '472 Patent, directly, contributorily, and/or by inducement.

62.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, therefore, denies them.

**PLAINTIFF'S PRAYER FOR RELIEF**

TI denies that Plaintiff is entitled to any of requested relief against TI.

**DEMAND FOR JURY TRIAL**

There are no allegations of fact contained in this paragraph and therefore no answer is required.

## AFFIRMATIVE DEFENSES

TI's Affirmative Defenses are provided below.  TI reserves the right to amend its Answer to add additional Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

63.     TI has not and does not directly or indirectly (such as by inducement or contributory infringement) infringe any of the claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit") either literally or under the Doctrine of Equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

64.     Each of the claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C § 1 *et seq.,* including, but not limited to §§ 100, 101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE
### (License, Patent Exhaustion)

65.     Blue Spike's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to TI or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

## COUNTERCLAIMS

TI asserts the following declaratory relief counterclaims against Blue Spike:

**PARTIES**

66.     Defendant and Counterclaimant Texas Instruments Incorporated ("TI") is a Delaware corporation having its principal place of business in Dallas, Texas.

67.     Upon information and belief, Blue Spike Innovations, LLC ("Blue Spike") is a Texas limited liability company having its principal place of business in Tyler, Texas.

**JURISDICTION AND VENUE**

68.     This Court has jurisdiction over TI's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201-2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a).  An actual, substantial, and continuing justiciable controversy exists between TI and Blue Spike based on Blue Spike having filed a Complaint against TI alleging infringement of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit"), with respect to which TI requires a declaration of its rights by this Court.  Specifically, the controversy concerns the invalidity and non-infringement of the patents-in-suit and the right of Blue Spike to maintain suit for alleged infringement of the patents-in-suit.

69.     The Court has personal jurisdiction over Blue Spike, inter alia, because Blue Spike has submitted to the personal jurisdiction of this Court by filing the Complaint here.

70.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400(b), inter alia, because Blue Spike has submitted to the venue of this Court by filing its Complaint here.

**FIRST COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)**

71.    TI has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the patents-in-suit, and has not otherwise committed any acts in violation of 35 U.S.C. §271.

72.    An actual controversy exists between TI and Blue Spike based on Blue Spike having filed its Complaint against TI alleging infringement the patents-in-suit.

73.    TI has been injured and damaged by Blue Spike filing its Complaint asserting a patent that TI does not infringe.

74.    TI therefore seeks a declaration that it has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, and valid and enforceable claim of the patents-in-suit.

75.    This is an exceptional case entitling TI to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY)**

76.    The patents-in-suit are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. §§ 100, 101, 102, 103 and 112.

77.    An actual controversy exists between TI and Blue Spike based on Blue Spike having filed its Complaint against TI alleging infringement the patents-in-suit.

78.    TI has been injured and damaged by Blue Spike filing its Complaint asserting an invalid patent.

79.    TI therefore seeks a declaration that the patents-in-suit are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 *et seq*

80.     This is an exceptional case entitling TI to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

81.     TI continues to investigate this matter and reserves the right to amend its Answer and/or Counterclaims to assert any additional defenses or counterclaims that come to light upon further investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE TI prays that:

82.     the Court dismiss the Complaint against TI with prejudice;

83.     the Court declare that TI has not infringed and does not infringe U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472;

84.     the Court declare that U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472are invalid;

85.     the Court declare that Blue Spike is not entitled to any remedy or relief whatsoever against TI;

86.     the Court award TI its costs, together with reasonable attorneys fees and all of its expenses for this suit because this is an exceptional case under 35 U.S.C. §285; and

87.     the Court award TI such other relief as this Court may deem just and proper.

Respectfully submitted,

By: *Amanda A. Abraham*

Carl R. Roth
cr@rothfirm.com
Brendan C. Roth
br@rothfirm.com
Amanda A. Abraham
aa@rothfirm.com
THE ROTH LAW FIRM, P.C.
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone:  (903) 935-1665
Facsimile:  (903) 935-1797

**ATTORNEYS FOR DEFENDANT
TEXAS INSTRUMENTS INCORPORATED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 6th day of September, 2012.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

*Amanda A. Abraham*

AMANDA A. ABRAHAM