IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    v.<br><br>TEXAS INSTRUMENTS, INC. et al, | C.A. No. 6:12-CV-499<br>Consolidated Action<br><br>JURY TRIAL DEMANDED |

**DEFENDANT TUNESAT, LLC'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

    Defendant TuneSat, LLC ("TUNESAT") responds to the Complaint of Blue Spike, LLC ("BLUE SPIKE") and Counterclaims as follows.

**NATURE OF SUIT**

    1.    TUNESAT admits that the Complaint alleges a claim of patent infringement arising under the patent laws of Title 35 of the United States Code.

**PARTIES**

    2.    TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 and, on that basis, denies the allegations in Paragraph 2.

    3.    TUNESAT admits that it is a Delaware limited liability company, having its principal place of business at 1650 Broadway, Suite 1009, New York, New York 10019, and that it can be served with process through its registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilimington, Delaware 19808. TUNESAT denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4. TUNESAT admits that the Complaint is a claim of patent infringement that arises under the laws of the United States, 35 U.S.C. § 101 *et seq* and that this Court has subject matter jurisdiction over this action.

5. TUNESAT denies that this Court has personal jurisdiction over it in this action. TUNESAT denies all allegations that it has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others. To the extent Paragraph 5 states legal conclusions, TUNESAT is not required to respond. TUNESAT denies the remaining allegations in Paragraph 5.

6. TUNESAT denies the allegations in Paragraph 6.

## FACTUAL BACKGROUND

7. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 and, on that basis, denies the allegations in Paragraph 7.

8. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 and, on that basis, denies the allegations in Paragraph 8.

9. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies the allegations in Paragraph 9.

10. TUNESAT lacks sufficient knowledge or information form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies the allegations in Paragraph 10.

11. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 and, on that basis, denies the allegations in Paragraph 11.

12. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 and, on that basis, denies the allegations in Paragraph 12.

13. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 and, on that basis, denies the allegations in Paragraph 13.

14. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 and, on that basis, denies the allegations in Paragraph 14.

15. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 and, on that basis, denies the allegations in Paragraph 15.

16. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 and, on that basis, denies the allegations in Paragraph 16.

17. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 and, on that basis, denies the allegations in Paragraph 17.

18. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and, on that basis, denies the allegations in Paragraph 18.

19. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and, on that basis, denies the allegations in Paragraph 19.

20. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 and, on that basis, denies the allegations in Paragraph 20.

21. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 and, on that basis, denies the allegations in Paragraph 21.

22. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 and, on that basis, denies the allegations in Paragraph 22.

23. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 and, on that basis, denies the allegations in Paragraph 23.

24. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 and, on that basis, denies the allegations in Paragraph 24.

25. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 and, on that basis, denies the allegations in Paragraph 25.

26. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 and, on that basis, denies the allegations in Paragraph 26.

27. TUNESAT admits that it designs and develops software, systems, and technology for detecting and monitoring audio content. TUNESAT denies the remaining allegations contained in Paragraph 27.

28. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28 and, on that basis, denies the allegations in Paragraph 28.

29. TUNESAT denies the allegations contained within Paragraph 29.

30. TUNESAT denies the allegations contained within Paragraph 30.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31. TUNESAT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 30 above.

32. TUNESAT admits that, on its face, United States Patent No. 8,215,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 32 and, on that basis, denies the remaining allegations in Paragraph 32.

33. TUNESAT admits that, on its face, Exhibit A appears to be a copy of United States Patent No. 8,215,175 ("the '175 Patent"), issued on July 3, 2012. To the extent Paragraph 33 states legal conclusions, TUNESAT is not required to respond. TUNESAT lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 33 and, on that basis, denies the remaining allegations in Paragraph 33.

34. TUNESAT denies the allegations contained in Paragraph 34.

35. TUNESAT denies the allegations contained in Paragraph 35.

36. TUNESAT denies the allegations contained in Paragraph 36.

37. TUNESAT denies the allegations contained in Paragraph 37.

38. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38 and, on that basis, denies the allegations in Paragraph 38.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39. TUNESAT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 38 above.

40. TUNESAT admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 40 and, on that basis, denies the remaining allegations in Paragraph 40.

41. TUNESAT admits that, on its face, Exhibit B appears to be a copy of United States Patent No. 7,949,494 ("the '494 Patent"), issued on May 24, 2011. To the extent Paragraph 41 states legal conclusions, TUNESAT is not required to respond. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 41 and, on that basis, denies the remaining allegations in Paragraph 41.

