IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | CONSOLIDATED CIVIL ACTION NO. |
| Plaintiff, | § | **6:12-cv-00499**-LED |
| v. | § | |
| | § | Civil Action No. 6:12-cv-527 |
| FREE STREAM MEDIA CORP., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## FREE STREAM'S ORIGINAL ANSWER

Defendant FREE STREAM MEDIA CORP. ("Free Stream") files this Original Answer to Plaintiff's Original Complaint for Patent Infringement, and respectfully shows the Court as follows:

### NATURE OF THE SUIT

1.     Free Stream admits that Plaintiff purports to bring suit for alleged patent infringement.  Except as so admitted, the allegations in Paragraph 1 are denied.

### PARTIES

2.     Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies them.

3.     Free Stream admits that it is a Delaware corporation having its principal place of business at 164 Townsend Street, #12, San Francisco, California 94107 and that Incorporating Services, Ltd located at 2500 South DuPont Highway, Dover, Delaware 19901 is its registered agent for service of process.  Except as so admitted, the allegations in Paragraph 3 are denied.

1

## JURISDICTION AND VENUE

4.      Free Stream admits that Plaintiff purports to bring suit for alleged patent infringement arising under the laws of the United States, 35 U.S.C. § 101 et seq., and that this Court has subject matter jurisdiction over this action.

5.      Free Stream admits that this Court has personal jurisdiction over the parties. Except as so admitted, the allegations in Paragraph 5 are denied.

6.      Free Stream admits that venue is proper in this judicial district and that it is subject to personal jurisdiction in this district.   Except as so admitted, the allegations in Paragraph 6 are denied.

## FACTUAL BACKGROUND

### A.      Moskowitz's History

7.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies them.

8.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies them.

9.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies them.

10.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies them.

11.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies them.

12.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies them.

13.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies them.

14.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies them.

15.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies them.

16.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies them.

17.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies them.

18.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies them.

19.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies them.

20.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them.

**B.      Patents-in-suit**

21.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies them.

22.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies them.

23.      Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies them.

24.     Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies them.

25.     Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies them.

26.     Free Stream is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies them.

C.     **The Accused Products and Services**

27.     Free Stream admits that it designs and develops applications to be used with smart TV and set-top box devices.  Free Stream also admits that it is designing and developing Flingo SyncApps applications and systems, but denies that it has committed acts of infringement. Except as so admitted, the allegations in Paragraph 27 are denied.

28.     Free Stream admits that it has not sought or obtained a license for any of Blue Spike's patented technologies.

29.     Free Stream denies the allegations in Paragraph 29.

**COUNT 1:**
**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

30.     Free Stream incorporates Paragraphs 1 through 29 above.

31.     Free Stream admits that U.S. Patent No. 8,214,175 ("the '175 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." Free Stream is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 and therefore denies them.

32.     Free Stream admits that Exhibit A attached to the Complaint is a copy of the '175 Patent issued on July 3, 2012.  Free Stream is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 32 and therefore denies them.

33.     Free Stream denies the allegations in Paragraph 33.

34.     Free Stream denies the allegations in Paragraph 34.

35.     Free Stream denies the allegations in Paragraph 35.

36.     Free Stream denies the allegations in Paragraph 36.

37.     Free Stream denies the allegations in Paragraph 37.

**COUNT 2:**
**INFRINGEMENT OF U.S. PATENT NO. 7,949,494**

38.     Free Stream incorporates Paragraphs 1 through 37 above.

39.     Free Stream admits that U.S. Patent No. 7,949,494 ("the '494 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." Free Stream is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 and therefore denies them.

40.     Free Stream admits that Exhibit B attached to the Complaint is a copy of the '494 Patent issued on May 24, 2011.  Free Stream is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and therefore denies them.

41.     Free Stream denies the allegations in Paragraph 41.

42.     Free Stream denies the allegations in Paragraph 42.

43.     Free Stream denies the allegations in Paragraph 43.

44.     Free Stream denies the allegations in Paragraph 44.

45.     Free Stream denies the allegations in Paragraph 45.

**COUNT 3:**
**INFRINGEMENT OF U.S. PATENT NO. 7,660,700**

46.     Free Stream incorporates Paragraphs 1 through 45 above.

47.     Free Stream admits that U.S. Patent No. 7,660,700 ("the '700 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." Free Stream is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 and therefore denies them.

48.     Free Stream admits that Exhibit C attached to the Complaint is a copy of the '700 Patent issued on February 9, 2010.  Free Stream is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 and therefore denies them.

49.     Free Stream denies the allegations in Paragraph 49.

50.     Free Stream denies the allegations in Paragraph 50.

51.     Free Stream denies the allegations in Paragraph 51.

52.     Free Stream denies the allegations in Paragraph 52.

53.     Free Stream denies the allegations in Paragraph 53.

**COUNT 4:**
**INFRINGEMENT OF U.S. PATENT NO. 7,346,472**

54.     Free Stream incorporates Paragraphs 1 through 53 above.

55.     Free Stream admits that U.S. Patent No. 7,346,472 ("the '472 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." Free Stream is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 and therefore denies them.

56.     Free Stream admits that Exhibit D attached to the Complaint is a copy of the '472 Patent issued on March 18, 2008.  Free Stream is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and therefore denies them.

