IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,**<br><br>    *Plaintiff,*<br><br>v.<br><br>**TEXAS INSTRUMENTS, INC.,** *et al.*<br><br>    *Defendants.* | **CONSOLIDATED CIVIL ACTION NO. 6:12-CV-00499-LED**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT IPHARRO MEDIA GMBH'S ANSWER AND AFFIRMATIVE DEFENSES TO ORIGINAL COMPLAINT

Defendant iPharro Media GmbH ("iPharro"), by and through its undersigned counsel, hereby submits its answer and affirmative defenses to the Original Complaint For Patent Infringement filed by Plaintiff Blue Spike, LLC ("Plaintiff" or "Blue Spike") on August 9, 2012 in pre-consolidated Civil Action No. 6:12-CV-00502-LED.

### NATURE OF THE SUIT

1.      Paragraph 1 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 1 which are not conclusions of law, iPharro denies each and every allegation contained therein, except that iPharro admits that Plaintiff purports to be asserting a claim for patent infringement.

### PARTIES

2.      iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Plaintiff's Original Complaint.

3.      iPharro denies each and every allegation contained in paragraph 3 of Plaintiff's Original Complaint, except that iPharro admits that iPharro Media, Inc. is a Delaware corporation having a principal place of business at Soundview Center, 1266 East Main Street,

Suite 700R, Stamford, CT 06903, and that Corporation Service Company at 2711 Centerville Road, Suite 400, Wilmington, DE 19808 is its registered agent for service of process.

4. iPharro denies each and every allegation contained in paragraph 4 of Plaintiff's Original Complaint, except that iPharro admits that it is a German limited liability company having a principal place of business at Wilhelminenstr 2, 64283 Darmstadt, Germany.

## JURISDICTION AND VENUE

5. Paragraph 5 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 5 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein, except that iPharro admits that this Court would have subject matter jurisdiction over properly pled claims arising under 35 U.S.C. §101 et seq.

6. Paragraph 6 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 6 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

7. Paragraph 7 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 7 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

## FACTUAL BACKGROUND

### A. Moskowitz's History

8. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiff's Original Complaint.

9. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiff's Original Complaint.

10. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiff's Original Complaint.

11. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Plaintiff's Original Complaint.

12. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiff's Original Complaint.

13. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Plaintiff's Original Complaint.

14. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Plaintiff's Original Complaint.

4826-7830-6321.2

15. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiff's Original Complaint.

16. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiff's Original Complaint.

17. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of Plaintiff's Original Complaint.

18. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Plaintiff's Original Complaint.

19. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Plaintiff's Original Complaint.

20. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of Plaintiff's Original Complaint.

21. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of Plaintiff's Original Complaint.

**B.     Patents-in-Suit**

22. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of Plaintiff's Original Complaint.

23. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of Plaintiff's Original Complaint.

24. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Original Complaint.

25. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Plaintiff's Original Complaint.

4826-7830-6321.2

26. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Original Complaint.

27. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Original Complaint.

4826-7830-6321.2

### C. The Accused Products and Services

28.     Paragraph 28 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 28 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein, except that iPharro admits that it designs and develops software, systems, and technology for digital asset management.  iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

29.     As to itself, iPharro admits the allegations contained in paragraph 29 of Plaintiff's Original Complaint.  iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

30.     Paragraph 30 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 30 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

31.     As to itself, iPharro denies each and every allegation contained in paragraph 31 of Plaintiff's Original Complaint, except that iPharro admits that it has not been granted express permission from Plaintiff to use the patents-in-suit.  iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

32.     In response to paragraph 32 of Plaintiff's Original Complaint, iPharro repeats and realleges each and every admission and denial set forth above in paragraphs 1 through 31 as though set forth fully herein.

33.     Paragraph 33 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 33 which are not conclusions of law, iPharro lacks sufficient information or knowledge to form a belief as to their truth or falsity.

34.     Paragraph 34 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 34 which are not conclusions of law, iPharro denies each and every allegation contained therein, except that iPharro admits that Plaintiff purports to have attached a true and correct copy of the '175 patent-in-suit as Exhibit A to the Original Complaint.

