IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | Civil Action No. 6:12-cv-499 [LED] |
| | § | **LEAD CASE** |
| v. | § | Jury Trial Demanded |
| | § | |
| Texas Instruments, Inc. | § | |
| Blue Spike, LLC, | § | |
| | § | Civil Action No. 6:12-cv-500 |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| Shazam Entertainment Ltd. | § | |

**SHAZAM ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO BLUE SPIKE, LLC'S COMPLAINT**

Defendant Shazam Entertainment Limited ("Shazam"), by and through its undersigned attorneys, hereby answers the Complaint for Patent Infringement (the "Complaint") filed against it by Plaintiff Blue Spike, LLC ("Blue Spike" or "Plaintiff") on August 9, 2012, as follows.

Shazam states that anything in Plaintiff's Complaint that is not expressly admitted is hereby denied.

**NATURE OF THE SUIT**

1.      Shazam admits that the Complaint purports to bring an action under Title 35 of the United States Code, but Shazam denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder.

**PARTIES**

2.      Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies these

allegations. To the extent the allegations contained in Paragraph 2 of the Complaint contain factual allegations relating to Shazam, such allegations are denied.

3. Shazam admits that it is incorporated in England and Wales, having its registered office and principle place of business at 26-28 Hammersmith Grove, London W6 7HA, United Kingdom. Shazam has accepted service of the Summons and Complaint in this action. Shazam admits that it does business in the United States, including in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

4. Shazam admits that the Complaint purports to bring a patent infringement action arising under the laws of the United States, 35 U.S.C. § 101 *et seq.* and that this Court has jurisdiction over the subject matter of this action, but denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder.

5. Shazam admits that this Court has personal jurisdiction over Shazam, but denies that it has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies each and every remaining allegation of paragraph 5.

6. Shazam does not challenge the propriety of venue in this District under 28 U.S.C. §§ 1391 and 1400(b), but denies that it has committed acts of patent infringement and reserves the right to move to transfer or move to change this case to a more convenient forum.

## FACTUAL BACKGROUND

**A.   Moskowitz's History**

7. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies these allegations.

8. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies these allegations.

9. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies these allegations.

10. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies these allegations.

11. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies these allegations.

12. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies these allegations.

13. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies these allegations.

14. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies these allegations.

15. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies these allegations.

16. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies these allegations.

17. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies these allegations.

18. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies these allegations.

19. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies these allegations.

20. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies these allegations.

### B. Patents-in-Suit

21. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies these allegations.

22. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies these allegations.

23. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies these allegations.

24. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies these allegations.

25. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies these allegations.

26. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies these allegations.

### C. The Accused Products and Services

27. Shazam admits, based on its understanding of the words and phrases used in the Complaint, that it designs and develops applications and systems to be used with certain smartphones and tablets, but denies that it has committed acts of patent infringement. Shazam

denies that the "Accused Products" infringe one or more claims of the patents-in-suit. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint and, therefore, denies these allegations.

28. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies these allegations.

29. Denied.

## COUNT 1:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,214,175

30. Shazam incorporates by reference its above responses to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Shazam admits that United States Patent No. 8,214,175 ("the '175 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Shazam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint and, therefore, denies these allegations.

32. Shazam admits that the '175 patent states on its face that it issued on July 3, 2012, and that what appears to be a copy of the '175 patent was attached as Exhibit A to the Complaint. Shazam otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Complaint and, therefore, denies these allegations.

33. Denied.

34. Shazam denies the allegations contained in Paragraph 34 of the Complaint and denies that it has, or is now, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any claim of the '175 patent. Shazam denies

that it has injured Plaintiff and denies that it is liable to Plaintiff under 35 U.S.C. § 271. Shazam further denies that it had knowledge of the '175 patent prior to service of the Complaint in this action. To the extent the allegations contained in Paragraph 34 refer to unidentified "systems," Shazam lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

      35.     Denied.

      36.     To the extent the allegations contained in Paragraph 36 of the Complaint relate to Shazam, Shazam denies them.

      37.     Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies these allegations.

