**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 6:12-CV-499-LED |
| vs. | § § | **JURY TRIAL DEMANDED** |
| TEXAS INSTRUMENTS, INC., | § § § | |
| Defendant. | | |
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 6:12-CV-500-LED |
| vs. | § § | **JURY TRIAL DEMANDED** |
| SHAZAM ENTERTAINMENT LTD., | § § § | |
| Defendant. | | |
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 6:12-CV-502-LED |
| vs. | § § | **JURY TRIAL DEMANDED** |
| IPHARRO MEDIA, INC., et al., | § § § | |
| Defendants. | | |
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 6:12-CV-526-LED |
| vs. | § § | **JURY TRIAL DEMANDED** |
| VIGGLE, INC., | § § § | |

Defendant.

BLUE SPIKE, LLC,

    Plaintiff,

vs.

FREE STREAM MEDIA CORP.,

    Defendant.

§
§
§
§
§
§
§
§
§

CASE NO. 6:12-CV-527-LED

**JURY TRIAL DEMANDED**

BLUE SPIKE, LLC,

    Plaintiff,

vs.

THE ECHO NEST CORP.,

    Defendant.

§
§
§
§
§
§
§
§

CASE NO. 6:12-CV-528-LED

**JURY TRIAL DEMANDED**

BLUE SPIKE, LLC,

    Plaintiff,

vs.

PEER MEDIA TECHNOLOGIES, INC.,

    Defendant.

§
§
§
§
§
§
§
§
§

CASE NO. 6:12-CV-529-LED

**JURY TRIAL DEMANDED**

BLUE SPIKE, LLC,

    Plaintiff,

vs.

BIO-KEY INTERNATIONAL, INC.,

    Defendant.

§
§
§
§
§
§
§
§
§

CASE NO. 6:12-CV-531-LED

**JURY TRIAL DEMANDED**

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-533-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| TUNESAT, LLC, | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-534-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| VERCURY, INC., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-537-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| SOUNDHOUND, INC., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-539-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| VOBILE, INC., | § | |
| | § | |
| Defendant. | | |

| | |
|---|---|
| BLUE SPIKE, LLC, | § |
| | § |

|  |  |  |
|---|---|---|
| Plaintiff, | § | CASE NO. 6:12-CV-540-LED |
|  | § |  |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| ATTRIBUTOR CORP., | § |  |
|  | § |  |
| Defendant. | § |  |

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC, | § |  |
|  | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-544-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| MIRANDA TECHNOLOGIES, INC., et al., | § |  |
|  | § |  |
| Defendants. | § |  |

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC, | § |  |
|  | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-556-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| YAHOO! INC., | § |  |
|  | § |  |
| Defendant. | § |  |

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC, | § |  |
|  | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-557-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| CIVOLUTION USA, INC., et al., | § |  |
|  | § |  |
| Defendants. | § |  |

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC, | § |  |
|  | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-558-LED |

§
vs.                                                   §          **JURY TRIAL DEMANDED**
                                                      §
GOOGLE, INC.,                                         §
                                                      §
        Defendant.                                    §

BLUE SPIKE, LLC,                                      §
                                                      §
        Plaintiff,                                    §          CASE NO. 6:12-CV-564-LED
                                                      §
vs.                                                   §          **JURY TRIAL DEMANDED**
                                                      §
ADOBE SYSTEMS, INC.,                                  §
                                                      §
        Defendant.                                    §

BLUE SPIKE, LLC,                                      §
                                                      §
        Plaintiff,                                    §          CASE NO. 6:12-CV-565-LED
                                                      §
vs.                                                   §          **JURY TRIAL DEMANDED**
                                                      §
UMAMI CO.,                                            §
                                                      §
        Defendant.                                    §

BLUE SPIKE, LLC,                                      §
                                                      §
        Plaintiff,                                    §          CASE NO. 6:12-CV-567-LED
                                                      §
vs.                                                   §          **JURY TRIAL DEMANDED**
                                                      §
IRDETO USA, INC., et al.,                             §
                                                      §
        Defendants.                                   §

