IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>         Defendant. | § § § § § § § § § § § § | Civil Action No.: 6:12-cv-00499-LED<br><br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>PEER MEDIA TECHNOLOGIES, INC.,<br><br>         Defendant. | § § § § § § § § § § § § § | Civil Action No.: 6:12-CV-529 -LED<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANT PEER MEDIA TECHNOLOGIES, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, PEER MEDIA TECHNOLOGIES, INC. ("PEER MEDIA") responds to the Complaint of BLUE SPIKE, LLC ("BLUE SPIKE"), and states:

**ANSWER**

**NATURE OF SUIT**

1.   PEER MEDIA admits that the Complaint alleges a claim of patent infringement arising under the patent laws of Title 35 of the United States Code.

1

## PARTIES

2. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, denies the allegations in Paragraph 2.

3. PEER MEDIA admits that it is a Delaware corporation, having its principal place of business at 9046 Lindblade Street, Culver City, California 90232, and that it can be served with process through its registered agent, Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, Delaware 19958. PEER MEDIA denies the remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. PEER MEDIA admits that the Complaint is a claim of patent infringement that arises under the laws of the United States, 35 U.S.C. § 101, et seq., and that this Court has subject matter jurisdiction over this action.

5. PEER MEDIA denies the allegations in Paragraph 5.

6. PEER MEDIA denies the allegations in Paragraph 6.

## FACTUAL BACKGROUND

7. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies the allegations in Paragraph 7.

8. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies the allegations in Paragraph 8.

9. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies the allegations in Paragraph 9.

10. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies the allegations in Paragraph 10.

11. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies the allegations in Paragraph 11.

12. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies the allegations in Paragraph 12.

13. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies the allegations in Paragraph 13.

14. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies the allegations in Paragraph 14.

15. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies the allegations in Paragraph 15.

16. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies the allegations in Paragraph 16.

17. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies the allegations in Paragraph 17.

18. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies the allegations in Paragraph 18.

19. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies the allegations in Paragraph 19.

20. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies the allegations in Paragraph 20.

21. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies the allegations in Paragraph 21.

22. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies the allegations in Paragraph 22.

23. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies the allegations in Paragraph 23.

24. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies the allegations in Paragraph 24.

25. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies the allegations in Paragraph 25.

26. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies the allegations in Paragraph 26.

27. PEER MEDIA admits that it designs and develops technology for content protection, copyright enforcement and digital piracy measurement. PEER MEDIA further admits that it provides protection, notification and information services to clients. PEER MEDIA denies the remaining allegations contained in Paragraph 27.

28. PEER MEDIA admits the allegations in Paragraph 28.

29. PEER MEDIA denies the allegations in Paragraph 29.

30. PEER MEDIA denies the allegations in Paragraph 30.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8, 214, 175

31. PEER MEDIA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 30 above.

32. PEER MEDIA admits that, on its face, United States Patent No. 8,214,175 (the "'175 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 32 and, on that basis, denies the remaining allegations in Paragraph 32.

33. PEER MEDIA admits that, on its face, Exhibit A appears to be a copy of the '175 Patent, issued on July 3, 2012. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 33 and, on that basis, denies the remaining allegations in Paragraph 33. To the extent Paragraph 33 states legal conclusions, PEER MEDIA is not required to respond.

34. PEER MEDIA denies the allegations contained in Paragraph 34.

35. PEER MEDIA denies the allegations contained in Paragraph 35.

36. PEER MEDIA denies the allegations contained in Paragraph 36.

37. PEER MEDIA denies the allegations contained in Paragraph 37.

38. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies the allegations in Paragraph 38. To the extent Paragraph 38 states legal conclusions, PEER MEDIA is not required to respond.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT 7,949,494

39. PEER MEDIA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 38 above.

40. PEER MEDIA admits that, on its United States Patent No. 7,949,494, (the "'494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." PEER MEDIA

lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40 and, on that basis, denies the remaining allegations in Paragraph 40.

