**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No.: 6:12-cv-00499-LED** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No.: 6:12-CV-531-LED** |
| | § | |
| **BIO-KEY INTERNATIONAL, INC.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT BIO-KEY INTERNATIONAL, INC.'S
ANSWER TO ORIGINAL COMPLAINT FOR PATENT
INFRINGEMENT, AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant BIO-key International, Inc. ("BIO-key") hereby submits this Answer to the Original Complaint for Patent Infringement filed by Plaintiff Blue Spike, LLC ("Blue Spike"), and Affirmative Defenses and Counterclaims.  BIO-key denies each of the allegations of the Original Complaint ("Complaint") unless expressly admitted herein.

## NATURE OF THE SUIT

1.      BIO-key admits that the Complaint purports to set forth a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code.  To the extent paragraph 1 may be construed to assert factual allegations against BIO-key, BIO-key denies these allegations.

## PARTIES

2.      BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies these allegations.

3.      BIO-key admits that it is a Delaware corporation, having its principal place of business at 3349 Highway 138, Building D, Suite A, Wall, New Jersey 07719 and that it has transacted business in this District.  To the extent that the remaining allegations in paragraph 3 of the Complaint purport to state legal conclusions, no response from BIO-key is required.  To the extent a response is required, BIO-key denies the allegations set forth in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      BIO-key admits that the Complaint purports to set forth a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and that this Court has subject matter jurisdiction over causes of action alleging patent infringement.  BIO-key denies that it has infringed any valid claim of any of the United States Patents referenced in the Complaint.

5.      BIO-key admits that it has transacted business in this judicial district.  BIO-key denies the allegations of paragraph 5 with respect to any allegations made against BIO-key.  BIO-key specifically denies that it has committed, contributed to, or induced acts of patent infringement in this District or elsewhere in Texas.  The remaining allegations of paragraph 5 of the Complaint

set forth legal conclusions, to which no response is required.  To the extent a response is required, BIO-key denies the allegations set forth in paragraph 5 of the Complaint.

6.      BIO-key admits that it has transacted business in this judicial district.  BIO-key denies that it has committed acts of patent infringement in this district or elsewhere in Texas.  The remaining allegations of paragraph 6 of the Complaint set forth legal conclusions, to which no response is required.  To the extent a response is required, BIO-key denies the allegations set forth in paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

**A.      Moskowitz's History**

7.      BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies these allegations.

8.      BIO-key admits that Moskowitz is listed as an inventor on each of the Patents-in-Suit. BIO-key is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint, and therefore denies these allegations.

9.      BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies these allegations.

10.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies these allegations.

11.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore denies these allegations.

12.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore denies these allegations.

13.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore denies these allegations.

14.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies these allegations.

15.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore denies these allegations.

16.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore denies these allegations.

17.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore denies these allegations.

18.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore denies these allegations.

19.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore denies these allegations.

20.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore denies these allegations.

**B.      Patents-in-Suit**

21.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore denies these allegations.

22.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore denies these allegations.

23.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore denies these allegations.

24.     BIO-key is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore denies these allegations.

25.     BIO-key denies the allegations set forth in paragraph 25 of the Complaint.

26.     BIO-key denies the allegations set forth in paragraph 26 of the Complaint.

**C.     The Accused Products and Services**

27.     BIO-key admits that it designs, develops and manufacturers fingerprint-based biometric software, systems and technology.   BIO-key admits that it makes, uses and/or offers for sale products, systems and/or services including its Vector Segment Technology (VST) Software Development Kit, WEB-key Software Development Kit, Biometric Service Provider (BSP) Software Development Kit, and True User ID Rapid Deployment Kit ("Accused Products"). BIO-key denies that any of the Accused Products infringe any of the claims of the Patents-in-Suit.

