IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| *Plaintiff*, | § § § | Civil Action No. 6:12-CV-499 (*Consolidated from 6:12-CV-502*) |
| v. | § § | JURY TRIAL DEMANDED |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | |
| *Defendants*. | § § | |

**PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT
IPHARRO'S COUNTERCLAIMS**

Plaintiff Blue Spike, LLC files this Reply to the Counterclaims of iPharro Media, Inc. ("iPharro" or "Defendant") (Dkt. No. 15) as follows. All allegations not expressly admitted or responded to by Plaintiff are denied.

**PARTIES**

1. Plaintiff admits the allegations of Paragraph 1, upon information and belief.

2. Plaintiff admits the allegations of Paragraph 2.

**JURISDICTION AND VENUE**

3. Plaintiff admits that this Court has subject matter jurisdiction over Defendant's Declaratory Judgment claims.

4. Plaintiff admits that venue is proper in this District.

5. Plaintiff admits that it is subject to personal jurisdiction in this Court.

**COUNT ONE
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT
OF U.S. PATENT NO. 8,214,175)**

6. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 5 above.

7. The allegations in Paragraph 7 are admitted.

8. The allegations in Paragraph 8 are admitted.

9. The allegations in Paragraph 9 are denied.

10. The allegations in Paragraph 10 are denied.

11. Plaintiff admits there is an actual controversy.

12. The allegations in Paragraph 12 are denied.

## COUNT TWO
### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,214,175)

13. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 12 above.

14. The allegations in Paragraph 14 are denied.

15. Plaintiff admits there is an actual controversy.

16. The allegations in Paragraph 16 are denied.

## COUNT THREE
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,949,494)

17. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 16 above.

18. The allegations in Paragraph 18 are admitted.

19. The allegations in Paragraph 19 are admitted.

20. The allegations in Paragraph 20 are denied.

21. The allegations in Paragraph 21 are denied.

22. Plaintiff admits there is an actual controversy.

23. The allegations in Paragraph 23 are denied.

## COUNT FOUR
## (DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,949,494)

24. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 23 above.

25. The allegations in Paragraph 25 are denied.

26. Plaintiff admits there is an actual controversy.

27. The allegations in Paragraph 27 are denied.

## COUNT FIVE
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 7,660,700)

28. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 27 above.

29. The allegations in Paragraph 29 are admitted.

30. The allegations in Paragraph 30 are admitted.

31. The allegations in Paragraph 31 are denied.

32. The allegations in Paragraph 32 are denied.

33. Plaintiff admits there is an actual controversy.

34. The allegations in Paragraph 34 are denied.

## COUNT SIX
## (DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,660,700)

35. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 34 above.

36. The allegations in Paragraph 36 are denied.

37. Plaintiff admits there is an actual controversy.

38. The allegations in Paragraph 38 are denied.

## COUNT SEVEN
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 7,346,472)

39. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 38 above.

40. The allegations in Paragraph 40 are admitted.

41. The allegations in Paragraph 41 are admitted.

42. The allegations in Paragraph 42 are denied.

43. The allegations in Paragraph 43 are denied.

44. Plaintiff admits there is an actual controversy.

45. The allegations in Paragraph 45 are denied.

## COUNT EIGHT
## (DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,346,472)

46. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 45 above.

47. The allegations in Paragraph 47 are denied.

48. Plaintiff admits there is an actual controversy.

49. The allegations in Paragraph 49 are denied.

### PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to any of the relief it requests.

### PLAINTIFF'S PRAYER FOR RELIEF

In addition to the relief requested in Plaintiff's Original Complaint, Plaintiff respectfully requests a judgment against Defendant as follows:

(a) That Defendant take nothing by its Counterclaims;

(b)     That the Court award Plaintiff its costs and attorneys' fees incurred in defending against these Counterclaims; and

(c)     Any and all further relief for the Plaintiff as the Court may deem just and proper.

Dated: October 29, 2012

Respectfully submitted,

 /s/ Randall T. Garteiser 
Randall T. Garteiser
Lead Attorney
Texas Bar No. 24038912
randall.garteiser@sftrialattorneys.com
Christopher A. Honea
Texas Bar No. 24059967
chris.honea@sftrialattorneys.com
Christopher S. Johns
Texas Bar No. 24044849
chris.johns@sftrialattorneys.com
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

***Counsel for Blue Spike, LLC***

5

**CERTIFICATE OF SERVICE**

   I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                /s/ Randall T. Garteiser  
                Randall T. Garteiser