IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 6:12-CV-499 <br> (*Consolidated from 6:12-CV-537*) |
| v. | § § | JURY TRIAL DEMANDED |
| TEXAS INSTRUMENTS, INC., *et al.,* | § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT
SOUNDHOUND'S COUNTERCLAIMS**

Plaintiff Blue Spike, LLC files this Reply to the Counterclaims of SoundHound, Inc. ("SoundHound" or "Defendant") (Dkt. No. 14) as follows. All allegations not expressly admitted or responded to by Plaintiff are denied.

**PARTIES**

72.   Plaintiff admits the allegations of Paragraph 72, upon information and belief.

73.   Plaintiff admits the allegations of Paragraph 73.

**JURISDICTION AND VENUE**

74.   Plaintiff admits that this Court has subject matter jurisdiction over Defendant's declaratory judgment claims.

75.   Plaintiff admits that it is subject to personal jurisdiction in this Court.

76.   Plaintiff admits that venue is proper in this District.

77.   Plaintiff admits that an actual controversy exists.

**FIRST COUNTERCLAIM**

78.   Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 72 through 77 above.

79. The allegations in Paragraph 79 are admitted.

80. The allegations in Paragraph 80 are denied.

81. Plaintiff admits that Defendant is seeking a declaratory judgment of non-infringement of the '175 patent.

## SECOND COUNTERCLAIM

82. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 72 through 81 above.

83. The allegations in Paragraph 83 are admitted.

84. The allegations in Paragraph 84 are denied.

85. Plaintiff admits that Defendant is seeking a declaratory judgment of invalidity of the '175 patent.

## THIRD COUNTERCLAIM

86. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 72 through 85 above.

87. The allegations in Paragraph 87 are admitted.

88. The allegations in Paragraph 88 are denied.

89. Plaintiff admits that Defendant is seeking a declaratory judgment of non-infringement of the '494 patent.

## FOURTH COUNTERCLAIM

90. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 72 through 89 above.

91. The allegations in Paragraph 91 are admitted.

92. The allegations in Paragraph 92 are denied.

93.     Plaintiff admits that Defendant is seeking a declaratory judgment of invalidity of the '494 patent.

### FIFTH COUNTERCLAIM

94.     Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 72 through 93 above.

95.     The allegations in Paragraph 95 are admitted.

96.     The allegations in Paragraph 96 are denied.

97.     Plaintiff admits that Defendant is seeking a declaratory judgment of non-infringement of the '700 patent.

### SIXTH COUNTERCLAIM

98.     Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 72 through 97 above.

99.     The allegations in Paragraph 99 are admitted.

100.    The allegations in Paragraph 100 are denied.

101.    Plaintiff admits that Defendant is seeking a declaratory judgment of invalidity of the '700 patent.

### SEVENTH COUNTERCLAIM

102.    Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 72 through 101 above.

103.    The allegations in Paragraph 103 are admitted.

104.    The allegations in Paragraph 104 are denied.

105.    Plaintiff admits that Defendant is seeking a declaratory judgment of non-infringement of the '472 patent.

## EIGHTH COUNTERCLAIM

106. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 72 through 105 above.

107. The allegations in Paragraph 107 are admitted.

108. The allegations in Paragraph 108 are denied.

109. Plaintiff admits that Defendant is seeking a declaratory judgment of invalidity of the '472 patent.

## PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to any of the relief it requests.

## PLAINTIFF'S PRAYER FOR RELIEF

In addition to the relief requested in Plaintiff's Original Complaint, Plaintiff respectfully requests a judgment against Defendant as follows:

(a) That Defendant take nothing by its Counterclaims;

(b) That the Court award Plaintiff its costs and attorneys' fees incurred in defending against these Counterclaims; and

(c) Any and all further relief for the Plaintiff as the Court may deem just and proper.

Dated: October 31, 2012

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Lead Attorney
Texas Bar No. 24038912
randall.garteiser@sftrialattorneys.com
Christopher A. Honea
Texas Bar No. 24059967
chris.honea@sftrialattorneys.com

Christopher S. Johns
Texas Bar No. 24044849
chris.johns@sftrialattorneys.com
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

*Counsel for Blue Spike, LLC*

### CERTIFICATE OF SERVICE

  I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

              /s/ Randall T. Garteiser
              Randall T. Garteiser