IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, <br>   *Plaintiff,* <br> v. <br> Texas Instruments, Inc., <br>   *Defendants.* | Civil Action No. 6:12-cv-00499-LED <br> (Consolidated from 6:12-CV-648-LED) <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANT BIOLINK SOLUTIONS LTD.'S MOTION TO QUASH SERVICE**

Plaintiff Blue Spike, LLC opposes Defendant Biolink Solutions Ltd.'s ("Biolink") motion to quash service. The Court should deny the Motion because Blue Spike properly served Biolink through the Texas Secretary of State. *See* FED. R. CIV. P. 4(h)(1)(A), (B); TEX. CIV. PRAC. & REM. CODE § 17.044(b).

Service in this case complied with Federal Rule of Civil Procedure 4(h)(1)(A), which specifies that a foreign corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." FED. R. CIV. P. 4(h)(1)(A). "[A]n individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." *Id.* R. 4(e)(1). Texas law provides:

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

1

TEX. CIV. PRAC. & REM. CODE §17.044(b). A nonresident does business in Texas if it "commits a tort in whole or in part in [Texas]." *Id*. §17.042(2). Patent infringement is a tort, so the use, sale, and marketing of Biolink's infringing products in Texas establish that Biolink was "doing business" in Texas for purposes of the Texas service statute and Rule 4(h)(1)(A). *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009) (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005)). It follows that service on the Texas Secretary of State was proper. *Id*.[1]

Biolink acknowledges that the Texas Secretary of State could accept service of process on its behalf, but complains that nothing in the record shows that the Secretary of State forwarded process "in accordance with the Hague Convention." Doc. 12-1 at 5; *see* TEX. CIV. PRAC. & REM. CODE §17.045(a) (after accepting service of process, Secretary of State "shall immediately mail a copy of the process to the nonresident"). This complaint is premature; Blue Spike served the Secretary of State less than two months ago. *See* Dkt 56 (indicating Biolink service completed on October 3, 2012). The Secretary of State has informed Blue Spike that a certificate of service on foreign entities usually takes at least sixty days to process. In the meantime, it suffices for Blue Spike to show that it duly served process on the Secretary of State and provided her with Biolink's office address. *See Bayoil Supply & Trading of Bahamas v. Jorgen Jahre Shipping AS*, 54 F. Supp. 2d 691, 693 (S.D.

---

[1] The same result follows from Rule 4(h)(1)(B), which allows service of a foreign corporation to be made in a judicial district of the United States by delivering a copy of the summons and complaint to any agent "authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). The Texas Secretary of State is such an agent. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(b).

Tex. 1999) (denying defendant's motion to quash service for failure to comply with Hague Convention because plaintiff filed process documents with Texas Secretary of State that included defendant's address); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (sufficiency of service for Hague-Convention purposes "is measured by the law of the forum state").

Biolink also argues that service was improper for failure to satisfy Federal Rules of Civil Procedure 4(f) and 4(h)(2). This is a red herring. Rule 4(f) is irrelevant because it applies to service on individuals, not corporations, and Rule 4(h)(2) is an *alternative* to Rule 4(h)(1). *See* FED. R. CIV. P. 4(f) (titled "Serving an Individual in a Foreign Country"), 4(h) (providing that foreign corporation must be served in accordance with 4(h)(1) *or* 4(h)(2)). As explained above, service in this case was accomplished under Rule 4(h)(1).

For these reasons, the Court should deny Biolink's Motion to Quash Service.

3

Respectfully submitted,


　/s/ Randall T. Garteiser
Randall T. Garteiser
 Texas Bar No. 24038912
 randall.garteiser@sftrialattorneys.com
Christopher A. Honea
 Texas Bar No. 24059967
 chris.honea@sftrialattorneys.com
Christopher S. Johns
 Texas Bar No. 24044849
 chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

Eric M. Albritton
 Texas State Bar No. 00790215
 ema@emafirm.com
Stephen E. Edwards
 Texas State Bar No. 00784008
 see@emafirm.com
Michael A. Benefield
 Texas State Bar No. 24073408
 mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449
(903) 758-7397 fax


*Counsel for Blue Spike LLC*

4

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 13th day of November 2012.

                                                      /s/ Randall T. Garteiser