**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| BLUE SPIKE, LLC, </br></br>*Plaintiff*, </br></br>v. </br></br>TEXAS INSTRUMENTS, INC., </br></br>*Defendant*. | Civil Action No. 6:12-cv-499-LED </br></br>**JURY TRIAL DEMANDED** |
| BLUE SPIKE, LLC, </br></br>*Plaintiff*, </br></br>v. </br></br>ZK TECO, INC., ET AL, </br></br>*Defendant*. | Civil Action No. 6:12-cv-608-LED </br></br>**JURY TRIAL DEMANDED** |

**DEFENDANT ZK TECHNOLOGY LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO BLUE SPIKE LLC'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant ZK Technology, LLC ("ZK") hereby files this Answer and Affirmative Defenses to Plaintiff Blue Spike, LLC's ("Blue Spike") Original Complaint for Patent Infringement as follows

**NATURE OF THE ACTION**

1.   ZK admits that the Complaint includes a claim of patent infringement that allegedly arises under the patent laws of Title 35 of the United States Code.

**THE PARTIES**

2.   ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. ZK denies all the allegations contained within paragraph 3.

4. ZK admits to the allegations contained within paragraph 4.

## JURISDICTION AND VENUE

5. ZK admits that the Complaint includes a claim of patent infringement allegedly arising under the laws of the United States, 35 U.S.C. § 101 *et seq*. ZK admits that this Court has subject matter jurisdiction over this action.

6. ZK denies that this Court has personal jurisdiction over ZK and denies that ZK committed acts of patent infringement and contributed to and induced acts of patent infringement by others. ZK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies them.

7. ZK denies that venue is proper under 28 U.S.C. § 1391(b)-(c) and 1400(b) and denies that ZK has committed acts of infringement. ZK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies them.

## FACTUAL BACKGROUND

**A.  Moskowitz's History**

8. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies them.

9. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

10. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies them.

11. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies them.

12. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies them.

13. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies them.

14. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies them.

15. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies them.

16. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies them.

17. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies them.

18. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies them.

19. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies them.

20. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies them.

21. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies them.

**B.** **Patents-In-Suit**

22. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies them.

23. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies them.

24. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies them.

25. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies them.

26. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies them.

27. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies them.

**C.     Accused Products And Services**

28. ZK admits that it sells certain biometric identification products, and denies the remaining allegations contained within paragraph 28.

29. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies them.

30. ZK denies the allegations contained within paragraph 30.

31. ZK denies the allegations contained within paragraph 31.

**COUNT 1:
INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

32. ZK repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 31 above.

33. ZK admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34. ZK admits that, on its face, Exhibit A appears to be United States Patent No. 8,214,175 ("the '175 Patent"), issued on July 3, 2012. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies them.

35. ZK denies the allegations contained in paragraph 35 and denies that it has infringed and continues to infringe one or more claims of the '175 Patent, directly, contributorily, and/or by inducement.

36. ZK denies the allegations contained in paragraph 36 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '175 Patent.

37. ZK denies the allegations contained in paragraph 37 and denies that Blue Spike has been damaged by any acts of ZK. ZK further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK from committing infringing acts.

38. ZK denies the allegations contained in paragraph 38 and denies that it infringes any claims of the '175 Patent, directly, contributorily, willfully, and/or by inducement.

39. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies them.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. ZK repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 40 above.

41. ZK admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42. ZK admits that, on its face, Exhibit B appears to be United States Patent No. 7,949,494 ("the '494 patent"), issued on March 24, 2011. ZK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42, and therefore denies them.

43. ZK denies the allegations contained in paragraph 43 and denies that it has infringed and continues to infringe one or more claims of the '494 Patent, directly, contributorily, and/or by inducement.

44. ZK denies the allegations contained in paragraph 44 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '494 Patent.

45. ZK denies the allegations contained in paragraph 45 and denies that Blue Spike has been damaged by any acts of ZK. ZK further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK from committing infringing acts.

46. ZK denies the allegations contained in paragraph 46 and denies that it infringes any of the claims of the '494 Patent, directly, contributorily, willfully, and/or by inducement.

47. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies them.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48. ZK repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 47 above.

49. ZK admits that, on its face, United States Patent No. 7,660,700 ("the '700 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore denies them.

50. ZK admits that, on its face, Exhibit C appears to be United States Patent No. 7,660,700 ("the '700 patent"), issued on February 9, 2010. ZK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50, and therefore denies them.

51. ZK denies the allegations contained in paragraph 51 and denies that it has infringed and continues to infringe one or more claims of the '700 Patent, directly, contributorily, and/or by inducement.

52. ZK denies the allegations contained in paragraph 52 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '700 Patent.

53. ZK denies the allegations contained in paragraph 53 and denies that Blue Spike has been damaged by any acts of ZK. ZK further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK from committing infringing acts.

54. ZK denies the allegations contained in paragraph 54 and denies that it infringes any claims of the '700 Patent, directly, contributorily, willfully, and/or by inducement.

55. ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, therefore, denies them.

## COUNT FOUR
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56. ZK repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 55 above.

57. ZK admits that, on its face, United States Patent No. 7,346,472 ("the '472 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, and therefore denies them.

58. ZK admits that, on its face, Exhibit D appears to be United States Patent No. 7,346,472 ("the '472 patent"), issued on March 18, 2008. ZK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 58, and therefore denies them.

59. ZK denies the allegations contained in paragraph 59 and denies that it has infringed and continues to infringe one or more claims of the '472 Patent, directly, contributorily, and/or by inducement.

60. ZK denies the allegations contained in paragraph 60 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '472 Patent.

61. ZK denies the allegations contained in paragraph 61 and denies that Blue Spike has been damaged by any acts of ZK. ZK further denies that it has committed or will commit any

infringing acts and denies the necessity of the Court's restraining ZK from committing infringing acts.

62.     ZK denies the allegations contained in paragraph 62 and denies that it infringes any claims of the '472 Patent, directly, contributorily, willfully, and/or by inducement.

63.     ZK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and, therefore, denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

ZK denies that Plaintiff is entitled to any of requested relief against ZK.

## DEMAND FOR JURY TRIAL

There are no allegations of fact contained in this paragraph and therefore no answer is required.

## AFFIRMATIVE DEFENSES

ZK's Affirmative Defenses are provided below. ZK reserves the right to amend its Answer to add additional Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

64.     Blue Spike's claims for patent infringement fail to state a claim upon which relief can be granted, and/or fails to plead the required allegations with sufficient particularity.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

65.     Blue Spike does not and cannot establish that sufficient grounds exist for this Court to exercise personal jurisdiction over ZK with regard to its asserted claims.

## THIRD AFFIRMATIVE DEFENSE
### (Improper Venue)

66.     Venue is neither proper nor convenient in this District.

## FOURTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

67. ZK has not infringed and does not infringe, directly, indirectly (such as by inducement or contributory infringement), or in any other manner, any valid claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit") either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalidity)

68. Each of the claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to § 100, 101, 102, 103 and/or 112.

## SIXTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

69. Blue Spike's claims for relief are barred in whole or in part by equitable doctrines, including laches, waiver, unclean hands, acquiescence, and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limited Damages)

70. Blue Spike's claim for damages, if any, against ZK for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

71. Prosecution history estoppel bars in whole or in part Plaintiff's assertions of infringement under the doctrine of equivalents, and/or Plaintiff's proposed claim constructions, relative to one or more of the asserted claims of the patents-in-suit.

## NINTH AFFIRMATIVE DEFENSE
### (Implied License, Exhaustion)

72. Blue Spike's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to ZK or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

Respectfully submitted,

Dated: November 16, 2012

  /s/ Robert F. Kramer
Robert F. Kramer
CA State Bar No. 181706
SNR DENTON US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 798-0356
Facsimile: (650) 798-0310
robert.kramer@snrdenton.com

ATTORNEYS FOR DEFENDANT
ZK TECHNOLOGY LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2012, I electronically filed the foregoing:

**DEFENDANT ZK TECHNOLOGY LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO BLUE SPIKE LLC'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

was served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Robert F. Kramer<br>Robert F. Kramer

14817252\V-1