UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, *Plaintiff*, v. TEXAS INSTRUMENTS, INC., *Defendant*. | Civil Action No. 6:12-cv-499-LED **JURY TRIAL DEMANDED** |
| BLUE SPIKE, LLC, *Plaintiff*, v. SECUGEN CORP., *Defendant*. | Civil Action No. 6:12-cv-607-LED **JURY TRIAL DEMANDED** |

**DEFENDANT SECUGEN CORP'S ANSWER
AND AFFIRMATIVE DEFENSES TO BLUE SPIKE LLC'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant SecuGen Corp. ("SecuGen") hereby files this Answer and Affirmative Defenses to Plaintiff Blue Spike, LLC's ("Blue Spike") Original Complaint for Patent Infringement as follows.

### NATURE OF THE ACTION

1. SecuGen admits that the Complaint includes a claim of patent infringement and admits that the Complaint arises under the patent laws of Title 35 of the United States Code.

### THE PARTIES

2. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the statements made in paragraph 2 of the Complaint.

3. SecuGen admits to the allegations contained within paragraph 3.

## JURISDICTION AND VENUE

4. SecuGen admits that paragraph 4 of the Complaint includes a claim of patent infringement that allegedly arises under the laws of the United States, 35 U.S.C. § 101 *et seq*. SecuGen admits that this Court has subject matter jurisdiction over this action.

5. SecuGen denies that this Court has personal jurisdiction over SecuGen and denies that SecuGen committed acts of patent infringement and contributed to and induced acts of patent infringement by others. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies them.

6. SecuGen denies that venue is proper under 28 U.S.C. § 1391(b)-(c) and 1400(b) and denies that SecuGen has committed acts of infringement. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies them.

## FACTUAL BACKGROUND

**A.   Moskowitz's History**

7. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies them.

8. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies them.

9. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

10. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies them.

11. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies them.

12. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies them.

13. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies them.

14. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies them.

15. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies them.


16. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies them.

17. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies them.

18. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies them.

19. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies them.

20. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies them.

**B.   Patents-In-Suit**

21. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies them.

22. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies them.

23. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies them.

24. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies them.

25. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies them.

26. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies them.

**C.     Accused Products And Services**

27. SecuGen admits that it distributes certain biometric identification products, and denies the remaining allegations contained within paragraph 27.

28. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies them.

29. SecuGen denies the allegations contained within paragraph 29.

30. SecuGen denies the allegations contained within paragraph 30.

**COUNT 1:**
**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

31. SecuGen repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 30 above.

32. SecuGen admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." SecuGen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and therefore denies them.

33. SecuGen admits that, on its face, Exhibit A appears to be United States Patent No. 8,214,175 ("the '175 Patent"), issued on July 3, 2012. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies them.

34. SecuGen denies the allegations contained in paragraph 34 and denies that it has infringed and continues to infringe one or more claims of the '175 Patent, directly, contributorily, and/or by inducement.

35. SecuGen denies the allegations contained in paragraph 35 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '175 Patent.

36. SecuGen denies the allegations contained in paragraph 36 and denies that Blue Spike has been damaged by any acts of SecuGen. SecuGen further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining SecuGen from committing infringing acts.

37. SecuGen denies the allegations contained in paragraph 37 and denies that it infringes any claims of the '175 Patent, directly, contributorily, willfully, and/or by inducement.

38. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies them.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39. SecuGen repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 39 above.

40. SecuGen admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." SecuGen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore denies them.

41. SecuGen admits that, on its face, Exhibit B appears to be United States Patent No. 7,949,494 ("the '494 patent"), issued on March 24, 2011. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42. SecuGen denies the allegations contained in paragraph 42 and denies that it has infringed and continues to infringe one or more claims of the '494 Patent, directly, contributorily, and/or by inducement.

43. SecuGen denies the allegations contained in paragraph 43 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '494 Patent.

44. SecuGen denies the allegations contained in paragraph 44 and denies that Blue Spike has been damaged by any acts of SecuGen. SecuGen further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining SecuGen from committing infringing acts.

45.     SecuGen denies the allegations contained in paragraph 45 and denies that it infringes any of the claims of the '494 Patent, directly, contributorily, willfully, and/or by inducement.

