IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,**<br><br>    *Plaintiff,*<br>v.<br><br>**TEXAS INSTRUMENTS, INC.,** *et al.,*<br><br>    *Defendants.* | **CIVIL ACTION NO. 6:12-CV-499 LED**<br>(*Consolidated from 6:12-CV-580*)<br><br>**JURY TRIAL DEMANDED** |

**YOUWEB, LLC; YOUWEB ACCELERATOR LLC; AND YOUWEB ENTREPRENEUR LLC'S ANSWER AND**
<u>**AFFIRMATIVE DEFENSES TO BLUE SPIKE, LLC'S COMPLAINT**</u>

Defendants YouWeb, LLC; YouWeb Accelerator LLC and YouWeb Entrepreneur LLC ("Defendants"), by and through their undersigned attorneys, hereby answers the Complaint for Patent Infringement (the "Complaint") filed against them by Plaintiff Blue Spike, LLC ("Blue Spike" or "Plaintiff") on August 28, 2012, as follows.

Defendants state that anything in Plaintiff's Complaint that is not expressly admitted is hereby denied.

<u>**NATURE OF THE SUIT**</u>

1.    Defendants admit that the Complaint purports to bring an action under Title 35 of the United States Code, but Defendants deny the legal sufficiency of Plaintiff's claims and allegations and deny that Plaintiff has any viable claim thereunder.

<u>**PARTIES**</u>

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, deny these

allegations.  To the extent the allegations contained in Paragraph 2 of the Complaint contain factual allegations relating to Defendants, such allegations are denied.

3. Defendant YouWeb, LLC admits that it is a Delaware limited liability company, having its principal place of business at 1901 South Bascom Avenue, Suite 1180, Campbell, California 95008.  Defendant YouWeb, LLC further admits that its registered agent is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.  Defendant YouWeb, LLC also admits that certain of its products and services are provided to users in the United States.  Except as so admitted, YouWeb, LLC denies the remainder of the allegations of paragraph 3 of the Complaint.

4. Defendant YouWeb Accelerator LLC admits that it is a Delaware limited liability company, having its principal place of business at 1901 South Bascom Avenue, Suite 1180, Campbell, California 95008.  Defendant YouWeb Accelerator LLC further admits that its registered agent is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.  Except as so admitted, YouWeb Accelerator LLC denies the remainder of the allegations of paragraph 4 of the Complaint.

5. Defendant YouWeb Entrepreneur LLC admits only that it is a Delaware limited liability company, having its principal place of business at 1901 South Bascom Avenue, Suite 1180, Campbell, California 95008.  Defendant YouWeb Entrepreneur LLC further admits that its registered agent is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.  Except as so admitted, YouWeb Entrepreneur LLC denies the remainder of the allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants admit that the Complaint purports to bring a patent infringement action arising under the laws of the United States, 35 U.S.C. § 101 *et seq.* and that this Court has subject matter jurisdiction over patent law claims pursuant to 28 U.S.C. §§ §§ 1331 and 1338(a). Except as so admitted, Defendants deny the remaining allegations of paragraph 6 of the Complaint. Defendants further deny the legal sufficiency of Plaintiff's claims and allegations and deny that Plaintiff has any viable claim thereunder.

7. Defendants admit only that this Court has personal jurisdiction over Defendants for purposes of this action. Except as so admitted, Defendants deny the remainder of the allegations of paragraph 7 of the Complaint. Defendants deny that they have infringed, or are now infringing, any patent. Defendants deny that they have committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, therefore, deny each and every remaining allegation of paragraph 7.

8. Defendants incorporate their response to paragraph 7 of this Complaint. For purposes of submitting this Answer in this action only, YouWeb, LLC admits that, pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue may be found in the Eastern District of Texas, but denies that this is the most convenient forum for the parties and witnesses. Defendants deny that they have committed acts of patent infringement in the State of Texas or the Eastern District of Texas. Except as so admitted, Defendants deny the remainder of the allegations of paragraph 8 of this Complaint.

## FACTUAL BACKGROUND

**A. Moskowitz's History**

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, deny these allegations.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, deny these allegations.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, deny these allegations.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, deny these allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, deny these allegations.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, deny these allegations.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, deny these allegations.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, deny these allegations.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, deny these allegations.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, deny these allegations.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, deny these allegations.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, deny these allegations.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, deny these allegations.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, deny these allegations.

**B.     Patents-in-Suit**

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, deny these allegations.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, deny these allegations.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, deny these allegations.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, deny these allegations.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, deny these allegations.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, deny these allegations.

