IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:12-CV-586 LED |
| v. | § § | (Consolidated with Case No. 6:12-CV-499 LED) |
| BROADCAST MUSIC, INC. and LANDMARK DIGITAL SERVICES, LLC, | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § § | |

**DEFENDANT BROADCAST MUSIC, INC.'S ANSWER TO COMPLAINT
FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, AND
<u>ORIGINAL COUNTERCLAIMS</u>**

Defendant Broadcast Music, Inc. ("BMI" or "Defendant") files its Answer to Plaintiff Blue Spike, LLC's ("Blue Spike" or "Plaintiff") Complaint for Patent Infringement (Dkt. No. 1) ("Complaint"), together with its Affirmative Defenses and Original Counterclaims, and for same shows the Court as follows:

**I.
<u>ANSWER</u>**

NATURE OF THE SUIT

1.   BMI admits that the Complaint purports to bring a claim under Title 35 of the United States Code, but denies the legal sufficiency of Blue Spike's claims and denies that Blue Spike has any viable claim thereunder.

PARTIES

2.   BMI admits that, on their face, the Patents-In-Suit are purportedly assigned to Blue Spike. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies same.

3. BMI admits the allegations in Paragraph 3 of the Complaint.

4. BMI admits that Landmark Digital Services, LLC ("Landmark") is a Delaware limited liability company, having its principal place of business in Nashville, Tennessee. BMI admits that Landmark can be served with process through its registered agent, Corporate Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19898. BMI denies the remaining allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. BMI admits that this action purports to arise under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.* and that the Court has subject matter jurisdiction over patent infringement actions.

6. For the purposes of this action only, BMI does not contest personal jurisdiction. BMI denies the remaining allegations of Paragraph 6 of the Complaint.

7. BMI denies the allegations in Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

**A. Moskowitz's History**

8. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies same.

9. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies same.

10. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies same.

11. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies same.

12. BMI is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 12 of the Complaint, and therefore denies same.

       13.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies same.

       14.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies same.

       15.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies same.

       16.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies same.

       17.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies same.

       18.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore denies same.

       19.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and therefore denies same.

       20.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and therefore denies same.

       21.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore denies same.

**B. Patents-in-Suit**

       22.     BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and therefore denies same.

       23.     BMI is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 23 of the Complaint, and therefore denies same.

24. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and therefore denies same.

25. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore denies same.

26. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and therefore denies same.

27. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and therefore denies same.

**C. The Accused Products and Services**

28. BMI admits it uses recognition services in its business.  BMI denies the remaining allegations in Paragraph 28 of the Complaint.

29. BMI admits the allegations in Paragraph 29 of the Complaint.

30. BMI denies the allegations in Paragraph 30 of the Complaint.

31. BMI denies the allegations in Paragraph 31 of the Complaint.

COUNT 1
INFRINGEMENT OF U.S. PATENT 8,214,175

32. To the extent not inconsistent, BMI reincorporates its response to the allegations of Paragraphs 1-31 the same as if fully set forth herein.

33. BMI admits that U.S. Patent 8,214,175 ("the '175 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  BMI admits that, on its face, the '175 Patent is purportedly assigned to Blue Spike.  BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint, and therefore denies same.

34. BMI denies the allegations in Paragraph 34 of the Complaint.

35. BMI denies the allegations in Paragraph 35 of the Complaint.

36. BMI denies the allegations in Paragraph 36 of the Complaint.

37. BMI denies the allegations in Paragraph 37 of the Complaint.

38. BMI denies the allegations in Paragraph 38 of the Complaint.

39. BMI denies the allegations in Paragraph 39 of the Complaint.

COUNT 2
INFRINGEMENT OF U.S. PATENT 7,949,494

40. To the extent not inconsistent, BMI reincorporates its response to the allegations of Paragraphs 1-39 the same as if fully set forth herein.

41. BMI admits that U.S. Patent 7,949,494 ("the '494 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." BMI admits that, on its face, the '494 Patent is purportedly assigned to Blue Spike. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and therefore denies same.

42. BMI denies the allegations in Paragraph 42 of the Complaint.

43. BMI denies the allegations in Paragraph 43 of the Complaint.

44. BMI denies the allegations in Paragraph 44 of the Complaint.

45. BMI denies the allegations in Paragraph 45 of the Complaint.

46. BMI denies the allegations in Paragraph 46 of the Complaint.

47. BMI denies the allegations in Paragraph 47 of the Complaint.

COUNT 3
INFRINGEMENT OF U.S. PATENT 7,660,700

48. To the extent not inconsistent, BMI reincorporates its response to the allegations of Paragraphs 1-47 the same as if fully set forth herein.

49. BMI admits that U.S. Patent 7,660,700 ("the '700 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." BMI admits that, on its face, the '700 Patent is purportedly assigned to Blue Spike. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and therefore denies same.

