# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 6:12-cv-499-LED |
| v. § | *(Consolidated from 6:12-CV-544-LED)* |
| § | |
| MIRANDA TECHNOLOGIES, INC., AND § | JURY TRIAL DEMANDED |
| BELDEN INC. § | |
| § | |
| Defendants. § | |

### ANSWER AND COUNTERCLAIMS OF BELDEN INC. TO THE ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT OF BLUE SPIKE, LLC

Defendant Belden Inc. ("Belden") hereby files its Answer, Affirmative Defenses, and Counterclaims to the Original Complaint for Patent Infringement (the "Original Complaint") of Plaintiff Blue Spike, LLC ("Blue Spike") as follows:

### NATURE OF THE SUIT

1.   Belden admits that Blue Spike asserts a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States code.

### PARTIES

2.   Belden admits that on the face of the patents attached to Blue Spike's Original Complaint, Blue Spike, Inc. is identified as the assignee of United States Patent Nos. 7,346,472, 7,660,700, 7,949,494 and 8,214,175 (collectively, the "Patents-in-Suit"). Belden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and therefore denies them.

3.   Belden admits that at the time the Original Complaint was filed, Defendant Miranda Technologies, Inc. was a Canadian corporation, having its principal place of business at

3499, Douglas-B-Floreani, Montreal, Quebec, Canada H4S 2C6.  Miranda Technologies, Inc. is now Miranda Technologies Partnership, a Canadian partnership, having its principal place of business at 3499, Douglas-B-Floreani, Montreal, Quebec, Canada H4S 2C6.

4. Belden admits that it is a Delaware Corporation with principal place of business at 7733 Forsyth Boulevard, Suite 800, St. Louis, Missouri 63105.  Belden admits that it acquired Defendant Miranda Technologies, Inc. through a subsidiary of Belden.  Belden denies any remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

5. The allegations in paragraph 5 are legal conclusions and/or legal argument to which no answer is required. To the extent any answer is required, Belden admits that Blue Spike alleges a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States code, and that this Court has subject matter jurisdiction over patent law claims. Belden denies any remaining allegations in paragraph 5.

6. The allegations in Paragraph 6 are legal conclusions and/or legal argument to which no answer is required. To the extent that any answer is required, Belden denies the allegations in paragraph 6.

7. The allegations in Paragraph 7 are legal conclusions and/or legal argument to which no answer is required. To the extent that any answer is required, Belden denies the allegations in paragraph 7.

## FACTUAL BACKGROUND

**A.**     **Moskowitz's History**

8. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

**B.     Patents-in-Suit**

22. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27. Belden is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

**C.     The Accused Product Services**

28. Belden denies the allegations contained in paragraph 28.

29. Belden admits that it has not sought or obtained a license to the Patents-in-Suit, but denies the implication that Belden would require any such license.

30. Belden denies the allegations contained in paragraph 30

### COUNT 1: INFRINGEMENT OF US. PATENT NO. 8,214,175

31.     Belden incorporates by references its responses to paragraphs 1 through 30 above, as if fully set forth herein.

32.     Belden admits that on the face of U.S. Patent No. 8,214,175 (the "'175 Patent") Blue Spike, Inc. is identified as the assignee.  Belden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and therefore denies them.

33.     Belden admits that a document purporting to be a copy of the '175 Patent is attached as Exhibit A to Blue Spike's Original Complaint.  Belden denies that the '175 Patent is valid.  Belden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore denies them.

34.     Belden denies the allegations contained in paragraph 34.

35.     Belden denies the allegations contained in paragraph 35.

36.     Belden denies the allegations contained in paragraph 36.

37.     Belden denies the allegations contained in paragraph 37.

38.     Belden denies the allegations contained in paragraph 38.

### COUNT 2: INFRINGEMENT OF US. PATENT NO. 7,949,494

39.     Belden incorporates by references its responses to paragraphs 1 through 38 above, as if fully set forth herein.

40.     Belden admits that on the face of U.S. Patent No. 7,949,494 (the "'494 Patent") Blue Spike, Inc. is identified as the assignee.  Belden is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 and therefore denies them.

41. Belden denies the allegations contained in paragraph 41.

42. Belden denies the allegations contained in paragraph 42.

43. Belden denies the allegations contained in paragraph 43.

44. Belden denies the allegations contained in paragraph 44.

45. Belden denies the allegations contained in paragraph 45.

46. Belden denies the allegations contained in paragraph 46.

**COUNT 3: INFRINGEMENT OF US. PATENT NO. 7,660,700**

47. Belden incorporates by references its responses to paragraphs 1 through 46 above, as if fully set forth herein.

48. Belden admits that on the face of U.S. Patent No. 7,660,700 (the "'700 Patent") Blue Spike, Inc. is identified as the assignee. Belden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 and therefore denies them.

