IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, § § Plaintiff, § § v. § TEXAS INSTRUMENTS, INC., § § Defendant. § | § § § § § § § § § § § § § § § § § § | Civil Action No. 6:12-CV-499 LED **JURY TRIAL DEMANDED** |
| BLUE SPIKE, LLC Plaintiff, v. ANTHEUS TECHNOLOGY, INC., Defendant. | | Civil Action No. 6:12-CV-686 LED **JURY TRIAL DEMANDED** |

**ANTHEUS TECHNOLOOGY, INC.S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL IN RESPONSE TO BLUE SPIKE, LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Antheus Technology, Inc. ("Antheus"), in response to Plaintiff Blue Spike, LLC's ("Blue Spike") Original Complaint for Patent Infringement, hereby answers, asserts the following affirmative defenses, and demands a trial by jury as to all issues so triable.

**NATURE OF THE SUIT**

1. Antheus admits that, by and through its Complaint, Blue Spike seeks to assert a claim for patent infringement arising under the laws of the United States, Title 35 of the United States Code.

## PARTIES

2. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 2 of Blue Spike's Complaint and upon this ground denies them.

3. Antheus denies that it does business in the state of Texas, and denies that it does business in the Eastern District of Texas. Antheus admits all other allegations in paragraph 3 of Blue Spike's Complaint.

4. Antheus admits this is a civil action against Antheus for patent infringement arising under the patent laws of the United States. Antheus admits this Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338 (a), but denies this Court has subject matter jurisdiction under 28 U.S.C. §§1332 and 1367.

5. Antheus denies it has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas (or anywhere else for that matter). Antheus denies it regularly does business or solicits business in the Eastern District of Texas and in Texas. Antheus denies that it engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the Eastern District of Texas and in Texas. Antheus denies it has purposefully established substantial, systematic, and continuous contacts with the Eastern District of Texas and should reasonably expect to be haled into court in the Eastern District of Texas. Antheus denies this Court's exercise of personal jurisdiction over Antheus will not offend traditional notions of fair play and substantial justice. To the extent Blue Spike asserts this Court has personal jurisdiction over Antheus on these four specified grounds, Antheus denies this Court has personal jurisdiction over Antheus.

6. Antheus denies that venue is proper under 28 U.S.C. §1391(b)-(c) and 1400(b). Antheus denies that it does business in the state of Texas, denies it has committed acts of infringement in Texas and in the Eastern District of Texas (or anywhere else for that matter), denies that a substantial part of the events giving rise to Blue Spike's claims happened in the Eastern District of Texas, and denies that it is subject to personal jurisdiction in the Eastern District of Texas.

## FACTUAL BACKGROUND

### A. Moskowitz's History

7. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and upon this ground denies them.

8. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and upon this ground denies them.

9. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and upon this ground denies them.

10. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and upon this ground denies them.

11. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and upon this ground denies them.

12. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and upon this ground denies them.

13. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and upon this ground denies them.

14. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and upon this ground denies them.

15. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and upon this ground denies them.

16. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and upon this ground denies them.

17. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and upon this ground denies them.

18. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and upon this ground denies them.

19. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and upon this ground denies them.

20. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and upon this ground denies them.

**B. Patents-in-Suit.**

21. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and upon this ground denies them.

22. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and upon this ground denies them.

23. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and upon this ground denies them.

24. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and upon this ground denies them.

25. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and upon this ground denies them.

26. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and upon this ground denies them.

### C.  The Accused Products and Services

27. Antheus admits that it develops, and thereby designs, fingerprint-based biometric software.  Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegation that Antheus "*manufactures* fingerprint-based biometric *software,*" and that it "designs, develops, and manufactures fingerprint-based biometric…*systems and technology*," due to ambiguity and uncertainty, on upon that ground Antheus denies this allegation.  Antheus denies that it makes, uses, offers for sale and/or imports into the U.S. products, systems, and/or services, including, but not limited to, its Agora ID Solution and Agora Software Development Kit ("Accused Products"), which infringe one or more claims of the Patents-in-Suit.

28. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and upon this ground denies them.

29. Antheus denies that its Accused Products are using methods, devices, and systems taught by Blue Spike's Patents-in-Suit.

30. Antheus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and upon this ground denies them.

### COUNT 1

### INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31. Antheus repeats and incorporates by reference the its responses to the allegations contained in paragraphs 1 through 30 above.

32. Antheus admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals."  Antheus is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and upon this ground denies them.

33. Antheus admits that, on its face, Exhibit A appears to be United States Patent No. 8,214,175, issued on July 3, 2012.  Antheus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and upon this ground denies them.

34. Antheus denies the allegations of paragraph 34.

35. Antheus denies the allegations of paragraph 35.

36. Antheus denies the allegations of paragraph 36.

37. Antheus denies the allegations of paragraph 37.

38. Antheus denies the allegations of paragraph 38.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39. Antheus repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 38 above.

40. Antheus admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Antheus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 and upon this ground denies them.

41. Antheus admits that, on its face, Exhibit B appears to be United States Patent No. 7,949,494, issued on February 9, 2010.  Antheus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 and upon this ground denies them.

42. Antheus denies the allegations of paragraph 42.

43. Antheus denies the allegations of paragraph 43.

44. Antheus denies the allegations of paragraph 44.

45. Antheus denies the allegations of paragraph 45.

46. Antheus denies the allegations of paragraph 46.

## COUNT 3

### INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. Antheus repeats and incorporates by reference the its responses to the allegations contained in paragraphs 1 through 46 above.

48. Antheus admits that, on its face, United States Patent No. 7,660,700 ("the '700 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Antheus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 and upon this ground denies them.

49. Antheus admits that, on its face, Exhibit C appears to be United States Patent No. 7,660,700, issued on May 24, 2011.  Antheus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 and upon this ground denies them.

50. Antheus denies the allegations of paragraph 50.

51. Antheus denies the allegations of paragraph 51.

52. Antheus denies the allegations of paragraph 52.

53. Antheus denies the allegations of paragraph 53.

54. Antheus denies the allegations of paragraph 54.

/ / /

## COUNT 4

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55. Antheus repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 54 above.

56. Antheus admits that, on its face, United States Patent No. 7,346,472 ("the '472 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Antheus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 and upon this ground denies them.

57. Antheus admits that, on its face, Exhibit D appears to be United States Patent No. 7,346,472, issued on March 18, 2008.  Antheus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 and upon this ground denies them.

58. Antheus denies the allegations of paragraph 58.

59. Antheus denies the allegations of paragraph 59.

60. Antheus denies the allegations of paragraph 60.

61. Antheus denies the allegations of paragraph 61.

62. Antheus denies the allegations of paragraph 62.

## PLAINTIFF'S REQUEST FOR RELIEF

Antheus denies that Plaintiff Blue Spike is entitled to any of the relief it has requested in its Original Complaint for Patent Infringement.

## DEMAND FOR JURY TRIAL

Antheus acknowledges and, in accordance with Federal Rule of Civil Procedure 38(b), hereby joins in Plaintiff's demand for a trial by jury as to all issues so triable as of right.

## AFFIRMATIVE DEFENSES

Antheus alleges and asserts the following affirmative defenses in response to Plaintiff Blue Spike's Original Complaint for Patent Infringement. Antheus' investigation of its defenses has only recently begun and is continuing and therefore it reserves the right to seek leave of Court to amend its Answer to allege additional affirmative defenses that may now exist or become known through discovery and further investigation, including but not limited to counterclaims for declaratory relief of non-infringement and/or invalidity.

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

63. This Court lacks personal jurisdiction over Defendant Antheus. Plaintiff Blue Spike cannot prove Antheus purposefully availed itself of the benefits and protections of the state of Texas by establishing minimum contacts with the state of Texas, nor can it prove that the exercise of jurisdiction over Antheus would not offend traditional notions of fair play and substantial justice.

