IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, § § Plaintiff, § § v. § § TEXAS INSTRUMENTS, INC., § § Defendant. § § | | Civil Action No. 6:12-CV-499 LED<br><br>**JURY TRIAL DEMANDED** |
| BLUE SPIKE, LLC, § § Plaintiff, § § v. § § ZEITERA, LLC, ENSEQUENCE, INC., § AND RELATED CONTENT DATABASE, § INC., d/b/a WATCHWITH, § § Defendants. § | | Civil Action No. 6:12-CV-568 LED<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ZEITERA, LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Zeitera, LLC ("Zeitera"), for its Answer to the Original Complaint for Patent Infringement ("Complaint") of Blue Spike, LLC ("Blue Spike" or "Plaintiff"), answers and alleges as follows:

# I. ANSWER

## NATURE OF THE SUIT

1. Zeitera admits that the Complaint purports to assert claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code. Zeitera denies that it has infringed any patents.

## PARTIES

2. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies those allegations.

3. Zeitera admits that it is a Delaware limited liability company, having its principal place of business at 67 East Evelyn Avenue, Suite 4, Mountain View, California 94041 and that it can be served with process through its registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Zeitera denies the remaining allegations of paragraph 3.

4. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies those allegations.

5. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies those allegations.

## JURISDICTION AND VENUE

6. Zeitera admits that this lawsuit purports to be a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* Zeitera admits the Court has subject-matter jurisdiction.

7. Zeitera denies the allegations of paragraph 7 as they relate to Zeitera. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 7 as to the other defendants, and therefore denies those allegations.

8. Zeitera denies the allegations of paragraph 8 as they relate to Zeitera. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 as to the other defendants, and therefore denies those allegations.

## JOINDER

9. Zeitera denies the allegations of paragraph. 9.

## FACTUAL BACKGROUND

10. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies those allegations.

11. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies those allegations.

12. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies those allegations.

13. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies those allegations.

14. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies those allegations.

15. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies those allegations.

16. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies those allegations.

17. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies those allegations.

18. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies those allegations.

19. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies those allegations.

20. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies those allegations.

21. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies those allegations.

22. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies those allegations.

23. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies those allegations.

24. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and/or the allegations therein are too vague or speculative to enable Zeitera to form a belief as to the truth of the allegations, and therefore denies those allegations.

25. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and/or the allegations therein are too vague or speculative to enable Zeitera to form a belief as to the truth of the allegations, and therefore denies those allegations.

26. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and/or the allegations therein are too vague or speculative to

enable Zeitera to form a belief as to the truth of the allegations, and therefore denies those allegations.

27. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and/or the allegations therein are too vague or speculative to enable Zeitera to form a belief as to the truth of the allegations, and therefore denies those allegations.

28. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and/or the allegations therein are too vague or speculative to enable Zeitera to form a belief as to the truth of the allegations, and therefore denies those allegations.

29. Zeitera denies the allegations of paragraph 29.

30. Zeitera admits that it designs and develops software, systems, and technology for content recognition.  Zeitera admits that it makes and distributes the Vvid and TangoAV fingerprinting solutions in the United States, and that those solutions enable ACR content identification.  Zeitera denies the remaining allegations in paragraph 30.

31. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies those allegations.

32. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies those allegations.

33. Zeitera admits that is has not sought or obtained a license for any of Blue Spike's patented technologies.  Zeitera denies that it needs a license to any of Blue Spike's patented technologies.  Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies those allegations.

34. Zeitera denies that it is using methods, devices, and systems taught by Blue Spike's Patents-in-Suit. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34, and therefore denies those allegations.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

35. Paragraphs 1-34 are incorporated by reference as if fully restated herein.

36. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore denies those allegations.

37. Zeitera admits that a document attached as Exhibit A to the Complaint appears to be a copy of United States Patent No. 8,214,175 ("the '175 patent"), which on its face bears the issue date July 3, 2012. Zeitera denies that the '175 patent is valid and enforceable and that it was duly and legally issued.

38. Zeitera denies the allegations of paragraph 38.

39. Zeitera denies the allegations of paragraph 39.

40. Zeitera denies the allegations of paragraph 40.

41. Zeitera denies the allegations of paragraph 41.

42. Zeitera denies the allegations of paragraph 42.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

43. Paragraphs 1-42 are incorporated by reference as if fully restated herein.

44. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore denies those allegations.

45. Zeitera admits that a document attached as Exhibit B to the Complaint appears to be a copy of United States Patent No. 7,949,494 ("the '494 patent"), which on its face bears the

issue date May 24, 2011.  Zeitera denies that the '494 patent is valid and enforceable and that it was duly and legally issued.

