IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**TEXAS INSTRUMENTS, INC.,**<br><br>Defendant. | Civil Action No. 6:12-CV-499<br>**LEAD CASE**<br><br>JURY TRIAL DEMANDED |
| **BLUE SPIKE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**THE NIELSEN COMPANY (US), LLC,**<br><br>Defendant. | Civil Action No. 6:12-CV-587<br><br>JURY TRIAL DEMANDED<br><br>**DEFENDANT THE NIELSEN COMPANY'S ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** |

Defendant The Nielsen Company (US), LLC ("Nielsen") answers Plaintiff Blue Spike LLC's ("Blue Spike") Original Complaint for Patent Infringement ("Complaint") as follows, denying Blue Spike's allegations and averments, except as specifically admitted herein:

### NATURE OF THE SUIT

1.  Nielsen admits that the Complaint purports to set forth claims for patent infringement under Title 35 of the United States Code, but denies that those claims have any factual or legal basis.

## PARTIES

2. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2. Therefore, Nielsen denies all allegations contained in Paragraph 2.

3. Nielsen admits the allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4. Nielsen admits that the Complaint purports to set forth claims for patent infringement under Title 35 of the United States Code, and admits that this Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367. Except as expressly stated herein, Nielsen denies all remaining allegations contained in Paragraph 4.

5. Nielsen admits that The Nielsen Company is subject to personal jurisdiction in this judicial district and that it conducts business in the State of Texas. Except as expressly stated herein, Nielsen denies all remaining allegations contained in Paragraph 5.

6. Nielsen admits that venue in this district is appropriate for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b). Except as expressly stated herein, Nielsen denies all remaining allegations contained in Paragraph 6.

## FACTUAL BACKGROUND

**A.  Moskowitz's History**

7. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7. Therefore, Nielsen denies all allegations contained in Paragraph 7.

8. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8. Therefore, Nielsen denies all allegations contained in Paragraph 8.

9. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9. Therefore, Nielsen denies all allegations contained in Paragraph 9.

10. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10. Therefore, Nielsen denies all allegations contained in Paragraph 10.

11. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11. Therefore, Nielsen denies all allegations contained in Paragraph 11.

12. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12. Therefore, Nielsen denies all allegations contained in Paragraph 12.

13. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13. Therefore, Nielsen denies all allegations contained in Paragraph 13.

14. Nielsen admits that the New York Times published an article in 1995 entitled, "Technology: Digital Commerce; 2 plans for watermarks, which can bind proof of authorship to electronic works" and that the Dice Company was mentioned therein. Nielsen also admits that Forbes published an article on September 9, 1996 entitled, "Cops Versus Robbers in Cyberspace."

Nielsen also admits that Mr. Moskowitz gave testimony regarding the Digital Millennium Copyright Act. Except as expressly stated herein, Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and thus denies all remaining allegations contained in Paragraph 14.

15. Nielsen admits that Mr. Moskowitz authored a book entitled, "So This is Converence?" Nielsen also admits that Mr. Moskowitz authored the introduction for a book entitled, "Multimedia Security Technologies for Digital Rights Management." Nielsen also admits that Mr. Moskowitz authored a paper for the 2002 International Symposium of Information Technology entitled, "What is Acceptable Quality in the Application of Digital Watermarking: Trade-offs of Security, Robustness and Quality." Nielsen also admits that Mr. Moskowitz authored an article entitled "Bandwidth as Currency" for the IEEE Computer Society. Except as expressly stated herein, Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and thus denies all remaining allegations contained in Paragraph 15.

16. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16. Therefore, Nielsen denies all allegations contained in Paragraph 16.

17. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17. Therefore, Nielsen denies all allegations contained in Paragraph 17.

18. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18. Therefore, Nielsen denies all allegations contained in Paragraph 18.

19. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.  Therefore, Nielsen denies all allegations contained in Paragraph 19.

20. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.  Therefore, Nielsen denies all allegations contained in Paragraph 20.

**B.     Patents-in-Suit**

21. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.  Therefore, Nielsen denies all allegations contained in Paragraph 21.

22. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.  Therefore, Nielsen denies all allegations contained in Paragraph 22.

23. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.  Therefore, Nielsen denies all allegations contained in Paragraph 23.

24. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.  Therefore, Nielsen denies all allegations contained in Paragraph 24.

25. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.  Therefore, Nielsen denies all allegations contained in Paragraph 25.

26.     Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.  Therefore, Nielsen denies all allegations contained in Paragraph 26.

**C.     The Accused Products and Services**

27.     Nielsen admits that The Nielsen Company designs and develops software, systems, and technology for detecting and monitoring content.  Nielsen also admits that its reported revenues in 2011 were $5.5 billion.  Nielsen also admits that it has a service called Nielsen Broadcast Data Systems, also known as BDS, which employs a patented digital pattern recognition technology to capture song detections and provide data to the music industry.  Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 27.

28.     Nielsen admits that is has not sought or obtained a license from Blue Spike.  Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 28.

29.     Nielsen denies each and every allegation contained in Paragraph 29.

30.     Nielsen denies each and every allegation contained in Paragraph 30.

**COUNT 1:**
**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

31.     Nielsen repeats and incorporates by reference its denials and admissions set forth in Paragraphs 1 through 30 above as if fully restated in this paragraph.

32.     Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.  Therefore, Nielsen denies all allegations contained in Paragraph 32.

33.     Nielsen admits that Exhibit A attached to the Complaint appears on its face to be U.S. Patent No. 8,214,175 titled "Method and Device for Monitoring and Analyzing Signals" with an

issue date of July 3, 2012. Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 33.

34. Nielsen denies that it has committed the alleged acts of infringement, willfully or otherwise, whether directly, by inducement, or by contribution, with respect to any claims of U.S. Patent No. 8,214,175. Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 34.

35. Nielsen denies that it has committed the alleged acts of infringement, willfully or otherwise, whether directly, by inducement, or by contribution, with respect to any claims of U.S. Patent No. 8,214,175 the patent. Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 35.

36. Nielsen denies each and every allegation contained in Paragraph 36.

37. Nielsen denies each and every allegation contained in Paragraph 37.

38. Nielsen denies each and every allegation contained in Paragraph 38.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39. Nielsen repeats and incorporates by reference its denials and admissions set forth in Paragraphs 1 through 38 above as if fully restated in this paragraph.

40. Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40. Therefore, Nielsen denies all allegations contained in Paragraph 40.

41. Nielsen admits that Exhibit B attached to the Complaint appears on its face to be U.S. Patent No. 7,949,494 titled "Method and Device for Monitoring and Analyzing Signals" with an issue date of May 24, 2011. Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 41.

42.     Nielsen denies that it has committed the alleged acts of infringement, willfully or otherwise, whether directly, by inducement, or by contribution, with respect to any claims of U.S. Patent No. 7,949,494.  Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 42.

43.     Nielsen denies that it has committed the alleged acts of infringement, willfully or otherwise, whether directly, by inducement, or by contribution, with respect to any claims of U.S. Patent No. 7,949,494 the patent.  Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 43.

44.     Nielsen denies each and every allegation contained in Paragraph 44.

45.     Nielsen denies each and every allegation contained in Paragraph 45.

46.     Nielsen denies each and every allegation contained in Paragraph 46.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47.     Nielsen repeats and incorporates by reference its denials and admissions set forth in Paragraphs 1 through 46 above as if fully restated in this paragraph.

48.     Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.  Therefore, Nielsen denies all allegations contained in Paragraph 48.

49.     Nielsen admits that Exhibit C attached to the Complaint appears on its face to be U.S. Patent No. 7,660,700 titled "Method and Device for Monitoring and Analyzing Signals" with an issue date of February 9, 2010.  Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 49.

