IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 6:12-cv-499-LED |
| v. § | *(Consolidated from 6:12-CV-544-LED)* |
| § | |
| MIRANDA TECHNOLOGIES, INC., AND § | JURY TRIAL DEMANDED |
| BELDEN INC. § | |
| § | |
| Defendants. § | |

## ANSWER AND COUNTERCLAIMS OF
## MIRANDA TECHNOLOGIES PARTNERSHIP TO THE
## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT OF BLUE SPIKE, LLC

Defendant Miranda Technologies Partnership (f/k/a Miranda Technologies, Inc.) ("Miranda") hereby files its Answer, Affirmative Defenses, and Counterclaims to the Original Complaint for Patent Infringement (the "Original Complaint") of Plaintiff Blue Spike, LLC ("Blue Spike") as follows:

### NATURE OF THE SUIT

1. Miranda admits that Blue Spike asserts a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States code.

### PARTIES

2. Miranda admits that on the face of the patents attached to Blue Spike's Original Complaint, Blue Spike, Inc. is identified as the assignee of United States Patent Nos. 7,346,472, 7,660,700, 7,949,494 and 8,214,175 (collectively, the "Patents-in-Suit"). Miranda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and therefore denies them.

3. Miranda admits that at the time the Original Complaint was filed, Defendant Miranda Technologies, Inc. was a Canadian corporation, having its principal place of business at 3499, Douglas-B-Floreani, Montreal, Quebec, Canada H4S 2C6. Miranda Technologies, Inc. is now Miranda Technologies Partnership, a Canadian partnership, having its principal place of business at 3499, Douglas-B-Floreani, Montreal, Quebec, Canada H4S 2C6.

4. Miranda admits that Belden, Inc. is a Delaware Corporation with principal place of business at 7733 Forsyth Boulevard, Suite 800, St. Louis, Missouri 63105. Miranda admits that Belden acquired Defendant Miranda Technologies, Inc. through a subsidiary of Belden. Miranda denies any remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

5. The allegations in paragraph 5 are legal conclusions and/or legal argument to which no answer is required. To the extent any answer is required, Miranda admits that Blue Spike alleges a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States code, and that this Court has subject matter jurisdiction over patent law claims. Miranda denies any remaining allegations in paragraph 5.

6. The allegations in Paragraph 6 are legal conclusions and/or legal argument to which no answer is required. To the extent that any answer is required, Miranda denies the allegations in paragraph 6.

7. The allegations in Paragraph 7 are legal conclusions and/or legal argument to which no answer is required. To the extent that any answer is required, Miranda denies the allegations in paragraph 7.

## FACTUAL BACKGROUND

**A.** **Moskowitz's History**

8. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

**B.  Patents-in-Suit**

22. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27. Miranda is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

**C.  The Accused Product Services**

28. Miranda denies the allegations contained in paragraph 28.

29. Miranda admits that it has not sought or obtained a license to the Patents-in-Suit, but denies the implication that Miranda would require any such license.

30. Miranda denies the allegations contained in paragraph 30

### COUNT 1: INFRINGEMENT OF US. PATENT NO. 8,214,175

31. Miranda incorporates by references its responses to paragraphs 1 through 30 above, as if fully set forth herein.

32. Miranda admits that on the face of U.S. Patent No. 8,214,175 (the "'175 Patent") Blue Spike, Inc. is identified as the assignee. Miranda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and therefore denies them.

33. Miranda admits that a document purporting to be a copy of the '175 Patent is attached as Exhibit A to Blue Spike's Original Complaint. Miranda denies that the '175 Patent is valid. Miranda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore denies them.

34. Miranda denies the allegations contained in paragraph 34.

35. Miranda denies the allegations contained in paragraph 35.

36. Miranda denies the allegations contained in paragraph 36.

37. Miranda denies the allegations contained in paragraph 37.

38. Miranda denies the allegations contained in paragraph 38.

### COUNT 2: INFRINGEMENT OF US. PATENT NO. 7,949,494

39. Miranda incorporates by references its responses to paragraphs 1 through 38 above, as if fully set forth herein.

40. Miranda admits that on the face of U.S. Patent No. 7,949,494 (the "'494 Patent") Blue Spike, Inc. is identified as the assignee. Miranda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 and therefore denies them.

41. Miranda denies the allegations contained in paragraph 41.

42. Miranda denies the allegations contained in paragraph 42.

43. Miranda denies the allegations contained in paragraph 43.

44. Miranda denies the allegations contained in paragraph 44.

45. Miranda denies the allegations contained in paragraph 45.

46. Miranda denies the allegations contained in paragraph 46.

## **COUNT 3: INFRINGEMENT OF US. PATENT NO. 7,660,700**

47. Miranda incorporates by references its responses to paragraphs 1 through 46 above, as if fully set forth herein.

48. Miranda admits that on the face of U.S. Patent No. 7,660,700 (the "'700 Patent") Blue Spike, Inc. is identified as the assignee. Miranda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 and therefore denies them.

