**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **BLUE SPIKE, LLC,** | |
| *Plaintiff,* | |
| | **Civil Action No. 6:12-CV-499** |
| **v.** | **JURY TRIAL DEMANDED** |
| **TEXAS INSTRUMENTS, INC.**, *et al.*, | |
| *Defendants.* | |

**DEFENDANT AWARE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES IN
RESPONSE TO PLAINTIFF BLUE SPIKE, LLC'S COMPLAINT**

Defendant Aware, Inc. ("Aware"), by and through its undersigned counsel, hereby

submits its Answer and Affirmative Defenses in response to Plaintiff Blue Spike, LLC's ("Blue

Spike") Original Complaint ("Complaint") (filed in Civil Action No. 6:12-CV-687), and

responds and states as follows:

**NATURE OF THE SUIT**

1.      Aware admits that Blue Spike's allegations arise under the patent laws of the

United States, Title 35 of the United States Code.  With respect to any remaining allegations in

Paragraph 1 of the Complaint, Aware denies them.

**PARTIES**

2.      Aware lacks sufficient knowledge or information to admit or deny the allegations

in Paragraph 2 of the Complaint, and, on that basis, denies them.

3.      Aware admits that it has a principal place of business at 40 Middlesex Turnpike,

Bedford, Massachusetts 01730.  Aware admits that the name and address of its registered agent

is Richard P. Moberg, 40 Middlesex Turnpike, Bedford, Massachusetts 01730.  Aware admits

that it has had business in Texas.  With respect to any remaining allegations in Paragraph 3 of the Complaint, Aware denies them.

## JURISDICTION AND VENUE

4.      Aware admits that this action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.  Aware admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367.  With respect to any remaining allegations in paragraph 4 of the Complaint, Aware denies them.

5.      Aware denies the allegations in Paragraph 5 of the Complaint.

6.      Aware denies the allegations in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

**A.      Moskowitz's History**

7.      Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Complaint, and, on that basis, denies them.

8.      Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint, and, on that basis, denies them.

9.      Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Complaint, and, on that basis, denies them.

10.      Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint, and, on that basis, denies them.

11.      Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint, and, on that basis, denies them.

12.      Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint, and, on that basis, denies them.

13.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint, and, on that basis, denies them

14.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint, and, on that basis, denies them.

15.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint, and, on that basis, denies them.

16.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint, and, on that basis, denies them.

17.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint, and, on that basis, denies them.

18.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint, and, on that basis, denies them.

19.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint, and, on that basis, denies them.

20.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint, and, on that basis, denies them.

**B.     Patents-in-Suit**

21.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint, and, on that basis, denies them.

22.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint, and, on that basis, denies them.

23.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint, and, on that basis, denies them.

24.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint, and, on that basis, denies them.

25.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint, and, on that basis, denies them.

26.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint, and, on that basis, denies them.

**C.     The Accused Products and Services**

27.     Aware admits that it has developed, used, and/or sold Universal Registration Client (URC™), URC Mobile, FormScannerSE/MB, Forensic Workbench, WebEnroll, BioComponents™, Biometrics Services Platform (BioSP™), and software development kits FastCapture, PreFace™, SequenceCheck™, NISTPack, ICAOPack, PIVPack™, M1Pack, AwareXM™, BioLog, and AccuScan™.  With respect to any remaining allegations in Paragraph 27 of the Complaint, including any allegation that any Aware service or product infringes any claims of the Patents-in-Suit, Aware denies them.

28.     Aware admits that it has not itself sought a license to the Patents-in-Suit.  Aware lacks sufficient knowledge or information to admit or deny any remaining allegations in Paragraph 28 of the Complaint, and, on that basis, denies them.

29.     Aware denies the allegations in Paragraph 29 of the Complaint.

30.     Aware denies the allegations in Paragraph 30 of the Complaint.

**COUNT 1:**
**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

31.     Aware re-avers its answers to Paragraphs 1-30 of the Complaint.

32.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 32 of the Complaint, and, on that basis, denies them.

33.     Aware that admits a purported copy of the'175 Patent is attached to the Complaint.  With respect to the remaining allegations in Paragraph 33 of the Complaint, Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Complaint, and, on that basis, denies them.

34.     Aware denies the allegations in Paragraph 34 of the Complaint.

35.     Aware denies the allegations in Paragraph 35 of the Complaint.

36.     Aware denies the allegations in Paragraph 36 of the Complaint.

37.     Aware denies the allegations in Paragraph 37 of the Complaint.

38.     Aware denies the allegations in Paragraph 38 of the Complaint.

**COUNT 2:**
**INFRINGEMENT OF U.S. PATENT NO. 7,949,494**

39.     Aware re-avers its answers to Paragraphs 1-38 of the Complaint.

40.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Complaint, and, on that basis, denies them.

41.     Aware that admits a purported copy of the'494 Patent is attached to the Complaint.  With respect to the remaining allegations in Paragraph 41 of the Complaint, Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint, and, on that basis, denies them.

