IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, § § | | |
| Plaintiff, § | Civil Action No. 6:12-cv-499 | |
| § | | |
| v. § | Consolidated Case | |
| § | | |
| TEXAS INSTRUMENTS, INC.. § § | | |
| Defendant. § | | |

---

| | | |
|---|---|---|
| BLUE SPIKE, LLC, § § | | |
| Plaintiff, § | Civil Action No. 6:12-cv-557 | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| CIVOLUTION USA, INC. and § CIVOLUTION B.V., § § | | |
| Defendants. § | | |

## DEFENDANT CIVOLUTION B.V.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Civolution B.V. ("Civolution") respectfully answers Blue Spike, LLC's ("Blue Spike's") Original Complaint as follows:

### NATURE OF THE SUIT

1.  Civolution admits that Blue Spike's Original Complaint purports to bring claims for patent infringement, but denies the merits of such claims.

### PARTIES

2.  Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the same.

3.  Civolution admits the allegations of Paragraph 3.

4. Civolution admits that Civolution B.V. is a Dutch limited liability company, having its principal place of business at High Tech Campus 9, 5656 AE Eindhoven, The Netherlands. Civolution denies the remaining allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Civolution admits that Blue Spike's Original Complaint purports to bring a civil action for patent infringement, but denies the merits of such claims. Civolution admits that such claims arise under the patent laws of the United States. Civolution is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 5 and therefore denies the same.

6. Civolution denies the allegations of Paragraph 6.

7. Civolution denies the allegations of Paragraph 7.

## FACTUAL BACKGROUND

**A.     Moskowitz's History**

8. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies the same.

9. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies the same.

10. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies the same.

11. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the same.

12. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same.

13. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the same.

14. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies the same.

15. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies the same.

16. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies the same.

17. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies the same.

18. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the same.

19. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies the same.

21. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the same.

**B.     Patents-in-Suit**

22. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.

23. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.

24. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.

25. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies the same.

26. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.

**C.     The Accused Products and Services**

28. Civolution admits that Civolution USA, Inc. offers for sale the Digital Fingerprinting and Teletrax software in the U.S. Civolution denies the remaining allegations of Paragraph 28.

29. Civolution denies the allegations of Paragraph 29.

30. Civolution denies the allegations of Paragraph 30.

31. Civolution denies that it does not have permission to use Blue Spike's Patents-in-Suit. Civolution is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 31 and therefore denies the same.

**COUNT 1:**

**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

32. Civolution incorporates by reference the responses to the allegations in Paragraphs 1 through 31.

33. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies the same.

34. Civolution admits that Exhibit A to the Complaint purports to be a copy of the '175 patent. Civolution denies that the '175 patent is valid. Civolution is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 34 and therefore denies the same.

35. Civolution denies the allegations of Paragraph 35.

36. Civolution denies the allegations of Paragraph 36.

37. Civolution denies the allegations of Paragraph 37.

38. Civolution denies the allegations of Paragraph 38.

39. Civolution denies the allegations of Paragraph 39.

## COUNT 2:

## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. Civolution incorporates by reference the responses to the allegations in Paragraphs 1 through 39.

41. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies the same.

42. Civolution admits that Exhibit B to the Complaint purports to be a copy of the '494 patent. Civolution denies that the '494 patent is valid. Civolution is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 42 and therefore denies the same.

43. Civolution denies the allegations of Paragraph 43.

44. Civolution denies the allegations of Paragraph 44.

45. Civolution denies the allegations of Paragraph 45.

46. Civolution denies the allegations of Paragraph 46.

47. Civolution denies the allegations of Paragraph 47.

## COUNT 3:

## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48. Civolution incorporates by reference the responses to the allegations in Paragraphs 1 through 47.

49. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 49 and therefore denies the same.

50. Civolution admits that Exhibit C to the Complaint purports to be a copy of the '700 patent. Civolution denies that the '700 patent is valid. Civolution is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 50 and therefore denies the same.

51. Civolution denies the allegations of Paragraph 51.

52. Civolution denies the allegations of Paragraph 52.

53. Civolution denies the allegations of Paragraph 53.

54. Civolution denies the allegations of Paragraph 54.

55. Civolution denies the allegations of Paragraph 55.

## COUNT 4:

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56. Civolution incorporates by reference the responses to the allegations in Paragraphs 1 through 55.

57. Civolution is without sufficient information to form a belief as to the truth of the allegations of Paragraph 57 and therefore denies the same.

58. Civolution admits that Exhibit D to the Complaint purports to be a copy of the '472 patent. Civolution denies that the '472 patent is valid. Civolution is without sufficient

information to form a belief as to the truth of the remaining allegations of Paragraph 58 and therefore denies the same.

59. Civolution denies the allegations of Paragraph 59.

60. Civolution denies the allegations of Paragraph 60.

61. Civolution denies the allegations of Paragraph 61.

62. Civolution denies the allegations of Paragraph 62.

63. Civolution denies the allegations of Paragraph 63.

## AFFIRMATIVE DEFENSES

### Non-infringement (First Affirmative Defense)

Civolution has not infringed, directly, indirectly, jointly, contributorily, and/or by inducement, any valid and enforceable claim of any of the asserted patents.

