IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC., <br><br> Plaintiff, <br><br> v. <br><br> TEXAS INSTRUMENTS, INC., <br><br> Defendant. | Civil Action No. 6:12-cv-499 <br><br> (LEAD CASE) |
| BLUE SPIKE, LLC., <br><br> Plaintiff, <br><br> v. <br><br> IRDETO USA, INC. and IRDETO B.V., <br><br> Defendants. | Civil Action No. 6:12-cv-567 <br><br> (CONSOLIDATED WITH Civil Case No. 6:12-cv-499) <br><br> JURY TRIAL DEMANDED |

## DEFENDANTS IRDETO USA, INC. AND IRDETO B.V.'S ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

Defendants Irdeto USA, Inc. and Irdeto B.V. (collectively "Irdeto") files this Answer and Counterclaims to Plaintiff Blue Spike LLC's ("Blue Spike") Original Complaint ("Complaint") and states as follows:

### NATURE OF THE SUIT

1. Irdeto admits that this is an action for alleged patent infringement. To the extent that there are any factual allegations in paragraph 1, Irdeto denies each and every such allegation.

///

///

## PARTIES

2. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3. Irdeto USA, Inc. admits that it is a Delaware corporation with its principal place of business in Carlsbad, California.

4. Irdeto B.V. admits that it is a Dutch limited liability company with its principal place of business in Hoofddorp, Netherlands.

## JURISDICTION AND VENUE

5. Irdeto admits that this is an action for alleged patent infringement and does not contest subject matter jurisdiction.

6. Irdeto does not contest personal jurisdiction. Irdeto denies committing, directly or indirectly, any acts of patent infringement.

7. Irdeto does not contest personal jurisdiction or that venue is proper. Irdeto denies committing, directly or indirectly, any acts of patent infringement.

## FACTUAL BACKGROUND

**A.  Moskowitz's History**

8. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11. Irdeto lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 11 and therefore denies those allegations.

12. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

20. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

**B.     Patents-in-Suit**

22. Irdeto lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 22 and therefore denies those allegations.

23. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

## C. The Accused Products and Services

28. Irdeto admits that it is a technology company but denies the remaining allegations in paragraph 28.

29. Irdeto admits that it has not obtained a license from Blue Spike but denies the remaining allegations in paragraph 29.

30. Irdeto denies the allegations of paragraph 30.

31. Irdeto denies the allegations of paragraph 31.

## COUNT 1: ALLEGED INFRINGEMENT OF US PATENT 8,214,175

32. Irdeto incorporates its answers to the allegations of paragraphs 1 through 31 as if fully set forth herein.

33. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34. Irdeto admits that, on its face, U.S. Patent No. 8,215,175 (the "'175 patent") was issued by the United States Patent and Trademark Office on July 3, 2012 but denies the remaining allegations in paragraph 34.

35. Irdeto denies the allegations in paragraph 35.

36. Irdeto denies the allegations in paragraph 36.

37. Irdeto denies the allegations in paragraph 37.

38. Irdeto denies the allegations in paragraph 38.

39. Irdeto admits that, on its face, U.S. Patent No. 8,215,175 (the "'175 patent") was issued by the United States Patent and Trademark Office on July 3, 2012 but denies the remaining allegations in paragraph 39.

**COUNT 2:  ALLEGED INFRINGEMENT OF US PATENT 7,949,494**

40. Irdeto incorporates its answers to the allegations of paragraphs 1 through 39 as if fully set forth herein.

41. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations.

42. Irdeto admits that, on its face, U.S. Patent No. 7,949,494 (the "'494 patent") was issued by the United States Patent and Trademark Office on May 24, 2011 but denies the remaining allegations in paragraph 42.

43. Irdeto denies the allegations in paragraph 43.

44. Irdeto denies the allegations in paragraph 44.

45. Irdeto denies the allegations in paragraph 45.

46. Irdeto denies the allegations in paragraph 46.

47. Irdeto admits that, on its face, U.S. Patent No. 7,949,494 (the "'494

patent") was issued by the United States Patent and Trademark Office on May 24, 2011 but denies the remaining allegations in paragraph 47.

**COUNT 3: ALLEGED INFRINGEMENT OF US PATENT 7,660,700**

48. Irdeto incorporates its answers to the allegations of paragraphs 1 through 47 as if fully set forth herein.

49. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies those allegations.

50. Irdeto admits that, on its face, U.S. Patent No. 7,660,700 (the "'700 patent") was issued by the United States Patent and Trademark Office on February 9, 2010 but denies the remaining allegations in paragraph 50.

51. Irdeto denies the allegations in paragraph 51.

52. Irdeto denies the allegations in paragraph 52.

53. Irdeto denies the allegations in paragraph 53.

54. Irdeto denies the allegations in paragraph 54.

55. Irdeto admits that, on its face, U.S. Patent No. 7,660,700 (the "'700 patent") was issued by the United States Patent and Trademark Office on February 9, 2010 but denies the remaining allegations in paragraph 55.

