**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **BLUE SPIKE, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 6:12-CV-499-LED** |
| **v.** | **(LEAD CASE)** |
| **TEXAS INSTRUMENTS, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |
| **BLUE SPIKE, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 6:12-CV-595-LED** |
| **v.** | **(CONSOLIDATED WITH 6:12-CV-499)** |
| **CLEAR CHANNEL BROADCASTING, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**DEFENDANT CLEAR CHANNEL BROADCASTING INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Clear Channel Broadcasting, Inc. ("Clear Channel") files its Answer,

Affirmative Defenses, and Counterclaims to the Complaint filed on September 4, 2012

("Complaint") by Plaintiff Blue Spike, LLC ("Blue Spike"), and admits, denies, and alleges as

follows:[1]

**NATURE OF THE SUIT**

1.      In answer to Paragraph 1, Clear Channel admits that this is a case relating to

alleged infringement of the asserted patents.  Clear Channel denies each and every remaining

---

[1] Clear Channel  repeats the headings set forth in the Complaint in order to simplify the comparison of the Complaint and this Response. In doing so, Clear Channel makes no admissions regarding the substance of the heading or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Clear Channel specifically denies all such allegations.

allegation set forth therein, and specifically denies that it has infringed or is infringing any valid claim of the asserted patents.

## PARTIES

2.      In answer to Paragraph 2, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

3.      In answer to Paragraph 3, Clear Channel admits that it is a corporation organized under the laws of Nevada, and that it maintains offices at 200 East Basse Rd., San Antonio, TX 78209-8328.  Clear Channel admits that it can be served with process through its registered agent, CT Corporation System, located at 350 North St. Paul Street, Suite 2900, Dallas Texas 75201.  Clear Channel admits that it does certain business in the State of Texas and in the Eastern District of Texas.  Clear Channel denies any remaining allegations in said paragraph.

## JURISDICTION AND VENUE

4.      In answer to Paragraph 4, Clear Channel admits the Complaint alleges infringement under the cited statute.  Clear Channel further admits that subject matter jurisdiction in this Court purports to be based upon the cited statutes.  Clear Channel denies any remaining allegations in said paragraph.

5.      In answer to Paragraph 5, Clear Channel admits that the Court has personal jurisdiction over it in certain actions, but the allegations in the Complaint are directed to the wrong corporate entity.  Clear Channel further admits that it has conducted certain business in Texas and in this district.  Clear Channel further admits that it has designated an agent for service of process in Texas.  Clear Channel denies each and every remaining allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the asserted patents.

6.      In answer to Paragraph 6, Clear Channel admits that it has conducted certain business in this district.  Clear Channel further admits that the Court has personal jurisdiction over it in certain actions, but the allegations in the Complaint are directed to the wrong corporate entity.  Clear Channel denies each and every remaining allegation set forth therein, and specifically denies that it has infringed or is infringing any valid claim of the asserted patents.

## FACTUAL BACKGROUND

### A.  Moskowitz's History

7.      In answer to Paragraph 7, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

8.      In answer to Paragraph 8, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

9.      In answer to Paragraph 9, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

10.      In answer to Paragraph 10, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

11.      In answer to Paragraph 11, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

12.      In answer to Paragraph 12, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

13.      In answer to Paragraph 13, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

14.      In answer to Paragraph 14, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

15.     In answer to Paragraph 15, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

16.     In answer to Paragraph 16, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

17.     In answer to Paragraph 17, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

18.     In answer to Paragraph 18, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

19.     In answer to Paragraph 19, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

20.     In answer to Paragraph 20, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

**B.  Patents-in-Suit**

21.     In answer to Paragraph 21, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

22.     In answer to Paragraph 22, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

23.     In answer to Paragraph 23, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

24.     In answer to Paragraph 24, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

25.     In answer to Paragraph 25, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

26.     In answer to Paragraph 26, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

**C.  The Accused Product and Services**

27.     In answer to Paragraph 27, Clear Channel denies that it has infringed or is infringing any valid claim of the asserted patents.   Clear Channel is without information sufficient to form a belief as to the truth of the remaining allegations thereof, and on that basis denies them.

28.     In answer to Paragraph 28, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

29.     In answer to Paragraph 29, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing any valid claim of the asserted patents.

