IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 6:12-CV-499 LED |
| TEXAS INSTRUMENTS, INC., | § § | (LEAD CASE) |
| *Defendant*. | § § | JURY TRIAL DEMANDED |
| _____ | § | |
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 6:12-CV-582-LED |
| ACTV8, INC., | § § | (CONSOLIDATED WITH 6:12-CV-499) |
| *Defendant*. | § § | JURY TRIAL DEMANDED |
| _____ | § | |

**DEFENDANT ACTV8, INC.'S ANSWER AND DEFENSES
TO BLUE SPIKE, LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant ACTV8, Inc. ("ACTV8") hereby files its Answer and Defenses to the Original Complaint for Patent Infringement of Plaintiff Blue Spike, LLC ("Blue Spike" or "Plaintiff"), and states as follows:

**NATURE OF THE SUIT**

1. The allegations in Paragraph 1 state a legal conclusion to which no response is required. To the extent a response is deemed to be required, ACTV8 admits that Paragraph 1 purports to assert a claim arising under the patent laws of the United States, Title 35 of the United States Code. In all other respects, ACTV8 denies the allegations of Paragraph 1.

1

## PARTIES

2.  ACTV8 is without knowledge of information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

3.  ACTV8 admits that it is a Delaware corporation having its principal place of business in Beverly Hills, California. ACTV8 admits that it can be served with process through its registered agent, National Corporate Research Ltd., located at 615 South Dupont Highway, Dover, Delaware 19901. ACTV8 denies the remaining allegations of this Paragraph.

## JURISDICTION AND VENUE

4.  The allegations in Paragraph 4 state a legal conclusion to which no response is required. To the extent a response is deemed to be required, ACTV8 admits that the Complaint purports to assert a claim arising under the patent laws of the United States, Title 35 of the United States Code. ACTV8 further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, ACTV8 denies the remaining allegations of this Paragraph.

5.  The allegations in Paragraph 5 state a legal conclusion to which no response is required. To the extent a response is deemed to be required, ACTV8 denies that it is subject to the personal jurisdiction of this Court with respect to the claims in the present action. ACTV8 does not waive any argument that this Court lacks jurisdiction over ACTV8 with this filing. ACTV8 denies that it has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District, in Texas, or otherwise. ACTV8 denies that it engaged in other persistent courses of conduct and denies that it derives substantial revenue from products and/or services provided to individuals in the District and in Texas. ACTV8

denies that it purposefully established substantial, systematic, and continuous contacts with the District and denies that it should reasonably expect to be haled into court here.

6.     The allegations in Paragraph 6 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, ACTV8 denies that venue is proper in the Tyler Division of the Eastern District of Texas with respect to the claims in this present action and denies that the judicial district is the most convenient forum for the parties and witnesses or in the interests of justice.  With this filing, ACTV8 does not waive any argument that venue is not proper in this District as to ACTV8.  ACTV8 denies that it does business in the State of Texas.  ACTV8 denies that it has committed acts of infringement in Texas, in the District, or otherwise.  ACTV8 denies that a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District.  ACTV8 denies that it is subject to personal jurisdiction in the District.

## FACTUAL BACKGROUND

7.     ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.

8.     ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9.     ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies them.

10.    ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.

11.    ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12.    ACTV8 is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 12 and therefore denies them.

13. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

14. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies them.

15. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies them.

17. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies them.

23. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26. ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27. ACTV8 admits that it has designed and developed applications, software systems, and technology so that users can engage in media and content. ACTV8 denies that it makes, uses, offers for sale and/or imports into the U.S. products, systems, and/or services, including, but not limited to, its ACTV8 Platform, its Intelligent Synchronization Module, its Event Management System, its ActvAd Mobile Ad Injection system, its Merchandise Management System, and its CATCH applications, software, systems, and technology using audio fingerprinting ("Accused Products"), which infringe one of more claims of the Patents-in-Suit.

28. ACTV8 admits that it has not to date sought a license for the Patents-in-Suit but denies that any such license is necessary.

