# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § | Civil Action No. 6:12-CV-499-LED |
| v. | § § | |
| TEXAS INSTRUMENTS, INC. | § § | (LEAD CASE) |
| *Defendant*. | § § | |
| | § | JURY TRIAL DEMANDED |
| | § § § | |
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff*, | § | Civil Action No. 6:12-CV-688-LED |
| v. | § § | |
| IMAGEWARE SYSTEMS, INC., | § § | (CONSOLIDATED WITH 6:12-CV-499) |
| *Defendant*. | § § | JURY TRIAL DEMANDED |
| | § § | |

**MOTION BY DEFENDANT IMAGEWARE SYSTEMS, INC. TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. BACKGROUND ............................................................................................................ 2
III. STATEMENT OF ISSUES TO BE DECIDED ............................................................ 3
IV. LEGAL STANDARDS. ................................................................................................ 3
V. ARGUMENT .................................................................................................................. 4
    A. BLUE SPIKE'S INDIRECT INFRINGEMENT ALLEGATIONS ARE
       DEFICIENT ............................................................................................................ 4

    B. BLUE SPIKE'S WILLFUL INFRINGEMENT ALLEGATIONS
       SHOULD BE DISMISSED ..................................................................................... 6
IV. CONCLUSION.............................................................................................................. 6

## TABLE OF AUTHORITIES

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
   359 F. Supp. 2d 558 (E.D. Tex. 2005) .................................................................................. 6

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .................................................................................................... 3, 4,5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 4, 5

*Clear With Computers, LLC v. Bergdorf Goodman*,
   2010 WL 3155888 (E.D. Tex. Mar. 29, 2010) ........................................................ 1, 4, 5, 6

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
   2010 WL 2026627 (E.D. Tex. May 6, 2010) ........................................................................ 1

*InMotion Imagery Technologies v. Brain Damage Films*,
   2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) .................................................................. 4, 6

*In re Seagate Technology, LLC*,
   497 F.3d 1360 (Fed. Cir. 2007)) ........................................................................................... 6

*Landmark Technology LLC v. Aeropostale*,
   2010 WL 5174954 (E.D. Tex. Mar. 29, 2010) ............................................................ 4, 5, 6

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) ............................................................................................ 3

*PA Advisors, LLC v. Google Inc.*,
   2008 WL 4136426 (E.D. Tex. Aug. 8, 2008) ..................................................................... 4, 5

*Patent Harbor, LLC v. Dreamworks Animation SKG, Inc., et al.*,
   Case No. 6:11-cv-229-LED, D.E. No. 486 (E.D. Tex. Jul., 27, 2012) ............................... 5, 6

*Realtime Data, LLC v. Stanley*,
   721 F. Supp. 2d 538 (E.D. Tex. 2010) ...................................................................... 1, 4, 5, 6

*Wordcheck Tech, LLC v. Alt-N Technologies, Ltd., et al.*,
   Case No. 6:10-cv-457-LED (E.D. Tex. Aug. 23, 2011) ........................................................ 7

Defendant ImageWare Systems, Inc. ("IWS") respectfully submits the following memorandum of points and authorities in support of its motion to dismiss the allegations of indirect infringement and willful infringement in the Complaint filed by Plaintiff Blue Spike, LLC ("Blue Spike") under Fed. R. Civ. P. 12(b)(6). Even though not required to do so, IWS met and conferred with Blue Spike counsel *via* email and telephone in an effort to avoid this motion by confronting Blue Spike with the defects in its Complaint, sending them key citations from this brief, and asking Blue Spike to amend their Complaint. IWS submits that this motion is suitable for decision without oral argument and does not request a hearing on the motion.

