# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | Civil Action No. 6:12-CV-499 LED |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| TEXAS INSTRUMENTS, INC., | § § | |
| Defendant. | § § § | |
| BLUE SPIKE, LLC, | § § § | Civil Action No. 6:12-CV-581 LED |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| SMRTV, INC., | § § | |
| Defendant. | § § | |

## DEFENDANT SMRTV, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant SMRTV, INC. ("SMRTV"), for its Answer to the Original Complaint for Patent Infringement ("Complaint") of Blue Spike, LLC ("Blue Spike" or "Plaintiff"), answers and alleges as follows:

# I.  ANSWER

## NATURE OF THE SUIT

1.       SMRTV admits that the Complaint purports to assert claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code. SMRTV denies that it has infringed any patents.

## PARTIES

2.       SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies those allegations.

3.       SMRTV admits that it is a Delaware limited liability company, with place of business in Emeryville, California, and that it can be served with process through its registered agent, National Corporate Research, Ltd., located at 615 DuPont Hwy, Dover, DE, 19901. SMRTV admits that it has customers in the State of Texas.  SMRTV denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4.       SMRTV admits that this lawsuit purports to be a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  SMRTV is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore denies the same.

5.       SMRTV denies the allegations of paragraph 5.

6.       SMRTV admits that it has customers in the State of Texas.  SMRTV denies the remaining allegations of paragraph 6.

## FACTUAL BACKGROUND

**A.      Moskowitz's History**

7.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies those allegations.

8.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies those allegations.

9.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies those allegations.

10.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies those allegations.

11.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies those allegations.

12.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies those allegations.

13.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies those allegations.

14.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies those allegations.

15.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies those allegations.

16.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies those allegations.

17.      SMRTV lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 17, and therefore denies those allegations.

18.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies those allegations.

19.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies those allegations.

20.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies those allegations.

**B.   Patents-in-Suit**

21.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and/or the allegations therein are too vague or speculative to enable SMRTV to form a belief as to the truth of the allegations, and therefore denies those allegations.

22.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and/or the allegations therein are too vague or speculative to enable SMRTV to form a belief as to the truth of the allegations, and therefore denies those allegations.

23.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and/or the allegations therein are too vague or speculative to enable SMRTV to form a belief as to the truth of the allegations, and therefore denies those allegations.

24.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and/or the allegations therein are too vague or speculative to enable SMRTV to form a belief as to the truth of the allegations, and therefore denies those allegations.

25.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and/or the allegations therein are too vague or speculative to enable SMRTV to form a belief as to the truth of the allegations, and therefore denies those allegations.

26.     SMRTV denies the allegations of paragraph 26.

**C.     The Accused Products and Services**

27.     SMRTV admits that it markets an application named ConnecTV.  SMRTV denies the remaining allegations in paragraph 27.

28.     SMRTV denies the allegations of paragraph 28.

29.     SMRTV denies the allegations of paragraph 29.

**COUNT 1:**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

30.     SMRTV incorporates by reference its responses to the allegations in paragraphs 1-29 of Plaintiff's complaint as if fully restated herein.

31.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies those allegations.

32.     SMRTV admits that a document attached as Exhibit A to the Complaint appears to be a copy of United States Patent No. 8,214,175 ("the '175 patent"), which on its face bears the issue date July 3, 2012.  SMRTV denies the remaining allegations in Paragraph 32.

33.     SMRTV denies the allegations of paragraph 33.

34.     SMRTV denies the allegations of paragraph 34.

35.     SMRTV denies the allegations of paragraph 35.

36.     SMRTV denies the allegations of paragraph 36.

37.     SMRTV denies the allegations of paragraph 37.

## COUNT 2:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,949,494

38.     SMRTV incorporates by reference its responses to the allegations in paragraphs

1-37 of Plaintiff's complaint as if fully restated herein.

39.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 39, and therefore denies those allegations.

40.     SMRTV admits that a document attached as Exhibit B to the Complaint appears

to be a copy of United States Patent No. 7,949,494 ("the '494 patent"), which on its face bears

the issue date May 24, 2011.  SMRTV denies the remaining allegations in paragraph 40 of the

complaint.

41.     SMRTV denies the allegations of paragraph 41.

42.     SMRTV denies the allegations of paragraph 42.

43.     SMRTV denies the allegations of paragraph 43.

44.     SMRTV denies the allegations of paragraph 44.

45.     SMRTV denies the allegations of paragraph 45.

## COUNT 3:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,660,700

46.     SMRTV incorporates by reference its responses to the allegations in paragraphs

1-45 of Plaintiff's complaint as if fully restated herein.

47.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 47, and therefore denies those allegations.

48.     SMRTV admits that a document attached as Exhibit C to the Complaint appears

to be a copy of United States Patent No. 7,660,700 ("the '700 patent"), which on its face bears

the issue date February 9, 2010.  SMRTV denies the remaining allegations in paragraph 48 of the

complaint.

