# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, <br> *Plaintiff*, <br> v. <br> TEXAS INSTRUMENTS, INC. <br> *Defendants*. <br> _____ | § § § § § § § § § § | Civil Action No. 6:12-CV-499-LED <br><br> (LEAD CASE) <br><br> JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC, <br> *Plaintiff*, <br> v. <br> YAHOO! INC. <br> *Defendants*. <br> _____ | § § § § § § § § § § § | Civil Action No. 6:12-CV-556-LED <br><br> (CONSOLIDATED WITH 6:12-CV-499) <br><br> JURY TRIAL DEMANDED |

**YAHOO! INC.'S MOTION TO DISMISS BLUE SPIKE, LLC'S COMPLAINT FOR INDIRECT AND WILLFUL PATENT INFRINGEMENT FOR FAILURE TO <u>STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF RELEVANT FACTS ....................................................................... 2
III. LEGAL STANDARDS ................................................................................................... 4
    A. Motions to Dismiss for Failure to State Legally Valid Claims ............................. 4
    B. Indirect and Willful Patent Infringement ............................................................... 5
IV. BLUE SPIKE'S INDIRECT INFRINGEMENT AND WILLFULNESS CLAIMS
SHOULD BE DISMISSED ............................................................................................. 6
    A. Blue Spike Fails to Sufficiently Plead the Requisite Knowledge or Intent
for a Valid Claim of Induced Infringement ........................................................... 6
    B. Blue Spike Fails to Sufficiently Plead the Knowledge or Facts Required to
State a Valid Claim for Contributory Infringement ............................................... 8
    C. Blue Spike's Claim of Willfulness, Based Exclusively on Post-Filing
Conduct, Fails to Meet the Plausibility Standard for Legally Viable
Pleadings ................................................................................................................ 9
V. CONCLUSION .............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aeritas, LLC v. Alaska Air Group, Inc.*,
   No. 11-967-SLR, 2012 WL 4470386 (D. Del. Sept. 28, 2012) ...........................................9, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................. passim

*Bell Atlantic Corporation v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................. passim

*DSU Med. Corp. v. JMS Co., LTD*,
   471 F.3d 1293 (Fed. Cir. 2006) .............................................................................................5, 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   --- U.S. ---, 131 S. Ct. 2060 (2011) ..................................................................................5, 6, 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ..........................................................................................4, 6, 8

*In re Seagate, LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ....................................................................................4, 6, 9, 10

*Norris v. Hearst Trust*,
   500 F.3d 454 (5th Cir. 2007) ...................................................................................................10

*Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC*,
   352 F. App'x 945 (5th Cir. 2009) ...............................................................................................5

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
   No. 6:11-CV-229, 2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July 27, 2012) .....................7, 8

*Realtime Data, LLC v. Stanley*,
   721 F. Supp. 2d. 538 (E.D. Tex. 2010) .....................................................................................6

*Rhodes v. Prince*,
   360 F. App'x 555 (5th Cir. 2010) ...............................................................................................5

*Webmap Tech., LLC v. Google, Inc.*,
   No. 2:09-CV-343-DF-CE, 2010 WL 3768097 (E.D. Tex. Sep. 10, 2010) ..........................9, 10

*Webmap Tech., LLC v. Google, Inc.*,
   No. 2:09-CV-343-DF-CE, 2010 WL 3835118 (E.D. Tex. Sep. 28, 2010) ................................9

# TABLE OF AUTHORITIES
(continued)
Page

**STATUTES**

35 U.S.C. § 271 ........................................................................................................................2

35 U.S.C. § 271(b) ................................................................................................................5, 6

35 U.S.C. § 271(c) .............................................................................................................5, 6, 8

35 U.S.C. § 284 ........................................................................................................................3

35 U.S.C. § 285 ........................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 .....................................................................................................................10

Fed. R. Civ. P. 8(a) ...................................................................................................................6

Fed. R. Civ. P. 12(b)(6) ......................................................................................................7, 10

## I. INTRODUCTION

Blue Spike's patent infringement Complaint against Yahoo! fails to meet the basic plausibility standard for pleadings established in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Blue Spike claims that Yahoo!'s "IntoNow and SoundPrint software, applications, systems, and technology" (the "Accused Products") infringe four related patents, and in each of its four counts Blue Spike accuses Yahoo! of both indirect and willful infringement. But Blue Spike's indirect and willfulness claims, on their face, lack the context-specific factual showings that Supreme Court authority requires to state legally viable claims, and consist only of labels and unsupported conclusions. Blue Spike fails to adequately allege indirect infringement because it does not allege facts plausibly showing that Yahoo! had the requisite knowledge or intent, and fails to sufficiently plead willfulness because it alleges nothing more than post-filing awareness of the patents and sets forth no facts showing objective recklessness. These threadbare claims of indirect and willful infringement are insufficient as a matter of law.

