IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | CIVIL ACTION NO. 6:12-CV-499 LED |
| Plaintiff | § | |
| vs. | § | LEAD CASE |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| Defendant. | § | |
| | | |
| **BLUE SPIKE, LLC** | § | CIVIL ACTION NO. 6:12-CV-680 LED |
| Plaintiff | § | |
| vs. | § | |
| **L-1 IDENTITY SOLUTIONS, INC. and MORPHOTRUST USA, INC.,** | § | |
| Defendants. | § | |

**<u>DEFENDANT L-1 IDENTITY SOLUTION INC.'S ANSWER AND COUNTERCLAIMS</u>**

<u>ANSWER</u>

Defendant L-1 Identity Solutions, Inc. ("L-1"), by and through its undersigned counsel, hereby answers the Original Complaint for Patent Infringement ("Complaint") of Blue Spike, LLC ("Blue Spike" or "Plaintiff") as follows:

L-1 denies each and every allegation contained in Plaintiff's Complaint, except as specifically admitted or explained herein. To the extent that the headings or any other non-numbered statements in the Complaint contain any allegations, L-1 denies each and every such allegation.

In response to the introductory paragraph on page 1 of the Complaint, no answer is required.

## NATURE OF THE SUIT

1. L-1 admits that the action brought by Plaintiff purports to be an action arising under the patent laws of the United States. Except as expressly admitted herein, L-1 denies the remaining allegations of paragraph 1.

## PARTIES

2. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 and, on that basis, denies said allegations.

3. L-1 admits that it is a Delaware corporation and that it can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19802. Except as expressly admitted herein, L-1 denies the remaining allegations of paragraph 3.

4. L-1 admits that MorphoTrust is a Delaware Corporation. L-1 admits that MorphoTrust can be served with process through its registered agent, Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. L-1 admits that MorphoTrust does business in the State of Texas and the Eastern District of Texas. Except as expressly admitted herein, L-1 denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5. L-1 admits that the action brought by Plaintiffs purports to be an action arising under the patent laws of the United States. L-1 admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted herein, L-1 denies the remaining allegations of paragraph 5.

6. L-1 denies each and every allegation of paragraph 6.

7. L-1 denies each and every allegation of paragraph 7.

## FACTUAL BACKGROUND

**A.**     **Moskowitz' History**

8. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 and, on that basis, denies said allegations.

9. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 and, on that basis, denies said allegations.

10. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 and, on that basis, denies said allegations.

11. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 and, on that basis, denies said allegations.

12. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 and, on that basis, denies said allegations.

13. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 and, on that basis, denies said allegations.

14. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 and, on that basis, denies said allegations.

15. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 and, on that basis, denies said allegations.

16. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 and, on that basis, denies said allegations.

17. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 and, on that basis, denies said allegations.

18. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 and, on that basis, denies said allegations.

19. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 and, on that basis, denies said allegations.

20. L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 and, on that basis, denies said allegations.

21. L-1 is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 21 and, on that basis, denies said allegations.

**B.    Patents-in-Suit**

22.    L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 and, on that basis, denies said allegations.

23.    L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 and, on that basis, denies said allegations.

24.    L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 and, on that basis, denies said allegations.

25.    L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 and, on that basis, denies said allegations.

26.    L-1 denies each and every allegation of paragraph 26.

27.    L-1 is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 and, on that basis, denies said allegations.

**C.    The Accused Products and Services**

28.    L-1 admits that MorphoTrust designs, develops, and manufactures fingerprint-based biometric software, systems, and technology.  L-1 also admits that MorphoTrust makes, uses, offers for sale, and/or imports into the U.S. Software Development Kits (such as BioEngine Fingerprint, FaceIt, FaceIt Quality Assessment, TouchPrint Live Scan Advanced, and Foundation Biometrics), ABIS Search Engine, ABIS Identity Manager, HIIDE 5, IBIS System, and IBIS Extreme ("Accused Products").  Except as expressly admitted herein, L-1 denies each and every allegations of paragraph 28.

29.    L-1 admits it does not have a license to Blue Spike technology nor does L-1 need one.

30.    L-1 denies each and every allegation of paragraph 30.

31.    L-1 denies each and every allegation of paragraph 31.

<u>**COUNT 1:**</u>

<u>**INFRINGEMENT OF UNITED STATES PATENT NO. 8,214,175**</u>

32. In response to paragraph 32 of the Complaint, L-1 realleges and incorporates by reference the answers stated in paragraphs 1-31 above.

33. L-1 admits that the face of the '175 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." L-1 is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 33 and, on that basis, denies said allegations.

34. L-1 admits that the face of the '175 patent shows it was issued on July 3, 2012, and that Plaintiff attached what purports to be a true and correct copy of this patent as Exhibit A to the Complaint. Except as expressly admitted herein, L-1 denies the remaining allegations of paragraph 34.

