IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, § | |
| § | |
| *Plaintiff*, § | Civil Action No. 6:12-CV-499-LED |
| § | |
| v. § | |
| § | JURY TRIAL DEMANDED |
| TEXAS INSTRUMENTS, INC., *et al.*, § | |
| § | |
| *Defendants*. § | |

**PLAINTIFF'S REPLY IN RESPONSE TO
DEFENDANT LANDMARK DIGITAL'S COUNTERCLAIMS**

Plaintiff Blue Spike, LLC files this Reply to the Counterclaims of Landmark Digital Services, LLC ("Landmark" or "Defendant") (Dkt. No. 201) as follows. All allegations not expressly admitted or responded to by Plaintiff are denied.

**PARTIES**

83.   Plaintiff admits the allegations of Paragraph 83, upon information and belief.

84.   Plaintiff admits the allegations of Paragraph 84.

**JURISDICTION AND VENUE**

85.   Plaintiff admits the allegations of Paragraph 85.

86.   Plaintiff admits the allegations of Paragraph 86.

87.   Plaintiff admits the allegations of Paragraph 87.

88.   Plaintiff admits the allegations of Paragraph 88.

89.   Plaintiff admits the allegations of Paragraph 89.

**FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF THE '472 PATENT**

90.   Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 83 through 89 above.  Plaintiff denies the remaining allegations of Paragraph 90

on the basis that Defendant's incorporation of its Answer and Affirmative Defenses into its Counterclaims is nonsensical.

91. To the extent that the text of Paragraph 91 contains allegations and not a prayer for relief, Plaintiff denies them.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '472 PATENT

92. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 83 through 91 above. Plaintiff denies the remaining allegations of Paragraph 92 on the basis that Defendant's incorporation of its Answer and Affirmative Defenses into its Counterclaims is nonsensical.

93. To the extent that the text of Paragraph 93 contains allegations and not a prayer for relief, Plaintiff denies them.

## THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '700 PATENT

94. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 83 through 93 above. Plaintiff denies the remaining allegations of Paragraph 94 on the basis that Defendant's incorporation of its Answer and Affirmative Defenses into its Counterclaims is nonsensical.

95. To the extent that the text of Paragraph 95 contains allegations and not a prayer for relief, Plaintiff denies them.

## FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '700 PATENT

96. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 83 through 95 above. Plaintiff denies the remaining allegations of Paragraph 96

on the basis that Defendant's incorporation of its Answer and Affirmative Defenses into its Counterclaims is nonsensical.

97. Plaintiff denies the allegations of Paragraph 97.

98. To the extent that the text of Paragraph 98 contains allegations and not a prayer for relief, Plaintiff denies them.

### FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '494 PATENT

99. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 83 through 98 above. Plaintiff denies the remaining allegations of Paragraph 99 on the basis that Defendant's incorporation of its Answer and Affirmative Defenses into its Counterclaims is nonsensical.

100. To the extent that the text of Paragraph 100 contains allegations and not a prayer for relief, Plaintiff denies them.

### SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '494 PATENT

101. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 83 through 100 above. Plaintiff denies the remaining allegations of Paragraph 101 on the basis that Defendant's incorporation of its Answer and Affirmative Defenses into its Counterclaims is nonsensical.

102. Plaintiff denies the allegations of Paragraph 102.

103. To the extent that the text of Paragraph 103 contains allegations and not a prayer for relief, Plaintiff denies them.

### SEVENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '175 PATENT

104. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 83 through 103 above. Plaintiff denies the remaining allegations of Paragraph 104 on the basis that Defendant's incorporation of its Answer and Affirmative Defenses into its Counterclaims is nonsensical.

105. To the extent that the text of Paragraph 105 contains allegations and not a prayer for relief, Plaintiff denies them.

### EIGHTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '175 PATENT

106. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 83 through 105 above. Plaintiff denies the remaining allegations of Paragraph 106 on the basis that Defendant's incorporation of its Answer and Affirmative Defenses into its Counterclaims is nonsensical.

107. Plaintiff denies the allegations of Paragraph 107.

108. To the extent that the text of Paragraph 108 contains allegations and not a prayer for relief, Plaintiff denies them.

### PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to any of the relief it requests.

### PLAINTIFF'S PRAYER FOR RELIEF

In addition to the relief requested in Plaintiff's Original Complaint, Plaintiff respectfully requests a judgment against Defendant as follows:

(a)   That Defendant take nothing by its Counterclaims;

(b) That the Court award Plaintiff its costs and attorneys' fees incurred in defending against these Counterclaims; and

(c) Any and all further relief for the Plaintiff as the Court may deem just and proper.

Dated: December 11, 2012

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Lead Attorney
Texas Bar No. 24038912
randall.garteiser@sftrialattorneys.com
Christopher A. Honea
Texas Bar No. 24059967
chris.honea@sftrialattorneys.com
Christopher S. Johns
Texas Bar No. 24044849
chris.johns@sftrialattorneys.com
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

***Counsel for Blue Spike, LLC***

5

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Federal Rule of Civil Procedure 5, today this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

      /s/ Randall T. Garteiser
      Randall T. Garteiser