# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:12-cv-499-LED |
| v. | § § | (LEAD CASE) |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:12-cv-646-LED |
| v. | § § | (CONSOLIDATED WITH LEAD CASE NO. 6:12-cv-499-LED) |
| TVTAK USA, INC. and TVTAK, LTD., | § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**TVTAK USA, INC. AND TVTAK LTD.'S MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     Summary ....................................................................................................................... 1

II.    Facts ............................................................................................................................. 2

III.   Arguments & Authorities............................................................................................. 4

        A.     THIS COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANTS ........................ 4

               1.     Legal Standard ............................................................................................. 5

               2.     This Court has no General Jurisdiction over Defendants ........................... 7

               3.     This Court Has No Specific Jurisdiction over Defendants .......................... 8

               4.     TvTak's Website Provides No Basis for Jurisdiction in Texas ................... 9

        B.     VENUE IN THE EASTERN DISTRICT OF TEXAS IS IMPROPER ..................................... 10

IV.   Conclusion ................................................................................................................ 11

## TABLE OF AUTHORITIES

### Cases

*Acceleron, LLC v. Egenera, Inc.*,
    634 F. Supp. 2d 758 (E.D. Tex. 2009) ................................................................... 5

*Advanced Biological Labs. v. Ameripath, Inc.*,
  2008 W.L. 1757819, (E.D. Tex. Apr. 14, 2008) .......................................................5

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
    566 F.3d 1012 (Fed. Cir. 2009) ............................................................................ 5

*Avocent Huntsville Corp. v Aten Int'l Co.*,
    552 F.3d 1324 (Fed. Cir. 2008) ............................................................................ 6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ............................................................................................. 6

*Garnet Digital, LLC v. Apple, Inc.*,
    2012 WL 4465260 (E.D. Tex. Sept. 27, 2012) ................................................... 10

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
    199 F.3d 1343 ( D.C. Cir. 2000) ........................................................................... 9

*Ham v. La Cienega Music Co.*,
4 F.3d 413 (5th Cir. 1993) ...................................................................................... 5

*Hanson v. Denckla*,
    357 U.S. 235 (1958) ............................................................................................. 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ............................................................................................. 6

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) (citation omitted) ................................................................ 5

*Mink v. AAAA Dev. LLC*,
    190 F.3d 333 (5th Cir. 1999 .............................................................................. 5, 9

*Princeton Digital Image Corp. v. Facebook, Inc.*,
    2012 WL 3647182 (E.D. Tex. Aug. 23, 2012) .................................................... 5

*QR Spex, Inc. v. Motorola, Inc.*,
    507 F. Supp. 2d 650 (E.D. Tex. 2007) ................................................................. 9

*Rannoch, Inc. v. Rannoch Corp.*,
    52 F. Supp. 2d 681(E.D. Va. 1999) ...................................................................... 9

*Revell v Lidov*,
 317 F.3d 467 (5th Cir. 2002) ................................................................................................ 5

*VE Holdings Corp. v. Johnson Gas Appliance Co.*,
 917 F.2d 1574 (Fed. Cir. 1990) ........................................................................................... 10

### STATUTES AND RULES

Federal Rules of Civil Procedure 12(b)(2) ............................................................................................ 1

Federal Rules of Civil Procedure 12(b)(3) ............................................................................................ 1

28 U.S.C. § 1400(b) ............................................................................................................................ 10

Defendants TvTak USA, Inc. and TvTak Ltd. respectfully request that this Court dismiss Plaintiff Blue Spike LLC's ("Blue Spike") Complaint pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue. TvTak USA, Inc. and TvTak Ltd. appear in this case only for the limited purpose of filing this Motion.

