IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>GRIAULE TECHNOLOGY LLC,<br><br>       Defendant.<br>_____ | Civil Action No. 6:12-CV-651<br><br>**JURY TRIAL DEMANDED** |

### GRIAULE TECHNOLOGY LLC'S ANSWER TO BLUE SPIKE, LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Griaule Technology LLC ("Griaule"), by and through its undersigned counsel, responds to and answers the Complaint ("Complaint") of Plaintiff Blue Spike, LLC ("Blue Spike") and denies Blue Spike's allegations of patent infringement as follows:

### I. NATURE OF THE SUIT

1. Griaule admits that the Complaint purports to allege claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Except as expressly admitted, Griaule denies the remaining allegations of Paragraph 1.

### II. PARTIES

2. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Griaule admits that it is a California corporation, having its principal place of business at 10 S 3rd St., Floor 3, San Jose, California 95113. Griaule admits that its registered agent is Joni Girardi, located at 10 S 3rd St., Floor 3, San Jose, California 95113. Griaule admits that it does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

4.      Griaule admits that this lawsuit purports to be a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq.*, and that he Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1338(a), and 1367.  Except as expressly admitted, Griaule denies the remaining allegations of Paragraph 4.

5.      Griaule denies that personal jurisdiction is proper.  Griaule denies that it has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas. Griaule admits that from July 21, 2009 to November 26, 2012 Griaule made 24 sales in Texas for a total of $11,335 US Dollars.  Griaule admits that all sales from customers residing in Texas were made through Griaule's website. Griaule further admits that no employee or agent of Griaule visited Texas for business purposes, called customers in Texas, participated in trade shows, retained employees, contractors, or representatives in Texas. Griaule denies that it has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court in Texas.

6.      Griaule denies that venue is proper and denies the allegations of Paragraph 6.

## FACTUAL BACKGROUND

A.      **MOSKOWITZ'S HISTORY**

7.      Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint and therefore denies them.

12. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint and therefore denies them.

17. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint and therefore denies them.

**B.     PATENTS-IN-SUIT**

21. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint and therefore denies them.

22. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint and therefore denies them.

23. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint and therefore denies them.

24. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint and therefore denies them.

26. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint and therefore denies them.

**C.     THE ACCUSED PRODUCTS AND SERVICES**

27. Griaule denies that it designs and develops fingerprint-based biometric software and technology. Griaule admits that it makes, uses, offers for sale and/or imports into the U.S. products, systems, and/or services including, but not limited to, its Biometric Framework, Biometric Network Logon, Desktop Identity, Desktop Login, Fingerprint Identity, Fingerprint Software Development Kit, Automatic

Fingerprint Identification System (AFIS) Software Development Kit, WSQ Software Development Kit, and ICAO Face Software Development Kit ("Accused Products").

28. Griaule admits that it has not sought or obtained a license for any of Blue Spike's patented technologies.

29. Griaule denies the allegations in Paragraph 29.

30. Griaule admits that it provides software that prevents security breaches and provides biometric authentication. Griaule denies the remaining allegations of Paragraph

### III. Patent Infringement

### COUNT 1:

### INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31. Griaule repeats and incorporates the admissions and denials in all preceding paragraphs above as if fully set forth herein.

32. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint and therefore denies them.

34. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and therefore denies them.

35. Griaule denies the allegations in Paragraph 35.

36. Griaule denies the allegations in Paragraph 36.

37. Griaule denies the allegations in Paragraph 37.

38. Griaule denies the allegations in Paragraph 38.

## COUNT 2:

## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39. Griaule repeats and incorporates the admissions and denials in all preceding paragraphs above as if fully set forth herein.

40. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint and therefore denies them.

42. Griaule denies the allegations in Paragraph 42.

43. Griaule denies the allegations in Paragraph 43.

44. Griaule denies the allegations in Paragraph 44.

45. Griaule denies the allegations in Paragraph 45.

46. Griaule denies the allegations in Paragraph 46.

## COUNT 3:

## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. Griaule repeats and incorporates the admissions and denials in all preceding paragraphs above as if fully set forth herein.

48. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint and therefore denies them.

49. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint and therefore denies them.

50. Griaule denies the allegations in Paragraph 50.

51. Griaule denies the allegations in Paragraph 51.

52. Griaule denies the allegations in Paragraph 52.

53. Griaule denies the allegations in Paragraph 53.

54. Griaule denies the allegations in Paragraph 54.

## COUNT 4:

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55. Griaule repeats and incorporates the admissions and denials in all preceding paragraphs above as if fully set forth herein.

56. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Complaint and therefore denies them.

57. Griaule denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Complaint and therefore denies them.

58. Griaule denies the allegations in Paragraph 58.

59. Griaule denies the allegations in Paragraph 59.

60. Griaule denies the allegations in Paragraph 60.

61. Griaule denies the allegations in Paragraph 61.

62. Griaule denies the allegations in Paragraph 54.

## IV. REQUEST FOR RELIEF

Blue Spike's request for relief does not include any factual allegations that would require a response. Griaule denies that Blue Spike is entitled to any relief.

## V. AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Griaule does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these

issues, whether in whole or in part. For its Defenses to the Complaint, Griaule allege as follows:

## VI. FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Blue Spike's Complaint, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

## VII. SECOND AFFIRMATIVE DEFENSE

### (Patent Non-Infringement)

Griaule has not infringed, and currently does not infringe, the '472, '700, '494, and '175 Patents (collectively, "the Patents-in-Suit") directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## VIII. THIRD AFFIRMATIVE DEFENSE

### (Patent Invalidity)

The claims of the Patents-in-Suit are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 171.

## IX. FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

Each of the purported claims set forth in Blue Spike's Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## X. FIFTH AFFIRMATIVE DEFENSE

### (Laches)

The Patents-in-Suit are unenforceable, in whole or in part, against Griaule under the doctrine of laches.

## XI. SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The claims made in the Complaint are barred, in whole or in part, because of Blue Spike's failure to mitigate damages, if such damages exist.

## XII. SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

The relief sought by Blue Spike as to the claims of one or more of the Patents-in-Suit is barred under the doctrine of prosecution history estoppel.

## XIII. EIGHTH AFFIRMATIVE DEFENSE

### (Prosecution Laches)

One or more of the Patents-in-Suit are unenforceable, in whole or in part, against the Griaule under the doctrine of prosecution laches.

## XIV. NINTH AFFIRMATIVE DEFENSE

### (Acts of Plaintiff)

On information and belief, the damages, if any, that were allegedly sustained by Blue Spike as a result of the acts complained of in the Complaint were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Blue Spike, its agents, predecessors, and/or related entities.

## XV. TENTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

As a result of Blue Spike's actions, Blue Spike is not entitled to equitable relief, including but not limited to Blue Spike's request for injunctive relief as it has an adequate remedy at law.

## XVI. ELEVENTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

Blue Spike's claims for enhanced damages and an award of fees and costs against Griaule have no basis in fact or law and should be denied.

## XVII. TWELFTH AFFIRMATIVE DEFENSE

### (Actions of Others)

The claims made in the Complaint are barred, in whole or in part, because Griaule is not liable for the acts of others over whom it has no control.

## XVIII. THIRTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

Blue Spike's claims against Griaule are barred because Blue Spike's damages, if any, were not caused by Griaule.

## XIX. FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damage)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Griaule in the Complaint, and the relief requested for in the Complaint therefore cannot be granted.

## XX. FIFTEENTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Blue Spike's claims for injunctive relief are barred because Blue Spike cannot show that it will suffer any irreparable harm from Griaule's actions.

## XXI. SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The alleged injury or damage suffered by Blue Spike, if any, would be adequately compensated by damages. Accordingly, Blue Spike has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## XXII. SEVENTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Griaule or others for any alleged single wrong.

## XXIII. EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Griaule alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and Texas because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and Texas Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 8 of the Texas Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the

substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 19 of the Texas Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 13 of the Texas Constitution; (iv) any such award is precluded or limited pursuant to Title 2, Subtitle C, Chapter 41 of the Texas Civil Practice and Remedies Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and Texas Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

## XXIV. **ADDITIONAL DEFENSES**

Griaule reserves the right to assert additional defenses based on information learned or obtained during discovery.

Dated: December 14, 2012      ____/s/Willie C. Briscoe_____
WILLIE C. BRISCOE
State Bar No. 24001788
**THE BRISCOE LAW FIRM, PLLC**
8117 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: 214.706.9314
Facsimile: 214.706.9315

OF COUNSEL:

LAW OFFICE OF HERBERT T. PATTY
Herbert T. Patty
1625 The Alameda, Ste. 508
San Jose, CA 95126
Telephone: (408) 520-8701
Facsimile: (408) 549-9931

        PUNZALAN LAW, P.C.  
        Mark Punzalan  
        600 Allerton Street, Suite 201  
        Redwood City, CA 94063  
        Telephone: (650) 362-4150  
        Facsimile: (650) 362-4151