IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |
|---|---|
| BLUE SPIKE, LLC, | ) CIVIL ACTION NO. 6:12-CV-499-LED |
| | ) **LEAD CASE** |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 6:12-CV-694-LED |
| v. | ) **CONSOLIDATED CASE** |
| | ) |
| PRECISE BIOMETRICS, INC. AND | ) **JURY TRIAL DEMANDED** |
| PRECISE BIOMETRICS AB, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS PRECISE BIOMETRICS, INC. AND PRECISE BIOMETRICS AB'S ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendants Precise Biometrics, Inc. and Precise Biometrics AB (collectively, "Precise Biometrics") answer the Original Complaint for Patent Infringement of Plaintiff Blue Spike, LLC ("Blue Spike") as follows:

### Nature of the Suit

1.      Precise Biometrics admits that Blue Spike alleges a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but Precise Biometrics denies that it has committed any acts of infringement.

### Parties

2.      Precise Biometrics admits that on the face of the patents attached to Blue Spike's Original Complaint, Blue Spike, Inc. is identified as the assignee of United States Patent Nos. 7,346,472, 7,660,700, 7,949,494, and 8,214,175 (collectively, the "Patents-in-Suit").  Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and therefore denies them.

Precise Biometrics admits that Precise Biometrics, Inc. is a Virginia corporation with its principal place of business at 8300 Boone Boulevard, Suite 500, Vienna, Virginia 22182. Precise Biometrics admits that Precise Biometrics, Inc. has appointed Corporation Service Company as its agent for service of process, and that Precise Biometrics, Inc. has transacted business in the Eastern District of Texas.  Precise Biometrics denies any remaining allegations in paragraph 3.

3.     Precise Biometrics admits that Precise Biometrics AB is a Swedish limited company with its principal place of business at Scheelevagen 30, PO Box 798, Lund, 220 07, Sweden.  Precise Biometrics admits that Precise Biometrics AB has transacted business in the Eastern District of Texas.  Precise Biometrics AB admits that it waived any objections to the absence of a summons or of service.  Precise Biometrics denies any remaining allegations in paragraph 4.

## Jurisdiction and Venue

4.     Precise Biometrics admits that this is a civil action for patent infringement arising under the patent laws of the United States, and that this Court has subject matter jurisdiction over this action.

Precise Biometrics admits that this Court has personal jurisdiction over it for purposes of this action.  Precise Biometrics denies the remaining allegations in paragraph 6.

5.     Precise Biometrics admits that it has transacted business in the State of Texas. Precise Biometrics denies that venue is proper in the Eastern District of Texas.   Precise Biometrics denies the remaining allegations in paragraph 7.

## **Factual Background**

**Moskowitz's History**

6.      Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

7.      Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

8.      Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

9.      Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

10.      Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

11.      Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

12.     Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

**Patents-in-Suit**

13.     Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

14.     Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

15.     Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

**The Accused Products and Services**

16.     Precise Biometrics admits that it designs, develops, and manufactures fingerprint-based biometric software, systems, and technology.  Precise Biometrics denies any remaining allegations in paragraph 28, and specifically denies that it has committed any acts of infringement.

4

Precise Biometrics admits that it has not sought or obtained a license to the Patents-in-Suit, and denies that there is any reason or basis for it to need a license.

17.    Precise Biometrics denies the allegations in paragraph 30.

Precise Biometrics denies the allegations in paragraph 31.

### Count 1: Infringement of U.S. Patent No. 8,214,175

18.    Precise Biometrics incorporates by reference its responses to the allegations in paragraphs 1 through 31.

Precise Biometrics admits that, according to the face of the patent, United States Patent No. 8,214,175 ("the '175 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and therefore denies them.

19.    Precise Biometrics admits that what appears to be a copy of the '175 Patent is attached as Exhibit A to Blue Spike's Original Complaint.  Precise Biometrics admits that, according to the face of the patent, the '175 Patent was issued on July 3, 2012.  Precise Biometrics denies that the '175 Patent is valid.  Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, and therefore denies them.

Precise Biometrics denies the allegations in paragraph 35.

20.    Precise Biometrics denies the allegations in paragraph 36.

Precise Biometrics denies the allegations in paragraph 37.

21.    Precise Biometrics denies the allegations in paragraph 38.

Precise Biometrics denies the allegations in paragraph 39.

## Count 2: Infringement of U.S. Patent No. 7,949,494

22.     Precise Biometrics incorporates by reference its responses to the allegations in paragraphs 1 through 39.

Precise Biometrics admits that, according to the face of the patent, United States Patent No. 7,949,494 ("the '494 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41, and therefore denies them.

23.     Precise Biometrics admits that what appears to be a copy of the '494 Patent is attached as Exhibit B to Blue Spike's Original Complaint.  Precise Biometrics admits that, according to the face of the patent, the '494 Patent was issued on May 24, 2011.  Precise Biometrics denies that the '494 Patent is valid.  Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42, and therefore denies them.

Precise Biometrics denies the allegations in paragraph 43.

24.     Precise Biometrics denies the allegations in paragraph 44.

Precise Biometrics denies the allegations in paragraph 45.

