**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | ) | **CIVIL ACTION NO. 6:12-CV-499-LED** |
| | ) | |
| **Plaintiff,** | ) | **(LEAD CASE)** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TEXAS INSTRUMENTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO. 6:12-CV-652** |
| **BLUE SPIKE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **(CONSOLIDATED WITH 6:12-CV-499)** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **INTEGRATED BIOMETRICS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT INTEGRATED BIOMETRICS, LLC'S ANSWER TO
BLUE SPIKE, LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Integrated Biometrics, LLC ("IB"), hereby answers the original complaint for patent infringement (the "Complaint") of Blue Spike, LLC ("Blue Spike") as follows, denying Blue Spike's allegations and averments except that which is expressly admitted herein:

**NATURE OF THE SUIT**

1.      The allegations in paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, IB admits that Blue Spike has attempted to allege a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2.      IB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies the same.

3.      IB admits that it is a Delaware corporation having its principal place of business at 121 Broadcast Drive, Spartanburg, South Carolina 29303, and that it can be served with process through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, but denies all remaining allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      The allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, IB admits that Blue Spike has attempted to invoke the subject matter jurisdiction of this Court pursuant to the patent laws of the United States, 35 U.S.C. § 101 *et seq*., but otherwise denies all remaining allegations contained in paragraph 4.

5.      The allegations in paragraph 5 are legal conclusions to which no answer is required.  To the extent a response is deemed to be required, IB denies that it is subject to the personal jurisdiction of this Court and/or subject to personal jurisdiction in Texas, and specifically denies that it has committed any acts of infringement within the Eastern District of Texas, or any other District in Texas.  IB further denies any remaining allegations contained in paragraph 5 of the Complaint.

6.      The allegations in paragraph 6 are a legal conclusion to which no response is required.  To the extent a response is deemed to be required, IB denies that venue is proper in the Tyler Division of the Eastern District of Texas, and specifically denies that has committed any

acts of infringement in Texas or in this District, that a substantial part of the events or omissions giving rise to the Complaint occurred in this District, and that IB is subject to personal jurisdiction in this District.  IB disputes that venue in this District is proper or more convenient than in other jurisdictions and it reserves the right to seek transfer of this case pursuant to 28 U.S.C. § 1404(a), at a minimum.  To the extent any remaining allegations of paragraph 6 are directed at or to IB, they are denied.

## **FACTUAL BACKGROUND**

**A.**     **Moskowitz' History**

7.      IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 7 of the Complaint, and therefore denies the same.

8.      IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 8 of the Complaint, and therefore denies the same,

9.      IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 9 of the Complaint, and therefore denies the same.

10.      IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 10 of the Complaint, and therefore denies the same.

11.      IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 of the Complaint, and therefore denies the same.

12.      IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 12 of the Complaint, and therefore denies the same.

13.      IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 13 of the Complaint, and therefore denies the same.

14.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 14 of the Complaint, and therefore denies the same.

15.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 15 of the Complaint, and therefore denies the same.

16.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 16 of the Complaint, and therefore denies the same.

17.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 17 of the Complaint, and therefore denies the same.

18.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 18 of the Complaint, and therefore denies the same.

19.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 19 of the Complaint, and therefore denies the same.

20.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 20 of the Complaint, and therefore denies the same.

**B.    Patents-in-Suit**

21.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 21 of the Complaint, and therefore denies the same.

22.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 22 of the Complaint, and therefore denies the same.

23.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 23 of the Complaint, and therefore denies the same.

24.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 24 of the Complaint, and therefore denies the same.

25.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 25 of the Complaint, and therefore denies the same.

26.     IB is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 26 of the Complaint, and therefore denies the same.

**C.      The Accused Product and Services**

27.     In answer to paragraph 27 of the Complaint, IB admits that it designs and develops manufacturing fingerprint-based technology and systems, and provides software to support the integration of those products into its customers' applications.  IB further admits that it makes and offers for sale in the United States its Curve Scanner and Software Development Kit, eCurve Embedded Scanner and Software Development Kit, Watson Scanner and Software Development Kit, TRU Biometric Fingerprint Readers and BACS Software, but specifically denies that any of said products infringe any of the claims of the patents-in-suit described in the Complaint, otherwise denies all remaining allegations contained in paragraph 27 of the Complaint, and specifically denies that it has committed any acts of infringement.

