IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br><br>    *Defendants*.<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-499-LED<br><br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>FULCRUM BIOMETRICS, LLC and<br>NEUROTECHNOLOGY<br><br>    *Defendants*.<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-610-LED<br><br>(CONSOLIDATED WITH 6:12-CV-499)<br><br>JURY TRIAL DEMANDED |

**NEUROTECHNOLOGY'S ANSWER, COUNTERCLAIMS, AND AFFIRMATIVE
DEFENSES TO BLUE SPIKE LLC'S ORIGINAL COMPLAINT FOR PATENT
INFRINGEMENT**

Defendant NEUROtechnology ("NEUROtechnology") answers the Original Complaint

of Blue Spike LLC ("Blue Spike") as follows:

## NATURE OF THE SUIT

1.      The allegations in this paragraph state a legal conclusion to which no response is

required.  To the extent a response is deemed to be required, NEUROtechnology admits that

paragraph 1 purports to assert a claim arising under the patent laws of the United States, Title 35

of the United States Code, and in all other respects denies the allegations of paragraph 1.

1

## PARTIES

2.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3.      NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.     NEUROtechnology admits that it is a Lithuanian company and has a principal place of business at Laisves pr. 125A, Vilnius, LT-06118, Lithuania.  NEUROtechnology denies that it has appointed Fulcrum Biometrics, LLC or the Texas Secretary of State as its agent for service of process.  NEUROtechnology denies that it does business in the State of Texas or in the Eastern District of Texas.  Except as expressly admitted, NEUROtechnology denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, NEUROtechnology admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.  NEUROtechnology admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a) and 1331.  Except as expressly admitted, NEUROtechnology denies the remaining allegations of paragraph 5 that are directed to NEUROtechnology.

6.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, NEUROtechnology denies that it is subject to the personal jurisdiction of this Court.  NEUROtechnology does not waive any argument that this Court lacks jurisdiction over NEUROtechnology by filing this answer.

NEUROtechnology denies that it has committed, contributed to, or induced any act of infringement.  NEUROtechnology denies the remaining allegations of paragraph 6 that are directed to NEUROtechnology.  NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 that are directed to other defendants, and therefore denies them.

       7.      The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, NEUROtechnology denies that venue is proper in the Tyler Division of the Eastern District of Texas, and denies that this judicial district is the most convenient forum for the parties and witnesses or in the interests of justice.  By filing this answer, NEUROtechnology does not waive any argument that venue is not proper in this District as to NEUROtechnology.  NEUROtechnology denies that it has committed any act of infringement.  NEUROtechnology denies the remaining allegations of paragraph 7 that are directed to NEUROtechnology.  NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 that are directed to other defendants, and therefore denies them.

## **FACTUAL BACKGROUND**

       8.      NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

       9.      NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

       10.      NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21.     NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22.    NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23.    NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24.    NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25.    NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26.    NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27.    NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28.    NEUROtechnology admits that it has products called VeriFinger Software Development Kit, VeriLook Software Development Kit, and VeriEye Software Development Kit.  NEUROtechnology denies that it has committed any act of infringement. NEUROtechnology denies the remaining allegations of paragraph 28.

29.    NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30.    NEUROtechnology denies the allegations of paragraph 30.

31.    NEUROtechnology denies the allegations of paragraph 31.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

32.     NEUROtechnology incorporates by reference its responses to paragraphs 1 through 31 above.

33.     NEUROtechnology admits that, on its face, U.S. Patent No. 8,214,175 ("the '175 patent") is titled "Method and Device for Monitoring and Analyzing Signals." NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34.     NEUROtechnology admits that, on its face, the '175 patent states that it was issued on July 3, 2012.  NEUROtechnology admits that the '175 patent is attached as Exhibit A to the Complaint.  NEUROtechnology denies the remainder of the allegations of paragraph 34.

35.     NEUROtechnology denies the allegations of paragraph 35.

36.     NEUROtechnology denies the allegations of paragraph 36.

37.     NEUROtechnology denies the allegations of paragraph 37.

38.     NEUROtechnology denies the allegations of paragraph 38.

39.     NEUROtechnology denies the allegations of paragraph 39.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40.     NEUROtechnology incorporates by reference its responses to paragraphs 1 through 39 above.

41.     NEUROtechnology admits that, on its face, U.S. Patent No. 7,949,494 ("the '494 patent") is titled "Method and Device for Monitoring and Analyzing Signals." NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42.     NEUROtechnology admits that, on its face, the '494 patent states that it was issued on May 24, 2011.  NEUROtechnology admits that the '494 patent is attached as Exhibit B to the Complaint.  NEUROtechnology denies the remainder of the allegations of paragraph 42.

