UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | Consolidated Civil Action No. 6:12-cv-00556-LED |
| | § | |
| v. | § | |
| | § | Jury Trial Demanded |
| Texas Instruments, Inc., | § | |
| *Defendant*. | § | |

**Plaintiff's Opposition to Defendant Yahoo! Inc.'s Motion to Dismiss
[Dkt. 335]**

Plaintiff Blue Spike, LLC opposes Yahoo! Inc.'s 12(b)(6) motion, because the complaint pleads each of Blue Spike's claims with sufficient specificity.

**Legal Standards**

A motion to dismiss for failure to state a claim is governed by regional circuit law. *In re Bill of Lading Transmission & Processing System Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Under applicable Fifth Circuit standards, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007); *see also Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662,

684-685 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "[D]etailed factual allegations" are not required; a complaint need only allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Specific to the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357; *see also Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 541 (E.D. Tex. 2010) ("A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief.").

## Argument

Yahoo! argues that the Court should dismiss Blue Spike's claims for induced infringement, contributory infringement, and willful infringement because Blue Spike has not pleaded them with the requisite specificity. Dkt. 335 at 6-11. Yahoo! is mistaken.

### 1. Blue Spike Has Sufficiently Pleaded Induced Infringement.

A party is liable for induced infringement if it knows or should know that it is inducing acts that constitute patent infringement. *See* 35 U.S.C. §271

(b); *In re Bill of Lading*, 681 F.3d at 1339. Thus, to survive a motion to dismiss, a complaint alleging induced infringement must contain sufficient facts to plausibly show that the defendants intended a third party to infringe the patent at issue and knew the third party's acts constituted infringement. *Id.* at 1339. Fortunately, Magistrate Judge Love recently addressed the standards for pleading "knowledge" and "intent" for induced-infringement claims.

The facts in *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012), were almost identical to those at issue here, so Judge Love's Report and Recommendation are highly instructive and show why Blue Spike's complaint should not be dismissed. The defendants in *Patent Harbor*—like Yahoo! here—moved to dismiss the induced-infringement claims, arguing the plaintiff had "failed to allege that the Defendants had knowledge of the patent-in-suit.'" ((Civil Action No. 6:11-cv-229, Dkt. 486 at 9 (attached as Ex. 1).) Judge Love rejected this argument because "the Complaint clearly alleges that the 'Defendants have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint.'" *Id*. Love concluded that "[t]o the extent Defendants' arguments relate to Patent Harbor's failure to allege pre-suit knowledge, these arguments are unpersuasive" because "[f]ailing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing

period.'" *Id.* (quoting *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)); *see also In re Bill of Lading*, 361 F.3d at 1345-46 (finding complaints that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" were sufficient when pleaded in conjunction with facts plausibly showing intent to induce).

Judge Love also rejected the argument—identical to Yahoo!'s here—that dismissal was warranted based on the failure "to allege specific intent to induce infringement." (Civil Action No. 6:11-cv-229, Dkt. 486 at 9.) A plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement." *Id.* (citing *In re Bill of Lading*, 681 F.3d at 1336). "Rather, the Complaint need only plead a plausible claim for relief." *Id.* Love found that the complaint before him met this standard because its allegations—that "Defendants have knowledge of the [patent-in-suit], are infringing the patent by authoring DVDs with content addressable videos, and are contracting with others to author DVDs with content addressable videos"—gave rise to a plausible inference "that Defendants induced others to infringe the [patent-in-suit] by directing and controlling them through contract." *Id.* at 10. Critically, Judge Love noted that "although these allegations do not provide an extraordinary amount of detail regarding the elements of inducement, they nevertheless provide Defendants with sufficient notice of the allegedly unlawful conduct in which they engaged." *Id.* "[M]aking all reasonable inferences in favor of [the plaintiff]," it

was "plausible to infer that Defendants induced third-party contractors to infringe" the patent-in-suit. *Id.* (citing *Bill of Lading*, 681 F.3d at 1340).

Yahoo!'s arguments are virtually identical to those that Judge Love rejected in *Patent Harbor*. Yahoo! argues it was not enough for Blue Spike to assert knowledge "at least as early as the service of this Complaint." Yet the Court found that *this exact wording* precluded dismissal in *Patent Harbor*. Cause No. 6:11-cv-229, Dkt. 486 at 9.[1] Likewise, Yahoo! argues that Blue Spike has not pleaded sufficient facts to show intent, but Blue Spike alleges facts that are at least as compelling as those in *Patent Harbor*. For example, Blue Spike alleges that Yahoo! offers at least two infringing products online—IntoNow and the platform it runs on, SoundPrint—and that those products have been downloaded over three million times. (Civil Action No. 6:12-cv-00556-LED, Dkt. 1 at ¶27.) Yahoo!'s online offers—and its success in peddling these products—permits a reasonable inference that Yahoo! intends its customers to use them.

