UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § § § | Consolidated Civil Action No. 6:12-cv-00499-LED |
| v. | § § | |
| Texas Instruments, Inc., | § § | Jury Trial Demanded |
| *Defendant*. | § § | |

**ORDER DENYING DEFENDANT YAHOO! INC.'S MOTION TO DISMISS [DKT. 335]**

On this day came for consideration Defendant ImageWare Systems, Inc.'s Motion to Dismiss Plaintiff Blue Spike, LLC's Claims for Contributory and Willful Infringement Under FED. R. CIV. P. 12(b)(6). Having considered Yahoo!'s motion and supporting papers and Blue Spike's opposition and supporting papers, the Court is of the opinion that said motion should be DENIED.

Plaintiff Blue Spike has met the pleading requirements for indirect infringement, including contributory infringement, as set forth in Title 35 U.S.C. §271(b) and (c) as explained by the Federal Circuit in *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

Plaintiff's complaint demonstrates (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant

should have known of the risk, as explained in *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed.Cir.2007)).

IT IS HEREBY ORDERED that Yahoo!'s Motion to Dismiss is hereby denied on the grounds that Blue Spike has adequately pleaded its claims for indirect and willful infringement.

IT IS SO ORDERED.