UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § § § | Consolidated Civil Action No. 6:12-cv-00499-LED |
| v. | § § | |
| Texas Instruments, Inc., | § § | Jury Trial Demanded |
| *Defendant*. | § § | |

**Plaintiff's Opposition to Defendant ImageWare System's
Motion to Dismiss Under Rule 12(b)(6)**

Plaintiff Blue Spike, LLC opposes the Motion to Dismiss filed by Defendant ImageWare Systems, Inc. (Dkt. 327.) The Court should deny ImageWare's motion because Blue Spike has pleaded its claims with sufficient specificity.

**Legal Standards**

Regional circuit law governs motions to dismiss in patent disputes. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). Here, the Fifth Circuit views motions under Rule 12(b)(6) disfavorably and rarely grants them. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In determining whether to grant a motion to dismiss, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). A "patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *Id.* at 1355–56; *see also*

*Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 541 (E.D. Tex. 2010) ("A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief.").

## Argument

**1. Blue Spike Has Sufficiently Pleaded Indirect Infringement.**

ImageWare invokes the wrong standard for pleading indirect infringement.[1] *See* Dkt. 327 at 5-6. Both this Court and the Federal Circuit have recently clarified the standard, which Blue Spike's complaint clearly meets.

Indirect infringement can occur through inducement or contribution. *See* 35 U.S.C. §271(b), (c); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). Blue Spike's complaint alleges both. (Case No. 6:12-cv-00688, Dkt. 1 at ¶35.) ImageWare does not address Blue Spike's allegation of inducement, so this opposition addresses contributory infringement only.

"Contributory infringement occurs if a party sells or offers to sell a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no

---

[1] ImageWare gets its erroneous pleading standard from a portion of *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010). Yet ImageWare apparently missed that its citation is to the portion of the opinion authored by Magistrate Judge John Love—and that Judge Love's introduction to the opinion clarifies that Judge Love's analysis was incorrect. *See id*. at 539 (Judge Davis writing "to clarify [the Court's] recent precedent" because Judge Love's opinion had misstated it).


substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (quoting 35 U.S.C. § 271(c)). ImageWare asserts that to survive a motion to dismiss, a complaint alleging contributory infringement must (1) identify which claims are infringed; (2) identify which methods or systems infringe; (3) identify a direct infringer to whose infringement the defendant contributes; (4) identify the material or apparatus for use in practicing the patented process; and (5) plead facts that allow an inference that the material or apparatus has no substantial non-infringing use. (Dkt. 327 at 5.)

ImageWare is flat-out wrong that Blue Spike must identify which claims are infringed. *See In re Bill of Lading*, 681 F.3d at 1335 (to survive dismissal, "a plaintiff need not even identify which claims it asserts are being infringed"). ImageWare is also wrong that Blue Spike's complaint is insufficient because it "generically identifies the direct infringers as unspecified 'end users'" (Dkt. 327 at 6). *See Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-00319-JRG, 2012 WL 4033322, at *3 (E.D. Tex. Sept. 12, 2012) ("generically identif[ying] direct infringers as the 'end users in the Eastern District of Texas' . . . is sufficient to survive a Motion to Dismiss"); *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012) (alleging "direct infringers as 'end users of the above-referenced

3

products' . . . is sufficient to survive a motion to dismiss indirect infringement claims under Rule 12(b)(6)").

ImageWare is correct that Blue Spike must (1) identify which methods or systems infringe, (2) identify the material or apparatus for use in practicing the patented process, and (3) plead facts that allow an inference that the material or apparatus has no substantial non-infringing use. *See In re Bill of Lading*, 681 F.3d at 1337. But Blue Spike's complaint easily meets those requirements.

