**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | Civil Action No. 6:12-CV-499-LED |
| *Plaintiff*, | § § | |
| v. | § § | (LEAD CASE) |
| TEXAS INSTRUMENTS, INC. | § § | |
| *Defendants*. | § § | JURY TRIAL DEMANDED |
| _____ | § § | |
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 6:12-CV-556-LED |
| YAHOO! INC. | § § | (CONSOLIDATED WITH 6:12-CV-499) |
| *Defendants*. | § § | |
| _____ | § § § | JURY TRIAL DEMANDED |

**YAHOO! INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS BLUE SPIKE,
LLC'S COMPLAINT FOR INDIRECT AND WILLFUL PATENT INFRINGEMENT FOR
<u>FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED</u>**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    BLUE SPIKE'S INDIRECT INFRINGEMENT AND WILLFULNESS CLAIMS
SHOULD BE DISMISSED. .......................................................................... 1

    A.    Blue Spike's Complaint Lacks Factual Allegations Sufficient to Show
Induced Infringement. ....................................................................... 1

    B.    Blue Spike Concedes that It Has Pleaded No Facts to Plausibly Show
Contributory Infringement. ................................................................ 3

    C.    Blue Spike Admits It Cannot Plead and Has Not Pleaded Any Facts to
Support Its Claim of Willfulness. ....................................................... 4

III.    CONCLUSION ............................................................................................... 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2007). ............................................................................. 1, 3, 4, 5

*In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2012) ...................................................................... 3

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). ........................................................ 1, 5

*Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-262, 2010 WL 5174954 (E.D. Tex. Mar. 29, 2010). ................................................................................................................................. 3

*MacroSolve, Inc. v. United Airlines, Inc.*, No. 6:11-cv-694 (E.D. Tex. July 30, 2012) ............. 2, 3

*MacroSolve, Inc. v. United Airlines, Inc.*, No. 6:11-cv-694 (E.D. Tex. Aug. 22, 2012) ............... 2

*Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012). ............................................................................................................................. 2

STATUTES

35 U.S.C. § 271(c). ........................................................................................................................ 3, 4

RULES

Local Civil Rule 65 ............................................................................................................................ 5

## I.      <u>INTRODUCTION</u>

In its Opposition, Blue Spike effectively concedes that it has failed to make the plausible factual showings required under *Iqbal* and *Twombly* to state legally viable claims for indirect and willful infringement.  First, Blue Spike points to no factual allegations in its Complaint showing that Yahoo! intended to induce infringement.  It instead relies on an inapposite case in which the plaintiff, unlike Blue Spike, alleged facts about the defendant's relationships with direct infringers.  Second, Blue Spike does not deny that it failed to allege sufficient facts to show contributory infringement.  Instead, it provides only unsupported conclusions that Yahoo! knowingly made products that have no substantial non-infringing uses for use in infringement.  Blue Spike points to no factual allegations to support this.  Third, as to willfulness, Blue Spike admits that it has pleaded no facts to show that Yahoo! knew or should have known of an "objectively high likelihood that its actions constituted infringement of a valid patent" before this suit was filed, which is a prerequisite to any claims of pre-suit indirect or willful infringement.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Blue Spike's attempt to salvage its willfulness claim by arguing that it has moved for a preliminary injunction—when it has not—is insufficient to defeat Yahoo!'s motion.  Finally, Blue Spike's refrain that discovery will allow it to cure the Complaint's deficiencies is contrary to the Supreme Court's admonishment that Rule 8 simply "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2007).  Yahoo! respectfully requests that the Court grant its motion to dismiss Blue Spike's indirect infringement and willfulness claims.

## II.     <u>BLUE SPIKE'S INDIRECT INFRINGEMENT AND WILLFULNESS CLAIMS SHOULD BE DISMISSED.</u>

### A.      Blue Spike's Complaint Lacks Factual Allegations Sufficient to Show Induced Infringement.

1

Blue Spike points to no facts alleged in its Complaint to support its inducement claim, and instead relies exclusively on Magistrate Judge Love's recommendation in *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012).  But Blue Spike has failed to plead inducement with the level of factual specificity that Judge Love found to suffice in that case.   In *Patent Harbor*, the complaint that survived a motion to dismiss included factual allegations "that the accused method is the 'authoring' of DVD and Blu-Ray discs 'with their content-addressing features (e.g. illustrated chapter/scene selection),' … and that Defendants … 'direct[] and control[]' others to [perform the method] 'through contract.'" *Id.* at 9.  Judge Love found "that a plausible inference from these allegations is that Defendants induced others <u>to infringe the [asserted] patent by directing and controlling them through contract</u>." *Id.* (emphasis added).

