**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **BLUE SPIKE, LLC,** ) | |
| ) | |
| *Plaintiff*, ) | Civil Action No. 6:12-CV-499-LED |
| ) | |
| **v.** ) | (LEAD CASE) |
| ) | |
| **TEXAS INSTRUMENTS, INC.,** ) | |
| ) | JURY TRIAL DEMANDED |
| *Defendant*. ) | |
| **BLUE SPIKE, LLC,** ) | |
| ) | |
| *Plaintiff*, ) | Civil Action No. 6:12-CV-608-LED |
| ) | |
| **v.** ) | (CONSOLIDATED WITH 6:12-CV-499) |
| ) | |
| **ZK TECO, INC., ET AL,** ) | |
| ) | JURY TRIAL DEMANDED |
| *Defendant*. ) | |

**DEFENDANT ZK SOFTWARE BIOMETRIC IDENTIFICATION TECHNOLOGY CO.,**
**LTD'S ANSWER TO BLUE SPIKE, LLC'S COMPLAINT OR PATENT**
**INFRINGEMENT, DEFENSES AND COUNTERCLAIMS**

Defendant ZK Software Biometric Identification Technology Co., Ltd., ("ZK Software")

responds to Plaintiff Blue Spike, LLC's ("Blue Spike") Original Complaint for Patent

Infringement ("Complaint") as follows:

**ZK SOFTWARE'S ANSWER TO PLAINTIFF'S COMPLAINT**

1.       ZK Software admits that Blue Spike purports to state a claim for patent

infringement arising under the laws of the United States, Title 35 of the United States Code.  ZK

Software specifically denies infringing any valid claim of the asserted patents.

## THE PARTIES

2.      ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.      ZK Software denies the allegations contained within Paragraph 3 of the Complaint.

4.      ZK Software denies the allegations contained within Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      ZK Software admits that Plaintiff purports to allege in Paragraph 5 claims of patent infringement that allegedly arise under the laws of the United States, 35 U.S.C. § 101 et seq.  At this time, ZK Software does not contest this Court's subject matter jurisdiction over Plaintiff's patent infringement claims.

6.      ZK Software denies the allegations contained within Paragraph 6 of the Complaint.

7.      ZK Software denies the allegations contained within Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

8.      ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies them.

9.      ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies them.

10.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies them.

11.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies them.

12.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies them.

13.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies them.

14.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies them.

15.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies them.

16.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies them.

17.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies them.

18.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies them.

19.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies them.

20.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies them.

21.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies them.

22.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies them.

23.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies them.

24.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies them.

25.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies them.

26.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies them.

27.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies them.

28.     ZK Software admits that it sells certain biometric products, but denies that it is infringing any valid claim of the Patents-in-Suit, and denies the remaining allegations contained within Paragraph 28.

29.     ZK Software denies that it needed or needs any license and/or permission from Plaintiff and denies the remaining allegations contained within Paragraph 29 of the Complaint.

30.     ZK Software denies the allegations contained within Paragraph 30 of the Complaint.

31.     ZK Software denies the allegations contained within Paragraph 31 of the Complaint.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

32.     ZK Software repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 31 above.

33.     ZK Software admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33, and therefore denies them.

34.     ZK Software admits that, on its face, Exhibit A appears to be a copy of United States Patent No. 8,214,175 ("the '175 Patent"), issued on July 3, 2012. ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies them.

35.     ZK Software denies the allegations contained in Paragraph 35, denies that it has infringed and continues to infringe one or more valid claims of the '175 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

36.     ZK Software denies the allegations contained in Paragraph 36 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '175 Patent.

37.     ZK Software denies the allegations contained in Paragraph 37 and denies that Blue Spike has been damaged by any acts of ZK Software. ZK Software further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK Software from committing infringing acts.

38.     ZK Software denies the allegations contained in Paragraph 38 and denies that it willfully infringed or infringes any valid claims of the '175 Patent, directly, contributorily, willfully, and/or by inducement.

