IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:12-CV-499 LED |
| | § | |
| v. | § | (LEAD CASE) |
| | § | |
| TEXAS INSTRUMENTS, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |
| BLUE SPIKE, LLC | § | Civil Action No. 6:12-CV-647 LED |
| | § | |
| Plaintiff, | § | (CONSOLIDATED WITH 6:12-CV-499) |
| | § | |
| v. | § | **DEFENDANT INNOVATRICS** |
| | § | **S.R.O's MOTION TO DISMISS** |
| INNOVATRICS S.R.O.; SWIFT | § | **UNDER FRCP 12(b)(6), TO** |
| BIOMETRICS, INC. | § | **DISMISS OR QUASH UNDER** |
| | § | **FRCP 12(b)(5) AND 12(b)(2),** |
| Defendants. | § | **AND ITS REQUEST FOR** |
| | § | **JUDICIAL NOTICE** |

## <u>TABLE OF CONTENTS</u>

**Page Numbers**

I.   NOTICE OF MOTION, MOTION, AND GROUNDS FOR MOTION.............1

II.  REQUEST FOR JUDICIAL NOTICE.................................................1

III. INTRODUCTION/SUMMARY OF ARGUMENT....................................2

IV. BACKGROUND FACTS...................................................................4

    A.  Facts Re: Fatal Flaws of Pleading/Predicate Acts of Alleged Infringement...4-6

    B.  Facts Re: Improper Service of Process...................................6

V.  LEGAL STANDARD......................................................................5

    A.  Legal Standard Under Federal Rule of Civil Procedure 12(b)(6)...............7-8

        1.   Elements Required for Claims of Direct Infringement....................8

        2.   Elements Required for Claims of Contributory Patent Infringement...8

        3.   Elements Required for Claims of Willful Patent Infringement...........9

    B.  Legal Standard Under Federal Rule of Civil Procedure 12(b)(5)................10

        1.   Standard for Determining Applicability of the Hague Convention...9-10

        2.   Texas Law Re: Entities "Doing Business In Texas".......................10

VI. ARGUMENT

    A.  Blue Spike's Complaint Fails to State A Claim Against Innovatrics Alone.10-11

    B.  Blue Spike's Failure to Allege Direct Infringement by Innovatrics, Along
       with its Failure to Allege Knowledge of the Patent Prior to Filing Suit is
       Fatal to Jurisdiction and to Service of Process.................................11-13

    C.  Blue Spike's Allegations of Contributory Infringement Are Deficient..........13

    D.  Blue Spike's Allegations of Willful Infringement Are Deficient..................13

**E. Blue Spike's Attempted Service of Process Was Invalid;**
   **It Didn't Comply with the Hague Convention Re: Service of Process,**
   **and Therefore This Court Cannot Exercise of**
   **Personal Jurisdiction Over Innovatrics..............................................14-15**

**VII.   CONCLUSION..............................................................................15**

## <u>TABLE OF AUTHORITIES</u>

**Page Numbers**

### Federal Cases

*Adjustacam, LLC v. Amazon.com, Inc.*, No. 6:11cv329,

slip op at 5-6 (E.D. Tex. Mar. 31, 2011)………………………………………………………13

*Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012)…….12

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)…………………………………………………..8

*ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009)……14, 15

*BMC Res., Inc. v. Paymentech, L.P.,* 498 F.3d 1372, 1381 (Fed. Cir. 2007)…………………..12

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, 682 F.3d 1003 (Fed. Cir. 2012)…9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)………………………………………….8,11

*Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, Case No. 6:09-CV-481 LED,

2010 WL 3155888 (E.D. Tex. Mar. 29, 2010)………………………………………………8,13

*Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09cv446,

slip op at 5 (E.D. Tex. May 6, 2010)……………………………………………………………13

*Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)……………9

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 324 (5th Cir.1996)………….………11

*Global Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2067-8 (2011)……………………12

*Growden v. Ed. Bowlin & Assoc., Inc.*, 733 F.2d 1149, 1151-52 (5th Cir. 1984)……………..11

*Inmotion Imagery Technologies v. Brain Damage Films*,

Case No. 2:11-CV-414 (JRG), 2012 WL 3283371, *2 (Aug. 10, 2012)…………………...8,9

*In re Bill of Lading Transmission and Processing System Patent Litigation*,

681 F.3d 1323, 1331 (Fed. Cir. 2012)……………………………………………………8

*In re Seagate Technology*, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007)………………………9

*Jones v. Bock*, 549 U.S. 199, 215 (2007)…………………………………………………7-8

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007)…………………8

*Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)…………………9

*Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017 (S.D. Tex., June 12, 2009)…………9

