IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:12-CV-499 LED |
| | § | |
| v. | § | (LEAD CASE) |
| | § | |
| TEXAS INSTRUMENTS, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |
| BLUE SPIKE, LLC | § | Civil Action No. 6:12-CV-647 LED |
| | § | (CONSOLIDATED WITH 6:12-CV-499) |
| Plaintiff, | § | |
| | § | **[PROPOSED] ORDER GRANTING** |
| v. | § | **DEFENDANT INNOVATRICS** |
| | § | **S.R.O's MOTION TO DISMISS** |
| INNOVATRICS S.R.O.; SWIFT | § | **UNDER FRCP 12(b)(6), TO** |
| BIOMETRICS, INC. | § | **DISMISS OR QUASH UNDER** |
| | § | **FRCP 12(b)(5) AND 12(b)(2),** |
| Defendants. | § | **AND ITS REQUEST FOR** |
| | § | **JUDICIAL NOTICE** |

0

Before the Court is Defendant Innovatrics s.r.o's ("Innovatrics") Motion to Dismiss under Federal Rules 12(b)(2), 12(b)(5), and 12(b)(6) ("Motion").

Innovatrics also asks this Court to take judicial notice of the text of the Hague Convention Re: Service of Process (specifically, Article 10(a)), the fact that the United States and the Slovak Republic are both signatories to this Convention, and that the Slovak Republic expressly objected to Article 10(a), which relates to service of process through "postal channels," when it acceded to the Convention.  The foregoing facts are subject to judicial notice because they can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.  *See* Fed.R.Evid. 201 (b)(2).  Accordingly, the Court GRANTS Innovatrics' Request for Judicial Notice.

By and through its Motion, Innovatrics seeks an order dismissing the Complaint filed by Plaintiff Blue Spike, LLC ("Blue Spike") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim of direct, contributory, or willful infringement against Defendant Innovatrics, for an order dismissing the Complaint or quashing Blue Spike's attempt to serve process on Defendant Innovatrics under Federal Rule 12(b)(5), and for an order dismissing this case for lack of personal jurisdiction over Defendant Innovatrics under Federal Rule 12(b)(2).  For the reasons set forth below, the Court hereby GRANTS Innovatrics' Motion.

I.     **Blue Spike's Attempted Service of Process Was Invalid; This Court Cannot Exercise Personal Jurisdiction Over Innovatrics**

Defendant Innovatrics is a Slovakian limited liability corporation with its principal place of business in the Slovak Republic.  (*See* D.E. 1 in Civil Action 6:12-CV-647, ¶¶3).  Blue Spike is a Texas limited liability company with its headquarters and principal place of business in the United States.  (*Id.*, ¶2).  The Slovak Republic and the United States are both signatories to the Hague Convention Re: Service of Process.  (*See* Hague Conference on International Law,

Status Table, available at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited on January 2, 2013)).

Article 10 of the Convention expressly states "[p]rovided the State of destination does not object, the present Convention shall not interfere with….(a) the freedom to send judicial documents, by postal channels, directly to persons abroad…"  (*Id*., Full Text of Convention, available at http://www.hcch.net/index_en.php?act=conventions.text&cid=17 (last visited January 2, 2013) (emphasis added)).  However, when the Slovak Republic declared itself bound by the Convention, it included the reservations and declarations of made by Czechoslovakia, including the following reservation/objection to Article 10 of Convention – "in accordance with Article 10 of the Convention…*judicial documents may not be served by another Contracting State through postal channels*…"  (*Id*., Type [of Accession], available at http://www.hcch.net/index_en.php?act=status.comment&csid=419&disp=type).  Thus, when it acceded to the Convention, the Slovak Republic availed itself of the right to object to certain forms of service of process – here, attempts to serve process by directly sending the Summons and Complaint to a defendant in the Slovak Republic "through postal channels."

The Proof of Service filed by Plaintiff Blue Spike indicates that it attempted to serve the Summons and Complaint on Defendant Innovatrics by first serving a copy of these documents on Helen Lupercio, an individual who has no connection with Innovatrics, but is designated by law as the registered agent for service of process for the Texas Secretary of State.  (*See* D.E. 63 in Civil Action 6:12-CV-499, p. 2).  Under Texas law, when this manner of service is requested, the Texas Secretary of State must then send the Summons and Complaint directly to the foreign defendant via registered U.S. mail.  *See* Tex. Civ. Prac. & Rem. Cod § 17.045 (a), (d) (Vernon Supp. 2002).  Although Texas law does provide that a company can be deemed to be "doing business" in Texas if it, in whole or in part, commits a tort in the State of Texas, as to Defendant Innovatrics, Blue Spike's Complaint does not properly allege that Innovatrics has commited any tortious act, in whole or in part, in the state of Texas, much less the Eastern

District of Texas, and therefore the deficiencies in pleading compound the improper nature of the service.

ACCORDINGLY, the Court hereby GRANTS Innovatrics motion to dismiss for invalid service as it did not comply with the Hague Convention Re: Service of Process.  And as service of process was invalid, this Court cannot exercise personal jurisdiction over Defendant Innovatrics.  WHEREFORE, premises considered, the Court hereby DISMISSES, WITHOUT PREJUDICE, the Complaint filed by Plaintiff Blue Spike against Defendant Innovatrics.

To properly institute an action against Defendant Innovatrics, Plaintiff Blue Spike needs to rewrite the Complaint and address the deficiencies identified in Innovatrics' Motion, refile it, and then re-serve Defendant Innovatrics in accordance with the Hague Convention Re: Service of Process.

IT IS SO ORDERED: