UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>    *Defendant.* | Civil Action No. 6:12-cv-499-LED<br><br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| BLUE SPIKE, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>NEC CORPORATION OF AMERICA, ET AL,<br><br>    *Defendant.* | Civil Action No. 6:12-cv-690-LED<br><br>(CONSOLIDATED WITH 6:12-CV-499)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS NEC CORPORATION OF AMERICA AND NEC CORPORATION'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
<u>BLUE SPIKE LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendants NEC Corporation of America and NEC Corporation (collectively, "NEC") hereby file this Answer and Affirmative Defenses to Plaintiff Blue Spike, LLC's ("Blue Spike") Original Complaint for Patent Infringement as follows:

**NATURE OF THE ACTION**

1.    NEC admits that the Complaint includes a claim of patent infringement that allegedly arises under the patent laws of Title 35 of the United States Code.

**THE PARTIES**

2.    NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. NEC admits to the allegations contained within paragraph 3.

4. NEC admits that NEC Corporation is a Japanese corporation, having its principal place of business at 7-1, Shiba 5-chome, Minato-ku, Tokyo 108-8001, Japan.  NEC admits that it does business in the State of Texas and in the Eastern District of Texas.  Except as expressly admitted herein, NEC denies the remaining allegations within paragraph 4.

## JURISDICTION AND VENUE

5. NEC admits that the Complaint includes a claim of patent infringement allegedly arising under the laws of the United States, 35 U.S.C. § 101 *et seq*.  NEC admits that this Court has subject matter jurisdiction over this action.

6. NEC Corporation denies the allegations contained within paragraph 6.  NEC Corporation of America admits that it has designated an agent for service of process in the State of Texas.  NEC Corporation of America admits that it regularly does business or solicits business in the District and in Texas.  Except as expressly admitted herein, NEC Corporation of America denies the remaining allegations within paragraph 6.

7. NEC admits that venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), but denies that NEC has committed acts of infringement.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, therefore, denies them.

## FACTUAL BACKGROUND

**A.     Moskowitz's History**

8. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies them.

9. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

10. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies them.

11.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies them.

12.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies them.

13.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies them.

14.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies them.

15.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies them.

16.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies them.

17.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies them.

18.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies them.

19.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies them.

20.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies them.

21.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies them.

**B.      Patents-In-Suit**

22.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies them.

23.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies them.

24. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies them.

25. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies them.

26. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies them.

27. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies them.

### C. Accused Products And Services

28. NEC admits that it designs, develops, manufactures, and sells certain biometric identification products, and denies the remaining allegations contained within paragraph 28.

29. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies them.

30. NEC denies the allegations contained within paragraph 30.

31. NEC denies the allegations contained within paragraph 31.

### COUNT 1:
### INFRINGEMENT OF U.S. PATENT NO. 8,214,175

32. NEC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 31 above.

33. NEC admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34. NEC admits that, on its face, Exhibit A appears to be the '175 Patent, issued on July 3, 2012. Except as expressly admitted herein, NEC denies the remaining allegations contained within paragraph 34.

35. NEC denies the allegations contained in paragraph 35 and denies that it has infringed and continues to infringe one or more claims of the '175 Patent, directly, contributorily, and/or by inducement.

36. NEC denies the allegations contained in paragraph 36 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '175 Patent.

37. NEC denies the allegations contained in paragraph 37 and denies that Blue Spike has been damaged by any acts of NEC. NEC further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining NEC from committing infringing acts.

38. NEC denies the allegations contained in paragraph 38 and denies that it infringes any claims of the '175 Patent, directly, contributorily, willfully, and/or by inducement.

39. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies them.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. NEC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 40 above.

41. NEC admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42. NEC admits that, on its face, Exhibit B appears to be the '494 Patent, issued on March 24, 2011. Except as expressly admitted herein, NEC denies the remaining allegations contained within paragraph 42.

