UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>Texas Instruments, Inc., et al.,<br><br>    *Defendants*. | § § § § § § § § § § | CASE NO. 6:12-cv-499 MHS<br><br>LEAD CASE<br><br>Jury Trial Demanded |
| Blue Spike, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>Yahoo! Inc.,<br><br>    *Defendants*. | § § § § § § § § § § | CASE NO. 6:12-cv-556 MHS<br><br>CONSOLIDATED CASE<br><br>Jury Trial Demanded |

**Plaintiff's Surreply in Opposition to Defendant's Motion to Dismiss**

Plaintiff Blue Spike, LLC files this Surreply in Opposition to the Motion to Dismiss filed by Defendant Yahoo! Inc.

**1.   Blue Spike Has Adequately Pleaded Facts to Support a Claim for Induced Infringement.**

As in the motion to dismiss, Yahoo's reply asks the Court to apply an incorrectly high pleading standard. The correct standard is that Blue Spike "need only plead a plausible claim for relief," *with all reasonable inferences drawn in its favor*, to "place the alleged infringer on notice as to what he must defend." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir.

1

2007). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)). Blue Spike's complaint meets that standard.

Ignoring that standard, Yahoo! again argues that Blue Spike has not pleaded inducement with the requisite factual specificity (Dkt. 435 at 1-3), offering no meaningful distinction between this case and the facts in *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012). As Blue Spike explained in its opposition, the facts in *Patent Harbor* were almost identical to those at issue here, and Judge Love found that the plaintiff's factual allegations precluded dismissal. Dkt. 407 at 3-5. Yahoo! argues that *Patent Harbor*'s facts were meaningfully different, but they weren't. The plaintiff in *Patent Harbor* alleged that "Defendants have knowledge of the [patent-in-suit], are infringing the patent by authoring DVDs with content addressable videos, and are contracting with others to author DVDs with content addressable videos," all of which gave rise to a plausible inference "that Defendants induced others to infringe the [patent-in-suit] by directing and controlling them through contract." Cause No. 6:11-cv-229, Dkt. 486, at 10. Likewise, Blue Spike alleges here that Yahoo! has knowledge of the patents-in-suit, is offering at least two specific infringing products online (IntoNow and SoundPrint), and has gotten over three million customers to download the

2

infringing products. Dkt. 1 at ¶27. Yahoo!'s success in peddling its infringing products permits a reasonable inference that Yahoo! intends its customers to use the infringing products to practice the patents at issue. (After all, what else would they use them for?) Under *Patent Harbor*, then, Blue Spike's allegations are sufficient to defeat dismissal.

Yahoo!'s reply also asks the Court to dismiss all of Blue Spike's indirect infringement claims "to the extent that they arise from pre-filing conduct" because Blue Spike has "conceded" that Yahoo! had no pre-suit knowledge of the patents-in-suit. Dkt. 435 at 3. Yahoo! grossly mischaracterizes Blue Spike's position. As Blue Spike already explained, it has not conceded a lack of pre-suit knowledge; it has merely stated that Yahoo! had knowledge "*at least* as early as the service of this Complaint" and that "the exact date when Yahoo! acquired knowledge is a fact question that may be illuminated by discovery." Dkt. 407 at 5. This is far from a concession that Yahoo! had no pre-suit knowledge. Further, in *Patent Harbor*, Judge Love found identical "at least as early" language sufficient to allege *pre-suit* knowledge. *Patent Harbor*, No. 6:11-cv-229, Dkt. 486 at 9; *see also Achates Reference Supply Publ'g Co. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, Dkt. 303 at 2-3 ("[T]he Court finds that there is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement. While it is true that Achates will ultimately have to establish that Symantec had the requisite knowledge of the asserted patents at the time of each act of contributory infringement, Symantec does not cite any controlling

3

authority suggesting that the Complaint itself is not sufficient to provide knowledge of the asserted patents for alleged acts of contributory infringement occurring during the pendency of the case.").

Above all, Yahoo! wants the Court to disregard the "reasonable-inference" portion of the pleading standard. But a plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement." *Id*. Even if a plaintiff's factual allegations "do not provide an extraordinary amount of detail regarding the elements of inducement," they preclude dismissal so long as they "provide Defendants with sufficient notice of the allegedly unlawful conduct in which they engaged." *Id*. That is the case here. Yahoo! wants Blue Spike to plead extensive facts, but the whole reason that our courts abandoned a fact-pleading system in favor of a notice-pleading system is to avoid traps like the one Yahoo! is trying to set here, where failure to use a certain set of magic words is fatal. *Measurement Specialties, Inc. v. Taylor Precision Prods., L.P.*, 131 F. Supp. 2d 982, 985 (N.D. Ill. 2001). Yahoo! cannot reasonably claim that it does not know what it must defend in this suit; Blue Spike's factual allegations are thus sufficient.

