UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|    *Plaintiff*, | § | CASE NO. 6:12-cv-499 MHS |
| v. | § | LEAD CASE |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
|    *Defendants*. | § | |
| | § | |
| Blue Spike, LLC, | § | |
|    *Plaintiff*, | § | CASE NO. 6:12-688 MHS |
| v. | § | CONSOLIDATED CASE |
| ImageWare Systems, Inc., | § | Jury Trial Demanded |
|    *Defendants*. | § | |

**Plaintiff's Surreply in Opposition to Defendant's
Motion to Dismiss Under Rule 12(b)(6)**

Plaintiff Blue Spike, LLC files this Surreply in Opposition to the Motion to Dismiss filed by Defendant ImageWare Systems, Inc.

**1.    Blue Spike Has Adequately Pleaded the Necessary Elements of Indirect Infringement**.

ImageWare's reply (Dkt. 432) asks the Court to apply an incorrectly high pleading standard. Under our notice-pleading system, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specific to the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x, 466, 470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

Blue Spike's complaint meets this standard. ImageWare argues that Blue Spike "does not identify any accused 'method or system' that supposedly infringes" (Dkt 432 at 3), ignoring that the complaint identifies "fingerprint-based biometric software, systems, and technology" as the infringing method or system. Dkt. 1 at ¶27. This level of detail suffices to defeat dismissal. *Cf. Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. 2:09–cv–148–TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010) (plaintiff's identification of "music identification systems, devices, products, and/or components thereof" was specific enough to notify Defendants of what they had to defend).

ImageWare also contends that Blue Spike has not pleaded sufficient facts to permit a reasonable inference that ImageWare's infringing products have no substantial non-infringing uses. Dkt. 432 at 4. To the contrary, Blue Spike has pointed to the very names of ImageWare's products—including "Biometric Engine, Desktop Security, Law Enforcement, and EPI Builder Software Development Kit"—

as strong indicators that the products pertain specifically to biometric-identification and security systems, with no substantial non-infringing uses. Dkt. 408 at 4-5. ImageWare responds that the names of its infringing products "are not facts from which the Court can infer a required pleading element" (Dkt 432 at 4), but cites no authority for that assertion. At this stage of litigation, it is eminently reasonable for the Court to infer that ImageWare's products' names reflect their uses.[1] The matter would be different if documents already on file with the Court conclusively proved that the accused products have substantial non-infringing uses. *Cf. In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338-39 (Fed. Cir. 2012) (affirming dismissal because "the amended complaints *actually make clear on their face* that Appellees' products do have substantial non-infringing uses") (emphasis added). The matter might also be different if the accused products' names even *suggested* non-infringing uses, but they do not. Under the circumstances, given Blue Spike's allegation that its patents-in-suit are foundational to all of today's biometric-identification and security systems (Dkt. 1 at ¶25), the very names of ImageWare's accused products permit a reasonable inference that the products have no substantial non-infringing uses.

ImageWare also complains that Blue Spike has not alleged or pleaded any facts that suggest ImageWare sold the infringing material or component knowing that it was especially made or adapted for use in an infringing manner. Dkt. 432 at

---

[1] *See Titanide Ventures, LLC v. Int'l Bus. Machines Corp.*, No. 4:12-CV-196, 2012 WL 5507327, at *2 (E.D. Tex. Oct. 18, 2012), report and recommendation adopted, 4:12-CV-196, 2012 WL 5507316 (E.D. Tex. Nov. 14, 2012) (to survive dismissal, plaintiff's allegations must simply raise a reasonable expectation that discovery will reveal the proof required).

3

5. This is incorrect; the complaint states that ImageWare has had knowledge of Blue Spike's patents since "at least as early as the service of this complaint" *Compare* Dkt. 1 ¶¶35, 43, 51, 59 *with Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012), Dkt. No. 486, at 9 (rejecting argument that plaintiff had inadequately alleged knowledge because "the Complaint clearly alleges that the Defendants have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint"; "[t]o the extent Defendants' arguments relate to [plaintiff's] failure to allege pre-suit knowledge, these arguments are unpersuasive" because "[f]ailing to allege pre-suit knowledge is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period."). Further, even if ImageWare were correct that Blue Spike had not alleged knowledge, at this stage of the proceedings a plaintiff is not required to plead "each individual element of a claim for indirect infringement." *Lodsys, LLC v. Brother Int'l Corp.*, 2:11-cv-90-JRG, 2012 WL 760729, at *3 (E.D. Tex. Mar. 8, 2012); *accord Eolas Techs., Inc. v. Adobe Sys., Inc.*, 6:09-cv-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (to survive dismissal of indirect-infringement claims, plaintiff needs to plead existence of direct infringers but not other "material elements" of indirect infringement); *PA Advisors, LLC v. Google Inc.*, No. 2:07-cv-480 DF, 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) (noting that "no cases have required any

4

further details for [pleading] inducement of infringement or contributory infringement other than the identification of users that directly infringe[]").

**2.  Blue Spike Has Adequately Pleaded Willful Infringement.**

Finally, ImageWare's reply reasserts that the Court should dismiss Blue Spike's willful-infringement allegation because it is based conduct that has occurred since Blue Spike filed this lawsuit. Dkt. 432 at 5. That is simply not the law. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (post-filing conduct is legitimate basis for recovering willfulness damages). As this Court has recently held, to survive a motion dismiss a willful-infringement claim, a plaintiff need only plead "when Movants received notice of the patent-in-suit and that their continued alleged infringement is objectively reckless." *Wordcheck Tech, LLC v. ALT-N Techs., Ltd.*, No. 6-10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012). Blue Spike has done so here. *See* Dkt. 1 ¶¶37, 45, 53, 61.

### CONCLUSION

For these reasons plus those contained in its opposition, Blue Spike respectfully asks the Court to deny ImageWare's motion to dismiss.


Respectfully submitted,

    /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  randall.garteiser@sftrialattorneys.com
Christopher A. Honea
  Texas Bar No. 24059967
  chris.honea@sftrialattorneys.com
Christopher S. Johns

      Texas Bar No. 24044849
       chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

Eric M. Albritton
  Texas State Bar No. 00790215
  ema@emafirm.com
Stephen E. Edwards
  Texas State Bar No. 00784008
  see@emafirm.com
Michael A. Benefield
  Texas State Bar No. 24073408
  mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449
(903) 758-7397 fax

*Counsel for Blue Spike LLC*

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on the 17th day of January, 2013.

                /s/ Randall T. Garteiser