IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> TEXAS INSTRUMENTS, INC., <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 6:12-CV-499-MHS <br><br> (LEAD CASE) <br><br> **JURY TRIAL DEMANDED** |
| BLUE SPIKE, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> FUJITSU AMERICA, INC., *et al.*, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 6:12-CV-616-MHS <br><br> (CONSOLIDATED WITH 6:12-CV-499) <br><br> **JURY TRIAL DEMANDED** |

<u>**DEFENDANTS FUJITSU AMERICA, INC., FUJITSU SEMICONDUCTOR AMERICA, INC., FUJITSU COMPUTER PRODUCTS OF AMERICA, INC., AND FUJITSU FRONTECH NORTH AMERICA, INC.'S ANSWER TO BLUE SPIKE, LLC'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**</u>

Defendants Fujitsu America, Inc., Fujitsu Semiconductor America, Inc., Fujitsu Computer Products of America, Inc., and Fujitsu Frontech North America, Inc. (collectively, "Fujitsu") hereby file their Answer to Plaintiff Blue Spike, LLC's ("Blue Spike") Amended Complaint for Patent Infringement ("Complaint").

## NATURE OF THE SUIT

1.  Fujitsu admits that Blue Spike purports to state a claim for patent infringement arising under the laws of the United States, Title 35 of the United States Code. Fujitsu specifically denies infringing any valid claim of the asserted patents.

## PARTIES

2.  Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.  Fujitsu America, Inc. ("FAI") admits that it is a California corporation with its principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085. FAI admits that it may be served with process by serving its registered agent, The Corporation Trust Company. FAI denies the remaining allegations contained within Paragraph 3 of the Complaint.

4.  Fujitsu Semiconductor America, Inc. ("FSA") admits that it is a California corporation with its principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085. FSA admits that it was formerly known as Fujitsu Microelectronics America, Inc. and that it may be served with process by serving its registered agent, The Corporation Trust Company. FSA denies the remaining allegations contained within Paragraph 4 of the Complaint.

5.  Fujitsu Computer Products of America, Inc. ("FCPA") admits that it is a California corporation with its principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085. FCPA admits that it may be served with process by serving its registered agent, The Corporation Trust Company. FCPA denies the remaining allegations contained within Paragraph 5 of the Complaint.

6.  Fujitsu Frontech North America, Inc. ("FFNA") admits that it is a Delaware corporation with its principal place of business at 27121 Towne Centre Drive, Suite 100, Foothill

Ranch, California 92610. FFNA admits that it may be served with process by serving its registered agent, The Corporation Trust Company. FFNA admits that it has conducted business in the State of Texas. FFNA denies the remaining allegations contained within Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Fujitsu admits that Plaintiff purports to allege in Paragraph _ claims of patent infringement that allegedly arise under the laws of the United States, 35 U.S.C. § 101 et seq. At this time, Fujitsu does not contest this Court's subject matter jurisdiction over Plaintiff's patent infringement claims.

8. Fujitsu denies the allegations contained within Paragraph 8 of the Complaint.

9. Fujitsu denies the allegations contained within Paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

10. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies them.

11. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies them.

12. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies them.

13. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies them.

14. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies them.

15. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies them.

16. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies them.

17. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies them.

18. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies them.

19. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies them.

20. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies them.

21. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies them.

22. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies them.

23. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies them.

24. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies them.

25. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies them.

26. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies them.

27. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies them.

28. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies them.

29. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies them.

30. Fujitsu admits that it sells certain biometric products, but denies that it is infringing any valid claim of the Patents-in-Suit, and denies the remaining allegations contained within Paragraph 30.

31. Fujitsu denies that it needed or needs any license and/or permission from Plaintiff and denies the remaining allegations contained within Paragraph 31 of the Complaint.

32. Fujitsu denies the allegations contained within Paragraph 32 of the Complaint.

33. Fujitsu denies the allegations contained within Paragraph 33 of the Complaint.

**COUNT 1:**
**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

34. Fujitsu repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 33 above.

35. Fujitsu admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35, and therefore denies them.

36. Fujitsu admits that, on its face, Exhibit A appears to be a copy of United States Patent No. 8,214,175 ("the '175 Patent"), issued on July 3, 2012. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies them.

37. Fujitsu denies the allegations contained in Paragraph 37, denies that it has infringed and continues to infringe one or more valid claims of the '175 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

38. Fujitsu denies the allegations contained in Paragraph 38 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '175 Patent.

39. Fujitsu denies the allegations contained in Paragraph 39 and denies that Blue Spike has been damaged by any acts of Fujitsu. Fujitsu further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining Fujitsu from committing infringing acts.

40. Fujitsu denies the allegations contained in Paragraph 40 and denies that it willfully infringed or infringes any valid claims of the '175 Patent, directly, contributorily, willfully, and/or by inducement.

41.     Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, therefore, denies them.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

42.     Fujitsu repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 40 above.

43.     Fujitsu admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43, and therefore denies them.

44.     Fujitsu admits that, on its face, Exhibit B appears to be United States Patent No. 7,949,494 ("the '494 patent"), issued on March 24, 2011. Fujitsu is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44, and therefore denies them.

45.     Fujitsu denies the allegations contained in Paragraph 45, denies that it has infringed and continues to infringe one or more valid claims of the '494 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

46.     Fujitsu denies the allegations contained in Paragraph 46 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '494 Patent.

