IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 6:12-CV-499-LED |
| v. | § § | |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § § | |

**PLAINTIFF'S REPLY IN RESPONSE TO
DEFENDANT FULCRUM BIOMETRICS' COUNTERCLAIMS**

Plaintiff Blue Spike, LLC files this Reply to the Counterclaims of Fulcrum Biometrics' ("Fulcrum" or "Defendant") (Dkt. No.450) as follows. All allegations not expressly admitted or responded to by Plaintiff are denied.

**COUNTERCLAIMS**

1.  Plaintiff denies the allegations of Paragraph 1 on the basis that Defendant's incorporation of its Answer and Affirmative Defenses into its Counterclaims is nonsensical.

2.  Plaintiff admits the allegations of Paragraph 2.

3.  Paragraph 3 does not contain any allegations requiring an admission or denial, but to the extent that Defendant alleges that venue is not proper in this District, Plaintiff denies same.

**COUNT ONE: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF THE '175 PATENT**

4.  Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 3 above.

5.  Plaintiff admits the allegations of Paragraph 5.

6.  Plaintiff denies the allegations of Paragraph 6.

7.  Plaintiff denies the allegations of Paragraph 7.

## COUNT TWO: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '175 PATENT

8. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 7 above.

9. Plaintiff denies the allegations of Paragraph 9.

10. Plaintiff denies the allegations of Paragraph 10.

## COUNT THREE: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '494 PATENT

11. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 10 above.

12. Plaintiff admits the allegations of Paragraph 12.

13. Plaintiff denies the allegations of Paragraph 13.

14. Plaintiff denies the allegations of Paragraph 14.

## COUNT FOUR: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '494 PATENT

15. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 14 above.

16. Plaintiff denies the allegations of Paragraph 16.

17. Plaintiff denies the allegations of Paragraph 17.

## COUNT FIVE: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '700 PATENT

18. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 18 above.

19. Plaintiff admits the allegations of Paragraph 19.

20. Plaintiff denies the allegations of Paragraph 20.

21. Plaintiff denies the allegations of Paragraph 21.

## COUNT SIX: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '700 PATENT

22. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 21 above.

23. Plaintiff denies the allegations of Paragraph 23.

24. Plaintiff denies the allegations of Paragraph 24.

## COUNT SEVEN: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '472 PATENT

25. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 24 above.

26. Plaintiff admits the allegations of Paragraph 26.

27. Plaintiff denies the allegations of Paragraph 27.

28. Plaintiff denies the allegations of Paragraph 28.

## COUNT EIGHT: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '472 PATENT

29. Plaintiff repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 28 above.

30. Plaintiff denies the allegations of Paragraph 30.

31. Plaintiff denies the allegations of Paragraph 31.

## PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to any of the relief it requests.

## PLAINTIFF'S PRAYER FOR RELIEF

In addition to the relief requested in Plaintiff's Original Complaint, Plaintiff respectfully requests a judgment against Defendant as follows:

(a) That Defendant take nothing by its Counterclaims;

(b) That the Court award Plaintiff its costs and attorneys' fees incurred in defending against these Counterclaims; and

(c) Any and all further relief for the Plaintiff as the Court may deem just and proper.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Lead Attorney
Texas Bar No. 24038912
randall.garteiser@sftrialattorneys.com
Christopher A. Honea
Texas Bar No. 24059967
chris.honea@sftrialattorneys.com
Christopher S. Johns
Texas Bar No. 24044849
chris.johns@sftrialattorneys.com
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

*Counsel for Blue Spike, LLC*

5

### CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

/s/ Randall T. Garteiser
Randall T. Garteiser
