# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,** | )<br>) |
| *Plaintiff*, | )<br>) |
| | ) Civil Action No. 6:12-CV-499-LED |
| v. | )<br>) (LEAD CASE) |
| **TEXAS INSTRUMENTS, INC.,** | )<br>) |
| | ) JURY TRIAL DEMANDED |
| *Defendant*. | )<br>) |
| **BLUE SPIKE, LLC,** | )<br>) |
| *Plaintiff*, | )<br>) Civil Action No. 6:12-CV-608-LED |
| v. | )<br>) (CONSOLIDATED WITH 6:12-CV-499) |
| **ZK TECHNOLOGY, LLC, ET AL.,** | )<br>) |
| | ) JURY TRIAL DEMANDED |
| *Defendant*. | )<br>) |

## DEFENDANT ZK TECHNOLOGY, LLC'S ANSWER TO BLUE SPIKE, LLC'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT, DEFENSES AND COUNTERCLAIMS

Defendant ZK Technology, LLC ("ZK") responds to Plaintiff Blue Spike, LLC's ("Blue Spike") Amended Complaint for Patent Infringement ("Amended Complaint") as follows:

### ZK'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1. ZK admits that Blue Spike purports to state a claim for patent infringement arising under the laws of the United States, Title 35 of the United States Code. ZK specifically denies infringing any valid claim of the asserted patents.

## THE PARTIES

2.  ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint and therefore denies the same.

3.  ZK denies the allegations contained within Paragraph 3 of the Amended Complaint.

4.  ZK denies the allegations contained within Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5.  ZK admits that Plaintiff purports to allege in Paragraph 5 claims of patent infringement that allegedly arise under the laws of the United States, 35 U.S.C. § 101 *et seq*. At this time, ZK does not contest this Court's subject matter jurisdiction over Plaintiff's patent infringement claims.

6.  ZK denies the allegations contained within Paragraph 6 of the Amended Complaint.

7.  ZK denies the allegations contained within Paragraph 7 of the Amended Complaint.

## FACTUAL BACKGROUND

8.  ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint and, therefore, denies them.

9.  ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint and, therefore, denies them.

10.  ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint and, therefore, denies them.

11. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint and, therefore, denies them.

12. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint and, therefore, denies them.

13. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint and, therefore, denies them.

14. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint and, therefore, denies them.

15. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint and, therefore, denies them.

16. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint and, therefore, denies them.

17. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint and, therefore, denies them.

18. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint and, therefore, denies them.

19. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint and, therefore, denies them.

20. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint and, therefore, denies them.

21. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint and, therefore, denies them.

22. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint and, therefore, denies them.

23. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and, therefore, denies them.

24. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint and, therefore, denies them.

25. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint and, therefore, denies them.

26. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint and, therefore, denies them.

27. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint and, therefore, denies them.

28. ZK admits that it sells certain biometric products, but denies that it is infringing any valid claim of the Patents-in-Suit, and denies the remaining allegations contained within Paragraph 28.

29. ZK denies that it needed or needs any license and/or permission from Plaintiff and denies the remaining allegations contained within Paragraph 29 of the Amended Complaint.

30. ZK denies the allegations contained within Paragraph 30 of the Amended Complaint.

31. ZK denies the allegations contained within Paragraph 31 of the Amended Complaint.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

32. ZK repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 31 above.

33. ZK admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33, and therefore denies them.

34. ZK admits that, on its face, Exhibit A appears to be a copy of United States Patent No. 8,214,175 ("the '175 Patent"), issued on July 3, 2012. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint and, therefore, denies them.

35. ZK denies the allegations contained in Paragraph 35, denies that it has infringed and continues to infringe one or more valid claims of the '175 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

36. ZK denies the allegations contained in Paragraph 36 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '175 Patent.

37. ZK denies the allegations contained in Paragraph 37 and denies that Blue Spike has been damaged by any acts of ZK. ZK further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK from committing infringing acts.

