UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff*, | § | CASE NO. 6:12-cv-499 MHS |
| v. | § | LEAD CASE |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
|     *Defendants*. | § | |
| | § | |
| Blue Spike, LLC, | § | |
|     *Plaintiff*, | § | CASE NO. 6:12-cv-568 MHS |
| v. | § | CONSOLIDATED CASE |
| Zeitera, LLC, et al. | § | Jury Trial Demanded |
|     *Defendant*. | § | |

**PLAINTIFF'S OPPOSED MOTION TO AUTHORIZE JURISDICTIONAL
DISCOVERY FROM ENSEQUENCE, INC.**

Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), Plaintiff Blue Spike, LLC files this Motion to Authorize Jurisdictional Discovery From Defendant Ensequence, Inc. and states:

1.    Blue Spike filed its original Complaint in this patent infringement action on August 23, 2012.

2.    On October 22, 2012, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and (3). In the motion, Defendant contends that this Court lacks personal jurisdiction over it and that the claims against it should therefore be dismissed.

1

3. On November 8, 2012, Blue Spike filed its Response to Defendant's Motion to Dismiss. In its Response, Blue Spike outlines the basis for this Court's jurisdiction over Defendant—namely, that Defendant's websites operate as active vehicles for soliciting business in Texas and that Defendant necessarily uses its contacts with Texas to infringe the patents-in-suit.

4. If, however, the Court believes additional evidence on these issues is necessary, Blue Spike requests that the Court enter an Order authorizing Blue Spike to conduct specific jurisdictional discovery regarding Defendant. The Federal Circuit has repeatedly held that where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facie* showing of jurisdiction. *See, e.g.*, *Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998); *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). Blue Spike has made that showing and now requests jurisdictional discovery to supplement it.

5. This discovery, attached to this Motion as Exhibits 1 through 3, will primarily ask for information about the following issues: (1) Defendant's solicitation of customers, prospective employees, and business in Texas; (2) the extent of Defendant's broadcast monitoring activities within Texas or concerning Texas sources; (3) Defendant's collection of data and other information from sources within Texas; (4) Defendant's sales or distribution of products and services that reach Texas consumers; and (5) Defendant's creation or use of sales networks or relationships that reach into Texas. Other discovery may be necessary as well, but these items are indisputably relevant to Defendant's claims that it does not conduct business in Texas or this District.

6. The requested discovery and disclosures will also provide Blue Spike with additional evidence to include in an Amended Complaint and submit in an amended opposition to Defendant's Motion to Dismiss. These are additional reasons for the Court to authorize the requested discovery and disclosures. *See Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (holding that jurisdictional discovery is appropriate where party demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("jurisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse").

7. Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), and for the reasons stated above, Blue Spike respectfully requests that the Court grant this Motion. Specifically, Blue Spike requests: (1) that it be allowed to propound the attached interrogatories and requests for production to Defendant dealing specifically with jurisdictional issues; (2) that these discovery requests not count against the limited number of discovery requests available to Plaintiff under the Federal Rules of Civil Procedure and this Court's local rules; (3) that it be allowed to depose Rule 30(b)(6) representatives most knowledgeable about the jurisdictional issues raised by Defendant; and (4) that the Defendant be ordered to produce all documents and information relevant to its jurisdictional defenses within 30 days; and (5) that Blue Spike be allowed to file an amended Response to Defendant's Motion to Dismiss and an Amended Complaint after conducting this discovery.

///

WHEREFORE, Blue Spike prays that the Court grant its Motion and enter an order authorizing the requested discovery and mandating the requested disclosures.

    Respectfully submitted,

    /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  randall.garteiser@sftrialattorneys.com
Christopher A. Honea
  Texas Bar No. 24059967
  chris.honea@sftrialattorneys.com
Christopher S. Johns
  Texas Bar No. 24044849
  chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

Eric M. Albritton
  Texas State Bar No. 00790215
  ema@emafirm.com
Stephen E. Edwards
  Texas State Bar No. 00784008
  see@emafirm.com
Michael A. Benefield
  Texas State Bar No. 24073408
  mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449
(903) 758-7397 fax

*Counsel for Blue Spike, LLC*

### CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

    /s/ Randall T. Garteiser
Randall T. Garteiser

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Plaintiff and counsel for Defendant had a personal conference by telephone on February 26, 2013.  Christopher A. Honea, lead counsel, and Michael A. Benefield, local counsel, participated on behalf of the plaintiff.  Scott Eads, lead counsel, participated on behalf of the Defendant, Ensequence, Inc.  During this conference, the participants gave each other the opportunity to express his or her views concerning the dispute.  Moreover, the participants compared views and discussed the issues in an attempt to resolve their differing views.  The participants sincerely attempted to present the merits of their respective positions and meaningfully assess the relative strength and weaknesses of their positions.  Despite meeting and conferring in good faith, the discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Thus, this motion is opposed.  Local Rule CV-7(i).

    /s/ Randall T. Garteiser
Randall T. Garteiser

    /s/ Christopher A. Honea
Christopher A. Honea

    /s/ Michael Benefield
Michael Benefield