**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC., *et al.*,<br><br>　　　　　Defendants. | §§§§§§§§§§§§§ | Civil Action No. 6:12-cv-499<br><br>LEAD CASE |
| BLUE SPIKE, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AOPTIX TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | §§§§§§§§§§§§§§ | Civil Action Case No. 6:13-cv-40<br><br>CONSOLIDATED CASE |

**DEFENDANT AOPTIX TECHNOLOGIES, INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 1

III. THE COURT LACKS PERSONAL JURISDICTION OVER AOPTIX ......................... 2

    A. AOptix Is Not Subject to General Jurisdiction in the Eastern District of Texas ..................................................................................................................... 3

    B. AOptix Is Not Subject to Specific Jurisdiction in the Eastern District of Texas ..................................................................................................................... 4

    C. AOptix's Website Provides Insufficient Grounds to Find Personal Jurisdiction ............................................................................................................. 5

IV. VENUE IS IMPROPER WITH RESPECT TO AOPTIX ................................................ 6

V. CONCLUSION ................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Type Culture Collection, Inc. v. Coleman*,
  83 S.W.3d 801 (Tex. 2002) ............................................................................................................2

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ......................................................................................................................4

*Fielding v. Hubert Burda Media, Inc.*,
  415 F.3d 419 (5th Cir. 2005) .........................................................................................................2

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
  199 F.3d 1343 ( D.C. Cir. 2000) ....................................................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ......................................................................................................................3

*HollyAnne Corp. v. TFT, Inc.*,
  199 F.3d 1304 (Fed. Cir. 1999) .................................................................................................2, 4

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ......................................................................................................................2

*Milliken v. Meyer*,
  311 U.S. 457 (1940) ......................................................................................................................2

*Mink v. AAAA Dev. LLC*,
  190 F.3d 333 (5th Cir. 1999) .........................................................................................................5

*Pennington Seed, Inc. v. Produce Exchange No. 299*,
  457 F.3d 1334 (Fed. Cir. 2006) .....................................................................................................2

*Powerhouse Prods., Inc. v. Widgery*,
  564 F.Supp.2d 672 (E.D. Tex. 2008) ............................................................................................3

*QR Spex, Inc. v. Motorola, Inc.*,
  507 F. Supp. 2d 650 (E.D. Tex. 2007) ..........................................................................................5

*Rannoch, Inc. v. Rannoch Corp.*,
  52 F. Supp. 2d 681 (E.D. Va. 1999) .............................................................................................6

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*,
  563 F.3d 1285 (Fed. Cir.2009) ......................................................................................................3

- iii -

## TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

**STATUTES**

28 U.S.C. § 1391(c) ...........................................................................................................6

28 U.S.C. § 1400(b) ...........................................................................................................6

**RULES**

Fed. R. Civ. P. 12(b) .......................................................................................................1, 6

## I.  INTRODUCTION

Defendant AOptix Technologies, Inc. ("AOptix"), pursuant to Rule 12(b)(2-3) of the Federal Rules of Civil Procedure, respectfully moves the Court to dismiss this case for lack of personal jurisdiction and improper venue.

In its Original Complaint for Patent Infringement ("Complaint"), Plaintiff Blue Spike, LLC ("Blue Spike") asserts, in a blanket allegation, that the Court has personal jurisdiction over AOptix on the grounds that it regularly does business in Texas and within the Eastern District of Texas, engages in persistent conduct and derives substantial revenue from sales made in Texas and within the Eastern District of Texas, established systematic contacts with the Eastern District of Texas, and committed acts of infringement in in the State of Texas and within the Eastern District of Texas. *See* Complaint, Dkt No. 1, at ¶¶ 3, 5. As more fully explained below, none of these allegations are true.

Given AOptix's complete lack of ties to this forum, personal jurisdiction is improper under Texas's long-arm statute as well as the Constitution's due process requirements. AOptix has no employees, offices or any other physical presence in this State. It does not have customers in Texas. Indeed, AOptix has never sold or offered to sell any products in Texas. The exercise of general or specific jurisdiction is therefore improper.

Because Blue Spike's allegations concerning personal jurisdiction and venue lack basis, AOptix respectfully requests that this case be dismissed.

## II.  FACTUAL BACKGROUND

Blue Spike filed its Complaint in this action on January 8, 2013, against AOptix. AOptix filed a request for an extension to respond to the Complaint on February 5, 2013. Dkt. 482. The Court granted that extension on the same day.

AOptix has no presence in the state of Texas. AOptix does not sell any goods and services in the State of Texas. Declaration of Thomas Rainwater ("Rainwater Decl."), ¶¶ 13-14.

