# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:12-CV-499 |
| vs. | § § | (LEAD CASE) |
| TEXAS INSTRUMENTS, INC. et al., | § § | |
| Defendants. | § § | JURY TRIAL DEMANDED |
| | § § § § § | |
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:12-CV-594 |
| vs. | § § | (CONSOLIDATED WITH 6:12-CV-499) |
| CBS CORP., and LAST.FM LTD., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § § | |

**DEFENDANTS CBS CORPORATION AND LAST.FM LTD.'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................................ 1

**ARGUMENT** .............................................................................................................................. 2

I.    **Blue Spike's INFRINGEMENT Claims Against CBS Corporation SHOULD Be Dismissed For Failure To STATE A CLAIM** .......................................................... 2

    A.    **The Pleading Requirements Imposed By The Federal Rules Of Civil Procedure** ............................................................................................................ 2

    B.    **Blue Spike Fails To Plead The Necessary Facts To Hold CBS Liable For The Alleged Actions Of Its Subsidiary** ........................................................ 3

II.    **Blue Spike's Claims Against LAST.FM SHOULD BE Dismissed For Lack of Personal Jurisdiction AND IMPROPER VENUE** .......................................................... 4

    A.    **Legal Standard for the Exercise of Personal Jurisdiction** ................................ 4

    B.    **UK-Established And Operated Last.fm Lacks Minimum Contacts With The State Of Texas** ................................................................................... 5

    C.    **Blue Spike Does Not And Cannot Plead Facts To Establish That The Exercise of Personal Jurisdiction Over Last.fm Accords With Due Process** ................................................................................................................ 6

    D.    **Venue Is Improper In This District As To Last.fm** ........................................... 9

**CONCLUSION** ........................................................................................................................ 10

-ii-

# **TABLE OF AUTHORITIES**

**Cases**

*A. Stucki Co. v. Worthington Industries, Inc.*,
   849 F.2d 593 ............................................................................................................... 4

*Am. Type Culture Collection, Inc. v. Coleman*,
   83 S.W. 3d 801 (Tex. 2002) ....................................................................................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2007) .......................................................................................... 1, 4, 7

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009) .................................................................................. 5

*Avocent Huntsville Corp. v. Aten Intern. Co.*,
   552 F. 3d 1324 (Fed. Cir. 2008) ............................................................................. 4, 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................... 1, 3, 8

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ................................................................................................... 5

*C.R. Bard., Inc. v. Guidant Corp.*,
   997 F. Supp. 556 (D. Del. 1998) ................................................................................ 3

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
   284 F.3d 1114 (9th Cir. 2002) .................................................................................... 7

*GTE New Media Services, Inc. v. BellSouth Corp.*,
   199 F.3d 1343 (D.C. Cir. 2000) ................................................................................. 8

*Hanson v. Denckla*,
   357 U.S. 235 (1958) ................................................................................................... 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ................................................................................................... 5

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................................... 4

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008) ..................................................................................... 7

-iii-

*L&H Concepts LLC v. Schmidt,*
  No. 6:07-cv-65, 2007 WL 4165259 (E.D. Tex. Nov. 20, 2007).................................................. 8

*Mothers Against Drunk Driving v. DAMMADD, Inc.*,
  Case No. 3:02-cv-1712, 2003 U.S. Dist. LEXIS 1800 (N.D. Tex. Feb. 7, 2003) ...................... 7

*Perkins v. Benguet Consol. Mining Co.*,
  342 U.S. 437 (1952).................................................................................................................. 5

*QR Spex, Inc. v. Motorola, Inc.*,
  507 F. Supp. 2d 650 (E.D. Tex. 2007)...................................................................................... 9

*Red Wing Shoe Co.* v. *Hockerson-Halbertsadt, Inc.*,
  148 F.3d 1355 (Fed. Cir. 1998).................................................................................................. 5

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
  Case No. 04-1199, 2005 U.S. Dist. Lexis 6797 (D. Del. April 13, 2005) ................................ 3

*TIP Sys., LLC v. SBC Operations, Inc.*,
  536 F. Supp. 2d 745 (S.D. Tex. 2008) ................................................................................. 3, 4

