IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, <br> Plaintiff, <br> v. <br> Texas Instruments, Inc., et al. <br> Defendants. | § § § § § § § § § § | CASE NO. 6:12-CV-499 MHS <br> LEAD CASE <br> Jury Trial Demanded |
| Blue Spike, LLC, <br> Plaintiff, <br> v. <br> Vobile, Inc. <br> Defendant. | § § § § § § § § § § | CASE NO. 6:12-CV-539 MHS <br> LEAD CASE <br> Jury Trial Demanded |

## VOBILE, INC.'S OPPOSITION TO BLUE SPIKE, LLC'S OPPOSED MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY

Defendant Vobile, Inc. ("Vobile") hereby submits its Opposition to Blue Spike, LLC's ("Blue Spike") Motion to Authorize Jurisdictional Discovery from Vobile Pursuant to FED. R. CIV. 26(a)&(d) and Local Rule CV-26(d) ("Motion") and would show as follows:

**A. Introduction.**

On August 16, 2012, Blue Spike filed its Original Complaint against Vobile alleging claims sounding in patent infringement. On October 10, 2012, Vobile filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(2) ("Motion to Dismiss") on the basis that this Court lacks personal jurisdiction over it. In response to Vobile's Motion to Dismiss, instead of requesting jurisdictional discovery from either Vobile or this Court, Blue Spike embarked on a month-and-a-half long briefing exchange, filing a Response to Vobile's Motion to Dismiss on October 29,

2012 and a Sur-Reply on November 19, 2012. Accordingly, as revealed by this record, Vobile's Motion to Dismiss has been fully briefed by the parties.

It was not until December 21, 2012, two and a half months after Vobile filed its Motion to Dismiss, that Blue Spike contacted Vobile suggesting that it required jurisdictional discovery for an already fully-briefed motion. It was not until three weeks later, January 8, 2012, that Blue Spike requested, for the first time and close to three months after Vobile filed its Motion to Dismiss, a meet and confer regarding jurisdictional discovery. While objecting to the proposed discovery on the basis of its untimeliness, Vobile informed Blue Spike that, consistent with this Court's prior precedent, it was willing to entertain limited interrogatories narrowly-tailored to the jurisdictional question. On February 11, 2013, four months after the Motion to Dismiss was filed, Blue Spike sent Vobile draft discovery. On February 21, 2013, the parties met and conferred on the draft discovery. At this time, Vobile objected to Blue Spike's draft discovery on the basis that it was untimely and overly broad but again stated that it was willing to entertain limited jurisdictional discovery in the form authorized by this Court's precedent, along with a schedule for follow-on briefing if necessary. On February 25, four and a half months after Vobile filed its now fully-briefed Motion to Dismiss, Blue Spike filed the instant Motion.

### B. Blue Spike Failed to Diligently Pursue Discovery.

"A district court is *not* required to defer ruling on a jurisdictional motion until all discovery contemplated by the plaintiff has been accomplished; instead, an *opportunity* for discovery is required." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (emphasis in original). With this in mind, recent precedent from this District, including authority from this Court, is clear and consistent on this point: arguments regarding lack of discovery in response to a dispositive motion will normally not be considered when no formal discovery requests have ever been served on the party that filed the dispositive motion, nor a

motion to compel having been filed with the Court. *See TQP Development, LLC v. CHS, Inc.*, 2:11-cv-00397-MHS-RSP (Dkt. No. 220) (E.D. Tex. September 21, 2012); *Dietgoal Innovations LLC v. Wegmans Food Markets, Inc.*, 2:12-cv-00562-MHS-CMC (Dkt. No. 220) (E.D. Tex. September 26, 2012); *Dietgoal Innovations LLC v. Arby's Restaurant Group, Inc., et al.*, 2:11-cv-00418-MHS-CMC (Dkt. No. 547) (E.D. Tex. September 25, 2012).

In a Memorandum Order issued by this Court on September 21, 2012, this Court further elaborated that jurisdictional discovery is unwarranted where a plaintiff failed to diligently pursue discovery during the many months it has been open. *TQP Development*, at *3. However, because this Court had not previously made a formal pronouncement in this regard, it authorized the plaintiff to undertake limited jurisdictional discovery in the form of ten interrogatory responses. *TQP Development*, at *3. In so holding, not only did this Court make a formal pronouncement of its expectations going forward, it also issued the following admonition:

> The Court hereby puts the parties on notice that it expects a party who complains of lack of discovery in response to a motion to have been diligent in seeking the discovery it complains it is lacking.

*Id.*, at * 3, fn. 1.

