# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC,** | § § § | **Case No. 6:12-cv-00499-MHS** |
| Plaintiff, | § § | |
| v. | § § | **LEAD CASE** |
| **Texas Instruments, Inc., et al.,** | § § § | **Jury Trial Demanded** |
| Defendants. | § § § | |
| **Blue Spike, LLC,** | § § § | **Case No. 6:12-cv-00568-MHS** |
| Plaintiff, | § § | |
| v. | § § | **CONSOLIDATED CASE** |
| **Zeitera, LLC, et al.,** | § § § | **Jury Trial Demanded** |
| Defendants. | § § § § | |

### DEFENDANT ENSEQUENCE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY

**I.     INTRODUCTION**

Three months ago, the parties completed briefing on Defendant Ensequence, Inc.'s ("Ensequence") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Motion to Dismiss"), including a sur-reply by Plaintiff Blue Spike, LLC ("Blue Spike").  As demonstrated in the briefing on that Motion, there is no basis for personal jurisdiction over Ensequence in Texas under either a theory of general or specific personal jurisdiction.  Also, Blue Spike did not make a preliminary showing of jurisdiction that could support its prior request for jurisdictional discovery because it failed to set forth facts that discovery would reveal that could support personal jurisdiction, as required under Fifth Circuit case law.  The issue of

ENSEQUENCE'S OPPOSITION TO BLUE SPIKE'S MOTION FOR DISCOVERY                                                                 1

73137-0007/LEGAL26001413.4

personal jurisdiction and jurisdictional discovery was fully briefed in November 2012, and Blue Spike failed to meet its burden on all counts.

In recognition of its failure, Blue Spike belatedly attempts to cure the defects of its briefing and makes a motion for jurisdictional discovery ("Motion for Discovery"), identifying five general issues on which it seeks discovery. Notably, however, these five issues are not tailored to this case. The five general areas of discovery are nearly identical to those Blue Spike has identified in two other motions for jurisdictional discovery with different defendants. Moreover, yet again, Blue Spike fails to set forth any *facts* it believes that discovery would reveal to support personal jurisdiction. Furthermore, the five general categories of information sought would not reveal any evidence to support personal jurisdiction because of Ensequence's uncontroverted sworn statements and because most of the information sought is irrelevant to personal jurisdiction. This Court should deny Blue Spike's second request for a jurisdictional fishing expedition.

## II.   ARGUMENT

### A.   Blue Spike Again Fails To Meet Its Burden For Jurisdictional Discovery.[1]

#### 1.   Blue Spike Fails to Make a Preliminary Showing of Jurisdiction.

In the Fifth Circuit, to warrant any jurisdictional discovery, a plaintiff must first make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (affirming denial of jurisdictional discovery).[2] "The plaintiff must present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Newington Ltd. v. Forrester*, Civ. Action No. 3:08-cv-0864-G, 2012 WL 537604,

---

[1] The briefing on Ensequence's Motion to Dismiss demonstrates that Blue Spike has not made a prima facie showing of personal jurisdiction, and those arguments will not be repeated here.

[2] In patent cases, the law of the regional circuit applies to discovery related matters. *See Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1022 (Fed Cir. 2009).

at *4 (N.D. Tex. Feb. 17, 2012).  As demonstrated in Ensequence's prior briefing, Blue Spike's Complaint does not allege any facts to support its conclusory and formulaic allegations of personal jurisdiction, and none of its arguments regarding Ensequence's passive website support personal jurisdiction.  [*See* 6:12-cv-00568 Dkt. No. 18[3] (Ensequence's Opening Mem.) at 9-12; 6:12-cv-00568 Dkt. No. 23 (Ensequence's Reply Mem.) at 2-7; *see also* 6:12-cv-00568 Dkt. No. 1 (Compl.) ¶ 7.]

