UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § | CASE NO. 6:12-cv-499 MHS |
| v. | § | LEAD CASE |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
| *Defendants.* | § | |
| | § | |
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § | CASE NO. 6:12-cv-539 MHS |
| v. | § | CONSOLIDATED CASE |
| Vobile, Inc., | § | Jury Trial Demanded |
| *Defendant.* | § | |

**Plaintiff's Reply Supporting Its Motion to Authorize
Jurisdictional Discovery From Defendant Vobile, Inc.**

Plaintiff Blue Spike, LLC files this reply supporting its motion for jurisdictional discovery from Vobile, Inc. Contrary to the opposition, Blue Spike has not waited too long to obtain jurisdictional discovery, and Blue Spike's proposed discovery should be allowed because it is reasonable and relevant to jurisdiction.

I.  **Blue Spike Has *Not* Waited Too Long to Seek Jurisdictional Discovery.**

Vobile admits that "an opportunity for [jurisdictional] discovery is required," but contends that Blue Spike waited too long to seek it. Dkt. 524 at 2-4. To make this argument, Vobile relies entirely on a memorandum opinion that actually undercuts its position, *TQP Development, LLC v. CHS, Inc.*, No. 2-11-cv-00397-MHS-RSP (Dkt. No. 220) (E.D. Tex. Sept. 21, 2012) (attached as Ex. A).[1]

In *TQP*, the plaintiff, TQP Development, LLC sued multiple defendants for patent infringement; the defendant, FCStone, moved to dismiss for lack of personal jurisdiction. Ex. A at 1-2. TQP's opposition to the motion contained a single sentence requesting jurisdictional discovery as an alternative to denying the motion outright. *Id.* at 2. TQP did not describe the discovery it would seek nor how that

---

[1] Vobile also string-cites two other memorandum opinions, but does not address them (even by parenthetical). *See* Dkt. 524 at 3. Neither opinion supports Vobile's argument any more than *TQP* does; indeed, both support awarding jurisdictional discovery here. *See Dietgoal Innovations LLC v. Wegmans Food Markets, Inc.*, No. 2:12-cv-00562-MHS-CMC (Doc. No. 11) (E.D. Tex. Sept. 26, 2012) (attached as Exhibit B) (opinion says nothing about how long plaintiff waited before seeking jurisdictional discovery; permits limited jurisdictional discovery even though plaintiff never formally sought it, but rather simply requested it in the alternative as part of its opposition to motion to dismiss); *Dietgoal Innovations LLC v. Arby's Restaurant Group, Inc.*, No. 2:11- cv-00418-MHS-CMC (Doc. No. 547), at 9-10 (E.D. Tex. Sept. 25, 2012) (attached as Ex. C) (permitting limited jurisdictional discovery even though plaintiff never formally sought it during eight months that motion to dismiss was pending, but rather simply requested it in the alternative in its opposition to motion to dismiss).

discovery would help it demonstrate personal jurisdiction. *Id.* Further, during the eight months that FCStone's motion to dismiss was pending, TQP made no effort whatsoever to actually serve discovery. *Id.* at 3. Despite all this, the Court *still* rejected the magistrate's recommendation of outright dismissal and instead gave TQP "further opportunity to obtain limited jurisdictional discovery." *Id.*

In contrast to TQP, Blue Spike has formally sought discovery, has described in detail the discovery it seeks, and has explained how that discovery will help demonstrate personal jurisdiction. *See* Dkt. 502 at ¶5 & Exs. 1-3. Further, unlike TQP's eight-month delay after FCStone moved to dismiss, only four and a half months passed between the time Vobile moved to dismiss and the time Blue Spike moved for jurisdictional discovery—and the parties spent the last two of those months trying to reach an agreement to avoid involving the Court. *See* Ex. D (email exchange between Blue Spike's counsel and Vobile's counsel). Vobile cites no case law—because there is none—suggesting that Blue Spike has waived its entitlement to jurisdictional discovery in such circumstances. Instead, controlling authority clearly holds that Blue Spike "is entitled to jurisdictional discovery" if the Court "concludes that the existing record is insufficient to support personal jurisdiction." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (citing *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("This court has previously held that if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified.")).

