# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |  | |
|---|---|---|---|
| TQP DEVELOPMENT, LLC | § | | |
|     Plaintiff | § | | |
| | § | | |
| V. | § | No. 2:11CV397 | |
| | § | | |
| CHS, INC. | § | | |
|     Defendants | § | | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff TQP Development, LLC ("Plaintiff") filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions. The Court, having considered the original briefing, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, INTL FCStone Inc.'s ("FCStone") response to the objections, and Plaintiff's reply, sustains Plaintiff's objections in part to allow for limited jurisdictional discovery.

In her Report and Recommendation, the United States Magistrate Judge recommended Defendant INTL FCStone Inc.'s Motion to Dismiss for lack of personal jurisdiction (Dkt. No. 107-1) be granted and that Plaintiff's above-entitled and numbered cause of action be dismissed with prejudice. The Magistrate Judge held that jurisdictional discovery was not warranted because Plaintiff failed to make a "preliminary showing" of personal jurisdiction and because Plaintiff failed to pursue diligently the discovery it now seeks during the many months that discovery has been open

in this case.

Among other things, Plaintiff objects to the Magistrate Judge's decision to deny its request for additional time in which to conduct jurisdictional discovery, asserting it has been deprived of the opportunity to gather requisite jurisdictional information, which it had no other means to obtain. According to Plaintiff, had leave been granted to take the jurisdictional discovery, Plaintiff would have been able to obtain information regarding "the revenues generated by FCStone from Texas residents accessing the website." Reply at pg. 3. Plaintiff seeks "modest discovery, requiring FCStone to provides its records of (1) the number of its customers or users in the state of Texas; (2) the number of logins by those customers/users; and (3) the total amount of transactions involving those customers/users, each of these three categories totaled annually for the last six years." *Id.* Plaintiff submits this discovery will confirm FCStone's contacts with Texas and allow the Court to decide the issue of personal jurisdiction on an appropriate record.

In one sentence in its response to FCStone's motion to dismiss, Plaintiff alternatively asked for the opportunity to obtain discovery on the facts surrounding jurisdiction. In that response, Plaintiff did not describe the discovery it contends should be allowed nor did Plaintiff describe how it could produce evidence establishing the propriety of jurisdiction. *See Kelly v. Syria Petroleum Dev. B. V.*, 213 F.3d 841, 856 (5th Cir. 2000). The Magistrate Judge correctly noted that only an opportunity for discovery is required, and Plaintiff had been afforded sufficient opportunity for discovery during the almost eights months FCStone's motion to dismiss was pending.

The Court disagrees with Plaintiff's assertion that it would have been futile to propound jurisdictional discovery in light of FCStone's pending motion to dismiss and further finds Plaintiff was not diligent in seeking discovery during the almost eight months the motion to dismiss was

pending.  The Court will not normally consider arguments regarding lack of discovery in response to a dispositive motion when no formal discovery requests have ever been served on the party that filed the dispositive motion, nor a motion to compel having been filed with the Court.  Even so, considering the Court has not ever made a formal pronouncement of its expectations in this regard, the Court will, in this instance, sustain Plaintiff's objections in part in order to allow Plaintiff further opportunity to obtain limited jurisdictional discovery from FCStone.[1]

Within twenty days from the date of entry of this Order, Plaintiff may serve ten interrogatories on FCStone seeking information regarding (1) the number of its customers or users in the state of Texas; (2) the number of logins by those customers/users; and (3) the total amount of transactions involving those customers/users, each of these three categories totaled annually for the last six years.  After FCStone produces the requested discovery, FCStone may refile its motion to dismiss.  Based on the foregoing, it is

**ORDERED** that Defendant INTL FCStone Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(6) (Dkt. No. 107) is hereby **DENIED WITHOUT PREJUDICE TO REFILING**.

It is SO ORDERED.

SIGNED this 21st day of September, 2012.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[1] The Court hereby puts the parties on notice that it expects a party who complains of lack of discovery in response to a motion to have been diligent in seeking the discovery it complains it is lacking.