# Exhibit D

**From:** "Jakopin, David A." <david.jakopin@pillsburylaw.com>
**Subject:** **RE: Blue Spike v. Vobile - Jurisdictional Discovery**
**Date:** February 20, 2013 10:55:20 PM PST
**To:** "'Christopher Honea'" <chonea@ghiplaw.com>
**Cc:** "Randall Garteiser (rgarteiser@ghiplaw.com)" <rgarteiser@ghiplaw.com>, bluespike <bluespike@emafirm.com>

Talk tomorrow.

**From:** Christopher Honea [mailto:chonea@ghiplaw.com]
**Sent:** Wednesday, February 20, 2013 1:18 PM
**To:** Jakopin, David A.
**Cc:** Randall Garteiser (rgarteiser@ghiplaw.com); bluespike
**Subject:** Re: Blue Spike v. Vobile - Jurisdictional Discovery

David,

Tomorrow at 9 am PST works. Let's use the following call in number 1-866-931-      and Conference Code:       . Eric Albritton will be on the call as well, so you probably should get your local counsel to join.

# Christopher A. Honea
**Garteiser Honea - Trial Attorneys**
chonea@ghiplaw.com
44 N. San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 (fax)
www.ghiplaw.com

On Feb 19, 2013, at 10:28 PM, Jakopin, David A. wrote:

Chris,

I've had a chance to review the discovery you propose with Vobile. We cannot agree to it, as it is not limited to jurisdictional issues, instead being much more expansive than necessary -- both in terms of the scope of the requests and the various types of discovery sought.  This is especially true since the motion to dismiss has been fully briefed by both parties.   As I'd stated before, narrowly tailored interrogatories could be agreed upon, but not any document production or deposition.

I should be available Thursday morning at 9am if you want to discuss then.

Regards,


**David Jakopin | Pillsbury Winthrop Shaw Pittman LLP**
_____
Tel:  650.233.4790
Cell: 650.533.4448
Fax:  650.233.4545
2550 Hanover Street | Palo Alto, CA 94304-1114

Email:  david.jakopin@pillsburylaw.com
Bio:  www.pillsburylaw.com/david.jakopin
**www.pillsburylaw.com**

---

**From:** Christopher Honea [mailto:chonea@ghiplaw.com]
**Sent:** Tuesday, February 19, 2013 2:26 PM
**To:** Jakopin, David A.
**Cc:** 'Randall Garteiser (rgarteiser@ghiplaw.com)'
**Subject:** Re: Blue Spike v. Vobile - Jurisdictional Discovery

David

You have had over a week now. Please let us know if your client is agreeable to Blue Spike moving for leave to serve this limited jurisdictional discovery. Otherwise, please let us know what times you are available this week for a telephone meet and confer. Thank you

Christopher A. Honea
**Garteiser Honea - Trial Attorneys**
chonea@ghiplaw.com
44 N. San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 (fax)
www.ghiplaw.com


On Feb 11, 2013, at 1:41 PM, Jakopin, David A. wrote:


Chris,

I responded to you well over 3 weeks ago, on January 18, yet you finally respond today and suggest I need to get back to you within 2 days.  I will confer with my client and let you know in a reasonable period of time, but cannot commit to getting back to you in the timeframe you request.

David

**David Jakopin | Pillsbury Winthrop Shaw Pittman LLP**
_____
Tel:  650.233.4790

Cell: 650.533.4448
Fax:  650.233.4545
2550 Hanover Street | Palo Alto, CA 94304-1114

Email:  david.jakopin@pillsburylaw.com
Bio:  www.pillsburylaw.com/david.jakopin
**www.pillsburylaw.com**

---

**From:** Christopher Honea [mailto:chonea@ghiplaw.com]
**Sent:** Monday, February 11, 2013 12:59 PM
**To:** Jakopin, David A.
**Cc:** Randall Garteiser (rgarteiser@ghiplaw.com)
**Subject:** Re: Blue Spike v. Vobile - Jurisdictional Discovery

David,

Please find attached the draft discovery we will seek to obtain.  We disagree that the discovery should be limtied as you suggest, and the cases are distinguishable. The Federal Circuit has repeatedly held that where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facie* showing of jurisdiction. *See, e.g.*, *Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998); *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). Blue Spike has made that showing.

