IN THE UNITED STATES DISCTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 6:12-cv-00499-MHS** |
| | § | |
| **v.** | § | **(LEAD CASE)** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |
| | § | |
| _____ | § | |
| | § | |
| **BLUE SPIKE, LLC,** | § | **CIVIL ACTION NO. 6:13-cv-00044-MHS** |
| **Plaintiff,** | § | *(Consolidated with 6:12-cv-00499-MHS)* |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **ASURE SOFTWARE, INC.,** | § | |
| **Defendant.** | § | |
| | § | |
| _____ | § | |

**DEFENDANT ASURE SOFTWARE'S ORIGINAL ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Asure Software, Inc., ("Asure") responds to Plaintiff Blue Spike, LLC's ("Blue Spike") Original Complaint for Patent Infringement ("Complaint") as follows:

**GENERAL DENIAL**

Asure denies each and every allegation, matter, or thing contained in the Complaint that is not expressly admitted, qualified or answered herein.

**ANSWER**

**NATURE OF THE SUIT**

1.      Asure admits that Blue Spike purports to state a claim for patent infringement arising under the laws of the United States, Title 35 of the United States Code.  Asure specifically denies infringing any valid claim of the asserted patents.

## PARTIES

2.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.

3.      Asure admits that it is a corporation organized under the laws of the State of Delaware and having its principal place of business at 110 Wild Basin Road, Suite #100, Austin, Texas 78746.  Asure admits that Paul Tesluk is a registered agent of Asure.  Asure admits that it has done business in the State of Texas and in the Eastern District of Texas.  Asure denies any remaining allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      The allegations in paragraph 4 of the Complaint are legal conclusions to which no answer is required.  To the extent that any answer is required, Asure admits that Blue Spike, by this action, invokes the United States patent laws and that this Court has subject matter jurisdiction over patent law claims.  Asure denies any remaining allegations in paragraph 4 of the Complaint.

5.      Asure admits that this Court has personal jurisdiction over Asure, but denies that Asure committed acts of patent infringement, denies that Asure contributed to acts of patent infringement, and denies that Asure induced acts of patent infringement by others.

6.      Asure admits that it has transacted business in the State of Texas.  Asure denies that it has committed acts of infringement in Texas or in this District.  Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and therefore denies them.

## FACTUAL BACKGROUND

### A.  Moskowitz's History

7.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies them.

8.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies them.

9.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies them.

10.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies them.

11.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies them.

12.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies them.

13.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies them.

14.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies them.

15.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies them.

16.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies them.

17.      Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies them.

18.     Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies them.

19.     Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies them.

20.     Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore denies them.

**B.  Patents-in-Suit**

21.     Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies them.

22.     Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore denies them.

23.     Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies them.

24.     Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies them.

25.     Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies them.

26.     Asure is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies them.

**C.  The Accused Products and Services**

27.     Asure admits that it uses and offers for sale the adiTouch 700 and adiPad 400. Asure denies that it is infringing any valid claim of the Patents-in-Suit and denies the remaining allegations contained in paragraph 27 of the Complaint.

28.    Asure admits that it has not sought or obtained a license to the Patents-in-Suit. Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and therefore denies them.

29.    Asure denies the allegations in paragraph 29 of the Complaint.

30.    Asure denies the allegations in paragraph 30 of the Complaint.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31.    Asure incorporates by reference its responses to paragraphs 1 through 30 above, as if fully set forth herein.

32.    Asure admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."   Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint and therefore denies them.

33.    Asure admits that what appears to be a copy of the '175 Patent is attached as Exhibit A to Blue Spike's Complaint and that, on its face, the '175 Patent was issued on July 3, 2012.  Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of the Complaint and therefore denies them.

34.    Asure denies the allegations contained in paragraph 34 of the Complaint, denies that it has infringed and continues to infringe one or more valid claims of the '175 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Blue Spike.

35.    Asure denies the allegations contained in paragraph 35 of the Complaint and denies that it has been, and now is, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '175 Patent.

36.     Asure denies the allegations contained in paragraph 36 of the Complaint and denies that Blue Spike has been damaged by any acts of Asure.  Asure further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining Asure from committing infringing acts.

37.     Asure denies the allegations contained in paragraph 37 of the Complaint and denies that it infringes any claims of the '175 Patent, directly, contributorily, and/or by inducement.

