**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | Civil Action No. 6:12-cv-499-MHS |
| | § | **(Lead case for Consolidation Issues)** |
| v. | § | Jury Trial Demanded |
| | § | |
| Texas Instruments, Inc., | § | |

_____

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | Civil Action No. 6:13-cv-125 |
| v. | § | |
| | § | |
| Entropic Communications, Inc. | § | |

**ENTROPIC COMMUNICATIONS, INC.'S MOTION TO DISMISS BLUE SPIKE,
LLC'S COMPLAINT FOR INDIRECT AND WILLFUL PATENT INFRINGEMENT
FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

## TABLE OF CONTENTS

**Page(s)**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF RELEVANT FACTS | 2 |
| III. | APPLICABLE LEGAL STANDARD | 4 |
| | A. Motions to Dismiss for Failure to State a Facially Plausible Claim | 4 |
| | B. Indirect and Willful Patent Infringement | 5 |
| IV. | BLUE SPIKE'S INDIRECT AND WILLFULNESS CLAIMS SHOULD BE DISMISSED | 6 |
| | A. Blue Spike Fails to Adequately Plead the Facts Required for Inducement | 6 |
| | B. Blue Spike Fails to Adequately Plead the Facts Required for Contributory Infringement | 9 |
| | C. Blue Spike Fails to Adequately Plead the Facts Required for Willfulness | 10 |
| V. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................... passim

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................... passim

*Discflo Corp v. Am. Process Equipment, Inc.,*
    No. 11-cv-00476 BTM (RBB), 2011 WL 6888542 (S.D. Cal. Dec. 29, 2011) .........................8

*DSU Med. Corp. v. JMS Co., LTD,*
    471 F. 3d 1293 (Fed. Cir. 2006) ...........................................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.,*
    131 S. Ct. 2060 (2011) ................................................................................................5, 6, 9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012) ........................................................................................4, 7

*In re Seagate Tech., LLC,*
    497 F.3d 1360 (Fed. Cir. 2007) ..........................................................................5, 6, 10, 11

*Norris v. Hearst Trust,*
    500 F.3d 454 (5th Cir. 2007) ................................................................................................4

*Papasan v. Allain,*
    478 U.S. 265 (1986) .............................................................................................................4

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.,*
    No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July 27, 2012) ......................9

*Realtime Data, LLC v. Morgan Stanley,*
    721 F. Supp. 2d 538 (E.D. Tex. 2010) .................................................................................6

*Rhodes v. Prince,*
    360 Fed. Appx. 555 (5th Cir. 2010) .....................................................................................4

*Water Techs. Corp. v. Calco, Ltd.,*
    850 F.2d 660 (Fed. Cir. 1988) ..............................................................................................5

*Webmap Tech., LLC v. Google, Inc.,*
    No. 2:09-CV-343-DF-CE, 2010 WL 3768097 (E.D. Tex. Sept. 28, 2010) ....................10,11

Entropic's Motion to Dismiss Plaintiff's Complaint                                              Blue Spike v. Entropic Communications
                                                                                                       Civil Action No. 6:12-CV-499 MHS  (LEAD CASE)
                                                                                                       Civil Action No. 6:13-CV-00125-MHS

*Wistron Corp. v. Phillip M. Adams & Assoc.,*
   No. C-10-4458 EMC, 2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) ......................................8

**STATUTES**

35 U.S.C. §271 ...............................................................................................................................3

35 U.S.C. §271(b) ......................................................................................................................5, 6

35 U.S.C. §271(c) ......................................................................................................................5, 9

35 U.S.C. §284 ...............................................................................................................................3

35 U.S.C. §285 ...............................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................1

Fed. R. Civ. P. 8, 11(b) .............................................................................................................5, 10

iii

Entropic's Motion to Dismiss Plaintiff's Complaint                     Blue Spike v. Entropic Communications
                                                                       Civil Action No. 6:12-CV-499 MHS  (LEAD CASE)
                                                                       Civil Action No. 6:13-CV-00125-MHS

Defendant Entropic Communications, Inc. ("Entropic") respectfully submits the following memorandum of points and authorities in support of its motion to dismiss under Fed. R. Civ. P. 12(b)(6) the allegations of indirect infringement and willful infringement in the Complaint filed by Blue Spike, LLC ("Blue Spike"). Although not required to do so, Entropic conferred with counsel for Blue Spike by telephone and email in an effort to avoid the motion, by advising Blue Spike of the deficiencies of its Complaint, and asking Blue Spike to amend its Complaint.[1] Entropic submits that this motion is appropriate for decision without oral argument and does not request such a hearing on this motion.

