IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC., ET AL.<br><br>    Defendants. | CASE NO. 6:12-CV-499 MHS<br><br>LEAD CASE |
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ANIMETRICS, INC.,<br><br>    Defendant. | CASE NO. 6:13-CV-38-MHS<br><br>CONSOLIDATED CASE |

**DEFENDANT ANIMETRICS, INC.'S MOTION TO DISMISS COMPLAINT
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
<u>AND BRIEF IN SUPPORT THEREOF</u>**

Defendant Animetrics, Inc. ("Animetrics") respectfully requests that this Court dismiss this action against Animetrics for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or, alternatively, for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Defendant Animetrics, Inc., appears in this case only for the limited purpose of filing this motion. In support of its motion, Animetrics submits the following Brief and the Declaration of Paul Schuepp, President and CEO of Animetrics ("Schuepp Dec."), which is attached hereto as Exhibit 1 and incorporated herein by reference.

4523358.3

## I. STATEMENT OF FACTS

1. January 8, 2013, Plaintiff Blue Spike, LLC filed a complaint ("Complaint") against Defendant Animetrics alleging infringement of U.S. Patent No. 7,346,472; 7,660,700; 7,949,494; and 8,214,175 (collectively, the Patents-in-Suit) (Schuepp Dec. ¶ 7).

2. Blue Spike contends that this Court has personal jurisdiction over Animetrics, a Delaware corporation, arising out of various acts of patent infringement (directly, contributorily, and via inducement) (Complaint ¶ 4 and 5; Schuepp Dec. ¶ 9 and 10). Blue Spike alleges that venue is proper because Animetrics does business in the State of Texas, has committed acts of infringement in Texas, and that events and omissions happened in Texas (Complaint ¶ 6; Schuepp Dec. ¶ 9).

3. Animetrics has its principal place of business at 53 Technology Lane, Conway, New Hampshire 03818 ("New Hampshire Office") (Schuepp Dec. ¶ 3). Other than its headquarters in its New Hampshire Office, where the corporate and business records are kept, Animetrics has one other facility located in Colombia, Maryland which is a test and development lab (Schuepp Dec. ¶ 6).

4. Animetrics has not purposefully established substantial, systematic, and continuous contacts with Texas or The District and, certainly, has no reasonable expectation of being haled into court in The District. Defendant, Animetrics, has no connection with Texas whatsoever.

5. Animetrics has no offices or other places of business in Texas (Schuepp Dec. ¶¶ 6, 12). Animetrics has not operated or maintained any facilities in Texas (Schuepp Dec. ¶ 13). Animetrics (i) has no interest in, use of, or possession of real or personal property within Texas, and (ii) has never owned or leased any real property in

Texas (Schuepp Dec. ¶ 19-20). Animetrics has never maintained a mailing address in Texas (Schuepp Dec. at ¶ 29).

6. Animetrics does not employ any Texas residents and has no directors or officers that live or work in Texas (Schuepp Dec. ¶¶ 14-15).

7. Animetrics has no significant Texas financial connection. Animetrics has (i) no bank accounts in Texas (Schuepp Dec. ¶ 16), (ii) never mailed payments to Texas (Schuepp Dec. at ¶ 17), or (iii) obtained credit from a creditor in Texas (Schuepp Dec. at ¶ 18).

8. Animetrics has no connection with the bodies of Texas government. Other than being named as a defendant herein, Animetrics has not used Texas courts as a litigant (Schuepp Dec. ¶ 25) or paid taxes to Texas (Schuepp Dec. ¶ 21). Animetrics is not licensed by the State of Texas (Schuepp Dec. ¶ 22) or registered with the Texas government as a foreign corporation (Schuepp Dec. ¶ 24). Animetrics has no designated agent for service of process within Texas (Schuepp Dec. ¶ 23).

