IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 6:13-CV-38-MHS |
| ANIMETRICS, INC., | § | |
| Defendant. | § | |

**DECLARATION OF PAUL SCHUEPP IN SUPPORT
OF DEFENDANT ANIMETRICS' MOTION TO DISMISS**

I, Paul Schuepp, declare as follows

1.  I am over 18 years old and a citizen of New Hampshire. I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness. I make this Declaration in support of Defendant Animetrics' Motion to Dismiss the Complaint for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3), respectively.

2.  I am the President and Chief Executive Officer of Animetrics, Inc. ("Animetrics") and am authorized to provide this Declaration on behalf of Animetrics.

3.  Animetrics is a corporation organized under the laws of the State of Delaware, with its principal place of business at 53 Technology Lane, Conway, New Hampshire 03818.

4.  Animetrics, Inc., which was created in April 2004, is the leading developer

1

of next-generation 2D-to-3D face creation product known as Forensica™ and ForensicaGPS (the "2D-to-3D Products) and face recognition or face biometric products known as FaceR™ including FaceR Identity Management Solution (FIMS), FaceR MobileID, FaceR Credential Me, FaceR Celebrity and Animetrics90 SDK (software development kit).

5. Beginning in 2006, Animetrics developed a line of facial recognition products which are marketed under the FaceR™ product line, including CredentialMe, Identity Management Solution (FIMS), and MobileID (the "ID Products").

6. Other than its corporate headquarters in New Hampshire, where Animetrics maintains its corporate and business records, Animetrics has one other location in Columbia Maryland which is a test and development lab.

7. In this action, I understand that the Plaintiff, Blue Spike, LLC ("Blue Spike") has accused Animetrics of infringing U.S. Patent No. 7,346,472, 7,660,700, 7,949,494, and 8,214,175 (collectively, the Patents-in-Suit). (Complaint)

8. Furthermore, in this action, Blue Spike has alleged that Animetrics does business in the state of Texas and in the Eastern District of Texas. (Complaint)

9. Moreover, in this action, Blue Spike alleges that this Court has jurisdiction over Animetrics due to (i) the commission of acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (ii) the regular carrying on or solicitation of business in the District and in Texas; (iii) the engagement of other persistent courses of conduct and derivation of substantial revenue from products and/or services provided to individuals in the District and in Texas; and (iv) the purposeful establishment of substantial, systematic, and continuous

4523502.1

contacts with the District such that Animetrics should reasonably expect to be haled into Court without offending traditional notions of fair play and substantial justice. (Complaint)

10. Additionally, in this action, Blue Spike alleges that venue is proper in this Court due to the commission of acts of infringement in Texas and in the District with a substantial part of the events or omissions giving rise to Blue Spike's claims having happened in the District such that Animetrics is subject to personal jurisdiction in the District. (Complaint)

11. Blue Spike's allegations regarding Animetrics' contacts with the State of Texas in general and the Eastern District of Texas in particular have no factual foundation.

12. Animetrics has no office or other place of business in Texas.

13. Animetrics has never operated or maintained any facilities in Texas.

14. Animetrics has no directors or officers, and thus have no directors or officers that live or work in Texas.

15. Animetrics has no employees, and thus employs no Texas residents.

16. Animetrics has no bank accounts in Texas.

17. Animetrics has never mailed payments to Texas.

18. Animetrics has never obtained credit from a creditor in Texas.

19. Animetrics has no interest in, use of, or possession of real property within Texas. As such, Animetrics has never owned real property in Texas, nor has Animetrics leased any real property in Texas.

20. Animetrics has no interest in, use of, or possession of personal property

within Texas. As such, Animetrics does not own or lease any personal property within Texas.

21. Animetrics is not required to pay any income or business taxes to Texas.

22. Animetrics is not licensed by the State of Texas.

23. Animetrics has no designated agent for service of process within Texas.

24. Animetrics has not registered as a foreign corporation authorized to conduct business in Texas.

25. Animetrics has not used the Texas court system as a litigant other than being named as Defendant herein.

26. Animetrics has not and does not contract with any Texas entity to provide Animetrics with services or goods that are either made in, originate in, or ship from Texas.

27. I have never traveled to Texas to participate in any trade show or conference. In July 2010, at the invitation of the U.S. Army, I and one other Animetrics employee traveled to Ft. Bliss, Texas in support of a demonstration of the capabilities by Raytheon Corp. to the U.S. Army and no sales or transactions resulted. This was unrelated to any accused products.

28. I have never traveled to Texas to solicit or conduct business (with the exception of 27 above). None of the other officers, directors, or employees of Animetrics has traveled to Texas to solicit or conduct business.

29. Animetrics has never maintained a mailing address in Texas.

30. Other than through its non-interactive website, Animetrics.com, which is available throughout the world, but through which sales to consumers cannot be

consummated, Animetrics does not advertise in Texas.

31. Animetrics has not manufactured in Texas any product, including the products accused of infringement in this action (see, e.g., Complaint ¶ 27), which are described as FaceR technology (such as CredentialMe, Identity Management Solution (FIMS), MobileID, and ForensicaGPS)(the "Accused Products").

32. Animetrics has not programmed, manufactured, or serviced any Accused Products or other products in Texas.

33. Animetrics has no inventory of Accused Products or other products in Texas.

34. Animetrics has never negotiated any contracts in Texas.

35. Animetrics has never entered into any contracts governed by Texas law.

36. Animetrics has never received in Texas any shipments of Accused Products, other products, or other material associated with its business.

37. No corporate or business records of Animetrics are stored or otherwise housed in Texas.

38. As part of my duties performed on behalf of Animetrics, I am responsible for overseeing sales information.

39. As such, I am familiar with the manner and method by which Animetrics maintains its sales information.

40. Sales information is kept in the ordinary course of Animetrics' business, and records of sales, including the location of the buyer or purchaser of Animetrics' products or services, are made on a periodic basis at or near the time of consummated sales by Animetrics with knowledge of the sales.

4523502.1

41. It is a regular practice of Animetrics to keep records of sales made in the course of business.

42. For purposes of this litigation in general and this Declaration in particular, I have reviewed Animetrics' sales information for the years 2008-2012, through to the date of this Declaration. This information includes the number of invoices per year, the total amount paid on those invoices, and the location of the buyer or purchaser of Animetrics' products or services.

43. I determined upon my review of the above-referenced business records that, in the six year period before the filing of the lawsuit in this action (the "Relevant Time Period"), Animetrics has sold none of the Accused Products in Texas, generating $0 in revenue from Texas-based or derived sales.

44. Animetrics has not sold any other products or services in Texas during the Relevant Time Period.

45. The business records I inspected do indicate and reflect where the products come up including the accused products, and services were sold. However none of these products or services was sold in Texas during the Relevant Time Period.

I declare under penalty of perjury under the laws of the United States and New Hampshire that the foregoing is true and correct.

Executed on the 11 day of March, 2013 in Conway, New Hampshire.

*Paul Schuepp*

———————————————
Paul Schuepp