**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>           Plaintiff,<br>v.<br><br>TEXAS INSTRUMENTS, INC. *et al.*,<br><br>           Defendant. | Civil Action No. 6:12-cv-499-LED<br><br>LEAD CASE |
| BLUE SPIKE, LLC,<br><br>           Plaintiff,<br>v.<br><br>BIOLINK SOLUTIONS LTD., and<br>BIO-METRICA, LLC,<br><br>           Defendants. | Civil Action Case No. 6-12-cv-648-LED<br><br>CONSOLIDATED CASE |

**DECLARATION OF RONEN YACOBI IN SUPPORT OF
DEFENDANT BIO-METRICA'S MOTION TO DISMISS**

I, Ronen Yacobi, declare as follows:

1.       I am over 18 years old and a citizen of Israel.  I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness.  I make this Declaration in support of Defendant Bio-Metrica's Motion to Dismiss the Complaint for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3), respectively.

2.       I am the Owner of Bio-Metrica.

3.      Bio-Metrica, which was founded in 2008 as Investicx LLC, is a limited liability company organized under the laws of the State of Florida with its principal place of business at 380 South SR434, Suite 1004-298, Altamonte Springs, FL 32714 ("Florida Office").

4.      In early 2009, Bio-Metrica focused its business on becoming a manufacturer and system integrator in the field of Biometric and generic Identification technology.

5.      Other than its Florida Office where Bio-Metrica maintains its corporate and business records, Bio-Metrica has no other office locations.

6.      In this action, I understand that the Plaintiff, Blue Spike, LLC has accused Bio-Metrica of infringing U.S. Patent No. 7,346,472, 7,660,700, 7,949,494, and 8,214,175 (collectively, the Patents-in-Suit).  (Doc. No. 1.)

7.      Furthermore, in this action, Blue Spike has alleged that Bio-Metrica does business in the state of Texas and in the Eastern District of Texas.  (Doc. No. 1 ¶ 4.)

8.      Moreover, in this action, Blue Spike alleges that this Court has jurisdiction over Bio-Metrica due to (i) the commission of acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (ii) the regular carrying on or solicitation of business in the District and in Texas; (iii) the engagement of other persistent courses of conduct and derivation of substantial  revenue from products and/or services provided to individuals in the District and in Texas; and (iv) the purposeful establishment of substantial, systematic, and continuous contacts with the District such that Bio-Metrica should reasonably expect to be haled into Court without offending traditional notions of fair play and substantial justice.  (Doc. No. 1 ¶ 6.)

9.      Additionally, in this action, Blue Spike alleges that venue is proper in this Court due to the commission of acts of infringement in Texas and in the District with a substantial part of the

events or omissions giving rise to Blue Spike's claims having happened in the District such that Bio-Metrica is subject to personal jurisdiction in the District.  (Doc. No. 1 ¶ 7.)

10.     Blue Spike's allegations regarding Bio-Metrica's contacts with the State of Texas in general and the Eastern District of Texas in particular have no factual foundation.

11.     Bio-Metrica has no office or other place of business in Texas.

12.     Bio-Metrica has never operated or maintained any facilities in Texas.

13.     Bio-Metrica has no directors or officers, and thus have no directors or officers that live or work in Texas.

14.     Bio-Metrica has no employees, and thus employs no Texas residents.  Bio-Metrica functions and provides services based on local (Floridian) vendors.

15.     Bio-Metrica has no bank accounts in Texas.

16.     Bio-Metrica has never mailed payments to Texas.

17.     Bio-Metrica has never obtained credit from a creditor in Texas.

18.     Bio-Metrica has no interest in, use of, or possession of real property within Texas.  As such, Bio-Metrica has never owned real property in Texas, nor has Bio-Metrica leased any real property in Texas.

19.     Bio-Metrica has no interest in, use of, or possession of personal property within Texas. As such, Bio-Metrica does not own or lease any personal property within Texas.

