IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPEECHPRO, INC., and<br>SPEECH TECHNOLOGY CENTER, LLC,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 6:12-CV-499-MHS<br>　**LEAD CASE**<br><br>CIVIL ACTION NO.  6:13-CV-59-MHS<br>　**CONSOLIDATED CASE**<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANTS SPEECHPRO, INC., and SPEECH TECHNOLOGY CENTER, LLC INCORPORATED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF BLUE SPIKE, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants SpeechPro, Inc. ("SpeechPro") and Speech Technology Center, LLC ("STC") (collectively "STC" or "Defendants") hereby file this Answer, Affirmative Defenses and Counterclaims to Plaintiff Blue Spike, LLC's ("Blue Spike" or "Plaintiff") Original Complaint for Patent Infringement as follows:

### NATURE OF THE ACTION

1. STC admits that the Complaint includes a claim of patent infringement that arises under the patent laws of Title 35 of the United States Code.

### THE PARTIES

2. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies them.

3. SpeechPro admits that SpeechPro, Inc. is a Delaware corporation, having its principal place of business at 369 Lexington Avenue, Suite 316, New York, New York 10017 and that SpeechPro can be served with process through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. SpeechPro denies the remainder of the allegations in Paragraph 3.

4. STC admits that Speech Technology Center, LLC is a Russia corporation, having its principal place of business at 196084 St. Petersburg, ul. Krasutsky, 4, Russia and that STC can be served with process through the Texas Secretary of State. STC denies the remainder of the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. STC admits that the Complaint includes a claim of patent infringement that arises under the laws of the United States, 35 U.S.C. § 101 *et seq* and that this Court has subject matter jurisdiction over this action.

6. STC admits that this Court has personal jurisdiction over STC, but denies that STC committed acts of patent infringement and contributed to and induced acts of patent infringement by others. STC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and, therefore, denies them.

7. STC admits that venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), but denies that Delaware is a convenient forum for this litigation because STC's headquarters are located in New York, New York and denies that STC has committed acts of infringement. Therefore, the public and private interest factors do not support venue in this Court. STC reserves the right to seek a transfer to a more convenient forum. STC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and, therefore, denies them.

## FACTUAL BACKGROUND

## A. Moskowitz's History

8. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies them.

9. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies them.

10. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies them.

11. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies them.

12. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies them.

13. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies them.

14. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies them.

15. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies them.

16. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies them.

17. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies them.

18. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies them.

19. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies them.

20. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies them.

21. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies them.

**B. Patents-In-Suit**

22. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies them.

23. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies them.

24. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies them.

25. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies them.

26. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies them.

27. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies them.

**C. Accused Products And Services**

28. STC admits that it makes, uses, offers for sale, and/or imports VoiceGrid software (such as ID, LN, RT, SDK, and X), Forensic Audio Workstation, SIS II, and VoiceKey, but STC denies that it has committed acts of infringement. STC denies the remaining allegations contained in Paragraph 28.

29. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies them.

30. STC denies the allegations contained within Paragraph 30.

31. STC denies the allegations contained within Paragraph 31.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

32. STC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 31 above.

33. STC admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." STC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33, and therefore denies them.

34. STC admits that, on its face, Exhibit A appears to be United States Patent No. 8,214,175 ("the '175 Patent"), issued on July 3, 2012. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies them.

35. STC denies the allegations contained in Paragraph 35 and denies that it has infringed and continues to infringe one or more claims of the '175 Patent, directly, contributorily, and/or by inducement.

36. STC denies the allegations contained in Paragraph 36 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '175 Patent.

37. STC denies the allegations contained in Paragraph 37 and denies that Blue

Spike has been damaged by any acts of STC. STC further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining STC from committing infringing acts.

38. STC denies the allegations contained in Paragraph 38 and denies that it infringes any claims of the '175 Patent, directly, contributorily, and/or by inducement.

39. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, denies them.

## COUNT 2
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. STC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 39 above.

41. STC admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." STC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41, and therefore denies them.

42. STC admits that, on its face, Exhibit B appears to be United States Patent No. 7,949,494 ("the '494 patent"), issued on March 24, 2011. STC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42, and therefore denies them.

43. STC denies the allegations contained in Paragraph 43 and denies that it has infringed and continues to infringe one or more claims of the '494 Patent, directly, contributorily, and/or by inducement.

44. STC denies the allegations contained in Paragraph 44 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '494 Patent.

