IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **Texas Instruments, Inc., et al.,** § <br> § <br> Defendants. § <br> § <br> § | | Case No. 6:12-cv-00499-MHS <br><br> **LEAD CASE** <br><br> **Jury Trial Demanded** |
| **Blue Spike, LLC,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **Zeitera, LLC, et al.,** § <br> § <br> Defendants. § <br> § <br> § | | Case No. 6:12-cv-00568-MHS <br><br> **CONSOLIDATED CASE** <br><br> **Jury Trial Demanded** |

**DECLARATION OF ASLAM KHADER IN SUPPORT OF
DEFENDANT ENSEQUENCE, INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

I, Aslam Khader, declare that:

1.     I am Chief Technology and Product Officer of Ensequence, Inc. ("Ensequence"), and I make this declaration for and on behalf of Ensequence in the matter referenced above and in support of Ensequence's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.  I have personal knowledge of the matters contained herein.

2.     Ensequence is an interactive TV company that enables programmers, service providers, and advertisers to increase program ratings, advertising effectiveness and merchandise

sales by making their shows and commercials more powerful and engaging using interactive technology. The Ensequence iTV Manager® interactive platform solves the technical complexities associated with creating and deploying a high volume of uniquely branded interactive television experiences across cable, satellite, telco and connected devices.

3. Ensequence is a Delaware corporation with its principal place of business located in Portland, Oregon. I live in Portland and work out of Ensequence's Portland office. Ensequence has never been registered to do business in Texas.

4. Ensequence also has two other offices. One is in New York, New York, and the other is in Dayton, Ohio. Ensequence has never had an office in Texas.

5. Ensequence does not own any property or maintain any facilities in Texas, and it does not have any mailing address in Texas.

6. None of Ensequence's officers, directors, or employees lives or works in Texas.

7. Ensequence has never attended a tradeshow or conference in Texas.

8. Ensequence has a registered agent for service of process in Delaware. It does not have a registered agent for service in Texas.

9. Ensequence's customers include innovative programmers and service providers in the media industry, such as ESPN, MTV, Showtime, and Comcast. To my knowledge, none of Ensequence's customers are Texas corporations or headquartered in Texas. Ensequence does not receive any revenue from Texas.

10. Ensequence has never directed marketing or advertisements to Texas.

11. Ensequence operates a website (www.ensequence.com) that is available worldwide over the public internet. Attached hereto as Exhibit A are true and correct copies of

DECLARATION OF ASLAM KHADER IN SUPPORT OF
DEFENDANT ENSEQUENCE, INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

2

printouts of selected pages from Ensequence's website. As can be seen by Exhibit A, Ensequence's website provides information related to the company and its goods and services in a passive manner. There is no interactive commercial activity, aside from the ability of a website visitor to send an email to Ensequence, through this website. The website is not specifically directed to Texas, or any other state or country.

12. No goods or services are sold through Ensequence's website.

13. Ensequence's website is maintained, hosted, and operated outside of Texas.

14. Ensequence has not made, used, imported, sold or offered to sell any Ensequence product that uses Zeitera's automatic content recognition software or fingerprint technology in Texas.

15. In April 2011, Ensequence entered into a Zeitera Software Evaluation License Agreement that gave Ensequence a license to internally test and evaluate Zeitera's automatic content recognition software and fingerprinting technology solely for the purpose of non-commercial evaluation for a limited period of time.

16. In August 2011, Ensequence and Zeitera issued a joint press release announcing their intention to deploy an integrated Ensequence/Zeitera product that would allow programmers and advertisers to create, manage and deploy interactive applications running on smartphones and tablets that are synchronized with content on the TV screen using Zeitera's automatic content recognition products. A true and correct copy of the press release is attached to this Declaration as Exhibit B.

17. Ensequence also made a few customer presentations, all outside of Texas, in which Ensequence described to those customers a version of its iTV Manager product that could

DECLARATION OF ASLAM KHADER IN SUPPORT OF
DEFENDANT ENSEQUENCE, INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

3

incorporate Zeitera's automatic content recognition technology.  None of these potential customers, however, expressed any interest in the integrated Ensequence/Zeitera product, so Ensequence never finalized the integrated product or provided it to any customers, in Texas or elsewhere.  Ensequence has elected to stop its internal development of any product based on Zeitera's automatic content recognition software or fingerprint technology, and is not offering such a product to its customers, in Texas or elsewhere.

18.     As of the date of this Declaration, Ensequence has not sold any product that uses any automatic content recognition software or fingerprinting technology, either in Texas or anywhere else.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 19th day of October, 2012.

/s/ Aslam Khader
Aslam Khader

DECLARATION OF ASLAM KHADER IN SUPPORT OF
DEFENDANT ENSEQUENCE, INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 28, 2013 (re-filed from October 22, 2012 per Court's consolidated order).

*/s/ Douglas L. Sawyer*
Douglas L. Sawyer

DECLARATION OF ASLAM KHADER IN SUPPORT OF
DEFENDANT ENSEQUENCE, INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

5