UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, § | | |
| *Plaintiff,* § | CASE NO. 6:12-cv-499 MHS | |
| § | LEAD CASE | |
| v. § | | |
| § | Jury Trial Demanded | |
| Texas Instruments, Inc., et al., § | | |
| *Defendants.* § | | |
| | | |
| Blue Spike, LLC, § | | |
| *Plaintiff,* § | CASE NO. 6:12-cv-568 MHS | |
| § | CONSOLIDATED CASE | |
| v. § | | |
| § | Jury Trial Demanded | |
| Zeitera, LLC et al., § | | |
| *Defendant.* § | | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AUTHORIZE
JURISDICTIONAL DISCOVERY FROM DEFENDANT ENSEQUENCE, INC.**

1

Blue Spike's request for jurisdictional discovery is proper and should be granted—and Ensequence's opposition does not show otherwise.

## I. The Requested Jurisdictional Discovery Is Highly Relevant.

As explained in the motion, Blue Spike seeks discovery on five topics: (1) Ensequence's solicitation of customers, prospective employees, and business in Texas; (2) the extent of Ensequence's broadcast monitoring activities within Texas or concerning Texas sources; (3) Ensequence's collection of data and other information from sources within Texas; (4) Ensequence's sales or distribution of products and services that reach Texas consumers; and (5) Ensequence's creation or use of sales networks or relationships that reach into Texas. *See* Cause No. 6:12-cv-499 MHS, Dkt. 509 at ¶5. Even so, Ensequence claims that the jurisdictional significance of these topics is not self-evident. *See* No. 6:12-cv-499 MHS, Dkt. 525 at 3 ("Blue Spike seeks discovery of five general subjects but never identifies any possible facts that could be revealed to support personal jurisdiction in this particular case."). Ensequence either misunderstands the law or simply does not want to comply with it.

Personal jurisdiction depends on the extent of a party's contacts with the forum, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-317 (1945), which is exactly what Blue Spike's discovery seeks. No further showing of relevance is required.

Indeed, Blue Spike seeks exactly what courts have held a plaintiff is entitled to seek through jurisdictional discovery.[1]

## II. Blue Spike Has Made a Preliminary Showing of Jurisdiction.

Ensequence wrongly argues that Blue Spike has failed to make a preliminary showing of jurisdiction. *See* Cause No. 6:12-cv-499 MHS, Dkt. 525 at 2-3. But Ensequence misunderstands the standard for making that showing. The preliminary showing necessary to warrant jurisdictional discovery "is less than a prima facie showing." *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012); *see also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) ("It would . . . be counterintuitive to require a plaintiff, *prior* to conducting discovery, to meet the same burden" of alleging jurisdictional facts "that would be required in order to defeat a motion to dismiss"). Blue Spike has presented evidence that easily clears the "preliminary showing" threshold. *See generally* Cause No. 6:12-cv-586 MHS, Dkt. 22 & exs. For example, Blue Spike has submitted screen shots of Ensequence's own website boasting that (1) "Ensequence's customers include the

---

[1] *See Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forum state's] market, including demonstration of [the defendant's] ongoing relationships with retailers in [the forum state]; [defendant's] knowledge that its products were being shipped to [the forum state]; its design and marketing efforts directed to the U.S. market (including [the forum state]); and more information on the defendant's e-solution platform") (internal punctuation omitted); *In re Fort Totten Metrorail Cases*, 756 F. Supp. 2d 132, 138 (D.D.C. 2010) (plaintiff's motion for jurisdictional discovery was sufficiently detailed where it stated that plaintiff sought discovery of sales data and defendant's knowledge regarding the ultimate destination of its products).

largest and most innovative programmers and service providers in the media industry" (including companies that indisputably operate continuously throughout Texas, such as NBCUniversal, MTV Networks, Comcast, Time Warner Cable, and Verizon) and that (2) "Ensequence is deployed on multiple connected device platforms." Dkt. 22-11.[2] Blue Spike has also explained that Ensequence's website operates as an active vehicle for soliciting customers in Texas. Dkt. 21 at 7.[3] Finally, Blue Spike has shown that the very nature of Ensequence's infringing technology requires Ensequence to constantly monitor and process data from Texas. *Id.* at 4-6.[4] Each of those facts far exceeds the "preliminary showing" required for Blue Spike to be entitled to jurisdictional discovery. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("If a plaintiff presents factual allegations that suggest with *reasonable* particularity the *possible* existence of the requisite contacts

---

[2] *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010) (holding that district court abused its discretion by denying jurisdictional discovery where defendant's website showed that several of defendant's customers operated in forum; while exact extent of defendant's activities in forum was uncertain and plaintiff's "proffered documents may be insufficient in themselves to establish a prima face case," "this incomplete record nevertheless supports the need for additional discovery to determine the merits of personal jurisdiction").

