# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **MACROSOLVE, INC.,** | § | |
| | § | |
| **v.** | § | **NO. 6:11cv687 LED-JDL** |
| | § | |
| | § | **PATENT CASE** |
| **CONTINENTAL AIRLINES, INC.** | | |

| | | |
|---|---|---|
| **MACROSOLVE, INC.,** | § | |
| | § | |
| **v.** | § | **NO. 6:11cv694 LED-JDL** |
| | § | |
| **UNITED AIR LINES, INC.** | § | **PATENT CASE** |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants Continental Airlines, Inc. and United Air Lines, Inc.'s
Motion to Dismiss Indirect Infringement Claims (Doc. No. 11, No. 6:11cv687; Doc. No. 14, No.
6:11cv694). Plaintiff MacroSolve, Inc. has responded (Doc. No. 13, No. 6:11cv687; Doc. No.
16, No. 6:11cv694) and Defendants have filed a reply (Doc. No. 15, No. 6:11cv687; Doc. No.
17, No. 6:11cv694).[1] Upon consideration of the submissions, the Court **RECOMMENDS** that
the Motions be **GRANTED**.

## BACKGROUND

MacroSolve, Inc. ("MacroSolve") accuses Defendants Continental Airlines, Inc.
("Continental") and United Air Lines, Inc. ("United") of infringing U.S. Patent No. 7,822,816.[2]

---

[1] The briefing in both cases is similar.
[2] Originally, MacroSolve filed suit against Defendants separately. On July 6, 2012, MacroSolve and Defendants
jointly moved to consolidate the two actions, designating No. 6:11cv687 as the lead case (Doc. No. 37, No. 6:11687;
Doc. No. 37, No. 6:11cv694). On July 9, 2012, the Court granted the motion to consolidate (Doc. No. 38, No.
6:11cv687; Doc. No. 38, No. 6:11cv694). For ease of reference, the Court will cite to all documents in the lead case
No. 6:11cv687.

COMPLAINT AT ¶ 8.  On February 16, 2012, Defendants filed the Motions to Dismiss Indirect Infringement Claims that are now before the Court, alleging that MacroSolve's complaint fails to satisfy the requirements of Fed. R. Civ. P. 8(a)(2).  MTN AT 1.  For example, Defendants contend MacroSolve's complaint fails to recite the elements of an indirect infringement claim, and further fails to set forth any facts, which if true, would plausibly demonstrate that Defendants had the knowledge of the patent in suit, the specific intent to indirectly infringe, and knowledge that Defendants' products infringe.  *Id.* at 1.

A portion of the complaint against Continental is set forth below as representative of the issues in dispute:

> Continental  directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its products and systems referred to as its Continental app,) that infringed one or more claims of the 816 patent.  In addition, Continental induced infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers.

COMPLAINT AT ¶ 8.  The Complaint does not address MacroSolve's indirect infringement allegations any further.

## LEGAL STANDARD

Motions to dismiss for failure to state a claim are governed by regional circuit law.  *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355-56 (Fed.Cir. 2007)).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal,* 501 F.3d at 1356 (internal quotations omitted); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010).  Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007) (interpreting Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685, 129 S. Ct. 1937, 1949-50, 1953 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "'[D]etailed factual allegations'" are not required. *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10). Further, the Federal Circuit has definitively held that whether a complaint adequately pleads direct infringement is to be measured by the specificity required by Form 18. *Bill of Lading*, 681 F.3d at 1334; *see also* FED. R. CIV. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation). Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1. (Statement of Jurisdiction--See Form 7.)

2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3. The defendant has infringed and is still infringing the Letters Patent by
   making, selling, and using *electric motors* that embody the patented invention,
   and the defendant will continue to do so unless enjoined by this court.

4. The plaintiff has complied with the statutory requirement of placing a notice
   of the Letters Patent on all *electric motors* it manufactures and sells and has
   given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;
(b) an accounting for damages; and
(c) interest and costs.

(Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also Bill of Lading,* 681 F.3d at 1334 (describing the

requirements of Form 18). Thus, to the extent that *Twombly* and its progeny conflict with Form

18 and establish different pleading requirements, "the Forms control." *Id.* at 1336-37.

However, Form 18 applies only to direct infringement claims and thus cannot measure

the sufficiency of indirect infringement pleadings. *Id.* Thus, claims for indirect infringement

must be judged by the pleading standards articulated in *Twombly* and *Iqbal*. *Id.* ("[B]ecause

Form 18 addresses only direct infringement, we must look to Supreme Court precedent for

guidance regarding the pleading requirements for claims of indirect infringement"). Lastly, the

Court determines whether the complaint states a plausible claim for relief by examining the

complaint in context and relying on the Court's own judicial experience and common sense.

*Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

As stated above, Defendants maintain that MacroSolve's complaint is insufficient insofar

as it addresses allegations of inducement and contributory infringement. *See* MTN AT 3.

Essentially, Defendants assert that MacroSolve fails to allege any facts necessary to show that Defendants' conduct amounts to inducement or contributory infringement. *Id.* at 3-6.

In response, MacroSolve contends that it has identified the underlying direct infringers, i.e., Defendants' customers, and that MacroSolve is not required to allege that Defendants had knowledge of the '816 patent or the specific intent to induce or contributorily infringe the patent. RESPONSE AT 1-2. However, to the extent that the Court finds MacroSolve's complaint deficient, MacroSolve requests leave to amend. *Id.* at 2.

### A. Inducement Allegations

Because Form 18 does not expressly pertain to indirect infringement, the general principles of *Twombly* and *Iqbal* apply to indirect infringement claims. *Bill of Lading,* 681 F.3d at 1336-37 (internal citation omitted). While Rule 8 does not require "detailed factual support for each element of indirect infringement," the Plaintiff must, at a minimum, allege a plausible direct infringer in relation to an indirect infringement claim. *See id.* at 1336; *Lodsys, LLC v. Brother Int'l Corp.*, Civ. No. 2:11-cv-90-JRG, 2012 WL 760729 at *3 (E.D. Tex. Mar. 8, 2012) (finding pleading sufficient where identity of direct infringer is "easily inferred from the complaint" to be sufficient). However, a plaintiff need not identify a *specific* direct infringer so long as the Complaint includes "facts sufficient to allow an inference that at least one direct infringer exists." *Bill of Lading,* 681 F.3d at 1336.

Moreover, a party is liable for induced infringement if it knew or should have known that the induced acts constitute patent infringement. *See* 35 U.S.C. § 271 (b); *Global-Tech Appliances, Inc. v. SEB S.A.*, --- U.S. ----, 131 S.Ct. 2060, 2068 (2011); *Bill of Lading,* 681 F.3d at 1339. Thus, to survive Defendants' Motions to Dismiss, MacroSolve's complaint must contain sufficient facts plausibly showing that Defendants specifically intended a third party to

infringe the '816 patent and knew the third party's acts constituted infringement. *See Bill of Lading*, 681 F.3d at 1339. However, this does not mean that MacroSolve "must prove itself at the pleading stage." *Id.*

MacroSolve's complaint fails to allege that Defendants had knowledge of the '816 patent or the intent to infringe. The sum of MacroSolve's indirect infringement allegations amount to one sentence: "In addition, Continental induced infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers." It is well-established that formulaic recitations of elements of a cause of action and "naked assertions devoid of 'further factual enhancement'" are insufficient to state a claim. *See Iqbal,* 556 U.S. 662. at 678 (quoting *Twombly*, 550 U.S. at 555). Although MacroSolve's complaint alleges a direct infringer, namely Defendants' customers, MacroSolve nevertheless neglects to (1) recite the elements of an inducement claim and (2) allege any facts that, if taken as true, establishes a plausible inference that Defendants had knowledge of the '816 patent, the specific intent to induce a third party to infringe, and knowledge that such action amounted to infringement. Thus, MacroSolve's complaint as to its inducement allegations fails to provide adequate notice to Defendants.

### B. Contributory Infringement Allegations

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). Thus, to state a claim for contributory infringement, MacroSolve must, among other things: (1) identify the "material or apparatus for use in

practicing [the] patented process" that is sold or offered for sale by Defendants and (2) "plead facts that allow an inference that [these] components . . . have no substantial non-infringing uses." *Id.* (citations omitted).

For the reasons stated above, the Court finds that MacroSolve's complaint sufficiently identifies a direct infringer. However, the complaint fails to identify the components of the accused products—the Continental app and United Airlines Mobile app—used to infringe the '816 patent. The complaint is further devoid of any allegation from which the Court can plausibly infer that any components being sold have "no substantial non-infringing uses." Accordingly, the Court finds that MacroSolve's contributory infringement allegations fail to state a claim.

## CONCLUSION

MacroSolve's complaint provides little information regarding its indirect infringement allegations. Although the complaint generally alleges inducement and contributory infringement, it fails to allege any facts from which the Court can plausibly infer that Defendants (1) had knowledge of the '816 patent; (2) had the specific intent for its customers to infringe the '816 patent; or (3) had knowledge that their customers' acts amount to infringement. With regard to contributory infringement, MacroSolve does not (1) identify the accused components or (2) allege any facts indicating that Defendants' products have no substantial non-infringing uses. Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss Indirect Infringement Claims be **GRANTED**. The Court further **GRANTS** MacroSolve leave to amend its complaint within fourteen days of the date of this Order to comply with Rule 8 as described herein.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in this report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 30th day of July, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE