# EXHIBIT C

# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| TOUCHSCREEN GESTURES LLC § | |
| § | |
| v. § | Case No. 6:12-cv-263 |
| § | |
| RESEARCH IN MOTION LIMITED AND § | |
| RESEARCH IN MOTION CORPORATION § | |

### ORDER ON MOTION TO DISMISS

Before the Court is Defendants Research In Motion Limited and Research In Motion Corporation's motion to dismiss Plaintiff Touchscreen Gestures LLC's willful infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 16). Defendants Research In Motion Limited and Research In Motion Corporation (collectively RIM) contend that Touchscreen fails to allege any basis to support willful infringement. Thus, RIM concludes the claims require dismissal. Having fully considered the parties' arguments, the undisputed facts, and the applicable law, the Court **GRANTS** RIM's motion to dismiss.

### I.  BACKGROUND

This litigation involves alleged patent infringement of four patents: U.S. Patent Nos. 7,180,506; 7,184,031; 7,190,356; and 7,319,457. In general, the technology covers different aspects of computer touchscreen operation and functionality, including single-tapping, double-tapping, scrolling, and drag gestures. Touchscreen accuses RIM of selling infringing mobile phones and tablet computers.

RIM now seeks dismissal of Touchscreen's willful infringement claims. Touchscreen opposes dismissal. Touchscreen argues that the original complaint alleges RIM has known about the patents since the filing of the complaint but continues to infringe.

## II. LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). In other words, the Court must consider whether a plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

Willful infringement is a two-part test. First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* This objective prong is determined by the Court as a matter of law. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1008 (Fed. Cir. 2012) ("[T]he ultimate legal question of whether a reasonable person would have considered there to be

Case 6:12-cv-00499-BWS-CMC Document 576-3 Filed 02/29/13 Page 4 of 6 PageID #: 3793

a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge.").

"If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371.

RIM contends that Touchscreen's willfulness allegation is entirely unsupported. RIM argues that the original complaint does not allege any pre-filing knowledge of the patents. Rather, the complaint merely states as to each patent that "[t]o the extent that facts learned in discovery show that RIM's infringement of the [asserted patents] is or has been willful, Touchscreen Gestures, LLC reserves the right to request such a finding at time of trial" (Complaint, Doc. No. 1 at 4). The Court finds such an allegation, absent any supporting facts, insufficient to establish a willful infringement claim.

"[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Seagate*, 497 F.3d at 1374. "So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement." *Id.*; *see Webmap Techs., LLC v. Google, Inc.*, No. 2:09-CV-343, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 10, 2010).

Here, the complaint presents no facts supporting that Touchscreen had a good faith basis for alleging willful infringement. The absence of any allegation of pre-filing knowledge of the patents is fatal to Touchscreen's willful infringement claims. Furthermore, Touchscreen makes

no allegation that RIM acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Accordingly, Touchscreen has not pleaded enough facts to state a claim to relief that is plausible on its face.

Touchscreen maintains that the filing of this suit provides sufficient notice to support post-filing willful infringement claims. The Court disagrees.

In addition to Touchscreen's failure to seek preliminary injunctive relief, the Court finds the allegations insufficient to support claims for post-filing willful infringement. *See Seagate*, 497 F.3d at 1374 ("A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.")

Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim. *See Execware, LLC v Staples, Inc.*, No. 11-836, 2012 WL 6138340, at *7 (D. Del. Dec. 10, 2012) ("As previously stated, [plaintiff's] amended complaint relies solely on allegations that [defendant] was made aware of the '139 patent by the filing of the original complaint in the present action. As a result, its claim for willful infringement must fail."); *Aeritas, LLC v. Alaska Air Grp., Inc.*, No. 11-967, 2012 WL 4470386, at *4 (D. Del. Sept. 28, 2012) (explaining that "the court is not inclined to allow the mere notice of the charge of infringement gleaned from service of the complaint to pass muster for a willfulness claim under Rule 8" and "that the burden to prove willful infringement includes more than mere knowledge of the patent"); *LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*, No. 11-CV-6173, 2012 WL 1965878, at *6 (N.D. Cal. May 30, 2012) ("Knowledge of the Patents at

Issue from service of the initial complaint does not warrant imposition of enhanced damages for willful conduct based solely upon post-filing conduct.").

To maintain willful infringement claims, Touchscreen must demonstrate that RIM knew about the patents and acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Touchscreen's complaint is completely void of any allegations or facts pertaining to willful infringement. *See Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 545 (E.D. Tex. 2010) (finding that based on pleading language nearly identical to the instant case, that "*Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway"). Accordingly, these claims warrant dismissal.

## IV. CONCLUSION

For the foregoing reasons, RIM's motion to dismiss (Doc. No. 16) is **GRANTED**. If during the course of discovery Touchscreen uncovers factual support for a claim of post-filing willfulness, the Court at that time will address whether Touchscreen is entitled to leave to amend its complaint.

It is SO ORDERED.

SIGNED this 27th day of March, 2013.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE