# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>　　　*Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>　　　*Defendant.*<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-cv-499<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC<br>　　　*Plaintiff,*<br><br>v.<br><br>AMANO CINCINNATI, INC.<br>　　　*Defendant.*<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:13-cv-109<br>(Consolidated with 6:12-CV-499)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT AMANO CINCINNATI, INC.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................- 1 -

II.    STATEMENT OF FACTS .........................................................................................- 2 -

III.   STATEMENT OF ISSUES TO BE DECIDED .........................................................- 4 -

IV.    LEGAL STANDARD FOR MOTION TO DISMISS ................................................- 4 -

V.     ARGUMENT ..............................................................................................................- 6 -

       A.    Blue Spike's Complaint Fails To Identify An Accused Product That Is
             Alleged To Infringe A Specific One Of The Patents-in-Suit .............................- 6 -

       B.    Indirect Infringement .........................................................................................- 7 -

             1.    Blue Spike's Contributory Infringement Claims Are Not Sufficiently
                   Pled ..........................................................................................................- 8 -

             2.    Blue Spike's Induced Infringement Claims Are Not Sufficiently
                   Pled ........................................................................................................- 10 -

       C.    Blue Spike's Willful Infringement Claims Are Not Sufficiently Pled .............- 11 -

VI.    CONCLUSION .........................................................................................................- 13 -

## TABLE OF AUTHORITIES

**Cases** **Page**

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307 (Fed. Cir. 2007) ......................10

*AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007) ..........................................11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ..................................................................................5

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. 11-cv-04049,
    2012 U.S. Dist. LEXIS 51650 (N.D. Cal. Mar. 22, 2012) ..................................................12

*Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*, No. 07-cv-1359, 2010 U.S.
    Dist. LEXIS 21778 (N.D. Cal. Feb. 19, 2010) ....................................................................11

*Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, 2010 U.S. Dist. LEXIS 62711
    (E.D. Tex. Mar. 29, 2010) .....................................................................................................6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................................2, 4, 5, 8

*Clear v. Bergdorf Goodman, Inc.*, 2010 U.S. Dist. LEXIS 9207 (E.D. Tex. Mar. 29, 2010) ............8

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) (en banc) .................................2, 10

*Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263 (Fed. Cir. 2004) ........................10

*In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323
    (Fed. Cir. 2012) ................................................................................................................8, 10

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) .....................................................11, 12

*MacroSolve, Inc. v. Continental Airlines, Inc.,* No. 6:11-cv-694 (Report and Recom.)
    (E.D. Tex. July 30, 2012) ......................................................................................................9

*MacroSolve, Inc. v. Continental Airlines, Inc.,* No. 6:11-cv-694 (slip op.)
    (E.D. Tex. August 22, 2012) ................................................................................................10

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913,
    125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) ...........................................................................9

*Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010) ..........................................8

*Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263
    (E.D. Tex. March 27, 2013) (slip op.) (J. Schneider) .........................................................11

*Webmap Techs., LLC v. Google, Inc.*, No. 09-cv-343, 2010 U.S. Dist. LEXIS 104137
(E.D. Tex. Sept. 10, 2010), adopted in its entirety, 2010 U.S. Dist. LEXIS 104109
(E.D. Tex. Sep. 28, 2010) (Folsom, J.) ..............................................................................11

*Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008) ..........................................................5

**Statutes, Rules, and Other**

35 U.S.C. § 271(c) ..........................................................................................................................2

Fed. R. Civ. P. 8(a) .........................................................................................................................4

Fed. R. Civ. P. 12(b)(6).......................................................................................................... *passim*

Wright & Miller § 1216, at 233-234 ...............................................................................................5

## I. INTRODUCTION

Defendant Amano Cincinnati, Inc. ("ACI") moves to dismiss the Complaint for Patent Infringement ("Complaint") [*Dkt. No. 1 in Case No. 6:13-cv-109*], filed by the Plaintiff Blue Spike, LLC's ("Blue Spike"), for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  As has been previously noted by numerous other defendants in this consolidated action, Blue Spike's generic, "one size fits all" Complaint is nothing more than a series of legal conclusions without underlying factual support that fails to provide ACI sufficient notice of the claims it must defend.

The Complaint alleges that four Blue Spike patents (U.S. Patent Nos. 7,346,472 ("'472 Patent"), 7,660,700 ("'700 Patent"), 7,949,494 ("'494 Patent"), and 8,214,175 ("'175 Patent") (collectively, the "Patents-in-Suit")) are infringed by two ACI products identified by Blue Spike as the "HandPunch Biometric Terminals (such as its 1000, 1000E, 2000, 3000, and 4000)" and "Time Guardian Fingerprint software" ("Accused Products"), without specifying which of the asserted Patents-in-Suit is infringed by any one of the Accused Products. The Complaint also improperly identifies ACI's automated time keeping software as allegedly infringing the Patents-in-Suit which are directed to "signal recognition technology."

The Complaint's allegations of willful infringement are deficient for at least the reason that they do not provide any facts regarding ACI's pre-filing conduct, and only allege that ACI was aware of the Patents-in-Suit as a result of Blue Spike filing its Complaint. The Complaint's allegations of indirect infringement (*i.e.*, contributory infringement and induced infringement) are similarly deficient because they are devoid of any allegations establishing: a direct infringement; that ACI induced the alleged infringement by "actively and knowingly" aiding and abetting another's direct infringement; or that the Accused Products are "especially made or

especially adapted for use in an infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc); 35 U.S.C. § 271(c).

Blue Spike's failure to properly plead its claims prevents ACI from being able to properly defend itself in this litigation. It is clear from both the Complaint and Blue Spike's actions in the consolidated action, that it seeks to extract settlements from defendants by subjecting these defendants, including ACI, to the less palatable choice of incurring the significant costs associated with infringement litigation, especially litigation unbound by what Blue Spike can (and should) properly allege amounts to infringement. ACI should not be forced to engage in expensive litigation unless and until Blue Spike pleads factual allegations sufficient to state a claim for relief. Maintaining the present Complaint fosters Blue Spike's efforts to extract settlements by wielding the expensive discovery and trial preparation as a hammer against ACI. This is contrary to the Supreme Court's view of Fed. R. Civ. P. 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007). For the reasons contained herein, Blue Spike's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     STATEMENT OF FACTS

Blue Spike filed its January 29, 2013 Complaint against ACI without ever contacting ACI to provide notice of its patents or allege infringement of its patents, and the Complaint does not allege that ACI was aware of the Patents-in-Suit prior to the filing date of the Complaint.

The Complaint identifies ACI's Time Guardian software as an Accused Product; however, that product is time management software that automates the collection, calculation and preparation of employee time for processing payroll without requiring or performing any biometric fingerprint readings.

The Complaint lacks any identification of which Accused Products are alleged to infringe any one of the Patents-in-Suit. Instead, for each of the Patents-in-Suit, the Complaint simply states:

> 34. Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '175 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, <u>one or more of the Accused Products</u>, in violation of 35 U.S.C. § 271. (Emphasis added) (Complaint at p. 10, ¶ 34)

> 42. Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '494 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, <u>one or more of the Accused Products</u>, in violation of 35 U.S.C. §271. (Emphasis added) (Complaint at p. 12, ¶ 42)

> 50. Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '700 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, <u>one or more of the Accused Products</u>, in violation of 35 U.S.C. §271. (Emphasis added) (Complaint at p. 14, ¶ 50)

> 58. Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '472 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, <u>one or more of the Accused Products</u>, in violation of 35 U.S.C. §271. (Emphasis added) (Complaint at p. 16, ¶ 58)

While it is certainly easier to make such formulaic allegations (and to make them across the spectrum of defendants sued in this consolidated action), this repetition of a stock infringement allegation is not sufficient to put ACI on notice as to which of the Accused Products are alleged to infringe which of the Patents-in-Suit or to comply with the pleading requirements of Fed. R. Civ. P. 8.

Blue Spike's allegations of indirect infringement of the Patents-in-Suit by way of inducement of others and/or contributing to the infringement by others of the Patents-in-Suit fails to plead the requisite facts to support such causes of action. The Complaint is devoid of any allegations establishing that: (1) the conduct allegedly induced constitutes direct infringement; (2) ACI induced the alleged infringement by "actively and knowingly" aiding and abetting another's direct infringement; or (3) the Accused Products are "especially made or especially adapted for use in an infringement."

### III. STATEMENT OF ISSUES TO BE DECIDED

1. Has Blue Spike adequately pled the alleged infringements for each Patent-in-Suit?
2. Has Blue Spike adequately pled contributory patent infringement?
3. Has Blue Spike adequately pled induced patent infringement?
4. Has Blue Spike adequately pled willful patent infringement?

