# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | CIVIL ACTION NO. 6:12-CV-499 LED |
| Plaintiff | § | |
| vs. | § | **LEAD CASE** |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| Defendant. | § | |
| | | |
| **BLUE SPIKE, LLC** | § | CIVIL ACTION NO. 6:12-CV-680 LED |
| Plaintiff | § | |
| vs. | § | |
| **L-1 IDENTITY SOLUTIONS, INC. and MORPHOTRUST USA, INC.,** | § | |
| Defendants. | § | |

### DEFENDANTS L-1 IDENTITY SOLUTIONS, INC. AND MORPHOTRUST USA, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Defendant MorphoTrust USA, Inc. ("MorphoTrust"), whose relevant business operations are in the District of New Jersey, and Defendant L-1 Identity Solutions, Inc. ("L-1") (collectively, "Defendants"), which has no connection to Texas, respectfully move the Court pursuant to 28 U.S.C. § 1404(a) for an order transferring the patent infringement action to the District of New Jersey.

## I.     INTRODUCTION[1]

This case is yet another example of forum shopping the Federal Circuit has repeatedly held must not be permitted.  Plaintiff Blue Spike LLC ("Plaintiff") was formed as a Texas Corporation on May 14, 2012.  That is plaintiff's only connection to the Eastern District of Texas.   Blue Spike's founder and co-inventor Scott Moskowitz, resides in Florida, and the other co-inventor resides in Seattle, Washington.  In fact, Plaintiff's lead attorney resides in California.  Johnson Decl. ¶ 2.  Since virtually all of the witnesses with relevant information and the relevant documents are located outside of Texas, there is no valid basis for maintaining this action in this District.

Transfer is warranted in this case under § 1404(a) and applicable Fifth Circuit and Federal Circuit precedent for the following reasons:  (1) the material defense witnesses are located in the District of New Jersey and (2) the evidence is located in the District of New Jersey or in districts other than the Eastern District of Texas.  Moreover, the public interest factors for determining whether to transfer a case from the district either weigh in favor of transfer to the District of New Jersey, or are neutral and should not have any impact on the transfer analysis.

---

[1] L-1 is a holding company with no employees and no financial interest in the outcome. Defendant has asked Plaintiff to voluntarily dismiss L-1.  Declaration of Daniel Johnson, Jr. in Support of Defendants' Motion to Transfer ("Johnson Decl.") ¶ 2.

## II. THE GRAVITY OF THIS SUIT IS IN THE DISTRICT OF NEW JERSEY

On September 20, 2012, a scant four months after incorporating in Texas,[2] Plaintiff filed the Complaint against MorphoTrust and its parent holding company L-1 alleging infringement of four U.S. patents by making, using, importing, selling and/or offering to sell fingerprint-based biometric software, systems, and technology.  Complaint ¶ 28.  Plaintiff has alleged infringement by the following Accused Products:  Software Development Kits (SDKs) (such as BioEngine Fingerprint, FaceIt, FaceIt Quality Assessment, TouchPrint Live Scan Advanced, and Foundation Biometrics), ABIS Search Engine, ABIS Identity Manager, HIIDE 5, IBIS System, and IBIS Extreme (collectively, "Accused Products").  *Id*.

Defendants' counsel informed Plaintiff's counsel in California that it believed venue was not proper in the Eastern District of Texas and that, unless Plaintiff agreed, Defendants would file a motion to transfer the matter to the District of New Jersey requesting that the Court transfer the case out of the Eastern District of Texas to the proper venue – the District of New Jersey.  Johnson Decl. ¶ 2.  Plaintiff did not agree, and accordingly Defendants filed this motion requesting that the Court transfer the case out of the Eastern District of Texas to the proper venue – the District of New Jersey.

### A. MorphoTrust Has Only A Minimal Connection To The Eastern District Of Texas

Examination of the facts relating to MorphoTrust shows that MorphoTrust has no connection to the Eastern District of Texas.

First, MorphoTrust is a Delaware corporation, headquartered in Billerica, Massachusetts.  Declaration of Dr. Mohamed Lazzouni in Support of MorphoTrust's Motion to Transfer ("Lazzouni Decl.") ¶ 3.

---

[2] The Articles of Organization and Texas Secretary of State website information are attached as Exs. 1 and 2, respectively, to the Johnson Decl.

