UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 6:12-cv-00499-MHS |
| v. | § § | Jury Trial Demanded |
| Texas Instruments, Inc., *et al.*, | § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S SURREPLY TO DEFENDANT TECHNICOLOR SA'S MOTION TO DISMISS**

Technicolor SA's reply (Case No. 6:12-cv-00572, Dkt. 27) asks the Court to apply an improperly high pleading standard.[1] To defeat dismissal, Blue Spike needs to make only a prima facie showing of personal jurisdiction. The numerous forms of evidence included in Blue Spike's opposition (*see* Case No. 6:12-cv-00572, Dkt. 14 & exhibits) easily clear that hurdle. And even if the Court decided to change the standards for ruling on motions to dismiss, the proper outcome here would not be dismissal. At minimum, the Court should permit jurisdictional discovery.

**I.   Because Blue Spike Has Made a Prima Facie Case of Personal Jurisdiction, the Court Should Deny the Motion to Dismiss.**

To survive the motion, Blue Spike needs to make merely a prima facie showing that the Court may assert personal jurisdiction over Technicolor SA. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). This is a "low threshold."

---

[1] Technicolor has re-filed its motion to dismiss in the consolidated case 6:12-499-MHS at Dkt. 560 per the Court's Consolidation Order dated March 26, 2013.  (Case. No. 6:12-cv-00572, Dkt. 28). Plaintiff Blue Spike LLC files its surreply in order to satisfy the requirement that the briefing schedule remain unchanged for pending motions. *Id*. If Technicolor chooses to re-file its reply in the lead case, then Blue Spike will re-file its opposition.

*Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 n.8 (5th Cir. 2000); *see also* 5B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §1351 (explaining that the burden to make prima facie showing of personal jurisdiction "normally is not a heavy one."). The Court "should not act as a fact finder"; it should "construe all disputed facts in the plaintiff's favor." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008); *see also Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004) (court must "resolve in [plaintiff's] favor all conflicts between the jurisdictional] facts contained in the parties' affidavits and other documentation.").[2] Crucially—and conveniently overlooked by Technicolor—the Court must also draw all reasonable inferences in Blue Spike's favor. *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 327 (5th Cir. 1996).

Under this standard, the evidence that Blue Spike presented in its opposition (Dkt. 14), combined with reasonable inferences therefrom, makes more than a prima facie showing of jurisdiction. Technicolor spends most of its reply attempting to rebut Blue Spike's evidence piece by piece and replace it with Technicolor's own facts, yet this tactic serves to highlight evidentiary disputes that must all be resolved in Blue Spike's favor. Technicolor's claim that Blue Spike's allegations are

---

[2] A court commits reversible error if it dismisses a plaintiff's "factual assertions offered in the pleadings and affidavits that were at odds with competing assertions made by" the defendant. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

"conclusory" is simply wrong. Blue Spike has submitted actual evidence, not the kind of unsupported assertions found insufficient in other cases.[3]

## II. At Minimum, the Court Should Allow Jurisdictional Discovery.

Blue Spike's opposition lays out more than sufficient jurisdictional facts to support the Court's assertion of personal jurisdiction. But even if the Court decided to change the "low threshold" for making out a prima facie showing of jurisdiction, the proper result here would still not be to dismiss the case. Instead, the Court should permit jurisdictional discovery. The preliminary showing necessary to warrant jurisdictional discovery is even "less than a prima facie showing." *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012); *see also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) ("It would . . . be counterintuitive to require a plaintiff, *prior* to conducting discovery, to meet the same burden" of alleging jurisdictional facts "that would be required in order to defeat a motion to dismiss"). Technicolor's assertion that Blue Spike has failed to clear even the threshold for jurisdictional discovery is simply untenable. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("If a plaintiff presents factual allegations that suggest with *reasonable* particularity the *possible* existence of the

---

[3] *See, e.g., Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (jurisdictional allegations were conclusory where plaintiffs' "sole evidence [was] their state court petition, which allege[d] 'on information and belief' that [the defendant] knew [plaintiffs] are Texas residents and knew its actions would intentionally cause harm to [plaintiffs] in Texas.").

requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.") (emphasis added).[4]

Protesting too much, Technicolor spends more than two pages of its reply (and two declarations) addressing exhibit 5 of Blue Spike's opposition, desperately trying to explain why, appearances to the contrary, exhibit 5 does not support Blue Spike's argument for jurisdictional discovery. Dkt. 27 at 8-10. Far from accomplishing what Technicolor hopes, this effort actually demonstrates why jurisdictional discovery is warranted. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1236 (Fed. Cir. 2010) (jurisdictional discovery warranted where plaintiff "specifically questioned . . . the veracity of the [defendants'] declarants' statements in view of seemingly contradictory statements" elsewhere); *TCGC IP Holdings, LLC v. Graves Golf Acad.*, No. 310-CV-0055-L, 2010 WL 2671302, at *2 (N.D. Tex. July 1, 2010) ("jurisdictional discovery is appropriate" when "evidence submitted by Plaintiff . . . conflicts with [defendants'] sworn declarations"); *see also Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted.").

---

[4] *See also Baker Hughes Inc. v. Homa*, No. CIV.A. H-11-3757, 2012 WL 1551727, at *13 (S.D. Tex. Apr. 30, 2012) (holding that plaintiff made preliminary showing to warrant jurisdictional discovery where "much of the [defendants'] opposition to the arguments that this court can exercise personal jurisdiction relies on a point-by-point denial of [plaintiff's] factual assertions. . . . At this stage of the analysis, however, this court must accept as true all uncontroverted allegations in the complaint and must resolve any factual disputes in favor of the plaintiff. . . . To the extent that the [defendants] disagree with the facts Baker Hughes asserts, and to the extent that the [defendants] have presented controverting evidence, this court must resolve any factual dispute in Baker Hughes's favor.").

### III. Service of Process Satisfied the Hague Convention.

In its reply, Technicolor admits it has no new arguments about whether Blue Spike's service of process satisfied the Hague Convention. Dkt. 27 at 10. Blue Spike stands by its previous arguments and simply notes that Technicolor has no answer to them. *See* Dkt. 14 at 8-12.

### Conclusion and Prayer

For these reasons and those contained in the opposition, Blue Spike respectfully asks the Court to deny Technicolor's motion to dismiss outright. In the alternative, Blue Spike asks that the Court order jurisdictional discovery or that the Court allow Blue Spike to re-serve Technicolor, as appropriate.

Respectfully submitted,

　/s/ Randall Garteiser
Randall T. Garteiser
 Texas Bar No. 24038912
 randall.garteiser@sftrialattorneys.com
Christopher A. Honea
 Texas Bar No. 24059967
 chris.honea@sftrialattorneys.com
Christopher S. Johns
 Texas Bar No. 24044849
 chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike LLC*

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 1st day of April, 2013.

                /s/ Randall Garteiser