IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>TYGART TECHNOLOGY, INC.,<br><br>            Defendant. | Civil Action No. 6:13-CV-84<br><br>Jury Trial Demanded |

**AFFIDAVIT IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)**

COMMONWEALTH OF PENNSYLVANIA   ]
                                                              ] ss.:
COUNTY OF ALLEGHENY                         ]

I, Douglas J. Kirby, being duly sworn, deposes, and says under oath:

1.    I am the Chief Executive Officer for Tygart Technology, Inc. (hereinafter referred to as "Tygart") and am familiar with the allegations in Plaintiff's Complaint and the business operations of Tygart. I provide this affidavit in support of Tygart's Motion to Dismiss. Unless otherwise indicated below, the statements in this declaration are based upon my personal knowledge or corporate records maintained by Tygart in the ordinary course of business and, if called as a witness, I would testify competently thereto.

2.    I am a resident of Allegheny County, Pennsylvania.

3.    Tygart is a software developer in the business of providing consulting services in conjunction with its products.

4. Tygart provides server-based products, including its MXSERVER and MatchBox software identified in Blue Spike's Complaint, that enable the integration of third-party facial recognition software into a scalable platform. Tygart no longer manufactures or markets its MatchBox software. Tygart's products use distributed cloud architecture to enable the third-party software to run simultaneously across multiple photos, video, and other media collections in various formats to find individuals of interest. Tygart's products also provide intuitive user interfaces that facilitate automated and manual searching of the media collections, and organize search results so they may be efficiently analyzed. Tygart does not develop, and has never developed, its own facial recognition software, and relies exclusively on the third-party software to perform all facial recognition processes.

5. The third-party facial recognition software Tygart employs in its products, includes software from NEC Corporation of America and NEC Corporation ("NEC") and L-1 Identity Solutions, Inc./ MorphoTrust USA, Inc. ("L-1"). The software from NEC and L-1 provides the functionality alleged by Blue Spike in its Original Complaint for Patent Infringement. In other words, Tygart does not create any product that infringes on any patent purportedly held by Blue Spike, but instead uses software from a third party that purportedly infringes on patents held by Blue Spike.

6. Blue Spike also commenced litigation against NEC and L-1 for infringement of the same patents alleged in the Complaint against Tygart. Blue Spike and NEC recently mutually discontinued claims and counterclaims against one another. This settlement extended to the software purchased by Tygart from NEC which Tyagrt incorporates into its MXSERVER. Because NEC can now sell its software free and clear of Blue Spike's infringement claims,

Tygart can incorporate that software into its products under the same protections afforded to NEC.

7. Tygart is a West Virginia corporation headquartered in Fairmont, West Virginia, which is in the Northern District of West Virginia.

8. Tygart's only office is located in Fairmont, West Virginia.

9. Tygart's management, research, and development facilities are located in Fairmont, West Virginia.

10. The research, design, and development of Tygart products took place in Fairmont, West Virginia.

11. Tygart has no investors, board members, shareholders, officers, employees, or agents in the State of Texas.

12. Tygart is not incorporated or licensed in Texas.

13. Tygart does not file tax returns in Texas.

14. Tygart has no designated agent for service of process in Texas.

15. Tygart is not registered as a foreign corporation authorized to conduct business in Texas.

16. Tygart has not used the Texas court system as a litigant other than being named a defendant in the above matter.

17. Tygart does not conduct daily or periodic business with Texas companies.

18. Tygart does not generate any revenue from the sale of its products or consulting services with Texas residents.

19. Tygart does not maintain any offices in the State of Texas.

20. Tygart does not keep any bank accounts in the State of Texas.

21. Tygart does not own any land or property in the State of Texas.

22. Tygart does not target the State of Texas for advertising.

23. Tygart has never obtained credit from a creditor in Texas.

24. Tygart has no distribution, manufacturing, or support operations in the State of Texas.

25. Tygart does not avail itself of the rights and liabilities of the laws of the State of Texas.

26. Other than through its non-passive website, www.tygart.com, which is available throughout the world, but through which sales to consumers cannot be consummated, Tygart does not advertise in Texas.

27. Tygart has never entered into any contracts governed by Texas law.

28. Tygart does not store any corporate or business records in Texas.

29. Tygart has not knowingly sold any of its products to a customer in Texas.

30. Most of Tygart's customers are from West Virginia and Virginia.

31. The foreseeable witnesses with knowledge of the research, design, development, and marketing of Tygart's products reside and work in or near Fairmont, West Virginia.

32. The electronic and paper records of their work, along with Tygart business records related to Tygart products and revenue, are located in Fairmont, West Virginia.

33. It would be a great hardship for Tygart to defend this action in the Eastern District of Texas. There is a high likelihood that myself, other management employees, and non-management employees may have to offer testimony in this matter. This would require substantial loss of time away from Tygart. In addition, Plaintiff may need to depose employees

who work for Tygart who are not salaried employees. This would pose a hardship for them as well as Tygart.

FURTHER AFFIANT SAYETH NAUGHT this,

28 day of March, 2013

_____
Douglas J. Kirby

Subscribed and sworn to before me, the undersigned Notary Public, this 28 day of MARCH, 2013 by Douglas J. Kirby

My Commission expires on: 06-07-2015

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kathleen Lewis, Notary Public
Ross Twp., Allegheny County
My Commission Expires June 7, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

5