**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **BLUE SPIKE, LLC,** <br><br> **v.** <br><br> **TEXAS INSTRUMENTS, INC.** | **CIVIL ACTION NO. 6:12-CV-499-MHS** <br> **(LEAD CASE)** |
| **BLUE SPIKE, LLC,** <br><br> **v.** <br><br> **INGERSOLL-RAND COMPANY** | **CIVIL ACTION NO. 6:13-cv-00108-MHS** <br> **(CONSOLIDATED CASE)** |

**DEFENDANT INGERSOLL-RAND COMPANY'S**
<u>**MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**</u>

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF FACTS .................................................................................... 2

III.  STATEMENT OF ISSUES TO BE DECIDED .................................................... 4

IV.  LEGAL STANDARD FOR MOTION TO DISMISS ........................................... 4

V.   ARGUMENT ....................................................................................................... 6

    A.   Blue Spike's Direct Infringement Claims Are Not Sufficiently Pled. .................. 6

    B.   Blue Spike's Indirect Infringement Claims Are Not Sufficiently Pled. ................ 7

        1.   Blue Spike's Induced Infringement Claims Are Not Sufficiently Pled. ...................................................................... 7

        2.   Blue Spike's Contributory Infringement Claims Are Not Sufficiently Pled. ...................................................................... 9

    C.   Blue Spike's Willful Infringement Claims Are Not Sufficiently Pled. ................ 10

VI.  CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................................. 5, 7

*Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, 2010 U.S. Dist.
    LEXIS 62711 (E.D. Tex. Mar. 29, 2010)............................................................. 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................ 2, 5, 7

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) ................... 11

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323
    (Fed. Cir. 2012).......................................................................................... 7, 9

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*)................... 10, 11

*Klausner Techs., Inc. v. Oracle Corp.* Case No. 6:11-cv-556, slip op.
    (E.D. Tex. Sept. 10, 2012)............................................................................. 8

*MacroSolve, Inc. v. Continental Airlines, Inc.*, No. 6:11-cv-694, slip op.
    (E.D. Tex. July 30, 2012)............................................................................. 8, 9

*Norris v. Hearst Trust,* 500 F.3d 454 (5th Cir. 2007) ....................................... 5

*Patent Harbor, LLC v. DreamWorks Animation SKG*, 2012 U.S. Dist. LEXIS
    114199 (E.D. Tex. July 27, 2012)................................................................ 9

*Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010) ....... 10

*Rhodes v. Prince*, 360 Fed. Appx. 555 (5th Cir. 2010) ...................................... 5

*Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, slip op.
    (E.D. Tex. March 27, 2013) ........................................................................ 10

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366, slip op.
    (E.D. Tex. Feb. 7, 2013).............................................................................. 8


**Statutes and Rules**

35 U.S.C. § 271(c).............................................................................................. 11, 9

Fed. R. Civ. P. 8(a) ......................................................................................... 4

## I.      INTRODUCTION

Defendant Ingersoll-Rand Company ("Ingersoll-Rand") moves to dismiss Plaintiff Blue Spike, LLC's Original Complaint for Patent Infringement, Dkt. No. 1 in Case No. 6:13-cv-108 ("Complaint"), under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  As has been previously noted by numerous other defendants in this consolidated action, the generic Complaint filed by Plaintiff Blue Spike LLC ("Blue Spike") is nothing more than a series of formulaic legal conclusions that fails to provide Ingersoll-Rand with sufficient notice of the claims it must defend.

The Complaint alleges generally that four Blue Spike patents—U.S. Patent Nos. 7,346,472; 7,660,700; 7,949,494; and 8,214,175 (collectively, the "Patents-in-Suit")—are infringed by Ingersoll-Rand "products, systems, and/or services including, but not limited to, its Biometric Access Control Systems (such as its HandKey 2, HandKey ID3D-R, and HandKey ID3D-RW) and HandPunch Time and Attendance Terminals (such as its GT-400, 4000, 4000-S, 3000-E, 3000, 2000, 1000-E, and 1000) ("Accused Products")," Complaint at ¶ 27, without specifying which of the asserted Patents-in-Suit is allegedly infringed by any one of the Accused Products.

