IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | CIVIL ACTION NO. 6:12-CV-499 MHS |
| Plaintiff | § | LEAD CASE |
| v. | § | |
| TEXAS INSTRUMENTS, INC., et al. | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| BLUE SPIKE, LLC | § | |
| Plaintiff | § | CIVIL ACTION NO. 6:13-CV-86 MHS |
| v. | § | CONSOLIDATED CASE |
| KRONOS INCORPORATED, | § | |
| Defendant. | § | |

## DECLARATION OF DANIEL SKIBA

I, Daniel Skiba, do hereby declare and state as follows:

1. I submit this Declaration in support of the Motion to Transfer filed by Defendant Kronos Incorporated ("Kronos"). I reviewed the Complaint filed against Kronos in this matter and understand that Plaintiff alleges infringement by Kronos of four U.S. patents by importing, making, using, offering for sale, and/or selling fingerprint-based biometric software, systems, and technology in connection with its biometric time and attendance terminals ("Accused Products"). I have personal knowledge of the facts set forth in this Declaration, except as otherwise stated. I am competent to testify as to all matters stated, and if called upon to do so, I would testify to the facts set forth in this Declaration.

2. I am the Director of Engineering, Hardware of Defendant Kronos. In this role, I have been involved in the design and development of Kronos' time and attendance terminals, including those containing the biometric components, from their inception through the present. I work for Kronos in Massachusetts and I reside in Massachusetts.

3. Kronos is a Massachusetts corporation, headquartered at Chelmsford, Massachusetts, within the District of Massachusetts, where its corporate offices, engineering, and product development departments are located, and where it maintains all of its corporate documents and employs the Kronos personnel who are relevant to this action.

4. No potential Kronos fact witnesses reside in the Eastern District of Texas or elsewhere in Texas. Indeed, I am reasonably certain that Kronos has no possible source of proof with respect to this litigation located in this District. Kronos has no employees, contractors or other third party relationships with anyone in the Eastern District, or within the State of Texas, who has relevant knowledge pertaining to the Accused Products. Nor does Kronos have any business offices at all within the Eastern District of Texas.

5. Kronos sells and ships the Accused Products worldwide. To the extent that any of the Accused Products are shipped to Texas, these sales account for only a miniscule portion (less than 0.004%) of Kronos' total revenues. The original conception and design of the Accused Products all took place or were managed in Massachusetts. The servers, technical infrastructure and manufacturing facilities associated with the Accused Products are located either in Massachusetts or outside the United States in Mexico. From 2002 to 2008, all manufacture of terminals was done by Kronos in Massachusetts. In 2008, Kronos outsourced the manufacturing of its terminals to Jabil, Inc. ("Jabil.") Jabil performed the manufacture of the Accused Products in Massachusetts until 2009, when Jabil moved its operations to Mexico. Jabil manufactured the

Accused Products in accordance with the same design specifications and by utilizing the same third party components that Kronos had utilized. Upon information and belief, the Jabil representatives who have been involved in any decisions or management of the design or manufacture of terminals are located in either Massachusetts, New Hampshire or Mexico. Upon further information and belief, Jabil has no offices in the Eastern District of Texas (or any other District in Texas), except for a single repair facility having nothing to do with the Accused Products.

6. All of Kronos' documents relating to the Accused Products are located in Massachusetts. All of Kronos' documents relating to the research, design, development, operation, manufacturing, marketing, advertising and sales of the Accused Products, including electronically stored information, are located in Massachusetts.

7. None of the equipment, documents, or electronically stored information relevant to the claims and defenses in this lawsuit is located in the Eastern District of Texas (or any other District in Texas).

8. Sourcing of components related to the Accused Products is managed by Kronos in Massachusetts. Kronos originally obtained the biometric technology, including the signal matching and algorithms, as "off the shelf" components from a third party supplier. Upon information and belief, this supplier was not based in, nor performed such work in, the Eastern District of Texas (or any other District in Texas). None of the potential witnesses of this third party supplier, nor any of its documents relevant to this patent litigation, are located in the Eastern District of Texas (or any other District in Texas).

9. All foreseeable Kronos witnesses with information about the Accused Products and the claims and defenses in this lawsuit reside in the District of Massachusetts. A tiny fraction of all

the Kronos employees reside in the Eastern District of Texas (15 out of 3,520), all of whom are "remote" employees working out of their home offices, with no specific responsibilities related to the Accused Products. None of these employees has any involvement in or first-hand knowledge of any matters relevant to this litigation.

10. In addition to myself, there is one other current Kronos employee with substantial knowledge about the design and development of the Accused Products, but not any specific knowledge of the proprietary biometric technology licensed by Kronos from the third party supplier (no current or former employee at Kronos has such knowledge.) This employee also works at Kronos' offices in Chelmsford, Massachusetts.

11. I am aware of several current Kronos employees who are responsible for Vendor Management and Logistics who have relevant knowledge regarding the assembly and shipping of Accused Products, both presently by Jabil and also when the manufacturing was performed by Kronos in Massachusetts. These Kronos employees work at Kronos' offices in Chelmsford, Massachusetts and reside in or near Massachusetts.

12. There are two Kronos employees (a Product Marketing Manager and a Product Manager, respectively) who have knowledge regarding marketing of the Accused Products and work at Kronos' offices in Chelmsford, Massachusetts. I believe that both of these employees currently reside in or near Massachusetts

13. I am further aware that Jabil has four employees who may have relevant knowledge of the assembly and shipment of the Accused Product. These Jabil employees currently work and reside in Chihuahua, Mexico and have the following positions: Business Unit Coordinator, MasterPlanner, Purchasing Coordinator and Buyer NGT. Upon information and belief, there are

other current or former Jabil employees, who currently reside in or near Massachusetts and have knowledge of the manufacture of the Accused Products.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of April, 2013, in Chelmsford, Massachusetts.

_____
Daniel Skiba