IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | **CIVIL ACTION NO. 6:12-CV-499 MHS** |
| | § | |
| Plaintiff | § | **LEAD CASE** |
| | § | |
| v. | § | |
| | § | |
| **TEXAS INSTRUMENTS, INC., et al.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| **BLUE SPIKE, LLC** | § | **CIVIL ACTION NO. 6:13-CV-89** |
| | § | |
| Plaintiff | § | **CONSOLIDATED CASE** |
| | § | |
| v. | § | |
| | § | |
| **MORPHOTRAK, INC. and SAFRAN USA, INC.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS MORPHOTRAK, INC. and SAFRAN USA, INC.'S
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

DB2/ 23963415.1

Defendant MorphoTrak, Inc. ("MorphoTrak"), whose relevant business operations are in the Central District of California, and Defendant Safran USA, Inc. ("Safran U.S.A.") (collectively, "Defendants"), which has no connection to the facts at issue, respectfully move the Court pursuant to 28 U.S.C. § 1404(a) for an order transferring the patent infringement action to the Central District of California.

**I.  INTRODUCTION**

This case is yet another example of forum shopping the Federal Circuit has repeatedly held must not be permitted. Under the guise of establishing a connection to the Eastern District, plaintiff Blue Spike LLC ("Plaintiff") was formed as a Texas Corporation on May 14, 2012, and Blue Spike's founder and co-inventor Scott Moskowitz, who resides in Florida, established a part-time office and part-time residence in Tyler. These are the plaintiff's only connections to the Eastern District of Texas. The other co-inventor resides in Seattle, Washington, and Plaintiff's lead attorney resides in California. Johnson Decl. ¶ 2. Since virtually all of the witnesses with relevant information and the relevant documents are located over 1000 miles from the Eastern District of Texas, there is no valid basis for maintaining this action in this District.

Transfer is warranted in this case under § 1404(a) and applicable Fifth Circuit and Federal Circuit precedent for the following reasons: (1) the vast majority of material defense witnesses are located in the Central District of California and (2) the evidence is located in the Central District of California or in districts other than the Eastern District of Texas. Moreover, the public interest factors for determining whether to transfer a case from the district either weigh in favor of transfer to the Central District of California, or are neutral and should not have any impact on the transfer analysis.

## II. THE GRAVITY OF THIS SUIT IS IN THE CENTRAL DISTRICT OF CALIFORNIA

On January 22, 2013, just eight months after incorporating in Texas,[1] Plaintiff filed the Complaint against MorphoTrak and its indirect parent holding company Safran U.S.A. alleging infringement of four U.S. patents by making, using, importing, selling and/or offering to sell fingerprint-based biometric software, systems, and technology. Complaint ¶ 28. Plaintiff has alleged infringement by numerous Accused Products[2] of MorphoTrak.

Defendants' counsel informed Plaintiff's counsel in California that it believed venue was not proper in the Eastern District of Texas and that, unless Plaintiff agreed, Defendants would file a motion to transfer the matter to the Central District of California requesting that the Court transfer the case out of the Eastern District of Texas to the proper venue — Central District of California. Johnson Decl. ¶ 2. Plaintiff did not agree, and accordingly Defendants filed this motion requesting that the Court transfer the case out of the Eastern District of Texas to the proper venue — the Central District of California.

---

[1] The Articles of Organization and Texas Secretary of State website information are attached as Exs. 1 and 2, respectively, to the Johnson Decl.

[2] The accused products are: Fingerprint Access Control Terminals (MorphoAccess J Series, MorphoAccess 500+ Series, MorphoAccess 520); Fingerprint Processing Units (MorphoSmart 300 Series); Fingerprint Devices (MorphoSmart 1300 Series); OEM Fingerprint Modules (MorphoSmart CBM, MorphoSmart CBM-E); Biometric Module (MorphoSmart MSO OEM); OEM Fake Finger Detection Modules (MorphoSmart MSO XX1 OEM); Multi-Modal Biometric Solutions (Bio-Enroll, Bio-Verify); Software Development Kits (Bio-Ident SDK, MorphoSoft SDK); Biometric Solutions (Morpho Integrator's Kit); MetaMorpho Automated Biometric Identification Systems; MorphoBIS AFIS; SORNA Registration Kiosk Biometric Kiosks; Morpho DigiScan Web Web-based Fast ID Systems; Mobile Biometric Identification (MorphoIDent, MorphoRapID); Outdoor Biometric Readers (OMA520 PIV ); Handheld Biometric Readers (MorphoCheck PIV); Fingerprint Capture (MSO 1350e PIV); Biometric Readers (MA120W PIV, MA500 PIVMA120W TWIC; MA521 TWIC, OMA520 TWIC, MSO 350 PIV); Mobile Biometric Readers (MorphoCheck TWIC); and Fingerprint/vein recognition systems (Finger VP) (collectively, "Accused Products"). *Id.*

