IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | CIVIL ACTION NO. 6:12-CV-499 MHS |
| Plaintiff | § | LEAD CASE |
| v. | § | |
| TEXAS INSTRUMENTS, INC., et al. | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| BLUE SPIKE, LLC | § | CIVIL ACTION NO. 6:13-CV-89 |
| Plaintiff | § | CONSOLIDATED CASE |
| v. | § | |
| MORPHOTRAK, INC. and SAFRAN USA, INC., | § | |
| Defendants. | § | |

## DECLARATION OF MARK G. MELNICK

I, Mark G. Melnick, do hereby declare and state as follows:

1. I submit this Declaration in support of the Motion to Transfer filed by Defendants MorphoTrak, Inc. ("MorphoTrak") and Safran U.S.A., Inc. (Safran U.S.A.). I reviewed the Complaint filed against MorphoTrak and Safran U.S.A. in this matter and understand that Plaintiff alleges infringement by MorphoTrak of four U.S. patents by importing, making, using, offering for sale, and/or selling fingerprint-based biometric software, systems, and technology ("Accused Products"). I have personal knowledge of the facts set forth in this Declaration, except as otherwise stated. I am competent to testify as to all matters stated, and if called upon to do so, I would testify to the facts set forth in this Declaration.

DB2/ 23922145.1

2. I am the Senior Vice President & General Counsel of Defendant Safran U.S.A.

3. Safran U.S.A. is a Delaware corporation.

4. Safran U.S.A.'s subsidiary, Morpho U.S.A., Inc., owns 100 percent of the common stock of MorphoTrak. In turn, Safran U.S.A. owns 100 percent of the common stock of Morpho U.S.A., Inc.

5. Safran U.S.A. has no ties to MorphoTrak's activities at issue in the lawsuit. Safran U.S.A.'s only operations that touch upon the activities of MorphoTrak are payroll, employee benefits, and legal affairs. The only legal affairs work by Safran U.S.A. that relates to MorphoTrak concerns mergers and dissolutions of MorphoTrak subsidiaries.

6. Safran U.S.A. has no involvement in activities at issue in this litigation. In particular, Safran U.S.A. does not maintain (a) any servers, technical infrastructure or manufacturing facility associated with the Accused Products; (b) any technical documents relating to the Accused Products; (c) any electronically stored information relating to the manufacture, use and/or sale of the Accused Products; (d) any documents relating to the research, design, development of the Accused Products; (e) any documents relating to the operation, marketing, advertising and sales of the Accused Products; and (f) any financial books, records, or accounting data relating to the revenues associated with the Accused Products.

7. None of the equipment, documents, or electronically stored information relevant to the claims and defenses in this lawsuit are located in Safran U.S.A.'s offices in Texas.

8. Safran U.S.A. does not employ any witnesses with information about the Accused Products.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of April, 2013, in Grand Prairie, Texas.

_____