# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | **CIVIL ACTION NO. 6:12-CV-499** |
| | § | **LED** |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | **LEAD CASE** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |
| **BLUE SPIKE, LLC** | § | **CIVIL ACTION NO. 6:12-CV-680** |
| | § | **LED** |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| **L-1 IDENTITY SOLUTIONS, INC. and** | § | |
| **MORPHOTRUST USA, INC.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**DEFENDANTS L-1 IDENTITY SOLUTIONS, INC., AND MORPHOTRUST USA, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

I.      INTRODUCTION

Plaintiff Blue Spike, LLC ("Plaintiff" or "Blue Spike") has not rebutted L-1 Identity Solutions, Inc. ("L-1") and MorphoTrust USA, Inc.'s ("MorphoTrust") (collectively, "Defendants") arguments establishing transfer; rather, it has vociferously asserted that its choice of venue trumps everything and has manufactured a domicile in Texas just months prior to beginning this litigation. The factors weigh in favor of Defendants' request for transfer, and Plaintiff's choice of venue—which it labels judicial economy—should not outweigh all other considerations in this case. Accordingly, Defendants respectfully request that the Court grant its motion to transfer.

II.     THE CONSOLIDATED CASE DOES NOT OUTWEIGH ALL THE FACTORS THAT ARE IN FAVOR OF TRANSFER

   A.   Plaintiff cannot create jurisdiction for L-1 and MorphoTrust by anchoring them to other defendants sued in Texas

Plaintiff's judicial economy argument is tantamount to a choice of venue argument, where Plaintiff attempts to shoehorn jurisdiction over Defendants using its own litigation strategy as evidence of jurisdiction. "[P]laintiff's choice of venue is not a factor in [the § 1404(a) transfer] analysis." *Center One v. Vonage Holdings Corp.*, No. 6:08-cv-467, 2009 U.S. Dist. LEXIS 69683, at *17 (E.D. Tex. Aug. 10, 2009); *see also In re Volkswagen of Am. Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) (error where district court gave too much weight to plaintiff's choice of venue). Plaintiff endeavors to skirt this rule by calling the consolidated case of multiple suits which Plaintiff filed in its chosen venue judicial economy, then arguing that judicial economy should outweigh any other factors in favor of transfer. Regardless of the label Plaintiff attaches to the other suits, it was Plaintiff's choice to file them in Texas. For Plaintiff to now argue that the "judicial economy" created by this mass litigation in Texas outweighs all other considerations is tantamount to Plaintiff arguing that its choice of venue should not only be

1

considered a factor, but that it should get more weight than all other factors combined. This is contrary to the rule that Plaintiff's choice of venue is not a transfer analysis factor; thus, Plaintiff's other lawsuits should not be the sole factor that matters in this analysis.

> **B. Even if this Court were to find that the consolidated case constitutes evidence of judicial economy, the Court should use its discretion to find that the weight of the convenience factors is so strong that the factors require transfer**

Even if the Court does not agree Plaintiff is using the consolidated case to make a choice of venue argument, it should recognize that the other factors outweigh such "judicial economy," requiring transfer. Indeed, courts have been reversed for assigning too much weight to ongoing litigation involving allegedly similar questions of law or fact. *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (holding that district court erred by assigning substantial weight to the fact that plaintiff had filed suit against another defendant in the same forum even when one of the asserted patents was shared with the case at bar). Like the *Zimmer* Court, this Court should not over-weigh Plaintiff's asserted judicial economy.

### III. CONVENIENCE, RELEVANCE, AND FAIRNESS WEIGH IN FAVOR OF TRANSFER TO THE DISTRICT OF NEW JERSEY

Defendants have established that convenience, relevance, and fairness weigh in favor of transferring the case to the District of New Jersey. The private factors favor transfer to New Jersey: MorphoTrust's key witnesses, documents, electronically stored information, and other physical evidence relevant to the Accused Products (identified in Plaintiff's complaint) ("Accused Products") are located in New Jersey, while Defendants have no witnesses, documents, electronically stored information, or other physical evidence relevant to the Accused Products in Texas;[1] Defendants are subject to compulsory process in New Jersey and *not* Texas,

---

[1] *See* Defendants L-1 Identity Solutions, Inc., and MorphoTrust USA, Inc's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) at 2-4, 7-8.

and Mr. Moskowitz is not subject to compulsory process in Texas;[2] and there are no practical problems related to transferring the case to New Jersey because the case is in its infancy.[3]

Furthermore, the cost of attendance factor favors transfer to New Jersey. MorphoTrust's witnesses are domiciled in New Jersey. Contrary to Plaintiff's assertions, Mr. Moskowitz is domiciled in Sunny Isles, Florida. *See* Johnson Decl. Ex. 1 at 2. The distance Mr. Moskowitz would travel from Florida to trial in Texas is 1017 miles, while travel from Florida to trial in New Jersey is 1075 miles. *See* Motion 5. Since the distance is roughly the same, litigating this case in New Jersey would not increase the cost of Mr. Moskowitz' attendance at trial.

