# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC,** | § § § | **Case No. 6:12-cv-00499-MHS** |
| Plaintiff, | § § | |
| v. | § § | **LEAD CASE** |
| **Texas Instruments, Inc., et al.,** | § § § | **Jury Trial Demanded** |
| Defendants. | § § § | |
| **Blue Spike, LLC,** | § § | **Case No. 6:12-cv-00568-MHS** |
| Plaintiff, | § § | |
| v. | § § | **CONSOLIDATED CASE** |
| **Zeitera, LLC, et al.,** | § § § | **Jury Trial Demanded** |
| Defendants. | § § § § | |

## DEFENDANT ENSEQUENCE, INC.'S SUR-REPLY TO PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY

Defendant Ensequence, Inc. ("Ensequence") files this sur-reply to address one issue raised by Plaintiff Blue Spike, LLC ("Blue Spike") in its reply in support of its motion to authorize jurisdictional discovery [6:12-cv-00499 Dkt. No. 561]. The other issues discussed by Blue Spike have been briefed extensively by the parties both on Blue Spike's cookie cutter motion to authorize jurisdictional discovery [6:12-cv-00499 Dkt. No. 509] and Ensequence's motion to dismiss for lack of personal jurisdiction and improper venue [6:12-cv-00499 Dkt. No. 558, re-filed pursuant to this Court's Order]. All that briefing demonstrates that there is no basis for personal jurisdiction over Ensequence in Texas and that Blue Spike has failed to meet its burden to obtain jurisdictional discovery under well-established Fifth Circuit precedent.

As a result of this failure, Blue Spike now claims for the first time that the declarations submitted by the Chief Technology and Product Officer of Ensequence in support of Ensequence's motion to dismiss for lack of personal jurisdiction and improper venue, filed in October and November in 2012, create factual issues related to personal jurisdictional.  Blue Spike's assertions manufacture a "factual issue" that has no relation to its own Complaint.  Blue Spike now appears to assert that Ensequence uses an automatic content recognition software produced by Civolution, and therefore uses the infringing technology in Texas.  [6:12-cv-00499 Dkt. No. 561 at 5.]  But the alleged infringing technology at issue in Blue Spike's Complaint is "Zeitera's automatic content recognition systems using fingerprint technology."  [6:12-cv-00568 Dkt. No. 1 ¶ 9.]  There is no mention of Civolution in the Complaint, and even if there were, that would not change the outcome here.  Ensequence never finalized an integrated Ensequence/Civolution product and never offered such a product for sale in Texas either.  (*See* Declaration of Aslam Khader, dated April 8, 2013 ("Khader Decl."), ¶¶ 3, 4.)  Blue Spike should not be permitted to create "factual issues" related to issues outside the scope of its own Complaint to make up for its failure to meet its burden to obtain jurisdictional discovery.

Furthermore, there is no conflict between the Ensequence declarations and the press release referred to by Blue Spike.  The press release, dated December 5, 2011, reads: "Ensequence has integrated with several ACR providers, including Zeitera and Civolution, and will work with any ACR provide that its customers select."  [6:12-cv-00568 Dkt. No. 22-12 at 3.]  As explained in the October 2012 sworn declaration, Ensequence never finalized an integrated Ensequence/Zeitera product because no customers expressed interest and never offered such a product for sale in Texas.  [6:12-cv-00568 Dkt. No. 18-1 ¶ 17.]  Similarly, Ensequence never finalized an integrated Ensequence/Civolution product and never offered such a product for sale

in Texas either.  (*See* Khader Decl. ¶¶ 3, 4.)  Again, Blue Spike belatedly attempts to create factual issues where there are none because it has failed to meet its burden on jurisdictional discovery.

Blue Spike's argument that its requested discovery is relevant to personal jurisdiction ignores uncontroverted, sworn testimony that Ensequence has never made, used, imported, sold, or offered to sell in Texas any product that uses Zeitera's or Civolution's automatic content recognition software.  There simply is no basis for permitting jurisdictional discovery here.  For the above reasons and those discussed in prior briefing, Blue Spike's motion to authorize jurisdictional discovery should be denied.

Dated: April 8, 2013

**PERKINS COIE LLP**

s/ Douglas L. Sawyer
Douglas L. Sawyer (State Bar No. 41009)
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  (303) 291-2378
Facsimile:  (303) 291- 2478
DSawyer@perkinscoie.com

Scott D. Eads (State Bar No. 910400)
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  (503) 727-2000
Facsimile:  (503) 727-2222
SEads@perkinscoie.com

**ATTORNEYS FOR DEFENDANT ENSEQUENCE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 8th day of April, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

s/ Douglas L. Sawyer
Douglas L. Sawyer
