U UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:12-cv-499 |
| **Texas Instruments, Inc.** | § § § | |
| Defendants | § | |

---

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:13-cv-00124 |
| **Cognitec Systems Corporation** **Cognitec Systems GmbH** | § § § | |
| Defendants | § | |

### COGNITEC SYSTEMS CORPORATION'S MOTION TO DISMISS

Defendant Cognitec Systems Corporation ("CSC") files its *Motion to Dismiss (Alternatively, to Transfer)* the Complaint filed against it herein, for lack of personal jurisdiction, and would respectfully show the Court as follows:

**I.    INTRODUCTION**

CSC is a Delaware corporation that is a subsidiary to Cognitec Systems GmbH, a German limited liability company with its principal place of business in Dresden, Germany. *See* Declaration of Hrac Kelesoglu, attached as **Exhibit 1**, at ¶ 3(the "Kelesoglu Declaration"). CSC maintains a small administrative office in Miami, Florida, while its principal place of business is

1

in Boston, Massachusetts. *See* Kelesoglu Declaration, ¶ 2. CSC is a separate company from Cognitec Systems GmbH. *See* Kelesoglu Declaration, ¶ 3.

CSC licenses the rights from Cognitec Systems GmbH with respect to facial recognition software, known as "FaceVACS," which is generally used for facial database search, video screening and analytics, photo capturing and facial image quality assessment. *See* Kelesoglu Declaration, ¶ 3.

The FaceVACS software was originally created in the mid-1990s in Germany, and is manufactured outside of the United States. *See* Kelesoglu Declaration, ¶ 4. CSC sublicenses the FaceVACS software to customers in the United States. *See* Kelesoglu Declaration, ¶ 5.

On or about February 6, 2013, plaintiff Blue Spike LLC ("Plaintiff") filed a patent infringement lawsuit against CSC and Cognitec Systems GmbH in the Eastern District of Texas, Tyler division. Each of the patents asserted by Plaintiff was issued years after the FaceVACS software was created, licensed and/or sold.

CSC now seeks dismissal of the complaint against it on the grounds that this Court cannot assert personal jurisdiction over CSC. *See* Kelesoglu Declaration. CSC does not do any business in this judicial district, and the business it has conducted in Texas is *de minimus*, and was with respect to customers located in the Western District of Texas and Northern District of Texas, not with respect to customers in the Eastern District of Texas. *See* Kelesoglu Declaration, ¶ 5.

CSC has not entered into any contracts, agreements or licenses with any customers located in this judicial district. *See* Kelesoglu Declaration, ¶ 6. CSC has not licensed or sold any products to any customers in this judicial district. *See* Kelesoglu Declaration, ¶ 6. CSC has not mailed any materials to any potential customers located in this judicial district. *See* Kelesoglu Declaration, ¶ 6.

CSC owns no property, bank accounts or assets in Texas or in this judicial district. *See* Kelesoglu Declaration, ¶ 7. CSC has no employees, officers or directors in Texas or in this judicial district. *See* Kelesoglu Declaration, ¶ 7. CSC has not attended any conferences or trade shows located in this judicial district. *See* Kelesoglu Declaration, ¶ 8.

Accordingly, CSC does not have any contacts with this judicial district, and certainly has not availed itself of any business opportunities in this judicial district by which it should anticipate being haled into court in this judicial district. As a result, jurisdiction over CSC is improper, and the suit against CSC should be dismissed (or alternatively, if in the interests of justice, transferred to a more appropriate jurisdiction).

## II.     STATEMENT OF THE ISSUE.

Due process protects CSC's right to be subject only to lawful authority. CSC has not engaged in activities that reveal any intent to invoke or benefit from the protection of the laws of Texas. Accordingly, the exercise of jurisdiction over CSC would violate due process concerns, and this case should therefore be dismissed (alternatively, transferred).

## III.    LEGAL AUTHORITY.

In patent infringement cases, a district court must apply Federal Circuit law in determining whether personal jurisdiction may be exercised over a non-resident defendant. *See* LSI Indus. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1371 (Fed. Cir. 2000); Nuance Communications, Inc. v. Abbyy Software House, 626 F.3d 1222, 1230 (Fed. Cir. 2010); Acceleron, LLC v. Egenera, Inc., 634 F. Supp. 2d 758, 768 (E.D. Tex. 2009). "[T]he burden of proof is on the plaintiff to establish 'minimum contacts.'" Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001); *see also* Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De

3

Equip. Medico, 563 F.3d 1285, 1294 (Fed. Cir. 2009); Autogenomic, Inc. v. Oxford Gene Tech, Ltd., 566 F.3d 1012, 1017 (Fed. Cir. 2009).

Under Federal Circuit precedent, personal jurisdiction over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process; and (2) whether the assertion of personal jurisdiction would violate due process. *See* LSI Indus., 232 F.3d at 1371; Autogenomic, 566 F.3d at 1017; Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 857 (Fed. Cir. 1999). The Texas long-arm statute authorizes the exercise of jurisdiction "as far as the federal constitutional requirements of due process will allow." Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002); TEX. CIV. PRAC. & REM. CODE ANN. §17.042. Thus, the Court's analysis should be the federal due-process inquiry. *See* Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008).

