UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| **Texas Instruments, Inc.** | § | |
| | § | |
| Defendants | § | |

---

| | | |
|---|---|---|
| **Blue Spike, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Case No. 6:13-cv-00124 |
| | § | |
| **Cognitec Systems Corporation** | § | |
| **Cognitec Systems GmbH** | § | |
| | § | |
| Defendants | § | |

## COGNITEC SYSTEMS GMBH'S MOTION TO DISMISS

Defendant Cognitec Systems GmbH files its *Motion to Dismiss* the Complaint filed against it herein, for lack of personal jurisdiction, and would respectfully show the Court as follows:

**I.     INTRODUCTION**

Cognitec Systems GmbH ("Cognitec Germany") is a German limited liability company with its principal place of business in Dresden, Germany. *See* Declaration of Alfredo Herrera, attached as **Exhibit 1**, at ¶ 1 (the "Herrera Declaration"). Cognitec Germany licenses facial recognition software, known as "FaceVACS," which is generally used for facial database search,

1

video screening and analytics, photo capturing and facial image quality assessment. *See* Herrera Declaration, ¶ 3.

The FaceVACS software was originally created in the mid-1990s in Germany. *See* Herrera Declaration, ¶ 3. With the exception of one limited license to a company in Maryland, Cognitec Germany only licenses the software to third party resellers *outside* the United States and the Americas. *See* Herrera Declaration, ¶ 5.[1]

On or about February 6, 2013, plaintiff Blue Spike LLC ("Plaintiff") filed a patent infringement lawsuit against CSC and Cognitec Germany in the Eastern District of Texas, Tyler division. Each of the patents asserted by Plaintiff was issued years after the FaceVACS software was created, licensed and/or sold.

Cognitec Germany now seeks dismissal of the complaint against it on the grounds that the Court cannot assert personal jurisdiction over Cognitec Germany. *See* Herrera Declaration. Cognitec Germany does not and has never done any business whatsoever in Texas or this judicial district. *See* Herrera Declaration, ¶ 4, 8-9. Cognitec Germany does not own or operate any offices, property, bank accounts or assets in Texas or in this judicial district. *See* Herrera Declaration, ¶ 6. Cognitec Germany has no employees, officers or directors in Texas or in this judicial district. *See* Herrera Declaration, ¶ 2, 6. Cognitec Germany has not attended any conferences or trade shows located in Texas or in this judicial district. *See* Herrera Declaration, ¶ 7. Cognitec Germany has not entered into any contracts, agreements or licenses with any customers located in Texas or this judicial district. *See* Herrera Declaration, ¶ 4. Cognitec

---

[1] Cognitec Germany licenses software to CSC, which in turn negotiates with customers, signs relevant license agreements, and delivers the software product (FaceVACS) to the customer. Cognitec Germany does not do any business directly with customers located in the United States, with the sole exception of a single license agreement with Lockheed Martin, located in Bethesda, Maryland, which was entered into in 2007. Otherwise, CSC is the party that does business in the U.S., not Cognitec Germany.

2

Germany has not sold any products to any customers in Texas, and has not licensed the FaceVACS software to any customers in Texas or this judicial district. *See* Herrera Declaration, ¶ 4. Cognitec Germany has not mailed any materials to any potential customers located in Texas or this judicial district, and has never sought out any customers in Texas or this judicial district. *See* Herrera Declaration, ¶ 4.

Accordingly, Cognitec Germany does not have any contacts to Texas or this judicial district, and certainly has not availed itself of any business opportunities in Texas or this judicial district by which it should anticipate being haled into court in Texas or this judicial district. As a result, jurisdiction over Cognitec Germany is improper, and the suit against Cognitec Systems Germany should be dismissed.

## II. STATEMENT OF THE ISSUE.

Due process protects Cognitec Germany's right to be subject only to lawful authority. Cognitec Germany has not engaged in activities that reveal any intent to invoke or benefit from the protection of the laws of Texas. Accordingly, the exercise of jurisdiction over Cognitec Germany would violate due process concerns and the case should therefore be dismissed.

## III. LEGAL AUTHORITY.

In patent infringement cases, a district court must apply Federal Circuit law in determining whether personal jurisdiction may be exercised over a non-resident defendant. *See* LSI Indus. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1371 (Fed. Cir. 2000); Nuance Communications, Inc. v. Abbyy Software House, 626 F.3d 1222, 1230 (Fed. Cir. 2010); Acceleron, LLC v. Egenera, Inc., 634 F. Supp. 2d 758, 768 (E.D. Tex. 2009). "[T]he burden of proof is on the plaintiff to establish 'minimum contacts.'" Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001); *see also* Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De

3

Equip. Medico, 563 F.3d 1285, 1294 (Fed. Cir. 2009); Autogenomic, Inc. v. Oxford Gene Tech, Ltd., 566 F.3d 1012, 1017 (Fed. Cir. 2009).

