IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>*Defendant.* | Civil Action No. 6:12-CV-00499-MHS<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| BLUE SPIKE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>BIOMETRIKA, SRL and FULCRUM BIOMETRICS, LLC,<br><br>*Defendants.* | Civil Action No. 6:13-CV-00045-MHS<br>(Consolidated Case)<br><br>**JURY TRIAL DEMANDED** |

**BIOMETRIKA, SRL'S MOTION TO DISMISS
FOR INSUFFICIENT SERVICE OF PROCESS**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), Biometrika, SRL ("Biometrika") appears for the limited purpose of contesting the sufficiency of service of process by Plaintiff Blue Spike, LLC ("Blue Spike"). In support of its motion, Biometrika relies upon the Declaration of Luca Cecchini, attached hereto as Exhibit A. Service of process was invalid under the Federal Rules of Civil Procedure because Blue Spike failed to serve Biometrika consistent with the mandatory procedure set forth by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention"). For this reason, Blue Spike's Complaint should be dismissed.

1

## STATEMENT OF FACTS

Blue Spike filed Civil Action No. 6:13-CV-45 on January 9, 2013, alleging patent infringement claims against Defendants Biometrika, SRL and Fulcrum Biometrics, LLC. (Docket No. 1, Compl.) This matter was consolidated under Civil Action No. 6:13-CV-499 on March 26, 2013 with several other patent infringement actions brought by Blue Spike. (Docket No. 20, Order of Consolidation.) As alleged in the Complaint, Biometrika an Italian company with its principal place of business in Forli, Italy. (Compl. ¶ 3; Cecchini Decl. ¶ 2.)

On March 4, 2013, Biometrika received a letter from the Texas Secretary of State forwarding by registered mail a copy of process it stated it had received on February 13, 2013. (Cecchini Decl. ¶ 3 & Ex. 1.) The letter from the Secretary of State was dated February 19, 2013. (*Id.* Ex. 1.) Biometrika has not received any communication through the Central Authority of Italy agents related to this case. (*Id.* ¶ 4.)

## STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

Was it proper under Federal Rule of Civil Procedure 4 and the Hague Convention for Plaintiff to serve process on Biometrika, an Italian company, via mail from the Texas Secretary of State?

## ARGUMENT

Plaintiffs' attempt to serve Biometrika through the Texas Secretary of State was invalid and the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5). Federal Rule of Civil Procedure 4(h)(2) governs service on Biometrika. *Retractable Tech., Inc. v. Occupational & Med. Innovations, Ltd.*, 253 F.R.D. 404, 405 (E.D. Tex. 2008). The Rule provides that a domestic or foreign corporation <u>located outside of a judicial district of the United States</u> must be served in the manner specified for serving a foreign individual under Rule 4(f),

excluding personal service. Fed. R. Civ. P. 4(h)(2). Rule 4(f) accordingly allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Italy is a signatory to the Hague Convention. Hague Convention Status Table, *at* http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited April 5, 2013). Because it is a ratified treaty, compliance with the Hague Convention is mandatory. *Compass Bank v. Katz*, 287 F.R.D. 392, 394 (S.D. Tex. 2012).

The Hague Convention sets forth certain specified methods of appropriate service, the most common of which is through the foreign country's Central Authority. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 383 (5th Cir. 2002) (citing Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 362 T.I.A.S. No. 6638, reprinted in 28 U.S.C.) The Fifth Circuit has held that service of process on foreign defendants by mail is prohibited by the Hague Convention. *Id.* at 385. Biometrika received the summons and complaint via registered mail from the Texas Secretary of State. (Cecchini Decl. ¶ 3.) It has not received any documents in this matter from Italy's Central Authority or diplomatic agents. (*Id.* ¶ 4.) Because Plaintiff did not comply with the Hague Convention's established procedures for service in Italy, it has failed to properly serve Biometrika.

Plaintiffs cannot contravene federal service requirements by arguing that they have appropriately served Biometrika under Rule 4(h)(1)(A), which allows for service by the methods approved under Rule 4(e). Rule 4(e) permits service in compliance with state law. Fed. R. Civ. P. 4(e). By its plain language, Rule 4(h)(1)(A) governs service of domestic and foreign entities <u>within a judicial district of the United States</u>. It is therefore not triggered here because

3

Biometrika is not located in the United States. *See Retractable Tech., Inc.*, 253 F.R.D. at 405; (Compl. ¶ 3).

Further, to appropriately effectuate service via the Secretary of State under state law, the Secretary of State must forward the documents to the nonresident defendant, as was done here. *Sang Young Kim v. Frank Mohn A/S*, 909 F. Supp. 474, 479 (S.D. Tex. 1995) (citing Tex. Civ. Rem. & Prac. Code Ann. § 17.043 and 17.045 of the Texas long-arm statute). This act of foreign mailing implicates the Hague Convention. *Id.; Alternative Delivery Solutions, Ind. v. R.R. Donnelley & Sons Co.*, No. Civ.SA05CA0172-XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005). Again, the Hague Convention prohibits service of process by mail. *Nuovo Pignone, SpA*, 310 F.3d at 385. Additionally, by virtue of the Supremacy Clause, the Hague Convention preempts inconsistent state law methods of service. *Alternative Delivery Solutions, Ind.*, 2005 WL1862631, at *2 (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988)).

Regardless of the particular governing subsection of Rule 4(h), the end result is the same. "[S]ervice via the Texas Secretary of State is insufficient because it requires service by mail, which fails to comply with the Hague Convention under Fifth Circuit law." *Id.* Service of process on Biometrika must be effectuated through the procedures prescribed by the Hague Convention.

## CONCLUSION

For the foregoing reasons, Biometrika respectfully requests the Court to grant its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

4

Date: April 9, 2012                                    Respectfully submitted,

                                  /s/ Ryan A. Kurtz
Stephanie Barnes (TX Bar No. 24045696)
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
4949 Hedgcoxe Road, Suite 230
Plano, Texas 75024
(214) 387-9100
(214) 387-9125 (fax)
stephaniebarnes@siebman.com

*and*

MILLER & MARTIN PLLC
Ryan A. Kurtz (pro hac vice)
1170 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-7706
(404) 962-6100
(404) 962-6300 (fax)
rkurtz@millermartin.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of April, 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                  /s/ Ryan A. Kurtz