UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

BLUE SPIKE, LLC,

      Plaintiff,

v.                                                            Civil Action No.  6:12-cv-499

ZVETCO, LLC,

      Defendant.

**DEFENDANT ZVETCO LLC's ANSWER AND  DEFENSES**

      Defendant Zvetco, LLC,  ("Defendant") files its Answer to the Complaint of Plaintiff

Blue Spike LLC ("Blue Spike") as follows:

**ANSWER**

    1.     With respect to the allegations of paragraphs 1 and 4, Defendant admits that Blue

Spike has brought a patent infringement action but denies that an appropriate cause of action has

actually arisen against Defendant under the Patent Laws of the United States, Title 35 of the

United States Code.

    2.     Defendant admits the first and second sentence of paragraph 3, but denies that it does

business in the Eastern District of Texas.

-1-

3.      With respect to the allegations of paragraph 28, Defendant admits it has not sought an explicit license from Blue Spike, but is without knowledge or information sufficient to enable it to admit that whether it has obtained an implicit license and therefore denies the remaining allegations of paragraph 28.

4.      With respect to the allegations of paragraph 6, Defendant admits that venue is proper in this District but is without knowledge or information sufficient to enable it to admit that venue in this district is the most convenient and most appropriate, and, to the extent paragraph 6 implies such it denies the same.

5.      With respect to the allegations of paragraphs 2,  7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 32, 33, 40, 41, 48, 49, 56, and 57,  Defendant  is without knowledge or information sufficient to enable it to admit or deny the allegations set forth and therefore denies the same.

6.      Defendant denies the allegations of paragraphs 5, 27, 29, 30, 34, 35, 36, 37, 38,  42, 43, 44, 45, 46, 50, 51, 52, 53, 54, 58, 59, 60, 61, and 62.

7.      With respect to the allegations of paragraphs 31, 39, 47, 55 and its Request for Relief wherein Blue Spike incorporates previous allegations from earlier paragraphs, Defendant relies on its responses to the referenced previous allegations as its response herein.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies any allegations not otherwise responded to above and denies that Blue Spike is entitled to the relief sought in its Prayer for Relief, including without limitation its unnumbered paragraphs it has labeled (a)-(d), and the duplicative labeled paragraphs (c)-(d), or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Blue Spike's burdens of proof on its affirmative claims against Defendant, reserving its right to assert additional defenses and/or affirmative defenses, and affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Defendant alleges and asserts the following defenses in response to the allegations by Blue Spike

### FIRST DEFENSE

Blue Spike has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant does not directly or indirectly infringe and has not directly or indirectly infringed any valid claim of the patents identified in the Complaint, either literally or under the doctrine of equivalents.

### THIRD DEFENSE

Some or all of the claims of the patents identified in the Complaint are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including, but not limited to Sections U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE

Blue Spike is estopped, by virtue of the prior art or its conduct or representations made during the prosecution of the patents identified in the Complaint, from asserting infringement against Defendant.

**FIFTH DEFENSE**

Blue Spike is precluded from from recovering damages for infringement of the patents identified in the Complaint, if any, until the date Blue Spike notified Defendant in accordance with 35 U.S.C. § 287(a).

**SIXTH DEFENSE**

Some or all of Blue Spike's claims for damages and other relief are barred by the equitable doctrines of waiver, estoppel, unclean hands, acquiescence, and/or laches.

**SEVENTH DEFENSE**

To the extent Blue Spike seeks damages for alleged infringement more than six years prior to the present filing of litigation, Blue Spike's claims are barred, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

**EIGHTH DEFENSE**

Blue Spike is precluded from asserting the patents identified in the Complaint againt Defendant because Blue Spike lacks a well-founded, good faith belief that Defendant infringed the patents identified in the Complaint.

**NINTH DEFENSE**

Blue Spike has exhausted its patent rights and is estopped from seeking damages from Defendant for the infringement of the patents identified in the Complaint because of the patent exhaustion doctrine.

**TENTH DEFENSE**

Blue Spike has failed to provide adequate evidence of ownership of the patents identified in the Complaint .

## ELEVENTH DEFENSE

Blue Spike is not entitled to any equitable relief, including but not limited to injunctive relief under any theory, including without limitation, because any alleged injury to Blue Spike is not immediate or irreparable, Blue Spike has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## TWELVTH DEFENSE

Blue Spike's claims for infringement of the patents identified in the Complaint patents are barred in whole, or in part, by the defense of license to Defendant or its suppliers.

## THIRTEENTH DEFENSE

Blue Spike's claims for damages for infringement of the patents identified in the Complaint are duplicative of claims asserted against others in mirrored litigation for the same alleged misconduct and thus constitute unjust enrichment and are thus barred.

## RIGHT TO ALLEGE FURTHER DEFENSES AS SUPPORTED BY EVIDENCE

Defendant reserves the right to amend this Answer and to assert additional defenses that become known through the process of patent claim constructions and well as the course of discovery and investigation of the case, including but not limited to the defense of inequitable conduct.

## JURY DEMAND

Defendant respectfully demands a jury trial of all issues triable to a jury in this action.


Dated:  April 8, 2013

Respectfully submitted,
/s/ Robert A. Huntsman
Robert A. Huntsman (Lead Attorney)
admitted *pro hac vice*, Idaho Bar #5345
HUNTSMAN LAW GROUP, PLLC
10400 W. Overland., #174
Boise, ID  83709
tel:      208 860 4379
fax:     208 362 3723
email:  law2013@huntsmanlg.com

ATTORNEY FOR ZVETCO, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2013, a true and correct copy of the foregoing was filed electronically in compliance with Local Rule CV-5(a) and thus served on all counsel of record who have consented to electronic service, which, to my knowledge, includes all counsel of record for this case.

/s/Robert A. Huntsman
Robert A. Huntsman