IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 6:12-cv-499-MHS** |
| | § | **(LEAD CASE)** |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**CONSOLIDATED WITH**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 6:13-cv-126-MHS** |
| | § | |
| **VISIBLE WORLD INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT VISIBLE WORLD INC.'S ORIGINAL ANSWER,
<u>AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>**

Defendant, VISIBLE WORLD INC., ("Visible World") by and through its undersigned attorneys, hereby answers Plaintiff BLUE SPIKE, LLC's ("Plaintiff's") Original Complaint For Patent Infringement ("the Complaint") (Doc. #1) and shows:

<u>**ANSWER**</u>

For the sake of convenience, the headings from the Complaint are reproduced herein.  To

the extent that such headings or any other non-numbered statements in the Complaint contain any factual allegations, Visible World denies each and every such allegation.

## NATURE OF THE SUIT

1.      The allegations in this introductory paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Visible World admits that the Complaint purports to state a claim under the patent laws, Title 35 of the United States Code.  Except as expressly admitted herein, Visible World denies the remaining allegations of Paragraph 1 of the Complaint.

## PARTIES

2.      Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, on that basis, therefore denies said allegations.

3.      Visible World admits that it is a Delaware Corporation; that its principal place of business is located at 460 W. 34th Street, 14th Floor, New York, New York, 10001; and that it can be served with process through its registered agent, The Corporation Trust Company. Visible World denies that it does business in the state of Texas or in the Eastern District of Texas.

## JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Visible World admits that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* Visible World admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 1331. Except as expressly admitted herein, Visible

World denies the remaining allegations of Paragraph 4 of the Complaint.

5.      The allegations in this Paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Visible World denies that it is subject to the personal jurisdiction of this Court. Visible World does not waive any argument that this Court lacks jurisdiction over it by filing this answer. Visible World denies that it has committed any act of patent infringement, and/or contributed to or induced acts of patent infringement by others, in the Eastern District of Texas, in state of Texas, or elsewhere. Visible World denies that it regularly does business or solicits business in the Eastern District of Texas or in the state of Texas.  Visible World denies that it engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the Eastern District of Texas and in the state of Texas.  Visible World denies that it has purposefully established substantial, systematic, and continuous contacts with the Eastern District of Texas or should reasonably expect to be haled into court in the Eastern District of Texas.  Visible World denies that the Court's exercise of jurisdiction over it will not offend traditional notions of fair play and substantial justice.

6.      The allegations in this Paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Visible World denies that venue is proper in the Eastern District of Texas and denies that this judicial district is the most convenient forum for the parties and witnesses or in the interests of justice.  By filing this answer, Visible World does not waive any argument that venue is not proper or convenient in the Eastern District of Texas as to Visible World. Visible World denies that it has committed any act of infringement in the Eastern District of Texas or, in the state of Texas, or elsewhere. Visible World denies that it does business in the state of Texas.  Visible World denies that any

acts or omissions giving rise to Plaintiff's claims against it happened in the Eastern District of Texas.  Visible World denies that it is subject to personal jurisdiction in the Eastern District of Texas.

## FACTUAL BACKGROUND

### A.    Moskowitz's History

7.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and, on that basis, therefore denies said allegations.

8.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and, on that basis, therefore denies said allegations.

9.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, on that basis, therefore denies said allegations.

10.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, on that basis, therefore denies said allegations.

11.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, on that basis, therefore denies said allegations.

12.    Visible World admits that USPTO classification 713, subclass 176, is titled "Authentication by digital signature representation or digital watermark." Except as so expressly admitted, Visible World is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 12 of the Complaint and, on that basis, therefore denies said allegations.

14.   Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, on that basis, therefore denies said allegations.

14.   Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, on that basis, therefore denies said allegations.

15.   Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, on that basis, therefore denies said allegations.

16.   Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and, on that basis, therefore denies said allegations.

17.   Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and, on that basis, therefore denies said allegations.

