UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § § | Jury Trial Demanded |
| *Defendants.* | § § § | |
| Blue Spike, LLC, | § § | |
| *Plaintiff,* | § § § | CASE NO. 6:13-cv-125 MHS |
| v. | § § | CONSOLIDATED CASE |
| Entropic Communications, Inc., | § § § | Jury Trial Demanded |
| *Defendant.* | § § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [DKT. 533]**

Plaintiff Blue Spike, LLC opposes Entropic Communication Inc.'s motion to dismiss because the complaint pleads each of Blue Spike's claims with sufficient specificity.

**Legal Standards**

A motion to dismiss for failure to state a claim is governed by regional circuit law. *In re Bill of Lading Transmission & Processing System Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Under Fifth Circuit standards, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir.

1

2007); *see also Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "[D]etailed factual allegations" are not required; a complaint need only allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Specific to the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357; *see also Realtime Data, LLC v. Morgan Stanley*, 721 F.Supp.2d 538, 541 (E.D. Tex. 2010) ("A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief."). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.'" *Morgan v. Hubert*, 335 Fed.App'x 466, 470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

**Argument**

The Court should deny Entropic's motion, as Blue Spike has pleaded its claims for induced infringement, contributory infringement, and willful infringement with sufficient specificity. *Contra* Dkt. 533 at 6-11.

**I.   Blue Spike Has Sufficiently Pleaded Induced Infringement.**

A party is liable for induced infringement if it knows or should know that it is inducing an act that constitutes patent infringement. *See* 35 U.S.C. § 271(b); *In re Bill of Lading*, 681 F.3d at 1339. Thus, to survive a motion to dismiss, a complaint alleging induced infringement must contain sufficient facts to plausibly show that the defendants intended a third party to infringe the patent at issue and knew the third party's acts constituted infringement. *Id.* at 1339. Answering the same arguments that Entropic makes in its motion, Magistrate Judge Love recently addressed the standards for pleading "knowledge" and "intent" for induced-infringement claims.

The facts in *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012), were almost identical to those at issue here, so Judge Love's Report and Recommendation are highly instructive and show why Blue Spike's complaint should not be dismissed. The defendants in *Patent Harbor*—like Entropic in this case—moved to dismiss the induced-infringement claims, arguing the plaintiff had "failed to allege that the Defendants had knowledge of the patent-in-suit." Cause No. 6:11-cv-229, Dkt. 486 at 9 (attached as Ex. 1). Judge Love rejected this argument because "the Complaint clearly alleges that the 'Defendants

3

have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint.'" *Id*. Judge Love concluded that "[t]o the extent Defendants' arguments relate to Patent Harbor's failure to allege pre-suit knowledge, these arguments are unpersuasive" because "[f]ailing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" *Id*. (quoting *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)); *see also In re Bill of Lading*, 361 F.3d at 1345-46 (finding complaints that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" were sufficient when pleaded in conjunction with facts plausibly showing intent to induce).

Judge Love also rejected the argument—identical to Entropic's here—that dismissal was warranted based on the failure "to allege specific intent to induce infringement." Cause No. 6:11-cv-229, Dkt. 486 at 9. A plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement." *Id*. (citing *In re Bill of Lading*, 681 F.3d at 1336). "Rather, the Complaint need only plead a plausible claim for relief." *Id*. Judge Love found that the complaint before him met this standard because its allegations—that "Defendants have knowledge of the [patent-in-suit], are infringing the patent by authoring DVDs with content addressable videos, and are contracting with others to author DVDs with content addressable videos"—gave rise to a plausible inference

4

"that Defendants induced others to infringe the [patent-in-suit] by directing and controlling them through contract." *Id*. at 10. Critically, Judge Love noted that "although these allegations do not provide an extraordinary amount of detail regarding the elements of inducement, they nevertheless provide Defendants with sufficient notice of the allegedly unlawful conduct in which they engaged." *Id*. "[M]aking all reasonable inferences in favor of [the plaintiff]," it was "plausible to infer that Defendants induced third-party contractors to infringe" the patent-in-suit. *Id*. (citing *Bill of Lading*, 681 F.3d at 1340).

Entropic's arguments are virtually identical to those that Judge Love rejected in *Patent Harbor*. Entropic argues it was not enough for Blue Spike to assert knowledge "at least as early as the service of this complaint." Yet the Court found that *this exact wording* precluded dismissal in *Patent Harbor*. Cause No. 6:11-cv-229, Dkt. 486 at 9.[1] Likewise, Entropic argues that Blue Spike has not pleaded sufficient facts to show intent, but Blue Spike alleges facts that are at least as compelling as those in *Patent Harbor*. For example, Blue Spike alleges that Entropic makes, uses, offers for sale, or imports into the U.S. products, systems, or services including its set-top box system-on-a-chip platform software, systems, and technology, enabled with automatic content recognition, that infringe the patents in suit. Cause No. 6:13-cv-00125-MHS, Dkt. 1 at ¶27. The identification of these specific consumer products permits a reasonable inference that Entropic intends its

---

[1] Entropic argues that "at a minimum," Blue Spike's "at least as early as" language warrants dismissal of any pre-suit inducement claims. Dkt. 533 at 8-9. Entropic is mistaken; the exact date when Entropic acquired knowledge is a fact question that may be illuminated by discovery, so it would be premature for the Court to cut off pre-suit inducement claims at this point. The story would be different if Blue Spike had actually conceded a lack of pre-suit knowledge, but it has not done so.

customers to use them. Exhibits 2 through 5 of this opposition provide additional evidence that the accused products have specific infringing capabilities that Entropic is aggressively marketing in an effort to induce consumer use.[2]

