# Ex. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PATENT HARBOR, LLC | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 6:11-cv-229 |
| v. | § § § | |
| | § | JURY TRIAL DEMANDED |
| DREAMWORKS ANIMATION SKG, INC., et al, | § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants'[1] Motion to Dismiss the Indirect Infringement Counts from the Complaint Pursuant to the Federal Rule of Civil Procedure 12(c) (Doc. No. 437) ("Motion"). Plaintiff Patent Harbor, LLC ("Patent Harbor" or "Plaintiff") has responded to the Motion (Doc. No. 453) ("Response") and filed a sur-reply (Doc. No. 458) ("Sur-Reply"). Defendants filed a reply (Doc. No. 457) ("Reply"). Upon consideration of the issues, the Court **RECOMMENDS** that the Motion be **GRANTED-IN-PART.**

BACKGROUND

Patent Harbor accuses Defendants of infringing U.S. Patent No. 5,684,514, ("the '514 Patent") entitled "Apparatus and Method for Assembling Content Addressable Video." *See* (Doc. No. 1) ("Complaint") at ¶ 41. Patent Harbor's allegations are largely the same for each Defendant. Patent Harbor's allegations against Paramount are illustrative:

> Upon information and belief, Paramount manufactures, uses, sells, offers to sell, authors, and/or distributes DVD and Blu-Ray discs containing movies, television

---

[1] The moving Defendants are Paramount Pictures Corporation; Paramount Home Entertainment, Inc (collectively "Paramount"); Universal Studios Home Entertainment LLC; Universal Pictures, a division of Universal City Studios LLC (collectively "Universal"); Private Media Group, Inc; VCX Ltd., Inc.; and Focus Features, LLC.

1

> shows or other forms of video entertainment, including, but not limited to, *Star Trek*. The authoring of the Paramount Corp. DVD and Blue-Ray discs, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, infringe one or more claims of the '514 Patent. Upon information and believe, Paramount either performs the authoring or directs and controls the authoring through contract.

COMPLAINT at ¶ 57.[2]

Defendants argue that the Complaint fails to adequately plead any form of indirect infringement because: (1) it does not allege that Defendants had knowledge of the '514 patent or the required specific intent and (2) it fails to identify a direct infringer. *See* MOTION at 7, 10. Specifically, Defendants argue that in order to properly allege induced infringement, Plaintiff must allege that the Defendants knew of the '514 patent and "'possessed a *specific intent* to encourage another's infringement of the patent.'" MOTION at 7 (quoting *Vita-Miz Corp. v. Basic Holding, Inc.,* 581 F.3d 1317, 1328 (Fed. Cir. 2009) (emphasis as in MOTION). Similarly, Defendants argue that to properly plead contributory infringement, "Patent Harbor was required to satisfy '§ 271(c)'s intent requirement' by alleging that each Moving Defendant[] had specific knowledge that 'the combination for which [its] component was especially designed was both patented and infringing.'" *Id.* (quoting *Global-Tech Appliances, Inc. v. SEB S.A.,* --- U.S. ----, 131 S.Ct. 2060, 2067-68 (2011)). Lastly, Defendants argue that Patent Harbor's reference to contractors fails to sufficiently identify a direct infringer.

## APPLICABLE LAW

The same standard applies to motions made under Federal Rules of Civil Procedure 12(c) as motions to dismiss under Rule 12(b)(6). *See Clear with Computers, LLC v. Hyundai Motor*

---

[2] The allegations against the remaining Defendants differ only in the example DVD/Blu-Ray identified by Patent Harbor. *See, e.g.,* COMPLAINT at ¶ 64 (naming *Baby Mama* as an example DVD/Blu-Ray disc authored by Universal).

