IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>                Plaintiff<br><br>vs.<br><br>TV INTERACTIVE SYSTEMS, INC.,<br><br>                Defendant. | Civil Action No. 6:12-cv-00684-LED<br>(Lead Case No. 6:12-00499-LED) |

**DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

## TABLE OF CONTENTS

Page

I. FACTS ................................................................................................................................ 1
    A. Plaintiff Blue Spike's Allegations. ........................................................................ 1
    B. Jurisdictional Facts ................................................................................................ 2
II. APPLICABLE LAW ........................................................................................................... 4
    A. Personal Jurisdiction. ............................................................................................. 4
    B. Venue. .................................................................................................................... 6
III. ARGUMENT ....................................................................................................................... 7
    A. This Court Does Not Have Personal Jurisdiction Over CMN. .............................. 7
        1. The Court Lacks General Jurisdiction Over CMN Because CMN Does Not Have Continuous and Systematic Contacts with Texas. ........... 7
        2. The Court Lacks Specific Jurisdiction Over CMN Because CMN Has Not Made, Used, Imported, Sold or Offered to Sell Any Accused Products in Texas. .................................................................... 8
    B. Venue Is Improper. ................................................................................................ 9
IV. CONCLUSION .................................................................................................................. 10

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Acceleron, LLC v. Egenera, Inc., 634 F. Supp. 2d 758 (E.D. Tex. 2009) .............................. 4, 5, 9

Adv. Bio. Labs. v. Ameripath, Inc., No. 2:07CV31, 2008 WL 1757819 (E.D. Tex. Apr. 14, 2008) ........................................................................................................................ 4, 9

Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012 (Fed. Cir. 2009) ..................... 4, 5

Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324 (Fed. Cir. 2008) .............................. 6

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) ............................................................ 6, 8

Garnet Digital, LLC v. Apple, Inc., No. 6:11-CV-647, 2012 WL 4465260 (E.D. Tex. Sept. 27, 2012) ................................................................................................................ 6, 9

Grober v. Mako Products, Inc., 686 F.3d 1335, 1346-47 (Fed. Cir. 2012) .................................. 9

Hanson v. Denckla, 357 U.S. 235 (1958) .................................................................................... 6

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984) ............................... 5, 7

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) ..................................................................... 5

Mink v. AAAA Dev. LLC, 190 F.3d 333 (5th Cir. 1999) ............................................................. 8

Princeton Digital Image Corp. v. Facebook, Inc., No. 2:11-CV-400-JRG, 2012 W.L. 3647182 (E.D. Tex. Aug. 23, 2012) ....................................................................................... 4

Revell v. Lidov, 317 F.3d 467 (5th Cir. 2002) ........................................................................... 5, 8

VE Holdings Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (Fed. Cir. 1990) .................. 6

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

ii

Defendant TV Interactive Systems, Inc., which is now known as Cognitive Media Networks Inc. ("CMN"), respectfully requests that this Court dismiss Plaintiff Blue Spike LLC's ("Blue Spike") Complaint pursuant to Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue.  CMN appears in this case only for the limited purpose of filing this Motion.

Blue Spike had absolutely no basis to commence this suit against CMN in this District.  Indeed, each of the jurisdictional and venue allegations in its Complaint are demonstrably false.  CMN is a Delaware corporation with its principal place of business in San Francisco, California.  It has no offices or any other facilities in Texas, no employees in Texas, no customers in Texas, and has never sold any products or services in Texas.

CMN thus lacks any contacts with Texas upon which personal jurisdiction over CMN could be based, or any contacts that could establish proper venue in this District.  Accordingly, the Court should grant this motion to dismiss.

**I.      FACTS**

   **A.      Plaintiff Blue Spike's Allegations.**

Blue Spike commenced this action on September 21, 2012, alleging that CMN infringes U.S. Patent Nos. 7,346,472 (the "'472 Patent"), 7,660,700 (the "'700 Patent"), 7,949,494 (the "'494 Patent") and 8,214,175 (the "'175 Patent") (collectively, the "Patents-in-Suit").  (Dkt. No. 1.)  Blue Spike alleges that CMN has infringed one or more claims of the Patents-in-Suit because it "makes, uses, offers for sale and/or imports into the U.S. products, systems and/or services including, but not limited to, its automatic content recognition for Smart TVs software, applications, systems, and technology ('Accused Products') . . . ."  (Dkt. No. 1, ¶ 27.)

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

1

In its Complaint, Blue Spike alleges that this Court has personal jurisdiction over CMN because:

> (1) Defendant has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in Texas; (2) Defendant regularly does business or solicits business in the District and in Texas; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here.

(Dkt. No. 1, ¶ 5.)  As set forth in more detail below, each of these allegations is false.  CMN, in fact, has no contact whatsoever with Texas generally, or with this District in particular.

Likewise, Blue Spike alleges in its Complaint that venue is proper in this District because:

> Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendant is subject to personal jurisdiction in the District.

(Dkt. No. 1, ¶ 6.)  Again, each of these allegations is false.

### B.     Jurisdictional Facts Regarding CMN.

CMN is a startup company that seeks to provide automatic content recognition systems for Smart TVs.  (Declaration of John Michael Collette ("Collette Decl."), at ¶ 2.)  CMN's technology can enable Smart TVs to run applications that are synchronized in an intelligent fashion with live TV broadcast.  (*Id*.)  Through CMN's technology, the applications can interact with what is happening on the television screen, thus enabling various forms of user engagement.  (*Id*.)

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

2

CMN is a Delaware corporation with its principal place of business located in San Francisco, California. (Collette Decl. ¶ 3.) Besides its principal office in San Francisco, California, CMN's only other office is in New York, New York. (*Id*. ¶ 5.) Its registered agent for service of process is in Delaware. (*Id.* ¶ 10.)

CMN has no presence whatsoever in Texas. CMN is not, and has never been, registered to do business in Texas. (*Id*. ¶ 6.) CMN does not have an office in Texas, or own any property or maintain any facilities in Texas. (*Id*. ¶¶ 5, 7.) It does not have any mailing addresses in Texas. (*Id.* ¶ 7.) None of CMN's officers, directors, or employees lives or works in Texas. (*Id.* ¶ 8.)

Nor does CMN conduct any business in Texas. None of CMN's customers are Texas corporations or are headquartered in Texas, and consequently, CMN does not derive any revenue from Texas. (*Id.* ¶ 11.) CMN does not direct any marketing or advertisements to Texas. (*Id.* ¶ 12.) CMN has never attended a trade show or conference in Texas. (*Id.* ¶ 9.) CMN

Although CMN operates a website, which is accessible worldwide on the Internet, the website does not provide any commercial services, and is solely for informational purposes. (*Id.* ¶ 13 & Ex. A.) CMN's website is not and has never been specifically directed to Texas or any other state or country. (*Id.* at ¶15.) No goods or services are sold through CMN's website. (*Id.* ¶ 16.) The website is maintained, hosted and operated outside of Texas. (*Id.* ¶ 17.)

At one time, CMN, under its predecessor name TV Interactive Systems, Inc., operated the website www.tvinteractivesystems.com. (*Id.* ¶ 14.) That website consisted of several webpages relating to the company and its goods and services in a passive manner. (*Id.*) The website also contained a job posting seeking engineers to help build CMN's products, but the postings were

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

3

not specifically directed to applicants of Texas. (*Id.*) No goods or services were ever sold through this website. (*Id.* ¶ 16.) Like its current website, CMN's previous website was maintained, hosted and operated outside of Texas. (*Id.* ¶ 17.)

As of the date of this Motion, CMN has not made, used, imported, sold or offered to sell any products or services in Texas. (*Id*. ¶ 18.)

## II.   APPLICABLE LAW

### A.   Personal Jurisdiction.

When a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of making a *prima facie* showing that the defendant is subject to personal jurisdiction. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009); *Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 768 (E.D. Tex. 2009). If the plaintiff makes such a showing, the defendant may present evidence to prove that the court's exercise of personal jurisdiction would be constitutionally improper. *See id.* at 769. Where the evidence demonstrates beyond dispute that the requisite jurisdictional contacts do not exist, courts routinely grant the defendant's motion to dismiss for lack of personal jurisdiction. *See, e.g., Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-CV-400-JRG, 2012 W.L. 3647182, at *2 (E.D. Tex. Aug. 23, 2012) (granting motion to dismiss for lack of personal jurisdiction because the evidence was uncontroverted that defendant did not have any contacts with the state of Texas); *Acceleron*, 634 F. Supp. 2d at 769-70 (dismissing complaint for lack of personal jurisdiction where defendant had "never made, used, imported, sold, or offered any of the accused products in Texas"); *Advanced Biological Labs. v. Ameripath, Inc.*, No. 2:07CV31, 2008 W.L. 1757819, at *2 (E.D. Tex. Apr. 14, 2008) (granting motion to dismiss for lack of

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

4

personal jurisdiction where plaintiff failed to present any evidence of defendant's contacts with Texas).

Whether personal jurisdiction exists with respect to a non-resident defendant involves two inquiries: "[1] whether a forum state's long-arm statute permits service of process and [2] whether assertion of personal jurisdiction violates due process." *Autogenomics*, 566 F.3d at 1017 (internal quotation marks and citation omitted). Because the Texas long-arm statute "reaches to the constitutional limits" of due process, the personal jurisdiction inquiry focuses on the second prong of the analysis—whether the assertion of personal jurisdiction violates due process. *Revell v. Lidov*, 317 F.3d 467, 469-70 (5th Cir. 2002). Federal Circuit law governs whether the exercise of personal jurisdiction would violate due process. *Acceleron*, 634 F. Supp. 2d at 769.

Due process requires that a non-resident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). For the requisite "minimum contacts" with a forum state to exist, the defendant's contacts with the forum must be sufficient to confer either "general" or "specific" jurisdiction over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

To establish "specific" personal jurisdiction, "a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Avocent Huntsville*

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

5

*Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008) (internal quotation marks and citation omitted).

The plaintiff bears a higher burden in establishing "general" personal jurisdiction. *Id.* "Specifically, where a plaintiff's 'claims do not arise out of or relate to the defendant's contacts with the forum State, [the court] must explore the nature of the defendant's contacts with the forum State to determine whether they constitute *continuous and systematic* general business contacts.'" *Id.* (quoting *Helicopteros*, 466 U.S. at 415-16).

In either case, a defendant's contacts with the form state must be sufficient to demonstrate that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotation marks and citation omitted).

B. Venue.

Venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990); *see also Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *1 (E.D. Tex. Sept. 27, 2012) (quoting same).

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

6

### III. ARGUMENT

#### A. This Court Does Not Have Personal Jurisdiction Over CMN.

In this case, Blue Spike cannot meet its burden of establishing that this Court has personal jurisdiction over CMN. The incontrovertible evidence in the record establishes plainly that the Court does not have either general or specific personal jurisdiction over CMN. CMN should therefore be dismissed from the action.

##### 1. The Court Lacks General Jurisdiction Over CMN Because CMN Does Not Have Continuous and Systematic Contacts with Texas.

General jurisdiction cannot be asserted over a nonresident defendant unless it has engaged in *continuous and systematic* activity in the forum state. *Helicopteros*, 466 U.S. at 414-16. In this case, Blue Spike alleges in a conclusory fashion in its Complaint that CMS "regularly does business or solicits business in the District and in Texas; … engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and … has purposefully established substantial, systematic, and continuous contacts with the District." (Dkt. No. 1, ¶ 5.) Blue Spike does not and cannot, however, allege any specific facts to support these boiler-plate assertions because none of these allegations are true.

Far from having "continuous and systematic" contacts with Texas, CMN has absolutely no presence in Texas. CMN is a Delaware corporation, with offices only in San Francisco, California and New York, New York. (Collette Decl. ¶¶ 3, 5.) CMN does not have any offices, property, or facilities in Texas, and none of its officers, directors, or employees live or work there. (*Id.* ¶¶ 5, 7, 8.) It does not have a Texas mailing address. (*Id.* ¶ 7.) It is not registered to do business in Texas, and has no registered agent for service of process there. (*Id.* ¶¶ 6, 10.)

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

7

Moreover, CMN is not involved in any commercial activity in Texas. None of CMN's customers are Texas corporations or are headquartered in Texas, and consequently, CMN does not derive any revenue from Texas. (*Id.* ¶ 11.) It does not direct marketing or advertisements to Texas. (*Id.* ¶ 12.) It has not attended any trade shows or conferences in Texas. (*Id.* ¶ 9.)

In short, and contrary to Blue Spike's unfounded allegations, CMN does not "regularly do business or solicit business" in the District or in Texas. (Dkt. No. 1, ¶ 5.) Nor does it "engage[] in other persistent courses of conduct" or "derive[] substantial revenue from products and/or services provided to individuals in the District and in Texas," as Blue Spike contends. (*Id.*).

Blue Spike's Complaint does not specifically allege that either CMN's current website (www.cognitivenetworks.com) or its previous website (www.tvinteractivesystems.com) provides a basis for jurisdiction, because it cannot. CMN's current website is passive because it allows only CMN to post information—there are not sales of products or services through the website. (Collette Decl. ¶¶ 13, 16, Ex. A.) The same is true of CMN's previous website. (*Id.* ¶¶ 14, 16.) These websites are insufficient as a matter of law to establish jurisdiction over CMN. *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (dismissing complaint for lack of personal jurisdiction); *see also Mink v. AAAA Dev. LLC*, 190 F.3d 333, 337 (5th Cir. 1999) (same).

> 2. **The Court Lacks Specific Jurisdiction Over CMN Because CMN Has Not Made, Used, Imported, Sold or Offered to Sell Any Accused Products in Texas.**

To demonstrate specific jurisdiction, Blue Spike must show that CMN purposefully directed its activities at the residents of Texas and that the claim arises out of or relates to those activities. *Burger King*, 471 U.S. at 472. Blue Spike alleges in a conclusory manner in its

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

8

Complaint that CMN has "committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas" (Dkt. No. 1, ¶ 5). Once again, however, Blue Spike alleges no facts to support this allegation because the allegation is false.

CMN has not made, used, imported, sold or offered to sell *any* products or services in Texas. (Collette Decl. ¶ 18.) Thus, Blue Spike's claims cannot possibly arise out of any activities based in Texas, and the Court does not have specific jurisdiction over CMN. *See*, *e.g.*, *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1346-47 (Fed. Cir. 2012) (affirming that district court could not exercise personal jurisdiction over defendant where plaintiff failed to produce evidence that defendant's accused product was ever shipped to forum state); *Acceleron*, 634 F. Supp. 2d at 769-70 (dismissing complaint for lack of personal jurisdiction where defendant had "never made, used, imported, sold, or offered any of the accused products in Texas"); *Advanced Biological Labs. v. Ameripath, Inc.*, No. 2:07CV31, 2008 WL 1757819, at *2 (E.D. Tex. Apr. 14, 2008) (granting motion to dismiss for lack of personal jurisdiction where plaintiff failed to present any evidence of defendant's contacts with Texas).

### B. Venue Is Improper.

As this Court does not have personal jurisdiction over CMN in Texas, venue in this District is also plainly improper. *See*, *e.g.*, *Garnet Digital, LLC*, 2012 WL 4465260, at *2 (dismissing case against one defendant for improper venue because court did not have personal jurisdiction over defendant in that district). CMN does not have a regular and established place of business anywhere in Texas, let alone this District, and CMN has not made, used, imported, sold or offered to sell any products in this District.

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

9

## IV.    CONCLUSION

For the reasons set forth above, CMN respectfully requests that this Court grant its motion to dismiss for lack of personal jurisdiction and improper venue.

Dated: November 26, 2012                            Respectfully submitted,

*/s/ Christopher Kao*
Christopher Kao (CA State Bar No. 237716)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:  (650) 838-4406
Facsimile:  (650) 838-4606
Email:  ckao@perkinscoie.com

**ATTORNEYS FOR DEFENDANT
TV INTERACTIVE SYSTEMS, INC.**

DEFENDANT TV INTERACTIVE SYSTEMS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE
87426-0003/LEGAL25229061.1

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 12th day of April, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) (re-filed from November 26, 2012 per Court's consolidated order).

*/s/ Christopher Kao*
Christopher Kao