# EXH. 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **KLAUSNER TECHNOLOGIES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **CASE NO. 6:11-cv-593** |
| | § | |
| **TARIDIUM, LLC,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Taridium, LLC's ("Taridium") Motion to Dismiss for Improper Venue or, in the alternative, to Transfer Venue to the Eastern District of New York (Docket No. 9). Having considered the parties' written submissions, the Court **GRANTS** Taridium's Motion to Transfer and **ORDERS** this action be transferred to the United States District Court for Eastern District of New York.

## BACKGROUND

On November 1, 2011, Klausner Technologies, Inc. ("Klausner") filed an action against Taridium alleging infringement of U.S. Patent No. 5,572,576 entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" (the '576 Patent). Docket No. 1. The '576 Patent generally relates to a telephone answering machine that displays voicemail information, such as the name and telephone number of an individual who has left a voicemail. Klausner is a New York corporation, while Taridium is a Delaware corporation with its principal place of business in New York City, New York. *See* Docket No. 1, at 2.

## MOTION TO DISMISS FOR IMPROPER VENUE

Taridium argues that venue is improper under 28 U.S.C. 1400(b). Specifically, Taridium contends that it lacks any ties to the Eastern District of Texas, therefore it is not subject to personal jurisdiction in this Court, and thus venue is improper in this district.

## APPLICABLE LAW

Venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990); *see* 28 U.S.C. § 1391(c).

The question of personal jurisdiction in the context of venue is limited to the judicial district where the suit was brought. Therefore a plaintiff must demonstrate that the defendant has sufficient minimum contacts with the district where the suit was brought to show venue was proper. *See* 28 U.S.C. § 1391(d) ("[I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."); *VE Holdings Corp.*, 917 F.2d at 1583.

The minimum contacts requirement may be met by a plaintiff showing either "general" or "specific" jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.'" *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73

2

(1985). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *Id.* (quoting *Helicopteros*, 466 U.S. at 414–16). In the case of corporate defendants, it is proper for a court to exercise general jurisdiction when a corporation is "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

A court may exercise specific jurisdiction over a corporate defendant when the defendant purposefully directed its activities at residents of the forum state, the claim arises out of or relates to the defendant's activities within the forum state, and the assertion of personal jurisdiction is reasonable and fair. *Inamed*, 249 F.3d at 1360 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)). A plaintiff bears the burden of proving that minimum contacts exist through the first two requirements, while a defendant bears the burden of proving that the exercise of jurisdiction would be unreasonable, corresponding to the third requirement. *Elecs. for Imaging*, 340 F.3d at 1350.

## ANALYSIS

Taridium argues venue is improper, because it does not have any ties to the Eastern District of Texas. Taridium does not own any property in this district, it does not sell or offer to sell products and/or services in this district, it does not ship, deliver, or provide any products and/or services to this district, it does not conduct any business in this district, it does not have any bank accounts or personal property in this district, and it does not employ anyone in this district. Docket No. 9, 5–6.

Klausner argues venue is proper in the Eastern District of Texas, because Taridium supplies products to customers located within this district via its website and thus is subject to personal jurisdiction here. According to Klausner, Taridium's website is highly interactive and allows customers to use the infringing product anywhere in the country, including the Eastern

3

District of Texas. In Klausner's opinion, Taridium has not demonstrated why it would be unfair and unreasonable for this Court to exercise jurisdiction over Taridium, therefore Taridium is subject to jurisdiction here and venue is proper.

While Taridium maintains a website, it is not highly interactive as Klausner suggests. Highly interactive websites that specifically target residents of a district can justify exercising personal jurisdiction over a defendant, however in this instance, Taridium's general website is not highly interactive.[1] *See Zippo Manufacturing Co. v. Zippo Dot com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997) (holding that where a nonresident defendant has a website that allows a user to exchange information with a host computer, the exercise of personal jurisdiction over the defendant is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website); *Mink v. AAAA Development, LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (adopting the standard laid out in *Zippo*). Taridium's website merely advertises Taridium's products and does not allow individuals to purchase the allegedly infringing products online. TARIDIUM (Sept. 23, 2012), http://www.taridium.com/corp-en/ Further, nothing on Taridium's website targets the Eastern District of Texas or even Texas customers. Accordingly, the Court finds that Taridium's website does not subject Taridium to jurisdiction in the Eastern District of Texas.

Venue is also proper in a jurisdiction where "the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In this case, Taridium is a Delaware corporation with its principal place of business in New York City,

---

[1] Klausner based its allegations on Taridium's web-based product that customers can access *after* they have purchased Taridium's product. Instead, the analysis should consider Taridium's website, www.taridium.com, in order to determine if Taridium is targeting customers in the Eastern District of Texas and thus purposefully availing itself of this district through its internet activities.

New York and thus does not have a regular and established place of business in the Eastern District of Texas. Accordingly, the Court finds that venue is improper in this case.

**ALTERNATIVE MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF NEW YORK**

Taridium moves to transfer the case to the Eastern District of New York under 28 U.S.C. § 1404(a).

**APPLICABLE LAW**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of

5

unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315; *In re Nintendo*, 589 F.3d at 1200. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314–15.

## ANALYSIS

### A. Threshold

Taridium asserts that the Eastern District of New York is a proper venue for all parties because all parties either reside or maintain offices in that district. Klausner does not dispute this claim. Thus, there is no dispute over whether the case could have been filed in the Eastern District of New York.

### B. Private Factors

#### 1. *Relative Ease of Access to Sources of Proof*

Despite technological advances that certainly lighten the relative inconvenience of transporting large amounts of documents across the country, this factor is still a part of the transfer analysis. *In re Volkswagen II*, 545 F.3d at 316. Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *See id.* This factor will turn upon which party, usually the accused infringer, will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues. *See, e.g.*, *id.* at 314–15; *In*

6

*re Nintendo*, 589 F.3d at 1199; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). However, documents that have been moved to a particular venue in anticipation of a venue dispute should not be considered. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009). Presumably, the bulk of the discovery material relating to a corporate party is located at the corporate headquarters. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010).

The two parties in this case either have their principal place of business in New York or are incorporated in New York. Taridium operates an office in the Eastern District of New York and maintains records either in the district or within 10 miles of the district. Klausner maintains an office in the Eastern District of New York and its principal, Mr. Klausner, resides in the district as well. While Taridium has one known customer located in Texas, it purchased the product for its United Kingdom office. A majority, if not all, the relevant evidence is located in or near the Eastern District of New York. Accordingly, this factor weighs strongly in favor of transfer.

### 2. *Convenience of Witnesses*

This factor is analyzed giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re Volkswagen I*, 371 F.3d at 204. All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial. *See In re Genentech*, 566 F.3d 1343 ("Requiring a defendant to show that a potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary.").

The Fifth Circuit has adopted a "100 mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204–05. "When the distance between an existing venue for trial

7

of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 205. When applying the "100 mile rule" the threshold question is whether the transferor and transferee venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). If so, then a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance from witnesses than the transferor venue. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. Furthermore, the existence or non-existence of direct flights can impact the analysis of travel time. *See In re Volkswagen I*, 371 F.3d at 204 & n.3. Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if "travel time" distances favor the transferee venue, then this factor will favor transfer. However, the "100 mile rule" should not be rigidly applied. *See In re Genentech*, 566 F.3d at 1344. When a particular witness will be required to travel "a significant distance no matter where they testify," then that witness is discounted for purposes of the "100 mile rule" analysis. *See id.* (discounting European witnesses and documents transported from Washington D.C. in the convenience analysis when reviewing a denial of transfer from Texas to California).

     As previously discussed, both parties are located in or near the Eastern District of New York and have identified current employees as potential witnesses. Thus, the convenience to both parties is evident. Klausner argues it would be less convenient for third party direct infringer witnesses located in Texas, however it is uncertain whether other Taridium customers

8

are located near the Eastern District of New York. Considering party witnesses reside in or near the Eastern District of New York, this factor weighs heavily in favor of transfer.

### 3. *Availability of Compulsory Process*

This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue. *See In re Volkswagen II*, 545 F.3d at 316. This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *Id.* "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1338.

Klausner argues that compulsory process may be required to secure the testimony of Taridium customers located in Texas. Taridium counters that several of the potential third party witnesses are located in or within 100 miles of the Eastern District of New York. For example, the prosecuting attorney of the '576 Patent, the inventor of the '576 Patent, the owner of the '576 Patent on record at the United States Patent & Trademark Office, and several other third party witnesses with knowledge of the accused products, their development, marketing and distribution are located within the subpoena power of the Eastern District of New York. Accordingly, this factor weighs heavily in favor of transfer.

### 4. *Other Practical Problems*

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*In re Volkswagen III*").

Klausner argues that this case should not be transferred because there are currently over fifty cases pending in this district involving the '576 Patent. It would be more efficient, Klausner

9

contends, for one judge to hear all the cases in order to avoid duplicative briefing and rulings. While this Court may yet become familiar with the '576 Patent, it is not now. This case is still in its infancy; no discovery or status conference has taken place yet and it would not overly prejudice Klaunser if the case was transferred to the Eastern District of New York.[2] Accordingly, this factor is neutral.

### C. Public Factors

#### 1. *Local Interest*

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206. This factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *See id.* Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *In re Volkswagen II*, 545 F.3d at 318 (in a products liability suit, disregarding local interest of citizens who used the widely-sold product within the transferor venue); *In re TS Tech*, 551 F.3d at 1321. Thus, when products are sold throughout the United States, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue. *In re Nintendo*, 589 F.3d at 1198.

Here, all parties either maintain offices or reside in the Eastern District of New York. While Taridium has Texas customers, it mostly likely has New York customers as well.[3] Accordingly, the Eastern District of New York has a strong local interest in the underlying suit, and thus this factor strongly favors transfer.

---

[2] Of the pending Klausner cases, most have not made it to status conference yet.
[3] Taridium did not file a reply in response to Klausner's response to its motion to dismiss, thus we can only speculate where Taridium's customers are located.

10

### *2. Court Congestion*

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. *In re Genentech*, 566 F.3d at 1347. This factor appears to be the most speculative, and this factor alone should not outweigh other factors. *Id.*

Klausner argues that the Eastern District of Texas has a shorter median time to trial than the Eastern District of New York. Taridium responds that the median time to disposition is shorter in the Easter District of New York. Accordingly, this factor is neutral.

### *3. Familiarity of Forum with Governing Law*

While Klausner acknowledges that this factor tends to be neutral due to the uniformity of patent law throughout the country, it still argues this factor disfavors transfer because this Court has over fifty cases pending involving the '576 Patent. Specifically, Klausner argues that this Court will have a greater understanding of the '576 Patent especially after claim construction, which is part of the law governing the case. Docket No. 18, 14. Klausner however fails to provide any support for its position why the two courts are not equally capable of applying patent law. Accordingly, this factor is neutral.

### *4. Conflict of Laws*

The remaining public factor is not disputed by the parties, thus it is neutral in the analysis.

## CONCLUSION

Taridium has both shown that venue is improper in the Eastern District of Texas and that it is clearly more convenient for the parties and witnesses to transfer the instant case to the Eastern District of New York. The relative ease of access to sources of proof, convenience of the witnesses, the availability of compulsory process, and local interest factors strongly favor

transfer, while the remaining factors are neutral. Accordingly, the Court **GRANTS** Taridium's Motion to Transfer Venue and **ORDERS** the case be transferred to the United States District Court for the Eastern District of New York.

**So ORDERED and SIGNED this 24th day of September, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**