# EXH. 7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 12-01090-DOC (MLGx)             Date: January 30, 2013

Title: SECURED MAIL SOLUTIONS, LLC V. ADVANCED IMAGE DIRECT, LLC, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS):**    **ORDER GRANTING MOTION TO SEVER AND TRANSFER, AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

       Before the Court are two separate motions. First, a Motion to Sever and Transfer filed by Defendants R.R. Donnelly & Sons ("R.R. Donnelley") and Microdynamics Corporation ("Microdynamics"). Def's Mot. to Sever and Transfer (Dkt. 64). Second, a Motion to Dismiss filed by Defendants Advanced Image Direct ("AID"), Vertis Holdings, Inc. and Vertis Inc. ("Vertis"), Envelopes Unlimited ("EU"), Harte-Hanks, Inc. ("Harte-Hanks"),[1] R.R. Donnelly, and Microdynamics (collectively, the "Defendants").[2] Def's Mot. to Dismiss (Dkt. 54). The Court finds both matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing,

---

[1] "Harte-Hanks" refers to the following entities individually and collectively: Harte-Hanks, Inc., Harte-Hanks Direct, Inc., Harte-Hanks Direct Marketing/Baltimore, Inc., Harte-Hanks Direct Marketing/Fullerton, Inc., Harte-Hanks Direct Marketing/Jacksonville, LLC; Harte-Hanks Direct Marketing/Kansas City, LLC; and Harte-Hanks Print, Inc.

[2] Because the Court grants Defendants R.R. Donnelley's and Microdynamics' Motion to Sever and Transfer, R.R. Donnelley and Microdynamics are not part of the Order granting in part and denying in part Defendants' Motion to Dismiss. *See State of Utah v. American Pipe & Constr. Co.*, 316 F. Supp. 837, 839 (C.D. Cal. 1970) (jurisdiction ceases after an order transferring venue). Any reference to the collective "Defendants" in parts III and IV of this Order does not include R. R. Donnelley and Microdynamics.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)　　　　　　　　　　　Date: January 30, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

and replying papers the Court GRANTS Defendants R.R. Donnelley's and Microdynamics' Motion to Sever and Transfer, and GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

## I. Background

The gravamen of the Complaint filed by Plaintiff Secured Mail Solutions, LLC ("SMS") is that each of the seventeen Defendants are directly and indirectly infringing Plaintiff's system and method patent for transmitting mail verification data over the Internet and other data networks. *See* Compl. (Dkt. 1).

### a. The Court Consolidated Three Lawsuits

Plaintiff filed three separate complaints against seventeen individual Defendants in July of 2012. On October 3, 2012, the Court ordered all parties to show cause why these three cases should not be combined and, if there were no objections, ordered Plaintiff to file an Amended Complaint. *See* Order to Show Cause (Dkt. 33). On October 11, 2012, the Court ordered the three lawsuits be combined into one for discovery and pretrial purposes only. *See* Minutes of Hearing re: Consolidation of Cases (Dkt 36). As per the October 3, 2012, Order, Plaintiff filed a Second Amended Complaint against all seventeen Defendants. *See* Second Am. Compl. (Dkt. 39).

### b. The Allegations of Direct and Indirect Infringement

The allegations of patent infringement pertain to three patents: U.S. Patent No. 7,814,032; U.S. Patent No. 7,818,268; and U.S. Patent No. 8,073,787 (collectively, the "Patents in Suit"). The Patents in Suit disclose a system and method of transmitting mail verification data over the Internet and other data networks in response to receiving and authenticating mail identification data. Second Am. Compl. Ex's 1-3. Plaintiff alleges that each of the Defendants use "certain software" to generate and process barcodes, such as the Intelligent Mail barcode (IMb). *See id.* ¶ 25. IMb is one of several barcodes that can be applied to a mail object and, as it includes data on the mail object, it can be used as a unique identifier. *Id.* Plaintiff also alleges that each of the Defendants then use their infringing software for processing IMbs and other barcodes to give "value-added mail services" to their customers. *Id.* ¶ 26.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)　　　　　　　　　　Date: January 30, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

---

The allegations in the Second Amended Complaint against each of the seventeen Defendants has virtually identical language, with the only difference being the substitution of a different Defendant's name, and, the substitution of different allegedly infringing software products. The allegations are repeated for each of the three patents. The complaint alleges direct and indirect patent infringement by:

> "[G]enerating, storing, and processing mail identification data as claimed in the patent, and/or contributing to or inducing others in the generation, storage and/or processing of mail identification data as claimed in the patent. This includes but is not limited to, use of the software and/or products identified in Paragraphs 25-27 and 30 above, and/or contributing to or inducing others (e.g., [Defendants'] customers, recipients of mail objects, etc.) to use at least a portion of the software and/or products identified in Paragraphs 25-27 and 30 above."

Second Am. Compl. ¶¶ 42 (AID); 45 (Vertis); 48 (EU); 51 (Harte-Hanks); 54 (R.R. Donnelley); 57 (Microdynamics).

The Second Amended Complaint also alleges that each of the seventeen Defendants had notice of the Patents in Suit since July of 2012. *See* Second Am. Compl. ¶ 36. This knowledge arises from Plaintiff's original Complaint, now struck from the record. *See* Minutes of Hearing re: Consolidation of Cases. Plaintiff also alleges that it supplied letters with details of allegedly infringing actions to each of the Defendants between August and November of 2012. *See* Opp'n to Def's Mot. to Dismiss 1 (Dkt. 67).

### c. The Motions to Dismiss and to Sever and Transfer

All seventeen Defendants jointly filed the present Motion to Dismiss (Dkt. 54). Defendants R.R. Donnelly and Microdynamics jointly filed the present Motion to Sever and Transfer the case to the United States District Court for the Northern District of Illinois (Dkt. 64).

## II. R.R. Donnelley's and Microdynamics' Motion to Sever and Transfer

R.R. Donnelley and Microdynamics move separately from the other joined Defendants seeking to sever and transfer venue to the United States District Court for the Northern District of Illinois. Def's Mot. to Sever and Transfer 1. R.R. Donnelley and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)                      Date: January 30, 2013
                                                                                           Page 4

---

Microdynamics contend that the claims against them should be severed and transferred to the Northern District of Illinois for the convenience of the parties and witnesses and because they were misjoined in this action. *Id.* Plaintiff responds that the consolidated cases are sufficiently similar that they should remain joined and that its choice of forum is entitled to deference because of the parties' substantial contacts with this District. *See* Opp'n to Def's Mot. to Sever and Transfer 9, 11 (Dkt. 66).

      **a. The Legal Standard**

      There are two grounds on which a case may be transferred to another district: (1) if venue is improper, the court may dismiss or transfer pursuant to 28 U.S.C. section 1406; and (2) if venue is proper, the court may transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to any district where the case "could have been brought." 28 U.S.C. § 1404(a). In determining whether to grant a "convenience transfer," the court must consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) whether transfer will serve the interests of justice. *Id*.

      To analyze these three elements of 28 U.S.C. section 1404(a), the court may consider traditional forum non conveniens factors such as the ease of access to the evidence and familiarity of each forum with the applicable law. *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009). This analysis involves private factors that include practical considerations that "make the trial of a case easy, expeditious and inexpensive." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). Additionally, courts consider public factors such as the community and jury pool's interest in localized controversies. *Id*.

      Usually, a plaintiff's choice of venue will not be disturbed unless the party seeking transfer presents strong grounds for transferring the action. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). But in patent cases, venue is limited to a judicial district "where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *Koratron Co. v. Melvin Lloyd Co.*, 449 F. 2d 337, 338 (9th Cir. 1971) ("[Section 1400(b)] is plain. In order to have venue there must be a regular established place of business and defendant must have committed acts of infringement there.").

      Even where there are sufficient contacts with the chosen forum and venue is proper, some courts have favored transfer to the location where the accused product is made or

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)            Date: January 30, 2013
                                                                        Page 5

where major marketing and sales decisions are made.[3] *See Pinpoint, Inc. v. Groupon, Inc.*, No. 11C 5597, 2011 WL 6097738, at *2-*4 (N.D. Ill. Dec. 5, 2011). In *Groupon*, the plaintiff's principal place of business was in the chosen forum. *Id.* at *3. Nonetheless, the plaintiff's choice of forum was overcome because the alleged conduct giving rise to the plaintiff's claims occurred in the transferee district, and defendant's headquarters, operations, employees, and relevant documents were located in the transferee district. *Id.* at 4.

Additionally, even if litigating in the transferee district would cause inconvenience to the plaintiff's witnesses, the "center of gravity" of the infringing activity ultimately tips the scales. *See Motorola Mobility, Inc. v. Microsoft Corp.*, No. 11-3136, 2011 WL 5834923, at *7 (N.D. Cal. Nov. 21, 2011) (granting transfer where alleged infringing activity occurred in transferee district, defendant's headquarters and employees were in transferee district, and plaintiff only named two non-party witnesses that might be burdened by transfer); *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08–80877–CIV, 2009 WL 455432, at *3-*4 (S.D. Fla. Feb. 23, 2009) (granting transfer where alleged infringing activity occurred in transferee district, defendant's headquarters and most witnesses knowledgeable about the infringement issues were located in transferee district, and plaintiff only named two employee-witnesses located in chosen forum). *Cf. Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 331 (D. Del. 2009) (finding location of allegedly infringing conduct was neutral factor where it occurred in both chosen forum and transferee district).

Finally, a court's "discretion to transfer under section 1404(a) is broader than its discretion to dismiss for forum non conveniens." *Lung v. Yachts Int'l, Ltd.*, 980 F. Supp. 1362, 1369 (D. Haw. 1997); *see also* 15 Fed. Prac. & Proc. Juris. § 3847, Standard in Considering Transfer – In General (3d ed.) ("[F]ederal courts are to grant transfers more freely under the statute than they would order dismissal under forum non conveniens.").

      **b. Discussion**

Because Plaintiffs do not dispute that this case could have been brought in the Northern District of Illinois, the Court will begin its inquiry at the convenience and fairness stage. The Court grants R.R. Donnelley's and Microdynamics' Motion to Sever and Transfer because: (1) the alleged infringing acts giving rise to this action occurred in the

---

[3] An even clearer case for transfer is when all of the operative facts took place in the transferee district and the patentee does not reside in the chosen forum. *See Whitehaus Collection v. Barclay Prods., Ltd.*, No. 11 Civ. 217 (LBS), 2011 WL 4036097, at *2-*6 (S.D.N.Y. Aug. 29, 2011); *Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, No. 2:09-CV-105-TJW, 2009 WL 3784371, at *2–*3 (E.D. Tex. Nov. 10, 2009). Here, the patentee resides in this District, but for reasons discussed in section II.B., *infra*, transfer is granted.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)                      Date: January 30, 2013
                                                                                                                               Page 6

transferee forum; (2) relevant documents in R.R. Donnelley's and Microdynamics' possession are located in the transferee forum; (3) employees and witnesses for R.R. Donnelley and Microdynamics are located in the transferee forum; (4) Plaintiff can only identify one witness that would have to travel to the transferee forum to testify; and (5) the Court is not convinced that severing and transferring these claims would cause substantially similar cases to be litigated in multiple forums.

1. **The Convenience of the Parties**

This factor favors transfer to the Northern District of Illinois. Even in the age of electronic document storage and the Internet, courts favor transfer to the district where relevant documents are physically located. *See In re Genentech, Inc.*, 566 F. 3d 1338, 1345 (Fed. Cir. 2009). Usually, the defendants in a patent suit possess most of the relevant evidence for trial. *Id.* While the plaintiff's ties to the chosen forum are given credence, such ties are given less weight if they appear to be a construct for the purposes of manipulating venue. *See In re Microsoft Corp.*, 630 F. 3d 1361, 1365 (Fed. Cir. 2011) (per curiam).

Here, R.R. Donnelley is a Delaware corporation with its principal place of business in Chicago, Illinois. Def's Mot. to Sever and Transfer 3. It is a global operation, but has "fully equipped service centers" in Irvine, Los Angeles, Palo Alto, and San Diego, California. *Id.* It operates a financial sales office and a financial services center within this District. *Id.* However, the strategy, design, and coding of R.R. Donnelley's allegedly infringing product occurred in Illinois, and, to a lesser extent, India. *Id.* at 10. Microdynamics is an Illinois Corporation with its principal place of business in Naperville, Illinois. *Id.* at 3. It has two other facilities in Naperville and one in Milwaukee, Wisconsin. *Id.* The design, development, research, testing, and production of Microdynamics' allegedly infringing product occurred in Illinois. *Id.* at 11.

In its Second Amended Complaint, Plaintiff states without qualification that SMS is incorporated under the laws of the State of Nevada and its principal place of business is in Las Vegas, Nevada. Second Am. Compl. ¶ 1. However, in its Opposition to Defendants' Motion to Sever and Transfer, Plaintiff states that its "center of business activity" is in this District, because SMS's sole principal and inventor of the Patents in Suit, Todd Fitzsimmons, resides in Long Beach, California. Opp'n to Def's Mot. to Sever and Transfer 4. Plaintiff does not specify how long Mr. Fitzsimmons has resided in and has been conducting SMS's business activity this District. However, the prosecution of the Patents in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)            Date: January 30, 2013
                                                                                       Page 7

Suit occurred in the Central District of California, thus Plaintiff's documents relevant for claim construction are located in this District. *Id.* at 11.

       On the one hand, the location of the R.R. Donnelley's and Microdynamics' documents pertaining to the alleged infringement, and the locus of the allegedly infringing activity weigh strongly in favor of transfer for both R.R. Donnelley and Microdynamics. *See In re Genentech*, 566 F. 3d at 1345; *Groupon*, 2011 WL 6097738, at *2-*4; *Motorola Mobility*, 2011 WL 5834923, at *7; *Trace-Wilco*, 2009 WL 455432, at *3-*4. On the other hand, keeping the case in this District would be convenient for the inventor and the location of the documents regarding the Patents in Suit. Deference to Plaintiff's choice of forum is minimized because the location of the alleged infringing activity is afforded extra weight in patent cases. *See, e.g., Motorola Mobility,* 2011 WL 5834923, at *7. Therefore, this factor favors transfer to the Northern District of Illinois.

### 2. **The Convenience of the Witnesses**

       This factor weighs strongly in favor of transfer. This Court has found that the convenience of the witnesses is the most important consideration in determining whether to transfer venue. *Bradley-Brown v. American Home Mrtg. Servicing*, *Inc.*, No. SACV 11-1132 DOC, 2012 WL 254064, at *2 (C.D. Cal. Jan. 25, 2012) (citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981)). "The party seeking transfer must clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Id.* (quoting *Fireman's Fund Ins. Co. v. Nat'l Bank for Cooperatives*, No. C 92-2667 BAC, 1993 WL 341274, at *4 (N.D. Cal. Aug. 27, 1993)).

       Here, R.R. Donnelley's employees and witnesses with information about the allegedly infringing software are located in Illinois, though R.R. Donnelley does not specifically name any such witnesses or employees and where they reside. Def's Mot. to Sever and Transfer 10. All of Microdynamics' employees are located in Illinois and Wisconsin. *Id.* Microdynamics' Senior Project Manager involved in the design and development of the allegedly infringing software, Charlie Wilson, resides in Naperville, Illinois. Schaltegger Decl. ¶ 14. SMS's sole principal, Mr. Fitzsimmons, is also the inventor of the Patents in Suit and will certainly be called as a witness should this matter go to trial. Opp'n to Def's Mot. to Sever and Transfer 15. Plaintiff does not claim any other party or non-party witnesses that may be burdened by transfer of this case.

       As only Microdynamics can name a witness located in the transferee district and can explain the relevance of his testimony, transfer of the claims against Microdynamics to the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)　　　　　　　　　　Date: January 30, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 8

---

Northern District of Illinois would clearly be more convenient. However, R.R. Donnelley does not specifically name any witnesses. Even if 70-80% of the staff for its logistics division is located in Illinois, Def's Mot. to Sever and Transfer 10, R.R. Donnelley has not demonstrated that any of these staff members would be inconvenienced by litigating these claims in this District. The Court gives less weight to general, speculative assertions of inconvenience to theoretical witnesses. However, on the facts in this case and in light of the other factors favoring transfer, this deficiency is not fatal. R.R. Donnelley has shown that any employees or witnesses that would likely be called to testify are located in Illinois, and thus would be inconvenienced by litigating these claims in this District. *See Geotag, Inc. v. Aromatique, Inc., et al.*, No. 2:10-cv-00570-JRG, at 8 (E.D. Tex. Jan. 14, 2013) (Dkt. 585). Therefore, the convenience of the witnesses weighs in favor of transfer.

### 3. **The Interests of Justice**

　　　This final factor also weighs in favor of transfer. The "interests of justice" is a catchall factor, which includes considerations of judicial economy and any other concerns that weigh on the decision to transfer. *See Regents of the Univ of Cal. v. Eli Lilly & Co.*, 119 F. 3d 1559, 1565 (Fed. Cir. 1997); *Geotag, Inc.*, No. 2:10-cv-570, at 9. Plaintiff gives two reasons why judicial economy weighs against transfer: (1) litigating in two different forums will increase the costs and burden of litigation; and (2) that denying the motion to sever will keep similar cases together. The Court disagrees.

　　　First, the convenience of transferring this case to where R.R. Donnelley's and Microdynamics' documents and witnesses are located outweighs Plaintiff's expense and burden in litigating separate cases in two different forums, *see* Opp'n to Def's Mot. to Sever and Transfer 12. Plaintiff's arguments regarding the substantial contacts of R.R. Donnelley and Microdynamics with this District and the State of California, *see id.* at 11-12, do not overcome the fact that the "center of gravity" of this case is in the Northern District of Illinois. *See Motorola Mobility*, 2011 WL 5834923, at *7.

　　　Furthermore, the Court finds persuasive a recent decision stating that: where the plaintiff initiates patent infringement litigation against multiple, unrelated defendants located in different districts, the problem of litigating in multiple forums can be one of its own making. *See Golden Bridge Tech. Inc. v. Apple Inc.*, No. 2:12-cv-4014-ODW, 2012 WL 3999854, at *4 (C.D. Cal. Sept. 11, 2012) ("[I]t appears [Plaintiff] bit off too much, and the forum-related problems are its own doing. . . . If [Plaintiff] desires judgment against multiple, unrelated Defendants located in different forums, it will have to put in the work and resources required to accomplish that task."). The Court realizes that there were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-01090-DOC (MLGx)          Date: January 30, 2013
         Page 9

additional facts in *Golden Bridge* weighing in support of transfer that are not pleaded here. *See id.* (finding patentee resided elsewhere and plaintiff had litigated other lawsuits in different forums). Nonetheless, the underlying point remains that patent holders who sue multiple defendants located in different districts, for different allegedly infringing products, may encounter the cost of multiple law suits in different forums.

    Plaintiff also argues that this case should remain here in order to keep related cases together, as the suit against R.R. Donnelley and Microdynamics was joined with two other cases for pre-trial purposes. *See* Opp'n to Def's Mot. to Sever and Transfer 12-13. A related argument is that severing R.R. Donnelley and Microdynamics constitutes a reconsideration of the Court's Order consolidating the cases for pre-trial purposes only. *See id.* at 6-8. The Court disagrees.

    The statute governing joinder of accused infringers in a civil action relating to patents only allows consolidation for trial if the actions involve the same accused product or process. 35 U.S.C. § 299(a)(1). At this stage of the pleadings, there are insufficient facts to determine whether the accused products are sufficiently similar to comply with section 299(a). To the extent that the Court issued an order joining the parties for discovery and pretrial purposes, *see* Minutes of Hearing re: Consolidation of Cases, it reflects a case management strategy to promote judicial efficiency and bears little on whether the cases could or should be consolidated for trial under section 299(a)(1). *See Digitech Image Tech., LLC v. Agfaphoto Holding GmbH*, No. 8:12-cv-1153-ODW, 2012 WL 4513805, at n.7 (C.D. Cal. Oct. 1, 2012) ("The severed cases are sufficiently related that they should all be before the same judge for case management and judicial efficiency purposes, but they are not sufficiently related for joinder under 35 U.S.C. § 299."). Thus, the fact that the Court joined these cases for pre-trial purposes does not weigh in favor of keeping these cases together. Severing and transferring also does not conflict with the Court's Order consolidating the cases because nothing in that Order involved a determination on the question of appropriate venue for these cases. *See* Minutes of Hearing re: Consolidation of Cases.

    Therefore, in consideration of judicial economy and in light of Congress' intent to prevent joinder of unrelated patent cases, the interests of justice weigh in favor of transfer to the Northern District of Illinois.

### c. The Balance of Interests in This Case Favors Transfer

    On balance, the convenience to the parties, to the witnesses, and the interests of justice weigh in favor of transfer. Because the alleged infringing activity happened in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)            Date: January 30, 2013
                                                                                                     Page 10

---

Illinois and R.R. Donnelley's and Microdynamics' witnesses are located there, the Northern District of Illinois is clearly a more convenient forum for this litigation than the Central District of California. In contrast, Plaintiff's choice of forum and the inconvenience to Plaintiff's party witness weigh substantially less in favor of keeping the case in California. Accordingly, R.R. Donnelley's and Microdynamics' Motion to Sever and Transfer is GRANTED.

The Court will now address the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, under Rules 12(b)(7) and 19 as to the remaining joined Defendants AID, Vertis, EU, and Harte-Hanks.

### III. The Motion to Dismiss for Failure to State a Claim

Defendants contend that dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) is appropriate for Plaintiff's indirect infringement claims because Plaintiff fails to plead facts of pre-suit knowledge, which is a requirement for indirect infringement. Def's Mot. to Dismiss 1 (Dkt. 54).

#### a. The Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, the court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F. 3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F. 3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)            Date: January 30, 2013
                                                                                                          Page 11

---

amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F. 2d 1074, 1079 (9th Cir. 1990).

        **b. Plaintiff's Second Amended Complaint Fails to State a Claim for Indirect Infringement of the Patents in Suit**

        Plaintiff brings both contributory patent infringement and induced patent infringement claims. *See* Second Am. Compl. ¶¶ 27-28. Both claims require that defendant's conduct—inducing or contributing to another's infringement—occur after the defendant knew: (1) of the patent(s) in suit; and (2) that the direct-infringers' "acts constitute patent infringement." *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) (interpreting "knowing" requirement for inducing infringement claim under 35 U.S.C. § 271(b)); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (interpreting "knowing" requirement for contributory infringement under 35 U.S.C. § 271(c)); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F. 3d 1293, 1305 (Fed. Cir. 2006) (en banc); 2 Annotated Patent Digest § 10:44. Plaintiff concedes that there can be no liability for indirect infringement for Defendants' conduct before knowledge of the Patents in Suit. Opp'n to Def's Mot. to Dismiss 4. Plaintiff does not contend that Defendants had knowledge of the Patents in Suit before the filing of the original Complaint. *Id.*

        Therefore, the only issue is whether this case is distinguishable from *Proxyconn, Incorporated v. Microsoft Corporation*, where this Court dismissed the plaintiff's indirect infringement claims with prejudice because the only allegation of knowledge of the alleged patents was based on the filing of the original complaint in that lawsuit. No. SACV 11-1681 DOC, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012). The Court adopted the following rule: "[A] complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the complaint itself or previous complaints in the *same* lawsuit establish the defendant's knowledge of the patent." *Id.* (emphasis original).

        Insofar as Plaintiff alleges knowledge of the Patents in Suit based on the filing of the original Complaint in this lawsuit, the holding in *Proxyconn* controls and Plaintiff has not pled sufficient facts to state a plausible claim for indirect patent infringement. However, Plaintiff points out that, aside from the original Complaint, it provided notice to Defendants by sending cease-and-desist letters detailing the alleged direct and indirect infringement on September 17, 2012 (to counsel for AID, Vertis, and EU), and November 21, 2012 (to

Case 6:12-cv-00499-RWS-CMC Document 645-7 Filed 04/12/13 Page 13 of 16 PageID #: 4503

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)            Date: January 30, 2013
                                                                                                    Page 12

---

counsel for Harte-Hanks). *See* Opp'n to Def's Mot. to Dismiss 4, Ex's A-D. Plaintiff argues that the letters constitute notice of the Patents in Suit and are sufficient to establish the knowledge element of indirect patent infringement at least for the period since the date of the letters. *See id*. The Court must decide whether Plaintiff can escape the narrow holding in *Proxyconn*, where the *only* fact establishing knowledge of the patents was the original complaint in the same lawsuit. 2012 WL 1835680, at *7.

       The Court finds that sending letters after the initial filing of the present action does not provide evidence of the requisite pre-suit knowledge for indirect infringement, and does not distinguish this case from *Proxyconn* or the authorities relied upon in that decision.[4] *See* 2012 WL 1835680, at *6. Sending letters *after* filing a complaint does not further the interests of judicial economy in "preserv[ing] parties' resources [and] encouraging resolution *prior* to filing a lawsuit." *Id.* at *5 (emphasis added). Here, sending cease-and-desist letters after filing the Complaint has not encouraged amicable resolution, but rather has entrenched this case deeper into litigation. *See, e.g.*, Opp'n to Def's Mot. to Dismiss Ex. E (Opposing Counsel's response to cease-and-desist letter from SMS).

       Plaintiff contends that the letters are sufficient to establish the requisite knowledge for at least the period since the date of receipt of the letters. *See* Opp'n to Def's Mot. to Dismiss 4. However, Plaintiff's general allegations that Defendants "have … and continue" to direct customers to use the allegedly infringing software, Second Amended Complaint ¶ 36, fail to set forth a set of facts showing that, if true, Defendants indirectly infringed Plaintiff's patents during this time period. *See Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555. To allow the claims to go forward only because Plaintiff seeks to establish indirect infringement for the time period after it commenced this lawsuit, without pleading additional facts supporting its claims, would create an exception that swallows the rule in *Proxyconn*.

       The Court is aware that other courts take the position that "there is no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct." *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012); *see also E.I. Du Pont de Nemours and Co. v. Heraeus Holding GmbH*, No. 11-733-SLR-CJB, 2012 WL 4511258, at *5 (D. Del. Sept. 28, 2012) (following *Walker Digital* in part

---

[4] Nor is this case factually similar to the cases cited in *Proxyconn* where the plaintiffs successfully alleged additional facts other than the filing of the lawsuit that established the defendants' knowledge. *See* 2012 WL 1835680, at *6 (citing *Trading Tech's Int'l v. BCG Partners, Inc.*, 10 C 715, 2011 WL 3946581, at *4 (N.D. Ill. Sept 2, 2011) (denying motion to dismiss in part because complaint "alleges various other grounds from which the Court may infer actual knowledge of the patents at issue, including press coverage, previously filed litigation, consent judgment entered in companion cases."); *Groupon, Inc. v. MobGob LLC*, 10 C 7456, 2011 WL 2111986 (N.D. Ill. May 25, 2011) (holding that it "is reasonable to infer that [defendant] had actual knowledge of [plaintiff's] public patent")).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)                  Date: January 30, 2013
                                                                                                    Page 13

---

because plaintiff's damages would be limited to period where requisite knowledge was shown). However, the Court remains convinced that such a view "gives too little weight to the judicial inefficiencies and parties' expenses in litigating potentially meritless claims." *Proxyconn*, 2012 WL 1835680, at *7. That the plaintiff, should she prevail, would be limited in recovery does not make up for the possibility of abuse of such a rule. The plaintiff would be enticed to roll the dice with litigation to receive some recovery for any indirectly infringing conduct taken by a defendant after the filing of a complaint, when the issue could have been resolved more efficiently beforehand.

      Finally, the Court is not convinced that the deficiency in Plaintiff's Second Amended Complaint could be cured by amendment. Plaintiff claims it provided more details of the alleged indirect infringement in its cease-and-desist letters. Opp'n to Def's Mot. to Dismiss 7. However, the Court cannot glean any additional facts in these letters not already alleged in the pleadings.

      Accordingly, the Court DISMISSES WITH PREJUDICE the indirect infringement claims against Defendants AID, Vertis, EU, and Harte-Hanks.

## IV. The Motion to Dismiss for Failure to Join a Necessary Party

      Defendants also move to dismiss Plaintiff's suit in entirety because it suffers from the procedural defect of failing to join a necessary and indispensable party under Federal Rules of Civil Procedure 12(b)(7) and 19. Def's Mot. to Dismiss 8. Defendants argue that the United States Postal Service ("USPS") is a necessary and indispensible party because it has interests that relate to the subject of this action. *Id.* at 9.

### a. The Legal Standard

      Federal Rule of Civil Procedure 12(b)(7) allows a defendant to move to dismiss a complaint for failure to join a necessary party under Federal Rule of Civil Procedure 19. Rule 19 sets forth a method to determine whether a necessary party is so "indispensable" to an action that the case must be dismissed absent the party's joinder. The moving party has the burden of demonstrating that dismissal is appropriate. *See Makah Indian Tribe v. Verity*, 910 F. 2d 555, 558 (9th Cir. 1990).

      To determine whether a party is "indispensable" under Rule 19, a court conducts a two-part inquiry. Fed. R. Civ. P. 19. First, the court determines if the absent party is "necessary" to the dispute. Fed. R. Civ. P. 19(a). If the party is necessary and cannot be joined, the court next determines if the absent party "indispensable" so that "in equity and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-01090-DOC (MLGx)   Date: January 30, 2013
Page 14

good conscience" the suit should be dismissed. Fed. R. Civ. P. 19(b). "[This] inquiry is a practical one and fact specific," *Makah Indian Tribe*, 910 F. 2d at 558 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968)).

Rule 19(a) sets forth two circumstances under which an absent party is necessary to the suit. Fed. R. Civ. P. 19(a). First, an absent party must be joined "if in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, joinder of an absent party is required if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

"Only if [an] absent part[y is] 'necessary' and cannot be joined must the court determine whether 'in equity and good conscience' the case should be dismissed under [Rule] 19(b)." *Makah Indian Tribe*, 910 F. 2d at 559. To make this determination, the court must consider the following factors: (1) the extent to which a judgment rendered in the party's absence might prejudice that party or the existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. *Id*.

### b. Defendants Have Not Shown the USPS is a Necessary Party

Defendants contend the USPS has an interest in this litigation because of its contracts with Defendants, and that the action sought to be enjoined (the "generation, storage and/or processing of mail identification data") is completed under the USPS's standards and requirements for the IMb barcodes. *See* Def's Mot. to Dismiss 10-11. However, the USPS cannot be joined to this case because the Court does not have jurisdiction over patent infringement claims against the government. *See* 28 U.S.C. § 1498(a) (describing liability of U.S. Government for direct infringement).

Defendants point to the following facts in support of the USPS's interest in the subject of the action: (1) the USPS contracts with the Defendants and the public to accept and deliver mail, Def's Mot. to Dismiss 9; (2) the USPS is the only known entity that scans an IMb barcode printed by Harte-Hanks, *id.* at 10; (3) if the relief that Plaintiff seeks is granted, it would alter the services the USPS offers to mail services providers, *id.* at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-01090-DOC (MLGx)            Date: January 30, 2013
Page 15

---

Even if the Court broadly construes what constitutes an "interest relating to the subject of the action" in order to require joinder of all conditionally necessary parties, it also recognizes that "the alleged interest must be something more than a financial interest or an interest of convenience." *Lopez v. Martin Luther King, Jr. Hosp.*, 97 F.R.D. 24, 29 (C.D. Cal. 1983). Insofar as the USPS's interest in this case is its "business interests and relationships with *all* of its customers that use the USPS' [sic] automation or tracking services[,]" Defendants' Motion to Dismiss 11, this interest is insufficient to make it a necessary party.

The parties dispute the extent of the allegedly infringing activity. Defendants state that Plaintiff seeks to enjoin them from fulfilling contractual and regulatory obligations to the USPS, while Plaintiff claims it only seeks to enjoin certain unidentified conduct "above and beyond" the USPS's requirements. There are insufficient facts for the Court to determine, at this point, whether the USPS has the requisite interest in this action or whether it is a potentially liable infringer. Because Defendants have not satisfactorily shown that the USPS is a necessary party, the Court does not reach the question of whether the USPS is indispensable.

Accordingly, Defendants' Motion to Dismiss Under Rules 12(b)(7) and 19 is DENIED WITHOUT PREJUDICE.

## V. Conclusion

For the reasons stated above, the Court GRANTS Defendants R.R. Donnelley's and Microdynamics' Motion to Sever and Transfer. The Court DISMISSES WITH PREJUDICE Plaintiff's indirect infringement claims against the remaining joined Defendants AID, Vertis, EU, and Harte-Hanks. The Court DENIES WITHOUT PREJUDICE the Defendants' Motion to Dismiss for Failure to Join a Necessary Party. Plaintiff to manually file Amended Complaint by February 7, 2013.

The Clerk shall serve a copy of this Order on all parties.

MINUTES FORM 11
CIVIL-GEN                                                Initials of Deputy Clerk: jcb