# EXH. 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **U.S. ETHERNET INNOVATIONS, LLC** | § | |
| **Plaintiff,** | § § | |
| | § | |
| **vs.** | § § | **No. 6:12cv366 MHS-JDL** |
| **CIRRUS LOGIC, INC., et al.** | § § | **JURY DEMANDED** |
| **Defendants.** | § § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation issued on February 5, 2013 (Doc. No. 68) is withdrawn and the following is substituted in its place. Before the Court is Defendant Yamaha Corporation of America's ("Yamaha") Motion to Dismiss Plaintiff's Claims for Indirect Infringement and Willful Infringement (Doc. No. 24) ("Motion"). Plaintiff U.S. Ethernet Innovation LLC ("USEI") filed a Response (Doc. No. 35), to which Yamaha filed a Reply (Doc. No. 38) and USEI filed a Sur-Reply (Doc. No. 43). The briefing on the Motion was completed on September 14, 2012, and on September 21, 2012, USEI filed an amended complaint. (Doc. No. 45). On October 4, 2012, the Court granted the parties' Joint Motion to treat the papers filed on the original complaint as papers filed on the amended complaint. (Doc. No. 40, 6:12-cv-235). Upon consideration, the Court **RECOMMENDS** the Motion be **GRANTED.**

## BACKGROUND

On June 4, 2012, USEI filed its original complaint against Cirrus Logic, Inc., Control4 Corporation, and Yamaha Corporation of America (collectively "Defendants") alleging infringement of U.S. Patent Nos. 5,732,094 ("'094 Patent"), 5,434,872 ("'872 Patent"),

5,307,459 ("'459 Patent), and 5,530,874 ("'874 Patent"). (Doc. No. 1) ("COMPLAINT"). On July 30, 2012, Yamaha filed the instant motion to dismiss claims of willful infringement and indirect infringement for failure to state a claim pursuant to FED.R.CIV.P 12(b)(6). Thereafter, USEI filed an amended complaint (Doc. No. 45) ("AMENDED COMPLAINT"). Pursuant to USEI's filing of an amended complaint, the parties submitted a joint motion to have the Court consider the briefing on the original complaint with regard to the amended complaint. As there were no substantive changes to the amended complaint related to the subject matter of the original briefing, the Court granted that joint motion. (Doc. No. 40-6:12-cv-235).[1] Portions of the amended complaint are set out below as representative of the dispute:

> Yamaha imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, products employing Ethernet technology similar to that found in Yamaha network home theater systems, for example the Yamaha RX-N600 network home theater receiver and/or the Yamaha RXV2700(collectively, the "Yamaha Accused Products").

> • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

> Without a license or permission from USEI, Defendants have infringed and continue to infringe one or more claims of the [Patent], directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

> Defendants directly contribute and induce infringement through supplying infringing systems and components to Defendants' customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the [Patent], in violation of 35 U.S.C. § 271.

> • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

> Defendants have had actual or constructive knowledge of the [Patent], yet continue to infringe said patent. The infringement of the [Patent] by Defendants is willful and deliberate, entitling USEI to increased damages under

---

[1] The amended complaint adds U.S. Patent No. 5,299,313 (the "'313 Patent").

35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

AMENDED COMPLAINT at 4–10.

## LEGAL STANDARD

Motions to dismiss for failure to state a claim are governed by regional circuit law. *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355-56 (Fed.Cir. 2007)). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal,* 501 F.3d at 1356 (internal quotations omitted); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007) (interpreting Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685, 129 S. Ct. 1937, 1949-50, 1953 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "'[D]etailed factual allegations'" are not required. *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550

U.S. at 565 n.10). Further, the Federal Circuit has definitively held that whether a complaint adequately pleads direct infringement is to be measured by the specificity required by Form 18. *Bill of Lading*, 681 F.3d at 1334; *see also* FED. R. CIV. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation). Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1. (Statement of Jurisdiction--See Form 7.)

2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;
(b) an accounting for damages; and
(c) interest and costs.

(Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also Bill of Lading,* 681 F.3d at 1334 (describing the requirements of Form 18). Thus, to the extent that *Twombly* and its progeny conflict with Form 18 and establish different pleading requirements, "the Forms control." *Id.* at 1336-37.

However, Form 18 applies only to direct infringement claims and thus cannot measure the sufficiency of indirect infringement or willful infringement pleadings. *Id.* Thus, claims for indirect infringement or willful infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*. *Id.* ("[B]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement").

## DISCUSSION

Yamaha maintains that USEI's amended complaint is insufficient insofar as it addresses allegations of inducement, contributory infringement, and willful infringement. *See* MOTION AT 1.

### A. Inducement Allegations

As mentioned above, because Form 18 does not expressly pertain to indirect infringement, the general principles of *Twombly* and *Iqbal* apply to indirect infringement claims. *Bill of Lading*, 681 F.3d at 1336-37 (internal citation omitted). Under 35 U.S.C. § 271(b), induced infringement requires a showing of: (1) direct infringement by another; and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). A party is liable for induced infringement if it knew that the induced acts constituted patent infringement. *See* 35 U.S.C. § 271 (b); *Global-Tech Appliances, Inc. v. SEB S.A.*, --- U.S. ----, 131 S.Ct. 2060, 2068 (2011); *Bill of Lading*, 681 F.3d at 1339. Thus, to survive Yamaha's Motion to Dismiss, USEI's complaint must contain sufficient facts alleging a direct infringer and plausibly showing that Yamaha specifically intended a third party to commit

5

acts that it knew constituted infringement. *See Bill of Lading*, 681 F.3d at 1339. However, this does not mean that USEI "must prove itself at the pleading stage." *Id.*

Yamaha asserts that USEI's complaint fails to meet the pleading requirements for inducement because it does not allege the requisite intent element or "knowledge that its customer's acts constituted infringement." MOTION at 5. USEI responds that an inference can be drawn from its allegations that Yamaha intended its customers to infringe and had knowledge that its customers' acts constituted infringement. RESPONSE at 7.

Essentially, USEI argues that a reasonable inference of intent and knowledge can be made from the following allegations in its complaint: (1) Yamaha has actual or constructive knowledge of the asserted patents, yet continues to infringe; (2) Yamaha supplies "infringing systems and components to [its] customers;" and (3) Yamaha's "customers who purchase systems and components thereof and operate such systems and components thereof in accordance with [Yamaha's] instructions directly infringe one or more claims." RESPONSE at 7. Here, USEI's complaint alleges a direct infringer, namely Yamaha's customers, but nevertheless fails to: (1) recite the elements of an inducement claim; and (2) allege any facts that, if taken as true, establish a plausible inference that Yamaha had the specific intent to induce its customers actions, and knowledge that those actions amounted to infringement. It is well-established that "naked assertions devoid of 'further factual enhancement'" are insufficient to state a claim. *See Iqbal,* 556 U.S. 662. at 678 (quoting *Twombly*, 550 U.S. at 555). USEI's allegations that Yamaha "supplies" infringing systems and components and provides "instructions" to its customers who allegedly infringe do not create a reasonable inference of inducement. In sum, USEI's complaint as to its inducement allegations fails to provide Yamaha with adequate notice.

**B. Contributory Infringement Allegations**

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). Thus, to state a claim for contributory infringement, USEI must, among other things: (1) identify the "material or apparatus for use in practicing [the] patented process" that is sold or offered for sale by Defendants and (2) "plead facts that allow an inference that [these] components . . . have no substantial non-infringing uses." *Id.* (citations omitted).

For the reasons stated above, the Court finds that USEI's complaint sufficiently identifies a direct infringer. However, the complaint fails to go beyond that to put Yamaha on notice of a claim of contributory infringement. Particularly, the complaint is devoid of any allegation from which the Court can plausibly infer that any components being sold have "no substantial non-infringing uses." USEI contends that such an inference can be made from its allegations that the accused products "embody the patented invention" and Yamaha's "customers who purchase systems and components thereof and operate such systems and components thereof in accordance with [Yamaha's] instructions directly infringe one or more claims." However, those allegations by USEI do not alone create a reasonable inference that the accused components have no substantial non-infringing use. In fact, USEI's allegation that customers infringe when they use operating systems and components in accordance with Yamaha's instructions actually creates an inference that they might otherwise be used in a non-infringing manner. Accordingly, the Court finds that USEI's contributory infringement allegations fail to state a claim.

7

## C.  Willful Infringement Allegations

A plaintiff need only a good faith basis for alleging willful infringement. *In re Seagate Technology*, LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007). To succeed on a cause of action for willful infringement a party must show an "objectively high likelihood that its actions constituted infringement" and that this "objectively-defined risk was ... either known or so obvious that it should have been known to the accused infringer." *Id.* at 1371. Accordingly, at the pleading stage, a plaintiff alleging willful infringement should provide enough facts that, when taken as true, show objective recklessness[2] of the infringement risk.

Here, with regard to willful infringement USEI makes only the following allegations: "Defendants have had actual or constructive knowledge of the [Patent], yet continue to infringe said patent"  and "[t]he infringement of the [Patent] by Defendants is willful and deliberate." Again, USEI's allegations fail to state any facts that could be taken as true to recite a relief-worthy claim for willful infringement. *Iqbal,* 556 U.S. 662 at 678. As it stands, USEI's allegation is devoid of any facts that create an inference of Yamaha's objective recklessness; it only makes the conclusory assertion that Yamaha had knowledge of the asserted patents and continued to infringe. Without more, USEI's allegation of willful infringement fails to provide adequate notice.

## D.      Leave to Amend the Complaint

USEI moves the Court for leave to amend its pleadings to correct any deficiencies in the First Amended Complaint.  SUR-REPLY at 6.  The Court hereby **GRANTS** USEI leave to amend its complaint to supplement its allegations of inducement, contributory infringement, and willful infringement.

---

[2] By using the term "objective recklessness" it is the Court's intent to encompass the objective and subjective requirements of a willfulness inquiry.

## CONCLUSION

Accordingly, the Court **RECOMMENDS** Yamaha's Motion to Dismiss Indirect Infringement Claims and Willfulness Infringement be **GRANTED**.  The Court further **GRANTS** USEI leave to amend its complaint within fourteen days of the date of this Order to comply with Rule 8 as described herein.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in this report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 7th day of February, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE