# EXH. 9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **KLAUSNER TECHNOLOGIES, INC.,** | § § | |
| Plaintiff, | § § | |
| vs. | § § | **CASE NO. 6:11-cv-556** |
| **ORACLE CORPORATION et al.,** | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Oracle Corporation's ("Oracle") Motion to Dismiss Plaintiff's Complaint (Docket No. 42). Oracle moves to dismiss Klausner's claims for direct and indirect infringement. Having considered the parties' written submissions, the Court **GRANTS** the motion in part and **DENIES** the motion in part. The Court **GRANTS** Klausner leave to amend its complaint within fourteen days.

## BACKGROUND

In its Original Complaint for Patent Infringement, Klausner accuses all Defendants[1] of infringing its U.S. Patent No. 5,572,576, entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" ("the '576 patent").

Klausner makes the same allegations against all Defendants:

> Defendants have infringed, contributed to the infringement, and induced others to infringe the '576 Patent and, unless enjoined, will continue to infringe the '576 Patent by manufacturing, using, selling, offering for sale, or by using the method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods(s) without a license or permission from Plaintiff.

---

[1] Oracle is the only remaining defendant in this case.

Oracle moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Oracle contends that Klausner's complaint does not comply with Rule 8, because it does not provide sufficient facts to state a claim that is plausible on its face. Specifically, Oracle complains that Klausner did not identify any accused products or services, did not identify the asserted patent claims, did not identify any third parties that Oracle allegedly induced to infringe, did not allege Oracle had knowledge of the patent-in-suit or of the alleged infringement by others, and did not allege that Oracle's products are not capable of substantial non-infringing uses.

Klausner responds that its allegations of both direct and indirect infringement comply with Form 18's requirement. Klausner contends that it adequately identified the accused products as "visual voicemail" products. Klausner also argues it is unnecessary to specifically address the elements of indirect infringement claims in order to comply with Rule 8.

## APPLICABLE LAW

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also*

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 679–680, 684 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading for direct infringement claims:

> (Caption—See Form 1.)
> 1. (Statement of Jurisdiction--See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.
> (Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the 2006 form, then Form 16); *In re Bill of Lading Transmission and Processing Systems Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Thus, a claim for direct infringement that complies with Form 18 will be sufficient to state a claim that is plausible on its face. *See* FED. R. CIV. P. 84. However, Form 18 does not apply to indirect infringement claims, therefore, pleadings for such claims must comply with the requirements articulated in *Twombly*

3

and *Iqbal*. *Bill of Lading*, 681 F.3d at 1336–37 ("[B]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement.").

## ANALYSIS

Klausner's allegations of direct infringement do not adhere to Form 18 because they do not identify any accused products, services, methods, or other infringing acts for the patent-in-suit. *See* FED. R. CIV. P. Form 18 (accusing "electric motors" of infringement). While Klausner alleges each Defendant provides a "Voice over Internet Protocol (VOIP) messaging service having some . . . visual voicemail capabilities," Klausner failed to assert how these products were infringing, and the product identification is not specific to any particular Defendant.

Klausner's allegations also fail to state a claim of indirect infringement that is plausible on its face. In order to properly state a claim for indirect infringement, Klausner must include some factual support that would allow this Court "to draw [a] reasonable inference that [Oracle] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Here, while Klausner asserts Oracle "contributed to the infringement and induced others to infringe the '576 Patent," it fails to provide any factual support for these allegations.

## CONCLUSION

Accordingly, the Court **GRANTS** the motion in part. Rather than dismissing Klausner's claims, the Court **ORDERS** Klausner to file an amended complaint within the next fourteen days to comply with Rule 8 and the pleading requirements articulated in *Twombly* and *Iqbal*.

**So ORDERED and SIGNED this 10th day of September, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**