# EXH. 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS OF TEXAS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>PLAYBOY ENTERPRISES INC., et al.<br><br>Defendants. | §<br>§<br>§<br>§<br>§ CASE NO. 6:09CV499<br>§ PATENT CASE<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Partial Motion to Dismiss for Failure to State a Claim (Docket No. 33) and Defendant TrueBeginnings, LLC's Partial Motion to Dismiss for Failure to State a Claim (Docket No. 37). Having considered the parties' written submissions, the Court **GRANTS** the motions and **GRANTS** Joao leave to amend its complaint within fifteen days.

**BACKGROUND**

In its First Amended Complaint for Patent Infringement, Joao accuses thirteen defendants of infringing its U.S. Patent No. 7,277,010, entitled "Monitoring Apparatus and Method." The '010 patent contains 264 claims. Joao makes substantially the same infringement allegations against each defendant:

> Upon information and belief, Playboy has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the websites http://www.playboylive.com and http:///www.spicelive.com. Upon information and belief, Playboy has also contributed to the infringement of one or more of the claims of the '010 patent,

and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

Defendants move to dismiss Joao's claims for inducing and contributory infringement. Defendants expressly state that they are not moving to dismiss Joao's claims for direct infringement. Defendants contend that Joao's inducing infringement allegation is insufficient because Joao does not plead the necessary elements—that a third party directly infringed, which the defendant knowingly induced, that the defendant intended to encourage the infringement, that the defendant intended to cause the acts that constitute the direct infringement, and that the defendant must have know or should have know that its action would cause the direct infringement. Similarly, Defendants contend Joao's contributory infringement claims are inadequate because Joao did not plead the necessary elements and did not cite 35 U.S.C. § 271(c) in its complaint.

Joao contends that it adequately laid the basis for its indirect infringement claims in paragraph 18[1] because it "specifically allege[s] the indirect infringement of the patent-in-suit by the Defendants' solicitation of customers in Texas to use the infringing video monitoring and communications apparatus and services, including via the Defendant's individual websites, as well as alleging that the Defendants' many paying customers in the state of Texas use the Defendants' infringing products and services."

## APPLICABLE LAW

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the

---

[1] Joao also relies on paragraphs 21-34, which are the substantive claims against each Defendant, block quoted above.

light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

> (Caption—See Form 1.)
> 1. (Statement of Jurisdiction--See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;

      (b) an accounting for damages; and
      (c) interest and costs.
                     (Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the 2006 form, then Form 16).

      The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid. This cannot be the case. *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F. at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim. One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . . Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms."). *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

      Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. *See* FED. R. CIV. P. 84. However, a complaint that does not perfectly comply with Form 18 may still suffice to state a claim that is plausible on its face. The Court determines

whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

Form 18 does not address indirect infringement claims, and courts are split on the pleading requirements for indirect infringement. *Compare PA Advisors v. Google Inc.*, 2008 WL 4136426 at *8 (E.D. Tex. Aug. 8, 2008)(Folsom, J.) (granting a motion for more definite statement requiring the plaintiff to at least generically identify the end user) *with Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) (denying a motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).

In defending its indirect infringement claims, Joao relies on paragraph 18 of the complaint, which states:

> More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

This paragraph is under a "Jurisdiction and Venue" section of the complaint. Although Joao alleges that each Defendant has infringed in this District, this paragraph is unclear as to whether the other allegations (soliciting customers, selling and advertising products) are related to the alleged

infringement or are merely providing the factual basis for venue and jurisdiction. Accordingly, this paragraph does not suffice to provide the factual basis for Joao's indirect infringement claims. This leaves Joao's statement, "Upon information and belief, [defendant] has also contributed to the infringement of one or more of the claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States," as Joao's only statement clearly relevant to indirect infringement. This statement provides no factual basis for Joao's indirect infringement claims.

Taken as a whole, Joao's complaint does not state a claim of indirect infringement that is plausible on its face. Joao does not identify any accused products or services, nor does Joao expressly identify a direct infringer. Joao does not allege and plead any facts relating to any elements of the indirect infringement claims, nor does Joao identify which of the 264 claims are indirectly infringed. The complaint simply fails to inform Defendants as to what they must defend.

The Court has high expectations of a plaintiff's preparedness before it brings suit. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (Davis, J.) ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun."). Thus, the Court expects that Joao already has sufficient knowledge of facts that it can include in its complaint that would give Defendants sufficient notice of Joao's indirect infringement claims. The Court does not require in a complaint the specificity that P.R. 3-1 requires, as that would go far beyond Rule 8's requirements, but some greater specificity is required here.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motions, but **GRANTS** Joao leave to amend

6

its complaint within the next fifteen days to comply with Rule 8. The Court strongly cautions Joao to narrow its case. Based on the Court's experience, a patent case involving the current number of claims (264) is unmanageable. The Court will not lower its expectations of Joao's P.R. 3-1 disclosures because Joao has chosen to assert a large number of claims. *See Am. Video Graphics*, 359 F. Supp. 2d at 560.

**So ORDERED and SIGNED this 29th day of March, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**