# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| PLAINTIFF, | § § | CASE NO. 6:12-CV-598 |
| v. | § § | JURY TRIAL DEMANDED |
| SOUNDMOUSE LTD., | § § | |
| DEFENDANT | § § | |

### DECLARATION IN SUPPORT OF SOUNDMOUSE, LTD.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER

1. My name is Charles Hodgkinson. I am over the age of 18, am competent to make this declaration, and have personal knowledge of the facts sworn to herein.

2. Soundmouse is a company with its principal place of business in the United Kingdom.

3. In July of 2010, Soundmouse sent a representative to Houston, Texas to place two servers, a switch, a firewall and three external hard drives in a location provided by a third party. This equipment was used by Soundmouse to test the potential of receiving the third party's broadcast feed data and processing the data feed for delivery to Soundmouse's facilities in the United Kingdom for recognition analysis to take place only in the United Kingdom. Soundmouse used a third party supplier in Dallas, Texas to purchase some cables and a cabinet to house the equipment for the testing. In 2009, unrelated to the testing, Soundmouse purchased a license from a third party supplier in San Antonio for use of a generic software module which was only installed on servers located in the United Kingdom to receive files securely. This software module was used by Soundmouse in the United Kingdom to generally receive data files for all projects, and, accordingly, was used by Soundmouse in the United Kingdom for the testing project. Soundmouse never sold the tested equipment or services to this third party. The servers, firewalls, and hard drives have been returned to Soundmouse in

1

the United Kingdom and all testing has ceased. Soundmouse did not enter into a contract for these tested services or equipment with this third party. There were no payments by the third party for this testing.

4. Except as provided above, Soundmouse does not and has never done any other business whatsoever in Texas or this judicial district. Soundmouse has never sold or licensed any products or services in Texas, much less any allegedly infringing products or services. Except as provided above, Soundmouse has never done business or solicited business in Texas or this district. Except as provided above, Soundmouse has not sold products in Texas, shipped products to Texas, had past or present customers in Texas, entered into any contracts with a resident of Texas, or conducted any business or performed any service in Texas.

5. Soundmouse does not own or operate any offices, property, bank accounts or assets in Texas or in this judicial district.

6. Soundmouse has no employees, officers or directors in Texas or in this judicial district.

7. Soundmouse has not attended any conferences or trade shows located in Texas or in this judicial district.

8. Soundmouse has not entered into any contracts, agreements or licenses with any customers located in Texas or this judicial district.

9. Except as provided above, Soundmouse has not mailed any materials to any potential customers located in Texas or this judicial district, and has never sought out any other customers in Texas or this judicial district.

10. Soundmouse has no telephone listings or mailing addresses in Texas, never been listed or licensed to do business in Texas, has no designated agent for service of process in Texas, and has never filed tax returns in Texas.

11. The accused products are manufactured outside of the United States.

12. The accused services are performed in the United Kingdom.

13. Soundmouse was unaware of the asserted patents until Plaintiff filed suit in the case.

14. Soundmouse has never sold an accused product to anyone that has disclosed a Texas mailing address.

15. Soundmouse has only two customers in the United States for the accused product and services. Both of these customers are headquartered in New York City. It is believed that all witnesses and documents for these customers regarding the accused products and services are located in New York City.

16. All other relevant Soundmouse employee witnesses related to the design, development, operation and sales of the accused products and services live or work in the United Kingdom.

17. All Soundmouse documents related to the design, development, operation, and sales of the accused products and services are located in the United Kingdom.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 12th day of April 2013.

Charles Hodgkinson