UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, §<br><br>*Plaintiff*, §<br>§<br>v. §<br>§<br>Texas Instruments, Inc., et al., §<br>*Defendants*. § | | CASE NO. 6:12-cv-499 MHS<br><br>LEAD CASE<br><br>Jury Trial Demanded |
| Blue Spike, LLC, §<br><br>*Plaintiff*, §<br>§<br>v. §<br>§<br>Accu-Time Systems, Inc., §<br>*Defendant*. § | | CASE NO. 6:13-cv-037 MHS<br><br>CONSOLIDATED CASE<br><br>Jury Trial Demanded |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [DKT. 576]**

Plaintiff Blue Spike, LLC opposes Accu-Time Systems, Inc.'s motion to dismiss because the complaint pleads each of Blue Spike's claims with sufficient specificity.[1]

**Legal Standards**

A motion to dismiss for failure to state a claim is governed by regional circuit law. *In re Bill of Lading Transmission & Processing System Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Under applicable Fifth Circuit standards, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a

---

[1] Blue Spike is simultaneously filing an opposition to the motion to dismiss filed by Accu-Time's parent corporation, Amano Cincinnati, Inc. (Dkt. 577). Because the two companies' motions are virtually identical, Blue Spike's oppositions overlap significantly.

valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007); *see also Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "[D]etailed factual allegations" are not required; a complaint need only allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Specific to the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357; *see also Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 541 (E.D. Tex. 2010) ("A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief."). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v.*

*Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

## Argument

The Court should deny Accu-Time's motion, because Blue Spike has pleaded its claims for induced infringement, contributory infringement, and willful infringement with sufficient specificity. *Contra* Dkt. 576 at 6-12.

## I.   The Complaint Sufficiently Identifies the Accused Products and the Patents in Suit.

Blue Spike agrees with Accu-Time that a complaint should identify the patents-in-suit and one or more accused products. Blue Spike's complaint does so. *See* Cause No. 6:13-cv-037 MHS, Dkt. 1, at ¶27. But Accu-Time goes too far in arguing that Blue Spike's complaint must also "definitely identify which of the Patents-in-Suit is alleged to be infringed by which of the Accused Products." Dkt. 576 at 6-7. Accu-Time does not cite a single case that supports its position,[2] which is unsurprising given the liberal pleading standards that apply. By naming the four patents-in-suit and four accused products, Blue Spike has placed Accu-Time on notice as to what it must defend. *McZeal*, 501 F.3d at 1357. Nothing more is required, as this Court and others have held. *See, e.g., InMotion Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG, 2013 WL 1279055, at *5 (E.D. Tex. Mar. 26, 2013) (holding that plaintiff "sufficiently pled its infringement contentions" when its complaint "identif[ied] specific accused products as well as the category of

---

[2] The only case that Accu-Time cites on the issue involved a plaintiff who did not name a single accused product or even a category of product. *Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, No. 6:09-cv-269, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010). Blue Spike, in contrast, names four specific accused products. *See* Cause No. 6:13-cv-037 MHS, Dkt. 1, at ¶27.

accused devices"); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp.2d 349, 353 (D. Del. 2010) (to survive dismissal, a complaint need not even "identify specific products"; simply identifying "a general category of products" suffices).

## II.    Blue Spike Has Sufficiently Pleaded Induced Infringement.

Accu-Time says Blue Spike has insufficiently pleaded induced infringement. *See* Dkt. 576 at 9-10. Accu-Time's entire discussion of the matter consists of two paragraphs and is correspondingly short on analysis, but Accu-Time seems to complain that Blue Spike has insufficiently pleaded the "knowledge" and "intent" elements of induced infringement. Again, Accu-Time is mistaken.

A party is liable for induced infringement if it knows or should know that it is inducing acts that constitute patent infringement. *See* 35 U.S.C. § 271(b); *In re Bill of Lading*, 681 F.3d at 1339. Thus, to survive a motion to dismiss, a complaint alleging induced infringement must contain sufficient facts to plausibly show that the defendants intended a third party to infringe the patent at issue and knew the third party's acts constituted infringement. *Id.* at 1339. Answering the same arguments that Accu-Time makes in its motion, Magistrate Judge Love recently addressed the standards for pleading "knowledge" and "intent" for induced-infringement claims.

The facts in *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012), were almost identical to those at issue here, so Judge Love's Report and Recommendation are highly instructive and show why Blue Spike's complaint should not be dismissed. The defendants in *Patent Harbor*—

like Accu-Time here—moved to dismiss the induced-infringement claims, arguing the plaintiff had "failed to allege that the Defendants had knowledge of the patent-in-suit." Cause No. 6:11-cv-229, Dkt. 486 at 9 (attached as Ex. 1). Judge Love rejected this argument because "the Complaint clearly alleges that the 'Defendants have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint.'" *Id.* Judge Love concluded that "[t]o the extent Defendants' arguments relate to Patent Harbor's failure to allege pre-suit knowledge, these arguments are unpersuasive" because "[f]ailing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" *Id.* (quoting *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)); *see also In re Bill of Lading*, 361 F.3d at 1345-46 (finding complaints that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" were sufficient when pleaded in conjunction with facts plausibly showing intent to induce).

Judge Love also rejected the argument—identical to Accu-Time's here—that dismissal was warranted based on the failure "to allege specific intent to induce infringement." Cause No. 6:11-cv-229, Dkt. 486 at 9. A plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement." *Id.* (citing *In re Bill of Lading*, 681 F.3d at 1336). "Rather, the Complaint need only plead a plausible claim for relief." *Id.* Judge Love

found that the complaint before him met this standard because its allegations—that "Defendants have knowledge of the [patent-in-suit], are infringing the patent by authoring DVDs with content addressable videos, and are contracting with others to author DVDs with content addressable videos"—gave rise to a plausible inference "that Defendants induced others to infringe the [patent-in-suit] by directing and controlling them through contract." *Id*. at 10. Critically, Judge Love noted that "although these allegations do not provide an extraordinary amount of detail regarding the elements of inducement, they nevertheless provide Defendants with sufficient notice of the allegedly unlawful conduct in which they engaged." *Id*. "[M]aking all reasonable inferences in favor of [the plaintiff]," it was "plausible to infer that Defendants induced third-party contractors to infringe" the patent-in-suit. *Id*. (citing *Bill of Lading*, 681 F.3d at 1340).

Accu-Time's arguments are virtually identical to those that Judge Love rejected in *Patent Harbor*. Accu-Time argues it was not enough for Blue Spike to assert knowledge at least as early as the service of this complaint. Yet the Court found that the same assertion precluded dismissal in *Patent Harbor*. Cause No. 6:11-cv-229, Dkt. 486 at 9. Likewise, Accu-Time argues that Blue Spike has not pleaded sufficient facts to show intent, but Blue Spike alleges facts that are at least as compelling as those in *Patent Harbor*. For example, Blue Spike alleges that Accu-Time makes, uses, offers for sale, or imports into the U.S. products, systems, or services, including its OPTIMUS$_2$, AccuTouch, Maximus, and Prodigy time and attendance terminals, that infringe the patents-in-suit. Cause No. 6:13-cv-00037-

MHS, Dkt. 1 at ¶27. The identification of those specific consumer products permits a reasonable inference that Accu-Time intends its customers to use them. Attached to this opposition as Exhibit 2 is an Accu-Time publication describing how the accused products work, providing additional evidence that the accused products have specific infringing capabilities that Accu-Time markets in an effort to induce consumer use. Comparing this information to Blue Spike's description of how the patents-in-suit work, *see* Cause No. 6:13-cv-00037-MHS, Dkt. 1 at ¶¶21-25, it is easy to conclude that Blue Spike's infringement allegations are facially plausible.

## III.   Blue Spike Has Sufficiently Pleaded Contributory Infringement.

Accu-Time also argues that Blue Spike's allegations of knowledge are insufficient to maintain contributory-infringement claims. Dkt. 576 at 9. This argument fails for the same reason that it failed for Blue Spike's induced-infringement claims: "the Complaint clearly alleges that the 'Defendants have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint.'" Cause No. 6:11-cv-229, Dkt. 486 at 9. "Failing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims, as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" *Id.* (quoting *Lochner Techs.*, 2012 WL 2595288, at *3); *see also Achates Reference Supply Publ'g Co. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, Dkt. 303 at 2-3 ("[T]he Court finds that there is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement. While it is

true that Achates will ultimately have to establish that Symantec had the requisite knowledge of the asserted patents at the time of each act of contributory infringement, Symantec does not cite any controlling authority suggesting that the Complaint itself is not sufficient to provide knowledge of the asserted patents for alleged acts of contributory infringement occurring during the pendency of the case.").

Accu-Time also complains that Blue Spike has not pleaded facts to permit an inference that the accused products at issue have no substantial non-infringing use. Dkt. 576 at 8. Again, Accu-Time is incorrect. The complaint specifically describes that the patents-in-suit are foundational to all of today's widespread biometric-identification applications. Cause No. 6:13-cv-00037-MHS, Dkt. 1 at ¶25. Biometric identification is the accused products' only advertised purpose. *See* Ex. 3-6 (screen shots from Accu-Time website describing accused products). At this stage, it is reasonable for the Court to infer that these technologies have no other, non-infringing use—especially in light of Blue Spike's averment that they do not. *Cf. In re Bill of Lading*, 681 F.3d at 1339 (holding that plaintiff had not stated a claim for contributory infringement because, unlike Blue Spike's complaint against Accu-Time, the amended complaints in *In re Bill of Lading* "actually make clear on their face that Appellees' products do have substantial non-infringing uses"). It is true that the complaint itself does not contain extensive analysis of why the accused products have no substantial non-infringing uses, but as this Court has repeatedly held, a plaintiff need not plead "each individual element of a claim for indirect

infringement" to survive dismissal. *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (denying a motion to dismiss that argued the complaint was "deficient because it fails to allege the additional elements required to establish induced and contributory infringement").

Also critical, "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." *Id*. Applying this standard, Blue Spike has adequately pleaded both induced infringement and contributory infringement.

## IV.   Blue Spike Has Also Sufficiently Pleaded Willful Infringement.

Last, Accu-Time urges the Court to dismiss Blue Spike's willfulness claims, arguing that Blue Spike has not alleged any pre-lawsuit willful conduct. Dkt. 576 at 10-11. This gets the law wrong. Granted, Accu-Time is correct that an allegation of pre-filing willfulness must be based on pre-filing conduct. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). And Blue Spike concedes that it has no basis for alleging pre-filing willfulness at this point, although future discovery may change that. But, here, Blue Spike's willfulness allegation is properly based on *post*-filing conduct. *See, e.g.*, Cause No. 6:13-cv-00037-MHS, Dkt. 1 at ¶37 ("Defendant

9

has continued to infringe the '175 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit."). Such conduct is a legitimate basis for recovering willfulness damages. As the Court recently held, willful-infringement claims will survive a motion to dismiss as long as the plaintiff has pleaded (1) "when Movants received notice of the patent-in-suit" and (2) "that their continued alleged infringement is objectively reckless." *Wordcheck Tech, LLC v. ALT-N Techs., Ltd.*, No. 6-10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012). Blue Spike has done that here. *See* Cause No. 6:13-cv-00037-MHS, Dkt. 1 ¶¶37, 45, 53, 61.

The reason for allowing Blue Spike to allege post-filing willful infringement is to put Accu-Time on notice that it will be held responsible for willfulness damages if Blue Spike ultimately proves that Accu-Time willfully infringed Blue Spike's patents after the complaint was filed. Nothing beyond this notice is required or even warranted at this juncture.

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Accu-Time's motion to dismiss.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 randall.garteiser@sftrialattorneys.com
Christopher A. Honea
 Texas Bar No. 24059967
 chris.honea@sftrialattorneys.com
Christopher S. Johns
 Texas Bar No. 24044849
 chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 15, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

      /s/ Randall T. Garteiser
Randall T. Garteiser