IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 6:12-cv-499-LED |
| | : | (LEAD CASE) |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| TEXAS INSTRUMENTS, INC. et al. | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| BLUE SPIKE, LLC, | : | |
| | : | |
| | : | C.A. No. 6:13-cv-00088 |
| Plaintiff, | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| IRIS ID SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT IRIS ID SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Iris ID Systems, Inc. ("Iris ID") responds to Plaintiff Blue Spike, LLC's ("Blue Spike") Original Complaint for Patent Infringement filed on January 22, 2013, as follows. To the extent not specifically admitted in the following paragraphs, the allegations are denied.

**NATURE OF THE SUIT**

1. Iris ID admits that Blue Spike's Original Complaint for Patent Infringement purports to allege claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Except as expressly admitted, Iris ID denies the remaining allegations in Paragraph 1.

1

## THE PARTIES

2. Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies them.

3. Iris ID admits that it is a New Jersey corporation, having its principal place of business at Cedar Brook Corp. Center, 7 Clark Drive, Cranbury, New Jersey 08512. Iris ID admits that it can be served with process through its registered agent, Cha K. Koo, 7 Clarke Drive, Cranbury, New Jersey 08512.  Iris ID admits that it does business in the state of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

4. Iris ID admits that this lawsuit purports to be a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq.*, and that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1338(a), and 1367. Except as expressly admitted, Iris ID denies the remaining allegations in Paragraph 4.

5. Iris ID denies that this Court has personal jurisdiction over Iris ID.  Iris ID denies that it has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas.  Iris ID denies that it engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas.  Iris ID denies that it has purposefully established substantial, systematic, and continuous contacts with the District and that it should reasonably expect to be haled into court here.  Iris ID denies that the Court's exercise of jurisdiction over Iris ID will not offend traditional notions of fair play and substantial justice.

6. Iris ID denies that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  Iris ID admits that it does business in the State of Texas.  Iris ID denies that it has committed acts of infringement in Texas and in this District, that a substantial part of the

events or omissions giving rise to Blue Spike's claims happened in this District, and that Iris ID is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### A. Morkowitz's History

7. – 20.  Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 7 to 20 and on that basis denies them.

### B. Patents-in-Suit

21. – 26.  Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 21 to 26 and on that basis denies them.

### C. The Accused Products and Services

27. Iris ID denies that it designs, develops, and manufactures fingerprint-based biometric software systems, and technology.  Iris ID admits that it makes, uses, offers for sale, and/or imports into the U.S. products, systems, and/or services including but not limited to the Iris Access Systems (such as the 7000 and 4000), iCAM iris recognition devices (such as the 7000, 4000, H100, and TD100), iData software (such as EAC, CMA, and Software Development Kit), INSiDE, and Iris Accelerator ("Accused Products").  Iris ID, however, denies that the Accused Products infringe one or more valid and/or enforceable claims of the Patents-in-Suit.

28. Iris ID admits that it has not sought or obtained a license for any of Blue Spike's patented technologies.

29. Iris ID denies the allegations in Paragraph 29.

30. Iris ID admits that it provides to others software and products that prevent security breaches and provide biometric authentication.  Iris ID denies the remaining allegations in Paragraph 30.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31. Iris ID incorporates by reference its responses to paragraphs 1-30.

32. Iris ID admits that U.S. Patent No. 8,214,175 is entitled "Method and Device for Monitoring and Analyzing Signals." Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 32 and on that basis denies them.

33. Iris ID admits that U.S. Patent No. 8,214,175 lists July 3, 2012, as its issuance date, and that a document purporting to be a copy of U.S. Patent No. 8,214,175 is attached as Exhibit A to the Original Complaint. Iris ID denies that U.S. Patent No. 8,214,175 is valid. Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33 and on that basis denies them.

34. Iris ID denies the allegations in Paragraph 34.

35. Iris ID admits that it had knowledge of U.S. Patent No. 8,214,175 as early as the service of Blue Spike's Original Complaint. Iris ID denies the remaining allegations in Paragraph 35.

36. Iris ID denies the allegations in Paragraph 36.

37. Iris ID denies the allegations in Paragraph 37.

38. Iris ID denies the allegations in Paragraph 38.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39. Iris ID incorporates by reference its responses to paragraphs 1-38.

40. Iris ID admits that U.S. Patent No. 7,949,494 is entitled "Method and Device for Monitoring and Analyzing Signals." Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40 and on that basis denies them.

41. Iris ID admits that U.S. Patent No. 7,949,494 lists May 24, 2011, as its issuance date, and that a document purporting to be a copy of U.S. Patent No. 7,949,494 is attached as Exhibit B to the Original Complaint. Iris ID denies that U.S. Patent No. 7,949,494 is valid. Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41 and on that basis denies them.

42. Iris ID denies the allegations in Paragraph 42.

43. Iris ID admits that it had knowledge of U.S. Patent No. 7,949,494 as early as the service of Blue Spike's Original Complaint.  Iris ID denies the remaining allegations in Paragraph 43.

44. Iris ID denies the allegations in Paragraph 44.

45. Iris ID denies the allegations in Paragraph 45.

46. Iris ID denies the allegations in Paragraph 46.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. Iris ID incorporates by reference its responses to paragraphs 1-46.

48. Iris ID admits that U.S. Patent No. 7,660,700 is entitled "Method and Device for Monitoring and Analyzing Signals." Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 48 and on that basis denies them.

49. Iris ID admits that U.S. Patent No. 7,660,700 lists February 9, 2010, as its issuance date, and that a document purporting to be a copy of U.S. Patent No. 7,660,700 is attached as Exhibit C to the Original Complaint. Iris ID denies that U.S. Patent No. 7,660,700 is valid. Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 49 and on that basis denies them.

50. Iris ID denies the allegations in Paragraph 50.

51. Iris ID admits that it had knowledge of U.S. Patent No. 7,660,700 as early as the service of Blue Spike's Original Complaint. Iris ID denies the remaining allegations in Paragraph 51.

52. Iris ID denies the allegations in Paragraph 52.

53. Iris ID denies the allegations in Paragraph 53.

54. Iris ID denies the allegations in Paragraph 54.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55. Iris ID incorporates by reference its responses to paragraphs 1-54.

56. Iris ID admits that U.S. Patent No. 7,346,472 is entitled "Method and Device for Monitoring and Analyzing Signals." Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 56 and on that basis denies them.

57. Iris ID admits that U.S. Patent No. 7,346,472 lists March 18, 2008, as its issuance date, and that a document purporting to be a copy of U.S. Patent No. 7,346,472 is attached as Exhibit D to the Original Complaint. Iris ID denies that U.S. Patent No. 7,346,472 is valid. Iris ID lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57 and on that basis denies them.

58. Iris ID denies the allegations in Paragraph 58.

59. Iris ID admits that it had knowledge of U.S. Patent No. 7,346,472 as early as the service of Blue Spike's Original Complaint. Iris ID denies the remaining allegations in Paragraph 59.

60. Iris ID denies the allegations in Paragraph 60.

61. Iris ID denies the allegations in Paragraph 61.

62. Iris ID denies the allegations in Paragraph 62.

## REQUEST FOR RELIEF

Iris ID incorporates by reference its responses to paragraphs 1-62. Iris ID denies that Blue Spike is entitled to the judgment and/or relief requested in Paragraphs (a) through (d) in page 18 of the Original Complaint.

## DEMAND FOR JURY TRIAL

Iris ID admits that Blue Spike demands a jury trial on all issues to be determined by a jury. Iris ID respectfully demands a trial by jury as to all claims and defenses triable of right to a jury.

## DEFENSES

Further answering the Original Complaint, Iris ID asserts the following defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of them. Iris ID reserves the right to amend its answer with additional defenses as further discovery information is obtained.

## FIRST DEFENSE
## (NON-INFRINGEMENT)

1. Blue Spike is not entitled to any relief against Iris ID because Iris ID does not infringe and has not infringed any valid and enforceable claim of U.S. Patent Nos. 8,214,175; 7,949,494; 7,346,472; and 7,660,700 (collectively, "the Patents-in-Suit").

## SECOND DEFENSE
## (INVALIDITY)

2. One or more of the claims of Patents-in-Suit are invalid for failure to meet one or more of the requisite statutory and/or decisional requirements and/or conditions for patentability

under Title 35 of the United States Code, including without limitation, sections 102, 103, 112, and 116.

## THIRD DEFENSE

## (LIMITATION ON DAMAGES)

3. Blue Spike's right to seek damages and costs is limited pursuant to 35 U.S.C. §§ 286 through 288.

## FOURTH DEFENSE

## (NOT AN EXCEPTIONAL CASE FOR PLAINTIFF)

4. This is not an exceptional case justifying award of attorney's fees against Iris ID pursuant to 35 U.S.C. § 285. Rather, it is an exceptional case justifying award of reasonable attorney's fees against Blue Spike and in favor of Iris ID pursuant to that statute.

## FIFTH DEFENSE

## (WAIVER, ACQUIESCENCE, AND ESTOPPEL)

5. Each of the purported claims in Blue Spike's Original Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## SIXTH DEFENSE

## (LACHES)

6. The Patents-in-Suit are unenforceable, in whole or in part, against Iris ID under the doctrine of laches.

## SEVENTH DEFENSE

## (FAILURE TO MITIGATE)

7. The claims in Blue Spike's Original Complaint are barred, in whole or in part, because of Blue Spike's failure to mitigate damages, if such damages exist.

## EIGHTH DEFENSE

**(PROSECUTION HISTORY ESTOPPEL)**

8. The relief sought by Blue Spike as to the claims of one or more of the Patents-in-Suit is barred under the doctrine of prosecution history estoppel.

**NINTH DEFENSE**

**(PROSECUTION LACHES)**

9. One or more of the Patents-in-Suit is unenforceable, in whole or in part, against Iris ID under the doctrine of prosecution laches.

**TENTH DEFENSE**

**(ADEQUATE REMEDY AT LAW)**

10. Blue Spike is not entitled to injunctive relief because any alleged injury to Blue Spike is not immediate or irreparable and Blue Spike has an adequate remedy at law.

**ELEVENTH DEFENSE**

**(NO WILLFUL INFRINGEMENT)**

11. Blue Spike's claims for enhanced damages and an award of fees and costs against Iris ID have no basis in fact or law and should be denied.

**TWELFTH DEFENSE**

**(FAILURE TO STATE A CLAIM)**

12. Blue Spike's Original Complaint, on one or more claims for relief, fails to state a claim upon which relief can be granted.

**THIRTEENTH DEFENSE**
**(GOVERNMENT CONTRACTOR DEFENSE)**

13. To the extent certain products accused of infringing one or more of the Patents-in-Suit are used by and/or manufactured for the United States Government, Blue Spike's claims

against Iris ID with respect to such products are barred, in whole or in part, under 28 U.S.C. § 1498.

## COUNTERCLAIMS

For its Counterclaims, Iris ID alleges against Blue Spike as follows:

## PARTIES

1. Counterclaim-Plaintiff Iris ID is a New Jersey corporation, having with its principal place of business at Cedar Brook Corp. Center, 7 Clarke Drive, Cranbury, New Jersey 08512.

2. According to the Original Complaint, Counterclaim-Defendant Blue Spike is a Texas limited liability company having its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 of non-infringement and invalidity of the Patents-in-Suit under the United States patent laws, 35 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Counterclaim-Defendant Blue Spike because Counterclaim-Defendant Blue Spike submitted to the jurisdiction of this Court by bringing the instant action.

5. Venue can be found in this District pursuant to 28 U.S.C. 1391(b)-(c), or else in the U.S. District Court of New Jersey.

## GENERAL ALLEGATIONS

6. On January 22, 2013, Counterclaim-Defendant Blue Spike filed suit against Counterclaim-Plaintiff Iris ID, claiming infringement of the Patents-in-Suit.

7. A justiciable controversy exists between Counterclaim-Plaintiff Iris ID and Counterclaim-Defendant Blue Spike concerning the non-infringement and invalidity of the Patents-in-Suit.

## FIRST COUNTERCLAIM

## (NON-INFRINGEMENT OF THE PATENTS-IN-SUIT)

8. Iris ID refers to and incorporates by reference Paragraphs 1-7 of its Counterclaims as fully set forth herein.

9. Iris ID is entitled to a declaratory judgment that it has not infringed and is not now infringing any asserted claims of the Patents-in-Suit.

## SECOND COUNTERCLAIM

## (INVALIDITY OF THE PATENTS-IN-SUIT)

10. Iris ID refers to and incorporates by reference Paragraphs 1-9 of its Counterclaims as fully set forth herein.

11. One or more claims of the Patents-in-Suit are invalid for failing to meet one or more of the requisite statutory and/or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 102, 103, 112 and 116.

12. Iris ID is entitled to declaratory judgment that one or more of the claims of the Patents-in-Suit patents is invalid.

## PRAYER FOR RELIEF

13. Wheretofore, Iris ID prays for judgment that:

   A. Blue Spike is not entitled to the relief prayed for from Iris ID in the Original Complaint;

   B. Iris ID has not and is not now infirming any claims of the Patents-in-Suit;

   C. The Patents-in-Suit are invalid;

D. No damages or royalties are due or owing by Iris ID for any acts alleged by Blue Spike in the Original Complaint;

E. Iris ID be awarded its costs, disbursements, and reasonable attorney's fees pursuant to 35 U.S.C. § 285;

F. Iris ID be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Iris ID demands a trial by jury on all issues so triable.

Dated: April 18, 2013								Respectfully submitted,


									*/s/ Harry L. Gillam, Jr.*
									Gillam & Smith, LLP
									Harry L. Gillam, Jr.
									303 South Washington Avenue
									Marshall, Texas 75670
									Telephone: (903) 934-8450
									Facsimile: (903) 934-9257
									gil@gillamsmithlaw.com

									Of Counsel
									FINNEGAN, HENDERSON, FARABOW,
									 GARRETT & DUNNER, LLP
									Andy Sonu (*pro hac vice*)
									Rajeev Gupta (*pro hac vice*)
									Cecilia Sanabria (*pro hac vice*)
									901 New York Avenue, NW
									Washington, DC 20001-4413
									Telephone: 202.408.4365
									Facsimile: 202.408.4400
									andy.sonu@finnegan.com
									raj.gupta@finnegan.com
									cecilia.sanabria@finnegan.com

									***Attorneys for Defendant Iris ID Systems, Inc***.

**CERTIFICATE OF SERVICE**

   I certify that on April 18, 2013, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Eastern District of Texas, using the electronic case filing ("ECF") system of the court. The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

                  */s/ Harry L. Gillam, Jr.*
                  Gillam & Smith, LLP
                  Harry L. Gillam, Jr.
                  303 South Washington Avenue
                  Marshall, Texas 75670
                  Telephone: (903) 934-8450
                  Facsimile: (903) 934-9257
                  gil@gillamsmithlaw.com