**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 6:12-cv-499-LED |
| | : | (LEAD CASE) |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| TEXAS INSTRUMENTS, INC. et al. | : | |
| | : | |
| Defendant. | : | |
| | : | |
| BLUE SPIKE, LLC, | : | |
| | : | C.A. No. 6:13-cv-00088 |
| Plaintiff, | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| IRIS ID SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT IRIS ID SYSTEMS INC.'S MOTION TO**
**TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 3

I.      Venue is Proper in the District of New Jersey .................................................. 3

II.     The Private Interest Factors Heavily Favor Transfer ........................................ 4

        A.      Relative Ease of Access to Sources of Proof ......................................... 4

                1.      Sources of Proof from Iris ID in the District of New Jersey ..................... 5

                2.      Sources of Proof From Potentially Relevant Third-Parties
                        Are Located in the District of New Jersey ................................................. 5

                3.      Sources of Proof Relating to the Asserted Patents Are
                        Located Outside of Texas .......................................................................... 6

        B.      The Availability of Compulsory Process to Secure the Attendance
                of Witnesses ................................................................................................. 8

        C.      The Cost of Attendance for Willing Witnesses .................................... 9

        D.      All Other Practical Problems, Including Judicial Economy .................. 9

III.    The Public Interest Factors Support Transfer ................................................. 11

CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Dropelts, Inc. v. Amazon.com, Inc., et al.*
  Civ. Action No. 2:11-cv-392, 2012 WL 3578605 (E.D. Tex. June 27, 2012)..................10, 11

*GeoTag, Inc. v. Aromatique Inc. et al.*,
  Case No. 2:10-cv-570, D.I. 585 (Jan. 14, 2013)  ........................................................7, 8, 9, 10

*Fujitsu Ltd. v. Tellabs, Inc.*,
  639 F. Supp. 2d 671 (E.D. Tex. 2009) .....................................................................................9

*In re Acer America Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010)................................................................................................8

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009).........................................................................................3, 4, 9

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011)................................................................................................7

*In re Nintendo Co., Ltd.*,
  589 F.3d 1194 (Fed. Cir. 2009)................................................................................................7

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)..........................................................................................3, 11

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ..............................................................................................3, 8

*Mohamed v. Mazda Motor Corp.*,
  90 F. Supp. 2d 757 (E.D. Tex. 2000) .......................................................................................8

*NovelPoint Learning LLC v. LeapFrog Enteres. Inc.*,
  No. 6:10-cv-229, 2010 WL 5068146 (E.D. Tex. Dec. 6, 2010) ..........................................7, 4

*Odom v. Microsoft Corp.*,
  596 F. Supp. 2d 995 (E.D. Tex. 2009)....................................................................................12

*Touchscreen Gestures, LLC v. HTC Corp. et al.*,
  Case 6:12-cv-00261-MHS, D.I. 17 (March 27, 2013)  ....................................................11, 12

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
  No. 2-10-cv-364-JRG, 2012 WL 506669 (E.D. Tex. Feb. 15, 2012)....................................8, 9

**STATUTES**

28 U.S.C. § 1404 ................................................................................................................ 1, 3, 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 45(c)(3)(A)(ii) ................................................................................................ 8

Defendant Iris ID Systems, Inc. ("Iris ID") moves in accordance with 28 U.S.C. § 1404(a) to transfer this case to the District of New Jersey because it is a clearly more convenient forum to litigate this case than the Eastern District of Texas.

## INTRODUCTION

Plaintiff Blue Spike, LLC ("Blue Spike") filed a patent infringement suit against Iris ID on January 22, 2013, as part of a large litigation campaign that Blue Spike began in August of 2012, resulting in 89 different lawsuits against different defendants on the same patents. The Court recently consolidated those actions except for matters of venue and jurisdiction. *See* D.I. 17. Blue Spike asserts four patents against Iris ID and the other defendants. At least some of the other defendants have also moved to transfer the cases against them to the District of New Jersey. *See* Case No. 6:12-cv-00680-MHS, D.I. 13 (L-1 Identity Solutions Inc. and MorphoTrust USA, Inc.'s Transfer Mot.). Other defendants have moved to transfer the cases against them to other districts. *See* Case No. 6:12-cv-00499-MHS at D.I. 540 (Imageware Systems, Inc.'s Transfer Mot.); D.I. 594 (Tygart Techs. Inc.'s Transfer Mot.); D.I. 610 (Kronos Inc.'s Transfer Mot.); D.I. 648 (Soundmouse, Ltd.'s Transfer Mot.). The patents are part of the same family, share the same specification and inventors, and are titled "Methods and Systems for Monitoring and Analyzing Signals." The complaint accuses the following Iris ID products of infringement: IrisAccess systems, iCAM iris recognition devices, iData software, INSiDE, and IrisAccelerator ("the Accused Products").

The relevant private and public interest factors that courts in this District rely on to evaluate transfer motions strongly favor transfer of the case against Iris ID. With respect to the private interest factors, Iris ID is incorporated and maintains its principal place of business in Cranbury, New Jersey. Ex. 1, Moon Decl. at ¶ 2. All but one of Iris ID's U.S.-based employees with knowledge about the technical aspects of the Accused Products are based out of Iris ID's

headquarters in New Jersey. *Id.* at ¶ 6. The remaining Iris ID U.S.-based employee is involved in sales of the Accused Products and lives in Boston, Massachusetts, but works out of Iris ID's New Jersey office on a regular basis. *Id.* Iris ID also maintains its technical, sales, and marketing documents as well as software related and relevant to the Accused Products in Iris ID's headquarters in New Jersey. *Id.* at ¶ 7. Manufacturing of the accused products takes place in Korea, not the United States. *Id.* at ¶ 5. Iris ID does not have any employees in Texas and does not maintain relevant document in Texas. *Id.* at ¶ 8. Also, upon current information and belief, relevant potential third-party witnesses with knowledge about the development of the software used in the Accused Products are also based out of New Jersey. *Id.* at ¶ 9; Case No. 6:12-cv-00680-MHS D.I. 12 (L-1 Identity Solutions Inc. and MorphoTrust USA, Inc.'s Transfer Mot.).

In contrast, there are no witnesses known to Iris ID with relevant knowledge that reside in this District. Blue Spike was only incorporated in Texas on May 14, 2012, apparently for the sole purpose of litigating in the Eastern District of Texas. Ex. 2, Texas Incorporation. The asserted patents were initially assigned to Blue Spike, Inc., a Florida Corporation with its principal address in Sunny Isles Beach, Florida. Ex. 3, Florida Incorporation. It was only in August of 2012 that Blue Spike, Inc. assigned the patents to Blue Spike. Ex. 4, Assignments. Based on information on the face of the patents, Mr. Scott Moskowitz, a named inventor of the asserted patents, has resided in Miami, Florida and Sunny Isles Beach, Florida. Similarly, Mr. Michael W. Berry, the other named inventor of the asserted patents, seems to have resided in Albuquerque, New Mexico; Virginia Beach, Virginia; and, more recently, Seattle, Washington. Similarly, the prosecuting attorneys of the asserted patents are located in Washington, DC and Alexandria, Virginia. Ex. 5, FH excerpts; Ex. 6, Chapman; Ex. 7, Margulies at 1 and 3.

With respect to the public interest factors, New Jersey has a stronger interest in deciding the pending dispute because Iris ID is located there and designs and develops the Accused Products in New Jersey.

Based on the location of the witnesses and evidence, the District of New Jersey is a clearly more convenient forum to litigate this case than the Eastern District of Texas.

## ARGUMENT

Because the District of New Jersey is a "clearly more convenient" venue for the trial of this case, the Court should order a transfer. *See In re Volkswagen of Am., Inc*., 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). "For the convenience of parties and witnesses, in the interest of justice," the Court may transfer this action to another district court "where it might have been brought." 28 U.S.C. § 1404(a). The plaintiff's choice of venue is not a distinct factor in the § 1404 analysis. *In re TS Tech USA Corp*., 551 F.3d 1315, 1320 (Fed. Cir. 2008) (granting petition for writ of mandamus where district court denied motion to transfer and incorrectly afforded the plaintiff's chosen venue "considerable deference"). Rather, the courts analyze both private and public interest factors, which weigh in favor of transfer of this case to the District of New Jersey. *See In re Genentech, Inc.*, 566 F.3d 1338, 1341-42 (Fed. Cir. 2009) (applying Fifth Circuit test of public and private interest factors).

## I.    Venue is Proper in the District of New Jersey

Blue Spike cannot dispute that it could have filed the pending action in the District of New Jersey. First, Iris ID is incorporated in New Jersey. Second, Iris ID maintains its principal place of business in Cranbury, New Jersey. Third, Iris ID develops the accused products in New Jersey. Thus, Iris ID has sufficient contacts with New Jersey to establish jurisdiction in that District. The same cannot be said for the Eastern District of Texas.

"There is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint." *Id.* at 1346. Thus, Blue Spike's contacts with New Jersey are irrelevant to this threshold inquiry.

Because the District of New Jersey has jurisdiction over Iris ID, Blue Spike could have brought this case in New Jersey.

## II.     The Private Interest Factors Heavily Favor Transfer

All of the private interest factors point to the District of New Jersey as the more convenient forum. The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *Id.* at 1342 (citation omitted). The majority of Iris ID's U.S.-based witnesses with relevant technical knowledge about the Accused Products, together with relevant technical documents, are located in Iris ID's offices in New Jersey. Ex. 1, Moon Decl. at ¶ 6-7. Also, potentially relevant third-party witnesses with knowledge about the development of the software used in the Accused Products are also based out of New Jersey. *Id*. at ¶ 9; Case No. 6:12-cv-00680-MHS D.I. 12 (L-1 Identity Solutions Inc. and MorphoTrust USA, Inc.'s Transfer Mot.). In contrast, no Iris ID or known third-party witnesses with relevant information or documents appear to be located in this District.

### A.     Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.*, 566 F.3d at 1345 (citation omitted). In

this case, a large amount of the relevant proof from both Iris ID and potentially relevant third-party witnesses with knowledge about the development of the software used in the Accused Products is located in the District of New Jersey. None is located within the Eastern District of Texas. The same is even true for relevant proof from the named inventors and prosecuting attorneys of the asserted patents.

### 1.    Sources of Proof from Iris ID in the District of New Jersey

The vast majority of proof from Iris ID in the United States is located in the District of New Jersey and none is located within this District. Specifically, Iris ID is incorporated and has its principal place of business in Cranbury, New Jersey, where it maintains its technical, sales, and marketing documents. Ex. 1, Moon Decl. at ¶¶ 2, 7. Iris ID also maintains the software related and relevant to the Accused Products in its offices in New Jersey. *Id*. at ¶ 7. Eight of Iris ID's U.S.-based employees are involved in design, development, engineering, and testing of the software used in the Accused Products, and 5 of Iris ID's U.S.-based employees work in sales of the Accused Products. *Id*. at ¶ 6. All but one of Iris ID's U.S.-based employees with knowledge about the technical aspects of the Accused Products are based out of Iris ID's office in Cranbury, New Jersey. *Id*. The remaining individual is involved in sales, lives in Boston, Massachusetts—which is much closer to the District of New Jersey than this District—and works from Iris ID's Cranbury, New Jersey office on a regular basis. *Id*.

### 2.    Sources of Proof From Potentially Relevant Third-Parties Are Located in the District of New Jersey

Although Iris ID's employees develop the specific software used in the Accused Products, Iris ID obtained a license to the underlying software and code from Iridian Technologies, Inc. ("Iridian"). *Id*. at ¶ 9. Based on current information and belief, Iridian was acquired by L-1 Identity Solutions, Inc. ("L-1"), which is now part of the Safran Group along

with MorphoTrust USA, Inc. ("MorphoTrust"). *Id.* Blue Spike also asserted patent infringement

claims against L-1 and MorphoTrust in this District, and both companies have moved to transfer

that case to the District of New Jersey because the vast majority of the relevant evidence is

located there. Case No. 6:12-cv-00680-MHS D.I. 12 and 14 (L-1 Identity Solutions Inc. and

MorphoTrust USA, Inc.'s Transfer Mot.). Thus, relevant information about the initial

development of the underlying software and code used in the Accused Products is likely located

in New Jersey.

> **3.     Sources of Proof Relating to the Asserted Patents Are Located
> Outside of Texas**

As with the majority of the evidence regarding the Accused Products, evidence relating to

the asserted patents is located outside of Texas, including evidence related to conception,

reduction to practice, and prosecution of the patents. The original patent owner, Blue Spike, Inc.,

is a Florida corporation with its principal place of business in Sunny Isles Beach, Florida.  Ex. 3,

Florida Incorporation; Ex. 4, Assignments. Also, the named inventors of the asserted patents do

not seem to reside in Texas.[1] Instead, based on information on the face of the patents, they have

resided in Florida, New Mexico, and Washington state. Thus, the most relevant information

about conception and reduction to practice of the alleged inventions is likely found in Florida,

New Mexico, and Washington state.

Regarding evidence about the prosecution of the asserted patents, in addition to the

named inventors, Mr. Floyd B. Chapman and Mr. Bruce Margulies were involved in the

---

[1] In opposing L-1 Identity Solutions Inc. and MorphoTrust USA, Inc.'s Transfer Motion, Blue
Spike argues that its CEO and inventor of the asserted patents, Mr. Scott Moskowitz, resides in
433 S. Chilton Avenue, Unit 3, Tyler, TX 75702. 6:12-cv-00680-MHS, D.I. 13-9 at ¶ 3. Yet, that
address seems to correspond to the "Chilton Grand A Bed and Breakfast Establishment." Ex. 8,
Chilton Ave., Tyler, Texas. Also, as shown on Blue Spike, Inc.'s incorporations records, Mr.
Scott Moskowitz resides in Florida. Ex. 3, Florida Incorporation

prosecution of the asserted patents. Ex. 5, FH excerpts. Mr. Chapman is located in Washington DC (Ex. 6, Chapman) and Mr. Margulies in Alexandria, Virginia. Ex. 7, Margulies. Thus, the most relevant information about prosecution of the patents is likely located in Washington, DC and Virginia, both of which are closer to the District of New Jersey than to the Eastern District of Texas, making the District of New Jersey a more convenient forum.

Although Blue Spike argued in opposing L-1 Identity Solutions Inc. and MorphoTrust USA, Inc.'s Transfer Motion that Blue Spike's files and computers are located in Texas, "[d]ocuments relocated in anticipation of litigation are not considered." *GeoTag*, *Inc. v. Aromatique Inc. et al*., Case No. 2:10-cv-570, D.I. 585 at 4 (Jan. 14, 2013) (attached as Ex. 9) (citing *In re Hoffmann-La Roche, Inc*., 587 F.3d 1333, 1336-37 (Fed. Cir. 2009)); *see also In re Microsoft Corp*., 630 F.3d 1361, 1365 (Fed. Cir. 2011) (describing a plaintiff's offices within the transferor forum as "recent, ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue"). Here, Blue Spike was created only last year apparently for the sole purpose of litigating in the Eastern District of Texas.  Ex. 2, Texas Incorporation). Blue Spike also ignores that it only acquired rights to the patents in August of 2012 from Blue Spike, Inc., the initial assignee and a Florida corporation. Ex. 3, Florida Incorporation; Exhibit 4, Assignments. Thus, the Blue Spike's relocation of documents and files to Texas should be given no weight in the transfer analysis.

"[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). In this case, the majority of the relevant evidence from Iris ID and potential third-party witnesses is located in the District of New Jersey. In contrast, Iris ID is not aware of any relevant evidence located within

the Eastern District of Texas. The fact that some of the relevant sources of proof may fall outside the District of New Jersey does not rebut that District of New Jersey is a clearly more convenient forum than this District. *Wireless Recognition Techs. LLC v. A9.com, Inc*., No. 2-10-cv-364-JRG, 2012 WL 506669, at *4 (E.D. Tex. Feb. 15, 2012).

Because the relevant evidence that even Blue Spike may present on conception, reduction to practice, and prosecution of the asserted patents is not located within the Eastern District of Texas and is instead closer to the District of New Jersey, Iris ID's proposed transferor district is clearly more convenient that the Eastern District of Texas. Therefore, this factor weighs in favor of transferring the cases to the District of New Jersey.

### B.  The Availability of Compulsory Process to Secure the Attendance of Witnesses

"The venue's ability to compel testimony through subpoena power is also an important factor in the § 1404(a) calculus." *In re Acer Am. Corp*., 626 F.3d 1252, 1255 (Fed. Cir. 2010). This factor requires the Court to look at nonparty witness convenience rather than convenience of the party witnesses. *Mohamed v. Mazda Motor Corp*., 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). "Accordingly, transfer is heavily favored when the majority of non-party witnesses reside in the transferee forum." *GeoTag*, D.I. 585 at 6 (attached as Exhibit 9) (citing *Volkswagen II*, 545 F.3d at 316). As indicated above, most of the third-party witnesses knowledgeable about the Accused Products and the asserted patents that both Blue Spike and Iris ID would likely call as witnesses at trial are located in or closer to the District of New Jersey. Those witnesses may not be compelled to attend trial in the Eastern District of Texas because they are outside of the state of Texas and more than 100 miles from the courthouse. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii). Thus, this factor heavily favors transfer to the District of New Jersey.

### C.      The Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech*, 566 F.3d at 1342. Although courts consider the convenience of both party and third-party witnesses in the transfer analysis, the convenience of third-party witnesses is afforded greater weight. *Wireless Recognition Techs.*, 2012 WL 506669, at *5.

As described above, the majority of Iris ID's U.S-based employees and potentially relevant third-party witnesses with relevant information about the Accused Products reside in the District of New Jersey. The same seems to be true even for the named inventors and prosecuting attorneys of the asserted patents who have resided in Albuquerque, New Mexico; Virginia Beach, Virginia; Seattle, Washington; Washington, DC; and Alexandria, Virginia. Because the majority of the relevant party and third-party witnesses are located within or closer to the District of New Jersey than to this District, this factor heavily favors transfer.

### D.      All Other Practical Problems, Including Judicial Economy

The last private interest factor also supports transfer. "Practical problems include those that are rationally based on judicial economy." *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 768 (E.D. Tex. 2009) (citing *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351-52 (Fed. Cir. 2009)).

In opposing L-1 Identity Solutions Inc. and MorphoTrust USA, Inc.'s Transfer Motion as well as Imageware Systems Inc.'s Transfer Motion, Blue Spike argued that judicial economy dictates that the Court should deny transfer in light of the currently pending lawsuits against the other defendants in this District. As this Court recently explained, however, "[t]he Court will not permit the existence of separately filed cases to sway its transfer analysis. Otherwise, a plaintiff could manipulate venue by serially filling cases within a single district." *GeoTag*, D.I. 585 at 10 (attached as Ex. 9). Further, to the extent there are any efficiencies gained by having the same

court decide the cases against both Iris ID and L-1 Identity Solutions Inc. and MorphoTrust USA, Inc. that court should be the District of New Jersey since L-1 Identity Solutions Inc. and MorphoTrust USA, Inc. have already sought transfer of its cases to the District of New Jersey and the majority of the relevant evidence for those cases and the pending case against Iris ID is located in New Jersey.

Blue Spike also argues that judicial economy is a "paramount" consideration and transferring the cases would result in "common questions of law and fact, thereby creating an unnecessary risk of inconsistent claim construction and adjudication." Case No. 6:12-cv-00680-MHS, D.I. 13 (L-1 Identity Solutions Inc. and MorphoTrust USA, Inc.'s Transfer Mot); Case No. 6:12-cv-00688-LED, D.I. 17 at 5 (Imageware Systems, Inc.'s Transfer Mot.).

First, Blue Spike's various patent infringement complaints involve different defendants and different accused products. Any common issues would be common in any infringement case. *See, e.g.*, *GeoTag*, D.I. 585 at 10 (attached as Ex. 9) (granting a motion to transfer in an action involving over 100 cases against over 400 defendants).

Second, this Court has transferred cases involving the same patent to various jurisdictions when the cases are in their early stages and the transfer analysis warrants transfer, as is the case here. For example, in *Dropelts, Inc. v. Amazon.com, Inc., et al.*, this Court granted the defendants' motion to transfer the case against them to the Northern District of California when a pending related action involving the same patent against a second set of defendants was transferred to the Southern District of New York and yet another case against a third set of defendants remained in the Eastern District of Texas. Civ. Action No. 2:11-cv-392, 2012 WL 3578605, at *6 (E.D. Tex. June 27, 2012). In fact, even though the *Dropelts, Inc. v. Amazon.com, Inc., et al.* case had been joined for pretrial purposes, including claim construction, with the case

10

against third set of Defendants, this Court granted the immediate transfer of the case to the Northern District of California. *Id.*

Third, and most importantly, the Federal Circuit has "considered and rejected arguments that the preservation of judicial economy should preclude transfer to a far more convenient venue." *Id.* at * 8 (citing *In re Morgan Stanley,* Misc. Nos. 962, 964, 967, 417 Fed. App'x 947, 949 (Fed. Cir. Apr. 6, 2011)). The private and public interest factors show that New Jersey is a far more convenient forum to litigate Blue Spike's claims against Iris ID than the Eastern District of Texas. Thus, Blue Spike's judicial economy arguments are misplaced and any judicial economy of maintaining this case in Texas does not outweigh the fact that the District of New Jersey is a far more convenient district to litigate the case against Iris ID than Texas. Because this case is in its early stages and this Court has not yet gained familiarity with the patents and technology at issue, maintaining the case in Texas in light of the location of the relevant evidence would be prejudicial to Iris ID while transferring the case to New Jersey would not be overly prejudicial for Blue Spike.  *See Touchscreen Gestures, LLC v. HTC Corp. et al.*, Case 6:12-cv-00261-MHS, D.I. 17 at 12 (March 27, 2013) (attached as Ex. 10).

## III.    The Public Interest Factors Support Transfer

The public interest factors also support transfer of the cases to the District of New Jersey. The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re TS Tech*, 551 F.3d at 1319 (alteration in original) (citation omitted).

In particular, with respect to the second factor, the District of New Jersey has a far stronger local interest in deciding this dispute than this District. Iris ID and the original developer

11

of the software and code used in the Accused Products are located there. The accused technology was developed, tested, adapted, and researched in the District of New Jersey by Iris ID's U.S.-based employees and the original developer of the software and code used in the Accused Products. *See Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1003 (E.D. Tex. 2009) (explaining that "where a forum has identifiable connections to the events giving rise to the suit, this factor may support litigating the case in that forum"). This litigation calls into question the work of those individuals in New Jersey. *See Touchscreen Gestures, LLC*, D.I. 17 at 12 (attached as Ex. 10). Thus, the public interest factors weigh in favor of transfer.

## CONCLUSION

Because the majority of the evidence and witnesses are located within the District of New Jersey, the convenience of the parties and witnesses, and the interests of justice warrant transferring the pending action to the District of New Jersey.

Dated: April 18, 2013                    Respectfully submitted,


                                         */s/ Harry L. Gillam, Jr.*
                                         Gillam & Smith, LLP
                                         Harry L. Gillam, Jr.
                                         303 South Washington Avenue
                                         Marshall, Texas 75670
                                         Telephone: (903) 934-8450
                                         Facsimile: (903) 934-9257
                                         gil@gillamsmithlaw.com

                                         Of Counsel
                                         FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, LLP
                                         Andy Sonu (*pro hac vice*)
                                         Rajeev Gupta (*pro hac vice*)
                                         Cecilia Sanabria (*pro hac vice*)
                                         901 New York Avenue, NW
                                         Washington, DC 20001-4413
                                         Telephone: 202.408.4365
                                         Facsimile: 202.408.4400
                                         andy.sonu@finnegan.com
                                         raj.gupta@finnegan.com
                                         cecilia.sanabria@finnegan.com

                                         *Attorneys for Defendant Iris ID Systems, Inc.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on the April 18, 2013, on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ Harry L. Gillam, Jr.*
Gillam & Smith, LLP
Harry L. Gillam, Jr.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendant have complied with the meet and confer requirement in Local Rule CV-7(h) and that the motion of Defendant Iris ID Systems, Inc. ("Iris ID"), in accordance with 28 U.S.C. § 1404(a) to transfer all claims against Iris ID to the District of New Jersey is opposed.

I further certify that the personal conference required by Local Rule CV-7(i) was conducted via telephone on April 17, 2013, and attended by Cecilia Sanabria for Defendant Iris ID and Christopher Honea for Plaintiff Blue Spike, LLC.; the parties were not able to agree upon factual and/or legal issues surrounding the motions at issue; and that discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

> _/s/ Harry L. Gillam, Jr._
> Gillam & Smith, LLP
> Harry L. Gillam, Jr.
> 303 South Washington Avenue
> Marshall, Texas 75670
> Telephone: (903) 934-8450
> Facsimile: (903) 934-9257
> gil@gillamsmithlaw.com