IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br>v.<br><br>TEXAS INSTRUMENTS, INC. *et al.*,<br><br>    Defendant. | Civil Action No. 6:12-cv-499-LED<br><br>LEAD CASE |
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br>v.<br><br>SMART MEDIA INNOVATIONS LLC and<br>SMART MEDIA INNOVATIONS LTD.,<br><br>    Defendants. | Civil Action Case No. 6:13-CV-110<br><br>CONSOLIDATED CASE |

**DEFENDANTS SMART MEDIA INNOVATIONS LLC AND SMART MEDIA INNOVATIONS LTD.'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

Defendants Smart Media Innovations, LLC ("SMI LLC") and Smart Media Innovations, Ltd. ("SMI Ltd.") (collectively, "SMI") move for dismissal of this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or, alternatively, for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). In support of its motion, SMI submits the following Brief and the Declaration of Richard Clark, Director and co-founder of SMI Ltd. and a Director and co-founder of SMI LLC ("Dec.").

**STATEMENT OF FACTS**

Plaintiff Blue Spike, LLC ("BS") filed a complaint against SMI alleging infringement of U.S. Patent No. 7,346,472, 7,660,700, 7,949,494, and 8,214,175 (collectively, "the Patents-in-Suit").

(Doc. No. 1.) BS alleges that this Court has personal jurisdiction over Smart Media Innovations, LLC, a FL limited liability company, and Smart Media Innovations, Ltd., a UK limited company, arising out of various alleged general acts. (Doc. No. 1 ¶ 6). Additionally, BS has contended that venue is proper for the same reasons that it contended that jurisdiction was proper. (Id. at ¶ 7.)

SMI LLC has its principal place of business at 4500 140th Ave. North, Suite 101, Clearwater, FL 33762 ("Florida Office"). (Dec. ¶ 3.) SMI Ltd. is a UK limited company organized under the laws of England with its principal place of business at 18 Vision Centre, 5 Eastern Way, Bury St. Edmunds, Suffolk, IP32 7AB, England, UK ("England Office"), where SMI's business records are kept. (Id. at ¶¶ 4-5.) Other than its FL and England Offices, SMI has no other offices. (Id. at ¶ 6.)

With respect to SMI's tenuous connections to TX, SMI has no offices or other places of business in TX (Dec. ¶¶ 6, 12), nor has SMI operated or maintained any facilities in TX (id. at ¶ 13). Furthermore, SMI (i) has no interest in, use of, or possession of real or personal property within TX (id. at ¶¶ 19-20), and (ii) has never owned or leased any real property in TX (id. at ¶ 19). Similarly, SMI has never maintained a mailing address in TX. (Id. at ¶ 27). In addition to the lack of any physical facilities in TX, SMI does not employ any TX residents and has no directors or officers that live or work in TX. (Id. at ¶¶ 14-15.)

Coupled with the lack of any physical or human capital in Texas, SMI has no significant Texas financial connection. Specifically, SMI has (i) no bank accounts in TX (Dec. ¶ 16), (ii) never mailed payments to TX (id. at ¶ 17), or (iii) obtained credit from a creditor in TX (id. at ¶ 18). Furthermore, SMI has no connection with the bodies of TX government. Specifically, other than being named as a defendant herein, SMI has not used TX courts as a litigant (id. at ¶ 25) or paid taxes to TX (id. at ¶ 21). Further, SMI is not licensed by the State of Texas (id. at ¶ 22) or registered with

the TX government as a foreign corporation (id. at ¶ 24). As such, SMI has no designated agent for service of process within TX. (Id. at ¶ 23.)

SMI also has no material business contacts with TX. SMI does not advertise in TX other than through its non-interactive websites, smi-global.co.uk and smi-global.net, which are available throughout the world, but through which sales to consumers cannot be consummated. (Dec. ¶ 28.) SMI has not and does not contract with any TX entity to provide SMI with services or goods that are either made in, originate in, or ship from TX. (Id. at ¶ 26.) SMI stores no business or corporate documents in TX. (Id. at ¶ 35.) SMI has not programmed, serviced, or manufactured any product in TX (id. at ¶ 30), nor does it have any inventory in TX (id. at ¶ 31). Moreover, SMI has never received in TX any shipments of products or other material associated with its business. (Id. at ¶ 34.)

With respect to its contracts, SMI has never negotiated any contracts in TX (Dec. ¶ 32), nor has SMI ever entered into any contracts governed by TX law (id. at ¶ 33). Moreover, SMI has not has not manufactured, programmed, or integrated in TX any product, including the products accused of infringement in this action, which are described as IDenium, Authentication Center, BioTime, Fingerpass, Fingerpass NEO, U-Match Mobile, AMIS Multibiometric Solution, XMatcher, and BioLink Software Development Kit ("Accused Products"). (Id. at ¶ 29.) Moreover, in the 9 year period before the filing of this action (2004 through to the present), SMI has generated no revenue from TX-based or derived sales since it has sold no Accused Products in TX during this time. (Id. at ¶¶ 40-44.)

# I.   ARGUMENT

## A. Legal Standard

### 1) Personal Jurisdiction

When deciding a personal jurisdiction issue in a patent action, a district court should apply Federal Circuit law. Nuance Commc'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1230 (Fed. Cir. 2010); Hockerson-Halberstadt, Inc. v. Costco Wholesale Corp., 93 F. Supp. 2d 738, 741 (E.D. La. 2000). When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction. Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico, 563 F.3d 1285, 1294 (Fed. Cir. 2009).

A court may exercise personal jurisdiction over a nonresident defendant, such as SMI, only when doing so would be (1) permitted by the forum state's long-arm statute, and (2) consistent with due process. Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 857 (Fed. Cir. 1999). In Texas, the long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. § 17.042, authorizes the exercise of jurisdiction "'as far as the federal constitutional requirements of due process will allow.'" Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002) (quoting long-arm statute). Accordingly, the analysis of Texas's long-arm statute collapses into the federal due-process inquiry. Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008).

Federal due process requires that the (1) nonresident defendant purposely avail itself of the benefits and protections of the forum state by establishing certain minimum contacts with the forum state; and (2) exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." Johnston, 523 F.3d at 609 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); LSI Indus. Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1371 (Fed. Cir. 2000). To establish minimum contacts, a nonresident defendant must do some act by which it "purposefully avails [it]self

of the privilege of conducting activities within [Texas], thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).  The activities must be of such quality that the defendant could "reasonably anticipate being haled into court." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Contacts that are random, fortuitous, attenuated, or simply non-existent are not sufficient.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

The minimum contacts aspect of due process can be satisfied by either finding specific or personal jurisdiction.  Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005).  However, under either analysis, "the constitutional touch stone remains whether the defendant purposefully established 'minimum contacts' in the forum state." Burger King, 417 U.S. at 474; Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1359 (Fed. Cir. 1998). General personal jurisdiction arises when a defendant has created a substantial connection with the forum and its business contacts with the forum are so "continuous and systematic" that jurisdiction is appropriate and just even when the cause of action has no relation to those contacts. Goodyear Dunlop Tires Ops. v. Brown, 131 S. Ct. 2846, 2848 (U.S. 2011); Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416 (1984); Campbell Pet Co. v. Miale, 542 F.3d 879, 883 (Fed. Cir. 2008).  Specific jurisdiction exists when a nonresident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable.  3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1378 (Fed. Cir. 1998); Burger King, 471 U.S. at 472.

    2)  Venue

In a patent infringement case involving a corporation, venue is proper in any district that may exercise personal jurisdiction over the corporate defendant at the time the action is commenced. VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1999); 28 U.S.C. §§

5

1391(c) & 1400(b). The venue issue is therefore subsumed in the personal jurisdiction issue. N. Am. Philips Corp. v. Am. Vending Sales, Inc., 35 F.3d 1576, 1577 n.1 (Fed. Cir. 1994).

Here, SMI does not have contacts with Texas that are sufficient to authorize the exercise of either general or specific personal jurisdiction and, as such, this Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2). Moreover, venue in this Court is improper, warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(3).

> B. SMI Does Not Have Substantial or Continuous and Systematic Contacts with Texas to Establish General Personal Jurisdiction.

As stated supra, substantial or continuous and systematic contacts with Texas would justify this Court's exercise of jurisdiction over SMI, non-resident defendants. However, this standard has been recognized as a "'difficult' standard for the resident plaintiff to meet" because it requires the plaintiff to show extensive contacts between a defendant and a forum. Diebold Election Sys., Inc. v. AI Tech., Inc., 562 F. Supp. 2d 866, 876 (E.D. Tex. 2008) (quoting Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V., 249 F.3d 413, 419 (5th Cir. 2001) (noting the Supreme Court has only once upheld personal jurisdiction where the suit was unrelated to the defendant's contacts with the forum)); Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1018 (Fed. Cir. 2009).

Here, BS's complaint alleges that SMI (i) has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (ii) regularly carries on or solicits business in the District and in Texas; (iii) engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (iv) purposefully establishes substantial, systematic, and continuous contacts with the District such that SMI should reasonably expect to be haled into Court without offending traditional notions of fair play and substantial justice. (Doc. No. 1 ¶ 6.)

These "vague and over generalized" allegations (Johnston, 523 F.3d at 610) regarding SMI's ostensible contacts with this District in particular and Texas in general are incorrect and devoid of factual foundation.

SMI does not do any business in or have any contact with Texas, much less have contacts that rise to the level of a "persistent course of conduct in the state of Texas." Marathon Oil Co. v. Ruhrgas, 182 F.3d 291, 295 (5th Cir. 1999). For example, SMI (i) has no interest in any real or personal property in Texas (Dec. ¶¶ 19-20), (ii) is not licensed by or registered to do business in Texas (id. at ¶¶ 22, 24), and (iii) has no directors or officers, employees, business records, statutory agent for service of process, mailing address, offices, other facilities, bank accounts, or inventory in Texas (id. at ¶¶ 12-16, 23, 27, 31). Coupled with this is the absence of any (i) SMI contracts governed by Texas law or negotiated in Texas (id. at ¶¶ 32-33), (ii) programming, servicing, or manufacturing by SMI of products in Texas (id. at ¶¶ 30), (iii) receipt in Texas of any shipments of products or other business material (id. at ¶ 34), or (iv) advertising in Texas (id. at ¶ 28).

SMI's only tenuous connection with TX is the fact that it has been sued here and that its non-interactive websites, available anywhere in the world, are also available in TX. (Dec. ¶ 28.) Notably, SMI has sold no products, including those accused of infringement, in TX for the nine year period before the filing of this lawsuit, generating a whopping $0 in revenue. (Id. at ¶¶ 40-44.) This lack of any sale in TX does not even rise to the "insignificant and sporadic sales" that are of "the nature and quality" to constitute a general presence in TX. Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1362 (5th Cir. 1990); Johnston, 523 F.3d at 610 ("Random, fortuitous, or attenuated contacts [which] are not sufficient to establish jurisdiction."); Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 218 (5th Cir. 2000) (no general personal jurisdiction where "evidence show[ed] at best, that [the defendant] sold, on isolated occasions, products to entities located in Texas…"). Clearly, SMI has no

"continuous and systematic" contacts with TX such that the Court would consider SMI as (i) being "essentially at home in" or (ii) regularly conducting business in TX. Goodyear, 131 S. Ct. at 2851; Perkins v. Benguet Consol. Mining, 342 U.S. 437, 445 (1952). Thus, with no revenue from TX customers, SMI could not have "reasonably expected to be sued in Texas on any matter." Johnston, *surpa* (declining to exercise general personal jurisdiction where neither the total amount of sales nor the percentage of annual sales [i.e., 3% of sales over five year period] was substantial or regular enough to create a general presence); Helicopteros, 466 U.S. at 411, 417-18; TXU Energy Retail Co. v. Emanuel Med. Center, Inc., 2003 U.S. Dist. LEXIS 9036, at *16 (N.D. Tex. May 28, 2003) (series of short-term contracts for purpose of gas from TX corporations insufficient to create continuous relationship with state to as to exercise general personal jurisdiction) (citing Helicopteros).

Plaintiff also cannot use SMI's websites as a basis for general jurisdiction. SMI's websites (i) are devoid of anything targeting this District or even Texas customers, (ii) are not interactive, and (iii) do not allow internet visitors to the website to purchase any of SMI's products or services. (Dec. ¶ 29.) Thus, SMI's websites cannot establish general personal jurisdiction. Accord Gunze Plastics Eng'g Corp. of Am. v. Landmark Tech., LLC, 12-2297-JTM, 2012 U.S. Dist. LEXIS 174477 (D. Kan. Dec. 10, 2012) (grant of defendant's motion to dismiss plaintiff's declaratory relief action for lack of personal jurisdiction because defendant's website was not interactive); Klausner Techns., Inc. v. Taridium, LLC, 6:11-cv-00593-LED, slip op. at *4 (Doc. No. 28) (E.D. Tex. Sep. 24, 2012) ("[Defendant's] website merely advertises [its] products and does not allow individuals to purchase the allegedly infringing products online. Further, nothing on [its] website targets the Eastern District of Texas or even Texas customers. Accordingly, the Court finds that [defendant's] website does not subject [it] to jurisdiction in the Eastern District of Texas."). In light of the absence of any actual interaction with Texas or its residents in light of the absence of any Texas sales or revenue, the

exercise of general personal jurisdiction over SMI violates Due Process and thus BS cannot rely on general personal jurisdiction to establish the exercise of personal jurisdiction over SMI in this case. Accord Roblor Mktg. Group, Inc. v. Gps Indus., 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009) ("However, there is no evidence in the record of any actual interaction with the state of Florida. The mere world-wide accessibility of Karrier's websites in the absence of any actual interaction will not support a finding that jurisdiction attaches"); Arquest, Inc. v. Kimberly-Clark Worldwide, Inc., 07 Civ. 11202 (CM), 2008 U.S. Dist. LEXIS 60987 (S.D.N.Y. July 31, 2008) (granting defendant's motion to dismiss for lack of personal jurisdiction in NY where the defendant did not operate in NY, was not registered or licensed to do business in NY, had no property in NY, had no employees in NY, had no sales force, had no customer base, and did not sell or market any products).

C. SMI Has Not Purposefully Directed Activities Toward Texas So As To Confer Specific Jurisdiction Over SMI.

In the absence of general personal jurisdiction, a court may exercise specific personal jurisdiction over a defendant if the cause of action arises out of or relates to the activity of the defendant in the forum state. Breckenridge Pharm., Inc. v. Metabolite Labs, Inc., 444 F.3d 1356, 1360-61 (Fed. Cir. 2006). The Federal Circuit applies a three-prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. Nuance Commc'ns, 626 F.3d at 1231.

Here, none of the three required prongs is met. According to the Complaint, this action is based on the allegation of Texas-based or directed activities by SMI related to the Accused Products. However, that the tort of patent infringement is deemed to have occurred in whole or in part in Texas is simply not dispositive of whether jurisdiction is appropriate. Wilson, 20 F.3d at 648; World-Wide

Volkswagen, 444 U.S. at 288-89.  What is critical is whether the (i) defendant personally directed its activities at the residents of Texas, and (ii) litigation results from alleged injuries that arise out of or relate to SMI's accused sales.  Aviles v. Kunkle, 978 F.2d 201, 204 (5th Cir. 1992); Innovative Office Prods. v. Ole Smed & Trade Mgmt. Group Ltd., EDCV 07-192-SGL (KCRx), 2007 U.S. Dist. LEXIS 76656, at *12 (C.D. Cal. Aug. 15, 2007).

Here, with respect to the first factor (whether the defendant purposefully directed activities at residents of the forum), SMI took no planned action "to inject" itself into Texas.  SMI's only "injection" into TX with respect to the Accused Products is the advertising of such products on its non-interactive website, which resulted in no sales or revenue from any TX-based or related commercial transactions.[1]  (Dec. ¶¶ 40-44.)  The absence of any such TX sales or revenue, coupled with the nonexistence of any other ties to the state, could not reasonably provide SMI "fair warning that [it was] subject to the jurisdiction of" TX.  TXU, supra, at *11; Electrosource v. Horizon Battery Techns., 176 F.3d 867, 871 (5th Cir. 1999)); Zeneca v. Mylan Pharms., 173 F.3d 829, 835 (Fed. Cir. 1999); Arlington Indus. v. Elec. Custom Distribs., 817 F. Supp. 2d 473, 485 (M.D. Pa. 2011) ("Despite the fact that Defendant's website is nationally accessible, there is no evidence that they have targeted [PA] nor have they accounted for a significant proportion of sales in [PA].").

Moreover, SMI has no long-term contract, relationship, or other business deal remotely related to Texas.  (Dec. ¶¶ 26, 32-33.)  That is, SMI did not establish any resulting "substantial connection with" Texas.  TXU, supra, at *15 (citing Burger King, 471 U.S. at 478-79).  As such, SMI did not contemplate a "long-term relationship with the kinds of continuing obligations and wide-reaching contacts envisioned by" the Supreme Court when it held that "minimum contacts" requires a

---

1 The Accused Products sold in the United States was sold to ADT in Alexandria, VA and which was paid out of ADT's Aurora, CO office for a project for the U.S. Government in Nebraska which generated net revenue of $32,090.00 and net profit of $12,990.  (Dec. ¶ 45.)

party to purposefully avail itself of the privilege of conducing activities within the forum. Verizon v. Cohen, Jayson & Foster, 3:06-CV-2394-L, 2007 U.S. Dist. LEXIS 54676, at *12-13 (N.D. Tex. July 27, 2007) (citing Burger King, 471 U.S. at 475). Therefore, purposeful availment here is lacking. Transplace Tex., L.P. v. Higgins, 4:10-CV-428, 2011 U.S. Dist. LEXIS 13719, at *9 (E.D. Tex. Jan. 19, 2011) (finding no purposeful availment where defendant's forum-related activities comprised a few sales over multiple years yielding negligible revenue).

As to the second factor (whether the claim arises out of or relates to those activities, *viz.*, the foreseeability of the effects of any of SMI's Texas-related activities), any "relatedness" is simply not a substitute for the existence of some minimum contacts between SMI and Texas. Several courts have concluded that specific jurisdiction is appropriate over a defendant that sells allegedly infringing products through its website and ships them to the forum state. Vice v. Woodline USA, Inc., C 10-04103 CW, 2011 U.S. Dist. LEXIS 8014, at *10 (N.D. Cal. Jan. 21, 2011). However, here, we have neither of these, *viz.*, no sales of Accused Products in TX at all, and no sales through either of the websites (which are not interactive). Therefore, the exercise of specific jurisdiction cannot be established in the absence of any evidence satisfying the second factor. Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC, 708 F. Supp. 2d 527, 534 (D. Md. 2010) (dismissing case where "[t]here [wa]s no evidence that [defendant] induced the sale of any goods in Maryland").

Even if SMI were aware that BS would be injured in TX from any supposed infringing conduct occurring outside of TX, that conduct was directed at the nationwide and worldwide market in which SMI competes, rather than at Texas, BS, or its residents. Diebold, 562 F. Supp. 2d at 875; cf. Cent. Freight Lines, Inc. v. APA Transp. Corp., 322 F.3d 376, 384 (5th Cir. 2003) (defendant intentionally interfered with a contract between two parties it knew to be residents of the forum). This differs materially from the necessary "purposeful direct[ion]" of SMI's acts specifically directed

11

toward Texas. Diebold, 562 F. Supp. 2d at 875 (quoting Burger King, 471 U.S. at 476); cf. McCabe v. Floyd Rose Guitars, 3-10-cv-00581, slip op. at *6 (S.D. Cal. Oct. 17, 2011) (jurisdiction found where there was relatedness of forum-related activities to claims of infringement given that the defendant personally attended trade show in forum to commercialize accused products during which time defendant allegedly solicited sales of the accused products). After consideration of the zero sales of Accused Products in Texas and without any other Texas-directed activity by SMI, what is left for BS to establish personal jurisdiction is "an insurmountable dearth of contacts between [SMI] and the State of Texas." Diebold, 562 F. Supp. 2d at 873. As such, in light of the absence of the alleged SMI-Texas claim-related contacts, BS cannot meet the relatedness requirement to establish specific jurisdiction over SMI. MADD v. DAMMAD, Inc., 3:02-CV-1712-G, 2003 U.S. Dist. LEXIS 1800, at *16 (N.D. Tex. Feb. 7, 2003) (no specific personal jurisdiction where less than 3% of internet activity alleged to comprise trademark infringing activity originated from Texas) (citing Mink v. AAAA Dev. LLC, 190 F.3d 333, 336-37 (5th Cir. 1999)).

Lastly, there is no support for the conclusion that the exercise of specific personal jurisdiction here would be reasonable. The reasonableness of such exercise is determined by considering a number of factors, including (1) SMI's burden, (2) the forum state's interest, (3) Blue Spike's interest in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in furthering social policies. Asahi Metals v. Superior Court, 480 U.S. 102, 112 (1987); Patent Rights Prot. Group, LLC v. Video Gaming Techs., Inc., 603 F.3d 1364, 1369 (Fed. Cir. 2010).

Here, all factors militate against the exercise of specific jurisdiction over SMI. First, it would be a burden for SMI to litigate the case in a far-away venue such as Texas, especially given its non-connection with Texas. All of its employees and officers reside and work outside of Texas (Dec. ¶¶

14-15) and its only United States office is in Florida (id. at ¶ 3). The principals of SMI are residents of England in the United Kingdom. (Id. at ¶ 1.) All documents pertaining to the alleged activities and the Accused Products are located far away from Texas in England. (Id. at ¶ 5.) Thus, all persons with knowledge of SMI's business and relevant documents in this matter would, in all likelihood, have to be transported from England to Texas if litigation were to occur in this Court. The added related expense would adversely affect SMI's business operations. Thus, the first factor weights favors SMI. MADD, 2003 U.S. Dist. LEXIS 1800, at *25-26.

Furthermore, the second factor is neutral. Texas may have an interest in protecting corporations headquarted within Texas from patent infringement, but, as to SMI LLC, Florida also has a significant interest in remedying alleged violations of patent law by SMI LLC, a Florida entity, and this matter involves questions of Federal, not state, law. Id. at *26; cf. Trasplace Tex., 2011 U.S. Dist. LEXIS 13719, at *21 (Texas had strong interest in dispute as it concerned a contract negotiated in Texas governed by Texas law). With respect to SMI Ltd., the second factor favors dismissal of the complaint as to SMI Ltd. since it is a UK limited company with no control over SMI LLC and which has no contacts with any state in the United States to constitutionally permit the exercise of jurisdiction over it such that the exercise of jurisdiction over SMI Ltd. would be unreasonable.

As to the remaining factors, although BS allegedly brought the instant action for its convenience to allow for effective relief (third factor), litigation of this dispute in Florida against SMI LLC only (not SMI Ltd.( would violate neither the judicial system's interest in efficient resolution of controversies nor the shared interest of the states in furthering fundamental social policies (fourth and fifth factors). In fact, quite the contrary is true: litigation against SMI LLC in Florida would presumably allow BS's claims to be heard on the merits by the appropriate court with jurisdiction over SMI LLC (but not SMI Ltd.), thus reinforcing the proper boundaries of personal jurisdiction

jurisprudence in patent cases.  As to SMI Ltd., the exercise of personal jurisdiction over it, a UK limited company with no contacts with the United States, would violate the judicial system's interest in efficient resolution of controversies, as well as violate the shared interest of the states in furthering fundamental social policies as to business entities that have contacts with the states' borders.  As such, the fourth and fifth factors weigh in favor of SMI.  MADD, 2003 U.S. Dist. LEXIS 1800, at *27-28.  Therefore, considering these factors in light of the relationship between SMI, Texas, and this litigation, maintaining this suit against SMI in this forum "would offend the traditional notions of fair play and substantial justice."  Id. at *28 (citing Asahi, 480 U.S. at 113 and quoting Int'l Shoe, 326 U.S. at 316).  Woodson v. Copeland Trucking, 3:01-CV-2216-H, 2002 U.S. Dist. LEXIS 2601, at *3 (N.D. Tex. Feb. 15, 2002); Beverly Hills Fan v. Royal Sovereign Corp., 21 F.3d 1558, 1568 (Fed. Cir. 1994).  As such, this Court should not exercise specific jurisdiction over SMI and dismiss the Complaint.

    1)   Venue in this Court is Improper, Warranting Dismissal under Rule 12(b)(3).

Federal Rule of Civil Procedure 12(b)(3) permits dismissal based on improper venue.  In a patent infringement case involving a corporation, venue is proper in any district that may exercise personal jurisdiction over the corporate defendant at the time the action is commenced.  VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1999); 28 U.S.C. §§ 1391(c) and 1440(b).  As stated supra, in patent infringement cases, personal jurisdiction and venue involve the same analysis and need not be considered separately.  Hollyanne Corp. v. TFT, Inc., 199 F.3d 1304, 1306-07 (Fed. Cir. 1999).  Because the exercise of personal jurisdiction over SMI in this forum is improper, this is also an improper venue.  Hockerson-Halberstadt v. Costco Wholesale Corp., 00-758, 2000 U.S. Dist. LEXIS 8290, at *9 (E.D. La. June 6, 2000).

## II. CONCLUSION

SMI does not have substantial, continuous and systematic contacts with Texas sufficient to subject it to personal jurisdiction in Texas. It consummated no sales of Accused Products in Texas, and merely operates in Texas a worldwide-accessible, non-interactive website, which clearly are insufficient under Due Process to confer jurisdiction. Ductcap Prods. v. J & S Fabrication, Inc., 09-1179 ADM/FLN, 2009 U.S. Dist. LEXIS 92038, at *7-10 (D. Minn. Oct. 2, 2009) (defendant's motion to dismiss for lack of personal jurisdiction was granted where defendant's contacts with the forum were an advertisement sent to six businesses, an advertisement in a "nationally circulated magazine," and a website that "has not generated any sales in [the forum].") There is simply nothing sufficient to establish the exercise of personal jurisdiction or the propriety of venue. As such, SMI respectfully requests this case be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Moreover, since the exercise of jurisdiction over SMI in this forum is improper, this is also an improper venue such that SMI respectfully requests dismissal for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).[2]

Respectfully submitted this 18th day of April, 2013.

WEISS & MOY, P.C.

By: /s/ Kenneth M. Motolenich-Salas
Kenneth M. Motolenich-Salas
kmotolenich@weissiplaw.com
Weiss & Moy, P.C.
4204 N. Brown Avenue
Scottsdale, AZ 85251
Tel.: (480) 994-8888
Fax: (480) 947-2663
Attorney for SMI, LLC

---

[2] No Certificate of Conference is required for this motion since neither the "meet and confer" nor the "certificate of conference" requirements of Local Rule CV 7(i) applies to motions to dismiss.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

April 18, 2013                                                            */s/ Kenneth M. Motolenich-Salas*
                                                                                         Kenneth M. Motolenich-Salas