IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>  Plaintiff,<br>v.<br><br>TEXAS INSTRUMENTS, INC. *et al.*,<br><br>  Defendant. | Civil Action No. 6:12-cv-499-LED<br><br>LEAD CASE |
| BLUE SPIKE, LLC,<br><br>  Plaintiff,<br>v.<br><br>SMART MEDIA INNOVATIONS LLC and<br>SMART MEDIA INNOVATIONS LTD.,<br><br>  Defendants. | Civil Action Case No. 6-13-cv-110<br><br>CONSOLIDATED CASE |

**DECLARATION OF RICHARD CLARK IN SUPPORT OF
DEFENDANTS SMART MEDIA INNOVATIONS LLC AND SMART MEDIA
INNOVATIONS LTD.'S MOTION TO DISMISS**

I, Richard Clark, declare as follows:

1.  I am over 18 years old and a citizen of the United Kingdom and a resident of Maxey, England, United Kingdom. I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness. I make this Declaration in support of Defendant Smart Media Innovations LLC ("SMI LLC") and Smart Media Innovations Ltd.'s ("SMI Ltd.") Motion to Dismiss the Complaint for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3), respectively.

2. I am a Director and co-founder of SMI Ltd. and a Director and co-founder of SMI LLC.

3. SMI LLC, which was founded in July 2012, is a limited liability company organized under the laws of the State of Florida with its principal place of business at 4500 140th Avenue North, Suite 101, Clearwater, FL 33762 ("Florida Office").

4. SMI Ltd., which was founded in September 2004, is a United Kingdom limited company organized under the laws of England with its principal place of business at 18 Vision Centre, 5 Eastern Way, Bury St. Edmunds, Suffolk, IP32 7AB, England, United Kingdom ("England Office").

5. The corporate and business records of SMI LLC and SMI Ltd. are kept in the England Office.

6. Other than its England and Florida Offices, neither SMI LLC nor SMI Ltd. has an office or other physical facility.

7. In this action, I understand that the Plaintiff, Blue Spike, LLC has accused SMI LLC and SMI Ltd. of infringing U.S. Patent No. 7,346,472, 7,660,700, 7,949,494, and 8,214,175 (collectively, the Patents-in-Suit). (Doc. No. 1.)

8. Furthermore, in this action, Blue Spike has alleged that SMI LLC and SMI Ltd. do business in the state of Texas and in the Eastern District of Texas.

9. Moreover, in this action, Blue Spike alleges that this Court has jurisdiction over SMI LLC and SMI Ltd. due to the alleged (i) commission of acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (ii) regular carrying on or solicitation of business in the Eastern District of Texas and in Texas; (iii) the engagement of other persistent courses of conduct and derivation of substantial revenue from

products and/or services provided to individuals in the District and in Texas; and (iv) the purposeful establishment of substantial, systematic, and continuous contacts with the District such that SMI LLC and SMI Ltd. should reasonably expect to be haled into Court without offending traditional notions of fair play and substantial justice.

10. Additionally, in this action, Blue Spike alleges that venue is proper in this Court due to the commission of acts of infringement by SMI LLC and SMI Ltd. in Texas and in the Eastern District of Texas, with a substantial part of the events or omissions giving rise to Blue Spike's claims having happened in the Eastern District of Texas such that SMI LLC and SMI Ltd. are subject to personal jurisdiction in the Eastern District of Texas.

11. Blue Spike's allegations regarding the contacts of SMI LLC and SMI Ltd. with the State of Texas in general and the Eastern District of Texas in particular have no factual foundation.

12. Neither SMI LLC nor SMI Ltd. has an office or other place of business in Texas.

13. Neither SMI LLC nor SMI Ltd. has ever operated or maintained any facilities in Texas.

14. No directors or officers of SMI LLC or SMI Ltd. live or work in Texas.

15. Neither SMI LLC nor SMI Ltd. employs any Texas residents.

16. Neither SMI LLC nor SMI Ltd. has a bank account in Texas.

17. Neither SMI LLC nor SMI Ltd. has ever mailed payments to Texas.

18. Neither SMI LLC nor SMI Ltd. has ever obtained credit from a creditor in Texas.

19. Neither SMI LLC nor SMI Ltd. has any interest in, use of, or possession of real property within Texas. As such, neither SMI LLC nor SMI Ltd. has ever owned real property in Texas, nor has either of them leased any real property in Texas.

20. Neither SMI LLC nor SMI Ltd. has an interest in, use of, or possession of personal property within Texas. As such, neither SMI LLC nor SMI Ltd. owns or leases any personal property within Texas.

21. Neither SMI LLC nor SMI Ltd. is required to pay any income or business taxes to Texas.

22. Neither SMI LLC nor SMI Ltd. is licensed by the State of Texas.

23. Neither SMI LLC nor SMI Ltd. has a designated agent for service of process within Texas.

24. Neither SMI LLC nor SMI Ltd. is registered as a foreign corporation authorized to conduct business in Texas.

25. Neither SMI LLC nor SMI Ltd. has used the Texas court system as a litigant other than being named as Defendants herein.

26. Neither SMI LLC nor SMI Ltd. contracts with any Texas entity to provide it with services or goods that are either made in, originate in, or ship from Texas.

27. Neither SMI LLC nor SMI Ltd. has ever maintained a mailing address in Texas.

28. Other than through its non-interactive websites, smi-global.co.uk and smi-global.net, which are available throughout the world, but through which sales cannot be consummated, neither SMI LLC nor SMI Ltd. advertises in Texas.

29. Neither SMI LLC nor SMI Ltd. has ever manufactured in Texas any physical or software-based product, including the products accused of infringement in this action (Datastrip Systems, DSV2+Turbo, DSVII-PA, DSVII-SC, DSVII-SW, EasyRead, and EasyVerify Mobile Readers ("Accused Products") (*see, e.g.,* Doc. No. 1 ¶ 28).

30. Neither SMI LLC nor SMI Ltd. has programmed, manufactured, or serviced any Accused Product or other products in Texas.

31. Neither SMI LLC nor SMI Ltd. has any inventory of Accused Products or other products in Texas.

32. Neither SMI LLC nor SMI Ltd. has ever negotiated any contracts in Texas.

33. Neither SMI LLC nor SMI Ltd. has ever entered into any contracts governed by Texas law.

34. Neither SMI LLC nor SMI Ltd. has ever received in Texas any shipments of Accused Products, other products, or other material associated with its business.

35. No corporate or business records of SMI LLC or SMI Ltd. are stored or otherwise housed in Texas.

36. As part of my duties performed on behalf of SMI LLC and SMI Ltd., I am responsible for overseeing sales information.

37. As such, I am familiar with the manner and method by which SMI LLC and SMI Ltd. maintain their sales information.

38. Sales information is kept in the ordinary course of SMI LLC'S and SMI Ltd.'s business, and records of sales, including the location of the buyer or purchaser of products or services, are made on a periodic basis at or near the time of consummated sales by an employee or other agent of SMI LLC and/or SMI Ltd. with knowledge of the sales.

39. It is a regular practice of SMI LLC and SMI Ltd. to keep records of sales made in the course of business.

40. For purposes of this litigation in general and this Declaration in particular, I have reviewed SMI LLC's and SMI Ltd's sales within the United States for the years 2004 through to the

date of this Declaration ("Time Period").  This information includes the number of invoices per year, the total amount paid on those invoices, and the location of the buyer or purchaser of the products or services.

41. As alluded to in Paragraph 32 above, the Accused Products are at issue in this matter.

42. I determined upon my review of the above-referenced business records that, in the Time Period, neither SMI LLC nor SMI Ltd. has sold any product in Texas, including but not limited to the Accused Products, generating $0 in revenue from Texas-based or derived sales.

43. Moreover, neither SMI LLC nor SMI Ltd. has sold any other products or services in Texas during the Time Period.

44. The business records I inspected do show where products (including Accused Products) and services were sold.  However, none of these was sold in Texas during the Time Period.

45. Specifically, during the Time Period, there was only one sales transaction involving an Accused Product, involving the sale of a Datastrip System, an Accused Product, to ADT Security Services based in Boca Raton, FL, with the product shipped to ADT in Alexandria, VA and which was paid out of ADT's Aurora, CO office for a project for the U.S. Government in Nebraska which generated net revenue of $32,090.00 and net profit of $12,990.

I declare under penalty of perjury under the laws of the United Kingdom and the United States that the foregoing is true and correct.

Executed on this 18th day of April, 2013 at Maxey, England, United Kingdom.

_____
Richard Clark

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

April 18, 2013                                                                    */s/ Kenneth M. Motolenich-Salas*
                                                                                      Kenneth M. Motolenich-Salas