IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br><br>　　　PLAINTIFF,<br><br>V.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>　　　DEFENDANT. | § § § § § § § § § § § | Civil Action No.: 6:12-cv-00499-LED<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br><br>　　　PLAINTIFF,<br><br>v.<br><br>M2SYS, LLC,<br><br>　　　DEFENDANT. | § § § § § § § § § § § § § § § § | Case No. 6:13-cv-00083-MHS<br>(Consolidated with 6:12-cv-499-LED<br>and closed)<br><br>JURY TRIAL DEMANDED |

### M2SYS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO BLUE SPIKE LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant M2SYS, LLC ("M2SYS") answers the Original Complaint for Patent

Infringement  ("Complaint" or "Original Complaint") of Blue Spike LLC ("Blue Spike") as

follows:

### NATURE OF THE SUIT

1.　　　The allegations in this paragraph state a legal conclusion to which no response is

required.  To the extent a response is deemed to be required, M2SYS admits that paragraph 1

1

purports to assert a claim arising under the patent laws of the United States, Title 35 of the

United States Code, and in all other respects denies the allegations of paragraph 1.

## PARTIES

2.        M2SYS is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 2, and therefore denies them.

3.        M2SYS denies that it is a Georgia corporation.  M2SYS admits that it maintains a

principal place of business at 1050 Crown Pointe Parkway, Atlanta, Georgia 30338.  M2SYS

denies that it does business in the State of Texas or in the Eastern District of Texas.  Except as

expressly admitted, M2SYS denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4.        The allegations in this paragraph state a legal conclusion to which no response is

required.  To the extent a response is deemed to be required, M2SYS admits that the Original

Complaint purports to be an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 101 *et seq*.  M2SYS admits that this Court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367.  Except as

expressly admitted, M2SYS denies the remaining allegations of paragraph 4.

5.        The allegations in this paragraph state a legal conclusion to which no response is

required.  To the extent a response is deemed to be required, M2SYS denies that it is subject to

the personal jurisdiction of this Court.  M2SYS does not waive any argument that this Court

lacks jurisdiction over M2SYS by filing this answer.  M2SYS denies that it has committed,

contributed to, or induced any act of infringement.  M2SYS denies the remaining allegations of

paragraph 5.

6.        The allegations in this paragraph state a legal conclusion to which no response is

required.  To the extent a response is deemed to be required, M2SYS denies that venue is proper

in the Tyler Division of the Eastern District of Texas, and denies that this Judicial District is the most convenient forum for the parties and witnesses or in the interests of justice.  By filing this answer, M2SYS does not waive any argument that venue is not proper in this District as to M2SYS.  M2SYS denies that it has committed any act of infringement.  M2SYS denies the remaining allegations of paragraph 6.

## FACTUAL BACKGROUND

### A.  Moskowitz's History

7.      M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8.      M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9.      M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

## B.  Patents-in-Suit

21.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

### C. The Accused Products and Services

27.     M2SYS admits that it has products called Bio-Plugin Biometric Software Development Kit, Bio-SnapOn, Bio-Hyperpliance, Hybrid Biometric Platform, RightPatient, RightPunch, AFIS, RightPOS, and Enterprise Single Sign-On.  M2SYS denies the remaining allegations of paragraph 27.

28.     M2SYS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

29.     M2SYS denies the allegations of paragraph 29.

30.     M2SYS denies the allegations of paragraph 30.

## COUNT 1

### INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31.     M2SYS incorporates by reference its responses to paragraphs 1 through 30 above.

32.     M2SYS admits that, on its face, U.S. Patent No. 8,214,175 ("the '175 patent") is titled "Method and Device for Monitoring and Analyzing Signals."  M2SYS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and therefore denies them.

33.     M2SYS admits that, on its face, the '175 patent states that it was issued on July 3, 2012.  M2SYS admits that what appears to be a copy of the '175 patent is attached as Exhibit A to the Complaint.  M2SYS denies the remainder of the allegations of paragraph 33.

34.     M2SYS denies the allegations of paragraph 34.

35.     M2SYS denies the allegations of paragraph 35.

36.     M2SYS denies the allegations of paragraph 36.

37.    M2SYS denies the allegations of paragraph 37.

38.    M2SYS denies the allegations of paragraph 38.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39.    M2SYS incorporates by reference its responses to paragraphs 1 through 38 above.

40.    M2SYS admits that, on its face, U.S. Patent No. 7,949,494 ("the '494 patent") is titled "Method and Device for Monitoring and Analyzing Signals."  M2SYS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore denies them.

41.    M2SYS admits that, on its face, the '494 patent states that it was issued on May 24, 2011.  M2SYS admits that what appears to be a copy of the '494 patent is attached as Exhibit B to the Complaint.  M2SYS denies the remainder of the allegations of paragraph 41.

42.    M2SYS denies the allegations of paragraph 42.

43.    M2SYS denies the allegations of paragraph 43.

44.    M2SYS denies the allegations of paragraph 44.

45.    M2SYS denies the allegations of paragraph 45.

46.    M2SYS denies the allegations of paragraph 46.

## COUNT 3

## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47.    M2SYS incorporates by reference its responses to paragraphs 1 through 46 above.

48.    M2SYS admits that, on its face, U.S. Patent No. 7,660,700 ("the '700 patent") is titled "Method and Device for Monitoring and Analyzing Signals."  M2SYS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48, and therefore denies them.

6

49.     M2SYS admits that, on its face, the '700 patent states that it was issued on

February 9, 2010.  M2SYS admits that what appears to be a copy of the '700 patent is attached

as Exhibit C to the Complaint.  M2SYS denies the remainder of the allegations of paragraph 49.

50.     M2SYS denies the allegations of paragraph 50.

51.     M2SYS denies the allegations of paragraph 51.

52.     M2SYS denies the allegations of paragraph 52.

53.     M2SYS denies the allegations of paragraph 53.

54.     M2SYS denies the allegations of paragraph 54.

## COUNT 4

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55.     M2SYS incorporates by reference its responses to paragraphs 1 through 54 above.

56.     M2SYS admits that, on its face, U.S. Patent No. 7,346,472 ("the '472 patent") is

titled "Method and Device for Monitoring and Analyzing Signals."  M2SYS is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 56, and therefore denies them.

57.     M2SYS admits that, on its face, the '472 patent states that it was issued on March

18, 2008.  M2SYS admits that what appears to be a copy of the '472 patent is attached as Exhibit

D to the Complaint.  M2SYS denies the remainder of the allegations of paragraph 57.

58.     M2SYS denies the allegations of paragraph 58.

59.     M2SYS denies the allegations of paragraph 59.

60.     M2SYS denies the allegations of paragraph 60.

61.     M2SYS denies the allegations of paragraph 61.

62.     M2SYS denies the allegations of paragraph 62.

## REQUEST FOR RELIEF

M2SYS incorporates by reference its responses to paragraphs 1 through 62 above.

M2SYS denies that Blue Spike is entitled to any relief whatsoever against M2SYS in this action, either as prayed for in the Original Complaint or otherwise.

Except as expressly admitted above, M2SYS denies each and every allegation contained in the Original Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

1.      The Eastern District of Texas is an inconvenient forum in which to litigate this action against M2SYS under 28 U.S.C. § 1404(a).

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2.      The Original Complaint for Patent Infringement fails to state a claim on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Non-infringement)

3.      M2SYS has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '175, '494, '700 or '472 patents.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity)

4.        The '175, '494, '700 or '472 patents, including all of the claims, are invalid for

failure to comply with the requirements of patentability specified in Title 35 of the United States

Code, including Sections 101, 102, 103, and 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

5.        Prior to receiving a copy of the Original Complaint in this action, M2SYS did not

have notice of Blue Spike's allegations of infringement.  Upon information and belief, neither

Blue Spike nor Blue Spike's licensees have marked instrumentalities that embody any of the

claims of the '175, '494, '700 or '472 patents with proper notice of the patents in compliance

with 35 U.S.C. § 287.  Blue Spike is not entitled to any pre-filing damages pursuant to 35 U.S.C.

§ 287 for any claims to which 35 U.S.C. § 287 applies.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

6.        Based on proceedings before the United States Patent and Trademark Office

("PTO") during the prosecution of the application that ultimately issued as the '175, '494, '700

or '472 patents, Blue Spike is precluded or otherwise estopped from asserting any construction

of the claims of the '175, '494, '700 or '472 patents that is inconsistent with its or its

predecessor(s)-in-interest's representations before the PTO.  On information and belief, Blue

Spike is estopped from asserting any construction of the claims sufficiently broad to cover or

include any product made, used, sold, offered for sale within the United States, or imported into

the United States, by M2SYS.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches, Waiver, Acquiescence, Estoppel, and Unclean Hands)**

7.      Blue Spike's claims are barred, in whole or in part, by the equitable doctrines of

laches, waiver, acquiescence, estoppel, and/or unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages and Remedies)**

8.      Blue Spike's claims and prayer for relief are barred in whole or in part by 35

U.S.C. §§ 286, 287, and/or 288.

**NINTH AFFIRMATIVE DEFENSE**

**(Unavailability of Injunctive Relief)**

9.      Blue Spike is not entitled to injunctive relief or any other equitable relief because

any alleged injury to Blue Spike is not irreparable and because – had Blue Spike been injured – it

would have an adequate remedy at law.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing/Failure to Join Necessary Party)**

10.      Blue Spike lacks standing to bring a patent infringement action based on the '175,

'494, '700 or '472 patents and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Single Recovery Rule)**

11.      Plaintiff's damages are barred in whole or in part by the single recovery rule.

**TWELFTH AFFIRMATIVE DEFENSE**

**(License/Implied License/Patent Exhaustion)**

12.      Plaintiff's damages are barred in whole or in part by the defenses of license,

implied license, and/or patent exhaustion.

10

## COUNTERCLAIMS

For its counterclaims against Blue Spike, M2SYS alleges as follows:

1.      M2SYS incorporates what is set out in the preceding paragraphs as if fully set forth herein.

2.      Blue Spike's Original Complaint has established an actual and justiciable controversy between Blue Spike and M2SYS with respect to validity and infringement of the '175, '494, '700 or '472 patents.

3.      M2SYS brings these counterclaims without waiving its right to argue that venue in the Eastern District of Texas is improper and inconvenient.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the '175 Patent)

4.      M2SYS incorporates paragraphs 1-3 of these counterclaims as if fully set forth herein.

5.      Blue Spike alleges that M2SYS has infringed the '175 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '175 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Original Complaint.

6.      M2SYS does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '175 patent.

7.      M2SYS is entitled to a declaratory judgment that it has not infringed and is not infringing the '175 patent.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the '175 Patent)

8.      M2SYS incorporates paragraphs 1-7 of these counterclaims as if fully set forth herein.

9.      One or more claims of the '175 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

10.      M2SYS is entitled to a declaratory judgment that one or more claims of the '175 patent are invalid.

## COUNT THREE

### (Declaratory Judgment of Non-Infringement of the '494 Patent)

11.      M2SYS incorporates paragraphs 1-10 of these counterclaims as if fully set forth herein.

12.      Blue Spike alleges that M2SYS has infringed the '494 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '494 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Original Complaint.

13.      M2SYS does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '494 patent.

14.      M2SYS is entitled to a declaratory judgment that it has not infringed and is not infringing the '494 patent.

## COUNT FOUR

### (Declaratory Judgment of Invalidity of the '494 Patent)

15.     M2SYS incorporates paragraphs 1-14 of these counterclaims as if fully set forth herein.

16.     One or more claims of the '494 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

17.     M2SYS is entitled to a declaratory judgment that one or more claims of the '494 patent are invalid.

## COUNT FIVE

### (Declaratory Judgment of Non-Infringement of the '700 Patent)

18.     M2SYS incorporates paragraphs 1-17 of these counterclaims as if fully set forth herein.

19.     Blue Spike alleges that M2SYS has infringed the '700 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '700 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Original Complaint.

20.     M2SYS does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '700 patent.

21.     M2SYS is entitled to a declaratory judgment that it has not infringed and is not infringing the '700 patent.

## COUNT SIX

### (Declaratory Judgment of Invalidity of the '700 Patent)

22.     M2SYS incorporates paragraphs 1-21 of these counterclaims as if fully set forth herein.

23.     One or more claims of the '700 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

24.     M2SYS is entitled to a declaratory judgment that one or more claims of the '700 patent are invalid.

## COUNT SEVEN

### (Declaratory Judgment of Non-Infringement of the '472 Patent)

25.     M2SYS incorporates paragraphs 1-24 of these counterclaims as if fully set forth herein.

26.     Blue Spike alleges that M2SYS has infringed the '472 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '472 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the Original Complaint.

27.     M2SYS does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '472 patent.

28.     M2SYS is entitled to a declaratory judgment that it has not infringed and is not infringing the '472 patent.

## COUNT EIGHT

### (Declaratory Judgment of Invalidity of the '472 Patent)

29.     M2SYS incorporates paragraphs 1-28 of these counterclaims as if fully set forth herein.

30.     One or more claims of the '472 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

31.     M2SYS is entitled to a declaratory judgment that one or more claims of the '472 patent are invalid.

## M2SYS'S PRAYER FOR RELIEF

M2SYS prays for relief as follows:

A.      That the Court enter judgment in favor of M2SYS, and against Blue Spike;

B.      That the Court find the '175, '494, '700 or '472 patents not infringed by M2SYS;

C.      That the Court find the '175, '494, '700 or '472 patents invalid;

D.      That Blue Spike take nothing by its Original Complaint for Patent Infringement against M2SYS;

E.      That the Court find this action exceptional under 35 U.S.C. § 285, and award M2SYS its costs and fees in this action, including reasonable attorneys' fees; and

F.      That the Court grant M2SYS such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

M2SYS demands a trial by jury on all issues so triable.

Dated:  April 18, 2013

By:                                    /s/ Eric H. Findlay

                                       Eric H. Findlay (Texas Bar No. 00789886)
                                       Walter W. Lackey, Jr. (Texas Bar No. 24050901)
                                       FINDLAY CRAFT, LLP
                                       6760 Old Jacksonville Hwy, Suite 101
                                       Tyler, TX 75703
                                       Telephone:  (903) 534-1100
                                       Facsimile:   (903) 534-1137
                                       efindlay@findlaycraft.com
                                       wlackey@findlaycraft.com

                                       **Attorneys for Defendant**
                                       **M2SYS, Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on

opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on April 18, 2013.

                                       /s/ Eric H. Findlay
                                       Eric H. Findlay