# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § | Civil Action No. 6:12-CV-499-LED |
| v. | § § | |
| TEXAS INSTRUMENTS, INC. | § § | (LEAD CASE) |
| *Defendant*. | § § | JURY TRIAL DEMANDED |
| _____ | § § § | |
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff*, | § § | Civil Action No. 6:12-CV-688-LED |
| v. | § § | |
| IMAGEWARE SYSTEMS, INC., | § § | (EXCEPT FOR VENUE, CONSOLIDATED WITH 6:12-CV-499) |
| *Defendant*. | § § | JURY TRIAL DEMANDED |
| | § § | |

**REPLY MEMORANDUM OF DEFENDANT IMAGEWARE SYSTEMS, INC.
IN SUPPORT OF ITS MOTION TO TRANSFER THIS ACTION TO
THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §1404(a)**

I.   INTRODUCTION

Blue Spike argues that the pendency of its 50-plus cases involving the same patents in this Court trumps all other private and public interest factors, regardless of their weight. However, Blue Spike's argument is overly simplistic and ignores the numerous decisions cited by IWS in which this District recently transferred a case despite the pendency of other cases involving the same patents. Indeed, if Blue Spike's argument were true, then no showing of private and public interest factors could ever warrant transfer of a patent case to another district when there are numerous pending cases involving the same patents in suit. But that is not the law, otherwise this Court would not have consolidated this case with the lead action for all pretrial purposes "with the exception of venue." D.E. No. 10.

Blue Spike also argues that its presence in Texas is not "ephemeral" because it incorporated here three months before filing the lead case in this action, but that only underscores the fact that Blue Spike recently incorporated in Texas for the apparent purpose of manipulating venue. For at least 11 years before commencing this action, both Blue Spike and its CEO Scott Moskowitz resided in Florida. Accordingly, Blue Spike's recent incorporation and choice of forum here should be disregarded. As shown below and in IWS' moving papers, the balance of private and public interest factors strongly favors transfer of this case to the Southern District of California under 28 U.S.C. §1404(a).

II.   ARGUMENT

   A.   **The Pendency of Blue Spike's Other Cases Involving the Same Patents Does Not Trump All Other Private and Public Interest Factors.**

Blue Spike's argument that "judicial economy" requires denial of IWS' transfer motion is tantamount to an argument that courts should give dispositive weight to a plaintiff's choice of forum in all serially filed patent cases simply because the plaintiff has chosen that forum, even when the balance of other private and public interest factors favor transfer to another district. Emphatically, however, a "plaintiff's choice of venue is not a factor in [the § 1404(a) transfer]

analysis." *Center One v. Vonage Holdings Corp.*, 2009 WL 2461003, at *5 (E.D. Tex. Aug. 10, 2009) (*citing In re Volkswagen II*, 545 F.3d 304, 314-15 (5th Cir. 2008)).

Here, because Blue Spike's cases are in their infancy and involve widely different products, "it is likely that these cases will result in significantly different discovery, evidence, proceedings, and trial." *Droplets, Inc. v. Amazon.com, Inc.*, 2012 WL 3578605, at *8 (E.D. Tex. Jun. 27, 2012). Accordingly, any judicial economy gained by keeping all of Blue Spike's cases here is minimal. *J2 Global Communications, Inc. v. Protus IP Solutions, Inc.*, 2008 WL 5378010, at *5 (E.D. Tex. Dec. 23, 2008) (the risk of overlap is limited when "a court has had limited involvement with the case and the technology, no claim construction opinion has issued, and the cases involve different defendants with different products."); *Wireless Recognition Techs., Inc. v. A9.com, Inc.*, 2012 WL 506669, at *5 (E.D. Tex. Feb. 15, 2012) (transferred case to the Northern District of California, despite the pendency of three cases involving similar claims, and "the practical issues related to managing multiple actions involving overlapping issues."); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (any perceived gains in judicial economy are minimal when "the cases involve different products").

Yet, Blue Spike ignores these authorities and instead cites cases that are totally distinguishable from this one. For example, *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010), the court denied transfer because the trial court "became very familiar with the only asserted patent and the related technology during a prior litigation." *Id.* at 1346-47. That's not the case here. Similarly, in *Oasis Research, LLC v. Pro Softnet Corp.*, No. 4:12-cv-531 (E.D. Tex. Aug. 21, 2012), the court denied the transfer motion because the "Court ha[d] already expended significant resources in hiring a technical advisor, conducting a *Markman* hearing and reviewing the parties' summary judgment motions." D.E. No. 17-5 at 8. In *Net Navigation Sys., LLC v. Alcatel-Lucent USA, Inc.*, No. 4:11-cv-663 (E.D. Tex. Aug. 27, 2012), the court denied the transfer motion three months before the scheduled Markman hearing. D.E. No. 17-4 at 8. In *Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*, No. 6:11-cv-173 (E.D. Tex. Sep. 27, 2012), the court denied a transfer motion filed over a year after the case had commenced because

one of the three defendants had its principal place of business in Austin, Texas and another defendant was incorporated in Texas. D.E. No. 17-6 at 9-10. Likewise, in *In re Google Inc.*, 2011 WL 772875 (Fed. Cir. Mar. 4, 2011), the Federal Circuit affirmed a refusal to transfer an entire patent action because four of the 22 defendants resided in the Eastern District of Texas. *Id.* at *1.

In contrast to these cases, however, IWS has no presence in Texas and is promptly seeking transfer only of its case (not the entire consolidated action) before this Court has expended significant resources, and before the Court has become familiar with the asserted patents or technology. Accordingly, the pendency of Blue Spike's other cases in this District does not alone trump the balance of private and public interest factors favoring transfer of this case to the Southern District of California.

### B.   The Private and Public Interest Factors Strongly Favor Transfer.

Blue Spike does not rebut or even address IWS' cases holding that the preferred forum in patent cases is the "center of gravity" of the accused activities, and hence the district where the accused infringer's documents and evidence are located strongly favors transfer to that district. *WRT,* 2012 WL 506669, at *3; *Droplets, Inc. v. E*Trade Financial Corp.*, 2012 WL 3133398, at *2 (E.D. Tex. Mar. 5, 2012); *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005). Instead, Blue Spike argues that the determination of where the sources of proof are located is premature until after the parties have exchanged their Rule 26 disclosures. But IWS is headquartered in San Diego, California, all of its employees but one works or lives in San Diego, and virtually all of its documents are located in San Diego. Initial disclosures are not needed to see that virtually all sources of proof are located in San Diego, California.

Blue Spike next argues that because it incorporated in Texas three months before filing this action, its presence here is not "ephemeral." Blue Spike's argument is curious since its incorporation in Texas less than three months before filing the lead case in this action is recent by any measure. Regardless, in the cases Blue Spike cites for the contrary proposition, the

3

plaintiff had *numerous* employees in Texas and *no prior presence elsewhere*.  *WRT*, 2012 WL 506669, at *3 n.6 (the plaintiff's parent corporation "has nine employees in the Eastern District of Texas") & D.E. 17-8 [*NovelPoint Learning LLC v. LeapFrog Enters., Inc.*, 6:10-cv-229 JDL, D.E. 67 at 9 (E.D. Tex. Dec. 6, 2010)] ("since its organization, [plaintiff] NovelPoint has existed exclusively in Texas.").  Here, by contrast, Blue Spike was formed and existed in Florida **for at least 11 years** before this lawsuit was filed and did not incorporate in Texas until **May 14, 2012** (less than three months before filing the lead case in this action on August 9, 2012).  D.E. No. 1, Exs. A-D & D.E. No. 15-1 [Declaration of James V. Fazio, Ex. A].  In short, Blue Spike's recent incorporation in Texas appears to have been manufactured solely for litigation purposes and should be disregarded.  *In re Microsoft Corp.*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011); *In re Zimmer*, 609 F.3d at 1381.[1]

As forecasted, Blue Spike next argues that transfer would be grossly inconvenient for one of its witnesses (Scott Moskowitz, the co-inventor of the patents in suit, who allegedly lives in Tyler, Texas).  However, for at least 11 years before supposedly moving to Texas, Mr. Moskowitz lived in Florida.  D.E. No. 1, Exs. A-D.  Mr. Moskowitz' recent relocation to Texas, therefore, is yet only further evidence of Blue Spike's apparent manipulation of venue for litigation purposes.  Regardless, Mr. Moskowitz is but one witness with no knowledge of the bulk of relevant evidence in this case.  Instead, all documents regarding alleged infringement and damages against IWS, and all witnesses with knowledge of such facts are located in San Diego, California, with the sole exception of IWS' Chief Technical Officer, who works in Clackamas, Oregon but who frequently travels to San Diego on company business.  D.E. No. 15-2 [Declaration of Wayne G. Wetherell, ¶3].  In short, the location of the sources of proof and the convenience of the parties and witnesses favor transfer of this action to the Southern District of

---

[1] Blue Spike argues that because today's information is largely stored digitally, discovery is as easy to produce in Texas as it is in California, but courts have expressly held otherwise.  Despite the technological advances that render electronic production possible, the physical location of the sources of proof "continues to be an important private interest factor.*"  WRT*, 2012 WL 506669, at *3.  *See also Droplets*, 2012 WL 3133398, at *2.

California. *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, 2010 WL 3855520, at *5 (E.D. Tex. Sep. 30, 2010); *Droplets*, 2012 WL 3578605, at *5-6.

Blue Spike next argues IWS cannot reasonably claim that litigation here is inconvenient when it has a few customers in Texas. Again, however, IWS has only 6 customers in Texas, five to whom IWS' 2012 sales totaled $5,800 or less. D.E. No. 15-2 [Wetherell Decl., ¶7]. IWS' sales to the sixth customer (CompuCom) were the result of IWS software licenses delivered to Los Angeles World Airports in Los Angeles, California (not Texas). *Id*. LAWA requires any and all licenses to be invoiced to CompuCom, even though IWS' software was ultimately deployed in Los Angeles. *Id*. IWS does not anticipate any future sales or licenses to CompuCom. *Id*. Moreover, IWS has no United States government or state government contracts with or associated with Texas. *Id*., ¶ 6. IWS' scant sales in Texas, therefore, do not rebut the strong showing that transfer of this action to the Southern District of California would greatly serve the convenience of the parties and witnesses. *See Bionx Implants, Inc. v. Biomet, Inc.*, 1999 WL 342306, at *4 (S.D.N.Y. May 27, 1999) (transfer warranted when only 4.5% of defendant's national sales were in the chosen forum); *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998) (transfer warranted despite defendant's sales of 112 accused devices in the chosen forum).

Finally, while Blue Spike argues that relative court congestion is a speculative public interest factor, it is still a factor to be considered. Here, the Southern District of California is considerably less congested than this District. As of December 31, 2011, there were 2,310 private civil cases pending in the Southern District of California compared with 4,153 in the Eastern District of Texas. D.E. No. 15-1 [Fazio Decl., Ex. B].

### III. CONCLUSION

For the convenience of the parties and witnesses, and in the interests of justice, Blue Spike's case against IWS should be transferred to the Southern District of California under 28 U.S.C. §1404(a).

DATED:  February 4, 2013 Respectfully submitted,

By: */s/ James V. Fazio, III*
James V. Fazio, III (Admitted Pro Hac Vice)
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 792-3447
jamesfazio@sandiegoiplaw.com

Eric H. Findlay (State Bar No. 00789886)
Brian Craft (State Bar No. 04972020)
Walter W. Lackey, Jr. (State Bar No. 24050901)
FINDLAY CRAFT LLP
6760 Old Jacksonville Highway
Suite 101
Tyler, TX 75703
Phone: 903-534-1100
efindlay@findlaycraft.com
bcraft@findlaycraft.com
wlackey@findlaycraft.com

Attorneys for Defendant
IMAGEWARE SYSTEMS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on February 4, 2013.

*/s/James V. Fazio, III*
James V. Fazio, III