# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| *Plaintiff,* | § | Case No.:  6:12-cv-499 (MHS) |
| | § | LEAD CASE |
| *v.* | § | |
| | § | |
| TEXAS INSTRUMENTS, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |

---

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| *Plaintiff,* | § | Case No.:  6:13-cv-87 (MHS) |
| | § | CONSOLIDATED CASE |
| *v.* | § | |
| | § | |
| HITACHI AMERICA, LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |

## ANSWER, DEFENSES, AND COUNTERCLAIMS OF HITACHI AMERICA, LTD.

Defendant Hitachi America, Ltd. ("HAL"), by and through its undersigned counsel, hereby answers the Original Complaint for Patent Infringement (13-87, D.I. 1) ("Complaint") of Plaintiff Blue Spike, LLC ("Blue Spike") and asserts defenses and counterclaims as follows:

## ANSWER

### NATURE OF THE SUIT

1.    HAL admits that the Complaint purports to state a claim for patent infringement and that claims for patent infringement arise under Title 35 of the United States Code.  HAL otherwise denies the allegations in Paragraph 1 of the Complaint.

## PARTIES

2.      HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies them.

3.      HAL admits that it is a corporation organized under the laws of the State of New York and that its principal place of business is located at 50 Prospect Avenue, Tarrytown, NY 10591.  HAL also admits that it can be served with process through its registered agent, Prentice Hall Corp. System, 211 East 7th Street, Suite 620, Austin, TX 78701.  HAL admits that it does business in Texas.  HAL otherwise denies the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      HAL admits that the Complaint purports to state a claim for patent infringement and that this Court has subject matter jurisdiction over patent infringement claims.  HAL otherwise denies the allegations in Paragraph 4 of the Complaint.

5.      For purposes of this action only, HAL admits that this Court has personal jurisdiction over it.  HAL also admits that it does business in Texas.  HAL denies that it has committed, contributed to, or induced acts of patent infringement in this judicial district or elsewhere and denies that its products infringe the four patents asserted in the Complaint ("Asserted Patents").  HAL otherwise denies the allegations in Paragraph 5 of the Complaint.

6.      For purposes of this action only, HAL admits that venue in this judicial district is proper, but HAL denies that venue in this judicial district is convenient or in the interest of justice.  HAL denies that it has committed, contributed to, or induced acts of patent infringement in this judicial district or elsewhere and denies that its products infringe the Asserted Patents. HAL otherwise denies the allegations in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7.      HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies them.

8.      HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies them.

9.      HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies them.

10.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies them.

11.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies them.

12.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies them.

13.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies them.

14.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies them.

15.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies them.

16.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies them.

17.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies them.

18.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies them.

19.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies them.

20.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies them.

21.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies them.

22.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies them.

23.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies them.

24.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies them.

25.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies them.

26.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies them.

27.     HAL denies the allegations in Paragraph 27 of the Complaint.

28.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, denies them.

29.     HAL denies the allegations in Paragraph 29 of the Complaint.

30.     HAL denies the allegations in Paragraph 30 of the Complaint.

## COUNT 1:
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31.     HAL repeats and incorporates by reference its responses to Paragraphs 1-30 of the Complaint as though fully stated here.

32.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies them.

33.     HAL admits that a document appearing on its face to be a copy of U.S. Patent No. 8,214,175 ("'175 Patent") was attached to the Complaint as Exhibit A.  HAL otherwise denies the allegations in Paragraph 33 of the Complaint.

34.     HAL denies the allegations in Paragraph 34 of the Complaint.

35.     HAL denies the allegations in Paragraph 35 of the Complaint.

36.     HAL denies the allegations in Paragraph 36 of the Complaint.

37.     HAL denies the allegations in Paragraph 37 of the Complaint.

38.     HAL denies the allegations in Paragraph 38 of the Complaint.

## COUNT 2:
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39.     HAL repeats and incorporates by reference its responses to Paragraphs 1-38 of the Complaint as though fully stated here.

40.     HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, on that basis, denies them.

41.     HAL admits that a document appearing on its face to be a copy of U.S. Patent No. 7,949,494 ("'494 Patent") was attached to the Complaint as Exhibit B.  HAL otherwise denies the allegations in Paragraph 41 of the Complaint.

42.     HAL denies the allegations in Paragraph 42 of the Complaint.

43. HAL denies the allegations in Paragraph 43 of the Complaint.

44. HAL denies the allegations in Paragraph 44 of the Complaint.

45. HAL denies the allegations in Paragraph 45 of the Complaint.

46. HAL denies the allegations in Paragraph 46 of the Complaint.

## COUNT 3:
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. HAL repeats and incorporates by reference its responses to Paragraphs 1-46 of the Complaint as though fully stated here.

48. HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, on that basis, denies them.

49. HAL admits that a document appearing on its face to be a copy of U.S. Patent No. 7,660,700 ("'700 Patent") was attached to the Complaint as Exhibit C.  HAL otherwise denies the allegations in Paragraph 49 of the Complaint.

50. HAL denies the allegations in Paragraph 50 of the Complaint.

51. HAL denies the allegations in Paragraph 51 of the Complaint.

52. HAL denies the allegations in Paragraph 52 of the Complaint.

53. HAL denies the allegations in Paragraph 53 of the Complaint.

54. HAL denies the allegations in Paragraph 54 of the Complaint.

## COUNT 4:
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55. HAL repeats and incorporates by reference its responses to Paragraphs 1-54 of the Complaint as though fully stated here.

56. HAL lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and, on that basis, denies them.

57.     HAL admits that a document appearing on its face to be a copy of U.S. Patent No. 7,346,472 ("'472 Patent") was attached to the Complaint as Exhibit D.  HAL otherwise denies the allegations in Paragraph 57 of the Complaint.

58.     HAL denies the allegations in Paragraph 58 of the Complaint.

59.     HAL denies the allegations in Paragraph 59 of the Complaint.

60.     HAL denies the allegations in Paragraph 60 of the Complaint.

61.     HAL denies the allegations in Paragraph 61 of the Complaint.

62.     HAL denies the allegations in Paragraph 62 of the Complaint.

## REQUEST FOR RELIEF

HAL repeats and incorporates by reference its responses to Paragraphs 1-62 of the Complaint as though fully stated here, and HAL denies that Blue Spike is entitled to any of the relief it requests.[1]

## <u>DEFENSES</u>

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (Non-Infringement)

HAL does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the Asserted Patents.

---

[1] The Complaint purports to incorporate the allegations of a Paragraph 63 into the Request for Relief but no such paragraphs exists.

**THIRD DEFENSE**
**(Invalidity)**

Each and every claim of the Asserted Patents is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**FOURTH DEFENSE**
**(Substantial Non-Infringing Uses)**

Blue Spike's claim for contributory infringement is barred by 35 U.S.C. § 271(c) because the accused products have substantial non-infringing uses.

**FIFTH DEFENSE**
**(Prosecution History Estoppel)**

Blue Spike is estopped from asserting that HAL directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringes or has ever directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the Asserted Patents by virtue of statements made the U.S. Patent & Trademark Office ("USPTO") during prosecution of those patents.

**SIXTH DEFENSE**
**(Limitation of Costs and Damages)**

Blue Spike's claim for damages and costs is precluded, in whole or in part, by one or more of 35 U.S.C. §§ 286, 287, and 288.

**SEVENTH DEFENSE**
**(No Immediate or Irreparable Injury)**

Blue Spike is not entitled to injunctive relief because any alleged injury to Blue Spike is neither immediate nor irreparable and could be adequately cured by a remedy at law.

## EIGHTH DEFENSE
### (Equitable Defenses)

Blue Spike's claims and the relief it seeks are barred by one or more of the equitable doctrines of unclean hands, waiver, laches, and estoppel.

## COUNTERCLAIMS

HAL asserts counterclaims against Blue Spike as follows:

## PARTIES

1.      HAL is a corporation organized under the laws of the State of New York and has its principal place of business at 50 Prospect Avenue, Tarrytown, NY 10591.

2.      On information and belief, Blue Spike is a limited liability company organized under the laws of the State of Texas having its principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, TX 75703.  Blue Spike does not manufacture or market any products embodying the inventions claimed in the Asserted Patents.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the patent laws of the United States, which are codified at 35 U.S.C. §§ 101 *et seq.*, and seek declaratory relief pursuant to the Declaratory Judgment Act, which is codified at 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over Blue Spike.

5.      Venue in this judicial district is proper because Blue Spike asserted a claim for patent infringement against HAL in this Court, and these Counterclaims are compulsory thereto. Venue in this judicial district is neither convenient nor in the interest of justice.

6.      By virtue of Blue Spike's patent infringement claims against HAL, there exists an actual and justiciable controversy between Blue Spike and HAL regarding the validity and alleged infringement of the Asserted Patents.

## COUNT I
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,214,175)

7.      HAL does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the '175 Patent.

8.      HAL is entitled to a declaration by this Court that it does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the '175 Patent.

## COUNT II
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,214,175)

9.      Each and every claim of the '175 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

10.      HAL is entitled to a declaration by this Court that each and every claim of the '175 Patent is invalid.

## COUNT III
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,949,494)

11.      HAL does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the '494 Patent.

12.     HAL is entitled to a declaration by this Court that it does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the '494 Patent.

## COUNT IV
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,949,494)

13.     Each and every claim of the '494 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

14.     HAL is entitled to a declaration by this Court that each and every claim of the '494 Patent is invalid.

## COUNT V
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,660,700)

15.     HAL does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the '700 Patent.

16.     HAL is entitled to a declaration by this Court that it does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the '700 Patent.

## COUNT VI
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,660,700)

17.    Each and every claim of the '700 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

18.    HAL is entitled to a declaration by this Court that each and every claim of the '700 Patent is invalid.

## COUNT VII
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,346,472)

19.    HAL does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the '472 Patent.

20.    HAL is entitled to a declaration by this Court that it does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the '472 Patent.

## COUNT VIII
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,346,472)

21.    Each and every claim of the '472 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

22.    HAL is entitled to a declaration by this Court that each and every claim of the '472 Patent is invalid.

**PRAYER FOR RELIEF**

HAL respectfully requests that the Court enter judgment that:

(a)       HAL does not directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringe and has never directly, contributorily, by active inducement, under the doctrine of equivalents, or otherwise infringed any claim of the Asserted Patents;

(b)       each and every claim of the Asserted Patents is invalid;

(c)       Blue Spike take nothing by its Complaint against HAL, that the Complaint be dismissed with prejudice, and that judgment be entered in favor of HAL and against Blue Spike on all counts;

(d)       this is an exceptional case under 35 U.S.C. § 285 and awarding HAL its reasonable costs and attorneys' fees; and

(e)       HAL be granted such other relief as the Court deems just and proper.

**JURY DEMAND**

HAL demands a trial by jury on all issues so triable.

Dated:  April 19, 2013                                    Respectfully submitted,

                                                               *   /s/  Matthew J. Ricciardi   *

                                                               Charles D. Ossola, Esq. (*pro hac vice*)
                                                               Matthew J. Ricciardi, Esq. (DC #501365)
                                                               **VINSON & ELKINS LLP**
                                                               2200 Pennsylvania Avenue NW
                                                               Suite 500 West
                                                               Washington, DC  20037
                                                               Tel:  (202) 639-6500
                                                               Fax:  (202) 639-6604
                                                               mricciardi@velaw.com

                                                               *Counsel for Defendant*
                                                               *Hitachi America, Ltd.*

US 1839091                                    13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2013, I filed the foregoing Answer, Defenses, and Counterclaims with the Clerk of the U.S. District Court for the Eastern District of Texas via the Court's Electronic Case Filing ("ECF") system pursuant to Local Rule CV-5.  The Answer, Defenses, and Counterclaims were thereby automatically and electronically served on counsel of record by the ECF system.

*/s/  Matthew J. Ricciardi*

Matthew J. Ricciardi, Esq.

US 1839091