**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **BLUE SPIKE, LLC,** | |
| **Plaintiff,** | |
| **v.** | **6:12-cv-00499-MHS** |
| | **LEAD CASE** |
| **TEXAS INSTRUMENTS, INC.,** | |
| **Defendant.** | |
| **BLUE SPIKE, LLC,** | |
| **Plaintiff,** | |
| **v.** | **6:13-cv-00129-MHS** |
| | **CONSOLIDATED CASE** |
| **AGNITIO CORP.,** | |
| **Defendant.** | |

**DEFENDANT AGNITIO CORP.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND BRIEF IN SUPPORT**

Defendant Agnitio Corp. ("Agnitio") submits this motion to dismiss the Complaint filed by Plaintiff Blue Spike, LLC ("Plaintiff") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Based on the allegations set forth by Plaintiff in its Complaint, the attached Declaration of Mr. Javier Castano ("Castano Decl.")[1], and the authorities cited herein, the Court should dismiss the Complaint because Agnitio lacks the requisite minimum contacts with the State of Texas to support either general or specific personal jurisdiction.

---

[1]     The Declaration of Mr. Javier Castano is attached hereto as Exhibit A.

## I.  BACKGROUND.

### A. Allegations of the Complaint.

On February 6, 2013, Plaintiff filed suit against Agnitio alleging patent infringement based on four patents.  Complaint ¶1.[2] Plaintiff alleges that Agnitio "designs, develops, and manufactures fingerprint-based biometric software." Complaint ¶27. Plaintiff pleads that Agnitio is subject to this Court's jurisdiction because Agnitio has:

(1) committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this judicial district and throughout Texas;

(2) regularly does business or solicits business in this judicial district and in Texas;

(3) engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in this judicial district and in Texas; and

(4) purposefully established substantial, systematic, and continuous contacts with this judicial district and should be reasonably expect to be haled into court in this judicial district. Complaint ¶5.

None of these statements are true and Plaintiff has failed to support any of these generic jurisdictional statements with any facts or any support. Plaintiff's statements, at the very least, evidence a lack of due diligence.

### B. Agnitio's Business.

Agnitio is a Delaware corporation with its principal place of business in Arlington, Virginia. Complaint ¶3, Castano Decl. ¶3. Agnitio provides forensic voice biometrics solutions

---

[2]      *See* Dkt. 1, Complaint, *Blue Spike, LLC v. Agnitio Corp.*, Civ. A. No. 6:13-cv-00129-MHS (E.D. Tex. February 6, 2013.  On March 26, 2013, the Court, *sua sponte* issued an order consolidating (for pre-trial purposes) the case against Agnitio with the cases filed against dozens of other unrelated defendants.  Dkt. 13, *Agnitio Litig.*

(not fingerprint solutions as the Plaintiff contends[3] – Complaint ¶27). Agnitio's offices and employees are located in Arlington, Virginia. Castano Decl. ¶3. Agnitio does not maintain any employees, offices, agents, bank accounts, or property in the State of Texas. Castano Decl. ¶¶13-15. Agnitio does not conduct any business in the State of Texas. Castano Decl. ¶4.

**C. Agnitio Lacks Minimum Contacts with the State of Texas.**

Agnitio does not do business in the State of Texas and lacks any contact with the State of Texas sufficient to establish personal jurisdiction. Castano Decl. ¶4. Moreover, Agnitio states that:

- Agnitio does not actively solicit customers in the State of Texas. Castano Decl. ¶5.
- Agnitio does not provide any products or services to individuals in the State of Texas. Castano Decl. ¶6.
- Agnitio does not advertise its products or services in the State of Texas. Castano Decl. ¶7.
- Agnitio has no sales of its products or services in the State of Texas. Castano Decl. ¶8.
- Agnitio has not shipped products or provided services in the State of Texas. Castano Decl. ¶9.
- Agnitio has not entered into any contracts, agreements, or licenses with any customers in the State of Texas. Castano Decl. ¶10.
- Agnitio has not sent any product samples to the State of Texas. Castano Decl. ¶11.
- Agnitio does not provide demonstrations of its products in the State of Texas. Castano Decl. ¶12.
- Agnitio does not maintain any employees, sales or distribution offices, agents, or bank accounts in the State of Texas. Castano Decl. ¶13.
- None of Agnitio's employees have visited the State of Texas for business purposes. Castano Decl. ¶14.

---

[3]    Plaintiff's stock complaints against the defendants in this consolidated case evidence a general lack of diligence regarding each defendant's contacts to the State of Texas as well as each defendant's actual products and offerings. *See* Docket Nos. 625 and 626 (similar motions state that Defendants accused of "fingerprint solutions" provide "facial database search, video screening and analytics, photo capturing and facial image quality assessment").

- Agnitio does not own or lease any property in the State of Texas. Castano Decl. ¶15.

- Agnitio does not owe or pay taxes to the State of Texas. Castano Decl. ¶16.

- Agnitio does not attend trade shows in the State of Texas. Castano Decl. ¶17.

- Agnitio maintains a non –interactive website which is available worldwide to any individual over the Internet. Castano Decl. ¶18.

- This website is maintained and operated outside of the State of Texas. Castano Decl. ¶19.

- Agnitio's customers or potential customers cannot use Agnitio's website to order or purchase any of Agnitio's products or services. Castano Decl. ¶20.

- Agnitio's customers or potential customers cannot interact directly with any of Agnitio's employees through its website – no live-chat window is available to assist or provide any immediate response to visitors of the website. Castano Decl. ¶21.

## II.  ARGUMENT AND AUTHORITIES.

**A. Applicable Standards for the Exercise of Personal Jurisdiction Supports Dismissing this Action.**

The issue of personal jurisdiction in a patent infringement case intimately relates to patent law, and Federal Circuit law governs the issue. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998) (applying law of Federal Circuit rather than of the regional circuits to determine personal jurisdiction in a patent infringement case); *Advanced Biological Laboratories, SA v. Ameripath, Inc.*, No. 2:07-CV-31, 2008 WL 1757819, at *2 (E.D. Tex. Apr. 14, 2008) (finding that, in patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue, and granting defendant's motion to dismiss).

### 1. Burden of Establishing Personal Jurisdiction is on the Plaintiff.

The party seeking to assert jurisdiction must present sufficient facts as to make out a prima facie case supporting jurisdiction. *Ortho-Clinical Diagnostics Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001) (holding plaintiffs' findings and evidence insufficient to

satisfy plaintiffs' burden and affirming district court's grant of dismissal). When an out-of-state defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over defendant. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)); *see also, Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

### 2. Two-Step Inquiry: Long-Arm Statute and Due Process.

The determination of whether the Court may exercise personal jurisdiction over a defendant is a two-step inquiry. *Red Wing*, 148 F.3d at 1358. The Court must determine 1) if a court in the state in which the district court is located would have jurisdiction in accordance with the provisions of the state's long arm statute and 2) whether or not exercising personal jurisdiction would violate due process. *Id.* (citing FED.R.CIV.P. 4(k)(1)(A)); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Because the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (West), extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis. *Ragan & Massey, Inc. v. Voluntary Purchasing Groups, Inc.*, No. 4:09-CV-39, 2009 WL 3157468, at *2 (E.D. Tex. Sept. 28, 2009). The due process analysis determines whether or not an out-of-state defendant has the required minimum contacts with the forum such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. The Due Process Clause requires a court to determine whether a defendant "should reasonably anticipate being haled into court" in the forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980).

### 3. General Personal Jurisdiction Analysis.

Under the "minimum contacts" analysis, a defendant may be subject to either specific jurisdiction or general jurisdiction. *See Zeneca Ltd. v. Mylan Pharmaceuticals, Inc.*, 173 F.3d 829, 835 (Fed. Cir. 1999); *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F.App'x 322, 336-37 (Fed. Cir. 2003). General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state even when the cause of action has no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). However, these contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities." *Int'l Shoe*, 326 U.S. at 318.

### 4. Specific Personal Jurisdiction.

Specific jurisdiction exists when defendant's contacts with the forum "arises out of" or "relates to" the cause of action even if those contacts are "isolated and sporadic." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Under the analysis in *Int'l Shoe*, the district court can exercise specific personal jurisdiction over an out-of-state defendant if sufficient minimum contacts exist between the defendant and the forum.  This analysis focuses on 1) the level that a defendant has "purposefully directed" its activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), and 2) whether or not the claims result from alleged injuries that "arise out of or relate to" those activities, *Burger King*, 471 U.S. at 473.

After the minimum contacts prong under *Int'l Shoe* is met, the district court then determines a third factor – whether or not assertion of personal jurisdiction is reasonable and fair. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009) (finding

existence of an irrelevant agreement between the parties insufficient to establish either general or specific jurisdiction over defendant). In determining the "fairness" of asserting personal jurisdiction over a defendant, the Supreme Court provides the following factors: (1) the burden on the defendant, (2) the forum State's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477–78.

### B. Agnitio is Not Subject to General Personal Jurisdiction in the State of Texas.

General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state even when the cause of action has no relation to those contacts. *Helicopteros*, 466 U.S. at 414-16.  Agnitio has no such contacts.  Plaintiff pleads generic, stock allegations as to why this Court should exercise personal jurisdiction over Agnitio. Compl. ¶5. Plaintiff does not and cannot offer any support or evidence for any of the reasons it listed because none are true and any pre-filing diligence on the part of the Plaintiff would have identified this lack of contacts. *Id.*

### 1. Agnitio Lacks the Requisite Continuous and Systematic Contacts with the State of Texas.

Agnitio has not purposefully established any substantial, systematic, or continuous contacts with the Eastern District of Texas, nor does Agnitio have any contacts with the State of Texas. Castano Decl. ¶4. Accordingly, Agnitio could not reasonably expect to be haled into court in this forum. Castano Decl. ¶¶3-21. Furthermore, Agnitio does not engage in other persistent courses of conduct nor derive any revenues from products and/or services from individuals in the District or the State of Texas. Castano Decl. ¶¶6-21. Defendant does not regularly do business, nor does it solicit business, in this District or the State of Texas. Castano Decl. ¶¶6-21.

For example, Agnitio does not maintain any employees, offices, agents or bank accounts in the State of Texas, nor have any of its employees visited the State of Texas for business purposes. Castano Decl. ¶¶13-14. Agnitio does not conduct nor actively solicit business in the State of Texas. Castano Decl. ¶¶4-5. Agnitio does not send any product samples to individuals, provide product demonstrations, or attend trade shows in the State of Texas. Castano Decl. ¶¶6-12, 14,17. Agnitio does not own or lease any property in the State of Texas, and Agnitio does not owe or pay any taxes to the State of Texas. Castano Decl. ¶¶15-16.

**2. Agnitio's Website is Insufficient to Establish Any Continuous and Systematic Contacts with the State of Texas.**

Although Agnitio maintains a website that promotes its goods and services, it is not interactive.  The website is not specifically directed at residents of the State of Texas, has not generated any sales to the State of Texas, and there is no ability to order or purchase products and services online through this website. Castano Decl. ¶¶18-21. Accordingly, Agnitio's non-interactive website is nothing more than a passive advertisement which is insufficient to establish general personal jurisdiction. *Mink*,190 F.3d at 336-37 (affirming grant of motion to dismiss and finding that defendant's non-interactive website insufficient to establish personal jurisdiction – the website included contact information but no forms of interactivity such as the ability to order or purchase products and services online); *Autogenomics*, 566 F.3d at 1016 (finding existence of potential advertising on globally-accessible website in addition to other evidence insufficient to establish personal jurisdiction).

Furthermore, Agnitio lacks any relationship to the forum, less than even a "classic case of sporadic and insubstantial contacts" which "is not sufficient to establish general jurisdiction." *Autogenomics*, 566 F.3d at 1018 (finding defendant's attendance at several conferences in the forum state and the agreement between the parties insufficient evidence of the continuous and

systematic contact necessary to establish general personal jurisdiction). Accordingly, Agnitio cannot be subject to general jurisdiction in the State of Texas.

### C. Agnitio is Not Subject to Specific Personal Jurisdiction in the State of Texas.

Specific personal jurisdiction is determined by analyzing the relationship between the matters at issue and the defendant's contacts with the forum state. The question of specific personal jurisdiction focuses on a three part test as to whether or not (1) defendant purposefully directed its activities at residents of the forum; (2) the claims of this lawsuit arise out of or relate to defendant's activities, and (3) assertion of personal jurisdiction reasonable and fair. *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008) (affirming dismissal of claims for lack of personal jurisdiction). The first two factors correspond with the minimum contacts prong of the *International Shoe* analysis, and the third factor corresponds with the fair play and substantial justice prong. *Id.*

### 1. Agnitio Has Not Purposefully Directed Any Activities at Residents of the State of Texas and the Claims of Plaintiff's Lawsuit Do Not Arise Out of Defendant's Activities

Establishing a prima facie case of specific personal jurisdiction requires the plaintiff to show the out-of-state defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). Plaintiff cannot prove any facts supporting minimum contacts between Agnitio and the State of Texas. Agnitio does not conduct business, solicit business, nor directly advertise in the State of Texas. Castano Decl. ¶¶4-5, 7. Agnitio does not directly ship any products or provide any services to individuals in the State of Texas, Castano Decl. ¶¶6, 8-9, and Plaintiff also does not allege any specific instances of such a relationship because none exists. Compl. ¶5.

Furthermore, as mentioned above, the non-interactive website Agnitio maintains does not specifically solicit individuals from the State of Texas, nor does it directly allow for any customers or potential customers to purchase any of Agnitio's products and/or services. Castano Decl. ¶¶18-21. Asserting personal jurisdiction over Agnitio on the basis of its website is inconsistent with traditional notions of fair play and substantial justice imposed by the courts. *Hockerson-Halberstadt, Inc.*, 62 F. App'x at 338 (affirming district court's dismissal for lack of personal jurisdiction and holding that exercise of personal jurisdiction on the basis of defendant's website allowing minimal e-commerce sales to the forum as inconsistent with traditional fairness concerns).

Additionally, Agnitio does not engage in any of the deliberate and significant activities, "substantial connections" and/or "continuing obligations" in the State of Texas that are required to establish specific personal jurisdiction. *Burger King*, 471 U.S. 475-476. Agnitio does not "avail [itself] of the privilege of conducting business" in the State of Texas, nor does Agnitio enjoy the "benefits and protections" of the laws of the State of Texas. *Id.* Accordingly, none of Plaintiff's claims "arise out of" or "relate to" Agnitio's activities in this forum because Agnitio has not purposefully directed any activities into the State of Texas. Therefore, Agnitio cannot be subject to specific personal jurisdiction in this forum.

**2. Even if Agnitio Had Minimum Contacts to the State of Texas, Which It Does Not, Assertion of Personal Jurisdiction over Agnitio would be Unreasonable and Unfair.**

Although the Plaintiff has not established any, let alone the required minimum, contacts between Agnitio and the State of Texas, and although Agnitio has not purposefully engaged in forum activities, it would also be against the traditional notions of fair play and substantial justice for this Court to assert personal jurisdiction over Agnitio. The foreseeability that is critical to due process analysis is that the defendant's conduct and connection, if any, with the

forum State are such that a defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen*, 444 U.S. at 297. Plaintiff cannot colorably claim that Agnitio should have reasonably anticipated being haled into court in the Eastern District of Texas.

Agnitio has no contacts with this forum, it does not conduct any business in the State of Texas, and it has not directed any business specifically to residents of the State of Texas. Castano Decl. ¶¶4-21. Consequently, it could not have reasonably anticipated being haled into this court to litigate this dispute.

Additionally, the assertion of personal jurisdiction over it would also be not be proper with regard to the "fairness" factors cited in *Burger King*: (1) the burden on the defendant, (2) the forum State's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477–78.

First, Agnitio does not have any employees, offices or agents in the State of Texas and there would be a substantial burden to Agnitio's continuing a lawsuit in this forum. Castano Decl. ¶¶13-15. Second, Agnitio has not sold products or engaged in activities with any residents of the State of Texas, Castano Decl. ¶¶3-12, 17, and Plaintiff's claims deal solely with federal patent law. Third, Plaintiff appears to have a presence in multiple states[4], and the State of Texas may not be the most convenient forum for its interests. Fourth, an efficient resolution of disputes should take into account the delays and judicial costs involved in not accurately determining if the forum is appropriate for both parties. Finally, with regard to the fifth factor, because patent infringement is a matter of federal law, "the shared interest of the several States in furthering

---

[4]     On its website, Plaintiff, Blue Spike LLC (formed in May 2012) lists its Florida office first, identifies a strategic partnerships office in Boston, and maintains federal trademark registrations under the name of founder Scott Moskowitz's Florida corporation (formed in November 1997), Blue Spike, Inc. *See* Exhibits B-1 through B-4.

fundamental substantive social policies" is not implicated by this action. *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1352 (Fed. Cir. 2003) (finding that no conflict between the interest of two states existed because federal patent law would govern regardless of the forum).

Accordingly, even if Plaintiff somehow establishes that Agnitio has the requisite minimum contacts to the State of Texas, it would be against traditional notions of fairness to assert personal jurisdiction over Agnitio.

## III.  CONCLUSION

For the reasons set forth above, the authorities cited herein and the attached supporting material, Agnitio respectfully requests that the Court dismiss the Complaint against Agnitio due to its lack of sufficient contacts with the State of Texas to establish and support personal jurisdiction in this forum.

Dated: April 23, 2013.                    Respectfully submitted,


                                          /s/ *Steven G. Schortgen*
                                          Steven G. Schortgen, *Lead Attorney*
                                             Texas State Bar No. 00794603
                                             steve.schortgen@klgates.com
                                          Jennifer Klein Ayers
                                             Texas State Bar No. 24069322
                                             jennifer.ayers@klgates.com
                                          **K&L Gates LLP**
                                          1717 Main St.
                                          Suite 2800
                                          Dallas, TX  75201
                                          214.939.5500
                                          214.939.5849 *Facsimile*



                                          **ATTORNEYS FOR DEFENDANT
                                          AGNITIO CORP.**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(d), I certify that on April 23, 2013, all counsel of record who have appeared in the Consolidated Action received a copy of this filing pursuant to the Court's ECF/CM system.

Dated:  April 23, 2013

<u>/s/ *Steven G. Schortgen*                    </u>
Steven G. Schortgen
