IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>    *Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>    *Defendant.*<br>_____<br><br>BLUE SPIKE, LLC<br>    *Plaintiff,*<br><br>v.<br><br>ACCU-TIME SYSTEMS, INC.<br>    *Defendant.*<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-cv-499<br>(Lead Case)<br><br>JURY TRIAL DEMANDED<br><br><br><br><br>Civil Action No. 6:13-cv-037<br>(Consolidated with 6:12-CV-499)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT ACCU-TIME SYSTEMS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Accu-Time Systems, Inc., ("ATS"), by and through its attorneys, files this Reply to Plaintiff, Blue Spike, LLC's ("Blue Spike"), Opposition ("Opposition") [ECF No. 651] to ATS's Motion to Dismiss [ECF No. 576].

2312505-3

## Contents

I.    INTRODUCTION ............................................................................................... - 1 -

II.    ARGUMENT ...................................................................................................... - 1 -

    A.    Blue Spike's Complaint Fails to Inform ATS as to What it must Defend Against .... - 1 -

    B.    The Court Should Dismiss Blue Spike's Contributory Infringement Claim .............. - 3 -

    C.    The Court Should Dismiss Blue Spike's Inducement Claim .................................... - 5 -

    D.    Blue Spike has fails to Please Willful Infringement with Specificity........................ - 6 -

III.    CONCLUSION .................................................................................................. - 7 -

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page**

*Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 U.S. Dist. LEXIS
        86207,(W.D. Tex. Aug. 4, 2011) ...............................................................................................5

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). ......................................................................................3, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................1

*Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327
        (Fed. Cir. 2003)........................................................................................................................5

*In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323
        (Fed. Cir. 2012).........................................................................................................................4

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 2013 U.S. App. LEXIS 7766
        (Fed. Cir. Apr. 18, 2013) ..........................................................................................................2

*Lift-U v. Ricon Corp.,* 2012 U.S. Dist. LEXIS 153795
        (N.D. Cal. Oct. 25, 2012).........................................................................................................6

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913,
        125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005)..............................................................................4

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229
        (E.D. Tex. July 27, 2012) .........................................................................................................5

*Synchronoss Technologies, Inc. v. Dashwire, Inc.*, 11-cv-2-bbc, dkt. #24 ......................................3

*Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263
        (E.D. Tex. March 27, 2013) (slip op.) (J. Schneider) ............................................................6

*Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW,
        2010 WL 1409245,
        (E.D. Tex. Apr. 1, 2010) ..........................................................................................................1

*Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp2d 349
        (D. Del. 2010) .........................................................................................................................2

**Statutes, Rules, and Other**

35 U.S.C. § 271(b) .............................................................................................................................5

Fed. R. Civ. P. 84 ...........................................................................................................................2

Fed. R. Civ. P. 12(b)(6) ............................................................................................................1, 7

## I. INTRODUCTION

Defendant Accu-Time Systems, Inc. ("ATS") hereby responds to Blue Spike, LLC's ("Blue Spike") Opposition to Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) ("Opposition") [*Dkt. No.* 651 *in Case No.*6:13-cv-037]. Blue Spike's Opposition and Complaint are replete with legal conclusions unsupported by any facts, and ATS is left without sufficient notice of the claims it must defend. Blue Spike's "additional evidence" submitted with its Opposition only supports ATS's position that Blue Spike's claims are not supported.

Blue Spike's pleadings highlight its strategy for extracting settlements by wielding expensive discovery and trial preparation as a hammer against ATS. This strategy was decried by the Supreme Court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007), which would reject Blue Spike's Opposition statement that,

> Also critical, "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LL*C, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." Id. Applying this standard, Blue Spike has adequately pleaded both induced infringement and contributory infringement.

Opposition at p. 9. For the reasons contained herein, Blue Spike's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. ARGUMENT

### A. *Blue Spike's Complaint Fails to Inform ATS as to What it Must Defend Against*

A patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. See Fed. R. Civ. P. 84. Because Form 18 is a national form particular to patents, any argument that it should, or could, be interpreted differently in each circuit is without merit. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 2013 U.S. App. LEXIS 7766 (Fed. Cir. Apr. 18, 2013).

The combination of Blue Spike's Complaint and its Opposition still does not inform ATS as to what it must defend. In fact, Blue Spike itself appears to be confused as to the identity of the Accused Products. Blue Spike's Opposition Exhibit 3 relates to the AccuTouchUSB, which is not an Accused Product.

While it is true that Blue Spike names four products in the Complaint, none of which are the AccuTouchUSB, the Complaint does not identify which of the patents-in-suit is being asserted against each allegedly infringing product. The four patents-in-suit include 114 claims, which the Complaint vaguely describes as being infringed by an equally vague product grouping, loosely termed as "Accused Products." Complaint at p. 9, ¶ 27. Blue Spike's Opposition mistakenly relies on in *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp2d 349, 353 (D. Del. 2010) for the argument "that a complaint need not even 'identify specific products' to avoid dismissal; simply identifying 'a general category of products' suffices." (See Opposition at pp. 3-4). Blue Spike's Complaint does not come within even this liberal holding because it accuses a multiple of "Accused Products" in multiple "general categories" without identifying whether any of the four patents-in-suit or 114 asserted claims applies to any category. Blue Spike's Accused Products are in multiple "general categories" which, as shown in Blue Spike's Exhibit 2,

originate from different vendors to ATS. (See Opposition at Exhibit 2, page 16).[1] The Complaint requires ATS to guess which one or more of the "Accused Products" is alleged to infringe which of the four patents-in-suit or 114 claims.

In some circumstances, bare bones pleadings and general allegations may survive dismissal. In the case where the plaintiff is asserting a single patent against a single product, additional detail may not be necessary. However, when there are multiple patents with more than 100 claims asserted against multiple accused products, merely asserting that "one or more of the Accused Products" is alleged to infringe the patents-in-suit does not give the defendant adequate notice of what it must defend. *See Synchronoss Technologies, Inc. v. Dashwire, Inc.*, 11-cv-2-bbc, dkt. #24 (dismissing complaint for failing to identify asserted claims and accused products). This later circumstance clearly fails to meet the standards established by *Iqbal*. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009).

### B. The Court Should Dismiss Blue Spike's Contributory Infringement Claim

Blue Spike's contributory infringement claims rely on its self-laudatory conclusion that "the patents-in-suit are foundational to **all** of today's widespread biometric-identification applications." (See Opposition at p. 8 which erroneously cites to the Complaint at ¶25, emphasis added). Blue Spike's statement is factually WRONG and is an insufficient basis for pleading contributory infringement. That this statement is WRONG is proven by the patents, themselves, which list prior art consisting of hundreds of patents and publications dating back to 1976. In addition, attached as Exhibit 1 to this Reply is a history of biometric identification technologies available well before the earliest priority date of the patents-in-suit. At best the patents-in-suit,

---

[1] In point of fact, each of the biometric suppliers, Lumidigm, Inc. (Case No. 6:12-cv-681), 3M Cogent (Case No. 6:12-cv-686), Suprema, Inc., et al. (Case No. 6:13-cv-57), Morphotrak, Inc., et al. (Case No, 6:13-cv-89), and Ingersoll-Rand Co. (Case No. 6:13-cv-108), is currently a defendant in companion litigation.

to the extent they even apply to biometrics, are directed to a minor improvement is a mature art. To survive a motion to dismiss, Blue Spike had to plead '*facts* plausibly showing that the [defendants] specifically intended their customers to infringe the [patent] and knew that the customers' acts constituted infringement.' *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). (Emphasis added). Blue Spike has not done this.

Contributory infringement also requires that the Accused Products have "no substantial non-infringing uses." *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005). Blue Spike's Opposition is unsuccessful in its attempt to introduce support for its contributory infringement claims. (See Opposition, Exhibits 4, 5, and 6). Had Blue Spike performed even a cursory examination of each of the documents it cited, it would have identified substantial non-infringing uses. For example, the pictured apparatus in Exhibit 5 is an example of a non-infringing use for the Optimus2 terminal. The text in Exhibit 5 states "these terminals *can* be equipped with fingerprint biometric readers." (Emphasis added.) Similarly, regarding the Maximus, Exhibit 4 states "Maximus terminals *can* be equipped with capacitive and multispectral optical finger print biometric readers." (Emphasis added.) Additionally, regarding the Prodigy, Exhibit 6 states "Biometric *options* protect employees' personal information and eliminate costly buddy-punching." (Emphasis added). Blue Spike not only failed to provide sufficient facts that that the Accused Products have no substantial non-infringing uses, its own Exhibits provide the contrary evidence of substantial non-infringing use.

Accordingly, the Complaint's insufficiently pleads contributory infringement claims should be dismissed.

### C. The Court Should Dismiss Blue Spike's Inducement Claim

Blue Spike's induced infringement allegation lacks any factual basis. Inducement of infringement requires four distinct elements:

(1) There was direct infringement by the induced party;

(2) the inducer had knowledge of the asserted patents;

(3) the inducer 'possessed specific intent and [not] merely . . . knowledge of the acts alleged' to induce;

(4) there was active inducement of the direct infringer.

*Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 U.S. Dist. LEXIS 86207, at *14 (W.D. Tex. Aug. 4, 2011); see also *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1342 (Fed. Cir. 2003). The Opposition again relies on the already discredited argument that "the patents-in-suit are foundational to **all** of today's widespread biometric-identification applications," to support the inducement claim. The statement should be rejected for the same reasons articulated above.

The Opposition relies on Magistrate Judge Love's Report and Recommendation in *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012) as legal support for Blue Spike's inducement claim. What Blue Spike failed to note was that the Recommendation in *Patent Harbor* was objected to and the case was dismissed without the Report and Recommendation ever being ruled upon or accepted.

The only "facts" in the Complaint relevant to inducement are: 1) knowledge of the patent-in-suit as early as the service of the Complaint; and 2) selling one or more of the accused products to "end users." The remainder of the allegations are legal conclusions that cannot serve as a factual basis from which to draw any inference that ATS had the specific intent under § 271(b) to encourage the end users to infringe the patent-in-suit. *Iqbal* at 1949-50 ("A pleading

that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (internal citations and quotations omitted). Further, Blue Spike ignores multiple substantial non-infringing uses that are identified in the very evidence Blue Spike points to in its Opposition. See Opposition Exhibits 4, 5 and 6.

Blue Spike's Complaint alleges no facts from which one may plausibly infer that ATS formed and possessed the specific intent to induce infringement of the patents-in-suit.

### D. Blue Spike Failed to Plead Willful Infringement with Specificity

Blue Spike's Opposition fails to address the more recent case law cited in ATS Motion to Dismiss, which states that "the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim." *Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263 (E.D. Tex. March 27, 2013) (slip op.) (J. Schneider) (Exhibit "C"). see also *Lift-U v. Ricon Corp.,* 2012 U.S. Dist. LEXIS 153795 (N.D. Cal. Oct. 25, 2012) (holding that post-filing conduct alone is legally insufficient to prove willfulness). In particular, *Touchscreen* held that "[t]he absence of pre-filing knowledge of the patents-in-suit is fatal to [plaintiff's] willful infringement claims." *Touchscreen* at p. 3.

Blue Spike's Complaint, without any further elaboration or factual support, alleges the following as to willful infringement:

> On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk.

Complaint, p.11, ¶ 37, p.13, ¶ 45, p.15, ¶ 53, and p.17, ¶ 61. Blue Spike's Complaint and Opposition offer no factual basis to support these naked assertions and no additional facts to

support the allegation of "objectively high risk." Even taking these merger pleadings in the light most favorable to Blue Spike yields nothing to save this claim from dismissal.

The Complaint fails to adequately plead willful infringement, and it should be dismissed.

## III.   CONCLUSION

Blue Spike's Complaint is woefully lacking in sufficient facts or specificity for its claims of direct infringement, contributory infringement, induced infringement and willful infringement. The Complaint does not allow ATS to meaningfully address the claims being made against it. Accordingly, the Complaint it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).


       Respectfully submitted,

By: :  s/Anthony S. Volpe
    Anthony S. Volpe (pro hac vice pending, PA  24,733)
    Ryan W. O'Donnell (pro hac vice pending. PA 89775)
    Aneesh A. Mehta (pro hac vice pending, PA  205878)
    VOLPE AND KOENIG, P.C.
    United Plaza, 30 S. 17th Street
    Philadelphia, PA 19103
    Phone: (215) 568-6400
    Fax: (215) 568-6499
    Avolpe@vklaw.com
    RODonnell@vklaw.com
    Amehta@vklaw.com

*Attorneys for Defendant,*
*Accu-Time Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Defendant Accu-Time Systems, Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** is being on all counsel of record via the Court's CM/ECF system on **this 25th day of April** 2013.

                        By: s/Anthony S. Volpe
                        Anthony S. Volpe (pro hac vice, PA 24,733)
                        Ryan W. O'Donnell (pro hac vice, PA 89775)
                        Aneesh A. Mehta (pro hac vice, PA 205878)
                        VOLPE AND KOENIG, P.C.
                        United Plaza, 30 S. 17th Street
                        Philadelphia, PA 19103
                        Phone: (215) 568-6400
                        Fax: (215) 568-6499
                        Avolpe@vklaw.com
                        RODonnell@vklaw.com
                        Amehta@vklaw.com