# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>　　*Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>　　*Defendant.*<br>_____<br><br>BLUE SPIKE, LLC<br>　　*Plaintiff,*<br><br>v.<br><br>AMANO CINCINNATI, INC.<br>　　*Defendant.*<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-cv-499<br>(Lead Case)<br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br>Civil Action No. 6:13-cv-109<br>(Consolidated with 6:12-CV-499)<br><br>JURY TRIAL DEMANDED |

## DEFENDANT AMANO CINCINNATI, INC.'S REPLY TO PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Amano Cincinnati Inc., by and through its attorneys, files this Reply to Plaintiff's Opposition ECF No. 650 to ACI's Motion to Dismiss ECF No. 577.

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................... - 1 -
II. ARGUMENT ....................................................................................................... - 1 -
  A. Blue Spike's Complaint Fails to Inform ACI as to What it Must Defend Against ..... - 1 -
  B. The Court Should Dismiss Blue Spike's Contributory Infringement Claim .............. - 3 -
  C. The Court Should Dismiss Blue Spike's Inducement Claim ................................... - 4 -
  D. Blue Spike Failed to Plead Willful Infringement with Specificity ........................... - 5 -
III. CONCLUSION .................................................................................................. - 6 -
EXHIBIT 1 ................................................................................................................... - 6 -

## TABLE OF AUTHORITIES

**Cases** **Page**

*Aguirre v. Powerchute Sports, LLC,* No. SA-10-CV-702-XR, 2011 U.S. Dist. LEXIS 86207
        (W.D. Tex. Aug. 4, 2011) ...................................................................................................4

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...................................................................................2, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................1

*Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1342
        (Fed. Cir. 2003). ................................................................................................................4

*In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323
        (Fed. Cir. 2012)..................................................................................................................3

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 2013 U.S. App. LEXIS 7766
        (Fed. Cir. Apr. 18, 2013). ...................................................................................................2

*Lift-U v. Ricon Corp.*, 2012 U.S. Dist. LEXIS 153795
         (N.D. Cal. Oct. 25, 2012)...................................................................................................5

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913,
        125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) ........................................................................3

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229
        (E.D. Tex. July 27, 2012) ..................................................................................................4

*Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263
        (E.D. Tex. March 27, 2013) (slip op.) (J. Schneider) .......................................................5

*Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp2d 349, 353
         (D. Del. 2010) ...................................................................................................................2


**Statutes, Rules, and Other**

35 U.S.C. § 271(b) ..........................................................................................................................4

Fed. R. Civ. P. 84 ............................................................................................................................1

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 6

## I. INTRODUCTION

Defendant, Amano Cincinnati, Inc. ("ACI") hereby responds to Blue Spike, LLC's ("Blue Spike") Opposition to Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), ("Opposition") [*Dkt. No. 650 in Case No. 6:13-cv-109*]. Blue Spike's Opposition and Complaint are replete with legal conclusions unsupported by any facts, and ACI is left without sufficient notice of the claims it must defend. Blue Spike's "additional evidence" submitted with its Opposition only supports ACI's position that Blue Spike's claims are not supported.

Blue Spike's pleadings highlight its strategy for extracting settlements by wielding expensive discovery and trial preparation as a hammer against ACI. This strategy was decried by the Supreme Court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007), which would reject Blue Spike's Opposition statement that,

> If discovery ultimately proves that the Time Guardian software does not infringe the patents-in-suit, Blue Spike will gladly amend its pleadings. Until then, Blue Spike's allegations about the software are sufficient to defeat dismissal."

Opposition at p. 4. For the reasons stated here and in ACI's Motion, Blue Spike's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. ARGUMENT

### A. *Blue Spike's Complaint Fails to Inform ACI as to What it Must Defend Against*

A patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. See Fed. R. Civ. P. 84. Because Form 18 is a national form particular to patents, any argument that it should, or could, be interpreted differently in each circuit is without

merit. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 2013 U.S. App. LEXIS 7766 (Fed. Cir. Apr. 18, 2013).

The combination of Blue Spike's Complaint and its Opposition still does not inform ACI as to what it must defend. While it is true that Blue Spike names specific products in the Complaint, Blue Spike does not identify which patents each of the products allegedly infringe. The four patents-in-suit include 114 claims which the Complaint vaguely identifies as being infringed by a vague product grouping, loosely termed as "Accused Products," that includes four hardware products and an independent software product. Complaint at p. 9, ¶ 27. Blue Spike's Opposition mistakenly relies on *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp2d 349, 353 (D. Del. 2010) for the proposition "that a complaint need not even 'identify specific products' to avoid dismissal; simply identifying 'a general category of products' suffices." (See Opposition at pp. 3-4). However, Blue Spike's Complaint does not come within that holding because it has "Accused Products" in multiple "general categories" without identifying which of the four patents-in-suit or 114 claims applies to any category. The Complaint requires ACI to guess which one or more of the "Accused Products" is alleged to infringe which of the four patents-in-suit or 114 claims. This clearly fails the established standards for notice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Opposition's reliance on a webpage statement that "touts the software's 'full integration' with biometric terminals that are also Accused Products" further clouds the issue of what is being accused. See Opposition at p. 4. None of the patents-in-suit is directed to software that integrates with biometric terminals.[1]

---

[1] It is statements like this that lead one to wonder if Blue Spike made any prefiling investigation of the claims in its patents-in-suit or the "Accused Products."

### B. The Court Should Dismiss Blue Spike's Contributory Infringement Claim

Blue Spike's contributory infringement claims rely on its self-laudatory conclusion that "the patents-in-suit are foundational to **all** of today's widespread biometric-identification applications."[2] (See Opposition p. 7 which erroneously cites to the Complaint at ¶25, emphasis added). Blue Spike's statement is factually WRONG and is an insufficient basis for pleading contributory infringement. That this statement is WRONG is proven by the patents-in-suit, themselves, which list prior art consisting of hundreds of patents and publications dating back to 1976. At best, the patents-in-suit are directed to a minor improvement is a mature art. To survive a motion to dismiss, Blue Spike had to plead '*facts* plausibly showing that the [defendants] specifically intended their customers to infringe the [patent] and knew that the customers' acts constituted infringement.' *In re Bill of Lading*, 681 F.3d 1323, 1339. (Emphasis added). Blue Spike has not done this.

Contributory infringement also requires that the Accused Products have "no substantial non-infringing uses." *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005). Blue Spike's Opposition is unsuccessful in its attempt to introduce support for its claims of contributory infringement. (See Opposition, Exhibit 1). Had Blue Spike performed even a cursory examination of the document it proffered, it would have found that the document advertised examples of non-infringing uses for the Time Guardian software. *Id*. Blue Spike's Opposition Exhibit 1 advertises the use of Time Guardian Software with MTX-15 Badge Swipe Terminals, the Nexus Lite Controller, and Model KHR Entry Exit Readers, NONE of which use *any* biometrics. (See Exhibit 1, Opposition pages 9 and 12).

---

[2] (See, for example, Exhibit 1 which details a history of biometric identification technologies available well before the earliest priority date of the patents-in-suit).

Accordingly, the Complaint's insufficiently plead contributory infringement claims should be dismissed.

### C. The Court Should Dismiss Blue Spike's Inducement Claim

Blue Spike's induced infringement allegation lacks any factual basis. Inducement of infringement requires four distinct elements:

(1) There was direct infringement by the induced party;

(2) the inducer had knowledge of the asserted patents;

(3) the inducer 'possessed specific intent and [not] merely . . . knowledge of the acts alleged' to induce; and,

(4) there was active inducement of the direct infringer.

*Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 U.S. Dist. LEXIS 86207, at *14 (W.D. Tex. Aug. 4, 2011); see also *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1342 (Fed. Cir. 2003). The Opposition again relies on the already discredited argument that "the patents-in-suit are foundational to **all** of today's widespread biometric-identification applications" to support the inducement claim. This statement by Blue Spike should be rejected the reasons articulated above.

The Opposition relies on Magistrate Judge Love's Report and Recommendation in *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012) as legal support for Blue Spike's inducement claim. What Blue Spike failed to note was that the Recommendation in *Patent Harbor* was objected to and the case was dismissed without the Report and Recommendation ever being ruled upon or accepted.

The only "facts" in the Complaint in support of inducement are: 1) knowledge of the patent-in-suit as early as the service of the Complaint; and 2) selling one or more of the accused

products to "end users." The remainder of the allegations are legal conclusions that cannot serve as factual basis from which to draw any inference that ACI had the specific intent under § 271(b) to encourage the end users to infringe the patent-in-suit. *Iqbal* at 1949-50 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (Internal citations and quotations omitted). Further, Blue Spike ignores multiple substantial non-infringing uses that are identified in the very evidence that Blue Spike points to in its Opposition. See Opposition Exhibit 1.

Blue Spike's Complaint alleges no fact from which one may plausibly infer that ACI formed and possessed the specific intent to induce infringement of the patents-in-suit.

### D.  *Blue Spike Failed to Plead Willful Infringement with Specificity*

Blue Spike's Opposition failed to address the recent case law cited by ACI in its Motion to Dismiss which states that "the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim." *Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263 (E.D. Tex. March 27, 2013) (slip op.) (J. Schneider) (Exhibit "C"). see also *Lift-U v. Ricon Corp.*, 2012 U.S. Dist. LEXIS 153795 (N.D. Cal. Oct. 25, 2012) (holding that post-filing conduct alone is legally insufficient to prove willfulness). In particular, *Touchscreen* held that "[t]he absence of pre-filing knowledge of the patents-in-suit is fatal to [plaintiff's] willful infringement claims." *Touchscreen* at 3.

Blue Spike's Complaint, without any further elaboration or factual support alleges the following as to willful infringement:

> On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high

      likelihood that its actions constituted infringement of a valid patent and (2) knew
or should have known of that objectively high risk.

Complaint, p.11, ¶ 37, p.13, ¶ 45, p.15, ¶ 53, and p.17, ¶ 61.  Blue spike's Complaint and Opposition offer no facts to support these naked assertions and no additional facts to support the allegation of an "objectively high risk." Even taking these merger pleadings in the light most favorable to Blue Spike yields nothing to save this claim for dismissal.

      The Complaint fails to adequately plead willful infringement, and it should be dismissed.

### III.  CONCLUSION

      Blue Spike's Complaint is woefully lacking in sufficient facts or specificity for its claims of direct infringement, contributory infringement, induced infringement and willful infringement. The Complaint does not allow ACI to meaningfully address the claims being made against it. Accordingly, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

      Respectfully submitted,

By:  s/Anthony S. Volpe
    Anthony S. Volpe (pro hac vice , PA 24,733)
    Ryan W. O'Donnell (pro hac vice , PA 89775)
    Aneesh A. Mehta (pro hac vice , PA 205878)
    VOLPE AND KOENIG, P.C.
    United Plaza, 30 S. 17th Street
    Philadelphia, PA 19103
    Phone: (215) 568-6400
    Fax: (215) 568-6499
    Avolpe@vklaw.com
    RODonnell@vklaw.com
    Amehta@vklaw.com

    Scott Crocker (TX State Bar No. 00790532)
    SPRINKLE IP LAW GROUP
    1301 W. 25th Street, Suite 408
    Austin, Texas 78705
    Phone: (512) 366-7308
    Fax: (512) 371-9088
    SCrocker@sprinklelaw.com

- 7 -

*Attorneys for Defendant,*
*Amano Cincinnati, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **Defendant Amano Cincinnati, Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** is being on all counsel of record via the Court's CM/ECF system on this 25th day of April 2013.

> By:  s/Anthony S. Volpe
> Anthony S. Volpe (pro hac vice , PA 24,733)
> Ryan W. O'Donnell (pro hac vice , PA 89775)
> Aneesh A. Mehta (pro hac vice , PA 205878)
> VOLPE AND KOENIG, P.C.
> United Plaza, 30 S. 17th Street
> Philadelphia, PA 19103
> Phone: (215) 568-6400
> Fax: (215) 568-6499
> Avolpe@vklaw.com
> RODonnell@vklaw.com
> Amehta@vklaw.com

2311000-3