# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | Civil Action No. 6:12-CV-499-MHS |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| TEXAS INSTRUMENTS, INC., | § § | |
| Defendant. | § § § | |
| BLUE SPIKE, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:13-CV-127-MHS |
| v. | § § | |
| INFINISOURCE, INC. and QQEST SOFTWARE SYSTEMS, INC., | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

## DEFENDANTS INFINISOURCE, INC.'S AND QQEST SOFTWARE SYSTEMS, INC.'S ANSWER AND DEFENSES TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendants Infinisource, Inc. and Qqest Software Systems, Inc. (collectively, "Defendant"), for their Answer to the Original Complaint for Patent Infringement ("Complaint") of Blue Spike, LLC ("Blue Spike" or "Plaintiff"), answer and allege as follows:

# I.  ANSWER

## NATURE OF THE SUIT

1.      Defendant admits that the Complaint purports to assert claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code. Defendant denies that it has infringed any patents.

## PARTIES

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies those allegations.

3.      Defendant admits that Infinisource is a Michigan corporation with its principal place of business at 15 E. Washington Street, Coldwater, Michigan 49036, and that it can be served with process through its registered agent, Gary Hart Haberl, located at the same address. Defendant admits that Infinisource has customers in the Eastern District of Texas.  Defendant denies the remaining allegations of paragraph 3.

4.      Defendant admits that Qqest is a Delaware corporation with its principal place of business at 9350 South 150 East, Suite 300, Sandy, Utah 84070, and that it can be served through its registered agent, National Registered Agents, Inc.  Defendant admits that Qqest has customers in the Eastern District of Texas.  Defendant denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5.      Defendant admits that this lawsuit purports to be a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* and that this Court has subject matter over such claims.

6.      Defendant denies the allegations of paragraph 6.

7.      Defendant admits that it has customers in the Eastern District of Texas.

Defendant admits that venue is proper in this District and that this Court has personal jurisdiction.  Defendant denies that venue in this District is convenient.  Defendant denies the remaining allegations of paragraph 7.

## FACTUAL BACKGROUND

**A.     Moskowitz's History**

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies those allegations.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies those allegations.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies those allegations.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies those allegations.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies those allegations.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies those allegations.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies those allegations.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies those allegations.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies those allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies those allegations.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies those allegations.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies those allegations.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies those allegations.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies those allegations.

**B.     Patents-in-Suit**

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and/or the allegations therein are too vague or speculative to enable Defendant to form a belief as to the truth of the allegations, and therefore denies those allegations.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and/or the allegations therein are too vague or speculative to enable Defendant to form a belief as to the truth of the allegations, and therefore denies those allegations.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and/or the allegations therein are too vague or speculative to enable Defendant to form a belief as to the truth of the allegations, and therefore denies those allegations.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 25 and/or the allegations therein are too vague or speculative to enable Defendant to form a belief as to the truth of the allegations, and therefore denies those allegations.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and/or the allegations therein are too vague or speculative to enable Defendant to form a belief as to the truth of the allegations, and therefore denies those allegations.

27.     Defendant denies the allegations of paragraph 27.

**C.     The Accused Products and Services**

28.     Defendant admits that it sells the IQ1000, Velocity 850, Velocity 850 Rugged, Velocity 800, and Velocity 800 Rugged (the "accused products").  Defendant denies the remaining allegations in paragraph 28.

29.     Defendant admits that it has not sought a license from Blue Spike but denies that a license is required.  Defendant denies the remaining allegations of paragraph 29.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies those allegations.

31.     Defendant admits that it does not have permission "to use Blue Spike's Patents-in-Suit" but denies that any permission is required.  Defendant denies the remaining allegations in paragraph 31.

**COUNT 1:**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

32.     Defendant incorporates by reference its responses to the allegations in paragraphs 1-31 of Plaintiff's complaint as if fully restated herein.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 33, and therefore denies those allegations.

34.    Defendant admits that a document attached as Exhibit A to the Complaint appears to be a copy of United States Patent No. 8,214,175 ("the '175 patent"), which on its face bears the issue date July 3, 2012.  Defendant denies the remaining allegations in Paragraph 34.

35.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore denies those allegations.

36.    Defendant denies the allegations of paragraph 36.

37.    Defendant denies the allegations of paragraph 37.

38.    Defendant denies the allegations of paragraph 38.

39.    Defendant denies the allegations of paragraph 39.

**COUNT 2:**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,949,494**

40.    Defendant incorporates by reference its responses to the allegations in paragraphs 1-39 of Plaintiff's complaint as if fully restated herein.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and therefore denies those allegations.

42.    Defendant admits that a document attached as Exhibit B to the Complaint appears to be a copy of United States Patent No. 7,949,494 ("the '494 patent"), which on its face bears the issue date May 24, 2011.  Defendant denies the remaining allegations in paragraph 42 of the complaint.

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43, and therefore denies those allegations.

44.    Defendant denies the allegations of paragraph 44.

45.    Defendant denies the allegations of paragraph 45.

46.     Defendant denies the allegations of paragraph 46.

47.     Defendant denies the allegations of paragraph 47.

## COUNT 3:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48.     Defendant incorporates by reference its responses to the allegations in paragraphs 1-47 of Plaintiff's complaint as if fully restated herein.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore denies those allegations.

50.     Defendant admits that a document attached as Exhibit C to the Complaint appears to be a copy of United States Patent No. 7,660,700 ("the '700 patent"), which on its face bears the issue date February 9, 2010.  Defendant denies the remaining allegations in paragraph 50 of the complaint.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, and therefore denies those allegations.

52.     Defendant denies the allegations of paragraph 52.

53.     Defendant denies the allegations of paragraph 53.

54.     Defendant denies the allegations of paragraph 54.

55.     Defendant denies the allegations of paragraph 55.

## COUNT 4:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56.     Defendant incorporates by reference its responses to the allegations in paragraphs 1-55 of Plaintiff's complaint as if fully restated herein.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, and therefore denies those allegations.

58.     Defendant admits that a document attached as Exhibit D to the Complaint appears to be a copy of United States Patent No. 7,346,472 ("the '472 patent"), which on its face bears the issue date March 18, 2008.  Defendant denies the remaining allegations in paragraph 58 of the complaint.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59, and therefore denies those allegations.

60.     Defendant denies the allegations of paragraph 60.

61.     Defendant denies the allegations of paragraph 61.

62.     Defendant denies the allegations of paragraph 62.

63.     Defendant denies the allegations of paragraph 63.

## RELIEF REQUESTED BY PLAINTIFF

Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## II.  AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST DEFENSE – NON-INFRINGEMENT

64.     Defendant lacks knowledge regarding the operation of the accused products as it relates to the asserted patents, and on that basis avers that Defendant has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '175, '494, '700, and '472 patents either literally or under the doctrine of equivalents, or in any other manner.

### SECOND DEFENSE – INVALIDITY

65.     One or more claims of the patents-in-suit are invalid for failing to meet one or more of the requisite conditions specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial

doctrine of double patenting.

### THIRD DEFENSE – ESTOPPEL

66.     Defendant is informed and believes, and on that basis avers, that the relief sought by Plaintiff is barred under the doctrine of prosecution history estoppel.

### FOURTH DEFENSE – LACHES

67.     Defendant is informed and believes, and on that basis avers, that the relief sought by Plaintiff is barred under the doctrine of laches.

### FIFTH DEFENSE – LIMITATION ON DAMAGES

68.     Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or Plaintiff's failure to plead notice thereunder.

### SIXTH DEFENSE – COSTS BARRED IN ACTION FOR INFRINGEMENT OF A PATENT CONTAINING INVALID CLAIMS

69.     Pursuant to 35 U.S.C. § 288, Plaintiff is barred from recovering any costs.

### SEVENTH DEFENSE – FAILURE TO STATE A CLAIM

70.     The Complaint fails to state a claim against Defendant upon which relief can be granted.

### RESERVATION OF ADDITIONAL DEFENSES

71.     Defendant reserves the right to assert additional affirmative defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests this Court to enter judgment for Defendant and against Plaintiff as follows:

A.     Dismissing the Complaint with prejudice;

B.      Finding that Defendant does not infringe any claim of the patents-in-suit, or contribute to, or induce any such infringement;

C.      Finding that the claims of the patents-in-suit are, as to each of the claims asserted against Defendant, invalid and/or unenforceable;

D.      Finding this to be an exceptional case in favor of Defendant, and thus awarding Defendant its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

E.      Granting such additional relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) for the Federal Rules of Civil Procedure, Defendant respectfully requests a jury trial on all issues so triable, including without limitation, Blue Spike's claims and Defendant's defenses.

Dated:    April 26, 2013                              FENWICK & WEST LLP


                                                      By:    /s/ Teresa M. Corbin
                                                             Teresa M. Corbin
                                                             tcorbin@fenwick.com

                                                      Teresa M. Corbin, CA Bar No. 132360
                                                      (Admitted E.D. Texas)
                                                      Bryan A. Kohm, CA Bar No.233276
                                                      (Admitted E.D. Texas)
                                                      David Lacy Kusters, CA Bar No.241335
                                                      (Admitted E.D. Texas)
                                                      FENWICK & WEST LLP
                                                      555 California Street, 12th Floor
                                                      San Francisco, California 94104
                                                      Telephone:    (415) 874-2300
                                                      Facsimile:     (415) 281-1350

                                                      Darren E. Donnelly, CA Bar No. 194335
                                                      (Admitted E.D. Texas)
                                                      FENWICK & WEST LLP
                                                      Silicon Valley Center
                                                      801 California Street
                                                      Mountain View, California  94041
                                                      Telephone:       (650) 955-8500
                                                      Facsimile:       (650) 983-5200

                                                      Attorneys for Defendants
                                                      Infinisource, Inc. and Qqest Software Systems,
                                                      Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 26, 2013.


                                        */s/ Teresa M. Corbin*
                                        Teresa M. Corbin