UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | Case No. 6:12-cv-499 MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
| *Defendants*. | § | |
| | | |
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | Case No. 6:13-cv-45 MHS |
| | § | |
| v. | § | Consolidated Case |
| | § | |
| Biometrika, SRL and Fulcrum Biometrics, LLC, | § | Jury Trial Demanded |
| *Defendants*. | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT BIOMETRIKA, SRL'S
MOTION TO DISMISS [DKT. 629]**

Plaintiff Blue Spike, LLC opposes Biometrika, SRL's motion to dismiss for insufficient service of process. Biometrika is wrong that service of process did not comply with the Hague Convention; Biometrika received service of process via registered mail, which the Hague Convention permits.

Service was performed under Federal Rule of Civil Procedure 4(h)(1)(A), which specifies that a foreign corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." FED. R. CIV. P. 4(h)(1)(A). "[A]n individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located." *Id.* R. 4(e)(1). Texas law provides that

> [t]he secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

TEX. CIV. PRAC. & REM. CODE § 17.044(b). A nonresident does business in Texas if it "commits a tort in whole or in part in [Texas]." *Id.* §17.042(2). Patent infringement is a tort; thus, the use, sale, and marketing of Biometrika's infringing products in Texas establish that Biometrika was "doing business" in Texas for purposes of the Texas service statute and Rule 4(h)(1)(A). *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009). It follows that substituted service on the Texas Secretary of State was proper. *Id.*[1]

Biometrika complains that even if substituted service on the Secretary of State was theoretically permissible, it did not comply with the Hague Convention in this case because, after receiving the process documents, the Secretary forwarded them to Biometrika via registered mail. Dkt. 629 at 3. This argument fails because the Hague Convention permits service of process by mail if the receiving state does not object. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299-300 (2d Cir. 2005). Italy, where Biometrika is located and received service of process, does not object. *See* http://bit.ly/17ZjLf9 (Hague Convention website indicating that Italy does not object

---

[1] The same result follows from Rule 4(h)(1)(B), which allows service of a foreign corporation to be made in a judicial district of the United States by delivering a copy of the summons and complaint to any agent "authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). The Texas Secretary of State is such an agent. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(b).

to service of process by mail); http://1.usa.gov/10CFLfv (U.S. State Department website indicating same); *Eli Lilly & Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 470 (D.N.J. 1998) (noting that Italy does not object to service of process by mail under section 10(a) of Hague Convention); *The Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 2788203, at *7 (E.D. Pa. July 13, 2010) (same). Biometrika admits that it received the process documents from the Texas Secretary of State via registered mail. *See* Dkt. 629 at 2; *see also Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F.Supp.2d 654, 662 (N.D. Tex. 2002) (substituted service of process on Texas Secretary of State satisfies Hague Convention provided that Secretary forwards process documents to defendant via registered mail).

Biometrika is correct that the Fifth Circuit once concluded that the Hague Convention does not permit service of process by mail. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 384 (5th Cir. 2002).[2] But the Fifth Circuit based this conclusion on the fact that Article 10(a) of the Convention, which permits transmission of judicial documents by mail, uses the term "send" rather that the term "serve" (which is used elsewhere in the Convention). *See id.* ("[B]ecause the drafters purposely elected to use forms of the word 'service' throughout the Hague Convention, while confining use of the word 'send' to article 10(a), we will not presume that the drafters intended to give the same meaning to 'send' that they intended to give to "service."). The Hague Conference itself has expressly repudiated

---

[2] Other Circuit Courts have reached the opposite conclusion, mirroring "the essentially unanimous view of other member countries of the Hague Convention." *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004) (holding that Hague Convention permits service of process by mail); *Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1986) (same).

the Fifth Circuit's position. *See* Conclusions and Recommendations Adopted by the Special Commission on the Practical Operation of the Hague Apostille, Evidence and Service Conventions at 11, available at http://bit.ly/QCSBUQ (Special Commission "reaffirmed its clear understanding that the term 'send' in Article 10(a) is to be understood as meaning 'service' through postal channels"); *R. Griggs Group Ltd. v. Filanto Spa*, 920 F.Supp. 1100, 1106 (D. Nev. 1996) (noting that multiple official Hague Convention publications have directly criticized "the line of cases . . . holding that 10(a) does not allow mail service, as contradicting not only the implicit understanding of the delegates to the [1977] Special Commission meeting but substantial legal literature on the Convention and its predecessor treaties.").

The U.S. State Department—whose interpretation of the treaty is owed deference—has also officially opined that the Fifth Circuit "is incorrect to the extent that it suggests that the Hague Convention does not permit as a method of service the sending of a copy of the summons and complaint by registered mail to a defendant in a foreign country." *Id.* (also noting that "courts often give great weight to treaty interpretations made by the Executive Branch"). In light of these facts, the Fifth Circuit's *Nuovo Pignone* opinion is not good law. *See Hyundai Merch. Marine Co. Ltd. v. Grand China Shipping (Hong Kong) Co. Ltd.*, 878 F.Supp.2d 1252, 1257-58 (S.D. Ala. 2012) (noting that the Fifth Circuit's analysis of the Hague Convention "is unpersuasive for several reasons," including that it "predate[s] The Hague's explicit reaffirmance of its clear understanding" that service of process by mail is permissible); *Filanto*, 920 F.Supp. at 1107 (concluding that service of process by

mail must be permissible under the Hague Convention given "the purpose, logic and structure of the Convention itself, the interpretive approach taken by the Supreme Court . . . , the position taken by the U.S. Department of State, and the understanding of international law experts").

Here, service was proper. But if the Court disagrees, it should give Blue Spike a chance to re-serve Biometrika rather than dismissing the case outright. *See Rhodes v. J.P. Sauer & Sons, Inc.*, 98 F.Supp.2d 746, 750 (W.D. La. 2000) ("The general rule is that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."); *Albo v. Suzuki Motor Corp.*, No. 3:08-0139-KC, 2008 WL 2783508, at *3 (W.D. Tex. July 2, 2008) ("In most instances where a foreign corporation has not been served in compliance with the Hague Convention the favored remedy is to allow the plaintiff the appropriate time to properly serve the defendant."). Dismissal is generally appropriate only where proper service would be futile. *Rhodes*, 98 F.Supp.2d at 750.

For these reasons, Blue Spike respectfully asks the Court to deny Biometrika's Motion to Dismiss. Alternatively, Blue Spike asks the Court to postpone ruling on Biometrika's Motion until Blue Spike has had the opportunity to re-serve Biometrika.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

*Counsel for Blue Spike, LLC*

6

**CERTIFICATE OF SERVICE**

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                /s/ Randall T. Garteiser
                                              Randall T. Garteiser