UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § § | Case No. 6:12-cv-499 MHS |
| v. | § § § | Lead Case |
| Texas Instruments, Inc., et al., | § § § | Jury Trial Demanded |
| *Defendants.* | § § § | |
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § § | Case No. 6:13-cv-45 MHS |
| v. | § § § | Consolidated Case |
| Biometrika, SRL and Fulcrum Biometrics, LLC, | § § § | Jury Trial Demanded |
| *Defendants.* | § § § | |

**ORDER DENYING DEFENDANT BIOMETRIKA, SRL'S
MOTION TO DISMISS [DKT. 629]**

The Court denies Biometrika, SRL's motion to dismiss for insufficient service of process. Biometrika is wrong that service of process did not comply with the Hague Convention. The evidence indicates Biometrika received service of process via registered mail, which the Hague Convention permits under Federal Rule of Civil Procedure 4(h)(1)(A), which specifies that a foreign corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." FED. R. CIV. P. 4(h)(1)(A). "[A]n individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts

1

of general jurisdiction in the state where the district court is located." *Id*. R. 4(e)(1). Texas law provides that

> [t]he secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

TEX. CIV. PRAC. & REM. CODE § 17.044(b). A nonresident does business in Texas if it "commits a tort in whole or in part in [Texas]." *Id*. §17.042(2). Patent infringement is a tort; thus, the use, sale, and marketing of Biometrika's infringing products in Texas establish that Biometrika was "doing business" in Texas for purposes of the Texas service statute and Rule 4(h)(1)(A). *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009). It follows that substituted service on the Texas Secretary of State was proper. *Id*.

In situations like this one, the Hague Convention permits service of process by mail if the receiving state does not object. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299-300 (2d Cir. 2005). Italy, where Biometrika is located and received service of process, does not object. *See* http://bit.ly/17ZjLf9 (Hague Convention website indicating that Italy does not object to service of process by mail); http://1.usa.gov/10CFLfv (U.S. State Department website indicating same); *Eli Lilly & Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 470 (D.N.J. 1998) (noting that Italy does not object to service of process by mail under section 10(a) of Hague Convention); *The Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 2788203, at *7 (E.D. Pa. July 13, 2010) (same). Biometrika admits that it received the process documents

from the Texas Secretary of State via registered mail. *See* Dkt. 629 at 2; *see also Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F.Supp.2d 654, 662 (N.D. Tex. 2002) (substituted service of process on Texas Secretary of State satisfies Hague Convention provided that Secretary forwards process documents to defendant via registered mail).

Service being deemed proper, the Court denies Biometrika's Motion to Dismiss.