UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | CASE NO. 6:12-cv-499 MHS |
| v. | § | LEAD CASE |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
| *Defendants*. | § | |
| | | |
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | CASE NO. 6:13-cv-84 MHS |
| v. | § | CONSOLIDATED CASE |
| Tygart Technologies, Inc., | § | Jury Trial Demanded |
| *Defendant*. | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER [DKT. 594]**

Plaintiff Blue Spike, LLC opposes Tygart Technologies, Inc.'s motion to dismiss or transfer. Dismissal is improper. Tygart's own website helps establish that Tygart sells the accused products to customers who then use those accused products in Texas. That is sufficient to make a prima facie showing of personal jurisdiction. But if the Court disagreed, the Court should permit jurisdictional discovery before ruling on dismissal. Transfer is improper because (1) considerations of judicial efficiency and economy weigh heavily against transfer, as the Court has consolidated this case with dozens of others based on common questions of law or fact related to the alleged infringement of Blue Spike's patents-in-suit and (2) Tygart has not shown that the public- and private-interest factors clearly weigh in favor of transfer.

1

## Factual Background

Blue Spike's four patents-in-suit teach bedrock principles and pioneering advancements essential to today's widespread biometric identification and security systems. Many of today's biometric identification and security providers—including Tygart—have built their companies by infringing Blue Spike's patents. Blue Spike has filed over eighty lawsuits against patent infringers in this Court, which has consolidated the suits for pretrial purposes because the suits "involve a common question of law or fact." Dkt. 16 at 15 (consolidation order).

## Legal Standards

**1.    Personal Jurisdiction**

Specific personal jurisdiction exists when a defendant purposefully directs activities at the forum, the plaintiff's claim relates to those activities, and the assertion of personal jurisdiction is reasonable and fair. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012) (per curiam). In ruling on a motion to dismiss for lack of personal jurisdiction, a trial court must accept plaintiff's uncontroverted, nonconclusory factual allegations as true and resolve all controverted allegations in plaintiff's favor. *Id*. at 1361. If the plaintiff presents a prima facie case supporting jurisdiction, dismissal is improper. *Id*.

**2.    Transfer**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The threshold inquiry in determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"); 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.12[3] (3d ed. 2012) ("[T]he

party seeking transfer . . . has the burden of clearly establishing that the action properly could have been brought in the first instance in the transferee district."). If that threshold inquiry is met, the Court then balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).[1] The party seeking transfer must show good cause for transfer and also show that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"); *TS Tech*, 551 F.3d at 1319.

## Argument

Tygart argues that the Court should dismiss this case for lack of personal jurisdiction or, alternatively, transfer it to the Northern District of West Virginia. Tygart is wrong on both counts.

### I.     The Court Has Personal Jurisdiction Over Tygart.

Tygart claims that it does not conduct any business or activities in Texas, does not solicit business in Texas, does not have any customers in Texas, does not receive any sales or revenue originating from Texas, does not render services to any Texas residents, and has no sales contracts with entities located in Texas. Dkt. 594 at 3-4. Yet these claims are not credible given Tygart's customers.

---

[1] Private-interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Nintendo*, 589 F.3d at 1198. Public-interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

### A. Tygart's Own Website Indicates that Tygart's Customers—and, by Extension, the Accused Products—Operate Pervasively Throughout Texas.

Tygart's website indicates that Tygart's customers include government agencies that operate throughout Texas, including the Department of Defense, all branches of the military, and U.S. Intelligence Agencies (including the FBI). Ex 1 (screen shot from Tygart's website). These agencies have major facilities throughout Texas (including this District) and employ tens of thousands of people here. Ex. 2 at 7. This strongly suggests that Tygart's infringing products end up and are used here. "No more is usually required to establish specific jurisdiction." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994); *see also Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (in patent-infringement cases, personal jurisdiction turns on nature and extent of the commercialization of the accused products or services by defendant in the forum); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("[I]n patent litigation the injury occurs at the place where the infringing activity directly impacts on the interests of the patentee."). Tygart's website showing the Department of Defense, the FBI, and other U.S. Intelligence Agencies as major customers—combined with those customers' extensive biometric operations in Texas—are sufficient to establish a prima facie showing of personal jurisdiction in this case, especially given the government agencies' understandable reluctance to provide publicly available information about how and where they use the accused products for law enforcement and national defense.

### B. At a Minimum, the Court Should Permit Jurisdictional Discovery Before Ruling on Tygart's Motion to Dismiss.

The above facts constitute a prima facie showing of personal jurisdiction. But if the Court is not yet persuaded, it should permit Blue Spike to conduct jurisdictional discovery before

ruling on Tygart's motion. "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). The showing required to warrant jurisdictional discovery "is less than a prima facie showing." *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012); *see also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) ("It would . . . be counterintuitive to require a plaintiff, *prior* to conducting discovery, to meet the same burden" of alleging jurisdictional facts "that would be required in order to defeat a motion to dismiss"). Blue Spike has met this threshold. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010) (holding that district court abused its discretion by denying jurisdictional discovery where defendant's website showed that several of defendant's customers operated in forum; while exact extent of defendant's activities in forum was uncertain and plaintiff's "proffered documents may be insufficient in themselves to establish a prima face case," "this incomplete record nevertheless supports the need for additional discovery to determine the merits of personal jurisdiction").

## II.     Transfer Is Unwarranted.

Recent opinions from this Court, the Fifth Circuit, and the Federal Circuit show why the Court should deny Tygart's alternative motion to transfer this case to the Northern District of West Virginia.

### A.     Interests of Judicial Efficiency and Economy Weigh Strongly Against Transfer.

Blue Spike has a number of related suits in this district, so transferring this suit to another venue would be inefficient and waste judicial resources. Judicial economy is so important that it

represents a sufficient basis to deny transfer even if all other factors in a case support transfer. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010) (holding that district court may properly deny §1404(a) transfer based on judicial economy even "when all of the convenience factors clearly favor transfer"); *In re Google*, 412 F. App'x 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective administration of justice, and having one trial court decide all of these claims clearly furthers that objective."); *Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3063414, at *3 (E.D. Tex. Sept. 22, 2009) ("[T]he division of the case into multiple suits may be more convenient for [the defendant], but it would impose a significant burden on the plaintiff, witnesses, and the federal court system. In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication."); *Centre One v. Vonage Holdings Corp.*, No. 6:08-CV-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009) (holding that defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora").

      In this case, Blue Spike is the plaintiff in more than eighty lawsuits in this Court concerning the same four patents, and those suits have been consolidated for pretrial purposes. Dkt. 16 at 15. Transferring Tygart's case to another venue would impose unjustified burdens on the federal court system, causing gross inefficiencies and wasting scarce judicial resources. *See In re EMC Corp.*, No. 10-cv-435 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013) (holding "the district court could properly consider the benefits to judicial economy arising from having the same judge handle both [Plaintiff's] suits against the petitioners and [Plaintiff's] suits against other parties involving the same patents and technology as to which there was no issue of

transfer"); *Net Navigation Sys., LLC v. Alcatel-Lucent USA, Inc.*, No. 4:11-CV-663, at 8-10 (E.D. Tex. Aug. 27, 2012) (attached as Ex. 3) (denying transfer because, like this case, plaintiff had filed multiple suits concerning same four patents in this district and the Court had combined those suits for pretrial purposes, meaning that "another court would be required to conduct duplicative proceedings regarding claim construction, expert discovery, and other issues"); *Oasis Research, LLC v. Pro Softnet Corp.*, No. 4:12-CV-531, at 11 (E.D. Tex. Aug. 21, 2012) (attached as Ex. 4) (holding that because plaintiff had filed multiple suits in this district concerning the same four patents, concerns of judicial economy weighed heavily against transfer; if the Court transferred the case, "another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues"); *see also Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*, No. 6:11-CV-00173, at 9-10 (E.D. Tex. Sept. 27, 2012) (attached as Ex. 5) (denying motion to transfer patent suit that had already been consolidated with another suit, as "the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily . . . against transfer").

Transfer is especially inappropriate given the Court's findings that all of Blue Spike's cases in this district involve a common question of law or fact and that keeping them consolidated "would promote efficient case management." Dkt. 16 at 14. Yet Tygart asks the Court to ignore this "paramount" consideration and instead force another court to expend duplicative efforts considering common questions of law and fact, thereby creating an unnecessary risk of inconsistent claim construction and adjudication. *In re Google*, 412 F. App'x at 296. The Court should decline to do so.

**B.     Tygart Has Not Made a Threshold Showing That the Suit Could Have Been Brought in the Northern District of West Virginia.**

A party seeking transfer must clearly establish that the action properly could have been brought in the transferee district in the first instance. V*olkswagen I*, 371 F.3d at 203; 17 MOORE'S FEDERAL PRACTICE § 111.12[3]. Tygart has not even attempted to make this threshold showing; instead, it has simply asserted—without explanation, elaboration, or citation—that this threshold showing has been met. Dkt. 594 at 10. This failure alone is a sufficient and proper reason to deny transfer. *See Volkswagen I*, 371 F.3d at 203.

**C.     Tygart Has Not Carried its Burden of Showing that Public- and Private-Interest Factors Clearly Weigh in Favor of Transfer.**

Tygart's discussion of the private- and public-interest factors is premature, incomplete, and misleading. As an initial matter, Tygart cannot possibly know whether the bulk of the relevant evidence favors transfer (Dkt. 594 at 11-12) because the parties have not even exchanged Rule 26 disclosures yet, making Tygart's transfer motion premature. *See GHJ Holdings, Inc. v. Mag Instrument, Inc.*, Civ. No. 5:10-CV-230, at 2 (E.D. Tex. Feb. 5, 2011) (attached as Ex. 6) (holding supplemental briefing regarding disclosures should be submitted before a transfer motion is considered). Until the potential witnesses and sources of proof have been identified, it is not possible to weigh the level of convenience on many of the private-interest factors.[2]

---

[2] Tygart's assertion that the location of its documents strongly weighs in favor of transferring the case to the Northern District of West Virginia is unjustified, as a large amount of the information generated by companies (large and small) is stored digitally, making it as easy to produce and review documents in this District as in West Virginia. *See Sipco, LLC v. Control4 Corp.*, Civ. No. 6:10-cv-249-LED-JDL, 2011 WL 529336, at *2 (E.D. Tex. Feb. 8, 2011). Tygart's assertion that the availability of compulsory process favors transfer (Dkt. 594 at 12) is also unjustified, as Tygart has not identified a single specific non-party witness that it intends to call. *See Nobel Biz, Inc. v. Global Connect, LLC*, Civ. No. 6:12-cv-244, at 6-7 (E.D. Tex Mar. 28, 2013) (attached as Ex. 7) (availability of compulsory process over non-party witnesses is important factor in weighing transfer motion, but it does not weigh in favor of transfer where movant fails to identify specific non-party witnesses); *Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*, No. 3:09-cv-1840, 2010 WL 972240, at *2–3 (N.D. Tex. Feb. 28, 2010) (holding that for availability of compulsory process over non-party witnesses to favor transfer, movant must identify those witnesses

Tygart also seems to ignore that this case is not all about Tygart. There is a plaintiff in this case whose interests and burdens are relevant, too. Blue Spike plans to call witnesses from Texas, its inventor and CEO lives in Tyler, Blue Spike has its headquarters and principal place of business in this district, and Blue Spike's employees, computer servers, and sources of proof are located here. *See* Moskowitz Decl. ¶¶1-6; Cause No. 6:12-cv-00084 MHS, Dkt.1 ¶2; *see also Advanced Processor Techs., LLC v. Atmel Corp.*, Civ. No. 2:12-CV-152-JRG-RSP, at 10 (E.D. Tex. Mar. 26, 2013) (attached as Ex. 9) (fact that "[a]ll of Plaintiff's evidence is located within this district" is factor weighing against transfer). Litigating this action in West Virginia would be inconvenient and burdensome for both Blue Spike and for Scott Moskowitz, the CEO and inventor at Blue Spike. A transfer would dramatically increase the costs of litigation for Blue Spike, would increase the amount of time that Blue Spike's witnesses and employees would have to spend on the case, and would cause serious hardship for Moskowitz personally, as he suffers from medical issues that make it very painful for him to travel. Moskowitz Decl. ¶¶8-11. Those burdens are critical in the transfer analysis because "transfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to the other." WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §3848.

Further, Blue Spike has no offices, no employees, no customers, and no other meaningful contacts in West Virginia. Moskowitz Decl. ¶¶7, 8, 12. Blue Spike is a small Texas company whose main assets are the patents and technology that its sole owner and CEO have worked for decades to invent and commercialize. Moskowitz Decl. ¶¶1, 2. All these facts are relevant in weighing the relative burdens of litigating in this district as opposed to West Virginia. And it is

---

and their location). Likewise, Tygart has not identified a single specific "willing witness" (*see* Dkt. 594 at 12-13), so the cost of attendance for willing witnesses does not favor transfer. *See Adaptix, Inc. v. Motorola Mobility LLC*, Civ. No. 6:13-cv-00296-MHS, Dkt. 1 at 11 (E.D. Tex. Mar. 28, 2013) (attached as Ex. 8) (if movant does not "specifically identify" willing witnesses who reside in transferee district, their cost of attendance does not weigh in favor of transfer).

extremely unlikely that the Northern District of West Virginia could exercise personal jurisdiction over Blue Spike on claims made against it, including Tygart's potential counterclaims.

As for public interests, Tygart wrongly contends that the local-interest factor is "largely irrelevant." Dkt. 594 at 14. The allegations in this case are that Tygart infringed Blue Spike's patents. That infringement has serious impacts on Tyler-based Blue Spike and its Texas-based owner and employees. *See Atmel*, Ex. 9 at 16 ("The residents of the Eastern District clearly have a legitimate local interest in the enforcement of patents owned by a resident business."). Also, while it is true that this District and the Northern District of West Virginia are both competent to apply federal patent law, this Court will be much more familiar with the legal and factual issues involving Blue Spike's technology, since the Court is adjudicating over eighty other suits involving the same patents-in-suit. Finally, Tygart's argument about the relative congestion of the transferor and transferee courts does not weigh in favor of transfer. *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (relative court congestion is "the most speculative" public-interest factor, as "case-disposition statistics may not always tell the whole story").[3]

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Tygart's motion to dismiss or transfer. Alternatively, Blue Spike asks the Court to postpone ruling on Tygart's motion to dismiss until Blue Spike has had the opportunity to conduct jurisdictional discovery.

---

[3] *See also U.S. Ethernet Innovations, LLC v. Samsung Elecs. Co., Ltd.*, Civ. No. 6:12-cv-398-MHS-JDL, at 10 (E.D. Tex. Apr. 2, 2013) (attached as Ex. 10) ("As the Court has repeatedly found in the past, the parties' reliance on general civil statistics provides the Court with little guidance as to the speed with which patent cases reach trial.").

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
 cjohns@ghiplaw.com
Kirk J. Anderson
 California Bar No. 289043
 kanderson@ghiplaw.com
Peter Brasher
 California Bar No. 283992
 pbrasher@ghiplaw.com
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                   /s/ Randall T. Garteiser
                                                   Randall T. Garteiser