# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| GHJ HOLDINGS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:10-CV-230 |
| | § | |
| MAG INSTRUMENT, INC., | § | |
| Defendant. | § | |

**O R D E R**

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. Dkt. No. 27.

Also before the Court is the parties' Joint Discovery/Case Management Plan under Rule 26(f) Federal Rules of Civil Procedure. Dkt. No. 29.

**I. MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff moves for leave to file an amended complaint to "add infringing products and facts." Dkt. No. 27 at 1. The Court's standard practice is to allow amendment of pleadings without leave of Court up until a deadline set in the Court's scheduling order. No scheduling order has yet been entered in the above-captioned case. Plaintiff's motion for leave should therefore be GRANTED. Defendant can address any objections it has to the amendment by filing a motion to dismiss or a motion to strike, if desired.

**II. RULE 26(f) REPORT**

The Court previously ordered supplemental briefing on Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 7). See 4/5/2011 Order, Dkt. No. 26. The Court based that Order on Plaintiff's proposal that the parties exchange their Rule 26 initial disclosures

1

before the Court considers the merits of the motion to transfer. *See id.* at 3.

Plaintiff submits in the Rule 26(f) report that although it has served its own initial disclosures, "defendant continues to refuse to provide its initial disclosures" and has instead "filed a belated motion for a stay." Dkt. No. 29 at 2. Defendant responds that "all discovery of Defendant, including initial disclosures, is premature." *Id.* at 3. Defendant argues that "no such discovery should be required[] before the Court has ruled on [Defendant's] motion to dismiss, its motion to transfer, and its motion to stay." *Id.* at 8.

Defendant's refusal to provide initial disclosures or engage in discovery is directly contrary to Local Rule CV-26(a), which provides:

> **No Excuses.** Absent court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those materials necessary to decide the issue of qualified immunity.

For justification, Defendant relies on its pending motions to dismiss and to transfer venue, but under Local Rule CV-26(a), such motions are specifically identified as *not* warranting a stay of discovery, regardless of the ground asserted therein (with the exception of qualified immunity, which is not at issue in this case). Defendant's reliance on Rule 9(b) and *In re BP Lubricants USA Inc.* is therefore unavailing. *See id.* at 8-9 (discussing --- F.3d ----, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011)).

Defendant's motion to stay is opposed and was filed on the same day as the parties' Rule 26(f) report. *See* Dkt. No. 28. That motion to stay is not yet ripe and is therefore not addressed by this Order. Although a motion to stay is a proper vehicle to seek the "court order" contemplated by Local Rule CV-26(a), the strictures of that local rule nonetheless remain in

2

effect unless and until such a "court order" is entered.  In other words, the mere filing of Defendant's motion to stay does *not* excuse Defendant from initial disclosure requirements or discovery obligations.

Defendant also submits that in light of its pending motions, "the setting of a final pretrial conference date is premature," particularly in light of Plaintiff's recently-filed motion to amend its complaint.  *Id.* at 10.  Defendant has therefore failed to submit any proposed schedule.  *See id.* at 7-10.  As noted above, Plaintiff's motion to amend should be GRANTED  Any effect of the amendment on initial disclosures, discovery, or scheduling should be considered by the parties.

### III.  CONCLUSION

Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. No. 27) is hereby **GRANTED**.

The Court hereby **ORDERS** Plaintiff to file its proposed First Amended Complaint for False Patent Marking on the Court's electronic docket within 3 days of the entry of this Order.

The Court hereby **ORDERS** Defendant to provide initial disclosures to Plaintiff within 5 days of the entry of this Order.

The Court hereby **ORDERS** Defendant to confer with Plaintiff regarding a proposed trial setting, as well as all other proposed scheduling order deadlines.  The Court also hereby **ORDERS** Plaintiff to file, as attachments to a Notice, a joint proposed scheduling order (or competing scheduling orders) within 7 days of this Order.          **IT IS SO ORDERED**.

**SIGNED this 3rd day of May, 2011.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE