# Exhibit 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| NOBEL BIZ, INC. | § | |
| | § | |
| v. | § | No. 6:12cv244 |
| | § | |
| GLOBAL CONNECT, LLC | § | |

**ORDER DENYING MOTION TO TRANSFER**

Currently before the Court is Defendant Global Connect, LCC's motion to transfer the case to the Northern District of California (Doc. No. 19). Having considered the parties' briefing, the record in this case, and the applicable law, it is **ORDERED** that the motion to transfer is **DENIED**.

## I. Background

Plaintiff NobelBiz, Inc. (NobelBiz) is a Delaware corporation with its principal place of business in Carlsbad, California. It provides telecommunication services to call centers across the country, including in the Eastern District of Texas. Plaintiff has had a sales office in this district since September 2011. Defendant Global Connect, LLC (Global Connect) is a Nevada company with a principal place of business in New Jersey.

NobelBiz filed this lawsuit against Global Connect alleging infringement of U.S. Patent No. 8,135,122 ('122 Patent) entitled "System and Method for Modifying Communication Information (MCI)." In general, the patent relates to a technology that modifies caller identification information so it is displayed to a receiving party as if the call had originated in the same geographic location as the receiving party.

NobelBiz alleges that Global Connect provides a dialing and web-based messaging service that delivers prerecorded voice messages to telephones. NobelBiz alleges that Global

Connect's service practices every limitation of the claim of the '122 Patent. NobelBiz further alleges that Global Connect has infringed the '122 Patent by offering to sell and selling its Global Connect service in the United States, including within the Eastern District of Texas.

Around the time NobelBiz filed this case, it filed four related cases for infringement of the '122 Patent and one related case for infringement of a patent that discloses a technology similar to the '122 Patent.[1] Two of those related cases are closed.[2] The other four, including this one, are pending before the Court.[3]

## II. Legal Standard

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue should be granted upon a showing that the transferee venue "is clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*).

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

---

[1] In *NobelBiz, Inc. v. AireSpring, Inc.*, Plaintiff sued for infringement of U.S. Patent No. 7,899,169 entitled "System and Method for Modifying Communication Information (MCI)." *NobelBiz, Inc. v. AireSpring, Inc.*, No. 6:12-cv-242 (E.D. Tex. July 23, 2012). Like the '122 Patent, the '169 Patent discloses a system that allows a caller in one location to place a call to another location and have the call appear as if it originated in the receiving party's location.

[2] The closed cases are: *NobelBiz, Inc. v. AireSpring, Inc.*, No. 6:12-cv-242 (E.D. Tex. July 23, 2012) and *NobelBiz, Inc., v. inContact, Inc.*, No. 6:12-cv-272 (E.D. Tex. Aug. 9, 2012).

[3] Including this case, the currently pending cases are:

1. *NobelBiz, Inc. v. Five9, Inc.*, No. 6:12-cv-243;
2. *NobelBiz, Inc. v. Global Connect, LLC*, No. 6:12-cv-244
3. *NobelBiz, Inc. v. LiveVox, Inc.*, No. 6:12cv-cv-246; and
4. *NobelBiz, Inc. v. TCN, Inc.*, No. 6:12-cv-247.

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

## III. Discussion

Defendant requests that this case be transferred to the U.S. District Court for the Northern District of California. Specifically, Defendant requests that it be transferred to San Francisco. The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I*, 371 F.3d at 203. The parties do not dispute that this case could have been brought in the Northern District of California. The Court finds that this lawsuit could have been brought in the Northern District of California. 28 U.S.C. § 1400(b).

The Court must then consider the various private and public interest factors to determine whether the Northern District of California is clearly more convenient.

### a. Private Factors

#### i. Relative Ease of Access to Sources of Proof

Defendant states that it has no documents in the Northern District of California, but contends that defendants in related cases do have documents in that district. Defendant also asserts that several related defendants are headquartered in the Northern District of California. Defendant contends that it will be easier to coordinate discovery if the case is transferred to the Northern District of California because Plaintiff is located in that state. Finally, Defendant

contends that Plaintiff's request for a preliminary injunction and early discovery favors transfer before any injunction hearing or expedited discovery.[4]

Plaintiff responds that this factor favors transfer, or else is neutral. It contends that this district is just as convenient as the Northern District of California because the relevant information is likely stored electronically and readily accessible from anywhere. Furthermore, Plaintiff argues that any documents produced will have to be sent to its attorneys on the East Coast regardless of the forum. Finally, Plaintiff argues that this district is the appropriate venue for the related cases, including this case, because it is geographically more convenient than the Northern District of California.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)); *see In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (explaining that a corporate party's relevant discoverable material is generally located at its headquarters). Courts analyze this factor by looking at the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *Volkswagen II*, 545 F.3d at 316. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Id*. Moreover, "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." *Volkswagen I*, 371 F.3d at 206.

[4] The affidavit submitted in support of Defendant's motion states that Defendant has sales offices in Sacramento and San Diego, California (Doc. No. 19 at 21). Yet, Defendant has not argued that this fact is relevant to this private interest factor.

The Court rejects Plaintiff's arguments that Defendant's documents are likely stored electronically and are therefore readily accessible from anywhere. Despite technological advances, the Court must consider the actual location of documents and physical evidence. *Volkswagen II*, 545 F.3d at 316. The Court also rejects any argument that this Court should retain venue because it is more convenient for Plaintiff's attorneys. *Id.*

Nevertheless, this factor does not favor transfer. Defendant has conceded that it has no documents in the transferee venue. Instead, Defendant relies on the locations of documents of related defendants. Defendant has not pointed the Court to any authority to support its proposition that a related defendant's documents located within the transferee district weighs in favor of transferring Defendant's case. Likewise, Defendant's argument that this Court should consider Plaintiff's motion for preliminary injunction is unsupported by law. The Court must analyze the motion to transfer based on the "situation which existed when this suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (quoting *Paramount Pictures, Inc. v. Rodney*, 186 F.2d 111, 119 (3d Cir. 1950) (Hastie, J., dissenting)).

Accordingly, the Court finds that this factor is neutral.

**ii. The Availability of Compulsory Process**

Defendant states that it is unaware of any witnesses located in the Eastern District of Texas. Defendant argues that the related defendants have witnesses located in and around the Northern District of California and the inventor of the '122 Patent lives in California. Defendant argues that this factor weighs in favor of transfer because the Northern District of California would have "absolute subpoena power over all of the witnesses in that area." (Doc. No. 19 at 13).

Plaintiff responds that it is unaware of any non-party witnesses for whom compulsory process would be necessary. Plaintiff also disputes Defendant's contention that the Northern District of California would have absolute subpoena power if non-party discovery is relevant to this case. Plaintiff further states that some of the related defendants are located far from the transferee venue and are therefore outside of the absolute subpoena power of the Northern District of California. Plaintiff contends that the prudence of maintaining all of these cases in one forum weighs against transfer.

In reply, Defendant asserts that the related defendants are located in Northern California or are closer to California than Texas. Defendant also states that Plaintiff itself is located in California. Further, Defendant contends that clients who purchase the related defendants' services are located in the transferee district. Defendant argues that these clients are potential witnesses who will need to be deposed and may be called to testify. Defendant asserts that it will be impossible to compel their attendance at trial if the case is not transferred.

The proper focus for this factor is on non-party witnesses. *See Volkswagen II*, 545 F.3d at 316. This factor will weigh more heavily in favor of transfer when more non-party witnesses reside in the transferee venue. *Id.*

Defendant has not identified any non-party witnesses who would be subject to compulsory process if this case were transferred. And although Defendant indicates that related defendants may have witnesses in and around the Northern District of California, Defendant has neither identified those witnesses nor specifically indicated that it intends to use any of those witnesses in defending this case. Defendant has not cited any authority to support its argument that non-party witnesses in related cases—who Defendant apparently has no intention of calling—should favor transfer of Defendant's case. The only witness that Defendant identifies is

the inventor, James Siminoff, who resides in Southern California. But Mr. Siminoff is the president of Plaintiff NobelBiz and as a party-witness is not considered in this analysis (Doc. No. 7-5 at 1).

Plaintiff also has failed to identify any witnesses within the compulsory subpoena power of this Court. Accordingly, the Court finds that this factor is neutral.

**iii. The Costs of Attendance for Willing Witnesses**

Defendant argues that venue in the Northern District of California will be more convenient because there are a number of direct flights from the parties' home cities to San Francisco but there are no direct flights from those cities to Tyler, Texas. Defendant argues that these travel concerns, the lack of witnesses in the Eastern District of Texas, and witnesses subject to the subpoena power of the Northern District of California weigh heavily in favor of transfer.

Plaintiff responds that the costs for willing witnesses will be no greater in the Eastern District of Texas than in the Northern District of California. Plaintiff states that defendants in the related cases are far from the Northern District of California, and in some cases farther from that district than from the Eastern District of Texas. Finally, Plaintiff contends that the location of potential depositions need not be considered in the venue analysis because depositions will be arranged for the mutual convenience of the parties.

The convenience of the witnesses is one of the most important factors this Court considers. *In re Genentech, Inc.*, 566 F.3d at 1343. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–5. It is undisputed that the Eastern District of Texas

is more than 100 miles from the proposed venue. Accordingly, the Court evaluates the respective distances between potential witnesses and the transferor and transferee venues. *See Volkswagen II*, 545 F.3d at 317. This factor will favor transfer if the transferee venue is a shorter average distance from witnesses than the transferor venue.

Defendant has specifically identified one witness: James Siminoff, the inventor of the ’122 Patent. He resides in Southern California, which is closer to the transferee venue. But the Court rejects Defendant’s unsupported contention that the Court should consider the location of potential witnesses in related cases. *See Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*, No. 6:11-cv-34, at 14 (E.D. Tex. Apr. 19, 2012); *Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*, No. 3:09-cv-1840, 2010 WL 972240, at *2–3 (N.D. Tex. Feb. 28, 2010) (holding that although a party need not provide affidavits identifying witnesses and outlining testimony, it must at least identify the witnesses).

The Court may reasonably assume that representatives from Plaintiff and Defendant will travel from their respective headquarters to trial. Under this assumption, it is unclear whether the Northern District of California is more convenient. Defendant is located in New Jersey and Plaintiff is in Southern California. But neither party has provided persuasive evidence demonstrating that their preferred district is more convenient for its witnesses in terms of travel distances, time, or costs.

Accordingly, the Court finds that this factor is neutral.

**iv. All Other Practical Problems**

Defendant states that this case and the related cases should be litigated in the Northern District of California to conserve party and court resources and to avoid potential differences in claim construction.

Plaintiff has similar concerns about judicial economy, but contends that those interests are best served by maintaining all of the related cases in this district where the cases are currently pending. Plaintiff argues that Defendant's argument is based on the improper presumption that some related cases will be transferred to the Northern District of California. Furthermore, Plaintiff argues that this district is the most geographically convenient venue for the related defendants. Finally, in its surreply Plaintiff states that one related defendant has answered the complaint and not moved to transfer. But that case is now closed, so the Court does not consider that case in the transfer analysis.[5]

Defendant's reply in support of its motion states related defendant Five9, Inc. has a strong motion to transfer which is currently pending. According to Defendant, if Five9's motion is granted the Northern District of California would likely proceed on a schedule different from the Eastern District of Texas which could create logistical problems for the parties trying to coordinate discovery, briefing, and hearings.

Motions to transfer venue are to be decided based on "the situation which existed when suit was instituted." *Hoffman*, 363 U.S. at 343 (quotation omitted). "Any subsequent familiarity gained by the district court is therefore irrelevant." *In re EMC Corp.*, Misc. No. 142, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013). Nevertheless, a court may properly consider "any judicial economy benefits which would have been apparent at the time the suit was filed." *Id.* "[A] district court's experience with a patent in prior litigation and the copendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.* (citing *In re Vistaprint, Ltd.*, 628 F.3d 1342, 1346–47 & n.3 (Fed. Cir. 2010)).

The co-pending, related cases favor maintaining the case in this district because it would be inefficient for a second court to preside over case that is related to other cases pending in this

[5] The case to which Plaintiff refers is *NobelBiz, Inc. v. inContact, Inc.*, No. 6:12-cv-272 (E.D. Tex. Aug. 9, 2012).

Court. *See Vistaprint*, 628 F.3d at 1344. But at the time of filing, the Court had no familiarity with the patent. Thus, it would not be overly prejudicial to Plaintiff if the Court transferred this case to the Northern District of California.

Defendant recognizes the inefficiency of litigating related cases in separate jurisdictions, but offers a different solution. Defendant argues that at least one related defendant is likely to be transferred to the Northern District of California. According to Defendant, the Court can avoid judicial inefficiencies by also transferring this case to the Northern District of California. The Court rejects this proposed solution because it is not based on "the situation which existed when suit was instituted." *Hoffman*, 363 U.S. at 343.

Accordingly, the Court finds that this factor is neutral.

**b. Public Factors**

**i. Administrative Difficulties Flowing from Court Congestion**

Defendant argues that this factor favors transfer or is neutral. According to statistics cited by Defendant, average time to trial in the Northern District of California is 23.4 months while average time to trial in the Eastern District of Texas is 26.1 months.

In contrast, Plaintiff argues that transferring the case will likely result in a delay. According to a report provided by Plaintiff, no case transferred by the Federal Circuit has gone to trial in the transferee district. Furthermore, according to Plaintiff "not one case transferred by order of the Eastern District [of Texas] has gone to trial in the transferee court or received a trial setting in the transferee court earlier than the Eastern District [of Texas] setting" (Doc. No. 26 at 14). Thus, Plaintiff argues that transfer will actually delay disposition of this case.

"[T]his factor appears to be the most speculative . . . and case-disposition statistics may not always tell the whole story." *In re Genentech, Inc.*, 566 F.3d at 1347 (citation omitted).

Case 6:12-cv-00244-MHS Document 62 Filed 03/28/13 Page 11 of 13 PageID #: 895

Defendant points to statistics indicating that civil cases in the Northern District of California are generally resolved more quickly than cases in the Eastern District of Texas. In response, Plaintiff points to a report indicating that transferred cases have been delayed after transfer. In view of the competing assertions regarding case resolution, and the Federal Circuit's recognition that this factor tends to be the most speculative, the Court finds these arguments do not weigh for or against transfer.

Accordingly, the Court finds that this factor is neutral.

**ii. The Local Interest in having Localized Interests Decided at Home**

Defendant argues that this factor strongly favors transfer. Defendant contends that the Eastern District of Texas has no factual connection to this case because there are no parties or third-parties here and none of the events alleged in the complaint occurred here. In contrast, Defendant contends that the transferee district has a significant interest in this case because several of the related defendants "are based in that District, and have employees, offices, and families there" (Doc. No. 19 at 17). Moreover, Defendant argues that any acts of infringement would have occurred in the transferee district.

Plaintiff contends that Defendant has a presence in Texas because it has clients in Texas, belongs to a trade association in Texas, and otherwise does business in Texas. Plaintiff claims it has a presence in Texas because it has an office, customers, and prospective clients in this district.

"[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Local interest also arises when a district is home to a party

Case 6:12-cv-00244-MHS Document 62 Filed 03/28/13 Page 12 of 13 PageID #: 896

because the suit may call into question the reputation of individuals that work in the community. *Id.*

Defendant has not shown that the Northern District of California has a localized interest in this case. Defendant states that it has clients in California, but it is uncontested that Defendant is a Nevada company with a principal place of business in New Jersey. Defendant argues that no party or witness is located in this district and that the events giving rise to the allegations in the complaint did not occur here. But it is Defendant's burden to show that the transferee district is clearly more convenient, not to show that venue in this district is inappropriate. Defendant has not met this burden. And the Court rejects Defendant's speculative argument that there will be local interest in Northern California if related cases are transferred there. *See Hoffman*, 363 U.S. at 343.

Plaintiff has shown some localized interest in this district because both parties have clients in this district and Plaintiff has an office here. For its part, Defendant has stated that it has clients in California. But Defendant has not shown that the Northern District of California has a greater local interest in this case.

Accordingly, the Court determines that this factor is neutral.

**iii. The Familiarity of the Forum with the Law that will Govern the Case**

The parties agree that this factor is neutral.

**iv. The Avoidance of Unnecessary Problems of Conflicts of Laws**

The parties agree that this factor is neutral.

Case 6:12-cv-00244-MHS Document 62 Filed 03/28/13 Page 13 of 13 PageID #: 897

## IV. Conclusion

After considering the transfer factors, the Court finds that Defendant has not met its burden of showing that the Northern District of California is clearly more convenient. The factors are neutral.

Accordingly, Defendant Global Connect's motion to transfer (Doc. No. 19) is **DENIED**.

**It is SO ORDERED**.

**SIGNED this 28th day of March, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE