# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, <br><br> *Plaintiff,* <br><br> V. <br><br> SAMSUNG ELECTRONICS CO., LTD et al., <br> *Defendants.* | § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:12-CV-398 MHS-JDL <br><br> JURY TRIAL DEMANDED |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Oki Data Americas Inc.'s ("Oki Data") Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (Doc. No. 39) ("MOTION"). Plaintiff U.S. Ethernet Innovations, LLC ("USEI") filed a response (Doc. No. 42) ("RESPONSE") to which Oki Data replied (Doc. No. 44) ("REPLY") and USEI filed a Sur-Reply (Doc. No. 45) ("SUR-REPLY"). After considering the parties' arguments, the Court **DENIES** Oki Data's Motion to Transfer Venue.

### BACKGROUND

On June 22, 2012, USEI filed the instant action against Oki Data Americas, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung TeleCommunications America, LLC, alleging infringement of the following U.S. Patents: U.S. Patent No. 5,732,094 ("the '094 patent"), U.S. Patent No. 5,434,872 ("the '872 patent"), U.S. Patent No. 5,530,874 ("the '874 Patent"), and U.S. Patent No. 5,299,313 ("the '313 patent) (collectively "the patents-in-suit"). COMPLAINT at 5–9. On

1

November 21, 2012, Oki Data filed the instant motion requesting to transfer venue to the Northern District of California ("NDCA") (Doc. No. 39).

USEI is a Texas limited liability corporation with a principal place of business in Tyler, TX. *See* COMPLAINT at ¶ 1. USEI enforces 3Com Corporation's ("3Com") patent portfolio, including the patents-in-suit. Ex. A to RESPONSE, DECLARATION OF LAURENCE ROSENBERG (Doc. No. 42-1) ("ROSENBERG DECL."), at ¶ 4. All of the prosecution files, assignment documents, licensing documents, and litigation files for the patents-in-suit, as well as USEI's corporate documents are located in Tyler, TX. *Id.* at ¶ 5.

Oki Data is a Delaware corporation, with a principal place of business in Mt. Laurel, New Jersey. DECLARATION OF DAVID L. VAUGHN ("VAUGHN DECL.") at ¶ 2. The majority of Oki Data employees (approximately 300) and employee witnesses, including its management team, are at its headquarters in New Jersey. *Id.* at ¶ 3. Similarly, Oki Data's corporate, product, and sales documents are in New Jersey. *Id.* Oki Data maintains at least one third party distributor that distributes the accused products in the Northern District of California. *Id.* at ¶ 4.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda*

*Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.* The clearly more convenient standard "places a significant burden on [Defendants] to show good cause for transfer;" a burden that this Court does not take lightly. *Id.* at 314 n. 10; *Cherokee Hard Drive Technologies, LLC v. Bass Computers, Inc.*, No. 2:10-cv-216, 2012 WL 462956, at *5 (E.D. Tex. Feb. 13, 2012); *Texas Data Co., LLC v. Target Brands, Inc.,* 771 F. Supp. 2d 630, 638 (E.D. Tex. 2011).

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

## DISCUSSION

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I,* 371 F.3d at 203. In a patent infringement action, venue is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement

3

and has a regular and established place of business." 28 U.S.C. § 1400(b). In this case, USEI does not contest that Oki Data conducts business within the Northern District of California and transfer is permissible under § 1404. As to the convenience factors, however, the Court finds that Defendants have not met their burden of establishing that the Northern District of California is "clearly more convenient."

## I. The Private Interest Factors

*(a) The Relative Ease of Access to Sources of Proof*

*(a) The Relative Ease of Access to Sources of Proof*

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. The Federal Circuit requires the Court to assume that the bulk of all relevant evidence will come from the accused infringer. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). As a result, "the place where the defendant's documents are kept weighs in favor of transfer to that location.'" *Id.* (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). To meet its burden, however, Oki Data must identify its sources of proof with some specificity such that the Court may determine whether transfer will increase the convenience of the parties. *J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, No. 6:08-cv-211, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009); *see also Invitrogen v. Gen. Elec. Co.*, No. 6:08–cv–113, 2009 WL 331889, at *3, (E.D. Tex. Feb. 9, 2009) (finding that general statements that relevant documents were located in either England or New Jersey "fail to show that transfer would make access to sources of proof either more or less convenient for the parties").

In its declaration, Oki Data states that the majority of its documents are in New Jersey. VAUGHN DECL. at ¶ 3. The only documents Oki Data identifies in the Northern District of

4

Case 6:12-cv-00499-RWS-CMC Document 696-12 Filed 04/26/13 Page 6 of 14 PageID #: 1402

California are potential prior art documents located at AMD's corporate headquarters. MOTION at 3. Moreover, the location of relevant documents of the four additional Defendants in suit are not established in Oki Data's Motion. USEI contends that at least some of these documents would be located in Texas because Samsung Telecommunications America, LLC, is headquartered in Richardson, TX, and Samsung Austin Semiconductor, LLC, is headquartered in Austin, TX. RESPONSE at 6.

Oki Data has not established the bulk of its relevant documents are located in the Northern District of California; instead, Oki Data's documents are located at its headquarters in New Jersey. Moreover, the location of other relevant documents has not been established in the record, as four of the remaining Defendants have not presented relevant facts in the transfer motion.[1] Incidentally, two of those Defendants have principal places of business in Texas. Problematically, the Court is asked to presume the bulk of relevant evidence would come from the accused infringer, yet it has not been given the full picture as to the location of relevant sources of proof. *See Genentech*, 566, F.3d at 1343-45 ("In patent infringement cases, the bulk of relevant evidence usually comes from the accused infringer."). This is particularly concerning when Defendants seek transfer to a district that is not where any Defendant principally conducts business. On these grounds, the Court finds the evidence presented by Oki Data to be insufficient to weigh in favor of transfer.

*(b)The Availability of the Compulsory Process to Secure the Attendance of Witnesses*

The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum. *See Novelpoint*

---

[1] The remaining Defendants, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America LLC, and Samsung Austin Semiconductor LLC (collectively "Samsung entities") have simply filed a motion to join the transfer requests of all related *USEI* actions requesting transfer to the Northern District of California, but do not brief the convenience of transfer as to the Samsung entities. (Doc. No. 37).

5

*Learning v. Leapfrog Enter.*, No 6:10-cv-229, 2010 WL 5068146, at *6 (E.D. Tex. Dec. 6, 2010) (stating that the Court will not base its conclusion on unidentified witnesses); *See also West Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-cv-688, 2011 WL 5117850, at *3 (E.D. Tex. Oct. 27, 2011).

Oki Data identifies five of the inventors of the patents-in-suit as located in the Northern District of California. DECLARATION OF PATRICK HOEFFNER ("HOEFFNER DECL.") at ¶ 9 (declaration showing Lai-Chin Lo, Paul Sherer, Brian Petersen, David Brown, and Scott Emery reside and/or work in the Northern District of California). Oki Data also identifies two of the prosecuting attorneys, Mark Haynes and Kent Richardson, who work in the Northern District of California. *Id.* at ¶ 10. Additionally, Oki Data identifies 4 potential third party witnesses who were involved with the prior 3Com Action,[2] and who are located in the Northern District of California. *Id.* at ¶¶ 11–14. The Northern District of California would have absolute subpoena power[3] over the eleven third-party witnesses Oki Data identifies.

USEI identifies 4 former 3Com employees as potential third-party witnesses who reside in the Boston, Massachusetts area. *See* RESPONSE at 7–8; EXS. 8–11 to DECLARATION OF PETER JONES ("JONES DECL.") (identifying Don Drinkwater, Director of Licensing; Richard Baker, Jr., Director of Intellectual Property Licensing; Julie Petrini, Vice President of Law; and Renato de Luna, Chief Patent Counsel). USEI also identifies three potential prior art witnesses, Richard Templeton, Leon Adams, and Denis Beaudoin, all of whom conduct regular business in Texas. *Id.* at 7; *see* EXS. 5–7 (establishing that two of the witnesses are located in Dallas, TX and one in Houston, TX). Neither district would have absolute subpoena power over the witnesses identified in Massachusetts or Houston, TX. Whether the Eastern District of Texas would have absolute

---

[2] *3Com Corp. v. D-Link Sys.*, No. C 03-2177 (N.D. Cal) ("3Com Action").
[3] The Court's use of the term "absolute subpoena power" means subpoena power for both deposition and trial. *Volkswagen*, 545 F.3d at 316.

6

subpoena power over the witnesses in Dallas is unclear, as their exact location is not established in the record. However, any service of a trial subpoena on the witnesses in Texas would not require quashing upon motion, as "the person may be commanded to attend a trial by traveling from any such place [place of residence, employment or regular transaction of business] *within the state where the trial is held."* FED.R.CIV.P. 45(c)(3)(A)(ii) (emphasis added). The court has the option of simply ordering protection in the form of additional compensation for the witness. FED.R.CIV.P. 45(c)(3)(C).

Based on the record presented by the parties in this action, there are eleven third-party witnesses identified for whom the Northern District of California would have absolute subpoena power over, four third-parties for which neither district would have subpoena power, and three potential witnesses over whom this District would have at least subpoena power for trial. However, the Samsung entities have not presented any information as to potential third-party witnesses. The absence of that evidence diminishes the Court's ability to fully weigh this factor. Accordingly, this factor weighs slightly in favor of transfer.

*(c) The Cost of Attendance for Willing Witnesses*

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citations omitted).

7

In addition to the third-party witnesses, Oki Data generally states it has approximately 300 employees at its headquarters in New Jersey, including its management and relevant party witnesses. VAUGHN DECL. at ¶ 3. Oki Data also identifies USEI's CEO and President who are located in New York, NY and Atlanta, GA. HOEFFNER DECL. at ¶ 5. In sum, the potential witnesses specifically identified in the record for the Court's consideration are as follows: (11) third-party witnesses in the Northern District of California, (4) third-party witnesses in Massachusetts; (1) party witness in New York; (1) party witness in Georgia, and (3) third-party witnesses in Texas. Travel for the 11 third-party witnesses identified by Oki Data is more convenient in the Northern District of California. The three potential prior art witnesses located in Texas are closer to this District, and the 4 third-party witnesses identified by USEI as located on the East Coast are approximately 1300 miles closer to this District than the Northern District of California. Similarly, USEI's and Oki Data's employee witnesses are closer to this District. Again, the Court is unable to make a full determination of this convenience factor given the absence in the record as to relevant Samsung party witnesses who might be located in Texas or elsewhere. Accordingly, as presented, this factor slightly favors transfer.

    *(d) Other Practical Problems*

        *(i) Judicial Economy*

Although judicial economy is not among the list of the enumerated factors, it can be a "paramount consideration when determining whether a transfer is in the interest of justice." *Volkswagen II*, 565 F.2d at 1351. The Court weighs this factor according to the situation that existed at the time the action was initiated. *See Hoffman*, 363 U.S. at 343 (indicating motions to transfer venue are to be decided based on "the situation which existed when the suit was instituted."); *In re EMC Corp.*, No. 10-cv-435 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013).

8

Oki Data identifies a prior 3Com Action, which involved the '094 and '872 patents (*3Com Corp. v. D-Link Sys.*, No. C 03-2177), as well as three currently pending actions: *U.S.E.I., LLC v. Acer, Inc*. No. 5:10-cv-03714; *U.S.E.I., LLC v. AT&T Mobility, LLC*, No. 5:10-cv-5254; and *Zions Bancorporation v. U.S.E.I., LLC*, No. 5:10-cv-3481) (involving all patents-in-suit except the '874 patent). MOTION at 11–12. The three pending actions have been consolidated for claim construction and the court has completed claim construction. *Id.* at 12. The original 3Com Action, involving two of the patents-in-suit, was assigned to the Honorable Vaughn R. Walker, who retired from the bench prior to initiation of the instant action. Similarly, the pending *USEI* actions were assigned to the Honorable James Ware, who announced his retirement from the bench shortly after the initiation of the instant action, and has since retired in August 2012. Ex. 1 to RESPONSE.

At the time the present action was instituted, two cases involving the patents-in-suit had been filed and were pending in the Eastern District of Texas—*U.S.E.I, LLC, v. Texas Instruments Incorporated*, No. 6:11-cv-491, and *U.S.E.I, LLC, v. IC Intracom Holdings LLC, et al,* No. 6:11-cv-665 (involving all of the patents-in-suit).[4] At the time the instant action was filed, there were no pending transfer motions in either action.[5] *See In re EMC Corp.*, 2013 WL 324154, at *2

---

[4] The fact that the Intracom defendants have since been dismissed (Doc. No. 55, 6:11-cv-665) does not alter the Court's venue inquiry. *See In re EMC Corp.*, No. 10-cv-435 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013) ("Because the dismissal of [Plaintiff's] suits as to the other defendants occurred later, it is not relevant to the venue inquiry"). Several other actions USEI actions followed on prior to the instigation of this action as well.

[5] TI has not moved for transfer in its co-pending action, and is set to go to *Markman* on April 4, 2013. At the time the instant action was filed, only Defendant Brother International Corporation had filed a motion to transfer venue in *6:11-cv-491* ("the *TI Action*"), but that motion was denied as moot when Brother International settled shortly thereafter (prior the initiation of the instant action). TI did not join in that motion, nor did it file its own motion to transfer. Notably, the *TI action* was filed on September 15, 2011, one day prior to the enactment of the Leahy-Smith America Invents Act. Brother International Corporation and Canon USA, Inc. were both joined as defendants in that action along with TI. However, those defendants have since been dismissed. Accordingly, the Court has not been asked to take up any joinder issues in that case. Thus, there were at least some judicial economy benefits to maintaining this action in the Eastern District of Texas that were apparent at the time the instant action was filed. *See In re EMC Corp.*, 2013 WL 324154, at *2 ("a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed").

9

("the district court could properly consider the benefits to judicial economy arising from having the same judge handle both [Plaintiff's] suits against the petitioners and [Plaintiff's] suits against other parties involving the same patents and technology as to which there was no issue of transfer.").

In sum, at the time this action was instituted, the Northern District of California had one judge with familiarity with most, but not all, of the patents-in-suit who has since retired, and the Eastern District of Texas had two related actions pending, involving all of the patents-in-suit. Accordingly, on balance, the Court finds this factor neutral.

## II. The Public Interest Factors

*(a) The Administrative Difficulties Flowing From Court Congestion*

This factor is the most speculative, and cannot alone outweigh other factors. *Genentech*, 566 F.3d at 1347. However, the speed with which a case may get to trial is relevant under the § 1404(a) analysis. *Id.* USEI cites to a 2011 study by Pricewaterhouse Coopers LLP, stating that the median time to trial for civil cases in this District was 25.7 months and 33.5 months in the Northern District of California. MOTION at 11. As the Court has repeatedly found in the past, the parties' reliance on general civil statistics provides the Court with little guidance as to the speed with which patent cases reach trial. *See West Coast Trends, Inc.,* 2011 WL 5117850, at *4 ("[a]s is common with this factor, the parties cite to incongruous statistics which prevents the Court from drawing a meaningful conclusion as to court congestion."). Accordingly, due to its speculative nature, the Court finds this factor neutral.

*(b) The Local Interest in Having Localized Interests Decided at Home*

The location of the alleged injury is traditionally an important consideration in weighing this factor. *TS Tech,* 551 F.3d at 1321. However, in a patent infringement case, when the accused

10

products are sold nationwide, the alleged injury does not create a substantial local interest in any particular district. *Id.* Local interest may also be determined when a district is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community. *Hoffman–La Roche,* 587 F.3d at 1336.

As stated above, Oki Data is a Delaware Corporation with its principal place of business in New Jersey. Oki Data states the Northern District of California has a local interest because numerous suppliers of network interface controllers are located in the Northern District of California. MOTION at 13. USEI contends this District has a local interest as it maintains its principal place of business in Tyler, TX. RESPONSE at 12. However, there are no declarations made as to the number of employees in this District or their potential relation to the instant action.

Oki Data attacks USEI's ties to this district as an attempt to manipulate venue. Oki Data notes that USEI was incorporated in Texas on September 28, 2009, and at least two of its managers are located in New York and Georgia. MOTION at 13. USEI's presence in this District for nearly 4 years since its incorporation does not render it a recent entity. *See NovelPoint Learning LLC v. LeapFrog Enterprises, Inc.*, No. 6:10–cv–229 2010 WL 5068146, at *5 (E.D. Tex. Dec. 6, 2010) (finding that plaintiff's filing of a complaint four months after incorporation did not render its presence "recent"). While the extent of USEI's presence in this district is not fully developed in the record, ultimately, the Court finds that undertaking unnecessary when, as here, Oki Data has failed to establish the Northern District of California is a clearly more convenient venue. *See In re Apple Inc.*, 456 Fed. Appx. 907, 909 (Fed. Cir. 2012) ("Although in [Defendant's] papers much is made of [Plaintiff's] recent and ephemeral connections to the Eastern District of Texas—[Plaintiff] incorporated in Texas and established an office one month

11

before filing this suit—the district court gave that consideration no weight in its analysis. What is more, measured against cases like *Volkswagen*, *TS Tech*, *Genentech,* and *Acer,* there is a plausible argument that [Defendant] did not meet its burden of demonstrating below that the transferee venue is "clearly more convenient.").

*(c) The Remaining Public Interest Factors*

The remaining public interest factors are neutral. Both courts are familiar with federal patent law and there are no conflicts to avoid.

## CONCLUSION

For the aforementioned reasons, the Court cannot find that the Northern District of California is a clearly more convenient forum. The only witnesses specifically identified rendered the consideration of compulsory process and convenience of witnesses to only slightly favor transfer, while judicial economy, the location of sources of proof, as well as local interests, were rendered neutral, or did not favor transfer. Further, the Court was unable to consider relevant documents and witnesses from four of the five Defendants in this action, as their sources of proof were not briefed in the instant motion. Oki Data requests in the alternative to be transferred to the District of New Jersey; however, Oki Data does not present a full showing on the convenience of that district. Further, even if that district may be more convenient to Oki Data, Oki Data is one of 5 defendants who remain in this action. The four remaining Samsung defendants did not join in any request to transfer to the District of New Jersey, nor is there any indication such a transfer would be clearly more convenient to those defendants. Accordingly, the Court declines to *sua sponte* transfer this action to that district.

Ultimately, Oki Data has failed to show that the Northern District of California is clearly more convenient; rather, the showing demonstrates at best a mere shift of inconvenience. *See In*

12

*re Apple Inc.*, 456 Fed. Appx. at 909; *Wellogix Technology Licensing LLC v. Automatic Data Processing, Inc. et al*, 6:11-cv-401 (E.D. Tex. March 19, 2013) ("although litigation is always an inconvenience, the "clearly more convenient" standard does not address a shift in inconvenience"). Accordingly, the Court **DENIES** Oki Data's Motion to Transfer.

**So ORDERED and SIGNED this 2nd day of April, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

13