UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, <br>     *Plaintiff,* <br> v. <br> Texas Instruments, Inc., et al., <br>     *Defendants.* | § | CASE NO. 6:12-cv-499 MHS <br> LEAD CASE <br> Jury Trial Demanded |
| Blue Spike, LLC, <br>     *Plaintiff,* <br> v. <br> Ingersoll-Rand Company, <br>     *Defendant.* | § | CASE NO. 6:13-cv-108 MHS <br> CONSOLIDATED CASE <br> Jury Trial Demanded |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [DKT. 601]**

Plaintiff Blue Spike, LLC opposes Ingersoll-Rand Company's ("IRC's") motion to dismiss because the complaint pleads each of Blue Spike's claims with sufficient specificity.

**Legal Standards**

A motion to dismiss for failure to state a claim is governed by regional circuit law. *In re Bill of Lading Transmission & Processing System Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Under Fifth Circuit standards, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir.

1

2007); *see also Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "[D]etailed factual allegations" are not required; a complaint need only allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Specific to the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357; *see also Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 541 (E.D. Tex. 2010) ("A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief."). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466,

470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

## Argument

The Court should deny IRC's motion because Blue Spike has pleaded its claims for direct infringement, induced infringement, contributory infringement, and willful infringement with sufficient specificity. *Contra* Dkt. 601 at 6-11.

**I.  Blue Spike Has Sufficiently Pleaded Direct Infringement, as the Complaint Identifies the Patents-in-Suit and the Accused Products.**

Blue Spike agrees with IRC that a complaint should identify the patents-in-suit and one or more accused products. Blue Spike's complaint does so. *See* Cause No. 6:13-cv-108 MHS, Dkt. 1, at ¶27. But IRC goes too far when it argues that Blue Spike's complaint must also "identify which of the Patents-in-Suit is alleged to be infringed by which of the Accused Products." Dkt. 601 at 6. IRC does not cite a single case that supports its position,[1] which is unsurprising given the liberal pleading standards that apply. By naming the four patents-in-suit, two categories of accused products, and eleven specific accused products, Blue Spike has placed IRC on notice as to what it must defend. *McZeal*, 501 F.3d at 1357. Nothing more is required. *See InMotion Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG, 2013 WL 1279055, at *5 (E.D. Tex. Mar. 26, 2013) (holding that plaintiff "sufficiently pled its infringement contentions" where its complaint "identif[ied] specific accused products as well as the category of accused devices"); *Xpoint Techs.,*

---

[1] The only case IRC cite on this issue involved a plaintiff who did not name a single accused product or even a category of product. *Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, No. 6:09-cv-269, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010). Blue Spike, in contrast, names eleven specific accused products. *See* Cause No. 6:13-cv-108 MHS, Dkt. 1, at ¶27.

*Inc. v. Microsoft Corp.*, 730 F.Supp.2d 349, 353 (D. Del. 2010) (to survive dismissal, a complaint need not even "identify specific products"; simply identifying "a general category of products" suffices).

## II. Blue Spike Has Sufficiently Pleaded Induced Infringement.

IRC is likewise mistaken in contending that Blue Spike has insufficiently pleaded the "intent" element of induced infringement. *See* Dkt. 601 at 7-9. The standards are clear. A party is liable for induced infringement if it knows or should know that it is inducing acts that constitute patent infringement. *See* 35 U.S.C. §271(b); *In re Bill of Lading*, 681 F.3d at 1339. Thus, to survive a motion to dismiss, a complaint alleging induced infringement must contain sufficient facts to plausibly show that the defendants intended a third party to infringe the patent at issue. *Id.* at 1339. Rejecting the same arguments that IRC makes in its motion, Magistrate Judge Love recently addressed the standard for pleading intent for induced-infringement claims.

The facts in *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012), were almost identical to those at issue here, so Judge Love's Report and Recommendation are highly instructive and show why Blue Spike's complaint should not be dismissed. The defendants in *Patent Harbor*—like IRC here—moved to dismiss the induced-infringement claims, arguing the plaintiff had failed "to allege specific intent to induce infringement." Cause No. 6:11-cv-229, Dkt. 486 at 9 (attached as Ex. 1). Judge Love rejected this argument because a plaintiff "need not prove its inducement case at the time of filing, nor

4

must it provide detailed factual support for every element of inducement." *Id*. (citing *In re Bill of Lading*, 681 F.3d at 1336). "Rather, the Complaint need only plead a plausible claim for relief." *Id*. Love found that the complaint before him met this standard because its allegations—that Defendants "are contracting with others to author DVDs with content addressable videos"—gave rise to a plausible inference "that Defendants induced others to infringe the [patent-in-suit] by directing and controlling them through contract." *Id*. at 10. Critically, Judge Love noted that "although these allegations do not provide an extraordinary amount of detail regarding the elements of inducement, they nevertheless provide Defendants with sufficient notice of the allegedly unlawful conduct in which they engaged." *Id*. "[M]aking all reasonable inferences in favor of [the plaintiff]," it was "plausible to infer that Defendants induced third-party contractors to infringe" the patent-in-suit. *Id*. (citing *Bill of Lading*, 681 F.3d at 1340).

Blue Spike alleges facts that are more complete and more compelling than those in *Patent Harbor*. Blue Spike alleges that IRC makes, uses, offers for sale, or imports into the U.S. products, systems, or services—including its Biometric Access Control Systems (such as its HandKey 2, HandKey ID3D-R, and HandKey ID3D-RW) and HandPunch Time and Attendance Terminals (such as its GT-400, 4000, 4000-S, 3000-E, 3000, 2000, 1000-E, and 1000)—which all infringe the patents-in-suit. Cause No. 6:13-cv-00108-MHS, Dkt. 1 at ¶27. IRC boasts that it is "uniquely qualified as a consultant to help our customers apply" biometric technology. Ex. 2 (screen shot from IRC website discussing its biometric products). Coupled with Blue

5

Spike's identification of specific biometric products made and marketed by IRC, this representation permits a reasonable inference that IRC intends its customers to use its infringing biometric products. Attached to this opposition as Exhibits 3 and 4 are IRC press releases describing how two of the accused products work, providing additional evidence that the accused products have specific infringing capabilities that IRC markets in an effort to induce consumer use. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 915 (2005) ("Evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe"); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1365 (Fed. Cir. 2004) (finding active inducement of infringement based on defendant's publications describing and promoting use of patented method). Comparing this information to Blue Spike's description of how the patents-in-suit work, *see* Cause No. 6:13-cv-00108-MHS, Dkt. 1 at ¶¶21-25, it is easy to conclude that Blue Spike's infringement allegations are facially plausible.

IRC's argument that Blue Spike's intent allegations are insufficient relies primarily on a distinguishable Report and Recommendation recently issued by Magistrate Judge Love in *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, Civ. No. 6:12-cv-366-MHS-JDL. In *U.S. Ethernet*, the plaintiff did not even "recite the elements of an inducement claim" or "allege any facts that, if taken as true, establish a plausible inference that [the defendant] had the specific intent to induce its customers [sic] actions." Dkt. 601, Ex. A at 6. Blue Spike, in contrast, has clearly

6

recited the elements of an inducement claim, *see* Cause No. 6:13-cv-00108-MHS, Dkt. 1 at ¶¶35, 43, 51, 59, and has set forth facts above that establish a plausible inference of specific intent.

### III. Blue Spike Has Sufficiently Pleaded Contributory Infringement.

IRC also argues that Blue Spike has insufficiently pleaded contributory infringement because it has not made a plausible showing that (1) IRC knew the accused products were "especially made or especially adapted for use in an infringement" and (2) the accused products have no substantial non-infringing uses. Dkt. 601 at 9-10. IRC is again mistaken.

It is true that the complaint does not specifically allege that IRC knew that its accused products are "especially made or especially adapted for use in an infringement." Dkt. 601 at 9. It is also true that Blue Spike will ultimately have to show such knowledge to prevail at trial. *See* 28 U.S.C. §271(c) (elements of contributory-infringement claim). But as this court has repeatedly held, a plaintiff need not plead "each individual element of a claim for indirect infringement" to survive dismissal. *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (denying motion to dismiss that argued complaint was "deficient because it fails to allege the additional elements required to establish induced and contributory infringement"). Further, the complaint does allege generally that IRC had the requisite knowledge to make it liable for contributory infringement. Cause No. 6-13-cv-00108, Dkt. 1 ¶¶ 35, 43, 51, 59. Coupled with all the other allegations in the complaint, and with all reasonable

7

inferences drawn in Blue Spike's favor, those allegations support a plausible claim of contributory infringement, fairly place IRC on notice as to what it must defend, and therefore preclude dismissal. *See In re Bill of Lading*, 681 F.3d at 1336; *McZeal*, 501 F.3d at 1357.

IRC is also mistaken that Blue Spike has not pleaded facts to permit an inference that the accused products have no substantial non-infringing use. The complaint specifically describes that the patents-in-suit are foundational to all of today's widespread biometric-identification applications. Cause No. 6:13-cv-00108-MHS, Dkt. 1 at ¶25. Biometric identification is the accused products' only advertised use. *See* Ex. 5 (screen shot from IRC website identifying the accused HandKey and HandPunch product lines as biometric products). At this stage, it is reasonable for the Court to infer that these products have no other, non-infringing use—especially in light of Blue Spike's averment that they do not. *Cf. In re Bill of Lading*, 681 F.3d at 1339 (holding that plaintiff had not stated a claim for contributory infringement because, unlike Blue Spike's complaint against IRC, the amended complaints in *In re Bill of Lading* "actually make clear on their face that Appellees' products do have substantial non-infringing uses"). It is true that the complaint itself does not contain extensive analysis of why the accused products have no substantial non-infringing uses, but, again, a plaintiff need not plead each individual element of a claim for indirect infringement to survive dismissal.

It is critical to bear in mind that "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support

the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." *Id*. Applying this standard, Blue Spike has adequately pleaded both induced infringement and contributory infringement.

## IV. Based on a Recent Decision From This Court, Blue Spike Concedes That its Willful-Infringement Claims Should Be Dismissed for Now.

A recent decision from this Court warrants dismissing Blue Spike's willful-infringement claims—at least for now. Blue Spike's complaint never alleged pre-filing willfulness, as Blue Spike had no basis for alleging pre-filing willfulness (although future discovery may change that). Instead, Blue Spike's willfulness allegations dealt with *post*-filing conduct, including the fact that IRC has continued to infringe the patents-in-suit even after being put on actual notice of Blue Spike's patents-in-suit and how IRC's accused products infringe those patents. *See, e.g.*, Cause No. 6:13-cv-00108-MHS, Dkt. 1 at ¶¶37, 45, 53, 61. Yet this Court recently held that the receipt of a patent holder's complaint is not enough, by itself, to support claims for willful infringement. *See Touchscreen Gestures LLC v. Research in Motion Ltd.*, Case No. 6:12-263-MHS, Dkt.22, Order on Motion to Dismiss at 3-4 (E.D. Tex. Mar. 27, 2013) (attached as Ex. 6). Accordingly, Blue Spike concedes that its willful-infringement claims should be dismissed for now, but asks the Court to hold open the possibility of allowing Blue Spike to seek leave to amend its complaint if it "uncovers factual support" for claims of willful infringement. *Id.* at 5.

9

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny IRC's motion to dismiss as to Blue Spike's claims for direct infringement, induced infringement, and contributory infringement.

In light of the Court's recent order in *Touchscreen*, Blue Spike concedes it is proper to dismiss the willful-infringement claims, but asks that the Court not foreclose Blue Spike's ability to seek leave to amend its complaint if Blue Spike uncovers factual support for claims of pre-filing or post-filing willfulness.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
 cjohns@ghiplaw.com
Kirk J. Anderson
 California Bar No. 289043
 kanderson@ghiplaw.com
Peter Brasher
 California Bar No. 283992
 pbrasher@ghiplaw.com
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                /s/ Randall T. Garteiser
                                                Randall T. Garteiser