# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

### TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC., *et al.*<br><br>               Defendant. | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE |
| BLUE SPIKE, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>TYGART TECHNOLOGIES, INC.,<br><br>               Defendant. | Civil Action No. 6:13-CV-84-MHS<br><br>CONSOLIDATED CASE |

### DEFENDANT TYGART TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF WEST VIRGINIA

Plaintiff Blue Spike, LLC ("Blue Spike") has not rebutted Tygart Technologies, Inc.'s ("Tygart") argument that this Court does not have personal jurisdiction over Tygart.  Likewise, Blue Spike did not rebut Tygart's argument that, in the alternative, this matter should be transferred to the United States District Court for the Northern District of West Virginia.  Accordingly, Tygart

respectfully requests that this Court grant its Motion to Dismiss, or, in the alternative, transfer this matter to the United States District Court for the Northern District of West Virginia.[1]

## I.   BLUE SPIKE FAILED TO REFUTE TYGART'S PERSONAL JURISDICTION ARGUMENT.

### a.   Blue Spike's Argument That Merely Doing Business With The Federal Government Creates Personal Jurisdiction Has No Legal Basis.

Blue Spike attempts to refute Tygart's personal jurisdiction argument with the novel theory that, because Tygart conducted business with various federal agencies, the products Tygart sold to the federal agencies may have made their way into Texas. In other words, Blue Spike asserts that business with the federal government creates nationwide personal jurisdiction.  Blue Spike makes this argument despite citing to no legal authority supporting such a position.  Furthermore, Blue Spike did not cite to any evidence or provide any record that Tygart's products entered Texas.

Instead, Blue Spike cites a "white paper" that identifies the number of federal employees who are in Texas.  Such non-existent "evidence" does not satisfy Blue Spike's burden of demonstrating that this Court has personal jurisdiction over Tygart. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)(when a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of showing that the defendant is subject to personal jurisdiction); *see also Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-CV-400, 2012 WL 3647182, at *2 (E. D. Tex. Aug. 23, 2012)(granting motion to dismiss for lack of personal jurisdiction because the evidence was uncontroverted that defendant did not have any contacts with the state of Texas);  *Advanced Biological Labs v. Ameripath, Inc.*, No. 2:07-CV-31, 2008 WL

---

[1] Blue Spike makes a third argument – that Tygart did not make a threshold showing that suit could have been brought in the United States District Court in the Northern District of West Virginia.  Such a position does not merit a response beyond this footnote referring this Court to the information contained in the affidavit attached to Tygart's Motion to Dismiss.  As the affidavit makes clear, Tygart is a West Virginia company, headquartered in Fairmont, West Virginia. There should be no dispute that suit could have originally been brought in the Northern District of West Virginia.

1757819, at *2 (E.D. Tex. Apr. 14, 2008)(granting motion to dismiss for lack of personal jurisdiction where plaintiff failed to present any evidence of defendant's contacts with Texas).

The test for minimum contacts focuses on the defendant's actions with the forum state, not a third party's independent actions. *See Ashai Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987)("[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed to the forum State); *see also Garnet Digital, LLC v. Apple, Inc.*, 893 F.Supp.2d 814, 816 (E.D. Tex. 2012)(finding cell phone company that had 300 hundred customers in the Eastern District of Texas still did not have the necessary contacts with the Eastern District of Texas to create personal jurisdiction). Here, Blue Spike has failed to offer any record evidence that any of Tygart's products entered Texas. Furthermore, Blue Spike has failed to refute any statements contained in Tygart's affidavit. As such, Blue Spike has not met its burden of providing record evidence for this Court to conclude that Tygart purposefully directed any activity within Texas. Therefore, this Court should grant Tygart's Motion to Dismiss for lack of personal jurisdiction.

**b.** **Jurisdictional Discovery Would be Futile And The Request Is Untimely.**

Blue Spike argues, in the alternative, that it is entitled to conduct jurisdictional discovery before this Court can rule on Tygart's Motion to Dismiss. Blue Spike, however, has not offered any compelling reason for conducting jurisdictional discovery. Allowing jurisdictional discovery that will mirror Tygart's detailed affidavit would waste time and valuable resources, and provide nothing more than what is already contained in Tygart's affidavit.[2]

Despite Blue Spike's contention, this Court can review the Motion to Dismiss without the need for jurisdictional discovery based on the evidence offered in Tygart's affidavit. *See*

---

[2] Should this Court order the parties to engage in jurisdictional discovery and depositions, Tygart will ask that the costs of doing so, including any travel expenses, be taxed as costs of litigation pursuant to Federal Rule of Civil Procedure 54(d) and recoverable should Tygart prevail on its Motion to Dismiss.

*Washington v. Norton Mfg. Co.*, 588 F.2d 441, 443 (5th Cir. 1979)(the Fifth Circuit held that the district judge did not abuse his discretion by not allowing further discovery on the issue of *in personam* jurisdiction because the court may determine the jurisdictional issue by receiving affidavits).  "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery...." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995). It is widely recognized that jurisdictional discovery is generally not allowed where a colorable case of jurisdiction has not been made and where the plaintiff fails to present facts to the court which show why jurisdiction could be found if discovery was permitted.  *Negron-Torres v. Verizon Communs., Inc.*, 478 F.3d 19, 27 (1st Cir. 2007).  Consequently, the affidavit of Douglas Kirby, provided by Tygart, is sufficient evidence to support the Motion to Dismiss and no additional discovery is necessary.

In this case, Blue Spike has not demonstrated how any additional written or deposition discovery could demonstrate that Tygart has the necessary, continuous and systematic contacts with Texas to justify forcing them to litigate this matter in a foreign forum.  As the Fifth Circuit has made clear, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."  *Wyatt v. Kaplan,* 686 F.2d 276, 284 (5th Cir. 1982); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000)(a district court is not required to defer ruling on a jurisdictional motion until all discovery contemplated by the plaintiff has been accomplished).

Allowing Blue Spike to conduct jurisdictional discovery would be nothing more than a fishing expedition into Tygart's business transactions.  Furthermore, instead of filing a Response to Tygart's Motion to Dismiss, Blue Spike should have immediately sought leave to conduct jurisdictional discovery, which it did with several defendants already in lieu of opposing those

defendants' Motions to Dismiss.  Instead, Blue Spike chose to oppose Tygart's Motion to Dismiss

and only provided an "in the alternative" argument for jurisdictional discovery.  Indeed, unlike Blue

Spike's various Motions for Leave to Serve Jurisdictional Discovery, Blue Spike did not attach

proposed discovery to allow Tygart an opportunity to demonstrate that the information sought by

the discovery is futile.  Such a delay, coupled with Blue Spike's inability to provide any information

to even provide a good faith basis for jurisdiction in Texas, indicates that any jurisdictional

discovery would be futile.[3]

## II.   BLUE SPIKE FAILED TO REBUT TYGART'S ARGUMENT THAT VENUE IS APPROPRIATE IN THE NORTHERN DISTRICT OF WEST VIRGINIA.

### a.   Blue Spike's Argument That A Consolidation Order Precludes A Challenge To Venue Is Unavailing.

While not saying it outright, the gist of Blue Spike's argument to Tygart's Motion to

Transfer is that, because this Court entered a Consolidation Order, then a party who arguably is not

subject to this Court's jurisdiction is stuck with a plaintiff's choice of venue.   Despite this

contention, Blue Spike failed to rebut Tygart's argument that Blue Spike's choice of venue does not

trump all other arguments, especially when Blue Spike manufactured a domicile in Texas just

months prior to beginning this litigation.[4]   *See In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed.

Cir. 2011)(describing a plaintiff's offices within the transferor forum as "recent, ephemeral, and a

construct for litigation and appeared to exist for no other purpose than to manipulate venue").

Furthermore, as this Court has noted, in performing a transfer analysis, "…a plaintiff could

manipulate venue by serially filing cases within a single district.   Allowing a plaintiff to

manufacture venue based on this alone would undermine the principals underpinning transfer law

---

[3] Indeed, Tygart anticipated that Blue Spike would have immediately sought jurisdictional discovery based on the proposed discovery Blue Spike has attached to previous Motions to Allow Jurisdictional Discovery in this Consolidated Action.  *See* Dkt. Entries No. 502, 509 and 511.  Nothing contained in Blue Spike's proposed discovery demands to those defendants would alter the factual assertions made in Tygart's affidavit.
[4] *See* Exhibit A – Declaration of Douglas R. McSwane, Jr. at Exhibit 1.

and the recently enacted America Invents Act." *GeoTag, Inc. v. Zoosk, Inc.*, 2:11-cv-00403-MHS, Dkt No. 114 at 11 (E.D. Tex. January 14, 2013 (Schneider, J)).  Blue Spike did exactly what this Court cautioned, the only difference being the Consolidated Order entered by this Court.

Blue Spike's judicial economy argument is tantamount to a choice of venue argument, where Blue Spike attempts to shoehorn jurisdiction over Tygart using its own litigation strategy as evidence of jurisdiction.  However, a "[p]laintiff's choice of venue is not a factor in [the section 1404(a) transfer] analysis." *Center One v. Vonage Holdings Corp.*, No, 6:08-cv-467, 2009 Dist. LEXIS 69681, at *17 (E.D. Tex. Aug. 10, 2009); *see also in re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) (error where district court gave too much weight to a plaintiff's choice of venue).  Because Blue Spike's cases in this District Court are in their infancy and involve widely different products, "it is likely that these cases will result in significantly different discovery, evidence, proceedings, and trial." *Droplets, Inc. v. Amazon.com, Inc.*, 2012 WL 3578605, at *8 (E.D. Tex. Jun. 27, 2012).  Accordingly, any judicial economy gained by keeping all of Blue Spike's cases in the Eastern District of Texas is minimal.  *See J2 Global Communications, Inc. v. Protus IP Solutions, Inc.* 2008 WL 5378010, at *5 (E.D. Tex. Dec. 23, 2008)(the risk of overlap is limited when "a court has had limited involvement with the case and the technology, no claim construction opinion has been issued, and the cases involve different defendants with different products"); *see also Wireless Recognition Techs., Inc. v. A9.com, Inc.*, 2012 WL 506669, at *5 (E.D. Tex. Feb. 15, 2012)(transferred case to the Northern District of California despite the pendency of three cases involving similar claims, and "the practical issues related to managing multiple actions involving overlapping issues"); *in re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010)("[a]ny perceived gains in judicial economy are minimal when the cases involve different products").

Blue Spike cannot create personal jurisdiction against Tygart by anchoring them to other defendants sued in Texas, many of whom are also challenging jurisdiction and venue. Blue Spike argues that the pendency of its 80-plus cases involving the same patents in this Court trumps all other private and public interest factors, regardless of their weight. Blue Spike's argument, however, is overly simplistic and ignores the language of the Consolidation Order.[5] If Blue Spike's arguments are correct, then no showing of private and public factors could ever warrant transfer of a patent case to another district when there are numerous cases pending involving the same patents in suit. Fortunately, that is not the law. Otherwise, this Court would not have consolidated this case with the lead action for all pretrial purposes "with the exception of venue." *See Blue Spike, Inc. v. Texas Instruments, Inc.*, consolidated action, Dkt. Entry 530 at 17 n. 1 (citing *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

Yet, Blue Spike ignores the above authority authorities and instead cites to cases that merely suggest general concepts of law. In contrast to the parties in the cases cited by Blue Spike, Tygart has no presence in Texas and is promptly seeking to transfer only its involvement in this case, not the entire consolidated action, before this Court has expended significant resources and before this Court becomes familiar with the asserted patents or technology. Accordingly, the pendency of Blue Spike's other cases in this District does not trump the balance of the private and public interest factors, which favor transfer of this case to the Northern District of West Virginia.

**b.**      <u>**The Private and Public Interest Factors Strongly Favor Transfer.**</u>

Blue Spike makes three arguments to counter Tygart's position that the various factors favor transfer: (1) the parties have not exchanged Rule 26(a) disclosures; (2) digital evidence makes the exchange of documents easier; and (3) Blue Spike's representative, Scott Moskowitz, has an

---

[5] Moreover, Blue Spike did not identify any "common issues" with this litigation.

unidentified medical condition that precludes him from traveling to West Virginia to prosecute this case.  None of these arguments justify denying Tygart's Motion.

### i.   Rule 26(a) Disclosures are not a prerequisite to a transfer motion.

Blue Spike argues that the determination of where the sources of proof are located is premature until after the parties have exchanged their Rule 26 disclosures.  However, as Tygart's sworn affidavit makes clear, Tygart, a privately held company, only has an office in Fairmont, West Virginia (located in the Northern District of West Virginia), all of its management, research and development employees are in West Virginia, and all of its documents, pertaining to this case are in West Virginia.  Initial disclosures are not needed to see that all sources of proof are located in West Virginia.  Furthermore, this Court's Consolidation Order contemplates complete briefing on jurisdictional and venue issues before moving forward with any disclosures and discovery.

### ii.   Digital documents do not alter this Court's analysis.

Blue Spike makes the unavailing argument that, because today's information is largely stored digitally, discovery is as easy to produce in Texas as it is West Virginia.  Courts, however, have expressly held otherwise.  Despite the technological advances that render electronic production possible, the physical location of the sources of proof "continues to be an important private interest factor."  *Wireless Recognition Techs., Inc.*, 2012 WL 506669, at *3 (citing *In re Volkswagen II*, 545 F.3d at 316); *see also Droplets*, 2012 WL 3133398, at *2.  Indeed, the Federal Circuit counsels that an alleged infringer's proof is particularly important to venue transfer analyses in patent infringement cases.  *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location"); *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (a corporate party's relevant discoverable material is generally located at its headquarters).

8

      iii.    The "inconvenience" to Blue Spike is minimal in comparison to the manifest injustice of Tygart defending itself in Texas.

Blue Spike further argues that transfer would be inconvenient for one of its witnesses, Mr. Moskowitz, the purported co-inventor of the patents in suit, who allegedly lives in Tyler, Texas. Regardless, Mr. Moskowitz is not the key to Blue Spike proving its case - rather such proof is in West Virginia.  In short, the location of the sources of proof and the convenience of the parties and witnesses favor transfer of this action to the Northern District of West Virginia.  *See On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, 2010 WL 3855520, at *5 (E.D. Tex. Sept. 30, 2010); *Droplets*, 2012 WL 3578605, at *5-6.  As cited above, the Federal Circuit noted, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d, 1338, 1345 (Fed. Cir. 2009)

Tygart has established that convenience, relevance, and fairness weigh in favor of transferring this case to the Northern District of West Virginia.  The private factors favor transfer to West Virginia:  Tygart's witnesses, customers, documents, electronically stored information, and other physical evidence relevant to the patents identified in the Blue Spike's complaint are located in West Virginia, while Tygart has no witnesses, documents, electronically stored information, or other physical evidence relevant to the claims raised in the Complaint in Texas.  Tygart is subject to compulsory process in West Virginia and not in Texas.

Furthermore, the cost of attendance factor favors transfer to West Virginia.  Tygart's witnesses are all in West Virginia.  Contrary to Blue Spike's assertion, Mr. Moskowitz is domiciled in Sunny Isles, FL, not Tyler, Texas.  The distance Mr. Moskowitz would have to travel from Florida to Texas is approximately 1,222 miles, while travel from Florida to West Virginia is

approximately 1,086 miles.  Clearly, litigating this case in West Virginia would not increase the costs or burden on Mr. Moskowitz's attendance at trial.

**III.**     **CONCLUSION**

Nothing in Blue Spike's Response to Tygart's Motion to Dismiss alters Tygart's underlying argument – this Court does not have personal jurisdiction over Tygart.  Alternatively, Tygart has established, and Blue Spike has not refuted, that the private and public factors weigh in favor of transfer to the Northern District of West Virginia.

May 3, 2013                          Respectfully submitted,

By:      */s/ Douglas R. McSwane, Jr.*
Potter Minton, P.C.
110 N. College Ave.
Suite 500
Tyler, TX 75702
(903) 597-8311
(903) 593-0846 – facsimile
dougmcswane@potterminton.com

Michael G. Connelly
Admitted *pro hac vice*
Spilman, Thomas & Battle, PLLC
One Oxford Centre
301 Grant St.
Suite 3440
Pittsburgh, PA 15219
(412) 325-3317
(412) 325-3324 – facsimile
mconnelly@spilmanlaw.com

Counsel for Defendant,
Tygart Technology, Inc.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a  copy of this document via the Court's Cm/ECF system per Local Rule CV-5(a)(3) on May 3, 2013.

Respectfully submitted,

By:    /s/ Douglas R. McSwane, Jr.