UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC,<br><br>　　*Plaintiff*,<br><br>v.<br><br>Texas Instruments, Inc., et al.,<br><br>　　*Defendants*. | § § § § § § § § § | Case No. 6:12-cv-499 MHS<br><br>Lead Case<br><br>Jury Trial Demanded |
| Blue Spike, LLC,<br><br>　　*Plaintiff*,<br><br>v.<br><br>Kronos Incorporated,<br><br>　　*Defendant*. | § § § § § § § § § | Case No. 6:13-cv-86 MHS<br><br>Consolidated Case<br><br>Jury Trial Demanded |

**Blue Spike's Opposition to Kronos's Motion
to Transfer Venue [Dkt. 610]**

Plaintiff Blue Spike, LLC—whose entire business operation is in the Eastern District of Texas—opposes Kronos's transfer motion for two main reasons: (1) paramount considerations of judicial efficiency and economy weigh heavily against transfer, since the Court has consolidated this case with scores of others based on common questions of law and fact; and (2) Kronos has not shown that the District of Massachusetts is any more convenient—much less "clearly more convenient"—than the Eastern District of Texas.

1

## Introduction

Blue Spike is a Texas LLC with its headquarters and principal place of business in Tyler, Texas. *See* Complaint ¶2. Blue Spike's four patents-in-suit teach bedrock principles and pioneering advancements essential to today's widespread biometric identification and security systems. Many of today's biometric identification and security providers—including Kronos—have built their companies by infringing Blue Spike's patents. Blue Spike has filed more than 50 lawsuits in this Court against alleged infringers on these same four patents. The Court consolidated the suits for pretrial purposes based on "common questions of law or fact," finding that consolidation "would promote efficient case management." *See* Ex. 1 (consolidation order).

Kronos's transfer motion consists of omissions and misrepresentations. It (1) downplays the paramount concern of judicial efficiency, which clearly counsels against transfer; (2) ignores the interests of Blue Spike and Blue Spike's witnesses; (3) understates Kronos's ties to this forum; (4) overstates Kronos's difficulty in litigating here; (5) misanalyses the convenience of third-party witnesses; (6) miscalculates the relative local interests of this District and the proposed transferee district; and (7) misapplies the docket-congestion factor. An objective assessment of the facts reveals that litigating in Massachusetts would not be clearly more convenient.

## Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. §1404(a). Even so, a motion to transfer venue is only granted upon the movant showing good cause for transfer and proving that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.,* 545 F. 3d 304, 315 (5th Cir. 2008) (en banc). When determining a venue transfer question, the Federal Circuit weighs several private and public interests. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)). Private-interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *Id*. Although not a distinct factor in the analysis, the plaintiff's choice of venue is always to be accorded deference. *Id.* at 1320. Public-interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law. *Id*.

## Argument

**I. The "Paramount" Federal Interest in Judicial Efficiency and Economy—Without More—Defeats Transfer in This Consolidated Action.**

"Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective administration of justice, and having one trial court decide all of these claims clearly furthers that objective." *In re Google*, 412 F. App'x 295, 296 (Fed. Cir. 2011). Indeed, judicial economy represents a sufficient basis to deny transfer even "when all of the convenience factors clearly favor transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010); *see also Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3063414, at *3 (E.D. Tex. Sept. 22, 2009) ("[T]he division of the case into multiple suits may be more convenient for [the defendant], but it would impose a significant burden on the plaintiff, witnesses, and the federal court system. In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication."); *Centre One v. Vonage Holdings Corp.*, No. 6:08-CV-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009) (holding that defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora").

Here, more than 50 cases involving Blue Spike's patents-in-suit are before the Court, all dealing with infringement of the same four patents. The

Court has consolidated the suits for pretrial purposes because the suits "involve a common question of law or fact" and because consolidation "would promote efficient case management." *See* Ex. 1 at 14-15. Transfer to another venue would unjustifiably burden the federal courts, cause inefficiencies, and waste judicial resources. *See Net Nav. Sys., LLC v. Cisco Sys., Inc.*, No. 4:11-CV-660, at 8-10 (E.D. Tex. Aug. 24, 2012), *report and recommendation adopted*, 4:11-CV-660, 2013 WL 1309840 (E.D. Tex. Mar. 27, 2013) (attached as Ex. 2).

The Court's recent transfer decisions support keeping this case here. *Net Navigation*—like this consolidated action—involved multiple suits dealing with the same four patents. *Id.* Denying transfer, the Court reasoned that transferring one of the suits to another venue would mean that "another court would be required to conduct duplicative proceedings regarding claim construction, expert discovery, and other issues." *Id.* Other recent cases—all on point—likewise counsel against transfer. *See Oasis Research, LLC v. Pro Softnet Corp.*, No. 4:12-CV-531, at 11 (E.D. Tex. Aug. 21, 2012) (attached as Ex. 3) (holding that because plaintiff had filed multiple suits in this district concerning the same four patents, concerns of judicial economy weighed heavily against transfer; if the Court transferred the case, "another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues"); *Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*, No. 6:11-CV-00173, at 9-10 (E.D. Tex. Sept.

27, 2012) (attached as Ex. 4) (denying motion to transfer patent suit that had already been consolidated with another suit, as "the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily . . . against transfer").

Transfer is especially inappropriate here given the Court's findings that all of Blue Spike's cases in this District "involve a common question of law or fact" and that keeping them consolidated "would promote efficient case management." Ex. 1 at 14-15. Kronos asks the Court to ignore this "paramount" consideration and instead force another court to expend duplicative efforts considering common questions of law and fact, thereby creating an unnecessary risk of inconsistent claim construction and adjudication. *In re Google*, 412 F. App'x at 296. Kronos's argument that transfer would not cause inefficiency (Dkt. 610 at 13-14) relies heavily on Judge Schneider's transfer order in *Geotag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-00570-JRG, Dkt 585 (E.D. Tex. Jan. 14, 2013) (attached as Ex. 5). There, Judge Schneider held that even though the plaintiff had filed numerous suits in this District concerning a single patent, transferring one of those suits elsewhere would not cause inefficiency because the plaintiffs' suits had no significant "common issues." *Id.* at 10. Here, in contrast, the Court has already held that all of Blue Spike's suits in this District "involve a common question of law or fact" and that keeping them consolidated "would promote efficient case management." Ex. 1 at 14-15. The Court should decline to do so.

**II.    The Private-Interest Factors Likewise Weigh Against Transfer—and Certainly Do Not Show the District of Massachusetts To Be Clearly More Convenient.**

    **A.    Blue Spike's Interests—Including the Location of and Burdens on Blue Spike, its Witnesses, and its Sources of Proof—Also Count in the Transfer Analysis.**

Kronos forgets that this case is not only about it; there is a plaintiff in this case whose interests and burdens are relevant, too. Blue Spike plans to call witnesses from Texas, its inventor and CEO lives in Tyler, it was incorporated in Texas over a year ago, it has its headquarters and principal place of business in this district, and its employees, computer servers, and sources of proof are all located here. *See* Moskowitz Decl. ¶¶1-6; Compl. ¶2.

While Kronos suggests that these connections to this forum were manufactured to manipulate venue and should therefore be disregarded (Dkt. 610 at 1, 10-11), this Court's precedents dictate otherwise. *See, e.g., Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-CV-364-JRG, 2012 WL 506669, at *3 n.6 (E.D. Tex. Feb. 15, 2012) ("Considering that WRT was incorporated more than four months before this suit was filed, and that its direct parent corporation has nine employees in the Eastern District of Texas, the Court is not prepared to hold that WRT is 'ephemeral' and created solely to manipulate venue."); *NovelPoint Learning LLC v. LeapFrog Enters., Inc.*, No. 6:10-CV-229 JDL, 2010 WL 5068146, at *4-5 (E.D. Tex. Dec. 6, 2010) (plaintiff's presence in this District was not "recent" or "ephemeral" where

7

Plaintiff had opened its office here four months before filing suit and two of its three principals lived here).

Litigating this action in Massachusetts would be inconvenient and burdensome for both Blue Spike and for Scott Moskowitz, the CEO and inventor at Blue Spike. A transfer would dramatically increase the costs of litigation for Blue Spike, would increase the amount of time that Blue Spike's witnesses and employees would have to spend on the case, and would cause serious hardship for Moskowitz personally, as he suffers from medical issues that make it very painful for him to travel. Moskowitz Decl. ¶¶13-16; *see NGC Worldwide, Inc. v. Siamon*, No. 3:02CV1760 (JBA), 2003 WL 1987001, at *2 (D. Conn. Apr. 21, 2003) (collecting cases that hold "[t]he health concerns of a party or witness can be an important factor in the determination of whether a § 1404(a) transfer is proper"). These burdens are critically important in the transfer analysis because "transfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to the other." WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §3848.

Equally important, there are reasons to doubt Kronos's claim that a Texas forum is too inconvenient for it. Kronos admits that it has customers and employees in Texas, including 15 employees in this District alone. Dkt. 610 at 3. Indeed, it has an entire business unit based in Cleburne, Texas. *See* http://www.kronos.com/contact/contact-kronos.aspx. Given that Kronos has

8

voluntarily established ongoing business operations and relationships in Texas, it is hard to credit its assertion that litigating in Texas would be unduly burdensome. It is only fair that Kronos be held accountable for infringement here in Texas to a Texas company, when Kronos is seeking to benefit from doing business in Texas with Texas residents.

In contrast to Kronos's many Texas contacts, Blue Spike has no connection to Massachusetts whatsoever. Blue Spike has no offices, employees, customers, or property there. Moskowitz Decl. ¶¶7-11. Kronos incorrectly claims that Blue Spike has an office in Boston. Dkt 610 at 6. In fact, Plaintiff Blue Spike, LLC has never had an office there. *Id.* at 9. Instead, Blue Spike, Inc., an associated but different company, had a single prior representative—Brett Fasullo—who has not been based in Boston since prior to the filing to the lead case in this litigation, Case No. 12-499, and whose Boston contact information was listed on Blue Spike's outdated Corporate website, which has since been updated. *Id.* at ¶¶ 10,11. Mr. Fasullo never did any work for Blue Spike, LLC and is no longer located in Boston. *Id.* Blue Spike, LLC has never had any offices, employees, documents, or property in Massachusetts. And, unlike Kronos, Blue Spike does not have near-billion-dollar revenues, offices around the globe, or thousands of employees. *See* http://www.kronos.com/about/ history.aspx. Blue Spike is a small Texas company start-up whose main assets are the patents and technology that its sole owner and CEO have worked for decades to invent and commercialize. All

9

these facts are relevant in weighing the relative burdens of litigating in this District versus in Massachusetts.

Further, it is extremely unlikely that the District of Massachusetts could exercise personal jurisdiction over Blue Spike on claims made against it, including any Kronos counterclaims, yet another independent consideration for the Court to deny transfer as Kronos has failed to prove that venue would have been proper against Blue Spike in the District of Massachusetts. Moskowitz Decl. ¶ 16.

Apart from the relative burdens on the parties themselves, other private-interest factors also counsel against transfer.

### B. The Relative Ease of Access to Sources of Proof Does Not Clearly Weigh in Favor of Transfer.

Kronos claims that the majority of its likely evidence is located in Massachusetts. Dkt. 610 at 9-11. Blue Spike disagrees as the infringing devices are readily located within Texas. Even if true, this is only part of the story, as Kronos also admits that important third-party evidence is located outside Massachusetts and that Blue Spike's sources of proof are located in this District. *Id.* at 10-11. In fact, *all* of Blue Spike's evidence is located here. *See* Moskowitz Decl. ¶¶1-6; Compl. ¶2. Kronos wants the Court to disregard this fact, but the location of Blue Spike's evidence matters. *See Advanced Processor Techs., LLC v. Atmel Corp.*, Civ. No. 2:12-CV-152-JRG-RSP, at 10 (E.D. Tex. Mar. 26, 2013) (attached as Ex. 6) (fact that "[a]ll of Plaintiff's evidence is located within this district" weighs against transfer). Further, Blue

10

Spike did not transfer its evidence to this District solely for purposes of this lawsuit; its entire operation has been here for roughly a year. *See* Moskowitz Decl. ¶4. This means that the presence of Blue Spike's evidence in this District weighs against transfer. *See NovelPoint Learning*, 2010 WL 5068146, at *4-5 (presence of plaintiff's evidence in this District weighed against transfer given that plaintiff's connection to this District was not "recent" or "ephemeral"; plaintiff had opened its office here four months before filing suit, and two of its three principals lived here).

      **C.    The Availability of Compulsory Process Does Not Clearly Weigh in Favor of Transfer.**

Kronos argues that the Massachusetts court will have compulsory process power over more nonparty witnesses than this Court will. Dkt. 610 at 11-12. This argument fails because Kronos has not specifically identified any such witnesses. The party seeking transfer bears the burden of identifying unwilling third-party witnesses that would benefit from transfer, and the weight attributed to such witnesses "is undercut by [the movant's] failure to identify particular witnesses or documents that would require compulsory process." *Geotag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-00570-JRG, Dkt 585, at *6-7 (E.D. Tex. Jan. 14, 2013) (attached as Ex. 5); *see also Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*, No. 3:09-cv-1840, 2010 WL 972240, at *2–3 (N.D. Tex. Feb. 28, 2010) (holding that although a party need not provide affidavits identifying witnesses and outlining testimony, it must at least identify the witnesses). Kronos further undermines its argument by

11

admitting that potential third-party witnesses reside in Mexico. Dkt 610 at 11. Finally, the whole topic is speculative given that this lawsuit is in its early stages; it is far from clear which witnesses will ultimately turn out to be relevant. *See Cell & Network Selection, LLC v. AT&T Mobility LLC*, No. 6:11-CV-706-LED-JDL, Dkt. 85, at 8 (E.D. Tex. Apr. 29, 2013) (attached as Ex. 7) (noting "the speculative nature of weighing this factor as to convenience for trial at the early stages of [a] proceeding").

### D. The Cost of Attendance for Willing Witnesses Does Not Clearly Weigh in Favor of Transfer.

Kronos argues that trial in Massachusetts would be cheaper and more convenient for "the vast majority" of "foreseeable" willing witnesses. Dkt. 610 at 12. But Kronos again fails to specifically identify any such witnesses. *See Cell & Network Selection*, Ex. 7 at 9 (holding that this factor does not favor transfer when "Defendants fail to specifically identify employees with relevant knowledge of the accused devices."). Kronos also undermines its argument by admitting that several of its potential willing witnesses reside in Mexico, which is obviously much closer to this District than to Massachusetts. Dkt 610 at 12-13. Kronos also completely ignore that *all* of Blue Spike's known witnesses reside in this District. *See* Moskowitz Decl. ¶6. Finally, assigning much weight to the costs of attendance for willing witnesses is premature given that the parties have not even exchanged Rule 26 disclosures, meaning it is far from clear which potential witnesses will actually end up testifying. *See GHJ Holdings, Inc. v. Mag Instrument, Inc.*, No. 5:10-cv-230, Dkt. No. 26 (E.D.

12

Tex. Feb. 5, 2011) (attached as Ex. 8) (holding supplemental briefing regarding disclosures should be submitted before a transfer motion is considered).

### III. The Public-Interest Factors Do Not Show the District of Massachusetts To Be Clearly More Convenient.

None of the public-interest factors support transfer—much less show that the District of Massachusetts is a "clearly more convenient" forum. *In re Volkswagen,* 545 F. 3d at 315. Kronos contends that the District of Massachusetts "has a far greater localized connection to this case" than this District does. Dkt. 610 at 14-15. Again, Kronos simply ignores half the equation. The allegations in this case are that Kronos infringed Blue Spike's patents, harming Tyler-based Blue Spike and its Texas-based owners and employees. *See Atmel*, Ex. 6 at 16 ("The residents of the Eastern District clearly have a legitimate local interest in the enforcement of patents owned by a resident business.").

Next, while it is true that this District and the District of Massachusetts are both competent to apply federal patent law, this Court will be much more familiar with the legal and factual issues involving Blue Spike's technology, since the Court is adjudicating over 50 other suits involving the same patents-in-suit.

Last, Kronos misapplies the factor regarding the relative congestion of the courts, citing only the number of patent cases in each court. Dkt 610 at 15. Kronos provides no data about the total number of cases before each court or about the courts' relative speed in getting patent cases to trial. Kronos's data

13

and argument on this factor are simply unhelpful, and the relative-congestion factor is not entitled to much weight anyway. *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (relative court congestion is "the most speculative" public-interest factor, as "case-disposition statistics may not always tell the whole story"); *U.S. Ethernet Innovations, LLC v. Samsung Elecs. Co., Ltd.*, Civ. No. 6:12-cv-398-MHS-JDL, at 10 (E.D. Tex. Apr. 2, 2013) (attached as Ex. 9) ("As the Court has repeatedly found in the past, the parties' reliance on general civil statistics provides the Court with little guidance as to the speed with which patent cases reach trial.").

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Kronos's Motion to Transfer Venue.

Respectfully submitted,

/s/ Randall Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  randall.garteiser@sftrialattorneys.com
Christopher A. Honea
  Texas Bar No. 24059967
  chris.honea@sftrialattorneys.com
Christopher S. Johns
  Texas Bar No. 24044849
  chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on May 3, 2013.

                                                                                       /s/ Randall Garteiser