IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> TEXAS INSTRUMENTS, INC., <br><br> *Defendant*. | Civil Action No. 6:12-CV-00499-MHS <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> BIOMETRIKA, SRL and FULCRUM BIOMETRICS, LLC, <br><br> *Defendants*. | Civil Action No. 6:13-CV-00045-MHS <br> (Consolidated Case) <br><br> JURY TRIAL DEMANDED |

### BIOMETRIKA, SRL'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (DOCKET NO. 629)

Only two basic points are relevant to determining whether Biometrika, SRL ("Biometrika"), an Italian company, was properly served. First, in the Fifth Circuit, service by mail does not comply with the Hague Convention. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2002). Second, Blue Spike, LLC ("Blue Spike") served process on the Texas Secretary of State, which then <u>mailed</u> copies of the summons and complaint to Biometrika in Italy. Nothing in Blue Spike's Opposition to Biometrika's Motion to Dismiss (Docket No. 695) refutes either of these two basic points. Instead, Blue Spike's argument amounts to an attack on Fifth Circuit precedent as purportedly against the weight of authorities

1

and the position of government agencies. The views of other courts, commentators, or government agencies are irrelevant in the context of definitive, on-point Fifth Circuit precedent, which the Court is bound to follow. Because Biometrika was not properly served, this motion should be granted.

In support of its argument, Plaintiff points to a statement by a representative of the State Department from 1991 criticizing the Eighth Circuit's position that the Hague Convention does not allow service by mail. (Pl.'s Opp'n at 4 (citing *R. Griggs Group Ltd. v. Filanto SpA*, 920 F. Supp. 1100, 1106 (D. Nev. 1996).) The Fifth Circuit decided the *Nuovo Pignone* case in 2002, well after a circuit split had developed. The Fifth Circuit expressly considered the line of authorities on both sides of the issue, and opted to side with the Eighth Circuit. *Nuovo Pignone*, 310 F.3d at 383. The State Department's more than 20-year-old criticism, impliedly (if not explicitly) considered by the Fifth Circuit, is thus of no import.

In arguing that it properly served Biometrika, Plaintiff also relies on a single statement, without explanatory commentary, by a 2003 Special Commission on the Hague Convention that reaffirms its "clear understanding that the term 'send' in Article 10(a) is to be understood as meaning 'service' through postal channels." (Pl.'s Opp'n at 4.) Although this report post-dated the *Nuovo Pignone* decision, it is now 10 years old. During that time period, multiple Texas district courts have expressly followed the Fifth Circuit's *Nuovo Pignone* decision to hold that the Hague Convention does not permit service by registered mail. *See, e.g., Pena, ex rel. De Los Santos v. Mariner Health Care Inc.*, CIV. CC-09-62, 2010 WL 2671566, at *2 (S.D. Tex. July 1, 2010); *L.K. ex rel. Yarborough v. Mazda Motor Corp.*, CIV A 3:09-CV-469-M, 2009 WL 1033334, at *1 (N.D. Tex. Apr. 15, 2009); *Albo v. Suzuki Motor Corp., C.A.*, 308-0139-KC, 2008 WL 2783508, at *2 (W.D. Tex. July 2, 2008); *Alternative Delivery Solutions, Inc. v. R.R.*

2

*Donnelley & Sons Co.*, CIV.SA05CA0172-XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005) (acknowledging the circuit split on the issue). Again, the law in the Fifth Circuit is clear – the Hague Convention does not permit service by mail.

Finally, Plaintiff argues that the Hague Convention allows for service by mail if the receiving state, here Italy, does not object. (Pl.'s Opp'n at 2.) This very argument was expressly rejected by the Fifth Circuit in *Nuovo Pignone*, a case which involved attempted service on an Italian company by Federal Express. 310 F.3d at 384 (rejecting the failure to object argument as "unconvincing" and noting "[t]here is no reason to think that signatories with inadequate mail services would voluntarily opt out of article 10(a)").

## CONCLUSION

For the foregoing reasons, as well as those contained in Biometrika's motion to dismiss (Docket No. 629), service of process was invalid under the Federal Rules of Civil Procedure because Blue Spike failed to serve Biometrika consistent with the mandatory procedure set forth by the Hague Convention. Accordingly, because Biometrika has not been properly served, it respectfully requests that, pursuant to Federal Rule of Civil Procedure 12(b)(5), the complaint against it be dismissed.

Date: May 6, 2013                           Respectfully submitted,


                                            /s/ Ryan A. Kurtz
                                            Stephanie Barnes (TX Bar No. 24045696)
                                            SIEBMAN, BURG, PHILLIPS & SMITH, LLP
                                            4949 Hedgcoxe Road, Suite 230
                                            Plano, Texas 75024
                                            (214) 387-9100
                                            (214) 387-9125 (fax)
                                            stephaniebarnes@siebman.com


                                            *and*

                                            MILLER & MARTIN PLLC
                                            Ryan A. Kurtz (pro hac vice)
                                            1170 Peachtree Street, N.E.
                                            Suite 800
                                            Atlanta, GA 30309-7706
                                            (404) 962-6100
                                            (404) 962-6300 (fax)
                                            rkurtz@millermartin.com


## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of May, 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.


                                            /s/ Ryan A. Kurtz