IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| Plaintiff, | § | |
| | § | CASE NO. 6:12-CV-499 MHS |
| v. | § | |
| | § | LEAD CASE |
| TEXAS INSTRUMENTS, INC., ET AL. | § | |
| Defendants. | § | |
| | § | |
| BLUE SPIKE, LLC, | § | |
| Plaintiff, | § | |
| | § | CASE NO. 6:13-CV-38-MHS |
| v. | § | |
| | § | CONSOLIDATED CASE |
| ANIMETRICS, INC., | § | |
| Defendant. | § | |

## DEFENDANT ANIMETRICS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Animetrics, Inc. ("Animetrics") files this reply to Plaintiff Blue Spike, LLC's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition").

### Argument

In Plaintiff's Opposition, Plaintiff asserts that Animetrics' own website "show[s] that Animetrics sells the accused products to customers who use them in Texas." However, the purported "examples" which Plaintiff sets forth, which are not

authenticated in any way, even if true do not make a prima facie showing of personal jurisdiction.  Therefore, Defendant's Motion to Dismiss should be granted

I.   **Plaintiff's Reference to Animetrics' Website fails to Provides Any Evidentiary Proof for Plaintiff's Jurisdictional Allegations**

Plaintiff asserts that Animetrics' website, and a purported download of through the Apple App Store or through Google Play, shows that "Amimetrics' business partners, customers, and distribution networks have strong Texas connections." However, even if this were competent evidence, which it is not, this is clearly insufficient to establish jurisdiction over Animetrics in Texas.

As a preliminary matter, Animetrics objects to the exhibits (1-8) attached to the Plaintiff's Opposition response on the basis that it is unauthenticated, unsworn hearsay evidence.  Thus, Animetrics requests the Court to disregard and strike the exhibits, because the Plaintiff has not provided any evidentiary support for the exhibits.  Even if the Court overrules or denies the Defendant's objection to the exhibits, and if the Court should further find the exhibits true, they do not support a prima facie showing of personal jurisdiction.

Turning, therefore, to the exhibits the Defendant will show they wholly fail to support the Plaintiff's position.  Exhibit 1 to Plaintiff's Opposition purports to be a screenshot from Animetrics' website.  Reading the screenshot it is clear that a Texas resident would have to contact Apple or Google to purchase and download the app -- not Animetrics.  It is Apple or Google which is interacting with the Texas residents not Animetrics.

Exhibit 2 purports to be a "screenshot from a mobile phone in Texas showing in Animetrics app that was downloaded in Texas."  There is absolutely no evidentiary

4620853.1

support for this exhibit, and accordingly, it should be struck.  Nevertheless, even if true, it does not support the assertion of jurisdiction over Animetrics in Texas.  Texas phones can access and download apps from anywhere in the world but that does not make the app manufacturer subject to personal jurisdiction in Texas.  There must be more.

Exhibit 3, without any evidentiary support, purports to be another screenshot from Animetrics' website.  But even if it is true that an Animetrics product is used in the field by U.S. Border Control agents and the TSA that does not subject Defendant to personal jurisdiction in Texas.  There is absolutely nothing that is disclosed in the website referenced that indicates that the products were marketed, sold or used in Texas, and Plaintiff's reliance on the purported screenshot for the website is of no avail.  Plaintiff does not assert who allegedly had the business contact with the U. S. Border Control agents to provide the product.  It was not Animetrics, and Exhibit 3 does not show otherwise.  Further, it is not Animetrics who uses the products in Texas.  There is no proof that any of the Accused Products were actually used in Texas.  Moreover, even if the Accused Products may be used by a U.S. Border Control agent in Texas, that by itself is insufficient to subject Animetrics to jurisdiction here in Texas.

Regarding Exhibit 4, Plaintiff makes the unsupported statement that "Animetrics has partnerships with international, multi-million-dollar companies with extensive Texas operations. . . ."  However, these companies are not distributors or sales agents of Defendant.  They maybe customers who buy Animetrics' products, but as paragraph 41-45 of the declaration of Mr. Schuepp, Animertrics' CEO, makes clear

Animetrics has not sold any product in Texas for the past six-years.  Just because a customer of the Defendant does business in Texas does not make Defendant subject to personal jurisdiction in Texas.  Further, Animetrics does not "use" the accused products in Texas.

Regarding Exhibits 5, 6 and 7 the Defendant objects to these again as being totally without any evidentiary support.  However, even if true the facts that Defendant's "technology is currently being utilized in U.S. military intelligence systems;" "has proven performance within the Department of Defense," and is offered to "all federal, state or local law enforcement organizations, agencies or departments in [the] U.S.;" this does not support a prima facie showing of personal jurisdiction.  The conduct and behavior of Defendant's customers may not be imputed to Defendant, thereby making Defendant subject to Texas courts.

As reflected by Mr. Schuepp's Declaration, filed in support of Animetrics Motion to Dismiss, Animetrics' website is non-interactive website and sales to consumers cannot be consummated via the website.   Therefore, Plaintiff cannot rely on Animetrics' non-interactive website to support personal jurisdiction.  *GTE New Media Servs. Inc. v. Bell South Corp.*, 199 F.3d 1343, 1349 (D.C. Cir 2000).

## II.    Plaintiff's Request for Jurisdictional Discovery

Finally, Plaintiff has asked the Court to allow it to conduct jurisdictional discovery before ruling on Animetrics' motion.  While Defendant does not believe that Plaintiff has presented factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts, Animetrics has previously offered to allow Plaintiff to conduct limited jurisdictional discovery.  As reflected by the email exchange attached hereto as Exhibit A, Animetrics, through its counsel, offered to allow limited

jurisdictional discovery by answering Interrogatories proposed by Plaintiff.  However, rather than work with Animetrics to set up limited discovery, Plaintiff filed its request that the Court postpone ruling on the motion to dismiss until it has had the opportunity to conduct jurisdictional discovery.

Animetrics does not believe that such discovery will reveal any contacts with Texas sufficient to establish personal jurisdiction over Animetrics.  The Declaration of Mr. Schuepp has clearly evidenced that Defendant has insufficient contacts with Texas and, particularly the Eastern District of Texas, to warrant personal jurisdiction. The Plaintiff has offered nothing that supports delaying a ruling and allowing for jurisdictional discovery.

Respectfully submitted this 6th day of May, 2013.

/s/  J. Daniel Harkins
J. Daniel Harkins
State Bar No. 09008990
dharkins@coxsmith.com
COX SMITH MATTHEWS INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone:  (210) 554-5500
Facsimile:  (210) 226-8395

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

May 6, 2013

/s/  J. Daniel Harkins
J. Daniel Harkins

4620853.1