IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,**<br><br>v.<br><br>**TEXAS INSTRUMENTS, INC.** | **CIVIL ACTION NO. 6:12-CV-499-MHS**<br>**(LEAD CASE)** |
| **BLUE SPIKE, LLC,**<br><br>v.<br><br>**INGERSOLL-RAND COMPANY** | **CIVIL ACTION NO. 6:13-cv-00108-MHS**<br>**(CONSOLIDATED CASE)** |

**DEFENDANT INGERSOLL-RAND COMPANY'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Defendant Ingersoll-Rand Company ("Ingersoll-Rand") files this reply in support of its motion to dismiss the Complaint of Plaintiff Blue Spike, LLC ("Blue Spike"), under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. No. 601.)  Blue Spike's opposition to Ingersoll-Rand's motion to dismiss fails to adequately address how the sparse factual allegations contained in the Complaint supposedly meet the pleading requirements of Federal Rule of Civil Procedure 8.  (*See* Dkt. No. 697, pp. 3-9.)  Rather, Blue Spike largely points to the legal conclusions of its Complaint, entirely ignoring the Supreme Court's holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires **more than labels and conclusions**, and **a formulaic recitation of the elements of a cause of action will not do**." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added).  Furthermore, Blue Spike's refrain that discovery will allow it to cure the Complaint's deficiencies is plainly contrary to the Supreme Court's admonition that

1

Rule 8 simply "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2007). Ingersoll-Rand respectfully requests that the Court grant its motion to dismiss Blue Spike's Complaint.

**I.    BLUE SPIKE'S DIRECT INFRINGEMENT CLAIMS ARE NOT SUFFICIENTLY PLED AND SHOULD BE DISMISSED.**

While the sample allegations of direct infringement in Form 18 of the Federal Rules of Civil Procedure may suffice to meet the requirements of Rule 8, *see In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333-34 (Fed. Cir. 2012), Blue Spike's Complaint falls short of the level of specificity set forth in Form 18. In particular, Form 18 suggests that a complaint may name a particular patent and set forth a specific category of products (*e.g.*, "electric motors") that are accused of infringing that particular patent. By contrast, Blue Spike's Complaint fails to identify any specific product or category of products as allegedly infringing any one of the asserted patents.

First, the Complaint vaguely identifies the "Accused Products" as Ingersoll-Rand's "products, systems, and/or services." Complaint, at ¶ 27. Although Blue Spike then proceeds to list exemplary Ingersoll-Rand products, this does not change the fact that the Complaint essentially accuses **all** "products, systems, and/or services" sold by Ingersoll-Rand as being potentially infringing. Second, the Complaint asserts that each of the Patents-in-Suit is infringed by "one or more of the Accused Products," without specifying whether all of the Accused Products, or only some subset thereof, supposedly infringe each patent. *Id.* at ¶¶ 34, 42, 50, 58. Ingersoll-Rand respectfully submits that it is impossible to determine from these generic infringement claims which of its "products, systems, and/or services" must be defended against which of Blue Spike's patents.

2

In *Bedrock Computer*, this district court found the broad accusation that all of a defendant's "products and/or services" were infringing to be inadequate under Rule 8 and Form 18. *See Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, 2010 WL 5175172 at *1 (E.D. Tex. Mar. 29, 2010). Blue Spike's Complaint similarly fails to rise to the level of specificity presented in Form 18. Moreover, this district court has also noted that "cases involving more nebulous, less tangible inventions such as computer software methods"—like those allegedly covered by Blue Spike's patents—"require a greater degree of specificity to put the defendant on notice" of what must be defended. *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda, Inc.*, Case No. 6:11-cv-34, slip op. at 6 (E.D. Tex. Sept. 29, 2011) (Love, M.J.) (attached hereto as Exhibit A). Blue Spike has failed to plead direct infringement with this required level of specificity and, thus, the Complaint should be dismissed.

## II.     BLUE SPIKE'S INDUCED INFRINGEMENT CLAIMS ARE NOT SUFFICIENTLY PLED AND SHOULD BE DISMISSED.

Blue Spike points to no facts alleged in its Complaint to support its inducement claim but, instead, relies almost entirely on Magistrate Judge Love's recommendation in *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, slip op. (E.D. Tex. July 27, 2012) (attached at Dkt. No. 697-2). However, Blue Spike has failed to plead inducement with the level of factual specificity that Judge Love found to suffice in that case. In *Patent Harbor*, the complaint that survived a motion to dismiss included factual allegations "that the accused method is the authoring of DVD and Blu-Ray discs with their content-addressing features (e.g. illustrated chapter/scene selection), . . . and that Defendants . . . direct[] and control[] others to [perform the method] through contract." *Id.* at 10 (internal quotations omitted). Magistrate Judge Love found "that a plausible inference from these allegations is that Defendants induced

3

others **to infringe the [asserted] patent by directing and controlling them through contract**." *Id.* (emphasis added).

In contrast, Blue Spike's Complaint fails to allege any facts that show, or from which one could infer, that Ingersoll-Rand controls or otherwise intends any end users of the accused products, through contract or by any other means, to infringe the asserted patents. *See also MacroSolve, Inc. v. United Airlines, Inc.*, No. 6:11-cv-694, slip op. at 6-7 (E.D. Tex. July 30, 2012) (Love, M.J.) (recommending dismissal of inducement claim where complaint did not "allege any facts that, if taken as true, establishes a plausible inference that Defendants had . . . the specific intent to induce a third party to infringe") (attached at Dkt. No. 601-4). Furthermore, unlike the *Patent Harbor* complaint, which alleged that the defendants induced direct infringers to author DVD and Blu-Ray discs with content-addressing features, Blue Spike has failed to identify any acts performed by Ingersoll-Rand's end users that allegedly infringe its patents.

Blue Spike also argues that, because Ingersoll-Rand markets itself and its biometric products, it is reasonable to infer that Ingersoll-Rand "intends its customers to use its [allegedly] infringing biometric products." (Dkt. No. 697, pp. 5-6.) This is beside the point. The legally relevant inquiry is whether Blue Spike's Complaint contains any factual allegations that plausibly support a conclusion that Ingersoll-Rand "intended to **induce** its customers to use its products **to practice the patent**." *In re Bill of Lading*, 681 F.3d 1323, 1332 (Fed. Cir. 2012) (emphasis added). Blue Spike has not pled any such factual allegations in its Complaint, which is fatal to its inducement claim. *See MacroSolve*, at p. 7; *see also U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366, slip op. at 6 (E.D. Tex. Feb. 7, 2013) (Love, M.J.) ("'[N]aked assertions devoid of further factual enhancement' are insufficient to state a claim.") (attached at Dkt No. 601-2).

### III. BLUE SPIKE'S CONTRIBUTORY INFRINGEMENT CLAIMS ARE NOT SUFFICIENTLY PLED AND SHOULD BE DISMISSED.

Blue Spike concedes that its Complaint lacks facts showing that Ingersoll-Rand "knew that its accused products [were] 'especially made or especially adapted for use in an infringement'" or that "the accused products have no substantial non-infringing uses." (*See* Dkt. No. 697, pp. 7-8.)  Without factual allegations plausibly supporting these conclusions, Blue Spike's contributory infringement claims should be dismissed under *Iqbal* and *Twombly*. *See Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.").  Blue Spike's promises to elucidate the missing facts in discovery (*see* Dkt. No. 697, pp. 8-9)—an admission that it had no such facts when it filed suit—has been rejected by the Supreme Court as insufficient to deny Ingersoll-Rand's motion to dismiss. *See Iqbal*, 556 U.S. at 678-79.

Blue Spike attempts to remedy its pleading deficiencies by arguing that the asserted patents "are foundational to all of today's widespread biometric-information applications" and that "[b]iometric identification is the accused products' only advertised use." (Dkt. No. 697, p. 8.) Even if its Complaint had included such factual allegations—and it did not—this argument is a non-starter.  Blue Spike does not own, has not patented, and cannot claim exclusive rights in the broad concept of "biometric identification."  Blue Spike's (unpleaded) averment that Ingersoll-Rand's products practice "biometric identification" falls far short of alleging a viable contributory infringement claim.  Whatever Blue Spike claims to have invented, it is not simply all forms of "biometric identification."[1]

---

[1] Indeed, in responding to another defendant's motion to dismiss, Blue Spike has essentially argued that the asserted patents cover the broad concept of "content recognition" (rather than "biometric identification"). (*See* Dkt. No. 407, p. 6; Dkt. No. 435, p. 4.)

### IV.   BLUE SPIKE ADMITS THAT ITS WILLFUL INFRINGEMENT CLAIMS ARE NOT SUFFICIENTLY PLED AND SHOULD BE DISMISSED.

Blue Spike admits that its "Complaint never alleged pre-filing willfulness, as Blue Spike had no basis for alleging pre-filing willfulness," and that, therefore, "its willful infringement claims should be dismissed." (Dkt. No. 697, p. 9.) Blue Spike recognizes that "[t]he absence of pre-filing knowledge of the patents-in-suit is fatal to [its] willful infringement claims." *Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, slip op. at 3 (E.D. Tex. March 27, 2013) (attached at Dkt. No. 601-5). While Blue Spike attempts to characterize this as a recent development in the law, the *en banc* Federal Circuit noted nearly six years ago that a "willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (*en banc*). As admitted by Blue Spike, its claims for willful infringement should be dismissed.

### V.   CONCLUSION

For the foregoing reasons, as well as those set forth in Ingersoll-Rand's motion to dismiss (Dkt. No. 601), Blue Spike's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

Dated: May 6, 2013

/s/ Paul B. Hunt
Paul B. Hunt (*pro hac vice*)
Joshua P. Larsen (*pro hac vice*)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Phone: (317) 231-1313
Fax:    (317) 231-7433
Email:  paul.hunt@btlaw.com
          joshua.larsen@btlaw.com

Jennifer Parker Ainsworth (Texas Bar No. 00784720)
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339
Tyler, TX 75711-7339
Phone: (903) 509-5000
Fax:    (903) 509-5092
Email:  jainsworth@wilsonlawfirm.com

Attorneys for Defendant
INGERSOLL-RAND COMPANY

<u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that the foregoing REPLY IN SUPPORT OF INGERSOLL RAND'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) was electronically filed on May 6, 2013, via the Court's CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Paul B. Hunt*

INDS02 1269479v1