IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **EFFECTIVELY ILLUMINATED** § | | |
| **PATHWAYS LLC,** § | | |
| § | | |
| *Plaintiff*, § | | |
| § | **NO. 6:11-cv-34-LED-JDL** | |
| v. § | | |
| § | **JURY TRIAL DEMANDED** | |
| § | | |
| **ASTON MARTIN LAGONDA** § | | |
| **OF NORTH AMERICA, INC.***, et al.*, § | | |
| § | | |
| *Defendants.* § | | |
| § | | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Volkswagen Group of America, Inc.'s ("Volkswagen") and Defendant Bentley Motors, Inc.'s ("Bentley") Motion to Dismiss for Failure to State a Claim (Doc. No. 35) (Volkswagen Motion") and Defendant Ford Motor Company's ("Ford") Motion to Dismiss for Failure to State a Claim (Doc. No. 38) ("Ford Motion")(collectively "Motions"). Plaintiff Effectively Illuminated Pathways LLC ("EIP") responded to each motion separately (Doc. Nos. 43 & 44)("Response I" and "Response II" respectively). Volkswagen and Bentley filed a reply (Doc. No. 52) ("Volkswagen Reply") as did Ford (Doc. No.53) ("Ford Reply"). EIP subsequently filed sur-replies (Doc. Nos. 56 & 57) ("Sur-Reply I" and "Sur-Reply II" respectively). Because the Court finds that EIP's pleadings conform to Form 18, the Court **RECOMMENDS** that the Motions be **DENIED**.

**BACKGROUND**

1

In its Complaint, EIP accuses Volkswagen, Bentley, and Ford, among others, of infringing U.S. Patent No. 6,520,669 ("the '669 patent"), entitled "Flexible Substrate Mounted Solid-State Light Sources for Exterior Vehicular Lighting." (Doc. No. 1), at ¶ 12. EIP makes the same claim across all defendants: "On information and belief, each defendant has infringed and still is infringing one or more claims of the '669 patent by making, using, selling, offering to sell, or importing automotive exterior LED lights." *Id.* at ¶ 13.

Defendants Volkswagen and Bentley argue that in order to meet the requirements of Rule 8(a), EIP must identify an accused product or product features that infringe the '669 patent. VOLKSWAGEN MOTION at 3-5. Specifically, they allege that the phrase "automotive exterior LED lights" is too vague and EIP's failure to identify which of the '669 patent's twenty-six (26) claims are being infringed renders the pleadings insufficient. *Id.* at 8. Volkswagen and Bentley also argue that EIP's use of the phrase "[o]n information and belief, each defendant has infringed and is still infringing one or more claims" renders EIP's pleadings insufficient. *See* VOLKSWAGEN MOTION at 6,8; VOLKSWAGEN REPLY at 5.

Ford incorporates by reference the Volkswagen Motion, adding only that EIP's failure to identify a specific LED light or a specific Ford vehicle model "deprives Ford of the ability to properly evaluate and answer the Complaint" and absent a specific identification, it is unable to identify which suppliers should participate in the action. FORD MOTION at 1-2.

**APPLICABLE LAW**

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356

(internal quotations omitted); *Hershey v. Energy Transfer Partners,* L.P., 610 F.3d 239, 243 (5th Cir. 2010).

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007)(interpreting Rule 8); *see also Ashcroft v. Iqbal*, --- U.S. ---, --- , 129 S. Ct. 1937, 1949-50, 1953 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "'[D]etailed factual allegations' are not required.'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10).

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1. (Statement of Jurisdiction--See Form 7.)

2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3

> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.
> (Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the 2006 form, then Form 16).

The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid. This cannot be the case. *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F. at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form [18] would be sufficient under Rule 8 to state a claim. One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted).

Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. *See* FED. R. CIV. P. 84. However, a complaint that does not perfectly comply with Form 18 may still suffice to state a claim that is plausible on its face. The Court determines

Case 6:12-cv-00499-RWS-CMC   Document 719-1   Filed 05/06/13   Page 5 of 11 PageID #:
 6489


whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

EIP's pleadings conform to Rule 8(a) because they are consistent with Form 18. The court in *McZeal* explained that Form 18 has five requirements:

(1) an allegation of jurisdiction
(2) a statement that plaintiff owns the patent
(3) a statement that defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent"
(4) a statement that the plaintiff has given notice of its infringement; and
(5) a demand for injunction and damages

*McZeal*, 501 F.3d at 1356-57 (quoting Fed. R. Civ. P. Form 16 [now Form 18](2006)). Most courts agree Rule 84 requires that direct infringement pleadings mimicking Form 18 are sufficient under Rule 8.[1] Courts differ, however, in interpreting Form 18's requirements in light of *Iqbal* and *Twombly*. In particular, courts are split with regards to the degree of specificity required to identify a defendant's alleged infringing device. Some courts require plaintiffs to identify specific products or services[2] while others require the identification of a general category of products.[3] Keeping in

---

[1] *See W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 778 F. Supp. 2d 667,---, No. 2:10-cv-441, 2011 WL 154132, *5-6 (E.D. Va. 2011) ("Since the Federal Rules state that compliance with the forms is sufficient, and the Supreme Court's decisions in *Twombly* and *Iqbal* could not have amended the Federal Rules, a complaint alleging literal infringement that tracks Form 18 is sufficient to withstand a motion to dismiss under Rule 12(b)(6)"); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C09-01531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . . Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms."); *Trading Tech. Int'l, Inc. v. BCG Partners, Inc.*, Nos 10 C 715, 10 C 716, 10 C 718, 10 C 720, 10 C 721, 10 C 726, 10 C 882, 10 C 883, 10 C 884, 10 C 885, 10 C 929, 10 C 931, 2011 WL 1706136, at *2 n.1 (N.D. Ill May 5, 2011) ("Though the sufficiency of Form 18 has been questioned, post-*Iqbal*, . . . *McZeal* and its analysis based on Form 18 remains good law in that circuit until overruled"). *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18); *Medsquire LLC v. Spring Medical Systems Inc.*, No. 2:11-cv-04504, 2011 WL 4101093 (C.D. Cal. Aug. 31, 2011) (distinguishing *McZeal* and declining to follow Rule 84).

[2] *See, e.g., Bender v. LG Electronics U.S.A., Inc.,* No. 09-2114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010)("without identifying specific products or product parts, [plaintiff] has not put Defendants on notice as to what products or parts are subject to the infringement claim"); *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122,

mind that the inquiry is context specific, this Court continues to find that there is no absolute requirement that the plaintiff identify a specific product. *See Realtime Data,* 721 F. Supp. 2d at 539. The level of detail of the description is dictated by the facts and circumstances surrounding the action such that the complaint, taken as a whole, puts the defendant on notice of what it is supposed to defend. *See Iqbal,* 129 S. Ct. at 1950; *McZeal*, 501 F.3d at 1357 ("a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend").[4]

In cases involving a concrete, tangible invention such as an "electric motor," identification of a general category of products is more likely to be sufficient under Form 18 and *Twombly*. *See, e.g., Xpoint Tech., Inc. v. Microsoft Corp.,* 730 F. Supp. 2d 349, 353 (D.Del 2010) ("[The] allegations mimic Form 18 insofar as the direct infringement pleading only needs to allege that a defendant is 'making using, selling, and using' a general category of products analogous to 'electric motors.'")(citations omitted). However, cases involving more nebulous, less tangible inventions such as computer software methods require a greater degree of specificity to put the defendant on notice. *Compare Realtime*, 721 F. Supp. 2d at 543 ("Realtime's vague reference to 'data compression products and/or services,' when asserting four patents with a multitude of claims, does

---

1127 (W.D. Wis. 2008)(finding that "notice means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent").

[3]*See, e.g., Atwater Partners of Texas LLC v. AT&T, Inc.*, No. 2:10-cv-175, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) (finding that Form 18 does not identifying specific models, "so naming a specific product is not required"); *accord Realtime,* 721 F. Supp. 2d at 539. *See also Eidos Comm'ns, LLC v. Skype Tech.*, 686 F. Supp. 2d 645, 467 (D.Del 2010) ("Plaintiffs were obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods").

[4]*See also Realtime Data, LLC v. Morgan Stanley,* 721 F. Supp. 2d 538, 539,543 (E.D. Tex. 2010)(finding that plaintiff's complaint failed to inform defendants as to what they must defend); *Xpoint Tech. Inc. v. Microsoft Corp.,* 730 F. Supp. 2d 349, 352 (D. Del 2010)("'a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend'")(quoting *McZeal,* 501 F.3d at 1357); *W.L. Gore & Associates, Inc. v. Medtronic, Inc.*, 778 F. Supp. 2d 667, *5-6 (E.D. Va. 2011)(same); *Bender v. LG Electronics U.S.A., Inc.,* No. 09-2114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010)(same); *Trading Tech. Int'l, Inc.,* 2011 WL 1706136, at *3 (finding that complaint must give defendants "fair notice" of what they are being accused of").

not state a claim for relief that it is plausible on its face."), *and Landmark Tech. v. Aeropostale*, No. 6:09cv262, 2010 WL 5174954, at *3-4 (E.D. Tex. Mar. 29, 2010)(finding that without further context, complaint's allegations of "electronic commerce systems" across all defendants failed to inform defendants what they must defend.), *with Eolas Techs, Inc., v. Adobe Sys.,* No. 6:09-cv-446, 2010 WL 2026627, at *3 (E.D.Tex May 6, 2010) (finding sufficient identification where plaintiff identified defendant's website generally).

Turning to the instant case, Defendants contend that Plaintiff's allegations identifying "automotive exterior LED lights" is too vague to meet the requirements of Form 18 or *Twombly*. *See* VOLKSWAGEN REPLY at 2. However, identification of "automotive exterior LED lights" is analogous to Form 18's identification of "electric motors" and is no more vague than the sample form. *See Xpoint Tech., Inc.,* 730 F. Supp. 2d at 353. Just as Form 18 indicates that plaintiff holds a patent on an "electric motor" and the defendant infringes that patent by "making, selling, and using electric motors that embody the patented invention," EIP indicates that it holds a patent on "Flexible Substrate Mounted *Solid-State Light Sources for Exterior Vehicular Lighting*" and that Defendants infringe that patent by "making using, selling, offering to sell, or importing *automotive exterior LED lights*."

Defendants argue that the complexity of the claims require a more detailed description of the alleged infringing device. VOLKSWAGEN REPLY at 2-3. In particular, they argue that because claim 1 of the patent at issue includes a specific description of a particular structure, Plaintiff must include a more detailed description of the accused infringing device in its Complaint. *Id.* at 3 (citing *Realtime,* 721 F. Supp. 2d at 543-44). The Federal Circuit, however, has held that *Twombly* does not require a Complaint to specifically include each element of the claims of the asserted patent. *McZeal,* 501 F.3d at 1357. Morever, the level of detail requested by Defendants, e.g. identifying

a specific product that meets the "specific description in the patent's claims of the alleged invention," VOLKSWAGEN REPLY at 3, is the province of discovery and more properly delivered in P.R. 3-1 infringement contentions. *See McZeal*, 501 F.3d at 1358 (noting that "[at] this stage in the litigation" all plaintiff has access to is public information and knowledge and "the specifics of how [defendant's] purportedly infringing device works is something to be determined through discovery."); *accord Xpoint Tech.,* 730 F. Supp. 2d at 353; *see also Realtime*, 721 F. Supp. 2d at 544 (finding that a complaint need not reach the specificity of P.R. 3-1 disclosures).

Defendants' reliance on *Realtime* and *Landmark* is also misplaced. In *Realtime*, this Court held that "Realtime's vague reference to 'data compression products and/or services, when asserting four patents with a multitude of claims . . . fails to inform Defendants as to what they must defend." *Realtime*, 721 F. Supp. 2d at 543. EIP's identification of a tangible, reasonably specific category of products, "automotive LED lights," is far more informative than "Realtime's vague reference to 'data compression products and/or services.'" Moreover, the nebulous nature of the patents at issue in *Realtime*, "systems and methods for content dependent data compression" and "systems and methods for data feed acceleration," combined with the quantity of patents at issue necessitated more detail in the complaint to put the defendants on notice as to what they had to defend.

Similarly, the court in *Landmark* found that, taking the complaint as a whole, plaintiff's identification of defendants' "electronic commerce systems" "simply fails to inform [defendant] what it must defend." *Landmark Tech.*, 2010 WL 5174954, at *3-4. This ambiguity combined with the plaintiff's generic assertion of three patents across all defendants failed to provide the defendants proper notice of what they were to defend. *See id.* at *1, *3; *cf. Realtime*, 721 F. Supp. 2d at 539 (noting that there is no absolute requirement that a complaint alleging infringement against multiple defendants contain "defendant-specific identification"). Again, there is a clear distinction

8

between the identification of a tangible, concrete category of products and the amorphous "electronic commerce systems."

Volkswagen and Bentley's reliance on *Joao Bock* for the proposition that EIP's use of the phrase "on information and belief" while asserting twenty-six (26) claims renders the pleading insufficient is misplaced. VOLKSWAGEN MOTION at 6 (citing *Joao Bock Transaction Sys. of Texas,* 2010 WL 5343173 at *1, *3). As an initial matter, pleading "on information and belief" is not fatal. *Intravisual Inc. v. Fujitsu Micoelectronics America, Inc.,* No. 2:10-cv-90, 2011 1004873, at *4 (E.D. Tex Mar. 18, 2011) (finding that "on information and belief" pleadings are generally permissible under the Federal Rules)(citing *Johnson v. Johnson*, 385 F.3d 503, 531 n.19 (5th Cir. 2004)). Second, there is no absolute requirement that a complaint for patent infringement specifically identify the patent claims the plaintiff is asserting. *See Atwater Partners of Texas,* 2011 WL 1004880, at *2-3; *see also Ardente, Inc. v. Shanley,* No. C 07-4479, 2010 WL 546485, at *5 n.6 (N.D. Cal Feb. 10, 2010) (noting that the court is "unaware" of any cases interpreting Form 18 or *Twombly* as requiring that a complaint identify specific claims); *Aspex Eyewear, Inc. v. Cariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008)(rejecting defendant's argument that plaintiff's complaint should be dismissed because it failed to identify specific claims). Additionally, *Joao Bock* involved markedly different facts and circumstances. In *Joao Bock*, the complaint only alleged that defendants made or sold "infringing products and services" and asserted the entirety of a patent containing 424 claims. *Joao Bock Transaction Sys of Texas,* 2010 WL 5343173 at *3. This is in stark contrast to the instant case where EIP identified Defendants' "exterior automotive LED lights" and only generally asserted twenty-six (26) claims.

Lastly, Ford argues that EIP's failure to identify a specific Ford automotive LED light prevents Ford from identifying which of its suppliers may be proper parties to participate in the

action. FORD REPLY at 2-3. Ford provides no authority for why this concern warrants dismissal of a complaint in compliance with Form 18. Certainly, Ford's concern can be addressed at an early stage in the discovery process. Ford's citation to *Bedrock Computer Techs., LLC* is unavailing because the plaintiff in that case only identified "products and/or services" whereas Plaintiff here identifies a particular type of product. *Bedrock Computer Techs, LCC*, 2010 WL 575172, at *1,*3; *see also Atwater Partners*, 2011 WL 1007880, at *3 (finding that Form 18 does not require the identification of a specific product).

## CONCLUSION

EIP's Complaint clearly meets the pleading standard set forth in Rule 8, *Twombly*, and Form 18. EIP properly identified a reasonably specific category of products, "automotive LED lights," which closely paralleled Form 18. Thus, the Complaint, taken as a whole, provides enough notice as to what the Defendants are required to defend. Accordingly, the Court **RECOMMENDS** that Defendants' motions (Doc. Nos. 35 & 38) be **DENIED**.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in this report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 11415. 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 29th day of September, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE