UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § | Case No. 6:12-cv-499 MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
| *Defendants.* | § | |
| | § | |
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § | Case No. 6:12-cv-598 MHS |
| | § | |
| v. | § | CONSOLIDATED CASE |
| | § | |
| Soundmouse, Ltd. | § | Jury Trial Demanded |
| *Defendant.* | § | |

**ORDER DENYING DEFENDANT SOUNDMOUSE, LTD.'S
MOTION TO DISMISS [DKT. 644]**

The Court denies Soundmouse, Ltd.'s motion to dismiss for insufficient service of process. Soundmouse is wrong that service of process did not comply with the Hague Convention. The evidence indicates Soundmouse received service of process via registered mail, which the Hague Convention permits under Federal Rule of Civil Procedure 4(h)(1)(A), which specifies that a foreign corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." FED. R. CIV. P. 4(h)(1)(A). "[A]n individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in

1

courts of general jurisdiction in the state where the district court is located." *Id.* R.

4(e)(1). Texas law provides that

> [t]he secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

TEX. CIV. PRAC. & REM. CODE § 17.044(b). A nonresident does business in Texas if it

"commits a tort in whole or in part in [Texas]." *Id.* §17.042(2). Patent infringement

is a tort; thus, the use, sale, and marketing of Soundmouse's infringing products in

Texas establish that Soundmouse was "doing business" in Texas for purposes of the

Texas service statute and Rule 4(h)(1)(A). *ATEN Int'l Co. Ltd. v. Emine Tech. Co.,

Ltd.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009). It follows that substituted service on the

Texas Secretary of State was proper. *Id.*

    In situations like this one, the Hague Convention permits service of process

by mail if the receiving state does not object. *Burda Media, Inc. v. Viertel*, 417 F.3d

292, 299-300 (2d Cir. 2005). The United Kingdom—where Soundmouse is located

and received service of process—does not object. *See* http://bit.ly/11nmWrG (Hague

Convention website indicating that the United Kingdom does not object to service of

process by mail); http://1.usa.gov/ZvHCRF (U.S. State Department website

indicating same); *Brockmeyer v. May*, 383 F.3d 798, 805-06 (9th Cir. 2004) (noting

that the United Kingdom does not object to service of process by mail under section

10(a) of Hague Convention); *EOI Corp. v. Medical Mktg.*, 172 F.R.D. 133, 142

(D.N.J.1997) (same); *The Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL

2788203, at *7 (E.D. Pa. July 13, 2010) (same). Soundmouse admits that it received the process documents from the Texas Secretary of State via registered mail. *See* Dkt. 644 at 2; *see also Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F.Supp.2d 654, 662 (N.D. Tex. 2002) (substituted service of process on Texas Secretary of State satisfies the Hague Convention provided that Secretary forwards process documents to defendant via registered mail).

Service being deemed proper, the Court denies Soundmouse's Motion to Dismiss.