# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | § | |
|---|---|---|
| **GARNET DIGITAL, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:11-CV-647 |
| | § | |
| **APPLE, INC. et al.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Before the Court is Defendant United States Cellular Corporation's ("U.S. Cellular") Motion to Dismiss for Improper Venue (Docket No. 116). Having considered the parties' written submissions, the Court **GRANTS** U.S. Cellular's Motion to Dismiss.

## BACKGROUND

On December 2, 2011, Garnet Digital, LLC ("Garnet") filed an action against several defendants, including U.S. Cellular, alleging infringement of U.S. Patent No. 5,379,421, entitled "Interactive Terminal For The Access of Remote Database Information" ("the '421 Patent"). Garnet is a Texas limited liability corporation with its principal place of business in Plano, Texas, while U.S. Cellular is a Delaware corporation with its principal place of business in Chicago, Illinois. Docket No. 4, 2, 8.

## APPLICABLE LAW

Venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant is "deemed to reside in any judicial

district in which it is subject to personal jurisdiction at the time the action is commenced." *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990); *see* 28 U.S.C. § 1391(c).

The question of personal jurisdiction in the context of venue is limited to the judicial district where the suit was brought. Therefore a plaintiff must demonstrate that the defendant has sufficient minimum contacts with the district where the suit was brought to show venue was proper. *See* 28 U.S.C. § 1391(d) ("[I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."); *VE Holdings Corp.*, 917 F.2d at 1583.

The minimum contacts requirement may be met by a plaintiff showing either "general" or "specific" jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.'" *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *Id.* (quoting *Helicopteros*, 466 U.S. at 414–16). In the case of corporate defendants, it is proper for a court to exercise general jurisdiction when a corporation is "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

A court may also exercise specific jurisdiction over a defendant when the defendant purposefully directed its activities at residents of the forum state, the claim arises out of or relates

2

to the defendant's activities within the forum state, and the assertion of personal jurisdiction is reasonable and fair. *Inamed Corp. v. Kuzmak*, 249 F.3d 1359, 1360 (Fed. Cir. 2001) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)). A plaintiff bears the burden of proving that minimum contacts exist through the first two requirements, while a defendant bears the burden of proving that the exercise of jurisdiction would be unreasonable, corresponding to the third requirement. *Elecs. for Imaging v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

## ANALYSIS

U.S. Cellular argues venue is improper, because U.S. Cellular does not have minimum sufficient contacts with the Eastern District of Texas. U.S. Cellular does not provide wireless service directly to this district, it does not maintain cellular towers in this district, and it does not have any stores, offices, bank accounts or real property in this district. Docket No. 116, 2. Additionally, U.S. Cellular does not engage in any business activities that are specifically directed towards the residents of the Eastern District of Texas, as it does not advertise or solicit business from customers in this district. *Id.* Garnet argues venue is proper, because U.S. Cellular has over 300 customers located in this district and provides cellular service in this district via roaming agreements. Docket No. 230, 2, 4–6. Garnet explains that U.S. Cellular mails customer bills to this district and cashes checks from customers located within the district. Docket No. 246, 4. U.S. Cellular counters that while it may have customers located in this district, customers cannot sign up for service in this district because there are no stores located in the Eastern District of Texas and U.S. Cellular's website does not allow customers with an address in this district to sign up for service. Docket No. 243, 2–3. Additionally, the number of U.S. Cellular's customers located in the Eastern District represents .005% of U.S. Cellular's total customers nationwide. Docket No. 243, 4.

3

While there are U.S. Cellular customers that enter this district and use their allegedly infringing products here, a customer cannot enter a U.S. Cellular store and obtain service in the Eastern District of Texas.[1] The test for minimum contacts focuses on *defendant's* actions with the forum state and not a third party's independent actions. *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State"); *Burger King Corp.* 471 U.S. at 475 ("Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State.") (citing *McGee* v. *Int'l Life Insurance Co.,* 355 U.S. 220, at 223 (1957)). Accordingly, U.S. Cellular's customers' independent actions are not sufficient to establish minimum contacts in this district.[2] The proper inquiry is whether U.S. Cellular has purposefully directed its activities toward the residents of the Eastern District of Texas by targeting customers.

Garnet next argues U.S. Cellular's roaming agreements create sufficient minimum contacts in the Eastern District of Texas because their contacts with the district are similar to other cases where this Court has exercised jurisdiction. *See Centre One v. Vonage Holdings Corp.*, No. 6:08CV467, 2009 U.S. Dist. LEXIS 69683 (E.D. Tex. Aug. 10, 2009)(holding that agreements between telecommunication companies to create a network that allows customers to make telephone calls over the internet were sufficient to establish personal jurisdiction); *Freedom Wireless Inc. v. Cingular Wireless LLC*, No. 2:06CV505, 2008 U.S. Dist. LEXIS 74782 (E.D. Tex. Sept. 29, 2008)(finding minimum contacts existed when a cellular provider

---

[1] U.S. Cellular explains it offers service in neighboring Oklahoma, and it believes many of its customers that reside in the Eastern District of Texas purchase the service while shopping or working in Oklahoma. Docket No. 243, 3.
[2] Under either *Asahi* test, U.S. Cellular's customers' activities are insufficient to establish personal jurisdiction over U.S. Cellular. Specifically, U.S. Cellular does not have an expectation that its products are marketed within the Eastern District of Texas, because it does not have any stores, resellers, or distributors in the district and as discussed later, U.S. Cellular has not specifically directed its activities towards the residents of the Eastern District of Texas. *Asahi*, 480 U.S. at 112, 117.

contracted with a Plano-based company to develop, implement and manage a prepaid wireless system in Texas). However, these cases are distinguishable. In both cases, defendants contracted with a company to operate a network in Texas or contracted with a company to operate equipment located in Texas. Here, U.S. Cellular has no other operations in this district aside from the roaming contracts. U.S. Cellular's only contacts with this district are its roaming agreements. Other courts have considered whether roaming agreements alone are sufficient to establish personal jurisdiction over a cellular provider and have held these agreements alone are not sufficient to establish personal jurisdiction. *See Cmty. Voice Line LLC v. MetroPSC Commc'ns, Inc.*, No. C11–4019(MWB), 2011 U.S. Dist. LEXIS 19350 (N.D. Iowa Feb. 25, 2011); *Attachmate Corp. v. Celcom Axiata Berhad,* No. C10–0526(RSM) 2010 U.S. Dist. LEXIS 123501 (W.D. Wash. Nov. 22, 2010); *Tech. Patents, LLC v. Deutsche Telekom AG,* 573 F. Supp. 2d 903 (D. Md. 2008); *Thomas v. Centennial Commc'ns. Corp.,* No. 3:05CV495, 2006 U.S. Dist. LEXIS 92555 (W.D. N.C. Dec. 19, 2006). U.S. Cellular lacks sufficient minimum contacts with the Eastern District of Texas.

Venue is also proper in a jurisdiction where "the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In this case, U.S. Cellular is a Delaware corporation with its principal place of business in Chicago, Illinois. It does not have a regular and established place of business in the Eastern District of Texas. Accordingly, venue is improper in this case.

## CONCLUSION

The Court **GRANTS** U.S. Cellular's Motion to Dismiss for Improper Venue.

**So ORDERED and SIGNED this 27th day of September, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**