UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC,<br>*Plaintiff,*<br>v.<br>Texas Instruments, Inc., et al.,<br>*Defendants.* | § § § § § § § § § | CASE NO. 6:12-cv-499 MHS<br>LEAD CASE<br>Jury Trial Demanded |
| Blue Spike, LLC,<br>*Plaintiff,*<br>v.<br>Cognitec Systems Corporation and Cognitec Systems GmbH,<br>*Defendant.* | § § § § § § § § § | CASE NO. 6:13-cv-124 MHS<br>CONSOLIDATED CASE<br>Jury Trial Demanded |

**Declaration of Randall Garteiser in Support of Plaintiff Blue Spike LLC's Opposition to Defendant Cognitec System Corporation's Motion to Dismiss or Transfer**

I, Randall Garteiser, declare as follows:

1.  I, Randall T. Garteiser, am a partner in the law firm of Garteiser Honea, P.C. We represent Plaintiff Blue Spike LLC in this lawsuit. I have personal knowledge of the information contained in this declaration and can testify to the truth of these statements.

2.  Attached hereto as Exhibit 1 is a true and correct copy of a Consolidation Order signed by Judge Schneider on March 25, 2013 in this case, *Blue Spike, LLC v. Texas Instruments, Inc.*, lead Case No. 6:11-cv-00499.

3.  Attached hereto as Exhibit 2 is a true and correct copy of the homepage on Defendant's website accessed on May 8, 2013.

1

4. Attached hereto as Exhibit 3 is a true and correct copy of an article titled "Upending the Uncanny Valley," detailing the use of Defendant's infringing products at the University of Texas.

5. Attached hereto as Exhibit 4 is a true and correct copy of an article titled "Frost & Sullivan Lauds Cognitec for its Highly Successful Product Line Strategy in the Face Recognition Biometrics Market," noting Defendant's business strategy of integrating its technology into the products of its partners.

6. Attached hereto as Exhibit 5 is a true and correct copy of the "Customers" page on Defendant's website listing nearly 40 of Defendant's customers and/or partners.

7. Attached hereto as Exhibit 6 is a true and correct copy of the "Locations" page on the website for 3M, Defendant's customer and/or partner, displaying three Texas locations: Angleton, Austin, and Brownwood.

8. Attached hereto as Exhibit 7 is a true and correct copy of the "Locations" page on the website for Lockheed Martin, Defendant's customer and/or partner, displaying two Texas locations: Forth Worth and San Antonio.

9. Attached hereto as Exhibit 8 is a true and correct copy of the "Contact Us" page on the website for NEC Corporation of America, Defendant's customer and/or partner, displaying its headquarters in Irving, Texas.

10. Attached hereto as Exhibit 9 is a true and correct copy of the "Locations" page on the website for Siemen, Defendant's customer and/or partner, listing 49 separate locations in Texas, including locations in the Eastern District of Texas.

11. Attached hereto as Exhibit 10 is a true and correct copy of the "Locations" page on the website for Unisys, Defendant's customer and/or

partner, listing a location in Carrollton, Texas, located in the Eastern District of Texas.

12. Attached hereto as Exhibit 11 is a true and correct copy of *Oasis Research, LLC v. Adrive, LLC*, No. 4:10-CV-435 (E.D. Tex. May 23, 2011) finding that personal jurisdiction was further established by a defendant's partnership with a company owning a plant and doing business in Texas.

13. Attached hereto as Exhibit 12 is a true and correct copy of the "How to Buy" page on Defendant's website, directing potential Texas customers to click a link to contact the sales team.

14. Attached hereto as Exhibit 13 is a true and correct copy of the "Contact" page on Defendant's website, directing potential Texas customers to fill out a form to purchase Defendant's products.

15. Attached hereto as Exhibit 14 is a true and correct copy of an article titled "Reliable accuracy in face identity proven" on the website Examiner.com, summarizing a broadcast of a Texas-based radio show featuring Cognitec.

16. Attached hereto as Exhibit 15 is a true and correct copy of the "Archive" page on the website of *The Promise of Tomorrow*, a radio program based in Dallas, Texas, noting a discussion with Cognitec on September 19, 2011.

17. Attached hereto as Exhibit 16 is a true and correct copy of the home page on the website of *The Promise of Tomorrow*, a radio program based in Dallas, Texas, which has featured Cognitec on its program.

18. Attached hereto as Exhibit 17 is a true and correct copy of *Net Navigation Sys., LLC v. Alcatel-Lucent USA, Inc.*, No. 4:11-CV-663, at 8-10 (E.D. Tex. Aug. 27, 2012), denying transfer because, like this case, plaintiff

filed multiple suits concerning the same four patents in this district and the Court combined those suits for pretrial purposes, signifying that "another court would be required to conduct duplicative proceedings regarding claim construction, expert discovery, and other issues."

19. Attached hereto as Exhibit 18 is a true and correct copy of *Oasis Research, LLC v. Pro Softnet Corp.*, No. 4:12-CV-531, at 11 (E.D. Tex. Aug. 21, 2012), holding that because a plaintiff had filed multiple suits in this district concerning the same four patents, concerns of judicial economy weighed heavily against transfer; if the Court transferred the case, "another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues."

20. Attached hereto as Exhibit 19 is a true and correct copy of *Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*, No. 6:11-CV-00173, at 9-10 (E.D. Tex. Sept. 27, 2012) that denies a motion to transfer patent suit that had already been consolidated with another suit, as "the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily . . . against transfer."

21. Attached hereto as Exhibit 20 is a true and correct copy of a press release featured on Daon's website, a customer and/or partner of Cognitec, announcing a partnership between Cognitec and Daon.

22. Attached hereto as Exhibit 21 is a true and correct copy of a Media Release, available on Cognitec's website, announcing a partnership between Cognitec and AxxonSoft, titled "Cognitec's face recognition technology successfully deployed in several video surveillance systems developed by AxxonSoft."

23. Attached hereto as Exhibit 22 is a true and correct copy of *Advanced Processor Technologies, LLC v. Atmel Corp.*, No. 2:12-CV-152-JRG-RSP, at 10 (E.D. Tex. Mar. 26, 2013) that denies a motion to transfer in part because "[a]ll of Plaintiff's evidence is located within the district."

24. Attached hereto as Exhibit 23 is a true and correct copy of *Geotag, Inc. v. Aromatique, Inc., et al,* No. 2:10-cv-570 (E.D. Tex. Jan. 14, 2013) holding that a defendant must identify witnesses in order to prove that the compulsory process weighs in favor of transfer.

25. Attached hereto as Exhibit 24 is a true and correct copy of *Cell and Network Selection, LLC* v. *AT&T Mobility, LLC*, No. 6:11-CV-706, at 9 (E.D. Texas April 29, 2013) that denies a motion to transfer, finding that because "[d]efendants fail to specifically identify employees with relevant knowledge of the accused devices," the cost of attendance for willing witnesses did not weigh in favor of transfer.

I declare on May 9, 2013, in Marin County under penalty of perjury under the laws of the United States that the statements made in this declaration are true and correct.

*/s/* Randall Garteiser
Randall Garteiser