UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff*, | § | Case No. 6:12-cv-499 MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
|     *Defendants*. | § | |
| | § | |

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff*, | § | Case No. 6:13-cv-124 MHS |
| | § | |
| v. | § | Consolidated Case |
| | § | |
| Cognitec Systems Corporation and | § | Jury Trial Demanded |
| Cognitec Systems GmbH, | § | |
|     *Defendants*. | § | |

**BLUE SPIKE'S OPPOSITION TO COGNITEC SYSTEMS GMBH'S MOTION TO DISMISS [DKT. 626]**

Plaintiff Blue Spike, LLC opposes Defendant Cognitec Systems GmbH's ("Cognitec's") motion to dismiss. Cognitec's contacts with Texas support asserting personal jurisdiction over Cognitec.

**FACTUAL BACKGROUND**

Blue Spike's four patents-in-suit teach bedrock principles and pioneering advancements essential to today's widespread biometric-identification and security systems. Many of today's biometric-identification and security providers—including Cognitec—have built their companies by infringing Blue Spike's patents. Blue Spike

1

has filed over 50 lawsuits against patent infringers in this Court, which has consolidated the suits for pretrial purposes because the suits "involve a common question of law or fact." *See* Ex. 1 (consolidation order).

Cognitec is a biometrics company that "develops market-leading face recognition technologies and applications for enterprise and government customers around the world." *See* Ex. 2. Cognitec declares that "[a]round the globe, other companies have developed and continue to create new solutions using our technology." *See* Ex. 2. Cognitec's "global" and "market-leading" biometric products are built on Blue Spike's patented inventions and are actively sold in Texas.

## LEGAL STANDARDS

In ruling on a motion to dismiss for lack of personal jurisdiction, a trial court must accept plaintiff's uncontroverted, nonconclusory factual allegations as true and resolve all controverted allegations in the plaintiff's favor. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). If the plaintiff presents a prima facie case supporting jurisdiction, dismissal is improper. *Id*; *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). In assessing venue, the analyses of venue and personal jurisdiction merge in this case. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction.").

ARGUMENT

I.     **Cognitec's Continuous and Systematic Contacts with Texas, and its Texas Contacts Directly Related to the Alleged Infringement, Support the Exercise of Personal Personal Jurisdiction.**

    **A. Cognitec's Subsidiary's Contracts and Sales of Accused Products in Texas Support Personal Jurisdiction.**

Cognitec maintains that it "does not and has never done any business whatsoever in Texas or this judicial district" Dkt. 626 at 2. This is not right. Cognitec's subsidiary, Cognitec Systems Corporation, *has* entered into contracts in Texas. Dkt. 625 at 1-2 (admitting Cognitec has entered into "a total of six (6) license agreements with two customers located in Texas," citing Kelesoglu Decl. ¶5). Cognitec does not deny that it receives income from its subsidiary. Additionally, Cognitec's accused products are currently being utilized in robotic research at the University of Texas. *See* Ex. 3. Just as personal jurisdiction exists for the subsidiary, it exists for the parent. Cognitec Systems Corporation and Cognitec share a website, a name, and accused products; they represent to have the same partners; and potential customers are funneled through the same online form. The two companies do not meaningfully attempt to differentiate themselves. Cognitec Systems Corporation is merely a U.S. base of operations for its parent, which maintains full control over its subsidiary. Cognitec Systems Corporation is an extension of its parent and subjects Cognitec to personal jurisdiction here.

3

**B. Cognitec's Partners and Their Use and Sales of Accused Products Also Support Asserting Jurisdiction in Texas.**

Cognitec operates pervasively throughout Texas via its extensive network of partners, who use the accused products in Texas. Cognitec has been lauded for "gain[ing] a strong foothold in the market through partners such as system integrators and solution providers." *See* Ex. 4. Many of these customers and partners, listed under the "customers" tab on Cognitec's website, are recognizable as global leaders in their respective industries, such as: 3M, Adobe, Lockheed Martin, NEC, Siemens, Unisys, and Volkswagen. *See* Ex. 5. Many of these companies have Texas plants or operations, including 3M, Lockheed Martin, NEC, Siemens, and Unisys. *See* Exs. 6-10. Some of these locations are in the Eastern District of Texas, such as Siemens's Plano location, and Unisys' Carrollton location. *See* Ex. 9, 10. These Texas "integrators" incorporate Cognitec's infringing technologies and ensure the accused products reach Texas. Minimum contacts may be established when "defendants generate income from forum residents," including income generated from partners. *Oasis Reasearch, LLC v. Adrive, LLC*, 2011 U.S. Dist. LEXIS 80471 at *17. (attached as Ex. 11) (holding that a defendant's partnership with a company owning a plant and doing business in Texas helped establish personal jurisdiction). Through its partners, Cognitec generates income in Texas, establishing a prima facie case supporting personal jurisdiction.

**C. Cognitec Actively Solicits Business In Texas.**

Cognitec uses its website to solicit direct sales from Texas consumers. *See* Ex. 12. Users are prompted to connect with the sales department by filling out an online

form. *See* Ex. 13. Such uses provide a basis for personal jurisdiction. *See AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006) (holding that Texas courts have personal jurisdiction over company whose "potential customers" in Texas can "fill out an online form and apply for [the company's] services through its website").

Cognitec also solicits business in Texas, advertising its products through press releases with Texas media. Merkatum—one of Cognitec's partners based in Austin, Texas—released an advertisement on *Business Wire* to promote products that incorporate Cognitec's infringing technologies. Cognitec also participated on a Texas-based radio program, attempting to gain more exposure in Texas. *See* Exs. 14-16.

Cognitec thus sells its accused products in Texas—both directly and through its Texas partners—and it actively solicits Texas business. The exercise of personal jurisdiction is proper.

### D. It Would Be Improper to Grant Dismissal Before Allowing Blue Spike to Conduct Jurisdictional Discovery.

The facts establish a prima facie showing of personal jurisdiction in this case. But if the Court is not yet persuaded, it should permit Blue Spike to conduct jurisdictional discovery. "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). Blue Spike has met that threshold and should therefore be allowed to

conduct jurisdictional discovery if the Court is inclined to rule against Blue Spike on Cognitec's motion.

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Cognitec's motion to dismiss for lack of personal jurisdiction.

May 9, 2013

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 9th day of May, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

/s/ Randall T. Garteiser
Randall T. Garteiser