# Exhibit 11

Positive
As of: May 8, 2013 7:55 PM EDT

# Oasis Research, LLC v. Adrive, LLC

United States District Court for the Eastern District of Texas, Sherman Division
May 23, 2011, Decided; May 23, 2011, Filed
Case No. 4:10-CV-435

**Reporter:** 2011 U.S. Dist. LEXIS 80471

OASIS RESEARCH, LLC v. ADRIVE, LLC, ET. AL.

**Subsequent History:** Magistrate's recommendation at Oasis Research, LLC v. Adrive, LLC, 2011 U.S. Dist. LEXIS 80466 (E.D. Tex., May 23, 2011)
Adopted by, Motion denied by Oasis Research, LLC v. Adrive, LLC, 2011 U.S. Dist. LEXIS 80430 (E.D. Tex., July 25, 2011)

**Prior History:** Oasis Research, LLC v. Adrive, LLC, 2011 U.S. Dist. LEXIS 80483 (E.D. Tex., May 23, 2011)

**Core Terms**

personal jurisdiction, website, venue, infringe, minimum contact, improper venue, patent, forum state, waive, interactive, recommend, customer, online, storage services, prima facie, general jurisdiction, backup, server

**Counsel:** [*1] For Oasis Research, LLC, Plaintiff: Alan Kellman, John M Desmarais, Tamir Packin, PRO HAC VICE, Dmitriy Kheyfits, Desmarais LLP - New York, New York, NY; James Claud Tidwell, Wolfe Tidwell & McCoy, LLP, Sherman, TX.

For Adrive, LLC, Defendant: Bruce C Piontkowski, PRO HAC VICE, Tingley Piontkowski LLP, San Jose, CA; Michael Charles Smith, Siebman Burg Phillips & Smith, LLP-Marshall, Marshall, TX.

For AT&T Inc., Defendant: Phillip Brett Philbin, LEAD ATTORNEY, Donald E Tiller, Theodore George Baroody, Haynes and Boone, LLP, Dallas, TX; Kevin Eugene Cadwell, Baker Botts - Dallas, Dallas, TX.

For CARBONITE, INC., Defendant: John T Gutkoski, LEAD ATTORNEY, Kevin M Littman, Matthew B Lowrie, PRO HAC VICE, Michelle Ann Flores, Foley & Lardner, LLP--Boston, Boston, MA; Andy Tindel, Provost Umphrey Law Firm - Tyler, Tyler, TX.

For EMC CORP., DECHO Corp., Iomega Corp., Defendants: Christopher R Ottenweller, LEAD ATTORNEY, Indra Neel Chatterjee, Stacy B Margolies, Orrick Herrington & Sutcliffe - Menlo Park, Menlo Park, CA; Daniel N Kassabian, Orrick Herrington & Sutcliffe - San Francisco, San Francisco, CA; Eric Hugh Findlay, Findlay Craft, Tyler, TX.

For Godaddy.Com, Inc., Defendant: Brian W LaCorte, [*2] PRO HAC VICE, Ballard Spahr LLP - Phoenix, Phoenix, AZ; James Michael Young, Roger D Sanders, Sanders O'Hanlon & Motley, Sherman, TX.

For IRON MOUNTAIN, INC., Iron Mountain Information Management, Inc., Defendants: Bijal V Vakil, LEAD ATTORNEY, White & Case, LLP - Palo Alto, Palo Alto, CA; Clay Erik Hawes, LEAD ATTORNEY, Shannon A Lang, Morgan Lewis & Bockius - Houston, Houston, TX; Robert Christopher Bunt, Parker, Bunt & Ainsworth, P.C., Tyler, TX; Shamita D Etienne-Cummings, White & Case, Washington, DC.

For NetMass, Inc., Defendant: Clay Erik Hawes, LEAD ATTORNEY, Shannon A Lang, Morgan Lewis & Bockius - Houston, Houston, TX; Lee Landa Kaplan, LEAD ATTORNEY, Smyser Kaplan & Veselka, Houston, TX.

For Nirvanix, Inc., Defendant: Greg Harlan Parker, LEAD ATTORNEY, Heidi Parker, Hitt Gaines, PC, Richardson, TX.

For Officeware Corp., agent of FILESANYWHERE.COM, Defendant: Thomas Gerald Jacks, Scott A Meyer, Chalker Flores, LLP, Dallas, TX.

For PRO SOFTNET CORP., Defendant: Elizabeth M Weldon, Ketan S Vakil, Snell & Wilmer - Costa Mesa, Costa Mesa, CA.

For Rackspace Hosting, Inc., Rackspace US, Inc., Jungle Disk, LLC, Defendants: Anthony P Miller, Paul V Storm, STORM LLP, Dallas, TX.

For Softlayer [*3] Technologies, Inc., Defendant: Paul V Storm, LEAD ATTORNEY, Anthony P Miller, STORM LLP, Dallas, TX.

For Officeware Corp., Counter Claimant: Thomas Gerald Jacks, Scott A Meyer, Chalker Flores, LLP, Dallas,

TX.

For Oasis Research, LLC, Counter Defendant: Alan Kellman, Dmitriy Kheyfits, John M Desmarais, Tamir Packin, Desmarais LLP - New York, New York, NY; James Claud Tidwell, Wolfe Tidwell & McCoy, LLP, Sherman, TX.

For Iron Mountain Information Management, Inc., IRON MOUNTAIN, INC., Counter Claimants: Bijal V Vakil, LEAD ATTORNEY, White & Case, LLP - Palo Alto, Palo Alto, CA; Clay Erik Hawes, LEAD ATTORNEY, Shannon A Lang, Morgan Lewis & Bockius - Houston, Houston, TX; Shamita D Etienne-Cummings, White & Case, Washington, DC.

For AT&T Inc., Counter Claimant: Phillip Brett Philbin, LEAD ATTORNEY, Haynes and Boone, LLP, Dallas, TX.

**Judges:** AMOS L. MAZZANT, UNITED STATES MAGISTRATE JUDGE. Judge Schneider.

**Opinion by:** AMOS L. MAZZANT

**Opinion**

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Nirvanix, Inc.'s Motion to Dismiss for Misjoinder and Improper Venue, or in the Alternative, Motion to Transfer [1] (Dkt. #175). Having considered the relevant pleadings, the Court recommends [*4] the motion be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

In its Complaint, Plaintiff Oasis Research, LLC ("Oasis") accuses eighteen defendants of infringing U.S. Patent No. 5,771,354, U.S. Patent No. 5,901,228, U.S. Patent No. 6,411,943, and U.S. Patent No. 7,080,051. *See* Complaint (Dkt. #1) at 6-7. According to Oasis, the alleged infringement in this case "is limited to online backup/storage services." Response (Dkt. #178). Subsequently, several of the Defendants filed motions to sever themselves from the action and to transfer venue. Nirvanix, Inc. ("Nirvanix") also filed a misjoinder motion and made arguments regarding transfer for the convenience of the parties. In the alternative, Nirvanix argues it is "entitled to dismissal as the venue of this action...is clearly improper." Motion (Dkt. #175) at 5. In a separate opinion, the Court found that the Defendants were properly joined and denied transfer under 28 U.S.C. § 1404.

The Court now turns to Nirvanix's proper venue argument.

**II. PROPER VENUE**

Nirvanix argues [*5] it is entitled to dismissal of this action because venue is "clearly improper." [2] Motion (Dkt. #175) at 5. Nirvanix argues it resides in California because its corporate headquarters is located in California, it has no office in Texas or Texas employees, its website and servers are located and operated in California, all sales processing and research and development are handled in California, it has no Texas bank accounts, no Texas registered agent for service of process, and does not directly advertise in Texas or target Texas residents. *Id.* at 5-6. Nirvanix states it "maintains one data storage facility in Dallas, Texas (Dallas County), but it does not maintain any assets or equipment in the Eastern District of Texas." *Id.* at 5-6. Nirvanix argues that if the alleged infringement occurred, it occurred in California. *Id.* at 6.

Oasis counters that Nirvanix waived its venue challenge. Response (Dkt. #178) at 3. Oasis argues that under 28 U.S.C. § 1391(c), Nirvanix is deemed to reside in any district where it is subject to personal jurisdiction. [*6] *Id.* Oasis argues that Nirvanix is subject to this Court's personal jurisdiction because Nirvanix failed to bring a challenge to personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) in its challenge to improper venue. *Id.* at 3-4. Oasis argues that even if Nirvanix did not waive its improper venue defense, Nirvanix would still be subject to venue in this District because Nirvanix resides in this District under 28 U.S.C. 1400(b). *Id.* at 4.

The Court agrees with Oasis that Nirvanix waived its improper venue defense. Federal Rule of Civil Procedure 12(b)(3) allows defendants to move for dismissal based on improper venue. FED. R. CIV. P. 12(b)(3). When an objection to venue is raised, the burden is on the plaintiff to establish that the district he chose is a proper venue. *Knapper v. Safety Kleen Systems, Inc.*, No. 9:08-CV 84, 2009 U.S. Dist. LEXIS 30118, 2009 WL 909479 at *3 (E.D. Tex. April 3, 2009); *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001).

Nirvanix is a corporation, and for venue purposes, a corporation is deemed to reside in any district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c); *Int'l Software Sys. v. Amplicon, Inc.*, 77 F.3d 112, 114 n. 2

---

[1] The Court addressed Defendant Nirvanix, Inc.'s misjoinder and transfer of venue arguments in a separate opinion. Here, the Court addresses only the improper venue argument.

[2] While not stated in its briefing, the Court assumes that Nirvanix moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(3).

(5th Cir. 1996). [*7] In a multi-district state like Texas, a corporation is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. 1391(c); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312-13 (5th Cir. 2008). Here, Nirvanix is subject to the personal jurisdiction of this Court because Nirvanix failed to bring a Rule 12(b)(2) challenge to personal jurisdiction in its Rule 12(b)(3) challenge to improper venue. When Nirvanix failed to bring a Rule 12(b)(2) challenge to personal jurisdiction with its Rule 12(b)(3) challenge to improper venue, Nirvanix waived its right to challenge improper venue because venue was established in this District under 28 U.S.C. § 1391(a)(1). *See Knapper*, 2009 U.S. Dist. LEXIS 30118, 2009 WL 909479 at *3 (because defendant waived personal jurisdiction defense, it resided in the district and venue was proper); *See also KMR Capital, L.L.C. v. Bronco Energy Fund, Inc.*, No. 5:06-CV-189, 2006 U.S. Dist. LEXIS 86240, 2006 WL 4007922, at *5 (W.D. Tex. July 11, 2006) (citing numerous cases stating that because defendant waived personal jurisdiction defense, it resided in the district, and venue was proper). Therefore, [*8] because Nirvanix is subject to personal jurisdiction in the Eastern District of Texas, it is deemed to reside here, and venue is proper.

### III. PERSONAL JURISDICTION

Even if Nirvanix had not waived its improper venue argument, venue is still proper because the Court has specific personal jurisdiction over Nirvanix. [3]

### A. Standard

In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003. If the parties have [*9] not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* Without an evidentiary hearing, the burden of establishing a prima facie showing of jurisdiction is on plaintiff. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Absent a controlling federal statute, a plaintiff may establish personal jurisdiction under Texas's long-arm statute and that exercising personal jurisdiction comports with Due Process. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376 (Fed. Cir. 1998); *see also* Fed. R. Civ. P. 4 (k)(1)(A). The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). [*10] Thus, the two-step inquiry is actually one federal due process analysis. *Johnston*, 523 F.3d at 609.

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). Both prongs must be satisfied in order for a court to exercise personal jurisdiction over the defendant. *Id.*

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists when a nonresident defendant's contacts with the fourm state are "substantial, continuous, and systematic." *Johnston*, 523 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). The defendant's contacts with the forum state are evaluated [*11] "over a reasonable number of years" up to the date the lawsuit was filed, and are to be reviewed in total rather than in isolation from one another. *Id. at 610*. When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *Id. at 613*.

When a plaintiff asserts specific jurisdiction over a nonresident defendant, the Court must determine (1) whether "the defendant purposefully directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there," and (2) whether "the controversy arises out of or is related to the defendant's conduct with the forum state." *Freudensprung*, 379 F.3d at 343. The fact that a Texas plaintiff suffered some harm in Texas is insufficient to establish spe-

---

[3]   Nirvanix states it "elected not to file a 12(b)(6) motion to dismiss for lack of personal jurisdiction because it believed that is was subject to the jurisdiction of the State of Texas." Reply (Dkt. #187) at 2. The Court assumes Nirvanix intended to refer to Rule 12(b)(2) and not Rule 12(b)(6). The Court understands Nirvanix's argument to be that personal jurisdiction is totally unrelated to venue. *See* Reply (Dkt. #187) at 2-3. The Court finds these statements to confirm Oasis's argument that Nirvanix waived a Rule 12(b)(2) defense of improper venue. However, out of an abundance of caution, the Court will consider whether personal jurisdiction is proper.

cific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudensprung*, 379 F.3d at 343. Contacts that are "random, fortuitous, or attenuated" do not satisfy the minimum contacts requirement. [*12] *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. In making a fundamental fairness determination, the Court must consider: (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5thCir. 2008).

**B. Analysis**

As Oasis does not argue Nirvanix is subject to the general jurisdiction of this Court, the Court will turn to whether Oasis has established this Court has specific jurisdiction. *See* Response (Dkt. #178) at 4-5; Sur-Reply (Dkt. #192) at 3. To establish specific jurisdiction over Nirvanix, Oasis must establish a prima facie showing that Nirvanix "purposefully directed its activities" toward Texas residents and that "the claim arises out of or is related to" Nirvanix's activities [*13] in Texas. *Freudensprung*, 379 F.3d at 343. Oasis argues that specific personal jurisdiction is proper because "Nirvanix maintains a highly interactive website that is available to members of this District, and Oasis's patent infringement claims relate to the online back/storage services Nirvanix provides through that website." Response (Dkt. #178) at 4.

The Federal Circuit has not provided guidelines to determine whether sufficient minimum contacts are established via a website. *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp.2d 669, 673 (E.D. Tex. 2006) (citation omitted). The Fifth Circuit and this District have followed the test outlined in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997). *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002); *AdvanceMe*, 450 F. Supp.2d at 673. Under the *Zippo* sliding-scale test, a passive website, which only allows the owner of the website to post information, is not sufficient to establish personal jurisdiction. *AdvanceMe*, 450 F. Supp.2d at 673 (citing *Revell*, 317 F.3d at 470). On the other end of the sliding scale is a website whose owners engage in repeated online contacts with forum residents through the site. *Id.* [*14] Such a website will likely meet the minimum contacts requirement. *Id.* Websites that fall in the middle of the sliding scale are "websites with some interactive elements and allow for bilateral information exchange." *Id.* When determining whether these websites have sufficient minimum contacts with the forum, the Court must "examine the interactivity and nature of the forum contacts." *Id.*

Oasis argues that it satisfies the requirement of making a prima facie showing that Nirvanix purposefully directs its activity at Texas residents. Oasis argues that Nirvanix's website allows customers to sign up for an account, enter contact information, create a username and password, select services, use a drop-down box, and enter credit card information. Response (Dkt. #178) at 4-5. Using their username and password, customers can log into a portion of the website called "Nirvanix Management Portal," where customers may "interactively set features of their online storage accounts." *Id.* at 5. Oasis also notes that Nirvanix transacts business with The Planet, Inc., which maintains a 106,000-square-foot data center within this district in Plano, Texas. *Id.* at 5.

Nirvanix responds that Nirvanix generates [*15] "essentially no sales in the Eastern District of Texas," that only 1% of sales are generated by its website, and that the website generated only $2.00 of revenue in the Eastern District of Texas "in the first quarter of 2011." Reply (Dkt. #187) at 3. Nirvanix also argues that its relationship with The Planet, Inc. is irrelevant because "a party's relationship with vendors who reside in Texas does not establish venue." *Id.* at 4.

Oasis contends, citing *Red Hat, Inc. v. Bedrock Comp., Techs., LLC*, No. 6:09-CV-549, 2011 U.S. Dist. LEXIS 82997 (E.D. Tex. Mar. 2, 2011), that unlike general jurisdiction, "specific jurisdiction arises out of or relates to the cause of action even if those contacts are isolated and sporadic." Sur-Reply (Dkt. #192) at 3. Therefore, according to Oasis, the Court has specific jurisdiction over Nirvanix because its infringement claims arise out of Nirvanix's online backup and storage services provided to Texas residents. *Id.* Oasis also argues that Nirvanix's revenue information is misleading as it does not cover revenue generated for the entire infringing period or omits sales made to residents of this District over the phone, "even though the underlying online backup and storage services are [*16] later provided to those customers through its website." *Id.* at 3-4. Oasis also argues that The Planet, Inc. is not only a vendor to Nirvanix, but states on its own website that it has a "partnership alliance with Nirvanix." *Id.*

The Court finds that Nirvanix's website is interactive. The website allows users to choose the product they wish to purchase, requires the customer to enter his name, address, utilizes a dropdown menu, and create a username and password. *See Variant, Inc. v. Flexol Packaging Corp.*, No. 6:08-CV-478, 2009 U.S. Dist. LEXIS 86839, 2009 WL 3082581, *1 (E.D. Tex. Sept. 21, 2009) (website considered interactive because it allowed users to enter contact information); *Red Hat, Inc. v. Bedrock Comp., Techs., LLC*, No. 6:09-CV-549, 2011 U.S. Dist.

LEXIS 82997 (E.D. Tex. March 2, 2011) (same); *see also* AdvanceMe, 450 F. Supp. 2d at 673 (finding a drop-down menu as a factor in determining whether an website is interactive). Also, the service allows Texas customers to store and retrieve files on servers owned by Nirvanix. Response (Dkt. #178) at 4-5.

Now the Court will consider whether Nirvanix has the requisite minimum contacts to be subject to specific personal jurisdiction in Texas. "[W]hen defendants perform additional acts to purposefully [*17] avail themselves of the forum state, such as advertising, conducting business transactions with residents of the forum state, and soliciting funds from residents in the forum state, there is sufficient support to find personal jurisdiction over the defendants." Autobytel, Inc. v. Insweb Corp., No. 2:07-CV-524, 2009 U.S. Dist. LEXIS 31287, 2009 WL 901482, at *2 (E.D. Tex. March 31, 2009) (citations omitted). Defendants have been found to have purposefully directed their activities to forum residents where forum residents use the allegedly infringing website in the forum. *See* Variant, 2009 U.S. Dist. LEXIS 86839, 2009 WL 3082581 at *2; AdvanceMe, 450 F. Supp. 2d at 673. Also, defendants have been found to have purposefully directed their activities to forum residents when defendants generate income from forum residents. *See* Variant, 2009 U.S. Dist. LEXIS 86839, 2009 WL 3082581 at *2; Autobytel, 2009 U.S. Dist. LEXIS 31287, 2009 WL 901482 at *3; *see also uBID*, 623 F.3d at 427-29. Websites that offer customer service options to forum residents have also been considered to be purposefully directed at forum residents. Autobytel, 2009 U.S. Dist. LEXIS 31287, 2009 WL 901482 at *3; Seoul Semiconductor Co., Ltd. v. Nichia Corp., No. 2:07-CV-276, 2008 U.S. Dist. LEXIS 70391, 2008 WL 4252444, at *1 (E.D. Tex. Sept. 10, 2008).

The Court finds that Oasis has presented [*18] a *prima facie* showing the Nirvanix has purposefully directed its allegedly infringing activities to Texas. Oasis alleges that Nirvanix's website offers online backup/storage services to Texas residents that infringe Oasis's patents. Texas residents use Nirvanix's allegedly infringing website by purchasing the allegedly infringing services. Texas residents may access Nirvanix's servers and move files to and from the servers. Without access to Nirvanix's servers, the allegedly infringing backup/storage services would not be available to Texas residents. Also, Nirvanix partners with a company in this District that owns a large warehouse that houses a data-storage facility. Accordingly, the Court finds Nirvanix has the requisite minimum contacts to be subject to specific personal jurisdiction in Texas.

Having found Oasis established that Nirvanix has sufficient minimum contacts for personal jurisdiction, the Court turns to whether exercising personal jurisdiction offends traditional notions of fair play and substantial justice. *See* Freudensprung, 379 F.3d at 343. The Court finds that subjecting Nirvanix to litigation in this district would not be unreasonable. While litigation in this [*19] district my impose some burden, "[i]t is well recognized that modern communication and transportation have made defending a lawsuit in a foreign tribunal less burdensome." ATEN Intern. Co. Ltd. v. Emine Tech. Co., Ltd., 261 F.R.D. 112, 120 (E.D. Tex. 2009). The Court also notes that Nirvanix has a partnership with a company in this District that also offers data-storage services. In the opinion of the Court, any burden on Nirvanix is outweighed by Nirvanix's purposeful direction of its website and products toward Texas residents and Oasis's interest in obtaining relief. The allegedly infringing website has been used, and is likely being used, by Texans, giving Texas a strong interest in discouraging injuries, including patent infringement, occurring within its borders. *See* Variant, 2009 U.S. Dist. LEXIS 86839, 2009 WL 3082581 at *3. Therefore, the Court concludes that exercising personal jurisdiction over Nirvanix would not be unreasonable.

Having found that the Court has specific personal jurisdiction over Nirvanix, the Court also finds that venue is proper. Venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established [*20] place of business." 28 U.S.C. § 1400(b). A corporate defendant, like Nirvanix, "reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See* 28 U.S.C. 1391(c); VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1584 (Fed. Cir. 1990). Therefore, even if Nirvanix had not waived its venue argument, venue is proper in this district as the Court found that Nirvanix is subject to the specific personal jurisdiction of this Court.

### IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends Defendant Nirvanix, Inc.'s Motion to Dismiss for Misjoinder and Improper Venue, or in the Alternative, Motion to Transfer [4] (Dkt. #175) be **DENIED.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within [*21] fourteen days after service shall bar an aggrieved party from *de novo* review by the district court

---

[4] The Court addressed Nirvanix's transfer of venue and misjoinder arguments in another opinion. Here, the Court addresses only the improper venue argument.

of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 23rd day of May, 2011.**

/s/ Amos L. Mazzant

AMOS L. MAZZANT

UNITED STATES MAGISTRATE JUDGE