UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, *Plaintiff*, v. Texas Instruments, Inc. et al., *Defendants*. | § § § § § § § § § § | Case No. 6:12-cv-499-MHS Lead Case Jury Trial Demanded |
| Blue Spike, LLC, *Plaintiff*, v. Entropic Communications, Inc., *Defendant*. | § § § § § § § § § § § § | Case No. 6:13-cv-125-MHS Consolidated Case Jury Trial Demanded |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION TO DISMISS [DKT. 685]**

Entropic Communications, Inc.'s reply in support of its motion to dismiss (Dkt. 685) applies the same incorrect pleading standard that the motion did. As the opposition explains (Dkt. 640 at 2), Blue Spike only has to "plead facts sufficient to place the alleged infringer on notice as to what [it] must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). This Court's recent opinions show that Blue Spike has met this standard. *See, e.g., InMotion Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG, 2013 WL 1279055 (E.D. Tex. Mar. 26, 2013); *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229, Dkt. 486 (E.D. Tex. July 27, 2012).

In arguing that Blue Spike has inadequately pleaded intent to induce infringement, Entropic points to a single sentence in Blue Spike's complaint (Dkt. 685 at 1) and completely ignores the supporting evidence that Blue Spike filed with its opposition. *See* Dkt. 640 Exs. 2-5. As Blue Spike already explained, this evidence shows that the accused products have specific infringing capabilities that Entropic is aggressively marketing in an effort to induce consumer use. *Id.* at 6-7 & n.2. Such evidence demonstrates intent to induce infringement. *See Symantec Corp. v. Veeam Software Corp.*, No. C-12-00700-SI, 2012 WL 1965832, at *5 (N.D. Cal. May 31, 2012) ("Specific intent can reasonably be inferred in this case from the allegations regarding defendant's marketing materials and offers to sell the infringing products."); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10-C-715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("[A]llegations are sufficient to show specific intent as well, because the Court may infer that by selling their infringing products the defendants intended their customers to use them and thus infringe TT's patents."); *Cal. Inst. of Computer Assisted Surgery, Inc. v. Med–Surgical Servs., Inc.*, No. C–10–05067–CW, 2011 WL 672709 at *4 (N.D. Cal. Feb. 16, 2011) ("[O]ne can infer from the information on the website, publicizing the technologies, offering brochures describing the products and users' manuals, as well as listing company customers, that Defendants were advertising and intended to use or sell the technologies.").

Blue Spike's evidentiary showing far surpasses what this Court found sufficient to defeat dismissal in *Imation*. There, the Court held that the plaintiff had

"provide[d] a sufficient basis to allege the knowledge and intent necessary to sustain allegations of indirect infringement," 2013 WL 1279055, at *5, where the complaint merely stated that "Imation has had knowledge of the [patents-in-suit] at least as early as the filing of the Complaint in this action, and, upon information and belief, continues to encourage, instruct, enable, and otherwise cause end users and/or customers to use its products in a manner which infringes the [patents-in-suit]." *See* Case No. 2:12-cv-00298-JRG, Dkt. 9, at ¶¶12, 22. If that statement from *Imation*, which lacked any supporting evidence, was sufficient to defeat dismissal, then surely the combination of Blue Spike's allegations and supporting evidence is sufficient to defeat dismissal here.

Entropic also incorrectly argues that Blue Spike has inadequately pleaded the elements of its contributory-infringement claims. Here, Blue Spike pleaded that the patents-in-suit are foundational to all of today's widespread automated-content-recognition applications; that the Accused Products are automated-content-recognition applications; and that the Accused Products have no substantial non-infringing use. This Court has recently held that such allegations are sufficient to defeat dismissal "[a]bsent a showing in the pleadings . . . that [all of the accused] products *do* have substantial noninfringing uses." *Imation*, 2013 WL 1279055, at *6. But Blue Spike has gone even further, submitting evidence that the accused products integrate technologies whose only stated purpose is content recognition. *See* Dkt. 640, Exs. 2-5. This more than suffices to meet Blue Spike's burden for pleading that the accused products have no substantial non-infringing uses. It is

true that the complaint does not specifically address "specialty components provided by Entropic that . . . are used as a part of" the infringing products and systems (Dkt. 685 at 4), but Blue Spike need not plead "each individual element of a claim for indirect infringement" to survive dismissal. *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (denying motion to dismiss that argued complaint was "deficient because it fails to allege the additional elements required to establish induced and contributory infringement"). Viewing Blue Spike's allegations in toto, Blue Spike has provided "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009).

Last, Blue Spike concedes that this Court's recent *Touchscreen* opinion warrants dismissing Blue Spike's willful-infringement claims—at least for now. *See* Dkt. 685 at 5. Blue Spike's complaint never alleged pre-filing willfulness, as Blue Spike had no basis for alleging pre-filing willfulness (although future discovery may change that). Instead, Blue Spike's willfulness allegations dealt with *post*-filing conduct, including the fact that Entropic has continued to infringe the patents-in-suit even after being put on actual notice of Blue Spike's patents-in-suit and of how Entropic's accused products infringe those patents. But *Touchscreen* holds that the receipt of a patent holder's complaint is not enough, by itself, to support claims for willful infringement. *See Touchscreen Gestures LLC v. Research in Motion Ltd.*, Case No. 6:12-263-MHS, Dkt. 22, at 3-4 (E.D. Tex. Mar. 27, 2013). Accordingly, Blue

4

Spike concedes that its willful-infringement claims should be dismissed for now, but it asks the Court to hold open the possibility of allowing Blue Spike to seek leave to amend its complaint if it "uncovers factual support" for claims of willful infringement. *Id.* at 5.

For these reasons plus those contained in its opposition (Dkt. 640), Blue Spike respectfully reiterates its request that the Court deny Entropic's motion to dismiss Blue Spike's contributory- and induced-infringement claims.

Respectfully submitted,

 /s/ Randall T. Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 randall.garteiser@sftrialattorneys.com
Christopher A. Honea
 Texas Bar No. 24059967
 chris.honea@sftrialattorneys.com
Christopher S. Johns
 Texas Bar No. 24044849
 chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 10, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

   /s/ Randall T. Garteiser
Randall T. Garteiser