UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC,<br>*Plaintiff*,<br>v.<br>Texas Instruments, Inc., et al.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§ | Case No. 6:12-cv-499-MHS<br>Lead Case<br>Jury Trial Demanded |
| Blue Spike, LLC,<br>*Plaintiff*,<br>v.<br>Amano Cincinnati, Inc.,<br>*Defendant*. | §<br>§<br>§<br>§<br>§ | Case No. 6:13-cv-109-MHS<br>Consolidated Case<br>Jury Trial Demanded |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION TO DISMISS [DKT. 577][1]**

Amano Cincinnati, Inc.'s reply in support of its motion to dismiss (Dkt. 687) applies the same incorrect pleading standard that the motion did. As explained in the opposition (Dkt. 650 at 3-4), Blue Spike does not have to tie specific patents-in-suit to particular accused products or provide a comprehensive list of accused products at this point. *See InMotion Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG, 2013 WL 1279055, at *5 (E.D. Tex. Mar. 26, 2013); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp.

[1] Blue Spike is simultaneously filing a surreply to the motion to dismiss filed by Amano's subsidiary corporation, Accu-Time Systems, Inc. (Dkt. 576). Because the two companies' motions are virtually identical, Blue Spike's oppositions overlap significantly.

2d 349, 353 (D. Del. 2010). Nor does Blue Spike have to specify which claims of the patents-in-suit are at issue (*contra* Dkt. 687 at 2). *See Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-CV-175-TJW, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) ("[T]here is no requirement that the complaint specify which specific claims the plaintiff is asserting."). Blue Spike only has to "plead facts sufficient to place the alleged infringer on notice as to what [it] must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Amano nevertheless tries to conduct an entire evidentiary hearing within the confines of its seven-page reply, going so far as to analyze the technical capabilities of its products and the history of biometric technology.[2] This approach is fundamentally misguided in the 12(b)(6) context, and it also disproves Amano's claim that it cannot tell what it is supposed to defend against.

Amano also wades deep into the facts on the issue of substantial non-infringing use, parsing the language of its own promotional materials and claiming that particular verbiage conclusively and comprehensively specifies what its products can be used for. *See* Dkt. 687 at 3. Again, this approach is fundamentally misguided in the 12(b)(6) context. Further, Amano addresses only one of the six specifically named accused products (Time Guardian software). *Id*. Thus, even if the approach were proper, it still would not justify

[2] Amano has apparently also conducted its own independent claim construction, as it confidently opines that "[n]one of the patents-in-suit is directed to software that integrates with biometric terminals." Dkt. 687 at 2 n.1. This sort of fact-based conclusion has no place in the 12(b)(6) context.

dismissal of *all* of Blue Spike's claims. The salient facts are these: Blue Spike pleaded that the patents-in-suit are foundational to all of today's widespread biometric technology; that Amano makes biometric products; and that at least some of Amano's biometric products have no substantial non-infringing use. This Court has recently held that such allegations such as Blue Spike's are sufficient to defeat dismissal "[a]bsent a showing in the pleadings . . . that [all of the accused] products *do* have substantial noninfringing uses." *Imation*, 2013 WL 1279055, at *6.

Amano also argues that Blue Spike's induced-infringement claims fail for the same reasons as its contributory-infringement claims. Dkt. 687 at 4-5. This makes no sense, as the facts relevant to the two kinds of infringement claims are different. The facts relevant to Blue Spike's induced-infringement claims are these: Blue Spike alleges that Amano makes, uses, offers for sale, or imports into the U.S. products, systems, or services, including several specifically identified consumer products, that infringe the patents-in-suit. Cause No. 6:13-cv-00109-MHS, Dkt. 1 at ¶27. The identification of these specific consumer products permits a reasonable inference that Amano intends its customers to use them. These facts alone constitute a facially plausible claim for induced infringement, but Blue Spike has gone farther: it has submitted *evidence* that the accused products have specific infringing capabilities that Amano markets in an effort to induce consumer use. *See* Dkt. 650, Ex. 3. This evidentiary showing surpasses what this Court found

sufficient to defeat dismissal in *Imation*.[3] There, the Court held that the plaintiff had "provide[d] a sufficient basis to allege the knowledge and intent necessary to sustain allegations of indirect infringement," 2013 WL 1279055, at *5, where the complaint merely stated that "Imation has had knowledge of the [patents-in-suit] at least as early as the filing of the Complaint in this action, and, upon information and belief, continues to encourage, instruct, enable, and otherwise cause end users and/or customers to use its products in a manner which infringes the [patents-in-suit]." *See* Case No. 2:12-cv-00298-JRG, Dkt. 9, at ¶¶12, 22. If that statement in *Imation*, which lacked any supporting evidence, was sufficient to defeat dismissal, then Blue Spike's allegations and supporting evidence combined are sufficient to defeat dismissal here.

Last, Blue Spike concedes that this Court's recent *Touchscreen* opinion warrants dismissing Blue Spike's willful-infringement claims—at least for now. *See* Dkt. 687 at 5. Blue Spike's complaint never alleged pre-filing willfulness, as Blue Spike had no basis for alleging pre-filing willfulness

[3] *See also Symantec Corp. v. Veeam Software Corp.*, No. C-12-00700-SI, 2012 WL 1965832, at *5 (N.D. Cal. May 31, 2012) ("Specific intent can reasonably be inferred in this case from the allegations regarding defendant's marketing materials and offers to sell the infringing products."); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10-C-715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("allegations are sufficient to show specific intent as well, because the Court may infer that by selling their infringing products the defendants intended their customers to use them and thus infringe TT's patents."); *Cal. Inst. of Computer Assisted Surgery, Inc. v. Med–Surgical Servs., Inc.*, No. C–10–05067–CW, 2011 WL 672709 at *4 (N.D. Cal. Feb. 16, 2011) ("one can infer from the information on the website, publicizing the technologies, offering brochures describing the products and users' manuals, as well as listing company customers, that Defendants were advertising and intended to use or sell the technologies").

(although future discovery may change that). Instead, Blue Spike's willfulness allegations dealt with *post*-filing conduct, including the fact that Amano has continued to infringe the patents-in-suit even after being put on actual notice of Blue Spike's patents-in-suit and of how Amano's accused products infringe those patents. But *Touchscreen* holds that the receipt of a patent holder's complaint is not enough, by itself, to support claims for willful infringement. *See Touchscreen Gestures LLC v. Research in Motion Ltd.*, Case No. 6:12-263-MHS, Dkt. 22, at 3-4 (E.D. Tex. Mar. 27, 2013). Accordingly, Blue Spike concedes that its willful-infringement claims should be dismissed for now, but asks the Court to hold open the possibility of allowing Blue Spike to seek leave to amend its complaint if it "uncovers factual support" for claims of willful infringement. *Id.* at 5.

For these reasons plus those contained in its opposition (Dkt. 650), Blue Spike respectfully reiterates its request that the Court deny Amano's motion to dismiss except with regard to Blue Spike's willful-infringement claims.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Lead Attorney
Texas Bar No. 24038912
randall.garteiser@sftrialattorneys.com
Christopher A. Honea
Texas Bar No. 24059967
chris.honea@sftrialattorneys.com
Christopher S. Johns
Texas Bar No. 24044849
chris.johns@sftrialattorneys.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May __, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

/s/ Randall T. Garteiser
Randall T. Garteiser