IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff,* | § | Case No. 6:12-cv-499-MHS |
| v. | § | Lead Case |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
|     *Defendants.* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' CORRECTED NOTICE REGARDING DISSOLUTION OF L-1 IDENTITY SOLUTIONS, INC. [DKT. 703] AND MOTION TO STRIKE**

Plaintiff Blue Spike, LLC hereby responds and moves to strike Defendants' Notice Regarding Dissolution of L-1 Identity Solutions, Inc. ("L-1") (Dkt. No. 703). It is irrelevant and improper. Although Defendants suggest that the dissolution of L-1 by merger on December 28, 2012 is relevant to the analysis of the pending motion to transfer, the Federal Circuit has recently reiterated long standing Supreme Court precedent that "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.*, No. 142, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). L-1's dissolution did not occur until after the date of the complaint, making Defendants' proffer irrelevant in the Court's consideration of the motion to transfer.

Further, even though L-1's merger could be considered a "transfer of interest" under Rule 25, the merger is not allowed to have any impact on the parties'

1

substantive rights. *See Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263-64 (Fed. Cir. 1985); 7C WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE §1958 (2d ed. 1986) (explaining that Rule 25(c) "does not require that anything be done after an interest has been transferred"); *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993) ("When a defendant corporation has merged with another corporation, for example, the case may be continued against the original defendant and the judgment will be binding on the successor even if the successor is not named in the lawsuit. . . . Because joinder or substitution under Rule 25 does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case, a Rule 25(c) decision is generally within the district court's discretion."). Here, L-1 has not moved to join or substitute parties under Rule 25, but is using its "notice" in an attempt to influence the Court's transfer analysis. This ploy is improper not only under Federal Circuit and Supreme Court precedent (described above) but also under the Federal Rules of Civil Procedure, which recognize that a merger need not have any impact on the litigation of the case and that a merger *cannot* alter the parties' substantive rights.

Last, the local rules provide another stand-alone ground for striking the "notice." Defendants' notice is improper under Local Rule CV-7(f), which provides that submissions "on the motion" beyond the surreply are not allowed without leave of the Court. Local R. CV-7(f); *see also* Local Rule CV-7(k) (providing that "motions for leave to file a document must be accompanied by the document sought to be

filed"). Here, Defendants filed this notice after the surreply, raising new arguments not made in their motion or reply. Defendants did not seek leave of the Court for this filing, thus violating Local Rules CV-7(f) and CV-7(k). If Defendants wish to make new arguments relevant to their transfer motion, they must file a motion seeking seek leave of the Court to do so, thus affording Blue Spike fair opportunity to brief the issue. Defendants cannot skirt the rules—and deprive Blue Spike the opportunity to oppose the filing—by calling their filing a "notice."

For these reasons, Plaintiff Blue Spike, LLC respectfully asks the Court to strike Defendants' Corrected Notice of Dissolution, Docket Item 703.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghipaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 N. College Ave.
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 (fax)

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                                   /s/ Randall T. Garteiser
                                                                   Randall T. Garteiser