UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
| *Defendants.* | § § § | |

**PLAINTIFF BLUE SPIKE'S SURREPLY TO DEFENDANT ANIMETRICS, INC'S MOTION TO DISMISS [DKT. 534]**

Animetrics' reply in support of its motion to dismiss (Dkt. 718) fails to rebut Blue Spike's prima facie case for personal jurisdiction. Blue Spike previously submitted evidence that suggests Animetrics has sufficient ties to this forum to be subject to personal jurisdiction here. *See* Dkt. 689, Exs. 1-8. In reply, Animetrics argues that Blue Spike's evidence, which consists largely of screenshots from Animetrics' own website, is inadmissible hearsay. Dkt. 718 at 1-4. This argument fails because a party's own statements are not hearsay. *See* FED. R. EVID. 801(d)(2). Furthermore, even if the evidence were hearsay, the Federal Circuit has held that "hearsay bear[ing] circumstantial indicia of reliability" is admissible for purposes of determining whether personal jurisdiction exists. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1562 (Fed. Cir.1994).

Animetrics next argues that Blue Spike's evidence fails to support personal jurisdiction because it shows that Animetrics' connections to this forum occur largely through its customers. Dkt. 718 at 2-4. Tellingly, Animetrics cites no

1

authority for its argument, which misstates the law. Animetrics does not dispute that, as its website shows, large numbers of its products and services—including accused products—are actually used in Texas by its customers. "No more is usually required to establish specific jurisdiction." *Beverly Hills Fan*, 21 F.3d at 1565; *see also Avocent Huntsville Corp. v. Aten Int'l Co.*, Ltd., 552 F.3d 1324, 1332 (Fed. Cir. 2008) (in patent infringement cases, personal jurisdiction turns on nature and extent of the commercialization of the accused products or services by defendant in the forum); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("[I]n patent litigation the injury occurs at the place where the infringing activity directly impacts on the interests of the patentee."). Viewed in the light most favorable to Blue Spike, the facts and evidence included in Blue Spike's opposition (Dkt. 689) constitute a prima facie showing of personal jurisdiction. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012) (per curiam).

Last, Animetrics argues that Blue Spike has not only failed to make a prima facie showing of personal jurisdiction but also failed to make enough of a showing to warrant jurisdictional discovery. Dkt. 718 at 4-5. Animetrics is mistaken. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.") (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)); *Royal Ten Cate USA, Inc. v. TTAH*

*Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012) (showing required to warrant jurisdictional discovery "is less than a prima facie showing"). With the kind of evidence that Blue has adduced here, the Court would commit reversible error by refusing jurisdictional discovery. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010) (holding that district court abused its discretion by denying jurisdictional discovery where defendant's website showed that several of defendant's customers operated in forum, because while the exact extent of defendant's activities in forum was uncertain and plaintiff's "proffered documents may be insufficient in themselves to establish a prima face case," "this incomplete record nevertheless supports the need for additional discovery to determine the merits of personal jurisdiction").

For these reasons plus those contained in its opposition (Dkt. 689), Blue Spike respectfully asks the Court to deny Animetrics' motion to dismiss or, alternatively, to postpone ruling on the motion until Blue Spike has had the opportunity to conduct jurisdictional discovery.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
Christopher S. Johns
Texas Bar No. 24044849
cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-0828
Facsimile:  (903) 526-5477

Kirk J. Anderson
California Bar No. 289043
Peter S. Brasher
California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

***Counsel for Blue Spike LLC***

## CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 15, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

/s/ Randall T. Garteiser
Randall T. Garteiser