UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § § | Jury Trial Demanded |
| *Defendants.* | § § § | |

**PLAINTIFF BLUE SPIKE'S SURREPLY TO DEFENDANT INGERSOLL-RAND COMPANY'S MOTION TO DISMISS [DKT. 601]**

Ingersoll-Rand Company's reply in support of its motion to dismiss misreads Blue Spike's complaint. It claims that the complaint identifies the accused products merely as IRC's "products, systems, and services." Dkt. 719 at 2. In fact, the complaint identifies the accused products as IRC's "fingerprint-based biometric software, systems, and technology . . . including, but not limited to, [IRC's] Biometric Access Control Systems (such as its HandKey 2, HandKey ID3D-R, and HandKey ID3D-RW) and HandPunch Time and Attendance Terminals (such as its GT-400, 4000, 4000-S, 3000-E, 3000, 2000, 1000-E, and 1000)." Case No. 6:13-cv-108-MHS, Dkt. 1 ¶27. This level of detail far exceeds what is required to state a claim. *See InMotion Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG, 2013 WL 1279055, at *5 (E.D. Tex. Mar. 26, 2013) (holding that a plaintiff "sufficiently pled its infringement contentions" where its complaint "identif[ied] specific accused products as well as the category of accused devices"); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010) (holding that to

1

survive dismissal, a complaint need not even "identify specific products" and that simply identifying "a general category of products" suffices). As Blue Spike's opposition explains (Dkt. 697 at 2), Blue Spike only has to "plead facts sufficient to place the alleged infringer on notice as to what [it] must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

In arguing inadequate pleading of intent to induce infringement, IRC completely ignores the supporting evidence that Blue Spike filed with its opposition. *See* Dkt. 697, Exs. 2-5. As Blue Spike already explained, this evidence shows that the accused products have specific infringing capabilities that IRC aggressively markets in an effort to induce consumer use. *Id.* at 5-7. Such evidence shows intent to induce infringement. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 915 (2005) ("Evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe"); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1365 (Fed. Cir. 2004) (finding active inducement of infringement based on defendant's publications describing and promoting use of patented method).[1]

---

[1] *See also Symantec Corp. v. Veeam Software Corp.*, No. C-12-00700-SI, 2012 WL 1965832, at *5 (N.D. Cal. May 31, 2012) ("Specific intent can reasonably be inferred in this case from the allegations regarding defendant's marketing materials and offers to sell the infringing products."); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10-C-715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("[A]llegations are sufficient to show specific intent as well, because the Court may infer that by selling their infringing products the defendants intended their customers to use them and thus infringe TT's patents."); *Cal. Inst. of Computer Assisted Surgery, Inc. v. Med–Surgical Servs., Inc.*, No. C–10–05067–CW, 2011 WL 672709 at *4 (N.D. Cal. Feb. 16, 2011) ("[O]ne can infer from the information on the website, publicizing the technologies, offering brochures describing the products and users' manuals, as well as listing company customers, that Defendants were advertising and intended to use or sell the technologies.").

Blue Spike's evidentiary showing far surpasses what this Court found sufficient to defeat dismissal in *Imation*. There, the Court held that the plaintiff had "provide[d] a sufficient basis to allege the knowledge and intent necessary to sustain allegations of indirect infringement," 2013 WL 1279055, at *5, where the complaint merely stated that "Imation has had knowledge of the [patents-in-suit] at least as early as the filing of the Complaint in this action, and, upon information and belief, continues to encourage, instruct, enable, and otherwise cause end users and/or customers to use its products in a manner which infringes the [patents-in-suit]." *See* Case No. 2:12-cv-00298-JRG, Dkt. 9 at ¶¶12, 22. If that statement from *Imation*, which lacked any supporting evidence, was sufficient to defeat dismissal, then surely the combination of Blue Spike's allegations and supporting evidence in this case is sufficient to defeat dismissal.

IRC also incorrectly argues that Blue Spike has inadequately pleaded the elements of its contributory-infringement claims. Here, Blue Spike pleaded that the patents-in-suit are foundational to all of today's widespread biometric-information applications; that the accused products are biometric-information applications; and that the accused products have no substantial non-infringing use. *See* Case No. 6:13-cv-108-MHS, Dkt. 1 ¶¶25-27, 29, 35, 43, 51, 59. This Court has recently held that such allegations are sufficient to defeat dismissal "[a]bsent a showing in the pleadings . . . that [all of the accused] products *do* have substantial noninfringing uses." *Imation*, 2013 WL 1279055, at *6. But Blue Spike has gone even further, submitting evidence that the accused products integrate technologies whose only

3

stated purpose is biometric identification. *See* Dkt. 697, Exs. 2-5. This more than suffices to meet Blue Spike's burden for pleading that the accused products have no substantial non-infringing uses.

It is true that the complaint does not specifically allege that IRC knew that its accused products are "especially made or especially adapted for use in an infringement." Dkt. 719 at 5. But as this Court has repeatedly held, a plaintiff need not plead "each individual element of a claim for indirect infringement" to survive dismissal. *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (denying motion to dismiss that argued complaint was "deficient because it fails to allege the additional elements required to establish induced and contributory infringement"). Further, the complaint does allege generally that IRC had the requisite knowledge to make it liable for contributory infringement. Case No. 6-13-cv-108-MHS, Dkt. 1 ¶¶ 35, 43, 51, 59. Coupled with all the other allegations in the complaint, and with all reasonable inferences drawn in Blue Spike's favor, those allegations support a plausible claim of contributory infringement, fairly place IRC on notice as to what it must defend, and therefore preclude dismissal. *See McZeal*, 501 F.3d at 1357. Viewing Blue Spike's allegations in toto, Blue Spike has provided "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009).

For these reasons plus those contained in its opposition (Dkt. 697), Blue Spike respectfully reiterates its request that the Court deny IRC's motion to dismiss Blue Spike's contributory- and induced-infringement claims.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
Christopher S. Johns
Texas Bar No. 24044849
cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-0828
Facsimile:  (903) 526-5477

Kirk J. Anderson
California Bar No. 289043
Peter S. Brasher
California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

*Counsel for Blue Spike LLC*

5

## CERTIFICATE OF SERVICE

    I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 15, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                          /s/ Randall T. Garteiser
                                                          Randall T. Garteiser