IUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| Texas Instruments, Inc. | § | |
| | § | |
| Defendant | § | |

---------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| Blue Spike, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 6:12-cv-00598 |
| Soundmouse, Ltd. | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT SOUNDMOUSE, LTD.'S
### REPLY IN SUPPORT OF THE MOTION TO DISMISS FOR
### INSUFFICIENT SERVICE OF PROCESS

Defendant Soundmouse Ltd. ("Soundmouse") files its *Reply in Support of its Motion to Dismiss for Insufficient Service of Process*, and would respectfully show the Court as follows:

**I.     Fifth Circuit Law Does Not Permit Service Through the Mail.**

Plaintiff Blue Spike, LLC ("Blue Spike") cites to numerous cases to allegedly support its position, but none of those cases are controlling on this Court.  Circuits within the federal court system are split as to whether or not the Hague Convention permits service in certain circumstances by simply mailing a copy of the summons and complaint to the foreign entity or by using a Secretary of State.  Blue Spike cites to cases from other circuits that permit this type

1

of service throughout its brief.  *See, e.g.,* the citation on page 2 to <u>Burda Media v. Viertel</u>, 417 F.3d 292, 299-300 (2d Cir. 2005).

However, Fifth Circuit law on this issue is very clear.  In the case of <u>Nuovo Pignone, SpA v. Storman Asia M/V</u>, 310 F. 3d 374 (5th Cir. 2002), the plaintiff attempted to serve process by Federal Express mail to the president of an Italian company.  *See* <u>id</u>. at 383.  The plaintiff contended, as Blue Spike does in this case, that article 10(a) of the Hague Convention permits service by mail.  *See* <u>id</u>.  The defendant in <u>Nuovo</u> argued that article 10(a) addresses the delivery of legal documents *after* service has been effected properly.  *See* <u>id</u>.  The Fifth Circuit noted in its opinion that there is a split between the Circuit courts as to the meaning of this article.  *See* <u>id</u>.

The Fifth Circuit clearly concludes in the case that "[w]e adopt the reasoning of courts that have decided that the Hague Convention does not permit service by mail."  <u>Id</u>. at 384.  To support its opinion, the Fifth Circuit specifically addressed many of the arguments raised by Blue Spike in its response.  For instance, the Fifth Circuit noted that the drafters specifically used the word "send" instead of "service" for article 10(a).  *See* <u>id</u>.  The Fifth Circuit stated that it would not presume that the drafters intended that both words have the same meaning given that the drafters specifically chose different words.  *See* <u>id</u>.

Furthermore, the Fifth Circuit noted the obvious issue with the plaintiff's interpretation: if a party could simply mail service of process to a foreign entity, then a plaintiff would never attempt service through the other options set forth in the Hague Convention.  *See* <u>id</u>. at 385.  For example, why would a plaintiff go through the time and expense to use diplomatic channels or a central authority if the plaintiff could simply serve by mail?  *See* <u>id</u>.  For those and other reasons, the Fifth Circuit concluded "that article 10(a) does not permit parties to effect service of process on foreign defendants by mail."  <u>Id</u>.

The <u>Nuovo</u> decision is still good law and has not been overturned by the Fifth Circuit or any other binding court.  In fact, district courts in Texas still follow <u>Nuovo</u> and apply the same decision to its cases.  *See, e.g.,* <u>Michelle Gomez Berezowsky v. Pablo Angel Rendon Ojeda</u>, Civil Action No. 4:12-CV-03496, 2013 U.S. Dist. LEXIS 5337, at \*24 (S.D. Tex. Jan. 14, 2013) (citing <u>Nuovo</u> in its decision that the Hague Convention only permits service on Mexican nationals through the Central Authority of Mexico); <u>Maria G. Pena v. Mariner Health Care Inc.</u>, Civil No. CC-09-62, 2010 U.S. Dist. LEXIS 65810, at \*7 (S.D. Tex. July 1, 2010) (finding service via certified mail on a resident and citizen of Israel to not be permitted by the Hague Convention pursuant to the holding in <u>Nuovo</u>); <u>Man Ferrostaal Inc. v. M/V Vindonissa</u>, Civil Action No. H-07-02983, 2009 U.S. Dist. LEXIS 125490, at \*11 (S.D. Tex. Jan. 23, 2009) (finding that having the Texas Secretary of State serve German defendants did not comply with the Hague Convention).

Blue Spike nevertheless alleges that England permits service by mail, and cites to web pages from U.S. State Department and the Hague Convention for that allegation.  *See* Response, pp. 2-3. First, web pages are not legal precedent, and do not overturn or circumvent the Fifth Circuit's decision in <u>Nuovo</u>.  Furthermore, the pages do not state that a litigant in the United States can use the Texas Secretary of State to effect service under the Hague Convention.  For example, the State Department's web page states: "Requests should be completed in duplicate and submitted with two sets of the documents to be served, and translations, directly to The UK's Central Authority for the Hague Service Convention."

*See*  http://travel.state.gov/law/judicial/judicial_671.html.

While the web page does state that the United Kingdom "does permit service via postal channels," this means that postal channels can be used to serve the Central Authority, not a

potential defendant.  Otherwise, there would be no point to a Central Authority in the United Kingdom.  Service could be completed by direct mail to the defendant, which is contrary to the holding in <u>Nuovo</u>.[1]

## II.        **Blue Spike Makes Several Incorrect Statements Regarding Federal Law.**

Blue Spike claims that it effectuated service pursuant to Rule 4(h)(1)(A), "which specifies that a foreign corporation may be served 'in a manner prescribed by Rule 4(e)(1) for serving an individual.' " *See* Response, p. 1.  This is not a correct application of the rules.  Rule 4(h)(1) applies to service *within a judicial district*.  England is not within a judicial district.  The correct rule is Rule 4(h)(2), which states that service must be for "a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Rule 4(f) requires compliance with the Hague Convention, which as stated above, was not done by Blue Spike.  Thus, Blue Spike's entire analysis regarding its use of the Texas Secretary of State is incorrect and should be disregarded by the Court.

## III.       **Conclusion.**

Blue Spike filed its case in the Fifth Circuit.  Fifth Circuit law is very clear under <u>Nuovo</u>: a plaintiff has not complied with the Hague Convention if the plaintiff attempted service on a foreign corporation by mail or through the Secretary of State.  That is exactly what happened in this case, and the Court should therefore dismiss the pending complaint pursuant to the <u>Nuovo</u> decision and the other federal district court cases cited above.

---

[1] The Hague Convention web page is even less clear.  The web page states: "Personal service on individuals and postal service on registered offices of companies" while also providing information on Central Authority offices. *See* http://bit.ly./11nmWrG.

DATED: May 16, 2013

Respectfully submitted,

/s/ Ryan T. Beard_____
Eric B. Meyertons
Texas State Bar No. 14004400
emeyertons@intprop.com
Ryan T. Beard
Texas State Bar No. 24012264
rbeard@intprop.com
MEYERTONS, HOOD, KIVLIN,
   KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR SOUNDMOUSE**

CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2013 I electronically filed the foregoing pleading with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.

/s/ Ryan T. Beard_____
Ryan T. Beard