# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | **CIVIL ACTION NO. 6:12-CV-499 MHS** |
| | § | |
| **Plaintiff** | § | **LEAD CASE** |
| | § | |
| v. | § | |
| | § | |
| **TEXAS INSTRUMENTS, INC., et al.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| **BLUE SPIKE, LLC** | § | |
| | § | **CIVIL ACTION NO. 6:13-CV-86 MHS** |
| **Plaintiff** | § | |
| | § | **CONSOLIDATED CASE** |
| v. | § | |
| | § | |
| **KRONOS INCORPORATED,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT KRONOS INCORPORATED'S REPLY IN SUPPORT OF ITS MOTION
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

I.  INTRODUCTION

Plaintiff Blue Spike LLC ("Plaintiff") continues its attempt to manufacture venue by relying on Plaintiff's two choices: to file dozens of cases in the Eastern District of Texas ("EDTX") and its C.E.O.'s decision to move there just before filing suit.  If not for those choices, Plaintiff would have no connection to EDTX.  Plaintiff has not rebutted Kronos, Incorporated's ("Kronos") showing that trial would be clearly more convenient in the District of Massachusetts given that at least four Kronos party witnesses live and work in Massachusetts.  The presence of one witness who moved to Texas to be closer to a series of lawsuits he chose to initiate is not enough to defeat Kronos' showing that transfer is warranted.

II. PLAINTIFF'S FILING OF MANY EDTX LAWSUITS DOES NOT ESTABLISH VENUE

Plaintiff's argument rests on the false premise that it can file a slew of lawsuits in EDTX and then rely on the volume of suits to argue "judicial economy" as a basis to deny transfer to a more convenient venue.  Opposition to Kronos' Motion to Transfer Venue ("Opp.") at 1.  If Plaintiff's argument were true, forum-shopping plaintiffs could always manufacture venue by simply filing a large number of lawsuits in the chosen forum no matter how inconvenient for the defendants and third parties.

This Court has explicitly stated that it will not allow plaintiffs to manufacture venue by serially filing cases in EDTX.  Memorandum and Order, *Geotag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-00570-JRG (E.D. Tex. Jan. 14, 2013) (Dkt. 585).  "[P]laintiff's choice of venue is not a factor in [the § 1404(a) transfer] analysis." *Center One v. Vonage Holdings Corp.*, No. 6:08-cv-467, 2009 U.S. Dist. LEXIS 69683, at *17 (E.D. Tex. Aug. 10, 2009);  *see also In re Volkswagen of Am. Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) (error where district court gave too much weight to plaintiff's choice of venue).  Nor was this Court's consolidation order intended to be

used as evidence supporting Plaintiff's choice of venue.  Dkt. 716-2. ("**[t]his pretrial consolidation – done for case management purposes – does not impact individual parties' rights to challenge venue as their rights existed prior to this consolidation**.")  (emphasis added).  The Court's Order consolidating Kronos[1] makes no finding about common questions of law or fact.

Plaintiff is unable to point to any distinction between this case and *Geotag* where the Court made clear that it will "not permit the existence of separately filed cases to sway its transfer analysis." *Geotag* at 10.  Plaintiff has not shown any "common issues" between Kronos and all other defendants.  Plaintiff cannot dispute that each of the over fifty cases it has filed accused entirely different products or services.  Further, "none of the cases involve related defendants or overlapping products or services." *Geotag* at 10.  As in *Geotag*, Plaintiff should not be allowed to so easily "manipulate[] venue by serially filing cases within a single district . . . [because allowing Plaintiff] to manufacture venue based on this alone would undermine the principals underpinning transfer law and the recently enacted America Invents Act." *Id*. (internal citation omitted).

### III.  TRIAL IN MASSACHUSETTS IS FAR MORE CONVENIENT THAN IN EDTX

Plaintiff misstates the facts and ignores the law to argue that litigating in the District of Massachusetts is not clearly more convenient than EDTX.

Plaintiff's vague assertions with respect to operations in Texas should be given little or no weight.  Plaintiff repeatedly references "witness**es**" it intends to call who reside in Texas but never identifies more than a single witness.  *See* Opp. at 7, 12.  Similarly, Plaintiff argues that its "entire business operation" is in EDTX, but does not identify those operations, the employees, or

---

[1] For the purposes of clarification, it should be noted that the Consolidation Order Plaintiff attached as Exhibit 1 to its Opposition was issued before Kronos was sued and does not consolidate Kronos.

the employee's responsibilities, or what relevance they have to this case.[2]  In any event, the location of those operations and Mr. Moskowitz in EDTX should be given no weight, because Plaintiff does not dispute that Mr. Moskowitz and the operations were moved to EDTX solely for the purpose of supporting Plaintiff's litigations.  *See* Opp. at 1.  Nor should Plaintiff's unspecified "sources of proof" and "evidence" moved to EDTX be given weight.  *Id*. at 10-11.

Plaintiff's argument that its one witness would encounter "serious hardship" traveling to trial in Massachusetts is contradicted by that fact that the witness regularly travels over 1000 miles from Texas to South Florida.  Moskowitz Declaration in Support of Opposition, ¶ 4.  Traveling to Massachusetts would create no additional hardship.  Moreover, Plaintiff's cited out-of-circuit case that involves an ailing defendant with medical issues is readily distinguishable from this case where the witness is a chief executive officer who has specifically chosen to engage in the travel necessitated by filing "more than 50 cases" at once.  *See* Opp. at 4, 8; *see also NGC Worldwide, Inc. v. Siamon*, No. 3:02CV1760, 2003 WL 1987001, at *2 (D. Conn. Apr. 21, 2003).[3]  To the extent Plaintiff's witness must now travel out of Texas, it is a problem the witness created by moving to Texas just prior to filing suit in Texas after residing elsewhere for the previous fifteen years.  *See* Johnson Declaration, Ex. 1 (Dkt. 613-2).

Kronos's Texas operations are insufficient to weigh against transfer.  Kronos employees in EDTX work out of their home and have no responsibilities related to the Accused Products.[4]  Defendant Kronos Incorporated's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion") at 3.  That Kronos has an office in Cleburne, Texas does not weaken Kronos' argument because it has nothing to do with the Accused Products.  *See Vasudevan Software, Inc,*

---

[2]  Plaintiff does not sell, offer for sale, or otherwise provide any products or services to the public.
[3]  The Court should also disregard Plaintiff's only other supporting citation – a secondary source.
[4]  The "Accused Products" are Kronos' 4500 Touch ID, 4510 Touch ID, and InTouch biometric time and attendance terminals.  Complaint ¶ 27.

*v. Int'l Bus. Machs. Corp.*, No. 2:09-CV-105, 2009 WL 3784371, at *3 (E.D. Tex. Nov. 10, 2009) (ordering transfer and noting "there appears to be no to little connection between [defendant's Plano, Texas] facility and the witnesses, evidence, and facts in this case."). The office has twenty-four employees, none of which who have involvement in any biometric technology or related design. Declaration of Dan Skiba in Support of Kronos' Reply in Support of its Motion to Transfer Venue, ¶ 3. The employees also have no involvement with Kronos' hardware products (i.e. its biometric terminals) in which the biometric technology is embedded. *Id*. Four of the twenty-four employees are engineers who work exclusively on software development for Kronos' software products based on its iSeries platform, a niche product that is in no way related to the biometric terminals or technology. *Id*.

Plaintiff alleges that "the infringing devices are readily located within Texas" but provides no evidence to support this argument.[5] Opp. at 10. Even if "infringing devices" were in Texas, it would be irrelevant to venue, and more suited to minimum contacts analysis for personal jurisdiction.[6] The same is true for Plaintiff's claims that based on Kronos' customers and employees in Texas, "[i]t is only fair that Kronos be held accountable for infringement here in Texas to a Texas company, when Kronos is seeking to benefit from doing business in Texas with Texas residents." Opp. at 9. Plaintiff's "fairness" argument — more suited to personal jurisdiction analysis — has no relevance to venue analysis at issue in Kronos' Motion. Furthermore, Plaintiff's argument about whether Kronos could establish personal jurisdiction over Plaintiff for its counterclaims is not persuasive. The invalidity and infringement counterclaims would not have been brought absent Plaintiff's lawsuit.

---

[5] Kronos referenced a small amount of Accused Products shipped to Texas, but Plaintiff has said nothing regarding their continuing presence in Texas.

[6] "[M]inimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State. . . ." *Asahi Metal Industry Co. v. Super.. Ct.*, 480 U.S. 102 (1987) (analyzing personal jurisdiction).

Plaintiff's argument that Kronos' third party witnesses — Jabil employees in Mexico — are more convenient to Texas than Massachusetts should also be disregarded in view of how similar circumstances have been viewed by other courts. Opp. at 2. The requirement to travel internationally imposes the same burden on Jabil witnesses whether the case is in Massachusetts or Texas. *See Millennium Cryogenic Techs, Ltd. v. Weatherford Artificial Lift Sys., Inc.*, No. 11-cv-01971, 2012 U.S. Dist. LEXIS 39670, at *8-9 (D. Colo. Mar. 23, 2012) (ordering transfer from the District of Colorado to the Southern District of Texas where third party witnesses in Canada would "have to travel internationally to either district"). Thus, at most, Mexico-based third party Jabil witnesses are neutral to the analysis.

Similarly, Plaintiff's argument that transfer should be denied because "the whole topic is speculative given that this lawsuit is in its early stages" entirely ignores the case law concerning the compulsory process factor. Opp. at 12. Regardless of how early the transfer motion is made, "it is the convenience of non-party witnesses, rather than party witnesses, that is more important and is accorded greater weight in a transfer of venue analysis." *NovelPoint Learning LLC v. Leapfrog Enters., Inc.*, No. 6:10-cv-229 JDL, 2010 U.S. Dist. LEXIS 128906, at *20 (E.D. Tex. Dec. 6, 2010) (internal citation and quotation omitted).

## IV.   CONCLUSION

For the reasons set forth here and in Kronos' Motion, Kronos respectfully requests that the Court grant transfer to the District of Massachusetts.

| | |
|---|---|
| Dated: May 16, 2013 | Respectfully submitted,<br><br>MORGAN, LEWIS & BOCKIUS LLP<br><br>*/s/ Daniel Johnson, Jr.*<br><br>C. Erik Hawes (TX Bar No. 24042543)<br>Email:  ehawes@morganlewis.com<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002<br>(713) 890-5000 Telephone<br>(713) 890-5001 Facsimile<br><br>Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)<br>Email: djjohnson@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>(415) 442-1000 Telephone<br>(415) 442-1001 Facsimile<br><br>**Attorneys for Defendant Kronos Incorporated** |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing and/or electronic mail on May 16, 2013.

*/s/ Daniel Johnson, Jr.*
Daniel Johnson, Jr.
