# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | **CIVIL ACTION NO. 6:12-CV-499 MHS** |
| | § | |
| Plaintiff | § | **LEAD CASE** |
| | § | |
| v. | § | |
| | § | |
| **TEXAS INSTRUMENTS, INC., et al.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| **BLUE SPIKE, LLC** | § | **CIVIL ACTION NO. 6:13-CV-89** |
| | § | |
| Plaintiff | § | **CONSOLIDATED CASE** |
| | § | |
| v. | § | |
| | § | |
| **MORPHOTRAK, INC. and SAFRAN USA, INC.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS MORPHOTRAK, INC. and SAFRAN USA, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

DB2/ 24089228.2

## I. INTRODUCTION

Plaintiff Blue Spike LLC ("Plaintiff") continues its attempt to manufacture venue by relying on Plaintiff's two choices: to file dozens of cases in the Eastern District of Texas ("EDTX") and its C.E.O.'s decision to move there just before filing suit. If not for those choices, Plaintiff would have no connection to EDTX. MorphoTrak, Inc. ("MorphoTrak") and Safran USA, Inc. ("Safran") (collectively, "Defendants") have no connection to EDTX, and Plaintiff has only one witness that resides in Texas. All MorphoTrak's witnesses, documents, servers, and technical infrastructure relating to the Accused Products[1] are in the Central District of California ("CDCA"). Safran has no witnesses or evidence related to the Accused Products in any district. Plaintiff has not rebutted Defendants' showing that trial would be clearly more convenient in CDCA. The presence of one witness who moved to Texas to be closer to a series of lawsuits he chose to initiate is not enough to defeat Defendants' showing that transfer is warranted.

## II. PLAINTIFF'S FILING OF MANY EDTX LAWSUITS DOES NOT ESTABLISH VENUE

Plaintiff's argument rests on the false premise that it can file a slew of lawsuits in EDTX and then rely on the volume of suits to argue "judicial economy" as a basis to deny transfer to a more convenient venue. Opposition to Defendants' Motion to Transfer Venue ("Opp.") at 1. If Plaintiff's argument were true, forum-shopping plaintiffs could always manufacture venue by simply filing a large number of lawsuits in the chosen forum no matter how inconvenient for the defendants and third parties.

This Court has explicitly stated that it will not allow plaintiffs to manufacture venue by serially filing cases in EDTX. Memorandum and Order, *Geotag, Inc. v. Aromatique, Inc.*, No.

---

[1] "Accused Products" refers to the products listed in paragraph 28 of the Complaint and footnote 2 of Defendants MorphoTrak, Inc. and Safran USA, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

2:10-cv-00570-JRG (E.D. Tex. Jan. 14, 2013) (Dkt. 585). "[P]laintiff's choice of venue is not a factor in [the § 1404(a) transfer] analysis." *Center One v. Vonage Holdings Corp.*, No. 6:08-cv-467, 2009 U.S. Dist. LEXIS 69683, at *17 (E.D. Tex. Aug. 10, 2009); *see also In re Volkswagen of Am. Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) (error where district court gave too much weight to plaintiff's choice of venue). Nor was this Court's consolidation order intended to be used as evidence supporting Plaintiff's choice of venue. Dkt. 716-2. ("**[t]his pretrial consolidation – done for case management purposes – does not impact individual parties' rights to challenge venue as their rights existed prior to this consolidation**.") (emphasis added). The Court's Order consolidating Defendants[2] makes no finding about common questions of law or fact.

Plaintiff is unable to point to any distinction between this case and *Geotag* where the Court made clear that it will "not permit the existence of separately filed cases to sway its transfer analysis." *Geotag* at 10. Plaintiff has not shown any "common issues" between MorphoTrak and Safran, and all other defendants. Plaintiff cannot dispute that each of the over fifty cases it has filed accused entirely different products or services. Further, "none of the cases involve related defendants or overlapping products or services." *Geotag* at 10. As in *Geotag*, Plaintiff should not be allowed to so easily "manipulate[] venue by serially filing cases within a single district . . . [because allowing Plaintiff] to manufacture venue based on this alone would undermine the principals underpinning transfer law and the recently enacted America Invents Act. *Id*. (internal citation omitted).

---

[2] For the purposes of clarification, it should be noted that Plaintiff appears to be referencing the first Consolidation Order, which was issued before Defendants were sued and does not consolidate Defendants.

### III.     TRIAL IN CALIFORNIA IS FAR MORE CONVENIENT THAN IN EDTX

Plaintiff misstates the facts and ignores the law to argue that litigating in the Central District of California is not clearly more convenient than EDTX.

Plaintiff's vague assertions with respect to operations in Texas should be given little or no weight.  Plaintiff repeatedly references witness**es** (plural) it intends to call who reside in Texas, but only identifies one witness – Mr. Moskowitz – with specificity.  Opp. at 7, 12.  MorphoTrak has specifically identified at least four witnesses in the Central District of California.  *See* Defendants MorphoTrak, Inc. and Safran USA, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion") at 3.  All of MorphoTrak's relevant documents and other evidence are in the Central District of California, or other districts over 1000 miles from Texas.  *Id.* at 4.  In contrast, Plaintiff only vaguely references "employees, computer servers, and sources of proof" and "evidence" located in EDTX without specifying who or what those are.  *See also* Opp. at 7.  The location of those operations, materials, and Mr. Moskowitz in EDTX should be given no weight, because Plaintiff does not dispute that the witnesses, materials, and operations were moved to EDTX solely to support Plaintiff's litigations.  *See* Opp. at 1.

Plaintiff's argument that its one witness would encounter "serious hardship" traveling to trial in Massachusetts is contradicted by that fact that the witness regularly travels over 1000 miles from Texas to South Florida.  Moskowitz Declaration in Support of Blue Spike's Opposition to MorphoTrak's and Safran USA's Motion to Transfer, ¶ 3.  Traveling approximately 1300 miles to California from Texas would create no hardship given that Mr. Moscowitz already routinely travels between Texas and South Florida.  Moreover, Plaintiff's cited out-of-circuit case that involves an ailing defendant with medical issues is readily distinguishable from this case where the witness is a chief executive officer who has specifically

chosen to engage in the travel necessitated by filing "more than 50 cases" at once. *See* Opp. at 4, 8; *see also NGC Worldwide, Inc. v. Siamon*, No. 3:02CV1760, 2003 WL 1987001, at *2 (D. Conn. Apr. 21, 2003).[3] To the extent Plaintiff's witness must now travel out of Texas, it is a problem the witness created by moving to Texas just prior to filing suit in Texas after residing elsewhere for the previous 15 years. *See* Johnson Decl., Ex. 1 (Dkt. 613-2).

Defendants' Texas operations are insufficient to weigh against transfer. Safran U.S.A.'s offices in Texas are irrelevant because Safran U.S.A. does not participate in sales of the Accused Products.[4] Declaration of Clark Nelson in Support of MorphoTrak and Safran USA's Reply in Support of Motion to Transfer Venue ("Nelson Decl."), ¶ 5. Additionally, MorphoTrak's Austin office closed in November 2010, well prior to the filing of this lawsuit; MorphoTrak's documents, operations, and current employees once based in that office are now found in MorphoTrak offices outside of Texas. Id., ¶ 7. The listing of a Texas address on MorphoTrak's tax forms simply reflects that the tax compliance staff who complete MorphoTrak's tax forms are based at Safran U.S.A. in Texas, and arrange to ensure the tax correspondence is sent directly to them. Declaration of Iain Lawn in Support of MorphoTrak's Reply in Support of Defendants' Motion to Transfer Venue ("Lawn Decl."), ¶ 3. MorphoTrak has no "principal place of business" in Texas. Id. at ¶¶ 2-3. MorphoTrak's President, Vice President, and other officers listed on MorphoTrak's tax forms are located in California, not Texas. *Id*., ¶ 5. And the presence of one or more customers in Texas is not a basis for avoiding transfer to the California district where the accused products were designed and developed. *Vasudevan Software, Inc. v.*

---

[3] The Court should also disregard Plaintiff's only other supporting citation – a secondary source.

[4] Plaintiff's exhibit 20 appears to be a screen capture of Safran's website. Safran S.A. is a global conglomerate containing many different subsidiaries around the world. Nelson Decl., ¶ 4. Its website makes reference to these subsidiaries and their products, including MorphoTrak and its products. *Id*. Safran S.A., Safran U.S.A., and MorphoTrak are each separate and distinct business units. *Id*.

*Int'l. Bus. Machs. Corp.*, No. 2:09-CV-105, 2009 WL 3784371, *2-*3 (E.D. Tex. Nov. 10, 2009) (ordering transfer to California despite defendant's Texas customer training center).

Finally, MorphoTrak's filing of tax forms and establishment of a service of process agent in Texas have no relevance to the witnesses, evidence, and facts in this case, and do not justify denying transfer. *Id.* (ordering transfer and stating "there appears to be no to little connection between [Defendants's Plano, Texas] facility and the witnesses, evidence, and facts in this case."); *Simer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) ("the mere act of registering an agent . . . does not act as consent to be hauled into Texas courts on any dispute with any party anywhere concerning any matter.")

Plaintiff has not rebutted Defendants' showing that the compulsory process factor weighs in favor of transfer. MorphoTrak has identified four witnesses located in Orange County, California over which the Central District of California would have compulsory power. Motion at 10. In contrast, Plaintiff has not pointed to any witnesses over which EDTX would have compulsory power. Similarly, Plaintiff's argument that transfer should be denied because "the whole topic is speculative given that this lawsuit is in its early stages" entirely ignores the case law concerning the compulsory process factor. Opp. at 12. Regardless of how early the transfer motion is made, "it is the convenience of non-party witnesses, rather than party witnesses, that is more important and is accorded greater weight in a transfer of venue analysis." *NovelPoint Learning LLC v. Leapfrog Enters., Inc.*, No. 6:10-cv-229, 2010 U.S. Dist. LEXIS 128906, at *20 (E.D. Tex. Dec. 6, 2010) (internal citation and quotation omitted).

For the foregoing reasons, Defendants MorphoTrak and Safran respectfully request that the Court grant transfer to the Central District of California.

Dated: May 16, 2013

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Daniel Johnson, Jr.*

C. Erik Hawes (TX Bar No. 24042543)
Email: ehawes@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)
Email: djjohnson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000 Telephone
(415) 442-1001 Facsimile

**Attorneys for Defendants MorphoTrak, Inc. and Safran USA, Inc.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing and/or electronic mail on May 16, 2013.

*/s/ Daniel Johnson, Jr.*
Daniel Johnson, Jr.