UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff,* | § | Case No. 6:12-cv-499-MHS |
| v. | § | Lead Case |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
|     *Defendants.* | § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT
TYGART TECHNOLOGIES, INC.'S MOTION TO DISMISS OR TRANSFER [DKT. 594]**

Tygart's reply (Dkt. 709) mischaracterizes Blue Spike's opposition (Dkt. 696) and misstates the law and the facts.

**Personal Jurisdiction**

Blue Spike never said that doing "business with the federal government creates nationwide personal jurisdiction." Dkt. 709 at 2. What Blue Spike said is that Tygart's clientele, which happens to include many branches and departments of the federal government, indisputably operates pervasively throughout Texas, including in this District. Dkt. 696 at 4. This information is advertised on Tygart's own website. *See id.* Ex. 1. From these undisputed facts, one can reasonably infer that (1) Tygart's products end up and are used in Texas and (2) Tygart knows and intends as much. These inferences constitute a prima facie showing of personal jurisdiction. *See Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co., Ltd.*, No. 2:05-CV-185, 2005 WL 3299718, at *4 (E.D. Tex. Dec. 5, 2005) (denying defendant's motion to dismiss for lack of personal jurisdiction, even though its allegedly

1

infringing products were in the forum as "the result of a unilateral decision by companies wholly unrelated to" the defendant, because "it is reasonably inferable that [defendant] knew and expected its [accused products] would be" marketed and sold here). At this point, Blue Spike does not have to produce concrete evidence "that any of Tygart's products entered Texas" (*contra* Dkt. 709 at 3). *See Nidec Corp. v. LG Innotek Co., Ltd.*, No. CIV.A. 6:07-CV-108, 2008 WL 7048882, at *6-7 (E.D. Tex. Dec. 11, 2008), *report and recommendation adopted*, No. CIV.A. 6:07-CV-108, 2009 WL 3673755 (E.D. Tex. Nov. 6, 2009) (reasonable inferences from the evidence can serve as basis for prima facie showing of personal jurisdiction); *Philip Morris USA Inc. v. Lee*, 494 F. Supp. 2d 544, 555 (W.D. Tex. 2007) (circumstantial evidence can serve as basis for showing of personal jurisdiction).

Alternatively, the reasonable inferences arising from Blue Spike's evidence warrant jurisdictional discovery. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010) (holding that district court abused its discretion by denying jurisdictional discovery where defendant's website showed that several of defendant's customers operated in forum). Tygart suggests that its self-serving affidavit obviates jurisdictional discovery (Dkt. 709 at 3-4), but case law does not support this position. *See, e.g., Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (rejecting the argument that defendant's affidavit obviated jurisdictional discovery because "discovery propounded by Plaintiff may uncover additional information bearing on the jurisdictional inquiry which, perhaps, neither [Defendant's affiant] nor Defendant thought to include in

2

[the affiant's] affidavit"). Tygart also suggests, without supporting authority, that Blue Spike has somehow waited too long or made an insufficient request for jurisdictional discovery (Dkt. 709 at 3-5); yet this position is likewise unsupported. *See, e.g., Dietgoal Innovations LLC v. Arby's Restaurant Group, Inc.*, No. 2:11-cv-00418-MHS-CMC, Dkt. 547, at 9-10 (E.D. Tex. Sept. 25, 2012) (permitting jurisdictional discovery even though plaintiff never formally sought it during eight months that motion to dismiss was pending, but rather simply requested it in the alternative in its opposition to motion to dismiss).

## Venue

Tygart mischaracterizes Blue Spike's venue arguments as well. Blue Spike cited numerous authorities that emphasize the paramount importance of judicial efficiency in weighing transfer motions. *See* Dkt. 696 at 5-7. Tygart suggests that all these citations amount to nothing more than an argument that a plaintiff's choice of venue trumps all other considerations. Dkt. 709 at 5-6. Blue Spike made no such argument.[1] Instead, Blue Spike argued that this Court has already noted that Blue Spike's dozens of cases here "involve common questions of law or fact" and that keeping them consolidated would "promote efficient case management" (Dkt. 16 at 14-15), so transferring this case would result in wasteful, duplicative efforts and possibly conflicting rulings.

---

[1] As this Court recently noted, however, "[w]hile the Fifth Circuit does not independently consider the plaintiff's choice of forum as a paramount consideration or afford it great or substantial weight, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for transfer. Accordingly, a plaintiff's decision to file in this District places a significant burden on Defendants to show good cause for transfer, a burden that this Court does not take lightly." *Stragent, LLC v. Pioneer Elecs. (USA) Inc.*, Case No. 6:11-cv-00278-LED-JDL, Dkt. 379, at 5 (E.D. Tex. May 8, 2013) (internal punctuation and citations omitted).

3

Tygart also suggests that Blue Spike "manufactured a domicile in Texas" for purposes of litigation. Dkt. 709 at 5. This suggestion completely ignores sworn testimony that Blue Spike has been based here for roughly a year, that its CEO and chief inventor are domiciled here, and that all of its sources of proof are located here. *See* Dkt. 696, Moskowitz Decl. ¶¶1-6. Under this Court's precedent, such connections are not considered "manufactured" for purposes of litigation. *See, e.g., Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-CV-364-JRG, 2012 WL 506669, at *3 n.6 (E.D. Tex. Feb. 15, 2012) ("Considering that WRT was incorporated more than four months before this suit was filed, and that its direct parent corporation has nine employees in the Eastern District of Texas, the Court is not prepared to hold that WRT is 'ephemeral' and created solely to manipulate venue."); *NovelPoint Learning LLC v. LeapFrog Enters., Inc.*, No. 6:10-CV-229 JDL, 2010 WL 5068146, at *4-5 (E.D. Tex. Dec. 6, 2010) (plaintiff's presence in this District was not "recent" or "ephemeral" where Plaintiff had opened its office here four months before filing suit and two of its three principals lived here).

Finally, Tygart incorrectly states that Blue Spike provided only three reasons why the public- and private-interest factors do not favor transfer: (1) that the parties have not yet exchanged Rule 26(a) disclosures; (2) that Tygart's evidence is digital; and (3) that Scott Moskowitz, Blue Spike's CEO and primary inventor, has a medical condition that makes traveling difficult. *See* Dkt. 709 at 7-9. In fact, Blue Spike provided several other reasons, including, critically, that Tygart did not specifically identify its ostensible witnesses, so their convenience does not factor

into the transfer analysis. *See* Dkt. 696 at 8-9 n.2. Tygart also persists in ignoring the hardship that transfer would present to small, Tyler-based Blue Spike and its employees. *See* Dkt. 696 at 9-10. At best, transfer would merely "shift the inconvenience of where the action is located" from Tygart to Blue Spike, which is not a legitimate basis for transfer. WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §3848.

For these reasons plus those contained in its opposition (Dkt. 696), Blue Spike respectfully asks the Court to deny Tygart's motion to dismiss or transfer. Alternatively, Blue Spike asks the Court to postpone ruling on Tygart's motion to dismiss until Blue Spike has had a chance to conduct jurisdictional discovery.

Respectfully submitted,

　/s/ Randall T. Garteiser　
Randall T. Garteiser
　Lead Attorney
　Texas Bar No. 24038912
　rgarteiser@ghiplaw.com
Christopher A. Honea
　Texas Bar No. 24059967
　chonea@ghiplaw.com
Christopher S. Johns
　Texas Bar No. 24044849
　cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 17, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                    /s/ Randall T. Garteiser
                                                    Randall T. Garteiser