UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| Texas Instruments, Inc. | § | |
| | § | |
| Defendants | § | |

-----------------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| Blue Spike, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Case No. 6:13-cv-00124 |
| | § | |
| Cognitec Systems Corporation | § | |
| Cognitec Systems GmbH | § | |
| | § | |
| Defendants | § | |

**COGNITEC SYSTEMS GMBH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Cognitec Systems GmbH ("Cognitec Germany") files its *Reply in Support of Its Motion to Dismiss* the Complaint filed against it herein, for lack of personal jurisdiction, and would respectfully show the Court as follows:

**I.   There Is No Basis for Personal Jurisdiction**

Plaintiff Blue Spike LLC ("Plaintiff") fails to provide the Court with any evidence whatsoever that controverts any of the facts set forth in the underlying motion and the Declaration of Alfredo Herrera in support of the motion. Specifically, the underlying motion proves that this Court does not have personal jurisdiction over Cognitec Germany because:

1

- Cognitec Germany does not and has never done any business whatsoever in Texas. *See* Herrera Declaration, ¶ 4, 8-9.

- Cognitec Germany has not sold any products to any customers in Texas, and has not licensed the FaceVACS software to any customers in Texas. *See* Herrera Declaration, ¶ 4.

- Cognitec Germany does not own or operate any offices, property, bank accounts or assets in Texas. *See* Herrera Declaration, ¶ 6.

- Cognitec Germany has no employees, officers or directors in Texas. *See* Herrera Declaration, ¶ 2, 6.

- Cognitec Germany has not attended any conferences or trade shows located in Texas. *See* Herrera Declaration, ¶ 7.

- Cognitec Germany has not mailed any materials to any potential customers located in Texas, and has never sought out any customers in Texas. *See* Herrera Declaration, ¶ 4.

Instead of providing the Court with contacts between Cognitec Germany and Texas, Plaintiff instead claims that personal jurisdiction should be found because it allegedly exists for Cognitec Germany's United States subsidiary Cognitec Systems Corporation. *See* Plaintiff's Response, p. 3. Plaintiff then regurgitates the same allegations in support of jurisdiction against Cognitec Germany that it makes against Cognitec Systems Corporation. *See* Plaintiff's Response, pp. 4-6 and Plaintiff's response filed against Cognitec Systems Corporation, docket no. 737.

Essentially, Plaintiff is arguing that jurisdiction is proper with respect to Cognitec Germany (the parent corporation) because jurisdiction is allegedly proper against Cognitec Systems Corporation (the subsidiary). Cognitec Systems Corporation disputes that personal jurisdiction is proper with respect to it and has filed a reply to dispute these allegations. *See Reply in Support of the Motion to Dismiss* filed concurrently with this reply. Nevertheless, it is improper under Fifth Circuit law to apply Cognitec Systems Corporation's alleged contacts with

2

Texas to its foreign parent company Cognitec Germany. The entities are separate entities and must be treated separately.

## II. Fifth Circuit Law Prohibits Treating Both Entities as the Same.

In determining whether personal jurisdiction contacts of a corporation apply to another related corporation (such as between a parent and subsidiary), courts **presume** the independence of related corporations. *See* Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333 (1925); Freudensprung v. Offshore Tech. Serv. Inc., 379 F.3d 327, 346 (5th Cir. 2004). In order to rebut this presumption, the Plaintiff has the burden to present "clear evidence" that one corporate entity exerts sufficient control over the other to make it an agent or alter ego and thus "fuse the two together for jurisdictional purposes." Freudensprung, 379 F.3d at 346 (*quoting* Hargrave v. Fibreboard Corporation, 710 F.2d 1154 (5th Cir. 1983)); *see also* Patin v. Thoroughbred Power Boats, Inc., 294 F.3d 640, 653 n.18 (5th Cir. 2002).

As a general matter, courts "demand proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes." Hargrave, 710 F.2d at 1160. In Hargrave, the Fifth Circuit set out the following factors for courts to consider: (1) the amount of stock owned by the parent; (2) whether the two corporations have separate headquarters; (3) whether the corporations have common officers and directors; (4) whether the corporations observe corporate formalities; (5) whether the corporations maintain separate accounting systems; (6) whether the parent exercises complete authority over general policy; and (7) whether the subsidiary exercises complete authority over daily operations. Id.; *see also* Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 338-39 (5th Cir. 1999). The Court must consider the totality of the circumstances and no one factor is determinative. Sapic v. Gov't of Turkm., 345 F.3d 347, 359 (5th Cir. 2003).

### III. The Two Entities Are Separate.

Plaintiff alleges that the Court should treat the parent company Cognitec Germany and its subsidiary Cognitec Systems Corporation as the same entity for the following reasons:

- Cognitec Germany "receives income from its subsidiary"

- Cognitec Germany and Cognitec Systems Corporation "share a website, a name, and accused product; they represent to have the same partners; and potential customers are funneled through the same online form"

- "The two companies do not meaningfully attempt to differentiate themselves"

- "Cognitec Systems Corporation is merely a U.S. base of operations for its parent, which maintains full control over its subsidiary"

*See* Response, p. 3. There is absolutely **no evidence** whatsoever to support any of these statements. *See* Deolinda Larsen v. Crème De La Crème, Inc., Civil Action No. 4:09-CV-613, 2011 U.S. Dist. LEXIS 7409, at *8 (E.D. Tex. Jan. 25, 2011) (granting motion to dismiss because the plaintiff failed to meet its burden to present clear and convincing evidence). Moreover, even if true, these allegations do not matter.

Plaintiff first alleges that Cognitec Germany "receives income from its subsidiary." It is typical for parent corporations to profit from a subsidiary. In fact, this is commonplace. This is not a factor considered by this Court or the Fifth Circuit in its analysis. *See* Hargrave, 710 F.2d at 1160. Moreover, this does not demonstrate that "a parent corporation 'exerts such domination and control over its subsidiary that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for the purposes of jurisdiction." Hargrave, 710 F.2d at 1159; Ove William Akerblom v. Ezra Holdings Ltd., 848 F. Supp. 2d 673, 689 (S.D. Tex.

4

2012). This allegation merely proves that Cognitec Germany and Cognitec Systems Corporation have a typical, common parent-subsidiary relationship.

Plaintiff next alleges that Cognitec Germany and Cognitec Systems Corporation "share a website, a name, and accused product; they represent to have the same partners; and potential customers are funneled through the same online form." The common nexus for this allegation is Cognitec Germany's website located at http://www.cognitec-systems.de/. Not one of these allegations alleged by Plaintiff is a relevant factor under Hargrave. Moreover, such allegations do not prove in any way that both entities are separate entities. Cognitec Germany's website merely lists its subsidiary's contact information. *See* http://www.cognitec-systems.de/Office-Locations.36.0.html Furthermore, it is common for a parent and subsidiary to have common components with respect to their names, and in any event, both entities do not have the same name (they merely share "Cognitec"). It is also common for a parent and subsidiary to sell the same products. What is important is that the products are sold in separate geographic locations (*i.e.,* Cognitec Systems Corporation sells in the United States and Cognitec Germany does not sell in the United States). Thus, the two entities are not one and the same, but separate.

Plaintiff then alleges, again without evidence, that both entities have the "same partners" and funnel the same "potential customers" through a "contact us" form on the website. Plaintiff's alleged "evidence" is not a relevant factor set forth in Hargrave. Cognitec Germany's website lists its customers and provides a "contact us" page.

*See* http://www.cognitec-systems.de/Customers.10.0.html and

http://www.cognitec-systems.de/Contact.78.0.html?&no_cache=1.

A list of customers and a "contact us" page is common for corporate entities. Almost every company website has a "contact us" page and lists various clients or customers. This does

not prove or even imply that Cognitec Germany is not a separate entity from Cognitec Systems Corporation.

Finally, Plaintiff alleges without any evidence or examples that "the two companies do not meaningfully attempt to differentiate themselves" and that Cognitec Germany "maintains full control over its subsidiary." First, this is a conclusory allegation without any evidentiary support, and does not rise to the "clear evidence" for which Plaintiff bears the burden of proof. Second, the Fifth Circuit has made clear that a parent and subsidiary do not have to have zero involvement with each other to be separate entities. See Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 219 (5th Cir. 2000). In order for the alter ego theory to apply, the parent corporation must exercise a degree of control greater than what is normally associated with common ownership and directorship. See id.; see also Driving Force Techs., Inc. v. Panda Distrib., Inc., Civil Action No. 4:10-cv-24, 2012 U.S. Dist. LEXIS 65696, at * 16 (E.D. Tex. May 10, 2012) (stating "there is nothing wrong with a parent's involvement in its investment" including "monitoring the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies"). In fact, the Fifth Circuit has specifically stated that the alter ego theory should not be applied even if the parent owns 100% of the stock of the subsidiary and has common directors and officers. See Hargrave, 710 F.2d at 1160.

In sum, there is no evidence to substantiate any of the claims made by Plaintiff. Cognitec Germany and Cognitec Systems Corporation clearly differentiate themselves from one another and each controls its own operations.

The declaration of Alfredo Herrera in support of the underlying motion is undisputed. The declaration demonstrates that Cognitec Germany is a separate entity from Cognitec Systems

Corporation. Plaintiff has not made a single allegation or presented any evidence to the contrary. For these reasons, the Court should not import any contacts relevant to Cognitec Systems Corporation to its parent corporation Cognitec Germany.

## IV. Plaintiff's Remaining Arguments Are Irrelevant to Cognitec Germany.

Plaintiff makes several allegations that either have nothing to do with Cognitec Germany or are simply not relevant to the Court's analysis. For instance, Plaintiff alleges that "Cognitec's accused products are currently being utilized in robotic research at the University of Texas." *See* Response, p. 3. As set forth in the declaration of Alfredo Herrera, Cognitec Germany has no contacts with Texas, which includes the University of Texas. Plaintiff has not presented any evidence to the contrary.

Plaintiff next alleges that Cognitec Germany's list of customers on its website is a contact with Texas because those customers allegedly have "locations" in the Eastern District of Texas. *See* Response, p. 4. First, Plaintiff presents no evidence that these locations have anything to do with the accused products. However, even if this allegation was proven true, they are not contacts for Cognitec Germany. These are contacts for these individual corporations. There is no evidence that Cognitec Germany has directed its activities to these customers, and therefore the contacts (assuming that they are even present) are too random, attenuated and fortuitous to establish jurisdiction. *See* Moncreif Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 312 (5th Cir. 2007).

Finally, Plaintiff alleges that Cognitec Germany uses its website to direct sales to Texas customers and that one of Cognitec Germany's partners allegedly advertised in a publication called *Business Wire*. *See* Response, p. 4-5. Cognitec Germany's website does not solicit business or allow for online ordering. It allows persons to contact the company for information.

*See* http://www.cognitec-systems.de/Contact.78.0.html?&no_cache=1. This is a passive website at best, and therefore does not create jurisdiction. *See* AdvanceMe, Inc. Rapidpay LLC, 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006); Revell v. Lidov, 317 F.3d 467, 470 (5th Cir. 2002). Furthermore, as stated in the Herrera declaration (which is not disputed), Cognitec Germany does not advertise or solicit business in Texas. For the same reasons, Cognitec Germany additionally has no role in any advertisements placed by Merkatum in *Business Wire*, and those alleged contacts are thus clearly too random, attenuated and fortuitous to establish jurisdiction and would offend the traditional notions of fair play and justice.

**V.      The Court Should Not Permit Additional Discovery.**

Plaintiff does not present the Court with any reason why jurisdictional discovery will assist Plaintiff to meet its burden. In the case of Ove William Akerblom, *supra*, the court denied additional discovery because the plaintiff "failed to demonstrate how additional discovery would help enhance the Court's analysis." Ove William Akerblom, 848 F. Supp. 2d at 691. The same analysis should be applied here.

Plaintiff's allegations, even if true, do not present any basis for the Court finding jurisdiction over Cognitec Germany. Cognitec Germany has no contacts whatsoever with Texas and clearly maintains Cognitec Systems Corporation as a separate entity. For these reasons, the Court should deny Plaintiff's request and grant the motion to dismiss.

/s/ Dwayne K. Goetzel
Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR DEFENDANT
COGNITEC SYSTEMS GMBH**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 20th day of May 2013.

/s/ Dwayne K. Goetzel