**U UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **Blue Spike, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 6:12-cv-499** |
| | § | |
| **Texas Instruments, Inc.** | § | |
| | § | |
| **Defendants** | § | |

-------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **Blue Spike, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. 6:13-cv-00124** |
| | § | |
| **Cognitec Systems Corporation** | § | |
| **Cognitec Systems GmbH** | § | |
| | § | |
| **Defendants** | § | |

**COGNITEC SYSTEMS CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Cognitec Systems Corporation ("CSC") files its *Reply in Support of Its Motion*

*to Dismiss (Alternatively, to Transfer)* the Complaint filed against it herein, and would

respectfully show the Court as follows:

**I.    The Court Should Transfer this Case.**

In filings subsequent to CSC's filing of its underlying motion to dismiss or transfer, many

other defendants in this case have sought transfer to the Northern District of California.  *See, e.g.,*

Google's *Motion to Transfer*.  To the extent that this Court transfers any defendants in this case

to this venue, CSC respectfully requests that it also be transferred with the other defendants if the Court will not transfer this case to the locations proposed in the underlying motion.

Plaintiff's primary argument against transfer is the efficiency saved by not having 2 or more courts construe the same claims. *See* Response, p. 7-10.  However, the mere fact that Plaintiff has numerous cases pending against numerous defendants does not support keeping this case before the Court.  As explained by the Court in Droplets, Inc. v. Amazon, Inc., 2012 WL 3578605, at *8 (E.D. Tex. June 27, 2012), "[b]ecause the cases involve different products … and no defendant is involved in both actions, it is likely that these cases will result in significantly different discovery, evidence, proceedings, and trial."  There will be no efficiency benefits as a result of keeping this case here in Tyler.  Moreover, if the Court transfers a part of the case to the Northern District of California, then this argument becomes moot.

Plaintiff then argues that its connection to the Eastern District of Texas justifies keeping the case in the present venue.  According to Plaintiff's filing, Plaintiff is simply one person: the CEO and inventor Scott Moskowitz.  *See* Response, p. 10.  However, if Mr. Moskowitz is forced to attend trial and hearings in the Northern District of California for other defendants, then the burden placed on him will be moot by transferring CSC with the other defendants.  This same analysis applies to Plaintiff's positions with respect to evidence and the cost of travel.

Furthermore, Mr. Moskowitz will not have knowledge regarding the central issues of alleged infringement and damages against CSC and is merely one witness versus a litany of witnesses from CSC and its customers.  This factor therefore supports transfer of this case. *See* Eon Corp. IP Holdings, LLC v. Sensus, USA, Inc., 2012 WL 122562, at *4 (E.D. Tex. Jan. 9, 2012) (transferring case because most of the relevant evidence was located there); Voxpath RS, LLC v. LG Elecs. U.S.A., Inc., 2012 WL 194370, at *5 (E.D. Tex. Jan. 23, 2012)

(transferring case because "all documents relating to infringement" were there, and plaintiff "only has a limited number of sources of proof in the Eastern District of Texas"); WRT Wireless Recognition Techs., Inc. v. A9.com, Inc., 2012 WL 506669, at *3 (E.D. Tex. Feb. 15, 2012); Droplets, 2012 WL 3133398, at *2; In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009).

The Court should also disregard Plaintiff's recent "move" to this Court's district in its analysis.   In re Microsoft Corp., 630 F.3d 1361, 1364-65 (Fed. Cir. 2011); In re Zimmer Holdings, Inc., 609 F.3d 1378, 1381 (Fed. Cir. 2010).  Plaintiff incorporated in Texas on May 14, 2012 (less than three months before filing the lead case in this action).  It does not appear that Plaintiff does any actual business in this Court's district other than "pursuing this litigation." Optimum Power Solutions, LLC v. Apple, Inc., 794 F. Supp. 2d 696, 702 (E.D. Tex. 2011). Indeed, from 2000-2011, Plaintiff was located in Sunny Isles Beach, Florida.  Plaintiff is clearly attempting to manufacture a basis for venue here, and, for that reason, the Court should disregard Plaintiff's belated connection to the Eastern District of Texas in its analysis. In re Microsoft Corp., 630 F.3d at 1364-65; In re Zimmer, 609 F.3d at 1381. This factor, therefore, weighs in favor of transfer.

CSC does, however, have a connection with the other venues proposed for transfer, including customers, witnesses and documents.  Thus, these witnesses will be able to attend trial and present proof of non-infringement on behalf of CSC at trial.  These witnesses would not be available in Tyler.  As set forth in the underlying motion, witnesses and evidence of proof are located in these venues, which indicates a legitimate connection with CSC, while none exists in Tyler, Texas.

Finally, the local interest in the litigation is a factor for the Court's analysis because "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." In re Volkswagen AG, 371 F.3d 201, 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sales of infringing products, are disregarded in favor of particularized local interests. In re Volkswagen of Am., Inc., 545 F.3d 304, 318 (5th Cir. 2008).

In this case, the proposed transfer locations have an interest in this case because the alleged infringements occurred there. By contrast, Plaintiff has at best only a recent and tangential connection to Texas. This factor therefore supports transfer. Eon Corp., 2012 WL 122562, at *5 (holding that "whatever weight might be afforded Plaintiff's presence in the Eastern District [of Texas begun two years before filing of the lawsuit] is outweighed by the presence" of the defendants "where the decisions and events giving rise to this case likely were made or occurred.").

The only connection to Tyler, Texas and this case is the Plaintiff's recent incorporation and move. The evidence located in Tyler is insignificant and there is only one witness. The factors to be considered by the Court for transfer support transfer to Boston, Miami, or the Northern District of California.

## II.     Plaintiff's Allegations Regarding CSC's Connections with Texas are Incorrect.

Plaintiff makes several false statements with respect to CSC's contacts with Texas. First, CSC is not involved in any robotic research at the University of Texas, and Plaintiff has not presented any evidence of a connection between CSC and such research.

Second, Plaintiff has not established a connection between CSC's customers or the customers of CSC's parent corporation and Texas. Plaintiff has presented no evidence that these

customers use or sell CSC's accused product in Texas. Moreover, even if there was evidence to prove this allegation, it is irrelevant. CSC is unaware of any connection between its customer's actions and CSC's sale to the customer. CSC has no control over the actions of the customers. There is no evidence that CSC has directed its activities to these customers, and therefore the contacts (assuming that they are even present) are too random, attenuated and fortuitous to establish jurisdiction. *See* Moncreif Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 312 (5th Cir. 2007).

Plaintiff also alleges that CSC uses its parent company's website to direct sales to Texas customers and that one of CSC's partners allegedly advertised in a publication called *Business Wire*. *See* Response, p. 5-6. CSC's parent company's website does not solicit business or allow for online ordering. It allows persons to contact the company for information. *See* http://www.cognitec-systems.de/Contact.78.0.html?&no_cache=1. This is a passive website at best, and therefore does not create jurisdiction. *See* AdvanceMe, Inc. Rapidpay LLC, 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006); Revell v. Lidov, 317 F.3d 467, 470 (5th Cir. 2002). CSC additionally has no role in any advertisements placed by Merkatum in *Business Wire*, and those alleged contacts are thus clearly too random, attenuated and fortuitous to establish jurisdiction and would offend the traditional notions of fair play and justice. These are the actions of an independent third party, not of CSC.

## III.     The Court Should Not Permit Additional Discovery.

Plaintiff does not present the Court with any reason why jurisdictional discovery will assist Plaintiff to meet its burden's set forth above. In the case of Ove William Akerblom v. Ezra Holdings Ltd., 848 F. Supp. 2d 673, 691 (S.D. Tex. 2012), the court denied additional discovery

because the plaintiff "failed to demonstrate how additional discovery would help enhance the Court's analysis." The same analysis should be applied here.

## IV.     Conclusion.

CSC respectfully requests that the Court grant the underlying motion and either dismiss or transfer this case.

/s/ Dwayne K. Goetzel
Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR DEFENDANT
COGNITEC SYSTEMS CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 20th day of May 2013.

/s/ Dwayne K. Goetzel

6