UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc., et al., | § § | Jury Trial Demanded |
| *Defendants*. | § § § | |

### Declaration of Randall Garteiser in Support of Plaintiff Blue Spike LLC's Opposition to Defendant Google's Motion Transfer Venue

I, Randall Garteiser, declare as follows:

1. I, Randall T. Garteiser, am a partner in the law firm of Garteiser Honea, P.C. We represent Plaintiff Blue Spike LLC in this lawsuit. I have personal knowledge of the information contained in this declaration and can testify to the truth of these statements.

2. Attached hereto as Exhibit 1 is a true and correct copy of a Consolidation Order signed by Judge Schneider on October 9, 2012 in this case, *Blue Spike, LLC v. Texas Instruments, Inc.*, lead Case No. 6:11-cv-00499.

3. Attached hereto as Exhibit 2 is a true and correct copy of *Stragent, LLC, et al v. Pioneer Electronics (USA) INC., et al*, No. 6:11-CV-278 (E.D. Tex. May 8, 2013) holding that "a plaintiff's decision to file in this District places a significant burden on Defendants to show good cause for transfer, a burden that this Court does not take lightly."

4. Attached hereto as Exhibit 3 is a true and correct copy of a declaration of Christopher Maxcy, Director of Partner Development at YouTube, in support of YouTube's Motion for Partial Summary Judgment,

1

signed April 28, 2010, noting that YouTube entered into a licensing agreement with Audible Magic. This document, although labeled "highly confidential," is available publically using ordinary Google searches.

5. Attached hereto as Exhibit 4 is a true and correct copy of ZDNet article titled "The YouTube File: How good is Google at separating out unlawful uses of copyrighted uploads to its popular video-sharing site?" noting that Audio Magic's audio-fingerprinting software is a key component of YouTube's content-recognition capabilities.

6. Attached hereto as Exhibit 5 is a true and correct copy of *Net Navigation Sys., LLC v. Alcatel-Lucent USA, Inc.*, No. 4:11-CV-663, at 8-10 (E.D. Tex. Aug. 27, 2012), denying transfer because, like this case, plaintiff filed multiple suits concerning the same four patents in this district and the Court combined those suits for pretrial purposes, signifying that "another court would be required to conduct duplicative proceedings regarding claim construction, expert discovery, and other issues."

7. Attached hereto as Exhibit 6 is a true and correct copy of *Oasis Research, LLC v. Pro Softnet Corp.*, No. 4:12-CV-531, at 11 (E.D. Tex. Aug. 21, 2012), holding that because a plaintiff had filed multiple suits in this district concerning the same four patents, concerns of judicial economy weighed heavily against transfer; if the Court transferred the case, "another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues."

8. Attached hereto as Exhibit 7 is a true and correct copy of *Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*, No. 6:11-CV-00173, at 9-10 (E.D. Tex. Sept. 27, 2012) that denies a motion to transfer patent suit that had already been consolidated with another suit, as "the existence of duplicative

suits involving the same or similar issues may create practical difficulties that will weigh heavily . . . against transfer."

9. Attached hereto as Exhibit 8 is a true and correct copy of *Geotag, Inc. v. Aromatique, Inc., et al,* No. 2:10-cv-570 (E.D. Tex. Jan. 14, 2013) holding that a defendant must identify witnesses in order to prove that the compulsory process weighs in favor of transfer.

10. Attached hereto as Exhibit 9 is a true and correct copy of *Gemalto S.A. v. HTC Corporation, et al*, No. 6:10cv561 (E.D. Tex. Nov. 18, 2011) in which Google's motion to transfer was denied.

11. Attached hereto as Exhibit 10 is a true and correct copy of *Eolas Technologies, Inc. v. Adobe Systems, Inc., et al*, No. 6:09-CV-446 (E.D. Tex. Sept. 28, 2010) in which Google's motion to transfer was denied.

12. Attached hereto as Exhibit 11 is a true and correct copy of *Advanced Processor Technologies, LLC v. Atmel Corp.*, No. 2:12-CV-152-JRG-RSP, at 10 (E.D. Tex. Mar. 26, 2013) that denies a motion to transfer in part because "[a]ll of Plaintiff's evidence is located within the district."

13. Attached hereto as Exhibit 12 is a true and correct copy of *Cell and Network Selection, LLC v. AT&T Mobility, LLC*, No. 6:11-CV-706, at 9 (E.D. Tex. April 29, 2013) that denies a motion to transfer, finding that because "[d]efendants fail to specifically identify employees with relevant knowledge of the accused devices," the cost of attendance for willing witnesses did not weigh in favor of transfer.

14. Attached hereto as Exhibit 13 is a true and correct copy of *GHJ Holdings, Inc. v. Mag Instrument, Inc.,* No. 5:10-CV-230 (E.D. Tex. May 3, 2011) holding supplemental briefing regarding disclosures should be submitted before a transfer motion is considered.

I declare on May 20, 2013, in Marin County, California under penalty of perjury under the laws of the United States and Texas that the statements made in this declaration are true and correct.

_/s/ Randall Garteiser_
Randall Garteiser
