# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>    *Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>    *Defendant.*<br>_____<br><br>BLUE SPIKE, LLC<br>    *Plaintiff,*<br><br>v.<br><br>ACCU-TIME SYSTEMS, INC.<br>    *Defendant.*<br>_____ | § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:12-cv-499<br>(Lead Case)<br><br>JURY TRIAL DEMANDED<br><br><br><br><br>Civil Action No. 6:13-cv-037<br>(Consolidated with 6:12-cv-499)<br><br>JURY TRIAL DEMANDED |

## DEFENDANT ACCU-TIME SYSTEMS, INC.'S MOTION
## TO STRIKE PLAINTIFF'S SURREPLY

Defendant, Accu-Time Systems, Inc., ("ATS"), hereby moves to strike the Surreply to Defendant's Motion to Dismiss ("Surreply") [Dkt. No. 741] filed by Plaintiff, Blue Spike, LLC ("Blue Spike"), as it is non-responsive to ATS' Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Reply") [Dkt. No. 686] and is an impermissible expansion of the Complaint [Dkt. No. 1 in Case No. 6:13-CV-037].

   I.   **RELEVANT FACTS**

The originally filed Complaint alleged infringement of four (4) patents ("patents-in-suit") on the basis that:

1

2347321-1

> Defendant makes, uses, offers for sale and/or imports into the U.S. products, systems and/or services including, but not limited to, its OPTIMUS$_2$, AccuTouch, Maximus, and Prodigy time and attendance terminals ("Accused Products"), which infringe one or more claims of the Patents-in-Suit.

Complaint at ¶ 27.  ATS moved to dismiss the Complaint because it failed to state which patents are infringed by the "Accused Products"  *See* Defendant Accu-Time Systems, Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss") [Dkt. No. 576]. Blue Spike's Opposition relied upon a product - the ATS AccuTouchUSB - that WAS NOT identified in the Complaint as an "Accused Product" and argued that "[b]y naming the four patents-in-suit and four accused products, Blue Spike has placed Accu-Time on notice as to what it must defend." *See* Plaintiff's Opposition to Defendant's Motion to Dismiss at 3 and 8 (citing Exhibit 3) (hereinafter "Blue Spike's Opposition") [Dkt. No. 651]  Blue Spike's Surreply now seeks to redefine "Accused Products" as a "class of accused products" including "all of today's widespread biometric technology." *See* Surreply at 2- 3.

## II.  ARGUMENT

Blue Spike's Surreply does not address arguments made in ATS' Reply; it attempts to redefine the Complaint and raise new arguments.  As such, it is improper and should be stricken.

### A.  Blue Spike's Claim That Its Patents are Foundational Is Facially Implausible

The entire premise of Blue Spike's Surreply requires either mischaracterizations of the Complaint or the reliance on non-factual allegations.

The Surreply states "[t]he salient facts are these: Blue Spike pleaded that the patents-in-suit-are foundational to all of today's widespread biometric technology; that Accu-Time makes biometric products; and that at least some of Accu-Time's biometric products have no substantial

non-infringing use." The fallacy in this argument is highlighted by the Complaint's allegation that Blue Spike owns over 66 Patents and **"[m]any** of Blue Spike's patents are foundational to today's robust markets for content." Complaint at ¶ 2 (emphasis added). Blue Spike *did not* plead that the patents-in-suit are "foundational to all of today's widespread biometric technology." It is facially implausible that Blue Spike's patents are foundational to a technological field of art that long pre-dates the patents-in-suit. While a court accepts pleadings as factual for motion purposes, it does not have to accept self-serving conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009) (holding that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"). A court does not have to accept a statement that "the world is flat" because it appears in a pleading.

### B. Blue Spike's Newly Proffered Definition of "Accused Products" Does Not Satisfy Form 18's Standards and Improperly Amends the Pleading

Blue Spike's Surreply seeks to amend the Complaint by expanding the already impermissibly broad allegation of "Accused Products and Services," to encompass "today's widespread biometric technology." Even under the most liberal pleading standard, an accusation encompassing "today's widespread biometric technology" cannot satisfy Form 18's exemplary pleading of an "electric motor." *Prism Techs., LLC v. AT&T Mobility, LLC*, 2012 U.S. Dist. LEXIS 126630 (D. Neb. Sept. 6, 2012) at [*12] (holding "wireless products" to be considerably more generic than "electric motor"). The touchstones of Form 18 are notice and facial plausibility. *K-Tech Telecomms., Inc. v. Time Warner Cable*, Inc., 2013 U.S. App. LEXIS 7766 (Fed. Cir. Apr. 18, 2013). The allegations in the Complaint fail both, and Blue Spike's new

allegation encompasses an entire field of technology without any notice to ATS of how it allegedly infringes. See, *Prism Techs., supra*.

### III. CONCLUSION

Blue Spike's Surreply should be stricken as it does not respond to ATS' Reply and is simply an improper attempt to amend the Complaint. Blue Spike's Complaint fails to provide ATS with notice of the claims it must defend with sufficient facts and specificity to support the alleged claims of direct infringement, contributory infringement, induced infringement and willful infringement.[1] The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

        Respectfully submitted,

        By: s/Anthony S. Volpe
           Anthony S. Volpe (pro hac vice, PA 24,733)
           Ryan W. O'Donnell (pro hac vice, PA 89775)
           Aneesh A. Mehta (pro hac vice, PA 205878)
           VOLPE AND KOENIG, P.C.
           United Plaza, 30 S. 17th Street
           Philadelphia, PA 19103
           Phone: (215) 568-6400
           Fax: (215) 568-6499
           Avolpe@vklaw.com
           RODonnell@vklaw.com
           Amehta@vklaw.com

           Scott Crocker (TX State Bar No. 00790532)
           SPRINKLE IP LAW GROUP
           1301 W. 25th Street, Suite 408
           Austin, Texas 78705
           Phone: (512) 366-7308
           Fax: (512) 371-9088
           SCrocker@sprinklelaw.com

           *Attorneys for Defendant,*
           *Accu-Time Systems, Inc.*

---

[1] ATS notes that Blue Spike concedes that willfulness should be dismissed; however, Blue Spike has not filed an amended complaint.

2347321-1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Defendant Accu-Time Systems, Inc.'s Motion to Strike Plaintiff's Surreply to Defendant's Motion to Dismiss** is being served on all counsel of record via the Court's CM/ECF system on this 22nd day of May 2013.

By: s/Anthony S. Volpe
Anthony S. Volpe (pro hac vice, PA 24,733)
Ryan W. O'Donnell (pro hac vice, PA 89775)
Aneesh A. Mehta (pro hac vice, PA 205878)
VOLPE AND KOENIG, P.C.
United Plaza, 30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 568-6400
Fax: (215) 568-6499
Avolpe@vklaw.com
RODonnell@vklaw.com
Amehta@vklaw.com

## CERTIFICATE OF CONFERENCE

This Motion is opposed. Pursuant to Local Rule CV-7(h), I, Anthony S. Volpe, counsel for Accu-Time Systems, Inc., discussed the basis for this Motion with Plaintiff's counsel, Christopher A. Honea, by telephone on May 21, 2013, at which time Plaintiff's counsel stated that it opposed this Motion.

By: s/Anthony S. Volpe
Anthony S. Volpe (pro hac vice, PA 24,733)
VOLPE AND KOENIG, P.C.
United Plaza, 30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 568-6400
Fax: (215) 568-6499
Avolpe@vklaw.com