UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| _Plaintiff,_ | § | Case No. 6:12-cv-499-MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| | § | |
| _Defendants._ | § | |

**BLUE SPIKE'S SURREPLY OPPOSING KRONOS'S MOTION TO
TRANSFER VENUE [DKT. 610]**

Kronos bears the burden of proving that transfer would be "clearly more convenient," but spends the bulk of its reply (Dkt. 757) trying to rebut or downplay Blue Spike's allegations and sworn statements. _In re Volkswagen of Am., Inc.,_ 545 F. 3d 304, 315 (5th Cir. 2008) (en banc). Kronos has not built an affirmative case that another forum would be clearly more convenient than this District.

First, Kronos still fails to identify specific witnesses—willing or unwilling—who would benefit from transfer. Kronos's vague assertion that such witnesses exist carries no weight. _See Cell & Network Selection, LLC v. AT&T Mobility LLC_, No. 6:11-CV-706-LED-JDL, 2013 WL 1855972, at *4-5 (E.D. Tex. Apr. 29, 2013); _Geotag, Inc. v. Aromatique, Inc._, No. 2:10-cv-00570-JRG, Dkt 585, at 6-7 (E.D. Tex. Jan. 14, 2013); _Dymatize Enters., Inc. v. Maximum Human Performance, Inc._, No. 3:09-cv-1840, 2010 WL 972240, at *2–3 (N.D. Tex. Feb. 28, 2010).

Second, Kronos still fails to show that it would be more inconvenienced by litigating here than Blue Spike would be by litigating in Massachusetts. *See* WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §3848 ("[T]ransfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to the other."); *Peterson v. Nat'l Sec. Techs., LLC*, No. 12–CV–5025–TOR, 2012 WL 3264952, at *5 (E.D. Wash. Aug. 9, 2012) ("[T]he parties' respective abilities to absorb the costs of litigation in either district is a relevant consideration."). Kronos concedes that it has extensive Texas connections and that Blue Spike has no Massachusetts connections, but nevertheless tries to mount a relative-convenience argument by attacking Blue Spike's connection to this District. Dkt. 757 at 2-4. Yet this attack fails because Blue Spike's entire operation has been here for over a year, making Blue Spike a bona fide forum resident under clearly established precedent. *See, e.g.*, *Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-CV-364-JRG, 2012 WL 506669, at *3 n.6 (E.D. Tex. Feb. 15, 2012); *NovelPoint Learning LLC v. LeapFrog Enters., Inc.*, No. 6:10-CV-229 JDL, 2010 WL 5068146, at *4-5 (E.D. Tex. Dec. 6, 2010). The fact that Scott Moskowitz, Blue Spike's CEO and primary inventor, regularly travels to Florida to obtain medical treatment he cannot obtain elsewhere (Dkt. 715, Moskowitz Decl. ¶3) does not suggest that Moskowitz could easily travel to Massachusetts. *Contra* Dkt. 757 at 3. Moskowitz did not "specifically [choose] to engage in the travel necessitated by filing 'more than 50 cases' at once"

2

(*id.*)—quite the contrary. Instead, Moskowitz relocated to Texas to continue building his company and to reduce the need to travel to protect his company's business and legal interests.

Last, Kronos has no good answer to the paramount federal interest in judicial efficiency, which weighs heavily against transfer. Blue Spike has never argued that efficiency weighs against transfer merely because of the sheer number of Blue Spike cases filed here. *Contra id.* at 1-2. Rather, Blue Spike argued that efficiency weighs against transfer because, as the Court has already recognized, Blue Spike's consolidated cases share common issues of law and fact. *See* Dkt. 16 at 14-15. Kronos's contention that "none of the cases involve related defendants or overlapping products or services" (*id.* at 2) is simply not true; Blue Spike has sued other companies that Kronos self-describes as its "technology partners." *See* http://bit.ly/17Uvnl6 (Kronos website describing M2SYS as Kronos's "technology partner"); Case No. 6:13-cv-083 MHS, Dkt. 1 (complaint against M2SYS). Further, Kronos's accused products are biometric time-and-attendance terminals (*see* Case No. 6:13-cv-086 MHS, Dkt. 1 at ¶27), and Blue Spike has sued several other companies that make similar products. *See, e.g.*, Case No. 6:13-cv-037 MHS, Dkt. 1 at ¶27; Case No. 6:13-cv-108 MHS, Dkt. 1 at ¶27; Case No. 6:13-cv-109 MHS, Dkt. 1 at ¶27. The overlap between this case and other consolidated cases clearly weighs against transfer.

3

Transfer is not appropriate for all the reasons explained in Blue Spike's opposition. *See* Dkt. 715. The federal interest in judicial efficiency is enough, by itself, to defeat transfer. And, here, the case against Kronos shares not only the factual and legal issues common to all of the consolidated cases but is also intertwined with the cases against Kronos's technology partners and cases involving similar products. The health problems of Scott Moskowitz—Blue Spike's CEO, inventor, and witness—also defeat transfer. The other public- and private-interest factors are either neutral or weigh against transfer, making it impossible for Kronos to carry its heavy burden of showing that the District of Massachusetts is clearly more convenient than this District.

For all these reasons plus those contained in its opposition (Dkt. 715), Blue Spike again asks the Court to deny Kronos's transfer motion.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  randall.garteiser@sftrialattorneys.com
Christopher A. Honea
  Texas Bar No. 24059967
  chris.honea@sftrialattorneys.com
Christopher S. Johns
  Texas Bar No. 24044849
  chris.johns@sftrialattorneys.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903

(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this day.

/s/ Randall T. Garteiser