**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>　*Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE |

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br>　*Plaintiff*,<br>v.<br>AUDIBLE MAGIC CORPORATION, FACEBOOK, INC., MYSPACE, LLC, SPECIFIC MEDIA, LLC, PHOTOBUCKET.COM, INC., DAILYMOTION, INC., DAILYMOTION S.A., SOUNDCLOUD, INC., SOUNDCLOUD LTD., MYXER, INC., QLIPSO, INC., QLIPSO MEDIA NETWORKS LTD., YAP.TV, INC., GOMISO, INC., IMESH, INC., METACAFE, INC., BOODABEE TECHNOLOGIES, INC., TUNECORE, INC., ZEDGE HOLDINGS, INC., BRIGHTCOVE INC., COINCIDENT.TV, INC., ACCEDO BROADBAND NORTH AMERICA, INC., ACCEDO BROADBAND AB, AND MEDIAFIRE, LLC<br>　*Defendants*. | §§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 6:12-CV-576 MHS<br><br>CONSOLIDATED CASE |

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br>　*Plaintiff*,<br>v.<br><br>WIOFFER, LLC<br>　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-570 MHS<br><br>CONSOLIDATED CASE |

**DECLARATION OF CHRISTOPHER JOHNSTON IN SUPPORT OF
DEFENDANT AUDIBLE MAGIC CORPORATION'S AND ITS CUSTOMERS'
MOTION TO TRANSFER VENUE
TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
<u>DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)</u>**

OHSUSA:753603089.2

I, Christopher Johnston, declare under penalty of perjury that the following is true and correct:

1. I am the Vice President, Media Solutions and Partnerships, of Brightcove Inc. I have personal knowledge of the facts set forth in this declaration, or access to Brightcove Inc.'s ("Brightcove") corporate information and records allowing me to confirm these facts. If called as a witness, I could testify competently to these facts under oath.

2. Brightcove is headquartered in Boston, Massachusetts.

3. Brightcove has no operations or property in Texas. Brightcove has three employees in various locations in Texas, but none of these employees has any relevant knowledge about this litigation.

4. Brightcove maintains an office in San Francisco, California and employs 20 people out of that office.

5. Brightcove is accused in the complaint in the above-referenced action based on Audible Magic's technology.

6. In November 2007, Brightcove entered into an agreement with Audible Magic, located in Los Gatos, California, wherein Audible Magic agreed to provide its Content Identification Services to Brightcove. This is technology accused by Blue Spike in the instant action. It is my understanding that the Content Identification Services provided to Brightcove have been, at all times, managed by Audible Magic on its computer servers and in its network operations center in Los Gatos, California and San Jose, California.

7. Brightcove has interacted with Audible Magic technical and business personnel in Los Gatos, California to obtain the agreement with Audible Magic and with regard to technical aspects of the Audible Magic technology.

8. It is my understanding that as part of its agreement with Audible Magic, Brightcove has utilized or accessed servers, databases, and software located in and/or originating from Audible Magic in Los Gatos, California.

9. Brightcove had no access to, and no ability to alter, Audible Magic's proprietary source code used to run Audible Magic's Content Identification Services.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct based on my own personal knowledge.

Executed on May 6, 2013 in Chapel Hill North Carolina.

_____
Chris Johnston