# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 6:12-cv-499-LED |
| | : | (LEAD CASE) |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| TEXAS INSTRUMENTS, INC. et al. | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| BLUE SPIKE, LLC, | : | |
| | : | |
| | : | C.A. No. 6:13-cv-00088 |
| Plaintiff, | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| IRIS ID SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT IRIS ID SYSTEMS INC.'S REPLY IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY**

**TABLE OF CONTENTS**

I.   Blue Spike's choice of forum does not outweigh all of the other transfer factors.............. 1

II.  Blue Spike fails to identify any evidence located within this District............................... 3

III. Blue Spike mischaracterizes the extent of Iris ID's contacts in this District...................... 5

IV.  Conclusion .......................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)..................................................................................................1

*GeoTag, Inc. v. Aromatique, Inc., et al.*
    Case No. 2:10-cv-570, Dkt. No. 585 (Jan. 14, 2013) ...............................................................2

*Oasis Research, LLC v. Softnet Corp.*,
    No. 4:12-cv-531, Dkt. No. 4 (Aug. 21, 2012)..........................................................................2

*Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*,
    No. 6:11-cv-00173, Dkt. No. 197 (Sep. 27, 2012)...................................................................2

*GHJ Holdings, Inc. v. Mag Instrument, Inc.*,
    No. 5:10-cv-230, Dkt. No. 26 (E.D. Tex. Feb. 5, 2011) ...........................................................4

*NovelPoint Learning LLC v. Leapfrog Enterprises, Inc. et al.*,
    No. 6:10-cv-229 JDL, 2010 WL 5068146 (E.D. Tex. Dec. 6, 2010) ........................................5

**STATUTES**

28 U.S.C. § 1404....................................................................................................................1

Because Plaintiff Blue Spike LLC ("Blue Spike") cannot rebut that the transfer factors support Iris ID Systems Inc.'s ("Iris ID") motion to transfer, Blue Spike labels its choice of forum as a judicial-economy argument, contending that its choice to engage in a mass litigation in this district alone somehow trumps all of the transfer factors. It does not and should not.

I. **Blue Spike's choice of forum does not outweigh all of the other transfer factors**

Blue Spike's opposition to Iris ID's motion to transfer boils down to an attempt to equate Blue Spike's choice of forum to an argument of judicial economy, ignoring the transfer factors and the lack of commonality between the currently-pending cases that Blue Spike filed against over 100 defendants, and misquoting the Court's consolidation order.

First, a plaintiff's choice of venue is not a distinct factor in the § 1404 analysis, *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008), and should not trump all other transfer factors. The fact that Blue Spike has chosen to file patent infringement cases against over 100 defendants in the Eastern District of Texas on the same patents is just that: Blue Spike's choice to file cases in this district. Here, the factors that courts consider in the transfer analysis support transferring the action against Iris ID to the District of New Jersey. Blue Spike does not rebut those factors, but instead ignores them and cloaks its choice of forum as promoting judicial economy.

Second, the technologies involved in the consolidated cases range from iris identification software, to systems such as YouTube, Google Play, and Google Music (*see* 6:12-cv-00558-MHS, Dkt. No. 1, at 9), to products including Finger Print Development Kits (*see* 6:12-cv-00499-MHS, Dkt. No. 1, at 9). Contrary to Blue Spike's characterizations, little—if any—common questions of law or fact exist between the consolidated cases because they involve defendants that sell or provide vastly different products and services. This court already

considered and rejected the very argument that Blue Spike seeks to make here in *GeoTag, Inc. v. Aromatique, Inc., et al.*, Case No. 2:10-cv-570, Dkt. No. 585 (Jan. 14, 2013) (attached as Ex. 9 to Iris ID's Mot.). In that case, the plaintiff sought to make a judicial economy argument when opposing a motion to transfer in light of the 100 plus cases it filed against over 400 defendants. *Id*. at 10. The court rejected that argument because the cases did not involve related defendants or overlapping products and explained that the plaintiff failed to identify any common issues that would not be present in every infringement case, like claim construction. *Id.* Here, as in *GeoTag*, Blue Spike's argument should be rejected.

The cases that Blue Spike cites on this issue are distinguishable from this case. For example, in *Oasis Research, LLC v. Softnet Corp.*, the court had already held a Markman hearing and reviewed the parties' motions for summary judgment. No. 4:12-cv-531, Dkt. No. 4 at 8 (Aug. 21, 2012) (Ex. 4 to Blue Spike's Opp.). This case is in its very early stages as the Court has not held a case scheduling conference. Further, in *Oasis Research, LLC*, the court found that several witnesses "involved in the litigation . . . will testify to issues common to all Defendants." *Id*. There is no indication that the defendants will have common witnesses in these actions. In *Mosaid Techs., Inc. v. Freescale Semiconductor, Inc*., the defendants argued that transfer was proper because of the possibility that the action could be consolidated with another litigation in the proposed transferee forum. No. 6:11-cv-00173, Dkt. No. 197 at 9-10 (Sep. 27, 2012) (Ex. 5 to Blue Spike's Opp.). When the court issued its opinion, however, the other litigation had been transferred to the proposed transferor forum so the court found that "Defendants' own argument now supports denying transfer." *Id*. at 10. Those facts are not present in this case.

Third, Blue Spike misquotes the Court's consolidation order, stating that "[t]he Court has consolidated the suits for pretrial purposes because the suits 'involve a common question of law

2

or fact' and because consolidation 'would promote efficient case management.'" Dkt. No. 749 at 4. Those statements do not appear anywhere in the Court's order. Instead the order indicates that "This pretrial consolidation—done for case management purposes—does not impact individual parties' rights to challenge venue as their rights existed prior to this consolidation. *See In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012)." Dkt. No. 530 at n.1.

Blue Spike's choice of forum should not trump all the other factors considered in the transfer analysis, which in this case support transfer of the case against Iris ID to the District of New Jersey. And Blue Spike's choice of forum argument labeled as judicial economy is not only misplaced, but also disingenuous in light of the lack of commonality between all of the defendants and accused products at issue in the consolidated actions.

## II. Blue Spike fails to identify any evidence located within this District

Blue Spike's opposition to Iris ID's motion to transfer is replete with generalities about evidence from Blue Spike that is purportedly located in Tyler, Texas. Yet, nowhere in its opposition does Blue Spike identify specific witnesses or kinds of documents located in Texas.

Regarding is own witnesses, Blue Spike alleges that it "plans to call witnesses from Texas." Dkt. No. 749 at 7. Yet, the only potential witness that Blue Spike mentions by name or even generally identifies in its motion is the patent inventor and Blue Spike's CEO, Mr. Scott Moskowitz. In his declaration, however, Mr. Moskowitz admits that he resides at least part time in Florida (Dkt. No. 794-2 at para. 3). In fact, Mr. Moskowitz executed his declaration in Miami, Florida. *Id*. at p. 2. And all of the asserted patents, filed as recent as February 26, 2011, also indicate that Mr. Moskowitz resides in Florida. Blue Spike tries to counteract this evidence with one sentence in Mr. Moskowitz's declaration alleging that he is domiciled in Tyler, Texas. *Id*. at para. 3. But even the Texas address that Mr. Moskowitz provides in his declaration points to a bed-and-breakfast location, not a residence in Texas. *See* Ex. 8 to Iris ID's Mot.

3

Blue Spike also relies on Mr. Moskowitz medical condition to allege that a trial in New Jersey would be inconvenient for Mr. Moskowitz due to his inability to fly long distances. Iris ID understands the inconvenience that trial may impose on a witness. Mr. Moskowitz's residence in Miami, Florida, however, is approximately the same distance to the courthouses in the District of New Jersey than to Tyler, Texas. Thus, just as Mr. Moskowitz would have to fly to Tyler, Texas to attend trial in this district, he could fly to New Jersey if this case is transferred.

Regarding third-party witnesses that possess relevant information regarding conception and reduction to practice, as well as prosecution of the asserted patents, including the prosecuting attorneys, Blue Spike does not dispute that those witnesses are not located within the Eastern District of Texas and are closer to the District of New Jersey. Instead, Blue Spike tries to discount their relevance and argues that assigning much weight to the cost of attendance for willing witnesses is premature because the parties have not exchanged Rule 26 disclosures.

Attorneys involved in prosecuting the patents have evidence relevant to that prosecution by virtue of their participation in the process. Such evidence could be relevant to issues like claim construction and inequitable conduct. Blue Spike's argument to the contrary is meritless. Regarding disclosures, Blue Spike cites *GHJ Holdings, Inc. v. Mag Instrument, Inc.* to argue that the Court should not assign much weight to the cost of attendance for willing witnesses because the parties have not exchanged initial disclosures. Dkt. No. 749 at 13. *GHJ* did not hold that weight should not be given to the cost of attendance for willing witnesses. Instead, the court in that case merely allowed the parties to file disclosures before considering the merits of the transfer motion. No. 5:10-cv-230, Dkt. No. 26 (E.D. Tex. Feb. 5, 2011) (Ex. 9 to Blue Spike's Opp.). Disclosures would not provide more information than what Iris ID already provided in its motion, namely the identity of relevant witnesses. Thus, this argument is also unavailing.

Lastly, Blue Spike fails to identify any documentary evidence located in Texas. Instead, Blue Spike speculates that "Blue Spike *might* have the original versions of the evidence or its own copy of key documents." Dkt. No. 749 at 11 (emphasis added). Yet, Blue Spike makes no representation of any of the documents it *actually* possesses in Tyler, Texas.

Blue Spike's failure to identify any evidence in Texas supports Iris ID's argument that Blue Spike is an ephemeral entity created for purposes of litigation. Even the cases Blue Spike cites on this issue support Iris ID's argument. For example, in *NovelPoint Learning LLC v. Leapfrog Enterprises, Inc. et al.*, the court referred to corporate, financial, and inventor documents as well as prototypes in Texas. No. 6:10-cv-229 JDL, 2010 WL 5068146 at n.9 (E.D. Tex. Dec. 6, 2010). Here Blue Spike has not identified any categories of documents located in Texas. Also, the court in *NovelPoint* explained that an entity without "(1) employees in the transferor forum; (2) principals that reside in the transferor forum; or (3) research and development-type activities in the transferor forum is an 'ephemeral' entity." *Id*. at *4. Blue Spike does not contend that it conducts research and development in Texas. And the only employee or principal that Blue Spike identifies is Mr. Moskowitz. As indicated above, however, Mr. Moskowitz's declaration and the asserted patents support that he resides in Florida.

### III. Blue Spike mischaracterizes the extent of Iris ID's contacts in this District

Blue Spike refers to Iris ID's customers and partners to imply, without any basis, that Iris ID has extensive contacts in this forum. Iris ID, however, does not have any employees or maintain any relevant documents in Texas. Ex. 1 to Iris ID Mot. at para. 8. The presence of Iris ID's customers in Texas is wholly irrelevant to the transfer analysis and Blue Spike's attempt to extrapolate another company's contacts in Texas to Iris ID is misplaced and disingenuous.

### IV. Conclusion

For the foregoing reasons, Iris ID respectfully requests that the Court grant its motion.

| | |
|---|---|
| Dated: May 23, 2013 | Respectfully submitted, |

By: */s/ Harry L. Gillam, Jr.*
Gillam & Smith, LLP
Harry L. Gillam, Jr.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

Of Counsel
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Andy Sonu (*pro hac vice*)
Rajeev Gupta (*pro hac vice*)
Cecilia Sanabria (*pro hac vice*)
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: 202.408.4365
Facsimile: 202.408.4400
andy.sonu@finnegan.com
raj.gupta@finnegan.com
cecilia.sanabria@finnegan.com

*Attorneys for Defendant Iris ID Systems, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on the May 23, 2013, on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                        */s/ Harry L. Gillam, Jr.*
                                        Harry L. Gillam, Jr.