IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRCT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Cause No.   6:12-cv-499 |
| | § | |
| vs. | § | **Jury Trial Demanded** |
| | § | |
| **Texas Instruments Incorporated,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S
MOTION TO SEVER AND TO REQUEST A STATUS CONFERENCE**

Defendant Texas Instruments Incorporated ("TI") hereby requests that the Court reconsider its October 9, 2012, Consolidation Order, that the Court sever the action against TI, and that the Court order a status conference in the severed case.  In support thereof, TI would respectfully show the Court as follows:

## I.    Background

On August 9, 2012, Blue Spike, LLC ("Blue Spike") filed suit against TI for infringement of U.S. Patent Nos. 7,346,472; 7,660,700; 7,949,494; and 8,214,175 (the "Patents-in-Suit").  (Docket No. 1.)  TI filed its Answer, Affirmative Defenses and Counterclaims to Plaintiff Blue Spike LLC's Complaint for Patent Infringement on September 6, 2012.  (Docket No. 12.)

Blue Spike filed two cases the same day it filed suit against TI, and continued filing patent-infringement lawsuits in August, September, and October of 2012, and in January and February of 2013.  Most recently, on February 6, 2013, almost five months after

bringing suit against TI, Blue Spike filed seven new lawsuits. In total, Blue Spike has filed eighty-nine (89) lawsuits over the last nine months, all alleging infringement of the Patents-in-Suit.[1]

Midway through this flurry of filings, the Court entered a Consolidation Order ("Order"), consolidating all cases filed to that point for pretrial issues, with exception to venue, under Federal Rule of Civil Procedure 42(a). (Docket No. 16.) The case against TI was designated as the lead case for consolidated issues. *Id.* The Court further ordered that:

> The Plaintiff is ordered to file a notice in the lead case that the case is ready for scheduling conference when all of the Defendants have either answered or filed a motion to transfer or dismiss. The filing of such notice shall not exceed six months from the filing of the lead case[2] absent a showing of good cause.

*Id.* All of the cases filed by Blue Spike (including the case against TI) were subsequently transferred from Judge Davis to Judge Schneider. (See General Order No. 13-3). On February 12, 2013, upon Blue Spike's motion, the Court entered an order extending Plaintiffs' deadline to file a notice of readiness for a status conference. (Docket No. 491.) The order states that "Plaintiff shall file a notice of readiness for scheduling conference within five days after the last defendant . . . answers or responds to Plaintiff's complaint or on April 9, 2013, whichever is earlier." *Id.*

On March 26, 2013, the Court entered another Consolidation Order, consolidating the additional cases filed since January for pretrial purposes (Docket No. 530.) The Court further ordered:

> Plaintiff to file a notice of readiness for scheduling conference when all Defendants in the consolidated case have either answered or filed a motion to transfer or dismiss. …The notice must be filed within five days of the last remaining Defendant's answer or motion.

---

[1] Approximately sixteen of these suits have been dismissed.
[2] The lead case (against TI) was filed on August 9, 2012, so six months later would have been February 9, 2013.

…

If the consolidated case is not ready for scheduling conference within 90 days of this order, Plaintiff must file a detailed status report explaining the reason for the delay.

*Id.*

## II.  Argument

### A.  Legal Standard

Rule 42(a) states that "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  This rule affords "considerable discretion [to the district court] to consolidate cases for discovery and for trial…where venue is proper and there is only 'a common question of law or fact.'" *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).  This can include consolidation of common pretrial issues, like claim construction.  *Id.*  However, consolidation under Rule 42(a) is proper only where it would "expedite trial and eliminate unnecessary repetition and confusion." *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984).

### B.  The Case Against TI Should Be Severed

Under the circumstances here, TI's consolidation for pretrial purposes with the other defendants would actually *increase* the time to trial for Blue Spike and TI and could prevent early resolution of other pending cases.  Judicial economy would be best served by severing TI's action.  Consequently, TI's action should be severed and the Court should order an immediate scheduling conference in the severed case.

#### 1.  Severing The Case Against TI Would Expedite Trial

TI can be ready for trial more quickly than other defendants.  The suit against TI was filed earlier—in some cases months earlier—than the suits against other defendants.

Furthermore, the suit against TI is less complicated than many of the other suits filed by Blue Spike, and therefore requires a shorter discovery period. If this case is severed, TI could be ready for trial within one year.

Blue Spike filed its complaint naming TI as a defendant on August 9, 2012, more than nine months ago. TI filed its answer and counterclaims on September 6, 2012, more than eight months ago. Over the course of the last few months, TI has had an opportunity to investigate background facts, evaluate the Patents-In-Suit, and prepare to move forward. By contrast, some defendants have only just been sued and have not yet filed any responsive pleadings. TI will of course be ready for trial long before defendants in the later-filed cases. Consolidation of these matters is clearly delaying, rather than expediting, trial. *See York v. Union Pac. R.R. Co.*, 2007 U.S. Dist. LEXIS 97992 (E.D. Tex. Nov. 19, 2007) (denying motion to consolidate where consolidation would require changing pretrial deadlines and postponing docket call for four months); *Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative ERISA Litig.)*, 2007 U.S. Dist. LEXIS 8812 (S.D. Tex. Feb. 7, 2007) (denying motion to consolidate where cases were at different stages of litigation).

Moreover, the case against TI is less complex than some of the cases involving the other defendants. Blue Spike has only accused one TI product of infringement: TI's TMDXBDKFP5515 C5515 Fingerprint Development Kit. The accused TI product has only about $30,000 in total world-wide sales since its introduction and is unlikely to ever generate significant revenue. *See* Declaration of Milind Borkar ("Borkar Decl.") at ¶5. TI, a chip manufacturer, is not in the business of selling such kits; the kits are sold merely to showcase TI's CC5515 chip. Borkar Decl. at ¶4. Considering that only a single product is at issue with a very small revenue, there is relatively little relevant discovery that TI will be

required to produce. Consequently, a truncated discovery period would be warranted, avoiding gamesmanship that is commonplace with discovery.

The defendants in the consolidated actions are not likely to be in similar situations. For many of the other defendants, their entire business is biometrics (e.g., fingerprint, facial recognition, etc.) and, accordingly, a significant portion of their revenue is derived from allegedly infringing products. In contrast, TI is the world's third largest manufacture of semiconductor devices with world-wide sales in excess of $14 Billion in 2011. There a staggering difference between the amount at stake for TI and the amount at stake for such defendants. Discovery in such cases will almost certainly be lengthy and contentious. This, again, shows that TI can be ready for trial sooner than other defendants and weighs in favor of severance.

In addition to a truncated discovery period, TI believes the period for resolving all pretrial matters can be shortened. It is TI's belief that the parties in its severed case could meet all of the deadlines set forth in the Eastern District of Texas's Patent Rules without any modification, where the time between the Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1) through service of Blue Spike's responsive claim construction brief (P.R. 4-5(c)) would be 171 days. TI also believes that claim construction can be resolved on brief without a *Markman* hearing and that claim construction can be limited to three case-dispositive terms. *See Parallel Networks, LLC v Abercrombie & Fitch Co.*, 2013 U.S. App. LEXIS 1077 (Fed. Cir. Jan. 16, 2013) (approving district court's attempt to streamline cases by ordering an initial *Markman* hearing to construe three potentially case-dispositive claim terms). Under this schedule and after an expeditious

discovery period, TI would be ready for trial within one year of the Court's scheduling conference.

### 2. Severing TI's Case Could Help Resolve All Pending Cases Expeditiously

In addition to speeding up time to trial, severing the case against TI could potentially help resolve other cases involving the Patents-In-Suit. As indicated above, TI believes that in the case between TI and Blue Spike claim construction can be limited to three case-dispositive claim terms. The Court's construction of those terms may be case dispositive for all pending cases. If those terms are construed in TI's favor at an early *Markman* hearing, dozens of other pending cases could be disposed of in short order, without the necessity of a lengthy, costly discovery.

### III. Conclusion

As set forth above, in the interest of judicial economy and an expeditious trial, TI respectfully requests that the Court reconsider its Consolidation Orders, that the Court sever the action against TI, and that the Court order a status conference in the severed case.

Respectfully submitted,

By: *Amanda A. Abraham*
Carl R. Roth
cr@rothfirm.com
Brendan C. Roth
br@rothfirm.com
Amanda A. Abraham
aa@rothfirm.com
THE ROTH LAW FIRM, P.C.
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: (903) 935-1665
Facsimile: (903) 935-1797

**ATTORNEYS FOR DEFENDANT
TEXAS INSTRUMENTS INCORPORATED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 24th day of May, 2013. Any other counsel of record will be served by facsimile transmission and/or first class mail.

*Amanda A. Abraham*
AMANDA A. ABRAHAM