UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
| *Defendants*. | § § § | |

**PLAINTIFF BLUE SPIKE'S SURREPLY TO COGNITEC SYSTEMS GMBH'S MOTION TO DISMISS [DKT. 626]**

**I.  The Court's Personal Jurisdiction Over Cognitec's Subsidiary Supports Asserting Personal Jurisdiction Over Cognitec Itself.**

Defendant Cognitec Systems GmbH ("Cognitec") exerts sufficient dominion and control over its subsidiary—Cognitec Systems Corporation ("CSC")—to warrant the exercise of personal jurisdiction over Cognitec itself. Here, Cognitec mistakenly argues that even if "Cognitec Systems Corporation is merely a U.S. base of operations for its parent, which maintains full control over its subsidiary," such control would "not matter" in the Court's personal-jurisdiction analysis. *See* Reply [Dkt. 763] at 4. To the contrary, a parent's control over a subsidiary can establish personal jurisdiction over the parent. *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. Tex. 1983) (noting that the personal jurisdiction of a subsidiary is applied to a parent when that parent exerts sufficient "dominion and control" over the subsidiary). Blue Spike has provided ample evidence of Cognitec's control over CSC to support a prima facie case of personal jurisdiction.

First, the two companies share a website and hold themselves out to be functionally equivalent. *See* Opp. [Dkt. 626] at 3, Ex. 2. Second, the two companies share the same "Cognitec Systems"[1] name, again representing themselves as one and the same. *See* Opp. [Dkt. 626] at 3. Third, the two companies offer identical products, showing that CSC is merely Cognitec's U.S. base of operations. *See* Opp. [Dkt. 626] at 3. Fourth, the two companies advertise the same partners via their shared website, actively blurring any potential division between Cognitec and CSC. *See* Opp. [Dkt. 626] at 3, Ex. 5. Fifth, the two companies solicit sales through the same website form and provide a single contact number. *See* Opp. [Dkt. 626] at 3, Ex. 13. Those facts show that Cognitec controls its subsidiary, warranting personal jurisdiction over Cognitec itself.

Cognitec cites some other *Hargrave* factors that may be used to determine whether a parent's control of a subsidiary is enough to warrant personal jurisdiction (Reply [Dkt. 763] at 3), but none of those factors cut against asserting personal jurisdiction here. If anything, the *Hargrave* factors highlight that Cognitec's motion is premature. In order to assess those factors, the parties would first need to exchange Rule 26 disclosures; here, Cognitec has prematurely filed its motion before those disclosures could be exchanged. *See GHJ Holdings, Inc. v. Mag Instrument, Inc.*, No. 5:10-cv-230, Dkt. No. 26 (E.D. Tex. Feb. 5, 2011)

---

[1] Cognitec argues that the two companies "do not have the same name" but "merely share 'Cognitec.'" *See* Reply [Dkt. 763] at 5. That is incorrect. Alfredo Herrera, president and CEO of the parent company, refers to the parent as "*Cognitec Systems* GmbH." *See* Opp. [Dkt. 738], Herrera Decl. ¶¶1-10. The subsidiary is "*Cognitec Systems* Corporation." The fact that two companies share the same operative "Cognitec Systems" name—with the only difference being their country-specific entity designation—weighs in favor of finding the type of control sufficient to establish personal jurisdiction.

(attached as Ex. 8) (holding supplemental briefing regarding disclosures should be submitted before a transfer motion is considered). Cognitec also fails to dispute several of the *Hargrave* factors, implying that those factors do not support its position and that the requisite control exists for the Court to exercise personal jurisdiction over it. *See generally* Reply [Dkt. 763]; Opp. [Dkt. 738], Herrera Decl.

## II. Independently, Cognitec's Direct Sales to Texas and Solicitations to Texas Consumers Support a Prima Facie Case of Personal Jurisdiction.

Cognitec itself has directed sales activities to Texas, meaning that the Court need not rely on Cognitec's control over its U.S. subsidiary as the sole basis for asserting personal jurisdiction over Cognitec. *Contra* Reply [Dkt. 763] at 7. For example, Cognitec admits that it has licensed its products to Lockheed Martin, which has extensive operations in Texas. *See* Opp. [Dkt. 738] at 4; Mot. [Dkt. 626], Herrera Decl. ¶5. That license was forged not between Cognitec and a foreign affiliate of Lockheed Martin, but with Lockheed Martin in the United States. *See* Ex. 1; Mot. [Dkt. 626], Herrera Decl. ¶5. From these undisputed facts, it is reasonable to infer (1) that Cognitec's products end up and are used in Texas and (2) that Cognitec knew and intended as much. Such inferences constitute a prima facie showing of personal jurisdiction. *See Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co., Ltd.*, No. 2:05-CV-185, 2005 WL 3299718, at *4 (E.D. Tex. Dec. 5, 2005) (denying defendant's motion to dismiss for lack of personal jurisdiction, even though its allegedly infringing products were in the forum as

"the result of a unilateral decision by companies wholly unrelated to" the defendant, because "it is reasonably inferable that [defendant] knew and expected its [accused products] would be" marketed and sold here); *Nidec Corp. v. LG Innotek Co., Ltd.*, No. Civ. A. 6:07-CV-108, 2008 WL 7048882, at *6-7 (E.D. Tex. Dec. 11, 2008), *report and recommendation adopted*, No. Civ. A. 6:07-CV-108, 2009 WL 3673755 (E.D. Tex. Nov. 6, 2009) (reasonable inferences from the evidence can serve as basis for prima facie showing of personal jurisdiction).[2]

Cognitec's website further bolsters the case for asserting personal jurisdiction here. Cognitec solicits online sales and directs Texas users to fill out an online form to purchase the accused technology. *See* Opp. [Dkt. 737], Ex. 13. Even if the website is considered merely "passive," it helps establish jurisdiction because Cognitec is also "advertising, conducting business transactions with residents of the forum state, and soliciting funds from residents of the forum state." *Autobytel, Inc. v. InsWeb Corp.*, Case No. 2:07-CV-524, 2009 U.S. Dist. LEXIS 31287, at *8-9 (E.D. Tex. Mar. 31, 2009)). Here, Cognitec's Texas contacts, including Lockheed Martin, satisfy these conditions and make jurisdiction proper.

### III. Cognitec's Motion Is Premature, as the Parties Have Not Participated in Jurisdictional Discovery.

Blue Spike has made out a prima facie case. But even if Blue Spike's jurisdictional evidence were somehow wanting, the proper outcome would be to allow jurisdictional discovery rather than to dismiss the case. Blue Spike needs to

---

[2] *See also Philip Morris USA Inc. v. Lee*, 494 F.Supp.2d 544, 555 (W.D. Tex. 2007) (circumstantial evidence can serve as basis for showing of personal jurisdiction).

make only a minimal showing to be entitled to jurisdictional discovery.[3] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained."); *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012) (showing required to warrant jurisdictional discovery "is less than a prima facie showing"). The reasonable inferences arising from Blue Spike's evidence exceed what is needed to obtain jurisdictional discovery. *Compare* evidence cited in Parts I, II, *supra*, and Opp. [Dkt. 737] at 1-5, *with Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010) (holding that the district court abused its discretion by denying jurisdictional discovery where defendant's website showed that several of defendant's customers operated in forum). At the very least, jurisdictional discovery is required to assess the *Hargrave* factors noted by Cognitec. Reply [Dkt. 763] at 3.[4]

---

[3] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained."); *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012) (showing required to warrant jurisdictional discovery "is less than a prima facie showing").

[4] Cognitec's affidavits do not defeat Blue Spike's alternative request for jurisdictional discovery. *See, e.g.*, *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (rejecting the argument that defendant's affidavit obviated jurisdictional discovery because "discovery propounded by Plaintiff may uncover additional information bearing on the jurisdictional inquiry which, perhaps, neither [Defendant's affiant] nor Defendant thought to include in [the affiant's] affidavit").

## Conclusion and Prayer

For these reasons, plus those contained in the opposition (Dkt. 738), Blue Spike again asks the Court to deny Cognitec's motion to dismiss Blue Spike's complaint for lack of personal jurisdiction.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 30, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                  /s/ Randall T. Garteiser
                                                  Randall T. Garteiser