UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 6:12-cv-499-MHS |
| v. | § § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
| *Defendants.* | § § § | |

**PLAINTIFF BLUE SPIKE'S SURREPLY OPPOSING COGNITEC SYSTEMS CORPORATION'S MOTION TO DISMISS AND MOTION TO TRANSFER [DKT. 625]**

**I.   Blue Spike Has Made a Prima Facie Case of Personal Jurisdiction.**

Cognitec's continued attempts to disavow personal jurisdiction are misplaced. Cognitec claims it is "not involved in any robotic research at the University of Texas." Reply [Dkt. 764] at 4. But it has licensed its product to robotics researchers here. *See* Ex. 1. Cognitec also argues that "[t]here is no evidence that CSC has directed its activities to [Texas] customers" (Reply [Dkt. 764] at 5), ignoring its own declaration that it has entered into six separate license agreements with customers in Texas. *See* Mot. [Dkt. 625], Kelesoglu Decl. ¶5.  Standing alone, this evidence is sufficient to establish personal jurisdiction.

Cognitec's website further bolsters the case for asserting personal jurisdiction here. Cognitec solicits online sales and directs Texas users to fill out an online form to purchase the accused technology. *See* Opp. [Dkt. 737], Ex. 13. Even if the website is considered merely "passive," it helps establish jurisdiction because Cognitec is also "advertising, conducting business transactions with residents of the forum

1

state, and soliciting funds from residents of the forum state." *Autobytel, Inc. v. InsWeb Corp.*, Case No. 2:07-CV-524, 2009 U.S. Dist. LEXIS 31287, at *8-9 (E.D. Tex. Mar. 31, 2009)). Here, Cognitec's contacts with its Texas partners and resellers satisfy these conditions, making jurisdiction proper.

Blue Spike has made out a prima facie case. But even if Blue Spike's jurisdictional evidence were somehow wanting, the proper outcome would be to allow jurisdictional discovery rather than to dismiss the case. Blue Spike needs to make only a minimal showing to be entitled to jurisdictional discovery.[1] Blue Spike's evidence here more than satisfies that standard. *Compare* evidence cited above and in Dkt. 737 at ¶¶1-7 *with Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010) (holding that the district court abused its discretion by denying jurisdictional discovery where defendant's website showed that several of defendant's customers operated in forum). Cognitec's affidavits do not defeat Blue Spike's alternative request. *See, e.g., Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (rejecting the argument that defendant's affidavit obviated jurisdictional discovery because "discovery propounded by Plaintiff may uncover additional information bearing on the jurisdictional inquiry which, perhaps, neither [Defendant's affiant] nor

---

[1] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained."); *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012) (showing required to warrant jurisdictional discovery "is less than a prima facie showing").

2

Defendant thought to include in [the affiant's] affidavit"). The Court should deny the motion to dismiss.

## II. Cognitec Has Failed to Show That Another Venue Is "Clearly More Convenient."

Cognitec attempts address the transfer factors for the first time in its reply. But this attempt comes too late and offers too little. Cognitec's original motion had asked the Court to transfer the case to either Boston or Miami, based solely on the location of Cognitec's offices there. *See* Mot. [Dkt. 625] at 7. Now, in its reply, Cognitec offers yet another option—this time the Northern District of California— asking to tag along if other defendants are transferred there. Reply [Dkt. 764] at 1-2. Yet Cognitec provides no justification for its new venue bid, again ignoring the Court's framework for considering transfer requests.[2] Cognitec clearly does not want to be before this Court. Even so, the case should remain in this District because Cognitec has failed to show that another forum is clearly more convenient, with Cognitec unable to rebut any of the transfer factors.

First, the paramount federal interest in judicial efficiency weighs heavily against transfer. Blue Spike has never argued that efficiency weighs against transfer merely because of the sheer number of Blue Spike cases filed here. *Contra* Reply [Dkt. 764] at 2. Rather, Blue Spike argued that efficiency weighs against transfer because, as the Court has already recognized, Blue Spike's consolidated

---

[2] Cognitec also ignores the threshold requirement for obtaining a transfer to California by filing to show that the action could have been brought in the Northern District of California in the first instance. *Volkswagen I*, 371 F.3d at 203; 17 MOORE'S FEDERAL PRACTICE §111.12[3]. Because Cognitec has failed to make this threshold showing, Cognitec's transfer request must fail. *See Volkswagen I*, 371 F.3d at 203.

cases share common issues of law and fact. *See* Opp. [Dkt. 737] at 7-10. Indeed, certain defendants in this action implement Cognitec's infringing technology in their own products, creating even more overlap in critical factual and legal issues. *See* Opp. [Dkt. 737] at 9-10. Cognitec's reliance on *Droplets, Inc. v. Amazon* is inapposite, as that case involved separate suits alleging distinct claims and sharing "only a single overlapping patent." *Droplets, Inc. v. Amazon*, 2012 WL 3578605, at *8 (E.D. Tex. June 27, 2012). Here, in contrast, the allegations are that all of the defendants in this consolidated action have infringed the same four patents-in-suit. Further, Cognitec's accused products involve biometric identification (*see* Case No. 6:13-cv-124, Dkt. 1 at ¶27) and are similar to the accused products of other defendants. *See, e.g.*, Case No. 6:13-cv-106, Dkt. 1 at ¶27; Case No. 6:12-cv-680, Dkt. 1 at ¶27; Case No. 6:12-cv-694 MHS, Dkt. 1 at ¶27. The overlap between this case and other consolidated cases clearly weighs against transfer. While Cognitec suggests that judicial efficiency will be a moot point "if the Court transfers a part of the case to the Northern District of California" (Reply [Dkt. 764] at 2), just the opposite is true. Each transfer to a new forum only increases the risk of duplicative efforts and conflicting results. Transferring this case to any of Cognitec's proposed venues (Boston, Miami, or Northern California) will only exacerbate the problems inherent in multi-forum litigation: waste, inconvenience, and the likelihood of conflicting factual and legal rulings.

Second, Cognitec has done nothing to rebut the evidence that the health conditions of Blue Spike's CEO and inventor make it very difficult or impossible for

4

Blue Spike to litigate in another forum. *See* Opp. [Dkt. 737] at 10; Moskowitz Decl. ¶¶13-16.

Third, Cognitec fails to offer any competent evidence supporting its claim that the location of witnesses favors transfer. Cognitec fails to identify a single one of its witnesses by name or location, yet confidently claims that none of its unnamed "litany of witnesses" will be "available in Tyler." Reply [Dkt. 764] at 2-3. Such assertions carry no weight. *Cell & Network Selection, LLC v. AT&T Mobility LLC*, No. 6:11-CV-706-LED-JDL, 2013 WL 1855972, at *4-5 (E.D. Tex. Apr. 29, 2013); *Geotag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-00570-JRG, Dkt 585, at 6-7 (E.D. Tex. Jan. 14, 2013); *Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*, No. 3:09-cv-1840, 2010 WL 972240, at *2–3 (N.D. Tex. Feb. 28, 2010). In contrast, Blue Spike has specifically identified its key witness—its CEO and inventor Scott Moskowitz—as being located in Texas. *See* Dkt. 737, Moskowitz Decl. ¶6. This factor weighs against transfer.

Fourth, Cognitec suggests that Blue Spike's presence in Texas should be disregarded for being too "recent." Reply [Dkt. 764] at 3. This ignores sworn testimony that Blue Spike has been based here for roughly a year, that its CEO and chief inventor are domiciled here, and that all of its sources of proof are located here. *See* Opp. [Dkt. 737], Moskowitz Decl. ¶¶1-6. Such connections are not considered "manufactured" when analyzing venue. *See, e.g., Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-CV-364-JRG, 2012 WL 506669, at *3 n.6 (E.D. Tex. Feb. 15, 2012) ("Considering that WRT was incorporated more than four

months before this suit was filed, and that its direct parent corporation has nine employees in the Eastern District of Texas, the Court is not prepared to hold that WRT is 'ephemeral' and created solely to manipulate venue."); *NovelPoint Learning LLC v. LeapFrog Enters., Inc.*, No. 6:10-CV-229 JDL, 2010 WL 5068146, at *4-5 (E.D. Tex. Dec. 6, 2010) (holding that plaintiff's presence in this District was not "recent" or "ephemeral" where Plaintiff had opened its office here four months before filing suit and two of its three principals lived here). Blue Spike's Texas operations weigh against transfer.

Last, the local-interest factor does not favor transfer. Cognitec has now proposed transfers to three different forums in three far-off areas of the country. Yet Cognitec still contends that the local-interest factor favors transfer, for some reason believing that Boston, Miami, and Northern California each have a greater interest than this District in a case involving a Tyler-based technology company. Reply [Dkt. 764] at 4. The allegations here are that Cognitec infringed Blue Spike's patents, causing harm to Tyler-based Blue Spike and its Texas-based owner and employees. In such a case, "[t]he residents of the Eastern District clearly have a legitimate local interest in the enforcement of patents owned by a resident business." *Advanced Processor Technologies LLC v. Atmel Corp.*, No. 2:12-CV-152-JRG-RSP, at 16 (E.D. Tex. Mar. 26, 2013). Cognitec's three-headed transfer request cannot negate this interest. And while it is true that other districts may be competent to apply federal patent law, this Court will be much more familiar with the legal and factual issues

involving Blue Spike's technology, since the Court is adjudicating over eighty other suits involving the same patents-in-suit.

## Conclusion and Prayer

For these reasons, plus those contained in the opposition (Dkt. 737), Blue Spike again asks the Court to deny Cognitec's motion to dismiss and alternative transfer motion.

                Respectfully submitted,

                /s/ Randall T. Garteiser
                Randall T. Garteiser
                 Lead Attorney
                 Texas Bar No. 24038912
                 rgarteiser@ghiplaw.com
                Christopher A. Honea
                 Texas Bar No. 24059967
                 chonea@ghiplaw.com
                Christopher S. Johns
                 Texas Bar No. 24044849
                 cjohns@ghiplaw.com
                GARTEISER HONEA, P.C.
                218 N. College Avenue
                Tyler, Texas 75702
                (903) 705-0828
                (903) 526-5477 fax

                Kirk J. Anderson
                 California Bar No. 289043
                Peter S. Brasher
                 California Bar No. 283992
                GARTEISER HONEA, P.C.
                44 North San Pedro Road
                San Rafael, California 94903
                (415) 785-3762
                (415) 785-3805 fax

                *Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 30, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                        /s/ Randall T. Garteiser
                                        Randall T. Garteiser