UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| Plaintiff, | § § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
| Defendants. | § § | |

**BLUE SPIKE'S SURREPLY TO SOUNDMOUSE'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS [DKT. 644]**

Soundmouse continues to rely on *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 384 (5th Cir. 2002), for its argument that service of process in this case did not comply with the Hague Convention. As Blue Spike explained in its opposition, that argument works only if the Court ignores that the Hague Convention itself expressly repudiated *Nuovo* a year after it was decided. *See Compass Bank v. Katz*, 287 F.R.D. 392, 396 (S.D. Tex. 2012) ("Although there are courts within several circuits, including the Fifth, that have previously interpreted Article 10(a) to prohibit service by mail, because it uses the term 'send' as opposed to 'serve' or 'service,' a 2003 Special Commission on the operation of the Hague Service Convention made explicit that the term 'send' in Article 10(a) 'is to be understood as meaning 'service' through postal channels.'"). The U.S. State Department has also expressly repudiated *Nuovo*'s reading of the treaty, which is critical because the Executive's treaty interpretations are entitled to deference. *See Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, No. RDB-12-00318, 2013

1

WL 139194, at *5 (D. Md. Jan. 10, 2013). In light of these developments, it is wrong to keep pretending that the Hague Convention prohibits service of process by mail. *See Hyundai Merch. Marine Co. Ltd. v. Grand China Shipping (Hong Kong) Co. Ltd.*, 878 F.Supp.2d 1252, 1257-58 (S.D. Ala. 2012).

But if the Court feels bound by *Nuovo*'s clearly erroneous interpretation of the Hague Convention, it should give Blue Spike a chance to re-serve Soundmouse rather than dismiss this case outright. *See Rhodes v. J.P. Sauer & Sons, Inc.*, 98 F.Supp.2d 746, 750 (W.D. La. 2000); *Albo v. Suzuki Motor Corp.*, No. 3:08-0139-KC, 2008 WL 2783508, at *3 (W.D. Tex. July 2, 2008).

Soundmouse is correct about one thing: Blue Spike's opposition erroneously stated that process had been served under Federal Rule of Civil Procedure 4(h)(1)(A), when in fact it had been served under Rule 4(h)(2). Dkt. 756 at 4. But that error changes nothing. Rule 4(h)(2) specifies that a foreign corporation may be served abroad "in any manner prescribed by Rule 4(f)" except personal delivery, and Rule 4(f), in turn, permits service by any means authorized by the Hague Convention. FED. R. CIV. P. 4(f)(1). As already explained, article 10(a) of the Hague Convention authorizes service of process by mail if the receiving state does not object. The United Kingdom—where Soundmouse is located and received service of process—does not object. *See* http://bit.ly/11nmWrG (Hague Convention website indicating that the United Kingdom does not object to service of process by mail); http://1.usa.gov/ZvHCRF (U.S. State Department website indicating same); *Brockmeyer v. May*, 383 F.3d 798, 805-06 (9th Cir. 2004) (noting that the United

2

Kingdom does not object to service of process by mail under section 10(a) of the Convention); *EOI Corp. v. Medical Mktg.*, 172 F.R.D. 133, 142 (D.N.J.1997) (same); *The Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 2788203, at *7 (E.D. Pa. July 13, 2010) (same). Soundmouse admits that it received the process documents via registered mail, *see* Dkt. 644 at 2, satisfying the service requirements of the Hague Convention.

For these reasons plus those contained in its opposition, Blue Spike again asks the Court to deny Soundmouse's motion to dismiss. In the alternative, Blue Spike asks the Court to postpone ruling on Soundmouse's motion until Blue Spike has had the opportunity to re-serve Soundmouse.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 N. College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 30, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                        /s/ Randall T. Garteiser
                                                        Randall T. Garteiser