UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff,* | § | Case No. 6:12-cv-499-MHS |
| v. | § | Lead Case |
| Texas Instruments, Inc. et al., | § | EVIDENTIARY HEARING REQUESTED |
|     *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM DEFENDANT ANIMETRICS, INC.**

Good cause appearing, pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), the Court hereby grants Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Animetrics, Inc.

On March 11, 2013, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and (3). In the motion, Defendant contends that this Court lacks personal jurisdiction over it, or in the alternative, that venue in the Eastern District of Texas is improper, and that the claims against it should therefore be dismissed.

On April 25, 2013, Blue Spike filed its Response to Defendant's Motion to Dismiss. In its Response, Blue Spike outlined the basis for this Court's jurisdiction over Defendant—namely, that Defendant's infringing products arrive in Texas through stream of commerce and that Defendant necessarily uses its contacts with Texas to infringe the patents-in-suit.

Blue Spike requests that the Court enter an Order authorizing Blue Spike to conduct specific jurisdictional discovery regarding Defendant. The Federal Circuit has repeatedly held that where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facie* showing of jurisdiction. *See, e.g., Graphic Controls Corp. v. Utah Medical Products,*

*Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998); *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). Although Blue Spike has made a prima facie showing that jurisdiction is proper, given Defendant's challenge to it, the Court believes that additional evidence on these issues is warranted at this juncture.

The proposed jurisdictional discovery, attached as Exhibits 1 through 3 to Blue Spike's pending motion will primarily ask for information about: (1) Defendant's solicitation of customers, prospective employees, and business in Texas; (2) the extent of Defendant's facial recognition activities within Texas or concerning Texas sources; (3) Defendant's collection of data and other information from sources within Texas; (4) Defendant's sales or distribution of products and services that reach Texas consumers; and (5) Defendant's creation or use of sales networks or relationships that reach into Texas.

In accordance with Fifth Circuit and Federal Circuit precedent, Blue Spike has shown that the requested jurisdictional discovery will also provide Blue Spike with additional evidence to include in an Amended Complaint and submit in an amended opposition to Defendant's Motion to Dismiss. *See Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (holding that jurisdictional discovery is appropriate where party demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("jurisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse").

For the reasons stated above, the Court grants Blue Spike's Motion. Blue Spike is allowed to propound its proposed interrogatories and requests for production to Defendant dealing specifically with jurisdictional issues. These discovery requests will not count against the

limited number of discovery requests available to Blue Spike under the Federal Rules of Civil Procedure and this Court's local rules. Defendant is hereby ordered to produce all documents and information relevant to its jurisdictional defenses within 30 days.

Blue Spike will be allowed to depose Rule 30(b)(6) representatives most knowledgeable about the jurisdictional issues raised by Defendant.

Blue Spike will be allowed to file an amended Response to Defendant's Motion to Dismiss and an Amended Complaint after conducting this discovery.