UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § § § § § § § § § | |
| *Plaintiff,* | | Case No. 6:12-cv-499-MHS |
| v. | | Lead Case |
| Texas Instruments, Inc. et al., | | Jury Trial Demanded |
| *Defendants.* | | |

**PLAINTIFF'S SURREPLY OPPOSING THE MOTION TO TRANSFER OF DEFENDANTS MORPHOTRAK, INC. AND SAFRAN USA, INC. [DKT. 611]**

MorphoTrak, Inc. and Safran USA, Inc. (collectively "MorphoTrak") fail to meet their burden of proving that transfer to the Central District of California would be "clearly more convenient." *In re Volkswagen of Am, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The reply gets several things wrong:

First, while MorphoTrak claims that its case and the other consolidated cases do not "involve related defendants or overlapping products or services," this is simply not true.[1] *See* Reply [Dkt. 758] at 2. MorphoTrak is related to Amano Cincinnati, Inc., a partner and named defendant in this consolidated action. *See* Ex. 1 (article showing Amano and MorphoTrak's partnership); *see also* Case No. 6:13-cv-109, Dkt. 1 at ¶27. MorphoTrak also shares products and services with MorphoTrust—another defendant biometric security company that is also owned by Safran, which is also a named defendant in this case. *See* Case No. 6:12-cv-680

---

[1] Blue Spike has never argued that efficiency weighs against transfer merely because of the sheer number of cases filed. *Contra* Reply [Dkt. 758] at 1-2. Rather, Blue Spike argues that efficiency weighs against transfer because, as the Court has already recognized, Blue Spike's consolidated cases share common issues of law and fact. *See* Opp. [Dkt. 716] at 4-6.

MHS, Dkt. 1 at ¶27; *see also* Ex. 2 (showing relationship between MorphoTrust, MorphoTrak, and Safran). MorphoTrak's connection to other cases in this consolidated action is further highlighted by its plans to attend a biometric conference this September and present its infringing products alongside at least nine other named defendants.[2] *See* Ex. 3; Case No. 6:13-cv-037 MHS, Dkt. 1 at ¶27; Case No. 6:13-cv-124 MHS, Dkt. 1 at ¶27; Case No. 6:13-cv-055 MHS, Dkt. 1 at ¶27. Transferring Morpho*Trak* to California would upset judicial economy and threaten disparate rulings, risks that would be amplified if Morpho*Trust* were transferred to the opposite coast in New Jersey. *Compare* Mot. [Dkt. 611] to Dkt. 588 (MorphoTrust's motion to transfer). MorphoTrak's transfer plan would waste judicial resources, because this case shares common issues with the other consolidated cases and because transfer would increase the probability of conflicting rulings between federal courts.

Second, MorphoTrak mistakenly alleges that Blue Spike manufactured domicile in Texas for litigation purposes. *See* Reply [Dkt. 758] at 1-3. The actual evidence refutes MorphoTrak's empty allegation: Blue Spike has been based here for over a year, its CEO and chief inventor are domiciled here, and all of its sources of proof are located in this District. *See* Opp. [Dkt. 716] at 8, Moskowitz Decl. ¶¶1-6. Such connections are not considered "manufactured" for purposes of litigation. *See, e.g., Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-CV-364-JRG, 2012 WL 506669, at *3 n.6 (E.D. Tex. Feb. 15, 2012) ("Considering that WRT was

---

[2] Defendants exhibiting similar products include Cross Match Technologies, Digital Persona, Inc., Iris ID Systems, Inc., Iritech, Inc., Cognitec Systems Corp., Lumidigm, Inc., NEC Corp., MorphoTrust, and SecuGen Corp.

incorporated more than four months before this suit was filed, and that its direct parent corporation has nine employees in the Eastern District of Texas, the Court is not prepared to hold that WRT is 'ephemeral' and created solely to manipulate venue."); *NovelPoint Learning LLC v. LeapFrog Enters., Inc.*, No. 6:10-CV-229 JDL, 2010 WL 5068146, at *4-5 (E.D. Tex. Dec. 6, 2010) (plaintiff's presence in this District was not "recent" or "ephemeral" where Plaintiff had opened its office here four months before filing suit and two of its three principals lived here). Blue Spike's presence in this District weighs against transfer.

Third, MorphoTrak does not show that it would be more inconvenienced by litigating here than Blue Spike would be by litigating in Central District of California. MorphoTrak has thus failed to answer the relevant question, as "transfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to the other." WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §3848; *see also Peterson v. Nat'l Sec. Techs., LLC*, No. 12–CV–5025–TOR, 2012 WL 3264952, at *5 (E.D. Wash. Aug. 9, 2012) ("[T]he parties' respective abilities to absorb the costs of litigation in either district is a relevant consideration."). Here, the calculus of relative burdens supports keeping the case in this District. MorphoTrak concedes that it has extensive Texas connections. *See* Reply [Dkt. 758] at 4-5. Blue Spike has no such California connections. More important, travel to California would be extremely burdensome to Blue Spike's CEO Scott Moskowitz, whose health problems make it very painful to travel. Moskowitz's occasional trips to Florida for continuing medical

3

treatment unobtainable elsewhere do not imply that Moskowitz could travel easily to California. Transferring this case to California would only increase the already painful burden that Moskowitz bears, forcing him to travel an extra 2000 miles.[3] Further, Blue Spike did not "[s]pecifically [choose] to engage in the travel necessitated by filing 'more than 50 cases' at once." *Contra* Reply [Dkt. 758] at 3. Blue Spike filed suit in Texas, where the company was harmed and where its CEO resides. Those considerations weigh heavily against transfer.

Fourth, MorphoTrak's arguments about compulsory process are incorrect. "A defendant bears the burden of identifying *unwilling third-party* witnesses that would benefit from the transfer." *Geotag, Inc. v. Aromatique, Inc., et al*, No. 2:10-CV-570, at 6 (E.D. Tex. Jan. 14, 2013) (emphasis added). Here, because MorphoTrak's listed witnesses are all MorphoTrak employees,[4] none is considered a third-party witness. *See Vargas v. Seamar Divers Int'l*, No. 2:10-CV-178-TJW, 2011 U.S. Dist. LEXIS 54386, at *15 (E.D. Tex. May 20, 2011) ("[C]urrent employees have an employment relationship with a party and should be considered party witnesses because they can be presumed to appear willingly on behalf of their party employer."). Nor has MorphoTrak produced any evidence that any of its named witnesses is *unwilling* to travel to Texas for trial. And each could be deposed in California, eliminating any need for compulsory process over them in the discovery

---

[3] Moskowitz currently travels approximately 1300 miles from his Texas domicile to Florida for medical treatments. Transfer of this case would increase travel by approximately 2000 miles round trip between Texas and California. This dilemma will be compounded if MorphoTrust's case were transferred to New Jersey, adding another 2500 miles to Moskowitz's travel for each trip.

[4] *See* Mot. [Dkt. 611] at 10; Horton Decl. ¶8.

4

phase of the case. In contrast, Blue Spike has identified at least one of MorphoTrak's Texas customers—the City of El Paso—that would not be amenable to compulsory process in the Central District of California. *See* Opp. [Dkt. 716] at 10. And other Texas-based third-party witnesses likely exist but are unknown and have not needed to be disclosed yet, since initial disclosures have not been exchanged. *See* Opp. [Dkt. 716] at 13.

Last, MorphoTrak seems to be confused about where it is asking the Court to transfer the case. Blue Spike thought MorphoTrak was asking for a transfer to California, but MorphoTrak now argues that Moskowitz cannot claim that travel to "Massachusetts" poses a significant hardship. Reply [Dkt. 758] at 3. If MorphoTrak now wants a Massachusetts venue, it needs to file a new transfer motion.

Transfer is inappropriate for all the reasons explained in Blue Spike's opposition. *See* Opp. [Dkt. 716]. The federal interest in judicial efficiency is enough, by itself, to defeat transfer. And here the case against MorphoTrak not only shares factual and legal issues common to all of the consolidated cases but also is intertwined with the cases against MorphoTrak's partners and cases involving similar products. The health problems of Scott Moskowitz—Blue Spike's CEO, inventor, and key witness—also defeat transfer. The other public and private-interest factors are either neutral or weigh against transfer, making it impossible for MorphoTrak to carry its heavy burden of showing that the Central District of California is clearly more convenient than this District.

5

For all these reasons plus those contained in its opposition (Dkt. 716), Blue Spike again asks the Court to deny MorphoTrak's transfer motion.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 31, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                              /s/ Randall T. Garteiser
                                              Randall T. Garteiser