IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>    Defendant. | 6:12-cv-00499-MHS<br>LEAD CASE |
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AGNITIO CORP.,<br><br>    Defendant. | 6:13-cv-00129-MHS<br>CONSOLIDATED CASE |

**DEFENDANT AGNITIO CORP.'S REPLY BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Agnitio Corp. ("Agnitio") submits this reply brief in support of its motion to dismiss the Complaint filed by Plaintiff Blue Spike, LLC ("Plaintiff") for lack of personal jurisdiction. Agnitio sets forth sufficient facts in the original April 22, 2013 Declaration of Javier Castano and the May 31, 2013 Supplemental Declaration of Javier Castano ("Suppl. Castano Decl.") to support its motion. Plaintiff's Opposition limits the issue before the Court by failing to assert general personal jurisdiction. Agnitio rebuts each of Plaintiff's allegations regarding specific personal jurisdiction. Accordingly, the Court should dismiss the Complaint because Agnitio lacks the requisite minimum contacts with the State of Texas to support either general or specific personal jurisdiction.

## I. INTRODUCTION AND SUMMARY.

Plaintiff's Opposition to Agnitio's Motion to Dismiss fails to show any connection between Agnitio and the State of Texas. Agnitio has no sales, offices or other connection to the State of Texas, which is why Plaintiff concedes that it cannot establish general personal jurisdiction over Agnitio. As to specific personal jurisdiction, Plaintiff hopes to avoid dismissal by pointing to Agnitio's website and speculating about Agnitio's "partners" and customers. Mr. Castano's supplemental declaration rebuts all of Plaintiff's mistaken assumptions. It is clear that Agnitio is also not subject to specific personal jurisdiction in this forum.

Alternatively, and knowing that it cannot prove the requisite minimum contacts, Plaintiff requests jurisdictional discovery to delay dismissal and further increase the burden on Agnitio. Plaintiff should not be given a second chance to finally do its due diligence[1] when a proper pre-filing investigation would have shown that this case should not have been brought, and that there was no basis for establishing personal jurisdiction over Agnitio. Further, any additional jurisdictional discovery will not uncover any facts to support jurisdiction because the numerous facts sworn to by Mr. Castano make it clear that Agnitio has no contacts with the State of Texas.

Because Plaintiff cannot show any contacts of Agnitio with Texas, Plaintiff's Opposition focuses on a European "customer" of Agnitio's or companies listed as "partners" of Agnitio. The test for minimum contacts, however, focuses on <u>defendant's</u> actions within the forum state

---

[1] Plaintiff has evidenced a general lack of diligence in mischaracterizing Agnitio's products as "fingerprint-based." Plaintiff's Complaint alleges that Defendant "designs, develops, and manufactures fingerprint-based biometric software, systems, and technology." Compl. ¶27.
 Unlike some other defendants sued by Plaintiff such as Bio-Key International and Fulcrum Biometrics, Defendant and its products do not deal with fingerprints at all and Plaintiff's description of Agnitio's accused products and services does not even mention "digital fingerprinting." Compl. ¶27. Now Plaintiff realizes that Agnitio's voice-based products have nothing to do with fingerprints and attempts to explain away its mistake by rationalizing that Agnitio's products use a "digital-fingerprinting process."
 Plaintiff's attempt to explain away the flawed Complaint is creative, but still wrong. Even if, however, Plaintiff's conclusory allegations were uncontroverted, the Court is not required to credit these conclusory allegations. See *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009); see also, *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (affirming district court's finding that plaintiff's allegations insufficient to establish prima facie case for jurisdiction over defendant).

and not third-party independent actions. *Garnet Digital, LLC v. Apple, Inc.*, 893 F. Supp. 2d 814, 816-17 (E.D. Tex. 2012) (emphasis added) (finding out-of-state cellular phone company's roaming agreements tied to the district and customers in the district insufficient to establish personal jurisdiction because the company had no offices in the district, no cell towers in the district, no stores, no offices, no bank accounts, no real property, no resellers, or any distributors in this district and has not directed its activities to the district); *see also, Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State").

Specifically, Plaintiff alleges that Agnitio directs its accused products to the State of Texas: 1) through the Agnitio Website – "Texas consumers can request Agnitio's mobile voice biometric application, which can be used on Android smartphones in Texas"; 2) through the reputation of its customer Banco Bilbao Vizcaya Agentaria SA ("BBVA") as the "fourth largest bank in Texas"; 3) through the extensive operation of "Hewlett Packard, Microsoft, and Telvent (Schneider Electric)," its "partners," in the State of Texas; and 4) through Agnitio's close work with its "'partners and customers worldwide' to protect citizens 'in the fight against identity fraud, terrorism and criminal activity.'" Plaintiff's Opposition, page 3. All of Plaintiff's allegations are incorrect.

As discussed below: 1) Agnitio's alleged infringing product is <u>not</u> available for download or used in the State of Texas at all, on smartphones or otherwise (Suppl. Castano Decl. [2] ¶¶1-8); 2) BBVA cannot use Agnitio software in the United States - Agnitio geographically restricts BBVA's use of Agnitio software to Spain (Suppl. Castano Decl. ¶¶12-14); 3) Agnitio has not sold nor does it provide access to any Agnitio products or services to any of the listed "partners"

---

[2] The May 31, 2013 Supplemental Declaration of Javier Castano is attached hereto as Exhibit A.

**DEFENDANT AGNITIO CORP.'S REPLY BRIEF IN SUPPORT OF ITS**
<u>**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**</u>     **PAGE 3**

(Suppl. Castano Decl. ¶¶16-19); and 4) Agnitio makes it clear that the KIVOX app has limited availability both in the interview with its CEO (Suppl. Castano Decl. ¶11) and on the Agnitio webpage discussing the KIVOX app (Suppl. Castano Decl. ¶3) (both cited by Plaintiff in its Opposition). No facts show that Agnitio purposefully directed any activities to residents of the State of Texas. Once Plaintiff's allegations are corrected, they fail to show any harm arising from any activities directed by Agnitio to residents of the State of Texas because no Agnitio products are used in the State of Texas. Suppl. Castano Decl. ¶8. Accordingly, this Court should grant Agnitio's Motion to Dismiss.

The Court should also deny Plaintiff's "halfhearted" request for jurisdictional discovery. Plaintiff does not specify what type of jurisdictional discovery it needs, nor identify what facts discovery might uncover. As such, the Court should deny Plaintiff's request. *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. App'x 322, 338 (Fed. Cir. 2003) (affirming the district court's denial of jurisdictional discovery and citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (affirming district court's denial of jurisdictional discovery as it would serve no purpose - appellant's brief did not describe the discovery it desired, did not identify what facts it hoped to obtain nor did it explain how discovery would produce any information supporting jurisdiction over appellee)).

## II. ARGUMENT AND AUTHORITIES.

### A. Plaintiff Does Not Dispute That Agnitio is Not Subject to General Personal Jurisdiction in This Forum

The party seeking to assert jurisdiction must present sufficient facts as to make out a prima facie case supporting jurisdiction. *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001) (holding plaintiffs' findings and evidence insufficient to satisfy plaintiffs' burden and affirming district court's grant of dismissal). Plaintiff's Opposition fails to argue any facts

supporting general personal jurisdiction over Agnitio, and therefore Plaintiff has not made out a prima facie case for general personal jurisdiction. Further, Agnitio's Motion to Dismiss and the April 22, 2013 Declaration of Javier Castano rebut each of Plaintiff's conclusory stock allegations regarding general personal jurisdiction in the Complaint. Accordingly the Court's analysis is limited to specific personal jurisdiction. *See Panda Brandywine Corp.,* 253 F.3d at 868 ("Because Appellants did not argue the existence of general jurisdiction before the district court or this court, our analysis is limited to whether Appellants' allegations support specific jurisdiction…").

### B. Agnitio's Products Are Not Used in the State of Texas and Agnitio Does Not Direct Its Accused Products into the State of Texas

Agnitio has not purposefully directed any activities at residents of the State of Texas, and has not commercialized the accused products at all in the forum. None of Agnitio's products including Agnitio's KIVOX app are available through the Agnitio Website. Suppl. Castano Decl. ¶¶2-4. BBVA does not use Agnitio's products in the State of Texas or in the United States, or anywhere in the world outside of Spain. Suppl. Castano Decl. ¶14. Microsoft, HP, and Telvent do not use Agnitio's products in the State of Texas. Suppl. Castano Decl. ¶¶17-19. Agnitio's products are not used in the State of Texas and therefore cannot cause any actionable harm to Plaintiff here. Suppl. Castano Decl. ¶8.

#### 1. None of Agnitio's Products are Available by Download Through The Agnitio Website and None of the Consumers that Use the KIVOX App are Located in the State of Texas

Texas consumers cannot download the KIVOX app, or Agnitio's other products, from the Agnitio Website. Suppl. Castano Decl. ¶¶2-4. Plaintiff cites webpages from the Agnitio Website that "[show] how to download Agnito's app from its website." *See* Plaintiff's Opp. Exs. 1 and 2. Plaintiff fails to mention that is not possible for residents of the State of Texas or any other

consumer to download the KIVOX app from the Agnitio Website. Suppl. Castano Decl. ¶2. Not surprisingly, Plaintiff either failed to carefully read the statements on the Agnitio webpage or did not try to download the KIVOX app which would have shown that no one can download the KIVOX app from the Agnitio Website. *See* Plaintiff's Opp. Ex. 2 ("Currently, KIVOX app is in Beta stage and can only be loaded by invitation. If you do not have an invitation, please contact us to request one. A sales representative will contact you."); Suppl. Castano Decl. ¶3. Instead, Agnitio carefully screens and evaluates any consumer that contacts Agnitio regarding the KIVOX app. Suppl. Castano Decl. ¶5. After the customer is evaluated and if the customer is approved, Agnitio only then provides the customer with the KIVOX app. Suppl. Castano Decl. ¶6. Even approved customers do not use the Agnitio Website to download the KIVOX app. *Id.* Further, Agnitio knows the customers who received the KIVOX app, and none of these are located in the State of Texas. Suppl. Castano Decl. ¶8.

Plaintiff cites in its Opposition an article about Agnitio's development of the KIVOX app for secure authentication in mobile devices. *See* Plaintiff's Opp. Ex. 12. This statement lists New York as the location of the press release and says nothing about the State of Texas. *Id*. Further, there is no mention of the actual use of the KIVOX mobile, because the use is limited. Suppl. Castano Decl. ¶11. The press release only forecasts when developers and other users will be able to access the technology. *See* Plaintiff's Opp. Ex. 12.

Plaintiff also cites an interview by Agnitio's CEO who, not surprisingly, touts the popularity of the KIVOX app. *See* Plaintiff's Opp. 13. Again, Plaintiff fails to mention that in the sentence directly preceding the CEO's touting of the KIVOX app's popularity, the CEO indicates the limited availability of the KIVOX app - "Right now we are only working with beta testers and by invitation only." *Id.*; Suppl. Castano Decl. ¶11.

The Agnitio Website is a non-interactive passive website, and customers cannot use the Agnitio Website to purchase, order, or download any Agnitio products or services. Suppl. Castano Decl. ¶1; *see* April 22, 2013 Decl. of Javier Castano. Agnitio does not have any customers for its KIVOX app in the State of Texas. Suppl. Castano Decl. ¶8. No customers can use the Agnitio Website to download the KIVOX app and Agnitio provides access to the KIVOX app to only a limited number of customers and developers. Suppl. Castano Decl. ¶¶7, 9 and 11. Plaintiff's allegations that Texas customers can download or record their voices and then send them to Agnitio via the KIVOX app are wrong. Suppl. Castano Decl. ¶¶2-11.

Further, Agnitio's situation is distinguished from the *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669 (E.D. Tex. 2006) case cited by Plaintiff. In *AdvanceMe*, the Rapidpay defendant's previous provision of services in that forum played a role in that court's determination that specific personal jurisdiction existed. *AdvanceMe*, 450 F. Supp. 2d at 673-74. Here Agnitio has not provided any services in Texas. Plus, the Rapidpay defendant's website was also far more interactive than the passive Agnitio Website. Rapidpay's website offered an online calculating tool that allowed potential customers to identify the amount of cash it could receive for its credit card transactions as well as a tool that provided state-specific quotes for interested customers. *Id*. The Agnitio Website does not incorporate any calculating tools nor can any customers in the State of Texas even download, purchase, or order any products from Agnitio through the Agnitio Website. April 22, 2013 Decl. of Javier Castano. ¶20; Suppl. Castano Decl. ¶4. Accordingly, there is no way that the Agnitio Website, which does not allow ordering, downloading, or purchase of any Agnitio product or service, nor allow for any live-chat with Agnitio representatives, is sufficiently interactive as to subject it to specific personal jurisdiction in this forum.

### 2. Agnitio's Customer BBVA Does Not Use Agnitio's Products in the State of Texas or in the United States.

BBVA is a multinational Spanish banking group with a headquarters in Bilbao, Spain. Suppl. Castano Decl. ¶12. BBVA is the second largest bank in Spain. *Id*. Agnitio has sold software products to BBVA. Suppl. Castano Decl. ¶13. Agnitio's sales to BBVA consist of limited-use pilot software, and Agnitio has geographically restricted BBVA's use of Agnitio's software to Spain. Suppl. Castano Decl. ¶14. Plaintiff's documents showing BBVA's business locations in Texas have nothing to do with whether Agnitio directed any activities to this forum. Agnitio prohibits BBVA from using any Agnitio products and services in both the State of Texas and the United States. *Id*. Accordingly, there are no Agnitio activities from which any actionable harm to Plaintiff can arise to subject Agnitio to specific personal jurisdiction. Agnitio's relationship with BBVA is insufficient to establish specific personal jurisdiction.

### 3. Agnitio's Partners Microsoft, HP, and Telvent Do Not Have Access to Agnitio's Products and Services and Do Not Use Agnitio's Products in the State of Texas.

Agnitio lists Microsoft, HP, and Telvent as "Our Partners" to portray Agnitio as hopeful for potential collaboration with these companies. Suppl. Castano Decl. ¶15. Agnitio has not provided access to its KIVOX app or any of its software to Microsoft, HP or Telvent, either in the State of Texas or in the United States. Suppl. Castano Decl. ¶¶15-19. Microsoft, HP, and Telvent do not use Agnitio's products or services in The State of Texas. Suppl. Castano Decl. ¶¶17-19. Agnitio's mere listing of these companies as "Our Partners" is insufficient to show any purposefully directed activities to establish specific personal jurisdiction. None of the identified companies uses, nor has access to, any Agnitio products in the State of Texas, and again, there are no potentially "directed activities" from which any harm to Plaintiff could "arise."

### C. No Amount of Jurisdictional Discovery Will Change the Facts or Assist in the Determination of Whether or Not Specific Personal Jurisdiction Exists Over Agnitio

When the lack of personal jurisdictional is clear, as here, further discovery serves no purpose and should be denied. *Hockerson-Halberstadt*, 62 F. App'x at 338. Plaintiff does not identify any facts or information it seeks nor did Plaintiff explain what facts or information any jurisdictional discovery would uncover. Further, Plaintiff's claims cannot "arise out of" Agnitio's provision of the accused product when none of the accused product is available or provided to consumers in the State of Texas. *See Kelly,* 213 F.3d 841 at 855 (finding plaintiff's claims did not arise from any of defendant's potential contacts with the forum and therefore no amount of information on those contacts would strengthen plaintiff's claim of jurisdiction). Agnitio only provides the KIVOX app to a limited number of customers, none of which are in the State of Texas, after an evaluation and vetting process. Suppl. Castano Decl. ¶¶5-9. No amount of jurisdictional discovery will change the fact that Agnitio does not direct any activities to the State of Texas from which harm to Plaintiff could occur.

### III. CONCLUSION

For the reasons set forth above, in both declarations of Javier Castano, and Agnitio's Motion to Dismiss, Agnitio respectfully requests that the Court dismiss the Complaint against Agnitio due to its lack of sufficient contacts with the State of Texas to support personal jurisdiction in this forum. Further, Agnitio respectfully requests that the Court deny any jurisdictional discovery as unduly burdensome to Defendant Agnitio because the lack of personal jurisdiction is clear and Plaintiff cannot show how such discovery will locate facts that don't exist to support jurisdiction.

Dated: June 3, 2013.               Respectfully submitted,

               /s/ *Michael T. Murphy*
               Steven G. Schortgen, *Lead Attorney*
                Texas State Bar No. 00794603
                steve.schortgen@klgates.com
               Jennifer Klein Ayers
                Texas State Bar No. 24069322
                jennifer.ayers@klgates.com
               **K&L Gates LLP**
               1717 Main St.
               Suite 2800
               Dallas, TX  75201
               214.939.5500
               214.939.5849 *Facsimile*

               Michael T. Murphy
                Admitted *pro hac vice*
                michael.murphy@klgates.com
               **K&L Gates LLP**
               1601 K Street, NW
               Washington, DC  20006-1600
               202.778.9176
               202.778.9176 *Facsimile*

               **ATTORNEYS FOR DEFENDANT AGNITIO CORP.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(d), I certify that on June 3, 2013, all counsel of record who have appeared in the Consolidated Action received a copy of this filing pursuant to the Court's ECF/CM system.

Dated: June 3, 2013

/s/ *Michael T. Murphy*
Michael T. Murphy