UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § § | EVIDENTIARY HEARING REQUESTED |
| *Defendants.* | § § § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM DEFENDANTS COGNITEC SYSTEMS CORP. AND COGNITEC SYSTEMS GMBH**

Good cause appearing, pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), the Court hereby grants Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendants Cognitec Systems Corp. and Cognitec Systems GmbH.

On April 8, 2013, Defendant Cognitec Systems Corp. filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) or in the alternative to transfer pursuant to 1404(a). In the motion, Defendant contends that this Court lacks personal jurisdiction over it and should be dismissed, or in the alternative, that the case should be transferred from the Eastern District of Texas to the District of Massachusetts.

On April 8, 2013, Defendant Cognitec Systems GmbH filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2). In the motion, Defendant contends that this Court lacks personal jurisdiction over it and so the case should be dismissed.

On May 9, 2013, Blue Spike filed its Responses to Defendants' Motions to Dismiss. In its Responses, Blue Spike outlined the basis for this Court's jurisdiction over Defendants—namely,

1

that Defendants' infringing products arrive in Texas through stream of commerce and that Defendants necessarily uses their contacts with Texas to infringe the patents-in-suit.

Blue Spike requests that the Court enter an Order authorizing Blue Spike to conduct specific jurisdictional discovery regarding Defendants. The Federal Circuit has repeatedly held that where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facie* showing of jurisdiction. *See, e.g.*, *Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998); *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). Although Blue Spike has made a prima facie showing that jurisdiction is proper, given Defendants' challenge to it, the Court believes that additional evidence on these issues is warranted at this juncture.

The proposed jurisdictional discovery, attached as Exhibits 1 through 6 to Blue Spike's pending motion will primarily ask for information about: (1) Defendants' solicitation of customers, prospective employees, and business in Texas; (2) the extent of Defendants' facial recognition activities within Texas or concerning Texas sources; (3) Defendants' collection of data and other information from sources within Texas; (4) Defendants' sales or distribution of products and services that reach Texas consumers; (5) Defendants' creation or use of sales networks or relationships that reach into Texas; and (6) the operational and organizational relationship between the Defendants.

In accordance with Fifth Circuit and Federal Circuit precedent, Blue Spike has shown that the requested jurisdictional discovery will also provide Blue Spike with additional evidence to include in an Amended Complaint and submit in an amended opposition to Defendants' Motions to Dismiss. *See Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (holding that jurisdictional discovery is appropriate where party

demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("jurisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse").

For the reasons stated above, the Court grants Blue Spike's Motion.  Blue Spike is allowed to propound its proposed interrogatories and requests for production to Defendants dealing specifically with jurisdictional issues. These discovery requests will not count against the limited number of discovery requests available to Blue Spike under the Federal Rules of Civil Procedure and this Court's local rules. Defendants are hereby ordered to produce all documents and information relevant to its jurisdictional defenses within 30 days.

Blue Spike will be allowed to depose Rule 30(b)(6) representatives most knowledgeable about the jurisdictional issues raised by Defendants.

Blue Spike will be allowed to file an amended Response to Defendants' Motions to Dismiss and an Amended Complaint after conducting this discovery.