# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § | Jury Trial Demanded |
| *Defendants*. | § § § § | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT COGNITEC SYSTEMS GMBH**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure 34, Cognitec Systems GmbH is hereby requested to produce the following Documents to Plaintiff within thirty (30) days by causing same to be delivered to Garteiser Honea, P.C., 44 North San Pedro Road, San Rafael, California 94903. To reduce the burden on the producing party, Plaintiff hereby requests that any production be done electronically and produced as TIFF images whereby text is decipherable through optical character recognition software. Plaintiff's production will be done in the same stipulated manner.

**DEFINITIONS**

The following terms and definitions shall apply to these Requests:

1.      "Plaintiff" means and refers to Blue Spike, LLC.

2.      "You" means and refers to Cognitec Systems GmbH, and includes all of its current or former officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, and all other Persons acting or purporting to act on behalf of it; as well as all of its Foreign and domestic subsidiaries, parents, affiliates, divisions, successors, predecessors and any other related entities with whom it has sufficient closeness, connection and

1

practical interaction to allow it control over that entity's Documents and information; and specifically Includes all assets or companies that have been acquired by Cognitec Systems GmbH or with respect to which it has succeeded to rights and/or obligations.

   3.  "Date" means the exact date, month and year, if ascertainable, or if not, the best estimate.

   4.  "Identify" or "Identification" or "Identity" when used in reference to:

    (a) a natural person, means: (1) the person's full name or title, last known address, and telephone number; (2) the person's present employer(s) and place(s) of employment; and (3) the person's job title or position held.

    (b) a firm, corporation, partnership, joint venture, or other entity which is not a natural person, means the entity's full name, place of incorporation (if known), address of its principal place of business, and telephone number.

    (c) a Patent or Patent application, means: (1) its Patent number or application number and Dates of filing, publication and grant; (2) the Identity of all applicants or patentees; (3) the title of the application or Patent; and (4) the present status of the application or Patent (e.g., pending, abandoned, etc.).  If the Patent or Patent application has already been produced in discovery, it is sufficient to identify the Bates number(s) of such Patent or Patent application.

    (d) a Document, other than a Patent or Patent application, means:  (1) its Date, author, and addressee(s); (2) the type of Document (e.g., letter, memorandum, etc.); and (3) its present location and the Identity of its custodian.  If the Document has already been produced in discovery, it is sufficient to identify the Bates number(s) of such Document.

   5.  "Including" means "specifically including but not limited to."

   6.  "Person" or "People" means and refers to any natural person, firm, association, partnership, corporation, group, sole proprietorship, public entity, governmental agency, organization or other form of legal business entity, regardless of whether "not-for-profit," and specifically Including Plaintiffs and You.

   7.  "Third Party" means a Person other than You.

## INSTRUCTIONS

1. These interrogatories are directed to the knowledge and belief of You, Your attorneys of record, and any current or former officers, directors, employees, or agents of You or Your attorneys.

2. "And," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

3. "Any" shall be construed as "all," "each and every," or "any one," whichever makes the request more inclusive.

4. "Concerning," "relating to" and "referring to" shall be interpreted so as to encompass the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1).  For example, Documents that "concern," "relate to" or "refer to" any given subject means all Documents that in any way directly or indirectly, in whole or in part, discuss, deal with, regard, constitute, pertain to, reflect, consider, underlie, modify, amend, confirm, mention, endorse, evidence, summarize, memorialize, describe, analyze, evaluate, represent, qualify, terminate, revoke, cancel, negate, comprise, contain, embody, enumerate, involve, identify, state, correspond to, or result from the subject or are in any way pertinent to the subject, Including Documents concerning the preparation of other Documents.

5. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

6. The singular form of any word shall be deemed to include the plural, and vice-versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the names and addresses of all your customers, Including institutions of higher education, law enforcement, state, local and federal government, and private corporations, in Texas of Your products and services, including your FaceVACS line of products and any other face recognition technology, products, and services.

**INTERROGATORY NO. 2:**

Identify all of the subject databases, servers or cloud based architecture systems (including watch lists) in Texas of Your software and services, Including your FaceVACS line of products and any other face recognition technology.

**INTERROGATORY NO. 3:**

Identify all Persons in Texas Your software and services catalog, examine, or otherwise analyze, and the location of the servers supporting those activities.

**INTERROGATORY NO. 4:**

Identify all instances of field use in Texas of Your software and services, Including your FaceVACS line of products and any other face recognition technology, products, and services.

**INTERROGATORY NO. 5:**

Identify all contact by You or Your software and services, including your FaceVACS line of products and any other face recognition technology, with the State of Texas Including state, local, and federal government entities and private corporations residing therein, including but not limited to all persons who have registered or signed up for any of Your products via Your website.

**INTERROGATORY NO. 6:**

Identify all contact by You with a resident of Texas relating to Your business Including contact via Your websites, e-mail, or telephone.

**INTERROGATORY NO. 7:**

Identify all of your sales to, or distribution of products and services to Texas consumers that You have not already Identified in response to one of the preceding Interrogatories, Including through third parties not directly associated with You.

**INTERROGATORY NO. 8:**

Identify all Your efforts to create or use sales networks into Texas.

**INTERROGATORY NO. 9:**

Identify all Your efforts to solicit customers, prospective employees, and business in Texas (Including through the Internet or presentations You conduct or trade shows, conventions, or other professional-networking events You attend in Texas).

**INTERROGATORY NO. 10:**

Identify by name and title all employees and officers, Including Corporate Officers, Board Members, accountants, legal counsel, engineers, independent contractors, or other employees, which perform work for both You and Cognitec Systems GmbH.

**INTERROGATORY NO. 11:**

Identify the amount of Cognitec System Corp.'s stock as a percentage of the total stock available that You hold or in the alternative, Identify as a percentage Your level of ownership of Cognitec Systems Corp.

**INTERROGATORY NO. 12:**

Indicate how You are involved in or dictate Cognitec Systems Corp.'s sales and marketing efforts, product distribution and development, accounting, daily operations, general corporate policy, or any other business activity or operations.

Dated: June 12, 2013

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
Christopher S. Johns
Texas Bar No. 24044849
cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-0828
Facsimile:  (903) 526-5477

Kirk J. Anderson
California Bar No. 289043
Peter S. Brasher
California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                              /s/ Randall T. Garteiser
                                              Randall T. Garteiser