IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| Plaintiff, | § | |
| | § | CASE NO. 6:12-CV-499 MHS |
| v. | § | |
| | § | LEAD CASE |
| TEXAS INSTRUMENTS, INC., ET AL. | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| Plaintiff, | § | |
| | § | CASE NO. 6:13-CV-38-MHS |
| v. | § | |
| | § | CONSOLIDATED CASE |
| ANIMETRICS, INC., | § | |
| Defendant. | § | |

## DEFENDANT ANIMETRICS, INC.'S RESPONSE TO
## PLAINTIFF'S OPPOSED MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY

Defendant Animetrics, Inc. ("Animetrics") files this Response to Plaintiff Blue

Spike, LLC's Opposed Motion to Authorize Jurisdictional Discovery Dismiss

("Plaintiff's Motion for Jurisdictional Discovery").

## I.    INTRODUCTION

On March 11, 2013, Defendant Animetrics, Inc. ("Animetrics"), filed its Motion to

Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Motion to Dismiss).

After requesting an extension of time to file its Reply to Animetrics Response, Plaintiff,

Blue Spike, LLC ("Blue Spike") requested that Animetrics consent to providing responses to interrogatories, produce documents and to appear for a corporate representative deposition.  In an attempt to avoid unnecessary motion practice and to avoid incurring litigation costs, Animetrics offered to respond to interrogatories narrowly tailored to jurisdictional issues.  *See Ex. A*, Email from Harkins to Honea, dated April 5, 2013.  This approach of responding to limited discovery interrogatories is consistent with what this Court has previously allowed in other cases.  *See, e.g., TQP Development, LLC v. CHS, Inc.*, 2:11-cv-00397-JRG-RSP, Memorandum Order dated 9/21/12 (Dkt. No. 220 at 3) (E.D. Tex. September 21, 2012)(allowing plaintiff to undertake limited jurisdictional discovery in the form of ten interrogatory responses); *Dietgoal Innovations LLC v. Wegmans Food Markets, Inc.*, 2:12-cv-00562-JRG-RSP, Order dated 9/26/12 (Dkt. No 11 at 2)(allowing 10 interrogatories); *Dietgoal Innovations LLC v. Arby's Restaurant Group, Inc.,* 2:11-cv-00418-MHS-RSP, Report and Recommendation dated 9/25/12  (Dkt. No 547 at 9-10)(same).[1]  Animetrics is opposed to producing documents or providing witness for depositions which are beyond the scope of this limited discovery because it is unnecessary and because of the increased litigation costs.

On April 25, 2013, Blue Spike filed its Opposition to Animetric's Motion to Dismiss.  (Dkt. No. 689)  In that Opposition, Blue Spike did not present any factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts necessary to establish personal or general jurisdiction of Animetrics in Texas.  On May 6, 2013, Animetrics filed its Reply in Support of it Motion to Dismiss,

---

[1] For the Court's convenience, the referenced Orders are attached hereto as Exhibits B, C and D.

4694856.1

pointing out the deficiencies in the Blue Spike's position on jurisdiction and venue.  (*See* Reply in Support of Motion to Dismiss (Dkt. No. 718) at 2-4).

Again, on or about May 20, 2013, in a "meet and confer" with Plaintiff's counsel counsel for Animetrics agreed to respond to 10 interrogatories narrowly tailored to jurisdictional issues, but declined to agree to the production of documents or to produce witnesses for deposition.  Blue Spike again rejected that offer.

## II.    ARGUMENT

### A.    Blue Spike Again Fails To Meet Its Burden For Jurisdictional Discovery.

#### 1.    Blue Spike fails to make a preliminary showing of jurisdiction.

The briefing on Animetrics' Motion to Dismiss demonstrates that Blue Spike has not made a prima facie showing of personal jurisdiction, and those arguments will not be repeated here.

In the Fifth Circuit, to warrant any jurisdictional discovery, a plaintiff must first make a "preliminary showing of jurisdiction."  *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (affirming denial of jurisdictional discovery).  "The plaintiff must present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts."  *Newington Ltd. V. Forrester*, Civ. Action No. 3:08-cv-0864-G, 2012 WL 537604, at *4 (N.D. Tex. Feb. 17, 2012).  As demonstrated in Animetrics' prior briefing, Blue Spike's Complaint does not allege any facts to support its allegations of personal jurisdiction, and in particular, none of Plaintiff's arguments or allegations regarding Animetrics' passive website support personal jurisdiction.  See Animetrics' Motion to Dismiss (Dkt. No. 534) at 8-11; Animetrics' Reply Brief (Dkt No. 718) at 2-4.

4694856.1

### 2.     Blue Spike fails to identify any facts that discovery would reveal that could support personal jurisdiction.

Blue Spike's Motion for Jurisdictional Discovery should be denied because it has failed to "put forward what facts [it] believes discovery would reveal and how those facts would support personal jurisdiction." *Dontos v. Vendomation NZ Ltd.*, Civ. No. 3:11-CV-0553-K, 2012 WL 3702044, at *15 (N.D. Tex. Aug. 27, 2012) (citing *Kelly v. Syria Shell Petroleum Dev.*, 213 F.3d 841, 855 (5th Cir. 2000)).   Plaintiff's vague and conclusory assertions regarding the need for jurisdictional discovery are insufficient.   *Id.* (denying jurisdictional discovery where plaintiffs 'failed to put forth the facts they believed discovery would reveal and how those facts would support personal jurisdiction" as to the defendants).   Blue Spike has not set forth any such facts in its briefing on Animetrics' Motion to Dismiss and, again, fails to set forth any facts in this Motion for Jurisdictional Discovery that jurisdictional discovery would reveal to support personal jurisdiction.   Blue Spike's Motion for Jurisdictional Discovery is just another bite at the apple, which has further increased the cost of litigation to Animetrics.   This could all have been avoided by Blue Spike accepting Animetrics' offer to respond to interrogatories narrowly tailored to jurisdictional issues.

In its Motion for Jurisdictional Discovery, Blue Spike seeks discovery of five general subjects but never identifies any possible facts that could be revealed to support personal jurisdiction in this particular case.   Blue Spike's Motion for Jurisdictional Discovery is in fact a cookie cutter copy of its motions to authorize jurisdictional discovery from other defendants.   *Compare* Motion for Jurisdictional Discovery against Defendant Vobile, Inc. (Dkt. No. 502) at ¶ 5; Motion for Jurisdictional Discovery against Defendant Ensequence (Dkt. No. 509) at ¶ 5; and Motion for

Jurisdictional Discovery against Defendant TV Interactive Systems, Inc. (Dkt. No. 511) at ¶ 5.  In each instance, with respect to totally unrelated entities, Blue Spike set out five nearly identical categories of discovery.  Blue Spike should not be allowed jurisdictional discovery based on rote repetition of general categories without any identification of facts that could support personal jurisdiction.  *See Bell Helicopter Textron, Inc. v. American Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex. 2010) (denying jurisdictional discovery where plaintiff failed to identify specific facts that discovery would reveal to support personal jurisdiction).  "A demonstration of such facts 'is especially important where, as here the defendant enters declarations into evidence specifically denying certain jurisdictional allegations.'"  *Id.* at 797-98 (quoting *Autogenomics, Inc.*, 566 F.3d at 1023).

Furthermore, each of the five discovery areas would not reveal facts to support personal jurisdiction.  First, Blue Spike seeks information about Animetrics' "solicitation of customers, prospective employees, and business in Texas."  *See* Motion for Jurisdictional Discovery (Dkt. No. 787) at ¶ 5.   However, as the undisputed facts demonstrate, Animetrics has not solicited customers or business in Texas.  As explained in the sworn declaration of Animetrics' President and CEO, Paul Schuepp, Animetrics with one exception in 2010 (as fully described in Schuepp's Declaration), has never attended a tradeshow or conference in Texas.  *See* Motion to Dismiss (Dkt. No.534) Ex. A - Schuepp Decl. at  ¶ 27.  Additionally, none of its customers are from Texas [*Id.* ¶ 34-35]; and it has never directed marketing or advertisements to Texas [*Id.* ¶ 28 and 34].   These are the facts, supported by evidence.  Further, Blue Spike provides no legal support for the proposition that solicitation of prospective employees in Texas would support jurisdiction,

or any facts indicating that Animetrics has ever taken such action.  As shown in the briefing on Animetrics' Motion to Dismiss, Animetrics does not have continuous and systematic contacts with Texas, and the requested discovery will not reveal any evidence to support general personal jurisdiction.

Second, Blue Spike seeks information about Animetrics' "facial recognition activities within Texas or concerning Texas sources."  *See* Motion for Jurisdictional Discovery (Dkt. No. 787) at ¶ 5.  It appears that this discovery request seeks information to support Blue Spike's specific personal jurisdiction theory, based on Animetrics' alleged use of allegedly infringing facial recognition technology in Texas.  But as Animetrics has demonstrated previously in the sworn declaration of Mr. Schuepp, Animetrics has not made, used, sold, or offered to sell in Texas any products that use this accused technology.  *See* Motion to Dismiss (Dkt. No.534) Ex. A - Schuepp Decl. at ¶42-45.  The sought discovery cannot lead to evidence to support specific personal jurisdiction in this matter, and Blue Spike cites no legal authority to support the proposition that these types of activities without any relation to the allegedly infringing technology, if they even occurred, would support general personal jurisdiction.  Blue Spike wants to conduct a "fishing expedition" and is only trying to increase the cost of litigation for the Defendant.

Blue Spike's third area of sought discovery is even more vague and untethered to any theory supporting personal jurisdiction.  Blue Spike seeks information about Animetrics' "collection of data and other information from sources within Texas."  *See* Motion for Jurisdictional Discovery (Dkt. No. 787) at ¶5.  However, Blue Spike presents no legal theory to show that collection of data from sources within Texas would support

4694856.1

general personal jurisdiction, and it fails to explain how this collection is connected to any alleged infringing technology to support specific personal jurisdiction. Again, the Plaintiff is just "fishing." The sought discovery cannot lead to evidence to support specific or general personal jurisdiction in this matter.

As to the fourth category of information, Animetrics' "sales or distribution of products and services that reach Texas consumers" *See* Motion for Jurisdictional Discovery (Dkt. No. 787) at ¶5. Again, this type of information is irrelevant to the personal jurisdictional inquiry. As Animetrics explained in previous briefing, even assuming that Animetrics' products in general reached Texas through the stream of commerce, the stream of commerce theory cannot be used to support general personal jurisdiction. And yet again, the sought discovery cannot lead to evidence to support personal jurisdiction in this matter.

Finally, Blue Spike's sought fifth category, Animetrics' "creation or use of sales networks or relationships that reach into Texas" is irrelevant for the same reason. *See* Motion for Jurisdictional Discovery (Dkt. No. 787) at ¶5. The stream of commerce analysis does not apply to products in general. There must be a nexus with the alleged infringing product, which there is not.

None of Blue Spike's requested discovery would reveal facts to support personal jurisdiction over Animetrics in Texas. As such, jurisdictional discovery would not result in any facts that Blue Spike could include in an amended complaint or a supplemental response to Animetrics' Motion to Dismiss for Lack of Personal Jurisdiction. Blue Spike's Motion for Jurisdictional Discovery should be denied.

III.    **CONCLUSION**

This Court has uncontroverted evidence before it from which it can draw its jurisdictional conclusions.   Blue Spike does not controvert any facts submitted by Animetrics and "has failed to demonstrate how additional discovery would help enhance the Court's analysis."  *Akerblom v. Ezra Holdings Ltd.*, 848 F. Supp. 2d 673, 691 (S.D. Tex. 2012) (concluding that no jurisdictional discovery was warranted).   "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."  *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982); *see also Bell Helicopter Textron, Inc.*, 729 F. Supp. 2d at 798 (concluding that a "court need not allow a plaintiff to conduct a jurisdictional fishing expedition").   For the reasons set forth above and in its briefing on its Motion to Dismiss for Lack of Personal Jurisdiction, Animetrics respectfully requests that this Court deny Blue Spike's Motion for Jurisdictional Discovery.

Respectfully submitted this 13th day of June, 2013.

/s/  *J. Daniel Harkins*
J. Daniel Harkins
State Bar No. 09008990
dharkins@coxsmith.com
COX SMITH MATTHEWS INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone:  (210) 554-5500
Facsimile:  (210) 226-8395

4694856.1

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

June 13, 2013

/s/  *J. Daniel Harkins*
J. Daniel Harkins

4694856.1