UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | Case No. 6:12-cv-499-MHS |
| v. | § | Lead Case |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| *Defendants*. | § | |

**PLAINTIFF'S OPPOSED MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM DEFENDANT TYGART TECHNOLOGY, INC.**

Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), Plaintiff Blue Spike, LLC ("Blue Spike") files this Motion to Authorize Jurisdictional Discovery From Defendant Tygart Technology, Inc. ("Tygart") and states:

1. Blue Spike filed its original Complaint in this patent infringement action on January 22, 2013.

2. On April 3, 2013, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) or in the alternative to transfer pursuant to 1404(a). (Dkt. 594). In the motion, Defendant contends that this Court lacks personal jurisdiction over it and should be dismissed, or in the alternative, that the case should be transferred from the Eastern District of Texas to the Northern District of West Virginia.

3. On April 26, 2013, Blue Spike filed its Response to Defendants' Motion to Dismiss. (Dkt. 696). In its Response, Blue Spike outlined the basis for this Court's jurisdiction over Defendant—namely, that Defendant's infringing products arrive in Texas through stream of commerce and that Defendant necessarily uses its contacts with Texas to infringe the patents-in-suit.

1

4. If, however, the Court believes additional evidence on these issues is necessary, Blue Spike requests that the Court enter an Order authorizing Blue Spike to conduct specific jurisdictional discovery regarding Defendant. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978). The Federal Circuit has repeatedly held that where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facie* showing of jurisdiction. *See, e.g.*, *Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998); *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). Blue Spike has made that showing and now requests jurisdictional discovery to supplement it.

5. This discovery, attached to this Motion as Exhibits 1 through 3, will primarily ask for information about the following issues: (1) Defendant's solicitation of customers, prospective employees, and business in Texas; (2) the extent of Defendant's facial recognition activities within Texas or concerning Texas sources; (3) Defendant's collection of data and other information from sources within Texas; (4) Defendant's sales or distribution of products and services that reach Texas consumers; and (5) Defendant's creation or use of sales networks or relationships that reach into Texas. Other discovery may be necessary as well, but these items are indisputably relevant to Defendants' claims that it does not conduct business in Texas or this District.

6. The requested discovery and disclosures will also provide Blue Spike with additional evidence to include in an Amended Complaint and submit in an amended opposition to Defendant's Motion to Dismiss. These are additional reasons for the Court to authorize the requested discovery and disclosures. *See Trintec Industries, Inc. v. Pedre Promotional Products,*

*Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (holding that jurisdictional discovery is appropriate where party demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("jurisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse"); *Keranos, LLC v. Analog Devices, Inc.*, 2011 U.S. Dist. LEXIS 102618, *33-34 (E.D. Tex. Sept. 12, 2011).

7. Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), and for the reasons stated above, Blue Spike respectfully requests that the Court grant this Motion. Specifically, Blue Spike requests: (1) that it be allowed to propound the attached interrogatories and requests for production to Defendant dealing specifically with jurisdictional issues; (2) that these discovery requests not count against the limited number of discovery requests available to Plaintiff under the Federal Rules of Civil Procedure and this Court's local rules; (3) that it be allowed to depose Rule 30(b)(6) representatives most knowledgeable about the jurisdictional issues raised by Defendant; (4) that the Defendant be ordered to produce all documents and information relevant to its jurisdictional defenses within 30 days; and (5) that Blue Spike be allowed to file an amended Response to Defendant's Motion to Dismiss and an Amended Complaint after conducting this discovery.

WHEREFORE, Blue Spike prays that the Court grant its Motion and enter an order authorizing the requested discovery and mandating the requested disclosures.

      Respectfully submitted,

        /s/ Randall T. Garteiser
      Randall T. Garteiser
      Texas Bar No. 24038912
      rgarteiser@ghiplaw.com
      Christopher A. Honea

Texas Bar No. 24059967
chonea@ghiplaw.com
Christopher S. Johns
Texas Bar No. 24044849
cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 N. College Ave.
Tyler, Texas 75702
Telephone: (903) 705-0828
Facsimile: (903) 526-5477

Kirk J. Anderson
California Bar No. 289043
Peter S. Brasher
California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
Telephone: (415) 785-3762
Facsimile: (415) 785-3805

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

    /s/ Randall T. Garteiser
Randall T. Garteiser

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for Plaintiff and counsel for Defendants had a personal conference by telephone on June 11, 2013.  Christopher A. Honea, Peter S. Brasher and I, lead counsel, participated on behalf of the plaintiff. Douglas R. McSwane, lead counsel, participated on behalf of the Defendant, Tygart Technology, Inc. During this conference, the participants gave each other the opportunity to express his or her views concerning the dispute. Moreover, the participants compared views and discussed the issues in an attempt to resolve their differing views.  The participants sincerely attempted to present the merits of their respective positions and meaningfully assess the relative strength and weaknesses of their positions. Despite meeting and conferring in good faith, the discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Thus, this motion is opposed.  Local Rule CV-7(i).

    /s/ Randall T. Garteiser
Randall T. Garteiser