# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § § | Jury Trial Demanded |
| *Defendants*. | § § § § | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO**
**DEFENDANT AXXONSOFT LTD.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Axxonsoft Ltd. is hereby requested to produce the following Documents to Plaintiff within thirty (30) days by causing same to be delivered to Garteiser Honea, P.C., 44 North San Pedro Road, San Rafael, California 94903. To reduce the burden on the producing party, Plaintiff hereby requests that any production be done electronically and produced as TIFF images whereby text is decipherable through optical character recognition software. Plaintiff's production will be done in the same stipulated manner.

**DEFINITIONS**

The following terms and definitions shall apply to these Requests:

1.      "Plaintiff" means and refers to Blue Spike, LLC.

2.      "You" means and refers to Axxonsoft Ltd. and Includes all of its current or former officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, and all other Persons acting or purporting to act on behalf of it; as well as all of its Foreign and domestic subsidiaries, parents, affiliates, divisions, successors, predecessors and any other related entities with whom it has sufficient closeness, connection and

practical interaction to allow it control over that entity's Documents and information; and specifically Includes all assets or companies that have been acquired by Axxonsoft Ltd. or with respect to which it has succeeded to rights and/or obligations.

3.      "Communication" means and refers to any exchange, transfer or conveyance of information, Including written, oral, printed, recorded, filmed, electronic, telephonic or videographic inquiries, responses to inquiries, discussions, conversations, presentations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, text messages, instant messages, advertisements, comments and interviews.

4.      "Date" means the exact date, month and year, if ascertainable, or if not, the best estimate.

5.      "Document" shall be interpreted broadly, consistent with the comprehensive meaning in Federal Rule of Civil Procedure 34.  Without limiting the foregoing, the term "Document" means and Includes all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, that are within Your possession, custody, or control, Including all accounts; advertising literature; agreements; analytical records; appointment books or schedules; articles; audits; bank records or statement blueprints; books; books of account; booklets; brochures; bulletins; calendars; CD, DVD, and other optical-disk media; charts; checks; circulars; coding forms; Communications (intra-or inter-company); computer files or storage (in a computer, computer disk, computer tape or otherwise); computer printouts; computer readable data; computer programs; contracts; copies; correspondence; data bases; diaries; disks; displays; drafts of any document; drawings; electronic mail (e-mail); envelopes; examinations; films; files; file folders; financial reports; flyers; forecasts; graphs; indices; instructions; instruction manuals or sheets; invoices; job requisitions; letters; licenses; logs; magnetic media or sheets; magnetic media of any kind

(Including disks, tapes, or other media) containing computer software with supporting indices, data, documentation, flow charts, comments, object code, source code, and computer programs relating thereto; manuals; maps; memoranda; messages (Including text messages and instant messages); minutes; three-dimensional models; magazines or other published material (or any clipping thereof); newspapers; notes (typewritten, handwritten, stenographic, recorded, or any other type); notebooks; notices; opinions; pamphlets; papers; periodicals or other publications; photographs; price lists; prints; printed circuit boards; promotional literatures; punch cards; purchase orders; questionnaires; receipts; records; recorded Read-Only-Memory (ROM); recordings (magnetic, electronic, videotape, or any other type); record requests; reports; slides; solicitations; statements; statistical compilations; stenographic notes; studies; summaries (Including any memoranda, minutes, notes, records, or summary of any (a) telephone or intercom conversation or message, (b) personal conversation or interview, or (c) meeting or conference); supporting documentation; surveys; tapes; telegrams; telephone logs; transparencies; travel or expense records; video recordings; video tapes; visitor logs; voice recordings; vouchers; x-ray films and prints; worksheets; working papers; writings or other handwritten, printed, reproduced, recorded, typewritten, or otherwise produced graphic material from which the information required may be obtained.  The term "Document" also Includes all copies of documents by whatever means made, except that where a document is produced, identical copies of it that do not contain any markings, additions, or deletions that are different from the original do not have to be separately produced.

6.      "Foreign" means and refers to any nation or territory outside of the United States or any of its territories, and Includes any governmental, quasi-governmental, trade-related, or treaty-related organization, or any other such organization that is not controlled exclusively by the United States or any of its territories.

7.     "Identify" or "Identification" or "Identity" when used in reference to:

    (a)     a natural person, means: (1) the person's full name or title, last known address, and telephone number; (2) the person's present employer(s) and place(s) of employment; and (3) the person's job title or position held.

    (b)     a firm, corporation, partnership, joint venture, or other entity which is not a natural person, means the entity's full name, place of incorporation (if known), address of its principal place of business, and telephone number.

    (c)     a Patent or Patent application, means: (1) its Patent number or application number and Dates of filing, publication and grant; (2) the Identity of all applicants or patentees; (3) the title of the application or Patent; and (4) the present status of the application or Patent (e.g., pending, abandoned, etc.).  If the Patent or Patent application has already been produced in discovery, it is sufficient to identify the Bates number(s) of such Patent or Patent application.

    (d)     a Document, other than a Patent or Patent application, means:  (1) its Date, author, and addressee(s); (2) the type of Document (e.g., letter, memorandum, etc.); and (3) its present location and the Identity of its custodian.  If the Document has already been produced in discovery, it is sufficient to identify the Bates number(s) of such Document.

8.     "Including" means "specifically including but not limited to."

9.     "Location" when used in reference to:

    (e)     a natural person, means the person's last known address.

    (f)     a firm, corporation, partnership, joint venture, or other entity which is not a natural person, means the entity's address of its principal place of business.

    (g)     an office or facility, means the office or facility's address and any words, phrases, code names, labels, terms or descriptors by which the office or facility is known to You.

    (h)     a Document, means: (1) the employee office, storage facility, file cabinet, file server, personal computer, or other physical or electronic medium on or in which the Document is stored, saved, archived, or catalogued; and (2) the Identity of the Document's custodian.

4

10.     "Patent" means any pending or granted application for a United States Patent or for any Foreign Document that evidences the right to exclude others from making, using, offering for sale, selling and/or importing any apparatus, method, system or technology.

11.     "Person" or "People" means and refers to any natural person, firm, association, partnership, corporation, group, sole proprietorship, public entity, governmental agency, organization or other form of legal business entity, regardless of whether "not-for-profit," and specifically Including Plaintiffs and You.

12.      "Third Party" means a Person other than You.

## INSTRUCTIONS

1.     Unless otherwise specified in a particular paragraph, these Requests require production of all Documents within the scope of the Requests that are in Your possession, custody, or control.

2.     All Documents that respond, in whole or in part, to any of these Requests shall be produced in their entirety.

3.     Documents produced pursuant to these Requests shall be either: (a) organized as they are kept in the usual course of business; or (b) organized and labeled to correspond with the paragraphs of these Requests.

4.     If any privilege or protection is claimed as to any information or Document, state for each such information or Document:

> (a) the nature of the privilege or protection claimed (e.g., attorney-client privilege, work product doctrine, etc.);
>
> (b) the basis for claiming the privilege or protection;
>
> (c) the name, address, and business title of each author, addressee, copyee, and any other Person to whom the information or Document or its contents were disclosed in whole or part;

5

        (d)  the relationship of the author and addressee of the Document, or of the source and recipient of the information;

        (e)  the Date, title, and number of pages of the Document, if applicable;

        (f)  a description of the subject matter of the information or Document; and

        (g)  the Request to which the information or Document is responsive.

5.      If less than an entire Document is claimed to be privileged or protected, furnish a copy of those portions of the Document that are not covered by the asserted privilege or protection.

6.      If any Document or Documents that would have been responsive to these Requests has been destroyed or is otherwise no longer within Your possession, custody, or control, describe the nature and contents of the Document, the author(s) and recipient(s) of the Document, the Date of its destruction or when it passed out of Your possession, custody, or control, and the reason(s) why it was destroyed or is no longer within Your possession, custody, or control.

7.      These Requests are directed to the knowledge and belief of You, Your attorneys of record, and any current or former officers, directors, employees, or agents of You or Your attorneys.

8.      "And," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

9.      "Any" shall be construed as "all," "each and every," or "any one," whichever makes the request more inclusive.

10.      "Concerning," "relating to" and "referring to" shall be interpreted so as to encompass the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1).  For example, Documents that "concern," "relate to" or "refer to" any given subject means all

Documents that in any way directly or indirectly, in whole or in part, discuss, deal with, regard, constitute, pertain to, reflect, consider, underlie, modify, amend, confirm, mention, endorse, evidence, summarize, memorialize, describe, analyze, evaluate, represent, qualify, terminate, revoke, cancel, negate, comprise, contain, embody, enumerate, involve, identify, state, correspond to, or result from the subject or are in any way pertinent to the subject, Including Documents concerning the preparation of other Documents.

11.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12.     The singular form of any word shall be deemed to include the plural, and vice-versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to Identify the names and addresses of all customers in Texas of Your product and services, Including Your Face Intellect software and any other face recognition products or services.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to Identify the names of residents of Texas that are partners and customers interacted with by Your products and services.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the extent of Your services' facial recognition software in Texas, Including with Persons in Texas Your products and services catalog, examine, or otherwise analyze, and the location of the servers supporting those activities.

7

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the names and addresses of every Persons in Texas analyzed by Your products and services.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify the names and addresses of all Persons who have contact You via Your websites, e-mail or telephone from Texas.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to Identify the names and addresses of all Persons in Texas who have registered or signed up for any of Your products or services.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents related to your collection of data and other information from sources in Texas.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents related to Your sales or distribution of products and services in Texas.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents related to Your solicitation of customers, prospective employees, and business in Texas (including through the Internet or presentations You conduct or trade shows, conventions You attend, or other professional-networking events You attend in Texas).

Dated: June 11, 2013

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com

8

Christopher S. Johns
Texas Bar No. 24044849
cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-0828
Facsimile:  (903) 526-5477

Kirk J. Anderson
California Bar No. 289043
Peter S. Brasher
California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

***Counsel for Blue Spike, LLC***

9

### CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

/s/ Randall T. Garteiser
Randall T. Garteiser
