UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, | § § § § § § § § § § § |
| *Plaintiff*, | Case No. 6:12-cv-499-MHS |
| v. | Lead Case |
| Texas Instruments, Inc. et al., | Jury Trial Demanded |
| *Defendants*. | |

**BLUE SPIKE'S OPPOSITION TO TEXAS INSTRUMENTS, INC.'S MOTION TO SEVER [DKT. 777]**

**Introduction**

Plaintiff Blue Spike, LLC opposes Texas Instruments, Inc.'s motion to sever (Dkt. 777). Blue Spike has filed multiple lawsuits in this District based on infringement of the same four patents. In the case against TI, as in many of the other consolidated cases, the accused products are related to identifying signals, for example, images, audio, and video. The Court already determined *sua sponte* that judicial-efficiency concerns warrant consolidating this case with the others for pretrial purposes, as all "the cases, by their nature, involve common issues of law or fact, including claim construction and validity." *See* Dkt. 16 at 15. TI now second-guesses the Court's determination, arguing that deconsolidating its case would enhance judicial efficiency. Just the opposite is true, and deconsolidation would cause other problems to boot. The Court should deny TI's motion.

## Legal Standard

As the Court already noted in its consolidation order, it "has considerable discretion to consolidate cases for" pretrial purposes if the cases share "a common question of law or fact." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012). "[T]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions." *Id.* (citation omitted). A common question of law or fact necessarily exists when suits share the same patents-in-suit, even if the defendants and their accused products are unrelated. *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 457 (E.D. Tex. 2004); *see also MicroUnity Sys. Eng'g, Inc. v. Acer Inc.*, No. 2:10-cv-91-TJW-CE, 2011 WL 4591917, at *4 (E.D. Tex. Sept. 30, 2011) (holding that "common questions of law and fact link[] all the claims in [a] case" where "all of the Defendants are accused of infringing at least one of the same patents-at-issue").

## Argument

TI suggests that severance is warranted because it would foster judicial economy, but in fact the opposite is true. TI also fails to address other relevant concerns—such as prejudice to other parties—that weigh against severance.

1.  **Consolidation Was Proper Here.**

TI does not deny that this case shares common issues of law or fact with the other consolidated cases. Nor does TI contend that the Court abused its considerable discretion in consolidating the cases. Instead, TI argues that severing its case would foster judicial efficiency because TI can be ready for trial

sooner than other defendants. Dkt. 777 at 4. TI bases this argument on (1) the fact that Blue Spike sued TI earlier than "some"—but not all—of the other defendants and (2) pure speculation that its case is likely to be simpler than other cases against the other defendants. *Id*. at 4-6. Yet TI cites no law suggesting that an already-consolidated defendant should be severed simply because it might be able to get ready for trial sooner than other defendants. Also troubling for TI, the evidence does not actually support TI's contention that it can be ready for trial earlier than other defendants. And TI overlooks other relevant considerations, including, crucially, the prejudice that Blue Spike and TI's fellow defendants will inevitably suffer if the Court does what TI asks.

2. **The TI Suit's Filing Date Does Not Support Deconsolidation, Since This Case Has Not Advanced Any Further Than The Other Consolidated Cases.**

This case is no further along than the other consolidated cases, undermining TI's prediction that it can be ready for trial earlier than other defendants. *Id*. at 4. Blue Spike filed two other suits the same day it sued TI, and by the time the Court issued its consolidation order just two months later, Blue Spike had filed approximately 50 suits. *See* Dkt. 16 at 1-14. The Court has kept the consolidated cases on the same track and has not yet authorized discovery in any of them.[1] TI is thus wrong to suppose that it "will of course be ready for trial

---

[1] TI argues that "some" other "defendants have only just been sued." Dkt. 777 at 4. This exaggerates the facts. In reality, Blue Spike's most recent suit was filed February 6, 2013, less than six months after Blue Spike filed suit against TI. *See* Case No. 6:13-cv-130, Dkt. 1.

3

long before defendants in later-filed cases."[2] Dkt. 777 at 4. TI has no basis for that forecast, nor has it cited any law suggesting that quick preparation by one defendant (which has not happened in this case) would inherently warrant severance.

### 3. The Purported Simplicity of This Suit Does Not Support Severance.

Next, TI makes the remarkable argument that severance is warranted because "the suit against TI is less complicated than many of the other suits filed by Blue Spike." *Id*. TI does not cite a single case supporting its simplicity theory. More important, TI offers no proof for this claim, making no comparisons between its case and other Blue Spike cases. Instead of providing a true comparative analysis, TI supposes that its case is simpler than other cases because (1) Blue Spike has accused only one TI product, (2) the accused product "has only about $30,000 in total world-wide sales," and (3) the accused product "is unlikely to ever generate significant revenue." *Id*. at 4-5.

None of these assertions actually supports TI's "relative-simplicity" argument. TI's first assertion is simply untrue; Blue Spike has in fact accused "products and/or services *including, but not limited to*, [TI's] TMS320C5515 Fingerprint Development Kits." Dkt. 1 at ¶27 (emphasis added). Discovery has not yet occurred, and it may reveal other infringing products. Next, TI's assertion

---

[2] This assertion is actually undermined by TI's own brief, which argues that case simplicity affects when a defendant can be ready for trial. Dkt. 777 at 4-6. If this argument is right, then some of the "later-filed cases" may be simple enough to come to trial at the same time as TI's case even though they were filed later. TI does not attempt to analyze the complexity of each of the "later-filed cases" and explain why it precludes accelerated proceedings of the sort that TI requests for itself.

4

of minimal revenues from the named accused product has not yet been confirmed by discovery—and, more important, there is no logical correlation between the value of the accused sales and the complexity of the infringement case and other aspects of Blue Spike's case against TI. The "minimal-revenue" argument ignores the possibility of future sales and convoy sales. Last, TI's unconfirmed assertions about future revenues are speculative and dubious, especially in light of the explosive growth of the biometrics industry.

4. **Severance Would Actually Decrease Efficiency.**

TI has the efficiency calculus precisely backwards. Severing its case would necessarily result in wasteful, duplicative efforts. *See Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *2 (E.D. Tex. Sept. 28, 2010). ("All defendants are accused of infringing the patents in suit, and adjudicating infringement will require construing the claims and evaluating the patents' innovation over the prior art. Thus, determining defendants' liability will involve substantially overlapping questions of law and fact."). Here, the Court's consolidation order was aimed at preventing the precise harm that severance would create: a "decrease [in] judicial efficiency by requiring duplicitous . . . discovery and pretrial motions." *MyMail*, 223 F.R.D. at 458 (punctuation omitted). "This is exactly the kind of inefficiency that" the rules governing "severance . . . w[ere] designed to prevent." *Ctr. One v. Vonage Holdings Corp.*, No. 6:08-CV-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009); *see also Imperium (IP) Holdings, Inc. v. Apple Inc.*, No. 4:11-cv-163, 2012 WL 461775, at

\*3 (E.D. Tex. Jan. 20, 2012), *report and recommendation adopted*, 4:11-cv-163, 2012 WL 461802 (E.D. Tex. Feb. 13, 2012) ("[S]everance would create significant inefficiencies because the lawsuit would be divided into two parallel actions involving the same patents, claims, and third-parties common to the Defendants."). Further, "[i]n addition to the burden on the courts" that severance would necessarily entail, "the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication." *Adrain v. Genetec Inc.*, No. 2:08-cv-423, 2009 WL 3063414, at \*3 (E.D. Tex. Sept. 22, 2009). Creating these "glaring" inefficiencies and risks is not warranted simply because TI would prefer to leapfrog other defendants on the path to trial. *Ctr. One*, 2009 WL 2461003, at \*7.

**5.     Severance Would Prejudice Other Parties.**

Finally, deconsolidation would be improper not only because it would be inefficient but also because it would prejudice other parties. *See St. Bernard Gen'l Hosp. Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Severing TI's case and permitting TI to engage in its own expedited claim construction would prejudice Blue Spike and potentially TI's fellow defendants as well. Without providing any evidence or analysis, TI asserts that "claim construction can be resolved on brief without a *Markman* hearing and that claim construction can be limited to three case-dispositive terms." Dkt. 777 at 5-6. Proposing this procedure is wildly premature. The parties have not yet exchanged preliminary infringement contentions and invalidity contentions, nor

have they identified which terms need to be construed. Further highlighting the prematurity of TI's request for an accelerated claim-construction procedure, TI has not even identified which three claim terms it believes are dispositive and warrant construction, nor has TI addressed how it would be possible to construe a few select terms in a vacuum. After all, the Court must consider how all the terms fit together when construing patent claims.

There is simply no precedent for the procedure that TI proposes. TI wrongly relies on *Parallel Networks, LLC v. Abercrombie & Fitch Co.* as precedent, failing to recognize that all the parties in that case exchanged preliminary infringement and invalidity contentions months before the Court limited claim construction to three terms. *See* No. 6:10-cv-111, Dkt. 249, Ex. A. (E.D. Tex. Sept. 8, 2010) (setting deadlines for infringement and invalidity contentions to Sept. 2010 and Dec. 2010 respectively); No. 6:10-cv-111, Dkt. 338 (E.D. Tex. Mar. 15, 2011) (limiting claim construction months after invalidity contentions were due). Further, the parties in that case *stipulated* to the use of limited claim construction. *See* No. 6:10-cv-111, Dkt. 339 at 74-79 (transcript of hearing where the parties discussed particulars of limited claim-construction procedure to be employed). Here, in contrast, the parties have not stipulated to such an approach, so imposing one would violate applicable law and significantly prejudice Blue Spike by denying it a full and fair opportunity to investigate and press its claims.

In *Wordcheck Tech, LLC v. Alt-N Technologies, Ltd.*, the Court explained the principles that govern streamlined claim-construction procedures. 6:10-cv-457, 2012 WL 975725, at *1-2 (E.D. Tex. Jan. 11, 2012). A streamlined procedure was appropriate in *Parallel Networks* because (1) the vast majority of defendants "agreed that an early construction regarding three disputed terms would likely be case-dispositive" and (2) the streamlined procedure allowed the Court to eliminate 99 of 112 defendants "at an early stage without incurring unnecessary discovery and motion practice costs." *Id.* at *1. The Court stressed that it will not implement a streamlined procedure "unless a party can demonstrate that construction of a very narrow set of terms could resolve the case as to most, if not all, parties." *Id.* at *2. TI does not even attempt to demonstrate as much; it simply declares, without explanation or support, that a streamlined claim-construction procedure would allow "dozens of other pending cases" to be "disposed of in short order." Dkt. 777 at 6. This unsupported declaration hardly justifies the special dispensation that TI seeks.

Severance followed by streamlined claim construction could also prejudice other defendants and waste the Court's time. The Court would not be required to carry over into other cases its construction of the three terms that TI asserts are "case-dispositive,"[3] but if the Court were inclined to do so, then other defendants would be prejudiced by getting to play no role in the construction of those terms. *Id.* On the other hand, if the Court were not inclined to carry over its

---

[3] "[W]hile courts may defer to previous claim constructions . . . , such decisions are made on a case by case basis, at the discretion of the court." *Texas Instruments, Inc. v. Linear Technologies Corp.*, 182 F. Supp. 2d 580, 589 (E.D. Tex. 2002).

8

construction of those terms into other cases, then the Court would have to reconstrue them, negating any efficiency gained by severing TI's case. Thus, TI's accelerated claim-construction proposal necessarily creates either prejudice or waste, highlighting the Court's wisdom in consolidating this case for claim-construction purposes and discovery in the first place. *See* Dkt. 16 at 15; *see also* Dkt. 530 at 17.

## Conclusion and Prayer

For these reasons, Blue Spike asks the Court to deny TI's motion to sever.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
 cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
 California Bar No. 289043
Peter S. Brasher
 California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 14, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                                     /s/ Randall T. Garteiser
                                                                     Randall T. Garteiser