UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § | Jury Trial Demanded |
| *Defendants.* | § § § § | |

### ORDER DENYING TEXAS INSTRUMENTS, INC.'S MOTION TO SEVER [DKT. 777]

On this day came for consideration Defendant Texas Instruments, Inc.'s Motion to Sever in the above-captioned proceeding. Having considered both Texas Instrument, Inc.'s motion and supporting papers and Blue Spike, LLC's opposition and supporting papers, the Court is of the opinion that said motion should be DENIED.

The Court finds that severing Texas Instruments, Inc. from this consolidated action would be premature. This case has not proceeded any further than the other consolidated cases, and the Court is unconvinced by Texas Instruments, Inc.'s assertion that its case is simpler and therefore more easily dispatched. Until discovery has been exchanged, the complexity of Texas Instruments, Inc.'s case will be difficult to accurately forecast.

The Court also finds that severing Texas Instruments, Inc. from this consolidated action would not likely increase efficiency. One of the primary purposes for consolidation is to mitigate the threat of wasteful and duplicative efforts. Texas Instruments, Inc. has failed to show that severing its case would not increase the likelihood of these threats. Additionally, severing Texas Instruments, Inc. at this stage

will also set a dangerous precedent for other consolidated cases, thus nullifying any efficiency gained by consolidation. Also, Texas Instruments, Inc.'s belief that it can prepare for trial sooner than other consolidated cases, even if substantiated, does not outweigh this efficiency concern, nor does it form a reasonable basis to sever Texas Instruments, Inc.'s case.

Concerning Texas Instruments, Inc.'s proposal for limited claim construction, this Court is of the opinion that it is premature to impose such a limitation prior to the exchange of infringement and invalidity contentions and absent a stipulation by the parties. Further, claim construction should involve all defendants in this consolidated action to avoid prejudice and promote efficiency.

IT IS SO ORDERED.