# Exhibit 1

# United States District Court
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| PHOENIX LICENSING, LLC, ET AL. § <br> § <br> v. § <br> § <br> ALLIANCE DATA § <br> SYSTEMS CORP, ET AL. § | Cause No. 2:11-cv-286 |

## ORDER DENYING MOTION TO DISMISS

Before the Court is Defendant TCF National Bank's Renewed Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) (Doc. No. 250). Plaintiffs oppose TCF Bank's motion on the grounds that this Court has both specific and general personal jurisdiction over TCF Bank. Based on the evidence submitted, the Court finds it has personal jurisdiction over TCF Bank. Accordingly, the Court **DENIES** TCF Bank's motion to dismiss.

## FACTUAL BACKGROUND

This litigation involves alleged patent infringement by over 50 defendants of three patents: U.S. Patent Nos. 5,987,434; 6,999,938; and 7,890,366. Generally, the technology relates to computerized apparatuses and methods for automated client communications. In this case, Plaintiffs claim infringement by TCF Bank's mailing and email system.[1]

TCF Bank has brick and mortar branches in Minnesota, Indiana, Illinois, Michigan, Wisconsin, Arizona, Colorado, and South Dakota (collectively "footprint states"). TCF Bank states that it has no operations in Texas.

---

[1] Plaintiffs originally filed suit against TCF Financial Corporation, TCF Agency, Inc., TCF Agency Insurance Services, Inc., and TCF National Bank. During jurisdictional discovery, Plaintiffs realized that TCF National Bank is the real party in interest in this suit. Thus, the parties voluntarily dismissed the claims against TCF Financial Corporation, TCF Agency, Inc., and TCF Agency Insurance Services, Inc. Accordingly, this order only addresses jurisdiction as to TCF National Bank.

As of March 2012, 1,447 TCF Bank debit card accounts are associated with Texas addresses. Texas addresses were associated with 3,000 accounts from June 15, 2008 to June 14, 2011. TCF Bank estimates that it earns close to $500,000 annually from these Texas accounts. But TCF also states that all of its Texas customers originally opened their accounts in footprint states and subsequently changed their addresses. Moreover, Texas residents are not permitted to open depository accounts with TCF Bank. If an individual does not live in a footprint state or have an existing account, the individual is not qualified to become a TCF Bank customer.

As of 2011, TCF Bank holds commercial loans collateralized by Texas real estate totaling $2,500,000 in principal, and personal loans secured by Texas real estate totaling $211,000 in principal. As to both the commercial and personal loans, TCF Bank contends that the borrowers all resided outside of Texas when the loans originated.

Importantly, TCF Bank sends direct mail advertising to prospective customers. TCF Bank examined five specific mailings and found that out of 10,900,000 pieces sent, close to 12,000 were mailed to Texas addresses.

TCF Bank now argues that the Court lacks personal jurisdiction. Regarding general jurisdiction, TCF Bank contends that it does not have substantial, systematic, or continuous contacts with Texas. As to specific jurisdiction, TCF Bank asserts that it has not purposefully directed its activities to Texas residents and that the underlying claims do not arise out of any contacts with the forum. Plaintiffs disagree and respond that both general and specific jurisdiction exist.

## APPLICABLE LAW

In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff need only make a

prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* Without an evidentiary hearing, the burden of establishing a prima facie showing of jurisdiction is on plaintiff. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)

Absent a controlling federal statute, a plaintiff may establish (1) personal jurisdiction under Texas's long-arm statute and (2) that the exercise of personal jurisdiction comports with due process. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998). The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually one federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied for a court to exercise personal jurisdiction over the defendant. *Johnston*, 523 F.3d at 609.

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists "when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic." *Johnston*, 532 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984)). The defendant's contacts with the forum state are evaluated "over a reasonable number of years, up to the date the lawsuit was filed." *Id.* at 610 (quoting *Access Telecomm, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)). These contacts must be considered together, rather than in isolation from one another. *Id*. When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *See id.* at 613.

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Suffering harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudensprung*, 379 F.3d at 343 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "Random, fortuitous, or attenuated contacts" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. The Court's fundamental

fairness analysis must consider (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

## DISCUSSION

Although TCF Bank raises concerns regarding both general and specific jurisdiction, the Court only finds it necessary to address the latter. This dispute arises from TCF Bank's purposeful contacts with Texas, supporting the Court's exercise of jurisdiction.

As to the first prong, TCF Bank purposefully directed its activities to Texas residents. It is undisputed that TCF Bank sent mail and email communications to Texas residents. Although these customers may have initially opened accounts in footprint states, TCF Bank now directs its activity to them in Texas. In its motion, TCF Bank acknowledges that "a small amount of TCF Bank's direct mail advertising (considerable less than 1% of millions of items mailed annually) was sent to existing customers that have Texas mailing addresses" (Doc. No. 250 at 12). Even though TCF Bank does not aim the bulk of its direct mail advertising to Texas residents, it deliberately targeted those residents at least 12,000 times. *See Colvin v. Van Wormer Resorts, Inc.*, 417 F. App'x 183, 187 (3rd Cir. 2011) (explaining that under specific jurisdiction, "mail and telephone communications may count towards minimum contacts."). Based on TCF Bank's direct mailing activity, the Court finds it purposefully availed itself of the benefits of doing business in this forum to the extent that TCF Bank could expect to be hauled into this forum for litigation. Thus, the Court finds the first prong satisfied.

The Court also finds the second element is satisfied. "A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *See*

*Lewis v. Fresne*, 252 F.3d 352, 358–59 (5th Cir. 2001). Plaintiffs' claims arise out of TCF Bank's direct mail advertising activity directed to this forum. Specifically, Plaintiffs' infringement allegations cover TCF Bank's systems, methods, and apparatuses for mailings and emails. The direct mail advertising targeted to Texas residents is allegedly created by TCF Bank's infringing operation. Thus, Plaintiffs' alleged injuries arise out of and relate to TCF Bank's direct mailing activities. *See Burger King*, 471 U.S. at 472. Accordingly, Plaintiff's claims against TCF Bank arise out of TCF Bank's purposeful contacts with Texas. Thus, these contacts justify the Court's exercise of specific jurisdiction.

Lastly, turning to the fundamental fairness analysis, the Court finds that TCF Bank has failed to meet its burden to show that the Court's exercise of specific jurisdiction offends traditional notions of fair play and substantial justice.

TCF Bank focuses on the unfairness of being subjected to suit in Texas on the basis of its depositors' unilateral relocation to Texas. While it is true that TCF Bank's depositors may freely move to Texas, TCF Bank chooses to continue sending direct mail advertising to those depositors for TCF Bank's own financial benefit.

TCF Bank's briefing does not meaningfully address any of the fundamental fairness factors. *See Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 207 (5th Cir. 1996) (outlining factors for addressing whether maintaining jurisdiction would be unreasonable). TCF Bank has not articulated any particular burden it will face from defending against suit in Texas. Texas clearly has an interest in providing a forum for adjudicating acts of infringement directed to its residents. Furthermore, Plaintiff has an interest in having a Texas forum to efficiently resolve this dispute. Finally, TCF Bank does not identify considerations relevant to "the judicial system's interest in efficient resolution of controversies" or "the several

states' shared interest in furthering fundamental social policies." *Stroman Realty, Inc.*, 513 F.3d at 487. Therefore, the exercise of general or specific jurisdiction comports with notions of fair play and substantial justice.

Accordingly, the Court finds it has specific personal jurisdiction over TCF Bank. Consequently, the Court finds it unnecessary to address general jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant TCF National Bank's Renewed Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) (Doc. No. 250) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 27th day of March, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE