UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff*, | § § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
|     *Defendants*. | § § § | |

**Blue Spike's Surreply Opposing Iris ID Systems, Inc.'s
Motion to Transfer Venue [Dkt. 772]**

The weightiest factors in the transfer analysis are the federal interest in judicial efficiency and the calculation of the relative burdens that a proposed transfer would impose on the parties and their witnesses. Here, those factors weigh against transfer, and the remaining private- and public-interest factors are either neutral or weigh in favor of keeping the case in this District. Because Iris has not shown that transfer to the District of New Jersey would be clearly more convenient, the Court should deny its transfer motion.

**I.    The Federal Interest in Judicial Efficiency Weighs Strongly Against Transfer.**

Granting Iris's transfer motion would ensure that multiple courts have to duplicate each other's efforts and issue potentially conflicting rulings. This is because Iris's case does not merely involve the same four patents-in-suit as other consolidated cases but also involves "overlapping products or services." *Geotag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-00570-JRG, Dkt 585 at 10 (E.D.

Tex. Jan. 14, 2013). Specifically, Iris makes biometric-identification products (Case No. 6:13-cv-88, Dkt. 1 at ¶27) just like many of the other consolidated defendants. *See, e.g.*, Case No. 6:13-cv-109 MHS, Dkt. 1 at ¶27; Case No. 6:13-cv-108 MHS, Dkt. 1 at ¶27; Case No. 6:13-cv-086 MHS, Dkt. 1 at ¶27; Case No. 6:13-cv-037 MHS, Dkt. 1 at ¶27; Case No. 6:12-cv-680, Dkt. 1 at ¶28. It is highly implausible that all these cases, which involve accused products with identical or similar functionality, share nothing besides the patents-in-suit. Iris offers no support for its claim that that its fellow defendants all make "vastly different products and services" (Dkt. 772 at 4). In fact, Iris itself previously noted the overlap between this case and Case No. 6:12-cv-680, admitting that it licenses some of its technology from one of the defendants in that case. *See* Dkt. 663 at 5-6.

Iris's reply also fails to address Blue Spike's actual argument about the paramount federal concern in promoting judicial efficiency. Blue Spike has never argued that transfer is improper merely because Blue Spike has filed numerous suits in this District. *Contra* Dkt. 772 at 4. Instead, the argument is that transfer will require multiple courts to engage in duplicative proceedings and issue rulings that might conflict with each other. *See* Dkt. 749 at 3-7.[1] That is why judicial-efficiency concerns weigh so strongly against transfer.

---

[1] The Court already recognized that Blue Spike's cases in this District "involve a common question of law or fact" and that keeping them consolidated "would promote efficient case management." Dkt. 16 at 15. Blue Spike's opposition mistakenly cited the wrong consolidation order in noting this point (*see* Dkt. 749-4, Ex. 1), but Iris ID is wrong in claiming that the Court never made the point (*see* Dkt. 772 at 5-6).

## II. Private-Interest Factors—Including the Relative Burdens on the Witnesses and Parties—Do Not Support Transfer.

As explained in the opposition (Dkt. 749 at 7-9), Blue Spike is a small Texas company. Its entire operation and all its employees have been here for over a year. Its witnesses and evidence are located in this District. Its CEO and inventor (Scott Moskowitz) is an essential witness, and he has a debilitating medical condition that makes travel very painful. He travels only to Florida to obtain medical treatment that he cannot obtain elsewhere. Given those facts, litigating in the District of New Jersey would be far harder for Blue Spike than litigating here would be for Iris.

Iris's reply tries to offset this reality by reiterating the canard that Blue Spike's ties to this forum are recent and ephemeral. Dkt. 772 at 5. As Blue Spike has already explained, this Court's precedents hold otherwise. *See* Dkt. 749 at 7-8. Iris criticizes Blue Spike for failing to identify specific documents and witnesses located in this District (Dkt. 772 at 3-5), ignoring that (1) Blue Spike has identified Moskowitz as a necessary witness, (2) Blue Spike *has* alleged that *all* of its sources of proof are located here, and (3) as the movant, it is Iris, not Blue Spike, that bears the burden of identifying specific documents and witnesses that impact the transfer analysis. *See Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*, No. 3:09-cv-1840, 2010 WL 972240, at *2–3 (N.D. Tex. Feb. 28, 2010). Iris then suggests that Blue Spike's CEO and inventor, Scott Moskowitz, should have no problem traveling to New Jersey since it and this District are roughly equidistant from Florida (Dkt. 772 at 4),

3

failing to recognize that Moskowitz does not live in Florida, that he lives in *this* District, and that he travels to Florida only to receive medical treatment for the very condition that makes traveling difficult. *See* Dkt. 749 at 8, Moskowitz Decl. ¶¶3, 8, 10.

Iris still does not identify any specific evidence in New Jersey or specific witnesses for whom the District of New Jersey would be a more convenient forum. *See generally* Dkt. 772. As explained in the opposition, unidentified evidence and witnesses do not weigh in favor of transfer. Dkt. 749 at 9-13. This failure is critical in the venue analysis, as it is Iris that bears the burden to show that another forum is clearly more convenient.

"[T]ransfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to the other." WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §3848. Here, the burden of transfer would fall extremely hard on Moskowitz and his small company. In contrast, Iris has considerable financial resources and extensive business contacts in Texas. Dkt. 749 at 8-9. Iris has not carried its burden of proving that transfer to the District of New Jersey would be "clearly more convenient." *In re Volkswagen of Am, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

**Conclusion and Prayer**

For these reasons plus those contained in the opposition (Dkt. 749), Blue Spike again asks the Court to deny Iris's transfer motion.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on June 19, 2013.

                 /s/ Randall Garteiser