IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § § | CIVIL ACTION NO. 6:12-CV-499-LED |
| VS. | § § | (LEAD CASE) |
| | § § | |
| TEXAS INSTRUMENTS, INC., ET AL | § | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § § | CIVIL ACTION NO. 6:12-CV-576-LED |
| VS. | § § | (CONSOLIDATED CASE) |
| | § | |
| AUDIBLE MAGIC CORPORATION, ET AL | § | |

**DEFENDANT TUNECORE, INC.'S NOTICE OF CONDITIONAL NON-OPPOSITION TO DEFENDANT AUDIBLE MAGIC CORPORATION'S AND ITS CUSTOMERS' MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(A) [D.E. 771]**

Defendant TuneCore, Inc. ("TuneCore") files this brief in response to Defendant Audible Magic Corporation's and its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of California under 28 U.S.C § 1404(a) ('499 D.E. 771). TuneCore does not oppose transfer of this case, on the condition that the claims by Plaintiff Blue Spike LLC ("Blue Spike") against TuneCore are transferred to the Northern District of California along with Blue Spike's claims against Audible Magic and its customers.

In its complaint in Civil Action No. 6:12-cv-576-LED (the "Audible Magic action"), Blue Spike alleges that all defendants, including TuneCore, are properly joined because "each of the defendants' accused products and methods use the common and related infringing technologies—Audible Magic's digital fingerprint based technology for automatic content

recognition." '576 D.E. 1, ¶ 30.  But as the affidavit of Audible Magic's Chief Executive Officer submitted along with this brief attests, TuneCore is not an Audible Magic customer, and TuneCore has not made, used, sold, or offered for sale any of the accused Audible Magic products.  Declaration of Vance Ikezoye, ¶ 4.  TuneCore has repeatedly informed Blue Spike that its allegations regarding the relationship between TuneCore and Audible Magic are untrue.  *See, e.g.,* '499 D.E. 210, ¶ 30 and pp. 20-21.  Blue Spike, however, has not dismissed TuneCore from the Audible Magic action.  Audible Magic has now filed a motion to transfer the Audible Magic action to the Northern District of California, on behalf of Audible Magic and all of its ***actual*** customers.  '499 D.E. 771.  Audible Magic's motion is silent as to its ***non-customer*** TuneCore.

TuneCore does not oppose Audible Magic's motion to transfer, on the condition that Blue Spike's claims against TuneCore be transferred along with the rest of the Audible Magic action.  28 U.S.C. § 1404(a) only authorizes the transfer of an entire action, not individual claims.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer ***any civil action*** to any other district or division where it might have been brought ..." (emphasis added)).  Thus, in cases with multiple parties or claims, the Court cannot transfer part of the case while retaining jurisdiction over other claims or parties.  *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1518 (10th Cir. 1991).

Although the Court could sever Blue Spike's claims against TuneCore from the rest of the Audible Magic action if Rule 21's standards for severance were satisfied, severance would be inappropriate here because no party has requested it and because severance of a single defendant from the rest of the Audible Magic action "would not promote judicial economy."  *See Eolas Techs., Inc. v. Adobe Systems, Inc.*, 2010 WL 3835762, *2 (E.D. Tex. Sept. 28, 2010), *writ of mandamus denied at In re Google Inc.*, 412 Fed. Appx. 295, 296 (Fed. Cir. 2011).  Because Blue

Spike's claims against TuneCore are premised entirely on the (incorrect) allegation that TuneCore uses the accused Audible Magic product(s), it will be more judicially efficient to resolve those claims in the context of the action in which Audible Magic is a party, rather than transferring the claims against the other defendants in the Audible Magic action to the Northern District of California and retaining the claims against TuneCore in this district.  *See In re Google Inc.*, 412 Fed. Appx. at 296 (non-precedential) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective.")

      Accordingly, TuneCore requests that the Court grant Audible Magic's motion to transfer the Audible Magic action to the Northern District of California and that Blue Spike's claims against TuneCore be transferred along with the rest of the Audible Magic action.

Dated:  June 24, 2013

Respectfully submitted,

 /S/ MELISSA R. SMITH
Melissa R. Smith
Lead Attorney
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH
303 S. Washington Avenue
Marshall, TX 75670
Telephone:   (903) 934-8450
Facsimile:    (903) 934-9257


Kenneth L. Nissly
California Bar No. 77589
knissly@omm.com
Susan van Keulen (*pro hac vice pending*)
California Bar No. 136060
svankeulen@omm.com
Susan Roeder *(pro hac vice pending)*
California Bar No. 160897
sroeder@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025
Telephone:   (650) 473-2600
Facsimile:    (650) 473-2601

***Counsel for Defendant TuneCore, Inc***.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 24th day of June, 2013.

      */s/ Melissa R. Smith*
      Melissa R. Smith

OMM_US:71588816.1