UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § | |
| *Plaintiff*, | § § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § § | Jury Trial Demanded |
| *Defendants*. | § § § | |

**Plaintiff's Reply Supporting Its Motion to Authorize
Jurisdictional Discovery From Defendant Animetrics, Inc.**

Plaintiff Blue Spike, LLC files this Reply supporting its motion for jurisdictional discovery from Animetrics, Inc. (Dkt. 787). Blue Spike's proposed discovery should be allowed because it is reasonable and relevant to jurisdiction.

**I.     Blue Spike Has Made a Preliminary Showing of Jurisdiction.**

Blue Spike is entitled to jurisdictional discovery because it has made a "preliminary showing" that "suggest[s] with reasonable particularity the possible existence of the requisite contacts between" Animetrics "and the forum state." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Blue Spike has submitted evidence that (1) Texas consumers can download and use Animetrics's mobile application on all iPhones and Android smartphones; (2) Animetrics's accused products are used by government agencies with extensive Texas operations; (3) Animetrics has partnerships with large companies with extensive Texas operations; and (4) Animetrics offers at least one of the accused products to all active law-enforcement organizations in Texas. Dkt. 689 at 3-4, Exs. 1-7. The Court must view this evidence—much of which comes from Animetrics's own website—in the light most favorable to Blue Spike and draw all reasonable inferences in Blue Spike's favor. *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d

1

320, 327 (5th Cir. 1996). Under that standard, the evidence clearly suggests the possible existence of the requisite contacts between Animetrics and Texas. Blue Spike's "right to conduct jurisdictional discovery should be sustained." *Fielding*, 415 F.3d at 429. In fact, the Federal Circuit has held that a district court abuses its discretion by denying jurisdictional discovery when a defendant's website shows that several of the defendant's customers operate in the forum. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010). Even if the website does not reveal the exact extent of the defendant's in-state activities and is "insufficient in [itself] to establish a prima face case" of jurisdiction, it "nevertheless supports the need for additional discovery to determine the merits of personal jurisdiction." *Id*.

Animetrics does not dispute that large numbers of its products and services—including accused products—are actually used in Texas. It instead argues that large-scale use of its products in Texas does not support jurisdictional discovery because such use will not ultimately impact the jurisdictional analysis. Dkt. 808 at 3. Animetrics's reasoning is wrong; if discovery reveals that Animetrics purposefully puts accused products into the stream of commerce knowing that they will end up being used in Texas, that would provide a basis for personal jurisdiction. *See Brooks & Baker, L.L.C. v. Flambeau, Inc.*, No. 2:10-cv-146-TJW-CE, 2011 WL 4591905, at *3 (E.D. Tex. Sept. 30, 2011) ("[P]lacing a product into the stream of commerce, at least where the defendant knows the product will ultimately reach the forum state, rises to the level of 'purposeful availment,'" and "mere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce."). Blue Spike has made the preliminary showing needed for jurisdictional discovery.

2.     **The Jurisdictional Relevance of Blue Spike's Requested Discovery Is Obvious.**

Blue Spike has requested reasonable and relevant discovery on the issue of personal jurisdiction, refuting Animetrics's claim that "[n]one of Blue Spike's requested discovery would reveal facts to support personal jurisdiction." Dkt. 808 at 4. Here, Blue Spike has requested discovery on five obviously relevant topics that would illuminate Animetrics's Texas connections. *See* Dkt. 787 at ¶5 & Ex. 1-3. Nothing more is required to establish that discovery is warranted. *See Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forums state] market, including demonstration of [the defendant's] ongoing relationships with retailers in [the forum state]; [defendant's] knowledge that its products were being shipped to [the forum state]; its design and marketing efforts directed to the U.S. market (including [the forum state]); and more information on the defendant's e-solution platform") (internal punctuation omitted); *In re Fort Totten Metrorail Cases*, 756 F. Supp. 2d 132, 138 (D.D.C. 2010) (plaintiff's motion for jurisdictional discovery was sufficiently detailed where it stated that plaintiff sought discovery of sales data and defendant's knowledge regarding the ultimate destination of its products).

Animetrics argues that each of Blue Spike's requested discovery topics is either (1) pointless since Animetrics's CEO has already declared that his company lacks significant Texas contacts or (2) irrelevant to the jurisdictional analysis. *See* Dkt. 808 at 4-7. Neither argument is valid. The CEO's declaration is contradicted by Blue Spike's previously submitted jurisdictional evidence. *See TCGC IP Holdings, LLC v. Graves Golf Acad.*, No. 310-CV-0055-L, 2010 WL 2671302, at *2 (N.D. Tex. July 1, 2010) (holding that "jurisdictional discovery is appropriate" when "evidence

submitted by Plaintiff . . . conflicts with [defendants'] sworn declarations").[1] And Blue Spike's requested discovery topics are very relevant to the jurisdictional analysis. *See, e.g.*, *Kervin v. Red River Ski Area, Inc.*, 711 F. Supp. 1383, 1392 (E.D. Tex. 1989) (recruitment of prospective employees in forum supports personal jurisdiction); *Rhapsody Solutions, LLC v. Cryogenic Vessel Alternatives, Inc.*, No. CIV.A. H-12-1168, 2013 WL 820589, at *5 (S.D. Tex. Mar. 5, 2013) ("Numerous courts have exercised personal jurisdiction over nonresident defendants where the minimum contacts with the forum consisted of committing a tort through accessing a server located in the forum state."); *Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, No. 5:08-cv-26, 2009 WL 1025467, at *5 (E.D. Tex. Mar. 26, 2009) (stream-of-commerce theory applies to personal-jurisdiction analysis in E.D. Tex. patent cases). Here, Blue Spike's requested discovery is carefully tailored to uncover the extent of Animetrics's connections to this forum.

**3.   Jurisdictional Discovery Should Not Be Limited to Ten Discovery Requests.**

The Court should not arbitrarily limit Blue Spike's discovery to 10 discovery requests as Animetrics implicitly requests. *See* Dkt. 808 at 2-3. Animetrics claims that such a limit is "consistent with what this Court has previously allowed in other cases," (*id.*), failing to note that every one of its cited cases differs from this case in important respects.

In each of those cases, the plaintiffs buried a single sentence requesting jurisdictional discovery in their oppositions to motions to dismiss—and also failed to explain what specific discovery they sought and explain how discovery would help them establish personal jurisdiction. *See TQP Development, LLC v. CHS, Inc.*, No. 2-11-cv-00397-MHS-RSP, Dkt. 220) (E.D. Tex. Sept. 21, 2012) (included as Dkt. 808 Ex. B at 1-2); *Dietgoal Innovations LLC v. Wegmans Food Markets, Inc.*, No. 2:12-cv-00562-MHS-CMC, Dkt. 11 (E.D. Tex. Sept. 26, 2012) (included as Dkt.

---

[1] *See also Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004) (court must "resolve in [plaintiff's] favor all conflicts between the jurisdictional] facts contained in the parties' affidavits and other documentation.") (internal punctuation omitted).

808 Ex. C at 1); *Dietgoal Innovations LLC v. Arby's Restaurant Group, Inc.*, No. 2:11- cv-00418-MHS-CMC, Dkt. 547 (E.D. Tex. Sept. 25, 2012) (included as Dkt. 808 Ex. D at 1-2, 9-10). Further, the plaintiffs were grossly dilatory and passive, making no effort to actually serve any discovery in the roughly eight months that the motions to dismiss were pending. *See id*. In those circumstances, it was reasonable to limit the plaintiff to 10 interrogatories, but the Court never hinted that diligent parties like Blue Spike are limited to 10 discovery requests or that 10 requests are a per-se limit in jurisdictional discovery. *See generally id*.

Here, the limited jurisdictional discovery that Blue Spike seeks is reasonable. Blue Spike has timely filed a stand-alone motion for jurisdictional discovery that clearly lays out (1) exactly what discovery Blue Spike wants and (2) why that discovery bears on jurisdiction. Limiting Blue Spike to 10 discovery requests on the facts here would be unprecedented, arbitrary, and prejudicial. Blue Spike's discovery requests are measured and relevant to jurisdiction. Blue Spike has proposed 8 interrogatories, 10 requests for production, and a single deposition of the person most knowledgeable about Animetrics's Texas connections. Every request is relevant to determining whether Animetrics is subject to the Court's personal jurisdiction. Such discovery is proper and should be allowed. *See Fishel v. BASF Group*, 175 F.R.D. 525, 528 (S.D. Iowa 1997) (courts should permit all jurisdictional discovery that is "reasonably tailored to the jurisdictional issues and may be answered with reasonable effort").

**Conclusion and Prayer**

For these reasons plus those contained in its motion (Dkt. 787), Blue Spike respectfully asks the Court to grant the motion and to enter an order authorizing the requested discovery.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

6

**CERTIFICATE OF SERVICE**

  I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                   /s/ Randall T. Garteiser
                   Randall T. Garteiser