IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 LED |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| Defendant. | § | |
| | § | |

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| Plaintiff, | § | |
| | § | Case No. 6:13-cv-106 MHS |
| v. | § | [Consolidated with |
| | § | Case No. 6:12-cv-499 LED] |
| **AXXONSOFT US, INC. and** | § | |
| **AXXONSOFT LTD.,** | § | |
| Defendants. | § | |

**AXXONSOFT US, INC. AND AXXONSOFT LTD.'S OPPOSITION TO
BLUE SPIKE'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY**

Defendants AxxonSoft US, Inc. and AxxonSoft Ltd. (collectively, "AxxonSoft) respectfully submit this Opposition to Plaintiff Blue Spike, LLC's ("Blue Spike") Motion to Authorize Jurisdictional Discovery from AxxonSoft (D.I. 812) ("Mot.").

**I.   INTRODUCTION**

The record in this matter is perfectly clear: AxxonSoft is not subject to personal jurisdiction in Texas. To date, AxxonSoft has submitted numerous sworn declarations evidencing a lack of personal jurisdiction and has rebutted each of Blue Spike's specious arguments to the contrary. In response, Blue Spike has presented absolutely no uncontroverted facts to support the sweeping claims of personal jurisdiction first alleged in its Complaint. Instead, Blue Spike now moves the Court for leave to conduct jurisdictional discovery to gather

1

facts it should have had before bringing suit. Simply put, Blue Spike has failed to make even a *prima facie* showing of personal jurisdiction, yet nonetheless seeks the Court's indulgence to engage on a fishing expedition to help support its deficient allegations. The Court should not countenance Blue Spike's file first ask questions later approach to litigation. Because this Court's lack of personal jurisdiction over AxxonSoft is clear and jurisdictional discovery would serve no additional purpose, the Court should deny Blue Spike's Motion.

## II.     PROCEDURAL BACKGROUND

On January 29, 2013 Blue Spike filed a Complaint against AxxonSoft containing form recitations of personal jurisdiction devoid of any factual support. (D.I. 1, ¶ 6). Given that this case is just one of nearly 90 that Blue Spike has filed in this District over the past year, these rote allegations are unsurprising. In response to Blue Spike's conclusory allegations, on April 12, 2013, AxxonSoft filed a Motion to Dismiss Blue Spike's Complaint ("Mot. to Dismiss") for, *inter alia*, lack of personal jurisdiction over AxxonSoft US, Inc. and AxxonSoft Ltd. (D.I. 645.) In support of its Motion to Dismiss, AxxonSoft submitted two sworn declarations regarding AxxonSoft's connections to and activities within Texas and this District: one from AxxonSoft US, Inc.'s CEO and only employee (D.I. 645-1, "Moss Decl.") and one from a Russian director of AxxonSoft Ltd. (D.I. 645-2, "Altuev Decl."). These declarations clearly show that AxxonSoft is a stranger to Texas and has not committed any acts of alleged infringement within Texas or this District. (*Id.*; *see also* Mot. to Dismiss at 3-4, 6-9.)

In response to the Motion to Dismiss Blue Spike offered its actual theory of personal jurisdiction over AxxonSoft for the first time: AxxonSoft has "continuous and systematic contacts" with this district through operation of a passive website and through certain of AxxonSoft's business partners. (D.I. 700 at 4-6.) Blue Spike supported these allegations with questionable legal argument regarding vicarious jurisdiction based only on false assumptions and

misrepresentations of fact regarding AxxonSoft's international partnerships with various global entities. *Id.* Blue Spike presented no evidence that AxxonSoft had ever actually manufactured, used, sold or offered for sale *any* product within this District or that *any* AxxonSoft product had in fact reached this District. AxxonSoft rebutted each of Blue Spike's allegations in a reply brief and again submitted a sworn declaration of AxxonSoft US, Inc.'s CEO further clarifying AxxonSoft's lack of connection to Texas. (D.I. 734 ("Reply"); 734-1 ("Moss Supp. Decl.").) Rather than address the merits of AxxonSoft's Reply, Blue Spike's sur-reply doubled down on its theories and insisted that AxxonSoft's partnerships and passive website are sufficient to confer personal jurisdiction. (D.I. 778.[1])

In a last ditch effort to avoid dismissal, Blue Spike filed the instant Motion seeking leave to conduct wasteful and potentially expensive jurisdictional discovery. Blue Spike's proposed discovery will add nothing to the already overwhelming record showing a clear lack of personal jurisdiction. Rather, the Motion will require AxxonSoft to engage in the expensive task of collecting, preparing and producing documents responsive to Blue Spike's requests and will necessitate costly international travel for proposed depositions of AxxonSoft representatives.[2]

### III. ARGUMENT

#### A. Blue Spike Has Not Met Its Burden

When faced with a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of demonstrating facts sufficient to support the Court's exercise of personal jurisdiction.

---

[1] Curiously, Blue Spike focused on a partnership between AxxonSoft *GmbH* (a German company) and inMotion *International* Ltd. (a company based in Hong Kong) as a primary basis for AxxonSoft's connection to Texas, purportedly through inMotion CCTV Inc. USA's Texas headquarters. Blue Spike's argument casually ignores critical distinctions that AxxonSoft GmbH is a separate and distinct entity from both AxxonSoft US, Inc. and AxxonSoft Ltd. and that inMotion International Ltd. is not the same entity as inMotion CCTV Inc. USA.

[2] AxxonSoft Ltd. is a Cyprus company with its principle place of business in Cyprus and offices in Moscow, Russia. (Altuev Decl. ¶ 3.)

*See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016-17 (Fed. Cir. 2009) (affirming grant of motion to dismiss and denial of jurisdictional discovery); *see also Keranos, LLC v. Analog Devices, Inc.*, Case No. 2:10-cv-207-TJW, 2011 U.S. Dist. Lexis 102618, at *23 (E.D. Tex. Sep. 12, 2011) (granting motion to dismiss where patentee did not respond to motion and "failed to rebut the facts raised in [Defendant's] motion and attached affidavits.") (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)).  While Blue Spike must make a *prima facie* showing, the Court only "accept[s] the *uncontroverted* allegations in the plaintiff's complaint as true." *Autogenomics, Inc.*, 566 F.3d at 1017 (emphasis in original) (quoting *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)) (citations omitted); *see also Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) ("Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented.")

At each stage of this litigation, Blue Spike has failed to carry even a *prima facie* burden regarding personal jurisdiction.  At no point has Blue Spike presented the Court with uncontroverted facts sufficient to support its various theories of jurisdiction.  Blue Spike's Complaint is devoid of *any* factual support for its sweeping claims of jurisdiction over two out-of-state defendants with no meaningful ties to Texas.  (D.I. 1 ¶ 6.)  In response to AxxonSoft's well-founded Motion to Dismiss and supporting declarations,[3] Blue Spike proffered an

---

[3] (*See* Mot. to Dismiss, at 6-9.)  AxxonSoft has not used, manufactured, sold, or offered for sale any of its products in this District or in Texas.  (Moss Decl. ¶¶ 10, 27; Altuev Decl. ¶¶ 9, 26.) AxxonSoft has never programmed, installed, or serviced any product in this District or in Texas.  (Moss Decl. ¶ 28; Altuev Decl. ¶ 27. )  AxxonSoft has never manufactured any product in this District or in Texas.  (Moss Decl. ¶ 27; Altuev Decl. ¶ 26. )  AxxonSoft has no inventory of any kind in this District or in Texas.  (Moss Decl. ¶ 29; Altuev Decl. ¶ 28.)  AxxonSoft has no customers or end users in this District or in Texas.  (Moss Decl. ¶¶ 10, 25, 28; Altuev Decl. ¶¶ 9, 24, 27.)  AxxonSoft does not solicit or receive any business from this District or from Texas.  (Moss Decl. ¶ 25; Altuev Decl. ¶ 24.)  AxxonSoft has not sold or offered for sale any product in this District or in Texas and accordingly has derived *no* revenue from this District or from Texas.

unsupported and unsupportable claim of general jurisdiction based on AxxonSoft's "continuous and systematic" contacts with Texas by virtue of its third-party business partners. (D.I. 700, at 4-6.) These claims were based only on Blue Spike's fallacious assumptions regarding overseas partnerships entered into by AxxonSoft and related AxxonSoft entities. As demonstrated by AxxonSoft's Reply, none of the partnerships touched Texas in any meaningful way. (Reply at 3-5.) Still, Blue Spike persisted, this time with claims of specific jurisdiction under a "stream of commerce" theory. (D.I. 778 at 2-5; Mot. at 1.) Yet again, however, Blue Spike failed to provide any factual support for its claims that AxxonSoft's Accused Product somehow reached Texas consumers, instead relying on hypothetical allegations directly controverted by AxxonSoft's sworn declarations.

Even drawing all favorable inferences in Blue Spike's favor, personal jurisdiction over AxxonSoft simply does not exist here. Having failed to carry its basic jurisdictional burden at all times during this litigation, the Court should not indulge Blue Spike's desire to further burden AxxonSoft. Blue Spike's motion should be denied.

### B. Jurisdictional Discovery Would Be Futile

"When the lack of personal jurisdiction[] is clear, like in this case, further discovery serves no purpose and should be denied." *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. App'x 322, 338 (Fed. Cir. 2003) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).[4] AxxonSoft's sworn declarations have made the record perfectly clear: AxxonSoft has no meaningful connection to Texas and is not subject to this Court's personal jurisdiction. *See* § II.A, *supra*. Blue Spike has presented no facts to contradict this

---

(Moss Decl. ¶ 10; Altuev Decl. ¶ 11.)

[4] "We review matters not within our exclusive jurisdiction, such as matters relating to discovery, under the applicable law of the regional circuit in which the district court sits." *Hockerson-Halberstadt*, 62 F. App'x at 338 (citing *Serrano v. Telular Corp.*, 111 F.3d 1578, 1584 (Fed. Cir. 1997)).

straightforward record.  Instead, Blue Spike seeks leave to conduct discovery that it alleges may uncover facts sufficient to cure its deficient pleadings.  (Mot. at 2-3.)  Specifically, Blue Spike primarily seeks five categories of information:

> (1) Defendants' solicitation of customers, prospective employees, and business in Texas; (2) the extent of Defendants' facial recognition activities within Texas or concerning Texas sources; (3) Defendants' collection of data and other information from sources within Texas; (4) Defendants' sales or distribution of products and services that reach Texas consumers; and (5) Defendants' creation or use of sales networks or relationships that reach into Texas.

(*Id.* at 2.)  AxxonSoft has already addressed and answered each of these issues.

*First*, AxxonSoft does not solicit any business in Texas, except potentially through the passive website www.axxonsoft.com.  (*See* Moss Decl. ¶¶ 10, 25-26; Altuev Decl. ¶¶ 11, 24-25); *see also Marynard v. Philadelphia Cervical Collar Co.,* 18 F. App'x 814, 816-17 (Fed. Cir. 2001) ("A passive website is insufficient to establish purposeful availment for the purpose of due process."); *Mink v. AAAA Dev. LLC,* 190 F.3d 333, 336-37 (5th Cir. 1999) (finding website was passive even where product information, printable forms, and contact information were displayed.).

*Second*, AxxonSoft has never installed, programmed, serviced, displayed, tested, or otherwise used the Accused Product in Texas. (Moss Decl. ¶¶ 10, 27-29; Altuev Decl. ¶¶ 9, 26-28.)  Thus, AxxonSoft has conducted *no* "facial recognition activities" within Texas.

*Third*, AxxonSoft has never used the Accused Product in Texas nor sold the Accused Product in Texas.  (Moss Decl. ¶¶ 10, 27-29; Altuev Decl. ¶¶ 9, 26-28.)  Accordingly, AxxonSoft has not collected data or other information from sources within Texas.

*Fourth*, AxxonSoft has never sold or distributed any product in Texas.  (Moss Decl. ¶¶ 10, 26; Altuev Decl. ¶¶ 11, 25.)  AxxonSoft's lone sale to READEV, Inc. occurred in Colorado.  (Moss Supp. Decl. ¶¶ 2, 4-8.)  The Accused Product was never installed, no AxxonSoft product

reached Texas consumers, and all AxxonSoft software was subsequently uninstalled. (*Id.*)

*Fifth*, AxxonSoft's business partnerships do not reach into Texas. (Reply at §§ II.A-B, pp. 1-8.) Blue Spike cannot identify a single of AxxonSoft's partnerships that has any meaningful connection to the state of Texas, despite multiple chances to do so. *See* § II.A., *supra*.

Blue Spike has simply not presented any evidence to contradict AxxonSoft's sworn declarations. Nor will Blue Spike's proposed discovery uncover any such evidence. *See Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855-58 (5th Cir. 2000) (denying jurisdictional discovery where plaintiff offered no factual support to rebut affidavits and provided no basis to support an inference that deposition testimony would contradict sworn declarations). Indeed, the only foreseeable outcome of granting Blue Spike's Motion is the unnecessary expenditure of AxxonSoft's resources.

The record is clear: AxxonSoft is not subject to this Court's personal jurisdiction. Blue Spike's request for additional discovery serves no meaningful purpose and should, therefore, be denied. *See Kelly*, 213 F.3d at 858; *Wyatt v. Kaplan*, 686 F.2d 276, 283-85 (5th Cir. 1982) (affirming denial of jurisdictional discovery noting such discovery "need not be permitted unless the motion to dismiss raises issues of fact"); *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 428-29 (5th Cir. 2005) (affirming denial of discovery where plaintiffs have not made even a preliminary showing of jurisdiction).

### IV. CONCLUSION

For all the foregoing reasons, AxxonSoft respectfully request that the Court DENY Blue Spike's Motion to Authorize Jurisdictional Discovery.

Dated: June 24, 2013                                  Respectfully submitted,

                                               By:  */s/ Erik B. Milch*
                                                    COOLEY LLP
                                                    Erik B. Milch
                                                    emilch@cooley.com
                                                    One Freedom Square
                                                    Reston Town Center
                                                    11951 Freedom Drive
                                                    Reston, Virginia 20190-5656
                                                    Tel:  703 456-8000
                                                    Fax:  703 456-8100

                                             *Attorneys for Defendants AxxonSoft US, Inc. and AxxonSoft Ltd.*

**CERTIFICATE OF SERVICE**

  I, Erik B. Milch, do hereby certify that on this 24th day of June, 2013, I caused a true and correct copy of the foregoing **OPPOSITION TO BLUE SPIKE'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY** to be electronically filed with Clerk of the Court using CM/ECF which will send notification to all registered attorneys of record.

                    */s/ Erik B. Milch*