IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC,** § § § **Plaintiff,** § § v. § § **Texas Instruments, Inc., et al.,** § § **Defendants.** § § § § | | **Case No. 6:12-cv-00499-MHS** **LEAD CASE** **Jury Trial Demanded** |
| **Blue Spike, LLC,** § § § **Plaintiff,** § § v. § § **Zeitera, LLC, et al.,** § § **Defendants.** § § § § | | **Case No. 6:12-cv-00568-MHS** **CONSOLIDATED CASE** **Jury Trial Demanded** |

**DEFENDANT ENSEQUENCE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................................. 1

II.     ARGUMENT ........................................................................................................................ 2

       A.     Blue Spike Fails to Make a Prima Facie Showing of Personal Jurisdiction .......... 2

              1.     This Court lacks specific personal jurisdiction because Ensequence has not sold any product using the alleged infringing Zeitera ACRS technology, or any other ACRS technology, or any fingerprinting technology, in Texas or anywhere else ........................................................ 2

              2.     This Court lacks general personal jurisdiction because Ensequence does not have continuous and systematic contacts with Texas .................. 3

       B.     Blue Spike Fails to Meet Its Burden on Jurisdictional Discovery ......................... 6

III.    CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES
(continued)

Page

**Cases**

*AdvanceMe, Inc. v. Rapidpay LLC*,
   450 F. Supp. 2d 669 (E.D. Tex. 2006) ................................................................................ 4

*Alpine View Company Ltd. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ............................................................................................... 5

*Autogenomics, Inc. v. Oxford Gene Technology Ltd.*,
   566 F.3d 1012 (Fed Cir. 2009) ............................................................................................ 6

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
   552 F.3d 1324 (Fed. Cir. 2009) ........................................................................................... 6

*Bell Helicopter Textron, Inc. v. American Eurocopter, LLC*,
   729 F. Supp. 2d 789 (N.D. Tex. 2010) ................................................................................ 7

*Dontos v. Vendomation NZ Ltd.*,
   Civ. No. 3:11-CV-0553-K, 2012 WL 3702044 (N.D. Tex. Aug. 27, 2012) ........................ 6

*Ductcap Prods., Inc. v. J&S Fabrication, Inc.*,
   Civ. No. 09-1179 ADM/FLN, 2009 WL 3242022 (D. Minn. Oct. 2, 2009) ....................... 5

*Fielding v. Hubert Burda Media, Inc.*,
   415 F.3d 419 (5th Cir. 2005) ............................................................................................... 6

*Garnet Digital, LLC v. Apple, Inc.*,
   No. 6:11-CV-647, 2012 WL 4465260 (E.D. Tex. Sept. 27, 2012) ................................. 3, 6

*Gober v. Mako Prods., Inc.*,
   686 F.3d 1335 (Fed. Cir. 2012) ........................................................................................... 5

*Jackson v. Tanfoglio Giuseppe, S.R.L.*,
   615 F.3d 579 (5th Cir. 2010) ............................................................................................... 5

*Mink v. AAAA Dev. LLC*,
   190 F.3d 333 (5th Cir. 1999) ............................................................................................... 4

*QR Spex, Inc. v. Motorola, Inc.*,
   507 F. Supp. 2d 650 (E.D. Tex. 2007) ................................................................................ 5

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Revell v. Lidov*,
  317 F.3d 467 (5th Cir. 2002) ................................................................................................... 4

*Reynolds and Reynolds Holdings, Inc. v. Data Supplies, Inc.*,
  301 F. Supp. 2d 545 (E.D. Va. 2004) ...................................................................................... 6

*Toys "R" Us, Inc. v. Step Two, S.A.*,
  318 F.3d 446 (3d Cir. 2003) ..................................................................................................... 6

*Wyatt v. Kaplan*,
  686 F.2d 276 (5th Cir. 1982) .................................................................................................... 7

I.    INTRODUCTION

Defendant Ensequence, Inc.'s ("Ensequence") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (the "Motion") demonstrates that there is no basis for personal jurisdiction over Ensequence in Texas.  First, the uncontroverted evidence shows that this Court does not have specific personal jurisdiction because Ensequence has not engaged in any conduct in Texas involving the Zeitera automatic content recognition systems ("Zeitera ACRS technology") that Blue Spike claims in its Complaint to infringe its patents, has not sold any such product anywhere else, and has no plans to do so.

Confronted with this evidence, Blue Spike relies on allegations not contained in its Complaint to assert that Ensequence is subject to jurisdiction based on Blue Spike's unfounded assumption that Ensequence must be using some digital fingerprinting technology, even if it is not using the accused Zeitera ACRS technology.  Again, however, Blue Spike offers no evidence that supports this newly crafted infringement theory.  In fact, as confirmed in the Supplemental Declaration of Ensequence's Chief Technology and Project Officer, Aslam Khader, Ensequence has not made, used, sold or offered to sell in Texas any product that uses any ACRS technology or fingerprint technology of any kind.  Moreover, Ensequence has not sold, and is not offering to sell, anywhere else any product that uses any ACRS technology, or any fingerprinting technology.  There is, therefore, no factual basis for holding Ensequence subject to specific personal jurisdiction in Texas.

Second, the uncontroverted evidence shows that this Court lacks general personal jurisdiction because Ensequence does not have continuous and systematic contacts with Texas. Ensequence has no direct presence in Texas, and its customers are neither Texas corporations nor

headquartered in Texas.  Blue Spike's only assertions of direct activity by Ensequence -- its passive website and national press releases -- are insufficient to show continuous and systematic contacts as a matter of law.

Third, while Blue Spike asserts that it should be allowed jurisdictional discovery, it fails to articulate any facts it may discover that could support its claims of personal jurisdiction, as required under Fifth Circuit precedent.  This unsupported request for discovery also should be denied.

## II. ARGUMENT

### A. Blue Spike Fails to Make a Prima Facie Showing of Personal Jurisdiction.

#### 1. This Court lacks specific personal jurisdiction because Ensequence has not sold any product using the alleged infringing Zeitera ACRS technology, or any other ACRS technology, or any fingerprinting technology, in Texas or anywhere else.

Ensequence has not made, used, sold, or offered to sell in Texas any product that uses Zeitera's ACRS technology, which is the technology accused of infringing in Blue Spike's Complaint.  [*See* Dkt. No. 18 (Mot.) at 11.]  Blue Spike does not argue with this important fact.  Nor does Blue Spike argue with the evidence which shows that Ensequence has not sold any product that uses Zeitera's ACRS technology anywhere else in the United States and has no plans to do so.  [*Id.*; *see also* Dkt. No. 21 (Opp'n).]

Instead, Blue Spike implicitly acknowledges the absence of specific personal jurisdiction based on the facts it has alleged by fashioning an entirely new theory of infringement in its opposition brief.  [*See* Dkt. No. 21 (Opp'n) at 2.]  But this newly fabricated assertion—that Ensequence products infringe because they supposedly use digital fingerprinting technology—cannot save Blue Spike's Complaint from dismissal for the simple reason that it is factually

untrue.  Ensequence has not sold, and is not offering to sell, in Texas or anywhere else, any product that uses Zeitera's ACRS technology, any other ACRS technology, or any fingerprinting technology.  (Supplemental Declaration of Aslam Khader, dated November 16, 2012 ("Khader Supp. Decl."), ¶ 3.)  There is, therefore, no basis for specific personal jurisdiction in this case.

### 2. This Court lacks general personal jurisdiction because Ensequence does not have continuous and systematic contacts with Texas.

The uncontroverted facts demonstrate that Ensequence is not a Texas corporation and does not have an office in Texas or any other contacts with Texas.  [Dkt. No. 18 (Mot.) at 9.] Ensequence's customers are not Texas corporations; nor are they headquartered in Texas.  [*Id.*] Blue Spike does not address this evidence, but instead presents a handful of assertions regarding the limited contacts of Ensequence's customers (or corporate entities allegedly related to Ensequence's customers) with Texas, such as an MTV casting call in Texas.[1]  [Dkt. No. 21 (Opp'n) at 6.]  These limited contacts with the forum State by third parties who may happen to be Ensequence customers are irrelevant to the personal jurisdiction analysis.  They do not and cannot provide a basis for personal jurisdiction by this Court.  *See Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *2 (E.D. Tex. Sept. 27, 2012) ("The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent actions.").

Blue Spike also argues that two methods of advertisement used by Ensequence -- its website and national press releases -- serve as a basis for personal jurisdiction [Dkt. No. 21

---

[1] Blue Spike also vaguely asserts that Ensequence "necessarily monitors TV content created and transmitted in Texas," which appears based on the asserted use of fingerprinting technology by Ensequence. [Dkt. No. 21 (Opp'n) at 7.]  This unsupported conclusory statement cannot serve as a basis for systematic and continuous contacts by Ensequence with Texas, and Ensequence's products do not use fingerprinting technology.  (Khader Supp. Decl. ¶ 3.)

(Opp'n) at 7], but as demonstrated in the opening motion neither of these asserted bases are legally sufficient.  Ensequence's website is passive.  A website visitor cannot buy any products or services, or even find out the cost of any products or services.  The only "interactive" feature is the "contact us" page, which allows a website visitor to send Ensequence an email.  [Dkt. No. 18 (Mot.) at 10.]  Under Fifth Circuit precedent, this is insufficient to serve as a basis for personal jurisdiction.  *See Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (dismissing complaint for lack of personal jurisdiction even where the website at issue was used for limited Internet subscriptions); *see also Mink v. AAAA Dev. LLC*, 190 F.3d 333, 337 (5th Cir. 1999) (dismissing complaint for lack of personal jurisdiction where website allowed visitors to send an email to company but did not allow consumers to order products or services online).

Rather than address this Fifth Circuit precedent, Blue Spike cites this Court's decision in *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669 (E.D. Tex. 2006).  The website at issue in that case, however, was highly interactive, and it even offered customers a way to apply to receive the alleged infringing product.  *AdvanceMe*, 450 F. Supp. 2d at 673.  The website in *AdvanceMe* allowed potential customers to perform calculations regarding the amount of money they could receive by using the allegedly infringing product and allowed potential customers to receive state-specific quotes, as well as fill out an on-line application form for services.  *Id.*  Additionally, the defendant in *AdvanceMe* had provided the allegedly infringing services at least twice in Texas.  *Id.*  In contrast, Ensequence's website does not provide potential customers with information about any allegedly infringing product or provide any interactive features.  *AdvanceMe* thus does not support for Blue Spike's position.

As to the press releases, Blue Spike does not cite any authority for its assertion that national press releases can serve as a basis for jurisdiction, and it does not address Ensequence's legal authority holding to the contrary.  [*See* Dkt. No. 18 (Mot.) at 12 (citing *Gober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012); *Ductcap Prods., Inc. v. J&S Fabrication, Inc.*, Civ. No. 09-1179 ADM/FLN, 2009 WL 3242022, at * 4 (D. Minn. Oct. 2, 2009); *QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 660 (E.D. Tex. 2007); *see also Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) (holding that "[a]dvertising and marketing through national media is insufficient" to confer general personal jurisdiction).]  Blue Spike's assertions about national press releases, accordingly, do not support the exercise of general personal jurisdiction.

To the extent Blue Spike is suggesting that general personal jurisdiction exists because of the possible presence of non-infringing Ensequence products in Texas through distribution by Ensequence customers, numerous Courts have held that the mere presence of non-infringing products in the forum State through the "stream of commerce" is legally insufficient to support general personal jurisdiction.  *See, e.g., Jackson*, 615 F.3d at 584 ("Injecting a product, even in substantial volume, into a forum's 'stream of commerce,' without more, does not support general jurisdiction."); *Alpine View Company Ltd. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir. 2000) (noting that Fifth Circuit has rejected reliance on a stream of commerce theory to support general jurisdiction); *QR Spex, Inc.*, 507 F. Supp. 2d at 657-58 (noting that "every controlling stream-of-commerce case that this Court is aware of involves a scenario where the accused product actually reaches the forum" and finding "that an exercise of personal jurisdiction under the stream-of-commerce theory is only appropriate where the allegedly infringing product reaches the forum");

*Reynolds and Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 554 (E.D. Va. 2004) ("A prerequisite to the application of the stream of commerce theory is that the [alleged infringing] product actually be sold, directly or indirectly, in the forum state."); *see also Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1331 (Fed. Cir. 2009) (noting that the stream of commerce theory "originates in the product liability context, which lends itself to the specific jurisdiction framework"). Thus, Blue Spike cannot establish general personal jurisdiction based on a stream of commerce theory involving delivery of non-infringing products into Texas.[2]

### B. Blue Spike Fails to Meet Its Burden on Jurisdictional Discovery.

In patent cases, the law of the regional circuit applies to discovery related matters.[3] *See Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1022 (Fed Cir. 2009). In the Fifth Circuit, a plaintiff must first make a "preliminary showing of jurisdiction" to warrant any jurisdictional discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (affirming denial of jurisdictional discovery). Also, "[t]he plaintiff must put forward what facts [it] believes discovery would reveal and how those facts would support personal jurisdiction." *Dontos v. Vendomation NZ Ltd.*, Civ. No. 3:11-CV-0553-K, 2012 WL 3702044, at *15 (N.D. Tex. Aug. 27, 2012). Vague and conclusory assertions regarding the need for jurisdictional discovery are insufficient. *Id.* (denying jurisdictional discovery where plaintiffs "failed to put forth the facts they believed discovery would reveal and how those facts would

---

[2] As this Court lacks personal jurisdiction over Ensequence in Texas, venue in this District also must be improper. *See, e.g., Garnet Digital,* 2012 WL 4465260, at *1.

[3] The only case cited by Blue Spike in support of its request for discovery, *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003), is not binding on this Court. And even if it was, Blue Spike has failed to present any factual allegations that suggest "with reasonable particularity" the possible existence of any contacts that would support the exercise of jurisdiction by this Court, as required in that case. *Toys "R" Us, Inc.*, 318 F.3d at 456.

support personal jurisdiction" as to the defendants). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (affirming denial of discovery sought because it "could not have added any significant facts").

As discussed above, Blue Spike has failed to make a "preliminary showing" of personal jurisdiction and does not identify even a single fact that it believes discovery would reveal to support personal jurisdiction. Blue Spike does not even attempt to meet its burden with respect to jurisdictional discovery, and this Court should deny its request. A "court need not allow a plaintiff to conduct a jurisdictional fishing expedition." *Bell Helicopter Textron, Inc. v. American Eurocopter, LLC*, 729 F. Supp. 2d 789, 798 (N.D. Tex. 2010) (denying jurisdictional discovery where plaintiff failed to assert specific facts that it expected discovery to reveal that would support exercise of personal jurisdiction).

### III. CONCLUSION

For the reasons set forth above, Ensequence respectfully requests that this Court grant its motion to dismiss for lack of personal jurisdiction and improper venue, and deny Blue Spike's request for jurisdictional discovery.

Dated: November 19, 2012         **PERKINS COIE LLP**

*/s/ Douglas L. Sawyer*
Douglas L. Sawyer (State Bar No. 41009)
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  (303) 291-2378
Facsimile:  (303) 291- 2478
DSawyer@perkinscoie.com

Scott D. Eads (State Bar No. 910400)
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  (503) 727-2000
Facsimile:  (503) 727-2222
SEads@perkinscoie.com

**ATTORNEYS FOR DEFENDANT ENSEQUENCE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of June, 2013 (re-filed from November 19, 2012 per Court's consolidated order), with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Douglas L. Sawyer*
Douglas L. Sawyer