UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC,** | § | |
| *Plaintiff*, | § | CASE NO. 6:12-cv-499 MHS |
| v. | § | LEAD CASE |
| **Texas Instruments, Inc., et al.,** | § | Jury Trial Demanded |
| *Defendants*. | § | |

**CONSENT JUDGMENT AND INJUNCTION AS TO UMAMI CO.**

This matter having come before the Court on the pleadings of record and it being represented that Plaintiff Blue Spike, LLC ("Blue Spike") and Umami Co. ("Umami"), have reached final agreement on settlement of the claims made in this action and, based on the agreement, consent and approval of the parties Blue Spike and Umami, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. Umami agrees it infringes one or more claims of U.S. Patents Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent, and together with the '472, '700, and '494 Patents, the "Patents-in-Suit").

3. Umami recognizes that 35 U.S.C. §282 presumes the Patents-in-Suit are valid and further agrees that the Patents-in-Suit are valid.

4. Umami further agrees the Patents-in-Suit are enforceable.

5. All infringement claims made by Blue Spike against Umami in this lawsuit are hereby dismissed with prejudice on the basis of the settlement reached and acknowledgements regarding infringement, validity and enforceability of the Patents-in-Suit.

6. Umami is enjoined from engaging in the following content recognition activities covered by one or more claims of the Patents-in-Suit. The enjoined activity includes the following:

    (a) making, using, selling, offering for sale, or importing into the United States;

    (b) contributing to the conduct of others in making, using, selling, offering for sale, or importing into the United States; and/or

    (c) inducing others to make, use, sell, offer for sale, or import into the United States:

any apparatus, system or method as embodied in the Umami TV applications, software, systems, and technology using audio fingerprinting or any Umami product that is not colorably different.

7. In paragraph 6, the terms/phrases "(a) making, using, selling, offering for sale, or importing into the United States; (b) contributing to the conduct of others in making, using, selling, offering for sale, or importing into the United States; and/or (c) inducing others to make, use, sell, offer for sale, or import into the United States" have the meaning ascribed to them under 35 U.S.C. §271, as interpreted by the United States Supreme Court and the United States Court of Appeals for the Federal Circuit.

8. Blue Spike has not released, and nothing in this Order shall be construed as a release or discharge, of any claim Blue Spike has or may have in the future against any other defendant named in this action.

9. Each part shall bear its own costs and attorneys' fees.

10. This Court shall retain jurisdiction for the purpose of enforcing this Order.