IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
| *Defendants*. | § § § | |

**Declaration of Scott Moskowitz in Support of Blue Spike's Opposition to the Audible Magic Defendants' Motion to Transfer Venue**

I, Scott Moskowitz, declare as follows:

1. I am the Chief Executive Officer of Blue Spike LLC, a Texas limited liability company.

2. I am one of the inventors of all four patents-in-suit.

3. I am domiciled at 433 S. Chilton Avenue, Unit 3, Tyler, Texas 75702. I also own a condominium in Florida, which is the subject to litigation and requires me to continue to own it. I also continue to live part-time in Florida in order to receive medical treatments that I cannot receive elsewhere. These medical treatments are an alternative to the use of addictive opiates for pain management.

4. Blue Spike has its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201C, Tyler, Texas 75703. Tyler, Texas has been Blue Spike's headquarters, principal place of business, and sole operational location since May 2012. Blue Spike offers and sells products on the open market, including products reflecting technology taught in the patents-in-suit.

5. Blue Spike, LLC was founded and formed in Tyler in May 2012. Its sole office is in Tyler. Its employees all work in Tyler. Blue Spike leases office space in downtown Tyler, houses all its servers in Tyler, maintains all company documents in Tyler, and has its sources of proof in Tyler. Blue Spike is a member of the Tyler Chamber of

Commerce, and its CEO is a member of the Greater East Texas IT Professionals. Blue Spike has also sponsored the Tyler Mini Maker Faire.

6. Blue Spike plans to call witnesses from Texas, including me, who will testify about the accused products in this lawsuit.

7. Blue Spike has no offices, no employees, no customers, and no other meaningful contacts in the Northern District of California apart from its lead attorneys' residence there.

8. Litigating this action in the Northern District of California would be very difficult for me due to my medical condition.

9. Litigating this action in the Northern District of California would be extremely inconvenient, expensive, and burdensome for Blue Spike.

10. A transfer would dramatically increase the costs of litigation for Blue Spike and would increase the amount of time that Blue Spike's witnesses and employees would have to spend litigating the case.

11. Transfer would cause serious hardship for me personally, as I suffer from a medical condition caused by a hernia that makes it very painful to travel long distances. My condition requires monthly medical treatments.

12. I have not traveled to the Northern District of California since 2003.

I declare, on June 24, 2013, in Smith County, Texas and under penalty of perjury under the laws of the United States and Texas, that the statements made in this declaration are true and correct.

                                              */s/ Scott Moskowitz*
                                              Scott Moskowitz