UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC,** | § | |
| *Plaintiff*, | § | CASE NO. 6:12-cv-499 MHS |
| v. | § | LEAD CASE |
| **Texas Instruments, Inc., et al.,** | § | Jury Trial Demanded |
| *Defendants*. | § | |

### PLAINTIFF'S NOTICE OF READINESS FOR SCHEDULING CONFERENCE

Pursuant to the Court's March 26, 2013 Order Consolidating and Requiring Plaintiff to Notify the Court When Case is Ready for Scheduling, Blue Spike, LLC, plaintiff in the above-entitled and numbered civil action, hereby notifies the Court and all parties that the case is ready for scheduling conference.  Plaintiff notifies the Court that not all remaining defendants have either answered or filed a motion to dismiss, however it has filed requests for Entry of Default for the following defendants that have not answered or filed a motion to dismiss: Dermalog Identification Systems, GmbH; Nitgen & Company Co., Ltd.; and Sonda Technologies, Ltd. Additionally, Plaintiff has filed an Agreed Motion to Dismiss and Enter Consent Judgment and Injunction with respect to Defendant Umami Co. Therefore, despite not all remaining defendants answering or filing a motion to dismiss, Plaintiff believes the case is ready for a scheduling conference.

The following motions to transfer are currently pending:

(1)   Imageware's Motion Change Venue to the Southern District of California (re-filed from 6:12cv688) (Dkt. 540);

1

(2) L-1 Identity Solutions, Inc.'s, MorphoTrust USA, Inc.'s Motion to Change Venue to District of New Jersey (re-filed from Case No. 6:12-cv-00680) (Dkt. 588);

(3) Tygart Technologies, Inc.'s Motion to Dismiss or Alternatively Transfer Venue to the Northern District of West Virginia (Dkt. 594);

(4) Kronos Incorporated's Motion to Change Venue to the District of Massachusetts (Dkt. 610);

(5) MorphoTrak, Inc.'s and Safran USA, Inc.'s Motion to Change Venue to the Central District of California (Dkt. 611);

(6) Soundmouse Ltd's Motion to Dismiss, or in the Alternative, Transfer to Southern District of New York (Dkt. 648);

(7) Iris ID's Motion to Change Venue to the District of New Jersey (Dkt. 663);

(8) Google's Motion to Change Venue to the Northern District of California (Dkt. 678);

(9) Audible Magic's and some of its named customer's motion to Transfer Venue to the Northern District of California (Dkt. 771).

///

///

///

The following motions to dismiss are currently pending: [1]

(1)   Imageware's Motion to Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(6) by ImageWare Systems, Inc. (Dkt. 327; re-filed as 539);

(2)   TvTak Ltd. and TvTak USA, Inc. Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue (Dkt. 356);

(3)   AOptix Technologies, Inc.'s Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Dkt. 518);

(4)   CBS Corp.'s and Last.fm Ltd.'s Motion to Dismiss the Amended Complaint;

(5)   Entropic Communications, Inc.'s Motion to Dismiss for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125) (Dkt. 533);

(6)   Animetrics, Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue (Dkt. 534);

---

[1] The following motions to dismiss or transfer are moot in view of resolution of the case, but are not currently listed on the docket as being terminated. Out of an abundance of caution, Blue Spike lists them here to avoid unnecessary waste of judicial resources.
  (a)   Dkt. 327   Defendant Yahoo!'s Motion to Dismiss Blue Spike, LLC's Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can be Granted due to the Court's Order at Docket Number 512;
  (b)   Dkt. 542 (previously filed as Dkt. 375)   Defendant Bio-Metrica LLC's Motion to Dismiss for Lack of Jurisdiction and Improper Venue is moot due to Court's Order at Docket Number 633;
  (c)   Dkt. 439   Defendant Innovatrics s.r.o.'s Motion to Dismiss Under Federal Rules 12(b)(6), 12(b)(5), and 12(b)(2) is moot due to the Court's Order at Docket Number 706;
  (d)   Dkt. 601   Defendant Ingersoll-Rand Company's Motion to Dismiss under Rule 12(b)(6) is moot due to Court's Order at Docket Number 821;
  (e)   Dkt. 629   Defendant Biometrika's Motion to Dismiss for Insufficient Service of Process is moot due to the Plaintiff's Notice of Voluntary Dismissal (Dkt. 755);
  (f)   Dkt. 644   Defendants Smart Media Innovations, LLC's and Smart Media Innovations, Ltd's Motion to Dismiss for Lack of Jurisdiction is moot due to Court's Order at Docket Number 803.
        ;

(7) Ensequence, Inc.'s Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Re-filed from Case No. 6:12-cv-568) (Dkt. 558);

(8) Technicolor S.A.'s Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and Insufficient Service of Process (re-filed from Case No. 12cv572) (Dkt. 560);

(9) Accu-Time Systems, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 576);

(10) Amano Cincinnati, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 577);

(11) Cognitec Systems Corporation's Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. 625);

(12) Cognitec Systems GmbH's Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. 626);

(13) Soundmouse Ltd's Motion to Dismiss for Insufficient Service of Process (Dkt. 644);

(14) Axxonsoft Ltd.'s Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(3), or alternatively, Pursuant to Rule 12(b)(6) (Dkt. 645);

(15) Soundmouse Ltd's Motion to Dismiss, or in the Alternative, Transfer to Southern District of New York (Dkt. 648);

(16) Iris ID's Motion to Change Venue to the District of New Jersey (Dkt. 663);

(17) Google's Motion to Change Venue to the Northern District of California (Dkt. 678);

(18) Agnitio Corp.'s Motion to Dismiss for Lack of Jurisdiction (Dkt. 679);

(19) Texas Instrument's Motion to Sever and To Request a Status Conference (Dkt. 777).

The patents-in-suit in the present action are U.S. Patent Nos. 7,346,472; 7,660,700; 7,949,494; and 8,214,175.  There are no related cases previously pending in the Eastern District of Texas that involve the patents-in-suit that the Court has not already consolidated into this action.

Respectfully submitted,

*/s/ Randall T. Garteiser*
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

**Counsel for Blue Spike, LLC.**

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 24th day of June, 2013.

                                                */s/ Randall T. Garteiser*
                                                Randall T. Garteiser