U UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | Case No. 6:12-cv-499 |
| **Texas Instruments, Inc.** | § § § | |
| **Defendants** | § | |

---------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § | |
| **Plaintiff,** | § § § | |
| v. | § § | Case No. 6:13-cv-00124 |
| **Cognitec Systems Corporation** | § § | |
| **Cognitec Systems GmbH** | § § | |
| **Defendants** | § | |

**COGNITEC SYSTEMS CORPORATION'S AND COGNITEC SYSTEMS GMBH'S RESPONSE TO PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY**

Defendant Cognitec Systems Corporation and Cognitec Systems GmbH (collectively, "Cognitec Entities") file their *Response to Plaintiff's Motion to Authorize Jurisdictional Discovery*, and would respectfully show the Court as follows:

On April 8, 2013, both of the Cognitec Entities filed motions to dismiss or, in the alternative, motions to transfer.  On May 9, 2013, Plaintiff Blue Spike, LLC ("Blue Spike") filed its responses to the foregoing motion, without requesting jurisdictional discovery.  On May 20, 2013, each of the Cognitec Entities then filed their replies in support of their motions, and

1

subsequently reviewed Blue Spike's *Sur-Reply* brief. On June 12, 2013, well after the briefing on the motions to dismiss or transfer was complete, Blue Spike filed this underlying motion, seeking jurisdictional discovery for the first time.

Blue Spike's request for jurisdictional discovery is too late. The time for Blue Spike to request jurisdictional discovery was immediately after the filing of the motions to dismiss, not after all of the briefing had been completed. As explained in the e-mail response from counsel for the Cognitec Entities to Blue Spike's counsel, the Cognitec Entities have spent a great deal of time, money and effort preparing the motions to dismiss and the replies to Blue Spike's response. *See* **Exhibit 1**. The Cognitec Entities were willing to allow Blue Spike the opportunity for limited jurisdictional discovery (even at this late of a date), but contingent on Blue Spike reimbursing the Cognitec Entities for the money spent preparing the initial briefs. *See* **Exhibit 1**. Blue Spike has not agreed to this request.

If Blue Spike was really interested in jurisdictional discovery (as opposed to trying to get a "second bite at the jurisdictional apple"), it should have requested jurisdictional discovery after the Cognitec Entities filed their underlying motion. It did not do so, despite having a month between the filing of the motions and Blue Spike filing its responses. Instead, Blue Spike decided to allow the Cognitec Entities to waste a significant amount of time and money reviewing and preparing briefs for the Court on the underlying issue, only to potentially have to revisit the very same issues in connection with Blue Spike's latest motion. The Court should therefore deny the request as too little, too late.

Moreover, permitting Blue Spike to engage in jurisdictional discovery at this juncture will further burden this Court. As the Court is aware, there are currently four (4) pending briefs from the parties regarding the Cognitec Entities' motion to dismiss and motion to transfer. If the

Court grants the motion for jurisdictional discovery, there could be potentially four more briefs for the Court to have to read and consider, just from Blue Spike and the Cognitec Entities alone. The Court already has a mountain of briefs pending before it for this case and the other consolidated cases. The Cognitec Entities certainly do not want to add to this burden, and there is simply no need to double the amount of work that the Court has to do on this specific issue.

Further, the discovery requested by Blue Spike is not justified and will not lead to any additional information. The Federal Circuit has made clear that jurisdictional discovery is only permitted "where the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.' " *See* Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1283 (Fed. Cir. 2005). Blue Spike has not made a showing that the record before the Court is inadequate. The parties have fully briefed the issue and presented evidence on the issues.

Additionally, Blue Spike has not made the additional showing that it can supplement its allegations with discovery in any way. All Blue Spike has done is provide a list of certain topics on which it may seek discovery. *See* Response, p. 2. Blue Spike provides no analysis as to why it believes there is any available discovery on any of these topics or how evidence in these topic areas will be any different that the statements made by the Cognitec Entities in their motions or replies to the Court. *See* Joseph Leon Bowles, III v. Ranger Land Sys., Inc., No. 12-51255, 2013 U.S. App. LEXIS 12027, at *8, n.2 (5th Cir. June 14, 2013) (affirming the denial of jurisdictional discovery because the party "has made no reasonable particular allegations that cast any doubt on the extent of those contacts"); Jose Davlia v. United States of America, 713 F.3d 248, 264 (5th Cir. 2013) (noting that the plaintiff has the burden of proving the necessity of discovery). Simply put, the request for jurisdictional information is a fishing expedition because Blue Spike

knows that it has not met its burden to defeat dismissal, and therefore is desperate to find anything to attempt to keep this case from dismissal. Nevertheless, Blue Spike's desperation does not support the requirements to grant jurisdictional discovery and certainly does not justify the additional costs and burden to be placed on the Cognitec Entities and this Court if the Court were to grant the request for jurisdictional discovery. *See* Miles Bramwell USA, LLC v. Weight Watchers Int'l, Inc., Case No. 4:12-CV-292, 2013 U.S. Dist. LEXIS 60745, at *12 (E.D. Tex. Mar. 27, 2013) (denying a request for jurisdictional discovery where the plaintiff failed to assert sufficient facts because "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted).

There has been no showing that the Cognitec Entities have failed to provide any information with respect to their contacts with Texas (or lack thereof). Blue Spike has furthermore failed to demonstrate why the information before the Court is specifically inadequate for it to rule on the motions to dismiss or transfer, or how the additional information will allow Blue Spike to supplement its allegations regarding jurisdiction. For these reasons, the Court should deny the pending motion and move to rule on the papers currently pending before the Court.

Alternatively, if the Court were to grant jurisdictional discovery, the Cognitec Entities request that the Court require Blue Spike to reimburse the Cognitec Entities for all monies spent to prepare and review the papers currently pending before the Court regarding the Cognitec Entities' motions to dismiss or transfer. It is unreasonable and unfair to require the Cognitec Entities to have to re-draft motions when those redundant costs could have easily been avoided had Blue Spike timely brought its request for jurisdictional discovery.

/s/ Dwayne K. Goetzel
Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR DEFENDANTS**
**COGNITEC SYSTEMS CORP. and**
**COGNITEC SYSTEMS GMBH**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 27th day of June 2013.

/s/ Dwayne K. Goetzel