# EXHIBIT 1

# Christina Comer

**Subject:** FW: jurisdictional discovery

**From:** Dwayne Goetzel
**Sent:** Tuesday, June 04, 2013 11:23 AM
**To:** 'Peter Brasher'; Eric Meyertons; Ryan Beard
**Cc:** Christopher Honea; randall garteiser
**Subject:** RE: jurisdictional discovery

Counsel,

You should have requested discovery earlier if you had wanted to do so, not after the parties have fully briefed the motion to dismiss issues.  Now that all the briefing is complete, I think it is too late for jurisdictional discovery, and we must therefore respectfully decline to consent to your request.

That said, since additional briefing will likely be necessary if jurisdictional discovery occurs, if you will reimburse our clients for the costs and fees involved in preparing the motions to dismiss and the replies to your responses on the motions to dismiss, we will agree to allow you to take limited written jurisdictional discovery.

Dwayne

**From:** Peter Brasher [mailto:pbrasher@ghiplaw.com]
**Sent:** Monday, June 03, 2013 2:24 PM
**To:** Dwayne Goetzel; Eric Meyertons; Ryan Beard
**Cc:** Christopher Honea; randall garteiser
**Subject:** re: jurisdictional discovery

Counsel,

As you know, you filed a motion to dismiss for lack of personal jurisdiction for your clients Cognitec Systems Corp and separately for Cognitec Systems GmbH in an action brought by Blue Spike, LLC in E.D. Tex. Although we believe we have shown the court does have personal jurisdiction, recent orders have suggested that plaintiff must be proactive in attaining jurisdictional discovery in case the court disagrees (see attached). Therefore, we will move for authorization to serve limited jurisdictional discovery before the Rule 26(f) conference. Please let us know if you are unopposed. If opposed, please let us know when lead counsel and local counsel are available to meet and confer by telephone on the issue.