IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC., *et al.*<br><br>        Defendant. | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE<br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TYGART TECHNOLOGIES, INC.,<br><br>        Defendant. | Civil Action No. 6:13-CV-84-MHS<br><br>CONSOLIDATED CASE |

**DEFENDANT TYGART TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF'S
OPPOSED MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY**

Defendant Tygart Technologies, Inc.'s ("Tygart") files this Response to Plaintiff Blue Spike, LLC's ("Blue Spike") Opposed Motion to Authorize Jurisdictional Discovery because, as Tygart set forth in its Reply in Support of its Motion to Dismiss, such request is untimely and will not develop any new information not already contained in the Affidavit attached to Tygart's Motion to Dismiss.

**I.     INTRODUCTION**

In Blue Spike's Response to Tygart's Motion to Dismiss, Blue Spike argued, in the alternative, that it is entitled to conduct jurisdictional discovery before this Court can rule on Tygart's Motion to Dismiss. Blue Spike, however, has not offered any compelling reason for

jurisdictional discovery. Allowing jurisdictional discovery that will mirror Tygart's detailed affidavit would waste time and valuable resources, and provide nothing more than what is already contained in Tygart's affidavit.[1]

## II. ARGUMENT

### A. BLUE SPIKE FAILED TO MEET ITS BURDEN FOR JURISDICTIONAL DISCOVERY.

Tygart's Motion to Dismiss and its Reply in Support demonstrate that Blue Spike has not made *prima facie* showing of personal jurisdiction. In the Fifth Circuit, to warrant any jurisdictional discovery, a plaintiff must first make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (affirming denial of motion to compel jurisdictional discovery). "The plaintiff must present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Newington Ltd. v. Forrester*, Civ. Action No. 3:08-cv-0865-G, 2012 WL 537604, at *4 (N.D. Tex. Feb. 17, 2012). As demonstrated in Tygart's Motion to Dismiss and Reply in Support, Blue Spike's Complaint does not allege any facts to support its allegation of personal jurisdiction, and, in particular, none of Blue Spike's arguments or allegations regarding Tygart's passive website support personal jurisdictional.

Blue Spike's Motion for Jurisdictional Discovery should be denied because it has failed to "put forward what facts [it] believes discovery would reveal and how those facts would support personal jurisdiction." *Dontos v. Vendomation NZ, Ltd.*, No. 3:11-cv-0553-K, 2012 WL 3702044, at *15 (N.D. Tex. Aug. 27, 2012)(citing *Kelly v. Syria Shell Petroleum Dev.*, 213 F.3d 841, 855 (5th Cir. 2000)). Blue Spike's vague and conclusory assertions regarding the need for jurisdictional discovery where Blue Spike failed to put forth any such facts in its Response and

---

[1] Should this Court order the parties to engage in jurisdictional discovery and depositions, Tygart will ask that the costs of doing so, including any travel expenses, be taxed as costs of litigation pursuant to Federal Rule of Civil Procedure 54(d) and recoverable should Tygart prevail on its Motion to Dismiss.

Sur-Reply to Tygart's Motion to Dismiss.  Furthermore, Blue Spike failed, in its Motion for Jurisdictional Discovery, to set forth any facts that provide any indication that this Court has personal jurisdiction over Tygart.  Blue Spike's Motion for Jurisdictional Discovery is just another bite at the apple, this time untimely, which has only further increased Tygart's litigation costs.  As the Fifth Circuit has made clear, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt v. Kaplan,* 686 F.2d 276, 284 (5th Cir. 1982); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000)(a district court is not required to defer ruling on a jurisdictional motion until all discovery contemplated by the plaintiff has been accomplished).

Allowing Blue Spike to conduct jurisdictional discovery would be nothing more than a fishing expedition into Tygart's business transactions.  Furthermore, instead of filing a Response to Tygart's Motion to Dismiss, Blue Spike should have immediately sought leave to conduct jurisdictional discovery, which it did with several defendants already in lieu of opposing those defendants' Motions to Dismiss.  Instead, Blue Spike chose to oppose Tygart's Motion to Dismiss and only provided an "in the alternative" argument for jurisdictional discovery.  Indeed, unlike Blue Spike's various Motions for Leave to Serve Jurisdictional Discovery, Blue Spike did not attach proposed discovery to allow Tygart an opportunity to demonstrate that the information sought by the discovery is futile.  Such a delay, coupled with Blue Spike's inability to provide any information to even provide a good faith basis for jurisdiction in Texas, indicates that any jurisdictional discovery would be futile.[2]   In the end, Blue Spike's *ipse dixit* statement that it has made a *prima facie* without identifying how it made such a case should give this Court pause

---

[2] Indeed, Tygart anticipated that Blue Spike would have immediately sought jurisdictional discovery based on the proposed discovery Blue Spike has attached to previous Motions to Allow Jurisdictional Discovery in this Consolidated Action.  *See* Dkt. Entries No. 502, 509 and 511.  Nothing contained in Blue Spike's proposed discovery demands to those defendants would alter the factual assertions made in Tygart's affidavit.

to allow Blue Spike discovery to information that has already been provided via the affidavit of Douglas Kirby and attached to Tygart's Motion to Dismiss. *See Bell Helicopter Textron, Inc. v. American Eurocenter, LLC*, 729 F. Supp.2d 789, 797 (N.D. Tex. 2010)(court denied jurisdictional discovery where plaintiff failed to identify specific facts that discovery would reveal personal jurisdiction).

Blue Spike's attached discovery demands sets forth five areas of discovery, none of which would establish personal jurisdiction over Tygart because Tygart already addressed the questions. Tygart has already stated that it does not do any business in the State of Texas or with Texas residents. Furthermore, Tygart has no physical presence or employees in Texas. These facts, supported by evidence, are the exact answers and responses Blue Spike seeks from their discovery demands. Thus, not only has Blue Spike not met the standard for jurisdictional discovery, Blue Spike is already in possession of sworn evidencing demonstrating that Tygart is not subject to the personal jurisdiction of this Court. In the end, Blue Spike seeks nothing more than drive up the cost of litigation and conduct a "fishing expedition" for information it already possess.

## III.    CONCLUSION

This Court is in possession of uncontroverted evidence which it can draw its own jurisdictional conclusions. Blue Spike does not controvert any facts submitted by Tygart and has failed to demonstrate how additional discovery would help enhance the Court's analysis. Tygart has demonstrated that the lack of personal jurisdictional is clear. Thus, discovery serves no purpose and should not be permitted. *See Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). For the reasons set forth above, and based on Tygart's Motion to Dismiss and Reply, this Court should deny Blue Spike's Motion to Authorize Jurisdictional Discovery.

June 27, 2013, 2013             Respectfully submitted,

            By:      <u>/s/ Douglas R. McSwane, Jr.</u>
            Potter Minton, P.C.
            110 N. College Ave.
            Suite 500
            Tyler, TX 75702
            (903) 597-8311
            (903) 593-0846 – facsimile
            dougmcswane@potterminton.com

            Michael G. Connelly
            Admitted *pro hac vice*
            Spilman, Thomas & Battle, PLLC
            One Oxford Centre
            301 Grant St.
            Suite 3440
            Pittsburgh, PA 15219
            (412) 325-3317
            (412) 325-3324 – facsimile
            mconnelly@spilmanlaw.com

            Counsel for Defendant,
            Tygart Technology, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the <u>27th</u> day of June, 2013. Any other counsel of record will be served by first class U.S. mail on this same date.

            <u>/s/ Douglas R. McSwane, Jr.</u>
            Douglas R. McSwane, Jr.