UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § § § | Civil Action No. 6:12-cv-00499 |
| v. | § § | JURY TRIAL DEMANDED |
| Texas Instruments, Inc., et al., | § § | |
| *Defendants.* | § | |

**Declaration of Randall Garteiser in Support of Plaintiff Blue Spike LLC's Opposition to Defendants L-1 Identity Solutions, Inc. and MorphoTrust USA, Inc.'s Motion to Transfer Venue [Dkt. 588]**

I, Randall Garteiser, declare as follows:

  1. I am a partner at the law firm of Garteiser Honea, P.C., that represents Blue Spike LLC. I have personal knowledge of content of this declaration and if needed, will testify to the truth of the assertions contained herein.

  2. Attached hereto as Exhibit 1 is a true and correct copy of the Court's Consolidation Order entered in Case No. 6:12-cv-00680-LED as Docket Item 10.

  3. Attached hereto as Exhibit 2 is a true and correct copy of *Net Navigation Sys., LLC v. Alcatel-Lucent USA, Inc.*, No. 4:11-CV-663, at 8-10 (E.D. Tex. Aug. 27, 2012) that denies transfer because, like this case, plaintiff had filed multiple suits concerning same four patents in this district and the Court had combined those suits for pretrial purposes, meaning that "another court would be required to conduct duplicative proceedings regarding claim construction, expert discovery, and other issues."

  4. Attached hereto as Exhibit 3 is a true and correct copy of *Oasis Research, LLC v. Pro Softnet Corp.*, No. 4:12-CV-531, at 11 (E.D. Tex. Aug. 21, 2012) that holds because a plaintiff had filed multiple suits in this district concerning the same four patents, concerns of judicial economy weighed heavily against transfer; if the Court transferred the

case, "another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues."

5. Attached hereto as Exhibit 4 is a true and correct copy of *Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*, No. 6:11-CV-00173, at 9-10 (E.D. Tex. Sept. 27, 2012) that denies a motion to transfer patent suit that had already been consolidated with another suit, as "the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily . . . against transfer."

6. Attached hereto as Exhibit 5 is a true and correct copy of *GHJ Holdings, Inc. v. Mag Instrument, Inc.*, No. 5:10-cv-230, Dkt. No. 26 (E.D. Tex. Feb. 5, 2011) that holds supplemental briefing regarding disclosures should be submitted before a transfer motion is considered.

7. Attached hereto as Exhibit 6 is true and correct copy of a website page I visited on December 27, 2012, which relates to L-1 Identity Solutions acquisition.

8. Attached hereto as Exhibit 7 is true and correct copy of a website page I visited on December 27, 2012 that relates to L-1 Identity Solutions. "Safran acquired both L-1 Identity Solutions to consolidate the Group world leadership in biometric solutions." The Safran marketing available in the U.S. indicates that "The contribution of L-1 Identity Solutions (consolidated since July 26) was Euro 134 million in revenue and Euro 4 million in recurring operating income."

I declare on December 28, 2012, in Escambia County under penalty of perjury under the laws of the United States and Texas that the statements made in this declaration are true and correct.

*/s/* Randall Garteiser  
Randall T. Garteiser