UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 6:12-cv-00499 |
| v. | § § | JURY TRIAL DEMANDED |
| Texas Instruments, Inc., et al., | § § | |
| *Defendants.* | § | |

### ORDER DENYING DEFENDANT TECHNICOLOR SA'S MOTION TO DISMISS [DKT. 560]

In ruling on a motion to dismiss for lack of personal jurisdiction, a trial court must accept plaintiff's uncontroverted, nonconclusory factual allegations as true and resolve all controverted allegations in plaintiff's favor. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012) (per curiam). If the plaintiff presents a prima facie case supporting jurisdiction, dismissal is improper. *Id.*

Personal jurisdiction exists under a stream-of-commerce theory when a defendant purposefully ships the accused product into the forum state "through an established distribution channel" and "[t]he cause of action for patent infringement is alleged to arise out of these activities." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994). Specific personal jurisdiction exists when a defendant purposefully directs activities at the forum, the plaintiff's claim relates to those activities, and the assertion of personal jurisdiction is reasonable and fair. *Nuvoton*, 689 F.3d at 1361.

1

Here, Defendants' (hereinafter "Technicolor") infringing software appears to be sold and distributed throughout Texas both on its website and through its distribution network which is "shipping yearly millions of products to some 10,000 retail locations in North America". Further, the very nature of Technicolor's product necessitates that Technicolor has continuous and systematic contacts with Texas, as Technicolor's video-fingerprinting technology works by collecting digital video files—such as files uploaded onto YouTube and other file-sharing websites—and comparing them to the content in a "master database." *See* http://bit.ly/VrJ0Tp (Technicolor's YouTube demonstration about its "Video Finger Printing Technology" and "Spider Scan Process"). Technicolor's technology necessarily uses content generated and collected in Texas—which is home to several major media markets and is America's second-most-populous state—in order to accomplish the alleged infringement. These facts constitute personal jurisdiction under Texas' Long Arm Statute and satisfy Plaintiff's required showing of personal jurisdiction is proper. Technicolor admits that it received service of process via registered mail, which is all the Hague Convention requires. Service of Technicolor SA was proper.

Accordingly, the Court denies Defendant's motion to dismiss.