UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § § § § § § § § | |
| *Plaintiff*, | | Case No. 6:12-cv-499-MHS |
| v. | | Lead Case |
| Texas Instruments, Inc. et al., | | Jury Trial Demanded |
| *Defendants*. | | |

**Plaintiff's Reply Supporting Its Motion to Authorize Jurisdictional Discovery From Axxonsoft US, Inc. and Axxonsoft Ltd. [Dkt. 812]**

Blue Spike has made a preliminary showing of jurisdiction and seeks jurisdictional discovery from Defendants Axxonsoft US, Inc. and Axxonsoft Ltd. (collectively "Axxonsoft"). The requested discovery is relevant and narrowly tailored to the issue of jurisdiction. It is therefore proper to grant the motion [Dkt. 812].

I. **Blue Spike Has Made More than a Preliminary Showing of Jurisdiction.**

Blue Spike has more than met its burden for obtaining jurisdictional discovery. The burden demands even "less than a prima facie showing." *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012). Here, Blue Spike's "factual allegations . . . suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Blue Spike has submitted evidence that (1) Axxonsoft established relationship with businesses operating in Texas and

1

(2) Axxonsoft knowingly integrated their accused software into the products of those businesses. *See* Dkt. 778 at 3; Dkt. 700, Exs. 2-6; *see also Brooks & Baker, L.L.C. v. Flambeau, Inc.*, No. 2:10-cv-146-TJW-CE, 2011 WL 4591905, at *3 (E.D. Tex. Sept. 30, 2011) ("[P]lacing a product into the stream of commerce, at least where the defendant knows the product will ultimately reach the forum state, rises to the level of 'purposeful availment,'" and "mere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce."). The Court views this evidence—most coming from Axxonsoft's own website—in the light most favorable to Blue Spike and draws all reasonable inferences in Blue Spike's favor. *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 327 (5th Cir. 1996). Even if the website does not reveal the exact extent of the defendant's in-state activities and is "insufficient in [itself] to establish a prima face case" of jurisdiction, it "nevertheless supports the need for additional discovery to determine the merits of personal jurisdiction." *Id.*

Blue Spike need not make a "prima facie" showing of "uncontroverted facts" to be entitled to jurisdictional discovery as Axxonsoft mistakenly argues. *See* Opp'n [Dkt. 838] at 3-5. After all, "[i]t would . . . be counterintuitive to require a plaintiff, *prior* to conducting discovery, to meet the same burden" of alleging jurisdictional facts "that would be required in order to defeat a motion to dismiss." *Orchid Biosciences, Inc. v. St. Louis*

*Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001). The evidence clearly suggests the possible existence of the requisite contacts between Axxonsoft and Texas supporting Blue Spike's request for jurisdictional discovery.

## II. The Jurisdictional Discovery Would Be Relevant and Fruitful.

Blue Spike has requested discovery on five topics relevant to Axxonsoft's Texas connections. *See* Dkt. 812 at ¶5 & Ex. 1-6. Nothing more is required. *See Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (holding plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forum's] market, including demonstration of [the defendant's] ongoing relationships with retailers in [the forum state]" and the defendant's "knowledge that its products were being shipped to [the forum]"); *In re Fort Totten Metrorail Cases*, 756 F. Supp. 2d 132, 138 (D.D.C. 2010) (plaintiff's motion for jurisdictional discovery was sufficiently detailed where it stated that plaintiff sought discovery of sales data and defendant's knowledge regarding the ultimate destination of its products).

Axxonsoft's declarations do not defeat Blue Spike's discovery requests. *Contra* Opp'n [Dkt 838] at 6. Blue Spike must be allowed to make its own conclusions as to evidence rather than rely on a defendant's self-serving statements about its clients. *See Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (finding that the plaintiff

3

was not bound by a defendant's affidavit statements, instead recognizing that the propounded discovery may reveal more information than disclosed in the affidavits). And, here, Axxonsoft's declarations contradict each other, raising questions about their reliability. One Axxonsoft executive swears under penalty of perjury that he works in an Axxonsoft office in the United States (*see* Dkt. 645 Ex. 1 ¶¶3-5) while another Axxonsoft executive in his sworn declaration categorically denies the existence of any Axxonsoft offices in the United States (*see* Dkt. 645 Ex. 2 ¶4). And those declarations and Axxonsoft's arguments are contradicted by Blue Spike's previously submitted jurisdictional evidence that Axxonsoft (1) created relationships with companies operating in Texas and (2) knowingly integrated its software with those companies' products. *See* Dkt. 778 at 3; Dkt. 700 Exs. 2-6. "[J]urisdictional discovery is appropriate" when "evidence submitted by Plaintiff . . . conflicts with [a defendant's] sworn declarations." *See TCGC IP Holdings, LLC v. Graves Golf Acad.*, No. 310-CV-0055-L, 2010 WL 2671302, at *2 (N.D. Tex. July 1, 2010).[1] The evidence presented raises questions of fact that further support Blue Spike's request for jurisdictional discovery.

Axxonsoft's own cited cases support Blue Spike's request for jurisdictional discovery here. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978). In *Kelly v.*

---

[1] The Court should "resolve in [plaintiff's] favor all conflicts between the jurisdictional facts contained in the parties' affidavits and other documents." *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004).

4

*Syria Shell Petroleum Dev. B.V.*, the court had allowed depositions and requests for document production before denying the plaintiff's request for *additional* jurisdictional discovery. 213 F.3d 841, 855 (5th Cir. 2000). And the Federal Circuit explained in *Hockerson-Haldberstadt, Inc. v. Propet USA, Inc.* that a request for jurisdictional discovery should be dismissed when no "*further* discovery" would be helpful. 62 F. App'x 322, 338 (Fed. Cir. 2003) (emphasis added). At this stage of litigation, there has been *no* discovery of any kind. The parties have not even exchanged Rule 26 disclosures. Yet Axxonsoft is attempting to dismiss this case (Dkt. 645) while categorically denying Blue Spike any opportunity to conduct meaningful discovery on relevant jurisdictional issues raised by Blue Spike's evidence (Dkt. 838). Here, Blue Spike has made a preliminary showing of personal jurisdiction, and its requested discovery is reasonable and relevant to jurisdiction.

## Conclusion and Prayer

For these reasons plus those contained in its motion (Dkt. 812), Blue Spike respectfully asks the Court to grant the motion and to enter an order authorizing the requested discovery.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

#### CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 1, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                              /s/ Randall T. Garteiser
                              Randall T. Garteiser