UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff*, | § | Case No. 6:12-cv-499-MHS |
| v. | § | Lead Case |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
|     *Defendants*. | § | |

**BLUE SPIKE'S SURREPLY TO TEXAS INSTRUMENTS, INC.'S
MOTION TO SEVER [DKT. 777]**

There is no avoiding the obvious fact that severing TI's case would create gross inefficiencies for the sake of privileging one defendant. The whole reason the Court consolidated TI's case in the first place was to avoid such inefficiencies. *See* Dkt. 16 at 15. TI has now tried twice—and failed twice—to offer any good reason why the Court should reverse course.

TI still offers no support for its key assertions that its proposed procedure "would likely foster resolution in many of the other pending cases" and that its case "can be limited to three case dispositive terms, which can be addressed on brief and without a *Markman* hearing." Dkt. 840 at 4. As Blue Spike explained in its opposition, nothing in the record supports either assertion; the record simply is not developed enough yet. *See* Dkt. 813 at 6-7. The only thing before the Court is TI's say-so. Treating this as a basis for deviating from standard operating procedure would be improper and unprecedented.

TI's reply also mischaracterizes the prejudice that would result from its proposed procedure. Blue Spike did not argue that it would be prejudiced merely by having to litigate against TI separately from other defendants. *Contra* Dkt. 840 at 3-4. Instead, the problem is that Blue Spike would be prejudiced by having claim construction limited to three terms when it has not yet even conducted any discovery or exchanged infringement or invalidity contentions. Dkt. 813 at 6-7. And if the Court used the results of a truncated and premature *Markman* hearing in the other consolidated cases, TI's fellow defendants could be prejudiced, too. *Id*. at 8-9.

Finally, TI makes no attempt to rehabilitate its argument that its proposed procedure accords with prior cases. Blue Spike already explained how this case differs significantly from the cases where the Court has employed streamlined claim-construction procedures. *Id*. at 7-8. TI's failure to address—much less rebut—that explanation highlights the fact that TI really is seeking relief that is extraordinary and unprecedented.

TI's desire to move to the front of the line may be understandable, but that is not the way our justice system works. A litigant cannot simply invent and impose procedures to suit its own needs—especially if the procedures inconvenience the courts and prejudice other parties. The Court consolidated TI's case for good reason. Nothing has changed to warrant reversing course now.

For these reasons and also those contained in the opposition (Dkt. 813), Blue Spike again asks the Court to deny TI's severance motion.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

3

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 5, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                          /s/ Randall T. Garteiser
                                                          Randall T. Garteiser