UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> Texas Instruments, Inc., et al., § <br> § <br> *Defendants*. § § | Case No. 6:12-cv-499-MHS <br><br> Lead Case <br><br> Jury Trial Demanded |

**Plaintiff's Reply Supporting Its Motion to Authorize
Jurisdictional Discovery From Defendant Tygart Technologies, Inc. [Dkt. 811]**

Plaintiff Blue Spike, LLC ("Blue Spike") files this Reply supporting its motion for jurisdictional discovery from Tygart Technologies, Inc. ("Tygart"). Blue Spike's motion should be granted because the proposed discovery is reasonable and relevant to jurisdiction.

**I.     Blue Spike Has Made More Than a Preliminary Showing of Jurisdiction.**

Blue Spike is entitled to jurisdictional discovery because it has made a "preliminary showing" that "suggest[s] with reasonable particularity the possible existence of the requisite contacts between" Tygart "and the forum state." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Blue Spike has submitted evidence that several branches of the federal government, operating extensively in Texas, use Tygart's accused products. *See* Opp'n to Motion to Dismiss [Dkt. 696] at 4, Exs. 1, 2; Surreply in Support of Opp'n to Dismiss [Dkt. 762] at 1-2. The Court must view this evidence—some of which comes from Tygart's own website—in the light most favorable to Blue Spike and draw all reasonable inferences in Blue Spike's favor. *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 327 (5th Cir. 1996). Under this standard,

the evidence clearly suggests the possible existence of the requisite contacts between Tygart and Texas. In fact, the Federal Circuit has held that a district court abuses its discretion by denying jurisdictional discovery when a defendant's website shows that several of the defendant's customers operate in the forum. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010). Even if the website does not reveal the exact extent of the defendant's in-state activities and is "insufficient in [itself] to establish a prima face case" of jurisdiction, it directly controverts Tygart's assertion that its products are not used in Texas and "nevertheless supports the need for additional discovery to determine the merits of personal jurisdiction." *Id*. Blue Spike's evidence, including screenshots of Tygart's website, sufficiently demonstrates the possible existence of requisite contacts required for jurisdictional discovery.

## II. The Jurisdictional Discovery Would Be Relevant and Fruitful.

Blue Spike has requested discovery on five reasonable and obviously relevant topics that would illuminate Tygart's Texas connections. *See* Mot. [Dkt. 811] at ¶5 & Exs. 1-3. Nothing more is required to establish that discovery is warranted. *See Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forums state] market, including demonstration of [the defendant's] ongoing relationships with retailers in [the forum state]; [defendant's] knowledge that its products were being shipped to [the forum state]; its design and marketing efforts directed to the U.S. market (including [the forum state]); and more information on the defendant's e-solution platform") (internal

punctuation omitted); *In re Fort Totten Metrorail Cases*, 756 F. Supp. 2d 132, 138 (D.D.C. 2010) (plaintiff's motion for jurisdictional discovery was sufficiently detailed where it stated that plaintiff sought discovery of sales data and defendant's knowledge regarding the ultimate destination of its products).

Tygart argues that Blue Spike's requested discovery is (1) somehow undermined by Tygart's declaration that it lacks significant Texas contacts, (2) irrelevant to the jurisdictional analysis, and (3) untimely. *See* Opp'n [Dkt. 856] at 2-4. None of these arguments is valid.

First, the declaration from Tygart's CEO does not defeat Blue Spike's discovery requests. *Contra* Opp'n [Dkt. 856] at 2-4. Blue Spike must be allowed to evaluate the "quality, quantity and nature of all of Defendant's contacts with this forum" and make its own conclusions as to evidence rather than rely on a defendant's self-serving statements about its clients. *See Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (finding that the plaintiff was not bound by a defendant's affidavit statements, instead recognizing that the propounded discovery may reveal more information than disclosed in the affidavits). Furthermore, Tygart's declaration is contradicted by Blue Spike's previously submitted jurisdictional evidence that Tygart sold its products to the federal government knowing that those products would be used in Texas. *See* Opp'n to Motion to Dismiss [Dkt. 696] at 4, Exs. 1-2; Surreply in Support of Opp'n to Motion to Dismiss [Dkt. 762] at 1. "[J]urisdictional discovery is appropriate" when "evidence submitted by Plaintiff . . . conflicts with [a defendant's] sworn declarations." *TCGC IP Holdings, LLC v. Graves Golf Acad.*, No. 310-CV-0055-L, 2010

WL 2671302, at *2 (N.D. Tex. July 1, 2010).[1]

Second, discovery is relevant to the jurisdictional analysis, particularly because it will reveal that Tygart purposefully put accused products into the stream of commerce knowing that they would end up being used in Texas, thus providing a basis for personal jurisdiction. *See Brooks & Baker, L.L.C. v. Flambeau, Inc.*, No. 2:10-cv-146-TJW-CE, 2011 WL 4591905, at *3 (E.D. Tex. Sept. 30, 2011) ("[P]lacing a product into the stream of commerce, at least where the defendant knows the product will ultimately reach the forum state, rises to the level of 'purposeful availment," and "mere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce."); *Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, No. 5:08-cv-26, 2009 WL 1025467, at *5 (E.D. Tex. Mar. 26, 2009) (noting stream-of-commerce theory applies to personal-jurisdiction analysis in E.D. Tex. patent cases).

Third, Tygart incorrectly suggests that jurisdictional discovery is untimely, and mischaracterizes case law to make its argument. *Compare* Opp'n [Dkt. 856] at 3, *with e.g.*, *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3 841, 855 (5th Cir. 2000) (holding that although "district court is *not* required to defer ruling on a jurisdictional motion" until *all* contemplated discovery has been propounded, "an *opportunity* for discovery is required") (emphasis in original); *accord., Nuance Commc'ns, Inc.*, 626 F.3d at 1236 (holding district court abused its discretion in dismissing suit without jurisdictional discovery where plaintiff made request in the alternative in its opposition to defendants' motion to dismiss); *Dietgoal Innovations LLC v. Arby's Restaurant Group, Inc.*, No.

---

[1] *See also Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004) (court must "resolve in [plaintiff's] favor all conflicts between the jurisdictional facts contained in the parties' affidavits and other documentation") (internal punctuation omitted).

2:11-cv-00418-MHS-CMC, Dkt. 547, at 9-10 (E.D. Tex. Sept. 25, 2012) (permitting jurisdictional discovery even though plaintiff never formally sought it during eight months that motion to dismiss was pending, but rather merely requested it in the alternative in its opposition to motion to dismiss). Here, Blue Spike specifically requested jurisdictional discovery in its opposition to Tygart's motion to dismiss (*see* Dkt. 696 at 1) and formally reiterated its request at the earliest possible opportunity, concomitant with written discovery (Dkt. 811 & Exs. 1-3). Thus, Blue Spike timely filed its motion for jurisdictional discovery and should be given an opportunity to propound its discovery requests.

## Conclusion and Prayer

For these reasons plus those contained in its motion (Dkt. 811), Blue Spike respectfully asks the Court to grant the motion and to enter an order authorizing the requested discovery.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

        Kirk J. Anderson
         California Bar No. 289043
        Peter S. Brasher
         California Bar No. 283992
        GARTEISER HONEA, P.C.
        44 North San Pedro Road
        San Rafael, California 94903
        (415) 785-3762
        (415) 785-3805 fax

        *Counsel for Blue Spike, LLC*

#### CERTIFICATE OF SERVICE

       I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                                      /s/ Randall T. Garteiser
                                                                      Randall T. Garteiser