UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, <br>     *Plaintiff,* <br> v. <br> Texas Instruments, Inc. et al., <br>     *Defendants.* | Case No. 6:12-cv-499-MHS <br> Lead Case <br> Jury Trial Demanded |

**Plaintiff's Reply Supporting Its Motion to Authorize Jurisdictional Discovery From Defendants Cognitec Systems Corp. and Cognitec Systems GMBH**

Plaintiff Blue Spike, LLC files this reply supporting its motion for jurisdictional discovery from Cognitec Systems Corp. and Cognitec Systems GMBH ("Cognitec") (Dkt. 807).

**I.     It Is Proper to Exercise Personal Jurisdiction Over Cognitec Right Now, Mooting the Need for Jurisdictional Discovery.**

Cognitec's connections to Texas justify asserting personal jurisdiction—period. Cognitec has entered six license agreements directly with Texas consumers. *See* Dkt. 625, 626 at 2. Consumers use Cognitec's accused products extensively in Texas. *See* Dkt. 737, 738 at 3-5. Cognitec's business partners operate throughout Texas and use the accused products here. *See id.* at 5. Both directly and through partners, Cognitec generates income from Texas residents. *See id.* at 4-6. Cognitec solicits direct sales from Texas consumers by prompting them to submit an online form to its sales department. *See id.* at 6. It also advertises its products in press releases with Texas media outlets. *Id.* Such contacts—which are tied directly to the accused products—support the exercise of specific personal jurisdiction. The Court could simply deny

1

Cognitec's motion to dismiss [Dkt. 625], ending the jurisdictional dispute now.[1] That is the correct result—and is Blue Spike's strong preference.

## II. But if the Court Is Not Yet Ready to Assert Personal Jurisdiction Over Cognitec, Then It Would Be Proper to Order Jurisdictional Discovery.

In any case, it would be improper to grant the motion to dismiss without first allowing Blue Spike to conduct some reasonable jurisdictional discovery, since Blue Spike's evidence makes at least a "preliminary showing" of the "possible existence of the requisite contacts between" Cognitec and "the forum state." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005); *see also Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010) (holding that a district court abuses its discretion by denying jurisdictional discovery when a defendant's website shows that several of the defendant's customers operate in the forum, as is the case here). Here, Cognitec does not dispute that large numbers of its accused products are actually used in Texas—making it appropriate to allow discovery about whether Cognitec knew that its products would "ultimately reach the forum state," supporting personal jurisdiction. *Brooks & Baker, L.L.C. v. Flambeau, Inc.*, No. 2:10-cv-146-TJW-CE, 2011 WL 4591905, at *3 (E.D. Tex. Sept. 30, 2011). Blue Spike need not prove that its evidence on personal jurisdiction is "inadequate" before making a request for jurisdictional discovery. *Contra* Opp'n [Dkt. 855] at 3. Cognitec simply

---

[1] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (holding that dismissal is improper when the plaintiff presents a prima facie case supporting personal jurisdiction); *Oasis Reasearch, LLC v. Adrive, LLC*, 2011 U.S. Dist. LEXIS 80471 at *17 (E.D. Tex. May 23, 2011) (holding that a defendant's partnership with a company owning a plant and doing business in Texas helped establish personal jurisdiction); *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F.Supp.2d 669, 673 (E.D. Tex. 2006) (holding that Texas courts have personal jurisdiction over company whose "potential customers" in Texas can "fill out an online form and apply for [the company's] services through its website").

misreads the case law. A plaintiff like Blue Spike is allowed to present compelling evidence of a defendant's contacts with the forum state in order to defeat a motion to dismiss outright—and the plaintiff may also request jurisdictional discovery in the alternative, which is exactly what Blue Spike has done from the beginning. *See* Dkt. Nos. 737, 738, 783, 784.

### III.  The Relevance of Blue Spike's Requested Discovery Is Obvious.

Blue Spike has requested discovery on five obviously relevant topics that would illuminate Cognitec's Texas connections. *See* Dkt. 807 at ¶5 & Ex. 1-6. Nothing more is required. *See Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forum's] market, including demonstration of [the defendant's] ongoing relationships with retailers in [the forum state]" and the defendant's "knowledge that its products were being shipped to [the forum]"); *In re Fort Totten Metrorail Cases*, 756 F. Supp. 2d 132, 138 (D.D.C. 2010) (plaintiff's motion for jurisdictional discovery was sufficiently detailed where it stated that plaintiff sought discovery of sales data and defendant's knowledge regarding the ultimate destination of its products). Cognitec wrongly supposes that its self-serving declarations are enough to squelch Blue Spike's request for jurisdictional discovery (Opp'n [Dkt. 855] at 3), especially since the "evidence submitted by [Blue Spike] conflicts with [defendants'] sworn declarations." *TCGC IP Holdings, LLC v. Graves Golf Acad.*, No. 310-CV-0055-L, 2010 WL 2671302, at *2

(N.D. Tex. July 1, 2010); *see also Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004) (holding that the court must "resolve in [plaintiff's] favor all conflicts between the jurisdictional] facts contained in the parties' affidavits and other documentation.").

## IV. Blue Spike's Requests for Jurisdictional Discovery Were Also Timely.

Blue Spike timely requested jurisdictional discovery. Blue Spike did *not* wait until a month after briefing to seek such discovery. *See* Dkt. 737, 738 at 6. From the start, Blue Spike requested jurisdictional discovery in the alternative in its opposition papers to Cognitec's motions to dismiss. *See* Dkt. Nos. 737, 738, 783, 784. Such a request is timely.[2] Here, Blue Spike not only made specific requests for jurisdictional discovery in its opposition papers to Cognitec's motions to dismiss (Dkt. Nos. 737, 738, 784) but also formally reiterated its request at the earliest possible opportunity, together with written discovery (Dkt. 807, Exs. 1-6). Cognitec's timeliness arguments get the facts wrong and have no support in any case law. *See* Opp'n [Dkt. 855] at 2.[3] Blue Spike timely filed its motion for jurisdictional discovery and should be given an opportunity to propound its targeted and reasonable discovery requests.

---

[2] *Nuance Commc'ns, Inc.*, 626 F.3d at 1236 (holding district court abused its discretion in dismissing suit without jurisdictional discovery where plaintiff made request in the alternative in its opposition to defendants' motion to dismiss); *Dietgoal Innovations LLC v. Arby's Restaurant Group, Inc.*, No. 2:11-cv-00418-MHS-CMC, Dkt. 547, at 9-10 (E.D. Tex. Sept. 25, 2012) (permitting jurisdictional discovery even though plaintiff never formally sought it during *eight months* that motion to dismiss was pending, but rather merely requested it in the alternative in its opposition to motion to dismiss).

[3] Cognitec's demand that Blue Spike pay the costs associated with this timely motion is likewise unsupported by case law. *See* Opp'n [Dkt. 855] at 4. If Cognitec is unwilling to bear the burden of reasonable discovery requests, then it can always make a reasonable settlement offer.

## Conclusion and Prayer

For these reasons plus those contained in the motion (Dkt. 807), Blue Spike respectfully asks the Court to grant the motion and to enter an order allowing the requested discovery.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                         /s/ Randall T. Garteiser
                                                         Randall T. Garteiser