## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>    *Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE |
| BLUE SPIKE, LLC,<br>    *Plaintiff*,<br>v.<br><br>CBS INTERACTIVE INC.<br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:13-CV-60 MHS<br><br>CONSOLIDATED CASE |

**CBS INTERACTIVE'S REPLY IN SUPPORT OF ITS
JOINDER IN AUDIBLE MAGIC CORPORATION'S AND ITS CUSTOMERS'
MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

Blue Spike opposes Defendant CBS Interactive's ("CBSi") Joinder in Audible Magic Corp.'s Transfer motion for two equally-unavailing reasons.  First, Blue Spike claims that its complaint against CBSi does not mention Audible Magic, and therefore joinder is improper.  But Blue Spike ignores CBSi's declaration stating that the technology underlying the CBSi product named in the Complaint is provided by Audible Magic.  (Dkt. 836-1 at ¶4.)  This is confirmed by the declaration submitted by Audible Magic which states that CBSi is a customer.  (Dkt.771-2 at ¶14.) Blue Spike does not dispute this, nor does it present any evidence that it has accused CBSi of infringement by virtue of any non-Audible Magic technology.  Accordingly, CBSi's joinder, as a customer of Audible Magic, is entirely appropriate.

Next, Blue Spike argues that CBSi's joinder is meaningless because post-filing consent to jurisdiction is irrelevant.  Blue Spike's argument is nonsensical.  CBSi, a ***San Francisco-headquartered company*** (*see* Dkt. 836 at ¶2) and a customer of Audible Magic, is requesting a transfer to the Northern District of California for all of the same reasons articulated in Audible Magic's motion to transfer.  (Dkt. 771.)  As explained there, this action could have been brought in the Northern District of California against Audible Magic and all of its customers – including CBSi – and it is undisputed that the bulk of evidence and witnesses are located there.

Blue Spike does not address the substance of CBSi's request for a transfer.  For all of the reasons articulated in Audible Magic's motion to transfer, supported by the additional information provided by CBSi in its opening joinder, CBSi requests that the Court order Blue Spike LLC's claims against CBSi (Case No. 6:13-cv-60) be transferred to the Northern District of California.

July 18, 2013                                   Respectfully submitted,

/s/ Andrew L. Perito
Edward R. Reines
Cal. Bar No. 135960 – Admitted to E.D. Texas
Lead Attorney
edward.reines@weil.com
Andrew L. Perito
Cal. Bar No. 269995 – Admitted to E.D. Texas
andrew.perito@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

**Attorneys for Defendant CBS Interactive Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on July 18, 2013.

/s/ Andrew L. Perito
Andrew L. Perito

2