U UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:12-cv-499 |
| Texas Instruments, Inc. | § § § | |
| Defendants | § | |

---

| | | |
|---|---|---|
| Blue Spike, LLC | § § | |
| Plaintiff, | § § § § | |
| v. | § § | Case No. 6:13-cv-00124 |
| Cognitec Systems Corporation Cognitec Systems GmbH | § § § | |
| Defendants | § | |

**COGNITEC SYSTEMS CORPORATION'S AND COGNITEC SYSTEMS GMBH'S SUR-REPLY TO PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY**

Defendant Cognitec Systems Corporation and Cognitec Systems GmbH (collectively, "Cognitec Entities") file their *Sur-Reply to Plaintiff's Motion to Authorize Jurisdictional Discovery*, and would respectfully show the Court as follows:

**I.     The Court Should Not Allow Blue Spike to Restart the Entire Process.**

Blue Spike has no counter to the obvious truth that granting its motion will require the parties to engage in undue expense, and will further burden the Court. *See* Reply, p. 4.  If Blue Spike wanted to conduct jurisdictional discovery, then Blue Spike should have requested

1

discovery after the motions to dismiss were filed. Instead of filing the proper motion, Blue Spike requested discovery in the context of its response, just in case the Court is inclined to grant the motion to dismiss. It is common knowledge that a party must file a motion with the Court to conduct jurisdictional discovery. It is not proper or common to simply "request" the right to conduct jurisdictional discovery in a paragraph of a response. This is the reason why Blue Spike now requests jurisdictional discovery by motion.

Blue Spike's delay, however, has consequences. The Cognitec Entities spent thousands of dollars preparing its filings for the Court. The Cognitec Entities have now spent even more money regarding Blue Spike's late request for jurisdictional discovery. It is simply unfair to allow Blue Spike to further delay the Court's decision on the pending motions so that Blue Spike can engage in needless and wasteful discovery. Furthermore, it is unfair to require the Cognitec Entities to have to redraft their motions to dismiss and spend additional money to do so. If the Court does allow jurisdictional discovery, then the Court should also order Blue Spike to reimburse the Cognitec Entities for their costs up to this point because all that work will have to be revised.

II. **There is No Evidence to Support Any Jurisdiction Over Cognitec Systems GmbH.**

Instead of dealing with each entity that it has sued individually, Blue Spike has made its allegations against the Cognitec Entities collectively. *See* Reply, p. 1. With respect to Cognitec Systems GmbH ("Cognitec Germany") there is zero evidence to establish any relationship between this foreign company and Texas because there is no relationship between Cognitec and Texas. Blue Spike has failed to establish or make a "preliminary showing" that there is any connection between Cognitec Germany and Texas, and thus jurisdictional discovery on the issue should be denied.

Cognitec Germany is the foreign parent corporation for its United States subsidiary Cognitec Systems, Inc. ("Cognitec U.S."). While *Cognitec U.S.* may have entered into certain license agreements in the United States (which have been disclosed), Cognitec Germany does not enter into any licenses in the United States. Cognitec Germany does not sell the products at issue in the United States. Cognitec Germany is a typical parent corporation for its United States subsidiary, and being a parent corporation does not yield jurisdiction by itself, much less permit Blue Spike to engage in costly and unnecessary jurisdictional discovery. The "evidence" cited by Blue Spike has no relationship to Cognitec Germany. Cognitec Germany has not sold the accused products to others for use in Texas. Cognitec Germany does not do business in Texas or have customers in Texas. Cognitec Germany does not advertise in Texas. Cognitec Germany's website is also not an active website, and thus does not create jurisdiction under the previously cited case law.

In sum, there is not a shred of evidence submitted by Blue Spike or allegation made by Blue Spike which justifies this Court finding personal jurisdiction over Cognitec Germany, or allowing Blue Spike to engage in a costly discovery fishing expedition.

/s/ Dwayne K. Goetzel
Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
 KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR DEFENDANTS
COGNITEC SYSTEMS CORP. and
COGNITEC SYSTEMS GMBH**

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 22nd day of July 2013.

/s/ Dwayne K. Goetzel