IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
|         Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 LED |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
|         Defendant. | § | |
| | § | |

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
|         Plaintiff, | § | |
| | § | Case No. 6:13-cv-106 MHS |
| v. | § | [Consolidated with |
| | § | Case No. 6:12-cv-499 LED] |
| **AXXONSOFT US, INC. and** | § | |
| **AXXONSOFT LTD.,** | § | |
|         Defendants. | § | |

**AXXONSOFT US, INC. AND AXXONSOFT LTD.'S SUR-REPLY IN OPPOSITION TO BLUE SPIKE'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY**

Defendants AxxonSoft US, Inc. and AxxonSoft Ltd. (collectively, "AxxonSoft") respectfully submit this Sur-Reply in Opposition to Plaintiff Blue Spike, LLC's ("Blue Spike") Motion to Authorize Jurisdictional Discovery from AxxonSoft (D.I. 812).

**I.    INTRODUCTION**

From the very inception of this case—one of over 90 such cases filed by non-practicing entity Blue Spike—Blue Spike has failed to provide *any* reasonable basis for its claims of personal jurisdiction. Blue Spike's Reply in Support of its Motion (D.I. 860) ("Reply") marks yet another failed opportunity to present evidence even suggesting that the defendants in this case are subject to personal jurisdiction in this District. Although Blue Spike's jurisdictional theories have changed over the short course of this litigation, the evidence has not: defendants in

1

this case, AxxonSoft US, Inc. and AxxonSoft Ltd., have no meaningful connection to Texas.

None of Blue Spike's "evidence" of personal jurisdiction relates to the actual defendants in this case. Instead, Blue Spike relies on unfounded and unreasonable assumptions about the corporate structure of international third-party entities in its attempt to manufacture jurisdiction that simply does not exist. At no point in this litigation has Blue Spike presented actual evidence sufficient to reasonably suggest that personal jurisdiction may exist for these defendants.

In a final bid to find support for its Motion, Blue Spike implies that AxxonSoft has presented conflicting evidence regarding jurisdiction in the form of contradicting declarations. The declarations, however, are entirely consistent. Blue Spike's confusion stems from its failure to distinguish between statements on behalf of AxxonSoft *US, Inc*. on the one hand and AxxonSoft *Ltd*., a separate entity, on the other hand. Blue Spike's fundamental misreading of the clear record is yet more evidence of its haphazard approach to personal jurisdiction in this case. Despite numerous opportunities, Blue Spike has simply failed to show that defendants in this case, AxxonSoft US, Inc. and AxxonSoft Ltd., may be amenable to personal jurisdiction in this District. Indeed, Blue Spike has failed to show that defendants have any actual connection to Texas besides this litigation. Because the evidence is clear and the proposed discovery would add nothing to the record, the Court should deny Blue Spike's Motion.

## II.   ARGUMENT

### A.   Blue Spike's "Evidence" of Jurisdiction Has No Connection to Defendants in This Action

Yet again, Blue Spike has failed to provide any evidence that "suggest[s] with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (affirming denial of discovery where plaintiffs had not made even a preliminary showing of jurisdiction). Instead, Blue Spike relies on half-truths and

self-serving mischaracterizations in an attempt to manufacture jurisdiction. Namely, that "(1) AxxonSoft established relationship [sic] with businesses operating in Texas and (2) AxxonSoft knowingly integrated their accused software into the products of those businesses." (Reply at 1-2). None of the evidence cited by Blue Spike establishes or reasonably suggests that these alleged bases are true.

First, every single press release cited by Blue Spike refers only to partnerships with *foreign* third-party entities.[1] None of the partnerships cited in the press releases are directed towards Texas or involve entities located in Texas. Blue Spike's theory, therefore, relies on the unreasonable assumption that all entities under a common corporate umbrella are essentially the same. For the purposes of Blue Spike's personal jurisdiction analysis, then, it makes no difference that AxxonSoft *GmbH* (a German company), not a party to this litigation, partners with inMotion *International* Ltd. (a company based in Hong Kong). Thus, Blue Spike would theorize that a partnership between two foreign third parties effectively establishes a partnership between defendants in this case and another third party which happens to be based in Texas, inMotion CCTV Inc. The resulting hypothetical partnership is Blue Spike's primary basis to establish personal jurisdiction. (Reply at 1-2). Blue Spike provides absolutely no support in law or in fact for this unreasonably expansive view.

Second, no accused product has ever reached Texas or this district. (D.I. 734-1, Supplemental Declaration of Joel Moss, ¶¶ 4-8). Blue Spike's claims that AxxonSoft "knowingly integrated" the accused systems into products that reach Texas consumers finds absolutely no basis in the record. Nor does the record remotely suggest that this could be the

---

[1] Wincor Nixdorf Russia (D.I. 700-3); inMotion International Ltd. (D.I. 700-5); Sony Professional Solutions Europe (D.I. 700-7); Samsung Techwin (D.I. 734-4). (*See also* D.I. 700 at § II.A (AxxonSoft's Reply in Support of Motion to Dismiss rebutting Blue Spike's "evidence" of partnerships)).

3

case.  (*See id.*; Moss Decl. ¶¶ 10, 27-29; Altuev Decl. ¶¶ 9, 26-28.).

Rather than provide specific evidence related to the defendants in this case, Blue Spike cobbles together facts concerning foreign third parties and attorney argument, hoping to gain the Court's indulgence to prolong its meritless case.  Simply put, Blue Spike has offered no evidence whatsoever to suggest that personal jurisdiction may be appropriate in this case.  Granting Blue Spike's Motion would serve only to protract this litigation at significant expense to AxxonSoft.

### B. AxxonSoft's Declarations are Consistent and Evidence a Lack of Jurisdiction

In support of its well-founded motion to dismiss for lack of personal jurisdiction (D.I. 645), AxxonSoft submitted two sworn declarations: the Declaration of Joel Moss on behalf of AxxonSoft *US, Inc.* (DI 645-1, "Moss Decl.") and the Declaration of Murat Altuev on behalf of AxxonSoft *Ltd.* (DI 645-2, "Altuev Decl.").  Blue Spike now asserts that "AxxonSoft's declarations contradict each other" and further implies that AxxonSoft's declarants have perjured themselves by virtue of these contradictions.  (Reply at 4).  These allegations are false and wholly improper.  Even a cursory reading of the declarations shows that Mr. Moss declares that he is AxxonSoft *US, Inc.*'s only employee and that AxxonSoft *US, Inc.* has only one office in the United States.  (Moss Decl. ¶¶ 3-5).  Likewise, Mr. Altuev's declaration is abundantly clear that AxxonSoft *Ltd.* has no offices or locations in the United States.  (Altuev Decl. ¶ 4).  Contrary to Blue Spike's false accusations, the declarations are entirely consistent with one another.  Blue Spike is either attempting to manufacture an inconsistency in the uncontroverted record or, again, fails to distinguish between separate, related corporate entities.

Because the declarations are perfectly clear, there is no conflicting evidence in the record.  Even though Blue Spike is entitled to all reasonable inferences, no such inference can be made from the present record.  Blue Spike has submitted ***no evidence whatsoever*** that the two defendants in this case have any meaningful connection to this District or Texas.  *See supra*

4

§ II.A. Furthermore, Blue Spike's requests for additional discovery will do nothing to contradict the record established by AxxonSoft's declarations. (*See* D.I. 838, Opposition at 6-7). As such, Blue Spike's Motion serves no purpose other than to delay the inevitable at AxxonSoft's expense. The Court should not countenance this behavior; Blue Spike's Motion should be denied. *See Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855-58 (5th Cir. 2000) (discovery where plaintiff offered no factual support to rebut affidavits and provided no basis to support an inference that deposition testimony would contradict sworn declarations); *Wyatt v. Kaplan*, 686 F.2d 276, 283-85 (5th Cir. 1982) (affirming denial of jurisdictional discovery noting such discovery "need not be permitted unless the motion to dismiss raises issues of fact"); *Fielding*, 415 F.3d at 428-29.

### III. CONCLUSION

For all the foregoing reasons, AxxonSoft respectfully request that the Court DENY Blue Spike's Motion to Authorize Jurisdictional Discovery.

Dated: July 26, 2013                                    Respectfully submitted,

By: */s/ Erik B. Milch*
COOLEY LLP
Erik B. Milch
emilch@cooley.com
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Tel: 703 456-8000
Fax: 703 456-8100

*Attorneys for Defendants AxxonSoft US, Inc. and AxxonSoft Ltd.*

## CERTIFICATE OF SERVICE

I, Erik B. Milch, do hereby certify that on this 26th day of July, 2013, I caused a true and correct copy of the foregoing **SUR-REPLY IN OPPOSITION TO BLUE SPIKE'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY** to be electronically filed with Clerk of the Court using CM/ECF which will send notification to all registered attorneys of record.

*/s/ Erik B. Milch*
