UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, | § |
| *Plaintiff*, | § Case No. 6:12-cv-499-MHS |
| v. | § Lead Case |
| Texas Instruments, Inc. et al., | § Jury Trial Demanded |
| *Defendants*. | § |

**BLUE SPIKE'S SURREPLY TO CBS INTERACTIVE'S JOINDER IN AUDIBLE MAGIC'S TRANSFER MOTION [DKT. 836]**

CBS Interactive's reply in support of its joinder in Audible Magic's transfer motion (Dkt. 896) again misstates Blue Spike's allegations. CBSi already put words in Blue Spike's mouth by claiming that "CBSi is accused . . . based on Audible Magic Corp.'s content identification services and technology." Dkt. 836 at 2. After Blue Spike responded by pointing out that its complaint actually says nothing about Audible Magic (*see* Dkt. 865 at 1), CBSi chose to compound its misstatements by claiming that the complaint names only a single accused product. *See* Dkt. 896 at 2 ("the technology underlying *the* CBSi product named in the Complaint is provided by Audible Magic") (emphasis added). In fact, the complaint accuses "products, systems and/or services *including, but not limited to*, its CBS Connect's CBS Sync software, applications, systems, and technology." Case No. 6:13-cv-60 MHS, Dkt. 1 at ¶27 (emphasis added). Blue Spike respectfully asks the Court to read the complaint itself—and not simply rely on CBSi's mischaracterizations of it. The complaint speaks for itself. The suit

against CBSi is not all about Audible Magic's technology; indeed, the complaint does not even mention Audible Magic.

CBSi's motion is an improper attempt to join another party's transfer motion. CBSi makes no attempt to show whether Blue Spike could have brought its case in the Northern District of California in the first instance. Nor does CBSi provide any evidence showing that the Northern District of California would be "clearly more convenient" than this District, as required to obtain a transfer under section 1404(a).

For these reasons plus those contained in its response (Dkt. 865), Blue Spike again asks the Court to deny CBSi's motion.

Respectfully submitted,

 /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992

                                                                                                                                                                      GARTEISER HONEA, P.C.  
                                                                                                                                                                      44 North San Pedro Road  
           San Rafael, California 94903  
           (415) 785-3762  
           (415) 785-3805 fax

GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 29, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                                       /s/ Randall T. Garteiser
                                                                       Randall T. Garteiser