UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| **Texas Instruments, Inc.** | § | |
| | § | |
| Defendant | § | |

-------------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **Blue Spike, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 6:12-cv-00598 |
| **Soundmouse, Ltd.** | § | |
| | § | |
| Defendant. | § | |

### SOUNDMOUSE, LTD.'S RESPONSE TO PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY

Defendant Soundmouse, Ltd. ("Soundmouse") files its *Response to Plaintiff's Motion to Authorize Jurisdictional Discovery*, and would respectfully show the Court as follows:

### I.   It Is Too Late For Blue Spike To Request Jurisdictional Discovery.

On April 12, 2013, Soundmouse filed its motion to dismiss, or in the alternative, transfer to a more appropriate venue. *See* docket no. 643 and 648. On May 17, 2013, Plaintiff Blue Spike, LLC ("Blue Spike") filed its response to the foregoing motion, without requesting jurisdictional discovery by motion. See docket no. 759. On June 3, 2013, Soundmouse filed its reply in support of its motion. *See* docket no. 791. On July 31, 2013, well after the briefing on

1

the motions to dismiss or transfer was complete, Blue Spike filed this underlying motion, seeking jurisdictional discovery by motion for the first time. *See* docket no. 902.

Blue Spike's request for jurisdictional discovery is too late. The time for Blue Spike to request jurisdictional discovery was immediately after the filing of the motions to dismiss/transfer, not after all of the briefing had been completed. If Blue Spike was really interested in jurisdictional discovery (as opposed to trying to get a "second bite at the jurisdictional apple"), it should have requested jurisdictional discovery after Soundmouse filed its underlying motion. It did not do so, despite having over a month between the filing of Soundmouse's motion and Blue Spike filing its response. Instead, Blue Spike decided to allow Soundmouse to waste a significant amount of time and money reviewing and preparing briefs for the Court on the underlying issue, only to potentially have to revisit the very same issues in connection with Blue Spike's latest motion. The Court should therefore deny the request as too little, too late.

Moreover, permitting Blue Spike to engage in jurisdictional discovery at this juncture will further burden this Court. As the Court is aware, there are currently four (4) pending briefs from the parties regarding Soundmouse's motion to dismiss/transfer. If the Court grants the motion for jurisdictional discovery, there could be potentially four more briefs for the Court to have to read and consider, just from Blue Spike and Soundmouse alone. The Court already has a mountain of briefs pending before it for this case and the other consolidated cases. Soundmouse certainly does not want to add to this burden, and there is simply no need to double the amount of work that the Court has to do on this specific issue.

## II. There Is No Basis To Allow For Jurisdictional Discovery.

Further, the discovery requested by Blue Spike is not justified and will not lead to any additional information. The Federal Circuit has made clear that jurisdictional discovery is only permitted "where the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.' " *See* Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1283 (Fed. Cir. 2005). Blue Spike has not made a showing that the record before the Court is inadequate. The parties have fully briefed the issue and presented evidence on the issues.

Additionally, Blue Spike has not made the additional showing that it can supplement its allegations with discovery in any way. All Blue Spike has done is provide a list of certain topics on which it may seek discovery. *See* Motion, p. 2. Blue Spike provides no analysis as to why it believes there is any available discovery on any of these topics or how evidence in these topic areas will be any different that the statements made by Soundmouse in its previous motion or reply to the Court. *See* Joseph Leon Bowles, III v. Ranger Land Sys., Inc., No. 12-51255, 2013 U.S. App. LEXIS 12027, at *8, n.2 (5th Cir. June 14, 2013) (affirming the denial of jurisdictional discovery because the party "has made no reasonable particular allegations that cast any doubt on the extent of those contacts"); Jose Davlia v. United States of America, 713 F.3d 248, 264 (5th Cir. 2013) (noting that the plaintiff has the burden of proving the necessity of discovery).

Furthermore, the "evidence" cited by Blue Spike in its motion to justify the additional jurisdictional discovery is insufficient at best. Blue Spike alleges that the following "evidence" provides its basis for jurisdictional discovery:

> In its Response, Blue Spike outlined the basis for this Court's jurisdiction over Defendants (*sic*) – namely, the Defendant provides its infringing products and services to Texas musicians through Soundmouse's clients, including organizations like BMI, ASCAP, and SESAC, and that Soundmouse's infringing

3

>products are used continuously and systematically throughout Texas by Soundmouse's customers, including ABC, Discovery Communications, FOX news, FOX sports, Disney, ESPN Television, NBC Universal, and Sony Pictures Television.

*See* Motion, p. 1-2. Blue Spike then cites to Exhibits 1-4 of docket number 759 to allegedly support these allegations.

However, an examination of these Exhibits demonstrates that Blue Spike has no basis to make these allegations. For instance, Exhibit 1 proves that Soundmouse has a relationship with British companies (*e.g.,* ITV, Channel 4, BSkyB, etc.), not Texas or US entities. Exhibit 2 states that ASCAP is "testing" Soundmouse's services and indicates that ASCAP is considering other third parties, and most importantly, there is no indication from this Exhibit that any Soundmouse services are being done in Texas by Soundmouse or ASCAP. Exhibit 3 consists of pages from Soundmouse's website, which again makes no indication whatsoever that Soundmouse or any third party is employing any Soundmouse services for Texas. Exhibit 4 indicates that Soundmouse has provided services to certain news and television entities, but does not indicate that any services were done in Texas or for any Texas entities or persons.

As established in Soundmouse's motion to dismiss/transfer and the reply in support thereto, there is nothing purposeful with respect to Soundmouse's conduct. Soundmouse's alleged infringing conduct occurs in England, not in Texas. Plaintiff's response brief provides no evidence to the contrary. The extent of Plaintiff's rebuttal evidence is Plaintiff printing out pages from Soundmouse's website and alleging that Soundmouse "*must* employ its infringing technology in Texas." This is not evidence.

Simply put, the request for jurisdictional information is a fishing expedition because Blue Spike knows that it has not met its burden to defeat dismissal, and therefore is desperate to find anything to attempt to keep this case from dismissal. Nevertheless, Blue Spike's desperation

does not support the requirements to grant jurisdictional discovery and certainly does not justify the additional costs and burden to be placed on Soundmouse and this Court if the Court were to grant the request for jurisdictional discovery. *See* <u>Miles Bramwell USA, LLC v. Weight Watchers Int'l, Inc.</u>, Case No. 4:12-CV-292, 2013 U.S. Dist. LEXIS 60745, at *12 (E.D. Tex. Mar. 27, 2013) (denying a request for jurisdictional discovery where the plaintiff failed to assert sufficient facts because "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted).

### III. **Conclusion.**

There has been no showing that Soundmouse has failed to provide any information with respect to their contacts with Texas (or lack thereof). Blue Spike has furthermore failed to demonstrate why the information before the Court is specifically inadequate for it to rule on the motions to dismiss or transfer, or how the additional information will allow Blue Spike to supplement its allegations regarding juridiction. For these reasons, the Court should deny the pending motion and move to rule on the papers currently pending before the Court.

Alternatively, if the Court were to grant jurisdictional discovery, Soundmouse requests that the Court require Blue Spike to reimburse Soundmouse for all monies spent to prepare and review the papers currently pending before the Court regarding Soundmouse's motion to dismiss or transfer. It is unreasonable and unfair to require Soundmouse to have to re-draft motions when those redundant costs could have easily been avoided had Blue Spike timely brought its request for jurisdictional discovery.

5

Respectfully submitted,

/s/ Ryan T. Beard_____
Eric B. Meyertons
  Texas State Bar No. 14004400
  emeyertons@intprop.com
Ryan T. Beard
  Texas State Bar No. 24012264
  rbeard@intprop.com

MEYERTONS, HOOD, KIVLIN, KOWERT &
GOETZEL, P.C.
1120 South Capital of Texas HWY
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR SOUNDMOUSE**

**CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 16th day of August 2013.


/s/ Ryan T. Beard