### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § § | Jury Trial Demanded |
| *Defendants*. | § § § § § | |

### ORDER DENYING DEFENDANT SOUNDHOUND'S MOTION TO TRANSFER

On this day came for consideration SoundHound, Inc.'s ("Defendant's") Motion to Transfer Plaintiff Blue Spike, LLC's Complaint in the above-captioned proceeding pursuant to 28 U.S.C. § 1404(a). Having considered both Defendant's motion and supporting papers and Blue Spike, LLC's opposition and supporting papers, the Court is of the opinion that said motion should be DENIED.

The defendant SoundHound's accused products and services are similar to the accused products of many of the other named-defendants in this action. By granting Defendant's motion, the Court would consequently split this action involving the same asserted patents and allegations of infringement as well as similar accused products and services into parallel co-pending actions. The Eastern District of Texas would unavoidably risk duplicative proceedings involving the same or similar issues between two different district courts.

In addition, the inventor of the patents-in-suit lives and resides in the Eastern District of Texas and suffers from a serious health condition that makes travel to distant

forum a serious impediment. By granting Defendant's motion, this Court would consequently be requiring Mr. Moskowitz to travel back and forth across the country to defend his patent rights. The health concerns of a witness or party are an important consideration in the transfer analysis and in this case those concerns weigh against transfer.

Defendant's other arguments regarding public and private interest factors are unpersuasive. Defendant claims that all of its sources of proof are found in the Northern District of California as well as its witnesses. However, the sources of proof and witnesses for the Plaintiff are found in the Eastern District of Texas. Litigation is inconvenient. This Court will not shift the inconvenience of litigation from one party to another without a clear showing that the requested forum is clearly more convenient.

IT IS HEREBY ORDERED that Defendant's Motion to Transfer is hereby denied on the grounds that the Northern District of California is not clearly more convenient than the Eastern District of Texas.

IT IS SO ORDERED.