UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
| *Defendants.* | § § § | |

**BLUE SPIKE'S REPLY IN SUPPORT OF ITS MOTION FOR JURISDICTIONAL DISCOVERY FROM SOUNDMOUSE [DKT. 902]**

Plaintiff Blue Spike, LLC files this Reply in Support of its Motion to Authorize Jurisdictional Discovery From Defendant Soundmouse, Ltd. (the "Motion") (Dkt. 902).

**I.    Blue Spike's Request for Jurisdictional Discovery Is Timely.**

Soundmouse asserts that "Blue Spike's request for jurisdictional discovery is too late." Dkt. 924 at 2. Soundmouse cites no authority to support this assertion; unsurprisingly, no such authority exists. Blue Spike filed its Motion approximately three-and-a-half months after Soundmouse filed its motion to dismiss. *See id.* at 1. The Court has never held or even implied that waiting three-and-a-half months to request jurisdictional discovery is too long. Instead, the Court has allowed jurisdictional discovery more than eight months after a motion to dismiss. *See, e.g., TQP Dev., LLC v. CHS, Inc.*, No. 2-11-cv-00397-MHS-RSP (Dkt. No. 220), at 3 (E.D. Tex. Sept. 21, 2012); *Dietgoal Innovations LLC v. Arby's Restaurant Group, Inc.*, No. 2:11-cv-00418-MHS-CMC (Dkt. No. 547), at 9-10 (E.D. Tex. Sept. 25, 2012).

1

Controlling authority holds that Blue Spike "is entitled to jurisdictional discovery" if the Court "concludes that the existing record is insufficient to support personal jurisdiction" and "a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (quoting *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000)) (internal quotation marks omitted). This principle is not subject to a time limitation. *Accord Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1322-24 (Fed. Cir. 2005) (because plaintiff demonstrated that jurisdictional discovery was justified, district court abused its discretion by ruling that plaintiff had moved for the discovery "too late"). Soundmouse's timeliness argument is groundless.

## II.  Blue Spike Has Provided a Basis for Jurisdictional Discovery.

Blue Spike is entitled to jurisdictional discovery because it has made a "preliminary showing" that "suggest[s] with reasonable particularity the possible existence of the requisite contacts between" Soundmouse "and the forum state." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The required showing is "less than a prima facie showing,"[1] which is itself a "low threshold."[2] *See Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) ("It would . . . be counterintuitive to require a plaintiff, prior to

---

[1] *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012).
[2] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 n.8 (5th Cir. 2000); *see also* 5B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE JURISDICTION 3D §1351 (burden to make prima facie showing of personal jurisdiction "normally is not a heavy one").

conducting discovery, to meet the same burden" of alleging jurisdictional facts "that would be required in order to defeat a motion to dismiss."). Here, Blue Spike has already presented evidence that Soundmouse's infringing products and services are used by Texas residents and by entities that operate continuously and systematically throughout Texas. *See* Dkt. 759 at 5, Exs. 1-4. The Court necessarily views this evidence—some of which comes from Soundmouse's own website—in the light most favorable to Blue Spike, drawing all reasonable inferences in Blue Spike's favor. *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 327 (5th Cir. 1996). This jurisdictional evidence supports a prima facie case for personal jurisdiction, allowing the Court to issue an outright denial of Soundmouse's Rule 12(b)(2) defense. It would therefore be an abuse of discretion to deny jurisdictional discovery, which requires only a "preliminary showing" of contacts between Soundmouse and the forum state. *Fielding*, 415 F.3d at 429. Blue Spike's "right to conduct jurisdictional discovery should be sustained." *Id.*; *contra* Dkt. 924 at 3.

Soundmouse argues that, before requesting jurisdictional discovery, Blue Spike must first show that "the record before the Court is inadequate" to support personal jurisdiction. *Id*. Blue Spike is not required to make such a showing. Such a requirement would make no sense; it would incentivize plaintiffs seeking discovery not to adduce any jurisdictional evidence. The actual rule is that the Court is supposed to examine the record as it is (including Blue Spike's jurisdictional evidence) to determine whether it is "insufficient to support personal jurisdiction." *Trintec*, 395 F.3d at 1283.

The matter is simple. Soundmouse claims that it has insufficient connections with Texas. Blue Spike has already offered evidence to the contrary, showing that Soundmouse has the requisite contacts to support the exercise of personal jurisdiction. *See, e.g.*, Dkt. 759 at 5, Exs. 1-4. Even so, jurisdictional discovery is appropriate, as it will help illuminate the true extent of Soundmouse's Texas connections. *See* Dkt. 902 at ¶5, Exs. 1-3. Nothing more is required to establish Blue Spike's right to jurisdictional discovery. *See Commissariat A L'Energie Atomique*, 395 F.3d at 1323 (holding that plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forums state] market; [defendant's] knowledge that its products were being shipped to [the forum state]; [and] its design and marketing efforts directed to the U.S. market," including the forum state); *In re Fort Totten Metrorail Cases*, 756 F. Supp. 2d 132, 138 (D.D.C. 2010) (holding plaintiff's motion for jurisdictional discovery was sufficiently detailed where it stated that plaintiff sought discovery of sales data and defendant's knowledge regarding the ultimate destination of its products).

### III. Soundmouse Is Not Entitled to Reimbursement for Ordinary Litigation Expenses.

Last, Blue Spike asks the Court to reject Soundmouse's request for reimbursement of past litigation expenses if the Court grants Blue Spike's motion for jurisdictional discovery. Dkt. 924 at 5. There is no basis for sanctioning Blue Spike for filing a meritorious motion. *See* FED. R. CIV. P. 11(c) (explaining when sanctions are appropriate).

For these reasons plus those contained in the Motion (Dkt. 902), Blue Spike respectfully reiterates its request for authorization to conduct jurisdictional discovery.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
　Lead Attorney
　Texas Bar No. 24038912
　rgarteiser@ghiplaw.com
Christopher A. Honea
　Texas Bar No. 24059967
　chonea@ghiplaw.com
Christopher S. Johns
　Texas Bar No. 24044849
　cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
　California Bar No. 289043
Peter S. Brasher
　California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

    I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 26, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                      /s/ Randall T. Garteiser
                                                      Randall T. Garteiser