UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
| *Defendants.* | § § § § | |

**BLUE SPIKE LLC'S SUPPLEMENTAL SURREPLY TO THE AUDIBLE MAGIC DEFENDANTS' MOTION TO TRANSFER VENUE [DKT. 771]**

Audible Magic—joined by several codefendants—filed a motion to transfer venue to the Northern District of California on May 22, 2013. *See* Dkt. 771. Then, on July 15, 2013, Audible Magic amended its answer to include "[c]ounterclaims against Blue Spike, LLC, Blue Spike, Inc., and Scott A. Moskowitz." *See* Dkt. 885. Because Blue Spike, LLC is the only plaintiff in this case, the "counterclaims" against Blue Spike, Inc. and Scott Moskowitz are actually attempts to implead new parties. Audible Magic did not seek leave of court to implead them, as it was required to do. The potential new parties have not made an appearance or filed any papers with the Court.[1] Even so, Audible Magic's "counterclaims" defeat its transfer motion, as Audible Magic has not satisfied its prima facie burdens of showing (1) that the Northern District of California would have personal jurisdiction over all

---

[1] Blue Spike, LLC's firm—Garteiser Honea, P.C.—did not represent Scott Moskowitz or Blue Spike, Inc. when Audible Magic filed its counterclaims. The new parties later hired the firm, which agreed to accept service for them. Even so, this supplemental surreply is filed exclusively on behalf of Blue Spike, LLC. It is not made on behalf of the new parties, who have not answered yet and who may have defenses to assert in their pre-answer motions or answers.

1

the potential defendants, including Blue Spike, Inc. and Moskowitz,[2] or (2) that the Northern District of California would be a clearly more convenient forum once Blue Spike, Inc.'s and Moskowitz's interests are considered.

"[S]ubject matter jurisdiction, personal jurisdiction, and venue must all properly lie in the transferee court before a case can be transferred." *Am. Home Mortgage Servicing, Inc. v. Triad Guar. Ins. Corp.*, 714 F.Supp.2d 648, 651 (N.D. Tex. 2010). A transfer movant bears the burden of establishing that all these requirements are met. *Id.* at 650; *see also Stragent LLC v. Audi AG*, No. 6:10-cv-227 LED-JDL, 2011 WL 2912907, at *3 (E.D. Tex. July 18, 2011) (holding that transfer proponents "have the *prima facie* burden to prove that both personal jurisdiction and venue are appropriate for all defendants in the transferee court"). Audible Magic has not addressed these issues since attempting to add Blue Spike, Inc. and Moskowitz as parties, thus failing to carry its burden of showing that the Northern District of California would have personal jurisdiction over them.

Nor has Audible Magic even attempted to show that venue would be "clearly more convenient" in the Northern District of California now that Blue Spike, Inc. and Moskowitz are parties. *In re Volkswagen of Am., Inc.*, 545 F. 3d 304, 315 (5th Cir. 2008) (en banc). Under 28 U.S.C. §1404(a), Audible Magic must demonstrate that transfer would clearly increase convenience given the interests of *all* parties, including the new parties. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("There is clearly nothing in §1404(a) which limits the application of the terms

---

[2] Blue Spike, Inc. and Scott Moskowitz count as "defendants" in this context. *See Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 839 (9th Cir. 2010) ("Under Federal Rule of Civil Procedure 13, a party is the 'defendant' against a counterclaim.").

'parties' and 'witnesses' to those involved in an original complaint. Given the broad generic applicability of the term 'parties' and the term 'witnesses,' such terms contemplate consideration of the parties and witnesses in all claims and controversies properly joined in a proceeding."). Audible Magic has not carried that burden.

In truth, Audible Magic's failure to account for the new parties is only part of the problem. As Blue Spike already explained, transfer has always been improper for several reasons: (1) the Audible Magic Defendants have not shown that this case could have been brought in the Northern District of California in the first place; (2) paramount considerations of judicial efficiency weigh heavily against transfer, as the case against the Audible Magic Defendants is deeply intertwined with others in this District; (3) the serious health condition of Moskowitz—Blue Spike's CEO and inventor and an essential witness in the case—prevents transfer; and (4) the other public and private interests do not make the Northern District of California "clearly more convenient" than this District. Now, Audible Magic further defeats the case for transfer by impleading new parties without considering whether the new parties are subject to suit in California and without considering the transfer factors as they relate to the new parties.

Last, like the many transfer decisions cited in Blue Spike's previous briefing, the Court's most recent transfer decisions further undermine the case for transfer. *See, e.g.*, *SimpleAir, Inc. v. Microsoft Corp.*, Case 2:11-cv-00416-JRG, Order & Op., Dkt. 416, at (E.D. Tex. Aug. 9, 2013) (attached as Ex. 1) (denying transfer because,

as here, some groups of consolidated defendants had asked for transfer to different districts while others had not, meaning the case would "be split into three parallel co-pending actions involving the same asserted patents . . . and unavoidably risk duplicative proceedings involving the same or similar issues between three different district courts and give rise to the inherent danger of potentially inconsistent rulings and constructions"); *Uniloc USA, Inc. v. Distinctive Dev. Ltd.*, Case 6:12-cv-00462-LED, Mem. Op. & Order, Dkt. 58, at 14-15 (E.D. Tex. Aug. 5, 2013) (attached as Ex. 2) (denying transfer and explaining that "it is highly inefficient to transfer a related case when," as here, "the Court must already oversee [a plaintiff's other] cases involving the patent-in-suit"). As in *SimpleAir* and *Uniloc*, a transfer here would guarantee that multiple federal courts would have to decide identical issues—including claim construction and whether technology similar to Audible Magic's technology infringes the patents. Indeed, multiple courts would have to decide whether Audible Magic's exact technology infringes the patents-in-suit, since at least one of Audible Magic's customers (Entropic) has chosen to defend itself in this District rather than join the transfer motion. *See* Dkt. 923 at ¶27 (Blue Spike's claims against Entropic are based partly on Entropic's use of Audible Magic technology).

      For all of these reasons, plus those contained in Blue Spike's previous briefing, Blue Spike asks the Court to deny the transfer motion.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

  I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 27, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                  /s/ Randall T. Garteiser
                Randall T. Garteiser