IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,**<br><br>  *Plaintiff*,<br><br>v.<br><br>**TEXAS INSTRUMENTS, INC.,** *et al.*,<br><br>  *Defendants*. | Civil Action No. 6:12-CV-499-MHS<br><br>LEAD CASE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSED MOTION TO AUTHORIZE JURISDICTIONAL
DISCOVERY ON DEFENDANT AGNITIO CORP.**

  Plaintiff Blue Spike, LLC ("Blue Spike") respectfully moves the Court for leave to serve jurisdictional discovery on Agnitio Corp. ("Agnitio") before the Rule 26(f) conference. Blue Spike has served and Agnitio agreed to respond to seven interrogatories on the issue of Jurisdictional discovery. After reviewing and discussing Agnitio's responses, the parties have agreed to meet and confer on the issue of further discovery specifically Requests for Production. The parties disagree with regard to Rule 30(b)(6) Depositions. In support of its Motion, Blue Spike will show the following.

  1.  Plaintiff filed its Amended Complaint for Patent Infringement against Agnitio Corp. on February 6, 2013.

  2.  On April 23, 2013, Agnitio filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), alleging inter alia, that this Court lacked personal jurisdiction over Agnitio. Dkt. 679.

  3.  Blue Spike filed a Response in Opposition to the Motion to Dismiss with an alternative request for jurisdictional discovery on May 24, 2013. Dkt. 779. In its Response,

Blue Spike outlined the basis for this Court's jurisdiction over Defendants—namely, that Defendant's infringing products are directed at and are used in Texas. *See id.* at 5.

4. Agnitio filed a Reply on June 3, 2013, [Dkt. 793] and Blue Spike filed a surreply reiterating its alternative request for jurisdictional discovery on June 20, 2013 [Dkt. 832].

5. This discovery, attached to this Motion as Exhibits 1 through 3, will primarily ask for information about the following issues: (1) Defendants' solicitation of customers, prospective employees, and business in Texas; (2) the extent of Defendants' facial recognition activities within Texas or concerning Texas sources; (3) Defendants' collection of data and other information from sources within Texas; (4) Defendants' sales or distribution of products and services that reach Texas consumers; (5) Defendants' creation or use of sales networks or relationships that reach into Texas; and (6) the operational and organizational relationship between the Defendants. Other discovery may be necessary as well, but these items are indisputably relevant to Defendants' claims that it does not conduct business in Texas or this District.

6. The requested discovery and disclosures will also provide Blue Spike with additional evidence to include in an Amended Complaint and submit in an amended opposition to Defendants' Motions to Dismiss. These are additional reasons for the Court to authorize the requested discovery and disclosures. *See Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (holding that jurisdictional discovery is appropriate where party demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("jurisdictional discovery is within the trial court's discretion and will not

be disturbed ordinarily unless there are unusual circumstances showing a clear abuse"); *Keranos, LLC v. Analog Devices, Inc.*, 2011 U.S. Dist. LEXIS 102618, *33-34 (E.D. Tex. Sept. 12, 2011).

      7.    Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), and for the reasons stated above, Blue Spike respectfully requests that the Court grant this Motion. Specifically, Blue Spike requests: (1) that it be allowed to propound the attached interrogatories and requests for production to Defendants dealing specifically with jurisdictional issues; (2) that these discovery requests not count against the limited number of discovery requests available to Plaintiff under the Federal Rules of Civil Procedure and this Court's local rules; (3) that it be allowed to depose Rule 30(b)(6) representatives most knowledgeable about the jurisdictional issues raised by Defendants; (4) that the Defendants be ordered to produce all documents and information relevant to its jurisdictional defenses within 30 days; and (5) that Blue Spike be allowed to file an amended Response to Defendants' Motions to Dismiss and an Amended Complaint after conducting this discovery.

      WHEREFORE, Blue Spike prays that the Court grant its Motion and enter an order authorizing the requested discovery and mandating the requested disclosures.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com

Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-0828
Facsimile:  (903) 526-5477

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

*Counsel for Blue Spike LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                                                    /s/ Randall T. Garteiser

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Plaintiff and counsel for Defendant had personal conferences by telephone on June 27, 2013 and July 18, 2013. Christopher A. Honea, Peter S. Brasher, and I, lead counsel, participated on behalf of the Plaintiff, Blue Spike, LLC. Michael T. Murphy, lead counsel, Daniel I. Hwang, Jennifer K. Ayers, and Steven Schortgen participated on behalf of the Defendant, Agnitio Corp. During these conferences, the participants gave each other the opportunity to express his or her views concerning the dispute. Moreover, the participants compared views and discussed the issues in an attempt to resolve their differing views. The participants sincerely attempted to present the merits of their respective positions and meaningfully assess the relative strength and weaknesses of their positions. Despite meeting and conferring in good faith, the discussion conclusively ended in an impasse, leaving an open issue for the court to resolve. Thus this motion is opposed. Local Rule CV-7(i).

                                                                                    /s/ Randall T. Garteiser