UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | Case No. 6:12-cv-499-MHS |
| v. | § | Lead Case |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| *Defendants*. | § | |

**BLUE SPIKE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL SURREPLY TO THE AUDIBLE MAGIC DEFENDANTS' MOTION TO TRANSFER VENUE [DKT. 771]**

The issue before the Court is whether Audible Magic defeated its own transfer motion by subsequently impleading parties (Blue Spike, Inc. and Scott Moskowitz) that are not subject to personal jurisdiction in the proposed transferee forum (the Northern District of California). "The party seeking transfer bears the burden of demonstrating that all parties would be subject to the personal jurisdiction of the transferee court in order to effect transfer." *Johnson v. Kapok Mgmt., LP*, No. 2:06-CV-0049 J, 2006 WL 2859371, at *5 (N.D. Tex. Oct. 6, 2006). Audible Magic has failed to carry that burden, making transfer impermissible.

Audible Magic tries to build a case for personal jurisdiction by citing allegations in its own amended answer and counterclaims (*see* Dkt. 942 at 2-3). Those allegations make the remarkable claim that Moskowitz and Blue Spike, Inc. stole the intellectual property of Audible Magic's predecessor, but of course "it is well settled that allegations in pleadings are not evidence" in the personal-jurisdiction analysis. *Juniper Networks, Inc. v. SSL Servs., LLC*, No.

1

C 08-5758 SBA, 2009 WL 3837266, at *3 (N.D. Cal. Nov. 16, 2009), *aff'd*, 404 F.App'x 499 (Fed. Cir. 2010). Audible Magic also tries to build a case for personal jurisdiction with its CEO's declaration that *evidence* about alleged interactions (not the actual interactions themselves) is located in the Northern District of California:

> Evidence regarding interactions between . . . Scott Moskowitz and Blue Spike, Inc. . . . and employees of Audible Magic's predecessor company Muscle Fish, LLC are located in Los Gatos, California and Berkeley, California . . . . Moskowitz . . . and Blue Spike, Inc. had interactions with Muscle Fish, LLC, on behalf of Blue Spike, Inc., in the late 1990s.

Dkt. 942 at 3.[1] The location of "evidence regarding interactions" plays no part in the analysis of personal jurisdiction. And the mere fact that Moskowitz and Blue Spike, Inc. allegedly "had interactions" (at some unspecified place) with Audible Magic's predecessor likewise has no bearing on the jurisdictional analysis. Audible Magic has failed to cite actual evidence that Moskowitz and Blue Spike, Inc. have had *any* contacts with California, period, much less any contacts with California "arising out of or related to" Audible Magic's particular counterclaims, as required for "specific jurisdiction." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 312 & n.2 (5th Cir. 2007).

Even if one accepted Audible Magic's jurisdictional allegations as true, those allegations still would not show that Blue Spike, Inc. and Scott Moskowitz are subject to personal jurisdiction in California. As Audible Magic

---

[1] Audible Magic incorrectly cites the declaration as Dkt. 916-2 ¶5 (*see* Dkt. 942 at 3); the actual language is from Dkt. 771-2 ¶18. Audible Magic cites another Ikezoye declaration filed in support of another consolidated defendant's transfer motion.

acknowledges, determining whether the Northern District of California has personal jurisdiction over foreign defendants involves a multi-part test. *See* Dkt. 942 at 2 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). Audible Magic has not even addressed the final part of the test: whether the exercise of jurisdiction over Moskowitz and Blue Spike, Inc. would "comport with fair play and substantial justice." *Id*. Here, Audible Magic fails the test's fair-play prong for multiple reasons: Audible Magic has put on zero evidence that the new counter-defendants had any contacts with California; Audible Magic's bare allegations deal with interactions that happened more than 15 years ago (*see* Dkt. 942 at 2-3); and Scott Moskowitz's serious health problems would make litigating in California difficult or impossible for the counter-defendants (*see* Dkt. 845-2, Moskowitz Decl. ¶¶8, 11).

    For these reasons plus those contained in Blue Spike's prior briefing, Blue Spike respectfully asks the Court to deny Audible Magic's transfer motion.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## Certificate of Service

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on September 4, 2013.

                                                   /s/ Randall Garteiser