IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br>    Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.,<br>    Defendant. | 6:12-cv-00499-MHS<br>LEAD CASE |
| BLUE SPIKE, LLC,<br>    Plaintiff,<br><br>v.<br><br>AGNITIO CORP.,<br>    Defendant. | 6:13-cv-00129-MHS<br>CONSOLIDATED CASE |

**DEFENDANT AGNITIO CORP.'S OPPOSITION TO PLAINTIFF'S
OPPOSED MOTION TO AUTHORIZE FURTHER JURISDICTIONAL DISCOVERY**

**I.     INTRODUCTION.**

Even though Defendant Agnitio Corp. ("Agnitio") provided two sworn declarations, willingly answered eight (8) interrogatories and willingly supplemented those interrogatory responses at Plaintiff Blue Spike, LLC's ("Blue Spike") request, Blue Spike now claims that it requires even more jurisdictional discovery to determine whether Agnitio is subject to this Court's jurisdiction.

Since filing its Motion to Dismiss for Lack of Personal Jurisdiction, Agnitio has cooperated with Blue Spike's request for additional information regarding Agnitio's lack of jurisdictional contacts with this forum. When Blue Spike initially approached Agnitio to obtain jurisdictional discovery, Agnitio *voluntarily agreed* to provide answers and responses to Blue Spike's interrogatories *in exchange for* Blue Spike's agreement to forego a jurisdictional

30(b)(6) deposition. Blue Spike, apparently unhappy that the facts do not show sufficient contacts with the forum, now "backtracks" from its agreement and asks the Court to permit a 30(b)(6) deposition, and also to serve document requests. Because Blue Spike failed to (1) identify specifically the additional information that it requires to respond to Agnitio's Motion to Dismiss for Lack of Personal Jurisdiction[1] or (2) explain why Agnitio's interrogatory responses are insufficient, Blue Spike has not met its burden of proving the necessity of additional discovery. Accordingly, Agnitio opposes Blue Spike's Motion and respectfully requests that the Court deny Blue Spike's request for additional jurisdictional discovery, including denying Blue Spike's request for leave to serve additional interrogatories, requests for production of documents, or a 30(b)(6) deposition notice.

II.     **ARGUMENT & AUTHORITIES.**

   A.     **Agnitio Made Good Faith Efforts to Provide Jurisdictional Information.**

Agnitio has already provided more than enough information to show it is not subject to personal jurisdiction in the State of Texas. On April 23, 2013, Agnitio filed its Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 679) attaching declarations and information in support. The parties filed a response, reply, and surreply, and the Motion to Dismiss for Lack of Personal Jurisdiction is fully briefed. *See* Dkt. Nos. 779, 793, and 832.

Despite Agnitio's two sworn declarations in support of its Motion to Dismiss, Blue Spike, in an effort to manufacture facts supporting its attempt to obtain jurisdiction over Agnitio, continued to press Agnitio for additional information. In exchange for Blue Spike's agreement to forego its request for a jurisdictional 30(b)(6) deposition, Agnitio agreed to: 1) provide answers to Plaintiff's First Set of Interrogatories, and 2) reserve discussion on Plaintiff's

---

[1] Blue Spike's Motion for Jurisdiction Discovery failed to attach the Requests for Production, 30(b)(6) Notice, or any other jurisdictional discovery that Blue Spike seeks leave to serve.

potential requests for production. *See* Declaration of Daniel Hwang ("Hwang Decl."), attached hereto as Exhibit 1, at ¶¶2–4.

Pursuant to the parties' agreement, Agnitio served its objections and its answers to Blue Spike's jurisdictional interrogatories on July 3, 2013. *See* Hwang Decl., at ¶5. After meeting and conferring regarding Agnitio's answers and objections to the interrogatories, Plaintiff clarified certain interrogatories and requested that Agnitio supplement its responses. On August 26, 2013, Agnitio agreed to further supplement its answers by August 30, 2013. *See* Hwang Decl. at ¶6. Despite Agnitio's agreement to supplement, Blue Spike filed its Opposed Motion to Authorize Jurisdictional Discovery on Defendant Agnitio Corp. on August 27, 2013. Pursuant to the parties' agreement, and despite Blue Spike's Motion, Agnitio served supplemental answers to Plaintiff's First Set of Interrogatories on August 30, 2013. *See* Hwang Decl. at ¶8.

Agnitio's Declarations, Responses and Supplemental Responses clearly show that it lacks the minimum contacts necessary for this Court to assert jurisdiction over it. Blue Spike is undeterred and, in an effort to increase the costs of litigation and maximize the burden on an out-of-state Defendant, seeks unspecified and unidentified "additional" jurisdictional discovery.

    **B.    Blue Spike Has Not Provided Any Facts, Reason or Description as to How Further Discovery Will Produce Evidence Establishing the Propriety of Personal Jurisdiction.**

Before the Court may authorize any additional jurisdictional discovery, Blue Spike must assert some specific facts that it hopes to obtain from the discovery. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000) (affirming denial of additional jurisdictional discovery and finding that parties seeking to assert jurisdiction did not sufficiently describe the requested jurisdictional discovery nor how the jurisdictional discovery could produce evidence establishing the propriety of jurisdiction over the party arguing against it)

("this Court affirms denials of discovery on questions of personal jurisdiction in cases where discovery sought could not have added any significant facts").

Blue Spike's boilerplate Motion, which closely resembles those filed against other defendants in this Consolidated Action, fails to satisfy this burden. Instead of identifying the additional information it needs to respond appropriately to Agnitio's Motion to Dismiss, Blue Spike merely states that it will "primarily ask for information about" a generalized list of generic issues that it has obviously cut-and-pasted from a motion against another group of defendants in this case.[2]

> This discovery, **attached to this Motion as Exhibits 1 through 3**, will primarily ask for more information about the following issues:
> (1) **Defendants'** solicitation of customers, prospective employees, and business in Texas;
> (2) the extent of Defendants' **facial recognition** activities within Texas concerning Texas sources;
> (3) Defendants' collection of data and other information from sources within Texas;
> (4) Defendants' sales or distribution of products and services that reach Texas consumers;
> (5) Defendants' creation or use of sales networks or relationships that reach into Texas; and
> (6) the operational and organizational **relationship between the Defendants**.

*See* Dkt. 936, ¶5 (emphasis added).

Many of these generalized request, however, have no bearing on Agnitio. For example, Blue Spike apparently mistakes the allegations it made against Agnitio for the allegations it made against other, related Defendants, in the Consolidated Action, and requests information about the "relationship between the Defendants.". Dkt. 936. Furthermore, as previously explained to Blue Spike on multiple occasions, Defendant Agnitio is a *voice biometrics solutions company and does not have any products related to facial recognition activities anywhere*. Dkt. 679 at pp. 2–3; (Blue Spike incorrectly alleges in its complaint that Agnitio designs, develops and manufactures fingerprint-based biometric software, systems, and technology). Given these

---

[2] This motion is virtually identical to Plaintiff's Motions for Jurisdictional Discovery against other defendants. *See* Dkt. Nos. 812 and 902, at ¶¶5-7.

problems, Agnitio fails to see how Blue Spike's generic request for additional jurisdictional discovery specifically identifies the information it hopes to obtain from Agnitio. This is especially true in light of Blue Spike's *failure to attach any discovery to its Motion*. Dkt. 936.

Finally, Blue Spike failed to provide *any* evidence that shows how the information it requests is necessary in light of Agnitio's prior interrogatory responses. Agnitio's original and supplemental interrogatory responses have already answered each and every one of Blue Spike's generic jurisdictional questions. *See* Hwang Decl., Exs. B and C. Furthermore, almost all of Blue Spike interrogatories were originally answered in the two declarations that Agnitio submitted in support of its Motion to Dismiss. *See* Dkt. Nos. 679 and 793.

Because Blue Spike's Motion does not indicate any specific reason to justify propounding any further jurisdictional discovery on Agnitio, it should not be allowed to continue harassing Defendant Agnitio for more information with generic and incorrect fishing questions simply because it is unhappy with Agnitio's answers. *See* Dkt. 936, generally.

### III. Conclusion.

In light of (1) the amount of information Agnitio has already provided; (2) Blue Spike's agreement to forego a 30(b)(6) deposition; and (3) Blue Spike's failure to explain why it requires additional jurisdictional discovery, Defendant Agnitio respectfully requests that this Court deny Blue Spike's Motion including, but not limited to, denying Blue Spike's request to serve any additional interrogatories, requests for production, and a 30(b)(6) deposition notice. Agnitio also respectfully requests that this Court deny Blue Spike's request to amend its Response to Agnitio's Motion to Dismiss. In the alternative, if Blue Spike is allowed to file an amended Response, then Agnitio requests that the Court allow it to file an amended Reply to the same.

Dated: September 13, 2013

Respectfully submitted,

/s/ *Michael T. Murphy*
Steven G. Schortgen, *Lead Attorney*
  Texas State Bar No. 00794603
steve.schortgen@klgates.com
Jennifer Klein Ayers
  Texas State Bar No. 24069322
jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 *Facsimile*

Michael T. Murphy, *pro hac vice*
  michael.murphy@klgates.com
**K&L Gates LLP**
1601 K Street, NW
Washington, DC  20006-1600
202.778.9176
202.778.9176 *Facsimile*

**ATTORNEYS FOR
DEFENDANT AGNITIO CORP.**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, I certify that on September 13, 2013, I served a copy of the forgoing on all counsel of record who have appeared in this Action via the Court's ECF/CM system. Additionally, I certify that a copy of the exhibits attached to this Motion and filed under seal were served on counsel for Plaintiff's via electronic mail on September 13, 2013.

Dated: September 13, 2013                                /s/ *Michael T. Murphy*
                                                                                  Michael T. Murphy


**STATEMENT REGARDING THE FILING OF EXHIBITS UNDER SEAL**

Pursuant to Local Rule CV-5(a)(7), I hereby certify that a Motion to Filed Under Seal the exhibits attached in support of this Opposition was filed on September 13, 2013, and may be found at Dkt. 961.

Dated: September 13, 2013                                /s/ *Michael T. Murphy*
                                                                                  Michael T. Murphy