UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff,* | § § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § § | Jury Trial Demanded |
|     *Defendants.* | § § § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DKT. 941]**

Plaintiff Blue Spike, LLC opposes Entropic Communication Inc.'s motion to dismiss Blue Spike's First Amended Complaint, as the complaint pleads each of Blue Spike's claims with sufficient specificity.

**Legal Standards**

A motion to dismiss for failure to state a claim is governed by regional circuit law. *In re Bill of Lading Transmission & Processing System Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Under Fifth Circuit standards, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (applying the Fifth Circuit's standard); *see also Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "[D]etailed factual allegations" are not required; a complaint need only allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Specific to the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357; *see also Realtime Data, LLC v. Morgan Stanley*, 721 F.Supp.2d 538, 541 (E.D. Tex. 2010) ("A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief."). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.'" *Morgan v. Hubert*, 335 F.App'x 466, 470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

**Argument**

The Court should deny Entropic's motion because Blue Spike has pleaded its claims for induced infringement, contributory infringement, and willful infringement with sufficient specificity. *Contra* Dkt. 941 at 8-15.[1]

I. **Blue Spike Has Sufficiently Pleaded Induced Infringement.**

A party is liable for induced infringement if it knows or should know that it is inducing an act that constitutes patent infringement. *See* 35 U.S.C. § 271(b); *In re Bill of Lading*, 681 F.3d at 1339. Thus, to survive a motion to dismiss, a complaint alleging induced infringement must contain sufficient facts to plausibly show that the defendants intended a third party to infringe the patent at issue and knew the third party's acts constituted infringement. *Id.* at 1339. Answering the same arguments that Entropic makes in its motion, Magistrate Judge Love recently addressed the standards for pleading "knowledge" and "intent" for induced-infringement claims.

---

[1] Entropic complains that Blue Spike did not obtain leave to file the amended complaint. Dkt. 941 at 3-4. Blue Spike followed the Court's plain instructions established to minimize unncesssary motion practice and designed to avoid wasting judicial resources that do not address the merits of the case. *See* Ex. 7 (Judge Schnieder's Model Scheduling and Discovery Order at ¶2, reciting "Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks to add a new patent. Otherwise, a request for leave is not required.") Here, the parties are so early in the case that there is not even a date scheduled to even exchange infringement contentions or invalidity contentions. Blue Spike's amended complaint did add an additional patent. Thus, Blue Spike is in compliance with the Court's guidelines for filing an amended complaint without seeking leave from the Court. *See* Ex. 7 at ¶2 (citing Fed. R. Civ. P. 16(b)(1)). But if the Court wants Blue Spike to request leave to refile the amended complaint, Blue Spike will be happy to do so. Alternatively, for the sake of efficiency, Blue Spike asks the Court to treat this footnote as a request for leave, to grant the request, and to address the merits of Entropic's motion to dismiss.

The facts in *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012), were almost identical to those here, so Judge Love's Report and Recommendation are highly instructive and show why Blue Spike's complaint should not be dismissed. The defendants in *Patent Harbor*—like Entropic in this case—moved to dismiss the induced-infringement claims, arguing the plaintiff had "failed to allege that the Defendants had knowledge of the patent-in-suit." Cause No. 6:11-cv-229, Dkt. 486 at 9 (attached as Ex. 1). Judge Love rejected this argument because "the Complaint clearly alleges that the 'Defendants have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint.'" *Id.* Judge Love concluded that "[t]o the extent Defendants' arguments relate to Patent Harbor's failure to allege pre-suit knowledge, these arguments are unpersuasive" because "[f]ailing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" *Id.* (quoting *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)); *see also In re Bill of Lading*, 361 F.3d at 1345-46 (finding complaints that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" were sufficient when pleaded in conjunction with facts plausibly showing intent to induce).

Judge Love also rejected the argument—identical to Entropic's here—that dismissal was warranted based on the failure "to allege specific intent to induce

4

infringement." Ex. 1 at 9. A plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement." *Id.* (citing *In re Bill of Lading*, 681 F.3d at 1336). "Rather, the Complaint need only plead a plausible claim for relief." *Id.* Judge Love found that the complaint before him met this standard because its allegations—that "Defendants have knowledge of the [patent-in-suit], are infringing the patent by authoring DVDs with content addressable videos, and are contracting with others to author DVDs with content addressable videos"—gave rise to a plausible inference "that Defendants induced others to infringe the [patent-in-suit] by directing and controlling them through contract." *Id.* at 10. Critically, Judge Love noted that "although these allegations do not provide an extraordinary amount of detail regarding the elements of inducement, they nevertheless provide Defendants with sufficient notice of the allegedly unlawful conduct in which they engaged." *Id.* "[M]aking all reasonable inferences in favor of [the plaintiff]," it was "plausible to infer that Defendants induced third-party contractors to infringe" the patent-in-suit. *Id.* (citing *Bill of Lading*, 681 F.3d at 1340).

The Court should reject Entropic's arguments, which are virtually identical to those that Judge Love rejected in *Patent Harbor*. Entropic argues that Blue Spike has not pleaded sufficient facts to show intent, but Blue Spike alleges facts that are at least as compelling as those in *Patent Harbor*. For example, Blue Spike alleges that Entropic makes, uses, offers for sale, or imports into the U.S. products, systems, or services including its set-top box system-on-a-chip platform software,

5

systems, and technology, enabled with automatic content recognition, that infringe the patents in suit. Dkt. 923 at ¶27. The identification of these specific consumer products permits a reasonable inference that Entropic intends its customers to use them. Exhibits 2 through 5 of this opposition provide additional evidence that the accused products have specific infringing capabilities that Entropic is aggressively marketing in an effort to induce consumer use.[2] Exhibits 2 and 4 also suggest that Entropic is contracting with other companies to collaborate on infringing products, which, as explained above, was precisely what led Judge Love to conclude that the *Patent Harbor* plaintiff had adequately pleaded intent.

Entropic also argues that Blue Spike has not pleaded sufficient facts to show knowledge of the patents-in-suit, but Blue Spike expressly asserts that Entropic had such knowledge at least as early as the service of the complaint. Dkt. 941 at 10. *This exact wording* precluded dismissal in *Patent Harbor*. Ex. 1 at 9.[3] Additionally, Blue Spike alleges that Entropic likely knew of the patents pre-suit due to the patents' prominence. *See* Dkt. 923 at ¶¶36(a), 44(a), 52(a), 60(a). Such allegations

---

[2] Exhibits 2 and 4 are Entropic press releases touting the accused products' integration of automatic-content-recognition technology made by Audible Magic Corp. and Free Stream Corp. Blue Spike has sued both of these companies for infringement. *See* Case No. 6:12-cv-527, Dkt. 1 (Free Stream); Case No. 6:12-cv-576, Dkt. 1 (Audible Magic). Exhibits 3 and 5 provide more information about how this infringing technology works. Comparing this information to Blue Spike's description of its patents-in-suit, *see* Dkt, 923 at ¶¶21-25, it is easy to conclude that Blue Spike's infringement allegations are facially plausible.

[3] Entropic argues that Blue Spike's "at-least-as-early-as" language warrants dismissal of any pre-suit inducement claims. Dkt. 941 at 10. Entropic is mistaken; the exact date when Entropic acquired knowledge is a fact question that may be illuminated by discovery, so it would be premature to cut off pre-suit inducement claims now. The story would be different if Blue Spike had actually conceded a lack of pre-suit knowledge, but it has not done so. In fact, it has expressly alleged pre-suit knowledge. *See* Dkt. 923 at ¶¶36(a), 44(a), 52(a), 60(a).

suffice to show pre-suit knowledge. *See Novelpoint Sec. LLC v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-100, Dkt. 126 at 3 (E.D. Tex. July 22, 2013) (attached as Ex. 6).

## II.   Blue Spike Has Sufficiently Pleaded Contributory Infringement.

Entropic also argues that Blue Spike's allegations of knowledge are insufficient to maintain contributory-infringement claims. Dkt. 941 at 12. This argument fails for the same reason that it failed for Blue Spike's induced-infringement claims: "the Complaint clearly alleges that the 'Defendants have actual notice of the [patent in suit] at least as early as the filing of this Original Complaint.'" Ex. 1 at 9.[4] "Failing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims, as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" *Id*. (quoting *Lochner Techs.*, 2012 WL 2595288, at *3); *see also Achates Reference Supply Publ'g Co. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, Dkt. 303 at 2-3 ("[T]he Court finds that there is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement. While it is true that Achates will ultimately have to establish that Symantec had the requisite knowledge of the asserted patents at the time of each act of contributory infringement, Symantec does not cite any controlling authority suggesting that the Complaint itself is not sufficient to provide knowledge of the asserted patents for alleged acts of contributory infringement occurring during the pendency of the case.").

---

[4] Again, Entropic argues that at a minimum, Blue Spike's "at least as early as" language warrants dismissal of any pre-suit contribution claims. Dkt. 941 at 12. Entropic is mistaken for the reasons explained in note 3, above.

Entropic also complains that Blue Spike has not pleaded facts to permit an inference that the accused products have no substantial non-infringing use (Dkt. 941 at 8*),* but this argument is incorrect. The complaint specifically explains that the patents-in-suit are foundational to today's widespread content-recognition applications. Dkt. 923 at ¶2. Entropic advertises that the accused products integrate technologies whose only stated purpose is content recognition. *See* Exs. 2-5. At this stage, it is reasonable for the Court to infer that Entropic's accused products have no other non-infringing use—especially in light of Blue Spike's averment that they do not. *Cf. In re Bill of Lading*, 681 F.3d at 1339 (holding that plaintiff had not stated a claim for contributory infringement because, unlike Blue Spike's complaint against Entropic, the amended complaints in *In re Bill of Lading* "actually make clear on their face that Appellees' products do have substantial non-infringing uses"). It is true that the complaint itself does not contain extensive analysis of why the accused products have no substantial non-infringing uses, but as this Court has repeatedly held, a plaintiff need not plead "each individual element of a claim for indirect infringement" to survive dismissal. *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (denying a motion to dismiss that argued complaint was "deficient because it fails to allege the additional elements required to establish induced and contributory infringement").

Also critical, "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various

8

theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." *Id*. Applying this standard, Blue Spike has adequately pleaded both induced infringement and contributory infringement.

### III. Blue Spike Has Also Sufficiently Pleaded Willful Infringement.

Last, Entropic urges the Court to dismiss Blue Spike's willfulness claims, arguing that Blue Spike has not alleged any pre-lawsuit conduct that supports willful infringement. Dkt. 941 at 14-15. On the contrary, Blue Spike alleges that Entropic likely knew of Blue Spike's patents pre-suit due to the patents' prominence. *See* Dkt. 923 at ¶¶36(a), 44(a), 52(a), 60(a). Such allegations suffice to support a claim of pre-suit willful infringement. *See* Ex. 6 at 3. Separately, Blue Spike alleges that its original complaint, filed in February 2013, put Entropic on notice that it was infringing. *See* Dkt. 923 at ¶¶36(b), 44(b), 52(b), 60(b). This, too, is a legitimate basis for alleging willful infringement. *See Clouding IP, LLC v. Amazon.com, Inc.*, No. CA 12-641-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) (agreeing with plaintiff that "the time between the filing of the original complaint and the filing of the amended complaint should be deemed 'pre-filing' conduct . . . because Defendants did not cease their allegedly infringing activity following filing of the original complaints, their continued infringement[,] *after* the

9

filing of the original complaint but *before* the filing of the amended complaint[,] is willful.").

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Entropic's motion to dismiss.

Respectfully submitted,

  /s/ Randall T. Garteiser  
Randall T. Garteiser  
  Texas Bar No. 24038912  
  rgarteiser@ghiplaw.com  
Christopher A. Honea  
  Texas Bar No. 24059967  
  chonea@ghiplaw.com  
Christopher S. Johns  
  Texas Bar No. 24044849  
  cjohns@ghiplaw.com  
GARTEISER HONEA, P.C.  
218 North College Avenue  
Tyler, Texas 75702  
(903) 705-0828  
(903) 526-5477  

Kirk J. Anderson  
  California Bar No. 289043  
Peter S. Brasher  
  California Bar No. 283992  
**GARTEISER HONEA, P.C.**  
44 North San Pedro Road  
San Rafael, California 94903  
(415) 785-3762  
(415) 785-3805  

*Counsel for Blue Spike LLC*

## CERTIFICATE OF SERVICE

    I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 16th day of September, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                          /s/ Randall T. Garteiser
                                                          Randall T. Garteiser