UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, | § |
|     *Plaintiff*, | § Consolidated Civil Action No. 6:12-cv-00499-LED |
| v. | § |
| Texas Instruments, Inc. *et al.*, | § Jury Trial Demanded |
|     *Defendant*. | § |

**PLAINTIFF'S OPPOSITION TO DEFENDANT IMAGEWARE SYSTEMS, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. 940]**

Blue Spike, LLC's amended complaint is pleaded with sufficient specificity, making it proper to deny the motion to dismiss filed by Defendant ImageWare Systems, Inc. (Dkt. 940).[1]

**Legal Standards**

A motion to dismiss for failure to state a claim is governed by regional circuit law. *In re Bill of Lading Transmission & Processing System Patent*

---

[1] ImageWare complains that Blue Spike did not obtain leave of court to file the amended complaint. Dkt. 940 at 1. Blue Spike followed the Court's plain instructions established to minimize unncesssary motion practice and designed to avoid wasting judicial resources that do not address the merits of the case. *See* Ex. 7 (Judge Schnieder's Model Scheduling and Discovery Order at ¶2, reciting "Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks to add a new patent. Otherwise, a request for leave is not required.") Here, the parties are so early in the case that there is not even a date scheduled to even exchange infringement contentions or invalidity contentions. Blue Spike's amended complaint did add an additional patent. Thus, Blue Spike is in compliance with the Court's guidelines for filing an amended complaint without seeking leave from the Court. *See* Ex. 7 at ¶2 (citing Fed. R. Civ. P. 16(b)(1)). But if the Court wants Blue Spike to request leave to refile the amended complaint, Blue Spike will be happy to do so. Alternatively, for the sake of efficiency, Blue Spike asks the Court to treat this footnote as a request for leave, to grant the request, and to address the merits of ImageWare's motion to dismiss.

*Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Under Fifth Circuit standards, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (applying the Fifth Circuit's standard); *see also Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685 (2009). "[D]etailed factual allegations" are not required; a complaint need only allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Specific to the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357; *see also Realtime Data, LLC v. Morgan Stanley*, 721 F.Supp.2d 538, 541 (E.D. Tex. 2010) ("A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff

2

must plead sufficient factual allegations to show that he is plausibly entitled to relief."). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.'" *Morgan v. Hubert*, 335 F.App'x 466, 470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

**Argument**

**I.    Blue Spike Has Sufficiently Pleaded Indirect Infringement.**

ImageWare invokes the wrong standard for pleading indirect infringement.[2] *See* Dkt. 940 at 5-6. Both this Court and the Federal Circuit have recently clarified the standard, which Blue Spike's complaint clearly meets.

Indirect infringement can occur through inducement or contribution. *See* 35 U.S.C. §271(b), (c); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). Blue Spike's complaint alleges both. *See* Dkt. 919 at ¶¶35, 43, 51, 59. ImageWare does not address Blue Spike's allegation of inducement. By itself, this means that the amended complaint cannot be completely dismissed. Also preventing dismissal, Blue Spike's amended complaint properly pleads contributory infringement.

---

[2] ImageWare gets its erroneous pleading standard from a portion of *Realtime Data, LLC v. Morgan Stanley*, 721 F.Supp.2d 538, 544 (E.D. Tex. 2010). Yet ImageWare apparently missed that its citation is to the portion of the opinion authored by Magistrate Judge John Love—and that Judge Davis's introduction to the opinion clarifies that Judge Love's analysis was incorrect. *See id.* at 539 (Davis, J.) (writing "to clarify [the Court's] recent precedent" because Judge Love's opinion misstated it).

3

"Contributory infringement occurs if a party sells or offers to sell a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (quoting 35 U.S.C. §271(c)).

ImageWare misstates the standards for pleading contributory infringement, arguing that Blue Spike's complaint must (1) identify which claims are infringed; (2) identify which methods or systems infringe; (3) identify a direct infringer to whose infringement the defendant contributes; (4) identify the material or apparatus for use in practicing the patented process; and (5) plead facts that allow an inference that the material or apparatus has no substantial non-infringing use. Dkt. 940 at 5. ImageWare misstates two elements. First, Blue Spike's complaint does not need to identify which claims are infringed. *See In re Bill of Lading*, 681 F.3d at 1335 (to survive dismissal, "a plaintiff need not even identify which claims it asserts are being infringed"). Second, while ImageWare suggests that Blue Spike must do more than "generically identif[y] direct infringers as the 'end users'" (Dkt. 940 at 6), this Court has made clear that "generically identif[ying] direct infringers as the 'end users'" is "sufficient to survive a Motion to Dismiss" in the Eastern District. *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No.

4

2:11-CV-00319-JRG, 2012 WL 4033322, at *3 (E.D. Tex. Sept. 12, 2012); *see also Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012) (holding that alleging "direct infringers as 'end users of the above-referenced products' . . . is sufficient to survive a motion to dismiss indirect infringement claims under Rule 12(b)(6)").

The actual standard for alleging contributory infringement is straightforward. Blue Spike must (1) identify which methods or systems infringe, (2) identify the material or apparatus for use in practicing the patented process, and (3) plead facts that allow an inference that the material or apparatus has no substantial non-infringing use. *See In re Bill of Lading*, 681 F.3d at 1337.

Blue Spike's complaint meets those requirements:

First, the complaint goes beyond generically identifying the infringing methods or systems merely as "systems." *Contra* Dkt. 940 at 6. The complaint specifies that the infringing methods or systems include "fingerprint-based biometric software, systems, and technology." Dkt. 919 at ¶27.

Second, the complaint also specifies that the "material or apparatus for use in practicing the patented process" includes ImageWare's

> IWS Biometric Engine (including IWS Biometric Engine, IWS Biometric Engine 2.0, and its "hardware and algorithm independent Biometric Engine® 2.0," as described in its August 7, 2013 press release pertaining to a continued contract with the U.S. Department of Veterans Affairs[3] . . . , Desktop Security, Law Enforcement, and EPI Builder Software Development Kit.

---

[3] The press release is attached to the complaint as Exhibit 2. *See* Dkt. 919-2.

*Id.* Because these materials are software, the Court can reasonably infer that they operate as components of (i.e., contribute to infringement by) computing devices or larger software packages. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849 (Fed. Cir. 2010), *aff'd*, 131 S. Ct. 2238 (2011) (explaining "a particular tool within a larger software package may be the relevant 'material or apparatus'").

Third, the amended complaint also pleads facts allowing an inference that the "material or apparatus at issue" has no substantial non-infringing use. The complaint specifically describes how the patents-in-suit are foundational to all of today's widespread biometric-identification and security systems. Dkt. 919 at ¶¶2, 25. The "material or apparatus at issue" is ImageWare's software-development kits, which have names like "Biometric Engine" and "Desktop Security." These highly specific names suggest that the kits pertain specifically to biometric-identification and security systems. *Id.* ¶27. At this stage, then, it is reasonable for the Court to infer that these software kits do not have non-infringing uses unrelated to their names— especially in light of Blue Spike's averment that they do not. *Cf. In re Bill of Lading*, 681 F.3d at 1339 (holding that plaintiff had not stated a claim for contributory infringement because, unlike here, "the amended complaints actually make clear on their face that Appellees' products do have substantial non-infringing uses").

It is critical to bear in mind that "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. 209-cv-148 TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." *Id.* Under the Court's actual standards, Blue Spike has adequately pleaded indirect infringement.

## II. Blue Spike Has Also Sufficiently Pleaded Willful Infringement.

Blue Spike has alleged pre-suit conduct that supports its willful-infringement claims. *Contra* Dkt. 940 at 7. Blue Spike alleges that ImageWare likely knew of Blue Spike's patents pre-suit due to the patents' prominence. *See* Dkt. 919 at ¶¶37(a), 45(a), 53(a), 61(a). Such allegations suffice to support a claim of pre-suit willful infringement. *See Novelpoint Sec. LLC v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-100, Dkt. 126 at 3 (E.D. Tex. July 22, 2013) (attached as Ex. 1). Separately, Blue Spike alleges that its original complaint, filed in September 2012, put ImageWare on notice that it was infringing. *See* Dkt. 919 at ¶¶37(c), 45(c), 53(c), 61(c). This, too, is a legitimate basis for alleging willful infringement. *See Clouding IP, LLC v. Amazon.com, Inc.*, No. CA 12-641-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) (agreeing with plaintiff that "the time between the filing of the original complaint and the filing of the amended complaint should be deemed 'pre-filing' conduct . . .

because Defendants did not cease their allegedly infringing activity following filing of the original complaints, their continued infringement[,] *after* the filing of the original complaint but *before* the filing of the amended complaint[,] is willful."). Finally, Blue Spike alleges that ImageWare has three pending patent applications for "Anonymous Matching" technologies that "allow biometric matching for identity while protecting the privacy of the individual." *See* Dkt. 919 at ¶¶37(b), 45(b), 53(b), 61(b); *see also* Dkt. 919-2 at 10). Because those technologies are directly related to the four patents-in-suit, it is reasonable to infer that ImageWare became aware of Blue Spike's patents-in-suit during the due-diligence process for those patent applications, providing yet another independent basis for Blue Spike's willful-infringement claims.

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny ImageWare's motion to dismiss (Dkt. 940).

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805

*Counsel for Blue Spike LLC*

### CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, first on the 16th day of September, 2013.

                                                                   /s/ Randall T. Garteiser