# EXHIBIT 1

TERESA M. CORBIN (CSB NO. 132360)
tcorbin@fenwick.com
BRYAN A KOHM (CSB NO. 233276)
bkohm@fenwick.com
DAVID LACY KUSTERS (CSB NO. 241335)
dlacykusters@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

DARREN E. DONNELLY (CSB NO. 194335)
ddonnelly@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone: (650) 955-8500
Facsimile: (650) 983-5200

Attorneys for AOptix Technologies, Inc.

**ORIGINAL FILED**

MAR 11 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDL

| | |
|---|---|
| AOPTIX TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SPIKE, LLC, a Texas limited liability company<br><br>Defendant. | Case No. **CV 13 1105**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT & PATENT INVALIDITY**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff AOptix Techonologies, Inc. ("AOptix"), for its Complaint for Declaratory Judgment against Defendant Blue Spike, LLC ("Blue Spike"), avers the following:

**NATURE OF THE ACTION**

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. Blue Spike has asserted rights under U.S. Patent Nos. 7,346,472, 7,660,700, 7,949,494, and 8,214,175 (collectively "the Patents-in-Suit") based on certain ongoing activity by

COMPLAINT FOR DECLARATORY
JUDGMENT

AOptix. AOptix contends that it has the right to engage in the accused activity without license to any of the Patents-in-Suit. True and correct copies of the Patents-in-Suit are attached hereto as Exhibits A, B, C, & D. Plaintiffs thus seek a declaration that they do not infringe the Patents-in-Suit and that the Patents-in-Suit are invalid.

## THE PARTIES

2. AOptix is a Delaware corporation having its principal place of business at 675 Campbell Technology Parkway, Campbell, California 95008.

3. On information and belief, Blue Spike is a Texas limited liability company having a principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

## JURISDICTION AND VENUE

4. This is a civil action regarding allegations of patent infringement and patent invalidity arising under the patent laws of the United States, Title 35 of the United States Code, in which AOptix seeks declaratory relief under the Declaratory Judgment Act. Thus, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. An actual controversy exists between AOptix on the one hand and Blue Spike on the other by virtue of Blue Spike's allegations that AOptix infringes the Patents-in-Suit by making, using, offering to sell or selling its *InSight* Duo, *InSight* ESS, *InSight* VM, and Dash Six™ Iris Recognition Enterprise SDK products.

6. AOptix contends that it has a right to make and sell biometric software, systems, and technology, including those incorporated in its products *InSight* Duo, *InSight* ESS, *InSight* VM, and Dash Six™ Iris Recognition Enterprise SDK, without license from Blue Spike.

7. The Court has personal jurisdiction over Blue Spike *inter alia* because, on information and belief, Blue Spike has conducted substantial business in the state of California, including this District, related to licensing the Patents-in-Suit. On information and belief, Blue Spike has asserted the Patents-in-Suit against companies in the Northern District of California and engaged in negotiations with those companies seeking licensing fees. On information and belief, Blue Spike has also entered into licenses covering the Patents-in-Suit with companies in this

COMPLAINT FOR DECLARATORY JUDGMENT 2

1  District, including Yahoo! Inc. and RPX Corporation. Blue Spike has also accused AOptix,
2  which resides in this District, of infringing the Patents-in-Suit.
3      8.    Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Blue Spike is
4  subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

6      9.    This is an Intellectual Property Action subject to district-wide assignment under
7  Local Rule 3-2(c).

## FACTUAL BACKGROUND

9      10.    AOptix delivers highly intuitive and accurate biometric identity verification
10  solutions for a wide range of mobile and high throughput applications.
11      11.    On information and belief, Blue Spike is a non-practicing licensing entity whose
12  sole purpose is to engage in the enforcement of the Patents-in-Suit, including the collection of
13  licensing fees.
14      12.    On July 3, 2012, the United States Patent Office issued United States Patent No.
15  8,214,175 B2 ("the '175 Patent") entitled "Method and Device for Monitoring and Analyzing
16  Signals." The '175 patent states on its face that it was assigned to Blue Spike, Inc. of Sunny Isles
17  Beach, Florida. On August 4, 2012, Blue Spike, Inc. purportedly assigned its interests in the '175
18  patent to Blue Spike, LLC. A true and correct copy of the '175 patent is attached to this
19  Complaint as Exhibit A.
20      13.    On May 24, 2011, the United States Patent Office issued United States Patent No.
21  7,949,494 B2 ("the '494 Patent") entitled "Method and Device for Monitoring and Analyzing
22  Signals." The '494 patent states on its face that it was assigned to Blue Spike, Inc. of Sunny Isles
23  Beach, Florida. On August 4, 2012, Blue Spike, Inc. purportedly assigned its interests in the '494
24  patent to Blue Spike, LLC. A true and correct copy of the '494 patent is attached to this
25  Complaint as Exhibit B.
26      14.    On February 9, 2010, the United States Patent Office issued United States Patent
27  No. 7,660,700 B2 ("the '700 Patent") entitled "Method and Device for Monitoring and Analyzing
28  Signals." The '700 patent states on its face that it was assigned to Blue Spike, Inc. of Sunny Isles

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT FOR DECLARATORY JUDGMENT     3

Beach, Florida. On August 4, 2012, Blue Spike, Inc. purportedly assigned its interests in the '700 patent to Blue Spike, LLC. A true and correct copy of the '700 patent is attached to this Complaint as Exhibit C.

15. On March 18, 2008, the United States Patent Office issued United States Patent No. 7,346,472 B1 ("the '472 Patent") entitled "Method and Device for Monitoring and Analyzing Signals." The '472 patent states on its face that it was assigned to Blue Spike, Inc. of Sunny Isles Beach, Florida. On August 4, 2012, Blue Spike, Inc. purportedly assigned its interests in the '472 patent to Blue Spike, LLC. A true and correct copy of the '472 patent is attached to this Complaint as Exhibit D.

16. Blue Spike asserts that they have right, title, and interest in the Patents-in-Suit.

17. On or about January 8, 2013, Blue Spike filed suit in the Eastern District of Texas against AOptix, asserting that the Patents-in-Suit are being directly and indirectly infringed by AOptix. That case is pending as *Blue Spike, LLC v. AOptix Technologies, Inc.*, Eastern District of Texas, Tyler Division, Civil Action No. 6:13-CV-40. The complaint filed in that suit is fundamentally flawed at least because AOptix is not subject to personal jurisdiction in the Eastern District of Texas.

18. AOptix does not infringe the Patents-in-Suit. Additionally, the Patents-in-Suit are invalid. Accordingly, an actual controversy exists between AOptix and Blue Spike as to whether AOptix infringes any valid claim of the Patents-in-Suit. Absent a declaration of non-infringement and/or invalidity, Blue Spike will continue to wrongly assert the Patents-in-Suit against AOptix, and thereby cause AOptix irreparable harm.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '175 Patent)**

19. Paragraphs 1-18 are incorporated by reference as if fully restated herein.

20. Blue Spike contends that AOptix has or is infringing one or more claims of the '175 patent.

21. AOptix has not and is not infringing any claims of the '175 patent and is not liable for any infringement of the '175 patent.

COMPLAINT FOR DECLARATORY JUDGMENT     4

22. An actual controversy thus exists between AOptix on the one hand, and Blue Spike on the other, as to whether AOptix infringes the '175 patent.

23. Accordingly, AOptix seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '175 patent.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '175 Patent)

24. Paragraphs 1-18 are incorporated by reference as if fully restated herein.

25. Blue Spike asserts in this action that AOptix has or is infringing one or more claims of the '175 patent.

26. One or more claims of the '175 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

27. An actual controversy thus exists between AOptix on the one hand, and Blue Spike on the other, as to whether the '175 patent is valid.

28. Accordingly, AOptix seeks a judgment declaring that one or more claims of the '175 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '494 Patent)

29. Paragraphs 1-18 are incorporated by reference as if fully restated herein.

30. Blue Spike contends that AOptix has or is infringing one or more claims of the '494 patent.

31. AOptix has not and is not infringing any claims of the '494 patent and is not liable for any infringement of the '494 patent.

32. An actual controversy thus exists between AOptix on the one hand, and Blue Spike on the other, as to whether AOptix infringes the '494 patent.

COMPLAINT FOR DECLARATORY JUDGMENT            5

33. Accordingly, AOptix seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '494 patent.

### FOURTH CAUSE OF ACTION

#### (Declaratory Judgment of Invalidity of the '494 Patent)

34. Paragraphs 1-18 are incorporated by reference as if fully restated herein.

35. Blue Spike asserts in this action that AOptix has or is infringing one or more claims of the '494 patent.

36. One or more claims of the '494 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

37. An actual controversy thus exists between AOptix on the one hand, and Blue Spike on the other, as to whether the '494 patent is valid.

38. Accordingly, AOptix seeks a judgment declaring that one or more claims of the '494 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

### FIFTH CAUSE OF ACTION

#### (Declaratory Judgment of Non-Infringement of the '700 Patent

39. Paragraphs 1-18 are incorporated by reference as if fully restated herein.

40. Blue Spike contends that AOptix has or is infringing one or more claims of the '700 patent.

41. AOptix has not and is not infringing any claims of the '700 patent and is not liable for any infringement of the '700 patent.

42. An actual controversy thus exists between AOptix on the one hand, and Blue Spike on the other, as to whether AOptix infringes the '700 patent.

43. Accordingly, AOptix seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '700 patent.

COMPLAINT FOR DECLARATORY JUDGMENT 6

## SIXTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '700 Patent)**

44. Paragraphs 1-18 are incorporated by reference as if fully restated herein.

45. Blue Spike asserts in this action that AOptix has or is infringing one or more claims of the '700 patent.

46. One or more claims of the '700 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

47. An actual controversy thus exists between AOptix on the one hand, and Blue Spike on the other, as to whether the '700 patent is valid.

48. Accordingly, AOptix seeks a judgment declaring that one or more claims of the '700 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

## SEVENTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '472 Patent)**

49. Paragraphs 1-18 are incorporated by reference as if fully restated herein.

50. Blue Spike contends that AOptix has or is infringing one or more claims of the '472 patent.

51. AOptix has not and is not infringing any claims of the '472 patent and is not liable for any infringement of the '472 patent.

52. An actual controversy thus exists between AOptix on the one hand, and Blue Spike on the other, as to whether AOptix infringes the '472 patent.

53. Accordingly, AOptix seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '472 patent.

## EIGHTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '472 Patent)**

54. Paragraphs 1-18 are incorporated by reference as if fully restated herein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

55. Blue Spike asserts in this action that AOptix has or is infringing one or more claims of the '472 patent.

56. One or more claims of the '472 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

57. An actual controversy thus exists between AOptix on the one hand, and Blue Spike on the other, as to whether the '472 patent is valid.

58. Accordingly, AOptix seeks a judgment declaring that one or more claims of the '472 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a declaratory judgment against Defendant as follows:

A. Judgment against Blue Spike declaring the '175 patent not infringed by AOptix;

B. Judgment against Blue Spike declaring one or more claims of the '175 patent invalid;

C. Judgment against Blue Spike declaring the '494 patent not infringed by AOptix;

D. Judgment against Blue Spike declaring one or more claims of the '494 patent invalid;

E. Judgment against Blue Spike declaring the '700 patent not infringed by AOptix;

F. Judgment against Blue Spike declaring one or more claims of the '700 patent invalid;

G. Judgment against Blue Spike declaring the '472 patent not infringed by AOptix;

H. Judgment against Blue Spike declaring one or more claims of the '472 patent invalid;

I. A declaration that AOptix's claims present an exceptional case entitling it to, and therefore awarding, its reasonable attorneys' fees under 35 U.S.C. § 285;

COMPLAINT FOR DECLARATORY JUDGMENT 8

J. Award of costs to AOptix; and

K. Award to AOptix such other relief as the Court deems just and reasonable.

Dated: March 11, 2013       FENWICK & WEST LLP

By: *(signature)*
Teresa M. Corbin

Attorneys for Plaintiff
AOptix Technologies, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff AOptix demands a jury trial as to all matters triable of right by a jury.

Dated: March 11, 2013       FENWICK & WEST LLP

By: *(signature)*
Teresa M. Corbin

Attorneys for Plaintiff
AOptix Technologies, Inc.

COMPLAINT FOR DECLARATORY JUDGMENT  9