IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 6:12-cv-499 |
| v. | § § | LEAD CASE |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | |
| Defendants. | § § § | |
| | § § | |
| BLUE SPIKE, LLC, | § § | |
| Plaintiff, | § § | Civil Action Case No. 6:13-cv-40 |
| v. | § § | CONSOLIDATED CASE |
| AOPTIX TECHNOLOGIES, INC., | § § | |
| Defendant. | § § § § | |

**DECLARATION OF THOMAS RAINWATER IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE BLUE SPIKE'S IMPROPERLY-FILED SUPPLEMENTAL COMPLAINT AND TO DISMISS THE ACTION FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

I, Thomas Rainwater, declare as follows:

1. I am the Contracts and Security Manager of AOptix Technologies, Inc. ("AOptix"). I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness. I make this Declaration in support of Defendant AOptix's Motion to Strike Blue Spike's Improperly-Filed Supplemental Complaint and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue.

1

2. AOptix, which was founded in 2000, is a company organized under the laws of the State of Delaware. AOptix was originally headquartered in Hawaii, but now maintains its principal place of business at 675 Campbell Technology Parkway, Campbell, California 95008. AOptix also maintains an office in Dubai.

3. AOptix has no office or other place of business in Texas. AOptix has never operated or maintained any facilities in Texas. AOptix has never maintained a mailing address in Texas.

4. AOptix is not registered or licensed to do business in Texas. Nor does AOptix have an agent of service of process in Texas.

5. AOptix has no directors or officers that live or work in Texas. Nor does AOptix have any employees that reside in Texas.

6. AOptix has no bank accounts in Texas.

7. AOptix has no interest in or possession of real property within Texas. AOptix has never owned real property in Texas, nor has AOptix leased any real property in Texas.

8. AOptix has no interest in or possession of personal property within Texas. AOptix does not own or lease any personal property within Texas.

9. AOptix has not availed itself of the Texas court system as a litigant other than being named as Defendant in this action.

10. AOptix operates a website, www.aoptix.com, accessible throughout the world. Sales to customers cannot be consummated through the website. The website is hosted on servers residing in California.

11. AOptix has not manufactured any product, including the products accused of infringement in this action as identified in paragraph 27 of the Original Complaint and Supplemental Complaint (the "Accused Products"), in Texas.

12. AOptix has attended one trade show in Texas, the ASIS International Trade Show, for three days in 2010. This trade show is an internationally-focused and attended security technology event held once annually in a different city in the United States. Although the 2010 ASIS trade show happened to be located in Dallas, AOptix's efforts at the trade show were directed at a wide range of entities from around the world. AOptix does not believe that any of its solicitation efforts at the trade show were directed at a company residing in Texas. AOptix did not offer for sale any of its products at the trade show, nor did it take orders for any of its products there. At the show, AOptix demonstrated the retina scanning technology of its InSight™ biometric product.

13. AOptix released its Stratus App for iOS on April 9, 2013. The AOptix Stratus App must be used in conjunction with AOptix Stratus MX, a hardware attachment to the smartphone, in order to fully capture and analyze biometric information. The Stratus App by itself can only be used for face and voice capture using functionality already present on the iPhone: using the iPhone Camera to capture facial biometric information and using the iPhone Voice Memos feature to capture voice biometric information.

14. As Contracts and Security Manager, I am involved in overseeing contracts for sales of the Accused Products. I am familiar with the manner and method by which AOptix maintains its sales and contract information. Such information is kept in the ordinary course of business, including the location of the purchaser of any Accused Products.

15. In preparing this declaration, I performed searches using AOptix's sales database to investigate whether AOptix made any sales or offers to sell to persons or entities in Texas. The database contains sales records maintained in the ordinary course of business.

16. I determined upon my review of the above-referenced business records that AOptix has sold no product whatsoever and made no offers to sell, including the Accused Products, in Texas and has generated no revenue from sales to customers in Texas prior to January 2013. After reviewing Blue Spike's Supplemental Complaint, I confirmed that a sale of AOptix's Stratus software was made on August 30, 2013 via Apple's App Store. The information available to AOptix indicates that the sale was made in the United States. No information is available to determine whether the sale actually took place in Texas.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 19th day of September, 2013 at Campbell, California.

_____
Thomas Rainwater

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

September 19, 2013

                                            /s/ Bryan A. Kohm
                                               Bryan A. Kohm