**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | |
| *Plaintiff*, | § | CASE NO. 6:12-cv-499 MHS |
| | § | |
| v. | § | LEAD CASE |
| | § | |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**PLAINTIFF BLUE SPIKE'S REPLY IN RESPONSE TO**
**DEFENDANT BRIGHTCOVE'S COUNTERCLAIMS**

Plaintiff Blue Spike, LLC ("Blue Spike") files this Reply to the Counterclaims of

Defendant Brightcove Inc. ("Brightcove" or "Defendant") (Case No. 6:12-cv-499, Dkt. No. 888)

as follows.  All allegations not expressly admitted or responded to by Blue Spike are denied.

**COUNTERCLAIMS**

1.      Paragraph 1 does not contain any allegations requiring an admission or denial.

2.      Blue Spike admits the allegations of Paragraph 2.

3.      Paragraph 3 does not contain any allegations requiring an admission or denial, but to the

extent Defendant is alleging that venue in the Eastern District of Texas is improper, Blue Spike

denies same.

**COUNT ONE: DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF THE '175 PATENT**

4.      Blue Spike repeats and incorporates by reference its responses to the allegations

contained in Paragraphs 1 through 3 above.

5.      Blue Spike admits the allegations of Paragraph 5.

6.      Blue Spike denies the allegations of Paragraph 6.

7.      Blue Spike denies that Defendant is entitled to the relief requested in Paragraph 7.

## COUNT TWO: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '175 PATENT

8.      Blue Spike repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 7 above.

9.      Blue Spike denies the allegations of Paragraph 9.

10.     Blue Spike denies that Defendant is entitled to the relief requested in Paragraph 10.

## COUNT THREE: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '494 PATENT

11.     Blue Spike repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 10 above.

12.     Blue Spike admits the allegations of Paragraph 12.

13.     Blue Spike denies the allegations of Paragraph 13.

14.     Blue Spike denies that Defendant is entitled to the relief requested in Paragraph 14.

## COUNT FOUR: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '494 PATENT

15.     Blue Spike repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 14 above.

16.     Blue Spike denies the allegations of Paragraph 16.

17.     Blue Spike denies that Defendant is entitled to the relief requested in Paragraph 17.

## COUNT FIVE: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '700 PATENT

18.     Blue Spike repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 17 above.

19.     Blue Spike admits the allegations of Paragraph 19.

20.     Blue Spike denies the allegations of Paragraph 20.

21.     Blue Spike denies that Defendant is entitled to the relief requested in Paragraph 21.

## COUNT SIX: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '700 PATENT

22.     Blue Spike repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 21 above.

23.     Blue Spike denies the allegations of Paragraph 23.

24.     Blue Spike denies that Defendant is entitled to the relief requested in Paragraph 24.

## COUNT SEVEN: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '472 PATENT

25.     Blue Spike repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 24 above.

26.     Blue Spike admits the allegations of Paragraph 26.

27.     Blue Spike denies the allegations of Paragraph 27.

28.     Blue Spike denies that Defendant is entitled to the relief requested in Paragraph 28.

## COUNT EIGHT: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '472 PATENT

29.     Blue Spike repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 28 above.

30.     Blue Spike denies the allegations of Paragraph 30.

31.     Blue Spike denies that Defendant is entitled to the relief requested in Paragraph 31.

## COUNT NINE: DECLARATORY JUDGMENT OF
## UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT

32.     Blue Spike repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 31 above.

36 [*sic*].  Blue Spike denies the allegations of Paragraph 36.

33.     Blue Spike denies the allegations of Paragraph 33.

34.     Blue Spike denies the allegations of Paragraph 34.

35.     Blue Spike denies that Defendant is entitled to the relief requested in Paragraph 35.

## PRAYER FOR RELIEF

Blue Spike denies that Defendant is entitled to any of the relief it requests.

## PLAINTIFF'S PRAYER FOR RELIEF

In addition to the relief requested in its Original Complaint, Blue Spike respectfully requests a judgment against Defendant as follows:

(a)     That Defendant take nothing by its Counterclaims;

(b)     That the Court award Blue Spike its costs and attorneys' fees incurred in defending against these Counterclaims; and

(c)     Any and all further relief for Blue Spike as the Court may deem just and proper.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

/s/ Randall T. Garteiser
Randall T. Garteiser