## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § | CASE NO. 6:12-cv-499 MHS |
| | § | |
| v. | § | LEAD CASE |
| | § | |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
| | § | |
| *Defendants.* | § | |

---

### ORDER GRANTING COUNTERDEFENDANT BLUE SPIKE, INC.'S MOTION TO DISMISS AUDIBLE MAGIC CORPORATION'S COUNTERCLAIMS

On this day came for consideration Counterdefendant Blue Spike, Inc.'s ("Counterdefendant's") Motion to Dismiss Defendant Audible Magic Corporation's ("Defendant's") Counterclaims in the above-captioned proceeding pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Having considered both Counterdefendant's motion and supporting papers, and Defendant's opposition and supporting papers, the Court is of the opinion that said motion should be GRANTED.

Defendant's counterclaims 1 through 9 are dismissed because Counterdefendant has no legal rights in the patents-in-suit. Counterdefendant is no longer a proper party to lawsuits concerning these patents, and there is no active case or controversy. Defendant's counterclaim 10 is dismissed because unjust enrichment is not recognized as an independent cause of action under Texas law. Defendant's counterclaim 11 is dismissed because it is not actionable under the Lanham Act. The statement on which counterclaim

11 relies does not refer to a commercial good or service, is immaterial, and is not sufficiently specific or measurable.

IT IS HEREBY ORDERED that Counterdefendant Blue Spike Inc.'s Motion to Dismiss is hereby granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

IT IS SO ORDERED.