UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff*, | § § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
|     *Defendants*. | § § | |

**BLUE SPIKE, LLC'S MOTION TO DISMISS AUDIBLE MAGIC CORPORATION'S COUNTERCLAIMS [DKT. 885]**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Blue Spike, LLC moves to dismiss two of the counterclaims filed against it by defendant Audible Magic Corporation. *See* Dkt. 885 at 25-41.[1]

**Legal Standard**

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level. *Id*. In deciding whether the complaint states a valid claim for relief, a court should accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. *Id*. A court should not accept as true conclusory allegations, unwarranted factual

---

[1] Blue Spike, LLC will file an answer pertaining to the remaining counterclaims after the Court rules on this motion. *See Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486 (E.D. Wis. 1991) (filing partial motion to dismiss enlarges defendant's time to answer all claims, including those not subject to motion to dismiss).

inferences, or legal conclusions. *Id*. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id*.

## Argument

I. **Counterclaim 10 Must Be Dismissed Because This Court Does Not Recognize Unjust Enrichment as an Independent Cause of Action Under Texas Law.**

Counterclaim 10 is a common-law cause of action for unjust enrichment. *See* Dkt. 885 at 33-34. It must be dismissed under Rule 12(b)(6) because this Court has unequivocally and repeatedly held that "[u]njust enrichment is not an independent cause of action" under Texas law. *VocalSpace, LLC v. Lorenso*, No. 4:09-cv-350, 2011 WL 817381, at *5 (E.D. Tex. Mar. 2, 2011) (granting summary judgment against an unjust-enrichment counterclaim).

II. **Counterclaim 11 Fails for Several Stand-Alone Reasons.**

Counterclaim 11 alleges a violation of the Lanham Act, 15 U.S.C. §1125(a). Dkt. 885 at 34-36. The counterclaim is based on an alleged statement on www.bluespike.com that "Blue Spike was the 'first to create' content 'fingerprinting' technology." *Id*. at 35. Counterclaim 11 must be dismissed under Rule 12(b)(6) for several independent reasons.

First, the alleged statement is not actionable under the Lanham Act because it concerns Blue Spike, LLC and the counterdefendants themselves, *not* the characteristics of a commercial good or service. To be actionable under 15 U.S.C. §1125(a)(1)(B), a misrepresentation must refer to "the characteristics of [a] good [or service] *itself*." *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d

1300, 1307 (Fed. Cir. 2009) (emphasis added). A party cannot maintain a "false advertising claim that is fundamentally about the origin of an idea." *Id.* at 1308; *accord Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32 (2003) (for Lanham Act purposes, the "consumer who buys a branded product . . . typically does not care whether" "the brand-name company is the same entity that came up with the idea for the product").

Second, the alleged "first-to-create" statement is too vague as a matter of law to support a Lanham Act claim. To support recovery under the Lanham Act, a statement "must be a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496 (5th Cir. 2000). The alleged misrepresentation that "Blue Spike was the 'first to create' content 'fingerprinting' technology" is neither specific nor measurable because the words "create," "content," and "technology" are inherently vague. *See Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1140 (C.D. Cal. 2005) (finding that "the phrase 'latest technology' is non-actionable" because it is inherently vague); *accord In re Modansky*, 159 B.R. 139, 142 (Bankr. S.D.N.Y. 1993) (holding, in another context, that "the word 'created' is vague"). And if Audible Magic means to argue that Blue Spike, LLC is misrepresenting ownership of the earliest-issued patents related to digital fingerprinting, such misrepresentations are not actionable. *Digigan, Inc. v. Ivalidate, Inc.*, No. 02 Civ. 420 (RCC), 2004 WL 203010, at *5 (S.D.N.Y. Feb. 3, 2004)

3

(misrepresentation regarding patent ownership will not support Lanham Act claim because "[a] patent is not a 'good or service' as those terms are used in the Lanham Act").

Third, the alleged "first-to-create" statement is immaterial as a matter of law. To support recovery under the Lanham Act, a statement must be "material" in the sense that it is "likely to influence the consumer's purchasing decision." *Pizza Hut*, 227 F.3d at 496. Audible Magic claims that Blue Spike's "first-to-create" statement is likely to influence purchasing decisions because it implies that (1) Blue Spike's technology is superior and (2) "there is risk in using" other companies' technology. Dkt. 885 at 35. Audible Magic reads far too much into what is nothing more than a claim about temporal order. If Ford Motor Company states that it was the "first to create" an automobile, that obviously does not imply that Ford's current automobiles are better than BMW's. Indeed, in isolation, a "first-to-create" statement could just as logically imply something negative about a company's products (for example, that they were outdated). To imply superiority as Audible Magic suggests, a "first-to-create" statement must be coupled with more.[2] But even if the Court accepted the notion that an unadorned "first-to-create" statement necessarily implied superiority, such a statement still would not be actionable. *See Pizza Hut*, 227 F.3d at 496-97 (generalized claim of superiority over comparable products is not actionable under Lanham Act).

---

[2] One example might be the following: "Company X was the first to create a widget, which means that it has been honing its widget technology longer than its competitors. That's why it makes the best widgets on the market today."

4

Finally, the preceding discussion assumes that Blue Spike's website actually makes the alleged "first-to-create" statement, but the website does not appear to make any such claim, as the Court can see for itself. On September 19, 2013, Blue Spike, LLC's attorneys exhaustively reviewed every page within the domain www.bluespike.com—which is the domain cited in counterclaim eleven (*see* Dkt. 885 at 35)—and did not find a single instance of the phrase "first to create." Google and Bing searches of the domain did not yield any instances of the phrase either. Audible Magic's Lanham Act counterclaim appears to have no factual basis, which means it should be dismissed. *See In re Great Lakes*, 624 F.3d at 210.

## Conclusion

For these reasons, Blue Spike, LLC respectfully asks the Court to dismiss with prejudice Audible Magic's counterclaims for unjust enrichment and Lanham Act violations.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

6

## Certificate of Service

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on September 20, 2013.

                                                      /s/ Randall Garteiser