IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff*, | § § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
|     *Defendants*. | § § | |

**Plaintiff's Reply Supporting Its Motion to Authorize Jurisdictional Discovery From Defendant Agnitio Corp.**

Plaintiff Blue Spike, LLC files this reply supporting its motion for jurisdictional discovery from Agnitio Corp. [Dkt. 936].

## I.    Introduction

On June 3, 2013, Blue Spike and Agnitio began discussions regarding jurisdictional discovery, and Blue Spike sent Agnitio its proposed discovery on June 5, 2013 (attached here as Exhibit 1-3).[1] Agnitio agreed to respond to the proposed interrogatories after which the parties would discuss requests for production of documents and, if the need arose, a jurisdictional 30(b)(6) deposition. *See* Declaration of Peter Brasher at ¶8. Over the course of nearly three months, like blood from a stone, Blue Spike drew from Agnitio responses to eight interrogatories. *Id*. at ¶17. The parties agreed to interrogatories and to discuss requests for production; the only point of argument is regarding the 30(b)(6) depositions.

---

[1] Blue Spike served Agnitio with proposed discovery on June 5, 2013. *See* Declaration of Peter Brasher at ¶5.

1

## II. Blue Spike Has Made More Than a Preliminary Showing of Jurisdiction.

Blue Spike has more than met its burden for obtaining jurisdictional discovery. The burden to permit jurisdictional discovery is "less than a prima facie showing." *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012). Here, Blue Spike's "factual allegations . . . suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Blue Spike has submitted evidence that (1) Agnitio directly markets and sells its products and services to government agencies operating extensively in Texas, and (2) Agnitio's website solicits and requests the transmission of information for the purpose of acquiring Agnitio's products and services. *See* Dkt. 832 at 1; *see also Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co., Ltd.*, No. 2:05-CV-185, 2005 WL 3299718, at *4 (E.D. Tex. Dec. 5, 2005) (permitting the exercise of jurisdictional discovery because "it is reasonably inferable that [defendant] knew and expected its [accused products] would be" marketed and sold in the forum); *Oasis Research, LLC v. Adrive, LLC*, 2011 U.S. Dist. LEXIS 80466, at *14 (E.D. Tex. 2011) (finding that a website directing users to fill in a form and provide information to defendant was sufficient basis to establish personal jurisdiction). The Court views this evidence in the light most favorable to Blue Spike and draws all reasonable inferences in Blue Spike's favor. *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 327 (5th Cir.

1996). The evidence clearly suggests the possible existence of the requisite contacts between Agnitio and Texas supporting Blue Spike's request for jurisdictional discovery.

### III. Further Jurisdictional Discovery is Necessary to Clarify Issues of Fact.

Blue Spike has requested jurisdictional discovery on topics relevant to Defendant's knowledge regarding the sales and distribution of its products in the forum raised by Agnitio's previously submitted responses. *See* Dkt. 936; *see also* Exhibits 1-3. Nothing more is required. *See Commissarieat a L'Energie Atomique v. Chi Mei Optoelectornics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (holding plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forum's] market, including demonstrations of [the defendant's] ongoing relationships with retailers" operating in the forum state and the defendant's "knowledge that its products were being shipped to [the forum]").

Agnitio states in its responses to interrogatories that one of its customers has sold a system to the US Army that "may" integrate Agnitio's technology and that Agnitio's customer "may" have demonstrated that system in Texas to potential clients there. *See* Dkt. 963, Exhibit C at 8. Agnitio also acknowledges that another customer has integrated Agnitio's products into its system and "may" have sold its products to other customers in Texas. *See id.* at 9. "[P]lacing a product into the stream of commerce, at least where the

3

defendant knows the product will ultimately reach the forum state, rises to the level of 'purposeful availment,'" and "mere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Brooks & Baker, L.L.C. v. Flambeau, Inc.*, No. 2:10-cv-146-TJW-CE, 2011 WL 451905, at *3 (E.D. Tex. Sept. 30, 2011). Agnitio admits that it "may" have had knowledge that its products were put into the stream of commerce and ultimately utilized and sold in the state of Texas. *See* Dkt. 963, Exhibit C at 8-9. Agnitio also admits that it has interacted with and communicated with Texas residents employed by Agnitio's business affiliates, customers, and potential customers. *See id.* at 8-9. Those comments alone are sufficient to exercise personal jurisdiction or, at the very least, to permit further jurisdictional discovery to determine (1) the extent of Agnitio's knowledge regarding the sale and distribution of its products in the forum and (2) the nature of the interaction with Texas residents. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978). The requested discovery is necessary to clarify Agnitio's responses to the interrogatories.

Furthermore, even though Agnitio took over a month to provide them, Agnitio's supplemental responses to the interrogatories are *still* deficient. Agnitio uses partial names and acronyms when referring to its customers and

fails—per the definitions on the interrogatories—to adequately identify the customers by their full name, address, place of incorporation (if known), and telephone number. *Compare* Exhibit 1 at 2 *with* Dkt. 963, Exhibit C at 8-9. Blue Spike cannot conduct further research and discovery *without* involving Agnitio. Agnitio accuses Blue Spike of attempting to increase the costs of litigation. *See* Dkt. 963 at 3. However, Agnitio's litigation costs would be significantly reduced if Agnitio would provide full and complete responses in a timely fashion. It was Agnitio who brought the issue of jurisdiction before this Court when it filed its motion to dismiss. *See* Dkt. 679. If Agnitio is unwilling to bear the costs of litigating the issue of jurisdiction, Blue Spike stands ready to discuss more cost effective resolutions.

And Agnitio's previous declarations only raise issues of fact regarding jurisdiction. *Contra* Dkt. 963 at 5. Agnitio initially claimed to be an utter stranger to the state of Texas with absolutely no connections or ties to this state (Dkt. Nos. 679 and 793), but now declares in its interrogatories that its products "may" be sold and distributed in Texas. *See* Dkt. 963, Exhibit C at 8-9. Blue Spike has made a preliminary showing of personal jurisdiction, and its requested discovery will illuminate issues of fact related to jurisdiction.

## Conclusion

For these reasons plus those contained in its motion [Dkt. 936], Blue Spike respectfully requests the Court to grant the motion and to enter an order authorizing the requested discovery.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone: (903) 705-0828
Facsimile: (903) 526-5477

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone: (415) 785-3762
Facsimile: (415) 785-3805

***Counsel for Blue Spike LLC***

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

    /s/ Randall T. Garteiser