UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § § § § § § § § § | |
| *Plaintiff*, | | Case No. 6:12-cv-499 MHS |
| v. | | Jury Trial Demanded |
| Texas Instruments, Inc., *et al.*, | | |
| *Defendant*. | | |

**Plaintiff's Opposition to Defendant ImageWare's Motion to Transfer Venue Under 28 U.S.C. §1404(a) [Dkt. 540]**

Plaintiff Blue Spike, LLC opposes ImageWare's motion to transfer venue to the Southern District of California. The motion fails for two independent reasons: (1) considerations of judicial efficiency and economy weigh heavily against transfer, since the Court has consolidated this case with dozens of others based on common questions of law or fact related to the alleged infringement of Blue Spike's patents-in-suit; and (2) ImageWare has not shown that the other public- and private-interest factors clearly weigh in favor of transfer.

**Factual Background**

Blue Spike's four patents-in-suit teach bedrock principles and pioneering advancements essential to today's widespread biometric identification and security systems. Many of today's biometric identification and security providers—including Defendant ImageWare—have built their companies by infringing Blue Spike's patents. Blue Spike has filed over fifty

1

lawsuits against patent infringers in this Court, which has consolidated the suits for pretrial purposes because the suits "involve a common question of law or fact." *See* Ex. 1 (consolidation order).

## Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The threshold inquiry in determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If that threshold inquiry is met, the Court then balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).[1] The party seeking transfer must show good cause for transfer and also show that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"); *TS Tech*, 551 F.3d at 1319.

---

[1] Private-interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Nintendo*, 589 F.3d at 1198. Public-interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

**Argument**

Recent opinions from this Court, the Fifth Circuit, and the Federal Circuit show why the Court should deny ImageWare's motion to transfer the case to the District of Southern California.

**I.     Interests of Judicial Efficiency and Economy Weigh Strongly Against Transfer.**

Blue Spike has a number of related suits in this district, so transferring this suit to another venue would be inefficient and would waste judicial resources. Judicial economy is so important that it represents a sufficient basis to deny transfer "even when all of the convenience factors clearly favor transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010); *see also In re Google*, 412 Fed. App'x 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective administration of justice, and having one trial court decide all of these claims clearly furthers that objective."); *Centre One v. Vonage Holdings Corp.*, No. 6:08-CV-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009) (holding that defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora").

Here, Blue Spike is the plaintiff in more than 50 lawsuits in this Court concerning the same four patents, and the Court has consolidated those suits for pretrial purposes. Ex. 1 at 15. As in *Adrain v. Genetec, Inc.*, transferring the case and creating multiple suits "may be more convenient for [the

defendant], but it would impose a significant burden on the plaintiff, witnesses, and the federal court system" and also "create[] an unnecessary risk of inconsistent claim construction and adjudication." No. 2:08-CV-423, 2009 WL 3063414, at *3 (E.D. Tex. Sept. 22, 2009). In several other recent cases with strikingly similar venue facts, the Court has likewise denied transfer. *See, e.g.*, *Net Navigation Sys., LLC v. Alcatel-Lucent USA, Inc.*, No. 4:11-CV-663, at 8-10 (E.D. Tex. Aug. 27, 2012) (attached as Ex. 2) (denying transfer because, like this case, plaintiff had filed multiple suits concerning same four patents in this district and the Court had combined those suits for pretrial purposes, meaning that "another court would be required to conduct duplicative proceedings regarding claim construction, expert discovery, and other issues"); *Oasis Research, LLC v. Pro Softnet Corp.*, No. 4:12-CV-531, at 11 (E.D. Tex. Aug. 21, 2012) (attached as Ex. 3) (holding that because plaintiff had filed multiple suits in this district concerning the same four patents, concerns of judicial economy weighed heavily against transfer; if the Court transferred the case, "another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues"); *Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*, No. 6:11-CV-173, at 9-10 (E.D. Tex. Sept. 27, 2012) (attached as Ex. 4) (denying motion to transfer patent suit that had already been consolidated with another suit, as "the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily . . . against transfer").

Transfer is especially inappropriate here given the Court's findings that all of Blue Spike's cases in this district "involve a common question of law or fact" and that keeping them consolidated "would promote efficient case management." Ex. 1 at 14. Yet ImageWare asks the Court to ignore the "paramount" consideration of judicial economy and instead force another federal court to expend duplicative efforts considering common questions of law and fact, thereby creating an unnecessary risk of inconsistent claim construction and adjudication. *In re Google*, 412 Fed. App'x at 296. The Court should decline ImageWare's invitation to ignore recent precedents and the important interests in judicial efficiency.

2.  **ImageWare Has Not Carried its Heavy Burden of Showing that Public- and Private-Interest Factors Clearly Weigh in Favor of Transfer.**

ImageWare's discussion of the private- and public-interest factors is premature, incomplete, and flawed.

As an initial matter, ImageWare argues that the relative ease of access to sources of proof favors transfer to the District of Southern California (Civ. No. 6:12-cv-688-LED, Dkt. 15 at 5-6), but ImageWare cannot reasonably make that claim right now. The parties have not even exchanged Rule 26 disclosures yet, making this transfer motion premature. *See GHJ Holdings, Inc. v. Mag Instrument, Inc.*, Civ. No. 5:10-CV-230, Dkt. No. 26 (E.D. Tex. Feb. 5, 2011) (attached as Ex. 5) (holding supplemental briefing regarding disclosures should be submitted before a transfer motion is considered). Until the

potential witnesses and sources of proof have been identified, it is not possible to weigh the level of convenience on many of the private-interest factors.[2]

ImageWare also forgets that the Court must consider the *relative* convenience of the parties and witnesses in deciding whether to grant a transfer. This case is not all about ImageWare. There is a plaintiff in this case whose interests, burdens, witnesses, and other sources of proof are relevant, too. Blue Spike plans to call witnesses from Texas, its inventor and CEO is domiciled in Texas and lives in Tyler; Blue Spike was formed in Texas over ten months ago; it has its headquarters and principal place of business in this district; and its employees, computer servers, and sources of proof are located here. *See* Moskowitz Decl. ¶¶1-6; Civ. No. 6:12-cv-688-LED, Dkt.1 ¶2. ImageWare characterizes those connections to this forum as recent, ephemeral, manufactured for litigation, and therefore meaningless (Civ. No. 6:12-cv-688-LED, Dkt. 15 at 6-7), but this Court's precedents hold otherwise. *See, e.g., Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-CV-364-JRG, 2012 WL 506669, at *3 n.6 (E.D. Tex. Feb. 15, 2012) ("Considering that WRT was incorporated more than four months before this suit was filed, and that its direct parent corporation has nine employees in the Eastern District of Texas, the Court is not prepared to hold that WRT is 'ephemeral' and created solely to manipulate venue."); *NovelPoint Learning LLC v. LeapFrog Enters.*,

---

[2] ImageWare's assertion that the location of its documents weighs in favor of transferring the case to the District of Southern California is unjustified, as a large amount of the information generated by companies (large and small) is stored digitally, making it as easy to produce and review documents in Texas as in California. *See Sipco, LLC v. Control4 Corp.*, Civ. No. 6:10-cv-249-LED-JDL, 2011 WL 529336, at *2 (E.D. Tex. Feb. 8, 2011).

*Inc.*, No. 6:10-CV-229 JDL, Dkt. 67, at 7-9 (E.D. Tex. Dec. 6, 2010) (attached at Ex. 6) (holding that Plaintiff's connection to this district (1) was not "recent" because Plaintiff opened office here four months before filing suit and (2) was not "ephemeral" because two of Plaintiff's three principals lived here).

Litigating this action in Southern California would be inconvenient and burdensome for both Blue Spike and for Scott Moskowitz, the CEO of Blue Spike and inventor of the patents-in-suit. A transfer would dramatically increase the costs of litigation for Blue Spike, would increase the amount of time that Blue Spike's witnesses and employees would have to spend on the case, and would cause serious hardship for Moskowitz personally, as he suffers from medical issues that make it very painful to travel. Moskowitz Decl. ¶¶9-10; *see NGC Worldwide, Inc. v. Siamon*, No. 3:02CV1760 (JBA), 2003 WL 1987001, at *2 (D. Conn. Apr. 21, 2003) (collecting cases that hold "[t]he health concerns of a party or witness can be an important factor in the determination of whether a §1404(a) transfer is proper"). Those burdens are critically important in the transfer analysis because "transfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to the other." WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §3848.

Equally important, there are reasons to doubt ImageWare's claims that a Texas forum is too inconvenient for it. ImageWare admits to having multiple customers in Texas, including in this District. Civ. No. 6:12-cv-688-LED, Dkt.

7

15 at 3. Given that ImageWare's has voluntarily established ongoing business relationships in Texas, it is hard to credit its assertion that litigating in Texas would be unduly burdensome. Nor should the Court ignore that Blue Spike has alleged that ImageWare's accused products are being used here, making Texas a site of the alleged wrongs. ImageWare should not be able to benefit from doing business in Texas without being accountable here, too.

In contrast to ImageWare's Texas contacts, Blue Spike has no such connections to Southern California. Blue Spike has no offices, no employees, no customers, and no other meaningful contacts in Southern California. Moskowitz Decl. ¶7. In light of Moskowitz's health problems, Moskowitz has never traveled to California to meet with Blue Spike's lawyers who live in the Bay Area; instead, the only meetings Moskowitz and Blue Spike employees have attended related to this litigation have taken place in Tyler. *Id.* ¶11. Indeed, Moskowitz has not even traveled to anywhere in the Southern District of California since at least 2003. *Id.* ¶12. On these facts, it is unlikely there would be personal jurisdiction over Blue Spike for claims made against it in Southern California. And, unlike ImageWare, Blue Spike is not a publicly held company with clients around the globe. *See* http://bit.ly/VW5z1M (ImageWare website). Instead, Blue Spike is a small Texas company owned and operated by an inventor with serious health problems—a man who has worked for years to develop and commercialize his inventions, but who lacks the physical and financial resources to litigate in multiple courts across the country.

As for public interests, ImageWare contends that the local-interest factor favors transferring the case to Southern California (Civ. No. 6:12-cv-688-LED, Dkt. 15 at 10-11), again ignoring that there is another side to consider. The allegations in this case are that ImageWare infringed Blue Spike's patents. That infringement has serious impacts on Tyler-based Blue Spike and its Texas-based owner and employees. Also, while it is true that this district and the District of Southern California are both competent to apply federal patent law, this Court will be much more familiar with the legal and factual issues involving Blue Spike's technology, since the Court is adjudicating over 50 other suits involving the very same patents-in-suit. Finally, the relative congestion of this Court compared to congestion in the Southern California court does not weigh heavily in favor of transfer. *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (relative court congestion is "the most speculative" public-interest factor, as "case-disposition statistics may not always tell the whole story").

## Conclusion

On any fair view of the facts, Defendants cannot show that the District of Southern California is "clearly more convenient" than the Eastern District of Texas. The paramount interest of judicial economy—without more—provides a dispositive and solid basis for denying transfer. And a proper balancing of the other interest factors likewise tilts strongly in favor keeping the case here. For

9

these reasons, Blue Spike respectfully asks the Court to deny ImageWare's motion to transfer venue.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-0828
Facsimile:  (903) 526-5477

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

*Counsel for Blue Spike LLC*

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on the 26th day of September, 2013 that was originally served on the 24th day of January, 2013.

<u>   /s/ Randall Garteiser</u>