UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>Texas Instruments, Inc., *et al.*,<br><br>    *Defendant.* | Case No. 6:12-cv-499 MHS<br><br>Jury Trial Demanded |

**Declaration of Randall Garteiser in Support of Plaintiff Blue Spike LLC's Opposition to Defendant ImageWare's Motion to Transfer Venue**

I, Randall Garteiser, declare as follows:

    1.    I am a partner at the law firm of Garteiser Honea, P.C., which represents Blue Spike LLC. I have personal knowledge of content of this declaration and, if needed, will testify to the truth of the assertions contained herein.

    2.    Attached hereto as Exhibit 1 is a true and correct copy of the Court's Consolidation Order entered in this case as docket item 10 on October 9, 2012.

    3.    Attached hereto as Exhibit 2 is a true and correct copy of *Net Navigation Sys., LLC v. Alcatel-Lucent USA, Inc.*, No. 4:11-CV-663, at 8-10 (E.D. Tex. Aug. 27, 2012), in which the Court denied transfer because, like this case, the plaintiff had filed multiple suits concerning same four patents in this district and the Court had combined those suits for pretrial purposes, meaning that "another court would be required to conduct duplicative proceedings regarding claim construction, expert discovery, and other issues."

4.  Attached hereto as Exhibit 3 is a true and correct copy of *Oasis Research, LLC v. Pro Softnet Corp.*, No. 4:12-CV-531, at 11 (E.D. Tex. Aug. 21, 2012), in which the plaintiff had filed multiple suits in this district concerning the same four patents such that judicial economy weighed heavily against transfer. The Court denied transfer because "another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues."

5.  Attached hereto as Exhibit 4 is a true and correct copy of *Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*, No. 6:11-CV-00173, at 9-10 (E.D. Tex. Sept. 27, 2012), in which the Court denied a motion to transfer a patent suit that had already been consolidated with another suit, as "the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily . . . against transfer."

6.  Attached hereto as Exhibit 5 is a true and correct copy of *GHJ Holdings, Inc. v. Mag Instrument, Inc.*, No. 5:10-cv-230, Dkt. No. 26 (E.D. Tex. Feb. 5, 2011), which held that supplemental briefing regarding disclosures should be submitted before granting a transfer motion.

7.  Attached hereto as Exhibit 6 is a true and correct copy of *NovelPoint Learning LLC v. LeapFrog Enters., Inc.*, No. 6:10-CV-229 JDL, Dkt. 67 (E.D. Tex. Dec. 6, 2010), in which the Court held that the plaintiff's connection to the district (1) was not "recent" because Plaintiff opened office here four months before filing suit and (2) was not "ephemeral" because two of the plaintiff's three principals lived within the district.

8.  Moskowitz has never traveled to California to meet with members of my firm, which has its offices in the San Francisco Bay Area. To my

knowledge, the only meetings related to this litigation that Moskowitz and Blue Spike employees have attended have all taken place in Tyler, Texas.

    I declare, on January 24, 2013, in Smith County, and under penalty of perjury under the laws of the United States and Texas, that the statements made in this declaration are true and correct.

                                                          /s/ Randall Garteiser
                                                          Randall T. Garteiser