**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| BLUE SPIKE, LLC § | |
| § | |
| v. § | Case No. 6:12-cv-499 |
| § | |
| TEXAS INSTRUMENTS, INC. § | |

**ORDER GRANTING DISMISSAL FOR LACK OF PERSONAL JURISDICTION**

Now before the Court is Defendant Ensequence, Inc.'s motion to dismiss for lack of personal jurisdiction (Doc. No. 558). Having considered the parties' briefing and the applicable law, the Court GRANTS the motion and dismisses Plaintiff's claims against Defendant Ensequence, Inc. The Court further DENIES Plaintiff's Motion to Authorize Jurisdictional Discovery (Doc. No. 509).

## I.     BACKGROUND

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, with examples such as "digital fingerprinting." Plaintiff accuses Ensequence's iTV Manager Interactive Platform software of directly and indirectly infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery. Prior to the consolidation, Defendant Ensequence moved to dismiss Plaintiff's complaint for lack of personal jurisdiction.

Plaintiff sought discovery the jurisdictional discovery. Pursuant to the Court's order, the parties refilled their briefing in the consolidated case.

## II. MOTION TO DISMISS

### a. Legal Standard

In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* Without an evidentiary hearing, the burden of establishing a prima facie showing of jurisdiction is on plaintiff. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Absent a controlling federal statute, a plaintiff may establish (1) personal jurisdiction under Texas's long-arm statute and (2) that the exercise of personal jurisdiction comports with due process. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998). The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually one federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of

the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied for a court to exercise personal jurisdiction over the defendant. *Johnston*, 523 F.3d at 609.

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists "when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic." *Johnston*, 532 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984)). The defendant's contacts with the forum state are evaluated "over a reasonable number of years, up to the date the lawsuit was filed." *Id.* at 610 (quoting *Access Telecomm, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)). These contacts must be considered together, rather than in isolation from one another. *Id*. When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *See id.* at 613.

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Suffering harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and

the litigation." *Freudensprung*, 379 F.3d at 343 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "Random, fortuitous, or attenuated contacts" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. The Court's fundamental fairness analysis must consider (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

      b. **<u>Analysis</u>**

Plaintiff's jurisdictional allegations are based on a theory of general jurisdiction. Plaintiff claims that

The following facts are undisputed: Ensequence is a Delaware company with its principal place of business in Oregon. Ensequence has never been registered to do business in Texas. Ensequence's only offices are in Portland, Oregon; New York City; and Dayton, Ohio. None of Ensequence customers' are Texas corporations. Ensequence's website is available nationwide—including in Texas. The website provides information about the company, its products, and includes a contact page where potential customers can generate an email to send to Ensequence. Ensequence issued two nationwide press releases regarding the accused products.

Plaintiff attempts to overcome these facts by arguing (1) the nature of Ensequence's business requires significant contact with Texas; (2) Ensequence's customers operate pervasively

throughout Texas; (3) Ensequence's website and press releases amount to solicitation of business in Texas.

Ensequence's accused product[1] catalogs television programs and loads them into a database (creating a "digital fingerprint"). Television viewers can then use a smartphone (or other device with the software embedded) to identify the program being watched. This allows television programmers, advertisers, or service providers to provide relevant content such as trivia games or advertisements.

Plaintiff claims that Ensequence's product necessarily interacts with content created, published, stored, streamed, or transmitted in Texas. Plaintiff relies heavily on Ensequence's statement from its website that its customers can "broadly deploy interactive television experiences" across "unlimited interactive programs and sponsorships." In other words, Plaintiff appears to claim that because many of the programs included in its abstract database are broadcast in Texas by Ensequence customers, Ensequence has purposely, systematically, and continuously directed its contacts at Texas.

Plaintiff also ties its jurisdictional argument to the presence of Ensequence's customers—including television programmers, service providers, and advertisers—throughout Texas. Ensequence does not dispute that—although none of its customers are Texas corporations—several operate pervasively throughout Texas. Plaintiff imputes the continuous and systematic contacts of Ensequence's customers to Ensequence itself.

Finally, Plaintiff insists that Ensequence solicits business in Texas through its website and two national press releases. Plaintiff notes that Ensequence's website includes a contact page where potential customers can generate an email to send to Ensequence. Plaintiff labels this an

---

[1] Ensequence claims that it opted not to sell the accused product after it proved unmarketable. Thus, Ensequence disputes that it ever offered the accused product anywhere in the United States, much less in Texas.

interactive website designed to solicit business, including from Texas. Plaintiff further notes that Ensequence's press releases suggest that they have a broad customer base, including in Texas.

Plaintiff's claims related to Texas content does not support a finding that Ensequence has purposefully availed itself of the benefits of doing business in Texas. These allegations do not support a finding of general jurisdiction. The Court's focus is on the actions of Ensequence, not third-party customers. *See Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *2 (E.D. Tex. Sept. 27, 2012) ("The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent actions."). The alleged presence of Ensequence's product in the forum state as a result of third-party customers is not enough to establish general jurisdiction. *See Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) ("Injecting a product, even in substantial volume, into a forum's 'stream of commerce,' without more, does not support general jurisdiction.").

Furthermore, Defendant's website—nationally available—is not a purposeful, systematic, or continuous contact with Texas. The parties agree that the site's only potentially interactive feature is the contact page, where users can generate an email to send to Ensequence. This does not present the type of website functionality seen in *AdvanceMe, Inc. v. Rapidpay, LLC*, which included a feature that allowed users to get a quote for services in the forum state using a drop-down menu. 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006). In contrast, Ensequence's website has no features specifically directed to Texas or intended to solicit Texas customers. The contact page that allows users to generate an email to Ensequence is not the type of contact with the forum necessary to establish general jurisdiction. *See Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) ("[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general

jurisdiction—in other words, while it may be doing business *with* Texas, it is not doing business *in* Texas.").

Similarly, Ensequence's national press releases do not constitute continuous and systematic contacts with Texas that could support this Court's exercise of general jurisdiction. *See Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010).

### III. MOTION FOR DISCOVERY

Plaintiff alternatively seeks leave to conduct discovery related to the jurisdictional issue (Doc. No. 509). Plaintiff has not made the necessary showing to warrant jurisdictional discovery. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Nor has Plaintiff specifically identified any facts it reasonably expects to discover that would correct the deficiencies in its jurisdictional arguments. Without more, Plaintiff cannot engage in a jurisdictional "fishing expedition." *See Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 798 (N.D. Tex. 2010).

### IV. CONCLUSION

For the reasons discussed more fully above, the Court GRANTS Defendant Ensequence, Inc.'s motion to dismiss for lack of personal jurisdiction (Doc. No. 558) and DENIES Plaintiff's Motion to Authorize Jurisdictional Discovery (Doc. No. 509). Accordingly, Plaintiff's claims against Defendant Ensequence, Inc. are DISMISSED WITHOUT PREJUDICE.

**It is SO ORDERED.**

**SIGNED this 27th day of September, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE