# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | Civil Action No. 6:12-cv-499-MHS |
| | § | **(Lead case for Consolidation Issues)** |
| v. | § | Jury Trial Demanded |
| | § | |
| Texas Instruments, Inc. | § | |

_____

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | Civil Action No. 6:13-cv-125-MHS |
| v. | § | |
| | § | |
| Entropic Communications, Inc. | § | |

**DEFENDANT ENTROPIC COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF BLUE SPIKE, LLC'S FIRST AMENDED COMPLAINT FOR INDIRECT AND WILLFUL PATENT INFRINGEMENT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ....................................................................................................................... 1

    A.   **Blue Spike Does Not Adequately Plead Intent to Induce Infringement** .......... 1

    B.   **Blue Spike's Contributory Infringement Claim is Insufficient** ....................... 3

    C.   **Blue Spike's Willfulness Claim Should be Dismissed** ...................................... 4

III.  CONCLUSION .................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)......................................................................................1, 3

*In re Seagate Tech., LLC*,
    497 F.3d 1360, 1371 (Fed. Cir. 2007).....................................................................................4

*MacroSolve, Inc. v. Cont'l Airlines, Inc.*,
    No. 6:11-cv-694, slip op. (E.D. Tex. July 30, 2012) .....................................................1, 2, 3, 4

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
    No. 6:11-cv-229, slip op. (E.D. Tex. July 27, 2012) ..........................................................2, 3

*Touchscreen Gestures, LLC v. Research in Motion Ltd.*,
    No. 6:12-cv-263, slip op. (E.D. Tex. Mar. 27, 2013) ...............................................................5

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12-cv-366, slip op. (E.D. Tex. Feb. 7, 2013) ........................................................ *passim*

## I.     INTRODUCTION

The Court should dismiss Plaintiff Blue Spike, LLC's ("Blue Spike") allegations of indirect and willful infringement against Defendant Entropic Communications, Inc. ("Entropic") because: (1) Blue Spike fails to sufficiently allege Entropic had the required intent and knowledge to induce infringement; (2) Blue Spike fails to identify a specialty component used in the alleged infringing products or systems, and fails to sufficiently allege the components have no substantial non-infringing uses; and (3) Blue Spike fails to sufficiently plead facts establishing a good faith basis for alleging willful infringement.

## II.    ARGUMENT

### A.     Blue Spike Does Not Adequately Plead Intent to Induce Infringement

"[T]o survive [a] motion to dismiss, [a] complaint must contain sufficient facts plausibly showing that Defendants specifically intended a third party to infringe the [asserted] patent[s] and knew the third party's acts constituted infringement." *MacroSolve, Inc. v. Cont'l Airlines, Inc.*, No. 6:11-cv-694, slip op. at 5-6 (E.D. Tex. July 30, 2012) (Love, M.J.) (attached at Dkt. No. 941-4) (citing *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *see also U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366, slip op. at 2 (E.D. Tex. Feb. 7, 2013) (Love, M.J.) (attached at Dkt. No. 941-2).

Blue Spike argues in its opposition that it meets the pleading standard for intent to induce infringement by alleging "that Entropic makes, uses, offers for sale, or imports into the U.S. products, systems, or services including its set-top box system-on-a-chip platform software, systems, and technology, enabled with automatic content recognition, that infringe the patents in suit…[and] [t]he identification of these specific consumer products permits a reasonable inference that Entropic intends its customers to use them." (Plaintiff's Opposition, Dkt. No. 966

1

("Opp."), at 5-6 (emphasis added)). However, Blue Spike's argument that intent can be inferred solely through the identification of alleged infringing products is almost identical to the arguments this Court rightly rejected in *U.S. Ethernet Innovations* and *MacroSolve*.

In *U.S. Ethernet Innovations*, this Court rejected plaintiff USEI's argument that a reasonable inference of intent to induce infringement and affirmative knowledge of the infringement can be inferred from the alleged inducer Yamaha's supply of supposed infringing systems and components along with instructions on how to operate the systems and components. *See U.S. Ethernet Innovations*, 6:12-cv-366, slip op. at 6. In *MacroSolve*, the Court similarly rejected plaintiff MacroSolve's argument that MarcoSolve's identification of alleged inducer Continental's customers as direct infringers was sufficient to establish a plausible inference that Continental had the specific intent to induce its customers to infringe, and affirmative knowledge of the alleged infringement.[1]

Blue Spike's allegations contain even less factual specificity than the plaintiff's in *U.S. Ethernet Innovations*. There, USEI at least alleged that defendant Yamaha supplied its customers with *instructions* - along with the accused products - that purportedly caused the customers to directly infringe when they followed such instructions. *U.S. Ethernet Innovations*, 6:12-cv-366, slip op. at 6 (emphasis added). Blue Spike, on the other hand, does not and cannot allege that Entropic published such instructions. Instead, Blue Spike seeks to concoct an

---

[1] By contrast, in *Patent Harbor*, the Court found that plaintiff Patent Harbor had met the required intent standard by alleging "Defendants either perform that method themselves or 'direct[] and control[]' others to do so 'through contract.'" *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229, slip op. at 10 (E.D. Tex. July 27, 2012) (Love, M.J.) (attached at Dkt. No. 966-1). Blue Spike has made no such allegation that Entropic has an alleged direct contractual relationship with the alleged direct infringers, through which it can direct and control the alleged directly infringing activities.

allegation of intent to induce infringement solely from Entropic's supply of alleged infringing products.  (*See* Opp. at 5-6).  This Court plainly rejected such overreaching in *MacroSolve*.

Absent an allegation of a direct contractual relationship with the alleged direct infringers, no sufficient inference of intent can be made from Blue Spike's allegations, any more than such an inference could be drawn from the parallel allegations in *U.S. Ethernet Innovations* and *MacroSolve*.  Accordingly, Blue Spike's inducement claim should be dismissed.

### B. Blue Spike's Contributory Infringement Claim is Insufficient

"[T]o state a claim for contributory infringement, [a plaintiff] must, among other things:[2] (1) identify the 'material or apparatus for use in practicing [the] patented process' that is sold or offered for sale by Defendants; and (2) 'plead facts that allow an inference that [these] components . . . have no substantial non-infringing uses.'"  *U.S. Ethernet Innovations*, 6:12-cv-366, slip op. at 7 (citing *Bill of Lading*, 681 F.3d at 1331); see also *Patent Harbor*, 6:11-cv-229, slip op. at 11; *MacroSolve*, 6:11-cv-694, slip op. at 6-7.  In its Amended Complaint, Blue Spike fails to identify the specialty components provided by Entropic that are used as a part of the products and systems accused of infringement by Blue Spike, and fails to allege how these as of yet unidentified components lack any substantial non-infringing uses.

Blue Spike alleges that it is the "Accused Products" - and not specifically identified components thereof - that "have no substantial non-infringing uses and are for use in systems that infringe the [Asserted] Patent[s]."  (First Amended Complaint, Dkt. No. 923 ("FAC"), at ¶ 34; *see also* ¶¶ 42, 50, 58).  This type of allegation, which is not directed at the component

---

[2] These "other things" include knowledge of the patent and knowledge the specialty component is "to be especially made or especially adapted for use in an infringement of such patent," which as discussed in Entropic's moving papers in support of its motion to dismiss (s*ee* Dkt. No. 941), Blue Spike also fails to sufficiently plead.  *See Bill of Lading*, 681 F.3d at 1337.

3

provided by Entropic, is insufficient as found by this Court in *MacroSolve*. 6:11-cv-694, slip op. at 6 (dismissing claim that "fails to identify the components of the accused products—the Continental app and United Airlines Mobile app—used to infringe the '816 patent.")' *see also U.S. Ethernet Innovations*, 6:12-cv-366, slip op. at 7 (dismissing contributory infringement claim that "is devoid of any allegation from which the Court can plausibly infer that any components being sold have 'no substantial non-infringing uses.'")

Blue Spike's contributory infringement claim against Entropic should be dismissed for failure to adequately identify a component, and for failure to sufficiently allege how the unidentified component has no substantial non-infringing uses.

        **C.**      **Blue Spike's Willfulness Claim Should be Dismissed**

Liability for willfulness requires that a defendant engage in infringing conduct with knowledge of the asserted patent and at least an objectively reckless disregard of the known risk of infringing it. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). At the pleading stage, the Plaintiff must establish a good faith basis for alleging willful infringement. *Id.* at 1374.

Blue Spike has not identified a specific date by which Entropic had notice of the asserted patents and has not alleged sufficient facts in support of its allegation that Entropic was objectively reckless. *See, e.g., U.S. Ethernet*, 6:12-cv-366, slip op. at 8 (dismissing willful infringement claim after finding plaintiff's bare allegation "devoid of any facts that create an inference of [Defendant's] objective recklessness."). Moreover, as this Court recently held, "the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim." *Touchscreen Gestures, LLC v. Research in Motion Ltd.,* No. 6:12-cv-263, slip op. at 4 (E.D. Tex. Mar. 27, 2013) (Schneider) (dismissing willful infringement claim) (attached at Dkt.

4

No. 941-6). Under the holding of *Touchscreen Gestures*, Blue Spike's allegation that its willfulness claim arises directly from the filing of this lawsuit is inadequate to state a claim. (FAC, ¶ 36; *see also* ¶¶ 44, 52, 60).

To the extent Blue Spike still alleges pre-suit willfulness, Blue Spike cannot do so with a good faith basis. In opposition to Entropic's motion to dismiss Blue Spike's original complaint, Blue Spike stated that "*Blue Spike concedes that it has no basis for alleging pre-filing willfulness* at this point, even though future discovery may change that," and instead, "Blue Spike explicitly bases its willfulness allegation on *post*-filing conduct." (Dkt. No. 640 at p. 8) (emphasis added). The only new allegation in Blue Spike's amended complaint regarding pre-filing willfulness is that "Entropic *likely* knew of Blue Spike patents pre-suit due to the patents' prominence." (Opp. at p. 9; *see also* FAC, ¶¶ 36; 44, 52, 60) (emphasis added). However, Blue Spike's assertion on information and belief of what was "likely" is mere speculation, not an allegation of fact. Moreover, Blue Spike was certainly aware it would contend its patents were "prominent" when Blue Spike admitted, in a moment of candor, that it had "no basis for alleging pre-filing willfulness." Then, as now, it had no such basis. Blue Spike's willfulness allegation should be dismissed.

### III. CONCLUSION

For the reasons herein, and the reasons put forth in Entropic's moving papers (s*ee* Dkt. No. 941), Entropic respectfully requests its motion to dismiss be granted.

5

DATED:  September 27, 2013              Respectfully submitted,


By */s/ Alan H. Blankenheimer*
    Alan H. Blankenheimer
    ablankenheimer@cov.com
    Jo Dale Carothers
    jcarothers@cov.com
    COVINGTON & BURLING LLP
    9191 Towne Centre Drive, 6th Floor
    San Diego, CA 92122-1225
    Telephone: (858) 678-1800
    Facsimile:  (858) 678-1600

    Michael E. Jones
    SBN: 10929400
    Potter Minton, PC
    110 North College, Suite 500
    Tyler, Texas 75702
    Tel: 903-597-8311
    Fax: 903-593-0846
    mikejones@potterminton.com

    Attorneys for Defendant,
    Entropic Communications, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 27, 2013.

<i><u>/s Alan H. Blankenheimer</u></i><br>Alan H. Blankenheimer