IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| TEXAS INSTRUMENTS, INC. | § | |

## ORDER GRANTING PARTIAL DISMISSAL

Now before the Court is Defendant ImageWare Systems, Inc.'s motion to dismiss Plaintiff's contributory infringement and willful infringement claims (Doc. No. 327). Having considered the parties' briefing and the applicable law, the Court GRANTS the motion.

### I.   BACKGROUND

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, with examples such as "digital fingerprinting." Plaintiff accuses four ImageWare Systems, Inc. (IWS) products—Biometric Engine, Desktop Security, Law Enforcement, and EPI Builder Software Development Kit—of directly and indirectly infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery. Defendant ImageWare Systems, Inc. (IWS) moved to dismiss Plaintiff's contributory infringement claims and willful infringement claims.

## II. LEGAL STANDARD

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). In other words, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

### a. Contributory Infringement

Plaintiff alleges that IWS contributed to the infringement of its patents. *See* 35 U.S.C. § 271(c). To maintain its contributory infringement claim, Plaintiff must allege facts to support the following inferences: (1) IWS sold or offered to sell a material or apparatus for use in practicing a patented process, (2) the material or apparatus is material to practicing the invention, (3) the material or apparatus has no substantial non-infringing uses, and (4) Defendant knows the

product is especially made or adapted for an infringing use. *In re Bill of Lading Trasnmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

Courts are split regarding the level of specificity required to allege an indirect infringement claim. *See Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010). Here, Plaintiff has failed to satisfy even the more liberal standard.

Plaintiff's complaint summarily alleges contributory infringement based on IWS's accused products that are incorporated in "systems" and that "have no substantial non-infringing purpose." The allegations further note that this contributes to the direct infringement by "end users." The complaint identifies the accused products as fingerprint-based biometric software, systems, and technology" and specifically accuses four IWS products. Plaintiff argues that because it accuses software, the Court reasonably can assume the accused products are incorporated into (unidentified) larger software packages (by unidentified parties). Finally, Plaintiff argues that the names of the accused software—Biometric Engine, Desktop Security, Law Enforcement, and EPI Builder Software Development Kit—support an inference that they have no substantial non-infringing purpose.

The Court finds these allegations insufficient to support Plaintiff's contributory infringement claims. Although Plaintiff identifies IWS's accused products, Plaintiff does not even suggest what larger devices or software packages incorporate the accused software, thus leaving to complete speculation whether the accused software is material to these unnamed devices or software packages or who produces, sells, or uses the devices or software packages. The Court also finds unavailing Plaintiff's request that the Court infer a lack of a non-infringing purpose based solely on the product names. Accordingly, the Court GRANTS IWS's motion to dismiss Plaintiff's contributory infringement claims.

### b. <u>Willfulness</u>

Willful infringement is a two-part test. First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* This objective prong is determined by the Court as a matter of law. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1008 (Fed. Cir. 2012) ("[T]he ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge.").

"If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371.

IWS contends that Plaintiff's willfulness allegation is entirely unsupported. Plaintiff concedes that its willfulness claims are limited solely to post-filing conduct.

"[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Seagate*, 497 F.3d at 1374. "So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing

willful infringement." *Id.*; *see Webmap Techs., LLC v. Google, Inc.*, No. 2:09-CV-343, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 10, 2010).

Plaintiff maintains that the filing of this suit provides sufficient notice to support post-filing willful infringement claims. The Court disagrees. Despite its claim to the contrary, Plaintiff has not sought preliminary injunctive relief.  Plaintiff's "motion" is relegated to a single sentence in the Complaint. This Court's local rules require that a motion for preliminary injunction be made separately from the complaint. Local Rule CV-65. Plaintiff has not seriously pursued a preliminary injunction in this case and thus cannot now claim post-filing willful infringement. *See Seagate*, 497 F.3d at 1374 ("A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.")

Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim. *See Execware, LLC v Staples, Inc.*, No. 11-836, 2012 WL 6138340, at *7 (D. Del. Dec. 10, 2012) ("As previously stated, [plaintiff's] amended complaint relies solely on allegations that [defendant] was made aware of the '139 patent by the filing of the original complaint in the present action. As a result, its claim for willful infringement must fail."); *Aeritas, LLC v. Alaska Air Grp., Inc.*, No. 11-967, 2012 WL 4470386, at *4 (D. Del. Sept. 28, 2012) (explaining that "the court is not inclined to allow the mere notice of the charge of infringement gleaned from service of the complaint to pass muster for a willfulness claim under Rule 8" and "that the burden to prove willful infringement includes more than mere knowledge of the patent"); *LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*, No. 11-CV-6173, 2012 WL 1965878, at *6 (N.D. Cal. May 30, 2012) ("Knowledge of the Patents at

Issue from service of the initial complaint does not warrant imposition of enhanced damages for willful conduct based solely upon post-filing conduct."). Accordingly, IWS's motion to dismiss Plaintiff's claims of willful infringement is GRANTED, and those claims are dismissed.

### IV. CONCLUSION

For the reasons discussed more fully above, the Court GRANTS Defendant ImageWare Systems, Inc.'s motion to dismiss Plaintiff's contributory infringement and willfulness claims (Doc. No. 327).

**It is SO ORDERED.**

**SIGNED this 27th day of September, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE