UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|    *Plaintiff,* | § | Case No. 6:12-cv-499-MHS |
| v. | § | Lead Case |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
|    *Defendants*. | § | |

**BLUE SPIKE'S SURREPLY TO ADOBE'S TRANSFER MOTION [DKT. 905]**

Adobe's reply in support of its transfer motion (Dkt. 986) does not strengthen the case for transfer. Adobe still has not shown that litigating in the Northern District of California would be clearly more convenient.

Adobe's reply largely echoes Adobe's previous arguments. The only new thing Adobe provides is the names of three nonparty witnesses over whom the Northern District of California allegedly has subpoena power (*id.* at 2-3), but the Court should disregard those witnesses. Adobe is not even sure whether two of them actually live in the Northern District of California. *See* Dkt. 986-1 at ¶¶3, 5 ("To the best of my knowledge . . ."). And the third lives in Orange County. *See id.* at ¶4. While Orange County is technically subject to the subpoena power of the Northern District of California, it is still several hundred miles outside of it. Thus, being subpoenaed to testify would presumably still be inconvenient for the witness who lives there.

Adding nothing meaningful to the debate, Adobe's reply mischaracterizes Blue Spike's allegations. It claims that Blue Spike's

1

infringement assertions "center entirely around the digital fingerprinting technology developed by a company acquired by Adobe in November 2011 known as Autitude Inc." Dkt. 986 at 1. A cursory review of Blue Spike's complaint undermines this claim, as Blue Spike's allegations are much broader. *See* Case No. 6:12-cv-564, Dkt. 1 at ¶27. Adobe's misstatement about Autitude is the premise for its argument that former Autitude employees are the only witnesses whose interests are worth considering, but that plainly is not the case.

Adobe is also wrong to suppose that Blue Spike offers no support for the allegation that this case shares overlapping products and services with others Blue Spike has filed in this District (Dkt. 986 at 5). Adobe's suggestion ignores that Blue Spike clearly explained how Adobe's accused products "have very similar functionality to" other consolidated defendants'. Dkt. 946 at 5 (citing, for example, the accused products of consolidated defendants Shazam, iPharro Media, Clear Channel Broadcasting, and Soundmouse).

Adobe's hyperbole—that the Northern District of California is "the only forum where this case can be fairly tried"—is disrespectful to this Court and other federal courts. Dkt. 986 at 1. Adobe is one of the world's best-known technology companies, with over $4 billion in annual revenue, more than 11,000 employees, and offices worldwide. See http://www.adobe.com/company/fast-facts.html (Adobe website). Adobe has litigated here successfully many times before, nixing the suggestion that this

Court is incapable of offering Adobe a fair hearing of its case.

Oddly, Adobe criticizes Blue Spike CEO Scott Moskowitz for testifying personally (as opposed to through a doctor) about his own medical condition, which makes travel excruciatingly painful and dangerous for him (Dkt. 986 at 4), yet Adobe sees no problem with its own employees testifying on matters on which they do not even have personal knowledge. *See* Dkt. 986-1 at ¶¶3, 5 ("To the best of my knowledge . . ."). Moskowitz's sworn statements about his medical condition, based on painful personal experience, are real evidence that the Court cannot lightly disregard.

Finally, in relation to the public-interest factors that bear on transfer, Adobe tries to foist the burdens of production and persuasion onto Blue Spike. Blue Spike previously explained why Adobe's judicial statistics do not weigh in favor of transfer. *See* Dkt. 946 at 13-14. Adobe does not deny this, but faults Blue Spike for not presenting countervailing statistics. *See* Dkt. 986 at 5. That is not how the transfer analysis works. It is Adobe, the party seeking transfer, not Blue Spike, that bears the burdens of production and persuasion. Adobe must demonstrate that transfer would be "clearly more convenient." *In re Volkswagen of Am., Inc.,* 545 F. 3d 304, 315 (5th Cir. 2008) (en banc). It still has not done so despite multiple attempts, which is why Blue Spike respectfully reiterates its request for the Court to deny Adobe's transfer motion.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on September 30, 2013.

                                                          /s/ Randall Garteiser