UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
|     *Plaintiff,* | § | Case No. 6:12-cv-499-MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| | § | |
|     *Defendants.* | § | |

**BLUE SPIKE'S SURREPLY TO SOUNDHOUND'S TRANSFER MOTION [DKT. 916]**

This surreply will correct a few misstatements in SoundHound's reply in support of its transfer motion (Dkt. 962).

Blue Spike never argued that judicial-efficiency concerns weigh against transfer merely because Blue Spike has filed many cases in this District. *Contra id.* at 1. Blue Spike's actual argument is that judicial-efficiency concerns weigh against transfer because "the factual and legal issues" in the consolidated cases—and the defendants themselves—are "deeply intertwined." Dkt. 931 at 4. Blue Spike explained that SoundHound's accused products have significant functional overlap with numerous other defendants' products, including those of Shazam, Audible Magic, BMAT Licensing, Soundmouse, Zeitera, Civolution, Vobile, and Tunesat. *Id.* at 4-5.

SoundHound tries to downplay this overlap by (1) claiming that SoundHound "developed its own products and services," (2) suggesting that Blue Spike should conduct "product-by-product technical comparisons" to "prove" the degree of overlap, and (3) dismissing the overlap as ultimately

"irrelevant." *Id*. at 1-2. SoundHound's reply misses the point, which is that the significant functional overlap between the named defendants' products guarantees that transferring some cases while retaining others would result in a massive waste of judicial resources. After all, analyzing functionality is an essential part of determining "whether any of the patent claims can be read on any specific product or service," which SoundHound admits is the key issue. *Id*. at 2. Blue Spike is not saying that all the consolidated cases should be kept here merely because the accused products share functionality; rather, the point is that this shared functionality means the infringement analyses for all of the products will be very similar.

SoundHound also seems to assume that Blue Spike has the burden to demonstrate that transfer is inappropriate. That has things precisely backward, as the party seeking transfer has the burden to show that transfer would be clearly more convenient. *In re Volkswagen of Am., Inc.*, 545 F. 3d 304, 315 (5th Cir. 2008) (en banc). Blue Spike does not have to produce evidence that SoundHound's third-party witnesses would appear voluntarily at trial (*contra* Dkt. 962 at 3); *SoundHound* must produce evidence that those witnesses would *not* appear voluntarily at trial and that the Northern District of California's subpoena power is the only way to get those witnesses into court. SoundHound has failed twice now to produce such evidence. It merely reasserts that appearing in court in this District would be "burdensome" for these witnesses. But appearing in any court anywhere is burdensome for any

witness, so a vague assertion of burden does not suggest that a particular court's subpoena power is the only way to get a particular witness into court.

SoundHound's reply contains misstatements about Blue Spike's CEO and key witness, Scott Moskowitz, including (1) that he fails to explain why he travels between Texas and Florida yet cannot travel to California and (2) that he does not live in this District. Dkt. 962 at 3-4. As Blue Spike has already explained, Moskowitz lives in this District but maintains a condominium in Florida, and he travels to Florida only to receive medical treatment unavailable elsewhere and to finalize matters related to hurricane-related damage to his condominium. *See* Dkt 931 at 7-8; Dkt 931-2 at ¶¶3, 8, 11. Moskowitz already submitted sworn testimony that "[t]ransfer would cause serious hardship for [him] personally, as [he] suffer[s] from a medical condition caused by a hernia that makes it very painful to travel long distances." Dkt. 931-2 at ¶11. It is callous to suppose that Moskowitz should nevertheless be forced to endure regular travel to California merely because SoundHound would prefer to defend its infringing activities on its home turf.

Finally, SoundHound again repeats the canard that Blue Spike's connections to this forum are recent and ephemeral and should therefore be disregarded (see Dkt. 962 at 5), ignoring Blue Spike's cases and evidence showing that Blue Spike's connections to the District are real and deserve respect. *See* Dkt. 931 at 8-9. Those connections also explain why litigating in California would impose financial hardship on small, Tyler-based Blue Spike.

*Contra* Dkt. 962 at 5. SoundHound may have the resources to pick up and litigate anywhere without missing a beat; Blue Spike does not.

SoundHound has failed to show that transfer would be clearly more convenient. For the reasons stated above plus those contained in its opposition (Dkt. 931), Blue Spike respectfully asks the Court to deny SoundHound's transfer motion.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on September 30, 2013.

    /s/ Randall Garteiser