# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>   *Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>   *Defendant*. | Civil Action No. 6:12-cv-499<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br><br>   *Plaintiff*,<br><br>v.<br><br>ACCU-TIME SYSTEMS, INC.,<br><br>   *Defendant*. | Civil Action No. 6:13-cv-037-MHS<br>(Consolidated Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT ACCU-TIME SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFF'S "FIRST ORIGINAL COMPLAINT" (DKT. 920) PURSUANT TO FED. R. CIV. P. 12(b)(6)**

2672107-1

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................... - 1 -

II.   STATEMENT OF FACTS ....................................................................... - 3 -

III.  STATEMENT OF ISSUES TO BE DECIDED .......................................... - 5 -

IV.   LEGAL STANDARD FOR MOTION TO DISMISS ................................. - 5 -

V.    ARGUMENT ......................................................................................... - 7 -

    A.    Blue Spike's Complaint Fails To Identify An Accused Product That Is Alleged To Infringe A Specific One Of The Patents-in-Suit ............................................................ - 7 -

    B.    Indirect Infringement ....................................................................... - 8 -

        1.    Blue Spike's Contributory Infringement Claims Are Not Sufficiently Pleaded ..... - 8 -

        2.    Blue Spike's Induced Infringement Claims Are Not Sufficiently Pleaded .......... - 10 -

    C.    Blue Spike's Willful Infringement Claims Are Not Sufficiently Pleaded .............. - 11 -

    D.    Blue Spike's New Complaint and Notice of Mootness Should Be Dismissed as Impermissible under the Federal Rules of Civil Procedure ............................................ - 13 -

VI.   CONCLUSION ................................................................................... - 15 -

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307 (Fed. Cir. 2007) ....................10

*AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007)...........................................11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ......................................................................6, 8, 10

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. 11-cv-04049,
    2012 U.S. Dist. LEXIS 51650 (N.D. Cal. Mar. 22,2012)..................................................13

*Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*, No. 07-cv-1359, 2010 U.S.
    Dist. LEXIS 21778 (N.D. Cal. Feb. 19, 2010)....................................................................12

*Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, 2010 U.S. Dist. LEXIS 62711
    (E.D. Tex. Mar. 29, 2010)........................................................................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................3, 6, 8, 10

*Clear v. Bergdorf Goodman, Inc., 2010 U.S. Dist. LEXIS 9207(E.D. Tex. Mar. 29, 2010)*........8, 9

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) (en banc)..................................2, 10

*Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263 (Fed. Cir. 2004).......................11

*In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323
    (Fed. Cir. 2012)................................................................................................................8, 10

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) .............................................11, 12, 13

*MacroSolve, Inc. v. Continental Airlines, Inc.,* No. 6:11-cv-694 (Report and Recom.)
    (E.D. Tex. July 30, 2012).....................................................................................................10

*MacroSolve, Inc. v. Continental Airlines, Inc.,* No. 6:11-cv-694 (slip op.)
    (E.D. Tex. August 22, 2012) ................................................................................................10

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913,
    125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) .........................................................................9

*Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010).....................................8, 9

*Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263
    (E.D. Tex. March 27, 2013) (slip op.) (J. Schneider) .........................................................12

*Webmap Techs., LLC v. Google, Inc.*, No. 09-cv-343, 2010 U.S. Dist. LEXIS 104137
   (E.D. Tex. Sept. 10, 2010), adopted in its entirety, 2010 U.S. Dist. LEXIS 104109
   (E.D. Tex. Sep. 28, 2010) (Folsom, J.) ..............................................................................11

*Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008)........................................................6

**Statutes, Rules, and Other**

35 U.S.C. § 271(a) ...........................................................................................................11

35 U.S.C. § 271(c) ..........................................................................................................2, 9

35 U.S.C. § 287(a) ........................................................................................................2, 12

Fed. R. Civ. P. 8 ...........................................................................................................3, 5

Fed. R. Civ. P. 12(b)(6)................................................................................. *passim*

Fed. R. Civ. P. 15(a) .................................................................................................13, 14

Wright & Miller § 1216, at 233-234 ............................................................................6

I.      **INTRODUCTION**

Defendant, Accu-Time Systems, Inc. ("ATS"), moves to dismiss Blue Spike LLC's ("Blue Spike) incorrectly titled "First Original Complaint for Patent Infringement Against Accu-Time Systems, Inc." ("New Complaint") [*Dkt. No. 920 in Case No. 6:12-cv-00499*], for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  ATS further moves to dismiss Blue Spike's improperly filed New Complaint because it failed to request leave of the Court to file the New Complaint.

The New Complaint is a generic, "one size fits all" pleading that is nothing more than a series of legal conclusions without underlying factual support that fails to provide ATS sufficient notice of the claims it must defend.

The New Complaint alleges that four Blue Spike patents (U.S. Patent Nos. 7,346,472 ("'472 Patent"), 7,660,700 ("'700 Patent"), 7,949,494 ("'494 Patent"), and 8,214,175 ("'175 Patent") (collectively, the "Patents-in-Suit")) are infringed by "biometric solutions—comprising a Universal or Global series terminal with fingerprint reader such as FLEXpoint, PEOPLEpoint, SMARTpoint, OPTIMUS2, AccuTouch, Maximus, and Prodigy time and attendance terminals" ("Accused Products") without specifying which of the asserted Patents-in-Suit is infringed by any one of the Accused Products.

The New Complaint's allegations of willful infringement are deficient for at least the reason that they do not provide any facts regarding ATS's pre-filing conduct, except that the Patent-in-Suit are "prominent…as evidenced, in part, by the extent to which each of these patents has been forward-cited in connection with the examination of subsequently-issued patents." Merely being cited in the prosecution of unrelated patents is **<u>not</u>** evidence of its significance in biometrics, and does not comply with the Notice requirement under the Patent Laws. (*See* 35

U.S.C. 287(a)). Further, Blue Spike never states that these "subsequently-issued patents" have any subject matter related to the Accused Products or the field of biometrics in general. Blue Spike's only supported allegation is that that ATS became aware of the Patents-in-Suit as a result of Blue Spike filing its earlier Complaint. The New Complaint's allegations of indirect infringement (*i.e.*, contributory infringement and induced infringement) are similarly deficient because they are devoid of any allegations establishing: a direct infringement; that ATS induced the alleged infringement by "actively and knowingly" aiding and abetting another's direct infringement; or that the Accused Products are "especially made or especially adapted for use in an infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc); 35 U.S.C. § 271(c).

At least Blue Spike's contributory infringement and willful infringement claims should be dismissed for the same reasons set forth in this Court's recent Order in this consolidated case granting dismissal of Blue Spike's contributory and willful infringement claims against Defendant ImageWare Systems, Inc. [September 27, 2013 Order, *Dkt. No. 1006 in Case No. 6:13-cv-00499*]. In that Order, this Court dismissed Blue Spike's contributory infringement claims for insufficiently alleging "contributory infringement based on [defendant's] accused products that are incorporated in 'systems' and that 'have no substantial non-infringing purpose.'" *Id.* at 3. Similarly, this Court dismissed Blue Spike's willful infringement claims stating that "the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim." *Id.* at 5. As set forth herein, Blue Spike's contributory infringement and willful infringement claims filed against ATS includes nearly identical accusations and should be dismissed for the same reasons.

Blue Spike's failure to properly plead its claims prevents ATS from being able to properly defend itself in this litigation. It is clear from both the New Complaint and Blue Spike's actions in the consolidated action, that it seeks to extract settlements from defendants by subjecting these defendants, including ATS, to the less palatable choice of incurring the significant costs associated with infringement litigation, especially litigation unbounded by what Blue Spike can (and should) properly allege amounts to infringement. ATS should not be forced to engage in expensive litigation unless and until Blue Spike pleads factual allegations sufficient to state a claim for relief. Maintaining the New Complaint fosters Blue Spike's efforts to extract settlements by wielding the expensive discovery and trial preparation as a hammer against ATS. This is contrary to the Supreme Court's view of Fed. R. Civ. P. 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007). For the reasons contained herein, Blue Spike's New Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.      STATEMENT OF FACTS

Blue Spike filed its earlier January 8, 2013 Original Complaint against ATS without ever contacting ATS to provide notice of its patents or allege infringement of its patents, and the New Complaint does not allege that ATS was aware of the Patents-in-Suit prior to the filing date of the Original Complaint.

ATS filed a Motion to Dismiss the Original Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on March 29, 2013. [*Dkt. No. 576 in Case No. 6:12-cv-00499*].

Nearly five months later, without requesting leave of the court or contacting ATS, Blue Spike filed the New Complaint on August 13, 2013.

On September 9, 2013, without requesting leave of the court or contacting ATS, Blue Spike filed a "Notice of Mootness of Defendant Accu-Time's Pending Motion to Dismiss (DKT. 576)" ("Notice of Mootness"). [*Dkt. No. 952 in Case No. 6:12-cv-00499*]

The New Complaint, like its predecessor, lacks any identification of which Accused Product is alleged to infringe any one of the Patents-in-Suit.  Instead, for each of the Patents-in-Suit, the New Complaint simply states:

> 34.  Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '175 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271. (Emphasis added) (New Complaint at p. 10, ¶ 34)

> 42.  Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '494 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271. (Emphasis added) (New Complaint at p. 12, ¶ 42)

> 50.  Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '700 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271. (Emphasis added) (New Complaint at p. 14, ¶ 50)

> 58.  Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '472 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271. (Emphasis added) (New Complaint at p. 16, ¶ 58)

These formulaic allegations (made across the spectrum of defendants sued in this consolidated action) are not sufficient to put ATS on notice as to which of the Accused Products

are alleged to infringe which of the Patents-in-Suit or to comply with the pleading requirements of Rule 8 of the Fed. R. Civ. P.

Blue Spike's allegations of indirect infringement of the Patents-in-Suit by way of inducement of others and/or contributing to the infringement by others of the Patents-in-Suit fail to plead the requisite facts to support such causes of action. The New Complaint is devoid of any allegations establishing that: (1) the conduct allegedly induced constitutes direct infringement; (2) ATS induced the alleged infringement by "actively and knowingly" aiding and abetting another's direct infringement; or (3) the Accused Products are "especially made or especially adapted for use in an infringement." Blue Spike failed to provide sufficient facts that that the Accused Products have no substantial non-infringing uses, and Blue Spike's own Exhibits provide the contrary evidence of substantial non-infringing use. (*See Dkt. No.* 651-1 *in Case No.*6:13-cv-00499, Exhibits 4, 5, and 6).

## III. STATEMENT OF ISSUES TO BE DECIDED

1.      Has Blue Spike adequately pled the alleged infringements for each Patent-in-Suit?

2.      Has Blue Spike adequately pled contributory patent infringement?

3.      Has Blue Spike adequately pled induced patent infringement?

4.      Has Blue Spike adequately pled willful patent infringement?

## IV.   LEGAL STANDARD FOR MOTION TO DISMISS

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.

2672107-1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. A district court should grant a motion to dismiss if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 942 (9th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

In *Twombly*, the Supreme Court recognized the inherent prejudice to a defendant when a complaint lacks factual support stating, "threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings." *Id*. at 559. The Supreme Court emphasized the importance of addressing factually unsupported or speculative allegations at the pleading stage. 550 U.S. at 558 (citing 5 Wright & Miller § 1216, at 233-234).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court stated that "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and expanded on its *Twombly* decision :

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. <u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice</u>. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. …. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949-1950 (underline emphasis added).

**V.     ARGUMENT**

**A.     *Blue Spike's Complaint Fails To Identify An Accused Product That Is Alleged To Infringe A Specific One Of The Patents-in-Suit***

Blue Spike's New Complaint must be dismissed for failing to definitely identify which of the Patents-in-Suit is alleged to be infringed by which of the Accused Products.  A complaint that fails to "identify any accused products, services, or methods or other infringing acts for the patent-in-suit … simply fails to inform Defendants as to what they must defend" and is therefore fatally deficient. *Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, 2010 U.S. Dist. LEXIS 62711, at *11 (E.D. Tex. Mar. 29, 2010).  The logic is clear -- neither a defendant nor the court should be made to guess at what is accused of infringement when it could be avoided by the plaintiff providing the information that should be available to the plaintiff based on the requisite good faith analysis done by the plaintiff prior to filing suit against the defendant.

Blue Spike's infringement claims do not inform ATS as to what it must defend against. The New Complaint vaguely identifies a product grouping as the "Accused Products" which contain both hardware and software.  New Complaint at p. 9, ¶ 27. Notably, the New Complaint fails to indicate which of the Accused Products is alleged to infringe which of the Patents-in-Suit. Rather, the New Complaint states:

> Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the [Patents-in-Suit] – directly, contributorily, or by inducement –  by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, ***one or more of the Accused Products***, in violation of 35 U.S.C. § 271. (Emphasis added) (New Complaint at ¶¶ 34, 42, 50, 58).

This vague group accusation does not specifically identify any product or any patent and ATS is unable to determine which of the Accused Products is to be defended against infringement of which of the Patents-in-Suit.

2672107-1

Blue Spike's New Complaint must be dismissed for failing to recite a claim for relief that is plausible on its face.

### B.     Indirect Infringement

The requirements for pleading indirect infringement are more stringent than that required for pleading direct infringement. The Federal Circuit clearly stated that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334-37 (Fed. Cir. 2012). The Federal Circuit has also made clear that a claim for indirect infringement must satisfy the pleading requirements articulated in *Twombly* and *Iqbal*. *Id*. at 1336-37.

For at least the reasons set forth below, Blue Spike's indirect infringement counts are insufficiently pleaded and should be dismissed.

### 1.     Blue Spike's Contributory Infringement Claims Are Not Sufficiently Pleaded

A complaint for contributory infringement must "affirmatively identify which claims are indirectly infringed, identify which methods or systems indirectly infringe, and identify a direct infringer in reference to indirect infringement claims." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) (citing *Clear v. Bergdorf Goodman, Inc., 2010 U.S. Dist. LEXIS 9207, at \*4 (E.D. Tex. Mar. 29, 2010)* (internal quotations omitted)).

As shown by the quote below, Blue Spike's New Complaint offers a broad conclusory statement in place of the required affirmative identification of claims that are indirectly infringed.

2672107-1

Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of <u>one or more claims of the '175 Patent</u>. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '175 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '175 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or is liable as contributory infringer <u>of one or more claims of the '175 Patent</u> under 35 U.S.C. §271.

(New Complaint, pp. 11- 12, ¶ 35, emphasis added).  This form conclusion is repeated at paragraphs 43, 51, and 59 respectively for each of the remaining Patents-in-Suit. Taken as a whole, these infringement allegations are insufficient to state any claim for relief that is plausible on its face. *Realtime Data, 721 F. Supp. 2d at 544; Clear v. Bergdorf Goodman, Inc., 2010 U.S. Dist. LEXIS 9207, at \*4.*

By statute, liability for contributory infringement requires that the defendant have knowledge of the patent that is alleged to be infringed and that the allegedly infringing products be "especially made or especially adapted for use in an infringement." 35 U.S.C. §271(c). Contributory infringement also requires that the Accused Products have "no substantial non-infringing uses." *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005). The New Complaint fails in all of these respects. In the New Complaint, Blue Spike acknowledges that ATS had no knowledge of the Patents-in-Suit before Blue Spike filed its Complaint and Blue Spike offers nothing more than a formulaic statement that the Accused Products "have no substantial non-infringing uses and are for use in

systems that infringe." New Complaint ¶¶ 34, 42, 50, 58.  Blue Spike also ignores that its own previously submitted exhibits provides evidence of substantial non-infringing uses.  *See Dkt. No. 651-1 in Case No.*6:13-cv-00499, Exhibits 4, 5, and 6.

In *MacroSolve, Inc. v. Continental Airlines, Inc.*, Magistrate Love cited *Bill of Lading* in recommending that this Court should grant defendant's motion to dismiss plaintiff's contributory infringement claim where the plaintiff did not "identify the accused components of the accused products … used to infringe the claims" or "allege any facts indicating that Defendants' products have no substantial non-infringing uses."   No. 6:11-cv-694, *7 (slip op.) (E.D. Tex. July 30, 2012) (Magistrate Love) (Exhibit "A").  Magistrate Love's Report and Recommendations were adopted by this Court in granting the defendant's motion to dismiss.  6:11-cv-694 (E.D. Tex. August 22, 2012) (Davis, J.) (Exhibit "B").

Taken as a whole, the New Complaint's contributory infringement pleadings are of the cookie cutter type this Court rejected in the past as failing to meet the requirements of *Iqbal* and *Twombly*.  *See* September 27, 2013 Order, *Dkt. No. 1006 in Case No. 6:13-cv-00499* at pg. 3.

## 2.    Blue Spike's Induced Infringement Claims Are Not Sufficiently Pleaded

With respect to inducement, in order to survive a motion to dismiss, the complaint must plead "facts plausibly showing that [ATS] specifically intended its customers to infringe the [Patents-in-Suit]." *Bill of Lading*, 681 F.3d at 1339. Likewise, it must plead that: (1) the conduct being induced constitutes direct infringement; and (2) the party inducing the infringement actively and knowingly aided and abetted another's direct infringement of the patent in suit. *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc).

2672107-1

The New Complaint fails because it does not allege with any specificity that ATS: (1) knew of the Patents-in-Suit prior to the Complaint; (2) knowingly and specifically intended its customers to infringe the Patents-in-Suit; and (3) possessed the requisite knowledge or intent to be held vicariously liable. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004).

The New Complaint's repeated conclusory statement that ATS has induced infringement of one or more claims of the Patents-in-Suit by "making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '175 Patent," is vague at best and does not satisfy the standard. *See* New Complaint at ¶¶ 35, 43, 51, and 59. Such blanket recitals of the bare elements of indirect infringement under 35 U.S.C. § 271(a) are insufficient to show that the Blue Spike is entitled to relief, and ATS's Motion to Dismiss under 12(b)(6) should be granted. *See AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007).

### C.  Blue Spike's Willful Infringement Claims Are Not Sufficiently Pleaded

The Federal Circuit's *en banc* ruling in *In re Seagate*, explained:

> [W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b). A "willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's ***pre-filing conduct***." By contrast, when an accused infringer's post filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) . (Emphasis added; *see also, Webmap Techs., LLC v. Google, Inc.*, No. 09-cv-343, 2010 U.S. Dist. LEXIS 104137, at *11 (E.D. Tex. Sept. 10, 2010), adopted in its entirety, 2010 U.S. Dist. LEXIS 104109 (E.D. Tex. Sep. 28, 2010) (Folsom, J.), (recommending dismissal of willful infringement claim based on

post-filing conduct where patentee did not seek a preliminary injunction); *Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*, No. 07-cv-1359, 2010 U.S. Dist. LEXIS 21778, at *48-50 (N.D. Cal. Feb. 19, 2010) (holding that patentee not entitled to seek enhanced willfulness damages based solely on defendants' post-filing conduct where patentee did not seek a preliminary injunction).

Judge Schneider recently followed the Federal Circuit's precedent in *Seagate* dismissing a claim for willful infringement where the complaint did not allege any pre-filing knowledge of the patents. *Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-cv-263 (E.D. Tex. March 27, 2013) (slip op.) (J. Schneider) (Exhibit "C"). In particular, the court held that "[t]he absence of pre-filing knowledge of the patents-in-suit is fatal to [plaintiff's] willful infringement claims." *Id.* at p. 3. The court also noted that plaintiff's post-filing willful infringement claims were insufficient where the plaintiff failed "to seek preliminary injunctive relief," and that "the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim." *Id.* at p. 4.

Blue Spike's New Complaint does not allege any pre-filing conduct. Instead it relies on the fact that the Patents-in-Suit have been "forwarded-cited as prior art in subsequently issued U.S. Patents," and post-filing conduct. (*See* New Complaint, ¶ 37, ¶ 45, ¶ 53, ¶ 61). Merely being cited in the prosecution of unrelated patents is **not** evidence of its significance in biometrics, and does not comply with the Notice requirement under the Patent Laws. (*See* 35 U.S.C. 287(a)). Further, Blue Spike never states whether these "subsequently-issued patents" even have any subject matter related to the Accused Products or the field of biometrics in general. The New Complaint offers nothing beyond these naked assertions as support for its willfulness claims. Further, it alleges nothing to justify departing from the rule that willful

2672107-1

infringement claims must be grounded in pre-filing conduct. *See Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. 11-cv-04049, 2012 U.S. Dist. LEXIS 51650, at *13 (N.D. Cal. Mar. 22,2012)(finding pleading stating "[t]he infringement by defendants was willful, intentional and with conscious and knowing disregard of plaintiffs' [sic] patent rights" is merely a conclusory allegation and fails to adequately state a claim for willful infringement).

Finally, it is clear that Blue Spike's post-filing conduct is insufficient for a claim for willfulness as Blue Spike has not moved for a preliminary injunction, despite being aware of ATS's alleged conduct at least as early as January 8, 2013. Where a plaintiff fails to act to prevent conduct it alleges to be "reckless," it is not permitted to accrue enhanced damages based on that same conduct. *See Seagate*, 497 F.3d at 1374.

In sum, the New Complaint fails to adequately plead a claim for willful infringement, and these claims should be dismissed as this Court has done in the past with regard to similar willful infringement claims plead by Blue Spike. *See* September 27, 2013 Order, *Dkt. No. 1006 in Case No. 6:13-cv-00499* at pg. 5.

### D. Blue Spike's New Complaint and Notice of Mootness Should Be Dismissed as Procedurally Defective

Blue Spike's New Complaint is entitled "First Original Complaint for Patent Infringement Against Accu-Time Systems, Inc." The New Complaint addresses minor typographical errors and names three additional allegedly infringing products. Defendant is uncertain as to whether the filing is intended as an amended complaint or supplemental complaint.

Fed. R. Civ. P. 15(a)(1) allows a party to amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is

required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Blue Spike filed its Original Complaint on January 8, 2013. ATS filed its Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on March 29, 2013. [*Dkt. No. 576 in Case No. 6:13-cv-00499*].

Blue Spike did not file its New Complaint until  August 13, 2013, nearly five months after ATS's Rule 12 motion.

Fed. R. Civ. P. 15(a) (2) may allow a party to amend its pleading only with the opposing party's written consent or the Court's leave.  Defendant ATS has not provided written consent for the amended pleading, nor has Plaintiff Blue Spike requested the Court's leave to file an amended complaint.

For Supplemental Pleadings, F.R.C.P. 15(d) states "that **on motion and reasonable notice**, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff Blue Spike has not requested the Court's leave to file a supplemental complaint.  ATS submits the New Complaint is improper and should be dismissed.

On September 9, 2013, without requesting leave of the Court or contacting ATS, Blue Spike filed a "Notice of Mootness of Defendant Accu-Time's Pending Motion to Dismiss (DKT. 576)" ("Notice of Mootness"). [*Dkt. No. 952 in Case No. 6:13-cv-00499*].  Because the filing of the New Complaint was improper, ATS objects to Blue Spike's characterization of the Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 576) as moot.

## VI.   CONCLUSION

Blue Spike's New Complaint repeats the long recital of the inventor's background and the alleged invention, but allegations on the legal issues of direct infringement, contributory patent infringement, induced infringement and willful infringement remain formalistic recitals and conclusory statements rather than well plead claims that ATS can address in a meaningful fashion. The New Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

By:  */s/ Anthony S. Volpe*
Anthony S. Volpe (admitted *pro hac vice*, PA  24,733)
Ryan W. O'Donnell (admitted *pro hac vice*. PA 89775)
Aneesh A. Mehta (admitted *pro hac vice*, PA  205878)
VOLPE AND KOENIG, P.C.
United Plaza, 30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 568-6400
Fax: (215) 568-6499
Avolpe@vklaw.com
RODonnell@vklaw.com
Amehta@vklaw.com

Scott Crocker (TX State Bar No. 00790532)
SPRINKLE IP LAW GROUP
1301 W. 25th Street, Suite 408
Austin, Texas 78705
Phone: (512) 366-7308
Fax: (512) 371-9088
SCrocker@sprinklelaw.com

*Attorneys for Defendant,*
*Accu-Time Systems, Inc.*

2672107-1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Defendant Accu-Time Systems, Inc.'s Motion to Dismiss Plaintiff's First Original Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** is being on all counsel of record via the Court's CM/ECF system on this 30th day of September 2013.


By: */s/ Anthony S. Volpe*
Anthony S. Volpe (admitted *pro hac vice*, PA 24,733)
VOLPE AND KOENIG, P.C.
United Plaza, 30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 568-6400
Fax: (215) 568-6499
Avolpe@vklaw.com