UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § § | Jury Trial Demanded |
| *Defendants*. | § § § § | |

**BLUE SPIKE'S OPPOSITION TO ENTROPIC COMMUNICATIONS' JOINDER IN AUDIBLE MAGIC'S TRANSFER MOTION [DKT. 960]**

Plaintiff Blue Spike, LLC opposes Entropic Communications, Inc.'s joinder in Audible Magic Corporation's motion to transfer venue to the Northern District of California (Dkt. 960) for three reasons.

First, Entropic is a Delaware corporation headquartered in San Diego. *See* Dkt. 923 at ¶3; Dkt. 960-1 at ¶2. Thus, it is not clear that Blue Spike's suit against Entropic "might have been brought" in the Northern District of California in the first instance as is required for transfer. 28 U.S.C. §1404(a). Entropic states that it "has design and sales facilities located within the Northern District of California," (Dkt. 960 at 2), but, without more, this is not enough to carry Entropic's "burden of *clearly establishing* that the action properly could have been brought in the first instance in the transferee district." 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §111.12[3] (3d ed. 2012) (emphasis added). Blue Spike could not have sued Entropic in the Northern District of California unless Entropic "has committed acts of infringement [there] *and* has a regular and established place of business

1

[there]." 28 U.S.C. §1400(b) (emphasis added). Nothing in evidence indicates (1) whether Entropic has committed infringing acts at its Northern California "design and sales facilities" or (2) whether these facilities count as a "regular and established place of business."

Second, Entropic cannot piggyback on Audible Magic's transfer motion just because Blue Spike's claims against it are based partly—*not entirely*—on its use of Audible Magic's infringing technology. See Dkt. 923 at ¶27 (alleging that Entropic "makes, uses, offers for sale and/or imports into the U.S. products, systems and/or services *including, but not limited to*, its set-top box (STB) system-on-a-chip (SoC) platform software, systems, and technology enabled with automatic content recognition ("ACR"), *including* ACR provided by Audible Magic Corp. *and Free Stream Media Corp. . . .* , which infringe one or more claims of the Patents-in-Suit.") (emphasis added). Like any other transfer movant, Entropic has to analyze each of the relevant public- and private-interest factors and demonstrate that transfer to the Northern District of California would be "clearly more convenient" *given the particulars of the claims against it*. *In re Volkswagen of Am., Inc.*, 545 F. 3d 304, 315 (5th Cir. 2008) (en banc); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Merely adopting Audible Magic's arguments for transfer is unavailing. Even though there is significant overlap between the two suits, this suit is ultimately a separate dispute with different parties, different witnesses, some different evidence, and so on.[1]

---

[1] Nevertheless, to the extent relevant, Blue Spike adopts and expressly incorporates by reference the arguments made in opposition to Audible Magic's transfer motion.

Last, Entropic's joinder is meaningless in any event because "post-filing consent to jurisdiction in the transferee forum is irrelevant to the transfer analysis." *Adaptix, Inc. v. HTC Corp.*, No. 6:12-cv-121, 2013 WL 1314413, at *2 (E.D. Tex. Mar. 28, 2013).

For these reasons, Blue Spike respectfully asks the Court to deny Entropic's joinder in Audible Magic's transfer motion (Dkt. 960).

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## Certificate of Service

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on September 30 2013.

                                                        /s/ Randall Garteiser