# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>IMAGEWARE SYSTEMS, INC.<br><br>    *Defendant*.<br>_____ | § § § § § § § § § § § § | Lead Case No. 6:12-cv-499-LED<br><br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>IMAGEWARE SYSTEMS, INC.,<br><br>    *Defendant*. | § § § § § § § § § § § § § | Civil Action No. 6:12-CV-688-LED<br><br>(EXCEPT FOR VENUE, CONSOLIDATED WITH 6:12-CV-499)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT IMAGEWARE SYSTEMS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF BLUE SPIKE, LLC'S <u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendant ImageWare Systems, Inc. ("ImageWare") hereby files this Answer, Affirmative Defenses and Counterclaims to Plaintiff Blue Spike, LLC's ("Blue Spike") First Amended Complaint for Patent Infringement ("Complaint") Against ImageWare Systems, Inc. ("FAC"), D.E. No. 919, and alleges as follows:

### NATURE OF THE ACTION

1.    ImageWare admits that the FAC purports to bring an action for patent infringement under Title 35 of the United States Code. ImageWare denies the legal sufficiency of the FAC and denies that Blue Spike has any viable claim thereunder.

## THE PARTIES

2.      ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the FAC and therefore denies them.

3.      ImageWare admits it is a Delaware corporation with its principal place of business at 10815 Rancho Bernardo Road, Suite 310, San Diego, California 92127 and that it may be served via its registered agent, National Registered Agents Inc., located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.  ImageWare denies the remaining allegations in paragraph 3 of the FAC.

## JURISDICTION AND VENUE

4.      ImageWare admits that the FAC purports to bring an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 101, *et seq*., and that the Court has subject matter jurisdiction over this action.  ImageWare denies the legal sufficiency of the FAC and denies that Blue Spike has any viable claim thereunder.

5.      ImageWare denies the allegations in paragraph 5 of the FAC.

6.      ImageWare denies the allegations in paragraph 6 of the FAC.

## FACTUAL BACKGROUND

**A.  Moskowitz's History**

7.      ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the FAC and therefore denies them.

8.      ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the FAC and therefore denies them.

9.      ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the FAC and therefore denies them.

10. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the FAC and therefore denies them.

11. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the FAC and therefore denies them.

12. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the FAC and therefore denies them.

13. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the FAC and therefore denies them.

14. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the FAC and therefore denies them.

15. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the FAC and therefore denies them.

16. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the FAC and therefore denies them.

17. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the FAC and therefore denies them.

18. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the FAC and therefore denies them.

19. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the FAC and therefore denies them.

20. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the FAC and therefore denies them.

### B. Patents-In-Suit

21. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the FAC and therefore denies them.

22. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the FAC and therefore denies them.

23. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the FAC and therefore denies them.

24. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the FAC and therefore denies them.

25. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the FAC and therefore denies them.

26. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the FAC and therefore denies them.

### C. Accused Products and Services

27. ImageWare admits it makes, uses, offers for sale and/or imports into the United States Biometric Engine, Biometric Engine 2.0, Desktop Security, Law Enforcement and EPI Builder Software Development Kits, but ImageWare denies it has committed any acts of infringement and denies the remaining allegations in paragraph 27 of the FAC.

28. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the FAC and therefore denies them.

29. ImageWare denies the allegations in paragraph 29 of the FAC.

30. ImageWare denies the allegations in paragraph 30 of the FAC.

## COUNT I:

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31.   ImageWare admits that Blue Spike purports to incorporate by reference the allegations in paragraphs 1 through 30 of the FAC.

32.   ImageWare admits that on its face United States Patent No. 8,214,175 ("the '175 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals."  ImageWare is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32 of the FAC and therefore denies them.

33.   ImageWare admits that on its face the '175 Patent appears to have been issued on July 3, 2012 but ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the FAC and therefore denies them.

34.   ImageWare denies the allegations in paragraph 34 of the FAC.

35.   ImageWare states that because the Court has dismissed Blue Spike's contributory infringement allegations, D.E. No. 1006, no response to Blue Spike's contributory infringement allegations is required.  Nevertheless, ImageWare denies that it has infringed and continues to infringe any claim of the '175 Patent directly, indirectly, and/or by inducement of others and denies the allegations in paragraph 35 of the FAC.

36.   ImageWare denies the allegations in paragraph 36 of the FAC.

37.   ImageWare states that because the Court has dismissed Blue Spike's willful infringement allegations, D.E. No. 1006, no response to Blue Spike's willful infringement allegations is required.  Nevertheless, ImageWare denies that its alleged infringement is and continues to be willful and denies the allegations in paragraph 37 of the FAC.

38.   ImageWare is without sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 38 of the FAC and therefore denies them.

## COUNT 2:

### INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39. ImageWare admits that Blue Spike purports to incorporate by reference the allegations in paragraphs 1 through 38 of the FAC.

40. ImageWare admits that on its face United States Patent No. 7,949,494 ("the '494 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." ImageWare is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 40 of the FAC and therefore denies them.

41. ImageWare admits that on its face the '494 Patent appears to have been issued on May 24, 2011 but ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of the FAC and therefore denies them.

42. ImageWare denies the allegations in paragraph 42 of the FAC.

43. ImageWare states that because the Court has dismissed Blue Spike's contributory infringement allegations, D.E. No. 1006, no response to Blue Spike's contributory infringement allegations is required. Nevertheless, ImageWare denies that it has infringed and continues to infringe any claim of the '494 Patent directly, indirectly, and/or by inducement of others and denies the allegations in paragraph 43 of the FAC.

44. ImageWare denies the allegations in paragraph 44 of the FAC.

45. ImageWare states that because the Court has dismissed Blue Spike's willful infringement allegations, D.E. No. 1006, no response to Blue Spike's willful infringement allegations is required. Nevertheless, ImageWare denies that its alleged infringement is and continues to be willful and denies the allegations in paragraph 45 of the FAC.

46. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 of the FAC and therefore denies them.

## COUNT 3:

### INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. ImageWare admits that Blue Spike purports to incorporate by reference the allegations in paragraphs 1 through 46 of the FAC.

48. ImageWare admits that on its face United States Patent No. 7,660,700 ("the '700 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." ImageWare is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 48 of the FAC and therefore denies them.

49. ImageWare admits that on its face the '700 Patent appears to have been issued on February 9, 2010 but ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 of the FAC and therefore denies them.

50. ImageWare denies the allegations in paragraph 50 of the FAC.

51. ImageWare states that because the Court has dismissed Blue Spike's contributory infringement allegations, D.E. No. 1006, no response to Blue Spike's contributory infringement allegations is required. Nevertheless, ImageWare denies that it has infringed and continues to infringe any claim of the '700 Patent directly, indirectly, and/or by inducement of others and denies the allegations in paragraph 51 of the FAC.

52. ImageWare denies the allegations in paragraph 52 of the FAC.

53. ImageWare states that because the Court has dismissed Blue Spike's willful infringement allegations, D.E. No. 1006, no response to Blue Spike's willful infringement allegations is required. Nevertheless, ImageWare denies that its alleged infringement is and

continues to be willful and denies the allegations in paragraph 53 of the FAC.

54. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 of the FAC and therefore denies them.

## COUNT 4:

## INFRINGEMENT OF U.S PATENT NO. 7,346,472

55. ImageWare admits that Blue Spike purports to incorporate by reference the allegations in paragraphs 1 through 54 of the FAC.

56. ImageWare admits that on its face United States Patent No. 7,346,472 ("the '472 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." ImageWare is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 56 of the FAC and therefore denies them.

57. ImageWare admits that on its face the '472 Patent appears to have been issued on March 18, 2008 but ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 of the FAC and therefore denies them.

58. ImageWare denies the allegations in paragraph 58 of the FAC.

59. ImageWare states that because the Court has dismissed Blue Spike's contributory infringement allegations, D.E. No. 1006, no response to Blue Spike's contributory infringement allegations is required. Nevertheless, ImageWare denies that it has infringed and continues to infringe any claim of the '472 Patent directly, indirectly, and/or by inducement of others and denies the allegations in paragraph 59 of the FAC.

60. ImageWare denies the allegations in paragraph 60 of the FAC.

61. ImageWare states that because the Court has dismissed Blue Spike's willful infringement allegations, D.E. No. 1006, no response to Blue Spike's willful infringement

allegations is required. Nevertheless, ImageWare denies that its alleged infringement is and continues to be willful and denies the allegations in paragraph 61 of the FAC.

62. ImageWare is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62 of the FAC and therefore denies them.

## REQUEST FOR RELIEF

ImageWare incorporates by reference its responses to paragraphs 1 through 62 as though set forth fully herein. ImageWare denies that Blue Spike is entitled to any of the relief requested in its Request for Relief, or at all. Blue Spike's Request for Relief should be denied in its entirety with prejudice.

## DEMAND FOR JURY TRIAL

There are no allegations of fact in Blue Spike's demand for jury trial and therefore no response is required.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, ImageWare asserts the following below. ImageWare does not hereby assume the burden of proof with respect to any matters on which Blue Spike bears the burden of proof by law. ImageWare reserves the right to amend or supplement its affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

1. ImageWare has not and does not infringe directly, contributorily and/or by inducement of others any claim of U.S. Patent Nos. 8,214,175; 7,949,494; 7,660,700; and 7,346,472 (collectively, the "Patents-in-Suit") either literally or under the doctrine of equivalents, or otherwise.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

2.      Each of the asserted claims of the Patents-in-Suit is invalid and/or unenforceable for failure to satisfy one or more of the requirements of patentability as set forth in 35 U.S.C.§ 1 *et seq.*, including without limitation 35 U.S.C. §§ 100, 101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE

### (License, Implied License, Patent Exhaustion)

3.      Blue Spike's claims and alleged damages for patent infringement are barred in whole or in part by the doctrines of license, implied license and/or patent exhaustion.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

4.      Blue Spike's claims and alleged damages for patent infringement are barred in whole or in part for failure to comply with the patent marking statute, 35 U.S.C.§ 287(a).

## FIFTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, Acquiescence, Estoppel, and Unclean Hands)

5.      Blue Spike's claims and alleged damages for patent infringement are barred in whole or in part by the equitable doctrines of laches, waiver, acquiescence, estoppel and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

6.      Blue Spike's claims and alleged damages for patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing, Failure to Join Necessary Party)

7.  Blue Spike lacks standing to bring a patent infringement action and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

8.  Blue Spike's First Amended Complaint fails to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

### (Single Recovery Rule)

9.  Blue Spike's damages are barred in whole or in part by the single recovery rule.

## TENTH AFFIRMATIVE DEFENSE

### (Prior Commercial Use)

10. ImageWare does not infringe any claims of the U.S. Patent Nos. 8,214,175; 7,949,494; 7,660,700; and 7,346,472 (collectively, the "Patents-in-Suit") under 35 U.S.C. §273.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Limitations on Damages)

11. Blue Spike's remedies and request for relief are barred in whole or in part by 35 U.S.C. §§286, 287 and/or 288.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unavailability of Injunctive Relief)

12. Blue Spike is not entitled to injunctive relief or any other equitable relief because any alleged injury or damage to Blue Spike is not irreparable and because Blue Spike, even if it

were injured or damaged, has an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

13. The Eastern District of Texas is an inconvenient forum in which to litigate this action against ImageWare under 28 U.S.C. §1404(a).

## COUNTERCLAIMS

As and for its Counterclaims against Blue Spike, ImageWare alleges as follows:

### THE PARTIES

1. Defendant and Counterclaimant ImageWare Systems, Inc. ("ImageWare") is a Delaware corporation with its principal place of business at 10815 Rancho Bernardo Road, Suite 310, San Diego, California 92127.

2. On information and belief, Blue Spike, LLC ("Blue Spike") is a Texas limited liability company with its alleged principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over ImageWare's Counterclaims for declaratory judgment under 28 U.S.C. §§ 2201-2202 and subject matter jurisdiction over patent infringement and patent invalidity claims under 28 U.S.C. §§ 1331 and 1338(a). An actual, substantial and continuing justiciable controversy exists between ImageWare and Blue Spike based on Blue Spike's First Amended Complaint against ImageWare alleging infringement of U.S. Patent Nos. 8,214,175; 7,949,494; 7,660,700 and 7,346,472 (collectively, the "Patents-in-Suit"), with respect to which ImageWare requires a declaration of its rights by this Court concerning the invalidity and non-infringement of the Patents-in-Suit, and the right of Blue Spike to maintain suit for the

alleged infringement of the Patents-in-Suit.

4.  This Court has personal jurisdiction over Blue Spike because Blue Spike has submitted to the personal jurisdiction of this Court by filing the Complaint and First Amended Complaint in this District.

5.  Venue is proper in this District under 28 U.S.C. § 1391(b) and § 1400(b) because Blue Spike has conceded the propriety of venue in this Court by filing the Complaint and First Amended Complaint in this District.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '175 Patent)

6.  ImageWare incorporates by reference paragraphs 1-5 of these Counterclaims as though set forth fully herein.

7.  Blue Spike alleges that ImageWare has infringed and continues to infringe one or more claims of the '175 Patent directly, contributorily, or by inducement, by importing, making, using, offering for sale, or selling products and devices that infringe the '175 Patent. ImageWare does not and has not directly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or actively induced others to infringe literally or under the doctrine of equivalents, any claim of the '175 Patent.

8.  ImageWare is entitled to a declaratory judgment that it has not infringed and is not infringing the '175 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '175 Patent)

9.  ImageWare incorporates by reference paragraphs 1-8 of these Counterclaims as though set forth fully herein.

13

10. The '175 Patent is invalid for failing to meet the requirements for patentability as set forth in 35 U.S.C.§ 1 *et seq.*, including without limitation 35 U.S.C. §§ 100, 101, 102, 103 and 112.

11. ImageWare is entitled to a declaratory judgment that the '175 Patent is invalid.

## THIRD COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '494 Patent)**

12. ImageWare incorporates by reference paragraphs 1-11 of these Counterclaims as though set forth fully herein.

13. Blue Spike alleges that ImageWare has infringed and continues to infringe one or more claims of the '494 Patent directly, contributorily, or by inducement, by importing, making, using, offering for sale, or selling products and devices that infringe the '494 Patent. ImageWare does not and has not directly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or actively induced others to infringe literally or under the doctrine of equivalents, any claim of the '494 Patent.

14. ImageWare is entitled to a declaratory judgment that it has not infringed and is not infringing the '494 Patent.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '494 Patent)**

15. ImageWare incorporates by reference paragraphs 1-14 of these Counterclaims as though set forth fully herein.

16. The '494 Patent is invalid for failing to meet the requirements for patentability as set forth in 35 U.S.C.§ 1 *et seq.*, including without limitation 35 U.S.C. §§ 100, 101, 102, 103 and 112.

17. ImageWare is entitled to a declaratory judgment that the '494 Patent is invalid.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '700 Patent)

18. ImageWare incorporates by reference paragraphs 1-17 of these Counterclaims as though set forth fully herein.

19. Blue Spike alleges that ImageWare has infringed and continues to infringe one or more claims of the '700 Patent directly, contributorily, or by inducement, by importing, making, using, offering for sale, or selling products and devices that infringe the '700 Patent. ImageWare does not and has not directly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or actively induced others to infringe literally or under the doctrine of equivalents, any claim of the '700 Patent.

20. ImageWare is entitled to a declaratory judgment that it has not infringed and is not infringing the '700 Patent.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '700 Patent)

21. ImageWare incorporates by reference paragraphs 1-20 of these Counterclaims as though set forth fully herein.

22. The '700 Patent is invalid for failing to meet the requirements for patentability as set forth in 35 U.S.C.§ 1 *et seq*., including without limitation 35 U.S.C. §§ 100, 101, 102, 103 and 112.

23. ImageWare is entitled to a declaratory judgment that the '700 Patent is invalid.

### SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '472 Patent)

24. ImageWare incorporates by reference paragraphs 1-23 of these Counterclaims as though set forth fully herein.

25. Blue Spike alleges that ImageWare has infringed and continues to infringe one or more claims of the '472 Patent directly, contributorily, or by inducement, by importing, making, using, offering for sale, or selling products and devices that infringe the '472 Patent. ImageWare does not and has not directly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or actively induced others to infringe literally or under the doctrine of equivalents, any claim of the '472 Patent.

26. ImageWare is entitled to a declaratory judgment that it has not infringed and is not infringing the '472 Patent.

### EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '472 Patent)

27. ImageWare incorporates by reference paragraphs 1-26 of these Counterclaims as though set forth fully herein.

28. The '472 Patent is invalid for failing to meet the requirements for patentability as set forth in 35 U.S.C.§ 1 *et seq*., including without limitation 35 U.S.C. §§ 100, 101, 102, 103 and 112.

29. ImageWare is entitled to a declaratory judgment that the '472 Patent is invalid.

### PRAYER FOR RELIEF

WHEREFORE, ImageWare prays that:

1. The Court dismiss this action against ImageWare in its entirety with prejudice;

2. The Court declare that ImageWare has not infringed and does not infringe any of the Patents-in-Suit;

3. The Court declare that the Patents-in-Suit are invalid;

4. The Court declare that Blue Spike is not entitled to any relief or remedy by way of this action against ImageWare;

5. The Court award ImageWare its reasonable attorneys' fees and costs incurred in connection with this action as an exceptional case under 35 U.S.C. § 285; and

6. The Court award ImageWare such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

ImageWare demands a trial by jury of all issues so triable.

DATED: October 2, 2013

Respectfully submitted,

By: */s/James V. Fazio, III*
James V. Fazio, III (Admitted Pro Hac Vice)
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 858-792-3446
Facsimile: 858-792-3447
jamesfazio@sandiegoiplaw.com

Michael Jones (SBN 10929400)
POTTER MINTON
110 N. College, Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
mikejones@potterminton.com

Attorneys for Defendant
IMAGEWARE SYSTEMS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 2nd day of October, 2013.

*/s/James V. Fazio, III*
James V. Fazio, III
