IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,**<br>     Plaintiff,<br><br>     v.<br><br>**TEXAS INSTRUMENTS, INC.,**<br>     Defendant. | **6:12-cv-00499-MHS**<br>**LEAD CASE** |
| **BLUE SPIKE, LLC,**<br>     Plaintiff,<br><br>     v.<br><br>**AGNITIO CORP.,**<br>     Defendant. | **6:13-cv-00129-MHS**<br>**CONSOLIDATED CASE** |

### DEFENDANT AGNITIO CORP.'S SUR-REPLY TO PLAINTIFF'S OPPOSED MOTION TO AUTHORIZE FURTHER JURISDICTIONAL DISCOVERY

Defendant Agnitio ("Agnitio") files this sur-reply in support of its opposition to Plaintiff Blue Spike's ("Plaintiff") motion for additional jurisdictional discovery [Dkt. 936].

Blue Spike's Reply in Support of its Motion to Authorize Further Jurisdictional Discovery makes clear the Motion should be denied. First, Blue Spike cannot rely on factual allegations it raised for the first time in a Sur-Reply. Second, Blue Spike's Motion to Authorize Further Jurisdictional Discovery fails to describe any specific information that supports the existence of specific personal jurisdiction over Agnitio. Such an omission is fatal to Blue Spike's request. Finally, the parties' agreement called for Blue Spike to forego any 30(b)(6) deposition in return for Agnitio's answers to interrogatories, which Agnitio provided. Blue Spike's requests for additional discovery are especially burdensome, duplicative, and

unsupported in light of the answers and supplemental answers already provided and its failure to provide specific reasons for seeking further discovery.

"[A]rguments raised for the first time in a sur-reply, like arguments raised for the first time in a reply, are waived." Branch v. CEMEX, Inc., No. H–11–1953, 2012 WL 2357280, at *9 (S.D.Tex. June 20, 2012) (citing Conway v. United States, 647 F.3d 228, 237 n. 8 (5th Cir.2011)). Blue Spike's factual allegations of sales to the FBI and the DEA were raised for the first time in its sur-reply to Defendant Agnitio's motion to dismiss and were based entirely on public information available to it at the time it filed its response to that same motion. See Dkt. No. 832. As such, Blue Spike cannot rely on those factual allegations either in its briefing for the motion to dismiss or in its reply brief for its opposed motion for jurisdictional discovery. Accordingly, the factual allegations on which Blue Spike relies are at least inadequate and Blue Spike fails to present any specific description as to how further discovery will produce evidence establishing personal jurisdiction.

Further, to the extent Plaintiff references any facts from discovery answers already provided by Defendant, random, fortuitous, or attenuated contacts do not satisfy the minimum contacts requirement. Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 312 (5th Cir. 2007). Any "[m]ere foreseeability, standing alone, does not create jurisdiction." Id. (affirming district court's dismissal of plaintiff's claims against foreign defendants). Suffering harm in Texas is insufficient to establish specific jurisdiction. Revell v. Lidov, 317 F.3d 467 (5th Cir. 2002) (declining request for additional discovery given the uncontroverted facts of the operation of [Defendant's] nationwide website and lack of purposeful availment). Blue Spike concedes that the State of Texas does not have general personal jurisdiction over Agnitio,[1] and its broad topics for its requests do not focus on any specific evidence that would support its arguments for

---

[1] See Dkt. Nos. 779 and 793.

jurisdiction - particularly in light of the two declarations, interrogatory answers, and supplemental interrogatory answers provided by Agnitio.

With regard to Blue Spike's need to "clarify" answers already provided by Defendant Agnitio, Blue Spike attempts to tie its jurisdictional arguments against Defendant to the Defendant's customers or Defendant's customers' customers. "The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent actions." Garnet Digital, LLC v. Apple, Inc., 893 F. Supp. 2d 814, 816 (E.D. Tex. 2012). "When the lack of personal jurisdiction is clear, discovery is also unnecessary." Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 856 (5th Cir. 2000) (affirming denial of additional jurisdictional discovery). Defendant has already declared that Defendant has not made a sale of any Accused Product in the State of Texas (Agnitio's Motion to Dismiss, Dkt. 679, Ex. A., Castano Decl. at ¶8), and accordingly, Plaintiff's request for additional discovery is unnecessary.

As to the parties' agreement regarding jurisdictional discovery, Blue Spike agreed to forgo requesting any 30(b)(6) deposition in return for Agnitio providing interrogatory answers. The June 27, 2013 email between the parties makes clear that 1) Blue Spike forgoes its request for a 30(b)(6) deposition, 2) Agnitio would answer Blue Spike's First Set of Interrogatories by July 3, 2013, and 3) the only issue "still under discussion" was whether or not Agnitio would agree to respond to Blue Spike's requests for production. Dkt. No. 963, Exhibit A to the Declaration of Daniel Hwang ("Hwang Decl."). Agnitio provided its answers and objections to Blue Spike's interrogatories by July 3, 2013. Dkt. No. 963, Hwang Decl. ¶5.

WHEREFORE Agnitio maintains its request that this Court deny Blue Spike's motion for additional jurisdictional discovery.

Dated: October 2, 2013

Respectfully submitted,

/s/ *Michael T. Murphy*
Steven G. Schortgen, *Lead Attorney*
  Texas State Bar No. 00794603
steve.schortgen@klgates.com
Jennifer Klein Ayers
  Texas State Bar No. 24069322
jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 *Facsimile*

Michael T. Murphy, *pro hac vice*
  michael.murphy@klgates.com
**K&L Gates LLP**
1601 K Street, NW
Washington, DC  20006-1600
202.778.9176
202.778.9176 *Facsimile*

**ATTORNEYS FOR
DEFENDANT AGNITIO CORP.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, I certify that on October 2, 2013, I served a copy of the forgoing on all counsel of record who have appeared in this Action via the Court's ECF/CM system.

Dated: October 2, 2013                                         /s/ *Michael T. Murphy*
                                                                              Michael T. Murphy