IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| *Plaintiff*, | § § | Civil Action No. 6:12-CV-499-MHS |
| v. | § § | LEAD CASE |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § | |

**PLAINTIFF'S SUPPLEMENTAL NOTICE
REGARDING READINESS FOR SCHEDULING CONFERENCE**

Pursuant to the Court's March 26, 2013 Order Consolidating and Requiring Plaintiff to Notify the Court When Case is Ready for Scheduling, Blue Spike, LLC, ("Blue Spike") plaintiff in the above-entitled and numbered civil action, notified the Court and all parties on June 6, 2013, the case was ready for scheduling conference. Plaintiff hereby supplements its notice and now notifies the Court that not all remaining parties have either answered or filed a motion to dismiss.

Defendant, Audible Magic Corp. ("Audible Magic"), filed counterclaims adding Scott Moskowitz and Blue Spike, Inc. as third party defendants. Notably, Audible Magic is asserting its own new patent against Blue Spike, LLC and Blue Spike, Inc. Blue Spike, LLC, Blue Spike, Inc., and Scott Moskowitz filed a motion to dismiss these asserted counterclaims and third party claims on September 20, 2013. Audible Magic's deadline to respond is October 7, 2013.

Plaintiff further notifies the Court that Counsel for Dermalog Identification Systems, GmbH ("Dermalog") made a special appearance to vacate the Entry of Default. Plaintiff filed an Amended Complaint against Dermalog and is being served according to the German requirements for service under the Hague Convention. In order to serve Dermalog properly,

1

Plaintiff is awaiting a Court order appointing an international process server according to the local laws of Germany governing international service.

Plaintiff has also filed amended complaints against ImageWare Systems, Inc. ("ImageWare"), Entropic Communications, Inc. ("Entropic"), Amano Cincinnati, Inc. ("Amano"), Accu-Time Systems, Inc. ("Accu-Time"), Axxonsoft Ltd. ("Axxonsoft"), and AOptix Technologies, Inc ("AOptix").

- ImageWare filed a motion to dismiss the first amended complaint against it (Dkt. No. 940), and that has been fully briefed. ImageWare has now also answered the first amended complaint (Dkt. No. 1013).[1]

- Entropic filed a motion to dismiss the first amended complaint (Dkt. No. 941) and a reply in support of its motion, and Blue Spike's deadline to file a surreply is October 7, 2013.

- AOptix filed a motion to strike the first amended complaint and to dismiss for lack of personal jurisdiction and improper venue on September 19, 2013 (Dkt. No. 968), and Blue Spike's deadline to file a response is October 7, 2013.

- Accu-Time and Amano have filed motions to dismiss the first amended complaint (Dkt. Nos. 1009 and 1011, respectively), and Blue Spike's deadline to respond is October 10, 2013.

- Axxonsoft filed an extension to respond to the first amended complaint, and its deadline to respond to the first amended complaint is October 7, 2013.

---

[1] The Court granted ImageWare's motion to dismiss the original complaint (Dkt. No. 327; re-filed as No. 539) after Blue Spike filed an Amended Complaint against ImageWare (Dkt. No. 919).

Defendant TVTak Ltd. and TVTak USA, Inc.'s ("TVTak") motion to dismiss was granted without prejudice; Blue Spike will not re-file a complaint against TVTak. Defendant Ensequence, Inc.'s ("Ensequence") motion to dismiss was granted without prejudice, and Blue Spike intends to file an amended complaint clarifying the specific jurisdiction over Ensequence.

Despite not all remaining defendants answering or filing a motion to dismiss and the third party counterclaims before the Court, Plaintiff believes the case is ready for a scheduling conference.

**I.    The following motions to transfer are currently pending:**

(1) ImageWare's Motion to Change Venue to the Southern District of California (re-filed from 6:12cv688) (Dkt. No. 540);

(2) L-1 Identity Solutions, Inc.'s ("L-1") and MorphoTrust USA, Inc.'s ("MorphoTrust") Motion to Change Venue to the District of New Jersey (re-filed from Case No. 6:12-cv-00680) (Dkt. No. 588);

(3) Tygart Technologies, Inc.'s ("Tygart") Motion to Dismiss or Alternatively Transfer Venue to the Northern District of West Virginia (Dkt. No. 594);

(4) Kronos Inc.'s ("Kronos") Motion to Change Venue to the District of Massachusetts (Dkt. No. 610);

(5) MorphoTrak, Inc.'s ("MorphoTrak") and Safran USA, Inc.'s ("Safran") Motion to Change Venue to the Central District of California (Dkt. No. 611);

(6) Soundmouse Ltd's ("Soundmouse") Motion to Dismiss, or in the Alternative, Transfer to the Southern District of New York (Dkt. No. 648);

(7) Iris ID Systems, Inc.'s ("Iris ID") Motion to Change Venue to the District of New Jersey (Dkt. No. 663);

(8)  Google, Inc.'s ("Google") Motion to Change Venue to the Northern District of California (Dkt. No. 678);

(9)  Audible Magic and some of its named customers' Motion to Transfer Venue to the Northern District of California (Dkt. No. 771);

(10) Adobe System, Inc.'s ("Adobe") Motion to Transfer Venue to the Northern District of California (Dkt. No. 905); and

(11) SoundHound, Inc.'s ("SoundHound") Motion to Transfer Venue to the Northern District of California (Dkt. 916).

II. **The following motions to dismiss are currently pending:** [2]

(1)  Animetrics, Inc.'s ("Animetrics") Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 534) [Blue Spike has a pending motion for jurisdictional discovery against Animetrics (Dkt. No. 787)];

(2)  Technicolor S.A.'s ("Technicolor") Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and Insufficient Service of Process (re-filed from Case No. 12cv572) (Dkt. No. 560);

(3)  Tygart's Motion to Dismiss or Alternatively Transfer Venue to the Northern District of West Virginia (Dkt. No. 594);

---

[2] The following motions to dismiss or transfer are moot in view of resolution of the case, but are not currently listed on the docket as being terminated. Out of an abundance of caution, Blue Spike lists them here to avoid unnecessary waste of judicial resources.
    (a)    Dkt. 601    Defendant Ingersoll-Rand Company's Motion to Dismiss under Rule 12(b)(6) is moot due to Court's Order at Docket Number 821;
    (b)    Dkt. 629    Defendant Biometrika's Motion to Dismiss for Insufficient Service of Process is moot due to the Plaintiff's Notice of Voluntary Dismissal (Dkt. 755);
    (c)    Dkt. 644    Defendants Smart Media Innovations, LLC's and Smart Media Innovations, Ltd's Motion to Dismiss for Lack of Jurisdiction is moot due to Court's Order at Docket Number 803.

(4)  Cognitec Systems Corp.'s Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. No. 625) [Blue Spike has a pending motion for jurisdictional discovery against Cognitec Systems Corp. (Dkt. No. 807)];

(5)  Cognitec Systems GmbH's Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. No. 626) [Blue Spike has a pending motion for jurisdictional discovery from Cognitec Systems GmbH (Dkt. No. 807)];

(6)  Soundmouse's Motion to Dismiss for Insufficient Service of Process (Dkt. No. 644);

(7)  Soundmouse's Motion to Dismiss, or in the Alternative, Transfer to the Southern District of New York (Dkt. No. 648) [Blue Spike has a pending motion for jurisdictional discovery from Soundmouse (Dkt. No. 902)];

(8)  Agnitio Corp.'s ("Agnitio") Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 679) [Blue Spike has a pending motion for jurisdictional discovery from Agnitio (Dkt. No. 936)];

(9)  AOptix's Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Dkt. No. 518) [the Court entered an Order permitting jurisdictional discovery from AOptix and granting Blue Spike an extension to respond to the motion to dismiss until jurisdictional discovery was complete (Dkt. No. 711)];

(10) CBS Corp.'s ("CBS") and Last.fm Ltd.'s ("Last.fm") Motion to Dismiss the Amended Complaint (Dkt. No. 520) [the Court entered an Order permitting jurisdictional discovery from Last.fm and granting Blue Spike an extension to respond to the motion to dismiss until jurisdictional discovery was complete (Dkt. No. 748)];

(11) Texas Instrument, Inc.'s ("TI") Motion to Sever and To Request a Status Conference (Dkt. No. 777);

(12) Entropic's Motion to Dismiss the First Amended Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Dkt. No. 941);

(13) Blue Spike Inc.'s Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 993);

(14) Blue Spike LLC's Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 995);

(15) Scott Moskowitz's Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 996);

(16) Accu-Time's Motion to Dismiss the First Amended Complaint Pursuant to FRCP 12(b)(6) (Dkt. No. 1009); and

(17) Amano's Motion to Dismiss the First Amended Complaint pursuant to FRCP 12(b)(6) (Dkt. No. 1011).

**III. The following Defendants have not filed corporate disclosure statements in compliance with Federal Rule of Civil procedure 7.1:**

(1) Cognitec Systems Corp.;

(2) Cognitec Systems GmbH;

(3) Soundmouse;

(4) Zvetco, LLC;

(5) TuneSat, LLC;

(6) Peer Media Technologies, Inc.;

(7) Technicolor U.S.A., Inc.;

(8) Technicolor S.A.;

(9) AOptix; and

(10) Animetrics.

**IV. The following motions to dismiss or transfer are moot in light of a First Amended Complaint Plaintiff filed against the Defendants; these motions are not listed on the docket as terminated:**

(1) Entropic's Motion to Dismiss for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (re-filed from 6:13cv125) (Dkt. No. 533);

(2) Accu-Time's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 576);

(3) Amano's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 577); and

(4) Axxonsoft's Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(3), or alternatively, Pursuant to Rule 12(b)(6) (Dkt. No. 645) [Blue Spike has a pending motion for jurisdictional discovery from Axxonsoft (Dkt. No. 812)].

The patents-in-suit in the present action are U.S. Patent Nos. 7,346,472; 7,660,700; 7,949,494; and 8,214,175. There are no related cases previously pending in the Eastern District of Texas that involve the patents-in-suit that the Court has not already consolidated into this action.

Respectfully submitted,

*/s/ Randall T. Garteiser*
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 Fax

        Kirk J. Anderson
         California Bar No. 289043
        Peter S. Brasher
         California Bar No. 283992
        GARTEISER HONEA, P.C.
        44 North San Pedro Road
        San Rafael, California 94903
        (415) 785-3762
        (415) 785-3805 fax

        ***Counsel for Blue Spike, LLC.***

## CERTIFICATE OF SERVICE

 The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 4th day of October, 2013.

        */s/ Randall T. Garteiser*
        Randall T. Garteiser