IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 LED |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| Defendant. | § | |
| | § | |

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| Plaintiff, | § | |
| | § | Case No. 6:13-cv-106 MHS |
| v. | § | [Consolidated with |
| | § | Case No. 6:12-cv-499 LED] |
| **AXXONSOFT US, INC and** | § | |
| **AXXONSOFT LTD.,** | § | |
| Defendants. | § | |

### AXXONSOFT US INC. AND AXXONSOFT LTD.'S MOTION TO DISMISS BLUE SPIKE, LLC'S FIRST AMENDED COMPLAINT

Defendants AxxonSoft US, Inc. ("AxxonSoft US") and AxxonSoft Ltd. ("AxxonSoft") (collectively "Defendants") respectfully submit that the Court dismiss the First Amended Complaint for Patent Infringement (D.I. 922, the "FAC") filed by Plaintiff Blue Spike, LLC ("Blue Spike") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, for failure to state a claim for indirect infringement and willful infringement upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. BACKGROUND

Defendants previously filed a Motion to Dismiss Blue Spike's jurisdictionally deficient Complaint. (D.I. 645). The parties engaged in multiple rounds of briefing addressing

Defendants lack of connections to the State of Texas and this District. (D.I. 645, 700, 734, 778). The parties also submitted numerous briefs addressing Blue Spike's Motion to Authorize Jurisdictional Discovery. (D.I. 812, 838, 860, 899). Several weeks after the parties had completed this extensive motions practice, Blue Spike filed the FAC without seeking leave of Court or Defendants' consent. (D.I. 922). Shortly after filing the FAC, Blue Spike represented to this Court that Defendants' original Motion to Dismiss was moot. (D.I. 954, the "Notice of Mootness"). These representations are misleading and without merit. Despite months of briefing and in-depth back-and-forth filings on jurisdictional issues, Blue Spike's FAC *contains no additional jurisdictional allegations* beyond what was contained in the original Complaint. (*Compare* FAC ¶ 6 and Complaint ¶ 6). Similarly, Blue Spike has added no substantive facts to supplement its claims of indirect and willful infringement. (*Compare* FAC ¶¶ 35-39, 43-47, 51-55, 59-63 and Complaint ¶¶ 35-39, 43-47, 51-55, 59-63). Simply put, nothing has changed since Defendants first moved to dismiss Blue Spike's Complaint. Accordingly, Defendants' prior Motion to Dismiss remains on point, valid, and dispositive of Blue Spike's meritless claims.

Blue Spike failed to meaningfully supplement its deficient Complaint in any way. The FAC and Notice of Mootness therefore serve no purpose other than to burden Defendants with additional distraction and expense and delay a decision on the merits of Defendants' original Motion to Dismiss. As such, Defendants seek an order dismissing Blue Spike's claims and leave to file a motion seeking Defendants' reasonable attorneys' fees in connection with bringing the instant motion.

**II.   BLUE SPIKE'S FIRST AMENDED COMPLAINT AND NOTICE OF MOOTNESS**

On August 13, Blue Spike filed the FAC. (D.I. 922). The FAC was unaccompanied by a motion seeking leave of Court to file in accordance with Federal Rule of Civil Procedure 15(a)(2). Similarly, Blue Spike did not seek Defendants' consent to file the FAC as required by

Rule 15(a)(2). In fact, Blue Spike provided no authority whatsoever for the propriety of the FAC and has given no explanation as to why it should be allowed to belatedly amend its claims. This oversight is particularly egregious in light of the unnecessary and irrelevant nature of Blue Spike's amended claims and Blue Spike's apparent unwillingness to make even a veiled attempt to support its jurisdictional allegations.

Blue Spike's original Complaint and the FAC contain the exact same language in the exact same paragraphs with two notable exceptions: the names of the Accused Products[1] and Blue Spike's willfulness allegations. (*Compare* Complaint ¶¶ 28, 38, 46, 54, 62 and FAC ¶¶ 28, 38, 46, 54, 62.)[2] Blue Spike did not change a single word of its jurisdictional allegations (FAC ¶¶ 6-7) or its claims of indirect infringement (FAC ¶¶ 35-36, 43-44, 51-51, 59-60).

In an apparent effort to avoid dismissal of its willful infringement claims, Blue Spike added certain language meant to impugn knowledge of the Patents-in-Suit to Defendants:

> On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patents-in-Suit, including but not limited to at least one or more of the following:
> a. The Patents-in-Suit are prominent, pioneering patents in the field of monitoring and analyzing signals. This is evidenced, in part, by the extent to which each of these patents has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The Patents-in-Suit have been forward-cited in at least 10 U.S.-issued patents and patent applications, including patents originally assigned to such prominent companies as Microsoft, Agilent, Nvidia, and Avaya.
> b. Through the filing and known attempted service of the original Complaint in this lawsuit in January 2013.

(FAC ¶ 38, 46, 54, 62). Blue Spike's allegations are purely speculative, unsupported by facts, and based solely on Blue Spike's "information and belief." (*Id.*). Importantly, Blue Spike does

---

[1] Blue Spike reworded its definition of "Accused Products" from "Face Intellect facial recognition module" to "Intellect Enterprise with Face Intellect Facial Recognition and Face Search modules." This name change is inconsequential as the actual product accused of infringement remains the same.

[2] For ease of reference, Defendants include a redline of the original Complaint and the FAC, attached hereto as Ex. A.

not and cannot show that Defendants had actual knowledge of the Patents-in-Suit prior to the instigation of this lawsuit. Blue Spike's self-serving statements about the alleged prominence of its own patents have no bearing whatsoever on Defendants' knowledge of the Patents-in-Suit and Blue Spike's allegations of willful infringement.

On September 9, Blue Spike filed a single sentence "Notice of Mootness of Defendant AxxonSoft Ltd's Pending Motion to Dismiss" alleging that Defendants' well-founded Motion to Dismiss was "moot in light of Blue Spike filing a First Amended Complaint." (D.I. 954). The Notice failed to mention that Blue Spike's minimal amendments did nothing to substantively address Defendants' original Motion to Dismiss.

### III. DEFENDANTS' ORIGINAL MOTION TO DISMISS REMAINS ON-POINT

Notwithstanding Blue Spike's unsupported allegations of mootness, Defendants' original Motion to Dismiss remains valid and dispositive. Because Blue Spike failed to substantively address any of the shortcomings of the original Complaint, Defendants' Motion applies with equal force to the FAC. Accordingly, Defendants' incorporate their prior Motion to Dismiss in its entirety and attach hereto a copy of the Motion and Supporting Declarations. (*See* Ex. B, Motion to Dismiss (D.I. 645); Ex. C, Declaration of Joel Moss ("Moss Decl.," D.I. 645-1); Ex. D, Declaration of Murat Altuev ("Altuev Decl.," D.I. 645-1)).

Critically, Blue Spike's failure to supplement its deficient jurisdictional allegations underscores its utter inability to connect Defendants' actions to the State of Texas and this District. It remains uncontroverted that AxxonSoft and AxxonSoft US:

- Have no connection to the state of Texas or the Eastern District of Texas outside of this lawsuit. (Moss Decl. ¶ 9; Altuev Decl. ¶ 10);

- Have not manufactured, used, sold offered for sale, or imported the Accused Product in Texas (Moss Decl. ¶ 10; Altuev Decl. ¶ 9);

4

- Have never traveled to Texas to solicit or conduct business (Moss Decl. ¶ 25; Altuev Decl. ¶ 24);

- Have no offices, facilities, or other places of business in Texas (Moss Decl. ¶¶ 11, 12; Altuev Decl. ¶¶ 10, 11);

- Have no directors, officers or employees that live or work in Texas (Moss Decl. ¶¶ 13, 14; Altuev Decl. ¶¶ 12, 13);

- Have no personal or real property in Texas (Moss Decl. ¶¶ 17-20; Altuev Decl. ¶¶ 16-19);

- Have not registered as foreign corporations authorized to do business in Texas or designated a registered agent to accept service of process in Texas (Moss Decl. ¶¶ 22, 23; Altuev Decl. ¶¶ 21, 22);

- Are not required to pay income or business taxes to Texas (Moss Decl. ¶ 21; Altuev Decl. ¶ 20);

- Have never maintained a mailing address in Texas (Moss Decl. ¶ 16; Altuev Decl. ¶ 15);

- Have no bank accounts in Texas (Moss Decl. ¶ 15; Altuev Decl. ¶ 14);

- Have not manufactured, programmed, installed, serviced, or maintained inventory of any product in Texas (Moss Decl. ¶¶ 27-29; Altuev Decl. ¶¶ 26-28);

- Have no corporate or business records stored in Texas (Moss Decl. ¶ 30; Altuev Decl. ¶ 29); and

- Have no witnesses, documents, or other evidence relevant to this litigation located in Texas (Moss Decl. ¶ 31; Altuev Decl. ¶ 30).

Nothing contained in Blue Spike's original Complaint, the FAC, or any of the parties'

extensive briefing has shown any meaningful connection between Defendants and this District. As such, the Court should reject Blue Spike's improper claims of mootness and grant the relief requested in this Motion and Defendants' original Motion to Dismiss.

## IV. THIS COURT HAS ALREADY REJECTED BLUE SPIKE'S ARGUMENTS

Two very recent opinions from this Court are directly on point and dispositive of Blue Spike's claims. The Court found Blue Spike's vicarious jurisdiction arguments to be without merit while ruling on a motion to dismiss brought by another of Blue Spike's litigation targets, Ensequence, Inc. *See Blue Spike, LLC v. Zeitera, LLC*, Case No. 6:12-cv-568, slip op at 4-7 (E.D. Tex. Sep. 27, 2013) (Schneider, J.) ("*Ensequence*") (granting motion to dismiss for lack of personal jurisdiction and denying Blue Spike's motion for jurisdictional discovery), attached hereto as Exhibit E. Similarly, the Court rejected Blue Spike's sparse allegations of indirect infringement and willfulness based solely on notice provided by filing of the Complaint in granting ImageWare Systems, Inc.'s motion to dismiss. *See Blue Spike, LLC v. Texas Instruments, Inc.*, Case No. 6:12-cv-499, slip op at 2-6 (E.D. Tex. Sep. 27, 2013) (Schneider, J.) ("*ImageWare*") (granting motion to dismiss indirect and willful infringement allegations for failure to state a claim), attached hereto as Exhibit F. The Court's sound reasoning in both of these cases involving Blue Spike's deficient allegations is equally apt here.

### A. This Court Does Not Have Jurisdiction Over Defendants

As explained fully in Section III of Defendants' original Motion to Dismiss, neither AxxonSoft US nor AxxonSoft has any meaningful connection to the Eastern District of Texas. (Ex. B at § III). Although not present in the FAC, Blue Spike's briefing on Defendants' original Motion to Dismiss reveals that Blue Spike's theory of general jurisdiction relies on two arguments: (1) third-party partners of Defendants have systematic and continuous contacts with

6

Texas and (2) Defendants' website confers jurisdiction. (*See* D.I. 700 at 4-6.)[3] Just as in *Ensequence*, neither of these arguments is availing.

First, the relevant inquiry looks to the actions of Defendants, **not** its third party partners. *Ensequence*, Ex. E at 6. ("The Court's focus is on the alleged presence of Ensequence, not third-party customers.") (citing *Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-cv-647, 2012 WL 4465260, at *2 (E.D. Tex. Sep. 27, 2012). Moreover, Blue Spike's previous arguments have focused on parents and subsidiaries of AxxonSoft's international business partners. (*See* D.I. 700 at 4-6). Nothing in the record even hints that the Accused Product has reached Texas. Even so, the "alleged presence of [the accused] product in the forum state as a result of third-party customers is not enough to establish general jurisdiction." *Ensequence*, Ex. E at 6 (citing *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) ("Injecting a product, even in substantial volume, into a forum's 'stream of commerce,' without more, does not support general jurisdiction."). The acts of Defendants' third party partners are simply irrelevant to the question of whether personal jurisdiction over Defendants is appropriate.

Second, just as the defendant in *Ensequence*, Defendants here run a passive website, www.axxonsoft.com. Users in Texas (or anywhere else for that matter) cannot order the Accused Products. Defendants' website "has no features specifically directed to Texas or intended to solicit Texas customers." *Ensequence*, Ex. E at 6. Defendants' contact page only allows users to generate an email to Defendants; such contact is "not the type of contact with the forum necessary to establish general jurisdiction." *Id.* (citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) ("[E]ven repeated contacts with forum residents by a foreign defendant may not

---

[3] To the extent Blue Spike seeks to argue that the Court has specific jurisdiction over Defendants, they can present no evidence in the record to support their argument. Indeed, the sworn affidavits of Defendants' CEOs directly contradict any inference that AxxonSoft's Accused Products have been sold or offered for sale in Texas. (*See* Altuev Decl. ¶ 9; Moss Decl. ¶ 10; D.I. 734-1 ¶ 4-8)

7

constitute the requisite substantial, continuous and systematic contacts required for a finding of federal jurisdiction—in other words, while it may be doing business *with* Texas, it is not doing business *in* Texas.") (emphasis in original)). Defendants' passive website simply cannot be the basis for personal jurisdiction.

    **B.**    **Blue Spike's Indirect Infringement Allegations are Deficient as a Matter of Law**

Because Blue Spike failed to address its deficient allegations of indirect infringement in any fashion, section IV.B of Defendants' original Motion to Dismiss remains entirely on point. (Ex. B at § IV.B). The FAC contains nothing more than "[t]hreadbare recitals of the elements of a cause of action" devoid of any factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These conclusory allegations fail "to raise a right of relief above the speculative level" and should be dismissed. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotations and citations omitted).

This Court's reasoning in *ImageWare* is directly on point: Blue Spike's allegations—which follow one another verbatim—fail to satisfy even the most liberal standard of specificity required to allege contributory infringement. *ImageWare*, Ex. F at 3 ("Here, Plaintiff has failed to satisfy even the more liberal standard."). Just as in *ImageWare*, Blue Spike summarily alleges contributory infringement based on Defendants' Accused Products being incorporated in "systems" that "have no substantial non-infringing use." *Id.* Yet Blue Spike provides no information whatsoever regarding what these systems are "thus leaving to complete speculation whether the accused software is material to these unnamed devices or software packages or who produces, sells or uses the devices or software packages." *Id.* Moreover, Blue Spike provides no facts to even infer that the Accused Products lack a non-infringing purpose. The Court should apply the same sound reasoning found in *ImageWare* and yet again dismiss Blue Spike's

8

deficient allegations.

### C. Blue Spike's Willful Infringement Allegations are Deficient as a Matter of Law

Incredibly, Blue Spike has already conceded that its willful infringement allegations are deficient and should be dismissed: "Blue Spike *concedes that its willful-infringement claims should be dismissed for now*, but asks the Court to hold open the possibility of allowing Blue Spike to seek leave to amend its complaint if it 'uncovers factual support' for claims of willful infringement." (*See* D.I. 700 at 11-12 (quoting *Touchscreen Gestures LLC v. Research in Motion Ltd.*, Case No. 6:12-263-MHS, slip op. at 4 (E.D. Tex. Mar. 27, 2013)) (emphasis added)). Contrary to this averment, Blue Spike did not seek leave to amend its Complaint; instead unilaterally filing the FAC. Moreover, Blue Spike has not included *any factual support* for its meritless claims of willful infringement.

Blue Spike's "support" for its willfulness claims lies only in self-serving statements about the "prominence" and "pioneering" characteristics of the Patents-in-Suit. The *only* fact cited by Blue Spike is in the assertion that the Patents-in-Suit have been forward cited "in at least 10 U.S.-issued patents and patent applications." (FAC ¶¶ 28, 38, 46, 54, 62). Blue Spike presents this number without context, but at least one recent study suggests that the Patents-in-Suit are, in fact, cited *less* than the average patent. *See* Abrams, D. et al., "Understanding the Link between Patent Value and Citations: Creative Destruction or Defensive Disruption," (*PatCon 3*, IIT Chicago Kent College of Law, April 8, 2013) at 3-4, attached hereto as Exhibit G (studying over 46,000 non-practicing entity patents and finding the "mean number of forward citations is 13").

Blue Spike's amended allegations simply do not provide support for its claims of willful infringement. Nothing contained in the FAC suggests that Defendants had any pre-filing knowledge of the Patents-in-Suit. *ImageWare*, Ex. F. at 5 ("Absent additional allegations, the

9

filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim."). Furthermore, Blue Spike has not filed for a preliminary injunction.[4]  *Id.* at 4-5 (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) ("[W]hen an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement.")). As such, Blue Spike's claims of willful infringement should be dismissed.  *See* Ex. B at 15-17 (collecting cases); *Execware, LLC v Staples, Inc.*, No. 11-836, 2012 WL 6138340, at *7 (D. Del. Dec. 10, 2012) ("As previously stated, [plaintiff's] amended complaint relies solely on allegations that [defendant] was made aware of the '139 patent by the filing of the original complaint in the present action. As a result, its claim for willful infringement must fail."); *Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680, 685 (D. Del. 2012) (explaining that "the court is not inclined to allow the mere notice of the charge of infringement gleaned from service of the complaint to pass muster for a willfulness claim under Rule 8" and "that the burden to prove willful infringement includes more than mere knowledge of the patent"); *LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*, No. 11-CV-6173, 2012 WL 1965878, at *6 (N.D. Cal. May 30, 2012) ("Knowledge of the Patents at Issue from service of the initial complaint does not warrant imposition of enhanced damages for willful conduct based solely upon post-filing conduct.").

## V.   CONCLUSION

In short, Blue Spike filed an improper Amended Complaint that failed to remedy the deficiencies that get to the very merits of Defendants' Motion to Dismiss.  Blue Spike then filed an improper Notice of Mootness claiming that Defendants' Motion to Dismiss had been

---

[4] Nor would a preliminary injunction be warranted in this case, as Defendants do not currently use, manufacture, sell, or offer for sale the Accused Products in the United States.

addressed by the Amended Complaint. Blue Spike's actions have resulted in only delay and expense for no legitimate purpose. The facts remain the same. Blue Spike's Amended Complaint must be dismissed.

For these and all the foregoing reasons, Defendants respectfully request that the Court GRANT the Motion and DISMISS Blue Spike's Complaint in its entirety for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2). Defendants respectfully request that the Court GRANT the Motion and DISMISS Blue Spike's Complaint as to AxxonSoft US for improper venue pursuant to Federal Rule 12(b)(3) . In the alternative, Defendants respectfully request that the Court DISMISS Blue Spike's unsupported allegations of indirect infringement and willful infringement for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6).

To the extent that the Court grants the Motion and agrees with Defendants' arguments herein, Defendants respectfully request the Court's leave to seek their reasonable attorneys' fees in connection with filing this Motion.

Dated:  October 7, 2013                                  Respectfully submitted,

                                                         By:  */s/ Erik B. Milch*
                                                              COOLEY LLP
                                                              Erik B. Milch
                                                              emilch@cooley.com
                                                              One Freedom Square
                                                              Reston Town Center
                                                              11951 Freedom Drive
                                                              Reston, Virginia 20190-5656
                                                              Tel:  703 456-8000
                                                              Fax:  703 456-8100

                                                         *Attorneys for Defendants AxxonSoft US, Inc. and AxxonSoft Ltd.*

## CERTIFICATE OF SERVICE

I, Erik B. Milch, do hereby certify that on this 7th day of October, 2013, I caused a true and correct copy of the foregoing **AxxonSoft US Inc. and AxxonSoft Ltd.'s Motion to Dismiss Blue Spike, LLC's First Amended Complaint** to be electronically filed with Clerk of the Court using CM/ECF which will send notification to all registered attorneys of record.

*/s/ Erik B. Milch*
