# EXH. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 LED |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| Defendant. | § | |
| | § | |

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| Plaintiff, | § | |
| | § | Case No. 6:13-cv-106 MHS |
| v. | § | [Consolidated with |
| | § | Case No. 6:12-cv-499 LED] |
| **AXXONSOFT US, INC and** | § | |
| **AXXONSOFT LTD.,** | § | |
| Defendants. | § | |

**DECLARATION OF JOEL MOSS IN SUPPORT OF AXXONSOFT US INC.
AND AXXONSOFT LTD.'S MOTION TO DISMISS
BLUE SPIKE, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

I, Joel Moss, declare:

1.  I am over 18 years of age and a citizen of the Commonwealth of Virginia. I make this declaration in support of AxxonSoft US Inc. ("AxxonSoft US") and AxxonSoft Ltd.'s motion to dismiss Blue Spike, LLC's ("Blue Spike") Complaint for Patent Infringement. I have personal knowledge of the facts contained within this declaration, and if called as a witness, could testify competently to the matters contained herein.

2.  I am Chief Executive Officer of AxxonSoft US and am authorized to provide this Declaration on behalf of AxxonSoft US.

3.  I am AxxonSoft US's only employee.

Case 6:12-cv-00499-RWS-CMC Document 1019-4 Filed 10/07/13 Page 3 of 5 PageID #: 14445

4. AxxonSoft US is a corporation formed under the laws of the Commonwealth of Virginia having its principal place of business at 10710 Falls Pointe Drive, Great Falls, Virginia 22066.

5. AxxonSoft US has no offices or locations in the United States other than its principle place of business in Virginia.

6. In this action, I understand that Blue Spike has accused AxxonSoft US's "Face Intellect facial recognition module" (the "Accused Product") of infringing U.S. Patent Nos. 7,346,472; 7,660,700; 7,949,494; and 8,214,175. Complaint, D.I. 1, at ¶ 28.

7. I also understand that Blue Spike alleges that this Court has personal jurisdiction over AxxonSoft US for four reasons:

> "(1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (2) Defendant regularly does business or solicits business in the District and in Texas; (3) Defendant engages in other persistent course of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here."

Complaint, D.I. 1, at ¶ 6.

8. I also understand that Blue Spike alleges that venue is proper in this judicial district because:

> "Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendant is subject to personal jurisdiction in the District."

Complaint, D.I. 1, at ¶ 7.

9. Blue Spike's allegations regarding AxxonSoft US's contacts with the State of Texas and the Eastern District of Texas have no factual basis.

10. AxxonSoft US has not manufactured, used, sold, offered for sale, or imported the Accused Product in Texas.

11. AxxonSoft US has no offices or other places of business in Texas.

12. AxxonSoft US has never owned, operated, or maintained any facilities in Texas.

13. AxxonSoft US has no directors or officers that live or work in Texas.

14. AxxonSoft US has no employees that live or work in Texas.

15. AxxonSoft US has no bank accounts in Texas.

16. AxxonSoft US has never maintained a mailing address in Texas.

17. AxxonSoft US has no interest in, use of, or possession of real property in Texas.

18. AxxonSoft US has never owned or leased real property in Texas.

19. AxxonSoft US has no interest in, use of, or possession of personal property in Texas.

20. AxxonSoft US has never owned or leased personal property in Texas.

21. AxxonSoft US is not required to pay any income or business taxes to Texas.

22. AxxonSoft US has not registered as a foreign corporation authorized to do business in Texas.

23. AxxonSoft US has no registered agent for service of process within Texas.

24. AxxonSoft US has not availed themselves of the Texas court system as a litigant other than being named as defendants in this action.

25. AxxonSoft US's employees, officers, and directors have never traveled to Texas to solicit or conduct business.

26. Other than potentially through the non-interactive website www.axxonsoft.com, AxxonSoft US does not advertise in Texas. The website is available throughout the world. Customers cannot consummate sales of any AxxonSoft product through use of the website.

3

27. AxxonSoft US has not manufactured any product, including the Accused Product, in Texas.

28. AxxonSoft US has not programmed, installed, or serviced any product, including the Accused Product, in Texas.

29. AxxonSoft US has no inventory of any product, including the Accused Product, in Texas.

30. None of AxxonSoft US's corporate or business records are stored or otherwise located in Texas.

31. None of AxxonSoft US's witnesses, documents, or other evidence relevant to this litigation are located in Texas.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 11 in Las Vegas, Nevada.

_____
Joel Moss