# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>　　*Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE |

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br>　　*Plaintiff*,<br>v.<br>AUDIBLE MAGIC CORPORATION, FACEBOOK, INC., MYSPACE, LLC, SPECIFIC MEDIA, LLC, PHOTOBUCKET.COM, INC., DAILYMOTION, INC., DAILYMOTION S.A., SOUNDCLOUD, INC., SOUNDCLOUD LTD., MYXER, INC., QLIPSO, INC., QLIPSO MEDIA NETWORKS LTD., YAP.TV, INC., GOMISO, INC., IMESH, INC., METACAFE, INC., BOODABEE TECHNOLOGIES, INC., TUNECORE, INC., ZEDGE HOLDINGS, INC., BRIGHTCOVE INC., COINCIDENT.TV, INC., ACCEDO BROADBAND NORTH AMERICA, INC., ACCEDO BROADBAND AB, AND MEDIAFIRE, LLC<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-576 MHS<br><br>CONSOLIDATED CASE |

**AUDIBLE MAGIC CORPORATION'S OPPOSITION TO BLUE SPIKE, LLC'S MOTION TO DISMISS AUDIBLE MAGIC CORPORATION'S COUNTERCLAIMS**

Audible Magic Corporation ("Audible Magic") submits this memorandum in opposition to Blue Spike, LLC's Motion to Dismiss Audible Magic Corporation's Counterclaims (Dkt. 994).

## I. INTRODUCTION

By its motion, Counterclaim Defendant Blue Spike, LLC ("Blue Spike") seeks to dismiss certain counterclaims in Audible Magic's Amended Answer and Counterclaims (Dkt. 885). Blue Spike's motion is based on misstatements of the law. Blue Spike moves to dismiss Audible Magic's unjust enrichment claims because, according to Blue Spike, this state does not recognize unjust enrichment as an independent cause of action. This is false. Blue Spike bases its motion on a quote, taken out of context, from an inapposite case. It is well settled that unjust enrichment can either be a theory of recovery *or a separate cause of action.*

Blue Spike's basis for moving to dismiss Audible Magic's Counterclaim under the Lanham Act is factually incorrect and based on entirely irrelevant legal theories. Contrary to Blue Spike's assertion, its website www.bluespike.com does contain the blatantly false "first to create" statement regarding the Giovanni® Abstraction Machine™. The page containing this statement is accessible from the homepage of www.bluespike.com and is the first hit on a Google search. Audible Magic's counterclaim specifically pleads this factual assertion regarding Blue Spike's product. Blue Spike's counsel's inability to carry out an internet search revealing the false and misleading statement is not a basis to dismiss Audible Magic's counterclaim. Blue Spike's only other arguments relate solely to the merits for proving a violation of the Lanham Act and factual disputes, rather than the minimum requirements to support a pleading under Rule 8. The alleged false and misleading statement is legally sufficient to support the cause of action and dismissal is not warranted. For at least these reasons, Blue Spike's motion should be denied in its entirety.

## II.  FACTUAL BACKGROUND

On August 27, 2012, Blue Spike, LLC filed a complaint against Audible Magic and its customers alleging infringement of four Blue Spike patents ("Blue Spike Patents-in-Suit").  Dkt. 1 in Case No. 6:12-cv-00576.  On July 15, 2013, Audible Magic filed an Amended Answer and Counterclaims against Blue Spike LLC, Blue Spike Inc., and Scott A. Moskowitz (collectively "Counterclaim Defendants").  Dkt. 885.  The Amended Answer and Counterclaims raises, *inter alia*, patent infringement, unjust enrichment, and Lanham Act claims against the Counterclaim Defendants.

### A.  Counterclaim Defendants

Blue Spike, LLC is the original plaintiff in this case.  It is a Texas limited liability company and is the current assignee of the Blue Spike Patents-in-Suit.  Blue Spike, Inc. is a Florida corporation and is the original assignee of the Blue Spike Patents-in-Suit.  Finally, Scott Moskowitz is the CEO of Blue Spike LLC and Blue Spike Inc.

### B.  Audible Magic's Counterclaims

In its Amended Answer and Counterclaims, Audible Magic alleges specific facts to support its inequitable conduct, unjust enrichment, and Lanham Act claims.  *See, e.g.*, Dkt. 885 at 15-20.  For example, Audible Magic alleges that in the late 1990s, Moskowitz and his company Blue Spike, Inc. was in communication with Audible Magic's predecessor – a Berkeley, California company called Muscle Fish.  *Id.* at 19-20.  Prior to these discussions, Moskowitz and Blue Spike, Inc. did not possess sufficient technical information or skill to make their digital watermarking technology successful.  *Id.* at 18-20.  After talking with Muscle Fish, Moskowitz filed the applications that resulted in the Blue Spike Patents-in-Suit.  But Moskowitz and Blue Spike, Inc. did not disclose Muscle Fish's audio recognition technology to the Patent Office during the prosecution of those patents.  *Id.* at 20.  Instead, Moskowitz and Blue Spike

2

Inc. obtained and used Muscle Fish's information regarding its content based recognition technology and ideas. *Id.* at 21. Blue Spike, Inc., Blue Spike LLC, and Moskowitz's unauthorized use of Muscle Fish and Audible Magic's proprietary information, technology, and ideas has caused irreparable harm to Audible Magic. *Id.*

### III.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is governed by regional circuit law. *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Under this Circuit's law, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (applying Fifth Circuit law). Furthermore, a complaint must contain "a short and plan statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

### IV.    ARGUMENT

#### A.    Unjust Enrichment Is An Independent Cause Of Action Under Texas Law

Blue Spike's sole basis to dismiss Audible Magic's unjust enrichment counterclaim is an argument that, in Texas, unjust enrichment is not an independent cause of action. Dkt. 994 at 2. This is demonstrably false. "Unjust enrichment may be both an equitable right asserted as its own cause of action, or a theory of recovery." *Nueces County Texas v. Merscorp Holdings, Inc.*, 2013 U.S. Dist LEXIS 93424, *55 (S.D. Tex. July 3, 2013) (citing 5th Circuit, District Court, Texas State Court and Texas Appellate Court authority). Blue Spike's assertions to the contrary are without merit. In its motion, Blue Spike cites a single case that stands for the proposition that unjust enrichment is not an independent cause of action *in quasi contract* when there is an express contact between the parties. *See VocalSpace, LLC v. Lorenso*, No. 4:09-cv-350, 2011 WL 817381, at *5 (E.D. Tex. Mar. 2, 2011). This case does not present any issues of quasi

3

contract and the interaction of that theory with an express contract, which was the subject of the language that Blue Spike quotes, out of context, in its brief. Thus, the sole authority upon which Blue Spike relies is entirely inapposite and its quotation is misleading. Blue Spike's motion to dismiss the unjust enrichment claim should be denied.

### B. Audible Magic's Lanham Act Claim Is Legally Valid And Is Sufficiently Pled

Blue Spike claims on its website that it was the "first to create" content "fingerprinting" technology with its Giovanni® Abstraction Machine™. Audible Magic's counterclaim specifically pleads this factual assertion regarding Blue Spike's product. Blue Spike's Motion to Dismiss ignores these facts and attempts to argue the merits and to dispute the facts, rather than focus on whether the alleged facts meet the minimum requirements to support a pleading. For at least these reasons, Blue Spike's motion must be denied.

#### 1. Audible Magic Properly Pled A Violation Of The Lanham Act

Audible Magic unquestionably asserted a plausible claim for violation of section 43(a) of the Lanham Act, 35 U.S.C. §1125(a). Audible Magic alleged that Blue Spike made a false statement about its Giovanni product that Blue Spike has placed in interstate commerce, this false statement has the potential to deceive a substantial segment of Audible Magic's customers and influence their purchasing decisions, and Audible Magic has been injured by Blue Spike's false statement. These facts, which must be accepted as true at the pleading stage, meet Fed. R. Civ. P. 8 pleading standards that are applicable to claims under the Lanham Act. *See, e.g., Tempur-Pedic Int'l, Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958, 966 (S.D. Tex. 2012) (collecting cases from the 5th Circuit).

Blue Spike's motion fails to recite, or even consider, the elements to establish a claim for false advertising under the Lanham Act. Section 43(a) requires the plaintiff to establish: (1) A false or misleading statement of fact about a product; (2) Such statement either deceived, or had

4

the capacity to deceive a substantial segment of potential consumers; (3) The deception is material, in that it is likely to influence the consumer's purchasing decision; (4) The product is in interstate commerce; and (5) The plaintiff has been or is likely to be injured as a result of the statement at issue. *Pizza Hut v. Papa John's Int'l*, 227 F.3d 489, 495 (5th Cir. Tex. 2000). Even a cursory review of Audible Magic's counterclaim shows that it pleads these elements. For example, Audible Magic alleges that:

- Blue Spike made false and misleading statements regarding the Giovanni® Abstraction Machine™ on the www.bluespike.com website that with this product Blue Spike was the "first to create" content "fingerprinting" technology. Dkt. 885 at ¶57.

- Blue Spike's false statements on www.bluespike.com are accessible to Audible Magic's customers. Dkt. 885 at ¶58.

- Blue Spike's statements mislead Audible Magic's potential customers that the Giovanni Abstraction Machine is superior technology. Dkt. 885 at ¶58.

- Blue Spike's statements are in interstate commerce and constitute a false statement of fact and misleading representation of fact that Blue Spike uses to promote the Giovanni Abstraction Machine over Audible Magic's technology. Dkt. 885 at ¶59.

- Audible Magic suffered irreparable harm as a result of Blue Spike's false and misleading statements. Dkt. 885 at ¶¶61-64.

These allegations provide Blue Spike with notice of the types of false advertising that Blue Spike engaged, why that conduct was false or misleading, and how it influences Audible Magic's potential customers. Under Rule 8's liberal pleading standards, these allegations are more than sufficient to support a proper pleading.

### 2. Blue Spike's Lanham Act Arguments Are Factually Inaccurate And Are Improperly Directed To Factual Disputes Underlying The Claim

Rather than attempt to show that Audible Magic's counterclaim failed to provide Blue Spike with sufficient notice, Blue Spike resorts to improper argument regarding the facts underlying Audible Magic's claim. In doing so, it presents no credible argument that Audible Magic's pleading is deficient. For this reason alone Blue Spike's motion must be denied. And

5

even if Blue Spike's arguments on the merits are considered, they are wrong for myriad reasons, as Audible Magic's allegations are legally sufficient to state a claim.

> a) **The Blue Spike Webpage Exists and Contains False Statements About the Giovanni Abstraction Machine**

Not surprisingly, the only argument Blue Spike made that could have any relevance to a motion to dismiss on the pleadings is buried as the last paragraph in its response. And it is blatantly false, much like the content of the webpage Blue Spike purportedly could not find on its own servers. Blue Spike alleges that the "first to create" statement cited in Audible Magic's counterclaim does not exist on www.bluespike.com and that Blue Spike's counsel could not find such a statement in a Google search. Dkt. 994 at 5. As shown below, the first hit on a Google search of the words "first to create" and "Blue Spike" returns the page on www.bluespike.com that contains the false statement cited in Audible Magic's complaint. Moreover, there is a direct link to the article on the homepage of www.bluespike.com. Exhibit A to Declaration of Christopher Higgins ("Higgings Decl."), filed concurrently. The only way Blue Spike and its counsel could not have located this webpage is if they never even looked.



Exhibit B to Higgins Decl.

As the www.bluespike.com website and the false and misleading statements therein are both incorporated into the complaint and affirmatively put at issue in Blue Spike's brief, it is appropriate for the court to consider the substance of that website as part of the complaint and/or

6

to take judicial notice thereof. *See Maloney Gaming Mgmt, LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340-41 (5th Cir. 2011) (finding that documents referred to in the complaint are properly considered as part of a motion to dismiss). On its webpage, Blue Spike states and implies that it was the "first to create" content "fingerprinting" technology with its Giovanni product and that no other competitor has the rights to use that technology. Exhibit C to Higgins Decl. Indeed, it even alleges that its competitors are using "borrowed technology" and implies that Blue Spike's Giovanni® Abstraction Machine™ is superior to all others because it was the "first" and only device to use fingerprinting technology. And contrary to Blue Spike's argument, these statements are directly related to the Giovanni product, not some abstract idea. The only plausible way for Blue Spike to prevail on its motion is if this webpage did not exist. It clearly does, and Blue Spike's only relevant argument is baseless.

### b) Blue Spike's False Statements Are Actionable Under the Lanham Act.

Blue Spike's arguments that the "first to create" statement is too vague and not material enough to support recovery under the Lanham go to the merits of Audible Magic's counterclaim. Arguments directed to factual disputes affecting the merits of a claim are irrelevant to a 12(b)(6) motion to dismiss. *McZeal*, 501 F.3d at 1356. Even though irrelevant, Audible Magic will quickly addresses each point below to correct the legal errors recited by Blue Spike.

No court evaluating a claim under the Lanham Act has held that the terms "create," "content," or "technology" are by themselves vague, and therefore, non-actionable under the Lanham Act. Blue Spike's reliance on a case from the Bankruptcy Court in the Southern District of New York demonstrates that neither the Lanham Act nor courts in the Fifth Circuit take such a position. *See* Dkt. 994 (citing *In re Modansky*, 159 B.R. 139, 142 (Bankr. S.D.N.Y. 1993)). Blue Spike ignores that the Fifth Circuit has a specific framework to determine language that is non-actionable. *See Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496 (5th Cir. 2000).

7

The Fifth Circuit requires that actionable language must not be (1) an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying; or (2) a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion. *Id.* at 497. Blue Spike's statements fall into neither category. The implication that Blue Spike was the first to create digital fingerprinting technology and the assertion that the Giovanni Abstraction Machine was the first to use content fingerprinting technology, since the "turn of the century," and that no other program on the market could use such technology, are specific claims of superiority among competitor products that are specifically intended to persuade a reasonable buyer. Accordingly, Blue Spike's statement is actionable under the Lanham Act.

A finding of materiality is a determination clearly directed to the factual merits of the claim, but Blue Spike nonetheless argues that Audible Magic's counterclaim should be dismissed because the false statements on the Blue Spike website are not material. Dkt. 994 at 4. Blue Spike's argument, while irrelevant for a motion to dismiss, is also legally incorrect because it misses one important piece of the law. If a statement of fact is shown to be literally false, it is actionable without proof of public reaction or consumer reliance. *Pizza Hut*, 227 F.3d at 497; *Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996)); *see also Logan v. Burgers Ozark Country Cured Hams*, 263 F.3d 447 (5th Cir. 2001) (finding that because the defendant "made literally false statements, [it]s argument that it did not mislead its customers…is inconsequential"); *Schering-Plough Healthcare Prods. v. Schwarz Pharma, Inc.* 586 F.3d 500, 512 (7th Cir. 2009) (finding that an indisputably false statement is typically done for a malign purpose and "since it was a lie why waste time on costly consumer surveys" to prove deception). Here, as alleged in Audible magic's counterclaim, it is simply not true for Blue Spike to suggest that it was the first to create digital fingerprinting technology in its Giovanni product. That is literally false and

8

misleading. Thus, because the facts alleged in Audible Magic's complaint must be accepted as true, the literally false statement on Blue Spike's website satisfies the materiality standard under the Lanham Act. Audible Magic properly plead the facts to support a plausible claim under Section 43(a) of the Lanham Act, and because Blue Spike has put forth no credible argument relevant to a motion to dismiss on the pleadings, Blue Spike's motion to dismiss must be denied.

## V. CONCLUSION

For the foregoing reasons, Audible Magic respectfully requests that Blue Spike's Motion to Dismiss be denied in its entirety.

Dated: October 7, 2013

By: */s/ Eric H. Findlay*

Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

I. Neel Chatterjee – *LEAD ATTORNEY*
Gabriel M. Ramsey
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
acaridis@orrick.com

9

>Christopher J. Higgins
>ORRICK, HERRINGTON & SUTCLIFFE, LLP
>1152 15th Street, N.W.
>Washington, DC 20005-1706
>Telephone:  (202) 339-8400
>Facsimile:  (202) 339-8500
>chiggins@orrick.com
>
>Attorneys for Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, and Harmonix Music Systems, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on October 7, 2013.

>*/s/ Eric H. Findlay*
>Eric H. Findlay