UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 6:12-cv-499 MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**BLUE SPIKE'S SURREPLY TO ENTROPIC COMMUNICATIONS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DKT. 941]**

Entropic Communications, Inc.'s reply in support of its motion to dismiss (Dkt. 1005) offers nothing new. Entropic persists in applying an incorrectly high pleading standard. To survive a motion to dismiss, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F.App'x, 466, 470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)). Blue Spike's complaint meets that standard.

**I.        Blue Spike Has Adequately Pleaded Inducing Infringement.**

Entropic's reply repeats the canard that Blue Spike has insufficiently pleaded the "intent" element of inducing infringement. *See* Dkt. 1005 at 1-3. Entropic acknowledges that Blue Spike could sufficiently plead intent by alleging "a direct contractual relationship" with direct infringers (*id*. at 3), yet somehow overlooks the fact that Blue Spike alleges exactly that. *See* Dkt. 966 at 5-6 (citing exhibits that "suggest that Entropic is contracting with other companies to collaborate on infringing products"). This level of detail was missing from the intent allegations

1

in *MacroSolve* and *U.S. Ethernet Innovations*,[1] so Entropic's effort to draw a parallel to those cases' doomed pleadings is unavailing. *See* Dkt. 1005 at 1-3.

*InMotion Imagery Technologies v. Brain Damage Films* is more illuminating. There, the Court held that the plaintiff had pleaded its inducing-infringement claims specifically enough to preclude dismissal. No. 2:11-CV-414-JRG, 2012 WL 3283371, at *2 (E.D. Tex. Aug. 10, 2012). The plaintiff alleged only the following:

> Upon information and belief, [defendant] Galaxy has infringed and continues to infringe one or more claims of the '291 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video indexes with images that are displayed in windows wherein at least one window displayed motion imagery.

> Upon information and belief, Galaxy has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

*Id*. at *1. Despite the fact that these allegations do "not explicitly plead facts to show that Galaxy had a specific intent to induce infringement," the Court nevertheless held that dismissal was improper because "it is not necessary to provide detailed factual support for each and every element of inducement." *Id*. at *2. Rather, a plaintiff's inducing-infringement allegations sufficiently notify an alleged infringer of what it must defend if they (1) describe the functionality of the patent-in-suit and (2) allege that the defendant induced others to infringe it. *See id*. Blue Spike has exceeded that threshold, making dismissal inappropriate here.

---

[1] *See* Dkt. 941-4 (*MacroSolve* opinion) at 6 ("The sum of MacroSolve's indirect infringement allegations amount to one sentence: 'In addition, Continental induced infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers'"); Dkt. 941-2 (*U.S. Ethernet Innovations* opinion) at 6 ("USEI's complaint . . . fails to: (1) recite the elements of an inducement claim; and (2) allege any facts that, if taken as true, establish a plausible inference that Yamaha had the specific intent to induce its customers [sic] actions.").

## II.     Blue Spike Has Adequately Pleaded Contributory Infringement.

Entropic argues that Blue Spike's contributory-infringement claims fail because Blue Spike has insufficiently identified "components provided by Entropic that are used as part of the products and systems accused of infringement." Dkt. 1005 at 3. Entropic ignores the fact that the accused products include software. *See* Dkt. 923 at ¶27. The Court can reasonably infer that this software operates as a component of (i.e., contributes to infringement by) computing devices or larger software packages. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849 (Fed. Cir. 2010), *aff'd*, 131 S.Ct. 2238 (2011) (explaining "a particular tool within a larger software package may be the relevant 'material or apparatus'"); *see also Symantec Corp. v. Veeam Software Corp.*, No. C 12-00700 SI, 2012 WL 1965832, at *3 n.2 (N.D. Cal. May 31, 2012) (denying motion to dismiss contributory-infringement claim because accused product was software, which meant that court could reasonably infer that it operated as "component" in infringing products and systems); *Nielsen Co. (US), LLC v. comScore, Inc.*, 819 F. Supp. 2d 589, 601 (E.D. Va. 2011) (same).

Entropic also repeats its argument that Blue Spike's contributory-infringement claims are insufficient because Blue Spike fails to allege how Entropic's components "lack any substantial non-infringing uses." Dkt. 1005 at 3. But, as Blue Spike already noted, the complaint specifically explains that the patents-in-suit are foundational to all of today's widespread content-recognition applications. Dkt. 923 at ¶2. Entropic advertises that the accused products integrate technologies whose only stated purpose is content recognition. *See* Dkt. 966, Exs. 2-5. At this stage, it is reasonable for the Court to infer that Entropic's accused products have no other non-infringing use—especially in light of Blue Spike's averment that they do not. *Cf. In re Bill of Lading Transmission & Processing System Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (holding

that plaintiff had not stated a claim for contributory infringement where, unlike Blue Spike's complaint against Entropic, the amended complaints "actually make clear on their face that Appellees' products do have substantial non-infringing uses"). It is true that the complaint itself does not contain extensive analysis of why the accused products have no substantial non-infringing uses, but a plaintiff need not plead "each individual element of a claim for indirect infringement" to survive dismissal. *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011).[2] "[I]t is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010).

### III.     Blue Spike Has Adequately Pleaded Willful Infringement.

Last, Entropic re-urges the Court to dismiss Blue Spike's willfulness claims, arguing that Blue Spike has not alleged any pre-lawsuit conduct that supports willful infringement. Dkt. 941 at 14-15. On the contrary, Blue Spike alleges that Entropic likely knew of Blue Spike's patents pre-suit due to the patents' prominence. *See* Dkt. 923 at ¶¶36(a), 44(a), 52(a), 60(a). Entropic wants the Court to disregard this allegation (*see* Dkt. 1005 at 5), but the Court must accept it as true in the context of a motion to dismiss. *See* Dkt. 966-6 at 3 (court cannot dismiss willful-infringement allegation that is predicated on prominence of patents-in-suit).

---

[2] *See also Nielsen*, 819 F. Supp. 2d at 602 (denying motion to dismiss even though plaintiff did not plead extensive detail regarding "substantial noninfringing use"; "[A]lthough the First Amended Complaint's allegations in this connection are admittedly spare, it is difficult to imagine a manner in which they could have been pled with greater factual detail. Put succinctly, what facts would there be to allege? A . . . component either does or does not have a substantial noninfringing use. Particularly in light of the necessarily negative nature of this allegation—i.e., that the accused components have no substantial noninfringing use—it is difficult to conceive how such an allegation could have been more factually detailed. This is not a case in which plaintiff has omitted any mention of th[is] element[] from its complaint. Instead, plaintiff has included all of the requisite elements to allege a claim for contributory infringement, and the Court cannot find such claim to be implausible at this stage in the matter.").

Further, Entropic fails to address the allegation that Blue Spike's original complaint, filed in February 2013, put it on notice that it was infringing. *See* Dkt. 923 at ¶¶36(b), 44(b), 52(b), 60(b). This is a stand-alone basis for denying Entropic's motion to dismiss the willful-infringement claims in Blue Spike's first amended complaint. *See Clouding IP, LLC v. Amazon.com, Inc.*, No. CA 12-641-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) (agreeing with plaintiff that "the time between the filing of the original complaint and the filing of the amended complaint should be deemed 'pre-filing' conduct . . . because Defendants did not cease their allegedly infringing activity following filing of the original complaints, their continued infringement[,] *after* the filing of the original complaint but *before* the filing of the amended complaint[,] is willful.").

For these reasons plus those contained in its opposition (Dkt. 966), Blue Spike respectfully repeats its request for the Court to deny Entropic's motion to dismiss.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 7th day of October, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

    /s/ Randall T. Garteiser
Randall T. Garteiser