UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § | Case No. 6:12-cv-499-MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| *Defendants.* | § | |

### BLUE SPIKE, LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DISMISSAL FOR LACK OF PERSONAL JURISDICTION [DKT. 1004]

For three reasons, Blue Spike respectfully asks the Court to reconsider its order dismissing defendant Ensequence, Inc. (Dkt. 1004).

First, the Court seems to have analyzed only whether it has *general* personal jurisdiction over Ensequence. *See id*. at 4 ("Plaintiff's jurisdictional allegations are based on a theory of general jurisdiction."). While the Court apparently assumed that Blue Spike's arguments were confined to a theory of general jurisdiction, Blue Spike explicitly argued for *specific* personal jurisdiction over Ensequence. While Blue Spike's initial opposition explained Ensequence's "continuous" and "systematic" contacts with Texas (Dkt. 809), which may be the source of the Court's confusion, the opposition never used the phrase "general jurisdiction" and instead dealt with how Ensequence's accused products tie it to Texas (i.e., create specific jurisdiction for claims related to those products). *See id*. at 4-7. Further, Blue Spike's surreply explicitly argued, "This Court Has *Specific* Personal Jurisdiction Over

Defendant Ensequence Because It Offers to Sell, Has Sold, or Continues to Sell Infringing Products in Texas." Dkt. 847 at 1 (emphasis added). Blue Spike's briefing highlights Ensequence's specific Texas contacts that relate specifically to infringement of the four patents-in-suit.

Second, Blue Spike believes it has surpassed the "low threshold" required to make a prima facie showing of specific personal jurisdiction. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 n.8 (5th Cir. 2000); *see also* 5B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE JURISDICTION 3D §1351 (burden to make prima facie showing of personal jurisdiction "normally is not a heavy one"). But if the Court disagrees, Blue Spike respectfully submits that, at minimum, it made the "preliminary showing" necessary for jurisdictional discovery, which is "less than a prima facie showing." *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012). To be entitled to jurisdictional discovery, Blue Spike only had to "suggest with reasonable particularity the *possible*"—not "likely" or "probable"— existence of the requisite contacts between" Ensequence "and the forum state." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (emphasis added). Blue Spike expressly incorporates all of its jurisdictional briefing and will not rehash all of that material here, but notes that it submitted evidence from Ensequence's own website that Ensequence's customers do business in Texas related to the alleged infringement of the patents-in-suit. *See* Dkt. 809 at 4-7.

2

The Federal Circuit has squarely held that a district court abuses its discretion by denying jurisdictional discovery when a defendant's website shows that the defendant's customers operate in the forum. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010) (even if defendant's website does not reveal the exact extent of the defendant's in-state activities and is "insufficient in [itself] to establish a prima face case" of jurisdiction, it "nevertheless supports the need for additional discovery to determine the merits of personal jurisdiction"). Again, Blue Spike's argument is not that Texas consumers can access Ensequence's website; rather, the important points are (1) that Ensequence has Texas customers, as its website shows, (2) that Ensequence uses Texas sources to infringe the patents-in-suit, and (3) that Ensequence works with its Texas customers to accomplish the alleged infringement of Blue Spike's patents. *See* Dkt. 809 at 4-6.

Finally, if the Court applies the correct jurisdictional analysis and still believes that Blue Spike has not established at least a right to conduct jurisdictional discovery—bearing in mind that Blue Spike is proceeding on a theory of *specific* personal jurisdiction—then Blue Spike respectfully requests leave to replead its claims against Ensequence to clarify their jurisdictional bases.

Respectfully submitted,


  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

4

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on October 11, 2013.

/s/ Randall Garteiser