UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § § § | Case No. 6:12-cv-499-MHS |
| v. | § § § | Lead Case |
| Texas Instruments, Inc. et al., | § § § | Jury Trial Demanded |
| *Defendants.* | § § | |

**COUNTERDEFENDANT BLUE SPIKE, LLC'S RESPONSE IN SUPPORT OF ITS
MOTION TO DISMISS [DKT. 994]
AUDIBLE MAGIC CORPORATION'S COUNTERCLAIMS [DKT. 885]**

Blue Spike, LLC moved to dismiss Audible Magic's unjust-enrichment and Lanham Act counterclaims. *See* generally Dkt. 994. Audible Magic's opposition to the motion (Dkt. 1021) only reinforces why those claims fail.

**1.    Binding Authority Holds that Unjust Enrichment Is Not an Independent Cause of Action.**

This Court and the Fifth Circuit have repeatedly and unequivocally held that unjust enrichment is not an independent cause of action. *See, e.g., Baxter v. PNC Bank Nat. Ass'n*, No. 12-51181, 2013 WL 5356894, at *2 n.2 (5th Cir. Sept. 26, 2013) ("Texas courts have not recognized a claim for unjust enrichment as an independent cause of action."); *VocalSpace, LLC v. Lorenso*, No. 4:09-cv-350, 2011 WL 817381, at *5 (E.D. Tex. Mar. 2, 2011) ("Unjust enrichment is not an independent cause of action"); *Packard v. OCA, Inc.*, No. 4:05-cv-273, 2009 WL 3172106, at *2 (E.D. Tex. Sept. 29, 2009), *aff'd*, 624 F.3d 726 (5th Cir. 2010) ("As to unjust enrichment, it is not an independent cause of

1

action."); *Oxford v. Williams Companies, Inc.*, 137 F. Supp. 2d 756, 762 (E.D. Tex. 2001) ("Unjust enrichment is not an independent cause of action."). Those decisions—which come from this Court and the Fifth Circuit—are binding precedent. Audible Magic's cited decision from the Southern District of Texas is not. *See* Dkt. 1022 at 4. In this Court, unjust enrichment is not an independent cause of action, meaning this claim must be dismissed.

## 2.    Audible Magic's Lanham Act Claim Fails as a Matter of Law for Multiple Reasons.

Audible Magic's Lanham Act claim is based on a clear misrepresentation. Audible Magic's complaint alleges that Blue Spike, on its website, claimed to be the "first to create" content-fingerprinting technology. *See* Dkt. 885 at 35, Dkt. 1022 at 6-7. Blue Spike's website says no such thing. Audible Magic's own exhibit shows what is actually on the website:

> The question is, was Shazam first to create this technology? One company, Blue Spike, LLC, answers "No."

Dkt. 1022-5. Thus, there is no disagreement about what Blue Spike's website actually says. The dispute is whether Audible Magic has stated a valid Lanham Act claim when it alleges that Blue Spike falsely claimed to have invented a certain technology based solely on Blue Spike's statement that *another* company did not invent the technology. The Lanham Act claim fails as a matter of law and as a matter of logic. Denying that Company A created a particular technology is not equivalent to asserting that Company B created the technology.

Further, even if Blue Spike's website had actually stated that Blue Spike was the "first to create" digital fingerprinting technology, this Lanham Act claim would still fail as a matter of law for several stand-alone reasons:

First, as Blue Spike, LLC already explained (Dkt. 994 at 2-3) and as Audible Magic's opposition wholly ignores, the alleged "first-to-create" statement is not actionable under the Lanham Act because it concerns Moskowitz and Blue Spike *themselves*, not the characteristics of a commercial good or service, as required for Lanham Act liability. *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307 (Fed. Cir. 2009).

Second, as Blue Spike, LLC already explained, the alleged "first-to-create" statement is too vague as a matter of law to support a Lanham Act claim. To support recovery under the Lanham Act, a statement "must be a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496 (5th Cir. 2000). The alleged misrepresentation that "Moskowitz and Blue Spike was [sic] the 'first to create' content 'fingerprinting' technology" (Dkt. 885 at 35) is neither specific nor measurable because the words "create," "content," and "technology" are inherently vague. Because Blue Spike, LLC's previously cited opinions show the vagueness of these terms (*see* Dkt. 994 at 3), Audible Magic's effort to distinguish those decisions on their facts is wasted. The Court does not need to

look at anything beyond Audible Magic's counterclaim itself (Dkt. 885 at 35) to know that it relies on a statement that is too vague to be actionable.

Third, contrary to Audible Magic's suggestion, a statement's "materiality" can sometimes be determined as a matter of law for Lanham Act purposes. *See, e.g.*, *In re Century 21-RE/MAX Real Estate Adver. Claims Litig.*, 882 F.Supp. 915, 928 (C.D. Cal. 1994). Indeed, courts have found statements to be immaterial as a matter of law even when they were far more fact-intensive than the alleged "first-to-create" statement at issue here. *See id*. (holding as a matter of law that a 4% overstatement of number of transactions executed by competitor was immaterial); *Borden, Inc. v. Kraft, Inc.*, 224 U.S.P.Q. 811, 1984 WL 1458, at *12 (N.D. Ill. Sept. 28, 1984) (holding as a matter of law that the difference between 5 ounces of milk in a slice of cheese and 4.6 ounces was immaterial). Here, as already explained (Dkt. 994 at 4), a statement that a company was the "first to create" something is immaterial because it does not necessarily imply that the company's products are superior. In isolation, a "first-to-create" statement could just as logically imply something negative about a company's products (for example, that they were outdated). But even if the Court accepted the notion than an unadorned "first-to-create" statement necessarily implied superiority, such a statement would still not be actionable. *See Pizza Hut*, 227 F.3d at 496-97 (generalized claim of superiority over comparable products is not actionable under Lanham Act). Blue Spike's "first-to-create" statement is immaterial as a matter of law.

4

Fourth, Audible Magic tries to redirect the issue of materiality by conflating it with the issue of literal falsity, suggesting that a statement does not have to be material if it is literally false. Dkt. 1021 at 8-9. But, as noted above, the actual statement at issue is the following: "The question is, was Shazam first to create this technology? One company, Blue Spike, LLC, answers 'No.'" Dkt. 1021-5. This is not the kind of statement that *could* be literally false. Audible Magic tries to hedge by saying that the statement at least "suggest[s]" (Dkt. 1021 at 8) or "impli[es]" (*id*.) that Blue Spike was the "first to create," but by definition suggestions and implications are not capable of being *literally* false. Only affirmative declarations are. Audible Magic's discussion of literal falsity is unavailing.

For these reasons plus those stated in its motion (Dkt. 994), Blue Spike, LLC again asks the Court to dismiss with prejudice all of Audible Magic's counterclaims with prejudice.

Respectfully submitted,


  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on October 15, 2013.

_/s/ Randall Garteiser_____