# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NOVELPOINT SECURITY LLC | § § § | |
| v. | § § § | Case No. 2:12-CV-100-JRG-RSP LEAD CASE |
| SAMSUNG ELECTRONICS AM., INC. | § | |

**ORDER**

Before the Court is Defendant Toshiba America Information System, Inc.'s ("Toshiba") Motion to Dismiss for Failure to State a Claim, pursuant to Fed. R. Civ. P. 12(b)(6), filed February 28, 2013 (Dkt. No. 98) (the "Motion"). The Court, having considered the same, finds that the Motion should be **DENIED** for the reasons set forth below.

**I. Background**

Novelpoint Security LLC ("Novelpoint") filed its amended complaint against Toshiba on January 24, 2013. (2:12-CV-101, Dkt. No. 17.) Novelpoint's amended complaint accuses Toshiba of patent infringement, including a claim of willful infringement:

> 28. The infringement of the '562 and '635 Patents by Defendant has been willful and continues to be willful. Defendant had knowledge of the '562 and '635 Patents, including in at least one or more of the following ways, without limitation:
>
> a. The '562 and '635 Patents are prominent, pioneering patents in the field of hardware-based computer security. This is evidenced in part by the extent to which each of these patents has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '562 Patent has been forward-cited in at least 64 subsequently-issued U.S. patents, including patents originally assigned to such prominent companies as Dell, Canon, Packard Bell, IBM (7 times), Intel, Sun Microsystems, Samsung, Lucent, Iomega, Hitachi, Myspace, Novell, Lockheed Martin, STMicroelectronics, Lenovo and Seagate. The '635 Patent has been forward cited in at least 186 subsequently-issued U.S. patents, including patents originally assigned to such prominent companies as Dell, Hewlett-Packard, Intel (86 times), IBM (8 times), Novell, Nortel, Texas Instruments, Freescale, Nokia, AT&T, Ingersoll-Rand, Lenovo, AOL, Matsushita (now Panasonic), Microsoft, Cisco, Lockheed Martin, Samsung, RIM, Wells Fargo Bank, Avaya, STMicroelectronics, McAfee,

1

Case 6:12-cv-00499-RWS-CMC Document 1056-3 Filed 10/17/13 Page 3 of 5 PageID #: 13169
Case 2:12-cv-00100-JRG-RSP Document 126 Filed 07/22/13 Page 2 of 4 PageID #: 2246

Tellabs and Seagate.

    b. Defendant's corporate affiliate Toshiba Corporation is a member at the "Contributor" level of the Trusted Computing Group ("TCG") industry consortium that establishes and promulgates the TPM standards of the TCG industry consortium that establishes and promulgates the standards for the TPM chip that is a critical part of Defendant's infringement of the '562 and '635 Patents. Because of its very nature in promulgating standards for hardware-based computer security, the TCG – and thus, its members, such as Defendant – should be aware of prominent patents in that field, such as the '562 and '635 Patents. In addition, numerous members of the TCG industry consortium are original assignees of subsequently-issued U.S. patents that forward-cited the '562 and/or '635 Patents or otherwise had notice of the '562 and/or '635 Patents. Moreover, some of the members of the TCG industry consortium had been approached by the inventor of the '562 and '635 Patents with offers to license or otherwise utilize the inventions.

    c. Through the filing and service of the original Complaint in this lawsuit, in March 2012.

(Dkt. No. 17 at 5-7.)

## II. Legal Standards

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *E.g., Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). A "patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

Indeed, Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss; however, the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To establish a claim for willful infringement, a plaintiff must demonstrate infringement in addition to the following elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk. *See, e.g.*, *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007); *see also Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, 682 F.3d 1003 (Fed. Cir. 2012). At the pleading stage, the Plaintiff must establish a good faith basis for alleging willful infringement. *In re Seagate*, 497 F.3d at 1374.

### III.   Analysis

Toshiba moves to dismiss Novelpoint's claim of willful infringement, urging that "NovelPoint does not present a legally cognizable theory of willfulness." (Motion at 3.) In filing its Motion, Toshiba asks the Court to make a finding that "the alleged 'prominence' of the patents-in-suit cannot support a claim of willful infringement" and that "alleged knowledge of the patents-in-suit by third parties cannot support a claim of willful infringement." (*Id*. at 3, 5.) However, even these requests demonstrate that Novelpoint **has** pled specific facts (the "alleged prominence" and "alleged knowledge"). Toshiba simply disagrees with Novelpoint's theory of willfulness. A motion to dismiss is not the proper mechanism for the Court make an "assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the

3

satisfaction of the factfinder." *Twombly*, 127 S. Ct. at 1969 n.8. Novelpoint's pleadings, on their face, plausibly state a claim to relief. Accordingly, the Court recommends that Toshiba's motion to dismiss Novelpoint's willful infringement claims be **DENIED.**

### IV. Conclusion

For the reasons stated herein, the Court recommends that TWC's Motion to Dismiss (Dkt. No. 98) be **DENIED.**

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 22nd day of July, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

4