UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | CASE NO. 6:12-cv-499 MHS |
| v. | § | LEAD CASE |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| *Defendants*. | § | |

**PLAINTIFF'S OPPOSITION TO AMANO'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DKT. 1011]**

Plaintiff Blue Spike, LLC opposes Amano Cincinnati, Inc.'s motion to dismiss Blue Spike's First Amended Complaint, as the amended complaint (Dkt. 921) pleads each of Blue Spike's claims with sufficient specificity.

**Legal Standards**

A motion to dismiss for failure to state a claim is governed by regional circuit law. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Under the applicable Fifth Circuit standard, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007); *see also Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685 (2009) (*applying Twombly* generally to civil actions pleaded under Rule 8). "[D]etailed factual allegations" are not required; a complaint need only allege "sufficient factual matter,

accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Specific to the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357; *see also Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 541 (E.D. Tex. 2010) ("A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief."). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.'" *Morgan v. Hubert*, 335 F.App'x 466, 470 (5th Cir. 2009) (*quoting In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

## Argument

The Court should deny Amano's motion because Blue Spike has pleaded its claims for induced infringement, contributory infringement, and willful infringement with sufficient specificity. *Contra* Dkt. 1011 at 8-13.

**I.     The Complaint Sufficiently Identifies the Accused Products and the Patents-in-Suit.**

Blue Spike agrees with Amano that a complaint should identify the patents-in-suit and one or more accused products. *See* Dkt. 1011, at 7. Blue Spike's complaint does so. *See* Dkt. 921, at ¶27. But Amano goes too far in arguing that Blue Spike's complaint must also "definitely identify which of the Patents-in-Suit is alleged to be infringed by which of the Accused

Products." Dkt. 1011, at 7. Amano does not cite a single case that supports its position,[1] which is unsurprising given the liberal pleading standards that apply here. By naming the four patents-in-suit and accused products, Blue Spike has placed Amano on notice as to what it must defend. *See McZeal*, 501 F.3d at 1357. As this Court and others have held, nothing more is required. *See, e.g., InMotion Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG, 2013 WL 1279055, at *5 (E.D. Tex. Mar. 26, 2013) (holding that plaintiff "sufficiently pled its infringement contentions" when its complaint "identif[ied] specific accused products as well as the category of accused devices"); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp.2d 349, 353 (D. Del. 2010) (stating that to survive dismissal, a complaint need not even "identify specific products"; simply identifying "a general category of products" suffices).

## II.  Blue Spike Has Sufficiently Pleaded Induced Infringement.

Amano says Blue Spike has insufficiently pleaded induced infringement. *See* Dkt. 1011 at 10-11. Amano's three-paragraph discussion of the matter is short on analysis, but Amano seems to complain that Blue Spike has insufficiently pleaded the "knowledge" and "intent" elements of induced infringement. *See Id*. Again, Amano is mistaken.

A party is liable for induced infringement if it knows or should know that it is inducing acts that constitute patent infringement. *See* 35 U.S.C. §271(b); *see also In re Bill of Lading*, 681 F.3d at 1339. Thus, to survive a motion to dismiss, a complaint alleging induced infringement must contain sufficient facts to plausibly show that the defendants intended a third party to infringe the patent at issue and knew the third party's acts constituted infringement. *Id.* at 1339.

---

[1] The only case that Amano cites on the issue involved a plaintiff who did not name a single accused product or even a category of product. *See Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, No. 6:09-cv-269, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010). Blue Spike, in contrast, has named seven specific accused products. *See* Dkt. 921 ¶27.

Answering the same arguments that Amano makes in its motion, Judge Love recently addressed the standards for pleading "knowledge" and "intent" for induced-infringement claims.

The facts in *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229 (E.D. Tex. July 27, 2012), were almost identical to those at issue here, so Judge Love's Report and Recommendation are highly instructive and show why Blue Spike's complaint should not be dismissed. The defendants in *Patent Harbor*—like Amano here—moved to dismiss the induced-infringement claims, arguing the plaintiff had "failed to allege that the Defendants had knowledge of the patent-in-suit." Case No. 6:11-cv-229, Dkt. 486, at 9 (attached as Ex. 1). Judge Love rejected this argument because "the Complaint clearly alleges that the 'Defendants have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint.'" *Id*. Judge Love concluded that "[t]o the extent Defendants' arguments relate to Patent Harbor's failure to allege pre-suit knowledge, these arguments are unpersuasive" because "[f]ailing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" *Id*. (*quoting Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)); *see also In re Bill of Lading*, 361 F.3d at 1345-46 (finding complaints that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" were sufficient when pleaded in conjunction with facts plausibly showing intent to induce).

Judge Love also rejected the argument—identical to Amano's here—that dismissal was warranted based on the failure "to allege specific intent to induce infringement." Case No. 6:11-cv-229, Dkt. 486, at 9. A plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement." *Id*. (*citing In re Bill of*

4

*Lading*, 681 F.3d at 1336). "Rather, the Complaint need only plead a plausible claim for relief." *Id*. Judge Love found that the complaint before him met this standard because its allegations—that "Defendants have knowledge of the [patent-in-suit], are infringing the patent by authoring DVDs with content addressable videos, and are contracting with others to author DVDs with content addressable videos"—gave rise to a plausible inference "that Defendants induced others to infringe the [patent-in-suit] by directing and controlling them through contract." *Id*. at 10. Also important, Judge Love noted that "although these allegations do not provide an extraordinary amount of detail regarding the elements of inducement, they nevertheless provide Defendants with sufficient notice of the allegedly unlawful conduct in which they engaged." *Id*. "[M]aking all reasonable inferences in favor of [the plaintiff]," it was "plausible to infer that Defendants induced third-party contractors to infringe" the patent-in-suit. *Id*. (*citing Bill of Lading*, 681 F.3d at 1340).

The Court should reject Amano's arguments, which are virtually identical to those that Judge Love rejected in *Patent Harbor*. Amano argues it was not enough for Blue Spike to assert knowledge at least as early as the service of this complaint. Yet the Court found that the same assertion precluded dismissal in *Patent Harbor*. Case No. 6:11-cv-229, Dkt. 486, at 9. Further, Blue Spike alleges that Amano likely knew of the patents pre-suit due to the patents' prominence. *See* Dkt. 921, at ¶¶ 36(a), 44(a), 52(a), 60(a). Such allegations suffice to show pre-suit knowledge. *See Novelpoint Sec. LLC v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-100, Dkt. 126, at 3 (E.D. Tex. July 22, 2013) (attached as Ex. 2).

Likewise, Amano argues that Blue Spike has not pleaded sufficient facts to show intent, but Blue Spike alleges facts that are at least as compelling as those in *Patent Harbor*. Blue Spike alleges that Amano makes, uses, offers for sale, or

5

imports into the U.S. products, systems, or services, including its HandPunch Biometric Terminals (such as its 1000, 1000E, 2000, 3000, and 4000), its fingerprint readers and modules (including the MA 500+, OMA 520 D, MA 100, MA 120 W, MA J Series, MARC, MSO 300/1300, Nexus 220, AmanoNet, and AmanoTouch), and its Time Guardian Fingerprint software, that infringe the patents-in-suit. Dkt. 921 at ¶27. The identification of those specific consumer products permits a reasonable inference that Amano intends its customers to use them. Attached as Exhibit 3 is a screen capture from Amano's website showing that Amano advertises the accused HandPunch terminals as "Biometric Terminals," providing additional evidence that the accused products have specific infringing capabilities that Amano markets in an effort to induce consumer use. Given Blue Spike's explanation that the patents-in-suit are foundational to all of today's widespread biometric-identification applications, *see* Dkt. 921 at ¶25, it is easy to conclude that Blue Spike's infringement allegations are facially plausible

**III.     Blue Spike Has Sufficiently Pleaded Contributory Infringement.**

Amano also argues that Blue Spike's allegations of knowledge are insufficient to maintain contributory-infringement claims. Dkt. 1011, at 9-10. This argument fails for the same reason that it failed for Blue Spike's induced-infringement claims: "the Complaint clearly alleges that the 'Defendants have actual notice of the [patent-in-suit] at least as early as the filing of this Original Complaint.'" Case No. 6:11-cv-229, Dkt. 486, at 9. "Failing to allege pre-suit knowledge 'is not a basis to dismiss [Plaintiff's] indirect infringement claims, as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" *Id.* (*quoting Lochner Techs.*,

6

2012 WL 2595288, at *3); *see also Achates Reference Supply Publ'g Co. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, Dkt. 303, at 2-3 ("[T]he Court finds that there is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement. While it is true that [Plaintiff] will ultimately have to establish that [Defendant] had the requisite knowledge of the asserted patents at the time of each act of contributory infringement, [Plaintiff] does not cite any controlling authority suggesting that the Complaint itself is not sufficient to provide knowledge of the asserted patents for alleged acts of contributory infringement occurring during the pendency of the case.").

Amano also complains that Blue Spike has not pleaded facts to permit an inference that the accused products at issue have no substantial non-infringing use. *See* Dkt. 1011, at 10. Amano is incorrect. First, the complaint specifically describes that the patents-in-suit are foundational to all of today's widespread biometric-identification applications. *See* Dkt. 921, at ¶25. Second, the complaint names the accused products, specifically Amano's fingerprint readers, modules, and software. *Id*., at ¶27. Biometric identification is the accused products' expressly advertised purpose. *See* Ex. 3 (screen shot from Amano's website describing the accused products as Biometric Terminals). It is reasonable for the Court to infer that the accused products have no other, substantial non-infringing use—especially in light of Blue Spike's averment that they do not. *Cf. In re Bill of Lading*, 681 F.3d at 1339 (holding that Plaintiff had not stated a claim for contributory infringement because, unlike Blue Spike's complaint against Amano, the amended complaints in *In re Bill of Lading* "actually make clear on their face that Appellees' products do have substantial non-infringing uses"). It is true that the complaint itself does not contain extensive analysis of why the accused products have no substantial non-infringing uses, but as this Court has repeatedly held, a plaintiff need not plead "each individual

7

element of a claim for indirect infringement" to survive dismissal. *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (denying a motion to dismiss that argued the complaint was "deficient because it fails to allege the additional elements required to establish induced and contributory infringement").

"[I]t is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." *Id*. Applying this standard, Blue Spike has adequately pleaded both induced infringement and contributory infringement.

### IV. Blue Spike Has Sufficiently Pleaded Willful Infringement.

Last, Amano urges the Court to dismiss Blue Spike's willfulness claims, arguing that Blue Spike has not alleged any pre-lawsuit conduct that supports willful infringement. Dkt. 1011 at 11-13. On the contrary, Blue Spike alleges that Amano likely knew of Blue Spike's patents pre-suit due to the patents' prominence. *See* Dkt. 921 at ¶¶36(a), 44(a), 52(a), 60(a). Such allegations suffice to support a claim of pre-suit willful infringement. *See Novelpoint Sec.*, No. 2:12-cv-100, Dkt. 126, at 3 (E.D. Tex., July 22, 2013) (Ex. 2).[2] Separately, Blue Spike alleges that its original complaint, filed in January 2013, put Amano on notice that it was infringing. *See* Case No. 6:13-cv-00037-MHS, Dkt. 1 at ¶27. This, too, is a legitimate basis for alleging willful infringement. *See Clouding IP, LLC v. Amazon.com, Inc.*, No. CA 12-641-LPS, 2013 WL

---

[2] Defendant refers to the Court's recent order regarding ImageWare. *See* Dkt. 1006 at 1. That order, however, was in reference to the original complaint and does not address the pleadings found in the operative complaint against Amano. *See* Dkt. 1006 at 4-6.

2293452, at *4 (D. Del. May 24, 2013) (agreeing with plaintiff that "the time between the filing of the original complaint and the filing of the amended complaint should be deemed 'pre-filing' conduct . . . because Defendants did not cease their allegedly infringing activity following filing of the original complaints, their continued infringement[,] *after* the filing of the original complaint but before the filing of the amended complaint[,] is willful."). Blue Spike's willfulness allegations are—at least in part—properly based on *post*-filing conduct. *See, e.g.*, Dkt. 921 ¶37 ("Defendant has continued to infringe the '175 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit.").

As the Court recently held, willful-infringement claims will survive a motion to dismiss as long as the plaintiff has pleaded (1) "when Movants received notice of the patent-in-suit" and (2) "that their continued alleged infringement is objectively reckless." *Wordcheck Tech, LLC v. ALT-N Techs., Ltd.*, No. 6-10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012). Blue Spike has done that here. *See* Dkt. 921, at ¶¶37, 45, 53, 61.

**V. Blue Spike Followed the Court's Instructions Regarding Filing Amended Complaints**

Blue Spike followed the Court's plain instructions established to minimize unnecessary motion practice and designed to avoid wasting judicial resources. *See* Ex. 4 (Judge Schneider's Model Scheduling and Discovery Order at ¶2, reciting "Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks to add a new patent. Otherwise, a request for leave is not required."). Here, the parties are so early in the case that there is not even a date scheduled to exchange infringement or invalidity contentions. Further, Blue Spike's amended complaint did not add an additional patent. Thus, Blue Spike is in compliance with the Court's guidelines for filing an amended complaint without seeking leave

from the Court. *See* Ex. 4 ¶2 (citing Fed. R. Civ. P. 16(b)(1)). But if the Court wants Blue Spike to request leave to re-file the amended complaint, Blue Spike will be happy to do so. Alternatively, for the sake of efficiency, Blue Spike asks the Court to treat this as a request for leave, to grant the request, and to address the merits of Amano's motion to dismiss.

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Amano's motion to dismiss.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike LLC*

**CERTIFICATE OF SERVICE**

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 17, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                          /s/ Randall T. Garteiser
                                                          Randall T. Garteiser