# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 6:12-cv-00499-MHS |
| TEXAS INSTRUMENTS, INC. ET AL., | § § | Lead Case |
| *Defendants.* | § § § § | Jury Trial Demanded |

### DEFENDANT ENSEQUENCE, INC.'S OPPOSITION TO BLUE SPIKE, LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DISMISSAL FOR LACK OF PERSONAL JURISDICTION

On September 27, 2013, this Court granted Defendant Ensequence, Inc.'s ("Ensequence") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Dkt. No. 558] and denied Blue Spike, LLC's ("Blue Spike") Motion to Authorize Jurisdictional Discovery [Dkt. No. 509]. *See* Order Granting Dismissal for Lack of Personal Jurisdiction (the "Order") [Dkt. No. 1004]. On October 11, 2013, Blue Spike filed a Motion for Reconsideration (the "Motion") [Dkt. No. 1028], asking the Court to reconsider its Order. Blue Spike presents no newly discovered evidence in support of its Motion, but claims that the Court erred in not agreeing with three of its arguments. None of Blue Spike's assertions warrant the extraordinary remedy of reconsideration, and the Court's Order should stand.

A motion for reconsideration of a dismissal order is a motion under Rule 59(e) motion to alter or amend a judgment and is subject to the strict standards that apply to such motions. *Oliva v. Rupert*, Civ. Action No. 6:12cv361, 2012 WL 4501064, at *1 (E.D. Tex. Sept. 28, 2012)

(Schneider, J.) (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). A motion for reconsideration "'calls into question the correctness of a judgment'" and is "'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id.* (quoting *Templet*, 367 F.3d at 478-79). "A Rule 59 motion 'serves the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovery evidence.'" *Swanson v. Helms*, Civ. Action No. 6:12cv135, 2013 WL 2155381, at *1 (E.D. Tex. May 17, 2013) (Schneider, J.) (quoting *Templet*, 367 F.3d at 478-79). "A district court enjoys considerable discretion in the decision to grant or deny a Rule 59(e) motion." *Id.* (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)). Because Blue Spike's Motion is a mere rehashing of its previous arguments, and this Court did not commit any errors of law, Ensequence respectfully submits that the Motion should be denied.

 First, Blue Spike erroneously asserts that this Court merely "assumed that Blue Spike's arguments were confined to a theory of general jurisdiction." Mot. at 1.  To the contrary, the Court expressly discussed the legal standards governing both general and specific personal jurisdiction (Order at 3-4), and properly recognized that Blue Spike's jurisdictional allegations were limited to a theory of general jurisdiction (*id.* at 4).  As set forth in Ensequence's briefing on this issue, and as recognized by the Court, Blue Spike failed to allege any facts capable of supporting a finding of specific personal jurisdiction for the simple reason that no such facts exist.  *See* Ensequence Opening Mem. at 11-12 [Dkt. No. 558]; Ensequence Reply Mem. at 2-3 [Dkt. No. 839].  The Court thus did not err in its conclusion on personal jurisdiction.

DEFENDANT ENSEQUENCE'S OPPOSITION TO BLUE SPIKE, LLC'S
MOTION FOR RECONSIDERATION

Second, Blue Spike complains that the Court should have granted its motion to take jurisdictional discovery because it made a "preliminary showing" sufficient to warrant jurisdictional discovery based on third-party customers business in Texas with respect to specific personal jurisdiction. *See* Mot. at 2. But the case law supports this Court's finding that the "alleged presence of Ensequence's product in the forum state as a result of third-party customers is not enough to establish general jurisdiction." Order at 6. And, as discussed at length in the briefing on Ensequence's Motion to Dismiss, there is no alleged infringing product that could possibly enter the stream of commerce to make a specific personal jurisdiction theory applicable. *See* Ensequence Opening Mem. at 11-12 [Dkt. No. 558]; Ensequence Reply Mem. at 2-3 [Dkt. No. 839]. Thus, it is irrelevant if Ensequence customers perform business in Texas, as this Court properly held.

Blue Spike's reliance on *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010), also is misplaced. Contrary to Blue Spike's contention, the Federal Circuit in *Nuance* did *not* hold that jurisdictional discovery is warranted where "a defendant's website shows that the defendant's customers operate in the forum." Mot. at 3. Unlike this case, *Nuance* involved three interrelated corporate defendants, a foreign parent holding company that wholly owned two other defendant subsidiaries, one a foreign company and the other U.S. based company. The CEO of the wholly owned foreign subsidiary made remarks in a magazine article, such as "nothing is able to prevent the company now from conquering the U.S. market" and indicating that the launch of its alleged infringing product in the United States was an act of revenge for the lawsuit. *Nuance*, 626 F.3d at 1229-30. The article also quoted the CEO of the foreign holding company as saying he was going to return to the U.S. market "with new

DEFENDANT ENSEQUENCE'S OPPOSITION TO BLUE SPIKE, LLC'S
MOTION FOR RECONSIDERATION

3

solutions." *Id.* at 1229. The court found that the entities were interrelated and the foreign holding company's website listed California entities as customers of the accused products and provided names and contact information for retail stores in California, as well as online stores, that sold the alleged infringing product. *Id.* at 1235. In reviewing these facts, the Federal Circuit found that the request for jurisdictional discovery was "not based on a mere hunch." *Id.* at 1236. (internal quotation marks and citation omitted). "Rather, the request is supported by, inter alia, [the foreign holding company's] website and the [magazine article], which suggests that [the foreign holding company] controls the actions of its subsidiaries." *Id.*

There are no similar facts here. First, there are no allegedly infringing Ensequence products. Second, there are no interrelated companies threatening to take over the U.S. market as revenge for this lawsuit by Blue Spike. Finally, as described previously, Ensequence's website is not interactive and does not list retailers in Texas, or any place else, where the alleged infringing product may be purchased, as this Court affirmed. This Court recognized in its Order that Blue Spike failed to specifically identify "any facts it reasonably expects to discover that would correct the deficiencies in its jurisdictional arguments." Order at 7. Accordingly, Blue Spike has failed to show any error by the Court in denying its Motion to Authorize Jurisdictional Discovery.

Lastly, this Court should deny Blue Spike's request for leave to amend its Complaint as futile because Blue Spike has failed to identify any new facts that could correct the deficiencies in its Complaint. *See* Order at 7; Ensequence Opposition Mem. at 6-7 [Dkt. No. 525]; Ensequence Sur-Reply Mem. at 2-3 [Dkt. No. 623]; Ensequence Reply Mem. at 7 [Dkt. No. 839].

DEFENDANT ENSEQUENCE'S OPPOSITION TO BLUE SPIKE, LLC'S
MOTION FOR RECONSIDERATION

4

      For the reasons set forth above, Ensequence respectfully requests that this Court deny Blue Spike's Motion for Reconsideration.

| | |
|---|---|
| Dated:  October 18, 2013 | **PERKINS COIE LLP**<br><br>*/s/ Douglas L. Sawyer*<br>Douglas L. Sawyer (State Bar No. 41009)<br>1900 Sixteenth Street, Suite 1400<br>Denver, CO  80202-5255<br>Telephone:  (303) 291-2378<br>Facsimile:  (303) 291- 2478<br>DSawyer@perkinscoie.com<br><br>Scott D. Eads (State Bar No. 910400)<br>1120 N.W. Couch Street, Tenth Floor<br>Portland, OR  97209-4128<br>Telephone:  (503) 727-2000<br>Facsimile:  (503) 727-2222<br>SEads@perkinscoie.com<br><br>**ATTORNEYS FOR DEFENDANT ENSEQUENCE, INC.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of October, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                              */s/ Douglas L. Sawyer*
                                              Douglas L. Sawyer