UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC,<br>*Plaintiff*,<br>v.<br>Texas Instruments, Inc. et al.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:12-cv-499 MHS<br>LEAD CASE<br>Jury Trial Demanded |

## BLUE SPIKE'S SURREPLY TO ENTROPIC'S JOINDER IN AUDIBLE MAGIC'S TRANSFER MOTION [DKT. 960]

Entropic Communications, Inc.'s reply (Dkt. 1026) adds nothing to the case for transfer. It cites no legal authority and does nothing to rebut Blue Spike's arguments in opposition to Entropic's attempt to join Audible Magic's transfer motion. *See generally id*. Instead, it repeats the same conclusory assertions that undermined Entropic's original joinder motion (Dkt. 960).

Entropic again contends—without elaboration or support—that its "design and sales facilities" (Dkt. 1026 at 1) in the Northern District of California constitute a "regular and established place of business" for purposes of establishing that venue would have lain there in the first instance. *See* 28 U.S.C. §1400(b). But as Blue Spike already explained (Dkt. 1010 at 1-2), nothing in evidence indicates whether those facilities actually constitute a "regular and established place of business," which requires showing that Entropic carries out "a substantial part" of its business on a "permanent basis" at those facilities. *Rains v. Cascade Indus., Inc.*, 258 F.Supp. 974, 976 (S.D.N.Y. 1966). Because Entropic is a Delaware corporation with its

principal place of business in San Diego (Dkt. 1010 at 1), merely noting the existence of "design and sales facilities" in the Northern District of California is not enough to carry Entropic's "burden of *clearly establishing* that the action properly could have been brought" there "in the first instance." 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §111.12[3] (3d ed. 2012) (emphasis added). Further, Entropic's reply does nothing to address the second element of patent venue, namely, whether any of Entropic's infringing acts have occurred at its Northern California facility. *See* 28 U.S.C. §1400(b) (venue is proper in district where defendant "has committed acts of infringement").

Entropic's reply also erroneously assumes a complete overlap of operative facts between Blue Spike's claims against Entropic and its claims against Audible Magic. *See* Dkt. 1026 at 2. In fact, as Blue Spike already explained (Dkt. 1010 at 2), its claims against Entropic are based only *partly* on Entropic's use of Audible Magic technology. Thus, Entropic's total reliance on Audible Magic's transfer arguments is self-defeating. To show that transfer is proper, Entropic must show that transfer would be clearly more convenient given *all* the claims against it—not only those based on its use of Audible Magic technology, but also those based on its other acts of infringement (including its use of infringing technology made by companies other than Audible Magic, such as Free Stream Media Corp.) (Dkt. 1010 at 2).

Entropic has now twice failed to analyze all the relevant transfer factors. The closest it comes is asserting that "it is undisputed that the bulk of evidence and witnesses are located" in the Northern District of California (Dkt. 1026 at 2), but

this bald assertion is simply not accurate. The location of the relevant evidence and witnesses—not to mention their impact on the transfer analysis—is very much disputed. Instead of making conclusory assertions, Entropic must actually analyze the relevant private- and public-interest factors and show that a transfer to the Northern District of California would be clearly more convenient. Its failure to do so precludes transfer. *See In re Volkswagen of Am., Inc.*, 545 F. 3d 304, 315 (5th Cir. 2008) (en banc); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

For these reasons plus those contained in its opposition (Dkt. 1010), Blue Spike respectfully reiterates its request that the Court deny Entropic's joinder in Audible Magic's transfer motion (Dkt. 960).

Respectfully submitted,

/s/ Randall T. Garteiser

Randall T. Garteiser
Lead Attorney
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
Christopher S. Johns
Texas Bar No. 24044849
cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

Kirk J. Anderson
California Bar No. 289043
Peter S. Brasher
California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on October 18, 2013.

/s/ Randall Garteiser