# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:12-cv-499 |
| v. | § § | LEAD CASE |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | |
| Defendants. | § § § § § | |
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | Civil Action Case No. 6:13-cv-40 |
| v. | § § | CONSOLIDATED CASE |
| AOPTIX TECHNOLOGIES, INC., | § § § | |
| Defendant. | § § § § | |

**DEFENDANT AOPTIX TECHNOLOGIES, INC.'S RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant AOptix Technologies, Inc. ("AOptix") hereby responds to Plaintiff's First Set of Interrogatories to Defendant AOptix Technologies, Inc. as follows:

1

## **GENERAL OBJECTIONS**

AOptix makes the following general objections to each and every definition, instruction, and Request in Plaintiff's First Set of Interrogatories and these general objections are hereby incorporated into AOptix's response to each and every Interrogatory. To the extent that any of the general objections are not raised in any particular response, AOptix expressly reserves and does not waive those objections.

1.    AOptix objects to each and every definition, instruction, and interrogatory herein to the extent that they are overly broad, unduly burdensome, oppressive, and/or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or any Orders entered by the Court. AOptix's responses to these interrogatories, regardless of whether a specific objection is made, do not constitute an adoption or acceptance of the Definitions and Instructions set forth by Plaintiff.

2.    AOptix objects to each and every definition, instruction, and interrogatory herein to the extent that they are vague, ambiguous, fail to describe the information sought with the required reasonable particularity, or are so unclear or unintelligible that AOptix cannot reasonably respond. Unless indicated otherwise, AOptix gives the terms of these interrogatories and requests their ordinary and plain meanings. AOptix is not responsible where its reasonable interpretation of these interrogatories and requests does not comport with Plaintiff's intentions.

3.    AOptix objects to the each and every definition, instruction, and interrogatory herein to the extent that they seek the disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, joint-defense privilege or any other applicable privilege or protection, as provided by any applicable law. AOptix does not intend to produce such privileged or protected documents or information. AOptix's inadvertent disclosure of any

such documents or information is not and may not be deemed a waiver of any privilege, and AOptix expressly reserves the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed.

4. AOptix objects to each and every interrogatory herein to the extent it requires disclosure of confidential technical, business, and financial information of AOptix. AOptix will only produce such information pursuant to the terms of a protective order stipulated to by the parties and entered by the Court.

5. AOptix objects to each and every definition, instruction, and interrogatory herein to the extent that they purport to require AOptix to disclose the private or personally-identifiable information of its customers, business partners or employees.

6. AOptix objects to each and every definition, instruction, and interrogatory herein to the extent they seek documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. AOptix will not produce such information or documents without the consent of the relevant third party and/or a court order.

7. AOptix objects to each and every definition, instruction and interrogatory herein as overbroad to the extent they seek information and documents that are neither relevant or material to issues raised in AOptix's Motion to Dismiss (Dkt. No. 518), nor reasonably calculated to lead to the discovery of relevant evidence to issues of personal jurisdiction and proper venue in the Eastern District of Texas.

8. AOptix objects to each and every definition, instruction, and interrogatory herein to the extent that it seeks information not in AOptix's possession, custody, or control.

9. AOptix objects to each and every definition, instruction, and interrogatory herein to the extent they seek electronically-stored information that is not reasonably accessible by AOptix because of undue burden or cost. AOptix will only produce readily accessible information pursuant to the limitations set forth in the Federal Rules of Civil Procedure.

10. AOptix objects to the definition of "You" to the extent that Plaintiff defines this term to include persons or entities other than Defendant AOptix Technologies, Inc. AOptix further objects to Plaintiff's definition of the term "You" to the extent that Plaintiff, by using that term in any particular interrogatory, purports to impose any obligations on persons or entities other than Defendant AOptix Technologies, Inc. or purports to require Defendant AOptix Technologies, Inc. to provide information relating to or in the possession, custody, or control of persons or entities other than Defendant AOptix Technologies, Inc. For purposes of its responses to Plaintiff's interrogatories, AOptix will interpret the term "You" to mean Defendant AOptix Technologies, Inc.

11. In agreeing to provide information or produce documents in response to an interrogatory, AOptix is not representing that such responsive documents in fact exist, that AOptix actually possesses or can obtain the information, document or class of documents, or that AOptix can produce literally all such responsive information or documents.

12. No incidental or implied admissions are intended by any response by AOptix to any interrogatory. That AOptix has responded to any interrogatory is not an admission that AOptix accepts or admits the existence of any alleged facts set forth in or assumed by such interrogatory or request, or that the making of the response constitutes admissible evidence.

13.     AOptix makes these responses subject to the reservation of its rights to object to the introduction into evidence, in this or any other action, of any information produced upon any applicable grounds.

14.     AOptix's investigation in this action is ongoing, and AOptix reserves the right to rely on and introduce at trial information in addition to any information produced in response to these discovery requests.  AOptix also reserves the right to amend the following objections and responses based on amendments to pleadings, additional information discovered, or other events in the litigation.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify the names and addresses of all customers, including law enforcement, security and military intelligence, in Texas of Your products and services, including Your InSight Duo, InSight ESS, InSight VM, and Dash Six Iris Recognition Enterprise Software Development Kit, and any other of Your biometric recognition technology.

**RESPONSE TO INTERROGATORY NO. 1:**

AOptix incorporates by reference each of the General Objections as if fully set forth herein.  AOptix objects to the Interrogatory to the extent that it seeks materials protected by the attorney client privilege, work product immunity, or any other applicable privilege.  AOptix objects to the terms "customers," "security and military intelligence" as vague and ambiguous.

Subject to and without waiving the foregoing objections, in response to Interrogatory No. 1, AOptix responds as follows:  AOptix does not have any customers, including law enforcement, security and military intelligence, in Texas.

5

**INTERROGATORY NO. 2:**

Identify all of the subject databases, servers or cloud based architecture systems (including watch lists) in Texas of Your software and services, including Your InSight Duo, InSight ESS, InSight VM, and Dash Six Iris Recognition Enterprise Software Development Kit, and any other of Your biometric recognition technology which catalog, examine, or otherwise analyze, and the location of the servers supporting those activities.

**RESPONSE TO INTERROGATORY NO. 2:**

AOptix incorporates by reference each of the General Objections as if fully set forth herein.  AOptix objects to the Interrogatory to the extent that it seeks materials protected by the attorney client privilege, work product immunity, or any other applicable privilege.  AOptix objects to the terms "subject databases," "servers or cloud based architecture systems" as vague and ambiguous.

Subject to and without waiving the foregoing objections, in response to Interrogatory No. 2, AOptix responds as follows:  AOptix does not maintain any databases, servers or cloud based architecture systems in Texas.

**INTERROGATORY NO. 3:**

Identify all instances of field use in Texas of Your software and services, including Your InSight Duo, InSight ESS, InSight VM, and Dash Six Iris Recognition Enterprise Software Development Kit, and any other of Your biometric recognition technology.

**RESPONSE TO INTERROGATORY NO. 3:**

AOptix incorporates by reference each of the General Objections as if fully set forth herein.  AOptix objects to the Interrogatory to the extent that it seeks materials protected by the attorney client privilege, work product immunity, or any other applicable privilege. AOptix

6

objects to Interrogatory No. 3 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant and/or reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks the identification of *all* instances of field use in Texas of AOptix's software and services, without limitation. AOptix further objects to the term "field use" as vague and ambiguous.

Subject to and without waiving the foregoing objections, in response to Interrogatory No. 3, AOptix responds as follows: AOptix is not aware of any instances of field use in Texas of AOptix's software and services, including the InSight Duo, InSight ESS, InSight VM, and Dash Six Iris Recognition Enterprise Software Development Kit, and any other of its biometric recognition technology.

**INTERROGATORY NO. 4:**

Identify all contact by You or Your software and services, including Your InSight Duo, InSight ESS, InSight VM, and Dash Six Iris Recognition Enterprise Software Development Kit, and any other of Your biometric recognition technology, with the State of Texas or law enforcement, security and military intelligence residing therein, including but not limited to all persons who have registered or signed up for any of Your products via Your websites.

**RESPONSE TO INTERROGATORY NO. 4:**

AOptix incorporates by reference each of the General Objections as if fully set forth herein. AOptix objects to the Interrogatory to the extent that it seeks materials protected by the attorney client privilege, work product immunity, or any other applicable privilege. AOptix objects to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, unintelligble and seeks information that is not relevant and/or reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks the identification of "*all*

7

contact by You or Your software and services . . . with the State of Texas or law enforcement, security and military intelligence residing therein," without limitation. AOptix further objects to the terms "contact," "State of Texas," and "security and military intelligence" as vague and ambiguous.

Subject to and without waiving the foregoing objections, in response to Interrogatory No. 4, AOptix responds as follows: AOptix is not aware of any contact by it or its software and services, including InSight Duo, InSight ESS, InSight VM, and Dash Six Iris Recognition Enterprise Software Development Kit, and any other of AOptix's biometric recognition technology, with the State of Texas or law enforcement, security and military intelligence residing therein. Persons cannot register or sign up for any AOptix products via AOptix websites. AOptix is not aware of any Texas companies contacting it through its website.

**INTERROGATORY NO. 5:**

Identify all contact by You with a resident of Texas relating to Your business, including contact via Your websites, e-mail, or telephone.

**RESPONSE TO INTERROGATORY NO. 5:**

AOptix incorporates by reference each of the General Objections as if fully set forth herein. AOptix objects to the Interrogatory to the extent that it seeks materials protected by the attorney client privilege, work product immunity, or any other applicable privilege. AOptix objects to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant and/or reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks the identification of *all* contact by AOptix with a resident of Texas relating to AOptix's business, without limitation. AOptix further objects to the terms "contact" and "business" as vague and ambiguous.

Subject to and without waiving the foregoing objections, in response to Interrogatory No. 5, AOptix responds as follows: There has been no contact by AOptix with a resident it knows to be from Texas relating to AOptix's business. See Response to Interrogatory No. 8.

**INTERROGATORY NO. 6:**

Identify all of Your sales to, or distribution of products and services to Texas consumers that You have not already Identified in response to one of the preceding Interrogatories, including through third parties not directly associated with You.

**RESPONSE TO INTERROGATORY NO. 6:**

AOptix incorporates by reference each of the General Objections as if fully set forth herein. AOptix objects to the Interrogatory to the extent that it seeks materials protected by the attorney client privilege, work product immunity, or any other applicable privilege. AOptix objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is not relevant and/or reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it purports to require AOptix to provide information regarding "third parties not directly associated with [AOptix]." AOptix further objects to the terms "contact" and "business" as vague and ambiguous.

Subject to and without waiving the foregoing objections, in response to Interrogatory No. 6, AOptix responds as follows: AOptix is not aware of any contact by AOptix for sales to, or distribution of products and services to Texas consumers that have not already been identified in response to one of the preceding Interrogatories, including through third parties not directly associated with AOptix.

**INTERROGATORY NO. 7:**

Identify all Your efforts to create or use sales networks into Texas.

**RESPONSE TO INTERROGATORY NO. 7:**

AOptix incorporates by reference each of the General Objections as if fully set forth herein.  AOptix objects to the Interrogatory to the extent that it seeks materials protected by the attorney client privilege, work product immunity, or any other applicable privilege.  AOptix objects to Interrogatory No. 7 on the grounds that it is unintelligible, overly broad, unduly burdensome, and seeks information that is not relevant and/or reasonably calculated to lead to the discovery of admissible evidence.  AOptix further objects to the terms "efforts," "create," "use," and "sales networks" as vague and ambiguous.

Subject to and without waiving the foregoing objections, in response to Interrogatory No. 7, AOptix responds as follows:  AOptix has made no efforts to create or use sales networks into Texas.

**INTERROGATORY NO. 8:**

Identify all Your efforts to solicit customers, prospective employees, and business in Texas (including through the Internet or presentations You conduct or trade shows, conventions, or other professional-networking events You attend in Texas).

**RESPONSE TO INTERROGATORY NO. 8:**

AOptix incorporates by reference each of the General Objections as if fully set forth herein.  AOptix objects to the Interrogatory to the extent that it seeks materials protected by the attorney client privilege, work product immunity, or any other applicable privilege.  AOptix objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant and/or reasonably calculated to lead to the discovery of admissible evidence.  AOptix further objects to the terms "solicit" and "business" as vague and ambiguous.

Subject to and without waiving the foregoing objections, in response to Interrogatory No. 8, AOptix states that it participated in one trade show in Texas, the ASIS trade show, for three days in 2010. AOptix efforts at the ASIS trade show were directed at the wide range of entities from around the country. AOptix is not aware of any solicitation efforts directed at a company residing in Texas.

**INTERROGATORY NO. 9:**

Identify all Your product or services support by You to consumers that were in Texas using Your biometric recognition technology.

**RESPONSE TO INTERROGATORY NO. 9:**

AOptix incorporates by reference each of the General Objections as if fully set forth herein. AOptix objects to the Interrogatory to the extent that it seeks materials protected by the attorney client privilege, work product immunity, or any other applicable privilege. AOptix objects to Interrogatory No. 9 on the grounds that it is unintelligible, overly broad, unduly burdensome, and seeks information that is not relevant and/or reasonably calculated to lead to the discovery of admissible evidence. AOptix further objects to the term "support" as vague and ambiguous.

Subject to and without waiving the foregoing objections, in response to Interrogatory No. 9, AOptix responds as follows: AOptix is not aware of any product or services support that it provided to consumers in Texas using AOptix's biometric recognition technology.

Dated: August 22, 2013　　　　　　　　　　FENWICK & WEST LLP


By:   */s/ Bryan A. Kohm*
    Bryan A. Kohm
    bkohm@fenwick.com

Teresa M. Corbin, CA Bar No. 132360
(Admitted E.D. Texas)
Bryan A. Kohm, CA Bar No.233276
(Admitted E.D. Texas)
David Lacy Kusters, CA Bar No.241335
(Admitted E.D. Texas)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:　　(415) 874-2300
Facsimile:　　(415) 281-1350

Darren E. Donnelly, CA Bar No. 194335
(Admitted E.D. Texas)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone:　　(650) 955-8500
Facsimile:　　(650) 983-5200

Attorneys for Defendant
AOptix Technologies, Inc.

## VERIFICATION

I am the Contracts and Security Manager of AOptix, Inc. ("AOptix"), and I am authorized to make this verification on its behalf. I have read the foregoing Responses to Plaintiff's First Set of Interrogatories, and I either have personal knowledge that the matters set forth in the responses are true or am informed and believe that such matters are true, and on those grounds certify and declare under penalty of perjury under the laws of the United States that they are true and correct.

Dated: August 13, 2013

_____
Thomas Rainwater

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the **DEFENDANT AOPTIX TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** has been served via email to the following:

| | |
|---|---|
| Randall T. Garteiser | Kirk Anderson |
| Christopher A. Honea | Peter Stuart Brasher |
| Christopher S. Johns | **GARTEISER HONEA, P.C.** |
| **GARTEISER HONEA, P.C.** | 44 N San Pedro Road |
| 218 N. College Ave. | San Rafael, CA 94903 |
| Tyler, Texas 75702 | kanderson@ghiplaw.com; |
| rgarteiser@ghiplaw.com; | pbrasher@ghiplaw.com |
| chonea@ghiplaw.com; | |
| bluespike@ghiplaw.com | |

August 22, 2013

                */s/ Bryan A. Kohm*
                  Bryan A. Kohm