UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

Blue Spike, LLC,

    *Plaintiff,*

v.

Texas Instruments, Inc. et al.,

    *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§

Case No. 6:12-cv-499 MHS

Lead Case

Jury Trial Demanded

**BLUE SPIKE'S OPPOSITION TO AXXONSOFT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DKT. 1019]**

Plaintiff Blue Spike, LLC opposes the motion to dismiss the first amended complaint brought by Defendants AxxonSoft, Inc. and AxxonSoft, Ltd. (collectively, "AxxonSoft") (Dkt. 1019). Blue Spike opposes AxxonSoft's motion to dismiss for lack of personal jurisdiction and improper venue because AxxonSoft has sufficient contacts with Texas for this suit to proceed here. Alternatively, Blue Spike renews its request for leave to conduct jurisdictional discovery before the Court rules on jurisdiction. Blue Spike also opposes AxxonSoft's motion to dismiss Blue Spike's willful-infringement and contributory-infringement claims because the amended complaint pleads those claims with sufficient specificity.

**Factual Background**

Blue Spike filed its original complaint against AxxonSoft on January 29, 2013. *See generally* Case No. 6:13-cv-106, Dkt. 1. AxxonSoft moved to dismiss the complaint (*see* Dkt. 645), and the parties further briefed the related issues. *See* Dkt. 700 (Blue Spike's opposition to AxxonSoft's motion to dismiss); Dkt. 734

(AxxonSoft's reply in support of its motion); Dkt. 778 (Blue Spike's surreply). Blue

Spike subsequently filed a motion for leave to conduct jurisdictional discovery (Dkt.

812), which AxxonSoft opposed (Dkt. 838) and which the parties further briefed. *See*

Dkt. 860 (Blue Spike's reply in support of its motion for jurisdictional discovery);

Dkt. 899 (AxxonSoft's surreply opposing jurisdictional discovery).

On August 13, 2013, before the Court ruled on either of the pending motions,

Blue Spike filed a first amended complaint. *See* Dkt. 922. The amended complaint

made two substantive changes: it (1) clarified what the accused products are and

(2) expanded on Blue Spike's willful-infringement claims. *See* Dkt. 1019-2 (redline

showing the differences between amended complaint and original complaint) at

¶¶28, 38, 46, 54, 62.

AxxonSoft now moves to dismiss the amended complaint (Dkt. 1019), largely

rehashing the arguments it made against the original complaint. Those arguments

fail for the same reasons that they failed the first time around.

## Argument

## I.      Personal Jurisdiction and Venue are Proper.

Blue Spike's first amended complaint largely mirrors its original complaint,

so Blue Spike adopts and incorporates its prior briefing on jurisdiction and venue.

*See* Dkt. 700 at 2, 4-7; Dkt. 778 at 1-6. Blue Spike does, however, want to clarify one

point: it is proceeding on a theory of specific personal jurisdiction, not general

personal jurisdiction. *Contra* Dkt. 1019 at 6-7.

While Blue Spike's initial opposition explained AxxonSoft's "continuous and systematic" contacts with Texas (Dkt. 700 at 4), which may be the source of AxxonSoft's confusion, the opposition never used the phrase "general jurisdiction" and instead dealt with how AxxonSoft's accused products tie it to Texas (i.e., create specific jurisdiction for claims related to those products). *See id.* at 4-6. Further, Blue Spike's surreply explicitly argued for "specific jurisdiction," again never mentioning general jurisdiction. Dkt. 778 at 2. All of Blue Spike's jurisdictional briefing highlights AxxonSoft's specific Texas contacts that relate specifically to infringement of the four patents-in-suit.[1] That briefing presents a prima facie case for specific personal jurisdiction over AxxonSoft. *See* Dkt. 700 at 2, 4-7; Dkt. 778 at 1-6.

## II.   At a Minimum, the Court Should Permit Jurisdictional Discovery before Ruling on AxxonSoft's Motion to Dismiss.

Blue Spike has presented a prima facie case for specific personal jurisdiction, but if the Court has any question on the issue, it should permit Blue Spike to conduct jurisdictional discovery. Blue Spike needs to make only a minimal showing to be entitled to jurisdictional discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained."); *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*,

---

[1] For the same reasons, AxxonSoft's reliance on the Court's *Ensequence* opinion is misplaced. That opinion rested on the erroneous belief that Blue Spike's "jurisdictional allegations are based on a theory of general jurisdiction." Dkt. 1019-6 at 4. Blue Spike has filed a motion asking the Court to reconsider its *Ensequence* opinion given that error. *See* Dkt. 1028.

No. A-11-CA-1057 LY, 2012 WL 2376282, at *2 (W.D. Tex. June 22, 2012) (the showing required to warrant jurisdictional discovery "is less than a prima facie showing"). The reasonable inferences arising from Blue Spike's evidence exceed what is needed to obtain jurisdictional discovery. *Compare* evidence cited in Dkt. 778 at 1-5 *with Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234-35 (Fed. Cir. 2010) (holding that district court abused its discretion by denying jurisdictional discovery where defendant's website showed that several of defendant's customers operated in forum). Defendants' affidavits do not defeat Blue Spike's alternative request for jurisdictional discovery. *See, e.g., Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (rejecting the argument that defendant's affidavit obviated jurisdictional discovery because "discovery propounded by Plaintiff may uncover additional information bearing on the jurisdictional inquiry which, perhaps, neither [Defendant's affiant] nor Defendant thought to include in [the affiant's] affidavit"). Blue Spike has already explained exactly what discovery it will seek and why that discovery is proper, entitling it to such discovery. *See* Dkt. 812; Dkt. 860.

## III.   Blue Spike's Willful-Infringement Allegations Are Sufficient.

AxxonSoft urges the Court to dismiss Blue Spike's willful-infringement claims, arguing that Blue Spike has not alleged any "pre-suit" conduct that supports them. Dkt. 1019 at 9. On the contrary, Blue Spike alleges that AxxonSoft likely knew of Blue Spike's patents pre-suit due to the patents' prominence. *See* Dkt. 922 at ¶¶38, 46, 54, 62. Such allegations suffice to support a claim of pre-suit willful

4

infringement. *See Novelpoint Sec. LLC v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-100, Dkt. 126 at 3 (E.D. Tex. July 22, 2013) (attached as Ex. 1). AxxonSoft complains that Blue Spike's patents are not really very prominent, but the Court has already rejected that argument as a basis for dismissing willful-infringement claims because it concerns facts rather than the sufficiency of pleading. *See id.*

Further, Blue Spike also alleges that its original complaint, filed in January 2013, put AxxonSoft on notice that it was infringing. *See* Dkt. 922 at ¶¶38, 46, 54, 62. This, too, is a legitimate basis for alleging willful infringement in an amended complaint. *See Clouding IP, LLC v. Amazon.com, Inc.*, No. CA 12-641-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) (agreeing with plaintiff that "the time between the filing of the original complaint and the filing of the amended complaint should be deemed 'pre-filing' conduct . . . because Defendants did not cease their allegedly infringing activity following filing of the original complaints, their continued infringement[,] *after* the filing of the original complaint but *before* the filing of the amended complaint[,] is willful.").

IV.   **Blue Spike Followed the Court's Instructions Regarding Filing Amended Complaints.**

AxxonSoft protests that Blue Spike did not seek leave to file an amended complaint. *See* Dkt. 1019 at 2-3. But this protest is misplaced given that Blue Spike was only following the Court's instructions. *See* Ex. 2 (Judge Schneider's Model Scheduling and Discovery Order at ¶2, reciting that "Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks

5

to add a new patent. Otherwise, a request for leave is not required."). Here, the parties are so early in the case that there is not even a date scheduled to exchange infringement or invalidity contentions, and Blue Spike's amended complaint did not add any additional patents. Thus, Blue Spike complied with the Court's instructions for filing an amended complaint without seeking the Court's leave. *See id*. But if the Court wants Blue Spike to request leave to re-file the amended complaint, Blue Spike will be happy to do so. Alternatively, for the sake of efficiency, Blue Spike asks the Court to treat this as a request for leave, to grant the request, and to address the merits of AxxonSoft's motion to dismiss.

## V.    AxxonSoft Is Not Entitled to Recover Attorney's Fees.

In a single sentence, unsupported by citation to authority, AxxonSoft requests leave to seek attorney's fees if it prevails on its motion. Dkt. 1019 at 11. The Court should deny this request because Blue Spike amended its complaint for valid reasons, and its arguments against dismissal are reasonable. Blue Spike's arguments do not display the "wantonly vexatious bad-faith required for the equitable allowance of attorney's fees." *Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 49 (5th Cir. 1981).

## VI.   Blue Spike's Contributory-Infringement Claims Are Sufficiently Pleaded.

Last, AxxonSoft argues that Blue Spike's contributory-infringement allegations are precluded by the Court's recent *ImageWare* opinion. Dkt. 1019 at 8-9. Blue Spike respectfully disagrees with that opinion's reasoning and believes that its contributory-infringement allegations are sufficient under other binding

precedent (*see* Dkt. 700 at 10-11, Dkt. 778 at 8-9). Defendant's motion presents no new arguments.

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny AxxonSoft's motion to dismiss the first amended complaint.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477  fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

8

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, first on the 24th day of October, 2013.

/s/ Randall T. Garteiser