UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> Texas Instruments, Inc. et al., <br><br> *Defendants*. | Case No. 6:12-cv-499-MHS <br><br> Lead Case <br><br> Jury Trial Demanded |

### BLUE SPIKE, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER GRANTING DISMISSAL FOR LACK OF PERSONAL JURISDICTION [DKT. 1004]

Like the Court's order (Dkt. 1004 at 4), Ensequence's opposition to Blue Spike's motion for reconsideration relies on the erroneous notion that Blue Spike's "jurisdictional allegations were limited to a theory of general jurisdiction." Dkt. 1062 at 2. As Blue Spike has explained (Dkt. 1028 at 1-2), a fair reading of its jurisdictional briefing shows that Blue Spike intended to proceed under a theory of specific personal jurisdiction. Blue Spike asks only that the Court bear this intention in mind in reevaluating whether Blue Spike made out a prima facie case for jurisdiction or, at minimum, a case for jurisdictional discovery.

Blue Spike has argued all along that the Court has personal jurisdiction over Ensequence because Ensequence contracts with companies that operate in Texas, using its infringing products to process data that those companies produce, publish, store, stream, and/or transmit in Texas. Dkt. 809 at 2-7. This is a valid basis for exercising personal jurisdiction over Ensequence. *See*

1

*TravelJungle v. Am. Airlines, Inc.*, 212 S.W.3d 841, 850 (Tex. App.—Fort Worth 2006, no pet.) (Texas court had personal jurisdiction over foreign company because it purposefully directed "data-gathering activity" toward Texas); *see also Flowserve Corp. v. Midwest Pipe Repair, L.L.C.*, No. 3:05-CV-1357-N, 2006 WL 265521, at *3 (N.D. Tex. Feb. 3, 2006) (repeated, deliberate contact with in-state servers went "well beyond a mere fortuity," thereby supporting exercise of jurisdiction); *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1248 (10th Cir. 2000) (cataloging numerous cases where courts held that "use of a computer or network service located in a particular state created sufficient contacts to establish personal jurisdiction").

*Specific*, as opposed to *general*, personal jurisdiction is the proper basis for this suit to proceed on, as Blue Spike's claims turn directly on Ensequence's ties to this forum through its use of the accused products to service its Texas clients. *See Wi-LAN, Inc. v. HTC Corp.*, No. 2:11-CV-68-JRG, 2012 WL 2461112, at *2 (E.D. Tex. June 27, 2012) (in determining whether specific jurisdiction over an out-of-state defendant exists in a patent case, courts look to whether (1) the defendant purposefully directed its activities at residents of the forum state and (2) the claims arise out of or relate to the defendant's activities with the forum state).

Ensequence's acts—reaching into Texas in order to gather data from Texas sources so that it can infringe Blue Spike's patents and then actually getting Texas customers to use the infringing products—is exactly the kind of

2

conduct that supports the assertion of specific personal jurisdiction over a party. Dkt. 809 at 4-7; Dkt. 847 at 2-4. Ensequence's argument against even permitting jurisdictional discovery is that "there is no alleged infringing product that could possibly enter the stream of commerce to make a specific personal jurisdiction theory applicable." Dkt. 1062 at 3. This fundamentally misapprehends Blue Spike's position. Blue Spike does not depend on a stream-of-commerce theory. Blue Spike's argument for specific personal jurisdiction is much more direct. Ensequence deliberately "reaches into" Texas to gather and process data from Texas for all its clients, and it has multiple Texas clients who actually use those products—all in violation of Blue Spike's patents-in-suit. *See* Dkt. 809 at 4-7; Dkt. 847 at 2-4.

Ensequence's efforts to distinguish *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010), are also unavailing. Ensequence relies heavily on the peculiar facts of the case, but the opinion states *generally* that evidence of a defendant's customers operating in the forum, taken from the defendant's own website, supports jurisdictional discovery. *See id*. at 1235. This view is logical, and it is echoed by other courts. *See, e.g.*, *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 458-59 (D. Del. 2009) (a plaintiff is entitled to jurisdictional discovery when it "identifies defendants' business relationships with specific entities," "alleges contacts with [the forum] through these relationships," and provides "internet pages

and press releases from the defendants' own website" supporting these relationships.).

Blue Spike is, at a minimum, entitled to jurisdictional discovery because its evidence, taken from Ensequence's own website, identifies Ensequence's business relationships with specific entities and alleges contacts with Texas through these relationships. *See id*. This evidence suggests

> with reasonable particularity the **possible** existence of the requisite contacts between the parties and the forum state . . . . If explored, defendants' relationship with [the named] entities **might** produce the required "something more" to establish personal jurisdiction. Through exploring these relationships, [Blue Spike] **could** unearth transactions, sales, or other contacts by defendants with [the forum] . . . . Allowing limited jurisdictional discovery based upon [Blue Spike's] specific allegations and competent evidence is not authorizing a fishing expedition based only upon bare allegations.

*Id*. at 459 (punctuation and citations omitted).

For these reasons plus those contained in its motion (Dkt. 1028), Blue Spike respectfully reiterates its request that the Court reconsider its order dismissing Ensequence (Dkt. 1004).

4

Respectfully submitted,


  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on October 25, 2013.

                                                               /s/ Randall Garteiser