# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
|     *Plaintiff,* | § | Civil Action No. 6:12-cv-499 |
| | § | (Lead Case) |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| TEXAS INSTRUMENTS, INC. | § | |
|     *Defendant.* | § | |
| | § | |
| _____ | § | |
| | § | |
| BLUE SPIKE, LLC | § | |
|     *Plaintiff,* | § | Civil Action No. 6:13-cv-109 |
| | § | (Consolidated Case) |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| AMANO CINCINNATI, INC., | § | |
|     *Defendant.* | § | |
| | § | |
| _____ | § | |

**DEFENDANT AMANO CINCINNATI, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO AMANO'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## I. INTRODUCTION

Defendant Amano Cincinnati, Inc. ("ACI") hereby responds to Blue Spike, LLC's ("Blue Spike") Opposition ("Second Opposition") [*Dkt. No. 1057*] to ACI's Second Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) [*Dkt. No.* 1011]. Blue Spike's Second Opposition and Amended Complaint are replete with unsupported legal conclusions and ACI continues to be without sufficient notice of the claims it must defend. Blue Spike's alleged "additional evidence" submitted with its Second Opposition supports ACI's position and demonstrates that Blue Spike's claims are not supported.

Blue Spike's contributory infringement and willful infringement claims ignore this Court's recent Order granting dismissal of Blue Spike's contributory and willful infringement claims against a consolidated Defendant, ImageWare Systems, Inc. [September 27, 2013 Order, *Dkt. No. 1006 in Case No. 6:13-cv-00499*].

Blue Spike's pleadings continue its strategy of using the expense of discovery and trial preparation to extort a settlement from ACI. This strategy was decried by the Supreme Court in *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007), and *Twombly* is at complete odds with in Blue Spike's Second Opposition statement that:

> "[I]t is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LL*C, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend." Id. Applying this standard, Blue Spike has adequately pleaded both induced infringement and contributory infringement.

Second Opposition at p. 8. For the reasons set forth herein, Blue Spike's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. ARGUMENT

### A. *Blue Spike's Amended Complaint Fails to Inform ACI as to What it Must Defend*

The combination of Blue Spike's Amended Complaint and its Second Opposition still does not inform ACI as to what it must defend. The Amended Complaint also does not identify which of the patents-in-suit is being asserted against each allegedly infringing product. The four patents-in-suit include 114 claims, which the Amended Complaint vaguely describes as being infringed by an equally vague product grouping, loosely termed as "Accused Products." Amended Complaint at p. 10, ¶ 27. Blue Spike's Second Opposition mistakenly relies on in Xpoint Techs., Inc. v. Microsoft Corp., 730 F.Supp2d 349, 353 (D. Del. 2010) for the argument "that a complaint need not even 'identify specific products' to avoid dismissal; simply identifying 'a general category of products' suffices." Second Opposition at pp. 2-3. Blue Spike's Amended Complaint does not even meet this liberal holding because it has "Accused Products" in multiple "general categories" without identifying which of the four patents-in-suit or 114 claims apply to any category. The Amended Complaint requires ACI to guess which one or more of the "Accused Products" is alleged to infringe which of the four patents-in-suit or 114 claims. This clearly fails the established standards for notice. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).The Court Should Dismiss Blue Spike's Contributory Infringement Claim

Blue Spike concedes that "the complaint itself does not contain *extensive* analysis of why the accused products have no substantial non-infringing uses." Emphasis added. Second Opposition at p. 7. More accurately, the Amended Complaint does not contain *any* analysis of why the Accused Products have no substantial non-infringing uses or facts that would support any such analysis.

Blue Spike's contributory infringement claims rely on its self-laudatory conclusion that "the patents-in-suit are foundational to **all** of today's widespread biometric-identification applications." *See* Second Opposition at p. 7 (erroneously citing to the Amended Complaint at ¶25, emphasis added). Blue Spike's statement is not only factually WRONG, it is an insufficient basis for pleading contributory infringement. That Blue Spike's statement is WRONG is evident from the very patents-in-suit which list hundreds of prior art patents and publications dating back to 1976. In addition, the attached Exhibit 1 is a history of biometric identification technologies available well before the earliest priority date of the patents-in-suit. At best, the patents-in-suit, to the extent they even apply to biometrics, are directed to a minor improvement in a mature art. To survive a motion to dismiss, Blue Spike had to plead "*facts* plausibly showing that the [defendants] specifically intended their customers to infringe the [patent] and knew that the customers' acts constituted infringement." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). (Emphasis added). Blue Spike has not done this.

Contributory infringement also requires that the Accused Products have "no substantial non-infringing uses." *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005). Had Blue Spike performed even a cursory examination of the advertisement for the Time Guardian software it cited previously (Opposition [Dkt. 651], Exhibit 1), Blue Spike would have found that the document advertised non-infringing uses of the Time Guardian Software with MTX-15 Badge Swipe Terminals, the Nexus Lite Controller, and Model KHR Entry Exit Readers. NONE of these uses are concerned with *any* biometrics. (See Exhibit 1, Opposition [Dkt. 651] pages 9 and 12). For its Amended Complaint,

Blue Spike removed even this wrongly asserted evidence of infringement by the ACI Time Guardian Software.

Because the Amended Complaint insufficiently pleads contributory infringement, this claim should be dismissed.

### B.  The Court Should Dismiss Blue Spike's Inducement Claim

Blue Spike's induced infringement allegation lacks any factual basis.  Inducement of infringement requires four distinct elements:

(1) There was direct infringement by the induced party;

(2) the inducer had knowledge of the asserted patents;

(3) the inducer 'possessed specific intent and [not] merely . . . knowledge of the acts alleged' to induce;

(4) there was active inducement of the direct infringer.

*Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 U.S. Dist. LEXIS 86207, at *14 (W.D. Tex. Aug. 4, 2011); see also *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1342 (Fed. Cir. 2003). The Second Opposition again relies on the already discredited argument that "the patents-in-suit are foundational to **all** of today's widespread biometric-identification applications," to support the inducement claim. The statement should be rejected for the same reasons articulated above.

The Second Opposition again relies on Magistrate Judge Love's Report and Recommendation in *Patent Harbor, LLC v. DreamWorks Animation SKG*, *Inc*., No. 6:11-cv-229 (E.D. Tex. July 27, 2012) as legal support for Blue Spike's inducement claim. And Blue Spike again fails to note that the Recommendation in *Patent Harbor* was objected to and the case was dismissed without the Report and Recommendation ever being ruled upon or accepted.

The only "facts" in the Amended Complaint relevant to inducement are: 1) knowledge of the patent-in-suit as early as the service of the Complaint; 2) selling one or more of the accused products to "end users."; and a website that merely uses the word "biometric." The rest of the alleged "facts" are legal conclusions that cannot serve as a factual basis from which to draw any inference that ACI had the specific intent under § 271(b) to encourage the end users to infringe the patent-in-suit. *Iqbal* at 1949-50 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (internal citations and quotations omitted).

Blue Spike's Amended Complaint alleges no facts from which one may plausibly infer that ACI formed and possessed the specific intent to induce infringement of the patents-in-suit.

### C. *Blue Spike Failed to Plead Willful Infringement with Specificity*

Blue Spike's Opposition offers a 180° change from its previous concession that "Blue Spike concedes that it has no basis for alleging pre-filing willfulness at this point, although future discovery may change that." Opposition [Dkt. 651] at p. 9.

Blue Spike's apparent "future discovery" is that "that Amano likely knew of Blue Spike's patents pre-suit due to the patents' prominence," because the Patents-in-Suit have "been forward-cited in at least 10 U.S.-issued patents and patent applications."[1] Opposition [Dkt. 651] at p. 9 and Amended Complaint ¶¶37(a), 45(a), 53(a), 61(a). Blue Spike attempts to support it newly devised standard by citing to Novelpoint Sec. LLC v. Samsung Elecs. Am., Inc., No. 2:12-cv-100, Dkt. 126, at 3 (E.D. Tex. July 22, 2013) (wherein one patent was forward cited in 64

---

[1] Blue Spike points to the Amended Complaint at ¶¶36(a), 44(a), 52(a), 60(a) as support. In fact, there is no ¶¶36(a), 44(a), 52(a), 60(a). ACI assumed Blue Spike is referring to the Amended Complaint ¶¶37(a), 45(a), 53(a), 61(a).

- 5 -

subsequently-issued U.S. Patents and a second patent was forward cited in at least 186 subsequently issued patents). The fact in the Novelpoint case were unique and of no relevance to the current Patents-in-Suit. As of October 25, 2013, all four of the Patents-in-Suit have been forwarded cited in a total of twelve (12) subsequently-issued U.S. patents in the aggregate and four (4) patent applications. More particularly, the '472 Patent has been forward cited in six (6) subsequently-issued U.S. patents and one (1) patent application. The '700 Patent has been forward cited in three (3) subsequently-issued U.S. patents and one patent application. The '494 Patent has been forward cited in one (1) subsequently-issued U.S. patent and zero (0) patent applications. Finally the '175 Patent has been forward cited in three (3) subsequently-issued U.S. patents and one (1) patent application. Blue Spike's reliance on the alleged "prominence" of its Patents-in-Suit fails to support its claim for willfulness.

Blue Spike fails to address this Court's recent Order granting dismissal of Blue Spike's contributory and willful infringement claims against Defendant ImageWare Systems, Inc. [September 27, 2013 Order, *Dkt. No. 1006 in Case No. 6:13-cv-00499*]. In that Order, this Court dismissed Blue Spike's contributory infringement claims for insufficiently alleging "contributory infringement based on [defendant's] accused products that are incorporated in 'systems' and that 'have no substantial non-infringing purpose.'" *Id.* at 3. Similarly, this Court dismissed Blue Spike's willful infringement claims stating that "the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim." *Id.* at 5.

As set forth herein, Blue Spike's contributory infringement and willful infringement claims filed against ACI includes nearly identical accusations and should be dismissed for the same reasons. Blue Spike's states, without any supporting authority, "that [the previously cited] order, however, was in reference to the original complaint and does not address the pleadings

- 6 -

2728449-1

found in the operative complaint against Amano." Second Opposition at p. 9.  ACI disagrees that there is a lower threshold in pleading willful infringement in the Amended Complaint, as Blue Spike apparently alleges. Even taking these merged pleadings in the light most favorable to Blue Spike, there is nothing to save Blue Spike's claim from dismissal.

The Amended Complaint fails to adequately plead willful infringement, and it should be dismissed.

### III.   CONCLUSION

Blue Spike's Amended Complaint is woefully lacking in sufficient facts or specificity for its claims of direct infringement, contributory infringement, induced infringement and willful infringement. The Amended Complaint does not allow ACI to meaningfully address the claims being made against it. Accordingly, the Amended Complaint it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

                                            Respectfully submitted,

By:   s/Anthony S. Volpe    
     Anthony S. Volpe (pro hac vice, PA  24,733)
     Ryan W. O'Donnell (pro hac vice, PA 89775)
     Aneesh A. Mehta (pro hac vice, PA 205878)
     VOLPE AND KOENIG, P.C.
     United Plaza, 30 S. 17th Street
     Philadelphia, PA 19103
     Phone: (215) 568-6400
     Fax: (215) 568-6499
     Avolpe@vklaw.com
     RODonnell@vklaw.com
     Amehta@vklaw.com

     *Attorneys for Defendant,*
     *Amano Cincinnati, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Defendant Amano Cincinnati, Inc.'s Reply to Plaintiff's Opposition to Amano's Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** is being on all counsel of record via the Court's CM/ECF system on this 28th day of October 2013.

                                      By: s/Anthony S. Volpe
                                        Anthony S. Volpe (pro hac vice , PA 24,733)
                                        Ryan W. O'Donnell (pro hac vice , PA 89775)
                                        Aneesh A. Mehta (pro hac vice , PA 205878)
                                        VOLPE AND KOENIG, P.C.
                                        United Plaza, 30 S. 17th Street
                                        Philadelphia, PA 19103
                                        Phone: (215) 568-6400
                                        Fax: (215) 568-6499
                                        Avolpe@vklaw.com
                                        RODonnell@vklaw.com
                                        Amehta@vklaw.com

2728449-1