1UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § § § § § § § § § § | |
| *Plaintiff,* | | Case No. 6:12-cv-499 MHS |
| v. | | Lead Case |
| Texas Instruments, Inc. et al., | | Jury Trial Demanded |
| *Defendants.* | | |

**BLUE SPIKE'S SURREPLY TO AOPTIX TECHNOLOGIES' MOTION TO STRIKE AND DISMISS THE AMENDED COMPLAINT [DKT. 968]**

Blue Spike has exceeded the threshold for defeating dismissal.

**I.     Blue Spike Did Not File a "Supplemental" Complaint.**

AOptix persists in arguing that Blue Spike's amended complaint must be considered an exclusively "supplemental" complaint and that various consequences result from this distinction. AOptix even goes so far as to claim that Blue Spike "concedes" that its amended complaint is "supplemental." Dkt. 1064 at 2. AOptix misperceives Blue Spike's argument. What Blue Spike "concedes" is that while some of the new allegations in the amended complaint concern post-filing events, some of them indisputably concern pre-filing events, too. *See* Dkt. 1024 at 5-6. By definition, the latter allegations *could not* be included in a "supplemental" complaint. Blue Spike cited multiple authorities that support this proposition. *See id*. at 5. AOPtix ignores every one of them. Simply put, Blue Spike's complaint is not "supplemental" in the way AOptix wants it to be, so Rule 15(d) and the "first-to-file" rule do not support AOptix's motion to dismiss Blue Spike's amended complaint.

1

## II. AOptix's Pre-Filing Activities Support Personal Jurisdiction.

AOptix admits that it "promoted and demonstrated" at least one of the accused products in Texas before Blue Spike filed this suit, yet argues that this activity is irrelevant to determining whether it is subject to personal jurisdiction here. Dkt. 1064 at 4-5. This argument fails because it hinges on two unsupported notions: (1) that AOptix's "promotion" of the accused product was not an "offer for sale" and (2) that its "demonstration" of the accused product was not a "use" of the product.

Regarding "offer for sale," AOptix tries to make its case with a hedge ("AOptix does not *believe* that any of its solicitation efforts at the trade show were directed at a company residing in Texas") and a question-begging legal conclusion ("AOptix did not offer for sale any of its products at the trade show"). Dkt. 968-3 at ¶12 (emphasis added). Regarding "use," AOptix tries to make its case with another question-begging legal conclusion, namely, that its "demonstrat[ion of] the retina scanning biometric technology in its accused InSight™ product" was not "'use' sufficient to establish specific jurisdiction." Dkt. 968 at 10. But question-begging legal conclusions are not evidence (*Gibson v. Liberty Mut. Grp.*, 129 F. App'x 94, 95 (5th Cir. 2005)), and "[t]he inquiry as to what constitutes a 'use' of a patented item is highly case-specific." *Med. Solutions, Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1141 (Fed. Cir. 2008). AOptix does not offer any actual evidence on (1) whether its promotional activities constituted an offer for sale and (2) whether its demonstration constituted a use of the accused product. On the other hand, Blue

2

Spike clearly alleges that AOptix's activities met those criteria. *See* Dkt. 944 at ¶5 (alleging that AOptix "attended a trade show in Texas where for three days Defendant offered for sale and used its infringing products"). The Court must accept this allegation as true since AOptix has not offered any competent controverting evidence. *See AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012) (per curiam). Taken as true, Blue Spike's allegation constitutes a prima facie showing that the Court has specific personal jurisdiction over AOptix. *See id.* at 1140 n.3 ("A demonstration of an accused device plus the simultaneous solicitation of purchase orders has been held to amount to a sufficient degree of 'selling' activity" to support specific personal jurisdiction.); *see also Worldwide Creations, LLC v. Playhut, Inc.*, 08-12159, 2009 WL 270088, at *2-4 (E.D. Mich. Feb. 3, 2009) (denying motion to dismiss because plaintiff alleged that defendant had used and offered to sell its accused product at a trade show in the forum state).

### III. AOptix's Post-Filing Activities Support Personal Jurisdiction.

Blue Spike presented numerous authorities holding that post-filing activities *can* subject AOptix to personal jurisdiction here. *See* Dkt. 1024 at 8 n.4. AOptix tries to argue that these authorities apply only to cases where (1) personal jurisdiction is based on a stream-of-commerce theory and (2) the post-filing activities show that personal jurisdiction existed pre-filing. Dkt. 1064 at 3 n.3. A plain reading of these authorities shows that they are not so limited.

Addressing one of Blue Spike's specific allegations of post-filing activity, AOptix argues that the admitted download and use of its infringing Stratus App in

3

this District do not support personal jurisdiction because "[t]he AOptix Stratus App must be used in conjunction with . . . a hardware attachment to the smartphone" to infringe, and Blue Spike "does not allege that the . . . Tyler, Texas resident" who downloaded and used the App "acquired the . . . hardware attachment." Dkt. 968 at 14; *see also* Dkt. 1064 at 1 (downloaded software "is incapable of infringement" without hardware attachment). But AOptix's own website and evidence show this to be false. *See* Ex. 1 (screen capture from AOptix website stating that Stratus App "may be used independently on the iPhone for face and voice capture"); Dkt. 968-3 at ¶13 ("The Stratus App by itself can . . . be used for face and voice capture using functionality already present on the iPhone."). AOptix also argues that the download and use of its app in this District could not give rise to personal jurisdiction because they occurred through a third-party app store (Dkt. 968 at 13), but that is false as well. *See* Dkt. 1024 at 10-11; *see also Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*, Case No. 1:12-cv-0229-JEC, Dkt. 26 at 14 (N.D. Ga. Sept. 26, 2013) (attached as Ex. 2) (holding that sale consummated through amazon.com storefront supported exercise of specific personal jurisdiction).

**IV. Blue Spike and AOptix Have Met and Conferred on Jurisdictional Discovery.**

As the parties have met and conferred on jurisdictional discovery and continue to resolve any disputes related to the issue, Blue Spike believes its Amended Complaint demonstrates the specific jurisdiction that the Court has over

4

AOptix but reserves the right to pursue the issue further if relevant issues come to light.

## V. Conclusion

For these reasons plus those contained in its initial opposition (Dkt. 1024), Blue Spike respectfully repeats its request for the Court to deny AOptix's motion to dismiss.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on October 28, 2013.

                                                       /s/ Randall Garteiser