IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § § | Consolidated Civil Action No. 6:12-CV-499-LED |
| v. | § § § | |
| TEXAS INSTRUMENTS, INC., | § § § | JURY TRIAL DEMANDED |
| *Defendant*. | § § § | |

**PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT SPECIFIC MEDIA'S SECOND AMENDED COUNTERCLAIMS**

Plaintiff Blue Spike, LLC files this Reply to the Second Amended Counterclaims of Specific Media, LLC ("Specific Media" or "Defendant") (Dkt. No. 1044) as follows. All allegations not expressly admitted or responded to by Plaintiff are denied.

### COUNTERCLAIMS

1. Paragraph 1 contains no allegations requiring an admission or denial; to the extent this paragraph is incorporating the "preceding paragraphs" as an allegation, Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the "preceding paragraphs" and denies the same.

2. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies.

3. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies.

4. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies.

5. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies.

6. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies.

7. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies.

8. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies.

9. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies.

10. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies.

11. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies.

12. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies.

13. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies.

14. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies.

15. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies.

16. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies.

17. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies.

18. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies.

19. Blue Spike, LLC denies the allegations of paragraph 19.

20. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies.

21. Blue Spike, LLC admits that the '472 patent is the oldest patent it is asserting in this case. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and therefore denies.

22. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies.

23. Blue Spike, LLC admits that the '472 patent it is asserting relates to content-based recognition. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and therefore denies.

24. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies.

25. Blue Spike, LLC denies that it is accusing any Muscle Fish technology; Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies.

26. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies.

27. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies.

28. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies.

29. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies.

30. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies.

31. Blue Spike, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies.

32. Blue Spike, LLC admits the allegations of Paragraph 32.

33. Paragraph 33 contains no allegations requiring an admission or denial, but to the extent that the text of Paragraph 33 can be construed as an allegation that venue in the Eastern District of Texas is improper, Blue Spike, LLC denies same.

## COUNT ONE: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '175 PATENT

34. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 33 above.

35. Blue Spike, LLC admits the allegations of Paragraph 35.

36. Blue Spike, LLC denies the allegations of Paragraph 36.

37. Blue Spike, LLC denies that Defendant is entitled to the relief requested in Paragraph 37.

## COUNT TWO: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '175 PATENT

38. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 37 above.

39. Blue Spike, LLC denies the allegations of Paragraph 39.

40. Blue Spike, LLC denies that Defendant is entitled to the relief requested in Paragraph 40.

## COUNT THREE: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '494 PATENT

41. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 40 above.

42. Blue Spike, LLC admits the allegations of Paragraph 42.

43. Blue Spike, LLC denies the allegations of Paragraph 43.

44. Blue Spike, LLC denies that Defendant is entitled to the relief requested in Paragraph 44.

## COUNT FOUR: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '494 PATENT

45. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 44 above.

46. Blue Spike, LLC denies the allegations of Paragraph 46.

47. Blue Spike, LLC denies that Defendant is entitled to the relief requested in Paragraph 47.

## COUNT FIVE: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '700 PATENT

48. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 47 above.

49. Blue Spike, LLC admits the allegations of Paragraph 49.

50. Blue Spike, LLC denies the allegations of Paragraph 50.

51. Blue Spike, LLC denies that Defendant is entitled to the relief requested in Paragraph 51.

## COUNT SIX: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '700 PATENT

52. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 51 above.

53. Blue Spike, LLC denies the allegations of Paragraph 53.

54. Blue Spike, LLC denies that Defendant is entitled to the relief requested in Paragraph 54.

## COUNT SEVEN: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '472 PATENT

55. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 54 above.

56. Blue Spike, LLC admits the allegations of Paragraph 56.

57. Blue Spike, LLC denies the allegations of Paragraph 57.

58. Blue Spike, LLC denies that Defendant is entitled to the relief requested in Paragraph 58.

## COUNT EIGHT: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '472 PATENT

59. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 58 above.

60. Blue Spike, LLC denies the allegations of Paragraph 60.

61. Blue Spike, LLC denies the allegations of Paragraph 61.

## COUNT NINE: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF '472, '700, '494 AND '175 PATENTS DUE TO INEQUITABLE CONDUCT

62. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 61 above.

63. Blue Spike, LLC denies the allegations of Paragraph 63.

64. Blue Spike, LLC denies the allegations of Paragraph 64.

65. Blue Spike, LLC denies the allegations of Paragraph 65.

66. Blue Spike, LLC denies that Defendant is entitled to the relief requested in Paragraph 66.

## REQUEST FOR RELIEF

Blue Spike, LLC denies that Defendant is entitled to any of the relief it requests.

## PLAINTIFF'S PRAYER FOR RELIEF

In addition to the relief requested in Plaintiff's Original Complaint, Blue Spike, LLC respectfully requests a judgment against Defendant as follows:

(a) That Defendant take nothing by its Counterclaims;

(b) That the Court award Blue Spike, LLC its costs and attorneys' fees incurred in defending against these Counterclaims; and

(c) Any and all further relief for the Blue Spike, LLC as the Court may deem just and proper.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
 cjohns@ghiplaw.com

GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

8

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                    /s/ Randall T. Garteiser
                                                    Randall T. Garteiser