UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| Plaintiff, | § | CASE NO. 6:12-cv-499 MHS |
| | § | |
| v. | § | LEAD CASE |
| | § | |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
| Defendants. | § | |

**PLAINTIFF BLUE SPIKE'S SURREPLY TO AMANO'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT [DKT. 1011]**

Amano Cincinnati, Inc.'s reply in support of its motion to dismiss (Dkt. 1011)
continues to apply an incorrect pleading standard and misinterprets Blue Spike's
complaint and opposition.

## I.    Blue Spike Has Clearly Identified What Amano Must Defend.[1]

As explained in the opposition (Dkt. 1057 at 2-3), the pleading rules do not
require Blue Spike to tie specific patents to particular accused products or to
provide a comprehensive list of accused products at this point. *See InMotion
Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG, 2013 WL 1279055, at
*5 (E.D. Tex. Mar. 26, 2013); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp.2d
349, 353 (D. Del. 2010). Nor is Blue Spike required to specify which claims of the
patents-in-suit are at issue (*contra* Dkt. 1075 at 2). *See Atwater Partners of Tex.*

---

[1] As written, Blue Spike is unclear what Amano is arguing. Amano's first allegation (*see* Dkt.
1075, at 2) touches the notice requirement of pleadings but requests that the Court dismiss Blue
Spike's contributory infringement claim (*id.*), using case law regarding induced infringement as
support (*id.* at 3), and argues about the substantial non-infringing uses of products which are not
at issue (*id.*). Blue Spike has attempted to tease out the relevant issues but requests the Court's
indulgence.

*LLC v. AT&T, Inc.*, No. 2:10-CV-175-TJW, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) ("[T]here is no requirement that the complaint specify which specific claims the plaintiff is asserting"). Blue Spike only has to "plead facts sufficient to place the alleged infringer on notice as to what [it] must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).[2]

Blue Spike has met that required pleading burden. Blue Spike first identifies two general categories of products: Amano's "HandPunch Biometric Terminals" and Amano's "fingerprint readers and modules." *See* Dkt. 920 ¶27. That alone is sufficient to put Amano on notice as to what it must defend. *See Xpoint*, 730 F.Supp.2d at 353. Even so, Blue Spike goes further by identifying specific products within those two general categories including the HandPunch 1000, 1000E, 2000, 3000, and 4000 and the MA 500+, OMA 520 D, MA 100, MA 120 W, MA JSeries, MARC, MSO 300/1300, Nexus 220, AmanoNet, and AmanoTouch fingerprint readers and modules. *See* Dkt. 920 ¶27. Blue Spike also does not include the entire general category of Amano's Time Guardian software but specifically targets Amano's Time Guardian Fingerprint software. *See id*. Blue Spike identifies the patents-in-suit and articulates how today's biometric identification systems, including those marketed and sold by Amano, likely infringe the patents-in-suit. *See* Dkt. 920 ¶25. Blue Spike has met its burden and identified what Amano must defend.

---

[2] "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F.App'x 466, 470 (5th Cir. 2009) (*quoting In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

## II.   Blue Spike Has Adequately Pleaded Contributory Infringement.

Amano wades deep into the issue of the prominence of the patents-in-suit and the issue of substantial noninfringing uses of its products, comparing the patents-in-suit to other biometric technology and parsing the language of its promotional materials. *See* Dkt. 1074, at 4-5. This approach is fundamentally inappropriate in a 12(b)(6) context. Indeed, Amano attempts to hold an entire evidentiary hearing in the course of its reply. Yet, to survive a 12(b)(6) dismissal, a plaintiff need not plead "each individual element of a claim for indirect infringement." *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011). "[I]t is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support various theories of infringement." *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010).

Further, in arguing the non-infringing uses of its products, Amano fails to address any of the products actually listed as accused in the Amended Complaint. *Compare* Dkt. 921, at ¶27 *with* Dkt. 1075 at 3. Blue Spike specifically targets Amano's biometric terminals, fingerprint readers, modules and fingerprinting software. *See* Dkt. 921, at ¶27. Those products—which are designed and marketed to read, catalogue, and identify individuals' biometric data—can have no other

substantial non-infringing use. *See* Dkt. 1057, at 7 (*citing* Ex. 3).[3] And Amano does not argue that the products do have a substantial non-infringing use.

The salient facts are these: Blue Spike pleaded that the patents-in-suit are foundational to all of *today*'s widespread biometric technology (and Amano's citation to *yesterday*'s technology does not disprove that, *contra* Dkt. 1075 at 3); Amano makes biometric products; and at least some of Amano's biometric products have no substantial noninfringing use. This Court has recently held that such allegations are sufficient to defeat dismissal "[a]bsent a showing in the pleadings . . . that [all of the accused] products *do* have substantial noninfringing uses." *Imation*, 2013 WL 1279055, at *6. Blue Spike has adequately pleaded contributory infringement.

### III.  Blue Spike Has Also Adequately Pleaded Induced Infringement.

Though Amano's specific arguments regarding Blue Spike's induced infringement pleadings are not clear (*see* Dkt. 1075, at 4-5), Blue Spike has sufficiently pleaded all of the relevant elements for induced infringement. Blue Spike alleges that Amano had knowledge of the patents-in-suit as early as the filing of this complaint. *See* Dkt. 921 ¶¶35, 43, 51, 59. That is sufficient to meet the knowledge element of the pleading requirements. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345-46 (Fed. Cir.

---

[3] *See Nielson Co. (US), LLC v. comScore, Inc.*, 819 F.Supp.2d 589, 602 (E.D. Va. 2011) (denying a motion to dismiss even though plaintiff did not plead extensive detail regarding "substantial non-infringing use"; "[A] component either has or does not have a substantial noninfringing use. Particularly in light of the necessarily negative nature of this allegation—i.e., that the accused components have no substantial noninfringing use—it is difficult to conceive how such an allegation could have been more factually detailed.").

2012) (finding that a complaint that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" was sufficient when pleaded in conjunction with facts plausibly showing intent to induce). Blue Spike has also specifically identified several infringing products that Amano markets and sells. *See* Dkt. 921, at ¶27. The identification of those specific consumer products permits a reasonable inference that Amano intends its customers to use them. Those facts, without more, constitute a facially plausible claim for induced infringement. But Blue Spike has gone further and submitted evidence that the accused products have specific infringing capabilities that Amano markets in an effort to induce use. *See* Dkt. 1057-4, Ex. 3.

This evidentiary showing surpasses what this Court found sufficient to defeat dismissal in *Imation*. There, the Court held that the plaintiff had "provide[d] a sufficient basis to allege the knowledge and intent necessary to sustain allegations of indirect infringement," 2013 WL 1279055, at *5, where the complaint merely stated that "[Defendant] has had knowledge of the [patents-in-suit] as least as early as the filing of the Complaint in this action, and, upon information and belief, continues to encourage, instruct, enable, and otherwise cause end users and/or customers to use its products in a manner which infringes the [patents-in-suit]." *See* Case No. 2:12-cv-00298-JRG, Dkt. 9 ¶¶12, 22. In *InMotion Imagery Technologies v. Brain Damage Films*, the Court held that plaintiff's pleadings were sufficient to defeat dismissal when the plaintiff alleged only the following:

> Upon information and belief, [Defendant] has infringed and continues to infringe one or more claims of the [patent-in-suit] by making, using,

> providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, [accused products].
>
> Upon information and belief, [Defendant] has also contributed to the infringement of one or more claims of the [patent-in-suit] and/or actively induced others to infringe one or more claims of the [patent-in-suit], in this district and elsewhere in the United States.

No. 2:11-CV-414-JRG, 2012 WL 3283371, at *1-2 (E.D. Tex. Aug. 10, 2012). Despite the fact that the allegations there did "not explicitly plead facts to show that [Defendant] had a specific intent to induce infringement," the Court nevertheless held that dismissal was improper because "it is not necessary to provide detailed factual support for each and every element of inducement." *Id*. at *2. Rather, a plaintiff's inducing-infringement allegations sufficiently notify an alleged infringer of what it must defend if they (1) describe the functionality of the patent-in-suit and (2) allege that defendant induced others to infringe it. *See id*. Blue Spike has met that threshold, making dismissal inappropriate here.

## IV.  Blue Spike Has Adequately Pleaded Willful Infringement.

Regarding willful infringement, Amano once again misinterprets the law and misreads Blue Spike's filings. Nowhere does Blue Spike allege that there is a "lower threshold" for a willfulness pleading for the amended complaint. *Contra* Dkt. 1075 at 6-7. In its motion and reply, Amano alleges that the pleading in the amended complaint against Amano is "nearly identical" to the pleading this Court recently dismissed in Dkt. No. 1006. *See* Dkt. 1075, at 6. Amano is incorrect. The Court's recent order referenced the original complaint and did not contemplate all of Blue Spike's amended pleadings, which include pre-filing willfulness. *See* Dkt. 1057, at 8;

*see also* 920 ¶¶ 37(a), 45(a), 53(a), and 61(a). Amano attempts to undermine Blue Spike's willful infringement allegation by attacking the prominence of Blue Spike's patents (*see* Dkt. 1075, at 6). But, at this stage of litigation, the Court must accept the allegations as true in the context of the motion to dismiss. *See* Dkt. 1057-3, Ex. 2, *NovelPoint Sec. LLC v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-100, Dkt. 126, at 3 (E.D. Tex. July 22, 2013) (overruling a motion to dismiss on the grounds that the plaintiff's pleadings plausibly stated a claim for relief when the plaintiff pleaded the prominence of the patents). Further, Amano provides no evidence or citation to support its claim, just bald assertions. *See* Dkt. 1075 at 6. A search of the USPTO's website shows that one of the patents-in-suit is forward cited in at least 50 U.S. issued patents (*see* Ex. 1), directly contradicting and calling into question Amano's unsupported figures. Blue Spike has pleaded that Amano likely had pre-filing knowledge of the patents-in-suit due to the patents' prominence, and Amano certainly knew of the patents-in-suit at least as early as the filing of this suit. *See* Dkt. 1056, at 8-9. Blue Spike has thus adequately pleaded willful infringement, making dismissal inappropriate here.

### Conclusion

For these reasons plus those contained in the opposition, Blue Spike respectfully asks the Court to deny Amano's motion to dismiss.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike LLC*

CERTIFICATE OF SERVICE

     I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 7, 2013. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                   /s/ Randall T. Garteiser
                                  Randall T. Garteiser