UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:12-cv-499 |
| **Texas Instruments, Inc.** | § § § | |
| Defendants | § | |

-----------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:13-cv-00124 |
| **Cognitec Systems Corporation** **Cognitec Systems GmbH** | § § § | |
| Defendants | § | |

**COGNITEC SYSTEMS CORP. AND COGNITEC SYSTEMS GMBH'S MOTION TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendants Cognitec Systems Corporation ("CSC") and Cognitec Systems GmbH ("Cognitec GmbH"), collectively referred to herein as "Cognitec" or "Defendant," file this motion to dismiss the allegations of indirect infringement and willful infringement in the complaint filed by Plaintiff Blue Spike, LLC ("Blue Spike" or "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6). As the Court is aware, the Court has granted similar motions on behalf of other defendants. *See, e.g.*, Docket Entry No. 1006. Given that Plaintiff has made the same exact allegations against Cognitec that the Court has already dismissed for other defendants, Cognitec

1

presents the same arguments as those made by these other defendants, whose motions were granted by the Court. For the same reasons previously argued by the other defendants and granted by the Court, Cognitec requests that the Court grant this motion.

## I. **INTRODUCTION.**

To plead a claim of contributory patent infringement, Plaintiff must identify (1) which patent claims are allegedly indirectly infringed, (2) which methods or systems indirectly infringe, and (3) the direct infringer to whose infringement the defendant supposedly contributes. *See* Realtime Data, LLC v. Stanley, 721 F. Supp. 2d 538 (E.D. Tex. 2010); Clear With Computers, LLC v. Bergdorf Goodman, Inc., 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010). Additionally, the plaintiff must identify the material or component that is sold by the defendant for use in a patented process or system and plead sufficient facts from which the Court may infer that the material or components have no substantial non-infringing uses.

Here, however, Plaintiff does not identify which patent claims are supposedly infringed indirectly; instead, Plaintiff alleges that "Defendant has infringed and continues to infringe on one or more claims of the '175 Patent – directly, contributorily, or by inducement," which is insufficient. *See* Complaint, Docket Entry No. 1, ¶35. Plaintiff also does not identify any methods or systems that supposedly infringe; instead, Plaintiff simply alleges in para. 36 of the complaint that the defendants make, use, sell and import their accused products "for use in [unidentified] *systems* that fall within the scope of one or more claims" of the patents-in-suit, which is insufficient.

Plaintiff also does not identify any materials or components of any accused products that supposedly infringe, and does not plead any facts to support an inference that such materials or components have no substantial non-infringing uses; instead, Plaintiff summarily alleges in para.

2

36 of the complaint that the accused products themselves "have no substantial non-infringing uses and are for use in systems that infringe" the patents-in-suit, which is insufficient.

Finally, Plaintiff does not identify any direct infringers to whose infringement Cognitec supposedly contributes; instead, again in para. 36 of the complaint, Plaintiff generically identifies the supposed direct infringers as the "end users" of the accused products, which is insufficient. In short, Plaintiff's conclusory allegations of indirect infringement are insufficient and should be dismissed.

Likewise, Plaintiff's willful infringement allegations are also defective. To state a claim for willful infringement, a plaintiff must plead facts showing (1) there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent; and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk. The plaintiff must plead sufficient facts to show a good faith basis for alleging willful infringement.

Here, however, Plaintiff pleads no facts to support any claim for willful infringement. To the contrary, Plaintiff simply provides allegations in para. 38 of the complaint (on information and belief), that defendants have acted " [their] actions constituted infringement of a valid patent" and "knew or should have known of that objectively high risk," without any supporting facts. *See* Docket Entry No. 1, ¶ 38. Such formulaic recitations of the elements of willful infringement without any supporting facts, however, are defective and should be dismissed.

## II.  FACTUAL BACKGROUND.

Plaintiff has filed a huge number of lawsuits accusing unrelated defendants, who offer unrelated and wide-ranging products, of infringing four patents essentially directed to methods

and systems for creating and analyzing abstracts of query signals. Plaintiff's indirect infringement and willful infringement allegations against each defendant are virtually identical. Representative allegations of indirect and willful infringement against each defendant are as follows:

> 36. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products *for use in systems* that fall within the scope of one or more claims of the '175 Patent. Such products include, without limitation, one or more of the Accused Products. ***Such products have no substantial non-infringing uses and are for use in systems that infringe*** the '175 Patent. By making, using, importing, offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. §271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the ***end users*** of the Accused Products. Defendant had knowledge of the '175 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or is liable as [a] contributory infringer of one or more claims of the '175 Patent under 35 U.S.C. §271.
>
> 38. *On information and belief*, Defendant has continued to infringe the '175 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit. ***On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk.*** Accordingly, Blue Spike seeks a willfulness finding against Defendant relative to its infringement of the '175 Patent entitling Blue Spike to increased damages under 35 U.S.C. §284 as well as attorneys' fees and costs under 35 U.S.C. §285.

*See* Complaint, Docket Entry No. 1 (emphasis added).

### III. <u>LEGAL STANDARDS.</u>

Regional circuit law applies to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). <u>McZeal v. Sprint Nextel Corp.</u>, 501 F.3d 1354, 1355-56 (Fed. Cir.

2007). While a complaint must generally be viewed in the light most favorable to the plaintiff, pleadings "containing no more than conclusions [ ] are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Further, while a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations, a plaintiff must plead sufficient factual allegations to show it is "plausibly entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (*citing* Twombly, 550 U.S. at 555). Unless the plaintiff has pleaded "enough facts to state a claim for relief that is plausible on its face," and thereby "nudged its claims . . . across the line from conceivable to plausible," the complaint "must be dismissed." Twombly, 550 U.S. at 570. A claim has factual plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (*citing* Twombly, 550 U.S. at 556).

### IV.     ARGUMENT.

#### A.     Plaintiff's Indirect Infringement Allegations are Deficient.

To state a claim for contributory infringement, a plaintiff must "affirmatively identify which claims are indirectly infringed, identify which methods or systems indirectly infringe, and identify a direct infringer in reference to [ ] indirect infringement claims." Realtime Data, LLC v. Stanley, 721 F.Supp. 2d 538, 544 (E.D. Tex. 2010) (*citing* Clear With Computers, LLC v. Bergdorf Goodman, Inc., 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010) (internal quotations omitted)). Importantly, a plaintiff's generic identification of a defendant's "customers" as the alleged direct infringers is not sufficient. Landmark Technology LLC v. Aeropostale, 2010 WL 5174954, at *3-4 (E.D. Tex. Mar. 29, 2010) (Davis, J.). *Cf*. PA Advisors,

5

LLC v. Google Inc., 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) (a plaintiff's identification of "users" as the direct infringers "is not sufficient"). Further, the plaintiff must identify the "material or apparatus for use in practicing [the] patented process" that is sold by the defendant, and plead facts "that allow an inference that [these] components . . . have no substantial non-infringing uses." InMotion Imagery Technologies v. Brain Damage Films, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012).

> Here, Plaintiff's indirect infringement allegations are as follows:
>
> 36.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in *systems* that fall within the scope of one or more claims of the '175 Patent. Such products include, without limitation, one or more of the Accused Products. ***Such products have no substantial non-infringing uses and are for use in systems that infringe*** the '175 Patent. By making, using, importing, offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. §271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the ***end users*** of the Accused Products. Defendant had knowledge of the '175 Patent at least as early as the service of this Complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or is liable as [a] contributory infringer of one or more claims of the '175 Patent under 35 U.S.C. §271.

Docket Entry No. 1 (emphasis added).

Plaintiff does not identify which patent claims are supposedly infringed indirectly, which is insufficient (and therefore fatal to Plaintiff's claims). Realtime Data, 721 F.Supp.2d at 544; Clear With Computers, 2010 WL 3155888, at *4. Plaintiff also does not identify what specific methods or systems supposedly indirectly infringe; instead, Plaintiff simply refers generically to "systems," which is again insufficient. Realtime Data, 721 F.Supp.2d at 544; Clear With Computers, 2010 WL 3155888, at *4. Plaintiff also does not identify the

supposed direct infringers; instead, the complaint generically identifies the direct infringers as unspecified "end users," which is improper and insufficient.  Landmark Tech., 2010 WL 5174954, at *3-4; PA Advisors, 2008 WL 4136426, at*8.

In addition, Plaintiff does not identify any components in any of the accused products, and the complaint "is devoid of any allegation from which the Court can plausibly infer that any components being sold have 'no substantial non-infringing uses.'"  Patent Harbor, LLC v. DreamWorks Animation SKG, Inc., *et al.*, Case No. 6:11-cv-229-LED-JDL, D.E. No. 486 (E.D. Tex. Jul. 27, 2012) [Report and Recommendation of United States Magistrate Judge at 11].  Instead, Plaintiff suggests that the accused products themselves "have no substantial non-infringing uses and are for use in [unidentified] systems that infringe" the patents-in-suit, with no supporting facts.  Docket Entry No. 1, ¶ 36.  Such conclusory allegations of indirect infringement are insufficient. *Id*.; Iqbal, 129 S. Ct. at 1949 (a complaint that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (*citing* Twombly, 550 U.S. at 555).

In light of the foregoing, and taken as a whole, Plaintiff's indirect infringement allegations are defective and should be dismissed in their entirety.  Realtime Data, 721 F. Supp. 2d at 544; Clear With Computers, 2010 WL 3155888, at *4; Landmark Tech., 2010 WL 5174954, at *3-4.

    **B.**    **Plaintiff's Willful Infringement Allegations Should be Dismissed.**

Plaintiff's willful infringement allegations are similarly deficient.  To establish a claim for willful infringement, a plaintiff must plead facts showing (1) there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent; and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement

7

was so obvious, the defendant should have known of the risk. InMotion Imagery, 2012 WL3283371, at *4 (*citing* In re Seagate Technology, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007)). As the Federal Circuit has held, a willfulness finding "***must necessarily be grounded exclusively in the accused infringer's pre-filing conduct***." Seagate, 497 F.3d at 1371 (emphasis added). This Court has high expectations of a plaintiff's preparedness before bringing suit. Am. Video Graphics, L.P. v. Elec. Arts, Inc., 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). Therefore, when a complaint is filed, the plaintiff "must establish a good faith basis for alleging willful infringement." Seagate, 497 F.3d at 1374.

Here, however, Plaintiff pleads no facts whatsoever to support any claim for willful infringement. To the contrary, Plaintiff makes conclusory allegations on "information and belief" that defendants have acted "despite an objectively high likelihood that [their] actions constituted infringement of a valid patent" and "knew or should have known of that objectively high risk," without any supporting facts. Docket Entry No. 1, ¶ 38. Such formulaic recitations of the elements of willful infringement are defective and should be dismissed. InMotion Imagery, 2012 WL3283371, at *4; Realtime Data, 721 F. Supp. 2d at 545. *Cf.* Wordcheck Tech, LLC v. Alt-N Technologies, Ltd., *et al.*, Case No. 6:10-cv-457-LED, D.E. No. 537 at 1 (E.D. Tex. Aug. 23,2011) [Order Granting In Part and Denying In Part Motion to Dismiss] ("Wordcheck's willful infringement claims fail to satisfy Rule 8's pleading requirements, and the Court grants the motion in part as to those claims.").

**V.     CONCLUSION.**

The case law is clear that conclusory allegations, without specificity or facts, are insufficient for claims of indirect and willful patent infringement. The plaintiff in this case has sued a huge number of defendants, making only such high level, conclusory allegations, without

8

basis, supporting facts, identification of claims, identification of customers, and without any evidence whatsoever. This Court has already granted similar motions on behalf of other defendants. *See, e.g.*, Docket Entry No. 1006. For these reasons, Plaintiff's allegations of contributory patent infringement and willful infringement against Cognitec Systems Corporation and Cognitec Systems GmbH should likewise be dismissed.

A proposed Order is attached hereto.

Respectfully submitted,

/s/ Dwayne K. Goetzel
Texas State Bar No. 08059500
Eric B. Meyertons
Texas State Bar No. 14004400
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 South Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR COGNITEC SYSTEMS CORP. AND COGNITEC SYSTEMS GMBH**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 21st day of November 2013.

*/s/Dwayne K. Goetzel*
Dwayne K. Goetzel

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), a meet and confer was not a required prerequisite to this Motion.

*/s/Dwayne K. Goetzel*
Dwayne K. Goetzel