IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, § § § *Plaintiff*, § § v. § § TEXAS INSTRUMENTS, INC., *et al.*, § § *Defendants*. § § | Civil Action No. 12-CV-499-MHS CONSOLIDATED CASE JURY TRIAL DEMANDED |

**PLAINTIFF'S SURREPLY TO DEFENDANT SOUNDMOUSE'S MOTION TO DISMISS [DKT. 1111]**

Blue Spike, LLC's First Amended complaint sufficiently pleads willful and indirect infringement. Defendant Soundmouse Ltd.'s ("Soundmouse" or "Defendant") reply asserts an incorrect pleading standard, misstates the facts, and fails to fully address the operative pleadings. Accordingly, Defendant's motion to dismiss should be denied.

**I.  Blue Spike's First Amended Complaint is the Operative Pleading on which the Court Should Rule.**

In filing its Amended Complaint, Blue Spike followed both the Federal Rules of Civil Procedure and the Court's plain instructions designed to minimize unnecessary motion practice and judicial waste. *See* FRCP 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)."); *see also* Ex. 1 (Judge Schneider's Model Scheduling and Discovery Order at ¶2, noting that a party need not request leave to file an amended complaint unless infringement or invalidity contentions are affected or a patent has been added). Plaintiff Blue Spike filed its First Amended Complaint less than 21 days after Defendant filed its 12(b)(6) motion. *See* Dkt. 1111 (Defendant Soundmouse's 12(b)(6) motion filed on

November 20, 2013); Dkt. 1116 (Plaintiff Blue Spike's First Amended Complaint filed on December 9, 2013, 19 days after service of Defendant's 12(b)(6) motion). Blue Spike therefore satisfies the 21-day deadline prescribed in Federal Rules of Civil Procedure section 15(a)(1)(B). Additionally, Blue Spike's First Amended Complaint did not seek to add a new patent, and the case has not even progressed to the point that infringement or invalidity contentions have been exchanged. Thus, Blue Spike was under no obligation to meet and confer with Defendant. *See* Ex. 1 ¶2.

Blue Spike's First Amended Complaint renders Defendant's 12(b)(6) motion moot. However, Defendant maintains that its motion is not moot and that the First Amended Complaint is still deficient. *See* Dkt. 1123 at 2. Accordingly, Blue Spike requests that the Court rule on Defendant's Motion as applied to the First Amended Complaint in order to conserve resources. *See Lochner Technologies, LLC, v. AT Labs Inc., et al.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *9-10 (E.D. Tex. July 5, 2012). In *Lochner,* the defendants insisted that their 12(b)(6) motion was not made moot by plaintiff's subsequently filed amended complaint. *See id*. Faced with facts materially identical to those here, Judge Rodney Gilstrap took the motion and the Amended complaint under consideration and denied Defendant's motion on the merits. *See id*. Along with Defendant Soundmouse, Blue Spike requests that the Court rule on Defendant's 12(b)(6) motion on the merits and as applied to the operative pleadings—the First Amended Complaint.

## II. Blue Spike Has Adequately Pleaded Willful Infringement, and Soundmouse Has Misrepresented the Law and the Facts.

Soundmouse applies too high a standard at the pleading stage of litigation. It is not in the pleading stage that Blue Spike must "plead *and* prove" by "clear and

convincing evidence" the elements of willful infringement. *Contra* Dkt. 1123 at 2-3 (*quoting In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)) (emphasis added). On the contrary, "a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Contrary to Soundmouse's assertions, the First Amended Complaint meets the willfulness standard because it contains factual allegations of pre-suit knowledge. *Contra* Dkt. 1123 at 3.

In particular, Blue Spike alleges that Soundmouse had knowledge of the patents-in-suit due to the patents' prominence. *See* Dkt. 1116, at ¶¶ 37(a), 45(a), 53(a), 61(a). This alone is sufficient to meet the willfulness pleading standard and survive a motion to dismiss. *See NovelPoint Sec. LLC v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-100, Dkt. 126, at 3 (E.D. Tex. July 22, 2013) (attached as Ex. 2) (denying a motion to dismiss because the complaint pleaded the prominence of the patents). But Blue Spike has gone further than pleading prominence by alleging that Soundmouse's parent company—Adelphoi, Ltd., and by extension Soundmouse—had specific knowledge of the patents-in-suit; Adelphoi's patent forward cites *all four* of the patents-in-suit. *See* Dkt. 1116, at ¶¶ 37(b), 45(b), 53(b), 61(b); *see also* Ex. 3 at 2 (listing Adelphoi's forward citations).

In its reply, Soundmouse emphatically asserts that "Adelphoi, Ltd. is **not** the parent company for Soundmouse." Dtk. 1123 at 4 (emphasis in original). However, Defendant's corporate disclosure directly contradicts this assertion, declaring: "Soundmouse, Ltd. states that its parent company is Adelphoi Ltd…" *See* Dkt. 1102.

3

Soundmouse has misled this Court regarding its connection to Adelphoi, Ltd., and this blatant contradiction renders its assertions unreliable. However, other evidence indicates that Soundmouse and Adelphoi are closely related: Soundmouse and Adelphoi share an address, and the two companies share at least two corporate officers. *Compare* Ex. 4 *with* Ex. 5. Further, the two listed inventors on the Adelphoi patent are corporate officers of Soundmouse. *Compare* Ex. 3 at 1 *with* Ex. 4. And it is not just "certain attorneys for Adelphoi" (*contra* Dkt. 1123 at 4) that knew of the patents-in-suit; the law firm that prosecuted Adelphoi Ltd.'s patent is the same law firm that is now representing Soundmouse in this action. *See* Ex. 6 (showing confirmation receipt for patent application 12/899,971—Adelphoi's patent—and listing B. Noel Kivlin as the filer); Ex. 7 (listing B. Noel Kivlin as an attorney with Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C.); Ex. 8 at 5 (identifying attorneys from Meyertons, Hood, Kivlin, Kowert & Goetzel as Soundmouse's counsel). Soundmouse had knowledge of the patents-in-suit prior to Blue Spike's filing. Blue Spike's First Amended Complaint adequately pleads facts to support denying Soundmouse's motion to dismiss.

### III. Blue Spike Has Adequately Pleaded Indirect Infringement[1]

Again, Soundmouse misstates the pleading standard in its original motion to dismiss and reasserted in its Reply. First, Blue Spike's complaint does not need to identify which claims are infringed. *See In re Bill of Lading*, 681 F.3d at 1335 (to survive dismissal, "a plaintiff need not even identify which claims it asserts are being infringed"). Second, while Soundmouse states that Blue Spike must do more than generically identify

---

[1] Defendant in its motion asserts that Plaintiff has failed to adequately plead indirect infringement and specifically argues about Plaintiff's claims for contributory infringement. *See* Dkt 1111 at 5-7. Accordingly, Blue Spike will address its contributory infringement pleadings.

4

"customers" as alleged direct infringers (Dkt. 1111 at 5), this Court has made clear that "generically identif[ying] direct infringers as the 'end users'" is "sufficient to survive a Motion to Dismiss" in the Eastern District. *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-319-JRG, 2012 WL 4033322, at *3 (E.D. Tex. Sept. 12, 2012); *see also Lochner Techs, LLC*, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012) (holding that alleging "direct infringers as 'end users of the above-referenced products' . . . is sufficient to survive a motion to dismiss indirect infringement claims under Rule 12(b)(6)"); Dkt. 1116, at ¶¶ 35, 43, 51, 59.

The actual standard for alleging contributory infringement is straightforward. Blue Spike must (1) identify which methods or systems infringe, (2) identify the material or apparatus for use in practicing the patented process, and (3) plead facts that allow an inference that the material or apparatus has no substantial non-infringing use. *See In re Bill of Lading*, 681 F.3d at 1337. Blue Spike meets this standard. First, Blue Spike described infringing methods and systems, including those that relate to "signal abstracting" of "digital information and material" (*see* Dkt. 1116 at ¶¶ 22, 23). Second, Blue Spike specified the material or apparatus as "Defendant's Music & Audio Recognition software" (*see id*. at ¶27). Third, Blue Spike explained that the accused products—audio recognition tools—by their nature can have no other substantial non-infringing use. *See* Dkt. 1116 at ¶¶ 35, 43, 51, 59.

Blue Spike adequately pleaded indirect infringement. Soundmouse's arguments to the contrary misapply this Court's precedent. *See, e.g., Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. 209-cv-148-TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010) ("It is in the discovery phase of litigation, not pleading, that the parties are

required to conscientiously develop facts that support the various theories of infringement.").

## Conclusion

Blue Spike respectfully requests that the Court deny Defendant's motion on the merits.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
**GARTEISER HONEA, PLLC**
218 N. College Ave.
Tyler, Texas 75702
Telephone: (903) 705-0828
Facsimile: (903) 526-5477

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, PLLC**
44 North San Pedro Road
San Rafael, California 94903
Telephone: (415) 785-3762
Facsimile: (415) 785-3805

*Counsel for Blue Spike LLC*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                                 /s/ Randall T. Garteiser
                                                                 Randall T. Garteiser