# Exhibit 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:12-cv-499 |
| **Texas Instruments, Inc.** | § § | |
| Defendant | § | |

-------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:12-cv-00598 |
| **Soundmouse, Ltd.** | § § | |
| Defendant. | § | |

**SOUNDMOUSE, LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT CLAIMS FED. R. CIV. P. 12(B)(6) (DOCKET #1111) AND RESPONSE TO PLAINTIFF'S NOTICE OF MOOTNESS**

Defendant Soundmouse, Ltd. ("Soundmouse") filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the allegations of indirect infringement and willful infringement made by Plaintiff Blue Spike, LLC ("Blue Spike") in its *Complaint* (docket no. 1111). Instead of filing a traditional response to the motion, Blue Spike filed a *First Amended Complaint* (docket no. 1116) and provided the Court with a *Notice of Mootness* regarding the pending motion (docket no. 1117). Soundmouse considers the *Notice of Mootness* to be Blue Spike's "response" to the pending motion, and therefore files this reply in support of the pending motion and in opposition to the notice.

1

Blue Spike's *First Amended Complaint* does not render the pending motion moot. Counsel for Blue Spike never conferred with counsel for Soundmouse, and there is no agreement that the pending motion is moot. The *Notice of Mootness* was unilaterally filed by Blue Spike without conference.

With respect to the merits of the *Notice of Mootness*, Soundmouse disagrees that the *First Amended Complaint* addresses the issues raised in the pending motion. As merely an example, the *First Amended Complaint* still fails to properly plead willful patent infringement. The *First Amended Complaint* added the following allegations to the original *Complaint* to attempt to plead willfulness:

> On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patents-in-Suit, including but not limited to at least one or more of the following:
>
> a. The Patents-in-Suit are prominent, pioneering patents in the field of monitoring and analyzing signals. This is evidenced, in part, by the extent to which each of these patents has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The Patents-in-Suit have been forward-cited in at least 50 U.S.-issued patents and patent applications, including patents originally assigned to such prominent companies as Microsoft, Agilent, Nvidia, and Avaya.
>
> b. Defendant Soundmouse's parent company—Adelphoi, Ltd.— forwarded cited the '494 patent and on information and belief Adelphoi and Soundmouse had knowledge of the '494 patent at least as early as December 22, 2009.
>
> c. Through the filing and known attempted service of the original Complaint in this lawsuit in September 2012.
>
> d. Through Soundmouse's litigation conduct by not filing a corporate disclosure statement (Dkt 1102) until Blue Spike notified the parties that Soundmouse had not done so in an effort to conceal its knowledge of the patents-in-suit via its parent company.

*See* docket no. 1116, ¶ 45. Similar allegations were made for the other patents in suit. *See* docket no. 1116, ¶ 37, 53, 61. These allegations, **even if true**, do not establish willfulness.

2

"In order to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objective likelihood that its actions constituted infringement of a valid patent." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). This standard requires the plaintiff to plead and prove two things. First, "[i]nfringement is willful when the infringer was aware of the asserted patent, but nonetheless 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.' " Id. Second, "[a]fter satisfying this objective prong, the patentee must also show that the infringer knew or should have known of this objectively high risk." Id.

Thus, "[t]o willfully infringe a *patent*, the patent must exist, and one must have **knowledge** of it." State Indus., Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 (Fed. Cir. 1986) (emphasis added). "Hence a party cannot be found to have 'willfully' infringed a patent of which the party had **no knowledge**. Nor is there a universal rule that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of a suit." Gustafson, Inc. v. Intersystems Indus. Prods., Inc., 897 F.2d 508, 511 (Fed. Cir. 1990) (emphasis added). Rather, "[i]nfringement is willful when the infringer was **aware of the asserted patent**, but nonetheless acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." i4i Ltd P'ship v Microsoft Corp., 598 F.3d 831, 861 (Fed. Cir. 2010) (emphasis added).

There are simply no allegations in the *First Amended Complaint* that the named defendant Soundmouse had any pre-filing knowledge of the asserted patents. For instance, Blue Spike's first allegation is that its patent in suit is allegedly "pioneering" and has been cited by many large companies during prosecution of patents. *See* docket no. 1116, ¶ 45(a). Even if

3

true, this does not even remotely prove that Soundmouse had any knowledge of the asserted patents.

Next, Blue Spike pleads that Soundmouse's alleged parent company had knowledge of the patents in suit. *See* docket no. 1116, ¶ 45(b). First, Adelphoi, Ltd. is **not** the parent company for Soundmouse. Adelphoi is a publicly held corporation which owns 10% or more of Soundmouse's stock. Thus, Blue Spike's statement is false. However, even if true, the statement does not plead that *Soundmouse* had any knowledge of the patent pre-suit. It only establishes that certain attorneys for Adelphoi, a completely separate company, had knowledge of the patents in suit.

Blue Spike then alleges that the filing of the suit provided the requisite knowledge of the patents in suit and thus establishes a claim for willfulness. *See* docket no. 1116, ¶ 45(c). This Court has held that a party cannot sufficiently plead willfulness by alleging that knowledge was obtained by a party through the filing of a suit. *See* Touchscreen Gestures LLC v. Research in Motion Ltd., Case No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *6 (E.D. Tex. Mar. 27, 2013). Therefore, this plead allegation is also insufficient.

Finally, Blue Spike attempts to manufacture a conspiracy theory by falsely alleging that Soundmouse attempted to conceal its relationship with Adelphoi from the Court by not filing its corporate disclosure statement, and that this somehow establishes willfulness. *See* docket no. 1116, ¶ 45(d). First, this allegation is completely false. Counsel for Soundmouse mistakenly believed that the corporate disclosure statement had been filed. Regardless, none of the information provided in the corporate disclosure statement demonstrates any knowledge by Soundmouse of any of the asserted patents prior to this suit being filed. Thus, this allegation is also insufficient to properly plead willfulness.

The simple truth of the matter is that Soundmouse had no knowledge of the patents in suit prior to Blue Spike filing this action. There is simply no basis for Blue Spike to allege any claims of willfulness in this case. Not content with this, Blue Spike has amended its *Complaint* to make allegations which, even if true, do not support a claim for willfulness.

In conclusion, the issues raised in the pending motion for both willfulness and indirect infringement are not moot. The example above demonstrates this fact. Additionally, Blue Spike has waived any right to respond to the motion because it failed to file a response and instead simply provided a notice. For the reasons stated herein, Soundmouse respectfully requests that the Court still consider the pending motion and grant the requested relief therein.

Respectfully submitted,


/s/ Ryan T. Beard_____
Eric B. Meyertons
  Texas State Bar No. 14004400
  emeyertons@intprop.com
Ryan T. Beard
  Texas State Bar No. 24012264
  rbeard@intprop.com

MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 South Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR SOUNDMOUSE, LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 23rd day of December 2013.

/s/Ryan T. Beard
Ryan T. Beard