IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 12-CV-499-MHS |
| v. | § § | CONSOLIDATED CASE |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § § | |

**PLAINTIFF'S SURREPLY TO DEFENDANT COGNITEC'S MOTION TO DISMISS [DKT. 1112]**

Blue Spike, LLC's First Amended complaint sufficiently pleads willful and indirect infringement. Defendant Cognitec Systems Corp. and Cognitec Systems GmbH's ("Cognitec" or "Defendant") reply asserts an incorrect pleading standard and fails to fully address the operative pleadings. Accordingly, Defendant's motion to dismiss should be denied.

**I.    Blue Spike's First Amended Complaint is the Operative Pleading on which the Court Should Rule.**

In filing its Amended Complaint, Blue Spike followed both the Federal Rules of Civil Procedure and the Court's plain instructions designed to minimize unnecessary motion practice and judicial waste. *See* FRCP 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)."); *see also* Ex. 1 (Judge Schneider's Model Scheduling and Discovery Order at ¶2, noting that a party need not request leave to file an amended complaint unless infringement or invalidity contentions are affected or a patent has been added). Plaintiff Blue Spike filed its First Amended Complaint less than 21 days after Defendant filed its

1

12(b)(6) motion. *See* Dkt. 1112 (Defendant Cognitec's 12(b)(6) motion filed on November 20, 2013); *see also* Dkt. 1115 (Plaintiff Blue Spike's First Amended Complaint filed on December 9, 2013, 19 days after service of Defendant's 12(b)(6) motion). Blue Spike therefore satisfies the 21-day deadline prescribed in Federal Rules of Civil Procedure section 15(a)(1)(B). Additionally, Blue Spike's First Amended Complaint did not seek to add a new patent, and the case has not even progressed to the point that infringement or invalidity contentions have been exchanged. Thus, Blue Spike was under no obligation to meet and confer with Defendant. *See* Ex. 1 at ¶2.

Blue Spike's First Amended Complaint renders Defendant's 12(b)(6) motion moot. However, Defendant maintains that its motion is not moot and that the First Amended Complaint is still deficient. *See* Dkt. 1124 at 2. Accordingly, Blue Spike requests that the Court rule on Defendant's Motion as applied to the First Amended Complaint in order to conserve resources. *See Lochner Technologies, LLC, v. AT Labs Inc., et al.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *9-10 (E.D. Tex. July 5, 2012). In *Lochner,* the defendants insisted that their 12(b)(6) motion was not made moot by plaintiff's subsequently filed amended complaint. *See id*. Faced with facts materially identical to those here, Judge Rodney Gilstrap took the motion and the Amended complaint under consideration and denied Defendant's motion on the merits. *See id*. Along with Defendant Cognitec, Blue Spike requests that the Court rule on Defendant's 12(b)(6) motion on the merits and as applied to the operative pleadings—the First Amended Complaint.

**II. Blue Spike Has Adequately Pleaded Willful Infringement and Cognitec Has Misrepresented the Law**.

Cognitec applies too high a standard at the pleading stage of litigation. It is not in

the pleading stage that Blue Spike must "plead *and* prove" by "clear and convincing evidence" the elements of willful infringement. *Contra* Dkt. 1124 at 2-3 (*quoting In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)) (emphasis added). On the contrary, "a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Contrary to Cognitec's assertions, the First Amended Complaint contains factual allegations of pre-suit knowledge meeting the willfulness standard. *Contra* Dkt. 1124 at 3.

Blue Spike first alleges that Cognitec had knowledge of the patents-in-suit due to the patents' prominence. *See* Dtk. 1115, at ¶¶ 38(a), 46(a), 54(a), 62(a). This alone is sufficient to meet the willfulness pleading standard and survive a motion to dismiss. *See NovelPoint Sec. LLC v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-100, Dkt. 126, at 3 (E.D. Tex. July 22, 2013) (attached as Ex. 2) (denying a motion to dismiss on the grounds that the plaintiff's pleadings plausibly stated a claim for relief when the plaintiff pleaded the prominence of the patents). Defendant provides no evidence or case law to contradict that evidence, only the bald assertion that the evidence does not "prove that Cognitec had any knowledge of the asserted patents." *See* Dkt. 1124 at 3. But at this stage Blue Spike does not need to "prove" that Cognitec had the requisite knowledge; Blue Spike only needs to assert facts that when assumed as true raise a "right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d at 401. Blue Spike has asserted facts that meet this standard.

Separately, Blue Spike alleges that its original complaint, filed in February 2013, put Cognitec on notice that it was infringing. This, too, is a legitimate basis for alleging willful infringement. *See Clouding IP, LLC v. Amazon.com, Inc.*, No. CA 12-641-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) (agreeing with plaintiff that "the time between the filing of the original complaint and the filing of the amended complaint should be deemed 'pre-filing' conduct . . . because Defendants did not cease their allegedly infringing activity following filing of the original complaints, their continued infringement[,] *after* the filing of the original complaint but before the filing of the amended complaint[,] is willful"). On these grounds alone, Blue Spike's willfulness allegations are sufficient.

As the Court recently held, willful-infringement claims will survive a motion to dismiss as long as the plaintiff has pleaded (1) "when Movants received notice of the patent-in-suit" and (2) "that their continued alleged infringement is objectively reckless." *Wordcheck Tech, LLC v. ALT-N Techs., Ltd.*, No. 6-10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012). Blue Spike met this requirement by pleading both.

### III.  Blue Spike Has Adequately Pleaded Indirect Infringement[1]

Cognitec fails to address in any way the operative pleadings—the First Amended Complaint—as they relate to contributory infringement. Even when considered, Blue Spike has adequately pleaded contributory infringement. The standard for alleging contributory infringement is straightforward. Blue Spike must (1) identify which methods or systems infringe, (2) identify the material or apparatus for use in practicing the

---

[1] Defendant in its motion asserts that Plaintiff has failed to adequately plead indirect infringement and specifically argues about Plaintiff's claims for contributory infringement. *See* Dkt 1112 at 5-7. Accordingly, Blue Spike will address its contributory infringement pleadings.

4

patented process, and (3) plead facts that allow an inference that the material or apparatus has no substantial non-infringing use. *See In re Bill of Lading*, 681 F.3d at 1337. Blue Spike has sufficiently met that standard by describing and detailing which methods and systems infringe (*see* Dkt. 1115, at ¶¶ 28, 36, 44, 51, 60) and specifying the material or apparatus for use (*see id*. at ¶28). Moreover, there is sufficient evidence that these products—including Defendant's facial recognition software—have no other substantial non-infringing use other than abstracting and identifying individuals. *See* Dkt. 1115, at ¶¶ 36, 44, 52, 60.

Cognitec states that Blue Spike must do more than generically identify "customers" as alleged direct infringers (Dkt. 1112, at 5). However, Blue Spike's First Amended Complaint specifically identifies 9 direct infringers. Dkt. 1115, at ¶¶ 36, 44, 52, 60. Second, Cognitec states that Blue Spike "does not identify what specific methods or systems supposedly indirectly infringe," only referring generically to "systems." *See* Dkt. 1112 at 6. However, Blue Spike's First Amended Complaint specifically identifies the Accused Products, how those products potentially infringe, and how the direct infringers incorporate Defendants' components and products into their own products. *See* Dkt. 1115, at ¶¶ 36, 44, 52, 60. And contrary to Defendant's assertions, Blue Spike's complaint does not need to identify which claims are infringed. *See In re Bill of Lading*, 681 F.3d at 1335 (to survive dismissal, "a plaintiff need not even identify which claims it asserts are being infringed"). Blue Spike has adequately pleaded indirect infringement.

**Conclusion**

Blue Spike respectfully requests that the Court deny Defendant's motion on the merits.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
**GARTEISER HONEA, PLLC**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-0828
Facsimile:  (903) 526-5477

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, PLLC**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

*Counsel for Blue Spike LLC*

6

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                /s/ Randall T. Garteiser
                                                Randall T. Garteiser