# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 6:12-CV-499 LED |
| v. | § § | |
| TEXAS INSTRUMENTS, INC., | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |
| BLUE SPIKE, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:13-CV-00040 MHS |
| v. | § § | |
| AOPTIX TECHNOLOGIES, INC. | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

**DECLARATION OF THOMAS RAINWATER IN SUPPORT OF DEFENDANT AOPTIX TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

I, Thomas Rainwater, state and declare as follows:

1. I am Contracts Manager at AOptix Technologies, Inc. ("AOptix") and provide this declaration in support of Defendant AOptix's Conditional Motion to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a). I make this declaration based upon personal knowledge and investigation into the witnesses and evidence related to the systems Blue Spike LLC ("Blue Spike") appears to be accusing of infringement in its Complaint.

2. Blue Spike contends that AOptix's "Stratus MX, Stratus App, Stratus SDK, InSight Duo, InSight ESS, InSight VM, and Dash Six Iris Recognition Enterprise SDK" (collectively, the "Accused Products") infringe four patents identified in the Supplemental Complaint. (Dkt. No. 944.)

3. AOptix was incorporated in the year 2000 and has had its headquarters in California since 2002. AOptix has been at its present location in Campbell California since March 2005. AOptix's headquarters in Campbell, serves as its strategic and operational center.

4. All of AOptix's employees in the United States work out of AOptix's Campbell office. All of AOptix's research and development efforts concerning the Accused Systems are conducted out of AOptix's headquarters, and all employees working on research and development have worked from AOptix's headquarters.

5. In addition to its office in California, AOptix previously employed a sales person in Washington, D.C. That employee has left AOptix and any AOptix materials he may have had in his possession have been returned to AOptix's Campbell offices or destroyed.

6. Malcolm Northcott, Chief Technology Officer, has responsibility for development, operations, technology and technological applications regarding the Accused Systems and thus may possess knowledge relevant to the development, operations, technology and technological applications of the Accused Systems. Mr. Northcott works in AOptix's Campbell office.

7. In addition, Pamela Bogart, Director of Business Systems, has responsibility

2

relevant to AOptix's sales in the United States and thus may possess knowledge relevant to the sales of AOptix's Accused Systems. Ms. Bogart works in AOptix's Campbell office.

8. I, as AOptix's Contracts Manager, have responsibility relevant to AOptix's Sales and Contracts in the United States and thus may possess knowledge relevant to the Sales and Contracts of AOptix's Accused Systems. I work in AOptix's Campbell office.

9. Joseph Pritikin, Director of Product Marketing, has responsibility relevant to marketing and competition regarding the Accused Systems and thus may possess knowledge relevant to the marketing and competition of the Accused Systems. Mr. Pritikin works in AOptix's Campbell office.

10. All documents and evidence, including both physical and electronic files (including source code repositories), regarding the operation of the Accused Systems reside in Campbell, California.

11. AOptix's sales and marketing teams, as well as all documents relating to sales and marketing, reside in Campbell, California.

12. None of AOptix's evidence relating to the Accused Systems resides in Texas. AOptix does not maintain an office in the Eastern District of Texas, or anywhere in Texas.

13. Particularly given the location of AOptix's evidence and witnesses concerning the Accused Systems, the United States District Court for the Northern District of California is a much more convenient and accessible forum than the Eastern District of Texas Court for AOptix and its witnesses. The need for multiple critical AOptix employees to travel to this District to testify would cause a substantial disruption to AOptix's business.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Campbell, California this 5th day of February, 2014

_____
Thomas Rainwater

3