IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:12-cv-00499-MHS |
| TEXAS INSTRUMENTS, INC. ET AL., | § § | Lead Case |
| Defendants. | § § § § | |

**DEFENDANT ENSEQUENCE, INC.'S MOTION FOR A STAY OF DISCOVERY**

Defendant Ensequence, Inc. ("Ensequence") makes a limited appearance in this matter for the purpose of requesting a stay of discovery, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.[1] On September 27, 2013, this Court dismissed Blue Spike, LLC's ("Blue Spike") claims against Ensequence for lack of personal jurisdiction based on Ensequence's motion to dismiss filed on October 22, 2012, and denied Blue Spike's motion for jurisdictional discovery. *See* Dkt. No. 1004 (the "Dismissal Order"). Blue Spike then filed a motion for reconsideration of the Dismissal Order (Dkt. No. 1028), which was fully briefed as of October 25, 2013. Ensequence is the only defendant in this multi-defendant case in this procedural position. Despite the dismissal of its claims against Ensequence and the denial of jurisdictional discovery, Blue Spike has indicated that it intends to move forward with merits discovery of Ensequence as if Ensequence were a party to this consolidated matter on the same

---

[1] By this appearance, Ensequence does not waive its position that this Court lacks personal jurisdiction over Ensequence or any other defense in this matter.

schedule as the other defendants. Ensequence respectfully requests a stay of discovery until this Court resolves the pending motion for reconsideration of the Dismissal Order.

Under Rule 26(c), a court may stay discovery for "'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita v. U.S.*, 416 Fed. App. 400, 2011 WL 721515, at *2 (5th Cir. Mar. 2, 2011) (affirming district court's stay of discovery because it would not aid in the resolution of a dispositive motion). Here, any discovery of Ensequence will place undue burden and expense on it. Ensequence has already been dismissed from this matter by this Court due to lack of personal jurisdiction. Furthermore, the Court denied Blue Spike's motion for jurisdictional discovery, holding that Blue Spike "had not made the necessary showing to warrant jurisdictional discovery." Dismissal Order at 7. It logically follows from this denial of jurisdictional discovery that other discovery should also be denied until this Court makes a decision on the pending motion for reconsideration.

While Blue Spike may argue that a stay of discovery is not warranted because of issues of efficient case management, any issues with case management are of Blue Spike's own making and speculative as well. Blue Spike chose to bring suit against multiple defendants. While these various cases have been consolidated for purposes of discovery and claim construction, Ensequence should not be burdened with discovery in a matter from which it has been dismissed for Blue Spike's potential convenience. Blue Spike's concerns about efficiency are speculative because this Court may affirm its Dismissal Order and thereby moot any issue.

Over a year ago, Ensequence promptly moved for dismissal of Blue Spike's claims based on lack of personal jurisdiction, and this Court granted that motion. Ensequence should not be

2

asked to participate in any discovery when this Court has determined that it lacks personal jurisdiction over Ensequence and that jurisdictional discovery is not warranted.

For the reasons set forth above, Ensequence respectfully requests that this Court grant its Motion to Stay Discovery.

Dated:  February 11, 2014

**PERKINS COIE LLP**

*/s/ Douglas L. Sawyer*
Douglas L. Sawyer (State Bar No. 41009)
DSawyer@perkinscoie.com
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  (303) 291-2378
Facsimile:  (303) 291- 2478

Scott D. Eads (State Bar No. 910400)
SEads@perkinscoie.com
Julia E. Markley (admitted *pro hac vice*)
JMarkley@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  (503) 727-2000
Facsimile:  (503) 727-2222

**ATTORNEYS FOR DEFENDANT ENSEQUENCE, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant Ensequence has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The personal conference required by Local Rule CV-7(h) was conducted on February 5 and 6, 2014 via telephone conference with the following participants: Peter Brasher for the Plaintiff and Julia Markley for the Defendant Ensequence.  No agreement could be reached because the parties disagreed on the merits.  Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Douglas L. Sawyer*
Douglas L. Sawyer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of February, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Douglas L. Sawyer*
Douglas L. Sawyer