IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § | Lead Case No. 6:12-cv-499-LED |
| v. | § § | |
| TEXAS INSTRUMENTS, INC. | § § | (LEAD CASE) |
| *Defendant*. | § § § | JURY TRIAL DEMANDED |
| ──────────────────────────── | § § § | |
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff*, | § § | Civil Action No. 6:12-CV-688-LED |
| v. | § § | |
| IMAGEWARE SYSTEMS, INC., | § § | (EXCEPT FOR VENUE, CONSOLIDATED WITH 6:12-CV-499) |
| *Defendant*. | § § | JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS
PENDING RESOLUTION OF ALL PENDING MOTIONS TO TRANFER VENUE**

Virtually all 40 Defendants with transfer motions pending plus numerous additional defendants (for a present total of 52 moving defendants, namely, (1) ImageWare Systems, Inc. ("ImageWare"), (2) Audible Magic, Corp., (3) Facebook, Inc., (4) Myspace LLC, (5) Specific Media LLC, (6) Photobucket.com, Inc., (7) DailyMotion, Inc., (8) DailyMotion S.A., (9) SoundCloud, Inc., (10) SoundCloud Ltd., (11) Myxer, Inc., (12) Qlipso, Inc., (13) Qlipso Media Networks, Ltd., (14) Yap.tv, Inc., (15) GoMiso, Inc., (16) iMesh, Inc., (17) Metacafe, Inc., (18) Boodabee Technologies, Inc., (19) Zedge Holdings, Inc., (20) Brightcove Inc., (21) Coincident.TV, Inc., (22) Accedo Broadband North America, Inc., (23) Accedo Broadband

1

AB, (24) MediaFire, LLC, (25) WiOffer LLC, (26) Harmonix Music Systems, Inc., (27) Related Content Database, Inc. d/b/a/ Watchwith, (28) Clear Channel Broadcasting, Inc., (29) Cognitec Systems GmbH and (30) Cognetic Systems Corp., (31) Soundmouse, (32) Animetrics, Inc., (33) TuneCore, Inc., (34) Vercury, Inc., (35) Civolution B.V., (36) Civolution USA, Inc., (37) Airborne Biometrics Group, Inc., (38) MorphoTrust USA, Inc., (39) MorphoTrak, Inc., (40) L-1 Identity Solutions, Inc., (41) Safran USA, Inc., (42) Kronos Incorporation, (43) Vobile, Inc., (44) Precise Biometrics, Inc., (45) Precise Biometrics AB, (46) ACTV8, Inc., (47) AOptix Technologies, Inc., (48) SoundHound, Inc., (49) Infinisource, Inc., (50) Qqest Software Solutions, Inc., (51) Zeitera, LLC, and (52) Entropic Communications, Inc. (collectively, the "Moving Defendants") respectfully move to stay this entire consolidated action and all proceedings as to all defendants pending resolution by the Court of the 19 pending transfer motions filed by 40 defendants seeking transfer of their respective actions variously to the Southern District of California (Dkt. No. 540), the District of New Jersey (Dkt. No. 588), the District of Massachusetts (Dkt. Nos. 610, 625), the Southern District of New York (Dkt. Nos. 648 & 1148), the Central District of California (Dkt. Nos. 611, 115, 1149), the Southern District of Florida (Dkt. No. 625), and the Northern District of California (Dkt. Nos. 678, 771, 834, 836, 905, 916, 960, 1412, 1155 & 1157).[1]

The Moving Defendants are informed that all or virtually all defendants with transfer motions pending either have signed this motion, will file formal joinders or a separate motion to stay, and that other defendants without a transfer motion pending may file a statement of non-opposition to this motion if they have not signed this motion. For example, the Moving

---

[1] ImageWare understands that Defendant Tygart Technologies, Inc.'s motion to transfer its action to the Northern District of West Virginia (Dkt. No. 594) is moot because the parties appear to have settled. In addition, Cognitec Systems Corp. and Cognitec Systems B.V. are seeking transfer to either D. Mass. or S.D. Fla. as an alternative to dismissal. Dkt. No. 625.

Defendants are presently informed that at least Google, BMAT Licensing, S.L., Fulcrum Biometrics, LLC, NEUROtechnology, Futronic Technology Co., Ltd., Iritech, Inc., M2SYS, LLC, Irdeto will be filing statements of non-opposition to this motion.

Because more than one-third of all defendants may be directly affected by the outcome of the pending transfer motions, and because the magnitude of this case, as well as the nature and scope of the Court's responsibilities and all defendants' participation in this action, will also be significantly affected by the outcome of the pending transfer motions, the Moving Defendants submit that this entire action and all proceedings should be stayed as to all defendants pending the Court's resolution of all pending transfer motions (including as to those defendants without a transfer motion pending). The Moving Defendants further submit that all proceedings should also be stayed pending the outcome of the numerous pending motions to dismiss to economize the Court and parties' resources. Dkt Nos. 356, 375, 518, 534, 558, 560, 648, 968, 993, 994, 995.

If the Court does not grant a stay pending resolution of all transfer motions, or if the Court grants the stay in any individual case but defers the effective date of any such transfer until after a Markman ruling and allows the cases to go forward as against all other parties, then the Moving Defendants respectfully request that all defendants so affected be permitted to participate in claim construction proceedings so as not to be excluded and thus prejudiced by any deferred granting of any transfer motion.

I.     INTRODUCTION

There are at least 19 pending motions to transfer filed by approximately 40 defendants variously seeking transfer of their respective actions to the Southern District of California filed by ImageWare (Dkt. No. 540), the District of New Jersey filed by L-1 Identity Solutions, Inc.

and MorphoTrust USA, Inc. (Dkt. No. 588), the District of Massachusetts filed by Kronos Incorporated (Dkt. No. 610), and Cognetic Systems Corp. and Cognetic Systems B.V., as an alternative to dismissal (Dkt. No. 625), the Southern District of New York filed by Clear Channel Broadcasting, Inc. (Dkt. No. 1148) and Soundmouse (Dkt. No. 648), the Central District of California filed by MorphoTrak, Inc. and Safran USA, Inc. (Dkt. No. 611), ACTV8, Inc. (Dkt. No. 1149), and 3M Cogent, Inc. (Dkt. No. 115), the Southern District of Florida filed by Cognetic Systems Corp. and Cognetic Systems B.V., as an alternative to D. Mass. (Dkt. No. 625), and the Northern District of California filed by Google Inc. (Dkt. No. 678), Accedo Broadband AB, Facebook, Inc., MySpace, LLC, Soundcloud Ltd. and over a dozen other defendants (Dkt. No. 771), TuneCore, Inc. (Dkt. No. 834), CBS Interactive, Inc. (Dkt. No. 836), Adobe Systems, Inc. (Dkt. No. 905), Soundhound, Inc. (Dkt No. 916), Entropic Communications, Inc. (Dkt. No. 960), Vercury, Inc. (Dkt. No. 1412), Zeitera, Inc. (Dkt. No. 1155) and AOptix Technologies, Inc. (Dkt. No. 1157).

Because more than one-third of all defendants may be directly affected by the outcome of the pending transfer motions, and because the magnitude of this case, as well as the nature and scope of the Court's responsibilities and all defendants' participation in this action, will also be significantly affected by the outcome of the pending transfer motions, the Moving Defendants submit that this entire action and all proceedings should be stayed as to all defendants pending the Court's resolution of all pending transfer motions (including as to those defendants without a transfer motion pending).

The Federal Circuit and this Circuit agree that motions to transfer venue should be heard as early as possible in a case before proceedings to the merits. *See, In re Fusion-Io, Inc.*, 489

Fed. Appx. 465, 466; 2012 U.S. App LEXIS 26311, at *2-3 (Fed. Cir. Dec. 21, 2012) (unpublished):

> "***We fully expect, however, for Fusion-IO to promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action***. *See, In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ('As indicated earlier, Horseshoe filed its motion to transfer timely and before it filed its answer and ***in our view disposition of that motion should have taken a top priority in the handling of this case***[.]'); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3rd Cir. 1970) ('[I]t is not proper to postpone consideration of the application for transfer under 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer.')." 489 Fed. Appx. at 466; 2012 U.S. App. LEXIS 26311, at *2-3 (Fed. Cir. Dec. 21, 2012).

*Id.* (emphasis added).

If the Court rules promptly on the pending transfer motions, then any stay will be minimal and will not prejudice the parties. Conversely, allowing this case to proceed on the merits now when discovery is about to begin, would prejudice all defendants because they will be forced to expend time and resources in discovery and claim construction in this District and risk expending duplicative time and resources on those same issues in other districts if the transfer motions are granted in the future.

Accordingly, the Moving Defendants respectfully request that the Court stay this entire action as against all defendants pending the outcome of all motions to transfer.

## II.  BACKGROUND

Plaintiff Blue Spike filed this action against ImageWare on August 21, 2012 in the action entitled *Blue Spike, LLC v. ImageWare Systems, Inc.*, 12-cv-688-LED, Dkt. No. 1. On October 9, 2012, the Court ordered that case consolidated with all similar cases filed by Blue Spike "for pretrial issues only, ***with the exception of venue***. The individual cases shall remain active for venue motions and trial." Dkt. No. 10 (emphasis added), 12-cv-688. Consistent with the Court's

5

Order, on January 7, 2013, ImageWare filed a motion to transfer venue to the United States District Court for the Southern District of California. Dkt. No. 15, 12-cv-688.

On March 26, 2013, the Court consolidated all then-pending cases with the lead action against Texas Instruments, Inc., Case No. 12-cv-499 for "all pretrial purposes, including discovery and claim construction . . . . Any motions including motions challenging venue or jurisdiction prior to the consolidation in all cases must be refiled in the consolidated case 6:12-cv-499 to be considered by the Court." Dkt. No. 530.

Accordingly, on March 27, 2013, ImageWare re-filed its motion to transfer venue of Blue Spike's case against ImageWare to the Southern District of California. Dkt. No. 540. To the best of ImageWare's knowledge, Blue Spike did not re-file any opposition to ImageWare's ref-filed motion. On April 18, 2013, ImageWare re-filed its reply in support of the transfer motion. Dkt. No. 669.

There are at least 19 pending motions to transfer filed by approximately 40 defendants variously seeking transfer of their respective actions to the Southern District of California filed by ImageWare (Dkt. No. 540), the District of New Jersey filed by L-1 Identity Solutions, Inc. and MorphoTrust USA, Inc. (Dkt. No. 588), the District of Massachusetts filed by Kronos Incorporated (Dkt. No. 610) and Cognetic Systems Corp. as an alternative to dismissal (Dkt. No. 625), the Southern District of New York filed by Clear Channel Broadcasting, Inc. (Dkt. No. 1148) and Soundmouse (Dkt. No. 648), the Central District of California filed by MorphoTrak, Inc. and Safran USA, Inc. (Dkt. No. 611), ACTV8, Inc. (Dkt. No. 1149), 3M Cogent, Inc., (Dkt. No. 1150), the Southern District of Florida filed by Cognetic Systems Corp. as an alternative to D. Mass (Dkt. No. 625), and the Northern District of California filed by Google Inc. (Dkt. No. 678), Accedo Broadband AB, Facebook, Inc., MySpace, LLC, Soundcloud Ltd. and over a dozen

6

other defendants (Dkt. No. 771), TuneCore, Inc. (Dkt. No. 834), CBS Interactive, Inc. (Dkt. No. 836), Adobe Systems, Inc. (Dkt. No. 905), Soundhound, Inc. (Dkt No. 916), Entropic Communications, Inc. (Dkt. No. 960), Vercury, Inc. (Dkt. No. 1412), Zeitera, Inc. (Dkt. No. 1155) and AOptix Technologies, Inc. (Dkt. No. 1157).

No discovery has commenced in this case, and a scheduling conference is set for March 5, 2014.

### III. ARGUMENT

#### A. Transfer Motions Should Take Top Priority

In large consolidated actions like this one, the Federal Circuit has held that defendants should "promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion." *In re Fusion-Io, Inc*., 489 Fed. Appx. 465, 466 (Fed. Cir. Dec. 21, 2012) (unpublished).  Moreover, the Federal Circuit expects "the district court to act on those motions before proceeding" to the merits of the case. *Id*. (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ('As indicated earlier, Horseshoe filed its motion to transfer timely and before it filed its answer and ***in our view disposition of that motion should have taken a top priority in the handling of this case***[.]') (emphasis added); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3rd Cir. 1970) ('[I]t is not proper to postpone consideration of the application for transfer under 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer.').''

Consistent with this policy, this District likewise has held that "[t]imely motions to transfer venue 'should [be given] a top priority in the handling of [a case]' and 'are to be decided based on the situation which existed when suit was instituted.'" *DietGoal Innovations LLC v. Wegmans Food Mkts., Inc*., 2013 U.S. Dist. LEXIS 27841, at *4 (E.D. Tex. Feb. 28, 2013)

(citing *In re Horseshoe Entm't*, 337 F.3d at 433) & *In re EMC Corp*., 2013 U.S. App. LEXIS 324154, at *7 (Fed. Cir. Jan. 29, 2013)).

This protocol has been followed by multiple courts around the country to promote efficiency. *See, e.g., B.F. Goodrich Co. v. Goodyear Tire & Rubber Co*., 1987 U.S. Dist. LEXIS 800, at *15-16 (N.D. Ill. Feb. 5, 1987) (observing that district court judge in parallel case "has stayed proceedings in that case pending our resolution of this motion to transfer"); *Tesco Corp. v. Varco I/P, Inc*., 2006 U.S. Dist. LEXIS 48423, at *10 (S.D. Tex. Jul. 17, 2006) (staying case pending the outcome of defendant's transfer motion); *B.E. Tech., LLC v. Sony Computer Entm't. Am., LLC,* 2013 U.S. Dist. LEXIS 25008, at *3-4 (W.D. Ten. Feb. 11, 2013) (ordering that all proceedings "including Local Patent Rule disclosures and fact discovery—are hereby stayed pending the outcome of Defendants' Motions To Change Venue").

### B. The Court Should Stay This Entire Action As To All Defendants Pending Its Ruling On All Transfer Motions

This Court "has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc*., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). In determining whether to stay an action pending the outcome of a transfer motion, courts consider the following factors: (1) the potential prejudice to the plaintiff from a brief stay; (2) the hardship to the defendant if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation. *Nguyen v. BP Exploration & Prod., Inc*., 2010 U.S. Dist. LEXIS 80068, at *2 (S.D. Tex. Aug. 9, 2010) (granting motion to stay pending resolution of the transfer motion).

8

### 1. A Stay Does Not Prejudice Blue Spike

A brief stay pending the outcome of defendants' transfer motions will not prejudice Blue Spike because no discovery has commenced and no disclosures have been exchanged. In fact, Blue Spike has indicated it intends to request extensions of time to respond to the additional transfer motions filed on or about February 5, 2014, so the allowance of additional time for the consideration of transfer motions is apparently not objectionable to Blue Spike.

Moreover, Blue Spike is not a competitor of any defendant, so it will be extremely difficult if not impossible for Blue Spike to obtain an injunction against any defendant. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-92 (2006). In short, a stay will not affect Blue Spike's ability to seek the sole relief (if any) to which it is entitled, monetary damages. This factor, therefore, weighs in favor of a stay.

### 2. The Defendants Will Suffer Prejudice If A Stay Is Denied

On the other hand, the Moving Defendants will suffer considerable prejudice if a stay is denied because the Court and parties will have to expend significant time and resources on discovery and claim construction issues in this Court, and run the risk of expending duplicative time and resources on those same issues in other Districts if the Court later transfers one or more individual cases to the numerous other Districts to which transfer is sought. Indeed, even if this Court were to issue a claim construction ruling prior to transfer, that Order would not be binding on any transferee court. *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 2006 WL 1751779, at *4 (E.D. Tex. Jun. 21, 2006), *aff'd*, 249 Fed. Appx 184 (Fed. Cir. 2007). This factor, therefore, also weighs in favor of a stay pending resolution of the transfer motions.

### 3. Judicial Efficiency Favors A Stay

Finally, staying this action pending resolution of all transfer motions will promote judicial efficiency because only after resolution of the numerous transfer motions will the parties and this Court know which defendants will remain in this District. The Court has already expressed its interest in managing this case efficiently, and a brief stay of this action pending the Court's resolution of the 19 pending transfer motions will significantly promote judicial efficiency by preventing the Court and the parties who may be transferred out of this District from investing significant time and resources in discovery and claim construction here.

In short, all factors favor a brief stay of this action pending the Court's resolution of all 19 transfer motions, as well as the numerous pending motions to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that all proceedings in this action be stayed as to all defendants pending the Court's resolution of all pending transfer motions and motions to dismiss. If the Court does not grant a stay pending resolution of all transfer motions, or if the Court grants the stay in any individual case but defers effective transfer until after a Markman ruling and allows the cases to go forward as against all other parties, then the Moving Defendants respectfully request that all defendants so affected be permitted to participate in claim construction proceedings so as not to be excluded and thus prejudiced by any deferred granting of a motion to transfer.

DATED: February 11, 2014        Respectfully submitted,

By: /s/James V. Fazio, III
    James V. Fazio, III (Admitted Pro Hac Vice)
    SAN DIEGO IP LAW GROUP LLP
    12526 High Bluff Drive, Suite 300
    San Diego, CA 92130
    Telephone: 858-792-3446
    Facsimile: 858-792-3447
    jamesfazio@sandiegoiplaw.com

    Michael Jones (SBN 10929400)
    POTTER MINTON
    110 N. College, Suite 500
    Tyler, TX 75702
    Telephone: 903-597-8311
    mikejones@potterminton.com

    Attorneys for Defendant
    IMAGEWARE SYSTEMS, INC.


  /s/ Ryan K. Yagura
  Ryan K. Yagura (TX SBN 24075933)
  ryagura@omm.com (CA SBN 197619)
  O'Melveny and Myers LLP
  400 S. Hope St.
  Los Angeles, CA 90071
  Telephone: (213) 430-6000
  Facsimile: (213) 430-6407

  Attorneys for Defendant CLEAR CHANNEL
  BROADCASTING, INC.

/s/ Dwayne K. Goetzel
Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746

11

(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR DEFENDANT COGNITEC SYSTEMS GMBH and COGNITEC SYSTEMS CORP.**

Respectfully submitted,

/s/ Ryan T. Beard_____
Eric B. Meyertons
  Texas State Bar No. 14004400
  emeyertons@intprop.com
Ryan T. Beard
  Texas State Bar No. 24012264
  rbeard@intprop.com

MEYERTONS, HOOD, KIVLIN, KOWERT & GOETZEL, P.C.
1120 South Capital of Texas HWY
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR SOUNDMOUSE**


By: */s/ J. Daniel Harkins*
    J. Daniel Harkins
    State Bar No. 09008990
    dharkins@coxsmith.com

    COX SMITH MATTHEWS INCORPORATED
    112 E. Pecan Street, Suite 1800
    San Antonio, Texas  78205
    (210) 554-5500
    (210) 226-8395 (Fax)

    *Attorneys for Animetrics, Inc.*



*/s/ Eric H. Findlay*
Eric H. Findlay (Texas Bar No. 00789886)

12

Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

I. Neel Chatterjee – *LEAD ATTORNEY*
Gabriel M. Ramsey
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
chiggins@orrick.com

Attorneys for Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, Harmonix Music Systems, Inc.,

and Related Content Database, Inc. d/b/a/ Watchwith

/S/ SUSAN ROEDER
Kenneth L. Nissly
California Bar No. 77589
knissly@omm.com
Susan van Keulen
California Bar No. 136060
svankeulen@omm.com
Susan Roeder
California Bar No. 160897
sroeder@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025
Telephone:   (650) 473-2600
Facsimile:     (650) 473-2601

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH
303 S. Washington Avenue
Marshall, TX 75670
Telephone:   (903) 934-8450
Facsimile:     (903) 934-9257

***Counsel for Defendant TuneCore, Inc***.


*/s/ Margaret Elizabeth Day*
Margaret Elizabeth Day (CA Bar No. 177125)
Admitted to Practice
eday@feinday.com
Ian N. Feinberg (Pro Hac Vice)
ifeinberg@feinday.com
FEINBERG DAY ALBERTI & THOMPSON LP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
Telephone:  (650) 618.4360
Facsimile:   (650) 618.4368

Attorneys for Defendant
Vercury, Inc.

*/s/ Michael A. Molano (w/permission by Kyle E. Friesen)*
Michael A. Molano (pro hac vice)

14

Ward Johnson (pro hac vice)
MAYER BROWN LLP

3000 El Camino Real
Palo Alto, CA 94306-2112
Phone: (650) 331-2000
Fax: (650) 331-2060
Email: wjohnson@mayerbrown.com
Email: mmolano@mayerbrown.com

Kyle E. Friesen
Texas Bar No. 24061954
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Phone: (713) 238-2691
Fax: (713) 238-4691
Email: kfriesen@mayerbrown.com

COUNSEL FOR DEFENDANTS
CIVOLUTION USA, INC. and
CIVOLUTION B.V.


Respectfully Submitted,

　　　　　　/s/ Reid Eric Dammann


Reid Eric Dammann, Esq. (*Admitted Pro Hac Vice*)
**MUSICK PEELER LLP**
One Wilshire Boulevard, Suite 2000
Los Angeles, California 90017
Telephone: (213) 629-7600
Facsimile: (213) 624-1376
r.dammann@mpglaw.com

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Defendant*

15

*Airborne Biometrics Group, Inc*.

/s/ Samuel E. Stubbs
Samuel E. Stubbs (TX Bar No. 19434500)
sam.stubbs@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Telephone: (713) 276-7600
Facsimile: (281) 276-7673

David A. Jakopin (pro hac vice)
david.jakopin@pillsburylaw.com
Keren Hu (pro hac vice)
keren.hu@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2550 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545
Attorneys for Defendant VOBILE, Inc.

/s/ Russell E. Levine, P.C.
Russell E. Levine, P.C.
G. William Foster
KIRKLAND & ELLIS LLP
300 N. LaSalle St.
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
russell.levine@kirkland.com
billy.foster@kirkland.com

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Precise Biometrics, Inc. and Precise Biometrics AB*

16

MORGAN, LEWIS & BOCKIUS LLP

/s/ Daniel Johnson, Jr.

C. Erik Hawes (TX Bar No. 24042543)
  Email: ehawes@morganlewis.com
  Thomas R. Davis (TX Bar No. 24055384)
  Email: tdavis@morganlewis.com
  1000 Louisiana Street, Suite 4000
  Houston, Texas 77002
  (713) 890-5000 Telephone
  (713) 890-5001 Facsimile

  Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)
  Email: djjohnson@morganlewis.com
  One Market, Spear Street Tower
  San Francisco, CA 94105
  (415) 442-1000 Telephone
  (415) 442-1001 Facsimile

  **Attorneys for Defendants MorphoTrust USA, Inc., L-1 Identity Solutions, Inc., MorphoTrak, Inc., Safran USA, Inc., and Kronos Incorporated**

Respectfully submitted,

> */s/Myra Mormile*
> David R. Yohannan (*Pro Hac Vice*)
> KELLEY DRYE & WARREN LLP
> The Washington Harbor
> 3050 K Street, N.W., Suite 400
> Washington, D.C. 20007
> Tel: (202) 342-8616
> dyohannan@kelleydrye.com
>
> Myra C. Mormile (*Pro Hac Vice*)
> KELLEY DRYE & WARREN LLP
> 333 W. Wacker Drive, Suite 2600
> Chicago, IL 60606
> Tel: (312) 857-2501
> mmormile@kelleydrye.com
>
> ***Attorneys for Defendant ACTV8, Inc.***

FENWICK & WEST LLP

By: */s/ Teresa M. Corbin*
    Teresa M. Corbin

Teresa M. Corbin, CA Bar No. 132360 (Admitted E.D. Texas)
Bryan A. Kohm, CA Bar No.233276 (Admitted E.D. Texas)
David Lacy Kusters, CA Bar No.241335 (Admitted E.D. Texas)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 874-2300
Facsimile: (415) 281-1350

Darren E. Donnelly, CA Bar No. 194335 (Admitted E.D. Texas)
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone: (650) 955-8500
Facsimile: (650) 983-5200

Attorneys for Defendants
AOptix Technologies, Inc., SoundHound, Inc., Infinisource, Inc., Qqest Software Solutions, Inc., Zeitera, LLC

*/s/ Jo Dale Carothers*
Alan H. Blankenheimer
ablankenheimer@cov.com
Jo Dale Carothers
jcarothers@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
Tel: 858-678-1800
Fax: 858-678-1600

Michael E. Jones

> SBN: 10929400
> Potter Minton, PC
> 110 N. College, Suite 500
> Tyler, Texas 75702
> Tel: 903-597-8311
> Fax: 903-593-0846
> mikejones@potterminton.com
>
> Attorneys for Defendant
> Entropic Communications, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on February 11, 2014.

> */s/James V. Fazio, III*
> James V. Fazio, III

## **CERTIFICATE OF CONFERENCE**

Pursuant to Eastern District of Texas Local Rule 7(i), ImageWare certifies that it has complied with the meet and confer requirement in LR 7(h) via an initial telephone conference on February 6, 2014 during the parties' Rule 26f teleconference in which James V. Fazio (counsel for ImageWare) and counsel for many other defendants, and Christopher Honea and Peter Brasher (counsel for Blue Spike) participated, and again on February 11, 2014 via a telephone conference in which James Fazio and Allen Gardner (counsel ImageWare Systems, Inc., and authorized to speak on behalf of all Moving Defendants for the limited purpose of this motion), and Peter Brasher, Randall Garteiser and Christopher Honea (counsel for Blue Spike) participated.  Blue Spike opposes the motion on the merits, and discussions have ended in an impasse, leaving an open issue for the Court to resolve.