IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | C.A. NO. 6:12-cv-539-LED |
| Plaintiff, | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| VOBILE, INC., | § | |
| | § | ORAL HEARING REQUESTED |
| Defendant | § | |

**VOBILE, INC.'S MOTION TO DISMISS COMPLAINT FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | C.A. NO. 6:12-cv-539-LED |
| Plaintiff, | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| VOBILE, INC., | § | |
| | § | ORAL HEARING REQUESTED |
| Defendant | § | |

**VOBILE, INC.'S MOTION TO DISMISS COMPLAINT FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ...................................................................................................1

II.  FACTUAL BACKGROUND.................................................................................1

III.  STATEMENT OF THE ISSUE TO BE DECIDED BY THE COURT .........................3

IV.  LEGAL STANDARD...........................................................................................4

V.  ARGUMENT.......................................................................................................5

    A.  The Complaint Should Be Dismissed For Lack Of Personal Jurisdiction Because Vobile Does Not Have the Requisite Minimum Contacts with the State of Texas ...........................................................5

        1.  Vobile Is Not Subject To General Personal Jurisdiction in This District...............................................................................6

        2.  Vobile Is Not Subject To Specific Personal Jurisdiction In This District...............................................................................7

    B.  The Complaint Should Be Dismissed For Improper Venue ...........................9

VI.  CONCLUSION.................................................................................................11

## TABLE OF AUTHORITIES

Page

### Cases

800 Adept, Inc. v. Enterprise Rent-A-Car, Co.,
  545 F. Supp. 2d 562 (E.D. Tex. 2008) ............................................................ 10

Alpine View. Co., Ltd. v. Atlas Copco AB,
  205 F.3d 208 (5th Cir. 2000) .................................................................... 4

GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C. Cir.
  2000) .......................................................................................... 7

Helicopters Nacionales de Columbia, S.A. v. Hall,
  466 U.S. 408 (1984) ............................................................................ 5

International Shoe Co. v. State of Washington,
  326 U.S. 310 (1945) ............................................................................ 5

Latshaw v. Johnston,
  167 F.3d 208 (5th Cir. 1999) ............................................................... 4, 5

Mink v. AAAA Development, LLC,
  190 F.3d 333 (5th Cir. 1999) .......................................................... 4, 6, 8, 9

QR Spex, Inc. v. Motorola, Inc.,
  507 F. Supp. 2d 650 (E.D. Tex. 2007) .......................................................... 7

Rannoch, Inc. v. Rannoch Corp.,
  52 F. Supp. 2d 681 (E.D. Va. 1999) ........................................................... 8

Revell v. Lidov,
  317 F. 3d 467 (5th Cir. 2002) ............................................................... 5, 7

Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,
  952 F. Supp. 1119 (W.D.Pa. 1997) ......................................................... 5, 6, 9

### Statutes and Codes

United States Code,
  Title 28, Section 1391(c) .................................................................... 10

United States Code,
    Title 28, Section 1400(b) ................................................................... 10

## Rules and Regulations

Federal Rules of Civil Procedure,
    Rule 12(b)(2) ............................................................................... 1, 4

Federal Rules of Civil Procedure,
    Rule 12(b)(3) ............................................................................... 1, 4

Texas Local Rule C-7(g) ...................................................................... 1

## I.  INTRODUCTION

Defendant Vobile, Inc. ("Vobile") hereby moves this Court to dismiss the Complaint asserted against it by Plaintiff Blue Spike, LLC ("Blue Spike") on grounds of lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2) and improper venue pursuant to FED. R. CIV. P. 12(b)(3) . In support of its motion, Vobile files herewith a declaration of Ms. Xiaoying Yaun ("Yaun Declaration") the Chief Executive Officer of Vobile. As set forth in the Yaun Declaration, Vobile's activities in the forum state do not represent sufficient minimum contacts to support personal jurisdiction and venue is also improper. Dismissal is therefore appropriate and respectfully requested.

Pursuant to this Court's Local Rule C-7(g), Vobile hereby requests an oral hearing on this Motion.

## II.  FACTUAL BACKGROUND

On October 16, 2012, Blue Spike filed its Complaint alleging claims for patent infringement against nonresident Vobile, a California corporation headquartered in Santa Clara, California. *See* Yaun Decl. at ¶ 2. In the Complaint, Blue Spike alleges that Vobile is subject to personal jurisdiction because:

> (1) Defendant has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in Texas; (2) Defendant regularly does business or solicits business in the District and in Texas; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here.

- 1 -

Compl. at ¶ 5.  Each and every one of these allegations is demonstrably false.  Since its formation in 2005, Vobile has not directed any business to the State of Texas or the Eastern District of Texas.  Yaun Decl. at ¶ 3.

Vobile provides digital media content identification and management services to content providers.  The content identification technology provided by Vobile is used to determine the ownership of digital content, to prevent its unauthorized distribution, and to track its usage.  *Id.* at ¶ 4.  Vobile offers a software as a service (referred to in the art as "SaaS") to content owners called "VideoTracker."  *Id.*  This service is used to identify, track, and protect online video and audio content, and to enable content owners to find unauthorized copies of content online and take timely enforcement actions to reduce or eliminate copyright infringements.  *Id.*  Vobile also offers a content filtering service called "MediaWise" to websites in the United States.  *Id.*

Vobile does not direct any activities into the State of Texas.  *Id.* at ¶ 3.  Vobile's principal place of business and only United States offices are located in the Santa Clara, California.  *Id.* at ¶ 2.  All of Vobile's United States employees, officers, and directors reside in California except one employee who works from home in Michigan.  *Id.*  All of Vobile's Internet servers are also located in California.  *Id.*  Vobile is not registered to engage or transact business in the State of Texas and has never had any office, employees, agents, consultants, or contractors there.  *Id.* at ¶ 3.  Nor does Vobile have any customers in Texas or conduct any customer business there.  *Id.* at ¶ 5.  Vobile's customers include content owners and websites.  *Id.*  None of these customers are located in Texas.  *Id.*

Furthermore, Vobile does not sell any products, alleged to infringe or otherwise, to customers within Texas. *Id.* at ¶ 6. Vobile does not receive any sales or revenue originating from the forum state. *Id.* Vobile does not ship any products into Texas, directly or through independent distributors, and does not render any services to state residents. *Id.* Vobile has no sales contracts with entities located in Texas and does not conduct any manufacturing, design, research or development, or have any points of distribution there. *Id.* Vobile does not maintain any offices, warehouses, factories, or other facilities in Texas; nor does Vobile maintain any bank accounts, or own, lease, or rent any real estate in the forum state. *Id.* Vobile does not advertise in Texas by television, newspaper, or magazine, and has never actively solicited business there. Indeed, Vobile does not even have a telephone listing in Texas. *Id.*

For the reasons set forth below, Blue Spike cannot satisfy its burden to establish that Vobile is subject to personal jurisdiction in the Eastern District of Texas. Vobile's contact with the State of Texas is through its passive website on the Internet. *Id.* at ¶ 7. Vobile is unaware of any other factual nexus with the State of Texas or this district. *Id.* at ¶ 9. Vobile's activities therefore do not provide sufficient minimum contacts to support personal jurisdiction and Blue Spike's Complaint should be dismissed accordingly.

## III.   STATEMENT OF THE ISSUE TO BE DECIDED BY THE COURT

The issues to be decided by the Court are whether Blue Spike's Complaint should be dismissed for (1) lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2) and/or (2) improper venue pursuant to FED. R. CIV. P. 12(b)(3).

## IV.   LEGAL STANDARD

When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. *See Mink v. AAAA Development, LLC*, 190 F.3d 333, 335 (5th Cir. 1999). The existence of personal jurisdiction over a nonresident defendant involves two inquiries: (1) whether a forum state's long arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *See id.* (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). Because the Texas long-arm statue is coextensive with the constitutional limits of due process, the two inquiries collapse into a single question: whether the Court's exercise of personal jurisdiction over Vobile comports with due process. *See Alpine View. Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

"The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw*, 167 F.3d at 211 (quoting *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)).

With respect to minimum contacts, "[s]ufficient minimum contacts will give rise to either specific or general jurisdiction." *Revell v. Lidov*, 317 F. 3d 467, 470 (5th Cir. 2002). Specific jurisdiction exists when the nonresident defendant's contacts with the

forum state arise from, or are directly related to, the cause of action. *See Helicopters Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8 (1984). General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *See id.* at n. 9.

When specific jurisdiction is based on online interactions via an Internet website, the Fifth Circuit follows the sliding scale approach adopted in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D.Pa. 1997). *See Mink,* 190 F.3d at 336; *Revell v. Lidov,* 317 F. 3d 467, 470 (5th Cir. 2002). *Zippo* requires courts to assess the level of interactivity of the defendant's website and proceed with a separate course of action for each of three distinct categories of websites including: (1) where a website is nothing more than a passive advertisement, the court must decline to exercise personal jurisdiction; (2) where a website facilitates contractual relationships and the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper; and (3) where a website falls somewhere in between, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website." *Mink,* 190 F.3d at 336 (interpreting *Zippo*).

## V.    ARGUMENT

### A.    <u>The Complaint Should Be Dismissed For Lack Of Personal Jurisdiction Because Vobile Does Not Have the Requisite Minimum Contacts with the State of Texas</u>

This Court should dismiss Blue Spike's claims against Vobile for lack of personal jurisdiction. To begin with, the only contacts Vobile has with the forum are through its

passive Internet presence which, as articulated in *Zippo/Mink,* fails to provide a proper basis for personal jurisdiction in the Eastern District of Texas. *See* Yaun Decl. at ¶ 7. Vobile maintains a passive website on the Internet, but does not conduct any business with customers, or fulfill any customer orders, from its website. *Id.* "With passive websites, personal jurisdiction is not appropriate." *Mink,* 190 F.3d at 336.

       1.    *Vobile Is Not Subject To General Personal Jurisdiction in This District*

      Vobile does not have the type of continuous, systematic contacts with Texas for general jurisdiction to arise. Yaun Decl. at ¶ 6.   Vobile does not have any offices or facilities whatsoever in Texas, and does not sell any products, infringing or otherwise, to customers within the State. *Id.*   At no time since its formation in 2005, has Vobile conducted any business with any individual or entity in Texas, much less any individual or entity located in the Eastern District of Texas. *Id.* at ¶ 3.

      Vobile's only contact with the forum state is through Vobile's passive Internet website. *Id.* at ¶ 7. But Vobile's mere Internet presence does not support a finding of general jurisdiction in Texas.   "As a general rule, 'the ability of [forum] residents to access the defendants' websites ... does not by itself show any persistent course of conduct by the defendants in the [forum].'" *QR Spex, Inc. v. Motorola, Inc.,* 507 F. Supp. 2d 650, 662 (E.D. Tex. 2007) (quoting *GTE New Media Servs. Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1349 (D.C. Cir. 2000)).   Even repeated contacts with the forum by "operation of an interactive website is unlikely to rise to the level of 'substantial, continuous and systematic contacts required for a finding of general jurisdiction.'"   *QR Spex, id.* (quoting *Revell,* 317 F. 3d at 471).   "[T]hough the maintenance of a website is, in a sense,

a continuous presence everywhere in the world, the cited contacts … are not in any way 'substantial.'" *Revell, id.* "Personal jurisdiction surely cannot be based solely on the ability of residents to access the defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in the [forum]." *GTE New Media Servs., Inc. v. BellSouth Corp.,* 199 F. 3d 1343, 1349-50 (D.C. Cir. 2000). If the contrary were true, "personal jurisdiction in Internet-related cases would almost always be found in any forum in the country" thereby vitiating long-held and inviolable principles of federal court jurisdiction. *Id.* at 1350.

Vobile therefore does not have the type of continuous and systematic contacts with the forum state to support general jurisdiction.

      2.    *Vobile Is Not Subject To Specific Personal Jurisdiction In This District*

Vobile also does not have the requisite minimum contacts to support specific jurisdiction in this district. The nature, function, and interactivity of Vobile's Internet website do not provide a basis for specific jurisdiction. Vobile's website is located on the Internet at www.vobileinc.com and only provides general company information about Vobile including information about its products and services as well as business contact information, industry news, and announcements regarding opportunities for employment. Yaun Decl. at ¶ 7. As such, Vobile's website is nothing more than a passive advertisement accessible to the public to ascertain information about the company, which consistent with uniform precedent on this point, is an insufficient basis for the exercise of personal jurisdiction. *Mink,* 190 F.3d at 336.

Vobile's website does not take any customer orders or facilitate the transaction of any business between Vobile and the residents of any state, including Texas. *Id.* The function and purpose of the Vobile website is to advertise Vobile's business and its products and services. *Id.* at ¶ 8. Vobile's products and services cannot be accessed through the website. *Id.* Instead, Vobile's website has a contact and customer support page for potential customers to contact a sales representative to obtain more information about its products and services or to login and send email messages to Vobile's customer support representatives. *See id.* at ¶ 8; Exh. 1 (Contact and Support Page). Neither of the above-referenced limited functions of Vobile's website represent the type of interactivity required for personal jurisdiction to arise. *See, e.g., Mink,* 190 F.3d at 337 (website providing users with an email address, a printable order form, and a toll-free number on a website without more, is insufficient to establish personal jurisdiction); *Rannoch, Inc. v. Rannoch Corp.,* 52 F. Supp. 2d 681, 683 (E.D. Va. 1999) (website providing users with contact information, including toll free number, fax number, address, and email address, as well as an interactive forum with spaces to submit comments, lacks sufficient minimum contacts to establish personal jurisdiction). The inescapable fact is that Vobile does not conduct *any* business over the Internet by engaging in business transactions with Texas state residents or by entering into contracts with them over the Internet. *See* Yaun Decl. at ¶ 7; *Mink,* 190 F.3d at 337.

Thus, this case does not fall into the spectrum of cases where a defendant clearly conducts business over the Internet, nor does it fall into the middle spectrum of interactivity where a defendant and users exchange information through the Internet.

Vobile's website is only a passive website equivalent to an Internet advertisement, and, pursuant to the *Zippo* sliding scale test, does not subject Vobile to personal jurisdiction in this district. Given the informational and non-interactive nature of Vobile's website, there is no factual or legal basis for the exercise of personal jurisdiction over Vobile in the Eastern District of Texas.

In addition, to subject Vobile to personal jurisdiction in the Eastern District of Texas would not comport with traditional notions of fair play and substantial justice. Blue Spike has no established business in connection with the asserted patents, and has no business other than litigating patent infringement claims. This district therefore has little interest in adjudicating Blue Spike's claims, whereas the burden of defending this case is significantly greater for Vobile given that it would have to defend itself hundreds of miles away from its principal place of business. For this additional reason, the Court should determine that Vobile is not subject to personal jurisdiction in the Eastern District of Texas and dismiss Blue Spike's claims against it in this action.

**B.**   **The Complaint Should Be Dismissed For Improper Venue**

The Court should also dismiss Blue Spike's Complaint against Vobile for improper venue. In patent infringement litigation, venue is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The district where a corporate defendant "resides" is defined by 28 U.S.C. § 1391(c), which provides:

For all venue purposes … (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question….

Under the first prong of § 1400(b), the venue statute for patent cases, venue for corporations is proper in the judicial district where the defendant is subject to personal jurisdiction. The Court can "conclude that a defendant resides in the Eastern District of Texas only if the defendant would be subject to personal jurisdiction in the Eastern District of Texas if the Eastern District of Texas were a separate state." *See 800 Adept, Inc. v. Enterprise Rent-A-Car, Co.,* 545 F. Supp. 2d 562, 569 (E.D. Tex. 2008). This analysis, therefore, merges with a determination of personal jurisdiction. As discussed above, Vobile does not have sufficient minimum contacts with the forum for the exercise personal jurisdiction.

Under the second prong of § 1400(b), venue is proper if a defendant has committed acts of infringement in the district and has a regular and established place of business there. This also is not satisfied because, as discussed above, Vobile has not committed any acts of infringement and does not have any offices or facilities in this district or any other continuous or systematic contacts with it. Yaun Decl. at ¶ 6. Vobile does not conduct any business with any individual or entity in the State, much less with any individual or entity located in the Eastern District of Texas. *Id.* at ¶ 3. The Court should therefore determine that the Eastern District of Texas is an improper venue for Blue Spike's claims and dismiss the Complaint accordingly.

## VI. CONCLUSION

Vobile respectfully requests the Court dismiss Blue Spike's Complaint for lack of personal jurisdiction and/or improper venue. Vobile respectfully requests that its motion be granted and that Blue Spike take nothing against Vobile by reason of this action. Vobile further requests all other relief to which it may show itself entitled,

DATED: February 18, 2014         RESPECTFULLY SUBMITTED,

/s/ Samuel E. Stubbs
Samuel E. Stubbs (TX Bar No. 19434500)
sam.stubbs@pillsburylaw.com
PILLSBURY WINTHROP **SHAW** PITTMAN LLP
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Telephone: (713) 276-7645
Facsimile: (281) 582-6473

David A. Jakopin *(pro hac vice)*
david.j akopin@pillsburylaw. c om
Matthew W. Hindman *(pro hac vice)*
matthew.hndman@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

*Attorneys for Defendant VOBILE, Inc.*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 18, 2014.

*/s/ Matthew W. Hindman*
Matthew W. Hindman