# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| *Plaintiff*, | § § § | Civil Action No. 12-CV-499-MHS |
| v. | § § | CONSOLIDATED CASE |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § § | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** By *Plaintiff's Position:* April 4, 2014; *Certain Defendants' Position:* May 1, 2014 (Suppliers); December 4, 2015 (Customers), and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.    the correct names of the parties to the lawsuit;

    B.    the name, address, and telephone number of any potential parties;

    C.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    D.    the name, address, and telephone number of persons having knowledge of

          relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

    E.    any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    F.    to the extent not already produced in accordance with the Case Management Plan, any agreements that convey any rights in any of the asserted patents. This includes, without limitation, licenses, covenants not to sue, releases and settlement agreements relevant to the subject matter of this action.

**Additional Disclosures.** Each party shall provide to every other party the following information:

    A.    the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

    B.    to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, on or before the date indicated in the Docket Control Order and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

- *Defendant's Position: Initial disclosures and the disclosures in this paragraph 1 shall not include financial materials or information relevant to damages concerning pleaded claims or defenses involved in this action. The Parties shall produce financial materials relevant to damages concerning pleaded claims or defenses 60 days prior to submission of expert reports, as set forth in the Scheduling Order.*
- *Plaintiff's Response: Plaintiff disagrees that financial materials or information relevant to damages should be separated and delayed.*

2.    **Testifying Experts.** For expert witnesses, by the date provided in the Docket

Control Order, each party shall disclose to the other party or parties:

    A.    The expert's name, address, and telephone number;

    B.    The subject matter on which the expert will testify;

    C.    A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);

    D.    If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;

    E.    If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party, subject to the exclusions and limitation of the protective order entered in this case;

        (1)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (2)    the expert's current resume and bibliography.

3.    **Discovery Limitations.** Discovery is limited in this case to the disclosures described in Paragraphs 1 - 2 together with:

    A.    <u>Discovery Requests:</u>  For purposes of the following discovery limitations, all affiliated defendants will be treated as a single Defendant:

        (1)    Interrogatories: Plaintiff may serve each Defendant up to 25 interrogatories. Each Defendant may serve Plaintiff up to 25 interrogatories.

        (2)    Requests for Admission: Plaintiff may serve each Defendant up to 50 requests of admissions for purposes other than authentication. Each Defendant may serve Plaintiff up to 50 requests of admission for purposes other than authentication. These limits shall not apply to requests for admission directed to the authentication of documents.

        (3)    The parties may also serve subpoenas and depositions upon written questions in accordance with the Federal Rules of Civil Procedure.

    B.    <u>Fact Depositions:</u>

- *Plaintiff's Position:* At this juncture, without knowing the total scope of defendants that will take part in deposition discovery, Plaintiff proposes the use of the Federal Rules of Civil Procedure and the Local Patent Rules.
- *Defendants' Position:*
    i. The total number of non-expert deposition hours taken by Plaintiff, including Rule 30(b)(6) depositions, third-party depositions, and other individual depositions, shall not exceed 200 hours. The total number of non-expert deposition hours taken collectively by Defendant in all cases, including Rule 30(b)(6) depositions, third-party depositions, and other individual depositions, shall not exceed 200 hours. However, no Defendant in each case shall be subject to more than 50 hours of deposition (including Rule 30(b)(6) depositions, depositions of former employees of a Defendant, and other individual depositions).
    ii. Under the limits set forth in (B)i, Plaintiff may take up to 14 hours of examination of each Defendant in each case, pursuant to Rule 30(b)(6). Each Defendant may take up to 14 hours of examination of Plaintiff, pursuant to Rule 30(b)(6).
    iii. It is acknowledged that the inventors may be deposed, as individuals, for more than the 7 hours set forth in the Federal Rules of Civil Procedure. Specifically, inventor Scott Moskowitz may be deposed up to 21 hours collectively by all Defendants in all cases and inventor Mike Berry may be deposed up to 14 hours collectively by all Defendants in all cases. These time limitations will not apply to depositions of inventors offered for deposition in other capacities, such as Rule 30(b)(6) witness roles.

C. <u>Expert Disclosures</u>: Each party is limited to three testifying experts.

D. <u>Expert Depositions</u>: Experts witnesses may be deposed in accordance with the Federal Rules of Civil Procedure. As soon as expert reports have been submitted, the parties shall meet and confer regarding deposition time limits for any experts providing multiple reports or reports relating to multiple parties. If the parties are unable to agree upon such time limits, they shall call the Court's discovery hotline for a ruling.

E. <u>Foreign Discovery</u>: *Defendants' Position:* This case is likely to involve custodians and data located in at least the United Kingdom (UK) and European Union (EU)[1] and subject to UK and EU data privacy laws and blocking statutes ("EU Data"). Consistent with EU law, the parties shall

---

[1] Custodians and data will also likely be found within the jurisdictions of Israel, Korea, China, Hong Kong (SAR), and Vietnam. Consistent with applicable foreign law, these parties shall work together in order to timely produce and to minimize the amount of data subject to discovery in this case

work together to timely produce and to minimize the amount of EU Data subject to discovery in this case.

    F.    *Audible Magic's Position:* Discovery for Audible Magic's Counterclaims: In addition to the foregoing, the following limitations apply with respect to Audible Magic's counterclaims against Blue Spike LLC, Blue Spike Inc., and Scott A. Moskowitz:

        (1) Audible Magic Inc. may serve an additional 20 interrogatories and 20 requests for admission upon counterclaim defendants Blue Spike, LLC, Blue Spike Inc. and Scott Moskowitz.

        (2) Audible Magic Inc. may take an additional 21 hours of examination of counterclaim defendants Blue Spike, LLC, Blue Spike Inc. and Scott Moskowitz, as Audible Magic may wish to allocate that time among these parties.

        (3) Blue Spike, LLC, Blue Spike Inc. and Scott Moskowitz may serve an additional 20 interrogatories and 20 requests for admission upon counterclaim plaintiff Audible Magic, Inc.

        (4) Blue Spike, LLC, Blue Spike Inc. and Scott Moskowitz may take an additional 21 hours of examination of counterclaim plaintiff Audible Magic, Inc.

4.    **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof

in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order. The parties are not obligated to include on their privilege logs any communications that occurred between the parties and their attorneys after the filing date of this action. In addition, if a party inadvertently fails to identify a document on the privilege log exchanged by the parties, such failure shall not be deemed a waiver of privilege. Upon discovery, the party shall provide prompt written notice to the other party, identifying the document or information and the basis for any disputed claim of privileged as above.

5.  **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A.  The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   B.  The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   C.  An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under

subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

6. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

7. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Requests for Production**. Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary, except to the extent requests are specifically required for electronically stored information pursuant to the Order Regarding E-Discovery. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production, except to the extent requests are specifically required for electronically stored information pursuant to the Order Regarding E-Discovery.

10. **Discovery Disputes**. Counsel are directed to contact the chambers of the

undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

11.     **Discovery Conferences.** Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

12.     **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

13.     **Protective Orders.** The parties have proposed to modify the terms of the existing Protective Order for good cause. The Court authorizes the parties to file any document that is subject to a protective order under seal.

14.     **Courtesy Paper Copies.** Paper copies will not be accepted by this Court unless specifically requested.

15.     **Hearing Notebooks.** With the exception of providing notebooks to the appointed technical advisor, hearing notebooks are no longer required or requested. However, the

Court may request hearing notebooks in specific instances.

16.     **E-Filing**. The parties agree to accept service by electronic mail of all documents not filed with the Court. Except for good cause shown or as provided in the Local Rules, all documents (with exception of those documents referenced in the local rules) in cases pending in this Court shall be filed electronically. This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports. The file in each case is maintained electronically. Neither the clerk's office nor the Court will maintain a paper file except as provided in the local rules. All briefs and patents attached as exhibits to any filing submitted electronically shall be in searchable PDF format. Any other documents attached as exhibits to any filing submitted electronically should be in searchable PDF format whenever possible.

When filing electronically, the Court prefers and the Parties agree:

(i) that documents be published to PDF and then filed with the Court rather than filing scanned documents;

(ii) proposed orders be included as attachments to motions filed rather than incorporated within the body of the filed motion;

(iii) proposed orders should NOT contain an "it is so ordered" designation, signature line, or date line since this information is contained in the Judge's electronic signature stamp; and

(iv) proposed orders should NOT contain the word "Proposed" in the title of the document.