**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 12-CV-499-MHS** |
| | § | |
| **v.** | § | **CONSOLIDATED CASE** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** *et al.,* | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants.* | § | |
| | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

*1.     State where and when the conference required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.*

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Thursday, February 6, 2014:

Blue Spike, LLC

Randall T. Garteiser
  Texas Bar #24038912
Christopher A. Honea
  Texas Bar #24059967
Kirk J. Anderson
  CA Bar #289043
Peter S. Brasher
  CA Bar #283992

Law Office of Garteiser Honea, PLLC
218 N. College Ave.
Tyler, TX 75702
Phone: 903.705.7420
Fax: 888.908.4400
rgarteiser@ghiplaw.com

Airborne Biometrics Group, Inc.

Reid Dammann                          Melissa R. Smith
Musick, Peeler & Garrett LLP          Gillam & Smith

1

One Wilshire Boulevard, Suite 2000
Los Angeles, CA 90017
Phone: 213.629.7611
Fax: 213.624.1376
r.dammann@mpglaw.com
CA Bar #249031

303 S. Washington Avenue
Marshall, TX  75670
Phone:  903.934.8450
Fax:  903.934.9257
melissa@gillamsmithlaw.com
Texas Bar #24001351

Google Inc.

Wallace Wu
Arnold & Porter LLP
777 South Figueroa St. 44th Floor
Los Angeles, CA 90017-5844
Phone: 213.243.4104
Fax: 213.243.4199
wallace.wu@aporter.com
CA Bar #220110

Nicholas Lee
Arnold & Porter LLP
777 South Figueroa St. 44th Floor
Los Angeles, CA 90017-5844
Phone: 213.243.4156
Fax: 213.243.4199
nicholas.lee@aporter.com
CA Bar #259588

Lance Lee
5511 Plaza Dr.
Texarkana, TX 75503
wlancelee@aol.com
Phone: 903.223.0276
Fax: 903.223.0210
TX Bar #24004762

Audible Magic Corp., WiOffer, LLC, Myxer, Inc., Facebook, Inc., MySpace, LLC, Specific Media, LLC, Photobucket.com, Inc., Dailymotion, Inc., Dailymotion S.A., Soundcloud, Inc., Soundcloud, Ltd., Qlipso, Inc., Qlipso Media Network, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Harmonix Music Systems, Inc., Brightcove, Inc., Coincident.TV, Inc., MediaFire, LLC, Accedo Broadband, AB, Accedo Broadband, Inc. and Related Content Database, Inc. d/b/a Watchwith.

Gabriel M. Ramsey
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Phone: 650.614.7400
Fax: 650.614.7401
gramsey@orrick.com
CA Bar #209218 (admitted E.D. Texas)

Alyssa M. Caridis
Orrick, Herrington & Sutcliffe LLP
777 S. Figueroa St, Ste 3200
Los Angeles, CA 90017-5855
Phone: 213.612.2499
Fax: 213.612.2499
acaridis@orrick.com
CA Bar #260103 (admitted in E.D. Texas)

Christopher J. Higgins
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW

Washington, DC 20005-1706
Phone:  202.339.8400
Fax:  202.339.8500
chiggins@orrick.com
DC Bar #498165

Eric Hugh Findlay                          Walter Wayne Lackey, Jr.
Findlay Craft P.C.                         Findlay Craft P.C.
6760 Old Jacksonville Hwy                  6760 Old Jacksonville Hwy
Suite 101                                  Suite 101
Tyler, TX 75703                            Tyler, TX 75703
Phone: 903.534.1100                        Phone: 903.534.1100
Fax: 903.534.1137                          Fax: 903.534.1137
efindlay@findlaycraft.com                  wlackey@findlaycraft.com
Texas Bar #00789886                        Texas Bar #24050901

Adobe Systems, Inc.

Jeff Fisher                                Eugene Mar
Farella Braun + Martel LLP                 Farella Braun + Martel LLP
235 Montgomery St. 17th Floor              235 Montgomery St. 17th Floor
San Francisco, CA 94104                    San Francisco, CA 94104
Phone: 415.954.4400                        Phone: 415.954.4400
Fax: 415.954.4480                          Fax: 415.954.4480
jfisher@fbm.com                            emar@fbm.com
CA Bar #155284                             CA Bar #227071

Deron R. Dacus
The Dacus Firm
821 ESE Loop 323, Ste 430
Tyler, TX 75701
Phone: 903.705.1117
Fax: 903.705.1117
ddacus@dacusfirm.com
Texas Bar #790553

Cognitec Systems Corp. and Cognitec Systems GmbH

Dwayne Keith Goetzel
Meyertons, Hood, Kivlin, Kowert & Goetzel
1120 S. Capital of Texas Hwy
Building 2, Suite 300
Austin, TX 78746
Phone: 512.853.8800
Fax: 512.853.8801
dgoetzel@intprop.com

Texas Bar #08059500

BMAT Licensing S.L., Fulcrum Biometrics, LLC, NEUROtechnology, Futronic Technology Co., Ltd., Iritech, Inc., and M2SYS, LLC

Eric Hugh Findlay
Findlay Craft P.C.
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Phone: 903.534.1100
Fax: 903.534.1137
efindlay@findlaycraft.com
Texas Bar #00789886

Walter Wayne Lackey, Jr.
Findlay Craft P.C.
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Phone: 903.534.1100
Fax: 903.534.1137
wlackey@findlaycraft.com
Texas Bar #24050901

Shazam Entertainment, Ltd.

R. Scott Roe
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone: 212.351.4000
Fax: 212.351.6210
sroe@gibsondunn.com
NY Bar #4480224

Joshua Furman
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone: 212.351.4000
Fax: 212.351.6210
jfurman@gibsondunn.com
NY Bar #4612255

L-1 Identity Solutions, Inc., MorphoTrust USA, Inc., MorphoTrak, Inc., Safran USA, Inc., and Kronos Incorporated

Rita E. Tautkus
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Phone: 415.442.1357
Fax: 415.442.1001
rtautkus@morganlewis.com
CA Bar #162090

Rachael Chan
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Phone: 415.442.1000
Fax: 415.442.1001
rchan@morganlewis.com
CA Bar #265002

Precise Biometrics, Inc. and Precise Biometrics AB

Russell E. Levine, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Phone: (312) 862-2000
Fax: (312) 862-2200

G. William Foster
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Phone: (312) 862-2000
Fax: (312) 862-2200

4

russell.levine@kirkland.com
Illinois Bar #6193834

billy.foster@kirkland.com
Illinois Bar #6309021

Melissa R. Smith
Gillam & Smith
303 S. Washington Avenue
Marshall, TX  75670
Phone:  903.934.8450
Fax:  903.934.9257
melissa@gillamsmithlaw.com
Texas Bar #24001351

Civolution USA, Inc. and Civolution B.V.

Michael A Molano
Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Phone: 650.331.2047
Fax: 650.331.2060
mmolano@mayerbrown.com
CA Bar #171057

Kyle E. Friesen
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Phone:  713.238.2691
Fax:  713.238.4691
kfriesen@mayerbrown.com
Texas Bar # 24061954

TuneCore, Inc.

Susan Dana Roeder
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Phone: 650.473.2600
Fax: 650.473.2601
sroeder@omm.com
CA Bar #160897

CBS Corp., CBS Interactive, Inc., and Last.fm, Ltd.

Byron Beebe
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Phone: 650.802.3000
Fax: 650.850.3100
Byron.beebe@weil.com
CA Bar #235179

3M Cogent, Inc., ZK Technology, LLC, and ZKSoftware Biometric Identification Technology Co., Ltd.

C. Gideon Korrell                          Robert F. Kramer
Dentons US LLP                             Dentons US LLP
1530 Page Mill Road                        1530 Page Mill Road
Ste. 200                                   Ste. 200
Palo Alto, CA 94304-1125                   Palo Alto, CA 94304-1125
Phone: 650.798.0360                        Phone: 650.798.0356
Fax: 650.798.0310                          Fax: 650.798.0310
gideon.korrell@snrdenton.com               robert.kramer@dentons.com
CA Bar #284890 (admitted E.D. Texas)       CA Bar #181706 (admitted E.D. Texas)

SpeechPro, Inc. and Speech Technology Center, LLC

Anthony L. Meola
The Meola Firm, PLLC
2500 Westchester Avenue
Suite 210
Purchase, NY 10577
Phone: 914.825.1039
Fax: 866.865.8362
ameola@themeolafirm.com
New York Bar #2896751

Melissa R. Smith
Gillam & Smith
303 S. Washington Avenue
Marshall, TX  75670
Phone:  903.934.8450
Fax:  903.934.9257
melissa@gillamsmithlaw.com
Texas Bar #24001351

Animetrics, Inc.

J Daniel Harkins
Cox Smith Matthews Inc.
112 East Pecan Street
Suite 1800
San Antonio, TX 78205
Phone: 210.554.5285
Fax: 210.226.8395
dharkins@coxsmith.com
Texas Bar #09008990

Entropic Communications, Inc.

    Jo Dale Carothers                     Eric A. Caligiuri
    Covington & Burling LLP         Covington & Burling LLP
    9191 Towne Center Dr., 6th Fl.   9191 Towne Center Dr., 6th Fl.
    San Diego, CA 92122          San Diego, CA 92122
    Phone: 858.678.1800          Phone: 858.678.1800
    Fax: 858.678.1600            Fax: 858.678.1600
    jdcarothers@cov.com          ecaligiuri@cov.com
    CA Bar #228703               CA Bar #260442

    Allen Gardner
    Potter Minton, PC
    110 N. College, Suite 500
    Tyler, Texas 75702
    Tel: 903.597.8311
    Fax: 903.593.0846
    allengardner@potterminton.com
    Texas Bar #24043679

Texas Instruments, Inc.

    Amanda A. Abraham
    The Roth Law Firm
    115 N. Wellington; Suite 200
    Marshall, Texas 75670
    Phone: 903.935.1665
    Fax: 903.935.1797
    aa@rothfirm.com
    Texas Bar #24055077

Attributor Corp.

    Kristin L Cleveland
    Klarquist Sparkman LLP
    121 SW Salmon Street
    Suite 1600
    Portland, OR 97204
    Phone: 503.595.5300
    Fax: 503.595.5301
    kristin.cleveland@klarquist.com
    Oregon Bar # 001318

    Eric Hugh Findlay            Walter Wayne Lackey, Jr.
    Findlay Craft P.C.            Findlay Craft P.C.
    6760 Old Jacksonville Hwy     6760 Old Jacksonville Hwy

Suite 101                              Suite 101
Tyler, TX 75703                        Tyler, TX 75703
Phone: 903.534.1100                    Phone: 903.534.1100
Fax: 903.534.1137                      Fax: 903.534.1137
efindlay@findlaycraft.com              wlackey@findlaycraft.com
Texas Bar #00789886                    Texas Bar #24050901

iPharro Media, Inc. and iPharro Media, GmbH

Marc Norman Henschke
Foley & Lardner LLP
111 Huntington Ave
Suite 2600
Boston, MA 02199
Phone: 617.342.4000
Fax: 617.342.4001
mhenschke@foley.com
MA Bar #636146 (admitted E.D. Texas)

Irdeto USA, Inc. and Irdeto B.V.

Blake W. Jackson                       Andrew P. Valentine
DLA Piper LLP (US)                     DLA Piper LLP (US)
2000 University Ave.                   2000 University Ave.
East Palo Alto, CA 94303-2215          East Palo Alto, CA 94303-2215
Phone: 650.833.2248                    Phone: 650.833.2065
Fax: 650.833.2001                      Fax: 650.833.2001
blake.jackson@dlapiper.com             andrew.valentine@dlapiper.com
CA Bar #277990                         CA Bar #162094

Technicolor USA, Inc. and Technicolor SA

Andrew M McCoy                         Trevor Carter
Faegre Baker Daniels LLP               Faegre Baker Daniels LLP
300 N Meridian St                      300 N Meridian St.
Suite 2700                             Suite 2700
Indianapolis, IN 46204                 Indianapolis, IN 46204
Phone: 317.237.0300                    Phone: 317.237.0300
Fax: 317.237.1000                      Fax: 317.237.1000
andrew.mccoy@faegrebd.com              trevor.carter@faegrebd.com
Indiana Bar #IN 28297-49               Indiana Bar #IN 18562-49

Iris ID Systems, Inc.

Cecilia Sanabria                       Rajeev Gupta
Finnegan, Henderson, Farabow,          Finnegan, Henderson, Farabow,

8

Garrett & Dunner, LLP                          Garrett & Dunner, LLP
901 New York Avenue,                           NW 901 New York Avenue, NW
Washington, DC 20001                           Washington, DC 20001
Phone: 202.408.4000                            Phone: 202.408.4352
Fax: 202.408.4400                              Fax: 202.408.4400
cecilia.sanabria@finnegan.com                  raj.gupta@finnegan.com
DC Bar #994975                                 DC Bar #973863

ACTV8, Inc.

Myra Mormille-Wolper
Kelley Drye & Warren LLP
333 W Wacker Dr
Ste 2600
Chicago, IL 60606
Phone: 312.857.2501
Fax: 312.857.7095
mmormile@kelleydrye.com
Illinois Bar #6301441

SoundHound, Inc., Zeitera, LLC, AOptix Technologies, Inc., Infinisource, Inc., and Qqest Software Systems, Inc.

Bryan Alexander Kohm                           Teresa Marie Corbin
Fenwick & West LLP                             Fenwick & West LLP
555 California Street                          555 California Street
12th Floor                                     12th Floor
San Francisco, CA 94104                        San Francisco, CA 94104
Phone: 415.875.2300                            Phone: 415.875.2303
Fax: 415.281.1350                              Fax: 415.281.1350
bkohm@fenwick.com                              tcorbin@fenwick.com
CA Bar #233276 (admitted in E.D. Texas)        CA Bar #132360 (admitted in E.D. Texas)

ImageWare Systems, Inc.

James Vincent Fazio, III
San Diego IP Law Group LLP
12526 High Bluff Drive
Suite 300
San Diego, CA 92130
Phone: 858.792.3446
Fax: 858.732.3447
jamesfazio@sandiegoiplaw.com
CA Bar #182253

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Friday, February 7, 2014:

Blue Spike, LLC

>Randall T. Garteiser
>Christopher A. Honea
>Kirk Anderson
>Peter Brasher
>(Same as above)

Axxonsoft US, Inc. and Axxonsoft Ltd.

| | |
|---|---|
| Steve Crenshaw | Erik Milch |
| Cooley LLP | Cooley LLP |
| 11951 Freedom Drive | 11951 Freedom Drive |
| Reston, VA 20190 | Reston, VA 20190 |
| Phone: 703.456.8000 | Phone: 703.456.8000 |
| Fax: 703.456.8100 | Fax: 703.456.8100 |
| screnshaw@cooley.com | emilch@cooley.com |
| Virginia Bar #82016 | Virginia Bar #46375 (admitted E.D. Texas) |

Asure Software, Inc.

>Miguel S. Rodriguez
>Taylor Dunham & Rodriguez, LLP
>301 Congress Ave
>Suite 1050
>Austin, TX 78701
>Phone: 512.469.5465
>Fax: 512.478.4409
>mrodriguez@taylordunham.com
>Texas Bar #24007938

SMRTV, Inc. and The Nielsen Company (US) LLC

>Darren E. Donnelly
>Fenwick & West LLP
>801 California St
>Mountain Valley, CA 94041
>Phone: 650.988.8500
>Fax: 650.938.5200
>ddonnelly@fenwick.com
>CA Bar #194335

Clear Channel Broadcasting, Inc.

    Sarah Pfeiffer
    O'Melveny & Myers LLP
    610 Newport Center Drive
    17th Floor
    Newport Beach, CA 92660
    Phone: 949.823.7957
    Fax: 949.823.6994
    spfeiffer@omm.com
    CA Bar #278205

Ensequence, Inc.

    Julia Elizabeth Markley
    Perkins Coie LLP
    1120 NW Couch
    Tenth Floor
    Portland, OR 97209-4128
    Phone: 503.727.2259
    Fax: 503.346.2259
    jmarkley@perkinscoie.com
    Oregon Bar #00079.

TuneSat, LLC

    Jack Wesley Hill
    Ward & Smith Law Firm
    1127 Judson Road
    Suite 220
    Longview, TX 75606
    Phone: 903.757.6400
    Fax: 903.757.2323
    wh@wsfirm.com
    Texas Bar #24032294

AccuTime Systems, Inc. and Amano Cincinnati, Inc.

    Anthony S. Volpe
    Volpe & Koenig, P.C
    United Plaza
    30 S 17th Street
    Philadelphia, PA 19103
    Phone: 215.568.6400
    Fax: 215.568.6499
    avolpe@vklaw.com

PA Bar #24377

Vobile Inc.

Samuel E. Stubbs (TX Bar No. 19434500)
sam.stubbs@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Phone: 713.276.7600
Fax:  281.276.7673

David A. Jakopin                              Keren Hu
Pillsbury Winthrop Shaw Pittman LLP           Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street                           2550 Hanover Street
Palo Alto, CA 94304-1114                      Palo Alto, CA 94304-1114
Phone: 650.233.4500                           Phone: 650.233.4500
Fax: 650.233.4545                             Fax: 650.233.4545
david.jakopin@pillsburylaw.com                keren.hu@pillsburylaw.com
CA Bar # 209950 (pro hac vice)                CA Bar # 252725 (pro hac vice)

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Tuesday, February 11, 2014:

Blue Spike, LLC

Randall T. Garteiser
Christopher A. Honea
Kirk Anderson
Peter Brasher
(Same as above)

Vercury, Inc.

Margaret Elizabeth Day (CA Bar No. 177125)
eday@feinday.com
Ian N. Feinberg (CA Bar No. 88324)
ifeinberg@feinday.com
Feinberg Day Laberti & Thompson LP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
Telephone:  (650) 618.4360
Facsimile:   (650) 618.4368

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea,

PLLC, 218 N. College Ave, Tyler, Texas 75702 on Tuesday, February 11, 2014:


Blue Spike, LLC

> Randall T. Garteiser
> Christopher A. Honea
> Kirk Anderson
> Peter Brasher
> (Same as above)

Soundmouse Ltd.

> Ryan T. Beard
> Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C.
> 1120 S. Capital of Texas Hwy.
> Bldg. 2, Ste. 300
> Austin, Texas 78746
> Phone: 512.853.8800
> Fax: 512.853.8801
> rbeard@intprop.com
> Texas Bar #24012264

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Wednesday, February 12, 2014
Blue Spike, LLC

> Randall T. Garteiser
> Christopher A. Honea
> Kirk Anderson
> Peter Brasher
> (Same as above)

Zvetco, LLC

> Robert Huntsman
> 10400 W. Overland Road, #174
> Boise, Idaho 83709
> Phone # 208 860 4379 x200
> law2014@huntsmanlg.com
> Idaho Bar#  5345

Viggle, Inc.

> Jordan Sigale
> Loeb & Loeb, LLP

321 North Clark Street
Suite 2300
Chicago, IL 60654
Phone: 312.64.3109
Fax: 312.276.8375
jsigale@loeb.com

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Wednesday, February 12, 2014
Blue Spike, LLC

Christopher A. Honea
(Same as above)

Griaule Technology, LLC

Rachel Axe
10 S 3rd St., Floor 3,
San Jose, California 95113
Phone: +55 19 3289 2108
Rachel.axe@griaulebiometrics.com

**2.      *For any attorney not listed in response to question one, list the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.***

Iris ID Systems, Inc.

Harry L. Gillam, Jr.
Gillam & Smith, LLP
303 South Washington Avenue Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com
Texas Bar No.: 07921800

ImageWare Systems, Inc.

Trevor Q. Coddington, Ph.D.
San Diego IP Law Group LLP
12526 High Bluff Drive, Suite 300

San Diego, CA 92130
Phone: 858.792.3446
Fax: 858.732.3447
trevorcoddington@sandiegoiplaw.com
CA Bar #243042

Shazam Entertainment Limited

Josh A. Krevitt                                  Michael E. Jones
(NY Bar #2568228)                          Texas Bar #10929400
Benjamin Hershkowitz                      mikejones@potterminton.com
(NY Bar #2600559)                          Potter Minton, PC
R. Scott Roe                                     110 North College, Suite 500
(NY Bar #4480224)                          Tyler, Texas 75702
Joshua Furman                                 Phone: 903.597.8311
(NY Bar #4612255)                          Fax: 903.593.0846
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone: 212.351.4000
Fax: 212.351.6210
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
sroe@gibsondunn.com
jfurman@gibsondunn.com

L-1 Identity Solutions, Inc., MorphoTrust USA, Inc., MorphoTrak, Inc., Safran USA, Inc., and Kronos Incorporated

Thomas R. Davis
Texas Bar #24042543
Morgan Lewis & Bockius
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Phone: 713.890.5000
Fax: 713.890.5001
tdavis@morganlewis.com

TuneCore, Inc.:

Melissa R. Smith
Gillam & Smith
303 S. Washington Avenue
Marshall, TX 75670
Phone: 903.934.8450
Fax: 903.934.9257
melissa@gillamsmithlaw.com

Texas Bar #24001351

CBS Corp., CBS Interactive, Inc., and Last.fm, Ltd.

> Edward R. Reines
> Weil, Gotshal & Manges LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA 94065-1134
> Phone: 650.802.3000
> Fax: 650.850.3100
> Edward.reines@weil.com
> CA Bar #135960 (admitted E.D. Texas)

Entropic Communications Inc.

> Michael E. Jones
> Potter Minton PC
> 110 N. College, Suite 500
> Tyler, TX 75702
> Phone: 903.597.8311
> Fax: 903.593.0846
> mikejones@potterminton.com
> Texas Bar #10929400

Cognitec Systems Corp., Cognitec Systems GmbH, Soundmouse Ltd.

> Ryan T. Beard
> Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C.
> 1120 S. Capital of Texas Hwy.
> Bldg. 2, Ste. 300
> Austin, Texas 78746
> Phone: 512.853.8800
> Fax: 512.853.8801
> rbeard@intprop.com
> Texas Bar #24012264

3. *List the correct names of the parties to the action.*

Plaintiff, Blue Spike, LLC and Defendants, Texas Instruments, Inc.; TuneSat, LLC; Attributor Corporation; iPharro Media, Inc.; iPharro Media, GmbH; Vercury, Inc.; Vobile, Inc.; Civolution USA, Inc.; Civolution B.V.; Google Inc.; Adobe Systems, Inc.; Irdeto USA, Inc.; Irdeto B.V.; Technicolor USA, Inc.; Technicolor SA; TuneCore, Inc.; Clear Channel Broadcasting, Inc.; CBS Corp.; CBS Interactive, Inc.; Last.fm, Ltd.; 3M Cogent, Inc.; ZK Technology, LLC; ZKSoftware Biometric Identification Technology

16

Co., Ltd.; Griaule Technology, LLC; L-1 Identity Solutions, Inc.; MorphoTrust USA, Inc.; MorphoTrak, Inc.; Safran USA, Inc.; Kronos Incorporated; Precise Biometrics, Inc.; Precise Biometrics AB; Asure Software, Inc.; Accu-Time Systems, Inc.; Amano Cincinnati, Inc.; SpeechPro, Inc.; Speech Technology Center, LLC; Iris ID Systems, Inc.; Axxonsoft US, Inc.; Axxonsoft Ltd.; Airborne Biometrics Group, Inc.; Cognitec Systems Corp.; Cognitec Systems GmbH; Soundmouse Ltd.; Zvetco, LLC; Audible Magic Corp.; Watchwith, Inc. (formerly known as Related Content Database, Inc. d/b/a Watchwith); WiOffer, LLC; Myxer, Inc.; Facebook, Inc.; MySpace, LLC; Specific Media, LLC; Photobucket.com, Inc.; Dailymotion, Inc.; Dailymotion S.A.; Soundcloud, Inc.; Soundcloud, Ltd.; Qlipso, Inc.; Qlipso Media Network, Ltd.; Yap.tv, Inc.; GoMiso, Inc.; iMesh, Inc.; Metacafe, Inc.; Boodabee Technologies, Inc.; Zedge Holdings, Inc.; Harmonix Music Systems, Inc.; Brightcove, Inc.; Coincident.TV, Inc.; MediaFire, LLC; Accedo Broadband, AB; Accedo Broadband, Inc.; Viggle, Inc.; BMAT Licensing S.L.; Fulcrum Biometrics, LLC; NEUROtechnology; Futronic Technology Co., Ltd.; Iritech, Inc.; M2SYS, LLC; Animetrics, Inc.; ImageWare Systems, Inc.; Shazam Entertainment Ltd.; Entropic Communications, Inc.; ACTV8, Inc.; SoundHound, Inc.; Zeitera, LLC; SMRTV, Inc.; The Nielsen Company, LLC; AOptix Technologies, Inc.; Infinisource, Inc.; Qqest Software Systems, Inc.; and Ensequence, Inc.

Counterclaimant Audible Magic Corp. and Counterclaim Defendants Blue Spike, LLC, Blue Spike, Inc. and Scott A. Moskowitz

**4.**   ***List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related, including the patents involved.***

*Blue Spike, LLC v. U.S.A.*, No. 13-419 C, Court of Federal Claims; involving the same four (4) patents-in-suit for allegedly infringing products made by ImageWare Systems, Inc.; AOptix Technologies, Inc.; Iris ID Systems, Inc.; and Morphotrust USA, Inc. and sold to the United States Government.

*AOptix Technologies, Inc. v. Blue Spike, LLC*, No. C 13-01105 EDL, District Court for the Northern District of California; involving the same four (4) patents-in-suit; action seeking Declaratory Judgment of Patent Noninfringement and Patent Invalidity. This case was filed after the original complaint in this action, and is currently stayed pending this Court's resolution of AOptix Technologies, Inc.'s motion to dismiss for lack of personal jurisdiction.

**5.**   ***Briefly summarize in three (3) pages or less: (a) What this case is about, and (b) Each claim or defense.***

**Blue Spike LLC v. Texas Instruments Inc., et al.**

(a)

This case is about alleged patent infringement of U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and

8,214,175 (the '175) (patents-in-suit).

(b)    CLAIMS

- Count 1 alleges direct, willful, contributory, and indirect infringement of the '175 patent.

- Count 2 alleges direct, willful, contributory, and indirect infringement of the '494 patent.

- Count 3 alleges direct, willful, contributory, and indirect infringement of the '700 patent.

- Count 4 alleges direct, willful, contributory, and indirect infringement of the '472 patent.

DEFENSES

**General Defenses**

Defendants deny infringement of the patents-in-suit.  Defendants further deny the validity of the '175, '494, '700 and '472 patents.  Defendants assert that the '175, '494, '700 and '472 patents are unenforceable due to inequitable conduct. Defendants assert that plaintiff lacks standing to sue on the asserted patents. Defendants assert the defenses of lack of personal jurisdiction, laches, waiver, acquiescence, estoppels, license, implied license, patent exhaustion and unclean hands.  Defendants assert that damages are limited and that plaintiff is not entitled to injunctive relief.   Some defendants have counterclaimed for declaratory judgment of invalidity, non-infringement and unenforceability of the 4 patents-in-suit.

**License Defense of Defendants SMRTV, Inc. and The Nielsen Company**

RPX Corporation provides a "Defensive Patent Aggregation" service through which it mitigates the risks to its members of patent lawsuits from Non-Practicing Entities by acquiring rights to the patents and granting its members licenses, or other similar arrangements to the same effect.  The Blue Spike patents are part of the RPX Defensive Patent Portfolio and RPX is able to grant licenses to its members under them.  Sony Corporation is an RPX member and, pursuant to its membership agreement with RPX, is licensed under the Blue Spike patents.  By virtue of this license, SMRTV, Inc. and The Nielsen Company claim (1) their use of accused technology has been authorized by Blue Spike and cannot be an infringement and (2) they have a defense of license and patent exhaustion barring the relief Blue Spike seeks from them.

Defendant ZVetco is also a third-party RPX licensee and concurs with the

position cited by Defendants SMRTV/Nielsen.

**Audible Magic Corp. v. Blue Spike, LLC, Blue Spike, Inc. and Scott A. Moskowitz**

Defendant Audible Magic Corp. ("Audible Magic") asserts a counterclaim of common law unjust enrichment against Blue Spike LLC, Blue Spike, Inc. and Scott A. Moskowitz for their wrongful and unjust taking of information, technology and ideas from Audible Magic and its predecessor, Muscle Fish LLC. Audible Magic asserts a counterclaim of unenforceability due to inequitable conduct. Audible Magic further asserts a counterclaim of false advertising under the Lanham Act against Blue Spike LLC, Blue Spike, Inc. and Scott A. Moskowitz for their false and misleading website statements regarding Blue Spike's purported technology and products in relation to the technology and products of Audible Magic and others. Audible Magic further asserts a counterclaim of infringement of U.S. Patent No. 6,834,308, entitled "Method and Apparatus for Identifying Media Content Presented on a Media Playing Device," against Blue Spike LLC and Blue Spike, Inc. Audible Magic contends that Blue Spike LLC and Blue Spike, Inc. made, used, offered for sale, sold, and/or imported into the United States systems and methods covered by the claims of the '308 patent. Audible Magic seeks damages and injunctive relief for the violations set forth in these counterclaims.

**6.** *List anticipated additional parties that may be included, when they might be added, and by whom.*

None anticipated.

**7.** *List anticipated intervenors.*

None anticipated.

**8.** *In view of the high volume of related cases consolidated in this action and the correspondingly large number of parties involved, the parties should propose a joint plan for managing the cases efficiently. Among other issues to be addressed include: (1) whether the Court should order consolidated Markman briefing; (2) whether the cases and parties should proceed in groups and how those groups would be defined; and (3) any other measures that would conserve the resources of the parties and Court.*

**Blue Spike's Position**

(1) Plaintiff Blue Spike favors a consolidated *Markman* Hearing to avoid prejudice to any accused infringer and avoid inconsistent *Markman* rulings.

(2) Plaintiff is in agreement to certain Defendants' proposal to phase the litigation by "Supplier Defendant" and "Customer Defendant" groupings if the Customer

Defendants will be bound by any findings of validity, enforceability and infringement in favor of Blue Spike. Therefore, if validity, enforceability and infringement are found in Blue Spike's favor in the Supplier Defendant phase, the Customer Defendants will only proceed to trial on the remaining issues of willfulness and damages.

(3) The parties were unable to come to any other agreement on any other measures that would conserve the resources of the parties and Court.

## Certain Defendants' Position[1]

### Consolidated Markman

Defendants will exercise their best efforts to consolidate *Markman* briefing where possible. However, given the number of defendants whose positions must be accounted for, and the broad variety of Defendants' products and concomitant issues impacting the merits from claim construction, Defendants request that the Court permit briefs of greater length than under the local rules and that the Court also permit Defendants to file supplemental briefing, if and as appropriate.

### Proposed Groupings

Defendants propose two groupings of defendants. First, Defendants propose a

---

[1]   At least the following Defendants adopt this position: Audible Magic Corp., Google Inc., Civolution USA, Inc., Civolution B.V., 3M Cogent Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., Safran USA, Inc., L-1 Identity Solutions, Inc., Airborne Biometrics Group, Inc, ImageWare Systems, Inc., Clear Channel Broadcasting, Inc., Cognitec Systems GmbH, TuneSat LLC, Shazam Entertainment Ltd., Adobe Systems, Inc., Texas Instruments Incorporated, Vobile, Inc., Last.fm, Attributor Corporation, Animetrics, Inc., Iris ID Systems, Inc., ZK Technology, LLC, ZK Software Biometric Identification Technology Co., Ltd., Precise Biometrics, Inc., Precise Biometrics AB, SpeechPro, Inc., Speech Technology Center, LLC, iPharro Media, Inc., iPharro Media, GmbH, Asure Software, Inc., BMAT Licensing S.L., Futronic Technology Co., Fulcrum Biometrics, LLC, NEUROtechnology, Iritech, Inc., M2SYS,  Axxonsoft US, Inc., Axxonsoft Ltd., SoundHound, Inc., Zeitera, LLC, AOptix Technologies, Inc., Infinisource, Inc., Qqest Software Systems, Inc.; Irdeto USA, Inc., Irdeto B.V., Facebook, Inc., MySpace LLC, Specific Media LLC, Photobucket.com, Inc., Dailymotion, Inc., Dailymotion S.A., Soundcloud, Inc., Soundcloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks Ltd., Yap.TV, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Harmonix Music Systems, Inc., Brightcove, Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire LLC, WiOffer, LLC, CBS Interactive, Inc., TuneCore, Inc.,  Entropic Communications, Inc., Watchwith, Inc. (formerly known as Related Content Database, Inc. d/b/a Watchwith), Kronos Incorporated, Cognitec Systems Corp., CBS Interactive, CBS Corporation, ACTV8, Inc.

group of "Supplier Defendants" and "Independent Defendants" comprised of (i) companies that make and/or sell the accused "content recognition" technologies at issue in these consolidated cases or (ii) companies that stopped using the accused technology prior to the initiation of the lawsuit (e.g. Adobe Systems).   Second, Defendants propose a group of "Customer Defendants" comprised of companies that only use the accused "content recognition" technology of others, but do not make or sell any content recognition technology themselves.   The proposed groups are as follows:

Supplier and Independent Defendants[2]

Audible Magic Corp., Google Inc., Civolution USA, Inc., Civolution B.V., 3M Cogent Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., Safran USA, Inc., L-1 Identity Solutions, Inc., Airborne Biometrics Group, Inc, ImageWare Systems, Inc., Clear Channel Broadcasting, Inc., Cognitec Systems GmbH, Shazam Entertainment Ltd., Adobe Systems, Inc., Texas Instruments Incorporated, Vobile, Inc., Last.fm, Attributor Corporation, Animetrics, Inc., Iris ID Systems, Inc., ZK Technology, LLC, ZK Software Biometric Identification Technology Co., Ltd., Precise Biometrics, Inc., Precise Biometrics AB, SpeechPro, Inc., Speech Technology Center, LLC, iPharro Media, Inc., iPharro Media, GmbH, Asure Software, Inc., BMAT Licensing S.L., Futronic Technology Co., Fulcrum Biometrics, LLC, NEUROtechnology, Iritech, Inc., M2SYS, LLC, SoundHound, Inc., Zeitera, LLC, AOptix Technologies, Inc., Infinisource, Inc., Facebook, Inc., Qqest Software Systems, Inc.

Customer Defendants[3]

Facebook, Inc. (Audible Magic accused technology), MySpace LLC, Specific Media LLC, Photobucket.com, Inc., Dailymotion, Inc., Dailymotion S.A., Soundcloud, Inc., Soundcloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks Ltd., Yap.TV, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Harmonix Music Systems, Inc., Brightcove, Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire LLC, WiOffer, LLC, CBS Interactive,

---

[2] The listing of a particular Defendant in the proposed Supplier and Independent Defendants grouping is not an admission that Defendant have sold or offered for sale the accused technology in the United States.   Furthermore, Defendants Fulcrum Biometrics, LLC, M2SYS, LLC, Futronic Technology Co., Ltd., Iritech, Inc., and BMAT Licensing S.L. reserve the right to establish their position as solely integrators for all purposes, including scheduling and grouping, and establishing defenses. However, at this time said Defendants are willing to be included as Supplier Defendants.

[3] Customer Defendants reserve the right to be included in the Supplier/Independent group, if appropriate, based on new allegations in any amended pleadings, once they have had an opportunity and ability to investigate the amended pleadings and infringement contentions.

Inc., TuneCore, Inc.,[4] Entropic Communications, Inc., Watchwith, Inc. (formerly known as Related Content Database, Inc. d/b/a Watchwith), Kronos Incorporated, Cognitec Systems Corp., CBS Interactive, CBS Corporation, ACTV8, Inc., SMRTV Inc., The Nielsen Company (US) LLC, ZVetco, LLC, Axxonsoft US, Inc., Axxonsoft Ltd., Irdeto USA, Inc., Irdeto B.V.

Defendants propose an alternative case management plan that establishes two separate and different discovery and trial schedules for the "Supplier Defendants" and the "Customer Defendants." These groupings of defendants and separate schedules would further judicial economy and efficiency in these cases, in the same manner and for the same reasons that this Court has ordered such groupings, to manage its docket, in prior multi-defendant patent cases. *See Keranos LLC v. Analog Devices et al.* and *Samsung Electronics Co. Ltd. et al v. Keranos LLC* (consolidated case 2:13-cv-00018-MHS (EDTX), Docket No. 1). In these cases, the claims against the Supplier Defendants will resolve many of the issues related to the Customer Defendants. Indeed, the Supplier Defendants know their own technology better than the Customer Defendants, and are in the best position and have the most motivation to litigate issues of infringement, invalidity, unenforceability and ownership of the patents, and related counterclaims (for example, Audible Magic's counterclaims related to taking of its property). The Customer Defendants are not necessary to proceedings resolving the core issues in the infringement and invalidity disputes. If the cases against the Supplier Defendants are litigated through trial before any discovery or pre-trial proceedings begin for Customer Defendants, the earlier trial could resolve either infringement or invalidity issues decisively, or, if the decisions are in favor of Blue Spike, in such a way that, as a practical matter, there are fewer remaining issues. As the Federal Judicial Center observes in its Patent Case Management Judicial Guide, in cases like this one "customers are generally superfluous to the litigation," and, as a result, "[o]ften, the court will stay the cases against the customer defendants, pending the resolution of the litigation against the manufacturer defendants in order to decrease litigation costs and to streamline the case."[5] Also, to the extent Supplier Defendants have indemnification obligations, if they settle, it will resolve at least some of the customer cases. The proposed phased approach is particularly appropriate given the early stage of these proceedings. Defendants propose below a modified version of the "Proposed Dates for Scheduling," which reflects separate discovery, pre-trial and trial schedules for "Supplier Defendants" and "Customer Defendants." It should be noted that the proposed schedule for the "Supplier Defendants" closely tracks this Court's own proposed dates.

---

[4] TuneCore Inc. disputes that it uses any content recognition technology at all, but plaintiff alleges that TuneCore uses Audible Magic's technology.

[5] Menell, Peter S. et al., Patent Case Management Judicial Guide - Second Edition (Federal Judicial Center, July 20, 2012) at 2-66. Available at SSRN: http://ssrn.com/abstract=2114398.

The "Independent Defendants" such as Adobe share the same motivation as the "Supplier Defendants" to litigate and resolve core issues of infringement and invalidity.  Additionally, Adobe believes that licenses that have been entered into by Blue Spike may also dispose of claims in this case. Adjudication of the scope of these licenses and/or exhaustion of patent rights should be handled during the "Supplier/Independent Defendants" phase of the case because this action was filed 17 months ago and this issue may be case-dispositive as to certain parties.

On or before March 3, 2014, or as soon as practicable thereafter, each of the Customer Defendants will either submit a declaration or refer the Court to a previously filed declaration or pleading that it has used or is alleged by Blue Spike to have used the accused technology of "Supplier Defendants," or others, has not changed or modified such accused technology but has only used such technology of Supplier Defendants or others as intended.  Further, in order to maximize efficiencies and simplification of issues, each of the Customer Defendants is willing to be bound by a final invalidity decision based on a prior version of that Defendant's supplier's product, product feature, or product component, to the same extent as that Defendant's supplier.  Customer Defendants will also be bound regarding any finding of infringement by Supplier Defendants' technology, as to elements of asserted claims directed at Supplier Defendants' technology, but will not be so bound with respect to infringement assertions concerning any claims or issues that are different or beyond Suppliers Defendants' technology.[6]  Other Courts that have phased proceedings between supplier and customer defendants have recognized the efficiencies of this approach.  *See Infinite Data LLC. v. Amazon.com, Inc.* (case 1:12-cv-01616-RGA (D. Del.), Docket No. 32)

**Defendants Zvetco, LLC**

With respect to grouping, Zvetco believes that there is a third possible group the Court should consider.   Zvetco is a reseller primarily of Apple Computer Products, approximately 95% of its revenue comes from the sale of Apple products.   Other defendants may be similarly situated. Thus, in addition to supplier (Group 1), and customers of the suppliers who are a party to this action (Group 2)), there is a third group, namely customers of suppliers who are not a party to this action [like Apple](Group 3).   This third group needs to have its own discovery rules and scheduling accommodations because the technical details required to prove or disprove infringement cannot be found using discovery amongst the parties.   ZVetco believes that if the plaintiff is suing Zvetco for selling non-party products, the plaintiff is derelict in its prefiling inquiry obligations and should be required to obtain access to the necessary technical data

---

[6] These provisions do not apply to SMRTV and Nielsen who have a supplier that is not a Supplier Defendant, or to TuneCore, which Blue Spike accuses of using Audible Magic's technology but which denies using any content recognition technology.

<u>before</u> being allowed to proceed in this forum to litigate a matter that is essentially between the plaintiff and the non-party.  Alternatively, the plaintiff should be required to join such suppliers when feasible before being allowed to pursue claims against much smaller resellers.

### Defendants Attributor, Technicolor USA, Inc. and Technicolor SA's Position

Plaintiff's seriatim suit approach has caused this litigation to swell to over 40 consolidated matters, the first of which was filed 17 months ago.  Attributor is concerned that it, a small player, will have little voice in defending itself in this case, as claim terms, summary judgment brief pages, and other important materials must be split with defendants with different levels of exposure and offering based on different technologies.  Technicolor USA, Inc. and Technicolor SA have the same concern based on not having any commercialization of accused infringing activity.

Creating from this morass a manageable case structure is likely to require more information than the plaintiff is willing to tell defendants at this juncture.  For example, in the 26(f) conference, Blue Spike chose not to disclose which claims (of the over 110 claims) are being asserted against which defendants.  Similarly, Defendants do not know the contours of precisely what may be accused of infringement.   While Attributor respects that this information may not be currently "due" under any rule or order, it is precisely the type of information that is needed to address the Court's inquiries in Items 8 and 9 as to how this case can be grouped to achieve maximum efficiency.

Accordingly, Attributor, Technicolor USA, Inc., and Technicolor SA propose a schedule that builds in 1) resolution of all the motions to transfer to ascertain the set of defendants that will remain in this jurisdiction; and 2) a further case management conference to address the Court's questions regarding efficient groupings of all remaining defendants, once the parties have the benefit of infringement contentions.  Attributor recommends that the Status Conference to Determine Groupings for Claim Construction Proceedings proceed at the Court's convenience between March 17 and June 15, 2014.

This proposal is consistent with the Court's request to address efficient groupings – and will address that issue with more relevant information.  This proposal is consistent with various defendants' request for stay pending the motions to transfer, providing the Court time to resolve that issue.

Attributor, Technicolor USA, Inc., and Technicolor SA do not object to a stay or phasing of "customers" as proposed by some other defendants, as the case may be more manageable if customer discovery is deferred.

### Defendant Soundmouse's Position

Soundmouse proposes that the Court stay this matter until all motions to transfer and motions to dismiss are resolved by the Court.  Soundmouse is not opposed to the parties engaging in attempts to settle matters during this stay period, as proposed by Plaintiff.   However, Soundmouse opposes the disclosure of any technical information (as proposed by Plaintiff) because such information is not relevant to settlement talks.

Once the Court determines which parties should remain in the case, Soundmouse proposes that the Court appoint a Special Master to determine reasonable groupings for the case.  The Special Master, in conjunction with Plaintiff and the Defendants, should determine up to five (5) defendants with the largest potential damages.  Plaintiff should be able to identify these parties based on the before mentioned settlement talks and disclosure of certain financial information during those talks.   Those defendants, and their customers, should proceed through determination by the Court of summary judgment motions.  These defendants will have the greatest incentive to litigate this matter because they have the most to lose.  Moreover, a small initial group will allow the parties and the Court the ability to more effectively manage the case and permit parties an actual voice on *Markman* issues, dispositive motions, and other case issues (as opposed to a large group of defendants flooding the court with papers on every issue).  Requiring 80 defendants (as proposed by Plaintiff) or even half that amount (as proposed by other defendants) to proceed through *Markman* and dispositive issues at once ensures that certain defendants won't have their voice heard and will have to compromise their positions based on what the "group" of defendants wants.

Once this initial group is through the summary judgment phase of the case (and the Court has decided those dispositive issues), the Special Master should then decide, in conjunction with the Plaintiff and the remaining defendants, additional groups and a phased schedule for those parties.   Allowing a small group of defendants to first litigate matters will resolve many issues between the parties and simplify the case.

Soundmouse does not agree with Plaintiff's proposed "grouping" because it does not establish any groups whatsoever and will require all defendants to go through the entire schedule at the same time.  Soundmouse also does not agree with the first proposal set forth by certain defendants because (1) the groups will be too large, and (2) it does not make sense to exclude customers from suppliers in groups because both the customer and supplier will have the same common products and patent claims at issue (all of which should be resolved by the Court at the same time and at trial at the same time).

### Defendants SMRTV, Inc. and the Nielsen Company

Like the Customers in proposed Supplier-Customer phasing above, neither SMRTV nor Nielsen makes its own accused technology.  Unlike, the Customers in that grouping however, the question of whether their suppliers' technology can

give rise to liability for infringement generally appears not to be in dispute.  Blue Spike's complaints against these defendants accuse technology from a supplier that Blue Spike has not (and cannot) accuse of infringement.  That supplier enjoys the benefit of a license that RPX obtained from Blue Spike for its members and Blue Spike's patents cannot reach the suppliers' licensed customers.  SMRTV and Nielsen have met and conferred with Blue Spike's counsel a number of times and Blue Spike has offered no substantive position disputing that the supplier is licensed.  In the event that Blue Spike does not dismiss these parties by the date of the Scheduling Conference, they propose (1) the court or a special master hear summary judgment on the defense of license at the outset of the case to avoid wasteful technical and other discovery not necessary to it, and (2) a stay of discovery not related to their license defense.

Defendant ZVetco is also a third-party RPX licensee and concurs with the position cited by Defendants SMRTV/Nielsen.

## Defendants Accu-Time Systems and Amano Cincinnati Position

Accu-Time and Amano Cincinnati propose that the Court stay this matter until all motions to transfer and/or to dismiss are resolved by the Court.  They are not opposed to the parties engaging in settlement discussions during this stay period.

Accu-Time and Amano Cincinnati do not fall within either of the identified groups as they are integrators who purchase from Supplier Defendants and incorporate the purchased products as black boxes into a finished product that is sold to the end users. Notwithstanding their distinction as integrators, they are willing to be included as Customer Defendants for the current purposes and will submit declarations that they have not modified or changed the accused products but have only used the products of the Supplier Defendants as intend.

Accu-Time and Amano Cincinnati deciding the all pending motions and sequencing through the proposed phases of Supplier Defendants and Customer Defendants will make the case more manageable.

## Defendants Irdeto USA, Inc. and Irdeto B.V. Position

Like Accu-Time and Amano Cincinnati, Defendant Irdeto is an integrator that purchased the accused technology from others and incorporated the purchased products as black boxes into a finished product that is sold to end users. Notwithstanding this distinction, Irdeto is willing to be included as a Customer Defendant for the current purposes and will submit a declaration that it has not modified or changed the accused products but has only used the products supplied by others.

## Defendant SoundHound, Inc.

Blue Spike denied SoundHound the benefit of settlement agreements and licenses during the parties' settlement discussions, and SoundHound believes that with the benefit of these materials a mediation could possibly be productive.  As such, and in order to avoid the cost of engaging in litigation activities in the meantime, SoundHound supports the approach of temporarily staying the action after the service of infringement contentions, as well as resolution of any disputes concerning the adequacy of those contentions, to allow mediations to proceed, provided that Blue Spike is required to produce all settlements, licenses and any other agreement conveying rights to the patents-in-suit or memorializing an agreement not to assert one or more of the patents-in-suit for any period of time.

With respect to the consolidated Markman and the proposed groupings, SoundHound is in agreement with Certain Defendants as outlined above.

9.  ***The Court is considering appointment of a special master in this case under Federal Rule of Civil Procedure 53. The Court may ask the special master to form defendant groups based on criteria identified by the special master, establish guidelines for efficient discovery practices applicable to all the consolidated cases, resolve discovery disputes, and address any other pretrial matters that could more effectively and timely be addressed by the special master rather than the Court. The parties should indicate any concerns they have with this process, clearly articulating the reasons underlying those concerns. Regardless of whether the parties agree to the appointment of a special master, they should outline the recommended parameters of the special master's authority, should the Court appoint one.***

**Blue Spike's Position**

Plaintiff is not opposed to appointment of a Special Master and initially proposed Retired Judges Guthrie and David Folsom as potential appointees. Plaintiff considers Special Masters to be helpful in resolving Discovery disputes, which would allow all the parties to more appropriately handle the fees associated with the use of the Special Master. Plaintiff proposes the losing party of the discovery dispute pay the fees of the Special Master associated with scheduling, preparing and ruling upon the discovery dispute.  Plaintiff proposes Special Master Discovery Orders need not be in writing to help reduce the cost of the proceedings, should they be required.  Plaintiff also agrees to telephonic hearings before the Special Master for counsel not located in the immediate area.

Plaintiff's loser pays approach will reduce motion practice and the potential for discovery abuse by all parties. Defendants indicate Plaintiff's loser pays approach is unworkable as some resolutions may end up in no clear winner.  Plaintiff agrees that this is a possibility but feels certain Judge Guthrie is wise enough to handle such an occurrence, should it present itself.

Plaintiff is not opposed to certain Defendants' proposal of a current sitting Eastern District of Texas Magistrate Judge as a special master if the Court should choose to do so, but Plaintiff disagrees that the Special Master should rule on any matters of a dispositive nature.

## Defendants' Position

Parties generally do not oppose the appointment of a Special Master in this case under Federal Rule of Civil Procedure 53 and Local Rule Appendix B(H). Pursuant to 28 U.S.C. Section 636(b)(2) and Rule 53 and upon consent of all parties to this action, parties request that this court designate a current sitting Eastern District of Texas Magistrate Judge as a special master, notwithstanding the limitations of Rule 53(b), to aid the court in managing all pretrial matters, establish guidelines for efficient discovery practice and resolve discovery disputes. To the extent the Magistrate Judges assigned to this division are unable or unwilling to act in this case in the capacity outlined by your Honor, parties would ask that a Magistrate Judge outside this division be considered as availability allows. Parties believe that the use of a Magistrate Judge is preferable as a Magistrate Judge may exercise greater power and duties than a Special Master in private practice, specifically including final determinations of non-dispositive pretrial matters.

One or more Defendant may also submit disputes pertaining to potential license defenses, patent exhaustion, and/or successor liability issues to a Special Master after discussion with the Plaintiff and the Special Master. The proposed groupings of defendants and dual schedule proposed by Defendants will minimize the burden on the Court, special master and parties alike.

Plaintiff proposed to use Judge Guthrie or Judge Folsom as a special master. Certain Defendants object to Judge Guthrie as a special master and certain Defendants object to Judge Folsom as a special master.

## Soundmouse's Position

Soundmouse is not opposed to the appointment of a Special Master to establish groupings and to resolve discovery issues. All costs for the special master should be split as follows: 50% paid by Plaintiff and 50% paid by any defendants requiring the Special Master's intervention. Plaintiff created this situation by filing suit against this large a group of defendants at one time and should therefore bear the costs of managing the group. Soundmouse is not opposed to Retired Judge Guthrie being the Special Master.

## ZVetco's and ImageWare Systems, Inc.'s Position

Defendants ZVetco and ImageWare Systems, Inc. believe that the only reason a special master is needed is because the plaintiff has unduly complicated the case by failing to properly screen appropriate defendants and thus ZVetco urges the

Court to consider using its broad equitable powers and require the plaintiff to bear all of the cost of a special master at least as to the small defendants.  With such an apportionment the plaintiff would have needed incentive to properly screen cases up front, rather than providing the incentive liberally sue and  use this Court and its resources to screen defendants.

Alternatively ZVetco agrees with defendant SoundMouse that if costs are apportioned, equity requires that the plaintiff bear 50% of the costs and the defendants collectively bear 50% of the cost.  That would be the result if each case was litigated separately.  This pretrial consolidation is being done as a matter of judicial economy, not as a courtesy to the plaintiff nor as a matter of shifting cost-related burdens from the plaintiff to the defendants and there is no reason why the small defendants should be subsidizing the plaintiff's fair share of costs.

**10.     Describe the proposed discovery/case management plan, including:**

**(a)     In accordance with Rule 26(f):**

**(1)     Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made.**

*See* Proposed Dates For Scheduling, ¶ 18 and **Exhibit A (**Proposed Discovery Order**).**

**(2)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues.**

*See* Proposed Dates For Scheduling, ¶ 18 and **Exhibit A** (Proposed Discovery Order*).*

**(3)     In view of the Court's recent order on e-discovery, any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;**

The parties are addressing this issue with potential modifications to the Court's provided e-Discovery Order (Dkt. No. 1136).

**(4)     The steps already taken or that will be taken for preserving discoverable information, including ESI;**

The parties understand their obligations to preserve discoverable information and have acted accordingly.

**(5)     Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production; and**

The parties are working together to modify the Court's Initial Protective Order that will address these issues.

**(6)    *Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and the Court's standard Scheduling and Discovery Order available on the Court's Website.***

*See* Exhibit A (Proposed Discovery Order).

**(b)    *Of whom and by when Plaintiff anticipates taking oral depositions.***

*See* Proposed Dates For Scheduling, ¶ 18 and Proposed Discovery Order**.**

**(c)    *Of whom and by when Defendant anticipates taking oral depositions.***

*See* Proposed Dates For Scheduling, ¶ 18 and Proposed Discovery Order**.**

**(d)    *When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.***

*See* Proposed Dates For Scheduling, ¶ 18 and Proposed Discovery Order**.**

**(e)    *When the opposing party anticipates taking expert depositions and the anticipated completion date.***

*See* Proposed Dates For Scheduling, ¶ 18 and Proposed Discovery Order**.**

**(f)    *Whether the Court should authorize the filing under seal of any documents containing confidential information.***

Yes, the Parties agree the Court should allow documents designated confidential to be filed under seal.

**(g)    *If the parties disagree on any part of the discovery plan, describe the opposing views.***

At this point, the parties have not had any disagreements.

**11.    *Specify any discovery beyond the initial disclosures that has taken place to date.***

Blue Spike, LLC has conducted limited Jurisdictional Discovery with Defendant AOptix Technologies, Inc. and is conducting limited Jurisdictional Discovery with Defendant Last.fm.

**12.    *State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.***

**(a)    *Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.***

**(b)    *Describe what each party has done or agreed to do to bring about a prompt***

*resolution of this case.*

**(c)** **State whether a demand and an offer have been made.**

Sections (b) and (c) are addressed below with each respective defendant.

**(d)** **If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate**.

Accu-Time Systems, Inc.
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

ACTV8, Inc.
- A settlement NDA has been executed, and the parties are finalizing a settlement.

Adobe Systems, Inc.
- *Plaintiff's* Statement: A settlement NDA was executed and an offer was provided. Defendant declined the offer, more discussions were had, but ultimately more financial information will be needed from defendant.
- *Defendant's Statement*: A settlement NDA was executed and an offer was provided. Defendant declined the offer, more discussions were had, but the parties have been unable to reach an agreement. Defendant requires production of plaintiff's license and settlement agreement(s), including any such agreements with former defendant Yahoo, Inc., which defendant believes may cover its limited use of the accused technology.

Airborne Biometrics Group, Inc.
- Before discussing and providing an offer, Plaintiff has attempted to negotiate a settlement NDA, but defendant has yet to provide feedback.

Amano Cincinnati, Inc.
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

Animetrics, Inc.
- A settlement NDA has been executed, and the parties are finalizing a settlement.

AOptix Technologies, Inc.
- *Plaintiff's Statement*:  A settlement NDA was executed, information and offers were exchanged, but an agreement could not be reached.
- *Defendant's Statement*: Plaintiff was unwilling to provide its previous settlement and license agreements on the grounds that they contained confidentiality provisions preventing disclosure.  Production of these materials is necessary for the continuance of substantive settlement negotiations.

Asure Software, Inc.
- A settlement NDA was executed, offers have been exchanged, and discussions continue towards a potential resolution.

Attributor Corp.
- *Plaintiff's Statement*: A settlement NDA has been executed.  Plaintiff provided an offer, but defendant has yet to respond.
- *Defendant's Statement*: A settlement NDA has been executed.  Plaintiff has not returned counsel's follow-up call.

Audible Magic Corp. (on behalf of itself and its customers)
- The parties took part in mediation before Retired Judge David Folsom in which offers and counter offers were exchanged, but a settlement was not reached.  The parties are currently not negotiating.

WiOffer, LLC, Myxer, Inc., Facebook, Inc., MySpace, LLC, Specific Media, LLC, Photobucket.com, Inc., Dailymotion, Inc., Dailymotion S.A., Soundcloud, Inc., Soundcloud, Ltd., Qlipso, Inc., Qlipso Media Network, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Harmonix Music Systems, Inc., Brightcove, Inc., Coincident.TV, Inc., MediaFire, LLC, Accedo Broadband, AB, and Accedo Broadband, Inc.
- These defendants are represented by the same counsel as Audible Magic Corp., and no discussions have been initiated beyond those of the above mentioned mediation.

Watchwith, Inc. (formerly known as Related Content Database, Inc. d/b/a Watchwith)
- *Plaintiff's Statement*: Plaintiff does not recall Watchwith's counsel's request and will be reaching out to Watchwith's counsel.
- *Defendant's Statement*: Defendant requested to enter into a settlement NDA, but Plaintiff refused to negotiate with Watchwith's counsel.

Axxonsoft US, Inc. and Axxonsoft Ltd.
- *Plaintiff's Statement:* A settlement NDA was executed, information was exchanged, Plaintiff provided an offer, but defendant has yet to respond.
- *Defendants' Statement:* A settlement NDA was executed, information was exchanged, Plaintiff provided an offer, Defendant countered, and the parties have reached a preliminary understanding that Plaintiff will dismiss the case upon certain conditions fulfilled by AxxonSoft.

BMAT Licensing S.L.
- *Plaintiff's Statement*: A settlement NDA was provided, but defendant has yet to respond.
- *Defendant's Statement*:  In addition, Defendant has informed Plaintiff that in general it prefers to wait until such time as Plaintiff has provided all previous settlement and license agreements before continuing with substantive settlement negotiations.

CBS Corp., CBS Interactive, Inc., and Last.fm, Ltd.
- A settlement NDA was executed, plaintiff provided an offer, defendant has declined but has yet to provide a counter.

Civolution USA, Inc. and Civolution B.V.
- A settlement NDA was offered, but defendant has refused to consider.

Clear Channel Broadcasting, Inc.
- A settlement NDA was executed, offers have been exchanged, but the parties are too far apart at this time for an agreement to be reached.

Cognitec Systems Corp. and Cognitec Systems GmbH
- *Plaintiff's Statement*: Defendant has refused to execute a settlement NDA to facilitate discussions.
- *Cognitec's Statement*:  Counsel for Cognitec Systems Corp. and Cognitec Systems GmbH has attempted to discuss settlement with counsel for plaintiffs, who have insisted on signature of a nondisclosure agreement prior to addressing even basic terms such as general amounts or general royalty percentages sought.  The terms of the NDA cannot be agreed to, thereby resulting in no movement on settlement discussions.

Ensequence
- Plaintiff has recently reached out to ascertain whether defendant is interested in executing a settlement NDA and is waiting on a response.

Entropic Communications, Inc.
- Plaintiff has recently reached out to ascertain whether defendant is interested in executing a settlement NDA and is waiting on a response.  Entropic has received the request and is considering its position.

Fulcrum Biometrics, LLC
- *Plaintiff's Statement*: Plaintiff has recently reached out to ascertain whether defendant is interested in executing a settlement NDA and is waiting on a response.
- *Defendant's Statement*:  In addition, Defendant has informed Plaintiff that in general it prefers to wait until such time as Plaintiff has provided all previous settlement and license agreements before continuing with substantive settlement negotiations.

Futronic Technology Co., Ltd.
- *Plaintiff's Statement*: A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.
- *Defendant's Statement*:  In addition, Defendant has informed Plaintiff that in general it prefers to wait until such time as Plaintiff has provided all previous settlement and license agreements before continuing with substantive settlement negotiations.

Google Inc.
- An NDA was executed and a settlement conference took place. Plaintiff provided an offer, and defendant has yet to accept, refuse or counter.

Griaule Technology, LLC

- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

ImageWare Systems, Inc.
- A settlement NDA was executed, information and offers were exchanged, but an agreement could not be reached.

Infinisource, Inc., and Qqest Software Systems, Inc.
- *Plaintiff's Statement*: A settlement NDA has been executed, plaintiff provided an offer, but defendant has yet to respond.
- *Defendants' Statement*: Plaintiff was unwilling to provide its previous settlement and license agreements on the grounds that they contained confidentiality provisions preventing disclosure.  Production of these materials is necessary for the continuance of substantive settlement negotiations.

iPharro Media, Inc. and iPharro Media, GmbH
- A settlement NDA was negotiated, but defendants stopped responding to discussions.

Irdeto USA, Inc. and Irdeto B.V.
- A settlement NDA was executed, the parties exchanged information, but have failed to come to a resolution

Iris ID Systems, Inc.
- A settlement NDA was executed, an offer was made, and discussions continue towards a potential resolution.

Iritech, Inc.
- *Plaintiff's Statement*: A settlement NDA was provided, but defendant has yet to respond.
- *Defendant's Statement*:  In addition, Defendant has informed Plaintiff that in general it prefers to wait until such time as Plaintiff has provided all previous settlement and license agreements before continuing with substantive settlement negotiations.


Kronos Incorporated
- A settlement NDA was provided, but defendants have not executed or provided feedback.

L-1 Identity Solutions, Inc., MorphoTrust USA, Inc., MorphoTrak, Inc., and Safran USA, Inc.
- A settlement NDA was provided and extensive feedback was provided by the defendants regarding the terms of the NDA.  The parties did not reach an agreement to its terms.

M2SYS, LLC
- *Plaintiff's Statement*: A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.
- *Defendant's Statement*:  In addition, Defendant has informed Plaintiff that in general it prefers to wait until such time as Plaintiff has provided all previous settlement and license agreements before continuing with substantive settlement negotiations.

NEUROtechnology
- *Plaintiff's Statement*: A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.
- *Defendant's Statement*:  In addition, Defendant has informed Plaintiff that in general it prefers to wait until such time as Plaintiff has provided all previous settlement and license agreements before continuing with substantive settlement negotiations.


Precise Biometrics, Inc. and Precise Biometrics AB
- A settlement NDA was executed, plaintiff provided an offer, and negotiations have recently restarted.

Shazam Entertainment, Ltd.
- A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.

SMRTV, Inc.
- A mutual NDA was executed and the parties have discussed certain confidential issues, but there are disagreements that prevent a resolution.

SoundHound, Inc.
- *Plaintiff's Statement*: A settlement NDA was executed, information and offers were exchanged, but an agreement could not be reached.
- *Defendant's Statement:* Plaintiff was unwilling to provide its previous settlement and license agreements on the grounds that they contained confidentiality provisions preventing disclosure.  Production of these materials is necessary for the continuance of substantive settlement negotiations.

Soundmouse Ltd.
- A settlement NDA was executed, offers have been exchanged, and the parties will continue to negotiate a potential resolution.

SpeechPro, Inc. and Speech Technology Center, LLC
- A settlement NDA was provided, but defendant has not executed.

Technicolor USA, Inc. and Technicolor SA
- *Plaintiff's Statement*:  The parties have discussed certain issues, but no settlement NDA has been executed. Plaintiff has recently reached out to ascertain whether a settlement NDA can be entered into to facilitate further discussions of resolution.
- *Defendants' Statement*:  On May 17, 2013, counsel for Blue Spike told counsel for Technicolor USA, Inc. and Technicolor SA (collectively "Technicolor") that Blue Spike would dismiss its claims against Technicolor.  On May 24, 2013, counsel for Technicolor sent draft dismissal documents to Blue Spike counsel.  Blue Spike counsel did not engage in further discussions regarding the dismissal until February 2014.

Texas Instruments, Inc.
- *Plaintiff's Statement*: A settlement NDA was offered, but defendant has refused to consider. Further discussions have recently taken place as to the potential for early resolution.
- *Defendant's Statement*: TI attempted to open discussions of an early resolution on two separate occasions in late 2012 and early 2013. TI offered to disclose its confidential sales information and entertain discussions under FRE 408 and invited a settlement demand. Plaintiff refused to discuss any resolution unless TI executed their proposed NDA. Since TI was not requesting to be provided with any of Plaintiff's confidential information, TI declined to execute the NDA and discussions ended.

The Nielsen Company, LLC
- *Plaintiff's Statement*: A settlement NDA was executed and the parties have discussed certain confidential issues under a mutual NDA, but there are disagreements that prevent a resolution.
- *Defendant's Statement*: A mutual NDA was executed and the parties have discussed certain confidential issues, but there are disagreements that prevent a resolution.

TuneCore, Inc.
- Plaintiff has requested a declaration verifying TuneCore's position.

TuneSat, LLC
- Blue Spike, LLC and TuneSat, LLC has reached a settlement agreement.

Vercury, Inc.
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

Viggle, Inc.
- A settlement NDA was executed, offers have been exchanged, but the parties are too far apart at this time for an agreement to be reached.

Vobile, Inc.
- *Plaintiff's Statement*: A settlement NDA was offered, but defendant has refused to consider.
- *Defendant's Statement*: A settlement NDA was negotiated, but the parties did not reach an agreement.

WiOffer, LLC
- This defendant is represented by the same counsel as Audible Magic Corp., and no discussions have been initiated beyond those of the above mentioned mediation.

Zeitera, LLC
- *Plaintiff's Statement*: A settlement NDA was executed, an offer was made, and discussions continue towards a potential resolution.
- *Defendant's Statement*: A settlement NDA was executed, information and offers were

exchanged, and discussions continue towards a potential resolution. Plaintiff was unwilling to provide its previous settlement and license agreements on the grounds that they contained confidentiality provisions preventing disclosure.  Production of these materials is necessary for the continuance of substantive settlement negotiations.

ZK Technology, LLC, and ZK Software Biometric Identification Technology Co., Ltd.
  • A settlement NDA was has been executed recently, and negotiations have been initiated.

Zvetco, LLC
  • A settlement NDA was executed, offers have been exchanged, but the parties have ceased discussions.

3M Cogent, Inc.
  • *Plaintiff's Statement*: A settlement NDA was offered, but defendant has refused to consider.
  • *Defendant's Statement*: The parties discussed certain terms relating to an NDA in advance of settlement discussions.  However, no NDA was agreed upon.

**13.    *United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.*[3]**

The parties do not agree to a trial before a United States Magistrate Judge.

**14.    *State whether a jury demand has been made and if it was made on time.***

A timely jury demand was made upon filing of the original complaints and counterclaims.

**15.    *List all pending motions.***

**Motions to Transfer**:

  • ImageWare's Motion to Change Venue to the Southern District of California (re-filed from Case No. 6:12cv688) (Dkt. No. 540);

  • L-1 Identity Solutions, Inc.'s ("L-1") and MorphoTrust USA, Inc.'s ("MorphoTrust") Motion to Change Venue to the District of New Jersey (re-filed from Case No. 6:12-cv-00680) (Dkt. No. 588);

  • Kronos Incorporated's ("Kronos") Motion to Change Venue to the District of Massachusetts (Dkt. No. 610);

  • MorphoTrak, Inc.'s ("MorphoTrak") and Safran USA, Inc.'s ("Safran") Motion to Change Venue to the Central District of California (Dkt. No. 611);

  • Cognitec System Corp.'s Motion to Transfer Venue Alternatively to S.D. Fla., D.

Mass., or N.D. Cal. (Dkt. No. 625);

- Soundmouse, Ltd's ("Soundmouse") Motion to Dismiss, or in the Alternative, Transfer to the Southern District of New York (Dkt. No. 648);

- Iris ID Systems, Inc.'s ("Iris ID") Motion to Change Venue to the District of New Jersey (Dkt. No. 663);

- Google Inc.'s ("Google") Motion to Change Venue to the Northern District of California (Dkt. No. 678);

- Audible Magic and its customers' Motion to Transfer Venue to the Northern District of California (Dkt. No. 771) (CBS Interactive Inc. and Entropic Communication Inc. have filed joinders to Audible Magic's motion to transfer (Dkt. Nos. 836 and 960);

- Adobe Systems, Inc.'s ("Adobe") Motion to Transfer Venue to the Northern District of California (Dkt. No. 905);

- SoundHound, Inc.'s ("SoundHound") Motion to Transfer Venue to the Northern District of California (Dkt. 916);

- Entropic Communications, Inc.'s Notice of Joinder and Joinder In Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of California (Dkt. 960);

- Vercury, Inc.'s ("Vercury") Motion to Transfer Venue to the Northern District of California (Dkt. 1142);

- Clear Channel Broadcasting, Inc. ("Clear Channel") Motion to Transfer Venue to the Southern District of New York (Dkt. 1148);

- ACTV8, Inc.'s ("ACTV8") Motion to Transfer Venue to the Central District of California (Dkt. 1149);

- 3M Cogent, Inc.'s ("3M Cogent") Motion to Transfer Venue to the Central District of California (Dkt. 1150);

- Zeitera, LLC's ("Zeitera") Motion to Transfer Venue to the Northern District of California (Dkt. 1055) (Watchwith, Inc. formerly known as Related Content Database, Inc. d/b/a Watchwith has filed a joinder to Zeitera's motion to transfer, (Dkt. 1056)); and

- AOptix Technologies, Inc.'s Motion to Transfer Venue to the Northern District of California (Dkt. 1057).

**Motions to Stay Pending Transfer:**

- Motion to Stay All Proceedings Pending Resolution of All Pending Transfer Motions (Dkt. No. 1244)[7]

- Defendant Adobe Systems Incorporated's Joinder In The Defendants' Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1246)

- Defendant 3M Cogent Inc.'s Notice Of Joinder And Joinder In Defendants' Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1247)

- Defendant Iris ID Systems Inc.'s Notice Of Joinder In Defendants' Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1248)

- Axxonsoft US, Inc. And Axxonsoft Ltd.'s Joinder In The Defendants' Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1256)

- Shazam Entertainment Ltd.'s Notice Of Non-Opposition Regarding Defendants' Motion To Stay All Proceedings (Dkt. No. 1254)

- Defendants BMAT Licensing, S.L., M2SYS, LLC, Iritech, Inc., Futronic Technology Co., Ltd., NEUROtechnology, and Fulcrum Biometrics' Non-Opposition To Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1255)

---

[7]  ACTV8, Inc., AOptix Technologies, Inc., Accedo Broadband AB, Accedo Broadband NA, Inc., Airborne Biometrics Group, Inc., Animetrics, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Civolution B.V., Civolution USA, Inc., Clear Channel Broadcasting, Inc., Cognitec Systems Corporation, Cognitec Systems GmbH, Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Entropic Communications, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., ImageWare Systems, Inc., Infinisource, Inc., Kronos Incorporated, L-1 Identity Solutions, Inc., MediaFire, LLC, Metacafe, Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Precise Biometrics AB, Precise Biometrics, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Qqest Software Solutions, Inc., Related Content Database, Inc., Safran USA, Inc., SoundHound, Inc., Soundcloud Ltd., Soundcloud, Inc., Soundmouse Ltd., Specific Media, LLC, TuneCore, Inc., Vercury, Inc., Vobile, Inc., WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., Zeitera, LLC, iMesh, Inc..

- Google Inc.'s Notice of Non-Opposition to Defendants' Motion to Stay All Proceedings Pending Resolution of All Transfer Motions (Dkt. 1259)

- Defendants CBS Corp., Last.fm Ltd., and CBS Interactive, Inc.'s Notice of Joinder and Joinder in Defendants' Motion to Stay All Proceedings Pending Resolution of All Pending Motions to Transfer Venue (Dkt. No. 1267)

**Motions to Dismiss**:

- Animetrics, Inc.'s ("Animetrics") Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 534) [Blue Spike has a pending motion for jurisdictional discovery against Animetrics (Dkt. No. 787)];

- Technicolor SA's ("Technicolor") Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and Insufficient Service of Process (re-filed from Case No. 12-cv-572) (Dkt. No. 560);

- Cognitec Systems Corp.'s Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. No. 625) [Blue Spike has a pending motion for jurisdictional discovery against Cognitec Systems Corp. (Dkt. No. 807)];

- Cognitec Systems GmbH's Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. No. 626) [Blue Spike has a pending motion for jurisdictional discovery from Cognitec Systems GmbH (Dkt. No. 807)];

- Soundmouse's Motion to Dismiss for Insufficient Service of Process (Dkt. No. 644);

- Soundmouse's Motion to Dismiss, or in the Alternative, Transfer to the Southern District of New York (Dkt. No. 648) [Blue Spike has a pending motion for jurisdictional discovery from Soundmouse (Dkt. No. 902)];

- AOptix Technologies, Inc.'s Motion to Strike Blue Spike's Improperly Filed Supplemental Complaint and Motion to Dismiss the Action for Lack of Jurisdiction and Improper Venue (Dkt. No. 968);

- CBS Corp.'s ("CBS") and Last.fm Ltd.'s ("Last.fm") Motion to Dismiss the Amended Complaint (Dkt. No. 520) [the Court entered an Order permitting jurisdictional discovery from Last.fm and granting Blue Spike an extension to respond to the motion to dismiss until jurisdictional discovery was complete (Dkt. No. 748); jurisdictional discovery is ongoing];

- Entropic's Motion to Dismiss the First Amended Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be

Granted (Dkt. No. 941);

- Blue Spike Inc.'s Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 993);

- Blue Spike LLC's Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 995);

- Scott Moskowitz's Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 996);

- Accu-Time's Motion to Dismiss the First Amended Complaint Pursuant to FRCP 12(b)(6) (Dkt. No. 1009);

- Amano's Motion to Dismiss the First Amended Complaint pursuant to FRCP 12(b)(6) (Dkt. No. 1011);

- Soundmouse, Ltd.'s Motion to Dismiss pursuant to 12(b)(6) (Dkt. No. 1111);

- Cognitec Systems Corp. and Cognitec Systems, GmbH's Motion to Dismiss pursuant to 12(b)(6) (Dkt. No. 1112);

- Vobile Inc.'s Motion to Dismiss Based upon Lack of Personal Jurisdiction. (Dkt. No. 1262);

- AxxonSoft Ltd. and AxxonSoft US, Inc. Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction (Dkt. No. 1019)


**Miscellaneous**:

- Texas Instrument, Inc.'s ("TI") Motion to Sever and To Request a Status Conference (Dkt. No. 777);

- Ensequence's Motion for a Stay of Discovery (Dkt. No. 1243) Pending the Court's Resolution of Blue Spike's Motion for Reconsideration (Dkt. No. 1028);

- Blue Spike, LLC's Motion for Reconsideration of the Court's Order Granting Ensequence's Motion to Dismiss for Lack of Personal Jurisdiction and Denying Blue Spike's Motion for Jurisdictional Discovery Dkt. 1004 (Dkt. No. 1028).

**16.**    *Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Scheduling Conference.*

Defendant Audible Magic has asserted, among others, the following counterclaims against Blue Spike, LLC (Dkt. 885): Declaratory Judgment of Unenforceability of '472, '700, '494 and '175 Patent Due to Inequitable Conduct, Unjust Enrichment, Violation of

The Lanham Act – 15 U.S.C. § 1125(a), and Infringement of the United States Patent No. 6,834,308.

Defendant Audible Magic has asserted the following third party claims against Blue Spike, Inc. (Dkt. 885): Unjust enrichment, Violation of The Lanham Act – 15 U.S.C. § 1125(a), and Infringement of the United States Patent No. 6,834,308.

Defendant Audible Magic has asserted the following third party claims against Scott Moskowitz (Dkt. 885): Unjust enrichment and Violation of The Lanham Act – 15 U.S.C. § 1125(a).

Still pending is Blue Spike's Motion for Reconsideration of the Court's Order Granting Ensequence's Motion to Dismiss for Lack of Personal Jurisdiction and Denying Blue Spike's Motion for Jurisdictional Discovery (Dkt. 1028).

17. ***Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the Order to Meet, Report, and Appear at Scheduling Conference, listing the date of the original and any amendments.***

All parties have filed their respective Disclosure of Interested Persons according to the Court's order.

18. ***<u>Proposed Dates for Scheduling</u>. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit.***

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
|---|---|---|---|---|
| | | | SUPPLIER | CUSTOMER |
| **Rule 26(f) meeting\*** | Feb. 12, 2014 | Feb. 12, 2014 | Feb. 12, 2014 | Feb. 12, 2014 |
| **File case management plan\*** | Feb. 21, 2014 | Feb. 21, 2014 | Feb. 21, 2014 | Feb. 21, 2014 |
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2). | Feb. 26, 2014 | Feb. 26, 2014 | Feb. 26, 2014 | Feb. 26, 2014 |

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
| --- | --- | --- | --- | --- |
| | | | **SUPPLIER** | **CUSTOMER** |
| **Rule 16(b) scheduling conference\*** | March 5, 2014 | March 5, 2014 | March 5, 2014 | March 5, 2014 |
| Possible Hearing Dates for Motions to Transfer | | **n/a** | TBD, Ideally Between March 5 and April 16 | TBD, Ideally Between March 5 and April 16 |
| Plaintiff will provide Defendants with all agreements that convey any rights in any of the asserted patents.  This includes, without limitation, licenses, covenants not to sue, releases and settlement agreements. | | Plaintiff proposed this in exchange for limited financials to facilitate an early ADR process, but an agreement could not be reached.  Therefore Plaintiff proposes beginning document production on the initial disclosure dates below. | March 12, 2014 | March 12, 2014 |
| Defendants shall provide limited technical disclosures (including manuals and demos) and a financial summary on the products accused of infringement. | | | Defendants propose beginning document production on the initial disclosure dates below | Defendants propose beginning document production on the initial disclosure dates below |

43

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
| --- | --- | --- | --- | --- |
| | | | SUPPLIER | CUSTOMER |
| Early Mediation to be completed. | | Plaintiff proposed this as an alternative measure to conserve resources, but an agreement could not be reached. Plaintiff is in agreement with the Court's proposed mediation deadline below. | Defendants propose a later mandatory mediation date below | Defendants propose a later mandatory mediation date below |
| Status Conference to Determine Groupings for Claim Construction Proceedings | | **n/a** | **n/a** | **n/a** |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | April 4, 2014 | April 4, 2014 | May 1, 2014 | |
| Deadline to serve initial disclosures | April 4, 2014 | April 4, 2014 | May 1, 2014 | Dec. 4, 2015 |
| Deadline to amend pleadings | April 4, 2014 | April 4, 2014 | April 4, 2014 | |
| Exchange of Additional Disclosures According to the Court's Discovery Order (¶1 of Exhibit A) | | May 1, 2014 | May 1, 2014 | Dec. 4, 2015 |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | April 18, 2014 | April 18, 2014 | May 23, 2014 | |
| Deadline to respond to amended pleadings or file motions to dismiss | May 2, 2014 | May 2, 2014 | May 2, 2014 | |

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
|---|---|---|---|---|
| | | | SUPPLIER | CUSTOMER |
| Deadline to exchange privilege logs | May 2, 2014 | May 2, 2014 | July 1, 2014 for claim construction discovery<br><br>February 12, 2015 for all other discovery | July 1, 2014 for claim construction discovery<br><br>July 1, 2016 for all other discovery |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | May 9, 2014 | May 9, 2014 | June 13, 2014 | |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | June 4, 2014 | June 4, 2014 | July 9, 2014 | |
| Deadline to submit **required** tutorial | June 4, 2014 | June 4, 2014 | July 9, 2014 | |
| Deadline to make preliminary election of asserted claims (*See* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | July 3, 2014 | July 3, 2014 | Aug. 7, 2014 | |
| Discovery deadline— claim construction issues | July 3, 2014 | July 3, 2014 | Aug. 7, 2014 | |
| Deadline to file summary judgment motion regarding license defense or patent exhaustion[8] | | | Aug. 7, 2014 | |

[8] Defendants' Position: Defendant Adobe Systems, Inc. may request, after consulting with Plaintiff and the Special Master, to have the Special Master hear a potential summary judgment motion regarding a license defense or patent exhaustion in the first instance.   Defendants

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
|---|---|---|---|---|
| | | | SUPPLIER | CUSTOMER |
| Deadline to make preliminary election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | July 18, 2014 | July 18, 2014 | Aug. 22, 2014 | |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | July 18, 2014 | July 18, 2014 | Aug. 22, 2014 | |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | August 5, 2014 | August 5, 2014 | Sept. 9, 2014 | |
| Deadline to file motion for summary judgment of indefiniteness | August 5, 2014 | August 5, 2014 | Sept. 9, 2014 | |
| Deadline to produce financial materials or information relevant to damages concerning pleaded claims or defenses involved in this action | | | Sept. 15, 2014 | Dec. 7, 2015 |

SMRTV, Inc. and The Nielsen Company may potentially seek summary adjudication of license and/or exhaustion at the outset of the case, and the stay of discovery is unnecessary to it.

Plaintiff's Position:  Blue Spike does not agree that it is appropriate to have a Special Master rule upon Summary Judgment motions. Defendants will not agree to Plaintiff's position that loser of the motion would pay for the cost of the Special Master, and creates a situation whereby more Defendants overload a Special Master for the improper purpose of making the Plaintiff extend limited financial resources, which runs contrary to the Court's Standing Order pertaining to letter briefing being submitted prior to any party filing a motion for summary judgment and the purpose of Rule 1 of the Federal Rules of Civil Procedure.

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
|---|---|---|---|---|
| | | | SUPPLIER | CUSTOMER |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | August 12, 2014 | August 12, 2014 | Sept. 16, 2014 | |
| Deadline to file response to motion for summary judgment of indefiniteness | August 12, 2014 | August 12, 2014 | Sept. 16, 2014 | |
| Deadline to file reply to motion for summary judgment of indefiniteness | August 19, 2014 | August 19, 2014 | Sept. 23, 2014 | |
| Deadline to file claim construction chart (P.R. 4-5(d)) | August 19, 2014 | August 19, 2014 | Sept. 19, 2014 | |
| **Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6)\*** | October 1, 2014 | October 1, 2014 | October 1, 2014 | |
| Deadline to make final election of asserted claims (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | October 15, 2014 | October 15, 2014 | October 15, 2014 | February 5, 2016 |
| Deadline to make final election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | November 14, 2014 | November 14, 2014 | November 14, 2014 | |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | November 14, 2014 | November 14, 2014 | November 14, 2014 | February 5, 2016 |

47

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
|---|---|---|---|---|
| | | | SUPPLIER | CUSTOMER |
| Deadline to disclose willfulness opinions (P.R. 3-7) | December 1, 2014 | December 1, 2014 | December 1, 2014 | February 26, 2016 |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | December 15, 2014 | December 15, 2014 | December 15, 2014 | March 25, 2016 |
| Deadline to file letter briefs regarding dispositive motions | March 6, 2015 | March 6, 2015 | March 6, 2015 | April 22, 2016 |
| Deadline to notify Court of mediator | April 7, 2015 | April 7, 2015 | April 7, 2015 | February 12, 2016 |
| Discovery deadline | April 21, 2015 | April 21, 2015 | April 21, 2015 | May 20, 2016 |
| Deadline to complete **required** mediation | April 28, 2015 | April 28, 2015 | April 28, 2015 | May 6, 2016 |
| Deadline for dispositive motions (including *Daubert* motions)* | June 5, 2015 | June 5, 2015 | June 5, 2015 | June 1, 2016 |
| Deadline for parties to exchange pretrial disclosures | August 5, 2015 | August 5, 2015 | August 5, 2015 | July 5, 2016 |
| Deadline to notify Court of daily transcript or realtime request | August 5, 2015 | August 5, 2015 | August 5, 2015 | July 5, 2016 |
| Deadline for parties to exchange objections to pretrial disclosures | August 19, 2015 | August 19, 2015 | August 19, 2015 | July 19, 2016 |
| Deadline for parties to meet and confer on objections | August 26, 2015 | August 26, 2015 | August 26, 2015 | July 29, 2016 |

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
|---|---|---|---|---|
| | | | SUPPLIER | CUSTOMER |
| Deadline to file pretrial materials | September 4, 2015 | September 4, 2015 | September 4, 2015 | August 5, 2016 |
| Deadline for parties to exchange exhibits | **September 30, 2015** | September 30, 2015 | September 30, 2015 | August 19, 2016 |
| **Pretrial conference and trial setting *** | **October 5, 2015 at 9:00 a.m. in Tyler, Texas** | October 5, 2015 at 9:00 a.m. in Tyler, Texas | October 5, 2015 | September 2016 |

Until resolution of their early summary judgment regarding license defense or patent exhaustion, defendants SMRTV and Nielsen propose a stay of all unrelated discovery and disclosures between plaintiff (on one side) and SMRTV or Nielsen (on the other side), including but not limited to P.R. 3-4 and additional disclosures identified in Exhibit A.

**_Signature of Counsel:_**

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(888) 908-4400 Fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

***Counsel for Blue Spike, LLC.***

Josh A. Krevitt
(NY Bar No. 2568228)
Benjamin Hershkowitz
(NY Bar No. 2600559)
R. Scott Roe
(NY Bar No. 4480224)
Joshua Furman
(NY Bar No. 4612255)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY  10166
Ph. 212.351.4000
Fax: 212.351.6210
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
jfurman@gibsondunn.com
sroe@gibsondunn.com

Michael E. Jones
SBN: 10929400
mikejones@potterminton.com
Allen F. Gardner
SBN: 24043679
allengardner@potterminton.com
Daniel A. Noteware, Jr.
SBN: 24051123
dannynoteware@potterminton.com
Potter Minton, PC
110 North College, Suite 500
Tyler, Texas  75702
Tel: 903-597-8311
Fax: 903-593-0846

*Counsel for Defendant*
*Shazam Entertainment Limited*

/s/ Rajeev Gupta
Rajeev Gupta
Cecilia Sanabria
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001
Phone: 202.408.4352
Fax: 202.408.4400
raj.gupta@finnegan.com
cecilia.sanabria@finnegan.com

Harry L. Gillam, Jr.
Gillam & Smith, LLP
303 South Washington Avenue Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

*Counsel for Defendant Iris ID Systems*

/s/ Daniel Johnson, Jr.

C. Erik Hawes (TX Bar No. 24042543)
Email:  ehawes@morganlewis.com
Thomas R. Davis (TX Bar No. 24055384)
Email: tdavis@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)
Email: djjohnson@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000 Telephone
(415) 442-1001 Facsimile

*Attorneys for Defendants MorphoTrust USA, Inc.,*
*L-1 Identity Solutions, Inc., MorphoTrak, Inc.,*
*Safran USA, Inc., and Kronos Incorporated*

/s/ Eric H. Findlay

Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone:  (903) 534-1100
Facsimile:   (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

I. Neel Chatterjee (admitted E.D. Texas)
Gabriel M. Ramsey (admitted E.D. Texas)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis (admitted E.D. Texas)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500
chiggins@orrick.com

*Attorneys for Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, Harmonix Music Systems, Inc., and Watchwith, Inc. (f/k/a Related Content Database, Inc. d/b/a/ Watchwith)*

/s/ Andrew P. Valentine
Andrew P. Valentine (*Pro Hac Vice*)
DLA PIPER LLP (US)
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Facsimile: 650.833.2001
andrew.valentine@dlapiper.com

John Guaragna
401 Congress Avenue
Suite 2500
Austin, TX 78701-3799
Telephone:  512.457.7125
Facsimile:  512.721.2325
john.guaragna@dlapiper.com

*Attorneys for Defendants*
*Irdeto USA, Inc. and Irdeto B.V.*



/s/Myra Mormile
David R. Yohannan (*Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
The Washington Harbor
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
Tel: (202) 342-8616
dyohannan@kelleydrye.com

Myra C. Mormile (*Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
333 W. Wacker Drive, Suite 2600
Chicago, IL 60606
Tel: (312) 857-2501
mmormile@kelleydrye.com

*Attorneys for Defendant ACTV8, Inc.*

/s/ Lance Lee_____
Lance Lee
Attorney at Law
5511 Plaza Drive
Texarkana, TX 75503
Email: wlancelee@aol.com
Tel: 903-223-0276
Fax: 903-223-0210

Michael A. Berta
michael.berta@aporter.com
Arnold & Porter LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-471-3100
Fax: 415-471-3400

Wallace Wu
wallace.wu@aporter.com
Nicholas Lee
nicholas.lee@aporter.com
Arnold & Porter LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Tel: 213-243-4000
Fax: 213-243-4199

*Attorneys for Defendant Google Inc.*

/s/ Edward R. Reines_____
Edward R. Reines
Cal. Bar No. 135960 – Admitted to E.D. Texas
Lead Attorney
edward.reines@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants CBS Corp., Last.fm Ltd., and CBS Interactive, Inc.*

*/s/ R. Trevor Carter*
R. Trevor Carter
Andrew M. McCoy
Faegre Baker Daniels LLP
300 North Meridian St., Suite 2700
Indianapolis, IN  46204
Telephone:   (317) 237-0300
Facsimile:   (317) 237-1000
Email:           trevor.carter@faegrebd.com
                    Andrew.mccoy@faegrebd.com

Wesley Hill
Ward & Smith Law Firm
1127 Judson Rd., Suite 220
Longview, TX  75601
Telephone:   (903) 757-6400
Facsimile:   (903) 212-3937
Email:           wh@wsfirm.com

*Counsel for Defendants Technicolor USA, Inc. and Technicolor SA*

*/s/ Kristin L. Cleveland*
Kristin L. Cleveland (OR State Bar No. 001318)
kristin.cleveland@klarquist.com
Kristen L. Reichenbach (OR State Bar No. 115858)
Kristen.reichenbach@klarquist.com
John D. Vandenberg (OR State Bar No. 893755)
john.vandenberg@klarquist.com
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone:  (903) 534-1100
Facsimile:   (903) 534-1137
efindlay@findlaycraft.com

wlackey@findlaycraft.com

*Attorneys for Defendant Attributor Corporation*

/s/ Eric H. Findlay
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone:  (903) 534-1100
Facsimile:  (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

*Attorneys for Defendants BMAT Licensing, S.L., M2SYS, LLC, Iritech, Inc., Futronic Technology Co., Ltd., NEUROtechnology, and Fulcrum Biometrics, LLC*

/s/ Eric H. Findlay
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone:  (903) 534-1100
Facsimile:  (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

Jordan A. Sigale
Christopher Swickhamer
LOEB & LOEB LLP
321 North Clark Street, Suite 2300
Chicago, IL 60654
Telephone: 312-464-3109
Facsimile: 312-276-8375
Email: jsigale@loeb.com
Email: cswickhamer@loeb.com

*Attorneys for Defendant Viggle, Inc.*

/s/James V. Fazio III
James V Fazio (admitted *pro hac vice*)
Trevor Coddington (admitted *pro hac vice*)
San Diego IP Law Group LLP
12526 High Bluff Drive, Suite 300
San Diego CA 92130
Tel 858-792-3446
Fax 858-792-3447

*Attorneys for Defendant*
*ImageWare Systems, Inc.*

/S/ SUSAN ROEDER
Kenneth L. Nissly
California Bar No. 77589
knissly@omm.com
Susan van Keulen
California Bar No. 136060
svankeulen@omm.com
Susan Roeder
California Bar No. 160897
sroeder@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025
Telephone:        (650) 473-2600
Facsimile:        (650) 473-2601

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH
303 S. Washington Avenue
Marshall, TX 75670
Telephone:        (903) 934-8450
Facsimile:        (903) 934-9257

*Counsel for Defendant TuneCore, Inc.*

*/s/ Teresa M. Corbin*
Teresa M. Corbin
Teresa M. Corbin, CA Bar No. 132360
(Admitted E.D. Texas)
Bryan A. Kohm, CA Bar No. 233276
(Admitted E.D. Texas)
David Lacy Kusters, CA Bar No. 241335
(Admitted E.D. Texas)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:       (415) 874-2300
Facsimile:       (415) 281-1350

Darren E. Donnelly, CA Bar No. 194335
(Admitted E.D. Texas)
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone:   (650) 955-8500
Facsimile:       (650) 983-5200

*Attorneys for Defendants*
*AOptix Technologies, Inc.; SoundHound, Inc.; Infinisource, Inc.; Qqest Software Systems, Inc.; Zeitera, LLC; SMRTV, Inc.; and The Nielsen Company (US) LLC*

_____ /s/ Ryan K. Yagura _____
Ryan K. Yagura - TX S.B. #240755933
ryagura@omm.com - CA S.B. #197619
Nicholas J. Whilt
nwhilt@omm.com – CA S.B. #247738
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407
Sarah A. Pfeiffer
spfeiffer@omm.com – CA S.B. #278205
O'Melveny & Myers LLP
610 Newport Center Drive
Newport Beach, California 92660
Telephone:  (949) 823-6900
Facsimile:  (949) 823-6994

*Attorneys for Clear Channel Broadcasting, Inc.*

/s/ Jeffrey M. Fisher _____
Jeffrey M. Fisher (CA SBN 155284)
jfisher@fbm.com
Eugene Y. Mar (CA SBN 227071)
emar@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Deron R. Dacus
Bar No. 00790553
The Dacus Firm, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
(903) 705-1117

*Attorneys for Defendant*
*Adobe Systems Inc.*

Robert F. Kramer
CA Bar No. 181706 (admitted E.D. Tex.)
C. Gideon Korrell
CA Bar No. 284890 (admitted E.D. Tex.)
DENTONS US, LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304
Tel: (650) 798-0300
Fax: (650) 798-0310
robert.kramer@dentons.com
gideon.korrell@dentons.com

*Counsel for Defendants 3M Cogent, Inc., ZK Technology, LLC, and ZK Software Biometrics Identification Technology, Ltd.*

/s/ Douglas L. Sawyer
Douglas L. Sawyer (State Bar No. 41009)
DSawyer@perkinscoie.com
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  (303) 291-2378
Facsimile:  (303) 291- 2478

Scott D. Eads (State Bar No. 910400)
SEads@perkinscoie.com
Julia E. Markley (admitted *pro hac vice*)
JMarkley@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  (503) 727-2000
Facsimile:  (503) 727-2222

Allen F. Gardner
SBN: 24043679
allengardner@potterminton.com
Daniel A. Noteware, Jr.
SBN: 24051123
dannynoteware@potterminton.com
Potter Minton, PC
110 North College, Suite 500
Tyler, Texas  75702
Tel: 903-597-8311
Fax: 903-593-0846

*Attorneys for Defendant*
*Ensequence, Inc.*

Robert Huntsman
10400 W. Overland Road, #174
Boise, Idaho 83709
Phone # 208 860 4379 x200
law2014@huntsmanlg.com
Idaho Bar#  5345

*Defendants for Zvetco, LLC*

63

*/s/ Jo Dale Carothers*
Alan H. Blankenheimer
ablankenheimer@cov.com
Jo Dale Carothers
jcarothers@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
Tel: 858-678-1800
Fax: 858-678-1600

Michael E. Jones
SBN: 10929400
Potter Minton, PC
110 N. College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

*Attorneys for Defendant*
*Entropic Communications, Inc.*

*/s/ Erik B. Milch*
Cooley LLP
Erik B. Milch
emilch@cooley.com
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Tel: 703 456-8000
Fax: 703 456-8100

*Attorneys for Defendants*
*AxxonSoft US, Inc. and*
*AxxonSoft Ltd.*

/s/ Michael A. Molano
Michael A. Molano (*pro hac vice*)
Ward Johnson (*pro hac vice*)
MAYER BROWN LLP
3000 El Camino Real
Palo Alto, CA 94306-2112
Phone: (650) 331-2000
Fax: (650) 331-2060
Email: wjohnson@mayerbrown.com
Email: mmolano@mayerbrown.com

Kyle E. Friesen
Texas Bar No. 24061954
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, Texas 77002-2730
Phone: (713) 238-2691
Fax: (713) 238-4691
Email: kfriesen@mayerbrown.com

*Counsel for Defendants*
*Civolution USA, Inc. and Civolution B.V.*