IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:12-cv-499 |
| | § | |
| TEXAS INSTRUMENTS, INC. | § | |

## ORDER DENYING AS MOOT

Before the Court is Defendant AOptix Technologies, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. No. 518). Pursuant to an agreement of the parties and order of this Court, Plaintiff never responded to AOptix's first motion to dismiss. Plaintiff subsequently filed an amended complaint (Doc. No. 944). AOptix responded with a motion to strike the pleading[1] and to dismiss for lack of personal jurisdiction and improper venue—the same issues raised in AOptix's earlier motion (Doc. No. 518). AOptix's motion to strike, or in the alternative, dismiss the original complaint (Doc. No. 518) is DENIED as moot.

**It is SO ORDERED.**

**SIGNED this 25th day of February, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[1] AOptix argues that Plaintiff improperly supplemented—rather than amended—its complaint without leave of Court (Doc. No. 968). Accordingly, AOptix asks the Court to strike Plaintiff's newest complaint (Doc. No. 944). This Court has a long history of allowing amended complaints without requesting leave prior to the deadline to amend pleadings, which has not yet passed in this case. But AOptix accuses Plaintiff of supplementing its original allegations with AOptix's post-filing activity in order to establish personal jurisdiction over AOptix (Doc. No. 968). However, the question of whether Plaintiff should be allowed to proceed under its new complaint (Doc. No. 944) or whether the new complaint's additional allegations can support personal jurisdiction over AOptix are now squarely before the Court in AOptix's most recent motion (Doc. No. 968).