UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 12-cv-499 MHS |
| | § | |
| v. | § | Consolidated Case |
| | § | |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**PLAINTIFF BLUE SPIKE, LLC'S OPPOSITION TO DEFENDANT ENSEQUENCE, INC.'S MOTION FOR A STAY OF DISCOVERY (DKT. 1243)**

Plaintiff Blue Spike, LLC opposes the motion filed by Defendant Ensequence, Inc. seeking a stay of discovery pending disposition of Blue Spike's motion to reconsider.[1] The indefinite stay Ensequence requests would cause judicial inefficiency by disrupting the Court's consolidation order and would significantly prejudice Blue Spike's interests in timely enforcement of its patent rights. Further, Ensequence fails to meet its threshold burden of showing that it needs a stay or that it would suffer prejudice without one. The Court should deny the motion for a stay and allow the parties to proceed.

**Legal Standards**

A party requesting a stay "bears the burden of showing that the circumstances justify" one. *Neken v. Holder*, 556 U.S. 418, 433-34 (2009). When, as here, a party

---

[1] Blue Spike filed a motion to reconsider the Court's order regarding dismissal of Defendant Ensequence (Dkt. No. 1028). The motion was fully briefed as of October 25, 2013. The Court has not entered a final judgment against or in favor of Ensequence, so Ensequence is still a defendant in this consolidated matter. Despite the pending motion to reconsider, the Court included Ensequence in its initial scheduling order.

requests an indefinite stay,[2] the Court "must first identify a pressing need for the stay." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, Case No. 6:12-cv-784-MHS-CMC, Dkt. No. 31 at 3 (E.D. Tex. Feb. 27, 2013). If the Court identifies a pressing need, it should then consider (1) the potential prejudice to nonmoving parties from a stay, (2) the hardship and inequity to the moving parties if the action is not stayed, and (3) the judicial resources that a stay would save. *See Nguyen v. BP Exploration & Prod., Inc.*, 2010 U.S. Dist. LEXIS 80068, at *2 (S.D. Tex. Aug. 9, 2010). "The propriety of a stay is dependent upon the circumstances of the particular case." *Ind. State Police Pension Trust v. Chrysler, LLC*, 556 U.S. 960, 961 (2009).

## Argument

### I.        There Is No Pressing Need for a Stay.

Ensequence cannot demonstrate the required "clear case of hardship or inequity in being required to go forward," *Landis v. N. Am. Corp.*, 299 U.S. 248, 255 (1936), and the Court's local rules specifically undermine Ensequence's stay request. Ensequence's alleged basis for requesting the stay is to avoid discovery on the merits and its attendant costs until the Court finally resolves Ensequence's motion to dismiss. Dkt. No. 1243 at 2. But the Court's local patent rules explicitly reject granting a stay in such circumstances: "a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." Local Rule CV-26(a). Here, Ensequence seeks an "order to the contrary" to Local Rule CV-26(a), ignoring that "[s]uch motions are specifically identified by Local Rule CV-26(a) as not warranting a stay of discovery,

---

[2] A stay is indefinite when, as here, it depends on some future event that has no deadline or target date for completion. *See SanDisk Corp. v. Phison Elecs. Corp.*, 538 F.Supp.2d 1060, 1065-66 (W.D. Wis. 2008).

regardless of the ground asserted therein." *GHJ Holdings, LLC, v. Plasticade Prods. Corp.,* No. 5:10-cv-220, Dkt. No. 29, at 2 (E.D. Tex. May 31, 2011).

The only case Ensequence provides in support of its position is distinguishable both factually and procedurally. *See* Dkt. No. 1243 at 2. In *Fujita v. United States*, the Fifth Circuit affirmed the grant of a motion to stay after the plaintiff had already conducted significant discovery. *See* 416 F.App'x 400, 402 (5th Cir. March 2, 2011). In contrast, Blue Spike has not yet been permitted to conduct any discovery at all. Even more important, *Fujita* was not a patent-infringement case and was not decided under the Eastern District's "no-excuses" procedural rule regarding stays. *See id*. Different rules apply here, and Ensequence fails to identify a single on-point case supporting its stay motion.

## II.    A Stay Would Prejudice Blue Spike.

Even if Ensequence had identified a pressing need for the stay (which it has not done), the Court should still deny the stay motion, as a stay would prejudice Blue Spike by prolonging the infringement of its patents. "Plaintiffs have an interest in the timely enforcement of their intellectual property rights." *Ambato Media, LLC v. Clarion Co., Ltd.*, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012). This is true even when the parties are not direct competitors. *Cf. Volstar Techs., Inc. v. Superior Commc'ns, Inc.*, Case No. 2:12-cv-082-JRG, 2013 U.S. Dist. LEXIS 119190, at *6 (E.D. Tex. August 22, 2013). Several companies that are competitors of Ensequence—including Yahoo!, Inc., for example—have lawfully obtained a license to practice the patents-in-suit. Continued delay will only devalue Blue Spike's inventions and the value of the licenses used by nonparties.

Further, an indefinite stay would impair Blue Spike's "ability to present its case because as time passes, memories fade, witnesses move and costs increase." *Andrews v. United States*, Case No. 4:05-cv-419, 2007 U.S. Dist. LEXIS 58772, at *5 (E.D. Tex. Aug. 10, 2007). The case against Ensequence was filed on August 23, 2012, over one-and-a-half years ago. *See Blue Spike, LLC v. Zeitera, LLC et al.*, Case No. 6:12-cv-568, Dkt. No. 1. A stay would compound the already-considerable delays for an indefinite period of time, increasing costs and making reliable evidence more difficult to obtain, weighing against a stay. *See Andrews*, 2007 U.S. Dist. LEXIS 58772 at *5.

## III. Determining the Motion to Reconsider Will Not Relieve Ensequence of its Discovery Costs.

Contrary to Ensequence's argument (Dkt. No. 1243 at 2), a stay will not relieve Ensequence of its discovery burdens. Even if the motion to reconsider were denied and the case dismissed for lack of personal jurisdiction, Ensequence will still face discovery when Blue Spike seeks to enforce its patent rights in another forum or attempts to consolidate all of the defendants in multidistrict litigation. Ensequence's stay motion seeks to delay discovery until some unspecified future date, increasing burdens for the Court and the other parties. Engaging in discovery until the Court resolves the motion to reconsider will not impose any extra burden on Ensequence, as discovery obtained here may be used in any other court. *Software Rights Archives, LLC v. Google Inc.*, Case No. 2:07-cv-511-CE, Dkt. No. 288 at 1 (E.D. Texas May 26, 2010).

## IV. A Stay Will Undermine Judicial Efficiency.

When considering a motion to stay proceedings as to one defendant in a consolidated action like this one, "the incongruent schedule caused by granting a stay in a single case must be considered against its impact on the Court's docket." *Lennon Image*

*Techs., LLC v. Lumondi, Inc.*, 2:13-cv-238-JRG, Dkt. No. 24, at 3 (E.D. Texas January 6, 2014). Here, Ensequence seeks an indefinite stay while the remaining parties—including direct competitors and associates of Ensequence—must proceed to discovery. This would cause piecemeal litigation, frustrating the Court's efforts to manage the case efficiently and "imped[ing] the Court's obligation to 'secure the just, speedy, and inexpensive determination of every action.'" *Id*. (quoting FED. R. CIV. P. 1). Concerns of efficient case management and judicial efficiency "clearly weigh[] against a stay." *Id*.

### Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Ensequence's motion to stay (Dkt. 1243).

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75707
(903) 705-7420
(888) 908-4400 fax

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

 /s/ Randall T. Garteiser
Randall T. Garteiser