Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | **Civil Action No. 12-CV-499-MHS** |
| | § | |
| **v.** | § | **CONSOLIDATED CASE** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** *et al.*, | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. ***State where and when the conference required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.***

   The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Thursday, February 6, 2014:

Blue Spike, LLC

> Randall T. Garteiser
>  Texas Bar #24038912
> Christopher A. Honea
>  Texas Bar #24059967
> Kirk J. Anderson
>  CA Bar # 289043
> Peter S. Brasher
>  CA Bar # 283992
> 218 N. College Ave.
> Tyler, TX 75702
> Phone: 903.705.7420
> Fax: 888.908.4400
> rgarteiser@ghiplaw.com

Airborne Biometrics Group, Inc.

> Reid Dammann
> One Wilshire Boulevard, Suite 2000
> Los Angeles, CA 90017

Phone: 213.629.7611
Fax: 213.624.1376
r.dammann@mpglaw.com
Bar #

Google, Inc.

Nicholas Lee
777 South Figueroa Strt 44th Floor
Los Angeles, CA 90017-5844
Phone: 213.243.4156
Fax: 213.243.4199
nicholas.lee@aporter.com
Bar #

Audible Magic Corp., Related Content Database, Inc. d/b/a Watchwith, WiOffer, LLC, Myxer, Inc., Facebook, Inc., MySpace, LLC, Specific Media, LLC, Photobucket.com, Inc., Dailymotion, Inc., Dailymotion S.A., Soundcloud, Inc., Soundcloud, Ltd., Qlipso, Inc., Qlipso Media Network, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Harmonix Music Systems, Inc., Brightcove, Inc., Coincident.TV, Inc., Mediafire, LLC, Accedo Broadband, AB, and Accedo Broadband, Inc.

Alyssa M. Caridis
777 S. Figueroa St, Ste 3200
Los Angeles, CA 90017-5855
Phone: 213.612.2499
Fax: 213.612.2499
acaridis@orrick.com
Bar #

Gabe Ramsey
1000 Marsh Road
Menlo Park, CA 94025
Phone: 650.614.7400
Fax: 650.614.7401
gramsey@orrick.com
Bar #

Adobe Systems, Inc.

Jeff Fisher
235 Montgomery St. 17th Floor
San Francisco, CA 94104
Phone: 415.954.4400
Fax: 415.954.4480
jfisher@fbm.com
Bar #

Eugene Mar
235 Montgomery St. 17th Floor
San Francisco, CA 94104
Phone: 415.954.4400
Fax: 415.954.4480
emar@fbm.com
Bar #

Deron R. Dacus
821 ESE Loop 323, Ste 430
Tyler, TX 75701
Phone: 903.705.1117
Fax: 903.705.1117
ddacus@dacusfirm.com

2

Bar #

Cognitec Systems Corp. and Cognitec Systems GmbH

Dwayne Keith Goetzel
1120 S. Capital of Texas Hwy
Building 2, Suite 300
Austin, TX 78746
Phone: 512.853.8800
Fax: 512.853.8801
dgoetzel@intprop.com
Bar #

BMAT Licensing S.L., Fulcrum Biometrics, LLC, NEUROtechnology, Futronic Technology Co., Ltd., Iritech, Inc., and M2SYS, LLC

Eric Hugh Findlay
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Phone: 903.534.1100
Fax: 903.534.1137
efindlay@findlaycraft.com
Bar #

Walter Wayne Lackey, Jr.
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Phone: 903.534.1100
Fax: 903.534.1137
wlakey@findlaycraft.com
Bar #

Shazam Entertainment, Ltd.

R. Scott Roe
200 Park Ave.,48[th] Floor
New York, NY 10166
Phone: 212.351.2618
Fax: 212.351.6318
sroe@gibsondunn.com
Bar #

Benjamin Hershkowitz
200 Park Ave., 48th Floor
New York, NY 10166
Phone: 212.351.2410
Fax: 212.351.6210
sroe@gibsondunn.com
Bar #

Joshua Furman
200 Park Ave.,48[th] Floor
New York, NY 10166
Phone: 212.351.1461
Fax: 212.351.5261
jfruman@gibsondunn.com
Bar #

L-1 Identity Systems, Inc, MorphorTrust USA, Inc., MorphoTrak, Inc. SAFRAN USA, Inc., and Kronos, Inc.

Rita E. Tautkus

Rachael Chan

3

One Market, Spear Street Tower                    One Market, Spear Street Tower
San Francisco, CA 94105-1126                      San Francisco, CA 94105-1126
Phone: 415.442.1357                               Phone: 415.442.1000
Fax: 415.442.1001                                 Fax: 415.442.1001
rtautkus@morganlewis.com                          rchan@morganlewis.com
Bar #                                             Bar #

Precise Biometrics, Inc. and Precise Biometrics AB

Billy Foster
300 North LaSalle Street
Chicago, IL 60654
Phone: 312.862.3544
Fax: 312.862.2200
billy.foster@kirkland.com
Bar #

Civolution USA, Inc. and Civolution B.V.

Michael A Molano
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Phone: 650.331.2047
Fax: 650.331.2060
mmolano@mayerbrown.com
Bar #

TuneCore, Inc.

Susan Dana Roeder
2765 Sand Hill Road
Menlo Park, CA 94025
Phone: 650.473.2600
Fax: 650.473.2601
sroeder@omm.com
Bar #

CBS Corp., CBS Interactive, Inc., and Last.fm, Ltd.

Byron Beebe
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Phone: 650.802.3060
Fax: 650.850.3100
Byron.beebe@weil.com
Bar #

4

3M Cogent, Inc., ZK Teco, Inc., ZK Technology, LLC, and ZKSoftware Biometric Identification Technology Co., Ltd.

| | |
|---|---|
| C. Gideon Korrell | Robert F. Kramer |
| 1530 Page Mill Road | 1530 Page Mill Road |
| Ste. 200 | Ste. 200 |
| Palo Alto, CA 94304-1125 | Palo Alto, CA 94304-1125 |
| Phone: 650.798.0360 | Phone: 650.798.0356 |
| Fax: 650.798.0310 | Fax: 650.798.0310 |
| gideon.korrell@snrdenton.com | robert.kramer@dentons.com |
| Bar # | Bar # |

SpeechPro, Inc. and Speech Technology Center, LLC

Anthony L Meola
2500 Westchester Avenue
Suite 210
Purchase, NY 10577
Phone: 914.825.1039
Fax: 866.865.8362
ameola@themeolafirm.com
Bar #

Animetrics, Inc.

J Daniel Harkins
112 East Pecan Street
Suite 1800
San Antonio, TX 78205
Phone: 210.554.5285
Fax: 210.226.8395
dharkins@coxsmith.com
Bar #

Entropic Communications, Inc.

| | |
|---|---|
| Jo Dale Carothers | Eric A. Caligiuri |
| 4350 La Jolla Village Dr, 7th FL | 4350 La Jolla Village Dr, 7th FL |
| San Diego, CA 92122 | San Diego, CA 92122 |
| Phone: 858.678.1802 | Phone: 858.678.1802 |
| Fax: 858.678.1600 | Fax: 858.678.1600 |
| jdcarothers@cov.com | ecaligiuri@cov.com |
| Bar # | Bar # |

Texas Instruments, Inc.

Amanda A. Abraham
115 N. Wellington; Suite 200
Marshall, Texas 75670
Phone: 903.935.1665
Fax: 903.935.1797
aa@rothfirm.com
Bar #

Attributor Corp.

Kristin L Cleveland
121 SW Salmon Street
Suite 1600
Portland, OR 97204
Phone: 503.595.5300
Fax: 503.595.5301
kristin.cleveland@klarquist.com
Bar #

iPharro Media, Inc. and iPharro Media, GmbH

Marc Norman Henschke
111 Huntington Ave
Suite 2600
Boston, MA 02199
Phone: 617.342.4000
Fax: 617.342.4001
mhenschke@foley.com
Bar #

Irdeto USA, Inc.

Blake W. Jackson
2000 University Ave.
East Palo Alto, CA 94303-2215
Phone: 650.833.2248
Fax: 650.833.2001
blake.jackson@dlapiper.com
Bar #

Technicolor USA, Inc. and Technicolor S.A.

| | |
|---|---|
| Andrew M McCoy | Richard Trevor Carter |
| 300 N Meridian St | 300 N Meridian St. |
| Suite 2700 | Suite 2700 |
| Indianapolis, IN 46204 | Indianapolis, IN 46204 |
| Phone: 317.237.0300 | Phone: 317.237.0300 |

Fax: 317.237.1000                          Fax: 317.237.1000
andrew.mccoy@faegrebd.com                  tervor.carter@faegrebd.com
Bar #                                      Bar #

Iris ID Systems, Inc.

Cecilia Sanabria                           Rajeev Gupta
901 New York Avenue,                       NW 901 New York Avenue, NW
Washington, DC 20001                       Washington, DC 20001
Phone: 202.408.4000                        Phone: 202.408.4352
Fax: 202.408.4400                          Fax: 202.408.4400
cecilia.sanabria@finnegan.com              raj.gupta@finnegan.com
Bar #                                      Bar #

ACTV8, Inc.

Myra Mormille-Wolper
333 W Wacker Dr
Ste 2600
Chicago, IL 60606
Phone: 312.857.2501
Fax: 312.857.7095
mmormile@kelleydrye.com
Bar #

SoundHound, Inc., Zeitera, LLC, AOptix Technologies, Inc., Infinisource, Inc., and
Qqest Software Solutions, Inc.

Bryan Alexander Kohm                        Teresa Marie Corbin
555 California Street                       555 California Street
12th Floor                                  12th Floor
San Francisco, CA 94104                     San Francisco, CA 94104
Phone: 415.875.2300                         Phone: 415.875.2303
Fax: 415.281.1350                           Fax: 415.281.1350
bkohm@fenwick.com                           tcorbin@fenwick.com
Bar #                                       Bar #

ImageWare Systems, Inc.

James Vincent Fazio , III
12526 High Bluff Drive
Suite 300
San Diego, CA 92130
Phone: 858.792.3446
Fax: 858.732.3447
jamesfazio@sandiegoiplaw.com
Bar #

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Friday, February 7, 2014:

Blue Spike, LLC

      Randall T. Garteiser
      Christopher A. Honea
      Kirk Anderson
      Peter Brasher
      (Same as above)

Axxonsoft US, Inc. and Assonsoft Ltd.

      Steve Crenshaw
      11951 Freedom Drive
      Reston, Va 20190
      Phone: 703.456.8000
      Fax: 703.456.8100
      emilch@cooley.com
      Bar #

Assure Software, Inc.

      Miguel Rodriguez
      301 Congress Ave
      Suite 1050
      Austin, TX 78701
      Phone: 512.469.5465
      Fax: 512.478.4409
      mrodriguez@taylordunham.com
      Bar #

SMRTV, Inc. and The Nielson Company (US) LLC

      Darren E. Donnelly
      801 California St
      Mountain Valley, CA 94041
      Phone: 650.988.8500
      Fax: 650.938.5200
      ddonnelly@fenwick.com
      Bar #

Clear Channel Broadcasting, Inc.

Sarah Pfeiffer
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
Phone: 949.823.7957
Fax: 949.823.6994
spfeiffer@omm.com
Bar #

Ensequence, Inc.

Julia Elizabeth Markley
1120 NW Couch
Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2259
Fax: 503.346.2259
jmarkley@perkinscoie.com
Bar #

TuneSat, LLC

Jack Wesley Hill
1127 Judson Road
Suite 220
Longview, TX 75606
Phone: 903.757.6400
Fax: 903.757.2323
wh@wsfirm.com
Bar #

AccuTime Systems, Inc. and Amano Cincinnati, Inc.

Anthony S. Volpe
United Plaza
30 S 17th Street
Philadelphia, PA 19103
Phone: 215.568.6400
Fax: 215.568.6499
avolpe@vklaw.com
Bar #

**2.**     *List the name, address, bar number, phone and fax numbers, and email address of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.*

9

Blue Spike, LLC

Randall T. Garteiser
 Texas Bar #24038912
Christopher A. Honea
 Texas Bar #24059967
Kirk J. Anderson
 CA Bar # 289043
Peter S. Brasher
 CA Bar # 283992
218 N. College Ave.
Tyler, TX 75702
Phone: 903.705.7420
Fax: 888.908.4400

**3.**      ***List the correct names of the parties to the action.***

Plaintiff, Blue Spike, LLC and Defendants, Texas Instruments, Inc.; TuneSat, LLC; Attributor Corp.; iPharro Media, Inc.; iPharro Media, GmBH; Vercury, Inc.; Vobile, Inc.; Civolution USA, Inc.; Civolution B.V.; Google, Inc.; Adobe Systems, Inc.; Irdeto USA, Inc.; Technicolor USA, Inc.; Technicolor S.A.; TuneCore, Inc.; Clear Channel Broadcasting, Inc.; CBS Corp.; CBS Interactive, Inc.; Last.fm, Ltd.; 3M Cogent, Inc.; ZKTeco, Inc.; ZK      Technology,      LLC; ZKSoftware Biometric Identification Technology Co., Ltd.; Griaule Technology, LLC; L-1 Identity Solutions, Inc.; MorphoTrust USA, Inc.; MorphoTrak, Inc.; SAFRAN USA, Inc.; Kronos, Inc.; Precise Biometrics, Inc.; Precise Biometrics AB; Asure Software, Inc.; Accu-Time Systems, Inc.; Amano Cincinnati, Inc.; SpeechPro, Inc.; Speech Technology Center, LLC; Iris ID Systems, Inc.; Axxonsoft US, Inc.; Axxonsoft Ltd.; Airborne Biometrics Group, Inc.; Cognitec Systems Corp.; Cognitec Systems GmBH; Soundmouse Ltd.; Zvetco, LLC; Audible Magic Corp.; Related Content Database, Inc. d/b/a Watchwith; WiOffer, LLC; Myxer, Inc.; Facebook, Inc.; MySpace, LLC; Specific Media, LLC; Photobucket.com, Inc.; Dailymotion, Inc.; Dailymotion S.A.; Soundcloud, Inc.; Soundcloud, Ltd.; Qlipso, Inc.; Qlipso Media Network, Ltd.; Yap.tv, Inc.; GoMiso, Inc.; iMesh, Inc.; Metacafe, Inc.; Boodabee Technologies, Inc.; Zedge Holdings, Inc.; Harmonix Music Systems, Inc.; Brightcove, Inc.; Coincident.TV, Inc.; Mediafire, LLC; Accedo Broadband, AB; Accedo Broadband, Inc.; Viggle, Inc.; BMAT Licensing S.L.; Fulcrum Biometrics, LLC; NEUROtechnology; Futronic Technology Co., Ltd.; Iritech, Inc.; M2SYS, LLC; Animetrics, Inc.; ImageWare      Systems,      Inc.;      Shazam      Entertainment,      Ltd.;      Entropic Communications, Inc.; ACTV8, Inc.; SoundHound, Inc.; Zeitera, LLC; SMRTV, Inc.; The Nielsen Company, LLC; AOptix Technologies, Inc.; Infinisource, Inc.; Qqest Software Solutions, Inc.; and Ensequence, Inc.

**4.**      ***List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related, including the patents involved.***

*Blue Spike, LLC v. U.S.A.*, No. 13-419 C, Court of Federal Claims; involving the same four (4) patents-in-suit for infringing products made by ImageWare Systems, Inc.; AOptix Technologies, Inc.; Iris ID Systems, Inc.; and Morphotrust and sold to the United States Government.

*AOptix Technologies, Inc. v. Blue Spike, LLC*, No. C 13-01105 EDL, District Court for the Northern District of California; involving the same four (4) patents-in-suit; action seeking Declaratory Judgment of Patent Noninfringement and Patent Invalidity. This case was filed after this action, and is currently stayed.

5.    ***Briefly summarize in three (3) pages or less: (a) What this case is about, and (b) Each claim or defense.***

(a)    This case is about alleged patent infringement of U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175) (patents-in-suit).

(b)    CLAIMS

(1)    Count 1 alleges direct, willful, contributory, and indirect infringement of the '175 patent.

(2)    Count 2 alleges direct, willful, contributory, and indirect infringement of the '494 patent.

(3)    Count 3 alleges direct, willful, contributory, and indirect infringement of the '700 patent.

(4)    Count 4 alleges direct, willful, contributory, and indirect infringement of the '472 patent.

DEFENSES

(1)    Non-infringement of the patents-in-suit

(2)    Invalidity of the patents-in-suit

(3)    Express or Implied License

(4)    Patent Exhaustion

(5)    Failure to Mark

(6)    Equitable Bars

(7)    Lack of Standing

      (8)     Prosecution Laches

      (9)     Failure to State a Claim

      (10)    Prosecution History Estoppel

      (11)    Prior Art Estoppel

      (12)    Patent Misuse

      (13)    Inequitable Conduct

      (14)    Unclean Hands

      (15)    Adequate Remedy at Law

      (16)    Failure to Mitigate

**6.**     **List anticipated additional parties that may be included, when they might be added, and by whom.**

TBD

**7.**     **List anticipated intervenors.**

None anticipated.

**8.**     **In view of the high volume of related cases consolidated in this action and the correspondingly large number of parties involved, the parties should propose a joint plan for managing the cases efficiently. Among other issues to be addressed include: (1) whether the Court should order consolidated Markman briefing; (2) whether the cases and parties should proceed in groups and how those groups would be defined; and (3) any other measures that would conserve the resources of the parties and Court.**

Given the high number of accused infringers, Plaintiff has met and conferred with Defendants and proposed an approach similar to the approach used by the Honorable Chief Judge Davis. *See Uniloc, USA, Inc., et al., v. Sony Corporation of America, et al.*, Case No. 6:10-cv-373-LED at Dkt. No. 125; *WordCheck Tech, LLC v. Alt-N Technologies Ltd, et al.*, Case No. 6:10-cv-457-LED at Dkt. Nos. 525, 533, 533-1, and 533-2.

As outlined below, Plaintiff proposes the exchange of limited technical disclosures and a financial summary after Plaintiff serves its PICs and licenses to date. The Court would then stay any additional discovery to allow the parties an opportunity to attempt to reach a business solution through mediation.

Plaintiff proposes Guy Harrison, Richard Grainger, and James Knowles as potential early mediators.

**9.**      ***The Court is considering appointment of a special master in this case under Federal Rule of Civil Procedure 53. The Court may ask the special master to form defendant groups based on criteria identified by the special master, establish guidelines for efficient discovery practices applicable to all the consolidated cases, resolve discovery disputes, and address any other pretrial matters that could more effectively and timely be addressed by the special master rather than the Court. The parties should indicate any concerns they have with this process, clearly articulating the reasons underlying those concerns. Regardless of whether the parties agree to the appointment of a special master, they should outline the recommended parameters of the special master's authority, should the Court appoint one.***

Plaintiff is not opposed to appointment of a Special Master and has proposed Retired Judges Gutherie and Folsom as potential appointees. Plaintiff considers Special Masters to be helpful in resolving Discovery disputes, which would allow all the parties to more appropriately handle the fees associated with the use of the Special Master. Plaintiff proposes the losing party of the discovery dispute pay the fees of the Special Master associated with scheduling, preparing and ruling upon the discovery dispute. Plaintiff proposes Special Master Discovery Orders need not be in writing to help reduce the cost of the proceedings, should they be required. Plaintiff also agrees to telephonic hearings before the Special Master for counsel not located in the immediate area.

**10.**      ***Describe the proposed discovery/case management plan, including:***

**(a)**      ***In accordance with Rule 26(f):***

**(1)**      ***Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made.***

*See* Proposed Dates For Scheduling, ¶ 15 and **Exhibit A (**Proposed Discovery Order)**.**

**(2)**      ***The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues.***

*See* Proposed Dates For Scheduling, ¶ 15 and **Exhibit A** (Proposed Discovery Order)*.*

**(3)**      ***In view of the Court's recent order on e-discovery, any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be***

13

*produced;*

The parties are addressing this issue with potential modifications, if any, to the Court's provided e-Discovery Order (Dkt. No. 1136).

> *(4)      The steps already taken or that will be taken for preserving discoverable information, including ESI;*

The parties understand their obligations to preserve discoverable information and have acted accordingly.

> *(5)      Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production; and*

The parties are working together to modify the Court's Initial Protective Order that will address these issues.

> *(6)      Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and the Court's standard Scheduling and Discovery Order available on the Court's Website.*

*See* Exhibit A (Proposed Discovery Order).

**(b)      Of whom and by when Plaintiff anticipates taking oral depositions.**

*See* Proposed Dates For Scheduling, ¶ 15 and Proposed Discovery Order**.**

**(c)      Of whom and by when Defendant anticipates taking oral depositions.**

*See* Proposed Dates For Scheduling, ¶ 15 and Proposed Discovery Order**.**

**(d)      When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.**

*See* Proposed Dates For Scheduling, ¶ 15 and Proposed Discovery Order**.**

**(e)      When the opposing party anticipates taking expert depositions and the anticipated completion date.**

*See* Proposed Dates For Scheduling, ¶ 15 and Proposed Discovery Order**.**

**(f)      Whether the Court should authorize the filing under seal of any documents containing confidential information.**

Yes, the Parties agree the Court should allow documents designated confidential to be filed under seal.

**(g)      If the parties disagree on any part of the discovery plan, describe the**

*opposing views.*

At this point, the parties have not had any disagreements.

**11.     *Specify any discovery beyond the initial disclosures that has taken place to date.***

Blue Spike, LLC has conducted limited Jurisdictional Discovery with Defendant AOptix and is conducting limited Jurisdictional Discovery with Defendant Last.fm.

**12.     *State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.***

> **(a)     *Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.***

> **(b)     *Describe what each party has done or agreed to do to bring about a prompt resolution of this case.***

> **(c)     *State whether a demand and an offer have been made.***

Sections (b) and (c) are addressed below with each respective defendant.

> **(d)     *If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate*.**

3M Cogent, Inc.
- A settlement NDA was offered, but defendant has refused to consider.

Accu-Time Systems, Inc.
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

ACTV8, Inc.
- A settlement NDA has been executed, and the parties are finalizing a settlement.

Adobe Systems, Inc.
- A settlement NDA was executed and an offer was provided. Defendant declined the offer, more discussions were had, but ultimately more financial information will be needed from defendant.

Airborne Biometrics Group, Inc.
- Before discussing and providing an offer, Plaintiff has attempted to negotiate a settlement NDA, but defendant has yet to provide feedback.

Amano Cincinnati, Inc.
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

15

Animetrics, Inc.
- A settlement NDA has been executed, and the parties are finalizing a settlement.

AOptix Technologies, Inc.
- A settlement NDA was executed, information and offers were exchanged, but an agreement could not be reached.

Asure Software, Inc.
- A settlement NDA was executed, offers have been exchanged, and discussions continue towards a potential resolution.

Attributor Corp.
- A settlement NDA has been executed, plaintiff provided an offer, but defendant has yet to respond.

Audible Magic Corp.
- The parties took part in mediation in which offers and counter offers were exchanged, but a settlement was not reached. The parties are currently not negotiating.

Related Content Database, Inc. d/b/a Watchwith, WiOffer, LLC, Myxer, Inc., Facebook, Inc., MySpace, LLC, Specific Media, LLC, Photobucket.com, Inc., Dailymotion, Inc., Dailymotion S.A., Soundcloud, Inc., Soundcloud, Ltd., Qlipso, Inc., Qlipso Media Network, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Harmonix Music Systems, Inc., Brightcove, Inc., Coincident.TV, Inc., Mediafire, LLC, Accedo Broadband, AB, and Accedo Broadband, Inc.
- These defendants are represented by the same counsel as Audible Magic Corp., and no discussions have been initiated beyond those of the above mentioned mediation.

Axxonsoft US, Inc. and Axxonsoft Ltd.
- A settlement NDA was executed, information was exchanged, plaintiff provided an offer, but defendant has yet to respond.

BMAT Licensing S.L.
- A settlement NDA was provided, but defendant has yet to respond.

CBS Corp., CBS Interactive, Inc., and Last.fm, Ltd.
- A settlement NDA was executed, plaintiff provided an offer, defendant has declined but has yet to provide a counter.

Civolution USA, Inc. and Civolution B.V.
- A settlement NDA was offered, but defendant has refused to consider.

16

Clear Channel Broadcasting, Inc.
- A settlement NDA was executed, offers have been exchanged, but the parties are too far apart at this time for an agreement to be reached.

Cognitec Systems Corp. and Cognitec Systems GmbH
- Defendant has refused to execute a settlement NDA to facilitate discussions.

Ensequence
- Plaintiff has recently reached out to ascertain whether defendant is interested in executing a settlement NDA and is waiting on a response.

Entropic Communications, Inc.
- Plaintiff has recently reached out to ascertain whether defendant is interested in executing a settlement NDA and is waiting on a response.

Fulcrum Biometrics, LLC
- Plaintiff has recently reached out to ascertain whether defendant is interested in executing a settlement NDA and is waiting on a response.

Futronic Technology Co., Ltd.
- A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.

Google, Inc.
- A settlement NDA was executed and a settlement conference took place. Plaintiff provided an offer, and defendant has yet to accept, refuse or counter.

Griaule Technology, LLC
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

ImageWare Systems, Inc.
- A settlement NDA was executed, information and offers were exchanged, but an agreement could not be reached.

Infinisource, Inc., and Quest Software Solutions, Inc.
- A settlement NDA has been executed, plaintiff provided an offer, but defendant has yet to respond.

iPharro Media, Inc. and iPharro Media, GmbH
- A settlement NDA was negotiated, but defendants stopped responding to discussions.

Irdeto USA, Inc. and Irdeto B.V.
- A settlement NDA was discussed, the parties exchanged information, but have failed to come to a resolution.

Iris ID Systems, Inc.
- A settlement NDA was executed, an offer was made, and discussions continue towards a potential resolution.

Iritech, Inc.
- A settlement NDA was provided, but defendant has yet to respond.

Kronos, Inc.
- A settlement NDA was provided, but defendants have not executed or provided feedback.

L-1 Identity Systems, Inc, MorphoTrust USA, Inc., MorphoTrak, Inc., and SAFRAN USA, Inc.
- A settlement NDA was provided, but defendants have not executed or provided feedback.

M2SYS, LLC
- A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.

NEUROtechnology
- A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.

Precise Biometrics, Inc. and Precise Biometrics AB
- A settlement NDA was executed, plaintiff provided an offer, but defendant has not responded in any way.

Shazam Entertainment, Ltd.
- A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.

SMRTV, Inc.
- A settlement NDA was executed and the parties have discussed certain confidential issues, but there are disagreements that prevent a resolution.

SoundHound, Inc.
- A settlement NDA was executed, information and offers were exchanged, but an agreement could not be reached.

Soundmouse Ltd.
- A settlement NDA was executed, offers have been exchanged, and the parties will continue to negotiate a potential resolution.

SpeechPro, Inc. and Speech Technology Center, LLC

- A settlement NDA was provided, but defendant has not executed.

Technicolor USA, Inc. and Technicolor S.A.
- The parties have discussed certain issues, but no settlement NDA has been executed. Plaintiff has recently reached out to ascertain whether a settlement NDA can be entered into to facilitate further discussions of resolution.

Texas Instruments, Inc.
- A settlement NDA was offered, but defendant has refused to consider.

The Nielsen Company, LLC
- A settlement NDA was executed and the parties have discussed certain confidential issues, but there is disagreements that prevent a resolution.

TuneCore, Inc.
- No discussions have taken place to date.

TuneSat, LLC
- A settlement NDA was executed, and the parties appeared to be close to agreement, but defendant has cut off communication.

Vercury, Inc.
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

Viggle, Inc.
- A settlement NDA was executed, offers have been exchanged, but the parties are too far apart at this time for an agreement to be reached.

Vobile, Inc.
- A settlement NDA was offered, but defendant has refused to consider.

WiOffer, LLC
- This defendant is represented by the same counsel as Audible Magic Corp., and no discussions have been initiated beyond those of the above mentioned mediation.

Zeitera, LLC
- A settlement NDA was executed, an offer was made, and discussions continue towards a potential resolution.

ZK Teco, Inc., ZK Technology, LLC, and ZKSoftware Biometric Identification Technology Co., Ltd.
- A settlement NDA was offered, but defendant has refused to consider.

Zvetco, LLC

- A settlement NDA was executed, offers have been exchanged, but the parties have ceased discussions.

**13.**   ***United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.[3]***

The parties do not agree to a trial before a United States Magistrate Judge.

**14.**   ***State whether a jury demand has been made and if it was made on time.***

A timely jury demand was made upon filing of the original complaints.

**15.**   ***List all pending motions.***

**Motions to Transfer**:

(a)   ImageWare's Motion to Change Venue to the Southern District of California (re-filed from Case No. 6:12cv688) (Dkt. No. 540);

(b)   L-1 Identity Solutions, Inc.'s ("L-1") and MorphoTrust USA, Inc.'s ("MorphoTrust") Motion to Change Venue to the District of New Jersey (re-filed from Case No. 6:12-cv-00680) (Dkt. No. 588);

(c)   Kronos Inc.'s ("Kronos") Motion to Change Venue to the District of Massachusetts (Dkt. No. 610);

(d)   MorphoTrak, Inc.'s ("MorphoTrak") and SAFRAN USA, Inc.'s ("Safran") Motion to Change Venue to the Central District of California (Dkt. No. 611);

(e)   Soundmouse, Ltd's ("Soundmouse") Motion to Dismiss, or in the Alternative, Transfer to the Southern District of New York (Dkt. No. 648);

(f)   Iris ID Systems, Inc.'s ("Iris ID") Motion to Change Venue to the District of New Jersey (Dkt. No. 663);

(g)   Google, Inc.'s ("Google") Motion to Change Venue to the Northern District of California (Dkt. No. 678);

(h)   Audible Magic and some of its named customers' Motion to Transfer Venue to the Northern District of California (Dkt. No. 771);

(i)   Adobe System, Inc.'s ("Adobe") Motion to Transfer Venue to the Northern District of California (Dkt. No. 905);

(j)      SoundHound, Inc.'s ("SoundHound") Motion to Transfer Venue to the Northern District of California (Dkt. 916);

(k)      Vercury, Inc.'s ("Vercury") Motion to Transfer Venue to the Northern District of California (Dkt. 1142);

(l)      Clear Channel Broadcasting, Inc. ("Clear Channel") Motion to Transfer Venue to the Southern District of New York (Dkt. 1148);

(m)      AcTV8, Inc.'s ("AcTV8") Motion to Transfer Venue to the Central District of California (Dkt. 1149);

(n)      3M Cogent, Inc.'s ("3M Cogent") Motion to Transfer Venue to the Central District of California (Dkt. 1150);

(o)      Zeitera, LLC's ("Zeitera") Motion to Transfer Venue to the Northern District of California (Dkt. 1055) (Related Content Database, Inc. d/b/a/ Watchwith has filed a motion to join Zeitera's motion to transfer, (Dkt. 1056)); and

(p)      AOptix Motion to Transfer Venue to the Northern District of California (Dkt. 1057).

**Motions to Dismiss**:

(a)      Animetrics, Inc.'s ("Animetrics") Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 534) [Blue Spike has a pending motion for jurisdictional discovery against Animetrics (Dkt. No. 787)];

(b)      Technicolor S.A.'s ("Technicolor") Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and Insufficient Service of Process (re-filed from Case No. 12-cv-572) (Dkt. No. 560);

(c)      Cognitec Systems Corp.'s Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. No. 625) [Blue Spike has a pending motion for jurisdictional discovery against Cognitec Systems Corp. (Dkt. No. 807)];

(d)      Cognitec Systems GmbH's Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. No. 626) [Blue Spike has a pending motion for jurisdictional discovery from Cognitec Systems GmbH (Dkt. No. 807)];

(e)      Soundmouse's Motion to Dismiss for Insufficient Service of Process (Dkt. No. 644);

(f)     Soundmouse's Motion to Dismiss, or in the Alternative, Transfer to the Southern District of New York (Dkt. No. 648) [Blue Spike has a pending motion for jurisdictional discovery from Soundmouse (Dkt. No. 902)];

(g)     AOptix's Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Dkt. No. 518);

(h)     CBS Corp.'s ("CBS") and Last.fm Ltd.'s ("Last.fm") Motion to Dismiss the Amended Complaint (Dkt. No. 520) [the Court entered an Order permitting jurisdictional discovery from Last.fm and granting Blue Spike an extension to respond to the motion to dismiss until jurisdictional discovery was complete (Dkt. No. 748); jurisdictional discovery is ongoing];

(i)     Entropic's Motion to Dismiss the First Amended Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Dkt. No. 941);

(j)     Blue Spike Inc.'s Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 993);

(k)     Blue Spike LLC's Motion to Dismiss Audible Magic's Counter Claims (Dkt. No.  995);

(l)     Scott Moskowitz's Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 996);

(m)     Accu-Time's Motion to Dismiss the First Amended Complaint Pursuant to FRCP 12(b)(6) (Dkt. No. 1009);

(n)     Amano's Motion to Dismiss the First Amended Complaint pursuant to FRCP 12(b)(6) (Dkt. No. 1011);

(o)     Soundmouse, Ltd.'s Motion to Dismiss pursuant to 12(b)(6) (Dkt. No. 1111); and

(p)     Cognitec Sytemse Corp. and Cognitec Systems, GmbH's Motion to Dismiss pursuant to 12(b)(6) (Dkt. No. 1112).

**Miscellaneous**:

(a)     Texas Instrument, Inc.'s ("TI") Motion to Sever and To Request a Status Conference (Dkt. No. 777)

(b)     Blue Spike, LLC's Motion for Reconsideration of the Court's Order Dkt. 1004 (Dkt. No. 1028).

***16.***     ***Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Scheduling Conference.***

Defendant Audible Magic has asserted, among others, the following counterclaims against Blue Spike, LLC (Dkt. 885): Declaratory Judgment of Unenforceability of '472, '700, '494 and '175 Patent Due to Inequitable Conduct, Unjust Enrichment, Violation of The Lanham Act – 15 U.S.C. § 1125(a), and Infringement of the United States Patent No. 6,834,308.

Defendant Audible Magic has asserted the following third party claims against Blue Spike, Inc. (Dkt. 885): Unjust enrichment, Violation of The Lanham Act – 15 U.S.C. § 1125(a), and Infringement of the United States Patent No. 6,834,308.

Defendant Audible Magic has asserted the following third party claims against Scott Moskowitz (Dkt. 885): Unjust enrichment and Violation of The Lanham Act – 15 U.S.C. § 1125(a).

Still pending is Blue Spike's motion to reconsider the Court's order Dkt. 1004 regarding Defendant Ensequence (Dkt. 1028).

***17.***     ***Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the Order to Meet, Report, and Appear at Scheduling Conference, listing the date of the original and any amendments.***

All parties have filed their respective Disclosure of Interested Persons according to the Court's order, except for [TBD].

***18.***     ***Proposed Dates for Scheduling. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit.***

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| **Rule 26(f) meeting\*** | February 12, 2014 | **n/a** |
| **File case management plan\*** | February 19, 2014 | **n/a** |

23

| | | |
|---|---|---|
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2). | February 26, 2014 | **n/a** |
| **Rule 16(b) scheduling conference\*** | March 5, 2014 | **n/a** |
| Plaintiff will provide Defendants with prior license agreements. | | April 11, 2014 |
| Defendants shall provide limited technical disclosures (including manuals and demos) and a financial summary on the products accused of infringement. | | April 17, 2014 |
| Early Mediation to be completed. Mediation shall be conducted in accordance with the Court-Annexed Mediation Plan.  *See* Appendix H to Local Rules, available on the Court's website.  It is acknowledge, however, that a party may apply in writing to the assigned mediator to opt out of early mediation if it reasonably believes in good faith that formal mediation at such an early stage does not have a reasonable possibility of resulting in a settlement and would constitute an unnecessary or wasteful expenditure of time and money. | | November 26, 2014 |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | April 4, 2014 | January 9, 2015 |
| Deadline to serve initial disclosures | April 4, 2014 | January 15, 2015 |
| Exchange of Initial Disclosures according to the Court's Discovery Order. | | January 15, 2015 |
| Deadline to amend pleadings | April 4, 2014 | February 3, 2015 |
| Exchange of Additional Disclosures According to the Court's Discovery Order. | | February 17, 2015 |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | April 18, 2014 | February 17, 2015 |

| | | |
|---|---|---|
| Deadline to respond to amended pleadings or file motions to dismiss | May 2, 2014 | February 20, 2015 |
| Deadline to exchange privilege logs | May 2, 2014 | March 6, 2015 |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | May 9, 2014 | March 13, 2015 |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | June 4, 2014 | March 26, 2015 |
| Deadline to submit **required** tutorial | June 4, 2014 | April 2, 2015 |
| Deadline to make preliminary election of asserted claims (*See* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | July 3, 2014 | May 5, 2015 |
| Discovery deadline—claim construction issues | July 3, 2014 | May 5, 2015 |
| Deadline to make preliminary election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | July 18, 2014 | May 22, 2015 |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | July 18, 2014 | May 22, 2015 |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | August 5, 2014 | June 22, 2015 |
| Deadline to file motion for summary judgment of indefiniteness | August 5, 2014 | June 22, 2015 |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | August 12, 2014 | June 30, 2015 |
| Deadline to file response to motion for summary judgment of indefiniteness | August 12, 2014 | July 15, 2015 |
| Deadline to file reply to motion for summary judgment of indefiniteness | August 19, 2014 | August 1, 2015 |
| Deadline to file claim construction chart (P.R. 4-5(d)) | August 19, 2014 | August 1, 2015 |
| **Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6)\*** | October 1, 2014 | October 1, 2015 |

| | | |
|---|---|---|
| Deadline to make final election of asserted claims (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | October 15, 2014 | October 15, 2015 |
| Deadline to make final election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | November 14, 2014 | November 14, 2015 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | November 14, 2014 | November 14, 2015 |
| Deadline to disclose willfulness opinions (P.R. 3-7) | December 1, 2014 | December 1, 2015 |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | December 15, 2014 | December 15, 2015 |
| Deadline to file letter briefs regarding dispositive motions | March 6, 2015 | March 6, 2016 |
| Deadline to notify Court of mediator | April 7, 2015 | April 7, 2016 |
| Discovery deadline | April 21, 2015 | April 21, 2016 |
| Deadline to complete **required** mediation | April 28, 2015 | April 28, 2016 |
| Deadline for dispositive motions (including *Daubert* motions)* | June 5, 2015 | June 5, 2016 |
| Deadline for parties to exchange pretrial disclosures | August 5, 2015 | August 5, 2016 |
| Deadline to notify Court of daily transcript or realtime request | August 5, 2015 | August 5, 2016 |
| Deadline for parties to exchange objections to pretrial disclosures | August 19, 2015 | August 19, 2016 |
| Deadline for parties to meet and confer on objections | August 26, 2015 | August 26, 2016 |
| Deadline to file pretrial materials | September 4, 2015 | September 4, 2016 |

| Deadline for parties to exchange exhibits | **September 30, 2015** | September 30, 2016 |
| **Pretrial conference and trial setting *** | **October 5, 2015 at 9:00 a.m. in Tyler, Texas** | October 5, 2016 |

**_Signature of Counsel:_**

Respectfully submitted,

_/s/ Randall T. Garteiser_
Randall T. Garteiser
  Lead Attorney
    Texas Bar No. 24038912
    rgarteiser@ghiplaw.com
Christopher A. Honea
    Texas Bar No. 24059967
    chonea@ghiplaw.com
Christopher S. Johns
    Texas Bar No. 24044849
    cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(888) 908-4400 Fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

**_Counsel for Blue Spike, LLC._**

27