Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 12-CV-499-MHS** |
| | § | |
| **v.** | § | **CONSOLIDATED CASE** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** *et al.,* | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants.* | § | |
| | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1.    *State where and when the conference required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.*

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Thursday, February 6, 2014:

Blue Spike, LLC

   Randall T. Garteiser
     Texas Bar #24038912
   Christopher A. Honea
     Texas Bar #24059967
   Kirk J. Anderson
    CA Bar #289043
   Peter S. Brasher
    CA Bar #283992

   Law Office of Garteiser Honea, PLLC
   218 N. College Ave.
   Tyler, TX 75702
   Phone: 903.705.7420
   Fax: 888.908.4400
   rgarteiser@ghiplaw.com

Airborne Biometrics Group, Inc.

   Reid Dammann
   Musick, Peeler & Garrett LLP

One Wilshire Boulevard, Suite 2000
Los Angeles, CA 90017
Phone: 213.629.7611
Fax: 213.624.1376
r.dammann@mpglaw.com
CA Bar #249031

Google Inc.

Wallace Wu                              Nicholas Lee
Arnold & Porter LLP                     Arnold & Porter LLP
777 South Figueroa St. 44th Floor       777 South Figueroa St. 44th Floor
Los Angeles, CA 90017-5844              Los Angeles, CA 90017-5844
Phone: 213.243.4104                      Phone: 213.243.4156
Fax: 213.243.4199                        Fax: 213.243.4199
wallace.wu@aporter.com                   nicholas.lee@aporter.com
CA Bar #220110                           CA Bar #259588

Lance Lee
5511 Plaza Dr.
Texarkana, TX 75503
wlancelee@aol.com
Phone: 903.223.0276
Fax: 903.223.0210
TX Bar #24004762

Audible Magic Corp., WiOffer, LLC, Myxer, Inc., Facebook, Inc., MySpace, LLC, Specific
Media, LLC, Photobucket.com, Inc., Dailymotion, Inc., Dailymotion S.A., Soundcloud, Inc.,
Soundcloud, Ltd., Qlipso, Inc., Qlipso Media Network, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh,
Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Harmonix Music
Systems, Inc., Brightcove, Inc., Coincident.TV, Inc., MediaFire, LLC, Accedo Broadband, AB,
Accedo Broadband, Inc. and Related Content Database, Inc. d/b/a Watchwith.

Gabriel M. Ramsey                        Alyssa M. Caridis
Orrick, Herrington & Sutcliffe LLP       Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road                          777 S. Figueroa St, Ste 3200
Menlo Park, CA 94025                     Los Angeles, CA 90017-5855
Phone: 650.614.7400                      Phone: 213.612.2499
Fax: 650.614.7401                        Fax: 213.612.2499
gramsey@orrick.com                       acaridis@orrick.com
CA Bar #209218 (admitted E.D. Texas)     CA Bar #260103

Christopher J. Higgins
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW

2

Washington, DC 20005-1706
Phone:  202.339.8400
Fax:  202.339.8500
chiggins@orrick.com
DC Bar #498165

Eric Hugh Findlay
Findlay Craft P.C.
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Phone: 903.534.1100
Fax: 903.534.1137
efindlay@findlaycraft.com
Texas Bar #00789886

Walter Wayne Lackey, Jr.
Findlay Craft P.C.
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Phone: 903.534.1100
Fax: 903.534.1137
wlackey@findlaycraft.com
Texas Bar #24050901

Adobe Systems, Inc.

Jeff Fisher
Farella Braun + Martel LLP
235 Montgomery St. 17th Floor
San Francisco, CA 94104
Phone: 415.954.4400
Fax: 415.954.4480
jfisher@fbm.com
CA Bar #155284

Eugene Mar
Farella Braun + Martel LLP
235 Montgomery St. 17th Floor
San Francisco, CA 94104
Phone: 415.954.4400
Fax: 415.954.4480
emar@fbm.com
CA Bar #227071

Deron R. Dacus
The Dacus Firm
821 ESE Loop 323, Ste 430
Tyler, TX 75701
Phone: 903.705.1117
Fax: 903.705.1117
ddacus@dacusfirm.com
Texas Bar #790553

Cognitec Systems Corp. and Cognitec Systems GmbH

Dwayne Keith Goetzel
Meyertons, Hood, Kivlin, Kowert & Goetzel
1120 S. Capital of Texas Hwy
Building 2, Suite 300
Austin, TX 78746
Phone: 512.853.8800
Fax: 512.853.8801
dgoetzel@intprop.com

Texas Bar #08059500

BMAT Licensing S.L., Fulcrum Biometrics, LLC, NEUROtechnology, Futronic Technology Co., Ltd., Iritech, Inc., and M2SYS, LLC

Eric Hugh Findlay                          Walter Wayne Lackey, Jr.
Findlay Craft P.C.                         Findlay Craft P.C.
6760 Old Jacksonville Hwy                  6760 Old Jacksonville Hwy
Suite 101                                  Suite 101
Tyler, TX 75703                            Tyler, TX 75703
Phone: 903.534.1100                        Phone: 903.534.1100
Fax: 903.534.1137                          Fax: 903.534.1137
efindlay@findlaycraft.com                  wlackey@findlaycraft.com
Texas Bar #00789886                        Texas Bar #24050901

Shazam Entertainment, Ltd.

R. Scott Roe                               Joshua Furman
Gibson, Dunn & Crutcher LLP                Gibson, Dunn & Crutcher LLP
200 Park Avenue                            200 Park Avenue
New York, NY 10166                         New York, NY 10166
Phone: 212.351.4000                        Phone: 212.351.4000
Fax: 212.351.6210                          Fax: 212.351.6210
sroe@gibsondunn.com                        jfurman@gibsondunn.com
NY Bar #4480224                            NY Bar #4612255

L-1 Identity Solutions, Inc., MorphoTrust USA, Inc., MorphoTrak, Inc., Safran USA, Inc., and Kronos Incorporated

Rita E. Tautkus                            Rachael Chan
Morgan, Lewis & Bockius LLP                Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower             One Market, Spear Street Tower
San Francisco, CA 94105-1126               San Francisco, CA 94105-1126
Phone: 415.442.1357                        Phone: 415.442.1000
Fax: 415.442.1001                          Fax: 415.442.1001
rtautkus@morganlewis.com                   rchan@morganlewis.com
CA Bar #162090                             CA Bar #265002

Precise Biometrics, Inc. and Precise Biometrics AB

Russell E. Levine, P.C.                    G. William Foster
Kirkland & Ellis LLP                       Kirkland & Ellis LLP
300 North LaSalle Street                   300 North LaSalle Street
Chicago, IL 60654                          Chicago, IL 60654
Phone: (312) 862-2000                      Phone: (312) 862-2000
Fax: (312) 862-2200                        Fax: (312) 862-2200

russell.levine@kirkland.com          billy.foster@kirkland.com
Illinois Bar #6193834                 Illinois Bar #6309021

Melissa R. Smith
Gillam & Smith
303 S. Washington Avenue
Marshall, TX  75670
Phone:  903.934.8450
Fax:  903.934.9257
melissa@gillamsmithlaw.com
Texas Bar #24001351

Civolution USA, Inc. and Civolution B.V.

Michael A Molano
Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Phone: 650.331.2047
Fax: 650.331.2060
mmolano@mayerbrown.com
CA Bar #171057

TuneCore, Inc.

Susan Dana Roeder
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Phone: 650.473.2600
Fax: 650.473.2601
sroeder@omm.com
CA Bar #160897

CBS Corp., CBS Interactive, Inc., and Last.fm, Ltd.

Byron Beebe
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Phone: 650.802.3000
Fax: 650.850.3100
Byron.beebe@weil.com
CA Bar #235179

3M Cogent, Inc., ZK Technology, LLC, and ZKSoftware Biometric Identification Technology Co., Ltd.

C. Gideon Korrell                         Robert F. Kramer
Dentons US LLP                          Dentons US LLP
1530 Page Mill Road                     1530 Page Mill Road
Ste. 200                                Ste. 200
Palo Alto, CA 94304-1125                Palo Alto, CA 94304-1125
Phone: 650.798.0360                     Phone: 650.798.0356
Fax: 650.798.0310                       Fax: 650.798.0310
gideon.korrell@snrdenton.com            robert.kramer@dentons.com
CA Bar #284890 (admitted E.D. Texas)    CA Bar #181706 (admitted E.D. Texas)

SpeechPro, Inc. and Speech Technology Center, LLC

Anthony L. Meola
The Meola Firm, PLLC
2500 Westchester Avenue
Suite 210
Purchase, NY 10577
Phone: 914.825.1039
Fax: 866.865.8362
ameola@themeolafirm.com
New York Bar #2896751

Melissa R. Smith
Gillam & Smith
303 S. Washington Avenue
Marshall, TX  75670
Phone:  903.934.8450
Fax:  903.934.9257
melissa@gillamsmithlaw.com
Texas Bar #24001351

Animetrics, Inc.

J Daniel Harkins
Cox Smith Matthews Inc.
112 East Pecan Street
Suite 1800
San Antonio, TX 78205
Phone: 210.554.5285
Fax: 210.226.8395
dharkins@coxsmith.com
Texas Bar #09008990

Entropic Communications, Inc.

Jo Dale Carothers
Covington & Burling LLP
9191 Towne Center Dr., 6th Fl.
San Diego, CA 92122
Phone: 858.678.1800
Fax: 858.678.1600
jdcarothers@cov.com
CA Bar #228703

Eric A. Caligiuri
Covington & Burling LLP
9191 Towne Center Dr., 6th Fl.
San Diego, CA 92122
Phone: 858.678.1800
Fax: 858.678.1600
ecaligiuri@cov.com
CA Bar #260442

Allen Gardner
Potter Minton, PC
110 N. College, Suite 500
Tyler, Texas 75702
Tel: 903.597.8311
Fax: 903.593.0846
allengardner@potterminton.com
Texas Bar #24043679

Texas Instruments, Inc.

Amanda A. Abraham
The Roth Law Firm
115 N. Wellington; Suite 200
Marshall, Texas 75670
Phone: 903.935.1665
Fax: 903.935.1797
aa@rothfirm.com
Texas Bar #24055077

Attributor Corp.

Kristin L Cleveland
Klarquist Sparkman LLP
121 SW Salmon Street
Suite 1600
Portland, OR 97204
Phone: 503.595.5300
Fax: 503.595.5301
kristin.cleveland@klarquist.com
Oregon Bar # 001318

Eric Hugh Findlay
Findlay Craft P.C.
6760 Old Jacksonville Hwy

Walter Wayne Lackey, Jr.
Findlay Craft P.C.
6760 Old Jacksonville Hwy

7

| | |
|---|---|
| Suite 101 | Suite 101 |
| Tyler, TX 75703 | Tyler, TX 75703 |
| Phone: 903.534.1100 | Phone: 903.534.1100 |
| Fax: 903.534.1137 | Fax: 903.534.1137 |
| efindlay@findlaycraft.com | wlackey@findlaycraft.com |
| Texas Bar #00789886 | Texas Bar #24050901 |

iPharro Media, Inc. and iPharro Media, GmbH

Marc Norman Henschke
Foley & Lardner LLP
111 Huntington Ave
Suite 2600
Boston, MA 02199
Phone: 617.342.4000
Fax: 617.342.4001
mhenschke@foley.com
MA Bar #636146 (admitted E.D. Texas)

Irdeto USA, Inc.

| | |
|---|---|
| Blake W. Jackson | Andrew P. Valentine |
| DLA Piper LLP (US) | DLA Piper LLP (US) |
| 2000 University Ave. | 2000 University Ave. |
| East Palo Alto, CA 94303-2215 | East Palo Alto, CA 94303-2215 |
| Phone: 650.833.2248 | Phone: 650.833.2065 |
| Fax: 650.833.2001 | Fax: 650.833.2001 |
| blake.jackson@dlapiper.com | andrew.valentine@dlapiper.com |
| CA Bar #277990 | CA Bar #162094 |

Technicolor USA, Inc. and Technicolor SA

| | |
|---|---|
| Andrew M McCoy | Trevor Carter |
| Faegre Baker Daniels LLP | Faegre Baker Daniels LLP |
| 300 N Meridian St | 300 N Meridian St. |
| Suite 2700 | Suite 2700 |
| Indianapolis, IN 46204 | Indianapolis, IN 46204 |
| Phone: 317.237.0300 | Phone: 317.237.0300 |
| Fax: 317.237.1000 | Fax: 317.237.1000 |
| andrew.mccoy@faegrebd.com | trevor.carter@faegrebd.com |
| Indiana Bar #IN 28297-49 | Indiana Bar #IN 18562-49 |

Iris ID Systems, Inc.

| | |
|---|---|
| Cecilia Sanabria | Rajeev Gupta |
| Finnegan, Henderson, Farabow, | Finnegan, Henderson, Farabow, |

Garrett & Dunner, LLP
901 New York Avenue,
Washington, DC 20001
Phone: 202.408.4000
Fax: 202.408.4400
cecilia.sanabria@finnegan.com
DC Bar #994975

Garrett & Dunner, LLP
NW 901 New York Avenue, NW
Washington, DC 20001
Phone: 202.408.4352
Fax: 202.408.4400
raj.gupta@finnegan.com
DC Bar #973863

ACTV8, Inc.

Myra Mormille-Wolper
Kelley Drye & Warren LLP
333 W Wacker Dr
Ste 2600
Chicago, IL 60606
Phone: 312.857.2501
Fax: 312.857.7095
mmormile@kelleydrye.com
Illinois Bar #6301441

SoundHound, Inc., Zeitera, LLC, AOptix Technologies, Inc., Infinisource, Inc., and Qqest Software Systems, Inc.

Bryan Alexander Kohm
Fenwick & West LLP
555 California Street
12th Floor
San Francisco, CA 94104
Phone: 415.875.2300
Fax: 415.281.1350
bkohm@fenwick.com
CA Bar #233276

Teresa Marie Corbin
Fenwick & West LLP
555 California Street
12th Floor
San Francisco, CA 94104
Phone: 415.875.2303
Fax: 415.281.1350
tcorbin@fenwick.com
CA Bar #132360

ImageWare Systems, Inc.

James Vincent Fazio, III
San Diego IP Law Group LLP
12526 High Bluff Drive
Suite 300
San Diego, CA 92130
Phone: 858.792.3446
Fax: 858.732.3447
jamesfazio@sandiegoiplaw.com
CA Bar #182253

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Friday, February 7, 2014:

Blue Spike, LLC

    Randall T. Garteiser
    Christopher A. Honea
    Kirk Anderson
    Peter Brasher
    (Same as above)

Axxonsoft US, Inc. and Axxonsoft Ltd.

| | |
|---|---|
| Steve Crenshaw | Erik Milch |
| Cooley LLP | Cooley LLP |
| 11951 Freedom Drive | 11951 Freedom Drive |
| Reston, VA 20190 | Reston, VA 20190 |
| Phone: 703.456.8000 | Phone: 703.456.8000 |
| Fax: 703.456.8100 | Fax: 703.456.8100 |
| screnshaw@cooley.com | emilch@cooley.com |
| Virginia Bar #82016 | Virginia Bar #46375 (admitted E.D. Texas) |

Asure Software, Inc.

    Miguel S. Rodriguez
    Taylor Dunham & Rodriguez, LLP
    301 Congress Ave
    Suite 1050
    Austin, TX 78701
    Phone: 512.469.5465
    Fax: 512.478.4409
    mrodriguez@taylordunham.com
    Texas Bar #24007938

SMRTV, Inc. and The Nielsen Company (US) LLC

    Darren E. Donnelly
    Fenwick & West LLP
    801 California St
    Mountain Valley, CA 94041
    Phone: 650.988.8500
    Fax: 650.938.5200
    ddonnelly@fenwick.com
    CA Bar #194335

Clear Channel Broadcasting, Inc.

Sarah Pfeiffer
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
Phone: 949.823.7957
Fax: 949.823.6994
spfeiffer@omm.com
CA Bar #278205

Ensequence, Inc.

Julia Elizabeth Markley
Perkins Coie LLP
1120 NW Couch
Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2259
Fax: 503.346.2259
jmarkley@perkinscoie.com
Oregon Bar #00079.

TuneSat, LLC

Jack Wesley Hill
Ward & Smith Law Firm
1127 Judson Road
Suite 220
Longview, TX 75606
Phone: 903.757.6400
Fax: 903.757.2323
wh@wsfirm.com
Texas Bar #24032294

AccuTime Systems, Inc. and Amano Cincinnati, Inc.

Anthony S. Volpe
Volpe & Koenig, P.C
United Plaza
30 S 17th Street
Philadelphia, PA 19103
Phone: 215.568.6400
Fax: 215.568.6499
avolpe@vklaw.com
Bar #

Vobile Inc.

    Samuel E. Stubbs (TX Bar No. 19434500)
    sam.stubbs@pillsburylaw.com
    Pillsbury Winthrop Shaw Pittman LLP
    2 Houston Center
    909 Fannin, Suite 2000
    Houston, TX 77010-1018
    Phone: 713.276.7600
    Fax:  281.276.7673

| David A. Jakopin | Keren Hu |
|---|---|
| Pillsbury Winthrop Shaw Pittman LLP | Pillsbury Winthrop Shaw Pittman LLP |
| 2550 Hanover Street | 2550 Hanover Street |
| Palo Alto, CA 94304-1114 | Palo Alto, CA 94304-1114 |
| Phone: 650.233.4500 | Phone: 650.233.4500 |
| Fax: 650.233.4545 | Fax: 650.233.4545 |
| david.jakopin@pillsburylaw.com | keren.hu@pillsburylaw.com |
| CA Bar # 209950 (pro hac vice) | CA Bar # 252725 (pro hac vice) |

The following parties and counsel conferred telephonically at the Law Office of Garteiser Honea, PLLC, 218 N. College Ave, Tyler, Texas 75702 on Thursday, February 11, 2014:

Soundmouse Ltd.

    Ryan T. Beard
    Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C.
    1120 S. Capital of Texas Hwy.
    Bldg. 2, Ste. 300
    Austin, Texas 78746
    Phone: 512.853.8800
    Fax: 512.853.8801
    rbeard@intprop.com
    Texas Bar #24012264

**2.** *For any attorney not listed in response to question one, list the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.*

ImageWare Systems, Inc.

    Trevor Q. Coddington, Ph.D.

San Diego IP Law Group LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Phone: 858.792.3446
Fax: 858.732.3447
trevorcoddington@sandiegoiplaw.com
CA Bar #243042

Shazam Entertainment Limited

    Josh A. Krevitt
    (NY Bar #2568228)
    Benjamin Hershkowitz
    (NY Bar #2600559)
    R. Scott Roe
    (NY Bar #4480224)
    Joshua Furman
    (NY Bar #4612255)
    Gibson, Dunn & Crutcher LLP
    200 Park Avenue
    New York, NY 10166
    Phone: 212.351.4000
    Fax: 212.351.6210
    jkrevitt@gibsondunn.com
    bhershkowitz@gibsondunn.com
    sroe@gibsondunn.com
    jfurman@gibsondunn.com

Michael E. Jones
Texas Bar #10929400
mikejones@potterminton.com
Potter Minton, PC
110 North College, Suite 500
Tyler, Texas 75702
Phone: 903.597.8311
Fax: 903.593.0846

L-1 Identity Solutions, Inc., MorphoTrust USA, Inc., MorphoTrak, Inc., Safran USA, Inc., and Kronos Incorporated

    Thomas R. Davis
    Texas Bar #24042543
    Morgan Lewis & Bockius
    1000 Louisiana Street, Suite 4000
    Houston, TX 77002
    Phone: 713.890.5000
    Fax: 713.890.5001
    tdavis@morganlewis.com

TuneCore, Inc.:

    Melissa R. Smith
    Gillam & Smith
    303 S. Washington Avenue
    Marshall, TX  75670
    Phone:  903.934.8450

Fax:  903.934.9257
melissa@gillamsmithlaw.com
Texas Bar #24001351

CBS Corp., CBS Interactive, Inc., and Last.fm, Ltd.

Edward R. Reines
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Phone: 650.802.3000
Fax: 650.850.3100
Edward.reines@weil.com
CA Bar #135960 (admitted E.D. Texas)

Entropic Communications Inc.

Michael E. Jones
Potter Minton PC
110 N. College, Suite 500
Tyler, TX 75702
Phone: 903.597.8311
Fax: 903.593.0846
mikejones@potterminton.com
Texas Bar #10929400

Cognitec Systems Corp., Cognitec Systems GmbH, Soundmouse Ltd.

Ryan T. Beard
Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C.
1120 S. Capital of Texas Hwy.
Bldg. 2, Ste. 300
Austin, Texas 78746
Phone: 512.853.8800
Fax: 512.853.8801
rbeard@intprop.com
Texas Bar #24012264

3.      *List the correct names of the parties to the action.*

Plaintiff, Blue Spike, LLC and Defendants, Texas Instruments, Inc.; TuneSat, LLC; Attributor Corporation; iPharro Media, Inc.; iPharro Media, GmbH; Vercury, Inc.; Vobile, Inc.; Civolution USA, Inc.; Civolution B.V.; Google, Inc.; Adobe Systems, Inc.; Irdeto USA, Inc.; Technicolor USA, Inc.; Technicolor SA; TuneCore, Inc.; Clear Channel Broadcasting, Inc.; CBS Corp.; CBS Interactive, Inc.; Last.fm, Ltd.; 3M Cogent, Inc.; ZK Technology, LLC; ZKSoftware Biometric Identification Technology Co., Ltd.;

Griaule Technology, LLC; L-1 Identity Solutions, Inc.; MorphoTrust USA, Inc.; MorphoTrak, Inc.; Safran USA, Inc.; Kronos Incorporated; Precise Biometrics, Inc.; Precise Biometrics AB; Asure Software, Inc.; Accu-Time Systems, Inc.; Amano Cincinnati, Inc.; SpeechPro, Inc.; Speech Technology Center, LLC; Iris ID Systems, Inc.; Axxonsoft US, Inc.; Axxonsoft Ltd.; Airborne Biometrics Group, Inc.; Cognitec Systems Corp.; Cognitec Systems GmbH; Soundmouse Ltd.; Zvetco, LLC; Audible Magic Corp.; Watchwith, Inc. (formerly known as Related Content Database, Inc. d/b/a Watchwith); WiOffer, LLC; Myxer, Inc.; Facebook, Inc.; MySpace, LLC; Specific Media, LLC; Photobucket.com, Inc.; Dailymotion, Inc.; Dailymotion S.A.; Soundcloud, Inc.; Soundcloud, Ltd.; Qlipso, Inc.; Qlipso Media Network, Ltd.; Yap.tv, Inc.; GoMiso, Inc.; iMesh, Inc.; Metacafe, Inc.; Boodabee Technologies, Inc.; Zedge Holdings, Inc.; Harmonix Music Systems, Inc.; Brightcove, Inc.; Coincident.TV, Inc.; MediaFire, LLC; Accedo Broadband, AB; Accedo Broadband, Inc.; Viggle, Inc.; BMAT Licensing S.L.; Fulcrum Biometrics, LLC; NEUROtechnology; Futronic Technology Co., Ltd.; Iritech, Inc.; M2SYS, LLC; Animetrics, Inc.; ImageWare Systems, Inc.; Shazam Entertainment Ltd.; Entropic Communications, Inc.; ACTV8, Inc.; SoundHound, Inc.; Zeitera, LLC; SMRTV, Inc.; The Nielsen Company, LLC; AOptix Technologies, Inc.; Infinisource, Inc.; Qqest Software Systems, Inc.; and Ensequence, Inc.

Counterclaimant Audible Magic Corp. and Counterclaim Defendants Blue Spike, LLC, Blue Spike, Inc. and Scott A. Moskowitz

4.   *List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related, including the patents involved.*

*Blue Spike, LLC v. U.S.A.*, No. 13-419 C, Court of Federal Claims; involving the same four (4) patents-in-suit for allegedly infringing products made by ImageWare Systems, Inc.; AOptix Technologies, Inc.; Iris ID Systems, Inc.; and Morphotrust USA, Inc. and sold to the United States Government.

*AOptix Technologies, Inc. v. Blue Spike, LLC*, No. C 13-01105 EDL, District Court for the Northern District of California; involving the same four (4) patents-in-suit; action seeking Declaratory Judgment of Patent Noninfringement and Patent Invalidity. This case was filed after the original complaint in this action, and is currently stayed pending this Court's resolution of AOptix Technologies, Inc.'s motion to dismiss for lack of personal jurisdiction.

5.   *Briefly summarize in three (3) pages or less: (a) What this case is about, and (b) Each claim or defense.*

## Blue Spike LLC v. Texas Instruments Inc., et al.

(a)   This case is about alleged patent infringement of U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175) (patents-in-suit).

(b)     CLAIMS

- Count 1 alleges direct, willful, contributory, and indirect infringement of the '175 patent.

- Count 2 alleges direct, willful, contributory, and indirect infringement of the '494 patent.

- Count 3 alleges direct, willful, contributory, and indirect infringement of the '700 patent.

- Count 4 alleges direct, willful, contributory, and indirect infringement of the '472 patent.

DEFENSES

**General Defenses**

Defendants deny infringement of the patents-in-suit.  Defendants further deny the validity of the '175, '494, '700 and '472 patents.  Defendants assert that the '175, '494, '700 and '472 patents are unenforceable due to inequitable conduct. Defendants assert that plaintiff lacks standing to sue on the asserted patents. Defendants assert the defenses of lack of personal jurisdiction, laches, waiver, acquiescence, estoppels, license, implied license, patent exhaustion and unclean hands.  Defendants assert that damages are limited and that plaintiff is not entitled to injunctive relief.   Some defendants have counterclaimed for declaratory judgment of invalidity, non-infringement and unenforceability of the 4 patents-in-suit.

**License Defense of Defendants SMRTV, Inc. and The Nielsen Company**

RPX Corporation provides a "Defensive Patent Aggregation" service through which it mitigates the risks to its members of patent lawsuits from Non-Practicing Entities by acquiring rights to the patents and granting its members licenses, or other similar arrangements to the same effect.  The Blue Spike patents are part of the RPX Defensive Patent Portfolio and RPX is able to grant licenses to its members under them.  Sony Corporation is an RPX member and, pursuant to its membership agreement with RPX, is licensed under the Blue Spike patents.  By virtue of this license, SMRTV, Inc. and The Nielsen Company claim (1) their use of accused technology has been authorized by Blue Spike and cannot be an infringement and (2) they have a defense of license and patent exhaustion barring the relief Blue Spike seeks from them.

**Audible Magic Corp. v. Blue Spike, LLC, Blue Spike, Inc. and Scott A. Moskowitz**

Defendant Audible Magic Corp. ("Audible Magic") asserts a counterclaim of common law unjust enrichment against Blue Spike LLC, Blue Spike, Inc. and Scott A. Moskowitz for their wrongful and unjust taking of information, technology and ideas from Audible Magic and its predecessor, Muscle Fish LLC. Audible Magic asserts a counterclaim of unenforceability due to inequitable conduct. Audible Magic further asserts a counterclaim of false advertising under the Lanham Act against Blue Spike LLC, Blue Spike, Inc. and Scott A. Moskowitz for their false and misleading website statements regarding Blue Spike's purported technology and products in relation to the technology and products of Audible Magic and others. Audible Magic further asserts a counterclaim of infringement of U.S. Patent No. 6,834,308, entitled "Method and Apparatus for Identifying Media Content Presented on a Media Playing Device," against Blue Spike LLC and Blue Spike, Inc. Audible Magic contends that Blue Spike LLC and Blue Spike, Inc. made, used, offered for sale, sold, and/or imported into the United States systems and methods covered by the claims of the '308 patent. Audible Magic seeks damages and injunctive relief for the violations set forth in these counterclaims.

**6.      List anticipated additional parties that may be included, when they might be added, and by whom.**

None anticipated.

**7.      List anticipated intervenors.**

None anticipated.

**8.      In view of the high volume of related cases consolidated in this action and the correspondingly large number of parties involved, the parties should propose a joint plan for managing the cases efficiently. Among other issues to be addressed include: (1) whether the Court should order consolidated Markman briefing; (2) whether the cases and parties should proceed in groups and how those groups would be defined; and (3) any other measures that would conserve the resources of the parties and Court.**

<u>**Blue Spike's Position**</u>

Given the high number of accused infringers, Plaintiff has met and conferred with Defendants and proposed an approach similar to the approach used by the Honorable Chief Judge Davis. *See Uniloc, USA, Inc., et al., v. Sony Corporation of America, et al.*, Case No. 6:10-cv-373-LED at Dkt. No. 125; *WordCheck Tech, LLC v. Alt-N Technologies Ltd, et al.*, Case No. 6:10-cv-457-LED at Dkt. Nos. 525, 533, 533-1, and 533-2.

As outlined below, Plaintiff proposes the exchange of limited technical disclosures and a financial summary after Plaintiff serves its PICs and licenses to date. The Court would then stay any additional discovery to allow the parties an

opportunity to attempt to reach a business solution through mediation.

Plaintiff proposes Guy Harrison, Richard Grainger, and James Knowles as potential early mediators.

## Certain Defendants' Position

*Consolidated Markman*

Defendants will exercise their best efforts to consolidate *Markman* briefing where possible.  However, given the number of defendants whose positions must be accounted for, and the broad variety of Defendants' products and concomitant issues impacting the merits from claim construction, Defendants request that the Court permit briefs of greater length than under the local rules and that the Court also permit Defendants to file supplemental briefing, if and as appropriate.

*Proposed Groupings*

Defendants reject Plaintiff's proposal to delay this proceeding simply to seek additional time for settlements.  Plaintiff initiated this action over 17 months ago. Defendants are ready to litigate this case as soon as the Court rules on the Defendants' pending motions to transfer.  However, in an attempt to address the Court's concern regarding managing this case efficiently, Defendants propose the following plan:

Defendants propose two groupings of defendants.  First, Defendants propose a group of "Supplier Defendants" and "Independent Defendants" comprised of (i) companies that make and/or sell the accused "content recognition" technologies at issue in these consolidated cases or (ii) companies that stopped using the accused technology prior to the initiation of the lawsuit (e.g. Adobe Systems).  Second, Defendants propose a group of "Customer Defendants" comprised of companies that only use the accused "content recognition" technology of others, but do not make or sell any content recognition technology themselves.  The proposed groups are as follows:

Supplier and Independent Defendants[1]
Audible Magic Corp., Google Inc., Civolution USA, Inc., Civolution B.V., 3M Cogent Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., Safran USA, Inc., L-1 Identity Solutions, Inc., Airborne Biometrics Group, Inc, ImageWare Systems, Inc., Clear Channel Broadcasting, Inc., Cognitec Systems GmbH, TuneSat LLC,[2] Shazam Entertainment Ltd., Adobe Systems, Inc., Texas Instruments

---

[1] The listing of a particular Defendant in the proposed Supplier and Independent Defendants grouping is not an admission that Defendant have sold or offered for sale the accused technology in the United States.

[2] TuneSat LLC uses its own technology and does not supply it to any of the other defendants.

Incorporated, Vobile, Inc., Last.fm, Attributor Corporation, Animetrics, Inc., Iris ID Systems, Inc., ZK Technology, LLC, ZK Software Biometric Identification Technology Co., Ltd., Precise Biometrics, Inc., Precise Biometrics AB, SpeechPro, Inc., Speech Technology Center, LLC, iPharro Media, Inc., iPharro Media, GmbH, Asure Software, Inc., BMAT Licensing S.L., Futronic Technology Co., Axxonsoft US, Inc., Axxonsoft Ltd., SoundHound, Inc., Zeitera, LLC, AOptix Technologies, Inc., Infinisource, Inc., Qqest Software Systems, Inc.

Customer Defendants[3]
Facebook, Inc., MySpace LLC, Specific Media LLC, Photobucket.com, Inc., Dailymotion, Inc., Dailymotion S.A., Soundcloud, Inc., Soundcloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks Ltd., Yap.TV, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Harmonix Music Systems, Inc., Brightcove, Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire LLC, WiOffer, LLC, CBS Interactive, Inc., TuneCore, Inc.,[4] Entropic Communications, Inc., Watchwith, Inc. (formerly known as Related Content Database, Inc. d/b/a Watchwith), Kronos Incorporated, Cognitec Systems Corp., CBS Interactive, CBS Corporation, ACTV8, Inc., SMRTV Inc., The Nielsen Company (US) LLC

Defendants propose an alternative case management plan that establishes two separate and different discovery and trial schedules for the "Supplier Defendants" and the "Customer Defendants."  These groupings of defendants and separate schedules would further judicial economy and efficiency in these cases, in the same manner and for the same reasons that this Court has ordered such groupings, to manage its docket, in prior multi-defendant patent cases.  *See Keranos LLC v. Analog Devices et al.* and *Samsung Electronics Co. Ltd. et al v. Keranos LLC* (consolidated case 2:13-cv-00018-MHS (EDTX), Docket No. 1).  In these cases, the claims against the Supplier Defendants will resolve many of the issues related to the Customer Defendants.  Indeed, the Supplier Defendants know their own technology better than the Customer Defendants, and are in the best position and have the most motivation to litigate issues of infringement, invalidity, unenforceability and ownership of the patents, and related counterclaims (for example, Audible Magic's counterclaims related to taking of its property).  The Customer Defendants are not necessary to proceedings resolving the core issues in the infringement and invalidity disputes.  If the cases against the Supplier Defendants are litigated through trial before any discovery or pre-trial proceedings begin for Customer Defendants, the earlier trial could resolve either

---

[3] Customer Defendants reserve the right to be included in the Supplier/Independent group based on new allegations in any amended pleadings.  In particular, Defendant Facebook has very recently been sued in an Amended Complaint and reserves the right to be included in a Supplier/Independent group, if appropriate, once it has had the ability to investigate the amended pleadings and infringement contentions.

[4] TuneCore Inc. disputes that it uses any content recognition technology at all, but plaintiff alleges that TuneCore uses Audible Magic's technology.

infringement or invalidity issues decisively, or, if the decisions are in favor of Blue Spike, in such a way that, as a practical matter, there are fewer remaining issues. As the Federal Judicial Center observes in its Patent Case Management Judicial Guide, in cases like this one "customers are generally superfluous to the litigation," and, as a result, "[o]ften, the court will stay the cases against the customer defendants, pending the resolution of the litigation against the manufacturer defendants in order to decrease litigation costs and to streamline the case."[5] Also, to the extent Supplier Defendants have indemnification obligations, if they settle, it will resolve at least some of the customer cases. The proposed phased approach is particularly appropriate given the early stage of these proceedings. Defendants propose below a modified version of the "Proposed Dates for Scheduling," which reflects separate discovery, pre-trial and trial schedules for "Supplier Defendants" and "Customer Defendants." It should be noted that the proposed schedule for the "Supplier Defendants" closely tracks this Court's own proposed dates.

The "Independent Defendants" such as Adobe share the same motivation as the "Supplier Defendants" to litigate and resolve core issues of infringement and invalidity. Additionally, Adobe believes that licenses that have been entered into by Blue Spike may also dispose of claims in this case. Adjudication of the scope of these licenses and/or exhaustion of patent rights should be handled during the "Supplier/Independent Defendants" phase of the case because this action was filed 17 months ago and this issue may be case-dispositive as to certain parties.

On or before March 3, 2014, each of the Customer Defendants will either submit a declaration or refer the Court to a previously filed declaration or pleading that it has used or is alleged by Blue Spike to have used the accused technology of "Supplier Defendants," or others, has not changed or modified such accused technology but has only used such technology of Supplier Defendants or others as intended. Further, in order to maximize efficiencies and simplification of issues, each of the Customer Defendants is willing to be bound by a final invalidity decision based on a prior version of that Defendant's supplier's product, product feature, or product component, to the same extent as that Defendant's supplier.[6] Other Courts that have phased proceedings between supplier and customer defendants have recognized the efficiencies of this approach. *See Infinite Data LLC. v. Amazon.com, Inc.* (case 1:12-cv-01616-RGA (D. Del.), Docket No. 32)

### Defendants Attributor, Technicolor USA, Inc. and Technicolor SA's Position

Plaintiff's seriatim suit approach has caused this litigation to swell to over 40 consolidated matters, the first of which was filed 17 months ago. Attributor is

---

[5] Menell, Peter S. et al., Patent Case Management Judicial Guide - Second Edition (Federal Judicial Center, July 20, 2012) at 2-66. Available at SSRN: http://ssrn.com/abstract=2114398.

[6] This provision does not apply to SMRTV and Nielsen who have a supplier that is not a Supplier Defendant.

concerned that it, a small player, will have little voice in defending itself in this case, as claim terms, summary judgment brief pages, and other important materials must be split with defendants with different levels of exposure and offering based on different technologies.  Technicolor USA, Inc. and Technicolor SA have the same concern based on not having any commercialization of accused infringing activity.

Creating from this morass a manageable case structure is likely to require more information than the plaintiff is willing to tell defendants at this juncture.  For example, in the 26(f) conference, Blue Spike chose not to disclose which claims (of the over 110 claims) are being asserted against which defendants.  Similarly, Defendants do not know the contours of precisely what may be accused of infringement.  While Attributor respects that this information may not be currently "due" under any rule or order, it is precisely the type of information that is needed to address the Court's inquiries in Items 8 and 9 as to how this case can be grouped to achieve maximum efficiency.

Accordingly, Attributor, Technicolor USA, Inc., and Technicolor SA propose a schedule that builds in 1) resolution of all the motions to transfer to ascertain the set of defendants that will remain in this jurisdiction; and 2) a further case management conference to address the Court's questions regarding efficient groupings of all remaining defendants, once the parties have the benefit of infringement contentions.  Attributor recommends that the Status Conference to Determine Groupings for Claim Construction Proceedings proceed at the Court's convenience between March 17 and June 15, 2014.

This proposal is consistent with the Court's request to address efficient groupings – and will address that issue with more relevant information.  This proposal is consistent with various defendants' request for stay pending the motions to transfer, providing the Court time to resolve that issue.

Attributor, Technicolor USA, Inc., and Technicolor SA do not object to a stay or phasing of "customers" as proposed by some other defendants, as the case may be more manageable if customer discovery is deferred.

## Defendant Soundmouse's Position

Soundmouse proposes that the Court stay this matter until all motions to transfer and motions to dismiss are resolved by the Court.  Soundmouse is not opposed to the parties engaging in attempts to settle matters during this stay period, as proposed by Plaintiff.  However, Soundmouse opposes the disclosure of any technical information (as proposed by Plaintiff) because such information is not relevant to settlement talks.

Once the Court determines which parties should remain in the case, Soundmouse proposes that the Court appoint a Special Master to determine reasonable

groupings for the case. The Special Master, in conjunction with Plaintiff and the Defendants, should determine up to five (5) defendants with the largest potential damages. Plaintiff should be able to identify these parties based on the before mentioned settlement talks and disclosure of certain financial information during those talks. Those defendants, and their customers, should proceed through determination by the Court of summary judgment motions. These defendants will have the greatest incentive to litigate this matter because they have the most to lose. Moreover, a small initial group will allow the parties and the Court the ability to more effectively manage the case and permit parties an actual voice on *Markman* issues, dispositive motions, and other case issues (as opposed to a large group of defendants flooding the court with papers on every issue). Requiring 80 defendants (as proposed by Plaintiff) or even half that amount (as proposed by other defendants) to proceed through *Markman* and dispositive issues at once ensures that certain defendants won't have their voice heard and will have to compromise their positions based on what the "group" of defendants wants.

Once this initial group is through the summary judgment phase of the case (and the Court has decided those dispositive issues), the Special Master should then decide, in conjunction with the Plaintiff and the remaining defendants, additional groups and a phased schedule for those parties. Allowing a small group of defendants to first litigate matters will resolve many issues between the parties and simplify the case.

Soundmouse does not agree with Plaintiff's proposed "grouping" because it does not establish any groups whatsoever and will require all defendants to go through the entire schedule at the same time. Soundmouse also does not agree with the first proposal set forth by certain defendants because (1) the groups will be too large, and (2) it does not make sense to exclude customers from suppliers in groups because both the customer and supplier will have the same common products and patent claims at issue (all of which should be resolved by the Court at the same time and at trial at the same time).

### Defendants SMRTV, Inc. and the Nielsen Company

Like the Customers in proposed Supplier-Customer phasing above, neither SMRTV nor Nielsen makes its own accused technology. Unlike, the Customers in that grouping however, the question of whether their suppliers' technology can give rise to liability for infringement generally appears not to be in dispute. Blue Spike's complaints against these defendants accuse technology from a supplier that Blue Spike has not (and cannot) accuse of infringement. That supplier enjoys the benefit of a license that RPX obtained from Blue Spike for its members and Blue Spike's patents cannot reach the suppliers' licensed customers. SMRTV and Nielsen have met and conferred with Blue Spike's counsel a number of times and Blue Spike has offered no substantive position disputing that the supplier is licensed. In the event that Blue Spike does not dismiss these parties by the date of the Scheduling Conference, they propose (1) the court or a special master hear

summary judgment on the defense of license at the outset of the case to avoid wasteful technical and other discovery not necessary to it, and (2) a stay of discovery not related to their license defense.

9. ***The Court is considering appointment of a special master in this case under Federal Rule of Civil Procedure 53. The Court may ask the special master to form defendant groups based on criteria identified by the special master, establish guidelines for efficient discovery practices applicable to all the consolidated cases, resolve discovery disputes, and address any other pretrial matters that could more effectively and timely be addressed by the special master rather than the Court. The parties should indicate any concerns they have with this process, clearly articulating the reasons underlying those concerns. Regardless of whether the parties agree to the appointment of a special master, they should outline the recommended parameters of the special master's authority, should the Court appoint one.***

**<u>Blue Spike's Position</u>**

Plaintiff is not opposed to appointment of a Special Master and has proposed Retired Judges Guthrie and Folsom as potential appointees. Plaintiff considers Special Masters to be helpful in resolving Discovery disputes, which would allow all the parties to more appropriately handle the fees associated with the use of the Special Master. Plaintiff proposes the losing party of the discovery dispute pay the fees of the Special Master associated with scheduling, preparing and ruling upon the discovery dispute. Plaintiff proposes Special Master Discovery Orders need not be in writing to help reduce the cost of the proceedings, should they be required. Plaintiff also agrees to telephonic hearings before the Special Master for counsel not located in the immediate area.

**<u>Defendants' Position</u>**

Defendants generally do not oppose appointment of a Special Master in this case under Federal Rule of Civil Procedure 53, to establish guidelines for efficient discovery practice and to resolve discovery disputes. However, certain Defendants such as ImageWare object to appointment of a Special Master because of the additional cost that will impose. The Defendants who would agree to appointment of a Special Master do not oppose the appointment of Retired Judge Guthrie. Defendants propose that the Plaintiff and relevant Defendant(s) in a given discovery dispute pay the fees of the Special Master evenly among them. Defendants reject Plaintiff's proposal regarding the "losing party" paying for fees because in discovery disputes it is often not clear who is the "losing party," particularly where a middle ground approach is ordered by the Special Master. At this time, it is the Defendants' general position that a Special Master's authority should be limited to efficiently managing discovery practice and disputes. One or more Defendant may also submit disputes pertaining to potential license defenses, patent exhaustion, and/or successor liability issues to a Special Master after discussion with the Plaintiff and the Special Master. The proposed groupings of

defendants and dual schedule proposed by Defendants will minimize the burden on the Court, special master and parties alike.

**Soundmouse's Position**

Soundmouse is not opposed to the appointment of a Special Master to establish groupings and to resolve discovery issues. All costs for the special master should be split as follows: 50% paid by Plaintiff and 50% paid by any defendants requiring the Special Master's intervention. Plaintiff created this situation by filing suit against this large a group of defendants at one time and should therefore bear the costs of managing the group. Soundmouse is not opposed to Retired Judge Guthrie being the Special Master.

10. *Describe the proposed discovery/case management plan, including:*

(a) *In accordance with Rule 26(f):*

    (1) *Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made.*

    *See* Proposed Dates For Scheduling, ¶ 18 and **Exhibit A (**Proposed Discovery Order**).**

    (2) *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues.*

    *See* Proposed Dates For Scheduling, ¶ 18 and **Exhibit A** (Proposed Discovery Order*).*

    (3) *In view of the Court's recent order on e-discovery, any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;*

    The parties are addressing this issue with potential modifications to the Court's provided e-Discovery Order (Dkt. No. 1136).

    (4) *The steps already taken or that will be taken for preserving discoverable information, including ESI;*

    The parties understand their obligations to preserve discoverable information and have acted accordingly.

    (5) *Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production; and*

The parties are working together to modify the Court's Initial Protective Order that will address these issues.

**(6)** **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and the Court's standard Scheduling and Discovery Order available on the Court's *Website*.**

*See* Exhibit A (Proposed Discovery Order).

**(b)** **Of whom and by when Plaintiff anticipates taking oral depositions.**

*See* Proposed Dates For Scheduling, ¶ 15 and Proposed Discovery Order**.**

**(c)** **Of whom and by when Defendant anticipates taking oral depositions.**

*See* Proposed Dates For Scheduling, ¶ 15 and Proposed Discovery Order**.**

**(d)** **When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.**

*See* Proposed Dates For Scheduling, ¶ 15 and Proposed Discovery Order**.**

**(e)** **When the opposing party anticipates taking expert depositions and the anticipated completion date.**

*See* Proposed Dates For Scheduling, ¶ 15 and Proposed Discovery Order**.**

**(f)** **Whether the Court should authorize the filing under seal of any documents containing confidential information.**

Yes, the Parties agree the Court should allow documents designated confidential to be filed under seal.

**(g)** **If the parties disagree on any part of the discovery plan, describe the opposing views.**

At this point, the parties have not had any disagreements.

**11.** **Specify any discovery beyond the initial disclosures that has taken place to date.**

Blue Spike, LLC has conducted limited Jurisdictional Discovery with Defendant AOptix Technologies, Inc. and is conducting limited Jurisdictional Discovery with Defendant Last.fm.

**12.** **State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.**

**(a)** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

**(b)** **Describe what each party has done or agreed to do to bring about a prompt**

*resolution of this case.*

**(c)     State whether a demand and an offer have been made.**

Sections (b) and (c) are addressed below with each respective defendant.

**(d)     If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate**.

Accu-Time Systems, Inc.
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

ACTV8, Inc.
- A settlement NDA has been executed, and the parties are finalizing a settlement.

Adobe Systems, Inc.
- A settlement NDA was executed and an offer was provided. Defendant declined the offer, more discussions were had, but the parties have been unable to reach an agreement. Plaintiff contends more financial information will be needed from defendant, and Defendant requires production of plaintiff's license and settlement agreement(s), including any such agreements with former defendant Yahoo, Inc., which defendant believes may cover its limited use of the accused technology.

Airborne Biometrics Group, Inc.
- Before discussing and providing an offer, Plaintiff has attempted to negotiate a settlement NDA, but defendant has yet to provide feedback.

Amano Cincinnati, Inc.
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

Animetrics, Inc.
- A settlement NDA has been executed, and the parties are finalizing a settlement.

AOptix Technologies, Inc.
- A settlement NDA was executed, information and offers were exchanged, but an agreement could not be reached.

Asure Software, Inc.
- A settlement NDA was executed, offers have been exchanged, and discussions continue towards a potential resolution.

Attributor Corp.
- A settlement NDA has been executed.  Plaintiff has not returned counsel's follow-up call.

Audible Magic Corp. (on behalf of itself and its customers)

- The parties took part in mediation before Retired Judge David Folsom in which offers and counter offers were exchanged, but a settlement was not reached. The parties are currently not negotiating.

WiOffer, LLC, Myxer, Inc., Facebook, Inc., MySpace, LLC, Specific Media, LLC, Photobucket.com, Inc., Dailymotion, Inc., Dailymotion S.A., Soundcloud, Inc., Soundcloud, Ltd., Qlipso, Inc., Qlipso Media Network, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Harmonix Music Systems, Inc., Brightcove, Inc., Coincident.TV, Inc., MediaFire, LLC, Accedo Broadband, AB, and Accedo Broadband, Inc.

- These defendants are represented by the same counsel as Audible Magic Corp., and no discussions have been initiated beyond those of the above mentioned mediation.

Watchwith, Inc. (formerly known as Related Content Database, Inc. d/b/a Watchwith)

- Defendant requested to enter into a settlement NDA, but Plaintiff refused to negotiate with Watchwith's counsel.

Axxonsoft US, Inc. and Axxonsoft Ltd.

- A settlement NDA was executed, information was exchanged, plaintiff provided an offer, but defendant has yet to respond.

BMAT Licensing S.L.

- A settlement NDA was provided, but defendant has yet to respond.

CBS Corp., CBS Interactive, Inc., and Last.fm, Ltd.

- A settlement NDA was executed, plaintiff provided an offer, defendant has declined but has yet to provide a counter.

Civolution USA, Inc. and Civolution B.V.

- A settlement NDA was offered, but defendant has refused to consider.

Clear Channel Broadcasting, Inc.

- A settlement NDA was executed, offers have been exchanged, but the parties are too far apart at this time for an agreement to be reached.

Cognitec Systems Corp. and Cognitec Systems GmbH

- *Plaintiff's Statement*: Defendant has refused to execute a settlement NDA to facilitate discussions.  *Cognitec's Statement*:  Counsel for Cognitec Systems Corp. and Cognitec Systems GmbH has attempted to discuss settlement with counsel for plaintiffs, who have insisted on signature of a nondisclosure agreement prior to addressing even basic terms such as general amounts or general royalty percentages sought.  The terms of the NDA cannot be agreed to, thereby resulting in no movement on settlement discussions.

Ensequence

- Plaintiff has recently reached out to ascertain whether defendant is interested in executing a settlement NDA and is waiting on a response.

Entropic Communications, Inc.
- Plaintiff has recently reached out to ascertain whether defendant is interested in executing a settlement NDA and is waiting on a response.  Entropic has received the request and is considering its position.

Fulcrum Biometrics, LLC
- Plaintiff has recently reached out to ascertain whether defendant is interested in executing a settlement NDA and is waiting on a response.

Futronic Technology Co., Ltd.
- A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.

Google Inc.
- The parties discussed certain terms relating to an NDA in advance of settlement discussions.  However, no NDA was agreed upon.

Griaule Technology, LLC
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

ImageWare Systems, Inc.
- A settlement NDA was executed, information and offers were exchanged, but an agreement could not be reached.

Infinisource, Inc., and Qqest Software Systems, Inc.
- A settlement NDA has been executed, plaintiff provided an offer, but defendant has yet to respond.

iPharro Media, Inc. and iPharro Media, GmbH
- A settlement NDA was negotiated, but defendants stopped responding to discussions.

Irdeto USA, Inc. and Irdeto B.V.
- A settlement NDA was executed, the parties exchanged information, but have failed to come to a resolution.

Iris ID Systems, Inc.
- A settlement NDA was executed, an offer was made, and discussions continue towards a potential resolution.

Iritech, Inc.
- A settlement NDA was provided, but defendant has yet to respond.

Kronos Incorporated
- A settlement NDA was provided, but defendants have not executed or provided feedback.

L-1 Identity Solutions, Inc., MorphoTrust USA, Inc., MorphoTrak, Inc., and Safran USA, Inc.
- A settlement NDA was provided and extensive feedback was provided by the defendants regarding the terms of the NDA.  The parties did not reach an agreement to its terms.

M2SYS, LLC
- A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.

NEUROtechnology
- A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.

Precise Biometrics, Inc. and Precise Biometrics AB
- A settlement NDA was executed, plaintiff provided an offer, but defendant has not responded in any way.

Shazam Entertainment, Ltd.
- A settlement NDA was executed, plaintiff provided an offer, but defendant declined and discussions have ceased.

SMRTV, Inc.
- A mutual NDA was executed and the parties have discussed certain confidential issues, but there are disagreements that prevent a resolution.

SoundHound, Inc.
- A settlement NDA was executed, information and offers were exchanged, but an agreement could not be reached.

Soundmouse Ltd.
- A settlement NDA was executed, offers have been exchanged, and the parties will continue to negotiate a potential resolution.

SpeechPro, Inc. and Speech Technology Center, LLC
- A settlement NDA was provided, but defendant has not executed.

Technicolor USA, Inc. and Technicolor SA
- Blue Spike Statement:  The parties have discussed certain issues, but no settlement NDA has been executed. Plaintiff has recently reached out to ascertain whether a settlement NDA can be entered into to facilitate further discussions of resolution.

- Technicolor Statement:  On May 17, 2013, counsel for Blue Spike told counsel for Technicolor USA, Inc. and Technicolor SA (collectively "Technicolor") that Blue Spike would dismiss its claims against Technicolor.  On May 24, 2013, counsel for Technicolor sent draft dismissal documents to Blue Spike counsel.  Blue Spike counsel did not engage in further discussions regarding the dismissal until February 2014.

Texas Instruments, Inc.
- TI attempted to open discussions of an early resolution on two separate occasions in late 2012 and early 2013. TI offered to disclose its confidential sales information and entertain discussions under FRE 408 and invited a settlement demand. Plaintiff refused to discuss any resolution unless TI executed their proposed NDA. Since TI was not requesting to be provided with any of Plaintiff's confidential information, TI declined to execute the NDA and discussions ended.

The Nielsen Company, LLC
- A mutual NDA was executed and the parties have discussed certain confidential issues, but there are disagreements that prevent a resolution.

TuneCore, Inc.
- No discussions have taken place to date.

TuneSat, LLC
- A settlement NDA was executed, and the parties appeared to be close to agreement, but no settlement has been reached.

Vercury, Inc.
- A settlement NDA was executed, and the parties are in active discussions regarding potential resolution.

Viggle, Inc.
- A settlement NDA was executed, offers have been exchanged, but the parties are too far apart at this time for an agreement to be reached.

Vobile, Inc.
- A settlement NDA was negotiated, but the parties did not reach an agreement.

WiOffer, LLC
- This defendant is represented by the same counsel as Audible Magic Corp., and no discussions have been initiated beyond those of the above mentioned mediation.

Zeitera, LLC
- A settlement NDA was executed, information and offers were exchanged, and discussions continue towards a potential resolution.

ZK Technology, LLC, and ZK Software Biometric Identification Technology Co., Ltd.
- A settlement NDA was offered, but was not executed.

Zvetco, LLC
- A settlement NDA was executed, offers have been exchanged, but the parties have ceased discussions.

3M Cogent, Inc.
- The parties discussed certain terms relating to an NDA in advance of settlement discussions.  However, no NDA was agreed upon.

**13.** **United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.[3]**

The parties do not agree to a trial before a United States Magistrate Judge.

**14.** **State whether a jury demand has been made and if it was made on time.**

A timely jury demand was made upon filing of the original complaints and counterclaims.

**15.** **List all pending motions.**

**Motions to Transfer**:

- Amended Motion to Stay All Proceedings Pending Resolution of All Pending Transfer Motions (Dkt. No. 1245)[7]

- Defendant Adobe Systems Incorporated's Joinder In The Defendants' Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1246)

- Defendant 3M Cogent Inc.'s Notice Of Joinder And Joinder In Defendants' Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1247)

- Defendant Iris Id Systems Inc.'s Notice Of Joinder In Defendants' Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1248)

---

[7]  ACTV8, Inc., AOptix Technologies, Inc., Accedo Broadband AB, Accedo Broadband NA, Inc., Airborne Biometrics Group, Inc., Animetrics, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Civolution B.V., Civolution USA, Inc., Clear Channel Broadcasting, Inc., Cognitec Systems Corporation, Cognitec Systems GmbH, Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Entropic Communications, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., ImageWare Systems, Inc., Infinisource, Inc., Kronos Incorporated, L-1 Identity Solutions, Inc., MediaFire, LLC, Metacafe, Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Precise Biometrics, Inc., Precise Biometrics AB, Precise Biometrics, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Qqest Software Solutions, Inc., Related Content Database, Inc., Safran USA, Inc., SoundHound, Inc., Soundcloud Ltd., Soundcloud, Inc., Soundmouse Ltd., Specific Media, LLC, TuneCore, Inc., Vercury, Inc., Vobile, Inc., WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., Zeitera, LLC, iMesh, Inc..

- Axxonsoft US, Inc. And Axxonsoft Ltd.'s Joinder In The Defendants' Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1256)

- Shazam Entertainment Ltd.'s Notice Of Non-Opposition Regarding Defendants' Motion To Stay All Proceedings (Dkt. No. 1254)

- Defendants BMAT Licensing, S.L., M2SYS, LLC, Iritech, Inc., Futronic Technology Co., Ltd., NEUROtechnology, and Fulcrum Biometrics' Non-Opposition To Motion To Stay All Proceedings Pending Resolution Of All Pending Motions To Transfer Venue (Dkt. No. 1255)

- ImageWare's Motion to Change Venue to the Southern District of California (re-filed from Case No. 6:12cv688) (Dkt. No. 540);

- L-1 Identity Solutions, Inc.'s ("L-1") and MorphoTrust USA, Inc.'s ("MorphoTrust") Motion to Change Venue to the District of New Jersey (re-filed from Case No. 6:12-cv-00680) (Dkt. No. 588);

- Kronos Incorporated's ("Kronos") Motion to Change Venue to the District of Massachusetts (Dkt. No. 610);

- MorphoTrak, Inc.'s ("MorphoTrak") and Safran USA, Inc.'s ("Safran") Motion to Change Venue to the Central District of California (Dkt. No. 611);

- Cognitec System Corp.'s Motion to Transfer Venue Alternatively to S.D. Fla., D. Mass., or N.D. Cal. (Dkt. No. 625);

- Soundmouse, Ltd's ("Soundmouse") Motion to Dismiss, or in the Alternative, Transfer to the Southern District of New York (Dkt. No. 648);

- Iris ID Systems, Inc.'s ("Iris ID") Motion to Change Venue to the District of New Jersey (Dkt. No. 663);

- Google Inc.'s ("Google") Motion to Change Venue to the Northern District of California (Dkt. No. 678);

- Audible Magic and its customers' Motion to Transfer Venue to the Northern District of California (Dkt. No. 771) (CBS Interactive Inc. and Entropic Communication Inc. have filed joinders to Audible Magic's motion to transfer (Dkt. Nos. 836 and 960);

- Adobe Systems, Inc.'s ("Adobe") Motion to Transfer Venue to the Northern District of California (Dkt. No. 905);

- SoundHound, Inc.'s ("SoundHound") Motion to Transfer Venue to the Northern District of California (Dkt. 916);

- Entropic Communications, Inc.'s Notice of Joinder and Joinder In Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of California (Dkt. 960);

- Vercury, Inc.'s ("Vercury") Motion to Transfer Venue to the Northern District of California (Dkt. 1142);

- Clear Channel Broadcasting, Inc. ("Clear Channel") Motion to Transfer Venue to the Southern District of New York (Dkt. 1148);

- ACTV8, Inc.'s ("ACTV8") Motion to Transfer Venue to the Central District of California (Dkt. 1149);

- 3M Cogent, Inc.'s ("3M Cogent") Motion to Transfer Venue to the Central District of California (Dkt. 1150);

- Zeitera, LLC's ("Zeitera") Motion to Transfer Venue to the Northern District of California (Dkt. 1055) (Watchwith, Inc. formerly known as Related Content Database, Inc. d/b/a Watchwith has filed a joinder to Zeitera's motion to transfer, (Dkt. 1056)); and

- AOptix Technologies, Inc.'s Motion to Transfer Venue to the Northern District of California (Dkt. 1057).

**<u>Motions to Dismiss</u>**:

- Animetrics, Inc.'s ("Animetrics") Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 534) [Blue Spike has a pending motion for jurisdictional discovery against Animetrics (Dkt. No. 787)];

- Technicolor SA's ("Technicolor") Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and Insufficient Service of Process (re-filed from Case No. 12-cv-572) (Dkt. No. 560);

- Cognitec Systems Corp.'s Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. No. 625) [Blue Spike has a pending motion for jurisdictional discovery against Cognitec Systems Corp. (Dkt. No. 807)];

- Cognitec Systems GmbH's Motion to Dismiss Pursuant to Rule 12(b)(2) (Dkt. No. 626) [Blue Spike has a pending motion for jurisdictional discovery from Cognitec Systems GmbH (Dkt. No. 807)];

- Soundmouse's Motion to Dismiss for Insufficient Service of Process (Dkt. No.

644);

- Soundmouse's Motion to Dismiss, or in the Alternative, Transfer to the Southern District of New York (Dkt. No. 648) [Blue Spike has a pending motion for jurisdictional discovery from Soundmouse (Dkt. No. 902)];

- AOptix Technologies, Inc.'s Motion to Strike Blue Spike's Improperly Filed Supplemental Complaint and Motion to Dismiss the Action for Lack of Jurisdiction and Improper Venue (Dkt. No. 968);

- CBS Corp.'s ("CBS") and Last.fm Ltd.'s ("Last.fm") Motion to Dismiss the Amended Complaint (Dkt. No. 520) [the Court entered an Order permitting jurisdictional discovery from Last.fm and granting Blue Spike an extension to respond to the motion to dismiss until jurisdictional discovery was complete (Dkt. No. 748); jurisdictional discovery is ongoing];

- Entropic's Motion to Dismiss the First Amended Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Dkt. No. 941);

- Blue Spike Inc.'s Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 993);

- Blue Spike LLC's Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 995);

- Scott Moskowitz's Motion to Dismiss Audible Magic's Counter Claims (Dkt. No. 996);

- Accu-Time's Motion to Dismiss the First Amended Complaint Pursuant to FRCP 12(b)(6) (Dkt. No. 1009);

- Amano's Motion to Dismiss the First Amended Complaint pursuant to FRCP 12(b)(6) (Dkt. No. 1011);

- Soundmouse, Ltd.'s Motion to Dismiss pursuant to 12(b)(6) (Dkt. No. 1111);

- Cognitec Systems Corp. and Cognitec Systems, GmbH's Motion to Dismiss pursuant to 12(b)(6) (Dkt. No. 1112)

- Vobile Inc.'s Motion to Dismiss Based upon Lack of Personal Jurisdiction. (Dkt. No. 14 of Case No. 6:12cv539).

**Miscellaneous**:

- Texas Instrument, Inc.'s ("TI") Motion to Sever and To Request a Status

34

Conference (Dkt. No. 777);

- Ensequence's Motion for a Stay of Discovery (Dkt. No. 1243) Pending the Court's Resolution of Blue Spike's Motion for Reconsideration (Dkt. No. 1028)

- Blue Spike, LLC's Motion for Reconsideration of the Court's Order Granting Ensequence's Motion to Dismiss for Lack of Personal Jurisdiction and Denying Blue Spike's Motion for Jurisdictional Discovery Dkt. 1004 (Dkt. No. 1028).

16. *Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Scheduling Conference.*

Defendant Audible Magic has asserted, among others, the following counterclaims against Blue Spike, LLC (Dkt. 885): Declaratory Judgment of Unenforceability of '472, '700, '494 and '175 Patent Due to Inequitable Conduct, Unjust Enrichment, Violation of The Lanham Act – 15 U.S.C. § 1125(a), and Infringement of the United States Patent No. 6,834,308.

Defendant Audible Magic has asserted the following third party claims against Blue Spike, Inc. (Dkt. 885): Unjust enrichment, Violation of The Lanham Act – 15 U.S.C. § 1125(a), and Infringement of the United States Patent No. 6,834,308.

Defendant Audible Magic has asserted the following third party claims against Scott Moskowitz (Dkt. 885): Unjust enrichment and Violation of The Lanham Act – 15 U.S.C. § 1125(a).

Still pending is Blue Spike's Motion for Reconsideration of the Court's Order Granting Ensequence's Motion to Dismiss for Lack of Personal Jurisdiction and Denying Blue Spike's Motion for Jurisdictional Discovery (Dkt. 1028).

17. *Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the Order to Meet, Report, and Appear at Scheduling Conference, listing the date of the original and any amendments.*

All parties have filed their respective Disclosure of Interested Persons according to the Court's order.

18. *<u>Proposed Dates for Scheduling</u>. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit.*

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
|---|---|---|---|---|
| | | | SUPPLIER | CUSTOMER |
| **Rule 26(f) meeting*** | Feb. 12, 2014 | Feb. 12, 2014 | Feb. 12, 2014 | Feb. 12, 2014 |
| **File case management plan*** | Feb. 19, 2014 | Feb. 19, 2014 | Feb. 19, 2014 | Feb. 19, 2014 |
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2). | Feb. 26, 2014 | Feb. 26, 2014 | Feb. 26, 2014 | Feb. 26, 2014 |
| **Rule 16(b) scheduling conference*** | March 5, 2014 | March 5, 2014 | March 5, 2014 | March 5, 2014 |
| Possible Hearing Dates for Motions to Transfer | **n/a** | **n/a** | TBD, Ideally Between March 5 and April 16 | TBD, Ideally Between March 5 and April 16 |
| Plaintiff will provide Defendants with all agreements that convey any rights in any of the asserted patents.  This includes, without limitation, licenses, covenants not to sue, releases and settlement agreements.[8] | | April 11, 2014 | March 12, 2014 | March 12, 2014 |
| Defendants shall provide limited technical disclosures (including | | April 17, 2014 | Defendants propose beginning | Defendants propose beginning |

---

[8] For clarity, Plaintiff will produce all agreements or other documents that convey any rights in any of the asserted patents or that relate in any way to the resolution of plaintiff's infringement assertions with respect to any of the asserted patents.  This includes, without limitation, licenses, covenants not to sue, releases, settlement agreements or any other type of document that relates in any way to the asserted patents or that arose out of plaintiff's infringement assertions with respect to any of the asserted patents.

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
| --- | --- | --- | --- | --- |
| | | | SUPPLIER | CUSTOMER |
| manuals and demos) and a financial summary on the products accused of infringement. | | | document production on the initial disclosure dates below | document production on the initial disclosure dates below |
| Early Mediation to be completed.[9] | | Nov. 26, 2014 | Defendants propose a later mandatory mediation date below | Defendants propose a later mandatory mediation date below |
| Status Conference to Determine Groupings for Claim Construction Proceedings | | **n/a** | **n/a** | **n/a** |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | April 4, 2014 | January 9, 2015 | May 1, 2014 | May 1, 2014 |
| Deadline to serve initial disclosures | April 4, 2014 | January 15, 2015 | May 1, 2014 | Dec. 4, 2015 |
| Exchange of Initial Disclosures according to the Court's Discovery Order. | | January 15, 2015 | May 1, 2014 | Dec. 4, 2015 |
| Deadline to amend pleadings | April 4, 2014 | February 3, 2015 | April 4, 2014 | April 4, 2014 |
| Exchange of Additional Disclosures According to the Court's Discovery Order (¶1 of Exhibit A) | | February 17, 2015 | May 1, 2014 | Dec. 4, 2015 |

[9] Mediation shall be conducted in accordance with the Court-Annexed Mediation Plan.  *See* Appendix H to Local Rules, available on the Court's website.  It is acknowledged, however, that a party may apply in writing to the assigned mediator to opt out of early mediation if it reasonably believes in good faith that formal mediation at such an early stage does not have a reasonable possibility of resulting in a settlement and would constitute an unnecessary or wasteful expenditure of time and money.

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
| --- | --- | --- | --- | --- |
| | | | SUPPLIER | CUSTOMER |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | April 18, 2014 | February 17, 2015 | May 23, 2014 | May 23, 2014 |
| Deadline to respond to amended pleadings or file motions to dismiss | May 2, 2014 | February 20, 2015 | May 2, 2014 | May 2, 2014 |
| Deadline to exchange privilege logs | May 2, 2014 | March 6, 2015 | July 1, 2014 for claim construction discovery  February 12, 2015 for all other discovery | July 1, 2014 for claim construction discovery  July 1, 2016 for all other discovery |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | May 9, 2014 | March 13, 2015 | June 13, 2014 | June 13, 2014 |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | June 4, 2014 | March 26, 2015 | July 9, 2014 | July 9, 2014 |
| Deadline to submit **required** tutorial | June 4, 2014 | April 2, 2015 | July 9, 2014 | July 9, 2014 |
| Deadline to make preliminary election of asserted claims (*See* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | July 3, 2014 | May 5, 2015 | Aug. 7, 2014 | Aug. 7, 2014 |
| Discovery deadline— claim construction issues | July 3, 2014 | May 5, 2015 | Aug. 7, 2014 | Aug. 7, 2014 |
| Deadline to file summary judgment motion | | | Aug. 7, 2014 | Aug. 7, 2014 |

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
| --- | --- | --- | --- | --- |
| | | | SUPPLIER | CUSTOMER |
| regarding license defense or patent exhaustion[10] | | | | |
| Deadline to make preliminary election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | July 18, 2014 | May 22, 2015 | Aug. 22, 2014 | Aug. 22, 2014 |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | July 18, 2014 | May 22, 2015 | Aug. 22, 2014 | Aug. 22, 2014 |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | August 5, 2014 | June 22, 2015 | Sept. 9, 2014 | Sept. 9, 2014 |
| Deadline to file motion for summary judgment of indefiniteness | August 5, 2014 | June 22, 2015 | Sept. 9, 2014 | Sept. 9, 2014 |
| Deadline to produce financial materials or information relevant to damages concerning pleaded claims or defenses involved in this action | | | Sept. 15, 2014 | Dec. 7, 2015 |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | August 12, 2014 | June 30, 2015 | Sept. 16, 2014 | Sept. 16, 2014 |
| Deadline to file response to motion for summary | August 12, 2014 | July 15, 2015 | Sept. 16, 2014 | Sept. 16, 2014 |

---

[10] Defendant Adobe Systems, Inc. may request, after consulting with Plaintiff and the Special Master, to have the Special Master hear a potential summary judgment motion regarding a license defense or patent exhaustion in the first instance.  Defendants SMRTV, Inc. and The Nielsen Company may potentially seek summary adjudication of license and/or exhaustion at the outset of the case, and the stay of discovery is unnecessary to it.

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
| --- | --- | --- | --- | --- |
| | | | SUPPLIER | CUSTOMER |
| judgment of indefiniteness | | | | |
| Deadline to file reply to motion for summary judgment of indefiniteness | August 19, 2014 | August 1, 2015 | Sept. 23, 2014 | Sept. 23, 2014 |
| Deadline to file claim construction chart (P.R. 4-5(d)) | August 19, 2014 | August 1, 2015 | Sept. 19, 2014 | Sept. 19, 2014 |
| **Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6)\*** | October 1, 2014 | October 1, 2015 | October 1, 2014 | October 1, 2014 |
| Deadline to make final election of asserted claims (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | October 15, 2014 | October 15, 2015 | October 15, 2014 | February 5, 2016 |
| Deadline to make final election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | November 14, 2014 | November 14, 2015 | November 14, 2014 | November 14, 2014 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | November 14, 2014 | November 14, 2015 | November 14, 2014 | February 5, 2016 |
| Deadline to disclose willfulness opinions (P.R. 3-7) | December 1, 2014 | December 1, 2015 | December 1, 2014 | February 26, 2016 |
| Deadline to designate expert witnesses and reports on issues for | December 15, 2014 | December 15, 2015 | December 15, 2014 | March 25, 2016 |

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
| --- | --- | --- | --- | --- |
| | | | SUPPLIER | CUSTOMER |
| which the party does not bear the burden of proof | | | | |
| Deadline to file letter briefs regarding dispositive motions | March 6, 2015 | March 6, 2016 | March 6, 2015 | April 22, 2016 |
| Deadline to notify Court of mediator | April 7, 2015 | April 7, 2016 | April 7, 2015 | February 12, 2016 |
| Discovery deadline | April 21, 2015 | April 21, 2016 | April 21, 2015 | May 20, 2016 |
| Deadline to complete **required** mediation | April 28, 2015 | April 28, 2016 | April 28, 2015 | May 6, 2016 |
| Deadline for dispositive motions (including *Daubert* motions)* | June 5, 2015 | June 5, 2016 | June 5, 2015 | June 1, 2016 |
| Deadline for parties to exchange pretrial disclosures | August 5, 2015 | August 5, 2016 | August 5, 2015 | July 5, 2016 |
| Deadline to notify Court of daily transcript or realtime request | August 5, 2015 | August 5, 2016 | August 5, 2015 | July 5, 2016 |
| Deadline for parties to exchange objections to pretrial disclosures | August 19, 2015 | August 19, 2016 | August 19, 2015 | July 19, 2016 |
| Deadline for parties to meet and confer on objections | August 26, 2015 | August 26, 2016 | August 26, 2015 | July 29, 2016 |
| Deadline to file pretrial materials | September 4, 2015 | September 4, 2016 | September 4, 2015 | August 5, 2016 |
| Deadline for parties to exchange exhibits | **September 30, 2015** | September 30, 2016 | September 30, 2015 | August 19, 2016 |

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PLAINTIFF'S PROPOSED DATES | CERTAIN DEFENDANTS' PROPOSED DATES | |
|---|---|---|---|---|
| | | | SUPPLIER | CUSTOMER |
| **Pretrial conference and trial setting \*** | **October 5, 2015 at 9:00 a.m. in Tyler, Texas** | October 5, 2016 | October 5, 2015 | September 2016 |

Until resolution of their early summary judgment regarding license defense or patent exhaustion, defendants SMRTV and Nielsen propose a stay of all unrelated discovery and disclosures between plaintiff (on one side) and SMRTV or Nielsen (on the other side), including but not limited to P.R. 3-4 and additional disclosures identified in Exhibit A.

_**Signature of Counsel:**_

Respectfully submitted,

_/s/ Randall T. Garteiser_
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(888) 908-4400 Fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762

(415) 785-3805 fax

*Counsel for Blue Spike, LLC.*