# Exhibit 3

# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| NET NAVIGATION SYSTEMS, LLC | § | |
| | § | |
| v. | § | Cause No. 4:11-CV-663 |
| | § | Judge Schell/Judge Mazzant |
| ALCATEL-LUCENT USA, INC. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Motion by Defendant Alcatel-Lucent USA to Transfer Venue Pursuant to 28 U.S.C. 1404(a) (Dkt. #36). Having considered the relevant pleadings, the Court recommends that Defendant's motion be denied.

### BACKGROUND

Plaintiff Net Navigation Systems, LLC ("Plaintiff") is a Texas limited liability company with its principal place of business in Round Rock, Texas (Dkt. #42 at 1). Defendant Alcatel-Lucent USA, Inc. ("Alcatel-Lucent") is a Delaware corporation with its principal place of business located in Murray Hill, New Jersey (Dkt. #36 at 2; Dkt. #42 at 1). Defendant AT&T, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas (Dkt. #36 at 1; Dkt. #42 at 2).[1]

Plaintiff asserts that Alcatel-Lucent directly and indirectly infringes U.S. Patent Nos. 6,625,122 (the "'122 Patent"), 5,901,147 (the "'147 Patent"), 6,434,145 (the "'145 Patent"), and 6,307,860 (the "'860 Patent"), through a variety of products identified by the amended complaint as the "Alcatel-Lucent Accused Products" (*See* Dkt. #42).

On May 16, 2012, Defendant filed its Motion by Defendant Alcatel-Lucent USA to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. #36). Plaintiff filed its response on June

---
[1] The Court previously recommended that AT&T, Inc. be severed from this action, and therefore will not consider the location of AT&T, Inc. in this report and recommendation regarding Defendant's motion to transfer.

1

8, 2012 (Dkt. #47). Defendant filed its reply on June 27, 2012 (Dkt. #57). On July 11, 2012, Plaintiff filed its sur-reply (Dkt. #62).

## LEGAL STANDARD

A district court may transfer any civil case "for the convenience of parties and witnesses, in the interest of justice...to another other district or division where it might have been brought." 28 U.S.C. § 1404(a). The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I").

Once that threshold inquiry is met, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"); *In re Nintendo*, 589 F.3d at 1198. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

2

The party seeking transfer of venue must show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315. The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *TS Tech,* 551 F.3d at 1319. The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315 n.10; *TS Tech*, 551 F.3d at 1320; *In re Nintendo*, 589 F.3d at 1200.

## ANALYSIS

Defendant Alcatel-Lucent requests that this case be transferred to the Northern District of California. The first question the Court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed originally in the destination venue. *Volkswagen II*, 545 F.3d at 312. Under 28 U.S.C. § 1400(b), venue in a patent infringement action is proper "in the judicial district where the defendant resides." The judicial district where a defendant resides includes the state where the defendant is incorporated. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). Alcatel-Lucent is incorporated in Delaware, and its principal place of business is located in Murray Hill, New Jersey. However, 28 U.S.C. § 1400(b) also allows a patent infringement to be brought "where the defendant has committed acts of infringement and has a regular and established place of business." The Northern District of California clearly meets these requirements. Therefore, the Court finds that this suit could have been filed in the Northern District of California.

**A. Private Interest Factors**

*(1) The Relative Ease of Access to Sources of Proof*

"Courts analyze this factor in light of the distance that documents, or other evidence must be transported from their existing location to the trial venue." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010)

3

(citing *Volkswagen II*, 545 F.3d at 316). This factor will rely on which party has a greater volume of documents relevant to the litigation, and their presumed location in relation to the transferee and transferor venues. *Id*. (citations omitted). Documents that have been moved in anticipation of litigation should not be considered. *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009).

Alcatel-Lucent argues that information about the technical design and development of the accused products is located in the Northern District of California, and information regarding product development, marketing and sales for the products is located in California and Kanata, Ontario (Dkt. #36 at 2). Alcatel-Lucent contends that Plaintiff is an entity created solely for the purpose of litigating the licensing the patents-in-suit, and is likely to have very few relevant documents. *Id*. at 8. Alcatel-Lucent further argues that the addition of other products to the litigation supports transfer, because a large portion of relevant documents are located in Mountain View and Sunnyvale, California (Dkt. #57 at 2-3).

Plaintiff contends that Alcatel-Lucent failed to meet its burden to show that the Northern District of California is a "clearly more convenient forum" for this litigation. Plaintiff argues that Alcatel-Lucent's sources of proof are located in various locations across the nation and around the world, including Plano, Texas; Kanata, Canada; Sacramento, California; Mountain View, California; Westford, Massachusetts; Bangalore, India; Taiwan; Ottawa, Canada; Murray Hill, New Jersey; Calabasas, California; and Sunnyvale, California (Dkt. #62 at 4). Plaintiff points out that for at least four of the additional products, no information regarding them is available in the Northern District of California. *Id*. In addition, Plaintiff notes that Alcatel-Lucent's additional affidavits submitted in support of its motion to transfer clearly demonstrate that the sources of proof are located throughout the country and around the world. *Id*.

4

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotations omitted). Based on the information before the Court, it appears that Defendant's documents are located in California, Texas, Canada, Massachusetts, India, Taiwan, and New Jersey (Dkt. #57 at Declarations; Dkt. #62 at 4). There is no indication that transfer to the Northern District of California would make access to any of these documents more convenient. While transfer would certainly make access to Alcatel-Lucent's documents in the Northern District of California more convenient, it would make access to those documents in Richardson, Texas, less convenient. Further, both districts are equally convenient for the transport of documents located in various other states and countries. *See, e.g., Konami Dig. Ent. Co. Ltd. v. Harmonix Music Sys.*, No. 6:08-CV-286-LED-JEL, 2009 WL 781134, at *4 (E.D. Tex. Mar. 23, 2009) ("While Defendants point to [the transferee district] as the location of significant sources of proof, they ignore the remaining sources of proof which originate from other locations."); *Perritt v. Jenkins*, No. 4:11-CV-23-MHS-ALM, 2011 WL 3511468, at *3 (E.D. Tex. July 18, 2011) ("Because the sources of proof originate from varied locations, this factor is neutral."); *EI-Land Corp. v. Simpson Strong-Tie Co.*, No. 2:09-CV-337-CE, 2010 WL 3859783, at *3-4 (E.D. Tex. Sept. 30, 2010). Therefore, the Court finds this factor is neutral as to transfer, due to the varied locations of Alcatel-Lucent's documents.

*(2) The Availability of Compulsory Process*

Federal Rule of Civil Procedure 45(b)(2) allows a federal court to compel a witness' attendance at a trial or hearing by subpoena; however, the Court's subpoena power is limited by Federal Rule of Civil Procedure 45(c)(3), to those witnesses who work or reside less than 100

miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316. This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *Id*. "Absolute subpoena power" is subpoena power for both depositions and trial. *Hoffman-La Roche*, 587 F.3d at 1338.

Alcatel-Lucent asserts that the Northern District of California has subpoena power over a number of third-party witnesses, namely two inventors on the patents, as well as the original prosecuting attorneys, Michel Shenker and Omkar Suryadevara. AMCC, the owner of the patents-in-suit prior to Net Navigation, is headquartered in the Northern District of California (Dkt. #36 at 4-85). Alcatel-Lucent argues that the Northern District of California has "absolute subpoena power" over non-parties. *Id*.

Plaintiff asserts that compulsory process over Mr. Vyshetsky, one of the named inventors that resides in northern California, is not necessary, since he is retained by Plaintiff and has agreed to attend trial in the Eastern District of Texas (Dkt. #47 at 9). Further, Plaintiff argues that the third inventor, Mr. Joffe, named on all four patents, resides in Israel. *Id*. Plaintiff argues that Alcatel-Lucent failed to tell the Court why the testimony of the prosecuting attorneys would be necessary at trial, and asserts that the relevance of this testimony seems limited given the claims asserted. *Id*. Plaintiff also contends that testimony from third-party witnesses who use the accused products will likely be relevant to this case, since Alcatel-Lucent is accused of indirect infringement. *Id*. Plaintiff argues that these witnesses are likely to be located across the nation, as well as Alcatel-Lucent employees that are no longer employed with Alcatel-Lucent. *Id*. Finally, Plaintiff points out that Alcatel-Lucent failed to demonstrate why any witnesses from AMCC would be required to testify. *Id.* at 10.

6

Plaintiff bears the burden as movant to identify third-party witnesses that would benefit from the transfer, or to demonstrate that the Northern District of California is a "clearly more convenient forum" for this litigation. *Texas Data Co., LLC v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 643-44 n.14, n.15 (E.D. Tex. 2011). In addition, the Court notes that it is likely that many of the locations where Alcatel-Lucent's documents are located may very well have witnesses with relevant testimony over whom neither District has compulsory process. As a practical matter, current employees of Alcatel-Lucent are willing witnesses for the purposes of this motion. *See id*. at 643. Therefore, the location of any current employees is not persuasive in the Court's analysis of this factor. Further, Mr. Vyshetsky is also a willing witness, since he has been retained by Plaintiff. This leaves only one inventor within the subpoena power of the Northern District of California, as well as unnamed, potentially irrelevant witnesses located at AMCC within the Northern District of California, and two prosecuting attorneys who may or may not be required to testify. There are no witnesses within the subpoena power of the Eastern District of Texas. Plaintiff indicates that other third-party witnesses are likely to be located throughout the country, since there may be ex-employees of Alcatel-Lucent whose testimony may be needed for trial.

Based on this information, the Court finds that this factor does not weigh in favor of either jurisdiction. Alcatel-Lucent failed to provide the Court with sufficient information regarding unwilling witnesses that would be required to testify at trial. Therefore, the Court finds that this factor is neutral as to transfer.

*(3) Cost of Attendance for Willing Witnesses*

The Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for

7

trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. Where witnesses are from widely scattered locations, a trial court should not consider its "central location... in the absence of witnesses within the plaintiff's choice of venue." *Genentech*, 566 F.3d at 1344.

Alcatel-Lucent asserts that the convenience of the witnesses is the single most important factor in the transfer analysis (Dkt. #36 at 10 (citing *Genentech*, 566 F.3d at 1343)). Willing witnesses for Alcatel-Lucent include all party witnesses identified by it in its brief, with a significant majority located in the Northern District of California (Dkt. #36 at 2-4). Alcatel-Lucent argues that trial in the Eastern District of Texas will substantially inconvenience these witnesses.

Plaintiff argues that Alcatel-Lucent's products, as discussed above, are developed by employees around the country, including at its Plano, Texas facility (Dkt. #47 at 11). Plaintiff also contends that third-party witnesses will be located around the country and world, and thus the difference between the Northern District of California and the Eastern District of Texas is negligible. *Id*.

While it does appear that there will be a variety of witnesses across the nation, Alcatel-Lucent has shown that a large majority of its witnesses regarding the products at issue, especially its employee witnesses, reside in the Northern District of California. Therefore, the Court finds this factor weighs in favor of transfer.

*(4) All Other Practical Problems*

First, Plaintiff argues that considerations of judicial economy weigh against transfer. Plaintiff has filed two other cases in this district alleging infringement of the same four patents

(Dkt. #47 at 12; *See Net Navigation Systems, Inc. v. Cisco Sys., Inc.*, No. 4:11-cv-660 (E.D. Tex.) (Schell, J.); *Net Navigation Systems, Inc. v. Huawei Technologies Co., Ltd., et al.*, No. 4:11-cv-662 (E.D. Tex.) (Mazzant, J.)). All three cases have been given a scheduling order coordinating the proceedings through the *Markman* hearing, which is currently scheduled for November 6 and 7, 2012. All three cases are pending before the undersigned for pretrial purposes. Two cases, including this one, are pending before United States District Judge Richard A. Schell for trial, and the remaining case is before the undersigned for trial. Plaintiff argues that transferring one of the cases to a different district, while keeping at least one case (and possibly two) in this District, would be a waste of judicial resources and time, and could result in potentially inconsistent claim constructions in each of the cases (Dkt. #47 at 12).

Alcatel-Lucent argues that transfer of this case will not waste judicial resources, since each case involves different products and networking technologies (Dkt. #36 at 12). Further, Alcatel-Lucent contends that the case is still in its early stages, and transfer is unlikely to pose any delay on the parties. *Id*.

The Court agrees that this factor weighs against transfer. If the Court were to transfer these proceedings to the Northern District of California, another court would be required to conduct duplicative proceedings regarding claim construction, expert discovery, and other issues. The Court may deny motions to transfer based on judicial economy alone. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010) (holding that district court may properly deny § 1404(a) transfer based on judicial economy even "when all of the convenience factors clearly favor transfer."); *In re Google,* 412 F. App'x 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly

9

furthers that objective."); *Centre One v. Vonage Holdings, Corp.*, No. 6:08-CV-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009) (Davis, C.J.) (holding that the defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora."); *Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3063414, at *3 ("[T]he division of the case into multiple suits may be more convenient for [the defendant], but it would impose a significant burden on the plaintiff, witnesses, and the federal court system. In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication."). While the Court will also consider the other factors in the transfer analysis, the Court finds that this factor weighs against transfer.

Second, Plaintiff argues that because Alcatel-Lucent waited over seven months to bring its motion to transfer, Alcatel-Lucent unduly delayed in bringing this motion (Dkt. #47 at 12-13). Therefore, Plaintiff contends that this factor should also weigh against transfer. Alcatel-Lucent argues that it brought the motion by the deadline set by the Court and prior to the commencement of discovery and claim construction (Dkt. #57 at 5). The Court agrees, and will not consider this argument as a practical issue preventing transfer.

Third, Plaintiff contends that it is a small company located in Round Rock, Texas, and transfer to the Northern District of California would pose an undue burden on its operations (Dkt. #47 at 13). Plaintiff asserts that Alcatel-Lucent has voluntarily filed several patent suits in the Eastern District of Texas, so it cannot argue that this is not a convenient forum for Alcatel-Lucent. *Id*. The Court rejects this argument and will not consider it as a practical issue preventing transfer. *Genentech,* 566 F.3d at 1346 (holding as clear error district court's

10

determination that movant's prior initiation of a lawsuit in the transferor venue weighed against transfer).

## B. Public Interest Factors

*(1) The Administrative Difficulties Flowing From Court Congestion*

The first public interest factor is court congestion. Generally, this factor favors a district that can bring a case to trial faster. Alcatel-Lucent argues that recent statistics demonstrate that the average time to termination on the merits is 30.4 months in the Northern District of California, compared with 24.0 months in the Eastern District of Texas (Dkt. #36 at 12). Alcatel-Lucent contends that because this time only differs by a few months, this factor is neutral.

Plaintiff argues that this six-month difference in average time to termination on the merits is significant and weighs against transfer (Dkt. #47 at 13-14). Plaintiff further contends that in this case, the Court issued an order setting October 7, 2013, as the final pretrial conference and trial scheduling date in this case (Dkt. #47 at 14; Dkt. #69). The parties agreed to the Court's proposed date, which is now less than 14 months away. *Id*. Thus, the real comparison is 14 months in the Eastern District of Texas versus 30 months in the Northern District of California. *Id*.

The Court agrees with Plaintiff that resolution of this case could not occur any sooner following transfer to the Northern District of California, and it is likely that the parties would receive a trial setting significantly after the current setting of October 7, 2013. Therefore, the Court finds this factor weighs against transfer, since transfer would result in an unknown trial date and a significant delay in a resolution on the merits.

*(2) The Local Interest in Having Localized Interests Decided at Home*

Traditionally, the location of the alleged injury is an important consideration in determining how to weigh this factor. *TS Tech*, 551 F.3d at 1321. However, in a patent infringement case, when the accused products are sold nationwide, the alleged injury does not create a substantial local interest in any particular district. *Id*. Local interest may also be determined when a district is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community. *Hoffman-La Roche,* 587 F.3d at 1336.

Alcatel-Lucent argues that the Northern District of California's interest in resolving this dispute is stronger, because the Alcatel-Lucent employs 1000 people in California, including nearly 350 in Mountain View alone (Dkt. #36 at 13). Further, Alcatel-Lucent argues that most of the design and development of one of the accused products occurred in the Northern District of California. *Id*.

Plaintiff asserts that it filed this litigation in this District because Alcatel-Lucent has a strong connection to the District with its facility located in Plano, Texas (Dkt. #47 at 15). Further, Plaintiff has no connection to Northern California and is a company in Round Rock, Texas. *Id*. Finally, Plaintiff points out that Alcatel-Lucent is an international company with over 76,000 employees nationwide, including those located in the Northern District of California, the Eastern District of Texas, and at its principal place of business in New Jersey. *Id*. Plaintiff argues that because Alcatel-Lucent has ties to both the Northern District of California and the Eastern District of Texas, this factor should weigh against transfer. *Id*.

The Court finds this factor is neutral as to transfer. Alcatel-Lucent's products are unquestionably sold nationwide. There is clearly a local connection to New Jersey, since

12

Alcatel-Lucent's principal place of business is located there. In addition, the Northern District of California also has a connection with a facility located there, which may call into question the reputation of individuals that work and conduct business in the community. *See Hoffman-La Roche*, 587 F.3d at 1336. However, there also appears to be a local interest in the Eastern District of Texas through the location of the facility in Plano, Texas. Alcatel-Lucent fails to respond to Plaintiff's arguments regarding this facility and does not address how the location of this facility factors into the transfer analysis. In addition, in a patent infringement case when the accused products are sold nationwide, as they are here, the alleged injury does not create a substantial local interest in any particular district. *TS Tech*, 551 F.3d at 1321.

Therefore, the Court finds this factor is neutral as to transfer.

*(3) The Familiarity of the Forum with the Law that Will Govern the Case and (4) The Avoidance of Unnecessary Problems of Conflict of Laws*

The parties agree that these two factors are neutral or inapplicable as to transfer (Dkt. #36 at 13; Dkt. #47 at 15). The Court agrees and finds these factors to be neutral.

**C. Conclusion**

The Court finds that five (5) of the private and public interest factors are neutral, one (1) factor weighs in favor of transfer, and two (2) factors weigh against transfer. Alcatel-Lucent failed to meet its burden to show that the Northern District of California is a "clearly more convenient forum" for this litigation. In addition, considerations of judicial economy weigh against transfer in this case.

**RECOMMENDATION**

Based on the foregoing, the Court recommends the Motion by Defendant Alcatel-Lucent USA to Transfer Venue Pursuant to 28 U.S.C. 1404(a) (Dkt. #36) be **DENIED**.

13

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 24th day of August, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE