# Exhibit 5

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OASIS RESEARCH, LLC | § | |
| | § | |
| v. | § | Cause No. 4:12-CV-531 |
| | § | Judge Mazzant |
| PRO SOFTNET CORP. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Pro Softnet Corporation's Motion to Sever and Transfer Claims Against Pro Softnet to the United States District Court for the Central District of California, or In the Alternative, To Dismiss (Dkt. #106).[1] Having considered the relevant pleadings, the Court is of the opinion that Defendant's motion should be denied.

## BACKGROUND

Plaintiff Oasis Research, LLC ("Plaintiff") is a Delaware limited liability company with its previous principal place of business in Marshall, Texas (Dkt. #253 at 2). Plaintiff's current mailing address is in Fort Worth, Texas. *Id*. Defendant Pro Softnet Corp. ("Pro Softnet") is a California corporation with its principal place of business located in Calabasas, California (Dkt. #106 at 3; Dkt. #383 at 2). Pro Softnet is a small corporation with approximately 20 employees. *Id*.

Plaintiff asserts that Pro Softnet infringes U.S. Patent Nos. 5,771,354 (the "'354 Patent"), 5,901,228 (the "'228 Patent"), 6,411,943 (the "'943 Patent"), and 7,080,051 (the "'051 Patent"), through its "IBackup" or "IDrive" online backup services.

On May 23, 2011, the undersigned entered a Report and Recommendation denying Defendant's motion to sever and transfer (Dkt. #106; Dkt. #204). After considering the

---

[1] The Court has addressed Defendant's motion to sever in a separate memorandum opinion and order (Dkt. #435) issued on August 15, 2012, and will only consider Defendant's motion to transfer in this memorandum opinion and order.

1

objections, United States District Judge Michael H. Schneider adopted the Report and Recommendation of the United States Magistrate Judge (Dkt. #246). On February 17, 2012, this case was assigned to the undersigned by consent of the parties for all further proceedings (Dkt. #352).

On September 7, 2011, Defendants EMC Corp., Decho Corp., and Iomega Corp. (collectively, "EMC") petitioned the Federal Circuit for a writ of mandamus vacating the July 25, 2011 order of the District Court adopting the undersigned's recommendations. Defendants Carbonite, Inc. ("Carbonite"), Iron Mountain, Inc. and Iron Mountain Information Management, Inc. (collectively "Iron Mountain"), GoDaddy.com, Inc. ("GoDaddy"), and Pro Softnet joined in EMC's petition. On May 4, 2012, the Federal Circuit granted the writ of mandamus in part, vacating the district court's order denying the motions to sever and transfer, and directing the district court to reconsider those motions in light of the correct test. *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

In response to the Federal Circuit's writ of mandamus, the Court requested the parties submit a joint proposed briefing schedule, which was adopted by the Court on May 21, 2012 (Dkt. #371). Pro Softnet referred the Court to its original Motion to Sever and Transfer Claims Against Pro Softnet to the United States District Court for the Central District of California, or In the Alternative, To Dismiss (Dkt. #106). On June 8, 2012, Plaintiff filed its Opposition to Defendants' Motions to Sever and Transfer (Dkt. #378). On June 25, 2012, Defendant filed its reply (Dkt. #383). On July 9, 2012, Plaintiff filed its sur-reply (Dkt. #398).

## LEGAL STANDARD

A district court may transfer any civil case "for the convenience of parties and witnesses,

2

in the interest of justice...to another other district or division where it might have been brought." 28 U.S.C. § 1404(a). The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I").

Once that threshold inquiry is met, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"); *In re Nintendo*, 589 F.3d at 1198. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

The party seeking transfer of venue must show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315. The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *TS Tech,* 551 F.3d at 1319. The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the

defendant's burden to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315 n.10; *TS Tech*, 551 F.3d at 1320; *In re Nintendo*, 589 F.3d at 1200.

## ANALYSIS

Defendant Pro Softnet requests to be transferred to the Central District of California. The first question the Court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed originally in the destination venue. *Volkswagen II*, 545 F.3d at 312. Under 28 U.S.C. § 1400(b), venue in a patent infringement action is proper "in the judicial district where the defendant resides." The judicial district where a defendant resides includes the state where the defendant is incorporated. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). Pro Softnet is incorporated in California, and its principal place of business is located in Calabasas, California (Dkt. #106 at 11; Dkt. #383 at 2). Plaintiff does not dispute these facts. Therefore, the Court finds that this suit could have been filed in the Central District of California.

### A. Private Interest Factors

*(1) The Relative Ease of Access to Sources of Proof*

"Courts analyze this factor in light of the distance that documents, or other evidence must be transported from their existing location to the trial venue." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010) (citing *Volkswagen II*, 545 F.3d at 316). This factor will rely on which party has a greater volume of documents relevant to the litigation, and their presumed location in relation to the transferee and transferor venues. *Id*. (citations omitted). Documents that have been moved in anticipation of litigation should not be considered. *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009).

4

Pro Softnet asserts that its headquarters, documents, source code, employees, and key witnesses are all located in the Central District of California (Dkt. #383 at 2). Pro Softnet contends that "all high level design work and related decisions for Pro Softnet's accused products takes place in California, as do all marketing and sales decisions. *Id*. However, Pro Softnet also indicates that "detailed design and programming for Pro Softnet's products occurs in India." *Id*. at 3. Pro Softnet asserts that these individuals travel to California from "time to time." *Id*. Plaintiff contends that documents from Christopher Crawford, the named inventor on the patents-in-suit are located in Texas with Crawford's counsel; however, the Court will not consider the location of these documents in its analysis. *See In re Hoffman-La Roche,* 587 F.3d at 1336-37 (stating documents that have been moved in anticipation of litigation should not be considered). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotations omitted). Based on the information before the Court, it appears that Defendant's documents are located in California and India. Transportation of those documents from India to the Central District of California would be no more burdensome than transportation of those documents to the Eastern District of Texas. However, transfer to the Central District of California would make access to Pro Softnet's sources of proof in California more convenient. *See, e.g., Konami Dig. Ent. Co. Ltd. v. Harmonix Music Sys.*, No. 6:08-CV-286-LED-JEL, 2009 WL 781134, at *4 (E.D. Tex. Mar. 23, 2009) ("While Defendants point to [the transferee district] as the location of significant sources of proof, they ignore the remaining sources of proof which originate from other locations."); *Perritt v. Jenkins*, No. 4:11-CV-23-MHS-ALM, 2011 WL 3511468, at *3 (E.D. Tex. July 18, 2011) ("Because the sources of proof originate from varied

5

locations, this factor is neutral."). Therefore, the Court finds this factor weighs only slightly in favor of transfer, due to the varied locations of Defendant's documents.

*(2) The Availability of Compulsory Process*

Federal Rule of Civil Procedure 45(b)(2) allows a federal court to compel a witness' attendance at a trial or hearing by subpoena; however, the Court's subpoena power is limited by Federal Rule of Civil Procedure 45(c)(3), to those witnesses who work or reside less than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

Pro Softnet argues that this factor favors transfer because out of the fifteen (15) third-party witnesses identified by Plaintiff, six (6) of them could be subpoenaed to appear and testify in California. There are two (2) third-party witnesses on this list that can be subpoenaed in the Eastern District of Texas. However, out of these six (6) third-party witnesses, only three (3) have been subpoenaed for testimony. The remaining three (3) are subpoenaed for the production of documents only. Both witnesses in Texas are subpoenaed for both document production and testimony. Pro Softnet does not identify any other third-party witnesses that would be subpoenaed to testify at trial.

The Court finds that this factor does not weigh in favor of either jurisdiction. Defendant has not satisfied its burden to provide sufficient information for the Court to make a determination about which forum could compel a greater number of witnesses to testify at trial. Therefore, the Court finds that this factor is neutral as to transfer.

*(3) Cost of Attendance for Willing Witnesses*

The Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the

6

convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. Where witnesses are from widely scattered locations, a trial court should not consider its "central location... in the absence of witnesses within the plaintiff's choice of venue." *Genentech*, 566 F.3d at 1344.

Pro Softnet asserts that attendance in the Eastern District of Texas for Pro Softnet's witnesses and third-party witnesses is unduly burdensome (Dkt. #106 at 12). Pro Softnet contends that the President of Pro Softnet would likely have to travel to California multiple times during trial to continue running the business (Dkt. # 383 at 4). In addition, Pro Softnet argues that the named inventor, Mr. Crawford, lives in Breckenridge, Colorado, which is equidistant to Sherman, Texas and the Central District of California. *Id*. Plaintiff argues that Pro Softnet's second identified witness resides in India (Dkt. #378 at 15). Further, the remaining seven (7) third-party witnesses identified by Plaintiff reside in locations varied across the United States.

Based on the location of Pro Softnet's witnesses in California, Colorado, and India, and the presence of other third-party witnesses scattered across the nation, the Court finds this factor is neutral as to transfer. The witnesses from Colorado and India will be required to travel regardless of the forum of this litigation. Therefore, the Court finds this factor neutral as to transfer.

*(4) All Other Practical Problems*

Pro Softnet argues that it is a small business run primarily by its President and CEO, Mr. Kulkarni (Dkt. #383 at 4). Pro Softnet contends that asking it to attend trial in a "distant forum" would severely impact his ability to continue running the business, and impose upon Pro Softnet an unfair burden and cost. *Id*. The Court finds this weighs slightly in favor of transfer to California.

7

Plaintiff argues that other practical problems include those based on judicial economy, particularly the existence of duplicative suits and transfer to another district when this Court has already expended significant resources in hiring a technical advisor, conducting a *Markman* hearing, and reviewing the parties' summary judgment motions. Plaintiff notes that it does not make sense to transfer at this stage of the litigation, especially given the consideration that the parties and the Court have already expended significant resources negotiating issues of scheduling, discovery, and protective orders (Dkt. #398 at 4). Transfer at this stage of the proceedings would duplicate these efforts. In addition, there are several witnesses involved in the litigation who will testify to issues common to all Defendants. *Id*. at 4. Transfer would require these parties to travel across the nation several times to testify in these proceedings. Therefore, the Court agrees that the conservation of resources and avoiding duplicative suits in the interest of judicial economy weighs heavily against transfer.

**B. Public Interest Factors**

*(1) The Administrative Difficulties Flowing From Court Congestion*

The first public interest factor is court congestion. Generally, this factor favors a district that can bring a case to trial faster. In its original motion, Pro Softnet argued that this factor weighed slightly in favor of transfer based on data obtained in 2009. Pro Softnet now argues that this is not a significant public interest factor (Dkt. #383 at 4). Plaintiff argues that the public interest factors do not weigh strongly in favor of, or against transfer (Dkt. #378 at 4).

Based on the arguments by the parties, the Court finds this factor is neutral as to transfer.

*(2) The Local Interest in Having Localized Interests Decided at Home*

Traditionally, the location of the alleged injury is an important consideration in determining how to weigh this factor. *TS Tech*, 551 F.3d at 1321. However, in a patent

infringement case, when the accused products are sold nationwide, the alleged injury does not create a substantial local interest in any particular district. *Id*. Local interest may also be determined when a district is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community. *Hoffman-La Roche*, 587 F.3d at 1336.

Pro Softnet argues that the Central District of California has an interest in having the interests of Pro Softnet decided at there, since all key witnesses, documents, and other evidence are located in California (Dkt. #383 at 15). Plaintiff argues that this factor is neutral because Pro Softnet sells its infringing products worldwide, which creates no local interest in any particular district (Dkt. #378 at 15).

The Court finds this factor slightly weighs in favor of transfer. Defendant's products are unquestionably sold worldwide. There is some local connection to the Central District of California, since its principal place of business is there and all high level design work and related decisions for Pro Softnet's accused products takes place in California, as do all marketing and sales decisions (Dkt. #383 at 2). However, Pro Softnet also indicates that detailed design and programming for Pro Softnet's products occurs in India. *Id*. Conversely, there is no significant local interest in the Eastern District except for the fact that the product at issue is sold to and used by customers of Defendants in the Eastern District. Where all the relevant events occurred in the transferee district, and the only connection to the original district was that products of the same type were sold there, the transferee district's localized interest in seeing the case decided there significantly favors transfer. *Volkswagen II*, 545 F.3d at 317. Further, because the sale of infringing products in the forum "could apply virtually to any judicial district or division in the United States," to rely on that as a basis to find that the district had a localized interest in the

9

controversy "stretches logic." *TS Tech*, 551 F.3d at 1321. Therefore, this factor weighs slightly in favor of transfer.

*(3) The Familiarity of the Forum with the Law that Will Govern the Case and (4) The Avoidance of Unnecessary Problems of Conflict of Laws*

The parties agree that these two factors are neutral or inapplicable as to transfer (Dkt. #383 at 4; Dkt. #378 at 15). The Court agrees and finds these factors to be neutral.

## C. Conclusion

The Court finds that five (5) of the private and public interest factors are neutral, three (3) factors weigh slightly in favor of transfer, and one (1) factor weighs heavily against transfer.

Plaintiff argues, and the Court agrees, that the factor of judicial economy weighs heavily against transfer in this case. If this Court were to transfer this litigation to California, another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues in this case. Further, this Court has already set an upcoming trial date for March of 2013 for this case, and its related cases. To transfer this litigation at this stage of the proceedings might cause improper delay and unfair prejudice to Plaintiff.

The Court may deny motions to transfer based on judicial economy alone. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010) (holding that district court may properly deny § 1404(a) transfer based on judicial economy even "when all of the convenience factors clearly favor transfer."); *In re Google,* 412 F. App'x 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective."); *Centre One v. Vonage Holdings, Corp.*, No. 6:08-CV-467, 2009 WL

2461003, at *7 (E.D. Tex. Aug. 10, 2009) (Davis, C.J.) (holding that the defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora."); *Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3063414, at *3 ("[T]he division of the case into multiple suits may be more convenient for [the defendant], but it would impose a significant burden on the plaintiff, witnesses, and the federal court system. In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication."). In this case, not only has Pro Softnet failed to meet its burden to show that the Central District of California is a "clearly more convenient forum" for this litigation, but the burden that would be imposed on the federal court system by the transfer of this case, as well as the efficient administration of court proceedings and conserving judicial resources weighs heavily against transfer.

## CONCLUSION

Based on the foregoing, the Court finds Defendant Pro Softnet Corporation's Motion to Sever and Transfer Claims Against Pro Softnet to the United States District Court for the Central District of California, or In the Alternative, To Dismiss (Dkt. #106) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 21st day of August, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

11