UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § | CASE NO. 6:12-cv-499 MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
| *Defendants.* | § | |

### BLUE SPIKE'S OPPOSITION TO WATCHWITH'S JOINDER IN ZEITERA'S TRANSFER MOTION [DKT. 1156]

Blue Spike opposes Watchwith's joinder in Zeitera's motion to transfer venue to the Northern District of California (Dkt. 1156) for three reasons.

First, Watchwith's one-paragraph joinder does not discuss how the factors that govern transfer analysis apply to the dispute between Blue Spike and Watchwith.[1] Instead, the joinder simply incorporates by reference—and relies entirely on—"the briefing and argument in support of" Zeitera's transfer motion. Dkt. 1156 at 2. As a result, Watchwith fails to make the required threshold showing that Blue Spike's claims against Watchwith "might have been brought" in the Northern District of California in the first instance. 28 U.S.C. §1404(a). Watchwith cannot simply rely on Zeitera's transfer motion in that regard because "[t]ransfer of a suit involving multiple defendants is ordinarily proper only if . . . venue as to all of them would have been proper

---

[1] *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (listing factors).

in . . . the transferee court." *Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F.Supp.2d 546, 549 (E.D. Tex. 2009). Watchwith has not carried its "burden of *clearly establishing* that the action properly could have been brought in the first instance in the transferee district." 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §111.12[3] (3d ed. 2012) (emphasis added).

Second, Watchwith's total reliance on Zeitera's briefing means that Watchwith also fails to show that venue would be "clearly more convenient" in Northern California for this instant dispute. *In re Volkswagen of Am., Inc.*, 545 F. 3d 304, 315 (5th Cir. 2008) (en banc). Like any other transfer movant, Watchwith must analyze all the relevant public- and private-interest factors and demonstrate that transfer would be clearly more convenient *given the particulars of the claims against it. Id.*; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Merely adopting Zeitera's arguments for transfer is unavailing because while Watchwith's case will involve *some* of the same evidence and witnesses as Zeitera's, it will involve different evidence and witnesses as well (e.g., Watchwith's own sales and marketing information).[2] Watchwith needs to explain why, given the particulars of its own case, proceeding in the Northern District of California would be clearly more convenient than proceeding here. Its failure to attempt that explanation defeats joinder.

---

[2] Nevertheless, to the extent relevant, Blue Spike adopts by reference the arguments it made in opposition to Zeitera's transfer motion.

Third, Watchwith's joinder is meaningless in any event because "post-filing consent to jurisdiction in the transferee forum is irrelevant to the transfer analysis." *Adaptix, Inc. v. HTC Corp.*, No. 6:12-cv-121, 2013 WL 1314413, at *2 (E.D. Tex. Mar. 28, 2013).

For these reasons, Blue Spike respectfully asks the Court to deny Watchwith's joinder in Zeitera's transfer motion (Dkt. 1156).


Respectfully submitted,


  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on March 3, 2014.

_/s/ Randall Garteiser_____