IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC | § |
| | § |
| v. | § Case No. 6:12-cv-499 |
| | § |
| TEXAS INSTRUMENTS, INC. | § |

**ORDER DENYING MOTION TO DISMISS**

Now before the Court is Defendant Cognitec Systems GmbH's motion to dismiss for lack of personal jurisdiction (Doc. No. 626). Having considered the parties' briefing and the applicable law, the Court DENIES the motion without prejudice to allow for jurisdictional discovery.

**I.     BACKGROUND**

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, with examples such as "digital fingerprinting." Plaintiff accuses Cognitec Systems GmbH's facial recognition software FaceVACS of directly and indirectly infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery. After the consolidation, Defendant Cognitec Systems GmbH (Cognitec GmbH) moved to dismiss Plaintiff's complaint for lack of personal jurisdiction. Plaintiff sought jurisdictional discovery.

II.  **MOTION TO DISMISS**

   a. **Legal Standard**

In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* Without an evidentiary hearing, the burden of establishing a prima facie showing of jurisdiction is on plaintiff. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Absent a controlling federal statute, a plaintiff may establish (1) personal jurisdiction under Texas's long-arm statute and (2) that the exercise of personal jurisdiction comports with due process. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998). The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually one federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play

and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied for a court to exercise personal jurisdiction over the defendant. *Johnston*, 523 F.3d at 609.

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists "when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic." *Johnston*, 532 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984)). The defendant's contacts with the forum state are evaluated "over a reasonable number of years, up to the date the lawsuit was filed." *Id.* at 610 (quoting *Access Telecomm, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)). These contacts must be considered together, rather than in isolation from one another. *Id*. When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *See id.* at 613.

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Suffering harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudensprung*, 379 F.3d at 343 (quoting *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 474 (1985)). "Random, fortuitous, or attenuated contacts" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. The Court's fundamental fairness analysis must consider (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

b. **Analysis**

The following facts are undisputed: Cognitec GmbH is a German limited liability company with its principal place of business in Germany. Cognitec Systems Corporation is a U.S. subsidiary of Cognitec GmbH. Cognitec GmbH has only entered into one license agreement in the United States: an agreement with Lockheed Martin executed in Maryland. Cognitec GmbH's website is available nationwide—including in Texas, and includes an online form through which consumers can request information.

Plaintiff attempts to establish jurisdiction by arguing (1) Cognitec GmbH's customers operate pervasively throughout Texas; (2) Cognitec GmbH's website and other alleged marketing activities amount to solicitation of business in Texas; and (3) Cognitec Systems Corporation is the "U.S. base of operations" for Cognitec GmbH and thus the subsidiary's contacts should be imputed to the parent.

First, Plaintiff ties its jurisdictional claims to the presence of Cognitec GmbH's customers throughout Texas. Plaintiff attempts to impute those contacts to Cognitec GmbH itself. But these allegations do not support a finding of jurisdiction. The Court's focus is on the actions of Cognitec GmbH, not third-party customers. *See Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *2 (E.D. Tex. Sept. 27, 2012) ("The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent actions."). The alleged presence of Cognitec GmbH's product in the forum state as a result of third-party customers is not enough to establish purposeful contacts. *See Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) ("Injecting a product, even in substantial volume, into a forum's 'stream of commerce,' without more, does not support general jurisdiction.").

Next, Plaintiff insists that Cognitec GmbH solicits business in Texas through its website, through a customer's press release, and by participating in a radio show recoded and broadcast in Texas. As to the website, Plaintiff notes that Cognitec GmbH's website allows potential customers to contact the company's sales department through an online form. Plaintiff labels this an interactive website designed to solicit business, including from Texas. But Defendant's website—nationally available—is not a purposeful contact with Texas. Contrary to Plaintiff's position, the website does not present the type of website functionality seen in *AdvanceMe, Inc. v. Rapidpay, LLC*, which allowed users to get a quote for services in the forum state using a drop-down menu. 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006). In contrast, Cognitec GmbH's website has no features specifically directed to Texas or intended to solicit Texas customers.

Furthermore, the single press release issued by an entity using Cognitec GmbH's technology is not a purposeful contact by Cognitec GmbH. Additionally, Cognitec GmbH's

participation in a radio presentation is not the type of purposeful contact from which a defendant could expect to be haled into court in that forum. *See Moncrief*, 481 F.3d at 312 (noting that "[r]andom, fortuitous, or attenuated contacts" do not satisfy the minimum contacts requirement).

Finally, Plaintiff also alleges that the contacts of Cognitec GmbH's U.S. subsidiary, Cognitec Systems Corporation, should be imputed to the parent company. Plaintiff argues that the two entities share a website and similar names, sell the same products, and do not meaningfully differentiate themselves. On this basis alone, Plaintiff has demonstrated that jurisdictional discovery is warranted. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) (requiring "proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes"). Accordingly, the Court GRANTS IN PART Plaintiff's motion for jurisdictional discovery (Doc. No. 807) limited to the corporate relationship between the Cognitec entities.

As to all other requests for jurisdictional discovery, Plaintiff has failed to make the necessary showing. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Nor has Plaintiff specifically identified any facts it reasonably expects to discover that would correct the deficiencies in its jurisdictional arguments. Without more, Plaintiff cannot engage in a jurisdictional "fishing expedition." *See Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 798 (N.D. Tex. 2010).

### III. CONCLUSION

For the reasons discussed more fully above, the Court DENIES Defendant Cognitec Systems GmbH's motion to dismiss for lack of personal jurisdiction without prejudice to refile (Doc. No. 626). As the Court finds in favor of Defendant on all other issues, any future motion

need only address the corporate relationship between the Cognitec entities (following limited jurisdictional discovery).

Furthermore, the Court GRANTS IN PART Plaintiff's motion for jurisdictional discovery (Doc. No. 807). Such discovery should be completed within three weeks of this order and is limited to the corporate relationship between the Cognitec entities.

**It is SO ORDERED.**

**SIGNED this 6th day of March, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE