# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC § | |
| § | |
| v.  § | Case No. 6:12-cv-499 |
| § | |
| TEXAS INSTRUMENTS, INC. § | |

## ORDER DENYING MOTION TO RECONSIDER

Now before the Court is Defendant Ensequence, Inc.'s motion to reconsider (Doc. No. 1028) the Court's previous ruling dismissing this action for lack of personal jurisdiction and denying Plaintiff's request for jurisdictional discovery. Having considered the parties' briefing and the applicable law, the Court DENIES Plaintiff's motion. Furthermore, Defendant's motion to stay discovery (Doc. No. 1243) is DENIED as moot.

## I.   BACKGROUND

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, including examples such as "digital fingerprinting." Plaintiff accuses Ensequence's iTV Manager Interactive Platform software of directly and indirectly infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery. Prior to the consolidation, Defendant Ensequence moved to dismiss Plaintiff's complaint for lack of personal jurisdiction.

Plaintiff also sought jurisdictional discovery. Pursuant to the Court's order, the parties refiled their briefing in the consolidated case.

## II. LEGAL STANDARD

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); *Tex. Instruments, Inc. v. Hyundai Elecs Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim*, 212 F.R.D. at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* at 331. District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

## III. ANALYSIS

The Court previously granted Defendant Ensequence's motion to dismiss for lack of personal jurisdiction and denied Plaintiff's request for jurisdictional discovery. Plaintiff moves for reconsideration of three grounds: (1) The Court did not consider whether the court could exercise specific personal jurisdiction over Defendant;[1] (2) The Court improperly denied Plaintiff's request for jurisdictional discovery; and (3) Plaintiff requests leave to amend its complaint to clarify the basis for the court's jurisdiction.

---

[1] Plaintiff does not challenge—thus the Court does not revisit—its position that the Court cannot exercise general personal jurisdiction over Defendant.

The Court's order dismissing did not address the specific jurisdiction allegation raised in Plaintiff's surreply. In doing so now, the Court maintains that it does not have personal jurisdiction over the Defendant. Plaintiff's remaining arguments are without merit.

### a. *Specific Jurisdiction*

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Suffering harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudensprung*, 379 F.3d at 343 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "Random, fortuitous, or attenuated contacts" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. The Court's fundamental fairness analysis must consider (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

In its original order, the Court determined that Defendant did not "purposefully avail itself of the benefits of doing business in Texas" (Doc. No. 1004 at 6). This lack of purposeful contacts with the forum precludes the Court from exercising specific personal jurisdiction. *AFTG-TG, LLC*, 689 F.3d at 1361. The minimum contacts question is ultimately "whether the defendant's conduct connects [it] to the forum in a meaningful way." *Walden v. Fiore*, --- S. Ct. ----, 2014 WL 700098, at *7 (Feb. 25, 2014). It is not enough that the Defendant directed its conduct at third parties that it knew had connections with the forum. *See id.* The Court previously found that Defendant's contacts were not purposeful, and Plaintiff has not demonstrated otherwise. Thus, the Court's jurisdiction does not extend to Plaintiff's claims against Defendant.

### b. *Jurisdictional Discovery*

The Court previously denied Plaintiff's request for jurisdictional discovery because Plaintiff failed to identify what facts it expected to discover to correct the jurisdictional defects. Plaintiff still fails to do so. The Court again notes that the business activity of Defendant's customers alone is insufficient to establish purposeful contact with the forum. *See id.* The Court will not allow a jurisdictional "fishing expedition." *See Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 798 (N.D. Tex. 2010).

### c. *Request to Amend the Complaint*

Similar to its request for jurisdictional discovery, Plaintiff fails to articulate how an amended pleading could correct its jurisdictional shortcomings. It is not Plaintiff's underlying allegations that fall short. Instead, Plaintiff's theory of jurisdiction is flawed.

## IV.     CONCLUSION

For the reasons discussed more fully above, the Court DENIES Plaintiff's motion to reconsider (Doc. No. 1028). The Court also DENIES as moot Defendant's motion to stay (Doc. No. 1243).

**It is SO ORDERED.**

**SIGNED this 5th day of March, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE