**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| TEXAS INSTRUMENTS, INC. | § | |

**ORDER DENYING MOTION TO DISMISS**

Now before the Court is Defendant Cognitec Systems Corporation's motion to dismiss for lack of personal jurisdiction (Doc. No. 625). Having considered the parties' briefing and the applicable law, the Court DENIES the motion.

## I.    BACKGROUND

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, with examples such as "digital fingerprinting." Plaintiff accuses Cognitec Systems Corporation's facial recognition software FaceVACS of directly and indirectly infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery. After the consolidation, Defendant Cognitec Systems Corporation (Cognitec) moved to dismiss Plaintiff's complaint for lack of personal jurisdiction. Plaintiff sought jurisdictional discovery.

## II.   **MOTION TO DISMISS**

### a.   **Legal Standard**

In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* Without an evidentiary hearing, the burden of establishing a prima facie showing of jurisdiction is on plaintiff. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Absent a controlling federal statute, a plaintiff may establish (1) personal jurisdiction under Texas's long-arm statute and (2) that the exercise of personal jurisdiction comports with due process. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998). The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually one federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play

and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied for a court to exercise personal jurisdiction over the defendant. *Johnston*, 523 F.3d at 609.

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists "when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic." *Johnston*, 532 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984)). The defendant's contacts with the forum state are evaluated "over a reasonable number of years, up to the date the lawsuit was filed." *Id.* at 610 (quoting *Access Telecomm, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)). These contacts must be considered together, rather than in isolation from one another. *Id.* When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *See id.* at 613.

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Suffering harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudensprung*, 379 F.3d at 343 (quoting *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 474 (1985)). "Random, fortuitous, or attenuated contacts" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. The Court's fundamental fairness analysis must consider (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

   **b.  <u>Analysis</u>**

The following facts are undisputed: Cognitec is a Delaware company with its principal place of business in Boston, Massachusetts. Cognitec also has a small office in Miami, Florida. Cognitec's website is available nationwide—including in Texas. Cognitec has entered into six license agreements for the accused product with two Texas customers.

Plaintiff attempts to establish jurisdiction by arguing (1) Cognitec's license agreements and sales of the accused products in Texas are sufficient to establish jurisdiction; (2) Cognitec's customers operate pervasively throughout Texas; and (3) Cognitec's website and amounts to solicitation of business in Texas.

Cognitec admits that it has licensed its accused product with two Texas companies in six different license agreements. But Cognitec argues that these contacts were with the Western and Northern Districts, not the Eastern District of Texas. But the relevant contacts are with the forum *state*. *See Moncrief Oil*, 481 F.3d at 311. Plaintiff also presents evidence that Cognitec's facial

recognition software is being used in research by the University of Texas. Defendant disputes that it is involved with the research, but Plaintiff has submitted sufficient evidence to demonstrate that Cognitec's software is a part of the research. These are purposeful contacts, and Plaintiff's infringement claims directly relate to Cognitec's licensing the accused product. Furthermore, in view of these facts, the Court's exercise of jurisdiction is reasonable and fair.

In its reply, Cognitec also summarily argues that the Court should transfer venue under 28 U.S.C. § 1404.[1] Cognitec seeks transfer to any one of four venues, and Cognitec's motion is more a request *to leave* the Eastern District, rather than a motion *to transfer* to any other district in particular. Cognitec falls far short of the standard under 28 U.S.C. § 1404(a) to transfer for the convenience of the parties and witnesses: that the receiving forum is *clearly more convenient*. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

## III.     CONCLUSION

For the reasons discussed more fully above, the Court DENIES Defendant Cognitec Systems Corporation's motion to dismiss for lack of personal jurisdiction (Doc. No. 625).

**It is SO ORDERED.**

**SIGNED this 6th day of March, 2014.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[1] In the conclusion of its motion to dismiss, Cognitec summarily requests that as an alternative to dismissal, the Court transfer the case to a "more appropriate jurisdiction." Cognitec suggests the District of Massachusetts, or the Northern or Western Districts of Texas would be "more appropriate." In just one sentence, Cognitec makes vague reference to facts that are relevant to a convenience transfer under 28 U.S.C. § 1404(a) (i.e., location of employees and documents). But this vague and brief statement is not an appropriate request for a convenience transfer.