UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>Texas Instruments, Inc. et al., §<br>§<br>*Defendants*. §<br>§ | Case No. 6:12-cv-499 MHS<br><br>Lead Case<br><br>Jury Trial Demanded |

**BLUE SPIKE'S OPPOSITION TO CBS CORPORATION AND LAST.FM'S MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. 520]**

Plaintiff Blue Spike, LLC opposes the motion to dismiss filed by CBS Corporation and Last.fm (Dkt. 520). Blue Spike opposes Last.fm's portion of the motion because (1) Last.fm has sufficient contacts with this District to be subject to specific personal jurisdiction here and (2) venue is proper here under 28 U.S.C. §1391(c)(3) since Last.fm is a foreign corporation. Blue Spike plans to voluntarily dismiss CBS pursuant to Rule 41(a)(1)(A)(i), so this opposition does not address CBS's portion of the motion.

## BACKGROUND

Blue Spike's four patents-in-suit teach bedrock principles and pioneering advancements essential to digital-fingerprinting techniques like those employed by Last.fm. Broadly speaking, digital fingerprinting is a means to identify digital material— including video, audio, and text—based on unique digital markers within the material itself. It involves identifying a digital work's unique characteristics—its "fingerprint"— and putting that "fingerprint" into a reference database. An entity like Last.fm then uses the database to identify digital works quickly, reliably, and securely. In this case, Last.fm's infringing products, including its "Scrobbler" technology, use digital fingerprinting to

1

identify music that its users listen to and store on their electronic devices. *See* Dkt. 320 ¶28.

## LEGAL STANDARD

The Court recently summarized the law on personal jurisdiction. *See* Dkt. 1333 at 2-4. The exercise of personal jurisdiction over a nonresident defendant comports with constitutional due process requirements when (1) the defendant has "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied for a court to exercise personal jurisdiction over the defendant. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

The "minimum-contacts" prong is further subdivided into contacts that confer "specific jurisdiction" or "general jurisdiction." When a plaintiff asserts specific jurisdiction over a nonresident defendant, the Court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that exercising jurisdiction would not comply with fair play and substantial justice. Dkt. 1333 at 4.

ARGUMENT

I.      LAST.FM IS SUBJECT TO SPECIFIC PERSONAL JURISDICTION IN TEXAS.

Last.fm argues that its contacts with Texas are so attenuated that due process prohibits the Court from exercising specific personal jurisdiction over it. *See* Dkt. 520 at 5-9. The jurisdictional evidence tells a different story.

A.      **Last.fm Purposefully Directs Activities at Texas Residents.**

Last.fm does its best to distance itself from Texas, claiming that it is based outside Texas, does not conduct business or sign contracts in Texas, does not have any offices in Texas, does not "target" its internet-radio business at Texas, and derives only a small percentage of its income from Texas residents. *See id*. at 5-6. Each of these claims is either irrelevant to the issue that matters—namely, whether Last.fm purposefully directs activities at Texas residents—or inaccurate based on available jurisdictional evidence.

It is undisputed that Last.fm has over one million registered users in Texas. Ex. 1 (Last.fm's discovery responses) at 5. Its highly interactive website allows these users to download infringing technology and subscribe to services, including the accused Scrobbler product. *See* Exs. 2 and 3.[1] The website also prompts these users to provide personal information and geographical location (*see* Exs. 4 and 5) so that Last.fm can target

---

[1] Exhibits 2 through 12 are screen shots of Last.fm's website and mobile apps.
[2] Last.fm also markets multiple apps through the Apple App Store (*see* Ex. 9)—including two different Scrobbler apps—that are not only accessible to Texas residents but also request personal and geographical information from them. *See* Exs. 10, 11.
[3] Last.fm cites *Mothers Against Drunk Driving v. DAMMADD, Inc.*, No. 3:02-cv-1712, 2003 U.S. Dist. LEXIS 1800, at *20 (N.D. Tex. Feb. 7, 2003), for the proposition that when less than three percent of a company's website-based contacts originate in Texas, its contacts with Texas are too attenuated to support the exercise of specific jurisdiction. Dkt. 520 at 7. Last.fm fails to mention that (1) the "less than three percent" in that case amounted to a total of 20 contacts and (2) the

3

advertising at them. *See* Exs. 6, 7, and 8.[2] Finally, Texas musicians use Last.fm's website to upload their music for distribution to other Last.fm users, even using this system to collect royalties. *See* Ex. 12. Collectively, this is far more than enough to subject Last.fm to personal jurisdiction here. *See AdvanceMe, Inc. v. Rapidpay LLC*, 450 F.Supp.2d 669, 673 (E.D. Tex. 2006) (holding that Texas courts have personal jurisdiction over a company whose "potential customers" in Texas can "fill out an online form and apply for [the company's] services through its website"); *Monistere v. Losauro*, No. CIV. A. 13-22, 2013 WL 6383886, at *6 (E.D. La. Dec. 4, 2013) (noting that "district courts within the Fifth Circuit have exercised specific jurisdiction where the defendant has a website that permits users within the forum state to order or purchase products online, or where the defendant provides services to forum residents over the internet").

Last.fm tries to downplay its website-based contacts with Texas by stating that only "a very small percentage (i.e., less than 2%)" of its users are Texas residents and that only "a very small percentage of its total revenue" comes from Texas. Dkt. 520 at 6. But rather than support dismissal, Last.fm's admissions defeat it, since even a single sale to a forum resident can justify the exercise of specific jurisdiction. *See Tempur-Pedic Int'l, Inc. v. Go Satellite Inc.*, 758 F.Supp.2d 366, 375 (N.D. Tex. 2010) (finding specific jurisdiction on basis of two sales to forum residents through company's website and noting that even one sale could be enough). Further, given the scale of Last.fm's business, "a very small

---

[2] Last.fm also markets multiple apps through the Apple App Store (*see* Ex. 9)—including two different Scrobbler apps—that are not only accessible to Texas residents but also request personal and geographical information from them. *See* Exs. 10, 11.

4

percentage" of its users still constitutes over a million (Ex. 1 at 5), and "a very small percentage" of its total revenues is still a considerable sum.[3]

Last, Last.fm's representation that it "has not sent directors, officer or other employees to conduct business in Texas" (Dkt. 520 at 5-6) is demonstrably false. At a minimum, the company sends multiple employees to the South by Southwest Music Festival in Austin every year (*see* Ex. 1 at 10-11), where it sponsors events (*see* Ex. 13) and presents its executives as featured speakers (*see* Ex. 1 at 10; Ex. 14 at 5). Indeed, the very declarant who swears that Last.fm "has not sent directors, officers or other employees to conduct business in Texas" submitted a request to be a featured speaker and conduct a panel discussion at South by Southwest. *Compare* Dkt. 520-1 ¶7 (declaration of Simon Moran) *with* Ex. 15 (showing that Simon Moran was to be a featured speaker for a panel discussion organized by Last.fm at South by Southwest 2013). Last.fm's annual South by Southwest activities are an independent basis for exercising specific personal jurisdiction over the company. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1297-98 (Fed. Cir. 2009) (foreign defendant's attendance at trade shows in U.S. warranted exercise of specific personal jurisdiction over it).

### B. Blue Spike's Claims Against Last.fm Relate to the Activities That Last.fm Purposefully Directs at Texas Residents.

Blue Spike alleges that Last.fm's Scrobbler technology infringes the patents-in-suit. Dkt. 320 at ¶28. As noted above, Last.fm sells and markets Scrobbler to its million-plus

---

[3] Last.fm cites *Mothers Against Drunk Driving v. DAMMADD, Inc.*, No. 3:02-cv-1712, 2003 U.S. Dist. LEXIS 1800, at *20 (N.D. Tex. Feb. 7, 2003), for the proposition that when less than three percent of a company's website-based contacts originate in Texas, its contacts with Texas are too attenuated to support the exercise of specific jurisdiction. Dkt. 520 at 7. Last.fm fails to mention that (1) the "less than three percent" in that case amounted to a total of 20 contacts and (2) the "contacts" were anonymous, user-submitted reports of drunk driving. *See* 2003 U.S. Dist. LEXIS 1800 at *20. Here, in contrast, the "less than three percent" of contacts represents over one million users of Last.fm's commercial products. *See* Ex. 1 at 5.

Texas users through its website and Apple's App Store. Additionally, because Scrobbler is the heart of Last.fm's business, it is reasonable to infer that Last.fm's activities at South by Southwest have involved efforts to market Scrobbler as well. Thus, Blue Spike claims against Last.fm relate to the activities that Last.fm purposefully directs at Texas residents. *Nuvoton*, 689 F.3d at 1361.

### C.     The Assertion of Personal Jurisdiction Is Reasonable and Fair.

Because Last.fm purposefully directs activities at Texas residents and Blue Spike's claims relate to those activities, the burden shifts to Last.fm "to prove that personal jurisdiction is [nevertheless] unreasonable." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012). This final factor "is to be applied sparingly," meaning that Last.fm "must present a *compelling* case that the presence of some other considerations would render jurisdiction unreasonable." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 885 (Fed. Cir. 2008) (emphasis added). Last.fm fails to do so.

Last.fm's due-process argument is the same as its minimum-contacts argument: that its Texas connections are allegedly too attenuated for the exercise of personal jurisdiction to comport with due process. *See* Dkt. 520 at 6-9. This argument is fundamentally misguided. To show that exercising jurisdiction over it would be unreasonable, Last.fm must address "factors including (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Miale*, 542 F.3d at 885. Last.fm does not address any of those factors, let alone explain how they add up to a "compelling case" against jurisdiction. *Id*.

6

Such an attempt would have been futile. After all, Last.fm has the resources to litigate here; Texas has a strong interest in this case given how many of its residents use Last.fm's products; Tyler-based Blue Spike has a strong interest in obtaining relief here; and this District is the most efficient forum given that it is handling numerous other lawsuits involving the same patents and similar technologies.

Last.fm purposefully directs activities at Texas residents, Blue Spike's claims relate to those activities, and Last.fm has not made a compelling case that the Court's exercise of specific personal jurisdiction over it would be unfair and unreasonable. Thus, the court should deny Last.fm's motion to dismiss for lack of personal jurisdiction.

## II.     Venue Is Proper Here Because Last.fm Is a Foreign Defendant.

Last.fm also argues that venue is improper here under 28 U.S.C. §1400(b). Dkt. 520 at 9-10. But this is the wrong venue statute. The Supreme Court has unanimously held that 28 U.S.C. §1400(b) does not apply to foreign defendants like Last.fm and, instead, that venue against such defendants lies in "any judicial district" pursuant to 28 U.S.C. §1391(c)(3). *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 713-14 (1972). This Court has previously acknowledged that *Brunette* defeats Last.fm's venue argument. *Mini Melts, Inc. v. Uniworld Corp. WLL*, No. 4:07-CV-069, 2008 WL 4441979, at *2 (E.D. Tex. Sept. 25, 2008). Venue is proper here under 28 U.S.C. §1391(c)(3).

## Conclusion

For these reasons, Blue Spike respectfully asks the Court to deny Last.fm's motion to dismiss the amended complaint.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

*Counsel for Blue Spike LLC*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on March 12, 2014.

                                                                                   /s/ Randall T. Garteiser