# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, <br>     Plaintiff, <br><br> vs. <br><br> TEXAS INSTRUMENTS, INC. et al., <br>     Defendants. | § § § § § § § § § § § § § | Civil Action No. 6:12-CV-499 <br><br> (LEAD CASE) <br><br> JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC, <br>     Plaintiff, <br><br> vs. <br><br> CBS CORP., and <br> LAST.FM LTD., <br>     Defendants. | § § § § § § § § § § § § § § | Civil Action No. 6:12-CV-594 <br><br> (CONSOLIDATED WITH 6:12-CV-499) <br><br> JURY TRIAL DEMANDED |

**DEFENDANT LAST.FM LTD.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the rules and orders of this Court, Defendant Last.fm Ltd ("Last.fm") hereby objects and responds to Plaintiff Blue Spike, LLC's ("Blue Spike") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Last.fm makes the following General Objections to Plaintiff's First Set of Interrogatories, which apply to each Interrogatory therein regardless of whether a General Objection is specifically incorporated into a response to a particular Interrogatory.

1.      To the extent the Interrogatories, or any Interrogatory or Instruction therein, may be construed as calling for the disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest privilege or any other applicable protection from discovery, Last.fm hereby claims such privileges and immunities and objects to any Interrogatories on such grounds.  Last.fm does not waive, intentionally or otherwise, any attorney-client privilege, work product immunity, joint defense or common interest privilege or any other privilege, immunity, or other protection that may be asserted to protect any information from disclosure.

2.      Last.fm objects to each Interrogatory, Definition, or Instruction to the extent it purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties to this action.

3.      Last.fm objects to each Interrogatory to the extent it seeks information that is more efficiently and appropriately obtained through some other form of discovery.

4.      Last.fm objects to the Interrogatories to the extent they request information not relevant to jurisdictional discovery as it relates to Last.fm's Motion to Dismiss Blue Spike's Complaint (Dkt. No. 520), including to the extent the Interrogatories seek information regarding Last.fm's contacts with the Eastern District of Texas after filing of the Complaint in this action on September, 4, 2012.  Last.fm accordingly limits its responses to information regarding its contacts with the Eastern District of Texas as of September 4, 2012.

5.      Nothing in these responses is an admission by Last.fm of the existence, relevance, or admissibility of any information or document.  Last.fm reserves all objections and other questions as to competency, relevance, materiality, privilege, or admissibility related to the use of its response and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

6. Last.fm objects to each Interrogatory and to the definitions of "You" (and, by implication, "Your") to the extent they seek information not within Last.fm's possession, custody, or control and not kept by Last.fm in its ordinary course of business. Last.fm will only provide relevant, non-privileged information that is within Last.fm's present possession, custody, or control and available after a reasonable investigation.

7. Last.fm objects to each Interrogatory to the extent it seeks to impose any obligation to identify or search for information or documents at any location other than where they would be expected to be stored in the ordinary course of business.

8. Last.fm's discovery and investigation in connection with this litigation are continuing. As a result, Last.fm's responses are limited to information obtained to date, and are given without prejudice to Last.fm's right to amend or supplement its responses after considering information obtained through further discovery or investigation.

9. Last.fm objects to each Interrogatory to the extent it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party. Last.fm will provide such information only to the extent it can do so consistent with its obligation(s) to any such third parties, including under United Kingdom data protection law.

10. Last.fm provides these responses with the understanding that Blue Spike is in possession of or has access to sources for some of the requested information, including without limitation, Last.fm's website and the Declaration of Simon Moran in Support of Last.fm's Motion to Dismiss Blue Spike's Complaint (Dkt. No. 520-1).

11. Last.fm also objects to each Interrogatory to the extent it seeks information that is cumulative of, duplicative of, and/or available through other forms of discovery that are more convenient, less expensive, or less burdensome.

12. Last.fm provides objections and responses to these Interrogatories, under the Court's order authorizing service of written jurisdictional discovery, without waiving any of its

objections to the exercise of personal jurisdiction over Last.fm or improper venue in the Eastern District of Texas in this action.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the names and addresses of all customers and users operating in Texas of Your products and services.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections, Last.fm objects to this Interrogatory on the ground that it is overbroad and unduly burdensome, seeks information that is not relevant to jurisdictional discovery, and is not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks the "names and addresses of all customers and users operating in Texas." Last.fm objects to this Interrogatory on the grounds that it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party. Last.fm further objects to this Interrogatory as seeking information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks information from before filing of the Complaint in this action on September 4, 2012.

Subject to and without waiving its General and Specific Objections, Last.fm stands ready to meet and confer with Blue Spike regarding the proper scope of discovery for Last.fm's information regarding Last.fm's revenue attributable to users of its internet radio who are located in Texas, to the extent such information is reasonably available to Last.fm.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds that of all visitors accessing Last.fm's website between September 1, 2011 and September 1, 2012, only 1.47% were identified by Google Analytics as being located in the State of Texas. Of the top 10 cities in Texas, which comprise approximately 60% of all Texas visitors in this period, only Plano, Texas, ranked number 9, is located in the Eastern District of Texas. Visitors from Plano, Texas, comprise less than 2 hundredths of a percent (0.02%) of all Last.fm visitors during this period. Furthermore, only 2.319% of registered users with Last.fm accounts active in September 2012 or before are associated with IP addresses identified by geolocation as located in the State of Texas.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Last.fm. incorporates its prior responses as if fully set forth herein. Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds that Last.fm's website was visited 819,628,030 times between September 1, 2011 and September 1, 2012. Of those total visits, 12,068,840 are identifiable as arising from within the State of Texas. Of those visits from Texas, 179,273 are identifiable as arising from within Plano, Texas. In addition, the percentage of registered users with Last.fm accounts active in September 2012 or before which are associated with IP addresses identified by geolocation as located in the State of Texas is based on the following counts of registered users: 1,082,408 users with Texas-associated IP addresses out of 46,548,684 worldwide registered users. These registered user counts include users of all types registered with Last.fm. However, these numbers do not include app downloads. Despite a reasonable search, Last.fm has been unable to identify geolocation data for app downloads. Finally, Last.fm does not maintain a database of addresses for artists

that have registered through the "Music Manager" program. However, the annual amount paid to artists in United States currency is minimal.

**INTERROGATORY NO. 2:**

Identify all of the online radios in Texas Your software and services catalog, examine, or otherwise analyze, and the location of the servers supporting those activities.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Last.fm objects to this Interrogatory on the ground that it is overbroad and unduly burdensome, seeks information that is not relevant to jurisdictional discovery, and is not reasonably calculated to lead to the discovery of admissible evidence. Last.fm objects to this Interrogatory to the extent that it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party. Last.fm further objects to this Interrogatory as seeking information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks information from before filing of the Complaint in this action on September 4, 2012. Last.fm objects to the Interrogatory as vague and ambiguous, including for example as to the phrases "online radios" and "catalog, examine, or otherwise analyze" and "supporting those activities"

Subject to and without waiving its General and Specific Objections, Last.fm responds that it does not catalog, examine or otherwise analyze online radios in Texas. Moreover, Last.fm's servers, software and databases used to provide its internet radio services and products are located outside of Texas.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds by incorporating by reference its Supplemental Response to Interrogatory No. 1 and documents Bates-numbered LASTBS-0000001 to LASTBS-0000017, which are contracts for its datacenter located in England.

**INTERROGATORY NO. 3:**

Identify the names and addresses of every content provider and media outlet in Texas analyzed by Your services.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, Last.fm objects to this Interrogatory on the ground that it is overbroad and unduly burdensome, seeks information that is not relevant to jurisdictional discovery, and is not reasonably calculated to lead to the discovery of admissible evidence. Last.fm objects to this Interrogatory to the extent that it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party. Last.fm further objects to this Interrogatory as seeking information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks information from before filing of the Complaint in this action on September 4, 2012. Last.fm objects to the Interrogatory as vague and ambiguous, including for example as to the phrase "content provider and media outlet in Texas."

Subject to and without waiving its General and Specific Objections, Last.fm responds that it does not analyze content providers or media outlets in Texas. Moreover, Last.fm's servers,

software and databases used to provide its internet radio services and products are located outside of Texas.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds by incorporating by reference documents Bates-numbered LASTBS-0000001 to LASTBS-0000017, which are contracts for its datacenter located in England.

**INTERROGATORY NO. 4:**

Identify all contact by You or Your monitoring activities with the state of Texas or any user or online radio network operating therein, including but not limited to all persons who have registered or signed up for any of Your products via Your websites.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, Last.fm objects to this Interrogatory on the ground that it is overbroad and unduly burdensome, seeks information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence.  Last.fm objects to this Interrogatory to the extent that it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party.  Last.fm further objects to this Interrogatory as seeking information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks information from before filing of the Complaint in this action on September 4, 2012.  Last.fm objects to the Interrogatory as vague and ambiguous, including for example as to the phrases "monitoring activities" and "online radio network."

Subject to and without waiving its General and Specific Objections, Last.fm stands ready to meet and confer with Blue Spike regarding the proper scope of discovery for Last.fm's information regarding Last.fm's revenue attributable to users of its internet radio who are located in Texas, to the extent such information is reasonably available to Last.fm.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds by incorporating by reference its Supplemental Response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Identify all contact by You with a resident of Texas relating to Your business, including contact via Your websites, e-mail, or telephone.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, Last.fm objects to this Interrogatory on the ground that it is overbroad and unduly burdensome, seeks information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence. Last.fm objects to this Interrogatory to the extent that it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party. Last.fm further objects to this Interrogatory as seeking information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks information from before filing of the Complaint in this action on September 4, 2012. Last.fm objects to the Interrogatory as vague and ambiguous, including for example as to the phrase "all contact by You with a resident of Texas relating to your business."

Subject to and without waiving its General and Specific Objections, Last.fm responds that Last.fm's internet site is not specifically directed at Texas residents and its internet radio users are located outside of Texas, except for a very small percentage (i.e. less than 2%). Moreover, Last.fm does not employ non-internet advertising in Texas, or make any other such effort specifically to obtain business from Texas residents.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds by incorporating by reference its Supplemental Response to Interrogatory No. 1. Last.fm further responds that the Last.fm website lists pages for numerous events, in the United States and around the world. Currently, Last.fm list pages for over 6,300 events in the United States that will take place in the coming year. Last.fm also lists pages for over 12,000 events in Europe and for over 800 events in Japan in the coming year. Among the thousands of events on its site, Last.fm lists event pages for the annual SXSW Music Festival in Austin, Texas. It does not offer a special subscription service for this event. Matthew Hawn, a former Last.fm Vice President for Product who left the company in August of 2012, was one of four speakers at a 2012 SXSW panel discussion regarding emerging trends in social music technology entitled "The Evolution Of Music Discovery In The Cloud." These facts are insufficient to support the exercise of either general or specific personal jurisdiction for purposes of this action.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Last.fm. incorporates its prior responses as if fully set forth herein. Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds that Last.fm employees have attended the annual SXSW music conference. Except for

2008, Last.fm has sent two people per year to attend events. Last.fm has not been involved in sponsoring the conference. These facts are insufficient to support the exercise of either general or specific personal jurisdiction for purposes of this action.

**INTERROGATORY NO. 6:**

Identify all contact from a resident of Texas relating to Your business, including contact via Your websites, e-mail, or telephone.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, Last.fm objects to this Interrogatory on the ground that it is overbroad and unduly burdensome, seeks information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence. Last.fm objects to this Interrogatory to the extent that it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party. Last.fm further objects to this Interrogatory as seeking information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks information from before filing of the Complaint in this action on September 4, 2012. Last.fm objects to the Interrogatory as vague and ambiguous, including for example as to the phrase "all contact from a resident of Texas relating to Your business."

Subject to and without waiving its General and Specific Objections, Last.fm incorporates by reference its response to Interrogatory No. 5.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds by incorporating by reference its Supplemental Response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

Identify all sales to or distribution of products and services to Texas consumers that You have not already Identified in response to one of the preceding Interrogatories, including through third parties not directly associated with You.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, Last.fm objects to this Interrogatory on the ground that it is overbroad and unduly burdensome, seeks information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence.  Last.fm objects to this Interrogatory to the extent that it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party.  Last.fm further objects to this Interrogatory as seeking information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks information from before filing of the Complaint in this action on September, 4, 2012.

Subject to and without waiving its General and Specific Objections, Last.fm responds that Last.fm's internet site is not specifically directed at Texas residents and its internet radio users are located outside of Texas, except for a very small percentage.  Moreover, Last.fm does not employ non-internet advertising in Texas, or make any other such effort specifically to obtain business from Texas residents.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds by incorporating by reference its Supplemental Response to Interrogatory No. 5.

**INTERROGATORY NO. 8:**

Identify all Your efforts to create or use sales networks into Texas.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections, Last.fm objects to this Interrogatory on the ground that it is overbroad and unduly burdensome, seeks information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence.  Last.fm objects to this Interrogatory to the extent that it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party.  Last.fm further objects to this Interrogatory as seeking information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks information from before filing of the Complaint in this action on September 4, 2012. Last.fm objects to the Interrogatory as vague and ambiguous, including for example as to the phrase "sales networks into Texas."

Subject to and without waiving its General and Specific Objections, Last.fm responds that Last.fm's internet site is not specifically directed at Texas residents and its internet radio users are located outside of Texas, except for a very small percentage.  Moreover, Last.fm has not negotiated or entered into advertising or other contacts with merchants in Texas, or made any other such effort specifically to obtain business from Texas residents.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds by incorporating by reference its Supplemental Response to Interrogatory No. 5.

**INTERROGATORY NO. 9:**

Identify all Your efforts to solicit customers, prospective employees, and business in Texas (including through the Internet or presentations You conduct or trade shows, conventions, or other professional-networking events You attend in Texas).

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to its General Objections, Last.fm objects to this Interrogatory on the ground that it is overbroad and unduly burdensome, seeks information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence. Last.fm objects to this Interrogatory to the extent that it seeks information of a third party that is in Last.fm's possession, custody or control but subject to an obligation of confidentiality to a third party. Last.fm further objects to this Interrogatory as seeking information that is not relevant to jurisdictional issues, and is not reasonably calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks information from before filing of the Complaint in this action on September 4, 2012.

Subject to and without waiving its General and Specific Objections, Last.fm responds that Last.fm's internet site is not specifically directed at Texas residents and its internet radio users are located outside of Texas, except for a very small percentage. Last.fm has not directed or sent directors, officers or employees to conduct business in Texas. Moreover, Last.fm does not employ non-internet advertising in Texas, has not negotiated or entered into advertising or

other contacts with merchants in Texas, or made any other such effort specifically to obtain business from Texas residents.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Having met and conferred with Blue Spike, and subject to its General and Specific Objections, Last.fm further responds by incorporating by reference its Supplemental Response to Interrogatory No. 5.

February 28, 2014

Respectfully submitted,

*/s/ Edward R. Reines*
Edward R. Reines
Cal. Bar No. 135960 – Admitted to E.D. Texas
Lead Attorney
edward.reines@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

**Attorneys for Defendant Last.fm Ltd.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served via email, pursuant to the parties' agreement under Fed. R. Civ. P. 5(b)(2)(E), on counsel for Plaintiff Blue Spike, LLC on February 28, 2014.

*/s/ Byron Beebe*
Byron Beebe