IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| TEXAS INSTRUMENTS, INC. | § | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | Case No. 6:12-cv-680 |
| | § | |
| L-1 IDENTITY SOLUTIONS, INC. | § | |
| and MORPHOTRUST USA, INC. | § | |

**ORDER DENYING TRANSFER TO DISTRICT OF NEW JERSEY**

Now before the Court is Defendants L-1 Identity Solutions, Inc. and MorphoTrust USA, Inc.'s motion to transfer for the convenience of the parties (Doc. No. 588). Having considered the parties' briefing and the applicable law, the Court DENIES the motion becasue this case could not have originally been filed in the District of New Jersey.

**I.     BACKGROUND**

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, such as "digital fingerprinting." Plaintiff accuses Defendants' biometric software and systems of directly and indirectly infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery, but the Court affirmatively noted that the consolidation would not bear on any venue challenges. . Prior to the consolidation, Defendant moved to transfer the case to the District of New Jersey for the convenience of the parties. Pursuant to the Court's order, the parties refiled their briefing in the consolidated case.

## II. MOTION TO TRANSFER FOR THE CONVENIENCE OF THE PARTIES

Defendants move the Court to transfer this case to the District of New Jersey for the convenience of the parties. Defendants base their argument largely on the fact that the accused products were designed and manufactured in Jersey Town, New Jersey.

Plaintiff responds that Defendants have not made the threshold showing that this case could have been filed in the District of New Jersey. Plaintiff also emphasizes two additional facts: (1) the pendency of dozens of related cases in this district, and (2) the presence of Plaintiff Blue Spike as well as Blue Spike CEO and Inventor Scott Moskowitz in the Eastern District of Texas.

### a. Legal Standard

"[A] district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Thus, the first inquiry when analyzing a transfer under section 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) (hereinafter *In re Volkswagen I*).

Once that threshold inquiry is met, the district court must then consider the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See*

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197–98 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The party seeking the transfer must show good cause, which means that the moving party must demonstrate that the proposed transferee venue is "clearly more convenient than the venue chosen by the plaintiff[.]" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (hereinafter *In re Volkswagen II*). A convenience determination consists of balancing the convenience and inconvenience resulting from plaintiff's choice of venue in comparison with those of the proposed venue. This balancing includes examining several private and public interest factors, none of which has dispositive weight. *Id*.

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen II*, 545 F.3d at 314–15 & n.10. Rather, the weight of the plaintiff's choice of venue is reflected in the defendant's burden of proving that the proposed venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re*

*TS Tech*, 551 F.3d at 1320. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 315.

    b. **The District of New Jersesy**

The first question the Court must address when considering a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit originally could have been filed in the destination venue, here, the District of New Jersey. *Volkswagen II*, 545 F.3d at 312. The movants bear the burden of establishing personal jurisdiction and venue as to all defendants in the transferee forum. *See Chirife v. St. Jude Med., Inc.*, 2009 WL 1684563, at *1 (E.D. Tex. June 16, 2009).

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporation resides in any division with which it has minimum contacts. 28 U.S.C. 1391(c) & (d). The relevant inquiry is whether jurisdiction and venue existed at the time this action was filed. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Thus, post-filing consent to jurisdiction in the transferee forum is irrelevant to the transfer analysis. *Id.*

L-1 has not asserted any contacts with the transferee forum. L-1 states that it just a holding company for MorphoTrust and is incorporated in Delaware with its principal place of business in Massachusetts. Although L-1 Solutions filed a notice informing the Court that MorphoTrust subsequently acquired L-1 Solutions, that action took place post-filing. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Accordingly, Defendants failed to meet their burden to show that this case could have been brought in the transferee forum.

### III. CONCLUSION

Defendants failed to satisfy their burden on the threshold issue. Thus, their motion to transfer (Doc. No. 588) is DENIED.

**It is SO ORDERED.**

**SIGNED this 13th day of March, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE