IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC | § |
| | § |
| v. | § Case No. 6:12-cv-499 |
| | § |
| TEXAS INSTRUMENTS, INC. | § |

| | |
|---|---|
| BLUE SPIKE, LLC | § |
| | § |
| v. | § Case No. 6:12-cv-572 |
| | § |
| TECHNICOLOR S.A. | § |

### ORDER GRANTING MOTION TO DISMISS

Now before the Court is Defendant Technicolor SA's motion to dismiss for lack of personal jurisdiction, improper venue, and insufficient service of process (Doc. No. 560). Having considered the parties' briefing and the applicable law, the Court determines that Technicolor SA's contacts are insufficient to support the Court's exercise of jurisdiction. Accordingly, the Court GRANTS the motion to dismiss Plaintiff's claims against Defendant Technicolor SA.

I.   **BACKGROUND**

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, with examples such as "digital fingerprinting." Plaintiff's complaint does not specifically identified a

Technicolor SA product. Instead, Plaintiff generally accuses the Technicolor defendants of directly and indirectly infringing each of the patents in suit by making, using, selling, or offering to sell video fingerprinting software, systems, applications, and technology. Defendant Technicolor SA refutes that it has ever made, used, sold, offered, or imported any fingerprinting technology in the United States.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery. Prior to the consolidation, Defendant Technicolor SA moved to dismiss Plaintiff's complaint for lack of personal jurisdiction, lack of venue, and improper service. Plaintiff sought jurisdictional discovery. Pursuant to the Court's order, the parties refiled their briefing in the consolidated case.

## II. MOTION TO DISMISS

### a. Legal Standard

In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* Without an evidentiary hearing, the burden of establishing a prima facie showing of jurisdiction is on plaintiff. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Absent a controlling federal statute, a plaintiff may establish (1) personal jurisdiction under Texas's long-arm statute and (2) that the exercise of personal jurisdiction comports with due process. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998). The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing

business" in Texas. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually one federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied for a court to exercise personal jurisdiction over the defendant. *Johnston*, 523 F.3d at 609.

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists "when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic." *Johnston*, 532 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984)). The defendant's contacts with the forum state are evaluated "over a reasonable number of years, up to the date the lawsuit was filed." *Id.* at 610 (quoting *Access Telecomm, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)). These contacts must be considered together, rather than in isolation from one another. *Id*. When general

jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *See id.* at 613.

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Suffering harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "Random, fortuitous, or attenuated contacts" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. The Court's fundamental fairness analysis must consider (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

### b. <u>Analysis</u>

The following facts are undisputed: Technicolor SA is a French company with its principal place of business in Paris, France. Technicolor USA is a U.S. subsidiary of Technicolor

SA. Technicolor SA is not licensed to do business in Texas and does not have any offices in Texas. Technicolor SA's website includes an online form through which consumers can request information.

Plaintiff attempts to establish jurisdiction by arguing (1) the nature of Technicolor SA's business necessarily requires significant contact with the forum; (2) Technicolor SA's customers operate pervasively throughout Texas; and (3) Technicolor SA's website is used to solicit business in Texas.

First, Plaintiff claims that Technicolor SA's product necessarily interacts with content generated and collected in Texas. Plaintiff alleges that Technicolor SA's accused product collects digital video files and compares them to a master database of digital content. Plaintiff also relies heavily on Technicolor SA's statements from its website that it is a "leading provider" supporting customers "globally." Based on those underlying allegations, Plaintiff claims the technology "necessarily uses content generated and collected in Texas" (Doc. No. 858 at 6). But these vague allegations do not establish contacts purposefully directed to Texas and thus cannot support specific jurisdiction. *See AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012) (per curiam).

Plaintiff also ties its jurisdictional claims to the presence of Technicolor SA's customers throughout Texas. Plaintiff attempts to impute those contacts to Technicolor SA itself. But these allegations do not support a finding of jurisdiction. The Court's focus is on the actions of Technicolor SA, not third-party customers. *See Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *2 (E.D. Tex. Sept. 27, 2012) ("The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent

actions."). The alleged presence of Technicolor SA's product in the forum state as a result of third-party customers also fails to establish purposeful contacts.

Finally, Plaintiff insists that Technicolor SA solicits business in Texas through its website. Plaintiff notes that Technicolor SA's website allows potential customers to contact the company's sales department through an online form. Plaintiff labels this an interactive website designed to solicit business, including from Texas. But Defendant's website is not a purposeful contact with Texas. Contrary to Plaintiff's position, the website does not present the type of website functionality seen in *AdvanceMe, Inc. v. Rapidpay, LLC*, which allowed users to get a quote for services in the forum state using a drop-down menu. 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006). In contrast, Technicolor SA's website has no features specifically directed to Texas or intended to solicit Texas customers.

As to Plaintiff's request for jurisdictional discovery, Plaintiff has failed to make the necessary showing. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Nor has Plaintiff specifically identified any facts it reasonably expects to discover that would correct the deficiencies in its jurisdictional arguments. Without more, Plaintiff cannot engage in a jurisdictional "fishing expedition." *See Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 798 (N.D. Tex. 2010).

### III.  CONCLUSION

For the reasons discussed more fully above, the Court GRANTS Defendant Technicolor SA's motion to dismiss for lack of personal jurisdiction (Doc. No. 560). Accordingly, the Court DISMISSES Plaintiff's claims against Technicolor SA without prejudice.

**It is SO ORDERED.**

**SIGNED this 13th day of March, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE