IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| TEXAS INSTRUMENTS, INC. | § | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | Case No. 6:13-cv-88 |
| | § | |
| IRIS ID SYSTEMS, INC. | § | |

**ORDER SEVERING AND TRANSFERRING
TO THE DISTRICT OF NEW JERSEY**

Now before the Court is Defendant Iris ID System, Inc.'s motion to transfer for the convenience of the parties (Doc. No. 663). Having considered the parties' briefing and the applicable law, the Court finds that the District of New Jersey is a clearly more convenient venue and transfers this case to the District of New Jersey.

**I.    BACKGROUND**

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, such as "digital fingerprinting." Plaintiff accuses Defendant's biometric scanning devices and software of infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery, but the Court affirmatively noted that the consolidation would not bear on any venue challenges. After the consolidation, Defendant moved to transfer the case to the District of New Jersey for the convenience of the parties.

## II.  MOTION TO TRANSFER FOR THE CONVENIENCE OF THE PARTIES

Defendant moves the Court to transfer this case to the District of New Jersey for the convenience of the parties. Defendant bases its argument largely on the fact that its headquarters—and thus its witnesses and evidence—are in New Jersey.

Plaintiff responds that Defendant asks the Court to ignore the effect of the requested transfer on Plaintiff. Plaintiff emphasizes two additional facts in support of its position: (1) the pendency of dozens of related cases in this district, and (2) the presence of Plaintiff Blue Spike as well as Blue Spike CEO and Inventor Scott Moskowitz in the Eastern District of Texas.

### a.  Legal Standard

"[A] district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Thus, the first inquiry when analyzing a transfer under section 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) (hereinafter *In re Volkswagen I*).

Once that threshold inquiry is met, the district court must then consider the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo*

*Co., Ltd.*, 589 F.3d 1194, 1197–98 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The party seeking the transfer must show good cause, which means that the moving party must demonstrate that the proposed transferee venue is "clearly more convenient than the venue chosen by the plaintiff[.]" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (hereinafter *In re Volkswagen II*). A convenience determination consists of balancing the convenience and inconvenience resulting from plaintiff's choice of venue in comparison with those of the proposed venue. This balancing includes examining several private and public interest factors, none of which has dispositive weight. *Id.*

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen II*, 545 F.3d at 314–15 & n.10. Rather, the weight of the plaintiff's choice of venue is reflected in the defendant's burden of proving that the proposed venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1320. Furthermore, though the private and public factors apply to most

transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 315.

### b. The District of New Jersey

Defendant must first establish that this action could have been brought in the District of New Jersey. 28 U.S.C. § 1404(a). Defendant argues—and Plaintiff does not dispute—that Iris ID is headquartered in Cranbury, New Jersey, and this Court agrees, that under these facts, venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391.

### c. Private Interest Factors

#### i. *The Relative Ease of Access to Sources of Proof*

The first of the private interest factors to be considered is the relative ease of access to sources of proof. Despite technological advances that undoubtedly lighten the relative inconvenience of transporting large amounts of documents and hard copies across the country, this factor must still be considered in the transfer analysis. *In re Volkswagen II*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *See id.*; *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 873 (E.D. Tex. 2013). This factor will turn upon which party, usually the accused infringer, will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the proposed and transferor venues. *See, e.g.*, *In re Nintendo*, 589 F.3d at 1199; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). But documents that have

been moved to a particular venue in anticipation of a venue dispute should not be considered. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009).

Defendant represents that its relevant documents are in its offices in New Jersey. Plaintiff counters that its documents and servers are located in Texas.[1] On balance, the location of Defendant's sources of proof far outweighs the presence of Plaintiff's documents and servers in Texas. *See In re Nintendo*, 589 F.3d at 1199. Accordingly, this factor favors transfer.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the proposed venue. *See In re Volkswagen II*, 545 F.3d at 316; *In re Amazon.com Inc.*, 478 F. App'x 669, 670 (Fed. Cir. 2012). The factor weighs the heaviest in favor of transfer when a proposed venue is said to have "absolute subpoena power." *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1338. "Absolute subpoena power" is subpoena power to compel attendance at both depositions and trial. *Id*.

Neither party has specifically identified any non-party witnesses who may fall within (or without) the absolute subpoena power of either forum. Accordingly, this factor is neutral.

### iii. The Cost of Attendance for Willing Witnesses

This factor is analyzed by giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re Volkswagen I*, 371 F.3d at 204. All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial. *See In re Genentech*, 566 F.3d at 1343 ("Requiring a defendant to show that the

---

[1] Defendant argues that Plaintiff's documents were moved to this district in anticipation of litigation and should be disregarded by the Court. The Court finds this factor favors transfer even if Plaintiff's documents are considered, and thus does not address Defendant's argument.

potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary.").

The Fifth Circuit has adopted a "100-mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204–05. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* When applying the 100-mile rule, the threshold question is whether the transferor and proposed venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. If so, then a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and proposed venues. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. The 100-mile rule generally favors transfer (with differing degrees) if the proposed venue is a shorter average distance from witnesses than the transferor venue. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320.

But "the '100-mile rule' should not be rigidly applied." *In re Genentech*, 566 F.3d at 1344. When a particular witness "will be required to travel a significant distance no matter where they testify," that witness is discounted for purposes of the 100-mile rule analysis. *Id.* (discounting European witnesses and documents transported from Washington, D.C. in the convenience analysis when reviewing a denial of transfer from Texas to California).

As to this factor, the Courts weighs most heavily the convenience of non-party witnesses. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 WL 2771842, at *9 (E.D. Tex. July 13, 2013). Defendant claims that its employees with relevant information all work within the District of New Jersey. Defendant also points to several attorneys involved in

the prosecuting the patents in suit that Defendants intend to call at trial. All are located on the East Coast, much closer to the District of New Jersey than Tyler, Texas.

Plaintiff counters that its CEO and inventor of the technology in issue lives in this district. Plaintiff also encourages the Court to give special consideration to Moskowitz's travel limitations imposed by his serious health condition: chronic inguinal neuropathy. Plaintiff has not provided any health documentation to support his claim that he is medically unable to travel long distances. Accordingly, the Court will not give undue consideration to Moskowitz's health condition.

Having considered all of the facts discussed above, the Court finds that this factor weighs in favor of transfer.

### iv. Other Practical Problems

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (hereinafter *In re Volkswagen III*).

Importantly, "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). "While considerations of judicial economy arising *after* the filing of a suit do not weigh against transfer, a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed." *Id.* "[A] district court's experience with a patent in prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.*

Plaintiff argues that the volume of related litigation compels the Court to deny transfer in order to jointly consider common issues such as claim construction. Defendant argues that Plaintiff's efficiency concern is undermined by the fact that other defendants in this consolidated litigation have moved to transfer to the District of New Jersey.

As the Court has previously acknowledged, certain stages of the related litigation, such as claim construction and certain discovery matters, could be more efficiently managed through consolidated measures. *See In re EMC*, 677 F.3d 1351, 1360 (Fed. Cir. 2012). But the Court also acknowledges that in this instance, the excessively high volume of Defendants (much higher than in most patent litigation), with little overlap in the accused products, creates case management issues not normally encountered by the Court. Although the Court is confident that these issues can be effectively and efficiently managed, the presence of the additional case management burden cannot be ignored.

In view of the number of common or related issues among the related cases, the Court views the balance of this factor to weight slightly against transfer.

### d. Public Interest Factors

The parties only address one of the public interest factors: the local interest in the dispute. This factor is addressed below. The remaining three public interest factors are considered neutral.

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947); *In re Volkswagen I*, 371 F.3d at 206. This factor analyzes the "factual connection" that a case has with both the proposed and transferor venues. *See id.* Generally, local interests that "could apply virtually to any judicial district or division in the

United States" are disregarded in favor of particularized local interests. *In re Volkswagen II*, 545 F.3d at 318 (in a products liability suit, disregarding local interest of citizens who used the widely sold product within the transferor venue); *In re TS Tech*, 551 F.3d at 1321. Thus, when products are sold throughout the United States, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue. *In re Nintendo*, 589 F.3d at 1198.

Defendant insists that the District of New Jersey has a particular interest in this litigation since Defendant is headquartered there. The Court finds that both districts have a localized interest in the dispute. Accordingly, this factor is neutral.

### e. Balance of Factors

Two of the private interest factors favors transfer and another weighs slightly against transfer. The one factor that slightly weighs against transfer does so only because Plaintiff serially filed dozens of cases in this district and, therefore, is of limited importance. *Cf. GeoTag v. Starbucks Corp.*, 2:10-cv-572, 2013 WL 890484, at *6 (E.D. Tex. Jan. 14, 2013). Furthermore, the convenience of the witnesses—"the single most important factor"—weighs in favor of transfer. *See N5 Techs., LLC v. Bank of Am., N.A.*, No. 2:12-cv-685-MHS-RSP, 2014 WL 558762, at *3 (Feb. 10, 2014) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). All of the public interest factors are neutral. Having considered each of these relevant factors, the Court finds that the District of New Jersey is a clearly more convenient forum.

### III. CONCLUSION

For the reasons discussed more fully above, the Court GRANTS Defendant Iris ID Systems, Inc.'s motion to transfer venue (Doc. No. 663). Accordingly, Plaintiff's claims against Iris ID Systems, Inc. are SEVERED from the lead case back into the original cause number,

6:13-cv-88, and the clerk of the court is directed to TRANSFER the severed action to the District of New Jersey for further consideration.

 **It is SO ORDERED.**

**SIGNED this 13th day of March, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE