# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>          Defendant. | Civil Action No. 6:12-CV-499-MHS<br><br>LEAD CASE<br><br>Jury Trial Demanded |
| BLUE SPIKE, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>3M COGENT INC.,<br><br>          Defendant. | Civil Action No. 6:12-CV-685-MHS<br><br>CONSOLIDATED CASE<br><br>ORAL ARGUMENT REQUESTED<br><br>Jury Trial Demanded |

**DEFENDANT 3M COGENT INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE <u>CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)</u>**

3M Cogent, Inc. ("3M Cogent") hereby replies to plaintiff's opposition to its motion to transfer this action to the United States District Court for the Central District of California.

## I. INTRODUCTION

In its opposition, Blue Spike, LLC ("Blue Spike") does not dispute the following facts: (1) It was formed as a Texas company *less than 3 months* before this lawsuit was filed; (2) a non-party assigned the patents to plaintiff *5 days* before the lawsuit was filed; (3) the Texas address for Scott Moskowitz, its chairman, is a bed and breakfast; (4) Mr. Moskowitz owns a condominium in Florida and has used that address since 2000; (5) as recent as January 2014, Mr. Moskowitz signed two annual reports filed with the Secretary of State of Florida that listed his Florida address; and (6) plaintiff has identified no employee other than Mr. Moskowitz himself, or anyone else located in the district, who would be a witness in this case.

Plainly, Blue Spike's presence is "recent, ephemeral, and an artifact of litigation" at best. The weight of the five factors discussed in plaintiff's opposition supports transfer.

## II. ARGUMENT

### A. The Court Should Disregard The Presence Of Plaintiff's Documents In Texas

#### 1. Blue Spike Is An Ephemeral Entity

##### a) Blue Spike Was Created To Secure Venue in Texas

As explained in one of the cases plaintiff cites, "an entity that does not have (1) employees in the transferor forum; (2) principals that reside in the transferor forum; or (3) research and development-type activities in the transferor forum is an 'ephemeral' entity. [Citations.] This is certainly true where the formation of the entity could be characterized as recent." *See NovelPoint Learning LLC v. LeapFrog Enters., Inc.*, No. 6:10-CV-229 JDL, 2010 WL 5068146, *4 (E.D. Tex. Dec. 6, 2010). That is precisely the case here.

Here, plaintiff does not dispute: (1) it was formed *less than 3 months* before this action was filed; (2) Blue Spike, Inc. (a separate entity) transferred the patents to plaintiff *5 days* before the lawsuit was filed; (3) Mr. Moskowitz's Texas address is a bed and breakfast; (4) Mr.

Moskowitz owns a condominium in Florida and has used that address since 2000; (5) as recent as January 2014, Mr. Moskowitz signed two annual reports filed with the Secretary of State of Florida that listed his Florida address; and (6) it has identified no employee – other than its founder – and no customer of its products.  (Mot., pg. 4-5; Opp.)

Plaintiff attempts to sidestep these key facts by arguing that it was "incorporated in Texas nearly two years ago and is the result of 25 years of research, development, and deployment of products and services[.]" (Opp., pg. 8.)  Plaintiff's argument has two problems.  First, courts consider by how much plaintiff's formation predated the filing of the *litigation* (*i.e.* less than 3 months), not the opposition to a motion to transfer venue (*i.e.* nearly 2 years).  Second, Blue Spike's argument that the patents-in-suit were the result of 25 years of research (none of which took place in Texas) has no bearing on plaintiff's presence in Texas since plaintiff did not own those patents until *5 days* before the action was filed.  The prior owner, Blue Spike, Inc., is a Florida corporation with no activities in Texas, much less in this District.

Plaintiff also asserts that "it actively markets and sells its products in Texas[,]" that Mr. Moskowitz lives in Tyler, and that its "employee**s**, computer servers, and sources of proof are all located here."  (Opp., pg. 8 (emphasis added).)  It cites paragraphs 1 through 7 of Mr. Moskowitz's declaration (Dkt. 1135), but his declaration provides no such evidence.

First, Mr. Moskowitz's declaration identifies no Blue Spike employee, other than himself.  Second, he does not attest that Blue Spike has *any* other employees.  Third, his declaration provides no statement that plaintiff has any "computer servers" located in Texas.  Fourth, his declaration is silent about any other "sources of proof."  Instead, he states vaguely that "Blue Spike offers and sells products."  In sum, plaintiff makes arguments, but offers no evidence.

### b) The Case Law Blue Spike Cites Is Inapposite

Plaintiff cites two cases as examples where Eastern District of Texas courts have found that the plaintiff's presence in this District was not ephemeral because it was incorporated at least four months before the relevant suit was filed.  Both are factually inapplicable.

In *Wireless Recognition Technologies LLC v. A9.com, Inc.*, No. 2:10-cv-364-JRG, 2012 WL 506669, *3 fn 6, (E.D. Tex. Feb. 15, 2012), the court specifically recognized that because "[plaintiff's] direct parent corporation has nine employees in the Eastern District of Texas, the Court is not prepared to hold that WRT is 'ephemeral[.]'" There, the parent corporation was "a Texas Limited Liability Company located in the Eastern District of Texas[.]" As discussed above, neither point is true for Blue Spike. The *NovelPoint* case is equally unavailing. There, two of plaintiff's three principals truly lived in Texas. *Id.*, at *5. Here, there is considerable doubt that Mr. Moskowitz actually resides in Texas. Thus, the Court should find that plaintiff is an ephemeral entity and disregard the alleged and largely unsubstantiated location of its proof.

### 2. 3M Cogent's Presence In California Favors Transfer

In its opposition, plaintiff ignores all evidence concerning 3M Cogent's continuous 24-year presence in the Central District of California. (Mot, Kniffin Decl., ¶ 4-5, 10.) Instead, Blue Spike refers the Court to the presence of non-party 3M Company in Texas. (Opp., pg. 2.) This assertion does not support plaintiff's arguments.

Blue Spike fails to explain how 3M Company's locations and resources are relevant to where 3M Cogent's (a separate legal entity) proof is located. Indeed, if plaintiff's argument were sufficient to establish venue, any entity that has a parent operating in Texas would be unable to transfer an action to the venue where it maintains its documents and employs personnel relevant to the lawsuit. *See Tommy Bahama Group, Inc. v. The Walking Co.*, No. 1:07-CV-1402-ODE, 2007 WL 3156254, *3 (N.D. Ga. Oct. 19, 2007) (plaintiff cannot establish residence in Georgia even though its parent company is headquartered in Atlanta because it is neither headquartered nor incorporated there). Plaintiff cannot escape that evidence specifically relevant to the issues of infringement and validity is located in California; thus, this factor favors transfer.

### B. Blue Spike Identifies No Non-Party Witness

Plaintiff also contends that 3M Cogent fails to specifically identify any non-party witness. (Opp., pg. 10-11.) 3M Cogent explained in its motion that numerous customers that purchased

products at issue in this case are located in the Los Angeles area. Specific examples of non-party customers located in the Los Angeles area are identified in the concurrently filed declaration of David R. Kniffin. Those entities include not only customers who have purchased products within the past six years, but customers that may have information about prior art offers to sell before Blue Spike's alleged invention. Because the Central District of California is the principal location for the identified customers, this factor favors transfer.

### C. The Cost Of Attendance For Willing Witnesses Favors Transfer

Plaintiff argues that "3M Cogent's argument about the costs and convenience of willing witnesses is relatively weak because 3M Cogent fails to identify any willing witnesses apart from four of its own employees." (Opp., pg. 11.) Additionally, it contends the Court must disregard 3M Cogent's references to potential witnesses "not specifically identified." (Opp., pg. 12.) Lastly, plaintiff points to paragraph 11 of Mr. Moskowitz's declaration in support of the assertion that "3M Cogent also completely ignores that *all* of Blue Spike's known witnesses reside in this District." (*Id.*) Blue Spike's arguments are not persuasive.

3M Cogent's moving papers identified by name employees who would likely be witnesses and who live and work in the Los Angeles area. By contrast, paragraph 11 of Mr. Moskowitz' declaration states: "Blue Spike plans to call witnesses from Texas, including me." (Dkt. 1135, ¶ 11.) By plaintiff's own argument, the Court should disregard all unidentified witnesses. Here, Blue Spike has identified one witness and admits that 3M Cogent identified four witnesses in the Central District. Based on plaintiff's own argument, then, this factor plainly favors transfer. Additionally, Mr. Moskowitz acknowledges that he travels to Florida every 10 to 12 weeks. If the case is transferred, Mr. Moskowitz would likely only have to travel once to Los Angeles, for trial. Accordingly, the cost of attendance weighs in favor of transfer.

### D. A Entity Formed Less Than 3 Months Before Litigation Provides Little To No Localized Interest In This District

Blue Spike cites *Advanced Processor Techs., LLC v. Atmel Corp.*, Civ. No. 2:12-CV-152-JRG-RSP, at 10 (E.D. Tex. Mar. 26, 2013) for the principle that "'[t]he residents of the

Eastern District clearly have a legitimate local interest in the enforcement of patents owned by a resident business.'" (Opp., pg. 13.) The holding in *Atmel* is inapplicable here.

In reaching its decision, the *Atmel* court explained "[t]he evidence shows that APT was formed in 2010, before this lawsuit was filed [in March 2012], and that APT's employees are residents in the Eastern District of Texas." *Atmel*, at 15. Here, unlike *Atmel*, Blue Spike was formed less than a year before the lawsuit was filed, it has identified only one employee, and, as discussed above, 3M Cogent has offered unopposed evidence that plaintiff is an ephemeral entity.

The Central District of California, not the Eastern District of Texas, is the venue with significant local interest. Accordingly, this factor favors transfer. *See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

### E. Manufactured Judicial Economy Does Not Defeat Transfer

Lastly, plaintiff argues that "transfer is especially inappropriate because the consolidated cases share more than just the patents-in-suit: the factual and legal issues, and the defendants themselves, are deeply intertwined." (Opp., pg. 4.) To illustrate its argument, plaintiff cites its own amended complaints as evidence. (*Id.*, pg. 5.) That argument fails for multiple reasons.

Initially, transfer analysis cannot be swayed or manipulated by serially filing cases within a single district. *GeoTag, Inc. v Zoosk, Inc.*, No. 2:11-cv-403-MHS, Dkt. No. 114, at 11 (E.D. Tex. Jan. 14, 2013). Here, plaintiff is an ephemeral entity behind the spree of more than 80 suits against more than 150 defendants filed in this District on August 9, 2012. Second, an allegation made in its pleadings is not evidence. Blue Spike has not shown that 3M Cogent's accused products are the same as other defendants. Furthermore, other defendants have moved to transfer venue to the Central District of California. As such, the potential consolidation of those cases allows for judicial economy in a proper venue.

### III. CONCLUSION

Defendant 3M Cogent has shown that this case should be transferred to the Central District of California and respectfully requests that the Court grant its motion.

|  |  |
|---|---|
| Dated:  March 13, 2014 | Respectfully submitted, |

                                    */s/ Robert Kramer*
Robert F. Kramer
CA Bar No. 181706 (admitted E.D. Texas)
C. Gideon Korrell
CA Bar No. 246188 (admitted to E.D. Texas)
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA  94304
Telephone:  (650) 798-0356
Facsimile:  (650) 798-0310
robert.kramer@dentons.com
gideon.korrell@dentons.com

Andrea M. Houston
Texas State Bar No. 102981
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
Telephone: (512) 542-8544
Facsimile: (512) 236-3270
ahouston@velaw.com

ATTORNEYS FOR DEFENDANT
3M COGENT, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on March 14, 2014, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's ECF system. Local Rule CV-5(a)(3).

                                          */s/ Robert Kramer*
                                          Robert F. Kramer