IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § | C.A. NO. 6:12-cv-499-MHS |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| VOBILE, INC., | § § | |
| | § | **ORAL HEARING REQUESTED** |
| Defendant | § | |

**VOBILE, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS COMPLAINT FOR LACK OF
<u>PERSONAL JURISDICTION AND IMPROPER VENUE</u>**

Defendant Vobile, Inc. ("Vobile") hereby submits its reply to Blue Spike, LLC's ("Blue Spike") opposition to Vobile's motion to dismiss for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2) and improper venue pursuant to FED. R. CIV. P. 12(b)(3). Because Blue Spike has failed to establish any basis under controlling law for the exercise of personal jurisdiction over Vobile, this case should be dismissed.

## I. INTRODUCTION

On October 10, 2012, Vobile filed its motion to dismiss for lack of personal jurisdiction and improper venue. Vobile filed therewith the declaration of Ms. Xiaoying Yaun ("the Yaun Declaration"), the Corporate Controller of Vobile, presenting facts demonstrating that Vobile does not have the requisite minimum contacts for personal jurisdiction in Texas. In its opposition, Blue Spike does not challenge any of these facts, and, thus, has failed to make a *prima facie* showing that personal jurisdiction over Vobile is proper in Texas.

Blue Spike's two main arguments for conferring personal jurisdiction on Vobile in Texas are: (1) because Vobile provides software to out-of-state customers that is configured to browse the Internet to identify potentially infringing media content (*a.k.a.* web crawling), it must necessarily access some media content from Texas sources; and (2) Vobile's websites directly solicit sales in Texas or can be used to register customers in Texas for its TVSync product. *See* Pl.'s Opp. Br. at 4-8. Blue Spike is wrong on both scores. And even if proved to be true, such alleged activity is insufficient to confer

i

personal jurisdiction over an out-of-state defendant having no other contacts with Texas.[1]

## II. ARGUMENT

### A. Blue Spike Has Failed to Allege Any Facts Demonstrating Vobile Has Contacts with the State of Texas Other Than Its Web-Based Activities

A plaintiff always bears the burden of establishing that a court has personal jurisdiction over each defendant. *See, e.g., Mink v. AAA Development LLC*, 190 F.3d 333, 335 (5th Cir. 1999). In its opposition, Blue Spike does not challenge any of the facts presented in the Yaun Declaration relating to Vobile's contacts with Texas. Blue Spike instead argues that specific jurisdiction over Vobile is proper in Texas because Vobile's software products are used to access music and video media stored on file-sharing websites on the Internet, including some content which may have been accessed from Web servers located in Texas. *See* Pl.'s Opp. Br. at 4-7. What Blue Spike has *not* alleged are *any* facts demonstrating that: (1) Vobile has conducted business in Texas or has customers there, (2) Vobile has sold any products or received any revenue from providing any products or services to Texas residents, (3) Vobile has any offices, facilities, or employees in Texas, (4) Vobile has any contracts with Texas entities, or (5) Vobile has directed any activities whatsoever at the State of Texas. Indeed, Blue Spike has not even alleged that Texas servers were ever actually or necessarily accessed by Vobile's software.

---

[1] Blue Spike also suggests that Vobile's software is capable of crawling non-Internet sources such as TV and radio broadcasts, but Vobile's software does not have this capability.

Blue Spike has, therefore, failed to make a *prima facie* showing that personal jurisdiction over Vobile is proper in Texas, and for this reason alone, this case should be dismissed as to Vobile.

> **B.** <u>Accessing Information from the Internet Does Not Provide an Sufficient Basis for Conferring Personal Jurisdiction in Texas</u>

Even if Blue Spike's allegations are presumed true, they are insufficient to establish specific jurisdiction over Vobile based on controlling law. Accessing information from websites on the Internet—without more—does not confer jurisdiction over an out-of-state defendant, even if some of the websites communicate with servers based or located in Texas. Such activity has been repeatedly rejected by Texas courts as a basis to confer jurisdiction over an out-of-state defendant. *See, e.g., Ray v. Experian*, No. 3:07-CV-1114-R, 2007 WL 4245459, at *3 (N.D. Tex. Nov. 30, 2007) (dismissing complaint and holding that "accessing or sending data . . . to or from a database which happens to be headquartered in Texas is not a *purposeful* availment by [defendant] of the benefits and protections of Texas' laws"); *Chang v. Virgin Mobile USA, LLC*, No. 3:07-CV-1767-D, 2009 WL 111570, at *3 (N.D. Tex. Jan. 16, 2009) (dismissing complaint and holding that plaintiff may not rely "on the fortuitous location of . . . servers to establish personal jurisdiction," and that even if it could be shown that defendant, an Australian-based company, made contact with a server located in Texas, "such contact would be insufficient to establish minimum contacts"); *Laughlin v. Perot*, No. CA 3-95-CV-2577-R, 1997 WL 135676, at *6-7 (N.D. Tex. Mar. 12, 1997) (dismissing complaint and holding

that electronically accessing a consumer report in Texas by a foreign corporation did not give rise to jurisdiction in Texas).

Second, Vobile software is adapted to browse websites on the World Wide Web generally, and is not targeted to Texas. A finding of personal jurisdiction requires a showing of "purposeful availment"—a connection with the forum state must be the result of defendant's intentional efforts to enter the state and do business there. When a "defendant has purposely directed his activities at residents of the forum" and the plaintiff's claim "arise[s] out of or relate[s] to those activities," courts may exercise specific jurisdiction over the defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-73 (1985) (citations and internal quotations omitted). This occurs when the contacts "proximately result from actions by the defendant himself that create a substantial connection with the forum state" and the defendant's efforts are "purposely directed" at the state. *Id.* at 475-76. The requirement of "purposeful availment" for purposes of specific jurisdiction precludes personal jurisdiction as the result of "random, fortuitous, or even attenuated contacts." *Id.* at 475.

In this instance, Blue Strike has failed to make the necessary *prima facie* showing that Texas servers were actually or necessarily accessed by Vobile's software. The Court is not required to credit Blue Spike's conclusory assertion that Vobile's software has accessed Texas servers by virtue of its ability to browse content on the Internet generally. Even if Blue Spike made a *prima facie* showing that Vobile's software has accessed certain websites that are in communication with Texas servers, Blue Spike cannot rely on the fortuitous location of these servers to establish personal jurisdiction.

*See Chang,* 2009 WL 111570, at *3 (location of servers in forum did not establish minimum contacts); *Ray,* 2007 WL 4245459, at *3-4 (access to database which happens to be located in Texas did not establish purposeful availment); *Laughlin,* 1997 WL 135676, at *6-7 (foreign corporation's electronic access to a consumer report in Texas could not give rise to personal jurisdiction).

Without more, accessing content from websites on the Internet—that may or may not communicate with servers located in Texas—is an insufficient basis for conferring specific jurisdiction over an out-of-state defendant. Dismissal of Blue Spike's Complaint is, therefore, appropriate.

### C. Vobile's Websites Do Not Provide a Basis for Conferring Personal Jurisdiction in Texas

Blue Spike also argues that Vobile's passive websites confer jurisdiction on it in Texas. It is well settled that maintaining a website on the Internet does not give rise to personal jurisdiction when a defendant does not enter into contracts over the Internet and the website is nothing more than a passive advertisement. *See Mink,* 190 F.3d at 336-37. In *Mink,* the defendant's website was found to be "passive" despite the fact it provided (1) a printable mail-in order form, (2) a toll-free telephone number of the business, (3) its mailing address, and (4) email address, but did not allow customers to take orders through the website. *Id.* at 337. The court found that this was insufficient to classify the website as "anything more than a passive advertisement which is not grounds for the exercise of personal jurisdiction." *Id.* There was no evidence that the

v

defendant conducted any business over the Internet by engaging in business transactions with forum residents or by entering into contracts over the Internet. *Id.*

Neither of Vobile's websites conducts any business over the Internet with Texas residents nor do the websites have the capability of entering contracts with Texas residents. In addition, none of Vobile's products or services can be accessed through Vobile's websites. Vobile's www.vobileinc.com website only provides a contact page for potential customers to contact a sales representative to learn more information about its products and services. Yaun Decl. at ¶ 7. Similarly, Vobile's www.tvsync.com website does not allow consumers to order or purchase products or services online. Rather, upon signing up for the TVSync service, a representative of Vobile who receives the sign-up form can later reply to the consumer's message via telephone or email.

Vobile's websites simply do not have the ability to enter into business transactions with consumers over the Internet. That is, there is no bilateral interactivity available such that personal jurisdiction can be exercised under the *Zippo* test adopted by the Fifth Circuit. *See Revell v. Lidov*, 317 F. 3d 467, 470 (5th Cir. 2002).

Blue Spike asserts that specific jurisdiction over Vobile is proper in Texas because Vobile's website www.vobileinc.com allegedly directly solicits sales in Texas and its website www.tvsync.com can be used to register customers in Texas for its TVSync product. In support of this proposition, Blue Spike cites *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F.Supp.2d 669 (E.D. Tex. 2006). *See* Pl.'s Opp. Br. at 8. However, *AdvanceMe* is inapposite to the instant matter and cannot salvage Blue Spike's claims against Vobile. In *AdvanceMe*, it was undisputed that the defendant Rapidpay had two Texas-based

clients and its website was capable of bilateral activity with potential customers there located. *Id.* at 673. Rapidpay's website allowed potential customers to calculate the amount of cash it could receive from Rapidpay for its credit card transactions and it also included a drop-down menu for potential customers to identify their state of residence and receive quotes from the website interactively over the Internet. *Id.*

*AdvanceMe* is, therefore, clearly distinguishable from Vobile's websites that merely advertise its products and services on the Internet and provide a contacts page whereby interested individuals can fill out a form to reach a customer sales representative for information about Vobile's products and services. Just as in *Mink*, there is no evidence that Vobile's websites allow Vobile to do anything other than reply to the messages initiated by website visitors. Thus, Vobile's websites, as passive advertisements, cannot confer jurisdiction over Vobile in Texas and dismissal is appropriate.

### D. Jurisdictional Discovery is Inappropriate

Blue Spike asks for jurisdictional discovery. As discussed above, even if all of Blue Spike's alleged facts are assumed true, the outcome remains the same. Blue Spike has simply failed to allege Vobile has any contact with Texas to support the exercise of personal jurisdiction in this case. Fortuitous access to website servers on the Internet, regardless of whether they are located in Texas, is not enough to confer personal jurisdiction over an out-of-state defendant. Blue Spike has not alleged any material fact that would warrant discovery, and it should not be granted a fishing license to look for other, unspecified facts.

## III. <u>CONCLUSION</u>

For all the foregoing reasons, Vobile respectfully requests the Court dismiss Blue Spike's claims against Vobile for lack of personal jurisdiction and/or improper venue.

DATED: March 14, 2014	RESPECTFULLY SUBMITTED,

/s/ Samuel E. Stubbs
Samuel E. Stubbs (TX Bar No. 19434500)
sam.stubbs@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Telephone: (713) 276-7645
Facsimile: (281) 582-6473

David A. Jakopin (*pro hac vice*)
david.jakopin@pillsburylaw.com
Matthew W. Hindman (*pro hac vice*)
matthew.hindman@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2550 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

*Attorneys for Defendant VOBILE, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 14, 2014.

/s/ Matthew W. Hindman
Matthew W. Hindman