# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>    Defendant. | Civil Action No. 6:12-CV-499-MHS<br><br>LEAD CASE<br><br>Jury Trial Demanded |
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AOPTIX TECHNOLOGIES, INC.,<br><br>    Defendant. | Civil Action No. 6:13-cv-00040-MHS<br><br>CONSOLIDATED CASE<br><br>ORAL ARGUMENT REQUESTED<br><br>Jury Trial Demanded |

**DEFENDANT AOPTIX TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
<u>UNDER 28 U.S.C. § 1404(a)</u>**

## **TABLE OF CONTENTS**

**Page**

I. THE FACT THAT BLUE SPIKE HAS FILED MULTIPLE CASES IN THIS FORUM CANNOT CREATE JUDICIAL EFFICIENCY ................................................... 1

II. LACK OF COMPULSORY PROCESS OF KEY NON-PARTY WITNESSES FAVORS TRANSFER ................................................................................ 2

III. COST OF ATTENDANCE FOR WILLING WITNESSES FAVORS CALIFORNIA ................................................................................................................. 2

IV. THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF FAVORS CALIFORNIA ................................................................................................................. 4

V. BLUE SPIKE'S REMAINING ARGUMENTS ARE UNAVAILING ............................ 4

VI. CONCLUSION ................................................................................................................. 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adrain v. Genetec Inc.*,
   No. 2:08-cv-423, 2009 WL 3063414 (E.D. Tex. Sept. 22, 2009) ............................................. 1

*Centre One v. Vonage Holdings Corp.*,
   No. 6:08-cv-467, 2009 WL 2461003 (E.D. Tex. Aug. 10, 2009) ............................................. 1

*GeoTag, Inc. v. Starbucks Corp.*,
   No. 2:10-cv-572, 2013 WL 890484 (E.D. Tex. Jan. 14, 2013)
   (Schneider, J.) ..................................................................................................................... 1, 4

*Hoffman v. Blaski*,
   363 U.S. 335 (1960) ................................................................................................................. 3

*In re Google Inc.*,
   412 F. App'x 295 (Fed. Cir. 2011) .......................................................................................... 1

*In re Nintendo Co, Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009) ............................................................................................... 4

**STATUTES**

35 U.S.C. § 299 ................................................................................................................................ 1

35 U.S.C. § 299(b) .......................................................................................................................... 1

Fla. Stat. § 104.041 ......................................................................................................................... 3

Blue Spike's opposition brief confirms that transfer is appropriate.

**I.  THE FACT THAT BLUE SPIKE HAS FILED MULTIPLE CASES IN THIS FORUM CANNOT CREATE JUDICIAL EFFICIENCY**

Blue Spike greatly overplays its argument that transfer should be denied because it flooded this Court with almost a hundred lawsuits mere months after its formation in Texas. (Dkt. 1299, Opp. at 3–4.)  This argument flies in the face of Congress's enactment of 35 U.S.C. § 299 of the America Invents Act ("AIA."), which requires Blue Spike to file individual cases as provided by § 299(b).  This Court has already rejected Blue Spike's precise position, holding that it "will not permit the existence of separately filed cases to sway its transfer analysis." *GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-cv-572, 2013 WL 890484, at *6 (E.D. Tex. Jan. 14, 2013) (Schneider, J.) (granting motion to transfer).[1]  Indeed, the Court today noted that Blue Spike's "serial[] fil[ing] [of] dozens of cases in this district" has created inefficiencies.  (Dkt. No. 1358, at 8, 10).  The Court found that "the excessively high volume of Defendants (much higher than in most patent litigation), with little overlap in the accused products, creates case management issues not normally encountered by the Court."  (*Id.* at 8).

Moreover, to the extent Blue Spike's claims of judicial efficiency once had any merit, today's transfer orders by Court eviscerates those arguments. (*see* Dkt. Nos. 1356, 1358, 1359, 1362).  Now that Blue Spike's claims against Google Inc., Adobe Systems Inc., SoundHound, Inc., Zeitera, LLC, and Related Content Database, Inc. have been severed from the lead consolidated case and those severed actions will be transferred to the Northern District of California, transfer of this action to the Northern District of California will result in no additional

---

[1] Blue Spike's reliance on *In re Google Inc.*, 412 F. App'x 295 (Fed. Cir. 2011) is misplaced.  *In re Google*, a pre-AIA opinion, involved multiple defendants *in a single lawsuit* where some defendants sought severance and then transfer. *Id.* at 295.  Similarly, *Adrain v. Genetec Inc.*, No. 2:08-cv-423, 2009 WL 3063414 (E.D. Tex. Sept. 22, 2009) and *Centre One v. Vonage Holdings Corp.*, No. 6:08-cv-467, 2009 WL 2461003 (E.D. Tex. Aug. 10, 2009) predate the AIA.

1

net expenditure of judicial resources.

## II. LACK OF COMPULSORY PROCESS OF KEY NON-PARTY WITNESSES FAVORS TRANSFER

Blue Spike does not dispute that (1) relevant prior art witnesses are concentrated in Northern California and (2) there are no known non-party witnesses residing in this District. (Opp. at 10–11.) Nor does it dispute the relevance of the key six non-party witnesses regarding Blue Spike's inequitable conduct or the 24 prior art witnesses, all located in the Northern District of California. The Court recognized that circumstances identical to those present in case weigh in favor of transfer:

> Defendant points to six non-party witnesses located in the Northern District of California who have information relating to Defendant's defense of inequitable conduct. Defendant also identifies 24 prior art witnesses that are located in the Northern District of California. Plaintiff identifies no third-party witnesses that this Court would have absolute subpoena power over. Accordingly, this factor favors transfer.

(Dkt. No. 1355, at 5).

## III. COST OF ATTENDANCE FOR WILLING WITNESSES FAVORS CALIFORNIA

No dispute exists that the vast majority of willing party and non-party witnesses are located in Northern California—as Blue Spike fails to identify any witness other than Mr. Moskowitz. Further, if the six non-party witnesses were willing witnesses, this factor would weigh even more heavily in favor of transfer, as they all would need to travel to Texas.

With respect to Mr. Moskowitz, Blue Spike has morphed its position regarding his domicile throughout this litigation. *Compare* Dkt. 1135 ¶ 3 (Mr. Moskowitz's declaration he is domiciled in Tyler, Texas) *and* Dkt. 931 at 7 n.2 (Opposition to SoundHound's motion to transfer arguing "[Mr. Moskowitz] used to reside [in Florida] . . . but he has resided in Tyler since before this case was filed") *with* Opp. at 7 n.2 ("[Mr. Moskowitz] splits his time between Tyler and Florida."). Mr. Moskowitz's most recent admission that he splits his time between this

2

District and Florida calls into question his general credibility and undermines his argument that this District should retain this litigation based on his alleged residency here. Indeed, Mr. Moskowitz ignores the prevailing rule that motions to transfer venue are to be decided based on the "situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Mr. Moskowitz resided in Florida at the time he initiated patent litigation in this forum in August 2012 (Dkt. 1157 at 6 and Exs. 18 & 19; Dkt. 916 at 5–7) and, despite his mercurial opinion about where he lives now, Mr. Moskowitz has never denied that he lived in Florida during and even after August 2012. *See* Dkt. 1157 at 6 (citing Dkt. 916 at 5–7 (providing evidence that, among other things, Mr. Moskowitz voted in Florida's November 2012 elections, which would be a third-degree felony under Fla. Stat. § 104.041 if he did not reside in Florida)).

Again to the extent Blue Spike's arguments regarding Mr. Moskowitz are credible, the Court's rulings today render them moot:

> Defendant identified several non-party witnesses located in the transferee district. The only witness specifically identified in this district is Plaintiff's CEO and co-inventor, Scott Moskowitz. But co-inventor Michael W. Berry, a resident of Seattle, Washington, is located closer to the transferee district. Plaintiff encourages the Court to give special consideration to Moskowitz's travel limitations imposed by his serious health condition: chronic inguinal neuropathy. Plaintiff has not provided any health documentation to support his claim that he is medically unable to travel long distances. Accordingly, the Court will not give undue consideration to Moskowitz's health condition. . . . Having considered all of the facts discussed above, the Court finds that this factor weighs in [] favor of transfer.

(Dkt. No. 1355, at 7). The facts of this case regarding costs of witness attendance are identical to those that the Court found weighed in favor of transfer. Moreover, now that Mr. Moskowitz must travel to California for the transferred cases, doing so the purpose of this action would not impose an additional undue burden.

3

### IV. THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF FAVORS CALIFORNIA

Blue Spike does not dispute that the only evidence residing in Texas is its own materials trucked there just before the case was filed, and that the overwhelming majority of evidence for *this case*, including AOptix's sources of proof and non-party witnesses, are located in the Northern District of California. Nor can Blue Spike credibly claim that the presence of its server or documents in this District weigh against transfer.[2] In today's rulings, the Court found it unnecessary to consider the issue of evidence moved to this district for the purposes of litigation because this factor weighed heavily towards defendants regardless of this issue:

> Defendant represents that its relevant documents are in its offices in the Northern District of California. Plaintiff counters that its documents and servers are located in Texas. On balance, the location of Defendant's sources of proof far outweighs the presence of Plaintiff's documents and servers in Texas. Accordingly, this factor favors transfer.

(Dkt. No. 1355, at 5 (citing *In re Nintendo Co, Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009)). The Court's findings regarding the relative ease of access to sources of proof for the transferees' circumstances apply equally here.

### V. BLUE SPIKE'S REMAINING ARGUMENTS ARE UNAVAILING

Blue Spike claims financial hardship if forced to litigate in California, but it offers not a shred of evidence supporting its claim—likely because no hardship would ensue. Indeed, now that the Court has transferred other Blue Spike action to the Northern District of California, the

---

[2] "Documents relocated in anticipation of litigation are not considered." *GeoTag*, 2013 WL 890484 at *2. Further, Blue Spike has already moved its evidence in 2012—immediately before the relevant period for evaluating AOptix's motion to transfer. It was further required to preserve relevant evidence since the day it reasonably anticipated litigation, which suggests such evidence already exists in a convenient, and thus mobile, location. Further, any burden created by Blue Spike's management of evidence after it was trucked into Texas from Florida is of Blue Spike's own making and should be ignored. Blue Spike also fails to specify any relevant document located in Texas or whom (other than its CEO) from Texas it plans to call at trial. (Dkt. 1135, Moskowitz Decl., ¶¶ 5, 11.) Because Blue Spike does not dispute these facts (Opp. at 8–10), the source of proof factor favors transfer. *See GeoTag*, 2013 WL 890484 at *2–3.

incremental cost of Blue Spike litigating this action in California should be minimal.

Also under the exact same circumstances as those present here, the Court rejected Blue Spike's implication that this District has a greater localized interest for adjudicating Blue Spike's lawsuits than the Northern District of California. The Court "[found] that both districts have a localized interest in the dispute . . . Accordingly, this factor is neutral." (Dkt. No. 1355, at 10).

## VI. CONCLUSION

For the foregoing reasons, AOptix respectfully requests that this Court grant the requested transfer to the Northern District of California.

Dated: March 14, 2014                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Bryan A. Kohm
　　　　　　　　　　　　　　　　　　　　Bryan A. Kohm
　　　　　　　　　　　　　　　　　　　　bkohm@fenwick.com

　　　　　　　　　　　　　　　　　　　　Teresa M. Corbin, CA Bar No. 132360
　　　　　　　　　　　　　　　　　　　　(Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　Bryan A. Kohm, CA Bar No. 233276
　　　　　　　　　　　　　　　　　　　　(Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　David Lacy Kusters, CA Bar No. 241335
　　　　　　　　　　　　　　　　　　　　(Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　FENWICK &WEST LLP
　　　　　　　　　　　　　　　　　　　　555 California Street, 12th Floor
　　　　　　　　　　　　　　　　　　　　San Francisco, California 94104
　　　　　　　　　　　　　　　　　　　　Telephone: (415) 874-2300
　　　　　　　　　　　　　　　　　　　　Facsimile: (415) 281-1350

　　　　　　　　　　　　　　　　　　　　Darren E. Donnelly, CA Bar No. 194335
　　　　　　　　　　　　　　　　　　　　(Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　FENWICK &WEST LLP
　　　　　　　　　　　　　　　　　　　　Silicon Valley Center
　　　　　　　　　　　　　　　　　　　　801 California Street
　　　　　　　　　　　　　　　　　　　　Mountain View, California 94041
　　　　　　　　　　　　　　　　　　　　Telephone: (650) 955-8500
　　　　　　　　　　　　　　　　　　　　Facsimile: (650) 983-5200

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　AOPTIX TECHNOLOGIES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 14, 2014, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's ECF system. Local Rule CV-5(a)(3).

/s/ *Bryan A. Kohm*
Bryan A. Kohm