1

```
                    UNITED STATES DISTRICT COURT
  1                  EASTERN DISTRICT OF TEXAS
  2                        TYLER DIVISION

  3
      BLUE SPIKE, LLC                :         DOCKET NO. 6:12CV499
  4                                  :
      VS.                            :         TYLER, TEXAS
  5                                  :         MARCH 5, 2014
      TEXAS INSTRUMENTS, ET AL       :         10:00 A.M.
  6

  7                          STATUS CONFERENCE
             BEFORE THE HONORABLE MICHAEL H. SCHNEIDER,
                    UNITED STATES DISTRICT JUDGE
  8

      APPEARANCES:
  9

      FOR THE PLAINTIFF:             MR. CHRISTOPHER HONEA
 10                                  MR. RANDALL GARTEISER
                                     GARTEISER HONEA
 11                                  119 W. FERGUSON
                                     TYLER, TX  75702
 12
                                     MR. KIRK J. ANDERSON
 13                                  MR. PETER BRASHER
                                     44 N. SAN PEDRO
 14                                  SAN RAFAEL, CA  94903

 15                                  MR. CHRIS JOHNS
                                     JOHNS MARRS ELLIS & HODGE
 16                                  300 W. SIXTH, SUITE 1950
                                     AUSTIN, TX  78701
 17

 18   FOR AIRBORNE, et al:           MS. MELISSA SMITH
                                     GILLAM & SMITH
 19                                  303 S. WASHINGTON
                                     MARSHALL, TX  75670
 20

 21   FOR GOOGLE:                    MR. LANCE LEE
                                     ATTORNEY AT LAW
 22                                  5511 PLAZA DRIVE
                                     TEXARKANA, TX  75503
 23
                                     MR. WALLACE WU
 24                                  ARNOLD & PORTER
                                     777 S. FIGUEROA, 44TH FLOOR
 25                                  LOS ANGELES, CA  90017
```

```
 1   FOR AUDIBLE MAGIC, ET AL:       MR. ERIC HUGH FINDLAY
                                     MR. WALTER LACKEY
 2                                   FINDLAY CRAFT
                                     6760 OLD JACKSONVILLE
 3                                   SUITE 101
                                     TYLER, TX  75703
 4
                                     MR. GABRIEL M. RAMSEY
 5                                   ORRICK, HERRINGTON & SUTCLIFFE
                                     1000 MARSH ROAD
 6                                   MENLO PARK, CA  94025

 7

 8   FOR ADOBE & FACEBOOK:           MR. DERON R. DACUS
                                     MR. PETER KERR
 9                                   THE DACUS FIRM
                                     821 ESE LOOP 323, SUITE 430
10                                   TYLER, TX  75701

11                                   MR. EUGENE MAR
                                     FARELLA BRAUN & MARTEL
12                                   235 MONTGOMERY, 17TH FLOOR
                                     SAN FRANCISCO, CA  94104
13

14   FOR COGNITEC, ET AL:           MR. RYAN BEARD
                                     MEYERTONS, HOOD, KIVLIN
15                                   1120 S. CAPITAL OF TEXAS HWY
                                     BUILDING 2, SUITE 300
16                                   AUSTIN, TX  78746

17

18   FOR MORPHOTRUST, ET AL:        MR. TOM DAVIS
                                     MORGAN LEWIS & BOCKIUS
19                                   ONE MARKET, SPEAR STREET TOWER
                                     SAN FRANCISCO, CA  94105
20

21
     FOR CIVOLUTION:                 MR. QUINNCY MCNEAL
22                                   MAYER BROWN
                                     700 LOUISIANA, SUITE 3400
23                                   HOUSTON, TX  77002

24

25
```

```
1    FOR 3M COGENT, ET AL:        MS. ANDREA HOUSTON
                                  VINSON & ELKINS
2                                 2801 VIA FORTUNE, SUITE 100
                                  AUSTIN, TX  78746
3

4    FOR IRDETO:                  MS. DAWN JENKINS
                                  DLA PIPER
5                                 2000 UNIVERSITY
                                  EAST PALO ALTO, CA  94303
6

7    FOR TECHNICOLOR:             MR. WESLEY HILL
                                  WARD & SMITH
8                                 1127 JUDSON ROAD, SUITE 220
                                  LONGVIEW, TX  75606
9

10

     FOR IPHARRO, ET AL:          MR. ERIC FINDLAY
11                                MR. WALTER LACKEY
                                  FINDLAY CRAFT
12                                6760 OLD JACKSONVILLE
                                  SUITE 101
13                                TYLER, TX  75703

14

     FOR IRIS:                    MR. GIL GILLAM
15                                GILLAM & SMITH
                                  303 S. WASHINGTON
16                                MARSHALL, TX  75670

17

18   FOR SOUNDHOUND, ET AL:       MR. DAVID M. LACY KUSTERS
                                  FENWICK & WEST
19                                555 CALIFORNIA STREET
                                  12TH FLOOR
20                                SAN FRANCISCO, CA  94104

21

22   FOR VIGGLE:                  MR. JORDAN SIGALE
                                  MR. CHRISTOPHER SWICKHAMER
23                                LOEB & LOEB
                                  321 N. CLARK, SUITE 2300
24                                CHICAGO, IL  60654

25
```

4

```
 1   FOR VOBILE:                 MR. SAMUEL E. STUBBS
                                 PILLSBURY WINTHROP
 2                               2 HOUSTON CENTER
                                 909 FANNIN, SUITE 2000
 3                               HOUSTON, TX  77010

 4
     FOR ZVETCO:                 MR. ROBERT HUNTSMAN
 5                               ATTORNEY AT LAW
                                 10400 W. OVERLAND, SUITE 174
 6                               BOISE, ID  83709

 7
     FOR ACTV8, ET AL:           MR. ALLEN GARDNER
 8                               POTTER MINTON
                                 110 N. COLLEGE, SUITE 500
 9                               TYLER, TX  75702

10
     FOR CBS:                    MR. ANDREW PERITO
11                               WEIL, GOTSHAL & MANGES
                                 201 REDWOOD SHORES PKWY
12                               REDWOOD SHORES, CA  94065

13
     FOR CLEAR CHANNEL:          MS. SARAH PFEIFFER
14                               O'MELVENY & MYERS
                                 610 NEWPORT CENTER, 17TH FLOOR
15                               NEWPORT BEACH, CA  92660

16
     FOR AXXONSOFT:              MR. MICHAEL SMITH
17                               SIEBMAN BURG PHILLIPS & SMITH
                                 P.O. BOX 1556
18                               MARSHALL, TX  75671

19

20   COURT REPORTER:            MS. JAN MASON
                                 OFFICIAL REPORTER
21                               221 W. FERGUSON #100
                                 TYLER, TEXAS  75702
22

23

24   PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY, TRANSCRIPT

25   PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

1              THE COURT:  Good morning, everyone.

2              COUNSEL:  Good morning, Your Honor.

3              THE COURT:  Glad to see everybody here with this

4    weather issue.

5         We're here in Cause Number 6:12CV499.  The shorthand

6    rendition of the caption is Blue Spike versus Texas

7    Instruments, et al.

8         We'll get started this morning.  Let me just make a

9    quick statement about the goals here this morning or what

10   we're going to be looking at.  The purpose obviously to the

11   Court of this hearing is to, number one, determine the

12   primary issues in the case and develop a plan to quickly

13   reach those particular issues, and second, explore the case

14   management options for efficient and final resolution of all

15   the claims here.

16        Now, I'm going to ask that we get started by having the

17   parties introduce themselves.  I'm going to have you, if you

18   would, please -- we can do this by starting out with the

19   Plaintiff and then we'll try to get some sense of order for

20   the Defendants.  One thing we could do for the Defendants is

21   go ahead and -- or what we will do is introduce you by -- I

22   guess in order of the filings.  I'm trying to look here and

23   see how that's done.  Okay.  Tell you what, let's just --

24   we'll go around the room.  We'll go around the table and

25   then the room.  Don't worry about the order on this.  And

6

1    then we'll go from there.

2        Please, if the Plaintiffs could introduce yourself and

3    state whether or not you're ready to proceed.

4            MR. GARTEISER:  Your Honor, Randall Garteiser for

5    Plaintiff Blue Spike.  With me today are my colleagues,

6    Christopher Honea, Christopher Johns, Kirk Anderson and Peter

7    Brasher.

8            THE COURT:  All right.  Thank you.

9            MR. GARTEISER:  We're ready to proceed.

10           THE COURT:  All right.  Welcome.

11           MR. DACUS:  Good morning, Judge.  Deron Dacus here

12   with my colleague Pete Kerr from our office.  Also Eugene Mar

13   from Farella Braun & Martel, Your Honor.  We're here on behalf

14   of Adobe and Facebook, and we are ready to proceed, Your Honor.

15           THE COURT:  All right.  Thank you.  Welcome.

16           MR. LEE:  Good morning, Your Honor.  Lance Lee and

17   with me is Mr. Wallace Wu of Arnold and Porter.  We're here on

18   behalf of Google and we're ready to proceed.

19           THE COURT:  All right.  Thank you.  Good morning to

20   you.

21           MR. GILLAM:  Good morning, Your Honor.  Gil Gillam on

22   behalf of Iris ID, ready to proceed.

23           THE COURT:  Good morning, sir.

24           MR. GARDNER:  Good morning, Your Honor.  Allen

25   Gardner here on behalf of ACTV8, Entropic, Ensequence, Shazam

7

1   and ImageWare, sir, and we are ready to proceed.

2           THE COURT:  Did ACTV8 reach any type of settlement

3   agreement?  I saw where you had been talking about it.

4           MR. GARDNER:  Yes, Your Honor, we reached a

5   settlement in principle with the Plaintiff and we anticipate we

6   will be filing dismissal papers in the near future.

7           THE COURT:  Is that correct?

8           MR. GARTEISER:  That's correct.

9           THE COURT:  All right.  Thanks.  Yes, sir.

10          MR. LACY KUSTERS:  David Lacy Kusters on behalf of

11  Zeitera, Soundhound, Infinisource, Qqest, SMRTV, Nielsen

12  Company, and specially appearing on behalf of Aoptics

13  Technologies.

14          THE COURT:  All right, sir.  Thank you.

15          MR. FINDLAY:  Good morning, Your Honor.  Eric Findlay

16  and Gabe Ramsey here on behalf of the Audible Magic Defendants

17  and a whole slew of Defendants known as their customers, and

18  then, Your Honor, I'm also here on behalf of Viggle,

19  Incorporated with Mr. Jordan Sigale.  I'm also here on behalf

20  of Attributor Corporation, iPharro Media, BMAT Licensing,

21  Fulcrum Biometrics, NEUROtechnology, Iritech, Inc., M2SYS, LLC

22  and Futronic Technology.  We're ready to proceed, Your Honor.

23          THE COURT:  Thank you, sir.

24          MS. SMITH:  Good morning, Your Honor.  Melissa Smith

25  on behalf of Airborne Biometrics, Precise Biometrics,

8

1    SpeechPro, Speech Tech and TuneCore to the extent the dismissal

2    has not yet been ordered, and we're all ready to proceed, Your

3    Honor.

4              THE COURT:  Thank you.

5              MS. SMITH:  Thank you.

6              MR. SMITH:  Your Honor, Michael Smith for Axxonsoft

7    U.S. and Axxonsoft, Limited, and we're ready to proceed, Your

8    Honor.

9              THE COURT:  Good morning.

10             MR. HILL:  Good morning, Your Honor.  Wesley Hill on

11   behalf of Technicolor USA, Inc. and Technicolor SA.  Your

12   Honor, I can announce that my clients and the Plaintiff have

13   reached an agreement for the dismissal of the Technicolor

14   entities.  We're working on formalizing that but we expect it

15   to be agreed and the dismissal papers filed very shortly.

16             THE COURT:  All right.  Thank you.  Good morning.

17             MS. PFEIFFER:  Good morning, Your Honor.  Sarah

18   Pfeiffer for Clear Channel Broadcasting, Inc., and we're ready

19   to proceed.

20             THE COURT:  Thank you.

21             MR. DAVIS:  Good morning, Your Honor.  Tom Davis from

22   Morgan Lewis on behalf of MorphoTrust, MorphoTrak, Safran, L-1

23   and Kronos, and we're all ready to proceed.

24             THE COURT:  Good morning.  All the way from Houston?

25             MR. DAVIS:  Yes, sir.

9

1          THE COURT:  All right, sir.  Thank you.  He gets

2     special privileges.

3          MR. STUBBS:  Good morning, Your Honor.  Sam Stubbs

4     for Defendant Vobile, ready to proceed.

5          THE COURT:  Thank you.

6          MR. BEARD:  Good morning, Your Honor.  Ryan Beard on

7     behalf of Soundmouse and the two Cognitec entities, and we're

8     ready to proceed.

9          THE COURT:  All right.  Thank you, sir.

10          MR. MCNEAL:  Good morning, Your Honor.  Quinncy

11     McNeal, also from Houston.

12          THE COURT:  Do I have to say anything?

13                    (Laughter.)

14          MR. MCNEAL:  On behalf of Civolution BV and

15     Civolution USA, and we are ready to proceed.

16          THE COURT:  All right.  Thank you, sir.

17          MS. JENKINS:  Good morning, Your Honor.  Dawn Jenkins

18     on behalf of Irdeto USA and Irdeto BV, and we're ready to

19     proceed.

20          THE COURT:  Good morning.

21          MR. PERITO:  Good morning, Your Honor.  Andrew Perito

22     on behalf of CBS Interactive, CBS Corp and Last.fm, Limited,

23     and we are ready to proceed, Your Honor.

24          THE COURT:  Thank you, sir.

25          MS. HOUSTON:  Good morning, Your Honor.  Andrea

10

1    Houston on behalf of 3M Cogent, Inc., ZK Technology, LLC, ZK

2    Software Biometric Identification Technology Company, Limited,

3    and we are all also ready to proceed.

4            THE COURT:  Good morning.

5            MS. HOUSTON:  Good morning.

6            MR. HUNTSMAN:  Good morning, Your Honor.  Robert

7    Huntsman representing Zvetco, LLC, and we're ready to proceed.

8            THE COURT:  All right.  Thank you, sir.

9        All right.  For the record, and I don't hold anybody to

10   what I'm going to say here, but the best I can tell from the

11   allegation, the case involves digital content recognition or

12   signal abstracting technology.

13       The Plaintiff asserts claims against dozens of

14   Defendants for allegedly infringing four related patents,

15   all from the same patent family.

16       The Defendants have filed a number of fairly standard

17   answers or defenses, such as invalidity and

18   unenforceability.  I might also point out that the Audible

19   Magic Defendants have also filed counterclaims for unjust

20   enrichment, false advertising and infringement of Audible

21   Magic's patent, and that's Patent No. 6,834,308.

22       Now, I want to thank everyone for what I know was a

23   difficult job of putting together the Rule 26 report.  It's

24   very helpful to me.  I know that it's quite a job on your

25   part to get that done, especially with the manageable -- the

1   management problems that you have of getting together.

2       I would point out though for the Plaintiff, if you

3   would, if you file any more cases in court, I'm serious

4   about telling me a little bit more about your facts in your

5   report.  I use this report from time to time throughout the

6   case to go back and take a quick look to refresh my memory

7   on the case.  It's very helpful when you don't just

8   regurgitate your pleadings.  But make that note, without any

9   punishment involved.  I'll just make that observation.

10      In looking at your report, it looks like there are a

11  lot of issues.  I'm not sure I'll cover all of the options

12  of what could be done to manage the case.  I guess the first

13  obvious thing is to look at grouping the Defendants.

14      There's been a proposal that we have early or multiple

15  claim construction hearings.  Another was a suggestion for

16  bellwether trials.  Another was to defer until transfers

17  have been ruled upon and a temporary stay until -- well,

18  actually there was one suggestion that at least, if I rule

19  on the motion to transfer, to stay the effect of those.

20      The other -- another option was to stay this case until

21  all the transfers and venue issues have been decided and

22  motions to dismiss and so forth.

23      Another option is to appoint a special master and -- a

24  special master, and there are several areas or stages in the

25  litigation that could occur.  One would be to -- the most

12

1   obvious is to handle the grouping issues.  Second was

2   perhaps discovery matters and, of course, third might be for

3   any other purposes that might arise during the case where it

4   seemed like it might be -- might make sense.

5       Another option, some things that have occurred since we

6   talked last is the Track B expedited supplemental

7   disclosures rule that we recently adopted.  We've looked at

8   a number of these things.

9       And, again, I do appreciate your input and I can

10  understand the concern on a number of people -- on the part

11  of a number of people that seem to recur when we have a case

12  with what we sometimes refer to as serial defendants.  But

13  these cases having at least 50 defendants do present unique

14  scheduling issues and so we try to figure out what we can do

15  most efficiently and the least expensively and, of course, a

16  sense of fairness.  And that's what we're striving for here

17  today.

18      Now, I believe that we handled -- who was it that

19  represented Animetrics?  There were so many Defendants here.

20  Is anybody here representing Animetrics?  Okay.  Your case

21  is set for trial this afternoon.

22                      (Laughter.)

23      MR. HONEA:  Your Honor, if I may, there was a

24  settlement and an agreed motion to dismiss was filed.

25      THE COURT:  Yeah, and that's really what I wanted to

13

1    clarify.  I didn't see that.  Was that pretty much settled?

2              MR. HONEA:  Yes, Your Honor, it was settled and there

3    was an agreed motion filed yesterday.

4              THE COURT:  Thank you.  You filed that yesterday?

5              MR. HONEA:  Yes, Your Honor.

6              THE COURT:  I'm sorry, I wasn't here.

7              MR. HONEA:  Yes.

8              THE COURT:  All right.  We've got it.  All right.

9    We'll move on from there.  We're already making progress this

10   morning.

11        Okay.  Now, I would like to hear from various people,

12   and let me just say that we do -- just for the benefit of

13   the -- a lot of you, I know, say they don't get much out of

14   scheduling conferences and for people that this is costing a

15   lot of money for you to be here, that you don't feel it's

16   directly related to your responsibility in the case, let's

17   be as brief as possible.  I've read all of your papers that

18   you filed with me, so we don't need to repeat a lot of that

19   other than just to give me a sketch of what comments you

20   might quickly add or re-emphasize the importance of.

21        So let's start out with either Mr. Honea -- was it Mr.

22   Honea?

23             MR. HONEA:  Yes, Your Honor.

24             THE COURT:  I'm sorry.  That was --

25             MR. HONEA:  Mr. Honea, Your Honor.  Very well.  Most

14

1    people don't get that on the first try.

2              THE COURT:  Okay.

3              MR. HONEA:  Your Honor, I believe, and I don't want

4    to speak for the Defendants, that we're reasonably close to a

5    lot of agreements on the Scheduling Order.  Three things that

6    probably stick out, one would be that they want an extra month

7    for invalidity contentions.

8              THE COURT:  An extra month for what?  I'm sorry.

9              MR. HONEA:  I'm sorry.  For them to serve invalidity

10   contentions.  We don't believe that they need an extra month,

11   but if Your Honor is so inclined, we would be fine with that

12   just to make a compromise.

13       The second, which is a little more contentious most

14   likely, is that they would like to backtrack and second

15   phase damages discovery, and we believe that to truly get to

16   some quick and efficient resolutions that it's reasonable

17   that damages discovery takes place on the same track with

18   the other issues in the cases so that the parties know what

19   we're dealing with as far as damages and financials.

20       And then the last, I think the third bigger issue so

21   far that probably is coming out is the two phases for

22   suppliers and customers, and we are not opposed to that in

23   principle but we would like, as we pointed out in the joint

24   statement, to have preclusive effect from the supplier

25   trials on the customer Defendants, other than willfulness

15

1    and damages, to truly create an efficient, streamlined

2    approach and to save everyone costs and judicial resources.

3    We think that it doesn't make sense to split it up if we're

4    not going to actually have some sort of binding effect on

5    the customers.

6            So those are the three big issues that have kind of

7    come out.  I believe that the Defendants may point out that

8    there are some Protective Order issues that they would like

9    to address and some modifications to Your Honor's

10   E-Discovery Order that you've entered already.  We're taking

11   a look at that.  They have -- they are quite extensive on

12   their recommendations, but we think that right now we prefer

13   to stick with Your Honor's proposed Protective Order and

14   E-Discovery Order, but we're still willing to try and work

15   out some of those before initial disclosures are due on

16   April 4th.

17           THE COURT:  All right, sir.  Thank you, sir.

18           MR. HONEA:  Thank you, Your Honor.

19           THE COURT:  All right.  Anyone want to speak on

20   behalf of the Defendants?  And understand that while -- I mean,

21   these groups here as far as talking this morning, it's very

22   much appreciated when you're able to consolidate your

23   positions.  And if somebody earnestly feels like they need to

24   add something, we certainly will give you that opportunity.

25           Mr. Dacus.

16

1          MR. DACUS:  Thank you, Your Honor.  And I'm glad the

2   Court said that because I will attempt to speak very globally

3   on behalf of the Defendants, but certainly without any

4   preclusion for others standing up and voicing their opinions.

5          To address those issues that the Plaintiffs just

6   addressed, the Defendants have asked for a brief extension

7   on the invalidity contentions.  We do feel strongly about

8   that issue, but there are a couple of issues bound up in

9   that that I want to make the Court aware of.

10         We do have the Plaintiff's contentions.  I'll be very

11  forthright with the Court in telling the Court, as we've

12  said to the Plaintiff, we think there are some significant

13  deficiencies in those contentions and we're going to work

14  with the Plaintiff to try to address those.  And if we don't

15  get some relief from the Plaintiff, we're going to have to

16  come to the Court and ask for some relief here on the

17  sufficiency of those.

18         The second issue that comes up related to the

19  invalidity contentions is just the sheer number of claims,

20  Your Honor.  We've got I think 110 or 115 claims being

21  asserted.

22          THE COURT:  Right.

23          MR. DACUS:  So these Defendants are being asked to go

24  do invalidity contentions on 110 or 115 claims.  We have not

25  yet asked the Court but it's certainly something we think we

1    might do in the very near future to ask the Court to limit the

2    number of claims being asserted in the case, even at an earlier

3    stage than what the model order requires, because as of now

4    we're being asked to go do contentions on a hundred plus claims

5    and we think that's excessive in this case.  Really, in any

6    case but certainly in this case.

7         So that's the issues with respect to the invalidity

8    contentions and the purpose of the Defendants asking for

9    some additional time.

10        With respect to the damage discovery, the Plaintiffs

11   are right.  The Defendants' position is that the damage

12   discovery should be delayed.  That, of course, does not in

13   any way preclude any Defendant from providing, you know,

14   summary sales information to the Plaintiff if they deem it

15   necessary.  And the Plaintiffs, you know, I think made some

16   reference to the fact that they thought it was necessary to

17   further some settlement discussions.  Certainly any

18   Defendant who wants to have those discussions is free to

19   provide summary damage information before the actual

20   deadline.

21        And then with respect to the two-phase trial proposal,

22   I think the Plaintiffs and Defendants are basically in

23   agreement on splitting it into what we've termed, quote

24   unquote, suppliers and customers, with the different trial

25   schedules and the different discovery schedules associated

18

1    with it.  There may remain a discussion to be had about

2    exactly the preclusive effect of those initial trials, but

3    in general we're in agreement that there should be two

4    phases.

5            THE COURT:  All right, sir.

6            MR. DACUS:  So that's where the Defendants are on a

7    general basis, Your Honor.  I'm happy to answer any questions

8    that you might have.

9            THE COURT:  None yet.  Does anybody over here want to

10   top up what -- did you speak for all, globally for all of them?

11           MR. DACUS:  That was my attempt, Your Honor, but I by

12   no means -- if someone thinks I got it wrong or thinks there's

13   something to add, I certainly welcome them to add that.

14           THE COURT:  Okay.  Thank you.

15           MR. RAMSEY:  Your Honor, I might add something about

16   the -- Gabriel Ramsey for Audible Magic and its customers.

17       I'll just add a gloss about the customer/supplier

18   bifurcation issue.  We are in general agreement with the

19   Plaintiff.  This was our proposal to put the customer

20   proceedings off to much later, let the suppliers like

21   Audible Magic litigate the merits of their own technology.

22       Here's what we see today.  We can see that the

23   Plaintiff is accusing these customers based solely -- we've

24   got their infringement contentions now.  They seem to be

25   accused solely based on Audible Magic's technology.  There's

19

1   nothing beyond that, and that makes sense.  I mean, this was

2   our assumption even before we saw the infringement

3   contentions.

4        We're fine being -- having the customers be bound by

5   any infringement determination as to Audible Magic's

6   technology.

7             THE COURT:  With no qualifications, right?

8             MR. RAMSEY:  With a very small caveat, Your Honor.  I

9   cannot predict what might change in the future.  We must have

10  at least in concept the door open that we can come back here

11  and say, Your Honor, the theory changed.  I don't expect that

12  to happen.  It could.  And we just want to keep the door open

13  so that if we need to come back a year from now in the second

14  phase and say the theory actually is adjusted a little bit, we

15  need -- you know, we want to keep the door open to additional

16  arguments that we didn't anticipate.  We just -- in principle

17  we need to have that in place.  I don't think as a practical

18  matter that that is likely to arise, frankly, the way the

19  technology is accused.

20            THE COURT:  All right, sir.  Well, I appreciate that

21  gloss.  Thank you.

22            MR. DACUS:  Your Honor, I failed to mention something

23  that I know the group wants me to mention, and I know I'll be

24  the one falling on the sword for this.  But I do think it's an

25  important issue, and the Court mentioned it earlier, these

20

1   motions to transfer venue that have been filed and the motions

2   to stay related to it.  Obviously there are a lot of Defendants

3   who have filed those motions and that --

4            THE COURT:  I'm going to give you some rulings on

5   some of those, most of those this morning, all right?

6            MR. DACUS:  Okay.  Thank you, Your Honor.  I just

7   obviously wanted to remind the Court that could drastically

8   change the face of what this case looks like.

9            THE COURT:  I understand that, and let me -- you're

10  talking about jumping on a sword.  Let me do something here

11  just a second.  I actually am to blame for that, not just

12  responsible but to blame for that.  There have been a number

13  of -- there have just been a number of things that have

14  occurred, and frankly, I think I dropped the ball on it.  And

15  I'm here to tell you that I should have ruled on it much

16  earlier.

17       I don't know that I have ever done this, even

18  apologized like this in my career, but I will tell you this,

19  it's -- it's something that -- it is what is there.  I mean,

20  we just have to work from there, all right?  And it's -- I

21  guess I'm in a better position to make mistakes than maybe

22  you are.  I don't know.

23            MR. DACUS:  I don't think there's any doubt about

24  that, Judge.

25            THE COURT:  And I don't mean that in any way but the

21

1  way that I said it, and that is that in this situation I'm

2  going to rule on a number of them today and have a ruling on

3  those others here real quick.  And I hope that this doesn't

4  happen again, all right?

5           MR. DACUS:  Much appreciated, Your Honor.  Thank you.

6           THE COURT:  Thank you.

7           MR. GARDNER:  Your Honor, Allen Gardner.  Can I say

8  one thing, sir?

9           THE COURT:  Yes, sir, but I've already accepted the

10  blame, Mr. Gardner.

11           MR. GARDNER:  No, sir, this has nothing to do with

12  venue transfers.

13           THE COURT:  No piling on, right?

14           MR. GARDNER:  No, sir, no piling on, sir.  This

15  relates to one of my clients, Ensequence, sir.  We filed a

16  motion to dismiss for lack of personal jurisdiction.

17           THE COURT:  Which Defendant is that?

18           MR. GARDNER:  Sir, it's Ensequence.  You dismissed my

19  client for lack of personal jurisdiction.  Plaintiff has filed

20  a motion to reconsider.

21           THE COURT:  Yes, I'm going to rule on that in just a

22  minute.

23           MR. GARDNER:  Thank you, sir.

24           THE COURT:  Thank you.  Appreciate that.

25           MR. LACY KUSTERS:  David Lacy Kusters.  Just a

1    slightly different issue on the scheduling.  There's a small

2    group of Defendants that have a license defense.

3                   THE COURT:  Right.

4                   MR. LACY KUSTERS:  And want the ability to bring an

5    early summary judgment on their license or patent exhaustion

6    defenses and a stay of unrelated discovery until those are

7    resolved.

8                   THE COURT:  Right.  And I will deny the stay but

9    we'll have you a quick ruling on the other, okay?  All right.

10   Thank you.

11        Anything else?

12        All right.  Now, I'll just give you some of my thoughts

13   on where I'm -- let me first give you some rulings, like I

14   promised you.

15        On your -- on Blue Tech's motion to reconsider the

16   Ensequence ruling previously made by the Court dismissing

17   for lack of personal jurisdiction, that's denied.  I'll have

18   a memorandum confirming that.

19        The motion to stay discovery is denied as moot.  That

20   would be Document 1243.

21        The other was Document 1028.  That was Document 1028,

22   that was the motion to reconsider that was denied.

23        Technicolor's motion to dismiss for lack of personal

24   jurisdiction, no proper venue and insufficient process,

25   that's granted.  That's Document 560.

23

1      This is Cognitec Systems Corporation's motion to

2  dismiss for lack of personal jurisdiction, that's Document

3  625, that's denied.

4      Cognitec System GmbH motion to dismiss for lack of

5  personal jurisdiction, Number 626, I'm denying that without

6  prejudice.

7      Plaintiff's motion for jurisdictional discovery from

8  the Cognitec Defendants, Number 807, I will grant that to

9  allow discovery of the corporate relationship between the

10  two Cognitec entities.

11      Soundmouse's motion to dismiss for lack of personal

12  jurisdiction, or in the alternative, to transfer pursuant to

13  1404(a), the motion to transfer is granted, that's Number

14  648.

15      Soundmouse's motion to dismiss, Number 644, is denied

16  as moot.

17      Plaintiff's motion for jurisdictional discovery, Number

18  902, Soundmouse, is denied.

19      Defendants' motion to stay -- this is almost all of

20  you -- motion to stay pending resolution of the transfer

21  motions is denied.  That's Document 1244.

22      Motion to sever has already been taken care of with

23  Texas Instruments.  They settled last night.

24      Now, I can -- I'll leave this list with Ms. Pritchard

25  here.  If anybody has questions about that, when we take a

24

1    break here in just a minute, we can get into that.

2         Let me also say that motions to transfer will not be --

3    the effect of those will not be deferred.  They'll be

4    treated like other motions to transfer rulings that are

5    granted.

6         My thoughts are that I'll go ahead and adopt a full

7    schedule similar to the ones that the Defendants -- the

8    two-tier track that you had suggested.

9         I had felt that I would include disclosures similar to

10   Track B.  I want to take a look at that one more time.  I

11   appreciate everybody's comments on those, especially

12   regarding the early disclosure of your license agreements

13   from the Plaintiff and sales information from the

14   Defendants.

15        And the contentions issue, we need to -- I will -- I

16   think we have way too many contentions and I will take steps

17   to make sure that those are corralled.

18        Also, in the absence of you reaching some agreements

19   while I take a break here, I will either appoint a mediator

20   or a special master to evaluate whether or not subgroups --

21   further subgroups would be appropriate or if these subgroups

22   could proceed on the existing schedule but be grouped for

23   purposes of briefing the various issues like mediation and

24   possibly for trial.  Second, to directly resolve -- of

25   course, it would be subject to appeal, but to resolve

25

1    discovery disputes.  Third, to resolve any future disputes

2    that come up ad hoc that make sense to coordinate everyone.

3         And I will tell you that the October 1st construction

4    conference is -- is the earliest we can get to it, but that

5    would be on the agenda.  That would be the earliest that we

6    could have that here with your scheduling.

7         And as I mentioned, your motions to stay, we've already

8    covered those.

9         All right.  I'm going to step down here.  First of all,

10   anybody that has represented in court that you've reached

11   any type of agreement to settle, you can be excused, or if

12   you're -- if you were fortunate enough to get the ruling

13   that you wanted and you feel like you've finished your

14   business with the Court, you may be excused.

15        But the remainder of you, after discussing these

16   issues, I urge you to take another shot before I come out

17   and decide just how we're going to do those matters that I

18   said would either be subject to some type of mediation

19   and/or a master, and we can talk about just who would be the

20   master later on.  I just want you to be thinking in that --

21   in that vein though, that that is an alternative the Court

22   is looking at, because I think it just requires that this be

23   massaged and we come up with a balanced approach to

24   efficiently move the case along and in a fair manner.

25        All right.  Let me take one look at a piece of paper

26

1    here that I'm looking at.

2        I'm going to have distributed what I just told you that

3    I would like you to reach agreement on.  I put the -- I made

4    these notes ahead of time so that -- thinking that -- I

5    think most of them are still operative.

6        I do want to take a look at the issues I didn't put in

7    here, the issue about the number of claims.  I think we've

8    got way too many, and if you'll just kind of overlay that in

9    your discussions with one another.

10       I know it's hard to write down everything that I

11   mentioned here so I've got you a sheet of paper here that

12   you can work from and talk for a few minutes.

13       I'll take a break for -- at least until 11 o'clock, and

14   if you tell me at that time that you still have a matter or

15   two and you mention what they are, if they make sense to me,

16   I'll extend that a few more minutes.  If not, we'll come out

17   and have some decisions for you.

18       Anyway, good luck.  I again want to compliment you on

19   your efforts so far and your efforts this morning to help

20   this go as orderly as possible.  Thank you.

21                  (Recess.

22       THE COURT:  First I want to thank everybody for

23   helping expedite the procedure.  I'm prepared to and I'm going

24   to order the Scheduling Order for the suppliers.  It will be

25   identical to the ones we just circulated.

1          Let me say that you see some references to paragraphs.

2      As you well know, I like to give you your schedule, kind of

3      a calendar up front so you can see it, and I like to

4      integrate and I do integrate in my order the details,

5      detailed discussions so that hopefully clarifies any matters

6      we need to discuss.

7          Now, once we get over to -- I'm going to get you the

8      customer schedule and I can tell you -- let me tell you this

9      about it.  Once we get over to -- let's turn over to October

10     15, please.  Starting with the deadline to make your final

11     election of asserted claims, that's where we'll start the

12     tracks for the customers, and those dates will be as

13     reflected in the Defendants' requested dates.  I'll have

14     those -- if you want to stick around here, I can have them

15     for you before you leave.  We'll go ahead and finish the

16     hearing but I can get you copies of them.

17         But basically I'll give you the dates from there on.

18     Starting on October 15, the next -- that date would be

19     February the 5th, 2016 for the customers.  And then, rather

20     than read all through them here, I can tell you that we kick

21     them back all the way to the trial date and you can go all

22     the way down, and that's in September of 2016 for the trial

23     date on that.

24         I'll set out the schedules here for you here in a

25     minute.  I just don't want to sit here and bore you and get

28

1    you the wrong numbers here in the record.

2        Also, if you'll look, one thing I want to point out is

3    the April 4th deadline, the deadline to make preliminary

4    election of asserted claims.  That's been moved from July

5    3rd to April 4th.

6        The paragraph reference on -- I think I just mentioned

7    this, refers to -- any paragraph there, that really refers

8    to -- I just took this and cut and paste from the order that

9    I normally give, so don't pay any attention to any

10   designation of paragraphs.

11       Now, I'm going to -- I'm not going to appoint a master.

12   What I'm going to do is I'm referring this case to Judge

13   Craven, who will sit here in Tyler for hearings that are

14   required, here in Tyler, to the extent you can't do them by

15   telephone.

16       And you don't need to do anything other than I will

17   refer it to Judge Craven and I will discuss with Judge

18   Craven about the need for -- we'll take a look at the issue

19   of subgroups.  I'm not saying it's going to be done but I'm

20   going to have her take a look at it and we'll work together

21   on it.  We will be talking on it, and I'll just tell you

22   right now that we will have ex parte conversations because

23   of the scheduling issues that we work between the two courts

24   here, and we will be able to I think coordinate and take

25   care of it.  I keep my finger on the pulse of what's going

29

1    on and stay informed on it, and I have every confidence that

2    she and I will be thinking pretty much alike on scheduling

3    issues.

4        Again, I will -- if you wish to stick around here for

5    awhile, I will go ahead and get you a customer scheduling

6    order so that -- a pro forma order so that you can work from

7    that, or we can actually send it to you by e-mail, whatever

8    you prefer.  But we will be working on that here to get that

9    out here in just a few minutes.

10       All right.  Any questions at this point?

11       All right.  I again want to thank everybody, and I will

12   come down and -- I say come down.  I'm going to step off the

13   bench here and meet some of you or say hello to those I

14   haven't seen in awhile and also meet some of you I haven't.

15   With that -- yes, sir, Mr. Hill.

16           MR. HILL:  Your Honor, before we adjourn, earlier the

17   Court had granted the motion to dismiss with regard to one of

18   the two entities I represent, Technicolor SA.  The remaining

19   entity, I have made an agreement with Plaintiff during the

20   break for a -- to stipulate on the record today to a dismissal

21   of Technicolor USA, Inc. without prejudice, so I would like to

22   put that matter on the record.

23           THE COURT:  All right, sir.  And your opponent?  Yes,

24   sir.

25           MR. GARTEISER:  Agreed, Your Honor.

30

1        THE COURT:  All right.  Agreed.  So done.

2        MR. HILL:  Thank you, Your Honor.

3        THE COURT:  All right.  Thank you.  Everybody is

4   excused, please.

21   I certify that the foregoing is a correct transcript from

22   the record of proceedings in the above-entitled matter.

24   _____          _____

     Jan Mason                         Date

25