IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 12-CV-499-MHS |
| v. | § § | LEAD CASE |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § § | |

**PLAINTIFF'S SURREPLY TO DEFENDANT VOBILE'S MOTION TO DISMISS**

Plaintiff Blue Spike files this Surreply because Vobile's Reply in Support of its Motion to Dismiss ("Reply") mischaracterizes or avoids every one of Blue Spike's jurisdictional arguments.

First, Blue Spike never argued that jurisdiction is proper solely because Vobile "accesses information" that happens to reside on Texas servers.[1] *Cf.* Reply (Dkt. 1364) at iii-v. What Blue Spike actually argued is that given the very nature of Vobile's products and services, Vobile necessarily directs continuous, systematic business activities towards Texas companies, web hosts, web users, content providers, and content creators. Dkt. 1338 at 4-6. Vobile does not "occasionally" or "incidentally" access content that "happens" to reside on Texas servers; rather, Vobile "comprehensively" (to use its own word) monitors Texas content, extracts information from it, compares it to information in a reference database, and generates "comprehensive metadata" on any resulting matches. *Id.* at 5. This

---

[1] The word "server" does not even appear in Blue Spike's Opposition. *See generally* Dkt. 1338.

1

activity subjects Vobile to the jurisdiction of Texas courts. *See TravelJungle v. Am. Airlines, Inc.*, 212 S.W.3d 841, 850 (Tex. App.—Fort Worth 2006, no pet.) (Texas court had personal jurisdiction over foreign company because it purposefully directed "data-gathering activity" toward Texas); *Flowserve Corp. v. Midwest Pipe Repair, L.L.C.*, No. 3:05-CV-1357-N, 2006 WL 265521, at *3 (N.D. Tex. Feb. 3, 2006) (repeated, deliberate contact with in-state servers went "well beyond a mere fortuity," thereby supporting exercise of jurisdiction); *see also Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1248 (10th Cir. 2000) (cataloging numerous cases where courts held that "use of a computer or network service located in a particular state created sufficient contacts to establish personal jurisdiction"). The cases cited in the Reply are not to the contrary, as they all involved defendants who "incidentally" interacted with Texas servers on a single occasion.[2] Vobile commits the alleged wrong—patent infringement—by using content collected from Texas, subjecting it to personal jurisdiction here.

Second, Vobile does not even address the fact that its customers—including "6 of the 6 Major Hollywood Studios," "5 of the 5 Leading Broadcasting TV Networks," "3 of the 4 Largest Internet Video Sharing Sites," and "3 of the 5 Most

---

[2] *See Chang v. Virgin Mobile USA, LLC*, No. 3:07-cv-1767-D, 2009 WL 111570, at *3 (N.D. Tex. Jan. 16, 2009) (single alleged contact with Texas server did not support jurisdiction because "plaintiffs have failed to make a prima facie showing that the server in this case was in fact located in Texas," even after obtaining three extensions to conduct jurisdictional discovery); *Ray v. Experian*, No. 3:07-cv-1114-R, 2007 WL 4245459, at *3 (N.D. Tex. Nov. 30, 2007) (no jurisdiction over North Carolina defendant who, on one occasion, obtained plaintiff's credit report by "accessing or sending data in North Carolina to or from" a credit reporting agency whose database "happen[ed] to be headquartered in Texas"); *Laughlin v. Perot*, No. CA 3-95-cv-2577-R, 1997 WL 135676, at *6 (N.D. Tex. Mar. 12, 1997) (no jurisdiction over California company that, on one occasion, "access[ed] published information in California from a computer database service [that] happens to be headquartered in Texas").

2

Popular File Hosting Services"—operate pervasively throughout Texas. Dkt. 1338 at 6-7. Again, this fact entails that Vobile necessarily directs significant activity toward Texas.

Third, Vobile does not dispute that it has actively solicited business in Texas markets by issuing press releases through Texas media. *Id*. at 8. This fact further supports the exercise of jurisdiction.

Finally, Vobile's one-paragraph argument against jurisdictional discovery does not cite any authority at all, let alone authority that contradicts the strong preference for permitting such discovery. *See, e.g.*, *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained."). Blue Spike maintains that its allegations already far exceed the prima facie showing necessary to defeat dismissal, but at a minimum the Court should permit jurisdictional discovery before ruling on Vobile's Motion to Dismiss.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com

        Kirk J. Anderson
          California Bar No. 289043
        Peter S. Brasher
          California Bar No. 283992
        **GARTEISER HONEA, P.C.**
        218 North College Ave.
        Tyler, Texas 75702
        Telephone: (903) 705-7420
        Facsimile: (888) 908-4400

        ***Counsel for Blue Spike LLC***

5

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 18th day of March 2014.

                                                                 /s/ Randall T. Garteiser