## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| TEXAS INSTRUMENTS, INC. | § | |

## ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE

Now before the Court is Defendant AOptix Technologies, Inc.'s motion to strike and dismiss the action for lack of personal jurisdiction and improper venue (Doc. No. 968). Having considered the parties' briefing and the applicable law, the Court finds that venue is not proper in this district and dismisses the case without prejudice to refile in a district where venue exists.[1]

### I.     BACKGROUND

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, such as "digital fingerprinting." Plaintiff accuses Defendant's biometric software and systems as infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery, but the Court affirmatively noted that the consolidation would not bear on any venue challenges.

---

[1]   Although the Court finds Defendant's position compelling, the Court does not reach the merits of Defendant's jurisdictional challenge.

After the consolidation, the Court granted Plaintiff's request for jurisdictional discovery (Doc. No. 711). Plaintiff then amended its complaint, adding jurisdictional facts relating to activities that both pre- and post-date the filing of the original complaint (Doc. No. 941). Defendant moved to strike Plaintiff's amended complaint and dismiss the case for lack of personal jurisdiction and improper venue (Doc. No. 968).[2]

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1400(b), a civil action for patent infringement may be brought in (1) the judicial district where the defendant resides, or (2) where the defendant has committed acts of infringement and has an established place of business. For venue purposes, a corporation resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Because Texas has more than one judicial district, a corporation is deemed to reside in a judicial district "if 'its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.'" *L & H Concepts LLC v. Schmidt*, 6:07-cv-65, 2007 WL 4165259 (E.D. Tex. Nov. 20, 2007) (quoting 28 U.S.C. § 1391(c)).

If a suit is filed in the wrong venue, the court must dismiss it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3).

## III.     DISCUSSION

After obtaining jurisdictional discovery, Plaintiff amended its complaint and revealed only one pre-suit contact between Defendant and Texas: attending a trade show in Dallas, Texas.

---

[2]     Defendant moved to strike the amended complaint because the amended complaint included a supplemental allegation that someone in Tyler, Texas downloaded Defendant's app from the Apple App Store after the original complaint was filed. Because venue determinations are made the time of filing, the Court will not consider this post-filing activity. *See Hoffman v. Blaski*, 363 U.S. 335, 342–44 (1960).

Defendant argues that its attendance at one trade show is insufficient to establish minimum contacts. Plaintiff counters that this contact makes the exercise of specific jurisdiction proper.

But even assuming the Court could properly exercise jurisdiction over Defendant, nothing in Plaintiff's complaint suggests that venue is proper in this district. It is undisputed that Defendant does not reside in the Eastern District of Texas. Further, Defendant's single contact with Texas is attending a trade show in Dallas, which is not in this judicial district. Thus, Plaintiff's jurisdictional discovery did not reveal a single contact that Defendant has with this district at the time of filing. Accordingly, the Court finds that venue is not proper in this judicial district under § 1400(b). *See L & H Concepts*, 2007 WL 4165259, at *1 (citing *Hoffman*, 363 U.S. at 342–44).

## IV.    CONCLUSION

For the reasons discussed more fully above, the Court determines that venue is not proper in this district. Accordingly, Plaintiff's claims against AOptix Technologies, Inc. are DIMISSED WITHOUT PREJUDICE to refiling in a district where venue exists.

In view of this order, it is further ORDERED that Defendant AOptix Technologies, Inc.'s conditional motion to transfer for the convenience of the parties (Doc. No. 1157) is DENIED as MOOT.

**It is SO ORDERED.**

**SIGNED this 18th day of March, 2014.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE