# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 6:12-CV-499 |
| vs. | § § | (LEAD CASE) |
| TEXAS INSTRUMENTS, INC. et al., | § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |
| | § | |
| BLUE SPIKE, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:12-CV-594 |
| vs. | § § | (CONSOLIDATED WITH 6:12-CV-499) |
| CBS CORP., and LAST.FM LTD., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**DEFENDANT LAST.FM LTD.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT (DKT. 520)**

-i-

## **TABLE OF CONTENTS**

                                                                                    **Page**

I.    USERS OF LAST.FM ARE NOT SPECIFIC CONTACTS WITH TEXAS ..................... 1

II.   LAST.FM'S WEBSITE DOES NOT PURPOSEFULLY TARGET TEXAS USERS ................................................................................................................................ 2

III.  ATTENDING THE SOUTH BY SOUTHWEST CONFERENCE IS NOT GROUNDS FOR SPECIFIC JURISDICTION ................................................................ 3

IV.  LAST.FM IS NOT SUBJECT TO PERSONAL JURISDICTION IN TEXAS ................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AdvanceMe, Inc. v. Rapidpay, LLC*,
 450 F. Supp. 2d 669 (E.D. Tex. 2006) .................................................................................... 3

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
 689 F.3d 1358 (Fed. Cir. 2012) ........................................................................................... 2, 5

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985) .................................................................................................................. 5

*Garnet Digital, LLC v. Apple, Inc.*,
 No. 6:11-CV- 647, 2012 WL 4465260 (E.D. Tex. Sept. 27, 2012) ............................................ 1

*Gro Master, Inc. v. Farmweld, Inc.*,
 920 F.Supp.2d 974 (N.D. Iowa 2013) ...................................................................................... 5

*ITL Int'l, Inc. v. Constenla, S.A.*,
 669 F.3d 493 (5th Cir. 2012) ................................................................................................... 4

*J. Stephen Scherer, Inc. v. Revelations Antoine Ltee*,
 845 F.2d 1033 (Fed. Cir. 1988) ............................................................................................... 4

*Moncrief Oil Int'l, Inc. v. OAO Gazprom*,
 481 F.3d 309 (5th Cir. 2007) ................................................................................................... 2

*Mothers Against Drunk Driving v. DAMMADD, Inc.*,
 Case No. 3:02-cv-1712, 2003 U.S. Dist. LEXIS 1800 (N.D. Tex. Feb. 7, 2003) ..................... 6

*Revell v. Lidov*,
 317 F.3d 467 (5th Cir. 2002) ................................................................................................... 2

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*,
 563 F.3d 1285 (Fed. Cir. 2009) ............................................................................................... 4

Last.fm is a foreign corporation based in London, England. Its office, employees, and servers are all located abroad. Last.fm generates revenue primarily from ad sales, but has not entered into any advertising contracts with merchants in Texas. Last.fm neither owns nor leases property in Texas, is not registered to do business in Texas, and Last.fm has no agent for service of process in Texas. In short, Last.fm has taken no steps to operate its business in or from within Texas. None of this is in dispute and Blue Spike has abandoned any general jurisdiction claim.

While Last.fm has made no effort to specifically direct its activities to Texas, its music services are popular enough to be used in Texas. And like nearly all companies, Last.fm operates a website that can be accessed throughout the world. Finally, a couple Last.fm employees have traveled to the South by Southwest conference each year, but as attendees and music enthusiasts, and not to display or promote Last.fm's products. As the Court recognized in previously dismissing Technicolor S.A. (Dkt. No. 1354) and limiting jurisdictional discovery with respect to Cognitec (Dkt. No. 1324), these slender contacts with Texas are legally irrelevant to the imposition of jurisdiction and too attenuated to fairly support jurisdiction over a foreign company. Yet they are exactly what Blue Spike focuses upon to support bringing Last.fm to Texas for this litigation.

## I. USERS OF LAST.FM ARE NOT SPECIFIC CONTACTS WITH TEXAS

This Court has recognized that a proper specific jurisdiction analysis focuses on the steps taken by Last.fm to purposefully direct its actions to the state of Texas, not on the conduct of third-party customers. Dkt. Nos. 1324 at 5; 1354 at 5-6; *Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV- 647, 2012 WL 4465260, at *2 (E.D. Tex. Sept. 27, 2012).

Blue Spike argues that the presence of approximately one million users in Texas, out of the over 46 million registered with Last.fm worldwide, is grounds for exercising jurisdiction. Dkt. 1348 [Blue Spike Opp. To Mtn. to Dismiss] at 3; 1348-2 [Last.fm 2nd Suppl. Discovery

Responses] at 5.  But these are users who have independently chosen to use Last.fm's products. Last.fm cannot be forced into court in Texas based on the independent choices of these non-parties.  *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311-2 (5th Cir. 2007) (noting that under the Texas long-arm statute "[a] plaintiff's or third party's unilateral activities cannot establish minimum contacts between the defendant and forum state" and that "merely contracting with a resident of the forum state does not establish minimum contacts").  Nor can it be forced to litigate in Texas because Blue Spike claims to be harmed here.  *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002).  Rather, to be subject to the court's jurisdiction, Last.fm must have purposefully directed activities at Texas residents.  *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012).

## II.     LAST.FM'S WEBSITE DOES NOT PURPOSEFULLY TARGET TEXAS USERS

Last.fm is a music recommendation service and social music platform, where users all over the world can congregate to review and share information about the music they love.  As a general interest website, there is no targeting of users in any particular state, or country.  Rather, Last.fm gathers data about music, performers, and concerts and presents it for all to see, regardless of location.  In addition, Last.fm offers a location-agnostic service called Scrobbling, which tracks the music that users are listening to and provides related information to the user.

None of the products and services offered through Last.fm's website is specific to Texas. Blue Spike attempts to manufacture evidence to support its position, suggesting a user's location in Texas is relevant by filling in data fields in screen-shots.  But a user's location does not change the content available to that user, it only allows for reasonable suggestions from within Last.fm's vast library of data.  Dkt. No. 1348-6 through 9 [Exs. 5-8 to Blue Spike's Opp. To Mtn. to Dismiss].  Moreover, the data provided by Last.fm is only filtered after users engage

with Last.fm services or download Last.fm programs.[1]  There is no change in functionality based on a user's location and Last.fm does not tailor its services based on the fact that a potential user is located in Texas.  In this way, Last.fm's conduct is vastly different than that in *AdvanceMe, Inc. v. Rapidpay, LLC*, 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006) where potential customers in Texas were clearly targeted based on the fact that custom quotes were tailored by location through the use of a drop-down menu allowing a potential customer to select his state before services were offered. 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006).  In contrast, Last.fm provides location-neutral services which can only be tailored after a user has independently chosen to use the Last.fm platform.  In this sense, Last.fm's actions are no more purposefully directed to Texas than any other location, such as Oregon, Maine, Italy, or the African continent.  As with the Court's discussion of Technicolor and Cognitec, there are no features of Last.fm's website that are "specifically directed to Texas or intended to solicit Texas customers."  Dkt. No. 1324 at 5; 1354 at 6.  Accordingly, there is no basis to conclude that Last.fm's website purposefully directs activities at Texas residents.[2]

### III. ATTENDING THE SOUTH BY SOUTHWEST CONFERENCE IS NOT GROUNDS FOR SPECIFIC JURISDICTION

Generally, two Last.fm employees have attended the South by Southwest conference in Austin, Texas each year.  Dkt. No. 1348-2 [Last.fm 2nd Suppl. Discovery Responses] at 10-11.  And in 2012 Matthew Hawn, a former Last.fm Vice President, who left the company in August of 2012, was one of four speakers at a 2012 SXSW panel discussion regarding emerging trends

---

[1] Blue Spike notes that Last.fm apps are available on the Apple App store. Dkt. No. 1348 at 3 n.2, 4 n.2.  There is no evidence suggesting that the Apple Store is specifically directed to Texas users and no analysis of how a third-party's provision of software throughout the United States can force Last fm into litigation in Texas.  The existence of the Apple App store is thus irrelevant to the analysis.

[2] Blue Spike suggests that Last.fm has made sales to Texas residents through its website and, in particular, it's subscription-based on-line radio service.  Dkt. No. 1348 at 4; 1348-4 (showing price for subscription services).  However, Blue Spike has not accused the on-line radio service of infringing its patents – only the freely distributed Scrobbling and fingerprinting functionality.  Dkt. No. 320 at ¶ 28.  There is thus no evidence of sales in Texas and, even if there were, the sales would not support the finding of specific jurisdiction.

in social music technology entitled "The Evolution Of Music Discovery In The Cloud." *Id.* at 10. Blue Spike requests specific jurisdiction over Last.fm based on these contacts, claiming that attending a trade show is all that is required under the law. Dkt. No. 1348 [Blue Spike Opp. To Mtn. To Dismiss] at 5. But Blue Spike is wrong. The law is always focused on whether a defendant purposely directed activities to the forum state which relate to the asserted claim. Indeed, both the Fifth Circuit and the Federal Circuit have explained that contacts unrelated to the cause of action will not support specific jurisdiction. *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012) (citing *J. Stephen Scherer, Inc. v. Revelations Antoine Ltee*, 845 F.2d 1033 (Fed. Cir. 1988) (unpublished table decision)).

In the case cited by Blue Spike, *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1297-98 (Fed. Cir. 2009), jurisdiction was not found simply because the defendant had been present in the forum state, but because the defendant brought accused products into the United States *for the purpose of displaying them at the trade shows it had chosen to attend* and admitted that displaying the products was part of their international sales efforts. In contrast, here, Last.fm's employees are merely attendees at the South by Southwest conference, and there is no evidence that Last.fm is displaying its products or otherwise purposefully directing business activities to Texas while there. Indeed, Blue Spike must rely wholly on speculation to suggest otherwise. Dkt. No. 1348 [Blue Spike Opp. To Mtn. To Dismiss] at 6 ("Additionally, because Scrobbler is the heart of Last.fm's business, it is reasonable to infer that Last.fm's activities at South by Southwest have involved efforts to market Scrobbler as well."). There is thus no evidence that Blue Spike's claims arise out of or relate to Last.fm's attendance at the South by Southwest conference. The fact that the South by Southwest conference is in Austin is nothing more than a fortuitous contact with Texas,

insufficient to support jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *Gro Master, Inc. v. Farmweld, Inc.*, 920 F.Supp.2d 974, 981-83 (N.D. Iowa 2013) (merely attending a trade show is not sufficient for specific jurisdiction).

Blue Spike also seeks to bring Last.fm to Texas for this litigation because Last.fm allegedly sponsored the South by Southwest conference in 2011 and because Simon Moran was once a proposed speaker. Dkt. No. 1348 [Blue Spike Opp. To Mtn. To Dismiss] at 5. But Last.fm has confirmed that no sponsorship occurred, Dkt. No. 1348-2 [Last.fm 2nd Suppl. Discovery Responses] at 11, and Blue Spike ignores the evidence it submitted showing that Simon Moran did not actually speak at South by Southwest. Dkt. No 1348-15. Blue Spike is relying on contacts that simply do not exist.

## IV. LAST.FM IS NOT SUBJECT TO PERSONAL JURISDICTION IN TEXAS

Specific jurisdiction is only proper in Texas if Last.fm has purposefully directed activities toward the State, those activities are the foundation of Blue Spike's claims, and exercising jurisdiction would be fair. *AFTG-TG*, 689 F.3d at 1361. Blue Spike has failed to satisfy this test. None of Last.fm's conduct has anything to do with the State of Texas specifically. Rather Last.fm's web offerings are agnostic to the location of users and are merely designed to present a general opportunity to use the powerful social media and music recommendation services Last.fm can provide. And Last.fm's limited contacts with Texas, such as attending a conference on the subject matter of its social media services, are wholly unrelated to the claims asserted against it; allegations it infringes patents that require creating abstracts of data and storing them in databases. Finally, there is no fairness to forcing Last.fm, a foreign company, to litigate in Texas simply because a miniscule fraction of its total world-wide users live in Texas. *See Mothers Against Drunk Driving v. DAMMADD, Inc.*, Case No. 3:02-cv-1712, 2003 U.S. Dist.

LEXIS 1800, at *20 (N.D. Tex. Feb. 7, 2003).[3] Rather, Last.fm should only be called into court where it has sufficient minimum contacts.

Blue Spike has failed to allege, and cannot allege, sufficient facts to support the imposition of personal jurisdiction in Texas. The Court should thus grant Last.fm's motion to dismiss.

| | |
|---|---|
| March 18, 2014 | Respectfully submitted, |
| |  */s/ Edward R. Reines*  |
| | Edward R. Reines |
| | Cal. Bar No. 135960 – Admitted to E.D. Texas |
| | Lead Attorney |
| | edward.reines@weil.com |
| | Byron Beebe |
| | Cal. Bar No. 235179 – Admitted to E.D. Texas |
| | byron.beebe@weil.com |
| | Andrew L. Perito |
| | Cal. Bar No. 269995 – Admitted to E.D. Texas |
| | andrew.perito@weil.com |
| | WEIL, GOTSHAL & MANGES LLP |
| | 201 Redwood Shores Parkway |
| | Redwood Shores, CA 94065 |
| | Telephone: (650) 802-3000 |
| | Facsimile: (650) 802-3100 |
| | |
| | **Attorneys for Defendant Last.fm Ltd.** |

---

[3] Blue Spike's efforts to distinguish *Mothers Against Drunk Driving* based on the absolute number of contacts involved fails. In *Mothers Against Drunk Driving*, the Court refused to find personal jurisdiction despite actual communications with and sales to Texas residents not merely because the number of such contacts was numerically small, but also because the "totality of the contacts alleged between DAMMADD and Texas do not demonstrate that DAMMADD has purposefully directed its activities toward Texas." *Id.* at *23. It is for this reason that the relative percentages matter – as Last fm's miniscule percentage of Texas-based users shows it is not purposefully directing any conduct into Texas and would, indeed, be surprised to find itself in a lawsuit here.

-6-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record who have consented to electronic service through the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).


Dated:  March 18, 2014  */s/ Edward R. Reines*
Edward R. Reines