UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>Texas Instruments, Inc. et al.,<br><br>*Defendants.* | Case No. 6:12-cv-499-MHS<br><br>Lead Case<br><br>Jury Trial Demanded |

**BLUE SPIKE'S SURREPLY TO 3M COGENT'S MOTION
TO TRANSFER VENUE [DKT. 1150]**

3M Cogent's reply in support of its transfer motion (Dkt. 1360) offers nothing new to impact the transfer analysis; instead, it highlights factors that either weigh neutral or weigh against transferring the case.

First, arguing Blue Spike's connections to the forum are "ephemeral" (*id.* at 1-30), 3M Cogent ignores that the Court has already recognized this District's localized interest in the case (Dkt. 1363 at 7), which would not be true if Blue Spike's forum connections were ephemeral. The Court has also recognized that Blue Spike's CEO, Scott Moskowitz, resides in this District (*id.* at 7), further undercutting 3M Cogent's "ephemeral" narrative.

Second, 3M Cogent again fails to name any specific third-party witnesses for whom transfer to the Central District of California would be more convenient. *See* Dkt. 1302-9 at 6-7 (*Geotag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-00570-JRG (E.D. Tex. Jan. 14, 2013)) (holding that unidentified witnesses do not impact transfer analysis). 3M Cogent claims to identify such witnesses in a concurrently filed declaration (Dkt. 1360 at 4), but in fact the

1

declaration merely cites "customers *and/or entities to whom 3M Cogent has offered to sell* biometric authentication products." Dkt. 1360-1 at 2 (emphasis added). Recipients of sales pitches are not the sorts of witnesses who affect the transfer analysis, and even if the named entities are actual 3M Cogent customers, 3M Cogent does not explain why they have specialized knowledge that makes them likely witnesses. Moreover, 3M Cogent has customers outside the Los Angeles area, too—including in Texas (*see* Dkt. 1302-11)—yet fails to explain why its Texas-based customers are less likely to be witnesses than its Los Angeles-area customers. Merely citing unnamed potential third-party witnesses does not show that a transfer is "clearly more convenient." Nor may 3M Cogent meet the "clearly-more-convenient" standard simply by naming California-based customers—without explaining what specialized knowledge makes them likely witnesses or why the Court should ignore similarly situated Texas customers in weighing the transfer factors.

Finally, while 3M Cogent leans heavily on the fact that a few of its own Los Angeles-area employees are likely witnesses (Dkt. 1360 at 4), "[t]he convenience of witnesses who are also employees of a defendant are entitled to less weight, because the defendant can compel their testimony at trial." *Boutte v. Cenac Towing, Inc.*, 346 F.Supp.2d 922, 933 (S.D. Tex. 2004). Again, the test is whether the transferee court is "clearly more convenient." And, here, the convenience of a few of 3M Cogent's own employees does not make transfer "clearly more convenient" when weighed against all the countervailing factors,

including (1) the significant hardship that transfer would impose on Blue Spike and Moskowitz, (2) 3M Cogent's failure to specifically identify any third-party witnesses for whom transfer would be more convenient, (3) 3M Cogent will have relevant information at its Dublin, Ohio office, not only in Los Angeles, (4) 3M Cogent's contact for ID management is in 3M's Minnesota headquarters,[1] again not in Los Angeles, and (5) 3M Cogent's failure to identify any other public- or private-interest factor favoring transfer. *See Tex. Data Co., L.L.C. v. Target Brands, Inc.*, 771 F.Supp.2d 630, 636 (E.D. Tex. 2011) (movant bears burden to show that proposed transferee venue would be "clearly more convenient" taking into account all relevant factors).

For these reasons plus those contained in the opposition (Dkt. 1302), Blue Spike respectfully asks the Court to deny 3M Cogent's transfer motion.

---

[1] This is a relevant source of technical evidence that 3M Cogent ignores. *See* https://www.cogentid.com/index.htm.

Respectfully submitted,


  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on March 24, 2014.

                /s/ Randall Garteiser