UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § § | Jury Trial Demanded |
| *Defendants*. | § § | |

**BLUE SPIKE'S SURREPLY TO LAST.FM'S MOTION TO DISMISS THE AMENDED COMPLAINT
[DKT. 520]**

Last.fm's reply in support of its motion to dismiss (Dkt. 1374) concedes every point needed to establish personal jurisdiction. The reply recognizes that Last.fm has over a million users who reside in Texas; that, from Texas, those users purchase and download products through Last.fm's interactive website; that Last.fm's website targets advertisements at those users based on their Texas residence; that such advertisements are Last.fm's primary source of revenue; and that Last.fm regularly sends employees to participate in trade shows in Texas. Last.fm's effort to downplay the jurisdictional significance of these concessions is unavailing.[1]

Last.fm acts as though having over a million registered users in Texas—users who purchase and download products through Last.fm's interactive website and who fill Last.fm's coffers by receiving geographically targeted advertisements—is jurisdictionally meaningless because those users "have independently chosen to use Last.fm's products." Dkt. 1374 at 2. This argument misappropriates a notion of "independently chosen" from inapposite case law. This is not a case where personal jurisdiction is predicated on a Texas resident buying Last.fm's product outside of Texas and then carrying it into Texas without Last.fm's knowledge or consent. *Cf.*

---

[1] Last.fm's reply also abandons Last.fm's venue challenge.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 273 (5th Cir. 2006). It is not even a case of Texas residents merely viewing a passive website maintained by Last.fm. *Cf. Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002). Rather, it is a case where Last.fm has specifically chosen to set up an interactive website to facilitate the sale and download of its products, and where over a million Texas residents, *while in Texas*, have directly acquired Last.fm's products through that website. Time and again, this Court has held that this kind of interactive relationship with Texas residents is enough to create specific personal jurisdiction here. *See, e.g.*, *Versata Software, Inc. v. Internet Brands, Inc.*, No. 2:08-CV-313, 2009 WL 3161370, at *1-2 (E.D. Tex. Sept. 30, 2009) (holding that website where customers could input their location to compare and price locally available vehicles was sufficiently interactive to establish personal jurisdiction over out-of-state defendants); *Seoul Semiconductor Co., Ltd. v. Nichia Corp.*, No. 2:07-CV-276, 2008 WL 4252444, at *1 (E.D. Tex. Sept. 10, 2008) (website that "allows customers to order products online and contact [defendant] for support issues . . . provides sufficient interactivity to satisfy the minimum contacts requirement"); *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F.Supp.2d 669, 673 (E.D. Tex. 2006) ("A website whose owners engage in repeated online contacts with forum residents through the site will likely satisfy the minimum contacts requirement.").[2]

Last.fm argues that its website is not "targeted" or "specific to Texas" residents because residents of other fora can access the same products and services through the website. Dkt. 1374 at 2-3. But the Court has previously rejected that argument. *See Versata Software*, 2009 WL 3161370 at *1 (finding personal jurisdiction on basis of interactive website that allowed

---

[2] Last.fm's effort to distinguish *AdvanceMe, Inc. v. Rapidpay LLC* is unavailing. *See* Dkt. 1374 at 3. Among the many aspects of Rapidpay's website that supported personal jurisdiction in that case, which are likewise true of Last.fm's website, were the following: (1) "customers can . . . fill out an online form and apply for Rapidpay's services through its website"; (2) "Rapidpay clearly offers its allegedly infringing services to potential customers in Texas through its website"; (3) "Rapidpay has, at least twice, provided allegedly infringing services to customers in Texas"; and (4) "Rapidpay currently offers such services to potential customers in Texas through its website." 450 F.Supp.2d at 673. Because Last.fm's website exhibits those same attributes, *AdvanceMe* supports exercising personal jurisdiction here.

2

customers all over the country, "including residents of this district," to do the same thing—namely, "compare and price locally available vehicles"). All that matters for jurisdictional purposes is that Last.fm's interactive website has encouraged Texans to consummate transactions—and that over a million Texas residents have actually done so.

Last.fm also argues that the Court should disregard "sales" of its online-radio service to Texas residents because "Blue Spike has not accused the on-line radio service of infring[ment]—only the freely distributed Scrobbling and fingerprinting functionality." Dkt. 1374 at 3 n.2. This argument fails for three reasons. First, Last.fm's online-radio service incorporates its Scrobbling and fingerprinting functionality, so sales of the service *do* relate to the accused products. *See* Dkt. 1348-4 (screenshot from Last.fm's website showing that $3 monthly subscription fee allows Last.fm users to "play radio on [their] desktop[s] with the Last.fm Scrobbler"). Second, even if the online-radio service didn't incorporate Scrobbling and fingerprinting functionality, sales of non-accused products would still be relevant to establishing personal jurisdiction. *See Seoul Semiconductor*, 2008 WL 4252444 at *1 (rejecting argument that sales of products "not covered by the patents at issue may not be considered in establishing personal jurisdiction" because "the Federal Circuit has . . . allowed the use of unrelated products sales in deciding on personal jurisdiction"). And, third, sales of Last.fm's online-radio service are not necessary to establish jurisdiction anyway, since Last.fm has indisputably delivered its accused Scrobbling and fingerprinting functionality to Texas residents independent of its online-radio service, independently supporting specific personal jurisdiction.

Finally, Last.fm argues that the Court should ignore Last.fm's annual attendance at a trade conference in Texas because "Last.fm's employees are merely attendees at the South by Southwest conference, and there is no evidence that Last.fm is displaying its products or

otherwise purposefully directing business activities to Texas while there." Dkt. 1374 at 4. It blinkers belief that a British company would go to the trouble and expense of sending multiple employees to a Texas trade show every year—even putting its executives on a speakers' panel—with no hope of drumming up business. Last.fm does not have to actually peddle its wares at South by Southwest for its attendance there to impact the jurisdictional analysis; merely attending with the hope of making business connections is enough. *C.R. Daniels, Inc. v. Naztec Int'l Grp., LLC*, No. ELH-11-01624, 2011 WL 6026293, at *9 (D. Md. Dec. 2, 2011) (finding specific personal jurisdiction where defendant attended a conference in forum "for informational and networking purposes" and sought to "introduce itself" to forum residents "for future consideration," because "[i]n attending the Conference, defendant obviously hoped to make connections that would eventually lead to sales of its products" in the forum).

For these reasons plus those contained in its opposition (Dkt. 1348), Blue Spike respectfully asks that the Court deny Last.fm's motion to dismiss the amended complaint.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 N. College Ave.
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, first on the 24th day of March, 2014.

                                                                              /s/ Randall T. Garteiser