UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 6:12-cv-499-MHS |
| v. | § § | Lead Case |
| Texas Instruments, Inc. et al., | § § | Jury Trial Demanded |
| *Defendants*. | § § | |

**BLUE SPIKE'S SURREPLY TO CLEAR CHANNEL'S TRANSFER MOTION [DKT. 1148]**

Clear Channel's reply in support of its transfer motion (Dkt. 1350), like the motion itself, focuses on the wrong entities. The defendant here, and the only entity whose connections matter for analyzing transfer, is Clear Channel. Despite this basic fact, all of Clear Channel's arguments for transfer continue to rely on connections that two Clear Channel subsidiaries (RCS and Media Monitors) have to the Southern District of New York. The Court should not be misled; these connections are irrelevant for purposes of analyzing transfer. *See Xerox Corp. v. Litton Indus., Inc.*, 353 F.Supp. 412, 414 (S.D.N.Y. 1973) (in a patent action against a parent corporation, venue does not lie in the Southern District of New York if the parent's only connection to the District is through subsidiaries). Blue Spike has not sued those Clear Channel subsidiaries.

Clear Channel has not shown that Blue Spike could have brought this case in New York in the first instance, which is the threshold requirement for transfer. In analyzing this threshold issue, it is critical to recognize the critical

distinction between Clear Channel and its subsidiaries. Clear Channel is a Nevada Corporation with its principal place of business in San Antonio, Texas. Compl. ¶2. There is simply no evidence before the Court that Clear Channel "has committed acts of infringement and has a regular and established place of business" in the Southern District of New York. 28 U.S.C. §1400(b) (venue statute for patent actions). The absence of evidence on this threshold issue establishes that transfer is improper. *See* Dkt. 1353 at 4 (denying consolidated defendant's transfer motion because it failed to show that Blue Spike could have filed suit in the proposed transferee district in the first instance).[1]

Clear Channel suggests that focusing on its subsidiaries' connections to New York is proper because Blue Spike's claims are based on technology that the subsidiaries developed. *See* Dkt. 1350 at 1, 4. This argument fails for multiple reasons, including that (1) Clear Channel owns legal rights to and profits from the technology and (2) Blue Spike has accused Clear Channel of inducing infringement (among other things). *See Jacobs Vehicle Sys., Inc. v. Pac. Diesel Brake Co.*, 424 F.Supp.2d 388, 393 (D. Conn. 2006) ("A parent company may be liable for inducing its subsidiary to commit patent infringement regardless of whether it is the subsidiary's alter ego."). Because Blue Spike has properly sued Clear Channel itself, Clear Channel is the entity

---

[1] As Blue Spike previously explained (Dkt. 1298 at 5), even if the Court did focus its transfer analysis on RCS and Media Monitors, it is still not clear that Blue Spike could have filed suit in the Southern District of New York in the first instance. RCS and Media Monitors formally "merged" (Dkt. 1148 at 3) with Clear Channel subsidiary Clear Channel Management Services, Inc., which is a Texas corporation headquartered at the same San Antonio address as the defendant. *See* Dkt. 1298-4 (printout from Texas Secretary of State's website).

whose connections matter for purposes of analyzing venue. Things would be different if Blue Spike had sued Media Monitors instead, but it has not. "'In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.'" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §107.14[2][c], at 107-67 (3d ed. 2005)).

If the Court does decide to look beyond the threshold issue of whether Blue Spike could have sued Clear Channel in the Southern District of New York, it should still deny transfer. Clear Channel's reply reiterates the claim that Blue Spike's connections to this forum should be disregarded as "ephemeral" (Dkt. 1350 at 2), but the Court has already recognized that this District's localized interest in the case. Dkt. 1363 at 7. The Court has also recognized that Blue Spike's CEO, Scott Moskowitz, resides in this District (*id.* at 7), further undercutting Clear Channel's "ephemeral" argument.

Clear Channel's reply fails yet again to name third-party witnesses for whom transfer would be more convenient. *See* Dkt. 1298-11 at 6-7 (*Geotag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-00570-JRG (E.D. Tex. Jan. 14, 2013)) (unidentified witnesses do not impact transfer analysis). While some of Clear Channel's employee-witnesses would prefer transfer (Dkt. 1350 at 3-4), "[t]he convenience of witnesses who are also employees of a defendant are entitled to less weight, because the defendant can compel their testimony at trial." *Boutte*

3

*v. Cenac Towing, Inc.*, 346 F.Supp.2d 922, 933 (S.D. Tex. 2004). The convenience of Clear Channel's own witnesses is not nearly enough to show that transfer is "clearly more convenient" when weighed against all the countervailing factors, including (1) the significant hardship that transfer would impose on Blue Spike and Moskowitz, (2) Clear Channel's failure to specifically identify third-party witnesses for whom transfer would be more convenient, (3) the fact that a likely third-party witness, the co-inventor of some patents-in-suit, lives in Seattle and may face an equally long or longer trip to New York than to Tyler; and (4) Clear Channel's failure to identify other public- and private-interest factors that favor transfer. *See Tex. Data Co., L.L.C. v. Target Brands, Inc.*, 771 F.Supp.2d 630, 636 (E.D. Tex. 2011) (transfer movant bears burden to show that proposed transferee venue would be "clearly more convenient" taking into account all relevant factors).

Finally, Clear Channel again tries to downplay its own connections to this forum, arguing that its ubiquitous presence throughout Texas (including this District) is irrelevant because it intends to rely primarily on witnesses (many unnamed) who live elsewhere. Dkt. 1350 at 4-7. Clear Channel is missing the point; its presence throughout Texas is important because the parties' own convenience is a factor in the transfer analysis. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Convenience is not just about the witnesses. Clear Channel's principal place of business in Texas and its massive operations here undercut the argument that it will suffer inconvenience by

litigating in this District. Blue Spike, on the other hand, would be severely inconvenienced by litigating in New York for multiple reasons. Dkt. 1298 at 10-11. Clear Channel does not and cannot rebut those realities.

For these reasons plus those contained in its opposition (Dkt. 1298), Blue Spike respectfully asks the Court to deny Clear Channel's transfer motion.

          Respectfully submitted,

      /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on March 24, 2014.

                                                                           /s/ Randall Garteiser