IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC § | |
| § | |
| v. § | Case No. 6:12-cv-499 |
| § | |
| TEXAS INSTRUMENTS, INC. § | |

| | |
|---|---|
| BLUE SPIKE, LLC § | |
| § | |
| v. § | Case No. 6:13-cv-106 |
| § | |
| AXXONSOFT US, INC. and § | |
| AXXONSOFT LTD. § | |

## ORDER GRANTING MOTION TO DISMISS

Now before the Court is Defendant AxxonSoft US, Inc. and AxxonSoft Ltd.'s motion to dismiss for lack of personal jurisdiction[1] (Doc. No. 1019). Having considered the parties' briefing[2] and the applicable law, the Court determines that Defendants' contacts are insufficient to support the Court's exercise of jurisdiction. Accordingly, the Court GRANTS the motion to dismiss Plaintiff's claims against Defendants AxxonSoft Inc. and AxxonSoft Ltd. (collectively, AxxonSoft). The Court further DENIES Plaintiff's Motion to Authorize Jurisdictional Discovery (Doc. No. 812).

### I.     BACKGROUND

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent),

---

[1] Defendants also move to dismiss certain of Plaintiff's claims under Rule 12(b)(6). Because the Court dismisses the case for lack of personal jurisdiction, the Court does not reach Plaintiff's 12(b)(6) motion.

[2] The parties incorporate by reference the briefing on Defendants' first motion to dismiss (Doc. Nos. 645, 700, 734, 778).

7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, with examples such as "digital fingerprinting." Plaintiff accuses the AxxonSoft's facial recognition software Intellect Enterprise with Face Intellect Facial Recognition and Face Search modules of directly and indirectly infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery. After the consolidation, the AxxonSoft moved to dismiss Plaintiff's complaint for lack of personal jurisdiction. Plaintiff sought jurisdictional discovery. Plaintiff then filed an amended complaint (Doc. No. 922), and the AxxonSoft renewed its motion as to the amended complaint.

## II. MOTION TO DISMISS

### a. Legal Standard

In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* Without an evidentiary hearing, the burden of establishing a prima facie showing of jurisdiction is on plaintiff. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Absent a controlling federal statute, a plaintiff may establish (1) personal jurisdiction under Texas's long-arm statute and (2) that the exercise of personal jurisdiction comports with due process. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998). The

Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually one federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied for a court to exercise personal jurisdiction over the defendant. *Johnston*, 523 F.3d at 609.

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists "when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic." *Johnston*, 532 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984)). The defendant's contacts with the forum state are evaluated "over a reasonable number of years, up to the date the lawsuit was filed." *Id.* at 610 (quoting *Access Telecomm, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)). These contacts must be considered together, rather than in isolation from one another. *Id*. When general

jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *See id.* at 613.

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Suffering harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "Random, fortuitous, or attenuated contacts" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. The Court's fundamental fairness analysis must consider (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

### b. <u>Analysis</u>

The following facts are undisputed: AxxonSoft Ltd. is a Cypress company with its principal place of business in Cypress. AxxonSoft US, Inc. is a U.S. subsidiary of AxxonSoft Ltd. that is headquartered in Virginia with its principal place of business in Great Falls, Virginia. Neither company is licensed to do business in Texas nor has any offices in Texas. The AxxonSoft's website includes a "partner locater" page that lists READEV, Inc., which is listed as having locations in Texas, Colorado, and California.

Plaintiff attempts to establish jurisdiction by arguing (1) AxxonSoft's partners—and therefore AxxonSoft itself operates pervasively throughout Texas; (2) AxxonSoft's website is used to solicit business in Texas.

First, Plaintiff links its jurisdictional allegations to the presence of AxxonSoft's partners (listed on AxxonSoft's website) who have offices or are headquartered in Texas. Plaintiff attempts to impute those contacts to AxxonSoft itself. But these allegations do not support a finding of specific jurisdiction. The Court's focus is on AxxonSoft's actions, not third-party customers. *See Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *2 (E.D. Tex. Sept. 27, 2012) ("The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent actions."). Plaintiff further suggests that because AxxonSoft incorporated its software into the products of Texas-based corporations, AxxonSoft must necessarily be charged with independently establishing contacts with Texas. But Plaintiff has not demonstrated that AxxonSoft purposefully availed itself of the benefits of doing business in Texas. *Moncrief Oil Int'l*, 481 F.3d at 311. Furthermore, Plaintiff has not sufficiently connected the Texas contacts of AxxonSoft's business partners to the claims in this action, as required for a finding of specific jurisdiction. *AFTG-TG*, 689 F.3d at 1361.

The closest Plaintiff comes to connecting the actions of an AxxonSoft business partner to the claims of this case is with regard to READEV, Inc. AxxonSoft's website lists READEV, Inc. as a partner, and indicates that the company is located in Texas, Colorado, and California. The website lists a Texas phone number for READEV, Inc. Plaintiff claims this is sufficient to demonstrate that AxxonSoft "operates pervasively in Texas." The Court disagrees. Plaintiff does not establish that READEV's contacts with Texas relate to the claims in this case. In fact, AxxonSoft demonstrates that its relationship with READEV was based entirely in Colorado. Accordingly, Plaintiff has not demonstrated that the Court should impute to AxxonSoft READEV's Texas contacts.

Plaintiff also insists that AxxonSoft solicits business in Texas through its website. Again referencing READEV, Plaintiff notes that AxxonSoft's website allows potential customers to link through to the websites of AxxonSoft's resellers, including READEV. Because the website lists Texas as an address for READEV, Plaintiff concludes that AxxonSoft "actively solicits" business in Texas. But Defendant's website is not a purposeful contact with Texas. Contrary to Plaintiff's position, the website does not present the type of website functionality seen in *AdvanceMe, Inc. v. Rapidpay, LLC*, which allowed users to get a quote for services in the forum state using a drop-down menu. 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006). In contrast, AxxonSoft's website has no features specifically directed to Texas or intended to solicit Texas customers. Furthermore, the reference to READEV having an address in Texas does not establish the type of purposeful contact necessary to support the exercise of this Court's jurisdiction. *Moncrief Oil Int'l*, 481 F.3d at 311.

### III. MOTION FOR JURISDICTIONAL DISCOVERY

Plaintiff separately filed a motion for jurisdictional discovery (Doc. No. 812) seeking discovery addressing five areas: (1) Defendants' solicitation of customers, prospective employees, and business in Texas; (2) the extent of Defendants' facial recognition activities within Texas or concerning Texas sources; (3) Defendants' collection of data and other information from sources within Texas; (4) Defendants' sales or distribution of products and services that reach Texas consumers; and (5) Defendants' creation or use of sales networks or relationships that reach into Texas.

As to Plaintiff's request for jurisdictional discovery, Plaintiff has failed to make the necessary showing. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Although Plaintiff has outlined the topics on which it seeks discovery, Plaintiff has not identified any facts it *reasonably expects to discover* that would correct the deficiencies in its jurisdictional arguments. It is not Plaintiff's lack of evidence that falls short. Instead, Plaintiff's theory of jurisdiction is flawed. Without more, Plaintiff cannot engage in a jurisdictional "fishing expedition." *See Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 798 (N.D. Tex. 2010).

## IV. CONCLUSION

For the reasons discussed more fully above, the Court GRANTS AxxonSoft's motion to dismiss for lack of personal jurisdiction (Doc. No. 1019) and DENIES Plaintiff's Motion to Authorize Jurisdictional Discovery (Doc. No. 812).

Accordingly, the Court DISMISSES Plaintiff's claims against AxxonSoft US, Inc. and AxxonSoft Ltd. without prejudice.

**It is SO ORDERED.**

**SIGNED this 31st day of March, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE