## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | |
| TEXAS INSTRUMENTS, INC. | § | |

### ORDER DENYING MOTION TO DISMISS

Now before the Court is Defendant last.fm Ltd.'s motion to dismiss for lack of personal jurisdiction and improper venue (Doc. No. 520).[1] Having considered the parties' briefing and the applicable law, the Court DENIES the motion.

### I.      BACKGROUND

This action involves dozens of cases against unrelated Defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent). The four related patents in suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, with examples such as "digital fingerprinting." Plaintiff accuses last.fm's Scrobbler technology, a music recommendation service and social music platform, of directly and indirectly infringing each of the patents in suit.

The Court consolidated the cases into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery. After the consolidation, Defendant last.fm moved to dismiss Plaintiff's complaint for lack of personal jurisdiction and improper venue. By agreement of the parties, Plaintiff conducted jurisdictional discovery.

---

[1] Defendant CBS Corporation originally joined in the motion, but Plaintiff has since dismissed its claims against CBS Corporation.

## II.   **MOTION TO DISMISS**

### a.   **Legal Standard**

In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* Without an evidentiary hearing, the burden of establishing a prima facie showing of jurisdiction is on plaintiff. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Absent a controlling federal statute, a plaintiff may establish (1) personal jurisdiction under Texas's long-arm statute and (2) that the exercise of personal jurisdiction comports with due process. *3D Sys., Inc. v. Aerotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998). The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually one federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play

and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied for a court to exercise personal jurisdiction over the defendant. *Johnston*, 523 F.3d at 609.

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists "when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic." *Johnston*, 532 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984)). The defendant's contacts with the forum state are evaluated "over a reasonable number of years, up to the date the lawsuit was filed." *Id.* at 610 (quoting *Access Telecomm, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)). These contacts must be considered together, rather than in isolation from one another. *Id.* When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *See id.* at 613.

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Suffering harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudensprung*, 379 F.3d at 343 (quoting *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 474 (1985)). "Random, fortuitous, or attenuated contacts" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. The Court's fundamental fairness analysis must consider (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

   b.  **Analysis**

      i.  **Personal Jurisdiction**

The following facts are undisputed: last.fm is a U.K. corporation with its principal place of business in London. Defendant last.fm has no physical presence in Texas. Defendant last.fm's website is available worldwide. More than 1 million Texas residents are registered users of last.fm's products, having registered through last.fm's website. Texas users comprise less than 2% of last.fm's customers.

Plaintiff largely hangs its jurisdictional argument on the presence of last.fm's Texas customer base, which represents customers who have subscribed for last.fm's services over the Defendant's website. Plaintiff also notes that last.fm has participated in the annual South by Southwest festival in Austin, Texas.[2]

---

[2] The parties dispute the extent of last.fm's participation in the South by Southwest festival. This issue is not relevant to the Court's analysis, and thus the Court does not address the parties' dispute.

Defendant claims that its website is merely passive, and that the presence of more than 1 million Texas subscribers is merely the result of the subscribers' unilateral action, which cannot support jurisdiction. *See Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *2 (E.D. Tex. Sept. 27, 2012) ("The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent actions."). But contrary to Defendant's argument, the Court finds a distinction between customers who directly subscribe for last.fm's service through its website, and other downstream customers.

The critical issue, then, in this jurisdictional dispute, is whether last.fm's website is sufficiently interactive to support the Court's exercise of jurisdiction. The Court uses a sliding scale approach to assess whether a company's website is a purposeful contact. *Revell v. Lidov,* 317 F.3d 467, 2002 WL 31890992, at *2 (5th Cir. Dec. 31, 2002). At one end of the sliding-scale analysis are passive websites "that does nothing more than advertise on the internet." *Mink v. AAAA Dev. LLC,* 190 F.3d 333, 336 (5th Cir.1999). A passive website does not establish a purposeful contact that can support the Court's exercise of jurisdiction. *Id.* At the other extreme are websites through which a company does business over the Internet. *Id.* In the middle, are websites that allows for some exchange of information between the user and the website host. *Id.* As to the websites falling in this middle range, the Court considers the level of interactivity and commercial nature of the website. *Id.*

In this case, the parties agree that more than 1 million Texas residents have subscribed to last.fm's services via its website. Furthermore, users are prompted to enter their location, which has at least some effect on the services then provided to the user. Under these circumstances, the Court finds that last.fm has purposefully directed its contacts to Texas. Furthermore, Plaintiff has

established that its claims arise out of these contacts, i.e., use of the accused services by Texas subscribers.

Defendant also argues that the Court's exercise of jurisdiction offends traditional notions of fair play and substantial justice in violation of the constitutional Due Process requirement. Under this prong of the specific jurisdictional analysis, Defendant bears the burden to demonstrate that the relevant factors favor declining jurisdiction. *Freudensprung*, 379 F.3d at 343. Having considered the relevant factors, the Court does not agree that the exercise of jurisdiction in Texas offends the constitutionally mandated considerations. The Court notes that last.fm operates internationally and has more than 1 million subscribers in Texas. Thus, the Court finds that its exercise of jurisdiction comports with the traditional notions of fair play and substantial justice.

### ii.  Venue

In its motion, Defendant argues that venue is improper under 28 U.S.C. § 1400(b). But as Plaintiff notes, Defendant's argument is upended by the Supreme Court's holding in *Brunette Machine Works Ltd. V. Kockum Indus., Inc.* that § 1400(b) does not apply to foreign defendants, like Last.fm. 406 U.S. 706, 713–14 (1972). Instead, venue against a foreign defendant is determined in accordance with the general venue statute, 28 U.S.C. § 1391(c)(3), which permits venue to lie against a foreign defendant in "any judicial district." *Accord In re Princeton Digital Image Corp.*, 496 F. App'x 73, 74-75 (Fed. Cir. 2012).

**III.**    <u>**CONCLUSION**</u>

For the reasons discussed more fully above, the Court DENIES Defendant last.fm Ltd.'s

motion to dismiss for lack of personal jurisdiction and improper venue (Doc. No. 520)

**It is SO ORDERED.**

**SIGNED this 31st day of March, 2014.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE