**ZUSTELLUNGSZEUGNIS**

**CERTIFICATE**

**ATTESTATION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR – 1 2014

DAVID J. MALAND, CLERK

BY
DEPUTY _____

Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,
The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

1. daß der Antrag erledigt worden ist *)
   that the document has been served *)
   que la demande a été exécutée *)

   -am (Datum)  Hamburg, 5. März 2014
   the (date)
   le (date)

   -in (Ort, Straße, Nummer)  D-20148 Hamburg, Mittelweg 120
   at (place, street, number)
   à (localité, rue, numéro)

   a) in einer der gesetzlichen Formen (Artikel 5 Absatz 1 Buchstabe a) *).
      in accordance with the provisions of sub-paragraph a) of the first paragraph of article 5 of the Convention *).
      selon les formes légales (article 5, alinéa premier, lettre a) *).  XXX

   b) in der folgenden besonderen Form *):
      in accordance with the following particular method *): ----------------------
      selon la forme particulière suivante *): ----------------------

   c) durch einfache Übergabe *).
      by delivery to the addressee, who accepts it voluntarily
      par remise simple *).

Die in dem Antrag erwähnten Schriftstücke sind übergeben worden an:
The documents referred to in the request have been delivered to:
Les documents mentionnés dans la demande ont été remis à:

-(Name und Stellung der Person)  Günther Mull – Geschäftsführer -
(identity and description of person)
(identité et qualité de la personne)

-Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:
relationship to the addressee (family, business or other):
liens de parenté, de subordination ou autres, avec le destinataire de l'acte:

2. daß der Antrag aus folgenden Gründen nicht erledigt werden konnte *):
   that the document has not been served, by reason of the following facts *):
   que la demande n'a pas été exécutée, en raison des faits suivants *):

----------------------------------------------------------------
----------------------------------------------------------------
----------------------------------------------------------------

Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten *).
In conformity with he second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement *).
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint *).

Anlagen / Zustellersuchen nebst Anlagen
Annexes
Annexes

Zurückgesandte Schriftstücke:
Documents returned:
Pièce renvoyées: ----------------------------------------------------------------

Gegebenenfalls Erledigungstücke:          Ausgefertigt in  Hamburg      am   12. März 2014
In appropriate cases, documents establishing the service:    Done at                              the
Le cas échéant, les documents justificatifs de l'exécution:  Fait à                               le

----------------------------------------------------------------
----------------------------------------------------------------
----------------------------------------------------------------
----------------------------------------------------------------

                                          Unterschrift und/oder Stempel.
                                          Signature and/or stamp.
                                          Signature et/ou cachet.

*) Unzutreffendes streichen.
Delete if inappropriate.
Rayer les mentions inutiles.

                                          Rechtspfleger



REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRA JUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Hage, le 15 Novembrè 1965.*

| Identity and address of the applicant<br>*Indentité et adresse du requérant* | Address of receiving authority<br>*Adrese de l'autorité destinataire* |
|---|---|
| L. Celeste Ingalls **<br>Crowe Foreign Services<br>1020 SW Taylor Street, Suite 240<br>Portland, Oregon 97205<br>USA<br>Email: Lci@foreignservices.com<br>Facsimile No. 1-503-222-3950 | Präsident des Amtsgerichts Hamburg<br>Sievekingplatz 1<br>20355 Hamburg<br>DEUTSCHLAND<br><br>tel.: +49 (40) 42843-0  fax: +49 (40) 42843-2383 |

The undersigned applicant has the honour to transmit - in duplicate - the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e., (identity and address)

*Le requérant soussigné a l'honneur de faire parvenir - en double exemplaire - a l'autorité destinataire les documents ci-dessous énumérés en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir: (identité et adresse)*

**Dermalog Identification Systems GmbH**
**Mittelweg 120**
**20148 Hamburg**

☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
  *a)  selon les formes légales (article 5, alinéa premier, lettre a).*

☐ ~~(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:~~
  *~~b)  selon la forme particulière suivante (article 5, alinéa premier, lettre b):~~*

☐ ~~(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.~~
  *~~c)  le cas échéant, par remise simple (article 5, alinéa 2).~~*

The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes* - with a certificate as provided on the reverse side.

*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

Done at Portland, Oregon, USA, the ___ day of ___, 2014.
*Fait à Portland, Oregon, USA, le...*

**Signature and/or stamp.**
*Signature et/ou cachet*

Executed "Summary" (2 pages)
*** Order
*** Summons in a Civil Action
*** First Amended Complaint

L. Celeste Ingalls

* Delete if inappropriate
  *Rayer les mentions inutiles*

** **Authorized applicant pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, Public Law 97-462 AND United States District Court Order**

*** **With German translation**

| **Attestation** | Certificate | *Zustellungszeugnis* | Attestazione |
|---|---|---|---|

**L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,**
The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,
*Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,*
L'autorità sottoscritta si pregia attestare in conformità all'art. 6 di detta Convenzione,

1. **que la demande a été exécutée**[1]   THAT THE DOCUMENT HAS BEEN SERVED[1]
   *dass das Ersuchen erledigt worden ist*[1]   che la domanda è stata eseguita[1]
   - **le (date)**   THE (DATE)   - *am (Datum)*   - il (data)   ..................................................
   - **à (localité, rue, numéro)**   - AT (PLACE, STREET, NUMBER)   ..................................................
   - *in (Ort, Strasse, Nummer)*   - a (località, via, numero)   ..................................................
   - **dans une des formes suivantes prévues à l'article 5:**   - IN ONE OF THE FOLLOWING METHODS AUTHORISED BY ARTICLE 5:
   - *in einer der folgenden Formen nach Artikel 5:*   - in una delle seguenti forme previste dall'articolo 5:
   a)   - **selon les formes légales (article 5, alinéa premier, lettre a)**[1].
      - IN ACCORDANCE WITH THE PROVISIONS OF SUB-PARAGRAPH (A) OF THE FIRST PARAGRAPH OF ARTICLE 5 OF THE CONVENTION[1].
      - *in einer der gesetzlichen Formen (Art. 5 Abs. 1 Bst. a)*[1].
      - secondo le forme di legge (art. 5 comma 1 lett. a)[1].
   b)   - **selon la forme particulière suivante**[1]:   ..................................................
      - IN ACCORDANCE WITH THE FOLLOWING PARTICULAR METHOD[1]:   ..................................................
      - *in der folgenden besonderen Form*[1]:   ..................................................
      - secondo la forma particolare seguente[1]:   ..................................................
   c)   - **par remise simple**[1].   - BY DELIVERY TO THE ADDRESSEE, WHO ACCEPTED IT VOLUNTARILY[1]
      - *durch einfache Übergabe*[1].   - mediante semplice consegna[1].

   **Les documents mentionnés dans la demande ont été remis à:** CDP  06 144532 K
   THE DOCUMENTS REFERRED TO IN THE REQUEST HAVE BEEN DELIVERED TO:
   *Die in dem Ersuchen erwähnten Schriftstücke sind übergeben worden an:*
   I documenti di cui alla domanda sono stati consegnati a:
   - **(Identité et qualité de la personne):**   (IDENTITY AND DESCRIPTION OF PERSON):
   - *(Name und Stellung der Person):*   - (identità e qualità della persona):   ..................................................
   - **liens de parenté, de subordination ou autres, avec le destinataire de l'acte:**   ..................................................
   - RELATIONSHIP TO THE ADDRESSEE (FAMILY, BUSINESS OR OTHER):   ..................................................
   - *Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:*   ..................................................
   - rapporto di parentela, di subordinazione od altro, con il destinatario dell'atto:   ..................................................

2. **que la demande n'a pas été exécutée, en raison des faits suivants**[1]:   ..................................................
   THAT THE DOCUMENT HAS NOT BEEN SERVED, BY REASON OF THE FOLLOWING FACTS[1]:   ..................................................
   *dass das Ersuchen aus folgenden Gründen nicht erledigt werden konnte*[1]:   ..................................................
   che la domanda non è stata eseguita, per i seguenti motivi[1]:   ..................................................

   **Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint**[1].
   IN CONFORMITY WITH THE SECOND PARAGRAPH OF ARTICLE 12 OF THE CONVENTION, THE APPLICANT IS REQUESTED TO PAY OR REIMBURSE THE EXPENSES DETAILED IN THE ATTACHED STATEMENT[1].
   *Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten*[1].
   In conformità all'articolo 12 comma 2 di detta Convenzione, il richiedente è pregato di pagare o rimborsare le spse indicate dettagliatamente nella memoria allegata[1].

   **Annexes:**   ANNEXES:   *Beilagen:*   Allegati:   ..................................................
   **Pièces renvoyées:**   DOCUMENTS RETURNED:   ..................................................
   *Zurückgesandte Schriftstücke:*   Atti restituiti:   ..................................................

   **Le cas échéant, les documents justificatifs de l'exécution:**   IN APPROPRIATE CASES, DOCUMENTS ESTABLISHING THE SERVICE:
   *Gegebenenfalls Erledigungsstücke:*   Se del caso, gli atti che ne comprovano l'esecuzione:

   ..................................................................................................
   ..................................................................................................
   ..................................................................................................

**Fait à**   DONE AT   *Ausgefertigt in*   Fatta a   ..................................   **le** THE *am* il   ..............
**Signature et/ou cachet**   SIGNATURE AND/OR STAMP
*Unterschrift und/oder Stempel*   Firma e/o timbro
1) **Rayer les mentions inutiles** DELETE IF INAPPROPRIATE   *Unzutreffendes streichen* Cancellare le annotazioni inutili

## SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares en matière civile ou commerciale, signée à La Hage, le 15 Novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** | **L. Celeste Ingalls** |
| *Nom et adresse de l'autorité requérante:* | **Crowe Foreign Services** |
| | **1020 SW Taylor Street, Suite 240** |
| | **Portland, Oregon , USA 97205** |

| | |
|---|---|
| **Particulars of the parties*:** | Blue Spike, LLC ......................................................................... PLAINTIFF |
| *Indentité des parties:* | Texas Instruments, Inc., et al. ......................................................DEFENDANTS |

### JUDICIAL DOCUMENT**
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*    To give notice to defendant, Dermalog Identification Systems GmbH, of the institution against it of a claim for money judgment and to summon it to answer the claim.

**Nature and purpose of the proceedings, and, where appropriate, the amount in dispute:**
*Nature et objet de l' instance, le cas échéant, le montant du litige:*

Civil claim for patent infringement and related actions. Plaintiff's claims include, but are not limited to, allegations that defendants' have induced, contributed, and/or directly infringed upon the plaintiff's registered United States Patents, causing plaintiff to suffer damages. Plaintiff seeks judgment including, but not limited to, permanent injunction against defendants from further infringement, damages in an amount to be determined, interest, costs of suit, attorney's fees, and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| **Date and place for entering appearance**:** | **N/A** |
| *Date et lieu de la comparution:* | |
| **Court which has given judgment**:** | **N/A** |
| *Juridiction qui a rendu la décision:* | |
| **Date of judgment**:** | **N/A** |
| *Date de la décision:* | |

**Time limits stated in the document**:**
*Indication des délias figurant dans l'acte:*    Defendant is required to serve an ANSWER upon Plaintiff's attorney and file same ANSWER with the Court within twenty-one (21) days after having received the Summons in a Civil Action and other documents herein.

### EXTRAJUDICIAL DOCUMENT*
*ACTE EXTRAJUDICIAIRE*

| | |
|---|---|
| **Nature and purpose of the document:** | **N/A** |
| *Nature et objet de l'acte:* | |
| **Time limits stated in the document**:** | **N/A** |
| *Indication des délias figurant dans l'acte:* | |

\* If appropriate, identity and address of the person interested in the transmission of the document.
  *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*

\** Delete if inappropriate.
  *Rayer les mentions inutiles.*

ZUSAMMENFASSUNG DES ZUZUSTELLENDEN DOKUMENTS
SEITE 2 VON 2
SUMMARY OF THE DOCUMENT TO BE SERVED
PAGE 2 OF 2

*Übereinkommen über die Zustellung und Übermittlung gerichtlicher und außergerichtlicher Urkunden in Zivil- und Handelssachen im Ausland,*
*unterzeichnet in Den Haag am 15. November 1965*
*(Artikel 5, vierter Paragraph)*
*Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,*
*signed at The Hague, the 15th of November 1965*
*(Article 5, fourth paragraph)*

*Identität und Anschrift des Empfängers:*
*Identity and address of the addressee / --:*

**Dermalog Identification Systems GmbH**
**Mittelweg 120**
**20148 Hamburg**

*WICHTIG*

*DAS BEILIEGENDE DOKUMENT IST VON RECHTLICHER NATUR UND KANN SICH AUF IHRE RECHTE UND VERPFLICHTUNGEN AUSWIRKEN.   DIE ZUSAMMENFASSUNG DES ZUZUSTELLENDEN DOKUMENTS GIBT IHNEN EINIGE INFORMATIONEN ÜBER SEINE NATUR UND SEINEN ZWECK.   SIE SOLLTEN JEDOCH DAS DOKUMENT SELBST GENAU DURCHLESEN.  ES IST UNTER UMSTÄNDEN ERFORDERLICH, SICH RECHTLICH BERATEN ZU LASSEN.*

*WENN IHRE FINANZIELLEN RESSOURCEN NICHT AUSREICHEN, SOLLTEN SIE INFORMATIONEN ÜBER DIE MÖGLICHKEIT DES BEZUGS VON PROZESSKOSTEN- ODER BERATUNGSHILFE ENTWEDER IM LAND, IN DEM SIE WOHNEN, ODER IM LAND, IN DEM DAS DOKUMENT AUSGEGEBEN WURDE, EINHOLEN.*

*FRAGEN ZUR VERFÜGBARKEIT VON PROZESSKOSTEN- ODER BERATUNGSHILFE IN DEM LAND, WO DAS DOKUMENT AUSGEGEBEN WURDE, KÖNNEN GERICHTET WERDEN AN:*

Legal Aid of Northwest Texas
1515 Main Street
Dallas, TX 75201
214-742-5768

*IMPORTANT*

*THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS.   THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE.  YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY.  IT MAY BE NECESSARY TO SEEK LEGAL ADVICE*

*IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT, YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.*

*ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:*

Legal Aid of Northwest Texas
1515 Main Street
Dallas, TX 75201
214-742-5768

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 6:12-CV-499-MHS** |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS INSTRUMENTS, INC., et al.,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER APPOINTING INTERNATIONAL PROCESS SERVER

Pursuant to Chapter 1, Article 3 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters developed at the Tenth Session of the Hague Conference on Private International Law on 15 November, 1965 (the "Hague Convention"), and for good cause shown, the Court hereby appoints Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, 97205, and its agents, as the authority and judicial officer competent under the Jurisdiction of this Court to forward to the Central Authority in the applicable country, any and all documents to be served in this case.

**It is SO ORDERED.**

**SIGNED this 21st day of January, 2014.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Texas

| | |
|---|---|
| BLUE SPIKE, LLC, <br><br> *Plaintiff(s)* <br><br> v. <br><br> TEXAS INSTRUMENTS, INC., et al., <br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.  6:12-CV-499-MHS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   DERMALOG Identification Systems GmbH
Mittelweg 120
20148 Hamburg
Germany

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Garteiser Honea - IP Trial Attorneys
Attn: Randall T. Garteiser, Esq.
218 N. College Ave.
Tyler, TX 75702-5715

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   **8/29/13**



David Malone

*Signature of Clerk or Deputy Clerk*

Case 6:12-cv-00499-RWS-CMC   Document 1386   Filed 04/01/14   Page 8 of 41 PageID #:
16715
Case 6:12-cv-00499-MHS   Document 918   Filed 08/12/13   Page 1 of 16 PageID #:  10344

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 6:12-CV-499-MHS** |
| | § | |
| **v.** | § | **LEAD CASE** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** *et al.,* | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants.* | § | |

<u>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST**</u>
<u>**DERMALOG IDENTIFICATION SYSTEMS, GMBH**</u>

Plaintiff Blue Spike, LLC files this complaint against Defendant DERMALOG Identification Systems, GmbH ("DERMALOG" or "Defendant") and alleges infringement of U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent, and together with the '472, '700, and '494 Patents, the Patents-in-Suit) as follows:

**NATURE OF THE SUIT**

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**PARTIES**

2.      Plaintiff Blue Spike, LLC is a Texas limited liability company and has its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703. Blue Spike, LLC is the assignee of the Patents-in-Suit from Blue Spike, Inc. (a Florida corporation), which was the assignee of the Patents-in-Suit from Scott Moskowitz and Michael Berry. Blue Spike, LLC and Blue Spike, Inc. are collectively referred to as "Blue Spike."

3.     On information and belief, DERMALOG Identification Systems, GmbH is a Germany company, having its principal place of business at Mittelweg 120, Hamburg 20148, Germany. Defendant can be served through the service of process through the Hague Convention foreign service procedure for Germany. Defendant sells products and does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

4.     This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq.* The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1338(a), and 1367.

5.     The Court has personal jurisdiction over Defendant for at least four reasons: (1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (2) Defendant regularly does business or solicits business in the District and in Texas; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here. For example, Defendant distributes its infringing products through a Texas corporation, Fulcrum Biometrics, LLC having its principal place of business at 1862 W Bitters Road, Suite 100, San Antonio, TX 78248. Thus, the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

2

6.     Venue is proper in this judicial district under 28 U.S.C. §§1391(b)–(c) and 1400(b) because Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendant is subject to personal jurisdiction in the District.

## FACTUAL BACKGROUND

7.     Defendant designs, develops, and manufactures fingerprint-based biometric software, systems, and technology. Defendant makes, uses, offers for sale and/or imports into the U.S. products, systems, and/or services including, but not limited to, its Civil AFIS, Criminal AFIS & Palm AFIS, Combined AFIS, Next Generation AFIS, Biometric Gate, Finger Payment, and FingerLogin Suite ("Accused Products"), which infringe one or more claims of the Patents-in-Suit.

8.     Defendant has not sought or obtained a license for any of Blue Spike's patented technologies.

9.     Yet Defendant's Accused Products are using methods, devices, and systems taught by Blue Spike's Patents-in-Suit.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

10.     Blue Spike incorporates by reference the allegations in paragraphs 1 through 9 of this complaint.

11.     Blue Spike, LLC is assignee of the '175 Patent, titled "Method and Device for Monitoring and Analyzing Signals," and has ownership of all substantial rights in the '175 Patent, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

12.    The '175 Patent is valid, is enforceable, and was duly and legally issued on July 3, 2012.

13.    Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '175 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

14.    Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '175 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '175 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '175 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '175 Patent under 35 U.S.C. §271.

4

15.     Defendant's acts of infringement of the '175 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '175 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

16.     On information and belief, Defendant has continued to infringe the '175 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit. On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk. Accordingly, Blue Spike seeks a willfulness finding against Defendant relative to its infringement of the '175 Patent entitling Blue Spike to increased damages under 35 U.S.C. §284 as well as attorneys' fees and costs under 35 U.S.C. §285.

17.     On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patents-in-Suit, including but not limited to at least one or more of the following:

        a.     The Patents-in-Suit are prominent, pioneering patents in the field of monitoring and analyzing signals. This is evidenced, in part, by the extent to which each of these patents has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The Patents-in-Suit have been forward-cited in at least 10 U.S.-issued patents and patent applications,

including patents originally assigned to such prominent companies as Microsoft, Agilent, Nvidia, and Avaya.

b.      Through the filing and known attempted service of the original Complaint in this lawsuit in January 2013.

18.     On information and belief, Defendant has at least had constructive notice of the '175 Patent by operation of law.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

19.     Blue Spike incorporates by reference the allegations in paragraphs 1 through 18 of this complaint.

20.     Blue Spike, LLC is assignee of the '494 Patent, titled "Method and Device for Monitoring and Analyzing Signals," and has ownership of all substantial rights in the '494 Patent, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

21.     The '494 Patent is valid, is enforceable, and was duly and legally issued on May 24, 2011.

22.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '494 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

23.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '494 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,

by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '494 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '494 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '494 Patent under 35 U.S.C. §271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '494 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '494 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '494 Patent under 35 U.S.C. § 271.

24.     Defendant's acts of infringement of the '494 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '494 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

25.     On information and belief, Defendant has continued to infringe the '494 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit. On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have

known of that objectively high risk. Accordingly, Blue Spike seeks a willfulness finding against Defendant relative to its infringement of the '494 Patent entitling Blue Spike to increased damages under 35 U.S.C. §284 as well as attorneys' fees and costs under 35 U.S.C. §285.

26.     On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patents-in-Suit, including but not limited to at least one or more of the following:

      a.     The Patents-in-Suit are prominent, pioneering patents in the field of monitoring and analyzing signals. This is evidenced, in part, by the extent to which each of these patents has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The Patents-in-Suit have been forward-cited in at least 10 U.S.-issued patents and patent applications, including patents originally assigned to such prominent companies as Microsoft, Agilent, Nvidia, and Avaya.

      b.     Through the filing and known attempted service of the original Complaint in this lawsuit in January 2013.

27.     On information and belief, Defendant has at least had constructive notice of the '494 Patent by operation of law.

**COUNT 3:**
**INFRINGEMENT OF U.S. PATENT NO. 7,660,700**

28.     Blue Spike incorporates by reference the allegations in paragraphs 1 through 27 of this complaint.

29.     Blue Spike, LLC is assignee of the '700 Patent, titled "Method and Device for Monitoring and Analyzing Signals," and has ownership of all substantial rights in the

'700 Patent, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

30.     The '700 Patent is valid, is enforceable, and was duly and legally issued on February 9, 2010.

31.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '700 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

32.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '700 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '700 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '700 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '700 Patent under 35 U.S.C. §271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '700 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of

the '700 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '700 Patent under 35 U.S.C. §271.

33.     Defendant's acts of infringement of the '700 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '700 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

34.     On information and belief, Defendant has continued to infringe the '700 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit. On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk. Accordingly, Blue Spike seeks a willfulness finding against Defendant relative to its infringement of the '700 Patent entitling Blue Spike to increased damages under 35 U.S.C. §284 as well as attorneys' fees and costs under 35 U.S.C. §285.

35.     On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patents-in-Suit, including but not limited to at least one or more of the following:

a.     The Patents-in-Suit are prominent, pioneering patents in the field of monitoring and analyzing signals. This is evidenced, in part, by the extent to which each of these patents has been forward-cited as prior art in connection with

the examination of subsequently-issued U.S. patents. The Patents-in-Suit have been forward-cited in at least 10 U.S.-issued patents and patent applications, including patents originally assigned to such prominent companies as Microsoft, Agilent, Nvidia, and Avaya.

b.      Through the filing and known attempted service of the original Complaint in this lawsuit in January 2013.

36.    On information and belief, Defendant has at least had constructive notice of the '700 Patent by operation of law.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

37.    Blue Spike incorporates by reference the allegations in paragraphs 1 through 36 of this complaint.

38.    Blue Spike, LLC is assignee of the '472 Patent, titled "Method and Device for Monitoring and Analyzing Signals," and has ownership of all substantial rights in the '472 Patent, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

39.    The '472 Patent is valid, is enforceable, and was duly and legally issued on March 18, 2008.

40.    Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '472 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

41.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '472 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '472 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '472 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '472 Patent under 35 U.S.C. §271. Those whom Defendant induces to infringe and/or whose infringement to which Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '472 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '472 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '472 Patent under 35 U.S.C. § 271.

42.     Defendant's acts of infringement of the '472 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '472 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

43.     On information and belief, Defendant has continued to infringe the '472 Patent since receiving notice of their infringement, at least by way of their receiving notice of

this lawsuit. On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk. Accordingly, Blue Spike seeks a willfulness finding against Defendant relative to its infringement of the '472 Patent entitling Blue Spike to increased damages under 35 U.S.C. §284 as well as attorneys' fees and costs under 35 U.S.C. §285.

44.     On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patents-in-Suit, including but not limited to at least one or more of the following:

a.     The Patents-in-Suit are prominent, pioneering patents in the field of monitoring and analyzing signals. This is evidenced, in part, by the extent to which each of these patents has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The Patents-in-Suit have been forward-cited in at least 10 U.S.-issued patents and patent applications, including patents originally assigned to such prominent companies as Microsoft, Agilent, Nvidia, and Avaya.

b.     Through the filing and known attempted service of the original Complaint in this lawsuit in January 2013.

45.     On information and belief, Defendant has at least had constructive notice of the '472 Patent by operation of law.

Case 6:12-cv-00499-RWS-CMC   Document 1386   Filed 04/01/14   Page 21 of 41 PageID #:
16728
Case 6:12-cv-00499-MHS   Document 918   Filed 08/12/13   Page 14 of 16 PageID #:  10357

## REQUEST FOR RELIEF

Blue Spike incorporates each of the allegations in paragraphs 1 through 45 above and respectfully asks the Court to:

(a)    enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the Patents-in-Suit;

(b)    enter a judgment awarding Blue Spike all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)    enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendant's willful infringement of one or more of the Patents-in-Suit;

(d)    issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Patents-in-Suit;

(e)    enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. §285, together with prejudgment interest; and

(f)    award Blue Spike all other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Blue Spike demands a jury trial on all issues that may be determined by a jury.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
Christopher S. Johns
Texas Bar No. 24044849
cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-0828
Facsimile:  (903) 526-5477

Kirk J. Anderson
California Bar No. 289043
Peter S. Brasher
California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

***Counsel for Blue Spike, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email. The foregoing document will be served according to the Hague Convention under the protocol established for serving a German entity.

/s/ Randall T. Garteiser
Randall T. Garteiser

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION
[in etwa: US-Bezirksgericht für den Bezirk Ost des US-Bundesstaats Texas; Kammer Tyler]

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| | § | |
| *Klägerin* | § | Zivilsache Nr. 6:12-CV-499-MHS |
| | § | |
| ./. | § | |
| | § | |
| TEXAS INSTRUMENTS, INC. u. a. | § | |
| | § | |
| *Beklagte* | § | |

## VERFÜGUNG ÜBER DIE ERNENNUNG EINES INTERNATIONALEN ZUSTELLERS FÜR LADUNG UND KLAGESCHRIFT

Gemäß dem auf der 10. Sitzung der Haager Konferenz für Internationales Privatrecht [Hague Conference on Private International Law] am 15. November 1965 (das „Haager Abkommen") ausgearbeiteten Kapitel 1, Artikel 3 des Übereinkommens zur Zustellung gerichtlicher und außergerichtlicher Schriftstücke in Zivil- oder Handelssachen im Ausland [Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters] und aus vorgetragenen triftigen Gründen ernennt das Gericht hiermit Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon 97205, USA, und ihre Beauftragten, als Bevollmächtigte und in dieser Gerichtsbarkeit für dieses Gericht zuständige gerichtliche Stelle zur Weiterleitung jeglicher in dieser Sache zuzustellenden Schriftstücke an die Zentralbehörde des betreffenden Landes.

**DIES WIRD SO VERFÜGT.**

**UNTERZEICHNET am 21. Januar 2014.**

/Unterschrift/ _____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

AO 440 (Rev. 06/12) Ladung in einer Zivilsache

---

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Texas
[in etwa: US-Bezirksgericht für den Bezirk Ost des US-Bundesstaats Texas]

|  |  |  |
|---|---|---|
| BLUE SPIKE, LLC | ) | |
| | ) | |
| | ) | |
| *Klägerin* | ) | |
| ./. | ) | |
| | ) | Zivilsache Nr. 6:12-CV-499-MHS |
| TEXAS INSTRUMENTS, INC. u. a. | ) | |
| | ) | |
| *Beklagte* | ) | |

## LADUNG IN EINER ZIVILSACHE

An: (Name und Anschrift der Beklagten)

**DERMALOG Identification Systems GmbH**
**Mittelweg 120**
**20148 Hamburg**
**Deutschland**

Gegen Sie wurde ein Rechtsstreit angestrengt.

Innerhalb von 21 Tagen nach Zustellung dieser Ladung an Sie (den Tag des Eingangs bei Ihnen nicht mitgerechnet), oder nach 60 Tagen, wenn Sie die Vereinigten Staaten oder eine US-Behörde oder ein in Fed. R. Civ P. 12 (a)(2) oder (3) beschriebener US-Beamter oder -Angestellter sind, müssen Sie gemäß Rule 12 der Federal Rules of Civil Procedure [US-Zivilprozessordnung] dem Kläger eine Antwort auf anliegende Klage oder einen Antrag einreichen. Die Antwort oder der Antrag müssen der Klägerin oder dem klägerischen Anwalt zugestellt werden, deren Namen und Anschrift wie folgt lauten:

Garteiser Honea - IP Trial Attorneys
Attn: Randall T. Garteiser, Esq.
218 N. College Ave.
Tyler, TX 75702-5715

Sollten Sie nicht antworten, ergeht gegen Sie Versäumnisurteil in Höhe des Klagebegehrens. Des Weiteren müssen Sie Ihre Antwort oder Ihren Antrag bei Gericht einreichen.

*CLERK OF COURT\*)*

Datum: **29.8.13**     [Siegel des Gerichts]     */Unterschrift/*
                                                  *Unterschrift des Clerk oder stellvertretenden Clerk*

\*) Leiter der Gerichtskanzlei

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION
[in etwa: Im US-Bezirksgericht für den Bezirk Ost von Texas, Kammer Tyler]

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | |
| | § | **Zivilsache Nr. 6:12-CV-499-MHS** |
| *Klägerin* | § | |
| ./. | § | **PRÄZEDENZFALL** |
| | § | |
| **TEXAS INSTRUMENTS, INC. u. a.** | § | **ANTRAG AUF** |
| | § | **GESCHWORENENVERFAHREN** |
| *Beklagte* | § | |
| | § | |

## ERSTE GEÄNDERTE KLAGE WEGEN PATENTVERLETZUNG GEGEN DERMALOG IDENTIFICATION SYSTEMS, GMBH

Die Klägerin Blue Spike, LLC reicht diese Klage gegen die Beklagte DERMALOG Identification Systems, GmbH („DERMALOG" oder die „Beklagte") ein und macht die Verletzung der US-Patente Nr. 7.346.472 (das „ '472-Patent"), 7.660.700 (das „'700-Patent"), 7.949.494 (das „'494-Patent") und 8.214.175 (das „'175-Patent" und zusammen die „'472-, '700- und '494-Patente, die streitgegenständlichen Patente) wie folgt geltend:

### ART DES RECHTSSTREITS

1.      Hierbei handelt es sich um eine Klage wegen Patentverletzung gemäß dem US-Patentrecht, Title 35 des United States Code [offizielle Kodifizierung der US-Bundesgesetze].

### PARTEIEN

2.      Die Klägerin Blue Spike, LLC ist eine nach den Gesetzen des US-Bundesstaats Texas gegründete Gesellschaft mit beschränkter Haftung mit der Zentrale und dem Hauptsitz 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703. Blue Spike, LLC ist die Rechtsnachfolgerin von Blue Spike, Inc. (einer nach den Gesetzen des US-Bundesstaats Florida gegründeten Gesellschaft), die die Rechtsnachfolgerin der streitgegenständlichen Patente von Scott Moskowitz und Michael Berry war. Auf Blue Spike, LLC und Blue Spike, Inc. wird zusammen als „Blue Spike" Bezug genommen.

1

Fall 6:12-cv-00499-MHS   Dokument 918 Eingereicht am 12.8.13  Seite 2 von 16 Seiten-ID-Nr. 10345

3.        Nach bestem Wissen und Gewissen ist DERMALOG Identification Systems, GmbH eine nach deutschem Recht gegründete Gesellschaft mit dem Hauptsitz Mittelweg 120, Hamburg 20148, Deutschland. Die Zustellung an die Beklagte kann durch das Haager Zustellungsübereinkommen für Deutschland erfolgen. Die Beklagte verkauft im US-Bundesstaat Texas und im Eastern District of Texas Produkte und ist dort geschäftlich tätig.

## ÖRTLICHE UND SACHLICHE ZUSTÄNDIGKEIT

4.        Bei dieser Klage handelt es sich um eine Zivilklage wegen Patentverletzung, die gemäß den Patentgesetzen der Vereinigten Staaten, 35 U.S.C. §101 ff [United States Code, Band 35, § 101 ff – offizielle Kodifizierung der US-Bundesgesetze], entsteht. Das Gericht ist gemäß 28 U.S.C. §§1331, 1332, 1338(a) und 1367 sachlich zuständig.

5.        Das Gericht hat für die Beklagte aus mindestens vier Gründen die persönliche Zuständigkeit:

(1) Die Beklagte hat in diesem Bezirk und in anderen Teilen von Texas Patentverletzungen begangen und zu Patentverletzungen anderer beigetragen und andere zu Patentverletzungen veranlasst.

(2) Die Beklagte ist in diesem Bezirk und in Texas regelmäßig geschäftlich tätig oder bemüht sich dort um Geschäfte.

(3) Die Beklagte ist in dem Bezirk und in Texas ständig tätig und erhält durch Produkte und/oder Dienstleistungen, die sie natürlichen Personen im Bezirk und in Texas bereitstellt, erhebliche Erträge, und

(4) die Beklagte hat mit dem Bezirk zielgerichtet umfangreiche, systematische und kontinuierliche Kontakte hergestellt und sie sollte begründeterweise erwarten, dass sie hier vor Gericht gebracht wird. Zum Beispiel vertreibt die Beklagte ihre Produkte durch eine im US-Bundesstaat Texas gegründete Gesellschaft, Fulcrum Biometrics, LLC, mit dem Hauptsitz 1862 W Bitters Road, Suite 100, San Antonio, TX 78248. Die Ausübung der Zuständigkeit des Gerichts über die Beklagte verstößt daher nicht gegen die traditionelle Auffassung fairen Verhaltens und materieller Gerechtigkeit.

2

6.      Die örtliche Zuständigkeit in diesem Gerichtsbezirk ist gemäß 28 U.S.C. §§1391 (b)-(c) und 1400(b) gegeben, da die Beklagte im US-Bundesstaat Texas geschäftlich tätig ist, in Texas und im Bezirk Verletzungshandlungen begangen hat, ein wesentlicher Teil der Ereignisse oder Unterlassungen, die Grundlage der Ansprüche von Blue Spike sind, sich im Bezirk zugetragen haben und die Beklagte der persönlichen Zuständigkeit in diesem Bezirk unterliegt.

## TATSACHENVORBRINGEN

7.      Die Beklagte entwirft, entwickelt und fertigt biometrische Fingerabdruck-Software-, Systeme- und Technologie. Die Beklagte fertigt, verwendet, bietet zum Verkauf an und/oder importiert in die USA unter anderem ihre folgenden Produkte, Systeme und/oder Dienstleistungen: Civil AFIS, Criminal AFIS & Palm AFIS, Combined AFIS, Next Generation AFIS, Biometric Gate, Finger Payment und FingerLogin Suite (die „beschuldigten Produkte"), die einen oder mehrere Ansprüche der streitgegenständlichen Patente verletzen.

8.      Die Beklagte hat für die patentierten Technologien von Blue Spike keine Lizenz beantragt oder erhalten.

9.      Die beschuldigten Produkte der Beklagten verwenden jedoch Methoden, Vorrichtungen und Systeme, die von den streitgegenständlichen Patenten von Blue Spike gelehrt werden.

## PUNKT 1 DER KLAGEBEGRÜNDUNG:
## VERLETZUNG VON US-PATENT-NR. 8.214.175

10.      Blue Spike nimmt das Vorbringen in den Ziffern 1 mit 9 dieser Klage hier durch Bezugnahme vollinhaltlich auf.

11.      Blue Spike, LLC ist Rechtsnachfolgerin des '175-Patents mit dem Titel „Method and Device for Monitoring and Analyzing Signals" [Methode und Vorrichtung für die Überwachung und Analyse von Signalen] und sie ist Inhaberin aller wesentlichen Rechte am '175-Patent, einschließlich der Rechte zur Gewährung von Unterlizenzen, zum Ausschluss Dritter von der Nutzung des Patents und zur Geltendmachung und zum Erhalt von Schadenersatz und anderen Rechtsmitteln für frühere und künftige Patentverletzungshandlungen.

3

Fall 6:12-cv-00499-MHS  Dokument 918 Eingereicht am 12.8.13  Seite 4 von 16 Seiten-ID-Nr. 10347

12.     Das '175-Patent ist gültig, durchsetzbar und wurde am 3. Juli 2012 rechtsgültig und ordnungsgemäß erteilt.

13.     Ohne Lizenz oder Genehmigung von Blue Spike hat die Beklagte einen oder mehrere Ansprüche des '175-Patents direkt, durch Beihilfe oder durch Veranlassung verletzt und verletzt diese weiterhin, indem sie in Verletzung von 35 U.S.C. §271 Produkte und Geräte importiert, hergestellt, verwendet, zum Verkauf anbietet oder verkauft, die die patentierte Erfindung verkörpern, wie u.a. eines oder mehrere der beschuldigten Produkte.

14.     Die Beklagte beging und begeht jetzt indirekt Verletzungen, indem sie Dritte im US-Bundesstaat Texas, in diesem Gerichtsbezirk oder anderswo in den Vereinigten Staaten zur Verletzung des '175-Patents veranlasst und/oder zur Verletzung Dritter beiträgt, indem sie u. a. Produkte zur Verwendung in Systemen ohne Lizenz oder Befugnis herstellt, verwendet, importiert, zum Verkauf anbietet und/oder verkauft, die in den Bereich einer der oder mehrerer Ansprüche des '175-Patents fallen. Zu diesen Produkten gehören u. a. eines oder mehrere der beschuldigten Produkte. Diese Produkte haben keine wesentlichen nicht verletzenden Verwendungen und sind für die Verwendung in Systemen, die das '175-Patent verletzen. Durch die Herstellung, Verwendung, den Import, das Angebot zum Verkauf und/oder den Verkauf dieser Produkte hat die Beklagte Blue Spike geschädigt und ist Blue Spike gegenüber daher für Verletzungen des '175-Patents gemäß 35 U.S.C. § 271 haftbar. Diejenigen, die die Beklagte zur Verletzung veranlasst und/oder zu deren Verletzung die Beklagte beiträgt, sind die Endbenutzer der beschuldigten Produkte. Die Beklagte wusste von dem '175-Patent mindestens bei Einreichung dieser Klage und ist daher für die Verletzung eines oder mehrerer Ansprüche des '175-Patents durch aktive Veranlassung zur Verletzung haftbar und/oder sie haftet aufgrund des Beitrags zur Verletzung eines oder mehrerer Ansprüche des '175-Patents gemäß 35 U.S.C. §271.

4

Fall 6:12-cv-00499-MHS  Dokument 918 Eingereicht am 12.8.13  Seite 5 von 16 Seiten-ID-Nr. 10348

15.      Durch die Verletzungen der Beklagten des '175-Patents sind Blue Spike Schäden entstanden, und Blue Spike ist zum Ersatz von Schäden durch die Beklagte, die aufgrund der rechtswidrigen Handlungen der Beklagten entstanden sind, in einer in der Verhandlung nachzuweisenden Höhe gemäß 35 U.S.C. §271 berechtigt. Durch die Verletzung der ausschließlichen Rechte von Blue Spike gemäß dem '175-Patent wird Blue Spike weiter geschädigt, wodurch nicht wiedergutzumachende Schäden entstehen, für die es keinen ausreichenden Rechtsschutz gibt, weshalb eine gerichtliche Unterlassungsanordnung gerechtfertigt ist.

16.      Nach bestem Wissen und Gewissen hat die Beklagte die Verletzung des '175-Patents fortgesetzt, nachdem sie ein Verwarnungsschreiben mit Unterlassungsaufforderung erhalten hat, zumindest durch Erhalt einer Anzeige über diesen Rechtsstreit. Nach bestem Wissen und Gewissen war diese fortgesetzte Verletzung objektiv rücksichtslos, unter anderem weil die Beklagte (1) trotz einer objektiv hohen Wahrscheinlichkeit, dass durch ihre Handlungen der Tatbestand der Verletzung eines gültigen Patents erfüllt wird, gehandelt hat, und (2) sie von diesem objektiv hohen Risiko wusste oder hätte wissen sollen. Demgemäß beantragt Blue Spike, dass gegen die Beklagte in Bezug auf deren Verletzungen des '175-Patents auf Vorsatz erkannt wird, wodurch Blue Spike gemäß 35 U.S.C. §284 zu Schadenersatz und gemäß 35 U.S.C. §285 zur Erstattung von Anwaltshonoraren und Kosten berechtigt ist.

17.      Nach bestem Wissen und Gewissen war und ist die Verletzung der streitgegenständlichen Patente durch die Beklagte vorsätzlich. Der Beklagten waren die streitgegenständlichen Patente bekannt, u. a. zumindest aus einem der folgenden Gründe:

a.       Die streitgegenständlichen Patente sind hervorstechende, bahnbrechende Patente auf dem Gebiet der Überwachung und Analyse von Signalen. Dies wird teilweise durch den Umfang offensichtlich, durch den diese Patente in Verbindung mit der Prüfung später ausgestellter US-Patente als Stand der Technik entgegengehalten [forward-citation] wurden. Die streitgegenständlichen Patente wurden in mindestens zehn in den USA ausgegebenen Patenten

5

Fall 6:12-cv-00499-MHS   Dokument 918 Eingereicht am 12.8.13  Seite 6 von 16 Seiten-ID-Nr. 10349

und Patentanmeldungen entgegengehalten, darunter Patente, die ursprünglich an so prominente

Unternehmen wie Microsoft, Agilent, Nvidia und Avaya abgetreten wurden.

b.  Durch die Einreichung und den bekannten Zustellungsversuch der Originalklage in

diesem Rechtsstreit im Januar 2013.

18.  Nach bestem Wissen und Gewissen hatte die Beklagte kraft Gesetz zumindest eine

zurechenbare Kenntnis des '175-Patents.

## PUNKT 2 DER KLAGEBEGRÜNDUNG:
## VERLETZUNG VON US-PATENT-NR. 7.949.494

19.  Blue Spike nimmt das Vorbringen in den Ziffern 1 mit 18 dieser Klage hier durch

Bezugnahme vollinhaltlich auf.

20.  Blue Spike, LLC ist Rechtsnachfolgerin des '494-Patents mit dem Titel „Method and

Device for Monitoring and Analyzing Signals" [Methode und Vorrichtung für die Überwachung und

Analyse von Signalen] und sie ist Inhaberin aller wesentlichen Rechte am '494-Patent, einschließlich der

Rechte zur Gewährung von Unterlizenzen, zum Ausschluss Dritter von der Nutzung des Patents und zur

Geltendmachung und zum Erhalt von Schadenersatz und anderen Rechtsmitteln für frühere und künftige

Patentverletzungshandlungen.

21.  Das '494-Patent ist gültig, durchsetzbar und wurde am 24. Mai 2011 rechtsgültig und

ordnungsgemäß erteilt.

22.  Ohne Lizenz oder Genehmigung von Blue Spike hat die Beklagte einen oder mehrere

Ansprüche des '494-Patents direkt, durch Beihilfe oder durch Veranlassung verletzt und verletzt diese

weiterhin, indem sie in Verletzung von 35 U.S.C. §271 Produkte und Geräte importiert, hergestellt,

verwendet, zum Verkauf anbietet oder verkauft, die die patentierte Erfindung verkörpern, wie u.a. eines

oder mehrere der beschuldigten Produkte.

23.  Die Beklagte beging und begeht jetzt indirekt Verletzungen, indem sie Dritte im US-

Bundesstaat Texas, in diesem Gerichtsbezirk oder anderswo in den Vereinigten Staaten zur Verletzung

des '494-Patents veranlasst und/oder zur Verletzung Dritter beiträgt, indem sie u. a. Produkte zur

6

Verwendung in Systemen ohne Lizenz oder Befugnis herstellt, verwendet, importiert, zum Verkauf anbietet und/oder verkauft, die in den Bereich eines oder mehrerer Ansprüche des '494-Patents fallen. Zu diesen Produkten gehören u. a. eines oder mehrere der beschuldigten Produkte. Diese Produkte haben keine wesentlichen nicht verletzenden Verwendungen und sind für die Verwendung in Systemen, die das '494-Patent verletzen. Durch die Herstellung, Verwendung, den Import, das Angebot zum Verkauf und/oder den Verkauf dieser Produkte hat die Beklagte Blue Spike geschädigt und ist Blue Spike gegenüber daher für Verletzungen des '494-Patents gemäß 35 U.S.C. § 271 haftbar. Diejenigen, die die Beklagte zur Verletzung veranlasst und/oder zu deren Verletzung die Beklagte beiträgt, sind sie Endbenutzer der beschuldigten Produkte. Die Beklagte wusste von dem '494-Patent mindestens bei Einreichung dieser Klage und ist daher für die Verletzung eines oder mehrerer Ansprüche des '494-Patents durch aktive Veranlassung zur Verletzung haftbar und/oder sie haftet aufgrund des Beitrags zur Verletzung eines oder mehrerer Ansprüche des '494-Patents gemäß 35 U.S.C. §271.

24.     Durch die Verletzungen der Beklagten des '494-Patents sind Blue Spike Schäden entstanden, und Blue Spike ist zum Ersatz von Schäden durch die Beklagte, die aufgrund der rechtswidrigen Handlungen der Beklagten entstanden sind, in einer in der Verhandlung nachzuweisenden Höhe gemäß 35 U.S.C. §271 berechtigt. Durch die Verletzung der ausschließlichen Rechte von Blue Spike gemäß dem '494-Patent wird Blue Spike weiter geschädigt, wodurch nicht wiedergutmachende Schäden entstehen, für die es keinen ausreichenden Rechtsschutz gibt, weshalb eine gerichtliche Unterlassungsanordnung gerechtfertigt ist.

25.     Nach bestem Wissen und Gewissen hat die Beklagte die Verletzung des '494-Patents fortgesetzt, nachdem sie ein Verwarnungsschreiben mit Unterlassungsaufforderung erhalten hat, zumindest durch Erhalt einer Anzeige über diesen Rechtsstreit. Nach bestem Wissen und Gewissen war diese fortgesetzte Verletzung objektiv rücksichtslos, unter anderem weil die Beklagte (1) trotz einer objektiv hohen Wahrscheinlichkeit, dass durch ihre Handlungen der Tatbestand der Verletzung eines

gültigen Patents erfüllt wird, gehandelt hat, und (2) sie von diesem objektiv hohen Risiko wusste oder hätte wissen sollen. Demgemäß beantragt Blue Spike, dass gegen die Beklagte in Bezug auf deren Verletzungen des '494-Patents auf Vorsatz erkannt wird, wodurch Blue Spike gemäß 35 U.S.C. §284 zu Schadenersatz und gemäß 35 U.S.C. §285 zur Erstattung von Anwaltshonoraren und Kosten berechtigt ist.

26.     Nach bestem Wissen und Gewissen war und ist die Verletzung der streitgegenständlichen Patente durch die Beklagte vorsätzlich. Der Beklagten waren die streitgegenständlichen Patente bekannt, u. a. zumindest aus einem der folgenden Gründe:

a.      Die streitgegenständlichen Patente sind hervorstechende, bahnbrechende Patente auf dem Gebiet der Überwachung und Analyse von Signalen. Dies wird teilweise durch den Umfang offensichtlich, durch den diese Patente in Verbindung mit der Prüfung später ausgestellter US-Patente als Stand der Technik entgegengehalten [forward-citations] wurden. Die streitgegenständlichen Patente wurden in mindestens zehn in den USA ausgegebenen Patenten und Patentanmeldungen entgegengehalten, darunter Patente, die ursprünglich an so prominente Unternehmen wie Microsoft, Agilent, Nvidia und Avaya abgetreten wurden.

b.      Durch die Einreichung und den bekannten Zustellungsversuch der Originalklage in diesem Rechtsstreit im Januar 2013.

27.     Nach bestem Wissen und Gewissen hatte die Beklagte kraft Gesetz zumindest eine zurechenbare Kenntnis des '494-Patents.

## PUNKT 3 DER KLAGEBEGRÜNDUNG:
## VERLETZUNG VON US-PATENT-NR. 7.660.700

28.     Blue Spike nimmt das Vorbringen in den Ziffern 1 mit 27 dieser Klage hier durch Bezugnahme vollinhaltlich auf.

29.     Blue Spike, LLC ist Rechtsnachfolgerin des '700-Patents mit dem Titel „Method and Device for Monitoring and Analyzing Signals" [Methode und Vorrichtung für die Überwachung und

8

Analyse Signalen] und sie ist Inhaberin aller wesentlichen Rechte am '700-Patent, einschließlich der Rechte zur Gewährung von Unterlizenzen, zum Ausschluss Dritter von der Nutzung des Patents und zur Geltendmachung und zum Erhalt von Schadenersatz und anderen Rechtsmitteln für frühere und künftige Patentverletzungshandlungen.

30.     Das '700-Patent ist gültig, durchsetzbar und wurde am 09. Februar 2010 rechtsgültig und ordnungsgemäß erteilt.

31.     Ohne Lizenz oder Genehmigung von Blue Spike hat die Beklagte einen oder mehrere Ansprüche des '700-Patents direkt, durch Beihilfe oder durch Veranlassung verletzt und verletzt diese weiterhin, indem sie in Verletzung von 35 U.S.C. §271 Produkte und Geräte importiert, hergestellt, verwendet, zum Verkauf anbietet oder verkauft, die die patentierte Erfindung verkörpern, wie u.a. eines oder mehrere der beschuldigten Produkte.

32.     Die Beklagte beging und begeht jetzt indirekt Verletzungen, indem sie Dritte im US-Bundesstaat Texas, in diesem Gerichtsbezirk oder anderswo in den Vereinigten Staaten zur Verletzung des '700-Patents veranlasst und/oder zur Verletzung Dritter beiträgt, indem sie u. a. Produkte zur Verwendung in Systemen ohne Lizenz oder Befugnis herstellt, verwendet, importiert, zum Verkauf anbietet und/oder verkauft, die in den Bereich eines oder mehrerer Ansprüche des '700-Patents fallen. Zu diesen Produkten gehören u. a. eines oder mehrere der beschuldigten Produkte. Diese Produkte haben keine wesentlichen nicht verletzenden Verwendungen und sind für die Verwendung in Systemen, die das '700-Patent verletzen. Durch die Herstellung, Verwendung, den Import, das Angebot zum Verkauf und/oder den Verkauf dieser Produkte hat die Beklagte Blue Spike geschädigt und ist Blue Spike gegenüber daher für Verletzungen des '700-Patents gemäß 35 U.S.C. § 271 haftbar. Diejenigen, die die Beklagte zur Verletzung veranlasst und/oder zu deren Verletzung die Beklagte beiträgt, sind sie Endbenutzer der beschuldigten Produkte. Die Beklagte wusste von dem '700-Patent mindestens bei Einreichung dieser Klage und ist daher für die Verletzung eines oder mehrerer Ansprüche des '700-

Patents durch aktive Veranlassung zur Verletzung haftbar und/oder sie haftet aufgrund des Beitrags zur Verletzung eines oder mehrerer Ansprüche des '700-Patents gemäß 35 U.S.C. §271.

33.      Durch die Verletzungen der Beklagten des '700-Patents sind Blue Spike Schäden entstanden, und Blue Spike ist zum Ersatz von Schäden durch die Beklagte, die aufgrund der rechtswidrigen Handlungen der Beklagten entstanden sind, in einer in der Verhandlung nachzuweisenden Höhe gemäß 35 U.S.C. §271 berechtigt. Durch die Verletzung der ausschließlichen Rechte von Blue Spike gemäß dem '700-Patent wird Blue Spike weiter geschädigt, wodurch nicht wiedergutzumachende Schäden entstehen, für die es keinen ausreichenden Rechtsschutz gibt, weshalb eine gerichtliche Unterlassungsanordnung gerechtfertigt ist.

34.      Nach bestem Wissen und Gewissen hat die Beklagte die Verletzung des '700-Patents fortgesetzt, nachdem sie ein Verwarnungsschreiben mit Unterlassungsaufforderung erhalten hat, zumindest durch Erhalt einer Anzeige über diesen Rechtsstreit. Nach bestem Wissen und Gewissen war diese fortgesetzte Verletzung objektiv rücksichtslos, unter anderem weil die Beklagte (1) trotz einer objektiv hohen Wahrscheinlichkeit, dass durch ihre Handlungen der Tatbestand der Verletzung eines gültigen Patents erfüllt wird, gehandelt hat, und (2) sie von diesem objektiv hohen Risiko wusste oder hätte wissen sollen. Demgemäß beantragt Blue Spike, dass gegen die Beklagte in Bezug auf deren Verletzungen des '700-Patents auf Vorsatz erkannt wird, wodurch Blue Spike gemäß 35 U.S.C. §284 zu Schadenersatz und gemäß 35 U.S.C. §285 zur Erstattung von Anwaltshonoraren und Kosten berechtigt ist.

35.      Nach bestem Wissen und Gewissen war und ist die Verletzung der streitgegenständlichen Patente durch die Beklagte vorsätzlich. Der Beklagten waren die streitgegenständlichen Patente bekannt, u. a. zumindest aus einem der folgenden Gründe:

a.      Die streitgegenständlichen Patente sind hervorstechende, bahnbrechende Patente auf dem Gebiet der Überwachung und Analyse von Signalen. Dies wird teilweise durch den Umfang offensichtlich, durch den diese Patente in Verbindung mit der Prüfung später ausgestellter US-Patente als Stand der Technik entgegengehalten [forward-citations] wurden. Die

10

streitgegenständlichen Patente wurden in mindestens zehn in den USA ausgegebenen Patenten und Patentanmeldungen entgegengehalten, darunter Patente, die ursprünglich an so prominente Unternehmen wie Microsoft, Agilent, Nvidia und Avaya abgetreten wurden.

b.       Durch die Einreichung und den bekannten Zustellungsversuch der Originalklage in diesem Rechtsstreit im Januar 2013.

36.      Nach bestem Wissen und Gewissen hatte die Beklagte kraft Gesetz zumindest eine zurechenbare Kenntnis des '700-Patents.

## PUNKT 4 DER KLAGEBEGRÜNDUNG:
## VERLETZUNG VON US-PATENT-NR. 7.346.472

37.      Blue Spike nimmt das Vorbringen in den Ziffern 1 mit 36 dieser Klage hier durch Bezugnahme vollinhaltlich auf.

38.      Blue Spike, LLC ist Rechtsnachfolgerin des '472-Patents mit dem Titel „Method and Device for Monitoring and Analyzing Signals" [Methode und Vorrichtung für die Überwachung und Analyse von Signalen] und sie ist Inhaberin aller wesentlichen Rechte am '472-Patent, einschließlich der Rechte zur Gewährung von Unterlizenzen, zum Ausschluss Dritter von der Nutzung des Patents und zur Geltendmachung und zum Erhalt von Schadenersatz und anderen Rechtsmitteln für frühere und künftige Patentverletzungshandlungen.

39.      Das '472-Patent ist gültig, durchsetzbar und wurde am 18. März 2008 rechtsgültig und ordnungsgemäß erteilt.

40.      Ohne Lizenz oder Genehmigung von Blue Spike hat die Beklagte einen oder mehrere Ansprüche des '472-Patents direkt, durch Beihilfe oder durch Veranlassung verletzt und verletzt diese weiterhin, indem sie in Verletzung von 35 U.S.C. §271 Produkte und Geräte importiert, hergestellt, verwendet, zum Verkauf anbietet oder verkauft, die die patentierte Erfindung verkörpern, wie u.a. eines oder mehrere der beschuldigten Produkte.

11

41.     Die Beklagte beging und begeht jetzt indirekt Verletzungen, indem sie Dritte im US-Bundesstaat Texas, in diesem Gerichtsbezirk oder anderswo in den Vereinigten Staaten zur Verletzung des '472-Patents veranlasst und/oder zur Verletzung Dritter beiträgt, indem sie u. a. Produkte zur Verwendung in Systemen ohne Lizenz oder Befugnis herstellt, verwendet, importiert, zum Verkauf anbietet und/oder verkauft, die in den Bereich eines oder mehrerer Ansprüche des '472-Patents fallen. Zu diesen Produkten gehören u. a. eines oder mehrere der beschuldigten Produkte. Diese Produkte haben keine wesentlichen nicht verletzenden Verwendungen und sind für die Verwendung in Systemen, die das '472-Patent verletzen. Durch die Herstellung, Verwendung, den Import, das Angebot zum Verkauf und/oder den Verkauf dieser Produkte hat die Beklagte Blue Spike geschädigt und ist Blue Spike gegenüber daher für Verletzungen des '472-Patents gemäß 35 U.S.C. § 271 haftbar. Diejenigen, die die Beklagte zur Verletzung veranlasst und/oder zu deren Verletzung die Beklagte beiträgt, sind sie Endbenutzer der beschuldigten Produkte. Die Beklagte wusste von dem '472-Patent mindestens bei Einreichung dieser Klage und ist daher für die Verletzung eines oder mehrerer Ansprüche des '472-Patents durch aktive Veranlassung zur Verletzung haftbar und/oder sie haftet aufgrund des Beitrags zur Verletzung eines oder mehrerer Ansprüche des '472-Patents gemäß 35 U.S.C. §271.

42.     Durch die Verletzungen der Beklagten des '472-Patents sind Blue Spike Schäden entstanden, und Blue Spike ist zum Ersatz von Schäden durch die Beklagte, die aufgrund der rechtswidrigen Handlungen der Beklagten entstanden sind, in einer in der Verhandlung nachzuweisenden Höhe gemäß 35 U.S.C. §271 berechtigt. Durch die Verletzung der ausschließlichen Rechte von Blue Spike gemäß dem '472-Patent wird Blue Spike weiter geschädigt, wodurch nicht wiedergutzumachende Schäden entstehen, für die es keinen ausreichenden Rechtsschutz gibt, weshalb eine gerichtliche Unterlassungsanordnung gerechtfertigt ist.

43.     Nach bestem Wissen und Gewissen hat die Beklagte die Verletzung des '472-Patents fortgesetzt, nachdem sie ein Verwarnungsschreiben mit Unterlassungsaufforderung erhalten hat,

12

zumindest durch Erhalt einer Anzeige über diesen Rechtsstreit. Nach bestem Wissen und Gewissen war diese fortgesetzte Verletzung objektiv rücksichtslos, unter anderem weil die Beklagte (1) trotz einer objektiv hohen Wahrscheinlichkeit, dass durch ihre Handlungen der Tatbestand der Verletzung eines gültigen Patents erfüllt wird, gehandelt hat, und (2) sie von diesem objektiv hohen Risiko wusste oder hätte wissen sollen. Demgemäß beantragt Blue Spike, dass gegen die Beklagte in Bezug auf deren Verletzungen des '472-Patents auf Vorsatz erkannt wird, wodurch Blue Spike gemäß 35 U.S.C. §284 zu Schadenersatz und gemäß 35 U.S.C. §285 zur Erstattung von Anwaltshonoraren und Kosten berechtigt ist.

44.     Nach bestem Wissen und Gewissen war und ist die Verletzung der streitgegenständlichen Patente durch die Beklagte vorsätzlich. Der Beklagten waren die streitgegenständlichen Patente bekannt, u. a. zumindest aus einem der folgenden Gründe:

a.      Die streitgegenständlichen Patente sind hervorstechende, bahnbrechende Patente auf dem Gebiet der Überwachung und Analyse von Signalen. Dies wird teilweise durch den Umfang offensichtlich, durch den diese Patente in Verbindung mit der Prüfung später ausgestellter US-Patente als Stand der Technik entgegengehalten wurden. Die streitgegenständlichen Patente wurden in mindestens zehn in den USA ausgegebenen Patenten und Patentanmeldungen entgegengehalten, darunter Patente, die ursprünglich an so prominente Unternehmen wie Microsoft, Agilent, Nvidia und Avaya abgetreten wurden.

b.      Durch die Einreichung und den bekannten Zustellungsversuch der Originalklage in diesem Rechtsstreit im Januar 2013.

45.     Nach bestem Wissen und Gewissen hatte die Beklagte kraft Gesetz zumindest eine zurechenbare Kenntnis des '472-Patents.

13

Fall 6:12-cv-00499-MHS   Dokument 918 Eingereicht am 12.8.13  Seite 14 von 16 Seiten-ID-Nr. 10357

## ANTRÄGE

Blue Spike nimmt das Vorbringen in den Ziffern 1 mit 45 oben hier vollinhaltlich auf und stellt folgende Anträge:

(a)   Erlass eines Urteils, dass die Beklagte einen oder mehrere Anträge der streitgegenständlichen Patente direkt verletzt, zu deren Verletzung beigetragen und/oder deren Verletzung veranlasst hat.

(b)   Erlass eines Urteils, wodurch Blue Spike der Schadenersatz zuerkannt wird, der ausreicht, dass sie für die direkten Verletzungen, Beiträge zu Verletzungen oder Veranlassung der Verletzung der streitgegenständlichen Patente entschädigt wird, einschließlich aller vor und nach dem Urteil angefallener bzw. anfallender Zinsen zum gesetzlich zulässigen Höchstsatz.

(c)   Erlass eines Urteils, wodurch gemäß 35 U.S.C. §284 ein dreifacher Schadenersatz für die vorsätzliche Verletzung eines oder mehrerer der streitgegenständlichen Patente durch die Beklagte zuerkannt wird.

(d)   Erlass einer einstweiligen Verfügung und danach einer endgültigen Verfügung, wodurch es der Beklagten, ihren Mitgliedern der Geschäftsleitung, leitenden Angestellten, Beauftragten, Bediensteten, Mitarbeitern und denjenigen, die in einer gemeinsamen Interessenbeziehung oder im Einverständnis mit denselben handeln, sowie ihren Tochtergesellschaften, Geschäftseinheiten, Rechtsnachfolgern und Zessionaren untersagt und verboten wird, weitere Verletzungshandlungen, Beiträge zu Verletzungen oder die Veranlassung von Verletzungen der streitgegenständlichen Patente zu begehen.

(e)   Erlass eines Urteils, wonach die Beklagte verpflichtet ist, die Kosten der Klage zu tragen, einschließlich aller Kosten und Auslagen, wie in 35 U.S.C. §285 vorgesehen, zusammen mit vor dem Urteil angefallener Anwaltshonorare, und

(f)   Zuerkennung der sonstigen Rechtsmittel für Blue Spike, die dieses Gericht als gerecht und angemessen erachtet.

## ANTRAG AUF GESCHWORENENVERFAHREN

Blue Spike beantragt ein Geschworenenverfahren für alle so verhandelbaren Streitpunkte.

14

Hochachtungsvoll eingereicht

/gez./ Randall T, Garteiser
Randall T. Garteiser
Anwaltszulassungsnr. Texas 24038912
rgarteiser@ghip3aw.com
Christopher A. Honea
Anwaltszulassungsnr. Texas 24059967
chonea@ghiplaw.com
Christopher S. Johns
Anwaltszulassungsnr. Texas 24044849
cjohns@ghiplaw.com
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Tel.: (903) 705-0828
Fax: (903) 526-5477

Kirk J. Anderson
Anwaltszulassungsnr. Kalifornien 289043
Peter S. Brasher
Anwaltszulassungsnr. Kalifornien 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Tel.: (415)785-3762
Fax: (415) 785-3805

*Anwalte für Blue Spike, LLC*

16

## ZUSTELLUNGSNACHWEIS

Der Unterzeichnete bestätigt, dass obiges Schriftstück gemäß Local Rule CV-5(a) [örtliche Bestimmung] elektronisch eingereicht wurde. Somit wurde dieses Schriftstück allen Anwälten zugestellt, bei denen davon ausgegangen wird, dass sie der elektronischen Zustellung zugestimmt haben. Local Rule CV-5(a)(3)(A). Gemäß Federal Rule of Civil Procedure 5(d) [Zivilprozessordnung] und Local Rule CV-5(d) und (e) wurde obiges Schriftstück allen Anwälten, bei denen davon ausgegangen wird, dass sie der elektronischen Zustellung nicht zugestimmt haben, durch eine mit dem Original übereinstimmende und richtige Abschrift per E-Mail [sic] zugestellt. Obiges Schriftstück wird gemäß dem Haager Zustellungsübereinkommen für die Zustellung an ein deutsches Unternehmen zugestellt.

/gez./  Randall T. Garteiser
Randall T. Garteiser

17