IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
TEXAS TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>   *Plaintiff,*<br><br> v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>   *Defendant.* | Civil Action No. 6:12-cv-499-MHS (LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| BLUE SPIKE, LLC,<br><br>   *Plaintiff,*<br><br> v.<br><br>ATTRIBUTOR CORPORATION,<br><br>   *Defendant.* | Consolidated From 6:12-cv-540-LED<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT ATTRIBUTOR CORPORATION'S AMENDED ANSWER

Defendant Attributor Corporation ("Attributor"), by and through its undersigned attorneys, hereby answers plaintiff Blue Spike, LLC's ("Plaintiff's") complaint. For convenience, the headings from the Complaint are reproduced here. Each numbered paragraph 1 – 62 below corresponds to those paragraphs numbered 1 – 62 in the Complaint. Attributor denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.

### NATURE OF THE SUIT

1. Attributor admits that Plaintiffs complaint purports to state a claim under the patent laws, Title 35 of the United States Code.

## PARTIES

2. Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 2, and therefore denies them.

3. Attributor admits that at the time of the Complaint it was a Delaware Corporation; that its principal place of business was located at 119 South B Street, Suite A, San Mateo, California 94401; and that it could be served with process through its then-registered agent, National Registered Agents, Inc.  Attributor is now an Oregon Corporation and its principal place of business is located at 400 El Camino Real, Suite 650, San Mateo, California 94402. Attributor denies that it does business in the State of Texas or in the Eastern District of Texas.

## JURISDICTION AND VENUE

4. Attributor admits that Plaintiff's complaint purports to state a claim under the patent laws of the United States, and that this Court has subject matter jurisdiction over patent claims.

5. Attributor denies that it has committed any act of patent infringement, and/or contributed to or induced acts of patent infringement by others, in this District, in Texas, or elsewhere.  Attributor denies that it regularly does business or solicits business in the District or in Texas.  Attributor denies that it engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas.  Attributor denies that it has purposefully established substantial, systematic, and continuous contacts with the District or should reasonably expect to be haled into court here. Attributor denies that the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

6. Attributor denies that venue is proper in this District. Attributor denies that it has committed any act of infringement in this District, in Texas, or elsewhere. Attributor denies that it does business in the State of Texas. Attributor denies that any acts or omissions giving rise to Blue Spike's claims happened in this District. Attributor denies that it is subject to personal jurisdiction in the District.

## FACTUAL BACKGROUND

### A. Moskowitz's History

7. Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 7, and on that basis denies them.

8. Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 8, and on that basis denies them.

9. Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 9, and on that basis denies them.

10. Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 10, and on that basis denies them.

11. Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 11, and on that basis denies them.

12. Attributor admits that USPTO classification 713, subclass 176, is titled

"Authentication by digital signature representation or digital watermark."  Except as so expressly admitted, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 12, and on that basis denies them.

       13.       Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 13, and on that basis denies them.

       14.       Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 14, and on that basis denies them.

       15.       Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 15, and on that basis denies them.

       16.       Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 16, and on that basis denies them.

       17.       Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 17, and on that basis denies them.

       18.       Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 18, and on that basis denies them.

       19.       Attributor lacks sufficient knowledge and information on which to form an

admission or a denial regarding the factual allegations contained in Paragraph 19, and on that basis denies them.

20. Attributor is informed and believes, and based thereon alleges, that, to the extent that Blue Spike has any purported connections to this District, those purported "connections [were] made in anticipation of litigation and for the likely purpose of making th[is] forum appear convenient," in violation of, *e.g., In re Microsoft,* 630 F.3d 1361 (Fed. Cir. 2011) and *Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010). Except as so expressly averred, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 20, and on that basis denies them.

### B. Patents-in-Suit

21. To the extent that Paragraph 21 purports to define terms used in any U.S. Patent, Attributor avers that Plaintiff's purported definitions of such terms are purported conclusions of law to which no response is required. Otherwise, and for avoidance of doubt, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 21, and on that basis denies them.

22. To the extent that Paragraph 22 purports to define terms used in any U.S. Patent, Attributor avers that Plaintiff's purported definitions of such terms are purported conclusions of law to which no response is required. Otherwise, and for avoidance of doubt, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 22, and on that basis denies them.

23. Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 23, and on that basis denies them.

24. Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 24, and on that basis denies them.

25. To the extent that Paragraph 25 purports to define terms used in any U.S. Patent, Attributor avers that Plaintiffs purported definitions of such terms are purported conclusions of law to which no response is required. Otherwise, and for avoidance of doubt, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 25, and on that basis denies them.

26. Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 26, and on that basis denies them.

## C. The Accused Products and Services

27. Attributor admits that it develops software, systems and technologies to identify and protect content. Attributor denies the remaining factual allegations contained in Paragraph 27, and specifically denies that it has ever infringed any valid claim of the Patents-in-Suit.

28. Attributor denies it has ever needed any license from Blue Spike, but admits that it has not sought or obtained such a license.

29. Attributor denies the factual allegations contained in Paragraph 29.

30. Attributor denies the factual allegations contained in Paragraph 30.

## COUNT 1:

## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31. Attributor incorporates by reference its responses to paragraphs 1 through 30.

32. Attributor admits that the '175 patent is titled "Method and Device for Monitoring

and Analyzing Signals." Except as so expressly admitted, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 32, and on that basis denies them.

33.     Attributor admits that Exhibit A purports to be a true and correct copy of the '175 patent, which asserts on its face that it issued on July 3, 2012. Except as so expressly admitted, Attributor denies the factual allegations contained in Paragraph 33.

34.     Attributor denies it has ever needed any license from Blue Spike, but admits that it has not sought or obtained such a license. Attributor denies the remaining factual allegations contained in Paragraph 34, and specifically denies that it has ever infringed any valid claim of the '175 patent.

35.     Attributor denies the factual allegations contained in Paragraph 35, and specifically denies that it has committed any act of infringement in this District, in Texas, or elsewhere.

36.     Attributor denies the factual allegations contained in Paragraph 36.

37.     Attributor denies the factual allegations contained in Paragraph 37.

38.     Attributor denies the factual allegations contained in Paragraph 38.

## COUNT 2:

## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39.     Attributor incorporates by reference its responses to paragraphs 1 through 38.

40.     Attributor admits that the '494 patent is titled "Method and Device for Monitoring and Analyzing Signals." Except as so expressly admitted, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 40, and on that basis denies them.

41. Attributor admits that Exhibit B purports to be a true and correct copy of the '494 patent, which asserts on its face that it issued on May 24, 2011. Except as so expressly admitted, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 41, and on that basis denies them.

42. Attributor denies it has ever needed any license from Blue Spike, but admits that it has not sought or obtained such a license. Attributor denies the remaining factual allegations contained in Paragraph 42, and specifically denies that it has ever infringed any valid claim of the '494 patent.

43. Attributor denies the factual allegations contained in Paragraph 43, and specifically denies that it has committed any act of infringement in this District, in Texas, or elsewhere.

44. Attributor denies the factual allegations contained in Paragraph 44.

45. Attributor denies the factual allegations contained in Paragraph 45.

46. Attributor denies the factual allegations contained in Paragraph 46.

## COUNT 3:

## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. Attributor incorporates by reference its responses to paragraphs 1 through 46.

48. Attributor admits that the '700 patent is titled "Method and Device for Monitoring and Analyzing Signals." Except as so expressly admitted, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 48, and on that basis denies them.

49. Attributor admits that Exhibit C purports to be a true and correct copy of the '700 patent, which asserts on its face that it issued on February 9, 2010. Except as so expressly

admitted, Attributor denies the factual allegations contained in Paragraph 49.

50. Attributor denies it has ever needed any license from Blue Spike, but admits that it has not sought or obtained such a license. Attributor denies the remaining factual allegations contained in Paragraph 50, and specifically denies that it has ever infringed any valid claim of the '700 patent.

51. Attributor denies the factual allegations contained in Paragraph 51, and specifically denies that it has committed any act of infringement in this District, in Texas, or elsewhere.

52. Attributor denies the factual allegations contained in Paragraph 52.

53. Attributor denies the factual allegations contained in Paragraph 53.

54. Attributor denies the factual allegations contained in Paragraph 54.

## COUNT 4:

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55. Attributor incorporates by reference its responses to paragraphs 1 through 54.

56. Attributor admits that the '472 patent is titled "Method and Device for Monitoring and Analyzing Signals." Except as so expressly admitted, Attributor lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 56, and on that basis denies them.

57. Attributor admits that Exhibit D purports to be a true and correct copy of the '472 patent, which asserts on its face that it issued on March 18, 2008. Except as so expressly admitted, Attributor denies the factual allegations contained in Paragraph 57.

58. Attributor denies it has ever needed any license from Blue Spike, but admits that it has not sought or obtained such a license. Attributor denies the remaining factual allegations

contained in Paragraph 58, and specifically denies that it has ever infringed any valid claim of the '472 patent.

59.     Attributor denies the factual allegations contained in Paragraph 59, and specifically denies that it has committed any act of infringement in this District, in Texas, or elsewhere.

60.     Attributor denies the factual allegations contained in Paragraph 60.

61.     Attributor denies the factual allegations contained in Paragraph 61.

62.     Attributor denies the factual allegations contained in Paragraph 62.

## JURY DEMAND

63.     Attributor acknowledges and joins Plaintiff's request for a trial by jury on all issues triable as of right by a jury that are raised in this matter.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint and as additional defenses thereto, Attributor states the following affirmative and other defenses, without admitting any allegation of the Complaint not expressly admitted above, undertaking the burden of proof with respect to such Affirmative Defenses only to the extent required by law and without assuming any burden of proving any fact that is otherwise Plaintiff's burden to prove. Attributor reserves the right to amend its answer or to augment these defenses based on further investigation and discovery.

### Failure To State A Claim

1.     The Complaint fails to state a claim upon which relief may be granted.

### Non-Infringement

2.     Attributor has not infringed any valid claim of any patent-in-suit, either literally, directly, contributorily, by inducement, or under the doctrine of equivalents, nor has Attributor

committed any act that gives rise to liability for infringement of any patent-in-suit, whether directly or indirectly, and Attributor is without any liability to Plaintiff.

### Invalidity

3. Each claim of the patents-in-suit is invalid for failure to comply with one or more requirements of the Patent Act, 35 U.S.C. § 1 *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Dedication To The Public

4. Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in each of the patents-in-suit, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Limitations On Damages

5. Some or all of Plaintiff's claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. §§ 286-288.  To the extent that Plaintiff, its predecessors in interest, its licensees, or other relevant persons failed to comply with the notice provisions of 35 U.S.C. § 287, Plaintiff may not recover damages for any alleged infringement occurring prior to filing of Plaintiff's Complaint.  Plaintiff is barred by 35 U.S.C. § 288 from recovering costs.

### Use/Manufacture By/For United States Government

6. To the extent that any accused product has been used by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

### Failure To Mitigate Damages

7. Plaintiff's claims may be barred, in whole or in part, by its failure to mitigate damages.

**No Entitlement To An Injunction**

8. Plaintiff cannot show that it has suffered or will suffer any irreparable or immediate injury as a result of Attributor's alleged actions.

9. Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Attributor's alleged actions.

10. Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Attributor, a remedy in equity is warranted.

11. Plaintiff cannot show that the public interest favors an injunction against Attributor.

12. Plaintiff cannot meet the requirements for an injunction. Plaintiff is not entitled to an injunction.

**License Or Exhaustion**

13. Plaintiff's claims for patent infringement are precluded in whole or in part: (i) to the extent that any allegedly infringing products or services are supplied, directly or indirectly, to Attributor by an entity or entities having express or implied licenses to any patent-in-suit; (ii) to the extent that any allegedly infringing products or services are supplied, directly or indirectly, by Attributor to an entity or entities having express or implied licenses to any patent-in-suit; and/or (iii) under the doctrine of patent exhaustion.

**Extraterritoriality**

14. Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside the United States.

**Equitable Defenses**

15. Plaintiff's claims are barred in whole or in part under principles of equity,

including laches, prosecution laches, waiver, estoppel, and/or unclean hands.

## Prosecution History Estoppel

16.     Plaintiff's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel.

## Reserved Defenses

17.     Attributor reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Attributor requests that the Court find in its favor and grant Attributor the following relief:

  a) That the Court enter judgment for Attributor on all causes of action asserted by Plaintiff;

  b) That the Court deny Plaintiffs requests for judgment and for damages, injunction, or other relief;

  c) That the Court enter a judgment finding that Attributor has not infringed the claims of any patent-in-suit;

  d) That the Court enter a judgment finding that the claims of the patents-in-suit are invalid;

  e) That this Court declare this an exceptional case and award Attributor its attorneys' fees and costs, including but not limited to in accordance with 35 U.S.C. § 285; and

    f)    That this Court award Attributor such other and further relief as the Court deems equitable and just.

Dated: April 4, 2014

Respectfully submitted,

*/s/ Kristin L. Cleveland*
Kristin L. Cleveland
OR State Bar No. 001318 (admitted E.D. Texas)
kristin.cleveland@klarquist.com
Kristen L. Reichenbach (OR State Bar No. 115858)
kristen.reichenbach@klarquist.com
John D. Vandenberg (OR State Bar No. 893755)
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

**Attorneys for Defendant Attributor Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 4, 2014.  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Kristin L. Cleveland*
Kristin L. Cleveland