# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, <br>     Plaintiff, <br><br> vs. <br><br> TEXAS INSTRUMENTS, INC. et al., <br><br>     Defendants. | § § § § § § § § § § | Civil Action No. 6:12-CV-499 <br><br> (LEAD CASE) <br><br> JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC, <br>     Plaintiff, <br><br> vs. <br><br> CBS CORP., and <br> LAST.FM LTD., <br><br>     Defendants. | § § § § § § § § § § § § | Civil Action No. 6:12-CV-594 <br><br> (CONSOLIDATED WITH 6:12-CV-499) <br><br> JURY TRIAL DEMANDED |

### DEFENDANT LAST.FM LTD.'S ANSWER
### TO BLUE SPIKE, LLC'S AMENDED COMPLAINT

Defendant Last.fm Ltd. ("Last.fm"), by and through its attorneys, hereby answers Plaintiff Blue Spike, LLC's ("Blue Spike") Complaint for patent infringement as follows:

### NATURE OF THE SUIT

1.  Last.fm admits that Blue Spike alleges a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies any wrongdoing or liability on its own behalf.

### PARTIES

2.  Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 2 of the Complaint and, on that basis, denies them.

3. Admitted.

4. Last.fm admits that it is a United Kingdom limited company and a wholly-owned indirect subsidiary of CBS Corp. Except as so expressly admitted herein, Last.fm denies the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Last.fm admits that Blue Spike alleges a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but denies any wrongdoing or liability on Last.fm's behalf. Except as so expressly admitted herein, Last.fm denies the allegations in Paragraph 5 of the Complaint.

6. Last.fm denies the allegations in Paragraph 6 of the Complaint.

7. Last.fm denies the allegations in Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

### A. Moskowitz's History

8. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, on that basis, denies them.

9. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 9 of the Complaint and, on that basis, denies them.

10. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, on that basis, denies them.

11. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, on that basis, denies them.

12. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, on that basis, denies them.

13. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, on that basis, denies them.

14. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, on that basis, denies them.

15. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, on that basis, denies them.

16. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, on that basis, denies them.

17. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, on that basis, denies them.

18. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, on that basis, denies them.

19. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, on that basis, denies them.

20. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, on that basis, denies them.

21. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, on that basis, denies them.

**B.    Patents-in-Suit**

22. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, on that basis, denies them.

23. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 23 of the Complaint and, on that basis, denies them.

24. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 24 of the Complaint and, on that basis, denies them.

25. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 25 of the Complaint and, on that basis, denies them.

26. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 26 of the Complaint and, on that basis, denies them.

27. Last.fm does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 27 of the Complaint and, on that basis, denies them.

**C. The Accused Products and Services**

28. Last.fm admits that it designs and develops software, systems and technology for its Last.fm music website and for its Audioscrobbler software. Last.fm also admits that it has more than 30 million registered users and has received more than 50 billion scrobbles. Except as so expressly admitted herein, Last.fm denies the allegations in Paragraph 28 of the Complaint.

29. Last.fm admits that it has not sought a license from Blue Spike. Except as so expressly admitted herein, Last.fm denies the allegations in Paragraph 30 of the Complaint.

30. Last.fm denies the allegations in Paragraph 30 of the Complaint.

**COUNT 1:**
**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

31. Last.fm incorporates by reference its responses to Paragraphs 1-30 of Blue Spike's Complaint, as if fully set forth herein.

32. Last.fm admits that, according to the face of the patent, United States Patent No. 8,214,175 ("the '175 Patent") is entitled "Method and Device for Monitoring and Analyzing

Signals." Last.fm does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint and, on that basis, denies them.

33.  Last.fm admits that what appears to be a copy of the '175 Patent is attached as an exhibit to Blue Spike's Original Complaint, and that, on its face, the '175 Patent was issued on July 3, 2012. Last.fm denies that the '175 Patent is valid.  Last.fm does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 33 of the Complaint and, on that basis, denies them.

34.  Last.fm denies the allegations in Paragraph 34 of the Complaint.

35.  Last.fm denies the allegations in Paragraph 35 of the Complaint.

36.  Last.fm denies the allegations in Paragraph 36 of the Complaint.

37.  Last.fm denies the allegations in Paragraph 37 of the Complaint.

38.  Last.fm denies the allegations in Paragraph 38 of the Complaint.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39.  Last.fm incorporates by reference its responses to Paragraphs 1-38 of Blue Spike's Complaint, as if fully set forth herein.

40.  Last.fm admits that, according to the face of the patent, United States Patent No. 7,949,494 ("the '494 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." Last.fm does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 40 of the Complaint and, on that basis, denies them.

41.  Last.fm admits that what appears to be a copy of the '494 Patent is attached as an exhibit to Blue Spike's Complaint, and that, on its face, the '494 Patent was issued on May 24, 2011. Last.fm denies that the '494 Patent is valid.  Last.fm does not have sufficient knowledge or

information as to the truth of the remaining allegations set forth in Paragraph 41 of the Complaint and, on that basis, denies them.

42. Last.fm denies the allegations in Paragraph 42 of the Complaint.

43. Last.fm denies the allegations in Paragraph 43 of the Complaint.

44. Last.fm denies the allegations in Paragraph 44 of the Complaint.

45. Last.fm denies the allegations in Paragraph 45 of the Complaint.

46. Last.fm denies the allegations in Paragraph 46 of the Complaint.

## COUNT 3: INFRINGEMENT OF U.S. PATENT 7,660,700

47. Last.fm incorporates by reference its responses to Paragraphs 1-46 of Blue Spike's Complaint, as if fully set forth herein.

48. Last.fm admits that, according to the face of the patent, United States Patent No. 7,660,700 ("the '700 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." Last.fm does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 48 of the Complaint and, on that basis, denies them.

49. Last.fm admits that what appears to be a copy of the '700 Patent is attached as an exhibit to Blue Spike's Complaint, and that, on its face, the '700 Patent was issued on February 9, 2010. Last.fm denies that the '700 Patent is valid.  Last.fm does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 49 of the Complaint and, on that basis, denies them.

50. Last.fm denies the allegations in Paragraph 50 of the Complaint.

51. Last.fm denies the allegations in Paragraph 51 of the Complaint.

52. Last.fm denies the allegations in Paragraph 52 of the Complaint.

53. Last.fm denies the allegations in Paragraph 53 of the Complaint.

54. Last.fm denies the allegations in Paragraph 54 of the Complaint.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT 7,346,472

55. Last.fm incorporates by reference its responses to Paragraphs 1-54 of Blue Spike's Complaint, as if fully set forth herein.

56. Last.fm admits that, according to the face of the patent, United States Patent No. 7,346,472 ("the '472 Patent") is entitled "Method and Device for Monitoring and Analyzing Signals." Last.fm does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 56 of the Complaint and, on that basis, denies them.

57. Last.fm admits that what appears to be a copy of the '472 Patent is attached as an exhibit to Blue Spike's Complaint, and that, on its face, the '472 Patent was issued on March 9, 2008. Last.fm denies that the '472 Patent is valid.  Last.fm does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 57 of the Complaint and, on that basis, denies them.

58. Last.fm denies the allegations in Paragraph 58 of the Complaint.

59. Last.fm denies the allegations in Paragraph 59 of the Complaint.

60. Last.fm denies the allegations in Paragraph 60 of the Complaint.

61. Last.fm denies the allegations in Paragraph 61 of the Complaint.

62. Last.fm denies the allegations in Paragraph 62 of the Complaint.

## REQUEST FOR RELIEF

63. Last.fm denies that Blue Spike is entitled to any of the relief sought in its prayer for relief. Blue Spike's prayer should, therefore, be denied in its entirety and with prejudice, and Blue Spike should take nothing.

## DEMAND FOR JURY TRIAL

64. Last.fm hereby requests a jury trial on all issues so triable.

## DEFENSES

65. Last.fm asserts the following defenses and reserves the right to allege additional defenses as they are discovered.

## FIRST DEFENSE – NON-INFRINGEMENT

66. Last.fm has not infringed and is not infringing, directly, indirectly, contributorily or otherwise, any claim of the Patents-in-Suit.

## SECOND DEFENSE – INVALIDITY

67. Blue Spike's alleged claims for infringement of the Patents-in-Suit are barred because each and every claim of the Patents-in-Suit are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

## THIRD DEFENSE – ESTOPPEL

68. Blue Spike's claims for relief are barred in whole or in part by the doctrines of estoppel, laches, disclaimer and/or waiver.

## FOURTH DEFENSE – DAMAGES LIMITATIONS

69. Any potential recovery by Blue Spike is limited by various damages limitations, including, without limitation, by 35 U.S.C. §§ 286 and 287.

## FIFTH DEFENSE – LICENSE AND/OR PATENT EXHAUSTION

70. Blue Spike's claims are barred, in whole or in part, in view of licensed rights, implied or otherwise, and/or under the doctrine of patent exhaustion.

## SIXTH DEFENSE – NO INJUNCTIVE RELIEF

71. To the extent Blue Spike seeks injunctive relief for alleged infringement, the relief sought by Blue Spike is unavailable because any alleged injury to Blue Spike is not immediate or irreparable and because Blue Spike has an adequate remedy at law for any alleged injury.

April 14, 2014

Respectfully submitted,

*/s/ Edward R. Reines*
Edward R. Reines
Cal. Bar No. 135960 – Admitted to E.D. Texas
Lead Attorney
edward.reines@weil.com
Byron Beebe
Cal. Bar No. 235179 – Admitted to E.D. Texas
byron.beebe@weil.com
Andrew L. Perito
Cal. Bar No. 269995 – Admitted to E.D. Texas
andrew.perito@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

**Attorneys for Defendant Last.fm Ltd.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record who have consented to electronic service through the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).


*/s/ Edward R. Reines*
Edward R. Reines