IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, § § | | |
| Plaintiff, § § | Civil Action No. 6:12-cv-499 | |
| v. § § | Consolidated Case | |
| TEXAS INSTRUMENTS, INC.. § § | | |
| Defendant. § | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, § § | | |
| Plaintiff, § § | Civil Action No. 6:12-cv-557 | |
| v. § § | JURY TRIAL DEMANDED | |
| CIVOLUTION USA, INC. and § § CIVOLUTION B.V., § § | | |
| Defendants. § | | |

**DEFENDANTS CIVOLUTION USA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant Civolution USA, Inc. ("Civolution USA") respectfully answers Blue Spike, LLC's ("Blue Spike's") First Amended Complaint as follows:

### NATURE OF THE SUIT

1. Civolution USA admits that Blue Spike's First Amended Complaint purports to bring claims for patent infringement, but denies the merits of such claims.

### PARTIES

2. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the same.

3. Civolution USA admits the allegations of Paragraph 3.

4. Civolution USA admits that Civolution B.V. is a Dutch limited liability company, having its principal place of business at High Tech Campus 9, 5656 AE Eindhoven, The Netherlands. Civolution USA denies the remaining allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Civolution USA admits that Blue Spike's Original Complaint purports to bring a civil action for patent infringement, but denies the merits of such claims. Civolution USA admits that such claims arise under the patent laws of the United States. Civolution USA is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 5 and therefore denies the same.

6. Civolution USA denies the allegations of Paragraph 6.

7. Civolution USA denies the allegations of Paragraph 7.

## FACTUAL BACKGROUND

**A.     Moskowitz's History**

8. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies the same.

9. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies the same.

10. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies the same.

11. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the same.

12. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same.

13. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the same.

14. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies the same.

15. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies the same.

16. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies the same.

17. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies the same.

18. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the same.

19. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies the same.

21. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the same.

**B.     Patents-in-Suit**

22. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.

23. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.

24. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.

25. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies the same.

26. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.

**C.** **The Accused Products and Services**

28. Civolution USA admits that Civolution USA offers for sale the Teletrax software in the U.S., and Civolution USA denies the remaining allegations of Paragraph 28.

29. Civolution USA denies the allegations of Paragraph 29.

30. Civolution USA denies the allegations of Paragraph 30.

31. Civolution USA denies that it does not have permission to use Blue Spike's Patents-in-Suit. Civolution USA is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 31 and therefore denies the same.

**COUNT 1:**

**INFRINGEMENT OF U.S. PATENT NO. 8,214,175**

32. Civolution USA incorporates by reference the responses to the allegations in Paragraphs 1 through 31.

33. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies the same.

34. Civolution USA admits that Exhibit A to the Complaint purports to be a copy of the '175 patent. Civolution USA denies that the '175 patent is valid. Civolution USA is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 34 and therefore denies the same.

35. Civolution USA denies the allegations of Paragraph 35.

36. Civolution USA denies the allegations of Paragraph 36.

37. Civolution USA denies the allegations of Paragraph 37.

38. Civolution USA denies the allegations of Paragraph 38.

   a. Civolution USA is without sufficient information to form a belief as to the truth of the allegation that the Patents-in-Suit have been forward-cited in at least 50 U.S.-issued patents and patent applications including patents originally assigned to Microsoft, Agilent, Nvidia, and Avaya and therefore denies the same. Civolution USA denies the remaining allegations in Paragraph 38a.

   b. Civolution USA admits that the Court's docket indicates that Blue Spike filed its Original Complaint in August 2012. Civolution USA denies the remaining allegations of Paragraph 38b.

39. Civolution USA denies the allegations of Paragraph 39.

## COUNT 2:
## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. Civolution USA incorporates by reference the responses to the allegations in Paragraphs 1 through 39.

41. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies the same.

42. Civolution USA admits that Exhibit B to the Complaint purports to be a copy of the '494 patent. Civolution USA denies that the '494 patent is valid. Civolution USA is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 42 and therefore denies the same.

43. Civolution USA denies the allegations of Paragraph 43.

44. Civolution USA denies the allegations of Paragraph 44.

45. Civolution USA denies the allegations of Paragraph 45.

46. Civolution USA denies the allegations of Paragraph 46.

   a. Civolution USA is without sufficient information to form a belief as to the truth of the allegation that the Patents-in-Suit have been forward-cited in at least 50 U.S.-issued patents and patent applications including patents originally assigned to Microsoft, Agilent, Nvidia, and Avaya and therefore denies the same. Civolution USA denies the remaining allegations in Paragraph 46a.

   b. Civolution USA admits that the Court's docket indicates that Blue Spike filed its Original Complaint in August 2012. Civolution USA denies the remaining allegations of Paragraph 46b.

47. Civolution USA denies the allegations of Paragraph 47.

## COUNT 3:
## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48. Civolution USA incorporates by reference the responses to the allegations in Paragraphs 1 through 47.

49. Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 49 and therefore denies the same.

50.     Civolution USA admits that Exhibit C to the Complaint purports to be a copy of the '700 patent. Civolution USA denies that the '700 patent is valid. Civolution USA is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 50 and therefore denies the same.

51.     Civolution USA denies the allegations of Paragraph 51.

52.     Civolution USA denies the allegations of Paragraph 52.

53.     Civolution USA denies the allegations of Paragraph 53.

54.     Civolution USA denies the allegations of Paragraph 54.

   a.   Civolution USA is without sufficient information to form a belief as to the truth of the allegation that the Patents-in-Suit have been forward-cited in at least 50 U.S.-issued patents and patent applications including patents originally assigned to Microsoft, Agilent, Nvidia, and Avaya and therefore denies the same. Civolution USA denies the remaining allegations in Paragraph 54a.

   b.   Civolution USA admits that the Court's docket indicates that Blue Spike filed its Original Complaint in August 2012. Civolution USA denies the remaining allegations of Paragraph 54b.

55.     Civolution USA denies the allegations of Paragraph 55.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56.     Civolution USA incorporates by reference the responses to the allegations in Paragraphs 1 through 55.

57.     Civolution USA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 57 and therefore denies the same.

58. Civolution USA admits that Exhibit D to the Complaint purports to be a copy of the '472 patent. Civolution USA denies that the '472 patent is valid. Civolution USA is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 58 and therefore denies the same.

59. Civolution USA denies the allegations of Paragraph 59.

60. Civolution USA denies the allegations of Paragraph 60.

61. Civolution USA denies the allegations of Paragraph 61.

62. Civolution USA denies the allegations of Paragraph 62.

   a. Civolution USA is without sufficient information to form a belief as to the truth of the allegation that the Patents-in-Suit have been forward-cited in at least 50 U.S.-issued patents and patent applications including patents originally assigned to Microsoft, Agilent, Nvidia, and Avaya and therefore denies the same. Civolution USA denies the remaining allegations in Paragraph 62a.

   b. Civolution USA admits that the Court's docket indicates that Blue Spike filed its Original Complaint in August 2012. Civolution USA denies the remaining allegations of Paragraph 62b.

63. Civolution USA denies the allegations of Paragraph 63.

## AFFIRMATIVE DEFENSES

### Non-infringement (First Affirmative Defense)

Civolution USA has not infringed, directly, indirectly, jointly, contributorily, and/or by inducement, any valid and enforceable claim of any of the asserted patents.

### Invalidity (Second Affirmative Defense)

The asserted patents and each and every claim thereof are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103 and/or 112.

### License and/or Exhaustion (Third Affirmative Defense)

On information and belief, Blue Spike has licensed the asserted patents to RPX Corporation. On information and belief, RPX Corporation has licensed its portfolio to its member companies. Civolution USA directly or indirectly purchases its accused technology from a member company of RPX Corporation. Accordingly, Civolution USA's sales are either authorized or subject to the doctrine of patent exhaustion.

### Laches, Estoppel, Acquiescence, and/or Waiver (Fourth Affirmative Defense)

Blue Spike's claims and all relief thereunder are barred, in whole or in part, by the equitable doctrines of laches, estoppel, acquiescence, waiver, and/or other applicable equitable doctrines.

### Prosecution History Disclaimer/Estoppel (Fifth Affirmative Defense)

Because of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the asserted patents, Plaintiff is estopped from construing the claims of the asserted patent in a way that would cause any valid claim thereof to cover or include any products or services that are or have been manufactured, used, sold, offered for sale, or imported by Civolution USA, either literally or under the doctrine of equivalents. Plaintiff is further estopped by reason of prosecution-history estoppel from asserting infringement of one or more of the claims of the asserted patents under the doctrine of equivalents.

### Limitation of Damages (Sixth Affirmative Defense)

To the extent Blue Spike seeks recovery for any alleged infringement more than six years prior to the filing of her Original Complaint, such recovery is barred, in whole or in part, pursuant to 35 U.S.C. § 286.

### Failure to Mark (Seventh Affirmative Defense)

On information and belief, Blue Spike is not entitled to any damages for any period before providing actual notice to Civolution USA of Blue Spike's infringement allegations, as required by 35 U.S.C. § 287, by reason of Blue Spike's and/or its licensees' failure to properly mark products embodying the claims of the asserted patents.

### Failure to Disclaim (Eighth Affirmative Defense)

Blue Spike's prayer for costs is barred under 35 U.S.C. § 288 by its failure to disclaim invalid claims of the asserted patents before filing suit.

### No Entitlement to Injunction (Ninth Affirmative Defense)

To the extent Blue Spike seeks injunctive relief for alleged infringement, the relief sought is unavailable because any alleged injury to Blue Spike is not immediate or irreparable and because it has an adequate remedy at law for the alleged injury.

### Failure to State a Claim (Tenth Affirmative Defense)

Blue Spike's Original Complaint and each claim for relief alleged therein fail to state a claim upon which relief can be granted.

### Reservation of Additional Defenses

In accordance with the Federal Rules of Civil Procedure, Civolution USA reserves the right to assert additional defenses, by motion or otherwise, as discovery progresses.

### **CIVOLUTION USA, INC.'S COUNTERCLAIMS**

For its counterclaims against Blue Spike, Civolution USA , Inc. alleges as follows:

## JURISDICTION AND VENUE

1. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.

2. These counterclaims for declaratory judgment arise from an actual controversy between Civolution USA and Blue Spike concerning the validity and infringement of the claims of the '175 patent, the '494 patent, the '700 patent, and the '472 patent.

3. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4. Venue is proper under 28 U.S.C. §§ 1391(b)-(c), and 1400(b), because Blue Spike filed suit in this District and, according to the allegations in Paragraph 2 of the Complaint, Blue Spike is found in this District.

5. By filing the Complaint in this District, Blue Spike has consented to the jurisdiction of this Court for the present action, including Civolution USA's counterclaims for declaratory judgment.

## PARTIES

6. Civolution USA, Inc. is a Delaware corporation, having its principal place of business at 499 7th Avenue, 22nd Floor South, New York, New York 10018.

7. Blue Spike alleges that Blue Spike, LLC is a Texas limited liability company and has its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703, and, on information and belief, Civolution USA hereby alleges the same.

**BACKGROUND**

8.  Blue Spike has alleged that Civolution USA has infringed and continues to infringe—directly, contributorily, or by inducement—the '175 patent, the '494 patent, the '700 patent, and the '472 patent.

9.  On information and belief, Blue Spike has licensed the asserted patents to RPX Corporation. On information and belief, RPX Corporation has licensed its portfolio to its member companies. Civolution USA directly or indirectly purchases its accused technology from a member company of RPX Corporation. Accordingly, Civolution USA's sales are either authorized or subject to the doctrine of patent exhaustion.

**FIRST COUNTERCLAIM –**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,214,175**

10. Civolution USA hereby repeats and realleges Paragraphs 1-10 of its Counterclaims as if fully set forth herein.

11. Civolution USA does not infringe, and has not infringed, any valid and enforceable claim of the '175 patent, either directly, indirectly, jointly, literally or under the doctrine of equivalents, or in any way.

12. Civolution USA is entitled to a declaratory judgment that it does not infringe, and has not infringed, any valid and enforceable claim of the '175 patent, either directly, indirectly, jointly, literally or under the doctrine of equivalents, or in any way.

**SECOND COUNTERCLAIM –**

**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,214,175**

13. Civolution USA hereby repeats and realleges Paragraphs 1-13 of its Counterclaims as if fully set forth herein.

14. The '175 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103 and/or 112.

15. Civolution USA is entitled to a declaratory judgment that the '175 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

## THIRD COUNTERCLAIM –
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,949,494

16. Civolution USA hereby repeats and realleges Paragraphs 1-16 of its Counterclaims as if fully set forth herein.

17. Civolution USA does not infringe, and has not infringed, any valid and enforceable claim of the '494 patent, either directly, indirectly, jointly, literally or under the doctrine of equivalents, or in any way.

18. Civolution USA is entitled to a declaratory judgment that it does not infringe, and has not infringed, any valid and enforceable claim of the '494 patent, either directly, indirectly, jointly, literally or under the doctrine of equivalents, or in any way.

## FOURTH COUNTERCLAIM –
## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,949,494

19. Civolution USA hereby repeats and realleges Paragraphs 1-19 of its Counterclaims as if fully set forth herein.

20. The '494 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103 and/or 112.

21. Civolution USA is entitled to a declaratory judgment that the '494 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

### FIFTH COUNTERCLAIM –
### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,660,700

22. Civolution USA hereby repeats and realleges Paragraphs 1-22 of its Counterclaims as if fully set forth herein.

23. Civolution USA does not infringe, and has not infringed, any valid and enforceable claim of the '700 patent, either directly, indirectly, jointly, literally or under the doctrine of equivalents, or in any way.

24. Civolution USA is entitled to a declaratory judgment that it does not infringe, and has not infringed, any valid and enforceable claim of the '700 patent, either directly, indirectly, jointly, literally or under the doctrine of equivalents, or in any way.

### SIXTH COUNTERCLAIM –
### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,660,700

25. Civolution USA hereby repeats and realleges Paragraphs 1-25 of its Counterclaims as if fully set forth herein.

26. The '700 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103 and/or 112.

27. Civolution USA is entitled to a declaratory judgment that the '700 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

## SEVENTH COUNTERCLAIM –

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,346,472

28. Civolution USA hereby repeats and realleges Paragraphs 1-28 of its Counterclaims as if fully set forth herein.

29. Civolution USA does not infringe, and has not infringed, any valid and enforceable claim of the '472 patent, either directly, indirectly, jointly, literally or under the doctrine of equivalents, or in any way.

30. Civolution USA is entitled to a declaratory judgment that it does not infringe, and has not infringed, any valid and enforceable claim of the '472 patent, either directly, indirectly, jointly, literally or under the doctrine of equivalents, or in any way.

## EIGHTH COUNTERCLAIM –

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,346,472

31. Civolution USA hereby repeats and realleges Paragraphs 1-31 of its Counterclaims as if fully set forth herein.

32. The '472 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103 and/or 112.

33. Civolution USA is entitled to a declaratory judgment that the '472 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

## REQUEST FOR RELIEF

In view of the foregoing, which Civolution USA incorporates by reference herein, Civolution USA respectfully asks the Court for the following relief:

    a. That Blue Spike be denied, with prejudice, all relief sought by its Original Complaint;

    b. That Blue Spike's Original Complaint be dismissed with prejudice;

    c. That U.S. Patent No. 8,214,175 and the claims thereof be declared invalid;

    d. That U.S. Patent No. 7,949,494 and the claims thereof be declared invalid;

    e. That U.S. Patent No. 7,660,700 and the claims thereof be declared invalid;

    f. That U.S. Patent No. 7,346,472 and the claims thereof be declared invalid;

    g. That Civolution USA be declared not to have infringed any claim of any such patents;

    h. That Civolution USA be awarded its reasonable attorneys fees and costs incurred in defending against Blue Spike's Original Complaint;

    i. That Blue Spike is not entitled to injunctive relief;

    j. Declaring this case to be exceptional and awarding Civolution USA its costs and attorneys fees under 35 U.S.C. § 284; and

    k. Awarding Civolution USA any and all further relief to which it is entitled.

Dated: April 21, 2014

Respectfully submitted,

*/s/ Michael A. Molano*
*w/ permission by Kyle E. Friesen*
Michael A. Molano (*pro hac vice*)
Ward Johnson (*pro hac vice*)
MAYER BROWN LLP
3000 El Camino Real
Palo Alto, CA 94306-2112
Phone: (650) 331-2000
Fax: (650) 331-2060
Email: wjohnson@mayerbrown.com

Email: mmolano@mayerbrown.com

Kyle E. Friesen
Texas Bar No. 24061954
Quinncy N. McNeal
Texas Bar No. 24074690
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, Texas 77002-2730
Phone: (713) 238-2691
Fax: (713) 238-4691
Email: kfriesen@mayerbrown.com
Email: qmcneal@mayerbrown.com

COUNSEL FOR DEFENDANT
CIVOLUTION USA, INC.

**CERTIFICATE OF SERVICE**

On the 21st day of April, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5.

                                          */s/ Kyle E. Friesen*
                                          Kyle E. Friesen