IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC., et al.<br><br>*Defendants* | ) <br>) CIVIL ACTION NO: 6:12-CV-499-MHS<br>) LEAD CASE<br>)<br>)<br>)<br>)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>) |
| BLUE SPIKE, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>AIRBORNE BIOMETRICS GROUP, INC.<br><br>*Defendant.* | )<br>)<br>) CIVIL ACTION NO: 6:13-CV-112-MHS<br>) CONSOLIDATED CASE<br>)<br>)<br>)<br>)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>)<br>) |

## DEFENDANT AIRBORNE BIOMETRICS GROUP, INC. ANSWER AND COUNTERCLAIMS TO PLAINTIFF BLUE SPIKE, LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Airborne Biometrics Group, Inc. ("Airborne" or "Defendant") hereby files this Answer, Affirmative Defenses and Counterclaims to Plaintiff Blue Spike, LLC's ("Blue Spike" or "Plaintiff") first amended complaint for Patent Infringement ("First Amended Complaint") as follows:

Airborne denies each and every allegation contained in Plaintiff's First Amended Complaint, except as specifically admitted or explained herein. To the extent that the headings or any other non-numbered statements in the First Amended Complaint contain

894002.1

any allegations, Airborne denies each and every such allegation.

In response to the introductory Paragraph on page 1 of the First Amended Complaint, no answer is required.

## NATURE OF THE SUIT

1. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Airborne admits that this action purports to arise under the Patent Laws of the United States, Title 35 of United States Code.

## PARTIES

2. Airborne lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and therefore denies said allegations.

3. Airborne admits that it is a California corporation having a principal place of business at 1070 Flynn Rd., Camarillo, California 93012 and that it can be served with process through its registered agent, Joseph Rosenkrantz, located at 999 Avendia Acaso, Camarillo, CA 93012. Airborne denies the remaining allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Airborne admits that this action purports to arise under the patent laws of the United States, 35 U.S.C. §101 *et seq.* and the Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1338(a), and 1367.

5. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Airborne admits that this action purports the Court to have personal jurisdiction over it, but denies that Airborne committed acts of patent infringement and contributed to and induced acts of patent infringement by

others in this District and elsewhere in Texas. Airborne is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5, and therefore denies said allegations.

6. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Airborne admits that this action purports that venue is proper in this judicial district under 28 U.S.C. §§1391(b)–(c) and 1400(b), but denies that Texas is a convenient forum for this litigation because Airborne's headquarters are in California and denies that Airborne committed acts of infringement. Therefore, the public and private interests factors do not support venue in this Court. Airborne reserves the right to seek a transfer to a more convenient forum. Airborne is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore denies said allegations.

## FACTUAL BACKGROUND

A. **MOSKOWITZ'S HISTORY**

7. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies said allegations.

8. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies said allegations.

9. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies said allegations.

10. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore denies said allegations.

11. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore denies said allegations.

12. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies said allegations.

13. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies said allegations.

14. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore denies said allegations.

15. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies said allegations.

16. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies said allegations.

17. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies said allegations.

18. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies said allegations.

19. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies said allegations.

20. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies said allegations.

**B.** **PATENTS-IN-SUIT**

21. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies said allegations.

22. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies said allegations.

23. Airborne is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 23, and therefore denies said allegations.

24. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies said allegations.

25. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies said allegations.

26. Airborne is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies said allegations.

C.   **THE ACCUSED PRODUCTS AND SERVICES**

27. Airborne denies the allegations contained within Paragraph 27.

28. Airborne admits the allegations contained within Paragraph 28.

29. Airborne denies the allegations contained within Paragraph 29.

30. Airborne denies the allegations contained within Paragraph 30.

### COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31. In response to Paragraph 31 of the First Amended Complaint, Airborne realleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 30 above.

32. Airborne admits that the face of the '175 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." Airborne is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 32, and therefore denies said allegations.

33. Airborne admits that the face of the '175 patent shows it was issued on July 3, 2012. Except as expressly admitted herein, Airborne denies the remaining allegations of Paragraph 33.

34. Airborne denies each and every allegation of Paragraph 34.

35. Airborne denies each and every allegation of Paragraph 35.

36. Airborne denies each and every allegation of Paragraph 36.

37. Airborne denies each and every allegation of Paragraph 37.

38. Airborne denies each and every allegation of Paragraph 38.

### COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,949,494

39. In response to Paragraph 39 of the First Amended Complaint, Airborne realleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 38 above.

40. Airborne admits that the face of the '494 patent shows it is entitled "Method and Device for Analyzing Signals." Airborne is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 40, and therefore denies said allegations.

41. Airborne admits that the face of the '494 patent shows it was issued on May 24, 2011. Except as expressly admitted herein, Airborne denies the remaining allegations of Paragraph 41.

42. Airborne denies each and every allegation of Paragraph 42.

43. Airborne denies each and every allegation of Paragraph 43.

44. Airborne denies each and every allegation of Paragraph 44.

45. Airborne denies each and every allegation of Paragraph 45.

46. Airborne denies each and every allegation of Paragraph 46.

### COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. In response to Paragraph 47 of the First Amended Complaint, Airborne realleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 46 above.

48. Airborne admits that the face of the '700 patent shows it is entitled "Method and Device for Analyzing Signals." Airborne is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 48, and therefore denies said allegations.

49. Airborne admits that the face of the '700 patent shows it was issued on February 9, 2010. Except as expressly admitted herein, Airborne denies the remaining allegations of Paragraph 49.

50. Airborne denies each and every allegation of Paragraph 50.

51. Airborne denies each and every allegation of Paragraph 51.

52. Airborne denies each and every allegation of Paragraph 52.

53. Airborne denies each and every allegation of Paragraph 53.

54. Airborne denies each and every allegation of Paragraph 54.

## COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55. In response to Paragraph 55 of the First Amended Complaint, Airborne realleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 54 above.

56. Airborne admits that the face of the '472 patent shows it is entitled "Method and Device for Analyzing Signals." Airborne is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 56, and therefore denies said allegations.

57. Airborne admits that the face of the '472 patent shows it was issued on March 18, 2008. Except as expressly admitted herein, Airborne denies the remaining allegations of Paragraph 57.

58. Airborne denies each and every allegation of Paragraph 58.

59. Airborne denies each and every allegation of Paragraph 59.

60. Airborne denies each and every allegation of Paragraph 60.

61. Airborne denies each and every allegation of Paragraph 61.

62. Airborne denies each and every allegation of Paragraph 62.

## REQUEST FOR RELIEF

63. Airborne incorporates by reference its responses to paragraphs 1 – 62 above. Airborne denies that Blue Spike is entitled to relief sought, or any other relief, against Airborne in this action, either as prayed for in the First Amended Complaint or otherwise. Except as expressly admitted above, Airborne denies each and every allegation contained in the First Amended Complaint.

## DEMAND FOR JURY TRIAL

64. Airborne states that Plaintiff's jury demand does not require a response.

## AFFIRMATIVE DEFENSES

Further answering the First Amended Complaint, Airborne asserts the following defenses. Airborne reserves the right to amend its Answer with additional defenses, as further information is determined.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the Asserted Patents)

65. Airborne incorporates by reference Paragraphs 1 – 64 of its Answer.

66. Airborne has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '175, '494, '700, or '472 patents, and is not liable for infringement thereof.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the Asserted Patents)

67. Airborne incorporates by reference Paragraphs 1 – 64 of its Answer.

68. One or more claims of each of the '175, '494, '700 or '472 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, and Plaintiff's claims for relief are therefore barred.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing to Sue)

69. Airborne incorporates by reference Paragraphs 1 – 64 of its Answer.

70. Upon information and belief, Plaintiff lacks standing to sue because it does not hold sufficient rights to one or more of the '175, '494, '700, or '472 patents.

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

71. Airborne incorporates by reference Paragraphs 1 – 64 of its Answer.

72. Plaintiff's claims for alleged infringement are barred or limited by equitable defenses, such as laches, waiver, unclean hands, acquiescence, and estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Implied License and Exhaustion)

73. Airborne incorporates by reference Paragraphs 1 – 64 of its Answer.

74. Plaintiff's First Amended Complaint is precluded, in whole or in part, to the extent that any allegedly infringing products or components are supplied, directly or indirectly, to Airborne or are imported, sold by, offered for sale by, made by, or made for, an entity or entities having express or implied licenses to the '175, '494, '700 or '472 patents.

### SIXTH AFFIRMATIVE DEFENSE
### (Unavailability of Relief)

75. Airborne incorporates by reference Paragraphs 1 – 64 of its Answer.

76.    Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and (c) and is not entitled to any alleged damages prior to providing any actual notice to Airborne of the '175, '494, '700, or '472 patents.

### SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

77.    Airborne incorporates by reference Paragraphs 1 – 64 of its Answer.

78.    Plaintiff's claims for injunctive relief are barred in light of the fact that Plaintiff has an adequate remedy at law.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unavailability of Enhanced Damages)

79.    Airborne incorporates by reference Paragraphs 1 – 64 of its Answer.

80.    Plaintiff has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and 285 for increased damages and attorneys' fees and is not entitled to any alleged damages prior to providing any actual notice to Airborne of the '175, '494, '700, or '472 patents.

### NINTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

81.    Airborne incorporates by reference paragraphs 1 through 64 of its Answer.

82.    Plaintiff's claims for damages, if any, against Airborne for alleged infringement of the '175, '494, '700, or '472 patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

83.    Airborne incorporates by reference paragraphs 1 through 64 of its Answer.

84.    Plaintiff's claims for damages are barred or limited due to failure by Plaintiff to allege compliance with, and failure to comply with, the requirements of 35 U.S.C. § 287.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

85.    Airborne incorporates by reference paragraphs 1 through 64 of its Answer.

894002.1
10

86. To the extent that Plaintiffs attempt to assert infringement under the doctrine of equivalents, Airborne believes that arguments and amendments contained in the prosecution history of the '175, '494, '700, or '472 patents will estop or bar any claims for alleged

### TWELFTH AFFIRMATIVE DEFENSE
(Lack of Venue)

87. Airborne incorporates by reference paragraphs 1 through 64 of its Answer.

88. Venue is neither proper nor convenient in this District.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Unenforceability of '472, '700, ''494 and '175 Patents Due to Inequitable Conduct)

89. Airborne incorporates by reference paragraphs 1 through 64 of its Answer.

90. The '472, '700, ''494 and '175 Patents, and each claim thereof, is unenforceable due to inequitable conduct during the prosecution of the '472, '700, ''494 and '175 Patents.

91. During prosecution of the '472, '700, ''494 and '175 Patents, the applicants failed to disclosed, withheld, concealed and/or mischaracterized to the United States Patent and Trademark Office ("USPTO") prior art that was highly material to the patentability of the claims of the '472, '700, ''494 and '175 Patents under prosecution, and which they knew or should have known would have been important to a reasonable examiner. Upon information and belief, the applicants failed to disclose and mischaracterized the prior art with the intent to deceive the USPTO.

### PRAYER FOR RELIEF

WHEREFORE, Airborne respectfully prays for the entry of judgment as follows:

A. Dismissing with prejudice any and all claims of Plaintiff's First Amended Complaint and ordering that Plaintiff takes nothing as a result of thereof;

B. Judging the '175, '494, '700, or '472 patents and their claims invalid;

C. Judging the '175, '494, '700, or '472 patents and their claims unenforceable;

D. Judging that Airborne has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, or '472 patents

E. That Plaintiff be denied any remedies available under 35 U.S.C. § 284;

F. That the Court denies Plaintiff any injunctive relief;

G. That the Court denies Plaintiff any other relief as to the First through Fourth Claims for Relief;

H. Finding that this is an exceptional case and awarding Airborne its attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285;

I. That the Court award Airborne its costs of suit; and

J. That the Court award such further relief as deemed just and proper.

## AIRBORNE'S COUNTERCLAIMS

92. Counterclaimant Airborne hereby submits these counterclaims pursuant to Federal Rule of Civil Procedure 13 and incorporates by reference paragraphs 1 through 91 of its Answer.

93. There is an actual controversy between Airborne and Plaintiff regarding noninfringement, validity, and/or unenforceability of the '175, '494, '700, or '472 patents because Plaintiff has asserted that Airborne infringes the '175, '494, '700, or '472 patents.

94. This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

95. Airborne is a California corporation with its principal place of business at 1070 Flynn Rd., Camarillo, California 93012.

96. Upon information and belief, Plaintiff is a Texas limited liability corporation with its

principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

97. This Court has personal jurisdiction over Plaintiff at least because Plaintiff submitted itself to this Court's personal jurisdiction by suing Airborne and the other Defendants in this Court.

98. Venue for these counterclaims is proper in this Court under 28 U.S.C. § 1391 and under the doctrine of pendant venue because these counterclaims are closely related to the claims set forth in the First Amended Complaint.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,214,175)

99. Airborne incorporates by reference each of the preceding Paragraphs as if fully set forth herein.

100. The claims of the '175 patent are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.*

101. The claims of the '175 patent are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND COUNTERCLAIM
### (Declaratory Judgment Non-Infringement of U.S. Patent No. 8,214,175)

102. Airborne incorporates by reference each of the preceding Paragraphs as if fully set forth herein.

103. Airborne has not has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the '175 patent.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,949,494)

104. Airborne incorporates by reference each of the preceding Paragraphs as if fully set forth herein.

105.   The claims of the '494 patent are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.*

106.   The claims of the '494 patent are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH COUNTERCLAIM
(Declaratory Judgment Non-Infringement of U.S. Patent No. 7,949,494)

107.   Airborne incorporates by reference each of the preceding Paragraphs as if fully set forth herein.

108.   Airborne has not has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the '494 patent.

### FIFTH COUNTERCLAIM
(Declaratory Judgment of Invalidity of U.S. Patent No. 7,660,700)

109.   Airborne incorporates by reference each of the preceding Paragraphs as if fully set forth herein.

110.   The claims of the '700 patent are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.*

111.   The claims of the '700 patent are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SIXTH COUNTERCLAIM
(Declaratory Judgment Non-Infringement of U.S. Patent No. 7,660,700)

112.   Airborne incorporates by reference each of the preceding Paragraphs as if fully set forth herein.

113.   Airborne has not has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the '700 patent.

### SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,346,472)

114. Airborne incorporates by reference each of the preceding Paragraphs as if fully set forth herein.

115. The claims of the '472 patent are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq*.

116. The claims of the '472 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

### EIGHTH COUNTERCLAIM
### (Declaratory Judgment Non-Infringement of U.S. Patent No. 7,346,472)

117. Airborne incorporates by reference each of the preceding Paragraphs as if fully set forth herein.

118. Airborne has not has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the '472 patent.

### PRAYER FOR RELIEF

WHEREFORE, Airborne respectfully prays for the entry of judgment as follows:

    A.    Judging the '175, '494, '700, or '472 patents and their claims invalid;

    B.    Judging the '175, '494, '700, or '472 patents and their claims unenforceable;

    C.    Judging that Airborne has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, or '472 patents.

    D.    Finding that this is an exceptional case and awarding Airborne its reasonable costs of suit and attorneys' fees pursuant to 35 U.S.C. § 285; and

    E.    That the Court award such further relief as deemed just and proper.

## DEMAND FOR JURY TRIAL

Airborne hereby demands trial by jury on all issues.

Dated: April 21, 2014

Respectfully submitted,

                                                  /s/ Reid Eric Dammann

                                Reid Eric Dammann, Esq. (*Admitted Pro Hac Vice*)
                                                                  Musick Peeler LLP
                                                One Wilshire Boulevard, Suite 2000
                                                     Los Angeles, California 90017
                                                       Telephone:  (213) 629-7600
                                                        Facsimile:   (213) 624-1376
                                                                 r.dammann@mpglaw.com

                                                         ***Attorneys for Defendant***
                                                 ***Airborne Biometrics Group, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record in this matter incompliance with Local Rule CV-5 (a). As a result, this document was served upon all counsel who have consented to electronic service under Local Rule CV-5 (a)(3) on this 21st day of April, 2014

/s/Reid Eric Dammann
Reid Eric Dammann