# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,** | |
| *Plaintiff,* | Civil Action No. 6:12-CV-499-MHS |
| v. | (LEAD CASE) |
| **TEXAS INSTRUMENTS, INC.,** | JURY TRIAL DEMANDED |
| *Defendant.* | |
| **BLUE SPIKE, LLC,** | |
| *Plaintiff,* | Civil Action No. 6:12-CV-685-MHS |
| v. | (CONSOLIDATED CASE) |
| **3M COGENT, INC.,** | JURY TRIAL DEMANDED |
| *Defendant.* | |

### DEFENDANT 3M COGENT, INC.'S ANSWER TO BLUE SPIKE, LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, DEFENSES AND COUNTERCLAIMS

Defendant 3M Cogent, Inc. ("3M Cogent") responds to Plaintiff Blue Spike, LLC's ("Blue Spike") First Amended Complaint for Patent Infringement ("First Amended Complaint") as follows:

### 3M COGENT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1. 3M Cogent admits that Blue Spike purports to state a claim for patent infringement arising under the laws of the United States, Title 35 of the United States Code. 3M Cogent specifically denies infringing any valid claim of the asserted patents.

## THE PARTIES

2.     3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the First Amended Complaint and therefore denies the same.

3.     3M Cogent admits that it is a corporation organized and existing under the laws of the State of Delaware and that it has a place of business located at 639 North Rosemead Boulevard, Pasadena, California 91107. 3M Cogent admits that it has a registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. 3M Cogent denies the remaining allegations in Paragraph 3 of the First Amended Complaint.

## JURISDICTION AND VENUE

4.     3M Cogent admits that Plaintiff purports to allege in Paragraph 4 claims of patent infringement that allegedly arise under the laws of the United States, 35 U.S.C. §§ 101 et seq.  At this time, 3M Cogent does not contest this Court's subject matter jurisdiction over Plaintiff's patent infringement claims.

5.     3M Cogent denies the allegations contained within Paragraph 5 of the First Amended Complaint.

6.     3M Cogent denies the allegations contained within Paragraph 6 of the First Amended Complaint.

## FACTUAL BACKGROUND

7.     3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Complaint and, therefore, denies them.

8. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint and, therefore, denies them.

9. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the First Amended Complaint and, therefore, denies them.

10. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Complaint and, therefore, denies them.

11. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint and, therefore, denies them.

12. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the First Amended Complaint and, therefore, denies them.

13. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint and, therefore, denies them.

14. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint and, therefore, denies them.

15. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint and, therefore, denies them.

16. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint and, therefore, denies them.

17. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint and, therefore, denies them.

18. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint and, therefore, denies them.

19. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint and, therefore, denies them.

20. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the First Amended Complaint and, therefore, denies them.

21. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint and, therefore, denies them.

22. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint and, therefore, denies them.

23. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Complaint and, therefore, denies them.

24. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Complaint and, therefore, denies them.

25. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Complaint and, therefore, denies them.

26. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the First Amended Complaint and, therefore, denies them.

27. 3M Cogent admits that it sells certain biometric products, including products identified in Paragraph 27, but denies that it is infringing any valid claim of the Patents-in-Suit, and denies the remaining allegations contained within the paragraph.

28. 3M Cogent denies that it needed or needs any license and/or permission from Plaintiff and denies the remaining allegations contained within Paragraph 28 of the First Amended Complaint.

29. 3M Cogent denies the allegations contained within Paragraph 29 of the Complaint.

30. 3M Cogent denies the allegations contained within Paragraph 30 of the First Amended Complaint.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

31. 3M Cogent repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 30 above.

32. 3M Cogent admits that, on its face, United States Patent No. 8,214,175 ("the '175 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32, and therefore denies them.

33. 3M Cogent admits that, on the face of United States Patent No. 8,214,175 ("the '175 Patent"), it lists an issue date of July 3, 2012. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Complaint and, therefore, denies them.

34. 3M Cogent denies the allegations contained in Paragraph 34, denies that it has infringed and continues to infringe one or more valid claims of the '175 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

35. 3M Cogent denies the allegations contained in Paragraph 35 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '175 Patent.

36. 3M Cogent denies the allegations contained in Paragraph 36 and denies that Blue Spike has been damaged by any acts of 3M Cogent. 3M Cogent further denies that it has

committed or will commit any infringing acts and denies the necessity of the Court's restraining 3M Cogent from committing infringing acts.

37.     3M Cogent denies that it willfully infringed or infringes any valid claims of the '175 Patent, directly, contributorily, willfully, and/or by inducement. 3M Cogent admits that it had knowledge of the '175 Patent after it was served the Original Complaint in this lawsuit.  3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the First Amended Complaint and, therefore, denies them.

38.     3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the First Amended Complaint and, therefore, denies them.

<b><u>COUNT 2:<br>INFRINGEMENT OF U.S. PATENT NO. 7,949,494</u></b>

39.     3M Cogent repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 38 above.

40.     3M Cogent admits that, on its face, United States Patent No. 7,949,494 ("the '494 Patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40, and therefore denies them.

41.     3M Cogent admits that, on the face of United States Patent No. 7,949,494 ("the '494 patent"), it lists an issue date of on March 24, 2011. 3M Cogent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41, and therefore denies them.

42. 3M Cogent denies the allegations contained in Paragraph 42, denies that it has infringed and continues to infringe one or more valid claims of the '494 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

43. 3M Cogent denies the allegations contained in Paragraph 43 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '494 Patent.

44. 3M Cogent denies the allegations contained in Paragraph 44 and denies that Blue Spike has been damaged by any acts of 3M Cogent. 3M Cogent further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining 3M Cogent from committing infringing acts.

45. 3M Cogent denies that it willfully infringed or infringes any valid claims of the '494 Patent, directly, contributorily, willfully, and/or by inducement. 3M Cogent admits that it had knowledge of the '494 Patent after it was served the Original Complaint in this lawsuit. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the First Amended Complaint and, therefore, denies them.

46. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the First Amended Complaint and, therefore, denies them.

## COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 7,660,700

47. 3M Cogent repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 46 above.

48.     3M Cogent admits that, on its face, United States Patent No. 7,660,700 ("the '700 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and therefore denies them.

49.     3M Cogent admits that, on the face of United States Patent No. 7,660,700 ("the '700 patent"), it lists an issue date of February 9, 2010. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49, and therefore denies them.

50.     3M Cogent denies the allegations contained in Paragraph 50, denies that it has infringed and continues to infringe one or more valid claims of the '700 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

51.     3M Cogent denies the allegations contained in Paragraph 51 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '700 Patent.

52.     3M Cogent denies the allegations contained in Paragraph 52 and denies that Blue Spike has been damaged by any acts of 3M Cogent. 3M Cogent further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining 3M Cogent from committing infringing acts.

53.     3M Cogent denies that it willfully infringed or infringes any valid claims of the '700 Patent, directly, contributorily, willfully, and/or by inducement. 3M Cogent admits that it had knowledge of the '700 Patent after it was served the Original Complaint in this lawsuit. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 53 of the First Amended Complaint and, therefore, denies them.

54. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the First Amended Complaint and, therefore, denies them.

## COUNT 4:
## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

55. 3M Cogent repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 54 above.

56. 3M Cogent admits that, on its face, United States Patent No. 7,346,472 ("the '472 patent"), is entitled "Method and Device for Monitoring and Analyzing Signals." 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and therefore denies them.

57. 3M Cogent admits that, on the face of United States Patent No. 7,346,472 ("the '472 patent"), it lists an issue date of March 18, 2008. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57, and therefore denies them.

58. 3M Cogent denies the allegations contained in Paragraph 58, denies that it has infringed and continues to infringe one or more valid claims of the '472 Patent, directly, contributorily, and/or by inducement, and denies that it needed or needs any license and/or permission from Plaintiff.

59. 3M Cogent denies the allegations contained in Paragraph 59 and denies that it has been or is now indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of any valid claims of the '472 Patent.

60. 3M Cogent denies the allegations contained in Paragraph 60 and denies that Blue Spike has been damaged by any acts of 3M Cogent. 3M Cogent further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining 3M Cogent from committing infringing acts.

61. 3M Cogent denies that it willfully infringed or infringes any valid claims of the '472 Patent, directly, contributorily, willfully, and/or by inducement. 3M Cogent admits that it had knowledge of the '472 Patent after it was served the Original Complaint in this lawsuit. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 of the First Amended Complaint and, therefore, denies them.

62. 3M Cogent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the First Amended Complaint and, therefore, denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

3M Cogent incorporates herein by reference its answers to Paragraphs 1 through 62 of Plaintiff's First Amended Complaint and denies that Plaintiff is entitled to any relief or judgment against 3M Cogent.

## DEMAND FOR JURY TRIAL

3M Cogent admits that Plaintiff has demanded a trial by jury of this action.

## AFFIRMATIVE DEFENSES

3M Cogent asserts the following affirmative defenses to the causes of action asserted in Plaintiff's First Amended Complaint, undertaking to prove only those defenses on which it bears

the burden of proof under applicable law. 3M Cogent reserves the right to amend its Answer to add additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

63.     Blue Spike's First Amended Complaint fails to state a claim upon which relief can be granted, and/or fails to plead the required allegations with sufficient particularity.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction and Improper Venue)

64.     Blue Spike does not and cannot establish that sufficient grounds exist for this Court to exercise personal jurisdiction and/or venue over 3M Cogent in this District with regard to its asserted claims.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

65.     3M Cogent has not infringed and does not infringe, directly, indirectly (such as by inducement or contributory infringement), or in any other manner, any valid and enforceable claims of U.S. Patent Nos. 8,214,175, 7,949,494, 7,660,700, and 7,346,472 ("patents-in-suit") either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

66.     Each of the asserted claims of the patents-in-suit are invalid and/or unenforceable for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. §§ 1 et seq., including, but not limited to §§ 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

67. Blue Spike's claims for relief are barred in whole or in part by equitable doctrines, including without limitation, laches, waiver, unclean hands, acquiescence, and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Limited Damages)

68. Blue Spike's claim and demand for past damages against 3M Cogent for alleged infringement of the Patents-in-Suit is barred and/or limited by 35 U.S.C. §§ 286, 287, 288 and/or 28 U.S.C. § 1498.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

69. Plaintiff's claims for patent infringement are barred against 3M Cogent under the doctrine of prosecution history estoppel.

## COUNTERCLAIMS

**Defendant 3M Cogent alleges these counterclaims against Blue Spike, LLC, as follows:**

## PARTIES

1. Counterclaim-Plaintiff 3M Cogent is a wholly-owned subsidiary of 3M Company, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 639 N. Rosemead Blvd., Pasadena, California 91107.

2. Upon information and belief, Counterclaim-Defendant Blue Spike, LLC is a limited liability company organized and existing under the laws of the State of Texas.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq., and 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.

4. By filing its First Amended Complaint, Blue Spike has consented to personal jurisdiction in the Eastern District of Texas.

5. By filing its First Amended Complaint, Blue Spike has consented to venue in the Eastern District of Texas. 3M Cogent, through filing of these Counterclaims, specifically reserves and does not waive its contention that personal jurisdiction and venue for Blue Spike's First Amended Complaint are not proper pursuant to 28 U.S.C. §§ 1391 and 1404.

**COUNT I - DECLARATORY JUDGMENT OF INVALIDITY OF THE '472 PATENT**

6. 3M Cogent repeats and incorporates by reference its allegations contained in Paragraphs 1 though 5 above.

7. The '472 Patent fails to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

8. Blue Spike has asserted that 3M Cogent infringes the '472 Patent. An actual case or controversy exists between 3M Cogent and Blue Spike as to whether the '472 Patent is invalid.

9. A judicial declaration is necessary and appropriate so that 3M Cogent may ascertain whether the '472 Patent is invalid.

**COUNT II - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '472 PATENT**

10. 3M Cogent repeats and incorporates by reference its allegations contained in Paragraphs 1 though 9 above.

11. 3M Cogent does not and has not infringed any valid claim of the '472 Patent, directly, contributorily, and/or by inducement.

12. Blue Spike has asserted that 3M Cogent infringes the '472 Patent. An actual case or controversy exists between 3M Cogent and Blue Spike as to whether 3M Cogent infringes the '472 Patent.

13. A judicial declaration is necessary and appropriate so that 3M Cogent may ascertain its rights with respect to the '472 Patent.

## COUNT III - DECLARATORY JUDGMENT OF INVALIDITY OF THE '700 PATENT

14. 3M Cogent repeats and incorporates by reference its allegations contained in Paragraphs 1 though 13 above.

15. The '700 Patent fails to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

16. Blue Spike has asserted that 3M Cogent infringes the '700 Patent. An actual case or controversy exists between 3M Cogent and Blue Spike as to whether the '700 Patent is invalid.

17. A judicial declaration is necessary and appropriate so that 3M Cogent may ascertain whether the '700 Patent is invalid.

## COUNT IV - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '700 PATENT

18. 3M Cogent repeats and incorporates by reference its allegations contained in Paragraphs 1 though 17 above.

19. 3M Cogent does not and has not infringed any valid claim of the '700 Patent, directly, contributorily, and/or by inducement.

20. Blue Spike has asserted that 3M Cogent infringes the '700 Patent. An actual case or controversy exists between 3M Cogent and Blue Spike as to whether 3M Cogent infringes the '700 Patent.

21. A judicial declaration is necessary and appropriate so that 3M Cogent may ascertain its rights with respect to the '700 Patent.

### COUNT V - DECLARATORY JUDGMENT OF INVALIDITY OF THE '494 PATENT

22. 3M Cogent repeats and incorporates by reference its allegations contained in Paragraphs 1 though 21 above.

23. The '494 Patent fails to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

24. Blue Spike has asserted that 3M Cogent infringes the '494 Patent. An actual case or controversy exists between 3M Cogent and Blue Spike as to whether the '494 Patent is invalid.

25. A judicial declaration is necessary and appropriate so that 3M Cogent may ascertain whether the '494 Patent is invalid.

### COUNT VI - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '494 PATENT

26. 3M Cogent repeats and incorporates by reference its allegations contained in Paragraphs 1 though 25 above.

27. 3M Cogent does not and has not infringed any valid claim of the '494 Patent, directly, contributorily, and/or by inducement.

28. Blue Spike has asserted that 3M Cogent infringes the '494 Patent. An actual case or controversy exists between 3M Cogent and Blue Spike as to whether 3M Cogent infringes the '494 Patent.

29.     A judicial declaration is necessary and appropriate so that 3M Cogent may ascertain its rights with respect to the '494 Patent.

## COUNT VII - DECLARATORY JUDGMENT OF INVALIDITY OF THE '175 PATENT

30.     3M Cogent repeats and incorporates by reference its allegations contained in Paragraphs 1 though 29 above.

31.     The '175 Patent fails to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 and is therefore invalid and unenforceable.

32.     Blue Spike has asserted that 3M Cogent infringes the '175 Patent. An actual case or controversy exists between 3M Cogent and Blue Spike as to whether the '175 Patent is invalid.

33.     A judicial declaration is necessary and appropriate so that 3M Cogent may ascertain whether the '175 Patent is invalid.

## COUNT VIII - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '175 PATENT

34.     3M Cogent repeats and incorporates by reference its allegations contained in Paragraphs 1 though 33 above.

35.     3M Cogent does not and has not infringed any valid claim of the '175 Patent, directly, contributorily, and/or by inducement.

36.     Blue Spike has asserted that 3M Cogent infringes the '175 Patent. An actual case or controversy exists between 3M Cogent and Blue Spike as to whether 3M Cogent infringes the '175 Patent.

37.     A judicial declaration is necessary and appropriate so that 3M Cogent may ascertain its rights with respect to the '175 Patent.

## EXCEPTIONAL CASE

38. On information and belief, this case is exceptional and 3M Cogent is entitled to an award of its attorneys fees related to defending against Blue Spike's assertion of infringement claims against 3M Cogent because Blue Spike's has or should have knowledge that 3M Cogent does not infringe any valid claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid.

## PRAYER FOR RELIEF

39. 3M Cogent incorporates each of the allegations in its Counterclaims, Paragraphs 1-38 above, and respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. Enter and order and judgment dismissing Blue Spike's First Amended Complaint against 3M Cogent with prejudice;

b. Enter a declaration that 3M Cogent does not and has not infringed any of the Patents-in-Suit directly, contributorily, and/or by inducement;

c. Enter a declaration that the Patents-in-Suit are invalid;

d. Enter a declaration that this case is exceptional and award 3M Cogent reasonable costs and expenses of litigation, including attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e. Grant such other and further relief that the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

40. Pursuant to FED. R. CIV. P. 38(b), Counterclaim-Plaintiff 3M Cogent hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| Dated:  April 21, 2014 | Respectfully submitted,<br><br> /s/  Robert F. Kramer<br>Robert F. Kramer (*admitted E.D. Tex.*)<br>CA State Bar No. 181706<br>robert.kramer@dentons.com<br>C. Gideon Korrell (*admitted E.D. Tex.*)<br>CA State Bar No. 284890<br>gideon.korrell@dentons.com<br>Andrew Blair (*admitted pro hac vice*)<br>CA State Bar No. 278005<br>andy.blair@dentons.com<br>DENTONS US LLP<br>1530 Page Mill Road, Suite 200<br>Palo Alto, CA 94304<br>Telephone:  (650) 798-0300<br>Facsimile:  (650) 798-0310<br><br>Andrea M Houston (Texas Bar No. 24046109)<br>ahouston@velaw.com<br>Vinson & Elkins L.L.P.<br>2801 Via Fortuna Ste 100<br>Austin, TX 78746-7568<br>Telephone:  (512) 542-8544<br>Facsimile:  512-236-3270<br><br>ATTORNEYS FOR DEFENDANT<br>3M COGENT, INC. |

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail this 21st day of April, 2014.

                                               /s/ *Robert F. Kramer*
                                               Robert F. Kramer