# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| *Plaintiff*, | § § § | Civil Action No. 12-CV-499-MHS |
| v. | § § | LEAD CASE |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § | |

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS WITH ACCOMPANYING DOCUMENT PRODUCTION**

Plaintiff, Blue Spike, LLC, hereby makes its Disclosure of Asserted Claims and Infringement Contentions and accompanying document production pursuant to the Rules of Practice for Patent Practice of the Eastern District of Texas, P.R. 3-1 and 3-2.

Pursuant to P.R. 3-1, Plaintiff Blue Spike, LLC ("Plaintiff") hereby submits these Infringement Contentions to Defendant.

**LOCAL PATENT RULE 3-1**

Plaintiff has endeavored to prepare contentions that are as accurate as possible based on publicly available information and Plaintiff's information and belief. Plaintiff expressly reserves the right to supplement or amend these contentions and accused products as additional information regarding the accused products, such as the source code for the accused products and technical documents, are obtained from Defendant in the course of discovery. This disclosure is made solely for the purpose of this action. This disclosure is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any other applicable objections.

    A. *P.R. 3-1(a): Each claim of each patent in suit that is allegedly infringed by each opposing party;*

*See* Exhibit A. Plaintiff believes that discovery, including inspection of the Defendant's source code and other technical documents relating to its products, services, and systems may reveal additional information supporting these contentions. Plaintiff therefore reserves the right to amend or supplement these disclosures.

    B. *P.R. 3-1(b): Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;*

*See* Exhibit A. Plaintiff believes that discovery, including inspection of the Defendant's source code and other technical documents relating to its products, services, and systems may reveal additional products that infringe the asserted patent. In such case, Plaintiff therefore reserves the right to amend or supplement these disclosures.

    C. *P.R. 3-1(c): A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. c 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;*

*See* Exhibit A. Plaintiff believes that discovery, including inspection of the Defendant's source code and other technical documents relating to its products, services, and systems may reveal additional information supporting these contentions. Plaintiff therefore reserves the right to amend or supplement these disclosures.

    D. *P.R. 3-1(d): Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;*

2

*See* Exhibit A. Plaintiff believes that discovery, including inspection of the Defendant's source code and other technical documents relating to its products, services, and systems may reveal additional information supporting these contentions. Plaintiff therefore reserves the right to amend or supplement these disclosures.

E. *P.R. 3-1(e): For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and*

*See* Exhibit A. Plaintiff asserts that each asserted claim of the patents-in-suit are entitled to a priority date no later than September 7, 2000.

F. *P.R. 3-1(f): If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.*

Not Applicable.

## LOCAL PATENT RULE 3-2

Plaintiff has produced the following documents to Defendant via counsel for Plaintiff's FTP site on February 26, 2014 per the Court's order.

A. *P.R. 3-2(a): Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. c 102;*

*See* Chart Below.

B. *P.R. 3-2(b): All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier; and*

3

*See* Chart Below.

   C. *P.R. 3-2(c): A copy of the file history for each patent in suit.*

*See* Chart Below.

| Local Patent Rule | Bates Range Location |
|---|---|
| 3-2(a) | After a reasonable investigation, Plaintiff is not aware of any responsive documents at this time. |
| 3-2(b) | After a reasonable investigation, Plaintiff is not aware of any responsive documents at this time. |
| 3-2(c) | BLU000001-BLU002260 |

      Respectfully submitted,

      /s/ Randall Garteiser
      Randall T. Garteiser
        Texas Bar No. 24038912
        rgarteiser@ghiplaw.com
      Christopher A. Honea
        Texas Bar No. 24059967
        chonea@ghiplaw.com
      Christopher S. Johns
        Texas Bar No. 24044849
        cjohns@ghiplaw.com
      Kirk J. Anderson
        California Bar No. 289043
      Peter S. Brasher
        California Bar No. 283992
      GARTEISER HONEA, P.C.
      218 North College Avenue
      Tyler, Texas 75702
      (903) 705-0828
      (903) 526-5477 fax

      *Counsel for Blue Spike, LLC*

# Exhibit A

**Audible Magic Content Recognition Technology, including its SmartID, CopySense Appliance, CopySense Custom, CopySense Premier, Live TViD, Music-Speech iD, SmartSync, and RepliCheck products and solutions**

Each element of each asserted claim is present in the accused instrumentalities listed above either literally, or alternatively, under the doctrine of equivalents.