# Exhibit 13

# Higgins, Christopher J.

| | |
|---|---|
| **From:** | Peter Brasher [pbrasher@ghiplaw.com] |
| **Sent:** | Wednesday, April 09, 2014 3:37 PM |
| **To:** | Higgins, Christopher J. |
| **Cc:** | Christopher Honea; bluespike@ghiplaw.com; rgarteiser@ghiplaw.com; AudibleMagic-BlueSpike; Walter Lackey; Eric Findlay; Radke, Sara; Armon, Orion; .PL.Dacus, Deron |
| **Subject:** | Re: Blue Spike v. Audible Magic, et al. |

Counsel,

We disagree that the case law you have cited requires Blue Spike to be more specific in its infringement contentions with regard to the Doctrine of Equivalents. Under the Local Rules, Blue Spike has adequately plead DOE in our infringement contentions for this stage of the litigation. Blue Spike will supplement its infringement contentions as additional evidence is made available.

Regards,



**Peter Brasher** / Attorney
888.908.4400 x104 / pbrasher@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On Apr 7, 2014, at 3:42 PM, Higgins, Christopher J. <chiggins@orrick.com> wrote:

Chris,

As I mentioned on the call, there are many cases rejecting your argument that a boilerplate notice of an unspecified doctrine of equivalents argument is inadequate under the patent rules.  I have attached a case from the Northern District of California – Dynetix v. Synopsis – (ND Cal patent rules are nearly identical to those of ED Texas) that we were successful in making this same argument.  In addition, other cases have noted that "[a] boilerplate reservation is inadequate, and courts have frequently dismissed claims under the doctrine of equivalents based upon boilerplate language in their infringement contentions."  *Nazomi Communs., Inc. v. Samsung Telecomms.*, Inc., 2013 U.S. Dist. LEXIS 112763, at *18 (N.D. Cal. Aug. 8, 2013).  Also, below is an excerpt from the Dynetix case:

> "The Patent Local Rules require a limitation-by-limitation analysis, not a boilerplate reservation." The doctrine of equivalents exists to prevent "a fraud on the patent," not to "give a patentee a second shot at proving infringement" that cannot be achieved through a literal infringements theory. Dynetix's infringement contentions consistently provide a boilerplate preamble that "VCS practices this element literally or equivalently" before going on to explain a single way in which VCS infringes. Dynetix therefore does not provide a specific analysis of how VCS satisfies the doctrine of equivalents, which applies only if the element in the accused device performs substantially the same function, in substantially the same way, to obtain substantially the same result as the element claimed in the patent.  Even though the magic "function, way, result" words are not specifically required, a party looking to rely on equivalents still has to describe how these requirements are met. Boilerplate is not enough. By failing to give Synopsys adequate notice of these theories during fact discovery, Dynetix severely prejudiced Synopsys' ability to refute any DOE theories.  In sum, while equivalents theories can serve as "Plan B"

to literal infringement theories, if our local rules are to have any teeth, they must be adequately disclosed and supplemented along the way, should new evidence arise in discovery."

We assume you will state your doctrine of equivalents contentions in detail in your revised versions of infringement contentions to be provided to Audible Magic tomorrow, and to other defendants later as relevant.

Thanks,
Chris

---

**From:** Higgins, Christopher J.
**Sent:** Monday, April 07, 2014 1:29 PM
**To:** Christopher Honea
**Cc:** bluespike@ghiplaw.com; rgarteiser@ghiplaw.com; AudibleMagic-BlueSpike; Walter Lackey; Eric Findlay; Radke, Sara; Armon, Orion; .PL.Dacus, Deron
**Subject:** RE: Blue Spike v. Audible Magic, et al.

Chris,

Your election of 32 claims does nothing to reduce the issues.  We expect Blue Spike to be prepared to discuss each of the deficiencies noted in my March 14 letter because Blue Spike has addressed none of them.  We can use the following dial in for today's call at 2:00 pm CST

1-888-582-3528
6443721#

Thanks,
Chris

---

**From:** Christopher Honea [mailto:chonea@ghiplaw.com]
**Sent:** Monday, April 07, 2014 1:17 PM
**To:** Higgins, Christopher J.
**Cc:** bluespike@ghiplaw.com; rgarteiser@ghiplaw.com; AudibleMagic-BlueSpike; Walter Lackey; Eric Findlay; Radke, Sara; Armon, Orion; .PL.Dacus, Deron
**Subject:** Re: Blue Spike v. Audible Magic, et al.

Chris,

We disagree we are dragging our feet. We are merely trying to avoid getting the court involved. Blue Spike is working with you to try and get you what you want without filing a motion, but you declined to not oppose Blue Spike's motion for leave to do so. You could have had them and avoided the need to file a motion, but you maintained your posture of fighting just to fight. Furthermore, Blue Spike has now provided its election of 32 claims, which should have significantly reduced the issues. Indeed, you have not clearly outlined the issues that remain since the elected claims were served, and it would have been premature to meet and confer on issues that have not been narrowed. We will meet and confer to narrow down those issues today, and if agreeable, should lend to more refined supplemental contentions to avoid concerning the court. Regards,

Chris

On Apr 5, 2014, at 6:55 PM, Higgins, Christopher J. wrote:

Chris,

Blue Spike promised revised infringement contentions by yesterday, but Audible Magic received nothing. Audible Magic's agreement to postpone the meet and confer on this issue was based on receiving revised infringement contentions on Friday.  Blue Spike's intent is clearly to drag its feet and delay Audible Magic's motion.  Indeed, the majority of the 32 asserted claims are those in which Blue Spike has alleged on nothing more than information and belief.  Audible Magic has waited long enough and will proceed to file its motion to strike Blue Spike's baseless infringement contentions following Monday's meet and confer.  If Blue Spike wishes to file revised infringement contentions prior to Audible Magic's motion, it must provide them to us by tomorrow.  Otherwise,  Blue Spike can submit any revised contentions with its response to Audible Magic's motion to strike or with an opposed motion for leave to amend.

Regards,
Chris


**From:** chonea@ghiplaw.com
**Sent:** Tuesday, April 1, 2014 2:48 PM
**To:** Christopher Higgins
**Cc:** bluespike@ghiplaw.com, rgarteiser@ghiplaw.com, AudibleMagic-BlueSpike@orrick.com, Walter Lackey, Eric Findlay, Radke, Sara, Armon, Orion, .PL.Dacus, Deron

Yes, we can provide revised contentions Friday.

On Apr 1, 2014, at 1:34 PM, "Higgins, Christopher J." <chiggins@orrick.com> wrote:

> Chris – does Blue Spike intend to provide revised infringement contentions by April 4[th]?  If it does not, then Audible Magic does not want to push back the meet and confer again.  We will not file any motion until Blue Spike limits its claims on Friday, which may help to narrow some issues, but if Blue Spike is not going to amend its contentions, then this meet and confer does not need to wait until next week.  If that is the case, then we can proceed with today's call or we can schedule a call no later than Monday, April 7[th].  Please let us know what Blue Spike prefers.
>
> -Chris
>
> **From:** Christopher Honea [mailto:chonea@ghiplaw.com]
> **Sent:** Tuesday, April 01, 2014 2:27 PM
> **To:** Higgins, Christopher J.
> **Cc:** bluespike@ghiplaw.com; rgarteiser@ghiplaw.com; AudibleMagic-BlueSpike; Walter Lackey; Eric Findlay; Radke, Sara; Armon, Orion; .PL.Dacus, Deron
> **Subject:** Re: Blue Spike v. Audible Magic, et al.
>
> How about Wednesday, April 9th?
>
> On Apr 1, 2014, at 10:52 AM, "Higgins, Christopher J." <chiggins@orrick.com> wrote:
>
>> Chris,
>>
>> We understand that Facebook's counsel (copied here) also sent Blue Spike a letter addressing many of the same concerns raised by Audible Magic with respect to Blue Spike's infringement contentions.  Because Facebook has also been accused of infringement as an Audible Magic customer, many of the issues in our letters

will overlap.  We would be willing to combine the meet and confers for Audible Magic and Facebook on Monday April 7th to address any deficiencies that Blue Spike does not remedy by April 4th.  Please let us know if this is acceptable to Blue Spike and provide a time on Monday April 7th that Blue Spike is available.  Otherwise, we will proceed with today's call at 3:30 EST.

Thanks,
Chris

**From:** Higgins, Christopher J.
**Sent:** Friday, March 28, 2014 6:18 PM
**To:** chonea@ghiplaw.com
**Cc:** bluespike@ghiplaw.com; rgarteiser@ghiplaw.com; AudibleMagic-BlueSpike; Walter Lackey; Eric Findlay
**Subject:** Re: Blue Spike v. Audible Magic, et al.

Chris,

We are available at 3:30 EST on Tuesday.  Let us know if that time works for Blue Spike.  We can use the following dial in for the call:

1-888-582-3528
6443721#

Thanks,
Chris

**From:** chonea@ghiplaw.com
**Sent:** Thursday, March 27, 2014 4:29 PM
**To:** Christopher Higgins
**Cc:** bluespike@ghiplaw.com, rgarteiser@ghiplaw.com, AudibleMagic-BlueSpike@orrick.com

Chris,

Blue Spike is very serious in addressing your client's concerns, but will not be able to provide amended contentions by your deadline of tomorrow, especially in light of the fact that the claims will be significantly reduced on April 4th, which could reduce some issues you have. It is, however, willing to discuss the issues by a meet and confer. We are generally available Tuesday, but not Monday. Alternatively, we could wait until after the April 4th election of 32 claims. Please let us know your preference. Thank you,

Chris

On Mar 27, 2014, at 1:38 PM, Higgins, Christopher J. wrote:

4

Counsel,

Please let us know if Blue Spike intends to remedy the deficiencies in its infringement contentions that were noted in Audible Magic's March 14 letter by tomorrow. If not, then Audible Magic requests that Blue Spike provide us with its availability for a meet and confer on Monday March, 31st.

-Chris

---

**From:** Higgins, Christopher J.
**Sent:** Friday, March 14, 2014 7:09 PM
**To:** bluespike@ghiplaw.com; rgarteiser@ghiplaw.com; chonea@ghiplaw.com
**Cc:** AudibleMagic-BlueSpike
**Subject:** Blue Spike v. Audible Magic, et al.

Counsel,

Please see the attached letter.

Regards,
Chris


<image001.gif>

**CHRISTOPHER J. HIGGINS**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
ORRICK BUILDING AT COLUMBIA CENTER
1152 15TH STREET NW
WASHINGTON, DC 20005-1706

*tel* 202-339-8418
*fax* 202-339-8500
chiggins@orrick.com
bio | vcard

www.orrick.com



=========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)

5