IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br><br>　　　　Plaintiff<br><br>vs.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:12-CV-499 MHS<br><br>**LEAD CASE** |
| BLUE SPIKE, LLC<br><br>　　　　Plaintiff<br><br>vs.<br><br>L-1 IDENTITY SOLUTIONS, INC. and MORPHOTRUST USA, INC.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:12-CV-680 MHS<br><br>**CONSOLIDATED CASE** |

## DEFENDANT MORPHOTRUST USA, INC.'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

### ANSWER

Defendant MorphoTrust USA, Inc.'s (now known as MorphoTrust USA, LLC) ("MorphoTrust"), by and through its undersigned counsel, hereby answers Blue Spike, LLC's ("Blue Spike" or "Plaintiff") First Amended Complaint for Patent Infringement Against L-1 Identity Solutions, Inc. and MorphoTrust USA, Inc. ("FAC") as follows:

MorphoTrust denies each and every allegation contained in Plaintiff's FAC, except as specifically admitted or explained herein. To the extent that the headings or any other non-

numbered statements in the FAC contain any allegations, MorphoTrust denies each and every such allegation.

In response to the introductory paragraph on page 1 of the FAC, no answer is required.

## NATURE OF THE SUIT

1. MorphoTrust admits that the action brought by Plaintiff purports to be an action arising under the patent laws of the United States. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 1.

## PARTIES

2. MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 and, on that basis, denies said allegations.

3. MorphoTrust admits that prior to L-1 Identity Solutions, Inc.'s ("L-1") December 28, 2012 merger into MorphoTrust, L-1 was a Delaware Corporation. MorphoTrust further admits that L-1's registered agent was Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 3.

4. MorphoTrust admits that it is a Delaware Corporation. MorphoTrust admits that it can be served with process through its registered agent, Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. MorphoTrust admits that it does business in the State of Texas and the Eastern District of Texas. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5. MorphoTrust admits that the action brought by Plaintiff purports to be an action arising under the patent laws of the United States. MorphoTrust admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 5.

6. MorphoTrust denies each and every allegation of paragraph 6.

7. MorphoTrust denies each and every allegation of paragraph 7.

## FACTUAL BACKGROUND

A.     **Moskowitz' History**

8.     MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 and, on that basis, denies said allegations.

9.     MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 and, on that basis, denies said allegations.

10.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 and, on that basis, denies said allegations.

11.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 and, on that basis, denies said allegations.

12.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 and, on that basis, denies said allegations.

13.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 and, on that basis, denies said allegations.

14.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 and, on that basis, denies said allegations.

15.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 and, on that basis, denies said allegations.

16.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 and, on that basis, denies said allegations.

17.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 and, on that basis, denies said allegations.

18.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 and, on that basis, denies said allegations.

19.    MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 and, on that basis, denies said allegations.

20.    MorphoTrust is without knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 20 and, on that basis, denies said allegations.

21. MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 and, on that basis, denies said allegations.

**B.    Patents-in-Suit**

22. MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 and, on that basis, denies said allegations.

23. MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 and, on that basis, denies said allegations.

24. MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 and, on that basis, denies said allegations.

25. MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 and, on that basis, denies said allegations.

26. MorphoTrust denies each and every allegation of paragraph 26.

27. MorphoTrust is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 and, on that basis, denies said allegations.

**C.    The Accused Products and Services**

28. MorphoTrust admits that it designs, develops, and manufactures fingerprint-based biometric software, systems, and technology. MorphoTrust further admits that it makes, uses, offers for sale, and/or imports into the U.S. LiveScan, BTO500, and DFR 2300. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 28.

29. MorphoTrust admits it does not have a license to Blue Spike technology nor does MorphoTrust need one.

30. MorphoTrust denies each and every allegation of paragraph 30.

31. MorphoTrust denies each and every allegation of paragraph 31.

<u>**COUNT 1:**</u>

<u>**INFRINGEMENT OF UNITED STATES PATENT NO. 8,214,175**</u>

32. In response to paragraph 32 of the FAC, MorphoTrust realleges and incorporates

by reference the answers stated in paragraphs 1-31 above.

33. MorphoTrust admits that the face of the '175 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." MorphoTrust is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 33 and, on that basis, denies said allegations.

34. MorphoTrust admits that the face of the '175 patent shows it was issued on July 3, 2012. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 34.

35. MorphoTrust denies each and every allegation of paragraph 35.

36. MorphoTrust admits that Plaintiff attached as Exhibit 1 what purports to be a copy of a MorphoTrust press release. MorphoTrust admits that certain of its products are integrated into identification kiosks for the Tennessee Department of Safety and Homeland Security. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 36.

37. MorphoTrust denies each and every allegation of paragraph 37.

38. MorphoTrust admits that it has had knowledge of the Patents-in-Suit since the actual service of the original Complaint in this lawsuit on October 5, 2012. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 38.

39. MorphoTrust denies each and every allegation of paragraph 39.

## COUNT 2:
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,949,494

40. In response to paragraph 40 of the FAC, MorphoTrust realleges and incorporates by reference the answers stated in paragraphs 1-39 above.

41. MorphoTrust admits that the face of the '494 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." MorphoTrust is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 41 and, on that basis, denies said allegations.

42. MorphoTrust admits that the face of the '494 patent shows it was issued on May 24, 2011. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 42.

43. MorphoTrust denies each and every allegation of paragraph 43.

44. MorphoTrust admits that Plaintiff attached as Exhibit 1 what purports to be a copy of a MorphoTrust press release. MorphoTrust admits that certain of its products are integrated into identification kiosks for the Tennessee Department of Safety and Homeland Security. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 44.

45. MorphoTrust denies each and every allegation of paragraph 45.

46. MorphoTrust admits that it has had knowledge of the Patents-in-Suit since the actual service of the original Complaint in this lawsuit on October 5, 2012. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 46.

47. MorphoTrust denies each and every allegation of paragraph 47.

## COUNT 3:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,660,700

48. In response to paragraph 48 of the FAC, MorphoTrust realleges and incorporates by reference the answers stated in paragraphs 1-47 above.

49. MorphoTrust admits that the face of the '700 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." MorphoTrust is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 49 and, on that basis, denies said allegations.

50. MorphoTrust admits that the face of the '700 patent shows it was issued on February 9, 2010. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 50.

51. MorphoTrust denies each and every allegation of paragraph 51.

52. MorphoTrust admits that Plaintiff attached as Exhibit 1 what purports to be a

copy of a MorphoTrust press release. MorphoTrust admits that certain of its products are integrated into identification kiosks for the Tennessee Department of Safety and Homeland Security. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 52.

53. MorphoTrust denies each and every allegation of paragraph 53.

54. MorphoTrust admits that it has had knowledge of the Patents-in-Suit since the actual service of the original Complaint in this lawsuit on October 5, 2012. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 54.

55. MorphoTrust denies each and every allegation of paragraph 55.

## COUNT 4:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,346,472

56. In response to paragraph 55 of the FAC, MorphoTrust realleges and incorporates by reference the answers stated in paragraphs 1-55 above.

57. MorphoTrust admits that the face of the '472 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." MorphoTrust denies that Plaintiff has ownership of any rights in the '472 patent, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

58. MorphoTrust admits that the face of the '472 patent shows it was issued on March 18, 2008. MorphoTrust denies that this patent is valid, enforceable, and was duly and legally issued. MorphoTrust is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 58 and, on that basis, denies said allegations.

59. MorphoTrust denies each and every allegation of paragraph 59.

60. MorphoTrust admits that Plaintiff attached as Exhibit 1 what purports to be a copy of a MorphoTrust press release. MorphoTrust admits that certain MorphoTrust products are integrated into identification kiosks for the Tennessee Department of Safety and Homeland Security. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of

paragraph 60.

61. MorphoTrust denies each and every allegation of paragraph 61.

62. MorphoTrust admits that it has had knowledge of the Patents-in-Suit since the actual service of the original Complaint in this lawsuit on October 5, 2012. Except as expressly admitted herein, MorphoTrust denies the remaining allegations of paragraph 62.

63. MorphoTrust denies each and every allegation of paragraph 63.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

64. MorphoTrust denies that Plaintiff is entitled to the relief sought, or any other relief.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

65. MorphoTrust states that Plaintiff's jury demand does not require a response.

## AFFIRMATIVE DEFENSES

Further answering the FAC, MorphoTrust asserts the following defenses. MorphoTrust reserves the right to amend its Answer with additional defenses as further information is determined.

## FIRST DEFENSE

### (Non-infringement of the Asserted Patents)

66. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

67. MorphoTrust has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '175, '494, '700, or '472 patents, and is not liable for infringement thereof.

## SECOND DEFENSE

### (Invalidity of the Asserted Patents)

68. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

69. One or more claims of each of the '175, '494, '700, or '472 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, and Plaintiff's claims for relief are therefore

barred.

## THIRD DEFENSE

### (Lack of Standing to Sue)

70. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

71. Upon information and belief, Plaintiff lacks standing to sue because it does not hold sufficient rights to one or more of the '175, '494, '700, or '472 patents.

## FOURTH DEFENSE

### (Equitable Defenses)

72. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

73. Plaintiff's claims for alleged infringement are barred or limited by equitable defenses, such as the laches, waiver, unclean hands, acquiescence, and estoppel.

## FIFTH DEFENSE

### (Implied License and Exhaustion)

74. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

75. Plaintiff's FAC is precluded, in whole or in part, to the extent that any allegedly infringing products or components are supplied, directly or indirectly, to MorphoTrust or are imported, sold by, offered for sale by, made by, or made for, an entity or entities having express or implied licenses to the '175, '494, '700, or '472 patents

## SIXTH DEFENSE

### (Unavailability of Relief)

76. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

77. Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and (c) and is not entitled to any alleged damages prior to providing any actual notice to MorphoTrust of the '175, '494, '700, or '472 patents.

## SEVENTH DEFENSE

### (Adequate Remedy at Law)

78. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

79. Plaintiff's claims for injunctive relief are barred in light of the fact that Plaintiff has an adequate remedy at law.

## EIGHTH DEFENSE

### (Unavailability of Enhanced Damages)

80. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

81. Plaintiff has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and 285 for increased damages and attorneys' fees and is not entitled to any alleged damages prior to providing any actual notice to MorphoTrust of the '175, '494, '700, or '472 patents.

## NINTH DEFENSE

### (Limitation on Damages)

82. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

83. Plaintiff's claims for damages, if any, against MorphoTrust for alleged infringement of the '175, '494, '700, or '472 patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## TENTH DEFENSE

### (Failure to Mark)

84. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

85. Plaintiff's claims for damages are barred or limited due to failure by Plaintiff to allege compliance with, and failure to comply with, the requirements of 35 U.S.C. § 287.

## ELEVENTH DEFENSE

### (Prosecution History Estoppel)

86. MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

87. To the extent that Plaintiffs attempt to assert infringement under the doctrine of equivalents, MorphoTrust believes that arguments and amendments contained in the prosecution history of the '175, '494, '700, or '472 patents will estop or bar any claims for alleged infringement.

## TWELFTH DEFENSE

### (Lack of Venue)

88.     MorphoTrust incorporates by reference paragraphs 1 through 65 of its Answer.

89.     Venue is neither proper nor convenient in this District.

### PRAYER FOR RELIEF

WHEREFORE, MorphoTrust respectfully prays for the entry of judgment as follows:

A.     Dismissing with prejudice any and all claims of Plaintiff's FAC and ordering that Plaintiff takes nothing as a result of the FAC;

B.     Judging the '175, '494, '700, or '472 patents and their claims invalid;

C.     Judging the '175, '494, '700, or '472 patents and their claims unenforceable;

D.     Judging that MorphoTrust has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, or '472 patents

E.     That Plaintiff be denied any remedies available under 35 U.S.C. § 284;

F.     That the Court denies Plaintiff any injunctive relief;

G.     That the Court denies Plaintiff any other relief as to the First through Fourth Claims for Relief;

H.     Finding that this is an exceptional case and awarding MorphoTrust its attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285;

I.     That the Court award MorphoTrust its costs of suit; and

J.     That the Court award such further relief as deemed just and proper.

### MORPHOTRUST'S COUNTERCLAIMS

90.     Counterclaimant MorphoTrust hereby submits these counterclaims pursuant to Federal Rule of Civil Procedure 13 and incorporates by reference paragraphs 1 through 89 of its Answer.

91.     There is an actual controversy between MorphoTrust and Plaintiff regarding non-infringement, validity, and/or unenforceability of the '175, '494, '700, or '472 patents because

Plaintiff has asserted that MorphoTrust infringes the '175, '494, '700, or '472 patents.

92. This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

93. MorphoTrust is a Delaware corporation with its principal place of business at 296 Concord Road, Billerica, Massachusetts 01821.

94. Upon information and belief, Plaintiff is a Texas limited liability corporation with its principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

95. This Court has personal jurisdiction over Plaintiff at least because Plaintiff submitted itself to this Court's personal jurisdiction by suing MorphoTrust and the other Defendants in this Court.

96. Venue for these counterclaims is proper in this Court under 28 U.S.C. § 1391 and under the doctrine of pendant venue because these counterclaims are closely related to the claims set forth in the FAC.

## FIRST COUNTERCLAIM

### (Invalidity)

97. MorphoTrust incorporates by reference paragraphs 90-96 of its Answer and Counterclaims.

98. The claims of the '175, '494, '700, or '472 patents are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.*

99. The claims of the '175, '494, '700, or '472 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND COUNTERCLAIM

### (Non-infringement)

100. MorphoTrust incorporates by reference paragraphs 90-96 of its Answer and Counterclaims.

101.　MorphoTrust has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the '175, '494, '700, or '472 patents.

## PRAYER FOR RELIEF

WHEREFORE, MorphoTrust respectfully prays for the entry of judgment as follows:

A.　Judging the '175, '494, '700, or '472 patents and their claims invalid;

B.　Judging the '175, '494, '700, or '472 patents and their claims unenforceable;

C.　Judging that MorphoTrust has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, or '472 patents.

D.　Finding that this is an exceptional case and awarding MorphoTrust its reasonable costs of suit and attorneys' fees pursuant to 35 U.S.C. § 285; and

E.　That the Court award such further relief as deemed just and proper.

## DEMAND FOR JURY TRIAL

MorphoTrust hereby demands trial by jury on all issues.

Dated: April 24, 2014

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP


/s/ Daniel Johnson, Jr.

C. Erik Hawes (TX Bar No. 24042543)
Email: ehawes@morganlewis.com
Thomas R. Davis (TX Bar No. 24055384)
Email: tdavis@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)
Email: djjohnson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000 Telephone
(415) 442-1001 Facsimile

**Attorneys for Defendant MORPHOTRUST USA, Inc.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing system and/or electronic mail on April 24, 2014.

*/s/ Daniel Johnson, Jr.*
Daniel Johnson, Jr.
