IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, <br>     *Plaintiff*, <br> v. <br> TEXAS INSTRUMENTS, INC. <br>     *Defendants*. <br> _____ <br> BLUE SPIKE, LLC, <br>     *Plaintiff*, <br> v. <br> FULCRUM BIOMETRICS, LLC, et al. <br>     *Defendants*. <br> _____ | § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:12-CV-499-LED <br><br> (LEAD CASE) <br><br> JURY TRIAL DEMANDED <br><br><br><br> Civil Action No. 6:12-CV-610-LED <br><br> (CONSOLIDATED WITH 6:12-CV-499) <br><br> JURY TRIAL DEMANDED |

**FULCRUM BIOMETRICS, LLC'S ANSWER, COUNTERCLAIMS, AND AFFIRMATIVE DEFENSES TO BLUE SPIKE LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Fulcrum Biometrics, LLC ("Fulcrum") answers the First Amended Complaint of Blue Spike LLC ("Blue Spike") as follows:

**NATURE OF THE SUIT**

1.      The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Fulcrum admits that paragraph 1 purports to assert a claim arising under the patent laws of the United States, Title 35 of the United States Code, and in all other respects denies the allegations of paragraph 1.

## PARTIES

2. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. Fulcrum admits that it is a Texas company and has a principal place of business at 1862 West Bitters Rd., Suite 100, San Antonio, TX 78248. Fulcrum admits that it has appointed Kenneth A. Nosker, located at 825 W. Bitters Road, San Antonio, TX 78216 as its agent for service of process. Fulcrum admits that it does business in the State of Texas or in the Eastern District of Texas. Except as expressly admitted, Fulcrum denies the remaining allegations of paragraph 3.

4. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

## JURISDICTION AND VENUE

5. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Fulcrum admits that the First Amended Complaint purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. Fulcrum admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a) and 1331. Except as expressly admitted, Fulcrum denies the remaining allegations of paragraph 5 that are directed to Fulcrum.

6. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Fulcrum denies that it is subject to the personal jurisdiction of this Court. Fulcrum does not waive any argument that this Court lacks jurisdiction over Fulcrum by filing this answer. Fulcrum denies that it has committed, contributed to, or induced any act of infringement. Fulcrum denies the remaining allegations of

paragraph 6 that are directed to Fulcrum. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 that are directed to other defendants, and therefore denies them.

7. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Fulcrum denies that venue is proper in the Tyler Division of the Eastern District of Texas, and denies that this judicial district is the most convenient forum for the parties and witnesses or in the interests of justice. By filing this answer, Fulcrum does not waive any argument that venue is not proper in this District as to Fulcrum. Fulcrum denies that it has committed any act of infringement. Fulcrum denies the remaining allegations of paragraph 7 that are directed to Fulcrum. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 that are directed to other defendants, and therefore denies them.

## FACTUAL BACKGROUND

8. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28. Fulcrum admits that it has products called FbF mobileOne accessories (such as FbF mobileOne Cradle and FbF mobileOne QuickDock in conjunction with FBF mobileOne iOS Library), FbF mobileOne Developer Bundle with Cradle, FbF mobileOne Developer Bundle with QuickDock, FBF mobileOne iOS Library, FbF bioServer Lite, FbF PalmVein bioServer, FbF bioServer Standard, FbF bioServer Extended, FbF Listener – Multibiometric Client, FbF Listener – PalmVein Client, FbF LiveScan Listener – Multibiometric Client, FbF Silerlight Client Library (in conjunction with FbF bioServer and FbF Listener), FbF PalmVein Developer Bundle, FbF LiveScan, and FbF LiveScan Jump Kit with FS60.  Fulcrum denies that it has committed any act of infringement.  Fulcrum denies the remaining allegations of paragraph 28.

29. Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30. Fulcrum denies the allegations of paragraph 30.

31. Fulcrum denies the allegations of paragraph 31.

## COUNT 1

### INFRINGEMENT OF U.S. PATENT NO. 8,214,175

32. Fulcrum incorporates by reference its responses to paragraphs 1 through 31 above.

33. Fulcrum admits that, on its face, U.S. Patent No. 8,214,175 ("the '175 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34. Fulcrum admits that, on its face, the '175 patent states that it was issued on July 3, 2012. Fulcrum denies the remainder of the allegations of paragraph 34.

35. Fulcrum denies the allegations of paragraph 35.

36. Fulcrum denies the allegations of paragraph 36.

37. Fulcrum denies the allegations of paragraph 37.

38. Fulcrum denies the allegations of paragraph 38, including sections a and b.

39. Fulcrum denies the allegations of paragraph 39.

## COUNT 2

### INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. Fulcrum incorporates by reference its responses to paragraphs 1 through 39 above.

41. Fulcrum admits that, on its face, U.S. Patent No. 7,949,494 ("the '494 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42. Fulcrum admits that, on its face, the '494 patent states that it was issued on May 24, 2011. Fulcrum denies the remainder of the allegations of paragraph 42.

43. Fulcrum denies the allegations of paragraph 43.

44. Fulcrum denies the allegations of paragraph 44.

45. Fulcrum denies the allegations of paragraph 45.

46. Fulcrum denies the allegations of paragraph 46, including sections a and b.

47. Fulcrum denies the allegations of paragraph 47.

## COUNT 3

## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48. Fulcrum incorporates by reference its responses to paragraphs 1 through 47 above.

49. Fulcrum admits that, on its face, U.S. Patent No. 7,660,700 ("the '700 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49, and therefore denies them.

50. Fulcrum admits that, on its face, the '700 patent states that it was issued on February 9, 2010. Fulcrum denies the remainder of the allegations of paragraph 50.

51. Fulcrum denies the allegations of paragraph 51.

52. Fulcrum denies the allegations of paragraph 52.

53. Fulcrum denies the allegations of paragraph 53.

54. Fulcrum denies the allegations of paragraph 54, including sections a and b.

55. Fulcrum denies the allegations of paragraph 55.

## COUNT 4

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56.    Fulcrum incorporates by reference its responses to paragraphs 1 through 55 above.

57.    Fulcrum admits that, on its face, U.S. Patent No. 7,346,472 ("the '472 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Fulcrum is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57, and therefore denies them.

58.    Fulcrum admits that, on its face, the '472 patent states that it was issued on March 18, 2008. Fulcrum denies the remainder of the allegations of paragraph 58.

59.    Fulcrum denies the allegations of paragraph 59.

60.    Fulcrum denies the allegations of paragraph 60.

61.    Fulcrum denies the allegations of paragraph 61.

62.    Fulcrum denies the allegations of paragraph 62, including sections a and b.

63.    Fulcrum denies the allegations of paragraph 63.

## REQUEST FOR RELIEF

Fulcrum incorporates by reference its responses to paragraphs 1 through 63 above. Fulcrum denies that Blue Spike is entitled to any relief whatsoever against Fulcrum in this action, either as prayed for in the First Amended Complaint or otherwise.

Except as expressly admitted above, Fulcrum denies each and every allegation contained in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Forum Non Conveniens)**

1.    The Eastern District of Texas is an inconvenient forum in which to litigate this action against Fulcrum under 28 U.S.C. § 1404(a).

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2. The First Amended Complaint for Patent Infringement fails to state a claim on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Non-infringement)

3. Fulcrum has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '175, '494, '700 or '472 patents.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity)

4. The '175, '494, '700 or '472 patents, including all of the claims, are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103, and 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

5. Prior to receiving a copy of the Original Complaint in this action, Fulcrum did not have notice of Blue Spike's allegations of infringement. Upon information and belief, neither Blue Spike nor Blue Spike's licensees have marked instrumentalities that embody any of the claims of the '175, '494, '700 or '472 patents with proper notice of the patents in compliance with 35 U.S.C. § 287. Blue Spike is not entitled to any pre-filing damages pursuant to 35 U.S.C. § 287 for any claims to which 35 U.S.C. § 287 applies.

## SIXTH AFFIRMATIVE DEFENSE

### (Prior Commercial Use)

6. Fulcrum does not infringe any claims of the '175, '494, '700 or '472 patents pursuant to 35 U.S.C. § 273.

### SEVENTH AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel)**

7. Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that ultimately issued as the '175, '494, '700 or '472 patents, Blue Spike is precluded or otherwise estopped from asserting any construction of the claims of the '175, '494, '700 or '472 patents that is inconsistent with its or its predecessor(s)-in-interest's representations before the PTO. On information and belief, Blue Spike is estopped from asserting any construction of the claims sufficiently broad to cover or include any product made, used, sold, offered for sale within the United States, or imported into the United States, by Fulcrum.

### EIGHTH AFFIRMATIVE DEFENSE

**(Laches, Waiver, Acquiescence, Estoppel, and Unclean Hands)**

8. Blue Spike's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, estoppel, and/or unclean hands.

### NINTH AFFIRMATIVE DEFENSE

**(Limitation on Damages and Remedies)**

9. Blue Spike's claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

### TENTH AFFIRMATIVE DEFENSE

**(Unavailability of Injunctive Relief)**

10. Blue Spike is not entitled to injunctive relief or any other equitable relief because any alleged injury to Blue Spike is not irreparable and because – had Blue Spike been injured – it would have an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing/Failure to Join Necessary Party)

11. Blue Spike lacks standing to bring a patent infringement action based on the '175, '494, '700 or '472 patents and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

### TWELFTH AFFIRMATIVE DEFENSE

### (Single Recovery Rule)

12. Plaintiff's damages are barred in whole or in part by the single recovery rule.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (License/Implied License/Patent Exhaustion)

13. Plaintiff's damages are barred in whole or in part by the defenses of license, implied license, and/or patent exhaustion.

### COUNTERCLAIMS

For its counterclaims against Blue Spike, Fulcrum alleges as follows:

1. Fulcrum incorporates what is set out in the preceding paragraphs as if fully set forth herein.

2. Blue Spike's First Amended Complaint has established an actual and justiciable controversy between Blue Spike and Fulcrum with respect to validity and infringement of the '175, '494, '700 or '472 patents.

3. Fulcrum brings these counterclaims without waiving its right to argue that venue in the Eastern District of Texas is improper and inconvenient.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of the '175 Patent)**

4. Fulcrum incorporates paragraphs 1-3 of these counterclaims as if fully set forth herein.

5. Blue Spike alleges that Fulcrum has infringed the '175 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '175 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the First Amended Complaint.

6. Fulcrum does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '175 patent.

7. Fulcrum is entitled to a declaratory judgment that it has not infringed and is not infringing the '175 patent.

## COUNT TWO

**(Declaratory Judgment of Invalidity of the '175 Patent)**

8. Fulcrum incorporates paragraphs 1-7 of these counterclaims as if fully set forth herein.

9. One or more claims of the '175 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

10. Fulcrum is entitled to a declaratory judgment that one or more claims of the '175 patent are invalid.

## COUNT THREE

### (Declaratory Judgment of Non-Infringement of the '494 Patent)

11. Fulcrum incorporates paragraphs 1-10 of these counterclaims as if fully set forth herein.

12. Blue Spike alleges that Fulcrum has infringed the '494 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '494 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the First Amended Complaint.

13. Fulcrum does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '494 patent.

14. Fulcrum is entitled to a declaratory judgment that it has not infringed and is not infringing the '494 patent.

## COUNT FOUR

### (Declaratory Judgment of Invalidity of the '494 Patent)

15. Fulcrum incorporates paragraphs 1-14 of these counterclaims as if fully set forth herein.

16. One or more claims of the '494 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

17. Fulcrum is entitled to a declaratory judgment that one or more claims of the '494 patent are invalid.

## COUNT FIVE

**(Declaratory Judgment of Non-Infringement of the '700 Patent)**

18. Fulcrum incorporates paragraphs 1-17 of these counterclaims as if fully set forth herein.

19. Blue Spike alleges that Fulcrum has infringed the '700 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '700 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the First Amended Complaint.

20. Fulcrum does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '700 patent.

21. Fulcrum is entitled to a declaratory judgment that it has not infringed and is not infringing the '700 patent.

## COUNT SIX

**(Declaratory Judgment of Invalidity of the '700 Patent)**

22. Fulcrum incorporates paragraphs 1-21 of these counterclaims as if fully set forth herein.

23. One or more claims of the '700 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

24. Fulcrum is entitled to a declaratory judgment that one or more claims of the '700 patent are invalid.

## COUNT SEVEN

### (Declaratory Judgment of Non-Infringement of the '472 Patent)

25. Fulcrum incorporates paragraphs 1-24 of these counterclaims as if fully set forth herein.

26. Blue Spike alleges that Fulcrum has infringed the '472 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '472 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the First Amended Complaint.

27. Fulcrum does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '472 patent.

28. Fulcrum is entitled to a declaratory judgment that it has not infringed and is not infringing the '472 patent.

## COUNT EIGHT

### (Declaratory Judgment of Invalidity of the '472 Patent)

29. Fulcrum incorporates paragraphs 1-28 of these counterclaims as if fully set forth herein.

30. One or more claims of the '472 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

31. Fulcrum is entitled to a declaratory judgment that one or more claims of the '472 patent are invalid.

## FULCRUM'S PRAYER FOR RELIEF

Fulcrum prays for relief as follows:

A.	That the Court enter judgment in favor of Fulcrum, and against Blue Spike;

B.	That the Court find the '175, '494, '700 or '472 patents not infringed by Fulcrum;

C.	That the Court find the '175, '494, '700 or '472 patents invalid;

D.	That Blue Spike take nothing by its First Amended Complaint for Patent Infringement against Fulcrum;

E.	That the Court find this action exceptional under 35 U.S.C. § 285, and award Fulcrum its costs and fees in this action, including reasonable attorneys' fees; and

F.	That the Court grant Fulcrum such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Fulcrum demands a trial by jury on all issues so triable.


Dated:  April 24, 2014

By:
	/s/ Eric H. Findlay
	Eric H. Findlay (Texas Bar No. 00789886)
	Walter W. Lackey, Jr. (Texas Bar No. 24050901)
	FINDLAY CRAFT, P.C.
	102 N. College Ave.
	Suite 900
	Tyler, TX 75702
	Telephone:  (903) 534-1100
	Facsimile:   (903) 534-1137
	efindlay@findlaycraft.com
	wlackey@findlaycraft.com

	Attorneys for Defendant
	FULCRUM BIOMETRICS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(3) on April 24, 2014.

*/s/ Eric H. Findlay*
Eric H. Findlay