IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | CIVIL ACTION NO. 6:12-CV-499 MHS |
| Plaintiff, | § § § | LEAD CASE |
| v. | § § | |
| TEXAS INSTRUMENTS, INC., et al. | § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |
| BLUE SPIKE, LLC, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:13-CV-89 MHS |
| v. | § § § | CONSOLIDATED CASE |
| MORPHOTRAK, INC. and SAFRAN USA, INC., | § § § | |
| Defendants. | § § § | |

**DEFENDANT MORPHOTRAK, INC.'S ANSWER AND COUNTERCLAIMS**

**TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

**ANSWER**

Defendant MorphoTrak Inc. ("MorphoTrak"), by and through its undersigned counsel, hereby answers Blue Spike, LLC's ("Blue Spike" or "Plaintiff") First Amended Complaint for Patent Infringement ("FAC") Against MorphoTrak, Inc. and Safran USA, Inc. as follows:

MorphoTrak denies each and every allegation contained in Plaintiff's FAC, except as specifically admitted or explained herein. To the extent that the headings or any other non-numbered statements in the FAC contain any allegations, MorphoTrak denies each and every such allegation.

In response to the introductory paragraph on page 1 of the FAC, no answer is required.

## NATURE OF THE SUIT

1. MorphoTrak admits that the action brought by Plaintiff purports to be an action arising under the patent laws of the United States. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 1.

## PARTIES

2. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 and, on that basis, denies said allegations.

3. MorphoTrak admits that it is a Delaware corporation, having its principal place of business at 113 South Columbus Street, 4th Floor, Alexandria, Virginia 22314. MorphoTrak admits that it can be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. MorphoTrak admits that it does business in the State of Texas and in the Eastern District of Texas.

4. MorphoTrak admits that Safran USA, Inc. ("Safran") is a Delaware Corporation and that it can be served with process through its registered agent, CT Corporation System, located at 2201 W. Royal Lane, Suite 150, Irving, Texas 75063. MorphoTrak admits that Safran's principal place of business is located at 2850 Safran Drive, Grand Prairie, Texas 75052. MorphoTrak admits that Safran does business in the State of Texas. Except as expressly admitted herein, MorphoTrak denies the remaining allegations and paragraph 4.

## JURISDICTION AND VENUE

5. MorphoTrak admits that the action brought by Plaintiff purports to be an action arising under the patent laws of the United States. MorphoTrak admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 5.

6. MorphoTrak admits that it has designated an agent for service of process in the State of Texas. MorphoTrak admits that it regularly does business or solicits business in the District and in Texas. Except as expressly admitted herein, MorphoTrak denies the remaining

allegations of paragraph 6.

7.  MorphoTrak denies each and every allegation of paragraph 7.

## FACTUAL BACKGROUND

A.  **Moskowitz' History**

8.  MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 and, on that basis, denies said allegations.

9.  MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 and, on that basis, denies said allegations.

10. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 and, on that basis, denies said allegations.

11. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 and, on that basis, denies said allegations.

12. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 and, on that basis, denies said allegations.

13. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 and, on that basis, denies said allegations.

14. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 and, on that basis, denies said allegations.

15. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 and, on that basis, denies said allegations.

16. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 and, on that basis, denies said allegations.

17. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 and, on that basis, denies said allegations.

18. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 and, on that basis, denies said allegations.

19. MorphoTrak is without knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 19 and, on that basis, denies said allegations.

20. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 and, on that basis, denies said allegations.

21. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 and, on that basis, denies said allegations.

**B.    Patents-in-Suit**

22. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 and, on that basis, denies said allegations.

23. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 and, on that basis, denies said allegations.

24. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 and, on that basis, denies said allegations.

25. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 and, on that basis, denies said allegations.

26. MorphoTrak denies each and every allegation of paragraph 26.

27. MorphoTrak is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 and, on that basis, denies said allegations.

**C.    The Accused Products and Services**

28. MorphoTrak admits that it designs, develops, and manufactures fingerprint-based biometric software, systems, and technology. MorphoTrak admits that it makes, uses, offers for sale, and/or imports into the U.S. MorphoBIS, SORNA Registration Kiosk, Bio-Enroll, and Bio-Verify. MorphoTrak admits that it uses, offers for sale, and/or imports into the U.S. MorphoAccess (J Series, 500+ Series, and 520), MorphoSmart (300 series, 1300 series, CBM, CBM-E, MSO OEM, MSO XXI OEM), Morpho 3d Face, Morpho Integrator's Kit, Bioscrypt, MorphoCheck, MorphoCheck PIV, MorphoCheck TWIC, MetaMorpho, Morpho DigiScan Web, MorphoIDent, Morpho RapID, MA120W PIV, MA500 PIV, OMA520 PIV, MSO 350 PIV, MSO 1350e PIV, MA120W TWIC, MA521 TWIC, OMA520 TWIC, Finger VP, MEMS, and

MIK. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 28.

29. MorphoTrak admits it does not have a license to Blue Spike technology nor does MorphoTrak need one.

30. MorphoTrak denies each and every allegation of paragraph 30.

31. MorphoTrak denies each and every allegation of paragraph 31.

## COUNT 1:
## INFRINGEMENT OF UNITED STATES PATENT NO. 8,214,175

32. In response to paragraph 32 of the FAC, MorphoTrak realleges and incorporates by reference the answers stated in paragraphs 1-31 above.

33. MorphoTrak admits that the face of the '175 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." MorphoTrak is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 33 and, on that basis, denies said allegations.

34. MorphoTrak admits that the face of the '175 patent shows it was issued on July 3, 2012. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 34.

35. MorphoTrak denies each and every allegation of paragraph 35.

36. MorphoTrak admits that Plaintiff attached as Exhibit 1 what purports to be a copy of a printout from MorphoTrak's website. MorphoTrak admits that it manufactures technology that can be and is integrated into Mobile ID for Law Enforcement and Border Management and the FBI's Integrated Automatic Fingerprint Identification Systems. MorphoTrak admits that Plaintiff attached as Exhibit 2 what purports to be a copy of a marketing document distributed by MorphoTrak. MorphoTrak further admits that it distributes marketing material stating that MorphoTrak's products can be used to create certain end user biometric applications. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 36.

37. MorphoTrak denies each and every allegation of paragraph 37.

38. MorphoTrak admits that it has had knowledge of the Patents-in-Suit since the actual service of the original Complaint in this lawsuit on or about February 11, 2013. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 38.

39. MorphoTrak denies each and every allegation of paragraph 39.

## COUNT 2:
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,949,494

40. In response to paragraph 40 of the FAC, MorphoTrak realleges and incorporates by reference the answers stated in paragraphs 1-39 above.

41. MorphoTrak admits that the face of the '494 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." MorphoTrak is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 41 and, on that basis, denies said allegations.

42. MorphoTrak admits that the face of the '494 patent shows it was issued on May 24, 2011. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 42.

43. MorphoTrak denies each and every allegation of paragraph 43.

44. MorphoTrak admits that Plaintiff attached as Exhibit 1 what purports to be a copy of a printout from MorphoTrak's website. MorphoTrak admits that it manufactures technology that can be and is integrated into Mobile ID for Law Enforcement and Border Management and the FBI's Integrated Automatic Fingerprint Identification Systems. MorphoTrak admits that Plaintiff attached as Exhibit 2 what purports to be a copy of a marketing document distributed by MorphoTrak. MorphoTrak further admits that it distributes marketing material stating that MorphoTrak's products can be used to create certain end user biometric applications. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 44.

45. MorphoTrak denies each and every allegation of paragraph 45.

46. MorphoTrak admits that it has had knowledge of the Patents-in-Suit since the actual service of the original Complaint in this lawsuit on or about February 11, 2013. Except as

expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 46.

47.     MorphoTrak denies each and every allegation of paragraph 47.

## COUNT 3:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,660,700

48.     In response to paragraph 48 of the FAC, MorphoTrak realleges and incorporates by reference the answers stated in paragraphs 1-47 above.

49.     MorphoTrak admits that the face of the '700 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." MorphoTrak is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 49 and, on that basis, denies said allegations.

50.     MorphoTrak admits that the face of the '700 patent shows it was issued on February 9, 2010. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 50.

51.     MorphoTrak denies each and every allegation of paragraph 51.

52.     MorphoTrak admits that Plaintiff attached as Exhibit 1 what purports to be a copy of a printout from MorphoTrak's website. MorphoTrak admits that it manufactures technology that can be and is integrated into Mobile ID for Law Enforcement and Border Management and the FBI's Integrated Automatic Fingerprint Identification Systems. MorphoTrak admits that Plaintiff attached as Exhibit 2 what purports to be a copy of a marketing document distributed by MorphoTrak. MorphoTrak further admits that it distributes marketing material stating that MorphoTrak's products can be used to create certain end user biometric applications. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 52.

53.     MorphoTrak denies each and every allegation of paragraph 53.

54.     MorphoTrak admits that it has had knowledge of the Patents-in-Suit since the actual service of the original Complaint in this lawsuit on or about February 11, 2013. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 54.

55.     MorphoTrak denies each and every allegation of paragraph 55.

## COUNT 4:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,346,472

56. In response to paragraph 56 of the FAC, MorphoTrak realleges and incorporates by reference the answers stated in paragraphs 1-55 above.

57. MorphoTrak admits that the face of the '472 patent shows it is entitled "Method and Device for Monitoring and Analyzing Signals." MorphoTrak denies that Plaintiff has ownership of any rights in the '472 patent, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

58. MorphoTrak admits that the face of the '472 patent shows it was issued on March 18, 2008. MorphoTrak denies that this patent is valid, enforceable, and was duly and legally issued. MorphoTrak is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 58 and, on that basis, denies said allegations.

59. MorphoTrak denies each and every allegation of paragraph 59.

60. MorphoTrak admits that Plaintiff attached as Exhibit 1 what purports to be a copy of a printout from MorphoTrak's website. MorphoTrak admits that it manufactures technology that can be and is integrated into Mobile ID for Law Enforcement and Border Management and the FBI's Integrated Automatic Fingerprint Identification Systems. MorphoTrak admits that Plaintiff attached as Exhibit 2 what purports to be a copy of a marketing document distributed by MorphoTrak. MorphoTrak further admits that it distributes marketing material stating that MorphoTrak's products can be used to create certain end user biometric applications. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph 60.

61. MorphoTrak denies each and every allegation of paragraph 61.

62. MorphoTrak admits that it has had knowledge of the Patents-in-Suit since the actual service of the original Complaint in this lawsuit on or about February 11, 2013. Except as expressly admitted herein, MorphoTrak denies the remaining allegations of paragraph `62.

63. MorphoTrak denies each and every allegation of paragraph 63.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

64. MorphoTrak denies that Plaintiff is entitled to the relief sought, or any other relief.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

65. MorphoTrak states that Plaintiff's jury demand does not require a response.

## AFFIRMATIVE DEFENSES

Further answering the FAC, MorphoTrak asserts the following defenses. MorphoTrak reserves the right to amend its Answer with additional defenses as further information is determined.

## FIRST DEFENSE

### (Non-infringement of the Asserted Patents)

66. MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

67. MorphoTrak has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '175, '494, '700, or '472 patents, and is not liable for infringement thereof.

## SECOND DEFENSE

### (Invalidity of the Asserted Patents)

68. MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

69. One or more claims of each of the '175, '494, '700, or '472 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, and Plaintiff's claims for relief are therefore barred.

## THIRD DEFENSE

### (Lack of Standing to Sue)

70. MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

71. Upon information and belief, Plaintiff lacks standing to sue because it does not hold sufficient rights to one or more of the '175, '494, '700, or '472 patents.

DB2/ 24916794.1

## FOURTH DEFENSE

### (Equitable Defenses)

72.     MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

73.     Plaintiff's claims for alleged infringement are barred or limited by equitable defenses, such as the laches, waiver, unclean hands, acquiescence, and estoppel.

## FIFTH DEFENSE

### (Implied License and Exhaustion)

74.     MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

75.     Plaintiff's FAC is precluded, in whole or in part, to the extent that any allegedly infringing products or components are supplied, directly or indirectly, to MorphoTrak or are imported, sold by, offered for sale by, made by, or made for, an entity or entities having express or implied licenses to the '175, '494, '700, or '472 patents

## SIXTH DEFENSE

### (Unavailability of Relief)

76.     MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

77.     Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and (c) and is not entitled to any alleged damages prior to providing any actual notice to MorphoTrak of the '175, '494, '700, or '472 patents.

## SEVENTH DEFENSE

### (Adequate Remedy at Law)

78.     MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

79.     Plaintiff's claims for injunctive relief are barred in light of the fact that Plaintiff has an adequate remedy at law.

## EIGHTH DEFENSE

### (Unavailability of Enhanced Damages)

80.     MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

81.     Plaintiff has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and

285 for increased damages and attorneys' fees and is not entitled to any alleged damages prior to providing any actual notice to MorphoTrak of the '175, '494, '700, or '472 patents.

## NINTH DEFENSE

### (Limitation on Damages)

82. MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

83. Plaintiff's claims for damages, if any, against MorphoTrak for alleged infringement of the '175, '494, '700, or '472 patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## TENTH DEFENSE

### (Failure to Mark)

84. MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

85. Plaintiff's claims for damages are barred or limited due to failure by Plaintiff to allege compliance with, and failure to comply with, the requirements of 35 U.S.C. § 287.

## ELEVENTH DEFENSE

### (Prosecution History Estoppel)

86. MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

87. To the extent that Plaintiffs attempt to assert infringement under the doctrine of equivalents, MorphoTrak believes that arguments and amendments contained in the prosecution history of the '175, '494, '700, or '472 patents will estop or bar any claims for alleged infringement.

## TWELFTH DEFENSE

### (Lack of Venue)

88. MorphoTrak incorporates by reference paragraphs 1 through 65 of its Answer.

89. Venue is neither proper nor convenient in this District.

## PRAYER FOR RELIEF

WHEREFORE, MorphoTrak respectfully prays for the entry of judgment as follows:

A. Dismissing with prejudice any and all claims of Plaintiff's FAC and ordering that

Plaintiff takes nothing as a result of the FAC;

  B. Judging the '175, '494, '700, or '472 patents and their claims invalid;

  C. Judging the '175, '494, '700, or '472 patents and their claims unenforceable;

  D. Judging that MorphoTrak has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, or '472 patents

  E. That Plaintiff be denied any remedies available under 35 U.S.C. § 284;

  F. That the Court denies Plaintiff any injunctive relief;

  G. That the Court denies Plaintiff any other relief as to the First through Fourth Claims for Relief;

  H. Finding that this is an exceptional case and awarding MorphoTrak its attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285;

  I. That the Court award MorphoTrak its costs of suit; and

  J. That the Court award such further relief as deemed just and proper.

## MORPHOTRAK'S COUNTERCLAIMS

90. Counterclaimant MorphoTrak hereby submits these counterclaims pursuant to Federal Rule of Civil Procedure 13 and incorporates by reference paragraphs 1 through 89 of its Answer.

91. There is an actual controversy between MorphoTrak and Plaintiff regarding non-infringement, validity, and/or unenforceability of the '175, '494, '700, or '472 patents because Plaintiff has asserted that MorphoTrak infringes the '175, '494, '700, or '472 patents.

92. This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

93. MorphoTrak is a Delaware corporation with its principal place of business at 113 South Columbus Street, 4th Floor, Alexandria, Virginia 22314.

94. Upon information and belief, Plaintiff is a Texas limited liability corporation with

its principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

95. This Court has personal jurisdiction over Plaintiff at least because Plaintiff submitted itself to this Court's personal jurisdiction by suing MorphoTrak and the other Defendants in this Court.

96. Venue for these counterclaims is proper in this Court under 28 U.S.C. § 1391 and under the doctrine of pendant venue because these counterclaims are closely related to the claims set forth in the FAC.

## FIRST COUNTERCLAIM
### (Invalidity)

97. MorphoTrak incorporates by reference paragraphs 90-96 of its Answer and Counterclaims.

98. The claims of the '175, '494, '700, or '472 patents are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.*

99. The claims of the '175, '494, '700, or '472 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND COUNTERCLAIM
### (Non-infringement)

100. MorphoTrak incorporates by reference paragraphs 90-96 of its Answer and Counterclaims.

101. MorphoTrak has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the '175, '494, '700, or '472 patents.

## PRAYER FOR RELIEF

WHEREFORE, MorphoTrak respectfully prays for the entry of judgment as follows:

A. Judging the '175, '494, '700, or '472 patents and their claims invalid;

B. Judging the '175, '494, '700, or '472 patents and their claims unenforceable;

C. Judging that MorphoTrak has not and does not infringe, directly or indirectly,

induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, or '472 patents.

D.  Finding that this is an exceptional case and awarding MorphoTrak its reasonable costs of suit and attorneys' fees pursuant to 35 U.S.C. § 285; and

E.  That the Court award such further relief as deemed just and proper.

### DEMAND FOR JURY TRIAL

MorphoTrak hereby demands trial by jury on all issues.

Dated: April 24, 2014

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Daniel Johnson, Jr.*

C. Erik Hawes (TX Bar No. 24042543)
Email: ehawes@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)
Email: djjohnson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000 Telephone
(415) 442-1001 Facsimile

**Attorneys for Defendant MorphoTrak, Inc.**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing system and/or electronic mail on April 24, 2014.

*/s/ Daniel Johnson, Jr.*
Daniel Johnson, Jr.
