IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>PLAINTIFF,<br><br>V.<br><br>TEXAS INSTRUMENTS, INC., ET AL.,<br><br>DEFENDANTS. | Civil Action No.: 6:12-cv-00499-MHS<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br><br>PLAINTIFF,<br><br>V.<br><br>FUTRONIC TECHNOLOGY CO., LTD., ET AL.,<br><br>DEFENDANTS. | 6:13-cv-00054-MHS<br>(Consolidated with 6:12-cv-499-MHS and closed)<br><br>JURY TRIAL DEMANDED |

**FUTRONIC TECHNOLOGY CO., LTD'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO BLUE SPIKE LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Futronic Technology Co., Ltd. ("Futronic") answers the First Amended Complaint for Patent Infringement ("Complaint" or "First Amended Complaint") of Blue Spike LLC ("Blue Spike") as follows:

**NATURE OF THE SUIT**

1.  The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Futronic admits that paragraph 1

1

purports to assert a claim arising under the patent laws of the United States, Title 35 of the United States Code, and in all other respects denies the allegations of paragraph 1.

## PARTIES

2. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. Futronic admits that it is a Hong Kong corporation. Futronic admits that it maintains a principal place of business at 1016A Profit Ind. Bldg,, 1-15 Kwai Fung Street, Kwai Fong, N.T., Hong Kong. Except as expressly admitted, Futronic denies the remaining allegations of paragraph 3.

4. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

## JURISDICTION AND VENUE

5. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Futronic admits that the First Amended Complaint purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. Futronic admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367. Except as expressly admitted, Futronic denies the remaining allegations of paragraph 5.

6. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Futronic denies that it is subject to the personal jurisdiction of this Court. Futronic does not waive any argument that this Court lacks jurisdiction over Futronic by filing this answer. Futronic denies that it has committed, contributed to, or induced any act of infringement. Futronic denies the remaining allegations of paragraph 6.

7. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Futronic denies that venue is proper in the Tyler Division of the Eastern District of Texas, and denies that this Judicial District is the most convenient forum for the parties and witnesses or in the interests of justice. By filing this Answer, Futronic does not waive any argument that venue is not proper in this District as to Futronic. Futronic denies that it has committed any act of infringement. Futronic denies the remaining allegations of paragraph 7.

## FACTUAL BACKGROUND

### A. Moskowitz's History

8. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

**B. Patents-in-Suit**

22. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27. Futronic is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

### C. The Accused Products and Services

28. Futronic admits that it has products called Software Development Kits (SDKs) (such as ANSI/ISO Windows, Linux, and MacOS SDKs); Fingerprint Authentication Server (FAS); FS84C PIV Ethernet Fingerprint Authentication Module (eFAM); FS83C PIV serial Fingerprint Authentication Module (sFAM); FS28 Fingerprint Scanner; FS80, FS88, and FS89 Fingerprint Scanners (in conjunction with ANSI/ISO, Windows, or Linux SDKs); FS82 Fingerprint Smart Card Reader (in conjunction with Windows, Linux, or MacOS SDKs); FS25 Fingerprint Mifare Card Reader/Writer (in conjunction with FAS or Linux SDK); FS21M Fin'Lock and FS22 Fin'Lock; ScanAPI for Citrix; ScanAPI for RemoteDesktop; Finlogon Personal Edition (PE); Finlogon Enterprise Edition (EE); Finlogon Add-on Pack (in conjunction with Finlogon PE or Finlogon EE); and FS20, FS50, FS51, FS52, FS53, FS60, FS81, and FS90 (in conjunction with SDK). Futronic denies that it has committed any act of infringement. Futronic denies the remaining allegations of paragraph 28.

29. Futronic denies the allegations of paragraph 29.

30. Futronic denies the allegations of paragraph 30.

31. Futronic denies the allegations of paragraph 31.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 8,214,175

32. Futronic incorporates by reference its responses to paragraphs 1 through 31 above.

33. Futronic admits that, on its face, U.S. Patent No. 8,214,175 ("the '175 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Futronic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34. Futronic admits that, on its face, the '175 patent states that it was issued on July 3, 2012. Futronic denies the remainder of the allegations of paragraph 34.

35. Futronic denies the allegations of paragraph 35.

36. Futronic denies the allegations of paragraph 36.

37. Futronic denies the allegations of paragraph 37.

38. Futronic denies the allegations of paragraph 38, including sections a and b.

39. Futronic denies the allegations of paragraph 39.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 7,949,494

40. Futronic incorporates by reference its responses to paragraphs 1 through 39 above.

41. Futronic admits that, on its face, U.S. Patent No. 7,949,494 ("the '494 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Futronic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42. Futronic admits that, on its face, the '494 patent states that it was issued on May 24, 2011. Futronic denies the remainder of the allegations of paragraph 42.

43. Futronic denies the allegations of paragraph 43.

44. Futronic denies the allegations of paragraph 44.

45. Futronic denies the allegations of paragraph 45.

46. Futronic denies the allegations of paragraph 46, including sections a and b.

47. Futronic denies the allegations of paragraph 47.

## COUNT 3

## INFRINGEMENT OF U.S. PATENT NO. 7,660,700

48. Futronic incorporates by reference its responses to paragraphs 1 through 47 above.

49. Futronic admits that, on its face, U.S. Patent No. 7,660,700 ("the '700 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Futronic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49, and therefore denies them.

50. Futronic admits that, on its face, the '700 patent states that it was issued on February 9, 2010. Futronic denies the remainder of the allegations of paragraph 50.

51. Futronic denies the allegations of paragraph 51.

52. Futronic denies the allegations of paragraph 52.

53. Futronic denies the allegations of paragraph 53.

54. Futronic denies the allegations of paragraph 54, including sections a and b.

55. Futronic denies the allegations of paragraph 55.

## COUNT 4

## INFRINGEMENT OF U.S. PATENT NO. 7,346,472

56. Futronic incorporates by reference its responses to paragraphs 1 through 55 above.

57. Futronic admits that, on its face, U.S. Patent No. 7,346,472 ("the '472 patent") is titled "Method and Device for Monitoring and Analyzing Signals." Futronic is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57, and therefore denies them.

58. Futronic admits that, on its face, the '472 patent states that it was issued on March 18, 2008. Futronic denies the remainder of the allegations of paragraph 58.

59. Futronic denies the allegations of paragraph 59.

60. Futronic denies the allegations of paragraph 60.

61. Futronic denies the allegations of paragraph 61.

62. Futronic denies the allegations of paragraph 62, including sections a and b.

63. Futronic denies the allegations of paragraph 63.

## REQUEST FOR RELIEF

Futronic incorporates by reference its responses to paragraphs 1 through 63 above. Futronic denies that Blue Spike is entitled to any relief whatsoever against Futronic in this action, either as prayed for in the First Amended Complaint or otherwise.

Except as expressly admitted above, Futronic denies each and every allegation contained in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Forum Non Conveniens)**

1. The Eastern District of Texas is an inconvenient forum in which to litigate this action against Futronic under 28 U.S.C. § 1404(a).

## SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

2. The First Amended Complaint for Patent Infringement fails to state a claim on which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

### (Non-infringement)

3. Futronic has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '175, '494, '700 or '472 patents.

### FOURTH AFFIRMATIVE DEFENSE

### (Invalidity)

4. The '175, '494, '700 or '472 patents, including all of the claims, are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

5. Prior to receiving a copy of the Original Complaint in this action, Futronic did not have notice of Blue Spike's allegations of infringement. Upon information and belief, neither Blue Spike nor Blue Spike's licensees have marked instrumentalities that embody any of the claims of the '175, '494, '700 or '472 patents with proper notice of the patents in compliance with 35 U.S.C. § 287. Blue Spike is not entitled to any pre-filing damages pursuant to 35 U.S.C. § 287 for any claims to which 35 U.S.C. § 287 applies.

### SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

6. Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that ultimately issued as the '175, '494, '700 or '472 patents, Blue Spike is precluded or otherwise estopped from asserting any construction of the claims of the '175, '494, '700 or '472 patents that is inconsistent with its or its

predecessor(s)-in-interest's representations before the PTO. On information and belief, Blue Spike is estopped from asserting any construction of the claims sufficiently broad to cover or include any product made, used, sold, offered for sale within the United States, or imported into the United States, by Futronic.

### SEVENTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, Acquiescence, Estoppel, and Unclean Hands)

7. Blue Spike's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, estoppel, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

### (Limitation on Damages and Remedies)

8. Blue Spike's claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

### NINTH AFFIRMATIVE DEFENSE

### (Unavailability of Injunctive Relief)

9. Blue Spike is not entitled to injunctive relief or any other equitable relief because any alleged injury to Blue Spike is not irreparable and because – had Blue Spike been injured – it would have an adequate remedy at law.

### TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing/Failure to Join Necessary Party)

10. Blue Spike lacks standing to bring a patent infringement action based on the '175, '494, '700 or '472 patents and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Single Recovery Rule)

11. Plaintiff's damages are barred in whole or in part by the single recovery rule.

## TWELFTH AFFIRMATIVE DEFENSE

### (License/Implied License/Patent Exhaustion)

12. Plaintiff's damages are barred in whole or in part by the defenses of license, implied license, and/or patent exhaustion.

## COUNTERCLAIMS

For its counterclaims against Blue Spike, Futronic alleges as follows:

1. Futronic incorporates what is set out in the preceding paragraphs as if fully set forth herein.

2. Blue Spike's First Amended Complaint has established an actual and justiciable controversy between Blue Spike and Futronic with respect to validity and infringement of the '175, '494, '700 or '472 patents.

3. Futronic brings these counterclaims without waiving its right to argue that venue in the Eastern District of Texas is improper and inconvenient.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the '175 Patent)

4. Futronic incorporates paragraphs 1-3 of these counterclaims as if fully set forth herein.

5. Blue Spike alleges that Futronic has infringed the '175 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '175 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the First Amended Complaint.

6. Futronic does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '175 patent.

7. Futronic is entitled to a declaratory judgment that it has not infringed and is not infringing the '175 patent.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the '175 Patent)

8. Futronic incorporates paragraphs 1-7 of these counterclaims as if fully set forth herein.

9. One or more claims of the '175 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

10. Futronic is entitled to a declaratory judgment that one or more claims of the '175 patent are invalid.

## COUNT THREE

### (Declaratory Judgment of Non-Infringement of the '494 Patent)

11. Futronic incorporates paragraphs 1-10 of these counterclaims as if fully set forth herein.

12. Blue Spike alleges that Futronic has infringed the '494 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '494 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the First Amended Complaint.

13. Futronic does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '494 patent.

14. Futronic is entitled to a declaratory judgment that it has not infringed and is not infringing the '494 patent.

### COUNT FOUR

**(Declaratory Judgment of Invalidity of the '494 Patent)**

15. Futronic incorporates paragraphs 1-14 of these counterclaims as if fully set forth herein.

16. One or more claims of the '494 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

17. Futronic is entitled to a declaratory judgment that one or more claims of the '494 patent are invalid.

### COUNT FIVE

**(Declaratory Judgment of Non-Infringement of the '700 Patent)**

18. Futronic incorporates paragraphs 1-17 of these counterclaims as if fully set forth herein.

19. Blue Spike alleges that Futronic has infringed the '700 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '700 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the First Amended Complaint.

20. Futronic does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '700 patent.

21. Futronic is entitled to a declaratory judgment that it has not infringed and is not infringing the '700 patent.

### COUNT SIX

**(Declaratory Judgment of Invalidity of the '700 Patent)**

22. Futronic incorporates paragraphs 1-21 of these counterclaims as if fully set forth herein.

23. One or more claims of the '700 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

24. Futronic is entitled to a declaratory judgment that one or more claims of the '700 patent are invalid.

### COUNT SEVEN

**(Declaratory Judgment of Non-Infringement of the '472 Patent)**

25. Futronic incorporates paragraphs 1-24 of these counterclaims as if fully set forth herein.

26. Blue Spike alleges that Futronic has infringed the '472 patent, contributed to the infringement of and/or actively induced others to literally and/or under the doctrine of equivalents infringe one or more claims of the '472 patent by having made, made on its behalf, offered for sale, sold, provided, used, maintained and supported infringing methods, products and/or systems listed in the First Amended Complaint.

27. Futronic does not and has not infringed, contributed to the infringement of, or induced others to literally and/or under the doctrine of equivalents infringe any claim of the '472 patent.

28. Futronic is entitled to a declaratory judgment that it has not infringed and is not infringing the '472 patent.

## COUNT EIGHT

### (Declaratory Judgment of Invalidity of the '472 Patent)

29. Futronic incorporates paragraphs 1-28 of these counterclaims as if fully set forth herein.

30. One or more claims of the '472 patent are invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103 and 112.

31. Futronic is entitled to a declaratory judgment that one or more claims of the '472 patent are invalid.

## FUTRONIC'S PRAYER FOR RELIEF

Futronic prays for relief as follows:

A. That the Court enter judgment in favor of Futronic, and against Blue Spike;

B. That the Court find the '175, '494, '700 or '472 patents not infringed by Futronic;

C. That the Court find the '175, '494, '700 or '472 patents invalid;

D. That Blue Spike take nothing by its First Amended Complaint for Patent Infringement against Futronic;

E. That the Court find this action exceptional under 35 U.S.C. § 285, and award Futronic its costs and fees in this action, including reasonable attorneys' fees; and

F. That the Court grant Futronic such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Futronic demands a trial by jury on all issues so triable.

Dated:  April 24, 2014

By:

*/s/ Eric H. Findlay*

Eric H. Findlay (State Bar No. 00789886)
Brian Craft (State Bar No. 04972020)
Walter W. Lackey, Jr. (State Bar No. 24050901)
FINDLAY CRAFT, P.C.
102 N. College Ave.
Suite 900
Tyler, TX 75702
Phone:  9035341100
Facsimile: 9035341137
efindlay@findlaycraft.com
bcraft@findlaycraft.com
wlackey@findlaycraft.com

**Attorneys for Defendant
Futronic Technology Co., Ltd.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on April 24, 2014.

*/s/ Eric H. Findlay*
Eric H. Findlay