UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC,<br><br>  *Plaintiff,*<br><br>v.<br><br>Texas Instruments, Inc. et al.,<br><br>  *Defendants.* | Case No. 6:12-cv-499-MHS<br><br>Lead Case<br><br>Jury Trial Demanded |

**SCOTT MOSKOWITZ'S MOTION TO DISMISS AUDIBLE MAGIC CORPORATION'S COUNTERCLAIMS [DKT. 1438]**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Scott Moskowitz moves to dismiss counterclaims filed against him by defendant Audible Magic Corporation. *See* Dkt. 1438 at 25-51.

**Background**

Blue Spike, LLC filed suit against Audible Magic on August 27, 2012. *See generally* Case No. 6:12-cv-576, Dkt. 1. Audible Magic's answer included 12 counterclaims against Blue Spike, LLC, Blue Spike, Inc., and Scott Moskowitz (Blue Spike, LLC's CEO). *See* Case No. 6:12-cv-499, Dkt. 885 at 25-41. The latter two were not yet parties; Audible Magic sought to implead them as counter-defendants with its counterclaims.

On September 20, 2013, all three putative counter-defendants filed motions to dismiss some of Audible Magic's counterclaims against them. *See* Dkts. 993, 994, 995. Blue Spike, Inc. and Moskowitz both moved to dismiss counterclaims 1 through 9 on the basis that those claims concerned patents in

1

which they have no legal rights. *See* Dkt. 993 at 3-4; Dkt. 995 at 2-3. All three putative counter-defendants moved to dismiss counterclaim 10 (unjust enrichment) because unjust enrichment is not an independent cause of action in Texas and counterclaim 11 (Lanham Act) because Audible Magic failed to identify any statement that is actionable under the Lanham Act. *See* Dkt. 993 at 4-7; Dkt. 994 at 2-5; Dkt. 995 at 4-7.

Before these motions to dismiss were ruled on, Blue Spike, LLC filed an amended complaint against Audible Magic. *See* Dkt. 1400. Audible Magic then filed an answer (Dkt. 1438) that included its 12 previous counterclaims (*id*. at 39-49) plus one new counterclaim: common-law unfair competition. *Id*. at 49-51. By agreement of the parties, because Audible Magic's first 12 counterclaims are unchanged, Moskowitz is not going to re-brief his arguments pertaining to those counterclaims. Instead, he is going to incorporate those arguments by reference and brief only his argument for dismissing new counterclaim 13 (common-law unfair competition).

## Legal Standard

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level. *Id*. In deciding whether the complaint states a valid claim for relief, a court should accept all well-pleaded facts as true and

2

construe the complaint in the light most favorable to the plaintiff. *Id*. A court should not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Id*. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id*.

## Argument

I. **Audible Magic's Common-Law Unfair Competition Counterclaim Fails for Several Stand-Alone Reasons.**

Audible Magic's common-law unfair competition claim is based on two allegedly false and misleading statements that Audible Magic claims are on Blue Spike, LLC's website. *See* Dkt. 1438 at 49-51. The first alleged statement is that "Moskowitz and Blue Spike was [sic] the 'first to create' content 'fingerprinting' technology." *Id*. at 50.[1] The second is that "'fingerprinting' technology is 'technology that has powered [Moskowitz's] Blue Spike products since the turn of the century,' including the 'The Giovanni® Abstraction Machine™.'" *Id*. As a matter of law, neither of these statements can support a claim for common-law unfair competition. More fundamental, though, even if these statements could support a claim for common-law unfair competition, Audible Magic has failed to plead most of the required elements of such a claim.

---

[1] This exact statement is also the basis for Audible Magic's Lanham Act counterclaim. *See* Dkt. 1438 at 45.

### A. Audible Magic Has Not Pleaded Multiple Required Elements of a Common-Law Unfair Competition Claim.

A "claim for common law unfair competition [is] analyzed under the elements of [a] claim of false advertising in violation of the Lanham Act" when the two claims are based on "essentially the same" allegations. *Axxiom Mfg., Inc. v. McCoy Inves., Inc.*, No. Civ. A. H-09-3735, 2010 WL 2545584, at *7 (S.D. Tex. June 21, 2010); *Healthpoint, Ltd. v. Allen Pharm., LLC*, No. SA-07-CA-0526-XR, 2008 WL 728333, at *3 (W.D. Tex. Mar. 18, 2008) (same).[2] That is the case here. *Compare* Dkt. 1438 at 45-46 (Lanham Act claim) *with* Dkt. 1438 at 49-51 (common-law unfair competition claim). Thus, to survive dismissal of its common-law unfair competition claim, Audible Magic must adequately plead the following elements of a Lanham Act claim:

(1) a false or misleading statement of fact about a product;
(2) such statement deceived or had the capacity to deceive a substantial segment of potential consumers;
(3) the deception is material, in that it is likely to influence the purchasing decision;
(4) the product is in interstate commerce; and
(5) the plaintiff has been or is likely to be injured as a result of the statement.

*Clock Spring, L.P. v. Wrapmaster, Inc.*, 560 F.3d 1317, 1329 n.10 (Fed. Cir. 2009) (discussing the Fifth Circuit's standard). When the allegedly false or

---

[2] Audible Magic's common-law unfair competition claim is tied to its Lanham Act claim because of the rule that "[t]o prevail on a common law claim of unfair competition in Texas, a plaintiff must show that the defendant committed . . . an independent tort." *Wellpath Solutions, Inc. v. Wellpath Energy Servs, LLC*, No. 6:12-cv-286, 2013 WL 1314423, at *4 (E.D. Tex. Mar. 28, 2013). Where, as here, a Lanham Act claim is the only independent tort alleged that shares operative facts with the unfair-competition claim, the former necessarily determines the fate of the latter. *See id.*

4

misleading statement concerns a patent, the complaint must also adequately plead a sixth element: that the statement was made in bad faith. *Zenith Elec. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353-54 (Fed. Cir. 1999).[3] Failure to adequately plead any one of these elements is "fatal." *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir.2000).

Here, Audible Magic fails to adequately plead multiple elements. It does not even assert, much less present supporting factual allegations, that (1) any Moskowitz statement "deceived or had the capacity to deceive a substantial segment of potential consumers" (element two), that (2) "the deception is material, in that it is likely to influence the purchasing decision" (element three), or that the products in question are "in interstate commerce" (element four). And while Audible Magic does baldly assert that it "has suffered and continues to suffer irreparable harm" as a result of Blue Spike's statements (element five) and that Blue Spike made the statements in "bad faith" (element six), it present no factual allegations to support these assertions. *See*

---

[3] "[A] bad faith standard cannot be satisfied in the absence of a showing that the claims asserted were objectively baseless, meaning no reasonable litigant could realistically expect to prevail in a dispute over infringement of the patent." *Judkins v. HT Window Fashion Corp.*, 529 F.3d 1334, 1338 (Fed. Cir. 2008) (internal punctuation omitted). "In general, a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights." *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002). "The law recognizes a presumption that the assertion of a duly granted patent is made in good faith"; thus, "the party challenging such statements" must present "clear and convincing evidence that the infringement allegations are objectively false, and that the patentee made them in bad faith." *Id.*

*In re Great Lakes*, 624 F.3d at 210 (to survive dismissal, legal conclusions must be supported by factual allegations). Moskowitz is willing to stipulate that the products in question are in interstate commerce; even so, Audible Magic still fails to adequately plead four of the six required elements. Dismissal is proper. *See Pizza Hut*, 227 F.3d at 495 (failure to adequately plead any element of a Lanham Act claim is "fatal"); *Axxiom Mfg.*, 2010 WL 2545584 at *7 (Lanham Act pleading standard applies to common-law unfair competition claim based on "essentially the same" allegations as a Lanham Act claim).

### B. Assuming that Blue Spike's Statements Are Fairly Imputable to Moskowitz, They Are Not Actionable Under a Theory of Common-Law Unfair Competition.

Even if Audible Magic had adequately pleaded all six elements of its common-law unfair competition claim, and even if it had made a case for imputing to Moskowitz statements allegedly published on Blue Spike's website, the statements are still not actionable as a matter of law. The statements are analyzed below.

#### 1. "Moskowitz and Blue Spike was [sic] the 'first to create' content 'fingerprinting' technology."

This alleged statement is not actionable under the Lanham Act for four reasons.

First, Blue Spike's website does not say that Moskowitz and Blue Spike were the "first to create" fingerprinting technology. In fact, what the website actually says is this: "The question is, was Shazam first to create this

6

technology? One company, Blue Spike, LLC, answers 'No.'" Dkt. 1397-2 at 2.[4] That is a denial that Shazam was the first to create the technology, not an affirmative representation "that Moskowitz was the first to invent fingerprinting technology" as Audible Magic claims. Dkt. 1397 at 27.

Second, even if Audible Magic had quoted the statement correctly, the statement concerns Moskowitz and Blue Spike, not the characteristics of a commercial good or service. To be actionable, a misrepresentation must refer to "the characteristics of [a] good [or service] *itself*." *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307 (Fed. Cir. 2009) (emphasis added). A party cannot maintain a "false advertising claim that is fundamentally about the origin of an idea." *Id.* at 1308; *accord Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32 (2003) (The "consumer who buys a branded product . . . typically does not care whether" "the brand-name company is the same entity that came up with the idea for the product.").

Third, the alleged "first-to-create" statement is too vague as a matter of law to support a common-law unfair competition claim. To support recovery under the Lanham Act—and therefore under common-law unfair competition—a statement "must be a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Pizza Hut*, 227 F.3d at 496. The alleged misrepresentation that "Moskowitz and Blue Spike was [sic] the 'first to create' content 'fingerprinting'

---

[4] Shazam is another company that Blue Spike, LLC has sued in this District for patent infringement.

technology" is neither specific nor measurable because the words "create," "content," and "technology" are inherently vague. *See Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1140 (C.D. Cal. 2005) (finding that "the phrase 'latest technology' is non-actionable" because it is inherently vague); *accord In re Modansky*, 159 B.R. 139, 142 (Bankr. S.D.N.Y. 1993) (holding, in another context, that "the word 'created' is vague."). If Audible Magic means to argue that Blue Spike, Inc. is misrepresenting ownership of the earliest-issued patents related to digital fingerprinting, such misrepresentations are not actionable. *Digigan, Inc. v. Ivalidate, Inc.*, No. 02 Civ. 420 (RCC), 2004 WL 203010, at *5 (S.D.N.Y. Feb. 3, 2004) (misrepresentation regarding patent ownership will not support Lanham Act claim because "[a] patent is not a 'good or service' as those terms are used in the Lanham Act").

Fourth, the alleged "first-to-create" statement is immaterial as a matter of law. To support recovery, a statement must be "material" in the sense that it is "likely to influence the consumer's purchasing decision." *Pizza Hut*, 227 F.3d at 496. This standard is not satisfied by a claim about who first created a particular technology. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F. Supp. 2d 362, 366 (D. Del. 2009) ("This court, and other courts," including the Federal Circuit, "have found that 'false attribution of the authorship' of an invention or innovation is not an actionable false advertisement."). If Ford Motor Company states that it was the "first to create" an automobile, that obviously does not imply that Ford's current automobiles are better than

8

BMW's. Indeed, in isolation, a "first-to-create" statement could just as logically imply something negative about a company's products (for example, that they were outdated). To imply superiority, a "first-to-create" statement must be coupled with more.[5] But even if the Court accepted the notion that a bald "first-to-create" statement necessarily implied superiority, such a statement still would not be actionable. *See Pizza Hut*, 227 F.3d at 496-97 (generalized claim of superiority over comparable products is not actionable).

### 2. "'[F]ingerprinting' technology is 'technology that has powered [Moskowitz's] Blue Spike products since the turn of the century,' including the 'The Giovanni® Abstraction Machine™.'"

Audible Magic asserts that this statement is false and misleading—and therefore actionable—because it implies that (1) "there is risk in using technology of parties other than" Blue Spike and (2) "Counter-Defendants or their products or technology are 'first' or expressly or impliedly superior for that reason." Dkt. 1438 at 50. This assertion fails to support a common-law unfair competition claim for several reasons.

First, Audible Magic reads far more into the statement than its plain language supports. The statement says only that fingerprinting technology has powered Blue Spike products for a long time. It does not address any other party's technology, let alone suggest that using such technology is risky or that

---

[5] One example might be the following: "Company X was the first to create a widget, which means that Company X has been honing its widget technology longer than its competitors. That's why Company X makes the best widgets on the market today."

such technology is newer than or inferior to Blue Spike's. Audible Magic cannot bootstrap its way to an unfair-competition claim with an implausible gloss on a straightforward statement.

Second, given what Blue Spike's statement actually says, the only way it could be false or misleading would be if fingerprinting technology had not in fact powered Blue Spike's products since the turn of the century. Audible Magic does not make that claim, nor could it without veering into literal-falsehood territory itself.

Third, Blue Spike's statement is too vague as a matter of law to support a common-law unfair competition claim. To support recovery under the Lanham Act—and therefore under common-law unfair competition—a statement "must be a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Pizza Hut*, 227 F.3d at 496. The alleged misrepresentation that "'fingerprinting' technology has powered Blue Spike products since the turn of the century" is neither specific nor measurable because the words "technology" and "powered" are inherently vague. *See Anunziato*, 402 F.Supp.2d at 1140 (finding that "the phrase 'latest technology' is non-actionable" because it is inherently vague).

Fourth, even if Blue Spike's statement did actually imply that Blue Spike's technology was "first" and "superior for that reason," it still would not be actionable. *See Baden Sports*, 556 F.3d at 1308 (a party cannot maintain a "false advertising claim that is fundamentally about the origin of an idea");

10

*Pizza Hut*, 227 F.3d at 496-97 (generalized claims of superiority over comparable products are not actionable).

Finally, Audible Magic has alleged no basis for imposing individual liability on Moskowitz for statements allegedly published on www.bluespike.com. *See Suarez Corp. Indus. v. Earthwise Technologies, Inc.*, 636 F. Supp. 2d 1139, 1149 (W.D. Wash. 2008) (to impose liability on corporate officer for wrongful statement published by corporation, plaintiff must allege that officer personally participated in publishing the statement). Courts should not casually impose liability on corporate officers for statements made by corporations; "[t]he corporate entity deserves respect and legal recognition unless specific, unusual circumstances justify disregarding the corporate structure." *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999). Audible Magic has alleged no such circumstances.

Audible Magic has not identified any statement that is actionable against Moskowitz under a theory of common-law unfair competition, making dismissal proper.

## Conclusion

For these reasons, Moskowitz respectfully asks the Court to dismiss with prejudice Audible Magic's counterclaim for common-law unfair competition. Moskowitz also incorporates by reference and respectfully reurges his previously briefed grounds for dismissing Audible Magic counterclaims 1 through 9 (patent claims), 10 (unjust enrichment), and 11 (Lanham Act). *See*

Dkt. 994 at 2-5. Moskowitz will file an answer pertaining to the remaining counterclaim (counterclaim 12) after the Court rules on his motions to dismiss. *See Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486 (E.D. Wis. 1991) (filing partial motion to dismiss enlarges defendant's time to answer all claims, including those not subject to motion to dismiss).

                                                Respectfully submitted,

                                                /s/ Randall T. Garteiser
                                                Randall T. Garteiser
                                                  Lead Attorney
                                                  Texas Bar No. 24038912
                                                  rgarteiser@ghiplaw.com
                                              Christopher A. Honea
                                                  Texas Bar No. 24059967
                                                  chonea@ghiplaw.com
                                              Christopher S. Johns
                                                  Texas Bar No. 24044849
                                                  cjohns@ghiplaw.com
                                              Kirk J. Anderson
                                                  California Bar No. 289043
                                              Peter S. Brasher
                                                  California Bar No. 283992
                                              GARTEISER HONEA, P.C.
                                              218 North College Avenue
                                              Tyler, Texas 75702
                                              (903) 705-7420
                                              (888) 908-4400 fax

*Counsel for Scott Moskowitz*

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on May 3, 2014.

                                                  /s/ Randall Garteiser