IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| *Plaintiff*, | § § § | Consolidated Civil Action No. 6:12-CV-499-LED |
| v. | § § | |
| TEXAS INSTRUMENTS, INC., | § § | JURY TRIAL DEMANDED |
| *Defendant*. | § § § | |

**PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT PRECISE BIOMETRICS, INC. AND PRECISE BIOMETRICS AB'S FIRST AMENDED COUNTERCLAIMS**

Plaintiff Blue Spike, LLC files this Reply to the First Amended Counterclaims of Defendants Precise Biometrics, Inc. and Precise Biometrics AB (collectively, "Precise Biometrics") (Dkt. No. 1463) as follows. All allegations not expressly admitted or responded to by Blue Spike, LLC are denied.

## COUNTERCLAIMS

1. Blue Spike, LLC is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2. Blue Spike, LLC is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

3. Blue Spike, LLC admits the allegations of Paragraph 3.

4. Blue Spike, LLC admits the allegations of Paragraph 4.

5. Blue Spike, LLC admits the allegations of Paragraph 5.

6. Blue Spike, LLC admits the allegations of Paragraph 6.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of the '175 Patent)

7. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-6.

8. Blue Spike, LLC admits the allegations of Paragraph 8.

9. Blue Spike, LLC denies that Precise Biometrics is entitled to the relief it seeks in Paragraph 9.

10. Blue Spike, LLC denies the allegations of Paragraph 10.

## COUNT TWO
### (Declaratory Judgment of Invalidity of the '175 Patent)

11. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-10.

12. Blue Spike, LLC admits the allegations of Paragraph 12.

13. Blue Spike, LLC denies that Precise Biometrics is entitled to the relief it seeks in Paragraph 13.

14. Blue Spike, LLC denies the allegations of Paragraph 14.

## COUNT THREE
### (Declaratory Judgment of Non-Infringement of the '494 Patent)

15. Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-14.

16. Blue Spike, LLC admits the allegations of Paragraph 16.

17. Blue Spike, LLC denies that Precise Biometrics is entitled to the relief it seeks in Paragraph 17.

18. Blue Spike, LLC denies the allegations of Paragraph 18.

## COUNT FOUR
### (Declaratory Judgment of Invalidity of the '494 Patent)

19.     Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-18.

20.     Blue Spike, LLC admits the allegations of Paragraph 20.

21.     Blue Spike, LLC denies that Precise Biometrics is entitled to the relief it seeks in Paragraph 21.

22.     Blue Spike, LLC denies the allegations of Paragraph 22.

## COUNT FIVE
### (Declaratory Judgment of Non-Infringement of the '700 Patent)

23.     Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-22.

24.     Blue Spike, LLC admits the allegations of Paragraph 24.

25.     Blue Spike, LLC denies that Precise Biometrics is entitled to the relief it seeks in Paragraph 25.

26.     Blue Spike, LLC denies the allegations of Paragraph 26.

## COUNT SIX
### (Declaratory Judgment of Invalidity of the '700 Patent)

27.     Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-26.

28.     Blue Spike, LLC admits the allegations of Paragraph 28.

29.     Blue Spike, LLC denies that Precise Biometrics is entitled to the relief it seeks in Paragraph 29.

30.     Blue Spike, LLC denies the allegations of Paragraph 30.

## COUNT SEVEN
### (Declaratory Judgment of Non-Infringement of the '472 Patent)

31.  Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-30.

32.  Blue Spike, LLC admits the allegations of Paragraph 32.

33.  Blue Spike, LLC denies that Precise Biometrics is entitled to the relief it seeks in Paragraph 33.

34.  Blue Spike, LLC denies the allegations of Paragraph 34.

## COUNT EIGHT
### (Declaratory Judgment of Invalidity of the '472 Patent)

35.  Blue Spike, LLC repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-34.

36.  Blue Spike, LLC admits the allegations of Paragraph 36.

37.  Blue Spike, LLC denies that Precise Biometrics is entitled to the relief it seeks in Paragraph 37.

38.  Blue Spike, LLC denies the allegations of Paragraph 38.

## EXCEPTIONAL CASE

39.  Blue Spike, LLC denies that this is an exceptional case and denies that Precise Biometrics is entitled to the relief it seeks in Paragraph 39.

## REQUEST FOR RELIEF

Blue Spike, LLC denies that Precise Biometrics is entitled to any of the relief it requests.

## PLAINTIFF'S PRAYER FOR RELIEF

In addition to the relief requested in Plaintiff's First Amended Complaint, Blue Spike, LLC respectfully requests a judgment against Precise Biometrics as follows:

(a) That Precise Biometrics take nothing by its Counterclaims;

(b) That the Court award Blue Spike, LLC its costs and attorneys' fees incurred in defending against these Counterclaims; and

(c) Any and all further relief for the Blue Spike, LLC as the Court may deem just and proper.

Respectfully Submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

***Counsel for Blue Spike LLC***

## CERTIFICATE OF SERVICE

      I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                      <u>/s/ Randall T. Garteiser</u>
                                      Randall T. Garteiser