UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>Texas Instruments, Inc. et al.,<br><br>    *Defendants*. | Case No. 6:12-cv-499-MHS<br><br>Lead Case<br><br>Jury Trial Demanded |

**BLUE SPIKE, LLC'S OPPOSITION TO AUDIBLE MAGIC CORPORATION'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS [DKT. 1469]**

Blue Spike, LLC ("Blue Spike") opposes Audible Magic Corporation's ("Audible Magic's") motion to strike infringement contentions (Dkt. 1469) for violating Local Rule CV-7(h). Audible Magic's motion should be denied without reaching the merits because Audible Magic failed to satisfy the meet-and-confer requirements of Local Rule CV-7(h). Yet even if the Court reaches the merits, Audible Magic's motion should be denied for failing to demonstrate a pressing need for such a severe sanction.

**Factual Background**

On February 26, 2014, Blue Spike served its initial infringement contentions. Three weeks later, Audible Magic complained that the contentions were deficient. The parties addressed Audible Magic's concerns over several meet and confers, and discussed the possibility of revised contentions. Those revised contentions were temporarily delayed while the parties discussed whether an unopposed motion to amend contentions was required.

1

On April 3rd, 2014, the parties conducted another meet and confer. Two days later, Audible Magic informed Blue Spike it would file a motion to strike regardless of the outcome of the subsequent meet and confer on April 7th. *See* Ex. 1 (Audible Magic "will proceed to file its motion to strike Blue Spike's baseless infringement contentions following [the April 7] meet and confer"). Despite Audible Magic's determination not to meet and confer in good faith, Blue Spike held the April 7th meet and confer and served revised amended infringement contentions two days later.

On April 14, 2014, Audible Magic sent Blue Spike a letter raising various complaints about the amended contentions. *See* Ex. 2. Audible Magic claimed that it "remain[ed] willing to discuss with Blue Spike how we can avoid motion practice and court involvement." *Id*. at 5. However, merely one week later, Audible Magic filed its surprise motion to strike infringement contentions without any further communication between the parties.

## Legal Standard[1]

"This district's Local Patent Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Mobile Telecomms. Techs., LLC v. Sprint Nextel Corp.*, No. 2:12-cv-832, Dkt. 152, at *1 (E.D. Tex. Apr. 25, 2014) (attached as Ex. 3).). In particular, P.R. 3-1 "provide[s] defendants with notice of infringement beyond that which is provided by the mere language of the

---

[1] Audible Magic's motion fails to state a legal standard for striking infringement contentions.

patents themselves." *Id.* at 2. This notice must be "reasonably precise and detailed" but "need not meet the level of detail required, for example, on a motion for summary judgment." *Id*; *See also Whipstock Servs. v. Schlumberger Oilfield Servs.,* 2010 U.S. Dist. LEXIS 1395, at *4 (E.D. Tex. Jan. 8, 2010) Infringement contentions may be amended as additional evidence comes to light. *See Whipstock,* 2010 U.S. Dist. LEXIS 1395, at *7. ("If more specific information becomes available through discovery, additional specificity in the infringement contentions may be appropriate.").

Striking infringement contentions is a drastic decision "similar to deciding whether evidence should be excluded for discovery violations." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). It is a request so severe that when a plaintiff timely provides infringement contentions and "attempts to address any deficiencies through supplemental infringement contentions," granting a motion to strike "would amount to a death-penalty sanction." *H-W Tech., L.C v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 121271, at *19 (N.D. Tex. Aug. 2, 2012). Therefore, courts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice. *Computer Acceleration Corp.*, 503 F. Supp. 2d at 822.

### Argument

**I.  Audible Magic Did Not Comply with Local Rule CV-7(h) Before Filing Its Motion.**

Audible Magic's motion to strike should be denied without reaching the merits because Audible Magic violated Local Rule CV-7(h). *See Konami Digital*

3

*Entm't Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 U.S. Dist. LEXIS 98278, at *2 (E.D. Tex. Oct. 22, 2009) (denying defendants' motion without reaching the merits because defendants "failed to satisfy the [meet-and-confer] requirements of" Local Rule CV-7(h)). For a "discovery-related motion" like this one, Local Rule CV-7(h) "requires, at a minimum, a personal conference, by telephone or in person." E.D. TEX. L.R. CV-7(h). "[A] request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse." *Id.*

Audible Magic failed to comply with Local Rule CV-7(h). Audible Magic's Certificate of Conference indicates that on April 7th "[n]o agreement was reached and the parties are at an impasse." Dkt. 1469 at 17. However, two days later Audible Magic expressed that it "remain[ed] willing to discuss with Blue Spike how we can avoid motion practice and court involvement." Ex. 2 at 5. And less than one week later, Blue Spike provided Audible Magic with revised infringement contentions. These events hardly indicate an impasse. Nevertheless, less than two weeks after Blue Spike provided Audible Magic with revised infringement contentions, Audible Magic filed its motion to strike without even attempting to meet and confer. *See* Ex. 2 at 4.

Audible Magic asks the Court to ignore Local Rule CV-7(h), thereby prejudicing Blue Spike and incentivizing defendants to run to the court. Audible Magic should not be rewarded for ignoring Local Rule CV-7(h) *See*

*Konami Digital*, 2009 U.S. Dist. LEXIS 98278, at *9 ("In light of [defendants'] noncompliance with Local Rule CV-7(h) and (i), the Court DENIES the [motion] without reaching the merits of the request."). Blue Spike respectfully asks the court to deny Audible Magic's motion without reaching the merits.

## II.   Audible Magic Did Not Comply with Rule 11 Before Filing Its Motion.

Audible Magic characterizes Blue Spike's alleged pleading deficiencies as violating Federal Rule of Civil Procedure 11. *See* Dkt. 1469 at 12-13. This accusation is baseless and inappropriate. A Rule 11 complaint "must not be . . . presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." FED. R. CIV. P. 11(c)(2). If Audible Magic seeks relief for an alleged Rule 11 violation, Audible Magic failed to (1) notify Blue Spike of its intent to file a complaint, (2) provide Blue Spike with a copy of the complaint, and (3) provide Blue Spike 21 days to remedy the issue. Audible Magic once again fails to adhere to this Court's local rules. Audible Magic's motion should be denied as unripe in order to allow the parties to continue to work toward a resolution. *See ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 559 (D.N.J. 2009) (denying as "unripe" a Rule 11 motion because movant failed to comply with 21-day-notice requirement).

## III.   Audible Magic's Motion Fails on the Merits.

### A.   Audible Magic Fails to Address the Appropriate Standard for Relief.

5

Even if the Court decides to reach the merits, it should deny Audible Magic's motion for failing to satisfy or even address the factors required to strike infringement contentions. It is not enough for Audible Magic to complain about supposed inadequacies. Audible Magic's motion fails because (1) there is no danger of unfair prejudice if the contentions remain in their current form; (2) Blue Spike has not delayed providing acceptable contentions; (3) there are many other, less draconian ways to address the alleged shortcomings of Blue Spike's contentions; and (4) Blue Spike has been diligent in amending its contentions in response to Audible Magic's complaints. *Computer Acceleration Corp.*, 503 F. Supp. 2d at 822.

First, Audible Magic is not unfairly prejudiced by Blue Spike's 440-page infringement contentions. Audible Magic's overarching concern appears to be that Blue Spike has not provided sufficient evidence of infringement; but this is not Blue Spike's burden. *See Whipstock*, 2010 U.S. Dist. LEXIS 1395 at *4-5. Blue Spike has provided more than adequate notice of Audible Magic's alleged infringement.[2] Audible Magic fails to show unfair prejudice because none exists.

Second, Blue Spike has not delayed in providing acceptable contentions. There is no doubt that Audible Magic is dissatisfied with Blue Spike's infringement contentions. Nevertheless, Blue Spike has ceaselessly labored to

---

[2] Interestingly, Audible Magic's own infringement charts provide much less detail than Blue Spike's, citing evidence that does not track the claim elements. *See* Ex. 7; *see also* Ex. 3 (noting the irony of Defendant's inability to conform to its own sweeping accusations).

6

provide adequate contentions, remains willing to meet and confer, and intends to "supplement its infringement contentions as additional evidence is made available." Dkt. 1469-15 at 1. Ultimately, it is not enough that Audible Magic is unhappy with Blue Spike's infringement contentions. Rather, what matters is that Blue Spike has not delayed addressing Audible Magic's concerns.

Third, there are less draconian resolutions to the allegedly insufficient infringement contentions than Audible Magic's proposed "death-penalty sanctions." The most appropriate resolution is the meet-and-confer process embodied in the local rules. Audible Magic is attempting to short circuit a process that was functioning as intended. A middle-ground resolution would only undermine the purpose the local rules. Even so, the Court could provide Blue Spike leave to amend its contentions and "treat a 'motion to strike' preliminary contentions as a motion to compel the plaintiff to amend them to provide additional information." *FusionArc, Inc.*, 2007 WL 1052900 at *2.

Fourth, Blue Spike has diligently met and conferred with Audible Magic in an effort to resolve the alleged inadequate infringement contentions and even provided Audible Magic revised contentions less than two weeks before this motion was filed. *See* Ex. 5. It is not for Audible Magic's to take unilateral action just because it believes Blue Spike's contentions will never be sufficient.

Blue Spike respectfully asks the Court to deny Audible Magic's motion because it ignores these four requisite factors.

7

### B. Audible Magic Does Not Show that Blue Spike's Infringement Contentions Are Technically Deficient.

Audible Magic's remaining arguments attacking the sufficiency of Blue Spike's contentions are unavailing.[3] First, Audible Magic devotes significant space complaining about Blue Spike's initial infringement contentions. *See, e.g.*, Dkt. 1469 at 7-8. But Blue Spike has already served revised infringement contentions. Ex 5. Thus, Audible Magic is firing at a target that is no longer on the range.

Second, as Audible Magic acknowledges (Dkt. 1469 at 10), Blue Spike's infringement claims will ultimately depend on Audible Magic's source code. In such cases, "the Court has recognized the pragmatic limitation on detailed [infringement contentions] when plaintiffs do not have the necessary access to non-public software, which is needed to make detailed infringement contentions." *Computer Acceleration Corp.*, 503 F. Supp. 2d at 823-24 (citing *Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 817 (E.D. Tex. 2006)).[4]

---

[3] Audible Magic's Rule 11 allegations of deficient infringement contentions at this stage of litigation are improper. *See FusionArc, Inc. v. Solidus Networks, Inc.*, No. C 06-06760RMW(RS), 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007) ("[A] determination that a filing was objectively baseless cannot practicably be made prior to an adjudication on the merits."). Moreover, Audible Magic may be violating Rule 11 for brandishing the claim for no legally operative purpose. *See Hardiman v. Taco Bell Corp.*, No. 1:08-cv-1081 OWW GSA, 2008 WL 4681147, at *2 (E.D. Cal. Oct. 22, 2008) (noting that making gratuitous arguments requiring a response is a Rule 11 violation).

[4] *See also Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560-61 (E.D. Tex. 2005) ("[T]here are times when plaintiffs' preparation is restricted by defendants' sole possession of the information plaintiffs need. Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the

8

Audible Magic also complains that Blue Spike's infringement contentions should have incorporated information from Audible Magic's development site. But Audible Magic's development resources are protected by terms of service that proscribe their use for anything other than commercial development purposes. Ex 8. If Audible Magic wanted Blue Spike to incorporate the development resources, Audible Magic was free to mention it in one of the parties' meet and confers; Audible Magic remained silent on the issue until its motion to strike.

Third, Audible Magic's doctrine-of-equivalents argument mirrors the one rejected by this Court in a recent decision, *Mobile Telecomms. Techs., LLC v. Sprint Nextel Corp.*, No. 2:12-cv-832, Dkt. 152 (E.D. Tex. Apr. 25, 2014) (attached as Ex. 3). Just like the defendant in that case, Audible Magic cherry-picks minute portions of Blue Spike's infringement contentions and ignores the surrounding information that fleshes them out. *See* Ex. 3 at 5-6. In context, and on a fair reading, Blue Spike provides Audible Magic ample information to understand Blue Spike's doctrine-of-equivalents contentions.

Fourth, Blue Spike adequately identifies which Audible Magic products are at issue in this case. *Contra* Dkt. 1469 at 14. Local Patent Rule 3-1(b) requires Blue Spike to name "each accused apparatus, product, device, process,

---

manifestation of the defendants' allegedly infringing source code and not the code itself. From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes. Although defendants vigorously and rightly guard their source code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions.").

method, act, or other instrumentality" that it is aware of. Audible Magic admits that Blue Spike specifically identifies particular products, yet it complains that it "cannot identify" which of these products deploy content-recognition technology. *Id.* This complaint is disingenuous at best; surely Audible Magic knows what its own products do. If anything, Blue Spike has been disadvantaged by Audible Magic's website and product line changes.

Finally, Audible Magic's argument that Blue Spike's amended contentions somehow employ the wrong "labels" (*id.* at 15) is nonsensical. Audible Magic appears to be trying to turn the Local Patent Rules into "a mechanism for resolving the merits of the parties' dispute" rather than using them for their proper purpose, which is to streamline discovery. *FusionArc, Inc.*, 2007 WL 1052900 at *2. Blue Spike's revised contentions provide Audible Magic all the information it needs to proceed.

## Conclusion

Audible Magic did not properly meet and confer before filing its motion to strike Blue Spike's infringement contentions. Even if it had, the motion is premature, and it fails to show that striking Blue Spike's contentions is presently justified. For these reasons, Blue Spike respectfully asks the Court to deny Audible Magic's motion to strike.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

## Certificate of Service

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on May 8, 2014.

                                                      /s/ Randall Garteiser