# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| v. | § § | CASE NO. 2:12-CV-832-JRG-RSP |
| SPRINT NEXTEL CORP. | § § | |
| _____ | § | |
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| v. | § § | CASE NO. 2:13-CV-258-JRG-RSP |
| APPLE INC. | § § | |
| _____ | § | |
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| v. | § § | CASE NO. 2:13-CV-259-JRG-RSP |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC. | § § § | |

## **ORDER**

Before the Court is Samsung Telecommunications America's ("Samsung") Motion to Strike Mobile Telecommunications Technologies, LLC's ("MTEL") Infringement Contentions (Dkt. 58, the "Motion"). Samsung contends that MTEL's infringement contentions do not meet the requirements set forth by Local Patent Rule 3-1, which requires in part "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."

This district's Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases."

- 1 -

*Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). P.R. 3-1 requires a party asserting infringement to serve infringement contentions "set[ting] forth specific theories of infringement at the outset of the case." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006). P.R. 3-1 further requires contentions that identify "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent[s] themselves." *DataTreasury Corp. v. Wells Fargo & Co.*, C.A. No. 2:06-CV-72-DF, 2010 U.S. Dist. LEXIS 110658, at *21 (E.D. Tex. Sep. 13, 2010) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)). Notice is the core function of P.R. 3-1 contentions—including contentions made under P.R. 3.1(g)—and although such "contentions must be reasonably precise and detailed . . . they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217, 2009 WL 2590101, at *5 (E.D. Tex. 2009).

       1.  *Identification of Devices*

Samsung first takes issue with MTEL's alleged failure to identify each of the accused products. (Mot. at 6.) Specifically, Samsung challenges MTEL's statement identifying "Samsung Wireless Devices that utilize the Android operating system, **including but not limited to** those devices listed in Exhibit A." (*Id.*, citing MTEL's infringement contentions at 6.) Obviously, to the extent MTEL has identified devices that it alleges infringe, it is obligated to disclose those items in accordance with P.R. 3-1(b). Similarly, if MTEL desires to amend its infringement contentions, it is obligated to comply with the local patent rules, and seek leave if needed. In other words, MTEL simply appending the words "but not limited to" in its

identification of devices cannot excuse it from its obligations under the local patent rules and thus, has no legal effect. The Court observes that, since discovery began in this case, MTEL has already provided Samsung an updated list of allegedly infringing devices. Thus, this dispute is now moot. Accordingly, the Court **DENIES** the Motion on these grounds.

       *2. Charting Each Device*

Samsung next alleges that MTEL has failed to chart every one of the 56 accused devices, which it contends is required by this Court's Patent Rules. (Mot. at 7.) P.R. 3-1 requires "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." However, this rule does not require a separate infringement chart for each accused device – especially where, as is the case here, there is no dispute that many of the devices function virtually identically to each other with regard to the accused functionality. Further, this Court has never endorsed the position taken by Samsung – even the portion of the *UltimatePointer* case Samsung cites explicitly states "compare each **exemplar** product to each asserted patent. . ." (Mot. at 7, citing *UltimatePointer, LLC v. Nintendo Co.*, 6:11-cv-00496, Dkt. No. 269 at 5 (E.D. Tex. May 28, 2013) (emphasis added)). Samsung offers as a compromise position that MTEL should be required to produce separate infringement charts for what it alleges are six unique groups of devices. The Court sees no real support in the record for Samsung's proposal of six categories – the only substantive division Samsung identified at the hearing was that between Android and Windows mobile devices. Accordingly, the Court **ORDERS** MTEL to produce amended contentions within 14 days from the date this order is signed, but in doing so, notes that nothing in this order should be construed to require MTEL to change its infringement position or take substantially different infringement positions between

Android and Windows devices if it alleges those devices possess identical functionality. Thus, the Court **GRANTS IN PART** the Motion to the limited extent set forth above.

### 3. *Alleged Failure to Chart with Sufficient Specficity*

Samsung next takes the position that **every single one** of the limitations charted in MTEL's hundreds of pages of infringement charts is insufficient. (Mot. at 8.) Specifically, Samsung states that MTEL's charts are "awash with indistinct and conclusory language that merely 'parrot[s] the claim language.'" The Court has difficulty even addressing Samsung's broad, sweeping allegations, other than to say that after a review of MTEL's infringement contentions, it is clear that – at the very minimum – each and every limitation is not deficient as Samsung alleges. Even the "detail" Samsung alleges to provide in its Exhibit 1 itself often offers only cut and paste statements for a given limitation, alleging that MTEL "parrots the claim language" or "fails to indicate how" the accused functionality meets a given claim limitation. (*See generally* Dkt. 58-1.) The irony of Samsung's lack of detail and specificity when they accuse MTEL of the same is not lost on the Court.* That is not to say, of course, that this Court does not have sympathy for a defendant who receives truly deficient contentions that are so woefully inadequate it is impossible to provide any detail beyond simply citing the contention itself – but that is not the case here, and the Court is left with no recourse but to deny Samsung's broad, sweeping challenge to MTEL's hundreds of pages of infringement contentions. Accordingly, the Court **DENIES** the Motion on these grounds.

---

\* Notably, the other remaining defendant in this case, Apple, filed a Motion to Strike that specifically addresses a targeted number of alleged deficiencies in the contentions. The Court takes that motion up separately, and notes its presence only to provide a contrast to the broad challenge made here.

4. *Indirect Infringement*

Samsung's indirect infringement challenge is not entirely clear – it appears to challenge the Rule 8 sufficiency of MTEL's pleadings. (Mot. at 10-11.) The Court observes that Samsung addressed this issue in the context of a Motion to Dismiss (*see* Dkt. 11, 2:13-cv-259), and the Court agrees that this issue is better addressed in that context, given that Samsung has not shown what relevance this issue has to MTEL's infringement contentions. Accordingly, the Court **DENIES** the Motion on these grounds.

5. *Doctrine of Equivalents*

Finally, Samsung challenges the sufficiency of MTEL's contentions regarding the doctrine of equivalents. (Mot. at 11.) Specifically, Samsung cites to MTEL's recitation of "boilerplate language" in its infringement contentions: "MTel presently contends that Defendants' accused instrumentalities literally infringe the above listed asserted claims." (Id., citing Dkt. 58-4 at 8.) The Court notes that this first citation relied upon by Samsung is only to MTEL's cover pleading, not its infringement charts (which comprise the bulk of MTEL's – or any plaintiff's – contentions).

Samsung's first citation to alleged "boilerplate language" in MTEL's actual infringement charts refers to limitation "1c" in MTEL's chart for the '428 patent. (*See* Dkt. 58-5 at page 34 of 239 per ECF numbering.) Samsung claims that in this limitation, MTEL "stat[es], **without further elaboration**, that '[t]he accused instrumentality reads on this claim element under the doctrine of equivalents.'" (Mot. at 12, fn 24 (emphasis added).) Samsung's understanding of the phrase "without further elaboration" may differ from the understanding of the Court, because Samsung appears to entirely ignore the almost <u>16</u> pages of material immediately preceding the statement cited by Samsung, all of which addresses limitation "1c." (Dkt. 58-5 at page 18-34 of

- 5 -

239 per ECF numbering.) It is unclear why this Court should consider the final sentence of MTEL's contentions in a vacuum, as apparently urged by Samsung – the preceding 16 pages give context to MTEL's position so as to put Samsung on notice as to its theory of infringement. Accordingly, the Court **DENIES** the Motion on these grounds.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Samsung's Motion as set forth above.

**SIGNED this 25th day of April, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE