# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br> *Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br> *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE |
| BLUE SPIKE, LLC,<br> *Plaintiff*,<br>v.<br>AUDIBLE MAGIC CORPORATION, FACEBOOK, INC., MYSPACE, LLC, SPECIFIC MEDIA, LLC, PHOTOBUCKET.COM, INC., DAILYMOTION, INC., DAILYMOTION S.A., SOUNDCLOUD, INC., SOUNDCLOUD LTD., MYXER, INC., QLIPSO, INC., QLIPSO MEDIA NETWORKS LTD., YAP.TV, INC., GOMISO, INC., IMESH, INC., METACAFE, INC., BOODABEE TECHNOLOGIES, INC., TUNECORE, INC., ZEDGE HOLDINGS, INC., BRIGHTCOVE INC., COINCIDENT.TV, INC., ACCEDO BROADBAND NORTH AMERICA, INC., ACCEDO BROADBAND AB, AND MEDIAFIRE, LLC<br> *Defendants*. | § §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-576 MHS<br><br>CONSOLIDATED CASE |

**AUDIBLE MAGIC CORPORATION'S REPLY TO ITS MOTION TO STRIKE<br>BLUE SPIKE'S INFRINGEMENT CONTENTIONS**

Blue Spike's Opposition Brief is a perfect illustration of why, after two meet-and-confers and over a month of waiting for Blue Spike to follow through on broken promises, the parties are at an impasse: Blue Spike refuses to address any substantive issues. Blue Spike makes no attempt to argue with any substance that its Infringement Contentions satisfy the Local Patent Rules.[1] Instead, Blue Spike spends the majority of its Opposition arguing that the parties' two previous meet-and confers are not sufficient.[2]

As shown in the timeline below, the chain of events leading up to Audible Magic's Motion illustrate Blue Spike's pattern of blown deadlines, ignored e-mails, unmet promises, and general unpreparedness. The parties are clearly at an impasse, claim construction begins in less than a month, and the Court's involvement is critical at this juncture in the case.

**Timeline of Discussions Between Audible Magic and Blue Spike**

| | |
|---|---|
| Feb. 26, 2014 | Blue Spike serves its Infringement Contentions |
| March 5, 2014 | At the Scheduling Conference, Defendants notify the Court and Blue Spike that there are many issues with Blue Spike's deficient Infringement Contentions. Defendants note they will be follow up with Blue Spike on these deficiencies. |
| March 14, 2014 | Audible Magic sends a letter to Blue Spike outlining the deficiencies in Blue Spike's Infringement Contentions, setting a deadline of March 28, 2014. |
| March 27, 2014 | <u>Blue Spike never responds to the letter;</u> Audible Magic again contacts Blue Spike. |
| March 27, 2014 | Blue Spike responds and states that it is *not prepared* to meet and confer until April and will not provide revised contentions by March 28. Blue Spike states that it is available to meet and confer on Tuesday April 1st. |
| March 28, 2014 | Audible Magic circulates a dial in number for the meet and confer on Tuesday April 1, 2014 at 3:30 pm. |

---

[1] Because Blue Spike never moved for leave to amend, the operative contentions are still the February 26, 2014 Infringement Contentions.

[2] Blue Spike also devotes an entire section to argue that Audible Magic did not comply with Rule 11's 21-day requirement. Audible Magic, however, notified Blue Spike on April 21 that "you are obviously cognizant that it is not a Rule 11 motion – but there is nothing preventing us from invoking that rule to demonstrate the more general point about the deficiency of Blue Spike's investigation and preparation of its contentions." April 21, 2014 Email from Ramsey to Garteiser. Blue Spike requested a meet–and-confer and Audible Magic set a time in this same email. <u>Blue Spike never responded</u>.

| | |
|---|---|
| April 1, 2014 | <u>Blue Spike never responds to Audible Magic and never joins the teleconference</u>. Audible Magic proposes another meet and confer for April 7th, but only if Blue Spike agrees to provide proposed revised Infringement Contentions by April 4th, prior to the meet and confer.  Blue Spike agrees. |
| April 1, 2014 | After failing to attend the meet–and-confer on Audible Magic's complaints, Blue Spike sends an email requesting its own meet-and-confer on April 2/3 to address its motion to increase the number of asserted claims. |
| April 2, 2014 | Audible Magic responds to Blue Spike's request for its own meet and confer and explains that Blue Spike must also be prepared to address the deficiencies in its Infringement Contentions. |
| April 3, 2014 | The **first meet and confer** is held between Blue Spike and Audible Magic (and numerous other defendants).  Blue Spike stated it was *not prepared* to discuss Audible Magic's complaints.  Audible Magic insisted on discussing the complaints in its March 14 letter and Audible Magic directed Blue Spike to the additional information on Audible Magic's website about its products. |
| April 4, 2014 | <u>Blue Spike fails to provide proposed revised Infringement Contentions.</u>  Blue Spike, instead, sent Audible Magic a proposed motion granting it unfettered leave to supplement, but no proposed contentions.  Audible Magic responds that it cannot agree to such a motion, but may agree to the motion once it receives Blue Spike's proposed revised Infringement Contentions. |
| April 4, 2014 | Blue Spike makes its selection of 32 asserted claims, but <u>fails to provide the revised Infringement Contentions</u> again. |
| April 5, 2014 | Audible Magic informs Blue Spike that it will file a motion to strike following the second meet and confer on April 7th because Blue Spike refuses to follow through on its promises to correct the deficiencies and is purposefully delaying Audible Magic's motion. |
| April 7, 2014 | Audible Magic and Blue Spike conduct the **second meet and confer** to discuss Blue Spike's Infringement Contentions.  Blue Spike still has not provided revised Infringement Contentions.  Blue Spike promises to provide revised Infringement Contentions by April 8th, 2014. |
| April 8, 2014 | <u>Blue Spike fails to provide revised Infringement Contentions</u>.  Instead, Blue Spike sends Defendants a list of 39 additional claims it wishes to assert. |
| April 9, 2014 | At 9:06 pm EST Blue Spike provides revised Infringement Contentions to Audible Magic only, but not for any customer defendants. |
| April 14, 2014 | Audible Magic sends another letter to Blue Spike noting that it failed to correct any of the deficiencies and failed to provide any charts for the customer defendants.  Audible Magic notes that it is still willing to further meet and confer, but that it must receive charts by April 16th, 2014. |
| April 16, 2014 | Blue Spike <u>fails to provide revised charts</u> for the customer defendants and otherwise <u>fails to respond</u> to Audible Magic's second letter. |
| April 21, 2014 | More than one month after raising the deficiencies with Blue Spike's Infringement Contentions and multiple failures to respond or follow through by Blue Spike, Audible Magic was forced to file its Motion to Strike. |

I.     **The Parties Exhausted CV-7(h)'s Meet and Confer Requirement.**

Lacking any substantive response to Audible Magic's Motion to Strike, Blue Spike

2

attempts to argue that two meet-and-confers (with both lead and local counsel present), two letters, multiple e-mails, and over a month of delay by Blue Spike somehow fails to satisfy Local Rule CV-7(h). Audible Magic exhaustively pursued an avenue to remedy Blue Spike's deficient Infringement Contentions without Court involvement and Blue Spike's argument to the contrary is not well-taken. Blue Spike cannot unilaterally delay relief from the Court by postponing meet–and-confers and blowing off deadlines it agrees to.

Notwithstanding that Blue Spike admits that it "has diligently met and conferred with Audible Magic," Blue Spike cites to a single case that purportedly supports a position that Audible Magic failed to meet and confer. Dkt. 1544, at 4 (citing *Konami Digital Entm't Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 U.S. Dist. LEXIS 98278 (E.D. Tex. Oct. 2009)). In *Konami*, however, the court found a violation of Rule CV-7(h) only because lead counsel did not participate in the meet and confer and the plaintiff changed the designated lead counsel on the certificate of conference to attempt to hide the error. *Id.* at *7-9. *Konami* is irrelevant to this case in which the parties conducted two proper meet-and-confers.

Blue Spike further alleges that Audible Magic's letter following the second meet and confer indicates that the parties were not at an impasse. Dkt. 1544, at 4. To the contrary, the letter informed Blue Spike that it ignored the deficiencies of its Infringement Contentions and its proposed revised Infringement Contentions corrected none of Audible Magic's complaints. Audible Magic was indeed willing to hold a **<u>third</u>** meet and confer with Blue Spike to narrow the issues in its Motion to Strike, but Blue Spike never responded. Blue Spike and Audible Magic clearly disagree with respect to the adequacy of Blue Spike's Infringement Contentions and will not reach agreement. Thus, the issue is ripe for the Court.

## II.     Blue Spike Fails to Rebut Any of the Deficiencies In Its Claim Charts.

Again, rather than addressing any substantive issues regarding its Infringement

Contentions, Blue Spike resorts to an attack that Audible Magic did not specifically "address the factors required to strike infringement contentions." Dkt. 1544, at 5-6. Even the case cited by Blue Spike sets forth no "required" factors to consider. *See Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (noting several "kinds of factors identified as important"). Simply because Audible Magic's Motion did not set forth separate headings for a myriad of factors does not mean they were not addressed. *Id.* (striking plaintiff's infringement contentions even when the parties did not address all factors). As shown below with cites to the Motion, Audible Magic addressed each factor:

- **Prejudice** – Blue Spike's Infringement Contentions based only on "information and belief" provide no notice to Audible Magic and no basis for wide-ranging and burdensome discovery. Dkt. 1469, at 8 and 14. *See Computer Acceleration*, 503 F. Supp. 2d at 823 (striking contentions based on "information and belief" because they provided no notice and were therefore prejudicial).
- **Explanation of Delay** – Blue Spike failed to investigate publicly available information, even after Audible Magic directed Blue Spike to its website. Dkt. 1469, at 3, 4, 8, 9, and 12. *See Computer Acceleration*, 503 F. Supp. 2d at 823 (noting this factor weighs in favor of striking when plaintiff failed to review publicly available information and had not sought leave to amend once deficiencies were identified in its contentions).
- **Diligence** – Blue Spike failed to investigate publicly available information in the over eighteen months this case has been pending. Audible Magic directed Blue Spike to the Audible Magic website. Dkt. 1469, at 3, 7-10, and 12. Blue Spike never raised an issue with any contractual terms until its Opposition. *See Computer Acceleration*, 503 F. Supp. 2d at 823 (striking infringement contentions when the plaintiff failed to seek leave to amend its claim charts and failed to include publicly available information it was made aware of).
- **Importance of Infringement Contentions and Lesser Sanctions** – Audible Magic seeks to strike those claims based on information and belief and claims that Blue Spike has no evidence of infringement. Dkt. 8, 10-11. This would not dismiss Blue Spike's entire case, which was a factor used in *Computer Acceleration* to weigh in favor of striking. *See Computer Acceleration*, 503 F. Supp. 2d at 823.

Accordingly, each factor weighs in favor of striking Blue Spike's Infringement Contentions.

In addition to its arguments related to the factors above, Audible Magic provided specific examples of the deficiencies in Blue Spike's attempt at revised contentions. Blue Spike, however, made no attempt to address these deficiencies in its Opposition. For example, Blue Spike failed to address how a "cryptographic protocol" or a "hash" relate in any way to the

4

citation to Audible Magic's website describing the size of a database. Dkt. 1469 at 10. Blue Spike similarly provided absolutely no response for specific examples of deficiencies noted in at least 19 other claims in Audible Magic's Motion. *Id.* at 10-11. It is clear that Blue Spike has no response because it has no proof whatsoever that Audible Magic allegedly infringes these claims.

### III. Blue Spike Alleges that Its Infringement Contentions Are Adequate Because "surely Audible Magic knows what its own products do."

Faced with clearly inadequate contentions regarding the doctrine of equivalents and an identification of accused products, Blue Spike attempts to turn the tables and place the burden on Audible Magic. First, Blue Spike claims that Audible Magic simply "cherry-picked" portions of the Infringement Contentions when it alleged that Blue Spike claimed infringement under the doctrine of equivalents based only on a single boilerplate statement. Dkt. 1544, at 9. When there is only a **single boilerplate statement** there is nothing to cherry pick from. Indeed, Blue Spike points to nothing else in its claim charts to support its position.[3] Second, Blue Spike argues that it need not be more specific in its identification of accused products because "surely Audible Magic knows what its own products do." Dkt. 1544, at 10. The burden to identify accused products and clearly state infringement allegations is on Blue Spike, not Audible Magic. *See, e.g., Keranos, LLC v. Silicon Storage Tech., Inc.*, 2013 U.S. Dist. LEXIS 145194, at *14-15 (E.D. Tex. Aug. 2, 2013).

Blue Spike's Opposition is nothing more than an attempted smoke screen to hide the glaring deficiencies in its Infringement Contentions. Its contentions should be struck.

---

[3] Contrary to Blue Spike's assertion, its doctrine of equivalents claim does not "mirror" the situation in *Mobile Telecommuncations Technologies v. Sprint Nextel*, No. 2:12-cv-832, Dkt. 152 (E.D. Tex. Apr. 25, 2014). There, Samsung alleged that "each and every" claim limitation was deficient and provided no examples or citations. Audible Magic, to the contrary, provided specific examples to Blue Spike throughout the meet-and-confer process and in its motion.

Dated:  May 13, 2014　　　　　　　　　Respectfully submitted,

By:

　　　　　　　　　　　　　　　　　　　*/s/ Eric H. Findlay*
　　　　　　　　　　　　　　　　　　　Eric H. Findlay (Texas Bar No. 00789886)
　　　　　　　　　　　　　　　　　　　Walter W. Lackey, Jr. (Texas Bar No. 24050901)
　　　　　　　　　　　　　　　　　　　FINDLAY CRAFT, P.C.
　　　　　　　　　　　　　　　　　　　102 North College Avenue, Suite 900
　　　　　　　　　　　　　　　　　　　Tyler, TX 75702
　　　　　　　　　　　　　　　　　　　Telephone:  (903) 534-1100
　　　　　　　　　　　　　　　　　　　Facsimile:   (903) 534-1137
　　　　　　　　　　　　　　　　　　　efindlay@findlaycraft.com
　　　　　　　　　　　　　　　　　　　wlackey@findlaycraft.com

　　　　　　　　　　　　　　　　　　　Gabriel M. Ramsey– *LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　I. Neel Chatterjee
　　　　　　　　　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE, LLP
　　　　　　　　　　　　　　　　　　　1000 Marsh Road
　　　　　　　　　　　　　　　　　　　Menlo Park, CA 94025
　　　　　　　　　　　　　　　　　　　Telephone:  (650) 614-7400
　　　　　　　　　　　　　　　　　　　Facsimile:  (650) 614-7401
　　　　　　　　　　　　　　　　　　　gramsey@orrick.com
　　　　　　　　　　　　　　　　　　　nchatterjee@orrick.com

　　　　　　　　　　　　　　　　　　　Alyssa M. Caridis
　　　　　　　　　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE, LLP
　　　　　　　　　　　　　　　　　　　777 S. Figueroa St.
　　　　　　　　　　　　　　　　　　　Suite 3200
　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90017
　　　　　　　　　　　　　　　　　　　Telephone:  (213) 629-2020
　　　　　　　　　　　　　　　　　　　Facsimile:  (213) 612-2499
　　　　　　　　　　　　　　　　　　　acaridis@orrick.com

　　　　　　　　　　　　　　　　　　　Christopher J. Higgins
　　　　　　　　　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE, LLP
　　　　　　　　　　　　　　　　　　　1152 15th Street, NW
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　Telephone: (202) 339-8418
　　　　　　　　　　　　　　　　　　　chiggins@orrick.com

　　　　　　　　　　　　　　　　　　　Attorneys for Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, and Harmonix Music Systems, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on May 13, 2014.

>                     */s/ Eric H. Findlay*
>                     Eric H. Findlay