UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § § § § § § § | |
| *Plaintiff*, | | Case No. 6:12-cv-499-MHS |
| v. | | Lead Case |
| Texas Instruments, Inc. et al., | | Jury Trial Demanded |
| *Defendants*. | | |

### SCOTT MOSKOWITZ'S MOTION TO DISMISS SHAZAM ENTERTAINMENT LIMITED'S COUNTERCLAIM [DKT. 1397]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Scott Moskowitz moves to dismiss the counterclaim filed against him by defendant Shazam Entertainment Limited. *See* Dkt. 1397 at 24-30.

## Background

Blue Spike, LLC filed suit against Shazam on August 9, 2012. *See generally* Case No. 6:12-cv-500, Dkt. 1. Shazam filed an answer on October 19, 2012. *See generally* Case No. 6:12-cv-500, Dkt. 14. Shazam filed an amended answer on April 4, 2014, including for the first time a counterclaim against Blue Spike, LLC, Blue Spike, Inc., and Scott Moskowitz (the CEO of Blue Spike, LLC). *See* Case No. 6:12-cv-499, Dkt. 1397 at 24-30. The latter two were not yet parties; Audible Magic sought to implead them as counter-defendants with its counterclaim.

1

## Legal Standard

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level. *Id*. In deciding whether the complaint states a valid claim for relief, a court should accept all well-pleaded facts as true and construe the complaint in the light most favorable to the claimant. *Id*. A court should not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Id*. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id*.

## Argument

Shazam's counterclaim alleges that eight statements on Blue Spike's website violate the Lanham Act, 15 U.S.C. §1125(a). Dkt. 1397 at 26-30. Shazam fails to adequately plead all elements of a Lanham Act claim, and most of the statements in question are not even actionable under 15 U.S.C. §1125(a) in the first place. Further, Shazam offers no reason for imposing personal liability on Moskowitz for statements allegedly made on Blue Spike's website. Dismissal of Shazam's counterclaim is proper.

**I.      Shazam Fails To Adequately Plead Multiple Elements of Its Lanham Act Claim.**

A complaint under 15 U.S.C. §1125(a) must adequately plead the following elements:

> (1) a false or misleading statement of fact about a product;
> (2) such statement deceived or had the capacity to deceive a substantial segment of potential consumers;
> (3) the deception is material, in that it is likely to influence the purchasing decision;
> (4) the product is in interstate commerce; and
> (5) the plaintiff has been or is likely to be injured as a result of the statement.

*Clock Spring, L.P. v. Wrapmaster, Inc.*, 560 F.3d 1317, 1329 n.10 (Fed. Cir. 2009) (discussing the Fifth Circuit's standard). When the allegedly false or misleading statement concerns a patent, the complaint must also adequately plead a sixth element: that the statement was made in bad faith. *Zenith Elec. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353-54 (Fed. Cir. 1999).[1] Failure to adequately plead any one of these elements is "fatal" to the claim. *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir.2000).

Here, Shazam fails to adequately plead multiple elements. It does not even assert, much less present supporting factual allegations, that (1) the statements in question "deceived or had the capacity to deceive a substantial segment of potential consumers" (element two) or that (2) "the deception is

---

[1] "[A] bad faith standard cannot be satisfied in the absence of a showing that the claims asserted were objectively baseless, meaning no reasonable litigant could realistically expect to prevail in a dispute over infringement of the patent." *Judkins v. HT Window Fashion Corp.*, 529 F.3d 1334, 1338 (Fed. Cir. 2008). "In general, a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights." *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002). "The law recognizes a presumption that the assertion of a duly granted patent is made in good faith"; thus, "the party challenging such statements" must present "clear and convincing evidence that the infringement allegations are objectively false, and that the patentee made them in bad faith." *Id*.

material, in that it is likely to influence the purchasing decision" (element three). Shazam baldly asserts that the products in question are "in interstate commerce" (element four), that Shazam "has been or is likely to be injured as a result of" the statements (element five), and that the statements were made in "bad faith" (element six), but it presents no factual allegations to support those assertions. *See In re Great Lakes*, 624 F.3d at 210 (to survive dismissal, legal conclusions must be supported by factual allegations). Moskowitz is willing to stipulate that the products in question are in interstate commerce; even so, Shazam still fails to adequately plead four of the six required elements, making dismissal proper. *Pizza Hut*, 227 F.3d at 495 (failure to adequately plead any element of a Lanham Act claim is "fatal").

**II.  Most of Moskowitz's Alleged Statements Are Not Actionable Under the Lanham Act.**

Even if Shazam had adequately pleaded all six elements of its Lanham Act claim, most of the statements on which the claim is based are inactionable as a matter of law. Those statements are analyzed below.

> **A.  "As an industry trailblazer, Blue Spike's CEO, Scott Moskowitz, has been an active author and public figure in the content management and monetization space, i.e. digital-watermarking or signal-recognition, since those technologies emerged, long before Shazam."** (Dkt. 1397 at 26)

This statement is not actionable under the Lanham Act because it concerns Moskowitz himself and the temporal order of his and Shazam's activities. To be actionable under 15 U.S.C. §1125(a), a misrepresentation

4

must refer to "the characteristics of [a] good [or service] *itself.*" *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307 (Fed. Cir. 2009) (emphasis added).

> **B.    "[A]n infringement award worth 40+ million dollars is not out of the question . . . . Like many of Kleiner Perkins' budding start-ups, Shazam is continuing down the road to become public company. The hopeful startup needs to maintain a rosy reputation in order to achieve that goal. Unfortunately for Shazam, this rose doesn't have a thorn— it has a Blue Spike to deal with."** (Dkt. 1397 at 27)

Shazam alleges that this statement is actionable under 15 U.S.C. §1125(a) because it "make[s] false representations about Shazam or convey[s] the misleading commercial impression to consumers that Shazam is liable for an infringement award worth 40+ million dollars." Dkt. 1397 at 27. The statement in question cannot support a Lanham Act counterclaim for two reasons.

First, Shazam omits key language from the statement that clearly shows the statement is not a "statement of fact." The full statement is this: "*Should a jury in the Eastern District of Texas agree*, an infringement award worth 40+ million dollars is not out of the question." Dkt. 1397-1 at 3 (emphasis added). This statement is not actionable because it does not use the indicative mood to positively assert a fact; it uses the subjunctive mood to speculate about how big an infringement award *might* be *if* a jury agreed with Blue Spike. *See Kohler v. Bed Bath & Beyond of Cal., LLC*, No. EDCV 11-01246 VAP, 2012 WL 2449928, at *4 n.5 (C.D. Cal. June 27, 2012) (use of the

5

"indicative mood" would "express facts," while "use of the subjunctive mood would express an action or state as hypothetical").

Second, even if the passage in question *were* an objective statement of fact, it is not a statement about a *product*. It is a statement about potential legal outcomes. Lanham Act liability must be predicated on a statement about "the characteristics of [a] good [or service]." *Baden Sports*, 556 F.3d at 1307.

### C. Moskowitz and Blue Spike were the "first to create" content "fingerprinting" technology. (Dkt. 1397 at 27)

This alleged statement is not actionable under the Lanham Act for four independent reasons.

First, Blue Spike's website does not say that Moskowitz and Blue Spike were the "first to create" fingerprinting technology. This is what the website actually says: "The question is, was Shazam first to create this technology? One company, Blue Spike, LLC, answers 'No.'" Dkt. 1397-2 at 2. That is a denial that Shazam was the first to create the technology, not an affirmative representation "that Moskowitz was the first to invent fingerprinting technology" as Shazam claims. Dkt. 1397 at 27.

Second, even if Shazam had quoted the statement correctly, the statement concerns Moskowitz and Blue Spike, not the characteristics of a commercial good or service. *See Baden Sports*, 556 F.3d at 1307. A party cannot maintain a "false advertising claim that is fundamentally about the origin of an idea." *Id.* at 1308; *accord Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32 (2003) (for Lanham Act purposes, the "consumer

who buys a branded product . . . typically does not care whether" "the brand-name company is the same entity that came up with the idea for the product").

Third, the alleged "first-to-create" statement is too vague as a matter of law to support a Lanham Act claim. To support recovery under the Lanham Act, a statement "must be a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Pizza Hut*, 227 F.3d at 496. The alleged misrepresentation that Moskowitz and Blue Spike were the "first to create" fingerprinting "technology" is neither specific nor measurable because the words "create" and "technology" are inherently vague. *See Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1140 (C.D. Cal. 2005) (finding that "the phrase 'latest technology' is non-actionable" because it is inherently vague); *accord In re Modansky*, 159 B.R. 139, 142 (Bankr. S.D.N.Y. 1993) (holding, in another context, that "the word 'created' is vague"). And if Shazam means to argue that Blue Spike, LLC is misrepresenting ownership of the earliest-issued patents related to digital fingerprinting, such misrepresentations are not actionable. *Digigan, Inc. v. Ivalidate, Inc.*, No. 02 Civ. 420 (RCC), 2004 WL 203010, at *5 (S.D.N.Y. Feb. 3, 2004) (misrepresentation regarding patent ownership will not support Lanham Act claim because "[a] patent is not a 'good or service' as those terms are used in the Lanham Act").

Fourth, the alleged "first-to-create" statement is immaterial as a matter of law. To support recovery under the Lanham Act, a statement must be

"material" in the sense that it is "likely to influence the consumer's purchasing decision." *Pizza Hut*, 227 F.3d at 496. This standard is not satisfied by a claim about who first created a particular technology. If Ford Motor Company states that it was the "first to create" an automobile, that obviously does not imply that Ford's current automobiles are better than BMW's. Indeed, in isolation, a "first-to-create" statement could just as logically imply something negative about a company's products (for example, that they were outdated). To imply superiority, a "first-to-create" statement must be coupled with more.[2] But even if the Court accepted the notion that a bald "first-to-create" statement necessarily implied superiority, such a statement still would not be actionable. *See Pizza Hut*, 227 F.3d at 496-97 (generalized claim of superiority over comparable products is not actionable under Lanham Act).

> **D.   "Shazam stole [Moskowitz's] signal abstracting technology to power its popular audio recognition application. Blue Spike claims it patented that technology, the same technology powering its own products such as The Giovanni® Abstraction Machine™."** (Dkt. 1397 at 28)

Shazam alleges that this statement is actionable under 15 U.S.C. §1125(a) because it implies that Blue Spike's "The Giovanni® Abstraction Machine™ practices claims in the Blue Spike Asserted Patents." As a matter of law, such statements are not actionable. *See IMCS, Inc. v. D.P. Tech. Corp.*, 264 F. Supp. 2d 193, 197 (E.D. Pa. 2003).

---

[2] One example might be the following: "Company X was the first to create a widget, which means that it has been honing its widget technology longer than its competitors. That's why Company X makes the best widgets on the market today."

8

In *IMCS*, the Eastern District of Pennsylvania granted the plaintiff's 12(b)(6) motion to dismiss a Lanham Act counterclaim that "alleged that Plaintiff violated [15 U.S.C. §1125(a)] by advertising that Plaintiff's software is protected by the '133 patent." *Id*. The court held that such an advertisement "could not violate the Lanham Act" because the plaintiff actually held the '133 patent, and "until . . . a determination of invalidity is made, the patent is considered valid and enforceable." *Id*. "As such," the court concluded, "Plaintiff's statements as to the contemporaneous existence of the patent are true and are not misleading." *Id*.

The same reasoning applies here. It is undisputed that Blue Spike, LLC owns the patents-in-suit. That being the case, unless and until those patents are invalidated, an assertion that a Blue Spike product "practices claims" in those patents is not, as a matter of law, actionable under 15 U.S.C. §1125(a). *Id*.; *see also Forest Grp., Inc. v. Bon Tool Co.*, No. H-05-4127, 2008 WL 2962206, at *7-8 (S.D. Tex. July 29, 2008), *aff'd in part, vacated in part on other grounds*, 590 F.3d 1295 (Fed. Cir. 2009) (even if plaintiff's statement that a particular patent covered one of its products was literally false, defendant would still have to show that the statement was material (i.e., likely to influence purchasing decisions) and that it injured the defendant).

    E.    **"[A]t least four of those patents specifically describe an abstracting process, also known as fingerprinting, that Shazam is now touting as its own. Moskowtiz [sic] claims this technology has powered his Blue Spike products since the turn of the century."** (Dkt. 1397 at 28)

9

Shazam alleges that this statement is actionable for the same reasons as the previous statement. *Compare* Dkt. 1397 at 28 (¶17) *with* Dkt. 1397 at 28 (¶18). Consequently, this statement fails to support a Lanham Act counterclaim for the same reasons.

### III. Shazam Alleges No Basis for Imposing Personal Liability on Moskowitz for Statements Made on Blue Spike's Website.

Shazam does not explain why Moskowitz is personally liable for statements allegedly published on www.bluespike.com, undermining its claims against him. *See Suarez Corp. Indus. v. Earthwise Technologies, Inc.*, 636 F. Supp. 2d 1139, 1149 (W.D. Wash. 2008) (to impose liability on corporate officer for wrongful statement published by corporation, plaintiff must allege that officer personally participated in publishing the statement). Courts should not casually impose liability on corporate officers for statements made by corporations; "[t]he corporate entity deserves respect and legal recognition unless specific, unusual circumstances justify disregarding the corporate structure." *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999). Shazam has alleged no such circumstances.

### Conclusion

Shazam inadequately pleads multiple required elements of its Lanham Act counterclaim. Further, Shazam's counterclaim is based on statements that are not actionable under the Lanham Act in the first place. For these reasons, Scott Moskowitz respectfully asks the Court to dismiss Shazam's Lanham Act counterclaim with prejudice.

        Respectfully submitted,

        /s/ Randall T. Garteiser
        Randall T. Garteiser
          Texas Bar No. 24038912
          rgarteiser@ghiplaw.com
        Christopher A. Honea
          Texas Bar No. 24059967
          chonea@ghiplaw.com
        Christopher S. Johns
          Texas Bar No. 24044849
          cjohns@ghiplaw.com
        Kirk J. Anderson
          California Bar No. 289043
        Peter S. Brasher
          California Bar No. 283992
        **GARTEISER HONEA, P.C.**
        218 N. College Ave.
        Tyler, Texas 75702
        Telephone: (903) 705-7420
        Facsimile: (888) 908-4400

        ***Counsel for Blue Spike LLC***

**Certificate of Service**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on May 21, 2014.

                                                   /s/ Randall Garteiser