# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:12-CV-499-MHS<br>LEAD CASE |
| CLEAR CHANNEL BROADCASTING, INC., | § § | |
| Defendant. | § § § § § | Case No. 6:12-CV-595-MHS<br>CONSOLIDATED CASE |

**DEFENDANT CLEAR CHANNEL BROADCASTING, INC.'S
RESPONSE TO PLAINTIFF'S NOTICE OF "ADDITIONAL" FACTS
(DKT. NO. 1589)**

On May 22, Plaintiff Blue Spike, LLC ("Blue Spike") filed a "Notice of Additional Facts Pertaining to Clear Channel's Transfer Motion" ("Notice"). (Dkt. No. 1589.) Blue Spike did so without informing Clear Channel of its intent. (Declaration of Ryan K. Yagura ("Yagura Decl.") at ¶ 2.) The Notice, however, cites information that is either not relevant or could have been provided during the briefing period of Clear Channel's Motion to Transfer (Dkt. No. 1148).

First, Blue Spike alleges that the fact that the Media Monitors and MediaBase source code was made available in Los Angeles is pertinent. It is not. The source code was made available pursuant to an *agreed* protective order, entered by this Court as Dkt. No. 1562. The protective order explicitly provides that parties may make its source code available at the offices of outside counsel so that outside counsel may supervise the inspection and ensure compliance with the protective order. (Dkt. No. 1562 at § 1.C.3.) The person most knowledgeable about the source code, as identified in Clear Channel's Initial Disclosures (attached to the Yagura Decl. as Ex. A), is Dyon Anniballi, who works for RCS from his home in Pennsylvania. (Yagura Decl. at ¶ 5 & Ex. A at 5.) Thus, the person who will be called upon to testify regarding the source code, the "crown jewels" of the case, as Blue Spike notes, is located significantly closer to the transferee forum in the Southern District of New York.

Blue Spike then attaches an untimely declaration from Mr. Moskowitz's alleged doctor ("the Unger Declaration"). "Normally, a party may not raise new grounds for granting its motion in a reply. Where a party does raise new grounds, the Court may either strike the new grounds or permit the nonmoving party additional time to respond." *Perkins v. Gregg County, Texas,* 1995 WL 836051, *5, n.7 (E.D. Tex. 1995) (quotations and citation omitted). The Unger Declaration was not filed with Blue Spike's Opposition, nor was it even filed with Blue Spike sur-reply (filed on March 24 at Dkt. No. 1378). The Unger Declaration was filed almost two months after briefing closed on the Motion to Transfer, and should therefore be stricken as untimely.

Further, there is no explanation for why this declaration could not have been obtained during the briefing period. This is apparently the same doctor identified in a footnote of Blue

Spike's Opposition to Clear Channel's Motion to Transfer. (Dkt. 1298 at 9, n.3.) The Unger Declaration does not include how long this doctor has been treating Mr. Moskowitz, nor does it include the dates of recent treatments. Blue Spike has not alleged that there has been any change in Mr. Moskowitz's condition, nor has it offered any reason this doctor, or some other doctor, could not have provided a similar declaration months ago (for example, with Blue Spike's Opposition filed March 3, 2014). This is not a newly discovered additional fact, but support Blue Spike withheld until after other defendants obtained transfers to other districts (including the Southern District of New York, *see* Dkt. No. 1334). As such, it should be stricken from the record.

Finally, Blue Spike selectively identifies "additional" facts. For example, Blue Spike did not include Clear Channel's Initial Disclosures (Ex. A at 5). The Initial Disclosures identify three individuals at RCS, the subsidiary responsible for the accused products. Two of these individuals, Mr. Beck and Mr. Generali, work out of RCS's main office in White Plains, New York. (Yagura Decl. at ¶ 4.) The third, Mr. Anniballi, works remotely out of his home in Pennsylvania. (Yagura Decl. at ¶ 5.) Thus, for all three RCS witnesses, the Southern District of New York would be a significantly more convenient forum. If the Court elects to consider Blue Spike's untimely declaration, then Clear Channel requests that the Court also consider Clear Channel's Initial Disclosures.

The irrelevant location of the attorneys' source code review and the untimely Unger Declaration, even if considered, do not overcome Clear Channel's demonstration that the Southern District of New York is clearly more convenient. Clear Channel respectfully requests that this Court strike Blue Spike's Notice of Additional Facts (Dkt. 1589) and grant Clear Channel's Motion to Transfer (Dkt. 1148).

| | |
|---|---|
| Dated: May 27, 2014 | */s/ Ryan K. Yagura* |

                                          Ryan K. Yagura
                                          ryagura@omm.com  - TX S.B. #240755933
Nicholas J. Whilt
nwhilt@omm.com – CA S.B. #247738
O' MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

Sarah A. Pfeiffer
spfeiffer@omm.com – CA S.B. #278205
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, California 92660
Telephone:  (949) 823-6900
Facsimile:  (949) 823-6994

*Attorneys for Clear Channel Broadcasting, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2014, all counsel of record who have consented to electronic service were served with a copy of this document via the Court's ECF system, pursuant to Local Rule CV-5(a)(3).

                                      */s/ Ryan K. Yagura*
                                      Ryan K. Yagura