UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,**<br><br>       **Plaintiff,**<br><br>vs.<br><br>**TEXAS INSTRUMENTS, INC., ET AL.,**<br><br>       **Defendants.** | Case No. 6:12-cv-00499-MHS<br><br>**JURY TRIAL DEMANDED** |
| **BLUE SPIKE, LLC,**<br><br>       **Plaintiff,**<br><br>vs.<br><br>**ZVETCO, LLC,**<br><br>       **Defendant.** | Case No. 6:13-cv-00130-MHS<br>(consolidated with Case No. 6:12-cv-00499-MHS and closed)<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT ZVETCO, LLC'S OBJECTION TO ORDER PROPOSING TECHNICAL ADVISOR

In response to the Court's instructions to timely object to the Court's ORDER PROPOSING TECHNICAL ADVISOR (Docket No. 1596), Defendant Zvetco, LLC (hereafter "Zvetco") respectfully files this objection.

As an initial comment, Zvetco is pleased that the Court, in its proposed order, made it clear the Defendants' as a group, are responsible for 50% of the costs. This clarifies an issue that has arisen in other multi-defendant cases in this district where other Plaintiffs' have argued to be responsible for less than 50% of costs accrued.

Zvetco respectfully asks that the Court to consider excusing Zvetco and perhaps other smaller customer defendants similarly situation for the costs of a technical expert. Zvetco is a

1

small reseller accused only of selling products made by companies like Authentec (now Apple) and is relying primarily on a licensing defense. Because resellers like Zvetco do not make the accused products and have no access to the technical details required to defend non-infringements on the merits, if Zvetco was alone in this suit, there were not likely be a need for a technical advisor. The technical matters are primarily between the supplier Defendants (who actually make the accused products and the Plaintiff. This Court has wisely already bifurcated this matter, recognizing that the litigation between the Supplier Defendants and the Plaintiff will likely determine the outcome for the smaller reseller Defendants. Thus the more equitable arrangement, highly consistent with the Court's bifurcation of this matter, would be to apportion the cost of the technical advisor between the Plaintiff and the supplier defendants and excuse the customer Defendants from technical costs and claims construction costs until all of the matters on the schedule specific to Supplier Defendant's have been litigated.

As a matter of public policy, the Congress, as part of the 2011 America Invents Act (AIA), amended the joinder provisions in patent cases like this in part to protect small defendants from costs associated with being joined in actions with multiple large defendants over the same patent. While Zvetco recognizes the Court's proposed order does not violate the joinder provisions because the order is limited to pretrial matters, Zvetco suggests that a sweeping order that assesses costs to all Defendants without regard to size, ability to pay, or the status or nature of their respective defenses does contradict, at least the spirit, if not the letter of the law, as amended in 2011.

Finally, Zvetco would like to record its respectful objections to the general practice of Court appointed technical experts in patent cases in this District. The practice is not universal and other districts have found other ways to address this need less expensively. The practice of appointing a master, and then assessing costs by Court order against defendants who did not

choose to be sued, and who may or may not find such an expert helpful to their particular case, raises due process concerns and basic questions of fairness.  The practice substantially runs up the cost for defendants who choose to defend on the merits and have their day in Court.  Non-infringing defendants so situated are often inappropriately coerced into purchasing licenses to avoid expert costs over which they have no control.  Experts so retained are highly motivated (and perhaps required) to do substantial due diligence on matters particular to large parties.  Such diligence requires many hours for large lists of accused products and large patent portfolios and smaller defendants are more-or-less caught in the crossfire of big stakes litigation long before they get to defend on the merits of their otherwise less expensive case.

Respectfully submitted,
/s/ Robert A. Huntsman
Robert A. Huntsman
Admitted *pro hac vice*, Idaho Bar #5345
HUNTSMAN LAW GROUP, PLLC
10400 W. Overland., #174
Boise, ID 83709
tel: 208 860 4379
email: law2014@huntsmanlg.com

LEAD ATTORNEY FOR ZVETCO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on June 2, 2014, a true and correct copy of the foregoing was filed electronically in compliance with Local Rule CV- 5(a) and thus served on all current counsel of record for Blue Spike, LLC, all of whom, to my knowledge, have consented to electronic service.

/s/ Robert A. Huntsman
Robert A. Huntsman