UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | Case No. 6:12-cv-499-MHS |
| v. | § | Lead Case |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| *Defendants*. | § | |

**BLUE SPIKE, INC.'S RESPONSE IN SUPPORT OF ITS MOTION TO DISMISS AUDIBLE MAGIC'S COUNTERCLAIMS [DKT. 1506]**

Audible Magic's opposition (Dkt. 1586) fails to show that dismissal of its counterclaims is unwarranted.

**I.   Audible Magic Has Not Alleged Facts Capable of Supporting Multiple Required Elements of Its Causes of Action.**

Audible Magic tries to save its counterclaims from dismissal by inventing a new pleading standard for itself. It argues that merely asserting multiple legal conclusions—e.g., that the statements in question were material and had the capacity to deceive consumers—is enough to preclude dismissal. *See* Dkt. 1586 at 4-8. That is not the law. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (to survive dismissal, legal conclusions must be supported by factual allegations). Dismissal is proper because, as Blue Spike already explained, Audible Magic does not articulate facts capable of supporting multiple elements of its counterclaims.

Audible Magic also argues that its common-law unfair-competition counterclaim should survive because Blue Spike's dismissal motion did not

1

address the second basis of that claim, namely, the alleged misappropriation of Audible Magic technology. Dkt. 1586 at 8-9. Audible Magic is mistaken for two reasons. First, as Blue Spike explained in its dismissal motion, "[t]o prevail on a common law claim of unfair competition in Texas, a plaintiff must show that the defendant committed . . . an independent tort." *Wellpath Solutions, Inc. v. Wellpath Energy Servs, LLC*, No. 6:12-cv-286, 2013 WL 1314423, at *4 (E.D. Tex. Mar. 28, 2013). Audible Magic does not allege any viable independent tort by Blue Spike that relates to misappropriation of technology, so its misappropriation claim necessarily fails.[1] *Id.*; *Axxiom Mfg., Inc. v. McCoy Invs., Inc.*, No. CIV. A. H-09-3735, 2010 WL 2545584 at *7 (S.D. Tex. June 21, 2010).

Second, to the extent that Audible Magic actually alleges misappropriation as an independent basis for its unfair-competition counterclaim, that allegation again relies on unsubstantiated legal conclusions. The elements of misappropriation-based unfair competition are: "(i) the creation by plaintiff of a product through extensive time, labor, skill and money; (ii) the use of that product by defendant in competition with plaintiff, thereby giving the defendant a special competitive advantage because he was burdened with little or none of the expense incurred by plaintiff in the

---

[1] Audible Magic has already admitted that its counterclaims 1 through 9 and 12 are not aimed at Blue Spike, Inc. Dkt. 1020 at 3. The remaining counterclaims are unjust enrichment (counterclaim 10), which, as Blue Spike, Inc. already explained (Dkt. 993 at 4), is not a stand-alone cause of action in Texas, and a Lanham Act counterclaim (counterclaim 11) that relates only to allegedly false statements. *See* Dkt. 1438 at 45-46.

creation of the product; and (iii) commercial damage to plaintiff." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 788 (5th Cir. 1999). Audible Magic dutifully parrots each of these elements, but it does not even attempt to show, for example, how Blue Spike has "used" Audible Magic's products, how it has done so "in competition" with Audible Magic, or how it has "commercially damaged" Audible Magic.

## II. Blue Spike Did Not "Waive" the Argument that Audible Magic Has Inadequately Pleaded Its Counterclaims.

In a single paragraph with no citation to authority, Audible Magic argues that Blue Spike has waived any argument regarding the inadequacy of Audible Magic's pleading because it did not raise that issue in its prior briefing. Dkt. 1586 at 3. This argument fails for multiple reasons. First, Blue Spike's inadequate-pleading argument (Dkt. 1506 at 4-6) is directed at Audible Magic's common-law unfair-competition claim, which Blue Spike has never previously briefed. Second, in any event, Blue Spike's prior briefing *did* address the adequacy of Audible Magic's related Lanham Act pleading. *See* Dkt. 993 at 2 (reciting legal standard for dismissal for failure to state a claim). Audible Magic seems to be trying to import a waiver rule that pertains to reply briefs,[2] but the motion to dismiss at issue here is not a reply brief. Blue Spike has not "waived" anything.

---

[2] *See Cavazos v. JP Morgan Chase Bank Nat'l Ass'n*, 388 F. App'x 398, 399 (5th Cir. 2010) (arguments raised for first time in reply brief are waived).

### III. Blue Spike's Late Filing Is Not a Reason to Deny Its Motion.

In a footnote, Audible Magic argues that the Court should deny Blue Spike's motion as untimely because Blue Spike filed the motion one day after the deadline set by the scheduling order. Dkt. 1586 at 1 n.1. This argument is disingenuous given that the motion addresses counterclaims filed by Audible Magic *two weeks* after the deadline set by the scheduling order. *See* Dkt. 1332 at 2. Audible Magic fails to mention that the parties agreed they could file post-deadline pleadings, but then Audible Magic re-filed its Amended Answer and Counterclaims on Good Friday—a federal holiday—over the objection of Blue Spike's counsel. Audible Magic has never alleged any prejudice or requested any relief from Blue Spike's taking one extra day to file its motion to dismiss in response to the late-filed counterclaims.

For these reasons plus those contained in its motion (Dkt. 1506), Blue Spike respectfully reiterates its request for the Court to dismiss with prejudice Audible Magic's counterclaims.

Respectfully submitted,


  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, Inc.*

## Certificate of Service

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on June 2, 2014.

                                                                                              /s/ Randall Garteiser