# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>    *Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE |

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br>    *Plaintiff*,<br>v.<br>AUDIBLE MAGIC CORPORATION, FACEBOOK, INC., MYSPACE, LLC, SPECIFIC MEDIA, LLC, PHOTOBUCKET.COM, INC., DAILYMOTION, INC., DAILYMOTION S.A., SOUNDCLOUD, INC., SOUNDCLOUD LTD., MYXER, INC., QLIPSO, INC., QLIPSO MEDIA NETWORKS LTD., YAP.TV, INC., GOMISO, INC., IMESH, INC., METACAFE, INC., BOODABEE TECHNOLOGIES, INC., TUNECORE, INC., ZEDGE HOLDINGS, INC., BRIGHTCOVE INC., COINCIDENT.TV, INC., ACCEDO BROADBAND NORTH AMERICA, INC., ACCEDO BROADBAND AB, AND MEDIAFIRE, LLC<br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-576 MHS<br><br>CONSOLIDATED CASE |

**AUDIBLE MAGIC CORPORATION'S SUR-REPLY IN
OPPOSITION TO BLUE SPIKE INC'S MOTION TO DISMISS
<u>AUDIBLE MAGIC CORPORATION'S COUNTERCLAIMS</u>**

Blue Spike's Reply Brief (Dkt. 1601) is filled with numerous factual misstatements that do nothing but evidence the total lack of support it has for its Motion to Dismiss. Blue Spike makes no substantive arguments in support of its Motion to Dismiss that require a reply by Audible Magic. Indeed, other than taking unsupported cheap-shots at Audible Magic, Blue Spike's Reply Brief accomplishes nothing other than highlighting for the Court how Blue Spike completely failed to address one of the bases for Audible Magic's common law unfair competition counterclaim. That is, Blue Spike makes no attempt to address any of the substantive argument made by Audible Magic in its Opposition, and instead spends the majority of its Reply Brief attempting to address the misappropriation unfair competition counterclaim that it failed to address in its Opening Motion and Brief. This argument, however, has been waived. Accordingly, Audible Magic takes this opportunity to correct the false statements made by Blue Spike in yet another one of its filings.

Blue Spike makes the following misstatements in its Reply Brief that are clearly contradicted by the record:

- **Blue Spike states that Audible Magic "invent[ed] a new pleading standard" by arguing "that merely asserting multiple legal conclusions…is enough to preclude dismissal." Dkt. 1601, at 1.**
    - On page 5 of its Opposition Brief, Audible Magic provided in summary form examples of specific facts it plead with respect to each element of a Lanham Act and common law unfair competition claim. Dkt. 1586, at 5. Rather than address these specific facts, Blue Spike chose to simply ignore them and make its false statement.

- **Blue Spike states that Audible Magic is mistaken for arguing that Blue Spike failed to address an independent basis for Audible Magic's common law unfair competition counterclaim based on misappropriation. Dkt. 1601, at 1-2.**
    - Blue Spike makes this statement, but then provides no support that it actually

1

raised the argument in its opening brief. It has no support because it utterly failed to address the counterclaim. Instead, Blue Spike attempts to include an argument for the first time in its Reply Brief. Ironically, on the following page, Blue Spike agrees that "arguments raised for the first time in reply brief are waived." Dkt. 1601, fn. 2 citing (*Cavazos v. JP Morgan Chase Bank Nat'l Ass'n*, 388 F. App's 398, 399 (5th Cir. 2010). Blue Spike's argument has been waived because it failed to raise the issue in its Opening Motion and Brief.

- **Blue Spike states that Audible Magic's timeliness "argument is disingenuous given that the motion addresses counterclaims filed by Audible Magic *two weeks* after the deadline set by the scheduling order." Dkt. 1601, at 4.**
  - Audible Magic filed its Amended Answer and Counterclaims on April 4, 2014, which included the common law unfair competition counterclaim. *See* Dkt. 1404. April 4, 2014 is the date set by the Scheduling and Discovery Order (Dkt. 1332).
- **Blue Spike states that "Audible Magic fails to mention that the parties agreed they could file post-deadline pleadings, but then Audible Magic re-filed its Amended Answer and Counterclaims on Good Friday – a federal holiday – over the objection of Blue Spike's counsel." Dkt. 1601, at 4.**
  - Because Blue Spike, LLC also filed an Amended Complaint on April 4, 2014, the parties agreed that Audible Magic would re-file its Amended Answer (which included its timely filed additional counterclaim on April 4, 2014), so that it could properly respond to Blue Spike's Amended Complaint. Dkt. 1586, at 2.
  - The parties further agreed that Blue Spike could file a supplemental motion to dismiss addressing only the additional counterclaim raised in Audible Magic's timely filed April 4, 2014 Amended Answer (and as restated in its re-filed April 18, 2014 Amended Answer). Dkt. 1586, at 2.
  - Blue Spike's counsel never objected to a party filing on Good Friday, nor could it

2

        have. Audible Magic is free to file pleadings on any date it chooses prior to Court-ordered deadlines. To wit, once Blue Spike realized it missed the deadline to file a motion to dismiss, it filed its Motion on a Saturday.

- o That Audible Magic re-filed its Amended Answer on April 18, 2014 is irrelevant because Blue Spike's Motion to Dismiss was due on May 2, 2014 as set by the Scheduling Order.

To the extent the Court does not find that Blue Spike's argument with respect to Audible Magic's common law unfair competition counterclaim based on misappropriation is waived, Blue Spike's argument still fails. On pages 8 and 9 of Audible Magic's Opposition Brief, Audible Magic cited to the paragraphs of its Amended Answer and Counterclaims that specifically plead the facts that Blue Spike alleges are missing. Dkt. 1586 at 8-9. Audible Magic specifically plead that Blue Spike and Scott Moskowitz stole Audible Magic's technology, which Audible Magic expended extensive time and effort into creating and used that technology in its Giovanni Abstraction Machine to compete against Audible Magic. *Id.* Blue Spike simply ignores the facts plead in Audible Magic's counterclaim and ignores the extensive citations provided in Audible Magic's Opposition Brief. Accordingly, even if the Court does not find that Blue Spike waived any argument with respect to Audible Magic's misappropriation unfair competition counterclaim by first raising it in its Reply Brief, Blue Spike's argument still fails as a matter of law.

        For the foregoing reasons, Audible Magic respectfully requests that Blue Spike's motion be denied in its entirety.

Dated: June 3, 2014

By:                      */s/ Eric H. Findlay*

Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
102 North College Ave., Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

I. Neel Chatterjee – *LEAD ATTORNEY*
Gabriel M. Ramsey
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
chiggins@orrick.com

Attorneys for Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, and Harmonix Music Systems, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on June 3, 2014.

*/s/ Eric H. Findlay*
Eric H. Findlay
