# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | Civil Action No. 6:12-CV-499 MHS |
|     *Plaintiff,* | § | |
| | § | LEAD CASE |
| v. | § | |
| | § | |
| TEXAS INSTRUMENTS, INC. | § | |
|     *Defendants* | § | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | Civil Action No. 6:12-CV-576 MHS |
|     *Plaintiff,* | § | |
| v. | § | CONSOLIDATED CASE |
| AUDIBLE MAGIC CORPORATION, | § | |
| FACEBOOK, INC., MYSPACE, LLC, | § | |
| SPECIFIC MEDIA, LLC, | § | |
| PHOTOBUCKET.COM, INC., | § | |
| DAILYMOTION, INC., DAILYMOTION | § | |
| S.A., SOUNDCLOUD, INC., | § | |
| SOUNDCLOUD LTD., MYXER, INC., | § | |
| QLIPSO, INC., QLIPSO MEDIA | § | |
| NETWORKS LTD., YAP.TV, INC., | § | |
| GOMISO, INC., IMESH, INC., | § | |
| METACAFE, INC., BOODABEE | § | |
| TECHNOLOGIES, INC., TUNECORE, | § | |
| INC., ZEDGE HOLDINGS, INC., | § | |
| BRIGHTCOVE INC., COINCIDENT.TV, | § | |
| INC., ACCEDO BROADBAND NORTH | § | |
| AMERICA, INC., ACCEDO | § | |
| BROADBAND AB, AND MEDIAFIRE, | § | |
| LLC | § | |
|     *Defendants*. | § | |

## AUDIBLE MAGIC CORPORATION'S SUR-REPLY IN
## OPPOSITION TO SCOTT MOSKOWITZ'S MOTION TO DISMISS
## AUDIBLE MAGIC CORPORATION'S COUNTERCLAIMS

Scott Moskowitz's Reply Brief (Dkt. 1603) is filled with numerous factual misstatements that do nothing but evidence the total lack of support he has for his Motion to Dismiss. Moskowitz makes no substantive arguments in support of its Motion to Dismiss that require a reply by Audible Magic.  Indeed, other than taking unsupported cheap-shots at Audible Magic, Moskowitz 's Reply Brief accomplishes nothing other than highlighting for the Court how Moskowitz  completely failed to address one of the bases for Audible Magic's common law unfair competition counterclaim.  That is, Moskowitz makes no attempt to address any of the substantive argument made by Audible Magic in its Opposition, and instead spends the majority of his Reply Brief attempting to address the misappropriation unfair competition counterclaim that it failed to address in its Opening Motion and Brief.  This argument, however, has been waived.  Accordingly, Audible Magic takes this opportunity to correct the false statements made by Moskowitz  in yet another one of its filings.

Moskowitz   makes the following misstatements in its Reply Brief that are clearly contradicted by the record:

- **Moskowitz  falsely states that Audible Magic "invent[ed] a new pleading standard" by arguing "that merely asserting multiple legal conclusions…is enough to preclude dismissal."  Dkt. 1603, at 1.**

    o On page 5 of its Opposition Brief, Audible Magic provided in summary form examples of specific facts it plead with respect to each element of a Lanham Act and common law unfair competition claim.  Dkt. 1588, at 5.  Rather than address these specific facts, Moskowitz chose to simply ignore them and make its false statement.

- **Moskowitz falsely states that Audible Magic is mistaken for arguing that Blue Spike failed to address an independent basis for Audible Magic's common law unfair competition counterclaim based on misappropriation.  Dkt. 1603, at 1-2.**

    o Moskowitz makes this statement, but then provides no support that he actually

1

raised the argument in its opening brief.  It has no support because it utterly failed

to address the counterclaim.  Instead, Moskowitz attempts to include an argument

for the first time in its Reply Brief.  Ironically, on the following page, Moskowitz

agrees that "arguments raised for the first time in reply brief are waived."  Dkt.

1603, fn. 2 citing (*Cavazos v. JP Morgan Chase Bank Nat'l Ass'n*, 388 F. App's

398, 399 (5th Cir. 2010).  Moskowitz's argument has been waived because it

failed to raise the issue in its Opening Motion and Brief.

- **Moskowitz falsely states that Audible Magic's timeliness "argument is disingenuous given that the motion addresses counterclaims filed by Audible Magic *two weeks* after the deadline set by the scheduling order."  Dkt. 1603, at 4.**

  o Audible Magic filed its Amended Answer and Counterclaims on April 4, 2014,

    which included the common law unfair competition counterclaim.  *See* Dkt. 1404.

    April 4, 2014 is the date set by the Scheduling and Discovery Order (Dkt. 1332).

- **Moskowitz falsely states that "Audible Magic fails to mention that the parties agreed they could file post-deadline pleadings, but then Audible Magic re-filed its Amended Answer and Counterclaims on Good Friday – a federal holiday – over the objection of Moskowitz's counsel."  Dkt. 1603, at 4.**

  o Because Blue Spike, LLC also filed an Amended Complaint on April 4, 2014, the

    parties agreed that Audible Magic would re-file its Amended Answer (which

    included its timely filed additional counterclaim on April 4, 2014), so that it could

    properly respond to Blue Spike's Amended Complaint.  Dkt. 1588, at 2.

  o The parties further agreed that the Blue Spike entities could file a supplemental

    motion to dismiss addressing only the additional counterclaim raised in Audible

    Magic's timely filed April 4, 2014 Amended Answer (and as restated in its re-

    filed April 18, 2014 Amended Answer).  Dkt. 1588, at 2.

  o Moskowitz 's counsel never objected to a party filing on Good Friday, nor could

it have.  Audible Magic is free to file pleadings on any date it chooses prior to Court-ordered deadlines.  To wit, once Moskowitz realized he missed the deadline to file a motion to dismiss, he filed his Motion on a Saturday.

o   That Audible Magic re-filed its Amended Answer on April 18, 2014 is irrelevant because Moskowitz's Motion to Dismiss was due on May 2, 2014 as set by the Scheduling Order.

- **Moskowitz falsely states that "Audible Magic opposition does not even address this issue [of imposing individual liability on Moskowitz]."  Dkt. 1603, at 4.**

  o   Audible Magic stated in its Opposition that "all arguments and facts related to Blue Spike's Motion to Dismiss the unfair competition counterclaim should have already been presented in its previous Motion to Dismiss the Lanham Act counterclaim. (Dkt. 994). *Audible Magic, therefore, incorporates the entirety of its responses to Blue Spike's initial Motions to Dismiss, which can be found at Docket Entries 1020, 1021, 1022, 1069, 1070, and 1071*." Dkt. 1588, at 3 (emphasis added).

  o   In Opposition to Moskowitz's original Motion to Dismiss, Audible Magic argued that "The Blue Spike website specifically cited in Audible Magic's counterclaim uses Blue Spike, LLC and Moskowitz interchangeably, attributing the false statements to both Moskowitz and his one-man company. Indeed, just after the false statements regarding the "first to create" content "fingerprinting" technology, the website states that "Moskowitz claims this technology has powered his Blue Spike products since the turn of the century." Ex. C (emphasis added).  This statement by Moskowitz directly attributes the "first to create" statement to him and his products. Audible Magic need not plead more to

properly allege individual liability for Moskowitz." Dkt. 1022, at 9-10.

To the extent the Court does not find that Moskowitz's argument with respect to Audible Magic's common law unfair competition counterclaim based on misappropriation is waived, Moskowitz's argument still fails.  On pages 8 and 9 of Audible Magic's Opposition Brief, Audible Magic cited to the paragraphs of its Amended Answer and Counterclaims that specifically plead the facts that Moskowitz alleges are missing.  Dkt. 1588 at 8-9.  Audible Magic specifically plead that Blue Spike and Scott Moskowitz stole Audible Magic's technology, which Audible Magic expended extensive time and effort into creating and used that technology in its Giovanni Abstraction Machine to compete against Audible Magic.  *Id.*  Moskowitz simply ignores the facts plead in Audible Magic's counterclaim and ignores the extensive citations provided in Audible Magic's Opposition Brief.  Accordingly, even if the Court does not find that Moskowitz waived any argument with respect to Audible Magic's misappropriation unfair competition counterclaim by first raising it in his Reply Brief, Moskowitz's argument still fails as a matter of law.

For the foregoing reasons, Audible Magic respectfully requests that Moskowitz 's motion be denied in its entirety.


Dated:  June 3, 2014

By:                              */s/ Eric H. Findlay*                              

                              Eric H. Findlay (Texas Bar No. 00789886)
                              Walter W. Lackey, Jr. (Texas Bar No. 24050901)
                              FINDLAY CRAFT, P.C.
                              102 North College Ave., Suite 900
                              Tyler, TX 75702
                              Telephone:  (903) 534-1100
                              Facsimile:   (903) 534-1137
                              efindlay@findlaycraft.com

wlackey@findlaycraft.com

I. Neel Chatterjee – *LEAD ATTORNEY*
Gabriel M. Ramsey
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500
chiggins@orrick.com

Attorneys for Defendants Audible Magic, Corp.,
Facebook, Inc., Myspace LLC, Specific Media LLC,
Photobucket.com, Inc., DailyMotion, Inc.,
DailyMotion S.A., SoundCloud, Inc., SoundCloud
Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media
Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh,
Inc., Metacafe, Inc., Boodabee Technologies, Inc.,
Zedge Holdings, Inc., Brightcove Inc., Coincident.TV,
Inc., Accedo Broadband North America, Inc., Accedo
Broadband AB, MediaFire, LLC, WiOffer LLC, and
Harmonix Music Systems, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served electronically on

opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on June 3, 2014.

*/s/ Eric H. Findlay*
Eric H. Findlay
