UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 6:12-cv-499-MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| | § | |
| *Defendants*. | § | |

### SCOTT MOSKOWITZ'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS SHAZAM ENTERTAINMENT LIMITED'S COUNTERCLAIM [DKT. 1583]

Scott Moskowitz's motion to dismiss explained that Shazam wholly failed to plead two of the six required elements of its Lanham Act counterclaim (elements two and three). *See* Dkt. 1583 at 3. Moskowitz also explained that Shazam offered nothing but conclusory allegations for two other elements of its counterclaim (elements five and six). *Id*. Shazam's opposition (Dkt. 1607) does not remedy these deficiencies, confirming that dismissal is required.

**Element Two.** Moskowitz's motion noted that Shazam did not even plead the second element of its Lanham Act counterclaim, namely, that Moskowitz's statements "deceived or had the capacity to deceive a substantial segment of potential consumers." Dkt. 1583 at 3. In response, Shazam argues that it adequately pleaded this element through the combination of two statements: that (1) Moskowitz's allegedly false statements "constitute a . . . false description of and representation as to the nature, characteristics, and/or qualities of Shazam's and Counter-Defendant's goods or services" and (2) "Blue Spike's false statements are available on its website and via Twitter and are therefore accessible to a large segment of Shazam's customers." Dkt. 1607 at 4.

1

These passages do not add up to an allegation that Moskowitz's statements "deceived or had the capacity to deceive a substantial segment of potential consumers." The first passage merely alleges that Moskowitz's statement were false, but not every false statement actually deceives or has the capacity to deceive.[1] The second passage is a non sequitur—the question is whether Moskowitz's statements "deceived or had the capacity to deceive a substantial segment of potential consumers," not whether the statements were hypothetically widely accessible. Shazam does not (and could not honestly) allege that a "substantial segment of potential consumers" were or might have been deceived by the statements in question. Shazam fails in its after-the-fact effort to cobble together element two of its Lanham Act claim.

**Element Three.** Moskowitz's motion noted that Shazam did not even plead the third element of its Lanham Act counterclaim, namely, that the alleged deception caused by Moskowitz's statements "is material, in that it is likely to influence the purchasing decision." Dkt. 1583 at 3. In response, Shazam argues that "it is beyond reasonable dispute that consumers of mobile application products generally want to have the best products, and purchase products from innovators rather than copycats." Dkt. 1607 at 4. This conclusory statement does not make up for Shazam's failure to plead the materiality of Moskowitz's statements. Further, even if the Court overlooked this pleading deficiency, Shazam's explanation of materiality still falls flat. Even if Shazam is right that consumers "generally want to have the best products," none of Moskowitz's statements actually asserts that Blue Spike's products are "the best." And Shazam offers no support for its assumption that consumers are influenced in their decision-making process by whether a

---

[1] For example, a statement that Moskowitz was the king of France would obviously be false, but it would neither deceive nor have the capacity to deceive any rational person.

"mobile application product" was made by an innovator or a clever copycat. In the real world, consumers generally give no thought about who invented the technology when buying a product. Consumers buy MP3 players from Apple, Sony, and other multinational companies, not from Karlheinz Brandenburg and the Fraunhofer-Gesellshaft company where he developed MP3 technology. And consumers buy mobile phones from Samsung and Apple because they perform well or are trendy. While they may still buy mobile phones from Motorola, their purchases have little or nothing to do with the fact that Motorola was the first company to mass market a mobile phone back in 1984, the sleek and stylish DynaTAC:



Shazam is wrong simply to assume that Blue Spike's claim to be an innovator is actually material to consumers' decisions to buy a particular product or service; more important,

Shazam is wrong to argue that it can survive dismissal when it has made no effort to plead any allegations about why Blue Spike's statements were material.

Shazam also argues that Moskowitz's statements are presumed material because Shazam alleges that the statements are "literally false." *Id*. at 6. But Shazam does *not* actually allege that the statements are literally false, let alone that the statements' literal falsity makes them material. *See generally* Dkt. 1397 at 26-30. Indeed, as Moskowitz explained in his motion, the statements are not the sort capable of literal falsity. *See Pizza Hut, Inc. v. Papa John's Int'l, Inc*., 227 F.3d 489, 496 (5th Cir. 2000) ("Bald assertions of superiority or general statements of opinion cannot form the basis of Lanham Act liability. Rather the statements at issue must be a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.") (citations and internal punctuation omitted). Shazam fails to cite any allegation in its pleading that supports element three of its Lanham Act claim.

**Element Five.** Moskowitz's motion noted that Shazam offered nothing but bare legal conclusions to support the fifth element of its Lanham Act counterclaim, namely, that it "has been or is likely to be injured as a result of" Moskowitz's statements. Dkt. 1583 at 3. In response, Shazam merely points to the exact same conclusory statements and baldly asserts that they are enough to preclude dismissal. *See* Dkt. 1607 at 4, 8. Such statements are not enough to survive a motion to dismiss. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (to survive dismissal, legal conclusions must be supported by factual allegations).

**Element Six.** Moskowitz's motion noted that Shazam offered nothing but bare legal conclusions to support the sixth element of its Lanham Act counterclaim, namely,

that Moskowitz made the statements in question in "bad faith." Dkt. 1583 at 3. In response, Shazam argues that bad faith is not a required element for the statements that do not relate to patent infringement, and that "[a]s a result, there was no need for Shazam to allege bad faith with respect to Blue Spike's statements related to the quality of its products and any comparison to the quality of Shazam's products." Dkt. 1607 at 9. This argument is self-defeating, however, because by admitting that some of Moskowitz's statements relate to the quality of products, Shazam is necessarily conceding that those statements cannot be literally false. *See Pizza Hut, Inc.*, 227 F.3d at 496 (statements of opinion about quality cannot be literally false). As discussed above, literal falsity is Shazam's basis for arguing that it adequately pleaded materiality. *See* Dkt. 1607 at 6.

With regard to those Moskowitz statements that do concern patent infringement, Shazam attempts to show that it adequately pleaded bad faith by pointing to its allegations that Moskowitz engaged in inequitable conduct before the USPTO. *See* Dkt. 1607 at 10-11. But "[o]btaining a patent through inequitable conduct does not violate" the portion of the Lanham Act that "prohibits false designations of origin or false or misleading descriptions of goods or services"; rather, "the established remedy for inequitable conduct is unenforceability of the patent." *Pro-Mold & Tool Co., Inc. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1575 (Fed. Cir. 1996); *accord Advanced Magnetic Closure, Inc. v. Rome Fastener Corp.*, No. 98 CV 7766 (GBD), 2005 WL 1241896, at *11 (S.D.N.Y. May 24, 2005) ("[A]n assertion that a patent was procured through inequitable conduct does not state a cause of action for false advertising under the Lanham Act."). Apart from its irrelevant allegations of inequitable conduct before the USPTO, Shazam points to nothing that suggests Moskowitz made any of the contested statements in bad faith.

Finally, Shazam fails to offer any reason for holding Moskowitz personally liable for statements undisputedly made by Blue Spike. Shazam argues that Moskowitz is liable for the statements just because the statements happen to concern Moskowitz (Dkt. 1607 at 13-14), but that is not how corporate veil-piercing works. Instead, as Shazam's own authority demonstrates, Shazam must make a showing that Moskowitz "directed, controlled, ratified, participated in, or [was] the moving force behind" the statements. *Id*. at 14. Shazam fails to do so, providing further reason to dismiss the claim against Moskowitz.

Shazam's opposition (Dkt. 1607) fails to show that Shazam has adequately pleaded all elements of its Lanham Act counterclaim or that the Blue Spike statements in question are even actionable under the Lanham Act. For these reasons plus those contained in his motion to dismiss (Dkt. 1583), Moskowitz Blue Spike respectfully reiterates his request that the Court dismiss Shazam's Lanham Act counterclaim with prejudice.

Respectfully submitted,


  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

     The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on June 19, 2014.

                    /s/ Randall Garteiser