# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § | Civil Action No. 6:12-CV-499-MHS |
| v. | § § | |
| TEXAS INSTRUMENTS, INC. | § § | (LEAD CASE) |
| *Defendants*. | § § | JURY TRIAL DEMANDED |
| _____ | § § | |
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 6:12-CV-576-MHS |
| AUDIBLE MAGIC CORPORATION, ET AL. | § § § | (CONSOLIDATED WITH 6:12-CV-499) |
| *Defendants*. | § § § | JURY TRIAL DEMANDED |
| _____ | § | |

## AUDIBLE MAGIC, CORP.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF BLUE SPIKE, LLC

**PROPOUNDING PARTY:**   AUDIBLE MAGIC, INC.
**RESPONDING PARTY:**   BLUE SPIKE, LLC
**SET NUMBER:**   ONE

Defendant and Counterclaimant Audible Magic Corporation ("Audible Magic") hereby demands pursuant to Federal Rules of Civil Procedure 26 and 33 that plaintiff Blue Spike, LLC ("Blue Spike") answer separately and fully in writing under oath the following interrogatories within thirty (30) days. The following definitions and instructions apply:

## I.   DEFINITIONS AND INSTRUCTIONS

1. "Blue Spike, LLC," "Blue Spike," "Plaintiff," "You," or "Your" means Blue Spike, LLC and its employees, representatives, related entities, affiliates, successors, predecessors, subsidiaries, parents, and other entities acting on its behalf.

2. "Blue Spike Patents-in-Suit" means U.S. Patent No. 7,346,472, U.S. Patent No. 7,660,700, U.S. Patent No. 7,949,494, and U.S. Patent No. 8,214,175 as well as any other patents asserted in this lawsuit.

3. "Audible Magic" means Audible Magic Corporation.

4. "Accused Functionality" means the functionality that is accused in Blue Spike's Infringement Contentions to Audible Magic provided on February 26, 2014.

5. "Audible Magic Patent-in-Suit" means U.S. Patent No. 6,834,308.

6. "Accused Blue Spike Product" means the Giovanni Abstraction Machine.

7. "Any" shall be understood to include and encompass "all," and "each" shall be understood to include and encompass "every."

8. The singular shall always include the plural and the present tense shall also include the past tense.

9. "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

10. Each interrogatory is to be answered separately and in full in writing under oath, unless all portions of an interrogatory are in good faith objected to, in which event the reasons for all of your objections shall be stated in detail. If an objection pertains to only a portion of an interrogatory, or to a word, phrase or clause contained within such interrogatory, you shall state

your objection to that portion, and shall answer the interrogatory to the extent it is not objectionable.

11. In the event that you object to any portion or subpart of these interrogatories, you shall state the objection to such portion or subpart, and shall answer any unobjectionable portion(s) or subpart(s) and/or provide the unobjectionable information requested.

12. The interrogatories are to be considered as continuing and you must provide, by way of supplementary answers, such additional information as you or any other person(s) acting on your behalf may hereafter obtain, which will supplement or otherwise modify any answers to the interrogatories.

13. Please take notice that these instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these interrogatories or as an admission at the trial of the relevance or materiality of any of the matters covered by these interrogatories.

## II. INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the circumstances surrounding the conception and reduction to practice of the alleged invention(s) for each asserted claim of the Blue Spike Patents-in-Suit on a claim-by-claim basis, including the precise dates of conception and of actual or constructive reduction to practice, the date and circumstances of first experimental or test use, the steps constituting diligence from conception to actual or constructive reduction to practice, and identify the evidence that supports your contentions. Such description should include the priority date that you assert corresponds to each asserted claim. Such description should also include an identification of each person, including third parties, who worked on the development of the alleged invention described and claimed in each asserted claim, including each person's role.

3

**INTERROGATORY NO. 2:**

Describe in detail the first public use, public disclosure, offer for sale, sale, and importation of each product or service developed, offered for sale, or sold by Blue Spike that embodies any of the alleged invention(s) claimed in the Blue Spike Patents-in-Suit. Such description should identify each practicing or embodying product or service by name and version number and provide a chart explaining with particularity where each claim element is found within each such product or service.

**INTERROGATORY NO. 3:**

For all products or services identified in response to Interrogatory No. 2, describe in detail the sales, revenues, profits/losses, and customers of such products or services during the periods of time when they practiced or embodied the claimed inventions of the Blue Spike Patents-in-Suit.

**INTERROGATORY NO. 4:**

Describe in detail each offer for sale, actual sale, or negotiation involving rights in any patent assigned to Blue Spike or in any patent in which Blue Spike has any right, interest, or title. Such offers for sale, actual sales, or negotiations of rights include, but are not limited to, any form of license, assignment, or covenant not to sue.

**INTERROGATORY NO. 5:**

Describe in detail the ownership history of the Blue Spike Patents-in-Suit, including without limitation: describe the terms and conditions of, and circumstances surrounding, Blue Spike's acquisition of any of the Blue Spike Patents-in-Suit; describe any interests, legal or beneficial, owned by any third party with respect to any of the Blue Spike Patents-in-Suit or any recovery in this litigation; identify all persons involved in the transfer of ownership of any of the Blue Spike Patents-in-Suit; and identify all documents reflecting or relating to the ownership and assignment history of the Blue Spike Patents-in-Suit.

**INTERROGATORY NO. 6:**

Identify the date on which Blue Spike contends that it gave actual or constructive notice of the Blue Spike Patents-in-Suit to Audible Magic and describe in detail such actual or constructive notice.

**INTERROGATORY NO. 7:**

Separately for each Accused Functionality, describe the circumstances surrounding Blue Spike's knowledge or understanding of each such Accused Functionality, including at least: how Blue Spike first learned of each such Accused Functionality, the date(s) Blue Spike acquired such knowledge, and the identity of each person likely to possess knowledge or documents that relate to Blue Spike's response this interrogatory.

**INTERROGATORY NO. 8:**

For each asserted claim of the Blue Spike Patents-in-Suit, identify the features and advantages over the prior art of each embodiment of the alleged invention on an element-by-element basis, including whether the alleged invention claimed is a combination of elements in the prior art, and, if so, what if anything you contend is novel about the combination.

**INTERROGATORY NO. 9:**

For the Audible Magic Patent-in-Suit, state the date when you first became aware of such patent and describe the circumstances, including the person(s) who gained such knowledge and all documents that refer or relate to those circumstances.

**INTERROGATORY NO. 10:**

Identify all offers for sale, sales, leases, and licenses to the Accused Blue Spike Product including, for each such transaction, the model and number of units offered for sale, sold, leased, or licensed, the date of the transaction, the name of the customer, the amount paid by the customer, and all other terms of the transaction.

5

**INTERROGATORY NO. 11:**

Describe, in detail, all communications and interactions between Scott Moskowitz (CEO of Blue Spike and named inventor on the Blue Spike Patents-in-Suit) and Muscle Fish LLC (including its principals Erling Wold, Doug Keislar, Thom Blum and Jim Wheaton or any other employee or representative), Wired Air LLC or Audible Magic Corp. (including their principals Vance Ikezoye and Jim Schrempp or any other employee or representative).

**INTERROGATORY NO. 12:**

Describe, in detail, all facts, information and beliefs within the knowledge or possession of Scott Moskowitz (CEO of Blue Spike and named inventor on the Blue Spike Patents-in-Suit) regarding the products, services or activities of Muscle Fish LLC, Wired Air LLC and Audible Magic Corp. prior to September 7, 2000.

Dated: April 2, 2014

By:

          */s/ Eric H. Findlay*
          Eric H. Findlay (Texas Bar No. 00789886)
          Walter W. Lackey, Jr. (Texas Bar No. 24050901)
          FINDLAY CRAFT, P.C.
          102 North College Ave., Suite 900
          Tyler, TX 75702
          Telephone: (903) 534-1100
          Facsimile: (903) 534-1137
          efindlay@findlaycraft.com
          wlackey@findlaycraft.com

          I. Neel Chatterjee
          Gabriel M. Ramsey
          ORRICK, HERRINGTON & SUTCLIFFE, LLP
          1000 Marsh Road
          Menlo Park, CA 94025
          Telephone: (650) 614-7400
          Facsimile: (650) 614-7401
          gramsey@orrick.com
          nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th St, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
chiggins@orrick.com

*Attorneys For Defendant and Counterclaimant
Audible Magic Corp.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on April 2, 2014.

*/s/ Eric H. Findlay*
Eric H. Findlay
