# Exhibit 11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,** § | |
| § | |
| *Plaintiff*, § | Consolidated Civil Action No. 6:12-CV-499-LED |
| § | |
| v. § | |
| § | |
| **TEXAS INSTRUMENTS, INC.,** § | JURY TRIAL DEMANDED |
| § | |
| *Defendant.* § | |

**PLAINTIFF BLUE SPIKE LLC'S RESPONSES TO
DEFENDANT AUDIBLE MAGIC'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the rules and orders of this Court, Plaintiff Blue Spike, LLC hereby objects and responds to Defendant Audible Magic Corporation's ("Audible Magic's") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Blue Spike, LLC makes the following General Objections to Audible Magic's First Set of Interrogatories, which apply to each Interrogatory therein regardless of whether a General Objection is specifically incorporated into a response to a particular Interrogatory.

1. Blue Spike, LLC objects to Defendant's definition of "Blue Spike, LLC" to the extent it includes anyone other than Blue Spike, LLC. Like Audible Magic's definition of itself in paragraph 3 of "Definitions and Instructions," Blue Spike, LLC hereby responds on behalf of Blue Spike, LLC only.

2. To the extent the Interrogatories, or any Interrogatory or Instruction therein, may be construed as calling for the disclosure of information subject to the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable protection from

1

discovery, Blue Spike, LLC hereby claims such privileges and immunities and objects to any Interrogatories on such grounds. Blue Spike, LLC does not waive, intentionally or otherwise, any privilege, immunity, or other protection that may be asserted to protect any information from disclosure.

   3. Nothing in these responses is an admission by Blue Spike, LLC of the existence, relevance, or admissibility of any information or document. Blue Spike, LLC reserves all objections and other questions as to competency, relevance, materiality, privilege, or admissibility related to the use of its response and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

   4. Blue Spike, LLC objects to each Interrogatory, Definition, or Instruction to the extent it purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties to this action.

   5. Blue Spike, LLC objects to each Interrogatory to the extent it seeks information that is publicly available, cumulative or duplicative of information already produced, or more efficiently and appropriately obtained through other forms of discovery that are more convenient, less expensive, or less burdensome.

   6. Blue Spike, LLC objects to each Interrogatory to the extent it seeks information of a third party that is in Blue Spike, LLC's possession, custody or control but subject to an obligation of confidentiality to a third party. Blue Spike, LLC will provide such information only to the extent it can do so consistent with its obligations to any such third parties.

7.      Blue Spike, LLC objects to each Interrogatory and to the definitions of "You" and "Your" to the extent they seek information not within Blue Spike, LLC's possession, custody, or control and not kept by Blue Spike, LLC in its ordinary course of business.  Blue Spike, LLC will only provide relevant, non-privileged information that is within Blue Spike, LLC's present possession, custody, or control and available after a reasonable investigation.

8.      Blue Spike, LLC's discovery and investigation in connection with this litigation are continuing.  As a result, Blue Spike, LLC's responses are limited to information obtained to date, and are given without prejudice to Blue Spike, LLC's right to amend or supplement its responses after considering information obtained through further discovery or investigation.  Blue Spike, LLC expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

9.      Blue Spike, LLC objects to each Interrogatory as premature and unduly burdensome to the extent that it seeks information likely to depend on construction of claim terms and/or expert analysis of the Patents-in-Suit, the deadlines for which have not yet been set.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail the circumstances surrounding the conception and reduction to practice of the alleged invention(s) for each asserted claim of the Blue Spike Patents-in-Suit on a claim-by-claim basis, including the precise dates of conception and of actual or constructive reduction to practice, the date and circumstances of first experimental or test use, the steps constituting diligence from conception to actual or constructive reduction to practice, and identify the evidence that supports your contentions.  Such description should include the priority date that you assert corresponds to each asserted claim.  Such description should also include an identification of each person, including third parties, who worked on the development of the alleged invention described and claimed in each asserted claim, including each person's role.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Blue Spike, LLC also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable protection from discovery. Blue Spike, LLC objects to this Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1). Blue Spike, LLC further objects to this Interrogatory on the grounds that the phrase "first experimental or test use" and the term "development" are vague and ambiguous.

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that Mr. Scott Moskowitz founded Blue Spike, Inc. in November 1997. Just over two years later, he, along with Mr. Michael Berry, filed the first patent application related to signal recognition technology, which issued as the '472 Patent. In describing this pioneering technology, Moskowitz coined the term "signal abstracting," which enhanced the ability to catalogue, archive, identify, authorize, transact, and monitor the use and/or application of signals such as images (for example, photographs, paintings, and scanned fingerprints), audio (for example, songs, jingles, commercials, movies soundtracks, and their versions), video (for example, videos, television shows, commercials, and movies), and multimedia works. Pursuant to Federal Rule of Civil Procedure 33(d), Blue Spike, LLC refers Defendant to Plaintiff's Initial Disclosures and initial document production bates labeled BLU000001 – BLU002261.

**INTERROGATORY NO. 2:**

Describe in detail the first public use, public disclosure, offer for sale, sale, and importation of each product or service developed, offered for sale, or sold by Blue Spike that embodies any of the alleged invention(s) claimed in the Blue Spike Patents-in-Suit. Such description should identify each practicing or embodying product or service by name and version number and provide a chart explaining with particularity where each claim element is found within each such product or service.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad. Blue Spike, LLC also objects to this Interrogatory as compound and/or is comprised of subparts constituting more than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1). Blue Spike, LLC further objects to this Interrogatory as premature and unduly burdensome to the extent that it seeks information likely to depend on construction of claim terms and/or expert analysis of the Blue Spike Patents-in-Suit, the deadlines for which have not yet been set.

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that it has never sold any product or service embodying the inventions claimed in the Blue Spike Patents-in-Suit.

**INTERROGATORY NO. 3:**

For all products or services identified in response to Interrogatory No. 2, describe in detail the sales, revenues, profits/losses, and customers of such products or services during the periods of time when they practiced or embodied the claimed inventions of the Blue Spike Patents-in-Suit.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that no products or services were identified in response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Describe in detail each offer for sale, actual sale, or negotiation involving rights in any patent assigned to Blue Spike or in any patent in which Blue Spike has any right, interest, or title. Such offers for sale, actual sales, or negotiations of rights include, but are not limited to, any form of license, assignment, or covenant not to sue.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Blue Spike, LLC also objects to this Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1).. Blue Spike, LLC further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, third-party confidentiality, or any other applicable protection from discovery.

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that it acquired complete interest in the Blue Spike Patents-in-Suit on May 15, 2012. All sales, actual sales, and negotiations of rights relating to the Blue Spike Patents-in-Suit have previously been disclosed. Pursuant to Federal Rule of Civil Procedure 33(d), Blue Spike, LLC

6

refers Defendant to the documents bates labeled BLU002261 – BLU002723 and BLU013210 – BLU013251.

**INTERROGATORY NO. 5:**

Describe in detail the ownership history of the Blue Spike Patents-in-Suit, including without limitation: describe the terms and conditions of, and circumstances surrounding, Blue Spike's acquisition of any of the Blue Spike Patents-in-Suit; describe any interests, legal or beneficial, owned by any third party with respect to any of the Blue Spike Patents-in-Suit or any recovery in this litigation; identify all persons involved in the transfer of ownership of any of the Blue Spike Patents-in-Suit; and identify all documents reflecting or relating to the ownership and assignment history of the Blue Spike Patents-in-Suit.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Blue Spike, LLC also objects to this Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1). Blue Spike, LLC further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, third-party confidentiality, or any other applicable protection from discovery.

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that Blue Spike, Inc. assigned the Blue Spike Patents-in-Suit to Blue Spike, LLC on May 15, 2012. Inter alia, the assignment includes all rights to collect for money for and obtain injunctions based upon, past infringement. Blue Spike, Inc. was assigned the patent rights during patent prosecution and was the original assignee of the Blue Spike Patents-in-Suit. Blue Spike,

7

LLC is the only entity that has an ownership interest in the Blue Spike Patents-in-Suit. No individual has an ownership interest in the Blue Spike Patents-in-Suit.

**INTERROGATORY NO. 6:**

Identify the date on which Blue Spike contends that it gave actual or constructive notice of the Blue Spike Patents-in-Suit to Audible Magic and describe in detail such actual or constructive notice.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable protection from discovery. Blue Spike, LLC further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Blue Spike, LLC also objects to this Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that it put Defendant Audible Magic on actual or constructive notice of the patents-in-suit in 2006. As discovery has only recently commenced, Blue Spike, LLC will supplement its response after further discovery has been conducted.

**INTERROGATORY NO. 7:**

Separately for each Accused Functionality, describe the circumstances surrounding Blue Spike's knowledge or understanding of each such Accused Functionality, including at least: how Blue Spike first learned of each such Accused Functionality, the date(s) Blue Spike acquired such knowledge, and the identity of each person likely to possess knowledge or documents that relate to Blue Spike's response [*sic*; to] this interrogatory.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Blue Spike, LLC also objects to this Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1). Blue Spike, LLC objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable protection from discovery. Blue Spike, LLC further objects to this Interrogatory as premature and unduly burdensome to the extent that it seeks information likely to depend on construction of claim terms and/or expert analysis of the Blue Spike Patents-in-Suit, the deadlines for which have not yet been set.

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that all pre-suit investigations are covered by the attorney client privilege and the work product immunity doctrine.

**INTERROGATORY NO. 8:**

For each asserted claim of the Blue Spike Patents-in-Suit, identify the features and advantages over the prior art of each embodiment of the alleged invention on an element-by-element basis, including whether the alleged invention claimed is a combination of elements in the prior art, and, if so, what if anything you contend is novel about the combination.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Blue Spike, LLC also objects to this Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more

9

than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1). Blue Spike, LLC objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable protection from discovery. Blue Spike, LLC further objects to this Interrogatory as premature and unduly burdensome to the extent that it seeks information likely to depend on construction of claim terms and/or expert analysis of the Blue Spike Patents-in-Suit, the deadlines for which have not yet been set. Blue Spike, LLC also objects to this Interrogatory on the grounds that the phrase "prior art of each embodiment of the alleged invention" is vague and ambiguous.

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that it will supplement its response to this Interrogatory once an agreement is reached with the serving party of this interrogatory as to what item it would like Blue Spike, LLC to differentiate and that each item to be distinguished be treated as a separate interrogatory. Blue Spike, LLC received Defendants' invalidity contentions and disclosures on the Court's deadline (May 15) and will supplement accordingly.

**INTERROGATORY NO. 9:**

For the Audible Magic Patent-in-Suit, state the date when you first became aware of such patent and describe the circumstances, including the person(s) who gained such knowledge and all documents that refer or relate to those circumstances.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Blue Spike, LLC also objects to this Interrogatory to the

extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable protection from discovery.

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that it became aware of the Audible Magic patent-in-suit when Audible Magic filed its counterclaim in July 2013. Blue Spike, LLC is diligently searching through records and will supplement if new information is discovered.

**INTERROGATORY NO. 10:**

Identify all offers for sale, sales, leases, and licenses to the Accused Blue Spike Product including, for each such transaction, the model and number of units offered for sale, sold, leased, or licensed, the date of the transaction, the name of the customer, the amount paid by the customer, and all other terms of the transaction.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Blue Spike, LLC also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable protection from discovery.  Blue Spike, LLC further objects to this Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that for a short period from early 2012 until August 2012, Blue Spike, LLC offered to create the Giovani Abstraction Machine on myshopify.com, but no product or service was ever sold.

**INTERROGATORY NO. 11:**

Describe, in detail, all communications and interactions between Scott Moskowitz (CEO of Blue Spike and named inventor on the Blue Spike Patents-in-Suit) and Muscle Fish LLC (including its principals Erling Wold, Doug Keislar, Thom Blum and Jim Wheaton or any other employee or representative), Wired Air LLC or Audible Magic Corp. (including their principals Vance Ikezoye and Jim Schrempp or any other employee or representative).

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Blue Spike, LLC also objects to this Interrogatory as oppressive and meant to harass. Blue Spike, LLC objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable protection from discovery. Blue Spike, LLC further objects to this Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds pursuant to Federal Rule of Civil Procedure 33(d) by directing Defendant to the documents Blue Spike, LLC previously produced with bates labels BLU013183-BLU013192, BLU013194, and BLU13196-BLU013201.

**INTERROGATORY NO. 12:**

Describe, in detail, all facts, information and beliefs within the knowledge or possession of Scott Moskowitz (CEO of Blue Spike and named inventor on the Blue Spike Patents-in-Suit) regarding the products, services or activities of Muscle Fish LLC, Wired Air LLC and Audible Magic Corp. prior to September 7, 2000.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections, Blue Spike, LLC objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Blue Spike, LLC also objects to this Interrogatory as oppressive and meant to harass.  Blue Spike, LLC objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable protection from discovery.  Blue Spike, LLC further objects to this Interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory; Blue Spike, LLC reserves the right to object to the number of interrogatories based on Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving its General and Specific Objections, Blue Spike, LLC responds that, pursuant to Federal Rule of Civil Procedure 33(d), Blue Spike, LLC refers Defendant to the documents bates labeled BLU013183-BLU013192, BLU013194, and BLU13196-BLU013201.

Respectfully Submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**

        218 N. College Ave.
        Tyler, Texas 75702
        Telephone: (903) 705-7420
        Facsimile: (888) 908-4400

        ***Counsel for Blue Spike LLC***

## CERTIFICATE OF SERVICE

       I, Peter S. Brasher, certify that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(c) on May 16 to the following email addresses:

| | |
|---|---|
| Alyssa Margaret Caridis | acaridis@orrick.com |
| Christopher J. Higgins | chiggins@orrick.com |
| Gabriel M. Ramsey | gramsey@orrick.com |
| Indra N. Chatterjee | nchatterjee@orrick.com |
| Eric Hugh Findlay | efindlay@findlaycraft.com |
| Walter Wayne Lackey, Jr. | wlackey@findlaycraft.com |
| | audibleMagic-bluespike@orrick.com |

                                                  /s/ Peter S. Brasher
                                                  Peter S. Brasher