# Exhibit 14

# GARTEISER HONEA

E-mail Address of Sender: randall.garteiser@sftrialattorneys.com

*Via Certified U.S. Mail*

Randall Garteiser
Christopher A. Honea
Christopher S. Johns
Michael Burton
GARTEISER HONEA, PC
44 N. San Pedro Road
San Rafael, CA 94903
(415) 785-3762

CAL Title-Search, Inc.
Registered Agent
AUDIBLE MAGIC CORPORATION
1005 12th Avenue, Suite E
Sacramento, California 95814

Date: August 28, 2012

*Re: Blue Spike, LLC v. Audible Magic Corporation, et al.*
*Case No: 6:12-CV-576 (E.D. Tex. August 27, 2012)*

Dear Registered Agent for Audible Magic Corporation,

We represent Blue Spike, LLC for the above case. This letter serves as notice that Audible Magic Corporation ("Defendant") is required to place all documents, data, material and metadata related to the above matter on a litigation hold for the duration of this lawsuit.

## LITIGATION HOLD

Defendant has a duty to preserve evidence relevant to this action, even without a court order. Because electronic data may be an irreplaceable source of discovery in this matter, Defendant has the duty to preserve all potentially relevant electronic data. Furthermore, Defendant has the duty to insure that a proper litigation notification is issued and a litigation hold implemented. Consistent with that duty, we request that Defendant's data be preserved and maintained – in native format, and in accordance with the following safeguards:



## GARTEISER HONEA

### 1. ELECTRONIC DATA TO BE PRESERVED:

The following types of electronic data and/or the electronic data of Defendant's subsidiaries, divisions, agents, employees and relevant third-parties or vendors should be preserved in native format, in accordance with the steps set forth below:

- All electronic mail and information about electronic mail (including message contents, header and logs of e-mail system usage) sent or received by any person relating to the subject matter of the litigation;
- All databases, including field and structural information as well as records, containing any information relating to the subject matter of the litigation;
- All logs of activity on any computer systems that have been used to process or store data containing information relating to the subject matter of the litigation;
- All other electronic data containing information about, or relating to, the subject matter of the litigation, including but not limited to:

  » All word processing files and file fragments;

  » Electronic data created by applications which process financial, accounting and billing information;

  » All electronic calendar and scheduling program files and file fragments;

  » All electronic spreadsheet files and file fragments.

### 2. ON-LINE DATA STORAGE

With regard to online storage and/or direct access storage devices including, but not limited to, any file server or data array (e.g. RAID) physically or remotely attached to Defendant's computers through wired or wireless networking, we request that Defendant do not modify or delete any existing electronic data files that meet the criteria set forth above, unless an exact mirror image has been made and will be preserved and kept accessible for purposes of this litigation.

### 3. OFF-LINE DATA STORAGE, BACKUPS AND ARCHIVES

With regard to all electronic media used for offline storage, such as magnetic tapes and cartridges, CDs, DVDs, USB devices (e.g. 'thumb drives') and the like, used with any computer, file server or data array (e.g. RAID), whether physically or remotely attached to Defendant's computers through wired or wireless access that contain any electronic information relating to the subject matter of this litigation, we request that Defendant stop any activity that may result in the loss of such data. This request is intended to cover all removable electronic media used for data storage in any device, including those containing backup and/or archive data sets.



## 4. PRESERVATION OF REPLACED DATA STORAGE DEVICES

We request that Defendant preserve any electronic data storage devices and/or media that may contain data relating to the subject matter of the litigation and that it replaces for any reason.

## 5. FIXED DRIVES ON STAND-ALONE PERSONAL COMPUTERS AND NETWORK WORKSTATIONS

We request that Defendant do not alter, delete or over-write relevant electronic data that existed on fixed drives attached to stand-alone microcomputers, network workstations and/or data arrays (e.g. RAID) at the time of filing of this action, or perform other procedures such as data compression and disk defragmentation or optimization routines that may impact such data, unless an exact mirror image has been made of such active files and directory listings (including hidden and/or deleted files) for all directories containing such files and that it completely restore any altered, deleted or over-written electronic files and file fragments and arrange to preserve all such data during the pendency of this litigation.

## 6. APPLICATIONS AND UTILITIES

We request that Defendant preserve copies of all applications and utilities that may be used to process electronic data discussed in this letter.

## 7. LOG OF SYSTEM MODIFICATIONS

We request that Defendant maintain an activity log of document modifications made to any electronic data processing system that may affect any system's capability to process any electronic data relating to the subject matter of the litigation.

## 8. PERSONAL COMPUTERS AND ALL OTHER DEVICES USED BY EMPLOYEES, INDEPENDENT CONTRACTORS AND OTHERS UNDER DEFENDANT'S CONTROL

Please immediately take the following steps with regard to all fixed drives attached internally, externally, physically and/or remotely by wired or wireless access to any personal computers used by anyone under Defendant's control:

- An exact mirror image must be made of all electronic data relating to the subject matter of the litigation;
- Full directory listings (including hidden and deleted files) for all directories and subdirectories must be written;



## GARTEISER HONEA

Please immediately take the following steps with regard to all removable drives attached internally, externally, physically and/or remotely by wired or wireless access to any personal computers used by anyone under Defendant's control:

- All removable electronic media, such as floppy diskettes, magnetic tapes and cartridges, CDs, DVDs, USB devices (e.g. 'thumb drives') and the like that existed before the delivery of this letter and that contain relevant data should collected, maintained intact and kept available during the pendency of this litigation.

Please immediately take the following steps with regard to all other relevant devices used by anyone under Defendant's control, whether it is internally, externally, physically and/or remotely attached by wired or wireless access to any system that Defendant uses:

- All cellular phones, personal data assistants (e.g. Blackberry, iPhone), voicemail messages, text messages (SMS or otherwise), instant messages and/or any other device that stores electronic information (e.g. RAM on printing devices or FAX machines) and the like that existed before the delivery of this letter and that contain relevant data should collected, maintained intact and kept available during the pendency of this litigation.

### 9. EVIDENCE CREATED AFTER RECEIPT OF THIS LETTER

Any relevant electronic data created after receipt of this letter should be preserved in a manner consistent with the directions in this letter.

### 10. METADATA

As it is relevant to all items cited hereinabove, Defendant is instructed to preserve **all metadata** and not to **alter, delete and/or over-write any metadata**. Please feel free to contact us to discuss any aspect of this letter.

*R. Garteiser*
Randall Garteiser
Christopher A. Honea
Christopher S. Johns
Michael Burton



# GARTEISER HONEA

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF MARIN

*Re: Blue Spike, LLC v. Audible Magic Corporation, et al.*
*Case No: 6:12-CV-576 (E.D. Tex. August 27, 2012)*

I am a resident of the United States and employed in the County of Marin, over the age of 18 and not a party to the within action or proceedings; my business address is 44 North San Pedro Road, San Rafael, California.

- Litigation Hold Letter dated August 28, 2012.

On **August 28, 2012**, I served the above document on the interested parties and/or through their attorneys of record by depositing the original or true copy thereof as designated below, at San Rafael, California, addressed to the following as follows:

| | |
|---|---|
| CAL Title-Search, Inc.<br>Registered Agent<br>AUDIBLE MAGIC CORPORATION<br>1005 12th Avenue, Suite E<br>Sacramento, California 95814 | |

( X ) **BY Certified U.S. MAIL:** I caused said document(s) to be mailed via certified United States Mail in a sealed envelope addressed to the persons at the addresses listed above with postage fully prepaid at San Rafael, California, following the ordinary practice at a place of business and processing of mail.

( ) **BY ELECTRONIC MAIL:** I caused said document(s) to be mailed electronically to:

( ) **BY FACSIMILE:** I caused said document(s) to be faxed to the above address.

Executed on **August 28, 2012,** at San Rafael, California.

Maureen Muldavin