# EXHIBIT B



*Via Electronic Mail*

Kirk Anderson
GARTEISER HONEA, PC
218 N College
Tyler, TX 75702
(903) 705-7420

Sara J. Radke
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO
(650) 614-7400

Date: April 25, 2014

**RE: Blue Spike, LLC's PR 3-1 Production**
**Blue Spike, LLC v. Texas Instruments, Inc., et al., 12-cv-499**

Dear Ms. Radke:

Thank you for sending a summary of the discussion topics of our last meet and confer on Wednesday, April 23. Blue Spike responds as follows:

1. **Multiple complaints.** You requested case law supporting a theory that a plaintiff can maintain multiple simultaneous complaints in a *single action*. However, this is not our theory. Blue Spike, LLC v. Texas Instruments, Inc., et al., is not a single action, but rather a consolidated action. By definition, the consolidated action encompasses multiple actions. Blue Spike's two complaints against Facebook coexist in this consolidated action because they are distinct claims against entirely separate products.

Does Facebook contend that the court's decision to consolidate somehow obligated Blue Spike to combine its Facebook actions into a single complaint? If so, Facebook should not have filed its customer answer which now prevents Blue Spike from serving a single complaint.

Additionally, Facebook's supplier answer for facial recognition technology is overdue. As a professional courtesy, counsel for Blue Spike has refrained from filing an application for entry of default with the clerk. We will continue to wait until Tuesday, April, 29th before applying for default.



2. **DOE.** Blue Spike intends to supplement its infringement theories with discovery. However, given the early stage of this consolidated action (pre-discovery), Blue Spike believes its current infringement contentions are sufficient. All of the cases provided by Facebook and other defendants to prove the contrary involve 11th-hour amendments, not pre-discovery contentions.

The case you forwarded is no exception. The court in *Nike v. Adidas* took issue with Nike's *additional* amended contentions served *after claim construction*. Moreover, Nike had previously filed amended contentions that made "not even a passing reference to infringement by the doctrine of equivalents" (at 3). As we discussed in the last meet and confer, defendants have failed to provide case law showing that exhaustive DOE analysis is required pre-discovery.

On the contrary, plaintiff is only required to provide notice, not prima facie proof, in its infringement contentions. And Blue Spike reserves the right to supplement its notice with evidence obtained during discovery. See attached *Whipstock v. Schlumberger*. Moreover, the cases you have supplied are notably not software cases. Discovery is significantly more critical when inspecting source code as opposed to a publically accessible Nike shoe.

3. **Inducement and Contributory Infringement.** Blue Spike believes it has provided Facebook with sufficient notice of inducement and contributory infringement. Providing more at this early phase is premature. Indirect infringement theories require access to marketing materials, customer agreements, etc.— documents exclusively in Facebook's control.

It is significant that there is no mention of indirect infringement in section 3-1 of the E.D. Texas local rules, unlike N.D. California's 3-1 (d). To the extent Texas modeled its rules after California's PR 3-1, as you suggest, this omission strongly indicates E.D. Texas's intention to relieve plaintiffs of such a burden.

4. **Conception and Reduction to Practice Documents.** Blue Spike intends to produce its privilege log on the date required by the Court's Scheduling Order.

5. **Alleged Deficiencies with Blue Spike's Infringement Contentions.** Blue Spike continues to maintain that its Infringement Contentions are sufficient. Your email cited 10 claims as having "no basis" or providing "no evidence." As noted above, Blue Spike believes it is required to provide notice of infringement, not prima facie proof. *Whipstock* notes that "P.R. 3-1 does not require the disclosure of evidence and documents supporting infringement contentions" and "the plaintiff is not required to produce evidence of infringement" (at *4). Facebook may disagree with Blue Spike's contentions, but "infringement contentions are not meant to provide a forum for litigation of the substantive issues" (at *5).

Blue Spike has made a good faith effort to provide Facebook with notice of infringement and disagrees with Facebook's position that more specificity is required at this juncture in a software case. Facebook has failed to provide case law that specifically addresses plaintiff's



burden at this early stage of litigation in a dispute involving software rather than physical products.

Blue Spike remains open to meet and confer on these and other issues and will be available generally on Wednesday, April 30 through Friday, May 2 of next week.

Regards,

Kirk J. Anderson