# EXHIBIT C

| | |
|---|---|
| **From:** | Randall Garteiser |
| **To:** | Fischer, Janna |
| **Cc:** | Peter Brasher; bluespike@ghiplaw.com; Armon, Orion; Bradford, Sara; z/FB-Blue Spike; ddacus@dacusfirm.com; Christopher Honea |
| **Subject:** | Re: Blue Spike v. Facebook -- follow up from today"s call |
| **Date:** | Friday, May 23, 2014 4:15:32 PM |

Sorry for the delay, Blue Spike agrees to not oppose any motion by Facebook to have separate trials as you have outlined.

Blue Spike does oppose Facebook's motion to sever.  We don't understand the purpose of proceeding in the manner Facebook is suggesting, given Facebook has already filed two (2) amended answers (A) an answer to Blue Spike's Amended Complaint directed specifically at Facebook's accused technology (as a supplier) and (B) separately Facebook filed a separate Amended Answer to Blue Spike's Amended Complaint against Audible Magic, which includes Facebook as a customer of Audible Magic.

Facebook has the funds to file motions but should do so under teachings of Rule 1 of the Federal Rules of Civil Procedure.  In our compromise above, Facebook gets the relief it wants - separate trials.

Be well,



**Randall Garteiser** / Partner

888.908.4400 x104 / rgarteiser@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.

  

On May 23, 2014, at 4:52 PM, Fischer, Janna <jfischer@cooley.com> wrote:

> Dear Randall,
> We're about to head out here for the long weekend, but we want to close this issue out on Tuesday via a short telephone meet and confer.
> If Blue Spike does not agree to filing a new complaint and having separate trials for the Facebook and Audible Magic, we would like to hear Blue Spike's position so we have a clear understanding of what issues are in dispute for our motion.
>
> Please provide some times for counsel's availability on Tuesday.
> Best,
> **Janna K. Fischer**

Cooley LLP
380 Interlocken Crescent • Suite 900
Broomfield, CO  80021-8023
Direct: +1 720 566 4227 • Fax: +1 720 566 4099
Bio: www.cooley.com/jfischer • Practice: www.cooley.com/iplitigation

---

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Friday, May 23, 2014 3:03 PM
**To:** Fischer, Janna
**Cc:** Fischer, Janna; Peter Brasher; bluespike@ghiplaw.com; Armon, Orion; Bradford, Sara; z/FB-Blue Spike; ddacus@dacusfirm.com
**Subject:** Re: Blue Spike v. Facebook -- follow up from today's call

Need a little more time, thanks.


On May 23, 2014, at 8:46 AM, "Fischer, Janna" <jfischer@cooley.com> wrote:

> Dear Counsel,
>
> We have not received Blue Spike's response on whether Blue Spike agrees to Facebook's proposal, discussed during Wednesday's meet and confer, that Blue Spike file a new complaint accusing Facebook's tag suggestion technology.  Facebook's proposal is detailed below.  Please advise by 5 p.m. Mountain time today whether Blue Spike agrees to this proposal.  If Blue Spike does not agree, Facebook will move ahead with filing its motion to sever.
>
> We look forward to your response.
>
> Best,
> **Janna K. Fischer**
> Cooley LLP
> 380 Interlocken Crescent • Suite 900
> Broomfield, CO  80021-8023
> Direct: +1 720 566 4227 • Fax: +1 720 566 4099
> Bio: www.cooley.com/jfischer • Practice: www.cooley.com/iplitigation
>
> ---
>
> **From:** Fischer, Janna [mailto:jfischer@cooley.com]
> **Sent:** Wednesday, May 21, 2014 3:56 PM
> **To:** Randall Garteiser; Peter Brasher; bluespike@ghiplaw.com
> **Cc:** Armon, Orion; Bradford, Sara; z/FB-Blue Spike
> **Subject:** Blue Spike v. Facebook -- follow up from today's call
>
> Dear Counsel,
> I'm writing to follow up on today's call.  As we discussed, Facebook proposes:
> 
>   (1) Blue Spike files a new complaint against Facebook, accusing Facebook's own technology (i.e., facial recognition / tag suggestions)
>   (2) Facebook will agree not to oppose the new lawsuit being placed on the same "supplier" schedule it is presently on

(3) The parties agree that the new case may be administratively consolidated with the other cases but that the Audible Magic / Facebook infringement case will be tried separately from the infringement case on Facebook's own technology

Please provide Blue Spike's response by the end of the day on Thursday, May 22.

Best,
**Janna K. Fischer**
Cooley LLP
380 Interlocken Crescent • Suite 900
Broomfield, CO  80021-8023
Direct: +1 720 566 4227 • Fax: +1 720 566 4099
Bio: www.cooley.com/jfischer • Practice: www.cooley.com/iplitigation

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.