# EXHIBIT H

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff*, | § | Civil Action No. 6:12-CV-499-LED |
| v. | § § | |
| TEXAS INSTRUMENTS, INC. | § § | (LEAD CASE) |
| *Defendants*. | § § | JURY TRIAL DEMANDED |
| _____ | § § | |
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff*, | § § | |
| v. | § | Civil Action No. 6:12-CV-576-LED |
| AUDIBLE MAGIC CORPORATION, ET AL. | § § § | (CONSOLIDATED WITH 6:12-CV-499) |
| *Defendants*. | § § | JURY TRIAL DEMANDED |
| _____ | § § | |

## FACEBOOK, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, and the Court's Scheduling Order for Suppliers and Independent Defendants (Dkt. No. 1332), Defendant Facebook, Inc. ("Facebook") provides the following initial disclosures as a Supplier/Independent Defendant. Pursuant to the Court's Scheduling Order for Customer Defendants (Dkt. No. 1331), Facebook will provide its initial disclosures as a Customer Defendant on December 4, 2015.

Facebook submits these disclosures based on its current knowledge and belief based on information now reasonably available to Facebook. These disclosures are subject to additional

or different information that discovery may disclose, and while based on the present state of recollection, are subject to such refreshing of recollection, and such knowledge of facts, as may result from further investigation by Facebook or its attorneys.  Facebook expressly reserves the right to supplement and/or modify the disclosures as appropriate or otherwise required under the Federal Rules of Civil Procedure.

Additionally, these disclosures are made without waiver of any objections Facebook may have regarding the subject matter of the disclosures and any person, entity, or documents identified by Facebook herein.  Specifically, Facebook reserves all objections, including but not limited to: (1) relevance; (2) any applicable privilege under federal and state law, including the attorney-client privilege, work product privilege, and common interest privilege; (3) undue burden; (4) materiality; (5) overbreadth; and (6) admissibility.

*Dkt. 1332 ¶ 2(a): The correct names of the parties to the lawsuit.*

Facebook, Inc., is the correct name of the defendant as stated here.  To the best of Facebook's knowledge, Blue Spike, LLC is the correct name of the plaintiff as disclosed in Blue Spike's pleadings.

*Dkt. 1332 ¶ 2(b):  The name, address, and telephone number of any potential parties.*

Facebook is not currently aware of any other potential parties.  Facebook's investigation is ongoing, and Facebook reserves the right to amend this disclosure based upon its continuing investigations and discovery.

*Dkt. 1332 ¶ 2(c): The legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial).*

2

1.      Non-Infringement

Facebook asserts that Facebook does not infringe and has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 7,346,472 ("the '472 patent"), U.S. Patent No. 7,660,700 ("the '700 patent"), U.S. Patent No. 7,949,494 ("the '494 patent"), and U.S. Patent No. 8,214,175 ("the '175 patent") (collectively, the "patents-in-suit") to the extent the patents-in-suit are asserted against Facebook.  Facebook also asserts that it does not induce or contribute to and has not induced or contributed to infringement of any valid and enforceable claim of the patents-in-suit to the extent the patents-in-suit are asserted against Facebook.  Discovery is continuing and the Court has yet to construe the claims of the patents-in-suit.  Facts supporting Facebook's non-infringement defense will be disclosed in due course and in more detail following construction of the claims by the court.

2.      Invalidity

Facebook asserts that each asserted claim of the patents-in-suit are invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.  Discovery is continuing.  Facts supporting Facebook's invalidity defense will be disclosed in more detail in its invalidity contentions.

3.      Failure to Mark

Facebook asserts that neither Blue Spike nor Blue Spike's licensees have marked instrumentalities that embody any of the claims of the patents-in-suit with proper notice of the patents in compliance with 35 U.S.C. § 287.  Discovery is continuing.  Facts supporting Facebook's invalidity defense will be disclosed in more detail in due course.

4. Prosecution History Estoppel

Facebook asserts that Blue Spike is precluded or otherwise estopped from asserting any construction of the claims of the patents-in-suit that is inconsistent with its or its predecessor(s)-in-interest's representations before the PTO. Facebook asserts that Blue Spike is estopped from asserting any construction of the claims sufficiently broad to cover or include any product made, used, sold, offered for sale within the United States, or imported into the United States, by Facebook.

6. No Fees, Costs, or Damages

Facebook asserts that Blue Spike has failed to plead and/or meet the requirements under 35 U.S.C. §§ 284-288, and has otherwise failed to show that it is entitled to any fees, costs or damages.

7. No Injunctive Relief

Facebook asserts that Blue Spike is not entitled to any injunctive relief because it has not suffered irreparable harm and has an adequate remedy at law. Discovery is continuing. Facts supporting Facebook's defense related to no injunctive relief will be disclosed in more detail in due course.

8. Single Recovery Rule

Facebook asserts that Blue Spike's damages are barred in whole or in part by the single recovery rule. Discovery is continuing. Facts supporting Facebook's defense related to the single recovery rule will be disclosed in more detail in due course.

8.     License/Implied License/Exhaustion

Facebook asserts that Blue Spike's damages are barred in whole or in part by the defenses of license, implied license, and/or patent exhaustion. Discovery is continuing. Facts supporting Facebook's defense related to licensing will be disclosed in more detail in due course.

9.     Inequitable Conduct

Facebook asserts that during prosecution of the '472, '700, '494 and '175 patents, the applicants failed to disclose, withheld, concealed and/or mischaracterized to the United States Patent and Trademark Office ("PTO") prior art that was highly material to the patentability of the claims of the patents-in-suit under prosecution, and which they knew or should have known would have been important to a reasonable examiner. Discovery is ongoing. Facts supporting Facebook's defense related to inequitable conduct will be disclosed in due course.

*Fed. R. Civ. P. 26(a)(1)(A)(i) and Dkt. 1332 ¶ 2(d): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

Based on Blue Spike's allegations and the current status of Facebook's investigation, Facebook believes that the following individuals and businesses are likely to have discoverable information that Facebook may use to support its defenses in this action. Facebook anticipates that other individuals may also have discoverable information and specifically reserves the right to identify additional witnesses as discovery proceeds.

This disclosure is submitted with the understanding and belief that, at all times, a variance may exist in the level of knowledge and information held by potential witnesses identified for a subject matter area. It also may be learned, as discovery proceeds and issues in

5

this action unfold, that one or more individuals may be more knowledgeable about relevant facts and issues than other individuals.

By indicating the general subject matter of information these individuals may possess, Facebook is in no way limiting its right to call any individual(s) listed to testify concerning other subject(s).

|  | **Name and Contact Information** | **Summary of Knowledge** |
|---|---|---|
| 1. | **Yaniv Taigman** c/o Facebook's counsel Cooley LLP 380 Interlocken Crescent Suite 900 Broomfield CO 80021 Tel.: 720-566-4000 | Mr. Taigman is a co-founder and former Chief Technical Officer of Face.com, which merged with Facebook in 2012. He currently is a software engineer with Facebook and is likely to have knowledge concerning various subject matters related to the technical operation of Facebook's accused facial recognition technology. |
| 2. | **Dan Barak** c/o Facebook's counsel Cooley LLP 380 Interlocken Crescent Suite 900 Broomfield CO 80021 Tel.: 720-566-4000 | Mr. Barak is a product manager with Facebook and formerly was head of product and business development at Face.com. He is likely to have knowledge concerning various subject matters related to the technical operation of Facebook's accused facial recognition technology. |
| 3. | **Scott Moskowitz** c/o Blue Spike's counsel Garteiser Honea, P.C. | Mr. Moskowitz is an inventor of the patents-in-suit, and he is likely to possess information concerning conception, reduction to practice, diligence, sales, offers for sale, and marking. |
| 4. | **Michael Berry** c/o Blue Spike's counsel Garteiser Honea, P.C. | Mr. Berry is an inventor of the patents-in-suit, and he is likely to possess information concerning conception, reduction to practice, diligence, sales, offers for sale, and marking. |

|  | **Name and Contact Information** | **Summary of Knowledge** |
|---|---|---|
| 5. | **Individuals identified in Blue Spike's interrogatory responses and initial disclosures** | Individuals identified by Blue Spike in its interrogatory responses and initial disclosures are likely to possess relevant information concerning marking, barring sales and offers for sale, licensing, damages, and invalidity. |

Other individuals not specifically known to Facebook at this time may possess relevant information, particularly information related to the non-infringement, unenforceability and/or invalidity of the patent-in-suit. Such individuals may include, but are not limited to: (1) authors of prior art publications and patents relevant to the subject matter of the patent-in-suit; (2) individuals having knowledge of any prior art use, sale, offer for sale, or invention relevant to the subject matter of the patent-in-suit; (3) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions pertain; (4) individuals having knowledge of any license to the patent-in-suit, any offer to license the patent-in-suit, or any refusal to license the patent-in-suit; (5) individuals having knowledge of any marking or failing to mark apparatuses made, used, or sold by Facebook or under license or permission of Facebook; (6) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the patent-in-suit; (7) individuals having knowledge of the inventorship, ownership, or rights in the patent-in-suit, and/or the subject matter of the patent-in-suit; (8) individuals affiliated with prosecuting attorneys during the time that each attorney's respective firm was involved in the prosecution of the patent-in-suit; and (9) individuals having knowledge of the operation and development of any accused Facebook system and/or predecessor software or systems. Facebook further incorporates by reference herein any individuals or businesses identified by Blue Spike.

*Fed. R. Civ. P. 26(a)(1)(A)(ii) and Dkt. 1332 ¶ 2(g)*: *A copy—or a description by category and location— of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

Based upon information presently available to Facebook, and subject to the limitations set forth above, Facebook hereby describes the following categories of documents, electronically stored information, and tangible things that are in Facebook's possession, custody, or control and that may be used to support Facebook's claims or defenses, other than solely for impeachment:

| **Category** | **Location** |
|---|---|
| The patent-in-suit and its prosecution history. | Publicly available. |
| Prior art. | Publicly available. |
| Documents, including pleadings, orders, deposition transcripts, and exhibits, from prior litigation related to the patent-in-suit. | Publicly available and in possession of Blue Spike and its counsel. |
| Documentation regarding the functionality of any accused Facebook system(s). | Can be requested through Facebook's counsel Cooley LLP. |
| Documentation regarding marketing efforts associated with any accused Facebook system(s). | Can be requested through Facebook's counsel Cooley LLP. |

Facebook will begin to make such documents described here available at the time the Court has scheduled for production required by Patent L.R. 3-4(a).

*Fed. R. Civ. P. 26(a)(1)(A)(iii)*: *A computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of*

8

*injuries suffered.*

Facebook is not currently seeking damages in this litigation. Facebook's investigation is ongoing, and Facebook reserves the right to amend this disclosure based upon its continuing investigations and discovery.

*Fed. R. Civ. P. 26(a)(1)(A)(iv) and Dkt. 1332 ¶ 2(e): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Facebook is not currently aware of any applicable agreement. Facebook's investigation is ongoing, and Facebook reserves the right to amend this disclosure based upon its continuing investigations and discovery.

*Dkt. 1332 ¶ 2(f): Any settlement agreements relevant to the subject matter of this action.*

Facebook identifies the settlement agreements entered into by Blue Spike with respect to the proceedings originally consolidated with this litigation. Other than those agreements, Facebook is not aware of any other applicable settlement agreements. Facebook's investigation is ongoing, and Facebook reserves the right to amend this disclosure based upon its continuing investigations and discovery.

Date:  May 1, 2014				Respectfully submitted,


						/s/ Orion Armon_____

						Deron Dacus (Texas Bar No. 00790553)
						The Dacus Firm, P.C.
						821 ESE Loop 323, Suite 430
						Tyler, TX 75701

						Heidi L. Keefe (CA Bar 178960)
						Mark R. Weinstein (CA Bar 193043)
						COOLEY LLP
						Five Palo Alto Square
						3000 El Camino Real
						Palo Alto, CA 94306-2155
						Phone:  (650) 843-5000
						Fax:     (650) 857-0663
						hkeefe@cooley.com
						mweinstein@cooley.com

						Orion Armon (CO Bar No. 34923)
						Sara J. Radke (*pro hac vice*)
						Janna K. Fischer (*pro hac vice*)
						COOLEY LLP
						380 Interlocken Crescent, Suite 900
						Broomfield, CO  80021
						Tel:   (720) 566-4000
						Fax:  (720) 566-4099
						oarmon@cooley.com
						sradke@cooley.com
						jfischer@cooley.com

						*Attorneys For Defendant*
						*Facebook, Inc.*

10

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(c) on May 1, 2014.

*/s/ Orion Armon*