# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 12-CV-499-MHS |
| v. | § § | LEAD CASE |
| TEXAS INSTRUMENTS, INC., *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § § | |

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE SCHEDULING AND DISCOVERY ORDER FOR TRIAL ON THE MERITS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's Scheduling and Discovery Order for Trial on the Merits So Ordered on March 6, 2014 (Dkt. Nos. 1331 and 1332), Plaintiff Blue Spike, LLC ("Blue Spike" or "Plaintiff") hereby makes its initial disclosures.

**PRELIMINARY STATEMENT**

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires disclosure of the existence of documents and identification of individuals that the disclosing party "may use to support its claims and defenses, unless solely for impeachment."

In accordance with the above requirements, and without waiver of the attorney-client privilege or any other applicable privilege or doctrine, Blue Spike makes the below Rule 26(a)(1) initial disclosures based upon the knowledge and information now reasonably available. Blue Spike's investigation and discovery in this case is continuing. Accordingly, Blue Spike reserves the right to clarify, amend, or supplement the information contained in these initial disclosures in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. These initial disclosures are provided

1

without prejudice to Blue Spike's right to introduce at a hearing or at trial any evidence that is subsequently discovered.

In addition, Blue Spike objects to the disclosure requirements to the extent they call for the production of information protected by attorney-client privilege, work-product doctrine, or any other applicable privilege, and all requirements will be read to exclude production of information so protected. Blue Spike makes these initial disclosures without waiving any objections under the Federal Rules of Evidence or the Federal Rules of Civil Procedure including objections as to relevance or admissibility.

I. **CORRECT NAMES OF THE PARTIES TO THE LAWSUIT**

The parties to this lawsuit (hereinafter the "Action") are Plaintiff Blue Spike, LLC, Counter-Defendants Blue Spike, Inc. and Scott Moskowitz, and the following defendants (collectively "Defendants"):

- 3M Cogent Inc.
- Accedo Broadband AB,
- Accedo Broadband North America, Inc.
- Airborne Biometrics Group, Inc.
- AOptix Technologies, Inc.
- Attributor Corporation,
- Audible Magic Corp.
- BMAT Licensing, S.L.
- Boodabee Technologies, Inc.
- Brightcove, Inc.
- CBS Interactive Inc.
- Civolution B.V.
- Civolution USA, Inc.
- Clear Channel Broadcasting, Inc.
- Cognitec Systems Corp.
- Cognitec Systems GmbH
- Coincident.TV, Inc.
- Dailymotion S.A.
- Dailymotion, Inc.
- Entropic Communications, Inc.
- Facebook, Inc.

- Fulcrum Biometrics, LLC
- Futronic Technology Co., Ltd.
- GoMiso, Inc.
- Harmonix Music Systems, Inc.
- iMesh, Inc.
- Infinisource, Inc.
- iPharro Media, GmbH
- iPharro Media, Inc.
- Irdeto B.V.
- Irdeto USA, Inc.
- Iritech, Inc.
- L-1 Identity Solutions, Inc.
- Last.fm Ltd.
- M2SYS, LLC
- MediaFire LLC
- Metacafe, Inc.
- MorphoTrak, Inc.
- MorphoTrust USA, Inc.
- MySpace LLC
- Myxer, Inc.
- NEUROtechnology,
- Photobucket.com, Inc.
- Precise Biometrics AB
- Precise Biometrics, Inc.
- Qlipso Media Networks Ltd.
- Qlipso, Inc.
- Qqest Software Systems, Inc.
- Safran USA, Inc.
- Shazam Entertainment Ltd.
- SMRTV Inc.
- Soundcloud Ltd.
- Soundcloud, Inc.
- Specific Media LLC
- Speech Technology Center, LLC
- SpeechPro, Inc.
- The Nielsen Company (US) LLC
- Viggle, Inc.
- Vobile, Inc.
- Watchwith, Inc.
- WiOffer, LLC
- Yap.TV, Inc.
- Zedge Holdings, Inc.

## II. POTENTIAL PARTIES

Blue Spike is not currently aware of any potential parties to this suit. Blue Spike reserves the right to clarify, amend, or supplement this response.

## III. LEGAL THEORIES AND FACTUAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENSES

Blue Spike alleges willful, direct, and indirect infringement of U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent, and together with the '472, '700, and '494 Patents, the Patents-in-Suit) by designing, developing, and/or manufacturing software, systems and technology that generate and compare digital signal abstracts. Blue Spike provided Defendants with a disclosure of infringement contentions on February 26th and asserted claims on April 4th showing how each asserted claim in the Patents-in-Suit is infringed by Defendants. Blue Spike reserves the right to amend its infringement contentions pursuant to P.R. 3-6 as discovery progresses.

As a result of Defendants' past, present, and future infringement, Blue Spike seeks a permanent injunction as well as damages, enhanced damages, attorneys' fees, and costs.

## IV. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION[1]

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) and the Discovery Order, Blue Spike identifies the following individuals likely to have discoverable information:

| INDIVIDUAL | ADDRESS/TELEPHONE | SUBJECT MATTER |
|---|---|---|

---

[1] Blue Spike reserves the right to supplement this list as discovery continues.

4

| Scott Moskowitz | c/o Garteiser Honea<br>218 N. College Ave.<br>Tyler, TX 75702<br>(903) 705-7420 | Technology, conception, and development of the process of the patents-in-suit; prosecution of the patents-in-suit; licensing of the patents-in-suit |
|---|---|---|
| Richard Neifeld | c/o Garteiser Honea<br>218 N. College Ave.<br>Tyler, TX 75702<br>(903) 705-7420 | Prosecution of the patents-in-suit |
| Bruce Margulies | c/o Garteiser Honea<br>218 N. College Ave.<br>Tyler, TX 75702<br>(903) 705-7420 | Prosecution of the patents-in-suit |
| Floyd B. Chapman | c/o Garteiser Honea<br>218 N. College Ave.<br>Tyler, TX 75702<br>(903) 705-7420 | Prosecution of the patents-in-suit |
| Michael Berry | Seattle, WA | Technology, conception, and development of the process of the patents-in-suit |

Plaintiff also identifies the following individuals who likely have discoverable information:

1. Former and/or current employees, contractors, subcontractors, or agents of Defendants.

2. Individuals listed in Defendant's initial disclosures.

3. Plaintiff's expert witness(es) who will be disclosed 70 days prior to the completion of fact discovery or when so directed by the Court or agreement of the parties.

Plaintiff makes the above disclosures based upon information currently available. Plaintiff will supplement this information to the extent Plaintiff discovers additional individuals likely to have discoverable information.

V. **INDEMNITY OR INSURANCE AGREEMENTS**

5

Blue Spike is not aware of any applicable indemnity or insurance agreements.

### VI. SETTLEMENT AGREEMENTS

Blue Spike has entered into settlement agreements relating to the Patents-in-Suit, as reflected in Blue Spike's production bates labeled BLU002261-BLU002723 and accompanying production BLU013210-BLU013251.

### VII. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT PLANTIFF MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES.

Pursuant to Federal R. Civ P. 26(a)(1)(A)(ii) and the Discovery Order, Blue Spike provides the following description of the documents, electronically stored information (ESI), and tangible things within its possession, custody, or control that may be relevant to facts in dispute. By disclosing the following categories of documents, ESI, and tangible things, Blue Spike does not waive any objection that it has or may have to producing these documents and tangible things.

| Location of Documents | Description |
|---|---|
| Garteiser Honea, PC<br>Tyler, Texas and<br>http://portal.uspto.gov/pair/PublicPair | The prosecution histories of the patents-in-suit and the patents-in-suit. |
| Garteiser Honea, PC<br>Tyler, Texas | Documents describing the technical characteristics, implementations, and uses of the accused products and services. |
| Garteiser Honea, PC<br>Tyler, Texas | Plaintiff's infringement contentions. |

Plaintiff reserves the right to object to the production of any document, data compilation, or tangible thing within the categories described herein on any basis permitted by the local rules and the Federal Rules of Civil Procedure. This list of documents is provided based on the Plaintiff's current knowledge. Plaintiff reserves the

6

right to supplement these disclosures as more information becomes available through discovery and litigation.

## VIII. <u>COMPUTATION OF DAMAGES</u>

Plaintiff cannot adequately compute the various categories of damages it seeks at this time because it has only received summary sales information. Defendants were provided Preliminary Damages Calculations as required by the Scheduling Orders (Dkt. Nos. 1331 and 1332). Plaintiff reserves the right to supplement these disclosures as more information becomes available through discovery and litigation.

Respectfully submitted,

/s/ Randall Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on May 1, 2014, a true and correct copy of the above and foregoing document has been served on all counsel of record for Defendants and Counter-Plaintiffs in this action by electronic mail.

/s/Peter S. Brasher  
Peter S. Brasher  
Garteiser Honea, PC
