**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff,* | § § | C.A. No. 6:12-cv-00499-MHS |
| v. | § § | **JURY TRIAL DEMANDED** |
| TEXAS INSTRUMENTS, INC., | § § | |
| *Defendant.* | § § | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff,* | § § | C.A. No. 6:12-cv-00500-MHS |
| v. | § § | **(CONSOLIDATED WITH 6:12-CV-499)** |
| SHAZAM ENTERTAINMENT LTD., | § § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § § | |

| | | |
|---|---|---|
| SHAZAM ENTERTAINMENT LTD., | § § | |
| *Defendant,* | § § | |
| v. | § § | |
| BLUE SPIKE, LLC, BLUE SPIKE, INC. and SCOTT A. MOSKOWITZ | § § § | |
| *Counterclaim* *Defendants.* | § § | |

**DEFENDANT SHAZAM ENTERTAINMENT LIMITED'S SUR-REPLY TO BLUE SPIKE, LLC'S, BLUE SPIKE, INC.'S, AND SCOTT MOSKOWITZ'S MOTION TO DISMISS SHAZAM ENTERTAINMENT LIMITED'S COUNTERCLAIM [DKT. 1397]**

In its opposition[1] to the Motions to Dismiss filed by Blue Spike, LLC, Blue Spike, Inc. and Scott Moskowitz (together, "Blue Spike"), Shazam Entertainment Limited ("Shazam") demonstrated precisely why it had properly stated a claim for false advertising based on Blue Spike's orchestrated, highly public campaign to confuse consumers into believing— incorrectly—that Shazam's products should be avoided as inadequate, illegal, or inferior to that of Blue Spike.[2]  Blue Spike's Reply papers,[3] in contrast, merely repeat Blue Spike's legal errors and continue to make factual arguments that are inappropriate in the context of a motion to dismiss.  Because Shazam's short and plain statement of its claim goes well beyond the liberal notice pleading standard required to state a Lanham Act claim, Blue Spike's motion must be denied.  *See Tempur-Pedic Int'l, Inc. v. Angel Beds LLC,* 902 F. Supp. 2d 958, 966 (S.D. Tex. 2012).

Blue Spike's Reply argues that Shazam has not pled elements two and three of a Lanham Act claim and that the pleading for element five and its newly created element six is insufficient. As a matter of black-letter law, Blue Spike is incorrect as to each of these elements.[4]

**Element Two:**  The second element of a Lanham Act false advertising claim is that the accused advertising had "the capacity to deceive a substantial segment of potential consumers." *See Pizza Hut v. Papa John's Int'l,* 227 F.3d 489, 495 (5th Cir. 2000).  Here, Shazam more than meets this requirement by cataloging a number of literally false statements that Blue Spike

---

[1]  (Dkt. 1607) (hereinafter "Opp.").

[2]  *See* Shazam Entertainment Limited's Amended Answer to Blue Spike, LLC's Complaint and Counterclaims Against Blue Spike, LLC, Blue Spike, Inc., and Scott A. Moskowitz (Dkt. 1397) (hereinafter "Counterclaim").

[3]  (Dkt. 1612, Dkt. 1613, and Dkt. 1614) (hereinafter "Reply").

[4]  Moskowitz does not deny authoring the statements at issue or seriously contest that Shazam's allegations that he is Blue Spike's sole employee and the moving, active conscious force behind the false advertising at issue are sufficient to withstand a threshold motion to dismiss.  Opp. at 13–14.

disseminated to the world about Shazam and its products.  For example, as Shazam has alleged, Blue Spike used the social media site Twitter to falsely claim that Shazam "copied" Blue Spike's technology and used the Internet to falsely claim that it has a product that is based on its patents. *See* Counterclaim ¶¶ 16–18; Opp. at 9 n. 6.

In response, Blue Spike argues that "not every false statement actually deceives or has the capacity to deceive."  Reply at 2.  But that conclusion would require the Court to render factual findings contrary to the clearly pled allegations of the Complaint, which is not appropriate on a motion to dismiss.  To the contrary, as a matter of law, "[i]f the statement at issue is shown to be literally false, the court must assume that it actually misled consumers, without requiring any evidence of such deception from the plaintiff."  *IQ Products Co. v. Pennzoil Products Co.*, 305 F.3d 368, 375 (5th Cir. 2002).[5]  Here, the Counterclaim specifically itemizes a list of statements that Blue Spike made "falsely and misleadingly" and explains why each "false representation" conveys a "misleading commercial impression to consumers."  *See* Counterclaim ¶¶ 10–19.  As a result, because Shazam has pled that the accused Blue Spike advertisements are *literally false*, and because the facts stated in the Counterclaim must be taken as true at the motion to dismiss stage, Shazam has adequately pled element two.

**Element Three:**  Blue Spike is also incorrect that Shazam has not pled that Blue Spike's statements are "material, in that [they are] likely to influence the consumer's purchasing decision."  *Pizza Hut*, 227 F.3d at 495.  Critically, "[w]ith respect to materiality, when the statements of fact at issue are shown to be literally false, the plaintiff need not introduce evidence on the issue of the impact the statements had on consumers."  *Id.* at 497.   As noted above, the Counterclaim makes clear that Blue Spike's accused statements are all literally false.

---

[5]  *See also*, *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001); *Pizza Hut, Inc.*, 227 F.3d at 497.

*See* Counterclaim ¶¶ 10–19.

Again, Blue Spike's response is to raise factual arguments that are inappropriate in a motion to dismiss.  *See* Reply at 3–4.  Even if the Court were to weigh these factual issues at this stage, it is undeniable that a reputation for innovation drives consumer decisions in technology.  As a result, Blue Spike's false statements that Shazam's allegedly copied Blue Spike's technology and will be driven off the market (*see* Counterclaim ¶ 10–19) were clearly material to the purchasing decisions of consumers in the technology space.  Here, however, the Court need not decide this issue because Shazam's allegation that these statements are literally false renders them materially misleading as a matter of law.  *See, e.g., S.W. Recreational Industries, Inc. v. FieldTurf, Inc.*, 01-50073, 2002 WL 32783971 (5th Cir. 2002).

Blue Spike also incorrectly makes the factual argument that the accused statements are "not the sort capable of literal falsity."  *See* Reply at 4.  While Blue Spike provides no examples of statements it believes are mere opinion, many of Blue Spike's statements[6] are "certainly capable of empirical verification" and therefore actionable.  *See Z-Tel Commun., Inc. v. SBC Commun., Inc.*, 331 F. Supp. 2d 513, 566 (E.D. Tex. 2004).  Moreover, as in *Pizza Hut*, assertions of "superiority" or "opinion" when taken in the context of the other literally false statements are "no longer mere opinion, but rather take[] on the characteristics of a statement of fact." *See Pizza Hut*, 227 F.3d at 501-502.  Shazam has therefore stated its claim with respect to Element Three.

 **Element Five:**  Shazam has also correctly pled that Shazam "is likely to be injured as a

---

[6] *E.g.*: That "Blue Spike's CEO, Scott Moskowitz, has been an active author and public figure in the content management and monetization space... since those technologies emerged, long before Shazam." (Counterclaim at ¶ 12); that Shazam copied Blue Spike technology (*id.* at ¶ 16); that "Blue Spike… technology power[s] its own products such as The Giovanni Abstraction Machine" (*id.* at ¶ 17); that Blue Spike "technology has powered his Blue Spike products since the turn of the century." (*id.* ¶ 18).

result of the statement at issue." *Pizza Hut*, 227 F.3d at 495.  Specifically, the Counterclaim states that "Counter-Defendants' false advertising, false representations, and acts of unfair competition," disseminated on Blue Spike's website and Twitter, "have damaged or are likely to damage Shazam through various means, including but not limited to, lost sales, harm to reputation, and loss of goodwill..."  *See* Counterclaim ¶ 23.  Importantly, harm in a false advertising case can be showed by demonstrating a "likelihood" that the accused statements will cause harm.  *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1367 (Fed. Cir. 2013).  A false advertising plaintiff "need not plead actual harm."  *Id.*  Here, Shazam has adequately provided Blue Spike notice that its actions are likely to injure Shazam and the type of likely injury.

Shazam's allegations, moreover, are right in line with other complaints that have survived a motion to dismiss under directly analogous circumstances.  For example, in *Blue Rhino Global Sourcing, Inc. v. Well Traveled Imports, Inc.*, 888 F. Supp. 2d 718, 723 (M.D.N.C. 2012) the court found that alleged false statements about patent infringement survived a motion to dismiss, because it was "plausible that [counterclaim plaintiff] has suffered or was likely to suffer injury." *See Blue Rhino* Amended Answer and Counterclaim, 2010 WL 9103111, ¶¶ 18–22 (M.D.N.C. Nov. 1, 2010).  Shazam's allegations are equally detailed.  Similarly, in *Synopsys, Inc. v. Magma Design Automation*, No. 05-701(GMS), 2006 WL 1452803, at *3 (D. Del. May 25, 2006), the Court found "injury . . . adequately pleaded by the allegation that [counterclaim defendant's] campaign of disparagement has damaged [counterclaim plaintiff]."  Again, the allegations were as detailed as they are here.  *Compare* Counterclaim at ¶ 23 with *Synopsys, Inc.* Amended Answer and Counterclaim, 2005 WL 3242197, ¶¶ 115–-119, 145–148 (D. Del. Oct. 25, 2005).

**Bad Faith:**  Lastly, Blue Spike argues that Shazam has not sufficiently pled bad faith even though intent is not an element of a false advertising claim.  *See* Opp. at 9–11.  At most, the

4

issue of bad faith comes up when the claim is that the false advertising at issue is nothing more than an accusation of patent infringement.  *Id.*  But again, many of the accused statements have nothing to do with patent infringement.  *See, e.g.,* Counterclaim ¶¶ 12, 14 (who invented technology first); *id.* ¶ 15–16 (whether Shazam created its own technology); *id.* ¶ 17–18 (a product that does not use the technology touted).  This alone is fatal to Blue spike's argument.

Even with respect to false statements concerning patent infringement, Shazam's Counterclaims make the requisite factual allegations.  As the Federal Circuit has held, when "the patentee knows that the patent is invalid, [and] unenforceable… yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out."  *See Zenith Elec. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1354 (Fed. Cir. 1999).  Shazam's allegations of inequitable conduct—incorporated into its Lanham Act Counterclaim by reference—establish that Blue Spike never had a good faith belief that its patent is enforceable.  *See* Counterclaim at pp. 20–24, ¶¶ 9, 19.

The cases that Blue Spike cites in response are unavailing.  For example, in *Pro–Mold & Tool Co. v. Great Lakes Plastics, Inc.,* 75 F.3d 1568 (Fed.Cir.1996), there was no allegation of actual advertising.  As a result, the case only stands for the unremarkable proposition that filing a patent infringement lawsuit does not *itself* constitute false advertising, as subsequent courts have recognized.  *See Zenith,* 182 F.3d at 1348-50 (distinguishing *Pro-Mold*).  As in *Zenith*, Shazam's Lanham Act claim "is based on alleged marketplace statements, *i.e.,* the alleged [Blue Spike] statements to potential [Shazam] customers that [Shazam's] product is infringing…"  *Id* at 1349.[7]

For the foregoing reasons, and those in Shazam's Opposition, Shazam respectfully requests that Blue Spike's motion to dismiss be denied.

---

[7] *Adv. Magnetic Closure, Inc. v. Rome Fastener Corp.*, 98 CV 7766 (GBD), 2005 WL 1241896 (S.D.N.Y. 2005), which relies on *Pro-Mold*, is similarly inapposite.

Date:  June 30, 2014

Respectfully submitted,

*/s/  Joshua Furman, with permission*
*by Michael E. Jones*

Josh A. Krevitt
NY Bar No. 2568228
jkrevitt@gibsondunn.com
Benjamin Hershkowitz
NY Bar No. 2600559
bhershkowitz@gibsondunn.com
R. Scott Roe
NY Bar No. 4480224
sroe@gibsondunn.com
Joshua Furman
NY Bar No. 4612255
jfurman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Ph. 212.351.4000
Fax: 212.351.6210

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, TX 75702
Tel: 903.597.8311
Fax: 903.593.0846

*Counsel for Defendant*
*Shazam Entertainment Limited*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 30, 2014.

*/s/ Michael E. Jones*