UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, | § |
|    *Plaintiff*, | § CASE NO. 6:12-cv-499 MHS/CMC |
| v. | § LEAD CASE |
| TEXAS INSTRUMENTS, INC., et al., | § Jury Trial Demanded |
|    *Defendants*. | § |

**PLAINTIFF BLUE SPIKE'S OPPOSITION TO DEFENDANT FACEBOOK'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER (DKT. 1618)**

The Court should deny Defendant Facebook's untimely Motion to Dismiss (Dkt. 1618). Also, the Court should deny Facebook's motion to Sever and Transfer to the Northern District of California as it is relief previously denied to Facebook. *Id.*

**I.  Deadline to File Motions to Dismiss was May 2, 2014.**

On June 26, 2014, Facebook filed this motion to dismiss presumably under Title 35 U.S.C. § 299. First, Section 299 is not a proper civil procedure statute to seek to dismiss in this case. It simply does not offer the relief that Facebook is requesting from the Court. It appears Facebook chose to phrase its motion in this manner in order to avoid the Court's May 2, 2014 deadline to file motions to dismiss, specifically Rule 12(b)(6) motions.

The Court should summarily dismiss Facebook's motion for filing it after the Court's May 2 deadline. *See* Dkt. 1332, Court's Scheduling Order at 2 ("Deadline to file motions to dismiss – May 2, 2014"); see also Dkt. 1331 (same).

1

**II.     Prejudice to Plaintiff Blue Spike**

It is prejudicial to Blue Spike for the Court to even entertain motions to dismiss in the midst of claim construction and discovery.  Facebook has heavily participated in the claim construction meet and confer process.  Facebook has actively engaged in discovery, including challenging the sufficiency of Blue Spike Infringement Contentions for Facebook's facial recognition technology. Facebook is the only defendant to have noticed the deposition of Scott Moskowitz, the named inventor and CEO of Blue Spike, who has agreed to be deposed by Facebook on August 13, 14, and 15, 2014.

Moreover, allowing Facebook to circumvent the Court's scheduling Orders invites additional motion practice by Facebook and other Defendants, in violation of Rule 1 and the Court's Order to reduce costs and streamline this case to get to the merits.

What Facebook fails to mention to the Court is that it answered not only the amended complaint directed to it as a supplier (Dkt. 1294 – responding to Dkt. 1252), it also answered separately as an Audible Magic Customer on April 18, 2014 (Dkt. 1462). The deadline to file motions to dismiss was not until May 2, 2014.  (Dkt. 1331, Dkt. 1332).

Counsel for both parties met and conferred over the specificity of Blue Spike's infringement contentions for the accused functionality that Facebook is now telling the Court Blue Spike somehow dismissed from the case.  In fact, Facebook allowed Blue Spike's counsel to inspect its source code for the accused instrumentality.   Surely, Facebook waived its rights under Section 299(c) to move to dismiss by not only filing an answer but also allowing the inspection of its source code for the accused functionality that Facebook is now contending is not in the case, a position that Blue Spike strongly opposes.

Facebook had ample time to bring its motion and by waiting until three months into discovery and in the middle of claim construction is severely prejudicial to Blue Spike. Facebook waited until after the joint defense group of defendants had formulated their positions for a June 27, 2014 deadline to exchange proposed claim constructions under P.R. 4-2.

Facebook's requested relief is severely prejudicial to Blue Spike.

### III. Facebook's Alternative Motion to Sever and Transfer Should Be Denied.

Facebook previously filed a motion to transfer along with Audible Magic. The Court denied it. *See* Dkt. 1369, Order Denying Motion to Transfer to the Northern District of California at 7 ("CONCLUSION – The Audible Magic Defendants failed to satisfy their burden on the threshold issue."). Again in the midst of claim construction and discovery it is prejudicial to Blue Spike to even respond to Facebook's attempt to have the Court reconsider its prior decision denying Facebook's requested transfer. Dkt. 1369 at fn1.

Facebook has waited well beyond the February 5, 2014 deadline to file its motion to sever and transfer venue. *See* Dkt. 1138 at 1 ("Deadline to file Motions to Transfer – February 5, 2014"). The deadline to file a motion to transfer was plainly set by the Court's Order dated January 22, 2014. *Id.* Facebook argues that it was not fair for Blue Spike to amend its infringement contentions and complaints against Facebook after the deadline to file motions to transfer, but that was the schedule provided by the parties and also the same order of occurrences adopted by the Court. *See* Dkt. 1138; 1331; Dkt. 1332.

### IV. Conclusion

For the reasons stated above, the Court should deny Defendant Facebook's Motion to Dismiss (Dkt. 1618). Also, the Court should deny Facebook's motion to Sever and Transfer to the Northern District of California. *Id.*

Respectfully submitted,

*/s/ Randall T. Garteiser*
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
218 N. College Avenue
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

**Counsel for Blue Spike, LLC**

**Certificate of Service**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on July 17, 2014 on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by First Class U.S. Mail on this same date.

                                                        /s/ Randall Garteiser