IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | LEAD CASE |
| TEXAS INSTRUMENTS, INC. | § | |
|    *Defendant.* | § | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 6:13-cv-124 |
| | § | CONSOLIDATED CASE |
| COGNITEC SYSTEMS CORPORATION | § | |
| and COGNITEC SYSTEMS GmbH | § | |
|    *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motion is before the Court: Cognitec Systems Corp. and Cognitec Systems GmbH's Motion to Dismiss Plaintiff's Indirect Infringement and Willful Infringement Claims Pursuant to FED. R. CIV. P. 12(b)(6) (Docket Entry # 1112). The Court, having reviewed the relevant briefing, recommends the motion be **DENIED.**

**I. FACTUAL BACKGROUND**

This action involves numerous cases against unrelated defendants for infringement of four patents: U.S. Patent Nos. 7,346,472 (the '472 Patent), 7,660,700 (the '700 Patent), 7,949,494 (the '494 Patent), and 8,214,175 (the '175 Patent)(collectively, "Asserted Patents" or "Patents-in-Suit").

The four related Patents-in-Suit describe a method and device for monitoring and analyzing signals. The inventor describes the patented technology as "signal abstracting" prevalent in the field of digital security, with examples such as "digital fingerprinting."

Plaintiff Blue Spike, LLC ("Plaintiff") alleges Defendants Cognitec Systems Corporation and Cognitec Systems GmbH ("Defendants") directly and indirectly infringe the Asserted Patents. The Court consolidated the cases into the above-styled action. The consolidation was for pretrial purposes, including claim construction and discovery.

## II. PROCEDURAL BACKGROUND

Plaintiff's original complaint alleged, for each of the four patents, as follows:

> Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '175 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '175 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '175 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '175 Patent under 35 U.S.C. §271.

(Cause No. 6:13cv124, Docket Entry #1, ¶36). Plaintiff further alleged, for each of the four patents, as follows:

> On information and belief, Defendant has continued to infringe the '175 Patent since receiving notice of their infringement, at least by way of their receiving notice of this lawsuit. On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or

should have known of that objectively high risk. Accordingly, Blue Spike seeks a willfulness finding against Defendant relative to its infringement of the '175 Patent entitling Blue Spike to increased damages under 35 U.S.C. §284 as well as attorneys' fees and costs under 35 U.S.C. §285.

Id., ¶38.

On November 21, 2013, Defendants moved to dismiss Plaintiff's indirect (more specifically, contributory) infringement and willful infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded on December 9, 2013 by timely filing a First Amended Complaint for Patent Infringement against Defendants ("FAC"). (Docket Entry #1115). The following day, Plaintiff filed a short response to Defendants' motion, asserting the amended complaint rendered the pending motion moot.

Defendants disagree with Plaintiff's assertion that the amended complaint moots Defendants' motion to dismiss, and in its surreply Plaintiff requests the Court rule on Defendants' motion as applied to the FAC in order to conserve resources. *See Lochner Tech., LLC v. AT Labs, Inc., et al.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, *9-10 (E.D. Tex. July 5, 2012). The Court will consider the motion to dismiss as applied to the FAC.

In pertinent part, the FAC alleges, for each of the four patents as follows:

Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '175 Patent. Such products include, without limitation, one or more of the Accused Products that, for example, create abstracts that identify specific digital information and material—including video, audio, graphics, multimedia, and text—based on the perceptual characteristics of the material itself. Such products—including Defendant's facial recognition software—have no substantial non-infringing uses. Accused Products are integrated and used in systems that infringe the '175 Patent, including but not limited to border control eGates, voter registration terminals, live security screening systems, new passport photo

3

>examination and comparison systems, law enforcement photo and video identification systems, and human traffic analytics systems such as MFlow. Defendant's customers that integrate Accused products and components into larger systems include but are not limited to 3M, Lockheed Martin, NEC, Siemens, Adobe, Unisys, Volkswagen, the US Government, and local sheriff's offices around the US. By making, using, importing, offering for sale, and/or selling the accused products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. §271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are product assemblers and developers, resellers, and end users of the Accused Products. Defendant had knowledge of the '175 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '175 Patent under 35 U.S.C. §271.

(*Id*., ¶¶ 36, 44, 52, 60).  Regarding willfulness, the FAC alleges:

>a. The Patents-in-Suit are prominent, pioneering patents in the field of monitoring and analyzing signals. This is evidenced, in part, by the extent to which each of these patents has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The Patents-in-Suit have been forward-cited in at least 50 U.S.-issued patents and patent applications, including patents originally assigned to such prominent companies as Microsoft, Agilent, Nvidia, and Avaya.
>
>b. Through the filing and known attempted service of the original Complaint in this lawsuit in February 2013.

(*Id.*, ¶¶ 38, 46, 54, 62).

### III.  LEGAL STANDARDS

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court identifies and excludes legal

4

conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id*. (quotations and citations omitted). In other words, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV.  DISCUSSION

### A.  Indirect (contributory) infringement

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)(quoting 35 U.S.C. §271(c)). In their motion to dismiss, Defendants assert Plaintiff has failed to adequately plead indirect infringement and specifically argues about Plaintiff's claims for contributory infringement.

Relying on Judge Schneider's previous rulings on behalf of other defendants, Defendants assert Plaintiff does not identify which patent claims are supposedly infringed directly, nor does Plaintiff identify any methods or systems that supposedly infringe.  According to Defendants, Plaintiff also fails to identify any materials or components of any accused products that supposedly infringe and does not plead any facts to support an inference that such materials or components have

no substantial non-infringing uses. Finally, Defendants assert Plaintiff does not identify any direct infringers to whose infringement Defendants supposedly contributes; Plaintiff only generally identified the supposed direct infringers as the "end users" of the accused products.

On September 27, 2013, Judge Schneider granted another defendant's motion to dismiss Plaintiff's contributory infringement claims, noting there is a split of authority regarding the level of specificity required to allege an indirect infringement claim. *See* Docket Entry # 1006)(citing *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010)). Judge Schneider held Plaintiff failed to satisfy even the more liberal standard because the complaint only summarily alleged contributory infringement based on Image Ware Systems, Inc.'s ("IWS") accused products that are incorporated in "systems" and that "have no substantial, non-infringing purpose," further alleging this contributes to the direct infringement by "end users." Judge Schneider found these allegations insufficient to support Plaintiff's contributory infringement claims. Specifically, although Plaintiff identified IWS' accused products, Plaintiff did not "even suggest what larger devices or software packages incorporate the accused software, thus leaving to complete speculation whether the accused software is material to these unnamed devices or software packages or who produces, sells, or uses the devices or software packages." (Docket Entry #1006 at pg. 3). Judge Schneider also found unavailing Plaintiff's request that the Court infer a lack of a non-infringing purpose based solely on the product names.

Here, Plaintiff has filed an amended complaint, specifically adding allegations of contributory infringement and willful infringement. The Court notes that Defendants do not address the First Amended Complaint in their reply, filed after the filing of the FAC, as it relates to contributory infringement.

In its FAC, Plaintiff has sufficiently described which methods and systems infringe (*see* FAC at ¶¶ 28, 36, 44, 51, 60) and specified the material or apparatus for use. *See id.* at ¶28. Plaintiff further alleges one or more of the Accused Products—including for example Defendant's facial recognition software—have no other substantial non-infringing use other than abstracting and identifying individuals. *See id.* at ¶¶ 36, 44, 52, 60. Plaintiff's FAC also specifically identifies nine alleged direct infringers, and it specifically identifies certain Accused Products, how those products potentially infringe, and how the direct infringers allegedly incorporate Defendants' components and products into their own products. *See id.*

Contrary to Defendants' assertions, Plaintiff's complaint does not need to identify which claims are infringed. *See In re Bill of Lading*, 681 F.3d at 1335 (to survive dismissal, "a plaintiff need not even identify which claims it asserts are being infringed"). The Court finds Plaintiff has adequately pled contributory infringement in its FAC. Therefore, the Court recommends Defendants' motion to dismiss Plaintiff's indirect contributory infringement claim be denied.

**B.     Willful infringement**

In its reply, Defendants focus on Plaintiff's additional allegations of willful infringement as set out in the FAC, asserting even if true, they do not establish willfulness. (Docket Entry # 1124 at pg. 2). To establish a claim for willful infringement, a plaintiff must demonstrate infringement in addition to the following elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk. *See, e.g.*, *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007); *see also Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.,* 682 F.3d

1003 (Fed. Cir. 2012). At the pleading stage, the Plaintiff must establish a good faith basis for alleging willful infringement. *In re Seagate*, 497 F.3d at 1374.  Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim. *See Execware, LLC v Staples, Inc.*, No. 11- 836, 2012 WL 6138340, at *7 (D. Del. Dec. 10, 2012) ("As previously stated, [plaintiff's] amended complaint relies solely on allegations that [defendant] was made aware of the '139 patent by the filing of the original complaint in the present action. As a result, its claim for willful infringement must fail.").

Defendants assert there are still no allegations that they had any pre-filing knowledge of the Asserted Patents.  Defendants assert they had no knowledge of the Patents-in-suit prior to Plaintiff's filing this lawsuit, and Plaintiff has not provided any evidence to the contrary.  Thus, according to Defendants, there is no basis for Plaintiff's willfulness allegations.

As noted above, in its FAC, Plaintiff alleges Defendants had knowledge of the Patents-in-Suit, including but not limited to at least one or more of the following:

> a. The Patents-in-Suit are prominent, pioneering patents in the field of monitoring and analyzing signals. This is evidenced, in part, by the extent to which each of these patents has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The Patents-in-Suit have been forward-cited in at least 50 U.S.-issued patents and patent applications, including patents originally assigned to such prominent companies as Microsoft, Agilent, Nvidia, and Avaya.
>
> b. Through the filing and known attempted service of the original Complaint in this lawsuit in February 2013.

*See* FAC, ¶38.  Similar allegations were made for the other Patents-in-Suit.

"A motion to dismiss is not the proper mechanism for the Court [to] make an 'assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *NovelPoint Security LLC v. Samsung Elecs. Am., Inc.*, No. 2:12-CV-

8

100 (Docket Entry # 126 at pg. 3)(E.D. Tex. July 22, 2013) (quoting *Twombly*, 127 S. Ct. at 1969 n.8). At issue in *NovelPoint* was whether the plaintiff's allegations of prominence of the patents-in-suit could support a claim of willful infringement. Magistrate Judge Payne held NovelPoint's pleadings plausibly stated a claim to relief, and he recommended the defendant's motion to dismiss NovelPoint's willful infringement claims be denied. Subsequently, the defendant and NovelPoint requested a stay of all pending deadlines to allow a settlement to be finalized.

Here, the Court finds Plaintiff's amended complaint, on its face, plausibly states a claim to relief. Plaintiff has sufficient pled willful infringement, by alleging Defendants likely knew of Blue Spike's patents pre-suit due to the patents' prominence, in addition to alleging the original complaint put Defendants on notice. Accordingly, the Court recommends that Defendants' motion to dismiss Plaintiff's willful infringement claims be denied.

Based on the foregoing, it is

**RECOMMENDED** that Cognitec Systems Corp. and Cognitec Systems GmbH's Motion to Dismiss Plaintiff's Indirect Infringement and Willful Infringement Claims Pursuant to FED. R. CIV. P. 12(b)(6) (Docket Entry # 1112) be **DENIED**.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 22nd day of July, 2014.**

*[signature: Caroline M. Craven]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE