UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, | § |
|     *Plaintiff*, | § Case No. 6:12-cv-499-MHS-CMC |
| v. | § Lead Case |
| Texas Instruments, Inc. et al., | § Jury Trial Demanded |
|     *Defendants*. | § |

**OPPOSED MOTION TO EXTEND DEADLINE BY 9 DAYS TO RESPOND TO AUDIBLE MAGIC'S DISCOVERY**

Counterdefendants Blue Spike, Inc. and Scott Moskowitz respectfully move the Court to extend the deadline by nine (9) days to respond to Defendant Audible Magic Corporation's ("Audible Magic") First Set of Interrogatories to Blue Spike, Inc., its First Set of Requests for Admission to Blue Spike, Inc., and its First Set of Interrogatories to Scott Moskowitz (collectively, "Discovery"). (Responses to Audible Magic's Discovery –Exhibits A, B, C). Audible Magic has refused to stipulate to this brief extension.

**I.      Factual Background**

Audible Magic electronically served its discovery at issue via an email sent by an employee at its local counsel's office of Findlay Craft on June 11, 2014. (Exhibit A at 5.) Blue Spike's counsel accountable for calendaring incoming deadlines was out of the office on paternity leave, and unfortunately there was a breakdown in the calendaring of the response deadlines for this

1

discovery and transmission of said discovery along to Counterdefendants Scott Moskowitz and Blue Spike, Inc. did not occur. *Id.*

On July 15, 2014, counsel for Audible Magic notified counsel for Blue Spike of the failure to respond to the discovery that it served on June 11, 2014. This was the first time lead trial counsel, for Blue Spike became aware of the calendaring mistake and requested until August 4, 2014 to respond. Audible Magic's counsel, the law firms of Orrick and Findlay Craft, refused to extend this courtesy. *Id.*

Then, counsel for Counterdefendants Scott Moskowitz and Blue Spike Inc., requested a shorter extension of the original deadline from July 14 to July 25, 2014. Again, counsel for Audible Magic refused to extend the requested courtesy. Instead, counsel for Audible Magic indicated that if Blue Spike would agree to admit the first five (5) request for admissions served upon Counterdefendant Blue Spike Inc. and waived all its objections in its responses to Blue Spike Inc.'s and Scott Moskowitz's responses to the served interrogatories (other than privilege), then they could have an extension to answer the reminder to July 25, 2014. *See* Exhibit A.

Lead counsel for Blue Spike took responsibility for the calendaring mistake, but explained it was the first time the firm had been fortunate enough to provide paternity leave to an associate, and a calendaring mistake occurred in the process. Counterdefendants' lead counsel explained to opposing counsel that it would be improper for its clients, Mr. Moskowitz, an

2

individual, and Blue Spike, Inc., to be forced to waive their objections to interrogatories and admit to requests for admissions. It is particularly troubling that Audible Magic even suggested this "compromise" after lead counsel explained to Audible Magic's counsel that the Counterdefendants never were sent the discovery at issue due to an internal calendaring mistake. Lead counsel emphasized to opposing counsel that this was not a situation where a client received discovery requests from its counsel and simply didn't provide responses – the clients never received the requests.

Unable to obtain stipulation from Audible Magic, Mr. Moskowitz and Blue Spike, Inc. now file this motion seeking an extension from the Court of 9 days.

**II.    Legal Standard**

    **A.    Court Has Authority to Extend Deadline to Respond to RFAs.**

Pursuant to Rule 36(a)(3), the Court has the authority to allow a party additional time to respond to Request for Admissions, beyond the 30 days articulated in Rule 36(a)(3).

Rule 36(a)(3) of the Federal Rules of Civil Procedure, recites that:

> Time to Respond [to Request for Admissions]; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. **A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court**.

3

F.R.C.P. 36(a)(3) (emphasis added).

Here, Audible Magic will not stipulate to the requested relief with respect to Request for Admissions it served on Blue Spike, Inc.

Accordingly, Blue Spike, Inc. now requests the Court issue an order providing Blue Spike, Inc. an additional nine (9) days to respond to Audible Magic's discovery to avoid admissions to requests that Blue Spike, Inc. did not even have the opportunity to review. Blue Spike Inc., requests this relief pursuant to Rule 36(a)(3).

### B. Court Has Authority to Extend Deadline to Respond to Interrogatories.

Pursuant to Rule 33(b)(2), the Court has the authority to allow a party additional time to respond to Interrogatories, above and beyond the 30 days articulated in Rule 33(b)(2).

Rule 33(b)(2) of the Federal Rules of Civil Procedure, recites that:

> Time to Respond [to Interrogatories]. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. **A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court**.

F.R.C.P. 33(b)(2) (emphasis added).

Here, Audible Magic will not stipulate to extend the deadline by nine (9) days for Counterdefendants Mr. Moskowitz and Blue Spike, Inc. to serve their responses.

4

Given that Audible Magic will not agree to an extension of the 30-day deadline another nine (9) days, Mr. Moskowitz and Blue Spike, Inc. now requests the Court issue an order allowing them the extra nine (9) days, pursuant to the Court's authority under Rule 33(b)(2).

### III.   Good Cause Exists to Grant the 9-day Extension.

Counterdefendants have met the "good cause" standard for the Court to allow them an extension of only nine (9) days to respond to the discovery served by Audible Magic.

#### A. Good Cause Exists – Movants Acted Diligently.

First, the Counterdefendants have acted diligently.  Within just eight (8) days of first being notified of their oversight, the Counterdefendants have already served their responses on Audible Magic.[1]  *See* Exhibits C, D, E.

#### B. Good Cause Exists – To Avoid Severe Prejudice to Movants.

Second, good cause exists to avoid sever prejudice to Counterdefendants.[2]  Audible  Magic  will  agree  to  provide  the

---

[1] Audible Magic notified counsel for Counterdefendants via an email dated July 15, 2014, which was just one day after the deadline to provide responses. *See* Exhibit A at 4.

[2] Both Counterdefendants Scott Moskowitz and Blue Spike, Inc. have pending motions to dismiss Defendant Audible Magic's Counterclaims 10 (unjust enrichment); Counterclaim 11 (Violation of The Lanham Act – 15 U.S.C. §1125(a); Counterclaim 12 (Infringement of U.S. Patent 6,834,308 (not asserted against Mr. Moskowitz) at Dkt. 1404.  Audible Magic re-filed its first 12 counterclaims again with one additional counterclaim (Dkt. 1438) – Counterclaim 13 for Common Law Unfair Competition.  *See* Dkt. Nos. 885, 1438, 993, 995, 1506, 1508.

Counterdefendants an extension only if Blue Spike, Inc. will admit with no reservations to Requests for Admissions 1, 2, 3, 4, and 5. *See* Exhibit A at 2; *see also* Exhibit C (recites RFAs 1-5). Given that the Counterdefendants have meritorious motions to dismiss pending before the Court, it appears Audible Magic is seeking waivers and admissions by a "gotcha" or "Rambo litigation tactic" that it would otherwise not be able to obtain on the merits.

This explains why Audible Magic would not stipulate to a brief extension. Audible Magic's actions are not proper under the Texas Creed of Ethics. *See* Exhibit B, Sections II. ¶¶4,10; Section III. ¶¶6,10. It's alarming behavior that should not be rewarded.

### C. Good Cause Exists – Audible Magic is Not Prejudiced.

Third, non-movant Audible Magic is not prejudiced by this brief extension. Audible Magic did not articulate any prejudice to obtaining responses a few days late. Given the Audible Magic now has the responses, it is difficult to understand any prejudice. *See* Exhibits C, D, E. Should it decide subjectively that the responses are not sufficient under the Rules of Civil Procedure, its rights under those procedural rules, including filing a motion to compel are still available to Audible Magic.

### D. Good Cause Exists – Blue Spike's Counsel Has Provided Multiple Extensions.

During any litigation, parties are constantly working together to file unopposed motions to extend deadlines. Just in the last two months, counsel

for Counterdefendants have agreed to provide extensions to Audible Magic on two major events in the primary case.

After conceding to the schedule the Defendants of this case advocated, Counsel for Plaintiff and Counterdefendants still agreed to provide Audible Magic a two-week extension to serve its invalidity contentions. This was not a quid pro quo arrangement, and was done so to avoid burden to the Court with motion practice and as professional courtesy. It was filed as joint motion, but it was in reality an unopposed motion by Audible Magic and other defendants.

Then, Counsel for Plaintiff and Counterdefendant granted Audible Magic a 9-day extension to lodge with the Court both its tutorials (one for the Blue Spike Patents-in-suit and another for Audible Magic's counterclaim asserting '308 patent). Plaintiff Blue Spike was concerned that the Defendants would use the additional time to outspend Blue Spike on the tutorial. Notwithstanding, Plaintiff agreed to not oppose Audible Magic's and the other defendants' request for an extension of the tutorial deadline.

Finally, when counsel for Audible Magic, the same counsel that took part in the L.R. CV-7(h) conference for this motion, still needed more time last week to complete their tutorials and pleaded with counsel for Plaintiff and Counterdefendants for yet another extension, again, as a professional courtesy, Counsel for Plaintiff and Counterdefendants provided the additional 7-day extension.

After making such concessions to Audible Magic, Blue Spike respectfully requests the Court not reward Audible Magic's unprofessional behavior.[3]

## IV. Conclusion

In summary, Counterdefendants Blue Spike, Inc. and Mr. Moskowitz are requesting 9 additional days to respond to the discovery, for which the responses have been served and are attached hereto as Exhibits C, D, and E. The discovery deadline in this case is still many months away, such that this extension does not prejudice Audible Magic.

For these reasons, movants respectfully ask the Court to allow them nine additional days to respond.

.

                                  Respectfully submitted,

                                  /s/ Randall T. Garteiser
                                Randall T. Garteiser
                                  Lead Attorney
                                  Texas Bar No. 24038912
                                  rgarteiser@ghiplaw.com
                                Christopher A. Honea
                                  Texas Bar No. 24059967
                                  chonea@ghiplaw.com
                                Christopher S. Johns
                                  Texas Bar No. 24044849
                                  cjohns@ghiplaw.com
                                Kirk J. Anderson
                                  California Bar No. 289043
                                Peter S. Brasher
                                  California Bar No. 283992

---

[3] *See* Ex. B, Texas Creed of Ethics, Section II, ¶¶4,10; Section III, ¶¶6,10.

            **GARTEISER HONEA, P.C.**
            218 North College Avenue
            Tyler, Texas 75702
            (903) 705-0828
            (888) 908-4400 fax

            *Counsel for Blue Spike, LLC*

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served today on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

    /s/ Randall Garteiser

**Certificate of Conference**

Pursuant to Local Rule CV-7(h), the undersigned certifies that lead counsel and local counsel for both parties met and conferred on July 18 and 21, 2014 in an effort to reach a resolution. Unfortunately, after attempting in good faith to resolve their differences, the parties were not able to reach a resolution. Counsel for Audible Magic indicated that unless Blue Spike Inc. admitted to Request for Admissions 1, 2, 3, 4, and 5, it would not agree to brief extension on the other served discovery requests.

    /s/ Randall Garteiser