# Exhibit B

# THE TEXAS LAWYER'S CREED
A MANDATE FOR PROFESSIONALISM

Promulgated by
The Supreme Court of Texas and the Court of Criminal Appeals
November 7, 1989

I am a lawyer. I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this creed for no other reason than it is right.

## I. OUR LEGAL SYSTEM

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

l.   I am passionately proud of my profession. Therefore, "My word is my bond."

2.   I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.

3.   I commit myself to an adequate and effective pro bono program.

4.   I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.

5.   I will always be conscious of my duty to the judicial system.

## II. LAWYER TO CLIENT

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

l.   I will advise my client of the contents of this creed when undertaking representation.

2.   I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.

3.   I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and
       independent advice.

4.   I will advise my client that civility and courtesy are expected and are not a sign of weakness.

5.  I will advise my client of proper and expected behavior.

6.  I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive
     conduct.

7.  I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party.

8.  I will advise my client that we will not pursue tactics which are intended primarily for delay.

9.  I will advise my client that we will not pursue any course of action which is without merit.

10.  I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my
     client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.

11.  I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

---

**III. LAWYER TO LAWYER**

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1.  I will be courteous, civil, and prompt in oral and written communications.

2.  I will not quarrel over matters of form or style, but I will concentrate on matters of substance.

3.  I will identify for other counsel or parties all changes I have made in documents submitted for review.

4.  I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit
     provisions which are necessary to reflect the agreement of the parties.

5.  I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or
     closings are cancelled.

6.  I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be
     adversely affected.

7. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.

8. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.

9. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage
    nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me.

10. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations
     of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling
     between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.

11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that
    counsel's intention to proceed.

12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the Court. I Will promptly
     approve the form of orders which accurately reflect the substance of the rulings of the Court.

13. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.

14. I will not arbitrarily schedule a deposition, court appearance, or hearing until a good faith effort has been made to schedule it by agreement.

15. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.

16. I will refrain from excessive and abusive discovery.

17. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give
     instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions
     which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.

18. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.

19. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

**IV. LAWYER AND JUDGE**

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

l.   I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.

2.   I will conduct myself in Court in a professional manner and demonstrate my respect for the Court and the law.

3.   I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.

4.   I will be punctual.

5.   I will not engage in any conduct which offends the dignity and decorum of proceedings.

6.   I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.

7.   I will respect the rulings of the Court.

8.   I will give the issues in controversy deliberate, impartial and studied analysis and consideration.

9.   I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

**ORDER OF THE SUPREME COURT OF TEXAS**
**AND THE COURT OF CRIMINAL APPEALS**

The conduct of a lawyer should be characterized at all times by honesty, candor, and fairness. In fulfilling his or her primary duty to a client, a lawyer must be ever mindful of the profession's broader duty to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals are committed to eliminating a practice in our State by a minority of lawyers of abusive tactics which have surfaced in many parts of our country. We believe such tactics are a disservice to our citizens, harmful to clients, and demeaning to our profession.

The abusive tactics range from lack of civility to outright hostility and obstructionism. Such behavior does not serve justice but tends to delay and often deny justice. The lawyers who use abusive tactics instead of being part of the solution have become part of the problem.

The desire for respect and confidence by lawyers from the public should provide the members of our profession with the necessary incentive to attain the highest degree of

ethical and professional conduct. These rules are primarily aspirational. Compliance with the rules depends primarily upon understanding and voluntary compliance, secondarily upon re-enforcement by peer pressure and public opinion, and finally when necessary by enforcement by the courts through their inherent powers and rules already in existence.

These standards are not a set of rules that lawyers can use and abuse to incite ancillary litigation or arguments over whether or not they have been observed.

We must always be mindful that the practice of law is a profession. As members of a learned art we pursue a common calling in the spirit of public service. We have a proud tradition. Throughout the history of our nation, the members of our citizenry have looked to the ranks of our profession for leadership and guidance. Let us now as a profession each rededicate ourselves to practice law so we can restore public confidence in our profession, faithfully serve our clients, and fulfill our responsibility to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals hereby promulgate and adopt
**"The Texas Lawyer's Creed - A Mandate for Professionalism"** as attached hereto and made a part hereof.

*In Chambers, this 7th day of November, 1989.*

**The Supreme Court of Texas**

Thomas. R. Phillips, Chief Justice
Franklin S. Spears
C. L. Ray
Raul A. Gonzales
Oscar H. Mauzy
Eugene A. Cook
Jack Hightower
Nathan L. Hecht
Lloyd A. Doggett
Justices

**The Court of Criminal Appeals**

Michael J. McCormick, Presiding Judge
W. C. Davis
Sam Houston Clinton
Marvin O. Teague
Chuck Miller
Charles F. (Chuck) Campbell
Bill White
M. P. Duncan, III
David A. Berchelmann, Jr.
Judges