# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, INC.,** | § |
| *Plaintiff,* | § Consolidated Civil Action No. 6:12-CV-499-MHS-CMC |
| v. | § |
| **TEXAS INSTRUMENTS, INC.,** | § JURY TRIAL DEMANDED |
| *Defendant.* | § |

### <u>COUNTERDEFENDANT BLUE SPIKE INC.'S RESPONSES TO DEFENDANT AUDIBLE MAGIC'S FIRST SET OF REQUESTS FOR ADMISSION</u>

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the rules and orders of this Court, Plaintiff Blue Spike, Inc. hereby objects and responds to Defendant Audible Magic Corporation's ("Audible Magic's") First Set of Requests for Admission as follows:

### GENERAL OBJECTIONS

1. Blue Spike, Inc. objects to Defendant's definition of "Blue Spike, Inc." to the extent it includes anyone other than Blue Spike, Inc. Like Audible Magic's definition of itself in paragraph 6 of "Definitions and Instructions," Blue Spike, Inc. hereby responds on behalf of Blue Spike, Inc. only.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

Subject to the above General Objections, set forth below are Blue Spike, Inc.'s responses, to each individual Request for Admission. Blue Spike, Inc. reserves the right to amend and/or supplement the responses and objections to the Requests for Admission consistent with further investigation and discovery.

1

**REQUEST NO. 1:**

Admit that Blue Spike Inc. offered a product named "Giovanni Abstraction Machine" for sale on its Myshopify Webpage until at least December 2013.

**RESPONSE TO REQUEST NO. 1:**

DENIED.

**REQUEST NO. 2:**

Admit that Blue Spike Inc. has never written any source code relating to the Giovanni Abstraction Machine.

**RESPONSE TO REQUEST NO. 2:**

DENIED, as defined by Audible Magic above Blue Spike Inc. includes the accomplishments of Blue Spike's employees that were previously working in New Mexico under the direction of Mike Berry, the co-inventor of the patents-in-suit. Mike Berry or an employee under his control at the time, such as, Matt Ingalls that later went to work for Audible Magic in 2002 to 2003 time frame after working with Mike Berry in the 1999 time frame, may have written some source code relating to a product and/or service that over a decade later Blue Spike LLC has referred to on Shopify as the Giovanni Abstraction Machine. Scott Moskowitz, CEO of Blue Spike Inc. does not recall writing any source code.

**REQUEST NO. 3:**

Admit that Blue Spike Inc. has never possessed any source code relating to the Giovanni Abstraction Machine.

**RESPONSE TO REQUEST NO. 3:**

DENIED – as defined by Audible Magic above Blue Spike Inc. includes the accomplishments of Blue Spike's employees that were previously working in New Mexico under the direction of Mike Berry, the co-inventor of the patents-in-suit. During the 1999-2000 time frame, it is possible that Mike Berry or an employee under his control at the time, such as, Matt Ingalls, who later went to work for Audible Magic in 2002 to 2003 time frame, may have written some source code relating to a product and/or service that over a decade later is named Giovanni Abstraction Machine by Blue Spike LLC, who briefly offered it for sale on Shopify. Mike Berry has is own counsel and counsel for Blue Spike, Inc. has not been allowed to speak with Mike Berry by his attorney. Mike Berry has also been an employee of Adobe Systems, Inc. for over a decade, which further complicates access to Mike Berry as Adobe Systems, Inc. has been accused by Blue Spike LLC of infringing the patents-in-suit.

**REQUEST NO. 4:**

> Admit that the Giovanni Abstraction Machine, offered on Blue Spike's Myshopify Webpage until at least December 2013, never existed.

**RESPONSE TO REQUEST NO. 4:**

DENIED – First, Blue Spike, Inc., did not offer the Giovanni Abstraction Machine, so this Request for Admission is compound, misleading, and assumes facts not in evidence such as the Myshopify account belonged to Blue Spike, Inc. It did not. Instead, it belong to Blue Spike, LLC. Blue Spike, LLC provided for a brief period of time an product offering named Giovanni Abstraction Machine, which was a service that Blue Spike LLC offered to build, akin to a builder

3

being hired to build a house because he has the knowledge to do so in his possession. This is common in the software/firmware/hardware application space.

**REQUEST NO. 5:**

    Admit that the Giovanni Abstraction Machine, offered on Blue Spike's Myshopify Webpage until at least December 2013, never existed in any tangible form that could actually be purchased.

**RESPONSE TO REQUEST NO. 5:**

DENIED – First, Blue Spike, Inc., did not offer the Giovanni Abstraction Machine, so this Request for Admission is compound, misleading, and assumes facts not in evidence such as the Myshopify account belonged to Blue Spike, Inc. It did not. Instead, Blue Spike, LLC made the offer to sale the Giovanni Abstraction Machine on-line. Although referred to as the Giovanni Abstraction Machine, it was more of a service that Blue Spike LLC offered to build, akin to a builder being hired to build a house because he has the knowledge to do so in his possession. This is common in the software/firmware/hardware application space. Of course, after it is completed then it would be an engine or machine.

**REQUEST NO. 6:**

    Admit that Blue Spike Inc. communicated with Muscle Fish LLC (including its principals Erling Wold, Doug Keislar, Thom Blum or Jim Wheaton, or any other employee or representative), prior to the filing date of the Blue Spike Patents-in-Suit to discuss Muscle Fish's audio content recognition technology.

**RESPONSE TO REQUEST NO. 6:**

DENIED.

4

**REQUEST NO. 7:**

Admit that Blue Spike Inc. has destroyed documents evidencing communications and interactions between You and Muscle Fish LLC (including its principals Erling Wold, Doug Keislar, Thom Blum, or Jim Wheaton, or any other employee or representative), Wired Air LLC or Audible Magic Corp. (including their principals Vance Ikezoye and Jim Schrempp or any other employee or representative).

**RESPONSE TO REQUEST NO. 7:**

DENIED.

        Respectfully Submitted,

        <u>/s/ Randall T. Garteiser</u>
        Randall T. Garteiser
          Texas Bar No. 24038912
          rgarteiser@ghiplaw.com
        Christopher A. Honea
          Texas Bar No. 24059967
          chonea@ghiplaw.com
        Christopher S. Johns
          Texas Bar No. 24044849
          cjohns@ghiplaw.com
        Kirk J. Anderson
          California Bar No. 289043
        Peter S. Brasher
          California Bar No. 283992
        **GARTEISER HONEA, P.C.**
        218 N. College Ave.
        Tyler, Texas 75702
        Telephone: (903) 705-7420
        Facsimile: (888) 908-4400

        ***Counsel for Blue Spike LLC***

## CERTIFICATE OF SERVICE

I, Randall Garteiser, certify that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(c) on July 23 to the following email addresses:

| | |
|---|---|
| Alyssa Margaret Caridis | acaridis@orrick.com |
| Christopher J. Higgins | chiggins@orrick.com |
| Gabriel M. Ramsey | gramsey@orrick.com |
| Indra N. Chatterjee | nchatterjee@orrick.com |
| Eric Hugh Findlay | efindlay@findlaycraft.com |
| Walter Wayne Lackey, Jr. | wlackey@findlaycraft.com |
| | audibleMagic-bluespike@orrick.com |

/s/ Randall Garteiser
Randall Garteiser