# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, INC.**, <br><br> *Plaintiff*, <br><br> v. <br><br> **TEXAS INSTRUMENTS, INC.**, <br><br> *Defendant*. | Consolidated Civil Action No. 6:12-CV-499-MHS-CMC <br><br> **JURY TRIAL DEMANDED** |

### COUNTERDEFENDANT BLUE SPIKE INC.'S RESPONSES TO DEFENDANT AUDIBLE MAGIC'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the rules and orders of this Court, Plaintiff Blue Spike, Inc. hereby objects and responds to Defendant Audible Magic Corporation's ("Audible Magic's") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Blue Spike, Inc. makes the following General Objections to Audible Magic's First Set of Interrogatories, which apply to each Interrogatory therein regardless of whether a General Objection is specifically incorporated into a response to a particular Interrogatory.

1.  Blue Spike, Inc. objects to Defendant's definition of "Blue Spike, Inc." to the extent it includes anyone other than Blue Spike, Inc. Like Audible Magic's definition of itself in paragraph 3 of "Definitions and Instructions," Blue Spike, Inc. hereby responds on behalf of Blue Spike, Inc. only.

2.  Blue Spike, Inc. objects to each Interrogatory to the extent it seeks information of a third party that is in Blue Spike, Inc.'s possession, custody or control but subject to an obligation of confidentiality to a third party.

1

3. Blue Spike, Inc.'s discovery and investigation in connection with this litigation are continuing.  As a result, Blue Spike, Inc.'s responses are limited to information obtained to date, and are given without prejudice to Blue Spike, Inc.'s right to amend or supplement its responses after considering information obtained through further discovery or investigation. Blue Spike, Inc. expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail the first public use, public disclosure, offer for sale, sale, and importation of each product or service developed, offered for sale, or sold by Blue Spike, Inc. that embodies any of the alleged invention(s) claimed in the Blue Spike Patents-in-Suit.  Such description should identify each practicing or embodying product or service by name and version number and provide a chart explaining with particularity where each claim element is found within each such product or service.

**RESPONSE TO INTERROGATORY NO. 1:**

Counterdefendant Blue Spike, Inc. responds that it has never publicly used or disclosed, sold, or imported any product or service embodying the inventions claimed in the Blue Spike Patents-in-Suit.

**INTERROGATORY NO. 2:**

For all products or services identified in response to Interrogatory No. 1, describe in detail the sales, revenues, profits/losses, and customers of such products or services during the periods of time when they practiced or embodied the claimed inventions of the Blue Spike Patents-in-Suit.

**RESPONSE TO INTERROGATORY NO. 2:**

There were no sales of the product identified in response to Interrogatory No. 1 to Blue Spike, Inc.

**INTERROGATORY NO. 3:**

Describe in detail each offer for sale, actual sale, or negotiation involving rights in any patent assigned to Blue Spike, Inc. or in any patent in which Blue Spike, Inc. has any right, interest, or title. Such offers for sale, actual sales, or negotiations of rights include, but are not limited to, any form of license, assignment, or covenant not to sue.

**RESPONSE TO INTERROGATORY NO. 3:**

Pursuant to Federal Rule of Civil Procedure 33(d), Blue Spike, Inc. produced its prior RPX Agreement in this lawsuit, even though Blue Spike Inc. is not asserting the Blue Spike LLC Patents-in-suit.

**INTERROGATORY NO. 4:**

For the Audible Magic Patent-in-Suit, state the date when you first became aware of such patent and describe the circumstances, including the person(s) who gained such knowledge and all documents that refer or relate to those circumstances.

**RESPONSE TO INTERROGATORY NO. 4:**

Blue Spike Inc., the company answering this interrogatory on its own behalf, previously indicated in a response by Blue Spike LLC that the '308 Patent was disclosed in an Information Disclosure Statement submitted to the United States Patent and Trademark Office ("USPTO") during the prosecution of the patents-in-suit on or about December 26, 2007 in Application No.12/005,229 and produced in this litigation at Blue Spike LLC production number BLU000796. Blue Spike, Inc.'s CEO does not recall the exact manner in which the reference came to be in his possession at the current time. It may have came into his possession by one of

3

his attorneys', such as Floyd Chapman. The '308 patent first appears in an Information Disclosure Statement for the patents-in-suit in the year 2007. This was well over 6 years ago. Also, Blue Spike, Inc.'s counsel has not been able to make inquiries of Mike Berry, a former employee of Blue Spike, Inc. and the co-inventor of the patents-in-suit that worked in New Mexico at a different location than Blue Spike, Inc.'s CEO Scott Moskowitz in Florida.

Mr. Mike Berry is currently represented by his own counsel and has been employed for over a decade at Adobe Systems, Inc., a company that is involved in the current patent infringement litigation. Accordingly, this response does not include input from Mike Berry, a former employee that Blue Spike, Inc. cannot contact him and has attempted to do so through his counsel.

**INTERROGATORY NO. 5:**

Identify all offers for sale, sales, leases, and licenses to the Accused Blue Spike Product including, for each such transaction, the model and number of units offered for sale, sold, leased, or licensed, the date of the transaction, the name of the customer, the amount paid by the customer, and all other terms of the transaction.

**RESPONSE TO INTERROGATORY NO. 5:**

Counterdefendant Blue Spike, Inc. did not offer for sale a product or service named the Giovanni Abstraction Machine.

**INTERROGATORY NO. 6:**

Identify all customer (actual or potential) inquiries regarding the Accused Blue Spike Product including, for each such inquiry, the date of the inquiry, a description of the inquiry, the name of the customer, and any follow-up efforts made by you.

**RESPONSE TO INTERROGATORY NO. 6:**

Counterdefendant Blue Spike, Inc. did not offer for sale a service named the Giovanni Abstraction Machine.

**INTERROGATORY NO. 7:**

Describe, in detail, all communications and interactions between Scott Moskowitz (CEO of Blue Spike, Inc. and named inventor on the Blue Spike Patents-in-Suit) and Muscle Fish LLC (including its principals Erling Wold, Doug Keislar, Thom Blum and Jim Wheaton or any other employee or representative), Wired Air LLC or Audible Magic Corp. (including their principals Vance Ikezoye and Jim Schrempp or any other employee or representative).

**RESPONSE TO INTERROGATORY NO. 7:**

Blue Spike, Inc. responds pursuant to Federal Rule of Civil Procedure 33(d) by directing Defendant to the documents Blue Spike, Inc. previously produced with Bates labels BLU019988-BLU019990; BLU013183-BLU013192, BLU013194, and BLU13196-BLU013201.

**INTERROGATORY NO. 8:**

Describe, in detail, all facts, information and beliefs within the knowledge or possession of Scott Moskowitz (CEO of Blue Spike, Inc. and named inventor on the Blue Spike Patents-in-Suit) regarding the products, services or activities of Muscle Fish LLC, Wired Air LLC and Audible Magic Corp. prior to September 7, 2000.

**RESPONSE TO INTERROGATORY NO. 8:**

Counterdefendant Blue Spike, Inc. responds that, pursuant to Federal Rule of Civil Procedure 33(d), Bates-labeled BLU013183 – BLU013192, BLU013194, and BLU13196 – BLU013201.  Blue Spike, Inc. had Muscle Fish LLC perform some contracting work for Blue Spike, Inc., as described at BLU019988-BLU019990 on or about January 8, 1999 whereby Blue Spike, Inc. paid Muscle Fish $1,500 to do some programming work for Blue Spike, Inc. on a contract basis for a product not at issue in Blue Spike LLC v. Texas Instruments, Inc., Case No

6:12-cv-499-MHS-C. Blue Spike, Inc.'s CEO Scott Moskowitz does not recall any interactions with Wired Air LLC. Blue Spike, Inc.'s counsel has not been able to make inquiries of Mike Berry, a former employee of Blue Spike that worked in New Mexico away at a different location than Blue Spike, Inc.'s CEO Scott Moskowitz in Florida. Mr. Mike Berry is represented by his own counsel and has worked for Adobe Systems, Inc., a company that is involved in the current patent infringement litigation, for over a decade.

Accordingly, this response does not include input from Mike Berry, who is the co-inventor of the patents-in-suit in this litigation.

**INTERROGATORY NO. 9:**

Describe, in detail, your search methodology for documents that have been or will be produced in this action, including all paper and electronic sources that have been or will be searched and the identity of all persons who are or have been custodians of any such sources.

**RESPONSE TO INTERROGATORY NO. 9:**

Disclosure of "search methodologies" constitutes information protected by the attorney-client, work-product, or common-interest privilege, or any other applicable privilege or protection. Blue Spike, Inc. is available to meet and confer on this interrogatory in the hopes that it can be served as a new interrogatory that does not require disclosure of privileged information.

**INTERROGATORY NO. 10:**

Describe, in detail, your reason for creating a webpage on blue-spike.myshopify.com offering the Giovanni® Abstraction Machine™ for sale (see https://web.archive.org/web/20130823173626/http://blue-spike.myshopify.com/products/giovanni-abstraction-recognitionmachine); including your reason for removing the Giovanni® Abstraction Machine™ content from that site.

6

**RESPONSE TO INTERROGATORY NO. 10:**

Counterdefendant Blue Spike, Inc. did not offer for sale a product and/or service named the Giovanni Abstraction Machine.

.

    Respectfully Submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

***Counsel for Blue Spike LLC***

### CERTIFICATE OF SERVICE

       I, Randall Garteiser, certify that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(c) on July 23, 2014 to the following email addresses:

| | |
|---|---|
| Alyssa Margaret Caridis | acaridis@orrick.com |
| Christopher J. Higgins | chiggins@orrick.com |
| Gabriel M. Ramsey | gramsey@orrick.com |
| Indra N. Chatterjee | nchatterjee@orrick.com |
| Eric Hugh Findlay | efindlay@findlaycraft.com |
| Walter Wayne Lackey, Jr. | wlackey@findlaycraft.com |
| | audibleMagic-bluespike@orrick.com |

                                                  /s/ Randall T. Garteiser