# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, INC.,** | § § § | |
| *Plaintiff*, | § § | Consolidated Civil Action No. 6:12-CV-499-MHS-CMC |
| v. | § § § | |
| **TEXAS INSTRUMENTS, INC.,** | § § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § § § | |

## COUNTERCLAIM DEFENDANT MOSKOWITZ'S RESPONSES TO DEFENDANT AUDIBLE MAGIC'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the rules and orders of this Court, Counterclaim Defendant Scott Moskowitz ("Moskowitz") hereby objects and responds to Defendant Audible Magic Corporation's ("Audible Magic's") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Moskowitz makes the following General Objections to Audible Magic's First Set of Interrogatories, which apply to each Interrogatory therein regardless of whether a General Objection is specifically incorporated into a response to a particular Interrogatory.

1. Moskowitz objects to Defendant's definition of "Moskowitz" to the extent it includes anyone other than himself. Like Audible Magic's definition of itself in paragraph 4 of "Definitions and Instructions," Moskowitz hereby responds on behalf of himself only.

2. Nothing in these responses is an admission by Moskowitz of the existence, relevance, or admissibility of any information or document. Moskowitz reserves all objections and other questions as to competency, relevance, materiality, privilege, or admissibility related to

1

the use of its response and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

      3.      Moskowitz objects to each Interrogatory, Definition, or Instruction to the extent it purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties to this action.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the circumstances surrounding the conception and reduction to practice of the alleged invention(s) for each asserted claim of the Blue Spike Patents-in-Suit on a claim-by-claim basis, including the precise dates of conception and of actual or constructive reduction to practice, the date and circumstances of first experimental or test use, the steps constituting diligence from conception to actual or constructive reduction to practice, and identify the evidence that supports your contentions. Such description should include the priority date that you assert corresponds to each asserted claim. Such description should also include an identification of each person, including third parties, who worked on the development of the alleged invention described and claimed in each asserted claim, including each person's role.

**RESPONSE TO INTERROGATORY NO. 1:**

Moskowitz also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable protection from discovery. Moskowitz further objects to this Interrogatory on the grounds that the phrase "first experimental or test use" and the term "development" are vague and ambiguous, or are legal terms and Moskowitz is not an attorney. Moskowitz also objects to this Interrogatory as premature and unduly burdensome to the extent that it seeks information likely to depend on construction of claim terms and/or expert analysis of the Patents-in-Suit, the deadlines for which have not yet be established.

Subject to and without waiving its General and Specific Objections, Moskowitz responds that he founded Blue Spike, Inc. in or about November 1997.  Scott Moskowitz along with Mr. Michael Berry, filed the patent application related to signal recognition technology in or about September 2000, which issued as the '472 Patent.  Prior to September 2000, Moskowitz circulated draft applications to his attorney Floyd Chapman as reflected in the privilege log of Blue Spike, LLC. Along with his team, he worked on other projects as well, including digital watermarking. In describing this pioneering technology, Moskowitz coined the term "signal abstracting," which enhanced the ability to catalogue, archive, identify, authorize, transact, and monitor the use and/or application of signals such as images (for example, photographs, paintings, and scanned fingerprints), audio (for example, songs, jingles, commercials, movies soundtracks, and their versions), video (for example, videos, television shows, commercials, and movies), and multimedia works.  Pursuant to Federal Rule of Civil Procedure 33(d), Moskowitz refers Defendant to Plaintiff's Initial Disclosures and initial document production Bates-labeled BLU000001 – BLU002261, and the tutorial Blue Spike LLC created for the court of the patents-in-suit that that will be served on Audible Magic and lodged with the Court per the Court's order on July 25, 2014.  Moskowitz may be able to supplement this interrogatory once additional documentation requested previously from Floyd Chapman is provided to counsel for Moskowitz.

**INTERROGATORY NO. 2:**

Describe, in detail, all communications and interactions between You and Muscle Fish LLC (including its principals Erling Wold, Doug Keislar, Thom Blum and Jim Wheaton or any other employee or representative), Wired Air LLC or Audible Magic Corp. (including their principals Vance Ikezoye and Jim Schrempp or any other employee or representative).

3

**RESPONSE TO INTERROGATORY NO. 2:**

Moskowitz responds pursuant to Federal Rule of Civil Procedure 33(d) by directing Defendant to the documents previously produced with Bates labels BLU013183 – BLU013192, BLU013194, and BLU13196 – BLU013201.

**INTERROGATORY NO. 3:**

Describe, in detail, all facts, information and beliefs within the knowledge or possession of You regarding the products, services or activities of Muscle Fish LLC, Wired Air LLC and Audible Magic Corp. prior to September 7, 2000.

**RESPONSE TO INTERROGATORY NO. 3:**

Pursuant to Federal Rule of Civil Procedure 33(d), Bates-labeled BLU013183 – BLU013192, BLU013194, and BLU13196 – BLU013201.  Blue Spike, Inc. had Muscle Fish LLC perform some contracting work for Blue Spike, Inc., as described at BLU019988-BLU019990 on or about January 8, 1999 whereby Blue Spike, Inc. paid Muscle Fish $1,500 to do some programming work for Blue Spike, Inc. on a contract basis for a product not at issue in Blue Spike LLC v. Texas Instruments, Inc., Case No 6:12-cv-499-MHS-CMC.

Respectfully Submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com

4

           Christopher S. Johns
             Texas Bar No. 24044849
             cjohns@ghiplaw.com
           Kirk J. Anderson
             California Bar No. 289043
           Peter S. Brasher
             California Bar No. 283992
           **GARTEISER HONEA, P.C.**
           218 N. College Ave.
           Tyler, Texas 75702
           Telephone:  (903) 705-7420
           Facsimile:  (888) 908-4400

           ***Counsel for Blue Spike LLC***

5

### CERTIFICATE OF SERVICE

      I, Randall Garteiser, certify that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(c) on July 23 to the following email addresses:

| | |
|---|---|
| Alyssa Margaret Caridis | acaridis@orrick.com |
| Christopher J. Higgins | chiggins@orrick.com |
| Gabriel M. Ramsey | gramsey@orrick.com |
| Indra N. Chatterjee | nchatterjee@orrick.com |
| Eric Hugh Findlay | efindlay@findlaycraft.com |
| Walter Wayne Lackey, Jr. | wlackey@findlaycraft.com |
| | audibleMagic-bluespike@orrick.com |

                                                      /s/ Randall Garteiser
                                                      Randall Garteiser