UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § | Jury Trial Demanded |
| *Defendants.* | § § § | |

### ORDER GRANTING COUNTERDEFENDANT SCOTT MOSKOWITZ'S MOTION TO DISMISS AUDIBLE MAGIC CORPORATION'S COUNTERCLAIMS 1-11, 13
### [DKT. 885, DKT. 1438]

On this day came for consideration Counterdefendant Scott Moskowitz's ("Moskowitz's") Motion to Dismiss Defendant Audible Magic Corporation's ("Defendant's") Counterclaims in the above-captioned proceeding pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 993. The parties agreed to only conduct motion practice in a supplement manner to address Audible Magic's Counterclaim 13 (Dkt 14238) and Moskowitz's supplement motion with respect to Counterclaim 13 at Dkt. 1506. Having considered both Moskowitz's motion, supplement motion, and supporting papers, and Defendant's opposition and supporting papers, the Court is of the opinion that said motion should be GRANTED.

Defendant's counterclaims 1 through 9 are dismissed because Moskowitz has no legal rights in the patents-in-suit. Moskowitz is no longer a proper party to lawsuits concerning these patents, and there is no active case or controversy. Defendant's counterclaim 10 is dismissed because unjust enrichment is not recognized as an

independent cause of action under Texas law. Defendant's counterclaim 11 is dismissed because it is not actionable under the Lanham Act. The statement on which counterclaim 11 relies does not refer to a commercial good or service, is immaterial, and is not sufficiently specific or measurable. Defendant also has failed to allege a basis for imposing personal liability on Moskowitz for a statement allegedly published on a company website.

Similarly, with respect to Counterclaim 13 Defendant has to meet the threshold requirement of showing that either of these statements can support a claim for common-law unfair competition. More fundamental, though, even if these statements could support a claim for common-law unfair competition, Audible Magic has failed to plead all of required elements of such a claim.

IT IS HEREBY ORDERED that Counterdefendant Scott Moskowitz's Motion to Dismiss is hereby granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

IT IS SO ORDERED.