UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, | § |
| *Plaintiff,* | § § § CASE NO. 6:12-cv-499 MHS |
| v. | § LEAD CASE |
| Texas Instruments, Inc., et al., | § § Jury Trial Demanded |
| *Defendants.* | § § § |

**ORDER GRANTING BLUE SPIKE, LLC'S MOTION TO DISMISS AUDIBLE MAGIC CORPORATION'S COUNTERCLAIMS 10, 11, 13**
**[DKT. 885, DKT. 1438]**

On this day came for consideration Blue Spike, LLC's ("Blue Spike's") Motion to Dismiss Defendant Audible Magic Corporation's ("Defendant's") Counterclaims in the above-captioned proceeding pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Having considered both Blue Spike's motion and supporting papers, and Defendant's opposition and supporting papers, the Court is of the opinion that said motion should be GRANTED.

Defendant's counterclaim 10 is dismissed because unjust enrichment is not recognized as an independent cause of action under Texas law. Defendant's counterclaim 11 is dismissed because it is not actionable under the Lanham Act. The statement on which counterclaim 11 relies does not refer to a commercial good or service, is immaterial, and is not sufficiently specific or measurable.

Similarly, with respect to Counterclaim 13 Defendant has not met the threshold requirement of showing that either of these alleged actionable statements can support a

claim for common-law unfair competition. More fundamental, though, even if these statements could support a claim for common-law unfair competition, Audible Magic has failed to plead all of required elements of such a claim.

IT IS HEREBY ORDERED that Blue Spike LLC's Motion to Dismiss is hereby granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

IT IS SO ORDERED.