

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel +1-650-614-7400
fax +1-650-614-7401
WWW.ORRICK.COM

May 14, 2014

Randall Garteiser
Garteiser Honea, PC
218 North College Avenue
Tyler, Texas 75702

Re:   *Blue Spike, LLC v. Audible Magic Corporation, et al., 6:12-cv-576 (E.D. Texas)*

Dear Randall:

Thank you for the telephonic meet and confer yesterday regarding the document production issues. We look forward to receiving additional materials on May 23. I am hopeful that we'll see an additional production, in line with what the rules require. Assuming our concerns are not resolved at that point, we must insist that we confer promptly thereafter, to keep this process moving and to try to avoid motion practice.

I write, though, primarily about our discussion yesterday regarding the "Giovanni Abstraction Machine." In our call, you suggested that notwithstanding Blue Spike's offer for sale of that accused product, there may not be a Giovanni Abstraction Machine product. Rather, you characterized this as a "planned service" and represented that your client has removed the Internet site where this accused product is being offered for sale. You also made several statements that I understood to mean that your client may not, in fact, possess any Giovanni Abstraction Machine code. Your client has stated in its disclosures that there have been no sales of the Giovanni Abstraction Machine and recently you have suggested that Audible Magic drop its patent claim for that reason. You suggested on our call that your client might be amenable to stipulating to an injunction, for example.

If Blue Spike will provide written confirmation of several factual issues regarding the Giovanni Abstraction Machine, along the lines of the following, our client may consider dismissing the patent infringement counterclaim, as further discussed below. Audible Magic would require written confirmation by Blue Spike, LLC, Blue Spike, Inc. and Mr. Moskowitz of the following factual matters:

- That the Giovanni Abstraction Machine offered on the Internet never existed.

- That the description of the Giovanni Abstraction Machine on the Internet did not accurately describe what Blue Spike and Mr. Moskowitz actually possessed and offered for sale.

- That the Giovanni Abstraction Machine offered for sale never existed in any tangible form that could actually be purchased.


**ORRICK**

Page 2

- That the Giovanni Abstraction Machine or any substantially similar product has never been made, used, sold or imported.

- That Blue Spike, Inc., Blue Spike, LLC and Mr. Moskowitz will not sell the Giovanni Abstraction Machine or any substantially similar product going forward.

If Blue Spike, Inc., Blue Spike LLC and Mr. Moskowitz will provide written confirmation of these facts, in a sworn declaration for example by Mr. Moskowitz on behalf of himself and the Blue Spike entities, then our client may be amenable to dismissing the patent infringement counterclaim. However, we have reviewed the evidence again and it appears that Mr. Moskowitz offered the accused Giovanni Abstraction Machine for $10,000 and was, at the very least, attempting to enter this market with an infringing product, causing damage to Audible Magic. Further, while you have stated that there have been no sales of the accused product, we have seen no substantiation of that fact.

Further, if our client can get to comfort, based on such factual confirmations, that dismissal is an acceptable outcome, please understand clearly that (1) any such dismissal would be without prejudice, (2) that Audible Magic will reserve the right to sue for past damages if the factual confirmations made pursuant to above points are determined to be untrue and Moskowitz and the Blue Spike entities must waive any time-based defenses, (3) Audible Magic would require that Blue Spike stipulate to an injunction against making, using, selling, offering for sale or importing the Giovanni Abstraction Machine or any substantially similar product going forward.

Please let us know your client's position on this matter. We can set up a further call to discuss the matter, if that would be useful.

Sincerely,

Gabriel M. Ramsey