# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br><br>　　*Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br><br>　　*Defendants*.<br>_____ | §§§§§§§§§§ | Civil Action No. 6:12-CV-499-LED<br><br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br><br>　　*Plaintiff*,<br><br>v.<br><br>AUDIBLE MAGIC CORPORATION, ET AL.<br><br>　　*Defendants*.<br>_____ | §§§§§§§§§§§ | Civil Action No. 6:12-CV-576-LED<br><br>(CONSOLIDATED WITH 6:12-CV-499)<br><br>JURY TRIAL DEMANDED |

**AUDIBLE MAGIC, CORP.'S FIRST SET OF REQUESTS FOR ADMISSION TO COUNTERCLAIM DEFENDANT BLUE SPIKE, INC.**

**PROPOUNDING PARTY:**　　**AUDIBLE MAGIC, INC.**
**RESPONDING PARTY:**　　**BLUE SPIKE, INC.**
**SET NUMBER:**　　**ONE**

　　Defendant and Counterclaimant Audible Magic Corporation ("Audible Magic") hereby demands pursuant to Federal Rules of Civil Procedure 26 and 36 that counterclaim defendant Blue Spike, Inc. respond to the following requests for admission within thirty (30) days. The following definitions and instructions apply:

1

**I.     DEFINITIONS AND INSTRUCTIONS**

1. Each Request for Admission below shall be admitted unless, within thirty (30) days of service of the Request, Blue Spike serves upon Audible Magic a written answer or objection addressed to the matter.

2. If an objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reason why Blue Spike cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Blue Spike qualify an answer or deny only a part of the matter of which an admission is requested, Blue Spike shall specific so much of it as true and qualify or deny the remainder.

3. A response "lack of information" is insufficient unless Blue Spike states that it has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable Blue Spike to admit or deny.

4. "Blue Spike, Inc.," "You," or "Your" means Blue Spike, Inc., and its employees, representatives, related entities, affiliates, successors, predecessors, subsidiaries, parents, and other entities acting on its behalf.

5. "Blue Spike Patents-in-Suit" means U.S. Patent No. 7,346,472, U.S. Patent No. 7,660,700, U.S. Patent No. 7,949,494, and U.S. Patent No. 8,214,175 as well as any other patents asserted in this lawsuit.

6. "Audible Magic" means Audible Magic Corporation.

7. "Audible Magic Patent-in-Suit" means U.S. Patent No. 6,834,308.

8. "Accused Blue Spike Product" means the Giovanni Abstraction Machine.

9. "Myshopify Webpage" means the webpage found at the following url: http://blue-spike.myshopify.com/

10. "Any" shall be understood to include and encompass "all," and "each" shall be understood to include and encompass "every."

11. The singular shall always include the plural and the present tense shall also include the past tense.

12. "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

## II. REQUESTS

**REQUEST NO. 1:**

Admit that Blue Spike Inc. offered a product named "Giovanni Abstraction Machine" for sale on its Myshopify Webpage until at least December 2013.

**REQUEST NO. 2:**

Admit that Blue Spike Inc. has never written any source code relating to the Giovanni Abstraction Machine.

**REQUEST NO. 3:**

Admit that Blue Spike Inc. has never possessed any source code relating to the Giovanni Abstraction Machine.

**REQUEST NO. 4:**

Admit that the Giovanni Abstraction Machine, offered on Blue Spike's Myshopify Webpage until at least December 2013, never existed.

**REQUEST NO. 5:**

Admit that the Giovanni Abstraction Machine, offered on Blue Spike's Myshopify Webpage until at least December 2013, never existed in any tangible form that could actually be purchased.

**REQUEST NO. 6:**

Admit that Blue Spike Inc. communicated with Muscle Fish LLC (including its principals

3

Erling Wold, Doug Keislar, Thom Blum or Jim Wheaton, or any other employee or representative), prior to the filing date of the Blue Spike Patents-in-Suit to discuss Muscle Fish's audio content recognition technology.

**REQUEST NO. 7:**

Admit that Blue Spike Inc. has destroyed documents evidencing communications and interactions between You and Muscle Fish LLC (including its principals Erling Wold, Doug Keislar, Thom Blum, or Jim Wheaton, or any other employee or representative), Wired Air LLC or Audible Magic Corp. (including their principals Vance Ikezoye and Jim Schrempp or any other employee or representative).

Dated: June 11, 2014

By:

>*/s/ Eric H. Findlay*
>Eric H. Findlay (Texas Bar No. 00789886)
>Walter W. Lackey, Jr. (Texas Bar No. 24050901)
>FINDLAY CRAFT, P.C.
>102 North College Ave., Suite 900
>Tyler, TX 75702
>Telephone: (903) 534-1100
>Facsimile: (903) 534-1137
>efindlay@findlaycraft.com
>wlackey@findlaycraft.com
>
>I. Neel Chatterjee
>Gabriel M. Ramsey
>ORRICK, HERRINGTON & SUTCLIFFE, LLP
>1000 Marsh Road
>Menlo Park, CA 94025
>Telephone: (650) 614-7400
>Facsimile: (650) 614-7401
>gramsey@orrick.com
>nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th St, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
chiggins@orrick.com

*Attorneys For Defendant and Counterclaimant
Audible Magic Corp.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on June 11, 2014.

*/s/ Eric H. Findlay*
Eric H. Findlay