IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> TEXAS INSTRUMENTS, INC., *et al.*, <br><br> *Defendants*. | Civil Action No. 12-CV-499-MHS-CMC <br><br> LEAD CASE <br><br> JURY TRIAL DEMANDED |

**DECLARATION OF PETER S. BRASHER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL [DKT. 1617]**

I, Peter S. Brasher, declare as follows:

1. I, Peter S. Brasher, am an attorney at the law firm of Garteiser Honea, PLLC. We represent Plaintiff Blue Spike, LLC in this lawsuit. I have personal knowledge of the information contained in this declaration and can testify to the truth of these statements.

2. Attached hereto as Exhibit 1 is a true and correct copy of an email between Rick Neifeld and myself in which I requested additional documents to produce to Audible Magic.

3. Attached hereto as Exhibit 2 is a true and correct copy emails between Randall Garteiser Floyd Chapmen in which Mr. Garteiser requests additional documents to produce to Audible Magic.

4. I held a meet and confer with Attorney Christopher Higgins related to Audible Magic's discovery requests on June 23, 2014.

5. Neither lead nor local counsel for Plaintiff or Defendant participated in or was present for the June 23, 2014 meet and confer.

6.  I indicated to Mr. Higgins that Blue Spike, LLC would provide documents directly responsive to Audible Magic's requests by Friday June 27. Blue Spike, LLC provided 3,300 pages of documents responsive to Audible Magic's requests for documents.

7.  On June 23, I also indicated to Mr. Higgins that I would provide responses to Audible Magic's fourteen requests for documents. Blue Spike provided the same.

8.  I indicated to Mr. Higgins that Blue Spike would supplement its interrogatory responses by no later than Wednesday June 25. Blue Spike provided its supplemental responses to Audible Magic's discovery requests in the time it indicated.

9.  Before Audible Magic filed its motion to compel, Blue Spike, LLC agreed to provide all of the requested information but given the breadth and scope of Audible Magic requests and coordination with third parties, Blue Spike, LLC could not provide a date certain to provide *all* of the requested documents.

10. Blue Spike, LLC and Audible Magic did not meet and confer regarding Blue Spike's supplemental responses to interrogatories or regarding Blue Spike's response that it would provide all of the documents that Audible Magic requested.

11. Counsel for Blue Spike, LLC contacted third party attorney Rick Neifeld (attorney for Mr. Moskowitz during prosecution of all of the patents-in-suit) in order to locate any outstanding files related to Mr. Moskowitz, Blue Spike, LLC, and Blue Spike, Inc. in direct response to Audible Magic's requests. Attached here as Exhibit 1. Mr. Neifeld has not responded or returned counsel's emails and phone calls. Mr. Neifeld has previously turned over to Plaintiff Blue Spike, LLC several hundred documents including

emails and drafts of PTO filings related to many of Mr. Moskowitz's patents. Those communications related to this case are included in Blue Spike, LLC's privilege log.

12. Counsel for Blue Spike, LLC contacted third party attorney Floyd Chapman (attorney for Mr. Moskowtiz during filing of all of the patents-in-suit) in order to locate any outstanding files related to Mr. Moskowitz, Blue Spike, LLC, and Blue Spike, Inc. Attached here as Exhibit 2. Counsel for Blue Spike, LLC contacted the third party defendant May 23, June 3, and June 23. Mr. Chapman has indicated that he has located additional documents related to Mr. Moskowitz, Blue Spike, Inc., and Blue Spike, LLC. Counsel for Blue Spike provided Mr. Chapman with shipping payment codes and offered to reimburse Mr. Chapman for his time. Mr. Chapman has not yet sent the files we have requested.

13. I notified counsel for Audible Magic that we were working with third parties to verify the existence of any outstanding documents on June 23, 2014.

14. I also indicated to counsel for Audible Magic that while Mr. Moskowitz was the applicant for the above-mentioned patents, he received the advice and counsel of an attorney in preparation of drafts and filings with the Patent and Trademark Office ("PTO") on all four patents.

15. Before Audible Magic filed its motion to compel, Randall T. Garteiser and I indicated on at least three separate occasions to counsel for Audible Magic that the Giovanni Abstraction Machine was never created. Blue Spike is not aware of any source code available for Audible Magic to review or for Blue Spike, LLC to produce. The only technical documents related to the Giovanni Abstraction Machine are those included in the patents-in-suit and accompanying filings.

16. Mr. Moskowitz made a general offer to create the software—he referred to as the Giovanni Abstraction Machine—should a potential customer request the same. No customer ever requested the same.

17. Mr. Higgins has implied on multiple occasions that Blue Spike, LLC's production is deficient because it largely contains publicly available information. However, many of Audible Magic's requests for production are requests for publicly available documents and information. In addition, many of the requests Audible Magic has made relate to interactions between Mr. Moskowitz/Blue Spike, Inc./Blue Spike, LLC and MuscleFish/Audible Magic. Since all such interactions with the Defendant require two parties, the Defendant should already have access to the requested documents and any request to reduplicate the same can only be an attempt to drive up litigation costs for Plaintiff Blue Spike, LLC. In previous meet and confers held in an attempt to limit the scope and reduce costs, lead counsel for Audible Magic responded that it wanted to drink from a fire hose; Audible Magic wanted Blue Spike to produce all documents included in its requests and would not limit its requests in anyway.

18. Audible Magic has indicated that it has produced 2.5 million pages of documents. The majority of documents produced are duplicates; some documents have been produced more than 20 times. In addition Audible Magic has produced icons, music files, and images unrelated to the patents-in-suit or the technology at issue here.

I declare, on July 17, 2014, in Tyler, Texas and under penalty of perjury under the laws of the United States and Texas that the statements made in this declaration are true and correct.

/s/ Peter Brasher