# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, <br>     *Plaintiff*, <br> v. <br> TEXAS INSTRUMENTS, INC. <br>     *Defendants*. <br> _____ | § § § § § § § § § § | Civil Action No. 6:12-CV-499-MHS-CMC <br><br> (LEAD CASE) <br><br> JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC, <br>     *Plaintiff*, <br> v. <br> AUDIBLE MAGIC CORPORATION, ET AL. <br>     *Defendants*. <br> _____ | § § § § § § § § § § § § § | Civil Action No. 6:12-CV-576-MHS-CMC <br><br> (CONSOLIDATED WITH 6:12-CV-499) <br><br> JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF FACEBOOK'S MOTION TO DISMISS SEPARATE CLAIMS AGAINST FACEBOOK'S TECHNOLOGY, OR IN THE ALTERNATIVE, TO SEVER PURSUANT TO 35 U.S.C. § 299 <u>AND TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)</u>**

## I.   INTRODUCTION

Blue Spike seems to have conceded that Facebook's motion to dismiss should be granted by filing a new complaint under a new case number (No. 6:14-CV-618 (E.D. Tex.)) against Facebook's facial recognition technology ("Facebook Technology").  Filing a new complaint against Facebook Technology only confirms that Blue Spike does not have a valid claim asserted against Facebook Technology in this case, and that claims against Facebook Technology cannot be tried in the same case with claims against Facebook's use of Audible Magic's copyright compliance technology ("Audible Magic Technology").  Blue Spike cannot maintain the exact same claim in two different lawsuits, so Facebook's motion to dismiss should be granted immediately.  *Oliney v. Gardner*, 771 F.2d 856, 858 (5th Cir. 1985) (affirming the trial court's dismissal of a personal-injury lawsuit that involved the exact same personal injury claim against the same defendants as a previously filed, still pending lawsuit).

Further, Blue Spike previously agreed to file a joint stipulation dismissing its purported claims against Facebook Technology from this case.  Filing a stipulated dismissal of Blue Spike's purported claim against Facebook Technology would have mooted Facebook's motion to dismiss and benefited both parties by eliminating uncertainty about the status of Blue Spike's infringement allegations against Facebook Technology.  But Blue Spike reneged on the written agreement to file a stipulated dismissal and proceeded to file both (1) a new lawsuit accusing Facebook Technology of infringing Blue Spike's patents (No. 6:14-CV-618 (E.D. Tex.)) *and* (2) an opposition brief asserting that the Court should allow Blue Spike to maintain its purported claim against Facebook Technology in this case.  The Court should enforce Blue Spike's agreement to stipulate to the dismissal of its purported claims against Facebook Technology by dismissing the claims from this case, as this Court has the inherent authority to do.

Facebook's motion to dismiss should be granted for the additional reason that Blue Spike has not identified any valid factual or legal basis for denying Facebook's motion.  Blue Spike does not deny that its most recent amended complaint in this case (which omitted any claim against Facebook Technology) superseded its previous complaints.  Nor does it deny that § 299 of the Patent Act prohibits joinder in the same case of its infringement claims against Facebook Technology and Facebook's use of Audible Magic Technology.  Finally, Blue Spike does not dispute that it agreed its claims against Facebook Technology and Facebook's use of Audible Magic Technology require separate trials.  Without disputing any of these dispositive issues, Blue Spike argues that Facebook waived its right to relief by defending against Blue Spike's claims against Facebook Technology.  But Facebook's defense of Blue Spike's purported claims does not change the fact that no claim against Facebook Technology is asserted in this case.  (*See* Facebook's Mtn. to Dismiss or Sever, Dkt. 1618 at 7–8.)  The Court should therefore dismiss Blue Spike's claims against Facebook Technology.

Finally, Facebook's motion to transfer is ripe for decision and Blue Spike offered no substantive opposition.  Facebook's motion to transfer is factually indistinguishable from motions this Court already granted other Northern California companies sued by Blue Spike, so the Court should promote efficiency for itself and the parties by *sua sponte* transferring Blue Spike's newly filed lawsuit (No. 6:14-CV-618 (E.D. Tex.)) to the Northern District of California.

## II. ARGUMENT

### A. By filing a new complaint, Blue Spike confirmed it has no valid claim against Facebook Technology in this case

Blue Spike "strongly opposes" Facebook's assertion that Blue Spike does not presently assert a claim against Facebook Technology in the case. (Dkt. 1640 at 2.)  Yet Blue Spike filed a new complaint against Facebook Technology—a fact not mentioned anywhere in its response—

which confirms that it has no presently asserted claim against Facebook Technology.

Furthermore, Blue Spike cannot assert the same claim against Facebook simultaneously in two different lawsuits—so it would not, and could not, have filed a new lawsuit if it had a viable claim against Facebook Technology in this case. Circuit courts have repeatedly emphasized the law on this issue: "[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (affirming dismissal of a duplicative lawsuit alleging additional grounds for employment discrimination after the plaintiff was denied leave to amend its complaint to add the grounds to its original lawsuit, still pending in the trial court); *see also Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947) (affirming dismissal of three cases that involved the same claims as a pending lawsuit); *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (affirming dismissal of a second lawsuit alleging the same facts as the plaintiff's earlier-filed, still pending complaint). The Court should ensure that Blue Spike is not asserting the same claim in two lawsuits by granting Facebook's motion to dismiss.

### B. Blue Spike agreed to dismiss Facebook Technology, then reneged

Blue Spike agreed to file a stipulation dismissing Facebook Technology from this case. It then reneged on the agreement. The Court should enforce the agreement by granting Facebook's motion to dismiss.

Blue Spike's lead counsel agreed to file a stipulation to dismiss Facebook Technology from this case the day its opposition brief was due. (Armon Decl. Ex. A.) Blue Spike's counsel also indicated that it planned to file a new lawsuit against Facebook Technology to cure deficiencies in its pleadings and moot Facebook's motion. (*Id.*) Blue Spike filed the new lawsuit but failed to follow through on the stipulation. (*Id*. Exs. B–C.) Hours after filing its new

lawsuit, Blue Spike filed an opposition urging the Court to deny Facebook's motion to dismiss. Notably, Blue Spike's opposition failed to apprise the Court of its new lawsuit.

The Court should enforce Blue Spike's agreement to dismiss Facebook Technology from this case. Courts in this District emphasize the importance of complying with agreements between counsel and attorneys who fail to keep their agreements have been sanctioned. *See, e.g., Positive Techs., Inc., v. LG Display Co.*, 2:07 CV 67 (E.D. Tex. Oct. 14, 2008) (sanctioning attorney who agreed to extend discovery period in exchange for opposing party withdrawing a motion for sanctions, then reneged as soon as the other party withdrew its motion). Blue Spike's counsel agreed to dismiss its purported claims against Facebook Technology and then backed out of the agreement. Blue Spike's conduct violates the duty of "courtesy and cooperation" that this Court's Local Rules require from counsel. *See* Local Rule AT-3(C). In addition, Blue Spike filed its opposition to this motion after admitting that it had no claim against Facebook Technology by filing a new lawsuit (No. 6:14-CV-618 (E.D. Tex.)). In its opposition, Blue Spike failed to inform the court of its newly filed lawsuit.

**C.     Facebook's motion for transfer is still ripe and should be granted**

**1.     Blue Spike did not oppose the merits of Facebook's motion to transfer**

Blue Spike failed to oppose the merits of Facebook's motion to transfer. Nothing in its opposition brief refutes that, like the other defendants whose cases this Court has already transferred, Facebook is headquartered in the Northern District of California, Facebook's documents and employees are in the Northern District of California, and key third-party witnesses are in the Northern District of California. (Dkt. 1618 at 11–15.)

Blue Spike's failure to oppose Facebook's motion to transfer on the merits alone is sufficient grounds for this Court to grant the motion. *Sparks v. TLRA Debt Recovery*, 2:13-CV-150, 2013 WL 4458741, at *2 (S.D. Tex. Aug. 20, 2013) (granting motion to transfer venue

where the plaintiff "failed to file a timely response explaining why any of the factors . . . weigh against transfer").

### 2. Audible Magic's previous transfer motion presented different issues and is irrelevant to this motion to transfer

Blue Spike argues that Facebook cannot obtain transfer because it joined Audible Magic's previous motion to transfer, which was denied. (Dkt. 1369.) But Audible Magic filed its transfer motion on May 22, 2013—long before Blue Spike accused Facebook Technology on February 13, 2014, and then dropped its infringement accusations against Facebook Technology in its second "first amended complaint" on April 4, 2014. (See Dkt. Nos. 771, 1252, and 1400.)

Furthermore, the Court denied Audible Magic's transfer motion because Northern California did not have personal jurisdiction over Blue Spike as required for Audible Magic's infringement counterclaim. (Dkt. 1369.) The Court did not address the convenience factors for transfer, the location of witnesses, or any other convenience factor—all of which favor Facebook's motion to transfer. (Dkt. 1618 at 11–15.) Audible Magic's transfer motion did not concern any of the witnesses or documents for Facebook Technology and is therefore irrelevant to this motion, which concerns newly asserted claims against Facebook Technology.

## III. CONCLUSION

For each of the reasons discussed in its opening brief and this reply brief, Facebook respectfully requests that the Court (1) dismiss Blue Spike's purported claims against Facebook Technology from this case, and (2) *sua sponte* transfer Blue Spike's newly filed lawsuit (No. 6:14-CV-618 (E.D. Tex.)) to the Northern District of California.

Date: July 28, 2014                                                    Respectfully submitted,

                    */s/ Orion Armon* _____

                    Deron Dacus (Texas Bar No. 00790553)
                    The Dacus Firm, P.C.
                    821 ESE Loop 323, Suite 430
                    Tyler, TX 75701
                    Telephone: (903) 705-1117
                    ddacus@dacusfirm.com

                    Heidi L. Keefe (CA Bar 178960)
                    Mark R. Weinstein (CA Bar 193043)
                    COOLEY LLP
                    Five Palo Alto Square
                    3000 El Camino Real
                    Palo Alto, CA 94306-2155
                    Phone: (650) 843-5000
                    Fax:  (650) 857-0663
                    hkeefe@cooley.com
                    mweinstein@cooley.com

                    Orion Armon (CO Bar No. 34923)
                    Sara J. Bradford (*pro hac vice*)
                    Janna K. Fischer (*pro hac vice*)
                    COOLEY LLP
                    380 Interlocken Crescent, Suite 900
                    Broomfield, CO 80021
                    Tel:  (720) 566-4000
                    Fax: (720) 566-4099
                    oarmon@cooley.com
                    sbradford@cooley.com
                    jfischer@cooley.com
                    *Attorneys For Defendant*
                    *Facebook, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local  Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. First Class mail on this 28th day of July, 2014.

*/s/ Kelsie R. Michelson*

109163310 v1