# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § | |
| *Plaintiff*, | § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § | Jury Trial Demanded |
| *Defendants*. | § § § | |

**REPLY IN SUPPORT OF OPPOSED MOTION TO EXTEND
DEADLINE BY 9 DAYS TO RESPOND TO AUDIBLE MAGIC'S DISCOVERY**

Counterdefendants Blue Spike, Inc. and Scott Moskowitz (collectively referred to herein as "Blue Spike" or "Counterdefendants") request a nine (9) day extension on discovery that is eight months from closing. Audible Magic will suffer no prejudice from the delay, while Blue Spike would be enormously prejudiced if the motion is denied. Blue Spike's motion should be granted to allow it the 9-day extension or Blue Spike should be allowed to withdraw or amend its admissions since Blue Spike more than satisfies the requirements under Rule 36(b) of the Federal Rules of Civil Procedure.

In considering a motion to withdraw or amend admissions under Rule 36(b) the Court must consider a two-prong test of balancing burdens[1]: (1) "the party making the admission must show that the presentation of the merits will be subserved" and (2) "the party obtaining the admission must satisfy the court that withdrawal of amendment of the admission will prejudice him." *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 1233 F.R.D. 97, 103 (D. Del. 1988). With regard to Rule 36(b), the Advisory Committee notes state that "this provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 657 (E.D.N.C. 1988). "[T]he decision to allow a party to withdraw its admission is quintessentially an equitable one, balancing the right to a full trial on the merits, including the presentation of *all* relevant evidence… [C]onsiderable weight must be given the substantial

---

[1] Audible Magic intones several times that Blue Spike has waived any rights to address FRCP 36(b) in its Reply. However, Audible Magic goes to great lengths to break down and discuss the merits of any 36(b) claims. Because Audible Magic made 36(b) a large subject of its Opposition, Blue Spike has the right to address those issues Audible Magic brought up even though the Court has the inherent power to grant the requested relief as the Counterdefendants never even received the discovery due to a break down in the in take and calendaring of discovery while Counsel for Blue Spike, Peter Brasher was out on paternity leave.  *See* Declaration of Peter Brasher (filed concurrently).

interest of the parties in a complete trial on the merits." *Id*. The Court has discretion in determining whether or not to allow a withdrawal or amendment to admissions. *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

I.  **Prong 1 Is Proven – Blue Spike Has Demonstrated that the Presentation of the Merits Will Be Subserved.**

Blue Spike has satisfied the first part of Rule 36(b)'s test. "In considering whether the presentation of the merits will be improved by permitting an admission to be revised, courts have generally sought to determine whether the admission is contrary to the record of the case." *See Coca-Cola Bottling Co.*, 1233 F.R.D. at 103 *citing Branch Banking, 120 F.R.D.* at 658-59 (disallowing amendment of admission since no affidavit, verified pleading or other evidence suggests admission, if left standing, would render unjust result); *United States v. Golden Acres, Inc.,* 684 F. Supp. 96, 99 (D. Del. 1988) (denying admission withdrawal because, among other reasons, record strongly indicates that facts previously admitted would be easily proved); *Clark v. City of Munster,* 115 F.R.D. 609 (D. Ind. 1987) (holding late response to admission request permitted where deposition and response concur).

Blue Spike has served and submitted to the Court as Exhibit C its responses to Audible Magic's Request for Admissions at issue served against Counterdefendant Blue Spike, Inc. (hereinafter, "RFAs"). Those responses directly contradict the admissions that Audible Magic is attempting to obtain here, but are not included in chart presented to the Court.[2] Moreover, Blue Spike now provides the attached affidavit that also directly contradict the admissions Audible Magic seeks to impose.[3] *See* Ex. C; Declaration of Scott Moskowitz

---

[2] *Compare* Opp. at 2-3 (Dkt. 1654) *with* Ex. C to Mot. (Dkt. 1648-3).
[3] Blue Spike provides affidavits even though they are not required, given Blue Spike submitted signed discovery responses dated July 23, 2014 to the Court as Exhibits C, D, E and signed the motion confirming the facts included in to be true. Dkt. 1648.

(filed concurrently).

Audible Magic has cited evidence it claims support five of the seven admissions. *See* Opp. at 2-3 (Dkt. 1654). Yet, as described in Blue Spike's submitted admissions, the RFAs that Blue Spike has denied go well beyond what that purported evidence demonstrates.

Furthermore, Blue Spike has submitted evidence that the last two admissions—which Audible Magic tellingly conceals from the Court in its Opposition—are also false: (6) Blue Spike did not communicate with Muscle Fish LLC prior to the filing date of the patents-in-suit to discuss Muscle Fish's audio content recognition technology and (7) Blue Spike did not destroy any documents evidencing communications and interactions with Muscle Fish, LLC. *See* Ex. C; Decl. of Moskowitz at ¶¶ 5,6,7.

Denying Blue Spike's motion would force Blue Spike to make admissions that are contradicted by the record and actively misleading. *Id.* Therefore, Blue Spike's motion should be granted because it subserves a trial on the merits.

### Blue Spike Acted Diligently to Resolve Any Mistake.

While courts consider whether the presentation of the merits would be subserved, courts have also considered whether "through an honest error a party has made an improvident admission." *N. La. Rehab. Ctr. Inc. v. United States,* 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (*internal citations omitted*). "This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, *Pickens v. Equitable Life Assurance Soc.,* 413 F.2d 1390, 1394 (5th Cir. 1969), or its diligence in seeking withdrawal, *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam) (unpublished)." *Le v. Cheesecake Factory Rests., Inc.*, 2007 U.S. App. LEXIS 5232, 2007 WL 715260 (5th Cir. 2007).

## II. Prong 2 is Proven – Audible Magic Has Failed to Show That It Will Suffer Any Prejudice by the Nine (9) Day Delay.

Audible Magic has been unable to point to any prejudice that it has suffered as a result of the short delay. "[C]ourts contemplating the [prejudice] standard have concluded that merely having to prove the matters admitted does not constitute prejudice." *No. La. Rehab. Ctr.,* 179 F. Supp. 2d at 663. Here, for the 5 of the 7 RFAs Audible Magic submitted to the Court it seems to have more than ample sources of circumstantial evidence to make its arguments – an untrue admission would be unjust. *See* Opp. at 2-3 (chart of evidence).

Audible Magic's counterclaims are hotly contested as being improper, which may explain why Audible Magic is over litigating this calendaring mistake. Yet regardless of its motivation, Audible Magic asks the Court to encourage its "gotcha" litigation techniques by forcing Blue Spike to expend resources to right a wrong it admits creating. Audible Magic hopes the Court will help it prove, via default admissions, things which are simply not true. This is not in keeping with the Texas Creed of Ethics—something that will be lost on Audible Magic's counsel if the Court denies Blue Spike's motion.

Another factor that courts consider is whether there are any special difficulties that the party serving the RFAs would suffer. Here, Audible Magic does not mention any special difficulties and in fact already passed on taking the deposition of Scott Moskowitz in this case, as Facebook's and Audible Magic's joint counsel had requested Blue Spike to provide that signed the opposition.

Courts have also looked at any "special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Le*, 2007 U.S. App. LEXIS at 9 (*quoting American Auto Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, (5th Cir. 1991)). In *American Auto Ass'n*, the Court *sua sponte*

4

granted relief after the termination of trial, and the Fifth Circuit determined there was prejudice. In *Cheesecake*, the Plaintiff delayed five months in correcting its deficiencies and then only attempted to do so just 2 days before the close of discovery. This is markedly different than the diligence Blue Spike has shown. Blue Spike's counsel made an honest mistake, attempted to resolve the matter immediately with opposing counsel, and within nine days sought relief from the Court to correct it when opposing counsel was uncooperative. The party Blue Spike should not be punished for a simple mistake of its counsel.[4] Simply put, Audible Magic has not and will not suffer any prejudice by allowing Blue Spike time to respond to its Requests for Admissions and Interrogatories.

## CONCLUSION

For the reasons stated above, Blue Spike's Opposed Motion to Extend the Discovery Deadline by Nine (9) Days under either subsection (a)(3) or (b) of Rule 36 and separately pursuant to Rule 33 with respect to the interrogatory responses should be granted. Procedurally, the July 23 served responses to admissions (Ex. C) and Counterdefendants' served responses to interrogatories (Exs. D. E.) should be considered operative, not Blue Spike, Inc.'s constructive admissions brought about by its failure to respond.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com

---

[4] Audible Magic attempts to construe the facts as a shifting and a changing of positions, when in reality the information provided is sequential. Blue Spike's counsel, Mr. Brasher, responsible for calendaring and discovery responses, was on paternity leave when the requests were served. As a result, those requests were never brought to the attention of Blue Spike. *See* Declaration of Peter Brasher and Declaration of Scott Moskowitz.

    Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
Christopher S. Johns
Texas Bar No. 24044849
cjohns@ghiplaw.com
Kirk J. Anderson
California Bar No. 289043
Peter S. Brasher
California Bar No. 283992
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone: (903) 705-0828
Facsimile: (888) 908-4400

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

  I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

              /s/ Randall T. Garteiser
              Randall T. Garteiser