IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § | |
| *Plaintiff*, | § § | CASE NO. 6:12-cv-499 MHS |
| v. | § § | LEAD CASE |
| Texas Instruments, Inc., et al., | § § § | Jury Trial Demanded |
| *Defendants*. | § § § | |

**DECLARATION OF CEO AND INVENTOR SCOTT MOSKOWITZ IN SUPPORT OF COUNTERDEFENDANT'S MOTION TO EXTEND <u>DEADLINE BY 9 DAYS TO RESPOND TO AUDIBLE MAGIC'S DISCOVERY</u>**

<u>**[FILED CONCURRENTLY WITH COUNTERDEFENDANT SCOTT MOSKOWITZ'S AND BLUE SPIKE, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO EXTEND DEADLINE BY NINE (9) DAYS TO RESPONSE TO AUDIBLE MAGIC'S DISCOVERY [DKT. 1648]]**</u>

I, Scott Moskowitz, declare as follows:

1. I am the Chief Executive Officer of Blue Spike LLC, a Texas limited liability company.

2. I am one of the inventors of all four patents-in-suit.

3. I understand that Audible Magic, who sued me as an individual, served discovery interrogatories on me personally and on Blue Spike, Inc., the company that assigned the patents-in-suit to Plaintiff Blue Spike LLC.

4. I also understand that Audible Magic served seven (7) Requests for Admissions on Blue Spike, Inc.

5. When notification occurred from Audible Magic's counsel that it was taking the position that Blue Spike, Inc. and myself as a counterdefendant had waived our ability to object to the interrogatories and the seven (7) Request for Admissions would be admitted, because I had not responded to discovery requests, I confirm that this was the first time that I was even notified by my counsel that these discovery responses where even pending. I had previously worked with my counsel in responding several waves of discovery requests from Audible Magic, Shazam, Clear Channel, MorphoTrust and other defendants. This is the only time that my counsel failed to provide copies of the discovery requests and it occurred when Mr. Peter Brasher was out of the office due to the birth of his daughter.

6. When my counsel informed of the deal Audible Magic offered to avoid Blue Spike, Inc. and myself from filing the current motion, I was upset.

I couldn't admit to the items they requested because in addition to being poorly written, and confusing, the Requests for Admissions could be taken out of context. For example, as I explain in my responses to the RFAs, my former employee and co-inventor Mike Barry subsequently worked for Adobe Systems, Inc. He now has his own counsel. But before when he worked for Blue Spike, Inc. he handled all of the source code and engineers for Blue Spike, Inc. in the late 1990s and early 2000s from New Mexico. So in answering a Request for Admissions that by its definition includes not just myself but a larger subset of Blue Spike, Inc. employees, including Mike Barry, I am simply not in a position to confirm nor deny the RFA with respect to what Mike Barry did or did not know, do, or create as it has been over 14 years and I am not able to contact him now as he has separate counsel. Audible Magic is aware of this unique situation, but according to my counsel has not even attempted to take his deposition, even though Audible Magic apparently found some code of interest from another former Blue Spike, Inc. employee Matt Ingalls, who worked under Mike Barry.

    7. As CEO for Blue Spike, Inc. and as an individual, I would be extremely prejudiced if the Court did not allow my actual responses to the 3 separate discovery requests to stand that I worked on diligently with my counsel to prepare in just eight (8) days after being notified of the calendaring mistake.

8. My counsel told me that the attorneys for Facebook and Audible Magic wanted to take my deposition. The notice of deposition was from Facebook but the law firm of Orrick, which represents Audible Magic as well, had taken over the scheduling of the deposition from their co-counsel at the law firm of Cooley LLP. I made arrangements to schedule a time frame that I could make myself available for the deposition. My attorneys informed opposing counsel of my availability in August 2014, and then I learned that they did not want to proceed with the deposition of myself after making my firm spend time coordinating and preparing for my deposition. I was disappointed to not have the opportunity to not tell my story, which is why I have informed my law firm to not agree to Audible Magic's request for admissions as they are misleading or in some cases completely wrong.

I declare on July 29, 2014, under penalty of perjury under the laws of the United States and Texas that the statements made in this declaration are true and correct.

  _/s/ Scott Moskowitz_
  Scott Moskowitz

## **ATTESTATION**

I, Randall Garteiser, filed this declaration of Scott Moskowitz with his permission to sign it on his behalf. I used my ECF user ID to filed this document on the date it is endorsed by the Court, July 29, 2014.

*/s/* Randall Garteiser
Randall T. Garteiser
