# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>    *Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>    *Defendants* | § § § § § § § § | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE |
| BLUE SPIKE, LLC,<br>    *Plaintiff*,<br>v.<br>AUDIBLE MAGIC CORPORATION, FACEBOOK, INC., MYSPACE, LLC, SPECIFIC MEDIA, LLC, PHOTOBUCKET.COM, INC., DAILYMOTION, INC., DAILYMOTION S.A., SOUNDCLOUD, INC., SOUNDCLOUD LTD., MYXER, INC., QLIPSO, INC., QLIPSO MEDIA NETWORKS LTD., YAP.TV, INC., GOMISO, INC., IMESH, INC., METACAFE, INC., BOODABEE TECHNOLOGIES, INC., TUNECORE, INC., ZEDGE HOLDINGS, INC., BRIGHTCOVE INC., COINCIDENT.TV, INC., ACCEDO BROADBAND NORTH AMERICA, INC., ACCEDO BROADBAND AB, AND MEDIAFIRE, LLC<br>    *Defendants*. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:12-CV-576 MHS<br><br>CONSOLIDATED CASE |

**AUDIBLE MAGIC CORPORATION'S SUR-REPLY TO BLUE SPIKE'S OPPOSED MOTION TO EXTEND DEADLINE BY 9 DAYS TO RESPOND TO AUDIBLE MAGIC'S DISCOVERY**

Blue Spike filed a motion for an extension of time. (Dkt. 1648.) In its proposed order, Blue Spike requested a 9 day *ex post facto* extension for a discovery deadline. (Dkt. 1648-6.) Blue Spike did not move under Rule 36(b) to amend its responses to matters already deemed admitted. (*Id.*)

Fifth Circuit law is clear: "[a]ny matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." (*American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991) (emphasis added); *see also* Rule 36(b).) Contrary to Blue Spike's recitation of a Court's inherent authority to control its docket and grant extensions in discovery, a withdrawal of an admission under Rule 36 may only be made upon motion. *Id.* Blue Spike failed to make such a motion. (*See* Dkt. 1648.)

Notwithstanding Blue Spike's improper request for relief, Blue Spike's reply simply ignores the record in this case. Its eleventh hour submission of self serving declarations and denials cannot change that record. For example:

- RFAs 1-5 seek admissions about a particular product – the Giovanni Abstraction Machine ("GAM") – that was offered for sale on Blue Spike's webpage until at least December 2013. Audible Magic cannot find any public record of the GAM prior to 2012, and Blue Spike LLC admits that the GAM was not offered for sale prior to 2012. (*See*, *e.g.* Dkt. 1654-8 at 11.) Mr. Moskowitz's statements about source code that may or may not have been written by Mr. Berry 15 years ago, and that is not in the possession of Blue Spike, is irrelevant to requests about a product that Blue Spike began offering two years ago.

- In representations made to the Court, Blue Spike has repeatedly confirmed that the GAM was never created and that Blue Spike was not aware of any GAM source code. (*See* Blue Spike's Tutorial on the '308 Patent; Dkt. 1652-2 at ¶15.)

- Mr. Moskowitz now claims he cannot confirm or deny certain RFAs to Blue Spike Inc. (*See* Dkt. 1658-1 at ¶6). Yet, Blue Spike Inc. denied those RFAs—notwithstanding its confirmation to the Court elsewhere that the GAM was never created and that Blue Spike was not aware of any GAM source code. (*See* Dkt. 1658 at Exhibit C.) And regardless, Blue Spike Inc. has been a party to this case and the GAM has been at issue since last summer. (*See, e.g.*, Dkt. 885 at 36-37.) Accordingly, Blue Spike Inc. has been on notice for over a year that it has an obligation to collect all relevant information relating to that product. It is unbelievable that at this point – almost three months after the document production deadline – Blue Spike still cannot get its story straight.

- RFA Nos. 6-7 seek admissions regarding conversations that Blue Spike had with Audible Magic's predecessor company, Muscle Fish LLC. The particular individuals named in the RFAs (who now work for Audible Magic) have confirmed that such interactions took place. Although Blue Spike's opposition points to the declaration of Mr. Moskowitz to support its denial of the RFAs, it is telling that Mr. Moskowitz never actually addresses the issues relating to Muscle Fish anywhere in that declaration. (*See* Dkt. 1658-1.)

Finally, to correct the record, counsel for Facebook served a notice of deposition for Mr. Moskowitz on June 12 for the purpose of claim construction discovery. Blue Spike could not confirm that Mr. Moskowitz would be available prior to the August 7 claim construction discovery deadline. Accordingly, and in light of Blue Spike's claim construction positions, Audible Magic chose not to go forward with Mr. Moskowitz's deposition for claim construction

purposes. Audible Magic fully intends to depose Mr. Moskowitz later in discovery (once Blue Spike and Mr. Moskowitz have actually produced the relevant documents in this case.)

Dated: July 30, 2014     */s/ Eric H. Findlay*

By:

    Eric H. Findlay (Texas Bar No. 00789886)
    Walter W. Lackey, Jr. (Texas Bar No. 24050901)
    FINDLAY CRAFT, P.C.
    102 N. College Ave., Suite 900
    Tyler, TX 75702
    Telephone: (903) 534-1100
    Facsimile: (903) 534-1137
    efindlay@findlaycraft.com
    wlackey@findlaycraft.com

    Gabriel M. Ramsey– *LEAD ATTORNEY*
    I. Neel Chatterjee
    ORRICK, HERRINGTON & SUTCLIFFE, LLP
    1000 Marsh Road
    Menlo Park, CA 94025
    Telephone: (650) 614-7400
    Facsimile: (650) 614-7401
    gramsey@orrick.com
    nchatterjee@orrick.com

    Alyssa M. Caridis
    ORRICK, HERRINGTON & SUTCLIFFE, LLP
    777 S. Figueroa St.
    Suite 3200
    Los Angeles, CA 90017
    Telephone: (213) 629-2020
    Facsimile: (213) 612-2499
    acaridis@orrick.com

    Christopher J. Higgins
    ORRICK, HERRINGTON & SUTCLIFFE, LLP
    1152 15th Street, NW
    Washington, DC 20005
    Telephone: (202) 339-8418
    chiggins@orrick.com

    Attorneys for Defendants Audible Magic, Corp.,
    Facebook, Inc., Myspace LLC, Specific Media LLC,
    Photobucket.com, Inc., DailyMotion, Inc., DailyMotion
    S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc.,
    Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc.,

          GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, and Harmonix Music Systems, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on opposing counsel pursuant to Local Rule CV-5(a)(7)(C) on July 30, 2014.

          */s/ Eric H. Findlay*
          Eric H. Findlay