# Exhibit 18

## Higgins, Christopher J.

| | |
|---|---|
| **From:** | Caridis, Alyssa |
| **Sent:** | Friday, May 30, 2014 8:09 PM |
| **To:** | Randall Garteiser |
| **Cc:** | Higgins, Christopher J.; Peter Brasher; Eric Findlay; wlackey@findlaycraft.com; bluespike@ghiplaw.com; Christopher Honea (chonea@ghiplaw.com); Kirk Anderson; Colin Jensen; AudibleMagic-BlueSpike; Chatterjee, I. Neel; Ramsey, Gabriel M. |
| **Subject:** | RE: Blue Spike v. Texas Instruments, et al. - Audible Magic Source Code |

Randall,

Mr. Higgins' letter set forth specific bases for why Audible Magic believes the documents that it is requesting are relevant to the various parties' claims and defenses. Each of the categories of documents that Audible Magic is seeking is directly tied to and relevant to allegations and statements made in Audible Magic's affirmative defenses and counterclaims. It cannot be disputed that, under the rules of this Court, relevant documents are required to be produced. We will strive to provide case law to this effect (but really, we believe it to be self evident) by Monday. In the mean time, given that Audible Magic has provided its reasons for why these documents are relevant, it is Blue Spike Inc., Blue Spike LLC, and Scott Moskowitz who, in order to have a meaningful discussion, must articulate why they believe the documents are *not* relevant. Audible Magic has stated the rationale for its position…what is Blue Spike's?

Finally, I note that your responses to both Mr. Higgins and me again completely ignore the issue of Giovanni Abstraction source code. I have lost count of the number of times we have requested this information. Your decision to continually ignore this topic, particularly given the parties' earlier agreement on an inspection date, is troublesome and bordering on bad faith.

We are available to talk on Tuesday, June 3 at 2 p.m. Pacific / 4 p.m. Central. Please use the following dial-in number:
866-244-1129
Passcode: 6671657

Alyssa

---

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Friday, May 30, 2014 4:16 PM
**To:** Caridis, Alyssa
**Cc:** Higgins, Christopher J.; Peter Brasher; Eric Findlay; wlackey@findlaycraft.com; bluespike@ghiplaw.com; Christopher Honea (chonea@ghiplaw.com); Kirk Anderson; Colin Jensen; AudibleMagic-BlueSpike; Chatterjee, I. Neel; Ramsey, Gabriel M.
**Subject:** Re: Blue Spike v. Texas Instruments, et al. - Audible Magic Source Code

Alyssa,

I just responded to your colleagues email. Tuesday works for us, just circulate a call-in number. We would prefer you provide some case law in advance of the case other than Local Rule CV-26 as I explain in my email to Mr. Higgins.

We do have additional documents in route from a prosecuting attorney and will push those out as soon as possible.



**Randall Garteiser** / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On May 30, 2014, at 5:19 PM, Caridis, Alyssa <acaridis@orrick.com> wrote:

Randall,

It is now past close of business in Tyler and you have not responded to Audible Magic's letter, attached again for your reference. In this letter, Audible Magic requested a meet-and-confer today (May 30). In what seems to be a growing trend, Blue Spike failed to respond to the letter and failed to provide its availability for a meet-and-confer. The meet-and-confer requirement of this Court is meant to foster meaningful dialogue between the parties, it is not meant to allow one party to unilaterally delay another from seeking relief from the Court by ignoring requests to conduct a conference. If this were the first time this had happened, we would understand…but it is not.

Accordingly, please provide a time that Blue Spike is available to meet-and-confer on Tuesday, June 3 about the issues raised in the attached letter. If you again ignore our request, we will be forced to seek guidance from the Court.

Finally, it is completely unacceptable that, three days before the agreed-upon date for inspection, Blue Spike is still refusing to notify Audible Magic whether Giovanni Abstraction Source Code exists. Clearly we will not be traveling to Tyler on Monday, given Blue Spike's silence. If Blue Spike discovers that source code exists for a product that it offered for sale (see attached), we will consider how to coordinate an inspection, who should pay the costs associated with such an inspection, and any other repercussions for Blue Spike's delay.

Regards,
Alyssa Caridis

**From:** Higgins, Christopher J.
**Sent:** Wednesday, May 28, 2014 7:15 AM
**To:** 'Randall Garteiser'
**Cc:** Peter Brasher; Caridis, Alyssa; Eric Findlay; wlackey@findlaycraft.com; bluespike@ghiplaw.com; Christopher Honea (chonea@ghiplaw.com); Kirk Anderson; Colin Jensen; AudibleMagic-BlueSpike; Chatterjee, I. Neel; Ramsey, Gabriel M.
**Subject:** RE: Blue Spike v. Texas Instruments, et al. - Audible Magic Source Code

Randall,

Please see the attached letter.

Regards,
Chris

---

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Friday, May 23, 2014 3:20 PM
**To:** Ramsey, Gabriel M.
**Cc:** Peter Brasher; Caridis, Alyssa; Eric Findlay; wlackey@findlaycraft.com; bluespike@ghiplaw.com; Christopher Honea (chonea@ghiplaw.com); Kirk Anderson; Colin Jensen; AudibleMagic-BlueSpike; Higgins, Christopher J.; Chatterjee, I. Neel
**Subject:** Re: Blue Spike v. Texas Instruments, et al. - Audible Magic Source Code

Gabe,

We write to follow up on our meet and confer last week, Tuesday, May 13th. Below is a summary of the documents you requested Blue Spike Inc., Blue Spike LLC and Scott Moskowitz produce and our position with respect to each category.

1. Business documents related to Blue Spike Inc.'s watermarking product Giovanni, and any of its watermarking related activities from 1993 to 2003. These documents are not relevant, admissible, or likely to lead to admissible evidence, as they relate to inventions and technology different to the technology at issue in this case. To the extent you disagree, please provide case law in support of your position that different technology is relevant to the issues of patent infringement or your client's other claims, which still relate to the technology of the patents in suit.

2. Watermarking technical documents. As explained in (1), these documents are not relevant, inadmissible, and will not lead to admissible material. To the extent you disagree, please provide case law in support of your position.

3. Bug Logs. Thanks for your separate email on this topic. If there is case law on point, we would appreciate you sharing it with us. To the extent these documents may exist, we will need to pull backup files and are in the process of obtaining those.

4. Mark Cooperman related documents. You reiterated that your client felt that Mark Cooperman was related to this litigation, but Blue Spike disagrees. You indicated that Blue Spike should have already had these documents ready to be produced. We disagreed as the description of Mark Cooperman in Defendant's counterclaim is not related to any claim or defense asserted by Audible Magic. In fact, he is not mentioned in any document produced by Audible Magic. Audible Magic mentions him in passing in an attempt to discredit Blue Spike's CEO. At last week's meet and confer, I requested that your client provide case law to support its position that a civil accusation made by a

former employee about a former employer in a lawsuit involving an unrelated contract dispute is likely to lead to discoverable information in this lawsuit.  Until your client provides the case law showing the relevancy, of which we are not aware of any, we will not undertake the procedure, and expense to attempt to push other law firms to produce these documents that they may or may not still have, or bother our client to search for such information.

5. Source code of Giovanni Signal Abstract Machine.  The parties agreed to review Blue Spike's code the week of June 2 to the extent it exists.  We explained to you that this product is no longer offered by Blue Spike Inc., and was never offered for sale by Scott Moskowitz as an individual or Blue Spike LLC.  You mentioned that on a Shopify account linked to Blue Spike it was on sale for $10,000.  I researched this after our meet and confer, and there is a product being offered related to Giovanni watermarking, but not the accused product in the counterclaim asserted by your client.

6. Prior website related documents. You've also asked Blue Spike to produce historical files pertaining to its website.  We don't understand the significance of such information and how it pertains to the claims asserted in this lawsuit.  Please assist us with making this connection.  In the meantime, we will request such information from our client in order to facilitate the production of such documents to the extent they exist.  We do note that Waybackmachine.org is also available to assist you with your request.

7. Patent applications and all related documents.

Although May 23 was rather aggressive to produce documents, Blue Spike is preparing another production in response to your requests.



**Randall Garteiser** / Partner
888.908.4400 x104 / rgarteiser@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On May 13, 2014, at 11:06 AM, Ramsey, Gabriel M. <gramsey@orrick.com> wrote:

4

Counsel:  I have confirmed with local counsel that 2:30pm Central or 3:00pm Central today work for a call to discuss the matters in my email below.  Please confirm which of those times you prefer and I will send a calendar invitation and dial-in information.

Gabe Ramsey

---

**From:** Ramsey, Gabriel M.
**Sent:** Monday, May 12, 2014 9:54 PM
**To:** 'Randall Garteiser'; Peter Brasher
**Cc:** Caridis, Alyssa; Eric Findlay; wlackey@findlaycraft.com; bluespike@ghiplaw.com; Christopher Honea (chonea@ghiplaw.com); Kirk Anderson; Colin Jensen; AudibleMagic-BlueSpike; Higgins, Christopher J.
**Subject:** RE: Blue Spike v. Texas Instruments, et al. - Audible Magic Source Code

Counsel:

**Audible Magic's Discovery Requests To Blue Spike and Mr. Moskowitz, And Their Willful Refusal To Produce Documents And Their Willful Violation Of The Federal Rules of Civil Procedure, Discovery Order And Local Rules**

First of all, thank you for acknowledging that you received our concerns about your discovery and our request to you last week that you immediately meet your discovery obligations.  You produced about 300 pages of documents.  That is a breathtaking failure that does not afford us the opportunity to pursue our claims against the defendants and to respond to the patent matters asserted by Blue Spike in this case.  We graciously gave you until the close of business today to confirm that you would remedy your wholly deficient production and the other matters set forth in Mr. Higgins' letter to you and my email to you last week.  As I explained in my correspondence on Friday, if by close of business today you (a) failed to agree to produce the materials that we requested on the timeframe requested or (b) made a non-responsive email like the one below, then we would have to have a meet and confer on our discovery demands, to give you the opportunity to let you agree or alternatively to promptly get the court involved yet again, as you are again ignoring the rules by simply refusing to produce documents.  The urgency in having that meet and confer is required of course, by the fact that you have persistently dragged out all manner of requests and pursuit of a tactic of non-responsiveness, in order to deny us our right to pursue our claims against the outrageously fraudulent conduct of the Moskowitz/Blue Spike defendants and our rightful claim for damages.  It is now close of business today and, as evidenced by your non-responsive answer to our requests, set forth in the email below, you have failed to meet our demand.  In fact, if I read your email right – you are saying that simply because you unilaterally disagree with Audible Magic's inequitable conduct, unclean hands and other defenses, and you disagree with Audible Magic's unjust enrichment, Lanham Act, false advertising and patent infringement counterclaims – that you are willfully refusing to provide discovery.  It is rather unbelievable, honestly.  I assure you that we disagree with your client's patents, procured through fraud, yet nonetheless, Audible Magic complied with its obligations and – in fact – produced millions of pages of material that is relevant to the case, so that you are able to pursue your clients' claims and are able to attempt to defend your clients' wrongfuly activity.  Your refusal to play by the same rules is truly unfair.  I believe and trust that the Court will see it the same way – i.e. you brought this case against my client and put all these matters in dispute.  Accordingly, I am confident that you *will* make a full and complete production of all material that inculpates your client, and you will not conceal that material, as you are attempting to do.

I therefore agree that a meet and confer is ripe on these issues.  Thank you for letting us know that you are free all day tomorrow.  I am free between 11:30am Central and later, other than 12:30am-1:00pm Central.  Messrs. Lackey and Findlay, apologies for the late notice – but I would appreciate you letting us all

know when you are free to confer with Blue Spike's counsel tomorrow.  Once we confirm the time, I'll circulate the calendar entry and dial-in information.

**Audible Magic's Code**
I was very clear in my email to you on Friday that we are working on preparing Audible Magic's source code for review, and that will be available for you to look at in Orrick's San Francisco or Silicon Valley office the last week of May.  I asked when you are available to come look at that code during the last week of May, but you did not respond with dates that week that work.  Please let us know when outside counsel from your firm are free to come review that material at Orrick's offices the last week of May.  Understand that the review of Audible Magic's code that week is limited to outside counsel from your firm, who must agree that they are bound by ethical obligations not to use Audible Magic's code for patent prosecution, patent acquisition, or any other business or competitive purpose of Blue Spike, Moskowitz or any other party, or otherwise contribute to the abuse of Audible Magic's intellectual property, or you will be subject to all forms of appropriate relief.  Along these lines, as I now understand from Facebook's counsel at the Cooley firm – you are taking the position that the current patent prosecution activities of Blue Spike's expert are not subject to a patent prosecution bar.  That is unacceptable, and I believe that matter will have to go to the court on motion practice.  Indeed, we are certainly not going to allow Blue Spike's expert to come review Audible Magic's code, then be free from the patent prosecution bar in a manner that allows him or her to take what he or she learns from that code and use Audible Magic's information unfairly.  Enough of that activity has already been carried out by Mr. Moskowitz and Blue Spike, and we simply cannot afford to have Audible Magic's intellectual property abused further.  In any event, the default protective order that is currently in place does not allow sharing of any confidential or attorneys eyes only material with your expert in any event.  All of this said, obviously once there is an acceptable protective order with a sound prosecution bar in place by the Court, and the expert agrees to be bound fully by it, we can revisit this matter.  But, in the interim, we will simply have to trust that you, as counsel, will adhere to your obligations when you come to review the code the last week of May.  And I'll be frank Mr. Garteiser, I do not trust you, Mr. Honea or anyone at your firm to be anywhere near my client's code.  Nonetheless, I'll just have to trust that the extremely serious duties placed on you by the State Bar of California, the State Bar of Texas and the Court will cause you to stay on the proper side of ethical behavior.  So, again, please let us know some days the last week of May that work for a review at Orrick's offices (and which office, San Francisco or Menlo Park, you prefer to review the code in).

Given that we have agreed to make the code available, I am not sure why wee need a meet and confer on this topic, as I indicated on Friday, but I am happy to discuss it on our call tomorrow.

Sincerely,

Gabe Ramsey

---

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Monday, May 12, 2014 8:58 PM
**To:** Peter Brasher
**Cc:** Ramsey, Gabriel M.; Caridis, Alyssa; Eric Findlay; wlackey@findlaycraft.com; bluespike@ghiplaw.com; Christopher Honea (chonea@ghiplaw.com); Kirk Anderson; Colin Jensen; AudibleMagic-BlueSpike
**Subject:** Re: Blue Spike v. Texas Instruments, et al. - Audible Magic Source Code

Dear Counsel for Audible Magic:

Blue Spike provided two different days to meet and confer on the time sensitive issue of dates to review Audible Magic's Source Code.  As explained below, last week Blue Spike explained the need to quickly meet

and confer given impeding court deadlines, and offered all day today (Monday) and all day tomorrow (Tuesday).   Instead of providing a date and time to meet and confer, Mr. Ramsey provided Blue Spike a laundry list of demands pertaining to its counterclaims where Audible Magic knows there are no damages.

Its Local Counsel has undoubtable explained to Audible Magic's West Coast Counsel at Orrick there is no excuse to refuse to agree to a meet and confer request from opposing counsel, especially one made now 3 days ago.  Blue Spike is still available to meet and confer tomorrow anytime between 9:30 a.m. and 7:00 p.m. Central.   Again, time is of the essence given the scheduling order and impeding claim construction briefing.

We look forward to receiving confirmation of one or two times tomorrow that lead and local counsel for Audible Magic are available to discuss Blue Spike's motion to compel dates to review Audible Magic's source code, pursuant to Civil L.R. 7(h).

Be well,



**Randall Garteiser**  / Partner
888.908.4400 x104 / rgarteiser@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On May 9, 2014, at 4:40 PM, Peter Brasher <pbrasher@ghiplaw.com> wrote:

Counsel,

As this is the first request to review the mentioned source code, we will confer with our client regarding a date and time to make the same available for review.

Since you have failed again to provide any dates and times that Blue Spike can review Audible Magic's source code, Blue Spike is available to meet and confer on Monday and Tuesday between 9:30 am and 7:00 pm central. When can lead and local counsel confer regarding Audible Magic's delay?

If Audilble Magic continues to delay or refuses to meet and confer at an agreeable time, Blue Spike will seek redress directly with the Court.

Regards,



**Peter Brasher** / Attorney
888.908.4400 x104 / pbrasher@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On May 9, 2014, at 4:02 PM, Ramsey, Gabriel M. <gramsey@orrick.com> wrote:

Counsel:

Thank you for your email.  Please let us known when and where the Giovanni Abstraction Machine source code will be made available for review.

Regarding Audible Magic's code, we are working on this.  Please let us know when you plan to submit the agreed stipulated protective order that includes the protective provisions regarding source code, and prosecution/acquisition bar etc.  As I understand it, you agreed to all of its provisions.  Once we get that in place with the court, with sufficient protections against further abuse of Audible Magic's intellectual property by Blue Spike, we can proceed.  I understand that other defendants in the group have been taking the lead with you on getting that stipulated protective order on file.  Can you please let us know where things stand?  But, in any event, we are working on a way to securely provide for on-premises access to Audible Magic's code at Orrick's San Francisco or Silicon Valley office.  We will let you know what solution we have, once we get it in place, and once the protective order is in place.

Thank you.

Gabe Ramsey

**From:** Peter Brasher [mailto:pbrasher@ghiplaw.com]
**Sent:** Friday, May 09, 2014 1:54 PM
**To:** Caridis, Alyssa
**Cc:** Eric Findlay; wlackey@findlaycraft.com; bluespike@ghiplaw.com; Randall Garteiser; Christopher Honea (chonea@ghiplaw.com); Kirk Anderson; Colin Jensen; AudibleMagic-BlueSpike
**Subject:** Re: Blue Spike v. Texas Instruments, et al. - Audible Magic Source Code

Counsel,

It has been several weeks since Blue Spike's request and your initial response. Provide a time and location that counsel for Blue Spike can review Audible Magic's source code or in the alternative provide a time that lead and local counsel can meet and confer on Audible Magic's failure to make the source code available for review.

Regards,



**Peter Brasher**  / Attorney
888.908.4400 x104 /  pbrasher@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
============================================================

<2014-05-28 Letter to Garteiser re BS Doc Production and ROG Responses.pdf><http___blue-spike.myshopify(1).pdf>