UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:12-cv-499 |
| **Texas Instruments, Inc.** | § § § | |
| Defendants | § | |

---

| | | |
|---|---|---|
| **Blue Spike, LLC** | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:13-cv-00124 |
| **Cognitec Systems Corporation** **Cognitec Systems GmbH** | § § § § | |
| Defendants | § | |

**COGNITEC SYSTEMS CORP. AND COGNITEC SYSTEMS GMBH'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS ON MOTION TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendants Cognitec Systems Corporation ("CSC") and Cognitec Systems GmbH ("Cognitec GmbH"), collectively referred to herein as "Cognitec" or "Defendant," file these objections to the Magistrate Judge's findings on Cognitec's motion to dismiss the allegations of indirect infringement and willful infringement in the complaint filed by Plaintiff Blue Spike, LLC ("Blue Spike" or "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

**Basis for Objections.**

    A.    **Different Treatment of Cognitec**.

This Court has granted similar motions on behalf of other defendants. *See, e.g.*, Docket Entry No. 1006. Plaintiff made the same allegations against Cognitec that the Court has already dismissed for other defendants, therefore it was erroneous for the magistrate judge to refuse to dismiss plaintiff's allegations against Cognitec.

    B.    **Plaintiff Did Not Identify Information Necessary for Contributory Infringement.**

Plaintiff must identify (1) which patent claims are allegedly indirectly infringed, (2) which methods or systems indirectly infringe, and (3) the direct infringer to whose infringement the defendant supposedly contributes. *See* Realtime Data, LLC v. Stanley, 721 F. Supp. 2d 538 (E.D. Tex. 2010); Clear With Computers, LLC v. Bergdorf Goodman, Inc., 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010). Plaintiff must also identify the material or component that is sold by the defendant for use in a patented process or system and plead sufficient facts from which the Court may infer that the material or components have no substantial non-infringing uses.

Plaintiff did not identify which patent claims are supposedly infringed indirectly; instead, Plaintiff alleges that "Defendant has infringed and continues to infringe on one or more claims of the '175 Patent – directly, contributorily, or by inducement," which is insufficient. *See* Complaint, Docket Entry No. 1, ¶35. Plaintiff also did not identify any methods or systems that supposedly infringe; instead, Plaintiff simply alleges in para. 36 of the complaint that the defendants make, use, sell and import their accused products "for use in [unidentified] *systems* that fall within the scope of one or more claims" of the patents-in-suit, which is insufficient.

Plaintiff did not identify any materials or components of any accused products that supposedly infringe, and did not plead any facts to support an inference that such materials or components have no substantial non-infringing uses; instead, Plaintiff summarily alleges in para. 36 of the complaint that the accused products themselves "have no substantial non-infringing uses and are for use in systems that infringe" the patents-in-suit, which is insufficient.

Finally, Plaintiff did not identify any direct infringers to whose infringement Cognitec supposedly contributes; instead, again in para. 36 of the complaint, Plaintiff generically identifies the supposed direct infringers as the "end users" of the accused products, which is insufficient.

In sum, Plaintiff made conclusory and formulaic allegations of indirect infringement that are insufficient and should have been dismissed.

### C.     Plaintiff's Allegations of Willful Infringement are Defective.

Plaintiff must plead facts showing (1) there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent; and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk. The plaintiff must plead sufficient facts to show a good faith basis for alleging willful infringement.

Plaintiff alleged in para. 38 of the complaint (on information and belief), that defendants' "actions constituted infringement of a valid patent" and that they "knew or should have known of that objectively high risk," without any supporting facts. *See* Docket Entry No. 1, ¶ 38. Such formulaic recitations of the elements of willful infringement without any supporting facts, however, are defective and should be dismissed.

Pleadings "containing no more than conclusions [ ] are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). A plaintiff must plead sufficient factual allegations to show it is "plausibly entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (*citing* Twombly, 550 U.S. at 555). Unless the plaintiff has pleaded "enough facts to state a claim for relief that is plausible on its face," and thereby "nudged its claims . . . across the line from conceivable to plausible," the complaint "must be dismissed." Twombly, 550 U.S. at 570. A claim has factual plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (*citing* Twombly, 550 U.S. at 556).

As the Federal Circuit has held, a willfulness finding "***must necessarily be grounded exclusively in the accused infringer's pre-filing conduct***." In re Seagate Technology, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (emphasis added).

Plaintiff does not allege facts as to Cognitec's pre-filing conduct, and does not provide any facts that Cognitec acted "despite an objectively high likelihood that [their] actions constituted infringement of a valid patent" or that Cognitec "knew or should have known of that objectively high risk."

In addition, Cognitec would point out that plaintiff's First Amended Complaint, which was filed after Cognitec filed its motion (see docket no. 1115), likewise does not remedy its pleading failures. The First Amended Complaint does not allege any facts that would show that Cognitec had any pre-filing knowledge of the asserted patents. For instance, Blue Spike's first allegation is that its patent in suit is allegedly "pioneering" and has been cited by many large

companies during prosecution of patents. See docket no. 1115, ¶ 38(a). Even if true, this does not even remotely prove that Cognitec had any knowledge of the asserted patents.

Blue Spike then alleges that the filing of the suit provided the requisite knowledge of the patents in suit and thus establishes a claim for willfulness. See docket no. 1115, ¶ 38(b). This Court has previously held that a party cannot sufficiently plead willfulness by alleging that knowledge was obtained by a party through the filing of a suit. See <u>Touchscreen Gestures LLC v. Research in Motion Ltd.</u>, Case No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *6 (E.D. Tex. Mar. 27, 2013).

Such formulaic recitations of the elements of willful infringement are defective and should have been dismissed. Therefore, the Magistrate Judge's Report and Recommendations are erroneous.

The plaintiff in this case has sued a huge number of defendants, making only such high level, conclusory allegations, without basis, supporting facts, identification of claims, identification of customers, and without any evidence whatsoever. This Court has already granted similar motions on behalf of other defendants. For these reasons, Plaintiff's allegations of contributory patent infringement and willful infringement against Cognitec Systems Corporation and Cognitec Systems GmbH should have been dismissed, and Cognitec objects to the Magistrate Judge's report and recommendation on this basis, and as set forth in Cognitec's motion to dismiss, which is incorporated herein by reference.

Respectfully submitted,

/s/ Dwayne K. Goetzel
Texas State Bar No. 08059500
Eric B. Meyertons
Texas State Bar No. 14004400
Ryan T. Beard

                    Texas State Bar No. 24012264
                    MEYERTONS, HOOD, KIVLIN,
                      KOWERT & GOETZEL, P.C.
                    1120 South Capital of Texas Hwy.
                    Building 2, Suite 300
                    Austin, Texas 78746
                    (512) 853-8800 (telephone)
                    (512) 853-8801 (facsimile)

**ATTORNEYS FOR COGNITEC SYSTEMS CORP. AND COGNITEC SYSTEMS GMBH**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 4th day of August 2014.

                    */s/Dwayne K. Goetzel*
                    Dwayne K. Goetzel