UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff*, | § | Case No. 6:12-cv-499-MHS |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| | § | |
| *Defendants*. | § | |

**BLUE SPIKE'S SURREPLY TO FACEBOOK'S MOTION TO DISMISS SEPARATE
CLAIMS AGAINST FACEBOOK'S TECHNOLOGY, OR IN THE ALTERNATIVE, TO
SEVER AND TRANSFER THOSE CLAIMS [DKT. 1618]**

Facebook's Reply (Dkt. 1657) does not even attempt to explain why the
Court should entertain a motion to dismiss that was filed nearly two months
after the court-ordered deadline. *See* Blue Spike's Opposition (Dkt. 1640 at 1).
This is unsurprising given that Facebook's tardiness is unjustifiable; Facebook
had all the relevant facts at hand at least two weeks before the deadline. *See
id.* at 2.

Facebook also does not attempt to explain why the Court should
entertain a motion to sever and transfer that was filed nearly four months
after the court-ordered deadline. *See* Dkt. 1640 at 3.[1] If Facebook believes that

---

[1] Facebook incorrectly argues that Blue Spike "did not oppose the merits of
Facebook's motion to transfer." Dkt. 1657 at 4. In fact, Blue Spike did oppose
the merits, explaining that the Court had already decided them in Blue Spike's
favor. *See* Dkt. 1640 at 3. The same logic that defeated Facebook's previous
transfer motion defeats its current transfer motion. And additional relevant
facts are obvious: even if the Court transfers Blue Spike's claims based on
"Facebook Technology," Blue Spike and Facebook will still be litigating other
claims in this Court. In fact, a *Markman* hearing is scheduled on those claims

it deserves an exception to that deadline, it should have moved for leave to amend the Court's scheduling order. It did not.

Facebook's equitable argument for dismissal—that Blue Spike "reneged" on an agreement to stipulate to dismissal (Dkt. 1657 at 3-4)—grossly mischaracterizes events. As Facebook's own evidence shows, the parties were working towards a stipulation, but then Facebook's attorneys, not Blue Spike's, threw a wrench in the works. *See* Dkt. 1657-2 at 2 ("Facebook cannot agree to your proposed stipulation."). Further, Blue Spike made clear throughout the stipulation negotiations that it would consider dismissing its claims against the "Facebook Technology" in this suit only because it planned to re-raise those claims in a separate lawsuit filed in this Court. *See generally id.* That being the case, Facebook's attempt to read some sort of "admission" into Blue Spike's willingness to negotiate (*see* Dkt. 1657 at 4) rings hollow. Blue Spike does agree, however, that the equities of this dispute are important. In that regard the Court should consider whether it would be equitable to dismiss or transfer claims in the middle of claim-construction discovery—especially given that Facebook already willingly engaged in extensive discovery regarding the claims that it now wants dismissed or transferred. *See* Dkt. 1640 at 2-3.  In addition Blue Spike has served separate infringement contentions related to the Facebook technology well before

for this October. It would make little sense for all of that to be going on here while the same parties simultaneously ramped up another suit in another forum.

Facebook filed the present motion. Also, Facebook has served the only deposition notice on Scott Moskowitz, which Blue Spike scheduled and prepared for.

Finally, Facebook argues that the Court should dismiss Blue Spike's Facebook Technology claims because Blue Spike filed a separate lawsuit based on those claims. Dkt. 1657 at 2-3. Blue Spike did file a separate suit based on those claims, but doing so was not an "admission" that Blue Spike "has no valid claim against Facebook Technology in this case." *Id.* at 2. Rather, Blue Spike filed the separate suit because that was how the parties discussed resolving their disagreement over addressing Facebook Technology claims as part of this suit. *See* Dkt. 1657-2. Blue Spike has always believed that the Facebook Technology claims could properly be addressed in this suit.

If the Court decides to deny Facebook's tardy motion to dismiss, then Blue Spike will dismiss its separately filed complaint: the Facebook technology claims can be resolved as part of this suit as they have been for the past several months. If, however, the Court concludes that the Facebook Technology claims should not be resolved as part of this suit, then Blue Spike has already filed those claims for the parties to address in a separate suit (in accordance with the parties' original negotiations).

For these reasons plus those contained in its opposition (Dkt. 1640), Blue Spike respectfully reiterates its request that the Court deny Facebook's Motion to Dismiss Separate Claims Against Facebook's Technology, or in the

Alternative, to Sever Pursuant to 35 U.S.C. §299 and Transfer Pursuant to 28

U.S.C. §1404(a) (Dkt.1618).


Respectfully submitted,


  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(903) 526-5477 fax

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on August 7, 2014.

/s/ Randall Garteiser
_____

5