IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 6:12-CV-499-LED<br><br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CLEAR CHANNEL BROADCASTING, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 6:12-CV-595-LED<br><br>(CONSOLIDATED WITH 6:12-CV-499)<br><br>JURY TRIAL DEMANDED<br><br>ORAL ARGUMENT REQUESTED |

### DECLARATION OF RYAN K. YAGURA IN SUPPORT OF DEFENDANT CLEAR CHANNEL'S MOTION TO STRIKE BLUE SPIKE'S INFRINGEMENT CONTENTIONS

I, Ryan K. Yagura, declare and state as follows:

1. I am an attorney licensed to practice law in the State of Texas and am a partner at the law firm of O'Melveny & Myers LLP, attorneys for Defendant Clear Channel Broadcasting, Inc. All of the facts set forth herein are known to me personally, and if called as a witness, I could and would testify competently thereto.

2. On February 26, Plaintiff Blue Spike, LLC ("Blue Spike") served its Initial Infringement Contentions ("Initial Contentions"), accusing "Media Monitors Service" of infringing 114 claims of U.S. Patents Nos. 7,346,472 ("the '472 patent"), 7,660,700 ("the '700 patent"), 7,949,494 ("the '494 patent"), and 8,214,175 ("the '175 patent") (collectively, the

1

"Asserted Patents"). Attached hereto as Exhibit A is a true and correct copy of the Initial Contentions.

3. On March 26, 2014, I sent a letter detailing the deficiencies in the Initial Contentions, requesting supplemental contentions or a substantive response by April 4. I did not receive any response to this letter on or before April 4. Attached hereto as Exhibit B is a true and correct copy of this letter to Randall Garteiser.

4. In response to a meet-and-confer between Blue Spike and various defendants, on April 16, 2014, Blue Spike served its Amended Infringement Contentions ("Amended Contentions"), identifying claims 3-4, 8, and 11-12 of the '472 Patent; claims 1, 6-8, 10-11, 40, and 49-51 of the '700 Patent; claims 1, 4-5, 11, 17-18, 20-22, and 29 of the '494 Patent; and claims 8, 11-13 and 15-17 of the '175 Patent as allegedly infringed by the Media Monitors Service. Attached hereto as Exhibit C is a true and correct copy of the Amended Contentions.

5. On May 20, two attorneys from Blue Spike, Kirk Anderson and Ian Ramage, inspected the RCS source code for the Media Monitors and MediaBase systems, and on May 21, Mr. Ramage continued the source code review.

6. On June 10, Clear Channel produced print-outs of requested source code to Blue Spike. Attached hereto as Exhibit D is a true and correct copy of the production letter for the source code print-outs.

7. Attached hereto as Exhibit E is a letter, dated June 23, from Clear Channel attorney Sarah Pfeiffer to Randall Garteiser regarding Blue Spike's insufficient infringement contentions. Blue Spike did not respond to this letter.

8. Attached hereto as Exhibit F is a true and correct copy of an email dated July 3 from Sarah Pfeiffer to Randall Garteiser requesting a meet and confer.

9. On July 10, Ms. Pfeiffer provided a time and dial-in information for a meet-and-confer. Nobody from Blue Spike responded to this email, nor did they dial in to the call at the proposed time. Attached hereto as Exhibit G is a true and correct copy of that email chain, dated from July 7 to July 11.

10. On July 11, I participated in a meet-and-confer teleconference with Sarah Pfeiffer and myself for Clear Channel and Randall Garteiser for Blue Spike. At that meet-and-confer, Mr. Garteiser indicated that Blue Spike would provide supplemental contentions that included pinpoint source code citations. Ms. Pfeiffer proposed two additional weeks, July 25, but Mr. Garteiser refused to agree to a date-certain to provide this supplement.

11. Attached hereto as Exhibit H is a true and correct copy of an email from Sarah Pfeiffer to Randall Garteiser, dated July 11, related to summarizing the meet-and-confer. Blue Spike did not respond regarding the contentions.

12. Attached hereto as Exhibit I is a true and correct copy of a series emails between Sarah Pfeiffer and Kirk Anderson, dated between July 10 and August 4, related to a second source code inspection. On July 14, Mr. Anderson canceled the scheduled July 15 review.

13. On July 25 and 28, my colleague Sarah Pfeiffer left voicemail messages with Randall Garteiser requesting an update on the status of the contentions and other discovery issues. Mr. Garteiser did not return her calls.

14. Attached hereto as Exhibit J is true and correct copy of an email from Sarah Pfeiffer to Randall Garteiser, dated July 28, regarding amending the contentions and other issues. Blue Spike did not respond regarding amending the contentions.

15. Mr. Anderson inspected the source code on August 5.

16. Clear Channel did not receive any requests for additional source code print-outs prior to filing this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed this 13th day of August, 2014, at Los Angeles, California.

*/s/ Ryan K. Yagura*
Ryan K. Yagura