# Exhibit E

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 610 Newport Center Drive, 17th Floor | SAN FRANCISCO |
| BRUSSELS | Newport Beach, California  92660-6429 | SEOUL |
| CENTURY CITY | | SHANGHAI |
| HONG KONG | TELEPHONE  (949) 823-6900 | SILICON VALLEY |
| JAKARTA† | FACSIMILE  (949) 823-6994 | SINGAPORE |
| LONDON | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |
| NEW YORK | | |

June 23, 2014

WRITER'S DIRECT DIAL
(949) 823-7957

**VIA E-MAIL**

WRITER'S E-MAIL ADDRESS
spfeiffer@omm.com

Randall Garteiser, Esq.
GARTEISER HONEA, PC
218 North College Avenue
Tyler, Texas 75702

    Re: *Blue Spike, LLC v. Clear Channel Broadcasting, Inc., Case No. 6:12-cv-595 (consolidated with Case No. 6:12-cv-499), E.D. Tex.*

Dear Randall:

  I write regarding deficiencies in Blue Spike's Infringement Contentions following Ryan Yagura's letter dated March 26, 2014.  Blue Spike served revised contentions on April 16, 2014 ("CCBI Contentions"), which eliminated any specific reliance on "information and belief," but largely relied upon the same evidence and argument, and as such, are still deficient.  Moreover, as we have informed Blue Spike previously, Clear Channel Broadcasting, Inc., does not own RCS or Media Monitors, nor is it responsible for the accused products.  The proper entity is Clear Channel Management Services, Inc.

    **I. Blue Spike Did Not Make Any Attempt to Remedy Certain Deficiencies**

  Blue Spike still has not identified the infringing Clear Channel products with any specificity, and instead accuses "Clear Channel Broadcasting's Media Monitors and RCS monitoring and verification software, systems, and technology."  As such, Blue Spike's CCBI Contentions fail to give Clear Channel fair notice of Blue Spike's infringement positions and allegations and do not comply with the local Patent Rules.  Because Blue Spike has not identified any products other than Media Monitors and MediaBase, Clear Channel will oppose any attempt to include additional products or services.[1]  Similarly, Blue Spike did not add any information to demonstrate that it might allege a priority date or assert a conception and reduction to practice date earlier than September 7, 2000.  Because Blue Spike elected not to attempt to supplement its contentions regarding these matters, Blue Spike cannot demonstrate good cause or diligence, and is precluded from amending or supplement its contentions with regard to these issues.

---

[1] Clear Channel reserves the right to challenge the allegations against Media Monitors and MediaBase as deficient, including at least for the reasons set forth below, or for reasons identified at a later date.

† In association with Tumbuan & Partners

**O'MELVENY & MYERS LLP**
June 23, 2014 - Page 2

## II. Blue Spike Must Supplement to Add Source Code Citations

Blue Spike does not meet its burden to identify how it alleges each product satisfies the necessary element. The contentions as a whole are deficient because the CCBI Contentions do not contain any references to source code. Blue Spike must include source code citations for each element and for each accused product to fulfill its burden under Local Patent Rule 3.1. *See UltimatePointer, LLC v. Nintendo Co., Ltd.,* 2013 Wl 6253767, at *3 (E.D. Tex. Dec. 3, 2013) (requiring plaintiff to amend infringement contentions to include pinpoint citations to source code within 10 days of order).

The CCBI Contentions often include the statement in a given element that "[f]urther discovery, including review of the Media Monitors Service source code, is required." On May 20 and 21, Blue Spike examined the source code for the accused products for two days and received selected printouts, yet Blue Spike has not supplemented its contentions to include citations to the source code. As asserted by Blue Spike, the source code is the "crown jewels" for describing how the accused products function (*see* Dkt. No. 1589), and as such, Blue Spike must identify how it alleges these products infringe the asserted claims using the evidence it claimed it needed to make its case. If anything satisfying these elements exists, Blue Spike should now be able to identify these elements specifically in the source code for each accused product using pinpoint citations. Clear Channel has provided the material that Blue Spike claimed it needed to supplement its contentions, and therefore Blue Spike must supplement its contentions.

\* \* \*

Please confirm that Blue Spike will supplement its contentions to address these deficiencies no later than July 7, or dismiss this case against Clear Channel with prejudice. If Blue Spike will not agree to supplement its contentions or dismiss its complaint by July 7, 2014, Clear Channel may initiate whatever steps are necessary to strike the CCBI Contentions and any attempt to amend or supplement the CCBI Contentions at a later time. If Blue Spike cannot agree to this action, please explain in detail why not by July 7, 2014.

Sincerely,

*/s/ Sarah A. Pfeiffer*

Sarah A. Pfeiffer
of O'MELVENY AND MYERS LLP