# Exhibit H

**Pfeiffer, Sarah**
___

| | |
|---|---|
| **From:** | Pfeiffer, Sarah |
| **Sent:** | Friday, July 11, 2014 9:57 PM |
| **To:** | Randall Garteiser (rgarteiser@ghiplaw.com); Colin Jensen (cjensen@ghiplaw.com); Peter Brasher (pbrasher@ghiplaw.com); Christopher Honea (chonea@ghiplaw.com) |
| **Cc:** | #CLEAR CHANNEL_BLUE SPIKE OMM TEAM |
| **Subject:** | Blue Spike v. Clear Channel |

Randall,

Thank you for joining Ryan and me for the productive meet and confer today.  Below please see a summary of our discussion.  Please note that most of these issues should be able to be resolved within one week, given how long they have been pending, but there is a detailed discussion for each topic regarding the expectations.

**Amending the Pleadings**
Clear Channel produced documents showing that Clear Channel Management Services, Inc., owns the accused products, not Clear Channel Broadcasting, Inc., as named in the complaint.  In the current complaint, we have identified only two paragraphs that require modification (along with the caption, of course), and have provided those modifications below.  Thus, this fix should be very easy, and we should be able to get this on file next week.  You confirmed that Blue Spike would not plan to oppose the amendment on the basis of delay or lack of diligence, but we would prefer to resolve this issue as quickly as possible.  During the call, I confirmed that Clear Channel would oppose the inclusion of any previously unidentified products as new accused products at this stage in the litigation.  We propose that Blue Spike provide a draft amended complaint to Clear Channel, and then Clear Channel will provide a draft amended answer, including the two proposed added defenses of licensing and inequitable conduct that we discussed on the call.  Assuming the parties agree to the drafts, we can file a joint motion to amend the pleadings.  We have identified the required changes below.

The introduction paragraph should be modified as follows: Plaintiff Blue Spike, LLC files this complaint against Defendant Clear Channel ~~Broadcasting~~ <u>Management Services</u>, Inc. ("Clear Channel" or "Defendant").

Paragraph 3 identifies the defendant.  It should be modified as below.
On information and belief, Defendant, ~~f/k/a Clear Channel Radio, Inc., is a Nevada~~ <u>Clear Channel Management Services, Inc., a Texas</u> corporation, having its principal place of business at 200 East Basse Road, San Antonio, Texas 78209. On information and belief, Defendant acquired and merged with Radio Computing Services, Inc. and its subsidiary, Media Monitors, LLC, having their principal place of business at 445 Hamilton Avenue, Seventh Floor, White Plains, New York 10601. Defendant can be served with process through its registered agent, CT Corporation System, located at ~~350 North St. Paul Street, Suite 2900~~ <u>1999 Bryan St., Ste 900,</u> Dallas, Texas 75201. Defendant does business in the State of Texas and in the Eastern District of Texas.

Because these changes are so minor, please provide a draft by Tuesday, July 15, so that we can continue moving this process forward.

**Compliant Production**
You stated that you believed the first production, Bates numbers BLU000001-2723 could be fixed quickly, but you needed to check with your colleague to confirm.  This production does not maintain the unitization of individual documents, and rather, appears to consist of only two documents, when it is clear each of these is a compilation of many documents.  Please confirm when you can provide a replacement production.  Details regarding Clear Channel's

issues with this production can be found in my May 23 letter.  If we have not received a replacement production within one week (July 18), we will consider the issue ripe for motion practice for compelling a compliant production.

**Claim Construction Privilege Log**
I explained that work-product does not apply to prosecution documents, and that Clear Channel needs the names and job titles of all individuals who received any alleged protected document to evaluate many of the other claims for privilege.  I further stated we need a detailed response and/or the production quickly because there is a deadline with the court to file a motion to compel documents from a privilege log.  You stated that Blue Spike would provide an amended log and detailed response, and if you agree with our position after conferring with your team, the accompanying production, by **July 18**.  As a further note, simply changing the claim of protection from work-product to attorney-client privilege will not be sufficient, as these documents were not communicated to the client, so they are not entitled to that privilege either.  You also noted that *in camera* review may be necessary for some documents.  If that is the case, please identify these documents in the amended log or in responsive correspondence.  If you believe the prosecution documents are otherwise entitled to privilege, please provide a detailed response, including case law supporting your position, by the agreed July 18 date.  A detailed discussion of Clear Channel's positions on the deficiencies of the privilege log can be found in my letter dated July 7.  If we do not receive a detailed response and a sufficient privilege log and production by July 18, we will consider this issue ripe for motion practice to compel production of relevant documents not protected from discovery.

**Infringement Contentions**
You agreed that defendants would provide pinpoint citations to source code in supplemental infringement contentions, as requested in our June 23 letter and as orally agreed by Chris Honea to Ryan Yagura previously, but could not agree to a date certain.  I referred to a recent E.D. Tex. case requiring pinpoint citations within 10 days.  Because the Court in that case allowed only 10 days, Clear Channel believes that two weeks from today is fair, but understand that Blue Spike has not committed to providing a supplement by this date.  We note that the source code review originally took place on May 20-21, and print-outs were provided on June 10, and Clear Channel withdrew the objection to Tewfik on July 7.  If, after reviewing the code again next week, Blue Spike does not believe it can provide supplemental contentions by July 25, it must reach out to Clear Channel in advance to discuss this.  If we do not receive supplemental contentions by July 25, we will consider this issue ripe for motion practice for moving to strike the contentions as deficient.

**Interrogatory Responses**
We appreciate your confirmation that no documents or information have been withheld on the basis that they are not within Blue Spike, LLC's possession just because they reside with Scott Moskowitz or other entities controlled by Mr. Moskowitz.

Details regarding Clear Channel's positions can be found in my letter dated July 3.  A brief summary of the interrogatories we discussed follows.  Although we recognize that some of these interrogatory responses may require effort to provide an adequate response, these responses were due within 30 days of service.  As such, if Blue Spike does not provide a good faith effort in providing supplemental responses by July 18, Clear Channel will consider this issue ripe for motion practice.

Interrogatory No. 1 concerns Blue Spike's pre-suit investigation and basis for bringing a lawsuit against Clear Channel, including seeking information to understand whether Blue Spike had a Rule 11 basis for doing so.  As we discussed, Clear Channel seeks factual information on this topic, including who became aware of RCS's allegedly infringing products, the date they were aware of the products, and the date the products were identified as allegedly infringing.  This would also include, under Rule 33(d), a citation to any documents that were used as a basis for filing the suit against Clear Channel.  You agreed to provide the factual information in a supplemental response.

Interrogatory No. 2 concerns communications between Blue Spike and/or Scott Moskowitz and anyone at RCS, including Elliot Mazer. Clear Channel acknowledged the cited documents and appreciates the continued investigation, but also noted that a full response would include a narrative description of any telephone or in-person discussions between Scott

Moskowitz and anyone at RCS.  You acknowledged this, and agreed to a continued investigation, as stated in the original response.

Interrogatory No. 3 seeks information regarding why Blue Spike believes the patents-in-suit are valid over the prior art asserted, and charted in detail, in the Defendants' joint invalidity contentions.  Clear Channel agreed that a response to charts A-26 (Lamb) and A-51 (RCS AirCheck System) would be sufficient for the time being, with additional responses provided after the defendants narrow their selection of prior art.  You agreed that this was reasonable, and that Blue Spike would provide a substantive response to these charts with its supplement.

Interrogatories Nos. 4 and 5 are related to damages and license agreements.  I explained that for No. 5, we are seeking information on the basis for the numbers used in the initial damages calculation served under the Track B patent rules.  Once Clear Channel has an understanding of the basis for these numbers, it may be able to limit the scope of No. 4 to apply to the agreements on which Blue Spike is basing its damages calculation, and related licenses.

Interrogatory No. 6 seeks information regarding previous sworn testimony by any named inventor, including any declarations.  You agreed to revise the response so that it makes grammatical sense, and to confirm whether any declarations need to be included in the response.

Interrogatory No. 7 seeks information regarding the ownership of the patents-in-suit.  I explained that the information is not factually accurate, and you agreed to correct the information in the supplemental response, along with identifying, pursuant to Rule 33(d), any documents already produced that are related to the ownership of the patents, including assignment documents.

Interrogatory No. 8 seeks information regarding the written description support for the asserted claims.  I explained that a blanket citation to the entire file history of each patent was not helpful, but to begin the process, we would accept a supplemental response that addresses at least the asserted independent claims, with a limitation-by-limitation identification of the support by column and line number (for example, '472 Patent at 4:10-27).  You agreed that this was a reasonable starting point, and agreed to provide more specific citations for the independent claim limitations with the supplemental response.

Interrogatory No. 9 seeks an understanding of what Blue Spike believes the level of skill in the art, and contains only an ellipsis as the response.  I noted that we would be amenable to Blue Spike modifying its determination as the case evolves, but that we need a response to give us some idea of level of education and/or experience that Blue Spike would put forward.  You agreed to provide a full response with the supplement.

Interrogatory No. 10 seeks the basis on which Blue Spike is asserting willful infringement against Clear Channel, and the response does not identify any facts or documents.  You confirmed that at this point Blue Spike does not have evidence beyond what is in the complaint, but will promptly supplement its response to this interrogatory if any additional information is discovered.  I noted that this could be dropped when we amend the pleadings, but you would prefer to leave it in until depositions are complete.  Clear Channel agreed to discuss with Blue Spike on the phone an agreement to strike the claim at a later date.

As noted above, because sufficient responses were due over one week ago, providing an additional week to Blue Spike is a reasonable amount of time to receive adequate responses.  Because it appears that we reached an agreement as to what would be sufficient for each interrogatory at this time, we would prefer not to seek the Court's intervention.  However, some of these responses are extremely time sensitive, including because they relate to claim construction or the ability for Clear Channel to fully understand Blue Spike's claims against it and to develop its defenses.  Thus, if we do not receive supplemental interrogatory responses by July 18, we will consider the interrogatory responses ripe for a motion to compel.

As Blue Spike develops its responses to these outstanding issues and you discuss the issues with your team, please contact me via email or telephone if you would like to discuss the timing or substance of any of the necessary materials so that we can resolve as many issues as possible before seeking the Court's intervention.

Regards,
Sarah


*Sarah A. Pfeiffer*
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Tel: (949) 823-7957 / Fax: (949) 823-6994

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*