UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| *Plaintiff,* | § § | CASE NO. 6:12-cv-499-MHS-CMC |
| v. | § § | LEAD CASE |
| TEXAS INSTRUMENTS, INC., et al., | § § | Jury Trial Demanded |
| *Defendants.* | § § § | |

**BLUE SPIKE, LLC'S RESPONSE TO COGNITEC SYSTEMS CORP. AND COGNITEC SYSTEMS GMBH'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Blue Spike, LLC responds pursuant to Fed. R. Civ. P. 72(b)(2) to Defendants Cognitec Systems Corp. and Cognitec Systems GmbH's (collectively "Cognitec's") objections to Judge Craven's Report and Recommendations (Dkt. 1645) regarding Defendant's motion to dismiss.

### A. The Court's Previous Determinations Are Inapplicable Here

Cognitec argues that this court has granted another 12(b)(6) motion; accordingly, Judge Craven's report and recommendations are erroneous. *See* Cognitec's Objections to Craven's Report and Recommendations, Dkt. 1663, at 2. However, Cognitec fails to recognize, as Judge Craven did, the fundamental distinctions between the Court's previous rulings and the present motion. In response to Cognitec's motion to dismiss, Plaintiff Blue Spike, LLC timely amended its pleadings specifically addressing this Court's previous ruling and determinations and the issues raised by Defendant's

1

motion. Cognitec would have the Court believe that the pleadings in both cases are exactly the same, when in fact, they are not. Judge Craven's report and recommendations should be accepted, and Defendant's motion should be denied.

### B. Blue Spike's First Amended Complaint Pleads the Necessary Facts to Support its Claim for Contributory Infringement.

Plaintiff Blue Spike, LLC is required to identify which methods or systems indirectly infringe and the direct infringers that Defendant contributes to. In its First Amended Complaint, Plaintiff Blue Spike, LLC identifies four of Defendant's infringing systems and identifies nine direct infringers. *See* Plaintiff's First Amended Complaint, Dkt. 1115 at ¶¶ 28, 36, 44, 52, 60. Pursuant to this court's previous rulings, Blue Spike further identifies six systems and products made and developed by direct infringers which incorporate Defendant's previously infringing systems. *See id*. Plaintiff Blue Spike, LLC has sufficiently pleaded contributory infringement.

Despite the supporting Federal Circuit case law and Judge Craven's recommendation to follow that case law, Cognitec persists with the claim that Blue Spike is required to "identify which patent claims are allegedly indirectly infringed." Cognitec's Objections to Craven's Report and Recommendations, Dkt. 1663, at 2. *See contra In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) (to survive dismissal, "a plaintiff need not even identify which claims it asserts are being infringed"); *see also* Craven's Report and

2

Recommendation, Dkt. 1645 at 7. The Court should accept Judge Craven's report and recommendations and deny Defendant's motion to dismiss.

### C. Pursuant to this Court's Previous Decisions, Blue Spike's First Amended Complaint Pleads Sufficient Facts to Support Willful Infringement.

In its First Amended Complaint, Plaintiff Blue Spike, LLC provides evidence that Defendant's likely knew of the patents pre-suit due the patents' prominence in addition to alleging the original complaint put Defendants on notice. In *NovelPoint Security LLC v. Samsung Elecs. Am., Inc.*, this Court determined that such a showing was sufficient to overcome a motion to dismiss. *See* Case No. 2:12-cv-100, Dkt. 126 (E.D. Texas July 22, 2013). Judge Craven agreed and noted that despite Defendant's assertions or implications to the contrary "[a] motion to dismiss is not the proper mechanism for the Court [to] make an assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *See id.* at 3 (*quoting Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1969 (2007)). Defendant's motion to dismiss Plaintiff's willful infringement contentions should be denied.

### CONCLUSION

For the above stated reasons, Judge Craven's report and recommendations should be accepted and Defendant's motion should be denied.

3

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-7420
Facsimile:  (888) 908-4400

*Counsel for Blue Spike LLC*

## CERTIFICATE OF SERVICE

   The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                   /s/ Randall T. Garteiser
                   Randall T. Garteiser