IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

BLUE SPIKE, LLC, §
    *Plaintiff,* §
§
v. § Case No. 6:12-cv-499
§ LEAD CASE
TEXAS INSTRUMENTS, INC. §
    *Defendant.* §

## ORDER

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.  The following pending motion is before the Court: Opposed Motion to Extend Deadline by 9 Days to Respond to Audible Magic's Discovery (Docket Entry # 1648).  The Court, having reviewed the relevant briefing, is of the opinion the motion should be **GRANTED.**

## BACKGROUND

This action involves numerous consolidated cases against unrelated defendants for infringement of four patents. Plaintiff Blue Spike, LLC ("Blue Spike") filed suit against Audible Magic Corporation ("Audible Magic") on August 27, 2012.  Audible Magic's answer included 12 counterclaims against Blue Spike, LLC as well as Blue Spike, Inc., and Scott Moskowitz (collectively "Counter-Defendants").

On June 11, 2014, Audible Magic served its First Set of Interrogatories to Blue Spike, Inc. and to Scott Moskowitz and its First Set of Requests for Admission to Blue Spike, Inc. The discovery relates to Audible Magic's patent infringement claims against Blue Spike LLC and Blue Spike, Inc. On July 15, 2014, counsel for Audible Magic notified counsel for Blue Spike of Counter-Defendants' failure to respond to the discovery served on June 11.  According to Blue Spike, this

was the first time lead counsel for Blue Spike became aware of a calendaring mistake by Blue

Spike's counsel who was out of the office on paternity leave in June.  Counter-Defendants requested

until July 25 to respond.  Counsel for Audible Magic did not agree to the request.  Unable to obtain

a stipulation, Counter-Defendants filed the current motion, seeking an extension from the Court of

nine days in which to respond to the discovery requests.  Blue Spike's counsel explains this is not

a situation where a client received discovery requests and simply did not provide timely responses;

here, Counter-Defendants never received the requests due to an internal calendaring mistake.  Blue

Spike asserts there is good cause to allow them a nine day extension.  According to Blue Spike,

Audible Magic will not be prejudiced by the brief extension, but Counter-Defendants will be

severely prejudiced if not granted.

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 36(a)(3), a matter is admitted unless, within 30

days after being served, the party to whom the request is directed serves on the requesting party a

written answer or objection addressed to the matter and signed by the party of its attorney.  A shorter

or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.  *Id*. If

the responding party does not timely serve answers or objections to the request, the matters in the

request are admitted as a matter of law.  *Id.*  They are deemed admitted automatically. *Id.*

A party may move that the court permit withdrawal or amendment of admissions deemed

against it.   FED. R. CIV. P. 36(b).  "Subject to the provision of Rule 16 governing amendment of a

pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits

of the action will be subserved thereby and the party who obtained the admission fails to satisfy the

court that withdrawal or amendment will prejudice that party in maintaining the action or defense

on the merits." *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). Under Rule 36(b), the decision to excuse the defendant from its admissions is in the court's discretion. "[T]he court *may permit* withdrawal [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." FED. R. CIV. P. 36(b) (emphasis added). Thus, the court has the power to make exceptions to the rule only when (1) the presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admission will result. Because the language of the rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)(quoting *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983)).

## DISCUSSION

Blue Spike does not dispute Counter-Defendants failed to timely respond to Audible Magic's discovery requests.  Rather, it seeks an extension of time in which to respond.  While Audible Magic acknowledges the Court has authority to extend the deadline to respond to discovery requests, it asserts the time for doing so under Rule 36(a)(3) has passed.  According to Audible Magic, once Blue Spike failed to timely respond to its discovery requests, the requests for admissions were deemed admitted. Audible Magic asserts Blue Spike should have filed a motion for relief under Federal Rule of Civil Procedure 36(b), rather than a motion for an extension under Rule 36(a). Therefore, Audible Magic argues Counter-Defendants' admissions cannot be withdrawn.  In its reply, Blue Spike asserts it should be allowed the short extension or to withdraw or amend its admissions since it more than satisfies the requirements under Rule 36(b).

The Court first notes other circuits have not always required a formal motion to withdraw to set aside deemed admissions. *See U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).  However, the Fifth Circuit "has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).  Although Blue Spike did not reference Rule 36(b) in its motion, it did seek relief under Rule 36.  And in its reply, Blue Spike discusses Rule 36(b)'s two-prong test.  The Court does not find Blue Spike has waived the right to address Rule 36(b) in its reply, and the Court will consider Blue Spike's motion as one to withdraw or amend its admissions pursuant to Rule 36(b).

While the district court has considerable discretion over whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test: (1) the presentation of the merits must be subserved by allowing withdrawal or amendment; and (2) the party that obtained the admissions must not be prejudiced in its presentation of the case by their withdrawal. Here, the Court concludes the presentation of the merits of this action will be subserved by not permitting Counter-Defendants to respond to the requests for admissions. According to counsel for Blue Spike, Counter-Defendants never even received the requests due to the calendaring mistake by Blue Spike's counsel.  Moreover, Blue Spike asserts denying its motion would force it to make admissions that are contradicted by the record and are actively misleading.

The ascertainment of the truth and the development of the merits would be enhanced by permitting Counter-Defendants to respond, especially in view of the absence of some particularized allegations of the prejudice caused by the delay. In the absence of such a showing, Audible Magic cannot establish the requisite prejudice that would justify the denial of Counter-Defendants' motion.

Therefore, the Court concludes Counter-Defendants are entitled to relief under both parts of the Rule 36(b) test.

<u>**CONCLUSION**</u>

The Court, in its discretion, will allow Blue Spike to withdraw its deemed admissions and amend under Rule 36(b).  Considering Blue Spike's counsel was responsible for calendaring the deadlines and further considering Audible Magic's counsel has had to respond (in an expedited manner) to Blue Spike's motion for relief from its calendaring mistake, the Court orders Blue Spike's counsel to pay any attorneys fees and costs incurred by Audible Magic in having to respond to the current motion.

Within 15 days of the date of this Order, counsel for Audible Magic shall submit a memorandum establishing by affidavit or other appropriate documentation the amount of attorney's fees and costs incurred in responding to Blue Spike's motion. Blue Spike's counsel shall have 10 days from the date counsel for Audible Magic submits this memorandum to file any objections. The Court will determine an appropriate award.

**IT IS SO ORDERED**.

**SIGNED this 4th day of September, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE