IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, INC.,** | § § § | |
| *Plaintiff*, | § § | CASE NO. 6:12-CV-499-MHS-CMC |
| v. | § § § | LEAD CASE |
| **TEXAS INSTRUMENTS, INC.,** *et al.* | § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § § § | |

### BLUE SPIKE, INC.'S REPLY IN RESPONSE TO
### DEFENDANT AUDIBLE MAGIC'S FIRST AMENDED COUNTERCLAIMS

Counterclaim Defendant Blue Spike, Inc. files this Reply to the First Amended Counterclaims of Audible Magic Corporation ("Audible Magic" or "Defendant") (Dkt. No. 1438) as follows. All allegations not expressly admitted or responded to by Blue Spike, Inc. are denied.

### COUNTERCLAIMS

1. Paragraph 1 contains no allegations requiring an admission or denial.

2. Blue Spike, Inc. admits the allegations of Paragraph 2.

3. Blue Spike, Inc. admits the allegations of Paragraph 3.

4. Blue Spike, Inc. admits the allegations of Paragraph 4.

5. Blue Spike, Inc. admits the allegations of Paragraph 5.

6. Blue Spike, Inc. admits that this Court has jurisdiction over Defendant's counterclaims and that venue in this district is proper. Blue Spike, Inc. denies the remaining allegations of Paragraph 6.

7. Blue Spike, Inc. admits the allegations of Paragraph 7.

8. Blue Spike, Inc. admits the allegations of Paragraph 8.

1

9.      Blue Spike, Inc. admits the allegations of Paragraph 9.

10.     Blue Spike, Inc. admits that Exhibit A appears to be a copy of United States Patent Number 6,834,308, ostensibly issued on December 21, 2004 (the "'308 Patent").  Blue Spike, Inc. denies the remaining allegations of Paragraph 9.

11.     Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies same.

12.     Blue Spike, Inc. denies the allegations of Paragraph 12.

13.     Blue Spike, Inc. denies the allegations of Paragraph 13.

14.     Blue Spike, Inc. denies the allegations of Paragraph 14.

15.     Blue Spike, Inc. denies the allegations of Paragraph 15.

16.     Blue Spike, Inc. denies the allegations of Paragraph 16.

17.     Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies same.

18.     Blue Spike, Inc. denies the allegations of Paragraph 18.

19.     Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies same.

20.     Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies same.

21.     Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies same.

22.     Blue Spike, Inc. denies that "the applicants for the '472, '700, '494 and '175 patents were aware of the Audible Magic technologies, but did not disclose them to the PTO."  Blue Spike,

Inc. is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and therefore denies same.

23. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies same.

24. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies same.

25. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies same.

26. Blue Spike, Inc. admits that it was incorporated in November 1997. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and therefore denies same.

27. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies same.

28. Blue Spike, Inc. denies the allegations of Paragraph 28.

29. Blue Spike, Inc. denies the allegations of Paragraph 29.

30. Blue Spike, Inc. denies the allegations of Paragraph 30.

31. Blue Spike, Inc. denies the allegations of Paragraph 31.

32. Blue Spike, Inc. denies the allegations of Paragraph 32.

33. Blue Spike, Inc. denies the allegations of Paragraph 33.

34. Blue Spike, Inc. denies the allegations of Paragraph 34.

35. Blue Spike, Inc. denies the allegations of Paragraph 35.

36. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies same.

37. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies same.

38. Blue Spike, Inc. denies the allegations of Paragraph 38.

39. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies same.

40. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies same.

41. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies same.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of the '175 Patent)

42. Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-41.

43. Blue Spike, Inc. admits the allegations of Paragraph 43.

44. Blue Spike, Inc. denies the allegations of Paragraph 44.

45. Blue Spike, Inc. denies that Defendant is entitled to the relief it seeks in Paragraph 45.

## COUNT TWO
### (Declaratory Judgment of Invalidity of the '175 Patent)

46. Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-45.

47. Blue Spike, Inc. denies the allegations of Paragraph 47.

48. Blue Spike, Inc. denies that Defendant is entitled to the relief it seeks in Paragraph 48.

## COUNT THREE
### (Declaratory Judgment of Non-Infringement of the '494 Patent)

49.     Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-48.

50.     Blue Spike, Inc. admits the allegations of Paragraph 50.

51.     Blue Spike, Inc. denies the allegations of Paragraph 51.

52.     Blue Spike, Inc. denies that Defendant is entitled to the relief it seeks in Paragraph 52.

## COUNT FOUR
### (Declaratory Judgment of Invalidity of the '494 Patent)

53.     Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-52.

54.     Blue Spike, Inc. denies the allegations of Paragraph 54.

55.     Blue Spike, Inc. denies that Defendant is entitled to the relief it seeks in Paragraph 55.

## COUNT FIVE
### (Declaratory Judgment of Non-Infringement of the '700 Patent)

56.     Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-55.

57.     Blue Spike, Inc. admits the allegations of Paragraph 57.

58.     Blue Spike, Inc. denies the allegations of Paragraph 58.

59.     Blue Spike, Inc. denies that Defendant is entitled to the relief it seeks in Paragraph 59.

## COUNT SIX
### (Declaratory Judgment of Invalidity of the '700 Patent)

60. Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-59.

61. Blue Spike, Inc. denies the allegations of Paragraph 61.

62. Blue Spike, Inc. denies that Defendant is entitled to the relief it seeks in Paragraph 62.

## COUNT SEVEN
### (Declaratory Judgment of Non-Infringement of the '472 Patent)

63. Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-62.

64. Blue Spike, Inc. admits the allegations of Paragraph 64.

65. Blue Spike, Inc. denies the allegations of paragraph 65.

66. Blue Spike, Inc. denies that Defendant is entitled to the relief it seeks in Paragraph 66.

## COUNT EIGHT
### (Declaratory Judgment of Invalidity of the '472 Patent)

67. Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-66.

68. Blue Spike, Inc. denies the allegations of Paragraph 68.

69. Blue Spike, Inc. denies that Defendant is entitled to the relief it seeks in Paragraph 69.

## COUNT NINE
### (Inequitable Conduct)

70. Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-69.

70a.   Blue Spike, Inc. denies the allegations of Paragraph 40 [*sic*: 70a].

71.   Blue Spike, Inc. denies the allegations of Paragraph 71.

72.   Blue Spike, Inc. denies the allegations of Paragraph 72.

73.   Blue Spike, Inc. denies the allegations of Paragraph 73.

## COUNT TEN
### (Unjust Enrichment)

74.   Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-73.

75.   Blue Spike, Inc. denies the allegations of Paragraph 75.

76.   Blue Spike, Inc. denies the allegations of Paragraph 76.

77.   Blue Spike, Inc. denies the allegations of Paragraph 77.

78.   Blue Spike, Inc. denies the allegations of Paragraph 78.

79.   Blue Spike, Inc. denies the allegations of Paragraph 79.

80.   Blue Spike, Inc. denies the allegations of Paragraph 80.

81.   Blue Spike, Inc. denies the allegations of Paragraph 81.

82.   Blue Spike, Inc. denies the allegations of Paragraph 82.

## COUNT ELEVEN
### (Lanham Act)

83.   Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-73.

84.   Blue Spike, Inc. denies the allegations of Paragraph 84.

85.   Blue Spike, Inc. denies the allegations of Paragraph 85.

86.   Blue Spike, Inc. denies the allegations of Paragraph 86.

87. Blue Spike, Inc. denies the allegations of Paragraph 87.

88. Paragraph 88 contains no allegations requiring an admission or denial.

89. Blue Spike, Inc. denies the allegations of Paragraph 89.

90. Blue Spike, Inc. denies the allegations of Paragraph 90.

91. Blue Spike, Inc. denies the allegations of Paragraph 91.

## COUNT TWELVE
### (Infringement of the '308 Patent)

92. Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-91.

93. Blue Spike, Inc. is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 93 and therefore denies same.

94. Blue Spike, Inc. admits that Exhibit A appears to be a copy of United States Patent Number 6,834,308, ostensibly issued on December 21, 2004 (the "'308 Patent"). Blue Spike, Inc. denies the remaining allegations of Paragraph 94.

95. Blue Spike, Inc. denies the allegations of Paragraph 95.

96. Blue Spike, Inc. denies the allegations of Paragraph 96.

97. Blue Spike, Inc. denies the allegations of Paragraph 97.

98. Blue Spike, Inc. denies the allegations of Paragraph 98.

99. Blue Spike, Inc. denies the allegations of Paragraph 99.

100. Blue Spike, Inc. denies the allegations of Paragraph 100.

101. Blue Spike, Inc. denies the allegations of Paragraph 101.

## COUNT THIRTEEN
### (Common Law Unfair Competition)

102. Blue Spike, Inc. repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-101.

103. Blue Spike, Inc. denies the allegations of Paragraph 103.

104. Blue Spike, Inc. denies the allegations of Paragraph 104.

105. Blue Spike, Inc. denies the allegations of Paragraph 105.

106. Blue Spike, Inc. denies the allegations of Paragraph 106.

107. Blue Spike, Inc. denies the allegations of Paragraph 107.

108. Blue Spike, Inc. denies the allegations of Paragraph 108.

109. Blue Spike, Inc. denies the allegations of Paragraph 109.

110. Blue Spike, Inc. denies the allegations of Paragraph 110.

111. Blue Spike, Inc. denies the allegations of Paragraph 111.

112. Blue Spike, Inc. denies the allegations of Paragraph 112.

113. Blue Spike, Inc. denies the allegations of Paragraph 113.

## DEFENDANT'S PRAYER FOR RELIEF

Blue Spike, Inc. denies that Defendant is entitled to any of the relief it requests.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Defendant's counterclaims fail to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

2. Blue Spike, Inc. has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '308 Patent.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3. The '308 Patent, including all of the claims, is invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

4. Prior to receiving a copy of these counterclaims, Blue Spike, Inc. did not have notice of Defendant's allegations of infringement. Upon information and belief, Defendant's licensees have not marked instrumentalities that embody any of the '308 Patent with proper notice of the patent in compliance with 35 U.S.C. § 287.  Defendant is therefore not entitled to any pre-filing damages pursuant to 35 U.S.C. § 287 for any claims to which 35 U.S.C. § 287 applies.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

5. Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that ultimately issued as the '308 Patent, Defendant is precluded or otherwise estopped from asserting any construction of the claims of the '308 Patent that is inconsistent with its or its predecessor(s)-in-interest's representations before the PTO.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, Acquiescence, Estoppel, and Unclean Hands)

6.     Defendant's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, estoppel, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages and Remedies)

7.     Defendant's claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unavailability of Injunctive Relief)

8.     Defendant is not entitled to injunctive relief or any other equitable relief because any alleged injury to it is not irreparable and because even if Defendant had been injured, it would have an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Standing/Failure to Join Necessary Party)

9.     Defendant lacks standing to bring a patent infringement action based on the '308 Patent and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

## TENTH AFFIRMATIVE DEFENSE
### (Preemption)

10.     Federal law preempts some or all of Defendant's claims asserted under state law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Single Recovery Rule)

11.     Defendant's damages are barred in whole or in part by the single recovery rule.

## TWELFTH AFFIRMATIVE DEFENSE
### (License/Implied License/Patent Exhaustion)

12. Defendant's damages are barred in whole or in part by the defenses of license, implied license, and/or patent exhaustion.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unenforceability of '308 Patent Due to Inequitable Conduct)

13. The '308 Patent, and each claim thereof, is unenforceable due to inequitable conduct during its prosecution. During prosecution of the '308 Patent, the applicants failed to disclose, withheld, concealed and/or mischaracterized to the United States Patent and Trademark Office ("PTO") prior art that was highly material to the patentability of the claims of the '308 Patent under prosecution, and which they knew or should have known would have been important to a reasonable examiner. Upon information and belief, the applicants failed to disclose and mischaracterized the prior art with an intent to deceive the PTO.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

14. Without any admission by Blue Spike, Inc. that Defendant suffered injury in any way, to the extent that Defendant did suffer such injury, its claims are barred in whole or in part because it failed to use reasonable means to prevent the alleged damage and/or failed to use reasonable means to mitigate its damages.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

15. Defendant's claims fail in whole or in part to the extent it has suffered no damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Set-Off)

16. Defendant's alleged claims to damages are barred, in whole or in part, by Blue Spike, Inc.'s right to a set-off against any such damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (Unjust Enrichment Is Not an Independent Cause of Action)

17. Defendant's alleged claim of unjust enrichment is barred because unjust enrichment is not an independent cause of action.

## **BLUE SPIKE, INC.'S PRAYER FOR RELIEF**

Blue Spike, Inc. respectfully requests a judgment against Defendant as follows:

(a) That Defendant take nothing by its Counterclaims;

(b) That the Court award Blue Spike, Inc. its costs and attorneys' fees incurred in defending against these Counterclaims; and

(c) Any and all further relief for Blue Spike, Inc. as the Court may deem just and proper.

Respectfully Submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com

        Christopher S. Johns
         Texas Bar No. 24044849
         cjohns@ghiplaw.com
        Kirk J. Anderson
         California Bar No. 289043
        Peter S. Brasher
         California Bar No. 283992
        **GARTEISER HONEA, P.C.**
        218 N. College Ave.
        Tyler, Texas 75702
        Telephone: (903) 705-7420
        Facsimile: (888) 908-4400

        ***Counsel for Blue Spike LLC***

## CERTIFICATE OF SERVICE

       I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                             /s/ Randall T. Garteiser
                                                             Randall T. Garteiser