IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MOSKOWITZ,** | § | |
| *Plaintiff*, | § | **CASE NO. 6:12-CV-499-MHS-CMC** |
| v. | § | **LEAD CASE** |
| **TEXAS INSTRUMENTS, INC.,** *et al.*, | § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § | |

**SCOTT MOSKOWITZ'S REPLY IN RESPONSE TO
DEFENDANT AUDIBLE MAGIC'S FIRST AMENDED COUNTERCLAIMS**

Counterclaim Defendant Scott Moskowitz ("Moskowitz") files this Reply to the First Amended Counterclaims of Audible Magic Corporation ("Audible Magic" or "Defendant") (Dkt. No. 1438) as follows. All allegations not expressly admitted or responded to by Moskowitz are denied.

**COUNTERCLAIMS**

1. Paragraph 1 contains no allegations requiring an admission or denial.

2. Moskowitz admits the allegations of Paragraph 2.

3. Moskowitz admits the allegations of Paragraph 3.

4. Moskowitz admits the allegations of Paragraph 4.

5. Moskowitz admits the allegations of Paragraph 5.

6. Moskowitz admits that this Court has jurisdiction over Defendant's counterclaims and that venue in this district is proper. Moskowitz denies the remaining allegations of Paragraph 6.

7. Moskowitz is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies same.

8. Moskowitz is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies same.

9. Moskowitz admits the allegations of Paragraph 9.

10. Moskowitz admits that Exhibit A appears to be a copy of United States Patent Number 6,834,308, ostensibly issued on December 21, 2004 (the "'308 Patent").  Moskowitz denies the remaining allegations of Paragraph 9.

11. Moskowitz is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies same.

12. Moskowitz denies the allegations of Paragraph 12.

13. Moskowitz denies the allegations of Paragraph 13.

14. Moskowitz denies the allegations of Paragraph 14.

15. Moskowitz denies the allegations of Paragraph 15.

16. Moskowitz denies the allegations of Paragraph 16.

17. Moskowitz denies the allegations of Paragraph 17.

18. Moskowitz denies the allegations of Paragraph 18.

19. Moskowitz is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies same.

20. Moskowitz is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies same.

21. Moskowitz is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies same.

22. Moskowitz denies that "the applicants for the '472, '700, '494 and '175 patents were aware of the Audible Magic technologies, but did not disclose them to the PTO."  Moskowitz is

without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and therefore denies same.

23. Moskowitz denies the allegations of Paragraph 23.

24. Moskowitz denies the remaining allegations of Paragraph 24.

25. Moskowitz admits that he was in litigation with Cooperman in 1997 and that he asserted that "by October 1996, Cooperman had not completed any workable software of any type for DICE." Moskowitz denies the remaining allegations of Paragraph 25.

26. Moskowitz denies the allegations of Paragraph 26.

27. Moskowitz is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies same.

28. Moskowitz denies the allegations of Paragraph 28.

29. Moskowitz denies the allegations of Paragraph 29.

30. Moskowitz denies the allegations of Paragraph 30.

31. Moskowitz denies the allegations of Paragraph 31.

32. Moskowitz denies the allegations of Paragraph 32.

33. Moskowitz denies the allegations of Paragraph 33.

34. Moskowitz denies the allegations of Paragraph 34.

35. Moskowitz denies the allegations of Paragraph 35.

36. Moskowitz denies the allegations of Paragraph 36.

37. Moskowitz denies the allegations of Paragraph 37.

38. Moskowitz denies the allegations of Paragraph 38.

39. Moskowitz admits that he had been involved in prosecuting other patents before prosecuting the patents-in-suit and that he had worked in the area of content recognition. Moskowitz denies the remaining allegations of Paragraph 39.

40. Moskowitz admits that he signed and filed Section 1.56 oaths with respect to the patents-in-suit. Moskowitz denies the remaining allegations of Paragraph 40.

41. Moskowitz is without knowledge sufficient to form a belief as to the results of Blue Spike, Inc's production. Moskowitz denies the remaining allegations of Paragraph 41.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of the '175 Patent)

42. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-41.

43. Moskowitz admits the allegations of Paragraph 43.

44. Moskowitz denies the allegations of Paragraph 44.

45. Moskowitz denies that Defendant is entitled to the relief it seeks in Paragraph 45.

## COUNT TWO
### (Declaratory Judgment of Invalidity of the '175 Patent)

46. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-45.

47. Moskowitz denies the allegations of Paragraph 47.

48. Moskowitz denies that Defendant is entitled to the relief it seeks in Paragraph 48.

## COUNT THREE
### (Declaratory Judgment of Non-Infringement of the '494 Patent)

49. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-48.

50. Moskowitz admits the allegations of Paragraph 50.

51. Moskowitz denies the allegations of Paragraph 51.

52. Moskowitz denies that Defendant is entitled to the relief it seeks in Paragraph 52.

## COUNT FOUR
### (Declaratory Judgment of Invalidity of the '494 Patent)

53. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-52.

54. Moskowitz denies the allegations of Paragraph 54.

55. Moskowitz denies that Defendant is entitled to the relief it seeks in Paragraph 55.

## COUNT FIVE
### (Declaratory Judgment of Non-Infringement of the '700 Patent)

56. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-55.

57. Moskowitz admits the allegations of Paragraph 57.

58. Moskowitz denies the allegations of Paragraph 58.

59. Moskowitz denies that Defendant is entitled to the relief it seeks in Paragraph 59.

## COUNT SIX
### (Declaratory Judgment of Invalidity of the '700 Patent)

60. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-59.

61. Moskowitz denies the allegations of Paragraph 61.

62. Moskowitz denies that Defendant is entitled to the relief it seeks in Paragraph 62.

## COUNT SEVEN
### (Declaratory Judgment of Non-Infringement of the '472 Patent)

63. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-62.

64. Moskowitz admits the allegations of Paragraph 64.

65. Moskowitz denies the allegations of paragraph 65.

66. Moskowitz denies that Defendant is entitled to the relief it seeks in Paragraph 66.

## COUNT EIGHT
### (Declaratory Judgment of Invalidity of the '472 Patent)

67. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-66.

68. Moskowitz denies the allegations of Paragraph 68.

69. Moskowitz denies that Defendant is entitled to the relief it seeks in Paragraph 69.

## COUNT NINE
### (Inequitable Conduct)

70. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-69.

70a. Moskowitz denies the allegations of Paragraph 40 [*sic*: 70a].

71. Moskowitz denies the allegations of Paragraph 71.

72. Moskowitz denies the allegations of Paragraph 72.

73. Moskowitz denies the allegations of Paragraph 73.

## COUNT TEN
### (Unjust Enrichment)

74. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-73.

75. Moskowitz denies the allegations of Paragraph 75.

76. Moskowitz denies the allegations of Paragraph 76.

77. Moskowitz denies the allegations of Paragraph 77.

78. Moskowitz denies the allegations of Paragraph 78.

79. Moskowitz denies the allegations of Paragraph 79.

80. Moskowitz denies the allegations of Paragraph 80.

81. Moskowitz denies the allegations of Paragraph 81.

82. Moskowitz denies the allegations of Paragraph 82.

## COUNT ELEVEN
### (Lanham Act)

83. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-73.

84. Moskowitz denies the allegations of Paragraph 84.

85. Moskowitz denies the allegations of Paragraph 85.

86. Moskowitz denies the allegations of Paragraph 86.

87. Moskowitz denies the allegations of Paragraph 87.

88. Paragraph 88 contains no allegations requiring an admission or denial.

89. Moskowitz denies the allegations of Paragraph 89.

90. Moskowitz denies the allegations of Paragraph 90.

91. Moskowitz denies the allegations of Paragraph 91.

## COUNT TWELVE
### (Infringement of the '308 Patent)

92. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-91.

93. Moskowitz is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 93 and therefore denies same.

94. Moskowitz admits that Exhibit A appears to be a copy of United States Patent Number 6,834,308, ostensibly issued on December 21, 2004 (the "'308 Patent"). Moskowitz denies the remaining allegations of Paragraph 94.

95. Moskowitz denies the allegations of Paragraph 95.

96. Moskowitz denies the allegations of Paragraph 96.

97. Moskowitz denies the allegations of Paragraph 97.

98. Moskowitz denies the allegations of Paragraph 98.

99. Moskowitz denies the allegations of Paragraph 99.

100. Moskowitz denies the allegations of Paragraph 100.

101. Moskowitz denies the allegations of Paragraph 101.

## COUNT THIRTEEN
### (Common Law Unfair Competition)

102. Moskowitz repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-101.

103. Moskowitz denies the allegations of Paragraph 103.

104. Moskowitz denies the allegations of Paragraph 104.

105. Moskowitz denies the allegations of Paragraph 105.

106. Moskowitz denies the allegations of Paragraph 106.

107. Moskowitz denies the allegations of Paragraph 107.

108. Moskowitz denies the allegations of Paragraph 108.

109. Moskowitz denies the allegations of Paragraph 109.

110. Moskowitz denies the allegations of Paragraph 110.

111. Moskowitz denies the allegations of Paragraph 111.

112. Moskowitz denies the allegations of Paragraph 112.

113. Moskowitz denies the allegations of Paragraph 113.

## DEFENDANT'S PRAYER FOR RELIEF

Moskowitz denies that Defendant is entitled to any of the relief it requests.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Defendant's counterclaims fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

2. Moskowitz has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '308 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3. The '308 Patent, including all of the claims, is invalid for failure to comply with the requirements of patentability specified in Title 35 of the United States Code, including Sections 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

4. Prior to receiving a copy of these counterclaims, Moskowitz did not have notice of Defendant's allegations of infringement. Upon information and belief, Defendant's licensees have not marked instrumentalities that embody any of the '308 Patent with proper notice of the patent in compliance with 35 U.S.C. § 287. Defendant is therefore not entitled to any pre-filing damages pursuant to 35 U.S.C. § 287 for any claims to which 35 U.S.C. § 287 applies.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

5. Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that ultimately issued as the '308 Patent, Defendant is precluded or otherwise estopped from asserting any construction of the claims of the '308 Patent that is inconsistent with its or its predecessor(s)-in-interest's representations before the PTO.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, Acquiescence, Estoppel, and Unclean Hands)

6. Defendant's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, estoppel, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages and Remedies)

7. Defendant's claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unavailability of Injunctive Relief)

8.  Defendant is not entitled to injunctive relief or any other equitable relief because any alleged injury to it is not irreparable and because even if Defendant had been injured, it would have an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Standing/Failure to Join Necessary Party)

9.  Defendant lacks standing to bring a patent infringement action based on the '308 Patent and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

## TENTH AFFIRMATIVE DEFENSE
### (Preemption)

10.  Federal law preempts some or all of Defendant's claims asserted under state law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Single Recovery Rule)

11.  Defendant's damages are barred in whole or in part by the single recovery rule.

## TWELFTH AFFIRMATIVE DEFENSE
### (License/Implied License/Patent Exhaustion)

12.  Defendant's damages are barred in whole or in part by the defenses of license, implied license, and/or patent exhaustion.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unenforceability of '308 Patent Due to Inequitable Conduct)

13.  The '308 Patent, and each claim thereof, is unenforceable due to inequitable conduct during its prosecution. During prosecution of the '308 Patent, the applicants failed to disclose,

withheld, concealed and/or mischaracterized to the United States Patent and Trademark Office ("PTO") prior art that was highly material to the patentability of the claims of the '308 Patent under prosecution, and which they knew or should have known would have been important to a reasonable examiner. Upon information and belief, the applicants failed to disclose and mischaracterized the prior art with an intent to deceive the PTO.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

14.  Without any admission by Moskowitz that Defendant suffered injury in any way, to the extent that Defendant did suffer such injury, its claims are barred in whole or in part because it failed to use reasonable means to prevent the alleged damage and/or failed to use reasonable means to mitigate its damages.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

15.  Defendant's claims fail in whole or in part to the extent it has suffered no damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Set-Off)

16.  Defendant's alleged claims to damages are barred, in whole or in part, by Moskowitz's right to a set-off against any such damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment Is Not an Independent Cause of Action)

17.  Defendant alleged claim of unjust enrichment is barred because unjust enrichment is not an independent cause of action.

## MOSKOWITZ'S PRAYER FOR RELIEF

Moskowitz respectfully requests a judgment against Defendant as follows:

(a) That Defendant take nothing by its Counterclaims;

(b) That the Court award Moskowitz his costs and attorneys' fees incurred in defending against these Counterclaims; and

(c) Any and all further relief for Moskowitz as the Court may deem just and proper.

Respectfully Submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

*Counsel for Blue Spike LLC*

## CERTIFICATE OF SERVICE

       I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                /s/ Randall T. Garteiser
                                                Randall T. Garteiser