# EXHIBIT 2

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| Appl. No. | : | 09/657,181 | Confirmation No. 1907 |
| Applicant | : | Scott A. Moskowitz | |
| Filed | : | September 7, 2000 | |
| TC/A.U. | : | 2857 | |
| Examiner | : | Carol S. W. TSAI | |

| | | |
|---|---|---|
| Docket No. | : | 80408.0012 |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT & RESPONSE TO OFFICE ACTION UNDER 37 C.F.R. § 1.111

Sir:

In response to the Office Action, dated May 11, 2007, Applicants submit the following amendment and response for consideration:

BLU000113

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

## 1) <u>Rejections under Double Patenting</u>

### § 101 Rejections based on a judicially created doctrine of provisional obviousness-type double-patenting

Applicants respectfully traverse the Office's contention that the instant invention's Claim 1 (and all claims depending therefrom), 8, 13 & 21 is not patently distinct from co-pending Application No. 10/805,484 Claim 1. While Applicants may disagree with the premise of the rejection in lieu of a terminal disclaimer Applicants filed Express Abandonment under 37 C.F.R. § 1.138 for US Patent Application No. 10/805,484 on July 30, 2007. A copy is appended herein with this Response. On August 3, 2007, a copy of the communications regarding the Express Abandonment of U.S. Patent Application No. 10/805,484 was provided by facsimile transmission to the Office for consideration and entry into the instant application's file. To the best of the Applicants' understanding this makes the provisional obviousness-type double-patenting rejection moot. Applicants seek clarification from the Office on this understanding.

### <u>Additional Comments</u>

In the interests and duty of candor, Applicants respectfully request the Examiner to consider the File Wrapper for U.S. Patent Application No. 10/805,484. Second, it is respectfully requested the File Wrapper be made part of the instant Application's file. Applicants have included a "Certified Patent File Wrapper" for the Examiner's convenience. It is a CD-ROM numbered 0007080511/1 and dated August 2, 2007 produced by the USPTO. Third, Applicants have provided express notice to the Examiner and Supervisory Examiner in the 10/805,484 regarding same (by facsimile communication August 3, 2007) including a copy of the Express Abandonment.

## 2) <u>Rejections under 35 U.S.C. § 112 first paragraph</u>

Claim 24

Applicants respectfully traverse the rejection of Dependent Claim 24   (and all claims depending therefrom) under 35 USC § 112 1st paragraph as allegedly "failing to comply with the enablement requirement" (May 11, 2007 non-final Office Action at Page 3). Applicants affirm one of ordinary skill in the art would understand the claims and specification as originally filed. Nevertheless, Claim 24 has been cancelled without prejudice or disclaimer thus the 112 rejection is moot.

BLU000114

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

## AMENDMENT

### In the Claims

Please cancel, without prejudice to Applicants' right to pursue the claims in a continuation application, Claims 1, 6, 8, 12, 13, 18, 19 & 21-24. Applicants reserve the right to pursue the subject matter of the original claims in this application and in other applications.

In addition, please amend Claims 2-5, 7, 9-11, 14-17, 20, and 25 as directed by the Office Action of May 11, 2007 under the heading "Allowable Subject Matter", that "... Claims 2-5, 7, 9-11, 14-17, 20, and 25 objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims" (Page 5).

The following amendments rely upon Examiner's conclusion that "Agreement with respect to the claims was reached" in the Interview Summary of July 20, 2007. To "put the claimed invention[s] in condition for allowance since appropriate correction is required for overcoming the informalities of claims. A new proposed amendment is received and all of the informalities of claims have been corrected" (Interview Summary of July 20, 2007, Paper No. 20007019).

### Claims

1. (canceled)


2. (currently amended) [The method of claim 1 wherein] A method for monitoring and analyzing at least one signal comprising:

receiving at least one reference signal to be monitored;

creating an abstract of said at least one reference signal wherein the step of creating an abstract of said at least one reference signal comprises:

inputting the reference signal to a processor;

creating an abstract of the reference signal using perceptual qualities of the reference signal such that the abstract retains a perceptual relationship to the reference signal from which it is derived;

storing the abstract of said at least one reference signal in a reference database;

receiving at least one query signal to be analyzed;

creating an abstract of said at least one query signal wherein the step of creating an abstract of said at least one query signal comprises:

inputting the at least one query signal to the processor;

creating an abstract of the at least one query signal using perceptual qualities of the at least one query signal such that the abstract retains a perceptual relationship to the at least one query signal from which it is derived[.]; and

3

BLU000115

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

comparing the abstract of said at least one query signal to the abstract of said at least one reference signal to determine if the abstract of said at least one query signal matches the abstract of said at least one reference signal.


3. (currently amended) [The method of claim 1 further comprising:] A method for monitoring and analyzing at least one signal comprising:

receiving at least one reference signal to be monitored;

creating an abstract of said at least one reference signal;

storing the abstract of said at least one reference signal in a reference database;

receiving at least one query signal to be analyzed;

creating an abstract of said at least one query signal; [and]

comparing the abstract of said at least one query signal to the abstract of said at least one reference signal to determine if the abstract of said at least one query signal matches the abstract of said at least one reference signal[.];

creating at least one counter corresponding to one of said at least one reference signals, said at least one counter being representative of the number of times a match is found between the abstract of said at least one query signal and the abstract of said at least one reference signal; and

incrementing the counter corresponding to a particular reference signal when a match is found between an abstract of said at least one query signal and the abstract of the particular reference signal.


4. (currently amended) The method of claim [1] 3 further comprising:

recording an occurrence of a match between the abstract of said at least one query signal and the abstract of said at least one reference signal; and

generating a report that identifies the reference signal whose abstract matched the abstract of said at least one query signal.


5. (original) The method of claim 4, further comprising:

recording an occurrence of a match between the abstract of said at least one query signal and the abstract of said at least one reference signal.


6. (canceled)

BLU000116

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

7. (currently amended) The method of claim [1] 2, wherein the step of creating an abstract of said at least one reference signal comprises:

using a portion of said at least one reference signal to create an abstract of said at least one reference signal; and

the step of creating an abstract of said at least one query signal comprises:

using a portion of said at least one query signal to create an abstract of said at least one query signal.

8. (canceled)

9. (currently amended) [The method of claim 8,] A method for monitoring a plurality of reference signals, comprising:

creating an abstract for each of the plurality of reference signals wherein the step of creating an abstract for each of a plurality of reference signals comprises:

inputting each of the plurality of reference signals to a processor;

creating an abstract of each one of the plurality of reference signals using perceptual qualities of each one of a plurality of reference signals such that the abstract retains a perceptual relationship to the reference signal from which it is derived [and];

storing each of said abstracts in a reference database;

receiving at least one query signal to be analyzed;

creating an abstract of each of the at least one query signals wherein the step of creating an abstract of each of the at least one query signals comprises:

inputting each of the at least one query signals to a processor;

creating an abstract of each one of a plurality of reference signals using perceptual qualities of each one of a plurality of reference signals such that the abstract retains a perceptual relationship to the reference signal from which it is derived;

locating an abstract in the reference database that matches the abstract of each at least one query signal; and

recording the identify of the reference signal whose abstract matched the abstract of each at least one query signal.

10. (currently amended) The method of claim [8] 9, wherein

the step of creating an abstract of said at least one reference signal comprises:

5

BLU000117

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

using a portion of said at least one reference signal to create an abstract of said at least one reference signal;

and the step of creating an abstract of said at least one query signal comprises:

using a portion of said at least one query signal to create an abstract of said at least one query signal.

11. (currently amended) [The method of claim 8, further comprising:] A method for monitoring a plurality of reference signals, comprising:

creating an abstract for each of the plurality of reference signals;

storing each of said abstracts in a reference database;

receiving at least one query signal to be analyzed;

creating an abstract of each of the at least one query signals;

locating an abstract in the reference database that matches the abstract of each at least one query signal; [and]

recording the identify of the reference signal whose abstract matched the abstract of each at least one query signal[.];

creating at least one counter corresponding to one of said plurality of reference signals, said at least one counter being representative of the number of times a match is found between the abstract of said at least one query signal and an abstract of one of said plurality of reference signals; and

incrementing the counter corresponding to a particular reference signal when a match is found between an abstract of said at least one query signal and the abstract of the particular reference signal.

12. (canceled)

13. (canceled)

14. (currently amended) [The system of claim 13, further comprising:] A computerized system for monitoring and analyzing at least one signal:

a processor that creates an abstract of a signal using selectable criteria;

a first input that receives at least one reference signal to be monitored, said first input being coupled to said processor such that said processor may generate an abstract for each reference signal input to said processor;

6

BLU000118

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

a reference database, coupled to said processor, that stores abstracts of each at least one reference signal;

a second input that receives at least one query signal to be analyzed, said second input being coupled to said processor such that said processor may generate an abstract for each query signal;

a comparing device, coupled to said reference database and to said second input, that compares an abstract of said at least one query signal to the abstracts stored in the reference database to determine if the abstract of said at least one query signal matches any of the stored abstracts[.];

a storage medium coupled to said first input, that stores each of said at least one reference signals to be monitored; and

a controller coupled to the first input, the processor, the comparing device, the reference database and the storage medium, said controller causing an abstract for each reference signal being input for the first time to be compared to all previously stored abstracts in the reference database, such that in the event that the comparing device determines that it cannot distinguish between the abstract of a reference signal being input for the first time from a previously stored abstract in the reference database, the controller adjusts the criteria being used by the processor and re-generates the reference database, by re-processing each reference signal stored on the storage medium to create new abstracts and storing said new abstracts in the reference database.

15. (original) The system of claim 14, wherein the controller includes a means to adjust compression rates at which the processor processes a signal to create an abstract.

16. (currently amended) [The system of claim 13] A computerized system for monitoring and analyzing at least one signal:

a processor that creates an abstract of a signal using selectable criteria;

a first input that receives at least one reference signal to be monitored, said first input being coupled to said processor such that said processor may generate an abstract for each reference signal input to said processor;

a reference database, coupled to said processor, that stores abstracts of each at least one reference signal;

a second input that receives at least one query signal to be analyzed, said second input being coupled to said processor such that said processor may generate an abstract for each query signal;

7

BLU000119

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

<u>a comparing device, coupled to said reference database and to said second input, that compares an abstract of said at least one query signal to the abstracts stored in the reference database to determine if the abstract of said at least one query signal matches any of the stored abstracts[.]</u>, wherein the comparing device identifies at least two abstracts in the reference database that match the abstract of said at least one query signal and an index of relatedness to said at least one query signal for each of said at least two matching abstracts.

17. (currently amended) The system of claim [13] <u>16</u>, further comprising:

a security controller that controls access to a secured area, such that access is granted only if the comparing device confirms that an abstract of said at least one query signal matches an abstract of said at least one reference signal.

18. (canceled)

19. (canceled)

20. (currently amended) The system of claim [13] <u>16</u>, further comprising:

a recorder that records the identify of the reference signal whose abstract matched the abstract of said at least one query signal; and

a report generator that generates a report that identifies the reference signals whose abstracts matched the abstract of said at least one query signal.

21. (canceled)

22. (canceled)

23. (canceled)

24. (canceled)

25. (currently amended) [The system of claim 21, further comprising:] <u>A electronic system for monitoring and analyzing at least one signal, comprising:</u>

<u>a first input that receives at least one reference signal to be monitored,</u>

8

**BLU000120**

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

a first processor that creates an abstract of each reference signal input to said first processor through said first input;

a second input that receives at least one query signal to be analyzed,

a second processor that creates an abstract of each query signal;

a reference database that stores abstracts of each at least one reference signal;

a comparing device that compares an abstract of said at least one query signal to the abstracts stored in the reference database to determine if the abstract of said at least one query signal matches any of the stored abstracts[.];

a storage medium coupled to said first input, that stores each of said at least one reference signals to be monitored; and

a controller that compares an abstract for each reference signal being input for the first time to be compared to all previously stored abstracts in the reference database, such that in the event that the comparing device determines that it cannot distinguish between the abstract of a reference signal being input for the first time from a previously stored abstract in the reference database, the controller adjusts the criteria being used by the processor and re-generates the reference database, by re-processing each reference signal stored on the storage medium to create new abstracts and storing said new abstracts in the reference database.

9

BLU000121

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

## REMARKS

Applicants thank Examiner Tsai for the telephonic interviews, which took place on or about June 27, 2007 and July 18, 2007. During the interviews with Examiner Tsai Claims 1-25 and the prior art were discussed. As per the Interview Summary, dated July 20, 2007, "Examiner asked Mr. Moskowitz to file a new proposed amendment based on the discussion during the interview held on June 27, 2007 in order to put the claimed invention in condition of allowance since appropriate correction is required for overcoming the informalities of claims. A new proposed amendment is received and all of the informalities of claims have been corrected". "Agreement with respect to the claims was reached". Applicants again thank Examiner Tsai for the helpful suggestions to put the allowable subject matter into condition for allowance.

Applicants have taken steps to expedite the prosecution of this application and place it in condition for allowance. For business reasons, Applicants desire to have a patent on the invention as claimed as soon as possible. Accordingly, Applicants have canceled all claims other than the allowed claims in order to expedite the prosecution of this patent application. Applicants cancel the remaining claims without prejudice to Applicants' right to pursue the remaining claims in a continuation application. Applicants intend and will file at least one continuation (and/or continuation-in-part) application in order to seek allowance of the remaining claims, and will make amendments and/or arguments to address certain contentions made by the Office in the Action dated May 11, 2007. Accordingly, Applicants request entry of the instant amendment[s], reconsideration of the application and a timely notice of allowance. After entry of this amendment, Claims 2-5, 7, 9-11, 14-17, 20, and 25 will be pending, and as noted above Examiner has already indicated in "... the condition of allowance" on Paper No. 20070719, the July 20, 2007 Interview Summary.

If the Office believes that prosecution might be furthered by discussing the application with the Applicants, in person or by telephone, we would welcome the opportunity to do so.

Though the Applicants have indicated a willingness to cancel the non-allowed claims, the Applicants hereby preserve our right[s] to challenge the substantive rejections of the non-allowed claims, and to preserve for the record, Applicants submit the following brief summary of the arguments:

1) The reference cited in the 102 rejections (namely, U.S. Patent No. 6,088,455 issued to Logan et al.) do not disclose or anticipate Claims 1, 6, 8, 12, 13, 18, 19 and 21-23, for at least the reason that Logan fails to disclose the step of creating an abstract of said at least one reference signal. Logan allegedly discloses additive information, the "informational signal", having no relationship with the perceptual nature of the reference signal. The present invention[s] is not so limited. Logan fails to teach or anticipate, providing instead a means for editing known data: "... modifying a broadcast programming signal to generate a proprietary program signal that can be more suited to the individual users tastes and preferences... [to] identify known segments of the broadcast programming signal" (Logan at Col. 5 ll. 63-67). Logan thus apparently modifies a "known segment" of a radio broadcast to generate proprietary programming based on combining other "known segments" (see Col. 1 ll. 7-11; Col. 2 ll. 10-17; and, FIG. 2 "I.P.I Attributes"). It would be internally inconsistent for Logan to create an abstract for a reference signal for later comparison with an abstract from a query signal, required by the claim elements, as Logan teaches selection of *known segments* of a given broadcast to edit the material to suit a particular taste. Applicants respectfully submit that none of the references disclose or anticipate

10

BLU000122

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)

the elements of the claims; thus, the rejections based on anticipation must be respectfully withdrawn.

BLU000123

Appl. No. 09/657,181
Reply to Office Action of May 11, 2007 dated August 13, 2007
(August 11, 2007 is a national holiday)


## CONCLUSION

Applicants maintain that this application is in condition for allowance, and such disposition is earnestly solicited. Applicants' silence as to the Examiner's comments is not indicative of an acquiescence to the stated grounds of rejection. If the Examiner believes that an interview with the Applicants, either by telephone or in person, would further prosecution of this application, we would welcome the opportunity for such an interview.

It is believed that no other fees are required to ensure entry and consideration of this response.


Respectfully submitted,


Date:  August 13, 2007                    By: _Scott Moskowitz_
                                          Scott A. Moskowitz
                                          Tel (305) 956-9041
                                          Fax (305) 956-9042


                                          For Blue Spike, Inc.

                                          By: _Scott Moskowitz_
                                          Scott A. Moskowitz
                                          President


12

BLU000124