IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 6:12-cv-499<br>LEAD CASE |
| TEXAS INSTRUMENTS, INC.<br>    *Defendant.* | §<br>§<br>§ | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 6:12-cv-576<br>CONSOLIDATED CASE |
| AUDIBLE MAGIC CORPORATION,<br>ET AL.<br>    *Defendants.* | §<br>§<br>§<br>§ | |

## ORDER

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motions are before the Court: (1) Audible Magic Corporation's Motion to Compel the Production of Documents by Blue Spike LLC, Blue Spike, Inc., and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions (Docket Entry # 1617); and (2) Defendant Audible Magic Corporation's Unopposed Motion for Hearing on its Motion to Compel the Production of Documents by Blue Spike LLC, Blue Spike, Inc., and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions (Docket Entry # 1740). The Court, having reviewed the relevant briefing, is of the opinion Audible Magic's motion to compel should be **GRANTED IN PART and DENIED IN PART.** Audible Magic's motion for a hearing is denied.

## I. FACTUAL BACKGROUND

This consolidated action involves numerous cases against unrelated defendants for infringement of four patents. Blue Spike, LLC filed suit against Audible Magic Corporation ("Audible Magic") on August 27, 2012. Audible Magic's answer included 12 counterclaims, including counterclaims for unjust enrichment, common-law unfair competition, and Lanham Act violations, against Blue Spike, LLC, Blue Spike, Inc., and Scott Moskowitz ("Blue Spike").

Audible Magic seeks an Order requiring (1) Blue Spike to produce all documents relevant to this litigation (as outlined below); (2) Blue Spike to withdraw its improper objections to Audible Magic's Interrogatories and fully respond to each interrogatory; (3) Blue Spike to reimburse Audible Magic for its costs and fees related to this motion; and (4) sanctions against Blue Spike, LLC, Blue Spike, Inc., and Scott Moskowitz for their discovery misconduct.

## II. LEGAL STANDARDS

FED. R. CIV. P. 26(b)(1) provides parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii). Specifically, Rule 26(b)(2)(iii) allows the Court to limit discovery if the burden or expense of the proposed discovery outweighs the likely benefits of the discovery, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Local Rule CV-26(d) provides guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party." Rule 26(d) provides, in pertinent part, as follows: (1) information is relevant if it is information likely to have an influence on or affect the

outcome of a claims or defense; (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

### III.  DISCUSSION

**A.   The discovery at issue**

**1.   Blue Spike's document production**

The Scheduling and Discovery Order required that on May 1, 2014 parties were to produce "all documents relevant to any party's claim or defense in this litigation." (Docket Entry # 1332 at pg. 6). According to Audible Magic, Blue Spike produced documents in only three categories: (1) publicly available documents on certain defendants' products and the prosecution histories for the Blue Spike patents-in-suit; (2) license agreements; and (3) less than 100 pages of emails from Scott Moskowitz at the DICE Company (circa 1998-1999) generally related to his efforts to promote the Argent Software.

Audible Magic asserts Blue Spike produced no documents related to Audible Magic's counterclaims and no documents related to any of the facts Blue Spike included in its complaint. Thereafter, Audible Magic informed Blue Spike of the deficiencies in its document production and provided Blue Spike with nine general categories of documents that Audible Magic contends should be produced:

- All documents related to the Giovanni Abstraction Machine.[1]

---

[1] The Giovanni Abstraction Machine is the accused product in Audible Magic's patent infringement counterclaim, and it is the subject of Audible Magic's Lanham Act, unjust enrichment, and common-law unfair competition counterclaims.  Although Blue Spike now

- All documents related to the prosecution of the Blue Spike patents-in-suit, including prior art, drafts of applications and office action responses, and any communications related to any applications or issued patents.
- All documents and files related to the Blue Spike website (www.bluespike.com).
- All documents related to the formation of and business practices of Blue Spike, Inc. and Blue Spike, LLC, including corporate structure, employees, products, investors, financial data, and customers.
- All documents related to the dissolution of the DICE Company.
- All documents related to Marc Cooperman, including all documents produced and filed in the lawsuits between Marc Cooperman and Scott Moskowitz.
- All documents related to Audible Magic Corporation.
- All documents related to Muscle Fish, LLC.
- All communications between Scott Moskowitz and any third parties regarding the patents-in-suit, the Giovanni Abstraction Machine, Audible Magic Corporation, or Muscle Fish, LLC.

2. **Blue Spike's Interrogatory objections and responses to Interrogatory Nos. 6-10**

Audible Magic served its First Set of Interrogatories to Blue Spike on April 2, 2014. According to Audible Magic, Blue Spike received objections and responses that contradict publicly available information and information in Blue Spike's complaint. Audible Magic described the alleged deficiencies in a May 28, 2014 letter. According to Audible Magic, Blue Spike never sent any supplemental responses. The interrogatories at issue are as follows:

*Interrogatory No. 6* asks Blue Spike to identify the date it contends it gave Audible Magic notice of the patents-in-suit and to describe that event in detail. Blue Spike objected that such information is privileged and that the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

---

asserts there is no source code to produce, Audible Magic asserts Blue Spike refuses to confirm whether source code ever existed for the accused Giovanni Abstraction Machine or any other Blue Spike product similar in function. In its response, Blue Spike states it is possible there is source code in the possession of Mike Berry, the co-inventor and leader of the engineers and coders for Blue Spike, Inc. According to Blue Spike, Mr. Berry is represented by independent counsel and is an employee of transferred defendant Adobe Systems, Inc.

4

*Interrogatory No. 7* seeks Blue Spike's first knowledge of the Audible Magic accused products, including the date, how the knowledge was acquired, and the person who possessed such knowledge. Blue Spike asserted "Blue Spike, LLC responds that all pre-suit investigations are covered by the attorney client privilege and the work product immunity doctrine."

*Interrogatory No. 8* seeks Blue Spike's validity contentions. Blue Spike provided no substantive response, but argued the interrogatory is premature because claim construction has not occurred.

*Interrogatory No. 9* seeks Blue Spike's first knowledge of the asserted Audible Magic patent (U.S. Patent 6,834,308). Blue Spike's supplemental response was it became aware of the Audible Magic patent "on or about December 26, 2007." According to Audible Magic, Blue Spike fails to provide the facts surrounding its answer or identify the individual(s) that had this knowledge.

*Interrogatory No. 10* seeks an identification of offers for sale, sales, and licenses of the Accused Blue Spike Product. Blue Spike objected to the interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

**B.    The parties' assertions**

Blue Spike asserts Audible Magic "wants virtually everything" and is attempting to burden Blue Spike rather than request information relevant to the parties' claims. (Response at pg. 3). Even so, Blue Spike asserts it agreed to produce responsive documents in all categories in the spirit of compromise. Audible Magic disagrees, asserting it has not received a single document regarding the accused Blue Spike product, nor any of the documents Blue Spike indicated it might produce. According to Audible Magic, Blue Spike produced 172 additional documents the day after Audible Magic filed its motion, all of which are publicly available.

Although Blue Spike states it remains willing to continue its production of responsive documents and answers, it now looks to the Court to limit Audible Magic's requests to relevant matters. Specifically, Blue Spike takes issue with Audible Magic's request for all documents relating to Blue Spike's business over the last 24 years, documents regarding Moskowitz's watermarking technology, and documents in control of third parties (especially Floyd Chapman and Rick Neifield).

**C.     Analysis**

The Court finds Blue Spike's watermarking technology relevant to Audible Magic's counterclaims. According to Audible Magic, the history of Blue Spike's watermarking business was also put at issue in the complaint, and watermarking is referenced as part of the asserted Blue Spike patents, further increasing the relevance of responsive documents. This part of Audible Magic's motion to compel is granted. To the extent it has not already done so, within twenty days from the date of entry of this Order, Blue Spike shall produce responsive documents regarding Scott Moskowitz's watermarking endeavors.

Regarding information from third parties, Audible Magic represents in its reply that it is seeking documents that should be in the possession, custody, or control of Blue Spike (e.g. the formation and business activities of Blue Spike; the Giovanni Abstraction Machine; prosecution of the patents-in-suit from Moskowitz's personal file, etc.) rather than documents in control of third parties. To the extent any responsive documents are in the possession, custody, or control of Blue Spike, Blue Spike must produce them to Audible Magic within twenty days from the date of entry of this Order.

Regarding the other categories outlined above, to the extent it has not already done so, Blue Spike shall produce all relevant, non-privileged documents responsive to the categories, within twenty days from the date of entry of this Order.

The Court overrules Blue Spike's objections to Audible Magic's interrogatory nos. 6-10 and orders Blue Spike to provide full supplemental responses to those interrogatories within twenty days from the date of entry of this Order.[2]

Finally, the Court denies Audible Magic's motion for sanctions. The Court also declines to award Audible Magic its costs and fees associated with filing this motion. Based on the foregoing, it is

**ORDERED** that Audible Magic Corporation's Motion to Compel the Production of Documents by Blue Spike LLC, Blue Spike, Inc., and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions (Docket Entry # 1617) is **GRANTED IN PART and DENIED IN PART**.

To the extent it has not already done so, within twenty days from the date of entry of this Order, Blue Spike shall produce documents responsive to the nine general categories of documents outlined above and provide full supplemental responses to Audible Magic's interrogatory nos. 6-10. Audible Magic's request for sanctions and/or costs and fees is denied. It is further

**ORDERED** that Defendant Audible Magic Corporation's Unopposed Motion for Hearing on its Motion to Compel the Production of Documents by Blue Spike LLC, Blue Spike, Inc., and

---

[2] Although Blue Spike believes it has adequately answered the interrogatories, it states it remains willing to continue supplementing its responses. According to Blue Spike, many of the remaining issues could have been resolved through further meet and confers.

Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions (Docket Entry # 1740) is **DENIED**.

**SIGNED this 10th day of September, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE