UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Blue Spike, LLC, § § *Plaintiff,* § § v. § § TEXAS INSTRUMENTS, INC., et al., § § *Defendants.* § § | CASE NO. 6:12-cv-499-MHS-CMC LEAD CASE Jury Trial Demanded |

**PLAINTIFF BLUE SPIKE, LLC'S MOTION TO STRIKE THE EXPERT DECLARATIONS AND ANY RELIANCE ON THE DECLARATIONS OF JOHN SNELL AND PROFESSOR MATTHEW TURK IN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON INDEFINITENESS [DKT. 1752]**

Plaintiff Blue Spike, LLC respectfully moves the Court to strike the declarations of John Snell and Professor Matthew Turk and strike any reliance upon those declarations in Defendants' Indefiniteness Motion for Summary Judgment for failure to comply with Patent Local Rule 4-3(b).

**INTRODUCTION**

In Defendants' Motion for Summary Judgment on Indefiniteness ("Indefiniteness Motion").[1] Defendants violated the Local Patent Rules by relying upon two expert declarations that Defendants failed to disclose in the Parties' Joint P.R. 4-3(b) Claim Construction Statement ("Joint Statement")[2] and Defendants' Supplemental P.R. 4-3(b) Claim Construction Statement ("Supplemental Statement")[3]. Specifically, Defendants' reliance on the expert declarations of John Snell and Professor Matthew Turk in the Indefiniteness Motion not only violates the Local Rules but also prejudices Plaintiff, who

---

[1] (Dkt. No. 1752)
[2] (Dkt. No. 1630)
[3] (Dkt. No. 1674)

1

relied on the Joint Statement and Supplemental Statement. Accordingly, Plaintiff moves to strike the declarations and any reliance upon the declarations in Defendants' briefing, as a violation of Patent Local Rule 4-3(b).

The Patent Rules and law on such non-disclosure are clear. Courts in this jurisdiction have addressed and struck late-disclosed expert declarations as in *Lodsys, LLC v. Brother Int'l Copr., et al.*, 2013 U.S. Dist. LEXIS 3351. In *Lodsys,*, Judge Gilstrap held that a party seeking to rely upon witness testimony must disclose that testimony and other related particulars as extrinsic evidence pursuant to Patent Local Rules 4-2 and 4-3 and that a party may not disclose an expert declaration for the first time in its briefing. The Court also held in *Lodsys* that purported reservations or rights to rely upon expert testimony are inadequate to meet the notice function of the Local Rules. Defendants have no excuse for their violation of the Patent Rules. Accordingly, Plaintiff respectfully moves the Court to strike both the Declarations and the portions of Defendants' Indefiniteness Motion that rely upon those declarations.[4]

## I. Factual Background

The Scheduling and Discovery Order in this case set the following dates:

| | |
|---|---|
| Deadline to Exchange Preliminary Claim Construction and Extrinsic Evidence (P.R. 4-2) | June 13, 2014 |
| Deadline to File Joint Claim Construction and Prehearing Statement (P.R. 4-3) | July 9, 2014 |
| Discovery Deadline—claim construction | August 7, 2014 |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | August 22, 2014 |
| Deadline to File Response to Claim Construction Brief (P.R. 4-5(b)) | September 9, 2014 |

---

[4] As discussed below, Plaintiff does not seek to strike Defendants reliance on their expert, Dr. Kevin Bower, where he was properly disclosed.

| | |
|---|---|
| Deadline to file motion for Summary Judgment of Indefiniteness | September 9, 2014 |
| Deadline to file response to motion for Summary Judgment of Indefiniteness | September 16, 2014 |

On June 27, 2014, Defendants indicated in their 4-2(b) disclosures that some Defendants would rely on John Snell and Professor Matthew Turk to opine on indefiniteness. *See* Exhibit A. On July 11, 2014, however, nearly one month before the close of claim construction discovery, Defendants' position changed. Pursuant to P.R. 4-3, Plaintiff and Defendants filed their P.R. 4-3 Joint Statement (Dkt. No. 1630). For specific claim terms, Plaintiff expressly stated, "Blue Spike may have an expert, Dr. Ahmed Tewfik, provide a declaration or testify at the *Markman* hearing…" Dkt. No. 1630, Exh. A at 2. Conversely, Defendants *now* only stated that they "may call an expert witness to respond to any opinions offered by Dr. Tewfik." Dkt. No. 1630 at 4. Yet, on August 7, 2014 at the close of claim construction discovery, Defendants' position once again changed. Defendants filed their Supplemental Statement (Dkt. No. 1674), which recited in pertinent part that:

> "One or more Defendants intend to rely upon the expert testimony of Professor Matthew Turk to rebut any expert testimony offered by Blue Spike or to establish the state of the art at the time of the alleged invention. One or more Defendants intend to rely upon the expert testimony of Dr. John Strawn and/*or* John Snell to rebut any expert testimony offered by Blue Spike *or* to establish the state of the art at the time of the alleged invention *or* to establish that one or more claims terms at issue is indefinite." *Id.* at 4.

To add insult to injury, on August 28, 2014, counsel for Facebook, Inc. stated that Professor Turk would be available for a deposition on September 19, 2014, three days after Plaintiff's opposition to Defendants' motion was due. *See* Exhibit B. In anticipation of Defendants' motion, Plaintiff specifically asked Counsel if Professor Turk would be providing a declaration for the Defendants' Indefiniteness Motion. *See* Exhibit B. Defense

3

counsel never responded. *See* Garteiser Declaration at ¶ 5. On September 9, 2014, over one month after the close of claim construction discovery and a little more than a month before the claim construction hearing, Defendants filed their Indefiniteness Motion and actually relied upon expert declarations attached to Defendants' brief. *See* Dkt. No. 1752. Defendants did not produce the Declarations or any expert declarations in accordance with either Patent Local Rule 4-2 or 4-3. Defendants never even disclosed a summary or description of the substance of the Declarations or even identified the claims terms the experts would opine on in Defendants' motion.

## II. Argument

The Patent Local Rules and this District's case law preclude parties from introducing expert declarations for the first time with their briefing on claim construction, including issues of indefiniteness.[5] Patent Local Rule 4-3(b) states, in relevant part, that the parties disclose:

> Each party's proposed construction of each disputed claim term, phrase, or clause ... and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including but not limited to... dictionary definitions, citations to learned treatises and prior art, and **testimony of percipient and expert witnesses**.

*Id.* (emphasis added).

In construing the specific requirements of Rule 4-3(b), the Eastern District of Texas requires that "a party who intends to rely on a sworn expert declaration must 'clearly

---

[5] The cited case law from this district relates to the use of an undisclosed expert in support of Plaintiff's Claim Construction brief. However, this Court's determination of what Local Patent Rule 4-3(b) requires is sound. "Indefiniteness is a matter of claim construction." *Praxair, Inc. v. ATMI, Inc*, 543 F.3d 1306, 1319 (Fed. Cir. 2008). Even more compelling is that Defendants are relying on surprise testimony in their case dispositive motion. The Local Patent rules 4-3(b) require the disclosure of all extrinsic evidence in support of the parties position on claim construction and indefiniteness is one of those issues.

4

indicate' in the joint claim construction statement that 'it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby.'" *Innovative Display Technologies, LLC v. Acer Inc.*, 2014 U.S. Dist. LEXIS 94211 at *4-5 (E.D. Tex. July 11, 2014) (*quoting Lodsys, LLC*, 2013 U.S. Dist. LEXIS 33517). In *Innovative Display Technologies*, Judge Gilstrap struck an expert's declaration related to indefiniteness because of the party's failure to meet the disclosure requirements outlined in *Lodsys*. The same result should be applied here with equal force.

In the present case, nothing in the Joint Statement or Supplemental Statement indicates that an expert would in fact be used regarding indefiniteness or even which expert might be used. *See* Dkt 1674 at 4. No mention was even made in Defendants' Supplemental Statement that Professor Matthew Turk *might* address indefiniteness. *See id*. The Defendants have failed to comply with the local rules and this Court's precedent. *See Innovative Display Technologies*, 2014 U.S. Dist. LEXIS 94211 at *4-5 ("a party who intends to rely on a sworn expert declaration must 'clearly indicate' in the joint claim construction statement that 'it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby'"). The Defendants' generic reservations regarding the use of an expert were expressly addressed and found insufficient to comply with Patent Local Rule 4-3(b) in *Lodsys*. *Compare* Dkt. No. 1674 at 4 *with* 2013 U.S. Dist. LEXIS 33517, at *12-13.

In contrast to the remaining Defendants late-filed, conflicting assertions regarding the use of an expert for claim construction or indefiniteness, the Defendants MorphoTrust USA, LLC, L-1 Identity Solutions, Inc. MorphoTrak, Inc., and Safran USA, Inc. sent Plaintiff a letter dated July 18, 2014 that those defendants intended to use the testimony of "Dr. Kevin W. Bower for

5

the limited purpose of supporting [their] indefiniteness claim construction position with respect to the term 'Abstract.'" *See* Exhibit C. Those Defendants' complied with Rule 4-3(b) and this Court's precedent. The other Defendants should be held to the same standard.

Given that the court's scheduling order—specifically that Plaintiff only has one week in which to respond to the Defendants' Indefiniteness Motion, claim construction discovery has closed, and the claim construction hearing is only one month away—Plaintiff will suffer extreme prejudice by Defendants' reliance on the previously undisclosed expert testimony. Plaintiff is now forced to respond to pages of expert discovery on expert discovery not previously disclosed. Accordingly, Plaintiff Blue Spike, LLC requests the court strike the two expert declarations of John Snell and Professor Matthew Turk and any reliance on the testimony in Defendants' Indefiniteness Motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff Blue Spike, LLC respectfully requests the Court to strike the declarations of John Snell and Professor Matthew Turk and strike any reliance upon those declarations in Defendants' Indefiniteness Motion for Summary Judgment.

By:   /s/ Randall T. Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
 cjohns@ghiplaw.com
Kirk J. Anderson
 California Bar No. 289043
Peter S. Brasher

6

California Bar No. 283992
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(888) 908-4400 fax

***ATTORNEYS FOR BLUE SPIKE, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

      /s/ Randall T. Garteiser
Randall T. Garteiser

## CERTIFICATE OF CONFERENCE

I certify that on behalf of Blue Spike, LLC, I, along with my colleague, Peter Brasher of the law firm Garteiser Honea, P.C., have met and conferred with counsel for Defendants, Chris Swickhammer Counsel for Viggle, Inc., Allen Gardner Counsel for Ensequence, Inc., Entropic Communications, Inc., and Shazam Entertainment, Ltd., Daren Dacus local Counsel for Facebook, Inc., Walter Lackey Counsel for Audible Magic, Corp., Attributor, Corp., Viggle, Inc., Fulcrum Biometrics, LLC, Futronic Co. Ltd., Iritech, Inc., Christopher Higgins and Alyssa Caridis Counsel for Audible Magic, Chris Thompson Counsel for Cognitec Systems Corp. and Cognitec Systems GmbH, Rita Tautkus Counsel for L-1 Identity Solutions, Inc., MorphoTrust USA, Inc., MorphoTrak, Inc. and Safran USA, Inc., Orion Armon Counsel for Facebook, and Counsel for Civolution USA, Inc., Civolution B.V., Irdeto USA, Inc., and Irdeto B.V. on September 11, 2014 regarding the relief requested herein. Counsel for Plaintiff presented its position, and Counsel for defendants presented their position. After having an equal opportunity to present their positions, Counsel for Plaintiff and Counsel for Defendants have reached an impasse. Counsel for Defendants have indicated that they are opposed to Plaintiff's motion to strike.

      /s/ Randall T. Garteiser
Randall T. Garteiser