**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>*Plaintiff*,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE EXPERT
DECLARATIONS AND ANY RELIANCE ON THE DECLARATIONS OF JOHN
SNELL AND PROFESSOR MATTHEW TURK IN DEFENDANTS' MOTION FOR
<u>SUMMARY JUDGMENT ON INDEFINITENESS</u>**

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................ 1

III. ARGUMENT ..................................................................................................................... 5

      A. Motions for Summary Judgment of Indefiniteness Do Not Fall Under Patent Local Rule 4-3(b) ....................................................................................... 5

      B. Defendants Disclosed Their Indefiniteness Experts Well in Advance of Filing Their Motion for Summary Judgment ...................................................... 8

      C. Blue Spike Cannot Demonstrate Prejudice ............................................................ 9

IV. CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Eaton Corp. v. ZF Meritor LLC*,
  No. 03-74844, 2006 WL 3313190 (E.D. Mich. Nov. 14, 2006) ........................................ 6, 12

*Johnson v. Seacor Marine Corp.*,
  404 F.3d 871 (5th Cir. 2005) .................................................................................................. 9

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
  358 F.3d 898 (Fed. Cir. 2004) ................................................................................................ 6

*Lodsys LLC v. Brother Int'l*,
  2013 U.S. Dist. LEXIS 33517 (E.D. Tex. Mar. 12, 2013) .................................................. 7, 9

*Telecordia Techs., Inc. v. Alcatel USA, Inc.*,
  C.A. No. 04-874-GMS (D. Del. Apr. 21, 2006) ................................................................ 6, 12

*Tyco Healthcare Group LP v. E-Z-EM, Inc.*,
  No. 2:07-cv-262, D.N. 292 (E.D. Tex. Jan. 11, 2010) ............................................................ 7

### Rules

Fed. R. Civ. P. 56 ........................................................................................................................... 1

Fed. R. Civ. P. 56(c)(4) .................................................................................................................. 7

P.R. 4-2(b) ...................................................................................................................................... 5

P.R. 4-3(b) ...................................................................................................................................... 6

I.      **PRELIMINARY STATEMENT**

Blue Spike's motion to strike the declarations of John Snell and Professor Matthew Turk should be denied as contrary to the Local Patent Rules and this Court's precedent. The Federal Rules authorize the submission of declarations in support of motions for summary judgment and Defendants have complied with those rules as well as this Court's rules and the Scheduling Order in this case. *See* Fed. R. Civ. P. 56. Blue Spike's arguments are erroneous and contradict its own prior communications and agreements with Defendants regarding the disclosure of these experts and Blue Spike's plans to depose them. Furthermore, Local Patent Rule 4-3 does not apply to summary judgment motions or indefiniteness determinations and is therefore inapplicable to this motion. Even assuming the rule did apply, Defendants complied with the disclosure requirements because, in both the 4-2 disclosures and 4-3 Statement, they identified John Snell and Professor Turk as indefiniteness experts and outlined which claim terms they were alleging as indefinite. Finally, Blue Spike has suffered no prejudice because Defendants notified Blue Spike on June 27, 2014 of their intention to rely on these experts and have been cooperating with Blue Spike to schedule depositions of experts well in advance of Defendant's filing of their summary judgment motion. In addition, Defendants offered and are willing to agree to an extension on Blue Spike's response to the Defendants' Motion for Summary Judgment on Indefiniteness to provide Blue Spike with an opportunity to depose these witnesses.

II.     **FACTUAL BACKGROUND**

The Scheduling and Discovery Order sets the following deadlines in this case:

| | |
|---|---|
| Deadline to Exchange Preliminary Claim Construction and Extrinsic Evidence (P.R. 4-2) | June 27, 2014 |
| Deadline to File Joint Claim Construction and Prehearing Statement (P.R. 4-3) | July 9, 2014 |
| Discovery Deadline—claim construction | August 7, 2014 |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | August 22, 2014 |
| Deadline to File Response to Claim Construction Brief (P.R. 4-5(b)) | September 9, 2014 |

| Deadline to file motion for Summary Judgment of Indefiniteness | September 9, 2014 |
| --- | --- |
| Deadline to file response to motion for Summary Judgment of Indefiniteness | September 19, 2014[1] |
| Deadline to file reply to motion for Summary Judgment of Indefiniteness | September 26, 2014 |

On June 27, 2014, Defendants indicated in their 4-2 disclosures that "[o]ne or more Defendants intend to rely upon the expert testimony of John Snell to opine regarding indefiniteness. One or more Defendants intend to rely upon the expert testimony of Professor Matthew Turk to opine regarding indefiniteness." Dkt. No. 1756-3 at 3. The 4-2 disclosures further identified which claim terms Defendants were alleging as indefinite. *Id.* at 3–10.

On July 11, 2014, Defendants disclosed which terms they allege are indefinite in the Local Patent Rule 4-3 Joint Claim Construction and Prehearing Statement. Dkt. No. 1630-1 at 1–2, 5–6, 21–28.

Between July 28, 2014 and August 7, 2014, Blue Spike's counsel, Mr. Garteiser, and counsel for Defendants MorphoTrust USA, Inc., L-1 Identity Solutions, Inc., MorphoTrak, Inc., and Safran USA, Inc. (collectively, "Morpho") on behalf of all Defendants, exchanged emails regarding filing a 4-3 Supplemental Statement. *See* Declaration of Lindsey Shinn ("Shinn Decl."), Ex. A. Specifically, on July 28, 2014, Ms. Tautkus notified Mr. Garteiser that "Defendants seek to make a minor update to the parties' Joint Claims Construction and Prehearing Statement . . . . [W]e would like to amend our statement to include the names of the expert witnesses" that were included in Defendants' Patent Local Rule 4-2 Submission. *Id.* Further, on August 1, 2014, Ms. Shinn emailed Mr. Garteiser explaining that Defendants "simply seek to include in the joint 4-3 statement, for the Court, information previously provided in

---

[1] On September 15, 2014, the Court granted the unopposed motion for a 3-day extension to respond to Defendants' motion for summary judgment of indefiniteness and for Defendants' reply. Dkt. No. 1764.

2

Defendants' 4-2 disclosures." *Id.* That same day, Ms. Shinn forwarded Mr. Garteiser a copy of the proposed 4-3 Supplemental Statement. *Id.*

On August 6, 2014, Mr. Garteiser, during a phone conference with Ms. Shinn and Ms. Tautkus, (who were speaking on behalf of all Defendants), agreed not to oppose the filing of a 4-3 Supplemental Statement. He also agreed to the parties conducting expert depositions after the August 7, 2014 deadline for claim construction discovery. *See* Shinn Decl., ¶ 4; Declaration of Rita Tautkus ("Tautkus Decl."), ¶ 4. Mr. Garteiser further agreed to a time period of September 9-19, 2014 for deposing experts who submitted declarations in any of the September 9, 2014 filings. *See* Shinn Decl., ¶ 5; Tautkus Decl., ¶ 5. Mr. Garteiser indicated that he intended to send deposition notices to Defendants' listed expert witnesses. *See* Shinn Decl., ¶ 6; Tautkus Decl., ¶ 6.

On August 7, 2014, Mr. Garteiser confirmed in writing that Blue Spike would not oppose the 4-3 Supplemental Statement: "We do not oppose the filing of the amended P.R. 4-3 to add in the experts that Defendants had listed in the P.R. 4-2 statement." *See* Shinn Decl., ¶ 2, Ex. A.

On August 7, 2014, Defendants disclosed in their 4-3 Supplemental Statement that "[o]ne or more Defendants intend to rely upon the expert testimony of . . . John Snell . . . to establish that one or more claim terms at issue is indefinite." Defendants also disclosed their intention "to rely upon the expert testimony of Professor Matthew Turk." Dkt. No. 1674 at 4. Defendants further disclosed the terms they were alleging as indefinite. *See* Dkt. No. 1674-1 at 1–2, 5–6, 21–29.

On August 15, in accordance with the parties' understanding, Blue Spike served deposition notices to Defendants' listed expert witnesses, including John Snell and Matthew Turk. *See* Fischer Decl., Ex. B (Deposition notice cover letter); Ex. C (Deposition notice to

3

Matthew Turk); Ex. D (Deposition notice to John Snell).  In its cover letter, Blue Spike indicated that the notices were "for those potential expert witnesses listed by the Defendants on the parties' Supplemental Joint Construction Statement."  *See id.*

On August 22, Blue Spike filed its opening claim construction brief according to P.R. 4-5(a).  Dkt. No. 1700.

On August 28, 2014, Facebook's counsel, Janna Fischer, notified Blue Spike that expert witness Matthew Turk would be available on Friday, September 19, 2014 for deposition.  Dkt. No. 1756-4 at 2; *see also* Declaration of Janna Fischer ("Fischer Decl."), ¶¶ 2–3, Ex. A.  That same day, Mr. Garteiser confirmed receipt of Ms. Fischer's email, inquiring, "[s]hould we expect Mr. Turk to be submitting a declaration in support of Facebook's motion for summary judgment due to indefiniteness?"  *See* Fischer Decl., Ex. A.

On September 9, 2014, Defendants filed their Responsive Claim Construction brief according to P.R. 4-5(a).  Dkt. No. 1751.

On September 9, 2014, Defendants filed a separate Motion for Summary Judgment on Indefiniteness.  Dkt. No. 1752.

On September 9, Blue Spike's counsel, Peter Brasher, emailed Walter Lackey an unopposed motion for a 3-day extension to respond and reply to Defendants' Motion for Summary Judgment of Indefiniteness.  *See* Declaration of Walter W. Lackey, Jr. ("Lackey Decl."), Ex. 1 (Sept. 9, 2014 email from Peter Brasher).  On September 10, 2014, Mr. Lackey responded to Mr. Brasher's email: "Looks good to go Peter."  *See id.*  Blue Spike did not file the unopposed motion until September 12, 2014, following Defendants' meet and confer with Blue Spike.  Dkt. No. 1757.

4

On September 11, 2014, Ms. Fischer called Mr. Garteiser to confirm arrangements for Dr. Turk's deposition. Fischer Decl., ¶ 4. Mr. Garteiser requested an extension of time to respond to Defendants' Motion for Summary Judgment of Indefiniteness. *Id.*

On September 11, 2014, during a meet and confer, Defendants inquired whether an extension to respond to Defendants' Motion for Summary Judgment would cure Blue Spike's alleged prejudice. In response, Mr. Garteiser indicated that Blue Spike would need a 60-day extension of time to take Mr. Snell's and Dr. Turk's depositions. Declaration of Orion Armon ("Armon Decl."), ¶ 2.

On September 11, 2014, Blue Spike filed its Motion to Strike. Dkt. No. 1756.

### III.    ARGUMENT

#### A.    Motions for Summary Judgment of Indefiniteness Do Not Fall Under Patent Local Rule 4-3(b)

The Court's Local Patent Rules 4-1 through 4-6 relate to "Claim Construction Hearings," not to summary judgment motions or indefiniteness as a general matter. Nowhere does P.R. 4-3 mention indefiniteness or any requirement to disclose an indefiniteness expert in advance of a motion for summary judgment.

Patent Rule 4-2(b) requires "preliminary" claim constructions and an "identification" of extrinsic evidence, including a "brief description" of the testimony of any percipient or expert witness on which the party intends to rely for "***claim constructions***." It does not require disclosure of experts on which a party intends to rely for summary judgment or indefiniteness determinations, even where such determinations are part of the claim construction process:

> At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, ***and testimony of percipient and expert witnesses they contend support their respective claim constructions***. The parties shall identify each such item of extrinsic evidence by production number or produce a

copy of any such item not previously produced. ***With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony***.

Patent Rule 4-3(b) requires an "identification" of "testimony of percipient and expert witnesses" on which the party "intends to rely either to support its proposed ***construction of the claim or to oppose any other party's proposed construction***." Patent Rule 4-3(b) requires that each party shall include the following information in the Joint Claim Construction and Prehearing Statement:

> Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and ***an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including***, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and ***testimony of percipient and expert witnesses***.

Indefiniteness, although related to claim construction, is a question of invalidity and, accordingly, it is matter of preference whether the court hears invalidity issues at claim construction or in the normal course of dispositive motions. *Telecordia Techs., Inc. v. Alcatel USA, Inc.*, C.A. No. 04-874-GMS, Order at 2 (D. Del. Apr. 21, 2006) ("[T]he Court does not permit summary judgment arguments, including indefiniteness arguments, during the claim construction phase of the litigation."); *Eaton Corp. v. ZF Meritor LLC*, No. 03-74844, 2006 WL 3313190, at *4 (E.D. Mich. Nov. 14, 2006) (citing *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898 (Fed. Cir. 2004)) ("Validity issues including indefiniteness and ambiguity are resolved independent of claim construction."). The Scheduling and Discovery order further evidences that P.R. 4-1 through 4-6 do not relate to the indefiniteness motion, as the deadlines for the claim construction briefing explicitly cite to P.R. 4-5(a)-(c), while the deadline for the summary judgment motion of indefiniteness does not. Further, the Federal Rules of Civil Procedure

indicate that the use of a declaration in a summary judgment motion is appropriate. Fed. R. Civ. P. 56(c)(4).

Blue Spike's reliance on *Lodsys LLC v. Brother International* is misplaced. In *Lodsys*, the question before the Court was "whether the Patent Rules require the disclosure of an expert declaration, identified by a party in the Joint Claim Construction Chart, before using the declaration in a Patent Rule 4-5 ***claim construction brief***." *Lodsys LLC v. Brother Int'l*, 2013 U.S. Dist. LEXIS 33517, at *13 (E.D. Tex. Mar. 12, 2013) (emphasis added). The expert declarations Blue Spike seeks to strike here were not submitted in support of Defendants' claim construction brief, but rather their Motion for Summary Judgment of Indefiniteness.

Moreover, this Court has explicitly held that parties are ***not*** required to submit any expert's declaration prior to submitting their claim construction brief. *See Tyco Healthcare Group LP v. E-Z-EM, Inc.*, No. 2:07-cv-262, D.N. 292 (E.D. Tex. Jan. 11, 2010) (J. Ward). In *Tyco*, the defendant objected to the plaintiff's "plan to submit an expert declaration with their . . . *Markman* brief after the close of claim construction discovery." *Id.* The defendant "argue[d] that P.R. 4-3(b)-(d) requires disclosure of an expert declaration with the joint claim construction and prehearing statement prior to the close of claim construction discovery." Judge Ward concluded that this reading of P.R. 4-3 was incorrect, and that the parties "are required to disclose a detailed summary of their expert witness's testimony [in their Rule 4-3 statement] ***only*** if they intend to offer his testimony ***during the Markman hearing***." *Id.* (emphasis added).[2]

Accordingly, Blue Spike's motion should be denied.

---

[2] This Court discussed Judge Ward's *Tyco* decision in *Lodsys*, but did not reject its reasoning or conclusion. *Lodsys*, 2013 U.S. Dist. LEXIS 33517, at *14. Rather, this Court distinguished the facts in *Tyco* from those in *Lodsys* on the grounds that Samsung had not clearly specified that it would rely on an expert declaration, had not identified the expert, and had not specified which disputed terms would be the subject of the expert's opinion. *Id*. at *2.

7

### B.  Defendants Disclosed Their Indefiniteness Experts Well in Advance of Filing Their Motion for Summary Judgment

Even though Patent Rules 4-1 through 4-6 do not cover motions for summary judgment based on indefiniteness, the Court's scheduling order permitted filing a motion for summary judgment of indefiniteness simultaneous with claim construction briefing.  Accordingly, out of an abundance of caution, Defendants disclosed the experts whose opinions they intended to rely on in connection with their motion well in advance of the filing date.

Indeed, counsel for Defendants met and conferred with Blue Spike regarding the filing of a supplemental disclosure for that purpose, and to discuss scheduling depositions of these experts.  *See* Shinn Decl., ¶¶ 3–6; Tautkus Decl., ¶¶ 3–6.  Blue Spike consented to Defendants' 4-3 Supplemental Statement, which Defendants filed on August 7, 2014.  *See* Dkt. No. 1756-3 at 3–9; Shinn Decl., Ex. A.  That statement disclosed the terms Defendants contended were indefinite and noted that "[o]ne or more Defendants intend to rely upon the expert testimony of John Snell . . . to establish that one or more claim terms at issue is indefinite."  Dkt. No. 1674 at 4.  Defendants also disclosed that they "intend to rely upon the expert testimony of Professor Turk."  *Id.*

Moreover, the parties agreed that Blue Spike would depose Defendants' indefiniteness experts ***following*** the filing of Defendants' motion for summary judgment—and the submission of any accompanying experts declarations—and Blue Spike confirmed its assent to that process by serving notices of deposition for that purpose on August 15, 2014.  *See* Shinn Decl., ¶¶ 4–6; Tautkus Decl., ¶¶ 4–6.  Blue Spike never sought to depose those experts in advance of the deadline for motions for summary judgment of indefiniteness or sought any additional disclosure regarding those experts' opinions in advance of that deadline.

Accordingly, even though the requirements of Patent Rule 4-3 do not apply to indefiniteness experts, Defendants satisfied those requirements here. Moreover, because Blue Spike agreed to the procedure by which these experts and their opinions were disclosed, and to be deposed, and Defendants relied on that agreement in filing their Motion for Summary Judgment and accompanying declarations, Blue Spike is estopped from seeking to strike these experts' opinions. *See Johnson v. Seacor Marine Corp.*, 404 F.3d 871, 878 (5th Cir. 2005) ("The three elements of an equitable estoppel claim are: (1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change in position to one's detriment because of the reliance."). Defendants justifiably relied on Blue Spike's statements to depose any witnesses submitting a declaration in the September 9, 2014 filings at a later date, and therefore reasonably believed that Blue Spike would not move to strike their expert declarations after filing their motion. *See* Shinn Decl., ¶ 5–6; Tautkus Decl., ¶ 5–6. Now, Blue Spike seeks to change its position and strike these expert declarations to Defendants' detriment.

Even if *Lodsys LLC* applied to indefiniteness, it does not support Blue Spike's motion to strike. There, Samsung's 4-3 disclosure only reserved the right "to submit an expert declaration in support of their claim construction positions." *Lodsys*, 2013 U.S. Dist. LEXIS 33517, at *12. Samsung did not identify a particular expert or the claim terms the expert might address. *Id.* at *2. In contrast, here, Defendants identified their experts by name, identified the specific terms they contend are indefinite, and agreed to a schedule for Blue Spike to depose those experts, and Blue Spike further served notices of deposition on those experts. *See* Dkt. No. 1674 at 1–2, 4–6, 21–28.

    **C.**     **Blue Spike Cannot Demonstrate Prejudice**

In its Motion to Strike, Blue Spike merely states that it "will suffer extreme prejudice by Defendants' reliance on the previously undisclosed expert testimony" and that it "is now forced

9

to respond to pages of expert discovery on expert discovery not previously disclosed." Dkt. No. 1756 at 6. As explained above, this is simply not true—Defendants put Blue Spike on notice of their experts' testimony as early as June 27, 2014, when they filed their P.R. 4-2 disclosures, and the parties agreed upon a schedule to depose these experts on any declarations they submitted in support of Defendants' Motion for Summary Judgment. In any event, Blue Spike can identify no prejudice that could not be cured by a simple extension, which Defendants offered and Blue Spike declined.

Blue Spike attempts to twist facts and create prejudice by accusing Defendants of changing their position "at the close of claim construction discovery" because Defendants did not identify specific experts in the original P.R. 4-3 Statement. Blue Spike's motion continues, "[t]o add insult to injury, on August 28, 2014, counsel for Facebook, Inc. stated that Professor Turk would be available for a deposition on September 19, 2014, three days after Plaintiff's opposition to Defendants' motion was due." Dkt. No. 1765 at 3.

Blue Spike's claims of prejudice are disingenuous. First, Blue Spike's motion ignores several exchanges with Defendants regarding the 4-3 Supplemental Statement, during which Defendants explained the oversight of not including expert witnesses that were previously listed in their 4-2 disclosures. Blue Spike did not oppose adding the experts' names to the 4-3 Supplemental Statement over a month prior to Defendants' filing of its Motion for Summary Judgment of Indefiniteness. Blue Spike cannot now act surprised by either expert's declarations in support of Defendants' Motion. Blue Spike's allegations that "Defendants' position changed" fail to provide any grounds for the drastic consequence of striking the declarations entirely.

Second, Blue Spike's claims of being insulted by Facebook's counsel for making Professor Turk available for deposition "three days after Plaintiff's opposition to Defendants'

10

motion was due" are baseless. Facebook counsel was cooperating with Blue Spike based on the parties' prior agreement to depose any experts between September 9 and 19, 2014, after Blue Spike had examined their declarations. *See* Shinn Decl., ¶ 5; Tautkus Decl., ¶ 5. Blue Spike never complained about the date of Professor Turk's deposition date until its motion to strike, and rather, Blue Spike signaled a willingness to proceed with the agreed upon deposition schedule. *See* Fischer Decl., Ex. A. On, September 11, 2014, when Defendants contacted Mr. Garteiser regarding Professor Turk's deposition, Mr. Garteiser did not complain about prejudice but indicated he would need an extension of his briefing deadlines, which Defendants had agreed to provide when the depositions were first discussed. *See id.* ¶ 4.

Based on the above, Blue Spike has failed to show prejudice based on the expert declarations submitted by John Snell and Professor Turk. Blue Spike was aware of Defendants' intentions to rely on their testimony regarding indefiniteness on June 27, 2014, and Blue Spike agreed to schedule depositions of these experts after the deadlines for claim construction discovery and to respond to Defendants' Motion. Further, Blue Spike is not challenging either John Snell or Professor Turk as witnesses at the *Markman* hearing; Blue Spike is only challenging their declarations related to the Indefiniteness Motion on grounds that they were not adequately disclosed, which, as discussed above, is untrue.

It is unclear what more Defendants could have done to notify Blue Spike of their intention to rely on these experts. For example, Blue Spike did not move to strike the expert declaration of Dr. Kevin Bowyer, for which the only additional disclosure was a letter affirmatively stating he would provide a declaration. *See* Dkt. No. 1756-5. Nor is it clear how any further disclosure would have put Blue Spike in a better position to respond to Defendants' Motion. Blue Spike already has an expert available for rebuttal and served deposition notices in

mid-August. It appears as though Blue Spike never intended to take the depositions of any experts, as evidenced by the fact that Blue Spike forewent the deposition of Dr. Bowyer and has yet to request a deposition date for John Snell.

Finally, any alleged prejudice could be relieved by granting Blue Spike an extension to respond to Defendants' motion—which Blue Spike was not interested in discussing—rather than taking drastic measures to strike the declarations entirely. Further, ample authority demonstrates that the Court can decide indefiniteness separately from claim construction and therefore can later rule on Defendants' Motion for Summary Judgment, allowing time for Blue Spike to take depositions if it chooses to do so. *See Telecordia Techs.*, C.A. 04-874-GMS, Order at 2; *Eaton Corp.*, 2006 WL 3313190, at *4. Accordingly, Blue Spike has failed to show any prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should deny Blue Spike's motion to strike the expert declarations and any reliance on the declarations of John Snell and Professor Matthew Turk in Defendants' Motion for Summary Judgment on Indefiniteness.

Dated: September 15, 2014

Respectfully submitted,

/s/ Gabriel Ramsey
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

Gabriel M. Ramsey– *LEAD ATTORNEY*
I. Neel Chatterjee
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025

Telephone: (650) 614-7400
Facsimile: (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8418
chiggins@orrick.com

*Attorneys for Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, and Harmonix Music Systems, Inc.*

/s/ Andrew L. Perito
Edward R. Reines
Cal. Bar No. 135960 – Admitted to E.D. Texas
Lead Attorney
edward.reines@weil.com
Andrew L. Perito
Cal. Bar No. 269995 – Admitted to E.D. Texas
andrew.perito@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendant CBS Interactive Inc. and Last.fm Ltd.*

/s/ Anne Champion
Josh A. Krevitt
NY Bar No. 2568228
jkrevitt@gibsondunn.com
Benjamin Hershkowitz

13

NY Bar No. 2600559
bhershkowitz@gibsondunn.com
R. Scott Roe
NY Bar No. 4480224
sroe@gibsondunn.com
Anne Champion
NY Bar No. 4425237
achampion@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Ph. 212.351.4000
Fax: 212.351.6210

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, TX 75702
Tel: 903.597.8311
Fax: 903.593.0846

*Attorneys for Defendant Shazam Entertainment Limited*

*/s/ Eric H. Findlay*
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

*Attorneys for Defendants Iritech, Inc., Fulcrum Biometrics, LLC, and Futronic Technology Co., Ltd.*

*/s/ Daniel Johnson, Jr.*
C. Erik Hawes (TX Bar No. 24042543)
Email: ehawes@morganlewis.com
Thomas R. Davis (TX Bar No. 24055384)
Email: tdavis@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002

14

(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Daniel Johnson, Jr. (Admitted *Pro Hac Vice*)
Email: djjohnson@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000 Telephone
(415) 442-1001 Facsimile

*Attorneys for Defendants MorphoTrust USA, Inc., L-1 Identity Solutions, Inc., MorphoTrak, Inc., and Safran USA, Inc.*

*/s/ Orion Armon*
Deron Dacus (Texas Bar No. 00790553)
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701

Heidi L. Keefe (CA Bar 178960)
Mark R. Weinstein (CA Bar 193043)
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Phone:  (650) 843-5000
Fax:    (650) 857-0663
hkeefe@cooley.com
mweinstein@cooley.com

Orion Armon (CO Bar No. 34923)
Sara J. Bradford (*pro hac vice*)
Janna K. Fischer (*pro hac vice*)
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021
Tel:   (720) 566-4000
Fax:   (720) 566-4099
oarmon@cooley.com
sradke@cooley.com
jfischer@cooley.com

*Attorneys For Defendant Facebook, Inc.*

15

        /s/ Eric H. Findlay
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone:  (903) 534-1100
Facsimile:   (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

Jordan A. Sigale
Christopher Swickhamer
LOEB & LOEB LLP
321 North Clark Street, Suite 2300
Chicago, IL 60654
Telephone: 312-464-3109
Facsimile: 312-276-8375
Email: jsigale@loeb.com
Email: cswickhamer@loeb.com

*Attorneys for Defendant Viggle Inc.*

/s/ Jo Dale Carothers
Alan H. Blankenheimer
ablankenheimer@cov.com
Jo Dale Carothers
jcarothers@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
Tel: 858-678-1800
Fax: 858-678-1600

Michael E. Jones
SBN: 10929400
Potter Minton, PC
110 N. College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

*Attorneys for Defendant Entropic Communications, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on all counsel of record via ECF filing pursuant to Local Rule CV-5(a)(7)(C) on September 15, 2014.

Dated:  September 15, 2014                    */s/ Anne Champion*
                                                                            Anne Champion