**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| | § | |
| *Plaintiff*, | § | CASE NO. 6:12-cv-499-MHS-CMC |
| | § | |
| v. | § | LEAD CASE |
| | § | |
| Texas Instruments, Inc., et al., | § | Jury Trial Demanded |
| | § | |
| *Defendants*. | § | |
| | § | |

**PLAINTIFF BLUE SPIKE, LLC'S REPLY TO ITS MOTION TO STRIKE THE**
**EXPERT TESTIMONY OF JOHN SNELL AND**
**PROFESSOR MATTHEW TURK**

Defendants' opposition and partial disclosure of the facts brings into sharp relief the prejudice imposed on Blue Spike, LLC ("Blue Spike") and the Defendants' failure to comply with the Patent Local Rules.

As the Eastern District of Texas has interpreted Patent Local Rule 4-3(b), Defendants were required to "clearly indicate" in Defendants Supplemental Statement that they intended to rely on a sworn declaration; Defendants failed to clearly indicate or indicate at all that they would rely on any declarations. *See* Dkt. 1674 at 4. Next, Defendants were required to disclose the identity of the declarant; Defendants did not include Professor Turk as a potential expert on indefiniteness and indicated only that John Snell might be used on indefiniteness. *See id*. Finally, Defendants were required to identify the claim terms the expert would construe. Defendants attempt to rely on the fact that in the Parties' Claim Construction Chart (dkt. 1674, Exh. A), Defendants indicated that several terms were indefinite. Defendants, however, never "identif[ied] the precise disputed claim terms which [would] be addressed" by the declarant as required by the Eastern District of Texas. *See Innovative Display Technologies, LLC v. Acer Inc.*, 2014 U.S. Dist. LEXIS 94211 at *4-5 (E.D. Tex. July 11, 2014). Defendants' expert

1

declarations and reliance upon them should be struck.

**First**, Patent Local Rule 4-3(b) is applicable to indefiniteness because "[i]ndefiniteness is an issue of claim construction." *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008). As pointed out to Defendants and which they completely ignore, the Eastern District of Texas has applied the requirements of Patent Local Rule 4-3(b) against a party attempting to introduce an expert declaration solely on the issue of indefiniteness. *See Innovative Display Technologies, LLC*, 2014 U.S. Dist. LEXIS 94211 at *4-5. The same standard applies here with equal force; Blue Spike respectfully requests the Court to strike the expert declarations of John Snell and Professor Matthew Turk and any reliance on those declarations for failure to comply with Patent Local Rule 4-3(b).[1]

**Second**, Defendants' presentation of the facts is deliberately misleading and demonstrates Defendants' failure to comply with the Patent Local Rules. Defendants state in their opposition that "Defendants also disclosed their intention 'to rely upon the expert testimony of Professor Matthew Turk.'" Opp'n at 3 (quoting Dkt. No. 1674 at 4). However, Defendants conveniently omit the fact that nowhere in the Supplemental Statement do Defendants say they will rely on Professor Matthew Turk for issues of indefiniteness. Defendants in fact state that Professor Matthew Turk will be used only to rebut Blue Spike's expert testimony "or to establish the state of the art at the time of the alleged invention." Dkt. 1674 at 4.

With regard to John Snell, Defendants use of ellipses does not hide the vagueness and ambiguity with which Defendants "disclosed" that expert. Defendants' Opposition quotes the

---

[1] Defendants imply that indefiniteness does not need to be construed in conjunction with claim construction and can be put off. It is unclear if Defendants are stating that neither of their experts will be offering testimony on indefiniteness at the claim construction hearing.

supplemental statement in part: "[o]ne or more Defendants intend to rely upon the expert testimony of…John Snell…to establish that one or more claim terms at issue is indefinite" Opp'n at 3. (Dkt. No. 1769) In its entirety, however, the full citation states:

> One or more Defendants intend to rely upon the expert testimony of Dr. John Strawn *and/or* John Snell to rebut any expert testimony offered by Blue Spike *or* to establish the state of the art at the time of the alleged invention *or* to establish that one or more claim terms at issue is indefinite.

Dkt. 1674 at 4 (emphasis added).

Defendants' repeated use of the conjunction "or" further highlights the ambiguity of this statement. Blue Spike is left unsure if Defendants will rely on Dr. John Strawn *or* John Snell. And, if Defendants will rely on John Snell, Blue Spike is left guessing what his testimony will be used for: to rebut testimony *or* to establish the state of the art *or* on issues of indefiniteness. This type of ambiguity was expressly rejected in *Lodsys* and is contradictory to the spirit of the Patent Local Rules. *See* 2013 U.S. Dist. LEXIS 3351.

**Third,** Defendants attempt to interpret Blue Spike's diligence in seeking expert depositions as knowledge that the Defendants would rely on those experts for indefiniteness. That assertion, however, rings hollow.  Mr. Garteiser, counsel for Blue Spike, demonstrated Blue Spike's uncertainty on August 28, 2014 when he expressly and pointedly asked Defendants if an expert would be used on the issue of indefiniteness. Defendants never responded. *See* Mot. to Strike (Dkt. 1756). The burden is not on Blue Spike to guess at and determine what Defendants intend to do.  To the contrary, the Patent Local Rules are in place to avoid such ambiguity. Mr. Garteiser asked his question in order to evaluate the need for a deposition before September 19, 2014. Defendants made their expert available for deposition three (3) days after Blue Spike's opposition (at the time) was due, thereby indicating that the expert would not be used for indefiniteness, which is consistent by Defendants' Supplemental 4-

3(b) Statement.

Even taking Defendants' wait-and-see version of the facts at face value, playing out Defendants' version only highlights the prejudice Blue Spike would suffer.  Specifically, Blue Spike would have to wait until Defendants' Indefiniteness Brief, filed on September 9, 2014 to determine if an expert would be used to provide a declaration on indefiniteness and even the particular terms the expert contends are indefinite. *See Innovative Display Technologies, LLC*, 2014 U.S. Dist. LEXIS 94211 at *4-5. Blue Spike would then have *less than ten days* to review the expert's position, schedule and take the deposition, and incorporate the declarant's testimony into Blue Spike's opposition to a case disposition motion. "The purpose of the Local Rules is to 'further the goal of full, timely discovery and ***provide all parties with adequate notice and information with which to litigate their cases***, not to create supposed loopholes through which parties may practice litigation by ambush.'" *Cummins-Allison Corp. v. SBM Co.*, 2009 U.S. Dist. LEXIS 22114, at *4 (ED Tex. March 19, 2009) (*quoting IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 U.S. Dist. LEXIS 10934, *3 (N.D. Cal. June 16, 2004)).

In sum, Defendants failed to disclose their experts in the Parties' Rule 4-3 Joint Claim Construction and Prehearing Statement.  Several weeks later, in their Supplemental Statement, Defendants expressly excluded Professor Turk from the indefiniteness inquiry and ambiguously suggested that they *might* rely on John Snell for indefiniteness.  Defendants have failed to meet their Patent Local Rule 4-3(b) disclosure burdens. Accordingly, Blue Spike respectfully requests the Court to strike the Snell and Turk declarations and all reliance upon thereon.

Respectfully Submitted.

By:    /s/ Randall T. Garteiser        
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-0828
(888) 908-4400 fax

*ATTORNEYS FOR BLUE SPIKE, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

/s/ Randall T. Garteiser
Randall T. Garteiser
