# Exhibit 13

| ***Office Action Summary*** | Application No. | Applicant(s) |
|---|---|---|
| | 09/657,181 | MOSKOWITZ ET AL. |
| | **Examiner** | **Art Unit** |
| | Carol S Tsai | 2857 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>07 September 2000</u>.

2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-25</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1,4-6,8,12,13 and 16-24</u> is/are rejected.

7) ☒ Claim(s) <u>2,3,7,9-11,14,15 and 25</u> is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____.

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date <u>06/04/2003</u>.

4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other: _____ .

U.S. Patent and Trademark Office
PTOL-326 (Rev. 1-04)    **Office Action Summary**    Part of Paper No./Mail Date 6

BLU000404

Application/Control Number: 09/657,181                                      Page 2
Art Unit: 2857

## DETAILED ACTION

### *Double Patenting*

1.      The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application.  See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

2.      Claim 1 is provisionally rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claim 1 of copending Application No. 09/671,739 to Moskowitz et al.  Although the conflicting claims are not identical, they are not patentably distinct from each other because although the conflicting claims are not identical, they are not patentably distinct from each other because the claimed subject matter presented in this application is substantively the same as those of copending application. It would have been obvious to omit a first input, a first processor, a second input, a second processor, a reference database, a comparing device, or a device permitting submission of reference signal abstracts to the reference databases if its function were not desired. See MPEP 2144.04; Ex parte Wu, 10 USPQ 2031 (Bd. Pat. App. & Inter. 1989).

This is a provisional obviousness-type double patenting rejection because the conflicting claims have not in fact been patented.

**BLU000405**

Application/Control Number: 09/657,181                                    Page 3
Art Unit: 2857

### *Claim Rejections - 35 USC § 112*

3.      The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

4.      Claims 1-25 are rejected under 35 U.S.C. 112, first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention.

In claim 1, 8, 13, and 21, it is not clear what is meant by "query signal", since there are no clear, specific, and detailed explanation provided in the Specification. Pages 4 and 5 of Application's "Summary of the Invention" is the only disclosure provided by the Applicants to present the term of "query signal". However, Applicants do not provide any further information or explanation in the "Summary of the Invention" and "Description of the Preferred Embodiments" of claimed invention as well as U. S. Patent No. 5,613,004, U. S. Patent No. 5745569, U. S. Patent No. 5889868, U. S. Patent No. 6078664, U. S. Patent No. 6598162, U. S. Patent No. 6205249, U. S. Patent No. 6522767, U. S. Patent No. 5687236, and U. S. Patent No. 5889868. Applicants are required to provide detailed information in response to this action so that the examiner may make a proper comparison of the invention with the prior art.

5.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

**BLU000406**

Application/Control Number: 09/657,181                                      Page 4
Art Unit: 2857

6.      Claims 1-25 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for

failing to particularly point out and distinctly claim the subject matter which applicant regards as

the invention.

        In claims 1, 8, 13, and 21, it is not understandable what is meant by "query signal".

        In claim 24, "the criteria" is vague and indefinite. It is not clear to the Examiner what

criteria is intended.


### *Claim Rejections - 35 USC § 102*

7.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

    A person shall be entitled to a patent unless –

    (e) the invention was described in a patent granted on an application for patent by another filed in the United
    States before the invention thereof by the applicant for patent, or on an international application by another who
    has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention
    thereof by the applicant for patent.

        The changes made to 35 U.S.C. 102(e) by the American Inventors Protection Act of 1999

(AIPA) and the Intellectual Property and High Technology Technical Amendments Act of 2002

do not apply when the reference is a U.S. patent resulting directly or indirectly from an

international application filed before November 29, 2000. Therefore, the prior art date of the

reference is determined under 35 U.S.C. 102(e) prior to the amendment by the AIPA (pre-AIPA

35 U.S.C. 102(e)).

8.      Claims 1, 4-6, 8, 12, 13, and 16-20 are rejected, as best understood, under 35

U.S.C. 102(e) as being anticipated by U. S. Patent No. 6,430,302 to Rhoads.

BLU000407

Application/Control Number: 09/657,181                                   Page 5
Art Unit: 2857

With respect to claims 1, 8, 13, and 18, Rhoads discloses a method for monitoring and analyzing at least one signal comprising: receiving at least one reference signal to be monitored; creating an abstract of said at least one reference signal; storing the abstract of said at least one reference signal in a reference database; receiving at least one query signal to be analyzed; creating an abstract of said at least one query signal; comparing the abstract of said at least one query signal to the abstract of said at least one reference signal to determine if the abstract of said at least one query signal matches the abstract of said at least one reference signal (see col. 4, line 31 to col. 6, line 35; col.15, line 19 to col. 18, line 4; col. 20, lines 16-63; col. 37, line 57 to col. 40, line 48).

As to claims 4, 5, 20, Rhoads also discloses recording an occurrence of a match between the abstract of said at least one query signal and the abstract of said at least one reference signal; and generating a report that identifies the reference signal whose abstract matched the abstract of said at least one query signal (see col. 66, lines 21-52).

As to claim 16, Rhoads also discloses identifying at least two abstracts in the reference database that match the abstract of said at least one query signal and an index of relatedness to said at least one query signal for each of said at least two matching abstracts (see col. 35, lines 45-67).

As to claim 6, 12, and 17, Rhoads also discloses a security controller that controls access to a secured area, such that access is granted only if the comparing device confirms that an abstract of said at least one query signal matches an abstract of said at least one reference signal (see col. 1, lines 31-42).

BLU000408

Application/Control Number: 09/657,181                                    Page 6
Art Unit: 2857

As to claim 19, Rhoads also discloses the second input being remotely coupled to the

processor (see col. 1, lines 40-44 and col. 59, lines 15-23).


### *Claim Rejections - 35 USC § 103*

9.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

10.     Claims 21-23 are rejected under 35 U.S.C. 103(a) as being unpatentable over U. S. Patent

No. 6,430,302 to Rhoads.

Rhoads discloses an electronic system for monitoring and analyzing at least one signal,

comprising: a first input that receives at least one reference signal to be monitored, a processor

that creates an abstract of each reference signal input to said first processor through said first

input; a second input that receives at least one query signal to be analyzed, a processor that

creates an abstract of each query signal; a reference database that stores abstracts of each at least

one reference signal; a comparing device that compares an abstract of said at least one query

signal to the abstracts stored in the reference database to determine if the abstract of said at least

one query signal matches any of the stored abstracts (see col. 4, line 31 to col. 6, line 35; col.15,

line 19 to col. 18, line 4; col. 20, lines 16-63; col. 37, line 57 to col. 40, line 48).

Rhoads does not disclose a multiprocessor.

The Examiner takes Official Notice that a multiprocessor is well known in the art.

BLU000409

Application/Control Number: 09/657,181                                                    Page 7
Art Unit: 2857

It would have been obvious to one having ordinary skill in the art at the time the

invention was made to modify Rhoads's method to include a multiprocessor, in order to provide

a high performance data processing system.

As to claims 22 and 23, Rhoads also discloses the second input being remotely coupled to

the processor (see col. 1, lines 40-44 and col. 59, lines 15-23).


### *Allowable Subject Matter*

11.      Claims 2, 3, 7, 9-11, 14, 15, and 25 objected to as being dependent upon a rejected base

claim, but would be allowable if rewritten in independent form including all of the limitations of

the base claim and any intervening claims.


### *Conclusion*

12.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

Lewis et al. disclose a system for digital watermarking that operates on a conventional

digital video stream to etch, on hand, and read, on the other hand, digital watermarks in the

stream that do not visibly interfere with the video content.

Xie et al. disclose a system for generating a message authentication code for a

conventional digital video stream.

Tewfik et al. disclose multimedia data embedding, such as video, image or audio data

watermarking.

Kim discloses a stereoscopic image generation apparatus generating a stereoscopic image

BLU000410

Application/Control Number: 09/657,181                                         Page 8
Art Unit: 2857

using MPEG encoded data containing I, B and P pictures.

     Bloom et al. disclose a method for detecting a watermark signal in digital image data.

     Moskowitz discloses multiple transform utilization and applications for secure digital watermarking.

     FU et al. disclose a method of storing information from filled-in form-documents comprising extracting the unique user information in the foreground from the document form information in the background.

     Cawley et al. disclose a video image processing system comprising an input cache store for temporarily storing input video data, compressors for compressing image data from the input store and an output store comprising multiple storage areas of known fixed size for storing respective files of compressed data from the compressors.

### *Contact Information*

13.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to Carol S. W. Tsai whose telephone number is (571) 272-2224. The examiner can normally be reached on Monday-Friday from 8:30 AM to 5:00 PM. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Marc S. Hoff can be reached on (571) 272-2216. The fax number for TC 2800 is (703) 872-9306. Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the TC 2800 receptionist whose telephone number is (571) 272-1585 or (571) 272-2800.

**BLU000411**

Application/Control Number: 09/657,181                                      Page 9
Art Unit: 2857

In order to reduce pendency and avoid potential delays, Group 2800 is encouraging

FAXing of responses to Office actions directly into the Group at (703) 872-9306.  This practice

may be used for filing papers not requiring a fee.  It may also be used for filing papers which

require a fee by applicants who authorize charges to a PTO deposit account.  Please identify the

examiner and art unit at the top of your cover sheet.  Papers submitted via FAX into Group 2800

will be promptly forwarded to the examiner.

Carol S. W. Tsai
Patent Examiner
Art Unit 2857

07/13/04

BLU000412