# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | Civil Action No. 6:12-CV-499 MHS |
| | § | |
| *Plaintiff*, | § | LEAD CASE |
| | § | |
| v. | § | |
| | § | |
| TEXAS INSTRUMENTS, INC., | § | |
| | § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | Civil Action No. 6:13-CV-00125 MHS |
| | § | |
| *Plaintiff*, | § | CONSOLIDATED CASE |
| v. | § | |
| | § | |
| ENTROPIC COMMUNICATIONS, INC., | § | |
| *Defendant.* | § | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT ENTROPIC COMMUNICATIONS, INC.

Defendant Entropic Communications, Inc. ("Entropic"), by and through its undersigned counsel, hereby answers ("Answer") the Second Amended Complaint for Patent Infringement ("Second Amended Complaint") of Blue Spike, LLC ("Blue Spike" or "Plaintiff") as follows:

## GENERAL DENIAL

Entropic denies each and every allegation contained in Plaintiff's Second Amended Complaint, except as specifically admitted herein.  To the extent that the headings or any other non-numbered statements in the Second Amended Complaint contain any allegations, Entropic denies each and every such allegation.

In response to the introductory paragraph on page 1 of the Second Amended Complaint, no answer is required.

## NATURE OF THE SUIT

1. The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Entropic admits that the action brought by Plaintiff purports to be an action arising under the patent laws of the United States.  Except as expressly admitted herein, Entropic denies the remaining allegations of paragraph 1.

## PARTIES

2. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, on that basis, denies said allegations.

3. Entropic admits that it is a Delaware corporation.  Entropic denies having its principal place of business at 6290 Sequence Drive, San Diego, California 92121.  Entropic admits that it can be served with process through its registered agent, Corporation Service Company, located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.  Entropic admits that it does business in the State of Texas.  Except as expressly admitted herein, Entropic denies the remaining allegations of paragraph 3.

**JURISDICTION AND VENUE**

4. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Entropic admits that the action brought by Plaintiff purports to be an action arising under the patent laws of the United States. Entropic admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted herein, Entropic denies the remaining allegations of paragraph 4.

5. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Entropic admits that this Court has personal jurisdiction over Entropic with regard to this action. Except as expressly admitted herein, Entropic denies the remaining allegations of paragraph 5.

6. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Entropic denies that venue is proper in the Tyler Division of the Eastern District of Texas, and denies that this judicial district is the most convenient forum for the parties and witnesses or in the interests of justice. By filing this answer, Entropic does not waive any argument that venue is not proper in this District as to Entropic. Except as expressly admitted herein, Entropic denies the remaining allegations of paragraph 6.

**FACTUAL BACKGROUND**

**A.     Moskowitz' History**

7. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, on that basis, denies said allegations.

8. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, on that basis, denies said allegations.

9. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, denies said allegations.

10. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, on that basis, denies said allegations.

11. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, denies said allegations.

12. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, denies said allegations.

13. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, on that basis, denies said allegations.

14. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, on that basis, denies said allegations.

15. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, on that basis, denies said allegations.

16. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, on that basis, denies said allegations.

17. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, on that basis, denies said allegations.

18. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, on that basis, denies said allegations.

19. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, on that basis, denies said allegations.

20. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, on that basis, denies said allegations.

**B.     Patents-in-Suit**

21. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, on that basis, denies said allegations.

22. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, on that basis, denies said allegations.

23. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, on that basis, denies said allegations.

24. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, on that basis, denies said allegations.

25. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and, on that basis, denies said allegations.

26. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, on that basis, denies said allegations.

**C.     The Accused Products and Services**

27. Entropic admits that it designs and develops software, systems, and technology related to semiconductor solutions for the connected home. Entropic denies it makes, uses, offers for sale, and/or imports into the U.S. products, systems, and/or services enabled with automatic content recognition ("ACR"), including ACR provided by Audible Magic Corp. and Free Stream Media Corp., and denies any of its products properly constitute "Accused Products." Except as expressly admitted herein, Entropic denies the remaining allegations of paragraph 27.

28. Entropic denies that a license for any Plaintiff's asserted patents or purportedly patented technology is necessary. Entropic admits it has not sought or obtained a license from

4

Blue Spike for any of Blue Spike's asserted patents or purportedly patented technology.  Except as expressly admitted herein, Entropic denies the remaining allegations of paragraph 28.

29.     Entropic denies it is using any methods, devices, and/or systems purportedly taught by Blue Spikes' asserted patents, and Entropic denies the remaining allegations of paragraph 29.

## COUNT 1

## INFRINGEMENT OF UNITED STATES PATENT NO. 8,214,175

30.     In response to paragraph 30 of the Second Amended Complaint, Entropic realleges and incorporates by reference paragraphs 1-29 above.

31.     Entropic admits that the face of the '175 patent states that it is entitled "Method and Device for Monitoring and Analyzing Signals."  Entropic is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 31 and, on that basis, denies said allegations.

32.     Entropic admits that the face of the '175 patent states it was issued on July 3, 2012.  Entropic denies that this patent is valid and enforceable, and denies the remaining allegations in paragraph 32.

33.     Entropic denies each and every allegation of paragraph 33.

34.     Entropic denies each and every allegation of paragraph 34.

35.     Entropic denies each and every allegation of paragraph 35.

36.     Entropic denies each and every allegation of paragraph 36.

   a.     Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sub-paragraph 36(a) and, on that basis, denies said allegations.

5

      b.      Entropic admits it had knowledge of the asserted patents through service on Entropic of Plaintiff's original Complaint against Entropic in this lawsuit. Except as expressly admitted herein, Entropic denies the remaining allegations of sub-paragraph 36(b).

37.      The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Entropic admits it had knowledge of the asserted patents through service on Entropic of Plaintiff's original Complaint against Entropic in this lawsuit, and denies the remaining allegations of paragraph 37.

## COUNT 2
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,949,494

38.      In response to paragraph 38 of the Second Amended Complaint, Entropic realleges and incorporates by reference paragraphs 1-37 above.

39.      Entropic admits that the face of the '494 patent states that it is entitled "Method and Device for Monitoring and Analyzing Signals." Entropic is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 39 and, on that basis, denies said allegations.

40.      Entropic admits that the face of the '494 patent states it was issued on May 24, 2011. Entropic denies that this patent is valid and enforceable, and denies the remaining allegations in paragraph 40.

41.      Entropic denies each and every allegation of paragraph 41.

42.      Entropic denies each and every allegation of paragraph 42.

43.      Entropic denies each and every allegation of paragraph 43.

44.      Entropic denies each and every allegation of paragraph 44.

       a.    Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sub-paragraph 44(a) and, on that basis, denies said allegations.

       b.    Entropic admits it had knowledge of the asserted patents through service on Entropic of Plaintiff's original Complaint against Entropic in this lawsuit. Except as expressly admitted herein, Entropic denies the remaining allegations of sub-paragraph 44(b).

45.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Entropic admits it had knowledge of the asserted patents through service on Entropic of Plaintiff's original Complaint against Entropic in this lawsuit, and denies the remaining allegations of paragraph 45.

## COUNT 3
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,660,700

46.    In response to paragraph 46 of the Second Amended Complaint, Entropic realleges and incorporates by reference paragraphs 1-45 above.

47.    Entropic admits that the face of the '700 patent states it is entitled "Method and Device for Monitoring and Analyzing Signals." Entropic is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 47 and, on that basis, denies said allegations.

48.    Entropic admits that the face of the '700 patent states it was issued on February 9, 2010. Entropic denies that this patent is valid and enforceable, and denies the remaining allegations in paragraph 48.

49.    Entropic denies each and every allegation of paragraph 49.

50. Entropic denies each and every allegation of paragraph 50.

51. Entropic denies each and every allegation of paragraph 51.

52. Entropic denies each and every allegation of paragraph 52.

   a. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sub-paragraph 52(a) and, on that basis, denies said allegations.

   b. Entropic admits it had knowledge of the asserted patents through service on Entropic of Plaintiff's original Complaint against Entropic in this lawsuit. Except as expressly admitted herein, Entropic denies the remaining allegations of sub-paragraph 52(b).

53. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Entropic admits it had knowledge of the asserted patents through service on Entropic of Plaintiff's original Complaint against Entropic in this lawsuit, and denies the remaining allegations of paragraph 53.

## COUNT 4
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,346,472

54. In response to paragraph 54 of the Second Amended Complaint, Entropic realleges and incorporates by reference paragraphs 1-53 above.

55. Entropic admits that the face of the '472 patent states it is entitled "Method and Device for Monitoring and Analyzing Signals." Entropic is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 55 and, on that basis, denies said allegations.

8

56. Entropic admits that the face of the '472 patent states it was issued on March 18, 2008. Entropic denies that this patent is valid and enforceable, and denies the remaining allegations in paragraph 56.

57. Entropic denies each and every allegation of paragraph 57.

58. Entropic denies each and every allegation of paragraph 58.

59. Entropic denies each and every allegation of paragraph 59.

60. Entropic denies each and every allegation of paragraph 60.

    a. Entropic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sub-paragraph 60(a) and, on that basis, denies said allegations.

    b. Entropic admits it had knowledge of the asserted patents through service on Entropic of Plaintiff's original Complaint against Entropic in this lawsuit. Except as expressly admitted herein, Entropic denies the remaining allegations of sub-paragraph 60(b).

61. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Entropic admits it had knowledge of the asserted patents through service on Entropic of Plaintiff's original Complaint against Entropic in this lawsuit, and denies the remaining allegations of paragraph 61.

## **RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Entropic realleges and incorporates by reference paragraphs 1-61 above. Entropic denies that Plaintiff is entitled to the relief sought in the Second Amended Complaint, or any other relief, against Entropic.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

Entropic states that Plaintiff's jury demand does not require a response.

## AFFIRMATIVE DEFENSES

Further answering the Second Amended Complaint, Entropic asserts the following affirmative defenses. Entropic reserves the right to amend its Answer with additional defenses as further information is determined.

## FIRST AFFIRMATIVE DEFENSE

### (Non-infringement of the Asserted Patents)

Entropic realleges and incorporates by reference paragraphs 1-61 above. Entropic has not directly infringed, wilfully infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '175, '494, '700, and/or '472 patents, and is not liable for infringement thereof.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity of the Asserted Patents)

Entropic realleges and incorporates by reference paragraphs 1-61 above. One or more claims of each of the '175, '494, '700, or '472 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, and Plaintiff's claims for relief are therefore barred.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue/Failure to Join Necessary Party)

Entropic realleges and incorporates by reference paragraphs 1-61 above. On information and belief, Plaintiff lacks standing to bring a patent infringement action based on one or more of the '175, '494, '700, and/or '472 patents, and/or has failed to join a necessary party under Federal Rule of Civil Procedure rule 19.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Entropic realleges and incorporates by reference paragraphs 1-61 above. Plaintiff's claims are barred or limited by equitable defenses, such as the laches, waiver, unclean hands, acquiescence, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Implied License and Exhaustion)

Entropic realleges and incorporates by reference paragraphs 1-61 above. Plaintiff's Second Amended Complaint is precluded, in whole or in part, to the extent that any allegedly infringing products or components are supplied, directly or indirectly, to Entropic or are imported, sold by, offered for sale by, made by, or made for, an entity or entities having express or implied licenses to the '175, '494, '700, and/or '472 patents.

## SIXTH AFFIRMATIVE DEFENSE

### (Unavailability of Relief)

Entropic realleges and incorporates by reference paragraphs 1-61 above. Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and (c) and is not entitled to any alleged damages prior to providing any actual notice to Entropic of the '175, '494, '700, and/or '472 patents.

## SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Entropic realleges and incorporates by reference paragraphs 1-61 above. Plaintiff's claims for injunctive relief are barred in light of the fact that Plaintiff has an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unavailability of Enhanced Damages)

Entropic realleges and incorporates by reference paragraphs 1-61 above.  Plaintiff has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and 285 for increased damages and attorneys' fees and is not entitled to any alleged damages prior to providing any actual notice to Entropic of the '175, '494, '700, and/or '472 patents.

## NINTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

Entropic realleges and incorporates by reference paragraphs 1-61 above.  Plaintiff's claims for damages, if any, against Entropic for alleged infringement of the '175, '494, '700, and/or '472 patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

Entropic realleges and incorporates by reference paragraphs 1-61 above.  Plaintiff's claims for damages are barred or limited due to failure by Plaintiff to allege compliance with, and failure to comply with, the requirements of 35 U.S.C. § 287.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Entropic realleges and incorporates by reference paragraphs 1-61 above.  Plaintiff is barred, in whole or in part, by file wrapper and/or prosecution history estoppel based on statements, representations, admissions, and/or omissions made during the prosecution before the U.S. Patent & Trademark Office of the patent application that matured into the '175, '494, '700, and/or '472 patents.  On information and belief, to the extent that Plaintiff attempts to assert

infringement under a sufficiently broad claim construction, or under the doctrine of equivalents, Entropic believes that arguments and amendments contained in the prosecution history of the '175, '494, '700, and/or '472 patents will estop or bar any claims for alleged infringement.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Venue and Forum *Non Conveniens*)

Entropic realleges and incorporates by reference paragraphs 1-61 above. Venue is neither proper nor convenient in this District. The Eastern District of Texas is an inconvenient forum in which to ligate this action against Entropic under 28 U.S.C. § 1404(a).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Entropic expressly reserves the right to assert additional affirmative defenses as discovery in this action proceeds or as otherwise warranted.

## PRAYER FOR RELIEF

WHEREFORE, Entropic respectfully prays for the entry of judgment as follows

    A.    Dismissing with prejudice any and all claims of Plaintiff's Second Amended Complaint and ordering that Plaintiff takes nothing as a result of the Second Amended Complaint;

    B.    Judging the '175, '494, '700, and/or '472 patents and their claims invalid;

    C.    Judging the '175, '494, '700, and/or '472 patents and their claims unenforceable;

    D.    Judging that Entropic has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claim of the '175, '494, '700, and/or '472 patents;

    E.    That Plaintiff be denied any remedies available under 35 U.S.C. § 284;

13

      F.      That the Court denies Plaintiff any injunctive relief;

      G.      That the Court denies Plaintiff any other relief as to the First through Fourth Claims for Relief;

      H.      Finding that this is an exceptional case and awarding Entropic its attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285;

      I.      That the Court award Entropic its costs of suit; and

      J.      That the Court award such further relief as deemed just and proper.

## ENTROPIC'S COUNTERCLAIMS

Counterclaimant Entropic hereby submits these counterclaims ("Counterclaims") pursuant to Federal Rule of Civil Procedure rule 13 and incorporates by reference paragraphs 1 through 61 of its Answer.

## BACKGROUND

62.     There is an actual controversy between Entropic and Plaintiff regarding non-infringement, validity, and/or unenforceability of the '175, '494, '700, and/or '472 patents because Plaintiff has asserted that Entropic infringes the '175, '494, '700, and/or '472 patents.

63.     This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

64.     Entropic is a Delaware corporation with its principal place of business at 6350 Sequence Drive, San Diego, California 92121.

65.     On information and belief, Plaintiff is a Texas limited liability corporation with its principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703.

66. This Court has personal jurisdiction over Plaintiff at least because Plaintiff submitted itself to this Court's personal jurisdiction by suing Entropic and the other Defendants in this Court.

67. Entropic brings these counterclaims without waiving its right to argue that venue in the Eastern District of Texas is improper and inconvenient. However, to the extent venue is found proper and not inconvenient in the Eastern District of Texas, then venue for these counterclaims is proper in this Court under 28 U.S.C. § 1391 and under the doctrine of pendant venue because these counterclaims are closely related to the claims set forth in the Second Amended Complaint.

### FIRST COUNTERCLAIM
#### (Invalidity)

68. Entropic incorporates by reference paragraphs 1-67 of its Answer and Counterclaims.

69. The claims of the '175, '494, '700, and/or '472 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

70. Entropic is entitled to a declaratory judgment that one or more of the claims of the '175, '494, '700, and/or '472 patents are invalid.

### SECOND COUNTERCLAIM
#### (Non-infringement)

71. Entropic incorporates by reference paragraphs 1-70 of its Answer and Counterclaims.

72. Entropic has not infringed and is not infringing, either directly, inducing infringement of, or contributing to the infringement of, any valid and enforceable claim of any of the '175, '494, '700, and/or '472 patents.

73. Entropic is entitled to a declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of any of the '175, '494, '700, and/or '472 patents.

## PRAYER FOR RELIEF

WHEREFORE, Entropic respectfully prays for the entry of judgment as follows

A. Judging the '175, '494, '700, and/or '472 patents and their claims invalid;

B. Judging the '175, '494, '700, and/or '472 patents and their claims unenforceable;

C. Judging that Entropic has not and does not infringe, either directly, inducing infringement of, or contributing to the infringement of, any valid and enforceable claim of the '175, '494, '700, and/or '472 patents.

D. Finding that this is an exceptional case and awarding Entropic its reasonable costs of suit and attorneys' fees pursuant to 35 U.S.C. § 285; and

E. That the Court award such further relief as deemed just and proper.

## DEMAND FOR JURY TRIAL

Entropic hereby demands trial by jury on all issues.

DATED:  September 18, 2014             Respectfully submitted,

                                                 By:   */s/ Jo Dale Carothers*
                                                      Alan H. Blankenheimer
                                                      ablankenheimer@cov.com
                                                      Jo Dale Carothers
                                                      jcarothers@cov.com
                                                      COVINGTON & BURLING LLP
                                                      9191 Towne Centre Drive, 6th Floor
                                                      San Diego, CA 92122-1225
                                                      Tel: 858-678-1800
                                                      Fax: 858-678-1600

                                                      Michael E. Jones
                                                      SBN: 10929400
                                                      Potter Minton, PC
                                                      110 N. College, Suite 500
                                                      Tyler, Texas 75702
                                                      Tel: 903-597-8311
                                                      Fax: 903-593-0846
                                                      mikejones@potterminton.com

                                                      Attorneys for Defendant
                                                      Entropic Communications, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on September 18, 2014.

/s/ *Jo Dale Carothers*
Jo Dale Carothers