UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,**<br><br>       Plaintiff,<br><br>vs.<br><br>**TEXAS INSTRUMENTS, INC., ET AL.,**<br><br>       Defendants. | **Case No. 6:12-cv-00499-MHS**<br><br>**JURY TRIAL DEMANDED** |
| **BLUE SPIKE, LLC,**<br><br>       Plaintiff,<br><br>vs.<br><br>**ZVETCO, LLC,**<br><br>       Defendant. | **Case No. 6:13-cv-00130-MHS**<br>(consolidated with Case No. 6:12-cv-00499-MHS and closed)<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT ZVETCO, LLC'S REPLY IN FAVOR OF ITS MOTION TO DISMISS BECAUSE OF LICENSE

Defendant Zvetco, LLC, in support of its Motion to Dismiss Because Of License (Docket No. 1676), replies as follows:

In its Motion to Dismiss because of License, Zvetco argued that the burden of proof to prove that infringement is "without authority" rests with patentee Blue Spike because "without authority" is an essential explicit element of the patent statute. Blue Spike, in the 18 months plus since filing its patent infringement case against Zvetco, has not offered a scintilla of evidence that Zvetco's conduct is without authority. Not in its complaint, not in its infringement contentions, not in counsel's repeated requests for such evidence, and now, not in response (Docket No. 1750) to this Motion to Dismiss Because Of License. It is significant that Blue

1

Spike has had in its possession and control at all times relevant all of the licenses at issue, including the prefiling time period when Blue Spike had an ethical obligation to do a pre-filing inquiry which, if done in good faith, surely would have included a review of all patent licenses involving the patents-in-suit.

In its motion, Zvetco identified licenses and identified specific language in those licenses applicable to Zvetco.  <u>Blue Spike did not controvert any of Zvetco's licensing positions.</u> Because Blue Spike, despite 18 months and numerous opportunities, has not provided any evidence that Zvetco has acted "without authority", an essential element of the patent statute, Blue Spike has not and cannot make its case against Zvetco and thus the case against Zvetco in its entirety must be dismissed with prejudice.

Rather than make a single substantive argument in its response and attempt in good faith to explain why or why not Zvetco is licensed (or unlicensed), Blue Spike instead elected to make form-over-substance procedural arguments and ask for more time to conduct untimely and pointless discovery in the hopes this Court will allow Blue Spike to use bald procedure to maintain a suit against a party after Blue Spike has repeatedly failed to develop a *prima facie* case against a licensed Zvetco.

In reply to Blue Spike's numerous attempted procedural maneuvers, Zvetco argues as follows:  The primary purpose of the procedural rules is to provide fair notice and opportunity to all parties and to provide judicial economy, not to provide a plaintiff with a tool to prolong litigation when it is unable to make its case.  Zvetco maintains that principles of fair play, judicial economy and equity require that Zvetco's substantive argument in its motion be fully considered, even if Zvetco is found to have violated a procedure rule.

Furthermore, Zvetco's legal position, which was <u>not controverted</u> by Blue Spike in its response, is that <u>Blue Spike has not met it burden</u> to proffer evidence that Zvetco's conduct is

unauthorized.  The defendant has no affirmative duty to defend after it has been demonstrated that the plaintiff cannot meet its burden.  It thus follows that even if Zvetco's motion is fatally procedurally flawed, the plaintiff has not identified essential evidence needed to make its case after 18 months and thus the case against Zvetco should be <u>dismissed with prejudice by the Court as a matter of law</u>, irrespective of the procedural sufficiency of the defense motion.

Zvetco nevertheless believes is motion is reasonably procedurally compliant and herein replies to Blue Spike's specific procedural complaints.

### **Specific Replies to Blue Spike Procedural Complaints Brought in its Response**

Blue Spike argues that Zvetco's motion was untimely because it was not filed on or before May 2, 2014.  The schedule provides an explicit deadline of August 7, 2014 to file motion for summary judgment on license defense under which the motion was timely[1].  Why Blue Spike argues an earlier date is applicable is not apparent.

Blue Spike then argues that since Zvetco's motion, if granted, would not entirely resolve the matter, the motion should be denied.  This argument does not make sense and is flawed for at least two reasons.  First, if some products, but not all, are licensed, then partial dismissal addressing the licensed products could and should be granted[2].  Second, in its motion, Zvetco advanced the uncontroverted argument that Blue Spike has the duty to provide evidence that each Zvetco's product is sold "without authority" -- or without a license -- as an affirmative duty

---

[1] When this was pointed out to Blue Spike, their counsel offered no response or explanation as to why the August 7 deadline would or should be inapplicable.

[2] This flawed argument exemplifies Blue Spike's heavy handed approach to litigation and illustrates why this case has been so artificially complex.  Blue Spike has identified parties like Zvetco that primarily sells licensed products but might have unlicensed products, avoids doing any detailed prefiling inquiry as to the merits, files suit avoiding any mention or exclusion of any licensed product, and then tries to put the burden on the hapless defendant to sort out the maze of Blue Spike industry-wide licenses (which of course the Defendant does not have even have access to at the outset) and then benefits from Defendants who elect to settle rather than defend on the merits, even defendants like Zvetco who have obviously licensed products.

of a plaintiff patentee.  That argument remains uncontroverted by Blue Spike.  Blue Spike has failed to meet its burden to show <u>any</u> Zvetco product was sold "without authority" in its response and elsewhere, therefore, Zvetco's motion, if granted in full, would indeed fully resolve the underlying dispute Blue Spike has with Zvetco in its entirety.

Blue Spike then argues in response the facially defective argument that since Zvetco is proffering relevant excerpts of the license at issues – licenses under the custody and control of Blue Spike – in a scheduled license defense motion – that the surprise is so unexpected that Blue Spike suddenly needs additional discovery "in order to mount an informed summary judgment opposition".

Blue Spike did not dispute the authenticity of the license proffered by Zvetco.  The only relevant underlying factual issues are the identification of the accused products and identification of relevant licenses, both of which are under the custody and control and knowledge of Blue Spike.  The local rules already have provided for the disclosure of the licenses.   Although the list of Zvetco accused products remains murky, any such murkiness is solely the fault of Blue Spike.  The identification of accused products, murky or not, is a creation of Blue Spike's and Blue Spike was obligated to solidify that list when it served its infringement contentions months ago.  Thus any discovery relevant to this motion regarding the licenses or the accused products has or should have already occurred.  The deadline for license defense motions is published and is a matter of record and if Blue Spike needed discovery to properly address licensing, it had 18 months to do so and its request here for additional discovery is not being made in good faith and is simply a ruse to delay and to avoid an admission by Blue Spike that Zvetco's products are licensed and thus its request for additional discovery to dodge an appropriate dismissal here should be denied.

## Argument

Since none of Zvetco's arguments, including its licensing argument, was addressed or rebutted by Blue Spike in its response, Zvetco relies on its arguments presented in it motion-in-chief (Docket No. 1676) for its licensing defense, all of which remain uncontroverted. Blue Spike's plea for additional discovery should be denied. For the purposes of this motion, Zvetco's products must be deemed licensed as a matter of law and Blue Spike's patent infringement claims against Zvetco thus are ripe for dismissal with prejudice in their entirety. Zvetco respectfully requests all claims against Zvetco be dismissed with prejudice without further delay.

DATED: September 18, 2014

Respectfully submitted,
/s/ Robert A. Huntsman
Robert A. Huntsman
Admitted *pro hac vice*, Idaho Bar #5345
HUNTSMAN LAW GROUP, PLLC
10400 W. Overland., #174
Boise, ID 83709
tel: 208 860 4379
email: bobh@huntsmanlg.com

LEAD ATTORNEY FOR ZVETCO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2014, a true and correct copy of the foregoing was filed electronically in compliance with Local Rule CV- 5(a) and thus served on all current counsel of record for Blue Spike, LLC, all of whom, to my knowledge, have consented to electronic service.

/s/ Robert A. Huntsman
Robert A. Huntsman