# Exhibit "A"

claim does not include the limitation." *Alcatel United States Res., Inc. v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 49615, at *5 (E.D. Tex. Jun. 27, 2008). "Technical dictionaries and treatises may help a court understand the underlying technology and the manner in which one skilled in the art might use claim terms, but technical dictionaries and treatises may provide definitions that are too broad or may not be indicative of how the term is used in the patent." *Id.* at *7. Generally, extrinsic evidence is "less reliable than the patent and its prosecution history in determining how to read claim terms." *Id.*

### III. LEVEL OF ORDINARY SKILL IN THE ART

Blue Spike proposes that a person of ordinary skill in the art would have a Master's degree in computer science or computer engineering, or equivalent experience, as well as two years experience in the field of digital fingerprinting and cryptography.

### IV. ARGUMENT

1. "Abstract"

| Blue Spike's Construction | Defendants' Construction (except Morpho Defendants) |
|---|---|
| No construction required. | A data-reduced representation of a reference or query signal that is the smallest amount of data that can represent and differentiate two signals for a given predefined signal set and that retains a perceptual relationship with the original signal. |
| | **Morpho Defendants** |

7

|  | Indefinite[1]<br><br>To the extent the Court finds this term is definite, Morpho proposes: "a reduction that preserves an aesthetic quality of the original signal" |
|---|---|

The term "abstract" is a central component to each of the patents-in-suit, and as such the inventors went to great lengths to describe it thoroughly in the claim language and specifications. A separate construction is unnecessary because the term is sufficiently described in the intrinsic record. Moreover, both independent and dependent claims alter the definition of this term, making a single definition impossible to achieve. Blue Spike urges the Court to let the patent speak for itself and refrain from construing "abstract."

**A. Defendants' Construction (except for Morpho Defendants)**

Defendants' suggested construction does not clarify "abstract"; it obfuscates the term. Defendants' construction is inappropriate at least because it (1) unjustifiably redefines the term to resemble prior art, (2) narrows the term unnecessarily, and (3) is not consistent with all claims. The inadequacies of Defendants' proposed construction are apparent when the phrase is broken down to its component parts.

- "***data-reduced representation***" – Only the asserted claims in the '175 patent specifically mention that abstracts are "data reduced." Defining

---

[1] Any indefinite arguments will be discussed in detail in Blue Spike's Opposition to Defendants' Motion for Summary Judgment based on indefiniteness. Blue Spike reserves its arguments regarding indefinite terms for that brief.

8