IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>　　*Plaintiff*, | § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 6:12-CV-499 MHS <br><br> LEAD CASE |
| v. | | |
| TEXAS INSTRUMENTS, INC.<br>　　*Defendants* | | |

**DECLARATION OF CHRISTOPHER HIGGINS IN SUPPORT OF DEFENDANTS' REPLY BRIEF FOR SUMMARY JUDGMENT OF INDEFINITENESS**

I, Christopher Higgins, declare under penalty of perjury that the following is true and correct:

1. I am an attorney at the law firm Orrick, Herrington & Sutcliffe, LLP, counsel of record for defendants Audible Magic Corp. ("Audible Magic") and a number of its customers accused as defendants in this case on the basis of Audible Magic's technology. I have personal knowledge of the facts set forth in this declaration, or access to information and records allowing me to confirm these facts. If called as a witness, I could testify competently to these facts under oath.

2. Prior to Defendants filing their motion for summary judgment on indefiniteness, the parties had reached an agreement that any depositions of Defendants' experts would take place between September 9 and September 19. (*See also*, Dkt. 1769-3 at ¶2). Blue Spike has never disputed this.

3. On September 9, 2014, Defendants filed their motion for summary judgment of indefiniteness. (Dkt. 1752). This motion was supported by the declaration of three experts.

4. On September 11, 2014, Blue Spike filed a motion to strike two of Defendants' expert declarations. (Dkt. 1756).

1

5. On September 15, counsel for Audible Magic sent an e-mail to counsel for Blue Spike inquiring when Blue Spike intended on taking the deposition of Mr. Snell. Attached hereto as **Exhibit 1** is a true and correct copy of that e-mail.

6. Blue Spike never responded to Audible Magic's e-mail and never otherwise sought to depose Mr. Snell during the agreed-upon time.

7. On September 18, 2014, the Court denied Blue Spike's motion to strike Defendants' expert declarations. (Dkt. 1780).

8. On September 20, 2014, the Blue Spike filed its opposition to Defendants' summary judgment motion. (Dkt. 1785). Blue Spike also submitted an expert declaration of Ahmed H. Tewfik in support of its opposition. (Dkt. 1785-10).

9. Audible Magic served a notice of deposition for Ahmed H. Tewfik on September 21, 2014 in response to Blue Spike including Mr. Tewfik's declaration in its Opposition to Defendants' Motion for Summary Judgment of Indefiniteness on September 20, 2014.

10. On September 21, counsel for Audible Magic requested a date that Blue Spike would be offering Mr. Tewfik for his deposition.

11. On September 23, 2014, after requesting a date for Mr. Tewfik's deposition numerous times, Audible Magic requested a meet and confer at 4:00 CDT.

12. Blue Spike did not respond to Audible Magic's request for a meet and confer by 4:00 CDT on September 23, 2014.

13. At 6:16 CDT, counsel for Blue Spike responded that Mr. Tewfik "hadn't responded or otherwise indicated his available" for a deposition prior to the date Defendants' Reply Brief was due. In the same email, Blue Spike requested a meet and confer regarding alleged 30(b)(1) deposition notices that it claimed to have served on Audible Magic "over a month ago." Blue

Spike, however, did not serve the alleged deposition notices until the following day on September 24, 2014.

14.     On September 24, 2014 counsel for Audible Magic sent an email to counsel for Blue Spike indicated that taking the deposition of Mr. Tewfik after the due date for Defendants' Reply Brief was pointless.  Because Blue Spike refused to make Mr. Tewfik available for a deposition, Audible Magic proposed that neither party bring experts to the claim construction hearing on October 1, 2014.

15.     Attached hereto as **Exhibit 2** is a true and correct copy of a chain of emails described above between counsel for Audible Magic and counsel for Blue Spike.

16.     Blue Spike accepted Audible Magic's proposal to not bring experts to the claim construction hearing.  Included in **Exhibit 2** is a true and correct copy of the e-mail wherein Blue Spike made such an agreement.

17.     Despite making this agreement, Blue Spike also began to make demands that Defendants produce John Snell for deposition.  Blue Spike has now noticed a deposition of Mr. Snell on October 6, 2014 – *after* the claim constriction and indefiniteness hearing and well after briefing is completed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct based on my own personal knowledge.

Executed on September 26, 2014 in Washington, District of Columbia.

_____
Christopher Higgins

3