# United States District Court
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | |
| | § | |
| V. | § | No. 6:12CV499 |
| | § | (LEAD CASE) |
| **TEXAS INSTRUMENTS, INC.** | § | |

## ORDER OF APPOINTMENT

On October 7, 2014, the Court ordered the parties to show cause why it should not appoint Professor Francis McGovern as Special Master in this case (Doc. No. 1824). The Court received no objections to the Court's proposal. Accordingly, the Court enters this Order of Appointment.

### I.  Appointment of the Special Master

Having given the parties notice and an opportunity to be heard, the Court hereby **ORDERS** that Professor Francis E. McGovern is appointed Special Master in the above styled lead consolidated case to coordinate scheduling the trials and mediation efforts in the individual cases and to address pretrial matters that cannot be effectively and timely addressed by this Court, including discovery disputes. The Court makes this appointment pursuant to Federal Rule of Civil Procedure 53 and the Court's inherent authority.

Prof. McGovern's contact information is as follows:

Francis E. McGovern
Duke University School of Law
210 Science Drive
Box 90362, Durham, NC 27708

Phone: (919) 613-7095
Fax: (919) 613-7165
Email: mcgovern@law.duke.edu

## II. Rule 53(b)(2)

Federal Rule of Civil Procedure 53(b)(2) requires that an order of appointment include certain matters. The following discussion sets forth the matters required.

### a. Special Master's Duties

The Special Master shall proceed with all reasonable diligence to perform the following duties: to oversee and manage all pretrial proceedings in the above styled case contained in the Scheduling and Discovery Orders dated March 6, 2014, from this date until such time as the individual cases are set and ready for trial.

The Special Master shall also perform any additional duties that the Court or the Special Master deem appropriate in order to oversee and manage these pretrial proceedings with appropriate direction, supervision and monitoring. The Special Master shall regulate all proceedings; take all appropriate measures to perform these assigned duties fairly and efficiently and, if conducting an evidentiary hearing, exercise the appointing Court's power to compel, take and record evidence.

### b. Communications with the Parties and the Court

The Special Master may communicate ex parte with the Court at the Special Master's discretion, without providing notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters, and also to assist the Court with legal analysis of the parties' submissions. The Special Master may communicate ex parte with any party or his attorney as the Special Master deems appropriate for the purposes of ensuring the efficient administration and management and oversight of this case, and for the

purpose of mediation or negotiating a resolution of any dispute related to this case. The Special Master shall not communicate to the Court any substantive matter the Special Master learned during an ex parte communication between the Special Master and any party.

### c. Review of the Special Master's Rulings

If the Court asks the Special Master to submit a formal report or recommendation regarding any matter, the Special Master shall submit such report or recommendation in writing, for filing on the case docket. The Special Master need not preserve for the record any documents created by the Special Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case.

The Special Master shall either:

1. Reduce any formal order, finding, report, ruling or recommendation to writing and file it electronically on the case docket via Electronic Case Filing ("ECF"); or

2. Issue any formal order, finding, report, ruling or recommendation on the record before a court reporter.

Pursuant to the Court's authority under Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling or recommendation by the Special Master within 14 calendar days of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Special Master's orders, findings, reports, rulings or recommendations. Absent timely objection, the orders, findings, reports, rulings and recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

If the Special Master issues an informal ruling or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the

ruling or order by filing it on the docket or appearing before a court reporter. Such request shall be made within three days of issuance of the informal order or ruling, else the opportunity to object shall be waived. The procedures and deadlines outlined in this section shall then apply.

As provided in Rule 53(f)(4)–(5), the Court shall decide de novo all objections to conclusions of law made or recommended by the Special Master; and the Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendation as noted above. To the extent the Special Master enters an order, finding, report, ruling or recommendation regarding an issue of fact, the Court shall review such issue de novo, if any party timely objects pursuant to the Rules and within the 14 calendar day time period set forth herein; see Rule 53(f)(3). Failure to meet this deadline results in permanent waiver of any objection to the Special Master's findings of fact.

### d. Special Master's Record and Compensation

The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matter worked upon. The Special Master shall be compensated at the rate of $800 per hour, with defendants bearing 50% of this cost and plaintiff bearing 50% of this cost. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. The Court has considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expense or delay. From time to time, on approximately a monthly basis, the Special Master shall file under seal an Itemized Statement of fees and expenses. The Court expects these Itemized Statements may

reveal confidential communications between the Special Master and the Court. Accordingly, the Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel. The Special Master shall file with the Itemized Statement a Summary Statement, which shall list only the total amount billed, shall not be filed under seal, and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties. The parties shall then remit to the Special Master their proportionate share of any Court-approved amount, within 20 days of Court approval.

### III.    Affidavit

The Special Master shall file an affidavit disclosing whether there is any ground for disqualification under 28 USC § 455.

**It is SO ORDERED.**
**SIGNED this 27th day of October, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE