**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>*Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-CV-499 MHS<br><br>LEAD CASE |

**AUDIBLE MAGIC'S OBJECTIONS TO CLAIM CONSTRUCTION ORDER REGARDING U.S. PATENT 6,834,308**

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule CV-72(b), Audible Magic hereby submits its Objections to the Court's Claim Construction Order on the following term: "presenting said content-related data on said client media player." *See Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 2009 U.S. Dist. LEXIS 109173, at *6 (E.D. Tex. June 26, 2009) ("This Court reviews a magistrate judge's non-dispositive orders pursuant to Federal Rule of Civil Procedure 72(a). Because claim construction is a matter of law, this Court can review a magistrate judge's claim construction de novo").

## I. Presenting said content-related data on said client media player

| Term | Audible Magic Construction | Court's Construction |
|---|---|---|
| Presenting said content-related data on said client media player | "causing the content-related data to be displayed on the client media player" | "displaying or playing the content-related data on the client media player" |

The dispute for this phrase centered only on the word "presenting." The plain meaning of "presenting" is "giving something to" or "making (something) available to be used." *See* Higgins Decl. Ex. B (Merriam-Webster.com. Merriam-Webster, n.d. Web. 21 Aug. 2014, "present" http://www.merriam-webster.com/dictionary/present). The claim language and the

intrinsic record support Audible Magic's proposed construction that "presenting" means "causing….to be displayed."

The claim language states that the content-related data is for "presenting…on" the client media player. Unlike other claims in the '308 patent, there is no requirement that the content-related data actually be displayed on the client media player. *See*, *e.g.*, '308 patent claim 12 ("configured to display said content information"). Indeed, the word "presented" is used in the preamble of claim 1 with respect to "media content *presented* on a client media player…" Because media content is audio data, such content is never displayed on a client media player because it has no visual component. Thus, "presenting" similarly cannot impart any requirement of actual display. It is just a precursor that causes an action to happen. With respect to "content-related data," that information has a visual component, so the ultimate act (which is not claimed) is the display of that information on the client media player. Audible Magic's construction captures this ordinary meaning of "presenting" and should be adopted.

To the contrary, the Court's construction of "displaying or playing" makes little sense within the context of the entire claim and the specification. First, as explained above, "content-related data" cannot be "played" on a media player, and audio data cannot be "displayed" on a media player. The Court's construction, however, conflates the two concepts and imparts unintended and illogical limitations into claim 1. Both audio data and content-related data are "presented" to the client media player in the sense that they are "made available to" the client media player. The audio data is made available to the client media player to be played and the content-related data is made available to the client media player to be displayed.[1] *See Interactive Gift Exp., Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1336, 59 U.S.P.Q.2d 1401 (Fed. Cir. 2001)

[1] As noted at the hearing, and to provide clarity, Audible Magic would be willing to agree on a construction of "making available the content-related data for display on the client media player."

(noting the canon of claim construction that illogical constructions are rarely, if ever, correct); *see also Dayco Products, Inc. v. Total Containment, Inc.*, 258 F.3d 1317, 1324, 59 U.S.P.Q.2d 1489 (Fed. Cir. 2001) (finding that convoluted and artificial constructions are inappropriate

Regardless of the parties' positions and the Court's construction, presenting" does not mean "displaying." As explained above, the "content-related data" is either transmitted to, or retrieved from within, the client media player, which causes its ultimate display. The actual displaying of the content-related data, however, is specifically not claimed in claim 1. Therefore, it was clear error to adopt the requirement that the content related data be displayed.[2]

Dated: October 30, 2014

*/s/ Eric H. Findlay*
I. Neel Chatterjee (admitted E.D. Texas)
Gabriel M. Ramsey (admitted E.D. Texas)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis (admitted E.D. Texas)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

[2] Additionally, the Court's order states that the term "reference sampled media content" is a term "used consistently in the claims and is intended to have the same meaning in each claim." Further the court found that the term "media content" is expressly defined in Claim 1 of the '308 patent as "audio data for a song." Audible Magic agrees with this construction of "media content" in claim 1. To the extent that the order suggests that "media content" is limited to "audio data for a song" in claims other than claim 1 (such claims are currently not asserted in this case), Audible Magic objects to the order and seeks clarification. For example, unasserted claim 13 refers to media content from which an analytical representation is generated to be "data of a recording." Similarly, claim 15 states "media content is a song." To the extent that the order could be understood to construe "media content" in unasserted claims, Audible Magic objects.

acaridis@orrick.com

Christopher J. Higgins (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
chiggins@orrick.com

Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

*Counsel for Defendants Audible Magic, Corp., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, and Harmonix Music Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2014, I electronically filed the foregoing Audible Magic's Objections to Claim Construction Order Regarding U.S. Patent 6,834,308 with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

*/s/ Eric H. Findlay*
Eric H. Findlay