IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § § § | |
| *Plaintiff*, | § § | Civil Action No. 12-CV-499-MHS-CMC |
| v. | § § | |
| | § | LEAD CASE |
| **TEXAS INSTRUMENTS, INC.**, *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § | |

**DECLARATION OF PETER S. BRASHER IN SUPPORT OF BLUE SPIKE, LLC'S OPPOSITION TO AUDIBLE MAGIC CORPORATION'S MOTION FOR SANCTIONS AND MOTION FOR EXTENSION OF TIME TO COMPLY WITH THE DISCOVERY ORDER**

I, Peter S. Brasher, declare as follows:

1. I, Peter S. Brasher, am an attorney at the law firm Garteiser Honea, PLLC. We represent Plaintiff Blue Spike, LLC in this lawsuit. I have personal knowledge of the information contained in this declaration and can testify to the truth of these statements.

2. After the court's order dated September 10, 2014, Counsel for Blue Spike, LLC requested all documents currently in the possession, custody, or control of Blue Spike, LLC, Scott Moskowitz, and any third parties relating to the nine broad categories of requests.

3. Blue Spike, LLC, Scott Moskowitz, and the third parties delivered to Counsel for Blue Spike physical documents, floppy disks, compact disks, cassettes, several electronic file transfers, and several USB storage devices.

4. Blue Spike, LLC delivered the last of the files to Counsel for Blue Spike on September 30, 2014.

5. Since the court's order, as part of the production requirement, counsel for Blue

1

Spike, LLC was required to review more than 50 boxes of physical documents, contract with third parties to manage the volume and type of production, and review tens of thousands of electronic files.

6.　　On September 25, 2014, Blue Spike, LLC produced approximately 9,800 pages of documents.

7.　　On September 30, 2014, Blue Spike, LLC produced approximately 80,000 pages of documents.

8.　　On October 6, 2014, Blue Spike, LLC produced approximately 7,500 pages of documents.

9.　　On October 13, 2014, Blue Spike, LLC produced approximately 20,000 pages of documents.

10.　　On October 13, October 22 and November 3, 2014, Blue Spike, LLC provided all of the remaining responsive documents to its third-party vendor in order to convert the files to TIFF images pursuant to the Court's Order and attach appropriate Bates Labels.

11.　　As of writing this declaration, the same third-party vendor has not returned the documents sent on October 13 or 22 and had not indicated a day to expect the return of the same. Counsel for Blue Spike believes many of these documents to be duplicative of documents that Blue Spike has already produced but will produce the same out of an abundance of caution.

12.　　I held a meet and confer with counsel for Audible Magic on Wednesday October 15, 2014. Counsel for Audible Magic, Corporation asked regarding the production and in particular certain financial documents. With regard to the financial documents, I stated that counsel for Audible Magic would need to discuss the same with lead counsel.

Counsel for Audible Magic did not believe that a meet and confer with lead counsel was necessary and would move for sanctions.

13.     I offered to make the entire production available for Audible Magic, Corporation's counsel to review in person to mitigate any prejudice by the delay. Counsel for Audible Magic, Corporation stated that such an offer was "ridiculous."

14.     Counsel for Audible Magic, Corporation produced several thousand pages of documents, including certain financial documents and license agreements, on October 24 and October 26, 2014 prior to the deposition of its potential witnesses.

15.     Neither Blue Spike nor its Counsel is withholding any non-privileged documents in its possession custody or control. Any delay is not the result of bad faith or an attempt to cover-up or conceal any information from Defendant Audible Magic. Any delay is the result of the volume of documents, the format of the documents, and working directly with third party vendors to comply with the court's E-discovery Order.

I declare, on November 3, 2014, in Tyler, Texas and under penalty of perjury under the laws of the United States and Texas that the statements made in this declaration are true and correct.

/s/Peter Brasher