**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC     *Plaintiff*, | § § § | Civil Action No. 6:12-CV-499 MHS |
| | § | LEAD CASE |
| v. | § § | |
| TEXAS INSTRUMENTS, INC.     *Defendants* | § § § | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC,     *Plaintiff*, | § § § | Civil Action No. 6:12-CV-576 MHS |
| | § | CONSOLIDATED CASE |
| v. | § § | |
| AUDIBLE MAGIC CORPORATION, FACEBOOK, INC., MYSPACE, LLC, SPECIFIC MEDIA, LLC, PHOTOBUCKET.COM, INC., DAILYMOTION, INC., DAILYMOTION S.A., SOUNDCLOUD, INC., SOUNDCLOUD LTD., MYXER, INC., QLIPSO, INC., QLIPSO MEDIA NETWORKS LTD., YAP.TV, INC., GOMISO, INC., IMESH, INC., METACAFE, INC., BOODABEE TECHNOLOGIES, INC., TUNECORE, INC., ZEDGE HOLDINGS, INC., BRIGHTCOVE INC., COINCIDENT.TV, INC., ACCEDO BROADBAND NORTH AMERICA, INC., ACCEDO BROADBAND AB, AND MEDIAFIRE, LLC     *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | |

**DEFENDANT AUDIBLE MAGIC CORPORATION'S MOTION
FOR HEARING ON ITS MOTION TO STRIKE BLUE SPIKE LLC'S INFRINGEMENT
CONTENTIONS**

Defendant Audible Magic Corporation ("Audible Magic") files this Motion for Hearing on its Motion to Strike Blue Spike LLC's Infringement Contentions (Dkt. No. 1469) (hereinafter "Motion to Strike") and would respectfully show the Court the following:

## I.

Audible Magic filed its Motion to Strike on April 21, 2014 (Dkt. 1469). Plaintiff Blue Spike, LLC ("Blue Spike") filed its Response (Dkt. No. 1543) on May 8, 2014. Thereafter, Audible Magic filed its Reply (Dkt. No. 1560), and Blue Spike filed its Sur-Reply (Dkt. No. 1591). As such, the Motion is fully briefed and is ripe for consideration.

## II.

For nearly 7 months, Blue Spike has been in possession of over 2.6 million pages produced by Audible Magic. Moreover, Audible Magic's source code for the accused products has been available for inspection for over 6 months, and Blue Spike has conducted inspections of this source code on at least four different occasions. Even though Audible Magic's Motion to Strike has been pending for eight months and the Court has issued its Claim Construction Order, Blue Spike has not updated its Infringement Contentions with *any* of the documentation or source code produced by Audible Magic. Indeed, Blue Spike does not believe it has any obligation to do so.

Blue Spike's belief that it need not provide updated infringement contentions that cite to documents and source code produced by Audible Magic is directly contrary to this Court's precedent. See, e.g., *Ultimatepointer, LLC v. Nintendo Co.*, 2013 U.S. Dist. LEXIS 169920 (E.D. Tex. Dec. 3, 2013) (requiring Plaintiff to supplement its infringement contentions with pinpoint citations to source code within 10 days of the order). *American Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) (Plaintiff was ordered to supplement

its initial contentions with "specific references to the source code" 30 days after defendant provided the source code); *Computer Acceleration Corp., v. Microsoft Corp.*, 503 F. Supp. 2d 819, 824-25 (E.D. Tex. 2007) (dismissing case against Windows Vista, one of the accused products, because Plaintiff failed to diligently seek leave to amend infringement contentions after seeking and receiving access to Vista source code); *ConnecTel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (noting that source code is necessary to fill in gaps when plaintiff alleges infringement of software products and that detailed infringement contentions should be made after source code produced); *see also Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1227-8 (C.D. Cal. 2010) ("Once source code has been provided to the plaintiffs … courts have required plaintiffs to supplement their infringement charges with pinpoint citations"). *Vasudevan Software, Inc., v. International Business Machines Corp.*, 2011 U.S. Dist. LEXIS 33132, at *7 (N.D. Cal. 2011) ("The authority is clear that a plaintiff should provide citations once a plaintiff has had sufficient opportunity to review the source code"); *Nomadix, Inc. v. Hewlett-Packard Co.*, 2012 U.S. Dist. LEXIS 27998, at *10-11 (C.D. Cal. 2012)(Court agreed that plaintiff had a duty to supplement its infringement contentions after source code was produced).

      The cases cited above were provided to Blue Spike, but it again chose to ignore Audible Magic's request for updated infringement contentions.  Because Blue Spike's Infringement Contentions are woefully inadequate, Audible Magic cannot prepare its defenses and counterclaims.  And with expert reports upcoming in less than two months (after Blue Spike's requested extensions), reaching a resolution on Audible Magic's Motion to Strike is of critical importance.

III.

For all these reasons, Audible Magic respectfully requests that the Court set Audible Magic's Motion to Strike for hearing.

Dated:  November 14, 2014

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, TX 75702
Telephone:  (903) 534-1100
Facsimile:   (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

Gabriel M. Ramsey– *LEAD ATTORNEY*
I. Neel Chatterjee
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8418
chiggins@orrick.com

Attorneys for Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, and Harmonix Music Systems, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 14th day of November, 2014.

/s/ Eric H. Findlay
Eric H. Findlay

## **CERTIFICATE OF CONFERENCE**

I hereby certify that Audible Magic complied with the meet and confer requirement in Local Rule CV-7(h). The parties conducted a telephonic meet and confer on November 10, 2014 and discussed, among other issues, Blue Spike's failure to properly cure its deficient infringement contentions, specifically in light of Audible Magic's pending Motion to Strike and Blue Spike's review of Audible Magic's source code. A subsequent phone call was conducted on November 14, 2014, to confirm Blue Spike's position regarding Audible Magic's request for hearing. Blue Spike indicated that it is opposed. The parties are unable to reach agreement and are at an impasse, leaving an open issue for the Court to resolve.

*/s/ Walter W. Lackey, Jr.*
Walter W. Lackey, Jr.