UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>　　*Plaintiff,*<br><br>v.<br><br>TEXAS INSTRUMENTS, INC., et al.,<br><br>　　*Defendants.* | CASE NO. 6:12-cv-499 MHS-CMC<br><br>LEAD CASE<br><br>Jury Trial Demanded |

**PLAINTIFF BLUE SPIKE LLC'S OPPOSITION TO DEFENDANT AUDIBLE MAGIC CORPORATION'S REQUEST FOR A HEARING**

Plaintiff Blue Spike, LLC ("Blue Spike") opposes Defendant Audible Magic Corp.'s ("Audible Magic's") Motion for a hearing [Dkt. 1867]. The Court should deny Defendant Audible Magic's motion for a hearing because it will unnecessarily increase costs of the parties and the Court.

Blue Spike served its original infringement contentions on Audible Magic on February 26, 2014. Upon request of Audible Magic at expense to the plaintiff, Blue Spike served supplemental infringement contentions on April 9, 2014. On April 21, 2014, Audible Magic ignored the supplemental contentions Blue Spike created at Audible Magic's request and filed a motion to strike Blue Spike's original infringement contentions. Yet again, Audible Magic—whether in good faith or bad—insists that Blue Spike must supplement its infringement contentions while discovery is ongoing and five months from completion.[1]

---

[1] After conducting depositions of Audible Magic engineers, Blue Spike had reason to inspect other areas of Audible Magic's source code directories.

1

Audible Magic has filed yet anther motion—among its many motions—for a hearing regarding its motion to strike [Dkt. 1543]. Audible Magic's clamor for the Court's time and attention not only distracts the court from the pending motions of other defendants[2] but increases the costs of litigation for all the parties involved. The Court has received the parties' briefing on the motion to strike and such briefing is sufficient for the Court to rule upon Audible Magic's motion to strike. A hearing is unnecessary and Audible Magic fails to articulate a reason why a hearing is necessary. Not only is a hearing unnecessary, Audible Magic's incessant motion practice is counterproductive.

For the above stated reasons, Blue Spike requests that the Court deny Audible Magic's motion for hearing and rule on the motion to strike.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com

---

[2] Excluding joint motions, unopposed motions, or motions joined by all defendants, Audible Magic has filed at least three times the number of motions of any other remaining defendant. *See generally* docket for *Blue Spike v. Texas Instruments, et al.*, 12-cv-499 (August 2012).

        Kirk J. Anderson
          California Bar No. 289043
        Peter S. Brasher
          California Bar No. 283992
        GARTEISER HONEA, P.C.
        218 N. College Avenue
        Tyler, Texas 75702
        (903) 705-7420
        (888) 908-4400 fax

        ***Counsel for Blue Spike LLC***

### Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d)

and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                                                             /s/ Peter S. Brasher