**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | Civil Action No. 6:12-CV-499 MHS |
| *Plaintiff*, | § | |
| | § | LEAD CASE |
| v. | § | |
| | § | |
| TEXAS INSTRUMENTS, INC. | § | |
| *Defendants* | § | |

**<u>AUDIBLE MAGIC'S OBJECTIONS TO THE COURT'S NOVEMBER 19, 2014 ORDER
(DKT. NO. 1870) ON EMERGENCY MOTION FOR SANCTIONS</u>**

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule CV- 72(c), Audible Magic hereby submits its Objections to the Court's November 19, 2014 Order on Audible Magic's Emergency Motion for Sanctions for Failure to Comply With a Court Order (Dkt. 1870) and requests *de novo* review of its Motion for Sanctions (Dkt. 1827). The Order denied the Motion for Sanctions, but required Blue Spike to produce the documents required by the Court granting of Audible Magic's Motion to Compel by November 21, 2014.[1] (Dkt. 1754). As part of the Order to Compel (Dkt. 1754), Blue Spike LLC was required to provide supplemental interrogatory responses by September 30. Blue Spike did not provide such responses until October 4, and even then, only after Audible Magic's request. The supplemental responses provided by Blue Spike are incomplete and internally inconsistent, and Blue Spike continues to refuse to answer the Interrogatories based on improper objections that the Court overruled. These Interrogatories were also included in Audible Magic's Motion for Sanctions but appear to have been inadvertently overlooked by the Court. Because there is no question that Blue Spike failed to comply with the Court's Order, Audible Magic respectfully requests *de novo* review of the Magistrate's Order and requests that the Court impose monetary sanctions on Blue Spike LLC, require Blue Spike LLC to immediately and fully respond to these interrogatories, and take any other actions the Court deems appropriate.

Audible Magic met and conferred with counsel for Blue Spike and Special Master McGovern on November 24, 2014. As part of this meet and confer, Blue Spike's continued failure to comply with the Court's Order to Compel was addressed in an attempt to avoid filing

---

[1] Blue Spike, in fact, failed to produce any documents by November 21, 2014 and the documents it produced on November 24, 2014 are still deficient because they fail to include documents regarding the Giovanni Abstraction Machine and financial documents of Blue Spike, LLC. Audible Magic requested that Blue Spike identify any such documents in its production, but it was not able to do so.

these Objections. Blue Spike, however, refuses to supplement its Interrogatory Responses.

The Interrogatory Responses at issue are briefly described below for the Court's reference. All Exhibits are made in reference to the Declaration of Alyssa Caridis in Support of Audible Magic's Emergency Motion for Sanctions.

- *Interrogatory 6 (Providing Audible Magic Notice of Blue Spike's Patents)*. Blue Spike LLC claims that it gave Audible Magic notice of the Blue Spike Patents-in-Suit when it made postings on Blue Spike's websites starting on September 14, 2008. (Caridis Decl., Exh. 2 at 7). But for the rest of its interrogatory responses, Blue Spike LLC claims that the "earliest possible date" for it to have taken any action was April 2012, its incorporation date. (*See, e.g.*, *id.*, Exh. 2 at 8).

- *Interrogatory No. 7 (Blue Spike's Pre-suit Knowledge of Audible Magic)*. The Court expressly overruled Blue Spike's previous objections to this interrogatory. (*See* Dkt. 1754). Despite this, Blue Spike improperly stands on its objections and refuses to substantively answer the interrogatory. (Caridis Decl., Exh. 2 at 8). Instead, Blue Spike LLC claims that it became aware of Audible Magic "at the earliest possible date, which is its incorporation date." (*Id.*) Taking this response, and Blue Spike LLC's response to Interrogatory 6 together, Blue Spike LLC is claiming that it put Audible Magic on notice in 2008 (a fact ostensibly helpful to Blue Spike), but then hides behind its incorporation date when answering a question about its prior knowledge of Audible Magic (a fact ostensibly helpful to Audible Magic). Such duplicity should not be permitted.

- *Interrogatory No. 8 (Response to Audible Magic's Invalidity Contentions)*. The Court expressly overruled Blue Spike's previous objections to this interrogatory. (*See* Dkt. 1754). Now Blue Spike claims that the parties should meet and confer to limit the scope of Blue Spike's response. But the Court already overruled Blue Spike's objections. Blue Spike would have Audible Magic prepare its invalidity expert report and make its final election of asserted prior art (both due on November 14) without ever having received Blue Spike's validity contentions. Audible Magic requested this information over six months ago, and the Court ordered Blue Spike to respond.

Dated: December 2, 2014                    Respectfully submitted,

                                           */s/ Eric H. Findlay*
                                           Eric H. Findlay (Texas Bar No. 00789886)
                                           Walter W. Lackey, Jr. (Texas Bar No. 24050901)
                                           FINDLAY CRAFT, P.C.
                                           102 N. College Ave., Suite 900
                                           Tyler, TX 75702

2

Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

I. Neel Chatterjee (admitted E.D. Texas)
Gabriel M. Ramsey (admitted E.D. Texas)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis (admitted E.D. Texas)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
acaridis@orrick.com

Christopher J. Higgins (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
chiggins@orrick.com

*Counsel for Defendants Audible Magic, Corp., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, and Harmonix Music Systems, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 2, 2014.

　　　　　　　　　　　　　　　　　　　　*/s/ Eric H. Findlay*
　　　　　　　　　　　　　　　　　　　　Eric H. Findlay