# United States District Court
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | |
| v. | § | Case No. 6:12-CV-499 |
| | § | |
| TEXAS INSTRUMENTS, INC., ET AL. | § | |

### ORDER RE: "HOTLINE" HEARING PURSUANT TO LOCAL RULE CV-26(e)

Participants:    Randall T. Garteiser – Counsel for Blue Spike, LLC

Walter Lackey, Gabriel M. Ramsey – Counsel for Defendants

Date:    December 9, 2014

This case is assigned to United States District Judge Michael H. Schneider and referred to United States Magistrate Judge Caroline Craven.

The Court conducted a telephonic hearing on December 9, 2014.

At the time of the telephonic hearing, the parties were involved in the deposition of one of one of the inventors on one of the patents-in-suit. The parties indicated that there were three areas of contention that required assistance from the Court to resolve.

First, Defendants stated that they began questioning the inventor regarding certain documents listed on the privilege log. Specifically, Defendants argued that they need information regarding the modes of communication, who submitted the first draft to the Patent and Trademark Office, and other information relevant to a privilege waiver. Plaintiff's objected to this line of questioning based on the assertion of a privilege, and argued that it appeared that counsel was attempting to inquire about the substance of these privileged documents. During the telephone conference, the undersigned declined to rule on this issue. The Court stated that an objection to privileged information is a proper objection for a deposition, and if the objection is

made improperly, there are other remedies for improperly objecting to such information on the basis of privilege, such as sanctions.

Second, Defendants began asking a series of questions to the inventor regarding the prior art of the case. The inventor refused to answer these questions. The Court ruled that there was nothing improper about the series of questions being asked by Defendants, and that the inventor was required to answer the question. The Court noted that there were a number of ways he could answer these questions, such as "I don't know" or other substantive answers, and Defendants were entitled to ask the inventor these questions as they see fit.

Third, Defendants began asking the inventor a series of question regarding how certain features of the patent work. The inventor answered some of these questions by referring to the history of the patent, or pointing to the embodiments in the patent. Again, the Court ruled that there was nothing improper about the series of questions being asked by Defendants, and that the inventor was required to answer the questions. The Court noted that Defendants are entitled to know what the inventor will testify to in front of the jury, and that the inventor would likely be bound by the answers given during deposition.

The Court ORDERED the parties to comply with Local Rule 30 and to limit objections to an appropriate objection to information that is subject to a privilege. The Court stated that the line of questioning was not improper or harassing, and that the witness may state that he does not understand the question, does not know the answer to the question, and may ask for further clarification if necessary. The Court noted that the issue of the privilege waiver and other objections to the privileged documents should be addressed at a later time.

**IT IS SO ORDERED.**

**SIGNED this 9th day of December, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE