**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | |
| | § | |
| **v.** | § | **Case No. 6:12-cv-499** |
| | § | **LEAD CASE** |
| **TEXAS INSTRUMENTS, INC.** | § | |

---

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | |
| | § | |
| **v.** | § | **Case No. 6:12-cv-576** |
| | § | **CONSOLIDATED WITH 6:12-cv-499** |
| **AUDIBLE MAGIC CORPORATION,** | § | |
| **ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The above-referenced cases were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.  Before the Court is the following pending motion:

> **Defendant Facebook Inc.'s Motion to Dismiss Separate Claims Against Facebook's Technology, or in the Alternative, to Sever Pursuant to 35 U.S.C. § 299 and Transfer Pursuant to 28 U.S.C. § 1404(a) (Docket Entry # 1618).**

The Court, having carefully considered the parties' relevant briefing and further considering Blue Spike has filed a separate cause of action against Facebook's Technology (6:14cv618), recommends the motion to dismiss separate claims against Facebook's Technology should be **GRANTED.**

## I.  BACKGROUND

Facebook Inc. ("Facebook") moves to dismiss Blue Spike's claims against Facebook's facial recognition technology ("Facebook Technology"), which Facebook asserts are unrelated to

claims based on Facebook's use of copyright compliance technology provided by Audible Magic ("Audible Magic Technology").  According to Facebook, Blue Spike originally brought this suit against Audible Magic and its customers, including Facebook, based solely on the use of Audible Magic Technology; in other words, Blue Spike's original claim of infringement against Facebook derived entirely from the fact that Facebook was a customer of the accused Audible Magic Technology. According to Facebook, Blue Spike later filed an amended complaint against Facebook, accusing for the first time Facebook Technology separate from that of Audible Magic. However, weeks later, Blue Spike filed another amended complaint against Audible Magic and its customers, including Facebook, wherein Blue Spike dropped the specific allegations against the Facebook Technology.  Facebook seeks an order confirming the Facebook Technology unrelated to Audible Magic is not accused in this action.

In the alterative, if the Court deems that Blue Spike somehow has an operative claim against Facebook Technology separate from its claims against Audible Magic Technology, Facebook moves to sever claims against Facebook Technology and transfer the severed Facebook action to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Facebook argues the claims should be severed under § 299 of the Patent Act because Audible Magic Technology and Facebook Technology are unrelated and share no common nucleus of facts.  According to Facebook, Blue Spike agrees its claims against the Audible Magic and Facebook Technology should be tried separately. Facebook points out the Scheduling and Discovery Orders separately scheduled "supplier" trials and "customer" trials, and Blue Spike's claims against Facebook Technology will be tried separately from its claims against Facebook's use of Audible Magic Technology anyway. Thus, according to Facebook, severance will merely formalize the case management plan already in place.

After severing the claims against Facebook Technology into a separate case, Facebook requests the Court transfer the new case to the Northern District of California because it is clearly more convenient for parties to defend claims unrelated to allegations against Audible Magic in jurisdictions where they are headquartered, where their documents and employees reside, and where key third-party witnesses are located.

## II. FACEBOOK'S MOTION TO DISMISS

A timeline of relevant events is helpful in presenting Facebook's assertions in its motion to dismiss. Facebook previously filed a motion to transfer venue, along with Audible Magic and its other customer defendants. On March 18, 2014, Judge Schneider denied Audible Magic and its customer defendants' motions to transfer for the convenience of the parties, finding the defendants failed to satisfy their burden on the threshold issue of showing the suit could have originally been brought in the Northern District of California.

According to Facebook, on February 13 (after the February 5 deadline for moving to transfer had passed), Blue Spike filed a "First Amended Complaint for Patent Infringement Against Facebook, Inc." purporting for the first time to separately accuse Facebook of infringement based on Facebook Technology separate from that of Audible Magic. (Docket Entry #1252). Specifically, Blue Spike alleged Facebook "designs and develops software, applications, systems, and technology so users can identify and engage media and content. Defendant makes, uses, offers for sale and/or imports into the U.S. products, systems and/or services including, but not limited to, its Facebook website and its facial recognition software including its "Tag Suggestion" feature ("Accused Products"), which infringe one or more claims of the Patents-in-Suit. Defendant is extremely successful with its Accused Products based on

millions of users of the Accused Products."   *Id.* at ¶27.   Facebook answered this complaint directed to it as a supplier.

On April 4, Blue Spike filed a First Amended Complaint for Patent Infringement against Audible Magic and its customer defendants, including Facebook.   (Docket Entry #1400).   This complaint alleges, among other things, that "Facebook makes, uses, offers for sale and/or imports into the U.S. products, systems and/or services including, but not limited to, its Facebook website and application copyrighted content recognition software, systems, applications, and technology ('Facebook Accused Products'), which infringe one or more claims of the Patents-in-Suit."   *Id*. at ¶52.   Blue Spike also added a section concerning joinder under § 299, stating that "each of the defendants' accused products and methods use the common and related infringing technologies—Audible Magic's digital fingerprint based technology for automatic content recognition." *Id*. at ¶ 30.   Thus, it appeared to Facebook that Blue Spike had chosen not to pursue claims based on separate Facebook Technology in the present action.

On April 17, Facebook requested confirmation from Blue Spike on whether it had withdrawn its claims against Facebook Technology.   Facebook answered separately as an Audible Magic customer on April 18, 2014.   Blue Spike responded on April 25 that it had "distinct claims against entirely separate products" pending against Facebook.   According to Facebook, Blue Spike continues to maintain that it has two separate cases pending against Facebook in the same case that are merely consolidated for pretrial purposes, notwithstanding the specific claims against Facebook Technology were not included in the most recently filed amended complaint.

On May 14 and May 29, 2014, counsel conferred regarding Blue Spike's infringement claims. During both meetings, Blue Spike agreed that its claims against Facebook Technology

should be tried separately from its claims against Audible Magic Technology. Fischer Decl. ¶¶ 6, 9. According to Facebook, Blue Spike refused to file a formal stipulation for separate trials because it deemed it to be premature to raise the issue with the Court. Blue Spike also rejected Facebook's suggestion that it file a new complaint against Facebook Technology. *Id*. ¶ 9.

In its current motion filed June 26, 2014, Facebook argues Blue Spike dropped its allegations against Facebook Technology in the April 2014 revised amended complaint against Facebook, waiving the claims of infringement based on Facebook Technology separate from that of Audible Magic.  Facebook argues an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

On July 17, 2014, Blue Spike filed a separate case against Facebook's facial recognition technology.  According to Facebook, by filing a new complaint, Blue spike has confirmed that it has no valid case against Facebook Technology in this case.  Facebook further asserts Blue Spike cannot assert the same claim against Facebook simultaneously in two different lawsuits—so it would not, and could not, have filed a new lawsuit if it had a viable claim against Facebook Technology in this case. Circuit courts have repeatedly emphasized the law on this issue: "[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (affirming dismissal of a duplicative lawsuit alleging additional grounds for employment discrimination after the plaintiff was denied leave to amend its complaint to add the grounds to its original lawsuit, still pending in the trial court).

Finally, Facebook asserts Blue Spike agreed to file a stipulation dismissing Facebook Technology from this case, but it then reneged on the agreement. According to Facebook, on the day its opposition brief was due, Blue Spike indicated it planned to file a new lawsuit against Facebook Technology to cure deficiencies in the pleadings and which would moot Facebook's motion.  Although Blue Spike filed the new lawsuit, it filed an opposition urging the Court to deny Facebook's motion to dismiss.

Facebook contends the Court should enforce the agreement by granting Facebook's motion to dismiss.  Facebook seeks an order clarifying that Facebook Technology is not being accused in this action.

### III. DISCUSSION

Blue Spike does not deny that its most recent amended complaint against Audible Magic and Facebook as a customer of Audible Magic and which omitted any claim against Facebook Technology superseded its previous complaint filed against Facebook on February 13.  Nor does it deny that § 299 of the Patent Act prohibits joinder in the same case of infringement claims against Facebook Technology and Facebook's use of Audible Magic Technology.  Finally, Blue Spike does not dispute that it initially agreed its claims against Facebook Technology and Facebook's use of Audible Magic Technology require separate trials.  Without disputing these issues, Blue Spike asserts Facebook improperly filed its motion two months after the May 2 deadline for motions to dismiss asserting defenses under Rule 12(b)(6).

Blue Spike acknowledges it filed a separate lawsuit based on the Facebook Technology claims, but it argues doing so was not an "admission" that Blue Spike "has no valid claim against Facebook Technology in this case."   Blue Spike states it believes the Facebook Technology claims can and should be addressed in this case.  According to Blue Spike, if the Court decides to

deny Facebook's motion to dismiss as untimely, then Blue Spike will dismiss Cause No. 6:14cv618 so that the Facebook Technology claims can be resolved as part of this lawsuit. However, if the Court concludes the Facebook Technology claims should not be resolved as part of this case, Blue Spike states it has already filed those separate claims in 6:14cv618 (in accordance with the parties' original negotiations).

The Court does not deny Facebook's motion as untimely.  Although Facebook filed its motion after the May 2 deadline for filing motion to dismiss asserting defenses under Rule 12(b)(6), the Court finds good cause to allow Facebook's motion after the deadline.  Following its receipt of Blue Spike's April 4 amended complaint, Facebook requested confirmation from Blue Spike on whether it had withdrawn its claims against Facebook Technology.  In May, Facebook's counsel conferred with Blue Spike a couple of times regarding Blue Spike's infringement claims and was lead to believe Blue Spike agreed that its claims against Facebook Technology should be tried separately from its claims against Audible Magic Technology.  And on July 17, 2014, Blue Spike filed a separate case against Facebook's facial recognition technology.

In *Reiffin v. Microsoft Corp.*, 270 F.Supp.2d 1132 (N.D. Cal. 2003), the defendant argued that the plaintiff should not be permitted to reassert infringement claims against the defendant's product, "which was named in the initial complaint but not the FAC."  *Id.* at 1161.  The district court, applying the Ninth Circuit's law that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived, held the plaintiff had waived those claims by failing to reallege them in the first amended complaint.  *Id.*  According to the court, upon receiving the first amended complaint, the "defendant had reason to believe plaintiff was

dropping infringement claims against [the product at issue] and to plan its defense accordingly." *Id.*

Similarly here, upon receipt of Blue Spike's April 4, 2014 First Amended Complaint for Patent Infringement against Audible Magic and its customer defendants (including Facebook), Facebook had reason to believe Blue Spike was dropping the separate infringement claims against Facebook Technology. This belief was further bolstered by Blue Spike's initial agreement to file a stipulation to dismiss Facebook Technology from this lawsuit so that it could file a new lawsuit against Facebook Technology, which it did on July 17, 2014. *See* Cause No. 6:14cv618. As urged by Facebook, by filing the new complaint against Facebook Technology, Blue Spike confirmed it was no longer intending to assert a claim against the Facebook Technology in this case.

For these reasons, the Court is of the opinion Facebook's motion to dismiss the separate claims against Facebook Technology in this case should be granted. Accordingly, it is

**RECOMMENDED** that Defendant Facebook Inc.'s Motion to Dismiss Separate Claims Against Facebook's Technology (Docket Entry # 1618-1) be **GRANTED** and that the Court clarify that any infringement claims against Facebook's facial recognition technology previously asserted in this case are dismissed without prejudice to assert in Cause No. 6:14cv618.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from

appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**ORDERED** that Facebook's Alternative Motion to Sever Pursuant to 35 U.S.C. § 299 and Transfer Pursuant to 28 U.S.C. § 1404(a) (Docket Entry # 1618-2) is **DENIED.**

**SIGNED this 22nd day of December, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE