IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 6:12-cv-499-MHS-CMC |
| TEXAS INSTRUMENTS, INC., et al., | § § § | |
| *Defendants.* | § § | |

## MEMORANDUM ORDER
## ADOPTING REPORT AND RECOMMENDATION

The above case has been referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. Docket No. 1489. The October 16, 2014 Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. Docket No. 1832. Defendants filed objections to the Report and Recommendation. Docket No. 1857. The Court conducted a *de novo* review of the magistrate judge's findings and conclusions. The Court, having reviewed the relevant briefing, issues the following order.

### BACKGROUND

Plaintiff Blue Spike, LLC ("Plaintiff) brings suit alleging infringement of United States Patents Nos. 7,346,472 ("the '472 Patent"), 7,660,700 ("the '700 Patent"), 7,949,494 ("the '494 Patent"), and 8,214,175 ("the '175 Patent") (collectively, the "Asserted Patents"). Defendants moved for summary judgment, asserting claim 11 of the '472 Patent, claims 7, 10, and, 11 of the '700 Patent, claims 1, 11, 17, 21, 22, and 29 of the '494 Patent, and claims 8, 11, 16, and 17 of the '175 Patent are indefinite and therefore invalid under 35 U.S.C. § 112. On October 16, 2014,

the magistrate judge issued a Report and Recommendation on Defendants' Motion for Summary Judgment of Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(b), recommending Defendants' motion should be denied.  Defendants object to the magistrate judge's Report and Recommendation and request that the Court find the terms "abstract," "similar to," "index of relatedness," "comparing device," "wherein the system applies a cryptographic protocol," "further comprising storing the hashed abstract," and "based on the comparison step" are indefinite.

## APPLICABLE LAW

Title 35 U.S.C. § 112(b) articulates that patent claims must particularly point out and distinctly claim the invention.  "Whether a claim meets this definiteness requirement is a matter of law." *Net Navigation, LLC v. Cisco Systems,* No. 4:11-cv-660, 662, 2012 WL 6161900, at *2 (E.D. Tex. Dec. 11, 2012) (citing *Young v. Lumenis, Inc.,* 492 F.3d 1336, 1344 (Fed. Cir. 2007)). A party challenging the definiteness of a claim must show it is invalid by clear and convincing evidence. *Id.* at 1345.

The ultimate issue is whether someone working in the relevant technical field could understand the bounds of a claim.  *Haemonetics Corp. v. Baxter Healthcare Corp.,* 607 F.3d 776, 783 (Fed. Cir. 2010).  A claim is not indefinite merely because it poses a difficult issue of claim construction. *Exxon Research & Eng'g Co. v. U.S.,* 265 F.3d 1371, 1375 (Fed. Cir. 2001).

The Supreme Court has recently held that the definiteness requirement of 35 U.S.C. § 112 "require[s] that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus,* 134 S. Ct. at 2129.  "The definiteness requirement, so understood, mandates clarity, while recognizing that absolute precision is unattainable." *Id.*

"The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. A "determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Exxon,* 265 F.3d at 1376.

It is with these principles in mind the Court considers whether Defendants have demonstrated that the pleadings, affidavits, and other evidence available to the Court establish there are no genuine issues of material fact, and they are entitled to judgment as a matter of law on these specific issues. Fed. R. Civ. P. 56(c); *see Celotex v. Catrett,* 477 U.S. 317, 332 (1986).

## DISCUSSION

### A. Expert Testimony

For the disputed terms/phrase "abstract," "similar to," "index of relatedness," Defendants assert the magistrate judge erred in failing to consider Defendants' experts' testimony. Docket No. 1857 at 3-5. The Court disagrees, finding the magistrate judge considered Defendants' experts' testimony. The magistrate judge explicitly stated she "reviewed the declarations and finds this extrinsic evidence is not more persuasive than the intrinsic evidence discussed below." Docket No. 1832 at 4 (citing *Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1348 (Fed. Cir.2009) ("While helpful, extrinsic sources like expert testimony cannot overcome more persuasive intrinsic evidence.").

The Court further finds the magistrate judge identified and provided reasoning for finding that the intrinsic evidence informs, with reasonable certainty, those skilled in the art about the scope of each of the disputed terms/phrases. In light of the intrinsic evidence, Defendants have failed to demonstrate any requirement for deference to expert opinions as to whether a person of ordinary skill in the art would find a claim indefinite. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("[A] court should discount any expert testimony that is clearly at odds

with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent.") (citation and internal quotation marks omitted).

**B. "abstract"**

Defendants further contend the specification provides no express definition of what an "abstract" is and instead attempts to explain what an "abstract" is not. Docket No. 1857 at 2. Defendants argue the meaning of "abstract" depends on subjective factors such as "markets" and "applications" that are left unexplained. *Id*. According to Defendants, it is for these reasons, and the additional reasons set forth in Defendants' briefs, that "abstract" is indefinite. *Id*. at 3.

In their objections to the Report and Recommendation, Defendants present the same arguments regarding "abstract" that were presented to the magistrate judge. The magistrate judge found that the term "abstract" was not indefinite, and construed the term to mean "a data-reduced representation of a signal that retains a perceptual relationship with the signal and differentiates the data-reduced representation from other data-reduced representations." Docket No. 1831 at 32.

The Court disagrees with Defendants that the magistrate judge's construction fails to provide any clarity to the term "abstract." The Court also disagrees with Defendants' argument that the specification provides no indication of what an "abstract" is. As noted by the magistrate judge, the claim language, the specification, and prosecution history informs, with reasonable certainty, those skilled in the art about the scope of each of the disputed terms/phrase. The magistrate judge expressly applied the *Nautilus* standard and found this term, viewed in the light of the intrinsic evidence, informs those skilled in the art regarding the scope of the claims with

"reasonable certainty." Indeed, *Nautilus* itself acknowledged that "absolute precision is unattainable." 134 S. Ct. at 2129.

The Court, having reviewed the relevant briefing, the Report and Recommendation, and the objections, is of the opinion the findings and conclusions of the magistrate judge are correct with regard to this term.

## C. "similar to"

The magistrate judge found the term "similar to" is not indefinite and construed the term to mean "retaining a perceptual relationship." Docket No. 1831 at 54-55. In their objections, Defendants assert the magistrate judge erred in construing "similar to" because it is an unexplained and purely subjective phrase. Docket No. 1857 at 3. Specifically, Defendants argue as follows:

- The specification fails to provide any objective boundaries for one skilled in the art to ascertain with reasonable certainty what it means for an abstract to be "similar to" its corresponding signal.

- The term does not appear at all to describe the relationship between a signal and its abstract and instead describes subjective relationships that may exist between abstracts and their corresponding reference/query signals.

- The Court's construction of "similar to" is repetitive of the construction of "abstract" and thus reads the term out of the asserted claims of the '175 Patent.

The Court, having reviewed the briefing, the Report and Recommendation, and the objections, is of the opinion that the findings and conclusions of the magistrate judge are correct. The Court disagrees with Defendants that the specification fails to provide any objective boundaries for one skilled in the art to ascertain with reasonable certainty what it means for an abstract to be "similar to" its corresponding signal. Indeed, Defendants provided an alternative construction for the term "similar to" to mean "looks or sounds the same as." Docket No. 1751 at

45. In support of its construction, Defendants argued that signals can only be perceived visually or aurally. *Id.* (citing '472 Patent at 8:21–30, 10:9–11).

Moreover, the magistrate judge found the claim language, the specification, and prosecution history informs, with reasonable certainty, those skilled in the art about the scope of the phrase "similar to." Docket No. 1831 at 53-54. Specifically, the magistrate judge found the intrinsic evidence indicates that the recited abstract is "similar to" the recited reference signal by retaining a perceptual relationship with the reference signal. *Id.* The magistrate judge also noted the parties agreed that terms like "perceptual relationship" are not indefinite, as indicated by the parties' agreement to the constructions of "characteristic perceived by a person," "characteristic understood by a person," "characteristic perceived differently by different people," and "quality perceived by a person." *Id.* at 54 n.8 (citing Dkt. No. 1674 at 3).

In summary, the Court finds the magistrate Judge expressly applied the *Nautilus* standard and properly found this term, viewed in the light of the intrinsic evidence, informs those skilled in the art regarding the scope of the claims with "reasonable certainty."

**D. "index of relatedness"**

The magistrate judge found the term "index of relatedness" is not indefinite, and she construed the term to mean "an index that provides a degree of differentiation." Docket No. 1831 at 65. Defendants assert the magistrate judge erred in construing "index of relatedness," because it is a subjective term with no objective boundaries. Docket No. 1857 at 5. Defendants argue that neither the claims nor the specification provide guidance regarding what is an "index of relatedness," or how such an index of relatedness would signify a match between a query signal and "at least two matching abstracts." *Id.* Defendants further assert the nature or extent of the "relatedness" between an abstract and a query signal is not described in the '472 Patent's

specification, nor how to measure it. *Id.* According to Defendants, "index" or "index of relatedness" appears nowhere in the specification or file histories. *Id.*

In their objections to the Report and Recommendation, Defendants present the same arguments regarding "index of relatedness" that were presented to the magistrate judge. The Court disagrees with Defendants that the "index of relatedness" is a subjective term with no objective boundaries. The magistrate judge found the claim language indicates that the comparing devices compares the query signal to each of the matching abstracts to determine an index of relatedness. Docket No. 1831 at 64. Specifically, the magistrate judge noted that claim 11 of the '472 Patent recites "wherein the comparing device identifies at least two abstracts in the reference database that match the abstract of said at least one query signal and an index of relatedness to said at least one query signal for each of said at least two matching abstracts." *Id.*

The magistrate judge also properly noted the specification discusses differentiating between two recordings and recalibrating the database to further differentiate between two objects stored in the database. *Id.* (citing '472 Patent at 11:13–24). According to the magistrate judge, in this context, a person of ordinary skill in the art would understand the term "index of relatedness" to mean "an index that provides a degree of differentiation." Docket No. 1831 at 64. The Court agrees.

The Court concludes the magistrate judge properly applied the *Nautilus* standard and found this term, viewed in the light of the intrinsic evidence, informs those skilled in the art regarding the scope of the claims with "reasonable certainty." The Court, having reviewed the briefing, the Report and Recommendation, and the objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

E.  **"comparing device"**

The magistrate judge found the phrases "a comparing device that compares," "a comparing device … that compares," "a comparing device for comparing," and "device configured to determine if a query signal matches any one plurality of reference signals" are not indefinite, and the terms should be given their plain and ordinary meaning. Docket No. 1831 at 48. Defendants contend the magistrate judge failed to conduct the proper analysis under §112(f). Docket No. 1857 at 6.  Defendants argue the magistrate judge skipped the step of determining the ordinary meaning of "comparing device" and "device configured to determine," and whether that meaning connotes definite structure to one of ordinary skill in the art. *Id.* Defendants further argue:

- "Device" is a mere stand-in for the term "means" and does not connote any definite structure.

- The magistrate judge further erred in failing to consider whether the additional adjective "comparing" added definite structure to "device."

- The magistrate judge erred by failing to consider whether the language following "device" connotes any definite structure.

- The "R&R improperly relies solely on Blue Spike's dictionary definitions and the definition of a 'comparator' from one prior art reference."

- The magistrate judge erred in finding that "comparing device" or "device configured to determine" means a "comparator." According to Defendants, "device" is a nonce term, and the magistrate judge erred in finding that §112(f) does not apply. Defendants contend that once § 112(f) is properly applied, a finding of indefiniteness is unavoidable because there are no structures associated with these limitations disclosed in the specification.

The Court, having reviewed the relevant briefing, the Report and Recommendation, and the objections, is of the opinion the findings and conclusions of the magistrate judge are correct. The Court finds without merit Defendants' argument that the magistrate judge failed to conduct the proper analysis under §112(f). Contrary to Defendants' contention, the magistrate judge

found the claims do not nakedly recite a "device," and instead recite a "comparing device" that "compares" or a "device configured to compare." Docket No. 1831 at 45. The magistrate judge further found that none of the asserted claims use "means" and that Defendants failed to overcome the rebuttable presumption that § 112 ¶ 6 does not apply. *Id.*

Moreover, the Court disagrees with Defendants' assertion that the "R&R improperly relies solely on Blue Spike's dictionary definitions and the definition of a 'comparator' from one prior art reference." The magistrate judge found the specification states that the comparing device is able to compare the selected object using the features selected by the feature selector to the plurality of signals in the reference database to identify which of the signals matches the monitored signal. Docket No. 1831 at 46 (citing '472 Patent at 8:55–59).

Additionally, the magistrate judge found the prior art cited in the prosecution history indicated that a person of ordinary skill in the art would understand that the comparing device, also known as a "comparator," designates sufficient structure. Docket No. 1831 at 46-47. Finally, the magistrate judge found the examiner understood that the recited "comparing device" recited sufficient structure when the claims were allowed over the prior art. Docket No. 1831 at 47 (citing Dkt. No. 1776-4 at 5). Accordingly, the Court agrees with the magistrate judge that Defendants have failed to overcome the presumption that § 112(f) does not apply.

The Court agrees with the magistrate judge that the intrinsic evidence informs, with reasonable certainty, those skilled in the art about the scope of the disputed phrase. (Doc. No. 1831 at 48.) In summary, the Court finds the magistrate judge conducted the proper analysis under §112(f), expressly applied the *Nautilus* standard and found these phrases, viewed in the light of the intrinsic evidence, informs those skilled in the art regarding the scope of the claims with "reasonable certainty."

**F.     "wherein the system applies a cryptographic protocol," "further comprising storing the hashed abstract," and "based on the comparison step"**

Defendants contend the Report and Recommendation too narrowly interprets the holding of *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005). Docket No. 1857 at 8.  Defendants argue the inclusion of a method step in an apparatus claim renders such a claim indefinite even where the method step does not require user action. Docket No. 1857 at 8.  Defendants assert the touchstone of the Federal Circuit's *IPXL* jurisprudence is that inclusion of a method step renders an apparatus claim indefinite because of the ambiguity it creates regarding when such a claim is infringed. *Id*. at 8-9.  Defendants further argue the claims are invalid for indefiniteness because these method steps do not describe the "structure and capabilities," but instead must be performed by the system as a whole in order to infringe. Docket No. 1857 at 9 (quoting *Rembrandt Data Techs, LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011)).

The Court, having reviewed the relevant briefing, the Report and Recommendation, and the objections, is of the opinion that the findings and conclusions of the magistrate judge are correct.  As noted by the magistrate judge, claim indefiniteness under *IPXL* arises if a system claim also recites method steps performed by a user or by another unclaimed system. Docket No. 1832 at 7. Furthermore, claims are not indefinite merely because they recite active verbs to describe what a recited system component does in the claimed system. *Microprocessor Enhancement Corp. v. Texas Instruments Inc.,* 520 F.3d 1367, 1375 (Fed. Cir. 2008) (citing *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008)).  Here, none of the claims recite steps being performed by a user, such as the step "and the user uses the input means" held indefinite in *IPXL*.  Nor do the claims at issue recite steps performed by an unclaimed system component.

Specifically, the magistrate judge found the claim language "wherein the system applies a cryptographic protocol" describes the structure and capabilities of the claimed components, including the "first processor" and the "second processor." Docket No. 1832 at 8. Likewise, the magistrate judge found the claim language "further comprising storing the hashed abstract" describes the structure and capabilities of the claimed components, including the "reference database." *Id*. at 9.  Finally, the magistrate judge noted the claim language "based on the comparison step" describes the structure and capabilities of the claimed components, including the "comparing device" and the "transmitter." *Id.* at 10.

The Court agrees with the magistrate judge that the claims' use of functional language is not improper, and *IPXL* does not apply here because the claims do not recite a method step performed by a user and do not create confusion as to when infringement occurs. In summary, the Court finds the magistrate judge properly applied the holdings of *IPXL Holdings*, expressly applied the *Nautilus* standard and found these phrases, viewed in the light of the intrinsic evidence, informs those skilled in the art regarding the scope of the claims with "reasonable certainty."

## CONCLUSION

The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Docket No. 1752) is **DENIED**.

SIGNED this 6th day of January, 2015.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE