IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 6:12-cv-499-MHS-CMC |
| TEXAS INSTRUMENTS, INC., et al., | § § § | |
| *Defendants.* | § § § | |

## MEMORANDUM ORDER

Before the Court is Defendant Audible Magic's Objections to the Magistrate Judge's Claim Construction Memorandum Opinion and Order (Docket No. 1855). For the reasons stated below, Audible Magic's Objections are **OVERRULED**.

## APPLICABLE LAW

"Claim construction is a non-dispositive, pretrial issue that can be referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." Order, *Adaptix, Inc. v. AT&T Mobility LLC, et al.*, 6:12-cv-00017, n.1 (E.D. Tex. May 29, 2014) (Schneider, J.)(Docket No. 197). The Court's local rules establish a clearly erroneous standard when reviewing a magistrate's judge order on non-dispositive matters. Local Rule CV-72(b). "In some circumstances, out of an abundance of caution, the magistrate judge may choose to issue a report and recommendation (under 28 U.S.C. § 636(b)(1)(B)) rather than an order on claim construction (under 28 U.S.C. § 636(b)(1)(A))." *Id.* "The district judge reviews a report and recommendation under the more demanding de novo standard." *Id.* (citing Local Rule CV-72(c)). "[I]n this case, the magistrate judge issued an order on the non-dispositive issue of claim construction, not a report and recommendation." *Id.*

"Accordingly, the clearly erroneous standard applies." *Id.* "Yet, the Court acknowledges that its order will be held to the de novo standard by the appellate court." *Id.* Because the magistrate judge's ruling withstands scrutiny under both the clearly erroneous standard and de novo review for the reasons set forth below, the Court need not address this issue further.

## DISCUSSION

### A. The construction of "presenting said content-related data on said client media player"

The magistrate judge construed the phrase "presenting said content-related data on said client media player" to mean "displaying or playing the content-related data on the client media player." Docket No. 1834 at 22. Audible Magic asserts it was clear error to adopt the requirement that the content related data be displayed. Docket No. 1855 at 3. Audible Magic further asserts the plain meaning of "presenting" is "giving something to" or "making (something) available to be used." *Id.* at 1.

Audible Magic further contends the claim language states that the content-related data is for "presenting…on" the client media player. *Id*. at 2. According to Audible Magic, there is no requirement that the content related data actually be displayed on the client media player. *Id.* (citing claim 12 of U.S. Patent No. 6,834,308).

Audible Magic further argues the word "presented" is used in the preamble of claim 1 with respect to "media content *presented* on a client media player…" Docket No. 1855 at 2. Audible Magic contends that because media content is audio data, such content is never displayed on a client media player because it has no visual component. *Id.* According to Audible Magic, "presenting" cannot impart any requirement of actual display, and is just a precursor that causes an action to happen. *Id*.

Audible Magic further argues that "content-related data" has a visual component, so the ultimate act is the display of that information on the client media player. *Id.*

Finally, Audible Magic asserts the magistrate judge's construction of "displaying or playing" makes little sense within the context of the entire claim and the specification. *Id.* Audible Magic argues that "content-related data" cannot be "played" on a media player, and audio data cannot be "displayed" on a media player. *Id.* It contends the magistrate judge's construction conflates the two concepts and imparts unintended and illogical limitations into claim 1. *Id.*

Audible Magic states both audio data and content-related data are "presented" to the client media player in the sense that they are "made available to" the client media player. *Id.* Audible Magic further argues that the audio data is made available to the client media player to be played and the content-related data is made available to the client media player to be displayed. *Id*. Audible Magic concludes that the "content-related data" is either transmitted to, or retrieved from within, the client media player, which causes its ultimate display. *Id.* at 3. According to Audible Magic, the actual displaying of the content-related data is not claimed in claim 1. *Id*.

Audible Magic's Objections raise the same issues as in its claim construction briefing and at the *Markman* hearing. Having reviewed the original briefing, the magistrate judge's order, and Audible Magic's objections, the Court finds Audible Magic has failed to clearly establish a manifest error of law or fact in the Magistrate Judge's construction of this phrase. Each of Audible Magic's arguments were properly addressed by the magistrate judge. Docket No. 1834 at 15–22. For example, the Court disagrees that the magistrate judge's construction of "displaying or playing" conflates the two concepts, as Audible Magic contends. Instead, the

order states the specification indicates that the media player is capable of *either* displaying *or* playing the content-related information, but does not require both. Docket No. 1834 at 20 (emphasis added). This finding directly addressed Audible Magic's argument that media content includes audio data, which has no visual component, and thus can never be displayed. *Id.* (citing Dkt. No. 1698 at 17). Finally, the Court has also reviewed the magistrate judge's ruling de novo and agrees and would uphold the construction of the magistrate judge under that standard as well.

## CONCLUSION

For these reasons, Audible Magic's Objections to the Magistrate Judge's Claim Construction Memorandum Opinion and Order (Docket No. 1855) are **OVERRULED**.

**SIGNED this 6th day of January, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE