IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, § | | |
|    *Plaintiff,* § | | |
| § | | |
| v. § | | Case No. 6:12-cv-499 |
| § | | **LEAD CASE** |
| TEXAS INSTRUMENTS, INC. § | | |
|    *Defendant.* § | | |

| | | |
|---|---|---|
| BLUE SPIKE, LLC, § | | |
|    *Plaintiff,* § | | |
| § | | |
| v. § | | Case No. 6:12-cv-576 |
| § | | **CONSOLIDATED CASE** |
| AUDIBLE MAGIC CORPORATION, § | | |
| ET AL. § | | |
|    *Defendants.* § | | |

**ORDER**

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motion is before the Court:

**Audible Magic Corporation's Motion to Strike Blue Spike's Infringement Contentions (Docket Entry # 1469).**

For the reasons outlined below, the Court is of the opinion Audible Magic's motion should be **DENIED**. Audible Magic's Motion for Hearing on its Motion to Strike (Docket Entry # 1867) is also denied.

**I. BACKGROUND AND PARTIES' POSITIONS**

This consolidated action involves numerous cases against unrelated defendants for infringement of four patents. Blue Spike, LLC filed suit against Audible Magic Corporation

("Audible Magic") on August 27, 2012. Audible Magic's answer included 12 counterclaims, including counterclaims for unjust enrichment, common-law unfair competition, and Lanham Act violations against Blue Spike, LLC, Blue Spike, Inc., and Scott Moskowitz ("Blue Spike").

Audible Magic moves to strike Blue Spike's Infringement Contentions, asserting they make clear Blue Spike is attempting to "prosecute a phantom case." Mot. at pg. 1. According to Audible Magic, for 26 of the 32 claims Blue Spike is asserting against Audible Magic, Blue Spike's only evidence is its own "information and belief;" even for the six claims that Blue Spike allegedly has some scintilla of evidence, Audible Magic asserts Blue Spike cannot identify the infringing Audible Magic products. According to Audible Magic, Blue Spike's February 26, 2014 Infringement Contentions only accuse "Audible Magic's content recognition technology" as the infringing instrumentality; yet, Blue Spike admits Audible Magic's content recognition technology is a "solution" and not an actual product. Audible Magic further asserts Blue Spike's proposed April 9 amended contentions, including the claim charts, still fail to comply with the Patent Rules; they remain deficient and provide only a boilerplate statement for the doctrine of equivalents.

Audible Magic and its customers seek the following:

- The February 26, 2014 contentions against Audible Magic and its customers be struck;

- If the Court grants leave for Blue Spike to amend its contentions, it should be denied with respect to the baseless asserted claims; and

- Any amended contentions regarding the 32 asserted claims must be provided for each of Audible Magic and its customers, and must (1) specifically identify evidence corresponding to each specific claim element, (2) describe in detail its position, on a claim by claim and element by element basis, for its doctrine of equivalents assertions, and (3) provide charts for each accused product (and Blue Spike must not be permitted to accuse Audible Magic "design consultation, custom content databases, de-duplication, and litigation support" services, as these are not even accused "products" at all).

## II. APPLICABLE LAW

Local Patent Rule 3-1 "provide[s] defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves." *Id.* at 2. This notice must be "reasonably precise and detailed" but "need not meet the level of detail required, for example, on a motion for summary judgment." *Id*; *See also Whipstock Servs. v. Schlumberger Oilfield Servs.,* 2010 U.S. Dist. LEXIS 1395, at *4 (E.D. Tex. Jan. 8, 2010). Infringement contentions may be amended as additional evidence comes to light. *Id.* at *7. ("If more specific information becomes available through discovery, additional specificity in the infringement contentions may be appropriate.").

Striking infringement contentions is a drastic decision "similar to deciding whether evidence should be excluded for discovery violations." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). It is a request so severe that when a plaintiff timely provides infringement contentions and "attempts to address any deficiencies through supplemental infringement contentions," granting a motion to strike "would amount to a death-penalty sanction." *H-W Tech., L.C v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 121271, at *19 (N.D. Tex. Aug. 2, 2012). Therefore, courts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice. *Computer Acceleration Corp.*, 503 F. Supp. 2d at 822.

## III. DISCUSSION

According to Blue Spike, Audible Magic intended to file a motion to strike even before it received Blue Spike's revised infringement contentions; yet Audible Magic mislead Blue Spike and allowed it "to labor over those revised contentions, all the while knowing they were doomed. This is not good faith conduct," asserts Blue Spike. Surreply at pg. 2. According to Blue Spike, its

revised contentions track the claim language, offer interpretations of the claim language, highlight evidence that correlates with the claims, incorporate doctrine of equivalent assertions into the claims, including supplemental evidence, provide additional claim explanations, and substitute all "on information and belief" language with detailed explanations.

Notice is the core function of P.R. 3-1 contentions and although such "contentions must be reasonably precise and detailed . . . they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Realtime Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 73217, 2009 WL 2590101, at *5 (E.D. Tex. 2009). The Court finds Blue Spike has provided Audible Magic adequate information regarding Audible Magic's products and regarding Blue Spike's doctrine of equivalents contentions. Although Audible Magic asserts Blue Spike's revised claim charts are still deficient, the Court disagrees. The Court does not find the amended claim charts and infringement allegations fail to comply with Local P.R. 3-1(c). Accordingly, it is

**ORDERE**D that Audible Magic Corporation's Motion to Strike Blue Spike's Infringement Contentions (Docket Entry # 1469) is hereby **DENIED.**

**SIGNED this 12th day of January, 2015.**

*[signature: Caroline M. Craven]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE