# Exhibit 1



Sender's Email Address: rgarteiser@ghiplaw.com

Counsel for Blue Spike, LLC

Randall Garteiser
Christopher A. Honea
Chris Johns
Kirk J. Anderson
Peter S. Brasher
**Garteiser Honea PLLC**
218 N. College Ave
Tyler, TX 75702
(888) 908-4400 phone and fax
rgarteiser@ghiplaw.com
chonea@ghiplaw.com
cjohns@ghiplaw.com
kanderson@ghiplaw.com
pbrasher@ghiplaw.com

Date: February 17, 2015

The Honorable Robert W. Schroeder, III
U.S. District Court for the Eastern District of Texas
221 West Ferguson, Tyler, TX 75702

Re:    **Texas Instruments, Inc. v. Blue Spike, LLC.; 6:12-cv-499;**
        **Letter Brief Requesting Leave to File Motion(s) for Summary Judgment**

Dear Judge Schroeder:

In order to streamline the claims and defenses for trial, Plaintiff Blue Spike LLC, ("Blue Spike") and Counter-Defendants Blue Spike, Inc., a Florida Corporation, and Scott Moskowitz, an individual, (collectively, "Counter-Defendants") respectfully request permission to file a motion for summary judgment.

## I.    Brief Procedural Background:

After Plaintiff Blue Spike filed its complaint for patent infringement of the four patents-in-suit, Defendant Audible Magic ("Audible Magic") counterclaimed with an allegation of patent infringement against Blue Spike and also Counter-Defendant Blue Spike, Inc. Additionally, Audible Magic filed third-party claims against Blue Spike LLC in his individual capacity. In particular, Audible Magic alleged theft of its intellectual property by both Mike Berry and Scott Moskowitz, the two inventors of the patents-in-suit. The Counter-Defendants provided Audible Magic with discovery going back over twenty (20)



years, totaling over 500,000 pages.   Counter-Defendants provided six (6) days of deposition with Scott Moskowitz.  Audible Magic deposed Mike Berry in February 2015.

Undeterred by overwhelming lack of any evidence of wrongdoing, Audible Magic continues to seek evidence to support its attorney-created hypothesis that Mike Berry and Scott Moskowitz stole intellectual property from Audible Magic.

In his deposition, Audible Magic's CEO did not even know that these allegations of fraud and theft were even being made by Audible Magic.   He confirmed he did not initiate any internal investigation to pursue these allegations at anytime since Audible Magic made these claims of theft and fraud publicly.   Now that both Mike Berry and Scott Moskowitz, who deny these allegations, have been deposed, the Counter Defendants promptly seek to move for summary judgment as Audible Magic has failed to establish any facts supporting its allegations.

In a similarly reckless litigation approach, Audible Magic asserted a counterclaim for Patent Infringement against Blue Spike.  Blue Spike confirmed that it did not have a product but would build one if someone requested it.  Blue Spike had no profits and received no inquiries to build such a product.  The infringement chart Audible Magic served was lacking in any evidence of infringement.  Now that the Court's claim construction order for this counterclaim patent is completed,  Blue Spike requests leave to file a motion for summary judgment to streamline matters for trial.

## II.      Counter Defendants Are Entitled to Judgment as a Matter of Law Against Audible Magic's Counterclaims 9-13.

Because no genuine issue of material fact exists, the Counter Defendants are entitled to judgment as a matter of law with respect to Audible Magic's Counterclaims 9-13. Specifically, Counterclaim 12 deals with patent infringement allegations of Audible Magic's patent, directed to a "client media player."  Counterclaims 9, 10, 11, and 13 all pertain to some misappropriation, fraud or misstatement made by Mike Berry and, or alternatively, Scott Moskowitz, the two Blue Spike patents-in-suit co-inventors.  These Counterclaims are all addressed in turn below.

### A. Summary Adjudication is Appropriate For Counterclaim 12 – Infringement of Claim 1 of U.S. Patent 7,834,308.

Counter Defendants respectfully request permission to file a motion for summary judgment that they do not infringe asserted Claim 1 of U.S. Patent  7,834,308 ("the '308 patent).  In addition to lacking a product to sell, Blue Spike's Giovanni Signal Abstract Engine embodiment lacks critical ''308 patent claim 1 limitations, including "client media player" and a "display" to show the "client" information about the song to the client.  Instead, the accused Blue Spike product, the Giovanni Signal Abstract Engine embodiment creates "abstracts," data-reduced representations of signals that retain a



perceptual relationship with the signal and differentiates the data-reduced representation from other data-reduced representations.   Absent these key '308 claim 1 limitations, Audible Magic Counterclaim 12 must fail.

Blue Spike explained this to Audible Magic for over a year.  Not surprisingly, Audible Magic has not even attempted to supplement its infringement contentions with respect to the alleged infringement by Blue Spike's build-to-order Giovanni Signal Abstract Engine as the product was offered for only a limited time and during that time, nobody made any inquiry.

Accordingly, Counter Defendants respectfully request permission to file a motion for summary judgment that they do not infringe Audible Magic's asserted Claim 1 of U.S. Patent 7,834,308.

**B. Summary Adjudication is Appropriate on Counterclaims 9, 10, 11, 13 – Alleged Misconduct by Counter Defendants.**

Second, Counter Defendants request permission to file a letter brief for Summary Judgment on the remaining Audible Magic counterclaims 9, 10, 11, and 13.[1]

Allowing Blue Spike permission to file these motions will substantially remove tangential causes of actions in this patent infringement litigation and significantly reduce the time required for trial, as described in more detail below.

**1. Summary Adjudication is Appropriate on Counterclaim 9 – Inequitable Conduct.**

To prove inequitable conduct, defendants must show "by clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1344 (Fed. Cir. 2013).

The Federal Circuit held in *Therasense* that the standard for "the materiality required to establish inequitable conduct is *but-for materiality*." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (en banc) (emphasis added). Under this heightened standard, "the accused infringer must prove the patentee acted with the *specific intent* to deceive the PTO." *Id*. at 1288 (emphasis added).  Gross negligence and negligence are no longer sufficient to constitute inequitable conduct.  *Id*.

---

[1] Audible Magic Counterclaims 1-8 pertain to invalidity and non-infringement of Blue Spike's four patents-in-suit.



Here, Audible Magic cannot show the existence of specific intent to deceive, an element essential to its case. After extensive discovery, Audible Magic has not provided any evidence to support its vague accusations of theft. In fact, even though the accusations were first raised over a year ago, Audible Magic's CEO was not even aware of the counterclaim. He initiated no investigation at Audible Magic to substantiate the serious accusations made against co-inventors Mike Berry, now a senior fellow at Adobe Systems, Inc., and Scott Moskowitz, CEO of Blue Spike LLC. Such 'attorney made' arguments, cobbled together, are not suitable to be presented to a jury and are ripe for summary adjudication.

      **2.**      **Summary Adjudication is Appropriate on Counterclaim 10 – Unjust Enrichment.**

Counterclaim 10 is likewise ripe for summary adjudication. Counter Defendants are entitled to judgment as a matter of law and no genuine issue of material fact exists to preclude summary judgment. Audible Magic is the sole company that accused the Counter Defendants of a common law counterclaim of unjust enrichment. Summary Judgment is appropriate on this counterclaim as Defendant Audible Magic cannot meet its burden of proving either as an independent cause of action under Texas law or as an equitable damages theory of recovery that a "person has obtained a benefit from another by fraud, duress, or the taking of undue advantage." *Newington Ltd. v. Forrester*, 2008 WL 4908200, *4 (N.D. Tex. Nov. 13, 2008). Audible Magic cannot meet its burden of providing any evidence of fraud, duress, or the taking of undue advantage." In fact, during discovery facts to the contrary surfaced whereby Blue Spike had hired Audible Magic to perform a menial coding project for Blue Spike. And later Audible Magic in 2002 hired a former employee of Blue Spike to work at Audible Magic. This was over two years after Blue Spike filed its initial patent application leading to the issuance from the PTO of the four Patents-in-suit. Furthermore, Audible Magic's CEO, stated repeatedly, in a public forum that was transcribed, that the solution did not exist to the accused functionality until 2003.

To no avail Audible Magic has undertaken tremendous amounts of discovery to attempt to prove the allegations in its unjust enrichment counterclaim. Despite Audible Magic partaking in more than triple the amount discovery of all other defendants combined, it has failed to uncover any evidence to support its attorney-created hypothesis that co-inventors Mike Berry and, or alternatively, Scott Moskowitz conspired to steal from Audible Magic and commit fraud on the PTO. Audible Magic has not even proven that either person had opportunity to steal, access to steal, much less actually stole anything from Audible Magic.

Accordingly, Counter Defendants respectfully request permission to move for summary judgment as to Audible Magic's Tenth Counterclaim – Unjust Enrichment.



### 3.  Summary Adjudication is Appropriate on Counterclaim 11 – Violation Of The Lanham Act – 15 U.S.C. § 1125(a)

Defendant Audible Magic's Counterclaim 11 is ripe for summary adjudication. The alleged action by Counter Defendants is not actionable under the Lanham Act.  Even if actionable, Defendant Audible Magic, despite extensive discovery, cannot meet its burden of proof that Counter Defendants have violated the high bar of a false advertising claim under the Lanham Act.

### 4.  Summary Adjudication is Appropriate on Counterclaim 13 – Common Law Unfair Competition

Similarly, with respect to Counterclaim 13, Defendant Audible Magic has failed to show that either of the two statements allegedly made by Mr. Moskowitz can support a claim for common-law unfair competition.  Additionally, Defendant Audible Magic has failed to obtain any evidence of alleged misappropriation of intellectual property from Audible Magic or its predecessor Muscle Fish.  This is not surprising as there was no misappropriation done by either Mike Berry or Scott Moskowitz.

Accordingly, Counter Defendants respectfully request permission to file an early summary judgment motion to remove Counterclaims 9-13 of one sole Defendant – Audible Magic – in order to streamline issues for trial.

Yours very truly,

Randall T. Garteiser
Lead Counsel for Blue Spike, LLC