UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § § § § § § § § § § | |
| *Plaintiff,* | | Case No. 6:12-cv-499-RWS-CMC |
| v. | | Lead Case |
| Texas Instruments, Inc. et al., | | Jury Trial Demanded |
| *Defendants.* | | |

**ORDER GRANTING BLUE SPIKE'S MOTION TO STRIKE EXPERT REPORT OF DR. SCHUYLER QUACKENBUSH REGARDING INVALIDITY**

Before the Court is Blue Spike's Motion to Strike the Expert Report of Dr. Schuyler Quackenbush regarding invalidity. Since it is weighing in at 3676 pages, Dr. Quackenbush's report unfairly burdens Blue Spike and stymies the flow of litigation. The discovery rules are designed to aid in the expedient flow of litigation so that meritorious disputes may be heard and resolved in a reasonable period of time and at a reasonable cost to the parties."). Audible Magic's improper use of discovery is exactly what the federal rules have attempted to curb:

> [T]he spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake."

FED. R. CIV. P. 26 Committee Note (1983). In Coane, the Fifth Circuit echoed this sentiment, stating that "[i]t is not acceptable for a party to attempt to use

1

the judicial system to punish financially or to harass an opponent in order to gain an unfair advantage in litigation." *Coane*, 898 F.2d at 1033. "Patent litigation is challenging and expensive enough without putting one party or the other to the task of sifting through mountains of data and transcripts to glean what is at issue." *Verinata Health, Inc. v. Sequenom, Inc.*, 2014 U.S. Dist. LEXIS 116382, *10-11 (N.D. Cal. Aug. 20, 2014). Dr. Quackenbush's report is exactly that: a mountain of data that buries the real issues in dispute.

The report does not narrow or clarify issues, reduce costs, or assist the trier of fact—and its length renders it impervious to the kind of review that this Court must perform in its role as the gatekeeper for expert opinion.

THE COURT HEREBY GRANTS PLAINTIFF'S MOTION TO STRIKE.

Defendants have 5 days to serve a revised report that is no more and 20- pages.