UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Blue Spike, LLC, | § | |
| *Plaintiff,* | § | Case No. 6:12-cv-499-RWS-CMC |
| | § | |
| v. | § | Lead Case |
| | § | |
| Texas Instruments, Inc. et al., | § | Jury Trial Demanded |
| *Defendants.* | § | |

**BLUE SPIKE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
EXPERT REPORT OF DR. SCHUYLER QUACKENBUSH**

Audible Magic's Response (Dkt. 1944) helps prove the point of Blue Spike's Motion: it attached the *39-page* table of contents from Dr. Quackenbush's report, demonstrating how impossible it will be for Blue Spike and the Court to try to digest the full report. *See* Dkt. 1944-7.

There is no doubt that "the facts of this case require a detailed invalidity analysis." Dkt. 1944 at 6. But, far beyond just being "detailed," a 3676-page report careens into the realm of the absurd. Audible Magic spills ample ink trying to justify the report's detailed analysis (*see id.* at 2-7), but writes not a single word about the practical side of things. How are Blue Spike and the Court supposed to read and digest the entirety of Dr. Quackenbush's report? How is Blue Spike supposed to cover the entirety of the report in a deposition? How is Blue Spike to tell what topics Dr. Quackenbush will actually cover at trial? Dr. Quackenbush's mammoth report is a transparent attempt to bury Blue Spike in paper. "Patent litigation is challenging and expensive enough

1

without putting one party or the other to the task of sifting through mountains of data and transcripts to glean what is at issue," as Audible Magic has attempted to do here. *Verinata Health, Inc. v. Sequenom, Inc.*, 2014 U.S. Dist. LEXIS 116382, *10-11 (N.D. Cal. Aug. 20, 2014).

Audible Magic tries to distinguish cases where other courts have noted the uselessness of enormous expert reports (*id.* at 10-12), but misses the forest for the tress in doing so. It is no surprise that federal courts have declined to announce strict page limitations for expert reports. Instead, rules of reason should guide the Court's analysis. And the important point here—which Audible Magic does not address, much less dispute—is that courts have inherent power to consider the facts of particular cases, strike excessively long expert reports, and order them shortened. Given the facts here, an exercise of that power is proper. *See Cooke v. Town of Colorado City*, No. CV 10-08105-PCT-JAT, 2013 WL 551508, at *5 (D. Ariz. Feb. 13, 2013) ("If the Court were to allow this kind of 'find the Easter Egg' approach, it would allow litigants to manipulate [discovery] in a way that would materially increase the cost of litigation.").

Audible Magic's complaint about the timing of Blue Spike's Motion is a red herring. Blue Spike did not file the Motion after the deadline for moving to strike experts. While Audible Magic rightly points out that the Court's scheduling order first requires a letter brief seeking permission to strike an expert, Blue Spike wants to make clear that this Motion does not seeking to

strike Dr. Quackenbush altogether, only his report if he and Audible Magic refuse to submit a shorter one ordered by the Court. Blue Spike will likely file a motion to exclude Dr. Quackenbush's testimony on *Daubert* grounds, but only if the Court grants Blue Spike's letter-brief request to do so. Here, in contrast, Blue Spike merely seeks an order that Dr. Quackenbush must shorten his report—or face having the report struck.

It is entirely proper for Blue Spike to bring this Motion *now*—and it makes eminent sense for the Court to rule on it *before* the deadline for filing *Daubert* motions. After all, the present Motion asks the Court to decide *what* Blue Spike's rebuttal expert must respond to and *what* the subject of Blue Spike's *Daubert* motion should be. Will it be a monstrous 3676-page report, or will it be a shorter report ordered by the Court? In answering those questions, Blue Spike asks the Court to consider whether Dr. Quackenbush's current 3676-page report really allows the Court to perform its gatekeeping function, whether such a report would be helpful to the factfinder, and whether the report imposes unreasonable burdens on Blue Spike and its rebuttal experts. Each of those considerations cuts in favor of granting Blue Spike's Motion here.

## CONCLUSION

For these reasons plus those contained in the Motion (Dkt. 1939), Blue Spike again asks the Court to strike Dr. Quackenbush's 3676-page expert report and to order Audible Magic to submit a much shorter report.

Respectfully submitted,

<u>/s/ Randall T. Garteiser</u>
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
Kirk J. Anderson
  California Bar No. 289043
Molly A. Jones
  California Bar No. 301419
GARTEISER HONEA, P.C.
218 N. College Avenue
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

*Attorneys for Blue Spike, LLC*

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

/s/ Randall Garteiser
Randall Garteiser