IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § | |
| *Plaintiff*, | § § | Civil Action No. 6:12-CV-499-MHS |
| v. | § § | |
| TEXAS INSTRUMENTS, INC. | § § | (LEAD CASE) |
| *Defendants*. | § § § | JURY TRIAL DEMANDED |
| BLUE SPIKE, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 6:12-CV-576-MHS |
| AUDIBLE MAGIC CORPORATION, ET AL. | § § § § | (CONSOLIDATED WITH 6:12-CV-499) JURY TRIAL DEMANDED |
| *Defendants*. | § § § | |

**DEFENDANT AUDIBLE MAGIC CORPORATION'S SURREPLY TO BLUE SPIKE'S MOTION TO STRIKE EXPERT REPORT OF DR. SCHUYLER QUACKENBUSH REGARDING INVALIDITY**

Blue Spike can still point to nothing of substance in Dr. Quackenbush's invalidity report that is inappropriate, excessive, irrelevant, or otherwise grounds to be struck. Rather than focus on the substance of the Report or respond to any points made in the Opposition, Blue Spike simply repeats its mantra that the Report is too long. Blue Spike does not cite *any* authority supporting its claim that a detailed, well-reasoned expert report is inappropriate. *See generally*, Dkt. 1944 at §III.[1] Instead, Blue Spike quotes from cases where Courts struck expert reports for

---

[1] Blue Spike claims that "Audible Magic tries to distinguish cases where other courts have noted the uselessness of enormous expert reports." Dkt. 1949 at 2. This is false. Not a single case cited by Blue Spike stands for the proposition that an expert report can be struck on account of it being too "long." *See* Dkt. 1944 at 10-12. Blue Spike's unsupported assertions to the

being too *short* and containing insufficient detail. Blue Spike doubles down on this tactic in its Reply by again quoting from the *Cooke* case. Dkt. 1949 at 2. But as explained in the Opposition, the Court in that case struck a report for being too conclusory and containing insufficient supporting evidence.[2] *See* Dkt. 1944 at 12-13. The simple fact is that Blue Spike does not cite a single case holding that a page count is grounds to strike an expert report.[3]

The legal fallacy behind Blue Spike's "look only at the page count" theory is highlighted by its characterization that "Audible Magic *spills ample ink* trying to justify the report's detailed analysis." Dkt. 1949 (emphasis added). Blue Spike correctly notes that Audible Magic took great care to provide the Court with detailed substantive analysis in its Opposition explaining why the facts and circumstances of this case necessitate a long expert report. *See* Dkt. 1944 at 2-7. But **Blue Spike failed to respond to any of that substance**. Instead, Blue Spike implores the Court to simply throw out an entire expert report simply because Blue Spike does not agree with a page count.[4] **That** principle is far afield from the purpose of discovery. *See* Fed. R. Civ. P.

---

contrary are misleading. Indeed, in the one case that Blue Spike cites where the Court commented on the length of an expert report (in the context of the specific facts of that case), the Court concluded that it "trust[s] plaintiffs' counsel will exercise discretion in allocating trial time" and specifically did *not* strike the report. *Id.* at 11 (discussing *Liberty Media Corp. v. Vivendi Universal, S.A.*).

[2] In its Reply, Blue Spike also cites to *Verinata Health*. Dkt. 1949 at 2. In that case, the Court struck portions of an expert report on the grounds that it contained *new* invalidity theories that were not properly disclosed in the party's previous invalidity contentions. *Verinata Health, Inc. v. Sequenom, Inc.*, 2014 U.S. Dist. LEXIS 116382, *10-11 (N.D. Cal. Aug. 20, 2014). That case has no bearing on Blue Spike's claims that an expert report should be struck merely because a party thinks it is too long.

[3] Of course, Blue Spike ignores opinions by Courts in this Circuit, like those cited by Audible Magic in its Opposition, where Courts accept detailed reports totaling thousands of pages. Dkt. 1944 at 9-10. Any argument of Blue Spike's that there is somehow a bright line rule regarding the length of expert reports is squarely refuted by those opinions.

[4] Blue Spike also tries to use the length of the submitted Table of Contents as a proxy for its argument that the Report is too long. Dkt. 1949 at 1. But a quick review of that Table Contents

26(a)(2)(B)(i) (requiring expert reports to contain a complete statement of all opinions and the basis and reasons for them).

The theories detailed in the Dr. Quackenbush Report have been known to Blue Spike for a year. Consistent with this Court's scheduling order, Audible Magic provided detailed invalidity contentions to Blue Spike in May 2014. Dkt. 1579 (Audible Magic's Notice of Compliance Regarding P.R. 3-3 and 3-4 Disclosures). Those contentions (which were more voluminous than the Report) set forth the theories of invalidity on which Dr. Quackenbush now opines. Blue Spike never complained about the length or sufficiency of Audible Magic's invalidity contentions. But now Blue Spike asks how it "and the Court [are] supposed to read and digest the entirety of Dr. Quackenbush's report?" Dkt. 1949 at 1.[5] The simple answer is that Blue Spike should have been developing its "validity" case all along. Audible Magic should not be punished for Blue Spike's apparent failure to do so.

Blue Spike also questions how it is supposed to cover the Report in a deposition and how it can tell what topics Dr. Quackenbush will cover at trial. Audible Magic is unaware of any authority requiring it to provide its detailed trial strategy to opposing counsel months before trial. The Court set forth limits for prior art and asserted claims – and the parties agreed to those limits. Rule 26 requires Dr. Quackenbush to provide a complete statement of his opinions and

---

shows that the vast majority of it (~36 of 38 pages) simply repeats the asserted claim elements for each prior art reference. *See* 1944-7 at 3-38. In other words, the *only* thing driving the length of the Table of Contents is the number of asserted claims. *Id.* If Blue Spike would agree to limit asserted claims (a point it did not address in Reply), both the Report and the Table of Contents would be significantly shorter.

[5] As a practical matter, Audible Magic is unaware of a circumstance where the Court would be required to read the entire Report. If Blue Spike has a legally recognizable challenge to any aspect of the Report, it can certainly raise that to the Court. Any challenge should properly be confined to a specific aspect or portion of the Report or Dr. Quackenbush's qualifications. And even then, it is unclear how the Court would need to see the full Report, much less "read and digest" it.

the facts supporting them. He did so. It is unclear what else Blue Spike is asking for. As for a deposition, Blue Spike's new validity expert, Dr. Papakonstantinou, cannot, in good faith, challenge every claim element in every prior art reference. As a most basic example, surely Blue Spike must concede that a prior art computer contains a processor – Dr. Quackenbush's opinion on the subject is probably not a necessary topic in deposition.[6] Any deposition should explore Dr. Quackenbush's knowledge and should, most likely, focus on the claim elements that Blue Spike disputes are present in the prior art reference. Of course, Blue Spike is free to spend its time in a deposition however it wants; that it cannot decide how to spend that time is certainly not grounds to strike a report, which fully discloses how multiple prior art systems invalidate each element of many asserted claims.

Finally, not only is the length of Audible Magic's report justified and proper, but Blue Spike does not address why it waited seven weeks to bring the instant motion. It is undisputed that Audible Magic served the Report on March 3rd. Blue Spike's motion was not filed until April 23rd. Any legitimate complaint regarding the Report should have been brought to the Court's attention promptly. Blue Spike provides zero justification in its reply for waiting seven weeks to file its motion to strike.[7] Indeed, by merely glancing at the Report on the day it was served, Blue Spike could have taken timely action to address any concerns regarding the total page length. As noted in Audible Magic's Opposition, Blue Spike's delay in bringing the

---

[6] Audible Magic tried to streamline this process by propounding an interrogatory on Blue Spike, months ago, asking what claim elements Blue Spike contends is missing from each prior art reference (e.g. "validity contentions"). Blue Spike responded that every prior art reference lacked every claim element. Accordingly, it was necessary for Dr. Quackenbush to address all elements in his report.

[7] Blue Spike's claim that the current motion is not a motion to strike an expert is confusing. The title of Blue Spike's motion is "Motion to Strike Expert Report." So it is unclear how Blue Spike can now claim that "this Motion does not seeking [*sic*] to strike Dr. Quackenbush altogether" and therefore a letter brief is not needed. Dkt. 1949 at 2-3.

present motion, alone, justifies its denial. Dkt. 1944 at 13-14. In addition, Blue Spike already sought – and was granted – an extension on its rebuttal expert reports. Dkt. 1945. That extension means that Blue Spike will get 10 weeks to respond to the Report. *Id.* Blue Spike provides no justification why it should get *both* an extension *and* an order striking the Report. Blue Spike already received its preferred relief for an extension (styled as an *emergency* motion). The motion to strike should be denied.

Dated: May 5, 2015

By:                            */s/ Eric H. Findlay*
Eric H. Findlay (Texas Bar No. 00789886)
Walter W. Lackey, Jr. (Texas Bar No. 24050901)
FINDLAY CRAFT, P.C.
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
wlackey@findlaycraft.com

Gabriel M. Ramsey– *LEAD ATTORNEY*
I. Neel Chatterjee
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
gramsey@orrick.com
nchatterjee@orrick.com

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 S. Figueroa St.
Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

acaridis@orrick.com

Christopher J. Higgins
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8418
chiggins@orrick.com

*Attorneys for Defendant Audible Magic, Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served on May 5, 2015, with a copy of this document *via* electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay