IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
|  *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 6:12-cv-499 |
| | § | **LEAD CASE** |
| TEXAS INSTRUMENTS, INC. | § | |
|  *Defendant.* | § | |

**ORDER**

  The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motion is before the Court:

  **Blue Spike's Motion to Strike Expert Report of Dr. Schuyler Quackenbush Regarding Invalidity (Docket Entry # 1939).**

The Court, having reviewed the relevant briefing, is of the opinion the motion should be **DENIED**.

**PLAINTIFF'S MOTION TO STRIKE**

  Plaintiff Blue Spike, LLC ("Plaintiff") moves the Court to strike Dr. Quackenbush's expert report produced on behalf of Defendant Audible Magic, Inc. According to Plaintiff, the 3,676-page expert report is too detailed to provide Plaintiff with reasonable notice of Audible Magic's "criticisms against its case, and it is simply too long for the Court to perform any meaningful gatekeeping role to ensure that Audible Magic's expert testimony is actually reliable." (Docket Entry #1939 at pg. 2). Plaintiff contends the report is too long to read and digest, and it obscures relevant issues by forcing Blue Spike to expend an unreasonable amount of resources just to process it. Thus, Plaintiff argues the report will not assist anyone other than Audible Magic. Plaintiff further asserts

the report is "unreliable by default because neither the Court nor the other parties have any reasonable hope of analyzing the reliability of the opinions contained in the report." *Id.* at pg. 4. Plaintiff contends it is not reasonable for it to pay an expert to read and analyze Dr. Quackenbush's report and prepare a rebuttal opinion.

According to Plaintiff, striking the report will help prevent "trial by ambush." *Id*. at pg. 6. If the Court does not strike the report altogether due to its excessive length, Plaintiff alternatively asks the Court to (1) order a vastly truncated report if Audible Magic wishes to continue relying on Dr. Quackenbush's opinions; (2) order Audible Magic to specify which portions of the report it will rely on at trial; (3) give Blue Spike extra time to depose Dr. Quackenbush; (4) provide Blue Spike an extra 30 days to respond to the report; and (5) order any other relief the Court sees fit to ensure that the proceedings remain fair and reasonable.

## AUDIBLE MAGIC'S RESPONSE

Dr. Quackenbush's expert report on the validity of 32 claims across 4 patents sets forth Audible Magic's contention that the 32 claims at issue in this case are invalid pursuant to a number of legal theories.  According to Audible Magic, in order for Dr. Quackenbush to lay out the facts necessary to prove invalidity by clear and convincing evidence, he was required to detail the prior art systems, their conception and reduction to practice, and the inventors' diligence in reducing the inventions to practice; detail public disclosures, offers for sale, and sales of the inventions; provide evidence rebutting Plaintiff's repeated assertions that, purportedly, none of the prior art systems actually "worked;" prove up invalidity for each element of each asserted claim, based on such systems, publications, and patents; address obviousness combinations; and cover additional arguments such as lack of enablement, written description, indefiniteness and derivation.

## DISCUSSION

On March 3, 2015, Audible Magic produced a comprehensive, detailed expert report by Dr. Schuyler Quackenbush in accordance with Federal Rule of Civil Procedure 26, which requires an expert to include a "complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B). Plaintiff did not move to strike the report until seven weeks later, on the night rebuttal reports were due. In its motion, Plaintiff does not state it cannot understand Dr. Quackenbush's report. Nor does it claim the report is convoluted or lacking in substance, or that it is premised on technical or legal inaccuracies. Rather, Plaintiff's only complaint is the report is objectively too long.

Plaintiff relies on *Liberty Media Corp. v. Vivendi Universal, S.A.*, 874 F.Supp.2d 169 (S.D.N.Y.2012), asserting Dr. Quackenbush's report is much longer than the 120-page report held to be "inadmissible" in *Liberty Media* and other cases. But the court in *Liberty Media* did not strike the report. The court there stated the 120-age report was "far in excess of what [it] would have permitted to be submitted" and the expert would not be permitted to "exhaustively recount all of the facts of the case." *Id*. at 174. The court noted it trusted the plaintiffs' counsel to "exercise discretion in allocating trial time" and only present facts necessary to support the expert's opinion. *Id.* The court went on to state in the event plaintiffs' counsel failed to exercise appropriate discretion, the court would "cut off any lengthy factual narrative." *Id*.

Here, although Dr. Quackenbush's report is lengthy,[1] the size of the report alone does not make it improper warranting the Court to strike it. There are many complex issues involved, and the facts of this case require a detailed invalidity analysis. As explained by Audible Magic, it is required to present evidence of the invalidity of all 32 claims asserted against its customers as that issue will be included in the trials against the Supplier Defendants.[2] The Court trusts Audible Magic's counsel will exercise discretion in allocating trial time and will present only the facts necessary to support Dr. Quackenbush's opinions. *See Liberty Media*, 874 F.Supp.2d at 174. The Court declines to strike Dr. Quackenbush's report. Accordingly, it is

**ORDERED** that Blue Spike's Motion to Strike Expert Report of Dr. Schuyler Quackenbush Regarding Invalidity (Docket Entry # 1939) is hereby **DENIED.**

**SIGNED this 27th day of May, 2015.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

[1] According to Audible Magic, the 3,676-page report is double-spaced with room for notation in the margins. It also includes hundreds of screen shots and figures illustrating the numerous prior art systems.

[2] Audible Magic states Plaintiff has refused to reduce the scope of the overall dispute, and if Plaintiff would agree to this simplification, the report could be drastically reduced in size.