


Sender's Email Address: rgarteiser@ghiplaw.com

Counsel for Blue Spike, LLC

Randall T. Garteiser
Christopher A. Honea
Kirk J. Anderson
Molly A. Jones
**Garteiser Honea PLLC**
119 W. Ferguson St.
Tyler, TX 75702
(888) 908-4400 phone and fax
rgarteiser@ghiplaw.com
chonea@ghiplaw.com
kanderson@ghiplaw.com
mjones@ghiplaw.com

Date: June 8, 2015

The Honorable Robert W. Schroeder, III
U.S. District Court for the Eastern District of Texas
221 West Ferguson, Tyler, TX 75702

**Re: *Texas Instruments, Inc. v. Blue Spike, LLC*; 6:12-cv-499; Letter Brief Opposition to Audible Magic's Request to File *Daubert* Motion Regarding Dr. Tewfik's Report [Dkt. No. 1960]**

Dear Judge Schroeder,

Audible Magic filed three letter-brief requests to file *Daubert* motions excluding all of Blue Spike's expert reports. Here, Blue Spike opposes Audible Magic's request to file a *Daubert* motion to exclude Dr. Tewfik's report because Audible Magic fails to present a proper basis for a *Daubert* motion.

This Court has recognized that "the rejection of expert testimony is the exception rather than the rule." *Alexam, Inc. v. Barnes and Noble, Inc., et al.*, Case No. 2:13-cv-003-MHS-CMC, Dkt. No. 161, at 6-7 (E.D. Tex., May 28, 2013). "Daubert did not work an overriding change in federal evidence law, and 'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.' *Id.* "As Daubert itself recognized and as noted above, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional




and appropriate means of attacking shaky but admissible evidence.'" *Id.* (citing *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 596 (1993)).

## I. Audible Magic should not be permitted to file a *Daubert* motion on its "judicial admission" theory because it has already presented this theory to the Court.

Audible Magic requests permission to file a *Daubert* motion on three theories. The first theory is that Dr. Tewfik's report allegedly contradicts a judicial admission. Not only is Audible Magic incorrect, its theory is not a proper basis to file a *Daubert* motion.

One standalone reason Audible Magic should not be permitted to file a *Daubert* motion on its "judicial admission" theory is because Audible Magic has already brought this theory before this Court in its motion for summary judgment on non-infringement. *See* Audible Magic's Letter Brief ("Letter Brief") at 2 ("As detailed in Audible Magic's motion for summary judgment of non-infringement, Blue Spike has already judicially admitted that MFCCs are not the claimed abstract."). If Audible Magic were to prevail on its motion for summary judgment, the instant motion would be moot. Audible Magic should not be allowed a second bite at the apple. *See Droplets, Inc. v. Overstock.com, Inc., et al.*, Case No. 2:11-cv-401-JRG-RSP, Dkt. No. 365, at 3 (E.D. Tex. Jan 13, 2015) (denying motion to exclude expert testimony and declining to address issues raised in previous motion).

Second, allowing Audible Magic to file a *Daubert* motion on its "judicial admission" theory would only permit Audible Magic to burden Blue Spike and the Court with additional arguments insufficient to justify a *Daubert* motion on their own. Audible Magic should not be allowed to bootstrap other *Daubert* arguments based on a theory it has already briefed.

Third, Audible Magic's complaint only highlights how important Dr. Tewfik's expert report is—it assists the trier of fact in understanding the evidence and determining a fact in issue. *See O'Neil v. Isle of Capri Casinos, Inc.*, 2003 U.S. Dist. LEXIS 28143, at 9 (E.D. Tex. Aug. 14, 2003) (noting that an expert's opinion should "assist the trier of fact to understand the evidence or determine a fact in issue"). Audible Magic is confused by Mr. Moskowitz' deposition testimony, and Dr. Tewfik's report clarifies that confusion.[1] It is

---

[1] Mr. Moskowitz' descriptions of the term "abstract" better describe the invention as a whole. In his deposition testimony, Mr. Moskowitz repeatedly ascribes traits to an "abstract" that are more appropriately attributed to


119 W. Ferguson St., Tyler, Texas 75702 ♦ 888.908.4400 ♦ www.ghiplaw.com




precisely because of this confusion that Dr. Tewfik's report must be presented to a fact finder.

For these reasons, Blue Spike respectfully asks the Court to deny Audible Magic's request to file a *Daubert* motion based on its "judicial admission" theory. However, if the Court decides to allow Audible Magic to file a *Daubert* motion, Blue Spike requests that the motion be limited to the "judicial admission" theory to mitigate prejudice to Blue Spike.

## II. Audible Magic should not be permitted to file a *Daubert* motion on its "combination of evidence" theory because Audible Magic attacks Dr. Tewfik's conclusion and not his methodology.

Audible Magic's second theory regarding the combination of evidence is not a proper basis to file a *Daubert* motion because Audible Magic's argument attacks the validity of Dr. Tewfik's conclusions rather than the reliability of his methodology. *See O'Neil v. Isle of Capri Casinos, Inc.*, 2003 U.S. Dist. LEXIS 27823, at 8 (E.D. Tex. Oct. 6, 2003) (noting that the focus of a Daubert inquiry "must be solely on the principles and methodology, not on the conclusions that they generate"). Audible Magic takes issue with Dr. Tewfik's conclusion that the infringing aspect of the accused products is represented in a software library (MFCBR Library) common to all of the accused products. Audible Magic's disagreement should be explored on its cross-examination of Dr. Tewfik rather than a *Daubert* motion.

### A. Dr. Tewfik concludes that the Audible Magic's "core technology" Blue Spike's patents-in-suit.

Dr. Tewfik was "instructed that Blue Spike accuses" a number of products and that his "infringement analysis includes source materials for each of these products, because Audible Magic represents that *the core functionality is the same for all*. Expert Report of Dr. Ahmed Tewfik ("Tewfik Report"), at 10 (emphasis added). Dr. Tewfik states that "Audible Magic's common deployment architecture is based on 'core technology'" in what Audible Magic refers to as its "MFCBR Library" which has "evolved to form the basis for all Audible Magic's technology." Tewfik Report at 11 (emphasis added). Dr. Tewfik concludes that "Audible Magic's common architecture is the source of Blue Spike's patent allegations and is essential to each of

---

claims that add extra dimension to the "abstract." Although Blue Spike clarified this point in its letter brief opposition (Dkt. No. 1933), Audible Magic has declined to address it in its summary judgment letter brief, motion for summary judgment, and once again in the instant *Daubert* letter brief.


119 W. Ferguson St., Tyler, Texas 75702 ♦ 888.908.4400 ♦ www.ghiplaw.com




Audible Magic's accused products and services." Tewfik Report at 13 (emphasis added).

**B. Audible Magic attacks Dr. Tewfik's conclusion.**

Audible Magic admits "the core MFCC-based fingerprinting technology is common across all products." Letter Brief at 6. Yet Audible Magic takes issue with Dr. Tewfik's conclusion that the core technology infringes because, as Audible Magic believes, "the architectural elements, application level functionality and source code beyond the core fingerprinting library are different." *Id.* Audible Magic accuses Dr. Tewfik of "[g]athering together documents for completely different accused products . . ., and then combining those documents to describe a purported single accused product that does not actually exist in the real world. . . ." This characterization is incorrect. Dr. Tewfik did not describe a single accused product; he described the MFCBR library code that is common to all of the accused products. *See Allure Energy, Inc. v. Nest Labs, Inc., et al.*, Case No.9:13-cv-102, Dkt. No. 214, (E.D. Tex. April 18, 2015) (denying motion to exclude expert witness who did not address each product individually but rather noted that the products "all use the INNCOM energy management system" and "all behave in the same way" with regard to certain claims).

**C. Attacks on conclusions are not proper for Daubert motions.**

Audible Magic should not be allowed to attack Dr. Tewfik's conclusion in a *Daubert* motion. *See TQP Development, LLC v. 1-800-Flowers.com*, Case No. 2:11-cv-248-JRG-RSP, Dkt. No. 382, Judge Payne, at 5 (denying motion to *Daubert* motion because "[d]istilled to their essence, Defendants' disagreements are with Dr. Becker's conclusions, not his methodology").

**III. Audible Magic should not be permitted to file a *Daubert* motion on its "joint infringement" theory because it takes issue with a legal theory and factual sufficiency.**

Audible Magic's third theory in support of its request to file a *Daubert* motion is that "[t]he Tewfik report misapplies the law regarding purported 'joint' infringement." Letter Brief at 4. Audible Magic's "joint infringement" issue is not proper for a *Daubert* motion for a number of standalone reasons.

First, it is improper for Audible Magic to disguise an attack on a legal theory in a *Daubert* motion. *See D.O. Creasman Elecs., Inc. v. United States*, 2011 U.S. Dist. LEXIS 39251, *5 (W.D.N.C. 2011) ("While couched in terms of excluding an expert witness, the main thrust of Government's motion is to


119 W. Ferguson St., Tyler, Texas 75702 ♦ 888.908.4400 ♦ www.ghiplaw.com




preclude Creasman from pursuing a particular legal theory in its case. This type of argument is improperly raised in the context of a *Daubert* motion.").

Second, Audible Magic once again disagrees with Dr. Tewfik's conclusion, not his methodology. Audible Magic admits that joint direct infringement is a valid legal theory. And Dr. Tewfik concludes that "as one of ordinary skill in the art with thirty years of experience in signal processing, that it is Audible Magic's software that provides the 'direction and control' necessary for its entire system.'" Tewfik Report at 43. Audible Magic's disagreement with Dr. Tewfik's conclusion is not a proper reason for a *Daubert* motion.

Third, Audible Magic's complaint is that Dr. Tewfik has not presented sufficient evidence to prevail on a joint infringement theory. This attack is not a proper basis for a *Daubert* motion. *See Droplets, Inc. v. Overstock.com, Inc., et al.*, Case No. 2:11-cv-401-JRG-RSP, Dkt. No. 365, at 4 (E.D. Tex. Jan. 13, 2015) (denying motion to exclude expert testimony because moving party's concerns "appear to be ones of factual sufficiency and not of methodological error). For instance, in *Endo Pharmaceuticals Inc.*, the moving party argued that an expert's opinion "does not contain sufficient opinions to support" a legal theory. *Endo Pharmaceuticals Inc. v. Watson Laboratories, Inc.*, Case No. 2:13-CV-192-JRG, Dkt. No 116 (E.D. Tex. Feb. 20, 2015) (denying *Daubert* motion). The Court reasoned that although the moving party's brief was "postured as a motion to exclude under *Daubert,"* the moving party was not really "challenging the reliability of the specific opinions," but rather "seeking judgment on the overall evidentiary sufficiency" of the claim. *Id.* at 1. The Court denied the motion, finding that the moving party's "request for judgment in the context of its motion to exclude was improper." *Id.*

Additionally, it is improper for Audible Magic to seek the wholesale exclusion of Dr. Tewfik's report based on a perceived factual deficiency regarding joint infringement. *See Droplets, Inc. v. Overstock.com, Inc., et al.*, Case No. 2:11-cv-401-JRG-RSP, Dkt. No. 348, at 4 (E.D. Tex. Jan. 9, 2015) ("Because Defendants have failed to demonstrate that any perceived factual deficiencies of Dr. Martin's report and analysis merit the wholesale striking of his report, Defendants' request is denied on this ground as well.")

## IV. Conclusion

Audible Magic's letter brief request to file a *Daubert* motion to exclude Dr. Tewfik's expert report should be denied because Audible Magic fails to provide a proper basis for the motion.



Yours very truly,

Randall T. Garteiser
Counsel for Blue Spike, LLC


119 W. Ferguson St., Tyler, Texas 75702 ♦ 888.908.4400 ♦ www.ghiplaw.com