# EXHIBIT 1

**Jacob, Johanna**

| | |
|---|---|
| **From:** | Jacob, Johanna |
| **Sent:** | Friday, June 12, 2015 2:59 PM |
| **To:** | Jacob, Johanna |
| **Subject:** | Fwd: Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3) |

Sent from my iPhone

Begin forwarded message:

> **From:** "Caridis, Alyssa" <acaridis@orrick.com>
> **Date:** October 14, 2014 at 4:39:01 PM PDT
> **To:** Peter Brasher <pbrasher@ghiplaw.com>
> **Cc:** Randall Garteiser <rgarteiser@ghiplaw.com>, Walter Lackey <wlackey@findlaycraft.com>, "bluespike@ghiplaw.com" <bluespike@ghiplaw.com>, Christopher Honea <chonea@ghiplaw.com>, Eric Findlay <efindlay@findlaycraft.com>, "Ramsey, Gabriel M." <gramsey@orrick.com>, "Higgins, Christopher J." <chiggins@orrick.com>
> **Subject: RE: Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3)**
>
> Peter –
>
> Thanks for finally getting back to me.
>
> ==Just to be clear, regardless of how Blue Spike counts its pages or attempts to reformat its Exhibit A, Blue Spike has used at least 60 pages to respond to Audible Magic's summary judgment motions. The local rules limit a party to 60 pages, collectively, when responding to such motions. This means that if Audible Magic were to file a summary judgment motion tomorrow (it still has pages left to do so), Blue Spike would have no opportunity to file an opposition brief because it has already used its 60 pages (and now is refusing to agree to extend those page limits). So by refusing to agree to a *mutual* page extension, Blue Spike is essentially waiving any opposition to any of Audible Magic's future summary judgment motions.==
>
> I just want to make sure that we're clear on your position.
>
> Alyssa
>
> ---
>
> **From:** Peter Brasher [mailto:pbrasher@ghiplaw.com]
> **Sent:** Tuesday, October 14, 2014 11:52 AM
> **To:** Caridis, Alyssa
> **Cc:** Randall Garteiser; Walter Lackey; bluespike@ghiplaw.com; Christopher Honea; Eric Findlay; Ramsey, Gabriel M.; Higgins, Christopher J.
> **Subject:** Re: Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3)

1

Alyssa,

My apologies for not returning your call sooner; I was out of the office the end of last week.

==Blue Spike, LLC will not agree to extend page limits on the case dispositive motions. To the extent Blue Spike's Exhibit A exceeds the page limits as a result of its formatting and inclusion of Audible Magic's "undisputed facts", Blue Spike will re-file a shorter version of those disputed facts in a format which complies with the local rules and the court's order.==

To the extent lead and local counsel may need to meet and confer on these issue, please provide a few days and times when Audible Magic is available.

Best,



**Peter Brasher** / Attorney
888.908.4400 x104 / **pbrasher@ghiplaw.com**
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On Oct 8, 2014, at 8:31 AM, Peter Brasher <pbrasher@ghiplaw.com> wrote:

Alyssa,

The count you propose is not correct. First, Dkt. 1730 counts for only at most 27 pages not 30. To the extent the cover page and format orientation of Exhibit A made Dkt. 1730-1 15 pages, attached is a version that Blue Spike will file with the Court tomorrow, should Audible Magic insist on moving forward with motion practice.

Blue Spike can meet and confer today at 4 pm Central.

Best,



**Peter Brasher** / Attorney
888.908.4400 x104 / **pbrasher@ghiplaw.com**
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



<Exhibit A - Statement of Disputed Facts.pdf>

On Oct 7, 2014, at 4:41 PM, Caridis, Alyssa <acaridis@orrick.com> wrote:

Randall,

Local Rule CV-7(a)(1) states that "Case dispositive motions shall not exceed thirty pages, excluding attachments, unless leave of court is first obtained.  Likewise, a party opposing a case dispositive motion shall limit the response to the motion to thirty pages, excluding attachments, unless leave of court is first obtained."  Local Rule CV-7(a)(3)(B) states that "a party's responses to summary judgment motions shall not exceed sixty pages collectively, excluding attachments."  Local Rule CV-56(a) explains what an "attachment " to a case dispositive motion is.  A Statement of Undisputed Material Facts is not an "attachment" under the local rules, and therefore counts towards a party's page limits.

Thus far, Blue Spike has filed two opposition briefs:
- Dkt. 1730 [Opposition to License Motion] – 39 pages (brief + statement of disputed material facts)
- Dkt. 1785 [Opposition to Indefiniteness Motion] – 28+ pages (It is unclear whether this brief is double spaced, as required by Local Rule CV-10(a)(5))

Thus, one (if not both) of Blue Spike's opposition briefs is over the 30 page limit, in violation of CV-7(a)(1).  In addition, Blue Spike has used at least 67 pages for its opposition briefs, in violation of CV-7(a)(3)(B).

(By contrast, Audible Magic's two briefs were 20 pages (Dkt. 1678) and 27 pages (Dkt. 1752), totaling 47 pages).

So the issue is simple: either Audible Magic is going to notify the Court that Blue Spike has violated the rules, as set forth above, and seek relief, or (in an attempt to avoid Court involvement) the parties can mutually agree to modify the page limits for this case.

Specifically, Audible Magic proposes increasing the limit of CV-7(a)(3)(A)&(B) [total number of pages for motions and oppositions] from 60 to 80.  And Audible Magic proposes increasing the limit of CV-7(a)(3)(C)&(D) [total number of pages for replies and sur-replies] from 20 to 25.  To be clear, Audible Magic is not suggesting that the parties alter the limits for any particular motion, as required by CV-7(a)(1).

Please let us know, by close of business tomorrow, whether you will agree with Audible Magic's proposal (we will, of course, circulate a draft of the document for approval before filing).  If Blue Spike is not going to agree with Audible Magic's proposal, please provide your availability for a meet and confer tomorrow.

Regards,

Alyssa

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Monday, October 06, 2014 7:30 PM
**To:** Caridis, Alyssa
**Cc:** Caridis, Alyssa; Walter Lackey; bluespike@ghiplaw.com; Christopher Honea; Eric Findlay; Ramsey, Gabriel M.; Higgins, Christopher J.
**Subject:** Re: Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3)

Actually, I'm pretty sure we communicated with local counsel for Audible Magic, please send us a copy of the motion you plan to file and we will let you know if its opposed or unopposed.

Regardless, Blue spike will reduce the page numbers to whatever exhibit you identify is over the limit. Separately, Blue Spike's position is that Audible Magic will not agree that the current limitation of 60 pages applies to it for the the licensing and indefinite MSJs, so Blue spike doesn't even understand the requested relief much less stipulation so please advise.

Be well,
Randall


On Oct 6, 2014, at 7:35 PM, "Caridis, Alyssa" <acaridis@orrick.com> wrote:

> Counsel,
>
> We still have not heard back from you regarding summary judgment page limits. Your continued silence is unacceptable. Unless we hear from you tomorrow, we will move forward with an opposed motion, noting your refusal to engage in the meet-and-confer process.
>
> Alyssa
>
> **From:** Caridis, Alyssa
> **Sent:** Wednesday, October 01, 2014 2:14 PM
> **To:** 'Walter Lackey'; 'Randall Garteiser'
> **Cc:** bluespike@ghiplaw.com; Christopher Honea; Eric Findlay; Ramsey, Gabriel M.; Higgins, Christopher J.
> **Subject:** RE: Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3)
>
> Randall,
>
> We have not heard back from you on the issue of summary judgment page limits. As explained previously, it is our position that, Blue Spike is in violation of the Scheduling Order's page limits on summary judgment briefing. We attempted to avoid involving the Court in this matter by proposing that Blue Spike and Audible Magic agree to increase their summary judgment page limits. But, to date, you have either ignored our requests to discuss this matter or indicated that Blue Spike may not agree to any increase.

4

Accordingly, please provide your availability between now and Monday, October 6, for a meet-and-confer on Audible Magic's proposed motion to strike Blue Spike's extra pages and/or increase the page limits for the parties.

Alyssa

**From:** Walter Lackey [mailto:wlackey@findlaycraft.com]
**Sent:** Tuesday, September 23, 2014 7:21 AM
**To:** 'Randall Garteiser'
**Cc:** bluespike@ghiplaw.com; Christopher Honea; Eric Findlay; Ramsey, Gabriel M.; Caridis, Alyssa; Higgins, Christopher J.
**Subject:** RE: Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3)

Randall,

Thanks for getting back with me. Audible Magic's proposal to increase the collective limits of Local Rule CV-7(a)(3) would apply to the current and any future summary judgment briefing as between Blue Spike and Audible Magic/its customers. Audible Magic is not proposing that the parties agree to limit this Local Rule to certain types of summary judgment briefing, only that we agree to adjust the collective page limits to give both sides some additional room. Also, Audible Magic is not proposing to increase the brief-specific limits of Local Rule CV-7(a)(1), *i.e.*, ten page limit on replies and sur-replies to dispositive motions.

Audible Magic does not agree to Blue Spike's suggestion that Audible Magic waive any possible future MSJ briefing. And Audible Magic is still under the current collective limit for its motions for summary judgment. It is Audible Magic's intent to either apprise the Court of Blue Spike going over the local limit of 30 pages in its response brief and/or file an opposed motion for this adjustment of the local rule due to the specific circumstances of this case. However, based on Blue Spike's suggestion to work this out and not bother the Court with further motion practice, the current offer was extended.

Hopefully this clarifies what Audible Magic is proposing. Let me know your thoughts.

Best regards,

Walter

<image001.jpg>

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Wednesday, September 17, 2014 10:54 AM
**To:** Walter Lackey
**Cc:** bluespike@ghiplaw.com; Christopher Honea; Eric Findlay
**Subject:** Re: Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3)
**Importance:** High

1. Please keep in mind Blue Spike could have made its Exhibit A - the disputed facts section many pages shorter had it known Audible Magic was going to be attempting to count those pages towards the total number of pages, and Blue Spike reserves its rights to still do so.

2. What are the current deadlines this stipulation would apply to?  I am not sure what Blue Spike is being asked to agree to.
Here are the four filings I want to confirm Audible Magic is attempting to address:
CURRENT PAGE LIMITS
10 pages- Audible Magic's Reply in Support of its motion for partial summary judgment on its licensing defense
10 pages -Audible Magic's Reply in Support of its motion for summary judgment on indefiniteness.
10 pages - Blue Spike's Sur-Reply to Audible Magic's Reply in Support of its motion for partial summary judgment on its licensing defense.
10 pages - Blue Spike's Sur-Reply to Audible Magic's MSJ on indefiniteness.

3. Is Audible Magic agreeing that if Blue Spike agrees to this proposal that Audible Magic will not later file an MSJ on non-infringement because it utilized all of its MSJ page allotment (60 now going to 80 under your proposal / 20 to 25 for Replies/Sur-replies) on its (1) indefiniteness MSJ and (2) its partial MSJ on its licensing defense?



**Randall Garteiser** / Partner

888.908.4400 x104 / rgarteiser@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On Sep 17, 2014, at 9:38 AM, Walter Lackey <wlackey@findlaycraft.com> wrote:


Randall,

Let me know where Blue Spike stands on this issue.  Audible Magic is wanting to get something on file today.  I am still hopeful we can resolve this without motion practice and am attaching a motion and proposed order for your review.

Best regards,

Walter

**From:** Walter Lackey
**Sent:** Monday, September 15, 2014 11:53 AM
**To:** 'Randall Garteiser'
**Cc:** bluespike@ghiplaw.com; Christopher Honea; Eric Findlay
**Subject:** RE: Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3)
**Importance:** High

Good morning Randall,

Per our phone conversation on Friday, Audible Magic proposes that the parties file a joint motion requesting that the summary judgment motion limits of Local Rule CV-7(a)(3) [which are the following totals: 60 pages for briefs and responses and 20 pages for replies and sur-replies] be increased to 80 pages for briefs and responses, and 25 pages for replies and sur-replies. This agreement would only be as to Blue Spike and Audible Magic/its customers. And to clarify, Audible Magic is counting the indefiniteness briefing in its totals.

Please advise, and I will forward a draft motion for your approval. I certainly agree with your email below in that we should avoid unnecessary motion practice over this.

Best regards,

Walter

<image001.jpg>

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Thursday, September 11, 2014 11:19 AM
**To:** Higgins, Christopher J.; Walter Lackey; Eric Findlay
**Cc:** bluespike@ghiplaw.com; AudibleMagic-BlueSpike
**Subject:** Re: Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3)

Dear Counsel:

We disagree with your assertion that Blue Spike has exceeded the page limit, but is there another way to approach this perceived dilemma without motion practice? We had a joint call with the Clerk with Audible Magic's local counsel on the page limit issue for claim construction briefing, and it seemed best for the parties to try to work together on issues such as page limits. Is Audible Magic in need of additional pages for its reply, or additional time? We just want to work with Audible Magic to avoid unnecessary motion practice, especially over page limits -- an issue not pertaining to the merits.

We look forward to working with Audible Magic to avoid more unnecessary motion practice over page limits.

Be well,

&lt;image002.png&gt; **Randall Garteiser** / Partner
888.908.4400 x104 / rgarteiser@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.

&lt;image003.png&gt;&lt;image004.png&gt;&lt;image005.png&gt;

On Sep 11, 2014, at 10:40 AM, Higgins, Christopher J. <chiggins@orrick.com> wrote:

Randall,
Local Rule CV-7 limits responses to motions for summary judgment to thirty pages.  Blue Spike's Response Brief totals more than 40 pages when its Response to Audible Magic's Statement of Material Facts (Exhibit A) is properly included per CV-56(b).  Accordingly, Blue Spike's Response violates the Local Rules, and Audible Magic intends to bring this to the Court's attention.  Per Paragraph 10 of the Scheduling and Discovery Order, "The Court disregards any pages exceeding these limits."  If Blue Spike argues that Exhibit A should be considered by the Court then it has only 19 pages left in its cumulative allocation of 60 pages for summary judgment response briefs.  We are available to discuss this issue with Blue Spike this Friday at 1:00 CST.

-Chris

---

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Wednesday, September 03, 2014 1:35 AM
**To:** AudibleMagic-BlueSpike
**Cc:** bluespike@ghiplaw.com
**Subject:** Documents filed under seal by Blue Spike - Proposed Order, Opposition, and Exhibits A, B, C, D, E, F to Blue Spike's Opposition (Email No. 3 of 3)

&lt;image002.png&gt; **Randall Garteiser** / Partner
888.908.4400 x104 / rgarteiser@ghiplaw.com
218 N College Ave, Tyler, TX 75702
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may

be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.

<image003.png><image004.png><image005.png>

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

<FINDLAYDM-#16989-v3-Blue_Spike_v__Audible_Magic__et_al_-_Motion_to_Exceed_MSJ_Page_Limits.DOCX><FINDLAYDM-#16990-v2-Blue_Spike_v__Audible_Magic__et_al_-_ORDER_Granting_Motion_to_Exceed_MSJ_Page_Limits.DOC>

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If

you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us

immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*