# EXHIBIT 3

## Jacob, Johanna

| | |
|---|---|
| **From:** | Randall Garteiser <rgarteiser@ghiplaw.com> |
| **Sent:** | Friday, April 24, 2015 11:01 AM |
| **To:** | Caridis, Alyssa |
| **Cc:** | <bluespike@ghiplaw.com>; AudibleMagic-BlueSpike; Walter Lackey; Eric Findlay |
| **Subject:** | Re: Blue Spike v Audible Magic -- MSJ Page Limits |

==As indicated in a separate email chain you've initiated, Blue Spike will not agree to provide Audible Magic more 60 pages.==

==Blue Spike will count pages and most likely challenging Audible Magic's count at the appropriate time, which is not now when Blue Spike is working on its rebuttal report.==

On Apr 20, 2015, at 1:00 PM, "Caridis, Alyssa" <acaridis@orrick.com> wrote:

Mr. Garteiser,

As you are aware, the Court granted Audible Magic's request to file a summary judgment motion for noninfringement last week.  As you also know, the Eastern District of Texas imposes total page limits on all briefs relating to summary judgment motions.  Specifically, Rule 7(a)(3) sets the following limits:

| Brief | Total Pages |
|---|---|
| Opening MSJ | 60 |
| Opposition to MSJ | 60 |
| Reply to MSJ | 20 |
| Sur-Reply to MSJ | 20 |

A large portion of the above-allotted page limits were already used last year in connection with Audible Magic's motions regarding indefiniteness and its license defense.  Specifically, Audible Magic's opening brief on its License MSJ totaled 20 pages (Dkt. 1678) and its opening brief on the Indefiniteness motion totaled 27 pages (Dkt. 1752).  This brings Audible Magic to a total of 47 (out of 60) pages for opening MSJ briefs.

On the same token, Blue Spike used at least 30 pages to oppose the license motion (Dkt. 1730) and used at least 28 pages to oppose the indefiniteness motion (Dkt. 1785).  With respect to Dkt. 1730, the local rules make clear that statements of disputed facts count towards the parties' page limits.  Giving Blue Spike the benefit of the doubt that it could reformat its statement down to 6 pages (from the original 14), Blue Spike used at least 30 pages for Dkt. 1730 (the brief itself was 24 pages).   It also appears that Dkt. 1785 is not properly double spaced.  But giving Blue Spike the benefit of the doubt that it is, Blue Spike has used at least 58 out of its 60 pages for oppositions to MSJs.

Thus, the parties have two options:  either Audible Magic can eventually file its MSJ brief using only 13 pages and Blue Spike would then have 2 pages to oppose, or the parties can stipulate to increase the page limits articulated in Rule 7(a)(3).  Specifically, Audible Magic would propose the following adjustment:

| Brief | New Total |
|---|---|

|  | **Pages** |
|---|---|
| Opening MSJ | 75 |
| Opposition to MSJ | 75 |
| Reply to MSJ | 30 |
| Sur-Reply to MSJ | 30 |

I raised this issue with Mr. Brasher last fall (see attached) but never received a response. Please let us know which option Blue Spike would like to pursue. If Blue Spike choses to remain silent on this issue, we will assume that means that it is fine with the current limits and will file a 2 page opposition, consistent with the local rules.

Alyssa

<image001.gif><image002.gif>**ALYSSA CARIDIS**
*Intellectual Property*
Senior Associate

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017

tel (213) 612-2372
fax 1-213-612-2499
acaridis@orrick.com

www.orrick.com

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

<mime-attachment>