# EXHIBIT 4

**Jacob, Johanna**

---

| | |
|---|---|
| **From:** | Randall Garteiser <rgarteiser@ghiplaw.com> |
| **Sent:** | Friday, June 12, 2015 12:27 PM |
| **To:** | Caridis, Alyssa |
| **Cc:** | Francis McGovern; Kirk Anderson; Ramsey, Gabriel M.; Higgins, Christopher J.; AudibleMagic-BlueSpike; Eric Findlay; Walter Lackey; Christopher Honea; <bluespike@ghiplaw.com> |
| **Subject:** | Re: Blue Spike's opposition to Audible Magic's MSJ of noninfringement. |

We respectfully disagree, and will be available when the Special Master is able to get on the call.  We never confirmed for 2 pm.  It's Audible Magic unilaterally firing off motions that wastes judicial resources.  It started at the beginning of this litigation with its motion to strike Blue Spike infringement contentions.  It has continued since then for two years.

Under the local rules the Court is simply supposed to stop reading assuming your math is correct (but it is not on its face given Blue Spike has had to respond to many MSJs) and it is not appropriate to file a motion to strike.  Furthermore, it is highly prejudicial to Blue Spike for Audible Magic to attempt to win a dispositive MSJ based on some sort of procedural technicality.

Also, I want to communicate with lead counsel, as it seems your only job on this case is to email me, lead counsel on several cases, multiple times a day.  If lead counsel for Audible Magic wants to waste his time wasting my after our last talk with the Special Master about limiting emails exchanged, then so be it.  But these constant emails from an associate, who is not lead counsel, to a partner are not appropriate, and you can direct your disputes to Molly or Kirk for Blue Spike.



**Randall Garteiser**  / Partner

888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson St, Tyler, TX 75702-7203
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On Jun 12, 2015, at 2:02 PM, Caridis, Alyssa <acaridis@orrick.com> wrote:

> Randall,
>
> As previously stated we do not believe that Special Master McGovern is necessary for this dispute.  You previously indicated that you were available this afternoon. We are on the conference bridge now, waiting for you, so that we may conduct this meet-and-confer.
>
> Alyssa

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Friday, June 12, 2015 11:56 AM
**To:** Caridis, Alyssa; Francis McGovern
**Cc:** Kirk Anderson; Ramsey, Gabriel M.; Higgins, Christopher J.; AudibleMagic-BlueSpike; Eric Findlay; Walter Lackey; Christopher Honea; <bluespike@ghiplaw.com>
**Subject:** Re: Blue Spike's opposition to Audible Magic's MSJ of noninfringement.

Special Master McGovern:

The parties have a dispute.  Audible Magic wants to file an emergency motion related to the number of pages in our opposition.  We are currently dealing with 4 pending motions from Audible Magic and would like to attempt to resolve this dispute with your help.

Are you available this afternoon?



**Randall Garteiser** / Partner
888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson St, Tyler, TX 75702-7203
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On Jun 12, 2015, at 12:31 PM, Caridis, Alyssa <acaridis@orrick.com> wrote:

> Randall,
>
> That position is disingenuous, not supported, and not timely raised.  The invalidity MSJ (Dkt. 1752) is styled "Defendants' Motion…".  The statement of undisputed facts notes that "certain Defendants [are] moving for summary judgment."  Dkt. 1752 at 2.  Footnote 1 of the motion indicates all parties who are moving for summary judgment.  The *lead signatory* to motion was Audible Magic.  Yet despite this, you are claiming that it was only Shazaam's motion?  Is it really your position that page limits should be applied only against the attorney whose ECF log-in is used to file the paper?  And even if that was a credible position (it is not), why didn't you raise that with Audible Magic in April when we were having a discussion about page limits? Instead, you tried to insult Audible Magic, claimed you did not agree with Audible Magic's "math", and refused to substantively discuss the issue.  Thus, Audible Magic was forced to limit its opening brief to 13 pages, even though it now appears that, all the while, Blue Spike was planning on ignoring the limits set by the Court.
>
> It is our understanding that a request to strike a pleading is not within the Special Master's purview.  For instance, Blue Spike did not reach out to the Special Master before filing its motion to strike the report of Dr. Quackenbush.  Audible Magic will

be filing an emergency motion with the Court today.  Thank-you for confirming your availability this afternoon.  We will be prepared to discuss this issue on a meet-and-confer at 2:00 p.m. Central.   Please use the following dial-in:  866-244-1129; passcode: 6671657#.

Alyssa

---

**From:** Randall Garteiser [mailto:rgarteiser@ghiplaw.com]
**Sent:** Friday, June 12, 2015 9:47 AM
**To:** Caridis, Alyssa
**Cc:** Kirk Anderson; Ramsey, Gabriel M.; Higgins, Christopher J.; AudibleMagic-BlueSpike; Eric Findlay; Walter Lackey; Christopher Honea; <bluespike@ghiplaw.com>
**Subject:** Re: Blue Spike's opposition to Audible Magic's MSJ of noninfringement.

The invalidity MSJ was filed by Shazam, not Audible Magic.  Multiple Defendants joined it, including Audible Magic according to the signature block.

Below it appears Audible Magic is attempting to circumvent the Special Master and file another motion when it currently has 3 letter briefs pending and an MSJ.

Please let us know a time the Special Master is available this afternoon and we will be on the call.



**Randall Garteiser** / Partner

888.908.4400 x100 / rgarteiser@ghiplaw.com
119 W Ferguson St, Tyler, TX 75702-7203
44 N San Pedro, San Rafael, CA 94903
http://www.ghiplaw.com

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections, and is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.



On Jun 12, 2015, at 12:40 AM, Caridis, Alyssa <acaridis@orrick.com> wrote:

> Counsel –
>
> The Scheduling Order in this case states: "if more than one summary judgment motion is filed, the parties are reminded of the limitations set forth in Local Rule CV-7(a)(3) (e.g., no more than 60 pages total for all summary judgment motions filed).  **The Court will disregard any pages exceeding these limits**."  Dkt. 1332 at 14 (emphasis added).  As a reminder, Local Rule CV-7(a)(3)(B) limits a party responding to summary judgment to 60 pages collectively.

Prior to filing its motion for summary judgment of no infringement, Audible Magic had used 47 of its 60 pages of summary judgment briefing. And Blue Spike had used at least 58 out of its 60 pages. In order to try to alleviate any page limit congestion, Audible Magic approached Blue Spike and tried to enter a stipulation to give both parties additional pages. Instead of engaging in a meaningful conversation, Blue Spike called Audible Magic a "notorious serial infringer" and claimed that it "disagreed" with Audible Magic's math. *See* attached e-mail chain.

Given Blue Spike's refusal to stipulate to additional pages, Audible Magic limited its summary judgment motion to 13 pages; thus, Audible Magic has now used all 60 pages of briefing allowed under CV-7(a)(3)(A). To be clear, as explained 6 weeks ago, Audible Magic specifically limited its briefing with the understanding that **both** parties would abide by the local rules and the scheduling order. Now, Blue Spike has filed a 22 page summary judgment opposition – bringing its total page count to at least 80. This is at least twenty pages over the limit. Not only does Blue Spike's filing violate the local rules and the scheduling order in this case, but Blue Spike's refusal to have a meaningful discussion about page limits *before* Audible Magic filed its motion has prejudiced Audible Magic by forcing it to file its opening brief within the allocated page limits.

Audible Magic intends to file a motion to strike Blue Spike's opposition and enforce the scheduling order. Please provide a time tomorrow, **June 12**, when you are available for a meet-and-confer.

Alyssa

---

**From:** Kirk Anderson [mailto:kanderson@ghiplaw.com]
**Sent:** Thursday, June 11, 2015 9:49 PM
**To:** Ramsey, Gabriel M.; Caridis, Alyssa; Higgins, Christopher J.; AudibleMagic-BlueSpike; Eric Findlay; Walter Lackey
**Cc:** Randall Garteiser; Christopher Honea; <bluespike@ghiplaw.com>
**Subject:** Blue Spike's opposition to Audible Magic's MSJ of noninfringement.

Counsel:

Please find attached Blue Spike, LLC's opposition to Audible Magic's motion for summary judgment of noninfringement filed under seal.

<image001.png>

This e-mail message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections. It is intended solely for use by the intended recipient. Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately. We also advise that any federal tax advice provided in this

communication is not intended or written to be used, and cannot be used by the recipient or any other taxpayer for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or in promoting, marketing or recommending to another party any transaction or matter addressed herein.

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privi you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please no immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperati

For more information about Orrick, please visit *http://www.orrick.com*

<mime-attachment>

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by la you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*