# EXHIBIT 1



ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759
WWW.ORRICK.COM

Gabriel M. Ramsey
(415) 773-5535
gramsey@orrick.com

The Honorable Robert W. Schroeder, III
U.S. District Court for the Eastern District of Texas
221 West Ferguson, Tyler, TX 75702

Re: *Texas Instruments, Inc. v. Blue Spike, LLC.* **(Case No. 6:12-cv-499)** – Audible Magic's Reply Letter Brief Requesting Leave to File *Daubert* Motion Regarding Dr. Tewfik

Dear Judge Schroeder,

  Audible Magic submits this reply letter brief in support of its request seeking permission to file a *Daubert* motion regarding Blue Spike's validity expert, Dr. Tewfik (Dkt. 1960). Because there is separate concurrent briefing regarding Blue Spike's judicial admissions, Audible Magic will not further address that issue here.

### I. Dr. Tewfik Does Not Individually Analyze Each Accused Product

  The MFCBR library code – which Audible Magic admits is common across all products – is only responsible for the creation and matching of fingerprints. But the claims of the Asserted Patents require much more than just the creation and matching of fingerprints. In order to present a reliable opinion of infringement, Dr. Tewfik must also establish that *each* of the Accused Products perform those *additional* claim elements.

  Although the accused products share MFCBR library code, they are materially different in certain respects, including (but not limited to): where and how fingerprints are submitted, where and how fingerprints are stored in databases, which databases are used and how they are structured, the location and nature of inputs that receive known or unknown signals, the nature of structures that carry out the alleged monitoring, the source and nature of the known or unknown signals themselves, the location and nature of the claimed processors that create fingerprints, and application level code that implements higher-level functionalities beyond the fingerprinting matching itself. These differences are implicated by various elements of the asserted claims.

  Audible Magic does not take issue with Dr. Tewfik analyzing the MFCBR library in an attempt to show the creation and matching of fingerprints across all products. But in order to provide a reliable opinion on the *rest* of the claim elements of the asserted patents, Dr. Tewfik must have separately analyzed each product.[1] Instead of doing so, Dr. Tewfik mixes and matches evidence from different products. In using this flawed methodology, he failed to ultimately consider whether each accused product met every limitation of each asserted claim.

---

[1] Blue Spike mischaracterized Audible Magic's request as attacking the conclusions of Dr. Tewfik's report. *See* Dkt. 1971 at 4. This is not accurate. Audible Magic takes issue with Dr. Tewfik's failure to individually consider each Accused Product where it cannot be reasonably disputed that those products differ in material respects vis-à-vis the Blue Spike patents. In this way, Audible Magic challenges Dr. Tewfik's flawed *methodology*, not his results.

OHSUSA:762384162.1



Judge Schroeder
June 15, 2015
Page 2

His ultimate conclusion that all products infringe all claims – when he did not individually study all products – will not assist the trier of fact.

### II. Dr. Tewfik Uses The Wrong Legal Standard When Forming His Opinions About Joint Direct Infringement

In his expert report, Dr. Tewfik failed to use proper legal standards when opining on Blue Spike's theory of joint direct infringement. To be clear, Audible Magic is not challenging the legal theory of joint direct infringement – Audible Magic takes issue with Dr. Tewfik's methodology of not applying the proper law to the facts of this case. Dr. Tewfik is being proffered by Blue Spike to opine on whether Audible Magic infringes the asserted patents. If those opinions are rooted in incorrect statements and application of law, they cannot possibly assist the trier of fact. Fed. R. Evid. 702; *see, e.g.*, *Byrd v. City of Bossier*, 23 F. Supp. 3d 665, 676 (W.D. La. 2014) (finding expert opinion unreliable where he "applied the wrong legal standard"); *Gaschler v. Scott Cnty., Kan.*, 963 F. Supp. 971, 981 (D. Kan. 1997) (finding that expert opinion would not be helpful to the jury where expert based opinion on inapplicable standards); *In re Novatel Wireless Sec. Litig.*, 846 F. Supp. 2d 1104, 1108 (S.D. Cal. 2012) (excluding testimony of expert whose opinions were incompatible with legal standard).

In its opposition letter brief, Blue Spike does not even attempt to assert that Dr. Tewfik applied the correct law. Instead, Blue Spike tries to mischaracterize Audible Magic's request as a challenge of Dr. Tewfik's conclusions or lack of evidentiary support. Audible Magic's request is predicated on neither. The issue here is simple: Did Dr. Tewfik apply sound legal principles when presenting his opinion that Audible Magic is liable for joint direct infringement? If his ultimate conclusions are based on the wrong law, they cannot assist the trier of fact.

Finally, Blue Spike argues that striking the entire report of Dr. Tewfik is not appropriate. Dkt. 1971 at 5. But here, Dr. Tewfik's *only* articulated theory of infringement uses his flawed application of joint direct infringement. Accordingly, if those opinions are struck the practical result is that the entire report should be excluded.

For the foregoing reasons, and as further articulated in its opening letter brief, Audible Magic respectfully requests leave to file a *Daubert* motion on Dr. Tewfik's infringement analysis.

Sincerely,

Gabriel Ramsey

OHSUSA:762384162.1