42. TUNESAT denies the allegations contained in Paragraph 42.

43. TUNESAT denies the allegations contained in Paragraph 43.

44. TUNESAT denies the allegations contained in Paragraph 44.

45. TUNESAT denies the allegations contained in Paragraph 45.

46. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46 and, on that basis, denies the allegations in Paragraph 46.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. TUNESAT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 46 above.

48. TUNESAT admits that, on its face, United States Patent No. 7,660,700 ("the '700 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 48 and, on that basis, denies the remaining allegations in Paragraph 48.

49. TUNESAT admits that, on its face, Exhibit C appears to be a copy of United States Patent No. 7,660,700 ("the '700 Patent"), issued on February 8, 2010. To the extent Paragraph 49 states legal conclusions, TUNESAT is not required to respond. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 49 and, on that basis, denies the remaining allegations in Paragraph 49.

50. TUNESAT denies the allegations contained in Paragraph 50.

51. TUNESAT denies the allegations contained in Paragraph 51.

52. TUNESAT denies the allegations contained in Paragraph 52.

53. TUNESAT denies the allegations contained in Paragraph 53.

54. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 54 and, on that basis, denies the allegations in Paragraph 54.

US_ACTIVE-110740561.3-KNGORE

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55. TUNESAT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 54 above.

56. TUNESAT admits that, on its face, United States Patent No. 7,346,472 ("the '472 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 56 and, on that basis, denies the remaining allegations in Paragraph 56.

57. TUNESAT admits that, on its face, Exhibit D appears to be a copy of United States Patent No. 7,346,472 ("the '472 Patent"), issued on March 18, 2008. To the extent Paragraph 57 states legal conclusions, TUNESAT is not required to respond. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 57 and, on that basis, denies the remaining allegations in Paragraph 57.

58. TUNESAT denies the allegations contained in Paragraph 58.

59. TUNESAT denies the allegations contained in Paragraph 59.

60. TUNESAT denies the allegations contained in Paragraph 60.

61. TUNESAT denies the allegations contained in Paragraph 61.

62. TUNESAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 62 and, on that basis, denies the allegations in Paragraph 62.

## GENERAL DENIAL

63. Except as expressly admitted above, TUNESAT denies each and every allegation of BLUE SPIKE's claims.

## REQUEST FOR RELIEF

64. No response is required to the Request for Relief, which sets forth the statement of relief that BLUE SPIKE requests. TUNESAT denies all allegations of patent infringement contained in the Request for Relief, and denies that BLUE SPIKE is entitled to any of the relief requested.

## DEMAND FOR A JURY TRIAL

65. TUNESAT admits that BLUE SPIKE demands a trial by jury as to all issues so triable and TUNESAT hereby demands a trial by jury.

## AFFIRMATIVE DEFENSES

66. TUNESAT reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other affirmative defenses, at law or in equity, including inequitable conduct, that may now or in the future be available identified based on discovery or further factual investigation. The assertion of a defense is not a concession that TUNESAT has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

67. TUNESAT has not willfully or otherwise infringed U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700 and 7,346,472 (the "Patents-in-Suit") either directly, indirectly, literally or under the Doctrine of Equivalents, and has not induced or contributed to any activities of another which constitute an infringement of any valid and enforceable claim of the Patents-in-Suit.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

68. The claims of the Patents-in-Suit are invalid for failure to meet requirements of the patent statutes set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102 , 103, and/or 112 thereof.

## THIRD AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

69. BLUE SPIKE has an adequate remedy at law for any alleged infringement of the Patents-in-Suit, and no basis exists for a grant of equitable relief.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

70. BLUE SPIKE's Complaint and the relief requested therein regarding any asserted claims of the Patents-in-Suit are barred by the doctrine of prosecution history estoppel or disclaimer based on statements, representations, and admissions made during the prosecution of the patent application resulting in the Patents-in-Suit and related or similar patent applications before the United States Patent and Trademark Office.

## FIFTH AFFIRMATIVE DEFENSE
### (Prior Art Estoppel)

71. BLUE SPIKE's patent claims are barred in whole or in part by the doctrine of prior art estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

72. On information and belief, BLUE SPIKE lacks standing to assert the Patents-in-Suit.

## SEVENTH AFFIRMATIVE DEFENSE
### (Damages)

73. BLUE SPIKE's claim for damages for infringement of the Patents-in-Suit should be denied under 35 U.S.C. § 287 with respect to any claim for damages occurring before TUNESAT received notice of infringement.

## EIGHTH AFFIRMATIVE DEFENSE
### (Inventorship)

74. The Patents-in-Suit are invalid because the inventors listed thereon are not the inventors of the claimed subject matter, and thus the Patents-in-Suit are invalid under 35 U.S.C. § 101.

## COUNTERCLAIMS

TUNESAT, LLC ("TUNESAT") hereby pleads the following Counterclaims against BLUE SPIKE, LLC ("BLUE SPIKE").

## PARTIES AND JURISDICTION

75. TUNESAT is a Delaware corporation with its principal place of business in New York, New York.

76. Upon information and belief, BLUE SPIKE is a Texas limited liability company having its principal place of business in Tyler, Texas.

77. Subject to TUNESAT's defenses and denials, TUNESAT's Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the declaratory judgment provisions of Sections 2201 and 2202 of Title 28 of the United States Code. The Court's jurisdiction over the subject matter of these Counterclaims is based on 28 U.S.C. Sections 1331, 1338(a), 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between TUNESAT and BLUE SPIKE based on BLUE SPIKE having filed a Complaint against TUNESAT alleging infringement of U.S. Patent Nos. 8,214,175, 7,949,494,

7,660,700 and 7,346,472 (the "Patents-in-Suit"), with respect to which TUNESAT requires a declaration of rights by this Court.  Specifically, the controversy concerns the invalidity and non-infringement of the Patents-in-Suit and the right of BLUE SPIKE to maintain suit for alleged infringement of the Patents-in-Suit.

78. This Court has personal jurisdiction over BLUE SPIKE because, among other things, it has consented to jurisdiction by filing the instant case.

79. Venue is proper in this District for these counterclaims because BLUE SPIKE claims to reside in this District.

### FIRST COUNTERCLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the Patents-in-Suit)

80. TUNESAT repeats and realleges each and every allegation in Paragraphs 74 through 78 of these Counterclaims as though fully set forth herein.

81. This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the Patents-in-Suit.

82. As a result of BLUE SPIKE's actions and statements, including the filing of this action, an actual controversy exists between the parties regarding the alleged infringement by TUNESAT of any asserted claims of the Patents-in-Suit.

83. TUNESAT has not infringed, and is not now infringing, either directly, contributorily or through inducement, either literally or under the Doctrine of Equivalents, any asserted, valid and enforceable claims of the Patents-in-Suit.

84. TUNESAT is entitled to and requests a judicial determination and declaration that it has not infringed and does not infringe any asserted claims of the Patents-in-Suit.

85. This is an exceptional case entitling TUNESAT to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

86. TUNESAT repeats and realleges each and every allegation in Paragraphs 74 through 84 of these Counterclaims as though fully set forth herein.

87. This is an action for declaratory judgment that the Patents-in-Suit are invalid for failure to comply with the requirements of patentability specified by 35 U.S.C. § 101, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

88. As a result of BLUE SPIKE's actions and statements, including the filing of this action, an actual controversy exists between the parties as to whether there exists any valid claim of the Patents-in-Suit.

89. TUNESAT is entitled to and requests a judicial determination and declaration that any and all claims of the Patents-in-Suit asserted by BLUE SPIKE in this action are invalid because the alleged invention claimed in that patent fails to satisfy the requirements of patentability specified by 35 U.S.C. § 101, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

90. This is an exceptional case entitling BLUE SPIKE to an award of its attorneys' fees incurred with this action pursuant to 36 U.S.C. § 285.

## REQUEST FOR RELIEF

Wherefore TUNESAT prays for judgment in its favor as follows:

91. Dismissing BLUE SPIKE's Complaint with prejudice and denying all relief requested therein;

92. Against BLUE SPIKE on all of BLUE SPIKE's claims asserted in the Complaint;

93. Declaring that TUNESAT has not infringed and does not infringe, either directly or indirectly, any of the claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472;

94. Declaring that the claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 asserted by BLUE SPIKE in this action are invalid;

95. Declaring that this action is an exceptional case within the provisions of 35 U.S.C. § 285 and that TUNESAT is therefore entitled to a recovery of its reasonable attorneys' fees upon prevailing in this action;

96. Ordering that TUNESAT be awarded all costs incurred in defending this lawsuit;

97. Permanently enjoining BLUE SPIKE, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 against TUNESAT; and

98. Ordering such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

99. TUNESAT hereby demands a trial by jury on all issues so triable.

Dated: October 10, 2012

Respectfully submitted,

/s/ Brian D. Roche w/permission Wesley Hill

REED SMITH LLP – CHICAGO
Brian D. Roche
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
Email: broche@reedsmith.com

REED SMITH LLP – SAN FRANCISCO
David T. Pollock
101 Second Street
Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-5900
Facsimile: (415) 391-8269
Email: dpollock@reedsmith.com

Wesley Hill
State Bar No. 24032294
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: wh@wsfirm.com

**ATTORNEYS FOR TUNESAT, LLC**

110740561v3

- 15 -

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 10th day of October, 2012.

/s/ Wesley Hill
Wesley Hill