57.     Free Stream denies the allegations in Paragraph 57.

58.     Free Stream denies the allegations in Paragraph 58.

59.     Free Stream denies the allegations in Paragraph 59.

60.     Free Stream denies the allegations in Paragraph 60.

61.     Free Stream denies the allegations in Paragraph 61.

## REQUEST FOR RELIEF

Although no answer is required to Plaintiff's request for relief, Free Stream denies that Plaintiff is entitled to any relief requested as it relates to Free Stream.

## DEMAND FOR JURY TRIAL

There are no allegations of fact contained in this paragraph and therefore no answer is required.

## AFFIRMATIVE DEFENSES

Free Stream's affirmative defenses are listed below. Defendants reserve the right to amend its Answer to assert additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     Plaintiff has failed to state a claim upon which the relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2.      Defendant does not infringe and has not infringed any valid and enforceable claim of the U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("the patents-in-suit), either literally or under the doctrine of equivalents, whether by direct infringement, contributory infringement or induced of infringement.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3.      The claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy the statutory requirements of one or more provisions of Title 35 of the United States Code § 1, et seq., including, but not limited to, §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

4.      Plaintiff is estopped under the doctrine of prosecution history estoppel from construing or interpreting the claims to cover any acts of Defendants by reason of proceedings in the U.S. Patent and Trademark Office during prosecution of the applications upon which the patents-in-suit issued, and the admissions and representations made therein to the U.S. Patent and Trademark Office on behalf of the applicants.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

5.      Plaintiff's claims are barred in whole or in part by one or more of the doctrines of equitable estoppel, laches, unclean hands, and/or waiver.

## COUNTERCLAIMS

Defendant and Counter-Claimant Free Stream Media Corp. ("Free Stream") asserts counterclaims against Plaintiff Blue Spike, LLC ("Blue Spike") as follows:

### PARTIES

1.      Free Stream Media Corp. is a Delaware corporation having its principal place of business at 164 Townsend Street, #12, San Francisco, California 94107.

2.      Upon information and belief, Blue Spike, LLC is a Texas limited liability company having its principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331 and 1338(a) and the patent laws of the United States, 35 U.S.C. § 1, et seq. Blue Spike has expressly invoked the jurisdiction of this Court.

4.      On or about August 14, 2012, Blue Spike commenced this lawsuit by filing its original Complaint alleging, inter alia, that Free Stream have infringed and continue to infringe U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("the patents-in-suit) and requesting this Court to award relief.

5.      Free Stream has not infringed and does not infringe any claim of the patents-in-suit, and Free Stream alleges that each of the claims of the patents-in-suit are invalid and/or unenforceable.

6.      Based on the foregoing, and the allegations in Blue Spike's Complaint, there is an actual, justiciable case or controversy between Free Stream and Blue Spike as to the invalidity, enforceability, and non-infringement of the patents-in-suit.

7.      By filing its original Complaint against Free Stream in this Court, Blue Spike has consented to the personal jurisdiction of this Court.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

## COUNT ONE:
### (Declaratory Judgment of Non-Infringement)

9.      Free Stream repeats and incorporates by reference its Answer, Affirmative Defenses, and the allegations in paragraphs 1 through 8 of these Counterclaims.

10.      In its original Complaint, Blue Spike alleges that Free Stream has directly infringed, contributed to the infringement of and/or actively induced others to infringe one or more claims of the patents-in-suit, either literally or under the doctrine of equivalents.

11.      Free Stream has not and does not directly infringe, contribute to the infringement of and/or actively induce others to infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the patents-in-suit.

12.      A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy.

## COUNT TWO:
### (Declaratory Judgment of Invalidity)

13.      Free Stream repeats and incorporate by reference its Answer, Affirmative Defenses, and the allegations in Paragraphs 1 through 12 of these Counterclaims.

14.     The claims of the patents-in-suit are invalid for failure to satisfy the requirements of patentability contained in 35 U.S.C. § 1, et seq., including, but not limited to, §§ 101, 102, 103, and/or 112.

15.     A judicial declaration of invalidity of the patents-in-suit is necessary and appropriate to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Free Stream prays for and respectfully requests:

a.     That Blue Spike take nothing by its Complaint and that all claims in Blue Spike's Complaint be dismissed with prejudice;

b.     Declaring that Free Stream has not infringed any valid claim of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472  as alleged by Plaintiff;

c.     Declaring that the claims of the U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 are invalid;

d.     Declaring this an exceptional case under 35 U.S.C. § 285 and awarding Free Stream's attorneys' fees;

e.     That Free Stream be awarded their cost of suit incurred herein, including reasonable attorneys' fees;

f.     That Free Stream be granted such other and additional relief as this Court deems just and proper.

**Dated:   October 15, 2012.**                    Respectfully submitted,

/s/  Brett M. Pinkus
State Bar No. 24076625
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200

Fort Worth, Texas 76102
Ph.:  817.334.0400
Fax: 817.334.0401
pinkus@fsclaw.com

**ATTORNEYS FOR DEFENDANT
FREE STREAM MEDIA CORP.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of October, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Brett M. Pinkus

n:\clients\mj\free stream-060505\blue spike-02\pleadings\answer.docx