35.     Paragraph 35 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 35 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

36.     Paragraph 36 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 36 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the

allegations contained in paragraph 36 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

37. Paragraph 37 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 37 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

38. Paragraph 38 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 38 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

39. Paragraph 39 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 39 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

4826-7830-6321.2

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. In response to paragraph 40 of Plaintiff's Original Complaint, iPharro repeats and realleges each and every admission and denial set forth above in paragraphs 1 through 39 as though set forth fully herein.

41. Paragraph 41 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 41 which are not conclusions of law, iPharro lacks sufficient information or knowledge to form a belief as to their truth or falsity.

42. Paragraph 42 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 42 which are not conclusions of law, iPharro denies each and every allegation contained therein, except that iPharro admits that Plaintiff purports to have attached a true and correct copy of the '494 patent-in-suit as Exhibit B to the Original Complaint.

43. Paragraph 43 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 43 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

44. Paragraph 44 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 44 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein.

iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

45. Paragraph 45 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 45 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

46. Paragraph 46 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 46 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

47. Paragraph 47 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 47 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48. In response to paragraph 48 of Plaintiff's Original Complaint, iPharro repeats and realleges each and every admission and denial set forth above in paragraphs 1 through 47 as though set forth fully herein.

49. Paragraph 49 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 49 which are not conclusions of law, iPharro lacks sufficient information or knowledge to form a belief as to their truth or falsity.

50. Paragraph 50 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 50 which are not conclusions of law, iPharro denies each and every allegation contained therein, except that iPharro admits that Plaintiff purports to have attached a true and correct copy of the '700 patent-in-suit as Exhibit C to the Original Complaint.

51. Paragraph 51 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 51 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

52. Paragraph 52 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 52 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein.

iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

53. Paragraph 53 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 53 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

54. Paragraph 54 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 54 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

55. Paragraph 55 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead.  As to the allegations contained in paragraph 55 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

4826-7830-6321.2

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56. In response to paragraph 56 of Plaintiff's Original Complaint, iPharro repeats and realleges each and every admission and denial set forth above in paragraphs 1 through 55 as though set forth fully herein.

57. Paragraph 57 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 57 which are not conclusions of law, iPharro lacks sufficient information or knowledge to form a belief as to their truth or falsity.

58. Paragraph 58 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 58 which are not conclusions of law, iPharro denies each and every allegation contained therein, except that iPharro admits that Plaintiff purports to have attached a true and correct copy of the '472 patent-in-suit as Exhibit D to the Original Complaint.

59. Paragraph 59 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 59 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

60. Paragraph 60 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 60 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein.

13

iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

61. Paragraph 61 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 61 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

62. Paragraph 62 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 62 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

63. Paragraph 63 of Plaintiff's Original Complaint contains conclusions of law to which iPharro is not required to plead. As to the allegations contained in paragraph 63 which are not conclusions of law, as to itself iPharro denies each and every allegation contained therein. iPharro lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of Plaintiff's Original Complaint insofar as they relate to iPharro Media, Inc.

## PLAINTIFF'S REQUEST FOR RELIEF

64. iPharro denies as to itself that Plaintiff is entitled to any of the relief requested in mislabeled subparagraphs (a) through (f) of the Request For Relief set forth in the Original Complaint.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below under the heading "Affirmative Defenses," iPharro does not thereby admit or allege that it bears the burden of proof with respect to any of said matters.

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

Plaintiff fails to state a claim upon which relief can be granted, and/or fails to plead the required allegations with sufficient particularity.

## SECOND DEFENSE
## (NON-INFRINGEMENT)

iPharro does not and has not literally or under the doctrine of equivalents infringed, contributed to the infringement of, or induced infringement of any of the asserted claims of the patents-in-suit.

## THIRD DEFENSE
## (INVALIDITY)

One or more of the asserted claims of the patents-in-suit are invalid or unenforceable because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia,* §§ 101, 102, 103, and/or 112.

4826-7830-6321.2

## FOURTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

Prosecution history estoppel bars in whole or in part Plaintiff's assertions of infringement under the doctrine of equivalents, and/or Plaintiff's proposed claim constructions, relative to one or more of the asserted claims of the patents-in-suit.

## FIFTH DEFENSE
## (EQUITABLE DEFENSES)

Plaintiff's claims are barred in whole or in part by one or more of the doctrines of equitable estoppel, laches, unclean hands, waiver and/or other applicable equitable doctrines.

## SIXTH DEFENSE
## (NO INTENT TO INDUCE INFRINGEMENT)

iPharro has never had any specific intent to induce infringement of any of the asserted claims of the patents-in-suit, thereby foreclosing liability for inducement of infringement.

## SEVENTH DEFENSE
## (LIMITATIONS ON DAMAGES)

Plaintiff's damages claims are barred in whole or in part by the limitations and/or requirements of 35 U.S.C. §§ 286 and/or 287.

## EIGHTH DEFENSE
## (FAILURE TO MARK AND/OR PROVIDE NOTICE)

Plaintiff's damages claims are barred in whole or in part by failure to comply with patent marking and/or notice requirements under 35 U.S.C. § 287.

## NINTH DEFENSE
## (SINGLE DAMAGES RECOVERY RULE)

Plaintiff's damages claims are barred in whole or in part by the doctrine of the single damages recovery rule.

## TENTH DEFENSE
## (RES JUDICATA/COLLATERAL ESTOPPEL)

Plaintiff's claims are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

## ELEVENTH DEFENSE
## (ATTORNEYS' FEES IMPROPER)

Plaintiff has failed to state facts and/or a legal basis sufficient to permit recovery of attorneys' fees against iPharro.

## TWELFTH DEFENSE
## (LICENSE/PATENT EXHAUSTION)

Upon information and belief, sales and/or use of one or more of the accused products and devices herein have been licensed or otherwise authorized by Plaintiff, and/or Plaintiff has released or exhausted its claims relative to one or more of the accused products pursuant to agreements with other parties.

## THIRTEENTH DEFENSE
## (PROSECUTION LACHES)

Plaintiff's claims are barred in whole or in part by the doctrine of prosecution laches.

## FOURTEENTH DEFENSE
## (LACK OF PERSONAL JURISDICTION)

Plaintiff does not and cannot establish that sufficient grounds exist for this Court to exercise personal jurisdiction over iPharro with regard to its asserted claims.

## FIFTEENTH DEFENSE
## (IMPROPER VENUE)

Plaintiff does not and cannot establish that this judicial district is a proper venue in which to litigate its asserted claims against iPharro.

## SIXTEENTH DEFENSE
### (IMPROPER OBSTACLE TO TRADE)

Plaintiff's purported service of process on iPharro by means of serving the Secretary of State of Texas does not and cannot establish proper service as it would constitute an "obstacle of trade" subject to redress pursuant to Council Regulation (EC) No. 3286/94 of 22 December 1994.

## SEVENTEENTH DEFENSE
### (INSUFFICIENT SERVICE OF PROCESS)

Plaintiff's purported service of process on iPharro by means of serving the Secretary of State of Texas fails to comply with the governing requirements of the Hague Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters, and accordingly any judgment that Plaintiff may obtain against IPharro in this action shall be unenforceable both in the United States and abroad.

## OTHER DEFENSES

iPharro presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. iPharro reserves the right to assert additional affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure or any other defenses, in law or in equity, that may exist or in the future be available based on the discovery and further factual investigation in this case.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, iPharro requests a trial by jury of all issues so triable.

                                                      Respectfully submitted

Dated:  October 16, 2012

                                            /s/  Marc N. Henschke_____
                                           Marc N. Henschke
                                           FOLEY & LARDNER LLP
                                           111 Huntington Ave
                                           Boston, MA 02199
                                           Tel:  (617) 342-4000
                                           Fax:  (617) 342-4001

                                           Attorneys for Defendant
                                           IPHARRO MEDIA GMBH

4826-7830-6321.2

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2012, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the attached DEFENDANT IPHARRO MEDIA GMBH'S ANSWER AND AFFIRMATIVE DEFENSES TO ORIGINAL COMPLAINT via the Court's CM/ECF system.  Any other counsel of record will be served by first class mail on this same date.

                                            /s/ Marc N. Henschke_____
                                            Marc N. Henschke