## COUNT 2:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,949,494

      38.     Shazam incorporates by reference its above responses to Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

      39.     Shazam admits that United States Patent No. 7,949,494 ("the '494 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Shazam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint and, therefore, denies these allegations.

      40.     Shazam admits that the '494 patent states on its face that it issued on May 24, 2011, and that what appears to be a copy of the '494 patent was attached as Exhibit B to the Complaint. Shazam otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Complaint and, therefore, denies these allegations.

41. Denied.

42. Shazam denies the allegations contained in Paragraph 42 of the Complaint and denies that it has, or is now, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any claim of the '494 patent. Shazam denies that it has injured Plaintiff and denies that it is liable to Plaintiff under 35 U.S.C. § 271. Shazam further denies that it had knowledge of the '494 patent prior to service of the Complaint in this action. To the extent the allegations contained in Paragraph 42 refer to unidentified "systems," Shazam lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

43. Denied.

44. To the extent the allegations contained in Paragraph 44 of the Complaint relate to Shazam, Shazam denies them.

45. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, therefore, denies these allegations.

### COUNT 3:
### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,660,700

46. Shazam incorporates by reference its above responses to Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Shazam admits that United States Patent No. 7,660,700 ("the '700 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Shazam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint and, therefore, denies these allegations.

48. Shazam admits that the '700 patent states on its face that it issued on February 9, 2010, and that what appears to be a copy of the '700 patent was attached as Exhibit C to the Complaint. Shazam otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the Complaint and, therefore, denies these allegations.

49. Denied.

50. Shazam denies the allegations contained in Paragraph 50 of the Complaint and denies that it has, or is now, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any claim of the '700 patent. Shazam denies that it has injured Plaintiff and denies that it is liable to Plaintiff under 35 U.S.C. § 271. Shazam further denies that it had knowledge of the '700 patent prior to service of the Complaint in this action. To the extent the allegations contained in Paragraph 50 refer to unidentified "systems," Shazam lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

51. Denied.

52. To the extent the allegations contained in Paragraph 52 of the Complaint relate to Shazam, Shazam denies them.

53. Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and, therefore, denies these allegations.

## COUNT 4:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,346,472

54. Shazam incorporates by reference its above responses to Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Shazam admits that United States Patent No. 7,346,472 ("the '472 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Shazam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint and, therefore, denies these allegations.

56. Shazam admits that the '472 patent states on its face that it issued on March 18, 2008, and that what appears to be a copy of the '472 patent was attached as Exhibit D to the Complaint. Shazam otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 of the Complaint and, therefore, denies these allegations.

57. Denied.

58. Shazam denies the allegations contained in Paragraph 58 of the Complaint and denies that it has, or is now, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any claim of the '472 patent. Shazam denies that it has injured Plaintiff and denies that it is liable to Plaintiff under 35 U.S.C. § 271. Shazam further denies that it had knowledge of the '472 patent prior to service of the Complaint in this action. To the extent the allegations contained in Paragraph 58 refer to unidentified "systems," Shazam lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

59. Denied.

60. To the extent the allegations contained in Paragraph 60 of the Complaint relate to Shazam, Shazam denies them.

61.     Shazam lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and, therefore, denies these allegations.

## PLAINTIFF'S REQUEST FOR RELIEF

Shazam denies that Plaintiff is entitled to the relief requested in Plaintiff's request for relief, and to the extent that such request contains factual allegations relating to Shazam, such allegations are denied. Plaintiff's request for relief should be denied, with prejudice, in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

62.     Further answering the Complaint, and as additional defenses thereto, Shazam asserts the following affirmative and other defenses. Shazam does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff Blue Spike bears the burden. Shazam reserves the right to add additional defenses and/or supplement its defenses, as Shazam learns additional facts.

## FIRST DEFENSE (NON-INFRINGEMENT)

63.     Shazam has not infringed and does not infringe any valid and enforceable claim of U.S. Patent Nos. 8,214,175 ("the '175 patent"), 7,949,494 ("the '494 patent"), 7,660,700 ("the '700 patent) and 7,346,472 ("the '472 patent) (collectively, "the patents-in-suit"), neither literally nor by the doctrine of equivalents. To the extent alleged by Plaintiff in its Complaint or in the future, Shazam has not infringed and does not infringe any valid and enforceable claim of the patents-in-suit directly, indirectly, contributorily, or by inducement, neither literally nor by the doctrine of equivalents, and has not infringed and does not infringe willfully. Furthermore, Plaintiff is precluded under the doctrines of disclaimer and prosecution history estoppel from

11

asserting a scope for the claims of the patents-in-suit patent that would encompass any Shazam product or service.

## SECOND DEFENSE (INVALIDITY)

64.     One or more claims of the '175 patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  For example, one or more claims is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the '175 patent.

65.     One or more claims of the '494 patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  For example, one or more claims is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the '494 patent.

66.     One or more claims of the '700 patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  For example, one or more claims is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the '700 patent.

67.     One or more claims of the '472 patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  For example, one or more claims is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the '472 patent.

### THIRD DEFENSE (LICENSE, PATENT EXHAUSTION)

68. Plaintiff's claims are barred in whole or in part by one or more of the following: express or implied license; and doctrine of patent exhaustion. For example, Plaintiff's claims are precluded to the extent that any accused product or component thereof is supplied, directly or indirectly, to Shazam or another entity, having an express or implied license to the patents-in-suit or covenant not to sue.

### FOURTH DEFENSE (FAILURE TO MARK)

69. Plaintiff's claims are barred in whole or in part for failure to plead compliance with patent marking pursuant to the requirement of 35 U.S.C. § 287(a).

### FIFTH DEFENSE (EQUITABLE BARS)

70. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel, prosecution laches, and/or other equitable doctrines.

### SIXTH DEFENSE (LACK OF STANDING)

71. To the extent that Plaintiff was not the sole and total owner of the patents-in-suit as of the filing date of the Complaint, Plaintiff lacks standing to bring one or more claims in this lawsuit.

### SEVENTH DEFENSE (PROSECUTION LACHES)

72. Plaintiff's claims are barred in whole or in part by the doctrine of prosecution laches.

### EIGHTH DEFENSE (FAILURE TO STATE A CLAIM)

73. The Complaint fails to state a claim upon which relief can be granted.

**SHAZAM'S PRAYER FOR RELIEF**

FOR THESE REASONS, Shazam respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. An order declaring that Blue Spike, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert with it, take nothing on the claims asserted in the Complaint against Shazam;

B. A judgment dismissing Plaintiff's Complaint against Shazam with prejudice;

C. A declaration that Shazam does not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the '175 patent;

D. A declaration that Shazam does not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the '494 patent;

E. A declaration that Shazam does not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the '700 patent;

F. A declaration that Shazam does not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the '472 patent;

G. A declaration that the claims of the '175 patent are invalid;

H. A declaration that the claims of the '494 patent are invalid;

I. A declaration that the claims of the '700 patent are invalid;

J. A declaration that the claims of the '472 patent are invalid;

K. An order declaring that this is an exceptional case and awarding Shazam its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

L.      Any such other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR A JURY TRIAL

Shazam demands a trial by jury on all issues so triable.

Date: October 22, 2012

Respectfully submitted,

/s/ *Michael E. Jones*

| | |
|---|---|
| Josh A. Krevitt | Michael E. Jones |
| (NY Bar No. 2568228) | SBN: 10929400 |
| Benjamin Hershkowitz | mikejones@potterminton.com |
| (NY Bar No. 2600559) | POTTER MINTON, PC |
| GIBSON, DUNN & CRUTCHER LLP | 110 North College, Suite 500 |
| 200 Park Avenue | Tyler, Texas 75702 |
| New York, NY 10166 | Tel: 903-597-8311 |
| Ph. 212.351.4000 | Fax: 903-593-0846 |
| Fax: 212.351.6210 | |
| jkrevitt@gibsondunn.com | |
| bhershkowitz@gibsondunn.com | |

*Counsel for Defendant*
*Shazam Entertainment Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2012, a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Michael E. Jones*
Michael E. Jones