BLUE SPIKE, LLC,                                      §
                                                      §
        Plaintiff,                                    §          CASE NO. 6:12-CV-568-LED
                                                      §
vs.                                                   §          **JURY TRIAL DEMANDED**

|  | § |  |
|---|---|---|
| ZEITERA, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

| | § | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-570-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| WIOFFER, LLC, | § | |
| | § | |
| Defendant. | § | |

| | § | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-572-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| TECHNICOLOR USA, INC., et al., | § | |
| | § | |
| Defendants. | | |

| | § | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-576-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| AUDIBLE MAGIC CORP., et al., | § | |
| | § | |
| Defendants. | | |

| | § | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-576-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| ROVI CORP. et al., | § | |

|  | § |  |
|---|---|---|
| Defendants. | § |  |

| BLUE SPIKE, LLC, | § |  |
|---|---|---|
|  | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-580-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| YOUWEB, LLC, et al., | § |  |
|  | § |  |
| Defendants. | | |

| BLUE SPIKE, LLC, | § |  |
|---|---|---|
|  | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-5581-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| SMRTV, INC., | § |  |
|  | § |  |
| Defendant. | | |

| BLUE SPIKE, LLC, | § |  |
|---|---|---|
|  | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-582-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| ACTV8, INC., | § |  |
|  | § |  |
| Defendant. | | |

| BLUE SPIKE, LLC, | § |  |
|---|---|---|
|  | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-586-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| BROADCAST MUSIC, INC., et al., | § |  |
|  | § |  |
| Defendants. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 6:12-CV-587-LED |
| vs. | § § | **JURY TRIAL DEMANDED** |
| THE NIELSEN COMPANY (US), LLC, | § § § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 6:12-CV-594-LED |
| vs. | § § | **JURY TRIAL DEMANDED** |
| CBX INTERACTIVE, INC. et al., | § § § | |
| Defendants. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 6:12-CV-595-LED |
| vs. | § § | **JURY TRIAL DEMANDED** |
| CLEAR CHANNEL BROADCASTING, INC., | § § § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 6:12-CV-598-LED |
| vs. | § § | **JURY TRIAL DEMANDED** |
| SOUNDMOUSE LTD., | § § § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-607-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| SECUGEN CORP., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-608-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| ZKTECO, INC., et al., | § | |
| | § | |
| Defendants. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-610-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| FULCRUM BIOMETRICS, LLC, et al., | § | |
| | § | |
| Defendants. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-616-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| FUJITSU AMERICA, INC., et al., | § | |
| | § | |
| Defendants. | | |

| | |
|---|---|
| BLUE SPIKE, LLC, | § |
| | § |

|  |  |  |
|---|---|---|
| Plaintiff, | § | CASE NO. 6:12-CV-645-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| GREEN BIT, INC., et al., | § |  |
|  | § |  |
| Defendants. | § |  |

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC, | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-646-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| TVTAK USA, INC., et al., | § |  |
|  | § |  |
| Defendants. | § |  |

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC, | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-647-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| INNOVATRICS S.R.O, et al., | § |  |
|  | § |  |
| Defendants. | § |  |

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC, | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-648-LED |
|  | § |  |
| vs. | § | **JURY TRIAL DEMANDED** |
|  | § |  |
| BIOLINK SOLUTIONS LTD., et al., | § |  |
|  | § |  |
| Defendants. | § |  |

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC, | § |  |
|  | § |  |
| Plaintiff, | § | CASE NO. 6:12-CV-649-LED |

| | | |
|---|---|---|
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| CROSS MATCH TECHNOLOGIES, INC., et al., | § | |
| | § | |
| Defendants. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-650-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| DIGI-KEY CORP., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-651-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| GRIAULE TECHNOLOGY, LLC, | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-652-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INTEGRATED BIOMETRICS, LLC, | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-680-LED |
| | § | |

| | | |
|---|---|---|
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| L-1 IDENTITY SOLUTIONS, INC., et al., | § | |
| | § | |
| Defendants. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-681-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| LUMIDIGM, INC., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-682-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| BMAT LICENSING, S.L., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-684-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| TV INTERACTIVE SYSTEMS, INC., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-685-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |

| | | |
|---|---|---|
| 3M COGENT, INC., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| | § | |
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-686-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| ANTHEUS TECHNOLOGY, INC., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| | § | |
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-687-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| AWARE, INC., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| | § | |
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-688-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| IMAGEWARE SYSTEMS, INC., | § | |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| | § | |
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-690-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| NEC CORPORATION OF AMERICA, et al., | § | |
| | § | |

Defendants.

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CASE NO. 6:12-CV-694-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| PRECISE BIOMETRICS, INC. et al., | § | |
| | § | |
| Defendants. | | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT VERCURY, INC. TO PLAINTIFF BLUE SPIKE, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Vercury, Inc. ("Vercury"), by and through its counsel, hereby answers the Complaint for Patent Infringement ("Complaint") of Blue Spike, LLC ("Blue Spike") and asserts counterclaims as follows:

### NATURE OF THE SUIT

1.      Vercury admits that this action arises under the patent laws of the United States, Title 35 of the United States Code.

### PARTIES

2.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 2 of the Complaint, and, on that basis, denies them.

3.      Vercury admits the allegations of the first two sentences, and denies the allegations of the third sentence, of paragraph 3 of the Complaint.  In particular, Vercury denies that it does business in the State of Texas or in the Eastern District of Texas.

### JURISDICTION AND VENUE

4.      Vercury admits that this action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  Vercury admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367.

5.      Vercury denies the allegations of paragraph 5 of the Complaint and denies that the Court has personal jurisdiction over Vercury.

6.      Vercury denies the allegations of paragraph 6 of the Complaint and, in particular, denies that venue is proper in this judicial district.

## FACTUAL BACKGROUND

7.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7 of the Complaint, and, on that basis, denies them.

8.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 8 the Complaint, and, on that basis, denies them.

9.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9 the Complaint, and, on that basis, denies them.

10.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10 of the Complaint, and, on that basis, denies them.

11.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 11 of the Complaint, and, on that basis, denies them.

12.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 12 of the Complaint, and, on that basis, denies them.

13.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 13 of the Complaint, and, on that basis, denies them.

14.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 14 of the Complaint, and, on that basis, denies them.

15.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 15 of the Complaint, and, on that basis, denies them.

16.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 16 of the Complaint, and, on that basis, denies them.

17.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 17 of the Complaint, and, on that basis, denies them.

18.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 18 of the Complaint, and, on that basis, denies them.

19.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph19 of the Complaint, and, on that basis, denies them.

20.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 20 of the Complaint, and, on that basis, denies them.

21.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 21 of the Complaint, and, on that basis, denies them.

22.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 22 of the Complaint, and, on that basis, denies them.

23.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 23 of the Complaint, and, on that basis, denies them.

24.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 24 of the Complaint, and, on that basis, denies them.

25.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 25 of the Complaint, and, on that basis, denies them.

26.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 26 of the Complaint, and, on that basis, denies them.

27.     Vercury admits that it makes, uses and offers for sale Vercury Trace.  Except as thus expressly admitted, Vercury denies the allegations of paragraph 27 of the Complaint

28.     Vercury admits the allegations of paragraph 28 of the Complaint.

29.     Vercury denies the allegations of paragraph 29 of the Complaint.

30.     Vercury denies the allegations of paragraph 30 of the Complaint.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31.     Vercury realleges its answers to paragraphs 1 through 30 of the Complaint.

32.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 32 of the Complaint, and, on that basis, denies them.

33.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 33 of the Complaint, and, on that basis, denies them.

34.     Vercury denies the allegations of paragraph 34 of the Complaint.

35.     Vercury denies the allegations of paragraph 35 of the Complaint.

36.     Vercury denies the allegations of paragraph 36 of the Complaint.

37.     Vercury denies the allegations of paragraph 37 of the Complaint.

38.     Vercury denies the allegations of paragraph 38 of the Complaint.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39.     Vercury realleges its answers to paragraphs 1-38 of the Complaint.

40.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 40 of the Complaint, and, on that basis, denies them.

41.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 41 of the Complaint, and, on that basis, denies them

42.     Vercury denies the allegations of paragraph 42 of the Complaint.

43.     Vercury denies the allegations of paragraph 43 of the Complaint.

44.     Vercury denies the allegations of paragraph 44 of the Complaint.

45.     Vercury denies the allegations of paragraph 45 of the Complaint.

46.     Vercury denies the allegations of paragraph 46 of the Complaint.

## COUNT 3

## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47.     Vercury realleges its answers to paragraphs 1-46 of the Complaint.

48.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 48 of the Complaint, and, on that basis, denies them.

49.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 49 of the Complaint, and, on that basis, denies them

50.     Vercury denies the allegations of paragraph 50 of the Complaint.

51.     Vercury denies the allegations of paragraph 51 of the Complaint.

52.     Vercury denies the allegations of paragraph 52 of the Complaint.

53.     Vercury denies the allegations of paragraph 53 of the Complaint.

54.     Vercury denies the allegations of paragraph 54 of the Complaint.

## COUNT 4

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55.     Vercury realleges its answers to paragraphs 1-54 of the Complaint.

56.      Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 57 of the Complaint, and, on that basis, denies them.

57.     Vercury lacks sufficient knowledge or information to admit or deny the allegations of paragraph 57 of the Complaint, and, on that basis, denies them

58.     Vercury denies the allegations of paragraph 58 of the Complaint.

59.     Vercury denies the allegations of paragraph 59 of the Complaint.

60.     Vercury denies the allegations of paragraph 60 of the Complaint.

61.     Vercury denies the allegations of paragraph 61 of the Complaint.

62.     Vercury denies the allegations of paragraph 62 of the Complaint.

## PRAYER FOR RELIEF

63.     Vercury denies that Blue Spike is entitled to any of the relief it requested.

## GENERAL DENIAL

64.     To the extent that any allegations of the Complaint are not specifically admitted, Vercury hereby denies them.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

65.     The Complaint fails to state a claim upon which relief can be granted because Vercury has not performed any act, and is not proposing to perform any act, in violation of any rights validly belonging to Blue Spike.

### Second Affirmative Defense
### (Non-Infringement)

66.     As and for a separate affirmative defense, Vercury alleges that it has not and does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### Third Affirmative Defense
### (Invalidity/Unenforceability)

67.     As and for a separate affirmative defense, Vercury alleges that the patents-in-suit are invalid and/or unenforceable for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

### Fourth Affirmative Defense
### (Patent Marking)

68.     As and for a separate affirmative defense, Vercury alleges that any claim for damages for patent infringement by Vercury is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Fifth Affirmative Defense
### (Limitation on Damages)

69.     As and for a separate affirmative defense, Vercury alleges that Blue Spike's damages, if any, are limited pursuant to 35 U.S.C. §§ 286 and 288.

### Sixth Affirmative Defense
### (Prosecution History Estoppel)

70.     As and for a separate affirmative defense, by reason of proceedings in the USPTO during the prosecution of the application resulting in the patents-in-suit, as shown by their file history, and by reason of the amendment, cancellation and/or abandonment of claims, and the

admissions and other amendments made therein by or on behalf of the patentees, Blue Spike is estopped to claim a construction of the patents-in-suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by Vercury.

**Seventh Affirmative Defense**
**(Adequate Remedy Other Than Injunctive Relief)**

71.     As and for a separate affirmative defense, Blue Spike is not entitled to injunctive relief because any alleged injury to Vercury is not immediate or irreparable, and Blue Spike has an adequate remedy at law.

**Eighth Affirmative Defense**
**(Laches)**

72.     As and for a separate affirmative defense, Vercury alleges on information and belief that any claim of patent infringement against Vercury concerning the patents-in-suit is barred by the doctrine of laches.

## COUNTERCLAIMS

Defendant/Counterclaimant Vercury brings the following counterclaims against Plaintiff/Counterdefendant Blue Spike:

### THE PARTIES

1.     Defendant/Counterclaimant Vercury is a Delaware corporation with its principal place of business in Palo Alto, California.

2.     On information and belief, Blue Spike is a Texas limited liability company with its principal place of business in Tyler, Texas.

### JURISDICTION AND VENUE

3.     This is an action for declaratory relief.  This Court has jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.  An actual, substantial and continuing justiciable controversy exists between Vercury and Blue Spike, with respect to which Vercury requires a declaration of its rights by this Court.  Specifically, the controversy

7

relates to the invalidity and non-infringement of U.S. Patent Nos. 8,214,175 (the '175 Patent), 7,949,494 (the '494 Patent), 7,660,700 (the '700 Patent), and 7,346,472 (the '472 Patent), and to the right of Blue Spike to maintain a suit for alleged infringement of the '175 Patent, the '494 Patent, the '700 Patent and the '472 Patent (collectively the "patents-in suit") against Vercury.

4.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Blue Spike submitted to the venue of this Court by filing its Complaint here.  Moreover, venue is also proper because Vercury's counterclaims relate to Blue Spike's claims, which are before this Court.

**FACTS**

5.      Blue Spike has accused Vercury of directly and/or indirectly making, using, selling, and/or offering for sale in the United States systems and methods which infringe the patents-in-suit.  Vercury denies that it infringes the patents-in-suit and further believes that the patents-in-suit are invalid.

6.      An actual case or controversy exists between the parties concerning the invalidity and non-infringement of the Patents-In-Suit, and that controversy is ripe for adjudication by this Court.

**First Counterclaim**
**(Declaration of Non-Infringement of the Patents-In-Suit)**

7.      Vercury hereby incorporates and realleges paragraphs 1 through 6 of these Counterclaims.

8.      Blue Spike alleges that it owns the Patents-in-Suit and has brought suit against Vercury for infringement of the  '175 Patent, the '494 Patent, the '700 Patent and the '472 Patent.

9.      Vercury has not made, used, sold, or offered for sale in the United States any system or method that infringes any claim of the  '175 Patent, the '494 Patent, the '700

8

Patent or the '472 Patent

10.     An actual case or controversy exists between Blue Spike and Vercury, based on Blue Spike having filed its Complaint against Vercury alleging infringement of the Patents-in-Suit.

11.     Vercury has been injured and damaged by Blue Spike filing a complaint asserting that Vercury infringes the Patents-in-Suit.

12.     Declaratory relief is both appropriate and necessary to establish that Vercury has not made, used, sold, offered for sale in the United States any system or method that infringes any claim of the '175 Patent, the '494 Patent, the '700 Patent or the '472 Patent.

## Second Counterclaim
### (Declaration of Invalidity of the '472, '700, '494 and '175 Patents)

13.     Vercury hereby incorporates and realleges paragraphs 1 through 7 of these Counterclaims.

14.     Vercury is informed and believes that the '175 Patent, the '494 Patent, the '700 Patent and the '472 Patent are each invalid for one or more of the reasons alleged in the Affirmative Defenses of the Answer by Vercury, which paragraphs are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

15.     An actual case or controversy exists between Blue Spike and Vercury, based on Blue Spike having filed its Complaint against Vercury alleging infringement of Patents-in-Suit.

16.     Vercury has been injured and damaged by Blue Spike filing a complaint asserting that Vercury infringes the  '175 Patent, the '494 Patent, the '700 Patent and the '472 Patent, each of which is invalid.

17.     Declaratory relief is both appropriate and necessary to establish that the

Patents-in-Suit are each invalid.

## PRAYER FOR RELIEF

WHEREFORE, Vercury prays for relief as follows:

A.      Blue Spike's Complaint be dismissed with prejudice and Blue Spike recover nothing thereon;

B.      For an entry of judgment in favor of Vercury and against Blue Spike;

C.      For an entry of judgment declaring that Vercury has not infringed any of the '175 Patent, the '494 Patent, the '700 Patent or the '472 Patent;

D.      For an entry of judgment declaring that the '175 Patent, the '494 Patent, the '700 Patent and the '472 Patent patents are each invalid;

E.      For costs and attorneys' fees in connection with the Complaint and the Counterclaims pursuant to 35 U.S.C. § 285;

F.      For interest thereon at the legal rate; and

G.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Vercury demands a trial by jury of all claims and issues so triable.

Dated:  October 25, 2012              Respectfully submitted,

> _/s/ Ian N. Feinberg_
> Margaret Elizabeth Day (CA Bar No. 177125)
> Admitted to Practice
> Email:  eday@feinday.com
> Ian N. Feinberg (CA Bar No. 88324)
> Pro Hac Vice
> Email: ifeinberg@feinday.com
> FEINBERG DAY ALBERTI & THOMPSON LP
> 401 Florence Street, Suite 200
> Palo Alto, CA 94301
> Telephone:  (650) 618.4360
> Facsimile:   (650) 618.4368

Attorneys for Defendant
VERCURY, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this documents was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this 25th day of October, 2012.

*/s/ Ian N. Feinberg*
Ian N. Feinberg

12