41. PEER MEDIA admits that, on its face, Exhibit B appears to be a copy of the '494 Patent, issued on May 24, 2011. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41 and, on that basis, denies the remaining allegations in Paragraph 41. To the extent Paragraph 41 states legal conclusions, PEER MEDIA is not required to respond.

42. PEER MEDIA denies the allegations contained in Paragraph 42.

43. PEER MEDIA denies the allegations contained in Paragraph 43.

44. PEER MEDIA denies the allegations contained in Paragraph 44.

45. PEER MEDIA denies the allegations contained in Paragraph 45.

46. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies the allegations in Paragraph 46. To the extent Paragraph 46 states legal conclusions, PEER MEDIA is not required to respond.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. PEER MEDIA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 46 above.

48. PEER MEDIA admits that, on its face, United States Patent No. 7,660,700 (the "'700 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 48 and, on that basis, denies the remaining allegations in

Paragraph 48. To the extent Paragraph 48 states legal conclusions, PEER MEDIA is not required to respond.

49. PEER MEDIA admits that, on its face, Exhibit C appears to be a copy of the '700 Patent, issued on February 9, 2012. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 49 and, on that basis, denies the remaining allegations in Paragraph 49. To the extent Paragraph 49 states legal conclusions, PEER MEDIA is not required to respond.

50. PEER MEDIA denies the allegations contained in Paragraph 50.

51. PEER MEDIA denies the allegations contained in Paragraph 51.

52. PEER MEDIA denies the allegations contained in Paragraph 52.

53. PEER MEDIA denies the allegations contained in Paragraph 53.

54. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies the allegation in Paragraph 54. To the extent Paragraph 54 states legal conclusions, PEER MEDIA is not required to respond.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO 7,346,472

55. PEER MEDIA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 54 above.

56. PEER MEDIA admits that, on its face, United States Patent No. 7,346,472 (the "'472 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 56 and, on that basis, denies the remaining allegations in

Paragraph 56. To the extent Paragraph 56 states legal conclusions, PEER MEDIA is not required to respond.

57. PEER MEDIA admits that, on its face, Exhibit D appears to be a copy of the '472 Patent, issued on March 18, 2008. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57 and, on that basis, denies the remaining allegations in Paragraph 57. To the extent Paragraph 57 states legal conclusions, PEER MEDIA is not required to respond.

58. PEER MEDIA denies the allegations contained in Paragraph 58.

59. PEER MEDIA denies the allegations contained in Paragraph 59.

60. PEER MEDIA denies the allegations contained in Paragraph 60.

61. PEER MEDIA denies the allegations contained in Paragraph 61.

62. PEER MEDIA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62, and, on that basis, denies the allegations in Paragraph 62. To the extent Paragraph 62 states legal conclusions, PEER MEDIA is not required to respond.

## GENERAL DENIAL

63. Except as expressly admitted above, and to the extent a response is deemed required, PEER MEDIA denies each and every allegation of BLUE SPIKE's claims.

## REQUEST FOR RELIEF

64. No response is requires to the Request Relief, which sets forth the statement of relief that BLUE SPIKE requests. PEER MEDIA denies all allegations of patent infringement contained in the Request for Relief, and denies that BLUE SPIKE is entitled to any of the relief requested.

## DEMAND FOR JURY TRIAL

65. PEER MEDIA admits that BLUE SPIKE demands a trial by jury as to all issues so triable and PEER MEDIA hereby demands a trial by jury.

## RESERVATION OF RIGHTS

66. PEER MEDIA reserves the right to amend its answer as appropriate or as may be revealed through discovery.

## AFFIRMATIVE DEFENSES

PEER MEDIA reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other affirmative defenses, at or equity, including inequitable conduct, that may now or in the future be available identified based on discovery or further factual investigation.  The assertion of a defense is not a concession that PEER MEDIA has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

1. This Court lacks personal jurisdiction over PEER MEDIA.

## SECOND AFFIRMATIVE DEFENSE
### (Improper Venue)

2. Venue is improper for this action against PEER MEDIA in the Eastern District of Texas.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State Claim)

3. BLUE SPIKE fails to state any claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

4. On information and belief, BLUE SPIKE lacks standing to assert U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700 and 7,346,472 (the "Patents-in-Suit").

## FIFTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

5. PEER MEDIA has not willfully or otherwise infringed the Patents-in-Suit either directly, indirectly, literally or under the Doctrine of Equivalents, and has not induced or contributed to any activities of another which constitute an infringement of any valid and enforceable claim of the Patents-in-Suit.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity)

6. Each of the Patents-in-Suit has been, and is, invalid and void on the ground that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in Title 35, United States Code, including, but not limited to:

    a. § 101 (through non-patentability or usefulness of the purported invention);

    b. § 102 (through anticipation; prior sale, public use, or printed publication; abandonment; and/or derivation of the purported invention);

    c. § 103 (through obviousness of the purported invention);

    d. § 112 (through lack of enablement; failure to disclose the best mode; failure to include adequate written description; and/or vagueness of the description of the purported invention); and/or

    e. § 132 (through rejection of the purported invention).

### SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

7. BLUE SPIKE's Complaint and the relief requested therein regarding any asserted claims of the Patents-in-Suit are barred by the doctrine of prosecution history estoppel or disclaimer based on statements, representations, and admissions made during the prosecution of the patent application resulting in the Patents-in-Suit and related or similar patent applications before the United States Patent and Trademark Office.

### EIGHTH AFFIRMATIVE DEFENSE
### (Prior Art Estoppel)

8. BLUE SPIKE's patent claims are barred in whole or in part by the doctrine of prior art estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

9. BLUE SPIKE's patent claims are barred because BLUE SPIKE has impermissibly broadened the physical and/or temporal scope of the grants of the Patents-in-Suit with anticompetitive effect.

### TENTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

10. Upon information and belief, each of the Patents-in-Suit is void and unenforceable by reason of BLUE SPIKE's inequitable conduct in the presentation and prosecution, in the United States Patent and Trademark Office, of the application for such patents.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Laches/Waiver)

11. BLUE SPIKE is estopped and barred by the doctrine of laches and waiver from maintaining its claims for infringement and failing to prosecute the same within a reasonable time after BLUE SPIKE knew or should have known of all the facts and of all the acts of PEER MEDIA alleged in BLUE SPIKE's Complaint.

### TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

12. BLUE SPIKE is not entitled to any relief or recovery by reason of its coming into this Court with unclean hands in seeking to enforce patents which it knows to be invalid, void, unenforceable and/or not infringed.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

13. BLUE SPIKE has an adequate remedy at law for any alleged infringement of the Patents-in-Suit, and no basis exists for a grant of equitable relief.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

14. PEER MEDIA reserves the right to amend its affirmative defenses and allege further defenses as appropriate or as may be revealed through discovery.

### **PRAYER FOR RELIEF**

WHEREFORE, PEER MEDIA respectfully requests entry of final judgment in favor of PEER MEDIA and against BLUE SPIKE that:

(a) BLUE SPIKE's Complaint against PEER MEDIA be dismissed in its entirety with prejudice;

(b) BLUE SPIKE is not entitled to the relief requested in its Complaint, or to any relief whatever;

   (c)  The Patents-in-Suit are invalid, void, and/or unenforceable against PEER MEDIA;

   (d)  Each of the Patents-in-Suit has never been, and is not now, infringed by PEER MEDIA, or by any other person using PEER MEDIA's products;

   (e)  No damages or royalties are due or owing by PEER MEDIA for any of the acts alleged by BLUE SPIKE in its Complaint;

   (f)  PEER MEDIA is entitled to an award of its attorneys' fees and costs as appropriate; and

   (g)  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, PEER MEDIA respectfully requests a jury trial on all issues so triable.

Dated: October 25, 2012

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay (State Bar No. 00789886)
Brian Craft (State Bar No. 04972020)
Walter W. Lackey, Jr. (State Bar No. 24050901)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com
wlackey@findlaycraft.com

*Attorneys for Defendant, Peer Media Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2012, I electronically filed the foregoing **DEFENDANT, PEER MEDIA TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

/s/ *Eric H. Findlay*
Eric H. Findlay