28.     BIO-key admits the allegations set forth in paragraph 28 of the Complaint.

29.     BIO-key denies the allegations set forth in paragraph 29 of the Complaint.

30.     BIO-key denies the allegations set forth in paragraph 30 of the Complaint.

**COUNT 1:**
**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

31.     BIO-key repeats and incorporates by reference its response to each and every allegation contained in paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.     Paragraph 32 of the Complaint sets forth legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations set forth in paragraph 32 of the Complaint.

33.     BIO-key admits that a copy of the '175 Patent appears to be attached to the Complaint as Exhibit A.  BIO-key further admits that on its face, the '175 Patent states an issue date of July 3, 2012.  BIO-key denies the remaining allegations set forth in paragraph 33 of the Complaint.

34.     The allegations set forth in paragraph 34 of the Complaint state legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations set forth in paragraph 34 of the Complaint.

35.     BIO-key denies the allegations set forth in paragraph 35 of the Complaint.

36.     BIO-key denies the allegations set forth in paragraph 36 of the Complaint.

37.     BIO-key denies the allegations set forth in paragraph 37 of the Complaint.

38.     The allegations set forth in paragraph 38 of the Complaint state legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations set forth in paragraph 38 of the Complaint.

**COUNT 2:**
**INFRINGEMENT OF U.S. PATENT NO. 7,949,494**

39.     BIO-key repeats and incorporates by reference its response to each and every allegation contained in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     Paragraph 40 of the Complaint sets forth legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations of paragraph 40 of the Complaint.

41.     BIO-key admits that a copy of the '494 Patent appears to be attached to the Complaint as Exhibit B.   BIO-key further admits that on its face, the '494 Patent states an issue date of May 24, 2011.  BIO-key denies the remaining allegations set forth in paragraph 41 of the Complaint.

42.     The allegations set forth in paragraph 42 of the Complaint state legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations set forth in paragraph 42 of the Complaint.

43.     BIO-key denies the allegations set forth in paragraph 43 of the Complaint.

44.     BIO-key denies the allegations set forth in paragraph 44 of the Complaint.

45.     BIO-key denies the allegations set forth in paragraph 45 of the Complaint.

46.     The allegations set forth in paragraph 46 of the Complaint state legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations set forth in paragraph 46 of the Complaint.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47.     BIO-key repeats and incorporates by reference its response to each and every allegation contained in paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.     Paragraph 48 of the Complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, BIO-key denies the allegations of paragraph 48 of the Complaint.

49.     BIO-key admits that a copy of the '700 Patent appears to be attached to the Complaint as Exhibit C.   BIO-key further admits that on its face, the '700 Patent states an issue date of February 9, 2010.   BIO-key denies the remaining allegations set forth in paragraph 49 of the Complaint.

50.     The allegations set forth in paragraph 50 of the Complaint state legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations set forth in paragraph 50 of the Complaint.

51.     BIO-key denies the allegations set forth in paragraph 51 of the Complaint.

52.     BIO-key denies the allegations set forth in paragraph 52 of the Complaint.

53.     BIO-key denies the allegations set forth in paragraph 53 of the Complaint.

54.     The allegations set forth in paragraph 54 of the Complaint state legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations set forth in paragraph 54 of the Complaint.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55.     BIO-key repeats and incorporates by reference its response to each and every allegation contained in paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.     Paragraph 56 of the Complaint sets forth legal conclusions, to which no response is required.  To the extent a response is required, BIO-key denies the allegations of paragraph 56 of the Complaint.

57.     BIO-key admits that a copy of the '472 Patent appears to be attached to the Complaint as Exhibit D.  BIO-key further admits that on its face, the '472 Patent states an issue date of March 18, 2008.  BIO-key denies the remaining allegations set forth in paragraph 57 of the Complaint.

58.     The allegations set forth in paragraph 58 of the Complaint state legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations set forth in paragraph 58 of the Complaint.

59.     BIO-key denies the allegations set forth in paragraph 59 of the Complaint.

60.     BIO-key denies the allegations set forth in paragraph 60 of the Complaint.

61.     BIO-key denies the allegations set forth in paragraph 61 of the Complaint.

62.     The allegations set forth in paragraph 62 of the Complaint state legal conclusions, to which no response is required.   To the extent a response is required, BIO-key denies the allegations set forth in paragraph 62 of the Complaint.

### REQUEST FOR RELIEF

Paragraphs (a) through (d) under the "Request for Relief" section of the Complaint set forth the relief requested by Blue Spike, to which no response is required.  BIO-key denies that it has infringed any valid claim of any United States patent referenced in the Complaint and denies that Blue Spike is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

The "Demand for Jury Trial" section of the Complaint sets forth Blue Spike's request for a jury trial, to which no response is required.  As set forth below, BIO-key requests a trial by jury on all issues so triable in this action.

## BIO-KEY'S AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, BIO-key asserts the following affirmative/additional defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

BIO-key does not infringe, has never infringed, and has neither induced nor contributed to the infringement of, any of the patents asserted against BIO-key in this action.

## THIRD AFFIRMATIVE DEFENSE

The claims of the patents asserted against BIO-key are invalid because they fail to satisfy the conditions for patentability stated in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103 and 112.

## FOURTH AFFIRMATIVE DEFENSE

Blue Spike's claim for damages is barred or limited by 35 U.S.C. §§ 286, 287, 288 and/or the limitations period.

## FIFTH AFFIRMATIVE DEFENSE

Blue Spike's claim for injunctive relief is barred because it has an adequate remedy at law, it has not been irreparably injured, the balance of the hardships is not in its favor, and the public interest is not served by the granting of injunctive relief.

## SIXTH AFFIRMATIVE DEFENSE

Blue Spike's claims are barred or limited by the doctrines of waiver, laches, estoppel and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Blue Spike's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Blue Spike's claims are barred, in whole or part, because Blue Spike has failed to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Blue Spike cannot prove that this is an exceptional case justifying an award of attorneys' fees against BIO-key, pursuant to 35 U.S.C. § 285.

## RESERVATION OF RIGHTS

BIO-key reserves the right to amend its Answer, to assert additional defenses that may become known during discovery or otherwise, and/or to file additional actions.

## COUNTERCLAIMS

BIO-key International, Inc. ("BIO-key") hereby asserts the following counterclaims against Blue Spike, LLC ("Blue Spike"):

## PARTIES

1.      Counterclaim Plaintiff BIO-key is a Delaware corporation with its principal place of business at 3349 Highway 138, Building D, Suite A, Wall, New Jersey 07719.

2.      Upon information and belief, including the allegations made by Blue Spike in paragraph 2 of its Complaint, Counterclaim Defendant Blue Spike is a Texas limited liability company with its principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

### JURISDICTION AND VENUE

3.      These counterclaims arise under the patent laws of the United States, as enacted under Title 35 of the United States Code.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, because this case arises under the patent laws of the United States, and under 28 U.S.C. §§ 2201-2202 because an actual controversy exists between BIO-key on one hand and Blue Spike on the other.

4.      These counterclaims arise out of the same transaction or occurrence that is the subject matter of Blue Spike's Complaint.  This Court has personal jurisdiction over Blue Spike because Blue Spike itself has submitted to the jurisdiction of this Court by filing its Complaint in this judicial district.   The acts committed by Blue Spike that are the basis of this declaratory judgment action occurred in this judicial district.

5.      In its Complaint, Blue Spike alleges that BIO-key infringes:  United States Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent) (collectively, the "patents asserted against BIO-key").  Because BIO-key denies that it infringes, or has ever infringed, any valid claim of any of the patents asserted against BIO-key, an actual and justifiable controversy has arisen and now exists between BIO-key and Blue Spike as to whether BIO-key infringes, or has ever infringed, any claim of the patents asserted against BIO-key, and as to whether such patents are invalid.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to these counterclaims occurred in this district, and because Blue Spike consented to venue by filing its Complaint in this district.

### COUNT 1:  DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,346,472

7.      The allegations of paragraphs 1 through 6 of these counterclaims are incorporated by reference as if fully set forth herein.

8.      BIO-key does not infringe and has not infringed, directly or indirectly, willfully, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, any claim of the '472 patent.

### COUNT 2:  DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,660,700

9.      The allegations of paragraphs 1 through 8 of these counterclaims are incorporated by reference as if fully set forth herein.

10.      BIO-key does not infringe and has not infringed, directly or indirectly, willfully, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, any claim of the '700 patent.

### COUNT 3:  DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,949,494

11.      The allegations of paragraphs 1 through 10 of these counterclaims are incorporated by reference as if fully set forth herein.

12.      BIO-key does not infringe and has not infringed, directly or indirectly, willfully, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, any claim of the '494 patent.

## COUNT 4:  DECLARATORY RELIEF REGARDING
## NON-INFRINGEMENT OF U.S. PATENT NO. 8,214,175

13.     The allegations of paragraphs 1 through 12 of these counterclaims are incorporated by reference as if fully set forth herein.

14.     BIO-key does not infringe and has not infringed, directly or indirectly, willfully, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, any claim of the '175 patent.

## COUNT 5:  DECLARATORY RELIEF REGARDING
## INVALIDITY OF U.S. PATENT NO. 7,346,472

15.     The allegations of paragraphs 1 through 14 of these counterclaims are incorporated by reference as if fully set forth herein.

16.     The claims of the '472 patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT 6:  DECLARATORY RELIEF REGARDING
## INVALIDITY OF U.S. PATENT NO. 7,660,700

17.     The allegations of paragraphs 1 through 16 of these counterclaims are incorporated by reference as if fully set forth herein.

18.     The claims of the '700 patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT 7:  DECLARATORY RELIEF REGARDING
## INVALIDITY OF U.S. PATENT NO. 7,949,494

19.     The allegations of paragraphs 1 through 18 of these counterclaims are incorporated by reference as if fully set forth herein.

20.     The claims of the '494 patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

### COUNT 8:  DECLARATORY RELIEF REGARDING
### INVALIDITY OF U.S. PATENT NO. 8,214,175

21.     The allegations of paragraphs 1 through 20 of these counterclaims are incorporated by reference as if fully set forth herein.

22.     The claims of the '175 patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

### DEMAND FOR JURY TRIAL

BIO-key hereby demands a trial by jury on all issues so triable in this action.

### REQUEST FOR RELIEF

BIO-key respectfully requests that the Court grant the following relief:

A.      Declare and enter judgment that BIO-key does not infringe, and has not infringed, directly or indirectly, willfully, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, any claim of the patents asserted against BIO-key;

B.      Declare and enter judgment that the claims of the patents asserted against BIO-key are invalid;

C.      Enter judgment dismissing Blue Spike's Complaint with prejudice and denying Blue Spike any and all of the relief it has requested in this action;

D.      Enter judgment determining that this case is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding BIO-key its costs and reasonable attorneys' fees; and

E.      Enter such further relief the Court deems just in the circumstances.

Date: October 26, 2012

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay (State Bar No. 00789886)
Brian Craft (State Bar No. 04972020)
Walter W. Lackey, Jr. (State Bar No. 24050901)
FINDLAY CRAFT LLP
6760 Old Jacksonville Highway
Suite 101
Tyler, TX 75703
Phone:  903 571 696
efindlay@findlaycraft.com
bcraft@findlaycraft.com
wlackey@findlaycraft.com


-and-

Carlos Perez-Albuerne
Dana Leigh Popkave
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
cperez@choate.com
dpopkave@choate.com

(Pro Hac Vice Applications to be filed)


ATTORNEYS FOR DEFENDANT BIO-KEY
INTERNATIONAL, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 26, 2012, I electronically filed the foregoing **DEFENDANT BIO-KEY INTERNATIONAL, INC.'S ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT, AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

/s/ *Eric H. Findlay*
Eric H. Findlay