46.     SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies them.

<div align="center">

**COUNT 3:
INFRINGEMENT OF U.S. PATENT NO. 7,660,700**

</div>

47.     SecuGen repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 46 above.

48.     SecuGen admits that, on its face, United States Patent No. 7,660,700 ("the '700 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore denies them.

49.     SecuGen admits that, on its face, Exhibit C appears to be United States Patent No. 7,660,700 ("the '700 patent"), issued on February 9, 2010. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49, and therefore denies them.

50.     SecuGen denies the allegations contained in paragraph 50 and denies that it has infringed and continues to infringe one or more claims of the '700 Patent, directly, contributorily, and/or by inducement.

51.     SecuGen denies the allegations contained in paragraph 51 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '700 Patent.

52.     SecuGen denies the allegations contained in paragraph 52 and denies that Blue Spike has been damaged by any acts of SecuGen. SecuGen further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining SecuGen from committing infringing acts.

53.     SecuGen denies the allegations contained in paragraph 53 and denies that it infringes any claims of the '700 Patent, directly, contributorily, willfully, and/or by inducement.

54.     SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies them.

## COUNT FOUR
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55.     SecuGen repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 54 above.

56.     SecuGen admits that, on its face, United States Patent No. 7,346,472 ("the '472 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and therefore denies them.

57.     SecuGen admits that, on its face, Exhibit D appears to be United States Patent No. 7,346,472 ("the '472 patent"), issued on March 18, 2008. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57, and therefore denies them.

58.     SecuGen denies the allegations contained in paragraph 58 and denies that it has infringed and continues to infringe one or more claims of the '472 Patent, directly, contributorily, and/or by inducement.

59. SecuGen denies the allegations contained in paragraph 59 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '472 Patent.

60. SecuGen denies the allegations contained in paragraph 60 and denies that Blue Spike has been damaged by any acts of SecuGen. SecuGen further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining SecuGen from committing infringing acts.

61. SecuGen denies the allegations contained in paragraph 61 and denies that it infringes any claims of the '472 Patent, directly, contributorily, willfully, and/or by inducement.

62. SecuGen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, therefore, denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

SecuGen denies that Plaintiff is entitled to any of requested relief against SecuGen.

## DEMAND FOR JURY TRIAL

There are no allegations of fact contained in this paragraph and therefore no answer is required.

## AFFIRMATIVE DEFENSES

SecuGen's Affirmative Defenses are provided below. SecuGen reserves the right to amend its Answer to add additional Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

63. Blue Spike's claims for patent infringement fail to state a claim upon which relief can be granted, and/or fails to plead the required allegations with sufficient particularity.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

64. Blue Spike does not and cannot establish that sufficient grounds exist for this Court to exercise personal jurisdiction over SecuGen with regard to its asserted claims.

### THIRD AFFIRMATIVE DEFENSE
### (Improper Venue)

65. Venue is neither proper nor convenient in this District.

### FOURTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

66. SecuGen has not infringed and does not infringe, directly, indirectly (such as by inducement or contributory infringement), or in any other manner, any valid claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit") either literally or under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE
### (Invalidity)

67. Each of the claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to § 100, 101, 102, 103 and/or 112.

### SIXTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

68. Blue Spike's claims for relief are barred in whole or in part by equitable doctrines, including laches, waiver, unclean hands, acquiescence, and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (Limited Damages)

69. Blue Spike's claim for damages, if any, against SecuGen for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

### EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

70. Prosecution history estoppel bars in whole or in part Plaintiff's assertions of infringement under the doctrine of equivalents, and/or Plaintiff's proposed claim constructions, relative to one or more of the asserted claims of the patents-in-suit.

### NINTH AFFIRMATIVE DEFENSE
### (Implied License, Exhaustion)

71. Blue Spike's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to SecuGen or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

Respectfully submitted,

Dated: November 16, 2012

/s/ Robert F. Kramer
Robert F. Kramer
CA State Bar No. 181706
SNR DENTON US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 798-0356
Facsimile: (650) 798-0310
robert.kramer@snrdenton.com

ATTORNEYS FOR DEFENDANT
SECUGEN CORPORATION

- 13 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 16, 2012, I electronically filed the foregoing:

**DEFENDANT SECUGEN CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES TO BLUE SPIKE LLC'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

was served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                    /s/ Robert F. Kramer
                        Robert F. Kramer

14817252\V-1