**C.     The Accused Products and Services**

29. YouWeb, LLC admits that, based on its understanding of the words and phrases used in the Complaint, that it designed and developed an application titled "MoviePal." Defendants deny that they have committed any acts of patent infringement. Defendants further

deny that any "Accused Products" infringe one or more claims of the patents-in-suit. Except as so admitted, Defendants deny the remainder of the allegations of paragraph 29 of this Complaint.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and, therefore, deny these allegations.

31. Defendants deny each and every allegation of paragraph 31 of the Complaint.

## COUNT 1:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,214,175

32. Defendants incorporate by reference their above responses to Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Defendants admit that United States Patent No. 8,214,175 ("the '175 patent") appears to be titled "Method and Device for Monitoring and Analyzing Signals." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint and, therefore, deny these allegations.

34. Defendants admit that the '175 patent states on its face that it issued on July 3, 2012, and that what appears to be a copy of the '175 patent was attached as Exhibit A to the Complaint. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 of the Complaint and, therefore, deny these allegations.

35. Defendants deny each and every allegation of paragraph 35 of the Complaint.

36. Defendants deny each and every allegation of paragraph 36 of the Complaint and deny that they have, or are now, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any claim of the '175 patent. Defendants deny that they have injured Plaintiff and deny that they are liable to Plaintiff under 35 U.S.C. § 271.

Defendants further deny that they had knowledge of the '175 patent prior to service of the Complaint in this action. To the extent the allegations contained in paragraph 36 refer to unidentified "systems," Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

37. Defendants deny each and every allegation of paragraph 37 of the Complaint.

38. Defendants deny each and every allegation of paragraph 38 of the Complaint.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, deny these allegations.

## COUNT 2:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. Defendants incorporate by reference its above responses to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Defendants admit that United States Patent No. 7,949,494 ("the '494 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Complaint and, therefore, deny these allegations.

42. Defendants admit that the '494 patent states on its face that it issued on May 24, 2011, and that what appears to be a copy of the '494 patent was attached as Exhibit B to the Complaint. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the Complaint and, therefore, deny these allegations.

43. Defendants deny each and every allegation of paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint and deny that they have, or are now, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any claim of the '494 patent. Defendants deny that they have injured Plaintiff and deny that they are liable to Plaintiff under 35 U.S.C. § 271. Defendants further deny they had knowledge of the '494 patent prior to service of the Complaint in this action. To the extent the allegations contained in Paragraph 44 refer to unidentified "systems," Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

45.     Defendants deny each and every allegation of paragraph 45 of the Complaint.

46.     Defendants deny each and every allegation of paragraph 46 of the Complaint.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, therefore, deny these allegations.

### COUNT 3:
### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48.     Defendants incorporate by reference its above responses to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.     Defendants admit that United States Patent No. 7,660,700 ("the '700 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint and, therefore, deny these allegations.

50.     Defendants admit that the '700 patent states on its face that it issued on February 9, 2010, and that what appears to be a copy of the '700 patent was attached as Exhibit C to the Complaint. Defendants otherwise lack knowledge or information sufficient to form a belief as to

9

the truth of the remaining allegations of Paragraph 50 of the Complaint and, therefore, deny these allegations.

51.     Defendants deny each and every allegation of paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint and deny that they have, or are now, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any claim of the '700 patent.  Defendants deny that they have injured Plaintiff and deny that they are liable to Plaintiff under 35 U.S.C. § 271.  Defendants further deny that they had knowledge of the '700 patent prior to service of the Complaint in this action.  To the extent the allegations contained in Paragraph 52 refer to unidentified "systems," Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

53.     Defendants deny each and every allegation of paragraph 53 of the Complaint.

54.     Defendants deny each and every allegation of paragraph 54 of the Complaint.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, therefore, deny these allegations.

## COUNT 4:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56.     Defendants incorporate by reference its above responses to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     Defendants admit that United States Patent No. 7,346,472 ("the '472 patent") is titled "Method and Device for Monitoring and Analyzing Signals."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Complaint and, therefore, deny these allegations.

58. Defendants admit that the '472 patent states on its face that it issued on March 18, 2008, and that what appears to be a copy of the '472 patent was attached as Exhibit D to the Complaint. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 of the Complaint and, therefore, deny these allegations.

59. Defendants deny each and every allegation of paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint and deny that they have, or are now, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any claim of the '472 patent. Defendants deny that they have injured Plaintiff and deny that they are liable to Plaintiff under 35 U.S.C. § 271. Defendants further deny that they had knowledge of the '472 patent prior to service of the Complaint in this action. To the extent the allegations contained in Paragraph 60 refer to unidentified "systems," Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

61. Defendants deny each and every allegation of paragraph 61 of the Complaint.

62. Defendants deny each and every allegation of paragraph 62 of the Complaint.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and, therefore, deny these allegations.

**PLAINTIFF'S REQUEST FOR RELIEF**

64. Defendants deny that Plaintiff is entitled to the relief requested in Plaintiff's request for relief, and to the extent that such request contains factual allegations relating to

11

Defendants, such allegations are denied. Plaintiff's request for relief should be denied, with prejudice, in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

65. Further answering the Complaint, and as additional defenses thereto, Defendants assert the following affirmative and other defenses. Defendants do not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff Blue Spike bears the burden. Defendants reserve the right to add additional defenses and/or supplement its defenses, as Defendants learn additional facts.

### FIRST DEFENSE (NON-INFRINGEMENT)

66. Defendants have not infringed and do not infringe any valid and enforceable claim of U.S. Patent Nos. 8,214,175 ("the '175 patent"), 7,949,494 ("the '494 patent"), 7,660,700 ("the '700 patent) and 7,346,472 ("the '472 patent) (collectively, "the patents-in-suit"), neither literally nor by the doctrine of equivalents. To the extent alleged by Plaintiff in its Complaint or in the future, Defendants have not infringed and do not infringe any valid and enforceable claim of the patents-in-suit directly, indirectly, contributorily, or by inducement, neither literally nor by the doctrine of equivalents, and have not infringed and do not infringe willfully. Furthermore, Plaintiff is precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for the claims of the patents-in-suit patent that would encompass any additional of Defendants' products or services.

### SECOND DEFENSE (INVALIDITY)

67. One or more claims of the '175 patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, one or

more claims is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the '175 patent.

68. One or more claims of the '494 patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, one or more claims is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the '494 patent.

69. One or more claims of the '700 patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, one or more claims is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the '700 patent.

70. One or more claims of the '472 patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, one or more claims is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the '472 patent.

**THIRD DEFENSE (LICENSE, PATENT EXHAUSTION)**

71. Plaintiff's claims are barred in whole or in part by one or more of the following: express or implied license; and doctrine of patent exhaustion. For example, Plaintiff's claims are precluded to the extent that any accused product or component thereof is supplied, directly or indirectly, to Defendants or another entity, having an express or implied license to the patents-in-suit or covenant not to sue.

### FOURTH DEFENSE (FAILURE TO MARK)

72. Plaintiff's claims are barred in whole or in part for failure to plead compliance with patent marking pursuant to the requirement of 35 U.S.C. § 287(a).

### FIFTH DEFENSE (EQUITABLE BARS)

73. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel, prosecution laches, and/or other equitable doctrines.

### SIXTH DEFENSE (LACK OF STANDING)

74. To the extent that Plaintiff was not the sole and total owner of the patents-in-suit as of the filing date of the Complaint, Plaintiff lacks standing to bring one or more claims in this lawsuit.

### SEVENTH DEFENSE (PROSECUTION LACHES)

75. Plaintiff's claims are barred in whole or in part by the doctrine of prosecution laches.

### EIGHTH DEFENSE (FAILURE TO STATE A CLAIM)

76. The Complaint fails to state a claim upon which relief can be granted.

### DEFENDANTS' PRAYER FOR RELIEF

FOR THESE REASONS, Defendants respectfully request that this Court enter judgment in its favor and grant the following relief:

A. An order declaring that Plaintiff, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert with it, take nothing on the claims asserted in the Complaint against Defendants;

B. A judgment dismissing Plaintiff's Complaint against Defendants with prejudice;

C. A declaration that Defendants do not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the '175 patent;

D. A declaration that Defendants do not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the '494 patent;

E. A declaration that Defendants do not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the '700 patent;

F. A declaration that Defendants do not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the '472 patent;

G. A declaration that the claims of the '175 patent are invalid;

H. A declaration that the claims of the '494 patent are invalid;

I. A declaration that the claims of the '700 patent are invalid;

J. A declaration that the claims of the '472 patent are invalid;

K. An order declaring that this is an exceptional case and awarding Defendants their costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

L. Any such other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR A JURY TRIAL**

Defendants demand a trial by jury on all issues so triable.

Date:  November 19, 2012            Respectfully submitted,

                                    /s/   *Wayne M. Barsky*

                                                  Wayne M. Barsky
California Bar No. 116731
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Suite 4000
Los Angeles, CA 90067
Telephone: (310) 552-8183
Fascimile: (310) 551-7010
wbarsky@gibsondunn.com

*Counsel for Defendants YouWeb, LLC; YouWeb Accelerator LLC and YouWeb Entrepreneur LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2012, a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                           /s/ *Jennifer J. Rho*
                                             Jennifer J. Rho