50. BMI denies the allegations in Paragraph 50 of the Complaint.

51. BMI denies the allegations in Paragraph 51 of the Complaint.

52. BMI denies the allegations in Paragraph 52 of the Complaint.

53. BMI denies the allegations in Paragraph 53 of the Complaint.

54. BMI denies the allegations in Paragraph 54 of the Complaint.

55. BMI denies the allegations in Paragraph 55 of the Complaint.

COUNT 4
INFRINGEMENT OF U.S. PATENT 7,346,472

56. To the extent not inconsistent, BMI reincorporates its response to the allegations of Paragraphs 1-55 the same as if fully set forth herein.

57. BMI admits that U.S. Patent 7,346,472 ("the '472 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." BMI admits that, on its face, the '472 Patent is purportedly assigned to Blue Spike. BMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint, and therefore deny same.

58. BMI denies the allegations in Paragraph 58 of the Complaint.

59. BMI denies the allegations in Paragraph 59 of the Complaint.

60. BMI denies the allegations in Paragraph 60 of the Complaint.

61. BMI denies the allegations in Paragraph 61 of the Complaint.

62. BMI denies the allegations in Paragraph 62 of the Complaint.

63. BMI denies the allegations in Paragraph 63 of the Complaint.

### REQUEST FOR RELIEF

64. BMI denies that Blue Spike is entitled to any of the relief requested in the Complaint.  To the extent the request contains factual allegations relating to BMI, BMI denies same.

### DEMAND FOR JURY TRIAL

65. BMI admits that Blue Spike has requested a trial by jury.

66. To the extent not expressly admitted above, BMI denies the factual allegations contained in the Complaint.

## II.
## AFFIRMATIVE DEFENSES

67. Subject to the responses above, BMI alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition, BMI specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

68. BMI does not infringe and has not infringed any properly construed, valid claim of the '175, '494, '700 or '472 Patents under any theory (whether individually or jointly), directly or indirectly (whether contributorily or by inducement).

### SECOND AFFIRMATIVE DEFENSE

69. The Complaint fails to allege facts that support the conclusion that a third party directly infringes the '175, '494, '700 or '472 Patents.

70. The Complaint fails to allege facts that support the conclusion that BMI, with knowledge of the '175, '494, '700 or '472 Patents, committed culpable conduct directed to encouraging another's infringement.

71. Accordingly, the Complaint fails to state a claim under 35 U.S.C. § 271(b) for any of the '175, '494, '700 or '472 Patents.

## THIRD AFFIRMATIVE DEFENSE

72. The Complaint fails to allege facts that support the conclusion that a third party directly infringes the '472, '700, '494 or '175 Patents.

73. The Complaint fails to allege that any BMI products accused of infringement is (a) a component especially designed for use in a patented invention of the '472, '700, '494 or '175 Patents, and (b) not a staple article of commerce.

74. Accordingly, the Complaint fails to state a claim under 35 U.S.C. § 271(c) for any of the '472, '700, '494 or '175 Patents.

## FOURTH AFFIRMATIVE DEFENSE

75. The claims of the '472, '700, '494 or '175 Patents are invalid under 35 U.S.C. § 102, § 103, and/or one or more paragraphs of § 112.

## FIFTH AFFIRMATIVE DEFENSE

76. Blue Spike is estopped from construing any valid claim of the '472, '700, '494 or '175 Patents to be infringed literally or under the Doctrine of Equivalents due to admissions and/or statements made (a) to the U.S. Patent and Trademark Office during prosecution related to the '472, '700, '494 or '175 Patents and/or (b) in the '472 Patent's, '700 Patent's, '494 Patent's or '175 Patent's specification and claims.

## SIXTH AFFIRMATIVE DEFENSE

77. To the extent that Blue Spike, any former assignee, or any former or current

licensee failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that BMI's actions allegedly infringed any claim of the '472, '700, '494 or '175 Patents, BMI is not liable to Blue Spike for the acts alleged to have been performed before BMI received notice that it was allegedly infringing the '472, '700, '494 or '175 Patents.

### SEVENTH AFFIRMATIVE DEFENSE

78. Blue Spike's claims for relief are barred, at least in part, by 35 U.S.C. § 286.

### EIGHTH AFFIRMATIVE DEFENSE

79. Blue Spike's claims for relief are barred, in whole in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

80. Blue Spike's is not entitled to any injunctive relief because any injury to Blue Spike is neither immediate nor irreparable, and Blue Spike has adequate remedies at law.

### TENTH AFFIRMATIVE DEFENSE

81. To the extent that Blue Spike was not the sole and total owner of the patents-in-suit as of the filing date of the Complaint, Blue Spike lacks standing to bring one or more claims in this lawsuit.

### ELEVENTH AFFIRMATIVE DEFENSE

82. Blue Spike's claims are barred in whole or in part by one or more of the following: express or implied license; and doctrine of patent exhaustion. For example, Blue Spike's claims are precluded to the extent that any accused product or component thereof is supplied, directly or indirectly, to BMI or another entity, having an express or implied license to the patents-in-suit or covenant not to sue.

## III.
## ORIGINAL COUNTERCLAIMS

### PARTIES

83. BMI is a New York corporation, with its principal place of business at 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.

84. Upon information and belief, and as alleged in its Complaint, Blue Spike is a Texas limited liability company with a place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703. Blue Spike has previously appeared before this Court for all purposes.

### JURISDICTION AND VENUE

85. Blue Spike has previously filed Complaints in this Court against BMI and others for patent infringement.

86. Blue Spike alleges in its Complaint that it is the lawful, exclusive licensee and has standing to sue for infringement of the '472, '700, '494 and '175 Patents.

87. Blue Spike alleges in its Complaint that Defendant has infringed and continues to infringe the '472, '700, '494 and '175 Patents. Defendant denies Blue Spike's allegations.

88. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. § 1338(a), the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as this action is based upon an actual controversy between Blue Spike and Defendant regarding the invalidity and/or non-infringement by Defendant of the claims of the '472, '700, '494 and '175 Patents.

89. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

### FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '472 PATENT)

90. To the extent not inconsistent, BMI incorporates by reference the allegations of its

Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

91. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BMI requests a declaration by the Court that it does not infringe any claim of the '472 Patent.

## SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '472 PATENT)

92. To the extent not inconsistent, BMI incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

93. The claims of the '472 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. §§ 102, 103, and/or one or more paragraphs of 112, and the rules and laws pertaining to those provisions. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BMI requests a declaration by the Court that the claims of the '472 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. § 102, § 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

## THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '700 PATENT)

94. To the extent not inconsistent, BMI incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

95. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BMI requests a declaration by the Court that it does not infringe any claim of the '700 Patent.

## FOURTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '700 PATENT)

96. To the extent not inconsistent, BMI incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

97. The claims of the '700 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. §§ 102, 103, and/or one or more paragraphs of 112, and the rules and laws pertaining to those provisions.

98. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BMI requests a declaration by the Court that the claims of the '700 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. § 102, § 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

### FIFTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '494 PATENT)

99. To the extent not inconsistent, BMI incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

100. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BMI requests a declaration by the Court that it does not infringe any claim of the '494 Patent.

### SIXTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '494 PATENT)

101. To the extent not inconsistent, BMI incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

102. The claims of the '494 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. §§ 102, 103, and/or one or more paragraphs of 112, and the rules and laws pertaining to those provisions.

103. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BMI requests a declaration by the Court that the claims of the '494 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. § 102, § 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining

to those provisions.

## SEVENTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '175 PATENT)

104. To the extent not inconsistent, BMI incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

105. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BMI requests a declaration by the Court that it does not infringe any claim of the '175 Patent.

## EIGHTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '175 PATENT

106. To the extent not inconsistent, BMI incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

107. The claims of the '175 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. §§ 102, 103, and/or one or more paragraphs of 112, and the rules and laws pertaining to those provisions.

108. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BMI requests a declaration by the Court that the claims of the '175 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. § 102, § 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

## IV.
## JURY DEMAND

BMI requests a jury trial for all triable issues in Blue Spike's Complaint and its Counterclaims to the extent allowed by the United States Constitution and the FEDERAL RULES OF CIVIL PROCEDURE.

## **PRAYER FOR RELIEF**

BMI respectfully request that a final judgment be entered as follows:

1. Denying Blue Spike any of the relief requested in its Complaint;

2. Declaring that BMI has not infringed any claim of the '472 Patent;

3. Declaring that the claims of the '472 Patent are invalid;

4. Declaring that BMI has not infringed any claim of the '700 Patent;

5. Declaring that the claims of the '700 Patent are invalid;

6. Declaring that BMI has not infringed any claim of the '494 Patent;

7. Declaring that the claims of the '494 Patent are invalid;

8. Declaring that BMI has not infringed any claim of the '175 Patent;

9. Declaring that the claims of the '175 Patent are invalid; and

10. Awarding to BMI of such other and further relief, both general and special, at law or in equity, as the Court may deem just and proper.

Dated: November 20, 2012  Respectfully submitted,

/s/ Dan D. Davison
Dan D. Davison
State Bar No.  05590900
ddavison@fulbright.com
Robert Greeson
State Bar No.  24045979
rgreeson@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:     (214) 855-8000
Facsimile:      (214) 855-8200

Richard S. Zembek
State Bar No.  00797726
rzembek@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, TX. 77054
Tel:     (713) 651-5151
Fax:    (713) 651-5246

**Counsel for Defendant BROADCAST MUSIC, INC.**

## CERTIFICATE OF SERVICE

On this 20th day of November, 2012, all parties of record are being served with a notice of electronic filing of this pleading via the Court's ECF system in compliance with Federal Rule of Civil Procedure 5.

*/s/* Robert Greeson
Robert Greeson