49. Belden denies the allegations contained in paragraph 49.

50. Belden denies the allegations contained in paragraph 50.

51. Belden denies the allegations contained in paragraph 51.

52. Belden denies the allegations contained in paragraph 52.

53. Belden denies the allegations contained in paragraph 53.

54. Belden denies the allegations contained in paragraph 54.

## COUNT 4: INFRINGEMENT OF US. PATENT NO. 7,346,472

55. Belden incorporates by references its responses to paragraphs 1 through 54 above, as if fully set forth herein.

56. Belden admits that on the face of U.S. Patent No. 7,346,472 (the "'472 Patent") Blue Spike, Inc. is identified as the assignee.  Belden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 and therefore denies them.

57. Belden denies the allegations contained in paragraph 57.

58. Belden denies the allegations contained in paragraph 58.

59. Belden denies the allegations contained in paragraph 59.

60. Belden denies the allegations contained in paragraph 60.

61. Belden denies the allegations contained in paragraph 61.

62. Belden denies the allegations contained in paragraph 62.

## RESPONSE TO REQUEST FOR RELIEF

These paragraphs set for the a statement of relief requested by Blue Spike to which no response is required.  Belden denies that Blue Spike is entitled to any of the requested relief and denies any allegations to which a response would be required.

## RESPONSE TO DEMAND FOR JURY TRIAL

With regard to the Demand of Jury Trial in the Original Complaint, no admission or denial is required.

**AFFIRMATIVE DEFENSES**

Subject to the responses above, Belden alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defense by law, regardless of how such defenses are denominated herein. Belden's investigation of its defenses is ongoing, and Belden reserves all rights to allege additional defenses that may now exist or become known through the course of discovery or further investigation in this case.

**First Affirmative Defense**

Venue is neither proper nor convenient in this District.

**Second Affirmative Defense**

Blue Spike lacks good title to one or more of the Patents-in-Suit and/or lacks standing to sue on same.

**Third Affirmative Defense**

Belden does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, nor in any other manner) any valid claim of the '175 Patent, the '494 Patent, the '700 Patent and/or the '472 Patent.

**Fourth Affirmative Defense**

The claims of the Patents-in-Suit are invalid for incorrect inventorship.

**Fifth Affirmative Defense**

The claims of the Patents-in-Suit are invalid because the claims fail to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Sixth Affirmative Defense**

Blue Spike's claims for relief are barred in whole or in part by laches, waiver, acquiescence, and/or estoppel.

**Seventh Affirmative Defense**

Blue Spike's claim for damages, if any, against Belden for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287, and/or 288.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Belden Inc. ("Belden") asserts the following counterclaims against Blue Spike, LLC ("Blue Spike"):

**THE PARTIES**

1. Belden is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 7733 Forsyth Boulevard, Suite 800, St. Louis, Missouri 63105.

2. Blue Spike is a limited liability corporation organized and existing under the laws of the State of Texas, having its principal of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

**JURISDICTION AND VENUE**

3. These counterclaims arise under the United States Patent Act, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. In these Counterclaims, Belden seeks a judicial declaration as to non-infringement and invalidity of United States Patent Nos. 7,346,472, 7,660,700, 7,949,494 and 8,214,175 (collectively, the "Patents-in-Suit"). This Court has jurisdiction over the subject

matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

5.     By filing its Original Complaint, Blue Spike has consented to personal jurisdiction in the Eastern District of Texas.

6.     By filing its Original Complaint, Blue Spike has consented to venue in the Eastern District of Texas.  Belden makes this allegation without prejudice to and specifically reserving and not waiving its contention that Blue Spike's claim of venue in this district is not proper under 28 U.S.C. §§ 1391 and 1404.

## FIRST COUNTERCLAIM
**(Declaration of Non-Infringement as to U.S. Patent No. 8,214,175)**

7.     Belden restates and reincorporates by reference its allegations in paragraphs 1 through 6 of its Counterclaims.

8.     An actual and justiciable case or controversy exists between Belden and Blue Spike as to whether U.S. Patent No. 8,214,175 (the "'175 Patent") is infringed by Belden.

9.     A judicial declaration is necessary and appropriate so that Belden may ascertain its rights regarding the '175 Patent.

10.    Belden has not infringed and does not infringe, directly or indirectly, any valid claim of the '175 Patent.

## SECOND COUNTERCLAIM
**(Declaration of Invalidity of U.S. Patent No. 8,214,175)**

11.     Belden restates and reincorporates by reference its allegations in paragraphs 1 through 10 of its Counterclaims.

12.    An actual and justiciable case or controversy exists between Belden and Blue Spike as to whether the '175 Patent is invalid.

13. A judicial declaration is necessary and appropriate so that Belden may ascertain whether the '175 Patent is invalid.

14. The '175 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD COUNTERCLAIM
### (Declaration of Non-Infringement as to U.S. Patent No. 7,949, 494)

15. Belden restates and reincorporates by reference its allegations in paragraphs 1 through 14 of its Counterclaims.

16. An actual and justiciable case or controversy exists between Belden and Blue Spike as to whether U.S. Patent No. 7,949, 494 (the "'494 Patent") is infringed by Belden.

17. A judicial declaration is necessary and appropriate so that Belden may ascertain its rights regarding the '494 Patent.

18. Belden has not infringed and does not infringe, directly or indirectly, any valid claim of the '494 Patent.

### FOURTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,949, 494)

19. Belden restates and reincorporates by reference its allegations in paragraphs 1 through 18 of its Counterclaims.

20. An actual and justiciable case or controversy exists between Belden and Blue Spike as to whether the '494 Patent is invalid.

21. A judicial declaration is necessary and appropriate so that Belden may ascertain whether the '494 Patent is invalid.

22. The '494 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIFTH COUNTERCLAIM
### (Declaration of Non-Infringement as to U.S. Patent No. 7,660,700)

23. Belden restates and reincorporates by reference its allegations in paragraphs 1 through 22 of its Counterclaims.

24. An actual and justiciable case or controversy exists between Belden and Blue Spike as to whether U.S. Patent No. 7,660,700 (the "'700 Patent") is infringed by Belden.

25. A judicial declaration is necessary and appropriate so that Belden may ascertain its rights regarding the '700 Patent.

26. Belden has not infringed and does not infringe, directly or indirectly, any valid claim of the '700 Patent.

## SIXTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,660,700)

27. Belden restates and reincorporates by reference its allegations in paragraphs 1 through 26 of its Counterclaims.

28. An actual and justiciable case or controversy exists between Belden and Blue Spike as to whether the '700 Patent is invalid.

29. A judicial declaration is necessary and appropriate so that Belden may ascertain whether the '700 Patent is invalid.

30. The '700 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SEVENTH COUNTERCLAIM
### (Declaration of Non-Infringement as to U.S. Patent No. 7,346,472)

31. Belden restates and reincorporates by reference its allegations in paragraphs 1 through 30 of its Counterclaims.

32. An actual and justiciable case or controversy exists between Belden and Blue Spike as to whether U.S. Patent No. 7,346,472 (the "'472 Patent") is infringed by Belden.

33. A judicial declaration is necessary and appropriate so that Belden may ascertain its rights regarding the '472 Patent.

34. Belden has not infringed and does not infringe, directly or indirectly, any valid claim of the '472 Patent.

### EIGHTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,346,472)

35. Belden restates and reincorporates by reference its allegations in paragraphs 1 through 34 of its Counterclaims.

36. An actual and justiciable case or controversy exists between Belden and Blue Spike as to whether the '472 Patent is invalid.

37. A judicial declaration is necessary and appropriate so that Belden may ascertain whether the '472 Patent is invalid.

38. The '472 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### EXCEPTIONAL CASE

39. On information and belief, this is an exceptional case entitling Belden to an award of attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of *inter alia*, Blue Spike's assertion of the Patents-in-Suit against Belden with knowledge that Belden does not infringe any valid claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Belden prays for judgment as follows:

a. a judgment dismissing Blue Spike's Original Complaint against Belden with prejudice;

b. a declaration that Belden has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the Patents-in-Suit;

c. a declaration that the Patents-in-Suit are invalid;

d. a declaration that this case is exceptional and that an award to Belden of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

e. such other further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Belden demands a trial by jury on all issues so triable.


DATED: November 21, 2012         By:  */s/ Matthew B. Lowrie*
                                      Matthew B. Lowrie, Esq.
                                      FOLEY & LARDNER LLP
                                      111 Huntington Avenue
                                      Boston, MA 02199-7610
                                      Tel: (617) 342-4000
                                      Fax: (617) 342-4001
                                      mlowrie@foley.com

                                      *Attorneys for Plaintiff*
                                      *Belden Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 21st day of November, 2012.

                                            */s/ Matthew B. Lowrie*
                                              Matthew B. Lowrie