### SECOND AFFIRMATIVE DEFENSE
### (Improper and Inconvenient Forum)

64. Plaintiff Blue Spike basis its allegations of venue on 28 U.S.C. §§1391(b)-(c) and 1400(b). Venue is improper under 28 U.S.C. §1391(b)(1) as all defendants are not residents of the state of Texas, and it is improper under §1391(b)(2) because a substantial part of the events giving rise to the claim did not occur in this District, nor is there any real property at issue in this case that is located in the District. And as there is a district which the action could have been brought, venue is improper under 28 U.S.C. §1391(b)(3). Finally, as Antheus does not reside in the Eastern District of Texas, and as Antheus does not have a regular and established place of business in the Eastern District of Texas, venue is improper under 28 U.S.C. §1400(b). In addition, the Eastern District of Texas is an inconvenient forum for Antheus and the witnesses in

this case. The interests of justice would be better served by transferring this case to a more convenient forum for the parties and witnesses.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

65. Plaintiff Blue Spike lacks good and clear title to one or more of the Patents-in-Suit, or its lacks standing to sue upon one or more of the Patents-in-Suit.

### FOURTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

66. Antheus has not infringed, nor does not infringe, either directly, indirectly (such as by inducement or contributory infringement), willfully, or literally or under the doctrine of equivalents, any valid claim of the '175 Patent, the '494 Patent, the '700 Patent, or the '472 Patent.

### FIFTH AFFIRMATIVE DEFENSE
### (Invalidity/Unenforceability)

67. Each of the claims of the '175 Patent, the '494 Patent, the '700 Patent, or the '472 Patent are invalid and/or unenforceable as set forth in 35 U.S.C. §§101, 102, 103, and/or 112.

### SIXTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

68. Blue Spike's claims for relief are barred, in whole or in part, by equitable doctrines, such as laches, waiver, unclean hands, acquiescence, and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

69. Blue Spike's claims for damages, if any, against Antheus for alleged infringement of the '175 Patent, the '494 Patent, the '700 Patent, or the '472 Patent are limited by 35 U.S.C. §§ 286, 287, and or 288.

/ / /

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

70. Plaintiff Blue Spike is estopped from construing and asserting the claims of the '175 Patent, the '494 Patent, the '700 Patent, or the '472 Patent in such a way as to cover any Antheus product or method of operation by reason of statements made to the United States Patent Office during the prosecution of the applications that led to the issuance of the '175 Patent, the '494 Patent, the '700 Patent, and the '472 Patent.

## NINTH AFFIRMATIVE DEFENSE
### (Implied License, Exhaustion)

71. Blue Spike's claims for patent infringement are precluded, in whole or in part, to the extent that any allegedly infringing products or components are supplied, directly or indirectly, to Antheus or are imported, sold by, offered for sale by, made by, or made for, an entity or entities having express or implied licenses to the '175 Patent, the '494 Patent, the '700 Patent, and the '472 Patent.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

72. Blue Spike's claims for patent infringement fail to state a claim upon which relief can be granted, and/or fails to plead the required allegations with sufficient particularity.

/ / /

/ / /

/ / /

/ / /

/ / /

11

## RESERVATION OF DEFENSES

73. Antheus reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or are available in the future based upon further investigation and discovery.

Dated: November 21, 2012       Respectfully submitted,

*/s/ Robert C. Matz*
———————————————————

Robert C. Matz (California State Bar No. 217822)
Makman & Matz LLP
655 Mariner's Island Blvd., Suite 306
San Mateo, CA 94404
Telephone: 650-242-1560
Facsimile: (650) 242-1547
Email: robert@makmanmatz.com

*Counsel for Defendant Antheus Tecnology, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2012, I electronically filed the foregoing:

**ANTHEUS TECHNOLOOGY, INC.S ANSWER AND AFFIRMATIVE DEFENSES TO BLUE SPIKE, LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND ITS DEMAND FOR A TRIAL BY JURY**

with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing

to all counsel of record and allow them to access the document.

*/s/ Robert C. Matz*

Robert C. Matz