46. Zeitera denies the allegations of paragraph 46.

47. Zeitera denies the allegations of paragraph 47.

48. Zeitera denies the allegations of paragraph 48.

49. Zeitera denies the allegations of paragraph 49.

50. Zeitera denies the allegations of paragraph 50.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

51. Paragraphs 1-50 are incorporated by reference as if fully restated herein.

52. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore denies those allegations.

53. Zeitera admits that a document attached as Exhibit C to the Complaint appears to be a copy of United States Patent No. 7,660,700 ("the '700 patent"), which on its face bears the issue date February 9, 2010.  Zeitera denies that the '700 patent is valid and enforceable and that it was duly and legally issued.

54. Zeitera denies the allegations of paragraph 54.

55. Zeitera denies the allegations of paragraph 55.

56. Zeitera denies the allegations of paragraph 56.

57. Zeitera denies the allegations of paragraph 57.

58. Zeitera denies the allegations of paragraph 58.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

59. Paragraphs 1-58 are incorporated by reference as if fully restated herein.

60. Zeitera lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60, and therefore denies those allegations.

61. Zeitera admits that a document attached as Exhibit D to the Complaint appears to be a copy of United States Patent No. 7,346,472 ("the '472 patent"), which on its face bears the issue date March 18, 2008.  Zeitera denies that the '472 patent is valid and enforceable and that it was duly and legally issued.

62. Zeitera denies the allegations of paragraph 62.

63. Zeitera denies the allegations of paragraph 63.

64. Zeitera denies the allegations of paragraph 64.

65. Zeitera denies the allegations of paragraph 65.

66. Zeitera denies the allegations of paragraph 66.

## RELIEF REQUESTED BY PLAINTIFF

Zeitera denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## II.  AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

67. Zeitera has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '175, '494, '700, and '472 patents (collectively, the "patents-in-suit") either literally or under the doctrine of equivalents, or in any other manner.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

68. One or more claims of the patents-in-suit are invalid for failing to meet one or more of the requisite conditions specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

### THIRD AFFIRMATIVE DEFENSE – ESTOPPEL

69. Zeitera is informed and believes, and on that basis avers, that the relief sought by Plaintiff is barred under the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

70. Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or Plaintiff's failure to plead notice thereunder.

### FIFTH AFFIRMATIVE DEFENSE – COSTS BARRED IN ACTION FOR INFRINGEMENT OF A PATENT CONTAINING INVALID CLAIMS

71. Pursuant to 35 U.S.C. § 288, Plaintiff is barred from recovering any costs.

### SIXTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

72. The Complaint fails to state a claim against Zeitera upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION

73. The allegations in the Complaint asserted against Zeitera should be dismissed for lack of personal jurisdiction and improper venue.

### RESERVATION OF ADDITIONAL DEFENSES

74. Zeitera reserves the right to assert additional affirmative defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Zeitera respectfully requests this Court to enter judgment for Defendant Zeitera and against Plaintiff as follows:

A. Dismissing the Complaint with prejudice;

B. Finding that Zeitera does not infringe any claim of the patents-in-suit, or contribute to, or induce any such infringement;

C. Finding that the claims of the patents-in-suit are, as to each of the claims asserted against Zeitera, invalid and/or unenforceable;

D. Finding this to be an exceptional case in favor of Zeitera, and thus awarding Zeitera its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

E. Granting such additional relief as the Court may deem appropriate.

### III.  COUNTERCLAIMS FOR DECLARATORY JUDGMENT

75. In addition to its affirmative defenses, Zeitera further asserts the following counterclaims against Blue Spike LLC.

### THE PARTIES

76. Zeitera is a Delaware limited liability company having a principal place of business at 67 East Evelyn Avenue, Suite 4, Mountain View, California 94041.

77. On information and belief, Blue Spike is a Texas limited liability company having its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

### JURISDICTION AND VENUE

78. Zeitera counterclaims against Blue Spike pursuant to the Patent Laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

79. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 2201, 1338(a), 2201(a), and 2202.

80. Venue over these counterclaims is proper in this District pursuant to 28 U.S.C. § 1400.

81. An actual controversy exists between Zeitera and Blue Spike by virtue of the allegations of Blue Spike's Original Complaint in this action and Zeitera's Answer – i.e. as to whether the patents-in-suit are invalid and not infringed by Zeitera's products and services.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '175 Patent)

82. Paragraphs 76-82 are incorporated by reference as if fully restated herein.

83. Blue Spike asserts in this action that Zeitera has or is infringing one or more claims of the '175 patent.

84. Zeitera has not and is not infringing any claims of the '175 patent.

85. Accordingly, Zeitera seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '175 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '175 Patent)

86. Paragraphs 76-82 are incorporated by reference as if fully restated herein.

87. Blue Spike asserts in this action that Zeitera has or is infringing one or more claims of the '175 patent.

88. One or more claims of the '175 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the

judicial doctrine of double patenting.

89. Accordingly, Zeitera seeks a judgment declaring that one or more claims of the '175 patent are invalid.

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '494 Patent)

90. Paragraphs 76-82 are incorporated by reference as if fully restated herein.

91. Blue Spike asserts in this action that Zeitera has or is infringing one or more claims of the '494 patent.

92. Zeitera has not and is not infringing any claims of the '494 patent.

93. Accordingly, Zeitera seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '494 patent.

### FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '494 Patent)

94. Paragraphs 76-82 are incorporated by reference as if fully restated herein.

95. Blue Spike asserts in this action that Zeitera has or is infringing one or more claims of the '494 patent.

96. One or more claims of the '494 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

97. Accordingly, Zeitera seeks a judgment declaring that one or more claims of the '494 patent are invalid.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '700 Patent)

98. Paragraphs 76-82 are incorporated by reference as if fully restated herein.

99. Blue Spike asserts in this action that Zeitera has or is infringing one or more claims of the '700 patent.

100. Zeitera has not and is not infringing any claims of the '700 patent.

101. Accordingly, Zeitera seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '700 patent.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '700 Patent)

102. Paragraphs 76-82 are incorporated by reference as if fully restated herein.

103. Blue Spike asserts in this action that Zeitera has or is infringing one or more claims of the '700 patent.

104. One or more claims of the '700 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

105. Accordingly, Zeitera seeks a judgment declaring that one or more claims of the '700 patent are invalid.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '472 Patent)

106. Paragraphs 76-82 are incorporated by reference as if fully restated herein.

107. Blue Spike asserts in this action that Zeitera has or is infringing one or more claims of the '472 patent.

108. Zeitera has not and is not infringing any claims of the '472 patent.

109. Accordingly, Zeitera seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '472 patent.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '472 Patent)

110. Paragraphs 76-82 are incorporated by reference as if fully restated herein.

111. Blue Spike asserts in this action that Zeitera has or is infringing one or more claims of the '472 patent.

112. One or more claims of the '472 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

113. Accordingly, Zeitera seeks a judgment declaring that one or more claims of the '472 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Zeitera requests that this Court enter a judgment in its favor and against Blue Spike as follows:

A. Dismissal of Blue Spike's claims for patent infringement with prejudice;

B. Judgment against Blue Spike declaring the '175 patent not infringed by Zeitera;

C. Judgment against Blue Spike declaring one or more claims of the '175 patent invalid;

D. Judgment against Blue Spike declaring the '494 patent not infringed by Zeitera;

E. Judgment against Blue Spike declaring one or more claims of the '494 patent invalid;

F. Judgment against Blue Spike declaring the '700 patent not infringed by Zeitera;

G. Judgment against Blue Spike declaring one or more claims of the '700 patent invalid;

H. Judgment against Blue Spike declaring the '472 patent not infringed by Zeitera;

I. Judgment against BlueSpike declaring one or more claims of the '472 patent invalid;

J. A declaration that Zeitera's defenses and counterclaims present an exceptional case entitling it to, and therefore awarding, its reasonable attorneys' fees under 35 U.S.C. § 285;

K. Award of costs to Zeitera; and

L. Award to Zeitera such other relief as the Court deems just and reasonable.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) for the Federal Rules of Civil Procedure, Defendant Zeitera respectfully requests a jury trial on all issues so triable, including without limitation, Blue Spike's claims and Zeitera's defenses and counterclaims.

Dated: November 21, 2012         FENWICK & WEST LLP


By: */s/ Terry M. Corbin*
Teresa M. Corbin
tcorbin@fenwick.com

Teresa M. Corbin, CA Bar No. 132360
(Admitted E.D. Texas)
Bryan A. Kohm, CA Bar No.233276
(Admitted E.D. Texas)
David Lacy Kusters, CA Bar No.241335
(Admitted E.D. Texas)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:   (415) 874-2300
Facsimile:   (415) 281-1350

Darren E. Donnelly, CA Bar No. 194335
(Admitted E.D. Texas)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California  94041
Telephone:     (650) 955-8500
Facsimile:    (650) 983-5200


Attorneys for Defendant
ZEITERA, LLC.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 21, 2012.

                                                 */s/ Teresa M. Corbin*
                                                 Teresa M. Corbin