50.     Nielsen denies that it has committed the alleged acts of infringement, willfully or otherwise, whether directly, by inducement, or by contribution, with respect to any claims of U.S.

Patent No. 7,660,700. Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 50.

51.     Nielsen denies that it has committed the alleged acts of infringement, willfully or otherwise, whether directly, by inducement, or by contribution, with respect to any claims of U.S. Patent No. 7,660,700. Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 51.

52.     Nielsen denies each and every allegation contained in Paragraph 52.

53.     Nielsen denies each and every allegation contained in Paragraph 53.

54.     Nielsen denies each and every allegation contained in Paragraph 54.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55.     Nielsen repeats and incorporates by reference its denials and admissions set forth in Paragraphs 1 through 54 above as if fully restated in this paragraph.

56.     Nielsen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56. Therefore, Nielsen denies all allegations contained in Paragraph 56.

57.     Nielsen admits that Exhibit D attached to the Complaint appears on its face to be U.S. Patent No. 7,346,472 titled "Method and Device for Monitoring and Analyzing Signals" with an issue date of March 18, 2008. Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 57.

58.     Nielsen denies that it has committed the alleged acts of infringement, willfully or otherwise, whether directly, by inducement, or by contribution, with respect to any claims of U.S. Patent No. 7,346,472. Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 58.

9

59.     Nielsen denies that it has committed the alleged acts of infringement, willfully or otherwise, whether directly, by inducement, or by contribution, with respect to any claims of U.S. Patent No. 7,346,472.  Except as expressly stated herein, Nielsen denies all remaining allegations of Paragraph 59.

60.     Nielsen denies each and every allegation contained in Paragraph 60.

61.     Nielsen denies each and every allegation contained in Paragraph 61.

62.     Nielsen denies each and every allegation contained in Paragraph 62.

## REQUEST FOR RELIEF

Nielsen denies that Blue Spike is entitled to any of the requested relief and denies any allegations contained in Blue Spike's Request for Relief.

## AFFIRMATIVE DEFENSES

Nielsen alleges and asserts the following affirmative defenses without assuming any burden of proof that it would not otherwise have.  In addition to the affirmative defenses described below and subject to its responses above, Nielsen specifically reserves all rights to allege additional defenses, affirmative or otherwise, that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

Nielsen has not infringed, contributed to the infringement of, or actively induced others to infringe any valid and asserted claims of the Patents-in-Suit, directly, indirectly, literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE: INVALIDITY

The claims of the Patents-in-Suit are invalid because they have not met one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without

limitation, 35 U.S.C. §§ 101, 102, 103 and 112 and the rules, regulations and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE: LICENSE

Blue Spike's claims purported to be set forth in the Complaint against Nielsen are barred, in whole or in part, by the defenses of license and estoppel (including, without limitation, defenses arising from implied licenses and/or the doctrine of patent exhaustion) based upon express and implied licenses granted by Blue Spike or companies affiliated with Blue Spike.

### PRAYER FOR RELIEF

WHEREFORE, Nielsen prays for judgment as follows:

1. Nielsen does not infringe, induce the infringement of, or contribute to the infringement of the Patents-in-Suit, nor has it ever done so;
2. The Patents-in-Suit are invalid;
3. The Patents-in-Suit are unenforceable;
4. Nielsen is licensed under the Patents-in-Suit.
5. That the Complaint is dismissed with prejudice;
6. For costs of suit, including without limitation expert consultant and witness fees;
7. That the Court deem this an exceptional case pursuant to 35 U.S.C. § 285 and award reasonable attorney fees to Nielsen; and
8. For such other and further relief as the Court deems just and proper.

Dated:  November 21, 2012

Respectfully submitted,

/s/ Daniel T. Conrad
Daniel T. Conrad
Texas State Bar No. 24026608
dtconrad@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2012, a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Daniel T. Conrad