49. Miranda denies the allegations contained in paragraph 49.

50. Miranda denies the allegations contained in paragraph 50.

51. Miranda denies the allegations contained in paragraph 51.

52. Miranda denies the allegations contained in paragraph 52.

53. Miranda denies the allegations contained in paragraph 53.

54. Miranda denies the allegations contained in paragraph 54.

## COUNT 4: INFRINGEMENT OF US. PATENT NO. 7,346,472

55. Miranda incorporates by references its responses to paragraphs 1 through 54 above, as if fully set forth herein.

56. Miranda admits that on the face of U.S. Patent No. 7,346,472 (the "'472 Patent") Blue Spike, Inc. is identified as the assignee. Miranda is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 and therefore denies them.

57. Miranda denies the allegations contained in paragraph 57.

58. Miranda denies the allegations contained in paragraph 58.

59. Miranda denies the allegations contained in paragraph 59.

60. Miranda denies the allegations contained in paragraph 60.

61. Miranda denies the allegations contained in paragraph 61.

62. Miranda denies the allegations contained in paragraph 62.

## RESPONSE TO REQUEST FOR RELIEF

These paragraphs set for the a statement of relief requested by Blue Spike to which no response is required. Miranda denies that Blue Spike is entitled to any of the requested relief and denies any allegations to which a response would be required.

## RESPONSE TO DEMAND FOR JURY TRIAL

With regard to the Demand of Jury Trial in the Original Complaint, no admission or denial is required.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Miranda alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defense by law, regardless of how such defenses are denominated herein. Miranda's investigation of its defenses is ongoing, and Miranda reserves all rights to allege additional defenses that may now exist or become known through the course of discovery or further investigation in this case.

### First Affirmative Defense

Venue is neither proper nor convenient in this District.

### Second Affirmative Defense

Blue Spike lacks good title to one or more of the Patents-in-Suit and/or lacks standing to sue on same.

### Third Affirmative Defense

Miranda does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, nor in any other manner) any valid claim of the '175 Patent, the '494 Patent, the '700 Patent and/or the '472 Patent.

### Fourth Affirmative Defense

The claims of the Patents-in-Suit are invalid for incorrect inventorship.

### Fifth Affirmative Defense

The claims of the Patents-in-Suit are invalid because the claims fail to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Sixth Affirmative Defense

Blue Spike's claims for relief are barred in whole or in part by laches, waiver, acquiescence, and/or estoppel.

### Seventh Affirmative Defense

Blue Spike's claim for damages, if any, against Miranda for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Miranda Technologies Partnership ("Miranda") asserts the following counterclaims against Blue Spike, LLC ("Blue Spike"):

### THE PARTIES

1. Miranda Technologies Partnership (f/k/a Miranda Technologies, Inc.) is a Canadian partnership, having its principal place of business at 3499, Douglas-B-Floreani, Montreal, Quebec, Canada H4S 2C6.

2. Blue Spike is a limited liability corporation organized and existing under the laws of the State of Texas, having its principal of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

### JURISDICTION AND VENUE

3. These counterclaims arise under the United States Patent Act, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. In these Counterclaims, Miranda seeks a judicial declaration as to non-infringement and invalidity of United States Patent Nos. 7,346,472, 7,660,700, 7,949,494 and

9

8,214,175 (collectively, the "Patents-in-Suit"). This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

5. By filing its Original Complaint, Blue Spike has consented to personal jurisdiction in the Eastern District of Texas.

6. By filing its Original Complaint, Blue Spike has consented to venue in the Eastern District of Texas. Miranda makes this allegation without prejudice to and specifically reserving and not waiving its contention that Blue Spike's claim of venue in this district is not proper under 28 U.S.C. §§ 1391 and 1404.

### FIRST COUNTERCLAIM
**(Declaration of Non-Infringement as to U.S. Patent No. 8,214,175)**

7. Miranda restates and reincorporates by reference its allegations in paragraphs 1 through 6 of its Counterclaims.

8. An actual and justiciable case or controversy exists between Miranda and Blue Spike as to whether U.S. Patent No. 8,214,175 (the "'175 Patent") is infringed by Miranda.

9. A judicial declaration is necessary and appropriate so that Miranda may ascertain its rights regarding the '175 Patent.

10. Miranda has not infringed and does not infringe, directly or indirectly, any valid claim of the '175 Patent.

### SECOND COUNTERCLAIM
**(Declaration of Invalidity of U.S. Patent No. 8,214,175)**

11. Miranda restates and reincorporates by reference its allegations in paragraphs 1 through 10 of its Counterclaims.

12. An actual and justiciable case or controversy exists between Miranda and Blue Spike as to whether the '175 Patent is invalid.

13. A judicial declaration is necessary and appropriate so that Miranda may ascertain whether the '175 Patent is invalid.

14. The '175 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD COUNTERCLAIM
### (Declaration of Non-Infringement as to U.S. Patent No. 7,949, 494)

15. Miranda restates and reincorporates by reference its allegations in paragraphs 1 through 14 of its Counterclaims.

16. An actual and justiciable case or controversy exists between Miranda and Blue Spike as to whether U.S. Patent No. 7,949, 494 (the "'494 Patent") is infringed by Miranda.

17. A judicial declaration is necessary and appropriate so that Miranda may ascertain its rights regarding the '494 Patent.

18. Miranda has not infringed and does not infringe, directly or indirectly, any valid claim of the '494 Patent.

### FOURTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,949, 494)

19. Miranda restates and reincorporates by reference its allegations in paragraphs 1 through 18 of its Counterclaims.

20. An actual and justiciable case or controversy exists between Miranda and Blue Spike as to whether the '494 Patent is invalid.

21. A judicial declaration is necessary and appropriate so that Miranda may ascertain whether the '494 Patent is invalid.

22. The '494 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIFTH COUNTERCLAIM
### (Declaration of Non-Infringement as to U.S. Patent No. 7,660,700)

23. Miranda restates and reincorporates by reference its allegations in paragraphs 1 through 22 of its Counterclaims.

24. An actual and justiciable case or controversy exists between Miranda and Blue Spike as to whether U.S. Patent No. 7,660,700 (the "'700 Patent") is infringed by Miranda.

25. A judicial declaration is necessary and appropriate so that Miranda may ascertain its rights regarding the '700 Patent.

26. Miranda has not infringed and does not infringe, directly or indirectly, any valid claim of the '700 Patent.

## SIXTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,660,700)

27. Miranda restates and reincorporates by reference its allegations in paragraphs 1 through 26 of its Counterclaims.

28. An actual and justiciable case or controversy exists between Miranda and Blue Spike as to whether the '700 Patent is invalid.

29. A judicial declaration is necessary and appropriate so that Miranda may ascertain whether the '700 Patent is invalid.

30. The '700 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SEVENTH COUNTERCLAIM
### (Declaration of Non-Infringement as to U.S. Patent No. 7,346,472)

31.     Miranda restates and reincorporates by reference its allegations in paragraphs 1 through 30 of its Counterclaims.

32.     An actual and justiciable case or controversy exists between Miranda and Blue Spike as to whether U.S. Patent No. 7,346,472 (the "'472 Patent") is infringed by Miranda.

33.     A judicial declaration is necessary and appropriate so that Miranda may ascertain its rights regarding the '472 Patent.

34.     Miranda has not infringed and does not infringe, directly or indirectly, any valid claim of the '472 Patent.

## EIGHTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,346,472)

35.     Miranda restates and reincorporates by reference its allegations in paragraphs 1 through 34 of its Counterclaims.

36.     An actual and justiciable case or controversy exists between Miranda and Blue Spike as to whether the '472 Patent is invalid.

37.     A judicial declaration is necessary and appropriate so that Miranda may ascertain whether the '472 Patent is invalid.

38.     The '472 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## EXCEPTIONAL CASE

39.     On information and belief, this is an exceptional case entitling Miranda to an award of attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of *inter alia*, Blue Spike's assertion of the Patents-in-

Suit against Miranda with knowledge that Miranda does not infringe any valid claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Miranda prays for judgment as follows:

a. a judgment dismissing Blue Spike's Original Complaint against Miranda with prejudice;

b. a declaration that Miranda has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the Patents-in-Suit;

c. a declaration that the Patents-in-Suit are invalid;

d. a declaration that this case is exceptional and that an award to Miranda of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

e. such other further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Miranda demands a trial by jury on all issues so triable.

DATED: November 26, 2012    By: */s/ Matthew B. Lowrie*
Matthew B. Lowrie, Esq.
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199-7610
Tel: (617) 342-4000
Fax: (617) 342-4001
mlowrie@foley.com

*Attorneys for Defendant
Miranda Technologies Partnership
(f/k/a Miranda Technologies, Inc.)*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 26th day of November, 2012.

                                        */s/ Matthew B. Lowrie*
                                           Matthew B. Lowrie