42.     Aware denies the allegations in Paragraph 42 of the Complaint.

43.     Aware denies the allegations in Paragraph 43 of the Complaint.

44.     Aware denies the allegations in Paragraph 44 of the Complaint.

45.     Aware denies the allegations in Paragraph 45 of the Complaint.

46.     Aware denies the allegations in Paragraph 46 of the Complaint.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47.     Aware re-avers its answers to Paragraphs 1-46 of the Complaint.

48.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 48 of the Complaint, and, on that basis, denies them.

49.     Aware that admits a purported copy of the'700 Patent is attached to the Complaint.  With respect to the remaining allegations in Paragraph 49 of the Complaint, Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 49 of the Complaint, and, on that basis, denies them.

50.     Aware denies the allegations in Paragraph 50 of the Complaint.

51.     Aware denies the allegations in Paragraph 51 of the Complaint.

52.     Aware denies the allegations in Paragraph 52 of the Complaint.

53.     Aware denies the allegations in Paragraph 53 of the Complaint.

54.     Aware denies the allegations in Paragraph 54 of the Complaint.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55.     Aware re-avers it answers to Paragraphs 1-54 of the Complaint.

56.     Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 56 of the Complaint, and, on that basis, denies them.

57.     Aware that admits a purported copy of the'472 Patent is attached to the Complaint.  With respect to the remaining allegations in Paragraph 57 of the Complaint, Aware lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Complaint, and, on that basis, denies them.

58.     Aware denies the allegations in Paragraph 58 of the Complaint.

59.     Aware denies the allegations in Paragraph 59 of the Complaint.

60.     Aware denies the allegations in Paragraph 60 of the Complaint.

61.     Aware denies the allegations in Paragraph 61 of the Complaint.

62.     Aware denies the allegations in Paragraph 62 of the Complaint.

## RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

63.     Aware opposes any of the relief sought by Blue Spike and denies that Blue Spike

is entitled to any relief.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

64.     To the extent a response is required, Aware admits that the Complaint contains a

request for a jury trial.

## AWARE'S AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law, Aware asserts

the following affirmative defenses to Blue Spike's claims against Aware:

### First Affirmative Defense – Failure to State a Claim

65.     Blue Spike's Complaint fails to state a claim upon which relief can be granted.

Aware has not performed any act or thing and is not proposing to perform any act or thing in

violation of any rights validly belonging to Blue Spike.

### Second Affirmative Defense – Invalidity

66.     Blue Spike's purported claims for infringement of the Patents-in-Suit are barred

because each and every claim of the Asserted Patents is invalid for failure to comply with the

requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102,

103, and/or 112.

### Third Affirmative Defense – Patent Marking

67.     Any claim for damages for patent infringement by Blue Spike is limited, at a minimum, to the period after Aware received specific and actual notice of Blue Spike's allegations of patent infringement.

### Fourth Affirmative Defense – Limitation on Damages

68.     Any claim for damages by Blue Spike is limited pursuant to 35 U.S.C. §§ 286 and 288.

### Fifth Affirmative Defense – Prosecution History Estoppel

69.     By reason of proceedings in the USPTO during the prosecution of the applications resulting in the patents-in-suit, as shown by their file history, and by reason of the amendment, cancellation and/or abandonment of claims, and the admissions and other amendments made therein by or on behalf of the patentees, Blue Spike is estopped to claim a construction of the Patents-in-Suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by Aware.

### Sixth Affirmative Defense – Laches/Estoppel

70.     The Patents-in-Suit are limited and/or unenforceable by reason of the doctrine of laches and/or estoppel, including without limitation, promissory and equitable estoppel.

### Seventh Affirmative Defense – Lack of Personal Jurisdiction

71.     This Court lacks personal jurisdiction over Aware.

### Eighth Affirmative Defense – Improper Venue

72.     Venue in this Court is improper.

## Reservation of All Affirmative Defenses

73.     Aware reserves all affirmative defenses permitted under the Federal Rules of

Civil Procedure, the patent laws of the United States and/or at law or in equity, which may now

exist or in the future be available based on discovery and further investigation in this case.


Dated:  November 28, 2012                    Respectfully submitted,

                                             By:  /s/ Wasif Qureshi
                                             _____

                                                  Lawrence K. Kolodney
                                                  *Admitted Pro Hac Vice*
                                                  **Fish & Richardson PC**
                                                  One Marina Park Drive
                                                  Boston, MA 02210
                                                  Phone: 617-542-5070
                                                  Fax: 617-542-8906
                                                  kolodney@fr.com

                                                  Wasif Qureshi
                                                  Texas Bar No. 24048155
                                                  **Fish & Richardson PC**
                                                  1221 McKinney Street, Suite 2800
                                                  Houston, TX 77010
                                                  Phone: 713-654-5300
                                                  qureshi@fr.com

                                                  *Counsel for Defendant Aware, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

_/s/ Wasif Qureshi_
Wasif Qureshi