### Invalidity (Second Affirmative Defense)

The asserted patents and each and every claim thereof are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103 and/or 112.

### License and/or Exhaustion (Third Affirmative Defense)

On information and belief, Blue Spike has licensed the asserted patents to RPX Corporation. On information and belief, RPX Corporation has licensed its portfolio to its member companies. Civolution directly or indirectly licenses and/or purchases its accused technology from a member company of RPX Corporation. Accordingly, Civolution's sales are either authorized or subject to the doctrine of patent exhaustion.

### Laches, Estoppel, Acquiescence, and/or Waiver (Fourth Affirmative Defense)

Blue Spike's claims and all relief thereunder are barred, in whole or in part, by the equitable doctrines of laches, estoppel, acquiescence, waiver, and/or other applicable equitable doctrines.

**Prosecution History Disclaimer/Estoppel (Fifth Affirmative Defense)**

Because of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the asserted patents, Plaintiff is estopped from construing the claims of the asserted patent in a way that would cause any valid claim thereof to cover or include any products or services that are or have been manufactured, used, sold, offered for sale, or imported by Civolution, either literally or under the doctrine of equivalents.  Plaintiff is further estopped by reason of prosecution-history estoppel from asserting infringement of one or more of the claims of the asserted patents under the doctrine of equivalents.

**Limitation of Damages (Sixth Affirmative Defense)**

To the extent Blue Spike seeks recovery for any alleged infringement more than six years prior to the filing of her Original Complaint, such recovery is barred, in whole or in part, pursuant to 35 U.S.C. § 286.

**Failure to Mark (Seventh Affirmative Defense)**

On information and belief, Blue Spike is not entitled to any damages for any period before providing actual notice to Civolution of Blue Spike's infringement allegations, as required by 35 U.S.C. § 287, by reason of Blue Spike's and/or its licensees' failure to properly mark products embodying the claims of the asserted patents.

**Failure to Disclaim (Eighth Affirmative Defense)**

Blue Spike's prayer for costs is barred under 35 U.S.C. § 288 by its failure to disclaim invalid claims of the asserted patents before filing suit.

**No Entitlement to Injunction (Ninth Affirmative Defense)**

To the extent Blue Spike seeks injunctive relief for alleged infringement, the relief sought is unavailable because any alleged injury to Blue Spike is not immediate or irreparable and because it has an adequate remedy at law for the alleged injury.

### Failure to State a Claim (Tenth Affirmative Defense)

Blue Spike's Original Complaint and each claim for relief alleged therein fail to state a claim upon which relief can be granted.

### Lack of Personal Jurisdiction (Eleventh Affirmative Defense)

Civolution does not do business in Texas, or in the United States. Civolution lacks minimum contacts with Texas, and with the United States, in general. Civolution therefore is not subject to the personal jurisdiction of the U.S. District Court for the Eastern District of Texas.

### Reservation of Additional Defenses

In accordance with the Federal Rules of Civil Procedure, Civolution reserves the right to assert additional defenses, by motion or otherwise, as discovery progresses.

### REQUEST FOR RELIEF

In view of the foregoing, which Civolution incorporates by reference herein, Civolution respectfully asks the Court for the following relief:

a. That Blue Spike be denied, with prejudice, all relief sought by its Original Complaint;

b. That Blue Spike's Original Complaint be dismissed with prejudice;

c. That Civolution be awarded a judgment that U.S. Patent No. 8,214,175 and the claims thereof are invalid;

d. That Civolution be awarded a judgment that U.S. Patent No. 7,949,494 and the claims thereof are invalid;

e. That Civolution be awarded a judgment that U.S. Patent No. 7,660,700 and the claims thereof are invalid;

f. That Civolution be awarded a judgment that U.S. Patent No. 7,346,472 and the claims thereof are invalid;

g. That Civolution be awarded a judgment that it has not infringed any claim of any such patents;

h. That Civolution be awarded its reasonable attorneys fees and costs incurred in defending against Blue Spike's Original Complaint;

i. That Blue Spike is not entitled to injunctive relief;

j. Declaring this case to be exceptional and awarding Civolution its costs and attorneys fees under 35 U.S.C. § 284; and

k. Awarding Civolution any and all further relief to which it is entitled.

Dated: December 6, 2012

Respectfully submitted,

*/s/ Michael A. Molano*
*w/ permission by Kyle E. Friesen*
Michael A. Molano (*pro hac vice*)
Ward Johnson (*pro hac vice*)
MAYER BROWN LLP
3000 El Camino Real
Palo Alto, CA 94306-2112
Phone: (650) 331-2000
Fax: (650) 331-2060
Email: wjohnson@mayerbrown.com
Email: mmolano@mayerbrown.com

Kyle E. Friesen
Texas Bar No. 24061954
MAYER BROWN LLP
700 Louisiana Street, Suite 3400

Houston, Texas 77002-2730
Phone: (713) 238-2691
Fax: (713) 238-4691
Email: kfriesen@mayerbrown.com

COUNSEL FOR DEFENDANT
CIVOLUTION B.V.

**CERTIFICATE OF SERVICE**

On the 6th day of December, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5.

*/s/ Kyle E. Friesen*
Kyle E. Friesen