**COUNT 4: ALLEGED INFRINGEMENT OF US PATENT 7,346,472**

56. Irdeto incorporates its answers to the allegations of paragraphs 1 through 55 as if fully set forth herein.

57. Irdeto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies those allegations.

58. Irdeto admits that, on its face, U.S. Patent No. 7,346,472 (the "'472

patent") was issued by the United States Patent and Trademark Office on March 18, 2008 but denies the remaining allegations in paragraph 58.

59. Irdeto denies the allegations in paragraph 59.

60. Irdeto denies the allegations in paragraph 60.

61. Irdeto denies the allegations in paragraph 61.

62. Irdeto denies the allegations in paragraph 62.

63. Irdeto admits that, on its face, U.S. Patent No. 7,346,472 (the "'472 patent") was issued by the United States Patent and Trademark Office on March 18, 2008 but denies the remaining allegations in paragraph 63.

## BLUE SPIKE'S REQUEST FOR RELIEF

The Request for Relief requires no response. To the extent that any response is required, Irdeto denies that Blue Spike should be granted any of the relief sought in paragraphs (a), (b), (c), (d), (c) or (d) [sic] of the Request for Relief in the Complaint.

## BLUE SPIKE'S JURY DEMAND

Irdeto admits that Blue Spike, by and through its attorneys, demands a trial by jury.

## AFFIRMATIVE DEFENSES

Irdeto asserts the following defenses to the Complaint of Blue Spike. Irdeto reserves the right to rely upon such other additional defenses as may become available or apparent during discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint and each and every one of its allegations fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Noninfringement)

Irdeto does not infringe and has not infringed any claim of the '472 patent, the '700 patent, the '494 patent or the '175 patent under any theory of infringement, including direct infringement, indirect infringement, induced infringement, contributory infringement, literal infringement, infringement under the doctrine of equivalents, or joint infringement.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

Each claim of the '472 patent, the '700 patent, the '494 patent and the '175 patent is invalid for failure to meet one or more of the conditions and requirements for patentability specified in 35 U.S.C. §§ 1 *et seq.*, including without limitation, §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Blue Spike is estopped, based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the issuance of the '472 patent, the '700 patent, the '494 patent and the '175 patent from maintaining that any claim of any asserted patent covers any articles, methods, services, equipment, products, devices, or components, or other activity used by or engaged in by Irdeto, or from asserting any interpretation of the asserted patent claims that would be broad enough to cover any of articles, methods, services, equipment,

products, devices, or components, or other activity used by or engaged in by Irdeto.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Blue Spike's claims for damages for infringement of the '472 patent, the '700 patent, the '494 patent and the '175 patent are limited pursuant to 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
### (Patent Marking)

Blue Spike's claims for damages for infringement of the '472 patent, the '700 patent, the '494 patent and the '175 patent are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

## COUNTERCLAIMS

1. Defendants and Counterclaimants Irdeto USA, Inc. and Irdeto B.V. (collectively, "Irdeto") files these counterclaims for declaratory judgment of noninfringement and patent invalidity and respectfully alleges as follows.

2. Irdeto USA, Inc. is a Delaware corporation with its principle place of business in Carlsbad, California.

3. Irdeto B.V. is a Dutch limited liability company with its principal place of business in Hoofddorp, Netherlands.

4. On information and belief, Plaintiff and Counterdefendant Blue Spike LLC. is a limited liability company organized under the laws of the State of Texas with its principal place of business in Tyler, Texas.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 28 U.S.C. § 2201 and 2202 in that

claims are presented for declaratory judgment and under 38 U.S.C. §§ 1338(a) because these claims arises under the laws of the United States relating to patents. Venue is proper in this judicial district because Blue Spike brought its alleged claims in this venue.

### COUNT I: NONINFRINGEMENT OF U.S. PATENT NO. 7,346,472

5. Irdeto incorporates by reference each and every allegation contained in paragraphs 1-4 of its Counterclaims as though set forth herein.

6. Irdeto does not infringe and has not infringed any valid claim of U.S. Patent No. 7,346,472 (the "'472 patent") literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

7. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Irdeto is entitled to a declaratory judgment that it does not infringe and has not infringed the '472 patent.

### COUNT II: NONINFRINGEMENT OF U.S. PATENT NO. 7,660,700

8. Irdeto incorporates by reference each and every allegation contained in paragraphs 1-4 of its Counterclaims as though set forth herein.

9. Irdeto does not infringe and has not infringed any valid claim of U.S. Patent No. 7,660,700 (the "'700 patent") literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

10. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Irdeto is entitled to a declaratory judgment that it does not infringe and has not infringed the '700 patent.

### COUNT III: NONINFRINGEMENT OF U.S. PATENT NO. 7,949,494

11. Irdeto incorporates by reference each and every allegation contained in

paragraphs 1-4 of its Counterclaims as though set forth herein.

12. Irdeto does not infringe and has not infringed any valid claim of U.S. Patent No. 7,949,494 (the "'494 patent") literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

13. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Irdeto is entitled to a declaratory judgment that it does not infringe and has not infringed the '494 patent.

### COUNT IV: NONINFRINGEMENT OF U.S. PATENT NO. 8,214,175

14. Irdeto incorporates by reference each and every allegation contained in paragraphs 1-4 of its Counterclaims as though set forth herein.

15. Irdeto does not infringe and has not infringed any valid claim of U.S. Patent No. 8,214,175 (the "'175 patent") literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

16. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Irdeto is entitled to a declaratory judgment that it does not infringe and has not infringed the '175 patent.

### COUNT V: PATENT INVALIDITY OF U.S. PATENT NO. 7,346,472

17. Irdeto incorporates by reference each and every allegation contained in paragraphs 1-4 of its Counterclaims as though set forth herein.

18. Counterdefendant Blue Spike alleges in this lawsuit that it is the owner of the '472 patent and that Irdeto allegedly infringes the '472 patent.

19. One or more claims of the '472 patent that is allegedly infringed by Irdeto are invalid for failure to comply with one or more of the conditions of patentability set forth in Part

II of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and 112.

20. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Irdeto is entitled to a declaratory judgment that one or more claims of the '472 patent are invalid.

### COUNT VI: PATENT INVALIDITY OF U.S. PATENT NO. 7,660,700

21. Irdeto incorporates by reference each and every allegation contained in paragraphs 1-4 of its Counterclaims as though set forth herein.

22. Counterdefendant Blue Spike alleges in this lawsuit that it is the owner of the '700 patent and that Irdeto allegedly infringes the '700 patent.

23. One or more claims of the '700 patent that is allegedly infringed by Irdeto are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and 112.

24. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Irdeto is entitled to a declaratory judgment that one or more claims of the '700 patent are invalid.

### COUNT VII: PATENT INVALIDITY OF U.S. PATENT NO. 7,949,494

25. Irdeto incorporates by reference each and every allegation contained in paragraphs 1-4 of its Counterclaims as though set forth herein.

26. Counterdefendant Blue Spike alleges in this lawsuit that it is the owner of the '494 patent and that Irdeto allegedly infringes the '494 patent.

27. One or more claims of the '494 patent that is allegedly infringed by Irdeto are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and

112.

28.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Irdeto is entitled to a declaratory judgment that one or more claims of the '494 patent are invalid.

### COUNT VII: PATENT INVALIDITY OF U.S. PATENT NO. 8,214,175

29.     Irdeto incorporates by reference each and every allegation contained in paragraphs 1-4 of its Counterclaims as though set forth herein.

30.     Counterdefendant Blue Spike alleges in this lawsuit that it is the owner of the '175 patent and that Irdeto allegedly infringes the '175 patent.

31.     One or more claims of the '175 patent that is allegedly infringed by Irdeto are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and 112.

32.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Irdeto is entitled to a declaratory judgment that one or more claims of the '175 patent are invalid.

### PRAYER FOR RELIEF

WHEREFORE, Irdeto prays for relief as follows:

(a)     Blue Spike's Complaint against Irdeto be dismissed with prejudice and Blue Spike take nothing by way of this action;

(b)     Judgment in favor of Irdeto and against Blue Spike that each claim of the '472 patent, the '700 patent, the '494 patent and the '175 patent is invalid;

(c)     Judgment in favor of Irdeto and against Blue Spike declaring that Irdeto does not infringe any claim of the '472 patent, the '700 patent, the '494

        patent or the '175 patent;

(d)   Judgment enjoining Blue Spike, its officers, agents, representatives, employees, and attorneys, and those in active concert or participation with it, from asserting or attempting to enforce any claim of the '472 patent, the '700 patent, the '494 patent and the '175 patent against Irdeto or its customers;

(e)   Judgment in favor of Irdeto and against Blue Spike that this an exceptional case based on Blue Spike's conduct and that Irdeto is entitled to recover its attorneys' fees and costs under 35 U.S.C. § 285; and

(f)   For such other and further relief this Court deems just and proper.

## JURY DEMAND

Irdeto respectfully demands a trial by jury on any and all claims and issues so triable.

Dated: December 6, 2012

 

**DLA PIPER LLP (US)**

/s/ Andrew P. Valentine

Andrew P. Valentine (Pro Hac Vice)
**DLA PIPER LLP (US)**
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Facsimile: 650.833.2001
andrew.valentine@dlapiper.com
Attorneys for Defendants
*Irdeto USA, Inc. and Irdeto B.V.*

John Guaragna
401 Congress Avenue
Suite 2500
Austin, TX 78701-3799
Telephone: 512.457.7125
Facsimile: 512.721.2325
john.guaragna@dlapiper.com
Attorneys for Defendants
*Irdeto USA, Inc. and Irdeto B.V.*

## CERTIFICATE OF SERVICE

I, Andrew P. Valentine, hereby certify that on this 6th day of December, 2012, I caused a true and correct copy of the foregoing DEFENDANTS IRDETO USA, INC. AND IRDETO B.V.'S ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to the attorneys of record, and is available for viewing and downloading.

/s/ Andrew P. Valentine
Andrew P. Valentine