30.     In answer to Paragraph 30, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing any valid claim of the asserted patents.

**COUNT 1:**
**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

31.     Clear Channel repeats its denials and admissions stated in the preceding paragraphs.

32.     In answer to Paragraph 32, Clear Channel admits that the '175 Patent is entitled "Method and Device for Monitoring and Analyzing Signals."   Clear Channel is without information sufficient to form a belief as to the truth of any remaining allegations of said paragraph, and on that basis denies them.

33.    In answer to Paragraph 33, Clear Channel admits that Exhibit A purports to be a copy of the '175 Patent.  Clear Channel denies each and every remaining allegation set forth therein.

34.    In answer to Paragraph 34, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '175 Patent.

35.    In answer to Paragraph 35, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '175 Patent.

36.    In answer to Paragraph 36, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '175 Patent.

37.    In answer to Paragraph 37, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '175 Patent.

38.    In answer to Paragraph 38, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39.     Clear Channel repeats its denials and admissions stated in the preceding paragraphs.

40.     In answer to Paragraph 40, Clear Channel admits that the '494 Patent is entitled "Method and Device for Monitoring and Analyzing Signals."   Clear Channel is without information sufficient to form a belief as to the truth of any remaining allegations of said paragraph, and on that basis denies them.

41.     In answer to Paragraph 41, Clear Channel admits that Exhibit B purports to be a copy of the '494 Patent.  Clear Channel denies each and every remaining allegation set forth therein.

42.     In answer to Paragraph 42, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '494 Patent.

43.     In answer to Paragraph 43, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '494 Patent.

44.     In answer to Paragraph 44, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '494 Patent.

45.     In answer to Paragraph 45, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing any valid claim of the '494 Patent and denies that Blue Spike is entitled to any damage award.

46.     In answer to Paragraph 46, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

<u>**COUNT 3:**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 7,660,700**</u>

47.     Clear Channel repeats its denials and admissions stated in the preceding paragraphs.

48.     In answer to Paragraph 48, Clear Channel admits that the '700 Patent is entitled "Method and Device for Monitoring and Analyzing Signals."   Clear Channel is without information sufficient to form a belief as to the truth of any remaining allegations of said paragraph, and on that basis denies them.

49.     In answer to Paragraph 49, Clear Channel admits that Exhibit C purports to be a copy of the '700 Patent.  Clear Channel denies each and every remaining allegation set forth therein.

50.     In answer to Paragraph 50, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '700 Patent.

51.     In answer to Paragraph 51, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '700 Patent.

52.     In answer to Paragraph 52, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '700 Patent.

53.     In answer to Paragraph 53, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '700 Patent.

54.     In answer to Paragraph 54, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55.     Clear Channel repeats its denials and admissions stated in the preceding paragraphs.

56.     In answer to Paragraph 56, Clear Channel admits that the '472 Patent is entitled "Method and Device for Monitoring and Analyzing Signals."   Clear Channel is without information sufficient to form a belief as to the truth of any remaining allegations of said paragraph, and on that basis denies them.

57.     In answer to Paragraph 57, Clear Channel admits that Exhibit D purports to be a copy of the '472 Patent.  Clear Channel denies each and every remaining allegation set forth therein.

58.     In answer to Paragraph 58, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is

inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '472 Patent.

59.     In answer to Paragraph 59, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '472 Patent.

60.     In answer to Paragraph 60, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '472 Patent.

61.     In answer to Paragraph 61, Clear Channel denies each and every allegation set forth therein, and specifically denies that it has infringed or is infringing, has induced or is inducing infringement, or contributes to or has contributed to infringement of any valid claim of the '472 Patent.

62.     In answer to Paragraph 62, Clear Channel is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

## REQUEST FOR RELIEF

These paragraphs set forth the Blue Spike's request for relief to which no response is required.  Clear Channel denies that Blue Spike is entitled to any of the requested relief and denies any and all allegations.

## JURY DEMAND

This paragraph sets forth Blue Spike's request for a jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Clear Channel pleads the following defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

63.     Clear Channel has not engaged in any acts that would constitute infringement of, contributory infringement of, or inducement to infringe, any valid claim of the '175, '494, '700, and '472 Patents, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

64.     The claims of the '175, '494, '700, and '472 Patents are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

65.     Blue Spike's claims are barred, in whole or in part, by the doctrine of laches (including, but not limited to, prosecution laches).

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

66.     Blue Spike's claims are barred, in whole or in part, by the doctrine of estoppel (including, but not limited to, prosecution history estoppel).

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

67.     Blue Spike's claims are barred, in whole or in part, due to waiver.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

68.     Blue Spike's claims are barred, in whole or in part, due to acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Injunction)

69.     Blue Spike cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## RESERVATION OF ADDITIONAL DEFENSES

70.     Clear Channel reserves the right to assert additional defenses that may be developed through discovery in this action.

## CLEAR CHANNEL'S COUNTERCLAIMS

Counterclaimant Clear Chanel hereby counterclaims and alleges against Counterclaim Defendant Blue Spike as follows:

## THE PARTIES

71.     Counterclaimant Clear Channel is a Nevada corporation having its principal place of business at 200 E Basse Rd., San Antonio, TX 78209-8328.

72.     In its Complaint, Counterclaim Defendant Blue Spike alleged that it is a Texas limited liability company with offices at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

## JURISDICTION AND VENUE

73.     This Court has subject matter jurisdiction over Clear Channel's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code, for which jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a).

74.     By filing its Complaint, Blue Spike has consented to the personal jurisdiction of this Court.

75.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  To the extent that venue is found to be proper under 28 U.S.C. § 1400 for any of the claims in the Complaint, venue is also appropriate under 28 U.S.C. § 1400 for these Counterclaims.

## FIRST COUNTERCLAIM
### (For Declaratory Judgment of Non-Infringement of the '175 Patent)

76.     Clear Channel incorporates the foregoing admissions, denials, and allegations.

77.     An actual controversy exists between Clear Channel and Blue Spike as to whether Clear Channel infringes directly or indirectly the '175 Patent, as Blue Spike contends, or does not do so, as Clear Channel contends.

78.     By this Counterclaim, Clear Channel seeks a declaration that it has not infringed directly or indirectly and does not infringe directly or indirectly the '175 Patent either literally or under the doctrine of equivalents.  Further, Clear Channel seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '175 Patent by anyone.  A judicial declaration is necessary and appropriate at this time in order that Clear Channel may ascertain its rights and duties with respect to the '175 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## SECOND COUNTERCLAIM
### (For Declaratory Judgment of Patent Invalidity of the '175 Patent)

79.     Clear Channel incorporates the foregoing admissions, denials, and allegations.

80.     An actual controversy exists between Clear Channel and Blue Spike as to whether the '175 Patent is valid, as Blue Spike contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as Clear Channel contends.

81.     By this Counterclaim, Clear Channel seeks a declaration that the '175 Patent is invalid.  A judicial declaration is necessary and appropriate at this time in order that Clear Channel may ascertain its rights and duties with respect to the '175 Patent and to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## THIRD COUNTERCLAIM
### (For Declaratory Judgment of Non-Infringement of the '494 Patent)

82.     Clear Channel incorporates the foregoing admissions, denials, and allegations.

83.     An actual controversy exists between Clear Channel and Blue Spike as to whether Clear Channel infringes directly or indirectly the '494 Patent, as Blue Spike contends, or does not do so, as Clear Channel contends.

84.     By this Counterclaim, Clear Channel seeks a declaration that it has not infringed directly or indirectly and does not infringe directly or indirectly the '494 Patent either literally or under the doctrine of equivalents.  Further, Clear Channel seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '494 Patent by anyone.  A judicial declaration is necessary and appropriate at this time in order that Clear Channel may ascertain its rights and duties with respect to the '494 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## FOURTH COUNTERCLAIM
### (For Declaratory Judgment of Patent Invalidity of the '494 Patent)

85.     Clear Channel incorporates the foregoing admissions, denials, and allegations.

86.     An actual controversy exists between Clear Channel and Blue Spike as to whether the '494 Patent is valid, as Blue Spike contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as Clear Channel contends.

87.     By this Counterclaim, Clear Channel seeks a declaration that the '494 Patent is invalid.  A judicial declaration is necessary and appropriate at this time in order that Clear Channel may ascertain its rights and duties with respect to the '494 Patent and to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## FIFTH COUNTERCLAIM
### (For Declaratory Judgment of Non-Infringement of the '700 Patent)

88.     Clear Channel incorporates the foregoing admissions, denials, and allegations.

89.     An actual controversy exists between Clear Channel and Blue Spike as to whether Clear Channel infringes directly or indirectly the '700 Patent, as Blue Spike contends, or does not do so, as Clear Channel contends.

90.     By this Counterclaim, Clear Channel seeks a declaration that it has not infringed directly or indirectly and does not infringe directly or indirectly the '700 Patent either literally or under the doctrine of equivalents.  Further, Clear Channel seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '700 Patent by anyone.  A judicial declaration is necessary and appropriate at this time in order that Clear Channel may ascertain its rights and duties with respect to the '700 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## SIXTH COUNTERCLAIM
### (For Declaratory Judgment of Patent Invalidity of the '700 Patent)

91.     Clear Channel incorporates the foregoing admissions, denials, and allegations.

92.     An actual controversy exists between Clear Channel and Blue Spike as to whether the '700 Patent is valid, as Blue Spike contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as Clear Channel contends.

93.     By this Counterclaim, Clear Channel seeks a declaration that the '700 Patent is invalid.  A judicial declaration is necessary and appropriate at this time in order that Clear Channel may ascertain its rights and duties with respect to the '700 Patent and to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## SEVENTH COUNTERCLAIM
### (For Declaratory Judgment of Non-Infringement of the '472 Patent)

94.     Clear Channel incorporates the foregoing admissions, denials, and allegations.

95.     An actual controversy exists between Clear Channel and Blue Spike as to whether Clear Channel infringes directly or indirectly the '472 Patent, as Blue Spike contends, or does not do so, as Clear Channel contends.

96.     By this Counterclaim, Clear Channel seeks a declaration that it has not infringed directly or indirectly and does not infringe directly or indirectly the '472 Patent either literally or under the doctrine of equivalents.  Further, Clear Channel seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '472 Patent by anyone.  A judicial declaration is necessary and appropriate at this time in order that Clear Channel may ascertain its rights and duties with respect to the '472 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## EIGHTH COUNTERCLAIM
### (For Declaratory Judgment of Patent Invalidity of the '472 Patent)

97.     Clear Channel incorporates the foregoing admissions, denials, and allegations.

98.     An actual controversy exists between Clear Channel and Blue Spike as to whether the '472 Patent is valid, as Blue Spike contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as Clear Channel contends.

99.     By this Counterclaim, Clear Channel seeks a declaration that the '472 Patent is invalid.  A judicial declaration is necessary and appropriate at this time in order that Clear Channel may ascertain its rights and duties with respect to the '472 Patent and to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## DEMAND FOR JURY TRIAL

100.     Clear Channel demands a trial by jury on all issues so triable, whether they arise from the Complaint or Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Clear Channel requests entry of judgment in its favor and against Blue Spike as follows:

A.     That the Court enter judgment against Blue Spike and in favor of Clear Channel, and that Blue Spike's Complaint be dismissed with prejudice;

B.     A declaration that Clear Channel has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '175, '494, '700, and '472 Patents;

C.     A declaration that the '175, '494, '700, and '472 Patents are invalid;

D.     That Blue Spike take nothing by reason of this lawsuit;

- 17 -

E.    That the Court declare this an exceptional case under 35 U.S.C. § 285;

F.    That the Court award attorneys' fees and costs to Clear Channel; and

G.    That the Court award Clear Channel such other and further relief as this

Court may deem just and appropriate.

Dated:  December 6, 2012                    Respectfully submitted,

                                            ___/s/ Ryan K. Yagura_____

                                            Ryan K. Yagura - TX S.B. #240755933
                                            ryagura@omm.com - CA S.B. #197619
                                            O'MELVENY & MYERS LLP
                                            400 South Hope Street
                                            Los Angeles, California  90071-2899
                                            Telephone:    (213) 430-6000
                                            Facsimile:    (213) 430-6407

                                            Attorneys for Defendant Clear Channel
                                            Broadcasting, Inc.


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 6, 2012, a true and correct copy of the

foregoing was served to the parties counsel of record via electronic mail pursuant to Local Rule

CV-5(d).

                                            ___/s/ Ryan K. Yagura_____