29. ACTV8 denies that it has committed any act of infringement and denies the remaining allegations of Paragraph 29.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

30. ACTV8 incorporates by reference its responses to paragraphs 1 through 29 above.

31. ACTV8 admits that, on its face, U.S. Patent No. 8,124,175 ("the '175 patent") is titled "Method and Device for Monitoring and Analyzing Signals." ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 and therefore denies them.

32.     ACTV8 admits that, on its face, the '175 patent states that it issued on July 3, 2012.  ACTV8 further admits that what appears to be a copy of the '175 patent is attached as Exhibit A to the Complaint.  ACTV8 denies the remainder of the allegations of Paragraph 32.

33.     ACTV8 denies the allegations of Paragraph 33.

34.     ACTV8 denies the allegations of Paragraph 34.

35.     ACTV8 denies the allegations of Paragraph 35.

36.     ACTV8 denies the allegations of Paragraph 36.

37.     ACTV8 denies the allegations of Paragraph 37.

**COUNT 2**
**INFRINGEMENT OF U.S. PATENT NO. 7,949,494**

38.     ACTV8 incorporates by reference its responses to paragraphs 1 through 37 above.

39.     ACTV8 admits that, on its face, U.S. Patent No. 7,949,494 ("the '494 patent") is titled "Method and Device for Monitoring and Analyzing Signals."  ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 and therefore denies them.

40.     ACTV8 admits that, on its face, the '494 patent states that it issued on May 24, 2011.  ACTV8 further admits that what appears to be a copy of the '494 patent is attached as Exhibit B to the Complaint.  ACTV8 denies the remainder of the allegations of Paragraph 40.

41.     ACTV8 denies the allegations of Paragraph 41.

42.     ACTV8 denies the allegations of Paragraph 42.

43.     ACTV8 denies the allegations of Paragraph 43.

44.     ACTV8 denies the allegations of Paragraph 44.

45.     ACTV8 denies the allegations of Paragraph 45.

## COUNT 3
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

46. ACTV8 incorporates by reference its responses to paragraphs 1 through 45 above.

47. ACTV8 admits that, on its face, U.S. Patent No. 7,660,700 ("the '700 patent") is titled "Method and Device for Monitoring and Analyzing Signals." ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 and therefore denies them.

48. ACTV8 admits that, on its face, the '700 patent states that it issued on February 9, 2010. ACTV8 further admits that what appears to be a copy of the '700 patent is attached as Exhibit C to the Complaint. ACTV8 denies the remainder of the allegations of Paragraph 48.

49. ACTV8 denies the allegations of Paragraph 49.

50. ACTV8 denies the allegations of Paragraph 50.

51. ACTV8 denies the allegations of Paragraph 51.

52. ACTV8 denies the allegations of Paragraph 52.

53. ACTV8 denies the allegations of Paragraph 53.

## COUNT 4
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

54. ACTV8 incorporates by reference its responses to paragraphs 1 through 53 above.

55. ACTV8 admits that, on its face, U.S. Patent No. 7,346,472 ("the '472 patent") is titled "Method and Device for Monitoring and Analyzing Signals." ACTV8 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55 and therefore denies them.

56. ACTV8 admits that, on its face, the '472 patent states that it issued on March 18, 2008. ACTV8 further admits that what appears to be a copy of the '472 patent is attached as Exhibit D to the Complaint. ACTV8 denies the remainder of the allegations of Paragraph 56.

57. ACTV8 denies the allegations of Paragraph 57.

58. ACTV8 denies the allegations of Paragraph 58.

59. ACTV8 denies the allegations of Paragraph 59.

60. ACTV8 denies the allegations of Paragraph 60.

61. ACTV8 denies the allegations of Paragraph 61.

## REQUEST FOR RELIEF

62. ACTV8 incorporates by references its responses to Paragraphs 1 through 61, above. ACTV8 denies that Blue Spike is entitled to any relief whatsoever against ACTV8, either as prayed for in the Original Complaint or otherwise.

63. Except as expressly admitted above, ACTV8 denies each and every allegation contained in the Original Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Forum Non Conveniens)

1. The Eastern District of Texas is an inconvenient forum in which to litigate this action against ACTV8 under 28 U.S.C. § 1404(a).

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

2. The Original Complaint for patent infringement fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (Patent Non-Infringement)

3. ACTV8 has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '175, '494, '700, or '472 patents —literally, equivalently, directly, contributorily, by inducement, willfully, or otherwise.

## FOURTH AFFIRMATIVE DEFENSE
### (Patent Invalidity)

4. The '175, '494, '700, or '472 patents, including any asserted claims, are invalid for failure to comply with one or more of the conditions and requirements of patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, 116, and/or 119.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

5. Prior to receiving a copy of the Original Complaint in this action, ACTV8 did not have notice of Blue Spike's allegations of infringement. Upon information and belief, neither Blue Spike nor its licensees have marked instrumentalities that embody any of the claims of the '175, '494, '700, or '472 patents with proper notice of the patents in compliance with 35 U.S.C. § 287. Blue Spike is not entitled to any pre-filing damages pursuant to 35 U.S.C. § 287 for any claims to which 35 U.S.C. § 287 applies.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

6. Based on proceedings before the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that ultimately issued as the '175, '494, '700, or '472 patents, Blue Spike is precluded or otherwise estopped from asserting any construction of the claims of the '175, '494, '700, or '472 patents that is inconsistent with its or its predecessor(s)-in-interest's representations before the PTO. On information and belief, Blue Spike is estopped from asserting any construction of the claims sufficiently broad to cover or include any product made, used, sold, offered for sale within the United States, or imported into the United States, by ACTV8.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

7. Blue Spike's claim for damages is barred by laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Limitations on Relief Under 35 U.S.C. §§ 286 and 287)

8. Blue Spike's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287. Blue Spike may not claim pre-lawsuit damages, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

9. Blue Spike is not entitled to injunctive relief because any alleged injury to Blue Spike is not immediate and/or irreparable, and Blue Spike already has an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE
### (Single Recovery Rule)

10. Blue Spike's damages are barred in whole or in part by the single recovery rule.

## ELEVENTH AFFIRMATIVE DEFENSE
### (License/Implied License/Patent Exhaustion)

11. Blue Spike's damages are barred in whole or in part by the defenses of license, implied license, and/or patent exhaustion.

## RESERVATION OF ADDITIONAL DEFENSES

12. ACTV8 reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, ACTV8 respectfully requests that judgment be entered in its favor and against Blue Spike as follows:

A. A judgment denying and dismissing with prejudice all of Blue Spike's claims against ACTV8 with prejudice;

B. A judgment that ACTV8 does not infringe the '175, '494, '700, or '472 patents;

C. A judgment that the '175, '494, '700, or '472 patents are invalid and unenforceable;

D. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding ACTV8 its reasonable attorneys' fees incurred in prosecution and defense of this action; and

E. A judgment awarding ACTV8 such other relief as this Court may deem just and proper.

## JURY DEMAND

ACTV8 demands trial by jury of all issues properly so triable.

Dated: December 7, 2012                Respectfully submitted,

                                       POTTER MINTON, P.C.

OF COUNSEL:

                                       BY: */s/Allen F. Gardner*_____
David R. Yohannan – LEAD ATTY          Allen Franklin Gardner (Texas Bar No. 24043679)
KELLEY DRYE & WARREN LLP               Michael Jones (Texas Bar No. 10929400
The Washington Harbor                  110 N. College
3050 K Street, N.W., Suite 400         Suite 500
Washington, D.C. 20007                 Tyler, Texas 75702
Tel: (202) 342-8616                    Telephone: 903-597-8311
dyohannan@kelleydrye.com               Facsimile: 903-593-0846
                                       allengardner@potterminton.com
Myra C. Mormile                        mikejones@potterminton.com
KELLEY DRYE & WARREN LLP
333 W. Wacker Drive, Suite 2600        *Attorneys for Defendant ACTV8, Inc.*
Chicago, IL 60606
Tel: (312) 857-2501
mmormile@kelleydrye.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on December 7, 2012.

                                       */s/Allen F. Gardner*
                                       Allen Franklin Gardner