## I. INTRODUCTION

Blue Spike's indirect infringement and willful infringement allegations are defective and should be dismissed, despite the fact that Blue Spike has yet to be held accountable to the proper pleading standards.[1] To state a viable claim for contributory patent infringement, this District requires plaintiffs to identify (1) which patent claims are allegedly infringed indirectly, (2) which methods or systems indirectly infringe, and (3) the direct infringer to whose infringement the defendant supposedly contributes. *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010); *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010). Moreover, the plaintiff must identify the material or component that is sold by the defendant for use in a patented process or system and plead sufficient facts from which the Court may infer that the material or components have no substantial non-infringing uses.

Here, however, Blue Spike does not identify which patent claims are supposedly infringed indirectly; instead, Blue Spike alleges that "Defendant has been and now is indirectly

---

[1] In *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 2010 WL 2026627 (E.D. Tex. May 6, 2010), for example, this Court considered and granted defendant JPMorgan Chase's motion to dismiss under Fed. R. Civ. P. 12(b)(6), even though JPMorgan Chase was the only one of 23 defendants to contest the complaint. *Id*. at *1.

1

infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 patent," which is insufficient.  Blue Spike also does not identify any methods or systems that supposedly infringe; instead, Blue Spike simply alleges that the defendants make, use, sell and import their accused products "for use in [unidentified] *systems* that fall within the scope of one or more claims" of the patents-in-suit, which is insufficient.  Further still, Blue Spike does not identify any materials or components of any accused products that supposedly infringe, nor plead any facts to support an inference that such materials or components have no substantial non-infringing uses; instead, Blue Spike summarily alleges that the accused products themselves "have no substantial non-infringing uses and are for use in systems that infringe" the patents-in-suit, which is insufficient.  Finally, Blue Spike does not identify any direct infringers to whose infringement the Defendants supposedly contribute; instead, Blue Spike generically identifies the supposed direct infringers as the "end users" of the accused products, which is insufficient.  In short, Blue Spike's conclusory allegations of indirect infringement are insufficient and should be dismissed.

Likewise, Blue Spike's willful infringement allegations are also defective.  To state a claim for willful infringement, a plaintiff must plead facts showing (1) there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent; and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk.  The plaintiff must plead sufficient facts to show a good faith basis for alleging willful infringement.

Here, however, Blue Spike pleads no facts to support any claim for willful infringement.  To the contrary, Blue Spike alleges "on information and belief" the ultimate facts that defendants have acted "despite an objectively high likelihood that [their] actions constituted infringement of

a valid patent" and "knew or should have known of that objectively high risk," without any supporting facts. D.E. No. 1, ¶ 37. Such formulaic recitations of the elements of willful infringement without any supporting facts, however, are defective and should be dismissed.

## II. BACKGROUND

Since August 9, 2012, Plaintiff Blue Spike, LLC ("Blue Spike") has filed at least 61 lawsuits accusing unrelated defendants with unrelated and wide-ranging products of infringing four patents essentially directed to methods and systems for creating and analyzing abstracts of query signals. Blue Spike's indirect infringement and willful infringement allegations against each defendant are virtually identical. Representative allegations of indirect and willful infringement against each Defendant (such as ImageWare Systems, Inc.) are:

> 35. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products *for use in systems* that fall within the scope of one or more claims of the '175 Patent. Such products include, without limitation, one or more of the Accused Products. ***Such products have no substantial non-infringing uses and are for use in systems that infringe*** the '175 Patent. By making, using, importing, offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. §271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the ***end users*** of the Accused Products. Defendant had knowledge of the '175 Patent at least as early as the service of this Complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or is liable as [a] contributory infringer of one or more claims of the '175 Patent under 35 U.S.C. §271.
>
> 37. *On information and belief*, Defendant has continued to infringe the '175 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit. ***On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk.*** Accordingly, Blue Spike seeks a willfulness finding against Defendant relative to its infringement of the '175 Patent entitling Blue Spike to

3

      increased damages under 35 U.S.C. §284 as well as attorneys' fees and costs under 35 U.S.C. §285.

D.E. No. 1 (emphasis added).

### III. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Blue Spike has adequately pled contributory patent infringement?

2. Whether Blue Spike's allegations of willful infringement are sufficient?

### IV. LEGAL STANDARDS

Regional circuit law applies to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). While a Complaint must generally be viewed in the light most favorable to the plaintiff, pleadings "containing no more than conclusions[] are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009). Further, while a Complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations, a plaintiff must plead sufficient factual allegations to show it is plausibly entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). Unless the plaintiff has pleaded "enough facts to state a claim for relief that is plausible on its face," and thereby "nudged its claims . . . across the line from conceivable to plausible," the Complaint "must be dismissed." *Twombly*, 550 U.S. at 570. A claim has factual plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 556).

### V. ARGUMENT

**A. Blue Spike's Indirect Infringement Allegations Are Deficient.**

4

To state a claim for contributory infringement, a plaintiff must "affirmatively identify which claims are indirectly infringed, identify which methods or systems indirectly infringe, and identify a direct infringer in reference to [] indirect infringement claims." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) (*citing Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010) (internal quotations omitted)). Importantly, a plaintiff's generic identification of a defendant's "customers" as the alleged direct infringers is not sufficient. *Landmark Technology LLC v. Aeropostale*, 2010 WL 5174954, at *3-4 (E.D. Tex. Mar. 29, 2010) (Davis, J.). *Cf. PA Advisors, LLC v. Google Inc.*, 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) (a plaintiff's identification of "users" as the direct infringers "is not sufficient"). Further, the plaintiff must identify the "material or apparatus for use in practicing [the] patented process" that is sold by the defendant, and plead facts "that allow an inference that [these] components . . . have no substantial non-infringing uses." *InMotion Imagery Technologies v. Brain Damage Films*, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012).

Here, Blue Spike's indirect infringement allegations are that:

> 35. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in *systems* that fall within the scope of one or more claims of the '175 Patent. Such products include, without limitation, one or more of the Accused Products. ***Such products have no substantial non-infringing uses and are for use in systems that infringe*** the '175 Patent. By making, using, importing, offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. §271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the ***end users*** of the Accused Products. Defendant had knowledge of the '175 Patent at least as early as the service of this Complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or

5

>
> is liable as [a] contributory infringer of one or more claims of the '175 Patent under 35 U.S.C. §271.

D.E. No. 1 (emphasis added).

Fatally, Blue Spike does not identify which patent claims are supposedly infringed indirectly, which is insufficient. *Realtime Data*, 721 F. Supp. 2d at 544; *Clear With Computers*, 2010 WL 3155888, at *4. Blue Spike also does not identify what specific methods or systems supposedly infringe indirectly; instead, Blue Spike simply refers generically to "systems," which is insufficient. *Realtime Data*, 721 F. Supp. 2d at 544; *Clear With Computers*, 2010 WL 3155888, at *4. Blue Spike also does not identify the supposed direct infringers; instead, the Complaint generically identifies the direct infringers as unspecified "end users," which is insufficient. *Landmark Tech.*, 2010 WL 5174954, at *3-4; *PA Advisors*, 2008 WL 4136426, at *8. Further still, Blue Spike does not identify any components in any of the accused products, and "is devoid of any allegation from which the Court can plausibly infer that any components being sold have 'no substantial non-infringing uses.'" *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc., et al.*, Case No. 6:11-cv-229-LED-JDL, D.E. No. 486 (E.D. Tex. Jul. 27, 2012) [Report and Recommendation of United States Magistrate Judge at 11]. Instead, Blue Spike suggests that the accused products themselves "have no substantial non-infringing uses and are for use in [unidentified] systems that infringe" the patents-in-suit, with no supporting facts. D.E. No. 1, ¶ 35. Such conclusory allegations of indirect infringement are insufficient. *Id.*; *Iqbal,* 129 S. Ct. at 1949 (a Complaint that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (*citing Twombly*, 550 U.S. at 555). Taken as a whole, therefore, Blue Spike's indirect infringement allegations are defective and should be dismissed. *Realtime Data*, 721 F. Supp. 2d at 544; *Clear With Computers*, 2010 WL 3155888, at *4; *Landmark Tech.*, 2010 WL 5174954, at *3-4.

### B. Blue Spike's Willful Infringement Allegations Should Be Dismissed.

Blue Spike's willful infringement allegations are similarly deficient. To establish a claim for willful infringement, a plaintiff must plead facts showing (1) there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent; and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk. *InMotion Imagery*, 2012 WL 3283371, at *4 (*citing In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)). As the Federal Circuit has held, a willfulness finding "***must necessarily be grounded exclusively in the accused infringer's pre-filing conduct***." *Seagate*, 497 F.3d at 1371 (emphasis added). This Court has high expectations of a plaintiff's preparedness before bringing suit. *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). Therefore, when a Complaint is filed, the plaintiff "must establish a good faith basis for alleging willful infringement." *Seagate*, 497 F.3d at 1374.

Here, however, Blue Spike pleads no facts whatsoever to support any claim for willful infringement. To the contrary, Blue Spike alleges "on information and belief" the ultimate facts that defendants have acted "despite an objectively high likelihood that [their] actions constituted infringement of a valid patent" and "knew or should have known of that objectively high risk," without any supporting facts. D.E. No. 1, ¶ 37. Such formulaic recitations of the elements of willful infringement are defective and should be dismissed. *InMotion Imagery*, 2012 WL 3283371, at *4; *Realtime Data*, 721 F. Supp. 2d at 545. *Cf. Wordcheck Tech, LLC v. Alt-N Technologies, Ltd., et al.*, Case No. 6:10-cv-457-LED, D.E. No. 537 at 1 (E.D. Tex. Aug. 23, 2011) [Order Granting In Part and Denying In Part Motion to Dismiss] ("Wordcheck's willful

infringement claims fail to satisfy Rule 8's pleading requirements, and the Court grants the motion in part as to those claims.").

## VI. CONCLUSION

For the foregoing reasons, Blue Spike's allegations of contributory patent infringement and willful infringement should be dismissed.

DATED: December 10, 2012                    Respectfully submitted,


                                            By:  */s/Eric H. Findlay*
                                                 Eric H. Findlay (State Bar No. 00789886)
                                                 Brian Craft (State Bar No. 04972020)
                                                 Walter W. Lackey, Jr. (State Bar No. 24050901)
                                                 FINDLAY CRAFT LLP
                                                 6760 Old Jacksonville Highway
                                                 Suite 101
                                                 Tyler, TX 75703
                                                 Phone: 903-534-1100
                                                 efindlay@findlaycraft.com
                                                 bcraft@findlaycraft.com
                                                 wlackey@findlaycraft.com


                                                 James V. Fazio, III (Admitted Pro Hac Vice)
                                                 SAN DIEGO IP LAW GROUP LLP
                                                 12526 High Bluff Drive, Suite 300
                                                 San Diego, CA 92130
                                                 Phone: 858-792-3446
                                                 jamesfazio@sandiegoiplaw.com

                                                 Attorneys for Defendant
                                                 IMAGEWARE SYSTEMS, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 10th day of December, 2012.  Any other counsel of record will be served via facsimile transmission and/or first class mail.


                                                      /s/ Eric H. Findlay
                                                      Eric H. Findlay


**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), a meet and confer was *not* a required prerequisite to this Motion.  However, Defendant ImageWare Systems, Inc. ("IWS") initiated communications with Plaintiff's counsel in an attempt to resolve the issues herein.  Ultimately, lead and/or local counsel for IWS were involved in written communications *via* letter and emails, and telephone conferences (which occurred on November 20th and 28th) with Plaintiff's counsel in attempts to resolve these disputes.  Unfortunately, the discussions have conclusively ended in an impasse, leaving open issues for the Court to resolve.


                                                      /s/  Eric H. Findlay
                                                      Eric H. Findlay