49.     SMRTV denies the allegations of paragraph 49.

50.     SMRTV denies the allegations of paragraph 50.

51.     SMRTV denies the allegations of paragraph 51.

52.     SMRTV denies the allegations of paragraph 52.

53.     SMRTV denies the allegations of paragraph 53.

## COUNT 4:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,346,472

54.     SMRTV incorporates by reference its responses to the allegations in paragraphs
1-53 of Plaintiff's complaint as if fully restated herein.

55.     SMRTV lacks knowledge or information sufficient to form a belief as to the truth
of the allegations of paragraph 55, and therefore denies those allegations.

56.     SMRTV admits that a document attached as Exhibit D to the Complaint appears
to be a copy of United States Patent No. 7,346,472 ("the '472 patent"), which on its face bears
the issue date March 18, 2008.  SMRTV denies the remaining allegations in paragraph 56 of the
complaint.

57.     SMRTV denies the allegations of paragraph 57.

58.     SMRTV denies the allegations of paragraph 58.

59.     SMRTV denies the allegations of paragraph 59.

60.     SMRTV denies the allegations of paragraph 60.

61.     SMRTV denies the allegations of paragraph 61.

## RELIEF REQUESTED BY PLAINTIFF

SMRTV denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## II.  AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

62.     SMRTV has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '175, '494, '700, and '472 patents (collectively, the "patents-in-suit") either literally or under the doctrine of equivalents, or in any other manner.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

63.     One or more claims of the patents-in-suit are invalid for failing to meet one or more of the requisite conditions specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

### THIRD AFFIRMATIVE DEFENSE – ESTOPPEL

64.     SMRTV is informed and believes, and on that basis avers, that the relief sought by Plaintiff is barred under the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

65.     Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or Plaintiff's failure to plead notice thereunder.

### FIFTH AFFIRMATIVE DEFENSE – COSTS BARRED IN ACTION FOR INFRINGEMENT OF A PATENT CONTAINING INVALID CLAIMS

66.     Pursuant to 35 U.S.C. § 288, Plaintiff is barred from recovering any costs.

### SIXTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

67.     The Complaint fails to state a claim against SMRTV upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

68.     The allegations in the Complaint asserted against SMRTV should be dismissed

for lack of personal jurisdiction and improper venue.

## EIGHTH AFFIRMATIVE DEFENSE – LICENSE, IMPLIED LICENSE, AND/OR PATENT EXHAUSTION

69.     Plaintiff's claim for damages is barred, in whole or in part, by the defenses of license, implied license, and/or patent exhaustion.

## NINTH AFFIRMATIVE DEFENSE – AUTHORIZATION

70.     Plaintiff's claims are barred, in whole or in part, because it has authorized the acts it complains of.

## TENTH AFFIRMATIVE DEFENSE – SINGLE RECOVERY RULE

71.     Plaintiff's damages are barred in whole or in part by the single recovery rule.

## ELEVENTH DEFENSE – WAIVER

72.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, acquiescence, waiver, and/or other applicable equitable doctrines.

## RESERVATION OF ADDITIONAL DEFENSES

73.     SMRTV reserves the right to assert additional affirmative defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, SMRTV respectfully requests this Court to enter judgment for Defendant SMRTV and against Plaintiff as follows:

A.      Dismissing the Complaint with prejudice;

B.      Finding that SMRTV does not infringe any claim of the patents-in-suit, or contribute to, or induce any such infringement;

C.      Finding that the claims of the patents-in-suit are, as to each of the claims asserted against SMRTV, invalid and/or unenforceable;

D.      Finding this to be an exceptional case in favor of SMRTV, and thus awarding SMRTV its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

E.      Granting such additional relief as the Court may deem appropriate.

## III.  COUNTERCLAIMS FOR DECLARATORY JUDGMENT

74.      In addition to its affirmative defenses, SMRTV further asserts the following counterclaims against Blue Spike LLC.

## THE PARTIES

75.      SMRTV is a Delaware corporation having a principal place of business at 1400 65th Street, Suite 300, Emeryville, California, 94608.

76.      On information and belief, Blue Spike is a Texas limited liability company having its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

## JURISDICTION AND VENUE

77.      SMRTV counterclaims against Blue Spike pursuant to the Patent Laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

78.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 2201, 1338(a), 2201(a), and 2202.

79.      Venue over these counterclaims is permissible in this District pursuant to 28 U.S.C. § 1400.

80.      An actual controversy exists between SMRTV and Blue Spike by virtue of the

allegations of Blue Spike's Original Complaint in this action and SMRTV's Answer – i.e. as to

whether the patents-in-suit are invalid and not infringed by SMRTV's products and services.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '175 Patent)

81.     Paragraphs 74-80 are incorporated by reference as if fully restated herein.

82.     Blue Spike asserts in this action that SMRTV has or is infringing one or more

claims of the '175 patent.

83.     SMRTV has not and is not infringing any claims of the '175 patent and is not

liable for any infringement of the '175 patent.

84.     Accordingly, SMRTV seeks a judgment declaring that it does not infringe and has

not infringed, directly or indirectly, contributorily or by inducement, any claim of the '175

patent.

### SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '175 Patent)

85.     Paragraphs 74-80 are incorporated by reference as if fully restated herein.

86.     Blue Spike asserts in this action that SMRTV has or is infringing one or more

claims of the '175 patent.

87.     One or more claims of the '175 patent are invalid for failure to meet one or more

of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law

related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the

judicial doctrine of double patenting.

88.     Accordingly, SMRTV seeks a judgment declaring that one or more claims of the

'175 patent are invalid.

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '494 Patent)

89.     Paragraphs 74-80 are incorporated by reference as if fully restated herein.

90.     Blue Spike asserts in this action that SMRTV has or is infringing one or more

claims of the '494 patent.

91.     SMRTV has not and is not infringing any claims of the '494 patent and is not

liable for any infringement of the '494 patent.

92.     Accordingly, SMRTV seeks a judgment declaring that it does not infringe and has

not infringed, directly or indirectly, contributorily or by inducement, any claim of the '494

patent.

### FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '494 Patent)

93.     Paragraphs 74-80 are incorporated by reference as if fully restated herein.

94.     Blue Spike asserts in this action that SMRTV has or is infringing one or more

claims of the '494 patent.

95.     One or more claims of the '494 patent are invalid for failure to meet one or more

of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law

related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the

judicial doctrine of double patenting.

96.     Accordingly, SMRTV seeks a judgment declaring that one or more claims of the

'494 patent are invalid.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '700 Patent)

97.     Paragraphs 74-80 are incorporated by reference as if fully restated herein.

98.     Blue Spike asserts in this action that SMRTV has or is infringing one or more

claims of the '700 patent.

99.     SMRTV has not and is not infringing any claims of the '700 patent and is not liable for any infringement of the '700 patent.

100.    Accordingly, SMRTV seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '700 patent.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '700 Patent)

101.    Paragraphs 74-80 are incorporated by reference as if fully restated herein.

102.    Blue Spike asserts in this action that SMRTV has or is infringing one or more claims of the '700 patent.

103.    One or more claims of the '700 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

104.    Accordingly, SMRTV seeks a judgment declaring that one or more claims of the '700 patent are invalid.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '472 Patent)

105.    Paragraphs 74-80 are incorporated by reference as if fully restated herein.

106.    Blue Spike asserts in this action that SMRTV has or is infringing one or more claims of the '472 patent.

107.    SMRTV has not and is not infringing any claims of the '472 patent and is not liable for any infringement of the '472 patent.

13

108.    Accordingly, SMRTV seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '472 patent.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '472 Patent)

109.    Paragraphs 74-80 are incorporated by reference as if fully restated herein.

110.    Blue Spike asserts in this action that SMRTV has or is infringing one or more claims of the '472 patent.

111.    One or more claims of the '472 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

112.    Accordingly, SMRTV seeks a judgment declaring that one or more claims of the '472 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, SMRTV requests that this Court enter a judgment in its favor and against Blue Spike as follows:

A.    Dismissal of Blue Spike's claims for patent infringement with prejudice;

B.    Judgment against Blue Spike declaring the '175 patent not infringed by SMRTV;

C.    Judgment against Blue Spike declaring one or more claims of the '175 patent invalid;

D.    Judgment against Blue Spike declaring the '494 patent not infringed by SMRTV;

E.    Judgment against Blue Spike declaring one or more claims of the '494 patent invalid;

F.    Judgment against Blue Spike declaring the '700 patent not infringed by SMRTV;

G.    Judgment against Blue Spike declaring one or more claims of the '700 patent invalid;

H.    Judgment against Blue Spike declaring the '472 patent not infringed by SMRTV;

I.    Judgment against Blue Spike declaring one or more claims of the '472 patent invalid;

J.    A declaration that SMRTV's defenses and counterclaims present an exceptional case entitling it to, and therefore awarding, its reasonable attorneys' fees under 35 U.S.C. § 285;

K.    Award of costs to SMRTV; and

L.    Award to SMRTV such other relief as the Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) for the Federal Rules of Civil Procedure, Defendant SMRTV respectfully requests a jury trial on all issues so triable, including without limitation, Blue Spike's claims and SMRTV's defenses and counterclaims.

Dated:    December 10, 2012                    FENWICK & WEST LLP


By:   */s/ Darren E. Donnelly*
         Darren E. Donnelly
         ddonnelly@fenwick.com

Teresa M. Corbin, CA Bar No. 132360
(Admitted E.D. Texas)
Bryan A. Kohm, CA Bar No.233276
(Admitted E.D. Texas)
David Lacy Kusters, CA Bar No.241335
(Admitted E.D. Texas)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:     (415) 874-2300
Facsimile:     (415) 281-1350

Darren E. Donnelly, CA Bar No. 194335
(Admitted E.D. Texas)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California  94041
Telephone:        (650) 955-8500
Facsimile:        (650) 983-5200


Attorneys for Defendant
SMRTV, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 10, 2012.

<u>    */s/ Darren E. Donnelly*                </u>
Darren E. Donnelly