Blue Spike's pleading deficiencies are not surprising, as it chose a one-size-fits-all, "shotgun" approach in accusing scores of defendants of allegedly infringing the same patents in roughly 60 separate lawsuits—despite these diverse defendants working with vastly different technologies, in different industries, serving highly disparate markets. Blue Spike's decision not to tailor its Complaints to the unique facts of each case, and instead to rely on and reuse a deliberately generic pleading format, has resulted in a complete failure to make the specific factual showings required by law to state plausible claims for relief against Yahoo!.

If Blue Spike has a good faith basis for its indirect infringement and willfulness claims against Yahoo!, it may be able to cure the problems in its Complaint by amending it to add plausible factual allegations. Recognizing this possibility, Yahoo! twice approached Blue Spike

in an effort to resolve this issue short of motion practice, and to encourage Blue Spike to make the appropriate amendments, if it could, or drop the claims for which it has no support. Blue Spike declined to engage in a meaningful discussion about the flaws in its Complaint or to even consider amending its cursory allegations. (Gross Decl., ¶¶ 2-5.) This leaves Yahoo! without fair notice of the grounds for or scope of Blue Spike's indirect infringement and willfulness claims, and makes it impractical for Yahoo! to reasonably prepare for discovery or formulate its defenses. It is no answer to argue, as Blue Spike may, that discovery will permit it to develop the facts that are lacking in its Complaint. The modern notice-pleading standard simply "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Having attempted unsuccessfully to resolve this issue directly with Blue Spike, Yahoo! now respectfully requests that the Court dismiss Blue Spike's claims for indirect and willful patent infringement.

## II. STATEMENT OF RELEVANT FACTS

The entirety of Blue Spike's indirect infringement claim, which it repeats for each of the four patents-in-suit (and for dozens of defendants), is contained in the following paragraph:

> Defendant *has been* and *now is indirectly* infringing by way of *inducing* infringement by others and/or *contributing* to the infringement by others of the [patents-in-suit] in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the [patents-in-suit]. Such products include, without limitation, one or more of the Accused Products. Such products have *no substantial non-infringing uses* and are for use in systems that infringe the [patents-in-suit]. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the [patents-in-suit] under 35 U.S.C. § 271. Those whom Defendant *induces to infringe* and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had *knowledge* of the [patents-in-suit] *at least as early as the service of this Complaint* and is thus liable for infringement of one or more claims of the [patents-in-suit] by *actively inducing infringement* and/or is liable as a *contributory infringer* of one or more claims of the [asserted patents] under 35 U.S.C. § 271.

(Complaint, D.N. 1, ¶¶ 34; *see also* ¶¶ 42, 50, 58.)  Blue Spike's stock paragraph on indirect infringement is heavy on conclusions, but devoid of any specific facts or context.  Nothing in this string of generic allegations reflects a single fact specific to Yahoo! or its technology.

Blue Spike does not allege actual facts showing how Yahoo! intends or ever has intended any "others" to infringe.  It presents no facts to show that Yahoo! actively encourages or aids or abets anyone to infringe, or has done so in the past.  It states no facts to develop its cursory assertion that Yahoo! has been "actively inducing infringement" by anyone.  Blue Spike provides no factual context for its conclusion that the Accused Products have no substantial non-infringing uses.  Nor does it state a single fact suggesting that Yahoo! had knowledge of the patents-in-suit prior to the filing of the Complaint.  Not once does Blue Spike allege who is involved in inducing or contributing to infringement by "end users," what specific conduct is at issue, where it occurred, how it occurs, or provide any factual development showing acts of indirect infringement.  To the contrary, Blue Spike's stock indirect infringement claims parrot statutory language and recite basic legal elements of the causes of action.  *See* 35 U.S.C. § 271(b), (c).

The Complaint is equally sparse on willfulness.  In its sole paragraph on willful infringement, also repeated for each patent and for scores of defendants, Blue Spike alleges:

> On information and belief, Defendant **has continued to infringe the '175 Patent since receiving notice** of their infringement, **at least** by way of their receiving notice of this lawsuit. On information and belief, such continued infringement has been **objectively reckless** including because Defendant has (1) acted despite an **objectively high likelihood** that its actions constituted infringement of a valid patent and (2) knew or should have known of that **objectively high risk**. Accordingly, Blue Spike **seeks a willfulness finding** against Defendant **relative to its infringement** of the '175 Patent entitling Blue Spike to increased damages under 35 U.S.C. § 284 as well as attorneys' fees and costs under 35 U.S.C. § 285.

(Complaint, D.N. 1, ¶ 36; *see also* ¶¶ 44, 52, 60.)

Like its indirect infringement claims, Blue Spike's stock willfulness claims lack any factual context or development.  These boilerplate allegations do not include any facts specific to Yahoo! or the circumstances surrounding the Accused Products.  Blue Spike does not provide a single fact to support its conclusion about an "objectively high risk" of infringing a valid patent, and sets forth no facts to make a plausible showing that Yahoo! has acted in an "objectively reckless" manner.  Blue Spike does not allege that Yahoo! had any knowledge of the patents prior to filing the Complaint.  Yet Blue Spike "seeks a willfulness finding" relative to Yahoo's "infringement" that is not even limited to post-filing conduct—alleging that Yahoo! allegedly was aware of the patents "<u>at least</u> by way of their receiving notice of this lawsuit."  Like its stock paragraph on indirect infringement, Blue Spike's stock paragraph on willfulness repeats the operative legal standards (here, the familiar "objective recklessness" standard of *In re Seagate, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)) and recites the bare legal elements of a willfulness claim, rather than alleging actual facts to plausibly support its claims.

Yahoo! raised these deficiencies in the Complaint directly with Blue Spike's counsel and conferred with them between December 4 and 6, 2012.  (Gross Decl., ¶¶ 2-5.)  Blue Spike declined Yahoo!'s request that it amend its allegations of indirect and willful infringement to avoid the need for motion practice.  (*Id.*, ¶ 5.)

### III.  LEGAL STANDARDS

#### A. Motions to Dismiss for Failure to State Legally Valid Claims

To avoid dismissal, "a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Because a motion to dismiss "raises a purely procedural issue," in patent cases courts apply "the applicable law of the regional circuit." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).   In the Fifth Circuit, after

identifying the factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  A claim has <u>facial plausibility</u> when the plaintiff pleads <u>factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  This is a <u>context-specific task</u> that requires the reviewing court to draw on its judicial experience and common sense." *Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010) (emphasis added, internal quotations removed) (citing *Iqbal*, 556 U.S. at 678-79). While allegations in the Complaint are generally presumed true, "a Complaint must allege more than labels and conclusions," and "<u>a formulaic recitation of the elements of a cause of action will not do</u>." *Id.* at 559 (emphasis added) (citing *Twombly*, 550 U.S. at 555); *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 555). Rather, the Complaint "must raise 'more than a sheer possibility' that the defendant has violated the law as alleged." *Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).  Plaintiffs must make a facially plausible "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

      **B.**    **Indirect and Willful Patent Infringement**

Claims for indirect and willful infringement both require a showing of specific knowledge or intent.  First, for indirect infringement (either induced under 35 U.S.C. § 271(b) or contributory under § 271(c)), a plaintiff must show a defendant's knowledge of the relevant patent.  *Global-Tech Appliances, Inc. v. SEB S.A.*, --- U.S. ---, 131 S. Ct. 2060, 2068 (2011). Second, for inducement claims, a plaintiff also must show the defendant's specific intent to induce infringement, or in other words, that the defendant "actively and knowingly aid[ed] and abet[ted] another's direct infringement." *DSU Med. Corp. v. JMS Co., LTD*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (quotation omitted).  Third, contributory infringement claims require

showing a defendant's knowledge that an accused product is specially made for infringement and has no substantial non-infringing uses. *Global-Tech*, 131 S. Ct. at 2068; 35 U.S.C. § 271(c). Finally, "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "So a willfulness claim asserted in the original Complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. … [I]f a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness." *Id.* at 1374 (emphasis added, internal citations omitted); *see also Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 545 (E.D. Tex. 2010) (noting that "willfulness will largely depend on an infringer's pre-litigation conduct," and therefore "the Federal Circuit specifically requires that a patentee meet the requirements of Federal Rules 8(a) and 11(b) at the time the original Complaint is filed.") (emphasis added).

### IV. BLUE SPIKE'S INDIRECT INFRINGEMENT AND WILLFULNESS CLAIMS SHOULD BE DISMISSED.

#### A. Blue Spike Fails to Sufficiently Plead the Requisite Knowledge or Intent for a Valid Claim of Induced Infringement.

Blue Spike's boilerplate allegations of inducement provide none of the "context-specific" facts required by *Iqbal* and *Twombly*. Inducement liability under 35 U.S.C. § 271(b) requires an accused infringer to know of the patent, and to knowingly and with specific intent induce acts which it knew, or should have known, constituted patent infringement. *Global-Tech*, 131 S. Ct. at 2068 (2011). Therefore, "[t]o survive [a] motion to dismiss … [a] Complaint must contain facts plausibly showing that [the defendants] specifically intend their customers to infringe the [asserted] patent and know that the customer's act constituted infringement." *In re Bill of*

*Lading*, 681 F.3d at 1332 (emphasis added). The Complaint fails to allege facts showing that Yahoo! specifically intended or encouraged "end users" to infringe, or knew that their customers infringed any of Blue Spike's patents, or aided or abetted them in doing so. (D.N. 1, ¶¶ 34, 42, 50, 58.) Instead, the Complaint relies on unsupported conclusions and recitations of the elements of an inducement claim, which is not enough to pass muster under Rule 12(b)(6). *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678-79; *cf. Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.,* No. 6:11-CV-229, 2012 U.S. Dist. LEXIS 114199, *18-19 (E.D. Tex. July 27, 2012) (Love, M.J.) (recommending denial of motion to dismiss inducement claim where Complaint stated specific facts from which "a plausible inference" of intent to induce could be drawn, such as "contracting with others" to perform infringing methods). Because the Complaint fails to make even a remotely plausible factual showing that Yahoo! had the required specific intent, *DSU Med. Corp.*, 471 F.3d at 1304, all four of Blue Spike's inducement claims fail as a matter of law and should be dismissed in their entirety.

      Moreover, Blue Spike's allegation that Yahoo! only knew of the patents "<u>at least</u> as early as the service of this Complaint" is a concession that Blue Spike cannot plead in good faith that Yahoo! had any knowledge of its patents before the Complaint was filed. (D.N. 1, ¶¶ 34, 42, 50, 58 (emphasis added).) Although "knowledge of the patent" plainly is an element of inducement, *Global-Tech*, 131 S. Ct. at 2068, Blue Spike does not limit its inducement claim to arise from conduct occurring since Yahoo! acquired that knowledge, after the filing of the Complaint. At a minimum, the Court should grant in part Yahoo!'s motion to dismiss Blue Spike's inducement claims to the extent they arise from pre-filing activity, for failure to state a claim on which relief can be granted.

### B. Blue Spike Fails to Sufficiently Plead the Knowledge or Facts Required to State a Valid Claim for Contributory Infringement.

Blue Spike's Complaint fails to set forth any facts, much less make a plausible showing, that Yahoo! knew the Accused Products were "especially made or especially adapted for use in an infringement," as required by law. 35 U.S.C. § 271(c). "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is <u>known by the party 'to be especially made or especially adapted for use in an infringement</u> of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (emphasis added). Blue Spike's failure to allege a single fact showing that Yahoo! knew that its products were made or adapted to infringe is in itself a sufficient basis to dismiss Blue Spike's contributory infringement claims.

In addition, "[t]o state a claim for contributory infringement … a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id.* Blue Spike's Complaint declares in a cursory manner that the Accused Products "have no substantial non-infringing uses and are for use in systems that infringe" (Complaint, D.N., 1 ¶¶ 34, 42, 50, 58), but provides no factual context. This is not enough to state a legally viable claim. *See, e.g., Patent Harbor,* 2012 U.S. Dist. LEXIS 114199 at *19-20 (recommending dismissal of contributory infringement claims where the "Complaint fails to identify the components used in the infringing method and is devoid of any allegation from which the Court can plausibly infer that any components being sold have 'no substantial non-infringing uses.'"). Blue Spike's contributory infringement allegations should be dismissed for this additional reason.

It bears repeating, in the context of contributory infringement, that Blue Spike's allegation that Yahoo! knew of the patents "at least as early as the service of this Complaint" effectively admits that Blue Spike has no basis to allege any knowledge of the patents before the Complaint. (Complaint, D.N., 1 ¶¶ 34, 42, 50, 58.) Yet Blue Spike does not limit its contributory infringement claim to facts arising after the filing of its Complaint. At a minimum, the Court should grant in part Yahoo!'s motion dismiss Blue Spike's contributory infringement claims arising from pre-filing conduct.

### C. Blue Spike's Claim of Willfulness, Based Exclusively on Post-Filing Conduct, Fails to Meet the Plausibility Standard for Legally Viable Pleadings.

It is settled patent law that ordinarily, "a willfulness claim asserted in the original Complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Seagate,* 497 F.3d at 1374. Blue Spike nonetheless bases its willfulness claim on an assertion that Yahoo! "has continued to infringe the [patents-in-suit] since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit." (Complaint, D.N. 1, ¶¶ 36, 44, 52, 60 (emphasis added)). Blue Spike alleges no extenuating facts that would justify departing from the rule that willful infringement claims must be grounded in pre-filing conduct, and its willfulness claims should be dismissed. *See Webmap Tech., LLC v. Google, Inc.*, No. 2:09-CV-343-DF-CE, 2010 WL 3768097, *4 (E.D. Tex. Sep. 10, 2010) (Everingham, M.J.) (recommending dismissal of willfulness claim based on allegations of post-suit conduct because "No extenuating circumstances have been alleged in this case that would justify a departure from that rule."); adopted in its entirety, *Webmap Tech., LLC v. Google, Inc.*, No. 2:09-CV-343-DF-CE, 2010 WL 3835118, *1 (E.D. Tex. Sep. 28, 2010) (Folsom, J.); *see also Aeritas, LLC v. Alaska Air Group, Inc.*, No. 11-967-SLR, 2012 WL 4470386, *3-4 (D. Del. Sept. 28, 2012) (dismissing similarly pleaded willfulness claim, noting, "the court is not inclined to allow the

mere notice of the charge of infringement gleaned from service of the Complaint to pass muster for a willfulness claim under Rule 8."). Nor has Blue Spike sought injunctive relief, which would be the "adequate remedy for combating post-filing willful infringement," had it been sufficiently pleaded. *Seagate,* 497 F.3d at 1374. Like the deficient willfulness claims in *Webmap* and *Aeritas*, Blue Spike's claims are grounded solely on post-filing awareness of the patents-in-suit and are deficient as a matter of law.

Further demonstrating the legal insufficiency of its willfulness claims, Blue Spike fails to plead any facts to plausibly show that Yahoo! knew or should have known of an "objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. The Complaint merely offers the unsupported conclusion, devoid of factual allegations, that Yahoo! "has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk." (Complaint, D.N. 1, ¶¶ 36, 44, 52, 60.) Such formulaic recitations of the elements of a claim fail the plausibility test for valid pleadings. *See, e.g., Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) ("To withstand a Rule 12(b)(6) motion, the Complaint must allege 'more than labels and conclusions,' 'a formulaic recitation of the elements of a cause of action will not do' ….") (quoting *Twombly*, 550 U.S. at 555-56)). With zero factual allegations showing an "objectively high risk" faced by Yahoo! or that Yahoo! was aware of such a risk, Blue Spike fails to state legally viable claims for willful infringement of any of the four patents, and its Complaints of willfulness should be dismissed in their entirety. At the very least, since Blue Spike effectively concedes that Yahoo! had no pre-suit notice of the patents but still "seeks a willfulness finding" that is unlimited in scope (Complaint, D.N. 1, ¶¶ 36, 44, 52, 60), Blue Spike's motion to dismiss the willfulness

claims should be granted in part, to the extent those claims arise from allegations of pre-suit conduct.

## V.  CONCLUSION

For the foregoing reasons, Yahoo! requests that the Court dismiss Blue Spike's claims for indirect infringement and willful infringement for failure to state a claim upon which relief can be granted.

Dated:  December 10, 2012

*/s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
(903) 534-1100
(903) 534-1137 FAX
efindlay@findlaycraft.com

Douglas E. Lumish
(California Bar No. 183863)
dlumish@kasowitz.com
Gabriel S. Gross
(California Bar No. 254672)
ggross@kasowitz.com
Parker Ankrum
(California Bar No. 261608)
pankrum@kasowitz.com
KASOWITZ, BENSON, TORRES,
  & FRIEDMAN LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
Tel:  (650) 453-5170
Fax:  (650) 453-5171

Alfredo Perez de Alejo
aperezdealejo@kasowitz.com
KASOWITZ, BENSON, TORRES,
  & FRIEDMAN LLP
1633 Broadway
New York, NY  10019

>Tel: (212) 506-1700
>Fax: (212) 506-1800
>
>Attorneys for Defendant
>YAHOO! INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 10th day of December, 2012

>*/s/ Eric H. Findlay*
>Eric H. Findlay

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), a meet and confer was *not* a required prerequisite to this Motion. However, Defendant Yahoo!, Inc. ("Yahoo!") initiated communications with Plaintiff's counsel in an attempt to resolve the issues herein. Ultimately, lead counsel, along with in-house counsel for Yahoo!, were involved in specific attempts to resolve these disputes with Plaintiff. *See* attached Gross. Decl., ¶¶ 2-5. Unfortunately, the communications among the parties have conclusively ended in an impasse, leaving open issues for the Court to resolve.

>*/s/ Eric H. Findlay*
>Eric H. Findlay