35. L-1 denies each and every allegation of paragraph 35.

36. L-1 denies each and every allegation of paragraph 36.

37. L-1 denies each and every allegation of paragraph 37.

38. L-1 denies each and every allegation of paragraph 38.

39. L-1 denies each and every allegation of paragraph 39.

## COUNT 2:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,949,494

40. In response to paragraph 40 of the Complaint, L-1 realleges and incorporates by reference the answers stated in paragraphs 1-39 above.

41. L-1 admits that the face of the '494 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." L-1 is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 41 and, on that basis, denies said allegations.

42. L-1 admits that the face of the '494 patent shows it was issued on May 24, 2011, and that Plaintiff attached what purports to be a true and correct copy of this patent as Exhibit B to the Complaint. Except as expressly admitted herein, L-1 denies the remaining allegations of paragraph 42.

43. L-1 denies each and every allegation of paragraph 43.

44. L-1 denies each and every allegation of paragraph 44.

45. L-1 denies each and every allegation of paragraph 45.

46. L-1 denies each and every allegation of paragraph 46.

47. L-1 denies each and every allegation of paragraph 47.

## COUNT 3:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,660,700

48. In response to paragraph 48 of the Complaint, L-1 realleges and incorporates by reference the answers stated in paragraphs 1-47 above.

49. L-1 admits that the face of the '700 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." L-1 is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 49 and, on that basis, denies said allegations.

50. L-1 admits that the face of the '700 patent shows it was issued on February 9, 2010, and that Plaintiff attached what purports to be a true and correct copy of this patent as Exhibit C to the Complaint. Except as expressly admitted herein, L-1 denies the remaining allegations of paragraph 50.

51. L-1 denies each and every allegation of paragraph 51.

52. L-1 denies each and every allegation of paragraph 52.

53. L-1 denies each and every allegation of paragraph 53.

54. L-1 denies each and every allegation of paragraph 54.

55. L-1 denies each and every allegation of paragraph 55.

## COUNT 4:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,346,472

56. In response to paragraph 55 of the Complaint, L-1 realleges and incorporates by reference the answers stated in paragraphs 1-55 above.

57. L-1 admits that the face of the '472 patent shows it is entitled "Method and

Device for Monitoring and Analyzing Signals." L-1 denies that Plaintiff has ownership of any rights in the '472 patent, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

58.  L-1 admits that the face of the '472 patent shows it was issued on March 18, 2008, and that Plaintiff attached what purports to be a true and correct copy of this patent as Exhibit D to the Complaint. L-1 denies that this patent is valid, enforceable, and was duly and legally issued. L-1 is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 58 and, on that basis, denies said allegations.

59.  L-1 denies each and every allegation of paragraph 59.

60.  L-1 denies each and every allegation of paragraph 60.

61.  L-1 denies each and every allegation of paragraph 61.

62.  L-1 denies each and every allegation of paragraph 62.

63.  L-1 denies each and every allegation of paragraph 63.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

64.  L-1 denies that Plaintiff is entitled to the relief sought, or any other relief.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

65.  L-1 states that Plaintiff's jury demand does not require a response.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, L-1 asserts the following defenses. L-1 reserves the right to amend its Answer with additional defenses as further information is determined.

## FIRST DEFENSE

### (Non-infringement of the Asserted Patents)

66.  L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

67.  L-1 has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '175, '494, '700, or '472 patents, and is not liable for infringement thereof.

## SECOND DEFENSE

**(Invalidity of the Asserted Patents)**

68. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

69. One or more claims of each of the '175, '494, '700, or '472 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, and Plaintiff's claims for relief are therefore barred.

**THIRD DEFENSE**

**(Lack of Standing to Sue)**

70. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

71. Upon information and belief, Plaintiff lacks standing to sue because it does not hold sufficient rights to one or more of the '175, '494, '700, or '472 patents.

**FOURTH DEFENSE**

**(Equitable Defenses)**

72. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

73. Plaintiff's claims for alleged infringement are barred or limited by equitable defenses, such as the laches, waiver, unclean hands, acquiescence, and estoppel.

**FIFTH DEFENSE**

**(Implied License and Exhaustion)**

74. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

75. Plaintiff's Complaint is precluded, in whole or in part, to the extent that any allegedly infringing products or components are supplied, directly or indirectly, to L-1 or are imported, sold by, offered for sale by, made by, or made for, an entity or entities having express or implied licenses to the '175, '494, '700, or '472 patents

**SIXTH DEFENSE**

**(Unavailability of Relief)**

76. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

77. Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and

(c) and is not entitled to any alleged damages prior to providing any actual notice to L-1 of the '175, '494, '700, or '472 patents.

## SEVENTH DEFENSE

### (Adequate Remedy at Law)

78. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

79. Plaintiff's claims for injunctive relief are barred in light of the fact that Plaintiff has an adequate remedy at law.

## EIGHTH DEFENSE

### (Unavailability of Enhanced Damages)

80. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

81. Plaintiff has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and 285 for increased damages and attorneys' fees and is not entitled to any alleged damages prior to providing any actual notice to L-1 of the '175, '494, '700, or '472 patents.

## NINTH DEFENSE

### (Limitation on Damages)

82. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

83. Plaintiff's claims for damages, if any, against L-1 for alleged infringement of the '175, '494, '700, or '472 patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## TENTH DEFENSE

### (Failure to Mark)

84. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

85. Plaintiff's claims for damages are barred or limited due to failure by Plaintiff to allege compliance with, and failure to comply with, the requirements of 35 U.S.C. § 287.

## ELEVENTH DEFENSE

### (Prosecution History Estoppel)

86. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

87. To the extent that Plaintiffs attempt to assert infringement under the doctrine of

equivalents, L-1 believes that arguments and amendments contained in the prosecution history of the '175, '494, '700, or '472 patents will estop or bar any claims for alleged infringement.

## TWELFTH DENSE

### (Lack of Personal Jurisdiction)

88. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

89. This Court lacks personal jurisdiction over L-1. Plaintiff cannot prove L-1 purposefully availed itself of the benefits and protections of the state of Texas by establishing minimum contacts with the state of Texas, nor can it prove that the exercise of jurisdiction over L-1 would not offend traditional notions of fair play and substantial justice.

## THIRTEENTH DEFENSE

### (Lack of Venue)

90. L-1 incorporates by reference paragraphs 1 through 65 of its Answer.

91. Venue is neither proper nor convenient in this District.

## PRAYER FOR RELIEF

WHEREFORE, L-1 respectfully prays for the entry of judgment as follows:

A. Dismissing with prejudice any and all claims of Plaintiff's Complaint and ordering that Plaintiff takes nothing as a result of the Complaint;

B. Judging the '175, '494, '700, or '472 patents and their claims invalid;

C. Judging the '175, '494, '700, or '472 patents and their claims unenforceable;

D. Judging that L-1 has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, or '472 patents

E. That Plaintiff be denied any remedies available under 35 U.S.C. § 284;

F. That the Court denies Plaintiff any injunctive relief;

G. That the Court denies Plaintiff any other relief as to the First through Fourth Claims for Relief;

H. Finding that this is an exceptional case and awarding L-1 its attorneys' fees as the

prevailing party pursuant to 35 U.S.C. § 285;

    I.    That the Court award L-1 its costs of suit; and

    J.    That the Court award such further relief as deemed just and proper.

## L-1'S COUNTERCLAIMS

92.    Counterclaimant L-1 hereby submits these counterclaims pursuant to Federal Rule of Civil Procedure 13 and incorporates by reference paragraphs 1 through 91 of its Answer.

93.    There is an actual controversy between L-1 and Plaintiff regarding non-infringement, validity, and/or unenforceability of the '175, '494, '700, or '472 patents because Plaintiff has asserted that L-1 infringes the '175, '494, '700, or '472 patents.

94.    This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

95.    L-1 is a Delaware corporation.

96.    Upon information and belief, Plaintiff is a Texas limited liability corporation with its principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

97.    This Court has personal jurisdiction over Plaintiff at least because Plaintiff submitted itself to this Court's personal jurisdiction by suing L-1 and the other Defendants in this Court.

98.    Venue for these counterclaims is proper in this Court under 28 U.S.C. § 1391 and under the doctrine of pendant venue because these counterclaims are closely related to the claims set forth in the Complaint.

## FIRST COUNTERCLAIM
### (Invalidity)

99.    L-1 incorporates by reference paragraphs 92-98 of its Answer and Counterclaims.

100.    The claims of the '175, '494, '700, or '472 patents are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq*.

101.    The claims of the '175, '494, '700, or '472 patents are invalid for failing to

comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND COUNTERCLAIM

### (Non-infringement)

102. L-1 incorporates by reference paragraphs 92-98 of its Answer and Counterclaims.

103. L-1 has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the '175, '494, '700, or '472 patents.

## PRAYER FOR RELIEF

WHEREFORE, L-1 respectfully prays for the entry of judgment as follows:

A. Judging the '175, '494, '700, or '472 patents and their claims invalid;

B. Judging the '175, '494, '700, or '472 patents and their claims unenforceable;

C. Judging that L-1 has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, or '472 patents.

D. Finding that this is an exceptional case and awarding L-1 its reasonable costs of suit and attorneys' fees pursuant to 35 U.S.C. § 285; and

E. That the Court award such further relief as deemed just and proper.

## DEMAND FOR JURY TRIAL

L-1 hereby demands trial by jury on all issues.

Dated: December 11, 2012

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Daniel Johnson, Jr.*

C. Erik Hawes (TX Bar No. 24042543)
Email: ehawes@morganlewis.com
Thomas R. Davis (TX Bar No. 24055384)
Email: tdavis@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)
Email: djjohnson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000 Telephone
(415) 442-1001 Facsimile

**Attorneys for Defendant L-1 Identity Solutions, Inc.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing system and/or electronic mail on December 11, 2012.

                                                    */s/ Daniel Johnson, Jr.*
                                                    Daniel Johnson, Jr.