## I.    SUMMARY

As set forth in the Declaration of David Amselem, President of both TvTak USA, Inc. and TvTak Ltd, these Defendants do not have sufficient contacts with the State of Texas to support personal jurisdiction.  Blue Spike has no basis to commence this suit against TvTak USA, Inc. and TvTak Ltd in Texas or in this District.  Indeed, each of the jurisdictional and venue allegations in its Complaint is demonstrably false.  Had Blue Spike performed its due diligence, it would have realized that its "boiler-plate" allegations of personal jurisdiction are contrary to the facts and the law.  TvTak USA is a New York corporation with its principal place of business in New York City and is a wholly owned subsidiary of TvTak Ltd., an Israeli company with its principal place of business in Israel.  Defendants have not registered to do business in Texas and have no offices, facilities, employees or customers in Eastern District of Texas (or any other part of Texas) and have never sold any products or services in Texas.  Although Defendants have a website that is accessible in Texas, the mere ability to access a website is not a sufficient basis upon which to exercise jurisdiction.

Defendants lack any contacts with Texas upon which personal jurisdiction over them could be based, or any contacts that could establish proper venue in this District.  Accordingly, the Court should grant this motion to dismiss.

## II.     FACTS

Blue Spike commenced this action on September 15, 2012, alleging that TvTak USA, Inc. and TvTak Ltd. ( collectively "Defendants") infringe Patent Nos. 7,346,472 (the "'472 Patent"), 7,660,700 (the "'700 Patent"), 7,949,494 (the "'494 Patent") and 8,214,175 (the "'175 Patent") (collectively, the "Patents-in-Suit"). (Dkt. 1.)  Without any factual support, Blue Spike alleges that this Court has personal jurisdiction over both Defendants.

Defendants do not engage in any business activity in Texas.  TvTak USA, Inc. is a New York corporation and is a wholly owned subsidiary of TvTak Ltd.[1]  TvTak USA Inc. was established in January, 2012 to market TvTak services in the United States.[2]  TvTak USA Inc. has one employee, the director of Product Management, who is based in New York but is also responsible for addressing other international markets.[3]  TvTak USA, Inc.'s only business office in the United States is located in New York City.[4]

TvTak Ltd. is located in Israel.[5]  TvTak Ltd. employs five R&D engineers and two others, all who are located in Israel.  It has independent resellers in Brazil, Mexico, Spain, UK and other countries.[6]  TvTak Ltd. currently has no reseller in the United States.[7]

TvTak Ltd. designed a platform providing instant interaction on television shows, games and commercials.[8]  The platform identifies the program and allows viewers to interact instantly. TvTak has developed a technology for smartphone apps for instant recognition of TV shows and commercials as they are being broadcast.[9]  When the user points at the TV through a TvTak

---

[1] Declaration of David Amselem at ¶ 2 ("Amselem Declaration") attached hereto as Exhibit 1.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.* at ¶ 3.
[6] *Id.*
[7] *Id.*
[8] *Id.* at ¶ 4.
[9] *Id.*

enabled mobile app, TvTak analyzes the video playing on the TV through unique analysis algorithms.[10] The analysis computed on the smartphone is then compared to the analysis done in real-time of broadcast TV channels in a back-office usually located in a datacenter.[11]

In order to be able to provide services in a given territory, TvTak is required to set-up a dedicated back-office with indexing hardware locally in the territory.[12] TvTak is currently operating with back-office services in France, UK, Spain and in other countries outside of the United States.[13] TvTak has no back-office in the United States thus there is no possibility of using the TvTak detection services on television content there.[14] There have been only some trials in the United States using demo systems for testing.[15] There is currently no TvTak smartphone app available in the United States for consumers to download.[16]

Defendants have no connection with Texas whatsoever. Defendants' customers are all located outside of the United States.[17] Neither TvTak USA, Inc. nor TvTak Ltd. nor any of its resellers have ever sold any product or services in Texas or anywhere else in the United States, including any software, applications, systems and technology that Blue Spike alleges infringes on its patents.[18] Defendants have not made, used, imported, or offered to sell any products or services in Texas.[19]

Defendants do not direct any activities into the State of Texas nor have they ever directed business to the State of Texas or the Eastern District of Texas.[20] They are not registered to

---

[10] *Id.*
[11] *Id.*
[12] *Id.* at ¶ 5.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.* at ¶ 6.
[18] *Id.* at ¶ 7.
[19] *Id.*
[20] *Id.* at ¶ 8.

engage or transact business in Texas nor have they ever had any officers, employees, agents, consultants or contractors there.[21] They do not have, and have never had offices, warehouses, factories or other facilities in Texas.[22] Defendants have never directed marketing or advertising to Texas, never conducted any testing in Texas and have never received any revenue from Texas.[23]

Defendants operate a website (www.tvtak.com) that is available worldwide over the Internet.[24] TvTak's website does not provide any commercial services and serves solely for informational purposes.[25] There is no interactive commercial activity through this website other than the ability of a website visitor to send an email or sign up for further information.[26] This website is maintained, hosted and operated outside of Texas and has never been specifically directed to Texas.[27]

### III.   ARGUMENTS AND AUTHORITIES

**A.   THIS COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANTS**

Blue Spike cannot meet its burden of establishing that this Court has personal jurisdiction over Defendants. Plaintiff, in conclusory fashion and without specific facts, alleges that (1) Defendant has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in Texas; (2) Defendant regularly does business or solicits business in the District and in Texas; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (4) Defendant has purposefully

---

[21] *Id.*
[22] *Id.*
[23] *Id.* at ¶ 9.
[24] *Id.* at ¶ 10 and Exhibit A.
[25] *Id.*
[26] *Id.*
[27] *Id.*

established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here. Yet the incontrovertible evidence in the record establishes plainly that the Court does not have either general or specific personal jurisdiction over Defendants thus requiring dismissal from this action.

### 1. Legal Standard

When a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of showing that the defendant is subject to personal jurisdiction.[28] Where the evidence demonstrates beyond dispute that the requisite jurisdictional contacts do not exist, courts routinely grant the defendant's motion to dismiss for lack of personal jurisdiction.[29]

Federal Circuit law governs whether the exercise of personal jurisdiction would violate due process.[30] Whether personal jurisdiction exists with respect to a non-resident defendant involves two inquiries: "[1] whether a forum state's long-arm statute permits service of process and [2] whether assertion of personal jurisdiction violates due process."[31] Because the Texas long-arm statute "reaches to the constitutional limits" of due process, the personal jurisdiction inquiry focuses on the second prong of the analysis—whether the assertion of personal jurisdiction violates due process.[32] Due process requires that a non-resident defendant have

---

[28] *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009); *Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 768 (E.D. Tex. 2009); *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).

[29] *See, e.g., Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-CV-400-JRG, 2012 WL 3647182, at *2 (E.D. Tex. Aug. 23, 2012) (granting motion to dismiss for lack of personal jurisdiction because the evidence was uncontroverted that defendant did not have any contacts with the state of Texas); *Acceleron*, 634 F. Supp. 2d at 769-70 (dismissing complaint for lack of personal jurisdiction where defendant had "never made, used, imported, sold, or offered any of the accused products in Texas"); *Advanced Biological Labs. v. Ameripath, Inc.*, No. 2:07CV31, 2008 W.L. 1757819, at *2 (E.D. Tex. Apr. 14, 2008) (granting motion to dismiss for lack of personal jurisdiction where plaintiff failed to present any evidence of defendant's contacts with Texas).

[30] *Acceleron*, 634 F. Supp. 2d at 769.

[31] *Autogenomics*, 566 F.3d at 1017 (internal quotation marks and citation omitted).

[32] *Revell v. Lidov*, 317 F.3d 467, 469-70 (5th Cir. 2002); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999).

"certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[33]

For the requisite "minimum contacts" with a forum state to exist, the defendant's contacts with the forum must be sufficient to confer either "general" or "specific" jurisdiction over the defendant. [34] To establish "specific" personal jurisdiction, "a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities."[35] To establish "general" personal jurisdiction where a plaintiff's claims do not arise out of or relate to the defendant's contacts with the forum state, the court must explore the nature of the defendant's contacts with the forum state to determine whether they constitute *continuous and systematic* general business contacts.[36]

In either case, a defendant's contacts with the forum state must be sufficient to demonstrate that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[37] "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person."[38]

---

[33] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).
[34] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).
[35] *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008) (internal quotation marks and citation omitted).
[36] *Id.*
[37] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).
[38] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotation marks and citation omitted).

### 2. This Court has no General Jurisdiction over Defendants

Defendants do not engage in any business activity in Texas. TvTak USA, Inc. is a New York corporation and a subsidiary of an Israeli corporation, TvTak Ltd.[39] TvTak USA Inc. whose only business office is located in New York City, has one employee, the director of Product Management, who is based in New York.[40] TvTak Ltd. employs five R&D engineers and two others, all who are located in Israel. TvTak Ltd. currently has no reseller in the United States.[41]

Defendants' customers are all located outside of the United States.[42] Neither TvTak USA, Inc. nor TvTak Ltd. nor any of its resellers have ever sold any product or services in Texas or anywhere else in the United States.[43] Defendants have not made, used, imported, tested or offered to sell any products or services in Texas.[44]

Defendants do not direct any activities into the State of Texas nor have they ever directed business to the State of Texas or the Eastern District of Texas.[45] They are not registered to engage or transact business in Texas nor have they ever had any officers, employees, agents, consultants or contractors there.[46] They do not have, and have never had offices, warehouses, factories or other facilities in Texas.[47] Defendants have never directed marketing or advertising to Texas and have never received any revenue from Texas.[48]

Defendants do not have any type of continuous and systematic contacts with Texas to support general jurisdiction.

---

[39] Amselem Declaration at ¶¶ 2, 3.
[40] *Id.* at ¶ 3.
[41] *Id.*
[42] *Id.* at ¶ 6.
[43] *Id.* at ¶ 7.
[44] *Id.* at ¶¶ 7, 9.
[45] *Id.* at ¶ 8.
[46] *Id.*
[47] *Id.*
[48] *Id.* at ¶ 9.

### 3. This Court Has No Specific Jurisdiction over Defendants

Plaintiff cannot establish the requisite minimum contacts in Texas to support specific jurisdiction. Neither TvTak USA, Inc. nor TvTak Ltd. nor any of their resellers have ever sold in Texas any software, applications, systems and technology that Blue Spike alleges infringes on its patents (the "Accused Products").[49]

TvTak Ltd. designed a platform providing instant interaction on television shows, games and commercials.[50] The platform identifies the program and allows viewers to interact instantly. TvTak has developed a technology for smartphone apps for instant recognition of TV shows and commercials as they are being broadcast.[51] In order to be able to provide services in a given territory, TvTak is required to set-up a dedicated back-office with indexing hardware locally in the territory.[52] Because TvTak has no back-office in Texas or anywhere else in the United States, there is no possibility of using the TvTak detection services on television content there.[53] While there have been some trials in the United States using demo systems for testing, these did not take place in Texas.[54] There is currently no TvTak smartphone app available in the United States for consumers to download.[55] Thus, "Accused Products" are not even available in Texas.

Defendants have no connection with Texas whatsoever. Defendants' customers are all located outside of the United States.[56] Defendants have not made, used, imported, offered to sell or sold any products or services in Texas, much less the Accused Products.

---

[49] *Id.* at ¶ 7.
[50] *Id.* at ¶ 4.
[51] *Id.*
[52] *Id.* at ¶ 5.
[53] *Id.*
[54] *Id.* at ¶¶ 5, 9.
[55] *Id.* at ¶ 5.
[56] *Id.* at ¶ 6.

### 4.     TvTak's Website Provides No Basis for Jurisdiction in Texas

Blue Spike's Complaint does not specifically allege that Defendants' website provides a basis for jurisdiction, because it cannot. Defendants operate a website (www.tvtak.com) that is available worldwide over the Internet.[57] TvTak's website does not provide any commercial services and serves solely for informational purposes.[58] There is no interactive commercial activity through this website other than the ability of a website visitor to send an email or sign up for further information.[59] TvTak's website does not take any customer orders and only serves to advertise its product and services which cannot be accessed through the website.[60] It provides information about its products including a video demonstration.[61] This website is maintained, hosted and operated outside of Texas and has never been specifically directed to Texas.[62]

Defendants' mere Internet presence does not support jurisdiction in Texas. As a general rule, the ability of residents to access a defendant's website does not by itself show any persistent course of conduct by the defendant in the forum.[63] Personal jurisdiction cannot be based solely on the ability of residents to access a defendant's website.[64] If the contrary were true, "personal jurisdiction in Internet –related cases would almost always be found in any forum in the country" thereby vitiating long-held and inviolable principles of federal court jurisdiction.[65]

The limited functions of the TvTak website do not represent the type of interactivity required for personal jurisdiction to arise.[66] Clearly, the website is insufficient to establish

---

[57] See Exhibit A to the Amselem Declaration.
[58] Amselem Declaration at ¶ 10.
[59] *Id*.; see also Exhibit A to the Amselem Declaration.
[60] Amselem Declaration at ¶ 10.
[61] *See* Exhibit A to the Amselem Declaration
[62] *Id*. at ¶ 10.
[63] *QR Spex, Inc. v. Motorola, Inc*., 507 F. Supp/ 2d 650, 662 (E.D. Tex. 2007)
[64] *GTE New Media Servs., Inc. v. BellSouth Corp*., 199 F.3d 1343, 1349-50 ( D.C. Cir. 2000).
[65] *Id*. at 1350.
[66] *See, e.g. Mink*, 190 F.3d at 337 (website providing users with an email address, a printable order form and toll-free number on a website without more, is insufficient to establish personal jurisdiction); *Rannoch, Inc. v. Rannoch*

jurisdiction in Texas. As such, this Court should dismiss the Defendants from this case because they lack the necessary presence in, or connection to this forum. To hold otherwise would bring every single online retailer and website operator in the world within the jurisdiction of each and every United States court no matter where such defendants originated or directed their commercial activity. Other courts have refused to unjustly extend their jurisdiction under such circumstances and this Court should as well.

### B. VENUE IN THE EASTERN DISTRICT OF TEXAS IS IMPROPER

The Court should dismiss Blue Spike's Complaint against Defendants for improper venue. In patent litigation, venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."[67] As discussed above, there is no basis for personal jurisdiction in this matter. Furthermore, Defendants have committed no acts of infringement in the Eastern District of Texas and have no offices, facilities in this district or any continuous and systematic contacts with it.[68] Defendants conduct no business in the Eastern District of Texas or anywhere else in Texas. For the same reasons that this Court lacks jurisdiction, venue here is also improper.

---

*Corp.*, 52 F. Supp. 2d 681, 683 (E.D. Va. 1999) (website providing users with contact information, including toll free number, fax number, address as well as an interactive forum with spaces to submit comments, lacks sufficient minimum contacts to establish personal jurisdiction).

[67] *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990); *see also Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *1 (E.D. Tex. Sept. 27, 2012) (quoting same).

[68] *See generally* Amselem Declaration.

10

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court grant their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and for such further relief to which they may be justly entitled.

Respectfully submitted,

/s/ Mark D. Strachan
Mark D. Strachan (mstrachan@swtriallaw.com)
Shawn C. Long (slong@swtriallaw.com)
**SAYLES │ WERBNER**
1201 Elm Street, Suite 4400
Dallas, TX 75270
Telephone: (214) 939-8700
Facsimile: (214) 939-8787

*Attorneys for Defendant TvTak USA, Inc. and TvTak Ltd.*

## CERTIFICATE OF SERVICE

I certify that counsel of record have been served with a copy of the foregoing document via the Court's CM/ECF system according to Local Rule CV-5 on this 13th day of December, 2012.

/s/ Mark D. Strachan
Mark D. Strachan