25.     Precise Biometrics denies the allegations in paragraph 46.

Precise Biometrics denies the allegations in paragraph 47.

## Count 3: Infringement of U.S. Patent No. 7,660,700

26.     Precise Biometrics incorporates by reference its responses to the allegations in paragraphs 1 through 47.

Precise Biometrics admits that, according to the face of the patent, United States Patent No. 7,660,700 ("the '700 Patent") is entitled "Method and Device for Monitoring and Analyzing

Signals."  Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49, and therefore denies them.

27.     Precise Biometrics admits that what appears to be a copy of the '700 Patent is attached as Exhibit C to Blue Spike's Original Complaint.  Precise Biometrics admits that, according to the face of the patent, the '700 Patent was issued on February 9, 2010.  Precise Biometrics denies that the '700 Patent is valid.  Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50, and therefore denies them.

Precise Biometrics denies the allegations in paragraph 51.

28.     Precise Biometrics denies the allegations in paragraph 52.

Precise Biometrics denies the allegations in paragraph 53.

29.     Precise Biometrics denies the allegations in paragraph 54.

Precise Biometrics denies the allegations in paragraph 55.

## Count 4: Infringement of U.S. Patent No. 7,346,472

30.     Precise Biometrics incorporates by reference its responses to the allegations in paragraphs 1 through 55.

Precise Biometrics admits that, according to the face of the patent, United States Patent No. 7,346,472 ("the '472 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Precise Biometrics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57, and therefore denies them.

31.     Precise Biometrics admits that what appears to be a copy of the '472 Patent is attached as Exhibit D to Blue Spike's Original Complaint.  Precise Biometrics admits that, according to the face of the patent, the '472 Patent was issued on March 18, 2008.  Precise Biometrics denies that the '472 Patent is valid.  Precise Biometrics is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58, and therefore denies them.

Precise Biometrics denies the allegations in paragraph 59.

32.    Precise Biometrics denies the allegations in paragraph 60.

Precise Biometrics denies the allegations in paragraph 61.

33.    Precise Biometrics denies the allegations in paragraph 62.

Precise Biometrics denies the allegations in paragraph 63.

<strong><u>Response to Request for Relief</u></strong>

Precise Biometrics denies that Blue Spike is entitled to any relief, including the requested relief.

<strong><u>Affirmative Defenses</u></strong>

Precise Biometrics alleges and asserts the following defenses in response to Blue Spike's allegations.  As the investigation of its defenses is continuing, Precise Biometrics reserves all rights to allege additional defenses that may now exist or become known through the course of discovery or further investigation in this case.  The assertion of a defense is not a concession that Precise Biometrics has the burden of proving the matter asserted.

1.    Venue is neither proper nor convenient in this district.

Blue Spike lacks title to one or more of the Patents-in-Suit, and/or lacks standing to sue on one or more of the Patents-in-Suit.

2.    Precise Biometrics does not infringe and has not infringed (neither directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, nor in any other manner) any valid claim of the '175 Patent, the '494 Patent, the '700 Patent, or the '472 Patent.

The claims of the Patents-in-Suit are invalid because they fail to satisfy the patentability requirements set forth in 35 U.S.C. §§ 102, 103 and/or 112.

3.     Blue Spike's claims for infringement are barred, in whole or in part, by prosecution history estoppel.

Blue Spike's claim for damages, if any, against Precise Biometrics for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

4.     Blue Spike's claim for injunctive relief is barred because it has an adequate remedy at law, it has not been irreparably injured, the balance of the hardships is not in its favor, and the public interest is not served by the granting of injunctive relief.

## Counterclaims

Precise Biometrics asserts the following counterclaims against Blue Spike:

## Parties

1.     Counterclaim-Plaintiff Precise Biometrics, Inc. is a Virginia corporation with its principal place of business at 8300 Boone Boulevard, Suite 500, Vienna, Virginia 22182.

Counterclaim-Plaintiff Precise Biometrics AB is a Swedish limited company with its principal place of business at Scheelevagen 30, PO Box 798, Lund, 220 07, Sweden.

2.     On information and belief, Counterclaim-Defendant Blue Spike, LLC is a Texas limited liability company with its principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

## Jurisdiction and Venue

3.     These counterclaims arise under the patent laws of the United States, as enacted under Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

By filing its Original Complaint, Blue Spike has consented to personal jurisdiction in the Eastern District of Texas.

4.      By filing its Original Complaint, Blue Spike has consented to venue in the Eastern District of Texas.  Precise Biometrics makes this allegation without prejudice to, and specifically reserving and not waiving, its contention that venue in this district is not proper.

### Count 1: Declaratory Judgment of Non-Infringement of the '175 Patent

5.      Precise Biometrics restates and reincorporates by reference its allegations in paragraphs 1-6 of its counterclaims.

An actual case or controversy exists between Precise Biometrics and Blue Spike as to whether the '175 Patent is infringed by Precise Biometrics.

6.      A judicial declaration is necessary and appropriate so that Precise Biometrics may ascertain its rights regarding the '175 Patent.

Precise Biometrics has not infringed, and does not infringe, directly or indirectly, any valid claim of the '175 Patent.

### Count 2: Declaratory Judgment of Invalidity of the '175 Patent

7.      Precise Biometrics restates and reincorporates by reference its allegations in paragraphs 1-10 of its counterclaims.

An actual case or controversy exists between Precise Biometrics and Blue Spike as to whether the '175 Patent is invalid.

8.      A judicial declaration is necessary and appropriate so that Precise Biometrics may ascertain whether the '175 Patent is invalid.

The '175 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

**Count 3: Declaratory Judgment of Non-Infringement of the '494 Patent**

9.      Precise Biometrics restates and reincorporates by reference its allegations in paragraphs 1-14 of its counterclaims.

An actual case or controversy exists between Precise Biometrics and Blue Spike as to whether the '494 Patent is infringed by Precise Biometrics.

10.      A judicial declaration is necessary and appropriate so that Precise Biometrics may ascertain its rights regarding the '494 Patent.

Precise Biometrics has not infringed, and does not infringe, directly or indirectly, any valid claim of the '494 Patent.

**Count 4: Declaratory Judgment of Invalidity of the '494 Patent**

11.      Precise Biometrics restates and reincorporates by reference its allegations in paragraphs 1-18 of its counterclaims.

An actual case or controversy exists between Precise Biometrics and Blue Spike as to whether the '494 Patent is invalid.

12.      A judicial declaration is necessary and appropriate so that Precise Biometrics may ascertain whether the '494 Patent is invalid.

The '494 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

**Count 5: Declaratory Judgment of Non-Infringement of the '700 Patent**

13.      Precise Biometrics restates and reincorporates by reference its allegations in paragraphs 1-22 of its counterclaims.

An actual case or controversy exists between Precise Biometrics and Blue Spike as to whether the '700 Patent is infringed by Precise Biometrics.

14.    A judicial declaration is necessary and appropriate so that Precise Biometrics may ascertain its rights regarding the '700 Patent.

Precise Biometrics has not infringed, and does not infringe, directly or indirectly, any valid claim of the '700 Patent.

## Count 6: Declaratory Judgment of Invalidity of the '700 Patent

15.    Precise Biometrics restates and reincorporates by reference its allegations in paragraphs 1-26 of its counterclaims.

An actual case or controversy exists between Precise Biometrics and Blue Spike as to whether the '700 Patent is invalid.

16.    A judicial declaration is necessary and appropriate so that Precise Biometrics may ascertain whether the '700 Patent is invalid.

The '700 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

## Count 7: Declaratory Judgment of Non-Infringement of the '472 Patent

17.    Precise Biometrics restates and reincorporates by reference its allegations in paragraphs 1-30 of its counterclaims.

An actual case or controversy exists between Precise Biometrics and Blue Spike as to whether the '472 Patent is infringed by Precise Biometrics.

18.    A judicial declaration is necessary and appropriate so that Precise Biometrics may ascertain its rights regarding the '472 Patent.

Precise Biometrics has not infringed, and does not infringe, directly or indirectly, any valid claim of the '472 Patent.

## **Count 8: Declaratory Judgment of Invalidity of the '472 Patent**

19.     Precise Biometrics restates and reincorporates by reference its allegations in paragraphs 1-34 of its counterclaims.

An actual case or controversy exists between Precise Biometrics and Blue Spike as to whether the '472 Patent is invalid.

20.     A judicial declaration is necessary and appropriate so that Precise Biometrics may ascertain whether the '472 Patent is invalid.

The '472 Patent is invalid because it fails to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

## **Exceptional Case**

21.     On information and belief, this is an exceptional case entitling Precise Biometrics to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

## **Request for Relief**

Precise Biometrics respectfully requests that the Court grant the following relief:

A.     A judgment dismissing Blue Spike's Original Complaint against Precise Biometrics with prejudice;

B.     A declaration that Precise Biometrics has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the Patents-in-Suit;

C.     A declaration that the Patents-in-Suit are invalid;

D.     A declaration that this case is exceptional and an award to Precise Biometrics of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

E.      Such other and further relief as this Court may deem just and proper.

**Demand for Jury Trial**

In accordance with Federal Rule of Civil Procedure 38(b), Precise Biometrics demands a trial by jury on all issues so triable.

Date:  December 20, 2012                          Respectfully submitted,


                                                  */s/ Melissa R. Smith*
                                                  Melissa R. Smith
                                                  State Bar No. 24001351
                                                  GILLAM & SMITH, LLP
                                                  303 S. Washington Ave.
                                                  Marshall, Texas 75670
                                                  Telephone: (903) 934-8450
                                                  Facsimile: (903) 934-9257
                                                  melissa@gillamsmithlaw.com

                                                  *Attorney for Defendants*
                                                  *Precise Biometrics, Inc. and*
                                                  *Precise Biometrics AB*



**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 20th day of December, 2012  per Local Rule CV-5(a)(3).


                                                  */s/ Melissa R. Smith*