28.     In answer to paragraph 28 of the Complaint, IB admits that it has not sought or obtained a license for any of Blue Spike's patented technologies, and states that the claimed patented technologies of Blue Spike are invalid and further specifically denies that any such license is necessary or that it has committed any acts of infringement.

29.     IB specifically denies all allegations contained in paragraph 29 of the Complaint, and states that the claimed patents-in-suit are invalid and specifically denies that it has infringed or is infringing Blue Spike's patents-in-suits.

30.     IB denies each and every allegation contained in paragraph 30 of the Complaint, and specifically denies that it has infringed or is infringing Blue Spike's patents-in-suits.

## COUNT 1
### (Alleged Infringement of U.S. Patent No. 8,214,175)

31.     IB specifically incorporates by reference its responses to paragraphs 1-30 of the Complaint as though fully set forth herein.

32.     IB admits that, on his face, United States Patent No. 8,214,175 ("the '175 Patent") as attached to the Complaint is entitled "Method and Device for Monitoring and Analyzing Signals," but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint, and therefore denies the same.

33.     IB admits that what appears to be a copy of the '175 Patent is attached as an exhibit to the Complaint, and that the '175 Patent appears to have been issued on July 3, 2012, but otherwise specifically denies all remaining allegations contained in paragraph 33 of the Complaint and specifically denies that the '175 Patent is valid, enforceable and/or was duly and legally issued.

34.     IB specifically denies all allegations contained in paragraph 34 of the Complaint and specifically denies that it is or has committed any acts of infringement.

35.     IB denies all allegations contained in paragraph 35 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

36.     IB denies all allegations set forth in paragraph 36 of the Complaint and specifically denies that it is or has committed any acts of infringement.

37.     IB denies all allegations set forth in paragraph 37 of the Complaint and specifically denies that it is or has committed any acts of infringement.

38.     IB denies all allegations set forth in paragraph 38 of the Complaint.

## COUNT 2
### (Alleged Infringement of U.S. Patent No. 7,949,494)

39.     IB specifically incorporates by reference its responses to paragraphs 1-38 of the Complaint as though fully set forth herein.

40.     IB admits that, on his face, United States Patent No. 7,949,494 ("the '494 Patent") as attached to the Complaint is entitled "Method and Device for Monitoring and Analyzing Signals," but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint, and therefore denies the same.

41.     IB admits that what appears to be a copy of the '494 Patent is attached as an exhibit to the Complaint, and that the '494 Patent appears to have been issued on May 24, 2011, but otherwise specifically denies all remaining allegations contained in paragraph 41 of the Complaint and specifically denies that the '494 Patent is valid, enforceable and/or was duly and legally issued.

42.     IB specifically denies all allegations contained in paragraph 42 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

43.     IB specifically denies all allegations contained in paragraph 42 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

44.     IB specifically denies all allegations contained in paragraph 42 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

45.     IB specifically denies all allegations contained in paragraph 45 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

46.     IB denies all allegations set forth in paragraph 46 of the Complaint.

## COUNT 3
### (Alleged Infringement of U.S. Patent No. 7,660,700)

47.     IB specifically incorporates by reference its responses to paragraphs 1-46 of the Complaint as though fully set forth herein.

48.     IB admits that, on his face, United States Patent No. 7,660,700 ("the '700 Patent") as attached to the Complaint is entitled "Method and Device for Monitoring and Analyzing signals," but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Complaint, and therefore denies the same.

49.     IB admits that what appears to be a copy of the '700 Patent is attached as an exhibit to the Complaint, and that the '700 Patent appears to have been issued on February 9, 2012, otherwise specifically denies all remaining allegations contained in paragraph 49 of the Complaint and specifically denies that the '700 Patent is valid, enforceable and/or was duly and legally issued.

50.     IB specifically denies all allegations contained in paragraph 50 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

51.     IB specifically denies all allegations contained in paragraph 51 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

52.     IB specifically denies all allegations contained in paragraph 52 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

53.     IB specifically denies all allegations contained in paragraph 53, of the Complaint and specifically denies that it is or has committed any acts of infringement.

54.     IB denies all allegations set forth in paragraph 54.

## COUNT 4
### (Alleged Infringement of U.S. Patent No. 7,346,472)

55.     IB specifically incorporates by reference its responses to paragraphs 1-54 of the Complaint as though fully set forth herein.

56.     IB admits that, on his face, United States Patent No. 7,346,472 ("the '472 Patent") as attached to the Complaint is entitled "Method and Device for Monitoring and Analyzing Signals," but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Complaint, and therefore denies the same.

57.     IB admits that what appears to be a copy of the '472 Patent is attached as an exhibit to the Complaint, and that the '472 Patent appears to have been issued on March 18, 2008, but otherwise specifically denies all remaining allegations contained in paragraph 57 and specifically denies that the '472 Patent is valid, enforceable and/or was duly and legally issued.

58.     IB specifically denies all allegations contained in paragraph 58 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

59.     IB specifically denies all allegations contained in paragraph 59 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

60.     IB specifically denies all allegations contained in paragraph 60 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

61.     IB specifically denies all allegations contained in paragraph 61 of the Complaint, and specifically denies that it is or has committed any acts of infringement.

62.     IB denies all allegations set forth in paragraph 62 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

63.     IB specifically incorporates by reference its responses to paragraphs 1-62 of the Complaint as though fully set forth herein.

64.      IB denies that Blue Spike is entitled to any of the relief requested in paragraph "(a) through (f)," which are mislabeled as "(a) through (d)."

65.      IB specifically denies each and every allegation contained in the Complaint not specifically admitted herein.

## DEMAND FOR JURY TRIAL

IB admits that Blue Spike has demanded a jury trial.  To the extent that this paragraph implicates any allegations or averments directed to IB, they are denied.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, IB pleads the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

1.      IB has not engaged in any acts, literally, willfully, under the doctrine of equivalents or otherwise, which would constitute infringement of, contributory infringement of, or inducement to infringe, any claim of the '175, '494, '700, or '472 Patents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2.      The claims of the '175, '494, '700, or '472 Patents are invalid for failing to comply with one or more of the requirements of Title 35, United States Code, including without limitations §§ 101, 102, 103, 111, 112, 116, and/or 132.

### THIRD AFFIRMATIVE DEFENSE
### (Limitations on Damages and Remedies)

3.      Blue Spike's claims, damages and prayers for relief are limited and/or barred under 35 U.S.C. §§ 286, 287 and/or 288.

## FOURTH AFFIRMATIVE DEFENSE
### (No Attorney Fees)

4.      Blue Spike has failed to allege facts supporting an award of attorney fees under 35 U.S.C. § 285.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

5.      Prior to receiving a copy of the Complaint, IB did not have notice of Blue Spike's allegations of infringement.  Upon information and belief, neither Blue Spike nor Blue Spike's predecessor-in-interest or licenses have marked instrumentalities that embody any of the claims of the '175, '494, '700, or '472 Patents with proper notice of the patents in compliance with 35 U.S.C. § 287.  Therefore Blue Spike is not entitled to any pre-filing damages pursuant to 35 U.S.C. § 287 for any claims to which 35 U.S.C. § 287 applies.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

6.      Based upon the proceedings before the U.S. Patent and Trademark office ("Patent Office") during the prosecution of the applications that ultimately issued as the '175, '494, '700, or '472 Patents, Blue Spike is precluded or otherwise estopped from asserting any construction of the claims of the '175, '494, '700, or '472 Patents that is inconsistent with representations made by it or its predecessors-in-interest before the Patent Office.  Upon information and belief, Blue Spike is estopped from asserting any construction of the claims of the  '175, '494, '700, or '472 Patents sufficiently broad to cover or include any product(s) made, used, sold, or offered for sale by IB within the United States, or imported by IB into the United States.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

7.      The '175, '494, '700, or '472 Patents are unenforceable, in whole or in part, by the doctrine of the prosecution laches given the unreasonable and undue delay in the prosecution

of said patents.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

8.      Blue Spike's claims are barred in whole or part due to waiver.

## NINTH AFFIRMATIVE DEFENSE
### (Acquiescence)

9.      Blue Spike's claims are barred, in whole or in part, due to acquiescence.

## TENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

10.     Blue Spike is not entitled to injunctive relief because the alleged injury to Blue

Spike is not immediate and/or irreparable, and Blue Spike further has an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Single Recovery Rule/Patent Exhaustion Doctrine)

11.     Blue Spike's damages are barred, in whole or part, by the single recovery rule

and/or the patent exhaustion doctrine.

## TWELFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

12.     Blue Spike's claims are barred in whole or in part by one or more of the doctrines

of equitable estoppel, laches, unclean hands waiver and/or other applicable equitable defenses.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Forum Non-Conveniens)

13.     The Eastern district of Texas is an inconvenient forum in which to litigate this

action against IB under 28 U.S.C. § 1404(a).

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

14.     Blue Spike's Complaint fails to state a claim upon which relief can be granted.

## RESERVATION OF ADDITIONAL DEFENSES

15.     IB specifically reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and all other defenses, at law or in equity, that may now exist based upon discovery and further factual investigation in the lawsuit.

## COUNTERCLAIMS OF INTEGRATED BIOMETRICS, LLC

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Integrated Biometrics, LLC ("IB") hereby asserts the following counterclaims against Blue Spike, LLC ("Blue Spike")

## NATURE OF THE COUNTERCLAIM

1.     This counterclaim arises under the United States Patent Act, 35 U.S.C. §1 *et seq.*

## PARTIES

2.     Integrated Biometrics is a Delaware corporation having its principal place of business at 121 Broadcast Drive, Spartanburg, South Carolina 29303.

3.     Upon information and belief, Blue Spike is a Texas limited liability company with its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over IB's counterclaims pursuant to the declaratory judgment act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  This Court also has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C §§ 1331, 1332, 1338(a), 1367, 2201 and 2202.

5.     By filing this Complaint, Blue Spike has consented to the personal jurisdiction of this Court.

13

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  To the extent that venue is found to be proper under 28 U.S.C. § 1400 for any claims in the Complaint, venue is also appropriate under 28 U.S.C. § 1400 for these counterclaims.  By asserting these counterclaims, IB does not waive, and instead expressly reserves, its objections to venue with respect to Blue Spike's Complaint in this action.  *See Rates Tech., Inc. v. Nortel Networks Corp.*, 399 F.3d 1302 (Fed. Cir. 2005).

## GENERAL ALLEGATIONS

7.      On September 19, 2012, Blue Spike filed its original complaint for patent infringement (the "Complaint") against Integrated Biometrics claiming infringement of the "patents-in-suit" as described in the Complaint.  Blue Spike asserts that it is the assignee of the "patents-in-suit" from Blue Spike, Inc., which is the assignee of the "patents-in-suits" from Scott Moskowitz and Michael Berry.

8.      A justiciable controversy exists between Blue Spike and Integrated Biometrics concerning the infringement, enforcement and validity of the "patents-in-suit."

## COUNT I
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,214,175)

9.      Integrated Biometrics incorporates 1 through 8 of the counterclaim as though fully set forth herein.

10.     Blue Spike alleges that Integrated Biometrics has infringed and continues to infringe one or more of the claims of U.S. Patent No. 8,214,175 ("the '175 Patent") directly, contributorily, or by inducement by importing, making, using, offering for sale, or selling products and devices that embody said patented invention.

11.     Integrated Biometrics has not ever and is not currently infringing, contributorily infringing or inducing infringement of the '175 Patent asserted by Blue Spike in its Complaint.

14

12.     As a direct result of the foregoing, an actual controversy has arisen and now exists between the parties as to Integrated Biometrics' non-infringement of the '175 Patent.

13.     Integrated Biometrics seeks a declaration that it has not ever infringed directly or indirectly and does not currently infringe directly or indirectly the '175 Patent, literally, under the doctrine of equivalence or otherwise, and seeks a further declaration that it has not ever contributed to or induced and does not contribute to or induce infringement of the '175 Patent by any third party.

14.     A judicial declaration is necessary and appropriate at this time in order that Integrated Biometrics may assert its rights and duties with respect to the '175 Patent and with respect to any past, present or future manufacture use, importation, distribution, sale or offer for sale of its products.

### COUNT II
### (Declaratory Judgment of Non-Infringement of U.S. Patent No.7,949,494)

15.     Integrated Biometrics incorporates 1 through 14 of the counterclaim as though fully set forth herein.

16.     Blue Spike alleges that Integrated Biometrics has infringed and continues to infringe one or more of the claims of U.S. Patent No. 7,949,494 ("the '494 Patent") directly, contributorily, or by inducement by importing, making, using, offering for sale, or selling products and devices that embody said patented invention.

17.     Integrated Biometrics has not ever and is not currently infringing, contributorily infringing or inducing infringement of the '494 Patent as asserted by Blue Spike in its Complaint.

18.      As a direct result of the foregoing, an actual controversy has arisen and now exists between the parties as to Integrated Biometrics' non-infringement of the '494 Patent.

19.      Integrated Biometrics seeks a declaration that it has not ever infringed directly or indirectly and does not currently infringe directly or indirectly the '494 Patent, literally, under the doctrine of equivalence or otherwise, and seeks a further declaration that it has not ever contributed to or induced and does not contribute to or induce infringement of the '494 Patent by any third party.

20.      A judicial declaration is necessary and appropriate at this time in order that Integrated Biometrics may assert its rights and duties with respect to the '494 Patent and with respect to any past, present or future manufacture use, importation, distribution, sale or offer for sale of its products.

## COUNT III
### (Declaratory Judgment of Non-Infringement of U.S. Patent No.7,660,700)

21.      Integrated Biometrics incorporates 1 through 20 of the counterclaim as though fully set forth herein.

22.      Blue Spike alleges that Integrated Biometrics has infringed and continues to infringe one or more of the claims of U.S. Patent No. 7,660,700 ("the '700 Patent") directly, contributorily, or by inducement by importing, making, using, offering for sale, or selling products and devices that embody said patented invention.

23.      Integrated Biometrics has not ever and is not currently infringing, contributorily infringing or inducing infringement of the '700 Patent asserted by Blue Spike in its Complaint.

24.      As a direct result of the foregoing, an actual controversy has arisen and now exists between the parties as to Integrated Biometrics' non-infringement of the '700 Patent.

25.     Integrated Biometrics seeks a declaration that it has not ever infringed directly or indirectly and does not currently infringe directly or indirectly the '700 Patent, literally, under the doctrine of equivalence or otherwise, and seeks a further declaration that it has not ever contributed to or induced and does not contribute to or induce infringement of the '700 Patent by any third party.

26.     A judicial declaration is necessary and appropriate at this time in order that Integrated Biometrics may assert its rights and duties with respect to the '700 Patent and with respect to any past, present or future manufacture use, importation, distribution, sale or offer for sale of its products.

## COUNT IV
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,346,472)

27.     Integrated Biometrics incorporates 1 through 26 of the counterclaim as though fully set forth herein.

28.     Blue Spike alleges that Integrated Biometrics has infringed and continues to infringe one or more of the claims of U.S. Patent No. 7,346,472 ("the '472 Patent") directly, contributorily, or by inducement by importing, making, using, offering for sale, or selling products and devices that embody said patented invention.

29.     Integrated Biometrics has not ever and is not currently infringing, contributorily infringing or inducing infringement of the '472 Patent asserted by Blue Spike in its Complaint.

30.     As a direct result of the foregoing, an actual controversy has arisen and now exists between the parties as to Integrated Biometrics' non-infringement of the '472 Patent.

31.     Integrated Biometrics seeks a declaration that it has not ever infringed directly or indirectly and does not currently infringe directly or indirectly the '472 Patent, literally, under the doctrine of equivalence or otherwise, and seeks a further declaration that it has not ever

17

contributed to or induced and does not contribute to or induce infringement of the '472 Patent by any third party.

32.     A judicial declaration is necessary and appropriate at this time in order that Integrated Biometrics may assert its rights and duties with respect to the '472 Patent and with respect to any past, present or future manufacture use, importation, distribution, sale or offer for sale of its products.

## COUNT V
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,214,175)

33.     Integrated Biometrics incorporates 1 through 32 of the counterclaim as though fully set forth herein.

34.     The claims of the '175 Patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in 35 U.S.C. § 101 *et seq.*

35.     An actual controversy has arisen and now exists between Blue Spike and Integrated Biometrics as to the invalidity of the claims of the '175 Patent.

36.     Integrated Biometrics seeks a declaration that one or more of the claims of the '175 Patent are invalid.

## COUNT VI
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,949,494)

37.     Integrated Biometrics incorporates 1 through 36 of the counterclaim as though fully set forth herein.

38.     The claims of the '494 Patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in 35 U.S.C. § 101 *et seq.*

39.     An actual controversy has arisen and now exists between Blue Spike and Integrated Biometrics as to the invalidity of the claims of the '494 Patent.

40.     Integrated Biometrics seeks a declaration that one or more of the claims of the '494 Patent are invalid.

## COUNT VII
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,660,700)

41.     Integrated Biometrics incorporates 1 through 40 of the counterclaim as though fully set forth herein.

42.     The claims of the '700 Patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in 35 U.S.C. § 101 *et seq.*

43.     An actual controversy has arisen and now exists between Blue Spike and Integrated Biometrics as to the invalidity of the claims of the '700 Patent.

44.     Integrated Biometrics seeks a declaration that one or more of the claims of the '700 Patent are invalid.

## COUNT VIII
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,346,472)

45.     Integrated Biometrics incorporates 1 through 44 of the counterclaim as though fully set forth herein.

46.     The claims of the '472 Patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in 35 U.S.C. § 101 *et seq.*

47.     An actual controversy has arisen and now exists between Blue Spike and Integrated Biometrics as to the invalidity of the claims of the '472 Patent.

48.     Integrated Biometrics seeks a declaration that one or more of the claims of the '472 Patent are invalid.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Integrated Biometrics hereby demands a trial by jury on all issues so triable, whether they arise from the Complaint or Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Integrated Biometrics respectfully prays that this Court enter judgment as follows:

a)      that Blue Spike's Complaint be dismissed in its entirety with prejudice;

b)      that the Court enter a declaration that Integrated Biometrics has not ever infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally, willfully, under the doctrine of equivalents or otherwise, any valid claims of the '175 Patent, '494 Patent, '700 Patent or '472 Patent;

c)      that this Court issue a declaration that the '175 Patent, '494 Patent, '700 Patent and '472 Patent are all invalid;

d)      that no damages or royalties are due or owed by Integrated Biometrics to Blue Spike for any of the acts alleged in the Complaint;

e)      that Blue Spike is not entitled to any of the relief requested in its Complaint, or to any relief whatsoever;

f)      that the Court declare this case is an exceptional case pursuant to 35 U.S.C. § 285, and accordingly award Integrated Biometrics its reasonable attorneys' fees and costs (including expert fees) incurred in this action; and

g)      that the Court awards any other relief as may be deemed appropriate, just and proper under the circumstances.

Dated:  December 21, 2012                    Respectfully submitted,

                                            */s/ Michael E. Jones*
                                            Michael E. Jones
                                            State Bar No. 10929400
                                            mikejones@potterminton.com
                                            POTTER MINTON
                                            A Professional Corporation
                                            110 N. College, Suite 500
                                            Tyler, Texas 75702
                                            Tel: (903) 597-8311
                                            Fax: (903) 593-0846

                                            **ATTORNEYS FOR DEFENDANT
                                            INTEGRATED BIOMETRICS, LLC**

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 21, 2012.  Any other counsel of record will be served by First Class U.S. mail on this same date.

                                            */s/ Michael E. Jones*
                                            Michael E. Jones