43.     NEUROtechnology denies the allegations of paragraph 43.

44.     NEUROtechnology denies the allegations of paragraph 44.

45.     NEUROtechnology denies the allegations of paragraph 45.

46.     NEUROtechnology denies the allegations of paragraph 46.

47.     NEUROtechnology denies the allegations of paragraph 47.

## COUNT 3

## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48.     NEUROtechnology incorporates by reference its responses to paragraphs 1 through 47 above.

49.     NEUROtechnology admits that, on its face, U.S. Patent No. 7,660,700 ("the '700 patent") is titled "Method and Device for Monitoring and Analyzing Signals." NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49, and therefore denies them.

50.     NEUROtechnology admits that, on its face, the '700 patent states that it was issued on February 9, 2010.  NEUROtechnology admits that the '700 patent is attached as Exhibit C to the Complaint.  NEUROtechnology denies the remainder of the allegations of paragraph 50.

51.     NEUROtechnology denies the allegations of paragraph 51.

52.     NEUROtechnology denies the allegations of paragraph 52.

53.     NEUROtechnology denies the allegations of paragraph 53.

54.     NEUROtechnology denies the allegations of paragraph 54.

55.     NEUROtechnology denies the allegations of paragraph 55.

## COUNT 4

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56.     NEUROtechnology incorporates by reference its responses to paragraphs 1 through 55 above.

57.     NEUROtechnology admits that, on its face, U.S. Patent No. 7,346,472 ("the '472 patent") is titled "Method and Device for Monitoring and Analyzing Signals." NEUROtechnology is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57, and therefore denies them.

58.     NEUROtechnology admits that, on its face, the '472 patent states that it was issued on March 18, 2008.  NEUROtechnology admits that the '472 patent is attached as Exhibit D to the Complaint.  NEUROtechnology denies the remainder of the allegations of paragraph 58.

59.     NEUROtechnology denies the allegations of paragraph 59.

60.     NEUROtechnology denies the allegations of paragraph 60.

61.     NEUROtechnology denies the allegations of paragraph 61.

62.     NEUROtechnology denies the allegations of paragraph 62.

63.     NEUROtechnology denies the allegations of paragraph 63.

## REQUEST FOR RELIEF

NEUROtechnology incorporates by reference its responses to paragraphs 1 through 63 above.  NEUROtechnology denies that Blue Spike is entitled to any relief whatsoever against NEUROtechnology in this action, either as prayed for in the Original Complaint or otherwise.

Except as expressly admitted above, NEUROtechnology denies each and every allegation contained in the Original Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

1.     The Eastern District of Texas is an inconvenient forum in which to litigate this action against NEUROtechnology under 28 U.S.C. § 1404(a).

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2.     The Original Complaint for Patent Infringement fails to state a claim on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Non-infringement)

3.     NEUROtechnology has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '175, '494, '700 or '472 patents.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity)

4.     The '175, '494, '700 or '472 patents, including all of the claims, are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103, and 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

5.      Prior to receiving a copy of the Complaint in this action, NEUROtechnology did not have notice of Blue Spike's allegations of infringement.  Upon information and belief, neither Blue Spike nor Blue Spike's licensees have marked instrumentalities that embody any of the claims of the '175, '494, '700 or '472 patents with proper notice of the patents in compliance with 35 U.S.C. § 287.  Blue Spike is not entitled to any pre-filing damages pursuant to 35 U.S.C. § 287 for any claims to which 35 U.S.C. § 287 applies.

## SIXTH AFFIRMATIVE DEFENSE

### (Prior Commercial Use)

6.      NEUROtechnology does not infringe any claims of the '175, '494, '700 or '472 patents pursuant to 35 U.S.C. § 273.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

7.      Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that ultimately issued as the '175, '494, '700 or '472 patents, Blue Spike is precluded or otherwise estopped from asserting any construction of the claims of the '175, '494, '700 or '472 patents that is inconsistent with its or its predecessor(s)-in-interest's representations before the PTO.  On information and belief, Blue Spike is estopped from asserting any construction of the claims sufficiently broad to cover or include any product made, used, sold, offered for sale within the United States, or imported into the United States, by NEUROtechnology.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, Acquiescence, Estoppel, and Unclean Hands)

8.      Blue Spike's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, estoppel, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Limitation on Damages and Remedies)

9.      Blue Spike's claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

## TENTH AFFIRMATIVE DEFENSE

### (Unavailability of Injunctive Relief)

10.     Blue Spike is not entitled to injunctive relief or any other equitable relief because any alleged injury to Blue Spike is not irreparable and because – had Blue Spike been injured – it would have an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing/Failure to Join Necessary Party)

11.     Blue Spike lacks standing to bring a patent infringement action based on the '175, '494, '700 or '472 patents and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

## TWELFTH AFFIRMATIVE DEFENSE

### (Single Recovery Rule)

12.     Plaintiff's damages are barred in whole or in part by the single recovery rule.

## TWELFTH AFFIRMATIVE DEFENSE

### (License/Implied License/Patent Exhaustion)

13.     Plaintiff's damages are barred in whole or in part by the defenses of license, implied license, and/or patent exhaustion.

## COUNTERCLAIMS

For its counterclaims against Blue Spike, NEUROtechnology alleges as follows:

1.      NEUROtechnology incorporates what is set out in the preceding paragraphs as if fully set forth herein.

2.      Blue Spike's Complaint has established an actual and justiciable controversy between Blue Spike and NEUROtechnology with respect to validity and infringement of the '175, '494, '700 or '472 patents.

3.      NEUROtechnology brings these counterclaims without waiving its right to argue that venue in the Eastern District of Texas is improper and inconvenient.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the '175 Patent)

4.      NEUROtechnology incorporates paragraphs 1-3 of these counterclaims as if fully set forth herein.

5.      Blue Spike alleges that NEUROtechnology has infringed the '175 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '175 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Complaint.

6.      NEUROtechnology does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '175 patent.

7.      NEUROtechnology is entitled to a declaratory judgment that it has not infringed and is not infringing the '175 patent.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the '175 Patent)

8.      NEUROtechnology incorporates paragraphs 1-7 of these counterclaims as if fully set forth herein.

9.      One or more claims of the '175 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

10.     NEUROtechnology is entitled to a declaratory judgment that one or more claims of the '175 patent are invalid.

## COUNT THREE

### (Declaratory Judgment of Non-Infringement of the '494 Patent)

11.     NEUROtechnology incorporates paragraphs 1-10 of these counterclaims as if fully set forth herein.

12.     Blue Spike alleges that NEUROtechnology has infringed the '494 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '494 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Complaint.

13.     NEUROtechnology does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '494 patent.

14.     NEUROtechnology is entitled to a declaratory judgment that it has not infringed and is not infringing the '494 patent.

13

## COUNT FOUR

### (Declaratory Judgment of Invalidity of the '494 Patent)

15.     NEUROtechnology incorporates paragraphs 1-14 of these counterclaims as if fully set forth herein.

16.     One or more claims of the '494 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

17.     NEUROtechnology is entitled to a declaratory judgment that one or more claims of the '494 patent are invalid.

## COUNT FIVE

### (Declaratory Judgment of Non-Infringement of the '700 Patent)

18.     NEUROtechnology incorporates paragraphs 1-17 of these counterclaims as if fully set forth herein.

19.     Blue Spike alleges that NEUROtechnology has infringed the '700 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '700 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Complaint.

20.     NEUROtechnology does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '700 patent.

21.     NEUROtechnology is entitled to a declaratory judgment that it has not infringed and is not infringing the '700 patent.

## COUNT SIX

### (Declaratory Judgment of Invalidity of the '700 Patent)

22.     NEUROtechnology incorporates paragraphs 1-21 of these counterclaims as if fully set forth herein.

23.     One or more claims of the '700 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

24.     NEUROtechnology is entitled to a declaratory judgment that one or more claims of the '700 patent are invalid.

## COUNT SEVEN

### (Declaratory Judgment of Non-Infringement of the '472 Patent)

25.     NEUROtechnology incorporates paragraphs 1-24 of these counterclaims as if fully set forth herein.

26.     Blue Spike alleges that NEUROtechnology has infringed the '472 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '472 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Complaint.

27.     NEUROtechnology does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '472 patent.

28.     NEUROtechnology is entitled to a declaratory judgment that it has not infringed and is not infringing the '472 patent.

## COUNT EIGHT

### (Declaratory Judgment of Invalidity of the '472 Patent)

29.     NEUROtechnology incorporates paragraphs 1-28 of these counterclaims as if fully set forth herein.

30.     One or more claims of the '472 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

31.     NEUROtechnology is entitled to a declaratory judgment that one or more claims of the '472 patent are invalid.

## NEUROTECHNOLOGY'S PRAYER FOR RELIEF

NEUROtechnology prays for relief as follows:

A.     That the Court enter judgment in favor of NEUROtechnology, and against Blue Spike;

B.     That the Court find the '175, '494, '700 or '472 patents not infringed by NEUROtechnology;

C.     That the Court find the '175, '494, '700 or '472 patents invalid;

D.     That Blue Spike take nothing by its Original Complaint for Patent Infringement against NEUROtechnology;

E.     That the Court find this action exceptional under 35 U.S.C. § 285, and award NEUROtechnology its costs and fees in this action, including reasonable attorneys' fees;

F.     That the Court grant NEUROtechnology such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

NEUROtechnology demands a trial by jury on all issues so triable.

Dated:  December 21, 2012

By:

*/s/ Eric H. Findlay*
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone:  (903) 534-1100
Facsimile:  (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

Attorneys for Defendant
NEUROTECHNOLOGY

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on

opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on December 21, 2012.

*/s/ Eric H. Findlay*
Eric H. Findlay