**2.    Blue Spike Has Sufficiently Pleaded Contributory Infringement.**

Yahoo! also argues that Blue Spike's allegations of knowledge are insufficient to maintain contributory-infringement claims. (Dkt. 335 at 8.) This argument fails for the same reason that it failed for Blue Spike's induced-

---

[1] Yahoo! argues that "at a minimum," Blue Spike's "at least as early as" language warrants dismissal of any pre-suit inducement claims. (Dkt. 335 at 7.) Yahoo! is mistaken; the exact date when Yahoo! acquired knowledge is a fact question that may be illuminated by discovery, so it would be premature for the Court to cut off pre-suit inducement claims at this point. The story would be different if Blue Spike had actually conceded a lack of pre-suit knowledge, but it has not done so.

infringement claims: "the Complaint clearly alleges that the 'Defendants have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint.'" Cause No. 6:11-cv-229, Dkt. 486 at 9.[2] "Failing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims, as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" *Id.* (quoting *Lochner Techs.*, 2012 WL 2595288, at *3).

Yahoo! also complains that Blue Spike has not pleaded facts to permit an inference that "the material or apparatus" at issue has no substantial non-infringing use. Dkt. 335 at 8. Again, Yahoo! is incorrect. The complaint specifically describes that the patents-in-suit are foundational to all of today's widespread content-recognition applications. (Civil Action No. 6:12-cv-00556-LED, Dkt. 1 at ¶24.) The "material or apparatus at issue" includes Yahoo!'s IntoNow application, whose only advertised purpose is content recognition.[3] At this stage, it is reasonable for the Court to infer that IntoNow has no other, non-infringing use—especially in light of Blue Spike's averment that it does not. *Cf. In re Bill of Lading*, 681 F.3d at 1339 (holding that plaintiff had not

---

[2] Again, Yahoo! argues that "at a minimum," Blue Spike's "at least as early as" language warrants dismissal of any pre-suit contribution claims. (Dkt. 335 at 9.) Yahoo! is mistaken for the reasons explained in note 1, above.

[3] IntoNow's website describes the application this way: "IntoNow, which is based our patented platform SoundPrint, analyzes the ambient audio being generated from your television in three-second increments. The audio is then converted into a 'fingerprint'—basically, the show's unique signature for ID—that is matched on the back-end to our reference set (which covers 140 channels of live broadcasting and has more than five years history). Once we make a match, we return all the metadata associated with that show and episode—things like title, description, cast, and associate links." IntoNow website, http://www.intonow.com/ci/faq.

stated a claim for contributory infringement "because the amended complaints actually make clear on their face that Appellees' products do have substantial non-infringing uses").

It is critical to bear in mind that "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." *Id*. Applying this standard, Blue Spike has adequately pleaded both induced infringement and contributory infringement.

### 3.   Blue Spike Has Also Sufficiently Pleaded Willful Infringement.

Last, Yahoo! urges the Court to dismiss Blue Spike's willfulness claims, arguing Blue Spike has not alleged any pre-lawsuit willful conduct. Dkt. 327 at 9-10. Yahoo! gets the law wrong. Granted, Yahoo! is correct that an allegation of pre-filing willfulness must be based on pre-filing conduct. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed.Cir.2007). And Blue Spike concedes that it has no basis for alleging pre-filing willfulness at this point, although future discovery may change that. But Blue Spike's willfulness allegation is properly based on *post*-filing conduct. *See, e.g.*, Dkt. 1 at ¶37 ("Defendant has continued to infringe the '175 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit."). Such conduct is a legitimate

basis for recovering willfulness damages, provided that the plaintiff moves for a preliminary injunction to stop the infringement after filing suit. *In re Seagate*, 497 F.3d at 1374; *Webmap Techs., LLC v. Google, Inc.*, No. 2:09-CV-343-DF-CE, 2010 WL 3768097, at *1-2 (E.D. Tex. Sept. 10, 2010). Blue Spike has moved for such an injunction. *See* Dkt. 1 at 18. The Court has not yet ruled on that request, so granting Yahoo!'s motion to dismiss Blue Spike's willfulness claims would be premature at this point. If the Court ultimately grants Blue Spike's request for a preliminary injunction, Blue Spike will potentially be entitled to willfulness damages for Yahoo!'s post-filing activities. *In re Seagate*, 497 F.3d at 1374.

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Yahoo!'s Motion to Dismiss.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  randall.garteiser@sftrialattorneys.com
Christopher A. Honea
  Texas Bar No. 24059967
  chris.honea@sftrialattorneys.com
Christopher S. Johns
  Texas Bar No. 24044849
  chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

Eric M. Albritton
  Texas State Bar No. 00790215
  ema@emafirm.com
Stephen E. Edwards
  Texas State Bar No. 00784008
  see@emafirm.com
Michael A. Benefield
  Texas State Bar No. 24073408
  mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449
(903) 758-7397 fax

*Counsel for Blue Spike LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on the 27th day of December, 2012.

   /s/ Randall T. Garteiser