Contrary to ImageWare's assertion (Dkt. 327 at 6), the complaint goes beyond generically identify the infringing methods or systems merely as "systems." Here, the complaint specifies that the infringing methods or systems include "fingerprint-based biometric software, systems, and technology." (Case No. 6:12-cv-00688, Dkt. 1 at ¶27.) Further, the complaint specifies that the "material or apparatus for use in practicing the patented process" includes ImageWare's "Biometric Engine, Desktop Security, Law Enforcement, and EPI Builder Software Development Kit." *Id*. Because these materials are software, the Court can reasonably infer that they operate as components of (i.e., contribute to infringement by) computing devices or larger software packages. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849 (Fed. Cir. 2010), *aff'd*, 131 S. Ct. 2238 (2011) (explaining "a particular tool within a larger software package may be the relevant 'material or apparatus'").

Finally, Blue Spike's complaint pleads facts that allow an inference that the "material or apparatus at issue" has no substantial non-infringing use. The

4

complaint specifically describes how the patents-in-suit are foundational to all of today's widespread biometric-identification and security systems. (Case No. 6:12-cv-00688, Dkt. 1 at ¶25.) The "material or apparatus at issue" is ImageWare's software-development kits, which have names like "Biometric Engine" and "Desktop Security." These highly specific names strongly suggest that the kits pertain specifically to biometric-identification and security systems. *Id*. ¶27. At this stage, then, it is reasonable for the Court to infer that these software kits do not have non-infringing uses unrelated to their names—especially in light of Blue Spike's averment that they do not. *Cf. In re Bill of Lading*, 681 F.3d at 1339 (holding that plaintiff had not stated a claim for contributory infringement "because the amended complaints actually make clear on their face that Appellees' products do have substantial non-infringing uses").

It is critical to bear in mind that "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." *Id.* In light of this standard, Blue Spike has adequately pleaded indirect infringement.

### 2. Blue Spike Has Also Sufficiently Pleaded Willful Infringement.

ImageWare incorrectly argues that Blue Spike has insufficiently pleaded a claim for willful infringement. (Dkt. 327 at 7-8.) To establish willfulness, a plaintiff must demonstrate "(1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk." *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed.Cir.2007)). "At the pleading stage, the Plaintiff must establish a good faith basis for alleging willful infringement." *Id.*

ImageWare is correct that an allegation of pre-filing willfulness must be based on pre-filing conduct. *In re Seagate*, 497 F.3d at 1371. Blue Spike concedes that it has no basis for alleging pre-filing willfulness at this point, yet future discovery may change that. But Blue Spike's willfulness allegation is based on *post*-filing conduct. *See* Case No. 6:12-cv-00688, Dkt. 1 at ¶37 ("Defendant has continued to infringe the '175 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit."). Such conduct is a legitimate basis for recovering willfulness damages, provided that the plaintiff moves for a preliminary injunction to stop the infringement after filing suit. *In re Seagate*, 497 F.3d at 1374; *Webmap Techs., LLC v.*

*Google, Inc.*, No. 2:09-CV-343-DF-CE, 2010 WL 3768097, at *1-2 (E.D. Tex. Sept. 10, 2010). Blue Spike has requested for such an injunction. *See* Case No. 6:12-cv-00688, Dkt. 1 at 18. The Court has not yet ruled on that request, and ImageWare has not even filed an answer yet, so granting ImageWare's motion to dismiss as to Blue Spike's willfulness claims would be premature at this point. If the Court ultimately grants Blue Spike's motion for a preliminary injunction, Blue Spike may be entitled to willfulness damages for ImageWare's post-filing activities. *In re Seagate*, 497 F.3d at 1374.

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny ImageWare's Motion to Dismiss.

Respectfully submitted,

 /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  randall.garteiser@sftrialattorneys.com
Christopher A. Honea
  Texas Bar No. 24059967
  chris.honea@sftrialattorneys.com
Christopher S. Johns
  Texas Bar No. 24044849
  chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

Eric M. Albritton
  Texas State Bar No. 00790215
  ema@emafirm.com
Stephen E. Edwards

  Texas State Bar No. 00784008
  see@emafirm.com
Michael A. Benefield
  Texas State Bar No. 24073408
  mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449
(903) 758-7397 fax

*Counsel for Blue Spike LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on the 27th day of December, 2012.

      /s/ Randall T. Garteiser