In contrast, Blue Spike's Complaint fails to allege any facts that show, or from which one could infer, that Yahoo! controls or otherwise intends end users of the accused product, through contract or by any other means, to infringe the asserted patents.  *See also MacroSolve, Inc. v. United Airlines, Inc.*, No. 6:11-cv-694, slip op. at 6-7 (E.D. Tex. July 30, 2012) (Love, M.J.) (recommending dismissal of inducement claim where complaint did not "allege any facts that, if taken as true, establishes a plausible inference that Defendants had … the specific intent to induce a third party to infringe") (Attached as Exhibit A); adopted in its entirety, *MacroSolve, Inc. v. United Airlines, Inc.*, No. 6:11-cv-694, slip op. at 1-2 (E.D. Tex. Aug. 22, 2012) (Davis, J.) (Attached as Exhibit B).  And, unlike the *Patent Harbor* complaint, which alleged that the defendants induced infringers to author DVD and Blu-Ray discs with content-addressing features, Blue Spike has failed to identify any acts performed by Yahoo!'s end users that allegedly infringe its patents.

2

Blue Spike argues that because Yahoo!'s accused "products have been downloaded over three millions times" it is reasonable to infer "that Yahoo! intends its customers to use them." (Plaintiff's Opposition ("Opp."), Dkt. No. 407 at 5.)  This is beside the point.  The legally relevant inquiry is whether Yahoo! "intended to <u>induce</u> its customers to use its products <u>to practice the patent</u>," and whether Blue Spike pleaded any plausible facts to support such a conclusion.  *In re Bill of Lading*, 681 F.3d 1323, 1332 (Fed. Cir. 2012) (emphasis added).  Blue Spike has not done so, which is fatal to its inducement claim.  *MacroSolve*, 6:11-cv-694 at 7.

Blue Spike also concedes that it has no basis for asserting that Yahoo! had pre-suit knowledge of the asserted patents, but argues that dismissing the inducement claims based on pre-suit activity is not warranted because "the exact date when Yahoo! acquired knowledge is a fact question that may be illuminated by discovery."  (Opp., Dkt. No. 407 at 5, n.1.)  This flies in the face of *Iqbal* (in which the Supreme Court noted that discovery is not available to a plaintiff "armed with nothing more than conclusions"), and is a candid admission that when Blue Spike filed its Complaint, it lacked any basis to allege that Yahoo! was aware of its patents.  556 U.S. at 678-79.   Given this admission, the Court should dismiss all of Blue Spike's indirect infringement claims (both by inducement <u>and</u> contributory) at least to the extent they arise from pre-filing conduct.  This Court has "high expectations as to plaintiffs' preparedness before bringing suit," including an "expect[ation] that [a plaintiff] already has sufficient knowledge of facts that it can include in its complaint."  *Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-262, 2010 WL 5174954, *4 (E.D. Tex. Mar. 29, 2010).  Blue Spike has failed these expectations.

### B.    Blue Spike Concedes that It Has Pleaded No Facts to Plausibly Show Contributory Infringement.

Blue Spike concedes with silence that its Complaint lacks facts plausibly showing that Yahoo! knew that its IntoNow application, which utilizes its SoundPrint platform, was

3

"especially made or especially adapted for use in an infringement."  35 U.S.C. § 271(c).

Accordingly, the contributory infringement claims should be dismissed under *Iqbal* and

*Twombly*.  Blue Spike also has failed to allege a single fact in its Complaint to show that the

accused product has no substantial noninfringing use, another statutory element of contributory

infringement.  35 U.S.C. § 271(c).  Blue Spike attempts to remedy this by alleging, for the first

time in its Opposition, that the accused product's "only advertised purpose is content

recognition."  (Opp., Dkt. No. 407 at 6.)  Even if its Complaint had included such a factual

allegation—and it did not—this argument is a non-starter.  Blue Spike does not own, has not

patented, and does not claim exclusive rights in the broad concept of "content recognition."

Therefore, Blue Spike's (unpleaded) averment that Yahoo! engages in something it vaguely calls

"content recognition" falls far short of alleging a viable contributory infringement claim.  A plain

reading of the patents' claims demonstrates that whatever Blue Spike claims to have invented, it

is not simply "content recognition."  For example, each claim of U.S. Patent 7,949,494 requires

"differentiat[ing] between versions of [a] reference signal."  (Complaint, Dkt. No. 1, Exh. C at

col. 15, ll. 22-23.)  Therefore, even under the broadest reading, the '494 patent does not claim the

abstract concept of "content recognition" but rather claims an invention that involves

differentiating between versions of particular types of signals.[1]

    These deficiencies are fatal to Blue Spike's contributory infringement claim.  Blue

Spike's promise to elucidate the missing facts in discovery (Opp., Dkt. No. 407 at 7)—an

admission that it had no such facts when it filed suit—has been rejected by the Supreme Court

and is insufficient to deny Yahoo!'s well-taken motion to dismiss.  *Iqbal*, 556 U.S. at 678-79.

---

[1] Given the claim language, every use of the accused product that does not "differentiate" between "versions of reference signals" would be a substantial noninfringing use, even if it could be categorized as what Blue Spike terms "content recognition."

### C.   Blue Spike Admits It Cannot Plead and Has Not Pleaded Any Facts to Support Its Claim of Willfulness.

Blue Spike does not deny that its Complaint fails to allege any facts to show that Yahoo! knew or should have known of an "objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371.  Blue Spike's willfulness claims, regardless of whether it moves for a preliminary injunction, should be dismissed for at least this reason.  Blue Spike also expressly "concedes that it has no basis for alleging pre-filing willfulness at this point," but argues that "future discovery may change that."  (Opp., Dkt. No. 407 at 7 (emphasis added).)  But again, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Blue Spike concedes that in the absence of pre-filing willfulness, a plaintiff cannot sustain a claim for willful infringement without first moving for a preliminary injunction.  (Opp., Dkt. No. 407 at 7-8.)  But contrary to its surprising assertion that it "has moved for such an injunction" (Opp., Dkt. No. 407 at 8), Blue Spike has not so moved.  The Court will search the docket in vain for a motion for preliminary injunctive relief; Blue Spike merely listed an injunction among the several items enumerated in its prayer for relief in its Complaint.  (Dkt. No. 1 at 18.)  *See also* Local Civil Rule 65 ("An application for a … preliminary injunction shall be made on an instrument separate from the complaint." (emphasis added)).  For Blue Spike to misrepresent to the Court that it has actually moved for preliminary injunctive relief, and then argue that Yahoo!'s motion is "premature" because "[t]he Court has not yet ruled" on that nonexistent motion is disingenuous.  (Opp., Dkt. No. 407 at 8.)

## III.   CONCLUSION

For   the   foregoing   reasons,   Yahoo!'s   motion   should   be   granted.

Dated:  January 7, 2013          Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
(903) 534-1100
(903) 534-1137 FAX
efindlay@findlaycraft.com

Douglas E. Lumish
(California Bar No. 183863)
dlumish@kasowitz.com
Gabriel S. Gross
(California Bar No. 254672)
ggross@kasowitz.com
Parker Ankrum
(California Bar No. 261608)
pankrum@kasowitz.com
KASOWITZ, BENSON, TORRES,
  & FRIEDMAN LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
Tel:  (650) 453-5170
Fax:  (650) 453-5171

Alfredo Perez de Alejo
aperezdealejo@kasowitz.com
KASOWITZ, BENSON, TORRES,
  & FRIEDMAN LLP
1633 Broadway
New York, NY  10019
Tel:  (212) 506-1700
Fax:  (212) 506-1800

Attorneys for Defendant
YAHOO! INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant  to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 7th day of January 7, 2012.

*/s/ Eric H. Findlay*
Eric H. Findlay