39.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, denies them.

**COUNT 2:**
**INFRINGEMENT OF U.S. PATENT NO. 7,949,494**

40.     ZK Software repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 39 above.

41.     ZK Software admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41, and therefore denies them.

42.     ZK Software admits that, on its face, Exhibit B appears to be United States Patent No. 7,949,494 ("the '494 patent"), issued on March 24, 2011. ZK Software is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42, and therefore denies them.

43.     ZK Software denies the allegations contained in Paragraph 43, denies that it has infringed and continues to infringe one or more valid claims of the '494 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

44.     ZK Software denies the allegations contained in Paragraph 44 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '494 Patent.

45.     ZK Software denies the allegations contained in Paragraph 45 and denies that Blue Spike has been damaged by any acts of ZK Software. ZK Software further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK Software from committing infringing acts.

46.     ZK Software denies the allegations contained in Paragraph 46 and denies that it infringes any valid claims of the '494 Patent, directly, contributorily, willfully, and/or by inducement.

47.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, therefore, denies them.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48.     ZK Software repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 47 above.

49.     ZK Software admits that, on its face, United States Patent No. 7,660,700 ("the '700 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore denies them.

50.     ZK Software admits that, on its face, Exhibit C appears to be a copy of United States Patent No. 7,660,700 ("the '700 patent"), issued on February 9, 2010. ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50, and therefore denies them.

51.     ZK Software denies the allegations contained in Paragraph 51, denies that it has infringed and continues to infringe one or more valid claims of the '700 Patent, directly,

contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

52.     ZK Software denies the allegations contained in Paragraph 52 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '700 Patent.

53.     ZK Software denies the allegations contained in Paragraph 53 and denies that Blue Spike has been damaged by any acts of ZK Software. ZK Software further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK Software from committing infringing acts.

54.     ZK Software denies the allegations contained in Paragraph 54 and denies that it infringes any valid claims of the '700 Patent, directly, contributorily, willfully, and/or by inducement.

55.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, therefore, denies them.

**COUNT FOUR**
**INFRINGEMENT OF U.S. PATENT NO. 7,346,472**

56.     ZK Software repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 55 above.

57.     ZK Software admits that, on its face, United States Patent No. 7,346,472 ("the '472 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and therefore denies them.

58.     ZK Software admits that, on its face, Exhibit D appears to be a copy of United States Patent No. 7,346,472 ("the '472 patent"), issued on March 18, 2008. ZK Software lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58, and therefore denies them.

59.     ZK Software denies the allegations contained in Paragraph 59, denies that it has infringed and continues to infringe one or more valid claims of the '472 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

60.     ZK Software denies the allegations contained in Paragraph 60 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '472 Patent.

61.     ZK Software denies the allegations contained in Paragraph 61 and denies that Blue Spike has been damaged by any acts of ZK Software. ZK Software further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK Software from committing infringing acts.

62.     ZK Software denies the allegations contained in Paragraph 62 and denies that it infringes any valid claims of the '472 Patent, directly, contributorily, willfully, and/or by inducement.

63.     ZK Software lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and, therefore, denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

ZK Software incorporates herein by reference its answers to Paragraphs 1 through 63 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief or judgment against ZK Software.

## DEMAND FOR JURY TRIAL

ZK Software admits that Plaintiff has demanded a trial by jury of this action.

## AFFIRMATIVE DEFENSES

ZK Software asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under applicable law.  ZK Software reserves the right to amend its Answer to add additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

64.     Blue Spike's Complaint fails to state a claim upon which relief can be granted, and/or fails to plead the required allegations with sufficient particularity.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction and Improper Venue)

65.     Blue Spike does not and cannot establish that sufficient grounds exist for this Court to exercise personal jurisdiction and/or venue over ZK Software in this District with regard to its asserted claims.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

66.     ZK Software has not infringed and does not infringe, directly, indirectly (such as by inducement or contributory infringement), or in any other manner, any valid and enforceable claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit") either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

67.     Each of the asserted claims of the patents-in-suit are invalid and/or unenforceable for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including, but not limited to § 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

68.     Blue Spike's claims for relief are barred in whole or in part by equitable doctrines, including without limitation, laches, waiver, unclean hands, acquiescence, and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Limited Damages)

69.     Blue Spike's claim and demand for past damages against ZK Software for alleged infringement of the Patents-in-Suit is barred and/or limited by 35 U.S.C. §§ 286, 287, 288 and/or 28 U.S.C. § 1498.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

70.     Plaintiff's claims for patent infringement are barred against ZK Software under the doctrine of prosecution history estoppel.

## COUNTERCLAIMS

**Defendant ZK Software alleges these counterclaims against Blue Spike, LLC, as follows:**

### PARTIES

1.     Counterclaim-Plaintiff ZK Software is a private corporation organized and existing under the laws of China, with its principal place of business at Wuhe Road, Gangtou, Bantian, Buji Town, Longgang District, Shenzhen China.

2.     Upon information and belief, Counterclaim-Defendant Blue Spike, LLC is a limited liability company organized and existing under the laws of the State of Texas.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these Counterclaims pursuant to the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

4.      By filing its Original Complaint, Blue Spike has consented to personal jurisdiction in the Eastern District of Texas.

5.      By filing its Original Complaint, Blue Spike has consented to venue in the Eastern District of Texas.  ZK Software, through filing of these Counterclaims, specifically reserves and does not waive its contention that personal jurisdiction and venue for Blue Spike's Original Complaint are not proper pursuant to 28 U.S.C. §§ 1391 and 1404.

## COUNT I - DECLARATORY JUDGMENT OF INVALIDITY
## OF THE '472 PATENT

6.      ZK Software repeats and incorporates by reference its allegations contained in Paragraphs 1 though 5 above.

7.      The '472 Patent fails to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

8.      Blue Spike has asserted that ZK Software infringes the '472 Patent.  An actual case or controversy exists between ZK Software and Blue Spike as to whether the '472 Patent is invalid.

9.      A judicial declaration is necessary and appropriate so that ZK Software may ascertain whether the '472 Patent is invalid.

## COUNT II - DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE '472 PATENT

10.      ZK Software repeats and incorporates by reference its allegations contained in Paragraphs 1 though 9 above.

11.     ZK Software does not and has not infringed any valid claim of the '472 Patent, directly, contributorily, and/or by inducement.

12.     Blue Spike has asserted that ZK Software infringes the '472 Patent.  An actual case or controversy exists between ZK Software and Blue Spike as to whether ZK Software infringes the '472 Patent.

13.     A judicial declaration is necessary and appropriate so that ZK Software may ascertain its rights with respect to the '472 Patent.

## COUNT III - DECLARATORY JUDGMENT OF INVALIDITY
## OF THE '700 PATENT

14.     ZK Software repeats and incorporates by reference its allegations contained in Paragraphs 1 though 13 above.

15.     The '700 Patent fails to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

16.     Blue Spike has asserted that ZK Software infringes the '700 Patent.  An actual case or controversy exists between ZK Software and Blue Spike as to whether the '700 Patent is invalid.

17.     A judicial declaration is necessary and appropriate so that ZK Software may ascertain whether the '700 Patent is invalid.

## COUNT IV - DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE '700 PATENT

18.     ZK Software repeats and incorporates by reference its allegations contained in Paragraphs 1 though 17 above.

19.     ZK Software does not and has not infringed any valid claim of the '700 Patent, directly, contributorily, and/or by inducement.

20.     Blue Spike has asserted that ZK Software infringes the '700 Patent.  An actual case or controversy exists between ZK Software and Blue Spike as to whether ZK Software infringes the '700 Patent.

21.     A judicial declaration is necessary and appropriate so that ZK Software may ascertain its rights with respect to the '700 Patent.

### COUNT V - DECLARATORY JUDGMENT OF INVALIDITY OF THE '494 PATENT

22.     ZK Software repeats and incorporates by reference its allegations contained in Paragraphs 1 though 21 above.

23.     The '494 Patent fails to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

24.     Blue Spike has asserted that ZK Software infringes the '494 Patent.  An actual case or controversy exists between ZK Software and Blue Spike as to whether the '494 Patent is invalid.

25.     A judicial declaration is necessary and appropriate so that ZK Software may ascertain whether the '494 Patent is invalid.

### COUNT VI - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '494 PATENT

26.     ZK Software repeats and incorporates by reference its allegations contained in Paragraphs 1 though 25 above.

27.     ZK Software does not and has not infringed any valid claim of the '494 Patent, directly, contributorily, and/or by inducement.

28.     Blue Spike has asserted that ZK Software infringes the '494 Patent.  An actual case or controversy exists between ZK Software and Blue Spike as to whether ZK Software infringes the '494 Patent.

29.     A judicial declaration is necessary and appropriate so that ZK Software may ascertain its rights with respect to the '494 Patent.

## COUNT VII - DECLARATORY JUDGMENT OF INVALIDITY
## OF THE '175 PATENT

30.     ZK Software repeats and incorporates by reference its allegations contained in Paragraphs 1 though 29 above.

31.     The '175 Patent fails to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

32.     Blue Spike has asserted that ZK Software infringes the '175 Patent.  An actual case or controversy exists between ZK Software and Blue Spike as to whether the '175 Patent is invalid.

33.     A judicial declaration is necessary and appropriate so that ZK Software may ascertain whether the '175 Patent is invalid.

## COUNT VIII - DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE '175 PATENT

34.     ZK Software repeats and incorporates by reference its allegations contained in Paragraphs 1 though 33 above.

35.     ZK Software does not and has not infringed any valid claim of the '175 Patent, directly, contributorily, and/or by inducement.

36.     Blue Spike has asserted that ZK Software infringes the '175 Patent.  An actual case or controversy exists between ZK Software and Blue Spike as to whether ZK Software infringes the '175 Patent.

37.     A judicial declaration is necessary and appropriate so that ZK Software may ascertain its rights with respect to the '175 Patent.

**EXCEPTIONAL CASE**

38.     On information and belief, this case is exceptional and ZK Software is entitled to an award of its attorneys fees related to defending against Blue Spike's assertion of infringement claims against ZK Software because Blue Spike's has or should have knowledge that ZK Software does not infringe any valid claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid.

**PRAYER FOR RELIEF**

39.     ZK Software incorporates each of the allegations in its Counterclaims, Paragraphs 1-38 above, and respectfully requests that this Court enter judgment in its favor and grant the following relief:

    a.      Enter and order and judgment dismissing Blue Spike's Original Complaint against ZK Software with prejudice;

    b.      Enter a declaration that ZK Software does not and has not infringed any of the Patents-in-Suit directly, contributorily, and/or by inducement;

    c.      Enter a declaration that the Patents-in-Suit are invalid;

    d.      Enter a declaration that this case is exceptional and award ZK Software reasonable costs and expenses of litigation, including attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

    e.      Grant such other and further relief that the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

40.     Pursuant to Fed. R. Civ. P. 38(b), Counterclaim-Plaintiff ZK Software hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| Dated:  January 9, 2013 | Respectfully submitted,<br><br><br> /s/  Robert F. Kramer<br>Robert F. Kramer<br>CA State Bar No. 181706<br>SNR DENTON US LLP<br>1530 Page Mill Road, Suite 200<br>Palo Alto, CA 94304<br>Telephone:  (650) 798-0356<br>Facsimile:  (650) 798-0310<br>robert.kramer@snrdenton.com<br><br>ATTORNEYS FOR DEFENDANT<br>ZK SOFTWARE, INC. |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail this 9th day of January, 2013.

 /s/ Robert F. Kramer
 Robert F. Kramer