*Nuovo Pignone SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002)……………………14

*Parallel Networks LLC v. AEO, Inc.*, No. 6:20-cv-275,

Slip op. at 4 (E.D. Tex. Feb. 10, 2011)……………………………………………………13

*Raburn v. Dae Woo, Inc.*, No. 3:09-CV-1172-G, 2010 WL 743933 (N.D. Tex. Mar. 3, 2010)..9

*Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010)………………………8

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988)…………………9

**Federal Statutes**

35 U.S.C. § 271(c)………………………………………………………………………12

**Federal Rules**

Federal Rule of Civil Procedure 11………………………………………………………11

Federal Rule of Civil Procedure 12(b)(2)…………………………………………………1

Federal Rule of Civil Procedure 12(b)(5)………………………………………………..1

Federal Rule of Civil Procedure 12(b)(6)…………………………………………………1

Federal Rule of Civil Procedure 84……………………………………………………………8

Federal Rule of Evidence 201(b)(2)……………………………………………………………1

## Texas Statutes

Texas Civil Practice and Remedies Code § 17.042 (2) (Vernon Supp. 2002)…..……………10

Texas Civil Practice and Remedies Code § 17.044 (b) (Vernon Supp. 2002)…..……………10

Texas Civil Practice and Remedies Code § 17.045 (a), (d) (Vernon Supp. 2002)………….7, 10

## I.        NOTICE OF MOTION, MOTION, AND GROUNDS FOR MOTION

Defendant Innovatrics S.R.O. ("Innovatrics") hereby gives notice of its motion, and hereby moves the Court, for an order dismissing the Complaint filed by Plaintiff Blue Spike, LLC ("Blue Spike") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim of direct, contributory, or willful infringement against Defendant Innovatrics, for an order dismissing the Complaint or quashing Blue Spike's attempt to serve process on Defendant Innovatrics under Federal Rule 12(b)(5), and for an order dismissing this case for lack of personal jurisdiction over Defendant Innovatrics under Federal Rule 12(b)(2).

The grounds for Defendant Innovatrics' motion are (1) Blue Spike's Complaint fails to state a claim upon which relief can be granted for either direct, contributory, willful, or inducement of patent infringement against Defendant Innovatrics, (2) Blue Spike's attempt to serve process on Defendant Innovatrics, a Slovakian company, by serving the Texas Secretary of State does not comply with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention Re: Service of Process" or "Convention"), (3) Blue Spike's invalid service of process compels the conclusion that this Court has no personal jurisdiction over Defendant Innovatrics.[1]

## II.       REQUEST FOR JUDICIAL NOTICE

Defendant Innovatrics hereby requests that this Court take judicial notice of the text of the Hague Convention Re: Service of Process (specifically, Article 10(a)), the fact that the United States and the Slovak Republic are both signatories to this Convention, and that the Slovak Republic expressly objected to Article 10(a), which relates to service of process through "postal channels," when it acceded to the Convention.  The foregoing facts are subject to judicial notice because they can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.  *See* Fed.R.Evid. 201 (b)(2).

---

[1] Defendant Innovatrics submits the instant motion is suitable for disposition without oral argument and does not request a hearing on the motion.

1

III.     INTRODUCTION/SUMMARY OF ARGUMENT

Plaintiff Blue Spike's Complaint fails to state a claim of either direct, contributory, willful, or inducement of patent infringement against Defendant Innovatrics, and the method it used to serve process on Innovatrics does not comply with the Hague Convention Re: Service of Process.  Therefore, Blue Spike's Complaint against Innovatrics should be dismissed.

Blue Spike's Complaint alleges that "Defendant," defined as Innovatrics *and* Swift Biometrics, Inc. ("Swift Biometrics") *collectively*, has infringed the patents-in-suit *either* through direct infringement, active inducement of infringement, *or* contributory infringement. Later, it asserts this same collective "Defendant" has willfully infringed the patents-in-suit. Blue Spike's definition of "Defendant" to include both Defendant Innovatrics *and* Defendant Swift Biometric is problematic in that these are separate and independent companies, and the Complaint states no facts, nor supplies any legal theory, as to why these two separate companies should be treated as a single entity or alter egos of each other, nor why Innovatrics should be made to answer, much less be held liable for, the acts and products of Swift Biometric.  As presently drafted, Blue Spike's Complaint does not state claims against Defendant Innovatrics alone; rather, it seeks to state claims against a collective "Defendant" comprised of both Innovatrics *and* Swift Biometrics without supplying any facts or legal theory that would support proceeding in this manner.  Blue Spike's Complaint should be dismissed on this ground alone because every one of the theories of liability—direct infringement, active inducement of infringement, and contributory infringement is alleged against this collective "Defendant."  But there are also additional grounds for dismissal of this deficient Complaint.

Blue Spike's allegations of contributory infringement are also defective.  In addition to the ambiguities created by its identification of two separate companies as a single "Defendant," Plaintiff Blue Spike's Complaint also fails to identify which claims of the patents-in-suit are allegedly being indirectly infringed by this "Defendant," which methods or systems of this "Defendant" allegedly indirectly infringe the patents-in-suit, the actual direct infringer whose infringement this "Defendant" allegedly contributes (over and above a generic "end user"), and

2

the material or component that is allegedly sold by this "Defendant" that has no substantial non-infringing use.  Since Plaintiff Blue Spike's Complaint fails to make, or sufficiently make, any of these necessary identifications, its Complaint should be dismissed.

Blue Spike's allegations of willful patent infringement are also insufficient.  In its Complaint, Blue Spike dutifully recites the elements of a claim for willful patent infringement (albeit against a "Defendant" comprised of two separate entities), it does not plead any actual facts supporting these elements, nor does its Complaint demonstrate a good faith basis for even asserting willful infringement against "Defendant."  This claim should be dismissed as well.

Finally—and perhaps this should have been argued first because Innovatrics is entitled to dismissal as a matter of right under this theory alone —Blue Spike's attempt to serve the Summons and Complaint on Innovatrics via the Texas Secretary of State under Texas law is invalid because this manner/method of service of process does not comply with the Hague Convention Re: Service of Process.  Innovatrics is a Slovakian entity.  Blue Spike is a U.S. entity.  The Slovak Republic and the U.S. are both parties to the Convention.  When the Slovak Republic acceded to the Convention, it availed itself of the right to "object" to certain forms of service of process, including transmitting the Summons and Complaint to Slovak entities "through postal channels."  This is exactly how Blue Spike attempted to serve the Summons and Complaint in this case; it served the Texas Secretary of State, who then sent these documents directly to Defendant Innovatrics in Slovakia through postal channels.  Accordingly, under long-established rules of international/treaty law, Constitutional law (*i.e.*, the Supremacy Clause), and controlling Fifth Circuit case law (which was supplied to counsel for Blue Spike during the meet and confer process) service of process in this manner on a foreign defendant is invalid, the Complaint should be dismissed or, at the very least, the attempted service quashed. And since service of process was invalid, this Court has not acquired personal jurisdiction over Innovatrics, thus compelling the conclusion that the Complaint should be dismissed for lack of personal jurisdiction over Defendant Innovatrics.

IV.     **BACKGROUND FACTS**

Defendant Innovatrics submits the following facts in support of its motion:

**A.  Facts Re: Fatal Flaws of Pleading/Predicate Acts of Alleged Infringement**

Defendant Innovatrics is a Slovakian limited liability corporation with its principal place of business in the Slovak Republic (*See* D.E. 1 in Civil Action 6:12-CV-647, ¶3). Defendant Swift Biometric is a Texas corporation with its principal place of business in San Antonio.  (See D.E. 1 in Civil Action 6:12-CV-647, ¶4).  There is no alter ego allegation in the Complaint, nor any allegations or statements of alleged fact that would support a finding that these two companies should be treated as a single entity, or that Defendant Innovatrics should be held liable for the acts and products of Swift Biometrics.  (*See* D.E. 1 in Civil Action 6:12-CV-647, ¶¶1-63).  And the allegations of direct, contributory, willful, and inducement of infringement in the Complaint are all made against this collective "Defendant," comprised of Innovatrics and Swift Biometrics.  (*Id*. at ¶¶ 28, 36, 43, 44, 51, 52, 59 and 60).  Thus, there is not a single claim or cause of action in Blue Spike's Complaint that is directed to Defendant Innovatrics alone, as presently stated.  (*Id*. at ¶¶1-63).

In its Complaint, Blue Spike asserts that, for the purposes of indirect infringement, the direct infringers of the patents-in-suit are "the *end users* of the Accused Products."  (D.E. 1 in Civil Action 6:12-CV-647, ¶¶ 28, 36, 43, 44, 51, 52, 59 and 60).  But nowhere in the Complaint is there any allegation that any of these "end users" are infringing within the state of Texas.  .  (*Id*. at ¶¶1-63).

With respect to its claims of contributory patent infringement, Blue Spike's Complaint alleges that "Defendant," again, defined "collectively" as Swift Biometrics *and* Innovatrics:

> has been and now is…contributing to the infringement by others of the [patents-in-suit] in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things…making, using, importing, offering for sale, and/or selling, without license or authority, products *for use in [unidentified] <u>systems</u> that fall within the scope of <u>one or more claims</u> of the [patents-in-suit]*.  Such products include, without limitation, <u>*one or more of the Accused Products*</u>.

(*See* D.E. 1 in Civil Action 6:12-CV-647, ¶¶36, 44, 52, and 60).  There is no indication in the Complaint to let us know which products are allegedly directly infringing products, which particular claims of the patents-in-suit are being allegedly directly or indirectly infringed, which particular systems these allegedly infringing products are being incorporated into, and no facts from which the Court may infer that which of these products allegedly have no substantial non-infringing uses or which are in the case on a theory of active inducement of infringement. (*Id.*).

Blue Spike's claims of willful patent infringement are based upon the threadbare allegations that "on information and belief:"

> Defendant [again, defined "collectively" as Innovatrics and Swift Biometrics] has continued to infringe [the patents-in-suit] since receiving notice of their infringement, at least by way of receiving notice of this lawsuit.  [And that o]n information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk."

(*See* D.E. 1 in Civil Action 6:12-CV-647, ¶¶36, 44, 52, and 60).  No facts are stated to support the allegations that there was an objectively high likelihood that Defendant's actions constituted infringement of a valid patent, or that Defendant knew or should have known of this allegedly high risk of infringement, or that allegedly "continued infringement" is "objectively reckless."  (*Id.* at ¶¶1-63).  Given this, there does not appear to even be a good faith basis for asserting willful infringement against Innovatrics.

Finally, with respect to service of process, personal jurisdiction, and use of the Texas Secretary of State to effect substitute service on Defendant Innovatrics, Blue Spike makes the conclusory allegation that Innovatrics "…does business in the State of Texas and in the Eastern District of Texas" (*see* D.E. 1 in Civil Action 6:12-CV-647, ¶3), but there are no actual facts stated in the Complaint that would support this bald accusation with respect to Defendant Innovatrics.  In its Complaint, Blue Spike alleges the infringing activity in question is that "Defendant [again, defined as both Innovatrics *and* Swift Biometrics] makes, uses, offers for

sale and/or imports *into the U.S.* products, systems and/or services...," but this cannot be reasonably construed as an allegation that these allegedly infringing activities are taking place in the state of Texas, or the Eastern District of Texas for that matter.  (*See* D.E. 1 in Civil Action 6:12-CV-647, ¶28).  Moreover, in the personal jurisdiction section of the Complaint, Blue Spike alleges that it has personal jurisdiction over "Defendant" because:

> (1) Defendant has designated an agent for service of process in the State of Texas; (2) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (3) Defendant regularly does business or solicits business in the District and in Texas; (4) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (5) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here. Thus, the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

(D.E. ).  However, it is reasonable to infer that each of these allegations relate to Defendant Swift Biometrics – a Texas corporation with its principal place of business in San Antonio, Texas – not Defendant Innovatrics, which is located in the Slovak Republic.

**B.  Facts Re: Improper Service of Process**

Defendant Innovatrics is a Slovakian limited liability corporation with its principal place of business in the Slovak Republic.  (*See* D.E. 1 in Civil Action 6:12-CV-647, ¶¶3).  Blue Spike is a Texas limited liability company with its headquarters and principal place of business in the United States.  (*Id.*, ¶2).  The Slovak Republic and the United States are both signatories to the Hague Convention Re: Service of Process.  (*See* Hague Conference on International Law, Status Table, available at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited on January 2, 2013)).

Article 10 of the Convention expressly states "[p]rovided the State of destination does not object, the present Convention shall not interfere with….(a) the freedom to send judicial documents, by postal channels, directly to persons abroad…"  (*Id.*, Full Text of Convention, available at http://www.hcch.net/index_en.php?act=conventions.text&cid=17 (last visited

January 2, 2013) (emphasis added)).  However, when the Slovak Republic declared itself bound by the Convention, it included the reservations and declarations of made by Czechoslovakia, including the following reservation/objection to Article 10 of Convention – "in accordance with Article 10 of the Convention…*judicial documents may not be served by another Contracting State through postal channels*…"  (*Id*., Type [of Accession], available at http://www.hcch.net/index_en.php?act=status.comment&csid=419&disp=type).  Thus, when it acceded to the Convention, the Slovak Republic availed itself of the right to object to certain forms of service of process – here, attempts to serve process by directly sending the Summons and Complaint to a defendant in the Slovak Republic "through postal channels."

The Proof of Service filed by Plaintiff Blue Spike indicates that it attempted to serve the Summons and Complaint on Defendant Innovatrics by first serving a copy of these documents on Helen Lupercio, an individual who has no connection with Innovatrics, but is designated by law as the registered agent for service of process for the Texas Secretary of State.  (*See* D.E. 63 in Civil Action 6:12-CV-499, p. 2).  Under Texas law, when this manner of service is requested, the Texas Secretary of State must then send the Summons and Complaint directly to the foreign defendant via registered U.S. mail.  *See* Tex. Civ. Prac. & Rem. Cod § 17.045 (a), (d) (Vernon Supp. 2002).  Although Texas law does provide that a company can be deemed to be "doing business" in Texas if it, in whole or in part, commits a tort in the State of Texas, as to Defendant Innovatrics, Blue Spike's Complaint does not properly allege that Innovatrics has commited any tortious act, in whole or in part, in the state of Texas, much less the Eastern District of Texas, and therefore the deficiencies in pleading compound the improper nature of the service.

## V.   **LEGAL STANDARD**

Defendant Innovatrics submits the following legal standards apply to the instant motion:

### A.  **Legal Standard Under Federal Rule of Civil Procedure 12(b)(6)**

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal.  *See Jones v. Bock*, 549

U.S. 199, 215 (2007).  A "patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  The United States Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A pleading that offers…'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) (citing *Twombly*, 550 U.S. at 555).

### 1.  Elements Required for Claims of Direct Infringement

Courts in this District have held that the question of whether a complaint adequately pleads a cause of action for direct patent infringement is to be measured by the specificity required by Form 18.  *See Inmotion Imagery Technologies v. Brain Damage Films*, Case No. 2:11-CV-414 (JRG), 2012 WL 3283371, *2 (Aug. 10, 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012); Fed.R.Civ.P. 84 ("The forms in the Appendix suffice under these rules…."))  This same Court noted that the Federal Circuit has recently reiterated that one of the requirements of Form 18 is a statement that the "defendant" in question has been directly infringing the patent. *Id*. at *3, citing *Bill of Lading*, 681 F.3d at 1334.

### 2.  Elements Required for Claims of Contributory Patent Infringement

To state a viable claim for contributory patent infringement, this District requires plaintiffs to identify (1) which patent claims are allegedly infringed indirectly, (2) which methods or systems indirectly infringe, and (3) the direct infringer to whose infringement the defendant supposedly contributes.  *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010); *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010).  Also, the plaintiff must (4) identify the material or component that is sold by the defendant for use in a patented process or system and plead sufficient facts supporting an inference that the material or components have no substantial non-infringing uses.  *Id.*

### 3.   Elements Required for Claims of Willful Patent Infringement

To establish a claim for willful patent infringement, a plaintiff must demonstrate either direct, or indirect, infringement, as well as the following elements (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk." *See Inmotion Imagery Technologies v. Brain Damage Films*, Case No. 2:11-CV-414 (JRG), 2012 WL 3283371, *2 (Aug. 10, 2012) (citing *In re Seagate Technology*, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007); *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, 682 F.3d 1003 (Fed. Cir. 2012).  At the pleading stage, the plaintiff must establish a good faith basis for alleging willful infringement.  *Id.*, citing *Seagate*, 497 F.3d 1374.

### B.   Legal Standard Under Federal Rule of Civil Procedure 12(b)(5)

Finally, "as with a challenge to jurisdiction, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity."  *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).  A district court faced with a Rule 12(b)(5) motion has the discretion to either dismiss the action or simply quash service. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985); see also *Raburn v. Dae Woo, Inc.*, No. 3:09-CV-1172-G, 2010 WL 743933, at *4 (N.D. Tex. Mar. 3, 2010) (citing *Montalbano* for this rule); *Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017, at *4 (S.D. Tex., June 12, 2009) (same).

### 1.   Standard for Determining Applicability of the Hague Convention

To determine whether the Hague Convention applies to Plaintiff's method of serving Defendant, this Court must look to the internal law of Texas.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988).  If Texas law defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Convention applies.  *Volkswagenwerk*, 486 U.S. at 700.  The Hague Convention pre-empts inconsistent methods of service of process provided for under state  law.  *Id.* at 699.

### 2.   Texas Law Re: Entities "Doing Business In Texas"

The Texas Civil Practice and Remedies Code provides that the Texas Secretary of State is an agent for service of process on a nonresident who engages in business in this state.  See Tex. Civ. Prac. & Rem. Code §17.044(b).  A nonresident is said to have "engaged in business" in Texas if it "commits a tort in whole or in part in [Texas]..."  *Id*. at § 17.042(2).  Properly read, this statute allows the Texas Secretary of State to serve as a foreign defendant's agent for service of process *provided that* he forwards the documents to the defendant via registered mail.  *See* Tex. Civ. Prac. & Rem. Code §17.045(a), (d) (Vernon Supp. 2002).  However, the provision regarding service of process in tort cases does not eliminate Plaintiff's obligation to comply with the Hague Convention in this case.

## VI.    ARGUMENT

Defendant Innovatrics submits the following arguments in support of its motion:

### A.    Blue Spike's Complaint Fails to State A Claim Against Innovatrics Alone

Blue Spike's Complaint should be dismissed because, as presently drafted, the Complaint seeks to allege causes of action for direct, contributory, willful, and inducement of patent infringement against a collective "Defendant" comprised of two separate companies – Defendant Innovatrics and Defendant Swift Biometrics – but fails to state any facts, or supply any legal rationale, as to why Defendant Innovatrics should be held liable for the acts and products of Defendant Swift Biometrics.

Blue Spike states it is filing its Complaint "against Defendant Innovatrics s.r.o. *and* Swift Biometrics, Inc. (collectively "Defendant")."  (D.E. ).  The allegations of direct, contributory, willful, and inducement of infringement in the Complaint that are made thereafter are all made against this collective "Defendant."  (*id*. at ¶¶ 28, 36, 43, 44, 51, 52, 59 and 60).  As such, there is not a single claim or cause of action stated in Blue Spike's Complaint that is directed to Defendant Innovatrics alone, as opposed to Defendant Swift Biometrics.  (*Id*. at ¶¶1-63).  Blue Spike's Complaint does not allege an alter ego or agency relationship between Defendant Innovatrics and Defendant Swift Biometrics, nor are there any allegations or

10

statements of alleged fact that would support a finding that these two companies should be treated as a single entity, or that Defendant Innovatrics should be held liable for the acts and products of Swift Biometrics.  (*See* D.E. 1 in Civil Action 6:12-CV-647, ¶¶1-63).  Since Blue Spike cannot state a plausible claim that Innovatrics and Swift Biometrics, as alter egos or agents of the other, have collectively engaged in direct, contributory, willful, or inducement of infringement, Blue Spike's Complaint should be dismissed.  *Twombly*, 550 U.S. at 555.

### B. Blue Spike's Failure to Allege Direct Infringement by Innovatrics, Along with its Failure to Allege Knowledge of the Patent Prior to Filing Suit, is Fatal to Personal Jurisdiction and to Service of Process

It is black letter law under the Due Process Clause of the United States Constitution that, in order for this court to have jurisdiction over Innovatrics, Blue Spike has show that Innovatrics has sufficient "minimum contacts" with Texas to make it appropriate to file suit here, *see e.g.*, *Growden v. Ed. Bowlin & Assoc., Inc.*, 733 F.2d 1149, 1151-52 (5th Cir. 1984). Where a plaintiff fails to establish the existence of the requisite minimum contacts, the court need not even consider the fairness of exercising personal jurisdiction.  *Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 324 (5th Cir.1996).  Here, this Complaint is so poorly written that, even if one accepts all the facts pled in the Complaint as true, Blue Spike has not established jurisdiction over Innovatrics.  First, as explained above, Blue Spike has not specifically alleged any act of direct infringement by **Innovatrics** in Texas.  (Counsel respectfully submits that Blue Spike *can't* legitimately make the allegation that Innovatrics itself has directly infringed or is directly infringing the patents in Texas due to Fed.R.Civ.P. 11).  Instead, Blue Spike has alleged that the collective "Defendants" have infringed directly in Texas and appears to be somehow trying to hold Innovatrics liable for Swift Biometrics' actions in Texas.  As such, Blue Spike can't establish either proper jurisdiction or proper service of process on Innovatrics because there is no properly pled claim of direct infringement by Innovatrics in Texas.

Second, because jurisdiction is not based on direct infringement, any claim of jurisdiction or proper service of process must be based on the claims of indirect infringement that are raised in the Complaint.  But Blue Spike's claims of indirect infringement are even stranger and more ambiguous than its claims of direct infringement.  Like the direct infringement claims, Blue Spike's indirect infringement claims suffer from use of the collective term "Defendant" which is defined to mean Innovatrics and Swift Biometrics.  In addition, they fail to identify any direct infringers in Texas to support their claim of indirect infringements.  While Swift Biometrics is located in Texas, they don't claim that Innovatrics induced any direct infringement of the patents in Texas by Swift Biometrics.  Nor do they identify any acts by Innovatrics in Texas that led to direct infringement by anyone in Texas.  Rather, they claim that the collective "Defendants" have induced direct infringement by "end users" in the United States.  This is not sufficient to establish that Innovatrics (as opposed to Swift Biometrics) "does business" in Texas within the meaning of the Texas statute, or, even to establish personal jurisdiction over Innovatrics.

Moreover, indirect infringement requires that the defendant have knowledge of the patents and of their alleged infringement.  *See Global Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2067-8 (2011); *see also* 35 U.S.C. § 271(c), and *BMC Res., Inc. v. Paymentech, L.P.,* 498 F.3d 1372, 1381 (Fed. Cir. 2007)(Over-ruled with regards to joint infringement, a theory that is not at issue in this action, in *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012)).  The Complaint does not allege that Innovatrics knew of the patents-in-suit before the Complaint was filed, and therefore, any active inducement would have had to occur *after* Innovatrics was (improperly) served with the Complaint.  As such, Blue Spike can't base any claim of personal jurisdiction, or any claim that the Texas statute for service of process relating to the originally-filed Complaint in this action is applicable, based on its causes of action for indirect infringement.

In other words, if Blue Spike were permitted to use its indirect infringement claims to establish basis for Texas jurisdiction over Innovatrics and to establish the propriety of service

12

of process on Innovatrics through the Texas Secretary of State, then Blue Spike would effectively have created jurisdiction over Innovatrics by simply filing the Complaint and, at the same time, relying on the allegation of jurisdiction to establish that service of Complaint using the Texas Secretary of State was proper.

### C. Blue Spike's Allegations of Contributory Infringement Are Deficient

Blue Spike has made additional mistakes in pleading contributory infringement, because they need to identify which claims were indirectly infringed and the identities of the alleged direct infringers. *See Parallel Networks LLC v. AEO, Inc.*, No. 6:20-cv-275, Slip op. at 4 (E.D. Tex. Feb. 10, 2011)(dismissing indirect infringement claims because complaint failed to identify which claims were indirectly infringed); *Clear With Computers LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, 2010 WL 3155888 at *4 (E.D. Tex. Mar. 29, 2010)(dismissing plaintiff's indirect infringement claim because plaintiff failed to identify which claims were indirectly infringed, which methods or systems indirectly infringed or the identities of the alleged direct infringers).

Blue Spike's failure to adequately identify any third party direct infringer is also a fatal flaw. *See Adjustacam, LLC v. Amazon.com, Inc.*, No. 6:11cv329, slip op at 5-6 (E.D. Tex. Mar. 31, 2011)(dismissing indirect infringement claims where complaint failed to identify third party direct infringer); *Parallel Networks LLC*, slip op at 5 (same); *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09cv446, slip op at 5 (E.D. Tex. May 6, 2010).

### D. Blue Spike's Allegations of Willful Infringement Are Deficient

As to willful infringement, Blue Spike has not identified any pre-suit knowledge of the patents or any pre-suit conduct that might lead to a finding of willfulness but, instead, alleges willfulness on the speculative basis that Defendants will do something willful after the lawsuit is filed. This is improper, and any claim of willful infringement should be dismissed with prejudice. *See Parallel Networks LLC v. AEO, Inc.*, No. 6:20-cv-275, Slip op. at 6 (E.D. Tex. Feb. 10, 2011)(dismissing willfulness claim when Plaintiff did not plead facts sufficient to establish willful infringement as of the time that the Complaint was filed.)

**E.**     **Blue Spike's Attempted Service of Process Was Invalid; It Didn't Comply with the Hague Convention Re: Service of Process, and Therefore This Court Cannot Exercise of Personal Jurisdiction Over Innovatrics**

Plaintiff Blue Spike's attempt to serve process on Defendant Innovatrics *via* the Texas Secretary of State was invalid because this method of service requires the Summons and Complaint to be sent directly to Defendant Innovatrics by and through postal channels, which is in direct contravention of certain treaty obligations entered into between the Slovak Republic and the U.S. under the Hague Convention.  And as Blue Spike's purported service of process was invalid, this Court cannot exercise personal jurisdiction over Defendant Innnovatrics.

There is controlling Fifth Circuit case law confirming the foregoing analysis.  In *Nuovo Pignone SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002), the Fifth Circuit was faced with a situation where the plaintiff sued an Italian defendant in Louisiana and served the defendant by Federal Express (*i.e.*, through postal channels).  *Nuovo Pignone* at 374.  Plaintiff argued that since Article 10 of the Convention allows for "judicial documents" to be "sent" directly to a foreign defendant through postal channels, service of process through postal channels was also proper under Article 10(a) of the Convention.  *Id*. at 382.  After noting a split of authority on this issue, the Fifth Circuit "adopt[ed] the reasoning of courts that have decided that the Hague Convention does not permit service by mail" because the words "send" and "serve" are not synonymous (*id*. at 383), thus concluding that "article 10(a) does not permit parties to effect service of process on foreign defendants by mail." *Id*. at 384.  Here, the case for invalidity of service of process is even stronger because, unlike many countries, the Slovak Republic adopted an express objection to Article 10(a) which stated "…***judicial documents may not be served by another Contracting State through postal channels***…"  Thus, even if this Court were to somehow hold that the Fifth Circuit's decision was not binding upon it, this Court would still be left with an express objection by the Slovak Republic to "service" of judicial documents through postal channels.

The only case cited by counsel for Plaintiff during the meet and confer process to support the propriety of service of process – *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261

F.R.D. 112, 121 (E.D. Tex. 2009) – is completely distinguishable from the instant case.  *ATEN* involves a Taiwanese defendant.  *ATEN*, 261 F.R.D. at 121.  Taiwan is not a signatory to the Hague Convention Re: Service of Process and the U.S. and Taiwan cannot enter into treaty obligations with each other (for reasons that go beyond the scope of this motion), unlike the Republic of Slovakia, which is a signatory to the Convention.  Moreover, although counsel for Blue Spike asserted during the meet and confer process that, under Texas law, a nonresident does business "if it commits a tort in whole or in part in Texas," it conveniently overlooks the fact that – other than a conclusory allegation that "Defendant" is doing business in the state of Texas and the Eastern District of Texas," there are no allegations or facts stated in the Complaint that could reasonably be construed to apply to Innovatrics

Service is not a mere formality–the government of the Slovak Republic likely has important policy reasons that it wants to be informed through diplomatic channels every time one of its citizens or corporations is subject to the jurisdiction of the courts of the United States.  Alternatively, they may require service through the designated channels in order to ensure that the documents at issue are translated into the Slovak language so that defendants there have notice of the claims made against them in their native language.  Whatever the reason, Innovatrics requests that this Court order Blue Spike to comply with international law.

## VIII.   CONCLUSION

The Complaint is riddled with deficiencies, mistakes, and ambiguities, service of process was improper, and there is no personal jurisdiction; it should be dismissed without prejudice.  Plaintiff should rewrite the Complaint, refile, and re-serve under the Convention.

Respectfully submitted,

Dated: January 8, 2013       By:     /s/Robert C. Matz_____
Robert C. Matz (CA Bar. No. 217822)
Makman & Matz LLP
655 Mariner's Island Blvd., Suite 306
San Mateo, CA 94404
Tel. (650) 242-1560/Fax: (650) 242-1547
robert@makmanmatz.com
Attorney for Defendant Innovatrics

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 8, 2013, I electronically filed the foregoing:

**DEFENDANT INNOVATRICS S.R.O's MOTION TO DISMISS UNDER FRCP 12(b)(6), TO DISMISS OR QUASH UNDER FRCP 12(b)(5) AND 12(b)(2), AND ITS REQUEST FOR JUDICIAL NOTICE**

with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing

to all counsel of record and allow them to access the document.

Dated:  January 8, 2013

*/s/ Robert C. Matz*
_____

Robert C. Matz (CA Bar No. 217822)
Makman & Matz LLP
655 Mariner's Island Blvd., Suite 306
San Mateo, CA 94404
Tel. (650) 242-1560/Fax: (650) 242-1547
robert@makmanmatz.com

Attorney for Defendant Innovatrics

16

## <u>CERTIFICATE OF CONFERENCE</u>

Civil Local Rule 7(i) provides "[n]either the "meet and confer" nor the "certificate of conference" requirements are applicable to….the following motions:  (1) to dismiss…"  As this is a motion to dismiss, and as "quashing" the invalid service of process is simply an alternate remedy in the context of a motion to dismiss for improper service of process – not a separate motion – no meet and confer nor certificate of conference needs to be provided in connection with the instant filing.

Dated:  January 8, 2013

/s/ Robert C. Matz
_____

Robert C. Matz (CA Bar No. 217822)
Makman & Matz LLP
655 Mariner's Island Blvd., Suite 306
San Mateo, CA 94404
Tel. (650) 242-1560/Fax: (650) 242-1547
robert@makmanmatz.com

Attorney for Defendant Innovatrics