43. NEC denies the allegations contained in paragraph 43 and denies that it has infringed and continues to infringe one or more claims of the '494 Patent, directly, contributorily, and/or by inducement.

44. NEC denies the allegations contained in paragraph 44 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '494 Patent.

45. NEC denies the allegations contained in paragraph 45 and denies that Blue Spike has been damaged by any acts of NEC. NEC further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining NEC from committing infringing acts.

46. NEC denies the allegations contained in paragraph 46 and denies that it infringes any of the claims of the '494 Patent, directly, contributorily, willfully, and/or by inducement.

47. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies them.

### COUNT 3:
### INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48. NEC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 47 above.

49. NEC admits that, on its face, United States Patent No. 7,660,700 ("the '700 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore denies them.

50. NEC admits that, on its face, Exhibit C appears to be the '700 Patent, issued on February 9, 2010. Except as expressly admitted herein, NEC denies the remaining allegations contained within paragraph 50.

51. NEC denies the allegations contained in paragraph 51 and denies that it has infringed and continues to infringe one or more claims of the '700 Patent, directly, contributorily, and/or by inducement.

52. NEC denies the allegations contained in paragraph 52 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '700 Patent.

53. NEC denies the allegations contained in paragraph 53 and denies that Blue Spike has been damaged by any acts of NEC. NEC further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining NEC from committing infringing acts.

54. NEC denies the allegations contained in paragraph 54 and denies that it infringes any claims of the '700 Patent, directly, contributorily, willfully, and/or by inducement.

55. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, therefore, denies them.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56. NEC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 55 above.

57. NEC admits that, on its face, United States Patent No. 7,346,472 ("the '472 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, and therefore denies them.

58. NEC admits that, on its face, Exhibit D appears to be the '472 patent, issued on March 18, 2008. Except as expressly admitted herein, NEC denies the remaining allegations contained within paragraph 58.

- 8 -

59. NEC denies the allegations contained in paragraph 59 and denies that it has infringed and continues to infringe one or more claims of the '472 Patent, directly, contributorily, and/or by inducement.

60. NEC denies the allegations contained in paragraph 60 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '472 Patent.

61. NEC denies the allegations contained in paragraph 61 and denies that Blue Spike has been damaged by any acts of NEC. NEC further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining NEC from committing infringing acts.

62. NEC denies the allegations contained in paragraph 62 and denies that it infringes any claims of the '472 Patent, directly, contributorily, willfully, and/or by inducement.

63. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and, therefore, denies them.

### PLAINTIFF'S PRAYER FOR RELIEF

NEC denies that Plaintiff is entitled to any of the requested relief against NEC.

### DEMAND FOR JURY TRIAL

NEC states that Plaintiff's jury demand does not require a response.

### AFFIRMATIVE DEFENSES

NEC's Affirmative Defenses are provided below. NEC reserves the right to amend its Answer to add additional Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

64. Blue Spike's claims for patent infringement fail to state a claim upon which relief can be granted, and/or fails to plead the required allegations with sufficient particularity.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

67. NEC has not infringed and does not infringe, directly, indirectly (such as by inducement or contributory infringement), or in any other manner, any valid claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit") either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

68. Each of the claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to § 100, 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Limited Damages)

69. Blue Spike's claim for damages, if any, against NEC for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

70. Blue Spike's claims for relief are barred in whole or in part by equitable doctrines, including laches, waiver, unclean hands, acquiescence, and estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

71. Prosecution history estoppel bars in whole or in part Blue Spike's assertions of infringement under the doctrine of equivalents, and/or Blue Spike's proposed claim constructions, relative to one or more of the asserted claims of the patents-in-suit.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing to Sue)

72. Upon information and belief, Blue Spike lacks standing to sue because it does not hold sufficient rights to one or more of the '175, '494, '700, or '472 Patents.

### EIGHTH AFFIRMATIVE DEFENSE
### (License, Implied License, and Exhaustion)

73. Blue Spike's Complaint is precluded, in whole or in part, to the extent that any allegedly infringing products or components are supplied, directly or indirectly, to NEC or are imported, sold by, offered for sale by, made by, or made for, an entity or entities having express or implied licenses to the '175, '494, '700, or '472 Patents

### NINTH AFFIRMATIVE DEFENSE
### (Unavailability of Enhanced Damages)

74. Blue Spike has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and 285 for increased damages and attorneys' fees and is not entitled to any alleged damages prior to providing any actual notice to NEC of the '175, '494, '700, or '472 Patents.

### TENTH AFFIRMATIVE DEFENSE
### (Unavailability of Injunctive Relief)

75. Blue Spike is not entitled to injunctive relief or any other equitable relief because any alleged injury to Blue Spike is not irreparable and because – had Blue Spike been injured – it would have an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Single Recovery Rule)

76. Blue Spike's damages are barred in whole or in part by the single recovery rule.

### COUNTERCLAIMS

77. Defendants and Counterclaimants NEC Corporation of America and NEC Corporation (collectively, "NEC") file these counterclaims for declaratory judgment of non-infringement and patent invalidity and respectfully allege as follows.

78. NEC Corporation of America is a Nevada corporation, having its principle place of business at 6535 N. State Hwy. 161, Irving Texas 75039.

79. NEC Corporation is a Japanese corporation, having its principal place of business at 7-1, Shiba 5-chome, Minato-ku, Tokyo 108-8001, Japan.

80. On information and belief, Plaintiff and Counterdefendant Blue Spike LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business in Tyler, Texas.

## JURISDICTION AND VENUE

81. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202. Venue is proper under 28 U.S.C. §§ 1391(b)-(c), and 1400(b), because Blue Spike filed suit in this District and, according to the allegations in Paragraph 2 of the Complaint, Blue Spike is found in this District.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-infringement of U.S. Patent No. 8,214,175)

82. NEC incorporates by reference paragraphs 77-81 of its Answer and Counterclaims.

83. NEC does not infringe and has not infringed any valid claim of U.S. Patent No. 8,214,175 (the '175 patent") directly, indirectly (such as by inducement or contributory infringement), or in any other manner either literally or under the doctrine of equivalents.

84. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.,* NEC is entitled to a declaratory judgment that it does not infringe and has not infringed the '175 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,214,175)

85. NEC incorporates by reference paragraphs 77-81 of its Answer and Counterclaims.

86. Counterdefendant Blue Spike alleges in this lawsuit that it is the owner of the '175 patent and that NEC allegedly infringes the '175 patent.

87. One or more claims of the '175 patent that is allegedly infringed by NEC are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and 112.

88. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.,* NEC is entitled to a declaratory judgment that one or more claims of the '175 patent are invalid.

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-infringement of U.S. Patent No. 7,949,494)

89. NEC incorporates by reference paragraphs 77-81 of its Answer and Counterclaims.

90. NEC does not infringe and has not infringed any valid claim of U.S. Patent No. 7,949,494 (the "'494 patent") directly, indirectly (such as by inducement or contributory infringement), or in any other manner either literally or under the doctrine of equivalents.

91. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.,* NEC is entitled to a declaratory judgment that it does not infringe and has not infringed the '494 patent.

### FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,949,494)

92. NEC incorporates by reference paragraphs 77-81 of its Answer and Counterclaims.

93. Counterdefendant Blue Spike alleges in this lawsuit that it is the owner of the '494 patent and that NEC allegedly infringes the '494 patent.

94. One or more claims of the '494 patent that is allegedly infringed by NEC are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and 112.

95. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.,* NEC is entitled to a declaratory judgment that one or more claims of the '494 patent are invalid.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-infringement of U.S. Patent No. 7,660,700)

96. NEC incorporates by reference paragraphs 77-81 of its Answer and Counterclaims.

97. NEC does not infringe and has not infringed any valid claim of U.S. Patent No. 7,660,700 (the "'700 patent") directly, indirectly (such as by inducement or contributory infringement), or in any other manner either literally or under the doctrine of equivalents.

98. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.,* NEC is entitled to a declaratory judgment that it does not infringe and has not infringed the '700 patent.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,660,700)

99. NEC incorporates by reference paragraphs 77-81 of its Answer and Counterclaims.

100. Counterdefendant Blue Spike alleges in this lawsuit that it is the owner of the '700 patent and that NEC allegedly infringes the '700 patent.

101. One or more claims of the '700 patent that is allegedly infringed by NEC are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and 112.

102. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.,* NEC is entitled to a declaratory judgment that one or more claims of the '700 patent are invalid.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-infringement of U.S. Patent No. 7,346,472)

103. NEC incorporates by reference paragraphs 77-81 of its Answer and Counterclaims.

104. NEC does not infringe and has not infringed any valid claim of U.S. Patent No. 7,346,472 (the "'472 patent") directly, indirectly (such as by inducement or contributory infringement), or in any other manner either literally or under the doctrine of equivalents.

105.  Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.,* NEC is entitled to a declaratory judgment that it does not infringe and has not infringed the '472 patent.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,346,472)

106.  NEC incorporates by reference paragraphs 77-81 of its Answer and Counterclaims.

107.  Counterdefendant Blue Spike alleges in this lawsuit that it is the owner of the '472 patent and that NEC allegedly infringes the '472 patent.

108.  One or more claims of the '472 patent that is allegedly infringed by NEC are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and 112.

109.  Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.,* NEC is entitled to a declaratory judgment that one or more claims of the '472 patent are invalid

## PRAYER FOR RELIEF

WHEREFORE, NEC prays for relief as follows:

(a) Blue Spike's Complaint against NEC be dismissed with prejudice and Blue Spike denied all relief sought in its Original Complaint;

(b) Judgment in favor of NEC and against Blue Spike declaring that NEC does not infringe any claim of the '175 patent, the '494 patent, the '700 patent, or the '472 patent;

(c) Judgment in favor of NEC and against Blue Spike that each claim of the '175 patent, the '494 patent, the '700 patent, and the '472 patent is invalid;

(d) Judgment enjoining Blue Spike, its officers, agents, representatives, employees, and attorneys, and those in active concert or participation with

it, from asserting or attempting to enforce any claim of the '175 patent, the '494 patent, the '700 patent, and the '472 patent against NEC or its customers;

(e) Judgment in favor of NEC and against Blue Spike that this is an exceptional case based on Blue Spike's conduct and that NEC is entitled to recover its attorneys' fees and costs under 35 U.S.C. § 285; and

(f) For such other and further relief this Court deems just and proper.

## JURY DEMAND

NEC respectfully demands a trial by jury on any and all claims and issues so triable.

Respectfully submitted,

Dated: January 11, 2013

*/s/ Deborah J. Race*
Deborah J. Race
State Bar No. 16448700
drace@icklaw.com
Otis Carroll
State Bar No. 3895700
nancy@icklaw.com
**IRELAND, CARROLL & KELLEY, PC**
6101 S. Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 561-1071

Rachel Krevans
rkrevans@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Center
San Francisco, CA 94105
Tel: (415) 268-6381
Fax: (415) 268-7522

Louise Stoupe
LStoupe@mofo.com
Timothy G. Doyle
TDoyle@mofo.com
**MORRISON & FOERSTER LLP**

Shin-Marunouchi Building 501,
Marunouchi 1-chome
Chiyoda-ku, Tokho 1005429
Tel: 81 3 3214 6979
Cell: 81 90 6499 0213

ATTORNEYS FOR DEFENDANT NEC CORPORATION OF AMERICA AND NEC CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2012, I electronically filed the foregoing:

**DEFENDANTS NEC CORPORATION OF AMERICA AND NEC CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO BLUE SPIKE LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

and served same on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system per Local Rule CV-5(a)(3).

      /s/ *Deborah J. Race*
      Deborah J. Race