2. **Blue Spike Has Adequately Pleaded Facts to Support a Claim for Contributory Infringement.**

Blue Spike has not—as Yahoo! pretends—conceded that the complaint lacks sufficient facts to sustain a contributory-infringement claim. It is true that the complaint does not specifically allege that Yahoo! knew that its accused products are "especially made or especially adapted for use in an infringement,"

4

Dkt. 435 at 3-4, and it is also true that Blue Spike will ultimately have to show such knowledge to prevail at trial. *See* 28 U.S.C. §271(c) (elements of contributory-infringement claim). Likewise, it is true that the complaint itself does not contain extensive analysis of why the accused products have no substantial non-infringing uses.[1] But as this Court has repeatedly held, a plaintiff need not plead "each individual element of a claim for indirect infringement" to survive dismissal. *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (Ward, J.) (denying motion to dismiss that argued complaint was "deficient because it fails to allege the additional elements required to establish induced and contributory infringement"). Further, the complaint *does* allege that Yahoo! had the requisite knowledge to make it liable for contributory infringement, and the complaint also alleges that the accused products have no substantial non-infringing uses. Dkt. 1 ¶¶34, 42, 50, 58. Coupled with all the other allegations in the complaint, and with all reasonable inferences drawn in Blue Spike's favor, these allegations support a plausible claim of contributory infringement, fairly place Yahoo! on notice as to what it must defend, and

---

[1] Yahoo! asks the Court to penalize Blue Spike for using its opposition to discuss evidence bearing on whether the accused products have substantial noninfringing uses. Dkt. 435 at 4. In taking this tack, Yahoo! ignores the important fact, which is that such evidence exists. Yahoo! also seems to want to engage in full-blown claim construction to show that Blue Spike's evidence is unavailing. *Id.* But as the Court is well aware, such an inquiry is inappropriate at this stage of the proceedings. *See Titanide Ventures, LLC v. Int'l Bus. Machines Corp.*, No. 4:12-CV-196, 2012 WL 5507327, at *3 (E.D. Tex. Oct. 18, 2012), report and recommendation adopted, 4:12-CV-196, 2012 WL 5507316 (E.D. Tex. Nov. 14, 2012) (claim construction not proper part of evaluating motion to dismiss).

therefore preclude dismissal. *In re Bill of Lading*, 681 F.3d at 1336; *McZeal*, 501 F.3d at 1357.

**3.   Blue Spike Has Adequately Pleaded Willful Infringement**.

Yahoo!'s reply again insists that the Court should dismiss Blue Spike's willful-infringement allegation because it is based on post-filing conduct. Dkt. 432 at 5. That is simply not the law. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (post-filing conduct is legitimate basis for recovering willfulness damages). As this Court has recently held, to survive a motion dismiss a willful-infringement claim, a plaintiff need only plead "when Movants received notice of the patent-in-suit and that their continued alleged infringement is objectively reckless." *Wordcheck Tech, LLC v. ALT-N Techs., Ltd.*, No. 6-10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012). Blue Spike has done so here. *See* Dkt. 1 ¶¶37, 45, 53, 61.

Yahoo! also suggests that the Court should dismiss Blue Spike's willfulness claim because Blue Spike has not requested a preliminary injunction in an instrument separate from its complaint. Dkt. 432 at 5. The Court recently rejected this exact argument:

> Movants also argue that because Plaintiff has not sought a preliminary injunction, it should not be allowed to bring a willful infringement claim based solely on post-filing activity by Movants. Movants based their argument on *In re Seagate* and cite *Webmap Techs., LLC v. Google, Inc.* to support their position. No. 2:09-cv-343, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010). However, . . . *In re Seagate* did not address the pleading requirements for a willful infringement claim. As the court in *Webmap* recognized, there is no per se rule that a plaintiff must seek a preliminary injunction against a defendant before bringing a post-filing willfulness claim. *Id.* at *3-4. Furthermore,

6

> *Webmap* did not address the present situation where the Plaintiff is a non-practicing entity that does not practice the claimed invention of the patent-in-suit. It is highly unlikely that Plaintiff could have obtained a preliminary injunction even if it had sought one. Requiring Plaintiff to request a preliminary injunction in such circumstances just so that it could plead a willful infringement claim would be an unnecessary burden on the parties and the Court.

*Wordcheck*, No. 6-10-cv-457, Dkt. 755, at 3.

The reason for allowing Blue Spike to allege post-filing willful infringement is to put Yahoo! on notice that it will be held responsible for willfulness damages if Blue Spike is ultimately able to prove that Yahoo! willfully infringed Blue Spike's patents after the complaint was filed. Nothing beyond this notice is required or even warranted at this juncture.

## CONCLUSION

For these reasons and those contained in the opposition, Blue Spike asks the Court to deny Yahoo!'s motion to dismiss.

Respectfully submitted,

        /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  randall.garteiser@sftrialattorneys.com
Christopher A. Honea
  Texas Bar No. 24059967
  chris.honea@sftrialattorneys.com
Christopher S. Johns
  Texas Bar No. 24044849
  chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903

(415) 785-3762
(415) 785-3805 fax

Eric M. Albritton
  Texas State Bar No. 00790215
  ema@emafirm.com
Stephen E. Edwards
  Texas State Bar No. 00784008
  see@emafirm.com
Michael A. Benefield
  Texas State Bar No. 24073408
  mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449
(903) 758-7397 fax

*Counsel for Blue Spike LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on the 17th day of January, 2013.

      /s/ Randall T. Garteiser