47.     Fujitsu denies the allegations contained in Paragraph 47 and denies that Blue Spike has been damaged by any acts of Fujitsu. Fujitsu further denies that it has committed or

will commit any infringing acts and denies the necessity of the Court's restraining Fujitsu from committing infringing acts.

48. Fujitsu denies the allegations contained in Paragraph 48 and denies that it infringes any valid claims of the '494 Patent, directly, contributorily, willfully, and/or by inducement.

49. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, therefore, denies them.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

50. Fujitsu repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 49 above.

51. Fujitsu admits that, on its face, United States Patent No. 7,660,700 ("the '700 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and therefore denies them.

52. Fujitsu admits that, on its face, Exhibit C appears to be a copy of United States Patent No. 7,660,700 ("the '700 patent"), issued on February 9, 2010. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52, and therefore denies them.

53. Fujitsu denies the allegations contained in Paragraph 53, denies that it has infringed and continues to infringe one or more valid claims of the '700 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

54. Fujitsu denies the allegations contained in Paragraph 54 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '700 Patent.

55. Fujitsu denies the allegations contained in Paragraph 55 and denies that Blue Spike has been damaged by any acts of Fujitsu. Fujitsu further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining Fujitsu from committing infringing acts.

56. Fujitsu denies the allegations contained in Paragraph 56 and denies that it infringes any valid claims of the '700 Patent, directly, contributorily, willfully, and/or by inducement.

57. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and, therefore, denies them.

## COUNT FOUR
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

58. Fujitsu repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 57 above.

59. Fujitsu admits that, on its face, United States Patent No. 7,346,472 ("the '472 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and therefore denies them.

60. Fujitsu admits that, on its face, Exhibit D appears to be a copy of United States Patent No. 7,346,472 ("the '472 patent"), issued on March 18, 2008. Fujitsu lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60, and therefore denies them.

61. Fujitsu denies the allegations contained in Paragraph 61, denies that it has infringed and continues to infringe one or more valid claims of the '472 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

62. Fujitsu denies the allegations contained in Paragraph 62 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '472 Patent.

63. Fujitsu denies the allegations contained in Paragraph 63 and denies that Blue Spike has been damaged by any acts of Fujitsu. Fujitsu further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining Fujitsu from committing infringing acts.

64. Fujitsu denies the allegations contained in Paragraph 64 and denies that it infringes any valid claims of the '472 Patent, directly, contributorily, willfully, and/or by inducement.

65. Fujitsu lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and, therefore, denies them.

**PLAINTIFF'S PRAYER FOR RELIEF**

66. Fujitsu incorporates herein by reference its answers to Paragraphs 1 through 65 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief or judgment against Fujitsu.

## DEMAND FOR JURY TRIAL

67. Fujitsu admits that Plaintiff has demanded a trial by jury of this action.

## AFFIRMATIVE DEFENSES

Fujitsu asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under applicable law. Fujitsu reserves the right to amend its Answer to add additional affirmative defenses as they become known during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Blue Spike's Complaint fails to state a claim upon which relief can be granted, and/or fails to plead the required allegations with sufficient particularity.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction and Improper Venue)

Blue Spike does not and cannot establish that sufficient grounds exist for this Court to exercise personal jurisdiction and/or venue over Fujitsu in this District with regard to its asserted claims.

## THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

Fujitsu has not infringed and does not infringe, directly, indirectly (such as by inducement or contributory infringement), or in any other manner, any valid and enforceable claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit") either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

Each of the asserted claims of the patents-in-suit are invalid and/or unenforceable for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including, but not limited to § 100, 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

Blue Spike's claims for relief are barred in whole or in part by equitable doctrines, including without limitation, laches, waiver, unclean hands, acquiescence, and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation On Damages)

Some or all of Blue Spike's claim and demand for damages against Fujitsu for alleged infringement of the Patents-in-Suit is barred and/or limited by 35 U.S.C. §§ 286, 287, 288 and/or 28 U.S.C. § 1498.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

68. Plaintiff's claims for patent infringement are barred against Fujitsu under the doctrine of prosecution history estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Fujitsu respectfully requests that this Court enter judgment as follows:

A. Denying all claims for relief set forth in the Amended Complaint with prejudice and entering judgment in favor of Fujitsu and against Plaintiffs on all claims;

B. Declaring that Fujitsu has not infringed and is not infringing directly, jointly, or indirectly by way of inducing or contributing to infringement of any valid and/or enforceable claim of the Patents-in-Suit;

C. Declaring each claim of the Patents-in-Suit to be invalid and/or unenforceable;

D. Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and award Fujitsu's attorneys' fees and costs in this matter; and

E. Grant such other and further relief that the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Fujitsu hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

| Dated: January 24, 2013 | Respectfully submitted,<br><br>/s/ Robert F. Kramer<br>Robert F. Kramer<br>CA State Bar No. 181706<br>SNR DENTON US LLP<br>1530 Page Mill Road, Suite 200<br>Palo Alto, CA 94304<br>Telephone: (650) 798-0356<br>Facsimile: (650) 798-0310<br>robert.kramer@snrdenton.com<br><br>ATTORNEYS FOR DEFENDANTS FUJITSU AMERICA, INC., FUJITSU SEMICONDUCTOR AMERICA, INC., FUJITSU COMPUTER PRODUCTS AMERICA, INC., AND FUJITSU FRONTECH NORTH AMERICA, INC. |
|---|---|

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail this 24th day of January, 2013.

               /s/ Robert F. Kramer
               Robert F. Kramer

27402150\V-1