38. ZK denies the allegations contained in Paragraph 38 and denies that it willfully infringed or infringes any valid claims of the '175 Patent, directly, contributorily, willfully, and/or by inducement.

39. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint and, therefore, denies them.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. ZK repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 39 above.

41. ZK admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41, and therefore denies them.

42. ZK admits that, on its face, Exhibit B appears to be United States Patent No. 7,949,494 ("the '494 patent"), issued on March 24, 2011. ZK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42, and therefore denies them.

43. ZK denies the allegations contained in Paragraph 43, denies that it has infringed and continues to infringe one or more valid claims of the '494 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

44. ZK denies the allegations contained in Paragraph 44 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '494 Patent.

45. ZK denies the allegations contained in Paragraph 45 and denies that Blue Spike has been damaged by any acts of ZK. ZK further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK from committing infringing acts.

46. ZK denies the allegations contained in Paragraph 46 and denies that it infringes any valid claims of the '494 Patent, directly, contributorily, willfully, and/or by inducement.

47. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint and, therefore, denies them.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48. ZK repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 47 above.

49. ZK admits that, on its face, United States Patent No. 7,660,700 ("the '700 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore denies them.

50. ZK admits that, on its face, Exhibit C appears to be a copy of United States Patent No. 7,660,700 ("the '700 patent"), issued on February 9, 2010. ZK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50, and therefore denies them.

51. ZK denies the allegations contained in Paragraph 51, denies that it has infringed and continues to infringe one or more valid claims of the '700 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

52. ZK denies the allegations contained in Paragraph 52 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '700 Patent.

53. ZK denies the allegations contained in Paragraph 53 and denies that Blue Spike has been damaged by any acts of ZK. ZK further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK from committing infringing acts.

54. ZK denies the allegations contained in Paragraph 54 and denies that it infringes any valid claims of the '700 Patent, directly, contributorily, willfully, and/or by inducement.

55. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Amended Complaint and, therefore, denies them.

## COUNT FOUR
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56. ZK repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 55 above.

57. ZK admits that, on its face, United States Patent No. 7,346,472 ("the '472 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and therefore denies them.

58. ZK admits that, on its face, Exhibit D appears to be a copy of United States Patent No. 7,346,472 ("the '472 patent"), issued on March 18, 2008. ZK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58, and therefore denies them.

59. ZK denies the allegations contained in Paragraph 59, denies that it has infringed and continues to infringe one or more valid claims of the '472 Patent, directly, contributorily,

and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

60. ZK denies the allegations contained in Paragraph 60 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '472 Patent.

61. ZK denies the allegations contained in Paragraph 61 and denies that Blue Spike has been damaged by any acts of ZK. ZK further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining ZK from committing infringing acts.

62. ZK denies the allegations contained in Paragraph 62 and denies that it infringes any valid claims of the '472 Patent, directly, contributorily, willfully, and/or by inducement.

63. ZK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint and, therefore, denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

ZK incorporates herein by reference its answers to Paragraphs 1 through 63 of the Amended Complaint and denies that Plaintiff is entitled to any relief or judgment against ZK.

## DEMAND FOR JURY TRIAL

ZK admits that Plaintiff has demanded a trial by jury of this action.

## AFFIRMATIVE DEFENSES

ZK asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under applicable law. ZK reserves the right to amend its Answer to add additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

64. Blue Spike's Amended Complaint fails to state a claim upon which relief can be granted, and/or fails to plead the required allegations with sufficient particularity.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction and Improper Venue)

65. Blue Spike does not and cannot establish that sufficient grounds exist for this Court to exercise personal jurisdiction and/or venue over ZK in this District with regard to its asserted claims.

## THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

66. ZK has not infringed and does not infringe, directly, indirectly (such as by inducement or contributory infringement), or in any other manner, any valid and enforceable claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit") either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

67. Each of the asserted claims of the patents-in-suit are invalid and/or unenforceable for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including, but not limited to § 101, 102, 103 and/or 112.

**FIFTH AFFIRMATIVE DEFENSE**
**(Equitable Doctrines)**

68. Blue Spike's claims for relief are barred in whole or in part by equitable doctrines, including without limitation, laches, waiver, unclean hands, acquiescence, and/or equitable estoppel.

**SIXTH AFFIRMATIVE DEFENSE**
**(Limited Damages)**

69. Blue Spike's claim and demand for past damages against ZK for alleged infringement of the Patents-in-Suit is barred and/or limited by 35 U.S.C. §§ 286, 287, 288 and/or 28 U.S.C. § 1498.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

70. Plaintiff's claims for patent infringement are barred against ZK under the doctrine of prosecution history estoppel.

## COUNTERCLAIMS

Defendant ZK alleges these counterclaims against Blue Spike, LLC, as follows:

## PARTIES

1. Counterclaim-Plaintiff ZK Technology, LLC ("ZK") is a private corporation organized and existing under the laws of the State of New Jersey, having a place of business at 201 Circle Drive North, Suite 116, Piscataway, NJ 08854.

2. Upon information and belief, Counterclaim-Defendant Blue Spike, LLC ("Blue Spike") is a limited liability company organized and existing under the laws of the State of Texas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.

4. By filing its Original Complaint and Amended Complaint, Blue Spike has consented to personal jurisdiction in the Eastern District of Texas.

5. By filing its Original Complaint and Amended Complaint, Blue Spike has consented to venue in the Eastern District of Texas. ZK, through filing of these Counterclaims, specifically reserves and does not waive its contention that personal jurisdiction and venue for Blue Spike's Original Complaint and Amended Complaint are not proper pursuant to 28 U.S.C. §§ 1391 and 1404.

### COUNT I - DECLARATORY JUDGMENT OF INVALIDITY
### OF THE '472 PATENT

6. ZK repeats and incorporates by reference its allegations contained in Counterclaim Paragraphs 1 through 5 above.

7. The '472 Patent fails to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

8. Blue Spike has asserted that ZK infringes the '472 Patent. An actual case or controversy exists between ZK and Blue Spike as to whether the '472 Patent is invalid.

9. A judicial declaration is necessary and appropriate so that ZK may ascertain whether the '472 Patent is invalid.

### COUNT II - DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '472 PATENT

10. ZK repeats and incorporates by reference its allegations contained in Paragraphs 1 though 9 above.

11. ZK does not and has not infringed any valid claim of the '472 Patent, directly, contributorily, and/or by inducement.

12. Blue Spike has asserted that ZK infringes the '472 Patent. An actual case or controversy exists between ZK and Blue Spike as to whether ZK infringes the '472 Patent.

13. A judicial declaration is necessary and appropriate so that ZK may ascertain its rights with respect to the '472 Patent.

### COUNT III - DECLARATORY JUDGMENT OF INVALIDITY
### OF THE '700 PATENT

14. ZK repeats and incorporates by reference its allegations contained in Paragraphs 1 though 13 above.

15. The '700 Patent fails to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

16. Blue Spike has asserted that ZK infringes the '700 Patent. An actual case or controversy exists between ZK and Blue Spike as to whether the '700 Patent is invalid.

17. A judicial declaration is necessary and appropriate so that ZK may ascertain whether the '700 Patent is invalid.

### COUNT IV - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '700 PATENT

18. ZK repeats and incorporates by reference its allegations contained in Paragraphs 1 though 17 above.

19. ZK does not and has not infringed any valid claim of the '700 Patent, directly, contributorily, and/or by inducement.

20. Blue Spike has asserted that ZK infringes the '700 Patent. An actual case or controversy exists between ZK and Blue Spike as to whether ZK infringes the '700 Patent.

21. A judicial declaration is necessary and appropriate so that ZK may ascertain its rights with respect to the '700 Patent.

### COUNT V - DECLARATORY JUDGMENT OF INVALIDITY OF THE '494 PATENT

22. ZK repeats and incorporates by reference its allegations contained in Paragraphs 1 though 21 above.

23. The '494 Patent fails to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

24. Blue Spike has asserted that ZK infringes the '494 Patent. An actual case or controversy exists between ZK and Blue Spike as to whether the '494 Patent is invalid.

25. A judicial declaration is necessary and appropriate so that ZK may ascertain whether the '494 Patent is invalid.

### COUNT VI - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '494 PATENT

26. ZK repeats and incorporates by reference its allegations contained in Paragraphs 1 though 25 above.

27. ZK does not and has not infringed any valid claim of the '494 Patent, directly, contributorily, and/or by inducement.

28. Blue Spike has asserted that ZK infringes the '494 Patent. An actual case or controversy exists between ZK and Blue Spike as to whether ZK infringes the '494 Patent.

29. A judicial declaration is necessary and appropriate so that ZK may ascertain its rights with respect to the '494 Patent.

### COUNT VII - DECLARATORY JUDGMENT OF INVALIDITY OF THE '175 PATENT

30. ZK repeats and incorporates by reference its allegations contained in Paragraphs 1 though 29 above.

31. The '175 Patent fails to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

32. Blue Spike has asserted that ZK infringes the '175 Patent. An actual case or controversy exists between ZK and Blue Spike as to whether the '175 Patent is invalid.

33. A judicial declaration is necessary and appropriate so that ZK may ascertain whether the '175 Patent is invalid.

- 17 -

## COUNT VIII - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '175 PATENT

34. ZK repeats and incorporates by reference its allegations contained in Paragraphs 1 though 33 above.

35. ZK does not and has not infringed any valid claim of the '175 Patent, directly, contributorily, and/or by inducement.

36. Blue Spike has asserted that ZK infringes the '175 Patent. An actual case or controversy exists between ZK and Blue Spike as to whether ZK infringes the '175 Patent.

37. A judicial declaration is necessary and appropriate so that ZK may ascertain its rights with respect to the '175 Patent.

## EXCEPTIONAL CASE

38. On information and belief, this case is exceptional and ZK is entitled to an award of its attorneys fees related to defending against Blue Spike's assertion of infringement claims against ZK because Blue Spike's has or should have knowledge that ZK does not infringe any valid claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid.

## PRAYER FOR RELIEF

39. ZK incorporates each of the allegations in its Counterclaims, Paragraphs 1-38 above, and respectfully requests that this Court enter judgment in its favor and grant the following relief:

   a. Enter and order and judgment dismissing Blue Spike's Original Complaint and Amended Complaint against ZK with prejudice;

   b. Enter a declaration that ZK does not and has not infringed any of the Patents-in-Suit directly, contributorily, and/or by inducement;

   c. Enter a declaration that the Patents-in-Suit are invalid;

   d. Enter a declaration that this case is exceptional and award ZK reasonable costs and expenses of litigation, including attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

   e. Grant such other and further relief that the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

40. Pursuant to Fed. R. Civ. P. 38(b), Counterclaim-Plaintiff ZK hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| Dated:  February 7, 2013 | Respectfully submitted,<br><br>  /s/  Robert F. Kramer  <br>        Robert F. Kramer<br><br>Robert F. Kramer, CA Bar No. 181706<br>(Admitted E.D. Texas)<br>robert.kramer@snrdenton.com<br>Charles Gideon Korrell, CA Bar No. 284890<br>(Admitted E.D. Texas)<br>gideon.korrell@snrdenton.com<br>**SNR DENTON US LLP**<br>1530 Page Mill Road, Suite 200<br>Palo Alto, CA 94304<br>Telephone:  (650) 798-0300<br>Facsimile:  (650) 798-0310<br><br>***ATTORNEYS FOR DEFENDANT***<br>***ZK TECHNOLOGY, LLC.*** |

**CERTIFICATE OF SERVICE**

      I, Charles Gideon Korrell, am the ECF User whose ID and password are being used to file this document. I hereby certify that I have permission of the lead attorney to file and that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail this 7th day of February, 2013.

                                          /s/ C. Gideon Korrell
                                          Charles Gideon Korrell