It does not have any employees, offices or any other physical presence in Texas. *Id.* at ¶¶ 3, 5. It does not own any property in the state (either real property or personal property, such as computer servers), and it does not maintain any facilities or equipment in Texas. *Id.* at ¶¶ 3, 7-8. AOptix is not registered to do business in Texas. *Id.* at ¶ 4. No AOptix employees or directors reside in Texas. *Id.* at ¶ 5. AOptix maintains no bank accounts in Texas. *Id.* at ¶ 6. AOptix has no customers in Texas, and has never sold or offered to sell any products, including the products accused of infringement, in Texas. *Id*. at ¶¶ 13-14.

AOptix maintains a website, www.aoptix.com, that is available to users anywhere in the world. *Id.* at ¶ 10. The website serves only an informational purpose. *See id*. Users cannot consummate sales through the website. *Id*.

## III. THE COURT LACKS PERSONAL JURISDICTION OVER AOPTIX

In patent cases, the determination of whether a Court has personal jurisdiction over a defendant is governed by the law of the Federal Circuit. *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006). Personal jurisdiction over an out-of-state defendant is only proper if it is permitted under the forum state's long-arm statute and the exercise of that jurisdiction comports with the due process requirements of the Constitution of the United States. *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999). Texas's Supreme Court has interpreted its state's long arm statute as coextensive with the limits of due process. *Fielding v. Hubert Burda Media, Inc*., 415 F.3d 419, 424-25 (5th Cir. 2005); *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).

The due process analysis focuses on the number and nature of a defendant's contacts with the forum to determine if the defendant has sufficient "minimum contacts… such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457,

463 (1940)).  Minimum contacts can be analyzed in terms of general or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  Blue Spike bears the burden of demonstrating that the Court can exercise either general or specific jurisdiction over AOptix.  *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1294 (Fed. Cir.2009) ("[T]he plaintiff bears the burden of proof as to whether the defendant is subject to personal jurisdiction."); *Powerhouse Prods., Inc. v. Widgery*, 564 F.Supp.2d 672, 677 (E.D. Tex. 2008) ("the burden of establishing the district court's jurisdiction lies with the party seeking to invoke the court's jurisdiction").  As more fully laid out below, Blue Spike cannot meet its burden on either front.

        **A.**    <u>**AOptix Is Not Subject to General Jurisdiction in the Eastern District of Texas**</u>

AOptix cannot be subject to general jurisdiction in the Eastern District of Texas, because it has no real presence in the State of Texas at all—let alone the "continuous and systematic" contacts necessary to subject it to general jurisdiction.  A defendant is subject to general jurisdiction only if the defendant has had "continuous and systematic" contacts with the forum state.  *Helicopteros Nacionales*, 466 U.S. at 416.  These continuous and systematic contacts must be so extensive as to make it fundamentally fair to require the defendant to answer in a Texas court in any litigation arising out of any transaction or occurrence taking place anywhere in the world.  *Id.* at 414.

In its Complaint, Blue Spike has not even alleged general personal jurisdiction with any detail or particularity.  It instead merely alleges that AOptix engages in persistent conduct and derives substantial revenue from sales made in Texas and within the Eastern District of Texas, and regularly does business in and has established systematic contacts with the Eastern District of Texas.  Complaint at ¶¶ 3, 5.  These allegations are simply not correct.   AOptix does not sell any goods

and services in Texas. Rainwater Decl. at ¶¶ 13-14. It has no employees, offices or other physical presence in the state, has no property in the state (either real property or personal property, such as computer servers), and it does not maintain any facilities or equipment in the state. *Id.* at ¶¶ 3-9. In sum, AOptix has not attempted to take advantage of this forum in any continuous or systematic way. Accordingly, Blue Spike has fallen far short of demonstrating that the Court can exercise general jurisdiction over AOptix.

### B. AOptix Is Not Subject to Specific Jurisdiction in the Eastern District of Texas

Under specific jurisdiction, a defendant can only be subjected to jurisdiction when the contacts with the forum arise from, or are directly related to, the cause of action asserted. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). In patent cases, the Federal Circuit has established that specific jurisdiction exists only if the following three conditions are satisfied: (1) the defendant purposefully directed its activities at the residents of the forum; (2) the alleged infringement arose out of or is related to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *See HollyAnne Corp.*, 199 F.3d at 1307-08. Not a single one of these conditions is satisfied with respect to AOptix, and accordingly it is not subject to specific jurisdiction in this district.

As demonstrated by the facts described above, AOptix has not purposefully directed activities toward the residents of Texas. AOptix does not sell any goods and services in Texas. Rainwater Decl. at ¶¶ 13-14. AOptix does not have any employees, offices or any other physical presence in Texas. *Id.* at ¶¶ 3-9. It does not own any property in Texas, and it does not maintain any facilities or equipment in Texas. *Id.*

Blue Spike's Complaint accuses AOptix of making, using, providing, offering to sell, and selling accused products in Texas, and of contributing to and inducing the alleged infringement

of others in Texas.  *See* Complaint at ¶¶ 5-6, 35, 43, 51, 59.  Blue Spike is mistaken.  AOptix's operations are based in California, and it has never sold or even offered to sell the accused products in Texas.  Rainwater Decl. at ¶¶ 13-14.  Nor has it induced or contributed to another's alleged infringement in the State of Texas.  *See id*.  AOptix, therefore, has engaged in no act in Texas giving rise or related to the claims asserted by Blue Spike.

With respect to the final condition for specific jurisdiction, it would be unreasonable and unfair to subject AOptix to specific jurisdiction in light of the foregoing facts.  There is simply no connection between the alleged acts of infringement and the State of Texas.

### C. **AOptix's Website Provides Insufficient Grounds to Find Personal Jurisdiction**

AOptix's operation of its website (www.aoptix.com) that is available worldwide over the Internet is not sufficient basis to find personal jurisdiction over AOptix.

Defendants' mere Internet presence does not support jurisdiction in Texas.  As a general rule, the ability of residents to access a defendant's website does not by itself show any persistent course of conduct by the defendant in the forum.  *QR Spex, Inc. v. Motorola, Inc*., 507 F. Supp. 2d 650, 662 (E.D. Tex. 2007).   Personal jurisdiction cannot be based solely on the ability of residents to access a defendant's website.  *GTE New Media Servs., Inc. v. BellSouth Corp*., 199 F.3d 1343, 1349-50 ( D.C. Cir. 2000).  If the contrary were true, "personal jurisdiction in Internet –related cases would almost always be found in any forum in the country" thereby vitiating long-held and inviolable principles of federal court jurisdiction.  *Id*. at 1350.

The limited functions of the AOptix website do not represent the type of interactivity required for personal jurisdiction to arise.  *See, e.g. Mink v. AAAA Dev. LLC*, 190 F.3d 333, 337 (5th Cir. 1999) (website providing users with an email address, a printable order form and toll free number on a website without more, is insufficient to establish personal jurisdiction);

*Rannoch, Inc. v. Rannoch Corp.,* 52 F. Supp. 2d 681, 685 (E.D. Va. 1999). AOptix's website is for information purposes only. AOptix's website does not take any customer orders and only serves to provide information regarding its product and services. Rainwater Decl. at ¶ 10. The website is hosted on servers in California. *Id*. Clearly, the website is insufficient to establish jurisdiction in Texas.

## IV. VENUE IS IMPROPER WITH RESPECT TO AOPTIX

Under 28 U.S.C. § 1400(b), a civil action for patent infringement may be brought in (1) the judicial district where the defendant resides, or (2) where the defendant has committed acts of infringement and has an established place of business. For the purpose of venue, a corporation is considered a resident of any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Since AOptix is not subject to personal jurisdiction in the Eastern District of Texas, as discussed *supra*, it is not considered a resident of that district. Because AOptix also lacks a place of business in this district, venue is therefore improper under 28 U.S.C. § 1400(b). Accordingly, AOptix should be dismissed under rule 12(b)(3) of the Federal Rules of Civil Procedure.

## V. CONCLUSION

For the reasons stated above, AOptix respectfully requests that the Court dismiss Blue Spike's claims against AOptix.

Dated: March 11, 2013                               FENWICK & WEST LLP


                                                    By:   */s/ Bryan A. Kohm*
                                                          Bryan A. Kohm
                                                          bkohm@fenwick.com

                                                    Teresa M. Corbin, CA Bar No. 132360
                                                    (Admitted E.D. Texas)
                                                    Bryan A. Kohm, CA Bar No.233276
                                                    (Admitted E.D. Texas)
                                                    David Lacy Kusters, CA Bar No.241335
                                                    (Admitted E.D. Texas)
                                                    FENWICK & WEST LLP
                                                    555 California Street, 12th Floor
                                                    San Francisco, California 94104
                                                    Telephone:     (415) 874-2300
                                                    Facsimile:     (415) 281-1350

                                                    Darren E. Donnelly, CA Bar No. 194335
                                                    (Admitted E.D. Texas)
                                                    FENWICK & WEST LLP
                                                    Silicon Valley Center
                                                    801 California Street
                                                    Mountain View, California  94041
                                                    Telephone:     (650) 955-8500
                                                    Facsimile:     (650) 983-5200

                                                    Attorneys for Defendant
                                                    AOptix Technologies, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 11, 2013.

>                                       */s/ Bryan A. Kohm*
>                                       Bryan A. Kohm