*United States v. Bestfoods*,
  524 U.S. 51 (1998).................................................................................................................... 3

**Statutes**

28 U.S.C. § 1391(c) ......................................................................................................................... 9

28 U.S.C. § 1400(b) ........................................................................................................................ 9

Fed. R. Civ. P. 8(a)(2).................................................................................................................... 2

Fed. R. Civ. P. 12(b)(3)................................................................................................................ 10

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b), defendants CBS Corporation ("CBS") and Last.fm Ltd. ("Last.fm") move to dismiss Plaintiff Blue Spike, LLC's ("Blue Spike") Amended Complaint for failure to state a claim upon which relief can be granted as to CBS and for lack of personal jurisdiction and improper venue as to Last.fm.  Without an adequate, well-pleaded complaint, the Court should not permit Blue Spike to impose the costs and burden of discovery and eventually trial on the Court and Defendants.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2007).

Under Rule 8 of the Federal Rules of Civil Procedure and the controlling precedent interpreting it, a plaintiff is obligated to set forth facts, not mere legal conclusions or unsupported assertions, that give rise to the reasonable inference that a defendant is liable and subject to the jurisdiction of the Court.  Blue Spike does not allege the facts (as opposed to unsupported conclusions or legal assertions) necessary to maintain its suit against either CBS or Last.fm.  With respect to CBS, Blue Spike does not allege any facts sufficient to impose liability on corporate parent CBS for the alleged infringement of its subsidiary Last.fm.  As to Last.fm, Blue Spike alleges that personal jurisdiction over Last.fm is proper, yet it does little more than echo the Texas long-arm statute and the well-known legal principles that govern the due process inquiry under the Fourteenth Amendment to the U.S. Constitution.  Given its concession that Last.fm is a London-based, U.K. corporation, Blue Spike should have, but obviously could not, properly plead facts sufficient to sustain personal jurisdiction—or proper venue—over Last.fm in Texas.  Indeed, in light of Last.fm's limited Texas contacts, as the declaration of Last.fm Managing Director Simon Moran establishes, the exercise of personal jurisdiction over Last.fm does not comport with the requirements of due process.

## ARGUMENT

I.  **BLUE SPIKE'S INFRINGEMENT CLAIMS AGAINST CBS CORPORATION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

   A.  **The Pleading Requirements Imposed By The Federal Rules Of Civil Procedure**

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Although lengthy factual allegations are not required, they must be "enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Indeed, the right to relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To demonstrate plausibility, a plaintiff must go beyond pleading facts that are "merely consistent with a defendant's liability" to pleading facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Moreover, the burden to show a plausible right to relief and the requisite reasonable inference that a defendant is liable can only be met based on well-pleaded factual allegations, not on mere legal conclusions or unsupported factual assertions. *Twombly*, 550 U.S. at 555. As the Supreme Court ruled, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Nor are legal conclusions—as opposed to well-pleaded factual allegations—presumed to be true in the context of a motion to dismiss. *Id.*

### B. Blue Spike Fails To Plead The Necessary Facts To Hold CBS Liable For The Alleged Actions Of Its Subsidiary

The claims against CBS should be dismissed because Blue Spike has not alleged any facts sufficient to establish CBS's liability for the alleged infringement of its separately incorporated and distinct subsidiary Last.fm. The general rule is that a parent corporation normally cannot be held liable for the actions of its subsidiaries. *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, Case No. 04-1199, 2005 U.S. Dist. Lexis 6797, at *8 (D. Del. April 13, 2005) (citing *United States v. Bestfoods*, 524 U.S. 51 (1998)); *TIP Sys., LLC v. SBC Operations, Inc.*, 536 F. Supp. 2d 745, 753 (S.D. Tex. 2008). To find a parent liable for the infringing activities of a subsidiary, the subsidiary must either be the alter ego or the agent of the parent. *SRI*, 2005 U.S. Dist. Lexis 6797, at *8. The alter ego test requires a showing of a "lack of attention to corporate formalities or complete domination or control by the parent corporation." *Id.* at *9. A close relationship between parent and subsidiary is not enough, as "there must be a showing that the parent/subsidiary relationship would work a fraud, injustice, or inequity." *Id.* The agency test requires a showing that the parent directs the infringing activity. *Id.* The test focuses on "the arrangement between the parent and the subsidiary, the authority given in that arrangement, and the relevance of that arrangement to the plaintiff's claim." *Id.* at *10 (quoting *C.R. Bard., Inc. v. Guidant Corp.*, 997 F. Supp. 556, 560 (D. Del. 1998)).

Blue Spike's *only* specific allegations as to CBS's potential liability for its subsidiary's alleged infringement are that CBS is the corporate parent of Last.fm and that CBS "owns" Last.fm. Am. Complaint [D.I. 320] at ¶¶ 3-4. As Blue Spike's Complaint appears to concede, *see id.,* Last.fm is a separate corporate entity from CBS, *see* Declaration of Simon Moran ("Moran Decl.") ¶ 17. The mere recitation of this corporate relationship clearly falls far short of factual allegations that—if proved true—could satisfy the standards for imposing liability on a

parent corporation.  *See A. Stucki Co. v. Worthington Industries, Inc.*, 849 F.2d 593, 596 (explaining that a corporate parent can be held liable for the direct infringement by its subsidiary "only if the evidence reveals circumstances justifying disregard of the status of [the subsidiary] and [the parent] as distinct, separate corporations").  Furthermore, the "'mere ownership of stock is not enough to pierce the corporate veil' to hold a parent company liable for its subsidiary's patent infringement." *TIP Sys.*, 536 F. Supp. 2d 745 at 753 (quoting *A. Stucki*, 849 F.2d at 598).  Blue Spike's complaint wholly fails to allege a relationship between CBS and Last.fm—much less any specific actions taken by CBS—that might subject CBS to liability even if Blue Spike were to prevail in its infringement claims against Last.fm.  For these reasons, the claims against CBS should be dismissed.

## II.     BLUE SPIKE'S CLAIMS AGAINST LAST.FM SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

### A.     Legal Standard for the Exercise of Personal Jurisdiction

Federal Circuit law governs the exercise of personal jurisdiction over a defendant in a patent infringement action.  *Avocent Huntsville Corp. v. Aten Intern. Co.*, 552 F. 3d 1324, 1328 (Fed. Cir. 2008).  Determining whether personal jurisdiction over a nonresident is proper is a two-part inquiry: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of jurisdiction would be inconsistent with due process.  *Id.* at 1329.  Because the Texas long-arm statute reaches as far as the federal constitutional requirements of due process will allow, the analysis collapses to whether the exercise of personal jurisdiction comports with due process requirements.  *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W. 3d 801, 806 (Tex. 2002) (internal quotation marks omitted); *see Avocent*, 552 F.3d at 1329.  Federal Circuit law applies the "minimum contacts" test first expressed in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), to perform the due process analysis.  *Avocent*, 552 F.3d at

1329; *Red Wing Shoe Co.* v. *Hockerson-Halbertsadt, Inc.*, 148 F.3d 1355, 1358 & n.\* (Fed. Cir. 1998).

The "minimum contacts" requirement may be met through contacts sufficient to assert either "specific" or "general" jurisdiction. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). Specific jurisdiction is appropriate when the lawsuit arises out of, or is related to, the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.8 (1984). General personal jurisdiction may attach even if the suit does not arise from the defendant's contacts with the forum, but only if the defendant's contacts with the forum are "substantial," "continuous and systematic." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445-46 (1952); *id.* at 414-16 & n.9. Even if the plaintiff establishes contacts sufficient to support specific or general jurisdiction, a defendant may still defeat exercise of personal jurisdiction by "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

Applying these standards, Blue Spike's Amended Complaint does not and cannot plead facts to establish that either specific or general personal jurisdiction over Last.fm exists in this judicial district. Accordingly, Blue Spike's Complaint against Last.fm should be dismissed.

### B. UK-Established And Operated Last.fm Lacks Minimum Contacts With The State Of Texas

Last.fm is a music recommendation service and social music platform. Moran Decl. ¶ 2. Its internet radio business is based entirely outside of Texas—indeed outside of the United States. Moran Decl. ¶¶ 13-15. As Blue Spike's pleadings recognize, *see* Am. Complaint [D.I. 320] ¶ 4, Last.fm is a legal entity registered and established under the laws of England, with its principal place of business located in London, England, Moran Decl. ¶ 3. Last.fm has not sent

directors, officers or other employees to conduct business in Texas, nor has it negotiated or entered into advertising or other contracts with merchants in Texas. *Id.* ¶¶ 7-8. It does not maintain any Texas offices; does not own, lease or rent real estate in Texas; and does not have an agent for service of process or for any other purpose in Texas. *Id.* ¶¶ 4-6. Last.fm has no physical presence in Texas. Similarly, Last.fm's internet business is maintained and operated outside of the United States and is not specifically directed at or controlled by Texas residents. *Id.* ¶¶ 10, 13-16. Furthermore, Last.fm's internet radio users are located outside of Texas, except for a very small percentage (i.e., less than 2%). *Id.* ¶ 11. Reflective of Last.fm's decision not to target Texas or its residents, Last.fm does not track Texas revenue and is without reasonable means by which to derive revenue attributable to Texas with precision; however, except for a very small percentage of its total revenue, Last.fm's revenue is derived from outside of Texas. *Id.* ¶ 12.

### C. Blue Spike Does Not And Cannot Plead Facts To Establish That The Exercise of Personal Jurisdiction Over Last.fm Accords With Due Process

The jurisdictional statement in Blue Spike's Amended Complaint amounts to a bare recitation of legal conclusions, as to which Blue Spike has failed to assert any underlying facts. *See* Am. Complaint [D.I. 320] ¶ 6 ("Defendant regularly does business or solicits business in this District and in Texas … engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas … Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court there[.]") Blue Spike does not—nor could it—allege facts sufficient for the exercise of either general or specific jurisdiction over Last.fm by this Court. As shown by the Moran Declaration, *see supra* Section II.B., Last.fm does not have any ties to the Eastern District of Texas that approach the level of "continuous and

systematic" contacts that "approximate physical presence" required to establish general personal jurisdiction. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002) (describing the extent of the contacts found necessary to support the exercise of general jurisdiction by the Supreme Court in *Perkins*, 342 U.S. 437, *supra*); *see also Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 611 (5th Cir. 2008) (holding that no general jurisdiction was present where less than three percent of defendants' product sales over a five-year period were made to Texas customers, even where defendant periodically sent representatives to Texas to service those products).

As to jurisdiction relating to the accused infringement in this case, aside from Blue Spike's conclusory allegations parroting legal standards, *see* Am. Complaint [D.I. 320] ¶ 6, no *facts* have been pleaded that support specific jurisdiction over Last.fm in Texas. *See* Am. Complaint [D.I. 320] ¶ 6. ("Defendant has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this district and elsewhere in Texas"). Even were Blue Spike to have alleged facts that might create some connection between Last.fm and Texas for purposes of this action, the Moran Declaration establishes that Last.fm does not target Texas residents and, in fact, a very small percentage of its users are located in Texas. *See, e.g.*, Moran Decl. ¶¶ 10-11; *Mothers Against Drunk Driving v. DAMMADD, Inc.*, Case No. 3:02-cv-1712, 2003 U.S. Dist. LEXIS 1800, at *20 (N.D. Tex. Feb. 7, 2003) (holding that where less than three percent of website contacts alleged as the basis for trademark infringement action originated in Texas, such "attenuated contacts with Texas … fail to meet the minimum threshold for specific jurisdiction"). Moreover, given the vague nature of Blue Spike's Amended Complaint, it is unclear from Blue Spike's allegations whether even a small fraction of users of Last.fm's services—in Texas or elsewhere—are accused of infringement. *See* Am.

Complaint ¶ 28 (identifying as "Accused Products" the "Last.fm Scrobbler *and* fingerprint library module *and* client software, systems, and technology) (emphasis supplied). This is yet another example of why Blue Spike's Amended Complaint fails to meet the requirement to plead the basis for its requested relief with more than solely "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The mere fact that Texas residents may access Last.fm's website from this District cannot establish a basis for the exercise of specific jurisdiction in this case. *See GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) ("[P]ersonal jurisdiction surely cannot be based solely on the ability of District residents to access the defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in the District.").

  Similarly, with respect to the federal due process requirements, Blue Spike does not go beyond "labels and conclusions or a formulaic recitation" of the applicable legal standards. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). For the exercise of either general or specific jurisdiction to be proper, "it is essential in each case that there be some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Avocent*, 552 F.3d at 1329 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The facts indicate that Last.fm's incidental contacts with Texas and its residents do not rise to that level of intentional direction. *See, e.g.*, Moran Decl. ¶ 10 ("Last.fm's internet site is not specifically directed at Texas residents. For example, the site's content does not pertain specifically to Texas residents."); *id.* ¶ 9 ("Last.fm does not employ non-internet advertising in Texas, or make any other such effort specifically to obtain business from Texas residents."). Such contacts are insufficient to support the exercise of personal jurisdiction over Last.fm. *See QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650,

-8-

662 (E.D. Tex. 2007) (granting dismissal where the pleadings did not allege "that [defendant] has any other operations in Texas or that the [defendant-operated] website is directed at Texas residents any more than it is other users of the internet" such that exercise of general jurisdiction was improper). Thus, this Court's exercise of jurisdiction over UK-incorporated and operated Last.fm is inconsistent with the requirements of due process, and Blue Spike's claims against Last.fm should be dismissed.

### D. Venue Is Improper In This District As To Last.fm

Under Section 1400(b), venue is proper in a patent infringement action in the judicial district either (1) "where the defendant resides" or (2) "where the defendant has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis supplied); *see L&H Concepts LLC v. Schmidt,* No. 6:07-cv-65, 2007 WL 4165259, at *1 (E.D. Tex. Nov. 20, 2007). Where neither requirement is met, venue is improper and the claim should be dismissed. *See L&H*, 2007 WL 4165259, at *2-3. With respect to the "residence" prong of Section 1400(b), a corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). However, because Texas has more than one judicial district, a corporation is deemed to reside "in any district in [Texas] within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state." 28 U.S.C. § 1391(c); *see L&H*, 2007 WL 4165259, at *1.

For the reasons described above, personal jurisdiction does not exist in this District as to Last.fm. Indeed, Last.fm's contacts are even more attenuated with respect to this District than with respect to Texas as a whole. Accordingly, Last.fm does not "reside" in this District for venue purposes. *See* 28 U.S.C. §§ 1391(c) & 1400(b). And because Last.fm does not maintain any place of business in Texas, much less in this district, *see* Moran Decl. ¶¶ 3-5, venue is proper

-9-

under neither prong of Section 1400(b). Thus, Blue Spike's action against Last.fm should also be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

## CONCLUSION

Blue Spike's Complaint has failed to state a facially plausible claim either that (1) CBS could be held liable for the alleged acts of its subsidiary Last.fm; (2) that Last.fm is subject to personal jurisdiction before this Court; or (3) that venue is proper in this District. Moreover, the facts established in the Moran Declaration establish that Blue Spike could not make such a showing. Accordingly, Blue Spike's claims against CBS should be dismissed for failure to state a claim upon which relief can be granted, and its claims against Last.fm should be dismissed for lack of personal jurisdiction and improper venue.

March 11, 2013                                    Respectfully submitted,

                                                  */s/ Edward R. Reines*
                                                  Edward R. Reines
                                                  Cal. Bar No. 135960 – Admitted to E.D. Texas
                                                  Lead Attorney
                                                  edward.reines@weil.com
                                                  Andrew L. Perito
                                                  Cal. Bar No. 269995 – Admitted to E.D. Texas
                                                  andrew.perito@weil.com
                                                  WEIL, GOTSHAL & MANGES LLP
                                                  201 Redwood Shores Parkway
                                                  Redwood Shores, CA 94065
                                                  Telephone: (650) 802-3000
                                                  Facsimile: (650) 802-3100

                                                  **Attorneys for Defendant CBS Corp. and Last.fm Ltd.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record who have consented to electronic service through the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

>                           */s/ Edward R. Reines*
>                              Edward R. Reines