This Court issued its opinion in *TQP Development* containing the above admonition before Vobile filed its pending and fully briefed Motion to Dismiss. Accordingly, Blue Spike had notice from the time the Motion to Dismiss was originally filed of its obligation to diligently pursue jurisdictional discovery. As detailed by the above-described record, Blue Spike inexplicably failed to request any discovery, from either Vobile or from this Court, until months after Vobile filed its Motion to Dismiss, which was, by that time, fully briefed by the parties. Pursuant to this Court's admonition in *TQP Development*, on this basis alone Blue Spike has

shown a clear lack of diligence, which renders its untimely request for jurisdictional discovery untenable. *Id.* For these reasons, Blue Spike's Motion should be denied. *Id.*

### C. Blue Spike Has Failed to Provide any Detail Regarding the Jurisdictional Significance of Discovery it Seeks.

It is well-settled that "[d]iscovery on matters of personal jurisdiction ... need not be permitted unless the motion to dismiss raises issues of fact." *Kelly*, 213 F.3d at 855. Pursuant to this standard, precedent from this Circuit signals that an unadorned claim that jurisdictional discovery will assist in resolving the jurisdictional inquiry is insufficient to open the floodgates of discovery. *Id.*, at 855-56. Rather, a party seeking jurisdictional discovery should, in addition to identifying the discovery they believe should be allowed, describe what facts they hope to obtain from such discovery, or how such discovery would produce information that would support jurisdiction. *Id.* at 855.

While Blue Spike offers a cursory overview of the discovery it contends should be allowed, its request for discovery is unavailing in that its Motion fails to provide *any* detail regarding what facts it hopes to obtain from such discovery, or how such discovery would produce information that would support jurisdiction, as contemplated by Fifth Circuit precedent.[1] *Kelly*, 213 F.3d at 855-56. As Blue Spike has failed to show that its request for discovery amounts to anything more than a fishing expedition, its Motion should be denied.

### D. Blue Spike's Proposed Discovery is Not Narrowly-Tailored to the Jurisdictional Question.

Blue Spike's Motion should be denied on the additional basis that Blue Spike's discovery requests are unduly broad and not narrowly-tailored to the jurisdictional question. Available precedent from this District—all issued before Vobile originally filed its Motion to Dismiss—has

---

[1] *See* Blue Spike's Motion at 2.

limited untimely jurisdictional discovery to ten interrogatories, all narrowly-tailored to a party's contacts with Texas. *See TQP Development*, at *3; *Dietgoal Innovations LLC v. Wegmans Food Markets, Inc.*, at *2; *Dietgoal Innovations LLC v. Arby's Restaurant Group, Inc., et al.*, at *9-10. Here, Blue Spike seeks thirteen requests for production, fourteen interrogatory requests, and the deposition of a Vobile corporate representative on eight discrete topics.[2] Not only do these requests far exceed in number the amount of untimely jurisdictional discovery requests authorized by this District, Blue Spike is seeking broad-based discovery that cannot reasonably be construed as limited to the jurisdictional question, including, *inter alia*, information pertaining to *all* of Vobile's customers and information pertaining to the identity of *all* persons who have contacted Vobile via its websites.[3]

As noted above, Vobile has on several occasions informed Blue Spike that, notwithstanding the untimeliness of its request, Vobile was willing to entertain limited jurisdictional discovery in the form authorized by this Court in both number and scope. Blue Spike's apparent unwillingness to so conform its requests is why Blue Spike's present Motion is before this Court. Accordingly, this Court should deny Blue Spike's Motion on the basis that the discovery it seeks is overly broad and not narrowly-tailored to the jurisdictional question. In the alternative, should this Court find that, notwithstanding the untimeliness of the request, Blue Spike should be afforded an opportunity to undertake limited jurisdictional discovery, consistent with this Court's precedent, Vobile requests that such discovery be limited to ten interrogatories that are narrowly-tailored to Vobile's contacts with Texas and that a briefing schedule be entered by this Court granting Vobile the opportunity to file a brief in response to any supplement filed

---

[2] *See* Plaintiff's First Set of Interrogatories to Defendant Vobile, Inc., Plaintiff's Rule 30(b)(6) Notice of Oral and Videotaped Deposition of Defendant Vobile, Inc., and Plaintiff's First Set of Requests for Production to Defendant Vobile, Inc., attached, respectively, as Exhibits 1, 2, and 3 to Blue Spike's Motion.

[3] *Id.*

by Blue Spike following limited jurisdictional discovery. *See, e.g., Dietgoal Innovations LLC v. Wegmans Food Markets, Inc.*, at *2.

### E. CONCLUSION.

For all the foregoing reasons, Vobile respectfully requests the Court deny Blue Spike's Motion to Authorize Jurisdictional Discovery from Vobile Pursuant to FED. R. CIV. 26(a)&(d). In the alternative, Vobile respectfully requests that the Court limit jurisdictional discovery to ten interrogatories narrowly-tailored to Vobile's contacts with Texas and that a briefing schedule be entered by this Court granting Vobile the opportunity to file a brief in response to any supplement filed by Blue Spike.

DATED: March 13, 2013          RESPECTFULLY SUBMITTED,

/s/ Samuel E. Stubbs
Samuel E. Stubbs (TX Bar No. 19434500)
sam.stubbs@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Telephone: (713) 276-7645
Facsimile: (281) 582-6473

David A. Jakopin (*pro hac vice*)
david.jakopin@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2550 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545
*Attorneys for Defendant VOBILE, Inc.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 13, 2013.

/s/ Samuel E. Stubbs
Samuel E. Stubbs