### 2. Blue Spike Fails to Identify Any Facts That Discovery Would Reveal That Could Support Personal Jurisdiction.

Blue Spike's Motion for Discovery should be denied because it has failed to "put forward what facts [it] believes discovery would reveal and how those facts would support personal jurisdiction."  *Dontos v. Vendomation NZ Ltd.*, Civ. No. 3:11-CV-0553-K, 2012 WL 3702044, at *15 (N.D. Tex. Aug. 27, 2012) (citing *Kelly v. Syria Shell Petroleum Dev.*, 213 F.3d 841, 855 (5th Cir. 2000)).  Vague and conclusory assertions regarding the need for jurisdictional discovery are insufficient.  *Id.* (denying jurisdictional discovery where plaintiffs "failed to put forth the facts they believed discovery would reveal and how those facts would support personal jurisdiction" as to the defendants).  Blue Spike did not set forth any such facts in its briefing on Ensequence's Motion to Dismiss and again fails to set forth any facts that discovery would reveal to support personal jurisdiction.

In its Motion for Discovery, Blue Spike seeks discovery of five general subjects but never identifies any possible facts that could be revealed to support personal jurisdiction in this particular case.  Blue Spike's Motion for Discovery is in fact a cookie cutter copy of its motions to authorize jurisdictional discovery from other defendants in the lead case.  [*Compare* 6:12-cv-

---

[3] Docket entries referred to as "6:12-cv-00568" are from the consolidated case *Blue Spike, LLC v. Zeitera, LLC, et al.*, bearing that same case number.

00499 Dkt. No. 502[4] ¶ 5 (defendant Vobile, Inc.), 6:12-cv-00499 Dkt. No. 509 ¶ 5 (defendant Ensequence), and 6:12-cv-00499 Dkt. No. 511 ¶ 5 (defendant TV Interactive Systems, Inc.) (each setting out five nearly identical categories of discovery).] Blue Spike should not be allowed jurisdictional discovery based on rote repetition of general categories without any identification of facts that could support personal jurisdiction. *See Bell Helicopter Textron, Inc. v. American Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex. 2010) (denying jurisdictional discovery where plaintiff failed to identify specific facts that discovery would reveal to support personal jurisdiction). "A demonstration of such facts 'is especially important where, as here the defendant enters declarations into evidence specifically denying certain jurisdictional allegations.'" *Id.* at 797-98 (quoting *Autogenomics, Inc.*, 566 F.3d at 1023).

Furthermore, each of the five discovery areas would not reveal facts to support personal jurisdiction. First, Blue Spike seeks information about Ensequence's "solicitation of customers, prospective employees, and business in Texas" [6:12-cv-00499 Dkt. No. 509 (Motion for Discovery) ¶ 5], but as the undisputed facts demonstrate, Ensequence has not solicited customers or business in Texas. As explained in the sworn declaration of Ensequence's Chief Technology and Product Officer, Ensequence has never attended a tradeshow or conference in Texas [6:12-cv-00568 Dkt. No. 18-1 (Khader Decl.) ¶ 7]; none of its customers are from Texas [*id.* ¶ 9]; and it has never directed marketing or advertisements to Texas [*id.* ¶ 10]. Blue Spike provides no legal support for the proposition that solicitation of prospective employees in Texas would support jurisdiction, or any facts indicating that Ensequence has ever taken such action. As shown in the briefing on Ensequence's Motion to Dismiss, Ensequence does not have continuous

---

[4] Docket entries referred to as "6:12-cv-00499" are from the lead case *Blue Spike, LLC v. Texas Instruments, Inc., et al.*, bearing that same case number.

and systematic contacts with Texas, and the requested discovery will not reveal any evidence to support general personal jurisdiction.

Second, Blue Spike seeks information about Ensequence's "broadcast monitoring activities within Texas or concerning Texas sources." [6:12-cv-00499 Dkt. No. 509 (Motion for Discovery) ¶ 5.] It appears that this discovery request seeks information to support Blue Spike's specific personal jurisdiction theory, based on Ensequence's alleged use of the allegedly infringing Zeitera automatic content recognition system using fingerprint technology in Texas. But as Ensequence has demonstrated previously, Ensequence has not made, used, sold, or offered to sell any products that use this accused technology in Texas. [*See* 6:12-cv-00568 Dkt. No. 23-1 (Khader Supp. Decl.) ¶ 3.] The sought discovery cannot lead to evidence to support specific personal jurisdiction in this matter, and Blue Spike cites no legal authority to support the proposition that these types of activities without any relation to the allegedly infringing technology, if they even occurred, would support general personal jurisdiction.

Blue Spike's third area of sought discovery is even more vague and untethered to any theory supporting personal jurisdiction. Blue Spike seeks information about Ensequence's "collection of data and other information from sources within Texas." [6:12-cv-00499 Dkt. No. 509 (Motion for Discovery) ¶ 5.] Again, Blue Spike presents no legal theory to show that collection of data from sources within Texas would support general personal jurisdiction, and it fails to explain how this collection is connected to any alleged infringing technology to support specific personal jurisdiction. Furthermore, Ensequence's products do not use the accused Zeitera fingerprinting technology from the Complaint. [*See* 6:12-cv-00568 Dkt. No. 23-1 (Khader Supp. Decl.) ¶ 3.] Again, the sought discovery cannot lead to evidence to support specific or general personal jurisdiction in this matter.

As to the fourth category of information, Ensequence's "sales or distribution of products and services that reach Texas consumers" [6:12-cv-00499 Dkt. No. 509 (Motion for Discovery) ¶ 5], this type of information is irrelevant to the personal jurisdictional inquiry. As Ensequence explained in previous briefing, even assuming that Ensequence products in general reached Texas through the stream of commerce, the stream of commerce theory cannot be used to support general personal jurisdiction. [*See* 6:12-cv-00568 Dkt. No. 23 (Ensequence's Reply Mem.) at 5-6.] And yet again, the sought discovery cannot lead to evidence to support personal jurisdiction in this matter.

Finally, Blue Spike's sought fifth category, Ensequence's "creation or use of sales networks or relationships that reach into Texas" is irrelevant for the same reason. [6:12-cv-00499 Dkt. No. 509 (Motion for Discovery) ¶ 5.] The stream of commerce analysis does not apply to products in general. There must be a nexus with the alleged infringing product, which there is not.

None of Blue Spike's requested discovery would reveal facts to support personal jurisdiction over Ensequence in Texas. As such, jurisdictional discovery would not result in any facts that Blue Spike could include in an amended complaint or a supplemental response to Ensequence's Motion to Dismiss for Lack of Personal Jurisdiction. Blue Spike's Motion for Discovery should be denied.[5]

---

[5] Blue Spike's cited cases are unavailing. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275 (Fed. Cir. 2005) is not a Fifth Circuit case, and Blue Spike has failed to demonstrate that it can supplement its jurisdictional allegations through discovery. In *Patterson v. Dietze, Inc.*, 764 F.2d 1145 (5th Cir.1985), the Fifth Circuit affirmed a district court's denial of discovery because the discovery sought would have served no useful purpose and was irrelevant to the jurisdictional issue in that case. 764 F.2d at 1148-49.

### III. CONCLUSION

This Court has uncontroverted evidence before it from which it can draw its jurisdictional conclusions. Blue Spike does not controvert any facts submitted by Ensequence and "has failed to demonstrate how additional discovery would help enhance the Court's analysis." *Akerblom v. Ezra Holdings Ltd.*, 848 F. Supp. 2d 673, 691 (S.D. Tex. 2012) (concluding that no jurisdictional discovery was warranted). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (affirming denial of discovery sought because it "could not have added any significant facts"); *see also Bell Helicopter Textron, Inc.*, 729 F. Supp. 2d at 798 (concluding that a "court need not allow a plaintiff to conduct a jurisdictional fishing expedition"). For the reasons set forth above and in its briefing on its Motion to Dismiss for Lack of Personal Jurisdiction, Ensequence respectfully requests that this Court deny Blue Spike's Motion for Jurisdictional Discovery.

Dated: March 18, 2013

**PERKINS COIE LLP**

s/ Douglas L. Sawyer
Douglas L. Sawyer (State Bar No. 41009)
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: (303) 291-2378
Facsimile: (303) 291- 2478
DSawyer@perkinscoie.com

Scott D. Eads (State Bar No. 910400)
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: (503) 727-2000
Facsimile: (503) 727-2222
SEads@perkinscoie.com

**ATTORNEYS FOR DEFENDANT ENSEQUENCE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of March, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

s/ Douglas L. Sawyer
Douglas L. Sawyer