## II. Blue Spike's Proposed Discovery Is Relevant to the Issue of Personal Jurisdiction.

Vobile claims not to recognize the obvious jurisdictional significance of Blue Spike's proposed discovery. *See* Dkt. 524 at 4. The matter is simple. Vobile claims it lacks sufficient connections with Texas to be subject to jurisdiction here. Blue Spike's discovery will illuminate the true extent of Vobile's Texas connections. *See* Dkt. 502 at ¶5 & Ex. 1-3. Nothing more is required to establish that the discovery is warranted. *See Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forums state] market, including demonstration of [the defendant's] ongoing relationships with retailers in [the forum state]; [defendant's] knowledge that its products were being shipped to [the forum state]; its design and marketing efforts directed to the U.S. market (including [the forum state]); and more information on the defendant's e-solution platform") (internal punctuation omitted); *In re Fort Totten Metrorail Cases*, 756 F. Supp. 2d 132, 138 (D.D.C. 2010) (plaintiff's motion for jurisdictional discovery was sufficiently detailed where it stated that plaintiff sought discovery of sales data and defendant's knowledge regarding the ultimate destination of its products).

### III. Blue Spike's Proposed Discovery Requests Are Measured and Reasonable.

Blue Spike's discovery requests are measured and reasonable. Blue Spike has proposed just nine interrogatories (Dkt. 502-1), 10 requests for production (Dkt. 502-3), and a single deposition of the person most knowledgeable about Vobile's Texas connections (Dkt. 502-2). Every request is relevant to whether Vobile is subject to the Court's personal jurisdiction. Such discovery is proper and should be allowed. *See Fraserside IP L.L.C. v. Gamma Entm't, Inc.*, No. C11-3056-MWB, 2012 WL 2196101, at *1 (N.D. Iowa June 14, 2012) ("Generally, discovery under the Federal Rules of Civil Procedure is to be accorded a broad and liberal treatment. This is maxim applies equally when discovery is directed to personal jurisdiction.") (internal punctuation and citations omitted); *Fishel v. BASF Group*, 175 F.R.D. 525, 528 (S.D. Iowa 1997) (courts should permit all jurisdictional discovery that is "reasonably tailored to the jurisdictional issues and may be answered with reasonable effort").

Even so, Vobile again misreads *TQP* and its progeny, this time arguing that Blue Spike's proposed discovery is too broad and should be limited to 10 interrogatories. Dkt. 524 at 4-6. Vobile is off the mark. While the Court in *TQP* limited the plaintiff to 10 interrogatories, it did so because the plaintiff had been dilatory; it never hinted that diligent parties like Blue Spike are limited to 10 interrogatories or that 10 interrogatories are a per-se limit in jurisdictional discovery. *See generally* Ex. A. Unlike Blue Spike here, TQP's behavior was grossly dilatory and passive, and thus the Court imposed a 10-interrogatory limit but still

5

recognized that TQP was entitled to *some* discovery. *See id.* at 2-3 ("Plaintiff was not diligent in seeking discovery during the almost eight months the motion to dismiss was pending . . . . Even so, considering the Court has not ever made a formal pronouncement of its expectations in this regard, the Court will, *in this instance*, sustain Plaintiff's objections in part in order to allow Plaintiff further opportunity to obtain limited jurisdictional discovery."). The justification for limiting discovery to 10 interrogatories—and nothing else—simply does not exist here. Blue Spike has not sat on its hands for eight months like TQP did. The whole reason that this issue is in front of the Court is that Blue Spike is actively seeking discovery.

## Conclusion and Prayer

For these reasons plus those contained in the Motion, Blue Spike respectfully asks the Court to grant its motion and to enter an order authorizing the requested discovery and mandating the requested disclosures.

Respectfully submitted,

 /s/ Randall T. Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 randall.garteiser@sftrialattorneys.com
Christopher A. Honea
 Texas Bar No. 24059967
 chris.honea@sftrialattorneys.com
Christopher S. Johns
 Texas Bar No. 24044849
 chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

Eric M. Albritton
 Texas State Bar No. 00790215
 ema@emafirm.com
Stephen E. Edwards
 Texas State Bar No. 00784008
 see@emafirm.com
Michael A. Benefield
 Texas State Bar No. 24073408
 mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449
(903) 758-7397 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

    I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 26th day of March, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                               /s/ Randall T. Garteiser
                                               Randall T. Garteiser