This discovery primarily asks for information about the following issues: (1) Defendant's solicitation of customers, prospective employees, and business in Texas; (2) the extent of Defendant's web-crawling activities within Texas or concerning Texas sources; (3) Defendants' collection of data and other information from sources within Texas; (4) Defendants' sales or distribution of products and services that reach Texas consumers; and (5) Defendants' creation or use of sales networks or relationships that reach into Texas. Other discovery may be necessary

as well, but these items are indisputably relevant to Defendant's claims that it does not conduct business in Texas or this District.

The requested discovery and disclosures will also provide Blue Spike with additional evidence to include in an Amended Complaint and submit in an amended opposition to Defendant's Motion to Dismiss. These are additional reasons for the Court to authorize the requested discovery and disclosures. *See Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (holding that jurisdictional discovery is appropriate where party demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("jurisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse").

Please let us know close of business Wednesday, February 13, 2013 if your client will agree to a motion for leave to serve this limited jurisdictional discovery. If you oppose, please also provide dates for a meet and confer on the issues pursuant to L.R. 7(h).

Regards,

# Christopher A. Honea
**Garteiser Honea - Trial Attorneys**
chonea@ghiplaw.com
44 N. San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 (fax)
www.ghiplaw.com


On Jan 18, 2013, at 12:16 PM, Jakopin, David A. wrote:

Chris,

All you continue to say is that you want "jurisdictional discovery," but you don't say what information you seek from Vobile. As such, your request is still overbroad and, as such, unacceptable.

It is also apparent that you are requesting much more discovery than this Court has allowed. In the papers you sent to me, in almost every instance the Court limited jurisdictional discovery to 10 interrogatories that were narrowly tailored to relevant facts of that matter.

That all said, in order to move this forward, my client is willing to entertain a limited number of interrogatories, without subparts, as jurisdictional discovery, if that is also accompanied by a briefing schedule that is along the lines of that set forth in the *Dietgoal Innovations, LLC* Order that you sent to me (which also limited jurisdictional discovery to only 10 narrowly tailored interrogatories). Please review this Order, then advise if you are agreeable in principle to this approach, and also advise what narrowly tailored facts on which you seek information for jurisdictional discovery in our matter, and we can move this forward.

Regards,

David


**David Jakopin | Pillsbury Winthrop Shaw Pittman LLP**
_____
Tel:  650.233.4790
Cell: 650.533.4448

Fax:  650.233.4545
2550 Hanover Street | Palo Alto, CA 94304-1114

Email:  david.jakopin@pillsburylaw.com

Bio:  www.pillsburylaw.com/david.jakopin
**www.pillsburylaw.com**

---

**From:** Christopher Honea [mailto:chonea@ghiplaw.com]
**Sent:** Wednesday, January 16, 2013 12:20 PM
**To:** Jakopin, David A.
**Cc:** Randall Garteiser (rgarteiser@ghiplaw.com)
**Subject:** Re: Blue Spike v. Vobile - Jurisdictional Discovery

David,

Interrogatories, document requests and 30(b)(6) deposition and a deposition of the declarant in support of the motion. Whether you're okay with jurisdictional discovery in general is the question here before we talk about specific requests. Moreover, specific requests can be objected to, but objections to scope does not alleviate that some jurisdictional discovery needs to take place here. We would then supplement the opposition based on that discovery.


Christopher A. Honea
**Garteiser Honea - Trial Attorneys**
chonea@ghiplaw.com
44 N. San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 (fax)
www.ghiplaw.com


On Jan 16, 2013, at 10:14 AM, Jakopin, David A. wrote:

Chris,

Please let me know what jurisdictional discovery you seek. Interrogatorries -- if so what are they? Documents -- if so what ones? Depositions -- if so who and why? Also, what do you propose regarding any supplemental briefing? I need specifics in order to be able to answer your request.

Regards,

David

---

**From:** Christopher Honea [chonea@ghiplaw.com]
**Sent:** Wednesday, January 16, 2013 10:08 AM
**To:** Jakopin, David A.
**Cc:** Randall Garteiser (rgarteiser@ghiplaw.com)
**Subject:** Re: Blue Spike v. Vobile - Jurisdictional Discovery

David,

I hope your travels went well and you are caught up and acclimated. To answer your question below, we seek jurisdictional discovery on your client's contacts with Texas, and we think it's necessary to the extent the Court would grant your client's motion. As I mentioned before, recent decisions require the plaintiff to be proactive to seek this discovery, while a fully briefed motion is pending, to circumvent wasted time if the court were to grant the motion to dismiss but allows jurisdictional discovery and supplemental briefing.

Please let us know when you are available for a telephonic meet and confer this week. To the extent you think this is a "discovery related" matter, please check Mr. Stubb's availability. Thank you,

Christopher A. Honea
**Garteiser Honea - Trial Attorneys**
chonea@ghiplaw.com
44 N. San Pedro Road

San Rafael, California 94903
(415) 785-3762
(415) 785-3805 (fax)
www.ghiplaw.com


On Jan 9, 2013, at 11:41 PM, Jakopin, David A. wrote:

Chris,

It has been <u>months</u> since Vobile filed its motion to dismiss. Blue Spike, instead of requesting jurisdictional discovery, fully briefed it, filing not only an opposition but also a sur-reply.  It was only yesterday that you requested, for the first time, a meet and confer regarding jurisdictional discovery of Vobile.  That you had suggested jurisdictional discovery would be appropriate in an email to me of December 21, 2012, to which I responded on December 27, 2012 (indicating in significant part that since the motion was fully briefed it did not seem necessary unless ordered by the Court), and then yourself waited until January 8, 2013 – almost two weeks later to further respond – highlights that any delay has been of your own making.

And your assertion that I am "[H]olding the week hostage" is misplaced and is not well taken.  I am in China with my family, including my 3 year old, due to the passing of my wife's father.   It is now Thursday afternoon local China time. We return to the USA tomorrow, beginning travels in my China morning, your Thursday, and after 3 flights land I at SFO late in the evening Friday pacific time.  While in transit I will not be in a position to move this matter forward,  and no one else at Pillsbury is as familiar with this matter as I am.

Still further, you have not even outlined the jurisdictional discovery that you seek and why you believe such discovery is necessary.  What specifically is it and why is it needed? Further, since this motion is fully briefed, are you proposing supplemental briefing and if so why? So please provide that all  to me.  If provided

promptly by you, we can then have a discussion sometime early next week, and can then proceed from there.

While I disagree that there has been sufficient meet and confer, I cannot control what you do.  As such, if you insist on filing your motion this Friday, I request that you attach this entire email chain as an Exhibit setting forth Vobile's position as to why Vobile does not believe that there has yet been a sufficient meet and confer and on that basis opposes your filing of the motion in the first instance.

**David Jakopin | Pillsbury Winthrop Shaw Pittman LLP**
_____

Tel:  650.233.4790
Cell: 650.533.4448

Fax:  650.233.4545
2550 Hanover Street | Palo Alto, CA 94304-1114

Email:  david.jakopin@pillsburylaw.com
Bio:  www.pillsburylaw.com/david.jakopin
**www.pillsburylaw.com**

---

**From:** Christopher Honea [mailto:chonea@ghiplaw.com]
**Sent:** Wednesday, January 09, 2013 9:43 AM
**To:** Jakopin, David A.
**Cc:** Randall Garteiser; Christopher Honea
**Subject:** Re: Blue Spike v. Vobile - Jurisdictional Discovery/Settlement

David,

Holding the week hostage because you are in China is not a valid reason to not look at these materials and provide a response to my inquiry. We all travel and work on matters, and this is not a difficult issue to understand and make a decision. If you do not let me know whether you are unopposed by Friday, we

will file as opposed, and I'll indicate you would not make yourself or someone else available to meet and confer, clearly in an effort to delay the filing. I am available any time this week to accommodate a conference call if that is needed, but this issue has come to a head. Thank you,

Christopher A. Honea
**Garteiser Honea - Trial Attorneys**
chonea@ghiplaw.com
44 N. San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 (fax)
www.ghiplaw.com


On Jan 8, 2013, at 11:19 PM, Jakopin, David A. wrote:


Chris,

I am returning from China on Friday and will then look at these materials.  Likely we can talk next week.  As of now, this email is not sufficient regarding the meet and confer requirement.

David

**From:** Christopher Honea [chonea@ghiplaw.com]
**Sent:** Tuesday, January 08, 2013 11:55 AM
**To:** Jakopin, David A.
**Cc:** randall garteiser; Christopher Honea
**Subject:** Re: Blue Spike v. Vobile - Jurisdictional Discovery/Settlement

David,

Recent orders have suggested that Plaintiffs must be proactive in attaining jurisdictional discovery (see attached). Therefore, we are moving for authorization to do so, which has already been granted in one case which was unopposed (see attached). Please let us know if you oppose, and if so, whether you consider this email exchange sufficient for the meet and confer requirement.

We disagree with your characterizations of settlement negotiations to date, and we will not discuss settlement in a chain of emails not isolated to that subject. Please send communications regarding settlement negotiations separately going forward so that it's easier to maintain their confidentiality under FRE 408 or any NDA that may be put in place.

Thank you,

Christopher A. Honea
**Garteiser Honea - Trial Attorneys**
chonea@ghiplaw.com
44 N. San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 (fax)
www.ghiplaw.com


On Dec 27, 2012, at 11:33 PM, Jakopin, David A. wrote:


Chris,

I was surprised to receive your request for jurisdictional discovery, particularly as Randall was quite confident in the Blue Spike opposition to Vobile's motion to dismiss when we last talked a few weeks ago. In any event, while Vobile is not

opposed to providing such discovery if ordered by the Court, since this motion has been fully briefed Vobile believes it is best to await the court's direction.

Also, Blue Spike had inquired about settlement a few weeks ago, yet again based on an unacceptable NDA. In this regard, Vobile is willing to engage in settlement discussions based on an acceptable NDA, which NDA provides a platform to resolve all issues, not just some. Vobile also isn't going to sign an NDA that limits its ability to act regarding patents other than those that are in the suit just because they are mentioned. Since Blue Spike can make a settlement proposal based on all its patents without mentioning any one patent in particular (just as Vobile can choose which confidential information to disclose to Blue Spike as correctly pointed out by Randall in his 11/29/12 email to me), Vobile doesn't believe its position is unreasonable. But if you want to propose something different, I am open to suggestions.

Regards,

David Jakopin

---

**From**: Christopher Honea [mailto:chonea@ghiplaw.com]
**Sent**: Friday, December 21, 2012 04:28 PM
**To**: Jakopin, David A.
**Cc**: Randall Garteiser <rgarteiser@ghiplaw.com>; Christopher Honea <chonea@ghiplaw.com>
**Subject**: Blue Spike v. Vobile - Jurisdictional Discovery

David,

Because your client filed a motion to dismiss based on personal jurisdiction we will need to serve jurisdictional discovery. Please let us know if your client is unopposed to Blue Spike filing for leave to serve jurisdictional discovery, or if we need to file our motion opposed. Thank you,

Chris

Christopher A. Honea
**Garteiser Honea - Trial Attorneys**
chonea@ghiplaw.com
44 N. San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 (fax)
www.ghiplaw.com

------------------------------------------------------------
In compliance with IRS and other applicable tax practice standards, any advice in this message (including attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties or for the purpose of promoting, marketing or recommending to another party any tax-related matters.

Additionally, the contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.
============================================================