38.     Asure denies the allegations in paragraph 38 of the Complaint.

**COUNT 2:**
**INFRINGEMENT OF U.S. PATENT NO. 7,949,494**

39.     Asure incorporates by reference its responses to paragraphs 1 through 38 above, as if fully set forth herein.

40.     Asure admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."   Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the Complaint and therefore denies them.

41.     Asure admits that what appears to be a copy of the '494 Patent is attached as Exhibit B to Blue Spike's Complaint and that, on its face, the '494 Patent was issued on May 24, 2011.  Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint and therefore denies them.

42.     Asure denies the allegations contained in paragraph 42 of the Complaint, denies that it has infringed and continues to infringe one or more valid claims of the '494 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Blue Spike.

43.     Asure denies the allegations contained in paragraph 43 of the Complaint and denies that it has been, and now is, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '494 Patent.

44.     Asure denies the allegations contained in paragraph 44 of the Complaint and denies that Blue Spike has been damaged by any acts of Asure.  Asure further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining Asure from committing infringing acts.

45.     Asure denies the allegations contained in paragraph 45 of the Complaint and denies that it infringes any claims of the '494 Patent, directly, contributorily, and/or by inducement.

46.     Asure denies the allegations in paragraph 46 of the Complaint.

**COUNT 3:**
**INFRINGEMENT OF U.S. PATENT NO. 7,660,700**

47.     Asure incorporates by reference its responses to paragraphs 1 through 46 above, as if fully set forth herein.

48.     Asure admits that, on its face, United States Patent No. 7,660,700 ("the '700 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 of the Complaint and therefore denies them.

49.     Asure admits that what appears to be a copy of the '700 Patent is attached as Exhibit C to Blue Spike's Complaint and that, on its face, the '700 Patent was issued on February 9, 2010.  Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint and therefore denies them.

50.     Asure denies the allegations contained in paragraph 50 of the Complaint, denies that it has infringed and continues to infringe one or more valid claims of the '700 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Blue Spike.

51.     Asure denies the allegations contained in paragraph 51 of the Complaint and denies that it has been, and now is, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '700 Patent.

52.     Asure denies the allegations contained in paragraph 52 of the Complaint and denies that Blue Spike has been damaged by any acts of Asure.  Asure further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining Asure from committing infringing acts.

53.     Asure denies the allegations contained in paragraph 53 of the Complaint and denies that it infringes any claims of the '700 Patent, directly, contributorily, and/or by inducement.

54.     Asure denies the allegations in paragraph 54 of the Complaint.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55.     Asure incorporates by reference its responses to paragraphs 1 through 54 above, as if fully set forth herein.

56.     Asure admits that, on its face, United States Patent No. 7,346,472 ("the '472 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 of the Complaint and therefore denies them.

57.     Asure admits that what appears to be a copy of the '472 Patent is attached as Exhibit D to Blue Spike's Complaint and that, on its face, the '472 Patent was issued on March 18, 2008.  Asure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 of the Complaint and therefore denies them.

58.     Asure denies the allegations contained in paragraph 58 of the Complaint, denies that it has infringed and continues to infringe one or more valid claims of the '472 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Blue Spike.

59.     Asure denies the allegations contained in paragraph 59 of the Complaint and denies that it has been, and now is, indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '472 Patent.

60.     Asure denies the allegations contained in paragraph 60 of the Complaint and denies that Blue Spike has been damaged by any acts of Asure.  Asure further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining Asure from committing infringing acts.

61.     Asure denies the allegations contained in paragraph 61 of the Complaint and denies that it infringes any claims of the '472 Patent, directly, contributorily, and/or by inducement.

62.     Asure denies the allegations in paragraph 62 of the Complaint.

## PLAINTIFF'S REQUEST FOR RELIEF

Asure denies that Blue Spike is entitled to any relief whatsoever, including the relief requested in Paragraphs (a) – (d) in the section of the Complaint entitled "Request for Relief." To the extent that any statement in the Request for Relief is deemed factual, it is denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Asure admits that the Complaint requests a trial by jury.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Asure asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Blue Spike. Asure reserves the right to assert additional defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

63.     Asure has not and does not directly or indirectly (such as by inducement or contributory infringement) infringe any of the claims of the '175 Patent, the '494 Patent, the '700 Patent, and the '472 Patent (the "Patents-in-Suit") either literally or under the Doctrine of Equivalents.

## SECOND AFFIRMATIVE DEFENSE

64.     Those claims of the Patents-in-Suit which Blue Spike accuses Asure of infringing are invalid and/or unenforceable for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101 *et seq.*, including, without limitation, §§ 101, 102, 103, 112, 116, 133, and 282 and/or the doctrine of double patenting.

## THIRD AFFIRMATIVE DEFENSE

65.     Plaintiff's requests for relief under the doctrine of equivalents, if any, are barred in whole or in part by the doctrine of prosecution history estoppel and/or prosecution disclaimer.

## FOURTH AFFIRMATIVE DEFENSE

66.     Plaintiff's claims for relief are barred in whole or in part by laches, waiver, unclean hands, acquiescence and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

67.     Plaintiff's claims for damages relating to the Patents-in-Suit are limited to those damages occurring only after notice of infringement to Asure pursuant to 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

68.     Plaintiffs are barred from recovering costs pursuant to 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE

69.     Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Asure or are imported, sold by, offered for sale by, made by, or made for any entity or entities having express or implied licenses to the Patents-in-Suit; and/or (ii) under the doctrine of patent exhaustion.

## ADDITIONAL AFFIRMATIVE DEFENSES

70.     Asure reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its Answer to assert any such defense.

## COUNTERCLAIMS

Defendant/Counterclaimant Asure pleads the following counterclaims against Plaintiff/Counterclaim-Defendant Blue Spike:

## THE PARTIES

1.     Asure is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Austin, Texas.

2.      Upon information and belief, Blue Spike, LLC ("Blue Spike"), is a limited liability company organized and existing under the laws of the State of Texas.

3.      By its Complaint, Blue Spike purports to assert claims against Asure for infringement of one or more claims of U.S. Patent Nos. 8,214,175 (the "'175 Patent"), 7,949,494 (the "'494 Patent"), 7,660,700 (the "'700 Patent"), and 7,346,472 (the "'472 Patent") (collectively "the Patents-in-Suit").

4.      Asure denies Blue Spike's claims for infringement of the Patents-in-Suit.

5.      An actual controversy has arisen and now exists between Asure and Blue Spike as to the non-infringement of the Patents-in-Suit and the invalidity of the Patents-in-Suit.

## JURISDICTION AND VENUE

6.      This is an action for declaratory judgment in which there is a case or controversy relating to whether Asure infringes the Patents-in-Suit and whether one or more claims of the Patents-in-Suit are invalid, unenforceable, or otherwise void.  This action arises under the federal patent laws, 35 U.S.C. §§ 101 *et seq*.

7.      This Court has subject matter jurisdiction over the action based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

8.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b), *inter alia*, because Blue Spike has submitted to the venue of this Court by filing its Complaint here.

## FIRST COUNTERLCAIM
### Declaratory Judgment of Non-infringement of the '175 Patent

9.      Asure repeats and realleges Paragraphs 1-8 of its Counterclaims as though fully set forth herein.

10.     There is an actual and justiciable controversy between Asure and Blue Spike regarding whether Asure has infringed any valid claim of the '175 Patent.

11.    Asure has not in the past infringed, and is not now infringing, any valid claim of the '175 Patent, directly, contributorily and/or by inducement.

12.    Asure seeks a declaration from this Court that Asure has not infringed and does not infringe any claim of the '175 Patent.

## SECOND COUNTERCLAIM
## Declaratory Judgment of Invalidity of the '175 Patent

13.    Asure repeats and realleges Paragraphs 1-8 of its Counterclaims, as though fully set forth herein.

14.    There is an actual and justiciable controversy between Asure and Blue Spike regarding the invalidity of the claims of the '175 Patent.

15.    Each and every claim of the '175 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

16.    Asure seeks a declaration from this Court that the claims of the '175 Patent are invalid.

## THIRD COUNTERLCAIM
## Declaratory Judgment of Non-infringement of the '494 Patent

17.    Asure repeats and realleges Paragraphs 1-8 of its Counterclaims as though full set forth herein.

18.    There is an actual and justiciable controversy between Asure and Blue Spike regarding whether Asure has infringed any valid claim of the '494 Patent.

19.    Asure has not in the past infringed, and is not now infringing, any valid claim of the '494 Patent, directly, contributorily and/or by inducement.

20.    Asure seeks a declaration from this Court that Asure has not infringed and does not infringe any claim of the '494 Patent.

## FOURTH COUNTERCLAIM
### Declaratory Judgment of Invalidity of the '494 Patent

21.     Asure repeats and realleges Paragraphs 1-8 of its Counterclaims, as though fully set forth herein.

22.     There is an actual and justiciable controversy between Asure and Blue Spike regarding the invalidity of the claims of the '494 Patent.

23.     Each and every claim of the '494 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

24.     Asure seeks a declaration from this Court that the claims of the '494 Patent are invalid.

## FIFTH COUNTERLCAIM
### Declaratory Judgment of Non-infringement of the '700 Patent

25.     Asure repeats and realleges Paragraphs 1-8 of its Counterclaims as though full set forth herein.

26.     There is an actual and justiciable controversy between Asure and Blue Spike regarding whether Asure has infringed any valid claim of the '700 Patent.

27.     Asure has not in the past infringed, and is not now infringing, any valid claim of the '700 Patent, directly, contributorily and/or by inducement.

28.     Asure seeks a declaration from this Court that Asure has not infringed and does not infringe any claim of the '700 Patent.

## SIXTH COUNTERCLAIM
### Declaratory Judgment of Invalidity of the '700 Patent

29.     Asure repeats and realleges Paragraphs 1-8 of its Counterclaims, as though fully set forth herein.

30.     There is an actual and justiciable controversy between Asure and Blue Spike regarding the invalidity of the claims of the '700 Patent.

31.     Each and every claim of the '700 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.     Asure seeks a declaration from this Court that the claims of the '700 Patent are invalid.

**SEVENTH COUNTERLCAIM**
**Declaratory Judgment of Non-infringement of the '472 Patent**

33.     Asure repeats and realleges Paragraphs 1-8 of its Counterclaims as though full set forth herein.

34.     There is an actual and justiciable controversy between Asure and Blue Spike regarding whether Asure has infringed any valid claim of the '472 Patent.

35.     Asure has not in the past infringed, and is not now infringing, any valid claim of the '700 Patent, directly, contributorily and/or by inducement.

36.     Asure seeks a declaration from this Court that Asure has not infringed and does not infringe any claim of the '472 Patent.

**EIGHTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the '472 Patent**

37.     Asure repeats and realleges Paragraphs 1-8 of its Counterclaims, as though fully set forth herein.

38.     There is an actual and justiciable controversy between Asure and Blue Spike regarding the invalidity of the claims of the '472 Patent.

39.     Each and every claim of the '472 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

40.     Asure seeks a declaration from this Court that the claims of the '472 Patent are invalid.

## EXCEPTIONAL CASE

41.     On information and belief, this is an exceptional case entitling Asure to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Blue Spike's assertion of the Patents-in-Suit against Asure with knowledge that Asure does not infringe any valid claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Asure respectfully requests the following relief:

(a)     that judgment on Blue Spike's Complaint be entered in favor of Asure and against Blue Spike and that Blue Spike not be awarded any relief on its Complaint;

(b)     that the Court enter a declaratory judgment in favor of Asure that Asure has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any claim of the Patents-in-Suit;

(c)     that the Court enter a declaratory judgment in favor of Asure that each and every claim of the Patents-in-Suit are invalid;

(d)     that the Court award Asure its costs, including the cost of defending against Blue Spike's claims;

(e)     that this case be deemed exceptional and that Asure be awarded its costs and reasonable attorney's fees incurred in this action under 35 U.S.C. § 285 or otherwise; and

(f)     that Asure be granted such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR A TRIAL BY JURY

Asure respectfully requests a trial by jury on all issues so triable.

Date:  March 26, 2013

Respectfully submitted,

**TAYLOR DUNHAM, LLP**
301 Congress Avenue, Suite 1050
Austin, TX 78701
512.473.2257 (Phone)
512.478.4409 (Facsimile)


/s/ Miguel S. Rodriguez
Miguel S. Rodriguez (Lead Attorney)
Texas Bar No. 24007938
Email:  mrodriguez@taylordunham.com
**ATTORNEYS FOR ASURE SOFTWARE, INC.**


## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on March 26, 2013, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.


/s/ Miguel S. Rodriguez
Miguel S. Rodriguez