I.  **INTRODUCTION**

Blue Spike's Complaint for patent infringement against Entropic should be dismissed because it fails to meet the standard for pleadings established in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Blue Spike accuses Entropic's "set-top box (STB) system-on-a-chip (SoC) platform software, systems and technology enabled with automatic content recognition" of infringing four Blue Spike patents. Although Blue Spike pleads disjunctively, alleging that Entropic has infringed "directly, contributorily, or by inducement," the Complaint pointedly does not allege direct infringement by itself and does not recite a single fact in support of this allegation, because Blue Spike would lack any basis to do so. Rather, in each of the four counts, Blue Spike accuses Entropic of indirect infringement. Each count also alleges that such indirect infringement is willful. But the Complaint alleges no facts that, even if proven, could plausibly show that Entropic had the requisite knowledge and

---

[1] *See* Declaration of Alan Blankenheimer in Support of Motion to Dismiss Blue Spike's Complaint for Indirect and Willful Infringement for Failure to State a Claim On Which Relief Can Be Granted, filed herewith.

1

intent for either. Instead, the Complaint alleges no more than that Entropic knew of the Blue Spike patents "at least by way of their receiving notice of this lawsuit." These claims of indirect and willful infringement are insufficient as a matter of law, at least as to any pre-filing conduct.

With respect to any post-filing conduct, Blue Spike's allegations of inducement and willfulness rest solely on the bare averment that Entropic's purported indirect infringement is "continuing," unsupported by any facts concerning any conduct by Entropic inducing or contributing to any direct infringement. Such an approach does not fairly place Entropic on notice of the allegations against it.

The deficiencies of Blue Spike's complaint are unsurprising, given that it has sued at least 109 defendants in 85 cases based on virtually the same boilerplate allegations, notwithstanding that the defendants differ vastly in the technologies they employ and the markets they serve. If Blue Spike has a good faith basis to accuse Entropic of direct or indirect infringement either before the Complaint was filed or thereafter, it may be able to cure those problems by amending to add plausible factual allegations that rise above the level of mere speculation. If not, Entropic should not be put to the expense of defending against "formulaic recitations of elements of a cause of action" and "naked assertions devoid of 'further factual enhancement," which are insufficient to state a claim. *See Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555).

## II. STATEMENT OF RELEVANT FACTS

The entirety of Blue Spike's indirect infringement claim, which it repeats for each of the four patents-in-suit (and for scores of other defendants) is as follows:

> Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the [asserted patents] in the State of

2

> Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the [asserted patents].  Such products include, without limitation, one or more of the Accused Products.  Such products have no substantial non-infringing uses and are for use in systems that infringe the [asserted patents]. By making, using, importing [*sic*] offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the [asserted patents] under 35 U.S.C. §271.  Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products.  Defendant had knowledge of the [asserted patents] as early as the service of this complaint and is thus liable for infringement of one or more claims of the [asserted patents] by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the [asserted patents] under 35 U.S.C. §271.

Complaint, D.N. 1, ¶ 34; *see also* ¶¶ 42, 50, 58.  Nothing in this "formulaic recitation" reflects a single fact specific to Entropic or its technology.  Blue Spike does not state a single fact from which there is any plausible inference that Entropic had knowledge of the patents-in-suit before Blue Spike filed its Complaint.  Blue Spike also does not allege any facts concerning any conduct by Entropic that might plausibly induce infringement by others even after the filing of the Complaint, save for the rote recitation that Entropic's alleged infringement is "continuing."

The Complaint is equally deficient as to willfulness.  In its sole paragraph on willful infringement, also repeated for each patent and for multiple defendants, Blue Spike alleges:

> On information and belief, Defendant has continued to infringe the [asserted patents] since receiving notice of their infringement, at least by receiving notice of this lawsuit.  On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk.  Accordingly, Blue Spike seeks a willfulness finding against Defendant relative to its infringement of the [asserted patents] entitling Blue Spike to increased damages under 35 U.S.C. §284 as well as attorneys' fees and costs under 35 U.S.C. §285.

3

Entropic's Motion to Dismiss Plaintiff's Complaint  
Blue Spike v. Entropic Communications  
Civil Action No. 6:12-CV-499 MHS  (LEAD CASE)  
Civil Action No. 6:13-CV-00125-MHS

Complaint, D.N. 1, ¶36; *see also* ¶¶ 44, 52, 60. Blue Spike does not allege that Entropic had any knowledge of the patents before Plaintiff filed its complaints. These allegations also are devoid of any facts specific to Entropic or its products, and provide not a single fact to support Blue Spike's conclusory allegations of an "objectively high risk" or that Entropic acted in an "objectively reckless" manner. Blue Spike's allegations merely recite the bare legal elements of a willfulness claim rather than allege facts that might plausibly support one.

### III.    APPLICABLE LEGAL STANDARD

#### A.    Motions to Dismiss for Failure to State a Facially Plausible Claim

To withstand a motion to dismiss, "a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court defined "facial plausibility" as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged …. Threadbare recitals of elements of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Id.* at 678. The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

Because a motion to dismiss in a patent case "raises a purely procedural issue," courts apply the law of the regional circuit. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1331 (Fed. Cir. 2012). In the Fifth Circuit, while well-pleaded facts must be accepted as true, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Papasan v. Allain,* 478 U.S. 265 (1986); *see also Rhodes v. Prince,* 360 Fed. Appx. 555, 557-58 (5th Cir. 2010).

4

### B. Indirect and Willful Patent Infringement

It is by now axiomatic that both forms of indirect infringement, inducement under 35 U.S.C. §271(b) and contributory infringement under 35 U.S.C. §271(c), require a showing of specific knowledge and intent. Both require the plaintiff to show that the defendant knew of the patent alleged to be infringed (or in the case of inducement, was willfully blind as to its existence). *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011) ("[W]e proceed on the premise that §271(c) requires knowledge of the existence of the patent that is infringed …. [And] we now hold that induced infringement under §271(b) requires knowledge that the induced acts constitute patent infringement.")

In addition, for inducement claims a plaintiff must show the defendant's specific intent to induce infringement, i.e., that the defendant "actively and knowingly aid[ed] and abet[ed] another's direct infringement." *DSU Med. Corp. v. JMS Co., LTD,* 471 F. 3d 1293, 1305 (Fed. Cir. 2006) (quoting *Water Techs. Corp. v. Calco, Ltd.,,* 850 F.2d 660, 668 (Fed. Cir. 1988)). It is not enough to show mere knowledge of possible infringement by others; "'specific intent and action to induce infringement must be proven.'" *Id.* For allegations of contributory infringement, in addition to knowledge of the patent, a plaintiff must also show a defendant's knowledge that an accused product is especially made for infringement and has no substantial non-infringing use. *Global-Tech Appliances,* 131 S. Ct. at 2068.

With respect to willfulness, the plaintiff must show that the defendant acted with at least "objective recklessness" as to infringement. *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007). Moreover,

> when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b). So a willfulness claim asserted in the original complaint <u>must</u>

5

> necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction …. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.

*Id.* at 1374 (emphasis added). In granting a motion to dismiss a plaintiff's willfulness allegation, this Court agreed that a patentee alleging willful infringement must have a good faith basis for doing so at the time the complaint was filed. *Realtime Data, LLC v. Morgan Stanley,* 721 F. Supp. 2d 538, 545 (E.D. Tex. 2010). Where a complaint alleging willfulness premises a defendant's knowledge of the patent on the filing of the complaint, there is no such good faith basis. *See In re Seagate Tech., LLC,* 497 F.3d at 1371.

IV. **BLUE SPIKE'S INDIRECT AND WILLFULNESS CLAIMS SHOULD BE DISMISSED**

A. **Blue Spike Fails to Adequately Plead the Facts Required for Inducement**

Liability for inducing infringement under 35 U.S.C. §271(b) requires that the defendant know of the patent, and act with specific intent to encourage others to infringe the known patent. *Global-Tech Appliances*, 131 S.Ct. at 2068. To withstand a motion to dismiss, Blue Spike's complaint must plead facts plausibly showing that Entropic specifically intended the direct infringers, here ostensibly "end users" [Complaint, D.N. 1, ¶ 34; *see also* ¶¶ 42, 50, 58], to infringe the patents-in-suit and that Entropic knew their acts constituted infringement. Blue Spike fails to allege any facts linking Entropic with end users of any allegedly infringing product, or from which it might plausibly be inferred that Entropic intended end users or, for that matter, any downstream customers, to infringe. Instead, the Complaint relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," of the kind found wanting in *Iqbal,* 129 U.S. at 678, *Twombly,* 127 U.S. at 555, and by this district.

6

For example, in *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.,* No. 6:12-cv-366 MHS-JDL, slip op. at 2 (E.D. Tex. Feb. 7, 2013) (Love, M.J.) (attached as Exhibit A) Magistrate Judge Love recommended granting a motion to dismiss *inter alia* an indirect infringement claim alleging that defendants "had actual or constructive knowledge of the [patent], yet continue to infringe said patent," that defendants supplied "infringing systems and components to customers," and that those "customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions." The Court found that such allegations failed to "establish a plausible inference that [defendant] had the specific intent to induce its customers' actions, and knowledge that those actions amounted to infringement." *Id.* at 6. In so finding, the Court relied on the "well-established [rule] that 'naked assertions devoid of further factual enhancement' are insufficient to state a claim." *Id.* (citing *Iqbal*, 556 U.S. 662. at 678; *Twombly*, 550 U.S. at 555); *see also Klausner Techs., Inc. v. Oracle Corp.* Case No. 6:11-cv-556, slip op. at 4 (E.D. Tex. Sept. 10, 2012) (Davis, J.) (attached as Exhibit B) (granting motion to dismiss *inter alia* indirect infringement claim because the plaintiff "must include some factual support that would allow this Court 'to draw a reasonable inference that [defendant] is liable for the misconduct alleged,'" and holding plaintiff's allegations that the defendant "induced others to infringe the '576 Patent,' [fail] to provide any factual support for these allegations.") (citing *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 556).[2]

---

[2] Both *U.S. Ethernet* and *Klausner* reaffirm that the principles of *Twombly* and *Iqbal,* not Fed. R. Civ. P. Form 18, control as to indirect infringement. *U.S. Ethernet*, slip op. at 5; *Klausner*, slip op. at 4; *see also Bill of Lading,* 681 F.3d at 1336–37 (reasoning "b]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement.")

7

Similarly, in *MacroSolve, Inc. v. Continental Airlines, Inc.,* No. 6:11-cv-694, (slip op.) (E.D. Tex. July 30, 2012) (Love, M.J.) (attached as Exhibit C), the Magistrate Judge recommended granting a motion to dismiss a complaint as to allegations of indirect infringement. In that case, the plaintiff alleged that the direct infringers were end users, as Blue Spike does here. The court stated:

> It is well-established that formulaic recitations of elements of a cause of action and "naked assertions devoid of 'further factual enhancements' are insufficient to state a claim." [citing *Iqbal*] Although MacroSolve's complaint alleges a direct infringer, namely Defendants' customers, MacroSolve nevertheless neglects to (1) recite the elements of an inducement claim and (2) allege any facts that, if taken as true, establish[] a plausible inference that Defendants had knowledge of the '816 patent, the specific intent to induce a third party to infringe, and knowledge that such action amounted to infringement. Thus, MacroSolve's complaint as to its inducement allegations fails to provide adequate notice to Defendants.

*Id.* slip op. at 6. The Magistrate Judge's recommendations were adopted in their entirety by Judge Davis. *MacroSolve, Inc. v. United Airlines, Inc.,* No. 6:11-cv-694, slip op. at 1-2 (E.D. Tex. Aug. 22, 2012) (Davis, J.) (attached as Exhibit D).

Other district courts are in accord that conclusory allegations of the kind Blue Spike advances are insufficient to state a claim. *See, e.g., Discflo Corp v. Am. Process Equipment, Inc.,* No. 11-cv-00476 BTM (RBB), 2011 WL 6888542 (S.D. Cal. Dec. 29, 2011) (granting motion to dismiss claims of induced and contributory infringement); *Wistron Corp. v. Phillip M. Adams & Assoc.,* No. C-10-4458 EMC, 2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) (same).

As in the *MacroSolve* case, here there is no allegation, let alone any fact on the basis of which an allegation might be plausible, that the Defendant, Entropic, had any knowledge of the patents-in-suit prior to the filing of the Complaint. Knowledge of the patent is a basic element of an inducement or contributory infringement claim, as the U.S. Supreme Court held in *Global-*

8

*Tech,* 131 S. Ct. at 2068. Blue Spike's allegations of inducement are not limited to post-filing conduct. Therefore, at a minimum the Court should grant the motion to dismiss Blue Spike's claims to the extent they arise from any pre-filing activity.[3]

### B. Blue Spike Fails to Adequately Plead the Facts Required for Contributory Infringement

Liability for contributory infringement requires not only knowledge of the patent alleged to be infringed, but also that the Accused Products were "especially made or especially adapted for use in an infringement." 35 U.S.C. §271(c). The Complaint does not plead that Entropic had knowledge of the patents-in-suit before Blue Sky filed its complaint, and therefore, as with inducement, at a minimum the Court should grant the motion to dismiss as to pre-filing contributory infringement.

As with inducement, however, the failures of the Complaint are broader in scope. Contributory infringement also requires that the Accused Products have "no substantial non-infringing uses." In *MacroSolve,* this Court granted a motion to dismiss a contributory infringement claim where the plaintiff did not "identify the accused components of the accused products … used to infringe the claims" or "allege any facts indicating that Defendants' products have no substantial non-infringing uses." *MacroSolve*, slip op. at 7. Although it is true that in that case the plaintiff did not bother with a cursory recitation of the element, such as Blue

---

[3] In *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.,* No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July 27, 2012), Magistrate Judge Love suggested that lack of pre-filing knowledge was not alone a basis to dismiss allegations of indirect infringement. But in that case Magistrate Love found that the complaint alleged facts that provide a plausible post-filing basis to infer intent to induce infringement. That case involved an accused method of "authoring" DVD and Blu-Ray discs "with their content-addressing features." Defendants were alleged to have infringed the patent by authoring DVDs with content addressable video [and] contracting with others to author DVDs with content addressable videos." *Id.* at *16. There are no similar factual allegations involving Entropic in this case.

9

Spike's statement that the Accused Products "have no substantial non-infringing uses and are for use in systems that infringe," [Complaint, D.N. 1, ¶¶ 34, 42, 50, 58], such a "formulaic recitation" does not meet the test of *Iqbal* and *Twombly*.

### C. Blue Spike Fails to Adequately Plead the Facts Required for Willfulness

Because a plaintiff must have a good faith basis for alleging willful infringement [Fed. R. Civ. Pro. 8, 11(b)], ordinarily "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Seagate,* 497 F.3d at 1374.[4] Liability for willfulness requires that a defendant engage in infringing conduct with knowledge of the asserted patent and at least an objectively reckless disregard of the known risk of infringing it. *Id.* at 1371.

Blue Spike does not allege that Entropic had knowledge of any of the patents-in-suit before Blue Spike filed its Complaint. Accordingly, there cannot be a plausible basis for an inference that any alleged pre-filing infringement by Entropic was willful. There is no reason, and Blue Spike adverts to none in its Complaint, why the general rule that a willfulness claim must be grounded <u>exclusively</u> in pre-filing conduct should not obtain here. Under that rule, Blue Spike's willfulness claims must be wholly dismissed. *See Webmap Tech., LLC v. Google, Inc.,* No. 2:09-CV-343-DF-CE, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 28, 2010) (Everingham,

---

[4] In explaining its general rule, the Federal Circuit contrasted the need to base a complaint on pre-filing willfulness with the remedies available to curb post-filing willfulness: "By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction …. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages [for willfulness] based solely on the infringer's post-filing conduct." *Seagate,* 497 F.2d at 1374. Accordingly, even supposing the general rule were for some reason inapplicable to Blue Spike's Complaint, , at a minimum this Court should grant Entropic's motion to dismiss as to Blue Spike's allegations of pre-filing willfulness.

M.J.) (recommending dismissal of a willfulness claim based on allegations of post-filing conduct because "[n]o extenuating circumstances have been alleged" that would justify a departure from the "general rule" announced in *Seagate*) (adopted in its entirety in *Webmap Tech., LLC, v. Google, Inc.,* No. 2:09-CV-343-DF-CE, 2010 WL 3835118, at *1 (E.D. Tex. Sept. 28, 2010) (Folsom, J.)).

V.     **CONCLUSION**

For the foregoing reasons, Entropic respectfully requests that the Court dismiss Blue Spike's claims for indirect and willful infringement for failure to state a claim upon which relief can be granted.

DATED:  March 8, 2013                                  Respectfully submitted,


By */s/ Alan H. Blankenheimer, with permission by Michael E. Jones*
  Alan H. Blankenheimer
  ablankenheimer@cov.com
  Jo Dale Carothers
  jcarothers@cov.com
  COVINGTON & BURLING LLP
  9191 Towne Centre Drive, 6th Floor
  San Diego, CA 92122-1225
  Telephone: (858) 678-1800
  Facsimile:  (858) 678-1600

  Michael E. Jones
  SBN: 10929400
  Potter Minton, PC
  110 North College, Suite 500
  Tyler, Texas 75702
  Tel: 903-597-8311
  Fax: 903-593-0846
  mikejones@potterminton.com


  Attorneys for Defendant,
  Entropic Communications, Inc.

11

Entropic's Motion to Dismiss Plaintiff's Complaint                                  Blue Spike v. Entropic Communications
                                                                         Civil Action No. 6:12-CV-499 MHS  (LEAD CASE)
                                                                         Civil Action No. 6:13-CV-00125-MHS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 27, 2013 (re-filed from March 8, 2013 per Court's consolidated order).

*/s/ Michael E. Jones*