9. Animetrics has no material business contacts with Texas (Schuepp Dec. ¶ 26). Animetrics does not advertise in Texas other than through a non-interactive website, Animetrics.com. This site is available worldwide over the Internet. Animetrics' website does not provide for any means to consummate sales (Schuepp Dec. ¶ 30). Animetrics' website serves solely for informational purposes. This website is maintained, hosted, and operated outside of Texas. Animetrics has not and does not contract with any Texas entity to provide Animetrics with services or goods that are either made in, originate in, or ship from Texas (Schuepp Dec. ¶ 26 and 30). With one exception, in 2010, no officer, director, or employee of Animetrics has traveled to Texas

to (i) participate in any trade show or conference (Schuepp Dec. at ¶ 27), or (ii) solicit or conduct business (Schuepp Dec. ¶ 28 and 34). This single visit was not initiated by Animetrics but was at the request of the U.S. Army and Raytheon Corporation. No sale or transaction resulted from this single visit (Schuepp Dec. ¶ 27). Animetrics stores no business or corporate documents in Texas (Schuepp Dec. ¶ 37). Animetrics has not programmed, serviced, or manufactured any product in Texas (Schuepp Dec. at ¶ 31 and 32), nor does it have any inventory of products in Texas (Schuepp Dec. ¶ 33). Moreover, Animetrics has never received in Texas any shipments of products or other material associated with its business (Schuepp Dec. ¶ 36).

10. With respect to its contracts, Animetrics has never negotiated any contracts in Texas (Schuepp Dec. ¶ 34), nor has Animetrics ever entered into any contracts governed by Texas law (Schuepp Dec. ¶ 35).

11. Animetrics is a leading developer of next-generation 2D-to-3D face recognition and face creation solutions (Schuepp Dec. ¶ 4). It has developed a 2D-to-3D face creation product known as Forensia™ and Forensia GPS (the "2-D-to-3D Products") and face recognition or face biometric products known as FaceR™ including FaceR Identity Management Solutions (FIMS), FaceR Mobile ID, FaceR Credential Me, FaceR Celebrity, and Animetrics 90 SDK (software development kit) (Schuepp Dec. ¶ 4 and 5). Furthermore, Animetrics has not manufactured or integrated in Texas any product, including the products accused of infringement in this action (Schuepp Dec. ¶ 31 and 32), which are described by Plaintiff, Blue Spike, LLC, as Credential Me, Identity Management Solutions (FIMS), Mobile ID, and Forensia GPS (the "Accused Products") (Complaint; Schuepp Dec. ¶ 31). Moreover, in the six-year period before the filing of

4

this action, Animetrics has generated no revenue from Texas-based or derived sales since it has sold no Accused Products in Texas during the relevant time period (Schuepp Dec. ¶ 42-45).

## II. ARGUMENT

### A. Legal Standard for Jurisdiction and Venue

#### 1) Personal Jurisdiction

The exercise of personal jurisdiction in a patent action is governed by Federal Circuit law. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010); *Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 768 (E.D. Tex. 2009); *Hockerson-Halberstadt, Inc. v. Costco Wholesale Corp.*, 93 F. Supp. 2d 738, 741 (E.D. La. 2000). The plaintiff bears the burden of establishing jurisdiction when a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1294 (Fed. Cir. 2009); *Autogenomic, Inc. v. Oxford Gene Tech, Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009).

Under Federal Circuit law, personal jurisdiction exists over a nonresident defendant, such as Animetrics, only when doing so would be (1) permitted by the forum state's long-arm statute, and (2) consistent with due process. *Autogenomic*, 566 F.3d at 1017; *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 857 (Fed. Cir. 1999). The long-arm statute in Texas, TEX. CIV. PRAC. & REM. CODE ANN. § 17.042, authorizes the exercise of jurisdiction "'as far as the federal constitutional requirements of due process will allow.'" *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting long-arm statute). Thus, the

analysis of Texas's long-arm statute focuses on the federal due-process inquiry. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Federal due process requires that the (1) nonresident defendant purposely avail itself of the benefits and protections of the forum state by establishing certain minimum contacts with the forum state; and (2) exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Johnston,* 523 F.3d at 609 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000). To establish minimum contacts, a nonresident defendant's contacts must demonstrate that it "purposefully avails [it]self of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This purposeful availment must be of such quality that the defendant could "reasonably anticipate being haled into court." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Contacts solely as a result of random, fortuitous, or attenuated are not sufficient. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Thus, general personal jurisdiction may arise if it can be shown that Defendant Animetrics has created a substantial connection with Texas and its business contacts with Texas are so "continuous and systematic" that jurisdiction is appropriate and just even if the cause of action (in this case, patent infringement) has no relation to those contacts. *Goodyear Dunlop Tires Ops. v. Brown*, 131 S. Ct. 2846, 2848 (U.S. 2011); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 883 (Fed. Cir. 2008). The Declaration of Mr. Schuepp

6

4523358.3

clearly establishes that Defendant Animetrics has not had and does not have continuous and systematic contacts with Texas to support general, personal jurisdiction. Neither may specific jurisdiction arise in this case where Animetrics has not purposefully established minimum contacts with Texas, the alleged cause of action does not arise out of any such contacts, and jurisdiction would be constitutionally unreasonable. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998).

2) <u>Venue</u>

This is a patent infringement case involving a corporation. Venue is only proper in a district that may exercise personal jurisdiction over the corporate defendant at the time the action is commenced. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1999); 28 U.S.C. §§ 1391(c) & 1400(b). There is no personal jurisdiction in this case as shown above. The venue issue is, therefore, controlled here by the personal jurisdiction issue. *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1577 n.1 (Fed. Cir. 1994).

As shown above, Animetrics does not have sufficient contacts with Texas to authorize the exercise of either general or specific personal jurisdiction and, as such, this Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2). Moreover, venue in this Court is improper, warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(3).

### B. Application of the Law to the Facts

#### 1) Animetrics Does Not Have Substantial or Continuous and Systematic Contacts with Texas to Establish Personal Jurisdiction.

As stated supra, substantial or continuous and systematic contacts with Texas would justify this Court's exercise of jurisdiction over Animetrics, a non-resident defendant. However, this standard has been recognized as a "'difficult' standard for the resident plaintiff to meet" because it requires the plaintiff to show extensive contacts between a defendant and a forum. *Diebold Election Sys., Inc. v. AI Tech., Inc.*, 562 F. Supp. 2d 866, 876 (E.D. Tex. 2008) (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001) (noting the Supreme Court has only once upheld personal jurisdiction where the suit was unrelated to the defendant's contacts with the forum)); *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009).

Here, Blue Spike's complaint alleges that Animetrics i) has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (ii) regularly carries on or solicits business in the District and in Texas; (iii) engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (iv) purposefully establishes substantial, systematic, and continuous contacts with the District such that Animetrics should reasonably expect to be haled into Court without offending traditional notions of fair play and substantial justice (Complaint ¶ 6). These "vague and over generalized" allegations (*Johnston*, 523 F.3d at 610) regarding Animetrics' ostensible contacts with this District in particular and Texas in general are incorrect and devoid of factual

8

foundation (Schuepp Dec. ¶ 11). Animetrics does not do any business in or have any contact with Texas, much less have contacts that rise to the level of a "persistent course of conduct in the state of Texas." *Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). For example, Animetrics (i) has no interest in any real or personal property in Texas (Schuepp Dec. ¶¶ 18-19), (ii) is not licensed by or registered to do business in Texas (*id.* at ¶¶ 21, 23), and (iii) has no directors or officers, employees, business records, statutory agent for service of process, mailing address, offices, other facilities, bank accounts, or inventory in Texas (*id.* at ¶¶ 11-15, 22, 28, 32). Coupled with this is the absence of any (i) Animetrics contracts governed by Texas law or negotiated in Texas (*id.* at ¶¶ 33-34), (ii) programming, servicing, or manufacturing by Animetrics of products in Texas (*id.* at ¶¶ 30-31), or (iii) receipt in Texas of any shipments of products or other business material (*id.* at ¶ 35).

Animetrics' only known direct contact with Texas occurred nearly three years ago when Mr. Paul Scheupp and one Animetrics employee visited Fort Bliss, Texas, at the request of the U.S. Army and Raytheon Corp. No sale or transaction resulted (Schuepp Dec. ¶ 27). One insignificant visit to Texas does not constitute substantial systematic, and continuous contacts with the forum such that Animetrics should reasonably expect to be hauled into Court without offending traditional notions of fair play and substantial justice.

The only other connection between Animetrics and the State of Texas is via Animetrics' non-interactive website (Animetrics.com). Blue Spike cannot use Animetrics' website as a basis for general jurisdiction. Animetrics' website (i) is devoid of anything targeting this District or even Texas customers, (ii) is not interactive, and

9

4523358.3

(iii) does not allow internet visitors to the website to purchase any of Animetrics's products or services (Schuepp Dec. ¶ 29). Animetrics' mere Internet presence does not support jurisdiction in Texas. As a general rule, the ability of residents to access a defendant's website does not by itself show any persistent course of conduct by the defendant in the forum. *QRSpec, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 662 (E.D. Tex. 2007).

Thus, Animetrics's website cannot establish general personal jurisdiction. *Accord Gunze Plastics Eng'g Corp. of Am. v. Landmark Tech., LLC*, 12-2297-JTM, 2012 U.S. Dist. LEXIS 174477 (D. Kan. Schuepp Dec. 10, 2012) (grant of defendant's motion to dismiss plaintiff's declaratory relief action for lack of personal jurisdiction because defendant's website was not interactive); *Klausner Techns., Inc. v. Taridium, LLC*, 6:11-cv-00593-LED, slip op. at *4 (Doc. No. 28) (E.D. Tex. Sep. 24, 2012) ("[Defendant's] website merely advertises [its] products and does not allow individuals to purchase the allegedly infringing products online. Further, nothing on [its] website targets the Eastern District of Texas or even Texas customers. Accordingly, the Court finds that [defendant's] website does not subject [it] to jurisdiction in the Eastern District of Texas.").

Coupled with the absence of any actual interaction with Texas or its residents in light of the absence of any Texas sales or revenue, the exercise of general personal jurisdiction over Animetrics violates Due Process and thus Blue Spike cannot rely on general personal jurisdiction to establish the exercise of personal jurisdiction over Animetrics in this case. *Accord Roblor Mktg. Group, Inc. v. Gps Indus.*, 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009) ("However, there is no evidence in the record of any

10

actual interaction with the state of Florida. The mere world-wide accessibility of Karrier's websites in the absence of any actual interaction will not support a finding that jurisdiction attaches"); *Arquest, Inc. v. Kimberly-Clark Worldwide, Inc.*, 07 Civ. 11202 (CM), 2008 U.S. Dist. LEXIS 60987 (S.D.N.Y. July 31, 2008) (granting defendant's motion to dismiss for lack of personal jurisdiction in New York where the defendant did not operate in New York, was not registered or licensed to do business in New York, had no property in New York, had no employees in New York, had no sales force, had no customer base, and did not sell or market any products).

### 2) Venue in the Eastern District of Texas is Improper

The Court should dismiss Blue Spike's Complaint against Defendant for improper venue. In patent litigation, venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990); see also *Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *1 (E.D. Tex. Sept. 27, 2012) (quoting same). As discussed above, there is no basis for personal jurisdiction in this matter. Furthermore, Defendant has committed no act of infringement in the Eastern District of Texas and has no offices, facilities in this district or any continuous and systematic contacts with it (Scheupp Declaration). Defendant conducts no business in the Eastern District of Texas or anywhere else in Texas. For the same reasons that this Court lacks jurisdiction, venue here is also improper.

### III.     CONCLUSION

Animetrics does not have substantial, continuous and systematic contacts with Texas sufficient to subject it to personal jurisdiction in Texas.  It consummated no sales of Accused Products in Texas, and merely connects with Texas via a worldwide-accessible, non-interactive website, which clearly are insufficient under Due Process to confer jurisdiction.  There is simply nothing sufficient to establish the exercise of personal jurisdiction or the propriety of venue.  As such, Animetrics respectfully requests this case be dismissed for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). Moreover, since the exercise of jurisdiction over Animetrics in this forum is improper, this is also an improper venue such that Animetrics respectfully requests dismissal for improper venue pursuant to FED. R. CIV. P. 12(b)(3).

Respectfully submitted this 27th day of March, 2013.

/s/  J. Daniel Harkins
J. Daniel Harkins
State Bar No. 09008990
dharkins@coxsmith.com
COX SMITH MATTHEWS INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 (Fax)

4523358.3

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

March 27, 2013

                                    /s/  *J. Daniel Harkins*  
                                       J. Daniel Harkins