20.     Bio-Metrica is not required to pay any income or business taxes to Texas.

21.     Bio-Metrica is not licensed by the State of Texas.

22.     Bio-Metrica has no designated agent for service of process within Texas.

23.     Bio-Metrica has not registered as a foreign corporation authorized to conduct business in Texas.

24.     Bio-Metrica has not used the Texas court system as a litigant other than being named as Defendant herein.

25.     Bio-Metrica has not and does not contract with any Texas entity to provide Bio-Metrica with services or goods that are either made in, originate in, or ship from Texas.

26.     As Bio-Metrica has no officers, directors, or employees other than myself, no officer, director, or employee of Bio-Metrica has traveled to Texas to participate in any trade show or conference.  I have never traveled to Texas to participate in any trade show or conference.

27.     As Bio-Metrica has no officers, directors, or employees other than myself, no officer, director, or employee of Bio-Metrica has traveled to Texas to solicit or conduct business.  I have never traveled to Texas to solicit or conduct business.

28.     Bio-Metrica has never maintained a mailing address in Texas.

29.     Other than through its non-interactive website, bio-metrica.com, which is available throughout the world, but through which sales to consumers cannot be consummated, Bio-Metrica does not advertise in Texas.

30.     Bio-Metrica has not manufactured in Texas any product, including the products accused of infringement in this action (see, e.g., Doc. No. 1 ¶ 28), which are described as IDenium, Authentication Center, BioTime, Fingerpass, Fingerpass NEO, U-Match Mobile, AMIS Multibiometric Solution, XMatcher, and BioLink Software Development Kit ("Accused Products").

31.     Bio-Metrica has not programmed, manufactured, or serviced any Accused Products or other products in Texas.

32.     Bio-Metrica has no inventory of Accused Products or other products in Texas.

33.     Bio-Metrica has never negotiated any contracts in Texas.

34.     Bio-Metrica has never entered into any contracts governed by Texas law.

4

35.     Bio-Metrica has never received in Texas any shipments of Accused Products, other products, or other material associated with its business.

36.     No corporate or business records of Bio-Metrica are stored or otherwise housed in Texas.

37.     As part of my duties performed on behalf of Bio-Metrica, I am responsible for overseeing sales information.

38.     As such, I am familiar with the manner and method by which Bio-Metrica maintains its sales information.

39.     Sales information is kept in the ordinary course of Bio-Metrica's business, and records of sales, including the location of the buyer or purchaser of Bio-Metrica's products or services, are made on a periodic basis at or near the time of consummated sales by Bio-Metrica with knowledge of the sales.

40.     It is a regular practice of Bio-Metrica to keep records of sales made in the course of business.

41.     For purposes of this litigation in general and this Declaration in particular, I have reviewed Bio-Metrica's sales information for the years 2008-2012, through to the date of this Declaration.  This information includes the number of invoices per year, the total amount paid on those invoices, and the location of the buyer or purchaser of Bio-Metrica's products or services.

42.     As alluded to in Paragraph 19 above, the Accused Products are at issue in this matter.

43.     I determined upon my review of the above-referenced business records that, in the six year period before the filing of the lawsuit in this action ("Time Period"), Bio-Metrica has sold none of the Accused Products in Texas, generating $0 in revenue from Texas-based or derived sales.

44.     Moreover, Bio-Metrica has sold no other products or services in Texas during the Time Period.

45.     The business records I inspected do show where products (including Accused Products) and services were sold.  However, none of these was sold in Texas during the Time Period.

46.     Specifically, during the Time Period, Accused Products were shipped to Massachusetts, Ohio, Tennessee, New Jersey, Washington State, Florida, Mississippi, Indiana, Iowa, Michigan, Georgia, and California.

I declare under penalty of perjury under the laws of the United States and New York that the foregoing is true and correct.

Executed on this 20th day of December, 2012 at Kfar Vradim, Israel.

Ronen Yacobi

6

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

December 21, 2012                                         */s/ Kenneth M. Motolenich-Salas*
                                                                    Kenneth M. Motolenich-Salas