45. STC denies the allegations contained in Paragraph 45 and denies that Blue Spike has been damaged by any acts of STC. STC further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining STC from committing infringing acts.

46. STC denies the allegations contained in Paragraph 46 and denies that it infringes any of the claims of the '494 Patent, directly, contributorily, and/or by inducement.

47. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, therefore, denies them.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48. STC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 47 above.

49. STC admits that, on its face, United States Patent No. 7,660,700 ("the '700 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." STC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore denies them.

50. STC admits that, on its face, Exhibit C appears to be United States Patent No.7,660,700 ("the '700 patent"), issued on February 9, 2010. STC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50, and therefore denies them.

51. STC denies the allegations contained in Paragraph 51 and denies that it has infringed and continues to infringe one or more claims of the '700 Patent, directly, contributorily, and/or by inducement.

52. STC denies the allegations contained in Paragraph 52 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '700 Patent.

53. STC denies the allegations contained in Paragraph 53 and denies that Blue Spike has been damaged by any acts of STC. STC further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining STC from committing infringing acts.

54. STC denies the allegations contained in Paragraph 54 and denies that it infringes any claims of the '700 Patent, directly, contributorily, and/or by inducement.

55. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, therefore, denies them.

## COUNT 4
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56. STC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 55 above.

57. STC admits that, on its face, United States Patent No. 7,346,472 ("the '472patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." STC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and therefore denies them.

58. STC admits that, on its face, Exhibit D appears to be United States Patent No. 7,346,472 ("the '472 patent"), issued on March 18, 2008. STC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58, and therefore denies them.

59. STC denies the allegations contained in Paragraph 59 and denies that it has infringed and continues to infringe one or more claims of the '472 Patent, directly, contributorily, and/or by inducement.

60. STC denies the allegations contained in Paragraph 60 and denies that it has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others any of the claims of the '472 Patent.

61. STC denies the allegations contained in Paragraph 61 and denies that Blue Spike has been damaged by any acts of STC. STC further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining STC from committing infringing acts.

62. STC denies the allegations contained in Paragraph 62 and denies that it infringe any claims of the '472 Patent, directly, contributorily, and/or by inducement.

63. STC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and, therefore, denies them.

**PLAINTIFF'S PRAYER FOR RELIEF**

STC denies that Plaintiff is entitled to any of requested relief against STC.

**DEMAND FOR JURY TRIAL**

There are no allegations of fact contained in this Paragraph and therefore no answer is required.

## AFFIRMATIVE DEFENSES

STC's Affirmative Defenses are provided below. STC reserves the right to amend its Answer to add additional Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

64. STC has not and does not directly or indirectly (such as by inducement or contributory infringement) infringe any of the claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit") either literally or under the Doctrine of Equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

65. Each of the claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C § 1 *et seq.*, including, but not limited to §§ 100, 101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE
### (License, Patent Exhaustion)

66. Blue Spike's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to STC or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

## COUNTERCLAIMS
## BY SPEECH TECHNOLOGY CENTER, LLC

Speech Technology Center, LLC and asserts the following declaratory relief counterclaims against Blue Spike:

### PARTIES

1. Defendant and Counterclaimant Speech Technology Center, LLC. ("STC") is a Delaware corporation having its principal place of business in New York, New York.

2. Upon information and belief, Blue Spike Innovations, LLC ("Blue Spike") is a Texas limited liability company having its principal place of business in Tyler, Texas.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over STC's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201-2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a). An actual, substantial, and continuing justiciable controversy exists between STC and Blue Spike based on Blue Spike having filed a Complaint against STC alleging infringement of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit"), with respect to which STC requires a declaration of its rights by this Court. Specifically, the controversy concerns the invalidity and non-infringement of the patents-in-suit and the right of Blue Spike to maintain suit for alleged infringement of the patents-in-suit.

4. The Court has personal jurisdiction over Blue Spike, inter alia, because Blue Spike has submitted to the personal jurisdiction of this Court by filing the Complaint here.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400(b), inter alia, because Blue Spike has submitted to the venue of this Court by filing its Complaint here.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

6. STC has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the patents-in-suit, and has not otherwise committed any acts in violation of 35 U.S.C. §271.

7. An actual controversy exists between STC and Blue Spike based on Blue Spike having filed its Complaint against STC alleging infringement the patents-in-suit.

8. STC has been injured and damaged by Blue Spike filing its Complaint asserting a patent that STC does not infringe.

9. STC therefore seeks a declaration that it has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, and valid and enforceable claim of the patents-in-suit.

10. This is an exceptional case entitling STC to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY)

11. The patents-in-suit are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. §§ 100, 101, 102, 103 and 112.

12. An actual controversy exists between STC and Blue Spike based on Blue Spike having filed its Complaint against STC alleging infringement the patents-in-suit.

13. STC has been injured and damaged by Blue Spike filing its Complaint asserting an invalid patent.

14. STC therefore seeks a declaration that the patents-in-suit are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 *et seq.*

15. This is an exceptional case entitling STC to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

16. STC continues to investigate this matter and reserves the right to amend its Answer and/or Counterclaims to assert any additional defenses or counterclaims that come to light upon further investigation and discovery.

## COUNTERCLAIMS
## BY SPEECHPRO, INC.

SpeechPro, Inc. and asserts the following declaratory relief counterclaims against Blue Spike:

### PARTIES

1. Defendant and Counterclaimant SpeechPro, Inc. ("SpeechPro") is a Delaware corporation having its principal place of business in New York, New York.

2. Upon information and belief, Blue Spike Innovations, LLC ("Blue Spike") is a Texas limited liability company having its principal place of business in Tyler, Texas.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over SpeechPro's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201-2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a). An actual, substantial, and continuing justiciable controversy exists between SpeechPro and Blue Spike based on Blue Spike having filed a Complaint against SpeechPro alleging infringement of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit"), with respect to which SpeechPro requires a declaration of its rights by this Court. Specifically, the controversy concerns the invalidity and non-infringement of the patents-in-suit and the right of Blue Spike to maintain suit for alleged infringement of the patents-in-suit.

4. The Court has personal jurisdiction over Blue Spike, inter alia, because Blue Spike has submitted to the personal jurisdiction of this Court by filing the Complaint here.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400(b), inter alia, because Blue Spike has submitted to the venue of this Court by filing its Complaint here.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

6. SpeechPro has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the patents-in-suit, and has not otherwise committed any acts in violation of 35 U.S.C. §271.

7. An actual controversy exists between SpeechPro and Blue Spike based on Blue Spikehaving filed its Complaint against SpeechPro alleging infringement the patents-in-suit.

8. SpeechPro has been injured and damaged by Blue Spike filing its Complaint asserting a patent that SpeechPro does not infringe.

9. SpeechPro therefore seeks a declaration that it has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, and valid and enforceable claim of the patents-in-suit.

10. This is an exceptional case entitling SpeechPro to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY)

11. The patents-in-suit are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. §§ 100, 101, 102, 103 and 112.

12. An actual controversy exists between SpeechPro and Blue Spike based on Blue Spike having filed its Complaint against SpeechPro alleging infringement the patents-in-suit.

13. SpeechPro has been injured and damaged by Blue Spike filing its Complaint asserting an invalid patent.

14. SpeechPro therefore seeks a declaration that the patents-in-suit are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 *et seq*

15. This is an exceptional case entitling SpeechPro to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

16. SpeechPro continues to investigate this matter and reserves the right to amend its Answer and/or Counterclaims to assert any additional defenses or counterclaims that come to light upon further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE STC and SpeechPro pray that:

17. the Court dismiss the Complaint against STC and SpeechPro with prejudice;

18. the Court declare that STC and SpeechPro have not infringed and do not infringe U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472;

19. the Court declare that U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 are invalid;

20. the Court declare that Blue Spike is not entitled to any remedy or relief whatsoever against STC and SpeechPro;

21. the Court award STC and SpeechPro its costs, together with reasonable attorneys fees and all of its expenses for this suit because this is an exceptional case under 35 U.S.C. §285; and

22. the Court award STC and SpeechPro such other relief as this Court may deem just and proper.

Respectfully submitted,

GILLAM & SMITH, LLP

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com


Anthony L. Meola (#7101)
THE LAW OFFICES OF ANTHONY L. MEOLA
2500 Westchester Avenue
Suite 210
Purchase, New York 10577
T. (914) 825-1039
F: (866) 865-8362
E: ameola@themeolafirm.com


**ATTORNEYS FOR DEFENDANTS**
**SPEECH TECHNOLOGY CENTER, LLC**
**AND SPEECH PRO, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 28th day of March, 2013. Any other counsel of record will be served by facsimile transmission and/or first class mail.

          */s/ Melissa R. Smith*
          Melissa R. Smith