[3] *See AdvanceMe, Inc. v. Rapidpay, LLC*, 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006) (a website that "offers its allegedly infringing services to customers in Texas" is sufficient to warrant jurisdiction).

[4] *See TravelJungle v. Am. Airlines, Inc.*, 212 S.W.3d 841, 850 (Tex. App.—Fort Worth 2006, no pet.) (Texas court had personal jurisdiction over foreign company because it purposefully directed "data-gathering activity" toward Texas); *Flowserve Corp. v. Midwest Pipe Repair, L.L.C.*, No. 3:05-CV-1357-N, 2006 WL 265521, at *3 (N.D. Tex. Feb. 3, 2006) (repeated, deliberate contact with in-state servers went "well beyond a mere fortuity," thereby supporting exercise of jurisdiction); *see also Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1248 (10th Cir. 2000) (cataloging numerous cases where courts held that "use of a computer or network service located in a particular state created sufficient contacts to establish personal jurisdiction").

4

between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.") (emphasis added); *see also Baker Hughes Inc. v. Homa*, No. CIV.A. H-11-3757, 2012 WL 1551727, at *13 (S.D. Tex. Apr. 30, 2012) (holding that plaintiff made preliminary showing to warrant jurisdictional discovery where "much of the [defendants'] opposition to the arguments that this court can exercise personal jurisdiction relies on a point-by-point denial of [plaintiff's] factual assertions. . . . At this stage of the analysis, however, this court must accept as true all uncontroverted allegations in the complaint and must resolve any factual disputes in favor of the plaintiff. . . . To the extent that the [defendants] disagree with the facts Baker Hughes asserts, and to the extent that the [defendants] have presented controverting evidence, this court must resolve any factual dispute in Baker Hughes's favor.").

## III. Ensequence's Declarations Create Fact Issues Warranting Discovery.

Last, while Ensequence argues that "uncontroverted" declarations conclusively prove Ensequence's lack of Texas contacts, the reality is that those declarations actually raise factual issues about personal jurisdiction. *See* Cause No. 6:12-cv-499 MHS, Dkt. 525 at 4-7; *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (jurisdictional discovery is proper when a "motion to dismiss raises issues of fact"). For example, Ensequence's CEO declares that Ensequence's software does not employ ACRS capabilities, but this statement conflicts with Ensequence's partners (including Civolution) and with press releases that state the opposite. *See* sources cited in Cause No. 6:12-cv-568 MHS, Dkt. 25 at 6. Such conflicts support

5

allowing jurisdictional discovery. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1236 (Fed. Cir. 2010) (holding jurisdictional discovery was warranted where plaintiff "specifically questioned . . . the veracity of the [defendants'] declarants' statements in view of seemingly contradictory statements" elsewhere); *TCGC IP Holdings, LLC v. Graves Golf Acad.*, No. 310-CV-0055-L, 2010 WL 2671302, at *2 (N.D. Tex. July 1, 2010) ("jurisdictional discovery is appropriate" when "evidence submitted by Plaintiff . . . conflicts with [defendants'] sworn declarations"); *see also Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.").

## Conclusion and Prayer

For these reasons and those contained in the motion, Blue Spike respectfully asks the Court to enter an order allowing the requested discovery and mandating the requested disclosures.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
Lead Attorney
Texas Bar No. 24038912
randall.garteiser@sftrialattorneys.com
Christopher A. Honea
Texas Bar No. 24059967
chris.honea@sftrialattorneys.com
Christopher S. Johns
Texas Bar No. 24044849
chris.johns@sftrialattorneys.com

GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

Eric M. Albritton
 Texas State Bar No. 00790215
 ema@emafirm.com
Stephen E. Edwards
 Texas State Bar No. 00784008
 see@emafirm.com
Michael A. Benefield
 Texas State Bar No. 24073408
 mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449
(903) 758-7397 fax

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 28, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                      /s/ Randall T. Garteiser
                                                      Randall T. Garteiser