### IV. LEGAL STANDARD FOR MOTION TO DISMISS

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. A district court should grant a motion to dismiss if the plaintiff's complaint does not plead

"enough facts to state a claim to relief that is plausible on its face." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 942 (9th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

In *Twombly*, the Supreme Court recognized the inherent prejudice to a defendant when a complaint lacks factual support stating, "threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings." 550 U.S. at 559. The Supreme Court emphasized the importance of addressing factually unsupported or speculative allegations at the pleading stage. *Id*. at 558 (citing 5 Wright & Miller § 1216, at 233-234).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court stated that "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and expanded on its *Twombly* decision by expressly stating:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. <u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice</u>. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. …. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949-1950 (underline emphasis added).

## V.     ARGUMENT

### A.     *Blue Spike's Complaint Fails To Identify An Accused Product That Is Alleged To Infringe A Specific One Of The Patents-in-Suit*

Blue Spike's Complaint must be dismissed for failing to definitely identify which of the Patents-in-Suit is alleged to be infringed by which of the Accused Products. A complaint that fails to "identify any accused products, services, or methods or other infringing acts for the patent-in-suit … simply fails to inform Defendants as to what they must defend" and is therefore, fatally deficient. *Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, 2010 U.S. Dist. LEXIS 62711, at *11 (E.D. Tex. Mar. 29, 2010). The logic is clear -- neither a defendant nor the court should be made to guess at what is accused of infringement when it could be avoided by the plaintiff providing the basic information that should be available to the plaintiff based on the requisite good faith analysis done by the plaintiff prior to filing suit against the defendant.

At the outset, Blue Spike's infringement claims simply do not inform ACI as to what it must defend against. The Complaint vaguely identifies a product grouping as the "Accused Products," which contain both hardware and software. Complaint at p. 9, ¶ 27. Notably, the Complaint fails to indicate which of the Accused Products is alleged to infringe which of the Patents-in-Suit. Rather, the Complaint simply states:

> Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the [Patents-in-Suit] – directly, contributorily, or by inducement – by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, ***one or more of the Accused Products***, in violation of 35 U.S.C. § 271. (Emphasis added) (Blue Spike's Complaint at ¶¶ 34, 42, 50, 58).

This vague group accusation does not specifically identify any product or any patent and ACI is unable to determine which of the Accused Products is to be defended against infringement of which of the Patents-in-Suit.

Further, the Complaint fails to state a claim that is plausible on its face. ACI's Time Guardian software, one of the alleged Accused Products, is employee time management software that automates the collection, calculation and preparation of employee time for processing payroll, which is readily apparent from the product literature and ACI's website. ACI's Time Guardian software is sold as a CD-ROM or downloadable via the internet. In contrast to this functionality, the Complaint states that the Patents-in-Suit are directed to "signal recognition technology," and more specifically to "signal abstracting," which encompasses techniques, among others, also known as "signal fingerprinting," "acoustic fingerprinting," or "robust hash functions." Complaint at ¶ 21. Certainly, such claims do not extend to payroll processing software. Even a cursory review of ACI's Time Guardian <u>software</u> would have revealed that it cannot perform the methods, systems, or techniques described in the Patents-in-Suit and pled in the Complaint. Blue Spike's identification of this software and its inability to provide any specific facts or even allegations as to how such software infringes any of the Patents-in-Suit prevents ACI from preparing a defense in this matter and, along with the bare-bones nature of this suit in general, speaks to the level of pre-suit investigation that was undertaken prior to the Complaint being filed.

Blue Spike's Complaint must be dismissed for failing to recite a claim for relief that is plausible on its face.

### B.  *Indirect Infringement*

The requirements for pleading indirect infringement are more stringent than those required for pleading direct infringement. The Federal Circuit clearly stated that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." *In re Bill of Lading Transmission and Processing*

*System Patent Litigation*, 681 F.3d 1323, 1334-37 (Fed. Cir. 2012). The Federal Circuit has also made clear that a claim for indirect infringement must satisfy the pleading requirements articulated in *Twombly* and *Iqbal*. *Id.* at 1336-37.

For at least the reasons set forth below, Blue Spike's indirect infringement counts are insufficiently pled and should be dismissed.

### 1. *Blue Spike's Contributory Infringement Claims Are Not Sufficiently Pled*

A complaint for contributory infringement must "affirmatively identify which claims are indirectly infringed, identify which methods or systems indirectly infringe, and identify a direct infringer in reference to indirect infringement claims." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) (citing *Clear v. Bergdorf Goodman, Inc.,* 2010 U.S. Dist. LEXIS 9207, at *4 (E.D. Tex. Mar. 29, 2010) (internal quotations omitted)).

As shown by the quote below, Blue Spike's Complaint offers a broad conclusory statement in place of the required affirmative identification of claims that are indirectly infringed.

> Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of <u>one or more claims of the '175 Patent</u>. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '175 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '175 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or

>is liable as contributory infringer <u>of one or more claims of the '175 Patent</u> under 35 U.S.C. §271.

Complaint, at p. 11, ¶ 35 (emphasis added). This form conclusion is repeated at paragraphs 43, 51, and 59 respectively for each of the remaining Patents-in-Suit. Taken as a whole, these infringement allegations are insufficient to state any claim for relief that is plausible on its face. *Realtime Data,* 721 F. Supp. 2d at 544*; Clear v. Bergdorf Goodman, Inc.,* 2010 U.S. Dist. LEXIS 9207, at *4.

By statute, liability for contributory infringement requires that the defendant have knowledge of the patent that is alleged to be infringed and that the allegedly infringing products be "especially made or especially adapted for use in an infringement." 35 U.S.C. §271(c). Contributory infringement also requires that the Accused Products have "no substantial noninfringing uses." *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005). The Complaint fails in all of these respects. In the Complaint, Blue Spike acknowledges that ACI had no knowledge of the Patents-in-Suit before Blue Spike filed its Complaint and Blue Spike offers nothing more than a formulaic statement that the Accused Products "have no substantial non-infringing uses and are for use in systems that infringe." Complaint at ¶¶ 34, 42, 50, 58.

In *MacroSolve, Inc. v. Continental Airlines, Inc.*, Magistrate Love cited *Bill of Lading* in recommending that this Court should grant defendant's motion to dismiss a plaintiff's contributory infringement claim where the plaintiff did not "identify the accused components of the accused products … used to infringe the claims" or "allege any facts indicating that Defendants' products have no substantial non-infringing uses." No. 6:11-cv-694, *7 (slip op.) (E.D. Tex. July 30, 2012) (Magistrate Love). Magistrate Love's Report and Recommendations

were adopted by this Court in granting the defendant's motion to dismiss. 6:11-cv-694 (E.D. Tex. August 22, 2012) (Davis, J.) (Exhibit "B").

Taken as a whole, the Complaint's contributory infringement pleadings are of the cookie cutter type this Court rejected in the past as failing to meet the requirements of *Iqbal* and *Twombly*.

### 2. Blue Spike's Induced Infringement Claims Are Not Sufficiently Pled

With respect to inducement, in order to survive a motion to dismiss, the Complaint must plead "facts plausibly showing that [ACI] specifically intended its customers to infringe the [Patents-in-Suit]." *Bill of Lading*, 681 F.3d at 1339. Likewise, it must plead that: (1) the conduct being induced constitutes direct infringement; and (2) the party inducing the infringement actively and knowingly aided and abetted another's direct infringement of the patent in suit. *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc).

The Complaint fails because it does not allege with any specificity that ACI: (1) knew of the Patents-in-Suit prior to the Complaint; (2) knowingly and specifically intended its customers to infringe the Patents-in-Suit; and (3) possessed the requisite knowledge or intent to be held vicariously liable. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) (internal citations omitted).

The Complaint's repeated conclusory statement that ACI has induced infringement of one or more claims of the Patents-in-Suit by "making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '175 Patent," is vague at best and does not satisfy the standard. *See* Complaint at ¶¶ 35, 43, 51, and 59. Such blanket recitals of the bare elements of indirect

infringement under 35 U.S.C. § 271(a) are insufficient to show that the Blue Spike is entitled to relief, and ACI's Motion to Dismiss under 12(b)(6) should be granted. *See AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007).

### C. Blue Spike's Willful Infringement Claims Are Not Sufficiently Pled

The Federal Circuit's *en banc* ruling in *In re Seagate*, explained:

> [W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b). So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's ***pre-filing conduct***. By contrast, when an accused infringer's post filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (Emphasis added); *see also, Webmap Techs., LLC v. Google, Inc.*, No. 09-cv-343, 2010 U.S. Dist. LEXIS 104137, at *11 (E.D. Tex. Sept. 10, 2010), adopted in its entirety, 2010 U.S. Dist. LEXIS 104109 (E.D. Tex. Sep. 28, 2010) (Folsom, J.) (recommending dismissal of willful infringement claim based on post-filing conduct where patentee did not seek a preliminary injunction); *Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*, No. 07-cv-1359, 2010 U.S. Dist. LEXIS 21778, at *48-50 (N.D. Cal. Feb. 19, 2010) (holding that patentee not entitled to seek enhanced willfulness damages based solely on defendants' post-filing conduct where patentee did not seek a preliminary injunction).

Judge Schneider recently followed the Federal Circuit's precedent in *Seagate,* dismissing a claim for willful infringement where the complaint did not allege any pre-filing knowledge of the patents. *Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263 (E.D. Tex. March 27, 2013) (slip op.) (J. Schneider) (Exhibit "C"). In particular, the court held that "[t]he absence of pre-filing knowledge of the patents-in-suit is fatal to [plaintiff's] willful infringement

claims." *Id.* at p. 3. The court also noted that plaintiff's post-filing willful infringement claims were insufficient where the plaintiff failed "to seek preliminary injunctive relief," and that "the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim." *Id.* at p. 4.

> Blue Spike's Complaint does not allege any pre-filing conduct; it only alleges that:
>
> [ACI] has continued to infringe the [patents-in-suit] *since receiving notice of their infringement*, at least by way of their receiving this lawsuit. On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk. Accordingly, Blue Spike seeks a willfulness finding against Defendant relative to its infringement of the [Patents-in-Suit] entitle Blue Spike to increased damages under 35 U.S.C. § 284 as well as attorneys' fees and costs under 35 U.S.C. § 285.

Complaint, at p. 11, ¶ 37, p.13, ¶ 45, p.15, ¶ 53, and p.17, ¶ 61 (emphasis added). The Complaint offers nothing beyond these naked assertions as support for its willfulness claims. Further, it alleges nothing to justify departing from the rule that willful infringement claims must be grounded in pre-filing conduct. *See Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. 11-cv-04049, 2012 U.S. Dist. LEXIS 51650, at *13 (N.D. Cal. Mar. 22, 2012) (finding pleading stating "[t]he infringement by defendants was willful, intentional and with conscious and knowing disregard of plaintiffs' [sic] patent rights" is merely a conclusory allegation and fails to adequately state a claim for willful infringement).

Finally, it is clear that Blue Spike is not pursuing any alleged post-filing conduct of ACI as Blue Spike has not moved for a preliminary injunction, despite being aware of ACI's alleged conduct at least as early as January 29, 2013. Where a plaintiff fails to act to prevent conduct it alleges to be "reckless," it is not permitted to accrue enhanced damages based on that same conduct. *See Seagate*, 497 F.3d at 1374.

In sum, the Complaint fails to adequately plead a claim for willful infringement, and such claims should be dismissed.

## VI.  CONCLUSION

Blue Spike's Complaint contains a long recital of the inventor's background and the alleged invention, yet its allegations on the legal issues of direct infringement, contributory patent infringement, induced infringement and willful infringement are formalistic recitals and conclusory statements, rather than well plead claims that ACI can address in a meaningful fashion. The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

By: */s/ Scott Crocker*
Scott Crocker (TX State Bar No. 00790532)
SPRINKLE IP LAW GROUP
1301 W. 25th Street, Suite 408
Austin, Texas 78705
Phone: (512) 366-7308
Fax: (512) 371-9088
scrocker@sprinklelaw.com

Anthony S. Volpe (pro hac vice pending, PA 24,733)
Ryan W. O'Donnell (pro hac vice pending, PA 89775)
Aneesh A. Mehta (pro hac vice pending, PA 205878)
VOLPE AND KOENIG, P.C.
United Plaza, 30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 568-6400
Fax: (215) 568-6499
Avolpe@vklaw.com
RODonnell@vklaw.com
Amehta@vklaw.com

*Attorneys for Defendant,*
*Amano Cincinnati, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **Defendant Amano Cincinnati, Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** is being on all counsel of record via the Court's CM/ECF system on this 29th day of March 2013.

                                              */s/ Scott Crocker*
                                              Scott Crocker