Second, the vast majority of MorphoTrust's business occurs outside of the state of Texas. MorphoTrust sells licenses to its BioEngine, FaceIt, and FaceIt QA SDKS software development kits to federal, state, and local governments, and it also makes commercial sales. *Id*. at ¶ 4. MorphoTrust sells its Touch Print SDK software development kits primarily to federal, state, and local governments. *Id*. at ¶ 5. MorphoTrust sells licenses to its Foundation SDK software development kits to federal, state, and local governments, and it also makes commercial sales. *Id*. MorphoTrust sells its ABIS systems primarily to the federal government, including the United States Department of Defense and the United States Department of State. *Id*. MorphoTrust sold its HIIDE system primarily to the United States Department of Defense. *Id*. MorphoTrust sells its IBIS systems primarily to state and local governments. *Id*.

Third, no source of proof with respect to MorphoTrust is located in the Eastern District of Texas. *Id*. at ¶ 6. No likely fact witnesses reside in the Eastern District of Texas or elsewhere in Texas. *Id*. Indeed, none of the equipment, documents, or electronically stored information relevant to the claims and defenses in this lawsuit is located in the Eastern District of Texas. *Id*. at ¶ 10. Nor does MorphoTrust have any company facilities within the State of Texas. *Id*. at ¶ 6. The only MorphoTrust activities that in any way relate to the Accused Products in Texas are the following: MorphoTrust has a contract with the Texas Department of Public Safety supporting the production of Texas driver's licenses. *Id*.

Fourth, likely fact witnesses with respect to MorphoTrust are in the District of Jersey, rather than in the Eastern District, or any other Texas District. MorphoTrust's Jersey City, New Jersey offices have a total of 21 employees, of which currently six are MorphoTrust's material fact witnesses concerning the research, design, development and manufacturing of the Accused Products. *Id*. at ¶ 8. As such, the majority of all foreseeable MorphoTrust witnesses with

information about the Accused Products and the claims and defenses in this lawsuit reside in the District of New Jersey.  *Id*.   The distance from Jersey City, New Jersey to the District Court in Newark, New Jersey is 5 miles while the distance from Jersey City to Tyler, Texas is 1310 miles.[3]

Fifth, the vast majority of MorphoTrust's documents relating to MorphoTrust's design, development and manufacture of the Accused Products are located in MorphoTrust's Jersey City, New Jersey offices.  *Id*. at ¶ 7.  Moreover, the servers and technical infrastructure associated with the research, design, development and manufacture of the Accused Products are located in MorphoTrust's Jersey City, New Jersey offices, and the vast majority of MorphoTrust's electronically stored information relating to the research, design, development and manufacture of the Accused Products, located in MorphoTrust's Jersey City, New Jersey offices.  *Id*. at ¶ 9.

### B.   L-1 Has No Connection To Texas

L-1, who Plaintiff also accuses of infringement, is a Delaware corporation.  Declaration of Celeste Thomasson in Support of Defendants' Motion to Transfer ¶ 3.  L-1 is the parent company to Defendant MorphoTrust and is an inactive company with no employees.  *Id*. at ¶ 5.  Like with MorphoTrust, no likely fact witnesses for L-1 reside in the Eastern District of Texas or elsewhere in Texas.  *Id*. at ¶ 4.  Also, L-1 has no connection to the Eastern District of Texas, and no source of proof with respect to L-1 is located in this District.  *Id*.   Furthermore, L-1 has no direct marketing business, and does not employ any sales representatives, within the State of Texas.  *Id*.  Finally, L-1 is a holding company and consequently has no product revenue.  *Id*. at ¶ 5.

---

[3] Distances calculated using http://www.infoplease.com/atlas/calculate-distance.html.

### C. The Named Inventors Reside Outside Of The Eastern District Of Texas

The patents-in-suit identify a total of two inventors, Scott A. Moskowitz and Michael W. Berry.  Complaint, Exs. A-D.  Scott Moskowitz resides in Sunny Isles Beach, Florida, and Michael Berry resides in Seattle, Washington.  Complaint, Ex. A.  Plaintiff and Assignee Blue Spike, LLC has U.S. offices in Tyler, Texas; Sunny Isles, Florida; and Boston, Massachusetts. *See* Johnson Decl. Ex. 3.  The distance from Seattle, Washington to Newark, New Jersey and Tyler, Texas is 1764 and 2400 miles, respectively.[4]  The distance from Sunny Isles Beach, Florida to Newark, New Jersey and Tyler, Texas is 1075 and 1017 miles, respectively.[5]  Thus, it would be just as convenient for the named inventors, Mr. Moskowitz and Mr. Berry, to travel to New Jersey from their respective homes to trial as to Tyler, Texas.

### III. CONVENIENCE, RELEVANCE, AND FAIRNESS DICTATE THAT THIS SUIT BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A motion to transfer venue should be granted upon a showing that the transferee venue "is clearly more convenient" than the venue chosen by the plaintiff.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  The Federal Circuit has routinely held that "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re*

---

[4] Distances calculated using http://www.infoplease.com/atlas/calculate-distance.html.
[5] *Id.*

*Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009). These Federal Circuit cases provide guidance here:

In *TS Tech*, transfer was ordered because there was "no relevant connection between the actions giving rise to th[e] case and the Eastern District of Texas except that certain vehicles containing TS Tech's headrest assembly have been sold in the venue." 551 F.3d at 1321. The "vast majority of identified witnesses, evidence, and events leading to this case involve[d]" either Ohio (the proposed transferee forum) or Michigan. *Id.*

In *Genentech*, transfer was ordered even though it would inconvenience the plaintiff because "a substantial number of material witnesses reside within the transferee venue [the Northern District of California] and the state of California, and no witnesses reside within the Eastern District of Texas. . . ." 566 F.3d at 1345.

In *Hoffmann-La Roche*, transfer was ordered because there was "no connection between this case and the Eastern District of Texas except that in anticipation of this litigation, [the plaintiff's] counsel in California converted into electronic format 75,000 pages of documents demonstrating conception and reduction to practice and transferred them to the offices of its litigation counsel in Texas." 587 F.3d at 1336-37. The Federal Circuit condemned the plaintiff's tactic of manipulating venue by moving documents to Texas in anticipation of litigation. *See id.* at 1337 ("[T]he assertion that these documents are 'Texas' documents is a fiction which appears to have been created to manipulate the propriety of venue.").

In *Nintendo*, transfer was again ordered for want of connection to the Eastern District of Texas. 589 F.3d at 1196. The Federal Circuit found the District Court erred (i) when it only gave minimal weight to the fact that witnesses would have to travel an additional 700 miles to

attend trial in Texas versus the proposed transferee venue and (ii) in deeming the Eastern District of Texas to be a centralized location for access to sources of proof. *Id.* at 1198-1200.

As in these other cases, there is a stark difference here in convenience, relevance, and fairness between the two venues: (1) there is no link to the Eastern District of Texas, (2) the majority of witnesses and documents related to the Accused Products are in the District of New Jersey, and (3) no other convenience factors favor the venue chosen by Plaintiffs. This case should be transferred to the District of New Jersey.

### A.   Suit Could Have Been Brought In The District of New Jersey

The threshold inquiry of whether venue is proper in the District of New Jersey is satisfied here. Under Section 1400(b), venue is proper in any "judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of venue, a corporation is deemed to "reside" in any judicial district in which it is subject to personal jurisdiction when the action is commenced. 28 U.S.C. § 1391(c).

MorphoTrust has sufficient contacts with the District of New Jersey such that it would be subject to personal jurisdiction in that District. Among other things, the majority of all foreseeable MorphoTrust witnesses with information about the Accused Products and the claims and defenses in this lawsuit reside in New Jersey. Lazzouni Decl., ¶ 8. The vast majority of MorphoTrust's documents relating to MorphoTrust's design, development and manufacture of the Accused Products are located in MorphoTrust's Jersey City, New Jersey offices. Id. at ¶ 9. Therefore, there is no dispute that venue is proper in the District of New Jersey.

### B.   The Private Interest Factors Weigh In Favor Of Transfer

The private interest factors strongly support transferring this action to the District of New Jersey. The relevant factors are: (1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen*, 545 F.3d at 315.

### 1. Relative ease of access to sources of proof

The location of evidence is meaningful to the convenience analysis, and advances in copying technology and electronic discovery do not render this factor superfluous. *See Volkswagen*, 545 F.3d at 316; *accord Genentech*, 566 F.3d at 1345-46. Here, the relative ease of access to sources of proof favors transfer to the District of New Jersey because most, if not all, of the physical and documentary evidence that will be relevant to the Accused Products resides with MorphoTrust in Jersey City, New Jersey, within the District of New Jersey. *See Genentech*, 566 F.3d at 1345 (recognizing most evidence comes from the accused infringer). All of the key witnesses and documents relating to the research, design, development, and manufacture of the Accused Products are in Jersey City, New Jersey. Lazzouni Decl. ¶¶ 8-9. Moreover, since Defendants have no witnesses, equipment, documents or electronically stored information relevant to the claims and defenses in the Eastern District of Texas, no sources of proof with respect to these parties are located in this District. *Id*. at ¶¶ 6, 10.

### 2. The availability of compulsory process to secure the attendance of witnesses

A venue that has absolute subpoena power is more favorable than a venue without it. *See Volkswagen*, 545 F.3d at 316. Here, there are no known defense witnesses subject to the Court's subpoena power in the Eastern District of Texas or within 100 miles of where trial will be held. *See* Fed. R. Civ. P. 45(b)(2). The District of New Jersey, however, is home to six of the key employees and relevant documents that are the basis for any testimony regarding the Accused Products. Lazzouni Decl. ¶ 8. Transfer is favored because the District of New Jersey can

compel these witnesses to attend *both* depositions and trial, while the Eastern District of Texas cannot. Further, both inventors live outside of the District. *See supra*, II.C.

### 3. The cost of attendance for willing witnesses

In *Nintendo*, the Federal Circuit emphasized that "[t]he convenience and cost of attendance for witnesses is an important factor in the transfer calculus." 589 F.3d at 1198. This factor weighs in favor of transfer here because the vast majority of foreseeable witnesses are located in the District of New Jersey. These are the employees with information regarding the Accused Products. By contrast, no witnesses reside in the Eastern District of Texas.

The Fifth Circuit's "100 mile" rule applies because Jersey City, New Jersey is located approximately 1310 miles away from Tyler, Texas. Under this tenet, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 317. Application of the "100 mile" rule shows that the witnesses identified in the District of New Jersey would experience great inconvenience in having to travel the 1310 miles to Tyler for trial. Taking into account all parties, therefore, the District of New Jersey is clearly a more convenient forum.

### 4. Other practical problems that make trial of a case easy, expeditious, and inexpensive

This case is in its infancy: there has been no discovery or scheduling order. As such, no practical problems exist that should deter transfer to the District of New Jersey.

### C.     The Public Factors Weigh In Favor Of Transfer

#### 1.     The local interest in having localized interests decided at home

As in *TS Tech*, there is "no relevant connection between the actions giving rise to this case and the Eastern District of Texas." *TS Tech*, 551 F.3d at 1321. The Federal Circuit has rejected this as a basis for concluding that this factor, by itself, favors transfer. *Id*.

As in *TS Tech*, there is "no relevant connection between the actions giving rise to this case and the Eastern District of Texas." *TS Tech*, 551 F.3d at 1321. The Federal Circuit has rejected this as a basis for concluding that this factor, by itself, favors transfer. *Id*.

The District of New Jersey, on the other hand, has a far greater localized connection to this case. The vast majority of likely witnesses, evidence, and events leading to this case involve the District of New Jersey. None of the Defendants have an office in the Eastern District of Texas; no likely witnesses reside in the Eastern District of Texas; and no evidence is located within the venue. Because this case has no meaningful connection with the Eastern District of Texas, and the District of New Jersey does have a localized interest in deciding this case, this factor favors transfer.

#### 2.     The administrative difficulties flowing from court congestion

There would not be any administrative difficulties that would arise from transferring or retaining this case. Accordingly, this factor is neutral.

#### 3.     The familiarity of the forum with the law that will govern the case

This case will be governed by the Patent Laws of the United States. The Eastern District of Texas and the District of New Jersey both are familiar with the patent laws. This factor is neutral.

      **4.**      **The avoidance of unnecessary problems of conflict of laws or in the application of foreign law**

This case poses no conflicts of law issues and does not implicate foreign law. This factor is neutral.

## IV. ALL NON-NEUTRAL FACTORS WEIGH HEAVILY IN FAVOR OF TRANSFER

The District of New Jersey clearly is a more convenient venue than the Eastern District of Texas: (i) the sources of proof related to MorphoTrust and its Accused Products are located in the District of New Jersey (ii) no likely fact witnesses reside in or near the Eastern District of Texas; (iii) it is inconvenient and expensive for the parties' witnesses to travel to Tyler; and (iv) there are no sources of proof in the Eastern District of Texas. Defendants L-1 and MorphoTrust respectfully request that this Court grant the requested transfer.

| | |
|---|---|
| Dated: December 11, 2012 | Respectfully submitted, |
| | MORGAN, LEWIS & BOCKIUS LLP |

*/s/ Daniel Johnson, Jr.*

C. Erik Hawes (TX Bar No. 24042543)
Email:  ehawes@morganlewis.com
Thomas R. Davis (TX Bar No. 24055384)
Email:  tdavis@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)
Email: djjohnson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000 Telephone
(415) 442-1001 Facsimile

**Attorneys for Defendants L-1 Identity Solutions, Inc. and MorphoTrust USA, Inc.**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing and/or electronic mail on December 11, 2012.

*/s/ Daniel Johnson, Jr.*
Daniel Johnson, Jr.

**CERTIFICATE OF CONFERENCE**

This motion is opposed. Pursuant to Local Rule CV-7(h), I, Daniel Johnson, Jr., counsel for L-1 Identity Solutions, Inc. and MorphoTrust USA, Inc., contacted Plaintiff's counsel by telephone on December 7, 2012, requesting their consent to transfer this action to the District of New Jersey. Plaintiff's counsel did not agree to the transfer.

*/s/ Daniel Johnson, Jr.*
Daniel Johnson, Jr.