The Complaint's allegations of indirect infringement (*i.e.*, induced infringement and contributory infringement) are deficient because they are devoid of any factual allegations establishing that Ingersoll-Rand "actively and knowingly" aided and abetted another's direct infringement or that the Accused Products are "especially made or especially adapted for use in an infringement."  *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc*); 35 U.S.C. § 271(c).  The Complaint's allegations of willful infringement are similarly deficient for at least the reason that they do not provide any facts regarding Ingersoll-Rand's pre-filing conduct.

Blue Spike's failure to properly plead its claims prevents Ingersoll-Rand from being able to properly defend itself in this litigation.  It is clear from both the Complaint and Blue Spike's actions that it seeks to extract settlements from defendants by subjecting these defendants, including Ingersoll-Rand, to the less palatable choice of incurring the significant costs associated with infringement litigation, especially litigation unbounded by proper infringement allegations. Ingersoll-Rand should not be forced to engage in expensive litigation unless and until Blue Spike pleads factual allegations sufficient to state a claim for relief.  Maintaining the present Complaint fosters Blue Spike's efforts to extract settlements by wielding expensive discovery and trial preparation as a hammer against Ingersoll-Rand.  This is contrary to the Supreme Court's view of Federal Rule of Civil Procedure 8.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007).  For the reasons contained herein, Blue Spike's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.    STATEMENT OF FACTS

Blue Spike filed its Complaint against Ingersoll-Rand on January 29, 2013, without ever contacting Ingersoll-Rand to provide notice of its patents or to allege infringement of its patents. The Complaint does not include any factual allegations showing that Ingersoll-Rand was aware of the Patents-in-Suit prior to being served with the Complaint.

The Complaint lacks any adequate identification of which Accused Products are alleged to infringe which of the Patents-in-Suit.  Instead, for each of the Patents-in-Suit, the Complaint simply states:

> Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the [asserted patent]—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

2

Complaint at ¶¶ 34, 42, 50, 58.  The entirety of Blue Spike's indirect infringement claims, which

it repeats for each of the Patents-in-Suit (and for scores of other defendants), is as follows:

> Defendant has been and now is indirectly infringing by way of
> inducing infringement by others and/or contributing to the
> infringement by others of the [asserted patent] in the State of
> Texas, in this judicial district, and elsewhere in the United States,
> by, among other things, making, using, importing, offering for
> sale, and/or selling, without license or authority, products for use
> in systems that fall within the scope of one or more claims of the
> [asserted patent].  Such products include, without limitation, one or
> more of the Accused Products.  Such products have no substantial
> non-infringing uses and are for use in systems that infringe the
> [asserted patent].  By making, using, importing offering for sale,
> and/or selling such products, Defendant injured Blue Spike and is
> thus liable to Blue Spike for infringement of the [asserted patent]
> under 35 U.S.C. § 271.  Those whom Defendant induces to
> infringe and/or to whose infringement Defendant contributes are
> the end users of the Accused Products.  Defendant had knowledge
> of the [asserted patent] at least as early as the service of this
> complaint and is thus liable for infringement of one or more claims
> of the [asserted patent] by actively inducing infringement and/or is
> liable as contributory infringer of one or more claims of the
> [asserted patent] under 35 U.S.C. §271.

Complaint at ¶¶ 35, 43, 51, 59.  Nothing in this "formulaic recitation" reflects a single fact

specific to Ingersoll-Rand or its technology.  Blue Spike does not state a single fact from which

there is any plausible inference that Ingersoll-Rand had knowledge of the Patents-in-Suit before

being served with Blue Spike's Complaint.  Blue Spike also does not allege any facts concerning

any conduct by Ingersoll-Rand that might plausibly induce infringement by others even after the

filing of the Complaint, save for the rote recitation that Ingersoll-Rand's alleged infringement is

"continuing."

The Complaint is equally deficient as to willfulness.  In its sole paragraph on willful

infringement, also repeated for each of the Patents-in-Suit and for multiple defendants, Blue

Spike alleges:

3

> On information and belief, Defendant has continued to infringe the
> [asserted patent] since receiving notice of their infringement, at
> least by way of their receiving this lawsuit.  On information and
> belief, such continued infringement has been objectively reckless
> including because Defendant has (1) acted despite an objectively
> high likelihood that its actions constituted infringement of a valid
> patent and (2) knew or should have known of that objectively high
> risk.  Accordingly, Blue Spike seeks a willfulness finding against
> Defendant relative to its infringement of the [asserted patent]
> entitle Blue Spike to increased damages under 35 U.S.C. § 284 as
> well as attorneys' fees and costs under 35 U.S.C. § 285.

Complaint at ¶¶ 37, 45, 53, 61.  Blue Spike does not allege that Ingersoll-Rand had any knowledge of the patents before being served with the Complaint.  These allegations also are devoid of any facts specific to Ingersoll-Rand or its products, and provide not a single fact to support Blue Spike's conclusory allegations of an "objectively high risk" or that Ingersoll-Rand acted in an "objectively reckless" manner.  Blue Spike's allegations simply recite the bare legal elements of a willfulness claim, rather than factual allegations that might plausibly support one.

While it is certainly easier to make such formulaic allegations (and to make them across the spectrum of defendants sued in this consolidated action), this repetition of a stock infringement allegations is not sufficient to put Ingersoll-Rand on notice as to claims it must defend or to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

## III.   STATEMENT OF ISSUES TO BE DECIDED

1. Has Blue Spike adequately pled the alleged infringements of each Patent-in-Suit?

2. Has Blue Spike adequately pled contributory patent infringement?

3. Has Blue Spike adequately pled induced patent infringement?

4. Has Blue Spike adequately pled willful patent infringement?

## IV.   LEGAL STANDARD FOR MOTION TO DISMISS

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under

Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 552. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The *Twombly* Court recognized the inherent prejudice to a defendant when a complaint lacks factual support, stating that the "threat of discovery expense will push cost-conscious defendants to settle even anemic cases." *Id*. at 559. As such, the Supreme Court emphasized the importance of addressing factually unsupported or speculative allegations at the pleading stage. *Id.* at 558.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court expanded on its *Twombly* decision by explaining:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-79 (internal citations omitted). While well-pleaded facts must be accepted as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Papasan v. Allain,* 478 U.S. 265 (1986)); *see also Rhodes v. Prince*, 360 Fed. Appx. 555, 557-58 (5th Cir. 2010) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

## V.   ARGUMENT

### A.   Blue Spike's Direct Infringement Claims Are Not Sufficiently Pled.

Blue Spike's Complaint should be dismissed for failing to adequately identify which of the Patents-in-Suit is alleged to be infringed by which of the Accused Products.  A complaint that fails to "identify any accused products, services, or methods or other infringing acts for the patent-in-suit . . . simply fails to inform Defendants as to what they must defend" and is therefore fatally deficient. *Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, 2010 U.S. Dist. LEXIS 62711, at *11 (E.D. Tex. Mar. 29, 2010).  The logic is clear: neither a defendant nor the court should be made to guess at what is accused of infringement when this could be avoided by the plaintiff providing the information it should possess based on the analysis required to be done by the plaintiff prior to filing suit against the defendant.

Blue Spike's generic infringement claims simply do not inform Ingersoll-Rand as to what it must defend.  First, the Complaint vaguely identifies a grouping of "products, systems, and/or services" as the "Accused Products."  Complaint at ¶ 27.  Second, the Complaint asserts that each of the Patents-in-Suit is infringed by "one or more of the Accused Products." *Id.* at ¶¶ 34, 42, 50, 58.  This vague group accusation does not specifically identify any particular product (or group of products) as infringing any particular patent and, thus, fails to meet even the level of specificity set forth in Form 18 of the Federal Rules of Civil Procedure.  Ingersoll-Rand is unable to determine from these generic infringement claims which of the Accused Products must be defended against which of the Patents-in-Suit.  As such, Blue Spike's Complaint should be dismissed for failing to properly recite a claim upon which relief can be granted.

**B.    Blue Spike's Indirect Infringement Claims Are Not Sufficiently Pled.**

The requirements for pleading indirect infringement are more stringent than those required for pleading direct infringement.  The Federal Circuit has clearly stated that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."  *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1334-37 (Fed. Cir. 2012).  The Federal Circuit has also made clear that a claim for indirect infringement must satisfy the pleading requirements articulated in *Twombly* and *Iqbal*.  *Id.* at 1336-37.  For at least the reasons set forth below, Blue Spike's indirect infringement claims are not adequately pled and should be dismissed.

1.    Blue Spike's Induced Infringement Claims Are Not Sufficiently Pled.

With respect to inducement, the Complaint must plead "facts plausibly showing that [Ingersoll-Rand] specifically intended its customers to infringe the [Patents-in-Suit]" to survive a motion to dismiss.  *Id.* at 1339.  Blue Spike's Complaint, however, merely asserts that "[t]hose whom Defendant induces to infringe . . . are the end users of the Accused Products."  Complaint at ¶¶ 35, 43, 51, 59.  Blue Spike fails to allege any facts linking Ingersoll-Rand with "end users" of any allegedly infringing product or any facts from which it might plausibly be inferred that Ingersoll-Rand intended any "end users" to infringe.  Instead, the Complaint relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," of the kind found wanting in *Iqbal,* 129 U.S. at 678, *Twombly,* 127 U.S. at 555, and by this district.

For example, in *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, the magistrate judge recommended granting a motion to dismiss an indirect infringement claim alleging that defendants "had actual or constructive knowledge of the [patent], yet continue to infringe said patent," that defendants supplied "infringing systems and components to customers," and that

those "customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions." *U.S. Ethernet Innovations*, No. 6:12-cv-366, slip op. at 2 (E.D. Tex. Feb. 7, 2013) (Love, M.J.) (attached hereto as Exhibit A). The magistrate judge found that such allegations failed to "establish a plausible inference that [defendant] had the specific intent to induce its customers' actions, and knowledge that those actions amounted to infringement" *Id.* at 6 (relying on the "well-established [rule] that 'naked assertions devoid of further factual enhancement' are insufficient to state a claim"); *see also Klausner Techs., Inc. v. Oracle Corp.* Case No. 6:11-cv-556, slip op. at 4 (E.D. Tex. Sept. 10, 2012) (Davis, J.) (attached hereto as Exhibit B) (granting motion to dismiss indirect infringement claim because the plaintiff "must include some factual support that would allow this Court 'to draw a reasonable inference that [defendant] is liable for the misconduct alleged'").

Similarly, in *MacroSolve, Inc. v. Continental Airlines, Inc.*, the magistrate judge recommended granting a motion to dismiss a complaint as to allegations of indirect infringement. *MacroSolve*, No. 6:11-cv-694, slip op. at 7 (E.D. Tex. July 30, 2012) (Love, M.J.) (attached hereto as Exhibit C). In that case, the plaintiff alleged that the direct infringers were end users, as Blue Spike does here. The court stated:

> It is well-established that formulaic recitations of elements of a cause of action and "naked assertions devoid of 'further factual enhancements' are insufficient to state a claim." Although MacroSolve's complaint alleges a direct infringer, namely Defendants' customers, MacroSolve nevertheless neglects to (1) recite the elements of an inducement claim and (2) allege any facts that, if taken as true, establish[] a plausible inference that Defendants had knowledge of the '816 patent, the specific intent to induce a third party to infringe, and knowledge that such action amounted to infringement. Thus, MacroSolve's complaint as to its inducement allegations fails to provide adequate notice to Defendants.

*Id.* at 6.  Like the foregoing cases, Blue Spike's repeated conclusory statements in its Complaint that Ingersoll-Rand has induced infringement of one or more claims of the Patents-in-Suit do not satisfy the requirements of *Iqbal* and *Twombly* and are insufficient to show that Blue Spike is entitled to relief.

       2.      <u>Blue Spike's Contributory Infringement Claims Are Not Sufficiently Pled.</u>

Blue Spike's Complaint fails to set forth any facts, much less make a plausible showing, that Ingersoll-Rand knew the Accused Products were "especially made or especially adapted for use in an infringement," as required for contributory infringement. 35 U.S.C. § 271(c). "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d at 1337.  Blue Spike's failure to allege a single fact showing that Ingersoll-Rand knew that its products were made or adapted to infringe is in itself a sufficient basis to dismiss Blue Spike's contributory infringement claims.

In addition, "[t]o state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id.*  Blue Spike's Complaint declares in a cursory manner that the Accused Products "have no substantial non-infringing uses and are for use in systems that infringe," Complaint at ¶¶ 35, 43, 51, 59, but provides no factual context. This is not enough to state a legally viable claim. *See, e.g., Patent Harbor, LLC v. DreamWorks Animation SKG*, 2012 U.S. Dist. LEXIS 114199, at *19-20 (E.D. Tex. July 27, 2012) (recommending dismissal of contributory infringement claims where the "Complaint fail[ed] to identify the components used in the infringing method and [was] devoid of any allegation from which the Court can plausibly

9

infer that any components being sold have 'no substantial non-infringing uses.'").  Blue Spike's

contributory infringement allegations should be dismissed for this additional reason.

### C.      Blue Spike's Willful Infringement Claims Are Not Sufficiently Pled.

With regard to the requirements for pleading willful infringement, the *en banc* Federal

Circuit has clearly explained:

> [W]hen a complaint is filed, a patentee must have a good faith
> basis for alleging willful infringement.   A "willfulness claim
> asserted in the original complaint must necessarily be grounded
> exclusively in the accused infringer's **pre-filing conduct**."   By
> contrast, when an accused infringer's post filing conduct is
> reckless, a patentee can move for a preliminary injunction, which
> generally provides an adequate remedy for combating post-filing
> willful infringement.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (*en banc*) (internal citations

omitted) (emphasis added); *see also Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d

538, 545 (E.D. Tex. 2010) (noting that "willfulness will largely depend on an infringer's pre-

litigation conduct" and, therefore, "the Federal Circuit specifically requires that a patentee meet

the requirements of Federal Rules 8(a) and 11(b) at the time the original Complaint is filed").

In *Touchscreen Gestures, LLC v. Research in Motion Ltd.*, this Court recently applied the

Federal Circuit's *Seagate* precedent to dismiss a claim for willful infringement where the

complaint did not allege any pre-filing knowledge of the patents.  *Touchscreen Gestures*, No.

6:12-cv-263, slip op. at 5 (E.D. Tex. March 27, 2013) (attached hereto as Exhibit D).   In

particular, the Court held that "[t]he absence of pre-filing knowledge of the patents-in-suit is

fatal to [plaintiff's] willful infringement claims."  *Id.* at 3.  The Court also noted that plaintiff's

post-filing willful infringement claims were insufficient where the plaintiff failed "to seek

preliminary injunctive relief," and that "the filing of an infringement suit alone is insufficient to

give rise to a post-filing willful infringement claim."  *Id.* at p. 4.

Blue Spike's Complaint contains no factual allegations regarding any pre-filing knowledge of the Patents-in-Suit by Ingersoll-Rand.  Instead, the Complaint merely asserts that "Defendant has continued to infringe . . . since receiving notice of their infringement, at least by way of their receiving this lawsuit."  Complaint at ¶¶ 37, 45, 53, 61.  The Complaint offers nothing beyond this naked assertion as support for its claims of willful infringement.

Finally, it is clear that Blue Spike is not pursuing any alleged post-filing willful infringement by Ingersoll-Rand as Blue Spike has not moved for a preliminary injunction, despite being aware of Ingersoll-Rand's alleged infringement at least as early as January 29, 2013.  Where a plaintiff fails to act to prevent conduct it alleges to be "reckless," it is not permitted to accrue enhanced damages based on that same conduct.  *See Seagate*, 497 F.3d at 1374.  In sum, the Complaint fails to adequately plead a claim for willful infringement, and Blue Spike's claims for willful infringement should be dismissed.

## VI.   CONCLUSION

Blue Spike's Complaint contains nothing more than formulaic recitals and conclusory statements, rather than well pled infringement claims that Ingersoll-Rand can address in a meaningful fashion.  As such, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

Dated: April 3, 2013                    /s/ Paul B. Hunt
                                        Paul B. Hunt (*pro hac vice*)
                                        Joshua P. Larsen (*pro hac vice*)
                                        BARNES & THORNBURG LLP
                                        11 South Meridian Street
                                        Indianapolis, Indiana 46204
                                        Phone: (317) 231-1313
                                        Fax:    (317) 231-7433
                                        Email:  paul.hunt@btlaw.com
                                                joshua.larsen@btlaw.com

Jennifer Parker Ainsworth (Texas Bar No. 00784720)
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339
Tyler, TX 75711-7339
Phone:  (903) 509-5000
Fax:      (903) 509-5092
Email:  jainsworth@wilsonlawfirm.com

Attorneys for Defendant
INGERSOLL-RAND COMPANY

<u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that the foregoing MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) was electronically filed on April 3, 2013, via the Court's CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Paul B. Hunt*