### A. MorphoTrak Has Minimal or No Connection To The Eastern District Of Texas

MorphoTrak is a Delaware corporation, with major operations in Anaheim, California. Declaration of Rob Horton in Support of MorphoTrak's Motion to Transfer ("Horton Decl.") ¶ 3. MorphoTrak's business operations are located almost entirely in offices in California, New Jersey, New York, Washington, and Virginia, over 1000 miles from the Eastern District of Texas. *Id*. at ¶ 5.

No source of proof with respect to MorphoTrak is located in the Eastern District of Texas. *Id*. at ¶ 4. No likely MorphoTrak fact witnesses or employees reside in the Eastern District of Texas. *Id*. at 7. None of the file servers, documents, or electronically stored information relevant to the claims and defenses in this lawsuit is located in the Eastern District of Texas. *Id*. at ¶ 6.

The likely fact witnesses with respect to MorphoTrak are in the Central District of California, rather than in the Eastern District, or any other Texas District. MorphoTrak's Anaheim, California offices have a total of 175 employees, including any potential MorphoTrak material fact witnesses concerning the research, design, development and manufacturing of the Accused Products. *Id*. at ¶ 8. As such, the majority of all foreseeable MorphoTrak witnesses with information about the Accused Products and the claims and defenses in this lawsuit reside in the Central District of California. *Id*. The distance from Anaheim, California to the District Court in Santa Ana, California is 8 miles while the distance from Anaheim, California to Tyler, Texas is over 1500 miles.[3]

---

[3] Distances calculated using http://www.infoplease.com/atlas/calculate-distance.html.

The key sources of proof in this matter with respect to the Accused Products are all located in MorphoTrak's Anaheim, California offices. The California offices house the vast majority of MorphoTrak's physical documents and electronically stored information relating to MorphoTrak's research, design, development and manufacture of the Accused Products as well as the servers and technical infrastructure associated with the research, design, development and manufacture of the Accused Products and documents relating to certain potential prior art relevant to the validity of the patents-in-suit. *Id*. at ¶ 5.

### B. Safran USA Has No Relevant Connection To the Eastern District of Texas

Safran U.S.A., who Plaintiff also accuses of infringement, is a Delaware corporation. Declaration of Mark Melnick in Support of Defendants' Motion to Transfer ¶ 1. Safran U.S.A.'s subsidiary, Morpho U.S.A., Inc., owns 100 percent of the common stock of MorphoTrak. In turn, Safran U.S.A. owns 100 percent of the common stock of Morpho U.S.A., Inc. No likely fact witnesses for Safran U.S.A. reside in the Eastern District of Texas. *Id*. at ¶ 4. Although Safran U.S.A. maintains some operations elsewhere in Texas, no source of proof with respect to Safran U.S.A. is located in the Eastern District of Texas. *Id*. at ¶ 5. Furthermore, Safran U.S.A. has no connection to the accused products. *Id*. at ¶¶ 6-8.

### C. The Named Inventors Reside Outside Of The Eastern District Of Texas

The patents-in-suit identify two inventors, Scott A. Moskowitz and Michael W. Berry. Complaint, Exs. A-D. Scott Moskowitz maintains a part-time office and part-time residence in Tyler, Texas but still resides in Sunny Isles Beach, Florida. Michael Berry resides in Seattle, Washington. Complaint, Ex. A. Plaintiff and Assignee Blue Spike, LLC, formed just months prior to the litigation, has U.S. offices in Tyler, Texas; Sunny Isles, Florida; and Boston, Massachusetts. *See* Johnson Decl. Ex. 3. The distance from Seattle, Washington to Santa Ana,

California is 1168 mile, while the distance from Seattle to Tyler, Texas is over 2000 miles.[4] Thus, it would be more convenient for at least one of the named inventors, Mr. Berry, to travel for trial to California rather than Tyler, Texas.

### III. CONVENIENCE, RELEVANCE, AND FAIRNESS DICTATE THAT THIS SUIT BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A threshold inquiry is whether the suit "might have been brought" in the proposed transferee venue. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008) (en banc) *(Volkswagen II).* Once a defendant satisfies that burden, the Court weighs certain factors to determine if transfer is warranted. *Volkswagen II,* 545 F.3d at 314 n.9; *see also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507-08 (1947). The moving party must show good cause by demonstrating the transferee venue is clearly more convenient. *Volkswagen II,* 545 F.3d at 314. Otherwise, a plaintiff's choice of venue must be respected because that choice places the burden on the defendant to demonstrate why venue should be transferred. *Id.* at 315 n.10

When deciding whether to transfer an action, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *Volkswagen II,* 545 F.3d at 315; *In re TS Tech USA Corp.,* 551 F.3d 1315, 1320 (Fed. Cir. 2008). The relevant factors are divided between these private and public interests. *Gilbert,* 330 U.S. at 508. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

---

[4] Distances calculated using http://www.infoplease.com/atlas/calculate-distance.html.

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II,* 545 F.3d at 315 (quotation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (quotation omitted). These factors are not exhaustive, and no single factor is dispositive. *Id.*

A motion to transfer venue should be granted upon a showing that the transferee venue "is clearly more convenient" than the venue chosen by the plaintiff. *Volkswagen II*, 545 F.3d at 315 n.11 (*en banc*). The Federal Circuit has routinely held that "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009).

The Federal Circuit has repeatedly required transfer in cases where all or most of the potential witnesses lived hundreds of miles, or over a thousand miles, from the Eastern District of Texas, even if the accused products were available for sale in the Eastern District of Texas as a part of a nationwide sales effort. For example, in *TS Tech*, the Federal Circuit reversed the District Court and transferred a case from the Eastern District because there was "no relevant connection between the actions giving rise to th[e] case and the Eastern District of Texas except that certain vehicles containing TS Tech's headrest assembly have been sold in the venue." 551 F.3d at 1321. Instead, the "vast majority of identified witnesses, evidence, and events leading to

this case involve[d]" either Ohio (the proposed transferee forum) or Michigan. *Id.* Similarly, in *Genentech*, the Federal Circuit, in spite of inconvenience to the plaintiff, reversed the District Court and transferred an Eastern District case because "a substantial number of material witnesses reside within the transferee venue [the Northern District of California] and the state of California, and no witnesses reside within the Eastern District of Texas. . . ." 566 F.3d at 1345. Likewise, in *Nintendo*, the Federal Circuit found the District Court erred by giving inadequate weight to the fact that witnesses would have to travel an additional 700 miles to attend trial in Texas versus the proposed transferee venue. *Id.* at 1198-1200.

The Federal Circuit has also rejected and condemned attempts by the plaintiff to manipulate venue and manufacture a local connection to the Eastern District of Texas by moving relevant information from other districts into the Eastern District of Texas and incorporating in Texas in anticipation of filing suit in the Eastern District. *See In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (per curiam) (reversing denial of motion to transfer and rejecting argument that plaintiff had connection to the Eastern District, stating that Texas offices were "recent, ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue"); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) (transfer of documents to a company's offices in anticipation of litigation rather than to litigation counsel was a distinction without a difference for purposes of a § 1404(a) analysis). *See also In re Hoffmann-La Roche Inc.*, 587 F.3d at 1336-37. ("[T]he assertion that these documents [75,000 pages of documents converted into electronic format demonstrating conception and reduction to practice and transferred to offices of litigation counsel in Texas] are 'Texas' documents is a fiction which appears to have been created to manipulate the propriety of venue.").

As in these cases, there is a stark difference here in convenience, relevance, and fairness between the two venues: (1) there is no link to the Eastern District of Texas other than the plaintiff's movement of documents, one witness, and one corporate affiliation to the Eastern District just months prior to filing suit — possibly for no other purpose than to assist its venue arguments; (2) the vast majority of witnesses and documents related to the Accused Products are in the Central District of California; and (3) no other convenience factors favor the venue chosen by Plaintiffs. This case should be transferred to the Central District of California.

### A. Suit Could Have Been Brought In The Central District of California

A threshold inquiry is whether the suit "might have been brought" in the proposed transferee venue. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008) (en banc) *(Volkswagen II)*. Under Section 1400(b), venue is proper in any "judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of venue, a corporation is deemed to "reside" in any judicial district in which it is subject to personal jurisdiction when the action is commenced. 28 U.S.C. § 1391(c).

Plaintiff's claims against MorphoTrak could have originally been brought in the proposed transferee forum, the Central District of California. Among other things, the majority of all foreseeable MorphoTrak witnesses with information about the Accused Products and the claims and defenses in this lawsuit reside in the Central District of California. Horton Decl., ¶ 7. The vast majority of MorphoTrak's documents relating to MorphoTrak's design, development and manufacture of the Accused Products are located in MorphoTrak's Anaheim, California offices. Id. at ¶ 5. Therefore, venue is proper in the Central District of California.

### B.     The Private Interest Factors Weigh In Favor Of Transfer

The private interest factors strongly support transferring this action to the Central District of California.  The relevant factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Volkswagen II*, 545 F.3d at 315.

#### 1.     Relative ease of access to sources of proof

The first private interest factor is the relative ease of access to sources of proof.  This factor weighs in favor of transfer when evidence could be more readily accessed from the proposed transferee district.  Although documentary evidence is often stored electronically, the Court considers the physical location of the evidence.  *In re Genentech, Inc.,* 566 F.3d 1338, 1345-46 (Fed. Cir. 2009).  Documents relocated in anticipation of litigation are not considered.  *In re Hoffman-La Roche Inc.,* 587 F.3d 1333, 1336-37 (Fed. Cir. 2009).

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.,* 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.,* 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)); *see In re Acer Am. Corp.,* 626 F.3d 1252, 1256 (Fed. Cir. 2010), *cert. denied*, 131 S. Ct. 2447 (2011).

Here, the relative ease of access to sources of proof favors transfer to the Central District of California because most, if not all, of the physical and documentary evidence that will be relevant to the Accused Products resides with MorphoTrak's offices in Anaheim, California, within the Central District of California.  *Vasudevan Software, Inc. v. Int'l. Business Machines Corp.*, 2009 WL 3784371, *2-*3 (E.D. Tex. Nov. 10, 2009) (ordering transfer where "Most of

the relevant IBM and Oracle documents [relating to the accused products] are located in the Northern District of California"); *Optimum Power Solutions LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 701-03 (E.D. Tex. February 22, 2011) (ordering transfer to California where most of the defendants were based and stating that ease of access to sources of proof "factor will turn upon which party, usually the accused infringer, will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues."). *See In re Acer*, 626 F.3d at 1256. (Ordering transfer in part because majority of the defendants developed the accused products in Northern California and therefore "significant portion of the evidence will be located within the Northern District of California."). All of the key witnesses and documents relating to the research, design, development, and manufacture of the Accused Products are in Anaheim, California. Horton Decl. ¶¶ 5-8. Moreover, since Defendants have no witnesses, equipment, documents or electronically stored information relevant to the claims and defenses in the Eastern District of Texas, no sources of proof with respect to these parties are located in this District. *Id*. at ¶¶ 4-8. *In re Acer*, 626 F.3d at 1256 ("sources of proof factor also weighs significantly in favor of transfer" where no likely proof in Eastern District).

      The fact that Safran U.S.A. is based in Texas is also irrelevant given that it is not based in the Eastern District, and none of its employees are likely to have knowledge relevant to the action. In similar circumstances, this district and the Federal Circuit have relied on the fact that sources of proof were in the transferee district as the basis to transfer cases even though one of the defendants was based in Texas or had non-relevant operations in Texas. *See In re Acer,* 626 F.3d at 1256 (noting "[w]hile [Texas-based] Dell may be a significant source of evidence, Dell's headquarters lies outside the Eastern District of Texas . . . it is unreasonable to suggest that

Dell's evidence alone could outweigh the convenience of having the evidence from multiple defendants located within the transferee venue of trial" and reversing district court decision that relied on Dell's presence in Texas to preclude transfer); *Optimum Power Solutions LLC v. Apple*, 794 F. Supp. 2d 696, 702-03 (E.D. Tex. February 22, 2011) (ordering transfer to Northern California where plaintiff was located in Eastern District of Texas, and defendant Dell and non-party Texas Instruments were headquartered in Texas, but Northern District of California was more convenient form for most of the defendants and the majority of the witnesses, because the documents and evidence relating to the majority of the accused products were in California); *Vasudevan Software, Inc.*, 2009 WL 3784371 at *3-*4 (ordering transfer and noting "Although Oracle maintains a facility in Plano, Texas, where it offers training classes for Oracle's allegedly infringing products, there appears to be no to little connection between that facility and the witnesses, evidence, and facts in this case.").

## 2. The availability of compulsory process to secure the attendance of witnesses

Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses. Absolute subpoena power means the power to compel attendance at both depositions and trial. *Hoffman-La Roche,* 587 F.3d at 1337-38. This factor requires the Court to look at non-party witness convenience rather than convenience of the party witnesses. *Mohamed v. Mazda Motor Corp.,* 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). Accordingly, transfer is heavily favored when the majority of the non-party witnesses reside in the transferee forum. *See Volkswagen II,* 545 F.3d at 316; *see Volkswagen II,* 545 F.3d at 304 (describing that Rule 45 of the Federal Rules of Civil Procedure protects non-party witnesses who live or work more than 100 miles from the courthouse).

Here, there are no known defense witnesses subject to the Court's subpoena power in the Eastern District of Texas or within 100 miles of where trial will be held. *See* Fed. R. Civ. P. 45(b)(2). The Central District of California, however, is home to the key individuals and relevant documents that are the basis for testimony regarding the technology at issue in the litigation. Horton Decl. ¶ 8. Transfer is favored because the Central District of California can compel these witnesses to attend *both* depositions and trial, while the Eastern District of Texas cannot. *In re Acer,* 626 F.3d at 1255-1256 ("This factor surely tips in favor of transfer" where subpoena powers of the Eastern District of Texas could only be invoked for the witnesses of one party, but Northern District of California had power to subpoena relevant witnesses of all the other parties). Further, one of the two inventors lives outside of the District. *See supra*, II.C. Potential prior art witnesses in California would also benefit from the transfer. *See Azure Networks v. CSP PLC,* No. 6:11-cv-139, at 12 (E.D. Tex. June 25, 2012)

### 3. The cost of attendance for willing witnesses

One of the most important factors is the cost of attendance for witnesses. In analyzing the cost of attendance of willing witnesses, courts consider the convenience of both party and nonparty witnesses. *See In re Volkswagen AG,* 371 F.3d 201, 204 (5th Cir. 2004) *(Volkswagen I)* (requiring courts to "contemplate consideration of the parties and witnesses"). Nevertheless, the convenience to non-party witnesses is afforded greater weight than that of party witnesses. *NovelPoint,* 2010 WL 5068146, at *6. Under the Fifth Circuit's 100-mile rule, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II,* 545 F.3d at 317. The greater distance witnesses have to travel for trial, the greater their expense and the longer they will be away from home and employment. *See Volkswagen I,* 371 F.3d at 205.

This factor weighs in favor of transfer here because the vast majority of foreseeable witnesses with information regarding the Accused Products are located in the Central District of California. *Vasudevan Software, Inc.*, 2009 WL 3784371, *2-*3 (ordering transfer where "The vast majority of likely IBM and Oracle witnesses [knowledgeable about the accused products] are located in the Northern District of California."). By contrast, only one witness resides part-time in the Eastern District of Texas, and only took up residence there months prior to filing suit. The witnesses identified in the Central District of California would experience great inconvenience in having to travel over 1500 miles to Tyler for trial. Taking into account all parties, therefore, the Central District of California is clearly a more convenient forum.

### 4. Other practical problems that make trial of a case easy, expeditious, and inexpensive

This case is in its infancy: there has been no discovery or scheduling order. As such, no practical problems exist that should deter transfer to the Central District of California.

A plaintiff is not permitted to manipulate venue by initiating patent infringement litigation against multiple, unrelated defendants located in different districts, and then rely on the problem of litigating in multiple forums as a justification to avoid transfer. *See Geotag, Inc. v. Aromatique, Inc.*, Case No. 2:10-cv-00570-JRG, at *10 (E.D. Tex. Jan. 14, 2013) (the Court "will not permit the existence of separately filed cases to sway its transfer analysis. . . . Allowing a plaintiff to manufacture venue based on this alone would undermine the principals underpinning transfer law and the recently enacted America Invents Act."); *Secured Mail Solutions LLC v. Advanced Image Direct LLC, et. al.*, 8-12-cv-01090 (C.D. Cal. Jan. 30, 2013) (ordering transfer and stating "patent holders who sue multiple defendants located in different districts, for different allegedly infringing products, may encounter the cost of multiple law suits in different forums."). This litigation involves over fifty cases against in excess of 100

defendants. Like in *Geotag*, "[a]lthough all of the cases [filed by Blue Spike] involve infringement claims, none of them share the same accused services" and there are no "common issues" that would not be present in all infringement cases. *Id*. at *10. This is not a situation where other practical problems jeopardize the easy, expeditious, and inexpensive trial of this dispute. The Court should not give any weight to the need to avoid transferring the case.

C. The Public Factors Weigh In Favor Of Transfer

1. The local interest in having localized interests decided at home

Traditionally, the location of the alleged injury is an important consideration. *In re TS Tech,* 551 F.3d at 1321. When the accused products or services are sold nationwide, the alleged injury does not create a substantial local interest in any particular district. *Id.* Local interest also arises when a district is home to a party because the suit may call into question the reputation of individuals that work in the community. *In Re Hoffman-La Roche,* 587 F.3d at 1338. The local interest in the litigation is an important consideration because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I,* 371 F.3d at 206.

As in *TS Tech*, there is "no relevant connection between the actions giving rise to this case and the Eastern District of Texas." *TS Tech*, 551 F.3d at 1321. The Federal Circuit has rejected this as a basis for concluding that this factor, by itself, favors transfer. *Id*.

The Central District of California, on the other hand, has a far greater localized connection to this case. The vast majority of likely witnesses, evidence, and events leading to this case involve the Central District of California. None of the Defendants have an office in the Eastern District of Texas; no likely witnesses reside in the Eastern District of Texas; and no evidence is located within the venue. Because this case has no meaningful connection with the Eastern District of Texas, and the Central District of California does have a localized interest in deciding this case, this factor favors transfer. *Vasudevan Software, Inc.*, 2009 WL 3784371 at

*2-*3 (transferee district had localized interest in the case where "[e]ach accused IBM and Oracle product was designed and developed in the Northern District of California, and the vast majority of the relevant documents and witnesses for the Defendants are located in the Northern District of California.").

### 2. The administrative difficulties flowing from court congestion

There would not be any administrative difficulties that would arise from transferring or retaining this case. Accordingly, this factor is neutral.

### 3. The familiarity of the forum with the law that will govern the case

This case will be governed by the Patent Laws of the United States. The Eastern District of Texas and the Central District of California are both familiar with the patent laws. This factor is neutral.

### 4. The avoidance of unnecessary problems of conflict of laws or in the application of foreign law

This case poses no conflicts of law issues and does not implicate foreign law. This factor is neutral.

## IV. ALL NON-NEUTRAL FACTORS WEIGH HEAVILY IN FAVOR OF TRANSFER

The Central District of California clearly is a more convenient venue than the Eastern District of Texas: (i) the sources of proof related to MorphoTrak and its Accused Products are located in the Central District of California; (ii) the vast majority of likely fact witnesses do not reside in or near the Eastern District of Texas; (iii) it is inconvenient and expensive for the parties' witnesses to travel to Tyler; and (iv) there are no sources of proof in the Eastern District of Texas. Defendants Safran U.S.A. and MorphoTrak respectfully requests that this Court grant the requested transfer.

Case 6:12-cv-00499-MHS   Document 611   Filed 04/03/13   Page 17 of 18 PageID #: 4133

|  |  |
|---|---|
| Dated: April 3, 2013 | Respectfully submitted, |
|  | MORGAN, LEWIS & BOCKIUS LLP |
|  | */s/ Daniel Johnson, Jr.* |
|  | C. Erik Hawes (TX Bar No. 24042543)<br>Email: ehawes@morganlewis.com<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002<br>(713) 890-5000 Telephone<br>(713) 890-5001 Facsimile |
|  | Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)<br>Email: djjohnson@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>(415) 442-1000 Telephone<br>(415) 442-1001 Facsimile |
|  | **Attorneys for Defendants MorphoTrak, Inc. and Safran USA, Inc.** |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing and/or electronic mail on April 3, 2013.

>                     */s/ Daniel Johnson, Jr.*
>                         Daniel Johnson, Jr.

16

## CERTIFICATE OF CONFERENCE

This motion is opposed. Pursuant to Local Rule CV-7(h), I, Daniel Johnson, Jr., counsel for MorphoTrak, Inc. and Safran USA, Inc., contacted Plaintiff's counsel by telephone on March 29, 2013, requesting their consent to transfer this action to the Central District of California. Plaintiff's counsel did not agree to the transfer.

*/s/ Daniel Johnson, Jr.*
Daniel Johnson, Jr.