Plaintiff's distortion of its corporate facts muddy the waters of the private factor analysis but does not change the outcome. Plaintiff has asserted a certain set of facts to establish its domicile in Texas; however, these are questionable facts. First, Plaintiff only recently formed as a corporation in Texas in May of 2012 immediately prior to filing the first complaint in this case, while Mr. Moskowitz' related corporate entity Blue Spike, Inc. has been domiciled in Florida since 1997. *See* Johnson Decl. Ex. 1 at 1. Second, Mr. Moskowitz lives in Sunny Isles, Florida. *Id.* at 2. Third, in sharp contrast to the details Defendants have disclosed illustrating that the evidence is in New Jersey, Plaintiff discloses no facts about Blue Spike employees located in Texas. Fourth, unlike Defendants, Plaintiff does not disclose any facts about what type of business activities it does in Texas. Fifth, also unlike Defendants, Plaintiff does not mention what type of documents, if any, are located within Texas. Instead, Plaintiff's entire argument is based on the convenience of being able to sue as many defendants as it wants in its chosen venue.

---

[2] *See* Motion 8-9. The inventors do not live in Texas. Contrary to statements in Plaintiff's Opposition, Scott Moskowitz appears to be domiciled in Florida. *Compare* Declaration of Daniel Johnson In Support of Defendants' Reply in Support of Motion to Transfer ("Johnson Decl.") Ex. 1 at 2 *with* Plaintiff's Opposition to Defendants' Motion to Transfer Venue 7.
[3] *See* Motion 9.

The public factors also favor transfer to New Jersey: the local interest of having the case decided in New Jersey[4] and the remaining factors (court congestion-caused administrative difficulties, familiarity with the law, problems from conflict of laws) are neutral.[5] Thus, after considering all these factors—that all private factors weigh in favor of transfer, and that the public factors either weigh in favor of transfer or are neutral—the Court should transfer the case.

Plaintiff's response to Defendants' position is flawed in several ways. Plaintiff's argument that the Court should disregard factors based on the location of documents is unfounded. Despite society's advances in using electronic documents, courts continue to recognize the importance of document locations in analyzing convenient venue. *See Center One*, 2009 U.S. Dist. LEXIS 69683, at *18. Contrary to Plaintiff's implication, MorphoTrust never asserted that it had no contacts in Texas. *See* Motion 3. Rather, MorphoTrust's argument is that, despite having isolated contacts in Texas,[6] the weight of the factors favor transfer to New Jersey. Finally, MorphoTrust revenue is not relevant to the § 1404(a) analysis. As such, Plaintiff's argument involving the ability of Defendants to afford litigation in an inconvenient forum is not a factor.

## IV. L-1 HAS NO CONTACTS IN TEXAS

L-1 has no contacts in Texas. As Defendants stated, L-1 is a holding company with no employees and no financial interest in the outcome of this litigation. *See* Motion 4. For that

---

[4] *See* Motion 10.
[5] *Id*.
[6] MorphoTrust has a small number of its own local ID service centers in Texas the majority of which are tiny (e.g., approximately 1000 square feet) leased retail locations where individual consumers go to get fingerprints taken for things like background checks and getting licensed. Declaration of Dr. Mohamed Lazzouni in Support of Defendants' Reply in Support of Their Motion to Transfer ("Lazzouni Decl."), ¶ 4. No technology or product development or manufacture takes place in these retail service centers, and there are no records or witnesses relating to the research, development, or manufacture of the technology used at these centers. *Id*. ¶ 5. All technology and product development for the Accused Products takes place in New Jersey. *Id*.

4

reason, L-1 continues to attempt to resolve this issue without requiring the Court's intervention by requesting that Plaintiff voluntarily dismiss the claims against L-1; however, if the parties are unable to come to an agreement for dismissal, L-1 will be forced to file a motion to dismiss it from the pending lawsuit.

## V. FACTS ABOUT SAFRAN ARE COMPLETELY IRRELEVANT TO THE § 1404(a) ANALYSIS

Plaintiff's Safran USA ("Safran") arguments are completely irrelevant and erroneous. Safran is not MorphoTrust's direct parent company.  *See* Lazzouni Decl. ¶ 3; *see also* Johnson Decl. at Ex. 2.  Even if it were, such a fact would have no impact on the § 1404(a) analysis. Plaintiff asserts that Safran's business in Texas establishes contacts for Defendants; however, it has not named Safran as a defendant in this case.  Plaintiff's injection of facts, some of which are erroneous, about Safran and allegations that "Defendants [] neglected to inform the Court" of such facts are a red herring.  *See* Opposition 9.  The bottom line is that the financial circumstances of Safran are factually and legally irrelevant to this analysis.

Courts view parent companies separate from their subsidiaries in jurisdiction analyses. *See Freudensprung v. Offshore Technical Servs. Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) ("As a general rule, []the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated."); *see also Stragent LLC v. Audi AG*, No. 6:10-cv-227 LED-JDL, 2011 U.S. Dist. LEXIS 79688, at *13 (E.D. Tex. July 18, 2011) (no automatic jurisdiction over parent based on subsidiary's contacts with forum).  The *Freudensprung* and *Stragent* cases establish that contacts of a parent do not automatically establish jurisdiction for its subsidiary, and vice versa.  Accordingly, Safran's contacts in Texas are inconsequential for establishing venue over Defendants.

5

Dated: January 10, 2013	Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

 /s/ *Daniel Johnson, Jr.*

C. Erik Hawes (TX Bar No. 24042543)
Email:  ehawes@morganlewis.com
Thomas R. Davis (TX Bar No. 24055384)
Email:  tdavis@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
T.  713.890.5000
F.  713.890.5001

Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)
Email:  djjohnson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
T.  415.442.1000
F.  415.442.1001

**Attorneys for Defendants L-1 Identity Solutions, Inc., and MorphoTrust USA, Inc.**

6

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing and/or electronic mail on January 10, 2013.

                                                 /s/ *Daniel Johnson, Jr.*
                                                 Daniel Johnson, Jr.