Due process requires that in order to subject a defendant to personal jurisdiction in a forum state, the defendant must have certain "minimum contacts with it such that the maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (*quoting* Milliken v. Meyer, 311 U.S. 457, 463 (1940)). To establish minimum contacts, a nonresident defendant's contacts must demonstrate that it "purposefully avails [it]self of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). A defendant must "reasonably anticipate being haled into court." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Contacts solely as a result of random, fortuitous, or attenuated activities are not sufficient. *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

"Under the 'minimum contacts' test, a defendant may be subject to either specific jurisdiction or general jurisdiction." LSI Indus., 232 F.3d at 1375. "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state.'" LSI Indus., 232 F.3d at 1375. For specific jurisdiction, the Federal Circuit applies a three prong test: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether the assertion of personal jurisdiction is reasonable and fair. Genetic Implant Sys. v. Core-Vent Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997).

## IV.   THE COURT SHOULD DISMISS (OR TRANSFER) THIS CASE.

Plaintiff alleges that this Court has personal jurisdiction over CSC for the following reasons (all of which are false):

(1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas;

(2) Defendant regularly does business or solicits business in the District and in Texas;

(3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and

(4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here.

*See* Complaint, ¶ 6.

Plaintiff's allegations to support this Court's personal jurisdiction over CSC are merely unsupported generic allegations of personal jurisdiction. Plaintiff offers no evidence or concrete examples to support these allegations because these allegations are unfounded. Plaintiff makes no reference to a specific sale into this district by CSC. Plaintiff provides no proof of patent

5

infringement this district, and provides no evidence that CSC knew about Plaintiff's patent and induced others or contributed to an infringement in Texas or this district. Plaintiff cites no proof that CSC derives "substantial revenue" from Texas or this district. Finally, Plaintiff does not allege a single specific contact between CSC and this district.

CSC has never offered, sold or licensed any of the allegedly infringing products in this judicial district. Kelesoglu Declaration, ¶ 6. CSC has never done business in this district. Kelesoglu Declaration, ¶ 6. CSC has not sold products in this district, shipped products to this district, had past or present customers in this district, entered into any contracts with a resident of this district, or conducted any business or performed any service in this district. Kelesoglu Declaration, ¶ 6. Indeed, CSC has never had any contacts of any consequence with this judicial district. In particular, CSC has:

- Not solicited business or advertised in this judicial district;
- No offices, facilities, or employees in Texas or this judicial district;
- No property in Texas or this judicial district;
- No telephone listings or mailing addresses in Texas or this judicial district;
- No designated agent for service of process in Texas or this judicial district;
- Never filed tax returns in Texas or this judicial district; and,
- No bank accounts in Texas or this judicial district.

Kelesoglu Declaration, ¶ 6-9. Moreover, CSC has not purposefully directed the allegedly infringing activities at residents of this judicial district. The accused products are manufactured outside of the United States. Kelesoglu Declaration, ¶ 4. CSC was unaware of the asserted patents until Plaintiff filed suit in the case. Kelesoglu Declaration, ¶ 10. Further, CSC has never shipped any of the accused products into this judicial district, and it has never

sold an accused product to anyone that has disclosed a mailing address in this judicial district. Kelesoglu Declaration, ¶ 6.

## V. CONCLUSION.

There is simply no connection between CSC and this district. Plaintiff has not offered this Court any specific reason why this Court should assert personal jurisdiction over a Delaware corporation with offices in Miami and Boston, which does not do any business in this district. There is no "general jurisdiction" because CSC has not engaged in business with this district, much less "continuous and systematic" contacts with this district. LSI Indus., 232 F.3d at 1375. Furthermore, there is absolutely no evidence to establish that CSC "purposefully directed activities at residents of the forum," that CSC has engaged in any of the alleged activities in Texas or this district, or that the assertion of personal jurisdiction is reasonable and fair in this case. Genetic Implant Sys., 123 F.3d at 1458.

Plaintiff clearly has sued everyone that it can think of in this district without even considering or investigating whether personal jurisdiction is proper in this district. CSC has no relationship with this district, and this case should therefore be dismissed.

Alternatively, given the lack of contacts with the Eastern District of Texas, as noted above, and given the fact that CSC has offices in Boston and Miami, its employees and documents are located there, and that CSC has done business from those locations, this case should be transferred to another district court that would have a more appropriate nexus with CSC.

For the reasons stated herein, Cognitec Systems Corp. respectfully requests that the Court dismiss this case for lack of personal jurisdiction, or alternatively, if in the interests of justice, that the case be transferred to a more appropriate jurisdiction (*e.g.*, the District of Massachusetts,

or the Northern or Western Districts of Texas). A proposed order has been filed with this motion.

/s/ Dwayne K. Goetzel
Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR DEFENDANT
COGNITEC SYSTEMS CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of April 2013.

/s/ Dwayne K. Goetzel