Under Federal Circuit precedent, personal jurisdiction over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process; and (2) whether the assertion of personal jurisdiction would violate due process. *See* LSI Indus., 232 F.3d at 1371; Autogenomic, 566 F.3d at 1017; Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 857 (Fed. Cir. 1999). The Texas long-arm statute authorizes the exercise of jurisdiction "as far as the federal constitutional requirements of due process will allow." Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002); TEX. CIV. PRAC. & REM. CODE ANN. §17.042. Thus, the Court's analysis should be the federal due-process inquiry. *See* Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008).

Due process requires that in order to subject a defendant to personal jurisdiction in a forum state, the defendant must have certain "minimum contacts with it such that the maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (*quoting* Milliken v. Meyer, 311 U.S. 457, 463 (1940)). To establish minimum contacts, a nonresident defendant's contacts must demonstrate that it "purposefully avails [it]self of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). A defendant must "reasonably anticipate being haled into court." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Contacts solely as a result of random, fortuitous, or attenuated activities are not sufficient. *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

"Under the 'minimum contacts' test, a defendant may be subject to either specific jurisdiction or general jurisdiction." LSI Indus., 232 F.3d at 1375. "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state.'" LSI Indus., 232 F.3d at 1375. For specific jurisdiction, the Federal Circuit applies a three prong test: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether the assertion of personal jurisdiction is reasonable and fair. Genetic Implant Sys. v. Core-Vent Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997).

## IV. THE COURT SHOULD DISMISS THIS CASE.

Plaintiff alleges that this Court has personal jurisdiction over Cognitec Germany for the following reasons (all of which are false):

> (1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas;
>
> (2) Defendant regularly does business or solicits business in the District and in Texas;
>
> (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and
>
> (4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here.

*See* Complaint, ¶ 6.

Plaintiff's allegations to support this Court's personal jurisdiction over Cognitec Germany are merely unsupported generic allegations of personal jurisdiction. Plaintiff offers no evidence or concrete examples to support these allegations because these allegations are unfounded. Plaintiff makes no reference to a specific sale into Texas or this district by Cognitec

Germany. Plaintiff provides no proof of patent infringement in Texas or this district, and provides no evidence that Cognitec Germany knew about Plaintiff's patent and induced others or contributed to an infringement in Texas or this district. Plaintiff cites no proof that Cognitec Germany derives "substantial revenue" from Texas or this district. Finally, Plaintiff does not allege a single specific contact between Cognitec Germany and this district.

Cognitec Germany has never offered, sold or licensed any products in Texas, much less any allegedly infringing products. Herrera Declaration, ¶ 4. Cognitec Germany has never done business or solicited business in Texas or this district. Herrera Declaration, ¶ 4. Cognitec Germany has not sold products in Texas, shipped products to Texas, had past or present customers in Texas, entered into any contracts with a resident of Texas, or conducted any business or performed any service in Texas. Herrera Declaration, ¶ 4. Indeed, Cognitec Germany has never had any contacts of any consequence with Texas. In particular, Cognitec Germany has:

- Not solicited business or advertised in Texas;
- No offices, facilities, or employees in Texas;
- No property in Texas;
- No telephone listings or mailing addresses in Texas;
- Never been listed or licensed to do business in Texas;
- No designated agent for service of process in Texas;
- Never filed tax returns in Texas; and
- No bank accounts in Texas.

Herrera Declaration, ¶ 4, 6-9. Moreover, Cognitec Germany has not purposefully directed the allegedly infringing activities at residents of Texas. The accused products are manufactured

outside of the United States. Herrera Declaration, ¶ 3. Cognitec Germany was unaware of the asserted patents until Plaintiff filed suit in the case. Herrera Declaration, ¶ 10. Further, Cognitec Germany has never shipped any of the accused products into Texas, and it has never sold an accused product to anyone that has disclosed a Texas mailing address. Herrera Declaration, ¶ 9.

## V.      CONCLUSION.

There is simply no connection between Cognitec Germany and this district. Plaintiff has not offered this Court any specific reason why this Court should assert personal jurisdiction over a German corporation that does not do any business in Texas or this district, and has never attempted to do any such business. There is no "general jurisdiction" because Cognitec Germany has not engaged in business with Texas or this district, much less "continuous and systematic" contacts with Texas or this district. LSI Indus., 232 F.3d at 1375. Furthermore, there is absolutely no evidence to establish that Cognitec Germany "purposefully directed activities at residents of the forum," that Cognitec Germany has engaged in any of the alleged activities in Texas or this district, or that the assertion of personal jurisdiction is reasonable and fair in this case. Genetic Implant Sys., 123 F.3d at 1458.

Plaintiff clearly has sued everyone that it can think of in this district without even considering or investigating whether personal jurisdiction is proper in this district. In this case, the issue is not even close. Cognitec Germany has no relationship with the State of Texas or this district, and this case should therefore be dismissed.

For the reasons stated herein, Cognitec Germany respectfully requests that the Court dismiss this case for lack of personal jurisdiction. A proposed order has been filed with this motion.

        /s/ Dwayne K. Goetzel
Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR DEFENDANT
COGNITEC SYSTEMS CORP.**

## CERTIFICATE OF SERVICE

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of April 2013.

        /s/ Dwayne K. Goetzel