18.   Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and, on that basis, therefore denies said allegations.

19.   Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and, on that basis, therefore denies said allegations.

20.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, on that basis, therefore denies said allegations.

**B.      Patents-in-Suit**

21.     To the extent that Paragraph 21 of the Complaint attempts to define terms used in any United States Patent, Visible World avers that Plaintiff's purported definitions of such terms are conclusions of law to which no response is required. Otherwise, and for avoidance of doubt, Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, on that basis, therefore denies said allegations.

22.     To the extent that Paragraph 22 of the Complaint attempts to define terms used in any United States Patent, Visible World avers that Plaintiff's purported definitions of such terms are conclusions of law to which no response is required. Otherwise, and for avoidance of doubt, Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and, on that basis, therefore denies said allegations.

23.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, on that basis, therefore denies said allegations.

24.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and, on that basis, therefore denies said allegations.

25.     To the extent that Paragraph 25 of the Complaint attempts to define terms used in

any United States Patent, Visible World avers that Plaintiff's purported definitions of such terms are conclusions of law to which no response is required. Otherwise, and for avoidance of doubt, Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and, on that basis, therefore denies said allegations.

26.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, on that basis, therefore denies said allegations.

**C.      The Accused Products and Services**

27.     Visible World admits that it designs and develops software, applications, systems, and technology for targeted television advertising solutions, including Visible World's Smart TV Program Remind App software, applications, systems, and technology, which may sometimes be used in combination with automatic content recognition products. As Visible World's Smart TV Program Remind App software, applications, systems and technology is still in development, Visible World denies the remaining allegations of Paragraph 27 of the Complaint and specifically denies that its Smart TV Program Remind App software, applications, systems or technology infringes any valid claim of U.S. Patent No. 8,214,175 ("the '175 patent"),  U.S. Patent No. 7,949,494 ("the '494 patent"),  U.S. Patent No. 7,660,700 ("the '700 patent") or U.S. Patent No. 7,346,472 ("the '472 patent").

28.     Visible World denies it has ever needed any license from Plaintiff, but admits that it has not sought nor obtained such a license.

29.     Visible World denies the factual allegations contained in Paragraph 29 of the Complaint.

30.     Visible World denies the factual allegations contained in Paragraph 30 of the Complaint.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31.     In response to Paragraph 31 of the Complaint, Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 30 above.

32.     Visible World admits that, on its face, the '175 patent is entitled "Method and Device for Monitoring and Analyzing Signals." Except as so expressly admitted, Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and, on that basis, therefore denies said allegations.

33.     Visible World admits that Exhibit A to the Complaint purports to be a true and correct copy of the '175 patent, which asserts on its face that it issued on July 3, 2012. Except as so expressly admitted, Visible World denies the factual allegations contained in Paragraph 33 of the Complaint.

34.     Visible World denies it has ever needed any license from Plaintiff, but admits that it has not sought nor obtained such a license. Visible World denies the remaining factual allegations contained in Paragraph 34 of the Complaint, and specifically denies that it has ever infringed any valid claim of the '175 patent.

35.     Visible World denies the factual allegations contained in Paragraph 35 of the Complaint, and specifically denies that it has committed any act of infringement in the Eastern District of Texas, in the state of Texas, or elsewhere.

36.     Visible World denies the factual allegations contained in Paragraph 36 of the

Complaint.

37.     Visible World denies the factual allegations contained in Paragraph 37 of the Complaint.

## COUNT 2

### INFRINGEMENT OF U.S. PATENT NO. 7,949,494

38.     In response to Paragraph 38 of the Complaint, Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 37 above.

39.     Visible World admits that, on its face, the '494 patent is entitled "Method and Device for Monitoring and Analyzing Signals." Except as so expressly admitted, Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and, on that basis, therefore denies said allegations.

40.     Visible World admits that Exhibit B to the Complaint purports to be a true and correct copy of the '494 patent, which asserts on its face that it issued on May 24, 2011. Except as so expressly admitted, Visible World denies the factual allegations contained in Paragraph 40 of the Complaint.

41.     Visible World denies it has ever needed any license from Plaintiff, but admits that it has not sought nor obtained such a license. Visible World denies the remaining factual allegations contained in Paragraph 41 of the Complaint, and specifically denies that it has ever infringed any valid claim of the '494 patent.

42.     Visible World denies the factual allegations contained in Paragraph 42 of the Complaint, and specifically denies that it has committed any act of infringement in the Eastern District of Texas, in the state of Texas, or elsewhere.

43.     Visible World denies the factual allegations contained in Paragraph 43 of the Complaint.

44.     Visible World denies the factual allegations contained in Paragraph 44 of the Complaint.

45.     Visible World denies the factual allegations contained in Paragraph 45 of the Complaint.

## COUNT 3

## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

46.     In response to Paragraph 46 of the Complaint, Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 45 above.

47.     Visible World admits that, on its face, the '700 patent is entitled "Method and Device for Monitoring and Analyzing Signals." Except as so expressly admitted, Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and, on that basis, therefore denies said allegations.

48.     Visible World admits that Exhibit C to the Complaint purports to be a true and correct copy of the '700 patent, which asserts on its face that it issued on February 9, 2010. Except as so expressly admitted, Visible World denies the factual allegations contained in Paragraph 48.

49.     Visible World denies it has ever needed any license from Plaintiff, but admits that it has not sought nor obtained such a license. Visible World denies the remaining factual allegations contained in Paragraph 49 of the Complaint, and specifically denies that it has ever infringed any valid claim of the '700 patent.

50.     Visible World denies the factual allegations contained in Paragraph 50 of the Complaint, and specifically denies that it has committed any act of infringement in the Eastern District of Texas, in the state of Texas, or elsewhere.

51.     Visible World denies the factual allegations contained in Paragraph 51 of the Complaint.

52.     Visible World denies the factual allegations contained in Paragraph 52 of the Complaint.

53.     Visible World denies the factual allegations contained in Paragraph 53 of the Complaint.

## COUNT 4

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

54.     In response to Paragraph 54 of the Complaint, Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 53 above.

55.     Visible World admits that, on its face, the '472 patent is entitled "Method and Device for Monitoring and Analyzing Signals." Except as so expressly admitted, Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and, on that basis, therefore denies said allegations.

56.     Visible World admits that Exhibit D to the Complaint purports to be a true and correct copy of the '472 patent, which asserts on its face that it issued on March 18, 2008. Except as so expressly admitted, Visible World denies the factual allegations contained in Paragraph 56 of the Complaint.

57.     Visible World denies it has ever needed any license from Plaintiff, but admits that

it has not sought nor obtained such a license. Visible World denies the remaining factual allegations contained in Paragraph 57 of the Complaint, and specifically denies that it has ever infringed any valid claim of the '472 patent.

58.     Visible World denies the factual allegations contained in Paragraph 58 of the Complaint, and specifically denies that it has committed any act of infringement in the Eastern District of Texas, in the state of Texas, or elsewhere.

59.     Visible World denies the factual allegations contained in Paragraph 59 of the Complaint.

60.     Visible World denies the factual allegations contained in Paragraph 60 of the Complaint.

61.     Visible World denies the factual allegations contained in Paragraph 61 of the Complaint.

## RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

62.     In response to Paragraph 62 of the Complaint, Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 61 above. Visible World denies that Plaintiff is entitled to any relief whatsoever against Visible World in this action, either as prayed for in the Request for Relief section of the Complaint, or any other relief whatsoever from Visible World.  Except as expressly admitted in previous statement above, Visible World denies each and every, all and singular, the allegations contained in the Complaint.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

63.     Visible World acknowledges and joins in Plaintiff's request for a trial by jury on all issues triable as of right by a jury that are raised in this action.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Visible World asserts the following defenses:

### FIRST AFFIRMATIVE DEENFSE

(Failure to State a Claim For Relief)

64.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 63 above.

65.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Forum Non Conveniens/Improper Venue)

66.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 65 above.

67.     The Eastern District of Texas is an improper and inconvenient forum in which to litigate this action against Visible World under 28 U.S.C. § 1404(a).

### THIRD AFFIRMATIVE DEFENSE

(Lack of Standing to Sue/Failure to Join Necessary Party)

68.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 67 above.

69.     Upon information and belief, Plaintiff lacks standing to bring a patent infringement action based the '175, '494, '700, or '472 patents because it does not hold sufficient rights to one or more of the patents-in-suit and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

### FOURTH AFFIRMATIVE DEFENSE

(Non-infringement of the Asserted Patents)

70.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 69 above.

71.     Visible World does not and has not willfully or otherwise infringed any valid claim of the '175, '494, '700, or '472 patents, either literally, directly, contributorily, by inducement, or under the doctrine of equivalents, nor has Visible World committed any act that gives rise to liability for infringement of any valid claim of the '175, '494, '700, or '472 patents, whether directly or indirectly, and Visible World is not liable for infringement thereof.

## FIFTH AFFIRMATIVE DEFENSE

### (Invalidity of the Asserted Patents)

72.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 71 above.

73.     One or more claims of each of the '175, '494, '700, or '472 patents are invalid for failure to comply with one or more requirements of patentability under the Patent Act, 35 U.S.C. § 1 *et seq*., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and Plaintiff's claims for relief are therefore barred.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

74.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 73 above.

75.     Prior to receiving a copy of the Complaint in this action, Visible World did not have notice of Plaintiff's allegations of infringement. Upon information and belief, neither Plaintiff nor Plaintiff's predecessors in interest, licensees, or other relevant persons have marked instrumentalities that embody any of the claims of the '175, '494, '700 or '472 patents with

proper notice of the patents in compliance with 35 U.S.C. § 287. To the extent that Plaintiff failed to comply with the notice provisions of 35 U.S.C. § 287, Plaintiff may not recover damages for any alleged infringement to which 35 U.S.C. § 287 applies that occurred prior to filing of Plaintiff's Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs.

## SEVENTH AFIRMATIVE DEFENSE

### (License/Implied License/Patent Exhaustion)

76.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 75 above.

77.     Plaintiff's claims for alleged patent infringement are precluded, barred or limited, in whole or in part, (i) to the extent that any allegedly infringing products, components or services are supplied, directly or indirectly, to Visible World or are imported, sold by, offered for sale by, made by, or made for, an entity or entities having express or implied licenses to the '175, '494, '700, or '472 patents and/or (ii) under the doctrine of patent exhaustion.

## EIGHTH AFFIRMATIVE DEFENSE

### (Single Recovery Rule)

78.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 77 above.

79.     Plaintiff's damages are preclude, barred or limited, in whole or in part, by the single recovery rule.

## NINTH AFFIRMATIVE DEFENSE

### (Unavailability of Relief)

80.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 79 above.

81.     Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and (c) and is not entitled to any alleged damages prior to providing any actual notice to Visible World of the '175, '494, '700, or '472 patents.

### TENTH AFFIRMATIVE DEFENSE

#### (Unavailability of Enhanced Damages)

82.     Visible World realleges and incorporates by reference its previous answers and responses to paragraphs 1 through 81 above.

83.     Plaintiff has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and 285 for recovery of increased damages or attorneys' fees.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Limitation on Damages and Remedies)

84. Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 83 above.

85. Plaintiff's claims for damages, if any, and prayer for relief against Visible World for alleged infringement of the '175, '494, '700, or '472 patents is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Prosecution History Estoppel)

86.     Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 85 above.

87.     Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that ultimately issued as the '175, '494, '700

or '472 patents, Plaintiff is precluded or otherwise estopped from asserting any construction of the claims of the '175, '494, '700 or '472 patents that is inconsistent with its or its predecessor(s)-in-interest's representations before the PTO. On information and belief, Plaintiff is estopped from asserting any construction of the claims sufficiently broad to cover or include any product that could be made, used, sold, offered for sale within the United States, or imported into the United States, by Visible World.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

88.    Visible World realleges and incorporates by reference its previous answers and responses stated in paragraphs 1 through 87 above.

89.    Plaintiff's claims are precluded, barred or limited, in whole or in part, under principles of equity, including not limited to the equitable doctrines of laches, prosecution laches, waiver, estoppel, acquiescence and/or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unavailability of Injunctive Relief)

90.    Visible World realleges and incorporates by reference its previous answers and responses to paragraphs 1 through 89 above.

91.    Plaintiff is not entitled to injunctive relief or is precluded, barred or limited from obtaining any other type of equitable relief because any alleged injury to Plaintiff is not irreparable and because – had Plaintiff been injured – it would have an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reserved Defenses)

92.    Visible World realleges and incorporates by reference its previous answers and

responses stated in paragraphs 1 through 91 above.

93.     Visible World reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available to Visible World based on discovery and further factual investigation in this case or any related action.

## COUNTERCLAIMS

Visible World, now pleading as Counterclaimant pursuant to Federal Rule of Civil Procedure 13, states the following counterclaims for relief against Plaintiff and incorporates by reference its previous answers, responses and affirmative defenses stated in paragraphs 1 through 93 above and shows:

1.     Visible World brings these counterclaims without waiving its right to argue that venue in the Eastern District of Texas is improper and inconvenient.

2.     This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. A justiciable controversy exists between Visible World and Plaintiff based on Plaintiff having filed a Complaint against Visible World asserting that Visible World infringes the '175, '494, '700, and/or '472 patents.

3.     Visible World is a Delaware corporation with its principal place of business located at 460 W. 34th Street, 14th Floor, New York, New York, 10001.

4.     Upon information and belief, Plaintiff is a Texas limited liability corporation with its principal place of business alleged to be located at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

5.     This Court has jurisdiction over Visible World's Declaratory Judgment

counterclaims pursuant to 28 U.S.C. §§ 2201-2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a). An actual, substantial, and continuing controversy between Visible World and Plaintiff exists regarding noninfringement, validity, and/or unenforceability of the '175, '494, '700, or '472 patents with respect to which Visible World requires a declaration of its rights by this Court.

6.      This Court has personal jurisdiction over Plaintiff at least because Plaintiff has already submitted itself to this Court's personal jurisdiction by suing Visible World and other defendants in this Court.

7.      Venue for these counterclaims is proper in this Court under 28 U.S.C. § 1391(b) and 1400(b) because Plaintiff has submitted to the venue of this Court by filing its Complaint in this Court and under the doctrine of pendent venue because these counterclaims are closely related to the claims set forth in the Complaint.

## COUNT ONE

(Declaratory Judgment of Non-infringement of the '175 Patent)

8.      Plaintiff alleges that Visible World has infringed the '175 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '175 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Complaint.

9.      Visible Word does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe, either directly or indirectly, any valid and enforceable claim of the '175 patent.

10.     Visible World is entitled to a declaratory judgment that it has not infringed and is

not infringing the '175 patent.

## COUNT TWO

(Declaratory Judgment of Invalidity of the '175 Patent)

11.     One or more claims of the '175 patent are invalid for failure to comply with the requirements of patentability specified in one or more sections of 35 U.S.C. §§ 101 *et seq*., including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

12.     Visible World is entitled to a declaratory judgment that one or more claims of the '175 patent are invalid.

## COUNT THREE

(Declaratory Judgment of Non-infringement of the '494 Patent)

13.     Plaintiff alleges that Visible World has infringed the '494 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '494 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Complaint.

14.     Visible Word does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe, either directly or indirectly, any valid and enforceable claim of the '494 patent.

15.     Visible World is entitled to a declaratory judgment that it has not infringed and is not infringing the '494 patent.

## COUNT FOUR

(Declaratory Judgment of Invalidity of the '494 Patent)

16.    One or more claims of the '494 patent are invalid for failure to comply with the requirements of patentability specified in one or more sections of 35 U.S.C. §§ 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

17.    Visible World is entitled to a declaratory judgment that one or more claims of the '494 patent are invalid.

**COUNT FIVE**

(Declaratory Judgment of Non-infringement of the '700 Patent)

18.    Plaintiff alleges that Visible World has infringed the '700 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '700 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Complaint.

19.    Visible Word does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe, either directly or indirectly, any valid and enforceable claim of the '700 patent.

20.    Visible World is entitled to a declaratory judgment that it has not infringed and is not infringing the '700 patent.

**COUNT SIX**

(Declaratory Judgment of Invalidity of the '700 Patent)

21.    One or more claims of the '700 patent are invalid for failure to comply with the requirements of patentability specified in one or more sections of 35 U.S.C. §§ 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

22.    Visible World is entitled to a declaratory judgment that one or more claims of the

'700 patent are invalid.

## COUNT SEVEN

(Declaratory Judgment of Non-infringement of the '472 Patent)

23.     Plaintiff alleges that Visible World has infringed the '472 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '472 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Complaint.

24.     Visible Word does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe, either directly or indirectly, any valid and enforceable claim of the '472 patent.

25.     Visible World is entitled to a declaratory judgment that it has not infringed and is not infringing the '472 patent.

## COUNT EIGHT

(Declaratory Judgment of Invalidity of the '472 Patent)

26.     One or more claims of the '472 patent are invalid for failure to comply with the requirements of patentability specified in one or more sections of 35 U.S.C. §§ 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

27.     Visible World is entitled to a declaratory judgment that one or more claims of the '472 patent are invalid.

## COUNT NINE

(Exceptional Case)

28.     This is an exceptional case entitling Visible World to an award of its costs and

fees, including its reasonable attorney's fees, incurred in connection with this action pursuant to 35 U.S.C. §285.

## VISIBLE WORLD'S PRAYER FOR RELIEF

WHEREFORE, Visible World respectfully prays for relief as follows:

a)      That the Court enter judgment in favor of Visible World and against Plaintiff on all claims for relief asserted against Visible World by Plaintiff, dismissing with prejudice any and all such claims and ordering that Plaintiff take nothing from Visible World as a result of this action;

b)      That the Court find and declare that Visible World has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, or '472 patents.

c)      That the Court find and declare that the '175, '494, '700, or '472 patents and their claims invalid;

d)      That the Court find and declare that the '175, '494, '700, or '472 patents and their claims are unenforceable;

e)      That the Court find and declare that this is an exceptional case, pursuant to 35 U.S.C. § 285, and award Visible World its costs of suit and fees, including reasonable attorneys' fees; and

f)      That the Court grant Visible World such other and further relief, general or special, legal or equitable, as the Court deems just and proper.

Dated:  April 11, 2013

Respectfully submitted,

ANDY TINDEL
State Bar No. 20054500
MANN, TINDEL & THOMPSON - ATTORNEYS AT LAW
112 East Line Street, Suite 304
Tyler, Texas 75702
Tel:       (903) 596-0900
Fax:       (903) 596-0909
Email:    atindel@andytindel.com

J. MARK MANN
State Bar No. 12926150
G. BLAKE THOMPSON
State Bar No. 24042033
MANN, TINDEL & THOMPSON – ATTORNEYS AT LAW
300 West Main Street
Henderson, Texas 75652
Tel:     (903) 657-8540
Fax:     (903) 657-6003
Email: mark@themannfirm.com
Email: blake@themannfirm.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on the 11th day of April, 2013. Any other counsel of record will be served via facsimile transmission.

Andy Tindel