## II.   Blue Spike Has Sufficiently Pleaded Contributory Infringement.

Entropic also argues that Blue Spike's allegations of knowledge are insufficient to maintain contributory-infringement claims. Dkt. 533 at 9. This argument fails for the same reason that it failed for Blue Spike's induced-infringement claims: "the Complaint clearly alleges that the 'Defendants have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint.'" Cause No. 6:11-cv-229, Dkt. 486 at 9.[3] "Failing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims, as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" *Id.* (quoting *Lochner Techs.*, 2012 WL 2595288, at *3); *see also Achates Reference Supply Publ'g Co. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, Dkt. 303 at 2-3 ("[T]he Court finds that there is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement. While it is true that Achates will ultimately have to establish that Symantec had the requisite knowledge of the asserted patents at the time of each act of contributory infringement, Symantec does not cite any controlling authority suggesting that the

---

[2] Exhibits 2 and 4 are Entropic press releases touting the accused products' automatic-content-recognition capabilities. Exhibits 3 and 5 provide additional information on how this infringing technology works. Comparing this information to Blue Spike's description of how the patents in suit work, *see* Cause No. 6:13-cv-00125-MHS, Dkt. 1 at ¶¶21-25, it is easy to conclude that Blue Spike's infringement allegations are facially plausible.
[3] Again, Entropic argues that "at a minimum," Blue Spike's "at least as early as" language warrants dismissal of any pre-suit contribution claims. Dkt. 533 at 9. Entropic is mistaken for the reasons explained in note 1, above.

Complaint itself is not sufficient to provide knowledge of the asserted patents for alleged acts of contributory infringement occurring during the pendency of the case.").

Entropic also complains that Blue Spike has not pleaded facts to permit an inference that the accused products have no substantial non-infringing use. Dkt. 533 at 8. Again, Entropic is incorrect. The complaint specifically explains that the patents-in-suit are foundational to all of today's widespread content-recognition applications. Cause No. 6:13-cv-00125-MHS, Dkt. 1 at ¶24. Entropic advertises that the accused products integrate technologies whose only stated purpose is content recognition. *See* Exs. 2-5. At this stage, it is reasonable for the Court to infer that Entropic's accused products have no other non-infringing use—especially in light of Blue Spike's averment that they do not. *Cf. In re Bill of Lading*, 681 F.3d at 1339 (holding that plaintiff had not stated a claim for contributory infringement because, unlike Blue Spike's complaint against Entropic, the amended complaints in *In re Bill of Lading* "actually make clear on their face that Appellees' products do have substantial non-infringing uses"). It is true that the complaint itself does not contain extensive analysis of why the accused products have no substantial non-infringing uses, but as this Court has repeatedly held, a plaintiff need not plead "each individual element of a claim for indirect infringement" to survive dismissal. *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (denying a motion to dismiss that argued

7

complaint was "deficient because it fails to allege the additional elements required to establish induced and contributory infringement").

Also critical, "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." *Id*. Applying this standard, Blue Spike has adequately pleaded both induced infringement and contributory infringement.

### III.  Blue Spike Has Also Sufficiently Pleaded Willful Infringement.

Last, Entropic urges the Court to dismiss Blue Spike's willfulness claims, arguing that Blue Spike has not alleged any pre-lawsuit willful conduct. Dkt. 533 at 10-11. This gets the law wrong. Granted, Entropic is correct that an allegation of pre-filing willfulness must be based on pre-filing conduct. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). And Blue Spike concedes that it has no basis for alleging pre-filing willfulness at this point, even though future discovery may change that. But, here, Blue Spike explicitly bases its willfulness allegation on *post-filing* conduct. *See, e.g.*, Cause No. 6:13-cv-00125-MHS, Dkt. 1 at ¶37 ("Defendant has continued to infringe the '175 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit."). Such conduct is a legitimate basis for recovering willfulness damages. As this Court

recently held, willful-infringement claims will survive a motion to dismiss as long as the plaintiff has pleaded (1) "when Movants received notice of the patent-in-suit" and (2) "that their continued alleged infringement is objectively reckless." *Wordcheck Tech, LLC v. ALT-N Techs., Ltd.*, No. 6-10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012). Blue Spike has done that here. *See* Cause No. 6:13-cv-00125-MHS, Dkt. 1 ¶¶37, 45, 53, 61.

The reason for allowing Blue Spike to allege post-filing willful infringement is to put Entropic on notice that it will be held responsible for willfulness damages if Blue Spike is ultimately proves that Entropic willfully infringed Blue Spike's patents after the complaint was filed. Nothing beyond this notice is required or even warranted at this juncture.

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Entropic's motion to dismiss.

9

April 11, 2013                                        Respectfully submitted,

                                                    /s/ Randall T. Garteiser  
                                                    Randall T. Garteiser  
                                                    Lead Attorney  
                                                    Texas Bar No. 24038912  
                                                    rgarteiser@ghiplaw.com  
                                                    Christopher A. Honea  
                                                    Texas Bar No. 24059967  
                                                    chonea@ghiplaw.com  
                                                    Christopher S. Johns  
                                                    Texas Bar No. 24044849  
                                                    cjohns@ghiplaw.com  
                                                    Kirk J. Anderson  
                                                    California Bar No. 289043  
                                                    Peter S. Brasher  
                                                    California Bar No. 283992  
                                                    GARTEISER HONEA, P.C.  
                                                    44 North San Pedro Road  
                                                    San Rafael, California 94903  
                                                    (415) 785-3762  
                                                    (415) 785-3805 fax

                                                    *Counsel for Blue Spike, LLC*

## C<span style="font-variant:small-caps">ertificate of</span> S<span style="font-variant:small-caps">ervice</span>

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 11th day of April, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                    /s/ Randall T. Garteiser
                                                    Randall T. Garteiser