2

*America, Inc.*, No. 6:09-cv-479, 2010 WL 3155885, at *3 (E.D. Tex. Mar. 29, 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). Motions to dismiss for failure to state a claim are governed by regional circuit law. *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007)). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal*, 501 F.3d at 1356 (internal quotations omitted); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007) (interpreting Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685, 129 S. Ct. 1937, 1949-50, 1953 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Similarly, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10). Furthermore, "[b]ecause liability for indirect infringement of a patent requires direct

infringement, [Plaintiff's Complaint] must plausibly allege that the [patent-in-suit] was directly infringed to survive [a] motion to dismiss." *Bill of Lading*, 681 F.3d at 1331. The Federal Circuit definitively held that whether a complaint adequately pleads direct infringement is to be measured by the specificity required by Form 18. *Id.*; *see also* FED. R. CIV. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation). Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

> (Caption—See Form 1.)
>
> 1. (Statement of Jurisdiction--See Form 7.)
>
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.
> (Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also Bill of Lading*, 681 F.3d at 1334 (describing the requirements of Form 18). To the extent that *Twombly* and its progeny conflict with Form 18 and suggest different pleading requirements, "the Forms control." *Id.* at 1336-37. However, Form 18 applies only to direct infringement claims and cannot measure the sufficiency of

indirect infringement pleadings. *Id.* Claims for indirect infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal. Id.* ("[B]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement").

## ANALYSIS

### I. Patent Harbor Adequately Alleges a Direct Infringer.

Defendants argue that the Complaint fails to identify any underlying direct infringement because it fails to specifically identify a direct infringer and because the Complaint inappropriately focuses on potential infringing products "such as *Star Trek* and *Baby Mama* DVDs and Blu-Ray discs" rather than on the method of producing these products. MOTION at 11. For the reasons set forth below, the Court finds neither argument persuasive.

First, the Court finds that Patent Harbor adequately identifies a direct infringer, which Patent Harbor refers as "contractors." Defendants argue that "categorical references to a class of entities by a generic descriptor are not sufficient to identify the actual identities or individuals that allegedly committed acts of direct infringement." MOTION at 11. However, the Federal Circuit recently rejected a similar argument. A defendant argued that reference to generic "customers" failed to properly identify a direct infringer; instead, the defendant argued that a plaintiff alleging indirect infringement "must name a specific customer to adequately plead the predicate direct infringement." *Bill of Lading*, 681 F.3d at 1336. The Federal Circuit rejected this argument, stating:

> Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more. To state a claim for indirect infringement, therefore, a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists.

*Bill of Lading,* 681 F.3d at 1336 (citations omitted). The court further found:"[a]s long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18, the complaint has sufficiently pled direct infringement." *Id.* Similar to the complaint in *Bill of Lading*, Patent Harbor's allegation that Defendants direct or control others through contract sufficiently identifies a class of infringers: "contractors" who produce DVDs and Blu-Ray videos in an infringing manner. *See Lodsys, LLC v. Brother Int'l Corp.*, Civ. No. 6:11-cv-90-JRG, 2012 WL 760729 at *3 (E.D. Tex. Mar. 8, 2012) (finding pleading sufficient where identity of direct infringer is "easily inferred from the complaint" to be sufficient); *Lochner Technologies, LLC v. AT Labs Inc.*, 2:11-CV-242-JRG, 2012 WL 2595288 at *3 (E.D. Tex. July 5, 2012)(finding "end users of the above referenced products" sufficiently identified direct infringers). Thus, Patent Harbor need not identify specific contractors in order to adequately plead indirect infringement.

Furthermore, the Court finds that the Complaint contains sufficient factual allegations to meet the requirements of Form 18. The Federal Circuit recently reiterated that Form 18 has five requirements:

> (1) an allegation of jurisdiction
> (2) a statement that plaintiff owns the patent
> (3) a statement that defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent"
> (4) a statement that the plaintiff has given notice of its infringement; and
> (5) a demand for damages

*Bill of Lading,* 681 F.3d at 1334 (citing *McZeal,* 501 F.3d at 1356-57). While the Federal Circuit has found that direct infringement pleadings mirroring Form 18 are sufficient under Rule 8, courts differ in interpreting Form 18's requirements. In particular, courts are split with regards to the degree of specificity required to identify a defendant's products or services. Some courts

require plaintiffs to identify specific products or services[3] while others require the identification of a general category of products.[4] The required detail level of the description is dictated by the facts and circumstances surrounding the action such that the complaint, taken as a whole, puts the defendant on notice of what it is supposed to defend. *See Iqbal,* 556 U.S. 662 at 679; *McZeal,* 501 F.3d at 1357 ("a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend").

This Court has previously noted that cases involving "more nebulous, less tangible inventions such as computer software methods" may require a higher degree of specificity to provide proper notice to the defendant. *See Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of North America, Inc. et al.,* 6:11-cv-34, slip op. at *6 (E.D.Tex. Sept. 29, 2011). In cases involving a concrete, tangible invention such as an "electric motor," identification of a general category of products is more likely to be sufficient under Form 18 and *Twombly. See id.* (collecting cases); *see also Xpoint Tech., Inc. v. Microsoft Corp.,* 730 F. Supp. 2d 349, 353 (D. Del 2010) ("[The] allegations mimic Form 18 insofar as the direct infringement pleading only needs to allege that a defendant is 'making using, selling, and using' a general category of products analogous to 'electric motors.'") (citations omitted).

Defendants' argument that Patent Harbor focuses on products rather than the claimed method is a nonstarter. Patent Harbor identifies a specific category of products it believes were

---

[3] *See, e.g., Bender v. LG Electronics U.S.A., Inc.,* No. 09-2114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010)("without identifying specific products or product parts, [plaintiff] has not put Defendants on notice as to what products or parts are subject to the infringement claim"); *Taurus IP, LLC v. Ford Motor Co.,* 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008)(finding that "notice means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent").

[4] *See, e.g., Atwater Partners of Texas LLC v. AT&T, Inc.,* No. 2:10-cv-175, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) (finding that Form 18 does not identify specific models, "so naming a specific product is not required"); *accord Realtime Data v. Stanely,* 721 F. Supp. 2d 538, 539 (E.D. Tex 2010); *See also Eidos Comm'ns, LLC v. Skype Tech.,* 686 F. Supp. 2d 645, 467 (D.Del 2010) ("Plaintiffs were obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods").

manufactured using the patented method: DVDs and Blu-Ray discs with content-addressing features. *See, e.g.,* COMPLAINT at ¶ 57. The Complaint also describes exemplary movies such a "*Star Trek*" on DVD/Blu-Ray disc that Patent Harbor believes was manufactured using the accused method. *Id.* This identification is more than adequate to comply with Form 18 because not only does it identify a general category of products analogous to "electric motors," but it also identifies specific features of the accused products that embody the claimed invention, i.e., "content-addressing features (e.g., illustrated chapter/scene selection)." This description of the accused products combined with the Complaint's identification of "contractors" as the direct infringers is more than sufficient to put Defendants on notice as to what they must defend. *See Bill of Lading,* 681 F.3d at 1340 ("At this stage of the litigation a plaintiff is only required to plead enough facts to enable a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Iqbal*, 556 U.S. at 678); *id.* at 1336 (noting that "as long as the complaint . . . meets the requirements of Form 18, the complaint has sufficiently pled direct infringement"). Accordingly, the Court finds that Patent Harbor sufficiently identifies an alleged direct infringer.

## II. Patent Harbor Adequately Pleads Inducement

A party is liable for induced infringement if it knew or should have known that the induced acts constitute patent infringement. *See* 35 U.S.C. § 271 (b); *Global-Tech Appliances,* 131 S.Ct. at 2068; *Bill of Lading,* 681 F.3d at 1339. Thus, to survive Defendants' motion to dismiss, Patent Harbor's Complaint must contain sufficient facts plausibly showing that Defendants specifically intended a third party to infringe the '514 patent and knew the third party's acts constituted infringement. *Bill of Lading,* 681 F.3d at 1339. However, this does not mean that Patent Harbor "must prove itself at the pleading stage." *Id.*

8

Defendants argue the Court should dismiss Patent Harbor's indirect infringement claims because "Patent Harbor failed to allege that the [] Defendants had knowledge of the patent-in-suit." MOTION at 7. However, the Complaint clearly alleges that the "Defendants have actual notice of the '514 patent at least as early as the filing of this Original Complaint." COMPLAINT at ¶ 26. To the extent Defendants' arguments relate to Patent Harbor's failure to allege pre-suit knowledge, these arguments are unpersuasive. Failing to allege pre-suit knowledge ". . . is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that[Plaintiff] *does* sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period." *Lochner Technologies*, 2012 WL 2595288 at *3; *see also Bill of Lading*, 361 F.3d at 1345-46 (finding complaints that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" were sufficient when plead in conjunction with facts plausibly showing intent to induce); *Symantec Corp. v. Veeam Software Corp.*, Civ. No 12-00700 SI, 2012 WL 1965832 at *4 (N.D. Cal. May 31, 2012) (finding defendant had knowledge of patent at least as of the time of filing a complaint, but not earlier); *but see Aguirre v. Powerchute Sports LLC*, No. SA-10-CV-0702, 2011 WL 2471299 at * 3 (W.D. Tex. June 17, 2011) ("To the extent [Plaintiff] relies on knowledge of [the patent-in-suit] after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement").

Furthermore, Defendants argue that Patent Harbor has failed to allege specific intent to induce infringement. *See* MOTION at 9. As an initial matter, the Court notes that Plaintiff need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement. *See Bill of Lading*, 681 F.3d at 1336. Rather, the Complaint need only plead a plausible claim for relief.

9

Case 6:12-cv-00499-RWS-CMC Document 640-2 Filed 04/11/13 Page 11 of 13 PageID #:
Case 6:11-cv-00229-LED-JDL Document 336 Filed 07/27/12 Page 10 of 12 PageID #:
2304

The Complaint alleges that Defendants had knowledge of the '514 patent as of filing the suit, COMPLAINT at ¶ 76; that the accused method is the "authoring" of DVD and Blu-Ray discs "with their content-addressing features (e.g. illustrated chapter/scene selection)," *see id.* at ¶ 57; and that Defendants either perform that method themselves or "direct[] and control[]" others to do so "through contract," *id.* In other words, Patent Harbor alleges that Defendants have knowledge of the '514 patent, are infringing the patent by authoring DVDs with content addressable videos, and are contracting with others to author DVDs with content addressable videos. The Court finds that a plausible inference from these allegations is that Defendants induced others to infringe the '514 patent by directing and controlling them through contract. Further, although these allegations do not provide an extraordinary amount of detail regarding the elements of inducement, they nevertheless provide Defendants with sufficient notice of the allegedly unlawful conduct in which they engaged. Thus, making all reasonable inferences in favor of Patent Harbor, the Court finds that it is plausible to infer that Defendants induce third-party contractors to infringe the '514 patent by authoring or manufacturing DVD and Blu-Ray disks "with [] content-addressing features (e.g. illustrated chapter/scene selection)." *See Bill of Lading*, 681 F.3d at 1340 (citations omitted) (finding error where the district court failed to "draw all reasonable inferences in favor of the non-moving party"). Accordingly, the Court declines to dismiss Patent Harbor's induced infringement claims.

### III. Patent Harbor's Contributory Infringement Claims

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d

Case 6:12-cv-00499-RWS-CMC   Document 640-2   Filed 04/11/13   Page 12 of 13 PageID #:
Case 6:11-cv-00229-LED-JDL   Document 486   Filed 07/27/12   Page 11 of 12 PageID #:
2305

at 1337 (quoting 35 U.S.C. § 271(c))). Thus, to state a claim for contributory infringement, Patent Harbor must, among other things: (1) identify the "material or apparatus for use in practicing [the] patented process" that is sold or offered for sale by Defendants and (2) "plead facts that allow an inference that [these] components . . . have no substantial non-infringing uses." *See Id.* (citations omitted).

For the reasons stated above, the Court finds that the Complaint sufficiently identifies a direct infringer. However, the Complaint fails to identify the components used in the infringing method and is devoid of any allegation from which the Court can plausibly infer that any components being sold have "no substantial non-infringing uses." Indeed, Patent Harbor's response fails to meaningfully respond to Defendants' challenge of its contributory infringement allegations. Accordingly, the Court finds that Patent Harbor's contributory infringement allegations fail to state a claim.

## CONCLUSION

Based upon the foregoing, the Court **RECOMMENDS** Defendants' Motion to Dismiss (Doc. No. 437) be **GRANTED-IN-PART.** The Court further **GRANTS** Patent Harbor leave to amend its Complaint within fourteen days of the date of this Order to comply with Rule 8 as described herein. However, the Motion is **DENIED** with respect to Patent Harbor's induced infringement allegations.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in this report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations

and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 27th day of July, 2012.**

*[signature: John D. Love]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE